UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 3**

This Order governs docketing and filing procedures in all actions that have been or will be filed in, removed to, or transferred to this Court as part of the *3M Combat Arms Earplug Products Liability Litigation*.

**I.   Master Docket**

The Clerk of this Court will maintain a master docket under the style *In re: 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19md2885/MCR/GRJ.  All pleadings and other documents filed in this MDL must bear the same caption as this Order.  When a document is intended to apply to all actions, this must be indicated by the words: "This Document Relates to All Cases." When a document is intended to apply to fewer than all of the cases, the style and docket number for each individual case to which the document relates must appear immediately after or below the words "This Document Relates to" in the captions. Documents that pertain to fewer than all cases must also be filed in *both* the master docket and the individual cases to which the document pertains.

Any attorney who files a Notice of Appearance in a related case will be added to the master docket as a Notice-Only party. Notice-Only parties will not be listed on the master docket, but their attorneys of record will have full access to the master docket, including the ability to file.

## II.   Individual Dockets

The Clerk will also maintain a separate docket for each related action that is filed in, removed to, or transferred to this MDL. Each such action will be assigned a new case number in this Court. Any attorney who files a Notice of Appearance in an individual case will be listed on the docket for that case.

## III.   Electronic Filing

All documents filed in this MDL must be filed electronically and in compliance with the Local Rules and the Court's CM/ECF Attorney User Guide, which is available at http://www.flnd.uscourts.gov/cmecf-attorney-users-guide. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application must be in writing, filed with the Clerk, and state the reason for the attorney's inability to comply. *Pro se* litigants who have not been authorized to file electronically will continue to file their pleadings with the Clerk in the traditional manner, on paper.

## IV. Attorney Admission

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel") provide that an attorney of record in any action transferred under 28 U.S.C. § 1407 may continue to represent his or her client in the transferee court. *See* JPML Rule 2.1(c). To give effect to this rule, there are two application tracks for attorneys who are not currently admitted to practice in this district to appear in the MDL. The first track must be followed by attorneys of record in any action transferred to this district by the Panel. The second track must be followed by attorneys in any related action that is filed in or removed to this district (*i.e.*, actions that do not require Panel action).

### A. Attorneys of Record in Transferred Cases

Attorneys of record in cases transferred to this MDL who are not already admitted to practice in the Northern District of Florida must be administratively admitted through a modified *pro hac vice* application. This application process requires an attorney to fulfill the following criteria:

1. Complete the online Attorney Admission Tutorial.[1]

2. Complete the CM/ECF Online Tutorials.[2]

---

[1] http://www.flnd.uscourts.gov/content/attorney-admission-tutorial.
[2] https://www.pacer.gov/ecfcbt/dc3/.

3. Possess an upgraded PACER account.[3]

Once these criteria are met, the attorney must apply for *pro hac vice* admission to the MDL. The instructions for doing so are available under the "Pro Hac Vice" link on the Court's NextGen Account Help page.[4] The application must reference this Order. Attorneys of record in transferred cases will not be required to pay a *pro hac vice* admission fee, file a motion to appear *pro hac vice*, or associate with local counsel.

**B.     Attorneys of Record in Cases Filed In or Removed To this District**

Attorneys who initiate cases independent of the Panel's transfer process must be admitted through the standard *pro hac vice* admission process, in accordance with the Attorney Admission Memo, available at http://www.flnd.uscourts.gov/attorney.[5] The *pro hac vice* application must reference this Order. An attorney's motion to appear *pro hac vice* must be filed <u>only</u> in the master docket. Filing a *pro hac vice* motion in an individual docket may result in duplicative fees. Association with local counsel is not required.

---

[3] Instructions for how to obtain or update a PACER account may be found at http://www.flnd.uscourts.gov/nextgen-account-help.

[4] http://www.flnd.uscourts.gov/nextgen-account-help.

[5] Attorneys must have a case pending in the MDL *before* filing a motion to appear *pro hac vice*.

Case No. 3:19md2885/MCR/GRJ

V.   **Notice of Appearance**

All attorneys seeking to appear in this MDL must file a Notice of Appearance in *both* the master docket and all individual cases in which the attorney is an attorney of record.

VI.  **Service**

Unless the parties agree otherwise, service must be made on each defendant in accordance with the Federal Rules of Civil Procedure

**DONE** and **ORDERED**, on this 9th day of April, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**