UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 1**

The initial case management conference in this matter was held on April 17, 2019. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.

**I.     Plaintiff Leadership**

On April 19, 2019, the Court entered an Order setting forth the schedule and procedure for appointing the plaintiff leadership structure for this litigation. *See* PTO No. 4, ECF No. 76. Pursuant to that Order, all leadership applications must be submitted to chambers at flnd_rodgers@flnd.uscourts.gov by close of business on **Friday, May 3, 2019**. After an initial review of the submissions, some number of attorneys will be invited to make an oral presentation regarding their qualifications, skills and experience on **May 20 and 21, 2019** in Pensacola. Thereafter, the Court will enter an order appointing the plaintiff leadership team for the MDL.

## II.   *Pro Hac Vice* Admission, 12

All motions to appear *pro hac vice* must identify the related case(s) in which the movant is attorney of record.  This requirement must be met in addition to the criteria outlined in Pretrial Order No. 3, ECF No. 4 at 4.[1]  The Court will grant traditional *pro hac vice* admission to all attorneys whose properly identified cases were filed in, removed to, or transferred to this MDL at the time their *pro hac vice* motions are filed.  In circumstances where an attorney seeks *pro hac vice* admission *before* his or her properly identified cases have been transferred to the MDL, the Court will grant temporary admission, contingent on those cases being consolidated in the MDL within **30 days**.  If the cases are timely consolidated, the temporary admission will automatically convert to traditional *pro hac vice* admission, without further order of the Court.  However, if no case in which the movant is attorney of record is timely filed in, removed to, or transferred to this MDL, then the attorney's temporary *pro hac vice* admission will be automatically revoked.  In that scenario, the attorney must reapply for *pro hac vice* admission after all of the criteria for admission are met.

---

[1] The parties are reminded that attorneys of record whose cases have already been transferred to this MDL by the Judicial Panel on Multidistrict Litigation are not required to pay a *pro hac vice* admission fee or file a formal motion to appear *pro hac vice*.  *See* Pretrial Order No. 3, ECF No. 4 at 3-4.  Also, attorneys must file a Notice of Appearance in all individual cases in which they are attorney of record.  *See id*. at 5.

Case No. 3:19md2885/MCR/GRJ

There are seven motions to appear *pro hac vice* currently pending in which the movants failed to identify any individual case, in which they are attorney of record, that was or will be filed in, removed to, or transferred to this MDL. *See* ECF Nos. 20, 27-29, 47, 54-55. Those motions are hereby **DENIED WITHOUT PREJUDICE** to refiling with the proper case-identifying information.[2] Three additional *pro hac vice* motions were inadvertently granted, although they too failed to identify any individual cases in which the movant is attorney of record, *see* ECF Nos. 8-10. Accordingly, the Orders granting those three *pro hac vice* admissions, ECF Nos. 11-13, are hereby **VACATED**. Counsel are directed to refile their motions to appear *pro hac vice* with the proper case-identifying information.

### III.   Pleadings & Motions

Once plaintiff leadership is established, the parties must meet and confer regarding, *inter alia*, master and short form pleadings, abbreviated service procedures, a proposed schedule for joinder of additional parties and amendment of pleadings, a briefing schedule for the refiling of remand motions, and a case management plan for the putative class litigation. The parties should be prepared to discuss these items at the Rule 16/case management conference discussed in Section IV(B) below.

---

[2] This ruling does not terminate the *pro hac vice* admission of the three attorneys whose cases were transferred to this district after their *pro hac vice* motions were filed. *See* ECF Nos. 49-52.

### A.    Direct Filing

Defendants must advise the Court of their position on the practice of direct filing by **Friday, April 26, 2019**. To the extent there is no objection, the parties are directed to meet and confer on a proposed direct filing order. The proposed order must be jointly submitted to the Court by **Friday, May 3, 2019**.

