## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |
| Relates to all actions | |

### MOTION TO ESTABLISH A SEPARATE CLASS ACTION TRACK AND A PROCEDURE FOR SELECTING INTERIM CLASS COUNSEL AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Sean Lynch, pursuant to the Federal Rules of Civil Procedure, hereby respectfully requests that this Court establish a separate track in this MDL for class action cases and a procedure by which it will select interim class counsel.  In support thereof, Plaintiff states as follows.

1.      The undersigned are counsel in *Lynch, et al. v. 3M Company,* Case. No. 3:19-cv-00709, transferred to MDL 2885 pursuant to Conditional Transfer Order No. 1 (Dkt. 31).   *Lynch* is the first-filed of seven putative class action lawsuits currently pending before this Court.  In recent pretrial orders, the Court has set forth a process by which plaintiffs' counsel are to apply for leadership positions in the MDL and has established a proposed leadership structure for those counsel. (Dkt. 3, 76, 86). However, these rders have only cursorily distinguished between class action lawsuits and individual personal injury lawsuits ("PI Cases")—*e.g.*, CMO No. 1

1

notes the need for a case management plan for the putative class litigation (Dkt. 86 at 3)—and, in their current form, the Orders do not properly serve the needs of the pending putative class actions.

2.     To ensure that class members' interests are properly pursued and fully protected, Plaintiff respectfully requests that the Court establish a separate class action track with a separate leadership structure. The JPML contemplated such a structure when it formed this MDL but left the determination the sound discretion of this Court.  *See* Transfer Order at fn 4 (Dkt. 1). Plaintiff submits that now is the appropriate time to make that decision.

3.     There are significant substantive and procedural distinctions between the class and PI Cases that will affect the management of this litigation. The PI Cases are brought on behalf of plaintiffs, primarily current or former servicemembers, who *have been diagnosed* with hearing loss and/or tinnitus as a result of using the dual-ended 3M Combat Arms Earplugs, version 2 ("Earplugs"). These plaintiffs seek financial compensation for their past and future injuries, both economic and noneconomic.  For example, some plaintiffs are unable to adequately perform their job functions because of their hearing loss, which they allege has resulted in lost wages, emotional and physical distress, and damage to their personal relationships.

4.      In contrast, *Lynch* is a putative class action that includes current and former servicemembers who used the Earplugs but *have not been diagnosed* with

hearing loss or tinnitus and have not filed personal injury lawsuits.  Because of the Earplugs' defective nature, each of these individuals has been exposed to dangerous levels of excessive noise and is at an increased risk of developing hearing loss, tinnitus, or other auditory damage.  Mr. Lynch seeks relief in the form of a medical monitoring program that will provide for early detection of these conditions.  For those individuals in whom such injuries are detected, the class requests mitigation services that provide appropriate medical care, such as auditory devices or medication, consistent with each individual's degree of injury.

5.      Unlike the PI Cases, *Lynch* does not seek damages for items like lost wages or emotional distress and does not require discovery into, or expert testimony regarding, those damages or individual plaintiffs' medical histories. However, it does require a rigorous analysis of class certification issues, including briefing and argument on those topics, as well as discovery into medical monitoring program characteristics, including diagnostic tools and criteria—none of which are relevant to the PI Cases.

6.      Importantly, there is also a conflict of interest between the PI plaintiffs and the class members.  The PI plaintiffs and the class members have suffered different injuries and seek different forms of relief, and while the PI plaintiffs are primarily interested in immediate financial compensation, the class members have an interest in ensuring long term funding for future class needs.  Under these

circumstances, the PI plaintiffs cannot adequately represent or protect class member interests. *See, e.g., Amchem Prods. v. Windsor,* 521 U.S. 591, 597 (1997).

7.     Given the particulars of this litigation, the number of pending class cases, the disparate needs of the PI Cases and the class cases, and the potential for conflicts of interest, it is necessary to establish a separate class action litigation track. Doing so will streamline case management, ensure that the PI Cases and class cases do not delay one another, avoid any potential conflicts of interest, and safeguard class member interests.

8.     Such an approach is consistent with guidance published by The Federal Judicial Center, which advocates establishing separate schedules or tracks for different groups of cases when doing so would streamline management and help avoid potential conflicts of interest.[1]   Similar dual-leadership or dual-track

---

[1]     *See* Borden, Catherine R., *Managing Related Proposed Class Actions in Multidistrict Litigation*, Federal Judicial Center Pocket Guide Series, at 3, *available at*
https://www.fjc.gov/sites/default/files/materials/21/Managing_Related_Proposed_ Class_Actions_in_Multidistrict_Litigation.pdf ("Once you have determined the best way to categorize the cases, a group may then be put on a separate schedule, or may file motions applicable only to it. In addition, in order to avoid potential or actual conflicts of interest, different groups may need to be represented by separate attorneys. Federal Rule of Civil Procedure 23(g)(1)(B) requires the judge, in appointing class counsel, to consider any factors affecting counsel's "ability to fairly and adequately represent the interests of the class." And Rule 23(a)(4) requires the judge to ensure that "the representative parties will fairly and adequately protect the interests of the class." When parties' interests conflict—or simply differ—fair and adequate representation generally requires that separate counsel be appointed for different groups of parties.").

