UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>This Document Relates to All Cases )<br>)<br>)<br>)<br>) | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

**[AGREED PROPOSED] ORDER ON PROCEDURES FOR DIRECT FILING**

1. <u>Direct Filing Permitted</u>. To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2885 may file his or her case directly in the Northern District of Florida, Pensacola Division. The direct filing of actions in MDL No. 2885 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. Each case filed directly into MDL No. 2885 must identify a "Designated Forum," *i.e.*, the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing. Counsel admitted pro hac vice in any other case before this MDL may initiate a separate action in this MDL without local counsel. An attorney not admitted pro hac vice in any case shall be permitted to commence an action directly in this MDL pursuant to this order, provided that counsel must file his or her pro hac vice application within 30 days of the direct filing.

2. <u>No *Lexecon* Waiver</u>. For cases filed directly into MDL No. 2885, the parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss,* 523 U.S. 26 (1998), to have each case remanded to the Designated Forum for trial. Nothing in this order shall preclude the parties from agreeing to *Lexecon* waivers in the future.

3. <u>No Determination Regarding Jurisdiction or Venue</u>. The inclusion of any case in MDL No. 2885, whether such case was or will be filed originally or directly in the Northern District of Florida, or transferred or removed to the Northern District of Florida, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other Designated Forum. However, for purposes of cases filed pursuant to this Order, Defendants waive any argument that this Court lacks personal jurisdiction over the Defendants.

4. <u>Future Remands</u>. Nothing herein shall preclude any party from moving for remand or a suggestion of remand, or otherwise seeking transfer under 28 USC 1404, at any time as ordered by the Court or as otherwise permitted by law, nor from opposing any remand or suggestion of remand.

5. <u>Direct Filing Shall Not Impact Choice of Law</u>. The fact that a case was filed directly in MDL No. 2885 pursuant to this Order will have no impact on choice of law, including the statute of limitations, that otherwise would apply to an individual case had it been filed in the Designated Forum and removed and/or transferred to this Court.

6. <u>Objection to Inclusion of Cases In MDL</u>. Plaintiffs, through Lead Counsel, and Defendants will have seven (7) days from the date of a Court order consolidating a direct-filed case with the MDL to meet and confer and object by letter motion to the inclusion of the case in the MDL. The party in favor of consolidation in the MDL will then have three (3) days to file a response to any such filed objection. Such objections and responses shall be filed only in MDL

Case No. 3:16-md-02885

No. 2855. No replies will be allowed without leave of Court. Failure to object as set forth herein shall constitute a waiver of any objection to inclusion of the case in the MDL. In the event the Court determines that a direct-filed case should not have been filed in this MDL, the plaintiff shall have 10 days from the date of that determination to refile in another Court, and the Defendants agree that the date of filing for purposes of any statute of limitations and/or statute of repose shall relate back to the original filing in the MDL.

**DONE** and **ORDERED** on this ___ day of ___, 2019.

_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:16-md-02885