**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 7**
**Plaintiff Leadership Appointments**

Having carefully considered the written and oral submissions of plaintiffs' counsel, together with the factors set forth in the Annotated Manual for Complex Litigation (4th) § 10.22, the Court hereby appoints the following leadership team to fairly, effectively, and efficiently represent the interests of all plaintiffs in this litigation.[1]

**A.  Plaintiff Leadership**

  **1.  Lead**

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC

Shelley V. Hutson, Co-Lead
Clark, Love & Hutson, GP

Christopher A. Seeger, Co-Lead
Seeger Weiss LLP

---

[1] The Panel greatly appreciates the interest and enthusiasm of all who applied for a leadership position in this MDL. The final selection decisions were difficult, to say the least. The Panel received over 190 applications, from highly qualified and committed candidates, all of whom could undoubtedly perform ably in a leadership role. The Court encourages counsel who are not appointed to formal roles to meaningfully engage with plaintiff leadership so that the team may draw on your substantial skills and experience for the common benefit of all plaintiffs in this litigation.

The Court intends for this three-member group—one lead counsel supported by two co-lead counsels—to collaboratively lead and coordinate the activities of all plaintiffs' attorneys in this litigation and, in consultation with the Executive Committee, make all decisions—strategic, procedural, and/or substantive—on behalf of all plaintiffs. In the event of a disagreement, the decision of Lead Counsel will control.

## 2.    Co-Liaison Counsel

Brian H. Barr
Levin, Papantonio, Thomas,
Mitchell, Rafferty & Proctor, P.A.

Michael A. Burns
Mostyn Law Firm

## 3.    Executive Committee

Evan D. Buxner
Gori Julian & Associates, P.C.

Paul Pennock
Weitz & Luxenberg, P.C.

Thomas P. Cartmell
Wagstaff & Cartmell LLP

Adam Wolfson
Quinn Emanuel Urquhart
& Sullivan, LLP

W. Mark Lanier
Lanier Law Firm

Genevieve M. Zimmerman
Meshbesher & Spence, Ltd.

Roberto Martinez
Colson Hicks Eidson

The Executive Committee will be chaired by Lead Counsel. Co-Lead Counsel and Co-Liaison Counsel also serve as members of the Executive Committee.

4.      **Steering Committee**

David R. Buchanan, Co-Chair
Seeger Weiss LLP

Virginia E. Anello
Douglas & London, PC

Karen Beyea-Schroeder
Burnett Law Firm

Katherine L. Cornell
Pulaski Kherkher, PLLC

Sindhu S. Daniel
Baron & Budd, P.C.

Bradley D. Honnold
Goza & Honnold, LLC

K. Rachel Lanier
Lanier Law Firm

Jennifer R. Liakos
Napoli Shkolnik, PLLC

Elizabeth M. Burke, Co-Chair
Richardson, Patrick, Westbrook
& Brickman, LLC

D. Todd Mathews
Gori Julian & Associates, P.C.

Douglas C. Monsour
Monsour Law Firm

Ruth Rizkalla
Kirtland & Packard LLP

Michael A. Sacchet
Ciresi Conlin LLP

Sean P. Tracey
Tracey & Fox Law Firm

Mikal C. Watts
Watts Guerra LLP

5.      **Discovery & ESI Subcommittee[2]**

David R. Buchanan, Chair
Seeger Weiss LLP

Virginia E. Anello
Douglas & London, PC

Taylor C. Bartlett
Henninger Garrison Davis LLC

Katherine E. Charonko
Bailey Glasser, LLP

J. Nixon Daniel
Beggs & Lane, RLLP

---

[2] On further consideration of the leadership structure and the nature of the issues in this litigation, the Court expanded this subcommittee to encompass both ESI and discovery generally.

Case No. 3:19md2885/MCR/GRJ

**6. Early Vetting Subcommittee**

K. Rachel Lanier, Chair
Lanier Law Firm

Elizabeth M. Burke
Richardson, Patrick, Westbrook
& Brickman, LLC

Erin Rogiers
Watts Guerra LLP

Kenny S. Byrd
Lieff, Cabraser, Heimann
& Bernstein, LLP

Sara E. Schramm
Blasingame, Burch, Garrard
& Ashley, PC

Abby E. McClellan
Stueve Siegel Hanson LLP

**7. Law, Briefing & Legal Drafting Subcommittee**

Michael A. Sacchet, Chair
Ciresi Conlin LLP

Nicole Berg
Keller Lenkner LLC

Andre M. Mura
Gibbs Law Group LLP

W. Lewis Garrison, Jr.
Henninger Garrison Davis LLC

Neil D. Overholtz
Aylstock, Witkin, Kreis &
Overholtz, PLLC

8.      **Science & Experts Subcommittee**[3]

Douglas C. Monsour, Chair
Monsour Law Firm

Gabriel A. Assaad
Kennedy Hodges, LLP

Thomas W. Pirtle
Laminack, Pirtle & Martines, L.L.P.

