# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION

This document relates to all cases.

Case No. 3:19-md-2885

Chief Judge M. Casey Rodgers
Magistrate Judge Gary Jones

## PRETRIAL ORDER No. ___
## STIPULATED ORDER GOVERNING
## CONFIDENTIALITY AND PRIVILEGE

Plaintiffs and Defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC (collectively "Defendants") anticipate that documents, testimony, or information that are protected by the attorney-client privilege or work product doctrine or that contain or reflect confidential, proprietary, trade secret and/or commercially sensitive information could be requested, disclosed or produced during the course of discovery, initial disclosures, and/or supplemental disclosures in this litigation and therefore request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Federal Rule of Civil Procedure 26(c) and its inherent authority, the Court hereby orders the entry of the following Order Governing Confidentiality and Privilege ("Order" or "Protective Order") in this matter:

## I.      PURPOSES AND LIMITATIONS

A.      Disclosure and discovery activity in this action could involve requests for and production of certain privileged, confidential, proprietary, or private information, provided from this or related litigation(s), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter this Order.  The Parties acknowledge that this Order governs discovery in *In re: 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885.  This Order shall apply to all cases currently pending in MDL No. 2885 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto.

B.      This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these MDL proceedings and shall govern each case in the proceedings.  The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

C.     The Parties also acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Order creates no entitlement to file Confidential Information under seal.

D.     This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

E.     The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## II.     PROCEEDINGS AND FORM OF INFORMATION GOVERNED

A.     This Order shall govern any document, information, or other thing which is designated as containing "Confidential Information," as defined herein, and is furnished by any party in this MDL in which various plaintiffs allege that 3M Combat Earplugs (Combat Arms Earplugs Version 2, "CAEv2") caused total or partial hearing loss in one or both ears, tinnitus, and other related effects.

B.     The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things,

interrogatories, responses to interrogatories, requests for admissions, responses to requests for admissions, and responses to subpoenas, deposition testimony, and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

C.     For purposes of this Order, "document" shall be accorded its broadest possible meaning, and shall include, without limitation, the whole page or file or any portion thereof of any written, printed or graphic matter, and any computer file, record or tape produced by or obtained from any party or non-party, any electronically stored information, or any copy, extract, or complete or partial summary prepared therefrom, and any document or thing covered by Fed. R. Civ. P. 34.

## III.     DEFINITIONS

A.     <u>Action</u>: *In re: 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885, presently pending in the Northern District of Florida.

B.     <u>Party</u>:  Any party to this Action, including Plaintiffs, 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC, including all of their officers, directors, employees, and Counsel (and their support staff).

C.     <u>Discovery Material</u>:  All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, but not

limited to, those set forth in Section 2.2), that is produced or generated in disclosures or responses to discovery in this matter.

D.     <u>Confidential Information or Items</u>:   Any disclosure or Discovery Material that the Producing Party designates as "CONFIDENTIAL."  The Producing Party may designate as "CONFIDENTIAL" Discovery Material that the Producing Party reasonably believes constitutes, reflects, discloses, or contains (i) trade secret or other confidential research, development, or commercial information subject to protection under Federal Rule of Civil Procedure 26(c); (ii) material protected by federal, state, or foreign data protection laws or other privacy obligations subject to protection under Federal Rule of Civil Procedure 26(c); or (iii) other information subject to protection under Federal Rule of Civil Procedure 26(c).

E.     <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party but retained to represent or advise a party to the Action and have appeared on the pleading as counsel for a Party in this Action or who are affiliated with or contracted by law firms who have appeared on the pleading as counsel for a Party in this Action.

F.     <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

G.     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

H.      <u>Designating Party</u>:  A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

I.      <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this MDL.

J.      <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this MDL.

K.      <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L.      <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

M.      <u>Producing Party</u>:  A Party or non-Party that provides, produces, or makes available for inspection Disclosure or Discovery Material in the course of this Action.

## IV.    TYPES OF MATERIALS THAT MAY BE DESIGNATED "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

A.    A Party may designate any portion of Discovery Material (as defined in Section 3.3 above) as "Confidential – Subject to Protective Order" as permitted herein (see Section 3.4 and Section 3.5 above).

