# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 8
## JOINT STIPULATED ORDER FOR PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

1. The following Order governs the preservation of documents and electronically stored information ("ESI"), and shall apply to all discovery of ESI and hard copy documents in this case, unless the Parties agree in advance and in writing or if the Order is modified by the Court. This governs the preservation of potentially relevant documents, hardware, data, and tangible things within the Parties' possession, custody, and/or control relevant to claims and defenses in this litigation that involve claims of personal injury related to Defendants 3M Company ("3M"), Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC (collectively "Defendants") Dual-Ended Combat Arms Earplugs.

2. Except as specifically set forth herein, this Order does not: (a) alter or affect the applicability of the Federal Rules of Civil Procedure ("Federal Rules") or any Local Rules of the U.S. District Courts ("Local Rules"), as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as

evidence of any document or ESI, regardless of whether the document or ESI is to be preserved, is preserved, or is produced; or (c) alter or affect the objections to discovery available under the Federal Rules. The purpose of this Order is to facilitate the preservation of ESI and hard copy documents in an efficient manner and in accordance with the Federal Rules. By stipulating to this Order, no party waives any objections to producing any particular document or category of documents on any grounds whatsoever.

3. The Parties understand and agree that active duty military service members and/or Department of Defense civilian employees who allege injuries may have relevant information on their military computer systems. The Parties agree that a Party's ability to preserve documents, emails, and electronic information on a government computer system may be limited by governmental or military IT protocols, as well as standard operating procedures. The Parties agree that in such situation, the service member must abide by the Department of Defense's or otherwise applicable protocols and standard operating procedures.

4. As used herein, the terms "document," "data," or "tangible things" shall be interpreted to include electronically stored information ("ESI") on hard drives, USB or thumb drives, databases, computers, floppy disks, CD-ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal; as well as electronic or hard-copy writings, records, files, correspondence, reports,

memoranda, calendars, diaries, minutes, E-mail, text messages, voicemails, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, instant messages, social media posts and communications, online access data (*e.g.*, temporary internet files, browser history, cookies), databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, PowerPoints or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital records and any transcripts thereof, sound recordings (*e.g.*, .WAV and .MP3 files), video and animation (*e.g.*, .AVI and .MOV files), drafts, jottings and notes, studies or drafts of studies or other similar such material. A draft or non-identical copy is a separate document within the meaning of these terms. Information that serves to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition. For the avoidance of doubt, the definitions of the terms "document," "data," or "tangible things" shall not exceed the scope of Fed. R. Civ. P. 34.

5. As used herein, and consistent with the factors set forth in Fed. R. Civ. P. 26, preservation shall be reasonably interpreted to accomplish the goal of maintaining the integrity of documents, data, and tangible things relevant to claims or defenses in this action and shall include taking reasonable steps to prevent the

partial or full destruction, alteration, shredding, deletion, or removal or transfer to less accessible media of such materials.

6. Provided that reasonable steps have otherwise been taken to preserve materials relevant to claims or defenses in accordance with this Order and in their native file format, the Parties may continue normal business practices with regard to disaster recovery and backup systems, including the practice of rewriting and/or reusing backup tapes and media.  The Parties shall be under an obligation to notify the Court and the Parties should it be determined that any relevant documents, data or tangible things subject to this order have been lost, deleted, destroyed, damaged, altered, corrupted, or otherwise affected such that preservation of such evidence either at all or in its original form has been hindered

7. The obligations of the Parties embodied in this Order concerning the prospective preservation of potentially relevant information in this action reflect the agreements of the Parties on preservation issues, and, therefore, are not set forth in an effort to state obligations under any applicable law or rule.  Consequently, the Parties' agreements on preservation shall not be used by any person in these or other proceedings (a) to demonstrate the insufficiency of any Party's preservation efforts in these or any other proceedings (or pursuant to any law or other obligation), or (b) in furtherance of any argument against a Party or its counsel as to what constitutes reasonable preservation measures in litigation or otherwise.

Case No. 3:19md2885/MCR/GRJ

8. Preservation Obligations.

(a) Consistent with the factors set forth in Fed. R. Civ. P. 26, the Parties shall take reasonable steps to ensure the preservation of documents, data, and tangible things potentially relevant to the claims or defenses in this Litigation in their possession, custody, or control ("potentially relevant materials").

(b) Defense counsel shall ensure that legal hold notices have been disseminated to Defendants' employees and/or departments reasonably believed to possess potentially relevant materials, and will issue periodic reminders to recipients of these notices reiterating that the hold and its instructions are still in place. To the extent Defendants become aware of additional individuals or groups that may possess potentially relevant materials, Defendants will expand the current scope of the hold to include those employees and/or departments. Counsel for individual Plaintiffs will advise Plaintiffs of their current and continuing obligations to preserve and not alter or destroy any potentially relevant materials. With respect to documents on military computer systems, Plaintiffs who are active duty military service members and/or Department of Defense civilian employees will make reasonable efforts to preserve such potentially relevant materials

described above subject to the requirements of their military computer systems as described above.

(c) The Parties' preservation obligations extend to relevant information generated on or after this date as well as to relevant information in existence on this date no matter when created.

(d) Furthermore, the Parties shall disable or indefinitely suspend any auto-delete features or retention policies in use as to any system or device under their direct control to the extent necessary to preserve potentially relevant materials.

(e) The Parties agree that, unless the below categories of materials were preserved pursuant to a prior litigation hold or for use in litigation, there is no need to preserve potentially relevant materials from the following sources:

    (i) Deleted, slack, fragmented, or other data only accessible by forensics;

    (ii) Random access memory (RAM), temporary files, or other ephemeral data difficult to preserve without disabling the operating system;

    (iii) On-line access data, such as temporary internet files, history, cache, cookies, and the like;

    (iv) Back-up data that a party knows to be duplicative of documents, data, or tangible things, including metadata about such information, known to be retained;

    (v) Server, system, or network logs.

  (f) By preserving potentially relevant materials for the purpose of this litigation, the Parties are not conceding that such materials are discoverable, nor are they waiving any claim of privilege.

  (g) Nothing in this Order affects the preservation requirements set forth in Pretrial Order No. 2.  Further, nothing in this Order shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

**DONE** and **ORDERED** on this 17th day of June, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/GRJ