UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19md2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF SEAN LYNCH'S MOTION TO ESTABLISH A SEPARATE CLASS ACTION TRACK AND A PROCEDURE FOR SELECTING INTERIM CLASS COUNSEL**

Defendants 3M Company ("3M"), Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC respectfully submit this Opposition to Plaintiff Sean Lynch's Motion to Establish a Separate Class Action Track and a Procedure for Selecting Interim Class Counsel.

### INTRODUCTION

Plaintiff Sean Lynch's Motion to Establish a Separate Class Action Track and a Procedure for Selecting Interim Class Counsel should be denied. There is no need for a separate track for the putative class actions that are pending as part of this MDL. Discovery and other pretrial proceedings will equally benefit the individual actions

and the putative class cases. Indeed, establishing a separate track for the putative class actions would only complicate matters and result in duplicative and overlapping efforts. Distinctions between the individual actions and the putative class actions can be dealt with at the class certification stage, if necessary. Plaintiff Lynch offers no basis to suggest that the putative class members' interests are not fully protected by the current schedule. Accordingly, no separate class track is necessary.

Nor is there reason to establish a procedure for selecting interim class counsel at this time. The Court already conducted a thorough and rigorous process to select Plaintiffs' Leadership Counsel. The leadership team appointed by the Court, including Co-Lead Counsel Christopher Seeger, has significant class action experience, and the Court undoubtedly considered that experience in selecting the leadership team. There simply is no reason to create another, separate process to select interim class counsel at this stage.

Plaintiff Sean Lynch's motion should be denied.

## BACKGROUND

There currently are pending seven putative class actions that have been consolidated as part of this MDL for pretrial proceedings, including the putative class action filed by plaintiff Sean Lynch. One such action, Mendez v. 3M Co., No. 1:19-cv-21341-DPG, was filed in the Southern District of Florida by a Member of

the Executive Committee, Roberto Martinez of the Colson Hicks Eidson firm.  The other five actions were filed by the same plaintiffs' counsel in the Southern District of Florida.[1]

Contrary to plaintiff Lynch's assertion, every single pending putative class action was brought by a current or former military servicemember who ***does*** claim to have been diagnosed with hearing loss and/or tinnitus. (Mot. at para 4)  Contrary to the motion, for example, Mr. Lynch specifically alleges in his complaint that "[i]n or around late 2010 to early 2011, Maj. Lynch was diagnosed with tinnitus and given 10% disability.  As a result of his hearing impairment, it has become more difficult for him to hear in large environments and he suffers from painful, sharp piercing tones.  The severity of his hearing impairment has increased with time and is expected to continue to degrade." (Lynch Cmplt. at para 24)  Mr. Lynch further alleges that "Maj. Lynch's hearing loss and tinnitus was due to repeated exposure to impulse noise associated with weapons fire," and that "Maj. Lynch suffered permanent hearing loss and damage." (Id. at para 25)  His complaint seeks "the full measure of damages allowed under applicable law." (Id. at para 80)  It certainly does not disclaim damages for personal injury.

---

[1] McDonagh v. 3M Co., Case No. 9:19-cv-80253-DMM; Stokes v. 3M Co., Case No., 2:19-cv-14098-RLR; Garcia v. 3M Co., Case No., 1:19-cv-21005-DPG; Torres v. 3M Co., Case No., 1:19-cv-21001-RNS; Dufresne-Yidi v. 3M Co., Case No., 0:19-cv-60739-MGC.

The named plaintiffs in every other pending putative class action likewise allege that he has been diagnosed with hearing loss and/or tinnitus and seeks recovery for alleged injuries suffered as a result. For example, Plaintiff Antonio Mendez states in his complaint: "Upon discharge from the U.S. Army, Plaintiff was diagnosed with hearing loss and tinnitus as a result of the Dual-ended Combat Arms earplugs." (Cmplt. at para 64) Plaintiff Noel Torres similarly states "Plaintiff now suffers from hearing loss as a direct result of 3M's admittedly defective products. This case seeks, among other things, damages for Mr. Torres as a direct result of him using these defective earplugs while serving our country." (Cmplt. at para 8) Plaintiff Shane Stokes makes the exact same claim: "Plaintiff now suffers from hearing loss as a direct result of 3M's admittedly defective products. This case seeks, among other things, damages for Mr. Stokes as a direct result of him using these defective earplugs while serving our country." (Cmplt. at para 8) And, Plaintiff Dufresne-Yidi also makes the same claim: "Plaintiff now suffers from hearing loss as a direct result of 3M's admittedly defective products. This case seeks, among other things, damages for Mr. Dufresne-Yidi as a direct result of him using these defective earplugs while serving our country." (Cmplt. at para 8.)

