**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**COMMON BENEFIT ORDER NO. 1**

In anticipation of the possibility that, at some point in the future, there may be applications to the Court by attorneys for payment of common benefit fees or expenses, the Court now issues this Common Benefit Order No. 1 containing preliminary procedures and guidelines. The Court expresses *no opinion* regarding whether payment of any common benefit fees or expenses will ever be appropriate. This Order merely provides guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards that will be employed in assessing those applications. These guidelines are not meant to be exhaustive, and the Court may issue additional procedures, limitations, and guidelines in the future, if appropriate.

**I.      Governing Principles and the Common Benefit Doctrine**

The common benefit governing principles are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881) and as refined in cases including *Central Railroad*

& Banking Co. of Georgia v. Pettus, 113 U.S. 116 (1885), *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939), *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *see also Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 680 (E.D. La. 2006) ("Thus, to avoid the problem of free-riding, the U.S. Supreme Court over 125 years ago approved the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discovery a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation. 'The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.'" (citations omitted)); Manual for Complex Litigation, § 14.215 (4th ed. 2004) (noting that "Lead and liaison counsel may have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients.")

The Court's authority to establish a fund and to order contributions also derives from its equitable authority and its inherent managerial power over this consolidated and multidistrict litigation.  *See, e.g., Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *In re Diet Drugs*, 582 F.3d 524, 546-47 (3d Cir. 2009); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006,

1008 (5th Cir. 1977); *In re Vioxx*, 802 F. Supp. 2d 740, 770 (E.D. La. 2011); Manual for Complex Litigation, § 14.121.

Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, potential settlement process, and all other work that advances this litigation to conclusion. The Court notes at the outset that evaluating contribution to the common benefit is a qualitative analysis because "not all types of work are created equal." *In re Vioxx*, 802 F. Supp. 2d at 772 (quoting *Turner v. Murphy Oil USA, Inc.*, 582 F. Supp. 2d 797, 810-811 (E.D. La. 2008)). Some work, though less time consuming in hours spent, has a greater impact on the litigation. For example, hours spent drafting critical briefs or preparing for and taking depositions of key witnesses generally provide greater common benefit than hours reviewing and coding documents. As previously noted, the Court expresses no opinion at this time whether payment for common benefit fees and expenses is or will be appropriate but, if at some future point the Court does find such an award appropriate, the Court will be assessing the value of the work performed and how it contributed to the common benefit, rather than performing a strict calculation of hours multiplied by some hourly rate. Specifically, the Court will be guided by the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as directed by the Eleventh Circuit in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

## II.     Scope of Order

This Order applies to all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL 2885.  This Order further applies to all Participating Counsel.

Participating Counsel includes the following:   (1) all attorneys who voluntarily sign the Participation Agreement; (2) all attorneys with a fee interest in any cases pending, later filed in, transferred to, or removed to this Court as part of MDL 2885, regardless of whether or not the attorney signs the Participation Agreement,[1] and regardless of whether or not the attorney also has cases outside the MDL (filed or unfiled) ("MDL Plaintiffs' Counsel"); and (3) any attorneys who were not otherwise Participating Counsel but who obtain access to or receive the common benefit work product of MDL 2885.

Executed Participation Agreements must be provided to and maintained by the Common Benefit Special Master and CPA.

Participating Counsel are entitled to receive the MDL common benefit work product as well any state court work product of those attorneys who are Participating Counsel as defined above.  Participating Counsel are prohibited from sharing any such work product with counsel who are not Participating Counsel.  Participating

---

[1] The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only.  It is not an agreement with defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, or Aearo LLC (collectively "Defendants").

Counsel will be entitled to seek compensation for common benefit work and expenses.  In return, Participating Counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, that assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest.

All Participating Counsel are bound by the terms, conditions, and obligations of this Order, as well as any other potential future Common Benefit Orders of this Court in MDL 2885.

