# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | ) Case No. 3:19md2885<br>)<br>)<br>) Judge M. Casey Rodgers<br>) Magistrate Judge Gary R. Jones |

## NOTICE TO TAKE DEPOSITION
## <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)</u>

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 9:30 a.m. on August 12, 2019, Plaintiffs will take the deposition of Defendant 3M Company pursuant to the provisions of Federal Rule of Civil Procedure 30(b)(6). The deposition will be taken at: Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654.

The deposition will be taken upon oral examination, pursuant to the provisions of Federal Rule of Civil Procedure 30, before a Notary Public or other official authorized to administer oaths, who is not a party to the above-captioned action. Such deposition shall continue from day to day, excluding weekends and holidays, until completed.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be recorded by videotape in addition to recording testimony by stenographic method pursuant to Federal Rules of Civil Procedure, Rule 30.

**NOTE:** If the deponent requires the services of an interpreter, you must advise this office in writing no later than five (5) business days before the date set for the deposition of both the need for the interpreter and the language required.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, Defendant 3M Company is requested to produce the documents responsive to the annexed Subpoena Duces Tecum within 30 days or five business days prior to the deposition of the designated deponent(s), whichever is earlier.

Defendant 3M Company, is hereby requested and required, pursuant to Federal Rules of Civil Procedure 30(b)(6) to designate and produce a person or persons to testify on behalf of 3M Company, on the following matters:

A. **Distribution and Shipment**

(1)   The national distribution of Defendants'[1] dual-end Combat Arms Earplugs, including any civilian version or non-military version (the "CAE"), through military, civilian, and any other distribution channels, including but not limited to the identity and role of any and all organizations that distribute the CAE nationwide and the manner and method of distribution, from the time they were first distributed to present.

---

[1] "Defendants" is defined herein and is intended to include 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC.

(2) The worldwide distribution of the CAE, through military, civilian, and any other distribution channels, including but not limited to the identity and role of any and all organizations that distribute the CAE worldwide, the manner and method of distribution and the channels of distribution through the North Atlantic Treaty Organization, from the time they were first distributed to present.

(3) Any and all contracts between Defendants and third parties relating to the distribution of the CAE, from the time they were first distributed to present.

(4) Any and all shipping contracts relating to the shipment of the CAE, and receipts for shipping, from the time they were first shipped to present.

(5) The manner in which the CAE were/are shipped nationwide, from the time they were first shipped to present.

(6) The manner in which the CAE were/are shipped worldwide, from the time they were first shipped to present.

(7) The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the distribution process and/or shipment of the CAE, both national and/or worldwide, from the time they were first distributed to present.

(8) The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants responsible for communicating with the U.S. Government relating to the distribution

and/or shipment of Combat Arms Earplug, from the time they were first conceived to present.

(9) The structure of Defendants' internal departments and divisions as it applies to distribution and shipment of the CAE, from the time they were first distributed or shipped to present.

(10) The sources and location of all documents and data created and/or maintained by the individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants identified in Paragraphs 7-8, including but not limited to: custodial files; departmental files; committee files; project team files; databases; and shared work environments, such as SharePoint.

### B.     Packaging, Marketing and Labeling

(11) Any and all packaging for the CAE, from the time they were first distributed to present.

(12) Any and all labeling for the CAE, from the time they were first distributed to present.

(13) Any and all marketing strategy and campaigns for the CAE, including but not limited to strategies and/or campaigns aimed at the military, civilians or any other potential purchasers and users, from the time they were first conceived to present;

(14) The production and distribution of training documents, training videos, and for instructions for use of the CAE.

(15) Any marketing videos concerning the CAE.

(16) Any correspondence, documents, or data relating to the design or marketing of the carrying case for the CAE.

(17) The marketing budget for the CAE, from the time they were first conceived to present.

(18) The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the packaging and labeling of the CAE, both national and worldwide, from the time they were first distributed to present.

(19) The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in developing and/or approving marketing strategies and campaigns for the Combat Arms Earplug, from the time they were first conceived to present.

(20) The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional and marketing materials for the Combat Arms Earplug, from the time they were first conceived to present.

(21) The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional events relating to the CAE, including but not limited to: speaking events and lectures, conferences, meetings, and focus groups, from the time they were first conceived to present.

(22) The structure of Defendants' internal departments and divisions as it applies to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

(23) Any and all contracts between Defendants and third parties relating to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

(24) The responsibilities of third parties with respect to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

(25) The sources and location of all documents and data created and/or maintained by the individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants identified in Paragraphs 18-21, including but not limited to: custodial files; departmental files; committee files; project team files; databases; and shared work environments, such as SharePoint.

C. **<u>Sales</u>**

(26) Any and all analyses run by Defendants' sales employees, sales departments and/or anyone working on their behalf to determine revenue and profit generated by the Combat Arms Earplug, from the time they were first sold to present.

(27) Any and all sales projections run by Defendants' sales employees, sales departments and/or anyone working on their behalf relating to the Combat Arms Earplug, from the time they were first conceived to present.

(28) Any and all contracts between Defendants and third parties relating to the sales of the CAE, from the time they were first conceived to present.

(29) The responsibilities of third parties with respect to the sales of the CAE, from the time they were first conceived to present.

(30) The identity and role of any all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the sales of the Combat Arms Earplug, including but not limited to sales representatives, detailers, regional and district sales managers, and their agents, from the time they were first conceived to present.

(31) The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for sales projections for the Combat Arms Earplug, from the time they were first conceived to present.

(32) The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for training Combat Arms Earplug sales representatives or detailers.

(33) The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the pricing of the Combat Arms Earplug, from the time they were first conceived to present.

(34) The sources and location of all documents and data created and/or maintained by the individuals or entities identified in Paragraphs 30-33, including but not limited to: custodial files; laptops, departmental files; committee files; project team files; databases; slide decks, electronic media, websites, payment information, and shared work environments, such as SharePoint.

DATED: July 17, 2019

Respectfully submitted,

/s/ Shelley V. Hutson
Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, PLLC
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger,
Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis &
Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas,
Mitchell, Rafferty & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Shelley V. Hutson, hereby certify that on July 17, 2019, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ *Shelley V. Hutson*
Shelley V. Hutson