# Exhibit A

## **EXHIBIT A - SUBPOENA DUCES TECUM**

## **INSTRUCTIONS**

1.  Pursuant to Fed. R. Civ. P. 30(b)(2), this notice of deposition requires that Defendant 3M Company produce all requested DOCUMENTS that are in its actual or constructive possession, custody or control, including, without limitation, those DOCUMENTS in the possession, custody or control of 3M Company's attorneys, investigators, agents or other persons acting on 3M Company's behalf.

2.  If Defendant 3M Company represents that it is unable to comply with a particular request, Defendant 3M Company must affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that request. This statement shall also specify whether the inability to comply is because the particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or is no longer in the possession, custody, or control of the responding party. This statement shall set forth the name and address of any natural person or organization known or believed by that party to have possession, custody or control of that item or category of item. Plaintiffs will move to exclude any documents in Defendant 3M Company's possession, custody, and/or control that are responsive to these requests that Defendant 3M Company does not produce.

3.  These requests do not call for documents that are protected by the attorney-client privilege or the attorney work product doctrine. If in response to these requests Defendant 3M Company refuses to produce any documents based on a claim of privilege, a privilege log shall be produced within 30 days or five (5) business days before the

deposition of the designated deponent(s), whichever is earlier, containing all information identified in Pretrial Order 9, Section X.

## DEFINITIONS

As used in this subpoena duces tecum, the following terms shall have the following meanings:

1. COMMUNICATION(S) means and refers to any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, email, text message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

2. DOCUMENT(S) is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and expressly includes all iterations of handwritings, typings, printings, Photostats, photographs and any other method of recording upon any tangible thing, any form of COMMUNICATION, representation, such as letters, words, pictures, sounds, symbols or combinations thereof, and any data compilation from which information can be obtained through a detection device into usable form. The term "DOCUMENT" shall include, without limitation, all written graphic material such as letters, memoranda, reports, studies, notes, minutes, diary entries, including calendar entries indicating date of and participants to any meetings, notes or records of telephone conversations, conferences or other oral COMMUNICATIONS and appointment records, time records, ledgers, journals,

financial or accounting records, personnel records, payroll records, annual reports, work papers, schedules, photographs, recordings, charts, graphs, transcriptions, tapes, discs, e-mails, printouts and other electronic data processing materials. The term "DOCUMENT" shall also include each copy of a DOCUMENT that is not identical in all respects with or that contains any notation not appearing on said DOCUMENT.

## REQUESTED DOCUMENTS

Plaintiffs request that Defendant 3M Company produce the following documents within 30 days or five (5) days before the deposition of the designated deponent(s), whichever is earlier:

1. Curriculum vitae of proposed deponent(s).

2. All DOCUMENTS reviewed, considered, or relied upon in preparation for this deposition.

3. All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the national and/or worldwide distribution of the CAE, including but not limited to the agreements themselves, from the time they were first distributed to present.

4. All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the national and/or worldwide shipment of the CAE, including but not limited to the agreements themselves, from the time they were first shipped to present.

5. All DOCUMENTS referring to or relating to the national and/or worldwide distribution and shipment of the CAE through both military and civilian distribution

- 13 -

channels, including but not limited to, illustrative charts, PowerPoint presentations, diagrams, posters, brochures, leave-behind pamphlets, and any other DOCUMENTS that accompanied the CAE.

6. All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the marketing, packaging and labeling of the CAE, including but not limited to the agreements themselves, from the time they were first conceived to present.

7. All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the sales of the CAE, including but not limited to the agreements themselves, from the time they were first conceived to present.

8. Any and all labeling for the CAE, from the time they were first distributed to present.

9. Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the distribution and shipment of the CAE, from the time they were first distributed or shipped to present.

10. Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

11. Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the sales of the CAE, from the time they were first conceived to present.