UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 3**

The third case management conference in this matter was held on July 25, 2019. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.

**I.      Science Day & Fourth Case Management Conference**

Science Day is scheduled for **Monday, August 26, 2019 beginning at 9:00 a.m. CST**, and will be followed by a case management conference. At the outset of the Science Day proceeding, each side (via its attorneys) will briefly summarize its theory of the case (or theory of defense) in terms of the alleged product defect. The parties will then present general information about certain scientific aspects of this litigation, including: (a) sound properties and measurement, (b) how sound is perceived by the human ear, (c) the science of hearing loss, (d) hearing examination protocols, including methods for causal attribution of hearing loss, (e) hearing protection devices generally and their evolution, (f) considerations regarding selection of hearing protection devices, and (g) standards and procedures for testing

hearing protection devices. To the extent certain unique testing protocols were required for the 3M Combat Arms Earplug, then general information about those protocols is also appropriate. Merits evidence—such as evidence about product-specific testing and/or results, whether 3M or its predecessor deviated from any testing protocol, labeling frameworks and/or the adequacy of the label for the Combat Arms Earplug, company documents, and/or government FOIA materials—will not be permitted.

A joint proposed agenda for Science Day must be submitted by **August 5, 2019**. Each side may present up to three speakers. The parties must disclose all planned speakers to the Court and to one another, at least seven days before the proceeding.

**II.     Tolling; Responsive Pleadings; Initial Census; BrownGreer PLC**

The parties are continuing to meet and confer on issues related to tolling, responsive pleadings, the initial census (including Plaintiff Profile Forms and Plaintiff Fact Sheets), and the BrownGreer PLC contract. Leadership must advise the Court of the status of these discussions during a biweekly call on August 9, 2019.

**III.    Depositions from the *Moldex* Cases**

On July 12, 2019, Defendants requested permission from Moldex's General Counsel and outside counsel to produce, to the Plaintiffs in this case, relevant depositions under the confidentiality order in the *Moldex* cases. The Court has been

advised that Moldex's counsel will respond to Defendants' request by Monday, July 29, 2019. The parties must advise the Court on the status of Moldex's response by close of business that same day.

If Moldex does not consent to the release of the prior depositions, then the Court will set a conference call with leadership to discuss next steps. If Moldex consents, then Defendants must produce the relevant deposition materials by **Friday, August 2, 2019**. The productions must include all final transcripts and errata, if any, in hardcopy/PDF, ASCII/text, and video formats, together with any exhibits, in Defendants' possession and/or control. To the extent Defendants do not have possession and/or control of the relevant deposition materials in one or more of the formats just described, Plaintiffs may obtain the unavailable materials from the appropriate court reporter and/or videographer.

### IV.   30(b)(6) Depositions

Defendants will serve their objections to Plaintiffs' first Rule 30(b)(6) deposition notice by August 9, 2019. A courtesy copy of the objections must be submitted to the Court by 10 a.m. CST on that same day. The parties will be expected to meet and confer in an attempt to resolve any disagreements. To the extent disputes remain, leadership should be prepared to discuss those disputes during the biweekly call on August 9, 2019.

## V.   TAR & Plaintiffs' Document Requests

The parties are continuing to meet and confer regarding Plaintiffs' first request for production of documents, as well as the documents that will comprise the Sample Set to be used for the TAR process in this litigation. If any disagreements remain unresolved on August 7, 2019, then the parties must submit the contested documents to Judge Jones for *in camera* review by close of business that same day. The parties should be prepared to discuss the contested documents during the biweekly call on August 9, 2019; if necessary, a briefing schedule and separate telephone hearing with Judge Jones will be set at that time.

## VI.   Deposition Protocol

By separate Order, the Court will enter the Deposition Protocol applicable to: (i) all fact depositions of witnesses who are currently or were formerly employees of MDL Defendants, and (ii) all third-party witnesses (including government and military witnesses), other than third-party witnesses who are relevant only to the claims of a particular plaintiff. The Court's rulings on the disputed provisions are reflected in the modifications to paragraphs 5, 6, 7, 9, and 21 (which corresponds to paragraphs 6, 7, 8, 10, and 22 in the parties' proposed protocol).

**DONE** and **ORDERED**, on this 29th day of July, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**