UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 13**
**DEPOSITION PROTOCOL**

**I.      Scope of Order**

1.     <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order applies to all cases currently pending in MDL No. 2885 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively, "the MDL Proceedings").  This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these Proceedings and will govern each case in these MDL Proceedings.

2.     <u>Scope</u>.  This Order applies to: (i) all fact depositions of witnesses who are currently or were formerly employees of MDL Defendants; and (ii) all third-party witnesses (including government and military witnesses), other than third-party witnesses who are relevant only to the claims of a particular plaintiff, *i.e.*, case-specific witnesses.  For the avoidance of doubt, this Order does not apply to: (i) fact depositions of any MDL Plaintiff, his or her representatives, family members,

personal acquaintances, healthcare providers, and all other case-specific fact witnesses; and (ii) expert depositions.

3. <u>Terms</u>.  For the purpose of this Order, the terms "MDL Plaintiffs" and "MDL Defendants" refer, respectively, to all Plaintiffs and all Defendants in these MDL Proceedings (each a "Party" and collectively, the "Parties").  The terms "Plaintiffs" or "Plaintiffs' Counsel" refers to Plaintiffs' leadership appointed by the Court (*i.e.*, Lead Counsel, Co-Lead Counsel, Plaintiffs' Executive Committee, Plaintiffs' Steering Committee, together with committees or sub-committees specifically authorized by the Court to conduct such discovery), or the designees of the foregoing.  The term "Plaintiffs' Lead Counsel" refers to Lead Counsel Bryan F. Aylstock, Co-Lead Counsel Shelley V. Hutson, and Co-Lead Counsel Christopher A. Seeger.  The terms "Defendants" or "Defendants' Counsel" refer to Defendants' Lead Counsel or their designee.  The term "Involved Counsel" refers to those attorneys participating in a particular deposition, which may include Plaintiffs' Lead Counsel or their designees or Defendants' Counsel or their designees.

**II.  General Provisions**

4. <u>Cooperation</u>.  The Parties are reminded that deposition discovery in the context of MDL Proceedings can be extraordinarily complex and demanding.  The process of scheduling and taking depositions, when such large numbers of cases and attorneys are involved, requires a large degree of coordination, cooperation, and

effort. Counsel are expected, throughout this process, to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

5.  <u>Number of Depositions; Deposition Days for Depositions of Current and Former MDL Defendant Employees; Allocation of Time Between Plaintiffs</u>. Absent agreement of the Parties or Order of the Court on a showing of particularized need, Plaintiffs will be limited to no more than forty (40) deposition days of (i) fact witnesses currently or formerly employed by MDL Defendants; and (ii) witnesses designated by MDL Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6).[1]

With respect to depositions of Defendants' current or former employees, MDL Plaintiffs will be permitted 7 hours of examination time per deposition day, exclusive of re-direct/re-cross examination, which will be allotted an additional 30 minutes, for a total deposition time limit of 7.5 hours. Each deposition will count as at least one full deposition day, even if the time on the record during a particular deposition is less than 7.5 hours.

6.  <u>Notice of Anticipated Multiple-Day Examinations</u>. Plaintiffs' Lead Counsel must provide notice to Defendants at least 14 days prior to a deposition if the deposition is expected to last more than one deposition day. Absent such notice,

---

[1] The presumptive limit on the number of depositions that either side may take does not apply in the MDL Proceeding, and thus the MDL Plaintiffs and MDL Defendants need not seek leave under Fed. R. Civ. P. 30(a)(2) to take in excess of 10 depositions, respectively.

Plaintiffs' Lead Counsel or their designees will have no more than one (1) day of 7.5 hours of deposition examination time, including re-direct/re-cross. Absent agreement of the Parties or order of this Court on a showing of good cause: (i) no deposition may occur over more than two deposition days of seven 7.5 hours of testimony per day; and (ii) any deposition scheduled for more than one day must occur on consecutive calendar days.

7. <u>Fact Witnesses Defendants Designate as Corporate Representatives</u>. The Parties may agree to consecutive depositions of an individual who is both a fact witness and a 30(b)(6) corporate representative witness (as properly noticed by Defendants pursuant to Fed. R. Civ. P. 30(b)(6)). One deposition will be taken in his or her individual capacity (as a fact witness) and a separate deposition will be taken in his or her capacity as a corporate representative. Absent agreement of the Parties or order of this Court for good cause shown, an individual designated to testify as both a corporate representative and in his or her individual capacity may not be deposed for more than a total of two (2) days of 7.5 hours of testimony per day. If such a witness is later designated as an expert witness, then the witness may be required to submit to additional deposition questioning.

