**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 15**
**Order Regarding Service of Discovery Requests,**
**Responses and Related Documents through MDL Centrality**

The parties have agreed to accept online submission and service of Discovery Requests, Responses and Related Documents in actions filed in or transferred to MDL No. 2885, in the interest of efficiency and judicial economy. Accordingly, it is **ORDERED**:

1. *Manner of Completion and Service of Discovery Requests, Responses and Related Documents.* Plaintiffs and Defendants must use the online MDL Centrality System to be designed and provided by BrownGreer PLC to complete and serve Discovery Requests, Responses and Related Documents, as follows:

(a) Each Plaintiff who files a complaint in or has an action transferred to this MDL, must, by counsel or as *pro se*, establish a secure online portal in the MDL Centrality online system and obtain authorized user names, secure login passwords, and authorized email service address(es) to permit use of MDL Centrality by such counsel or Plaintiff. Except as set forth herein, counsel for a Plaintiff or each *pro se* Plaintiff will be permitted to view, search and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff, and not materials submitted by or relating to other Plaintiffs.

(b) Each Defendant must, by counsel, establish a secure online portal with the MDL Centrality online system and obtain authorized user names, secure login passwords, and authorized email service address(es) to permit use of MDL Centrality by Defendants' counsel.  Except as set forth herein, each Defendant and their respective counsel will be permitted to view, search and download on MDL Centrality only those materials specifically served on that Defendant, and not materials submitted by or relating to other parties, nor any other materials that may be contained in MDL Centrality but not served on that Defendant.

(c) The Plaintiffs' and Defendants' Executive Committee and Attorney Designees Appointed by the Plaintiffs' and Defendants' Executive Committee, will have access to and be able to view, search and download all materials served by all Plaintiffs and by all Defendants, subject to the provisions of the parties' Protective Order (Pretrial Order No. 9).

(d) Each Plaintiff and Defendant must use the MDL Centrality System to obtain, complete or upload data, and serve appropriate Discovery Requests and Responses and Related Documents subject to the provisions of the parties' Protective Order (Pretrial Order No. 9).  Each document must be served as a PDF document.

(e) Service of Discovery Requests and Responses and Related Documents through MDL Centrality will be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, the submitting party has received confirmation on screen that the materials have been successfully submitted, and the MDL Centrality system has sent notification of service by email to the parties to be served.  The records maintained by MDL Centrality concerning service will be presumed authoritative for purposes of establishing service.  Service of a Short Form Complaint in this manner will be deemed effective service under Fed. R. Civ. P. 4.

(f) Service of Discovery Requests and Responses via the MDL Centrality may not be possible for every Defendant listed by a Plaintiff.  In that case, a Plaintiff must serve any Defendant who cannot be served via MDL Centrality by service of process authorized under Fed. R. Civ. P. 4.

(g) If a party must amend a previously served Discovery Request or Response or Related Document, all subsequent versions must be named accordingly (i.e. "First Amended Request for Production of Documents," "First Amended Response to Request for Admission," etc.).

(h) On upload of any Discovery Request, Response or Related Document to the MDL Centrality online system, each party being served must be automatically notified by the MDL Centrality system of service via email at the email address associated with such parties' user name.

(i) The Court may establish a secure online portal with the MDL Centrality online system and obtain an authorized user name and secure login password to permit use of MDL Centrality by the Court for access to reports and data regarding the Fact Sheets served through MDL Centrality.

2. ***HIPAA Authorization.*** By using MDL Centrality, each Plaintiff authorizes the disclosure of his or her medical records and other health information submitted as part of any Discovery Requests, Responses or Related Documents to BrownGreer PLC as the administrator of the MDL Centrality System, the Court, Plaintiff Leadership and Defendants, and to the authorized agents, representatives and experts of the foregoing, for purposes of this litigation.

3. ***No Impact on Privileges or Work Product Protection***. The use of MDL Centrality by any party will not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection otherwise available that would otherwise apply to a document in the absence of the use of MDL Centrality. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user will be considered to be the work product of such user unless and until the material is served on or purposefully disclosed to the opposing party through the use of MDL Centrality or otherwise. Pursuant to Rule 502(d) of the Federal Rules of Evidence, this order with respect to privilege and work product doctrine protection applies to any other federal or state proceeding, and the use of

MDL Centrality in this litigation therefore will not constitute a waiver in another federal or state proceeding as to any document.

4. *No Impact on the Scope of Discovery*. Use or action in MDL Centrality will not be deemed to limit the scope of inquiry at depositions and/or admissibility of evidence at trial. The scope of inquiry at depositions will remain governed by the Federal Rules of Civil Procedure and the admissibility of information will be governed by the Federal Rules of Evidence and applicable law. No objections or rights are waived as a result of any response in a Fact Sheet and Related Documents.

5. *ECF Notifications*. The Clerk of Court must execute the steps necessary to include BrownGreer PLC as the MDL Centrality Administrator as an interested party for purposes of receiving emailed ECF notifications related to this matter.

**SO ORDERED**, on this 19th day of August, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**