UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**STIPULATED ORDER GOVERNING CONFIDENTIALITY OF LAW ENFORCEMENT REPORT 00019-2016-CID133-14635-8C**

Plaintiffs and Defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC (collectively "Defendants") anticipate that The United States Department of Defense ("DoD") and United States Department of Justice ("DOJ") may produce a partially un-redacted copy of a Criminal Investigative Division ("CID") report entitled Law Enforcement Report 00019-2016-CID133-14635-8C pursuant to the parties' *Touhy* requests. The parties jointly requested that the Court enter an Order setting forth the conditions for treating, obtaining, and using such report.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c) and its inherent authority, the Court hereby enters the following Order Governing Confidentiality of Law Enforcement Report 00019-2016-CID133-14635-8C. For purposes of this Order, "Law Enforcement Report 00019-2016-CID133-14635-8C" is defined as the investigative report issued by U.S. Army Criminal Investigation

Command related to the *Qui Tam* litigation, 3:16-01533-MBS, to be produced by the DoD and DOJ in response to the parties' *Touhy* requests. This Order does not extend to the report's exhibits.

## I.     PURPOSES AND LIMITATIONS

A.     The Parties acknowledge that this Order governs discovery in *In re: 3M Combat Arms Earplug Products Liability Litigation,* Case No. 3:19-md-2885. This Order applies to all cases currently pending in MDL No. 2885 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto.

B.     This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these MDL proceedings and will govern each case in the proceedings. The purpose of this Order is to protect the confidential material in the Law Enforcement Report 00019-2016-CID133-14635-8C produced to the parties by the DoD and DOJ pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

C.     The Parties also acknowledge that this Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

    D.    The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## II. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

    A.    This Order governs any material in Law Enforcement Report 00019-2016-CID133-14635-8C previously redacted by the U.S. Army Criminal Investigation Command in response to Plaintiffs' Freedom of Information Act request that, on entry of this Order, will be un-redacted by the DoD and DOJ in response to the parties' *Touhy* requests.

    B.    Pursuant to this Order, the identities of any government personnel and witnesses identified in Law Enforcement Report 00019-2016-CID133-14635-8C must be treated as "Confidential Information" within the meaning of Pretrial Order No. 9 (Stipulated Order Governing Confidentiality and Privilege).

## III. VIOLATIONS

    A.    In the event that any person or party violates the terms of this Protective Order, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must direct the petition for such relief to this Court. To the extent the same document or categories of documents are at issue in both the above-

captioned MDL 2885 and in any Related Litigation, the Parties will attempt first to resolve the issue in the MDL and before this Court. The Parties and any other person subject to the terms of this Protective Order agree that this Court will retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## IV.   MODIFICATION OF THIS PROTECTIVE ORDER

A.   This Protective Order will remain in force and effect until modified, superseded, or terminated by order of the Court made on reasonable written notice. Unless otherwise ordered, or agreed upon by the Parties and DOD and DOJ in writing, this Protective Order will survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

**SO ORDERED**, on this 26th day of August, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**