UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER**

This matter is before the Court on Plaintiff Sean Lynch's motion to establish a separate class action track and a procedure for selecting interim class counsel. *See* ECF No. 213. Plaintiffs' Leadership and Defendants separately oppose Lynch's motion. *See* ECF Nos. 471, 473. For the following reasons, the Court finds that establishing a separate class action track would be premature at this time.

This multidistrict products liability litigation involves allegations that Defendants' dual-ended Combat Arms Earplug was defective and, as a result, exposed individual servicemembers to harmful levels of noise. Defendants have advised the Court that they intend to raise two federal affirmative defenses—the government contractor defense and the combatant activities defense—both of which present issues common to all cases in the MDL, the resolution of which will determine whether any of the cases, including putative class actions, can proceed. To avoid duplicative discovery, preserve resources, and ensure early resolution of these threshold and potentially dispositive issues, the Court ordered sequenced discovery with the first

phase focused primarily on the federal affirmative defenses.  Once the first phase of discovery is complete, the Court will entertain dispositive motions on the federal defenses, if any.  If the litigation survives summary judgment on the federal defenses, it may then become appropriate to consider establishing a separate class action track.  At this stage, however, the interests of the individual and putative class claimants are the same.[1]

Importantly, the interests of all plaintiffs—both individual and putative class—are well-represented by the current plaintiff leadership team.  The application for leadership positions sought information about each applicant's "professional experience in complex litigation and, in particular, [their] experience with mass tort litigation."  *See* Plaintiff Leadership Application, ECF No. 76 at 13.  There were also questions about trial and settlement experience in the area of complex litigation.  *See id*.  Most applicants, including Lynch's counsel, included descriptions of their class action experience in response to these questions.  Thus, the Court was amply apprised of the applicant pool's knowledge and experience in investigating and litigating class claims, both within and outside the MDL context.  A plaintiff leadership team was

---

[1] The Court observes, as did Defendants and Plaintiff Leadership, that Lynch alleges he has been diagnosed with actual hearing loss and tinnitus.  *See* Case No. 3:19cv709, ECF No. 11 at 6-7.  Thus, to the extent that Lynch proposes a class of claimants with latent and/or undiagnosed hearing problems, it appears that he would be excluded from that class.  While the Court obviously is not ruling at this time on Lynch's adequacy as a class representative, it is worth noting that his individual interests appear to be more aligned with those of the individual plaintiffs than with the interests of his proposed class.

Case No. 3:19md2885/MCR/GRJ

ultimately appointed with substantial experience and expertise in handling complex litigation, including medical monitoring and other class issues. That team is obligated and equipped to "fairly, effectively, and efficiently" represent the interests of all plaintiffs, including putative class claimants. *See* Pretrial Order No. 7, ECF No. 376 at 1. They have requested the opportunity to move for class certification and/or the appointment of interim class counsel at a more appropriate time in the future, and the Court finds that to be the most efficient path for the putative class issues presented in this litigation. The putative class members are protected in the interim, as the statute of limitations is tolled during the pendency of the class claims, *see American Pipe & Constr. Co., Inc. v. Parker*, 414 U.S. 538, 554 (1974), as is the deadline for filing a motion to certify class, *see* Case Management Order No. 1, ECF No. 86 at 5.

For these reasons, the Court finds that a separate class action track is premature at this juncture. Accordingly, Lynch's Motion to Establish a Separate Class Action Track and a Procedure for Selecting Interim Class Counsel, ECF No. 213, is **DENIED without prejudice** to the future filing of a motion by Plaintiff Leadership seeking class certification and/or the appointment of interim class counsel.

**SO ORDERED**, on this 3rd day of September, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**