# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC.,<br>        Plaintiff,<br>vs.<br><br>3M COMPANY and 3M INNOVATIVE<br>PROPERTIES COMPANY,<br><br>        Defendants. | Case No.: 14-cv-01821-JNE-KMM<br><br>**SECOND AMENDED<br>PROTECTIVE ORDER** |

The parties have filed a Stipulation to Amend the Protective Order

(ECF No. 255). Whereas, the parties to the above-captioned action (the "Action"),

Plaintiff, Moldex-Metric, Inc. ("Moldex"), and Defendants, 3M Company and 3M

Innovative Properties Company (collectively "3M"), may seek discovery or

documents, information or other materials which may contain or relate to confidential

or proprietary information, such as commercial processes; research and development;

testing information; financial data (such as pricing, profit margins, and losses); market

data and entry information; business strategies, customer contacts and requirements;

regulatory filings; business transactions; supplier or distributor contacts and

requirements; or trade secret information of another party or of a third party;

1.     PURPOSE

This action will involve discovery of information that is confidential,

proprietary, commercially sensitive, or trade secret. The purpose of this Protective

Order is to govern the production of such information without frequent resort to

determinations of discoverability by the Court and to protect such information from

improper or premature disclosure.  In addition, this Protective Order provides a mechanism for non-parties to protect any confidential, proprietary, commercially sensitive, or trade secret information from public disclosure.

    2.    <u>DEFINITIONS</u>

    2.1    <u>Discovery Material:</u> "Discovery Material" means any information, document or tangible thing produced in this action, including information provided in response to discovery requests, interrogatories, requests for production, requests for admission, subpoena, subpoena duces tecum, deposition, and including any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit or other means.

    2.2    <u>Party:</u> "Party" or "Parties" means the plaintiff and defendants in this action, including their directors, officers, employees, agents, attorneys or representatives.

    2.3    <u>Producing Party:</u> "Producing Party" means a person or entity, whether or not a Party to this action, that produces or otherwise makes available Discovery Material in this action.

    2.4    <u>Receiving Party:</u> "Receiving Party" means a Party to this action, including without limitation all directors, officers, employees, agents, attorneys or representatives of the Party that receives Discovery Material from a Producing Party.

2.5    Confidential Information: A Producing Party may designate as "Confidential Information" those materials which the Producing Party believes in good faith constitute or contain confidential, proprietary and/or commercially sensitive research, development or commercial information, which information is not generally known and which the Producing Party would normally not reveal to a third party or if disclosed would require such third party to maintain the information in confidence.

2.6    Highly Confidential Technical Information: A Producing Party may designate as "Highly Confidential Technical Information" any confidential, proprietary, commercially sensitive and/or trade secret information which that party in good faith believes it would not reveal to a third party and is so highly sensitive that the protections afforded to Confidential Information are not sufficient.  This designation shall be reserved for information that constitutes, reflects, or concerns (a) unpublished patent applications and documents related thereto; (b) information, documents, or things that disclose or describe new product designs that have not been introduced to the market, commercialized, or otherwise disclosed to the public; or (c) information or documents that describe or disclose the materials, methods, or processes used by a disclosing party to manufacture its products.

2.7    Highly Confidential Financial Information: A producing party may designate as "Highly Confidential Financial Information" any confidential,

3

proprietary, commercially sensitive and/or trade secret information which that party

believes in good faith it would not reveal to a third party and is so highly sensitive that

the protections afforded to Confidential Information are not sufficient.  This

designation shall be received for information that constitutes, reflects, or concerns

highly sensitive financial, contracting, sales, marketing, cost or price data and strategic

business planning information.

     2.8    <u>Highly Confidential Information:</u> "Highly Confidential Information"

means and is limited to Highly Confidential Financial Information and/or Highly

Confidential Technical Information.

     2.9    <u>Protected Material:</u> "Protected Material" means any Discovery Material

that is designated as "Confidential Information," "Highly Confidential Financial

Information," "Highly Confidential Technical Information" or "Highly Confidential

Information" in accordance with this Protective Order, and any copies, abstracts,

summaries, or information derived from such Discovery Material, and any notes or

other records regarding the contents of such Discovery Material.

