# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-2885 |
| | ) | |
| | ) | Hon. Judge M. Casey Rodgers |
| This Document Relates To All Actions | ) | Magistrate Judge Gary R. Jones |
| | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW

Plaintiffs, pursuant to Federal Rule of Civil Procedure 5.2, Local Rule 5.5, and Pretrial Order No. 9: Stipulated Order Governing Confidentiality and Privilege entered by this Court on June 17, 2019, Docket No. 442 (the "Protective Order"), move the Court for leave to file under seal Plaintiffs' Motion to Compel Discovery and Memorandum of Law and certain exhibits in support of Plaintiffs' aforementioned motion and memorandum. Plaintiffs will also publicly file a version of its briefing with appropriate redactions.

Pursuant to the Protective Order, Defendants have designated documents Plaintiffs reference in the aforementioned motion and memorandum as "CONFIDENTIAL." Plaintiffs do not concede that Defendants' confidentiality designations are proper, but instead base this motion on Defendants' designation of their own discovery materials.

1

Section III.D of the Protective Order states,

> Confidential Information or Items: Any disclosure or Discovery Material that the Producing Party designates as "CONFIDENTIAL." The Producing Party may designate as "CONFIDENTIAL" Discovery Material that the Producing Party reasonably believes constitutes, reflects, discloses, or contains (i) trade secret or other confidential research, development, or commercial information subject to protection under Federal Rule of Civil Procedure 26(c); (ii) material protected by federal, state, or foreign data protection laws or other privacy obligations subject to protection under Federal Rule of Civil Procedure 26(c); or (iii) other information subject to protection under Federal Rule of Civil Procedure 26(c).

Section VI.A. of the Protective Order provides:

> Without written permission from the Designating Party or a court order, a Party may not file any Confidential Information into the public record as part of these Actions. All Parties shall make reasonable efforts to avoid requesting the filing of Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing Confidential may provisionally file such Information under seal, provided that the Designating Party then moves to seal within seven (7) days of the filing, explaining the bases for sealing the Information in question. Failure to file a motion to seal will result in the Information being filed publicly. While any motion to seal is pending, the document or paper containing Confidential Information shall remain under seal provisionally.

Plaintiffs move to file under seal the Exhibits to their Motion to Compel Discovery and Memorandum of Law as follows:

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| 7 | Internal 3M report documenting the development of the Combat Arms Earplug. Dated July 23, 2010. |
| 8 | 3M PowerPoint presentation entitled "3M™ Combat Arms™ Earplugs – Generation 4.1" |
| 9 | 3M PowerPoint presentation entitled "Peltor Hearing Protection and Combat Communication Solutions – PM-ICE Industry Day – Quantico, VA". Dated May 21, 2009. |

The exhibits filed under seal, along with an unredacted version of the aforementioned motion and memorandum, will be sent electronically by email to Judge Rodgers (via email at flnd_rodgers@flnd.uscourts.gov) and Judge Jones (via email at flnd_jones@flnd.uscourts.gov ), and a copy will also be sent electronically by email to all counsel of record.

## ARGUMENT

A showing of good cause can overcome the public's common law right of access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Courts balance the asserted right of access against the moving party's interest in keeping information confidential. *Id.* (citing *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). A party's privacy or proprietary interest may overcome the interest of the public in accessing the information. *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

Plaintiffs move for leave to file under seal Plaintiffs' Motion to Compel Discovery and Memorandum of Law and certain exhibits in support of Plaintiffs' aforementioned motion and memorandum on the basis of Defendants' designation of those exhibits as "CONFIDENTIAL" under section III.D of the Protective Order. Plaintiffs will file the public version of the aforementioned motion and memorandum with discussions of the confidential information redacted in order to protect Defendants' confidentiality designations.

WHEREFORE, Plaintiffs request that this Court enter an Order granting Plaintiffs leave to file the specified exhibits and memorandum under seal, approving the filing of the public version of Plaintiffs' Motion to Compel Discovery and Memorandum of Law, with corresponding redactions, and directing the Clerk to maintain the documents sealed from public record until further Order of this Court upon the resolution and closing of this matter.

Dated: September 12, 2019              Respectfully submitted,

                                      s/ Bryan F. Aylstock
                                      Bryan F. Aylstock, Lead Counsel
                                      Florida State Bar No. 078263
                                      Aylstock, Witkin, Kreis & Overholtz, PLLC
                                      17 East Main Street
                                      Suite 200
                                      Pensacola, FL 32502
                                      Tel.: (850) 202-1010
                                      baylstock@awkolaw.com

                                      Shelley V. Hutson, Co-Lead Counsel
                                      (Admitted Pro Hac Vice)

Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell,
Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

# CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that on September 11, 2019, counsel for Plaintiffs spoke telephonically with Defendants' counsel and obtained consent to the relief requested in Plaintiffs' Motion for Leave to File Under Seal.

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH LOCAL RULE 7.1(F)</u>

I hereby certify that this motion complies with the word limit of Local Rule 7.1(F) and contains 749 words.

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on September 12, 2019, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*
Bryan F. Aylstock