# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | |
| EARPLUG PRODUCTS | ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) | |
| | ) | |

## 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Defendants 3M Company ("3M"), Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC (collectively "Defendants") serve their Answers and Objections to Plaintiffs' Second Set of Requests for Production.

## GENERAL OBJECTIONS[1]

1.      Defendants object to Plaintiffs' Second Requests for Production to the extent that they call for information or seek discovery that Defendants have already produced, agreed to produce, or been ordered to produce in this federal MDL Proceeding, including but not limited to the following:  (i) 3M's prior or ongoing productions resulting from the *Qui Tam* Action; and (ii) 3M's prior or ongoing productions from Moldex I and Moldex II consistent with the Parties' agreed-upon early production of documents as described in the Court's Pretrial Order No. 10

---

[1] Capitalized terms not expressly defined herein shall have the same meaning as defined in Plaintiffs' First Set of Requests for Production of Documents.

regarding Production of Documents and Electronically Stored Information (Dkt. 443).

2.     Defendants object to Plaintiffs' Requests to the extent that they seek documents already in the possession of Plaintiffs or equally available to Plaintiffs from sources other than Defendants, including publicly available sources and documents received from the military and/or government.

3.     Defendants object to Plaintiffs' requests for electronically stored information ("ESI") to the extent that they call for the production of ESI in any manner other than that required in the Court's Pretrial Order No. 10 regarding Production of Documents and Electronically Stored Information (Dkt. 443), and to the extent that they call for production of ESI with respect to technology assisted review ("TAR") in any manner other than that required under the Court's Pretrial Order No. 12 regarding the Protocol Relating to Use of Technology Assisted Review (Dkt. 472).

4.     Defendants object to Plaintiffs' definition of "You" and "your" because it improperly attempts to make Plaintiffs' requests applicable not only to the named defendants, but to entities which are not parties to this litigation, including but not limited to "related or affiliated entities or individuals named as defendants in this proceeding, their present and former officers, directors, executives, agents, representatives, employees, and/or attorneys."   Defendants will respond, and produce documents, on their own behalf.

5.     Defendants object to Plaintiffs' definition of "document" and/or "documents" in Paragraph No. 4 of Plaintiffs' Definitions/Instructions, to the extent that it improperly seeks documents that may not have been kept in the ordinary course of business, may not be in a reasonably accessible and recoverable format, and/or may not be obtained after a good-faith and reasonable search.

6.     Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

7.     Defendants object to Plaintiffs' Requests to the extent that they are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including without limitation, as to subject matter and/or time period, and where compliance with specific requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming.  Defendants further object to Plaintiffs' Requests to the extent that they seek documents and materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.     Defendants object to each of Plaintiffs' Requests asking for "each," "every," "any," or "all" document(s), communication(s), person(s), or event(s) on the ground that such Requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant.  Subject to these objections, Defendants will diligently search for and produce, if located, responsive, non-

privileged documents.  To the extent Defendants specifically identify documents in response to individual Requests, Defendants cannot and do not, however, represent that these documents represent "each," "every," "any," or "all" documents that may be responsive to Plaintiffs' Requests.

9.      Defendants object to Plaintiffs' Requests to the extent that they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

10.     Defendants object to Plaintiffs' Requests to the extent that they call for documents or information not within Defendants' possession, custody, or control.

11.     Defendants' production of any information or documents in response to Plaintiffs' Requests should not be construed as:  (a) a stipulation that the material is relevant or admissible; (b) a waiver of Defendants' General Objections or any objections asserted in response to specific requests; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) a waiver or forfeiture of any claim of applicable privilege or work product protection. Defendants expressly reserve the right to object to further discovery, to the subject matter of these Requests, and to the introduction into evidence of any documents that Defendants may produce in response to these Requests.

12.     Defendants reserve the right to modify, amend, or supplement their responses, which are based upon Defendants' current knowledge, understanding, belief, and searches for information and documents.  Defendants' investigation of facts and information relating to these Requests is continuing.

13.     Notwithstanding their response to a particular Request, Defendants assert, and incorporate by reference, the foregoing General Objections into their responses to individual requests, including any definitions or instructions associated therewith.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION 43 THROUGH 67

### REQUEST NO. 43

All documents relating to Your practices, best practices, standards, and regulations concerning testing failures or difficulties, aberrational test results, facially inaccurate or erroneous test results, failures of testing methods, retention of testing results, and processes for review or challenge of reported testing results, together with any actual data concerning the foregoing with regard to the testing of the 3M Earplugs and any actual or potential predecessor or successor design.

