# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

## DECLARATION OF MICHELLE SIX RELATING TO PLAINTIFFS' REQUEST FOR DISCOVERY RELATING TO ALLEGED PREDECESSOR AND SUCCESSOR PRODUCTS

I, Michelle Six, declare and state as follows:

1. My name is Michelle Six. I am over the age of 18 and I am competent to testify on the matters set forth herein.

2. I am a partner in the New York office of the law firm Kirkland & Ellis, LLP ("Kirkland"). My practice focuses exclusively on electronic discovery law, concentrating on creating, monitoring, and implementing best practices and strategies for e-discovery.

3. At Kirkland, I provide legal advice to our clients on document preservation, collection and review considerations in connection with pre-litigation readiness and large-scale litigation matters.

4.  I have assessed Plaintiffs' requests for additional discovery relating to certain predecessor and successor products other than the CAEv2, including CAEv1, CAEv3, CAEv4, CAEv4.1, UltraFit Earplugs, and TCAPS.

5.  In order to properly address document collection and review in connection with an expanded scope of discovery that would target all potentially responsive documents and data concerning these additional products, Defendants would need to undertake several steps, including at minimum the following:

6.  First, Defendants would need to identify any additional custodians who might possess potentially relevant documents and data about those products.

7.  Second, Defendants would need to interview those custodians to confirm whether they do possess any relevant data and identify where this information resides on Defendants' servers and databases.

8.  Third, Defendants would need to collect and process all potentially responsive data from the custodians.

9.  Fourth, Defendants would need to collect and process all potentially responsive data from any non-custodial repositories identified by the custodial interviews.

10. Fifth, Defendants would need to review all of the collected, processed data for relevance and any applicable privileges prior to production.

11. Based on my experience, these steps will impose a significant delay and burden on Defendants.

12. While the full extent of that significant delay and burden cannot be determined at this time, it is my opinion that Defendants cannot complete these steps in time to produce any resulting responsive, non-privileged discovery related to the predecessor and successor products by September 30, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of September, 2019 at New York, New York.

*Michelle Six*
Michelle Six