# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | |
| EARPLUG PRODUCTS | ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) | |
| | ) | |

## 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendants 3M Company ("3M"), Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC (collectively "Defendants") serve their Answers and Objections to Plaintiffs' First Set of Requests for Production.

## GENERAL OBJECTIONS[1]

1.     Defendants object to Plaintiffs' First Requests for Production to the extent that they call for information or seek discovery that Defendants have already produced, agreed to produce, or been ordered to produce in this federal MDL Proceeding, including but not limited to the following:  (i) 3M's prior or ongoing productions resulting from the *Qui Tam* Action; and (ii) 3M's prior or ongoing productions from Moldex I and Moldex II consistent with the Parties' agreed-upon early production of documents as described in the Court's Pretrial Order No. 10 regarding Production of Documents and Electronically Stored Information (Dkt. 443).

2.     Defendants object to Plaintiffs' Requests to the extent that they seek documents already in the possession of Plaintiffs or equally available to Plaintiffs from sources other than Defendants, including publicly available sources and documents received from the military and/or government.

3.     Defendants object to Plaintiffs' requests for electronically stored information ("ESI") to the extent that they call for the production of ESI in any manner other than that required in the

---

[1] Capitalized terms not expressly defined herein shall have the same meaning as defined in Plaintiffs' First Set of Requests for Production of Documents.

Court's Pretrial Order No. 10 regarding Production of Documents and Electronically Stored Information (Dkt. 443), and to the extent that they call for production of ESI with respect to technology assisted review ("TAR") in any manner other than that required under the Court's Pretrial Order No. 12 regarding the Protocol Relating to Use of Technology Assisted Review (Dkt. 472).

4.      Defendants object to Plaintiffs' definition of "You" and "your" because it improperly attempts to make Plaintiffs' requests applicable not only to the named defendants, but to entities which are not parties to this litigation, including but not limited to "related or affiliated entities or individuals named as defendants in this proceeding, their present and former officers, directors, executives, agents, representatives, employees, and/or attorneys."  Defendants will respond, and produce documents, on their own behalf.

5.      Defendants object to Plaintiffs' definition of "document" and/or "documents" in Paragraph No. 4 of Plaintiffs' Definitions/Instructions, to the extent that it improperly seeks documents that may not have been kept in the ordinary course of business, may not be in a reasonably accessible and recoverable format, and/or may not be obtained after a good-faith and reasonable search.

6.      Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."  Defendants incorporate this objection by reference into all responses relating to the "3M Earplugs."

7.      Defendants object to Plaintiffs' Requests to the extent that they are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including without limitation, as to subject matter and/or time period, and where compliance with specific requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming.  Defendants further object to

Plaintiffs' Requests to the extent that they seek documents and materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.    Defendants object to each of Plaintiffs' Requests asking for "each," "every," "any," or "all" document(s), communication(s), person(s), or event(s) on the ground that such Requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, Defendants will diligently search for and produce, if located, responsive, non-privileged documents.  To the extent Defendants specifically identify documents in response to individual Requests, Defendants cannot and do not, however, represent that these documents represent "each," "every," "any," or "all" documents that may be responsive to Plaintiffs' Requests.

9.    Defendants object to Plaintiffs' Requests to the extent that they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

10.    Defendants object to Plaintiffs' Requests to the extent that they call for documents or information not within Defendants' possession, custody, or control.

11.    Defendants' production of any information or documents in response to Plaintiffs' Requests should not be construed as:  (a) a stipulation that the material is relevant or admissible; (b) a waiver of Defendant's General Objections or any objections asserted in response to specific requests; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) a waiver or forfeiture of any claim of applicable privilege or work product protection. Defendants expressly reserve the right to object to further discovery, to the subject matter of these

Requests, and to the introduction into evidence of any documents that Defendants may produce in response to these Requests.

12.     Defendants reserve the right to modify, amend, or supplement their responses, which are based upon Defendants' current knowledge, understanding, belief, and searches for information and documents.  Defendants' investigation of facts and information relating to these Requests is continuing.

13.     Notwithstanding their response to a particular Request, Defendants assert, and incorporate by reference, the foregoing General Objections in response to each and every one of Plaintiffs' Requests, including any definitions or instructions associated therewith.

