# EXHIBIT 5

# SEEGERWEISS LLP
### NEW YORK • NEW JERSEY • PHILADELPHIA

August 6, 2019

**VIA EMAIL**
Kimberly Branscome
kimberly.branscome@kirkland.com
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, California 90071

Re:   *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, 3:19-md-2885
       *3M's Answers and Objections to Plaintiffs' First Requests for Production*

Dear Ms. Branscome:

I write to express Plaintiff Leadership's concerns with 3M's answers and objections to Plaintiffs' First Set of Requests for Production (the "Requests"). From our initial review, many of the answers and objections appear invalid and in violation of the plain language of the Federal Rules of Civil Procedure and precedent from the Northern District of Florida. Additionally, in certain answers and objections it appears that Defendants are refusing to produce certain responsive materials, and Plaintiffs seek further clarification regarding those refusals and the nature of the underlying objections.

*First*, in response to "each and every" Request, 3M asserts a litany of "General Objections" (*i.e.*, "unduly burdensome," "overly broad," objections "as to subject matter and/or time period," objections that requests are not "reasonably calculated to lead to the discovery of admissible evidence," etc.), without further particularization and without regard to the specific facts of the Requests. Such non-specific blunderbuss objections have been held improper for decades in the Northern District of Florida and elsewhere. *See, e.g., Sharebaugh v. Beaudry*, 2017 WL 5988221 (N.D. Fla. May 5, 2017) (citing, *inter alia*, *Fischer v. Forrest*, 2017 WL 773694 (N.D. Fla. Feb. 28, 2017). Asserting non-specific objections is even more curious after the 2015 amendments to the Federal Rules. *See* 2015 Adv. Comm. Notes to Rule 34. Incorporating all of the "general objections" into "each and every" response violates Rule 34(b)(2)(B)'s specificity requirement. *Fisher*, 2017 WL 773694, at *3. Accordingly, Defendants' general objections are improper, and provide no basis to withhold any documents.

*Second*, pursuant to Fed. R. Civ. P. 34(b)(2)(C), an objecting party must state whether any responsive materials are being withheld on the basis of any objection. In violation of this requirement, 3M's responses fail to state whether any responsive materials are being withheld on the basis of the asserted objections. These responses are therefore inadequate under the Federal Rules.

*Third*, where 3M asserts "specific objections" to individual requests, those objections, like 3M's general objections, consist of boilerplate untethered to the Request at issue and lacking in

sufficient particularity.[1]  For example, Defendants assert dozens of generic "specific objections" regarding confidential or sensitive information – these objections are not only inadequate under the rules, but also unreasonable in light of the protective order in this case.  *See, e.g.,* Responses to Requests Nos. 1-10; *see also* Docket No. 442.  Similarly, Defendants' objections regarding burden do not explain why Defendants believe those Requests are not proportional to the needs of this litigation, as the Federal Rules require.  *See, e.g.,* Responses to Requests Nos. 14, 20, 33; *see also* 2015 Adv. Comm. Notes to Rules 26, 34.

*Fourth*, after asserting numerous objections, 3M purports to respond to each request "Subject to and without waiving their specific and General Objections."  All three federal district courts in Florida (like federal courts elsewhere) have expressly disapproved of the practice of providing discovery responses "subject to" or "without waiving" objections.  *See Sharebaugh*, at \*3.  It is difficult to understand, therefore, why 3M continues to assert such outdated responses in the face of established authority.  Moreover, as the advisory committee notes make clear, the 2015 amendments to Rule 34(b)(2)(C) were specifically designed to end the confusion caused by such ambiguous responses.  *See* 2015 Adv. Comm. Notes to Rule 34.

*Fifth*, 3M objects to various words or phrases used in the Requests on the basis that such words or phrases are vague and ambiguous.  *See, e.g.*, Response to Request No. 2.  This statement, standing alone, is not a valid objection.  The fact that a word or phrase is undefined does not make the discovery request vague or ambiguous.  Rather, it is well-recognized that a responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in discovery.  *See StoneEagle Services, Inc. v. UMB Bank, N.A.*, 2015 WL 2452926, at \*5 (W.D. Mo. 2015); *Stoldt v. Centurion Industries, Inc.,* 2005 WL 375667, \*2 (D. Kan. 2005).  Accordingly, we request that you use reason and common sense in interpreting the undefined but objected-to words or phrases (e.g., "risks," "dangers," etc.) used in the Requests.  Further, to the extent some alternate definition of any word or phrase that 3M objects to would encompass documents that you elect to withhold from production as non-responsive, please so identify such documents so that any purported confusion can be clarified without prejudice.

