# EXHIBIT 6

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Mark J. Nomellini
To Call Writer Directly:
+1 312 862 2410
mark.nomellini@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

August 20, 2019

**By E-mail**

Bryan Aylstock
Lead Counsel
Aylstock, Witkin, Kreis & Overholtz PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
baylstock@awkolaw.com

    Re: ***In re: 3M Combat Arms Earplug Prods. Liab. Litig., 3:19-md-2885***
       ***3M's Answers and Objections to Plaintiffs' First Requests for***
       ***Production***

Dear Bryan:

  I write in follow up to our August 16, 2019 meet and confer regarding 3M's Answers and Objections to Plaintiffs' First Requests for Production. We thought the meet and confer was productive, and look forward to continued cooperation as we negotiate the production of documents.

  First, the parties extensively discussed Plaintiffs' Request for Production No. 19, which seeks "All documents that reference, relate or pertain the design, development and testing of the CAEv1, CAEv3, CAEv4, CAEv4.1, UltraFit Earplugs, and TCAPS." Plaintiffs' request seeks a broad array of documents relating to six products other than the CAEv2 earplug that is at issue in this litigation. During the call, you helpfully offered to investigate whether plaintiffs could narrow their request for documents relating to non-CAEv2 earplugs. We look forward to receiving any narrowed request by plaintiffs, and are happy to discuss further.[1]

---

[1] On our call, plaintiffs incorrectly suggested that 3M's responses to Request for Production No. 19 (and its other responses) waived it objections. But 3M's response to RFP No. 19 specifically proposed that "[s]ubject to, and without waiving their specific and General Objections, Defendants offer to meet and confer with Plaintiffs to narrow and clarify the scope of this Request." Both 3M and plaintiffs have reserved their rights regarding the relevance of certain documents while the parties negotiate what documents will be produced subject to proportionality considerations. The fact that 3M offered to meet and confer to focus and refine the scope of plaintiffs' requests is a good thing, appropriate under the Federal Rules, and did not waive any rights.

Beijing Boston Dallas Hong Kong Houston London Los Angeles Munich New York Palo Alto Paris San Francisco Shanghai Washington, D.C.

# KIRKLAND & ELLIS LLP

Bryan Aylstock
August 20, 2019
Page 2

    Second, the parties discussed the ongoing production of Moldex litigation documents. We have previously noted that 3M has already produced to plaintiffs nearly all the documents it produced to Moldex in those prior matters, and has subsequently produced numerous deposition transcripts and exhibits associated with those proceedings. Yesterday, 3M further produced certain deposition video recordings, the second day of the McGinley deposition, and relevant portions of the Bushman and Levinson depositions. 3M is also producing the portions of the Pawlowski deposition that New Dynamics/Access granted permission to produce under the Protective Order in that case.

    We understand that plaintiffs have taken the position that all Moldex deposition transcripts are discoverable, including any excerpts relating solely to patent investigation issues. We do not agree that plaintiffs' request for patent-investigation-related transcripts are reasonably calculated to lead to the discovery of admissible evidence in this matter.[2] Plaintiffs' position regarding the relevance of 3M's patent investigation would improperly require the parties to re-litigate the Moldex cases here.

    We have not yet received your requests for production regarding deposition transcripts or exhibits for Kevin Murphy, Felicia Boyd, Ken Cunafare, or any Moldex witness deposition transcripts. If you are seeking these materials, please provide formal requests. Please also let us know when you have confirmed with Moldex's counsel whether Moldex continues to claim confidentiality over any materials you are now seeking.

                                                 Sincerely,

                                                 */s/ Mark Nomellini*

                                               Mark Nomellini

cc:      Chris Seeger, Co-Lead Counsel
           Shelley V. Hutson, Co-Lead Counsel
           Dave Buchanan

---

[2] 3M does not object to production under Federal Rule 403, which is an evidentiary rule and not one governing discovery.