UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19-md-2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS UNOPPOSED MOTION TO AUTHORIZE DISCLOSURE OF MILITARY RECORDS**

Plaintiffs seek an order authorizing disclosure of Military Records subject to the Privacy Act, 5 U.S.C. § 552a. Pursuant to 5 U.S.C. § 552a(b)(11), Plaintiffs respectfully move the Court for entry of an Order authorizing the disclosure of records pursuant to the Court's authority to direct and control the coordination of discovery in this litigation. *See*, 5 U.S.C. § 552a(b)(11), 28 U.S.C. §1407, FED. R. Civ. P. 16, Fed. R. Civ. P. 26(b)

### I. Plaintiffs' Initial *Touhy* Requests

On June 28, 2019, Plaintiffs submitted their initial *Touhy*[1] requests to Major Collin Evans as the Department of Defense designee for *Touhy* requests in connection with this litigation. Plaintiffs submitted a subsequent *Touhy* request on

---

[1] *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951).

1

August 8, 2019. Plaintiffs outlined certain categories of specific information sought in reference to individual servicemembers, fully described in Plaintiff's August 8, 2019, *Touhy* request attached hereto as Exhibit "A." Plaintiffs' *Touhy* request specified that Plaintiffs would request information regarding the specific categories of information about individual servicemembers by subsequently providing a list of active duty servicemembers, along with identifying information concerning those individual servicemembers, on a rolling basis. Per the Court's instructions, the list of individual servicemembers and their identifying information is attached hereto, filed under seal; and pursuant to Major Evans' request, the information was split into grids for the following branches of the military, filed under seal and attached hereto as follows:

- A1 (Air Force Servicemembers)
- A2 (Army Servicemembers)
- A3 (Navy & Marine Servicemembers)
- A4 (Miscellaneous inc. Coast Guard, Homeland Security and Contractors not affiliated with a particular branch)

Specifically, sections II and III of that August 8, 2019, *Touhy* request (Exhibit A) specifies the documents requested for each servicemember listed on Exhibit "A1" (now A1 through A4). These include, among other things, medical and audiological records such as DD2215s and DD2216s for each servicemember and

administrative/personnel records including OERs, ORBs, NCOERs and ERBs for each servicemember.

## II. Relevance of Requests to this Litigation

Plaintiffs are seeking military records including health records, audiology specific records, and medical profiles from the Department of Defense. These records are central to both causation and damages in this litigation. Receipt of these records will allow Plaintiffs to begin evaluation of when each servicemember began experiencing hearing damage, the extent of such damage, whether the damage is attributable to noise exposure during military service, and information concerning hearing protection use.

## III. The Need for Disclosure Outweighs any Potential Harm

The need for disclosure of the records in question far outweighs any potential harm to the subject of the disclosure. The servicemembers on attached Exhibits "A1 through A4" are all represented by counsel in this litigation and the materials requested will assist the parties in evaluating their claims. Further, Plaintiffs note that the privacy interest in these documents is primarily that of the Plaintiffs themselves, who are in effect requesting their own records. Plaintiffs are seeking to streamline the process of record retrieval which will minimize both the costs of this litigation and any burden on the Federal Government by obtaining these documents

in bulk form. Accordingly, Plaintiffs respectfully submit that disclosure of the records is appropriate in this case.

## IV. Authentication.

Plaintiffs request that records and documents produced pursuant to these requests be deemed authentic. *See*, FED. R. EVID. 902 and 32 CFR sec. 516.7(h).

> Authenticating Records. Records custodians should authenticate official Army documents for civil litigation through written certification, rather than personally appearing and testifying. DA personnel will submit authenticated copies rather than originals of documents or records for use in legal proceedings, unless directed otherwise by the appropriate litigating division.

32 FR sec. 516.7(h). *See also*, 28 USC 1733.

## V. Conclusion

In order to advance this litigation in an efficient and cost-effective manner, Plaintiffs hereby request that this Court enter an Order allowing disclosure of certain active duty servicemember's records under 5 U.S.C. § 552a.

Dated:       September 24, 2019

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

4

| | |
|---|---|
| Christopher A. Seeger, Co-Lead Counsel<br>(Admitted Pro Hac Vice)<br>New Jersey State Bar No. 042631990<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>cseeger@seegerweiss.com | Brian H. Barr, Co-Liaison Counsel<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 South Baylen Street<br>Pensacola, FL 32502<br>Tel.: (850) 435-7044<br>bbarr@levinlaw.com<br><br>Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX 77027<br>Tel.: (713) 714-0000<br>epefile@mostynlaw.com<br><br>*Counsel for Plaintiffs* |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that on July 15, 2019, counsel for Plaintiffs contacted Defendants' counsel regarding the relief requested in the foregoing motion. Defendants do not oppose the relief requested.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this brief complies with the word limit of Local Rule 7.1(F) and contains 649 words, excluding the parts exempted by that Rule.

## **CERTIFICATE OF SERVICE**

I, hereby certify that on September 24, 2019, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

                                                *s/ Bryan F. Aylstock*
                                                Bryan F. Aylstock