**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG | ) | Case No. 3:19md2885 |
| PRODUCTS LIABILITY LITIGATION, | ) | |
| | ) | Pensacola, Florida |
| | ) | September 27, 2019 |
| | ) | 9:51 a.m. |
| | ) | |
| | ) | |
| _____ | ) | |

**FIFTH CASE MANAGEMENT CONFERENCE**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE
and
THE HONORABLE GARY R. JONES
UNITED STATES MAGISTRATE JUDGE
(Pages 1-31)

# A P P E A R A N C E S

**FOR THE PLAINTIFFS:**   **BRYAN F. AYLSTOCK, ESQUIRE**
Aylstock, Witkin, Kreis & Overholtz
17 E Main Street, Suite 200
Pensacola, Florida  32502

          **SHELLEY HUTSON, ESQUIRE**
Clark Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, Texas  77002

          **CHRISTOPHER A. SEEGER, ESQUIRE**
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey  07660

**FOR THE DEFENDANT:**    **MIKE BROCK, ESQUIRE**
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

          **MARK J. NOMELLINI, ESQUIRE**
Kirkland & Ellis, LLP
300 N Lasalle
Chicago, Illinois  60654

          **LARRY HILL, ESQUIRE**
MOORE, HILL & WESTMORELAND, P.A.
350 W Cedar Street, Suite 100
Pensacola, Florida  32502

          **NICHOLAS F. WASDIN, ESQUIRE**
Kirkland & Ellis, LLP
300 N Lasalle
Chicago, Illinois  60654

1          P R O C E E D I N G S

2          **JUDGE RODGERS:**  Good morning.  I apologize for not

3    donning my robe, but this sling is cumbersome enough without

4    all that black material that goes with my robe.

5          Good morning, Judge Jones.  Thanks for being here.  I

6    apologize for the delay.

7          **JUDGE JONES:**  No problem.  Good morning.

8          **JUDGE RODGERS:**  We are here for the Fifth Case

9    Management Conference in the 3M Combat Arms Earplug Products

10   Liability Litigation, or the MDL.

11          Mr. Aylstock, Ms. Hutson, and Mr. Seeger are present

12   for the Plaintiffs' leadership; Mr. Brock, Mr. Nomellini,

13   Mr. Wasdin, and Mr. Hill are present for 3M.

14          I'm hearing something on the phone.

15          **MADAM CLERK:**  I muted it.

16          **JUDGE RODGERS:**  Thank you.

17          Well, as is customary, I met earlier with leadership

18   and Defense and went over the parties' agenda.  There are a

19   number of items I would like to update all of you on.  I'll

20   start with the master pleading issue.  And I was given an

21   update on that.

22          There will be a pretrial order that will follow this

23   conference today that addresses the master pleading process

24   including the short form complaint.  And that order will

25   require that cases that are pending in the MDL as of the time

09:53:17  1   of the order must amend their complaints to conform to the

09:53:23  2   short form complaint or at least adopt that short form

09:53:26  3   complaint within 20 days of the order.  Otherwise, all newly

09:53:31  4   filed cases will proceed with the short form complaint.  The

09:53:35  5   Defendants' responsive pleading is due October 31st.

09:53:42  6          Counsel, on each of these agenda items, if I have

09:53:49  7   overlooked something, please feel free to let me know that so

09:53:54  8   we can make sure everybody gets a complete update.

09:53:57  9          As far as the tolling and census update, the parties

09:54:07  10  reached an agreement on tolling.  I understand individual law

09:54:12  11  firms are reviewing that and signing on to that agreement.  The

09:54:20  12  census order will follow.

09:54:24  13         Mr. Aylstock and, I believe, Mr. Nomellini, you all

09:54:27  14  are going to submit that jointly proposed order to the Court by

09:54:30  15  Monday the 30th?

09:54:34  16             **MR. AYLSTOCK:**  Yes, Your Honor.

09:54:35  17             **MR. NOMELLINI:**  Yes, Judge.

09:54:36  18             **JUDGE RODGERS:**  There are certain deadlines that are

09:54:38  19  outlined in the tolling agreement that I would like to modify.

09:54:44  20  I'm not going to modify the deadlines.  But in terms of the

09:54:47  21  ability to extend those deadlines unilaterally by the parties

09:54:51  22  without Court involvement, I am going to modify that to require

09:54:56  23  leave of Court to extend those deadlines.  That includes the

09:55:00  24  tolling period as well, and that being the period ending

09:55:06  25  December or 20th of 2021, so December 2021.

09:55:13  1        So, to the extent that is something the parties wish

09:55:16  2   to extend, that deadline or some of the deadlines regarding the

09:55:19  3   census, then you'll need leave of Court to do that.  But I have

09:55:24  4   assured everyone that I will consider those requests favorably,

09:55:31  5   most likely.  This is really more for my benefit, requiring

09:55:35  6   leave of Court, so that I can just track and manage this

09:55:40  7   process.  If I don't know what's happening, then I don't have

09:55:42  8   an ability to manage it.  So if your request to extend is

09:55:51  9   reasonable in terms of timing, I expect it will be granted.

09:55:56 10        Anything else on census, tolling that I've overlooked?

09:56:02 11   Anything I've overlooked?

09:56:05 12        *[No response.]*

09:56:06 13        Update on *Touhy*.  I communicated with the Department

09:56:12 14   of Defense yesterday and then as recently as this morning.

09:56:16 15   They are working very diligently to respond to both the

09:56:21 16   Defense's requests as well as the Plaintiffs' requests

09:56:27 17   gathering a great deal of documentation and data.

09:56:32 18        What I would like to do, and I discussed with

09:56:35 19   leadership and Defense this morning, is to speak with the DoD

09:56:38 20   officials and ask them to prioritize their review and

09:56:43 21   production to the Defendants' affirmative defenses.  And so

09:56:49 22   those documents that are responsive to the affirmative

09:56:52 23   defenses, I'd like them to focus on those items now.  And then,

09:56:59 24   once those have been produced and we are on a briefing schedule

09:57:02 25   for those motions, then the officials can turn their attention

09:57:09  1   back to the other requests that pertain to other issues in the

09:57:14  2   case.

