**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

# O R D E R

On October 21, 2019, the Court conducted a telephone hearing to address: (1) Plaintiffs' request to add custodial documents for six additional custodians to the TAR corpus; and (2) the protocol for filing documents under seal and for the Court to determine whether documents may remain under seal.

## A. Protocol for Filing Documents Under Seal

Turning first to the protocol for filing documents under seal the parties discussed a framework, which would facilitate the filing of documents under seal without requiring the parties to utilize the time-consuming and inefficient process of first filing a motion to seal a document *before* the document is filed and then filing the document after the Court rules on the motion to seal. Instead, the parties agreed— and the Court

approved—a process in which a party may file a document as an exhibit under seal without first having to file a motion to seal. Within seven (7) days after filing the document under seal the parties must meet and confer to discuss whether the parties agree that the document is appropriate for filing under seal. The party filing the document under seal must then after the meet and confer either: (i) advise the Court that the seal should be lifted in the event both parties agree that the document should not be under seal; or (ii) file a motion to keep the document under seal in the event there is a disagreement whether the document should be filed under seal *or* in the event both parties agree that the document should remain under seal. The Court would then rule on the motion to seal based upon the applicable standards in the Eleventh Circuit for sealing documents. The parties are required to submit a draft of the proposed protective order memorializing this protocol by **October 25, 2019.**

## B. Additional Custodians

The Court also heard argument from the parties regarding Plaintiffs' request for additional custodians. The parties' positions were also presented to the Court in simultaneous letter briefs dated October 18, 2019.

The six additional custodians are: Scott Cheek, Frank Gavin, Mike Harrison, Richard Knauer, Tom Thomson, and Garry Warren. Mike Harrison and Tom Thomson were former Sales Account Representatives, who left 3M in 2011 and 2010 respectively. Scott Cheek was the former Senior Marketing Manager in the 3M hearing group who separated from 3M in October 2013. Gary Warren was the former President of Aearo North America Safety Products, who left Aearo in September 2008. Frank Gavin was the former Emergency Preparedness Specialist who left 3M in June 2014. Lastly, Richard Knauer was the former Senior Director of R & D at Aearo. Mr. Knauer retired from Aearo in 2006 but was a consultant until 2009 and a temporary worker, employed through a temporary worker agency, into 2016.

Defendants resist adding these custodians arguing that the custodians are duplicative of already agreed upon custodians. Defendants say that these custodians should not be added because Plaintiffs have failed to articulate specific reasons for why these additional custodians are likely to have uniquely relevant data or information. In Plaintiffs' letter brief and at the hearing Plaintiffs pointed to specific and sufficient reasons supporting their request to add these additional custodians. For the reasons discussed by the Court on the record (which are fully incorporated

into this order) the Court concludes that the six custodians should be added because they are reasonably likely to have relevant data and information in their custodial files and the inclusion of these additional custodians is proportional to the needs of the case. Accordingly, to the extent Defendants locate and identify custodial files for Mr. Gavin, Mr. Cheek, Mr. Knauer, Mr. Thomson and Mr. Harrison, Defendants must add to the TAR corpus under the procedures agreed to in the TAR protocol entered in this case, the data collected from these custodial files.

The Court's ruling authorizing the addition of the six custodians named above, however, does not end the inquiry. Defendants have advised that despite a reasonable search the Defendants have not located custodial files for any of these custodians except Gary Warren. Regarding Mr. Warren, Defendants have collected about 50,000 documents from his custodial files, which were preserved in 2008 for reasons unrelated to this litigation. As to the other custodians, Defendants advised that because these custodians left 3M long before this litigation was on the radar screen, these custodial files were not preserved. Nonetheless, even though Defendants did not locate custodial files for these individuals, Defendants have included in the TAR corpus emails and attachments from other

custodians listing Mr. Gavin, Mr. Cheek, Mr. Knauer, Mr. Thomson and Mr. Harrison, in the From, To, CC, and BCC email header fields.

During the hearing Plaintiffs raised concerns about whether 3M has other reasonably accessible sources of data for the custodial documents of the five custodians (Gavin, Cheek, Knauer, Thomson and Harrison), including a "snap-shot" that Plaintiffs say was taken of Aero's data in 2008 when Aearo merged with 3M. Because Plaintiffs have legitimate reasons for better understanding 3M's data sources and back-up, if any, 3M must provide a declaration(s) detailing the available sources of data in 2008 at the time of the merger between Aearo and 3M, including any snap-shot taken of Aearo's data, and the data sources and any back-up of the 3M email systems in place after 2008 and during the periods of time the additional custodians were employed by 3M. The description of available data sources should include any SharePoint or other collaborative work systems and an explanation as to whether a reasonable search for custodial files can be made in these types of shared data sources. The declaration must also provide a detailed explanation of the reasonable efforts Defendants made to search 3M's data sources to locate the custodial records of the five additional custodians. Defendants must provide the declaration(s) to Plaintiffs on or before **November 1, 2019**.

After Defendants have provided the required information in the declaration(s) (and after further meeting and conferring) in the event the parties have not resolved the issues, Plaintiffs may file a motion requesting permission to conduct a 30(b)(6) deposition of Defendant 3M for the purpose of making further inquiry into the reasonably accessible data sources for the custodial files. In the event Plaintiffs file a motion to take a 30(b)(6) deposition of 3M regarding 3M's reasonably accessible data sources, the Court will provide Defendants with an opportunity to file any opposition to the request. The Court will then (if necessary) set a prompt telephonic hearing to resolve the issue.

**DONE AND ORDERED** this 22nd day of October 2019.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge