# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) <br> EARPLUG PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) | CASE NO. 3:19-MD-2885 |

**PLAINTIFFS' THIRD REQUESTS
FOR PRODUCTION**

PLEASE TAKE NOTICE THAT pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants produce for inspection and/or copying the documents and tangible things designated in these Requests for Production (the "Requests" and each a "Request") to Plaintiffs' ESI Liaison, in accordance with the Order for Production of Documents and Electronically Stored Information by 3M, within 30 days[1] from the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, the terms "you," "your," or "yourself," refer to 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and any of their related or affiliated entities or individuals named as defendants in this proceeding (the "Defendants" and each a "Defendant"), their present and former officers, directors, executives, agents, representatives, employees, and/or attorneys.[2]

2. As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of any Defendant.

---

[1] *See* Definitions and Instructions at No. 17 regarding the modified production deadline for Witness Personnel Files.
[2] *See* Request No. 68 regarding the application of this definition to Plaintiffs' prior Requests for Production.

1

3. As used herein, the term "person" shall mean any natural person or any business, legal or governmental entity, or association.

4. As used herein, the term "document" is synonymous in meaning and equal in scope of the usage of this term in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term. The definition of Document shall include Communication as defined below.

5. As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications. It includes the transmittal of information by any means, including email, SMS, MMS, or other "text" messages, messages on "social networking" sites (including, but not limited to, Facebook, Google+, and Twitter), shared applications from cell phones, or by any other means. "Communication" shall also include, without limitation, all originals and copies that are provided by you or to you by others.

6. As used herein, the word "or" appearing in a Request should not be read so as to eliminate any part of a Request but, whenever applicable, it should have the same meaning as the word "and." For example, a Request stating "support or refer" should be read as "support and refer" if any answer that does both can be made.

7. As used herein, the word "including" means "including but not limited to."

8. As used herein, the word "competing product" means a product targeting the same market segment, customers, users, non-user purchasers, or uses or types of uses, as the 3M Earplugs.

9. As used herein, the term "3M Earplugs" refers to the dual-ended Combat Arms earplugs (Version 2 CAEv.2) that were designed, manufactured and sold by Defendants to the U.S. military from the early 2000s through approximately 2015, together with any like-design earplugs marketed or sold by you for civilian use or non-military use, including the 3M E-A-R ARC Plug.

10. As used herein, the terms "tests" or "testing" include, without limitation, reports, presentations, articles, data compilations, data collections, analyses, evaluations, studies, experiments, scientific literature, and slide presentations, complete or incomplete, published or unpublished, finalized or unfinalized, peer reviewed or non-peer reviewed.

11. As used herein, the term "Tested HPDs" refers to the 3M Earplugs, any actual or contemplated predecessor or successor designs thereof, whether linear or non-linear (including the CAEv1, CAEv3, CAEv4, CAEv4.1, and UltraFit Earplugs, together with any like-design earplugs for civilian use or non-military use), together with any other non-linear or level-dependent passive hearing protection devices, whether developed by you or any other entity, on which you performed any testing.

12. As used herein, the term "Personnel Files" refers to documents generally maintained by an individual's supervisor or an individual's employer's human resource department, to include job performance evaluations, self-evaluations, salary and compensation information, and bonus and/or incentive information, relating to that individual's work on 3M Earplugs.

13. As to any document or information that would fall under the scope of any document request herein, but over which you claim a privilege or protection, including but not limited to attorney-client privilege, attorney work-product privilege, or joint defense privilege, such document shall be logged on a privilege log that accompanies the production of documents from which it was withheld. Defendants' privilege log shall (a) conform to Federal Rule of Civil Procedure 26 and the agreement of the Parties with regard to the information reflected thereon, (b) be cumulative (*i.e.,* to the extent documents are produced in waves, the privilege log shall be updated to incorporate documents withheld from production in subsequent waves); and (c) be delivered in Excel and PDF formats.

14. The Requests shall be continuing, and you are required to supplement your responses thereto by immediately producing for inspection and copying any requested document that comes

3

into your possession or subject to your custody or control subsequent to the date of this Request.

15. All documents and electronically stored information produced in response to these requests must be produced in accordance with the stipulated protocol for the production of electronically stored information.

16. In responding to the Requests, you shall designate the specific Request or Requests to which each document produced is responsive.

17. The Request below seeking the Personnel Files of deponents is continuing, and shall apply to hereafter-noticed depositions of any witness who is a former or current employee or agent of Defendants. Each of those witnesses' personnel files shall be produced ten (10) days prior to the date of that witness's deposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

Please produce true and correct copies of the following:

68. Any documents responsive to Plaintiffs' First Requests for Production served June 19, 2019 and Plaintiffs' Second Requests For Production, served August 8, 2019, when the revised definition of "you" provided herein[3] is applied to those Requests.

69. Ten (10) exemplars of each version of the 3M Earplugs, to include the dual-ended Combat Arms earplugs (Version 2 CAEv.2), the 3M E-A-R ARC Plug, and any like-design earplugs marketed or sold by you for any use, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version.

70. Ten (10) exemplars of each version of the Combat Arms Earplugs, including the CAEv1, CAEv3, CAEv4, and CAEv4.1, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version..

---

[3] *See* Definitions and Instructions at No. 1.

71. Ten (10) exemplars of all Tested HPDs, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version.

72. All documents concerning any royalty payments relating to the 3M Earplugs or any technology incorporated therein, including the non-linear filter and/or dual-tip design incorporated in the 3M Earplugs.

73. Any comparison between the features, testing, or performance of the 3M Earplugs or predecessor or successor designs thereof, and any active hearing protection device.

74. All documents governing, relating to, or constituting the results of any quality assurance testing conducted by you or any other person or entity regarding the 3M Earplugs.

75. All testing documentation retained and/or made in accordance with American National Standards Institute (ANSI) as S 3.19-1974 as required under CFR 40.

76. Any documents relating to analyses of HPD program effectiveness.

77. Any communications regarding 3M Earplugs and/or testing protocols between the Aearo Laboratory and/or E-A-RCal Lab located in Indianapolis, Indiana on the one hand, and any other laboratory that conducted any testing on any Tested HPDs on the other hand.

78. All Institutional Review Board review results with regard to the Aearo Laboratory and/or E-A-RCal Lab located in Indianapolis, Indiana.

79. All records of any sound measurements relating to the 3M Earplugs, including those to calibrate test-room background noise, to determine test signal levels, and to determine audiometer calibration and calibration of any other hearing testing devices.

80. Any documents relating to the fit of any Tested HPD, including documents relating to qualification of HPD fit selection, or reflecting real-ear testing data reflecting the acoustic seal created or not by any Tested HPD.

81. Any documents relating to threshold-shift testing, including audiometric test data gathered before and after noise exposure attenuated by any Tested HPD.

82. Any draft or final "Specification Sheet" relating to the 3M Earplugs, including any earlier or later drafts of the Specification Sheet produced by you in this action bearing Bates Number 3M_MDL000013929, together with any communications concerning any Specification Sheets.

83. The Personnel Files of any current or former 3M employee or agent who is noticed for deposition in these proceedings.