# Exhibit 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) ) ) | Case No. 3:19-md-02885 |
| | ) | Judge M. Casey Rodgers |
| | ) | |
| This Document Relates to All Cases | ) ) | Magistrate Judge Gary R. Jones |
| | ) | |

## 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION

Defendants 3M Company ("3M"), 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC (collectively "Defendants") serve their Answers and Objections to Plaintiffs' Third Requests for Production.

## GENERAL OBJECTIONS

1.     Defendants object to Plaintiffs' Third Requests for Production to the extent that they call for information or seek discovery that Defendants have already produced, agreed to produce, or been ordered to produce in this federal MDL Proceeding, including but not limited to the following: (i) 3M's prior or ongoing productions resulting from the *Qui Tam* Action; and (ii) 3M's prior or ongoing productions from Moldex I and Moldex II consistent with the Parties' agreed-upon early production of documents as described in the Court's Pretrial Order No. 10

regarding Production of Documents and Electronically Stored Information (Dkt. 443).

2.      Defendants object to Plaintiffs' Requests to the extent that they seek documents already in the possession of Plaintiffs or equally available to Plaintiffs from sources other than Defendants, including publicly available sources and documents received from the military and/or government.

3.      Defendants object to Plaintiffs' requests for electronically stored information ("ESI") to the extent that they call for the production of ESI in any manner other than that required in the Court's Pretrial Order No. 10 regarding Production of Documents and Electronically Stored Information (Dkt. 443), and to the extent that they call for production of ESI with respect to technology assisted review ("TAR") in any manner other than that required under the Court's Pretrial Order No. 12 regarding the Protocol Relating to Use of Technology Assisted Review (Dkt. 472).

4.      Defendants object to Plaintiffs' definitions of "you" and "your" because they improperly attempt to make Plaintiffs' requests applicable not only to the named Defendants, but to entities which are not parties to this litigation, including but not limited to "related or affiliated entities or individuals named as defendants in this proceeding, their present and former officers, directors, executives, agents, representatives, employees, and/or attorneys." Defendants will respond and produce documents on their own behalf.

5.      Defendants object to Plaintiffs' definition of "document" and/or "documents" in Paragraph No. 4 of Plaintiffs' Definitions/Instructions, to the extent that it improperly seeks documents that may not have been kept in the ordinary course of business, may not be in a reasonably accessible and recoverable format, and/or may not be obtained after a good-faith and reasonable search.

6.      Defendants object to Plaintiffs' definition of "3M Earplugs" as overly broad, vague, and ambiguous to the extent that it incorporates "any like-design earplugs marketed or sold by you for civilian use or non-military use."

7.      Defendants object to Plaintiffs' Requests to the extent that they are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including without limitation, as to subject matter and/or time period, and where compliance with specific requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming. Defendants further object to Plaintiffs' Requests to the extent that they seek documents and materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendants object to each of Plaintiffs' Requests asking for "each," "every," "any," or "all" document(s), communication(s), person(s), or event(s) on the ground that such Requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant. Subject to these objections, Defendants will diligently search for and produce, if located, responsive, non-

privileged documents. To the extent Defendants specifically identify documents in response to individual Requests, Defendants cannot and do not, however, represent that these documents represent "each," "every," "any," or "all" documents that may be responsive to Plaintiffs' Requests.

9.      Defendants object to Plaintiffs' Requests to the extent that they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

10.     Defendants object to Plaintiffs' Requests to the extent that they call for documents or information not within Defendants' possession, custody, or control.

11.     Defendants' production of any information or documents in response to Plaintiffs' Requests should not be construed as: (a) a stipulation that the material is relevant or admissible; (b) a waiver of Defendants' General Objections or any objections asserted in response to specific requests; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) a waiver or forfeiture of any claim of applicable privilege or work product protection. Defendants expressly reserve the right to object to further discovery, to the subject matter of these Requests, and to the introduction into evidence of any documents that Defendants may produce in response to these Requests.

12.    Defendants reserve the right to modify, amend, or supplement their responses, which are based upon Defendants' current knowledge, understanding, belief, and searches for information and documents. Defendants' investigation of facts and information relating to these Requests is continuing.

13.    Notwithstanding their response to a particular Request, Defendants assert, and incorporate by reference, the foregoing General Objections into their responses to individual requests, including any definitions or instructions associated therewith. [1]

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION 68 THROUGH 83

### REQUEST NO. 68

Any documents responsive to Plaintiffs' First Requests for Production served June 19, 2019 and Plaintiffs' Second Requests For Production, served August 8, 2019, when the revised definition of "you" provided herein[2] is applied to those Requests.

