# Exhibit 8

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3

 4                                       )  Docket No. 14 C 1748
                                         )
 5    IN RE:                             )
      TESTOSTERONE REPLACEMENT           )
 6    THERAPY PRODUCTS LIABILITY         )
      LITIGATION                         )
 7                                       )  Chicago, Illinois
                                         )  October 1, 2015
 8                                       )  9:45 o'clock a.m.

 9              TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE MATTHEW F. KENNELLY
10

11
      APPEARANCES:           SCHACHTER, HENDY & JOHNSON, PSC
12                           BY:  MR. RONALD E. JOHNSON, JR.
                             909 Wright's Summit Parkway
13                           Suite 210
                             Ft. Wright, KY  41011
14

15                           DECHERT LLP
                             BY:  MR. DAVID M. BERNICK
16                           1095 Avenue of the Americas
                             New York, NY  10036
17

18                           SEEGER WEISS LLP
                             BY:  MR. CHRISTOPHER SEEGER
19                           77 Water Street
                             New York, NY  10005
20

21

22

23    Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                             Official Court Reporter
24                           219 S. Dearborn Street, Suite 2102
                             Chicago, Illinois  60604
25                           (312) 435-5639
```

1 contested, they are just other people that happen to be out
2 there and the plaintiff is saying, I want to be able to
3 compare how I was treated and how these other people are
4 treated.  So the whole privacy issue is a completely different
5 focus in that kind of a situation because these people are
6 complete strangers.  They are not going to have their
7 deposition taken, they weren't involved in any decisionmaking
8 process, they weren't involved in any activity that's
9 contested or at issue.  It's completely different.
10         So what I'm trying to figure out here is what's
11 relevant.  And the way I look at that is -- okay.  So if
12 somebody were to ask, you know, Jane Jones in a deposition,
13 what was your -- did you have an incentive compensation
14 arrangement that related to the volume of sales that you were
15 able to generate of this product, am I going to get an
16 objection and an instruction not to answer?  And the answer
17 is, no, unless somebody wants to get sanctioned, okay?  So
18 that means it's probably relevant.  It's not a fishing
19 expedition.
20         So really what this boils down to is should I be
21 making you guys go look for this stuff before the deposition
22 or not because it's relevant.  There's just no question that
23 it's relevant.  The question is should I make you produce
24 documents about it before the deposition.  And so that's why
25 I'm trying to focus on, what is where and how difficult it

1    But if what I ended up dealing with is a situation
2 where somebody's -- somebody's compensation is based in some
3 part on what we will call a basket of products, one of which
4 is the product that is at issue in this case, that's
5 produceable, okay?  You've got that.  I'm not going to write
6 an opinion on it.  I don't need to.  I just said it.  It's at
7 10:22 in the morning, according to this transcript here.  So
8 just write that down.
9    So what I'm going to do on this one, it's granted in
10 part.  I want you to come up with a draft order, it doesn't
11 have to have all the justification language in it, a draft of
12 an order that basically tracks essentially what Judge Herndon
13 did in the Pradaxa case.
14    We are going to turn over to the other thing.
15    MR. JOHNSON:  Do we have a deadline for that, your
16 Honor, because the first deposition is October 21st.
17    THE COURT:  Well, before that.
18    MR. JOHNSON:  Okay.  Thank you.
19    THE COURT:  The other one has to do with this -- with
20 the field contact report.  So I have an initial question,
21 first of all, for the defendant; and then based on that
22 answer, I am going to ask the plaintiff a question.  So let me
23 just pull up my notes.
24    So I think I got close to an answer on this later in
25 the defendants' brief.