# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| IN RE PRADAXA ) | MDL No. 2385 | |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW | |
| PRODUCTS LIABILITY ) | Judge David R. Herndon | |
| LITIGATION ) | | |

**This Document Relates to:**

**ALL CASES**

CASE MANAGEMENT ORDER NO. 30
Production of BIPI Employee Personnel Files

**Herndon, Chief Judge:**

**I. INTRODUCTION**

On April 5, 2013, the Plaintiffs' Steering Committee (PSC) served deposition notices upon the defendants' Lead and Liaison Counsel, noticing the depositions of certain Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") company witnesses who played roles in the development, approval, and/or marketing of Pradaxa (Doc. 158 p. 1; Doc. 162 p. 1). The deposition notices direct the deponents to produce, among other things, "portions of [the witnesses'] personnel file[s] reflecting compensation and/or bonuses and all performance reviews related to Pradaxa" (Docs. 162-1 – 162-6). The deposition notices further

direct that such material be produced "no later than 5 days before the deposition" (Docs. 162-1 – 162-6).[1]

Presently before the Court is BIPI's motion for a protective order limiting discovery of the personnel files of these witnesses (Doc. 158).[2] BIPI contends that discovery limitations are appropriate because employee personnel files, including the files at issue here, contain sensitive information that is both private in nature and unrelated to the plaintiffs' claims (Doc. 158 p. 2). Specifically, BIPI requests that the Court enter an order establishing the following parameters for the production of materials from the personnel files of BIPI deponents:

(1) With regard to consenting witnesses, BIPI should only be required to produce the portions of the personnel files that *specifically* relate to performance reviews involving the design, development, approval, launch, marketing, sale, regulation, or pharmacovigilance of Pradaxa.

(2) The disclosure of compensation or bonus-related documents should be limited to those documents reflecting compensation or bonuses that *directly hinge* on Pradaxa performance. In addition, BIPI should be able to redact

---

[1] BIPI has not objected to this portion of the production request.

[2] The parties and the Court discussed the filing of this motion and its associated briefing schedule at the case management conference ("CMC") that took place on April 15, 2013. During the CMC, the parties and the Court agreed that discovery of the personnel files of BII's Germany-based employees presents different issues and will therefore be addressed at a later time.

compensation or bonus dollar amounts from such a production in order to protect privacy interests.

(3) Certain employees have informed BIPI that they do not consent to the production of any portion of their personnel files. With regard to non-consenting employees, BIPI should not be required to produce any portion of their personnel files. In addition, BIPI asks the Court to note that under Connecticut law, they are not permitted to produce any portion of these personnel files in the absence of a court order. *See* Conn. Gen. Stat. § 31-128f.

(Doc. 158 pp. 5-6).

The PSC responds, arguing that the disputed request seeks information that is relevant to this litigation and is not overly broad. In addition, the PSC contends that the protective order currently in place sufficiently protects the employees' privacy interests. After considering the parties arguments, including the parties oral argument on April 24, 2013, the Court finds that the requested limitations are not warranted.

BIPI is therefore **ORDERED** to comply with the disputed production request. **FURTHER**, the subject production request shall be completed no later than 5 days before the subject deposition.

## II. ANALYSIS

### A. Relevant Authority

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

District courts have "broad discretion to limit a request for the discovery of personnel files, in order to prevent the dissemination of personal or confidential information about employees." *Brunker v. Schwan's Home Service, Inc.,* 583 F.3d 10004, 1010 (7th Cir. 2009). In deciding whether to limit such a request, courts should consider "should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court. *Id. citing Patterson v. Avery Dennison Corp*., 281 F.3d 676, 681 (7th Cir. 2002).

### B. Scope and Relevance

The deposition notices direct the deponents to produce, among other things, "portions of [the witnesses'] personnel file[s] reflecting compensation

and/or bonuses and all performance reviews related to Pradaxa" (Docs. 162-1 – 162-6). Clearly, performance reviews "related to Pradaxa" are relevant to the instant litigation. The requested compensation and bonus information is also relevant. This information speaks to the plaintiffs' contention that Pradaxa was prematurely rushed or otherwise improperly placed on the market.

The plaintiffs also contend that all compensation and bonus information for the subject employees – not just that related to Pradaxa – is necessary to provide a complete picture regarding the subject employees' incentives, motivation, and/or bias. The Court agrees. Accordingly, the Court will not limit the plaintiffs' request to "Pradaxa related" compensation and/or bonus information. The Court also finds that the specific dollar amount of employee compensation is relevant and necessary. The implications of an employee receiving a bonus that amounts to 10% of his or her salary cannot be fully assessed without knowing whether that employee makes $50,000 annually or $500,000 annually. Although portions of this information may not ultimately be admissible at trial, the issue presently before the Court is discoverability and not admissibility. Therefore, the Court will not allow BIPI to redact the specific dollar amount of employee compensation or bonus information.

Finally, the subject request is not overly broad or unduly burdensome. The plaintiffs have limited their request to the personnel files of those employees who were allegedly highly involved in the development, approval, and/or marketing of Pradaxa. In addition, any privacy concerns can be adequately addressed via the

protective order currently in place. Production under these conditions is appropriate and sufficiently protects any sensitive information contained within the requested personnel files.

For the reasons discussed above, the Court finds that the totality of the circumstances do not require imposing the requested limitations on the subject discovery request. BIPI is therefore **ORDERED** to comply with disputed production request. **Further**, the subject production request shall be provided no later than 5 days before the subject deposition.

**C. Connecticut General Statutes § 31-128f**

Connecticut General Statutes Section 31-128f prohibits the release of employee personnel files without the written consent of employees. The statute provides in pertinent part:

> No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except … (2) pursuant to a lawfully issued administrative summons or judicial order….

Conn. Gen. Stat. § 31-128f. In light of the Court's order directing BIPI to produce

the subject personnel files, BIPI need not obtain the subject employees' authorization. Conn. Gen. Stat. § 31-128f(2).[3]

**IT IS SO ORDERED.**

David R. Herndon
2013.04.26
13:07:24 -05'00'

**Chief Judge**                                                                                   **Date: April 26, 2013**
**United States District Court**

---

[3] The Court notes that district court judges applying this statute, consistently hold that, when personnel information is relevant to a case, a court may order disclosure of that information. *See, e.g., Cost Mgmt. Incentives, Inc. v. Theradex Sys., Inc.*, 2007 WL 906165 (D. Conn. Mar. 21, 2007) (Dorsey, J.); *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 169 (D. Conn. 2005) (Smith, M.J.); *Culkin v. Pitney Bowes, Inc..*, 225 F.R.D. 69, 73 (D. Conn. 2004) (Smith, M.J.). For reasons already discussed, the personnel files that are the subject of this motion are relevant to the issues in this litigation.