# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) | |
| EARPLUG PRODUCTS LIABILITY ) | |
| LITIGATION ) | Case No. 3:19-md-2885 |
| ) | |
| ) | Hon. Judge M. Casey Rodgers |
| *This Document Relates to All Actions* ) | Magistrate Judge Gary R. Jones |

# PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PERSONNEL FILES

Plaintiffs respectfully submit this Reply in Support of their Motion to Compel Discovery. Plaintiffs seek information that Defendants have refused to produce and is clearly relevant to core issues herein, including: 3M employees' roles, involvement, and responsibilities with the 3M Earplugs, as described by them or their superior contemporaneous with those activities; the attribution, credit, and accomplishments claimed or given to particular 3M employees for various relevant aspects in the development, sale, and monitoring of the 3M Earplugs; and the goals, objectives, and financial incentives that drove relevant actions, inactions, and decisions with regard to the 3M Earplugs. Defendants' Response introduces an alternative proposal that would permit 3M to redact portions of Personnel File documents that 3M unilaterally deems irrelevant, while simultaneously burdening the Court with in camera review of such materials. Their response also misstates the law; exaggerates the breadth Plaintiffs' request; and reveals the illusory nature of Defendants' purported concerns. Defendants should be compelled to promptly produce the requested files.

## ARGUMENT

**Defendants Have Failed to Demonstrate That Personnel File Documents Responsive to Plaintiffs' Narrowly Tailored Requests Warrant Treatment or Protections Beyond That Afforded by Pre-Trial Order No. 9 (Stipulated Order Governing Confidentiality and Privilege)**

Recognizing the infirmity of their unfounded objection to Plaintiffs' tailored request for production of certain Personnel File documents, Defendants retreat to an

alternative proposal to limit, redact, and delay production of the requested materials. Def. Response at 8-9.  In particular, in a concession to the relevance of the requested Personnel File excerpts, Defendants seek permission to unilaterally redact portions of responsive Personnel File documents—that are neither privileged nor otherwise protected—before passing the unredacted portions to the Court for in camera review. Defendants' proposal is neither warranted on this record, nor reasonable (or workable) in application.

As a threshold matter, courts in this district, and throughout this circuit, routinely compel the production of information in personnel files pursuant to Federal Rule of Civil Procedure 26's familiar framework.[1]  *See Ford v. Gov't Employees Ins. Co.*, 2015 WL 11109373, at *6 (N.D. Fla. Apr. 3, 2015) (compelling the production of personnel files).  Indeed, where, as here, a request seeks information regarding the roles and responsibilities of individuals potentially responsible for Plaintiffs' injuries, along with the business practices alleged to have caused those harms, courts generally compel the production of such information.  *See* Mot. at 4-5.  Pursuant to any standard, the requested Personnel Files are "clearly relevant" to

---

[1] Defendants cite *Rollins v. Cone Distrib., Inc.*, 2016 WL 10650414, at *1 (N.D. Fla. 2016) for the proposition that a court in this district denied discovery of personnel files pursuant to a heightened standard.  To the contrary, that court balanced relevance with proportionality pursuant to Rule 26, ordered the production of files in the plaintiff's personnel file, and denied other requests—into an "entire personnel operation," *not personnel files*—only because the requests were disproportionate to the needs of that case—a single issue employment discrimination matter. *Id.*

Plaintiffs' claims, and their production should be compelled. The identified witnesses supervised the design, testing, marketing, and sales of 3M Earplugs. Their roles in managing testing, development, safety, performance, or sales obstacles with regard to 3M Earplugs are highly probative of Plaintiffs' claims that the 3M Earplugs were defectively designed, improperly tested, and fraudulently marketed. Personnel Files will clarify precisely those roles.

As to Defendants' alternative proposal, they have made no showing to warrant the unilateral redaction of portions of otherwise responsive documents, let alone the submission of such redacted material to the Court for *ex parte*, in camera review. While in camera review would provide access by the Court to the disputed materials to ascertain their relevance, the Court would be left in the impossible position of doing so without the context of documents from the witnesses' custodial file, statements at deposition, or the evolving factual record—let alone argument from Plaintiffs as to the significance of particular statements. Unavoidable in assessing privilege materials, in camera review is a process not to be undertaken lightly. *See WNE Capital Holdings Corp. v. Rockwell Automation, Inc.*, 2011 WL 13254691, at *8 (S.D. Ala. Aug. 4, 2011) (holding "(1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its

dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an in camera inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege"). In camera review thrusts the Court in the position of making Plaintiffs' arguments for them, and compromises the adversarial process at the heart of our system of justice.

Similarly, 3M offers no rationale for redacting portions of the files unless they directly or indirectly to mention the CAEv2. *See id.*; *Wellin v. Wellin*, 2015 WL 5781383, at *5 (D.S.C. Sept. 30, 2015) (holding "relevance-based redactions are disfavored") (collecting cases). Performance appraisals and self-assessments characterize the nature of an employee's work generally, and provide clear insight into individual responsibilities and the day-to-day functioning of larger product teams even when the CAEv2 is not mentioned. And sales bonuses may incentivize misrepresentations without ever referencing a specific product.



4

▮▮▮▮▮▮▮▮▮▮ The assessment thus provides direct evidence relevant to Plaintiffs' design, testing, and marketing claims.  Equally important, no redactions of ▮▮▮▮▮▮▮▮▮▮ were made, or even sought, as to other portions; no in camera review was necessary; and no private information has been subsequently identified as contained therein.  The protective order was enough then, and should be enough now.  *See* Mot. at 9-10.

In the same way, assessments, reviews, and compensation information of the other noticed employees responsible for the design, testing, marketing, and sales of 3M Earplugs are sure to be clearly relevant to Plaintiffs' claims and can be produced pursuant to the operative protective order without redactions or in camera review.

For the reasons above and in Plaintiffs' Motion to Compel Discovery, Plaintiffs respectfully request that this Court enter an order compelling Defendants to produce the Personnel Files in accordance with Plaintiffs' Third Requests for Production.

Dated: November 5, 2019              Respectfully submitted,

/s/ *Christopher A. Seeger*
Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
David R. Buchanan, Co-Chair PSC
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042741993
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660

5

Tel.: (212) 584-0700
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell,
Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2019, I caused the foregoing Motion to Compel Discovery to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

                         */s/ Christopher A. Seeger*
                         Christopher A. Seeger