# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

# ORDER

Pending before the Court is Plaintiffs' Motion to Compel Discovery. ECF No. 798. Defendants filed a response in opposition to Plaintiffs' motion, ECF No. 804, and Plaintiff filed a reply memorandum, ECF No. 811. The motion is therefore ripe for the Court's consideration, and for the reasons discussed below, Plaintiffs' motion is due to be **GRANTED IN PART**.

## I. BACKGROUND

Plaintiffs have noticed for deposition twelve witnesses who are Defendants' current or former employees.[1] In anticipation of these depositions, Plaintiffs requested Defendants produce each witness's

---

[1] Brian Myers, Douglas Moses, Elliot Berger, Ronald Kieper, Brian McGinley, Ted Madison, Jeffry Hamer, Richard Knauer, Michele Cimino, Marc Santoro, Julie Tremblay, and Robert Falco.

personnel file, "specifically the documents generally maintained by the employee's supervisor or human resource department relating to that employee's work on 3M Earplugs,[2] including job performance evaluations, self-evaluations, salary and compensation information, and bonus and incentive information." ECF No. 798 at 5. Defendants objected to the requested production as irrelevant, unduly burdensome, disproportionate to the needs of the case, and improperly seeking private and highly sensitive information. ECF No. 798-2 at 21.

Plaintiffs assert that Defendants' objections are factually and legally unfounded. Plaintiffs argue, in their motion, that the portions of the witnesses' personnel files Plaintiffs have requested Defendants to produce are relevant to "core issues" in this matter, including:

> (i) 3M employees' internal roles, involvement, and responsibilities with the 3M Earplugs, as described by them or their superior contemporaneous with their activities, (ii) the attribution, credit, and accomplishments claimed or given to particular 3M employees for various relevant aspects in the development, sale, and monitoring of the 3M Earplugs (including, *inter alia,* their discovery/testing/creation, managing/deflecting safety or performance problems, or overcoming sales challenges/obstacles), and (iii) the goals, objectives, and financial incentives—personal and corporate—that drove

---

[2] The term "3M Earplugs" is defined in Plaintiffs' Third Requests as "the dual-ended Combat Arms earplugs (Version 2 CAEv2) that were designed, manufactured and sold by Defendants to the U.S. military from the early 2000s through approximately 2015, together with any like-designed earplugs marketed or sold by [3M] for civilian use or non-military use." ECF No. 798 at 1 n.2.

2

> relevant actions, inactions, and decisions with regard to the 3M Earplugs.

ECF No. 798 at 6. Plaintiffs further contend that the request is not unduly burdensome, is proportionate to the needs of this litigation, and does not seek private or sensitive information typically included in an employee's personnel file. *Id.* at 6–7, 9–12.

Defendants resist on the basis that Plaintiffs fail to satisfy a heightened legal standard that would allow for production of "private and highly sensitive personnel files" in this matter. ECF No. 804 at 4–5. Defendants point to the language utilized by Plaintiffs—for example, Plaintiffs request the "goals, objectives, and financial incentives" that "drove relevant actions" for 3M Earplugs—and contend the requests are too broad to discern which portions of the witnesses' personnel files would be responsive or relevant. *Id.* at 7–8. Defendants also argue that the production of personnel files is not warranted because Plaintiffs have failed to demonstrate this information is otherwise unobtainable and based on more than speculation. *Id.* at 9–10. Lastly, Defendants offer to provide the Court with redacted versions of the personnel files for *in camera* review so that the undersigned may determine the scope of disclosure to Plaintiffs, if any. *Id.* at 10–13.

3

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit discovery limited to nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Ford v. Gov't Emps. Ins. Co.*, No. 1:14-cv-180-MW-GRJ, 2015 WL 11109373, at *1 (N.D. Fla. Apr. 3, 2015). Determining whether discovery is proportional requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Where, as here, a party objects to the production of documents in discovery, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). This Court has "broad discretion … to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(b)). Generally, the

objecting party must establish that the requested discovery (1) is not relevant under Rule 26(b)(1), or (2) is marginally relevant, such that production would cause potential harm outweighing the presumption in favor of broad disclosure.  *Am. Fed'n of State, Cty. and Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000); *see also Pediatric Servs. of Am., Inc. v. Kendrick*, No. 3:18-cv-1372-RV-CJK, 2019 WL 580786, at *2 (N.D. Fla. Jan. 17, 2019).  If the requested discovery's relevance is not apparent, however, the party seeking the production must demonstrate relevancy.  *S.E.C. v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012).

Defendants suggest this Court impose a heightened legal standard for the discovery of personnel files because "strong public policy considerations weigh against disclosure of this information."  ECF No. 804 at 5.  Although some district courts in the Eleventh Circuit impose this more demanding standard, *see, e.g.*, *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D. Fla. 1998), the Court is not persuaded it applies here.  Personnel files are generally discoverable when the request satisfies Rule 26(b)(1). *B-K Cypress Log Homes, Inc. v. Auto-Owners Ins. Co.*, No. 1:09-cv-211-MP-GRJ, 2011 WL 13227990, at **4–5 (N.D. Fla. Nov. 8, 2011).  Any

presumption against disclosure means it is improper for a party to ask for the wholesale production of a witness's personnel file, which will typically (if not always) include private and sensitive information such as the witness's social security number or medical diagnoses. Plaintiffs have requested categories of documents divorced from this private and sensitive information, ECF No. 798 at 13, and any incidental disclosure of such information, which is unlikely, will be subject to the parties' protective order. The Court will therefore apply the ordinary discovery principles discussed above, namely addressing the question of whether the discovery Plaintiffs request is relevant.

