**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,                                            Case No. 3:19-md-2885

                                                                                        Judge M. Casey Rodgers
                                                                                        Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

**<u>ORDER</u>**

On December 3, 2019, the Court conducted a telephone hearing to address Plaintiffs' request to add eight additional custodians to the TAR corpus, which the Court construes as a motion to compel the production of discovery. The eight custodians at issue are: (1) Lindsay Adams; (2) Jeffrey Bair; (3) Julie Bushman; (4) Daryl Charton; (5) Latricia Dugan; (6) David Savage; (7) Michael Stergar; and (8) Ron Throndsen. For the reasons discussed on the record at the hearing, which are fully incorporated herein, Plaintiffs' motion is due to be **GRANTED** to the limited extent detailed in this order and otherwise is due to be denied.

    **A. Lindsay Adams**

Ms. Adams has been the Marketing Manager for the 3M Construction and Home Improvement Markets Division since 2014. Ms. Adams was responsible for the portfolio management and marketing of a product suite

that included the consumer version of the "CAEv2," the dual-ended Combat Arms earplugs that are the subject of this litigation.  Ms. Adams is also the successor to Scott Cheek, who the Court designated as a custodian in its October 22, 2019, order.  ECF No. 777.

The Court concludes that Ms. Adams' custodial file is relevant to Defendants' affirmative defenses even though the information in her custodial file pertains to the marketing of the CAEv2 to consumers. The development of information concerning whether the CAEv2 was developed and marketed specifically for the United States military, according to the specifications of the military, or whether the CAEv2 was separately developed and marketed commercially to consumers is relevant to the government contractor defense raised by Defendants. Plaintiffs' motion is therefore granted to the extent Defendants are ordered to collect and include in the TAR corpus Ms. Adams' custodial file from 2014 onward.

### B.  Jeffrey Bair

Mr. Bair was a Digital Marketing Consultant for the 3M Digital Marketing Group from 2011 to 2014 and an Integrated Marketing Communications Specialist for the 3M Personal Safety Division from 2014 to 2017.  The parties dispute whether Mr. Bair created or edited marketing materials for the CAEv2, but the record before the Court demonstrates he

was involved in the marketing of a later version of the dual-ended Combat Arms earplugs.

The Court concludes that any ESI in Mr. Bair's custodial file is not relevant to the affirmative defenses in this case because the ESI in Mr. Bair's file likely pertains to a later version of the dual-ended Combat Arms earplugs.  *See* ECF No. 748 at 13 (denying Plaintiffs' motion to compel communications between Defendants and the United States regarding the procurement and purchase of predecessor and successor products).  Plaintiffs' motion to include Mr. Bair's custodial file in the TAR corpus is therefore denied.

### C.  Julie Bushman

Ms.  Bushman was the Vice President of the 3M Graphics & Safety Business Group from 2006 to 2011 and the Executive Vice President for the same group from 2011 to 2013.  Ms. Bushman, a 3M senior executive, was in charge of the development and marketing of a large suite of products, and not just the CAEv2.

The Court concludes that collection of Ms. Bushman's custodial file is unlikely to contain information or documents (relevant to Defendants' affirmative defenses) that is not already included within the TAR corpus as a result of the prior collection of custodial files for employees, who

3

specifically were involved in the design, production, or marketing of the CAEv2.  Moreover, the production of Ms. Bushman's file—which would be voluminous based on her position as a senior executive at 3M in charge of a variety of products—is not proportional to the needs of this case.  Lastly, as reflected in Ms. Bushman's deposition from the *Moldex* litigation (which the Court reviewed *in* camera as part of a previous motion) Ms. Bushman did not have substantial involvement in the design or marketing of the CAVe2. The motion to compel the collection of Ms. Bushman's custodial file is therefore denied.

### D.  Daryl Charton

Mr. Charton was the Vice President of Sales for the Aearo Safety Division from 2001 to 2008 and the National Sales Manager for the 3M Occupational Health & Environmental Safety Division from 2008 to 2012. Mr. Charton was responsible for the sale of the CAEv2 to industrial suppliers.

For the reasons explained on the record, Mr. Charton's custodial file is not relevant to the affirmative defenses at issue in this case because the ESI in Mr. Charton's custodial file would consist primarily of sales data and communications concerning the sale of the CAEv2 to commercial suppliers and not to sales to the military.  The Court is also not convinced that the

production of Mr. Charton's voluminous custodial file would be proportional to the needs of the case.  Plaintiffs' motion to compel the collection of Mr. Charton's custodial file is therefore denied.

### E.  Latricia Dugan

From 2002 to 2008, Ms. Dugan was the administrative assistant to Gary Warren, the former President of Aearo North America Safety Products.  While there is no information suggesting that Ms. Dugan was the custodian for any ESI authored or received by Mr. Warren because the ESI collected from Mr. Warren's custodial files and included in the TAR corpus came from the back-up tapes that Defendant reconstructed Plaintiffs argue that a search of her custodial files should be conducted to ensure that there is not a better and more complete source for Mr. Warren's documents. In the absence, however, of any evidence that Ms. Dugan would have maintained documents from Mr. Warren's custodial files Plaintiffs' request to collect Ms. Warren's custodial files is due to be denied.

Nonetheless, because Defendants advised the Court that they have not interviewed Ms. Dugan to determine whether she maintained any of Mr. Warren's ESI, Defendants are directed to interview Ms. Dugan and determine whether she maintained any of Mr. Warren's files during the time when Mr. Warren was President of Aearo. Defendants must then provide

Plaintiffs with a declaration addressing whether Ms. Dugan maintained any of Mr. Warren's ESI after the Aerao-3M merger, and if so, whether she currently has in her custodial files any of Mr. Warren's ESI. In the event Ms. Dugan did maintain Mr. Warren's ESI, but no longer has any of Mr. Warren's ESI in her custodial files, the declaration must include an explanation of when the ESI was purged or removed and the reason(s) the ESI was purged or removed.

### F.  David Savage

Mr. Savage was the Vice President of Sales for Aearo Canada from 2004 to 2008 and has been the National Sales Manager for the 3M Occupational Health & Environmental Safety Division for Canada since 2008.  Based on the record before the Court, it appears that Mr. Savage did not have any significant involvement in the development, production, or sale of the CAEv2 in the United States.

Therefore, the Court is not persuaded that collection of the ESI in Mr. Savage's custodial file is relevant or proportional to this case because sales information concerning the CAEv2 in Canada is of marginal relevance, if any, to the Defendant's affirmative defenses. Plaintiffs' motion to compel the collection of Mr. Savage's custodial files is therefore denied.

### G.  Michael Stergar

Mr. Stergar was a laboratory technician in Defendants' EARcal Laboratory from 2006 to 2014.  Although Defendant says that Mr. Stergar was not directly involved in any pertinent testing for the CAEv2, it is undisputed that Mr. Stergar had responsibility for maintaining the laboratory's accreditation under the National Voluntary Laboratory Accreditation Program ("NVLAP").

Mr. Stergar's custodial file is, therefore, relevant to Defendants' affirmative defense because his files may include information or documents pertaining to the EARcal laboratory's NVLAP accreditation. The NVLAP accreditation is relevant to the bona fides of the testing facility and in turn may have relevance to the method and completeness of the testing conducted by Defendants at the laboratory.  And because Defendants made representations about the testing of CAEv2 to the United States military information concerning the testing has relevance to Defendants' government contractor affirmative defense. Plaintiffs' motion is therefore granted as to Mr. Stergar's custodial files. Defendants are directed to collect Mr. Stergar's custodial files and add the ESI to the TAR corpus.

### H. Ron Throndsen

Mr. Throndsen was the Senior Director of International Marketing for Aearo from 1998 to 2009 and then the Regional Portfolio Manager of Passive Hearing to the Asia-Pacific Region for the 3M Personal Safety Division from 2008 to 2014. Based upon the record before the Court the Court is not persuaded that Mr. Throndsen had any significant involvement in the development, production, or sale of the CAEv2 in the United States. Rather, it appears that Mr. Throndsen's involvement in the CAEv2 was limited to providing technical information about the CAEv2 to 3M employees in the Asia-Pacific region, and efforts to market the CAEv2 to the Japanese military.

Like the custodial files for Mr. Savage, which relate to sales of the CAVe2 in Canada, Mr. Throndsen's custodial file relates to sales of the CAEv2 in another region of the world outside the United States. The Court therefore is not persuaded that ESI concerning the sale of the CAVe2 in Japan or in the Asia-Pacific market has a high degree of relevance to the affirmative defenses in this case. Additionally, because Mr. Throndsen's custodial files may cover a sixteen-year period the files may be voluminous and thus collection of the files would not be proportional. Plaintiffs' motion

to compel the collection of Mr. Throndsen's custodial file is therefore denied.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiffs' motion to compel Defendants to collect ESI from additional custodians to include in the TAR corpus is **GRANTED** in part and **DENIED** in part.

2. Defendants must collect the custodial files for Lindsay Adams and Michael Stergar and add the ESI from their custodial files to the TAR corpus.  Defendants are not required to conduct additional collection of the custodial files for Jeffrey Bair, Julie Bushman, Daryl Charton, Latricia Dugan, David Savage, and Ron Throndsen.

3. Defendants must interview Latricia Dugan to determine whether she maintained any ESI or other documents from Mr. Warren's custodial files during the time he was President of Aearo. After interviewing Ms. Dugan Defendants must provide Plaintiffs with a declaration addressing whether Ms. Dugan maintained any of Mr. Warren's custodial files. In the event Ms. Dugan maintained any of Mr. Warren's custodial files, the declaration must identify the documents Ms. Dugan maintained, and if she no longer has custody of Mr. Warren's custodial documents the declaration must identify when the documents were removed or purged and the reasons the documents were removed or purged.

**DONE AND ORDERED** this 3rd day of December 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge