UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS<br>EARPLUG PRODUCTS<br>LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 20**
**INACTIVE ADMINISTRATIVE DOCKET**

The Court has established an inactive administrative docket, *In re 3M Inactive Plaintiffs*, Case No. 3:19mc87, which will serve as a "master" docket for the oversight and management of all claims involving the 3M CAEv2 that have been or will be in the future registered with MDL Centrality/BrownGreer, PLC. Accordingly, it is **ORDERED** that:

1. Any unfiled claim that has been or will be in the future registered with MDL Centrality will be filed and placed on the 3M MDL inactive administrative docket. A claimant who declines to have his or her unfiled claim placed on the Court's inactive administrative docket will no longer be allowed access to MDL Centrality in connection with the 3M MDL, unless he or she either: (a) files an action elsewhere that is subsequently removed or transferred to the 3M MDL; or (b) direct files a Short Form Complaint in the Northern District of Florida, Pensacola Division. Additionally,

all such claimants must be withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order entered by this Court applies.

2. <u>Purpose and Effect</u>.  All cases placed on the inactive administrative docket will be subject to the jurisdiction of the Court and the parties—including all inactive plaintiffs and their counsel—must comply with all orders entered on the inactive administrative docket, *In re 3M Inactive Plaintiffs*, 3:19mc87, including this Order.[1] Additionally, inactive plaintiffs and their counsel must comply with, and are deemed "parties" for purposes of, Pretrial Order No. 9, Stipulated Order Governing Confidentiality and Privilege, ECF No. 442 on the 3M MDL active docket, 3:19md2885, and any plaintiff whose case is on the inactive administrative docket may be included in a request for an order authorizing disclosure of confidential information in federal government records subject to the Privacy Act, *see* 5 U.S.C. § 552a(b)(11). All time limitations for filing or pursuing claims—including statutes of limitation and/or repose, prescription, laches, and any other time bars, whether based in law or equity—will be tolled while a case remains on the inactive administrative docket.

3. <u>Placement on the Inactive Administrative Docket</u>.  All unfiled claims currently registered with MDL Centrality must use that system to submit a Short Form Complaint to BrownGreer PLC.  With the oversight and assistance of Plaintiff

---

[1] Inactive plaintiffs and their counsel will receive "notices of electronic filings" (*i.e.*, NEFs) on the inactive administrative docket through MDL-Centrality.

Leadership, this submission process will occur in three phases: one-third of the unfiled claims currently registered with MDL Centrality must submit Short Form Complaints by January 10, 2020; one-third of the claims must submit Short Form Complaints by February 10, 2020; and the final third must submit Short Form Complaints by March 13, 2020. Attorneys on the plaintiff leadership team (including committees and subcommittees) must submit Short Form Complaints for their currently unfiled claims in the first phase. Any claimant registering with MDL Centrality after the date of this Order must submit a Short Form Complaint to BrownGreer PLC within 14 days from the date of registration. BrownGreer PLC will transfer the submitted Short Form Complaints to the Clerk's Office on a rolling basis. The Clerk's Office will create an individual case and docket for each Short Form Complaint, assign it an individual case number, and associate the case with the inactive administrative docket, *In re 3M Inactive Plaintiffs*, 3:19mc87.

4. <u>Filing Fee, Service & *Pro Hac Vice* Admission</u>. No filing fee is required while a case remains on the inactive administrative docket, nor should the Short Form Complaint be served on Defendants at this stage. Additionally, individual plaintiffs' counsel are not required to seek *pro hac vice* admission until either: (a) the Court is asked to resolve a dispute about the sufficiency of his or her client's initial census submission; or (b) his or her client's case is transitioned to the Court's active docket.

5. <u>Initial Census Requirements</u>.  For inactive plaintiffs participating in the parties' Tolling Agreement, the initial census process will continue according to the terms of that agreement.  Inactive plaintiffs not participating in the Tolling Agreement must adhere to the initial census requirements set forth in Pretrial Order No. 18, ECF No. 775, and all amendments to that Order, *see, e.g.*, Case Management Order No. 6, ECF No. 836 at 1.  Once an inactive plaintiff fulfills his or her initial census obligations, he or she must transition his or her case from the inactive administrative docket to the active 3M MDL docket, 3:19md2885, within 30 days, using the process described in Paragraph 7 below.

To the extent a dispute arises about the sufficiency of an inactive plaintiff's initial census submissions and that dispute is not resolved through the deficiency processes already in place, Defendants must file a motion to compel on the "master" inactive administrative docket.[2]  Defendants' motion must identify the name and MDL Centrality Plaintiff ID for the inactive plaintiff(s) they believe have provided deficient initial census submissions, as well as the nature of any alleged deficiency.  The Court will then file the Defendants' motion on the individual dockets for all inactive plaintiffs to which the motion applies, add the attorneys of record for both sides to the individual inactive docket, and send electronic notice directly to the attorneys advising that

---

[2] In the event of alleged deficiencies in multiple inactive cases, Defendants should file an omnibus motion.

Defendants' motion is pending on the individual inactive docket. An inactive plaintiff's response to any such motion must be filed within 10 days after the motion is filed. Thereafter, the Court will resolve the outstanding dispute. If the Court finds the inactive plaintiff's initial census submissions sufficient, that plaintiff's case will be transitioned to the active docket for the 3M MDL, 3:19md2885. To the extent the Court finds an inactive plaintiff's submissions deficient, that plaintiff will be granted a short time period within which to cure the deficiency. Absent a showing of good cause, failure to provide nondeficient initial census materials within the applicable deadlines will be grounds for dismissal with prejudice.

Individual plaintiffs' counsel are not required to seek *pro hac vice* admission at this stage.[3] Rather, each attorney of record will be automatically granted a limited appearance in the individual inactive case for the sole purpose of responding to Defendants' motion.

6.     <u>Withdrawal of Counsel</u>. If representation becomes an issue in any inactive case on the inactive administrative docket where there is a pending motion to compel, the attorney of record must file an appropriate motion on the individual inactive docket in accordance with the N.D. Fla. Loc. R. 11.1(H). If representation becomes an issue in an inactive case with no pending motion to compel, the attorney of record must submit a notice of the issue through MDL Centrality. BrownGreer will transfer any

---

[3] There also is no filing fee at this stage.

such notices to the Court. The Court will then file the notices on the individual dockets to which they apply, add the attorneys of record for both sides to the individual inactive docket, and send electronic notices of same directly to the attorneys. Within 10 days after receiving electronic notice from the Court, individual plaintiff's counsel must file an appropriate motion on the individual inactive docket in accordance with N.D. Fla. Loc. R. 11.1(H).

Individual plaintiffs' counsel are not required to seek *pro hac vice* admission at this stage. Rather, each attorney of record will be automatically granted a limited appearance in the individual inactive case for the sole purpose of resolving the issue regarding representation.

7. <u>Removal from the Inactive Docket</u>. Individual cases placed on the inactive administrative docket may only be removed from that docket by either: (a) transitioning to the active docket; or (b) dismissal pursuant to Federal Rules of Civil Procedure 37 or 41. An inactive plaintiff who wishes to voluntarily dismiss his or her case from the inactive administrative docket, must submit a Request for Dismissal through MDL Centrality. BrownGreer PLC will send lists of the pending dismissal requests to the Court on a rolling basis. The Court will then dismiss the listed cases from the inactive administrative docket. Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

8. <u>Transition to Active Docket</u>.  An inactive case is ready to transition to the Court's active docket when either:  (a) the plaintiff has fulfilled his or her initial census obligations; or (b) the case has been selected for a bellwether pool.[4]  In either circumstance, the plaintiff must submit a Request for Transition to Active Docket through MDL Centrality.  BrownGreer PLC will send lists of the pending requests to the Court on a rolling basis.  The Court will then transfer the listed cases from the inactive administrative docket to the active docket for the 3M MDL, 3:19md2885.  Once a previously inactive claim has transitioned to the active docket, a filing fee must be paid, the plaintiff's counsel must seek *pro hac vice* admission in accordance with Pretrial Order No. 3, ECF No. 4, and Case Management Order No. 1, ECF No. 86, if he or she is not already admitted to the bar of this District, and the Short Form Complaint must be served on Defendants.

**SO ORDERED**, on this 6th day of December, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] To ensure a truly representative bellwether process, all active and inactive cases will be eligible for bellwether consideration.

Case No. 3:19md2885/MCR/GRJ