# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

On December 9, 2019, the Court conducted a telephone hearing to address a dispute between the parties concerning two subpoenas duces tecum Plaintiffs served on non-parties Dr. John G. Casali and Dr. Casali's laboratory, the Audio Systems Laboratory at the Virginia Polytechnic Institute and State University ("Virginia Tech") Grado Department of Industrial and Systems Engineering.

Defendants challenge the subpoenas arguing that the subpoenas are an attempt to obtain discovery from one of its experts, which is protected under the work-product privilege. Additionally, Defendants say that expert discovery is premature, and because the information is not relevant to Defendants' federal government contractor affirmative defense, Plaintiffs should not be permitted to proceed.

Dr. Casali testified during Defendants' presentation at "Science Day" in this case. Dr. Casali also has been retained by Defendants in this case as either a consulting or as a testifying expert. In addition to Dr. Casali's role in this case as an expert he previously performed expert consulting work for Defendants in the *Moldex* litigation and possibly other litigation. Based upon the broad language in the subpoenas literal compliance would encompass, at a minimum, Dr. Casali's expert work in this case.

Plaintiffs say that they do not seek to obtain documents relating to Dr. Casali's expert work in this case but rather seek discovery of documents relating to Dr. Casali's testing and consulting of the CAEv2 earplugs and other Combat Arms ear products unrelated to his work in this litigation. According to Plaintiffs, prior to his retention in this case Dr. Casali was "critical of the performance and the design of the CAEv2 earplugs and was critical of 3M's response to his criticism of the performance and design of the CAEv2."  Moreover, Plaintiffs represent that before this litigation was anticipated Dr. Casali and/or his lab at Virginia Tech conducted testing of the CAEv2 and other earplugs for entities other than Defendants. Based upon Dr. Casali's alleged prior work in testing the earplugs Plaintiffs contend that the subpoenas are appropriate because the subpoenas seek discovery from a fact witness and not discovery from an expert witness.

2

Plaintiffs further assured the Court that they do not seek documents relating to Dr. Casali's work in this case and do not request documents clearly covered by the work-product privilege.

The return date for the subpoenas is December 10, 2019. As a basic proposition the subpoenas are not objectionable simply because Dr. Casali has been retained as an expert in this case. The law is well settled that where an expert wears "two hats"[1] – fact witness and opinion expert – discovery may be appropriate regarding the work performed by the expert in the ordinary course. At this juncture, however, there is no information in the record concerning Dr. Casali's "other work" or his work as an expert in any prior cases, including the *Moldex* litigation. Assuming Dr. Casali performed expert testing or consulting in *Moldex* it is an open question at this point regarding the nature of his other expert work and whether the work product privilege that may have applied to his previous expert work continues to apply.

---

[1] *See Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM-GRJ, 2011 WL 284448, at *3 (N.D. Fla. Jan. 24, 2011) ("Many non-testifying witnesses, however, also play a role in the underlying transaction(s) or event(s) that eventually lead to litigation before they are formally retained as a non-testifying witness to aid a party in preparing for litigation. Such non-testifying witnesses wear two hats."); *Marlin VI Princess Deep Sea Fishing, LLC. V Northern Assurance Company of America,* No. 8:13-cv-1812-T-17MAP (M.D. Fla. January 6, 2014); *Essex Builders Group, Inc. v. Amerisure Insurance Company,* No. 6:04-cv-1838-Orl-22JGG (M.D. Fla. May 17, 2006).

At the hearing the Court was advised that Virginia Tech and Dr. Casali are represented by separate counsel who have sent a written communication to Plaintiffs' counsel about compliance with the subpoenas. As of the time of the hearing, however, Plaintiffs' counsel had not received the written communication and otherwise has not had any direct communications with Dr. Casali's counsel, and thus has had no opportunity to meet and confer with counsel for Dr. Casali and Virginia Tech to discuss any issues regarding the subpoenas.

Defendants' counsel will require additional time to determine the nature and scope (if any) of prior testing and expert consulting performed by Dr. Casali and Virginia Tech regarding the CAEv2 earplugs before a meaningful meet and confer with Plaintiffs' counsel can occur. Additionally, Plaintiffs' counsel will require additional time to meet and confer with counsel for Dr. Casali and Virginia Tech to discuss any issues regarding scope, burden (if any) and any other issues relevant to compliance with the subpoenas. To obviate any need for filing a motion to quash before a meaningful meet and confer can take place, and to allow sufficient time for counsel in this case to meet and confer, the return date for the subpoenas is suspended until further order of the Court.

A further telephone hearing is scheduled for **December 18, 2019, at 2:00 PM (EST)** to address remaining issues concerning the subpoenas, and if necessary, to determine whether any unresolved issues will require briefing.[2] This should provide ample time for the parties to meet and confer concerning compliance with the subpoenas.

Accordingly, upon due consideration, it is **ORDERED**:

1. The December 10, 2019, return date for the subpoenas duces tecum served by Plaintiffs on Dr. John G. Casali and on the Audio Systems Laboratory is **SUSPENDED** until further order of the Court.

2. A further telephone hearing before Magistrate Judge Gary R. Jones concerning the matters discussed in this order and discussed at the December 9, 2019 telephone hearing is scheduled for **Wednesday, December 18, 2019, at 2:00 p.m.**[3]

**DONE AND ORDERED** this 10th day of December 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] In the event, after meeting and conferring with the parties, Dr. Casali or Virginia Tech file a motion to quash the subpoenas in the district where compliance is required (the Western District of Virginia), under Federal Rule of Civil Procedure 45(d)(3)(A), the Court is amenable to transfer of the motion to this Court for resolution in this case, *see* Fed. R. Civ. P. 45(f).

[3] Call-in information for the telephone hearing is the same as for previous telephone hearings conducted by the undersigned. *See,* ECF No. 839.