# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3 M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | Case No. 3:19-md-2885 |
| *This Document Relates to All Actions* | Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW

# TABLE OF CONTENTS

                                                                                        **Page**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ........................................................................................................ 1

    A.     Legal Standard. ........................................................................................... 1

    B.     Background. ................................................................................................ 2

    C.     Plaintiffs' Request is Unduly Burdensome and Disproportionate to the Needs of the Case. ............................................................................................... 4

    D.     Rule 34 Only Requires Defendants to Permit Inspection and Testing of Exemplars—Not to Hand Over Products to Plaintiffs. ..................................... 6

III.   CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cannioto v. Louisville Ladder, Inc.*,
No. 8:09-CV-1892-T-30TBM, 2011 WL 13302094 (M.D. Fla. Feb. 16, 2011) ...................................................................................................... 6, 7

*Carolina Bedding Direct, LLC v. Downen*,
No. 3:13-CV-336-J-32MCR, 2013 WL 1899743 (M.D. Fla. May 7, 2013) ........................................................................................................... 4

*Ramkelawan v. Globus Med. Inc.*,
No. 518CV100OCJSMPRL, 2019 WL 1763237, (M.D. Fla. Apr. 22, 2019) ........................................................................................................ 6, 7

## Rules

Fed. R. Civ. P. 26 .................................................................................................. 4

Fed. R. Civ. P. 26(b) ............................................................................................ 2

Fed. R. Civ. P. 34 ........................................................................................ *passim*

Fed. R. Civ. P. 34(a) ........................................................................................ 2, 4

## I.    INTRODUCTION

Counsel for Defendants submit this memorandum in response to Plaintiffs' Motion to Compel Discovery and Memorandum of Law (the "Motion") [Docket No. 859]. Plaintiffs seek production of four boxes of fifty earplugs, along with their original packaging and instructions, for a total of 200 individual pairs. The exemplar products sought by Plaintiffs include:

- Nonlinear dual-ended Combat Arms Earplug version 2 ("CAEv2") products;
- Nonlinear dual-ended ARC Earplug products; and
- Other substantial equivalent of the CAEv2 Earplug product(s).

Despite the Plaintiffs' insinuation, Defendants have not broadly agreed to hand over exemplars of each version of the Combat Arms Earplugs. Rather, in accordance with Federal Rule of Civil Procedure 34, Defendants have agreed to provide an exemplar of each version of the relevant earplugs for the limited purposes of inspection. Contrary to Plaintiffs' assertion, Rule 34 does not require Defendants to do anything more.

## II.    ARGUMENT

### A.    Legal Standard.

Federal Rule of Civil Procedure 34 permits any party "to inspect, copy, test, or sample" designated tangible things in the responding party's "possession,

1

custody, or control." FED. R. CIV. P. 34(a). Additionally, the request to inspect, copy, test, or sample tangible things must fall within the scope of Rule 26(b). *Id.* Rule 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the action and is proportional to the needs of the case. *Id.* § 26(b). In considering what is proportional to the needs of the case, Rule 26(b) instructs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Plaintiffs' Motion finds no support under either rule.

### B.    Background.

As a preliminary matter, Defendants have conducted an appropriate investigation and have located only a limited supply of CAEv2 earplugs. Despite this, Plaintiffs contend that "it stands to reason that . . . potentially tens of thousands of [CAEv2] still exist somewhere within 3M" [Docket No. 859 at 2]. But Defendants' representation to the Court at the Case Management Conference on November 22, 2019 remains true today, only 15 pairs of the CAEv2 have been located [Docket No. 840]. Defendants have checked with key personnel involved in the testing and marketing of the CAEv2 earplugs, including Brian Myers, Douglas

Moses, and Elliott Berger, as well as with the 3M Legal Department.  Pictures of the CAEv2 earplugs located by defendants are attached as Exhibit A hereto.

Importantly, it was New Dynamics—not Defendants—that performed the final assembly CAEv2 in later years of the product's sales - *i.e.,* since 2011. (Ex. B, New Dynamics Agreement). This is a point that even Plaintiffs recognize in their Motion [*See* Docket No. 859 at 7].  Yet while Plaintiffs speculate that "*tens of thousands* of [CAEv2] still exist somewhere within 3M," Plaintiffs are content with New Dynamics (which assembled the CAEv2 more recently than 3M) having identified only a "single pair" [Docket No. 859 at 2, 7] ("counsel for New Dynamics has represented that that entity has a *single pair* of the CAEv2 in unopened condition") (emphasis in original).  And Plaintiffs concede that the parties have hardy begun their efforts to obtain CAEv2 earplugs from the United States.  Indeed, on a call with the parties on December 10, Judge Herndon reported that the United States had apparently located exemplars of Combat Arms Earplugs; the parties should follow up on this lead before resorting to other measures.

Accordingly, Defendants have maintained the position stated in their answers and objections to Plaintiffs' third request for production. As previously stated, Defendants "will provide, to the extent available, an exemplar of each version of the 3M Earplugs, and the sealed packaging and instructions that accompanied each exemplar, at a mutually agreeable time and location for the reasons contemplated by

Federal Rule of Civil Procedure 34, including inspection and/or testing, subject to an agreed-upon inspection protocol" [*See* Docket No. 859-2 at 6-7].

### C. Plaintiffs' Request is Unduly Burdensome and Disproportionate to the Needs of the Case.

Plaintiffs seek exemplars of 200 individual pairs of CAEv2, along with their original packaging and instructions. As previously noted, Defendants have searched for such exemplars and have located just 15 pairs.[1] To force Defendants to produce exemplars of CAEv2 in the volume Plaintiffs request is unduly burdensome. CAEv2 is a discontinued product and no longer is sold to the market. As a practical matter, to comply with the large quantity requested would force Defendants to manufacture additional CAEv2. Yet Judge Rodgers has already ruled she will not require Defendants to manufacture more product. In any event, such a result is not contemplated by the rules governing discovery. In fact, Rule 34 limits discovery to tangible things in a party's "possession, custody, or control." FED. R. CIV. P. 34(a). Therefore, Plaintiffs have no right to tangible items that do not exist.

Plaintiffs can obtain the quantity of exemplar products in a less burdensome manner. Under Rule 26, a court may limit discovery if it determines that the discovery is "obtainable from some other source that is more convenient and less

---

[1] Of the 15 pairs located, only 6 are still contained in their original packaging. *See* Ex. A, Exemplar Pictures.

burdensome." *Carolina Bedding Direct, LLC v. Downen*, No. 3:13-CV-336-J-32MCR, 2013 WL 1899743, at *1 (M.D. Fla. May 7, 2013). Plaintiffs have identified New Dynamics and the Department of Defense as potential avenues to receive exemplar products [*See* Docket No. 859 at 7-8]. These sources provide a less burdensome and more convenient way to receive exemplar product given New Dynamics' role assembling the CAEv2 and that the Department of Defense was a large purchaser of them. Furthermore, Plaintiffs likely already have exemplar CAEv2 in their possession. Each individual plaintiff alleges that they used the CAEv2 while in the military. It stands to reason that individual plaintiffs still have the product in their possession.

Likewise, Plaintiffs' request for 200 individual pairs of CAEv2 is disproportionate to the needs of the case. Plaintiffs have failed to put forward any explanation why it requires such a large quantity of earplugs. In their Motion, Plaintiffs merely assert that the exemplar products are "integral to the claims and defenses at issue in this case, and there is no substitute for them" [Docket No. 859 at 8]. Despite this assertion, Plaintiffs make no mention of how they intend to use the exemplars or why testing and/or inspecting the exemplars, in accordance with Rule 34, is insufficient to meet the needs of the case. Plaintiffs do not, and cannot, make such an argument because inspection and testing as contemplated by

Defendants provides discovery proportional to the needs of the case.

## D.  Rule 34 Only Requires Defendants to Permit Inspection and Testing of Exemplars—Not to Hand Over Products to Plaintiffs.

Contrary to Plaintiffs' argument, Rule 34 does not require Defendants to simply hand over exemplar products to Plaintiffs. In fact, the cases cited by Plaintiffs undermine their argument [*See* Docket No. 859-4]. In *Ramkelawan v. Globus Med. Inc.*, the plaintiffs moved to compel production of exemplars of a cervical disc device, which was the subject of the products liability suit. No. 518CV100OCJSMPRL, 2019 WL 1763237, at *4 (M.D. Fla. Apr. 22, 2019). Prior to the motion to compel, the defendants offered that the plaintiffs could inspect the product. *Id.* The court noted, however, that the plaintiffs were not requesting an inspection but that the defendants be "compelled to produce the exemplars 'at cost' and with 'reasonable transportation costs.'" *Id.* The court denied the plaintiff's motion to compel, holding that "Rule 34 contemplates that Defendants make the subject device or exemplars available for inspection" but found no authority "to require Defendants to provide the exemplars for purchase at Plaintiffs' preferred price, or 'at cost.'" *Id.* Likewise, in *Cannioto v. Louisville Ladder, Inc.*, the court considered the plaintiff's motion to compel inspection of the product which was the subject of the litigation. No. 8:09-CV-1892-T-30TBM, 2011 WL 13302094, at *1 (M.D. Fla. Feb. 16, 2011). Although the court granted the plaintiff's motion to

6

compel, the defendants were only required to produce the product for inspection rather than handing it over to the plaintiffs. *Id.* at *2.

Here too, the Court should deny Plaintiffs' Motion. Like the defendants in *Ramkelawan*, Defendants here have agreed to permit Plaintiffs to inspect the CAEv2. *See Ramkelawan*, 2019 WL 1763237, at *4. Similar to the plaintiffs in *Ramkelawan*, Plaintiffs request more than just an inspection but rather ask that Defendants hand over exemplar product. *See id.* Just as the court noted in *Ramkelawan*, Defendants need not do anything more than what they have already offered. *See id.* Therefore, the Court should deny Plaintiffs' Motion because Defendants are in compliance with Rule 34.

## III. CONCLUSION

Plaintiffs have failed to articulate any specific reasons why the vast number of exemplars it requests is proportional to the needs of the case. Furthermore, Plaintiffs have failed to indicate why Defendants' offer to inspect the exemplars is insufficient under Rule 34. Defendants therefore respectfully requests that this Court deny Plaintiffs' Motion.

Dated: December 12, 2019	Respectfully submitted,

	 */s/ Kimberly Branscome*
	Kimberly Branscome
	Kimberly.branscome@kirkland.com
	KIRKLAND & ELLIS LLP
	333 South Hope Street
	Los Angeles, CA 90071
	Telephone: (213) 680-8400

	*Attorneys for Defendants 3M Company,*
	*3 M Occupational Safety LLC, Aearo*
	*Technologies LLC, Aearo Holdings, LLC,*
	*Aearo Intermediate, LLC and Aearo, LLC*

8

## CERTIFICATE OF SERVICE

I certify that on December 12, 2019, I caused the foregoing titled document to be filed with the Clerk of the court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Kimberly Branscome*
Kimberly Branscome