**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Discovery. ECF No. 859. Defendants have filed a response in opposition to Plaintiffs' motion. ECF No. 873. The motion is therefore ripe for the Court's consideration. For the reasons discussed below, Plaintiffs' motion to compel is due to be **DENIED**.

## I. BACKGROUND

This multidistrict litigation is a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). ECF No. 704. Discovery is ongoing. In their Third Requests for Production, Plaintiffs sought from Defendants ten exemplars of the CAEv2, the E-A-R ARC Plug, and any like-design earplugs marketed or sold by Defendants with the sealed packaging and instructions accompanying each

commercial unit.  ECF No. 859-1 at 4.  Defendants objected to Plaintiffs' request on the grounds that it was overbroad, unduly burdensome, and disproportional to the needs of the case but nevertheless agreed to "provide, to the extent available, an exemplar of each version of the 3M Earplugs, and the sealed packaging and instructions that accompanied each exemplar, at a mutually agreeable time and location for the reasons contemplated by Federal of Civil Procedure 34, including inspection and/or testing, subject to an agreed-upon inspection protocol."  ECF No. 859-2 at 6–7.

The parties conferred regarding Defendants' response to Plaintiffs' request for the exemplars on at least two occasions.  ECF No. 859 at 9.  During one of these conferrals, Plaintiffs increased their request to four boxes of fifty earplugs (for a total of 200 pairs) but offered to compensate Defendants for the cost of the earplugs.  *Id.* at 9–10.

When the parties raised this dispute at the November 22, 2019, Case Management Conference, Defendants represented that they have only located fifteen pairs of the CAEv2 during their investigation and that they are unwilling to turn over all of them to Plaintiffs.  ECF No. 840 at 43–44.  The Court ordered Plaintiffs to file a motion to compel if the dispute was not resolved.  ECF No. 836 at 3.  After an additional unsuccessful conferral

between the parties on December 4, 2019, ECF No. 859 at 10, Plaintiffs filed the instant motion.

Plaintiffs seek an order compelling production of the CAEv2 exemplars primarily on the basis that their request satisfies the threshold relevancy and proportionality requirements for discovery under Federal Rule of Civil Procedure 26(b)(1).  ECF No. 859 at 5, 12–14.  Plaintiffs contend that the "[p]roduction of exemplar products is routine in products liability litigation, including the multi-district litigation context," and, accordingly, provide an array of orders from other products liability cases addressing such production.  *Id.* at 13; ECF No. 859-4.  As to the limited number of exemplars that Defendants represent are available for production, Plaintiffs complain that Defendants "have made no meaningful efforts towards production of these exemplar products" notwithstanding "repeated representations" that they are investigating the number of exemplars in their possession, custody, or control.  ECF No. 859 at 6. Plaintiffs further argue that an order compelling production of the exemplars from Defendants is appropriate because Plaintiffs' third-party discovery requests to manufacturer New Dynamics and the Department of Defense for exemplars have failed thus far.  *Id.* at 11.

Defendants resist production of the CAEv2 exemplars on Plaintiffs' terms—and otherwise oppose Plaintiffs' motion—for several reasons. ECF No. 873. First, Defendants state that after a thorough investigation for available pairs of the CAEv2 earplugs, including interviewing "key personnel involved in the testing and marketing" of the product, Defendants were unable to locate a sufficient quantity to satisfy Plaintiffs' request for 200 pairs. *Id.* at 2. Second, Defendants maintain that exemplars of the CAEv2 are available from Plaintiffs directly or third parties, such as the Department of Defense, and therefore an order compelling Defendants to produce them—in view of its claim that it only has access to a limited quantity—would be unduly burdensome. *Id.* at 7–8. Third, Defendants assert that Plaintiffs' request for 200 pairs of earplugs is disproportionate to the needs of this case because Plaintiffs have failed to demonstrate why they require this quantity and for what purpose. *Id.* at 8–9. Fourth, and finally, Defendants argue that Rule 34 does not contemplate Plaintiffs' request for Defendants to relinquish exemplars of the CAEv2 to Plaintiffs without limitation because the request does not pertain to inspection, copying, testing, or sampling of the exemplars. *Id.* at 9–10.

## II. DISCUSSION

The Court concludes that Plaintiffs' motion to compel is due to be denied. There is no dispute that Rule 34 controls Plaintiffs' request for production of the CAEv2 exemplars by Defendants. As explained below, however, Rule 34 does not authorize Plaintiffs' request to the extent it asks Defendants to forfeit their custody and control of the exemplars without limitation.

Rule 34 provides that upon a party's request within the scope of Rule 26(b) the opposing party must produce designated documents, electronically stored information, and "tangible things" for the requesting party to "inspect, copy, test, or sample[.]" Fed. R. Civ. P. 34(a)(1). This rule, however, does not afford a party unfettered access to tangible items. Specifically, "the producing party is generally not obligated to relinquish possession of the tangible thing to the requesting party." *K.C.R. v. Cty. of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 12725471, at *2 (C.D Cal. Aug. 7, 2014). This rule is typically utilized by parties to acquire photocopies of documents, to coordinate inspection of an item by expert witnesses, and to obtain products or another item for testing (subject to an agreed-upon or court-ordered protocol).

This distinction is evident from the language employed in Rule 34. The ordinary definitions[1] of "inspect, copy, test, [and] sample" do not encompass Plaintiffs' request for total relinquishment or sale of the CAEv2 exemplars. *Compare Inspect*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/inspect (last visited Dec. 18, 2019) (defining the verb "inspect" as "to examine officially"); *Copy*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/copy (last visited Dec. 18, 2019) (defining the verb "copy" as "to make a copy or duplicate of"); *Test*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/test (last visited Dec. 18, 2019) (defining the verb "test" as "to put to test or proof"); *Sample*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/sample (last visited Dec. 18, 2019) (defining the verb "sample" as "to judge the quality of by a sample"); *with Relinquish*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/relinquish (last visited Dec. 18, 2019) (defining the

---

[1] Because Rule 34 does not define the terms "inspect," "copy," "test," and "sample," the Court will apply their ordinary dictionary definitions. *See United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("When a statutory term is undefined, courts will give it its 'ordinary meaning' or 'common usage.' To ascertain ordinary meaning, courts often turn to dictionary definitions for guidance." (internal citations omitted)).

verb "relinquish" as "to give over possession or control of"); *Sell*, Merriam-Webster.com, *available at* https://www.merriam-webster.com/dictionary/sell (last visited Dec. 18, 2019) (defining the verb "sell" as "to give up (property) to another for something of value (such as money)"). And this Court is not in the position to add to or otherwise rewrite the discovery rules.

Other federal district courts have interpreted Rule 34 similarly, and Plaintiffs offer no persuasive authority to the contrary. *See, e.g.*, *Ramkelawan v. Globus Med. Inc.*, No. 5:18-cv-100-Oc-JSM-PRL, 2019 WL 1763237, at *4 (M.D. Fla. Apr. 22, 2019) ("While the undersigned acknowledges … that Rule 34 contemplates that Defendants make the subject device or exemplars available for inspection, there is simply no basis or authority for the Court to require Defendants to provide the exemplars for purchase at Plaintiffs' preferred price, or "at cost.""); *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-1273 LJO BAM, 2013 WL 1982797, at *3 (E.D. Cal. May 13, 2013) ("Rule 34 requires a party to produce *for inspection* tangible evidence; it does not require the party to ship the evidence to the requesting party." (emphasis in original)). Indeed, the cases cited by Plaintiffs, and submitted as Exhibit 4 to their motion, are inapt. ECF No. 859-4. Most of the orders are procedural, typically the result of the parties' agreement as to production, and do not address Rule

34 or the Court's power to compel discovery under Federal Rule of Civil Procedure 37.  *Id.* at 2–4, 7, 15–16.  The only substantive discovery order Plaintiffs submit is the April 22, 2019, order in *Ramkelawan v. Globus Med. Inc.*, denying plaintiffs' motion to compel the relinquishment or sale of a medical device exemplar, which, as explained above, does not support Plaintiff's argument here.  *Id.* at 17–20.

Plaintiffs' motion—to the extent it requests the Court compel Defendants to turn over the CAEv2 exemplars to Plaintiffs under Rule 34— is therefore denied.  The Court nevertheless must consider the parties' discovery dispute, and the issues raised in their filings, pragmatically.  After a diligent search, Defendants have located fifteen pairs of the CAEv2 earplugs, only six of which are in their original packaging.  ECF No. 873 at 7 n.1.  Plaintiffs will need CAEv2 exemplars for use at depositions and trial in this matter.  ECF No. 859 at 10–11.  Lastly, the parties have identified an inventory of CAEv2 earplugs presently in the possession of the Department of Defense.  *Id.* at 11–12; ECF No. 873 at 6.

Defendants are therefore directed to relinquish five pairs of CAEv2 earplugs in their original packaging with labeling to Plaintiffs for Plaintiffs to use at depositions and trial.  **Plaintiffs must maintain the earplugs in their original form, including packaging and labeling.  This order does**

8

**not permit Plaintiffs to engage in testing on the CAEv2 exemplars in the absence of further Court order or the parties' agreed-upon stipulation.** Should the parties receive additional exemplars from the inventory of the Department of Defense or another non-party, the parties should apportion them appropriately.

### III.  CONCLUSION

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Discovery, ECF No. 859, is **DENIED**.

2. Defendants are **DIRECTED** to relinquish five pairs of CAEv2 earplugs in their original packaging with labeling to Plaintiffs for Plaintiffs to use at depositions and trial.  Plaintiffs must maintain the earplugs in their original form, including packaging and labeling.  This order does not permit Plaintiffs to engage in testing on the CAEv2 exemplars in the absence of further Court order or the parties' agreed-upon stipulation.  Should the parties receive additional exemplars from the inventory of the Department of Defense or another non-party, the parties should apportion them appropriately.

**DONE AND ORDERED** this 18th day of December 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge