**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE:  3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | Case No. 3:19-md-2885 |
| This Document Relates To All Actions | ) ) ) | Hon. Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**PLAINTIFFS UNOPPOSED MOTION TO AUTHORIZE DISCLOSURE OF**
**VETERANS AFFAIRS AND RELATED MILITARY RECORDS**

Plaintiffs seek an order authorizing disclosure of Veteran Affairs and Military Records subject to the Privacy Act, 5 U.S.C. § 552a. Pursuant to 5 U.S.C. § 552a(b)(11), Plaintiffs respectfully move the Court for entry of an Order authorizing the disclosure of records pursuant to the Court's authority to direct and control the coordination of discovery in this litigation. *See*, 5 U.S.C. § 552a(b)(11), 28 U.S.C. §1407, FED. R. CIV. P. 16, Fed. R. Civ. P. 26(b).  *See also,* 38 CFR § 14.801 (b)(7).

**I.    Plaintiffs' Initial *Touhy* Requests**

Following informal discussions with Shaquana Cooper, General Attorney, Office of the General Counsel (Information Law Group) for the Department of Veterans Affairs, on November 22, 2019, Plaintiffs submitted their initial *Touhy*[1]

---

[1] *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951).

requests via letter to Ms. Cooper as the Department of Veterans Affairs designee for *Touhy* requests in connection with this litigation. Plaintiffs outlined certain categories of specific information sought in reference to individual former servicemembers.

Plaintiffs now submit a *Touhy* request to Shaquana L. Cooper, General Attorney for the Office of the General Counsel, Information Law Group at Veterans Administration (VA) for handling.  Plaintiffs' *Touhy* request specified that Plaintiffs would request information regarding the specific categories of information about individual servicemembers by subsequently providing a list of inactive duty servicemembers, along with identifying information concerning those individual servicemembers, on a rolling basis. Per the Court's instructions, the list of individual servicemembers and their identifying information is attached hereto, filed under seal; and organized as discussed with the Office of the General Counsel for the Department of Veterans Affairs, the information is contained in a grid with identifying information for former branches military service as well as related Touhy requests submitted to the Department of Defense (and on which date), filed under seal and attached hereto as Exhibit A.

Specifically, Plaintiffs' *Touhy* request dated November 22, 2019, attached hereto as Exhibit B, requests documents relating to any disability benefits claimant

applied for and/or received as a result of hearing loss, tinnitus or other hearing injury. Such records would include, where available:

      a.      VBA Worksheet 1305 (Audio)

      b.      VA Form 21-4138- Statement in Support of Claim

      c.      VA 21-8940 (Application for Increased Compensation Based on Unemployability)

      d.      21-4192 (Request for Employment Information in Connection with Claim for DB)

      e.      VA Form 21-256 EZ - Application for disability benefits

      f.      VA form 10-2364 and 10-2354a- VA audiological examinations (audiograms)

      g.      Rating Decision

And also includes, where available through the VA:

      1.      Form DD214 and the ORB, ERB and/or NORB relating to the claimant's service in the military.

      2.      DD2215 and DD2216 audiological exams relating to the claimant's service in the military.

## II.    <u>Relevance of Requests to this Litigation</u>

Plaintiffs are seeking military records including health records, audiology specific records, and medical profiles from the VA. These records are central to both

causation and damages in this litigation. Receipt of these records will allow Plaintiffs to begin evaluation of when each servicemember began experiencing hearing damage, the extent of such damage, whether the damage is attributable to noise exposure during military service, and information concerning hearing protection use.

### III.    The Need for Disclosure Outweighs any Potential Harm

The need for disclosure of the records in question far outweighs any potential harm to the subject of the disclosure. The servicemembers on attached Exhibit A are all represented by counsel in this litigation and the materials requested will assist the parties in evaluating their claims. Further, Plaintiffs note that the privacy interest in these documents is primarily that of the Plaintiffs themselves, who are in effect requesting their own records. Plaintiffs are seeking to streamline the process of record retrieval which will minimize both the costs of this litigation and any burden on the Federal Government by obtaining these documents in bulk form. Accordingly, Plaintiffs respectfully submit that disclosure of the records is appropriate in this case.

### IV.    Authentication.

Plaintiffs request that records and documents produced pursuant to these requests be deemed authentic. *See*, FED. R. EVID. 902 and 32 CFR sec. 516.7(h).

> Authenticating Records. Records custodians should authenticate official Army documents for civil litigation through written certification, rather than personally appearing and testifying. DA personnel will submit

4

authenticated copies rather than originals of documents or records for use in legal proceedings, unless directed otherwise by the appropriate litigating division.

32 CFR sec. 516.7(h). *See also*, 28 USC 1733.

## V.     Conclusion

In order to advance this litigation in an efficient and cost-effective manner,

Plaintiffs hereby request that this Court enter an Order allowing disclosure of certain

former servicemember's records under 5 U.S.C. § 552a.

Dated:       December 18, 2019

*s/ Bryan F. Aylstock*

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel | Christopher A. Seeger, Co-Lead |
| Florida State Bar No. 078263 | Counsel |
| Aylstock, Witkin, Kreis & Overholtz, | (Admitted Pro Hac Vice) |
| PLLC | New Jersey State Bar No. 042631990 |
| 17 East Main Street | Seeger Weiss LLP |
| Suite 200 | 77 Water Street |
| Pensacola, FL 32502 | 8th Floor |
| Tel.: (850) 202-1010 | New York, NY 10005 |
| baylstock@awkolaw.com | Tel.: (212) 587-0700 |
| | cseeger@seegerweiss.com |
| Shelley V. Hutson, Co-Lead Counsel | |
| (Admitted Pro Hac Vice) | |
| Texas State Bar No. 00788878 | |
| Clark, Love & Hutson, GP | Brian H. Barr, Co-Liaison Counsel |
| 440 Louisiana Street | Levin, Papantonio, Thomas, Mitchell, |
| Suite 1600 | Rafferty, & Proctor, P.A. |
| Houston, TX 77002 | 316 South Baylen Street |
| Tel.: (713) 757-1400 | Pensacola, FL 32502 |
| shutson@triallawfirm.com | Tel.: (850) 435-7044 |
| | bbarr@levinlaw.com |

Michael A. Burns, Co-Liaison
Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that on

December 4, 2019, counsel for Plaintiffs contacted Defendants' counsel regarding

the relief requested in the foregoing motion. Defendants do not oppose the relief

requested.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this brief complies with the word limit of Local Rule

7.1(F) and contains 781 words, excluding the parts exempted by that Rule.

## CERTIFICATE OF SERVICE

I, hereby certify that on December 18, 2019, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*
Bryan F. Aylstock