# EXHIBIT B

# Miller & Chevalier

Charles F. B. McAleer, Jr.
Member
(202) 626-5963
cmcaleer@milchev.com

October 8, 2019

**BY ELECTRONIC
AND REGULAR MAIL**

David Buchanan, Esq.
Seeger Weiss LLP
Sixth Floor
55 Challenger Road
Ridgefield Park, NJ 07660
dbuchanan@seegerweiss.com

> Re:    *In Re: 3M Combat Arms Earplug Products Liability Litigation*
>        C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Dear Mr. Buchanan:

Our firm represents non-party French-German Research Institute of Saint-Louis ("ISL") with respect to the document subpoena you issued to ISL on September 9, 2019, pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), on behalf of Plaintiffs in the above-referenced matter ("Subpoena"). The Subpoena purports to require ISL to produce on October 9, 2019, at its offices in Saint-Louis, France (68300), documents responsive to thirty document requests that are not subject to any time definition or limitation. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), as well as any applicable local rules and orders of the United States District Court for the Northern District of Florida ("Court"), ISL, appearing specially through counsel and without hereby subjecting itself to the jurisdiction of the Court, states as follows:

<u>Introduction</u>

1.      ISL's Objections to the Subpoena are based only upon such information as is currently known to ISL. These Objections are made subject and without prejudice to, and are not in waiver of, ISL's right to amend, modify, or supplement its Objections based on subsequently acquired information in the manner and to the extent required by the Federal Rules of Civil Procedure, as well as the applicable local rules and orders of the Court.

2.      By providing its Objections to the Subpoena, ISL is not waiving its rights to challenge, nor is it conceding or submitting to, any alleged or asserted jurisdiction of the Court over ISL or the jurisdiction of the Court to enforce compliance of the Subpoena against ISL. ISL

David Buchanan, Esq.
October 8, 2019
Page 2

hereby reserves and preserves its rights and remedies to seek protection from the Subpoena from the Court or any appropriate court or tribunal.

3.      ISL's Objections to the Subpoena shall not be deemed or construed to mean that there are, in fact, responsive documents or that such documents exist or fall within the possession, custody, or control of ISL.   Nor shall any offer to meet and confer with respect to the Subpoena or any category of documents requested in the Subpoena be deemed or construed to mean that responsive documents exist in ISL's custody, possession or control; that ISL concedes the truth or existence of any purported facts described in the request; or that ISL agrees with the characterizations of any conduct, activities, or relationships contained or described in the request.

Objections

Subject to the foregoing, and pursuant to Rule 45(d)(2)(B), ISL hereby objects to the Subpoena on the grounds set forth below.

1.      ISL objects to the Subpoena on the ground that the Court lacks general and specific jurisdiction over ISL and, accordingly, that Plaintiffs lacked any power or authority to issue the Subpoena to ISL.   ISL does not have or maintain any office in the United States or any legal presence that would justify the assertion of general or specific jurisdiction over ISL in this case.

2.      ISL objects to the Subpoena on the ground that Plaintiffs did not serve ISL with the Subpoena through any proper, lawful, valid or enforceable means.   ISL also objects to the Subpoena to the extent that Plaintiffs failed to utilize internationally-approved legal processes, including international treaties and conventions, that provide certain specified, exclusive mechanisms for litigants in one country to obtain permissible discovery from persons or entities in another country through approved methods for service of process, notice and pre-production legal review by appropriate governmental, diplomatic and judicial authorities.

3.      ISL objects to the Subpoena on the ground that ISL is protected and immune from such foreign discovery proceedings by and through the Convention between The Republic of France and The Republic of Germany regarding ISL dated March 31, 1958 ("Convention").   *See* Articles 2 and 9 of the Convention.

4.      ISL objects to the Subpoena on the ground that the Subpoena seeks to require ISL to violate French laws that govern such foreign discovery requests to ISL, including, without limitation, French Law No. 68-678 of July 1968, as amended.   *See also* Objection No. 2 above (relating to international conventions that are identified under French law as the exclusive means for seeking civil discovery from persons or entities located in France).   In complying with the

David Buchanan, Esq.
October 8, 2019
Page 3

Subpoena, ISL's directors would face criminal charges in France up to six months of imprisonment and a fine of EUR 18.000 (approximately USD $19,800).

5.      ISL objects to the Subpoena on the ground that the Subpoena seeks to require compliance with the Subpoena outside of the United States and to the extent the Subpoena violates, or fails to comply with, Rule 45(c).

6.      ISL objects to Definitions ¶ 5, Schedule A to the Subpoena, which improperly defines ISL to include "any predecessors and successors, and any of its related or affiliated entities."

7.      ISL objects to the requests in the Subpoena to the extent that they (a) seek documents that are not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence, (b) are disproportional to the needs of the case, considering, among other things, the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, and the importance of the discovery in resolving the issues and (c) place an undue and unreasonable burden on ISL, a non-party to the above-referenced lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).

8.      ISL objects to the requests in the Subpoena to the extent that they are not subject or limited to any time period and may relate to facts, circumstances, events and communications occurring over twenty (20) years ago.  *See, e.g.*, Subpoena, Request No. 23 (seeking "[a]ny and all documents of Pascal Hamery related to CAE filters, including, but not limited to, patents, financial arrangements, communications, emails, meeting minutes, electronic notes and handwritten notes").

9.      ISL objects to the extent the Subpoena seeks materials that should be readily available through other sources, including the parties to the litigation.   For example, the Subpoena seeks alleged communications and interactions with entities that are defendants in the lawsuit. *See, e.g.,* Subpoena Request Nos. 1-2 (contracts), 8 (meetings), 9 (financial arrangements), 13 (communications) and 21 (points of contact). The defendants should be in possession of any such documents and, to the extent they are within the proper and lawful scope of discovery in the litigation, the requested documents can be obtained from a party to the litigation without burdening a foreign non-party such as ISL.

10.      ISL objects to the Subpoena to the extent that the requests, including any terms or phrases used in the requests, are vague, indefinite, ambiguous, or otherwise require speculation as to the documents sought.

David Buchanan, Esq.
October 8, 2019
Page 4

11.    ISL objects to the Subpoena to the extent that the requests seek documents not in ISL's possession, custody, or control, due to the fact that (a) many of the potentially responsive documents date back twenty (20) years ago, (b) most of such documents have been archived pursuant to French law and (c) several of the potential former custodians, including persons referenced in the Subpoena, are now retired.   To the extent that ISL agrees or is required to search for documents, it does not agree, and should not be required, to do so for documents outside of its possession, custody, or control.

12.    ISL objects to the Subpoena to the extent it seeks to require production without sufficient protection for any confidential information of ISL, including information that may constitute or reflect trade secrets and other protectible information of ISL, including documents under or governed by the Convention, most notably defense secrets.   For example, the Stipulated Order Governing Confidentiality and Privilege permits disclosure of designated confidential discovery material to the employees and staff of all parties, without providing for any lawful, appropriate protections, such as restriction of disclosure to outside counsel only.   *See* D.E. 442, Stipulated Order Governing Confidentiality and Privilege § V(B)(A). entitled to protection under Fed. R. Civ. 26(c) and 45.   ISL is entitled to the full measure of protections for its trade secrets and confidential information that is available under Fed. R. Civ. 26(c) and 45.

13.    ISL objects to the Subpoena to the extent it seeks, or could be construed as seeking, the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, deliberative process privilege, or any other applicable statutory or common law privilege.   If and when ISL is required to produce any documents in response to the Subpoena, ISL will identify any privileged or protected documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5) and any applicable local court rules, and within a reasonable period after any related and required production of documents in response to the Subpoena.

14.    ISL objects to the Subpoena to the extent it purports to impose any obligation on ISL different from or greater than those imposed by the Federal Rules of Civil Procedure and the applicable local court rules as a non-party to this action.

15.    ISL objects to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(1) to the extent it ultimately imposes undue burden or expense on ISL.   ISL reserves its right to seek reimbursement regarding whatever time, cost and expenses, including reasonable attorney's fees, that ISL would incur in the process of identifying and producing documents in response to the Subpoena, including assembling, reviewing and producing any responsive electronically stored information.

16.    ISL objects to the Subpoena to the extent that the requests seek "all" or "any and all" documents responsive to many, if not most, of the thirty (30) requests as unreasonably broad

David Buchanan, Esq.
October 8, 2019
Page 5

and unduly burdensome, particularly if fewer than "all" or "any and all" documents would be sufficiently responsive and compliant with the Federal Rules of Civil Procedure, as well as the local rules and orders of the Court.

17.     ISL objects to the date listed in the Subpoena for ISL's compliance with the Subpoena as unreasonable given the nature and scope of the requests in the Subpoena. If and when ISL is required to produce any documents in response to the Subpoena, ISL will comply with the Subpoena in accordance with any reasonable deadline determined by the Court.

ISL, by counsel, is willing to engage in appropriate meet and confer communications with counsel for Plaintiffs regarding the foregoing Objections.   In the meantime, and in the absence of a final order by the Court or any other court of competent jurisdiction relating to the Subpoena and these Objections, ISL does not intend to produce documents, if any, that are responsive to the requests in the Subpoena.

Finally, as a non-party, ISL is not aware of all parties in this litigation, including their respective counsel, who are entitled to service or receipt of these Objections.   We request that you provide copies of this letter to all parties and counsel in this litigation who are entitled to service or receipt of this letter in accordance with all applicable court rules and orders and to provide us confirmation thereof.   Thank you in advance for your efforts in that regard.

Sincerely,

Charles F. B. McAleer, Jr.

cc:   Andrew T. Wise, Esq.