UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19-md-2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## JOINT STIPULATION REGARDING PRODUCTION OF PLAINTIFF RECORDS

Pursuant to Pretrial Order No. 10, the Parties' agreed-upon Order Governing Production of Documents and Electronically Stored Information in Section VI. Subpoenas, FOIA Requests, and Touhy Requests, the parties agreed that the Issuing Party is responsible for producing any documents obtained pursuant to a subpoena, FOIA request, or Touhy request to the other Party, within fourteen (14) days of receipt of those documents. Both Plaintiffs and Defendants are Issuing Parties with respect to the Parties' joint requests for the (a) Department of Defense ("DOD") and Defense Logistics Agency ("DLA") records and (b) Department of Veterans Affairs ("VA") records.

The provisions of Pretrial Order No. 9, Stipulated Order Regarding Confidentiality and Privilege, shall apply to productions from the DOD, DLA and VA as follows.

KE 66412296.2

**Confidentiality.** All productions from the DOD, DLA and VA shall be treated as "Confidential" under Pretlial Order 9. To the extent that documents produced by the DOD, DLA and VA contain mental health records, substance abuse records, records concerning sickle cell anemia diagnosis or treatment, or records concerning diagnosis or treatment of HIV/AIDS, Plaintiffs may, by written notice to Defendants, designate specific excerpts of the documents containing such excerpts as "Highly Confidential." Unlike Confidential documents, Highly Confidential documents may not be disclosed to the persons listed in Section V.B.a of Pretrial Order No. 9 (Defendants' employees, officers, directors, and in-house counsel (and their support staff)). The procedure for the resolution of disputes relating to documents designated as Highly Confidential shall be the same as the procedure set forth in Pretrial Order No. 9 for documents designated Confidential. *See* Pretrial Order No. 9, Section VIII.

**Privilege and Other Protections from Disclosure.** Upon discovery that a document has been produced by the DOD, DLA and VA, which a Plaintiff believes to contain material privileged from discovery because of the att01ney-client privilege, work product doctrine, privilege from disclosure of mental health records and other protections from disclosure of mental health records (to the extent applicable under state law) or other privilege ("Disclosed Protected

2

Information"), Plaintiff shall notify Defendants, within thirty (30) days, in writing, asserting the applicable privilege or other protection from disclosure with respect to the Disclosed Protected Information. The written notice of the recall of privileged or protected material shall be accompanied by a log articulating the basis for each privileged or protected document. Defendants must-unless they contest the claim of privilege or protection as set forth below- within five business days of receipt of that writing: (i) return or destroy all copies of the Disclosed Protected Information and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. If Defendants contest the claim of privilege or protection, Defendants must-within ten business days of receipt of the claim of privilege or protection-move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). Defendants must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Protected Information. Pending resolution of the Disclosure Motion, Defendants must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

KE 664122 96.2

Dated:      January 30, 2020

_____
Bryan Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850)202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hae Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hae Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Bums, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

KE 664122 96.2

Dated:       February 3, 2020

 

/s/ Mark Nomellini
_____
Mark Nomellini
KIRKLAND & ELLIS, LLP
mark.nomellini@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: (312)862-2410

*Counsel for Defendants 3M Company,
3M Occupational Safety LLC,
Aearo Technologies LLC, Aearo
Holdings, LLC,
Aearo Intermediat e, LLC and Aearo,
LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 3rd day of February, 2020, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ Larry Hill*
Larry Hill
