# EXHIBIT 7

| | |
|---|---|
| **From:** | McAleer, Chas |
| **To:** | Parvin Aminolroaya; Anello |
| **Cc:** | Wise, Andrew |
| **Subject:** | RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.) |
| **Date:** | Friday, November 8, 2019 10:57:57 AM |
| **Attachments:** | 2019.11.08 Ltr. to Plaintiffs_Counsel Regarding 10.30.19 Caselaw.PDF |

Parvin and Virginia:

As promised in my email dated November 5, 2019, below, attached is a letter dated November 8, 2019, addressing the caselaw you provided on October 30, 2019. I would appreciate it if you would provide a copy of the attached letter to all other counsel of record in the case and confirm to me that you have done so. (I made a similar request regarding my letter dated October 8, 2019, but I don't believe I received the requested confirmation from you. At your earliest opportunity, please provide me confirmation of delivery with respect to that letter as well.)

I am available to continue our meet and confer communications, as described in the attached letter. Please let me know if you would like to do so.

Regards,

--Chas

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

---

**From:** McAleer, Chas
**Sent:** Tuesday, November 5, 2019 10:18 AM
**To:** 'Parvin Aminolroaya' <paminolroaya@SeegerWeiss.com>; Anello <vanello@douglasandlondon.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Parvin and Virginia:

Thank you for your emails today.

As you know, we have been endeavoring to address the subpoena you issued to ISL in as prompt and timely a manner as possible. Specifically, we timely served objections on behalf of ISL on October 8, 2019. We did not hear anything from you until Parvin's voicemail and email 14 days later, i.e., on October 22, 2019. I responded to Parvin in less than two hours and made myself available for a teleconference with her that same day. The next time we heard from you was when Parvin emailed 6 days later, in the afternoon of October 28, 2019, indicating that you had "additional information" to provide. I responded the next day and made myself available for a teleconference that same

afternoon.  The following day, on October 30, 2019, you provided certain caselaw to me for our review, and I acknowledged receipt the next day and indicated that we would review it and revert to you.  Neither in the October 29, 2019, meet and confer teleconference nor in Virginia's October 30, 2019, was there any mention of a specific, urgent court deadline that required a sooner response from us.  Even were there, the fact remains that, as I am sure with you, this is not the only matter that I am handling at the moment, and there would have to have been a discussion between us regarding specific timing.

Against that record of timely and prompt responses from us, we reiterate that we will be responding to your provision of certain caselaw and it is my expectation to do so no later than Friday of this week, consistent with our other matter obligations.  If we can respond sooner, we will make every effort to do so.  In the meantime, if there is a specific court deadline or scheduling order requirement relating to the subpoena at issue that affects the timing and sequence of our discussions, please let us know as a courtesy so that we can attempt to address it.

As to matters of substance, I learned from our second meet and confer discussion on October 29, 2019, that, in issuing the subpoena, Plaintiffs were attempting to proceed under the Hague Convention and, in a manner they believe was consistent with the caselaw Virginia provided on October 30, 2019.  That issue aside, however, there are several other issues implicated by our October 8 objections, including French statutory and convention-based objections that I raised during both the October 22 and 29 meet and confer teleconferences and other procedural objections relating to relevance, proportionality and confidentiality.  Thus, regardless of our ultimate position regarding your invocation of the Hague Convention, there are other issues on which the parties have not yet fully engaged in meet and confer communications and that, in my opinion, would preclude premature motions practice before the Court.  In that spirit, and in response to Parvin's inquiry regarding your court hearing today, while we are not in a position at the moment to withdraw an objection to service of the subpoena, we are committed to concluding the meet and confer process as promptly and efficiently as possible, consistent with whatever court deadlines may exist.

Regards,

--Chas

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

---

**From:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Sent:** Tuesday, November 5, 2019 8:59 AM
**To:** Anello <vanello@douglasandlondon.com>; McAleer, Chas <CMcAleer@milchev.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

Good morning all-

Thanks Virginia. By way of additional information, we are speaking with the Court this afternoon concerning discovery disputes. If ISL intends to drop its objection of improper service, please let us know that by noon ET so that we can report that to the Court.

Best,

Parvin

**From:** Virginia Anello <vanello@douglasandlondon.com>
**Sent:** Tuesday, November 5, 2019 5:33 AM
**To:** McAleer, Chas <CMcAleer@milchev.com>
**Cc:** Wise, Andrew <awise@milchev.com>; Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Good morning Chas,

Can you please advise us by the end of the day whether you intend to maintain your position that service of the subpoena was improper under the Hague Convention? The case law that was sent to you last Thursday was relatively straightforward and this much delay in responding seems unnecessary. If court intervention is necessary (because you continue to maintain your position regarding improper service under the Hague), then we would like to address this as soon as possible and without further delay.

Thank you.

Virginia Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph: 212-566-7500 x. 291
Fax: 212-566-7501
vanello@douglasandlondon.com

**From:** "McAleer, Chas" <CMcAleer@milchev.com>
**Date:** Thursday, October 31, 2019 at 10:59 AM
**To:** Virginia Anello <vanello@douglasandlondon.com>, Parvin Aminolroaya <paminolroaya@seegerweiss.com>
**Cc:** "Wise, Andrew" <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-

02885-MCR-GRJ (N.D. Fla.)

Virginia:

Thank you for our conversation earlier this week and for the materials you shared yesterday.  We will review them and then revert to you and Parvin.

Regards,

--Chas

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

**From:** Virginia Anello <vanello@douglasandlondon.com>
**Sent:** Wednesday, October 30, 2019 8:37 AM
**To:** McAleer, Chas <CMcAleer@milchev.com>
**Cc:** Wise, Andrew <awise@milchev.com>; Parvin Aminolroaya <paminolroaya@seegerweiss.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

Good morning, Chas,

In followup to our call yesterday evening, attached please find two cases that support that service of the subpoena on your client ISL was proper under Article 10(a) of the Hague Convention because France does not object to service through the mail under the Hague Convention.   As you will see, these cases cite to many other opinions, including opinions by three court of appeals, that also support  that service of the subpoena was proper.

Please let us now by tomorrow whether you intend to maintain your position that service of the subpoena was improper under the Hague Convention.

Thanks.

Virginia Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph: 212-566-7500 x. 291
Fax: 212-566-7501
vanello@douglasandlondon.com

**From:** "McAleer, Chas" <CMcAleer@milchev.com>
**Date:** Tuesday, October 29, 2019 at 3:54 PM
**To:** Parvin Aminolroaya <paminolroaya@seegerweiss.com>, Virginia Anello <vanello@douglasandlondon.com>
**Cc:** "Wise, Andrew" <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

It does.

### CHARLES F. B. MCALEER, JR.
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

---

**From:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Sent:** Tuesday, October 29, 2019 3:54 PM
**To:** McAleer, Chas <CMcAleer@milchev.com>; Anello <vanello@douglasandlondon.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

Chas-

We can be available at 5 pm. Let us know if that works for you.

Thanks,

Parvin

---

**From:** McAleer, Chas <CMcAleer@milchev.com>
**Sent:** Tuesday, October 29, 2019 3:02 PM
**To:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>; Anello <vanello@douglasandlondon.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Parvin:

I am available to speak at or after 4 pm today.  Let me know what works for your schedule.

Regards,

--Chas

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

---

**From:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Sent:** Monday, October 28, 2019 2:29 PM
**To:** McAleer, Chas <CMcAleer@milchev.com>
**Cc:** Wise, Andrew <awise@milchev.com>; Anello <vanello@douglasandlondon.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

---

Chas-

Following up on our call last week, we have additional information that we thought would be useful to discuss with respect to our subpoena to ISL. Are you available for a follow up call tomorrow?

Thanks,

Parvin

---

**From:** McAleer, Chas <CMcAleer@milchev.com>
**Sent:** Tuesday, October 22, 2019 2:18 PM
**To:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>; David Buchanan <DBuchanan@seegerweiss.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Great.  Will send the dial-in.

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

---

**From:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Sent:** Tuesday, October 22, 2019 2:13 PM

**To:** McAleer, Chas <CMcAleer@milchev.com>; David Buchanan <DBuchanan@seegerweiss.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** Re: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

Yes, 4 pm works on my end. I look forward to speaking then.

Parvin

**From:** McAleer, Chas <CMcAleer@milchev.com>
**Sent:** Tuesday, October 22, 2019 2:08 PM
**To:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>; David Buchanan <DBuchanan@seegerweiss.com>
**Cc:** Wise, Andrew <awise@milchev.com>
**Subject:** RE: In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Parvin:

Thank you for your voicemail and email.  Are you available to speak at 4 pm today?  If so, I will send a dial-in and calendar entry.

(I am copying my partner, Andy Wise, who will also participate in the call.)

Regards,

--Chas

**CHARLES F. B. MCALEER, JR.**
Member | Miller & Chevalier Chartered
cmcaleer@milchev.com | T. 202.626.5963 | M. 571.216.9584

**From:** Parvin Aminolroaya <paminolroaya@SeegerWeiss.com>
**Sent:** Tuesday, October 22, 2019 12:27 PM
**To:** McAleer, Chas <CMcAleer@milchev.com>
**Cc:** David Buchanan <DBuchanan@seegerweiss.com>
**Subject:** In Re: 3M Combat Arms Earplug Products Liability Litigation, C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

**EXTERNAL**

Charles-

Following up on my voice message to you a few minutes ago, please let me know your availability to discuss your letter re our subpoena to ISL.

Thank you,

Parvin Aminolroaya

**PARVIN K. AMINOLROAYA**

Partner

**SEEGER WEISS LLP**

55 Challenger Road

Ridgefield Park, NJ 07660

P. 212.584.0741

F. 212.584.0799

paminolroaya@seegerweiss.com

# Miller & Chevalier

Charles F. B. McAleer, Jr.
Member
(202) 626-5963
cmcaleer@milchev.com

November 8, 2019

**BY ELECTRONIC
AND REGULAR MAIL**

Parvin K. Aminolroaya
Seeger Weiss LLP
Sixth Floor
55 Challenger Road
Ridgefield Park, NJ 07660
dbuchanan@seegerweiss.com

Virginia Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
vanello@douglasandlondon.com

> Re: *In Re: 3M Combat Arms Earplug Products Liability Litigation*
> C.A. No. 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Dear Parvin and Anello:

As you know, our firm represents non-party French-German Research Institute of Saint-Louis ("ISL") with respect to the document subpoena you issued to ISL on September 9, 2019, pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), on behalf of Plaintiffs in the above-referenced matter ("Subpoena"). In furtherance of our continuing efforts to engage in meet and confer communications with you regarding the Subpoena, and as promised in my email dated November 5, 2019, I am hereby responding to the caselaw that you sent by email on October 30, 2019, for our review and consideration.

As background, we have been endeavoring to address the subpoena you issued to ISL in as prompt and timely a manner as possible. Specifically, on October 9, 2019, we timely served objections on behalf of ISL, which is appearing specially and without subjecting itself to the jurisdiction of the Court ("Objections"). The Objections reflected a number of issues, ranging from jurisdictional and statutory requirements to issues of relevance, scope, proportionality, data protection and confidentiality. After we heard from you fourteen days later, i.e., on October 22, 2019, I responded in less than two hours and made myself available for a teleconference that

2498306.1

Parvin K. Aminolroaya
Virginia Anello
November 8, 2019
Page 2

same day. The next time we heard from you was six days later, in the afternoon of October 28, 2019, indicating that you had "additional information" to provide. I responded the next day and made myself available for a teleconference that same afternoon. During that teleconference, you indicated for the first time that Plaintiffs had intended to proceed in compliance with "The Hague Convention" in the service of the Subpoena, and you promised to provide certain caselaw in support of your position that the Subpoena was enforceable. The following day, on October 30, 2019, you provided two court opinions from the Southern District of Florida for our review. I acknowledged receipt the next day and indicated that we would review them and revert to you. In a subsequent email on November 5, 2019, I promised to respond by today to the caselaw you provided. I also reminded you, as I did during our prior meet and confer teleconferences, that there were many other aspects of the Objections as to which the parties had not yet engaged substantively and which, in my opinion, should preclude any premature motions practice before the Court.

With that background and having had an opportunity to review the two cases you sent on October 30, I do not believe they solve the threshold question of whether Plaintiffs complied with the required process for seeking discovery from ISL, which is a non-party, foreign entity lacking any jurisdictional presence in the United States. One of the cases you provided, *Alt. Specialty, Ins. Co. v. M2 Motor Yachts*, 2017 U.S. Dist. LEXIS 16375 (S.D. Fla., Feb. 2, 2017), and one of the principal cases on which that court relied, *Chattem Chems., Inc. v. Akzo Nobel Chems. B.V.*, 229 F. Supp. 2d 555 (M.D. La. 2002), demonstrate my point. Both cases involved a challenge to the effectiveness of service of process, not service of discovery requests. Both involved service on a party, not a non-party. Both cases also involved an application of Section 10(a) of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("1965 Hague Convention"). Neither case involved consideration or application of The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("1970 Hague Convention"), which, in my view, does and should control here.

The 1970 Hague Convention provides specific procedures for handling this sort of pretrial civil litigation document discovery, including: (1) a "Central Authority" in the foreign jurisdiction to ensure compliance with the Convention and the jurisdiction's laws (Art. 2), which, as to France, is the French Ministry of Justice, (2) the identification and use of appropriate "measures of compulsion" to ensure compliance with approved discovery requests (Art. 10), (3) the determination and management of related costs (Arts. 14, 26), and (4) a mechanism for ensuring that document requests are properly framed and reasonable (Art. 23; *see* France's Declaration of Reservation Regarding Art. 23; Jan. 19, 1987 Letter to the Permanent Bureau in The Hague). Given the restrictions and obligations imposed by French Law No. 68-678 of July 1968, as amended, and the Convention between The Republic of France and The Republic of

Parvin K. Aminolroaya
Virginia Anello
November 8, 2019
Page 3

Germany Regarding ISL dated March 31, 1958 (*see* Objection Nos. 3 and 4), as well as the French Data Protection Act, the only proper and reasonable approach for Plaintiffs to pursue pretrial civil litigation document discovery from ISL would be to seek leave, in the first instance, from the Court in Florida to proceed through the processes set forth in the 1970 Hague Convention. That approach would also be consistent with international principles of comity.

Once you have had an opportunity to consider the foregoing, I think it would be appropriate for you to indicate whether Plaintiffs will be withdrawing the Subpoena and alternatively pursuing pretrial civil litigation document discovery from ISL through the 1970 Hague Convention. With that information, it will be possible for both sides to determine whether a substantive meet and confer on the remaining Objections would be a necessary, useful and productive. Of course, if you have any questions regarding the foregoing or would like to discuss it, I am available to do so.

Sincerely,

*Chas*

Charles F. B. McAleer, Jr.

cc: Andrew T. Wise, Esq.