# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 25**
**Confidentiality of Certain Medical Information, 38 U.S.C. § 7332**

The Department of Veterans Affairs ("VA") is authorized to release records relating to the diagnosis, prognosis, testing, or treatment of drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus ("HIV"), or sickle cell anemia, for the initial bellwether plaintiffs, which records are protected as confidential by 38 U.S.C. § 7332. Given the highly sensitive nature of this information, the Court hereby sets forth the manner in which the information may be obtained, reviewed, shared, and used by the parties in this litigation.

1. <u>Requesting Individual Bellwether Plaintiffs' Records from the VA</u>. Plaintiffs must submit a completed VA Form 10-5345, Request for and Authorization to Release Health Information, to the VA for each of the initial bellwether plaintiffs, on a rolling basis, not later than **March 17, 2020**. When completing the form, each plaintiff must comply with the following directives:

  a. In the section on page 1 entitled "Purpose(s) or Need," plaintiffs must check the box marked "Legal."

  b. In the section on page 1 entitled "Information Requested," plaintiffs must check the box marked "Other," and state that they are requesting *both* their "entire health file" and their "entire compensation and pension claims file (not education or mortgage records)."

  c. In the section on page 2 entitled "Sensitive Diagnoses," plaintiffs must check the four boxes consenting to the VA's release of information pertaining to drug abuse, alcoholism or alcohol abuse, sickle cell anemia, and HIV.  In that same section, plaintiffs ***should*** check the box indicating that they "do not want sensitive diagnoses released for treatment purposes under this specific authorization."

  d. **Per the VA, all submitted 10-5345 forms must bear the plaintiff's original, wet signature**.

The purpose of the foregoing directives is to enable the VA to efficiently and expeditiously locate and produce the plaintiffs' entire VA health, compensation and pension claims files, without the burden of having to first review every document in every file and redact or remove every reference to certain medical information.  In this litigation, the review of plaintiffs' VA records for sensitive medical information will be performed by plaintiffs' counsel and, as required, by the Court, using the

Case No. 3:19md2885/MCR/GRJ

procedures set forth below. Unless otherwise ordered, no plaintiff's VA records may be produced or made accessible to Defendants until after the review period.

  2. <u>Receipt and Review for Certain Medical Information</u>.

On receipt of a plaintiff's records from the VA, plaintiff's counsel must immediately upload the records into MDL Centrality. Within 14 days after receiving the records, plaintiff's counsel must review them for information concerning the identity, diagnosis, prognosis, testing, or treatment of the plaintiff in connection with HIV or sickle cell anemia ("Highly Protected Information"). If plaintiff's counsel needs additional time to complete this review, he or she must seek leave of Court and demonstrate good cause for an extension of the deadline. Absent such a motion from plaintiff's counsel, a plaintiff's VA records must be released to Defendants no later than the first day following the 14-day review period.

During the 14-day review period, a plaintiff's counsel may (1) redact isolated references to Highly Protected Information, such as brief statements in a medical history; and (2) remove and withhold from production any records relating predominantly to Highly Protected Information. A designation of information as Highly Protected means that plaintiff's counsel reasonably and in good faith believes that the information qualifies as such. If documents are redacted or removed from a plaintiff's VA records on this basis before the records are produced to Defendants, plaintiff's counsel must clearly state this and submit with the production of the

remaining records a log describing each of the withheld documents (or portions of documents). In that scenario, plaintiff's counsel must also immediately submit to the Court, for *in camera* review, a copy of the log and unredacted copies of the withheld documents. All documents withheld on this basis will remain subject to the Highly Protected Information designation until either: (1) plaintiff's counsel agrees, in writing, to unredact or otherwise produce the documents; or (b) the Court rules that the documents were not properly redacted or withheld.

Plaintiffs' counsel must not redact or remove information concerning the identity, diagnosis, prognosis, testing, or treatment of a plaintiff in connection with drug abuse, alcoholism or alcohol abuse, or mental health issues. At this stage, the Court is not ruling on the ultimate admissibility of this information. However, the information is discoverable, subject to the additional restrictions and protections described below.

3. <u>Confidentiality</u>.

VA records of information concerning the identity, diagnosis, prognosis, testing, or treatment of mental health issues, drug abuse, or alcoholism or alcohol abuse are designated "Highly Confidential" and must be treated in accordance with the parties' Joint Stipulation Regarding Production of Plaintiff Records, ECF No. 965 ("Joint Stipulation"), which the Court hereby adopts and incorporates by reference to the extent not inconsistent with this Order. Pursuant to the Stipulation,

information designated as "Highly Confidential" may not be disclosed to the persons listed in Section V.B.a of Pretrial Order No. 9 (*i.e.*, Defendants' employees, officers, directors, and in-house counsel (and their support staff)).  With the exception of information relating to HIV or sickle cell anemia, which are deemed Highly Protected and not discoverable, all other records obtained from the VA are hereby designated as "Confidential Information," as that term is defined in Pretrial Order No. 9, Stipulated Order Governing Confidentiality and Privilege, ECF No. 442.[1]

**SO ORDERED**, on this 5th day of February, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The inadvertent production of information relating to HIV or sickle cell anemia will not be deemed a waiver as to the confidentiality of that information.  In the event of an inadvertent production, the information must be treated as "Highly Confidential" and the parties' agreed procedures for "Disclosed Protected Information" control.  *See* ECF No. 965 at 2-3.

Case No. 3:19md2885/MCR/GRJ