UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

### ORDER APPOINTING LIEN RESOLUTION ADMINISTRATOR

Upon Plaintiffs' Unopposed Motion to Appoint Lien Resolution Administrator and Memorandum of Law, and for good cause shown, the Court hereby **Orders** as follows:

1. ARCHER Systems, LLC ("ARCHER"), is appointed as the Lien Resolution Administrator in this litigation;

2. ARCHER, as the Lien Resolution Administrator, is exclusively authorized to develop a uniform process with CMS for the global identification and resolution of Medicare Part A and/or Part B fee-for-service reimbursement claims on behalf of all Plaintiffs who are or were Medicare beneficiaries;

3. ARCHER, as the Lien Resolution Administrator, is exclusively authorized to develop a uniform process with other government entities (to include the VA, U.S. Army, the U.S. Navy, U.S. Air Force, U.S. Marines, U.S. National

1

Guard, TRICARE, or any other government health insurance agency) for the global identification and resolution of reimbursement claims on behalf of all Plaintiffs who are or were beneficiaries of those particular government healthcare plans;

4. Bryan Aylstock, one of the coordinating Co-Lead Counsel and member of the Executive Committee, and Karen Beyea-Schroeder, member of the Joint Armed Services Committee and Steering Committee, are appointed as Representatives to participate with the LRA in any discussions with government entities. The Representatives shall review and approve any decisions, including final global reimbursement values and related operational procedures, contemplated by the LRA and governmental entities. And the Representatives shall report material developments, and other information as the Representatives determine appropriate from time to time, to Plaintiffs' Lead Counsel and Executive Committee.

5. The LRA shall have all rights, powers and duties identified in the Motion filed with the Court.

6. The LRA shall have the authority to meet and confer with Defendants, at Defendants' request, to discuss the coordination of mandatory insurer reporting requirements under Section 111 of the MMSEA and any other governmental regulation or law;

7. The LRA shall have the authority to establish such other processes, programs, procedures, and protocols as are necessary or convenient, in ARCHER's reasonable discretion, to ensure that the Lien Resolution Program is utilized by all settling claimants in the above referenced actions, with which all attorneys who are representing such claimants must comply;

8. ARCHER, as Lien Resolution Administrator, shall have the authority to receive and release protected health information and individually identifiable health information, to act as agent for the claimants for purposes of resolution of potential healthcare obligations in accordance with its duties and authority above, and to perform the other functions in accordance with its duties and authority above; and

9. ARCHER, as Lien Resolution Administrator, is authorized to use all information related to claimants that the LRA creates, provides to, or receives from any governmental entity that is or may be protected under HIPAA and its amendments, or other applicable federal or state law, including all Protected Health Information, as defined in 45 C.F.R. §160.103, as the LRA determines is reasonably necessary to accomplish the objectives of the Lien Resolution Program.

10. ARCHER's appointment as Lien Resolution Administrator shall enable ARCHER to work with CMS and other government agencies to (1) develop

the global repayment process and input values, ; (2) establish a conduit for submitting information from claimants' authorized representatives as may be required for purposes of verifying with CMS entitlement to Medicare Part A and Part B for the limited purpose of participating in the Lien Resolution Program; (3) establish a conduit for submitting information from claimants' authorized representatives as may be required for purposes of verifying with entitlement to other governmental healthcare insurance for the limited purpose of participating in the Lien Resolution Program; (4) provide reporting to this court, the PEC, and any participating settling parties as may be required under the terms of any settlement agreement; (5) create processes to account, and ensure payment, to the governmental entities consistent with the global repayment values associated with claimants who are or were entitled beneficiaries (for Medicare Part A and /or Part B or any other governmental benefit); and (6) such other duties as further described in this Order.

**ENTER:** _____, 2020

_____
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE