UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) Case No. 3:19-md-2885<br>)<br>) Hon. Judge M. Casey Rodgers |
| This Document Relates To All Actions | ) Magistrate Judge Gary R. Jones<br>) |

# JOINT MOTION TO AUTHORIZE DISCLOSURE OF MILITARY RECORDS

Plaintiffs and Defendants jointly seek an order authorizing disclosure of all military records, including but not limited to all military medical and personnel records, subject to the Privacy Act, 5 U.S.C. § 552a(b)(11), for the plaintiffs set forth in Exhibit A hereto. The parties seek this Order pursuant to the Court's authority to direct and control the coordination of discovery in this litigation. *See,* 5 U.S.C. § 552a(b)(11), 28 U.S.C. §1407, FED. R. Civ. P. 16, Fed. R. Civ. P. 26(b)

## I.     Previous *Touhy* Requests

On June 28, 2019, Plaintiffs submitted their initial *Touhy*[1] requests to Major Collin Evans as the Department of Defense designee for *Touhy* requests in

---

[1] United States ex rel. Touhy v. Regan, *340 U.S. 462 (1951).*

connection with this litigation. Plaintiffs submitted a subsequent *Touhy* request on August 8, 2019. Plaintiffs outlined certain categories of specific information sought in reference to individual servicemembers. The Parties submitted a subsequent joint *Touhy* request letter on January 27, 2020, requesting information for a limited number of Plaintiffs who were randomly selected for evaluation for potential Bellwether consideration.

## II.     New Requests

The parties and the Court have now selected twenty-five initial bellwether Plaintiffs (set forth in Exhibit A) to be part of the initial bellwether discovery pool. Thus, the parties now seek all military records, including all medical records and personnel files, for those Plaintiffs set forth in Exhibit A.

## III.    Relevance of Requests to this Litigation

These records are central to both causation and damages in this litigation. Receipt of these records will allow Plaintiffs and Defendants to begin evaluation of when each Plaintiff began experiencing any alleged hearing damage, the extent of such alleged damage, whether the alleged damage is attributable to noise exposure during military service, or nonuse/improper use of a hearing protection device, and information concerning hearing protection use, including CAEv2 specifically.

## IV. <u>The Need for Disclosure Outweighs any Potential Harm</u>

The need for disclosure of the records in question outweighs any potential harm to the subject of the disclosure. The Plaintiffs included in Exhibit A are all represented by counsel in this litigation, and the requested medical and personnel records will assist both parties in evaluating their claims and defenses. Further, Plaintiffs and Defendants note that the privacy interest in these documents is primarily that of the Plaintiffs themselves, who are essentially requesting their own records. Plaintiffs and Defendants seek to streamline the process of medical and personnel record retrieval which will minimize both the costs of this litigation and any burden on the Federal Government by obtaining these documents in bulk form. Accordingly, Plaintiffs and Defendants respectfully submit that disclosure of the Plaintiffs' medical and personnel records is appropriate in this case.

## V. <u>Authentication.</u>

Plaintiffs and Defendants request that records and documents produced pursuant to these requests be deemed authentic. *See,* FED. R. EVID. 902 and 32 CFR sec. 516.7(h).

> Authenticating Records. Records custodians should authenticate official Army documents for civil litigation through written certification, rather than personally appearing and testifying. DA personnel will submit authenticated copies rather than originals of documents or records for use in legal proceedings, unless directed otherwise by the appropriate litigating division.

32 FR sec. 516.7(h). *See also,* 28 USC 1733.

## VI.   Conclusion

In order to advance this litigation in an efficient and cost-effective manner, Plaintiffs and Defendants hereby request that this Court enter an Order allowing disclosure of the military records, including medical records and personnel files, of the Plaintiffs listed in Exhibit A under 5 U.S.C. § 552a.

Dated:              March 6, 2020

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street Suite 200
Pensacola, FL 32502 Tel.: (850) 202-1010 baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel (Admitted Pro Hac Vice)
Texas State Bar No. 00788878 Clark, Love & Hutson, GP 440 Louisiana Street Suite 1600 Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel (Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP 77 Water Street
8th Floor New York, NY 10005 Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street Pensacola, FL 32502 Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel Mostyn Law Firm 3810 W. Alabama Street Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com
*Counsel for Plaintiffs*

*/s/ Kimberly O. Branscome*
KIRKLAND & ELLIS, LLP
Kimberly O. Branscome
kimberly.branscome@kirkland.com
333 South Hope Street
Los Angeles, California 90031
Telephone: (213) 680-8400

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC,*
*Aearo Technologies LLC, Aearo Holdings, LLC,*
*Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this brief complies with the word limit of Local Rule 7.1(F) and contains 589 words, excluding the parts exempted by that Rule.

## **CERTIFICATE OF SERVICE**

I, hereby certify that on March 6, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*
Bryan F. Aylstock
