# EXHIBIT C



October 30, 2019

**VIA EMAIL**
Mark Nomellini, Esq.
mnomellini@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle Dr.
Chicago, IL 60654

>           Re:   *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, **3:19-md-2885**
>                 *Defendants' Responses to Plaintiffs' Interrogatories*

Dear Mark:

We write in response to Defendants' October 11, 2019 Responses and Objections to Plaintiffs' First Set of Interrogatories, seeking follow-up with regard to Defendants' incomplete responses to the Interrogatories discussed below. Plaintiffs identify these responses in particular as those in most urgent need of amendment, and do not intend this letter to constitute a comprehensive discussion of the deficiencies in Defendants' response.

**Interrogatories Nos. 3 and 21**: Interrogatory No. 3 sought identification of "each version of the 3M Earplugs," defined to include "any like-design earplugs marketed or sold by you for civilian use or non-military use." *See* Definition No. 11. Interrogatory No. 21 sought a description of the similarities and differences between the CAEv2 and "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Neither your response to Interrogatory No. 3, nor your response to Interrogatory No. 21, contains any reference to the "Browning Duo" earplug, a like-design earplug sold by 3M for non-military use. Your response to Interrogatory No. 21 also omits reference to the "Indoor/Outdoor Range Plug," another like-design earplug sold by 3M for non-military use. Please promptly update your responses to make them fully responsive to their corresponding Interrogatories by November 6, 2019.

**Interrogatory No. 6:** Defendants in their response to Interrogatory No. 6 cited to a document bearing Bates number "3M_MDL000528229." No document bearing that Bates number has been produced as of the time of this writing. Please produce this document or amend your response by November 6, 2019.

**Interrogatory No. 11**: Your failure to respond meaningfully to Interrogatory No. 11 is particularly troubling. It is Plaintiffs' understanding that Defendants will attempt to shield themselves from liability in this action by arguing that the CAEv2 "conforms with the specifications and design decisions made by and with the U.S. Government." Defs.' Response to Interrogatory No. 25. Interrogatory No. 11 seeks precisely the specifications that Defendants claim the CAEv2 met.

Defendants' Response to Interrogatory No. 11 does not identify any set of specifications or requirements, but refers vaguely to three other Interrogatory responses, which in turn cite to various communications between 3M and the U.S. Government – not to whatever specifications the CAEv2 were designed to meet. In order to allow discovery and litigation on Defendants' affirmative defense to proceed, particularly with regard to Elliott Berger's upcoming deposition testimony, Plaintiffs require specific identification of the specifications that Defendants allege are at issue in this case. Please identify those specifications by Friday, November 1, 2019.

**Interrogatory No. 14**: The identity of the individuals and entities involved in indirect and direct marketing and promotional work relating to the creation of demand for the 3M Earplugs is clearly a proper topic of discovery. Defendants' response refers to a list of individuals identified in response to a different Interrogatory, but provides no answer with regard to amounts of compensation, the roles of the listed individuals, and the identity of programs or events they were compensated for – all information sought by Interrogatory No. 14. Please supplement your response to this Interrogatory by November 6, 2019.

**Interrogatory No. 15**: Plaintiffs sought identification of all studies regarding the CAEv2 and its civilian equivalents, predecessors, and successors. Defendants objected to providing information regarding products other than the CAEv2, and appear to have answered only with regard to the CAEv2. 3M's study and testing of predecessor and successor products, however, is relevant to this litigation, in that it can establish 3M's knowledge (and the timing of such knowledge) of defects in features common to the CAEv2 and a predecessor or successor product. Similarly, such information could establish 3M's knowledge of a safer alternative design for the CAEv2. Plaintiffs request that Defendants supplement their response to Interrogatory No. 15 to respond to those portions of the Interrogatory seeking information regarding products other than the CAEv2 by November 6, 2019.

**Interrogatory No. 16**: This Interrogatory seeks information about Defendants' knowledge of potential safer alternatives to the 3M Earplugs, and asked Defendants to "identify all passive level-dependent or non-linear HPDs *you are aware of*." Interrogatory No. 16 (emphasis added). Defendants object on the basis that the interrogatory seeks "publicly available information equally accessible to both parties," information "regarding hearing protection devices developed by entities other than Defendants," and "information regarding hearing devices other than the Combat Arms Earplug version 2." *See* Defs.' Response to Interrogatory No. 16.

These objections are improper, and Defendants must supplement their response to the extent it was limited based upon them. The scope of hearing protective devices that Defendants "are aware of," the date on which Defendants "became aware of" those devices, the studies and testing Defendants are aware of regarding those devices, and Defendants' communications with the U.S. Government regarding those devices – none of these items are publicly available information, and all are known only to Defendants. There should be no debate as to the relevance of the extent and timing of Defendants' knowledge regarding hearing protection devices developed by non-parties, the performance of those products, and Defendants' communications with the U.S. Government thereon. Please supplement your response to this Interrogatory by November 6, 2019.

**Interrogatory No. 23**: Defendants' response to Interrogatory No. 23, regarding other versions of the Flange Report, is self-evidently inadequate. Defendants have stated that they "*are presently aware of a single version of the flange memo, version 1.2*." *See* Defs' Response to

Interrogatory No. 23. Traditional naming conventions and the sequential nature of numbers strongly suggest that a document entitled "version 1.2" has at least one predecessor draft, and likely more (in addition to possible successor drafts). Plaintiffs request that Defendants provide an update as to the status of their investigation, the circumstances concerning the deletion or destruction of other versions of the Flange Report, and the identity of any individual who has possessed any version of the Flange Report. This information, like that sought above with regard to Interrogatory No. 11, is of central relevance to the testimony that Mr. Berger will provide beginning on November 11, and Plaintiffs therefore require it well in advance of that deposition, by Friday, November 1, 2019.

We are available to meet and confer on any of the above issues if necessary.

Very truly yours,

/s/ David R. Buchanan
David R. Buchanan, Co-Chair PSC
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042741993
Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 587-0700
dbuchanan@seegerweiss.com
cseeger@seegerweiss.com

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*Counsel for Plaintiffs*