# EXHIBIT D



January 21, 2020

**VIA EMAIL**
Mark Nomellini, Esq.
mnomellini@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle Dr.
Chicago, IL 60654

> Re:   *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, **3:19-md-2885**
>       *Defendants' Responses to Plaintiffs' Interrogatories*

Dear Mark:

We write to follow up on our discussions concerning Defendants' October 11, 2019 Responses and Objections to Plaintiffs' First Set of Interrogatories. As you know, in our October 30, 2019 letter, Plaintiffs identified a non-exhaustive set of deficiencies in Defendants' Interrogatory Responses. The Parties discussed those deficiencies in a November 4, 2019 meet-and-confer, and Defendants stated they would consider updating their responses. Though discovery has significantly progressed since then, Defendants have yet to do so. Having received no update from Defense counsel, Plaintiffs' counsel again reached out the week of January 6, 2020 with regard to several of the items below, and other later-identified deficiencies, which we now seek to resolve.

**Interrogatories Nos. 1, 2: Identification of Individuals**: Defendants' Response to Interrogatory No. 1 listed "individuals identified to date [October 11, 2019] that may have relevant information concerning" the 3M Earplugs. Defendants' response to Interrogatory No. 2 identified only Eric Fallon and Doug Ohlin as current or former Defendant employees who previously worked for the U.S. Government (excluding any individuals "who previously worked for the U.S. Government but who have no substantive knowledge of or involvement in the issues in this litigation."). To the extent Defendants have identified any other individuals responsive to either Interrogatory since October 11, 2019, please supplement your response to include them.

Additionally, Defendants' response to Interrogatory No. 1 stated that "dates of employment [were] presently unknown" with regard to approximately 11 individuals, including at least one individual (Theresa Schultz) who appears to have had employment or other contractual relationships with Defendants. To the extent any of these individuals' dates of employment are now known to Defendants, please supplement these responses.

**Interrogatories Nos. 3 and 8: Sales and Distribution Information**: Interrogatory No. 3 sought information regarding sales of 3M Earplugs, including product identifying information, amounts sold, identities of purchasers, and timing of sales. Defendants' response identified a set of spreadsheets laying out raw data, which Defendants stated was "sufficient to identify relevant sales histories" for the subject products. *See* Response to Interrogatory No. 3. Interrogatory No. 8 sought information on the distribution and sales of 3M Earplugs to the U.S. Government, including the identities of the individuals involved in any such transactions, and the location(s) to which 3M

Earplugs were distributed. Defendants' Response to Interrogatory No. 8 identified the same spreadsheets as their Response to Interrogatory No. 3 did.

Although the spreadsheets Defendants identified are thousands of pages long, Plaintiffs have determined that they ultimately do not contain responses to Interrogatories Nos. 3 and 8. Additionally, Defendants have demonstrated that they will not permit Plaintiffs to use information Plaintiffs draw from these documents in depositions. When Plaintiffs spent considerable effort converting some of the relevant and discernable data in these thousands of pages into a digestible chart for use in depositions, Defendants attacked the reliability of the reformatted data. *See* Myers Tr., Dec. 13, 2019 at 866:20-867:6. Plaintiffs request that Defendants answer Interrogatories Nos. 3 and 8.

**Interrogatories Nos. 3 and 21: Civilian-Use Versions**: As originally stated in Plaintiffs' October 30, 2019 letter, Interrogatory No. 3 sought identification of "each version of the 3M Earplugs," defined to include "any like-design earplugs marketed or sold by you for civilian use or non-military use." *See* Definition No. 11. Interrogatory No. 21 sought a description of the similarities and differences between the CAEv2 and "any like-design earplugs marketed or sold by you for civilian use or non-military use."

Neither your response to Interrogatory No. 3, nor your response to Interrogatory No. 21, contain reference to the "Browning Duo" earplug, a like-design earplug sold by 3M for non-military use. Your response to Interrogatory No. 21 omits reference not only to the Browning Duo, but also to the "Indoor/Outdoor Range Plug," another like-design earplug sold by 3M for non-military use. Plaintiffs request that Defendants supplement their responses to these Interrogatories, such that they provide information on all civilian-use iterations of the 3M Earplugs.

**Interrogatory No. 6: Typographical Error**: As originally stated in Plaintiffs' October 30, 2019 letter, Defendants Response to Interrogatory No. 6 cited to a document bearing Bates number "3M_MDL000528229." This document, which had not been produced at the time of your response, is a pair of June 2016 emails between Elliott Berger and Burak Ozaltin, regarding a presentation Mr. Berger had given. Plaintiffs assume the Bates number provided was a typographical error, and request that it be corrected to identify the document Defendants sought to identify.

**Interrogatories Nos. 13 & 14: Paid Promotion**: As originally stated in Plaintiffs' October 30, 2019 letter, the identity of the individuals and entities involved in indirect and direct marketing and promotional work relating to the creation of demand for the 3M Earplugs is clearly a proper topic of discovery. Defendants' response to Interrogatory No. 14 simply refers to their response to Interrogatory No. 13. Defendants' response to Interrogatory No. 13 provides a list of such individuals "identified to date," but provides no answer with regard to amounts of compensation, the nature of the work of the listed individuals, and the identity of programs or events they were compensated for – all information sought by Interrogatories Nos. 13 and 14. Please supplement your response to these Interrogatories to provide the requested information.

**Interrogatory No. 15: Predecessor and Successor Testing**: As stated in Plaintiffs' October 30, 2019 letter, this interrogatory sought identification of all scientific studies regarding the CAEv2 and its civilian equivalents, predecessors, and successors. Defendants in their response objected to providing information "regarding hearing protection devices other than the Combat Arms Earplug version 2 and any like-design dual-ended earplugs sold by Defendants for civilian

use." 3M's study and testing of predecessor and successor products, however, is relevant to this litigation, as the Court has expressly recognized. *See* Oct. 9, 2019 Order, Dkt. No. 748, at 16 ("Defendants must produce documents relating to predecessor and successor versions of the CAEv2 concerning [*inter alia*]: the design, development and testing of non-CAEv2 products[.]"). To the extent that Defendants did not identify in their Response to Interrogatory No. 15 testing of predecessor and successor products on the basis of their objection, please supplement your response to meet the scope of discovery ordered by the Court.

**Interrogatory No. 16: Knowledge of Alternative Designs**: As stated in Plaintiffs' October 30, 2019 letter, this Interrogatory seeks information relevant to Defendants' knowledge of potential alternatives to the 3M Earplugs, and asked Defendants to "identify all passive level-dependent or non-linear HPDs *you are aware of*." Interrogatory No. 16 (emphasis added). Defendants objected on the basis that the interrogatory seeks "publicly available information equally accessible to both parties," information "regarding hearing protection devices developed by entities other than Defendants," and "information regarding hearing devices other than the Combat Arms Earplug version 2." *See* Defs.' Response to Interrogatory No. 16.

With regard to the scope of hearing protective devices that Defendants "are aware of," the date on which Defendants "became aware of" those devices, the studies and testing Defendants are aware of regarding those devices, and Defendants' communications with the U.S. Government regarding those devices – none of these items are publicly available information, and all are known only to Defendants. Defendants' knowledge of these potential alternatives is clearly relevant in this case. To the extent Defendants' response was limited based on these objections, it must now be supplemented.

**"Defendants reserve the right to supplement this response…"**

Though almost all of Defendants' Interrogatory Responses included a caveat reserving Defendants' right to supplement their responses as discovery continues, Rule 26(e) requires such supplementation. As you know, discovery is proceeding rapidly, and all indications from the Court are that time is of the essence with regard to discovery on Defendants' affirmative defenses. Accordingly, Plaintiffs' reserve all rights with regard to any delays in Defendants' responses and/or supplementation thereto.

We are available to meet and confer on any of the above issues if necessary.

Very truly yours,

/s/ David R. Buchanan
David R. Buchanan, Co-Chair PSC
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042741993
Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660

Tel.: (212) 587-0700
dbuchanan@seegerweiss.com
cseeger@seegerweiss.com

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*Counsel for Plaintiffs*