**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 10**

On April 13, 2020, the Court held a conference call with leadership counsel for both sides. This Order memorializes several key points of discussion during the call.

**1. Upcoming Case Management Conferences**

Due to the continued public health crisis from the coronavirus, there will not be an in-person case management conference on Friday, April 24, 2020. Instead, the case management conference will be conducted telephonically with leadership counsel for both sides only.

The case management conference currently set for July 31, 2020 at 9:30 a.m. Central has been rescheduled for Wednesday, July 29, 2020 at 9:30 a.m. Central. **All future in-person case management conferences will be conducted in the 5th Floor Courtroom at One N. Palafox Street, Pensacola, FL 32502**.

**2. New Motions to Remand**

Attorney Jeff Eckland has recently filed motions to remand in a number of individual cases. For purposes of efficiency and judicial economy, Defendants are granted leave to submit a single, consolidated response to the motions on the 3M MDL docket by May 8, 2020.

**3. Authorizations**

Initial bellwether plaintiffs must provide signed authorizations (*i.e.*, wet signatures) for the release of medical records (excluding mental health records) by previously identified healthcare providers, on a rolling basis, not later than **April 27, 2020**. Each authorization must bear the plaintiff's original, wet signature. A plaintiff's failure to provide a signed authorization for each previously identified healthcare provider will result in an Order to Show Cause.

Each initial bellwether plaintiff must execute 10 additional blank versions of the authorization form, which must be held by the plaintiff's counsel of record. The blank authorizations must bear the plaintiff's original, wet signature. If Defendants learn of a healthcare provider that was not previously identified by a plaintiff, then Defendants may request that the plaintiff's counsel of record complete one of the blank authorizations so that Defendants may obtain medical records from that healthcare provider. Within two business days of any written request for an additional authorization from Defendants, the plaintiff's counsel of record must

either: (1) provide the completed and executed authorization; or (2) provide a written objection to the production of the requested authorization. If there is a dispute, the parties must confer in an effort to resolve it. If the parties are unable to resolve a dispute over a requested authorization within the allotted time, then they must bring the dispute to the Court for resolution by the end of the second business day after Defendants' request.

Additionally, Plaintiffs must maintain an accounting of all authorizations for the release of medical records for each initial bellwether plaintiff, including the number of authorizations for each plaintiff, the healthcare provider identified in each authorization, the date each request for an authorization was received from Defendants, and the date each signed authorization was provided to Defendants. The first accounting must be provided to Judge Herndon by April 30, 2020, and it must be supplemented with information regarding any new authorizations every 14 days thereafter.

**4. Remote Depositions**

The parties will confer regarding remote depositions and, if no agreement can be reached, must file simultaneous briefs on the issue by Friday, April 17, 2020.

**SO ORDERED**, on this 14th day of April, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**