# PX121

Confidential - Pursuant to Protective Order

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE:   3M COMBAT ARMS | ) | Case No. 3:19md2885 |
| EARPLUG PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | Judge M. Casey |
| ------------------------ | ) | Rodgers |
| | ) | Magistrate Judge |
| THIS DOCUMENT RELATES TO | ) | Gary R. Jones |
| ALL CASES | ) | |

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

The videotaped deposition of MARTIN SALON, called by the Plaintiffs for examination, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before JULIANA F. ZAJICEK, a Registered Professional Reporter and Certified Shorthand Reporter, at the offices of Kirkland & Ellis LLP, 1301 Pennsylvania Avenue, Washington, DC, on the 29th day of January, 2020, commencing at 9:11 a.m.

Confidential - Pursuant to Protective Order

Page 2

```
 1   PRESENT:
 2   ON BEHALF OF THE PLAINTIFFS:
 3         THE MONSOUR LAW FIRM
             404 North Green Street
 4         Longview, Texas 75601
             903-999-9999
 5         BY:  DOUGLAS C. MONSOUR, ESQ.
                  doug@monsourlawfirm.com;
 6              KATY KROTTINGER, ESQ.
                  katy@monsourlawfirm.com
 7
                     -and-
 8
           AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
 9         17 East Main Street, Suite 200
             Pensacola, Florida 32502
10         850-202-1010
           BY:  BRYAN AYLSTOCK, ESQ.
11                baylstock@awkolaw.com
12                   -and-
13         CLARK, LOVE & HUTSON, PLLC
             440 Louisiana Street, Suite 1600
14         Houston, Texas 77002
             713-757-1400
15         BY:  SHELLEY HUTSON, ESQ.
                  SHutson@TrialLawFirm.com
16
                     -and-
17
           LAMINACK, PIRTLE & MARTINES, L.L.P.
18         5020 Montrose Boulevard, 9th Floor
             Houston, Texas 77006
19         713-292-2750
           BY:  THOMAS W. PIRTLE, ESQ.
20                tomp@lpm-triallaw.com
21
22
23
24
```

Confidential - Pursuant to Protective Order

Page 3

```
 1   PRESENT: (Continued)
 2   ON BEHALF OF THE DEFENDANTS:
 3        KIRKLAND & ELLIS LLP
          300 North LaSalle
 4        Chicago, Illinois 60654
          312-862-2000
 5        BY:  ROBERT B. ELLIS, P.C.
               robert.ellis@kirkland.com
 6
                  -and-
 7
          KIRKLAND & ELLIS LLP
 8        2049 Century Park East
          Los Angeles, California 90067
 9        213-680-8122
          BY:  SAGHAR ESFANDIARIFARD, ESQ.
10             saghar.esfandiarifard@kirkland.com
11
12
13   ALSO PRESENT:
14        BRAD SMITH, Trial Technician,
          Golkow Litigation Services
15
16
17   THE VIDEOGRAPHER:
18        DEVYN MULHOLLAND,
             Golkow Litigation Services
19
20
21
22
23
24   REPORTED BY:  JULIANA F. ZAJICEK, RPR, CSR 84-2604.
```

Golkow Litigation Services - 877.370.DEPS

Confidential - Pursuant to Protective Order

Page 54

1  this information from the government, that has a
2  negative effect on our soldiers, true?
3       MS. ESFANDIARIFARD:  Object to foundation.
4  BY THE WITNESS:
5       A.   Possibly.
6  BY MR. MONSOUR:
7       Q.   Okay.  Is that okay, to sell a product and
8  conceal information where it will have a negative
9  effect on our soldiers?
10      A.   Yes.
11      Q.   Okay.  Do you agree with me that our
12 soldiers, they are pretty heroic people, don't you
13 agree with that?
14      A.   Absolutely.
15      Q.   They have an incredibly dangerous job and
16 I think they would all tell you that they are
17 underpaid.
18           Do you agree with that?
19      A.   I'm not sure about the underpaid part, but
20 I believe -- I'm guessing that would be a fair
21 statement.
22      Q.   Okay.  So for people that are as heroic as
23 our soldiers are and put their lives on the line to
24 benefit the United States, should -- should they be

Confidential - Pursuant to Protective Order

Page 55

1  given the full truth about the products that they use?
2       MS. ESFANDIARIFARD:  Object to form.
3  BY THE WITNESS:
4       A.   Not necessarily.
5  BY MR. MONSOUR:
6       Q.   Should they be given -- should they be
7  told only the good things about a product and not told
8  the negative aspects of a product?
9       MS. ESFANDIARIFARD:  Same objection.
10 BY THE WITNESS:
11      A.   It would depend on what the negatives were
12 and what the positives were.
13 BY MR. MONSOUR:
14      Q.   What if the negatives were that the
15 product was too short for being properly inserted,
16 should that be told to the troops that are trying to
17 insert the product in their ears?
18      MS. ESFANDIARIFARD:  Object to form.
19 BY THE WITNESS:
20      A.   I would think if they were properly
21 trained to put the product in, there would be less of
22 an issue, potential issue.
23 BY MR. MONSOUR:
24      Q.   Okay.