UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 33**
**Court-Appointed Expert Witness**

The 3M Combat Arms Products Liability Litigation was transferred to this Court for "coordinated or consolidated pretrial proceedings" on April 3, 2019. *See* Transfer Order, ECF No. 1 at 2. Since then, the plaintiff universe has expanded to 8,000 cases on the MDL docket and more than 67,050 cases on the administrative docket. Another 74,000 cases are in the process of being filed on the administrative docket, for a total plaintiff population of nearly 150,000. Between June 2019 and April 2020, extensive corporate and government discovery took place. In that time, Defendants produced more than 11 million documents pursuant to a Technology Assisted Review ("TAR") Protocol, and also produced documents and responded to 83 Requests for Production, 30 Interrogatories, and three Requests for Inspection. Additionally, at least 21 individuals have been deposed to date, including three 3M Rule 30(b)(6) witnesses and three individuals from the United States Government. Suffice it to say, ensuring the "just and efficient conduct" of the litigation has been

a massive undertaking for the parties, counsel, third-party neutrals, and the Court. *See* 28 U.S.C. § 1407 (2020).

A majority of the cases in this MDL allege personal injury claims for damages related to the plaintiffs' use of the Combat Arms Earplug (CAEv2) while serving in the United States military. Most of the medical and other relevant records related to these current and former servicemembers' claims are in the possession or control of the federal government—specifically, the Department of Defense, Department of Veterans Affairs, and the United States Army, Navy, Marine Corps, Air Force, and Coast Guard. The parties' ability to obtain the necessary records depends on these federal agencies' capacity to locate, collect, and produce them. Thus far, the Court, with the agencies' agreement, has pursued an incremental approach to record collection from the government. Even so, the process has proven extraordinarily time-consuming and complex. Given the magnitude of this litigation, it is unrealistic to expect that the agencies can produce full records for the entire plaintiff population.

In order for the MDL to continue moving forward against this backdrop, it will be essential to assemble an inventory of individual servicemembers' records that is broadly informative with respect to the litigation-relevant characteristics of the plaintiff population as a whole. The cases selected for targeted records requests to date—the 25 bellwether cases, followed by 1,509 cases approximating one-percent of the total plaintiff population—will provide insights into the characteristics

of the *most* representative plaintiffs.[1]  But there are many more variants of litigation-relevant characteristics that must be considered to develop a more complete and accurate picture of the full universe of cases in the MDL.  Understanding what those characteristics are, and how much information is necessary to provide a fair and reliable basis for extrapolation, will require impartial expert assistance.

Accordingly, pursuant to Federal Rule of Evidence 706, the parties are hereby **ORDERED TO SHOW CAUSE** why an independent expert, such as a biostatistician, should not be appointed to assist the Court in a manner consistent with this Order, by **Friday, May 8, 2020**.  If there is no objection to the appointment of an independent expert for the above-described purposes, then a statement to that effect should be filed on the docket by that same date.  In any event, the parties are encouraged to confer and nominate an expert for this role.

**SO ORDERED**, on this 24th day of April, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Based on the census data gathered from individual plaintiffs in MDL Centrality, the most representative plaintiff is between the ages of 30 and 49, serves or served in the Army, and alleges a combination of tinnitus and hearing loss.  All of the bellwether plaintiffs, and 60% of 1,509 targeted records requests, share those characteristics.  Forty percent of the targeted records requests encompass additional, highly prevalent characteristics—plaintiffs who are between the ages of 30 and 49, who serve or served in either the Army or the Marine Corps, and allege tinnitus alone.