## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:19-md-02885-MCR-GRJ |
| | | Judge M. Casey Rodgers |
| This Document Relates to All Cases | | Magistrate Judge Gary R. Jones |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AN EXHIBIT FROM PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 26(c), Local Rule 5.5, this Court's June 17, 2019 Pretrial Order No. 9, Stipulated Order Governing Confidentiality and Privilege ("Protective Order"), entered in *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Case No. 3:19-md-2885-MCR-GRJ, ECF No. 442, and the Court's October 24, 2019 Order establishing a framework by which a party may file a document under seal, ECF No. 788, the Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC, and Aearo, LLC ("Defendants") respectfully move the Court for leave to file under seal Exhibit 58 to Plaintiffs' Motion for Summary Judgment, ECF No. 1072-61 ("PX58").

After multiple rounds of briefing, nearly 200 exhibits, and several productive meet and confers with counsel, Defendants move to file under seal a single exhibit, PX58, a 1,442 page document that contains confidential information pertaining to private personal information, customer identities, customer interactions, proprietary technology and processes, confidential testing processes, and communications related to product testing, development, and design.

## I.   ARGUMENT

The right of access to judicial proceedings is not absolute and can be overcome if a party establishes good cause for filing under seal.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  The decision of whether good cause exists is based on the nature and character of the information in question, and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question."  *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311, 1315 (11th Cir. 2001) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978)) (internal punctuation omitted).

The good cause determination requires the court to (1) determine whether valid grounds exist for filing a document under seal, and (2) balance the  interest in accessing the information against the litigant's interest in confidentiality.  *Chi.*

*Tribune*, 263 F.3d at 1313.  Because Defendants satisfy both elements, PX58 should remain under seal.

### A.    Defendants' Grounds for Filing PX58 Under Seal

PX58—a 1,442 page spreadsheet created by 3M employee Elliott Berger—contains numerous instances of confidential information that establish valid grounds for filing it under seal.  First, nearly every page of the document contains private personal information of individuals with no involvement in this litigation.  This includes the phone numbers, home and business addresses, e-mail addresses, and job descriptions of third parties.  This is precisely the kind of information that warrants filing an exhibit under seal.  *See Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014) (holding that since "detailed contact information of numerous individuals is contained within certain exhibits, and said individuals have not consented to disclosure of their personal information, an order to seal is required").  In *Shamblin*, the court sealed the entire document instead of requiring redaction.

Second, PX58 contains information related to the names and contact information of potential and actual customers.  *See, e.g.*, PX58, 3M_MDL000696204_838, row 4799 (potential customer asking about a competitor's hearing protective device); *id.* at 1066, row 5819 (discussing questions from a customer or potential customer regarding products not at issue in this

litigation); *id.* at 1298, row 6758 (client requesting a solution to a unique hearing conservation issue); *id.* at 1299, row 6764 (potential customer seeking solution for high noise levels); *id.* at 1357, row 6942 (potential customer seeking advice on using Defendants' hearing protective device); *id.* at 1346, row 6913 (potential customer seeking hearing conservation materials and information about hearing protective devices). These communications with potential and actual customers and third-parties and their corresponding personal private information are confidential. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 5928586, at *2 (S.D. Fla. Nov. 1, 2013) (granting a motion to file under seal because a document contained names and communications with potential customers); *HCC Ins. Holdings, Inc. v. Flowers*, No. 1:15-CV-03262-WSD, 2016 WL 10587117, at *1 (N.D. Ga. Aug. 30, 2016) (holding that "Plaintiff has shown good cause" to warrant filing "information regarding specific customers" under seal).

Third, PX58 contains several instances of trade secrets and other proprietary information. This includes information concerning the design and/or development of products or potential products not at issue in this litigation. *See*, *e.g.*, PX58 at 3M_MDL000696204_289, row 3 (discussing the design of a product not at issue in this litigation); *id.* at 291, row 7 (discussing the design of a product not at issue in this litigation); *id.* at 534, row 2973 (discussing potential design modifications to a product not at issue in this litigation); *id.* at 1029, row 5663 (discussing the

4

development a potential product not at issue in this litigation); *id.* at 1219, row 6448 (discussing the development of a product or potential product not at issue in this litigation); *id.* at 1270, row 6656 (discussing materials used and ideas for potential suitable material to manufacture a product not at issue in this litigation); *id.* at 1404, row 275 (discussing design specifications of products or potential products not at issue in this litigation).   Similarly, PX58 contains commercially sensitive information regarding the performance of and/or tests conducted on products or potential products unrelated to this litigation.   *See*, *e.g.*, PX58 at 3M_MDL000696204_289, row 3 (discussing the performance of a product not at issue in this litigation); *id.* at 291, row 7 (discussing testing conducted on a product not at issue in this litigation); *id.* at 1029, row 5663 (discussing internal testing processes and testing performed on a product not at issue in this litigation); *id.* at 1219, row 6448 (discussing testing on a product or potential product not at issue in this litigation); *id.* at 1384, row 42 (discussing testing conducted on products and/or potential product(s) not at issue in this litigation); *id.* at 1406, row 288 (discussing testing conducted on products not at issue in this litigation); *id*. at 1404, row 275 (discussing performance features of products or potential products not at issue in this litigation).   This information is valuable to Defendants, would be valuable to its competitors if released, and "derives its value by virtue of the effort of its creation and lack of dissemination." *Chi. Tribune*, 263 F.3d at 1313–14.  Furthermore, PX58

came from a document in Defendants' files, 3M_MDL000696204, which has been kept confidential by Defendants and was designated confidential when produced to Plaintiffs pursuant to this litigation.  Because this information was kept confidential and its release would harm Defendants commercially, Defendants have established valid grounds for filing PX58 under seal.

Lastly, there is no less onerous alternative to filing PX58 under seal.  It would be extremely burdensome for  Defendants to redact 1,442 pages and thousands of rows of of third-party and customer names, e-mails, phone numbers and addresses, customer interactions, and discussions of proprietary testing, product designs, and technologies.

**B.      Defendants' Interest in Confidentiality Clearly Outweighs the Interest In Viewing The Documents**

The public has no interest in accessing the information in PX58 because it contains no information relevant to the litigation or Plaintiffs' Summary Judgment Motion.  Plaintiffs cite PX58 in its Summary Judgment briefing for a singular purpose—for what they claim it does *not* say.  Plaintiffs state that "[n]ot even his 7,005-entry call log, 1,653-entry rolodex, 624-entry notebook . . . shows [Berger] told Ohlin 'anything about the flange report' or Test 213015."  ECF No. 1072 at 30. Similarly, Plaintiffs state, "[t]ellingly, Berger's call log, which summarizes 7,005 'important' customer calls from 1992 to 2016, contains nary a word about such a

conversation." *Id.* at 24; *see also* ECF No. 1089 (Pl.'s Opp. to MSJ) at 22, 28 (citing PX58 for the same reason).

Furthermore, the public has access to other evidence, including deposition testimony and documents, sufficient to "acquaint the Court with the facts underlying their respective positions other than through the use of the confidential documents." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013); ECF No. 1072 at 30 (citing PX55 (Berger 152:2-155:9), where Berger testified that a conversation with Ohlin might not be in PX58 because "it wouldn't necessarily have been recorded.").

While Plaintiffs would not be harmed by the sealing of PX58, public disclosure would harm the individuals whose contact information it contains and Defendants.  The EARCal laboratory is "a world-renowned test facility for both passive hearing protection and electronic/electroacoustic communication products." Ex. A (11/13/19 Berger Tr.) at 29:22-25.  As such, Defendants have a bona fide interest in keeping confidential the above described discussions related to its internal testing procedures and its testing of specific products.

The release of Defendants' test results, processes, or ideas; product designs and improvements; as well as private communications with potential customers; could jeopardize its competitive advantage and harm its financial interests. Competitors could use this otherwise private information to gain a competitive

7

advantage in the market. *See Pohly v. Intuitive Surgical, Inc.*, No. 15-CV-04113-MEJ, 2017 WL 878019, at \*3 (N.D. Cal. Mar. 6, 2017) (Arguing successfully that "competitors could use [confidential] information to develop or improve its own products based upon [defendant's] research and development, testing, and refinements to the manufacturing process."). On the other hand, Plaintiffs cite PX58 only for what they claim it does *not* contain. ECF No. 1072 at 24, 30. As such, Defendants have satisfied the balancing test necessary to show good cause to file a document under seal.

## II.   CONCLUSION

PX58 is comprised almost entirely of personal and confidential information. Indeed, Plaintiffs rely on it only for what they assert it does *not* say. And redacting this 1,442 page, multi-thousand row document, would be unduly burdensome. Accordingly, Defendants respectfully request leave to file PX58 under seal.

DATED:  April 24, 2020                KIRKLAND & ELLIS LLP

                                       By: */s/ Mike Brock*
                                            Mike Brock

                                       Mike Brock
                                       KIRKLAND & ELLIS LLP
                                       1301 Pennsylvania Avenue, N.W.
                                       Washington, D.C. 20004
                                       Telephone:  (202) 389-5991
                                       Email: mike.brock@kirkland.com

                                       Mark J. Nomellini
                                       Nicholas F. Wasdin
                                       KIRKLAND & ELLIS LLP
                                       300 North LaSalle
                                       Chicago, Illinois 60654
                                       Telephone:   (312) 862-3254
                                       Email: mark.nomellini@kirkland.com
                                       Email: nick.wasdin@kirkland.com

                                       *Counsel for Defendants 3M Company, 3M*
                                       *Occupational Safety LLC, Aearo*
                                       *Technologies LLC, Aearo Holding, LLC,*
                                       *Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that on April 17, 2020, counsel for Defendants contacted Plaintiffs' counsel to obtain consent to the relief requested in Defendants' Motion for Leave to File Under Seal an Exhibit from Plaintiffs' Motion for Summary Judgment.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this brief complies with the word limit of Local Rules 7.1(F), and contains 1,599 words, excluding the parts exempted by those Rules.

DATED: April 24, 2020                      Respectfully submitted,

                                                         */s/ Mike Brock*                      
                                                         Mike Brock

## **CERTIFICATE OF SERVICE**

I, Mike Brock, hereby certify that on April 24, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

DATED: April 24, 2020                    Respectfully submitted,

                                          */s/ Mike Brock*
                                         Mike Brock