# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 34[1]
### Changes in Firm and/or Representation

It is not uncommon for law firms to reorganize and/or attorneys to change firms during the course of an MDL. However, in this MDL, and indeed in any case, it is imperative that the Court be formally notified of any such changes and that the record accurately reflect a party's current counsel of record at all times. To that end, the following notice procedures must be followed with respect to cases on the 3M MDL docket within 14 days after an attorney of record leaves a law firm or a law firm of record dissolves:

1. If an attorney is departing the original law firm of record and only the original firm will continue representing the client, the law firm of record must notify the Court of the departure and certify that it has provided the client/party with the notice required by Florida Rule of Professional Conduct 4-5.8. The law firm must

---

[1] This Order applies only to cases on the 3M MDL docket. If representation becomes an issue in cases pending on the 3M administrative docket, then counsel must follow the procedures set forth in Pretrial Order No. 22, ECF No. 898 at 8.

also identify the name(s) of the attorneys in the firm who will continue representation of the client/party on behalf of the firm. To the extent the departing attorney has appeared in the case through a different law firm, then the departing attorney must file a formal withdrawal from representation on the individual docket for each case in which he or she has appeared in that capacity. If the departing attorney is withdrawing from 25 or more cases on this basis, then he or she may file a consolidated notice of withdrawal on the MDL docket, which must identify all cases to which the withdrawal notice applies. The Clerk of Court will then enter the notice in the appropriate cases and terminate the departing attorney's representation accordingly. Should a joint representation agreement subsequently be reached between the original firm, the departing attorney and his or her new firm, and the respective client/party, the departing attorney will be permitted to file a new notice of appearance.

2. If an attorney is departing the original law firm of record, and the departing attorney and his or her new firm will take over representation of the client, then the departing attorney must file a motion for substitution of counsel, with appropriate consents included.

3. If the departing lawyer and the original law firm have given the requisite notice and made the appropriate request for the client/party to select either the departing lawyer or the law firm to continue the representation, but the client has

Case No. 3:19md2885/MCR/GRJ

not responded within 14 days, then absent an agreement to the contrary, the original law firm will continue the representation in the interim.  *See* R. Regulating Fla. Bar 4-5.8 cmt. (2020).  If the departing lawyer and the original law firm have agreed regarding who will continue handling the client's matters, then absent disagreement by the client, the agreement will determine whether the departing lawyer or the law firm will continue the representation.  *See id.*  In any event, the Court must be properly notified on the record.

      **SO ORDERED**, on this 28th day of April, 2020.

                            *M. Casey Rodgers*
                            **M. CASEY RODGERS**
                            **UNITED STATES DISTRICT JUDGE**