# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AN EXHIBIT FROM PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs file this response opposing Defendants' motion to seal Exhibit PX58 to Plaintiffs' Motion for Summary Judgment (D.I. No. 1072-61 ("PX58")) pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 5.5, the Court's June 17, 2019 Pretrial Order No., Stipulated Order Governing Confidentiality and Privilege ("Protective Order"), and the Court's October 24, 2019 Order establishing the procedure by which a party may file a document under seal (D.I. No. 788),

As Defendants indicated, the parties met and conferred in a productive manner following the procedure outlined in the Court's October 24, 2019 Order. Although the parties successfully resolved disputes over the sealed status of hundreds of exhibits during their numerous telephone and email communications, they were unable to resolve whether PX58 should be sealed. PX58 is a call log with 7,005

entries between 1992 and 2016. The information contained within PX58 is illustrative of the types of communication Elliott Berger identified and organized between himself and members of the DOD and military, including Dr. Ohlin. It is also illustrative of the meticulous manner in which he recorded his daily activities and contact with the military and others.

Defendants allege PX58 contains proprietary technology and process, confidential testing processes, confidential information pertaining to private personal information, customer identities, customer interactions, and communications relating to product testing, development, and design. While certain entries could arguably fall into those categories, clearly the vast majority of the entries do not in any way implicate these concerns. The instant dispute could not be resolved because Defendants never specifically identified which portions of the document fell within any of those enumerated categories. Plaintiffs repeatedly advised their willingness to compromise on appropriate redactions to PX58 as identified by Defendants – in the same manner that dozens of other initially sealed and disputed documents were resolved. Contrary to Defendants' assertions, the size of the document is not, by itself, good cause for filing under seal.

I.   ARGUMENT

The Eleventh Circuit has held that documents filed with and related to substantive, merits-based motions should ordinarily not be filed under seal and are subject to the common law right of access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1241 (11th Cir 2007). PX58 is a 1,442-page spreadsheet of call notes authored by Mr. Berger, and is specifically related and directly relevant to Plaintiffs' Motion for Summary Judgment on Defendants' Government Contractor Defense, which is a substantive, merits-based motion. *See Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304 (11th Cir.2001); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir.1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). Due to the nature of the current motion practice, there is a presumptive right of public access to PX58.

A motion that is "presented to the court to invoke its powers or affect its decisions," whether or not characterized as dispositive, is subject to the public right of access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995); *see also Leucadia, Inc.* at 164 (common law right applies to motion to approve settlement agreement); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1309 (7th Cir.1984) (right of access applies to motion to terminate derivative claim). Ultimately, the proponent of sealing has the burden to show good cause exists to deny the public access to the

document. The Eleventh Circuit requires that a court then undertake a balancing test that weighs "the competing interests of the parties" to determine whether there is good cause to deny the public the right to access the document. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001).

Defendants have failed to provide that good cause exists here by repeatedly claiming, both in meet-and-confers and in briefing, that the size of the document is too burdensome for them to provide specific proposed redactions or specific identification of the types of protected information within the document. Plaintiffs have repeatedly complied with requests to identify specific relevant portions in relation to the purpose and support this document provides toward their motion practice, including specific references to conversations with Dr. Ohlin and other military contacts relating to the Combat Arms Earplug Version 2 ("CAEv2"), while any discussion of the Flange Report or its contents is glaringly missing. Defendants seek to keep this document sealed in its entirety, not because of the heavy burden in redacting portions of the document, but because the document in its entirety demonstrates unequivocally that there was no communication with Dr. Ohlin (or anyone else outside of Aearo/3M) relating to the Flange Report or its contents.

The overwhelming majority of PX58 is not personal and confidential information and as such does not meet the standard the Eleventh Circuit has set for sealing the document. While Plaintiffs acknowledge that some information

contained within the document could be interpreted as either personal or confidential, Plaintiffs have repeatedly agreed to redact for (1) privacy concerns for personal and confidential information, (2) potential and actual customers, (3) trade secrets and proprietary information, and (4) commercial information relating to products or potential products unrelated to this litigation.  Large portions of the document directly relate to the CAEv2, government contractor defense and the information at the center of the litigation – as well as the dispositive dispute.  Further, the information is organized in a spreadsheet format with columns, making it simple for Defendants to identify the columns within PX58 containing phone numbers, home addresses, and e-mail addresses for privacy redaction.  Defendants have refused to do so.  In fact, Defendants have not provided more than a handful of examples of each type of protected information within the document. Plaintiffs maintain that as the moving party, it is Defendants burden to identify portions of the document to be sealed. The isolated examples given do not mandate sealing the entire document simply because Defendants find the redaction process to be voluminous or difficult.

     Examples of the relevant information within PX 58, both to the litigation as a whole and the information argued about in the dispositive briefing, follows:

     a. ███████████████████████████████████████████
          ███████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████████

b.  █████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████

c.  █████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████ It goes toward the weight of the public interest in the exhibit as a whole and Plaintiffs reliance on this extensive document to show the importance that *the lack* of any such discussion of the Flange Report between Mr. Berger and Dr. Ohlin is relevant to the dispositive briefing and of public interest.

Due to the extensive discussions contained within the call notes, the absence of any specific communication with Dr. Ohlin regarding the CAEv2's defects and dangers is especially notable. Only by knowing what the call notes say does the assertion of what it does not say have significant weight. The burden should not fall on Plaintiffs to argue which portions are relevant and publicly available but to Defendants to protect what must be sealed – and the rationale for doing so.

## II.   CONCLUSION

A party seeking to seal judicial records bears the burden to demonstrate compelling reasons to deny the public access to records. Defendants have failed to make that showing. Thus, PX58 should be unsealed in whole or in part.

Dated: May 8, 2020                    Respectfully submitted,

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8th day of May 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

>  */s/ Bryan F. Aylstock*
> Bryan F. Aylstock