# EXHIBIT C



Department of Defense

# DIRECTIVE

**NUMBER** 5405.2
July 23, 1985
<span style="color:red">Certified Current as of November 21, 2003</span>

GC, DoD

SUBJECT:  Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses

References: (a)  Sections 301, 552, and 552a of title 5, United States Code
          (b)  Section 133 of title 10, United States Code
          (c)  DoD Directive 5220.6, "Industrial Personnel Security Clearance Program," December 20, 1976
          (d)  DoD 5200.1-R, "Information Security Program Regulation," August 1982
          (e)  DoD Directive 5230.25, "Withholding of Unclassified Technical Data from Public Disclosure," November 6, 1984
          (f)  DoD Instruction 7230.7, "User Charges," January 29, 1985
          (g)  DoD 5400.7-R, "DoD Freedom of Information Act Program," December 1980

1. PURPOSE

Under Section 301 reference (a) and reference (b), this Directive establishes policy, assigns responsibilities, and prescribes procedures for the release of official DoD information in litigation and for testimony by DoD personnel as witnesses during litigation.

2. APPLICABILITY AND SCOPE

    2.1.  This Directive applies to the Office of the Secretary of Defense (OSD), the Military Departments, the Organization of the Joint Chiefs of Staff (OJCS), the Unified and Specified Commands, and the Defense Agencies (hereafter referred to as "DoD Components"), and to all personnel of such DoD Components.

*DoDD 5405.2, July 23, 1985*

2.2. This Directive does not apply to the release of official information or testimony by DoD personnel in the following situations:

2.2.1. Before courts-martial convened by the authority of the Military Departments or in administrative proceedings conducted by or on behalf of a DoD Component;

2.2.2. Pursuant to administrative proceedings conducted by or on behalf of the Equal Employment Opportunity Commission (EEOC) or the Merit Systems Protection Board (MSPB), or pursuant to a negotiated grievance procedure under a collective bargaining agreement to which the Government is a party;

2.2.3. In response to requests by Federal Government counsel in litigation conducted on behalf of the United States;

2.2.4. As part of the assistance required in accordance with the Defense Industrial Personnel Security Clearance Program under DoD Directive 5220.6 (reference (c)); or

2.2.5. Pursuant to disclosure of information to Federal, State, and local prosecuting and law enforcement authorities, in conjunction with an investigation conducted by a DoD criminal investigative organization.

2.3. This Directive does not supersede or modify existing laws or DoD programs governing the testimony of DoD personnel or the release of official DoD information during grand jury proceedings, the release of official information not involved in litigation, or the release of official information pursuant to the Freedom of Information Act, 5 U.S.C. Section 552 (reference (a)) or the Privacy Act, 5 U.S.C. Section 552a (reference (a)), nor does this Directive preclude treating any written request for Agency records that is not in the nature of legal process as a request under the Freedom of Information or Privacy Acts.

2.4. This Directive is not intended to infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

2.5. This Directive does not preclude official comment on matters in litigation in appropriate cases.

2.6. This Directive is intended only to provide guidance for the internal operation of the Department of Defense and is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law against the United States or the Department of Defense.

*DoDD 5405.2, July 23, 1985*

3. <u>DEFINITIONS</u>

    3.1.  <u>Demand</u>.  Subpoena, order, or other demand of a court of competent jurisdiction, or other specific authority, for the production, disclosure, or release of official DoD information or for the appearance and testimony of DoD personnel as witnesses.

    3.2.  <u>DoD Personnel</u>.  Present and former U.S. military personnel; Service Academy cadets and midshipmen; and present and former civilian employees of any Component of the Department of Defense, including nonappropriated fund activity employees; non-U.S. nationals who perform services overseas, under the provisions of status of forces agreements, for the United States Armed Forces; and other specific individuals hired through contractual agreements by or on behalf of the Department of Defense.

    3.3.  <u>Litigation</u>.  All pretrial, trial, and post-trial stages of all existing or reasonably anticipated judicial or administrative actions, hearings, investigations, or similar proceedings before civilian courts, commissions, boards (including the Armed Services Board of Contract Appeals), or other tribunals, foreign and domestic.  This term includes responses to discovery requests, depositions, and other pretrial proceedings, as well as responses to formal or informal requests by attorneys or others in situations involving litigation.

    3.4.  <u>Official Information</u>.  All information of any kind, however stored, that is in the custody and control of the Department of Defense, relates to information in the custody and control of the Department, or was acquired by DoD personnel as part of their official duties or because of their official status within the Department while such personnel were employed by or on behalf of the Department or on active duty with the United States Armed Forces.

4. <u>POLICY</u>

It is DoD policy that official information should generally be made reasonably available for use in Federal and State courts and by other governmental bodies unless the information is classified, privileged, or otherwise protected from public disclosure.

5. <u>RESPONSIBILITIES</u>

    5.1.  The <u>General Counsel, Department of Defense</u> (GC, DoD), shall provide general policy and procedural guidance by the issuance of supplemental instructions or specific orders concerning the release of official DoD information in litigation and the testimony of DoD personnel as witnesses during litigation.

*DoDD 5405.2, July 23, 1985*

5.2. The <u>Heads of the DoD Components</u> shall issue appropriate regulations to implement this Directive and to identify official information that is involved in litigation.

6. <u>PROCEDURES</u>

   6.1. <u>Authority to Act</u>

       6.1.1. In response to a litigation request or demand for official DoD information or the testimony of DoD personnel as witnesses, the General Counsels of DoD, Navy, and the Defense Agencies; the Judge Advocates General of the Military Departments; and the Chief Legal Advisors to the JCS and the Unified and Specified Commands, with regard to their respective Components, are authorized - after consulting and coordinating with the appropriate Department of Justice litigation attorneys, as required - to determine whether official information originated by the Component may be released in litigation; whether DoD personnel assigned to or affiliated with the Component may be interviewed, contacted, or used as witnesses concerning official DoD information or as expert witnesses; and what, if any, conditions will be imposed upon such release, interview, contact, or testimony. Delegation of this authority, to include the authority to invoke appropriate claims of privilege before any tribunal, is permitted.

       6.1.2. In the event that a DoD Component receives a litigation request or demand for official information originated by another Component, the receiving Component shall forward the appropriate portions of the request or demand to the originating Component for action in accordance with this Directive. The receiving Component shall also notify the requestor, court, or other authority of its transfer of the request or demand.

       6.1.3. Notwithstanding the provisions of subparagraphs 6.1.1. and 6.1.2., the GC, DoD, in litigation involving terrorism, espionage, nuclear weapons, intelligence means or sources, or otherwise as deemed necessary, may notify Components that GC, DoD, will assume primary responsibility for coordinating all litigation requests and demands for official DoD information or the testimony of DoD personnel, or both; consulting with the Department of Justice, as required; and taking final action on such requests and demands.

   6.2. <u>Factors to Consider</u>.  In deciding whether to authorize the release of official DoD information or the testimony of DoD personnel concerning official information (hereafter referred to as "the disclosure") pursuant to paragraph 6.1., DoD officials should consider the following types of factors:

       6.2.1. Whether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules;

6.2.2.  Whether the disclosure, including release in camera, is appropriate under the rules of procedure governing the case or matter in which the request or demand arose;

6.2.3.  Whether the disclosure would violate a statute, Executive order, Regulation, or Directive;

6.2.4.  Whether the disclosure, including release in camera, is appropriate or necessary under the relevant substantive law concerning privilege;

6.2.5.  Whether the disclosure, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to the DoD Information Security Program under DoD 5200.1-R (reference (d)), unclassified technical data withheld from public release pursuant to DoD Directive 5230.25 (reference (e)), or other matters exempt from unrestricted disclosure; and,

6.2.6.  Whether disclosure would interfere with ongoing enforcement proceedings, compromise constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.

6.3.  Decisions on Litigation Requests and Demands

6.3.1.  Subject to subparagraph 6.3.5., DoD personnel shall not, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official DoD information without the prior written approval of the appropriate DoD official designated in paragraph 6.1.  Oral approval may be granted, but a record of such approval shall be made and retained in accordance with the applicable implementing regulations.

6.3.2.  If official DoD information is sought, through testimony or otherwise, by a litigation request or demand, the individual seeking such release or testimony must set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought.  Subject to subparagraph 6.3.5., DoD personnel may only produce, disclose, release, comment upon, or testify concerning those matters that were specified in writing and properly approved by the appropriate DoD official designated in paragraph 6.1.  See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

6.3.3.  Whenever a litigation request or demand is made upon DoD personnel for official DoD information or for testimony concerning such information, the personnel upon whom the request or demand was made shall immediately notify the DoD official designated in paragraph 6.1. for the Component to which the individual contacted is or, for former personnel, was last assigned.  In appropriate cases, the responsible DoD official shall thereupon notify the Department of Justice of the request or demands.  After due consultation and coordination with the Department of Justice, as required, the DoD

official shall determine whether the individual is required to comply with the request or demand and shall notify the requestor or the court or other authority of the determination reached.

      6.3.4.  If, after DoD personnel have received a litigation request or demand and have in turn notified the appropriate DoD official in accordance with subparagraph 6.3.3., a response to the request or demand is required before instructions from the responsible official are received, the responsible official designated in paragraph 6.1. shall furnish the requestor or the court or other authority with a copy of this Directive and applicable implementing Regulations, inform the requestor or the court or other authority that the request or demand is being reviewed, and seek a stay of the request or demand pending a final determination by the Component concerned.

      6.3.5.  If a court of competent jurisdiction or other appropriate authority declines to stay the effect of the request or demand in response to action taken pursuant to subparagraph 6.3.4., or if such court or other authority orders that the request or demand must be complied with notwithstanding the final decision of the appropriate DoD official, the DoD personnel upon whom the request or demand was made shall notify the responsible DoD official of such ruling or order.  If the DoD official determines that no further legal review of or challenge to the court's ruling or order will be sought, the affected DoD personnel shall comply with the request, demand, or order.  If directed by the appropriate DoD official, however, the affected DoD personnel shall respectfully decline to comply with the demand.  See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

  6.4.  <u>Fees</u>.  Consistent with the guidelines in DoD Instruction 7230.7 (reference (f)), the appropriate officials designated in paragraph 6.1. are authorized to charge reasonable fees, as established by regulation and to the extent not prohibited by law, to parties seeking, by request or demand, official DoD information not otherwise available under the DoD Freedom of Information Act Program (reference (g)).  Such fees, in amounts calculated to reimburse the Government for the expense of providing such information, may include the costs of time expended by DoD employees to process and respond to the request or demand; attorney time for reviewing the request or demand and any information located in response thereto and for related legal work in connection with the request or demand; and expenses generated by materials and equipment used to search for, produce, and copy the responsive information.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).

  6.5.  <u>Expert or Opinion Testimony</u>.  DoD personnel shall not provide, with or without compensation, opinion or expert testimony concerning official DoD information, subjects, or activities, except on behalf of the United States or a party represented by the Department of Justice.  Upon a showing by the requestor of exceptional need or unique circumstances and that the anticipated testimony will not be adverse to the interests of the Department of Defense or the United States, the appropriate DoD official designated in paragraph 6.1. may, in writing, grant special authorization for DoD personnel to appear

*DoDD 5405.2, July 23, 1985*

and testify at no expense to the United States.  If, despite the final determination of the responsible DoD official, a court of competent jurisdiction, or other appropriate authority, orders the appearance and expert or opinion testimony of DoD personnel, the personnel shall notify the responsible DoD official of such order.  If the DoD official determines that no further legal review of or challenge to the court's order will be sought, the affected DoD personnel shall comply with the order.  If directed by the appropriate DoD official, however, the affected DoD personnel shall respectfully decline to comply with the demand.  See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

7. EFFECTIVE DATE AND IMPLEMENTATION

This Directive is effective immediately.  Forward two copies of implementing documents to the General Counsel, DoD, within 120 days.

*[signature]*

William H. Taft, IV
Deputy Secretary of Defense