# EXHIBIT E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Kimberly Olvey Branscome, P.C.
To Call Writer Directly:
+1 213 680 8370
kimberly.branscome@kirkland.com

2049 Century Park East, Ste 3700
Los Angeles, CA 90067
United States

+1 213 680 8400

www.kirkland.com

Facsimile:
+1 213 680 8500

April 14, 2020

**VIA EMAIL**

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
baylstock@awkolaw.com

Re:   *3M Combat Arms Earplug Products Liability Litigation*,
      Civil Action No. 3:19-md-02885-MCR-GRJ

Dear Mr. Aylstock:

I write regarding the objections to Defendants' First Set of Requests for Production and First and Second Set of Interrogatories. Plaintiffs set forth a series of procedural and substantive objections, none of which have merit. Accordingly, Defendants request to meet and confer with Plaintiffs regarding these objections on Thursday, April 16.  We understand that Nick Wasdin and Shelley Hutson have already discussed scheduling a meet and confer on that date.

As a threshold matter, Plaintiffs have made no indication as to whether they intend to provide substantive answers to virtually all of the propounded discovery. Though Plaintiffs "reserve the right to supplement" a handful of the requests for production, Plaintiffs are silent as to the remaining document requests and interrogatories. As Plaintiffs have stated to Defendants, to the extent that Plaintiffs are withholding documents or refusing to answer interrogatories, Plaintiffs "were obligated to state as much in their initial objections to that Request." *See* 12/17/2019 Letter from Buchanan to Gunderson at 2. Without specifying which interrogatories or requests for production, if any, that Plaintiffs refuse to respond to, Defendants have no reasonable way to evaluate the merits of Plaintiffs' objections.

Nevertheless, Defendants disagree with Plaintiffs' objections. As to procedural objections, Plaintiffs assert that written discovery "may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial." *See, e.g.*, Objection to Request for Production No. 9. But written discovery is precisely the mechanism by which Defendants are entitled to understand what proof (if any exists) that Plaintiffs have in support of their claims.

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

Bryan F. Aylstock, Lead Counsel
April 14, 2020
Page 2

Plaintiffs cannot refuse to answer written discovery only to ambush Defendants at trial with never disclosed evidence.

Other examples of Plaintiffs' improper objections are set forth below:

Plaintiffs object to defendants' basic request to identify witnesses with knowledge of the facts alleged in Plaintiffs' Complaints. *See* Objections to Interrogatory Nos. 1–2. Yet during the parties' meet and confer discussion on April 8, Plaintiffs' counsel stated that Plaintiffs were not required to provide initial disclosures because Rule 26 information (*e.g.*, the identity of Plaintiffs' witnesses) was encompassed in Defendants' interrogatories. Plaintiffs cannot now take the position that they are not required to disclose such basic information. *See, e.g.,* Federal Rule of Civil Procedure 26 (1)(A)(i) ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties. . . the name and, if known, the address and telephone number of each individual likely to have discoverable information . . .")

Interrogatory No. 9 requests that Plaintiffs identify medical providers who examined Plaintiffs' ears or hearing. Many Plaintiffs did not identify such providers in their census forms and others provided inadequate information. Moreover, if Plaintiffs cannot identify medical providers, they should not be permitted to call them at trial.

Interrogatory No. 14 requests that Plaintiffs identify whether they have been prescribed hearing aids or other hearing or ear-related treatment. Plaintiffs' wholesale objection fails to indicate whether Plaintiffs will provide any information, including even whether Plaintiffs have been prescribed a hearing aid.

Interrogatory No. 19 requests*, inter alia*, that Plaintiffs describe any ear surgery they have had. Plaintiffs' wholesale objection fails to indicate whether Plaintiffs will provide any information, including even whether Plaintiffs have had ear surgery.

Interrogatory No. 27 asks that Plaintiffs "Describe how You first acquired the CAEv2, including who first issued You the CAEv2 and the date on which they issued You the CAEv2." Again, Plaintiffs' wholesale objection fails to indicate whether Plaintiffs will provide any information about product use.

Interrogatory No. 34 requests that Plaintiffs "Describe in detail any complaints you made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, and the substance of the complaint." Plaintiffs object that this interrogatory is "irrelevant, immaterial, and/or unreasonably cumulative," but provide no basis for this objection.

## KIRKLAND & ELLIS LLP

Bryan F. Aylstock, Lead Counsel
April 14, 2020
Page 3

Interrogatory No. 36 requests that Plaintiffs "Describe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any." Plaintiffs object that the request "fails to define 'weapons' or 'operated,'" but provide no basis for that objection.

Request for Production No. 5 requests that Plaintiffs "Produce for inspection and photographing All Hearing Protection Devices that You have in Your possession; All packaging, instructions, and training materials for those Hearing Protection Devices; and All instructions and training materials for hearing safety guidance, such as firing range Or weapons safety documents, that You have in Your possession." Plaintiffs object that the request "fails to define 'packaging' or 'instructions,'" yet Plaintiffs used those same terms in their own requests.

Similarly, Request for Production No. 15 requests "[a]ll instructions or training materials Concerning the Relevant Earplugs." Plaintiffs object to the terms "instructions" and "training materials," but provide no basis for doing so.

Request for Production No. 17 seeks "[a]ll photographs, films, movies, or video recordings of the Relevant Earplugs or You wearing the Relevant Earplugs." Plaintiffs object that the request "when read literally requires Plaintiff to produce documents outside of Plaintiff's possession, custody, or control that are equally available to the requesting party," but provide no basis for this objection.

Nor is it proper for Plaintiffs to refuse to answer interrogatories or requests for production on the basis that certain terms, such as "loud noise," "examine," "injury," and "pain," are vague and ambiguous, as Plaintiffs now claim. Defendants dispute the propriety of Plaintiffs' remaining procedural objections, including the following:

- Defendant has exceeded the allowable number of interrogatories;[1]
- Information sought is unreasonably cumulative or duplicative of the information sought in the Census Form, Bellwether Information Sheet,[2] and authorizations[3];

---

[1] In fact the parties agreed on a limit of 100 interrogatories.

[2] At Plaintiffs' request, the Bellwether Information Sheets were not signed under oath.

[3] At this stage, Plaintiffs have provided only a small number of authorizations. And the authorizations seek information from third parties, not information in Plaintiffs' care, custody, or control.

## KIRKLAND & ELLIS LLP

Bryan F. Aylstock, Lead Counsel
April 14, 2020
Page 4

- Information sought may be better obtained through other means or manners of discovery such as a deposition;

- Information sought imposes an unnecessary or unreasonable burden on Plaintiff;

- Information is equally accessible to both parties;

- Information is sought solely for harassment or a "fishing expedition";

- Information is subject to certain privileges;

- Information sought is not limited in scope; and

- Request or question calls for an expert opinion.

Plaintiffs' other objections fare no better. For example, Plaintiffs object to interrogatories 71 through 73 on the basis that the information is sought "solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order." *See, e.g.*, Objections to Interrogatory Nos. 71–73. Plaintiffs' objection is perplexing in light of clear directives from Judge Jones's March 26, 2020 Order:

> Defendants, however, may: (1) propound discovery on the individual Bellwether Plaintiffs to determine if any has a diagnosed mental health condition; and (2) ask counsel for the Bellwether Plaintiffs whether they intend on offering expert testimony relevant to the above-mentioned damages or a mental health condition. If there is such a diagnosis or an intent to offer expert testimony, Defendants would be entitled at that time to discovery on this issue (and consequently the execution of an authorization).

Dkt No. 1065 at 7. Plaintiffs' remaining substantive objections are improper, including:

- Information sought is outside the scope of Plaintiffs' personal knowledge; and

- Information related to Plaintiffs' military, medical, educational, employment, compensation, and recreational histories is irrelevant or overly broad.

This list of objections is provided by way of example only, as Plaintiffs object to all of defendants' document requests and interrogatories.

We look forward to discussing these issues with you on April 16.

# KIRKLAND & ELLIS LLP

Bryan F. Aylstock, Lead Counsel
April 14, 2020
Page 5

                              Sincerely,

                              */s/ Kimberly Branscome*

                              Kimberly Branscome

cc:    Plaintiff Co-Lead and Co-Liaison Counsel, Discovery & ESI Subcommittee, Jennifer Hoekstra