UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER OF APPOINTMENT**

With the parties' consent and pursuant to Federal Rule of Civil Procedure 53, Ellen K. Reisman, partner at Reisman Karron Greene, LLP in Washington, DC, is appointed as a special master to assist the Court in efficiently coordinating settlement discussions in these proceedings.[1]  She has filed the affidavit required by Rule 53(b)(3)(A), stating that there are no grounds for disqualification under 28 U.S.C. § 455.  *See* ECF No. 1146.  The special master must proceed with all reasonable diligence in fulfilling the duties assigned her by the Court.

A.  <u>Special Master Duties and Authority</u>.  Pursuant to Rule 53(b)(2)(A), the special master will assist the Court with settlement matters only.  She may take all appropriate measures to fairly and efficiently perform her duties.  She must not, however, act as an advocate, representative, fiduciary, or counsel for any party and

---

[1] This Order is entered as a matter of routine practice for the undersigned in presiding over complex litigation matters.  It should not be misinterpreted as a signal of the likelihood or timing of any settlement.

has no formal coercive authority to compel the making of any agreement or the granting of any concession. As relates to settlement, the special master will have the full authority provided in Rule 53(c). The special master may, without limitation:

1. Order the parties to meet face-to-face and engage in serious and meaningful negotiations;

2. Construct an efficient procedure to engage the parties in settlement negotiations, including:

    a. Establishing a list of information needed from each party in order to facilitate settlement;

    b. Creating a form and a timetable for the exchange of such information;

    c. Ordering production of all necessary information; and

    d. Conducting in-person settlement negotiations with the parties and their counsel in all cases;

3. Order the appearance of any persons necessary to settle any claims completely;

4. Make recommendations to the Court concerning any issues that may require resolution in order to facilitate settlement or to efficiently manage the litigation; and

     5.    Direct, supervise, monitor, and report on implementation and compliance with the Court's orders, and making findings and recommendations on remedial action, if required.

    B.    <u>Proceedings</u>.  In performing her duties, the special master has the authority to schedule and hold conferences, and to regulate all proceedings before her.  The special master may require the parties to appear in person, via video conference, or telephonically.  These meetings may be at the special master's discretion, except that the Court requires that the special master meet jointly with the parties at least once per month.

    C.    <u>Ex Parte Communications</u>.  Pursuant to Rule 53(b)(2)(B), the special master may communicate ex parte with the Court at any time.  She also may communicate ex parte with a party or counsel on purely administrative matters and in attempting to mediate these cases.

    D.    <u>Preservation and Filing of Materials</u>.  Pursuant to Rule 53(b)(2)(C), the special master must maintain orderly files consisting of all documents submitted to her by the parties, and any of her written orders, findings, and/or recommendations.  She must preserve these files until such time that the Court grants permission for their destruction.  Neither the special master nor the parties are required to file on the record materials submitted to the special master in confidence to aid in her mediation of the proceedings.  But, pursuant to Rules 53(b)(2)(D) and 53(d), any

order, findings, and/or recommendations issued by the special master must be filed by her with the Court via the Court's electronic case filing system. Such filing will fulfill the special master's duty to serve her orders on the parties.

  E. <u>Actions on the Special Master's Filings</u>. Pursuant to Rules 53(b)(2)(D) and 53(f), any party wishing to file objections or motions related to the special master's filings must do so within five business days of the filing. A parties' response is due within five days of the filing of an objection or motion, and any reply is due within five days thereafter. The Court will review all objections under the standards provided in Rule 53(f).

  F. <u>Compensation</u>. The special master must maintain normal billing records of time spent on this matter with reasonably detailed descriptions of her activity. If requested by the Court, the special master must submit a formal report in writing for electronic filing on the case docket. She may incur only such fees and expenses as may be reasonably necessary to fulfill her duties under this Order or other such orders as the Court may issue. Fees and expenses for the special master will be shared equally between Plaintiffs' Leadership, through the Common Benefit Fund, and Defendant.

  **SO ORDERED**, on this 29th day of May, 2020.

        *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/GRJ