**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,                                    Case No. 3:19-md-2885

                                              Judge M. Casey Rodgers
                                              Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

On May 28, 2020, the Court conducted a telephone hearing to

address a discovery dispute between the parties concerning a belated

production of documents from LTC (Ret.) Eric Fallon, a current employee of

Defendants.  On January 31, 2020, Defendants certified a complete

production to Plaintiffs of responsive, non-privileged documents identified

as potentially relevant under the TAR Protocol from individual custodial

files, including LTC Fallon's file.  In the same letter, Defendants informed

Plaintiffs they were "aware that [LTC] Fallon ha[d] in his possession 14

documents from his time working for the military" and that Defendants sent

those documents to Major Collin Evans for permission to produce these

documents as discovery pursuant to *United States ex rel. Touhy v. Ragen*,

340 U.S. 462 (1951) ("*Touhy*").  Defendants promised to "review and

produce responsive materials" from those 14 documents "once it receive[d] permission from Major Evans."

Unbeknownst to Plaintiffs until the instant dispute arose, on February 28, 2020, Major Evans authorized Defendants to release 12 of the 14 documents belonging to LTC Fallon.  Major Evans objected to the release of two documents because one was protected under the deliberative process privilege and the other included personally identifiable information and was not an authorized study.  Defendants say that "around this same time," LTC Fallon informed them he became aware of one additional potentially relevant document in his personal files.  LTC Fallon retained counsel in early March 2020, and on March 30, 2020, LTC Fallon's counsel provided the document to Major Evans for review.

That same month, the parties canceled or rescheduled future depositions due to the spread of Coronavirus Disease 2019 ("COVID-19"). Defendants assert the 12 documents were not produced to Plaintiffs immediately upon Major Evans' approval because LTC Fallon's counsel's request to Major Evans regarding the disclosure of one additional document remained pending.  In short, Defendants sought to disclose all available documents from LTC Fallon, after approval from Major Evans, in one production.

2

In early May, the parties prepared to proceed with the remote depositions of witnesses pursuant to the protocol set forth by the Court in Pretrial Order No. 35 (ECF No. 1125).  Defendants realized at this time— after not receiving a response from Major Evans as to the additional document from LTC Fallon—that they needed to disclose LTC Fallon's 12 approved documents to Plaintiffs because, in Defendants' view, they "may be relevant" to the deposition of Col. (Ret.) Kathy Gates, which is scheduled for today (May 29, 2020).  Defendants coordinated with LTC Fallon's counsel to have the 12 documents Bates stamped and produced. LTC Fallon's counsel returned the documents to Defendants for production on May 19, 2020, and Defendants produced the documents to Plaintiffs the following day.

Plaintiffs argue that this belated production has caused significant prejudice to them, namely depriving Plaintiffs of the reasonable opportunity to utilize these documents: (1) for depositions that occurred after the documents were approved by Major Evans for production; (2) during the briefing on the parties' motions for summary judgment concerning the government contractor defense; and (3) at the deposition of Col. Gates.

There is no question that the documents should have been produced in a timely fashion after Major Evans' approval, as promised in Defendants'

3

January 31, 2020, certification.  The Court, however, is not persuaded that Defendants withheld these documents deliberately, willfully, or maliciously to gain a tactical advantage during discovery or the summary judgment briefing, so as to warrant the imposition of sanctions.  The circumstances, at best, amount to negligence.  The Court will, nevertheless, address each of Plaintiffs' concerns and afford them reasonable relief for Defendants' belated production.

First, as to the depositions of witnesses that already occurred and for whom these documents would have been germane, Plaintiffs should confer with Defendants regarding whether follow-up depositions of these witness is appropriate.  If the parties cannot agree on this issue, Plaintiffs may submit a letter brief to the Court explaining why a second deposition is necessary under the circumstances.  That is, Plaintiffs must demonstrate: (1) they would have pursued relevant areas of inquiry with the witness during deposition had Defendants produced the documents; and (2) they otherwise did not have the opportunity to do so during the first deposition. Defendants will be provided the opportunity to respond to Plaintiffs' letter brief at the Court's direction.

Second, as to the deposition of Col. Gates, it is not an option to reschedule the deposition to cure the harm.  And, notwithstanding Plaintiffs'

suggestion otherwise, it is not an appropriate remedy to prohibit Defendants from utilizing the documents at the discovery deposition because the documents were disclosed in advance of the deposition with reasonable time for Plaintiffs to review them.  Plaintiffs may object to use of the documents at the deposition, if examination is made by Defendants, to preserve the issue for late proceedings or trial.

Finally, as to the summary judgment briefing, the Court appreciates Plaintiffs' concern that these documents bear some relevancy to the issues before the Court in the parties' dispositive motions on the government contractor defense.  The documents may give rise to striking all or a portion of LTC Fallon's declaration in support of Defendants' motion for summary judgment (ECF No. 1071-67) or a motion to supplement the record.  Any such motion—a motion to strike or to supplement—must be made immediately as those dispositive motions are fully briefed and oral argument is scheduled for June 15, 2020.

**DONE AND ORDERED** this 29th day of May 2020.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge