UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER**

This matter is before the Court on Defendants' Motion to Compel responses to two sets of interrogatories propounded to the initial bellwether plaintiffs in March 2020. *See* ECF No. 1145. Plaintiffs raised a number of objections to both sets of interrogatories that the parties are now attempting to resolve through the traditional meet-and-confer process. This Order addresses only Plaintiffs' objection based on Department of Defense ("DoD") Directive 5405.2 ("Directive"). On consideration, and to the extent the information sought in the disputed interrogatories implicates the Directive, Plaintiffs' objection is overruled and Defendants' motion is granted.

Briefly, and as relevant here, the Directive provides that when a servicemember receives "a litigation request or demand . . . for official DoD information or for testimony concerning such information," he or she must so notify the appropriate DoD official. *See* Directive, § 6.3.3.[1] The DoD official may

---

[1] The circumstances of the instant dispute differ from those implicated in § 6.3.2, which addresses situations where a *Touhy* request is made to the government by the individual seeking

"consult[] and coordinat[e]" with the Department of Justice ("DOJ") but, in any event, ultimately must determine whether the servicemember is required to comply with the litigation request or demand, and must notify the servicemember of the determination reached. *See id*. If the servicemember's response to the request or demand is required before he or she receives instructions from the DoD official, then the DoD official "shall," among other things, inform the servicemember or the Court that the request is being reviewed and "seek a stay of the request or demand pending a final determination by" the DoD. *See id*., § 6.3.4.

Here, the initial bellwether plaintiffs followed the Directive by providing the subject interrogatories to the appropriate DoD and DOJ officials, and asking whether the government had any objection to the plaintiffs answering the questions, on May 13, 2020. At that time, the plaintiffs told the government their interrogatory responses were due on May 15, 2020. In response, the government sought additional information from the plaintiffs and advised that no determination could be made on their inquiry by May 15, 2020. Notably, the government did not then, nor in the more than two weeks since, seek a stay of the interrogatory response deadline pending its final determination on the issue. In effect, this rendered moot the plaintiffs' objections to the interrogatories based on the Directive—the Directive

---

the release of official DoD information. Here, 3M did not submit a *Touhy* request in connection with the disputed interrogatories.

was followed by the plaintiffs and the government declined to seek a stay pursuant to the Directive.  Accordingly, Plaintiffs' objection to the interrogatories based on the Directive is **OVERRULED** and Defendants' Motion to Compel Interrogatory Responses, ECF No. 1145, is **GRANTED**.  Plaintiffs are directed to immediately respond to the interrogatories.[2]

**SO ORDERED**, on this 29th day of May, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court assumes the responses have been compiled, given the due date of May 15, 2020.  To extent Plaintiffs objected to the subject interrogatories on other grounds, this Order does not address those objections.