UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 39**
Amendments to Pretrial Order No. 25

On February 5, 2020, the Court entered an Order setting forth the manner in which the parties in this litigation may obtain, review, share, and use certain confidential records produced by the Department of Veterans Affairs ("VA"). *See* Pretrial Order No. 25, ECF No. 977 ("PTO 25"). The Court now clarifies and amends certain provisions of that Order.

1. <u>Records Relating to HIV and Sickle Cell Anemia</u>. The automatic *in camera* review process set forth in PTO 25 applies only to redactions or removal of VA records concerning the identity, diagnosis, prognosis, testing, or treatment of a plaintiff in connection with HIV or sickle cell anemia. *See* PTO 25 at 3-5. The procedures for those records remain unchanged.

2. <u>Records Relating to Substance Abuse and Mental Health Records</u>. The procedures for VA records concerning the identity, diagnosis, prognosis, testing, or treatment of a plaintiff in connection with substance abuse or mental health issues are amended as follows, consistent with the Magistrate Judge's ruling as to the

discoverability of such records in the possession or control of private healthcare providers, ECF No. 1065.  Within 14 days after receiving a plaintiff's records from the VA, plaintiff's counsel must review them for information relating to substance abuse or mental health issues.  If plaintiff's counsel needs additional time to complete this review, he or she must seek leave of Court and demonstrate good cause for an extension of the deadline.  Absent such a motion from plaintiff's counsel, a plaintiff's VA records must be released to Defendants no later than the first day following the 14-day review period.

During the 14-day review period, a plaintiff's counsel may: (1) redact isolated references to substance abuse or mental health issues; and (2) remove and withhold from the production any records relating predominantly to such information.  A redaction or removal of this information means that the plaintiff's counsel reasonably and in good faith believes that the information qualifies for redaction or removal.  If documents are redacted or removed from a plaintiff's VA records on this basis before the records are produced to Defendants, the plaintiff must clearly state that the redaction or removal is based on this Order and submit with the production of the remaining records a log identifying each of the withheld documents with specificity (or portions of documents).  Plaintiff's counsel also must retain unredacted copies of the documents (or portions of documents), such that they may be readily provided to the Court should the need arise for an *in camera* review.  All information and/or documents withheld on the basis of this Order will remain protected from disclosure until either:

(1) plaintiff's counsel agrees, in writing, to unredact or otherwise produce the documents; or (2) the Court rules that the documents were not properly redacted or withheld. To the extent such information and/or documents are later disclosed by the plaintiff, they remain designated "Highly Confidential" and must be treated in accordance with the parties' Joint Stipulation Regarding Production of Plaintiff Records, ECF No. 965, which the Court adopted and incorporated by reference in PTO 25. Pursuant to the Stipulation, information designated as "Highly Confidential" may not be disclosed to the persons listed in Section V.B.a of Pretrial Order No. 9 (*i.e.*, Defendants' employees, officers, directors, and in-house counsel (and their support staff)).

The parties are now conferring about an agreed list of drugs that may be capable of causing the kinds of auditory injuries alleged in this litigation, as well as any medical conditions for which those drugs are prescribed. The parties are directed to work with Judge Jones to develop an agreed protocol for the production and/or *in camera* review of VA records regarding the subject drugs and medical conditions. To the extent an agreement cannot be reached, the parties must be prepared to discuss this matter during the next biweekly leadership call.

**SO ORDERED**, on this 1st day of June, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**