IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

**PRETRIAL ORDER NO. 42**
**ORDER GOVERNING BELLWETHER PLAINTIFFS'**
**OBLIGATION TO REVIEW AND PRODUCE**
**ELECTRONICALLY STORED INFORMATION**

Pretrial Order No. 10, which is entitled Order Governing Production of Documents and Electronically Stored Information, states that "[t]he Parties anticipate that the production of Plaintiffs' case-specific materials will be the subject of a future Court order." The Court now enters this Order governing Bellwether Plaintiffs' identification, collection, and production of relevant and responsive electronically stored information ("ESI").

1. **Applicability**. This Order applies to Bellwether Plaintiffs in MDL 2885, as identified by Pretrial Order No. 23 or subsequent bellwether/remand pool orders, and governs all document requests served on Bellwether Plaintiffs, including the document requests served on Bellwether Plaintiffs to date and any future requests for production that Defendants serve.

**2.** **Sources of ESI**. If a Bellwether Plaintiff has used or maintained any of the following ESI sources at any time, each Bellwether Plaintiff will conduct a reasonable investigation of the following sources of potentially responsive ESI, regardless of whether such sources are currently used by that Bellwether Plaintiff:

(a) any email accounts used by the Bellwether Plaintiff—whether stored locally or in a cloud-based email system (*e.g.,* Gmail, Yahoo, and Hotmail);

(b) any computers used by the Bellwether Plaintiff (*e.g.*, desktop or laptop computers);

(c) any mobile and handheld electronic devices used by the Bellwether Plaintiff (*e.g.*, smartphones, computer tablets, portable music players, and digital cameras);

(d) any other hardware storage devices used by the Bellwether Plaintiff (*e.g.*, external hard drives, network storage drives, memory cards, USB flash ("thumb") drives, and CDs/DVDs);

(e) any messaging applications used by the Bellwether Plaintiff (*e.g.* text messages, iMessage, Facebook Messenger, WhatsApp, Telegram, and Snapchat);

(f) any social media accounts/platforms used by the Bellwether

        Plaintiff (*e.g.*, Facebook, Instagram, LinkedIn, Twitter, MySpace, YouTube, Pinterest, or other online collaboration tools such as Google+ or Yahoo! groups);

  (g)    any website where the Bellwether Plaintiff made online postings (*e.g.*, Reddit, Tumblr, and other blog or message boards);

  (h)    any cloud storage used by the Bellwether Plaintiff (*e.g.*, DropBox, Microsoft Office365 Account, Google Drive, iCloud, and Amazon Drive).

3.    **Search obligations**. If a reasonable investigation indicates that a specific ESI source identified in Section 2 of this Order contains potentially responsive information, that Bellwether Plaintiff will conduct reasonable searches on that specific ESI source to identify potentially responsive ESI for counsel to review. Reasonably diligent searches may begin with a custodial interview; may require running search terms, either via the Bellwether Plaintiff, their counsel or third party vendor; reviewing files, communications, videos, and photographs; or otherwise conducting an actual and/or physical search of the sources. Plaintiff's counsel must play an active role in identifying, collecting, reviewing, and producing all responsive ESI. Any individual Bellwether Plaintiff's counsel who has questions regarding these obligations should consult with Plaintiffs' ESI Liaison Counsel (Jennifer Hoekstra and Katherine Charonko).

4. **Search terms**. Where feasible, each Bellwether Plaintiff or his/her attorney must run the following terms through any available search function on the sources of potentially responsive documents identified in section 2. Each term should be run separately[1]: (a) Combat Arms; (b) CAE; (c) earplug, (d) earplugs; (e) earmuff; (f) earmuffs; (g) "ticket order"; (h) "hear"; (i) "hearing"; (j) "ear"; (k) "ears"; (l) tinnitus; (m) "ringing in ears"; (n) disability; (o) gun; (p) rifle; (q) pistol; (r) firearm; (s) shoot; (t) shooting; (u) ATV; (v) motorcycle; (w) "IED"; (x) explosion; (y) 3M; (z) Aearo; and any other separately agreed upon terms likely to locate ESI responsive to a request for production. To the extent any individual term creates an undue burden, counsel for each plaintiff must contact Defendants and provide specific details regarding the search term at issue, the burden that term creates, and proposed alternatives for searching for similar responsive documents. Separate negotiations will take place to address that burden specifically and individually.

5. **Linear Review**. Consistent with Pretrial Order No. 10, each Bellwether Plaintiff must conduct a linear review for responsiveness of discrete document collections containing materials substantially relevant to the claims and defenses in this proceeding without regard to whether a given document in the collection is responsive to a search term or otherwise flagged as potentially

---

[1] Quotation marks, *e.g.* "X", and parentheticals, *e.g.* (X), are used interchangeably for these search terms dependent on which search engine or email provider is involved and the necessary logic required to locate an "exact match."

responsive by another search technique. In addition, each Bellwether Plaintiff must conduct a linear review for responsiveness of all collections of photos and videos reasonably believed to contain responsive photos or videos—whether maintained on the Bellwether Plaintiff's electronic devices, in any cloud storage location, or posted to a Bellwether Plaintiff's social media account within that Bellwether Plaintiff's possession or control—without culling by search terms, predictive coding, or other technologies that rely primarily on text, as photos and videos are not the types of ESI which are easily searchable.

    **6.** **Production format**. Bellwether Plaintiffs must produce all responsive ESI in native file format or such other reasonably useable format, such as PDF, that retains the relevant characteristics of the original document. To the extent such metadata exists, all photos and videos must be produced as native files in their original resolution with all original metadata maintained, including any information regarding when and where the photo or video was taken.

    **7.** **Certification and Disclosures**. When providing the final production of responsive documents, each plaintiff must provide to Defendants a written statement (signed by the Bellwether Plaintiff's counsel) certifying the completion of the Bellwether Plaintiff's reasonably diligent searches for responsive materials. The written certification must be uploaded to MDL Centrality within the deadlines[2]

---

[2] Pursuant to the requirements of Federal Rule 26(e) which requires a party to supplement its

set forth in this Order, certify compliance with all terms of this Order and Pretrial Order No. 10, and provide a description of all sources of potentially relevant ESI that the Bellwether Plaintiff uses but asserts are outside of the Bellwether Plaintiff's possession, custody, or control.

8. **Plaintiff Production Deadlines.** For Defendants' March 12, 2020 Requests for Production to the Bellwether Plaintiffs, each Bellwether Plaintiff in Trial Group A[3] must produce responsive materials and provide the disclosures required under Paragraph 7 of this Order no later than July 8, 2020 or 10 days in advance of each Trial Group A Bellwether Plaintiff's Deposition, whichever is earlier. The remaining Bellwether Plaintiffs must complete their productions and provide the disclosures required under Paragraph 7 of this Order in response to Defendants' March 12, 2020 requests no later than July 15, 2020. For all subsequent Requests for Production served by Defendants on Bellwether Plaintiffs, Plaintiffs must complete their productions and provide the disclosures required under Paragraph 7 of this Order within 45 days of being served with the requests.

---

discovery responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect"; Plaintiffs' maintain the right to supplemental the certification if new information comes to light.

[3] Trial Group A Bellwether Plaintiffs include Lloyd Eugene Baker, Luke Estes, Sigifredo Garcia, Lewis Keefer, Dustin McCombs, Vernon Rowe.

9.   **Rule 26(g)**. Any statement, declarations, or certifications made by a Plaintiff or his/her attorney regarding information and documents produced in discovery in this litigation is subject to Rule 26(g)(3).

**DONE AND ORDERED** this 11th day of June 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge