# EXHIBIT D

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Mark J. Nomellini
To Call Writer Directly:
+1 312 862 2410
mark.nomellini@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

June 9, 2020

**Via E-mail**

Jacqueline Coleman Snead
Assistant Branch Director
Federal Programs Branch
United States Department of Justice, Civil Division
100 L Street, N.W., Room 12402
Washington, D.C. 20005
Jacqueline.Snead@usdoj.gov

Re:   Touhy Requests for Depositions and Documents Relating to I*n re: 3M Combat Arms Earplug Products Liability Litigation*, 3:19-md-02885-MCR-GRJ (N.D. Fla.)

Dear Jacqui:

I write regarding the status of Defendants' *Touhy* deposition and document requests, and also regarding the application of *Touhy* to former government employees.

**Deposition Requests**.

Nearly eight months ago, on October 25, 2019, Defendants issued a *Touhy* request to depose 30 individuals Defendants believed to have relevant information related to the Combat Arms Earplug Version 2 ("CAEv2"). At the government's request, Defendants submitted a revised *Touhy* request on December 2, 2019, prioritizing their request to depose 11 witnesses, and renewing the request to depose an additional 19 witnesses. Following these requests, the government orally denied Defendants' request to depose two witnesses, David Chandler and Mark Little, in an in-person meeting on January 28, 2020. In this same meeting, the government also questioned the relevance of a third witness, Doug Brungart. The very next day, Defendants produced documents to the government demonstrating Mr. Little and Mr. Brungart's personal knowledge of relevant information. The government indicated that it would further consider the requests pertaining to Mr. Little and Mr. Brungart.

## KIRKLAND & ELLIS LLP

Jacqueline Coleman Snead
June 9, 2020
Page 2

Since that time, Defendants have asked for an update on the government's position regarding the authorization of these depositions. Most recently, on May 12, May 13, May 14, and May 19, 2020, Nick Wasdin of Kirkland & Ellis reached out to you to request calls relating to the status of the government's responses, including the status of Defendants' deposition requests. You have not agreed to those requests for a call but have indicated that updates would be sent in writing. Although Defendants received a disclosure letter on May 22, 2020 regarding the status of certain document requests, the government has not provided an answer to Defendants on whether or when depositions may take place for 22 individuals.

Please provide 3M with a response regarding its position with respect to the outstanding deposition requests by Thursday, June 11, 2020.

**Open Document Requests**.

Defendants served *Touhy* document requests on July 26, 2019 and December 2, 2019.[1] According to the disclosure letter dated May 22, 2020, 22 requests from the July 26 Touhy request —served nearly a year ago—remain open, and 8 requests remain open from the December 2, 2019 *Touhy* request. In light of the impending litigation deadlines, please provide a date certain by which the government will produce documents in response to the remaining open document requests no later than Thursday, June 11, 2020.

In addition, we understand that the government maintains MOS-specific, or installation-specific, noise exposure data. We have not yet received this data.

**Closed Document Requests**.

Finally, there are several requests from Defendants' July 26, 2019 *Touhy* request for which the government has indicated that it has no further responsive documents, and therefore has stated that the requests are closed. Defendants have concerns regarding the government's position on certain of these requests.

For example, in response to Defendants' July 26, 2019 request for "CAEv2 test results from Army Research Laboratory, Aberdeen Proving Ground, Maryland," (request G(1)(b)) the government produced a June 30, 1999 report conducted by the Army Research Laboratory. The report states that it is a "quick response" effort to collect data on the plug, and references use of the testing in "development of safety release documentation for the Aearo non-linear Combat Arms Earplugs." To our knowledge, the military has not yet produced that safety release

---

[1] Defendants also served two Touhy requests on March 16, 2020 and three Touhy requests on March 17, 2020, which similarly remain pending.

**KIRKLAND & ELLIS LLP**

Jacqueline Coleman Snead
June 9, 2020
Page 3

documentation. Further, on December 2, 2019, Defendants provided the government with a list of tests identified in the records to date for which no backup was provided. Despite the fact that backup data has still not been produced, the government has closed requests for this information.

Also, the number of emails that has been produced is less than what we would expect, given the time period at issue and number of topics covered. Please confirm that where the government has stated that a request is "closed," the government has done a search for emails relating to that topic.

Finally, the government's explanations regarding several of these requests are ambiguous. For example, in response to Defendants' request for documents related to "Product recalls and accident or injury documentation related to CAEv2 from January, 1998 to December, 2015," the government stated that "the Government has determined that we do not have responsive information . . . ." Oct. 10, 2019 Disclosure Letter. It is unclear from the government's response, and other similarly phrased responses, whether the government had this data at some point but no longer has the information or whether this data never existed in the first instance. Additionally, the government's May 22, 2020 disclosure does not indicate one way or another whether Defendants' July 26, 2020 Request H(4)—seeking policies and procedures related to compliance with TM6260.51.99-2 (Sept. 15, 2008) and the Navy Hearing Conservation Program Procedures, § C1.4.1—has been closed and, if so, why.

**Former Government Employees**.

As noted in my email of June 4, "*Touhy* regulations are unlawful to the extent that they apply to former employees." *Koopmann v. U.S. Dep't of Transp.*, 335 F. Supp. 3d 556, 558 (S.D.N.Y. 2018); *Sherwood v. BNSF Ry. Co.*, 2019 WL 943548, at *2 (D. Idaho Feb. 25, 2019) (regulation promulgated pursuant to 5 U.S.C. 301 was "invalid to the extent [that the regulation] purport[ed] to apply to former employees"); *La. Dep't of Transp. & Dev. v. U.S. Dep't of Transp.*, 2015 WL 7313876, at *8 (W.D. La. Nov. 20, 2015) (similar); *see also Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 917 (E.D. Pa. 1979) (similar).

In response, you stated: "Please let us know which former government employee(s) you are referring to so that Army/DOD can determine whether the individual possesses official information that the Government might need to protect from disclosure as privileged or otherwise." Please cite any legal authority you rely on for the proposition that we must identify former government employees to you before we speak with them.

As stated previously, *Touhy* regulations are unlawful to the extent they apply to former employees and, thus, we will be moving forward with subpoenas to former employees. Also, we do not intend to submit Touhy requests before retaining former government employees as

KE 69260999.3

## KIRKLAND & ELLIS LLP

Jacqueline Coleman Snead
June 9, 2020
Page 4

experts in the CAE litigation.  We are, however, willing to have a call to discuss the government's position on whether it should have a role in that process, and if so what that role might be.  Let me know if you would like to discuss any of these issues.

      We look forward to receiving your responses.

                      Sincerely,

                      */s/ Mark J. Nomellini*

                      Mark J. Nomellini

                      Attorney for Defendants

cc: Major Collin Evans
    Major Nicole Kim

KE 69260999.3