# EXHIBIT E



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
LITIGATION DIVISION
9275 GUNSTON ROAD
FORT BELVOIR, VA  22060-5546

June 23, 2020

SUBJECT:  Response to *Touhy* Requests for Witness Production Dated November 11, 2019 and December 2, 2019 in the case of *In Re.: 3M Combat Arms Earplug Products Liability Litigation,* Civil Action File No.: 3:19-md-02885, United States District Court for the Northern District of Florida

Bryan Aylstock
Aylstock, Witkin, Kreis, Overholtz
17 East Main Street, Suite 200
Pensacola, FL 32502
(Via Email)

Mark J. Nomellini
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60054
(Via Email)

Dear Mr. Aylstock & Mr. Nomellini,

     This letter responds to your requests to depose COL Marty Robinette, in the above captioned matter, made pursuant to Department of Defense Directive (DoDD) 5405.2.  These requests were submitted to the DoD on November 11, 2019 by the Plaintiffs and December 2, 2019 by the Defendant.

     After speaking with COL Robinette, it is apparent that he lacks relevant knowledge of the information you listed in your requests.  COL Robinette had a minimal role, if any, in acquiring or approving the CAEv2 and his direct communications about CAEv2 were limited.  Additionally, he served as a DOJ subject matter expert in a separate investigation related to the underlying facts of this case.  Because of this, it is our position that allowing this employee to sit for a deposition would not be productive and would create an undue burden on the DoD due to the amount of time the DoD would expend preparing for and participating in the requested deposition.  *See* DoDD 5405.2 and Fed. R. Civ. P. 26.  Therefore, your request to depose this individual is denied.

However, the DoD is willing to authorize COL Robinette to provide responses to interrogatories based on the submitted Touhy requests and his limited knowledge of the CAEv2 should your office(s) submit them to us. If you would like to do this, you may submit the interrogatories to the undersigned, and I will work with COL Robinette to provide responses to those questions. Additionally, if after providing his responses to the interrogatories you still believe a deposition is necessary, we will reconsider your request as supplemented by your explanation of your continued need for his deposition.

Please note that the interrogatories are limited to any knowledge COL Robinette has outside of his work for and on behalf of DOJ. Additionally, the number of interrogatories that may be submitted are limited to six interrogatories. This limit applies to both parties. As a result, if both parties intend on submitting interrogatories for COL Robinette, the parties will need to determine how best to divide the authorized number listed above.

Finally, we reserve the right to object to any interrogatories that seek information that is irrelevant, unduly burdensome, disproportional to the needs of the case, prohibited from disclosure by federal law, or otherwise not authorized for release under DoDD 5405.2 and Fed. R. Civ. P. 26.

If you have any questions, the point of contact for this matter is the undersigned at nicole.m.kim2.mil@mail.mil or (703) 693-1092.

Sincerely,

Nicole M. Kim
Major, U.S. Army
Litigation Attorney