UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|   |   |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PROUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | )<br>)<br>)<br>)  No. 3:19-md-02885-MCR-GRJ<br>)<br>)<br>)<br>) |

**REPLY OF THE DEPARTMENT OF DEFENSE TO DEFENDANTS'
RESPONSE TO THE NOTICE OF THE DEPARTMENT OF DEFENSE,
ECF NO. 1217, CONCERNING DEFENDANTS' RENEWED MOTION TO
<u>COMPEL, ECF NO. 1211</u>**

## INTRODUCTION

Non-party Department of Defense (DOD) advised the Court by notice dated July 6, 2020, ECF No. 1217, that defendants' renewed motion to compel against DOD, ECF No. 1212, "[did] not bear a certificate under N.D. Fla. Loc. R. 7.1(C) and could not bear any such certificate because no conference under Loc. R. 7.1(B) took place prior to the filing of the motion." *Id*. at 1.  Defendants responded to DOD's notice by telephoning DOD's undersigned counsel on the evening of July 6, 2020, "to ask for an update on whether [DOD] would provide the requested discovery."  Def. Resp. to DOD's Not. Concerning Def. Mot. Compel (July 6, 2020) (Def. Resp.), ECF No. 1220, at 2.  Defendants contend that this phone call –

if not their prior requests for status updates – satisfied the requirements of Local Rule 7.1(B).  *Id.*

## THE REGULATORY SCHEME

Local Rule 7.1(B) provides: "Before filing a motion raising an issue, an attorney for the moving party must attempt in good faith to resolve the issue *through a meaningful conference* with an attorney for the adverse party."  *Id.* (emphasis added).  "The purpose behind requiring a Rule 7.1(B) conference is to promote judicial economy by allowing the parties an opportunity to resolve motion disputes before involving the court."  *Stone v. Dewey*, 2011 WL 278495, at *1 (N.D. Fla. July 14, 2011).

This Court has enforced Local Rule 7.1(B) in this multidistrict litigation by denying without prejudice plaintiffs' motion to extend time for service of certain summonses and complaints, ECF No. 783, because of the failure of the motion "to comply with the Local Rules of this Court, as it lacks a certificate 'confirming that the moving party complied with the attorney-conference requirement of Local Rule 7.1(B) and setting out the results' of that conference."  Order (Oct. 28, 2019), ECF No. 791 (quoting Loc. Rule 7.1(C)).  Other courts likewise have enforced Local Rule 7.1(B).  *E.g., H2Ocean, Inc. v. Schmitt*, 2006 WL 3837411, at *5 (N.D. Fla. Dec. 26, 2006) (denying the plaintiff's motion to compel for noncompliance with Fed. R. Civ. P. 37(a)(2)(B) and Loc. Rule 7.1(B)).

2

## DISCUSSION

Defendants' renewed motion to compel seeks an order requiring DOD to produce six witnesses for deposition by September 1, 2020, the cut-off date in this litigation for discovery against DOD. Def. Mot. Compel against DOD (July 1, 2020) (Def. Mot.), ECF No. 1211, at 26; *see id.* at 2. Defendants' motion also seeks an order requiring DOD to produce voluminous amounts of documents and voluminous amounts of information by that date – without regard to the numerous other pending *Touhy* requests submitted to the agency by the parties to this litigation.[1] *See id.* at 24, 26. Moreover, defendants' motion foreshadows the

---

[1] The "information and documents" that defendants seek by means of their renewed motion, *see* Def. Mot. at 26, consist of the following:

    1. "[A]verage noise and ototoxin exposure per military occupational specialty. This data may be kept as average daily, weekly, monthly or yearly exposures." *Id.* at 24.

    2. "[D]ata regarding noise and ototoxin exposures at the bellwether-relevant Army installations. A list of the relevant installations and time periods is contained in Defendants' June 3, 2020 *Touhy* request." *Id.* The *Touhy* request to which this item refers lists 33 Army installations, ranging from Fort Benning, Georgia, to Camp Taji, Iraq, and assigns time periods ranging from a year to 21 years to each installation. Letter Nomellini to Kim (June 3, 2020), ECF No. 1211-18, at 3-5.

    3. "[H]ealth hazard assessments for the weapons operated by the bellwether plaintiffs. A list of the bellwether relevant weapons identified to date is contained in Defendants' May 20, 2020 email to Major Evans." Def. Mot. at 24. The email to which this item refers

3

submission of still more *Touhy* requests to an already overburdened DOD.  *Id.* at 15 (stating that "[d]efendants need [certain of the requested] information quickly, so that [d]efendants can then use it to begin the likely lengthy process of submitting additional *Touhy* requests").  *But see* Def. Mot. at 12 (noting that Special Master David R. Herndon "advised the parties" on June 16, 2020, "of the burdens on Major Kim's office in responding to the parties' *Touhy* requests").

Defendants' mere requests "for an update" cannot be regarded as "attempt[s] in good faith to resolve the issue[s]" raised in defendants' motion.  *See* Loc. Rule 7.1(B).  Accordingly, defendants have yet to satisfy the rules of this Court.

---

lists 44 weapons, ranging from shotguns to howitzers.  Email Wasdin to Evans *et al.* (May 20, 2020), ECF No. 1211-14 at 3-4.

    4.  "[T]he 'comprehensive operational and work task potential exposures-based medical surveillance recommendations,' and 'DoD lifetime personnel exposure data,' that are referred to in the promotional materials related to the [Defense Occupational and Environmental Health Readiness System Industrial Hygiene] database."  Def. Mot. at 24.

    5.  "[T]he safety release documentation for the CAEv2."  *Id.* at 26

    6.  "[T]he identities of the Hearing Conservation Program Managers and Industrial Hygiene Program Managers at the bellwether-relevant installations."  *Id.*

## CONCLUSION

Defendants thus remain out of compliance with Local Rule 7.1(B), and their belated compliance with the service requirements of Fed. R. Civ. P. 4(i) is inconsequential.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

LAWRENCE KEEFE
United States Attorney

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12020
Washington, D.C. 20530
Tel: (202) 514-4469/Fax: (202) 616-8460
E-mail: david.glass@usdoj.gov

Dated: July 8, 2020                                        Attorneys for the Department of Defense

## CERTIFICATE OF SERVICE

I certify that I served the within document on all counsel of record by filing it with the Court by means of its ECF system on July 8, 2020.

s/ *David M. Glass*

5