UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to All Cases | Case No. 3:19md2885 <br><br> Judge M. Casey Rodgers <br> Magistrate Judge Gary R. Jones |

# ORDER

As discussed at the June 26, 2020 Case Management Conference, the Court will hold a second Science Day on medications and illicit substances that are associated with tinnitus and/or hearing loss. The purpose of the second Science Day is to educate the Court on what medicines and illicit substances are ototoxic such that the Court may appropriately define the scope of discoverable medicines and illicit substances prior to Plaintiff-specific depositions. Information about Plaintiffs' use of medicines and illicit substances are discoverable only if relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Pursuant to Case Management Order No. 13, on June 30, 2020 the parties notified the Court that they could not reach agreement on a proposal for the second Science Day. The parties thereafter submitted separate letter briefs. After careful consideration of the parties' positions and proposals, the Court adopts the following parameters for the second Science Day:

1.     The date and time of the second Science Day will be scheduled after speaking with leadership counsel on July 10.

2.     By July 17, 2020, Defendants will serve on Plaintiffs and the Court a list of every class of medication and/or illicit substance they contend are ototoxic based on current medical science.[1]  The list should include all such classes of medications and illicit substances, and not only those from the list of redacted medications provided by Plaintiffs.[2]

3.     Each side will present one expert to provide information about (a) ototoxicity generally, including how ototoxicity is defined in the scientific and medical community; and (b) the scientific/ medical support for Defendants' position that the medications and illicit substances on their proposed list are ototoxic.  The speakers should also be prepared to address whether a specific ototoxic medication or illicit substance is associated with temporary as opposed to permanent tinnitus and/or hearing loss.

4.     Defendants' expert will present first, followed by Plaintiffs' expert.  The party resisting discovery typically has the burden to establish facts

---

[1]     The Court's preliminary research suggests there are approximately 200 medications that are considered ototoxic in the scientific and medical community.

[2]     The list of ototoxic medications and illicit substances resulting from the second Science Day can be amended in the event a party later identifies additional ototoxic medications or illicit substances based on current medical science.

demonstrating that the requested discovery is not relevant under Federal Rule of Civil Procedure 26(b)(1) or is otherwise too burdensome to produce.  *See Vision Constr. Ent., Inc. v. Argos Ready Mix, LLC*, No. 3:15cv534-MCR-CJK, 2017 WL 10084359, at *2 (N.D. Fla. June 28, 2017) (quoting *Am. Fed'n of State Cnty. and Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011)).  However, where relevance is not apparent, the party *requesting* the discovery bears the burden of showing the relevancy of its request.  *See id.*; *SE Prop. Holdings, LLC v. GulfSouth Private Bank*, No. 3:13CV6-MCR-CJK, 2013 WL 12170487, at *3 (N.D. Fla. Aug. 22, 2013); *Pediatric Servs. of Am., Inc. v. Kendrick*, No. 3:18CV1372-RV-CJK, 2019 WL 580786, at *2 (N.D. Fla. Jan. 17, 2019).  Here, the relevance of specific medications and illicit substances to the claims in this case is not yet established; hence, the reason for the second Science Day.

Each side will be allotted up to 2 hours for their presentation and will be permitted to make their presentation in person or by videoconference.[3]  The experts will not be placed under oath.  The presentation format will be lecture-style and may incorporate the use of PowerPoints or other demonstrative aids.  The parties' attorneys will be asked to conduct a direct or guided examination of their own expert in order to focus the presentations.  There will be no cross-

---

[3]   The parties must notify the Court in advance whether their presentations will be made in person or by video conference.  One party is not bound by the other party's decision on whether to appear in person or by videoconference.

examination; however, the experts should be prepared for questions from the Court.

5.     Merits evidence—such as a particular Plaintiff's medical records, or evidence of causation with respect to a particular Plaintiff—will not be permitted.

6.     The parties need not exchange demonstrative aids intended for use at Science Day. The parties may not use anything their opponent(s) say or use for Science Day for any other purpose besides Science Day. No transcript(s) of this proceeding, PowerPoint(s), or other demonstrative aids will be discoverable, admissible, used in any fashion for impeachment purposes or for collateral attack on any presenter, shared beyond the instant litigation, or used for any purpose other than for this Court's benefit.

**SO ORDERED**, on this 9th day of July, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**