# EXHIBIT 5

**From:** Tevenia Jacobs
**Date:** April 17, 2020 at 10:33:02 AM PDT
**To:** "Nomellini, Mark J." , "Judge David R. Herndon" , "*cseeger@seegerweiss.com" , Shelley Hutson , "Branscome, Kimberly Olvey" ,"Brock, Mike" , Bryan Aylstock
**Cc:** Casey Rodgers , Gary Jones
**Subject: [EXT] RE: VA Records Requests for the 1500+ plaintiffs**

Good afternoon, all:

Judge Rodgers has considered Defendants' request to submit letter briefing on the issue of PTO 25's requirement that initial bellwether plaintiffs produce mental health and substance abuse information contained in their VA records, and has declined to accept briefing on the issue. As you may recall, this requirement was included in PTO 25 based on Judge Rodgers' rejection of plaintiffs' relevance argument during a telephone conference and also the fact that Mr. Tierney, the VA lawyer we met in DC, expressed that the VA preferred a broader request for efficiency reasons. There was no discussion of privilege and waiver with Judge Rodgers before entry of PTO 25. Also, as you know, after PTO 25 was entered, Judge Jones conducted a hearing on plaintiffs' third- party (private) healthcare authorizations, during which the issues of privilege and waiver were discussed. The parties then had the opportunity to and did submit their written positions to Judge Jones on the issue, following which Judge Jones entered an order rejecting defendant's request, albeit consistent with PTO 25, to require plaintiffs to produce their mental health and substance abuse treatment records as a part of their healthcare provider authorizations.

In Judge Rodgers' view, PTO 25 and Judge Jones' order on this issue cannot be reconciled in light of the law on waiver, which Judge Rodgers believes Judge Jones analyzed correctly. There is no appreciable distinction between authorizations to the VA for plaintiffs' healthcare records and authorizations to private third-party healthcare providers on the issue of waiver of the confidentiality privilege. Judge Rodgers intended to revisit the issue had there been a timely objection to Judge Jones' order but, given that no timely objection has been filed, she plans to amend PTO 25 consistent with Judge Jones' ruling on the issue but will permit an objection to the amendment to be made on the record for appellate purposes, without briefing. As noted, the parties had the opportunity to brief the issue to Judge Jones and also had the opportunity to object to his ruling.

Although not the impetus for the change, Judge Rodgers notes that the change will satisfy the VA programmers who are the ones actually having to pull the plaintiffs' records and, in the end, will result in a more efficient VA process.

Best,
Tevenia

---

**From:** Nomellini, Mark J.
**Sent:** Thursday, April 16, 2020 6:14 PM
**To:** Judge David R. Herndon ; *cseeger@seegerweiss.com ; Shelley Hutson ; Branscome, Kimberly Olvey ; Brock, Mike ; Bryan Aylstock
**Cc:** Casey Rodgers ; Tevenia Jacobs
**Subject:** RE: VA Records Requests for the 1500+ plaintiffs Judge
Herndon,

Thank you. If you are available, could we schedule a call with you and plaintiffs' leadership tomorrow to discuss?

Also, defendants respectfully request leave to submit a letter to Judge Rodgers on this topic on Monday, April 20.

Regards,
Mark

**From:** Judge David R. Herndon
**Sent:** Thursday, April 16, 2020 1:03 PM

**To:** *cseeger@seegerweiss.com <cseeger@seegerweiss.com>; Shelley Hutson <SHutson@triallawfirm.com>; Branscome, Kimberly Olvey <kimberly.branscome@kirkland.com>; Brock, Mike <mike.brock@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Bryan Aylstock <BAylstock@awkolaw.com>
**Cc:** Hon. Casey Rodgers                                          Tevenia Jacobs

**Subject:** [EXT] VA Records Requests for the 1500+ plaintiffs

You will recall previous conversations about these record requests and some language which specifies what records are requested. In that discussion, the parties preferred broader language consistent with the meeting with the govt personnel.

Now, having been contacted by the programmers who do the records searches, Jacqui Snead requests the following language, meant by the programmers to facilitate their records search and improving efficiency.

The language, which would go in the "Other" section at the bottom of page 1 of the form, which has been requested is:

All medical records excluding mental health and substance abuse treatment records and entire compensation and pension claims file (not education or mortgage records.

Judge Rodgers is aware that this would require a change in PTO 25.

Please let me know as soon as possible if there is any disagreement with this language.

Thank you
Be well
Dave Herndon
Hon. David R. Herndon (ret.)
Herndon Resolution LLC

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.