# EXHIBIT 9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## FLORIDA PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS )
EARPLUG PRODUCTS ) CASE NO. 3:19-MD-2885
LIABILITY LITIGATION )

## PLAINTIFF VERNON CURTIS ROWE'S SUPPLEMENTAL OBJECTIONS & ANSWERS TO DEFENDANT 3M'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:     Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654.

    COMES NOW, Plaintiff, VERNON CURTIS ROWE ("Plaintiff" or "ROWE"), through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, hereby submits Plaintiff Vernon Curtis Rowe's Supplemental Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated:  July 3, 2020                    **Respectfully Submitted,**

                    BY:     */s/ Roberto Martínez*
                            Roberto Martínez, Esq.
                            Florida Bar No. 305596
                            Francisco R. Maderal, Esq.
                            Florida Bar No. 41481
                            Markus Kamberger
                            Florida Bar No. 111566
                            COLSON HICKS EIDSON, P.A.
                            255 Alhambra Circle, Penthouse
                            Coral Gables, Florida 33134
                            Tel: 305-476-7400; Fax: 305-476-7444
                            bob@colson.com
                            frank@colson.com
                            markus@colson.com

Finally, all other warranties available under law applied to Plaintiff's use of the CAEv2, including implied common law warranties of fitness for a particular purpose and of merchantability, as well as any warranties created under state and federal statutes.

## INTERROGATORY NO. 52:

Identify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint.

## ANSWER:

Plaintiff objects on the grounds that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "damages" or "losses" or "category" or "events." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative information sought within the Census Form, and otherwise within the Master Long Form Complaint and/or Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the grounds that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff objects on the grounds that the information sought is equally in the possession, custody, or control of the requesting party. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, as a result of the CAEv2, I now suffer from hearing loss and tinnitus and the severe consequences thereof, the categories of damages attendant to which include present diminished earning capacity, future diminished earning capacity, diminished quality of life, past and future medical costs, and emotional damages. The calculation of the amount of damages attributable to those categories will be the subject of forthcoming expert calculations. Plaintiff reserves all rights to amend this response as discovery develops.

## INTERROGATORY NO. 53:

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, or disabilities that have resulted in loss of income or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of diagnoses, and by whom it was first diagnosed.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "injuries" or "illnesses" or "disabilities" or "diagnoses." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial to the extent that is seeks information that has no tangential relationship to the matters at issue in this litigation, and/or is otherwise unreasonably cumulative or duplicative of information sought within the Census Form, and otherwise within these Interrogatories or the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the grounds that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the grounds that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to the order entered on March 26, 2020, by the Honorable Magistrate Judge Gary Jones at Dkt. No. 1065. Plaintiff objects to this interrogatory as unduly burdensome to the extent it

would require identification of anything other than facts.  Plaintiff objects to this interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.  Plaintiff objects to this interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this interrogatory.  Plaintiff objects to this interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

## INTERROGATORY NO. 54:

If You are claiming or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type and classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar standards) for your military branch of service, and State what medical or audiometric provider communicated that type and classification to you and on what date.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, vague, ambiguous, misleading, and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "hearing injury" or "type or level" or "impairment" or "classification" or "level" or "Standards of Medical Fitness" or "similar standard" or audiometric" or "provider." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory purports to tie the damages in this claim to "the Standards of Medical Fitness (or similar standards) for your military branch of service," which mischaracterizes the applicable legal standards at issue. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the grounds that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* the order entered on March 26, 2020, by the Honorable Magistrate Judge Gary Jones at Dkt. No. 1065. Plaintiff objects on the grounds that the

information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to the order entered on March 26, 2020, by the Honorable Magistrate Judge Gary Jones at Dkt. No. 1065. Plaintiff objects to this interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.  Plaintiff objects to this interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this interrogatory.

To the extent this interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records that will be produced by the Government which are the best source of such information and which are equally available to both Parties.  To the extent this interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this interrogatory prematurely seeks expert discovery.

Plaintiff has no independent knowledge or memory on Medical Standards of Fitness  at this time.

## INTERROGATORY NO. 55:

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, or other income for those days You missed Allegedly due to Your injuries and, if so, the type and amount of such income.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "disability" or "medical leave" or "other income" or "income" or "injuries." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the grounds that it improperly conditions Plaintiff's potential "lost earnings" and/or "impairment of earning capacity" upon "days [Plaintiff] missed from work," and further, improperly conditions Plaintiff's potential receipt of "disability, medical leave, or other income" upon the "total number of days" Plaintiff "missed from work because of [Plaintiff's] injuries. Plaintiff objects to this

interrogatory on the grounds that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.  Plaintiff objects to this interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, to the extent that Plaintiff has missed work and income attendant thereto as a result of the injuries Plaintiff suffers from his use of the CAEv2, the amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this interrogatory as premature to the extent it would require expert discovery at this stage.  Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages.  Plaintiff reserves the right to supplement or amend through the course of discovery.

## INTERROGATORY NO. 56:

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same or similar job, and the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, and the name of the medical professional who confirmed the same, if any.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "injuries" or "recovery." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the grounds that it improperly conditions or conflates Plaintiff's potential "lost earnings" and/or "impairment of [] earning

capacity" upon Plaintiff's ability "to return to employment following recovery of [Plaintiff's] injuries," and further improperly conditions Plaintiff's potential inability to "return to employment" upon confirmation by a "medical professional," which presupposes that "medical professionals" can render determinations about Plaintiff's ability to work. Plaintiff objects to this interrogatory on the grounds that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* the order entered on March 26, 2020, by the Honorable Magistrate Judge Gary Jones at Dkt. No. 1065. Plaintiff objects to this interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff's earning capacity is diminished not only by Plaintiff's present hearing loss and tinnitus, but also in that Plaintiff has been placed in a position of heightened vulnerability to accelerated hearing loss in the future, and consequent further diminishment of earning capacity. Plaintiff refers Defendants to his response to Interrogatory No. 55.  The amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this interrogatory as premature to the extent it would require expert discovery at this stage. Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages.

## INTERROGATORY NO. 57:

If You are claiming an impairment of Your earning capacity, State the impairment and the health care provider who diagnosed Your impairment.

## ANSWER:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the grounds that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law. Plaintiff objects to this interrogatory to the extent