# **EXHIBIT 15**

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS | ) |
| EARPLUG PRODUCTS | ) CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) |
| | ) |

### PLAINTIFF LLOYD EUGENE BAKER'S
### SECOND SUPPLEMENTAL OBJECTIONS & ANSWERS
### <u>TO DEFENDANT 3M'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>

TO:     Defendant 3M Company ("3M"), and through its Attorneys of Record: Kimberly O. Branscome, Dechert LLP, US Bank Tower 633 W. 5th Street, Suite 4900 Los Angeles, CA 90071-2013 ; Mark Nomellini and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654.

COMES NOW, Plaintiff, Lloyd Eugene Baker, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Second Supplemental Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated:  June 26, 2020                    **Respectfully Submitted,**

By: <u>/s/ Sean Patrick Tracey</u>
Sean Patrick Tracey (admitted Pro Hac Vice)
Texas State Bar No. 20176500
Shawn P. Fox (Admitted Pro Hac Vice)
Texas State Bar No. 24040926
TRACEY & FOX LAW FIRM
440 Louisiana St., Ste. 1901
Houston, Texas 77002
713-495-2333 Tel.
866-709-2333 Facsimile
stracey@traceylawfirm.com
sfox@traceylawfirm.com

Counsel for Plaintiff

## **GENERAL OBJECTIONS**

Plaintiff objects to Defendants' First Set of Interrogatories insofar as they exceed the permissible number of Interrogatories in this case per Federal Rule of Civil Procedure 33, and any agreements between the parties.

Plaintiff objects generally to Defendant's First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserve:

a.    All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

b.    Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

c.    Plaintiff's right at any time to revise, correct, add to, or clarify any of their responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means, including information contained in and submitted via the Plaintiff's Census Questionnaire or Bellwether Selection Sheet; or (4) which are not relevant to the subject matter

of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made based on information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any records requested and/or released from the Department of Veterans' Affairs and/or the Department of Defense and/or otherwise received by counsel and reviewed by Plaintiff.

Plaintiff objects to these Interrogatories to the extent that they seek disclosure of official Government information, which disclosure may be subject to limitations governed by Department of Defense Directive 5405.2.  Subject to and without waiver of the foregoing general and specific objections, Plaintiff will answer as permitted and guided by the Government, whether at deposition or prior thereto.

**PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS**
**TO DEFENDANTS 3M'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify All Persons who have knowledge of or information concerning the Allegations in the Master Long Form Complaint and State All facts about which they have knowledge or information.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the Allegation in the Master Long Form Complaint," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

The Master Long Form Complaint contains Plaintiff's allegation that used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Long Complaint contains Plaintiff's allegation that he suffers hearing loss and tinnitus. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Master Long Form Complaint contains nearly five hundred paragraphs alleging in detail Defendants' decades of misconduct in the design, testing, marketing, and sale of the CAEv2. The Master Long Form Complaint includes allegations regarding matters of public record, which may be known to any person. The Master Long Form Complaint also includes allegations regarding the conduct and mental state of Defendants and their agents, with regard to which Defendants have full knowledge, and Plaintiff only the information divulged by Defendants in the course of discovery. The Persons with knowledge concerning the vast majority of the Allegations in the Master Long Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this

Interrogatory response identify those Persons.

Plaintiff objects that the majority of the allegations in the Complaint were developed in Counsel's investigation or in discovery, and that Plaintiff therefore does not have personal knowledge with regard to those facts. Plaintiff states that Plaintiff's personal knowledge is limited to Plaintiff's receipt and use of the CAEv2, Plaintiff's exposure to Defendants' misrepresentations regarding the CAEv2, and Plaintiff's subsequent auditory injury.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff's Counsel nevertheless identifies the following individuals as Persons who have knowledge or information concerning the Allegations in the Master Long Form Complaint. To the extent Plaintiff's Counsel is aware of relevant deposition testimony given by an individual reflecting such information or knowledge, Plaintiff has identified the date(s) of those depositions. Plaintiff's Counsel also provides summaries of the information and knowledge that document discovery has revealed to date with regard to each individual. Such summaries are not intended to narrow or otherwise limit the facts about which each listed individual has knowledge or information, which facts have been revealed to all Parties in the course of discovery, and may be further expanded as discovery continues:

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Adams, Lindsay | N/A | Sales and Marketing of CAEv2 |
| Anthony, Marc | N/A | Contracting Officer, Defense Logistics Agency; Military Procurement of CAEv2 |
| Augustine, Rick | N/A | Military Procurement of CAEv2 |
| Babeu, Lorraine | 3/10/2020 (MDL) | Lieutenant Colonel, U.S. Army (retired); Audiologist; lack of specifications for the CAEv2 |
| Bair, Jeffrey | N/A | Sales and Marketing of CAEv2, Instructions and Packaging of CAEv2 |
| Bealer, Joel | N/A | Commander, U.S. Navy (ret.); Former Deputy Director of Safety and Occupational Health, Bureau of Medicine and Surgery; Military Testing of CAEv2, Military Procurement of CAEv2 |
| Berger, Elliott | 4/2/2013 (Moldex I); | Audiologist and co-inventor of CAEv2; |

6

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | 10/8/2015 (Moldex II); 11/12/2019 (MDL) 11/13/2019 (MDL) 12/10/2019 (MDL) 12/11/2019 (MDL) | Testing and Development of the CAEv2, lack of specifications for the CAEv2, Instructions for the CAEv2, interactions between Defendants and military regarding CAEv2 |
| Buccellato, Gina | N/A | Design and Testing of CAEv2 |
| Bushman, Julie | 10/20/2015 (Moldex II) | Head of Regulatory Affairs; Sales and Marketing of CAEv2 |
| Charton, Daryl | N/A | Sales and Marketing of CAEv2 |
| Cheek, Scott | N/A | Sales and Marketing of CAEv2 |
| Cimino, Mike | 12/11/2019 (MDL) | 3M Marketing Manager; Marketing and Sales of the CAEv2 |
| Clingman, John | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Coleman, Jennifer | 3/3/2020 (MDL) | Defendants' fraud on the U.S. Government relating to the CAEv2 |
| Colston, Mary | N/A | Design and Testing of CAEv2 |
| Doty, Marc | N/A | Testing and Development of CAEv2 |
| Dugan, Latricia ("Trisha") | N/A | Administrative assistant to Gary Warren |
| Dunn, Christine | N/A | Instructions and Packaging for the CAEv2 |
| Edwards, Mike | N/A | Sales and Marketing of CAEv2 |
| Falco, Robert ("Bob") | 2/11/2020 (MDL) 2/12/2020 (MDL) | Design Engineer and Co-Inventor of CAEv2, Testing and Development of the CAEv2, Instructions for the CAEv2 |
| Fallon, Eric | N/A | Sales and Marketing of the CAEv2 |
| Foley, George | N/A | Sales and Marketing of CAEv2, Military Procurement of CAEv2 |
| Franks, John R. | 2/17/2016 (Moldex II) | Defective design of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Gatica, Albert | N/A | Supervisor, Defense Logistics Agency; Military Procurement of CAEv2, Military Specifications for CAEv2 |
| Gavin, Frank | 1/29/2020 (MDL) | Director of Government Sales; Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Geier, Tom | N/A | Military Procurement of CAEv2 |
| Grannis, Vaughn B. | N/A | Sales and Marketing of CAEv2 |
| Hager, Lee | N/A | Instructions and Packaging for CAEv2 |
| Hamer, Jeffrey ("Jeff") | 10/17/2015 (Moldex II); 12/18/2019 (MDL) | EARcal Lab Supervisor; Testing and Development of the CAEv2 |
| Harrison, Michael ("Mike") | N/A | Sales and Marketing of CAEv2 |
| Hobbs, Brian | N/A | Supervisory Audiologist, Navy and Marine Corps Public Health Center; Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jokel, Chuck | N/A/ | Noise Control Engineer, U.S. Army Hearing Program; Military Procurement of CAEv2, Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jones, Jason | N/A | Sales and Marketing of CAEv2 |
| Jurney, John | N/A | Design and Testing of CAEv2, Manufacturing and Quality Assurance of CAEv2 |
| Kieper, Ronald W. | 10/9/2015 (Moldex II) 12/19/2019 (MDL) 12/20/2019 (MDL) | EARcal Laboratory Acoustic Technician; Testing and Development of the CAEv2 |
| Kladden, Cynthia | 1/31/2020 (MDL) | Technical Secretary; Testing and |

8

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| ("Cyd") | | Development of CAEv2, Instructions for the CAEv2, Labeling of CAEv2 |
| Klun, Robert ("Bob") | N/A | Testing and Development of CAEv2 |
| Knauer, Richard ("Dick") | 12/17/2019 (MDL) | EARcal Laboratory Supervisor; Testing and Development of the CAEv2 |
| Komada, John | N/A | Military Procurement of CAEv2 |
| Kronzer, Joseph | N/A | Testing and Development of CAEv2 |
| LaValle, Tom | N/A | Military Procurement of CAEv2 |
| Levinson, Eric | 9/30/2015 (Moldex II) | Testing and Development of the CAEv2 |
| Little, Frank | N/A | Sales and Marketing of CAEv2 |
| Madison, Ted | 12/10/2019 (MDL) | 3M Hearing Technical Specialist; Instructions and Packaging for CAEv2, Testing and Development of CAEv2, Regulations for Hearing Protection Devices |
| Martinez, Rafael | N/A | Manufacturing and Quality Assurance for CAEv2 |
| McGinley, Brian S. | 4/2/2013 (Moldex I) 12/20/2019 (MDL) | Business Director for Hearing Protection; Marketing and Sales of the CAEv2 |
| McNamara, Timothy K. | 3/11/2020 (MDL) | Sales Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Merkley, John | 2/26/2020 (MDL) | Lieutenant Colonel, U.S. Army; Audiologist; Military hearing protection needs, Military interactions with Defendants regarding the CAEv2. |
| Michael, Kevin L. | 10/29/2015 (Moldex II) | Design and Testing of CAEv2 |
| Morris, Rick | N/A | Marketing and Sales of CAEv2 |
| Moses, Doug | 4/4/2013 (Moldex I) | CAEv2 Brand Manager; Marketing and |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | 20/21/2015 (Moldex II) 10/17/2019 (MDL) 12/5/2019 (MDL) 12/6/2019 (MDL) | Sales of the CAEv2 and Distribution of the CAEv2 |
| Murphy, Peter ("Pete") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Construction Marketing; Marketing and Sales of the CAEv2 |
| Myers, Brian | 9/29/2015 (Moldex II) 10/18/2019 (MDL) 12/12/2019 (MDL) 12/13/2019 (MDL) | CAEv2 Brand Manager; lack of specifications for CAEv2; Instructions and Packaging for the CAEv2; Marketing and Sales of the CAEv2, Testing and Development of the CAEv2 |
| Noblitt, April | N/A | Marketing and Sales of CAEv2, Instructions and Packaging for CAEv2 |
| Nostin, Ann | N/A | Marketing and Sales of the CAEv2 |
| Notter, Ronda E. | N/A | Marketing and Sales of the CAEv2 |
| Ohlin, Doug | 5/24/2013 (Moldex I) | Civilian Military Audiologist, 3M Consultant; Design and Testing of CAEv2, Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Pawlowski, Walter C. | 10/23/2015 (Moldex II) | Marketing, Sales and Distribution of CAEv2, Military Procurement of CAEv2 |
| Ramirez, Selina | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Robinette, Marty | N/A | Colonel, Hearing Center of Excellence; Design and procurement of CAEv2 |
| Rosen, Gilad | N/A | Procurement of CAEv2; testing of |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | | CAEv2; Defendants' fraud on the U.S. Government |
| Saleem, Mohammed | N/A | Design and Testing of CAEv2 |
| Salon, Martin ("Marty") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Military Sales; Marketing and Sales of the CAEv2 |
| Santoro, Mark | 12/3/2019 (MDL) | Brand Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Savage, David ("Dave") | N/A | Sales and Marketing of CAEv2 |
| Schott, Brian | N/A | Chief of DLA Medical Surgical Manufacture Division |
| Shaver, Annette | N/A | Instructions and Packaging for CAEv2, Testing and Development of CAEv2 |
| Sidor, Thomas | N/A | Contracting Officer, DLA; Government Procurement of the CAEv2 |
| Smith, Pegeen | N/A | Sales and Marketing of CAEv2, Instructions and Packaging for CAEv2 |
| Spahn, Kevin | N/A | Instructions and Packaging for CAEv2 |
| Stergar, Michael ("Mike") | N/A | Design and Testing of CAEv2 |
| Stobbie, Chuck W. | N/A | Sales and Marketing of CAEv2 |
| Throndsen, Ron | N/A | Sales and Marketing of CAEv2 |
| Todor, Steve | N/A | Testing and Development of CAEv2, Manufacturing and Quality Assurance for CAEv2 |
| Tomson, Tom | N/A | Sales and Marketing of CAEv2 |
| Tremblay, Julie | 12/9/2019 (MDL) | Head of Regulatory Affairs; Regulations for Hearing Protection Devices, Instructions and Packaging for |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | | the CAEv2 |
| van de Werken, Philip | N/A | Sales and Marketing of CAEv2 |
| Viele, David A. | N/A | Instructions and Packaging for CAEv2 |
| Warren, D. Garrad ("Gary") | 1/23/2020 (MDL) | President of Aearo North American Safety Products Group; Marketing and Sales of the CAEv2 |
| Wells, Lauraine ("Laurie") | N/A | Regulations for Hearing Protection Devices, Instructions and Packaging for CAEv2 |
| Zielinski, Robert ("Bob") | N/A | Manufacturing and Quality Assurance of CAEv2, Military Procurement of CAEv2 |

Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 2:**

Identify All Persons who have knowledge of or information concerning the Allegations in Your Master Short Form Complaint, including Any amendments thereto, and State All facts about which they have knowledge or information.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the Allegation in the Master Short Form Complaint," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

12

The Master Short Form Complaint adopts by reference all allegations set forth in the Master Long Form Complaint. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, Plaintiff refers Defendants to Plaintiff's Response to Interrogatory No. 1.

The Master Short Form Complaint contains Plaintiff's allegation that used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Form Complaint contains Plaintiff's allegation that he suffers hearing loss and tinnitus.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The remaining portions of the Master Short Form Complaint consist of basic information regarding Plaintiff Lloyd Baker.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's allegations regarding Plaintiff's name, spouse, and residence, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Persons with knowledge concerning the vast majority of the Allegations in the Master Short Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response identify those Persons.  Plaintiff reserves all rights to amend this response as discovery develops.

Subject to the foregoing objections, Plaintiff believes one or more of the following individuals may have discoverable information relating to the allegations in the Master Short Form Complaint:

| Name | Address/Phone Number | Subject Information |
|---|---|---|
| Lloyd Baker | ▮▮▮▮▮▮▮▮ | Plaintiff |
| Cindy Baker | ▮▮▮▮▮▮▮▮ | Plaintiff |
| Raquel Buie, Fort Jackson Military Entrance Processing Station (MEPS) | 2435 Marion Ave. Fort Jackson, SC 29207 | Hearing loss and/or tinnitus diagnosis |
| Cynthia Y. Johnson, | VA Fort Benning Ft. Benning, GA | Hearing loss and/or tinnitus diagnosis |

| Name | Address/Phone Number | Subject Information |
|---|---|---|
| Cheryl Parker | Ralph H. Johnson VA Medical<br>109 Bee St.<br>Charleston, SC 29401 | Hearing loss and/or tinnitus diagnosis |
| Robert Barger, | Johnson VA Medical Center<br>VA Hearing Conservation<br>109 Bee St<br>Charleston, SC 29401 | Hearing loss and/or tinnitus diagnosis |
| Catherine J. Martine, Aud. | Carolina Hearing Services, Inc.<br>1543 Ashley River Road<br>Charleston, SC 29407 | Hearing loss and/or tinnitus diagnosis |
| Tracy J. Dolan | Cheyenne, Wyoming VA Clinic<br>2360 E Pershing Blvd, Cheyenne, WY 82001 | Hearing loss and/or tinnitus diagnosis |
| Amy M. Weaver, MS, CCC-A | Ivinson Memorial Hospital<br>255 N. 30th St<br>Laramie, WY 82072 | Hearing loss diagnosis |
| Brian Dimoff | ▮▮▮▮▮▮ | Coworker in Afghanistan while employed at Triple Canopy<br><br>Has gone shooting with Plaintiff recreationally |
| John Romero | ▮▮▮▮▮▮ | Went hunting with Plaintiff once<br><br>Went recreational shooting with Plaintiff twice |
| ▮▮▮▮▮▮ | Unknown | May have relevant knowledge about weapons training and hearing protection.<br><br>▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮ |

| Name | Address/Phone Number | Subject Information |
|---|---|---|
| ███████████ | Unknown | May have relevant knowledge about weapons training and hearing protection.<br><br>████████████<br>██████ |
| ███████ | Unknown | May have relevant knowledge about weapons training and hearing protection.<br><br>████████████<br>██████ |
| ████████████ | Unknown | May have relevant knowledge about weapons training and hearing protection.<br><br>██████████<br>████████ |
| █████████ | Unknown | May have relevant knowledge about weapons training and hearing protection.<br><br>██████████<br>████████ |

**INTERROGATORY NO. 3:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Initial Census Questions, including Any amendments thereto, and State All facts about which they have knowledge or information.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or

15

information concerning the statements that You made in the Initial Census Questions," which is vague would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties or outside of Plaintiff's personal knowledge. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

The Initial Census Questions seek basic information regarding Plaintiff's military service, military occupation specialty, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, Plaintiff's occupation specialty, or Plaintiff's assignment to various duty stations, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Initial Census Questions seek some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Initial Census Questions seek information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses, and Plaintiff's awareness of Plaintiff's injury.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, 60.

The remaining portions of the Initial Census Questions consist of basic information regarding Plaintiff, Lloyd Baker.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's state of residence and duration of residence there, the identity of the law firm representing Plaintiff, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

Subject to the foregoing objection, Plaintiff refers Defendant to answer to Interrogatory No. 2. and adopts and incorporates that answer as if set forth fully herein.  Further, Plaintiff reserves all rights to amend this response as discovery develops, including subsequent to the completion of the Government's collection and production of records from sources including

16

the VA and DOD.

**INTERROGATORY NO. 4:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet, including Any amendments thereto, and State All facts about which they have knowledge or information.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks identification of every individual with whom Plaintiff served in the Armed Forces at any time, which is not only unreasonably burdensome but also seeks information beyond Plaintiff's personal knowledge. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5). Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would purport to require Plaintiff to identify anything other than facts. Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent it is an improper use of the Bellwether Information Sheet, including in that the Bellwether Information Sheet is not a discovery device. Plaintiff also objects to this Interrogatory to the extent it mischaracterizes information in the Bellwether Information Sheet as "statements that Lloyd Baker made," despite that the contents of the Bellwether Information Sheet were not affirmed by Plaintiff. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

The Bellwether Selection Sheet seeks basic information regarding Plaintiff's military service, deployment, and duty station assignments. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory. To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, or Plaintiff's assignment to various duty stations, Plaintiff objects

to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Bellwether Selection Sheet seeks some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2, the model of CAEv2 that Plaintiff used, and any related instructions or fitting processes. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Bellwether Selection Sheet seeks information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses and treatments, and Plaintiff's awareness of Plaintiff's injury. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's exposure to noise, machinery, and weapons in the course of Plaintiff's military service. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 5, 6, 30, 33, 35, 36, 37, 38, 39, and 48.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's average annual income. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 53, 55, 56, and 57.

Subject to the foregoing objection, Plaintiff refers Defendant to answer to Interrogatory No. 2. and 3 and adopts and incorporates those answers as if set forth fully herein. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 5:**

Identify All Persons who served with You in the military that were present when You fired weapons in training or combat.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As

written, this Interrogatory seeks information regarding "All Persons who served with You in the military that were present when You fired weapons in training or combat," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity and fails to contain any limits as to time or scope.

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with.  Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced or will be produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to the foregoing, I cannot reasonably state "all persons" who served with me in while in the military.  To the best of my recollection, and as is reflected in my service records that were previously produced or produced simultaneously with responses to 3M's First Request for Production, each and/or any member of each listed units may have been present on at least one occasion when I fired a weapon, however, I do not have specific knowledge regarding that information. As reflected in service records, and according to my memory, I enlisted in the United States Army on May 25, 2005.  I was 11B Infantryman and attended initial combat training and Airborne Jump School at Ft. Benning, Georgia from approximately June 2005 until November 2005.  I was then assigned duty station at Ft. Lewis, Washington from approximately December 2005 to January 2006, where I was assigned to Ghost Company, 3rd Squadron, 2nd Stryker Cavalry Regiment. I was later transferred to Rose Barracks, Vilsek, Germany from January 2006 until June 2007.  From Germany I was deployed to Iraq from approximately August 10, 2007 until October 28, 2008.  I was discharged from the Army on October 4, 2009 and re-enlisted in Active Army Reserves in approximately December 2009 as 31B Military Police.  I went on Inactive Reserves status in 2012 and was finally discharged on approximately July 1, 2014.  During my time in the Army, both in training and combat I fired many different weapons and was around others while doing so, including various commanding officers, superiors and teammates, all of whom I cannot recall.  I have a specific recollection at this time of the following persons being present when I fired a weapon: ██████████████ ████████████████████████████████████████████  These individuals are the only individuals Plaintiff can recall at this time.  Plaintiff reserves all rights to supplement this answer if necessary.

**INTERROGATORY NO. 6:**

Identify All Persons who have knowledge of whether or not You wore a Hearing Protection Device when exposed to loud noises in the military, including loud noises from weapons fire and transport vehicles.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, it seeks information regarding "All Persons who have knowledge of whether or not Your wore a Hearing Protection Device when exposed to loud noises in the military," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation. As written, this Interrogatory also seeks significant information beyond his personal knowledge: specifically, Plaintiff has no personal knowledge as to what knowledge or information any person other than himself/herself, possesses. Plaintiff objects on the ground that this interrogatory lacks specificity, fails to contain any limits as to time or scope, and to the extent that "loud noises" is vague, ambiguous, and unclear, and as Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory presupposes that all "weapons fire" and "transport vehicles" create or cause "loud noise." Plaintiff further objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced or will be produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to the foregoing objection, I cannot state with any degree of certainty "all persons" that have knowledge of whether or not I wore my hearing protection. The use of hearing protection was not an elective decision but was mandated by US Army policy. Myself, and every soldier I served with, always endeavored to follow Army rules and regulations, and that included wearing issued hearing protection during combat training exercises and during deployment at all times while off the base and on mission. Further, see answer to Interrogatory No. 5, as the individuals may have knowledge whether or not I wore hearing protection

**INTERROGATORY NO. 7:**

Identify All Persons who were present when You fired any weapon recreationally, including hunting or target shooting.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate. As written, it asks Plaintiff to "Identify All Persons who were present when You fired any weapon recreationally," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation, and would require Plaintiff to provide information beyond his personal knowledge. Plaintiff further objects on the ground that this interrogatory lacks specificity and fails to contain any limits as to time or scope. Plaintiff further objects to this request on the ground that it improperly presumes that Plaintiff fired any weapon recreationally. Plaintiff objects to this interrogatory because it seeks information that is not relevant, including seeking information unrelated to the product at issue and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to the foregoing objections, the following persons were present when I fired a weapon recreationally:

- Cindy Baker
- Brian Dimoff
- John Romero
- Dillon Baker

**INTERROGATORY NO. 8:**

Identify All Persons with whom You have discussed your hearing loss or tinnitus, and, for Each, State whether the discussion was verbal or written and the date(s) the discussion took place.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory would require Plaintiff to "Identify All Persons with whom You have discussed your hearing loss or tinnitus" which would require Plaintiff to potentially identify dozens of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity and fails to contain any limits as to time or scope. Plaintiff objects to this interrogatory to the extent it seeks information irrelevant to the claims and defenses in this matter, including the medium in which

21

Plaintiff communicated about Plaintiff's injury. Plaintiff objects to this interrogatory to the extent that it seeks information by the applicable attorney-client and attorney work product privileges. Fed. R. Civ. P. 26(b)(5).

Subject to the foregoing objection, see all previously provided authorizations for release of military and V.A. records and civilian medical records.  Further, I recall discussing my hearing loss and tinnitus with Cindy Baker and Brian Dimoff.  I do not recall dates of these discussions.  Further, I would refer to my medical and military records for the names of the various audiologist that performed examinations and audiograms for additional persons I may have had verbal discussions with and the dates of such discussions.  Those healthcare professionals are also listed in answer to Interrogatory No. 9, which Plaintiff adopts and incorporates herein.  However, I do not have a specific recollection of any such verbal discussions.

**INTERROGATORY NO. 9:**

Identify All health care professionals, physicians, audiologists, military or occupational nurse or other hygienist, treating facilities, clinics, therapists, and/or other medical facilities or providers that have examined Your ears and/or hearing, including the date of the examination, any diagnoses made regarding Your hearing or ears, and Any recommendations made regarding Your hearing or ears.

**ANSWER:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "examine," "examination," "diagnoses made," and "recommendations made" and that it fails to contain limitations as to time or scope. Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to information sought within the Census Form and/or Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects to this interrogatory on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065 and April 28, 2020 Order.

Subject to the foregoing objections, I do not have a specific recollection of the names of any audiologist or any other healthcare provider or person that examined my ears or hearing. I would refer to and rely on my military, DoD, VA and civilian medical records from document productions made pursuant to those releases and authorizations, including VA records and/or DoD records as well as.  According to my records, the following healthcare professionals/audiologist conducted examinations and/or audiograms:

| Name of Healthcare Professional | Date of Examination | Diagnosis |
|---|---|---|
| Raquel Buie,<br>Fort Jackson<br>Military Entrance Processing Station (MEPS)<br>2435 Marion Ave.<br>Fort Jackson, SC 29207 | 03/08/2008 | Unknown |
| Cynthia Y. Johnson,<br>VA Fort Benning<br>Ft. Benning, GA | 05/27/2005 | Unknown |
| Cheryl Parker<br>Ralph H. Johnson VA Medical<br>109 Bee St.<br>Charleston, SC 29401 | 10/22/2009 | • Sensorineural hearing loss bilaterally<br>• Tinnitus bilaterally |
| Robert Barger,<br>Johnson VA Medical Center<br>VA Hearing Conservation<br>109 Bee St<br>Charleston, SC 29401 | 08/08/2010 | Asymmetrical Hearing loss |
| Catherine J. Martine, Aud.<br>Carolina Hearing Services, Inc.<br>1543 Ashley River Road<br>Charleston, SC 29407 | 08/26/2010 | • Sensorineural hearing loss left ear |
| Tracy J. Dolan<br>Cheyenne, Wyoming VA Clinic | 6/20/2018 | • Hearing loss<br>• Tinnitus |
| Amy M. Weaver, MS, CCC-A<br>Ivinson Memorial Hospital<br>255 N. 30th St<br>Laramie, WY 82072 | 02/24/2020 | • Hearing loss bilateral<br>• Normal air and bone conduction threshold |

**INTERROGATORY NO. 10:**

Identify All health care professionals, physicians, audiologists, military or occupational nurses or other hygienists, treating facilities, clinics, therapists, and/or other medical facilities or providers that have diagnosed You with the injury or condition that You Allege was caused by Your use of the CAEv2, the injury or condition that Each Person diagnosed You with and the date of the diagnosis.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory

in that it is overbroad, unduly burdensome and vague in that it fails to define "injury" and "condition." Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to the information sought in the Census Form, Bellwether Information Sheet, and as otherwise determinable through the medical records that have been or will be produced where the information is equally accessible to both parties. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of persons or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108).  Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: please see answer to Interrogatory No. 9.

Plaintiff refers Defendant to answer to Interrogatory No. 9.  Plaintiffs adopts and incorporates the answer to Interrogatory No. 9 as fully set forth herein.  Additionally, Plaintiff would refer Defendants to VA medical and other records that have been produced to date which Plaintiff understands may contain information responsive to this request that Plaintiff does not have independent knowledge or recollection.

## INTERROGATORY NO. 11:

Identify All audiograms, tympanograms, speech reception tests or Any other hearing-related test results, medical records, hearing aid referrals or prescriptions, or other Documents that identify the injuries that You Allege were caused by the CAEv2, including the date(s) of those audiograms, tympanograms, speech reception tests or Any other hearing-related test results, medical records, hearing aid referrals or prescriptions, and/or other Documents, the entity that generated those records, and the injury Identified in those records.

## ANSWER:

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it seeks information regarding "any other hearing-related test results, medical records…prescriptions [and] other documents." Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to the information sought through the Census Sheet and/or Bellwether Information Sheet and/or e.g. Interrogatory No. 9. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory

to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff.

Subject to the forgoing objection, please see the previously produced authorizations for the release of my military, V.A. and civilian medical records. Additionally, see all military, civilian and V.A. records previously produced and in Defendant's possession. Further, please see answers to Interrogatory No. 9. Plaintiff adopts and incorporates the answer to Interrogatory No. 9 as fully set forth herein.

## INTERROGATORY NO. 12:

If You received hearing tests, including but not limited to audiograms, tympanograms, speech reception tests or Any other hearing test, while You served in the military, State the date(s) of the hearing test(s) and whether or not Any hearing loss or other hearing disorder was identified.

## ANSWER:

Plaintiff objects to this discovery request as unreasonably cumulative or duplicative of the information sought by Defendants in the Census Form, Bellwether Information Sheet, and Interrogatory No. 11., in that the information can be obtained from another source that is more convenient and less burdensome, namely from medical and/or service records which are or will be equally accessible to the Defendants through the authorization(s) provided by Plaintiff. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff also objects to this interrogatory to the extent that the information sought is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical authorizations and/or service records responsive to the parties' *Touhy*  requests.

Subject to the foregoing objections, it is my understanding that I have been diagnosed with bilateral hearing loss with moderate to severe loss in the left ear and tinnitus.  The best evidence of the dates and the results of my hearing tests is my military, V.A. and civilian medical records, most of which are already in Defendant's possession.  Please see my records, and my answer to Interrogatory No. 9, which is adopted and incorporated herein.  Further, I had a audiogram/hearing test upon employment with Triple Canopy sometime in March 2012. I have no personal knowledge of the exact date of the examination or the results.

## INTERROGATORY NO. 13:

Describe in detail the injuries or conditions that You Allege were caused by Your use of the CAEv2, including but not limited to how the injuries or conditions affect Your ability to communicate and understand conversations or to detect, identify, localize and/or otherwise hear

and attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury," or "condition," and further fails define or explain "detect, identify, localize" and "attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment." Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to the information sought through the Census Sheet and/or Bellwether Information Sheet and/or e.g. Interrogatory No. 9. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objection, the injuries caused by the CAE v2 include hearing loss and tinnitus.  Additionally, my hearing loss and tinnitus affect my ability to hear and communicate, in a social setting. These injuries have caused a significant impact on my life including in my relationships and ability to hear.  My tinnitus is very distracting at times and can prevent me from falling asleep and staying asleep or going back to sleep after waking— especially in a completely silent sleeping environment. I retain the right to supplement or amend this answer upon review and in consideration of my medical and other records.


**INTERROGATORY NO. 14:**

Identify All hearing assistive devices, ear drops, or any other devices, medications or therapies that have been prescribed by or recommended to You by a medical provider, including the date that You were prescribed, the name of the medical provider who prescribed such devices, and Any diagnoses made regarding Your hearing or ears in prescribing such devices.

**ANSWER:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome, and vague, in part as it fails to define or explain "ear drops, or any other devices, medications or therapies," and further in that it fails to contain reasonable limitations as to time or scope. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue

or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 15:**

If You have Any pain in Your ears, Describe in detail the pain that You experience, the frequency with which You experience the pain, the date on which the pain began, and the date on which You last experienced the pain.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "pain," and seeks information regarding "Any pain in Your ears," with no limitations as to time, scope, cause, types, or otherwise. As written, this Interrogatory would require Plaintiff to describe anything he subjectively views as pain in his ears for the entirety of his life exceeding a 30-year time span. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 16:**

If You have a sensation of fullness or pressure in one or both of Your ears, Identify the ear(s) in which You have a sensation of fullness or pressure, the date on which the sensation began, the frequency with which You experience such sensation, and the date on which You last experienced such sensation.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "a sensation of fullness or pressure in…Your ears," and otherwise seeks information with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment

27

and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, none. None.

**INTERROGATORY NO. 17:**

If You have Any noises, sounds, buzzing, whooshing, or ringing in Your ear(s), Describe the noises, sounds, buzzing, whooshing, or ringing, including the date on which the sound began, the frequency with which You hear the sound, whether the sound fluctuates or stays constant, whether the sound bothers You, whether the sound keeps You awake when trying to sleep, the date on which you last experienced such sound, and whether the sound is getting worse or remaining approximately the same.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case. Plaintiff object to this Interrogatory to the extent it contains no limitations as to time, scope, or otherwise. As written, this Interrogatory asks Plaintiff to describe "any noises, sounds, buzzing, whooshing, or ringing in your ears…," which would include every sound or noise that Plaintiff hears, and therefore is overbroad, vague, and unclear. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to the foregoing objections, please see the answer to Interrogatories Number 13 and 15. Additionally, I have a constant high pitch "whine" in my ears which is constant most of the time that fluctuates in intensity and never completely goes away.  The sound can be distracting at times and it disrupts my ability to fall asleep, stay asleep, and go back to sleep after waking—especially in a completely silent environment.

**INTERROGATORY NO. 18:**

If fluid drains from Your ears, Identify the ear(s) from which the fluid drains, the date on which You first noticed fluid draining, the frequency of such drainage, the date on which you last experienced such drainage, the color of the fluid, and whether the fluid has an odor.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "fluid" that "drains from Your ears," with no limitations as to time, scope, cause,

types, or otherwise. Plaintiff objects to this Interrogatory as vague, ambiguous, unclear, and misleading to the extent it fails to define "fluid" and "drains." Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff.

Subject to the foregoing objections, not applicable. Fluid does not drain from my ears.

**INTERROGATORY NO. 19:**

If You have had ear surgery, Describe the surgery, including the date of the surgery and the doctor who performed the surgery.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, and unclear to the extent that it fails to define "surgery" or contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to the foregoing objections, none. I have never had ear surgery.

**INTERROGATORY NO. 20:**

Describe Any prescription medications You take or have taken to date, including the name of the medication, frequency and duration of taking each medication.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. As written, this request seeks "Any prescription medications You take or have taken to date," which would encompass all medications, not dependent on the type or reasoning prescribed, spanning the duration of Plaintiff's life. Plaintiff objects as this interrogatory fails to contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both

Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of medications or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108).

Subject to and without waiving Plaintiff's General and Specific Objections, please see the medical records produced. Further, according to the records in my possession and to the best of my recollection I have taken the following prescription medications and refer to my records as the best evidence of the frequency and duration:



**INTERROGATORY NO. 21:**

Identify Any pharmacies at which you have filled prescription medications.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its irrelevant, overbroad, unduly burdensome, and sought solely for the purpose of harassment and not relevant to the matters at

issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of medications or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108). Subject to and without waiving Plaintiff's General and Specific Objections see my VA medical records.  To the best of my recollection, the only pharmacies I have used are the VA pharmacy and the Walmart Pharmacy in Laramie, Wyoming.

**INTERROGATORY NO. 22:**

If You have ever been diagnosed with Any medical condition or disease, Identify the condition or disease, the date of diagnosis, the diagnosing doctor, Any treatment prescribed, whether You were hospitalized, the date of hospitalization, if any, and whether You received IV antibiotics.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "medical condition or disease," and further to the extent it seeks information regarding "Any medical condition or disease" that Plaintiff was ever diagnosed with, and contains no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert conclusions that this interrogatory seeks. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of medications or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108).

Subject to and without waiving Plaintiff's General and Specific Objections, please see the medical records and VA records previously produced and in Defendant's possession. I have no knowledge or recollection of ever receiving IV antibiotics and would rely on my doctors and medical records for information regarding the same. Additionally, see below:

31

| Medical Condition/Disease | Date of Dx | Dx Doctor | Hospitalization | IV ABx |
|---|---|---|---|---|
| ███████ | 01/28/2009 | DNR | No | No |
| Hearing loss | 2009 or 2010 | DNR | No | No |
| Tinnitus | 2009 or 2010 | DNR | No | No |
| ██████ | 02/10/2016 | Dr. Debbie Cecil | E.R visit | No |
| ██████ | 02/10/2016 | Dr. Debbie Cecil | E.R. visit | No |

**INTERROGATORY NO. 23:**

Describe All injuries, including head injuries, that You sustained during Your Military service, including the date that You sustained the injuries and the circumstances surrounding those injuries.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objection:

| Injuries while in the military | Circumstances | Date |
|---|---|---|
| ███████ | Fell from tower on obstacle course | January 28, 2009 |
| Hearing Loss/Tinnitus | Noise exposure due to defective/inadequate hearing protection | 2009 or 2010 |

**INTERROGATORY NO. 24:**

State the size of Your ear canal and All factual bases for such Statement, including but not limited to any ear canal sizing or earplug sizing performed and communicated to you by a provider such as an audiologist.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and misleading, in that it does not define "size" or "ear canal," or provide a scale for the requested ear canal size (*e.g.*, small-large; a numerical scale; or some alternative). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory needed to provide an opinion or conclusion on the "size of [Plaintiff's] ear canal." Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objections, I do not know the size of my ear canals.

**INTERROGATORY NO. 25:**

Identify Any awards, medals, honors, or commendations that You have received in connection with Your military service, including the dates You received those awards.

**ANSWER:**

Please see my military records which are currently in Defendant's possession, which per my memory include but may not be limited to the following:

- Army Commendation Medal
- Army Achievement Medal (2nd Award)
- Army Good Conduct Medal
- National Defense Service Medal
- Global War on Terrorism Service Medal
- Iraq Campaign Medal w/Campaign Star
- Army Service Ribbon
- Overseas Service Ribbon (2nd Award)
- Combat Infantryman Badge
- Parachutist Badge
- Driver Wheeled Vehicle and Mechanic Badge

**INTERROGATORY NO. 26:**

If You were ever deployed in combat, please Identify the location, dates of deployment, your primary duties while deployed, and whether you experienced live fire at or from the enemy in combat.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it fails to define the facially overbroad and ambiguous terms "primary duties" and "combat" and "live fire." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this Interrogatory seeks information beyond his personal knowledge to the extent it requires Plaintiff to determine whether any given encounter constituted "live fire at or from the enemy in combat" and the identity of any other combatants or sources of fire. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects that the information sought is cumulative or duplicative of information sought in the Census Form and/or Bellwether Selection Form, and/or that may otherwise be contained within the service records produced. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects to this Interrogatory to the extent that it seeks disclosure of official Government information, which disclosure may be subject to limitations governed by Department of Defense Directive 5405.2. Subject to and without waiver of the foregoing general and specific objections, Plaintiff will answer as permitted and guided by the Government, whether at deposition or prior thereto.

Subject to and without waiving any objections, please see my military records produced, and:

34

| Deployment in Combat | Location(s) | Dates | Primary Duties | Live Fire? |
|---|---|---|---|---|
| Iraq | Baghdad and Diyala Governance | 8/10/2007 to 10/28/2008 | Rifleman, Driver, Machine gunner, Vehicle Commander | Yes |

**INTERROGATORY NO. 27:**

Describe how You first acquired the CAEv2, including who first issued You the CAEv2 and the date on which they issued You the CAEv2.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "*how* [Plaintiff] first acquired the CAEv2." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objections, to the best of my recollection, I was first issued a pair of CAEv2 in 2005 while at Ft. Benning.  I was subsequently issued another pair of CAEv2 at the Central Issuing Facility at Ft. Lewis in 2006.

**INTERROGATORY NO. 28:**

If you were fitted with the CAEv2 by another person, describe the process by which you were fitted, including the person(s) who fitted you with the CAEv2, the date(s) and location(s) you were fitted, how you were fitted, and whether or not the person fitting you with the CAEv2 rolled back any of the flanges on the opposite end of the CAEv2 during the fitting process.

**ANSWER:**

. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it does not define the terms "fitted" or "fitting process" or

35

"rolled back" or "location(s) you were fitted" or "flange" or "opposite end." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that this interrogatory, as phrased, "If you were fitted….by another person, describe the process by which you were fitted" inherently seeks information outside of Plaintiff's personal knowledge. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought in the Census Form and/or Bellwether Form and/or otherwise within these Interrogatories. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this Interrogatory to the extent that it seeks disclosure of official Government information, which disclosure may be subject to limitations governed by Department of Defense Directive 5405.2. Subject to and without waiver of the foregoing general and specific objections, Plaintiff will answer as permitted and guided by the Government, whether at deposition or prior thereto.

Subject to and without waiving any objections, please see the answer to Interrogatory No. 27, as well as documents and records produced, including those produced responsive to *Touhy* requests that are currently in Defendant's possession. Otherwise, at this time, I cannot specially recall who fitted me with the CAEv2, the date(s) or the location(s). If it was the Army's policy and procedure to personally individually fit earplugs, then it was done. However, I simply don't have a specific recollection. I am unaware of anything regarding rolling of any flanges on the CAEv2.


**INTERROGATORY NO. 29:**

If You acquired more than one pair of the CAEv2, describe how You acquired subsequent CAEv2s, including who issued You the subsequent CAEv2s and the date on which they issued You the CAEv2.


**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff refers Defendant to answer to Interrogatory No. 27 and adopts and incorporates that answer as fully set forth herein.


**INTERROGATORY NO. 30:**

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, and the types of noises that You were exposed to while using the CAEv2.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative in that it seeks information otherwise sought within Plaintiff's Census Form and/or Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to the foregoing objections, I recall that the CAEv2 was issued to me at both Ft. Benning and Ft. Lewis and it was the primary hearing protection I used during my enlistment from 2005-2009, including during my deployment in Iraq.  The Army required hearing protection during all combat training exercises and during deployment while on mission or around loud noise, and accordingly, I always wore them as required.  During my service I would have worn the CAEv2 while conducting combat training and during combat on deployment.

To the best of my recollection, while wearing the CAEv2 I would have been exposed to noise from various machinery, aircraft, weapons and explosives, including aircraft, helicopters, various armored vehicles and heavy trucks, UH-60 Blackhawk helicopter; M1151 Humvee; the M1126 Stryker Infantry Carrier Vehicle, M-16A4 rifle; M4 carbine; M2 50 caliber machine gun; automated fire remoted controlled rear-mounted 50 caliber machine gun on Stryker ICV; Mark 19 grenade machine gun; AT-4 shoulder fired anti-tank weapon (9mm target round fired once), M-9 pistol; M-249 (SAW light machine gun); M-240; M-203 weapon; grenades, mortar rounds (few occasions) and C4 plastic explosives used for demolition IEDs on a few occasions while standing a few hundred feet away.

**INTERROGATORY NO. 31:**

Describe the specific circumstances or situations in which You wore the green end of the CAEv2, and your understanding of the specific circumstances in which You were supposed to wear the green end of the CAEv2.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user always wears both ends if they are wearing these plugs. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff

objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information similarly sought through the Census Form and/or Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to the foregoing objections, to the best of my recollection, I recall learning that the "green end" of the CAEv2 was for steady state noise, like when riding around in certain vehicles

**INTERROGATORY NO. 32:**

Describe the specific circumstances or situations in which You wore the yellow end of the CAEv2 and your understanding of the specific circumstances in which You were supposed to wear the yellow end of the CAEv2.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user wears both ends. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information similarly sought through the Census Form and/or Bellwether Information Sheet and/or Interrogatories otherwise including Interrogatory No. 32. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to the foregoing objections, see answer to Interrogatory No. 30 and 31, which is adopted and incorporated as fully set forth herein. Further, it is my recollection and belief that I wore the "yellow end" of the CAEv2 whenever I wanted to maintain situational awareness and be able to hear and give commands and communicate and have protection against impulse noise, like during combat training, during combat or on the range.

**INTERROGATORY NO. 33:**

Describe Each instance in which You have worn a Hearing Protection Device other than the CAEv2, including the name of the Hearing Protection Device, the years in which You wore the Hearing Protection, the circumstances in which You wore the Hearing Protection Device, and the types of noises that You were exposed to while using the Hearing Protection Device.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, including in that it seeks information on "types of noises" without defining or describing any such types. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "the types of noises that You were exposed to while using the Hearing Protection Device," which would require the identification of sounds that Plaintiff could not hear because of his use of a Hearing Protection Device. Plaintiff objects on the ground that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding "types of noises," sound or otherwise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought within the Census Form, Bellwether Information Sheet, and Interrogatories including Nos. 3, 6, and 14. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objection, the CAEv2 was my primary hearing protection used for while in the military from 2005-2009, and I cannot reasonably recall "each instance" I would have worn a hearing protection device "other than the CAEv2," however, to the best of my recollection and belief:

| Other Hearing Protection Device(s) | Approx. year(s) | Circumstances | Type(s) of noise |
|---|---|---|---|
| Combat Vehicle Crewman's Helmet (CVC) | 2005 to 2009 during combat training and during deployment in Iraq | Commanding or riding in the M1126 Stryker Infantry Carrier Vehicle | Mechanical machinery/Diesel engine |
| Single-sided triple flange ear plug | A few times in 2005 during training at Ft. Benning | Firing Range or combat training | Small weapons fire |
| "Foamies" hand-formed ear plugs | Periodically throughout my service, both active duty and reserves 2005-2014 and while employed for Triple Canopy and while shooting recreationally | Firing Range or combat training | Small weapons fire while boarding and while onboard aircraft |

| Other Hearing Protection Device(s) | Approx. year(s) | Circumstances | Type(s) of noise |
|---|---|---|---|
| Quad flange ear plug | A few times in 2005 during training at Ft. Benning | Firing Range | Small weapons fire |
| Peltor Comtac Tactical Communications Headset | From 2005 or 2006 to 2009 during combat training and during deployment in Iraq | While machine gunner on rear gun of the M1126 Stryker Infantry Carrier Vehicle | Mechanical machinery/Diesel engine. Never fired the machine gun while outside of the vehicle. |
| SureFire Sonic Defenders | Wore a couple of times while on deployment in Iraq in 2007 | While on mission | Do not recall any weapons fire or other loud noise while wearing these ear plugs |
| Yellow double flanged earplugs | Wore periodically approximately 2015 to present | Firing Range | Small weapons fire |
| MPOW Earmuffs | Wore periodically approximately 2015 to present | Firing Range | Small weapons fire |

**INTERROGATORY NO. 34:**

Describe in detail any complaints you made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, and the substance of the complaint.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part due to its failure to define the term "complaint." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C).

40

Subject to the foregoing objections, none.

**INTERROGATORY NO. 35:**

Describe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," or "exposed to" or "weapons" or "heavy machinery," which are vague and subjective. Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss and does not define "loud noise." Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information sought within the Census Form, Bellwether Information Sheet, and otherwise within these Interrogatories including Nos. 6, 36, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections, although the term "loud noises" is subjective, I was exposed to some level of noise from machinery, aircraft, weapons and explosives, however, I was always wearing hearing protection.  Please see answer to Interrogatory No. 30 and No. 33, which is adopted and incorporated herein. Additionally, I was transported in a C-130 three (3) times while in jump school at Ft. Benning and twice in a C-17.  To the best of my recollection while boarding and while onboard these aircraft I used foam ear plugs. Lastly, while on deployment, I would have walked by some generators while on base.

**INTERROGATORY NO. 36:**

Describe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad,

41

vague, ambiguous and unclear, in part as it fails to contain any reasonable limitations as to time or scope, and further fails to define "weapons" or "operated." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought in the Census Form, Bellwether Information Sheet, and otherwise within these Interrogatories including Nos. 6, 35, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this

Subject to the foregoing objections, see answers to Interrogatories No. 30 and 33, which are adopted and incorporated as set forth fully herein. Further, I would have worn the CAEv2 while operating all weapons listed in answer to Interrogatory No. 30. Additionally, to the best of my recollection, on a few occasions, I would have worn a CVC helmet when operating the rear-mounted 50 cal. automated fire machine gun from inside the Stryker ICV. I also wore foam earplugs (foamies) on multiple occasions while operating the M16a1, 9mm and the M4 carbine and quad flange earplugs on a few occasions operating the same

**INTERROGATORY NO. 37:**

Describe Any basic or advanced weapons training You received in connection with Your military service, including the date of training, the weapons fired during training, and the Hearing Protection Devices worn while firing weapons during training.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "weapons training" or "basic or advanced weapons training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information otherwise sought in these of the information sought in the Census Form, Bellwether Information Sheet, and otherwise within these Interrogatories. Further, the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objection and without waiver of the same, during my time in the Army from 2005-2009, I was trained on the following weapons:  the remote operated 50 cal. rear machine gun on the M1126 Stryker ICV, M-16A4 rifle; M4 carbine; M2 50 caliber machine gun; Mark 19 grenade machine gun; AT-4 shoulder fired anti-tank weapon (9mm target round fired once), M-9 pistol; M-249 (SAW light machine gun); M-240; M-203 weapon; and hand grenades.  I also attended movement and tactics training for urban warfare at both Ft. Lewis and at Rose Barracks in Germany. Additionally, please see my service and other records which may contain responsive information. Further, see answers to Interrogatories No. 30, 33 and 36, which are adopted and incorporated herein by reference.

**INTERROGATORY NO. 38:**

If You were exposed to Any weapon, machinery, and/or Any other loud noises while in the Military, please Describe in detail All circumstances in which You did so, including the weapon(s), machinery, and/or loud noises you were exposed to without a Hearing Protection Device, and the frequency and duration of use without using a Hearing Protection Device.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails contain reasonable limitations as to time or scope, and fails to define "weapon," or "machinery," or "loud noises," or "exposed to." Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or "loud noises" otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss and does not define "loud noise."

Subject to and without waiving Plaintiff's General and Specific Objections, I always wore hearing protection as required, however there was one occasion where my left ear was exposed and the enemy fired a few shots in my direction and I returned fire before I could re-insert my left CAEv2.  Further, see answers to Interrogatories No. 30, 33 and 36, which are adopted and incorporated herein by reference.

**INTERROGATORY NO. 39:**

If You were exposed to Any explosions while in the Military, including Improvised Explosive Device (IED) explosions, State the date of such exposure, the circumstances of the exposure, and which Hearing Protection Device You were wearing, if any.

**ANSWER:**

43

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part as it fails to define "exposure" or "circumstances," and otherwise as it fails to contain reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory is cumulative, duplicative, and may be better ascertained through other less burdensome and more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections, I was not ever directly exposed to an IED blast. To the best of my recollection and belief, there were a few occasions where I observed (from a far safe distance away) an Army demo team intentionally detonate IEDs.  To the best of my recollection and belief, I was wearing CAEv2 during those instances.

## INTERROGATORY NO. 40:

Describe in detail All circumstances in which the CAEv2 fell completely out of Your ears after You had inserted it.

## ANSWER:

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, confusing, misleading, ambiguous and unclear in that it fails to define "fell" and fails to contain reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory pre-supposes the "CAEv2 fell completely out of" Plaintiff's ears, and further, improperly attempts to conflate Plaintiff's potential awareness that the "CAEv2 fell completely out of" Plaintiff's ears (if applicable) with Plaintiff's knowledge of a potential defect and/or lack of fit and/or lack of protection.

Subject to the foregoing objections, I recall generally, approximately few occasions where, due to normal movement, such as talking and chewing or running, one earplug may have fallen out. I always reinserted the earplugs immediately.

## INTERROGATORY NO. 41:

Describe in detail All circumstances in which you perceived that the CAEv2 loosened in Your ear(s) after You had inserted it.

## ANSWER:

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear in that it fails to define "perceived" or "loosened" or "inserted." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, unreasonably cumulative or duplicative of the information sought in the Census Form, Bellwether Information Sheet, and/or otherwise within these Interrogatories including Nos. 28, 42, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory regarding understanding or perception of whether or not an earplug loosened in his ear and otherwise. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts. Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Plaintiff further objects to this Interrogatory as irrelevant and misleading to the extent it suggests either that (1) the defective loosening of the CAEv2 was perceptible to users; or that (2) a user's subjective perception of such loosening, on its own, could make that user question the efficacy of the CAEv2 or the accuracy of Defendants' misrepresentations regarding the CAEv2.   To the extent this Interrogatory seeks information regarding the defective and imperceptible loosening of the CAEv2, Plaintiff refers Defendants to the portion of Plaintiff's Response to Interrogatory No. 49 on that topic.

Subject to and without waiving Plaintiff's General and Specific Objections, please see my Answer to Interrogatory No. 40 for instances that I perceived the CAEv2 loosening. It may have loosened other times imperceptibly.

**INTERROGATORY NO. 42:**

State whether, upon insertion of one end of the CAEv2, the flanges from the opposite end contacted Your ear.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part in that it fails to contain reasonable limitations as to scope, and fails to define "upon insertion" or "flanges" or "opposite end" or "ear" or "contacted." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information previously sought in the Census Form, Bellwether Information Sheet, or these Interrogatories otherwise including Nos. 28, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions or conclusions sought by this interrogatory.

Subject to the foregoing objections, yes.

45

**INTERROGATORY NO. 43:**

If You folded back Any of the flanges of the opposite end of the CAEv2 while using the CAEv2, describe in detail the circumstances in which You folded back the flanges.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part as it fails to define "flanges" or "opposite end" or "folded" or "while using" or "circumstances." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought in the Census Form, Bellwether Selection Sheet, and otherwise in these Interrogatories including Nos. 28, 42, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions and conclusions sought by this interrogatory. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections, not applicable.  I never received training or instructions from Defendants or the U.S. Army, where they, or anyone else, told/directed/instructed/required me to fold back the flanges on the CAEv2. As such, I never folded back the flanges.

**INTERROGATORY NO. 44:**

Describe in detail Any instruction(s) or training that You were provided on how to use the CAEv2, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time or scope, and fails to define "instruction(s)" or "training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections, to the best of my recollection and belief I may have received some written instructions at some point. I recall learning how to insert the CAEv2 by reaching over the head with the opposite hand and firmly pulling the ear upward and outward and inserting the plug I also recall some instruction about keeping your ears and the plugs clean and free from ear wax or dirt, which I did my best to accomplish.

**INTERROGATORY NO. 45:**

If You were instructed to roll or fold back Any of the flanges on the CAEv2, Describe in detail the circumstances in which You were instructed to do so, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, confusing, vague, burdensome, ambiguous and unclear, in part as it fails to define "roll" or "fold" or "flanges" or "circumstances" or "instructed" or "instructions" or "training," and fails to otherwise contain reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought in the Census Form, Bellwether Selection Sheet, and otherwise in these Interrogatories including Nos. 28, 42, and 43. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to the extent that all or part of the information sought is equally available to the requesting party or may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objection, I was not instructed to roll or fold back the flanges on the CAEv2.

**INTERROGATORY NO. 46:**

Describe in detail Any hearing loss or tinnitus You had prior to joining the military.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested within Plaintiff's Census Questionnaire, Census Documents and/or Bellwether Selection Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this request. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objection, I had no hearing loss or tinnitus prior to joining the military.

**INTERROGATORY NO. 47:**

Describe in detail whether and how Your hearing loss and tinnitus has changed since You were discharged from the military.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus" or "has changed." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested within Plaintiff's Census Questionnaire, Census Documents and/or Bellwether Selection Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, I have not noticed and am not aware of any change in my hearing loss or tinnitus.

**INTERROGATORY NO. 48:**

Describe in detail All circumstances or events in which You allege You were exposed to noise while wearing the CAEv2 that You allege caused or contributed to Your injury.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "circumstances or events" or "exposed to noise" or "while wearing." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills,

knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects on the ground that the information sought in this interrogatory may be more readily ascertained through other means of discovery, including deposition. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving any objections, I wore the CAEv2 as my primary hearing protection and while wearing CAEv2 I was sometimes exposed to live fire, explosions, aircraft, and machinery. Further, see answers to Interrogatories No. 30, 33 and 36, which are adopted and incorporated herein by reference.

**INTERROGATORY NO. 49**:

Describe in detail All alleged defects with the CAEv2 that You believe caused or contributed to Your injuries and that form the basis of the allegations in the Master Long Form Complaint and Your Master Short Form Complaint.

**ANSWER**:

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify documents. Plaintiff objects to this Interrogatory to the extent it is a premature contention Interrogatory, and to the extent it prematurely seeks an expert opinion. Plaintiff objects to this Interrogatory to the extent that it seeks information regarding the defects in the CAEv2 that is more easily available from another source, such as Defendants' own records, the military's investigation into Defendants' misconduct, and/or expert analysis and testimony to be generated at a later time in this litigation. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response regarding the unreasonably dangerous defects with the CAEv2:

As Defendants know and have disclosed in their own produced documents, the CAEv2 is defective because it loosens imperceptibly in the user's ear. *See* "Flange Report," 3M_MDL000728811. This imperceptible loosening lets damaging sounds enter the user's ear canal by traveling around the outside of the earplug, while the user incorrectly believes that the earplug is working as intended. The harm attendant to the imperceptible nature of this loosening is compounded by Defendants' deceptive marketing claims regarding "hear-through" technology, which creates uncertainty in CAEv2 users – including even the Brand Manager of the CAEv2 – regarding whether the plug is properly sealed and providing the touted protection effectively. *See* Moses Dep. Tr. 221:21-226:21; 3M_MDL000398074.

Further, as Defendants are also aware, the CAEv2 is defective because it is too short for proper insertion. *See* "Flange Report," 3M_MDL000728811. Defendants determined that this defective shortness prevents the deep insertion necessary to protect the hearing of users. *Id*. The CAEv2 is also defective in that its design makes it unable to fit the geometry of many ear canals. *See* Warren Dep. 1/23/20 at 196:25–197:5.

The CAEv2 is also defective because Defendants failed to warn purchasers and users of the many ways in which the device had not been adequately or properly tested. *First*, Defendants failed to test the CAEv2 at all before it began selling the product. *See* 3M_MDL000257805. *Second*, when the CAEv2 was tested, that testing was inadequate and fraudulent, in that Defendants improperly cancelled tests in progress, and improperly buried and withheld unfavorable test results from the military. *See* Kieper Dep. Tr. at 101:20-102:15; Berger 30(b)(6) Dep. Tr. at 276:3-277:4; Myers Dep. Tr. at 490:3-493:23. *Third*, the CAEv2 defectively fails to warn its users that Defendants' testing subjects did not follow standard instructions, but rather used a reconfigured and improper method of folding back the opposing flanges before inserting the device into their ears. *See* "Flange Report," 3M_MDL000728811; Hamer Dep. Tr. at 165:20-166:1.

The CAEv2 is also defective because it fails to provide adequate warnings of the significant risks posed by the fact that the device allows dangerous sounds to bypass the earplug altogether. Defendants never shared their findings, as reflected in the Flange Report, that users of the CAEv2 who followed Defendants' instructions could not achieve the levels of hearing protection Defendants touted for the product. *See*, *e.g.*, Merkley Dep. Tr. 331:21-332:16; *id.* at 327:8-329:1; *see also* Babeu Dep. Tr. 171:18-175:14; Coleman Dep. Tr. 202:15-203:12. The CAEv2 is defective in that it contains no warning of this risk to users, and Defendants failed to provide any such warning by any other means.

The defects in the CAEv2 that contributed to or caused Lloyd Baker's injury include the design, warning, and instructional deficiencies enumerated above, as well as additional defects revealed to all Parties in document discovery and depositions, all of which will be further clarified over the course of expert discovery. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 50:**

Identify Each Statement regarding the CAEv2 that You relied upon in using the CAEv2 and that You claim is false.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "statement" or "relied upon" or "in using." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this interrogatory to the extent it is cumulative or duplicative of information contained within the Master Long Form Complaint or the Master Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' misrepresentations regarding the CAEv2 that is more easily available from another source, such as Defendants' own records, or the military's investigation into Defendants' misconduct. Plaintiff provides this response with the assistance of counsel, based

on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's fraud claims. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Defendants are fully aware of the false statements upon which they intended purchasers and users to rely, including the following:

- the closed end of the CAEv2 provides an NRR of 22;
- the open end of the CAEv2 provides an NRR of zero;
- the green end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;
- the yellow end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;
- the CAEv2 is protective at noise levels up to 193dB;
- the CAEv2 is protective at noise levels up to 190dB after 100 blasts;
- the CAEv2 provides adequate protection from Improvised Explosive Devices and other impulse noise
- the CAEv2 was adequately and properly tested, the falsity of which is described more fully in Plaintiff's Response to Interrogatory No. 49;
- the nonlinear technology in the CAEv2 as a "hear-through" device, which would protect users while allowing them to hear lower-level noises clearly, without impairment, and without interruption;
- the CAEv2 fits most ear canals; and that
- the CAEv2 could greatly reduce or eliminate the risk of permanent hearing damage.

Defendants' dissemination of these misrepresentations (directly to the servicemembers injured by the CAEv2, and indirectly to those servicemembers through the Government), and Defendants' intent to induce reliance upon these misrepresentations, are beyond dispute. In using the CAEv2, Lloyd Baker relied upon statements that the CAEv2 had been tested, that it provided complete protection, that its instructions could enable users to achieve a proper fit, and that it allowed users to maintain situational awareness. Plaintiff reserves all rights to amend this response as discovery develops.


**INTERROGATORY NO. 51:**

Identify all warranties, either express or implied, that You allege applied to Your use of the CAEv2.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "warranties" or "applied to Your use." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this interrogatory to the extent it is cumulative or duplicative of information contained within the Master Long Form Complaint or the Master Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's breach of warranty claims. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to determine which of Defendants' misrepresentations constituted warranties. Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' warranties regarding the CAEv2 that is more easily available from another source, such as Defendants' own records.

Counsel refers Defendants to Plaintiff's Response to Interrogatory No. 50, which contains many of the misrepresentations Defendants made regarding the CAEv2. The extent to which those misrepresentations constitute warranties applicable to Plaintiff's use of the CAEv2 will be developed over the course of later briefing.

Counsel also notes that the Medical Procurement Item Description ("MPID") contained in the U.S. Government's solicitation for the CAEv2 contains an express warranty, which states that "the ear plugs shall be free from all defects that detract from their appearance or impair their serviceability." *See* 3M_MDL000000056. Defendants also provided the express warranty contained in the Federal Acquisition Regulations, which were incorporated by reference in the MPID. *See* 3M_MDL000000023, 3M_MDl00000014; *see* 48 CFR § 52.212-4(o) ("The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.").

Finally, all other warranties available under law applied to Plaintiff's use of the CAEv2, including implied common law warranties of fitness for a particular purpose and of merchantability, as well as any warranties created under state and federal statutes.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that Plaintiff has no knowledge other than that conveyed to Plaintiff by Counsel regarding the legal determination of which of Defendants' misrepresentations constituted warranties.

**INTERROGATORY NO. 52:**

Identify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "damages" or "losses" or "category" or "events." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative information sought within the Census Form, Bellwether Information Sheet, and otherwise within the Master Long Form Complaint and/or Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, as a result of my use of the CAEv2, I now suffer hearing loss and tinnitus and severe consequences attendant thereto. Plaintiff is not making a claim for loss of past or future medical expenses or loss of past or future wages as a result of his use of the CAEv2.  Plaintiff will submit all noneconomic damages he is entitled to under the law and will accept whatever the jury in this case finds is reasonable.  Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 53:**

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, or disabilities that have resulted in loss of income or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of diagnoses, and by whom it was first diagnosed.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "injuries" or "illnesses" or "disabilities" or "diagnoses." *See* Fed. R. Civ. P.

26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial to the extent that is seeks information that has no tangential relationship to the matters at issue in this litigation, and/or is otherwise unreasonably cumulative or duplicative of information sought within the Census Form, Bellwether Information Sheet, and otherwise within these Interrogatories or the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.   Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff objects to this Interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 54:**

If You are claiming or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type and classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar standards) for your military branch of service, and State what medical or audiometric provider communicated that type and classification to you and on what date.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous, misleading, and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "hearing injury" or "type or level" or "impairment" or "classification" or "level" or "Standards of Medical Fitness" or "similar standard" or audiometric" or "provider." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory purports to tie the damages in this claim to "the Standards of Medical Fitness (or similar standards) for your military branch of service," which mischaracterizes the applicable legal standards at issue. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any

testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.   Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

To the extent this Interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records his VA and civilian medical records which are the best source of such information about the objective details of his hearing loss and which are equally available to both Parties.  To the extent this Interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this Interrogatory prematurely seeks expert discovery.

## INTERROGATORY NO. 55:

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, or other income for those days You missed Allegedly due to Your injuries and, if so, the type and amount of such income.

## ANSWER:

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "disability" or "medical leave" or "other income" or "income" or "injuries." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it improperly conditions Plaintiff's potential "lost earnings" and/or "impairment of earning capacity" upon "days [Plaintiff] missed from work," and further, improperly conditions Plaintiff's potential receipt of "disability, medical leave, or other income" upon the "total number of days" Plaintiff "missed from work because of [Plaintiff's] injuries. Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff will not be claiming lost earnings or impairment to earning capacity in the past. It has yet to be determined at this time whether Plaintiff will be making a claim for impairment to earning capacity in the future. Such a claim is solely dependent on expert opinion and testimony. As a result, this Interrogatory is premature to the extent it would require expert discovery at this stage. Plaintiff currently possesses no discoverable information within his personal knowledge to provide at this time regarding impairment to future earning capacity. Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages. Plaintiff reserves the right to supplement or amend through the course of discovery if necessary.

**INTERROGATORY NO. 56:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same or similar job, and the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, and the name of the medical professional who confirmed the same, if any.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "injuries" or "recovery." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it improperly conditions or conflates Plaintiff's potential "lost earnings" and/or "impairment of [] earning capacity" upon Plaintiff's ability "to return to employment following recovery of [Plaintiff's] injuries," and further improperly conditions Plaintiff's potential inability to "return to employment" upon confirmation by a "medical professional," which presupposes that "medical professionals" can render determinations about Plaintiff's ability to work. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided thru Plaintiff's Census Questionnaire, Census Documents and/or Bellwether Selection Sheet, or otherwise within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely

56

for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff refers Defendants to the answer to Interrogatory No. 55, which is adopted and incorporated herein by reference. Plaintiff reserves the right to supplement or amend through the course of discovery if necessary.


**INTERROGATORY NO. 57:**


If You are claiming an impairment of Your earning capacity, State the impairment and the health care provider who diagnosed Your impairment.


**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided thru Plaintiff's Census Questionnaire, Census Documents and/or Bellwether Selection Sheet, or otherwise within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, please see the answer to Interrogatory No. 55 and 56, which are adopted and incorporated herein by reference. Plaintiff reserves the right to supplement or amend through the course of discovery.

**INTERROGATORY NO. 58:**

If You have submitted a workers' compensation claim, Veterans Affairs disability application, veterans benefits administration disability application, social security claim, or Any other form of disability application or claim for hearing-related injuries, Identify the application or claims submitted, the entity with which the claim was filed, the date the claim was filed, the claim number, the nature of the disability, the period of disability, and the status of the claim.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope and fails to define "claim" or "hearing-related injuries." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is irrelevant, immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information sought within Plaintiff's Census Form or Bellwether Selection Sheet or otherwise subject of the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, I submitted a VA Disability application to the Department of Veteran's Affairs following my discharge from the military for hearing loss, tinnitus and ███████████████. See records previously produced.

**INTERROGATORY NO. 59:**

If You have applied for disability benefits to the Veterans Affairs and were denied Your request for benefits for hearing-related injuries, Describe the bases that the Veteran Affairs gave You in denying Your application for benefits.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "benefits" or "hearing-related injuries" or "bases." *See* Fed. R. Civ. P. 26(b)(1).

58

Plaintiff objects to this interrogatory to the extent it seeks information that is not within his personal knowledge, is irrelevant or immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information sought within Plaintiff's Census Form or Bellwether Information Sheet or otherwise subject to the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objection, I do not recall, however, please see records produced pursuant to any authorization relevant.

**INTERROGATORY NO. 60:**

If You have, or someone on Your behalf has, made a claim or filed a lawsuit concerning the injuries that You claim to have sustained as a result of Your use of the CAEv2, Identify the other Persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed, and the status of the claim or lawsuit.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and otherwise fails to define "claim" or "concerning the injuries that You claim to have sustained…." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form and Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at

59

Dkt. No. 1065.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 61:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name and address, the dates in which You were employed there, Your job title, the nature of Your responsibilities, and Any Hearing Protection Devices that You wore on the job.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "responsibilities" or "wore" or "on the job." *See* Fed. R. Civ. P. 26(b)(1Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Subject to and without waiving any objection, see the following:

| Employer | Address | Job Position | Dates | Hearing Pro |
|---|---|---|---|---|
| Dick's Sporting Goods | 2070 Sam Rittenberg Blvd, Charleston, SC | Sales Associate | Do not recall | None needed |
| Lowes Hardware | 9600 Dorchester Road, Summerville, SC 29485 | Sales Associate in Garden Center | 2010 - 2012 | None needed |
| Triple Canopy | 12018 Sunrise Valley Drive, Suite 140, Reston, VA | Security Contractor | March 2012 – July 2014 | Foam earplugs |
| University of Wyoming Police Dept | 1426 E. Flint St., Laramie, WY 82072 | Campus Security | September 2015 – September 2018 | None needed |

| Employer | Address | Job Position | Dates | Hearing Pro |
|---|---|---|---|---|
| | | | | |
| University of Wyoming Law School, Front Office, | 1000 E Univ Ave, Dept 3035, Laramie, WY 82071 | Administrative Assistant | September 2018 - Current | None needed |

**INTERROGATORY NO. 62:**

For Each occupation that You had outside of Your service in the Military, Describe Any hearing conservation programs that You were assigned to and/or Hearing Protection Devices You were required to wear in Your occupation, including Any audiograms or other hearing tests that You received for Your occupation, the employer(s) for which You were tested, the date(s) of the hearing test(s), the Hearing Protection Devices You wore, if any, and whether or not Any hearing impairment or other hearing disorder was identified in Any hearing-related test.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "hearing conservation program" or "assigned to" or "hearing impairment" or "hearing disorder" or "hearing-related test." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form and Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections, while I was employed at Triple Canopy, foam earplugs while training and discharging firearms in that role. I also had an audiogram/hearing test upon hire in March 2012. I do not know the results of the audiogram/hearing test.

**INTERROGATORY NO. 63:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices,

monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, and the dates in which You engaged in such activity.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicle" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or train noise" or "etc." or "exposed to" or "loud noise." Further, Plaintiff objects to the extent that this interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noises," which are subjective, potentially prejudicial, patently overbroad, vague, and unclear, and Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that activities such as "sporting events, music concerts, personal headphones," "band practices," "animal kennels," "engine repair," "etc." create or cause "loud noises," and further, that it presupposes that such activities always (if ever) create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises which may include "loud noises" with potential hearing loss and "loud noises" is not defined. Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative cumulative or duplicative to the information Defendants sought with the Census Form and Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objection, Subject to and without waiving any objection, I have not been directly exposed to loud noises as described, because I always use hearing protection, also many of the listed activities may not contain "loud noises  For the past 5 years or so, I have used a lawnmower and weed trimmer once every two weeks in the summer but always with hearing protection (either disposable foam earplugs or earmuffs).  I also may have operated some power tools on a few occasions but would have worn the hearing protection (either disposable foam earplugs or earmuffs). I also use personal headphones from time to time, but only on a moderate level.

**INTERROGATORY NO. 64:**

For Each instance in which You have shot a firearm recreationally, Describe in detail circumstances surrounding your use, including the activity in which You shot the firearm, the type of firearm You used during the activity, the dates in which You performed that activity, the frequency with which You performed that activity, the Hearing Protection Device worn during the activity, if any, and the date You last performed the activity.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "recreationally" or "circumstances" or "activity" or "type of firearm". *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form and Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections, I occasionally target shoot at outdoor gun ranges. When target shooting, I have used various types of firearms, including pistols, shotguns and rifles.  I always use hearing protection when using a firearm, and have used MPOW earmuffs, foam earplugs or yellow double-flange earplugs The last time I shot a gun recreationally was November 2019.  I do not recall ever firing a gun recreationally without using hearing protection.  I have also gone hunting a few occasions but have never discharged a gun while hunting.

**INTERROGATORY NO. 65:**

If Any of Your family member(s) have had hearing loss, Identify the family member(s) and Your relationship to them.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, misleading, vague, ambiguous and unclear, in part as it fails to reasonable contain limitations as to time and scope, and fails to define "hearing loss" and "relationship". *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form and Bellwether Information Sheet. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory improperly presumes or attempts to imply that if "any of [Plaintiff's] family member(s) have had hearing loss" for any reason that therefore, Plaintiff's hearing loss was caused by or related to a supposed medical or genetic issue, which is not accurate and/or not within Plaintiff's personal knowledge. Further, Plaintiff objects on the ground that "hearing loss" is a medical term and Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to render the expert or legal conclusions or opinions sought through this interrogatory as to Plaintiff's family member's medically diagnosed hearing loss.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 66:**

If You have ever received a hunting and/or gun license, State the year of the license, the status of the license, and the weapon which You were licensed to operate.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope and fails to define "hunting and/or license" or "gun" or "weapon." Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff further objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Interrogatory to the extent it is redundant to Defendants' other Interrogatories relating to non-occupational weapons use, including Interrogatories Nos. 7, 63, and 64. Plaintiff objects to this Interrogatory to the extent it attempts a fishing expedition into Plaintiff's constitutionally protected firearm ownership, and seeks to harass Plaintiff through exposure of information unrelated to the claims herein. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of licenses regardless of whether Plaintiff used or was exposed to weapons fire attendant to such licenses. Plaintiff objects to this Interrogatory as nonsensical to the extent it improperly suggests any hunting or gun license is a "license" to operate" any specific weapon.

Subject to the foregoing objection, I have a Wyoming Concealed Firearms Permit issued 2019. The permit is current and includes ability to operate all firearms I am legally allowed to possess. I purchased an elk tag in 2015 and 2018.

**INTERROGATORY NO. 67:**

If You have filed a lawsuit or made a claim involving Personal injuries other than this case, Identify the Court, the case name, the names of adverse parties, the civil action number if filed, and for how much the matter was resolved.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing

expedition. Specifically, Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope and fails to define "claim" or "personal injuries" or "adverse parties." Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to the foregoing objection, none.

**INTERROGATORY NO. 68:**

If within the past ten (10) years You have ever been convicted of, or pled guilty to, a felony or completed serving a sentence for a felony conviction, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 69:**

If within the past ten (10) years You have been convicted of, or pled guilty to, a misdemeanor involving lying, false Statements, cheating, fraud, or dishonesty, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or

of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to the foregoing objections, none.

**INTERROGATORY NO. 70:**

Identify Any individuals who are depicted in Any photographs, films, movies, and video recordings that You produce in response to Requests for Production 17, 21, 27, and 29.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other less burdensome and more efficient means or manners of discovery such as a deposition.

Subject to the foregoing, I will be producing three (3) videos in response to Request for Production No. 21. Depicted in the video is my son Dillon Baker and me. I will be producing some family photographs depicting my wife Cindy Baker and my two boys, Dillon and Gavin Baker. There are also three photographs depicting only my wife, Cindy Baker and me.