# **EXHIBIT 17**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS          )
EARPLUG PRODUCTS                ) CASE NO. 3:19-MD-2885
LIABILITY LITIGATION                )
                                                      )

**PLAINTIFF STEPHEN HACKER'S SUPPLEMENTAL**
**OBJECTIONS & ANSWERS TO DEFENDANT 3M'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF**

TO:   Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Stephen Hacker, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Supplemental Objections & Answers to Defendant 3M's Second Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his/her responses.

Dated:  May 15, 2020

                                                            **Respectfully submitted,**

                                                            **ONDERLAW, LLC**

                                          By:    */s/ Quinn R. Wilson*
                                                   Quinn R. Wilson, #71428-MO
                                                   110 East Lockwood Avenue
                                                   St. Louis, Missouri 63119
                                                   (314) 963-9000 – Telephone
                                                   (314) 228-0132 – Facsimile
                                                   wilson@onderlaw.com

1

**THE GORI LAW FIRM, P.C.**

By: */s/ Evan Buxner*
Evan Buxner, #6221006-IL
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833 - Telephone
(618) 659-9834 – Facsimile
evan@gorijulianlaw.com

*Attorneys for Plaintiff*

## GENERAL OBJECTIONS

Plaintiff objects to Defendants' Second Set of Interrogatories insofar as they exceed the permissible number of Interrogatories in this case per Federal Rule of Civil Procedure 33, and any agreements between the parties.

Plaintiff objects generally to Defendant's Second Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects generally to Defendant's Second Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects generally to Defendant's Second Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiffs reserve:

a.  All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

b.  Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

c.  Plaintiff's right at any time to revise, correct, add to, or clarify any of his/her responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means, including information contained in and submitted via the Plaintiff's Census Questionnaire or Bellwether Selection Sheet; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's Second Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff generally objects to all definitions and instructions within Defendant's Second Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiffs reserve the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's Second Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any records requested and/or released from the Department of Veterans' Affairs and/or the Department of Defense and/or otherwise are received by counsel and reviewed by Plaintiff.

Plaintiff objects to these Interrogatories to the extent that they seek disclosure of official Government information, which disclosure may be subject to limitations governed by Department of Defense Directive 5405.2. Subject to and without waiver of the foregoing

general and specific objections, Plaintiff will answer as permitted and guided by the Government, whether at deposition or prior thereto.

## PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 71:**

Describe any mental health condition(s) with which You have been diagnosed, and, for each, Identify the Person who diagnosed you with the condition(s) and the date of the diagnosis.

**ANSWER:**

Plaintiff objects to those portions of this Interrogatory that are redundant to Interrogatories Nos. 72 and 73. Pursuant to the Court's April 28, 2020 Order (Dkt. No. 1108), Plaintiff objects to the remainder of this Interrogatory as beyond the proper scope of discovery.

**INTERROGATORY NO. 72:**

State whether You intend to offer expert testimony relevant to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the expert testimony You intend to offer.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent it seeks answers prior to receipt of relevant records or would otherwise set a deadline for response of May 15, 2020, despite the preliminary nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent it exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108). As the Court has ordered, "'garden variety' emotional distress claims [are] insufficient to place in controversy Plaintiff's mental health," and "discovery of a plaintiff's mental health condition [is] permissible only if a plaintiff alleged or asserted that he or she suffered from an identified and diagnosed mental health condition caused by the torts alleged in this case or the plaintiff intended to support his or her claim for mental anguish, distress, or loss of enjoyment of life with expert testimony." Dkt. No. 1108 at 3-4; *id.* at 12.

Based on the information and records currently in Plaintiff's possession, Plaintiff does not intend to offer expert testimony to support a claim of mental anguish, distress, or loss of enjoyment of life, and Plaintiff has not identified health conditions beyond his hearing loss and tinnitus on which Plaintiff intends to offer expert proofs. Discovery is ongoing, and Plaintiff has not yet received his records from the government. Plaintiff therefore reserves all rights to supplement this response as discovery develops.

**INTERROGATORY NO. 73:**

State whether You intend to offer any evidence at trial related to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the evidence you intend to offer.

**ANSWER:**

Plaintiff objects to this Interrogatory as vague and overbroad. Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks an expert opinion.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff does intend to offer evidence at trial related to the mental anguish, distress, and loss of enjoyment of life caused by the CAEv2. Plaintiff does not intend to offer expert testimony to support the claim of a specific diagnosed mental health condition caused by the CAEv2. Such evidence will include documents produced by Defendants, testimony from Plaintiff, and testimony from other individuals with percipient knowledge, including those individuals identified in Responses to Interrogatories Nos. 1-9. Plaintiff reserves all right to supplement this response as discovery develops.

**INTERROGATORY NO. 74:**

Please Identify all education institutions at which you are or have been enrolled.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects on the ground that pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065, this interrogatory is overbroad, burdensome, vague, not narrowly tailored, and seeks irrelevant information sought solely for the purposes of harassment and otherwise constitutes an impermissible fishing expedition, in part as it fails to contain reasonable limitations as to time or scope and fails to define "education institutions" or "enrolled." The identity of any educational institutions Plaintiff attended is irrelevant to the facts at issue in this matter. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiffs to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Notwithstanding said objections and without waiving same:

Kearny High School

AMU through APUS