UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19-md-2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION OF THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

## I. INTRODUCTION

Plaintiffs hereby move for issuance of a Letter of Request pursuant to The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The purpose of this Motion is to obtain documents from the *French-German Research Institute of Saint-Louis* ("ISL"), located in Saint-Louis, France, and testimony from Pascal Hamery and Armand Dancer for potential use at trial or other proceedings in this action. Plaintiffs respectfully submit this memorandum in support of their Motion.

## II. FACTS

This lawsuit arises out of injuries that occurred as a result of the negligent design, testing, and labeling of the 3M Dual-Ended Combat Arms Earplug. The Complaint

1

names the following parties as defendants: 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Defendants").

ISL is a bi-national institute operated jointly by the Federal Republic of Germany and the French Republic on the basis of a Convention signed in the year of 1958. It is a non-profit, scientific research institution that focuses on developing technical innovations in the fields of defense and security for France and Germany and played a significant role in the development and testing of key components of the Dual-Ended Combat Arms Earplug. Drs. Pascal Hamery and Armand Dancer were involved in the development and patent of the non-linear filter and the Dual-Ended Combat Arms Earplug through ISL.

The Dual-Ended Combat Arms Earplug is a two-sided earplug, in which one side provides linear hearing protection, intended to block out as much noise as possible, while the opposing side contains a non-linear filter which offers level-dependent hearing protection. This non-linear filter allows the user to hear low-level sounds while also providing protection against loud impulse sounds.

The non-linear filter used in the Dual-Ended Combat Arms Earplug was designed and patented in 2000 by Drs. Pascal Hamery and Armand Dancer from ISL. In addition to the non-linear filter, Drs. Hamery and Armand designed and patented the "double-ended" design of the Dual-Ended Combat Arms Earplug. Both the filter and the generic

dual-ended design were researched, studied, and tested by ISL. In 1999, Defendants entered into a Licensing Agreement with ISL for exclusive use of the non-linear filter in exchange for royalty payments based on the success of the Dual-Ended Combat Arms Earplug product line.

### III.   Procedural History

On September 9, 2019, Plaintiffs served ISL with a Subpoena to Produce Documents, Information, or Objects pursuant to the Federal Rules of Civil Procedure and Article 10(a) of the Hague Service Convention of 15 November 1965. Plaintiffs and counsel for ISL conferred several times regarding the service and production of documents and Plaintiffs' counsel ultimately filed a Motion to Compel the Production of Documents on December 20, 2019. ISL's counsel filed their response to Plaintiffs' Motion to Compel on February 4, 2020, arguing procedurally that, ISL was improperly served, this Court lacks personal jurisdiction, ISL has immunity from foreign discovery, and the Subpoena violated the French Blocking Statute.

This Court issuing its Order on February 18, 2020, concluded that although Plaintiffs' Rule 45 Subpoena was validly served under the Hague Service Convention, the Court does not have personal jurisdiction over ISL to compel production and international comity requires Plaintiffs to obtain discovery through the Hague Evidence Convention.

Since the Court's Order Denying Plaintiffs' Motion to Compel, Plaintiffs'

Counsel has determined that ISL will not voluntarily produce documents under Chapter II and, therefore, Plaintiffs proceed by filing this motion, seeking Chapter I Discovery through the Hague Evidence Convention.

## IV. THE COURT SHOULD ISSUE THE PROPOSED LETTER OF REQUEST

This Court has the authority to issue the requested commission pursuant to the All Writs Act, 28 U.S.C. § 1651 and Article 1 of the Hague Evidence Convention. Both the United States and France are signatories to the Hague Evidence Convention. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522, 541 (1987). Per the Hague Evidence Convention, a judicial authority of a signatory state may request the competent authority of another signatory state to obtain evidence by means of a Letter of Request.

ISL played a vital role in the design, testing, and conception of two essential features of the Dual-Ended Combat Arms Earplug. As such, ISL is an author and recipient of documents critical to this litigation, that Plaintiffs cannot obtain through alternative channels. Plaintiffs' Subpoena requests contracts, licensing agreements, and documents pertaining to the creation, development, or design of the filter, and other communications between ISL, the United States Military, and Defendants, related to the non-linear filter and dual-ended design.

## V. CONCLUSION

Given the relevance and importance of the documents requested and the impending discovery deadlines, Plaintiffs respectfully request that this motion for issuance of the Letter of Request be granted, and that the United States District Court for the Northern District of Florida issue the Letter of Request to the French Central Authority attached as Exhibit A.

Dated: July 11, 2020                                  Respectfully submitted,


*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
77 Water Street 8th Floor
New York, NY 10005
Tel.: (212) 587-0700

cseeger@seegerweiss.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

I certify that I have complied with the conference requirement pursuant to the Court's Local Rule 7.1(B). Through the course of the past several months, Plaintiffs and the French-German Research Institute of Saint-Louis have met and conferred on this matter on numerous occasions, including but not limited to: October 29, 2019, October 30, 2019, November 5, 2019, November 8, 2019, November 20, 2019, March 11, 2020, and April 27, 2020. Through the course of said meet and confers, counsel for the French German Research Institute of Saint-Louis have indicated that they will not proceed voluntarily through Chapter II of the Hague Convention.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this brief complies with the word limit of Local Rule 7.1(F) and contains 823 words, excluding the parts exempted by that Rule.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel

of record.

*s/ Bryan F. Aylstock*