**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Case No. 3:19-md-2885-MCR-GRJ |
| | | Judge M. Casey Rodgers |
| This Document Relates to: | ) | Magistrate Judge Gary R. Jones |
| Lloyd Baker | ) | |
| Civil Case No. 7:20-cv-00039 | ) | PUBLIC VERSION |
| | ) | |
| Luke Estes | ) | |
| Civil Case No. 7:20-cv-00137 | ) | |
| | ) | |
| Stephen Hacker | ) | |
| Civil Case No. 7:20-cv-00131 | ) | |
| | ) | |
| Lewis Keefer | ) | |
| Civil Case No. 7:20-cv-00104 | ) | |
| | ) | |
| Dustin McCombs | ) | |
| Civil Case No. 7:20-cv-00094 | ) | |
| | ) | |
| Vernon Rowe | ) | |
| Civil Case No. 7:20-cv-00026 | ) | |

## <u>Defendants' Motion to Compel Initial Disclosures and Discovery Responses</u>

Pursuant to Federal Rule of Civil Procedure 37(a), Defendants respectfully move the Court to compel Plaintiffs Lloyd Baker, Luke Estes, Stephen Hacker, Lewis Keefer, Dustin McCombs, and Vernon Rowe (the "Group A Plaintiffs") to

provide initial disclosures and adequate responses to Defendants' written discovery requests.

## BACKGROUND

The Group A Plaintiffs have neither provided initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1), nor adequately responded to Defendants' interrogatories, as required by Federal Rule of Civil Procedure 33.

### *Initial Disclosures*

The Parties submitted a Joint Rule 26(f) Report on June 14, 2019. Dkt. 434. Although the Rule 26(f) Report discussed Defendants' Initial Disclosures, that was because of the way the parties agreed to phase discovery.  Defendants never agreed to excuse Plaintiffs of their Rule 26 obligations.  To the contrary, the Parties expressly agreed in the Rule 26(f) Report to "defer" any "case-specific discovery." *Id*. at 7 ("Accordingly, the parties propose the following Phase 1 discovery and case management deadlines, which are intended to prioritize government and company discovery.") Defendants provided their initial disclosures on June 28, 2019. Exhibit 1. The initial bellwether pool was selected on February 27, 2020. Dkt. 1015. The Plaintiffs in the initial bellwether pool have not provided initial disclosures. During a meet-and-confer session on April 8, 2020, Plaintiffs asserted that they did not need to provide initial disclosures because the information required to be disclosed by Rule 26(a)(1) would be encompassed in their responses to Defendants'

interrogatories. Exhibit 2 at 2 (April 14 Letter from K. Branscome) ("during the parties' meet and confer discussion on April 8, Plaintiffs' counsel stated that Plaintiffs were not required to provide initial disclosures because Rule 26 information (*e.g.*, the identity of Plaintiffs' witnesses) was encompassed in Defendants' interrogatories"). Plaintiffs responded to Defendants' interrogatories on May 15, 2020 and have since served supplemental responses. Plaintiffs' responses do not satisfy their obligation to provide initial disclosures—their responses neither identify the witnesses whom they may use to support their claims nor compute each category of damages that they claim.

*Written Discovery Responses*

Defendants served their first sets of interrogatories and requests for production on the Group A Plaintiffs on March 12, 2020. Defendants served their second set of interrogatories on the Group A Plaintiffs on March 30, 2020. The Group A Plaintiffs served objections and answers to Defendants' written discovery requests on April 9 and 10, 2020.

On April 22, 2020, Defendants submitted a letter brief about two disputed issues concerning Plaintiffs' objections to Defendants' interrogatories—the number of interrogatories propounded and Plaintiffs' obligation to respond to three interrogatories about their mental health. Exhibit 3 (April 22 Letter from K. Branscome). On April 26, 2020, the Court overruled Plaintiffs' objection to the

number of interrogatories propounded. The Court sustained in part and overruled in part Plaintiffs' objection to answering the mental health interrogatories.

On May 15, 2020, the Group A Plaintiffs filed supplemental objections and answers to Defendants' written discovery requests. Defendants filed a motion to compel on May 28, 2020, challenging Plaintiffs' invocation of Department of Defense Directive 5405.2 to avoid answering various interrogatories and Plaintiffs' failure to provide initial disclosures. Dkt. 1145. The Court granted Defendants' motion with respect to the DoD Directive, but did not rule on the portion of the motion that addressed initial disclosures. Dkt. 1151. Most the Group A Plaintiffs supplemented their interrogatory responses on June 1 and 3, 2020.

On June 11, 2020, Defendants sent deficiency letters to counsel for Messrs. Baker, Estes, Keefer, McCombs, and Rowe. On June 22, 2020, a similar deficiency letter was sent to counsel for Mr. Hacker. Defendants' letters documented the Group A Plaintiffs' failure to provide the disclosures and responses required by Federal Rules of Civil Procedure 26 and 33. Defendants subsequently met and conferred with counsel for the Group A Plaintiffs. Following those meet and confers, certain Plaintiffs supplemented their interrogatory responses (as recently as yesterday, July 7, 2020), and others have indicated they will do so in the future. However, those Plaintiffs who did serve supplemental responses failed to remedy various deficiencies Defendants previously identified.

Accordingly, in accordance with the Court's order setting a July 8, 2020, deadline, Defendants now move to compel the Group A Plaintiffs to provide initial disclosures and adequate responses to Defendants' written discovery requests. Given the Court's order that depositions of Group A Plaintiffs occur by July 31, 2020, it is critical that Plaintiffs promptly provide the disclosures and responses required.

## LEGAL STANDARD

"[A] party may move for an order compelling disclosure or discovery" when another "party fails to make a disclosure required by Rule 26(a)" or when another "party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a). "[A] party must, without awaiting a discovery request, provide to the other parties" initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). Moreover, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)" and each interrogatory "must be answered . . . by the party to whom [it is] directed" "separately and fully in writing under oath," "to the extent it is not objected to." Fed. R. Civ. P. 33(b). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The scope of discovery under Rule 26(b)(1) is to be broadly and liberally construed." *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016).

## DISCUSSION

The Court should grant Defendants' motion and order the Group A Plaintiffs to provide initial disclosures and adequately respond to Defendants' written discovery requests.

## I.   THE GROUP A PLAINTIFFS HAVE NOT PROVIDED RULE 26 INITIAL DISCLOSURES

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Plaintiffs have failed to produce initial disclosures as contemplated under the Rule. Defendants have never agreed that Plaintiffs are relieved of their obligation to provide Rule 26 disclosures. To the contrary, the Rule 26 Report states that the parties agreed to defer case-specific discovery, while prioritizing government and company discovery.

However, nearly three months ago lead counsel for Plaintiffs represented that "Plaintiffs were not required to provide initial disclosures because Rule 26 information (*e.g.*, the identity of Plaintiffs' witnesses) was encompassed in Defendants' interrogatories." *See* Exhibit 2 at 2. Until recently, lead counsel for Plaintiffs did not take issue with Defendants' April 14, 2020 letter memorializing the Parties' conversation.

Defendants served multiple interrogatories aimed at obtaining information that would, in the normal course, be provided in Rule 26 disclosures. Citing a litany

of boilerplate objections, Plaintiffs have only now taken the position that they are not required to comply with Rule 26 and have refused to provide responsive, nonprivileged information. This position is untenable as nothing has relieved Plaintiffs of their Rule 26 obligations.

Simply put, Plaintiffs must identify the names, addresses, and telephone numbers of the witness Plaintiffs may use to support their claims, and provide information related to their damages as required by the Rule.

### A.     Defendants' Interrogatory Requests Seek Information Within the Scope of Rule 26

Plaintiffs are obligated to provide, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, a party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. Fed. R. Civ. P. 26(a)(1)(A(iii).

Consistent with these principles, Defendants served interrogatory requests seeking information from Plaintiffs pursuant to agreement between the parties:

- **Interrogatory No. 2:** "Identify All Persons who have knowledge of Or information concerning the Allegations in Your Master Short Form

Complaint, including Any amendments thereto, And State All facts about which they have knowledge Or information."

- **Interrogatory No. 3:** "Identify All Persons who have knowledge of Or information concerning the statements that You made in the Initial Census Questions, including Any amendments thereto, And State All facts about which they have knowledge Or information."

- **Interrogatory No. 4:** "Identify All Persons who have knowledge of Or information concerning the statements that You made in the Bellwether Selection Sheet, including Any amendments thereto, And State All facts about which they have knowledge Or information."

Information responsive to these requests falls well within Plaintiffs' disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(i).

Defendants also served requests aimed at obtaining information related to Plaintiffs' damages claims:

- **Interrogatory No. 52:** "Identify All damages, losses, Or expenses of Any nature whatsoever by category And the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint And Your Master Short Form Complaint."

- **Interrogatory No. 55:** "If You are claiming Or expect to claim that You lost earnings Or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, Or other income for those days You missed Allegedly due to Your injuries and, if so, the type And amount of such income."

- **Interrogatory No. 56:** "If You are claiming Or expect to claim that You lost earnings Or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same Or similar job, And the number

8

of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, And the name of the medical professional who confirmed the same, if any."

- **Interrogatory No. 57:** "If You are claiming an impairment of Your earning capacity, State the impairment And the health care provider who diagnosed Your impairment."

All four of these interrogatories are targeted to obtain information which Plaintiffs have an obligation to disclose under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

### B. Plaintiffs Have Improperly Refused to Provide Responsive Information Within the Scope of Their Rule 26 Obligations

   1. Plaintiffs should be required to provide the names, addresses, and telephone numbers of all the witnesses who Plaintiffs may use to support their claims.

Instead of providing the information to which Defendants are entitled, Plaintiffs have asserted boilerplate objections to these requests. In response to Interrogatories 2-4, Plaintiffs have either wholly refused to provide the requested information related to potential witnesses, or have to date identified only themselves or their spouse as individuals with relevant information:

| Plaintiff | Witnesses Identified |
| --- | --- |
| Estes | None (July 2, 2020 Supplemental Responses) |
| Hacker | Wife (June 2, 2020 Supplemental Responses) |
| Keefer | Self (July 7, 2020 Supplemental Responses) |

9

| McCombs | None (July 1, 2020 Supplemental Responses) |
|---------|---------------------------------------------|
| Rowe | Self (July 3, 2020 Supplemental Responses) |

Since the parties' meet and confer discussions, Plaintiffs McCombs, Keefer, and Estes have continued to refuse to provide responsive information, claiming that "Defendants have not articulated what individuals or categories of individuals they believe Plaintiff omitted." *See* Exhibits 4, 5, 6 (responsive letters).[1]

"Plaintiffs by rule are required to provide Defendants with the names, addresses and telephone numbers of all the witnesses which the Plaintiffs may use to support their claims." *Ruizdelatorre v. City of Miami Beach*, No. 06-21183-CIV, 2007 WL 9702286, at *5 (S.D. Fla. Apr. 18, 2007). "[A]s a general rule, the fact that a discovery item may be available from another source is not a proper objection." *Molinos Valle Del Cibao v. Lama*, No. 07-23066-CIV, 2008 WL 3850807, at *2 (S.D. Fla. Aug. 14, 2008) (internal quotations omitted). Plaintiffs Hacker, Estes, Keefer, McCombs, and Rowe have to date failed to comply with this obligation and, to the extent responsive information is not forthcoming, should be compelled to do so.

---

[1]    Plaintiff Hacker took this same position by letter dated July 7, 2020. However, despite this position, counsel for Mr. Hacker indicated on July 8, 2020 that Mr. Hacker would be serving a supplemental response to Interrogatory Nos. 2-4. Defendants have not yet received such responses.

2.   <u>Plaintiffs have improperly withheld information related to their claims for damages.</u>

In response to Interrogatory Nos. 52, Plaintiffs Baker, Estes, Keefer, McCombs, Hacker, and Rowe all objected that these requests are "premature" and that information related to Plaintiffs' damages would be "the subject of forthcoming expert proofs and calculations." *See* Exhibit 7 (July 3, 2020 Supplemental Responses of Plaintiff Rowe); Exhibit 8 (July 7, 2020 Supplemental Responses of Plaintiff Keefer); Exhibit 9 (July 1, 2020 Supplemental Responses of Plaintiff McCombs); Exhibit 10 (July 2, 2020 Supplemental Responses of Plaintiff Estes); Exhibit 11 (June 26, 2020 Second Supplemental Responses of Plaintiff Baker); Exhibit 12 (June 2, 2020 Second Supplemental Responses of Plaintiff Hacker). Plaintiffs Baker, Estes, Keefer, and Rowe asserted the same objections to Interrogatory Nos. 55 through 57.

Plaintiffs are required to provide this information as part of their initial disclosure obligations. *See* Fed. R. Civ. P. 26(a)(1)(A(iii). "The computation requirement of Rule 26 contemplates not just a list of various theories of recovery, but an actual dollar amount associated with each specific claim." *McKenney's, Inc. v. Shumate Mech., LLC*, No. 1:07-CV-1727-BBM, 2008 WL 11336219, at *2 (N.D. Ga. June 6, 2008) (granting motion to compel further responses four months prior to the close of discovery).  Nor is it an "answer for [Plaintiff] to assert that [she] will need discovery or to consult with an expert to determine their losses." *Essex Builders*

*Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *King v. E.F. Hutton & Co. Inc.*, 117 F.R.D. 2, 5, (D.D.C. 1987)); *see also Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12618688, at *1 (M.D. Fla. Aug. 22, 2014) (same). "Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation, while reserving the right to amend their calculations." *Bortolotti v. Gracepoint*, No. 8:19-CV-1072-T-24AAS, 2019 WL 6173173, at *9 (M.D. Fla. Nov. 20, 2019).

Plaintiffs have—or should have—the information needed to calculate several parts of their damages and largely do not need an expert to provide Defendants with this information. For example, Plaintiffs have their medical bills and can compute those. If Plaintiffs lost earnings due to missed work, they can provide such information without consulting an expert. Further, experts do not calculate pain and suffering damages. Defendants request that Plaintiffs Baker, Estes, Keefer, McCombs and Rowe be compelled to supplement their responses to Interrogatory No. 52[2] and that Plaintiffs Baker, Estes, Keefer, and Rowe be compelled to supplement their responses to Interrogatory Nos. 55 through 57.

---

[2] Mr. Hacker has agreed to supplement his response to Interrogatory No. 52. Defendants have not yet received such supplemental response.

### 3. Notwithstanding Rule 26, the information sought is discoverable.

Defendants do not concede that Plaintiffs have been relieved of their Rule 26 obligations. However, even if they had been absolved of the responsibility to provide information pursuant to the Rule, the information sought in the above-referenced requests is still relevant and discoverable.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The scope of discovery under Rule 26(b)(1) is to be broadly and liberally construed." *O'Keeffe*, 184 F. Supp. 3d at 1367. Moreover, "[w]hen the discovery requested appears relevant on its face, then the party objecting to the discovery based upon relevance has the burden to show the requested discovery is not relevant." *Lesti v. Wells Fargo Bank NA*, 297 F.R.D. 665, 667 (M.D. Fla. 2014).

Here, information related to witnesses and Plaintiffs' damages is plainly relevant. Plaintiffs have asserted boilerplate objections to these requests, but have failed to provide any specific, viable objections. Absent non-boilerplate objections, Plaintiffs should be compelled to respond to Defendants' requests. *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, at *3 (S.D. Fla. Nov. 18, 2014) ("boilerplate objections, without more, "are inadequate and tantamount to not making any objection at all."); *Hands on Chiropractic PL v.*

*Progressive Select Ins. Co.*, No. 618CV192ORL37DCI, 2018 WL 6983622, at *2
(M.D. Fla. Nov. 20, 2018) ("The Court does not consider frivolous, conclusory,
general, or boilerplate objections") (internal quotations omitted).

    Courts have rejected similar attempts to avoid responding to interrogatories
that seek the same information as called for by Rule 26. For example, in *Arrowpack*,
the plaintiffs objected to an "interrogatory [that] request[ed] the same information
regarding computation of [the p]laintiffs' damages required in their initial
disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii)." 2014 WL
12618688, at *1. The "[p]laintiffs object[ed] to th[e] interrogatory as being
premature because it require[d] information that is the subject of expert discovery."
*Id.* The court found that objection to be "insufficient" and ordered the plaintiffs to
"answer the interrogatory in a simple, straightforward manner, without objection, to
the best of their ability at this time." *Id.*

    The *Essex Builders Group* court reached the same conclusion when
addressing an objection to an interrogatory that asked a party to "itemize the exact
amount of monetary damages" suffered during a certain period of time. 230 F.R.D.
at 685 (internal quotations omitted). The responding party "answered that it ha[d]
not made an allocation of damages that [wa]s specific enough to allow it to itemize
the exact amount, and the allocation w[ould] be the subject of expert testimony,
which [wa]s not yet due under the Case Management and Scheduling Order." *Id.*

(internal quotation marks omitted). The court found that answer "deficient" and ordered the responding party to "supplement its answers with whatever information it possesse[d]." *Id.* "The fact that [a party] may later supplement [its] interrogatory answers with an expert report does not permit [it] to refuse to respond with whatever discoverable information [it] . . . holds" when answering an interrogatory. *Id.* Therefore, the Group A Plaintiffs must answer, without objection, Interrogatory Nos. 2 through 4, 52, and 55 through 57 with the information currently available to them.

## II.   THE GROUP A PLAINTIFFS MUST STATE WHETHER THEY ARE WITHHOLDING INTERROGATORY RESPONSES BASED ON THEIR BOILERPLATE OBJECTIONS

Throughout their interrogatory responses, the Group A Plaintiffs have repeatedly answered "[s]ubject to and without waiving [their] objections." *See, e.g.*, Exhibit 8 at 18 (July 7, 2020 Supplemental Responses of Plaintiff Keefer). "An answer that is made subject to, notwithstanding, or without waiving an objection preserves nothing and wastes the time and resources of the parties and the court." *Jabil Inc. v. Essentium, Inc.*, No. 8:19-CV-1567-T-23SPF, 2020 WL 708140, at *2 (M.D. Fla. Feb. 12, 2020) (internal quotation marks omitted). "[S]uch practice leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Id.* (internal quotation marks and brackets omitted). "[A] party met with a response of 'subject to and without waiving' the objections 'may insist that that the objections be explicitly

waived or withdrawn in writing and, if they are not, may move to compel,' which motion 'will always be granted.'" *C.H. by Hilligoss v. The Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 WL 1428944, at \*7 (N.D. Fla. Mar. 23, 2020) (quoting *Network Tallahassee, Inc. v. Embarq Corp.*, 2010 WL 4569897, at \* 1 (ND. Fla. Sept. 20, 2010)). The key is that the responding party must, after stating their objection, define the scope of what is being provided and what is being withheld (*e.g.,* "The following are all the individuals I am aware of being present when I fired a weapon . . . "). *See* Dkt. No. 689 at 19-22.

Following the meet and confer process, Plaintiffs Keefer, Rowe, McCombs, and Estes have still not indicated whether they are withholding information from their responses based on their objections. For example, in response to requests that Mr. Estes confirm that responsive information was not being withheld subject to objections to Interrogatories 8, 10, 15, 16, 33, 34, 63, 68, and 69, counsel for Mr. Estes has stated:

> 3M does not identify an alleged deficiency, but instead requested that Mr. Estes "confirm" the substance of his response. To the extent Defendants seek to cross-examine Plaintiff on his responses, Plaintiff's deposition is the appropriate vehicle for such cross-examination, not a letter to Counsel. To the extent Defendants' request is based on their belief that a specific responsive information was omitted, or that the response is deficient in some way, please identify the specific deficiency with sufficient particularity to give Plaintiff notice of the issue.

Exhibit 6 at 2-3 (June 29, 2020 Letter from K. Cornell to N. Wasdin).[3]

Additionally, Interrogatory No. 5 requests Plaintiffs to "Identify All Persons who served with You in the military that were present when You fired weapons in training Or combat." In meet and confer discussions, Defendants requested that Plaintiff Keefer indicate whether he was withholding information on the basis of any objections asserted in response to Interrogatory No. 5. Mr. Keefer's July 7, 2020 Supplemental Interrogatory Response to Interrogatory No. 5 states:

> Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons who served with You in the military that were present when You fired weapons in training or combat," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope.
>
> Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this

---

[3]  Counsel for Mr. Estes stated in a July 3, 2020 meet and confer that responsive information was not withheld from his response to Interrogatory No. 5 on the basis of any objection.

litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

***Subject to and without waiving said objections***, the following people served in the military with me, and were present when I fired weapons in training:

- ██████████ - served in the military and was present Stationed at Ft. Benning for 3 years but did not deploy to Iraq together. Mr. █████ wore the earplugs with him during training and live fire exercises.

- ██████████ – Stationed together in Ft. Benning and Iraq. Mr. █████ would have knowledge because he used the same 3M Combat Arms earplugs.

- ██████████ – Stationed together in Hawaii - they used the 3M Combat Arms earplugs while training in Hawaii at the range, during live fire exercises, and while in the aircraft as secondary ear protection (under headphones).

- ██████████ – Stationed together in California during which time they used the 3M Combat Arms earplugs.

- ██████████ – Served together in Iraq as well as Ft. Benning. Most of their interaction occurred in Iraq.

I cannot recall everyone who I served with in the military that were present when I fired weapons in training or combat.

> Plaintiff reserves the right to amend his response as
> discovery develops.

Ex. 8 at 18-19. Mr. Keefer has failed to provide Defendants with an indication of whether he recalls additional names which are being withheld on the basis of his objections.

Defendants request that the Court grant Defendants' motion to compel and order Plaintiffs Keefer, McCombs, Rowe and Estes to fully answer Defendants' interrogatories. If plaintiffs are not aware of any individuals other than those set forth in their answers, they should state that straightforwardly, and not "subject to and without waiving said objections."

## III.   PLAINTIFFS' RESPONSES TO INTERROGATORY NO. 50 ARE INSUFFICIENT

Interrogatory No. 50 asks Plaintiffs to "[i]dentify Each Statement regarding the CAEv2 that You relied upon in using the CAEv2 and that You claim is false." Plaintiffs generally respond that they relied upon statements that the CAEv2 had been tested, that it provided complete protection, that its instructions could enable users to achieve a proper fit, and that it allowed users to maintain situational awareness—even though they do not claim to have actually seen or heard these statements. This response is not sufficient to identify the statements that Plaintiffs claim they relied upon—Plaintiffs do not provide, for example, who they claim made these statements or when and where they were made. *See* Exhibit 16 at 2–3 (defining

"Identify" for purposes of Defendants' interrogatories). Without such specificity, the answer is non-responsive. *See City Furniture, Inc. v. Chappelle*, No. 2:15-CV-748-FTM-99CM, 2016 WL 4262228, at *3 (M.D. Fla. Aug. 12, 2016) (ordering a party that previously provided "incomplete and evasive" answers "to provide full, complete, and comprehensive responses to the interrogatories"). Defendants request that Plaintiffs be compelled to supplement their responses.

## IV.   PLAINTIFF BAKER'S ADDITIONAL DEFICIENT DISCOVERY RESPONSES

There are issues unique to Mr. Baker's interrogatory responses.

*First*, Interrogatory No. 27 asks Mr. Baker, "Describe how You first acquired the CAEv2, including who first issued You the CAEv2 and the date on which they issued You the CAEv2." Exhibit 11 at 35. Mr. Baker sets forth a number of objections and, while stating the dates and locations of when and where he was issued the CAEv2, Mr. Baker does not state *who* issued him the CAEv2:

> Subject to the foregoing objections, to the best of my recollection, I was first issued a pair of CAEv2 in 2005 while at Ft. Benning. I was subsequently issued another pair of CAEv2 at the Central Issuing Facility at Ft. Lewis in 2006.

Exhibit 11 at 35. To the extent Mr. Baker has such information, it should be provided in response to this interrogatory.

*Second*, Interrogatory No. 31 asks Mr. Baker, "Describe the specific circumstances or situations in which You wore the green end of the CAEv2, and

your understanding of the specific circumstances in which You were supposed to wear the green end of the CAEv2." Exhibit 11 at 37. Although Mr. Baker responds regarding his understanding of what the "green end" was meant for, Mr. Baker does not answer as to any specific circumstances or situations in which he recalls wearing the green end:

> Subject to the foregoing objections, to the best of my recollection, I recall learning that the "green end" of the CAEv2 was for steady state noise, like when riding around in certain vehicles.

Exhibit 11 at 38.

*Third*, Interrogatory No. 72 asks Mr. Baker to "[s]tate whether [he] intend[s] to offer expert testimony relevant to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which [he] ha[s] been diagnosed" and, if he intends to so offer, to "please Describe the expert testimony [he] intend[s] to offer." Mr. Baker objects to this interrogatory and responds only that he "will designate experts pursuant to the deadlines set forth in this Court's Case Management Order, and will disclose the identity of any expert as well as any opinions to which the expert(s) intend to offer." Exhibit 14 (6/26/2020 First Supp. Obj. & Ans. To Second Set of Interrogs.) at 6. Mr. Baker's objections should be overruled and he should be compelled to provide a fulsome response.

Plaintiffs' Leadership counsel already confirmed that "they will answer the questions regarding experts for any Bellwether Plaintiff who intends to offer expert

testimony to support his or her claim of mental anguish, distress or loss of enjoyment of life." (Dkt. No. 1108 at 16.) Moreover, Mr. Baker's objection that this interrogatory seeks information to be provided in an expert disclosure is unfounded. This interrogatory does not seek the name of any particular expert witness; nor does it seek all of the information that would be contained in an expert report, such as "a complete statement of all opinions [an expert] witness will express and the basis and reasons for them" or "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). Instead, it asks for *whether* expert testimony will be offered and, if so, a description of such testimony. Defendants are entitled to this information. (*See* Dkt. No. 1065 at 7 n.2 ("Defendants . . . may . . . ask counsel for the Bellwether Plaintiffs whether they intend on offering expert testimony relevant to the above-mentioned damages or a mental health condition" and, if there is such an intention, pursue further discovery on the issue)).

*Fourth*, Interrogatory No. 73 asks Mr. Baker to describe the evidence he intends to offer regarding mental anguish, distress, or loss of enjoyment of life. Mr. Baker's responds that "[s]uch evidence will include documents produced by Defendants, testimony from Plaintiff, and testimony from other individuals with percipient knowledge, including those individuals identified in Responses to Interrogatories Nos. 1-9." Mr. Baker should provide further specificity to the extent known.

*Finally*, in response to Interrogatory Nos. 22, 24–25, 30, 31, 36, 43, 55, and 58–59, Mr. Baker directs Defendants to a non-specific set of "military and V.A. records," "civilian medical records," or "medical and military records." Exhibit 11 at 31-34, 36-38, 41-42, 46, 55-56. To the extent there is information in such records that is not already incorporated into Mr. Baker's interrogatory responses, such information should be set forth specifically. Otherwise, Mr. Baker's response is incomplete and non-responsive. *See* Fed. R. Civ. P. 33(d) (requiring that records be specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); *Int'l Aerospace Grp. Corp. v. Evans Meridians Ltd.*, No. 16-24997-CIV, 2017 WL 1927957, at *5 (S.D. Fla. May 10, 2017) (finding that "vague references to documents do not suffice under Rule 33(d) in connection with a broad and detailed discovery request").

## V.   PLAINTIFF ROWE'S ADDITIONAL DEFICIENT DISCOVERY RESPONSES

There are various issues unique to Mr. Rowe's interrogatory responses.

*First*, Mr. Rowe has not answered Interrogatory No. 20. That interrogatory asks that he "[d]escribe Any prescription medications [he] take[s] or ha[s] taken to date, including the name of the medication, frequency and duration of taking each medication." Exhibit 16 at 10. Mr. Rowe responded:

> Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the

matters at issue or of consequence in this litigation. As written, this request seeks "Any prescription medications You take or have taken to date," which would encompass all medications, not dependent on the type or reasoning prescribed, spanning the duration of Plaintiff's life. Plaintiff objects as this interrogatory fails to contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of medications or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108). Subject to and without waiving Plaintiff's General and Specific Objections, please see the medical records produced.

Exhibit 7 at 24. In response to Defendants' deficiency letter, which noted that Mr. Rowe had neither satisfied Rule 33(d) nor answered Interrogatory No. 20, Mr. Rowe stated:

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to hearing tests, and acknowledges that the best source of such information is documents produced by non-parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

Exhibit 17 at 5. Mr. Rowe's response does not address any of the deficiencies in his response.

24

Mr. Rowe has still provided no answer to Interrogatory No. 20, other than refer Defendants to "the medical records produced." Exhibit 7 at 24. Such a reference to medical records does not satisfy the Federal Rules. *Int'l Aerospace Grp.*, 2017 WL 1927957, at *4.

None of Mr. Rowe's objections have merit. The Court has already found that information about medical treatment that Mr. Rowe has received throughout his life is relevant. Dkt. 1065 at 9. If Mr. Rowe does not know or remember which prescription medications he has taken, that is one thing. Mr. Rowe cannot simply refuse to provide information that he otherwise knows. Nor can Mr. Rowe rely on his argument that the information requested by Interrogatory No. 20 is equally available to the parties because such an argument "is not sufficient to resist a discovery request, absent a showing of undue burden." *Gross*, 2013 WL 12091159, at *5 (internal quotation marks omitted). Finally, the names of medications that Mr. Rowe has taken are not privileged; Mr. Rowe has certainly made no such showing in his objection. *See Mukes v. City of Milwaukee*, No. 13-CV-1268-PP, 2015 WL 3823887, at *8 (E.D. Wis. June 19, 2015) ("To the extent that the motion to compel asks the court to compel Mucha to answer questions about what mental health medication prescriptions he had, and what prescribed mental health medications he was or was not taking at the time of the June 2008 incident, the court will grant the motion."); *Gomes v. Lake Cty.*, No. 12 C 4439, 2013 WL 2156042, at *2 (N.D. Ill.

May 15, 2013) (declining to "hold that the type of medication prescribed to a patient undergoing mental health treatment is covered by the psychotherapist-patient privilege unless it is referenced in the therapist's notes or communications with the patient."). Therefore, the Court should order Mr. Rowe to describe, to the best of his ability, the prescription medications that he has taken to date.

*Second*, Interrogatory No. 35 requested that Mr. Rowe "[d]escribe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions." Exhibit 7 at 32. In his supplementary interrogatory responses, Mr. Rowe states: "[A]lthough the term 'loud noises' is subjective, while I was in the military I was exposed at some level to various sounds listed in the interrogatory, although they were not necessarily loud." *Id.* at 33. Mr. Rowe's answer is deficient. The answer demonstrates that Mr. Rowe has additional personal knowledge responsive to the interrogatory, but is choosing not answer further. Mr. Rowe's other interrogatory responses undermine this answer, given that he states that he travelled in helicopters and other aircraft, was exposed to live enemy fire, and worked around machinery. *See, e.g.*, *id.* at 40 ("I was sometimes exposed to live fire and explosions while wearing the CAEv2."). Interrogatory No. 35 simply asks that Mr. Rowe describe these exposures to loud noise. The Court should compel Mr. Rowe to provide an actual answer.

*Third*, Interrogatory No. 36 requested that Plaintiff, "[d]escribe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any." Exhibit 7 at 33. In his supplemental responses Plaintiff stated that "[t]here were certain times when [he] used other [non-CAEv2] hearing protection or multiple hearing protective devices." *Id.* at 33–34. But Mr. Rowe claims "not [to] recall what specific hearing protection [he] used for each weapon for all the weapons that [he] used." *Id.* at 33. But, in response to Interrogatory No. 35, Mr. demonstrates memory of using "foam earplugs" and a "set of non-sided earplugs that were black and purple." *Id.* at 31–32. Therefore, Mr. Rowe's answer to Interrogatory No. 36 is incomplete and Mr. Rowe should be ordered to supplement his response.

*Fourth*, Interrogatory No. 39 seeks information regarding Mr. Rowe's exposures to any explosions while in the military, including "which Hearing Protection Device [he] [was] wearing [during the explosion], if any." Exhibit 7 at 35. In their deficiency letter, Defendants specifically asked Mr. Rowe to "indicate what, if any, Hearing Protection Device he was wearing during" explosions to which he was exposed. Exhibit 18 at 6. In his responsive letter, Mr. Rowe stated that he would "supplement his response to provide the requested information to the best of his personal knowledge." Exhibit 17 at 6. Plaintiff did not supplement his response to Interrogatory No. 39, and so still has not identified what, if any, hearing protection

27

devices he was wearing when exposed to explosions in the military. Exhibit 7 at 36. Mr. Rowe's medical records indicate that he was not wearing a hearing protection device every time when he was exposed to explosions. Mr. Rowe should be compelled to fully respond to Interrogatory No. 39. *City Furniture, Inc.* 2016 WL 4262228, at *3.

*Fifth*, Interrogatory No. 63 requested that Mr. Rowe describe "non-occupational activities" in which he was "exposed to loud noise." Exhibit 7 at 53-54. The interrogatory provided examples "such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles," etc. *Id.* Mr. Rose's supplementary response states that he has "not been directly exposed to loud noises . . . because [he] always use[s] hearing protection." Exhibit 7 at 54. This response is deficient. Mr. Rowe must response to the common sense meaning of the interrogatory—which seeks information about activities that might have exposed Mr. Rowe to loud noise. *Peacock*, 2008 WL 11425724, at *9. Defendants request that Mr. Rowe be compelled to fully respond to Interrogatory No. 63. *City Furniture, Inc.* 2016 WL 4262228, at *3.

*Finally,* Mr. Rowe stated that he would supplement his answers to Interrogatory Nos. 65 and 70, but has not done so. Exhibit 17 at 7. Interrogatory No. 65 asks Mr. Rowe to identify any family members who "have had hearing loss." Exhibit 7 at 55. The interrogatory has a common sense purpose—does Mr. Rowe

know whether any of his family members have hearing loss? If yes, then Mr. Rowe should so state in his answer. Mr. Rowe stated in his response to Defendants' deficiency letter that he would "supplement to the extent he is able." Exhibit 17 at 7. Yet, when Mr. Rowe served supplemental interrogatory answers, he did not change his answer at all. The Court should order Mr. Rowe to answer the interrogatory.

The same situation exists for Interrogatory No. 70, which asks Mr. Rowe to "[i]dentify [a]ny individuals who are depicted in [a]ny photographs, films, movies, and video recordings" that Mr. Rowe produces in responses to certain of Defendants' requests for production. Exhibit 7 at 57. Mr. Rowe did not answer Interrogatory No. 70 and Defendants asked whether he "refuses to respond to this interrogatory and, if so, on what basis." Exhibit 18 at 9. In his response to Defendants' deficiency letter, Mr. Rowe stated that he would "supplement to the extent he is able and subject to his objections." Exhibit 17 at 7. But Mr. Rowe's supplemental response neither answers the interrogatory nor states that he is unable to answer, which is what Mr. Rowe stated that he would do. *See* Exhibit 7 at 57. The Court should order Mr. Rowe to answer Interrogatory No. 70 or explain why he cannot.

## VI.   PLAINTIFF HACKER'S ADDITIONAL DEFICIENT DISCOVERY RESPONSES

There are three issues specific to Mr. Hacker's interrogatories. [4]

*First*, Interrogatory No. 34 asks that Mr. Hacker "[d]escribe in detail any complaints [he] made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, and the substance of the complaint." Exhibit 12 at 36. Mr. Hacker responded to Interrogatory No. 34 as follows: "Notwithstanding said objections, and without waiving same, I do not recall making any formal complaints." *Id*. Although Mr. Hacker limits his response to "formal complaints," the interrogatory asks about complaints generally—whether informal or formal. To the extent Mr. Hacker ever made a complaint short of a formal or written complaint, such as in a conversation with a commanding officer or otherwise, that information should be included.

*Second*, Interrogatory No. 35 asks that Mr. Hacker "[d]escribe All of the loud noises that [he] [was] exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy

---

[4]    On July 7, 2020, Mr. Hacker replaced Mr. Garcia in Trial Group A. Defendants have not yet received Mr. Hacker's supplemental interrogatory responses, which Mr. Hacker's counsel has indicated are forthcoming. In certain instances, however, Mr. Hacker has indicated that he intends to stand on his objections. To the extent additional motion practice is necessary as to Mr. Hacker's forthcoming supplemental responses, Defendants will seek relief promptly after receiving such responses.

machinery, air compressors, and/or explosions." *Id*. Mr. Hacker responded as follows: "Notwithstanding said objections, and without waiving same, in your list of items I can state I know I was exposed to weapons, explosions, generators, helicopters and vehicles, but I always protected my hearing." *Id.* at 37. To the extent Mr. Hacker his able to describe the noises to which he was exposed, including the dates on which he was exposed and the circumstances, that information is relevant and should be set forth in response to this interrogatory.

*Third*, Interrogatory No. 73 requests that Mr. Hacker "[s]tate whether [he] intend[s] to offer any evidence at trial related to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the evidence you intend to offer." Exhibit 19 at 6.

Mr. Hacker responded to Interrogatory No. 73 as follows:

> Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff does intend to offer evidence at trial related to the mental anguish, distress, and loss of enjoyment of life caused by the CAEv2. Plaintiff does not intend to offer expert testimony to support the claim of a specific diagnosed mental health condition caused by the CAEv2. Such evidence will include documents produced by Defendants, testimony from Plaintiff, and testimony from other individuals with percipient knowledge, including those individuals identified in Responses to Interrogatories Nos. 1-9. Plaintiff reserves all right to supplement this response as discovery develops.

*Id*. Mr. Hacker's reference to "documents produced by Defendants, testimony from Plaintiff, and testimony from other individuals with percipient knowledge" is so

general that it is essentially meaningless. Mr. Hacker should provide further specificity as to such matters, which are directly relevant, to the extent known.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court grant Defendants' motion and order the Group A Plaintiffs to provide initial disclosures and adequately respond to Defendants' written discovery requests.


Dated:  July 8, 2020                                  Respectfully submitted,


                                                      /s/ Robert C. Brock
                                                      Robert C. "Mike" Brock
                                                      KIRKLAND & ELLIS LLP
                                                      1301 Pennsylvania Avenue, N.W.
                                                      Washington, D.C. 20004
                                                      Telephone: (2020) 389-5991
                                                      mike.brock@kirkland.com

                                                      Mark J. Nomellini
                                                      KIRKLAND & ELLIS LLP
                                                      300 North LaSalle
                                                      Chicago, Illinois 60654
                                                      Telephone: (312) 862-3254
                                                      mark.nomellini@kirkland.com

                                                      Kimberly Branscome
                                                      DECHERT LLP
                                                      633 W. 5th St., Suite 4900
                                                      Los Angeles, CA 90071
                                                      Telephone: (213) 808-5762
                                                      kimberly.branscome@dechert.com

                                                      *Counsel for Defendants 3M Company,*
                                                      *3M Occupational Safety LLC, Aearo*
                                                      *Technologies LLC, Aearo Holding,*
                                                      *LLC, Aearo Intermediate, LLC and*
                                                      *Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)</u>

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they met and conferred with Plaintiff Lloyd Baker's counsel on June 19, 2020; with Plaintiff Luke Estes' counsel on June 22, 2020; with Plaintiff Lewis Keefer's counsel on June 22, 2020; with Plaintiff Dustin McCombs' counsel on June 22, 2020; with Plaintiff Stephen Hacker's counsel on July 7, 2020; and with Plaintiff Vernon Rowe's counsel on June 23, 2020. On July 3, 2020, counsel for Defendants also met and conferred with leadership for Plaintiffs, Max Kelly and Jennifer Hoekstra, on certain global issues related to plaintiffs' discovery responses. Defendants were unable to resolve their disagreements with the Group A Plaintiffs about whether the Group A Plaintiffs have fulfilled their obligations to provide initial disclosures and respond to Defendants' written discovery requests.

DATED: July 8, 2020                           Respectfully submitted,

                                    */s/ Robert C. Brock*
                                    Robert C. "Mike" Brock
                                    KIRKLAND & ELLIS LLP
                                    1301 Pennsylvania Avenue, N.W.
                                    Washington, D.C. 20004
                                    Telephone: (2020) 389-5991
                                    mike.brock@kirkland.com

                                    *Counsel for Defendants 3M Company,*
                                    *3M Occupational Safety LLC, Aearo*
                                    *Technologies LLC, Aearo Holding,*
                                    *LLC, Aearo Intermediate, LLC and*
                                    *Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 7,389 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: July 8, 2020                           Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (2020) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2020, a true and correct copy of the foregoing:

## DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES AND DISCOVERY RESPONSES

was served as follows:

☒   **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

| | |
|---|---|
| Bryan F. Aylstock, *Lead Counsel* <br> Jennifer M. Hoekstra <br> Aylstock, Witkin, Kreis & Overholtz, PLLC <br> 17 East Main Street <br> Suite 200 <br> Pensacola, FL 32502 <br> Tel.: (850) 202-1010 <br> baylstock@awkolaw.com <br> jhoekstra@awkolaw.com | Shelley V. Hutson, *Co-Lead Counsel* <br> Clark, Love & Hutson, GP <br> 440 Louisiana Street <br> Suite 1600 <br> Houston, TX 77002 <br> Tel.: (713) 757-1400 <br> shutson@triallawfirm.com |
| Christopher A. Seeger, *Co-Lead Counsel* <br> Seeger Weiss LLP <br> 77 Water Street <br> 8th Floor <br> New York, NY 10005 <br> Tel.: (212) 587-0700 <br> cseeger@seegerweiss.com | Brian H. Barr, *Co-Liaison Counsel* <br> Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. <br> 316 South Baylen Street <br> Pensacola, FL 32502 <br> Tel.: (850) 435-7044 <br> bbarr@levinlaw.com |
| Michael A. Burns, *Co-Liaison Counsel* <br> Mostyn Law Firm <br> 3810 W. Alabama Street <br> Houston, TX 77027 <br> Tel.: (713) 714-0000 <br> epefile@mostynlaw.com | Shawn Fox <br> Tracey & Fox Law Firm <br> 440 Louisiana Street <br> Suite 1901 <br> Houston, TX 77002 <br> Tel.: (713) 495-2333 <br> sfox@traceylawfirm.com <br> stracey@traceylawfirm.com <br><br> *Counsel for Plaintiff Lloyd Baker* |

Katherine L. Cornell
Pulaski Law Firm PLLC
925 RICHMOND AVENUE
SUITE 1725
HOUSTON, TX 77098
Tel.: (713) 664-4555
kcornell@pulaskilawfirm.com

*Counsel for Plaintiff Luke Estes*

Quinn R. Wilson
Onder Law LLC
110 E. Lockwood Avenue
Second Floor
St. Louis, MO 63119
Tel.: (314) 963-9000
wilson@onderlaw.com

*Counsel for Plaintiff Stephen Hacker*

Evan D. Buxner
Gori Julian & Associates
156 N. main Street
Edwardsville, IL 62025
Tel.: (618) 659-9833
evan@gorijulianlaw.com

*Counsel for Plaintiff Stephen Hacker*

Brian H. Barr
Winston T. Bouk
Levin Papantonios
316 S. Baylen St. - Ste. 600
Pensacola, FL 32502
Tel.: (850) 435-7045
bbarr@levinlaw.com
tbouk@levinlaw.com

*Counsel for Plaintiff Lewis Keefer*

Taylor C. Bartlett
William L. Garrison, Jr.
Heninger Garrison Davis LLC
2224 1st Avenue North
Birmingham, AL 35203
Tel.: (205) 326-3336
taylor@hgdlawfirm.com
lewis@hgdlawfirm.com

*Counsel for Plaintiff Dustin McCombs*

Roberto Martinez
Francisco R. Maderal
Colson Hicks Eidson
255 Alhambra Cir.
Penthouse
Coral Gables, FL 33134
Tel.: (305) 476-7444
bob@colson.com
frank@colson.com

*Counsel for Plaintiff Vernon C. Rowe*

DATED:  July 8, 2020

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo, LLC*