# Exhibit 4



2224 1st Avenue North
Birmingham, AL 35203

Phone: (205) 326-3336
(800) 241-9779
Fax:   (205) 326-3332

WWW.HGDLAWFIRM.COM

June 29, 2020

<u>**VIA EMAIL & MDL Centrality**</u>
Ashley Neglia
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071

> Re:   *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, **3:19-md-2885**
> *Response to June 11, 2020 Correspondence on McCombs Discovery*

Dear Ms. Neglia:

I write as Individual Counsel to Plaintiff Dustin McCombs in response to your June 11, 2020 letter regarding Plaintiff's responses to Defendants' Interrogatories and Requests for Production ("RFPs").

**I.     Defendants' Letter & Subsequent Correspondence**

Mr. McCombs first responded to Defendants' discovery on April 10, 2020. For two months, Defendants raised no issues with Mr. McCombs's counsel regarding these responses. After the close of business on June 11, 2020, Defense Counsel first claimed that certain of Mr. McCombs's discovery responses contained "deficiencies." *See* June 11, 2020 Wasdin Ltr. That letter generally declined to address the substance of Mr. McCombs's responses, or the majority of his objections regarding proportionality and duplicativeness, and instead provided blanket demands for supplementations to or repetitions of his Responses.

The Parties first met and conferred on Mr. McCombs's responses on June 22, 2020. On June 24, 2020, Defense Counsel suggested that they may file a "motion to compel further responses or documents from Mr. McCombs." A. Neglia email to J. Hoekstra, June 24, 2020. Defendants did not explain in that message, their initial letter, or the June 22 meet and confer, what issues they believe would justify such a motion. Pursuant to Local Rule 7.1(B), Plaintiff requests that Defendants identify specific withheld information or documents on which they intend to move, so that the Parties can confer on those issues.

**II.    Interrogatories**

As an initial matter, Plaintiff rejects Defendants' analysis of the sufficiency of Interrogatory Responses that include references to non-party records. Defendants cite Rule 33(d) in support of their argument that many Responses are deficient simply because they refer to nonparty records. But the adequacy of Plaintiff's Responses is determined by the scope of the Interrogatory, the scope of Plaintiff's objections, and the scope of Plaintiff's response; and Defendants address none of those determinative factors. If Defendants wish to articulate a deficiency in any of those Interrogatory

Responses, Plaintiff requests that Defendants do so by addressing the extent to which an individual Response responds to the associated Interrogatory.

Plaintiff also rejects Defendants' mischaracterization of the Parties' agreement as to Initial Disclosures. The Parties already negotiated and agreed on the issue of Plaintiff discovery, and elected not to require initial disclosures from any Bellwether Plaintiff. Instead, the Parties negotiated a Census process, to potentially be supplemented in a Profile Form or Fact Sheet. *See* Parties' Rule 26(f) Report, ECF No. 434 (June 14, 2019). Additionally, Defendants have taken advantage of Plaintiff Leadership's agreement allowing one hundred Interrogatories to be served on each Bellwether – many times over the presumptive limit under the Federal Rules – which agreement was based on the understanding that Initial Disclosures would not be separately sought. This agreement is evidenced throughout the Parties' Rule 26(f) Report, which repeatedly states that the Parties discussed Initial Disclosures, but only provides a deadline for ***Defendants'*** Initial Disclosures. *See id.* § II. The Parties' proposed schedule omits any deadline for Initial Disclosures from Plaintiffs, because no such Initial Disclosures were contemplated. *See id.* § VII. Conclusively, the 26(f) Report expressly addresses the issue of "additional Plaintiff discovery beyond the initial census," and in that context makes ***no mention*** of Initial Disclosures, because the Parties agreed to forego them. Instead, that section states the Parties are conferring on the use of "***either*** abbreviated Plaintiff Profile Forms ***and/or*** a completion of a separate longer format Plaintiffs' Fact Sheet for those plaintiffs in a bellwether pool." *See id.* § VIII. Defendants cannot now retract the Parties' earlier agreement on the devices available for discovery from Plaintiffs.

### i. Interrogatories Nos. 2-4

Defendants' Letter states that Mr. McCombs's Responses to Interrogatories Nos. 2-4 "fail to identify each individual likely to have discoverable information used to support Plaintiff's claims." Ltr. at 1. Defendants have not articulated what individuals or categories of individuals they believe Plaintiff omitted. In the absence of such an explanation, Plaintiff believes that his Responses 2-4, as limited by his objections, meet the requirements of Rule 33.

For the avoidance of doubt, Plaintiff stands on his objections, and opposes any attempt by Defendants to treat the Bellwether Selection Sheet, or any other unsigned administrative document in this litigation, as sworn testimony.

### ii. Interrogatories No. 8

Mr. McCombs intends to supplement his response to Interrogatory No. 8, to the extent required under Rule 33, to indicate whether such discussions were "verbal or written." To the extent Defendants seek to cross-examine Mr. McCombs on other aspects of his answer, Mr. McCombs's deposition is the appropriate vehicle for that questioning.

### iii. Interrogatories Nos. 11-13, 26, 28, 30-33, 35-37, 42-43, 45-47, 57-65

Defendants' Letter requests that Plaintiff "restate the relevant information contained in his Bellwether Information Sheet into the response to each of the above-referenced Interrogatories." Ltr. at 2. Plaintiff intends to supplement his Responses to these Interrogatories to withdraw his objections relating to the Bellwether Selection Sheet, and to include requested information (as limited by his other objections) regardless of its overlap with requests in the Bellwether Selection Sheet.

### iv. Interrogatory No. 10

In light of Defendants' clarification of the scope of this Interrogatory, Plaintiff intends to withdraw his objection regarding mental health conditions, and will supplement his response to the extent any information was withheld on the basis of that objection.

### v. Interrogatory No. 11

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to hearing tests, and acknowledges that the best source of such information is documents produced by non-parties in this litigation.

### vi. Interrogatory No. 12

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to hearing tests, and acknowledges that the best source of such information is documents produced by non-parties in this litigation.

### vii. Interrogatories Nos. 15-16

Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

### viii. Interrogatory No. 20

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to hearing tests, and acknowledges that the best source of such information is documents produced by non-parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

### ix. Interrogatory No. 22

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to his experience of relevant medical conditions and diseases, and acknowledges that the best source of such information is documents produced by non-parties in this litigation.

### x. Interrogatory No. 23

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to his experience of head injuries during his military service, and acknowledges that the best source of such information is documents produced by non-

parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

### xi. Interrogatories Nos. 27, 29

Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

### xii. Interrogatory No. 30

Defendants mischaracterize Plaintiff's Response. Contrary to Defendants' claim, Plaintiff's Response does include information on "whether Plaintiff wore the CAEv2 during training and/or combat while deployed." Ltr. at 5; *see* McCombs Interrogatory Response No. 30 ("Plaintiff recalls wearing the CAEv2 numerous times ***during training*** . . . and ***during deployment***[.]"). The information Defendants request in their letter has already been provided.

### xiii. Interrogatory No. 33

Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory. Plaintiff will nonetheless supplement this response to the extent more information becomes available at a later date.

### xiv. Interrogatory No. 36

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it describes the weapons he used, and states that he wore the CAEv2 with regard to all of them. Plaintiff does not presently remember wearing hearing protection devices other than those listed while operating any weapon in the military.

### xv. Interrogatory No. 39

Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory.

### xvi. Interrogatory No. 47

Pursuant to the Parties' meet-and-confer, Plaintiff intends to supplement this response.

### xvii. Interrogatory No. 50

Pursuant to the Parties' meet-and-confer, Plaintiff intends to supplement this response.

### xviii. Interrogatory No. 52

Plaintiff objects to Defendants' references to Rule 26 Initial Disclosures as irrelevant, in light of the Parties' stipulations regarding discovery in this matter. Plaintiff further objects to Defendants' mischaracterizations in and of Ms. Branscome's April 14, 2020 letter to Mr. Aylstock. *See* Ltr. at 7. As the Response indicates, Plaintiff's damages will be the subject of forthcoming expert proofs and calculations, which Defense Counsel knows are not available to Plaintiff at this stage in the litigation. Plaintiff intends to supplement this response.

### xix. Interrogatory No. 53

Defendants' Letter ignores Plaintiff's reasonable objections to Defendants' overbroad and unduly burdensome Interrogatory. Plaintiff objects to Defendants' attempt to require Plaintiff to testify with any certainty that any set of injuries are "the only physical injuries, illnesses, or disabilities suffered by Plaintiff that have resulted in loss of income or medical expenses," because of the facial overbreadth of that Interrogatory. Plaintiffs request that Defendants acknowledge and attempt to resolve Plaintiff's objections through the Local Rule 7.1(b) process, rather than attempt to steamroll them.

### xx. Interrogatory No. 54

As in the context of Interrogatory No. 53, Defendants' Letter again ignores Plaintiff's reasonable objections to Defendants' unduly burdensome and improper Interrogatory No. 54. Plaintiff objects to Defendants' attempt to require Plaintiff to perform any sort of expert analysis with regard to his injuries and any yet-unidentified "Standards of Medical Fitness (or similar standards)," and Defendants are receiving Plaintiff's medical records, which would contain such analyses to the extent they have been performed in the course of Plaintiff's medical history. Plaintiffs request that Defendants acknowledge and attempt to resolve Plaintiff's objections through the Local Rule 7.1(b) process, rather than attempt to steamroll them.

### xxi. Interrogatory No. 59

Pursuant to the Parties' meet-and-confer, Plaintiff intends to supplement this response.

### xxii. Interrogatories Nos. 63-64

Pursuant to the Parties' meet-and-confer, Plaintiff intends to supplement this response.

### xxiii. Interrogatory No. 70

Plaintiff will respond to Defendants' discovery requests within the deadlines set by the Court, and will provide the identifying information Defendants request.

### xxiv. Interrogatory No. 72

Pursuant to the Parties' meet-and-confer, Plaintiff intends to supplement this response.

### III. Document Requests

### a. Pre-Trial Order No. 42

Defendants request a certification that "Plaintiff conducted a reasonably diligent search through all sources within his possession, custody, or control for non-privileged documents responsive to 3M's Requests." *See* Wasdin Ltr. at 10. But as Defense Counsel knows, Plaintiff's search obligations are governed by PTO No. 42, which identifies the sources Plaintiff is required to investigate. Defense Counsel's attempt to require a broader certification, and to suggest that such a broader certification is required, is improper. Defense Counsel also inquired whether Plaintiff intends to comply with PTO No. 10 and PTO No. 42. Plaintiff does intend to comply with those orders.

### b. Scope of Responsive Production

With regard to several of Plaintiff's Responses to RFPs, Defense Counsel requests confirmation "that Plaintiff is not withholding any non-privileged material responsive to this Request on the grounds of any of the objections asserted." *See* Wasdin Ltr. at 10-11.

Plaintiff's Responses are clear in identifying those portions of Defendants' RFPs that are beyond the proper scope of discovery, and in describing the scope of the search Plaintiff will conduct and the documents Plaintiff will produce. Despite repeating this question, Defendants (i) do not identify any language in Plaintiff's response that Defendants take issue with; and (ii) do not identify any materials that Defendants believe exist and are responsive and unproduced.

To the extent Defendants require additional explanation of the scope of Plaintiff's production, Plaintiff's Counsel stands ready to answer Defense Counsel's questions, if any, when they are articulated. Plaintiff intends to provide a privilege log reflecting any documents withheld on the basis of privilege. To the extent Defendants identify specific responsive documents they believe are being withheld, or specific categories of responsive documents they believe are being withheld, Plaintiffs welcome the opportunity to discuss Defendants' proposals for methods of identifying and producing those documents.

Very truly yours,

*/s Taylor C. Bartlett*
Taylor C. Bartlett
**Heninger Garrison Davis, LLC**
2224 First Avenue North
Birmingham, AL 35213
Phone: 205.427.6630
Fax: 205-380-8085
taylor@hgdlawfirm.com

*Counsel for Plaintiff Dustin McCombs*