# Exhibit 5



KIMBERLY LAMBERT ADAMS
KATHRYN L. AVILA
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
JEFF GADDY
RACHAEL R. GILMER
BRENTON J. GOODMAN
JOSHUA R. HARRIS

FREDRIC G. LEVIN
MARTIN H. LEVIN
D. PATRICK LEWIS
 (LICENSED ONLY IN
 WASHINGTON, D.C.)
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
CLAY MITCHELL
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
MADELINE E. PENDLEY
A. RENEE PRESTON
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
REBECCA K. TIMMONS
BRETT VIGODSKY

OF COUNSEL:
WILLIAM F. CASH III
LAURA S. DUNNING
 (LICENSED ONLY IN ALABAMA)
BEN W. GORDON, JR.
ARCHIE C. LAMB, JR.
PAGE A. POERSCHKE
 (LICENSED ONLY IN ALABAMA)
CHRISTOPHER V. TISI
 (LICENSED ONLY IN WASHINGTON, D.C.
 AND MARYLAND)

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

June 29, 2020

**VIA EMAIL & MDL Centrality**
Nick Wasdin
Kirkland & Ellis LLP
300 North LaSalle St.
Chicago, IL 60654

   Re: *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, 3:19-md-2885
     *Response to June 11, 2020 Correspondence on Lewis Keefer Discovery*

Dear Mr. Wasdin:

  I write as Individual Counsel to Plaintiff Lewis Keefer in response to your June 11, 2020 letter regarding Plaintiff's responses to Defendants' Interrogatories and Requests for Production ("RFPs").

### I. **Defendants' Letter & Subsequent Correspondence**

  Mr. Keefer first responded to Defendants' discovery on April 10, 2020. For two months, Defendants raised no issues with Mr. Keefer's counsel regarding these responses, until after the close of business on June 11, 2020, when Defense Counsel first made contact with Mr. Lewis's counsel, claiming that certain of Mr. Lewis's discovery responses contained "deficiencies." *See* June 11, 2020 Wasdin Ltr. That letter in general did not address the substance of Mr. Lewis's responses, or the majority of his objections regarding proportionality and duplicativeness.

  The Parties first conferred on Mr. Keefer's responses on June 22, 2020. On June 23, 2020, Defense Counsel referred in correspondence to a potential "motion to compel" further responses or documents from Mr. Keefer. A. Neglia email to T. Bouk, June 23, 2020. Defendants did not explain in that message, or in their initial letter, the issues on which they believe such a motion is necessary. Pursuant to Local Rule 7.1(B), Plaintiff requests that Defendants identify specific withheld information or documents on which they intend to move, so that the Parties can confer on those issues.

### II. **Interrogatories**

  As an initial matter, Plaintiff rejects Defendants' analysis of the sufficiency of Interrogatory Responses that include references to non-party records. The adequacy of

Plaintiffs' Responses is determined by the scope of the Interrogatory, the scope of Plaintiffs' objections, and the scope of Plaintiffs' response. Defendants' Letter challenges many Interrogatory Responses without reference to any of those determinative factors, instead claiming that they are deficient solely by reference to Rule 33(d). If Defendants wish to articulate a deficiency in any of those Interrogatory Responses, Plaintiff requests that Defendants do so in the context of an explanation of the extent to which the Response responds to the Interrogatory.

Plaintiff also rejects Defendants' mischaracterization of the Parties' agreement as to Initial Disclosures. The Parties already negotiated and agreed on the issue of Plaintiff discovery, and elected not to require initial disclosures from any Bellwether Plaintiff. Instead, the Parties negotiated a Census process, to potentially be supplemented in a Profile Form or Fact Sheet. *See* Parties' Rule 26(f) Report, ECF No. 434 (June 14, 2019). This agreement is evidenced throughout the Parties' Rule 26(f) Report, which repeatedly states that the Parties discussed Initial Disclosures, but only provides a deadline for **Defendants'** Initial Disclosures. *See id.* § II. The Parties' proposed schedule omits any deadline for Initial Disclosures from Plaintiffs, because no such Initial Disclosures were contemplated. *See id.* § VII. Conclusively, the 26(f) Report expressly addresses the issue of "additional Plaintiff discovery beyond the initial census," and in that context makes **no mention** of Initial Disclosures, because the Parties agreed to forego them. Instead, that section states the Parties are conferring on the use of "**either** abbreviated Plaintiff Profile Forms **and/or** a completion of a separate longer format Plaintiffs' Fact Sheet for those plaintiffs in a bellwether pool." *See id.* § VIII. Defendants cannot now retract the Parties' earlier agreement on the devices available for discovery from Plaintiffs.

### i. Interrogatories Nos. 2-4

Defendants' Letter states that Mr. Keefer's Responses to Interrogatories Nos. 2-4 "fail to identify each individual likely to have discoverable information used to support Plaintiff's claims." Ltr. at 1. Defendants have not articulated what individuals or categories of individuals they believe Plaintiff omitted. In the absence of such an explanation, Plaintiff believes that his Responses 2-4, as limited by his objections, meet the requirements of Rule 33.

### ii. Interrogatory No. 5

Mr. Keefer intends to supplement his response to Interrogatory No. 5, to indicate whether the individuals identified in his response were present when he fired weapons in training.

### iii. Interrogatory No. 6

Plaintiff stands on his response as limited by his objections.

### iv. Interrogatories No. 8

Mr. Keefer intends to supplement his response to Interrogatory No. 8, to the extent required under Rule 33, to indicate whether such discussions were "verbal or written." To the extent Defendants seek to cross-examine Mr. Keefer on other aspects of his answer, Mr. Keefer's deposition is the appropriate vehicle for that questioning.

> v. **Interrogatories Nos. 9-13, 26, 28, 30-33, 35-38, 41-43, 45-47, 49, 52, 53, 55-65, 71-73**

Defendants' Letter requests that Plaintiff "restate the relevant information contained in his Bellwether Information Sheet into the response to each of the above-referenced Interrogatories." Ltr. at 2. Plaintiff intends to supplement his Responses to these Interrogatories to withdraw his objections relating to the Bellwether Selection Sheet, and to include requested information (as limited by his other objections) regardless of its overlap with requests in the Bellwether Selection Sheet.

> vi. **Interrogatory No. 9**

Mr. Keefer intends to supplement his response to Interrogatory No. 9, to the extent required under Rule 33, to identify health care professionals, physicians, audiologists, military Or occupational Or other hygienist, treating facilities, clinics, therapists, And/Or other medical facilities Or providers that have examined his ears, including the date of examination, Any diagnoses made regarding his hearing or ears, and any recommendations made regarding your hearing or ears, as limited by his personal knowledge.

> vii. **Interrogatory No. 10**

In light of Defendants' clarification of the scope of this Interrogatory, Plaintiff intends to withdraw his objection regarding mental health conditions, and will supplement his response to the extent any information was withheld on the basis of that objection.

In addition, Mr. Keefer intends to supplement his response to Interrogatory No. 10, to the extent required under Rule 33, to identify health care professionals, physicians, audiologists, military or occupational nurses or other hygienists, treating facilities, clinics, therapists, And/Or other medical facilities Or providers that have diagnosed him with the injury or condition that he alleges was caused by his use of the CAEv2, the injury or condition that each person diagnosed him with and the date of the diagnosis, as limited by his personal knowledge.

> viii. **Interrogatory No. 11**

Mr. Keefer intends to supplement his response to Interrogatory No. 11, to the extent required under Rule 33, to identify audiograms, tympanograms, speech reception tests, Or Any other hearing-related test results, medical records, hearing aid referrals Or prescriptions, Or other Documents that identify the injuries that he alleges were caused by the CAEv2, including the date(s) of those audiograms, tympanograms, speech reception tests Or Any other hearing-related test results, medical records, hearing aid referrals Or Prescriptions, as limited by his personal knowledge.

> ix. **Interrogatory No. 12**

Mr. Keefer intends to supplement his response to Interrogatory No. 12, to the extent required under Rule 33, to identify hearing tests, including but not limited to audiograms, tympanograms, speech reception tests or any other hearing tests conducted during his military service, including the date(s), of the hearing test(s), and whether or not any hearing loss or other hearing disorder was identified, as limited by his personal knowledge.

    x. **Interrogatory No. 14**

Mr. Keefer intends to supplement his response to Interrogatory No. 14 to indicate whether hearing assistive devices, ear drops, or any other devices, medications or therapies have been recommended to him by a medical provider.

    xi. **Interrogatories Nos. 15-16**

Plaintiff stands on his response, as limited by his objections and proportionality considerations. As discussed during the meet and confer, Plaintiffs' response is responsive the interrogatory as posed. To the extent Defendants seek to cross-examine Mr. Keefer regarding his answer, Mr. Keefer's deposition is the appropriate vehicle for that questioning.

    xii. **Interrogatory No. 17**

Mr. Keefer intends to supplement his response to Interrogatory No. 17 to indicate the date that he last experienced noises or ringing in his ears.

    xiii. **Interrogatory No. 18**

Plaintiff stands on his response, as limited by his objections and proportionality considerations. As discussed during the meet and confer, Plaintiffs' response is responsive the interrogatory as posed. To the extent Defendants seek to cross-examine Mr. Keefer regarding his answer, Mr. Keefer's deposition is the appropriate vehicle for that questioning.

    xiv. **Interrogatory No. 20**

Mr. Keefer intends to supplement his response to Interrogatory No. 20, to the extent required under Rule 33, to indicate prescription medications which he takes or has taken within the last year, as limited by his personal knowledge.

    xv. **Interrogatory No. 23**

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to his experience of head injuries during his military service, and acknowledges that the best source of such information is documents produced by non-parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

    xvi. **Interrogatory No. 26**

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to his experience of relevant medical conditions and diseases, and acknowledges that the best source of such information is documents produced by non-parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

    xvii. **Interrogatories Nos. 27, 29**

Mr. Keefer intends to supplement his response to Interrogatory No. 27 and 29 to indicate how he first acquired the CAEv2 and the approximate date on which he was issued the CAEv2, as limited by his personal knowledge.

xviii. **Interrogatory No. 30**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to indicate whether plaintiff used the CAEv2 during exposure to explosions from permitted safe distances, rapid fire, vehicular, machinery and aircraft noses and the time frame during which plaintiff was exposed to those noises, as limited by his personal knowledge.

xix. **Interrogatory No. 33**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to indicate other Hearing Protection Devices worn by Plaintiff, the years worn, and the types of noises that he was exposed to while using the Hearing Protection Device.

xx. **Interrogatory No. 35**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to indicate the types of helicopters and explosives he was exposed to.

xxi. **Interrogatory No. 36**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to indicate whether the CAEv2 was the only Hearing Protection Device Plaintiff wore while operating any weapon in the military. Plaintiff confirms that he is not withholding information in response to this Request. To the extent Defendants seek to cross-examine Mr. Keefer regarding his answer, Mr. Keefer's deposition is the appropriate vehicle for that questioning.

xxii. **Interrogatory No. 37**

Plaintiff stands on his response, as limited by his objections and proportionality considerations. Plaintiff confirms that he is not withholding information in response to this Request.

xxiii. **Interrogatory No. 38**

Plaintiff stands on his response, as limited by his objections and proportionality considerations.

xxiv. **Interrogatory No. 44**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to indicate the approximate date of his first week of basic training.

xxv. **Interrogatory No. 50**

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response.

xxvi. **Interrogatory No. 52, 55-57**

Plaintiff objects to Defendants' references to Rule 26 Initial Disclosures as irrelevant, in light of the Parties' stipulations regarding discovery in this matter. Plaintiff further objects to Defendants' mischaracterizations in and of Ms. Branscome's April 14, 2020 letter to Mr. Aylstock. *See* Ltr. at 7. As the Response indicates, Plaintiff's damages will be the subject of forthcoming expert proofs and calculations, which Defense Counsel knows are not available

to Plaintiff at this stage in the litigation. Plaintiff intends to supplement this response to clarify the categories of damages, losses, or expenses sought.

### xxvii. Interrogatory No. 58-59

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response.

### xxviii. Interrogatory Nos. 61-62

Plaintiff confirms that he is not withholding information in response to these Interrogatories.

### xxix. Interrogatory No. 63

Plaintiff intends to supplement his response to indicate the dates in which he engaged in the non-occupational activities.

### xxx. Interrogatory No. 64

Plaintiff stands on his response, as limited by his objections and proportionality considerations.

### xxxi. Interrogatory No. 65

In light of Defendants' request for further clarification, Plaintiff intends to supplement this response to identify the names of his father and grandfather.

### xxxii. Interrogatory No. 73

Plaintiff intends to supplement his response to indicate whether he intends to offer evidence at trial related to a diagnosed mental health condition with which he has been diagnosed.

## III. Document Requests

### a. Pre-Trial Order No. 42

Defendants request a certification that "Plaintiff conducted a reasonably diligent search through all sources within his possession, custody, or control for non-privileged documents responsive to 3M's Requests." *See* Wasdin Ltr. at 11. But as Defense Counsel knows, Plaintiff's search obligations are governed by PTO No. 42, which identifies the sources Plaintiff is required to investigate. Defense Counsel's attempt to require a broader certification, and to suggest that such a broader certification is required, is improper. Defense Counsel also inquired whether Plaintiff intends to comply with PTO No. 10 and PTO No. 42. Plaintiff does intend to comply with those orders.

### b. Scope of Responsive Production

With regard to several of Plaintiff's Responses to RFPs, Defense Counsel requests confirmation "that Plaintiff is not withholding any non-privileged material responsive to this Request on the grounds of any of the objections asserted." *See* Wasdin Ltr. at 11-12.

Plaintiff's Responses are clear in identifying those portions of Defendants' RFPs that are beyond the proper scope of discovery, and in describing the scope of the search Plaintiff

will conduct and the documents Plaintiff will produce. Despite repeating this question, Defendants (i) do not identify any language in Plaintiff's response that Defendants take issue with; and (ii) do not identify any materials that Defendants believe exist and are responsive and unproduced.

To the extent Defendants require additional explanation of the scope of Plaintiff's production, Plaintiff's Counsel stands ready to answer Defense Counsel's questions, if any, when they are articulated. Similarly, to the extent Defendants identify specific responsive documents they believe are being withheld, or specific categories of responsive documents they believe are being withheld, Plaintiffs welcome the opportunity to discuss Defendants' proposals for methods of identifying and producing those documents.

DATED: June 29, 2020

Respectfully submitted,

*/s/ W. Troy Bouk*
W. Troy Bouk, FL Bar No. 43384
tbouk@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, PA
316 S. Baylen St., Suite 400
Pensacola, FL 32502
Telephone: (850) 435-7155
Facsimile: (850) 435-7020

*Attorneys for Plaintiff Lewis Keefer*