# Exhibit 6



ATTORNEYS AND COUNSELORS AT LAW
2925 RICHMOND AVENUE, SUITE 1725 | HOUSTON, TX 77098
PHONE (713) 664-4555 | FAX (713) 664-7543 | TOLL FREE (800) 223-3784
www.pulaskilawfirm.com

June 29, 2020

**VIA EMAIL & MDL Centrality**
Ashley Neglia
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071

Re:  *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, **3:19-md-2885**
     *Response to June 11, 2020 Correspondence on Luke Estes Discovery*

Dear Mr. Wasdin:

I write as Counsel for Luke Estes in response to your June 11, 2020 letter regarding Luke Estes's responses to Defendants' Interrogatories and Requests for Production ("RFPs").

### I.    Defendants' Letter

The Parties first conferred on Mr. Estes's responses on June 22, 2020. Per that meet and confer, Plaintiff responds as outlined below. Following Plaintiff's supplemental response and pursuant to Local Rule 7.1(B), Plaintiff requests that Defendants identify specific withheld information or documents on which they intend to move, so that the Parties can confer further on those issues.

### II.   Interrogatories

As an initial matter, Mr. Estes generally disputes Defendants' contentions that his responses to Defendants' discovery requests are deficient. To the contrary, Mr. Estes contends that he answered Defendants' discovery to the best of his ability based upon his personal knowledge and recollection.

Plaintiff rejects Defendants' analysis of the sufficiency of Interrogatory Responses that include references to non-party records. The adequacy of Plaintiffs' Responses is determined by the scope of the Interrogatory, the scope of Plaintiffs' objections, and the scope of Plaintiffs response. Defendants' Letter challenges many Interrogatory Responses without reference to any of those determinative factors, instead claiming that they are deficient solely by reference to Rule 33(d). If Defendants wish to articulate a deficiency in any of those Interrogatory Responses, Plaintiff requests that Defendants do so in the context of an explanation of the extent to which the Response responds to the Interrogatory.

Plaintiff also rejects Defendants' mischaracterization of the Parties' agreement as to Initial Disclosures. The Parties already negotiated and agreed on the issue of Plaintiff discovery, and elected not to require initial disclosures from any Bellwether Plaintiff. Instead, the Parties negotiated a Census process, to potentially be supplemented in a Profile Form or Fact Sheet. See Parties' Rule 26(f) Report, ECF No. 434 (June 14, 2019). This agreement is evidenced throughout the Parties' Rule 26(f) Report, which repeatedly states that the Parties discussed Initial Disclosures,

June 29, 2020

but only provides a deadline for Defendants' Initial Disclosures. See id. § II. The Parties' proposed schedule omits any deadline for Initial Disclosures from Plaintiffs, because no such Initial Disclosures were contemplated. See id. § VII. Conclusively, the 26(f) Report expressly addresses the issue of "additional Plaintiff discovery beyond the initial census," and in that context makes no mention of Initial Disclosures, because the Parties agreed to forego them. Instead, that section states the Parties are conferring on the use of "either abbreviated Plaintiff Profile Forms and/or a completion of a separate longer format Plaintiffs' Fact Sheet for those plaintiffs in a bellwether pool." See id. § VIII. Defendants cannot now retract the Parties' earlier agreement on the devices available for discovery from Plaintiffs.

However, in a good faith attempt to resolve disputes with Defense Counsel, Mr. Estes's discovery responses will be supplemented to the best of his ability, subject to and without waiving any objections, to reflect new and/or additional responsive information obtained through the course of discovery. Below, Plaintiff specifically addresses each item raised within Defendant's June 11th letter as well as the issues discussed in the June 22nd meet and confer.

### i. Initial Disclosures re Witnesses (2, 3, and 4)

Defendants' Letter states that Mr. Estes's Responses to Interrogatories Nos. 2-4 "fail to identify each individual likely to have discoverable information used to support Plaintiff's claims." Ltr. at 1. Defendants have not articulated what individuals or categories of individuals they believe Plaintiff omitted. In the absence of such an explanation, Plaintiff believes that his Responses 2-4, as limited by his objections, meet the requirements of Rule 33.

Plaintiff does not have supplemental information at this time however, should additional information become available, Plaintiff will supplement.

### ii. Bellwether Selection Sheet (11-13, 26, 28, 30-33, 35-38, 42-43, 45-47, 57-65)

With regard to the above referenced interrogatories, Defendants take issue with Plaintiff's objection based on the "Bellwether Information Sheet," because the information contained within was not provided under oath. As indicated in the meet and confer, Plaintiff has not withheld any information on the basis of this objection.

Plaintiff will supplement his responses to these Interrogatories to withdraw the objections specifically relating to the Bellwether Information Sheet.

### iii. "Please Confirm" (8, 10, 15-16, 33, 34, 63, 68-69)

3M does not identify an alleged deficiency, but instead requested that Mr. Estes "confirm" the substance of his response. To the extent Defendants seek to cross-examine Plaintiff on his responses, Plaintiff's deposition is the appropriate vehicle for such cross-examination, not a letter to Counsel. To the extent Defendants' request is based on their belief that a specific responsive information was omitted, or that the response is deficient in some way, please identify the specific deficiency with sufficient particularity to give Plaintiff notice of the issue. In general, seeking a

June 29, 2020

reaffirmation from counsel of a response, does nothing to advance this litigation, and imposes an additional unnecessary burden on Plaintiff.

### iv. References to Non-Party and/or Defendant Productions (8, 14, 20, 22, 23)

Several of Defendants' Interrogatories seek specific, factual information that is readily discernable from records Defendants have obtained or will obtain from non-party custodians. Plaintiff objected, provided his response, and noted that responsive information is likely contained in non-party productions.

Plaintiff intends to supplement these responses to the extent that he has additional information within the scope of his personal knowledge.

### v. Interrogatory No. 10

In light of Defendants' clarification of the scope of this Interrogatory, Plaintiff intends to withdraw his objection regarding mental health conditions and will supplement his response to the extent any information was withheld on the basis of that objection.

### vi. Interrogatory No. 33

Plaintiff intends to supplement additional information identified within Defendants' letter and as discussed in the meet and confer. This supplement specifically relates to the "circumstances" or "noises Plaintiff was exposed to" while wearing the identified hearing protection.

### vii. Interrogatory No. 52

Plaintiff objects to Defendants' references to Rule 26 Initial Disclosures as irrelevant, in light of the Parties' stipulations regarding discovery in this matter. Plaintiff further objects to Defendants' mischaracterizations in and of Ms. Branscome's April 14, 2020 letter to Mr. Aylstock. *See* Ltr. at 7. As the Response indicates, Plaintiff's damages will be the subject of forthcoming expert proofs and calculations, which Defense Counsel knows are not available to Plaintiff at this stage in the litigation.

Plaintiff intends to supplement this response through the course of discovery and to the extent that he is able to do so based upon his personal knowledge.

### viii. Interrogatory Nos. 55-57

3M asserts that Plaintiff failed to provide the requested information related to claims Plaintiff may make related to lost earnings. Again, 3M made no effort to address any of Plaintiff's objections to these interrogatories. In particular, Plaintiff objected on the ground that these interrogatories are premature, and that the amount of Plaintiff's lost earnings and impairment in earning capacity attributable to Plaintiff's injury will be the subject of forthcoming expert proofs and are subject to the expert deadlines set by the Court.

June 29, 2020

Although Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, Plaintiff will supplement to the extent that he is able and based upon his personal knowledge.

### ix. Additional Interrogatories (38, 64)

Plaintiff anticipates supplementing these responses.

### III. Document Requests

3M generally requests that Plaintiff certify the completeness of Plaintiff's production and compliance with the terms of PTO No. 10 and PTO 42. Plaintiff intends to comply with those orders.

3M requests that Plaintiff provide a privilege log complying with Judge Jones' June 11, 2020 Order. *See* Dkt. 1172 at 10. Plaintiff will provide a compliant privilege log.

### a. Scope of Responsive Production (RFPs 1, 2, 6, 43, 47, 48)

With regard to several of Plaintiff's Responses to RFPs, Defense Counsel requests confirmation "that Plaintiff is not withholding any non-privileged material responsive to this Request on the grounds of any of the objections asserted." See Wasdin Ltr. at 10-11.

Plaintiff's Responses are clear in identifying those portions of Defendants' RFPs that are beyond the proper scope of discovery, and in describing the scope of the search Plaintiff will conduct and the documents Plaintiff will produce. Despite repeating this question, Defendants (i) do not identify any language in Plaintiff's response that Defendants take issue with; and (ii) do not identify any materials that Defendants believe exist and are responsive and unproduced.

To the extent Defendants require additional explanation of the scope of Plaintiff's production, Plaintiff's Counsel stands ready to answer Defense Counsel's questions, if any, when they are articulated. Similarly, to the extent Defendants identify specific responsive documents they believe are being withheld, or specific categories of responsive documents they believe are being withheld, Plaintiffs welcome the opportunity to discuss Defendants' proposals for methods of identifying and producing those documents.

Sincerely,

/s/ Katherine Cornell

Katherine Cornell
**PULASKI LAW FIRM, PLLC**
2925 Richmond Ave., Ste 1725
Houston, TX 77098

June 29, 2020

Email: kcornell@pulaskilawfirm.com
T: (713) 644-4555

*Counsel for Luke Estes*