# Exhibit 8

<div align="center">

**UNITED STATES DISTICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

</div>

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS                          CASE NO. 3:19-MD-2885
LIABILITY LITIGATION


<div align="center">

**PLAINTIFF LEWIS KEEFER'S SUPPLEMENTAL RESPONSE TO DEFENDANT 3M'S**
**FIRST SET OF INTERROGATORIES TO LEWIS KEEFER**

</div>

TO:     Defendant 3M Company ("3M"), through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654.

COMES NOW, Plaintiff, **Lewis Keefer**, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Supplemental Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change these responses.

<div style="margin-left: 40%">

Respectfully submitted,
**LEVIN PAPANTONIO THOMAS**
**MITCHELL RAFFERTY & PROCTOR, PA**

*/s/ W. Troy Bouk*
W. Troy Bouk, FL Bar No. 43384
tbouk@levinlaw.com
316 S. Baylen St., Suite 400
Pensacola, FL 32502
Telephone: (850) 435-7155
Facsimile: (850) 435-7020

*Attorneys for Plaintiff Lewis Keefer*

</div>

DATED:  July 7, 2020

## GENERAL OBJECTIONS

Plaintiff objects generally to Defendant's First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserve:

    a.    All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

    b.    Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

    c.    Plaintiff's right at any time to revise, correct, add to, or clarify any of their responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means,

including information contained in and submitted via the Plaintiff's Census Questionnaire; or (4) which is not relevant to any party's claim or defense and not proportional to the needs of the case.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the

information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any records requested and/or released from the Department of Veterans' Affairs and/or the Department of Defense and/or otherwise received by counsel and reviewed by Plaintiff.

_____

<u>**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**

Identify All Persons who have knowledge of or information concerning the Allegations in the Master Long Form Complaint, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the Allegation in the Master Long Form Complaint," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

Plaintiff objects to this Interrogatory as disproportionate to the extent it seeks information already known to all Parties, including information reflecting Plaintiff's personal knowledge as reflected elsewhere in these Interrogatories. Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Long Form Complaint contains Plaintiff's allegation that used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant,

including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Long Complaint contains Plaintiff's allegation that he suffers hearing loss or tinnitus. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Master Long Form Complaint contains nearly five hundred paragraphs alleging in detail Defendants' decades of misconduct in the design, testing, marketing, and sale of the CAEv2. The Master Long Form Complaint includes allegations regarding matters of public record, which may be known to any person. The Master Long Form Complaint also includes allegations regarding the conduct and mental state of Defendants and their agents, with regard to which Defendants have full knowledge, and Plaintiff only the information divulged by Defendants in the course of discovery. The Persons with knowledge concerning the vast majority of the Allegations in the Master Long Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response identify those Persons.

Plaintiff objects that the majority of the allegations in the Complaint were developed in Counsel's investigation or in discovery, and that Plaintiff therefore does not have personal knowledge with regard to those facts. Plaintiff states that Plaintiff's personal knowledge is limited to Plaintiff's receipt and use of the CAEv2, Plaintiff's exposure to Defendants' misrepresentations regarding the CAEv2, and Plaintiff's subsequent auditory injury.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff's Counsel nevertheless identifies the following individuals as Persons who have knowledge or information concerning the Allegations in the Master Long Form Complaint. To the extent Plaintiff's Counsel is aware of relevant deposition testimony given by an individual reflecting such information or knowledge, Plaintiff has identified the date(s) of those depositions. Plaintiff's Counsel also provides summaries of the information and knowledge that document discovery has revealed to date with regard to each individual. Such summaries are not intended to narrow or otherwise limit the facts about which each listed individual has knowledge or information, which facts have been revealed to all Parties in the course of discovery, and may be further expanded as discovery continues:

| Person | Deposition Date(s) | Role, Knowledge, Information |
| --- | --- | --- |
| Adams, Lindsay | N/A | Sales and Marketing of CAEv2 |
| Anthony, Marc | N/A | Contracting Officer, Defense Logistics Agency; Military Procurement of CAEv2 |
| Augustine, Rick | N/A | Military Procurement of CAEv2 |
| Babeu, Lorraine | 3/10/2020 (MDL) | Lieutenant Colonel, U.S. Army (retired); Audiologist; lack of specifications for the CAEv2 |
| Bair, Jeffrey | N/A | Sales and Marketing of CAEv2, Instructions and Packaging of CAEv2 |
| Bealer, Joel | N/A | Commander, U.S. Navy (ret.); Former Deputy Director of Safety and Occupational Health, Bureau of Medicine and Surgery; Military Testing of CAEv2, Military Procurement of CAEv2 |
| Berger, Elliott | 4/2/2013 (Moldex I); 10/8/2015 (Moldex II); 11/12/2019 (MDL) 11/13/2019 (MDL) 12/10/2019 (MDL) 12/11/2019 (MDL) | Audiologist and co-inventor of CAEv2; Testing and Development of the CAEv2, lack of specifications for the CAEv2, Instructions for the CAEv2, interactions between Defendants and military regarding CAEv2 |
| Buccellato, Gina | N/A | Design and Testing of CAEv2 |
| Bushman, Julie | 10/20/2015 (Moldex II) | Head of Regulatory Affairs; Sales and Marketing of CAEv2 |
| Charton, Daryl | N/A | Sales and Marketing of CAEv2 |
| Cheek, Scott | N/A | Sales and Marketing of CAEv2 |
| Cimino, Mike | 12/11/2019 (MDL) | 3M Marketing Manager; Marketing and Sales of the CAEv2 |
| Clingman, John | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Coleman, Jennifer | 3/3/2020 (MDL) | Defendants' fraud on the U.S. Government relating to the CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Colston, Mary | N/A | Design and Testing of CAEv2 |
| Doty, Marc | N/A | Testing and Development of CAEv2 |
| Dugan, Latricia ("Trisha") | N/A | Administrative assistant to Gary Warren |
| Dunn, Christine | N/A | Instructions and Packaging for the CAEv2 |
| Edwards, Mike | N/A | Sales and Marketing of CAEv2 |
| Falco, Robert ("Bob") | 2/11/2020 (MDL) 2/12/2020 (MDL) | Design Engineer and Co-Inventor of CAEv2, Testing and Development of the CAEv2, Instructions for the CAEv2 |
| Fallon, Eric | N/A | Sales and Marketing of the CAEv2 |
| Foley, George | N/A | Sales and Marketing of CAEv2, Military Procurement of CAEv2 |
| Franks, John R. | 2/17/2016 (Moldex II) | Defective design of CAEv2 |
| Gatica, Albert | N/A | Supervisor, Defense Logistics Agency; Military Procurement of CAEv2, Military Specifications for CAEv2 |
| Gavin, Frank | 1/29/2020 (MDL) | Director of Government Sales; Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Geier, Tom | N/A | Military Procurement of CAEv2 |
| Grannis, Vaughn B. | N/A | Sales and Marketing of CAEv2 |
| Hager, Lee | N/A | Instructions and Packaging for CAEv2 |
| Hamer, Jeffrey ("Jeff") | 10/17/2015 (Moldex II); 12/18/2019 (MDL) | EARcal Lab Supervisor; Testing and Development of the CAEv2 |
| Harrison, Michael ("Mike") | N/A | Sales and Marketing of CAEv2 |
| Hobbs, Brian | N/A | Supervisory Audiologist, Navy and Marine Corps Public Health Center; Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jokel, Chuck | N/A/ | Noise Control Engineer, U.S. Army Hearing |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | | Program; Military Procurement of CAEv2, Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jones, Jason | N/A | Sales and Marketing of CAEv2 |
| Jurney, John | N/A | Design and Testing of CAEv2, Manufacturing and Quality Assurance of CAEv2 |
| Kieper, Ronald W. | 10/9/2015 (Moldex II) 12/19/2019 (MDL) 12/20/2019 (MDL) | EARcal Laboratory Acoustic Technician; Testing and Development of the CAEv2 |
| Kladden, Cynthia ("Cyd") | 1/31/2020 (MDL) | Technical Secretary; Testing and Development of CAEv2, Instructions for the CAEv2, Labeling of CAEv2 |
| Klun, Robert ("Bob") | N/A | Testing and Development of CAEv2 |
| Knauer, Richard ("Dick") | 12/17/2019 (MDL) | EARcal Laboratory Supervisor; Testing and Development of the CAEv2 |
| Komada, John | N/A | Military Procurement of CAEv2 |
| Kronzer, Joseph | N/A | Testing and Development of CAEv2 |
| LaValle, Tom | N/A | Military Procurement of CAEv2 |
| Levinson, Eric | 9/30/2015 (Moldex II) | Testing and Development of the CAEv2 |
| Little, Frank | N/A | Sales and Marketing of CAEv2 |
| Madison, Ted | 12/10/2019 (MDL) | 3M Hearing Technical Specialist; Instructions and Packaging for CAEv2, Testing and Development of CAEv2, Regulations for Hearing Protection Devices |
| Martinez, Rafael | N/A | Manufacturing and Quality Assurance for CAEv2 |
| McGinley, Brian S. | 4/2/2013 (Moldex I) 12/20/2019 (MDL) | Business Director for Hearing Protection; Marketing and Sales of the CAEv2 |
| McNamara, Timothy K. | 3/11/2020 (MDL) | Sales Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Merkley, John | 2/26/2020 (MDL) | Lieutenant Colonel, U.S. Army; Audiologist; |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| | | Military hearing protection needs, Military interactions with Defendants regarding the CAEv2. |
| Michael, Kevin L. | 10/29/2015 (Moldex II) | Design and Testing of CAEv2 |
| Morris, Rick | N/A | Marketing and Sales of CAEv2 |
| Moses, Doug | 4/4/2013 (Moldex I) 20/21/2015 (Moldex II) 10/17/2019 (MDL) 12/5/2019 (MDL) 12/6/2019 (MDL) | CAEv2 Brand Manager; Marketing and Sales of the CAEv2 and Distribution of the CAEv2 |
| Murphy, Peter ("Pete") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Construction Marketing; Marketing and Sales of the CAEv2 |
| Myers, Brian | 9/29/2015 (Moldex II) 10/18/2019 (MDL) 12/12/2019 (MDL) 12/13/2019 (MDL) | CAEv2 Brand Manager; lack of specifications for CAEv2; Instructions and Packaging for the CAEv2; Marketing and Sales of the CAEv2, Testing and Development of the CAEv2 |
| Noblitt, April | N/A | Marketing and Sales of CAEv2, Instructions and Packaging for CAEv2 |
| Nostin, Ann | N/A | Marketing and Sales of the CAEv2 |
| Notter, Ronda E. | N/A | Marketing and Sales of the CAEv2 |
| Ohlin, Doug | 5/24/2013 (Moldex I) | Civilian Military Audiologist, 3M Consultant; Design and Testing of CAEv2, Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Pawlowski, Walter C. | 10/23/2015 (Moldex II) | Marketing, Sales and Distribution of CAEv2, Military Procurement of CAEv2 |
| Ramirez, Selina | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Robinette, Marty | N/A | Colonel, Hearing Center of Excellence; Design and procurement of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Rosen, Gilad | N/A | Procurement of CAEv2; testing of CAEv2; Defendants' fraud on the U.S. Government |
| Saleem, Mohammed | N/A | Design and Testing of CAEv2 |
| Salon, Martin ("Marty") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Military Sales; Marketing and Sales of the CAEv2 |
| Santoro, Mark | 12/3/2019 (MDL) | Brand Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Savage, David ("Dave") | N/A | Sales and Marketing of CAEv2 |
| Schott, Brian | N/A | Chief of DLA Medical Surgical Manufacture Division |
| Shaver, Annette | N/A | Instructions and Packaging for CAEv2, Testing and Development of CAEv2 |
| Sidor, Thomas | N/A | Contracting Officer, DLA; Government Procurement of the CAEv2 |
| Smith, Pegeen | N/A | Sales and Marketing of CAEv2, Instructions and Packaging for CAEv2 |
| Spahn, Kevin | N/A | Instructions and Packaging for CAEv2 |
| Stergar, Michael ("Mike") | N/A | Design and Testing of CAEv2 |
| Stobbie, Chuck W. | N/A | Sales and Marketing of CAEv2 |
| Throndsen, Ron | N/A | Sales and Marketing of CAEv2 |
| Todor, Steve | N/A | Testing and Development of CAEv2, Manufacturing and Quality Assurance for CAEv2 |
| Tomson, Tom | N/A | Sales and Marketing of CAEv2 |
| Tremblay, Julie | 12/9/2019 (MDL) | Head of Regulatory Affairs; Regulations for Hearing Protection Devices, Instructions and Packaging for the CAEv2 |
| van de Werken, Philip | N/A | Sales and Marketing of CAEv2 |
| Viele, David A. | N/A | Instructions and Packaging for CAEv2 |

11

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Warren, D. Garrad ("Gary") | 1/23/2020 (MDL) | President of Aearo North American Safety Products Group; Marketing and Sales of the CAEv2 |
| Wells, Lauraine ("Laurie") | N/A | Regulations for Hearing Protection Devices, Instructions and Packaging for CAEv2 |
| Zielinski, Robert ("Bob") | N/A | Manufacturing and Quality Assurance of CAEv2, Military Procurement of CAEv2 |

Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 2:**

Identify All Persons who have knowledge of or information concerning the Allegations in Your Master Short Form Complaint, including Any amendments thereto, and State All facts about which they have knowledge Or information.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the Allegation in the Master Short Form Complaint," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.  Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all

Parties.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Short Form Complaint adopts by reference all allegations set forth in the Master Long Form Complaint. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, Plaintiff refers Defendants to Plaintiff's Response to Interrogatory No. 1.

The Master Short Form Complaint contains Plaintiff's allegation that used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Form Complaint contains Plaintiff's allegation that he suffers hearing loss and tinnitus.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The remaining portions of the Master Short Form Complaint consist of basic information regarding Lewis Keefer.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's allegations regarding Plaintiff's name, spouse, and residence, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Persons with knowledge concerning the vast majority of the Allegations in the Master Short Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response identify those Persons. Plaintiff reserves all rights to amend this response as discovery develops. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff's Name:      Lewis Keefer

c/o W. Troy Bouk

Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA

316 S. Baylen Street, Suite 600

Pensacola, Florida 32502

**INTERROGATORY NO. 3:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Initial Census Questions, including Any amendments thereto, and State All facts about which they have knowledge Or information.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the statements that You made in the Initial Census Questions," which is vague would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties or outside of Plaintiff's personal knowledge. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.  Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Initial Census Questions seek basic information regarding Plaintiff's military service, military occupation specialty, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.   To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's

service, Plaintiff's occupation specialty, or Plaintiff's assignment to various duty stations, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Initial Census Questions seek some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Initial Census Questions seek information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses, and Plaintiff's awareness of Plaintiff's injury. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, 60.

The remaining portions of the Initial Census Questions consist of basic information regarding Lewis Keefer. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's state of residence and duration of residence there, the identity of the law firm representing Plaintiff, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

Plaintiff reserves all rights to amend this response as discovery develops, including subsequent to the completion of the Government's collection and production of records from sources including the VA and DOD. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

> Plaintiff's Name:   Lewis Keefer
> c/o W. Troy Bouk
> Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
> 316 S. Baylen Street, Suite 600
> Pensacola, Florida 32502

**INTERROGATORY NO. 4:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet, including Any amendments thereto, and State All facts about which they have knowledge or information.

15

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, and disproportional to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons" who have "knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet," which would unnecessarily burden Plaintiff by requiring Plaintiff to provide the identities of, for example, all Defendant ESI custodians, all deponents, all third-party subpoena recipients, and other information equally available to both Parties. As written, this Interrogatory also seeks identification of every individual with whom Plaintiff served in the Armed Forces at any time, which is not only unreasonably burdensome but also seeks information beyond Plaintiff's personal knowledge. As written, this Interrogatory also seeks "All facts" about each individual's undefined knowledge, which, would require Plaintiff to provide significant information outside of his personal knowledge. Plaintiff objects to this interrogatory to the extent that it seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5).

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would purport to require Plaintiff to identify anything other than facts.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff objects to this Interrogatory to the extent it is an improper use of the Bellwether Selection Sheet, including in that the Bellwether Selection Sheet is not a discovery device, and its use was restricted to the Bellwether Selection process. Plaintiff also objects to this Interrogatory to the extent it mischaracterizes information in the Bellwether Selection Sheet as "statements that Lewis Keefer made," despite that the contents of the Bellwether Selection Sheet were not affirmed by Plaintiff.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their

knowledge, concerning the dates of Plaintiff's service, or Plaintiff's assignment to various duty stations, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Bellwether Selection Sheet seeks some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2, the model of CAEv2 that Plaintiff used, and any related instructions or fitting processes.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Bellwether Selection Sheet seeks information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses and treatments, and Plaintiff's awareness of Plaintiff's injury.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's exposure to noise, machinery, and weapons in the course of Plaintiff's military service.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 5, 6, 30, 33, 35, 36, 37, 38, 39, and 48.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's average annual income.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 53, 55, 56, and 57.

The Bellwether Selection Sheet seeks basic demographic information regarding Lewis Keefer.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's spouse, Plaintiff's spouse's date of birth, Plaintiff's state of residence, Plaintiff's gender, or the identity of the law

17

firm representing Plaintiff, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

Plaintiff reserves all rights to amend this response as discovery develops. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

> Plaintiff's Name:    Lewis Keefer
>
> c/o W. Troy Bouk
>
> Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
>
> 316 S. Baylen Street, Suite 600
>
> Pensacola, Florida 32502

**INTERROGATORY NO. 5:**

Identify All Persons who served with You in the military that were present when You fired weapons in training Or combat.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory seeks information regarding "All Persons who served with You in the military that were present when You fired weapons in training or combat," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope.

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving said objections, the following people served in the military with me, and were present when I fired weapons in training:

- ████████████ - served in the military and was present Stationed at Ft. Benning for 3 years but did not deploy to Iraq together. Mr. ████████ wore the earplugs with him during training and live fire exercises.

- ████████████ – Stationed together in Ft. Benning and Iraq. Mr. ████████ would have knowledge because he used the same 3M Combat Arms earplugs.

- ████████████ – Stationed together in Hawaii - they used the 3M Combat Arms earplugs while training in Hawaii at the range, during live fire exercises, and while in the aircraft as secondary ear protection (under headphones).

- ████████████ – Stationed together in California during which time they used the 3M Combat Arms earplugs.

- ████████████ – Served together in Iraq as well as Ft. Benning. Most of their interaction occurred in Iraq.

I cannot recall everyone who I served with in the military that were present when I fired weapons in training or combat.

Plaintiff reserves the right to amend his response as discovery develops.

**INTERROGATORY NO. 6:**

Identify All Persons who have knowledge of whether Or not You wore a Hearing Protection Device when exposed to loud noises in the military, including loud noises from weapons fire And transport vehicles.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, it seeks information regarding "All Persons who have knowledge of whether or not Your wore a Hearing Protection Device when exposed to loud noises in the military," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation. As written, this Interrogatory also seeks significant information beyond his personal knowledge: specifically, Plaintiff has no personal knowledge as to what knowledge or information any person other than himself/herself, possesses. Plaintiff objects on the ground that this interrogatory lacks specificity, fails to contain any limits as to time or scope, and to the extent that "loud noises" is vague, ambiguous, and unclear, and as Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education,

experience, or training to make determinations regarding the volume or pressure of sound or otherwise. See Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory presupposes that all "weapons fire" and "transport vehicles" create or cause "loud noise."

Plaintiff objects to this Interrogatory as disproportional and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving said objections, Plaintiff states that the following people have knowledge of my use of hearing protection during exposure to loud noises in the military:

• ███████████ - Stationed together at Ft. Benning for 3 years but did not deploy to Iraq together. Mr. ██████ wore the earplugs with him during training and live fire exercises.

• ███████████ – Stationed together in Ft. Benning and Iraq. Mr. ██████ would have knowledge because he used the same 3M Combat Arms earplugs.

• ███████████ – Stationed together in Hawaii - they used the 3M Combat Arms earplugs while training in Hawaii at the range, during live fire exercises, and while in the aircraft as secondary ear protection (under headphones)

• ███████████ – Stationed together in California during which time they used the 3M Combat Arms earplugs.

• ███████████ – Served together in Iraq as well as Ft. Benning. Most of their interaction occurred in Iraq.

Plaintiff reserves the right to amend this response as discovery develops.

**<u>INTERROGATORY NO. 7</u>:**

Identify All Persons who were present when You fired any weapon recreationally, including hunting Or target shooting.

20

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate. As written, it asks Plaintiff to "Identify All Persons who were present when You fired any weapon recreationally," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation, and would require Plaintiff to provide information beyond his personal knowledge. Plaintiff further objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope. Plaintiff further objects to this request on the ground that it improperly presumes that Plaintiff fired any weapon recreationally. Plaintiff objects to this interrogatory because it seeks information that is not relevant, including seeking information unrelated to the product at issue and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to and without waiving the foregoing objections, Plaintiff answers as follows: I cannot recall anyone who was present when I fired any weapon recreationally. I have not participated in hunting or recreational target shooting since turning 16 years of age.

**INTERROGATORY NO. 8:**

Identify All Persons with whom You have discussed your hearing loss Or tinnitus, And, for Each, State whether the discussion was verbal Or written And the date(s) the discussion took place.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory would require Plaintiff to "Identify All Persons with whom You have discussed your hearing loss or tinnitus" which would require Plaintiff to potentially identify dozens of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope. Plaintiff objects to this interrogatory to the extent it seeks information irrelevant to the claims and defenses in this matter, including the medium in which Plaintiff communicated about Plaintiff's injury. Plaintiff objects to this interrogatory to the extent that it seeks information by the applicable attorney-client and attorney work product privileges. Fed. R. Civ. P. 26(b)(5).

Subject to and without waiving the foregoing objections, I only had discussions regarding my hearing loss and tinnitus with the people listed immediately below.  Plaintiff states that

discussions with the people listed below were verbal. Plaintiff does not recall the exact dates of those discussions but recalls those conversations occurred between 2009 and 2019.

- Doctor(s) who examined Mr. Keefer during and subsequent to Mr. Keefer's military service.  Plaintiff does not recall their names.
- ██████████
- ██████████

Plaintiff cannot recall all people who he may have discussed his hearing loss and/or tinnitus with, but reserves the right to amend his response as discovery develops.

**INTERROGATORY NO. 9:**

Identify All health care professionals, physicians, audiologists, military Or occupational nurse Or other hygienist, treating facilities, clinics, therapists, And/Or other medical facilities Or providers that have examined Your ears and/or hearing, including the date of the examination, Any diagnoses made regarding Your hearing Or ears, And Any recommendations made regarding Your hearing Or ears.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "examine," "examination," "diagnoses made," and "recommendations made" and that it fails to contain limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects to this interrogatory on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  Information responsive to this Interrogatory is most easily gleaned from document productions made pursuant to those releases and authorizations, including:

███ ██████████████
███ ████████████
███ ████████████████████████████
███ ██████████
███ ████████████████
███ ██████████████

Plaintiff also identifies the following health care providers and medical facilities involved in the examination and/or diagnosis of Plaintiff's hearing or ears, the dates of such examinations, as well as recommendations made.

**Provider:** ████████████

    Location: Cleveland MEPS

    Mailing Address: ████████████████████████████

    Telephone: ████████████

    Dates:  03/02/2007

    Recommendation:  No diagnosis present.

**Provider:** ████████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ████████████████████

    Telephone: ████████████

    Dates: 03/29/2007

    Recommendation: No diagnosis listed. Per DD2215E dated 03/29/2007.  Results do not meet referral criteria.

**Provider:** ████████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ████████████████████

    Telephone: ████████████

    Date: 10/10/2007

    Recommendation: No diagnosis Listed.

**Provider:** ████████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ████████████████████

Telephone: (███████████

Dates: 10/27/2008

Diagnosis:  Referred for repeat hearing test. Positive Significant threshold shift noted in left ear on box "d" of DD2216E dated 10/27/2008.

**Provider:** ███████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████████

Telephone: (███████████

Dates: 10/28/2008

Diagnosis:  Per audiometry DD2216 dated on 10/28/2008 with H1 on follow-up #1 shows no STS. Counseled on findings and to repeat audio in one year.

**Provider:** ███████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████████

Telephone: ███████████

Dates: 02/26/2009

Diagnosis: No threshold shift detected per box "d" of DD2216.

**Provider:** ███████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████████

Telephone: ███████████

Dates: 06/16/2009

Diagnosis: Positive Significant Threshold shift detected in the left ear, per box "d" of DD2216 dated 06/16/2009.

**Providers:** ███████████████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████████

Telephone: ███████████

Dates: 07/06/2010, 07/09/2010

Diagnosis: Positive Significant Threshold Shift detected in left ear per DD2216 dated 07/06/2010.  Referred to audiologist.

**Provider:** ██████████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ████████████████████████████

    Telephone: (████████████

    Dates: 07/13/2010

    Diagnosis: Mild Bilateral SNHL, 8K in the Right Ear and 2,3 &8K in the left ear.

**Provider:** ██████████████

    Location: TAMC, HI, Schofield Barracks

    Mailing Address: ████████████████████████████

    Telephone: ████████████████████

    Dates: 08/16/2011

    Diagnosis: No Threshold shift detected in box "d" of DD2216.

**Provider:** ██████████████

    Location TAMC, HI, Schofield Barracks

    Mailing Address: ████████████████████████████

    Telephone: ████████████████████

    Dates: 12/12/2012

    Diagnosis: Positive Significant Threshold shift detected in left ear per box "d" of DD2216 dated 12/12/2012.

**Provider:** ██████████████

    Location: TAMC, HI, Schofield Barracks

    Mailing Address: ████████████████████████████

    Telephone: ████████████████████

    Dates: 10/10/2013

    Diagnosis: Positive Significant threshold shift in the left ear per box "d" on DD2216 dated 10/10/2013.

**Provider:** ████████████████

    Location: TAMC, HI, Schofield Barracks

    Mailing Address: ████████████████████████████

    Telephone: (████████████████

    Dates: 10/21/2013

    Diagnosis: Permanent Significant threshold shift detected in the left ear, per "Remarks"

25

section on DD2216 dated 10/21/2013.

**Provider:** ███████████████

    Location: TAMC, HI, Schofield Barracks

    Mailing Address: ████████████████████████████

    Telephone: ██████████████████

    Dates: 08/20/2014

    Verbal & Written

    Diagnosis:  No Threshold shift detected in box "d" of DD2216.

**Provider:** ███████████████

    Location: Oklahoma City VAMC

    Mailing Address: █████████████████████████

    Telephone: ████████████

    Dates: 09/09/2015

    Verbal & Written

    Diagnosis:  Sensorinueral hearing loss (in the frequency range of 6000 Hz or higher frequencies) in the right ear. Sensorinueral hearing loss (in the frequency range of 500-4000Hz) in the left ear.

    (From VA records)

    Plaintiff cannot recall all health care providers and medical facilities, who may have examined his hearing loss and/or tinnitus, but reserves the right to amend his response as discovery develops.

**INTERROGATORY NO. 10:**

    Identify All health care professionals, physicians, audiologists, military Or occupational nurses Or other hygienists, treating facilities, clinics, therapists, And/Or other medical facilities Or providers that have diagnosed You with the injury Or condition that You Allege was caused by Your use of the CAEv2, the injury Or condition that Each Person diagnosed You with And the date of the diagnosis.

**RESPONSE TO INTERROGATORY NO. 10:**

    Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury" and

"condition." Plaintiff objects to this discovery request as otherwise determinable through the medical records that have been or will be produced where the information is equally accessible to both parties. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that information responsive to this Interrogatory is most easily gleaned from document productions made pursuant to those releases and authorizations, including:



Plaintiff identifies the following health care providers and medical facilities that were involved in the diagnosis of the injury and conditions caused by Plaintiff's use of the CAEV2, as well as the their diagnosis and date of diagnosis.

**Provider:** █████████████

    Location: Cleveland MEPS

    Mailing Address: ████████████████████████████

    Telephone: ███████████

    Dates:  03/02/2007

    Recommendation:  No diagnosis present.

**Provider:** █████████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ██████████████████████

    Telephone: ██████████

Dates: 03/29/2007

Recommendation: No diagnosis listed. Per DD2215E dated 03/29/2007.  Results do not meet referral criteria.

**Provider:** ███████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████

Telephone: █████████████

Dates: 10/27/2008

Diagnosis:  Referred for repeat hearing test. Positive Significant threshold shift noted in left ear on box "d" of DD2216E dated 10/27/2008.

**Provider:** ███████████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████

Telephone: █████████████

Dates: 10/10/2007

Recommendation: No diagnosis Listed.

**Provider:** █████████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████

Telephone: █████████████

Dates: 10/28/2008

Diagnosis:  Per audiometry DD2216 dated on 10/28/2008 with H1 on follow-up #1 shows no STS. Counseled on findings and to repeat audio in one year.

**Provider:** ██████████s

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████

Telephone: █████████████

Dates: 02/26/2009

Diagnosis: No threshold shift detected per box "d" of DD2216.

**Provider:** ███████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ██████████████████████

Telephone: ████████████

Dates: 06/16/2009

Diagnosis: Positive Significant Threshold shift detected in the left ear, per box "d" of DD2216 dated 06/16/2009.

**Providers:** ████████████████████████

　　Location: Martin ACH, Fort Benning, GA

　　Mailing Address: ████████████████████████

　　Telephone: ████████████

　　Dates: 07/06/2010, 07/09/2010

　　Diagnosis: Positive Significant Threshold Shift detected in left ear per DD2216 dated 07/06/2010.  Referred to audiologist.

**Provider:** ████████████

　　Location: Martin ACH, Fort Benning, GA

　　Mailing Address: ████████████████████████

　　Telephone: ████████████

　　Dates: 07/13/2010

　　Diagnosis: Mild Bilateral SNHL, 8K in the Right Ear and 2,3 &8K in the left ear.

**Provider:** ████████████

　　Location: TAMC, HI, Schofield Barracks

　　Mailing Address: ████████████████████████

　　Telephone: ████████████████

　　Dates: 08/16/2011

　　Diagnosis: No Threshold shift detected in box "d" of DD2216.

**Provider:** ████████████

　　Location TAMC, HI, Schofield Barracks

　　Mailing Address: ████████████████████████

　　Telephone: ████████████████

　　Dates: 12/12/2012

　　Diagnosis: Positive Significant Threshold shift detected in left ear per box "d" of DD2216 dated 12/12/2012.

**Provider:** ████████████

　　Location: TAMC, HI, Schofield Barracks

Mailing Address: █████████████████████

Telephone: ████████████████

Dates: 10/10/2013

Diagnosis: Positive Significant threshold shift in the left ear per box "d" on DD2216 dated 10/10/2013.

**Provider:** ████████████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████

Telephone: (███████████████

Dates: 10/21/2013

Diagnosis: Permanent Significant threshold shift detected in the left ear, per "Remarks" section on DD2216 dated 10/21/2013.

**Provider:** ████████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████

Telephone: (███████████████

Dates: 08/20/2014

Verbal & Written

Diagnosis:  No Threshold shift detected in box "d" of DD2216.

**Provider:** ████████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████

Telephone: ████████████

Dates: 09/09/2015

Verbal & Written

Diagnosis:  Sensorinueral hearing loss (in the frequency range of 6000 Hz or higher frequencies) in the right ear. Sensorinueral hearing loss (in the frequency range of 500-4000Hz) in the left ear.

(From VA records)

**Provider:** ████████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████

Telephone: (███████████

Dates: 08/05/2015

Diagnosis: ████████████████████████████████████████
████████████████████████████████████

**Provider:** ████████████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████████████

Telephone: ████████████

Dates: 09/23/2016

Diagnosis: ████████████████████████

Diagnosis: ████████████████████

**Provider:** ████████████

Date: 09/01/2017

Location: Oklahoma City VAMC

Mailing Address: ████████████████████████

Telephone: ████████████

Condition: ████████████████████

**Provider:** ████████████

Date: 09/01/2017

Location: Oklahoma City VAMC

Mailing Address: ████████████████████████

Telephone: ████████████

Condition: ██████████████

Plaintiff cannot recall any additional health care providers and medical facilities who may have diagnosed his injuries and conditions caused by Plaintiff's use of the CAEV2, nor the dates of any such diagnosis, but reserves the right to amend his response as discovery develops.

**INTERROGATORY NO. 11:**

Identify All audiograms, tympanograms, speech reception tests Or Any other hearing-related test results, medical records, hearing aid referrals Or prescriptions, Or other Documents that identify the injuries that You Allege were caused by the CAEv2, including the date(s) of those audiograms, tympanograms, speech reception tests Or Any other hearing-related test results, medical records, hearing aid referrals Or prescriptions, And/Or other Documents, the entity that

generated those records, And the injury Identified in those records.

**RESPONSE TO INTERROGATORY NO. 11:**

      Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it seeks information regarding "any other hearing-related test results, medical records…prescriptions [and] other documents." Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff.

      Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: My test results, records, referrals, prescriptions and documents pertaining to the injuries caused by the CAEv2 are recorded in the medical records produced through MDL-Centrality.

      Plaintiff identifies the following tests, records and documents that identify the injuries caused by Plaintiff's use of the CAEV2, including the dates of such tests, and the entity that generated those records, as well as the injury identified in those records.

**Tests, Records and Documents:**

- DOD Touhy Response – DD2216E – 07/06/2010 C/o 03/29/2007 – █████████████
- DOD Touhy Response – DD2216E – 10/10/2007 C/o 03/29/2007 – █████████████
- DOD Touhy Response – DD2216E – 10/10/2013 C/o 03/29/2007 – █████████████ ████
- DOD Touhy Response – DD2216E – 12/12/2012 C/o 03/29/2007 – ████████████
- DOD Touhy Response – DD2216E – 08/16/2011 C/o 03/29/2007 – ███████████
- DOD Touhy Response – DD2216E – 06/16/2009 C/o 03/29/2007 – ██████████
- DOD Touhy Response – DD2216E – 08/20/2014 C/o 03/29/2007 – ████████████
- DOD Touhy Response – DD2215E – Reference Audiogram – R: 03/29/2007 ██████ ████   L: 10/27/2013 (████████████████████
- DOD Touhy Response – DD2216E – 10/21/2013 C/o 03/29/2007 – █████████████ ███████████

- DOD Touhy Response – DD2216E – 10/21/2013 C/o 03/29/2007 – ██████████
  ██████████

- DOD Touhy Response – DD2216E – 02/26/2009 C/o 03/29/2007 – ██████████

- DOD Touhy Response – DD2216E – 10/27/2008 C/o 03/29/2007 – ██████████

- DOD Touhy Response – DD2216E – 10/28/2008 C/o 03/29/2007 – ██████████
  ██████

- DOD Touhy Response – DD2215E – Reference Audiogram 03/29/2007 – ██████
  ████

- DOD Touhy Response – Service Treatment Records

- VA Touhy Response – VHA Records

**Entity generating records and Diagnosis:**

**Provider:** ██████████

    Location: Cleveland MEPS

    Mailing Address: ██████████

    Telephone: ██████

    Dates:  03/02/2007

    Recommendation:  No diagnosis present.

**Provider:** ██████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ██████████

    Telephone: ██████

    Dates: 03/29/2007

    Recommendation: No diagnosis listed. Per DD2215E dated 03/29/2007.  Results do not meet referral criteria.

**Provider:** ██████████

    Location: Martin ACH, Fort Benning, GA

    Mailing Address: ██████████

    Telephone: ██████

    Dates: 10/10/2007

    Recommendation: No diagnosis Listed.

**Provider:** ██████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████████

Telephone: ██████████

Dates: 10/27/2008

Diagnosis:  Referred for repeat hearing test. Positive Significant threshold shift noted in left ear on box "d" of DD2216E dated 10/27/2008.

**Provider:** ██████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████████

Telephone: (██████████

Dates: 10/28/2008

Diagnosis:  Per audiometry DD2216 dated on 10/28/2008 with H1 on follow-up #1 shows no STS. Counseled on findings and to repeat audio in one year.

**Provider:** ██████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████████

Telephone: ██████████

Dates: 02/26/2009

Diagnosis: No threshold shift detected per box "d" of DD2216.

**Provider:** ██████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████████

Telephone: ██████████

Dates: 06/16/2009

Diagnosis: Positive Significant Threshold shift detected in the left ear, per box "d" of DD2216 dated 06/16/2009.

**Providers:** ████████████████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████████

Telephone: ██████████

Dates: 07/06/2010, 07/09/2010

Diagnosis: Positive Significant Threshold Shift detected in left ear per DD2216 dated

07/06/2010.  Referred to audiologist.

**Provider:** ██████████████

Location: Martin ACH, Fort Benning, GA

Mailing Address: ████████████████████████

Telephone: ████████████

Dates: 07/13/2010

Diagnosis: Mild Bilateral SNHL, 8K in the Right Ear and 2,3 &8K in the left ear.

**Provider:** ██████████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████████

Telephone: (████████████████

Dates: 08/16/2011

Diagnosis: No Threshold shift detected in box "d" of DD2216.

**Provider:** ██████████████

Location TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████████

Telephone: (████████████████

Dates: 12/12/2012

Diagnosis: Positive Significant Threshold shift detected in left ear per box "d" of DD2216
dated 12/12/2012.

**Provider:** ██████████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████████

Telephone: ████████████████

Dates: 10/10/2013

Diagnosis: Positive Significant threshold shift in the left ear per box "d" on DD2216 dated
10/10/2013.

**Provider:** ████████████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████████

Telephone: ████████████████

Dates: 10/21/2013

Diagnosis: Permanent Significant threshold shift detected in the left ear, per "Remarks" section on DD2216 dated 10/21/2013.

**Provider:** ██████████

Location: TAMC, HI, Schofield Barracks

Mailing Address: ████████████████████

Telephone: ████████████

Dates: 08/20/2014

Verbal & Written

Diagnosis:  No Threshold shift detected in box "d" of DD2216.

**Provider:** ████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████

Telephone: ██████

Dates: 09/09/2015

Verbal & Written

Diagnosis:   Sensorinueral hearing loss (in the frequency range of 6000 Hz or higher frequencies) in the right ear. Sensorinueral hearing loss (in the frequency range of 500-4000Hz) in the left ear.

**Provider:** ████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████

Telephone: ██████

Dates: 08/05/2015

Diagnosis: ██████████████████████████
████████████████████

**Provider:** ██████████

Location: Oklahoma City VAMC

Mailing Address: ████████████████

Telephone: ██████

Dates: 09/23/2016

Diagnosis: ████████████████

Diagnosis: ████████████

**Provider:** ▆▆▆▆▆▆▆▆

 Date: 09/01/2017

 Location: Oklahoma City VAMC

 Mailing Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

 Telephone: ▆▆▆▆▆▆

 Condition: ▆▆▆▆▆▆▆▆

**Provider:** ▆▆▆▆▆▆▆

 Date: 09/01/2017

 Location: Oklahoma City VAMC

 Mailing Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

 Telephone: ▆▆▆▆▆▆

 Condition: ▆▆▆▆▆▆▆

Plaintiff cannot recall any additional tests, records and documents that identify the injuries caused by Plaintiff's use of the CAEV2, nor the dates of any such additional tests, nor the entity that would have generated any such additional records, nor if any injury was identified in any such additional records, but reserves the right to amend his response as discovery develops.

## INTERROGATORY NO. 12:

If You received hearing tests, including but not limited to audiograms, tympanograms, speech reception tests Or Any other hearing test, while You served in the military, State the date(s) of the hearing test(s) And whether Or not Any hearing loss Or other hearing disorder was identified.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this discovery request as unreasonably cumulative or duplicative of the information sought by Defendants in the Census Form and Interrogatory No. 11., in that the information can be obtained from another source that is more convenient and less burdensome, namely from medical and/or service records which are or will be equally accessible to the Defendants through the authorization(s) provided by Plaintiff. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: Any information relating to hearing tests while I served in the military are recorded in the medical records produced through MDL-Centrality. While serving in the military, I received the following hearing tests, on the following dates, which collectively identify my hearing loss.

- DOD Touhy Response – DD2216E - 07/06/2010 C/o 03/29/2007 - ████████
- DOD Touhy Response – DD2216E – 10/10/2007 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 10/10/2013 C/o 03/29/2007 – ████████ ████
- DOD Touhy Response – DD2216E – 12/12/2012 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 08/16/2011 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 06/16/2009 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 08/20/2014 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2215E – Reference Audiogram – R: 03/29/2007 (████ ████ ) L: 10/27/2013 ████████
- DOD Touhy Response – DD2216E – 10/21/2013 C/o 03/29/2007 – ████████ ████████
- DOD Touhy Response – DD2216E – 10/21/2013 C/o 03/29/2007 – ████████ ████████
- DOD Touhy Response – DD2216E – 02/26/2009 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 10/27/2008 C/o 03/29/2007 – ████████
- DOD Touhy Response – DD2216E – 10/28/2008 C/o 03/29/2007 – ████████ ████████
- DOD Touhy Response – DD2215E - Reference Audiogram 03/29/2007 – ████████ ████
- DOD Touhy Response – Service Treatment Records
- VA Touhy Response – VHA Records

I do not recall receiving any additional hearing tests, the dates of any such additional hearing tests, or the results of any such additional hearing tests, while serving in the military. Plaintiff reserves the right to amend his response as discovery develops.

**INTERROGATORY NO. 13:**

Describe in detail the injuries Or conditions that You Allege were caused by Your use of the CAEv2, including but not limited to how the injuries Or conditions affect Your ability to communicate And understand conversations Or to detect, identify, localize And/Or otherwise hear And attend to auditory signals, acoustic alarms And/Or other relevant sounds in your environment.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury," or "condition," and further fails define or explain "detect, identify, localize" and "attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment." Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Plaintiff objects to the extent this Interrogatory calls for an expert opinion.  Plaintiff states that the details of his injuries and conditions of his hearing loss and tinnitus are included in the medical records provided on MDL-C.  Subject to and without waiving Plaintiff's General or Specific Objections, Plaintiff suffers from Sensorineural Bilateral Hearing Loss and Tinnitus. Plaintiff sometimes has difficulty hearing in a normal conversation in a quiet environment. Plaintiff sometimes has difficulty hearing conversations on the telephone. Also, Plaintiff hears noises, sounds, buzzing, and ringing in his ears. His tinnitus makes it difficult for him to fall asleep and causes him to have nightmares, anxiety and depression.

**INTERROGATORY NO. 14:**

Identify All hearing assistive devices, ear drops, Or any other devices, medications Or therapies that have been prescribed by Or recommended to You by a medical provider, including the date that You were prescribed, the name of the medical provider who prescribed such devices, And Any diagnoses made regarding Your hearing Or ears in prescribing such devices.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome, and vague, in part as it fails to define or explain "ear drops, or any other devices, medications or therapies," and further in that it fails to contain reasonable limitations as to time or scope. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the

purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I have never been prescribed hearing assistive devices, ear drops, or any other devices, medications, or therapies, by or recommended to me by a medical provider, in regards to my hearing or ears.

**INTERROGATORY NO. 15:**

If You have Any pain in Your ears, Describe in detail the pain that You experience, the frequency with which You experience the pain, the date on which the pain began, And the date on which You last experienced the pain.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "pain," and seeks information regarding "Any pain in Your ears," with no limitations as to time, scope, cause, types, or otherwise. As written, this Interrogatory would require Plaintiff to describe anything he subjectively views as pain in his ears for the entirety of his life exceeding a 30 year time span. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not experience pain in my ears.

**INTERROGATORY NO. 16:**

If You have a sensation of fullness Or pressure in one Or both of Your ears, Identify the ear(s) in which You have a sensation of fullness Or pressure, the date on which the sensation began, the frequency with which You experience such sensation, And the date on which You last experienced such sensation.

**RESPONSE TO INTERROGATORY NO. 16:**

 Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "a sensation of fullness or pressure in…Your ears," and otherwise seeks information with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

 Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not have a sensation of fullness or pressure in my ears.

**INTERROGATORY NO. 17:**

 If You have Any noises, sounds, buzzing, whooshing, Or ringing in Your ear(s), Describe the noises, sounds, buzzing, whooshing, Or ringing, including the date on which the sound began, the frequency with which You hear the sound, whether the sound fluctuates Or stays constant, whether the sound bothers You, whether the sound keeps You awake when trying to sleep, the date on which you last experienced such sound, And whether the sound is getting worse Or remaining approximately the same.

**RESPONSE TO INTERROGATORY NO. 17:**

 Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case. Plaintiff object to this Interrogatory to the extent it contains no limitations as to time, scope, or otherwise. As written, this Interrogatory asks Plaintiff to describe "any noises, sounds, buzzing, whooshing, or ringing in your ears…," which would include every sound or noise that Plaintiff hears, and therefore is overbroad, vague, and unclear. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I have a constant ringing, buzzing, and electrical sound in both ears which is quite loud and sounds similar to electrical lines in the summer. It began in approximately 2010. The constant noise I experience in my ears appears to be even louder when it is quiet and I am lying in bed. Although the ringing, buzzing, electrical sound is always present, the sound itself fluctuates slightly in both volume and pitch. The sound does bother me and causes me to have difficulty falling asleep at night. I also have trouble trying to engage in conversation because of it. It also causes me to have nightmares, anxiety and depression.  The sound has been gradually getting worse since getting back from deployment in 2010.

**INTERROGATORY NO. 18:**

If fluid drains from Your ears, Identify the ear(s) from which the fluid drains, the date on which You first noticed fluid draining, the frequency of such drainage, the date on which you last experienced such drainage, the color of the fluid, And whether the fluid has an odor.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "fluid" that "drains from Your ears," with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this Interrogatory as vague, ambiguous, unclear, and misleading to the extent it fails to define "fluid" and "drains." Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not have fluid drainage from my ears.

**INTERROGATORY NO. 19:**

If You have had ear surgery, Describe the surgery, including the date of the surgery And the doctor who performed the surgery.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, and unclear to the extent that it fails to define "surgery" or contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I have never had ear surgery.

**INTERROGATORY NO. 20:**

Describe Any prescription medications You take Or have taken to date, including the name of the medication, frequency And duration of taking each medication.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. As written, this request seeks "Any prescription medications You take or have taken to date," which would encompass all medications, not dependent on the type or reasoning prescribed, spanning the duration of Plaintiff's life. Plaintiff objects as this interrogatory fails to contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: The medications I have taken are recorded in the medical records produced through MDL-Centrality.  In the past year I have taken the following prescription

medications:



    Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 21:**

    Identify Any pharmacies at which you have filled prescription medications.

**RESPONSE TO INTERROGATORY NO. 21:**

    Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad, unduly burdensome, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

    Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  While serving in the military I filled all of my prescriptions at the clinics located at the bases where I was stationed. Since being discharged from the military I filled all of my prescriptions at the VA in Oklahoma City. The prescriptions are then sent to my address via mail. I do not recall any other Veteran's Affairs facilities at which I have filled prescriptions.  I may have filled a prescription at Grinnels Pharmacy ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 22:**

    If You have ever been diagnosed with Any medical condition Or disease, Identify the condition Or disease, the date of diagnosis, the diagnosing doctor, Any treatment prescribed, whether You were hospitalized, the date of hospitalization, if any, and whether You received IV antibiotics.

**RESPONSE TO INTERROGATORY NO. 22:**

    Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly

burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "medical condition or disease," and further to the extent it seeks information regarding "Any medical condition or disease" that Plaintiff was ever diagnosed with, and contains no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert conclusions that this interrogatory seeks. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: Any information relating to diagnoses, medical condition or disease is recorded in the medical records produced through MDL-Centrality.   Plaintiff has been diagnosed with the following conditions or diseases.  I have never received IV antibiotics.

**Provider:** ███████████

    Date: 09/01/2017

    Location: Oklahoma City VAMC

    Mailing Address: ████████████████████████

    Telephone: ██████████

    Condition: █████████████

    Treatment: Medication (non-antibiotic) prescribed

**Provider:** ███████████

    Date: 09/01/2017

    Location: Oklahoma City VAMC

    Mailing Address: ████████████████████████

    Telephone: ██████████

    Condition: █████████████

    Treatment: Medication (non-antibiotic) prescribed

**Provider:** ███████████

Date: 09/01/2017

Location: Oklahoma City VAMC

Mailing Address: ███████████████████████

Telephone: █████████████

Condition: ███████████████████

Treatment: Medication (non-antibiotic) prescribed

**Provider:** ███████████████

Date: 10/19/2015

Location: Oklahoma City VAMC

Mailing Address: ███████████████████████

Telephone: █████████████

Condition: Sleep Apnea

Treatment: Use of a CPAP machine

**Provider:** █████████████

Location: Oklahoma City VAMC

Mailing Address: ███████████████████████

Telephone: █████████████

Dates: 08/05/2015

Condition: ██████████████████████████████████

██████████████████████████████

**Provider:** ███████████████

Date: 03/31/2016

Location: Oklahoma City VAMC

Mailing Address: ███████████████████████

Telephone: █████████████

Condition: ██████████

Treatment: ████████████████████

**Provider:** █████████████

Date: 06/14/2013

Location: Tripler AMC, HI

Mailing Address: ████████████████████████

Telephone: █████████████

Condition: Inferior oblique left eye over actions of the left eye and dissociated vertical deviation.

Procedure Performed: Forced duction of both eyes, explorations and scar revisions, bilateral medical rectus advancements to original insertion site, left inferior oblique resections Z-plasty of the left eye.

Treatment: Received topical antibiotic and different (non-antibiotic) pain medication.

**Provider:** ████████████

    Date: 05/06/2013

    Location: Tripler AMC, HI

    Mailing Address: ████████████████████

    Telephone: ████████

    Condition: ████████

    Treatment: ████████████████████

**Provider:** ████████

    Date: 10/19/2011

    Location: Tripler AMC, HI

    Mailing Address: ████████████████████

    Telephone: (████████

    Condition: Back Strain Lumbar

    Treatment: Prescribed topical medication and non-antibiotic medication

**Provider:** ████████████

    Date: 10/17/2011

    Location: Tripler AMC, HI

    Mailing Address: ████████████████████

    Telephone: ████████

    Condition: Strabismus Non - Paralytic Extropia

    Treatment: Referred to a consult with TAMC Opthamology

**Provider:** ████████████

    Date: 09/20/2011

    Location: Tripler AMC, HI

    Mailing Address: ████████████████████

    Telephone: ████████

47

Condition: Hypermetropia

Treatment: Monofocal fitting

**Provider:** ███████████

Date: 08/24/2011

Location: Tripler AMC, HI

Mailing Address: ████████████████████████

Telephone: ███████████

Condition: Inguinal Hernia

Treatment: Referred to general surgery outpost clinic

**Provider:** ███████████

Date: 10/25/2010

Location: Fort Benning, GA

Mailing Address: █████████████████████████████

████████

Telephone: (███████████

Condition: Gastroesophageal Reflux Disease

Treatment: Medication (non-antibiotic) prescribed

**Provider:** ███████████

Date: 07/13/2010

Location: Ft. Benning GA

Mailing Address: █████████████████████████████

████████

Telephone: (███████████

Condition: Sensorineural Hearing Loss Bilateral

**Provider:** ███████████

Date: 07/13/2010

Location: Ft. Benning, GA

Mailing Address: █████████████████████████████

████████

Telephone: ███████████

Condition: Exposure to Tuberculosis

Treatment: INH/Rifampin

48

**Provider:** ███████████

    Date: 07/09/2010

    Location: Ft. Benning, GA

    Mailing Address: ████████████████████████████████████████

    ████████

    Telephone: (████████████

    Condition: Abnormal Audiogram

    Treatment: Referred to Audiologist

**Provider:** ████████████

    Date: 07/23/2009

    Location: Theater Facility, Iraq

    Condition: ████████

    Treatment: ████████████████████

**Provider:** ████████████████

    Date: 04/16/2009

    Location: Connelly Health Clinic

    Mailing Address: ████████████████████████

    Telephone: ██████████████

    Condition: Upper Respiratory Infection

    Treatment: Mucinex Prescribed

**Provider:** ███████████

    Date: 03/04/2009

    Location: Ft. Benning GA

    Mailing Address: ████████████████████████████████████████

    ████████

    Telephone: (████████████

    Condition: Thoracic Disorder

    Treatment: Medication (non-antibiotic) prescribed

**Provider:** ███████████

    Date: 01/15/2008

    Location: Ft. Benning GA

    Mailing Address: ████████████████████████████████████████

█████████

Telephone: ████████████

Condition: McKenzie Posterior Derangement Syndrome

Treatment: Physical Therapy

**Provider:** ████████████████

Date: 04/16/2007

Location: Martin Army Community Hospital

Mailing Address: ████████████████████████████

Telephone: ████████████

Condition: Patellofemoral Syndrome

Treatment: Given Knee sleeve, instructed to stretch, given (non-antibiotic) pain medication

**Provider:** ████████████████

Location: Oklahoma City VAMC

Mailing Address: ██████████████████████████

Telephone: ████████████

Dates: 09/23/2016

Diagnosis: ██████████████████████████

Diagnosis: ████████████████████

Plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 23:

Describe All injuries, including head injuries, that You sustained during Your Military service, including the date that You sustained the injuries And the circumstances surrounding those injuries.

## RESPONSE TO INTERROGATORY NO. 23:

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will

receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  Any information relating to injuries that were sustained during military service are recorded in the medical records produced through MDL-Centrality.  Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 24:**

State the size of Your ear canal And All factual bases for such Statement, including but not limited to any ear canal sizing Or earplug sizing performed And communicated to you by a provider such as an audiologist.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and misleading, in that it does not define "size" or "ear canal," or provide a scale for the requested ear canal size (e.g., small-large; a numerical scale; or some alternative). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory needed to provide an opinion or conclusion on the "size of [Plaintiff's] ear canal." Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not know the size of my ear canal.  To the best of my knowledge, ear canal sizing has never been performed on me.

**INTERROGATORY NO. 25:**

Identify Any awards, medals, honors, Or commendations that You have received in connection with Your military service, including the dates You received those awards.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this interrogatory to the extent that the information sought is most easily acquired by a review of the service records which are equally accessible to the Defendant.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Army/RA: All awards were received during my Active Duty Service: 03/27/2007 – 04/26/2015:

- Army Commendation Medal
- Army Achievement Medal
- Meritorious Unit Commendation
- Army Good Conduct Medal
- National Defense Service Medal
- Global War on Terrorism Service Medal
- Iraq Campaign Medal w/ Campaign Star
- Overseas Service Bar
- Professional Development Ribbon
- Army Service Ribbon
- Mechanic Expert Marksmanship Badge
- Outstanding Volunteer Service Ribbon

**INTERROGATORY NO. 26:**

If You were ever deployed in combat, please Identify the location, dates of deployment, Your primary duties while deployed, And whether you experienced live fire at or from the enemy in combat.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it fails to define the facially overbroad and ambiguous terms "primary duties" and "combat" and "live fire." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this Interrogatory seeks information beyond his personal knowledge to the extent it requires Plaintiff to determine whether any given encounter constituted "live fire at or from the enemy in combat" and the identity of any other combatants or sources of fire. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ.

P. 26(b)(2)(C). Plaintiff objects that the information sought is cumulative or duplicative of information sought in the Census Form and/or that may otherwise be contained within the service records produced. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving said objections, Plaintiff responds as follows:

- Deployed to Iraq: 07/09/2009 – 06/23/2010
- Occupation: 68W10 Health Care Specialist
- Primary Duties: Flight Medic and Ground Medic in field hospital.
- Cared for American Military personnel, Iraqi detainees, dying prisoners, and handled deceased prisoners.
- Exposed to live fire, both at and from, the enemy in combat.

Plaintiff reserves the right to amend this response as discovery develops.

## INTERROGATORY NO. 27:

Describe how You first acquired the CAEv2, including who first issued You the CAEv2 And the date on which they issued You the CAEv2.

## RESPONSE TO INTERROGATORY NO. 27:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "how [Plaintiff] first acquired the CAEv2."  See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced or will be produced by the U.S. Government pursuant to the Touhy process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No.

28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I received my first pair of CAEv2 earplugs during my first week at Ft. Benning, GA in March 2007. I do not recall the name of the specific person who issued the earplugs to me, but I recall I received the CAEv2 earplugs from the central issuing facility on base.

**INTERROGATORY NO. 28:**

If you were fitted with the CAEv2 by another person, describe the process by which you were fitted, including the person(s) who fitted you with the CAEv2, the date(s) And location(s) you were fitted, how you were fitted, And whether Or not the person fitting you with the CAEv2 rolled back any of the flanges on the opposite end of the CAEv2 during the fitting process

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it does not define the terms "fitted" or "fitting process" or "rolled back" or "location(s) you were fitted" or "flange" or "opposite end." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that this interrogatory, as phrased, "If you were fitted….by another person, describe the process by which you were fitted" inherently seeks information outside of Plaintiff's personal knowledge. Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving said objections, Plaintiff responds as follows: I do not recall being "fitted" with the CAEv2 ear plug by another person.

**INTERROGATORY NO. 29:**

If You acquired more than one pair of the CAEv2, Describe how You acquired subsequent CAEv2s, including who issued You the subsequent CAEv2s And the date on which they issued You the CAEv2.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced or will be produced by the U.S. Government pursuant to the Touhy process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff objects to this

Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: Plaintiff was initially given two pairs of the CAEv2 ear plugs at the Central Issuing Facility in Ft. Benning, GA within his first week of arrival in March 2007. Plaintiff later acquired 3 to 4 additional pairs of the CAEv2 earplugs. Plaintiff does not recall the date on which he received subsequent pairs of CAEv2 earplugs. To obtain a new pair of CAEv2 ear plugs Plaintiff was required to take his old pair of earplugs to the Central Issuing facility at which point he would be re-issued a new pair. Plaintiff does not recall the person at the Central Issuing facility that issued him the original and subsequent pairs of CAEv2 ear plugs.

**INTERROGATORY NO. 30:**

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, And the types of noises that You were exposed to while using the CAEv2.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving said objections, Plaintiff responds as follows: I cannot recall the exact dates and times that I wore the CAEv2 earplugs, however I do recall that I used the CAEv2 throughout the period of time that I served in the military. I also recall that I routinely used the CAEv2 in the manner identified below while exposed to the types of noises identified below.

- Ft. Benning, GA (6/21/2007 – 3/17/2011): Training
  Used CAEv2 in Range qualification, range training, combat training, aircraft training, driving training, demo range, live fire exercises.
- Iraq (07/09/2009-06/23/2010): Combat
  Used CAEv2 for hearing protection working as a 68W10 Health Care Specialist, and

driving ambulances through heavily armed areas.

- Schofield Barracks, HI (03/18/2011-11/03/2014): Training
Used CAEv2 in range qualification, range training, combat training, aircraft training, driving training, demo range, live fire exercises.

- Ft. Irwin, CA (05/01/2014 - 05/30/2014): Training
Used CAEv2 in Range qualification, range training, combat training, aircraft training, driving training, demo range, live fire exercises.

Plaintiff was exposed to the following types of noises while he was wearing the CAEv2:

- Explosions from a permitted safe distance depending on ordinance used (Claymore)
- Rapid Fire
- Vehicular
- Machinery
- Aircraft

Plaintiff reserves the right to amend this response as discovery develops.

## INTERROGATORY NO. 31:

Describe the specific circumstances Or situations in which You wore the green end of the CAEv2, And your understanding of the specific circumstances in which You were supposed to wear the green end of the CAEv2.

## RESPONSE TO INTERROGATORY NO. 31:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user always wears both ends if they are wearing these plugs. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I wore the green side of the earplugs snuggly in my ear, whenever I was experiencing loud constant noise. I used the green side mainly while in Iraq. I was told that the green end was for constant loud noises.

**INTERROGATORY NO. 32:**

Describe the specific circumstances Or situations in which You wore the yellow end of the CAEv2 And your understanding of the specific circumstances in which You were supposed to wear the yellow end of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user wears both ends. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information similarly sought through the Census Form and Interrogatories including Interrogatory No. 32. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I wore the yellow side of the earplugs in my ear so I could hear commands when I was in a training environment and not on a firing line.  I was told the yellow end would allow me to hear commands while protecting my hearing.

**INTERROGATORY NO. 33:**

Describe Each instance in which You have worn a Hearing Protection Device other than the CAEv2, including the name of the Hearing Protection Device, the years in which You wore the Hearing Protection, the circumstances in which You wore the Hearing Protection Device, And the types of noises that You were exposed to while using the Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, including in that it seeks information on "types of noises" without defining or describing any such types. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "the types of noises that You were exposed to while using the Hearing Protection Device," which would require the identification of sounds that Plaintiff could not hear because of his use of a Hearing Protection Device. Plaintiff objects on the ground that Plaintiff is not a doctor or an audiologist, and does not

otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding "types of noises," sound or otherwise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought within the Census Form and Interrogatories including Nos. 3, 6, and 14. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: Since being discharged from the military in 2015, I have worn soft ear plugs in combination with 3M Peltor Ear Cans over top of the soft ear plugs.  I wear the above indicated hearing protection while doing recreational activities that generate constant loud noise. Those activities include, the use of power tools such as a circular saw, mowing the grass, and while attending sporting events. I also wore this type and combination of hearing protection before entering the military.  While serving in the military I occasionally used other Hearing Protection Devices simultaneously with my use of the CAEv2.  I never wore other Hearing Protection Devices without also wearing CAEV2.  The other hearing protection device I used was a helmet that had a built-in Bose noise cancelling and 2 way communication headset.  While using the helmet that had a built-in Bose noise cancelling and 2 way communication headset I was exposed to the sounds of a UH 60 Blackhawk helicopter. I do not recall the dates that I wore the helmet with built-in Bose noise cancelling and 2 way communication headset but it was approximately sometime between 2009 through approximately 2014. I also occasionally used foam ear plugs (less than once a month) while in the military.  I never used foam ear plugs while firing a weapon in the military. I would use the foam ear plugs in situations when for example, I dropped my CAEV2 and put a foam ear plug in my ear until I had an opportunity to clean my CAEV2 that I had dropped.

## INTERROGATORY NO. 34:

Describe in detail any complaints you made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, And the substance of the complaint.

## RESPONSE TO INTERROGATORY NO. 34:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part due to its failure to define the term "complaint." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably

cumulative. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving said objections, Plaintiff states that he did not make any complaints regarding the CAEv2 during his military service.

## INTERROGATORY NO. 35:

Describe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, And/Or explosions.

## RESPONSE TO INTERROGATORY NO. 35:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," or "exposed to" or "weapons" or "heavy machinery," which are vague and subjective. Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. See Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information sought within the Census Form and otherwise within these Interrogatories including Nos. 6, 36, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff objects to this Interrogatory as being vague since the term "loud noises" is not defined and calls for speculation and an expert opinion.

Subject to and without waiving said objections, Plaintiff states that while in the military he was exposed to loud noises including:

- Vehicular - Humvee's, Trucks, Ambulance's, MRAP's
- Weapons - M16 A2, M4 A2, M9, M203, M249, 240 Bravo, Hand Grenades, Striker Tank - 60 mm Shells,

- 60 mm and 120 mm mortars
- Aircraft – Helicopter
- Explosives {Plaintiff was at a safe distance while explosives were being used}

Plaintiff was exposed to noise from the following types of helicopters while wearing CAEv2.

- UH-60 blackhawk

Plaintiff was exposed to the following types of explosives from the recommended safe distance while wearing Caev2.

- Claymores

Plaintiff reserves the right to amend this response as discovery develops.

**INTERROGATORY NO. 36:**

Describe All of the weapons You operated while in the military, And for each, describe the Hearing Protection Device You wore while operating the weapon, if any.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad, vague, ambiguous and unclear, in part as it fails to contain any reasonable limitations as to time or scope, and further fails to define "weapons" or "operated." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought in the Census Form  and otherwise within these Interrogatories including Nos. 6, 35, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving said objections, Plaintiff operated the following types of weapons while in the military and wore the CAEv2 ear plugs while doing so:

- M16 A2
- M4 A2

- M9
- M203
- M249
- 240 Bravo
- Hand Grenades
- 60 mm and 120 mm mortars

Plaintiff rode in the following type of vehicle while serving in the military and wore a Bose noise suppression headset with the CAEv2 ear plugs while doing so:

- Striker Tank with 60 mm shell.

Plaintiff reserves the right to amend this response as discovery develops.

## INTERROGATORY NO. 37:

Describe Any basic Or advanced weapons training You received in connection with Your military service, including the date of training, the weapons fired during training, And the Hearing Protection Devices worn while firing weapons during training.

## RESPONSE TO INTERROGATORY NO. 37:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "weapons training" or "basic or advanced weapons training." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information otherwise sought in these of the information sought in the Census Form and otherwise within these Interrogatories. Further, the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving said objections, Plaintiff responds as follows:

I trained on the following weapons throughout the extent of my military service. I wore the CAEv2 while training to operate the following weapons (2007-2015):

- M16 A2
- M4 A2
- M9
- M203
- M249
- 240 Bravo
- Hand Grenades
- 60 mm and 120 mm mortars

I wore a Bose noise suppression headset with the CAEv2 Earplugs while riding in the following vehicle (2007-2015):

- Striker Tank with 60 mm shell.

I wore the CAEv2 while training to operate the following weapons during Basic Training (2007):

- 50 Caliber Ground mounted machine gun - trained 50 rounds at a time with only 3 repetitions in total.
- Mark 19 Grenade Launcher
- AT4 Shoulder Fire Rocket
- Claymores

Plaintiff reserves the right to amend this response as discovery develops.

**INTERROGATORY NO. 38:**

If You were exposed to Any weapon, machinery, And/Or Any other loud noises while in the Military, please Describe in detail All circumstances in which You did so, including the weapon(s), machinery, And/Or loud noises you were exposed to without a Hearing Protection Device, And the frequency And duration of use without using a Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 38:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails contain reasonable limitations as to time or scope, and fails to define "weapon," or "machinery," or "loud noises," or "exposed to." Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge,

education, experience, or training to make determinations regarding the volume or pressure of sound or "loud noises" otherwise. See Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, confusing, misleading and/or unreasonably cumulative or duplicative of information sought in the Census Form and otherwise within these Interrogatories including Nos. 6, 35, 37, 38, and 63   Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff objects to this Interrogatory to the extent the term "loud noise" is vague and calls for speculation to the extent it requires Plaintiff to subjectively determine what constitutes a "loud noise".    Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Subject to and without waiving said objections, Plaintiff states that to the best of his knowledge and recollection, he was never exposed to any weapon or machinery without the use of a Hearing Protection Device.

**INTERROGATORY NO. 39:**

If You were exposed to Any explosions while in the Military, including Improvised Explosive Device (IED) explosions, State the date of such exposure, the circumstances of the exposure, And which Hearing Protection Device You were wearing, if any.

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part as it fails to define "exposure" or "circumstances," and otherwise as it fails to contain reasonable limitations as to time and scope. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory is cumulative, duplicative, and may be better ascertained through other less burdensome and more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Plaintiff objects to this Interrogatory to the extent the term "exposed" is vague and calls for

speculation and to the extent it requires Plaintiff to subjectively determine what constitutes exposure.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the Touhy process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.

Subject to and without waiving said objections, Plaintiff states he witnessed explosions from a safe distance during training exercises that included the use of grenades and claymores. At the time, plaintiff was wearing the Olive end of the CAEv2.  On one occasion plaintiff was approximately 175-200 meters away from an IED when it detonated.  The detonation occurred around August / September 2009.  At the time of the detonation plaintiff was riding in an MRAP with the hatches closed. At the time, plaintiff was wearing the Olive end of the CAEv2. The MRAP was one of eight vehicles traveling in a convoy north of Tikrit Iraq.  The vehicles in the convoy were each spaced approximately 25 yards apart.  Plaintiff's vehicle was the last vehicle in the convoy.  The first vehicle in the convoy was the vehicle that was struck by the IED.

Plaintiff reserves all rights to supplement his response based on later-produced records.

**INTERROGATORY NO. 40:**

Describe in detail All circumstances in which the CAEv2 fell completely out of Your ears after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, confusing, misleading, ambiguous and unclear in that it fails to define "fell" and fails to contain reasonable limitations as to time or scope. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory pre-supposes the "CAEv2 fell completely out of" Plaintiff's ears, and further, improperly attempts to conflate Plaintiff's potential awareness that the "CAEv2 fell completely out of" Plaintiff's ears (if applicable) with Plaintiff's knowledge of a potential defect and/or lack of fit and/or lack of protection.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not recall any circumstances in which the CAEv2 fell out of my ears after I had inserted them.

**INTERROGATORY NO. 41:**

Describe in detail All circumstances in which you perceived that the CAEv2 loosened in Your ear(s) after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear in that it fails to define "perceived" or "loosened" or "inserted." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, unreasonably cumulative or duplicative of the information sought in the Census Form and/or otherwise within these Interrogatories including Nos. 28, 42, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory regarding understanding or perception of whether or not an earplug loosened in his ear and otherwise.

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Plaintiff objects to this Interrogatory as vague and ambiguous in that it fails to define "loosened" or "inserted." Plaintiff further objects to this Interrogatory as irrelevant and misleading to the extent it suggests either that (1) the defective loosening of the CAEv2 was perceptible to users; or that (2) a user's subjective perception of such loosening, on its own, could make that user question the efficacy of the CAEv2 or the accuracy of Defendants' misrepresentations regarding the CAEv2. To the extent this Interrogatory seeks information regarding the defective and imperceptible loosening of the CAEv2, Plaintiff refers Defendants to the portion of Plaintiff's Response to Interrogatory No. 49 on that topic.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff answers that:  I never perceived the CAEv2 to loosen in my ears.

**INTERROGATORY NO. 42:**

State whether, upon insertion of one end of the CAEv2, the flanges from the opposite end contacted Your ear.

**RESPONSE TO INTERROGATORY NO 42:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part in that it fails to contain reasonable limitations as

to scope, and fails to define "upon insertion" or "flanges" or "opposite end" or "ear" or "contacted." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information previously sought in the Census Form or these Interrogatories including Nos. 28, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions or conclusions sought by this interrogatory.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not recall any instance after insertion of one end of the CAEv2 that the flanges from the opposite end contacted my ear.

**INTERROGATORY NO. 43:**

If You folded back Any of the flanges of the opposite end of the CAEv2 while using the CAEv2, Describe in detail the circumstances in which You folded back the flanges.

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part as it fails to define "flanges" or "opposite end" or "folded" or "while using" or "circumstances." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought in the Census Form and otherwise in these Interrogatories including Nos. 28, 42, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions and conclusions sought by this interrogatory. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I do not recall folding back any of the flanges during use or insertion in my ear.

**INTERROGATORY NO. 44:**

Describe in detail Any instruction(s) Or training that You were provided on how to use the CAEv2, including but not limited to Any written Or oral instructions And in-Person training, the positions And names of the Person(s) who provided the training, And the dates of the training.

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time

or scope, and fails to define "instruction(s)" or "training." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally available to the requesting party.

Subject to and without waiving said objections, Plaintiff responds as follows: I was provided oral instructions regarding how to use the CAEv2 ear plugs while attending basic training in Ft. Benning, Georgia. The in-person training occurred in the Central Issuing Facility at Ft. Benning, Georgia. I do not recall the position or the name of the person who was handing out the CAE v2 at basic training, but do recall that the dates of the training occurred roughly within the first week I arrived at basic training in approximately March 2007.

I was told that one end was for constant loud noises and the other end would allow me to hear commands. I was instructed to put the earplugs in my ears snuggly. I was not trained or instructed to roll or fold back any of the flanged on the CAEv2.

While at the firing range, the range safety officer or tower operating personnel would frequently remind everyone to wear "ear pro" (ear protection) properly.

Plaintiff reserves the right to amend this response as discovery develops.

## INTERROGATORY NO. 45:

If You were instructed to roll Or fold back Any of the flanges on the CAEv2, Describe in detail the circumstances in which You were instructed to do so, including but not limited to Any written Or oral instructions And in-Person training, the positions And names of the Person(s) who provided the training, And the dates of the training.

## RESPONSE TO INTERROGATORY NO. 45:

Plaintiff objects to this interrogatory on the ground that it is overbroad, confusing, vague, burdensome, ambiguous and unclear, in part as it fails to define "roll" or "fold" or "flanges" or "circumstances" or "instructed" or "instructions" or "training," and fails to otherwise contain reasonable limitations as to time or scope. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought in the Census Form, and otherwise in these Interrogatories including Nos. 28, 42, and 43. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to the extent that all or part of the information sought is equally available to the requesting party, or may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving said objections, Plaintiff states that he was not instructed or trained to roll or fold back any of the flanges on the CAEv2.

**INTERROGATORY NO. 46:**

Describe in detail Any hearing loss Or tinnitus You had prior to joining the military.

**RESPONSE TO INTERROGATORY NO. 46:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this request. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I did not have hearing loss or tinnitus prior to joining the military.

**INTERROGATORY NO. 47:**

Describe in detail whether And how Your hearing loss And tinnitus has changed since You were discharged from the military.

**RESPONSE TO INTERROGATORY NO. 47:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus" or "has changed." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other

authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Plaintiff objects to this Interrogatory as it calls for expert opinion. The term "changed" is vague and calls for Plaintiff to speculate as to its meaning.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: Any actual or perceived changes will be revealed to all Parties in document discovery and depositions, all of which will be further clarified over the course of expert discovery. Plaintiff reserves all rights to amend this response as discovery develops. My hearing loss and tinnitus has slowly, but progressively gotten worse since my discharge from the military. Refer to medical records for any discussions regarding the progression.

**INTERROGATORY NO. 48:**

Describe in detail All circumstances Or events in which You allege You were exposed to noise while wearing the CAEv2 that You allege caused Or contributed to Your injury.

**RESPONSE TO INTERROGATORY NO. 48:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "circumstances or events" or "exposed to noise" or "while wearing." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects on the ground that the information sought in this interrogatory may be more readily ascertained through other means of discovery, including deposition. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving said objections, Plaintiff does not allege that there was any specific event during which he was exposed to noise while wearing the CAEv2 that caused his hearing loss and tinnitus. Rather, Plaintiff alleges his injury was caused by exposure to noise while wearing the CAEv2 during his military service. Plaintiff was exposed to the following noises as stated earlier during his military service: Use of previously listed firearms, vehicular noise, and aircraft noise. See Response to interrogatory No. 35.

Plaintiff reserves the right to amend this response as discovery develops.

## INTERROGATORY NO. 49:

Describe in detail All alleged defects with the CAEv2 that You believe caused Or contributed to Your injuries And that form the basis of the allegations in the Master Long Form Complaint And Your Master Short Form Complaint.

## RESPONSE TO INTERROGATORY NO. 49:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "defects" or "caused or contributed" or "injuries." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested thru Plaintiff's Census Questionnaire, Census Documents, and/or the Master Long Form Complaint or the Master Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory, especially in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge or a personal opinion on the specific amount or offer any testimony on a specific amount of damages for these intangibles. These subjects of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff objects on the ground that the information sought in this interrogatory may be more readily ascertained through other means of discovery, including deposition. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify documents.  Plaintiff objects to this Interrogatory to the extent it is a premature contention Interrogatory, and to the extent it prematurely seeks an expert opinion. Plaintiff objects to this Interrogatory to the extent that it seeks information regarding the defects in the CAEv2 that is more easily available from another source, such as Defendants' own records, the military's investigation into Defendants' misconduct, and/or expert analysis and testimony to be generated at a later time in this litigation.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed

to counsel and to the Parties in the course of this litigation. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response regarding the unreasonably dangerous defects with the CAEv2:

As Defendants know and have disclosed in their own produced documents, the CAEv2 is defective because it loosens imperceptibly in the user's ear. *See* "Flange Report," 3M_MDL000728811. This imperceptible loosening lets damaging sounds enter the user's ear canal by traveling around the outside of the earplug, while the user incorrectly believes that the earplug is working as intended. The harm attendant to the imperceptible nature of this loosening is compounded by Defendants' deceptive marketing claims regarding "hear-through" technology, which creates uncertainty in CAEv2 users – including even the Brand Manager of the CAEv2 – regarding whether the plug is properly inserted and providing the touted protection effectively. *See* Moses Dep. Tr. 221:21-226:21; 3M_MDL000398074.

Further, as Defendants are also aware, the CAEv2 is defective because it is too short for proper insertion. *See* "Flange Report," 3M_MDL000728811. Defendants determined that this defective shortness prevents the deep insertion necessary to protect the hearing of users. *Id*. The CAEv2 is also defective in that its design makes it unable to fit the geometry of many ear canals. *See* Warren Dep. 1/23/20 at 196:25–197:5.

The CAEv2 is also defective because Defendants failed to warn purchasers and users of the many ways in which the device had not been adequately or properly tested. *First*, Defendants failed to test the CAEv2 at all before it began selling the product. *See* 3M_MDL000257805. *Second*, when the CAEv2 was tested, that testing was inadequate and fraudulent, in that Defendants improperly cancelled tests in progress, and improperly buried and withheld unfavorable test results from the military. *See* Kieper Dep. Tr. at 101:20-102:15; Berger 30(b)(6) Dep. Tr. at 276:3-277:4; Myers Dep. Tr. at 490:3-493:23. *Third*, the CAEv2 defectively fails to warn its users that Defendants' testing subjects did not follow standard instructions, but rather used a reconfigured and improper method of folding back the opposing flanges before inserting the device into their ears. *See* "Flange Report," 3M_MDL000728811; Hamer Dep. Tr. at 165:20-166:1.

The CAEv2 is also defective because it fails to provide adequate warnings of the significant risks posed by the fact that the device allows dangerous sounds to bypass the earplug altogether. Defendants never shared their findings, as reflected in the Flange Report, that users of the CAEv2 who followed Defendants' instructions could not achieve the levels of hearing protection Defendants touted for the product. *See*, *e.g.*, Merkley Dep. Tr. 331:21-332:16; *id.* at 327:8-329:1;

71

*see also* Babeu Dep. Tr. 171:18-175:14; Coleman Dep. Tr. 202:15-203:12.  The CAEv2 is defective in that it contains no warning of this risk to users, and Defendants failed to provide any such warning by any other means.

The defects in the CAEv2 that contributed to or caused Lewis Keefer's injury include the design, warning, and instructional deficiencies enumerated above, as well as additional defects revealed to all Parties in document discovery and depositions, all of which will be further clarified over the course of expert discovery. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 50:**

Identify Each Statement regarding the CAEv2 that You relied upon in using the CAEv2 And that You claim is false.

**RESPONSE TO INTERROGATORY NO. 50:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "statement" or "relied upon" or "in using." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this interrogatory to the extent it is cumulative or duplicative of information contained within the Master Long Form Complaint or the Master Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally in the possession, custody, or control of the requesting party. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' misrepresentations regarding the CAEv2 that is more easily available from another source, such as Defendants' own records, or the military's investigation into Defendants' misconduct.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.  Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's fraud claims.  Subject to and without waiving Plaintiff's General and Specific

Objections, Plaintiff provides the following response:

Defendants are fully aware of the false statements upon which they intended purchasers and users to rely, including the following:

- the closed end of the CAEv2 provides an NRR of 22;

- the open end of the CAEv2 provides an NRR of zero;

- the green end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the yellow end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the CAEv2 is protective at noise levels up to 193dB;

- the CAEv2 is protective at noise levels up to 190dB after 100 blasts;

- the CAEv2 provides adequate protection from Improvised Explosive Devices and other impulse noise

- the CAEv2 was adequately and properly tested, the falsity of which is described more fully in Plaintiff's Response to Interrogatory No. 49;

- the nonlinear technology in the CAEv2 as a "hear-through" device, which would protect users while allowing them to hear lower-level noises clearly, without impairment, and without interruption;

- the CAEv2 fits most ear canals; and that

- the CAEv2 could greatly reduce or eliminate the risk of permanent hearing damage.

Defendants' dissemination of these misrepresentations (directly to the servicemembers injured by the CAEv2, and indirectly to those servicemembers through the Government), and Defendants' intent to induce reliance upon these misrepresentations, are beyond dispute.

In using the CAEv2, Lewis Keefer relied on each of the above false statements in addition to the following statements: that the CAEv2 had been tested; that the CAEv2 offered improved hearing protection over traditional foam ear plugs; that it would provide complete hearing protection for each military role/task he would be performing while in the military; that he was properly instructed how to achieve a proper fit; and that the CAEv2 would allow him to maintain situational awareness.

Plaintiff reserves all rights to amend this response as discovery develops.

**<u>INTERROGATORY NO. 51</u>:**

Identify all warranties, either express Or implied, that You allege applied to Your use of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 51:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "warranties" or "applied to Your use." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects to this interrogatory to the extent it is cumulative or duplicative of information contained within the Master Long Form Complaint or the Master Short Form Complaint. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally in the possession, custody, or control of the requesting party. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.  Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's breach of warranty claims.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to determine which of Defendants' misrepresentations constituted warranties.  Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' warranties regarding the CAEv2 that is more easily available from another source, such as Defendants' own records.

Counsel refers Defendants to Plaintiff's Response to Interrogatory No. 50, which contains many of the misrepresentations Defendants made regarding the CAEv2.  The extent to which those misrepresentations constitute warranties applicable to Plaintiff's use of the CAEv2 will be developed over the course of later briefing.

Counsel also notes that the Medical Procurement Item Description ("MPID") contained in the U.S. Government's solicitation for the CAEv2 contains an express warranty, which states that "the ear plugs shall be free from all defects that detract from their appearance or impair their serviceability."  *See*  3M_MDL000000056.  Defendants also provided the express warranty contained in the Federal Acquisition Regulations, which were incorporated by reference in the MPID. *See* 3M_MDL000000023, 3M_MDl00000014; *see* 48 CFR § 52.212-4(o) ("The Contractor

warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.").

Finally, all other warranties available under law applied to Plaintiff's use of the CAEv2, including implied common law warranties of fitness for a particular purpose and of merchantability, as well as any warranties created under state and federal statutes.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that Plaintiff has no knowledge other than that conveyed to Plaintiff by Counsel regarding the legal determination of which of Defendants' misrepresentations constituted warranties.

**INTERROGATORY NO. 52:**

Identify All damages, losses, Or expenses of Any nature whatsoever by category And the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint And Your Master Short Form Complaint.

**RESPONSE TO INTERROGATORY NO. 52:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows:

As a result of the CAEv2, I now suffer from tinnitus and the severe consequences thereof, the categories of damages attendant to which include (i) future diminished earning capacity, (ii) diminished quality of life, (iii) past and future medical costs, (v) depression, anxiety, sleep disturbances (vi) the exacerbation of my ███████████████████████████ symptoms and (vii) emotional damages. Plaintiff reserves the right to supplement this Interrogatory Response in light of further discovery and expert analyses, if any, conducted on the foregoing.

**INTERROGATORY NO. 53:**

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, Or disabilities that have resulted in loss of income Or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of

diagnoses, And by whom it was first diagnosed.

## RESPONSE TO INTERROGATORY NO. 53:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "injuries" or "illnesses" or "disabilities" or "diagnoses." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial to the extent that is seeks information that has no tangential relationship to the matters at issue in this litigation, and/or is otherwise unreasonably cumulative or duplicative of information sought within the Census Form, and otherwise within these Interrogatories or the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff objects to this

Interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

**INTERROGATORY NO. 54:**

If You are claiming Or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type And classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar Standards) for your military branch of service, And State what medical Or audiometric provider communicated that type And classification to you And on what date.

**RESPONSE TO INTERROGATORY NO. 54:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous, misleading, and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "hearing injury" or "type or level" or "impairment" or "classification" or "level" or "Standards of Medical Fitness" or "similar standard" or audiometric" or "provider." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory purports to tie the damages in this claim to "the Standards of Medical Fitness (or similar standards) for your military branch of service," which mischaracterizes the applicable legal standards at issue. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish. Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

To the extent this Interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records that will be produced by the Government which are the best source of such information and which are equally available to both Parties.  To the extent this Interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this Interrogatory prematurely seeks expert discovery.

**INTERROGATORY NO. 55:**

If You are claiming Or expect to claim that You lost earnings Or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, Or other income for those days You missed Allegedly due to Your injuries and, if so, the type And amount of such income.

**RESPONSE TO INTERROGATORY NO. 55:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "disability" or "medical leave" or "other income" or "income" or "injuries." See Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it improperly conditions Plaintiff's potential "lost earnings" and/or "impairment of earning capacity" upon "days [Plaintiff] missed from work," and further, improperly conditions Plaintiff's potential receipt of "disability, medical leave, or other income" upon the "total number of days" Plaintiff "missed from work because of [Plaintiff's] injuries." Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided thru Plaintiff's Census

Questionnaire, Census Documents and/or otherwise within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff is currently employed and is not claiming past earnings impairment. Plaintiff is making a claim that he suffered an impairment of his future earning capacity as a result of his use of the CAEv2 ear plugs. The amount of Plaintiff's lost future earnings capacity attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this Interrogatory as premature to the extent it would require expert discovery at this stage.

Plaintiff reserves all rights to amend this response as discovery develops, including expert discovery regarding damages.

**INTERROGATORY NO. 56:**

If You are claiming Or expect to claim that You lost earnings Or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return

to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same Or similar job, And the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, And the name of the medical professional who confirmed the same, if any.

**RESPONSE TO INTERROGATORY NO. 56:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to contain reasonable limitations as to time or scope, and fails to define "impairment" or "earning capacity" or "injuries" or "recovery." See Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it improperly conditions or conflates Plaintiff's potential "lost earnings" and/or "impairment of [] earning capacity" upon Plaintiff's ability "to return to employment following recovery of [Plaintiff's] injuries," and further improperly conditions Plaintiff's potential inability to "return to employment" upon confirmation by a "medical professional," which presupposes that "medical professionals" can render determinations about Plaintiff's ability to work. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided thru Plaintiff's Census Questionnaire, Census Documents or otherwise within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require

identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows:  I am currently employed and I am not making a claim for past lost earnings. I am making a claim that I suffered an impairment of my future earning capacity as a result of my use of the CAEv2 ear plugs.  My future earning capacity is diminished in that I have been placed in a position of heightened vulnerability to accelerated hearing loss in the future, and consequent further diminishment of earning capacity.  Plaintiff refers Defendants to his response to Interrogatory No. 55.  The amount of impairment of Plaintiff's future earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this Interrogatory as premature to the extent it would require expert discovery at this stage.  Plaintiff reserves all rights to amend this response as discovery develops, including expert discovery regarding damages.

**INTERROGATORY NO. 57:**

If You are claiming an impairment of Your earning capacity, State the impairment And the health care provider who diagnosed Your impairment.

**RESPONSE TO INTERROGATORY NO. 57:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or "diagnosed." See Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided thru Plaintiff's Census Questionnaire, Census Documents or otherwise within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this

interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I am making a claim that I suffered an impairment of my future earning capacity as a result of my use of the CAEv2 ear plugs. My earning capacity is diminished in that I have been placed in a position of heightened vulnerability to accelerated hearing loss in the future, and consequent further diminishment of earning capacity. My earnings capacity may also be diminished by the effect that my injuries have on my mental health. The doctors listed in response to Interrogatory No.10 diagnosed the injuries associated with my impairment.

**INTERROGATORY NO. 58:**

If You have submitted a workers' compensation claim, Veterans Affairs disability application, veterans benefits administration disability application, social security claim, Or Any other form of disability application Or claim for hearing-related injuries, Identify the application Or claims submitted, the entity with which the claim was filed, the date the claim was filed, the claim number, the nature of the disability, the period of disability, And the status of the claim.

**RESPONSE TO INTERROGATORY NO. 58:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "claim" or "hearing-related injuries." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is irrelevant, immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information sought within Plaintiff's Census Form or otherwise subject of the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records

both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  Any claims or applications pertaining to my hearing-related injuries are recorded in the medical records produced through MDL-Centrality. I submitted a Veterans Affairs Disability Benefits Application to Veterans Affairs on 04/27/2015 for my injuries sustained while serving in the US Military, and I received an overall service connection rating of 90% by the VA for the following service connected disabilities:

- Left Hand Condition
- Right Shoulder Arthritis with Tendinitis
- Left Shoulder Arthritis with Tendinitis
- Left Knee Arthritis with Patellofemoral Pain Syndrome
- Degenerative Arthritis of the Lumbar Spine with Intervertebral Syndrome
- Sciatic Radiculopathy (right leg)
- Sciatic Radiculopathy (left leg)
- Migraine Headaches
- Right Ankle Arthritis
- Sleep Apnea
- Chronic Right Elbow Strain
- Right Elbow Loss of Supination and Pronation
- Chronic Right Hand Strain
- Left Elbow Arthritis
- Left Elbow Loss of Supination and Pronation
- Tinnitus

- Right Knee Arthritis with Patellofemoral Pain Syndrome.
- Left Ankle Arthritis
- ████████████████████████████████████████████

  Plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 59:

If You have applied for disability benefits to the Veterans Affairs And were denied Your request for benefits for hearing-related injuries, Describe the bases that the Veteran Affairs gave You in denying Your application for benefits.

## RESPONSE TO INTERROGATORY NO. 59:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "benefits" or "hearing-related injuries" or "bases." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is not within his personal knowledge, is irrelevant or immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information sought within Plaintiff's Census Form or otherwise subject to the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  Any decisions made by the Veterans Affairs pertaining to hearing-related injuries are recorded in the medical records produced through MDL-Centrality. The VA has diagnosed me with sensorineural hearing loss which I sustained while serving in the military, but has denied service connection due to the hertz level at which the threshold shift

occurred.

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 60:**

If You have, Or someone on Your behalf has, made a claim Or filed a lawsuit concerning the injuries that You claim to have sustained as a result of Your use of the CAEv2, Identify the other Persons Or entities against whom the claim was made Or lawsuit was filed, the date of the claim Or lawsuit, where the claim Or lawsuit was filed, And the status of the claim Or lawsuit.

**RESPONSE TO INTERROGATORY NO. 60:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and otherwise fails to define "claim" or "concerning the injuries that You claim to have sustained…." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  Neither I, nor anyone on my behalf, has ever made a claim or filed a lawsuit, other than the instant litigation, concerning the injuries that the I sustained as a result of my use of the CAEv2.

**INTERROGATORY NO. 61:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name And address, the dates in which You were employed there, Your job title, the nature of Your responsibilities, And Any Hearing Protection Devices that You wore

on the job.

**RESPONSE TO INTERROGATORY NO. 61:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "responsibilities" or "wore" or "on the job." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

1. July 2019 – present

   Hobart Police Department

   Occupation: Patrol Officer

   Nature of Responsibilities: Maintain order and protect community by enforcing laws. Help ensure the safety of citizens. Write tickets, investigate accidents and crimes and respond to calls for help.

   Hearing Protection: During Firearms training, I wear soft ear plugs with Peltor ear cans over top.

   Mailing Address: Hobart Police Department, City of Hobart, ██████████████
   ██████

2. May 2015 – July 2019

   Sinor EMS

Occupation: Paramedic

Nature of Responsibilities: Respond to calls for emergency medical assistance.  Provide first-aid treatment.

Hearing Protection: I wore Peltor hearing cans while in the ambulance and wore a "Bose" brand helmet that provided noise cancellation and included an intercom service while in the helicopter.

Mailing Address: Sinor EMS, ███████████████████████

3.  April 2015 – December 2015

Oklahoma Department of Corrections

Occupation: Corrections Officer

Nature of responsibilities: Supervise activities of inmates.

Hearing Protection: I wore Peltor ear cans during fire arms training.

Mailing Address: Oklahoma Department of Corrections, ████████████████ ██████████████████████

4.  October 2000 – March 2007

Swanton Fire Department

Occupation: Firefighter / Intermediate EMT

Nature of responsibilities: Respond to 911 emergencies, performed fire suppression duties, fire mitigation inspection, HAZMAT response, Drive Team Captain, Advanced Auto Extraction Specialist, Fire Instructor.

Hearing Protection: I wore soft ear plugs while performing auto extraction.  I wore a headset when responding in the fire engine and rescue.

Mailing Address: Swanton Fire Department, ██████████████████████████

5.  2002 – 2005

Servpro of Fulton-Henry-Williams County

Occupation: Water Damage Response Technician / Production Manager

Nature of responsibilities: As a technician, I performed emergency water damage clean-up; cleaning following structure and contents fires; and mold mitigation.  After being promoted to Production Manager, I performed damage assessments; provided on location estimates to homeowners and insurance companies; trained new hires; marketing; billing; mentored employees; managed vehicle and equipment maintenance for fleet and warehouse; managed inventory.

Hearing Protection: I wore soft ear plugs when working around equipment, and ear plugs with ear cans when operating equipment.

Mailing: Servpro of Fulton-Henry-Williams County, 

6.  February 2005 – March 2007

Norfolk Southern Railroad (Dearborn Division)

Occupation: Over the Road Rail Conductor

Nature of responsibilities: Maintained and managed train from Toledo terminal to destination.

Hearing Protection: I wore soft ear plugs under an electronic noise canceling headset while working outside of locomotive.  I wore a communication headset while inside the locomotive.

Mailing: Norfolk Southern Railroad (Dearborn Division), 

7.  2000 – 2002

NAPA Auto Supply

Occupation: Sales and Delivery

Nature of responsibilities: Clerical and customer service

Hearing Protection:  I wore soft ear plugs when operating equipment.

Mailing: NAPA Auto Parts – Forest Auto Supply of Swanton,

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 62:**

For Each occupation that You had outside of Your service in the Military, Describe Any hearing conservation programs that You were assigned to And/Or Hearing Protection Devices You were required to wear in Your occupation, including Any audiograms Or other hearing tests that You received for Your occupation, the employer(s) for which You were tested, the date(s) of the hearing test(s), the Hearing Protection Devices You wore, if any, And whether Or not Any hearing impairment Or other hearing disorder was identified in Any hearing-related test.

**RESPONSE TO INTERROGATORY NO. 62:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and

further, fails to define "occupation" or "hearing conservation program" or "assigned to" or "hearing impairment" or "hearing disorder" or "hearing-related test." See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

**Hobart Police Department:**

I had an audiogram done during a pension physical immediately prior to starting work as a patrol officer with the Hobart Police Department. I do not recall the date of that hearing test. I did not receive the results of the audiogram. I wore soft ear plugs with Peltor ear cans layered over them while doing fire arms training for the Hobart Police Department.

**Sinor EMS:**

I wore Peltor ear cans while in the ambulance and wore a "Bose" brand helmet that provided noise cancellation and an intercom service while in the helicopter, while working at Sinor EMS. I wore soft ear plugs with Peltor ear cans layered over them during fire arms training while working at the Oklahoma Department of Corrections. I do not recall having an audiogram or other hearing test at Sinor EMS.

**Oklahoma Department of Corrections:**

I wore Peltor ear cans during fire arms training. I do not recall having an audiogram or other hearing test at Oklahoma Department of Corrections.

**Swanton Fire Department:**

I wore soft ear plugs while performing auto extraction.  I wore a headset when responding in the fire engine and rescue.  I do not recall having an audiogram or other hearing test at Swanton Fire Department.

**Servpro of Fulton-Henry-Williams County:**

I wore soft ear plugs when working around equipment, and ear plugs with ear cans when operating equipment. I do not recall having an audiogram or other hearing test at Servpro.

**Norfolk Southern Railroad (Dearborn Division):**

I wore soft ear plugs under an electronic noise canceling headset while working outside of locomotive.  I wore a communication headset while inside the locomotive.  I do not recall having an audiogram or other hearing test at Norfolk Southern.

**NAPA Auto Supply:**

I wore soft ear plugs when operating equipment. I do not recall having an audiogram or other hearing test at NAPA Auto Supply.

**INTERROGATORY NO. 63:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, And the dates in which You engaged in such activity.

**RESPONSE TO INTERROGATORY NO. 63:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicle" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or train noise" or "etc." or "exposed to" or "loud noise." Further, Plaintiff objects to the extent that this interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noises," which are subjective, potentially prejudicial, patently overbroad, vague, and unclear, and Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that activities such as "sporting events, music concerts,

personal headphones," "band practices," "animal kennels," "engine repair," "etc." create or cause "loud noises," and further, that it presupposes that such activities always (if ever) create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises which may include "loud noises" with potential hearing loss. Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative cumulative or duplicative to the information Defendants sought with the Census Form. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I always wear ear protection (soft foam plugs with peltor ear cans over top) while engaging in the following activities:

- Use of lawn mower – twice a week in the summer (April – middle of October)
- Use of leaf blower and trimmer – twice a week in the summer (April – middle of October)
- Use of power tools (drill and circular saw) – once every couple of months
- High school and college football games – 15 or 20 times per year.
- Golf tournament – once a year
- Rodeo – twice a year

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 64:**

For Each instance in which You have shot a firearm recreationally, Describe in detail circumstances surrounding your use, including the activity in which You shot the firearm, the type of firearm You used during the activity, the dates in which You performed that activity, the frequency with which You performed that activity, the Hearing Protection Device worn during the activity, if any, And the date You last performed the activity.

**RESPONSE TO INTERROGATORY NO. 64:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "recreationally" or "circumstances" or "activity" or "type of firearm". See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census

Form. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I have not hunted since being discharged from the military. I utilized a 12 gauge shot gun or a .308 rifle when I infrequently hunted while in my teens. I wore soft ear plugs with ear cans over top. I cannot recall the exact brand of ear cans that I wore.

**INTERROGATORY NO. 65:**

If Any of Your family member(s) have had hearing loss, Identify the family member(s) And Your relationship to them.

**RESPONSE TO INTERROGATORY NO. 65:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, misleading, vague, ambiguous and unclear, in part as it fails to reasonable contain limitations as to time and scope, and fails to define "hearing loss" and "relationship". See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information Defendants sought with the Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory improperly presumes or attempts to imply that if "any of [Plaintiff's] family member(s) have had hearing loss" for any reason that therefore, Plaintiff's hearing loss was caused by or related to a supposed medical or genetic issue, which is not accurate and/or not within Plaintiff's personal knowledge. Further, Plaintiff objects on the ground that "hearing loss" is a medical term and Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to render the expert or legal conclusions or opinions sought through this interrogatory as to Plaintiff's family member's medically diagnosed hearing loss.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  My father has hearing loss.  Also, my grandfather who is now deceased had hearing loss. My father's name is: Lewis Charles Keefer Sr.   My grand-father's name was: Converse Wellington Keefer Sr.

**INTERROGATORY NO. 66:**

If You have ever received a hunting And/Or gun license, State the year of the license, the status of the license, And the weapon which You were licensed to operate.

**RESPONSE TO INTERROGATORY NO. 66:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not

relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope, and fails to define "hunting and/or license" or "gun" or "weapon." Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff further objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiff objects to this Interrogatory to the extent it is redundant to Defendants' other Interrogatories relating to non-occupational weapons use, including Interrogatories Nos. 7, 63, and 64. Plaintiff objects to this Interrogatory to the extent it attempts a fishing expedition into Plaintiff's constitutionally protected firearm ownership, and seeks to harass Plaintiff through exposure of information unrelated to the claims herein. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of licenses regardless of whether Plaintiff used or was exposed to weapons fire attendant to such licenses. Plaintiff objects to this Interrogatory as nonsensical to the extent it improperly suggests any hunting or gun license is a "license[] to operate" any specific weapon.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows:

I have never been issued a hunting license. I am a certified law enforcement officer and possess a concealed carry weapon permit. I obtained my concealed carry license in 2017 and it expires in 2027. I am licensed to carry a concealed semi-automatic pistol, a derringer, or a revolver. The license is issued through the State of Oklahoma.

**INTERROGATORY NO. 67:**

If You have filed a lawsuit Or made a claim involving Personal injuries other than this case, Identify the Court, the case name, the names of adverse parties, the civil action number if filed, And for how much the matter was resolved.

**RESPONSE TO INTERROGATORY NO. 67:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Specifically,

Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope, and fails to define "claim" or "personal injuries" or "adverse parties." Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I have not filed a lawsuit or made a claim involving personal injuries other than this case.

**INTERROGATORY NO. 68:**

If within the past ten (10) years You have ever been convicted of, Or pled guilty to, a felony Or completed serving a sentence for a felony conviction, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted Or entered the plea, the criminal action number assigned to the matter, And the sentence imposed.

**RESPONSE TO INTERROGATORY NO. 68:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response: I have not been convicted of or pled guilty to a felony, nor have I served a sentence for a felony conviction.

**INTERROGATORY NO. 69:**

If within the past ten (10) years You have been convicted of, Or pled guilty to, a misdemeanor involving lying, false Statements, cheating, fraud, Or dishonesty, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted Or entered

the plea, the criminal action number assigned to the matter, And the sentence imposed.

**RESPONSE TO INTERROGATORY NO. 69:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I have never been convicted of, or pled guilty to, a misdemeanor involving lying, false statements, cheating, fraud, or dishonesty.

**INTERROGATORY NO. 70:**

Identify Any individuals who are depicted in Any photographs, films, movies, And video recordings that You produce in response to Requests for Production 17, 21, 27, And 29.

**RESPONSE TO INTERROGATORY NO. 70:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope. See Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other less burdensome and more efficient means or manners of discovery such as a deposition.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:  I did not produce any photographs, films, movies or video recordings in response to the following Requests For Production 17, 21, 27 or 29.  I do not currently have any responsive materials in my possession, but will continue to conduct a proportional and reasonably diligent search.

DATED:  July 7, 2020            Respectfully submitted,

                               */s/ W. Troy Bouk*
                               W. Troy Bouk, FL Bar No. 43384
                               tbouk@levinlaw.com
                               LEVIN PAPANTONIO THOMAS MITCHELL
                               RAFFERTY & PROCTOR, PA
                               316 S. Baylen St., Suite 400
                               Pensacola, FL 32502
                               Phone: (850) 435-7155 / Fax: (850) 435-7020
                               *Attorneys for Plaintiff Lewis Keefer*