### B.    Multi-Plaintiff Actions

Several cases have been filed and/or transferred to the MDL as multi-plaintiff actions, including *Bennett, et al.* v. *3M, et al.*, Case No. 3:19cv598, which names eight plaintiffs. The Court is inclined to *sua sponte* find these cases improperly joined and order them severed where the "plaintiffs' claims arise from different factual predicates" in that each "used standard-issue Combat Arms™ earplugs at different times and places, and may have suffered different injuries."[3] *See Peek v. 3M Co.*, Case No. 0:19cv192, ECF No. 16 (D. Minn. Mar. 11, 2019). In the MDL context, joining such cases often leads to administrative complications and inefficiencies that can be avoided by adhering to the traditional rule that unrelated claimants must file individual complaints. *See, e.g., In re: Vioxx Prods. Liab. Litig.*, Case No. 2:05md1657, ECF No. 12181 (E.D. La. Sept. 5, 2007).

---

[3] This determination would not apply to multi-plaintiff complaints naming only a derivative plaintiff (*e.g.*, cases in which a spouse is asserting a loss of consortium claim or there is some other derivative claim based on the same alleged injury to the plaintiff who used the Combat Arms™ earplugs).

The Court deferred ruling on the permissibility of multi-plaintiff actions to allow Plaintiffs an opportunity to confer regarding their position on the issue.[4] Given the predicted magnitude of this litigation, however, the issue must be resolved without delay. Accordingly, Plaintiffs are directed to advise Defendants of their position on multi-plaintiff actions by **Friday, April 26, 2019**. If the parties agree that unrelated plaintiffs should be directed to file separate complaints, they should file a joint stipulation to that effect by **Monday, April 29, 2019**. If there is disagreement, then Defendants must file its omnibus motion to sever multi-plaintiff complaints on the master docket by **Monday, May 6, 2019**. Plaintiffs' response is due by **Wednesday, May 13, 2019**.

### C. Motion(s) to Certify Class

Pursuant to Local Rule 23.1, the Court hereby **TOLLS** the 90-day deadline for filing a motion to certify a class.

## IV. Discovery

All discovery is in this matter is currently stayed, pursuant to Pretrial Order No. 2, ECF No. 3 at 5.

---

[4] Plaintiffs' Interim Lead and Liaison Counsel, with Defendants' consent, advised the Court that Plaintiffs have no objection to severance in the *Bennett* case. However, because resolution of the multi-plaintiff complaint issue impacts the litigation as a whole, the Court declines to order severance of the *Bennett* cases in isolation. *See, e.g.*, *Anderson, et al. v. 3M Co., et al.*, Case No. 3:19cv864 (33 plaintiffs); *Andis, et al. v. 3M Co., et al.*, Case No. 3:19cv868 (19 plaintiffs); *Byron, et al. v. 3M Co., et al.*, Case No. 3:19cv872 (5 plaintiffs); *Aribuabo, et al. v. 3M Co., et al.*, Case No. 3:19cv893 (93 cases).

### A. *Touhy* Presentation[5]

Assistant United States Attorney Leah Butler's presentation on the procedures for obtaining documents and testimony from federal agencies and personnel is hereby scheduled for **Monday, May 20, 2019 at 9:00 a.m. (CST)** in Pensacola. Representatives from the leadership teams for both sides must attend the *Touhy* presentation; all other counsel are invited, but not required, to attend.[6]

### B. Rule 26(f) Conference

The parties must hold a multi-day Rule 26(f) conference by **Friday, June 7, 2019**. The parties' e-discovery vendors and client representatives (in particular, in-house IT personnel) must attend. The parties' Joint Rule 26(f) Report must be filed by **Friday, June 14, 2019**. On **Monday, June 17, 2019 at 9:00 a.m. (CST)**, the Court will conduct a Rule 16/case management conference in Pensacola, at which the parties should be prepared to meaningfully discuss their joint report and proposed discovery plan. Thereafter, a comprehensive scheduling order will be entered for this litigation.

At the Rule 26(f) conference, Defendants must provide certain basic information about their corporate structures to Plaintiffs, including the names and

---

[5] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[6] Following the *Touhy* presentation, the Court will hear oral presentations from some number of plaintiffs' attorneys regarding their leadership applications. Only plaintiffs' attorneys may attend the plaintiff leadership proceeding.

citizenship of each LLC's members. Defendants must also share appropriate information about their IT infrastructure, as well as the locations of potentially discoverable material and how best to collect and retrieve it. Other issues that must be discussed and, to the extent possible, agreed on, include: (1) an MDL preservation order;[7] (2) a centralized document depository; (3) an ESI Protocol;[8] (4) the number and nature of key custodians; (5) a Deposition Protocol; (6) a process for phased privilege review; (7) a preliminary plan for obtaining discovery from the armed services, individual servicemembers, and related federal agencies; (8) the production of documents and depositions from *Moldex I* and *II* and the *qui tam* action; and (9) a protocol for early vetting, including profile forms, fact sheets, and a formal process for addressing deficient submissions.

---

[7] The Court recognizes that the joint stipulated preservation order entered in *Sams v. 3M Co.*, Case No. 3:19cv324, ECF No. 16, appears to extend to materials relevant to the claims and defenses in all related actions transferred to this MDL. Nevertheless, during the Rule 26(f) conference, the parties should discuss any reasonably foreseeable preservation issues and consider whether the scope and parameters of the *Sams* preservation order adequately address the preservation needs of the litigation as a whole.

[8] In formulating the ESI Protocol, the parties must discuss and consider, at a minimum: the relevant sources of information that will be searched, the number and identities of custodians whose data will be preserved and collected, the methods that will be used to identify discoverable ESI (*e.g.*, sampling, key word searches, technology-assisted review), technical specifications as to the scope and form of production for each type of ESI (*e.g.*, format, metadata), and a Fed. R. Evid. 502(d) clawback provision. Given the anticipated magnitude of the litigation and the amount of ESI that will be produced, the parties must meaningfully explore the possibility of a joint technology-assisted review (TAR) protocol addressing the technology and methodology to be used, as well as the joint development and/or disclosure of seed sets.

C.     **Science & Technology Day**

The "Science & Technology Day" is hereby scheduled for **Tuesday**, **June 18, 2019 at 9:00 a.m. (CST)** in Pensacola.  The purpose of this proceeding is to educate the Court on the scientific and technological aspects of this litigation.  Importantly, this will be an informal, non-adversarial proceeding, in which the parties will present the relevant information to the Court in a neutral manner and without cross-examination or advocacy.  The presentations will be "off the record" and may not be used or admitted for any other purpose in the litigation.  A court reporter will transcribe the presentations for the Court's benefit only; no official transcript will be filed on the docket or otherwise made available to any party (including third-parties).  The parties are directed to meet and confer regarding proposed parameters for the presentations—including the timing, scope (*e.g.*, topics, level of detail), format, and presenters—and submit a joint proposed agenda for Science & Technology Day by **Friday, June 7, 2019**.

D.     **Discovery Conference Calls**

After formal discovery begins, the Court will hold biweekly conference calls in order to resolve any disputes that may arise.  The protocol for discovery conference calls will be set forth in a future order.

Case No. 3:19md2885/MCR/GRJ

## V. Administrative Matters

### A. Court Contacts

For the parties' convenience, contact information for the key court personnel involved in this MDL is provided below. This information is also available on the MDL website.

1. Kathy Rock
   Judicial Assistant
   (850) 435-8448
   flnd_rodgers@flnd.uscourts.gov

2. Tevenia Jacobs
   Law Clerk
   (850) 435-8448
   tevenia_jacobs@flnd.uscourts.gov

3. Susan Simms
   Courtroom Deputy
   (850) 470-8125
   susan_simms@flnd.uscourts.gov

4. Donna Bajzik
   Clerk's Office MDL Coordinator
   (850) 470-8188
   donna_bajzik@flnd.uscourts.gov

5. Donna Boland
   Court Reporter
   (850) 470-8189
   donna_boland@flnd.uscourts.gov

**B.     Website**

The public website for the United States District Court for the Northern District of Florida now includes a section devoted to this MDL, which may be accessed at http://www.flnd.uscourts.gov/mdl2885.

**SO ORDERED**, on this 23rd day of April, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**