approaches have been utilized in other MDLs, including *In re: Valsartan Prod. Liab. Litig.,* 1:19-md-02875 (D.N.J., Kugler, J.); *Johnson & Johnson Talcum Powder Prod. Marketing, Sales Practices, and Prod. Liab. Litig.*, 3:16-md-02738 (D.N.J. Wolfson, J.); and *In re Hydroxycut Mktg. and Sales Practices Litig.*, Case No. 3:09-md-02087, ECF Nos. 112, 117 (S.D. Cal., Moskowitz, J.).

9.    Plaintiff proposes that the class action track be overseen by interim class counsel selected by this Court pursuant to Fed. R. Civ. P. 23(g), with the expectation that class counsel will work closely with the PI Cases leadership to ensure efficiency throughout the discovery process.   The Manual for Complex Litigation, Fourth, § 21.11 instructs courts to evaluate early in a class action case whether interim class counsel is necessary.   When, as here, there are multiple competing class actions, designating interim class counsel is often necessary because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id*.  Regardless of whether this Court chooses to formally establish a separate class action track, it should appoint interim class counsel to safeguard the interests of the class.

10.    To effectuate the class action track and leadership structure described herein, Plaintiff also respectfully requests that the Court clarify the process by which

it will evaluate and select interim class counsel.  The current leadership materials do not completely fulfill this purpose.  By way of example, while applicants must identify the specific leadership positions for which they seek to be considered, class counsel is not one of those choices.  And while the application seeks information about applicant skills and experience in MDLs and mass torts, it does not inquire into class action experience or medical monitoring expertise, both of which are paramount to effective representation of the class.

11.    *Lynch* serves an important and unique role in this litigation: it will ensure that *every* servicemember who was exposed to excessive noise because of the Defendant's tortious conduct has an opportunity to receive proper diagnostic testing and appropriate mitigating medical care.  But in order for this case to be actively, properly, and appropriately litigation, it must be managed on a separate track directed by skilled and experienced interim class counsel.  Only then can counsel and the Court can be assured that the class members' interests will be properly protected as required by Fed. R. Civ. P. 23.

WHEREFORE, for the reasons stated above, Plaintiff Lynch requests that this Court establish a separate track for class action cases, which would include his pending case, and establish a separate process by which interim class counsel are selected for that track.

May 3, 2019                                    Respectfully Submitted,


                                               /s/ Jessica H. Meeder
                                               William H. Murphy III
                                               Jessica H. Meeder
                                               **MURPHY, FALCON & MURPHY, PA**
                                               One South Street, Suite 2300
                                               Baltimore, Maryland 21202
                                               T: (410) 539-6500
                                               F: (410) 539-6599
                                               hassan.murphy@murphyfalcon.com
                                               jessica.meeder@murphyfalcon.com

                                               Steven W. Teppler
                                               **MANDELBAUM SALSBURG, PC**
                                               3 Becker Farm Road
                                               Roseland, New Jersey  07068
                                               T: (202) 253-5670
                                               F: (561) 214-4130
                                               steppler@lawfirm.ms

                                               John A. Yanchunis
                                               Ryan J. McGee
                                               **MORGAN & MORGAN**
                                               **COMPLEX LITIGATION GROUP**
                                               201 N. Franklin Street, 7th Floor
                                               Tampa, Florida  33602
                                               T: (813) 223-5505
                                               F: (813) 223-5402
                                               jyanchunis@forthepeople.com
                                               rmcgee@forthepeople.com

                                               Kevin S. Hannon
                                               **THE HANNON LAW FIRM, LLC**
                                               1641 Downing Street
                                               Denver, Colorado  80218
                                               T: (303) 861-8800
                                               khannon@hannonlaw.com

## <u>LOCAL RULE 7.1 CERTIFICATIONS</u>

The undersigned attorney certifies that she did contact counsel for the Defendant to discuss this motion and the relief requested therein.  Defense counsel stated that they believe the appropriate time to consider this issue is after plaintiff leadership is established and, in any event, would require additional time to consider the topic.

This memorandum complies with Local Rule 7.1(F) and contains 1379 words, excluding the case style, signature block, this certification, the certificate of service, headings, footnotes, and quotations.

/s/ Jessica H. Meeder<br>
Jessica H. Meeder

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on May 3, 2019 and served electronically on all counsel of record.

/s/ Jessica H. Meeder<br>
Jessica H. Meeder