Douglass A. Kreis
Aylstock, Witkin, Kreis &
Overholtz, PLLC

Kimberly W. White
Wilson Law, P.A.

Jonathan D. Orent
Motley Rice LLC

9.      **Common Benefit Fund Committee**

Shelley V. Hutson, Chair
Clark, Love & Hutson, GP

Riley L. Burnett, Jr.
Burnett Law Firm

Chris T. Hellums
Pittman, Dutton & Hellums

Henry G. Garrard, III
Blasingame, Burch, Garrard
& Ashley, PC

10.     **Joint Discovery/ESI Committee**

David R. Buchanan
Seeger Weiss LLP

Katherine E. Charonko
Bailey Glasser, LLP

---

[3] On further consideration of the leadership structure and the nature of the issues in this litigation, the Court concluded that this additional subcommittee would be beneficial.

### 11.    Joint Armed Services Committee

Karen Beyea-Schroeder          Kristian Rasmussen
Burnett Law Firm               Cory Watson, P.C.

Gregory C. Graf[4]             Edward P. Rowan
Bertram & Graf, LLC            Taylor Martino, P.C.

### 12.    Joint Statutes of Limitations Committee

M. Palmer Lambert              W. Troy Bouk
Gainsburgh, Benjamin, David,   Levin, Papantonio, Thomas,
Meunier & Warshauer, L.L.C.    Mitchell, Rafferty & Proctor, P.A.

### 13.    Joint Settlement Committee

Ernest Cory                    Christopher A. Seeger, Co-Lead
Cory Watson, P.C.              Seeger Weiss LLP

Clayton Clark
Clark, Love & Hutson, GP

## B.    Leadership Structure

The organizational structure for plaintiff leadership established in this Order may not be modified or expanded, except with prior written approval of the Court. This includes the formation of additional committees and/or subcommittees. If changes become necessary as the litigation progresses, plaintiff leadership must so notify the Court and request a modification of the leadership structure.

---

[4] This appointment is contingent on a personal interview.

It is intended and expected that the committees and subcommittees established above will themselves carry out all duties within their sphere of responsibility, as set forth in Pretrial Order No. 4, ECF No. 76. To the extent a committee or subcommittee needs additional support with its common benefit work, it may seek the participation and assistance of non-leadership counsel; however, no common benefit work may be performed by non-leadership counsel without the prior approval of Lead or Co-Lead Counsel.

## C.       Personal Nature of Appointments

All appointments are of a personal nature. Accordingly, each appointee must assume personal responsibility for the performance of his or her duties as set forth in Pretrial Order No. 4, ECF No. 76. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of his or her exclusive duties, except with prior approval of the Court. The Court may add or replace appointees on their request, on request of the plaintiff leadership team, or on its own motion, if and as circumstances warrant.

## D.       Term of Appointments

All appointments are made for a one-year period and will expire on **May 22, 2020**. Counsel may apply for reappointment when their term expires. A reappointment application process will be established at an appropriate time in advance of the expiration date. Applications for reappointment must detail the nature and scope of the

attorney's work on this litigation, including the time and resources that he or she expended during the previous term.

## E.     Time and Expense Records

All counsel performing common benefit work must keep detailed and contemporaneous records of their time and expenses devoted to this matter. Those records must reflect the date a legal service was rendered or an expense incurred, the nature of the service or expense, and the number of hours spent performing the service or the amount of the expense.

## F.     Communications with the Court

All communications from the plaintiffs with the Court must be through Lead Counsel, Co-Lead Counsel, or Liaison Counsel. If circumstances require direct correspondence with the Court by individual counsel, copies of any such communications must simultaneously be served on Lead Counsel and Liaison Counsel.

## G.     Communications with the Panel

Now that the plaintiff leadership team has been appointed, counsel are free to contact the Panel Members in connection with this litigation. However, all counsel are strictly prohibited from communicating with Panel Members, directly or indirectly, about the leadership appointment process.

**DONE** and **ORDERED**, on this 22nd day of May, 2019.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/GRJ