B.    Confidential Information shall include any Discovery Material that the designating party reasonably and in good faith believes not to be in the public domain and to contain materials defined as Confidential (see Section 3.4 above).

## V.    ACCESS TO AND USE OF INFORMATION DESIGNATED AS "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

A.    If a Party reasonably and in good faith believes that information produced in these actions contains Confidential Information, that Party shall designate the information as "Confidential – Subject to Protective Order" as appropriate.

B.    Access to information marked "Confidential – Subject to Protective Order" shall be limited to, and only to, the following "qualified persons":

a.    The Parties listed in Paragraph III.B, including the employees and staff of such Parties;

b.    the Receiving Party's Outside Counsel of Record in this MDL and, if the attorney of record is a member of a law firm, the employees and staff of the law firm (collectively "Outside Counsel");

c.    Special Masters, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action;

d.   Experts and consultants (including both testifying and non-testifying experts), who shall be informed of the existence and contents of this Protective Order;

e.   The Court, its personnel, and any court reporters, stenographers, and videographers involved in taking or transcribing testimony in these actions;

f.   Mediators and their staff enlisted by the parties to assist in the resolution of this matter;

g.   A person identified in the document marked "Confidential – Subject to Protective Order" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "Confidential – Subject to Protective Order";

h.   A deponent or witness at a deposition or pre-trial hearing; and

i.   Such other persons as hereafter may be designated by written agreement in these actions or by order of the Court.

C.   Nothing in this Order shall preclude a Party from introducing into evidence at an evidentiary hearing, motion hearing, or trial any Confidential Material that is admissible under applicable law, subject to the provisions of this Order.

D.   The designation of information as "Confidential – Subject to Protective Order" shall be made at the following times:

a.   For documents and things, at the time of the production of the documents or things.

b.   For written responses to interrogatories or requests for admissions, at the time of the written response;

c.   For deposition testimony and exhibits, at the time of the testimony or within 30 days after receipt by the designating Party of the final transcript of the deposition.

E.   The designation of Confidential Information shall be made as follows:

    a.   For documents, by placing a conspicuous legend on each page or portion of such document entitled to such protection, reading "Confidential – Subject to Protective Order" as appropriate;

    b.   For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

    c.   For written responses to any individual interrogatory or individual request for admission, in writing in the text of the individual response thereto;

    d.   Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be treated as "Confidential Subject to Protective Order" for a period of 30 days, or as many days as the parties shall agree, after receipt of the final deposition transcript to allow time for the deponent or counsel for the deponent, or any party or counsel to any party, to notify all Parties of any Confidential Information contained therein. Such Confidential Information contained in deposition testimony may be designated by any party, within 30 days of receipt of the final deposition transcript, by page and line number, and video cassettes, DVDs, or other storage media shall be labeled in accordance with the provisions of this Order. The court reporter shall include on the cover page of each deposition a clear indication that the deposition contains Confidential Information. Any document designated as "Confidential – Subject to Protective Order" that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition. The foregoing notwithstanding—except pursuant to a separate written agreement between the Parties, or order of the Court, or in an official judicial proceeding—no Party shall, under any circumstances, release, make public, or cause to be made public any portion of any deposition video recording or audio recording of any video deposition related to MDL 2885, whether designated for confidentiality or undesignated. Prohibited publication extends to distribution of such deposition recordings via the Internet and/or on any social media sites, including but not limited to, YouTube, Facebook, Twitter, or Instagram.

## VI.   FILING CONFIDENTIAL INFORMATION OR ITEMS /FILING UNDER SEAL

A.     Without written permission from the Designating Party or a court order, a Party may not file any Confidential Information into the public record as part of these Actions.  All Parties shall make reasonable efforts to avoid requesting the filing of Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission.  Where not reasonably possible, any Party wishing to file a document or paper containing Confidential may provisionally file such Information under seal, provided that the Designating Party then moves to seal within seven (7) days of the filing, explaining the bases for sealing the Information in question. Failure to file a motion to seal will result in the Information be filed publicly.  While any motion to seal is pending, the document or paper containing Confidential Information shall remain under seal provisionally.

B.     The provisions of this Protective Order do not apply to any hearings or trial proceedings in this Action.  The Parties will separately request the Court to enter an Order governing the handling of such materials at hearing or at trial.

## VII.   INADVERTENT PRODUCTION OF SUBSEQUENTLY CLAIMED PRIVILEGED INFORMATION

A.     The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this MDL, whether inadvertent or

otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of confidentiality shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B.     Upon discovery that a document has been produced, which it believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within 30 days, in writing, asserting either the attorney-client privilege or work product protection with respect to Disclosed Protected Information. The written notice of the recall of privileged material shall be accompanied by a log articulating the privilege basis for each privileged document.

C.     The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph VII.D— within five business days of receipt of that writing and, to the extent applicable, any replacement media containing a reproduction of the documents that formerly

-11-

included (and now omits) the purportedly privileged or protected document:  (i) return or destroy all copies of the Disclosed Protected Information and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within five business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information, articulating the privilege basis for each privileged document.

D.     If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within ten business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  The Receiving Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Protected Information.  Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

E.     Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Order shall not be used as grounds by any third

party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

F.     Should any motion compelling production of the Disclosed Protected Information be filed, the Producing Party shall retain the burden of establishing its privilege or work product claims.  Nothing in this paragraph shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.  Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## VIII.     RESOLUTION OF DISPUTES REGARDING DESIGNATION OF "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" INFORMATION

A.     If any Party disagrees with the designation of any Discovery Material as "Confidential – Subject to Protective Order," that Party will provide written notice to all other Parties to these actions, and the Parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court.  All items objected to shall continue to be treated as initially designated by the designating Party pending resolution of the parties' dispute.  If the dispute can be resolved, all Parties shall promptly be informed of the resolution.

B.     If the dispute cannot be resolved informally, the designating Party shall file a motion with the Court seeking an order that the Confidential Information subject to the dispute remain confidential.  The designating Party bears the burden of persuading the Court that the information is in fact "Confidential – Subject to Protective Order" within the definition of that term set forth above.  Failure of the designating Party to file such a motion within 30 days from receipt of the written notice waives the designating Party's designation on the subject Discovery Material.

C.     Entering into, agreeing, and/or complying with the terms of this Order shall not:  (a) operate as an admission by any Party that any particular documents, material, or information contain(s) or reflect(s) currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time:  (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

## IX.    REDACTIONS

A.    To comply with all applicable state, federal, and extraterritorial laws and regulations, the Producing Party may redact from produced documents, materials, and other things information that it is not permitted by such laws and regulations to disclose in litigation even with Court-imposed confidentiality restrictions.

B.    Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted shall be treated as Confidential, regardless of whether the document containing such names is designated as Confidential Information.

C.    Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a Party's ability to challenge such redactions. The burden as to the propriety of any redaction remains on the Producing Party at all times.

## X.    PRIVILEGE LOG PRODUCTION

A.    Unless otherwise provided in this Protective Order or as otherwise agreed by the parties, any document falling within the scope of any request for production or subpoena that is responsive to the search criteria required by the Order for Preservation and Production of Documents and Electronically Stored

Information (including custodians, search terms, and date ranges) and that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a cumulative privilege log,[1] which the Producing Party shall produce in an  Excel format with separate categories of information sufficient to describe the nature of the documents, communications or tangible things withheld as to enable the receiving party to access the claims of privilege, including Custodial Source, To, From, Carbon Copy, Date, reason for privilege or immunity and a description sufficient to meet the requirement of Rule 26.  The privilege log shall also identify the production date of the document, or the production wave associated with the document.  Individuals who are In-House Counsel or Outside Counsel of Record shall be noted, and the name of the law firm or entity employing such Counsel shall be identified.  Privilege log production shall be phased such that substantially all documents withheld from a production pursuant to an attorney-client, work product, or other applicable privilege or immunity, shall be identified on a privilege log, which shall be provided by the Producing Party no later than thirty (30) days after the date of service of a custodial production from which the document

---

[1]   The most current privilege log tendered by a party shall include the information noted in this subsection regarding documents withheld from that party's most recent production together with such information regarding documents withheld from all prior productions.

was withheld.  No privilege log need be provided in connection with any production of documents and depositions from the *qui tam* action.

B.    Privilege log identification is not required for post-December 24, 2018 communications specific to the proceedings herein exchanged between the Producing Party and their Counsel or among counsel for the Producing Party.  In addition, neither communications between or among Counsel for Plaintiffs nor communications between or among Counsel for Defendants are required to be identified on the Producing Party's privilege log.

## XI.    REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN ACTIONS OTHER THAN THIS MDL

A.    If any Party has obtained Confidential Information under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such party shall promptly notify the designating Party, including in such notice the date set for the production of such subpoenaed information along with copies of the requests, subpoena, or order.  The subpoenaed party shall not produce any Confidential Information so received in response to the subpoena prior to the date specified for production in the subpoena unless in response to an order of a court of competent jurisdiction (other than the subpoena or other compulsory process) compelling the subpoenaed party to produce the Confidential Information.  The party subject to subpoena or compulsory process, however, shall have no duty to appear or resist any

application or motion seeking to compel production of such Confidential Information.

## XII.    PARTY'S OWN INFORMATION

A.     The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a Party from another Party or from a non-party.  A Party is free to do whatever it desires with its own Confidential Information, provided that any dissemination of Confidential Information by the Party that owns the Confidential Information may lead to the loss of that information's confidential status.

B.     Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material or information obtained by such Party or witness independently of the discovery proceedings in these actions, whether or not such documents, material or information are also obtained through discovery proceedings in these actions.

C.     Nothing in this Order shall preclude outside counsel of record in prior related proceedings (*3M Company v. Moldex-Metric, Inc.*, No. 12-611 (D. Minn.); *Moldex-Metric, Inc. v. 3M Innovative Properties Company*, No. 14-1821 (D .Minn.); and *United States ex rel. Moldex-Metric, Inc. v. 3M Company*, No. 3:16-cv-01533-MBS (D.S.C.)) from sharing with Outside Counsel of Record in this Action work

product they created in connection with Confidential Information produced both in this action and in one or more of the prior related proceedings enumerated above.

## XIII.    APPLICABILITY OF ORDER TO THIRD PARTIES

A.    In the course of these actions, the Parties may attempt to discover documents and information from Third Parties.   Any Third Party from whom discovery is sought by the Parties may avail itself upon the protections and limitations of disclosure provided for in this Order by signing this order prior to production.   The Third Party shall identify any Confidential Information produced in accordance with this Order.   By so availing itself of the protections and limitations provided for in this Order, any such Third Party shall submit to the jurisdiction of the Court for all matters relating to or arising out of this Order.

B.    The Parties hereby agree to treat any material properly designated Confidential produced by a Third Party in accordance with the terms of this Order. The Parties shall reference this Order in any subpoena or discovery request they serve or otherwise provide to any Third Party.

## XIV.    VIOLATIONS

A.    In the event that any person or party violates the terms of this Protective Order, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.   In the event that the aggrieved Producing Party seeks

injunctive relief, it must direct the petition for such relief to this Court.  To the extent the same document or categories of documents are at issue in both the above-captioned MDL 2885 and in any Related Litigation, the Parties will attempt first to resolve the issue in the MDL and before this Court.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## XV.      MODIFICATION OF THIS PROTECTIVE ORDER

A.      This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the Parties, this Protective Order shall survive the termination of this action.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.


SO ORDERED:


_____          Dated:   June__, 2019
Hon. M. Casey Rodgers
District Court Judge

**EXHIBIT A**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION

This document relates to all cases.

Case No. 3:19-md-2885

Chief Judge M. Casey Rodgers
Magistrate Judge Gary Jones

I, _____, declare that:

1.     My address is _____, and the name and address of my present employer is _____.

2.     My title is _____.

3.     I have received a copy of the Stipulated Protective Order (the "Protective Order") in these actions.

4.     I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order in violation thereof.

5.     I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all Confidential Information which comes into

my possession or which I have prepared relating thereto to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6.     I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

7.     I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____ 20___ at _____ in the State of _____.


By:   _____
                    (SIGNATURE)