**ARGUMENT**

**A.     There Is No Need For A Separate Track For The Putative Class Actions.**

Counsel for plaintiff Lynch offers no legitimate need for a separate class action track. Counsel's suggestion that a separate track is necessary because there exist "significant substantive and procedural distinctions" between the named plaintiffs in the putative class actions and plaintiffs who filed individual cases is incorrect. (Mot. at para 3) As set forth above, like the plaintiffs in the individual actions, each named plaintiff who filed a class complaint alleges that he suffered actual hearing loss or tinnitus and seeks the same types of personal injury damages sought in the individual actions. *See* (*Mendez* Compl. ¶¶ 3, 64, 89, 99, 102); (*Dufresne-Yidi* Compl. ¶ 8); (*Garcia* Compl. ¶ 8); (*McDonagh* Compl. ¶ 8); (*Stokes* Compl. ¶ 8); (*Torres* Compl. ¶ 8). And, notably, not a single named plaintiff in the other putative class actions has disclaimed personal injury damages for their alleged injuries.

Although each plaintiff's claim is unique and necessarily highly individualized, the same types of discovery necessary for the hundreds of individuals who filed individual actions will also be necessary for each of the named plaintiffs who filed a putative class action. Establishing a separate track for the class litigation would not "streamline management," as Mr. Lynch's counsel suggest, but, rather, will only lead to duplicative and overlapping discovery efforts. There simply is no

5

reason that discovery – or any other pretrial proceedings related to the putative class cases – should proceed on a separate track.

Plaintiff Lynch's assertion that the MDL Panel contemplated a separate class action track also is incorrect. (Mot. at para 2) The footnote to the Panel's Transfer Order that plaintiff Lynch cites simply notes that the Panel would leave that decision to the transferee court; it does not state that a separate class action track is necessary or appropriate for these cases. *See also In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig.*, 936 F.Supp.2d 1379, 1380 n.3 (J.P.M.L. 2013). Given the overlapping discovery necessary for all pending actions, a separate class action track is unnecessary here.[2]

### B. A Procedure To Select Interim Class Counsel Is Unnecessary And Premature.

Nor is it necessary at this stage to establish a new, second procedure to select interim class counsel under Rule 23(g). The Court has already appointed Plaintiff Leadership Counsel that includes Co-Lead Counsel with substantial class action experience and a member of the Executive Committee who is counsel in the *Mendez* putative class case. Current leadership can protect the interests of the putative class

---

[2] The cases plaintiff Lynch cites that established separate class action tracks are distinguishable. For example, the putative class cases in *Johnson & Johnson Talcum Powder Prod. Marketing, Sales Practices, and Prod Liab. Litig.*, 3:16-md-02738 (D.N.J. Wolfson, J.) were comprised of plaintiffs who alleged defendants deceptively marketed the product, while the individual plaintiffs comprised of plaintiffs alleging personal injuries and wrongful death from using the product. In *In re: Valsartan Prod. Liab. Litig.*, 1:19-md-02875 (D.N.J. Kugler, J.), there were only seventeen individual personal injury plaintiffs compared thirteen putative class actions at the time of filing the motion to centralize the cases.

6

members. Accordingly, plaintiff's assertion that current Leadership cannot protect the interests of the putative classes is unavailing and there is no reason to have another process at this juncture to appoint interim class counsel under Rule 23(g).

Further, appointment of interim counsel is premature. The Federal Judicial Center advises that the most efficient practice is to rule on dispositive motions, such as motions to dismiss and for summary judgment, before addressing class certification issues. *See* Rothstein, Barbara J. and Willging, Thomas E., *Managing Class Action Litigation: A Pocket Guide for Judges*, Third Edition, 2010 WL 5056218 ("Given the flexibility in the rules, the most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification."). This is such a situation. It will be far more efficient to let the current schedule proceed on a single, efficient path, and there is no need at this stage for a procedure to appoint interim class counsel.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court deny plaintiff's motion to establish a separate track for class action cases and to establish a separate process by which interim class counsel are selected for that track.

DATED: July 1, 2019 By: */s/ Kimberly O. Branscome*
Kimberly O. Branscome, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8370
Email: kimberly.branscome@kirkland.com

*Attorneys for Defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC*

## CERTIFICATE OF SERVICE

In compliance with Rule 5.1(F) of the Local Rules of the United States District Court Northern District of Florida, I caused a true and correct copy of the foregoing to be electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

DATED: July 1, 2019                    */s/ Kimberly O. Branscome*
                                                          Kimberly O. Branscome