## III.   Common Benefit Litigation Fund

a.   <u>Assessments</u>

From time to time, as necessary to fund common benefit activity in the litigation, the Lead and Co-Lead Counsel, in consultation with the Common Benefit Special Master, CPA, and Common Benefit Fund Committee, must make assessments and may receive and hold funds.  Once the Common Benefit Special Master and Common Benefit Fund Committee provide notice of an assessment, the assessed firms will have thirty (30) days to deposit their respective assessments into the Litigation Fund.[2]   If, after thirty (30) days, a firm has not deposited its

---

[2] The Court expects all assessed firms to contribute their assessments on a timely basis. That said, the Court recognizes that exceptional circumstances may occasionally arise, in which case the Common Benefit Special Master, CPA, and Common Benefit Fund Committee are authorized to determine the best course of action.

Case No. 3:19md2885/MCR/GRJ

assessment, then Participating Counsel from that firm will be ineligible for common benefit work while the firm is delinquent in its assessment and any common benefit work performed while the firm is in arrears will not be eligible for compensation. Failure to deposit assessments on a timely basis will also be a consideration during the Court's annual leadership reappointment process.  If a firm fails to deposit its assessment within 60 days of receiving notice of an assessment, and the firm does not demonstrate to the satisfaction of the Common Benefit Committee and Common Benefit Special Master good cause for such delinquency, Participating Counsel from that firm may be rendered ineligible for any compensation for common benefit work or expenses.

The assessed funds must be held in an interest-bearing account at a federally insured banking institution as designated and approved by the Common Benefit Fund Committee, as well as the Common Benefit Special Master and CPA.  The account(s), to be known as the Litigation Fund, will be maintained by the CPA with primary oversight of the Common Benefit Special Master and Common Benefit Fund Committee.  Any funds to be paid out of such account(s) may be paid only at the direction of the Common Benefit Special Master and the Common Benefit Fund Committee.  To the extent not already completed, the CPA and Common Benefit Special Master must apply for and receive a Federal Tax ID number for the Litigation Fund.

b.     Litigation Fund Payments

The purpose of the Litigation Fund is to pay the costs necessary to fund the litigation as a whole and that are appropriately considered the shared responsibility of all counsel ("Shared Costs"). Shared Costs will be paid from the Litigation Fund. Shared Costs include, but are not limited to:

   i.     Deposition and court reporter costs;

   ii.    Expert witness and consultant fees and expenses;

   iii.   Fees and costs for court-appointed Special Masters;

   iv.    Fees and costs for court-appointed CPA;

   v.     Fees and costs for retained vendors performing work on behalf of all plaintiffs, including but not limited to an MDL claims data platform, and ESI document depository and review platform; and

   vi.    Translation services (if any).

In the event there is a dispute regarding whether a cost is appropriately a Shared Cost to be paid from the Litigation Fund, the Common Benefit Special Master and CPA, in consultation with the Common Benefit Fund Committee, will make the final determination to pay or reject the expense.

All proposed contracts with vendors must be reviewed and approved by the Common Benefit Special Master, CPA, and Common Benefit Fund Committee in order for that vendor to be eligible for payment from the Litigation Fund.

To be eligible for payment from the Litigation Fund, all invoices for professional services, such as experts or other consultants, must comply with the following guidelines:

i.  Invoices should reflect time worked in quarter (1/4) hour increments;

ii.  Invoices should contain a sufficient description to allow a reviewer to understand specifically what work was completed;

iii.  Invoices must be accompanied by a statement from the submitting attorney that the attorney has reviewed the invoice and that the invoice a) adequately describes and reflects the work performed, and b) is reasonable for the work performed.

Failure to follow these procedures will result in the non-payment of such invoices.

Requests for payment or reimbursement of Shared Costs from the Litigation Fund must be submitted by the 20th of the month using the centralized system selected by the Common Benefit Fund Committee.  Any request for payment or reimbursement of Shared Costs from the Litigation Fund must be accompanied by a certification attesting that the subject expense was for the common benefit and was approved by Lead or Co-lead Counsel.  The Common Benefit Special Master, in consultation with the Common Benefit Fund Committee and CPA, will determine whether such invoices are appropriately Shared Costs to be paid from the Litigation Fund.  If the invoice is deemed to be an appropriate Shared Cost and meets the requirements set forth in this section, the CPA, with approval of the Common

Benefit Special Master, will make payment on or before the last day of the following month.

    c.    <u>Litigation Budgets</u>

On a quarterly basis, at least two weeks prior to the start of a quarter, Lead Counsel, Co-Lead Counsel, and the Executive Committee must submit a budget to the Common Benefit Special Master, CPA, and Common Benefit Fund Committee. The quarterly budget must set forth reasonable estimates of anticipated costs and the anticipated timing of such costs expected to be paid from the Litigation Fund each quarter.  Such quarterly budgets will be used by the Common Benefit Special Master, CPA, and the Common Benefit Fund Committee for the purpose of the orderly management of the Litigation Fund. The Common Benefit Special Master and CPA, in consultation with the Common Benefit Fund Committee, are further authorized and encouraged to request any other information or reports as they deem necessary to manage the Litigation Fund and to ensure that expenses submitted for payment from the Litigation Fund are necessary and appropriate for the common benefit.

## IV.   **General Rules**

For counsel appointed by the Court or acting under the direction of the leadership of Lead and/or Co-Lead Counsel, the recovery of common benefit time and cost reimbursement will be allowed and is essential.

a.    <u>Participating Counsel</u>

Participating Counsel are counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the Court will have final, non-appealable authority regarding the award of fees, the allocation of those fees, and awards for cost reimbursements in this matter.  Participating Counsel have (or will have) agreed to and therefore will be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of this Order or to otherwise challenge its adequacy.

b.    <u>Eligibility for Common Benefit Fees and/or Costs</u>

Only Participating Counsel can do common benefit work or incur expenses for the common benefit, receive or have access to common benefit work product, and seek common benefit fees and reimbursement of common benefit expenses. Only Participating Counsel will be entitled to receive any common benefit work product or make a claim (or recover) for any common benefit fees and expense reimbursements.

This Order establishes the guidelines regarding the submission and compensability of common benefit time and expenses.  Participating Counsel will

only be eligible to receive common benefit attorney's fees and cost reimbursement if the time expended, costs incurred, and activity in question were (a) for the common benefit, (b) appropriately authorized (as defined in this section), and (c) timely and properly submitted. Compliance with these guidelines is required for common benefit time and costs to be eligible for compensation but it does not create a presumption that such time and expenses will be compensated or reimbursed. The final determination of any allocation of common benefit fees and expenses, if any, will be made by the Court after a *de novo* review of a Report & Recommendation provided by the Common Benefit Special Master.

For the purpose of coordinating these guidelines and tracking submissions, the Lead Counsel, Co-Lead Counsel, and Common Benefit Fund Committee will employ the CPA. The CPA will ensure proper compliance by the parties with this Order and work with the Common Benefit Special Master and Common Benefit Fund Committee to manage the Litigation Fund and administer the payment and reimbursement of the Shared Costs (not fees or Held Costs) from the Litigation Fund.

    c.    <u>Authorization for Common Benefit Work</u>

Only previously authorized common benefit work is eligible for consideration for compensation. Authorized common benefit work is an assignment made or authorized by Lead or Co-Lead Counsel, subject to the provisions of this Order.

Authorization for common benefit work must be given prior to the commencement of the work and must be in writing (e.g., by email).  Blanket authorizations (e.g. "general discovery," "expert work," or "depositions") or authorizations unlimited in time will not be accepted.  Time spent developing or processing individual issues in any case for an individual client will be not considered for common benefit and it should not be submitted.  Time spent on unauthorized work should not be submitted and will not be compensable.

    d.    <u>Time and Expense Record Submission</u>

Each lawyer or staff member working on common benefit activities must submit a separate report of his/her time and expense records every month.  Report periods close on the last day of each month, and records for time worked or expenses incurred during that period must be submitted by the 20th day of the following month. For example, all time and expense entries for common benefit activities performed in May would be due June 20th.  The first reporting period will be from May 22, 2019 (the date plaintiffs' leadership were appointed) through July 31, 2019.[3]  Time

---

[3]   The Court appointed Bryan Aylstock as Interim Lead Counsel on April 5, 2019.  The Court recognizes that Mr. Aylstock performed a significant amount of work in the time between his appointment as Interim Lead Counsel and appointment as Lead Counsel.  As such, work performed by Mr. Aylstock and by other attorneys working on behalf of the common benefit at the specific direction of Mr. Aylstock from the period of April 5, 2019 through May 22, 2019 may submit that time for common benefit consideration.

and expense submissions for that period will be due by August 20th, and proceeding thereafter on a monthly basis.

Common benefit time and expense entries must be submitted directly into a centralized system selected by the Common Benefit Fund Committee, in consultation with the Common Benefit Special Master and CPA. No other form of submission for time and expenses will be accepted. All time and expense entries must be accompanied by a certification that the time and/or expenses are true, accurate, approved by Lead or Co-Lead Counsel, and compliant with this Court's Orders. The failure to secure authority to incur common benefit time and expenses, to maintain and timely provide such records, or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or reimbursement of expenses. Failure to provide time and expense records as set forth herein will result in a waiver of the same unless, due to extenuating circumstances, a specific extension is granted in writing prior to the due date by the Common Benefit Special Master.

e.     Time and Expense Review and Reporting

The forms and records detailing both time and expenses will be subject to periodic review by the Common Benefit Special Master and CPA, whose appointments include the performance of such services as set forth in this Order. The Common Benefit Special Master and CPA will work with the Common Benefit

Fund Committee to ensure the accuracy of time and expense submissions, as well as their compliance with the Court's Orders. The purpose of the Common Benefit Special Master's substantive review is to have time and expenses reviewed and accepted or rejected as eligible for common benefit compensation as the litigation progresses and not wait for a substantive review until nearly the end of the litigation. It is the Court's intent to avoid as much as possible any disputes over the classification of time and expenses as common benefit and the value of same.

The Court directs the Common Benefit Special Master and CPA, in consultation with the Common Benefit Fund Committee, to provide the Court with monthly reports regarding the administration of the Litigation Fund, time submitted for work performed for the common benefit, as well as any other issues related to common benefit administration. Monthly reports may be provided in-person or telephonically. Written reports must be provided to the Court upon request. The Special Master, CPA, and Common Benefit Fund Committee must also provide periodic reporting (at least quarterly) to Lead Counsel, Co-Lead Counsel, and the Executive Committee.

## V.     Common Benefit Time and Expense Entry Requirements and Limitations

### a.     Requirements and Limitations for Held Costs

Held Costs are costs incurred in connection with authorized common benefit work but that will be carried by each attorney through the pendency of the litigation.

Only reasonable expenses, consistent with the limitations discussed herein and incurred in connection with authorized common benefit work, will be eligible for reimbursement. Compliance with the below guidelines merely renders Held Costs eligible for potential future reimbursement. In no event will Held Costs be reimbursed without a Report & Recommendation from the Common Benefit Special Master, which will be subject to this Court's *de novo* review and approval by Court Order. All expense submissions for Held Costs must include (a) the date the expense was incurred, (b) the category of the expense, (c) the amount of the expense, (d) the person who incurred the expense, (e) a short but specific description of the expense, and (f) a receipt verifying the amount of the expense. Attorneys must keep receipts for all expenses. If a receipt is not available, copies of checks or credit card statements reflecting the date of the expense, nature of the expense, and amount of expense may be submitted so long as accompanied by a declaration from counsel that the expense was incurred while performing authorized work for the common benefit. If neither a receipt nor credit card statement is available, counsel must submit a declaration outlining the details of the expense.

> i.    *Travel Limitations*

Except in extraordinary circumstances approved by the Common Benefit Fund Committee and the Common Benefit Special Master, all travel reimbursements

are subject to the following limitations in order to be considered eligible for common

benefit reimbursement:

1.   Airfare.   Reasonable and appropriate airfare will be
reimbursed and is subject to audit and review.  Airfare
deemed to be excessive or which is not related to an
assigned task or judicial requirement will not be
reimbursed.  Only the lowest-price available coach airfare
at time of booking (at rates which allow the reservation to
be rebooked without surcharge and other agency fees) for
a reasonable itinerary will be eligible for reimbursement.
Notwithstanding the foregoing, first class airfare is
allowed for cross-country flights that are in excess of four
hours total flight time or for international flights.  Airfare
expense submissions must be supported by invoice or
receipt for airfare that shows class of airfare purchased,
name of traveler, and destination.  If first class is flown
and only coach fare is reimbursable, proof of applicable
coach fare must be provided.  The use of private aircraft
will not be reimbursable except for a) the specific
attorney(s) authorized by Lead and Co-Lead Counsel to
attend the event necessitating such travel, and b) at the cost
of the lowest-price available coach airfare for that
itinerary.

2.   Hotel.  Reasonable and appropriate hotel accommodations
will be reimbursed.  Hotel accommodations deemed to be
excessive or which are not related to an assigned task or
judicial requirement will not be reimbursed.

3.   Meals.  Meal expenses must be reasonable.  Meal expense
submissions must identify the attendees for that meal.

4.   Cash Expenses.  Miscellaneous cash expenses for which
receipts generally are not available (tips, luggage
handling, etc.) will be reimbursed, as long as the expenses
are reasonable and properly itemized.

5. <u>Rental Automobiles.</u>  Luxury automobile rentals will not be fully reimbursable.  If luxury automobiles are selected, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless the larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.  Rental automobile expense submissions must be supported by receipts or credit card statements.  Such rentals are limited to travel pursuant to an assigned or required task related to this litigation.

6. <u>Mileage.</u>  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS as of the date of the trip.

ii. *Non-Travel Limitations*

1. <u>Firm Overhead Costs.</u>  Firm overhead costs (including but not limited to expenses for office supplies or equipment, standard phone or internet service, maintenance of firm's website, etc.) are not reimbursable as common benefit expenses.

2. <u>Client Recruitment.</u>  Expenses for advertising or other expenses for the purpose of marketing, client recruitment, or client acquisition are not reimbursable as common benefit expenses.

3. <u>Shipping, Overnight, Courier, and Delivery Charges.</u>  All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

4. <u>Postage Charges.</u>  A contemporaneous postage log or other supporting documentation must be maintained and

submitted for common benefit postage charges. Such charges are to be reported at actual cost.

5.      Photocopying.  Whether for internal or external copying services, the maximum copy charge is $0.20 per page for black and white copies and $0.35 per page for color copies.

6.      Computerized Research – Lexis/Westlaw.  Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

b.      Requirements and Limitations for Common Benefit Work

Authorized common benefit work includes assignments made or authorized by Lead or Co-Lead Counsel.  Plaintiffs' counsel who seek to recover Court-awarded common benefit attorney's fees and expenses in connection with this litigation must keep a daily contemporaneous record of their time and expenses, noting with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe").  Time entries that are not sufficiently detailed may not be considered for common benefit compensation.  To be eligible for compensation, each time entry must include (a) the amount of time worked in one tenth (.1) hour increments, (b) the name of the attorney/paralegal performing the task, (c) the law firm name, (d) the professional level/title of the attorney or paralegal performing the task (work performed by law clerks will not be compensable), (e) a description of the particular common benefit activity performed (with sufficient detail to permit meaningful review), (f) the appropriate litigation task code, and (g)

the name of the Lead or Co-Lead Counsel who authorized the activity in question. Compliance with the below guidelines merely renders attorney work eligible for potential future compensation. Fee awards, if any, will be determined by the Court after a *de novo* review of a Report & Recommendation provided by the Common Benefit Special Master.

Examples of authorized and unauthorized common benefit work include, but are not limited to:

i.   Depositions.   Participating Counsel may attend any deposition, space permitting.   However, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Lead or Co-Lead Counsel, the time and expenses will not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients. For counsel who are designated by Lead or Co-Lead Counsel to take or defend a deposition, such counsel may have the assistance of one other attorney from his/her firm at the deposition, whose time may be considered common benefit time and whose expenses may be compensable.

ii.  Periodic MDL Conference Calls.   These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work.   All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls.   The attorneys designated by Lead or Co-Lead Counsel to run or participate in those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for the common benefit.   Nothing in this paragraph should be construed to prevent members of the PEC from submitting common benefit time for participation in PEC communications that are germane

to all members of the PEC and are necessary to fulfill their PEC obligations.

iii.    <u>Periodic Status Conferences.</u>  Regular status conferences are held so that the litigation continues to move forward efficiently and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by Lead or Co-Lead Counsel to address issues that will be raised at a given status conference or requested by the Lead or Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Lead or Co-Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Court may submit their time for evaluation as common benefit time.

iv.    <u>Committee Meetings or Calls.</u>  For purposes of committee phone calls or other meetings, a presumption exists that only one participant per firm will qualify for common benefit time, unless a committee contains more than one attorney otherwise authorized by the Lead or Co-Lead Counsel.

v.    <u>Identification and Work Up of Experts.</u>  Participating Counsel are expected to identify experts in consultation with the Lead and Co-Lead Counsel and the Science & Experts Subcommittee, which is chaired by Douglas Monsour, who is responsible for coordinating with Lead and Co-Lead Counsel. If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Lead or Co-Lead Counsel, or Chair of the Science & Experts Subcommittee, that attorney understands that the MDL may not need or use that expert and the attorney's time and expenses may not be eligible for common benefit expenses/work.

vi.     Attendance at Seminars.  Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Lead or Co-Lead Counsel and for the benefit of the MDL.  The attorney's attendance must be approved in advance by Lead or Co-Lead Counsel to be eligible for common benefit.

vii.    Document Review.  Only document review specifically authorized by the Lead or Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work.[4]  The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney.  If a reviewer elects to review documents beyond the scope of the review assigned to that attorney by the Lead or Co-Lead Counsel for the MDL, that review is not considered common benefit work.  The Common Benefit Special Master, CPA, and Common Benefit Fund Committee will receive periodic reports from the vendor(s) retained to manage the electronic production of computer billing time for depository review.  Such vendor should have the capability to track actual time spent by each attorney reviewing documents.  The Common Benefit Fund Committee will review all time submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

viii.   Contract Attorneys.  Work by attorneys who are hired as contract attorneys will not be eligible for common benefit consideration without the prior express authorization of Lead or Co-Lead Counsel.

ix.     Review of Pleadings and Orders.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation.  Only those attorneys designated by Lead or Co-Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the

---

[4] Authorized document review may include either review of an assigned population of documents (e.g. a specific custodian file) or may encompass the search and review of documents related to a specific topic.

common benefit and their time will be considered for common benefit. All other counsel reviewing those pleadings and orders are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph should be construed to prevent the Lead, Co-Lead, Co-Liaison Counsel, or Executive Committee from submitting common benefit time for reviewing orders of the Court that are germane to all members of the leadership and are necessary for review to fulfill their committee or court appointed obligations.

x.    Emails.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of group or mass emails is part of that obligation.  Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email.  For example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable.  If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

xi.    Review of Discovery Responses.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation.  Only those attorneys designated by the Lead or Co-Lead Counsel to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit.  All other counsel reviewing those discovery responses are reviewing for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

xii.    Trial Pool and Bellwether Trials.  While the work-up of individual cases is ***not*** considered common benefit, in the event that a case is selected as part of an approved early preference trial

pool or bellwether trial process in the MDL, the work performed on the case as part of the approved trial process may be considered for common benefit to the extent it complies with other provisions of this Order or Participation Agreement. Work performed on an individual case prior to that case's selection as part of an approved trial pool or bellwether trial process will not be common benefit work.

xiii.  <u>Paralegal Work.</u>  Work performed by paralegals will be subject to all the same procedures and requirements set forth in this Order as that performed by attorneys.

xiv.  <u>Client Recruitment.</u>  Time spent traveling to, hosting, or participating in meetings, calls, etc. for the purpose of marketing, client recruitment, or client acquisition are not reimbursable as common benefit expenses.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel must ask the Lead, Co-Lead Counsel, or Common Benefit Fund Committee in advance as to whether such time may or may not be compensable.

The Court **DIRECTS** the Clerk to file a copy of this Order in 3:19-md-2885 and the Order will apply to each member related case previously transferred to, removed to, or filed in this district. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action on removal or transfer.

It is the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court.  The orders may be accessed through PACER, as well as on the 3M Combat Arms Earplug Products Liability Litigation website at http://www.flnd.uscourts.gov/mdl2885.

**DONE** and **ORDERED** on this 12th day of July, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**