8. The time limits for a deposition set forth above will be based on the actual time spent examining the witness. Time spent on attorney colloquy and breaks (including for lunch) will not be counted toward the time limit.

9. <u>Cross-Noticing of Common Witnesses</u>.  The Parties must use their best efforts to coordinate, to the extent practicable, the scheduling and taking of depositions with state-court plaintiffs, including working on agreements for the cross-noticing of depositions, in order to minimize the number of times that a common witness must appear for a deposition, eliminate duplicative discovery, conserve judicial resources, and promote the just and efficient conduct of this litigation.[2]  In a coordinated deposition, the Court expects MDL counsel and state-court counsel to cooperate in selecting a primary examiner.  When the primary examiner has concluded his or her examination, other appropriate counsel may ask non-duplicative additional questions prior to the completion of the deposition.  To the extent there is a need for Court input on the allocation of time between MDL counsel and state-court counsel during a particular deposition, Plaintiffs' Lead Counsel must notify the Court in advance.  The time that state-court counsel spends examining a common witness will not be counted against the examination time allotted to MDL counsel.  With that said, the Court will not permit redundant or excessive questioning of a witness.

10. <u>Parties to Meet and Confer on Scheduling</u>.  Plaintiffs' Counsel and Defendants' Counsel must work cooperatively to ensure a fair and orderly process

---

[2] A "common witness" is any witness common to this MDL proceeding and any state-court proceeding in which a plaintiff alleges that the 3M Combat Arms Earplugs Version 2 caused them injury.

for the scheduling of depositions.  Absent extraordinary circumstances, Involved Counsel must consult in advance with proposed deponents or their counsel in an effort to schedule depositions at mutually convenient times, and counsel for the deponent must provide Involved Counsel multiple available deposition dates to aid the Parties' efforts at cooperative scheduling.  Plaintiffs' Lead Counsel, Defendants' Counsel, and counsel for the deponent, if applicable, must cooperate on selecting a mutually convenient date for each deposition.

**III.   Scheduling, Logistics, and Service of Notices**

11.   <u>Ineligible Deposition Dates</u>.  Unless otherwise agreed by the Parties or ordered by the MDL Court, depositions may not be taken on Saturdays, Sundays, or federal court holidays.

12.   <u>Location of Depositions</u>.  In the absence of agreement to the contrary, depositions taken pursuant to this Order of witnesses who are currently or were formerly employees of MDL Defendants will take place in Chicago, IL.

13.   <u>Start Time</u>.  In the absence of agreement to the contrary, depositions will commence at 9:00 a.m. in the time zone in which the deposition is taking place.

14.   <u>Notice Form/Content/Timing</u>.  Each deposition notice in the MDL Proceeding must comply with Fed. R. Civ. P. 30(b).  The deposition notice must include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location

of the deposition. The notice must clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means. Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) must describe with reasonable particularity the matters for examination. The questioning during the representative deposition must be limited to the matters referenced in the notice. Absent agreement of the parties, good cause, or an order of the MDL Court, any deposition notice must be served at least thirty (30) days before the date the noticed deposition is to occur.

15. <u>Authority to Serve & Receive</u>. Notices for depositions in the MDL Proceeding must be served by email, mail, courier service, or other electronic means on Plaintiffs' Lead Counsel and Defendants' Counsel.

16. This Order, in its entirety, must be attached to any subpoena or notice that relates to the deposition of a third-party witness.

17. <u>Postponements</u>. Once a deposition has been mutually scheduled by the Parties, it may not be taken off the calendar, rescheduled, or relocated fewer than two weeks in advance of the date it is scheduled to occur, other than to withdraw the notice, except upon agreement in writing among the examiner designated by the noticing party and Lead Counsel for the opposing party, or by leave of Court for good cause shown.

## IV. Conduct of the Deposition

18. <u>Who May Attend</u>.  Unless otherwise agreed to by the Parties, depositions may be attended only by the Parties, the Parties' counsel, the deponent, the deponent's attorney, in-house counsel for the Parties, court reporters, videographers, and lawyers, assistants invited by examining counsel to assist, and any person who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record.  Unnecessary attendance in person or by telephone by non-examining counsel is discouraged and may not be compensated in any common benefit fee application to the Court without good cause shown or if the attendance was approved by Plaintiffs' Lead Counsel.  Any such request must be submitted to Plaintiffs' Lead Counsel, or their designee, by email at least 5 days prior to the deposition.

19. <u>Notice of Attendees at a Deposition</u>.  For there to be adequate deposition space and to notify building security, counsel intending to attend a deposition noticed in the MDL should advise all Parties, including counsel for the noticing party, of their intention to attend in person at least two (2) business days prior to the deposition.

20. <u>Number of Examiners</u>.  Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs' Lead Counsel may designate up to two (2) attorneys to serve as the examiner of each deponent on behalf of the

MDL Plaintiffs. The MDL Defendants must designate one attorney for the MDL Defendants to conduct the examination of each deponent. Notwithstanding the number of examiners, the time limits set forth above will still apply. Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

21. <u>Sequence of Examination for Depositions of Defendants' Representatives/Employees; Allocation of Time for Defendants</u>. In the absence of an alternative agreement by Plaintiffs' Lead Counsel and Defendants' Counsel, questioning at the deposition of Defendants' representatives and/or current or former employees will be conducted in the following sequence: (i) Plaintiffs' Counsel, followed by examination by any non-MDL plaintiffs participating in the deposition; (ii) Defendants' Counsel, followed by counsel for the witness (if not also Defendants' Counsel); (iii) re-cross/re-direct by Plaintiffs' Counsel and any non-MDL plaintiffs participating in the deposition. Any re-cross/re-direct by Plaintiffs' Counsel or any non-MDL plaintiffs participating in the deposition must be limited to 30 minutes and must be responsive to the examination conducted by Defendants' Counsel and counsel for the witness.

If Defendants intend to conduct a direct examination of a witness noticed by Plaintiffs, then that examination must be cross-noticed in advance of the deposition. Defendants' failure to properly cross-notice will constitute a waiver of their right to

conduct a direct examination during the respective deposition. Any properly cross-noticed direct examination by Defendants must be limited to three (3) hours, with an additional 30 minutes for redirect/re-cross.[3] Before questioning the witness, Defendants' Counsel must state on the record that he or she is conducting a direct examination. If the properly cross-noticed direct examination extends into a second deposition day, for the sole purpose of Defendants' direct examination, that second day will not be counted against the 40 deposition days allotted to Plaintiffs.

22. <u>Sequence of Examination/Allocation of Exam Time for Third-Party Witnesses</u>. With regard to depositions of third-party witnesses (including governmental and military representatives), upon the service of any subpoena, *Touhy* request for testimony, and/or notice of deposition, in conferring regarding the sequence of examination of such witnesses, the Parties must be reasonably guided by the principle that the party that first issued the deposition notice or subpoena will proceed first, followed by the non-noticing party. If the Parties cannot reach agreement regarding the sequence of examination, they must submit their dispute to the Court, which will determine the sequence of examination without regard to which party issued the deposition or subpoena notice first. In conferring regarding the allocation of time between the Parties with regard to such witnesses, the parties

---

[3] If Defendants anticipate needing more than three (3) hours for the direct examination of a particular witness, they may request leave of Court for additional time, at or before the time they cross-notice the deposition.

must be reasonably guided by the principle that the examination time per deposition day must be allocated evenly, with, in the case of a 7.5 hour deposition, 3.75 hours allocated to Defendants' Counsel for examination on behalf of MDL Defendants, and 3.75 hours allocated to Plaintiffs' Counsel for examination on behalf of MDL Plaintiffs.  If the Parties cannot agree on the allocation of deposition time, they must submit the dispute to the Court, which will determine the allocation of deposition time without regard to the Parties' presumptive equal allocation of time.  Nothing in this Order is intended to limit the ability of the Parties, for good cause shown, to seek more time for certain key witnesses.

**V.     Objections**

23.     <u>How Objections Made</u>.  Objections must be made only by one of the examining counsel and the defending counsel and must be made by stating, "Objection" and the legal basis for the objection (limited to the legal bases described below).  Unless otherwise specified, an objection by a single defendant will be deemed an objection by all Defendants; similarly, an objection by a single plaintiff will be deemed an objection by all Plaintiffs.

24.     <u>Bases for Objections</u>.  No objections may be made during the taking of a deposition except to assert the following grounds, as reflected in the Federal Rules of Evidence: (i) the form of a question; (ii) foundation; (iii) privilege; (iv) a right to confidentiality; or (v) a limitation imposed pursuant to a previously entered court

order. In response to an objection to the form of the question, the examiner may inquire as to the grounds for the objection in order to address the purported basis for the objection and clarify, correct, or amend the question.

25. <u>Objections Preserved</u>. All objections, except as to (i) the form of the question, (ii) foundation, (iii) the assertion of a privilege, (iv) a right to confidentiality, or (v) a limitation imposed pursuant to a previously entered court order, are preserved for later ruling by the applicable court(s) in which the deposition testimony is offered and may be asserted in connection with the proffer of the deposition testimony at trial. Objections as to the admissibility at trial of documents introduced during a deposition are not waived by failure to raise the objection during the deposition, but rater are preserved for later ruling upon timely assertion of the objection by counsel to this Court, or by the applicable trial judge.

26. <u>Consultation with Witness</u>. A witness may consult with his or her counsel during a deposition. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness and counsel may consult at any time for the purpose of (a) determining whether a privilege exists, (b) determining whether disclosure of information may violate an order of the Court or another court, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order.

## VI. Means of Recording Depositions

27. A certified court reporter must stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers. The court reporter must administer the oath or affirmation to the deponent. The written transcript prepared by the court reporter will constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.

28. <u>Audioconferencing Capabilities</u>. The certified court report must arrange for an audio conference line for counsel participating remotely. Any counsel or other authorized attendee who "attends" the deposition remotely must be identified on the record. During breaks and off the record discussions, the audio conference must be muted.

29. <u>Right to Videotape Depositions</u>. Any party has the right to request that the deposition of any party or witness be recorded on videotape and such written request must be provided with the deposition notice. Where the party wishing to videotape did not notice the deposition, a request for video tape recording must be submitted in writing to Lead Counsel for the Plaintiffs' Lead Counsel and Defendants' Counsel no later than ten (10) days before the date on which the deposition is scheduled to occur. The party wishing to videotape the deposition, if not originally noticed as such, is responsible for arranging and paying for the

videotape. All videotaped depositions must be accompanied by a simultaneous audio tape and stenographic transcript. The stenographically prepared transcript will constitute the official record of the deposition.

30. <u>Videography Technicians</u>. The party giving notice that the deposition will be videotaped must assure that all video technicians who record the deposition possess the skills, experience, and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used. Any video operator is subject to the orders of this Court, including but not limited to the Confidentiality Order. Counsel for that party must provide a copy of this Order, the Confidentiality Order, and any further applicable Order to the video technicians no later than five (5) days prior to the deposition.

31. <u>Video Operator</u>. The operator(s) of the videotape recording equipment will be subject to the provisions of Fed. R. Civ. P. 28(c). At the start of the deposition, the operator(s) must swear or affirm to record the deposition fairly and accurately.

32. <u>Attendance</u>. Each witness, attorney, and other person attending the deposition must be identified on camera at the commencement of the deposition.

33. <u>Oath</u>. The oath must be administered to the deponent on camera.

34. <u>Standards</u>. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically

incapacitated, the deponent must be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is required. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be necessary in order to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness must appear in ordinary business attire. Eating and smoking by deponents during the deposition will not be permitted.

35. <u>Interruptions</u>. Videotape recording will be suspended during all "off the record" discussions and must note such suspension. The deposition will remain "on the record" absent agreement of counsel.

36. <u>Conclusion of Deposition</u>. At the conclusion of a deposition, a statement must be made on camera or on the audio recording that the deposition is ended where and when agreed to by the Parties and must set forth any stipulations made by counsel concerning the custody of the audio or video recording, the transcript, and the exhibits, as well as any other pertinent matters, in particular addressing any material subject to a protective order or privilege.

37.  <u>Preservation of Original Media</u>.  The video operator must preserve custody of the original video medium in its original condition until further order of the Court.

38.  <u>Index</u>.  The videotape operation must use a counter on the recording equipment and after completion of the deposition must prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes, and at which exhibits are identified, as well as any interruption of continuous tape recording, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

39.  <u>Use of Depositions at Trial</u>.  The procedures for and manner of display of any videotaped testimony or exhibits to the jury at trial will be the subject of a further ruling or order by the Court.

## VII.  Exhibits and Transcript Review

40.  <u>Paper Copies of Exhibits at Deposition</u>.  An extra paper copy of exhibits marked at the deposition must be provided to counsel for the deponent and, to the extent different than counsel for the deponent, counsel for the non-noticing party.

41.  <u>Original Exhibits</u>.  All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript.  Copies of

exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

42. <u>Time to Review Transcript</u>.  Each deponent has the right to read and sign the deposition transcript within 45 days after receipt of the transcript from the court reporter.  This time period will not be extended, absent good cause shown. Should the deponent fail to sign the errata sheet within 45 days, the transcript will be deemed to have been read and approved by the deponent.  In the event the original transcript is unsigned, lost, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

### VIII. Modifications to this Order

43. This Order is subject to modification by agreement of Plaintiffs' Counsel and Defendants' Counsel, subject to Court approval, or by further of this Court.

**SO ORDERED**, on this 30th day of July, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/GRJ