     2.10    <u>Counsel of Record</u> means outside litigation counsel for the Parties who

have made an appearance before the Court in this action, including attorneys,

secretaries, legal assistants, and other support personnel who work for the same law

firm, as well as outside litigation counsel for 3M who made an appearance before the

Court in the prior litigation between Moldex and 3M that is part of the subject matter

of this action, *3M Company and 3M Innovative Properties Company v. Moldex-Metric, Inc.*,

No. 12-cv-00611 (JNE/FLN) (the "Prior Litigation"), to whom it is necessary to

disclose Protected Material for the purpose of this action, currently:

- Stinson Leonard Street LLP, on behalf of , Moldex; and

- Quinn Emanuel Urquhart & Sullivan, LLP, on behalf of Moldex;

- Faegre Baker Daniels LLP, on behalf of 3M;

- Cleary Gottlieb Steen & Hamilton LLP, on behalf of 3M; and

- Barnes & Thornburg LLP, on behalf of 3M.

2.11   <u>In-House Counsel:</u>  "In-House Counsel" means the following

individuals for each party:

(a)   For Moldex:  James Hornstein

(b)   For 3M:  Kevin Rhodes; Carol Peterson; Eileen M. Hunter

2.12   <u>Limited In-House Counsel:</u>  "Limited In-House Counsel" means the

following individuals for each party:

(a)   For Moldex:  [None at this time]

(b)   For 3M:  Kevin Rhodes; Carol Peterson; Eileen M. Hunter

2.13   <u>Expert:</u>  "Expert" means any consultant retained by either Party to

advise or to assist Counsel of Record in the preparation, resolution or trial of this

action.

3.    DESIGNATION OF PROTECTED MATERIAL

3.1    The Producing Party shall clearly mark each page of Discovery Material that the Producing Party contends constitutes Protected Material on its face at the time of production the appropriate legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION" or "HIGHLY CONFIDENTIAL TECHNICAL INFORMATION" together with a letter or letters identifying the Producing Party or other comparable notice.  Additional information, such as the case name and number, also may be used.

3.2    The designation of Protected Material shall be made at the following times:

(a)    For documents and things, at the time of the production of the documents or things;

(b)    For written responses to interrogatories or requests for admissions, at the time of the written response;

(c)    For declarations and pleadings, at the time of the filing of such declaration or pleading or as otherwise required by the Court; and

(d)    For deposition testimony, at the time of the testimony or within thirty (30) business days after receipt by the designating party of the transcript of the deposition in accordance with the procedure set forth in paragraph 3.5 herein.

6

3.3     Discovery Material produced in a media that cannot be marked on each page (e.g., videotape, audiotape, etc.) may be designated as Protected Material by clearly labeling the outside of such media with the appropriate legend at the time of production.

3.4     Discovery Material provided for inspection, such as a Producing Party's facilities or manufacturing processes, and any documents or things produced or generated in connection with such inspection (including, but not limited to, notes, recordings, or photographs of the facilities or processes), is subject to designation by the Producing Party as the Producing Party deems appropriate in view of the designations available in paragraphs 2.5, 2.6 and 2.7 herein, and shall be communicated, marked and treated as such.

3.5     Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a)     At the request of the party whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL TECHNICAL INFORMATION, or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION.  Such request shall be made on the record whenever possible, but any party may designate portions of the transcript

7

of depositions as containing CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL TECHNICAL INFORMATION, or HIGHLY

CONFIDENTIAL FINANCIAL INFORMATION after transcription as in the case

of any other document or tangible thing, provided that written notice of such

designation is promptly given to the other party.  Following such notice, the parties

shall confer as to the most convenient way to segregate the designated portions of this

transcript.  The parties shall not disseminate a deposition transcript or the contents

thereof beyond the persons designated in paragraph 2.10 hereof for a period of thirty

(30) days after receipt in order to give adequate time for such notice, except that

portions of transcripts may be filed under seal with the court and used in accordance

with paragraph 3.6 in connection with these proceedings at any time.

  (b)  The cover of any deposition transcript that contains CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be

prominently marked with the legend referred to in paragraph 3.6.  All portions of

deposition transcripts designated as CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL TECHNICAL INFORMATION, OR HIGHLY

CONFIDENTIAL FINANCIAL INFORMATION shall be sealed and

dissemination of such transcript portion or the content thereof shall be limited to the

persons identified in paragraphs 4.2, 4.3 and 4.4 hereof.

3.6     Designations of Protected Material in Pleadings: In the event that a

Receiving Party includes Protected Material of a Producing Party in any pleading,

motion, deposition transcript or other document filed with the Court, the Receiving

Party shall label such document with the designation provided by the Producing Party

for that Protected Material and shall comply with all applicable provisions of the

Court's May 13, 2004, Order establishing "Electronic Case Filing Procedures For The

District Of Minnesota," as amended from time to time. As set forth in Section

IX(A)(2) of the Electronic Case Filing Procedures for the District of Minnesota, this

Protective Order shall govern and authorize the conventional filing and disposition of

any such pleadings or documents designated as "filed under seal" pursuant to the

Court's CM/ECF-Civil Filing Procedures.  Specifically, such documents will not be

filed electronically, but, instead, a form or placeholder will be electronically filed and

paper copies will be conventionally filed in sealed envelopes prominently marked with

the case name, case number, the identity of the party filing the envelope, a complete

title of the document, and the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

Any pleading, motion, deposition transcript, or other paper filed with the court that

contains HIGHLY CONFIDENTIAL TECHNICAL INFORMATION or

9

HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall be marked with such designation ONLY on those pages that actually contain HIGHLY CONFIDENTIAL INFORMATION.  Blanket marking of an entire multi-page document with the legends HIGHLY CONFIDENTIAL TECHNICAL INFORMATION or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION is not permitted unless each and every page of that document contains HIGHLY CONFIDENTIAL INFORMATION.

  3.7  <u>Designations of Protected Material in the Prior Litigation:</u> The parties have agreed to reproduce in this lawsuit Discovery Material that was previously produced subject to the Protective Order entered on August 15, 2012, in the "Prior Litigation".  Reproduced Discovery Material from the Prior Litigation shall maintain the same confidentiality designations (CONFIDENTIAL, HIGHLY CONFIDENTIAL TECHNICAL INFORMATION, HIGHLY CONFIDENTIAL FINANCIAL INFORMATION) as assigned at the time they were produced in the Prior Litigation, but for all other purposes will be subject to the provisions of the present Protective Order.  Protected Material produced in the Prior Litigation by non-parties will also be governed by the present Protective Order, providing the producing non-party gives its consent.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Use of Confidential Information and Highly Confidential Information:

CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

INFORMATION shall be maintained in confidence according to the terms of this

Order, may be disclosed only as provided in this Protective Order, and shall be used

solely in the preparation, prosecution or trial of this action.

4.2    Disclosure of Confidential Information.   Unless otherwise ordered by

the Court or permitted in writing by the Producing Party, a Receiving Party may

disclose any information or item designated as "Confidential Information" only to:

(a)    the persons designated in paragraph 2.10 hereof;

(b)    the persons designated in paragraph 2.11 hereof;

(c)    any employee of such party who was involved with the matters the item

is directed to at the time of the events to which the item is directed;

(d)    a deponent who was involved in the subject matter described in the

information or item;

(e)    any Expert, so long as any obligations under paragraph 7 of this Order

have been met;

(f)    the Court and its officers, including any relevant appellate court, so long

as any obligations under paragraph 3.6 of this Order have been met;

(g)    court reporters and their staffs;

11

(h)     any person who Counsel of Record have a good faith basis to believe
        authored or previously received the material;

(i)     any person who is an employee of the Producing Party, or a former
        employee of the Producing Party (if employed by the Producing Party
        when the Confidential Information was created);

(j)     independent businesses or individuals assisting Counsel of Record, so
        long as any obligations under paragraph 8 of this Order have been met;

(k)     such other persons as Counsel for the Producing Party shall consent to
        in writing before the proposed disclosure.

4.3     Disclosure of Highly Confidential Information.  Unless otherwise
ordered by the Court or permitted in writing by the Producing party, a Receiving
Party may disclose any information or items designated "Highly Confidential" only to:

(a)     the persons designated in paragraph 2.10 hereof;

(b)     the persons designated in paragraph 2.12 hereof;

(c)     any Expert, so long as any obligations under paragraph 7 of this Order
        have been met;

(d)     the Court and its officers, including any relevant appellate court, so long
        any obligations under paragraph 3.6 of this Order have been met;

(e)     court reporters and their staffs;

12

(f)     any person who Counsel of Record have a good faith basis to believe

        authored or previously received the material;

(g)     any person who is an employee of the Producing Party, or a former

        employee of the Producing Party (if employed by the Producing Party

        when the Confidential Information was created);

(h)     independent businesses or individuals assisting Counsel of Record, so

        long as any obligations under paragraph 8 of this Order have been met;

(i)     such other persons as Counsel for the Producing Party shall consent to

        in writing before the proposed disclosure.

4.4     <u>Information Designated Improperly</u>: The restrictions set forth in any of

the preceding paragraphs shall not apply to:

(a)     any information which at the time of disclosure is available to the public;

(b)     any information which after disclosure becomes available to the public

through no act, or failure to act, on behalf of the receiving party, its counsel or

independent consultant; and

(c)     any information which the receiving party, its counsel or independent

consultants can show (i) as a matter of written record was already known to the

receiving party from legitimate sources, (ii) as a matter of written record was

independently developed by the receiving party, (iii) was obtained from the furnishing

party without having been identified as CONFIDENTIAL INFORMATION,

HIGHLY CONFIDENTIAL TECHNICAL INFORMATION, or HIGHLY

CONFIDENTIAL FINANCIAL INFORMATION (subject to the provisions and

circumstances provided for in paragraph 10 hereof), or (iv) was received after the time

of disclosure hereunder from a third party having the right to make such disclosure

and was not required to be held in confidence.

    In the event of any dispute with respect to the propriety or correctness of the

designation of information, including testimony and documents, as

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL TECHNICAL

INFORMATION, or HIGHLY CONFIDENTIAL FINANCIAL

INFORMATION, the parties shall attempt to resolve the dispute by negotiation.  If

such negotiations fail to resolve the dispute, any party wishing to challenge the

designation may file a motion for an appropriate order.  The information shall be

treated as designated by the Producing Party until the issue is resolved.

    No party shall be obligated to challenge the propriety or correctness of the

designation of information as CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL TECHNICAL INFORMATION, or HIGHLY

CONFIDENTIAL FINANCIAL INFORMATION and a failure to do so shall not

preclude a subsequent challenge to such status.  The burden of proof with respect to

the propriety or correctness in the designation of information as CONFIDENTIAL

INFORMATION, HIGHLY CONFIDENTIAL TECHNICAL INFORMATION,

14

or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall rest on the designating party.

### 5.     CUSTODY OF PROTECTED MATERIAL

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a Receiving Party from (1) making working copies, abstracts, digests and analyses of Protected Material for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Material, or (2) from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

### 6.     PARTY REPRESENTATIVES

6.1     Protected Material may only be shared with a Party's In-House Counsel and Limited In-House Counsel in accordance with section 4 above, and after the Counsel has executed the Acknowledgment attached as Appendix A.

6.2     Protected Material may be only shared with employees of the Receiving Party in accordance with section 4 above and after the employee has executed the Acknowledgment attached as Appendix A.

6.3     In the event Counsel of Record for a Receiving Party finds it necessary to make a disclosure of Protected Material to individuals other than the persons identified in section 4, Counsel of Record for the Receiving Party must serve written notice on Counsel of Record for the Producing Party in advance of any disclosure including: (i) the Protected Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and employer of the person(s) to whom such disclosure is requested. Unless the Producing Party approves in writing the proposed disclosure, no disclosure will be made without an order of the Court.  If written approval is provided by the Producing Party, or if an order of the Court permits the disclosure, Counsel of Record for the Receiving Party must, prior to such disclosure, inform the individual to whom the Protected Material is to be disclosed of the terms of this Protective Order, and have the individual agree to the terms of this Protective Order in writing by executing the Acknowledgment attached as Appendix A, the executed Acknowledgment to be served on Counsel of Record for the Producing Party prior to any disclosure.

7.    EXPERTS

7.1    Each Receiving Party may designate Experts to receive Protected

Material of a Producing Party.  A Party desiring to disclose Protected Material to an

Expert shall serve written notice on the other Party no later than five (5) business days

prior to any disclosure.  Written notice shall include (a) the Acknowledgment attached

as Appendix B, signed by the Expert, (b) the curriculum vitae of the Expert, including

information on educational background beyond high school and all professional

employment by employer, position, time period, and location, and (c) disclosure of

any previous or current relationship with any of the Parties, any current or former

assignee of any patent-in-suit, and any inventor(s) of any patent-in-suit.

7.2    No Protected Material shall be disclosed to the Expert by the Receiving

Party until after the expiration of the foregoing notice period.  Consent to the

disclosure of Protected Material to a proposed Expert may not be unreasonably

withheld.  If, however, during the notice period the other Party objects to the

disclosure, there shall be no disclosure of that Party's or any third party's Protected

Material to the Expert, except by further order of the Court.  Any objection shall

include a complete explanation of the basis of the objection.  The objecting party shall

move the Court within ten (10) business days after the expiration of the foregoing

notice period for a ruling on its objection.  The objecting party shall have the burden

of showing to the Court "good cause" for preventing the disclosure.  A failure to file a

17

motion within the ten (10) business day period shall operate as an approval of the

disclosure.  The Parties agree to cooperate in good faith to shorten the time frames set

forth in this paragraph and/or the briefing schedule to the Court if necessary to abide

by any discovery or briefing deadlines.

      7.3     The disclosure of an Expert under this paragraph shall not commit a

Party to identifying or utilizing that person as an expert or witness at trial, nor shall it

give the other Party the right to comment on the absence of that person as a witness

at trial.  A non-testifying expert consultant who would not otherwise be subject to

deposition does not become subject to deposition solely because he or she is

disclosed pursuant to this paragraph.

      8.    <u>INDEPENDENT BUSINESSES OR INDIVIDUALS ASSISTING
COUNSEL</u>

      8.1     Before any disclosure of CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION of another party is made to an

outside independent individual or business, such as litigation support vendors, trial

consultants, jury consultants, mock jurors, focus group members and others employed

by counsel for assistance in the preparation, prosecution or trial of this action, such

individual or business shall be furnished with a copy of this Protective Order and shall

sign the Acknowledgement And Confidentiality Agreement attached to this Order as

Exhibit A, and such statement shall be kept by the employing counsel for reference

should such be necessary. The name of each such individual or business shall be filed

with the court under seal upon request of the other party.  For a business, the

statement shall be signed by a person authorized to bind the business organization

who shall advise any other personnel of such business to whom CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed of

the obligations imposed by this Order.

   8.2 Each outside independent individual or business who is known to be an

employee or agent of or consultant to any third party competitor of the party whose

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION is sought to be disclosed to such individual or business shall be

identified to the other party prior to making any such disclosure in sufficient time (not

less than two (2) weeks) for such party to object and to seek further protection should

it deem that necessary.  If such party objects, no disclosure shall be made to such

individual or business until the matter is resolved.

   9. <u>FILING PROTECTED MATERIAL WITH THE COURT</u>

   To the extent that documents containing Protected Material are submitted with

any Court filing, the Parties shall comply with all applicable provisions of the Court's

May 13, 2004, Order establishing "Electronic Case filing Procedures For The District

Of Minnesota," as amended from time to time and shall otherwise comply with the

Local Rules regarding the filing of documents under seal.  Such Protected Material

shall remain subject to the provisions of this Protective Order and are to be

maintained under seal by the clerk or court reporter.  No sealed envelope shall be
opened by anyone other than Court personnel, absent strict compliance with this
Protective Order or a separate order from the Court identifying by name the person
or persons who may have access to the sealed material and specifically designating
which portions of the sealed file may be revealed.

10.    INADVERTENT PRODUCTION

10.1    If a Producing Party through inadvertence produces Protected Material
without designation in accordance with this Protective Order, the Producing Party
may give written notice to the Receiving Party that the information produced is
deemed Confidential Information or Highly Confidential Information and the
information shall be treated as such in accordance with this Protective Order.  Any
such written notice shall be accompanied or promptly followed by a replacement
production containing properly designated documents.  The Receiving Party shall
treat such information with the noticed level of protection from the date notice of the
error is received.  Disclosure, prior to the receipt of such notice of such information,
to persons not authorized to receive such information shall not be deemed a violation
of this Protective Order.

10.2    In the event that a Producing Party inadvertently produces information
that otherwise is not discoverable for reasons of the attorney-client privilege or work
product immunity, the Producing Party shall promptly, upon discovery of such

inadvertent disclosure, inform the Receiving Party and request that the item or items

of information be returned, sequestered or destroyed, and no party to this action shall

thereafter assert that such inadvertent production waived any privilege or immunity.

Upon such notice by the Producing Party, the Receiving Party shall promptly return,

sequester or destroy all copies of the inadvertently produced information.  Within ten

(10) business days of informing the Receiving Party of the inadvertent disclosure, the

Producing Party shall identify the item or items of information on a privilege log and

shall provide a replacement, redacted to obscure only the privileged or immune

information, for any item that contains both privileged or immune and relevant non-

privileged information.  Prior to the receipt of such notice, disclosure to persons not

authorized to receive such information shall not be deemed a violation of this

Protective Order and shall not be deemed to be a waiver of any privilege held by the

Producing Party.  Nothing in this paragraph shall prevent the Receiving Party from

challenging in Court the designation of the privilege after the inadvertent production

of documents in the possession of Receiving Party has been returned, sequestered or

destroyed, and/or from seeking production of any such documents or information in

accordance with the Federal Rules of Civil Procedure.

> 11.     TESTIMONY REGARDING PROTECTED MATERIAL

Subject to the provisions this Protective Order and compliance with the

Federal Rules of Evidence:

(a)     A Producing Party or present employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party;

(b)     A former employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party which pertains to the period or periods of his or her employment;

(c)     To the extent a Producing Party produces Protected Material relating to a third party, (i) the third party or present employee of the third party may be examined concerning all such Protected Material and (ii) a former employee of the third party may be examined concerning all such Protected Material which pertains to the period or periods of his or her employment.

(d)     An Expert of either Party may be examined concerning all Protected Material, except that the rules for disclosure of the Protected Material shall be governed exclusively by paragraph 4 above;

(e)     For any other person not permitted to access Protected Material, a Receiving Party wishing to examine that person about Protected Material of any other Producing Party must follow the procedure set forth in paragraph 6.3 or as otherwise agreed by counsel.

12.     <u>REQUEST FOR PRODUCTION IN UNRELATED LEGAL PROCEEDINGS</u>

In the event any Receiving Party receives from or on behalf of a non-party a subpoena or other process or order to produce Protected Material in another

unrelated legal proceeding, such Receiving Party shall: (a) notify the Producing Party;
(b) furnish the Producing Party with a copy of said subpoena or other process or
order; and (c) cooperate with respect to all reasonable procedures sought to be
pursued by the Producing Party whose interests may be affected.  The Producing
Party shall have the burden of defending against such subpoena, process, or order.
The Receiving Party receiving the subpoena or other process or order shall cooperate
with the Producing Party seeking an order modifying or quashing the subpoena or
other process or order.

13.     NON-PARTY USE OF THIS PROTECTIVE ORDER

A non-party who produces Discovery Material voluntarily or pursuant to a
subpoena or a court order may designate such Discovery Material as Confidential
Information or Highly Confidential Information pursuant to the terms of this
Protective Order.  Any Party seeking to challenge the designation of non-party
information as Confidential Information or Highly Confidential Information, or who
is seeking to use such information in proceedings where it may become a part of the
public record, shall provide notice to the non-party in sufficient time to allow the
non-party to appear and seek continued protection of its information as designated.

23

14.     RIGHT TO FURTHER RELIEF:

Nothing in this Protective Order shall abridge the right of any person to seek

judicial review or to pursue other appropriate judicial action to seek a modification or

amendment of this Protective Order.

15.     AMENDMENT

This Protective Order may be amended only where Counsel of Record for all

Parties file a Joint Motion to Amend Protective Order that is subsequently granted by

the Court, or by other order of the Court.

16.     RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a

claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not

producing Discovery Material, whether during discovery, hearing, or trial, and access

to such Discovery Material shall be only as otherwise provided by the discovery rules

and other applicable law.

17.     FINAL DISPOSITION

Protected Material disclosed pursuant to this Protective Order shall be used

only for purposes of this litigation and any corresponding appeals.  Within two

months after final termination of this action including any appeals, or within one

month after the time for appeal has expired

(a)     each Party shall assemble all Protected Material furnished and designated

by any other Party, including Protected Material provided to Experts, and shall

24

destroy the Protected Material and provide a certificate of destruction to the

Producing Party.  Said certificate shall also provide assurance that no steps will be

taken at any time in the future to restore deleted Protected Material, and that any

inadvertent violation of this assurance and steps taken to remedy it will be promptly

reported to the other party.  The deletion required under this paragraph shall not

require deletion from backup tapes provided such backup tapes (1) were not created

for the purpose of maintaining Protective Material beyond the time period allowed by

this section, and (2) are not otherwise periodically purged in the ordinary course of

business.  Notwithstanding the foregoing, Counsel of Record for each party shall be

entitled to retain a copy of all pleadings, motion papers, legal memoranda,

correspondence and work product; and

   (b)    the Clerk of Court is authorized to release possession of any Protected

Material FILED UNDER SEAL to counsel for the filing Party, or, after expiration of

the time limitations set forth at the beginning of this Paragraph, to destroy any

Protected Material filed under seal that has not been retrieved by the filing Party.

   18.    TERMINATION AND SURVIVAL OF OBLIGATIONS

   No restriction imposed by this Protective Order may be terminated, except by

order of this Court for good cause shown.  The termination of this action shall not

automatically terminate the obligations specified in this Protective Order.

19.     COURT'S ENTRY OF THE PROTECTIVE ORDER

Upon signature by both Parties to the Protective Order and before the Court

enters the Protective Order, the Parties agree to exchange information designated

Confidential Information and Highly Confidential Information based on the terms

provided herein.  The Parties further agree that should the Court alter the terms of the

Protective Order affecting what material may be designated as Confidential

Information and/or Highly Confidential Information, any previously disclosed

Protected Material affected by the altered terms shall not be subsequently disclosed to

anyone not authorized under the altered terms to view such material, absent

agreement by the Parties on the treatment of the Protected Material implicated by any

such alterations or absent further order of the Court.

**SO ORDERED.**

Dated:  January 26, 2017                    *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge

## APPENDIX A

### ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT
### (For Access to Confidential and Highly Confidential Information)

I, _____ , hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S. District Court for the District of Minnesota captioned *Moldex-Metric, Inc. v. 3M Company et al.*, (Civil Action No. 14-cv-01821);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms;

(iv)    I irrevocably submit my person to the jurisdiction of the U.S. District Court for the District of Minnesota for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____

<br>

Signature

Name

Present Employer

Title/Occupation

Address

City          State          ZIP

Telephone Number

27

APPENDIX B

## ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT
(For Experts)

I, _____ , hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S.

         District Court for the District of Minnesota captioned *Moldex-Metric, Inc. v. 3M*

         *Company et al.* (Civil Action No. 14-cv-01821) (Civil Action No. 12-cv-00611-JNE-

         KMM);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the

         Protective Order's terms; and

(iv)    I certify that I am not a competitor to any Party, or a consultant for, or employed by, such

         a competitor with respect to the specific subject matter of this case;

(v)     I understand that I am to maintain all copies of any Protected Material that I receive in a

         container, cabinet, drawer, room, password protected computer medium, or other safe

         place in a manner consistent with this Protective Order, and that all copies are to remain

         in my custody only until I have completed my assigned duties, whereupon the copies are

         to be destroyed or returned to the Producing Party or Stipulating Third Party.  Such return

         or destruction shall not relieve me from any of the continuing obligations imposed upon

         me by the Protective Order.  I further agree to notify any stenographic or clerical

         personnel who are required to assist me of the terms of the Protective Order; and

(vi)   I irrevocably submit my person to the jurisdiction of the District Court for the District of

Minnesota for the limited purpose of securing compliance with the terms and conditions

of the Protective Order.

DATED: _____

Signature

Name

Present Employer

Title/Occupation

Address

City                    State                    ZIP

Telephone Number