### RESPONSE TO REQUEST NO. 43

3M objects to the phrase "Your practices, best practices" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 44

All documents relating to Your policies and procedures used for determining and evaluating proper earplug fit in the course of design and testing of earplugs, and any analyses of those policies and procedures, including accounting for variation in ear canal size, formal or informal training of test subjects on creating and maintaining proper fit, formal or informal training of test administrators and/or experimenters concerning creating and maintaining proper fit for test subjects, the scope of fit instructions provided to test subjects as compared to fit instructions provided to end- users, and any methods for determining the extent to which successful fit in the course of design and testing may be replicated by end-users.

## RESPONSE TO REQUEST NO. 44

3M objects to the phrases "informal training" and "any analyses of those policies or procedures" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged

documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 45

All documents relating to Your actual or potential policies and procedures for determining and evaluating the degree of attenuation provided by hearing protection devices, including Noise Reduction Rating ("NRR"), Single Number Rating ("SNR"), and Sound Level Conservation ("SLC80"), and any analyses of those policies and procedures, including best practices for determining the degree of attenuation provided by hearing protection devices, the efficacy and limits of methods of determining the degree of attenuation provided by hearing protection devices, and any alternative methods for determining the degree of attenuation provided by hearing protection devices.

## RESPONSE TO REQUEST NO. 45

3M objects to the phrases "best practices" and "any analyses of these procedures" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant

and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have

not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 46

All documents concerning the methods used by You for selecting test subjects

for testing the fit of and degree of attenuation provided by hearing protection

devices, including NRR, SNR, and SLC80, and labelling of hearing protection

devices relating to such standards, including the criteria you use for placing test

subjects on "test panels" for NRR labeling tests and any other testing or evaluation

of the degree of attenuation provided by hearing protection devices, criteria for

exclusion from those test panels, and any documents showing any connection

between an individual test subject's results and that test subject's inclusion in future

test panels.

## RESPONSE TO REQUEST NO. 46

3M objects to the phrases "any connection between an individual test subject's

results and that test subject's inclusion in future test panels" and "any other testing

or evaluation" as overbroad, vague and ambiguous. 3M further objects to this

Request as redundant, duplicative, and/or cumulative of discovery previously taken

of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged

documents relating to the CAEv2 and responsive to this Request deemed relevant

and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 47

All documents relating to any research, investigation, or testing concerning (1) the 3M Earplugs; (2) any actual or potential predecessor or successor product to the 3M Earplugs; or (3) noise attenuation, hearing loss, hearing conservation, and acoustical science in the context of (a) combat, military, or battlefield environments; or (b) impulse noise such as gunfire or explosives; including direct or indirect financial support, and/or writing, drafting, editing, or commenting upon work contemplated for publication concerning the foregoing.

## RESPONSE TO REQUEST NO. 47

3M objects to the Request for "noise attenuation, hearing loss, hearing conservation, and acoustical science in the context of (a) combat, military, or battlefield environments; or (b) impulse noise such as gunfire or explosives; including direct or indirect financial support, and/or writing, drafting, editing, or commenting upon work contemplated for publication concerning the foregoing," including with respect to "any actual or potential predecessor or successor product" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged

documents related to 3M's testing of the CAEv2 responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 48

All documents relating to any analysis of the methods used or contemplated for use in evaluating and testing the 3M Earplugs, including any research, evaluation, challenge, complaint, study, or known deficiency of any evaluative or testing procedure applied to the 3M Earplugs or any actual or potential predecessor or successor version thereof, including analysis of methods for the testing of fit, attenuation, and seal of hearing protection devices.

## RESPONSE TO REQUEST NO. 48

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents related to 3M's analysis of testing methods used to test the CAEv2 responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 49**

All documents concerning the relationship between the degree of attenuation provided by hearing protection devices, and the extent of attenuation in reasonably anticipated use, including Your policies concerning any quality assurance or other procedures for ensuring the accuracy of attenuation claims in the use applications for which the product was designed.

**RESPONSE TO REQUEST NO. 49**

3M objects to the Request, including insofar as it applies to all "hearing protection devices," as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents related to 3M's analysis of attenuation provided by the CAEv2 responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 50**

All documents reflecting or constituting any analysis or study of the nature and extent of noise service members are exposed to in particular specialties, in particular situations, or when operating particular weapons or other equipment, or

other conditions attendant to those circumstances that may affect the ability of the 3M Earplugs to protect their wearer.

**RESPONSE TO REQUEST NO. 50**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M. 3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 51**

All documents concerning Your review of any claims regarding performance, testing, test results, fit, comfort, or use in the marketing materials sought by Request No. 27, including any discussions of the language used in marketing material.

**RESPONSE TO REQUEST NO. 51**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M. Defendants incorporate by reference their objections to Request for Production No. 27.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 52

All documents relating to Dr. Richard Price, Dr. Joel Kalb, Dr. P. Fedele, Dr. Georges Garinther, Dr. Thomas R. Letowski, Richard McKinley, Dr. Lorraine Babeu, Dr. William Ahroon, Dr. Douglas Brungart, Dr. Eric Fallon, Mary S. Binsell, Brian Hobbs, Robert Williams, James Lovejoy, Daniel L Johnson, Armand Dancer, Karl Buck, Bettye H. Simmons, and/or Raymond Fatz, and the 3M Earplugs, earplug design, and/or testing, fit issues, and/or evaluation of hearing protection devices, including any communications between You or any employee or agent of Yours and any of those individuals relating to those topics.

## RESPONSE TO REQUEST NO. 52

3M objects to the Request for all documents "relating to" each of these individuals as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 53**

All documents reflecting or constituting the results of testing You performed on any competing products.

**RESPONSE TO REQUEST NO. 53**

3M objects to the the phrase "competing product" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

**REQUEST NO. 54**

All documents concerning any competitive analysis by you of competing products actually or potentially marketed by entities other than Defendants, including any documents reflecting any efforts to prevent entry of competing products into the 3M Earplugs market.

**RESPONSE TO REQUEST NO. 54**

3M objects to the the phrase "competing product" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

**REQUEST NO. 55**

All documents relating to Your actions or communications concerning any criticism or critique of features, functionality, specifications, testing results, or marketing claims or representations of any competing product or manufacturer, marketer, or distributor of a competing product, whether such actions or communications were taken with regard to the public generally, to customers, or to regulatory or other legal authorities, and any other actions taken to control the flow of information to the public regarding competing products.

**RESPONSE TO REQUEST NO. 55**

3M objects to the the phrase "competing product" as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs

to agree to production of documents responsive to an appropriately clarified and narrowed request.

**REQUEST NO. 56**

All documents relating to any actual, contemplated, or threatened use of cease and desist letters or orders, intellectual property litigation, or other action against critics either of the 3M Earplugs or of the manner of development or testing of the 3M Earplugs, or other actions to and any other efforts to control the flow of information to the public regarding the 3M Earplugs and to prevent criticism of the 3M Earplugs from reducing the value of the 3M Earplugs business.

**RESPONSE TO REQUEST NO. 56**

3M objects to the the phrase "control the flow of information" as overbroad, vague and ambiguous. 3M objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control. 3M further objects to this Request to the extent it requests the production of documents subject to the attorney client privilege or the attorney work product doctrine.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

## REQUEST NO. 57

All documents and communications between You and any government entity, agency and/or service branch, including foreign governments and regulatory bodies, concerning performance, testing, test results, or fit, or any complaints or representations concerning the foregoing, with regard to the 3M Earplugs and/or any competing products.

## RESPONSE TO REQUEST NO. 57

3M objects to the the phrase "competing product" as overbroad, vague, ambiguous and not likely to lead to the discovery of admissible information. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 58

All documents and communications relating to Your interactions with or lobbying of any government or regulatory entity concerning rulemaking, voluntary

industry standards, testing, labeling, the setting of product specifications or requirements, hearing conservation programs, purchaser solicitations, and procurement processing of hearing protection devices, including without limitation OSHA, EPA, and Department of Defense.

## RESPONSE TO REQUEST NO. 58

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M. 3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 59

All documents related to any claims, contentions, investigations, or proceedings brought by any standards body, customer, or state or federal agency, regulator, or other entity, relating to alleged testing improprieties or false claims on behalf of Defendants or any of their predecessors, including Cabot, concerning NRR or the extent of sound attenuation with regard to any hearing protection device, including documents relating to any actions taken by the EPA in or around 1990

relating to the NRR rating of Cabot's E-A-R foam plugs.

## RESPONSE TO REQUEST NO. 59

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

## REQUEST NO. 60

Any test request by any regulator, standards body, or agency, and the results of and protocols for any such test.

## RESPONSE TO REQUEST NO. 60

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

**REQUEST NO. 61**

All documents relating to Your interaction with non-government industry associations and standards-setting entities, including documents relating to your involvement in the development of testing requirements, standards, and procedures, and your interaction with, lobbying of, influence of, or funding of any entity involved in setting any testing requirements, procedures or voluntary industry standards.

**RESPONSE TO REQUEST NO. 61**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this Request to the extent it requests documents not in 3M's possession, custody or control.

Notwithstanding the above objections, 3M will meet and confer with Plaintiffs to agree to production of documents responsive to an appropriately clarified and narrowed request.

**REQUEST NO. 62**

All documents relating to Your interactions with any media source or any third-party public relations, media relations, or public affairs entities concerning the 3M Earplugs, including all actual or potential public relations actions, standby statements, talking points, FAQs, press releases, Q&As, and messaging documents,

including any public relations actions relating to the launch of the 3M Earplugs and any litigation concerning the 3M Earplugs.

**RESPONSE TO REQUEST NO. 62**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this request to the extent it seeks documents which are protected by the attorney-client privilege or the attorney work product doctrine.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 63**

All documents relating to Your business strategy, regulatory strategy, product development strategy, market study and analysis, and life cycle planning, for the 3M Earplugs and any actual or potential predecessor or successor designs thereof.

**RESPONSE TO REQUEST NO. 63**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 64

All investigations, evaluations, due diligence, and studies of the non-linear filter incorporated in the 3M Earplugs and any actual or potential alternative designs, whether conducted by you or by any other entity, including any analysis of the effect the incorporation of the filter may have had upon the fit of the 3M Earplugs.

## RESPONSE TO REQUEST NO. 64

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this request to the extent it seeks documents which are outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 65

All documents relating to the testing, investigation, development, or study of

nonlinear earplugs and/or non-linear earplug component filters.

## RESPONSE TO REQUEST NO. 65

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M also objects to this request to the extent it seeks documents which are outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M will produce non-privileged documents relating to the CAEv2 and responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 66

Any documents reviewed by or otherwise used to prepare any witness designated to give testimony responsive to any Rule 30(b)(6) Deposition Notice.

## RESPONSE TO REQUEST NO. 66

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M further objects to this request to the extent it seeks documents which are protected by the attorney-client privilege or the attorney work product doctrine.

Notwithstanding the above objections, 3M will produce non-privileged

documents to the extent required by the law.

**REQUEST NO. 67**

All material called for in Exhibit A to the Rule 30(b)(6) Deposition Notice served August 2, 2019, attached hereto as Attachment A, and all documents called for in Exhibit A to the Rule 30(b)(6) Deposition Notice filed July 17, 2019, attached hereto as Attachment B, or in any Rule 30(b)(6) Deposition Notice or attachment or exhibit thereto served hereafter.

**RESPONSE TO REQUEST NO. 67**

3M objects to the Request as overbroad, vague and ambiguous. 3M further objects to this Request redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.  3M further objects to this request to the extent it seeks documents which are protected by the attorney-client privilege or the attorney work product doctrine.

Notwithstanding the above objections, 3M will produce non-privileged documents to the extent required by the law.

DATED: September 9, 2019                    Respectfully submitted,

                                            */s/ Kimberly Branscome*

                                            KIRKLAND & ELLIS, LLP
                                            Kimberly Branscome
                                            kimberly.branscome@kirkland.com
                                            333 South Hope Street

Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Counsel for Defendant 3M Company
and Aearo Technologies LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2019, a true and correct copy of the foregoing:

### 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

was served as follows:

☒ **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

Virginia E. Anello, Discovery & ESI Subcommittee
Douglas & London, PC
59 Maiden Ln, 6th Floor
New York, NY 10038
Tel.: (212) 566-7500
vanello@douglasandlondon.com

Kathering E. Charonko, Discovery & ESI Subcommittee
Bailey Glasser, LLP
209 Capitol Street

Taylor C. Bartlett, Discovery & ESI Subcommittee
Henninger Garrison Davis LLC
2224 1st Avenue North
Birmingham, AL 35203

Charleston, WV 25301                           Tel.: (205) 301-6115
Tel.: (304) 345-6555                           taylor@hgdlawfirm.com
kcharonko@baileyglasser.com

J. Nixon Daniel, Discovery & ESI               David R. Buchanan, Discovery & ESI
Subcommittee                                   Subcommittee
Beggs & Lane, RLLP                             Seeger Weiss LLP
501 Commendencia Street                        77 Water Street, 8th Floor
Pensacola, FL 35202                            New York, NY 10005
Tel.: (850) 469-3306                           Tel.: (973) 639-9100
taylor@hgdlawfirm.com                          dbuchanan@seegerweiss.com


DATED:  September 9, 2019                       /s/ Kimberly Branscome
                                                Kimberly Branscome