<strong><u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u></strong>

**<u>DESIGN, TESTING, AND CORRECTIVE ACTION</u>**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**  All documents relating to the design, testing, and performance of the 3M Earplugs.

**<u>RESPONSE:</u>**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad as it relates to time and/or scope and ambiguous as it relates to "performance."  Defendants further object to this Request to the extent that it seeks the production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of proprietary nature and/or protected by other privacy considerations by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

4

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to the Combat Arms Earplugs Version 2, (hereinafter, "CAEv2") deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 2:**  All documents regarding any risks, elevated hazards, failures or deficiencies in fit, or dangers to hearing from the use of the 3M Earplugs.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to to the words or phrases "risks," "elevated hazards," "failures or deficiencies," and "dangers," as vague and ambiguous.  Defendants further object to this Request to the extent that it seeks the production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of proprietary nature and/or protected by other privacy considerations by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, and vague to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 3:**  All documents in the design history files for the 3M Earplugs, including any contemplated or implemented changes to the design of the 3M Earplugs or fitting instructions or other instructions for their use.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without any limitations as to time and/or scope.  Defendants further object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 4:**  All studies, analyses, memoranda, databases, complaints, and other documents relating to alleged defects in or failures of the 3M Earplugs or similar military grade or dual-purpose earplugs, whether or not such earplugs were manufactured or marketed by you, including any product defect analyses, internal investigations, or hazard assessments arising out of, or related to, alleged defects in or failures of the 3M Earplugs.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents related to "similar military grade or dual-purpose earplugs" and as unduly burdensome as such documents are neither proportional to the scope of litigation nor likely to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent is seeks documents that are not in the possession, custody, or control of Defendants. Defendants further object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 5:**  All documents relating to the technical specifications for the design and manufacture of the 3M Earplugs, including but not limited to technical specifications, validations, and alternative design options.

**RESPONSE:**  Defendants object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive,

confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process sufficient to show technical specifications for the design and manufacture of the 3M Earplugs to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 6:**  All documents relating to your response to technical specifications or other requests from the U.S. government or any of the U.S. Armed Forces for hearing protection devices for armed force service members.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without any limitations as to time and/or scope and to the extent that it seeks documents that are not limited to CAEv2 because such documents are neither proportional to the scope of litigation nor likely to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to the Parties' Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 7:**  All documents reflecting or relating to objects, materials, conditions, or anything else encountered during testing that indicated or triggered potential failures of fit, performance, or auditory complications for users of the 3M Earplugs.

**RESPONSE:**  Defendants object to this Request to this request to the extent that it seeks documents "reflecting or relating to objects, materials, conditions, or anything else encountered during testing that indicated or triggered potential failures of fit, performance, or auditory complications for users of the 3M Earplugs" as vague and ambiguous.  Defendants further object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to clarify the scope of this Request.    Subject to, and without waiving their specific and General Objections, and subject to the parties' meet and confer to gain

clarification about the request, Defendants will produce non-privileged documents, if any, responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 8:** All documents that reflect or relate to any and all third-party studies or testing any Defendant commissioned, funded, requested, or about which any Defendant was notified, of any version of Combat Arms earplugs, including studies conducted by independent labs not controlled by any Defendant and studies conducted by any government entity, that analyze or compare such earplugs to the 3M Earplugs or any predecessor or successor designs of any Combat Arms earplugs.

**RESPONSE:** Defendants object to this Request to the extent that is seeks "documents that reflect or relate to any and all third-party studies" which are neither maintained by Defendants in the ordinary course of business nor in the possession, custody, or control of Defendants. Defendants further object to this Request to the extent is seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations. Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use." Defendants further object to this Request as

overly broad and unduly burdensome in that it requests documents related to versions of the Combat Arms Earplug not at issue in this litigation.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 9:**  All documents that constitute, reference, relate, or pertain to The Flange Report, including but not limited to documents regarding the creation of The Flange Report; communications transmitting The Flange Report to or from any person, including your present or former employees, your present or former consultants, and/or any U.S. government employee or agent; and documents discussing The Flange Report.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without any limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 10:**  All documents relating to actual or contemplated training, instructions, or draft instructions for the use of the 3M Earplugs, including all training and instructions provided to users of the 3M Earplugs, all training and instructions used or created in the course of testing the 3M Earplugs, and all correspondence regarding proposed or executed edits, additions, deletions, or other modifications to any such training or instructions.

**RESPONSE:**  Defendants object to this Request to the extent that is seeks documents which are neither maintained by Defendants in the ordinary course of business nor in the possession, custody, or control of Defendants.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants also object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations. Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 11:**  Documents sufficient to show each version of fitting instructions or other instructions for use that you provided for 3M Earplugs.

**RESPONSE:**  Defendants object to this Request to the extent that it is duplicative of Request No. 10.  Defendants further object to this Request to the extent that is seeks documents which are neither maintained by Defendants in the ordinary course of business nor in the possession, custody, or control of Defendants.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 12:**  All documents regarding the drafting and revision of any instructions you produce in response to Requests Nos. 9 and 10.

**RESPONSE:**  Defendants object to this Request to the extent that is duplicative of Request No. 10.  Defendants object to this Request to the extent that is seeks documents which are neither maintained by Defendants in the ordinary course of business nor in the possession, custody, or control of Defendants.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants also object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is

protected by other privacy protections provided by applicable laws, rules, and/or regulations. Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad , vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No 10.

**REQUEST FOR PRODUCTION NO. 13:**  All documents relating to or constituting complaints regarding the 3M Earplugs from any person including any purchaser or user of the 3M Earplugs, any communications with third parties regarding such complaints, and all documents relating to your responses to any such complaints, including any actual or contemplated repair, fix, mitigation, remedial measure, warning, redesign, or other means of redressing, in whole or in part, any actual or suspected defect in the 3M Earplugs.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad to the extent that it seeks documents without any limitations as to time and/or scope.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant

and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that

Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 14:**  All documents relating to Dr. Douglas Ohlin Ph.D.,

including (a) all personnel records of Dr. Douglas Ohlin Ph.D.; (b) all communications between

Dr. Douglas Ohlin and any other person, or between Dr. Douglas Ohlin and any Defendant, that

reference, relate, or pertain to hearing protection devices, including the 3M Earplugs; (c)

documents sufficient to establish the nature and timeline of all contractual, employment, agency,

or other relationships between Dr. Douglas Ohlin and any Defendant; (d) all documents relating

to payments or grants, direct or indirect, from you to Dr. Douglas Ohlin, including payments to

Dr. Douglas Ohlin relating to work as a consultant, prior to the formal start of his employment

with 3M; (e) all documents relating to Dr. Douglas Ohlin's presenting or speaking at any 3M-

sponsored seminars; (f) all communications between Dr. Douglas Ohlin and any person acting on

behalf of or purporting to act on behalf of the U.S.

**RESPONSE:**  Defendants object to this Request as overly broad and unduly burdensome,

including to the extent that it seeks documents without limitations as to time and/or scope.

Defendants further object to this Request to the extent that it seeks documents, communications,

and information that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendants further object to this Request to the extent that it seeks

documents and communications which are neither maintained by Defendants in the ordinary

course of business nor in the possession, custody, or control of Defendants.  Defendants further

object to this Request to the extent that "other relationships between Dr. Douglas Ohlin and any

Defendant" is vague and ambiguous.  Defendants further object to this Request to the extent that

"all documents relating to Dr. Douglas Ohlin's presenting or speaking at any 3M-sponsored

15

seminars" is neither relevant nor proportional to the scope of litigation and the needs of this case.

Defendants further object to this Request to the extent that "all communications between Dr.

Douglas Ohlin and any person acting on behalf of or purporting to act on behalf of the U.S." are

not within the possession, custody, or control of Defendants.  Defendants further object to this

Request to the extent that it implicates privacy concerns of private individuals that are neither

involved in this litigation nor employed by any of the Defendants.

      Subject to, and without waiving their specific and General Objections, Defendants will

produce:

      (1) "communications between Dr. Douglas Ohlin and any other person, or between Dr. Douglas Ohlin and any Defendant, that reference, relate, or pertain to hearing protection devices, including the 3M Earplugs" to the extent that the communications are non-privileged, relate to CAEv2, and are in the possession, custody, or control of Defendants; and

      (2) "documents relating to Dr. Douglas Ohlin's presenting or speaking at any 3M-sponsored seminars"

to the extent the documents are non-privileged, related to CAEv2, are in the possession, custody,

or control of Defendants, and are deemed relevant and responsive pursuant to Pretrial Order No.

12 and the TAR Process, to the extent that Defendants have not previously produced such

documents pursuant to Pretrial Order No. 10.

      Defendants are in the process of locating any employment agreements for Dr. Ohlin.

Defendants will continue to conduct a reasonable search for those documents and, and without

waiving their specific and General Objections, will produce relevant, non-privileged employment

agreements.

      Subject to, and without waiving their specific and General Objections, Defendants offer to

meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

16

**REQUEST FOR PRODUCTION NO. 15:**  All documents relating to or constituting correspondence between you and either of (a) Pascal Hamery; and/or (b) Institut Franco-Allemand de Recherches de Saint-Louis, including any person acting on behalf of or purporting to act on behalf of Institut Franco-Allemand de Recherches de Saint-Louis.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without limitations as to time/and or scope and subject matter.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.  Subject to, and without waiving their specific and General Objections, and subject to the parties' meet and confer to gain clarification about and narrow the request, Defendants will produce non-privileged documents, if any, responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 16:**  All documents relating to 3M's employment of any former U.S. Armed Forces officers whose duties in their earlier employment with the U.S. Armed Forces related to the purchasing of earplugs or other hearing protection systems from private contractors on behalf of the U.S. Armed Forces.

**RESPONSE:**  Defendants object to this request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the scope of litigation and needs of the case.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.  Subject to, and without waiving their specific and General Objections, and subject to the parties' meet and confer to gain clarification about and narrow the request, Defendants will produce non-privileged documents, if any, responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 17:**  Any personnel profile, analysis, or other document generated, obtained, or maintained by you concerning any employee, representative, or member of the U.S. Military, Government, or contracting party with whom you dealt, or who had any responsibility concerning, 3M Earplugs.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants further object to this Request to the extent that it seeks documents and communications that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as "any personnel profile, analysis, or other document generated, obtained, or maintained by you

concerning any employee, representative, or member of the U.S. Military, Government, or contracting party with whom you dealt, or who had any responsibility concerning, 3M Earplugs" is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the scope of litigation and needs of the case.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad,  vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.  Subject to, and without waiving their specific and General Objections, and subject to the parties' meet and confer to gain clarification about and narrow the request, Defendants will produce non-privileged documents, if any, responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 18:**  All raw data, test results, hazard assessments, Noise Reduction Ratings, testing protocols, and other documents pertaining to or constituting the work product of the EarCAL Laboratory regarding the 3M Earplugs or any of its predecessor(s).

**RESPONSE:**  Defendants object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs or any of its predecessor(s)" as overly broad, vague, and

ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving any of their Specific or General Objections, Defendants will produce non-privileged documents responsive to this Request related to the CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 19:** All documents that reference, relate or pertain to the design, development and testing of the CAEv1, CAEv3, CAEv4, CAEv4.1, UltraFit Earplugs, and TCAPS.

**RESPONSE:** Defendants object to this Request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope and is not proportional to the scope of this litigation or the needs of this case.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:** All documents that concern any research, study, or investigation conducted by you, supported by or sponsored by you, or provided to or obtained by you regarding: (a) the role or involvement of acoustic levels or exposures in the development or worsening of hearing loss or tinnitus; (b) the sequelae from and progression of hearing loss or tinnitus; (c) safe levels and durations of acoustic exposure; (d) hearing conservation; or (e) the prevention of noise-related hearing loss.

**RESPONSE:** Defendants object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope. Defendants further object to this Request

as unduly burdensome as this Request is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence and not proportional to the scope of litigation and the needs of

this case.  Defendants further object to this Request to the extent that it seeks documents that are

publicly available, and/or not in the possession, custody, or control of Defendants.

Subject to, and without waiving their specific and General Objections, Defendants offer

to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**  All documents that concern any historical, current,

or prospective research, study, or investigation conducted by you, supported by or sponsored by

you, or provided to or obtained by you regarding the 3M Earplugs or any predecessor or

successor design, including funding amounts, test data, communications with persons associated

with such research, actual or potential study protocols, and all versions of interim, draft, or final

reports.

**RESPONSE:**  Defendants object to this Request to the extent that "any predecessor or successor

design" is vague and ambiguous.  Defendants further object to this Request as overly broad to

the extent that it seeks documents without limitations as to time and/or scope, and is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants

further object to this Request to the extent that it seeks documents that are publicly available,

and/or not in the possession, custody, or control of Defendants.  Defendants object to Plaintiffs'

definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it

incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military

use."

Subject to, and without waiving their specific and General Objections, Defendants will

produce non-privileged documents and communications responsive this Request related to

21

CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.


**COMMUNICATIONS WITH U.S. PURCHASING ENTITIES**

**REQUEST FOR PRODUCTION NO. 22:**  The Medical Procurement Item Description.

**RESPONSE:**  Defendants object to this Request to the extent that it requests documents that are publicly available and/or outside of the possession, custody or control of Defendants.

Subject to, and without waiving their specific and General Objections, and based upon their reasonable search, Defendants will produce documents responsive to this Request to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 23:**  All documents that you claim represent or reflect any change, modifications, revision, addition, or clarification by the U.S. government of the design specifications, performance criteria, testing protocols or other instructions set forth in the Medical Procurement Item Description.

**RESPONSE:**  Defendants object to this Request to the extent that it requests documents that are publicly available and/or outside of the possession, custody or control of Defendants.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to the Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 24:**  All communications with any government entity or other purchaser concerning the 3M Earplugs, including any testing a government entity

performed on 3M Earplugs, any assessments a government entity provided to you of 3M

Earplugs test results that you provided to the entity, and any regulatory communications file for

any purchaser including the U.S. and any U.S. government entity.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks

documents without limitations as to time and/or scope and to the extent that it seeks

communications that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to this Request to the extent that any government

and/or third party testing performed on 3M Earplugs is not in the possession, custody, or control

of Defendants.  Defendants further object to this Request to the extent that "any regulatory

communications file for any purchaser including the U.S. and any U.S. government entity" as

vague and ambiguous.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly

broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs

marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will

produce non-privileged documents and communications responsive to this request related to

CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process

to the extent that Defendants have not previously produced such documents pursuant to Pretrial

Order No. 10.

**REQUEST FOR PRODUCTION NO. 25:**  All documents submitted by Defendants in

response to the U.S. Military's Request for Proposal to supply earplugs that reflect or contain a

certification that the 3M Earplugs complied with the specifications and salient characteristics of

the Medical Procurement Item Description.

**RESPONSE:**  Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it requests documents related to earplugs other than the CAEv2 at issue in this litigation.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 26:**  All documents that constitute, reference, relate, or pertain to the testing of any and all versions of the 3M Earplugs by a military audiologist or other U.S. government employee or agent, including documents relating to testing that may have been abandoned or stopped for any reason, including fit issues.

**RESPONSE:**  Defendants object to this Request to the extent that it is duplicative of Requests Nos. 1 and 8.  Defendants further object to this Request to the extent that it seeks documents which are not in the possession, custody, or control of Defendants.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."  Defendants further object to this Request to the extent that it seeks communications that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents relating to testing of CAEv2 within the possession, custody, or control of Defendants deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

24

**MARKETING, SALES, AND DISTRIBUTION**

**REQUEST FOR PRODUCTION NO. 27:**  All documents concerning the marketing of the 3M Earplugs, including any demonstration videos, product sheets, sales training materials, sales and advertising materials, and marketing plans or sales strategies.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks production of documents that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants will produce responsive, non-privileged documents sufficient to show the marketing of CAEv2, including the final version of any demonstration videos, product sheets, sales training materials, and sales and advertising materials deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 28:**  All documents relating to conferences, seminars, conventions, panels, working groups, or other events or projects relating to hearing conservation or hearing protection that you or any of your representatives, employees, or agents attended or presented at, including copies of any presentations, materials distributed or collected, schedules, agendas, minutes, written transcripts or audiovisual recordings, or notes, and each Defendant's annual budget relating to sponsoring such conferences, seminars, conventions, panels, working groups, or other events or projects.

25

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope and to the extent that documents relating to "conferences, seminars, conventions, panels, working groups, or other events or projects relating to hearing conservation or hearing protection" are neither relevant nor reasonably calculated to lead to the discovery or admissible evidence.  Defendants further object to this Request to the extent that "conferences, seminars, conventions, panels, working groups, or other events or projects relating to hearing conservation or hearing protection" is vague and ambiguous.  Defendants further object to this Request to the extent that it requests documents not within the possession, custody, or control of Defendants.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 29:**  For each year from 2003 to 2019, documents sufficient to show the sales, units sold, gross revenue, and net profits from the sale of 3M Earplugs and the identity of purchasers of 3M Earplugs, including master purchase agreements and any subsidiary purchase requests.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks "master purchase agreements and any subsidiary purchase requests," which contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants further object to this Request to the extent that the documents requested are not in the possession, custody or control of Defendants.  Defendants further object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military

26

use." Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

Subject to, and without waiving their specific and General Objections, and subject to the parties meeting and conferring to clarify and narrow the scope of this request, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 from 2003 through 2015 deemed relevant and responsive pursuant to Pretrial Order. No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 30:**  Documents sufficient to show the sales of 3M Earplugs for each year from 2003 to 2019, including quantities of each unit sold, the sale price, aggregate product sold, the purchasing unit of the government or military, and shipment location.

**RESPONSE:**  Defendants object to this Request as it is duplicative of Request No. 29. Defendants further object to this Request to the extent that it seeks documents which contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  Defendants further object to this Request to the extent that the documents requested are not in the possession, custody or control of Defendants.  Defendants further object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use." Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

Subject to, and without waiving their specific and General Objections, and subject to the parties meeting and conferring to clarify and narrow the scope of this request, Defendants will

produce non-privileged documents responsive to this Request related to CAEv2 from 2003

through 2015 deemed relevant and responsive pursuant to Pretrial Order. No. 12 to the extent

that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 31:**  All documents relating to the distribution of 3M

Earplugs, including the amount or quantity of 3M Earplugs ordered by purchasers and any order

or shipment records or other documents showing intermediate and ultimate shipping destinations

of purchased 3M Earplugs.

**RESPONSE:**  Defendants object to this Request as it is duplicative of Requests No. 29 and 30 to

the extent that it seeks quantities of 3M Earplugs ordered by purchasers.  Defendants object to

this Request to the extent that it seeks documents which contain sensitive, confidential,

competitive, developmental, or commercial research information that is of a proprietary nature

and/or is protected by other privacy protections provided by applicable laws, rules, and/or

regulations.  Defendants further object to this Request to the extent that the documents requested

are not in the possession, custody or control of Defendants.  Defendants further object to

Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that

it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military

use."

Subject to, and without waiving their specific and General Objections, Defendants will

produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant

and responsive pursuant to Pretrial Order. No. 12 to the extent that Defendants have not

previously produced such documents pursuant to Pretrial Order No. 10.

**RELATED PROCEEDINGS AND INVESTIGATIONS**

**REQUEST FOR PRODUCTION NO. 32:**  All documents that you produced in any Related

Proceedings.

**RESPONSE:**  On June 27, 2017, Defendants produced 186,170 pages of documents to Plaintiffs from Related Proceedings pursuant to Pretrial Order No. 10.   Defendants object to this request to the extent it seeks documents from the *Moldex* litigation that are not relevant to this case.

**REQUEST FOR PRODUCTION NO. 33:**  All sworn statements, affidavits, responses to requests for admission or other discovery requests, pleadings, interrogatory responses, and expert statements of any employee or agent of any defendant, or of any defendant itself, relating to the 3M Earplugs or any Related Proceedings.

**RESPONSE:**  Defendants object to this request to the extent that it seeks documents which are publicly available.  Defendants further object to this request as overly broad, unduly burdensome and not proportional to the needs of this case.  Defendants further object to this Request to the extent that it seeks documents subject to a protective order in the applicable litigation.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 34:**  All recordings of depositions taken of witnesses in any Related Proceedings, in written, audiovisual, and any other format, and all exhibits to all such depositions, including the depositions of:

- Elliot Berger, 3M Division Scientist/Audiologist;
- Julie Bushman, Executive Vice President - International Operations of 3M Company;
- Jeff Hamer, 3M Lab Manager;
- Karl Hanson, 3M Patent Attorney;
- Ronald Kieper, Aearo Sr. Acoustic Technician;
- Eric Levinson, Assistant Chief IP Counsel at 3M Company;
- Frank Little, Executive Vice President, 3M Safety & Graphics Business Group;
- Brian McGinley, Global Business Director for 3M;
- Kevin L. Michael, PH.D., President of Michael & Associates, Inc. (Acoustic Lab);

- Doug Moses, 3M Marketing - U.S. Active Communication's / Military Manager;
- Brian Myers, 3M Business Director - Personal Safety Division;
- Dr. Douglas W. Ohlin, 3M Audiologist/Scientist; and
- Walter Pawlowski, President of New Business Dynamics LLC.

**RESPONSE:**  Defendants object to this request to the extent that it seeks documents which are publicly available.  Defendants further object to this request as overly broad, unduly burdensome and not proportional to the needs of this case.  Defendants further object to this request to the extent it seeks documents in a format not maintained by defendants.  Defendants further object to this Request to the extent that it seeks documents subject to a protective order in the applicable litigation.  Defendants object to the production of the deposition transcripts of Julie Bushman, Karl Hanson, Eric Levinson, and Frank Little as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving their specific and General Objections, Defendants respond as follows: Defendants have requested permission from Moldex-Metric, Inc. to produce relevant transcripts currently subject to protective order.  Subject to obtaining Moldex's permission, Defendants will produce the deposition transcripts of Elliott Berger, Jeff Hamer, Ron Kieper, Brian McGinley, Kevin L. Michael, Doug Moses, Brian Myers, Dr. Douglas W. Ohlin, and Walter Pawlowski to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 35:**  All documents referenced in the U.S. Army Criminal Investigation Command Report— together with all other correspondence, communications, or documents produced in, generated in, in connection with, or relating to such investigation or proceeding—including the documents bearing the bates numbers listed in Exhibit A hereto.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks documents not in the possession, custody, or control of Defendants.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order. No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**CORPORATE STRUCTURE, BOARD, FINANCIAL MATTERS, & PROCEDURES**

**REQUEST FOR PRODUCTION NO. 36:**  Documents sufficient to show for each Defendant the hierarchy, organizational structure, corporate structure, lines of authority, relationships, functions, operations, or personnel reporting requirements between or among persons, officers, directors, independent contractors, outside suppliers departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units or related entities or persons responsible for the topics enumerated in Requests 1-9.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify this Request.

**REQUEST FOR PRODUCTION NO. 37:**  All minutes, presentation materials, handouts, background materials, board books, and other documents relating to any meeting of the

managers, members, shareholders and/or Board of Directors of any Defendant addressing or concerning the 3M Earplugs or the Related Proceedings.

**RESPONSE:** Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 38:** Documents sufficient to show the value of each Defendant for each year from 2003 to 2019, including statements of income, balance sheets, statements of cash flows, and financial statements of each Defendant.

**RESPONSE:** Defendants object to this Request to the extent that it seeks "documents sufficient to show the value of each Defendant" related to the Aearo entities as overly broad, irrelevant, and not proportional to the scope of litigation and the needs of this case. Defendants further object to this request as vague and ambiguous to the extent is seeks documents "sufficient to show the value," of each Defendant. Defendants further object to this Request to the extent that it seeks documents are publicly available. Defendants further object to this Request as neither relevant nor likely to lead to the discovery of admissible evidence

Subject to, and without waiving their specific and General Objections, Defendants will produce Defendants' non-privileged, annual financial statements from 2003 to 2018 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST FOR PRODUCTION NO. 39:**  All purchase agreements, sale agreements, contracts, or other documents relating to 3M's 2008 acquisition of Aearo Technologies, LLC and any of its affiliates, including any due diligence information exchanged in the course of that acquisition.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.  Defendants further object to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request.


**REQUEST FOR PRODUCTION NO. 40:**  All documents, including insurance agreements or policies, under which any person or entity may be required to satisfy, indemnify, or reimburse all or part of a judgment that may be rendered in this action, including any person carrying on an insurance business.

**RESPONSE:**  Defendants object to this Request as overly broad and premature.

Subject to, and without waiving their specific and General Objections, Defendants have met and conferred with Plaintiffs' Lead Counsel Bryan Aylstock to narrow and clarify the scope of this Request, and are in the process of conducting a reasonable search for information discussed by the parties.

**REQUEST FOR PRODUCTION NO. 41:**  Documents sufficient to show any of your guidelines, standard operating procedures, or policies concerning: (a) design process, risk mitigation, manufacture, testing, complaint or hazard investigation or response, including documentation of the foregoing, for your products, including 3M Earplugs; (b) the creation and implementation of corrective action plans and/or recalls in the context of dangerous products; (c) communications with the government, including any division, department, agency, member, employee, or representative thereof, concerning contracting, specifications, procurement, product compliance or complaints, together with the procedures and processes for documenting, memorializing, and retaining such communications; (d) the use of technology, communication devices, computers, systems that may contain potentially relevant information—whether provided by defendants or owned by your Employees/representatives/agents—including guidelines, procedures, and policies concerning telecommuting, communications, email, voicemail, messaging, backups and archives of such information, or retention of electronically stored information in the ordinary course or in response to a litigation hold; and (e) internal reporting and investigation of actual or suspected misconduct.

**RESPONSE:**  Defendants object to this Request as overly broad, vague, and ambiguous to the extent that it sees documents without limitations as to time and/or scope.  Defendants further object to this Request as neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to, and without waiving their specific and General Objections, Defendants will produce 3M's current corporate policy manuals, if any, responsive to this Request deemed

relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**OTHER DOCUMENTS RELATED TO CLAIMS AND DEFENSES HEREIN**

**REQUEST FOR PRODUCTION NO. 42:**   All documents in your possession, custody, or control related to Plaintiffs' claims in these MDL proceedings or your defenses herein, or that you may use to support your defenses herein.

**RESPONSE:**  Defendants object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope.  Defendants further object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.

Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 and the TAR Process to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.


 DATED:  July 26, 2019                                Respectfully submitted,


                                                     */s/ Kimberly Branscome*
                                                     Kimberly Branscome (SBN 255480)
                                                     kimberly.branscome@kirkland.com
                                                     KIRKLAND & ELLIS LLP
                                                     333 South Hope Street
                                                     Los Angeles, California 90071
                                                     Telephone:  (213) 680-8370
                                                     Facsimile:  (213) 680-8500

                                                     *Attorneys for Defendants 3M Company,*
                                                     *Aearo Technologies LLC, Aearo Holdings,*
                                                     *LLC, Aearo Intermediate, LLC and Aearo,*
                                                     *LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2019, a true and correct copy of the foregoing:

### 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

was served as follows:

☒ **[E-Mail]** By causing the above document to be sent via electronic mail to the parties at the email addresses listed below. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

Virginia E. Anello, Discovery & ESI Subcommittee
Douglas & London, PC
59 Maiden Ln, 6th Floor
New York, NY 10038
Tel.: (212) 566-7500
vanello@douglasandlondon.com

Kathering E. Charonko, Discovery & ESI Subcommittee
Bailey Glasser, LLP
209 Capitol Street

Taylor C. Bartlett, Discovery & ESI Subcommittee
Henninger Garrison Davis LLC
2224 1st Avenue North

Charleston, WV 25301
Tel.:  (304) 345-6555
kcharonko@baileyglasser.com

Birmingham, AL 35203
Tel.: (205) 301-6115
taylor@hgdlawfirm.com

J. Nixon Daniel, Discovery & ESI
Subcommittee
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, FL 35202
Tel.: (850) 469-3306
taylor@hgdlawfirm.com

David R. Buchanan, Discovery & ESI
Subcommittee
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (973) 639-9100
dbuchanan@seegerweiss.com

DATED: July 26, 2019

*/s/ Kimberly Branscome*
Kimberly Branscome