In addition to the global deficiencies identified above, 3M's responses to many individual Requests do not state whether 3M intends to produce or withhold documents at all, but instead merely list objections followed by an "offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request."  *See, e.g.,* Requests Nos. 19, 20, 28, 33, 36, 37, and 39.  These responses provide no particularized objections to production at all beyond improper definition objections and the insufficient boilerplate repeated in almost every response.  These responses are plainly insufficient under Rule 34.  If you intend to withhold documents responsive to these requests, please inform Plaintiffs of your particularized objections to these Requests and the documents or categories of documents you intend to withhold.

---

[1] *See*, *e.g.*, 3M's Response to Request No. 35: "Defendants object to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges. Defendants further object to this Request as overly broad to the extent that it seeks documents without limitations as to time and/or scope. Defendants further object to this Request to the extent that it seeks documents not in the possession, custody, or control of Defendants. Subject to, and without waiving their specific and General Objections, Defendants will produce non-privileged documents responsive to this Request related to CAEv2 deemed relevant and responsive pursuant to Pretrial Order. No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10."

Although the deficiencies identified above appear consistently throughout Defendants' answers and objections, and all responses are therefore improper under the Federal Rules (and provide no basis to withhold any documents), Plaintiffs note in particular that in certain responses Defendants suggest that they intend to withhold responsive material. Plaintiffs therefore seek specific clarification as to those responses:

- Request No. 32 seeks documents produced in the *Moldex* and qui tam litigation. In your response, you object to the extent the Request "seeks documents from the *Moldex* litigation that are not relevant to this case." Please particularize your objection and identify the documents or categories of documents that you produced in *Moldex* but that you deem not relevant to these proceedings, if any.

- Request No. 34 seeks, *inter alia*, recordings of certain depositions in the *Moldex* and *qui tam* litigation. In your response, you object to production of the deposition transcripts of Julie Bushman, Karl Hanson, Eric Levinson, and Frank Little as irrelevant, and agree only to produce deposition transcripts of the other deponents. Please explain your basis for claiming that certain depositions are irrelevant. If you are withholding other material sought by this Request, such as deposition exhibits and audiovisual recordings of the depositions for which you intend to produce transcripts, please provide your basis for withholding such materials.

- Request No. 38 seeks documents showing each Defendant's value from 2003 to 2019, including "statements of income, balance sheets, statements of cash flows, and financial statements." In your response, you agree to produce only "annual financial statements from 2003 to 2018." Please advise whether these annual financial statements will provide all of the information sought by this request, and if not, please particularize your objections and identify the documents or categories of documents you are withholding on the basis of those objections.

- Request No. 41[2] seeks, in summary, Defendants' standard operating procedures and policies governing (a) design process; (b) corrective action plans; (c) communications with the government; (d) sources of discoverable ESI; (e) internal reporting of misconduct. In your response, you agree only to produce current corporate policy manuals. Although current corporate policy manuals are responsive to this request and relevant to many issues in this litigation, the historical policies and practices that would have governed a significant portion of Defendants' conduct with regard to the design, testing, marketing, and distribution of the

---

[2] REQUEST FOR PRODUCTION NO. 41: Documents sufficient to show any of your guidelines, standard operating procedures, or policies concerning: (a) design process, risk mitigation, manufacture, testing, complaint or hazard investigation or response, including documentation of the foregoing, for your products, including 3M Earplugs; (b) the creation and implementation of corrective action plans and/or recalls in the context of dangerous products; (c) communications with the government, including any division, department, agency, member, employee, or representative thereof, concerning contracting, specifications, procurement, product compliance or complaints, together with the procedures and processes for documenting, memorializing, and retaining such communications; (d) the use of technology, communication devices, computers, systems that may contain potentially relevant information—whether provided by defendants or owned by your Employees/representatives/agents—including guidelines, procedures, and policies concerning telecommuting, communications, email, voicemail, messaging, backups and archives of such information, or retention of electronically stored information in the ordinary course or in response to a litigation hold; and (e) internal reporting and investigation of actual or suspected misconduct.

3M Earplugs, therefore those historical manuals should also be produced.  If you are withholding documents or categories of documents responsive to this Request on the basis of your objections, and if so, please particularize your objections and identify the documents or categories of documents you are withholding on the basis of those objections.

Plaintiffs are ready and willing to meet and confer with Defendants about their responses to the Requests, but require more clarity on the issues laid out above.  Plaintiffs request that you provide the additional information necessary to enable meaningful discussion of the Requests by August 8, 2019.

Very truly yours,

/s/ *Christopher A. Seeger*
Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*Counsel for Plaintiffs*