09:57:15  3        Everyone seem to be okay with that?  I think it's in

09:57:20  4   everyone's best interest in this litigation that those issues

09:57:24  5   raised by the soon-to-be-filed responsive pleadings raising

09:57:29  6   those affirmative defenses -- we all know what they are -- that

09:57:32  7   those matters be addressed sooner rather than later.  But as we

09:57:37  8   also all know, a great deal of the discovery related to those

09:57:40  9   defenses remains with the Department of Defense, and so I'm

09:57:44  10  going to do everything I can to get those documents produced as

09:57:49  11  quickly as possible.

09:57:50  12       I'm also going to ask the DoD to do a rolling

09:57:59  13  response.  Maybe that will be easier for them.  We'll see if

09:58:03  14  that will help.

09:58:04  15       The other thing I intend to do in regards to discovery

09:58:09  16  and, more specifically, the affirmative defenses, which, again,

09:58:15  17  is a priority for the Court, I'm going to appoint a special

09:58:19  18  master to assist in discovery and, again, more specifically

09:58:28  19  with the discovery related to these affirmative defenses and

09:58:31  20  that process and to help me facilitate the issues of discovery

09:58:38  21  with the military.

09:58:42  22       And so this special master I envision the role at this

09:58:45  23  time being a manager or facilitator assisting the Court as

09:58:53  24  opposed to a special master dealing with the discrete discovery

09:58:59  25  issue that would require an R & R to the Court and a ruling.

| | | |
|---|---|---|
| 09:59:02 | 1 | That's not what I'm envisioning for this role at this juncture. |
| 09:59:11 | 2 | As you all know, I rely heavily on Judge Jones.  And |
| 09:59:16 | 3 | when there's issues in dispute, most likely -- and I can't |
| 09:59:22 | 4 | imagine an exception to that -- I'm going to refer you to Judge |
| 09:59:25 | 5 | Jones if it's something I don't have time to handle myself. |
| 09:59:29 | 6 | Anything else on *Touhy* that I need to update on? |
| 09:59:37 | 7 | *[No response.]* |
| 09:59:37 | 8 | Continuing with discovery.  The Defendants anticipate |
| 09:59:51 | 9 | meeting their substantial completion date for document |
| 09:59:54 | 10 | production of Monday, and that will be done.  Apparently there |
| 10:00:01 | 11 | have been some additional custodians that have been identified |
| 10:00:07 | 12 | through this initial process. |
| 10:00:14 | 13 | There's some initial disagreement, perhaps, about some |
| 10:00:17 | 14 | of these custodians, and I think that may relate more to just |
| 10:00:22 | 15 | the Defense not understanding from the Plaintiffs yet why the |
| 10:00:26 | 16 | Plaintiffs think those custodians are relevant.  I think the |
| 10:00:29 | 17 | parties are going to continue to discuss this and hopefully |
| 10:00:33 | 18 | reach an agreement.  If they cannot, they will advise the Court |
| 10:00:36 | 19 | by next Friday of that issue. |
| 10:00:40 | 20 | Also, I've asked the parties to identify -- and this |
| 10:00:52 | 21 | would include privilege -- to identify any issues in dispute |
| 10:00:59 | 22 | that relate to the affirmative defenses so we can carve those |
| 10:01:02 | 23 | out and have those issues addressed, again, sooner rather than |
| 10:01:07 | 24 | later. |
| 10:01:07 | 25 | There are, I believe, 74, at last count, pending |

| | |
|---|---|
| 10:01:17 | 1 |
| 10:01:23 | 2 |
| 10:01:35 | 3 |
| 10:01:38 | 4 |
| 10:01:42 | 5 |
| 10:01:47 | 6 |

motions to remand.  There have been responses filed to those
motions now.  I have given the Plaintiffs leave to file replies
to the responses.  I believe those are due -- I don't recall,
the 14th maybe.  Whatever the order says, that's when the
replies are due.  I think I may have given 14 days.  But in any
event, so the replies will be filed.

In discussing this this morning with counsel, it does
appear that issues in the removal and the motions to remand
overlap with some of the issues with regards to the affirmative
defenses.  And so I have asked the parties to meet and confer
about a process whereby I can address those issues
simultaneously as opposed to months apart.

And nothing has been decided about this yet, but I
have asked the parties to confer on it and then get back to me
on whether there's a process they would like me to consider,
and they can propose that if there is.  Otherwise, I will
proceed to address the motions as soon as the replies are
filed.

There has been submitted, I think from the Plaintiffs
to the Defendants, a notice to inspect.  The response to that
is not due until the 14th.  And this is a notice to inspect the
testing lab in Indianapolis.  And so I don't think there's any
need for me to speak any further about that.  It was on the
agenda so I bring it up, but hopefully the parties will work
out any issues in regards to that inspection and visit.

| | |
|---|---|
| 10:03:31 | 1 |

There's something that I did not bring up in the preconference meeting and I intended to and just neglected to, and that pertains to the multi-plaintiff actions.  So we haven't addressed this in some time.  But as I understand it, there are approximately 200 multi-plaintiff actions currently pending in the MDL.  Some of those cases are the subjects of motions to remand, but not all of them.

I haven't been shy about letting you know how I feel about the multi-plaintiff actions.  I think I addressed this early on in the litigation and that it would be my intent at some point in the litigation to enforce the joinder rules and require you all to properly brief this and then see where we stand under the joinder rules.

Have you had any more discussion amongst yourselves about -- or has this not been the subject of any discussion?

Mr. Aylstock?

**MR. AYLSTOCK:**  Your Honor, we have discussed it in relation to perhaps the tolling agreement, and there may be some willingness on some of those firms to dismiss those actions without prejudice and put them on a tolling agreement.

The Defendants have considered that and I don't know if they've reached a final decision on that.  But with regard to the ones with pending motions to remand, I guess my suggestion would be to let us meet and confer with our side and see what we can come up with that.  With regard to those that

10:05:28   1   are not the subject to a motion to remand, perhaps they'll be

10:05:32   2   taken care of with regard to the need to file a short form

10:05:35   3   complaint for each of those individuals.

10:05:39   4            JUDGE RODGERS:  Well, it would be my intent, as far as

10:05:42   5   those that are pending right now, that they be severed -- and

10:05:51   6   maybe this is worked out through the short form complaint

10:05:54   7   process -- and no filing fee required for those cases.  They're

10:05:59   8   pending, and it would not be my intent to sever them and then

10:06:02   9   charge a filing fee.

10:06:04   10           MR. AYLSTOCK:  Thank you, Your Honor.  I think that

10:06:05   11  would be great.

10:06:06   12           JUDGE RODGERS:  Going forward, however, we may need to

10:06:08   13  discuss the filing of those actions as multi-plaintiff actions.

10:06:19   14  And I don't know that it would help to set a deadline and say,

10:06:25   15  okay, all cases filed by this date there's no filing fee

10:06:32   16  required and anytime after that there is.  I don't know.  At

10:06:35   17  some point the filing fee is going to come into play, and I'm

10:06:40   18  not going to allow the multi-plaintiff complaints -- and again,

10:06:48   19  maybe the short form process will work this out, but I'm not

10:06:52   20  going to allow that unless they meet the joinder rules, which I

10:06:56   21  don't believe most of them do except for in consortium claim

10:07:07   22  situations.

10:07:08   23           MR. AYLSTOCK:  Understood.  Thank you, Your Honor.

10:07:17   24           JUDGE RODGERS:  Another issue that I did not raise in

10:07:20   25  the preconference meeting and intended to pertains to

10:07:24   1    confidentiality.  So the master complaint, there was a request

10:07:29   2    to file that under seal and I allowed that.  I believe there's

10:07:31   3    a redacted version on the docket.

10:07:36   4          I know you all have a confidentiality order in this

10:07:40   5    case -- I signed it -- in which you've agreed to designate

10:07:48   6    certain things as confidential.  And I did not review the order

10:07:52   7    again before this morning.  I should have.  But I'm presuming

10:07:57   8    that it says that if it's deemed confidential then you can file

10:08:00   9    it under seal.

10:08:01   10         Is that right, Mr. Nomellini?

10:08:04   11         **MR. NOMELLINI:**  That's correct, Your Honor.

10:08:05   12         **JUDGE RODGERS:**  I'm not sure that I'm going to

10:08:18   13   continue with that.  The public has a right of access to

10:08:24   14   information on our public dockets, and there are rules that

10:08:30   15   govern confidentiality and the sealing -- more specifically the

10:08:35   16   sealing of court documents.

10:08:36   17         And it may be -- at least I'm considering asking Judge

10:08:40   18   Jones to work with you all to more specifically identify those

10:08:48   19   matters or categories of information that are truly -- I mean,

10:08:55   20   you can deem them confidential amongst yourselves, I don't have

10:08:59   21   any problem with that.  It's the sealing that I have a problem

10:09:02   22   with.

10:09:02   23         And we ran into this in the last MDL I had in terms of

10:09:06   24   so much was sealed in the record as far as factual information,

10:09:13   25   and it happened without me really knowing that it was

10:09:17  1    happening, that when it came time to enter an order, a rather

10:09:22  2    lengthy order in that case, the order itself had so many record

10:09:28  3    citations to information that was sealed on our docket that I

10:09:32  4    had to just seal the entire order.

10:09:37  5          And it came up again later in another order that I

10:09:43  6    entered in that case on the issue of personal jurisdiction.

10:09:47  7    And in reviewing the items that were sealed on the docket, I'm

10:09:53  8    not sure that those items -- in fact, I know many of those

10:09:57  9    items, if I had addressed it on, say, a motion to seal, they

10:10:02  10   would not have been sealed.

10:10:03  11         So this is, I guess, a long way towards saying that I

10:10:09  12   am not comfortable with just a blanket seal of anything you all

10:10:13  13   deem confidential.  It may be that when looking at it

10:10:18  14   individually and specifically that I agree with you.  But not

10:10:21  15   having done that, I'm just not comfortable with the blanket.

10:10:27  16         So, Judge Jones, I may be asking you at some point in

10:10:30  17   the future to work with the parties to identify those

10:10:33  18   categories of discovery and information that is likely to be

10:10:41  19   filed in the record in connection with dispositive motions,

10:10:46  20   *Daubert* hearings, that sort of thing, that those are identified

10:10:49  21   ahead of time and a determination is made whether they truly

10:10:54  22   are subject to sealing or not.

10:10:56  23         **JUDGE JONES:**  I think that's a great idea.  And as you

10:11:00  24   point out, under Eleventh Circuit precedent, there is a certain

10:11:04  25   showing that has to be made, and that may be an efficient way

10:11:07    1    to do it is to identify early on what those areas might be that

10:11:13    2    would meet that test and then the parties don't have to file a

10:11:17    3    motion to seal every time --

10:11:20    4            **JUDGE RODGERS:**  Right.

10:11:21    5            **JUDGE JONES:**  -- they want to seal something and they

10:11:23    6    can refer back to the Court's order.

10:11:26    7            **JUDGE RODGERS:**  Very good.  All right.

10:11:34    8            If I didn't already say this, the next CMC is October

10:11:38    9    25th.  That's a Friday again.

10:11:42   10            Mr. Aylstock, is there anything that I have

10:11:46   11    overlooked?  You do have some depositions scheduled for the

10:11:48   12    17th and 18th of October.  This is the first round of 30(b)(6)

10:11:55   13    depositions.  And I guess there was that one issue in terms of

10:11:59   14    the topics for those depositions that you may or may not have a

10:12:02   15    dispute on and, if you do, you are going to let the Court know

10:12:04   16    that.

10:12:04   17            What was the date for letting us know that?

10:12:06   18            **MR. AYLSTOCK:**  I think you said by next Friday, Your

10:12:09   19    Honor.  So if there is a continued dispute, perhaps Judge Jones

10:12:12   20    could set aside some time just to make sure we're all on the

10:12:16   21    same page on what the witness will be prepared to testify to.

10:12:23   22            There is another 30(b)(6) deposition that we served on

10:12:27   23    August 2nd.  The objections on those were returned on September

10:12:30   24    3rd.  And that does very much relate to some of the defenses as

10:12:33   25    well as some of the testing.  There's 17 topic areas.

|          |    |                                                                        |
|----------|----|------------------------------------------------------------------------|
| 10:12:38 | 1  | The Defense has indicated that Dr. Berger would be the                 |
| 10:12:42 | 2  | designee for that.  And we have discussed some dates.  We'd            |
| 10:12:46 | 3  | obviously rather do it sooner rather than later particularly           |
| 10:12:50 | 4  | because it will lay some of the framework and guide our further        |
| 10:12:56 | 5  | discovery with regard to the affirmative defenses and                  |
| 10:12:58 | 6  | resolution of those.                                                   |
| 10:12:59 | 7  | So we don't have a date for that yet, and I guess we'd                 |
| 10:13:03 | 8  | seek Your Honor's guidance on it.  We've discussed some dates,         |
| 10:13:07 | 9  | as I've mentioned, and actually in our last conference with            |
| 10:13:10 | 10 | Judge Jones it came up as well.                                        |
| 10:13:12 | 11 | **JUDGE RODGERS:**  Why no date, Mr. Brock?                            |
| 10:13:15 | 12 | **MR. BROCK:**  Yes, Your Honor.                                       |
| 10:13:17 | 13 | **JUDGE RODGERS:**  What's the hold up on at least getting             |
| 10:13:19 | 14 | a date?  If you have a dispute and objections, we can get you a        |
| 10:13:24 | 15 | ruling in time for a deposition.                                       |
| 10:13:26 | 16 | **MR. BROCK:**  I think based on the state of discussions              |
| 10:13:30 | 17 | with regard to Dr. Berger, we're pretty close in terms of what         |
| 10:13:34 | 18 | we're thinking about in terms of the date for his deposition.          |
| 10:13:39 | 19 | We have set --                                                         |
| 10:13:39 | 20 | **JUDGE RODGERS:**  What is that?                                      |
| 10:13:41 | 21 | **MR. BROCK:**  The dates that we are talking about are                |
| 10:13:44 | 22 | the weeks of November 11th or November 18th.                           |
| 10:13:52 | 23 | Let me say, Plaintiffs have said they'd like to have                   |
| 10:13:55 | 24 | it in the first week of November.                                      |
| 10:13:58 | 25 | Our issue here is not one so much of are the lawyers                   |

10:14:05  1   available.  We have an issue with Dr. Berger's availability.

10:14:09  2   He is no longer an employee of the company.  He has a vacation

10:14:13  3   that will take him out for two weeks in October.

10:14:18  4          Our preparation of him -- we've had a couple of

10:14:21  5   meetings with him.  But in terms of this litigation, this will

10:14:26  6   be one of, if not, the most important testimony that's given

10:14:30  7   under oath.  Dr. Berger's history with this product goes back

10:14:34  8   to the 1990s and comes forward all the way to the period of

10:14:38  9   time when 3M stopped selling the product.

10:14:44  10          And so, all I've said to Plaintiffs' counsel is -- and

10:14:50  11   I've said this to them in a couple of different ways -- we

10:14:54  12   don't want to be obstructionist in any way about dates.

10:14:59  13   They've asked about moving some dates and we've tried to be

10:15:02  14   flexible on that.  It is essential that we have some time to

10:15:05  15   meet with Dr. Berger to get him prepared for his deposition,

10:15:08  16   which includes some documents that we are just now beginning to

10:15:11  17   review.

10:15:11  18          **JUDGE RODGERS:**  What are the dates of his vacation?

10:15:14  19          **MR. BROCK:**  The dates of his vacation are the weeks of

10:15:17  20   October the 8th and October 14th.

10:15:23  21          **JUDGE RODGERS:**  All right.  Well, I'm going to ask you

10:15:28  22   to make him available -- I know he doesn't work for you, but I

10:15:33  23   assume -- are you making him available or are you all

10:15:35  24   subpoenaing him?

10:15:35  25          **MR. BROCK:**  We are going to make him available.  He

10:15:38  1   has a consulting arrangement with the company such that we have

10:15:41  2   access to him.  He does other things also.  But our intent is

10:15:47  3   not to require that he be subpoenaed but rather to appear as a

10:15:52  4   witness on behalf of the company to do a couple of things,

10:15:55  5   number one, to address 30(b)(6) topics which really cover the

10:16:03  6   science issues of the case and the history of the case with

10:16:05  7   regard to the development of the product and the use of the

10:16:08  8   product, the testing of the product, interaction with the

10:16:12  9   Government about the product.  So it's a wide ranging group of

10:16:17  10  topics he'll be testifying as a 30(b)(6) witness as well as

10:16:22  11  using a lot of his personal knowledge to answer 30(b)(6)

10:16:26  12  topics.

10:16:26  13           **JUDGE RODGERS:**  Well, I'm going to ask that you make

10:16:30  14  him available November 11th.  That gives you three weeks to get

10:16:36  15  him ready.  Is this a multi-day -- it must be a multi-day

10:16:43  16  deposition?

10:16:44  17           **MR. BROCK:**  It will be a two-day deposition, yes.

10:16:47  18           **MR. AYLSTOCK:**  It is, Your Honor.  And this is a

10:16:52  19  30(b)(6) deposition.  They chose to designate Dr. Berger.

10:16:55  20  There is an issue to as well deposing him in his personal

10:16:59  21  capacity that we believe there's certainly good cause for us to

10:17:01  22  have two days for this important 30(b)(6), as Mr. Brock said,

10:17:04  23  and then also perhaps there's a different deposition on a

10:17:08  24  different date for in his personal capacity.

10:17:10  25           And we can talk through that.  But to be clear, we

| | |
|---|---|
| 10:17:14 | 1 |
| 10:17:17 | 2 |
| 10:17:22 | 3 |
| 10:17:27 | 4 |
| 10:17:30 | 5 |
| 10:17:33 | 6 |
| 10:17:39 | 7 |
| 10:17:44 | 8 |
| 10:17:46 | 9 |
| 10:17:50 | 10 |
| 10:17:51 | 11 |
| 10:17:53 | 12 |
| 10:17:57 | 13 |
| 10:18:01 | 14 |
| 10:18:06 | 15 |
| 10:18:11 | 16 |
| 10:18:15 | 17 |
| 10:18:18 | 18 |
| 10:18:22 | 19 |
| 10:18:24 | 20 |
| 10:18:27 | 21 |
| 10:18:31 | 22 |
| 10:18:35 | 23 |
| 10:18:38 | 24 |
| 10:18:42 | 25 |

said we could live with the first week of November.  We'd like it as soon as possible.  November 11th would work for us as well, Your Honor.  But once we get kick off with that, then we'll have some fact witness depositions as well that will need to be taken with regard to the affirmative defenses as well.

**JUDGE RODGERS:**  I believe I asked you all to carve out weeks at a time for these depos you have to conduct.

**MR. AYLSTOCK:**  We have, Your Honor.

**JUDGE RODGERS:**  It doesn't sound like that's what's happening, though.

**MR. BROCK:**  Well, at this point the only depositions that have been requested are the depositions pursuant to the 30(b)(6) notices.  So for the first two witnesses that will be testifying, they're going to testify on their 30(b)(6) topics only.  They won't be testifying to their personal knowledge.  And the reason is, for at least one of them, they've got to do a lot of research in order to be able to speak on behalf of the company on the topics.  So it makes sense to say, all right, that's okay for these witnesses.

But for Dr. Berger, his personal knowledge is intertwined with all that he'll be saying on behalf of the company in terms of the events, how they transpired, what his involvement was, what his interaction with the government was.  So it's a little bit different than this first round.

**JUDGE RODGERS:**  But why not just schedule him for

10:18:47  1   three days and just knock this deposition out, get it over with

10:18:52  2   so you don't have to call him again and depose him again?

10:18:57  3        MR. BROCK:   Our view is that his personal knowledge

10:18:59  4   and 30(b)(6) topics can be covered in two days and that the

10:19:05  5   Court's case management order with regard to 30(b)(6)

10:19:10  6   depositions and covering personal knowledge in those

10:19:14  7   depositions would limit the deposition to two days.  That would

10:19:18  8   be our view on that.

10:19:19  9        JUDGE RODGERS:   Are you cross-noticing it?

10:19:21  10       MR. BROCK:   We have not decided that yet.  But if we

10:19:24  11  did, it might extend into a third day.

10:19:28  12       MR. AYLSTOCK:   As Your Honor is aware, the deposition

10:19:31  13  protocol mandates that these are actually two separate

10:19:34  14  depositions.

10:19:34  15       JUDGE RODGERS:   Right.

10:19:36  16       MR. AYLSTOCK:   There's a 30(b)(6) that -- and these

10:19:37  17  are important topic areas.  Dr. Berger, at least in the first

10:19:41  18  production set, had more documents than anybody else.  He

10:19:45  19  spanned the life of the product.  They designated him as the

10:19:49  20  30(b)(6).  So we think we'd need two days there, and then we

10:19:53  21  need at least another day in his personal capacity.

10:19:56  22       In a perfect world, we would sequence it.  One of the

10:19:59  23  reasons typically in these we do a couple of 30(b)(6)'s, get

10:20:05  24  the lay of the land, and then have all of the fact witnesses.

10:20:09  25  And because of timing issues, it hasn't happened yet.  And

10:20:12   1   we've been asking for these.  We want these depositions to go

10:20:15   2   forward.

10:20:15   3        And we completely believe that, if it's a 30(b)(6)

10:20:18   4   deposition, if we can do those four days, two for each, back to

10:20:23   5   back, we could knock it all out the week of the 11th.  We've

10:20:28   6   got teams ready.  And then in the coming week we'll be asking

10:20:31   7   for additional fact witness depositions as well.

10:20:33   8        With regard to the ones coming up on October 17th and

10:20:37   9   18th, there's still some question about which witness is going

10:20:40  10   to cover which topic, so we need to get that resolved as well.

10:20:44  11   But we're ready to go, Judge.

10:20:45  12        JUDGE RODGERS:  Well, it makes sense to me that you do

10:20:49  13   the 30(b)(6) and the personal depositions in the same time

10:20:59  14   block.

10:21:01  15        So you're asking for four days?

10:21:05  16        MR. AYLSTOCK:  Two in his 30(b)(6) capacity and two in

10:21:09  17   his personal capacity, yes, Your Honor.

10:21:10  18        JUDGE RODGERS:  If you all object to that, you can

10:21:12  19   file something with the Court and I'll resolve it.

10:21:15  20        MR. BROCK:  We do object and we would like to file

10:21:17  21   something.

10:21:17  22        JUDGE RODGERS:  Okay, you can file something.

10:21:21  23        And you can respond and indicate why -- or you can

10:21:25  24   both just file something simultaneously --

10:21:25  25        MS. BROCK:  That's fine, we will.

| | | |
|---|---|---|
| 10:21:28 | 1 | **JUDGE RODGERS:**  -- why you think four days is |
| 10:21:30 | 2 | necessary on the Plaintiffs' side. |
| 10:21:31 | 3 | And then, Mr. Brock, at the time of filing that, |
| 10:21:36 | 4 | you'll need to let me know about your intent to cross-notice. |
| 10:21:39 | 5 | **MR. BROCK:**  I will, Your Honor. |
| 10:21:40 | 6 | **JUDGE RODGERS:**  But I'm going to ask right now that |
| 10:21:43 | 7 | you all, for purposes of your own calendar and scheduling, that |
| 10:21:45 | 8 | you mark off four days, November 11th through the 14th.  And |
| 10:21:54 | 9 | then if I happen to agree with the Defense that not as much |
| 10:22:00 | 10 | time is needed, then you'll have a free day. |
| 10:22:05 | 11 | **MR. BROCK:**  Or two. |
| 10:22:07 | 12 | **JUDGE RODGERS:**  Or maybe two. |
| 10:22:11 | 13 | And then, as far as the fact witnesses, they've been |
| 10:22:16 | 14 | identified? |
| 10:22:18 | 15 | **MR. AYLSTOCK:**  So there are custodians and they've |
| 10:22:20 | 16 | been produced.  So we're going through the depositions, we have |
| 10:22:23 | 17 | teams of people going through -- I'm sorry, going through the |
| 10:22:26 | 18 | documents.  So, as we go through the documents, we're trying to |
| 10:22:28 | 19 | be judicious about which people we need to depose at this |
| 10:22:33 | 20 | stage. |
| 10:22:33 | 21 | **JUDGE RODGERS:**  So you haven't done that yet?  They do |
| 10:22:37 | 22 | not know the custodians' identity of those you want to depose? |
| 10:22:42 | 23 | **MR. AYLSTOCK:**  Not -- I mean, they know some of them, |
| 10:22:44 | 24 | obviously, but not all of them because we're still reviewing |
| 10:22:46 | 25 | documents.  And we received our last production -- |

| | | |
|---|---|---|
| 10:22:51 | 1 | **JUDGE RODGERS:**  How many are you thinking you're going |
| 10:22:54 | 2 | to depose?  What's the number? |
| 10:22:57 | 3 | **MR. AYLSTOCK:**  It's hard to say without going through |
| 10:23:00 | 4 | the documents because -- |
| 10:23:03 | 5 | **MR. SEEGER:**  It's far less in those cases, probably |
| 10:23:03 | 6 | like 10 -- |
| 10:23:08 | 7 | **MS. HUTSON:**  I would say 12. |
| 10:23:08 | 8 | **MR. SEEGER:**  Yeah, 10 to 12. |
| 10:23:08 | 9 | **MR. AYLSTOCK:**  It's like 10 to 12. |
| 10:23:10 | 10 | **JUDGE RODGERS:**  Well, let me get to the heart of where |
| 10:23:12 | 11 | I'm going here.  What block of time do you think you need for |
| 10:23:16 | 12 | these fact depositions? |
| 10:23:18 | 13 | **MR. AYLSTOCK:**  The first three weeks in December I |
| 10:23:20 | 14 | think will be -- and maybe that week of Thanksgiving as well. |
| 10:23:24 | 15 | **JUDGE RODGERS:**  I want you all to confer about this, |
| 10:23:26 | 16 | but I am going to require that you agree on a block of time, |
| 10:23:29 | 17 | and it is going to be sooner rather than later.  And the |
| 10:23:32 | 18 | holidays are going to be upon us before we know it, so it |
| 10:23:36 | 19 | definitely needs to be before the holidays. |
| 10:23:39 | 20 | **MR. AYLSTOCK:**  Thank you, Judge. |
| 10:23:40 | 21 | **MR. BROCK:**  Your Honor, that's fine, we will meet and |
| 10:23:44 | 22 | confer.  And I think the only thing that I would say to counsel |
| 10:23:46 | 23 | and the Court is that, you know, we can't stir these people up |
| 10:23:49 | 24 | and have them available for deposition on two or three weeks' |
| 10:23:55 | 25 | notice.  It takes some time to get their files together. |

10:23:58    1    **JUDGE RODGERS:**  I agree.

10:23:59    2        **MR. BROCK:**  And we'd need some time to interact with

10:24:01    3    them, and we need some time to coordinate their schedules.

10:24:02    4        **JUDGE RODGERS:**  That's a good point.  This is the end

10:24:04    5    of September.  I need a deadline from you all on when you're

10:24:08    6    going to be able to identify and then I'll decide if that block

10:24:11    7    makes sense.

10:24:12    8        **MR. AYLSTOCK:**  I think we can give them a mostly

10:24:14    9    complete list probably next week, by next week we could do

10:24:17   10    that.  But the only caveat, just to be clear, we don't have all

10:24:21   11    of the documents yet.

10:24:21   12        **JUDGE RODGERS:**  Right.

10:24:23   13        **MR. AYLSTOCK:**  Substantial completion isn't until

10:24:25   14    Monday.  And it will take us some time -- not a lot of time

10:24:29   15    because we do have a big team and a good team, but some time.

10:24:33   16    So the list may be amended, we may peel a couple of people off

10:24:38   17    and put a couple of people on, but we're thinking 10 to 12 at

10:24:41   18    the most at this point in time.

10:24:42   19        **JUDGE RODGERS:**  All right.  Well, identify those by

10:24:44   20    next Friday for the Defendants.

10:24:46   21        And then you all need to mark off those first three

10:24:50   22    weeks in December.  If you want to move it earlier, that's fine

10:24:53   23    by me, too, but I'm going to let you all discuss that.

10:24:57   24        **MR. AYLSTOCK:**  Thank you, Your Honor.

10:24:58   25        **MR. BROCK:**  That's fine, Your Honor.  And I do take it

10:25:00   1   that, as we look at these -- we have not been nits at all about

10:25:07   2   what is discovery for the affirmative defenses versus other

10:25:11   3   things for these first two 30(b)(6) notices.  There are lots of

10:25:15   4   topics that are not focused just to those issues, but it's

10:25:18   5   okay.  We're happy to get prepared and do on that.

10:25:23   6        But there may have to be some narrowing if we're

10:25:26   7   talking about doing that many witnesses in three weeks' time.

10:25:31   8   That would be a tremendous burden on us, it really would be.

10:25:34   9   Just in terms of our staffing, of being able to prepare people,

10:25:38   10  12 or whatever witnesses over a period of three weeks would be

10:25:42   11  a tremendous burden.

10:25:44   12        JUDGE RODGERS:  Well, it's not three weeks that you

10:25:46   13  would have to prepare.

10:25:49   14        MR. BROCK:  No.  We have more preparation time.  But

10:25:53   15  we'd still have to be able to have teams available to defend

10:25:57   16  the depositions.

10:25:58   17        JUDGE RODGERS:  Mr. Brock, you have a lot of lawyers

10:25:59   18  in your law firm.

10:26:01   19        MR. BROCK:  Well, we do have a lot of lawyers.  What

10:26:03   20  I'm saying is, is that it will be a tremendous burden to do

10:26:06   21  that preparation and do it in that kind of compressed schedule.

10:26:10   22        I'm not saying we're not going do it.  I appreciate

10:26:13   23  that we are.  I'm just saying that it may be that we will need

10:26:18   24  to have a discussion with the Court about the narrowing of

10:26:20   25  topics in order to be able to get there.

| | |
|---|---|
| 10:26:23 | 1 |

**JUDGE RODGERS:**  All right.  Well, let's wait and see once the names are identified.  And we would need input from you all as well.  If this is something you need to discuss with me before the 25th of October, I would suggest you let me know that, Judge Jones or I one, so we can help get that focused, if it needs to be.

**MR. BROCK:**  Okay.

**MR. AYLSTOCK:**  We will, Your Honor.

**JUDGE RODGERS:**  But for now those dates, those first three weeks, unless you all decide to push them earlier, are carved out for those fact witness depos.

And, Mr. Aylstock, you all are going to identify those that you can identify based on the document production that you have by next Friday.

**MR. AYLSTOCK:**  Yes, Your Honor.

**JUDGE RODGERS:**  Understanding that no one should expect a significant change to that.  I understand there may be one or two, but not a significant change.

**MR. AYLSTOCK:**  Thank you, Judge.

**JUDGE RODGERS:**  All right.  And then as far as Dr. Berger, we've discussed that, and that's going to be -- you carved out those four days in November.  And you'll present briefing to the Court on why you believe four days is necessary, understanding that it's going to cover both the 30(b)(6) and the personal knowledge, and then you'll let me

| | | |
|---|---|---|
| 10:27:43 | 1 | know why you think two is all that's necessary and if you're |
| 10:27:47 | 2 | going to cross-notice. |
| 10:27:48 | 3 | **MR. BROCK:**  If we are, yes. |
| 10:27:50 | 4 | **JUDGE RODGERS:**  Mr. Nomellini? |
| 10:27:51 | 5 | **MR. NOMELLINI:**  Yes, Your Honor.  And I haven't heard |
| 10:27:54 | 6 | that there are going to be any more 30(b)(6) notices coming in |
| 10:27:59 | 7 | connection with these individual depositions.  It sounds like |
| 10:28:04 | 8 | they're personal. |
| 10:28:04 | 9 | **JUDGE RODGERS:**  That's a good point.  Let's get that |
| 10:28:06 | 10 | confirmed. |
| 10:28:07 | 11 | **MR. NOMELLINI:**  And in that regard -- and I understand |
| 10:28:09 | 12 | they may be asking for an exception for Dr. Berger, but the |
| 10:28:14 | 13 | existing order states, "Absent agreement of the parties or |
| 10:28:19 | 14 | order of the Court for good cause shown, an individual |
| 10:28:23 | 15 | designated to testify as both a corporate representative and in |
| 10:28:26 | 16 | his or her individual capacity may not be deposed for more than |
| 10:28:30 | 17 | a total of two days at 7.5 hours per day." |
| 10:28:36 | 18 | So I understand they're asking for good cause for that |
| 10:28:39 | 19 | on Dr. Berger.  But even if they do on that, if there are other |
| 10:28:43 | 20 | 30(b)(6) depositions coming, that's something that we are |
| 10:28:46 | 21 | mindful of. |
| 10:28:46 | 22 | **JUDGE RODGERS:**  Okay, thank you. |
| 10:28:47 | 23 | **MR. AYLSTOCK:**  And a lot depends on what's answered in |
| 10:28:50 | 24 | these first 30(b)(6)'s.  I can't commit to the Court that there |
| 10:28:54 | 25 | won't be more or some slight modification based upon the |

10:28:59    1    answers or some of the documents, frankly, that may come up.

10:29:01    2         **JUDGE RODGERS:**  What depo -- is it one or two or more

10:29:05    3    on the 17th and 18th?

10:29:07    4         **MR. AYLSTOCK:**  It's one notice, Your Honor.  They've

10:29:09    5    designated two individuals, Myers and Moses.  Both of those as

10:29:15    6    well -- Judge Jones has already addressed it and they've agreed

10:29:18    7    that we'll have an opportunity to depose them as well in their

10:29:22    8    individual capacities later on.  So those are two they already

10:29:26    9    know about.  This is only in their 30(b)(6) capacities.

10:29:29   10         And we also believe, based upon the volume of

10:29:33   11    documents, that we have good cause to perhaps get some more

10:29:36   12    time with each of them.  But we do need to nail down what

10:29:40   13    topics each are going to cover.  And if there's any that

10:29:44   14    neither will cover, we need to --

10:29:46   15         **JUDGE RODGERS:**  Well, and you need to get any issue

10:29:47   16    that needs resolution by the Court to us soon.

10:29:52   17         **MR. BROCK:**  We've been in that discussion with

10:29:54   18    Plaintiffs' counsel on this issue as we have looked at the

10:29:57   19    issues as relates to each of the witnesses and who is best

10:30:01   20    suited to testify on the topics.  We've tried to keep them up

10:30:05   21    to date as we've moved a topic or two around, but I think we'll

10:30:08   22    have that finalized on Monday, so we'll be good on that.

10:30:11   23         And we are also covering a few -- four or five -- of

10:30:16   24    the topics in the second 30(b)(6) notice with the witnesses who

10:30:20   25    will be testifying as relates to the first notice.  So we're

10:30:25  1  going to get some of those out of the way in the first round

10:30:31  2  for four or five of the topics.

10:30:33  3          **JUDGE RODGERS:**  Very good.

10:30:34  4          **MR. AYLSTOCK:**  But we need to nail all of that down,

10:30:36  5  obviously, and there could be another notice coming, depending

10:30:38  6  on the documents and so forth.  But if so, we should be able to

10:30:42  7  get that done next week, Your Honor.

10:30:45  8          **JUDGE RODGERS:**  I would like everyone to know by

10:30:48  9  Friday.  If there's another 30(b)(6) coming, they need to know

10:30:56  10  by Friday.

10:30:57  11          **MR. AYLSTOCK:**  Yes, Your Honor.

10:31:03  12          **JUDGE RODGERS:**  Is there anything else?

10:31:05  13          Mr. Nomellini?

10:31:05  14          **MR. NOMELLINI:**  Your Honor, Mark Nomellini.  Your

10:31:11  15  Honor already covered this, but I just wanted to acknowledge

10:31:14  16  the extraordinary level of cooperation between the parties with

10:31:19  17  respect to the document production issue.

10:31:22  18          We have already made a substantial production.  We are

10:31:25  19  also going to be making a production of over 40,000 documents

10:31:29  20  on Monday.  There are various categories that we're continuing

10:31:35  21  to work through with Plaintiffs.  There's been some additional

10:31:45  22  custodial requests, database requests, some documents excluded

10:31:48  23  from the TAR corpus, some Excel documents.

10:31:51  24          I'm confident, given the cooperation we've had so far,

10:31:54  25  we'll be able to work through these issues and also prioritize

| | | |
|---|---|---|
| 10:31:57 | 1 | -- we're going to make an effort to prioritize, if we can |
| 10:32:01 | 2 | technically, anything related to the government contractor |
| 10:32:04 | 3 | issue. |
| 10:32:05 | 4 | **JUDGE RODGERS:**  Right.  Thank you.  And I agree, the |
| 10:32:08 | 5 | cooperation between the parties on multiple levels has been |
| 10:32:15 | 6 | extraordinary and very impressive.  Much appreciated. |
| 10:32:19 | 7 | I do have time available for a biweekly call with |
| 10:32:26 | 8 | leadership.  I have time on Thursday the 10th, Tuesday the |
| 10:32:29 | 9 | 15th, or Wednesday the 16th.  It might be a good idea, since |
| 10:32:34 | 10 | those depositions are the 17th and 18th.  I just throw those |
| 10:32:39 | 11 | dates out to you for consideration, the 10th, 15th, or 16th. |
| 10:32:46 | 12 | You don't have to let me know, unless you know now. |
| 10:32:51 | 13 | You could let me know later today, if possible, what suits you. |
| 10:32:55 | 14 | **MR. AYLSTOCK:**  The 10th works for us, Your Honor. |
| 10:32:58 | 15 | **JUDGE RODGERS:**  What about you all, Mr. Nomellini, can |
| 10:33:00 | 16 | you -- or Mr. Brock -- tell me that now or do you need time to |
| 10:33:05 | 17 | think about that? |
| 10:33:06 | 18 | **MR. BROCK:**  I think October 10th is fine.  We can get |
| 10:33:20 | 19 | it covered as a phone conference, yeah. |
| 10:33:23 | 20 | **JUDGE RODGERS:**  I'll ask Tevenia to reach out to you |
| 10:33:27 | 21 | all by email to set the time on the 10th. |
| 10:33:30 | 22 | Judge Jones, are you available on the 10th? |
| 10:33:33 | 23 | **JUDGE JONES:**  I believe I am. |
| 10:33:35 | 24 | **JUDGE RODGERS:**  All right.  Well, you may have both of |
| 10:33:37 | 25 | us, then. |

| | | |
|---|---|---|
| 10:33:38 | 1 | Judge Jones, is there anything you'd like to add to |
| 10:33:41 | 2 | the discussion? |
| 10:33:43 | 3 | **JUDGE JONES:** I just had one question. This came up |
| 10:33:46 | 4 | in the biweekly call and I see it's on the agenda. |
| 10:33:52 | 5 | Mr. Buchanan had suggested there could be a discovery |
| 10:33:56 | 6 | issue down the road with regard to third-party discovery. I |
| 10:34:01 | 7 | don't know if that's something that is a problem that you |
| 10:34:05 | 8 | talked about preconference -- |
| 10:34:07 | 9 | **JUDGE RODGERS:** No. |
| 10:34:07 | 10 | **JUDGE JONES:** -- or if there's -- |
| 10:34:10 | 11 | **JUDGE RODGERS:** We did not. But I'm glad you're |
| 10:34:13 | 12 | raising it. I wasn't aware of that. |
| 10:34:14 | 13 | Mr. Seeger? |
| 10:34:15 | 14 | **MR. SEEGER:** Hi, Judge Jones. It's Chris Seeger. I |
| 10:34:19 | 15 | don't know if he can see everyone. It's a little weird doing |
| 10:34:23 | 16 | this. |
| 10:34:23 | 17 | Dave is not here today. His son is getting married |
| 10:34:27 | 18 | tomorrow. So I'm not up on that topic. Could we follow up |
| 10:34:30 | 19 | maybe with a phone call to Judge Jones like Monday or Tuesday |
| 10:34:33 | 20 | or whatever is convenient? |
| 10:34:34 | 21 | **JUDGE JONES:** Well, I don't even know if a phone call |
| 10:34:37 | 22 | is necessary. You know, the way we left it, he simply alerted |
| 10:34:42 | 23 | the Court that there might be some issues percolating. And I |
| 10:34:46 | 24 | told him, if there was, to bring it to the Court's attention |
| 10:34:50 | 25 | sooner as opposed to later. |

| | | |
|---|---|---|
| 10:34:51 | 1 | **MR. AYLSTOCK:**  Yes, Judge Jones, this is Bryan |
| 10:34:54 | 2 | Aylstock.  I'm not as up to speed as Dave, but I know the |
| 10:34:57 | 3 | issue, and I know it's still being worked on, so hopefully |
| 10:35:01 | 4 | there will be resolution.  But I think by Friday we'll be able |
| 10:35:03 | 5 | to tee it up, if not. |
| 10:35:08 | 6 | **JUDGE JONES:**  Great.  Thank you. |
| 10:35:10 | 7 | **JUDGE RODGERS:**  Anything else from anyone? |
| 10:35:13 | 8 | **MR. NOMELLINI:**  And then also with respect to Judge |
| 10:35:15 | 9 | Jones, we will coordinate through Tevenia arranging some kind |
| 10:35:20 | 10 | of discussion with respect to confidentiality issues? |
| 10:35:27 | 11 | **JUDGE RODGERS:**  I think so, yes. |
| 10:35:29 | 12 | **MR. NOMELLINI:**  Thank you. |
| 10:35:30 | 13 | **JUDGE RODGERS:**  All right, very good. |
| 10:35:31 | 14 | **MR. SEEGER:**  Your Honor, I guess one last thing |
| 10:35:33 | 15 | relating to Judge Jones.  Judge Jones has our Motion to Compel |
| 10:35:37 | 16 | and their response.  So, I guess, if he wants argument on it, |
| 10:35:41 | 17 | we can make ourselves also available for that at any time, |
| 10:35:44 | 18 | whatever is convenient.  Or if he doesn't need it -- |
| 10:35:47 | 19 | **JUDGE JONES:**  Thank you, but I don't think I'll need |
| 10:35:50 | 20 | argument on it.  It's briefed pretty well.  It's a pretty |
| 10:35:54 | 21 | straightforward and discrete issue, so I should have an order |
| 10:35:59 | 22 | on that pretty soon. |
| 10:36:02 | 23 | **MR. SEEGER:**  Thank you, Your Honor. |
| 10:36:05 | 24 | **JUDGE RODGERS:**  All right.  Anything else from anyone? |
| 10:36:10 | 25 | *[No response.]* |

10:36:10  1          Well, thank you all very much.  I appreciate the work

10:36:13  2     leading up to the conference, and I'll look forward to seeing

10:36:17  3     you on the 25th and speaking with you on the 10th by telephone.

10:36:21  4          In the meantime, if you need anything, let either of

10:36:23  5     us, Judge Jones or myself, know.

6                    *(Proceedings concluded at 10:36 a.m.)*

7                    --------------------

8     *I certify that the foregoing is a correct transcript from the*
9     *record of proceedings in the above-entitled matter.  Any*
      *redaction of personal data identifiers pursuant to the Judicial*
10    *Conference Policy on Privacy are noted within the transcript.*

11

12        *s/Donna L. Boland                        9-27-2019*
          *Donna L. Boland, RPR, FCRR              Date*
13        *Official Court Reporter*

14

15

16

17

18

19

20

21

22

23

24

25