### RESPONSE TO REQUEST NO. 68

Subject to and without waiving their objections, including those objections asserted in response to Plaintiffs' First and Second Request for Production, Defendants will produce non-privileged documents relating to the 3M Earplugs

---

[1]    Capitalized terms used but not defined herein have the meaning given to such terms in Plaintiffs' Third Request For Production.

[2]    *See* Plaintiffs' Third Requests for Production, Definitions and Instructions at No. 1.

and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 69

Ten (10) exemplars of each version of the 3M Earplugs, to include the dual-ended Combat Arms earplugs (Version 2 CAEv.2), the 3M E-A-R ARC Plug, and any like-design earplugs marketed or sold by you for any use, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version.

## RESPONSE TO REQUEST NO. 69

Defendants object to the phrase "any like-design" as overbroad, vague and ambiguous. Defendants further object to this Request as overbroad, unduly burdensome and disproportional to the needs of the case to the extent that it seeks ten exemplars of each version of the 3M Earplugs and the "sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version." Defendants are investigating whether and how many sealed exemplars of each version of the 3M Earplugs exist. To the extent that sealed exemplars of each version of the 3M Earplugs are available, Defendants further object to producing

6

them for reasons other than those contemplated by Federal Rule of Civil Procedure 34.

Subject to and without waiving their objections, Defendants will provide, to the extent available, an exemplar of each version of the 3M Earplugs, and the sealed packaging and instructions that accompanied each exemplar, at a mutually agreeable time and location for the reasons contemplated by Federal Rule of Civil Procedure 34, including inspection and/or testing, subject to an agreed-upon inspection protocol.

## REQUEST NO. 70

Ten (10) exemplars of each version of the Combat Arms Earplugs, including the CAEv1, CAEv3, CAEv4, and CAEv4.1, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version.

## RESPONSE TO REQUEST NO. 70

Defendants object to this Request as overbroad, unduly burdensome and disproportional to the needs of the case to the extent that it seeks ten exemplars of each version of the Combat Arms Earplugs and the "sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version." Defendants are investigating whether and how many sealed exemplars of

each version of the Combat Arms Earplugs exist.   To the extent that sealed exemplars of each version of the Combat Arm Earplugs are available, Defendants further object to producing them for reasons other than those contemplated by Federal Rule of Civil Procedure 34.

Subject to and without waiving their objections, Defendants will provide, to the extent available, an exemplar of each version of the Combat Arms Earplugs, and the sealed packaging and instructions that accompanied each exemplar, at a mutually agreeable time and location for the reasons contemplated by Federal Rule of Civil Procedure 34, including inspection and/or testing, subject to an agreed-upon inspection protocol.

## REQUEST NO. 71

Ten (10) exemplars of all Tested HPDs, together with the sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version.

## RESPONSE TO REQUEST NO. 71

Defendants object to producing exemplars of all "Tested HPDs," and the "sealed packaging and instructions that contained and/or accompanied each commercial unit of each such version," as overly broad, unduly burdensome, disproportional to the needs of the case, and beyond the scope of discovery

contemplated by the Federal Rules of Civil Procedure, including because the Request seeks materials outside of Defendants' possession, custody or control. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.  Defendants further object to producing exemplar products for reasons other than those contemplated by Federal Rule of Civil Procedure 34.

Subject to and without waiving their objections, Defendants will allow Plaintiffs to inspect, to the extent available, the earplugs used in connection with the tests listed below at a mutually agreeable time and location, subject to an agreed-upon inspection protocol.

1.    January 25, 2000 REAT test (Test ID: 213015), EARCAL Laboratory, Indianapolis, Indiana. 8 test subjects.

2.    January 25, 2000 REAT test (Test ID: 213016), EARCAL Laboratory, Indianapolis, Indiana. 10 test subjects.

3.    May 9, 2000 REAT test (Test ID: 213017), EARCAL Laboratory, Indianapolis, Indiana. 10 Test subjects.

Defendants are investigating whether the earplugs used in connection with these tests are available for inspection, and are willing to meet and confer with Plaintiffs regarding the same.

## REQUEST NO. 72

All documents concerning any royalty payments relating to the 3M Earplugs or any technology incorporated therein, including the non-linear filter and/or dual-tip design incorporated in the 3M Earplugs.

## RESPONSE TO REQUEST NO. 72

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12,

to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 73

Any comparison between the features, testing, or performance of the 3M Earplugs or predecessor or successor designs thereof, and any active hearing protection device.

## RESPONSE TO REQUEST NO. 73

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this

Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 74

All documents governing, relating to, or constituting the results of any quality assurance testing conducted by you or any other person or entity regarding the 3M Earplugs.

## RESPONSE TO REQUEST NO. 74

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to quality assurance testing conducted by Defendants on the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 75

All testing documentation retained and/or made in accordance with American National Standards Institute (ANSI) as S 3.19-1974 as required under CFR 40.

## RESPONSE TO REQUEST NO. 75

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting

or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 76

Any documents relating to analyses of HPD program effectiveness.

## RESPONSE TO REQUEST NO. 76

Defendants object to the phrase "analyses of HPD program effectiveness" as vague and ambiguous.  Defendants are willing to meet and confer with Plaintiffs to discuss the nature of the materials Plaintiffs are seeking.  Defendants reserve their right to object to this Request on other grounds after meeting and conferring with Plaintiffs.

## REQUEST NO. 77

Any communications regarding 3M Earplugs and/or testing protocols between the Aearo Laboratory and/or E-A-RCal Lab located in Indianapolis,

Indiana on the one hand, and any other laboratory that conducted any testing on any Tested HPDs on the other hand.

## RESPONSE TO REQUEST NO. 77

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 78

All Institutional Review Board review results with regard to the Aearo Laboratory and/or E-A-RCal Lab located in Indianapolis, Indiana.

**RESPONSE TO REQUEST NO. 78**

Defendants object to the term "[a]ll Institutional Review Board review results" as vague and ambiguous.  Defendants are willing to meet and confer with Plaintiffs to discuss the nature of the materials Plaintiffs are seeking.  Defendants reserve their right to object to this Request on other grounds after meeting and conferring with Plaintiffs.

**REQUEST NO. 79**

All records of any sound measurements relating to the 3M Earplugs, including those to calibrate test-room background noise, to determine test signal levels, and to determine audiometer calibration and calibration of any other hearing testing devices.

**RESPONSE TO REQUEST NO. 79**

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information

16

protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 80

Any documents relating to the fit of any Tested HPD, including documents relating to qualification of HPD fit selection, or reflecting real-ear testing data reflecting the acoustic seal created or not by any Tested HPD.

## RESPONSE TO REQUEST NO. 80

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants.

17

Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 81

Any documents relating to threshold-shift testing, including audiometric test data gathered before and after noise exposure attenuated by any Tested HPD.

## RESPONSE TO REQUEST NO. 81

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12. Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants.

Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 82

Any draft or final "Specification Sheet" relating to the 3M Earplugs, including any earlier or later drafts of the Specification Sheet produced by you in this action bearing Bates Number 3M_MDL000013929, together with any communications concerning any Specification Sheets.

## RESPONSE TO REQUEST NO. 82

Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks information that is not relevant, and/or imposes obligations beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure and Pretrial Order No. 12.

19

Defendants further object to this Request as redundant, duplicative, and/or cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

Subject to and without waiving their objections, Defendants will produce non-privileged documents relating to the 3M Earplugs and responsive to this Request that are deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 83

The Personnel Files of any current or former 3M employee or agent who is noticed for deposition in these proceedings.

## RESPONSE TO REQUEST NO. 83

Defendants object to this Request on the grounds that it seeks irrelevant and highly sensitive information, is overly broad, unduly burdensome, and is disproportionate to the needs of the case.  Personnel files contain private and highly sensitive information.  Plaintiffs have made no showing that the requested

20

materials are relevant to their claims, or that the information therein cannot be

obtained by less obtrusive means.


DATED:  October 14, 2019          By: _Kimberly Branscome_____
                                  Kimberly Branscome
                                  KIRKLAND & ELLIS LLP
                                  333 South Hope Street
                                  Los Angeles, CA 90071
                                  Tel.:  (213) 680-8400
                                  Email: kimberly.branscome@kirkland.com


                                  *Attorney for Defendants 3M Company,
                                  Aearo Technologies LLC, Aearo Holdings,
                                  LLC, Aearo Intermediate, LLC, and Aearo,
                                  LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 14, 2019, a true and correct copy of the foregoing:

### 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION

was served as follows:

☒    **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

Virginia E. Anello, Discovery & ESI Subcommittee
Douglas & London, PC
59 Maiden Ln, 6th Floor
New York, NY 10038
Tel.: (212) 566-7500
vanello@douglasandlondon.com

Kathering E. Charonko, Discovery & ESI Subcommittee
Bailey Glasser, LLP
209 Capitol Street

Taylor C. Bartlett, Discovery & ESI Subcommittee
Henninger Garrison Davis LLC
2224 1st Avenue North
Birmingham, AL 35203

Charleston, WV 25301
Tel.: (304) 345-6555
kcharonko@baileyglasser.com

J. Nixon Daniel, Discovery & ESI
Subcommittee
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, FL 35202
Tel.: (850) 469-3306
jnd@beggslane.com

Tel.: (205) 301-6115
taylor@hgdlawfirm.com

David R. Buchanan, Discovery & ESI
Subcommittee
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (973) 639-9100
dbuchanan@seegerweiss.com

DATED:  October 14, 2019

*/s/ Kimberly Branscome*
Kimberly Branscome