### III. DISCUSSION

The Court concludes that Plaintiffs are entitled to the production of the job performance evaluations, self-assessments, and bonus and incentive information for the twelve witnesses noticed for deposition. The Court is persuaded that the employees' performance reviews and self-assessments will likely provide relevant insight into their various roles in the design, sale, and marketing of the 3M Combat Arms Earplugs that is not otherwise available at their depositions due to the passage of time. *See Matter of Hawaii Corp.*, 88 F.R.D. 518, 525 (D. Haw. 1980) (ordering the production of a witness's personnel file because it is "inherently reliable"

and could not be duplicated "by any other source of evidence"); *see also Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073-CIV-Hurley/Hopkins, 2006 WL 8435483, at *4 (S.D. Fla. Aug. 3, 2006). Moreover, bonus and incentive information is relevant to determining the employees' motivation or bias, both now and at the time of the allegations at issue in this case. *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-md-2734, 2017 WL 4399198, at *11 (N.D. Fla. Sept. 29, 2017); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 486 (D.S.D. 2012).

The Court nevertheless disagrees with Plaintiffs' that the general information in a personnel file concerning an employees' salary and compensation information is relevant. Although there some traction to the argument that a company's bonus structure may result in the deficient design or sale of a product, Plaintiffs fail to demonstrate that a specific employee's salary or compensation information is relevant to such an argument. The Court, therefore, will not compel the production of this information.

Defendants, as the objectors, have failed to establish that the employees' performance evaluations, self-assessments, and bonus and incentive information are not relevant. Defendants do not meaningfully challenge Plaintiffs' assertions that these documents are relevant, but,

7

instead, they raise concerns about the indeterminate scope of any production in response to Plaintiffs' requests. ECF No. 804 at 7–8. To be clear, Plaintiffs are only entitled to performance evaluations, self-assessments, and bonus and incentive information that mention or reference the 3M Combat Arms Earplugs at issue in this case, not 3M products generally and not 3M generally. Defendants offer to redact documents for the Court's *in camera* review to ensure the proper disclosure of relevant information, but the Court is not persuaded that such a plan is necessary or workable at this hour. Indeed, relevance-based redactions are heavily disfavored at any juncture. *See Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2015 WL 5781383, at *5 (D.S.C. Sept. 30, 2015) (collecting cases).

    Defendants' remaining argument, that there is a public policy against the disclosure of personnel files, applies generally to wholesale production of personnel files and not to case specific documents in a personnel file that are relevant to the issues in the case. Documents are not private or sensitive merely because they are stored in a personnel file. And as to the specific performance evaluations, self-assessments, and bonus and incentive information at issue here, any risk of harm to the employees as a result of disclosing this information is slight. For example, Plaintiffs explain

in their reply brief that they previously received an employee's performance evaluation in discovery without redaction or *in camera* review.  ECF No. 811 at 5.  The evaluation did not provide Plaintiffs with any personal or sensitive information for the employee.  Again, however, if some private or sensitive information is disclosed incidental to a production in accordance with this order, that information is confidential under the parties' protective order.  Courts routinely hold that a protective order is an adequate safeguard for the privacy interests implicated in disclosing documents in a personnel file, *see Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 168–169 (D.P.R. 2014), and this case offers no exception.

Lastly, contrary to Defendants' argument, Plaintiffs' request is not based on speculation.  The contents of the employee performance evaluation discussed in Plaintiffs' reply brief demonstrate that the requested documents likely will include direct evidence relevant to the design, testing, and marketing claims at issue in this case.  ECF No. 811 at 5–6.  This confirms the general principle, discussed above, that personnel files may include relevant information regarding employees' responsibilities, undertakings, and performance.

## IV. CONCLUSION

Plaintiffs are entitled to the production of the performance evaluations, self-assessments, and bonus and incentive information in Defendants' possession for the twelve current or former employees noticed for deposition in this matter. Plaintiffs have failed, however, to establish that the general salary or compensation information is relevant and therefore discoverable under Rule 26(b)(1).

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Discovery, ECF No. 798, is **GRANTED IN PART**.

2. Defendants must produce to Plaintiffs all performance evaluations, self-assessments, and bonus and incentive information that mention or reference the 3M Combat Arms Earplugs at issue in this case, for Brian Myers, Douglas Moses, Elliot Berger, Ronald Kieper, Brian McGinley, Ted Madison, Jeffry Hamer, Richard Knauer, Michele Cimino, Marc Santoro, Julie Tremblay, and Robert Falco. Defendants must make every effort to produce the requested documents as soon as possible and in sufficient time for Plaintiffs to review and utilize the documents at the scheduled depositions of the current or former employees.

**DONE AND ORDERED** this 6th day of November 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge