# Exhibit 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG | ) |
| PRODUCTS LIABILITY LITIGATION | ) CASE NO. 3:19-MD-2885 |
| | ) |
| This Document Relates to: | ) |
| Dustin McCombs, 7:20cv94-MCR/GRJ | |

**PLAINTIFF DUSTIN L. MCCOMBS SUPPLEMENTAL**
**OBJECTIONS & ANSWERS TO DEFENDANT 3M'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:    Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654.

COMES NOW, Plaintiff, Dustin L. McCombs, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's second Supplemental Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff.  As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change these responses.

Dated:  July 1, 2020

**Respectfully Submitted,**

BY:    */s/ Taylor C. Bartlett*

Taylor C. Bartlett
**Heninger Garrison Davis, LLC**
2224 First Avenue North
Birmingham, AL 35213
Phone: 205.427.6630
Fax: 205-380-8085
taylor@hgdlawfirm.com

1

## GENERAL OBJECTIONS

Plaintiff objects generally to Defendant's First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserve:

    a.    All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

    b.    Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

    c.    Plaintiff's right at any time to revise, correct, add to, or clarify any of their responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; or (3) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into

may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein.

### PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify All Persons who have knowledge of or information concerning the Allegations in the Master Long Form Complaint, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties, including information reflecting Plaintiff's personal knowledge as reflected elsewhere in these Interrogatories.    Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Long Form Complaint contains Plaintiff's allegation that used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Short Form Complaint contains Plaintiff's allegation that he suffers tinnitus.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Master Long Form Complaint contains nearly five hundred paragraphs alleging in detail Defendants' decades of misconduct in the design, testing, marketing, and sale of the CAEv2.  The Master Long Form Complaint includes allegations regarding matters of public record, which may be known to any person.  The Master Long Form Complaint also includes allegations regarding the conduct and mental state of Defendants and their agents, with regard to which Defendants have full

knowledge, and Plaintiff only the information divulged by Defendants in the course of discovery. The Persons with knowledge concerning the vast majority of the Allegations in the Master Long Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response to again identify those Persons.

Plaintiff objects that the majority of the allegations in the Complaint were developed in Counsel's investigation or in discovery, and that Plaintiff therefore does not have personal knowledge with regard to those facts. Plaintiff states that Plaintiff's personal knowledge is limited to Plaintiff's receipt and use of the CAEv2, Plaintiff's exposure to Defendants' misrepresentations regarding the CAEv2, and Plaintiff's subsequent auditory injuries.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff's Counsel nevertheless identifies the following individuals as Persons who have knowledge or information concerning the Allegations in the Master Long Form Complaint. To the extent Plaintiff's Counsel is aware of relevant deposition testimony given by an individual reflecting such information or knowledge, Plaintiff has identified the date(s) of those depositions. Plaintiff's Counsel also provides summaries of the information and knowledge that document discovery has revealed to date with regard to each individual. Such summaries are not intended to narrow or otherwise limit the facts about which each listed individual has knowledge or information, which facts have been revealed to all Parties in the course of discovery, and may be further expanded as discovery continues:

Plaintiff and his counsel.

Dustin McCombs
c/o Taylor C. Bartlett
**Heninger Garrison Davis, LLC**
2224 First Avenue North
Birmingham, AL 35213
Phone: 205.427.6630
Fax: 205-380-8085
taylor@hgdlawfirm.com

Plaintiff's knowledge includes, but is not limited to, his individual hearing related issues, his medical history, his use of the CAEV2, his military history, and related information.

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Adams, Lindsay | N/A | Sales and Marketing of CAEv2 |
| Anthony, Marc | N/A | Contracting Officer, Defense Logistics Agency; Military Procurement of CAEv2 |
| Augustine, Rick | N/A | Military Procurement of CAEv2 |
| Babeu, Lorraine | 3/10/2020 (MDL) | Lieutenant Colonel, U.S. Army (retired); Audiologist; lack of specifications for the CAEv2 |
| Bair, Jeffrey | N/A | Sales and Marketing of CAEv2, Instructions and Packaging of CAEv2 |
| Bealer, Joel | N/A | Commander, U.S. Navy (ret.); Former Deputy Director of Safety and Occupational Health, Bureau of Medicine and Surgery; Military Testing of CAEv2, Military Procurement of CAEv2 |
| Berger, Elliott | 4/2/2013 (Moldex I); 10/8/2015 (Moldex II); 11/12/2019 (MDL) 11/13/2019 (MDL) 12/10/2019 (MDL) 12/11/2019 (MDL) | Audiologist and co-inventor of CAEv2; Testing and Development of the CAEv2, lack of specifications for the CAEv2, Instructions for the CAEv2, interactions between Defendants and military regarding CAEv2 |
| Buccellato, Gina | N/A | Design and Testing of CAEv2 |
| Bushman, Julie | 10/20/2015 (Moldex II) | Head of Regulatory Affairs; Sales and Marketing of CAEv2 |
| Charton, Daryl | N/A | Sales and Marketing of CAEv2 |
| Cheek, Scott | N/A | Sales and Marketing of CAEv2 |
| Cimino, Mike | 12/11/2019 (MDL) | 3M Marketing Manager; Marketing and Sales of the CAEv2 |
| Clingman, John | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Coleman, Jennifer | 3/3/2020 (MDL) | Defendants' fraud on the U.S. Government relating to the CAEv2 |

6

| Person | Deposition Date(s) | Role, Knowledge, Information |
| --- | --- | --- |
| Colston, Mary | N/A | Design and Testing of CAEv2 |
| Doty, Marc | N/A | Testing and Development of CAEv2 |
| Dugan, Latricia ("Trisha") | N/A | Administrative assistant to Gary Warren |
| Dunn, Christine | N/A | Instructions and Packaging for the CAEv2 |
| Edwards, Mike | N/A | Sales and Marketing of CAEv2 |
| Falco, Robert ("Bob") | 2/11/2020 (MDL) 2/12/2020 (MDL) | Design Engineer and Co-Inventor of CAEv2, Testing and Development of the CAEv2, Instructions for the CAEv2 |
| Fallon, Eric | N/A | Sales and Marketing of the CAEv2 |
| Foley, George | N/A | Sales and Marketing of CAEv2, Military Procurement of CAEv2 |
| Franks, John R. | 2/17/2016 (Moldex II) | Defective design of CAEv2 |
| Gatica, Albert | N/A | Supervisor, Defense Logistics Agency; Military Procurement of CAEv2, Military Specifications for CAEv2 |
| Gavin, Frank | 1/29/2020 (MDL) | Director of Government Sales; Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Geier, Tom | N/A | Military Procurement of CAEv2 |
| Grannis, Vaughn B. | N/A | Sales and Marketing of CAEv2 |
| Hager, Lee | N/A | Instructions and Packaging for CAEv2 |
| Hamer, Jeffrey ("Jeff") | 10/17/2015 (Moldex II); 12/18/2019 (MDL) | EARcal Lab Supervisor; Testing and Development of the CAEv2 |
| Harrison, Michael ("Mike") | N/A | Sales and Marketing of CAEv2 |
| Hobbs, Brian | N/A | Supervisory Audiologist, Navy and Marine Corps Public Health Center; Military Specifications for CAEv2, Military Testing of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Jokel, Chuck | N/A/ | Noise Control Engineer, U.S. Army Hearing Program; Military Procurement of CAEv2, Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jones, Jason | N/A | Sales and Marketing of CAEv2 |
| Jurney, John | N/A | Design and Testing of CAEv2, Manufacturing and Quality Assurance of CAEv2 |
| Kieper, Ronald W. | 10/9/2015 (Moldex II) 12/19/2019 (MDL) 12/20/2019 (MDL) | EARcal Laboratory Acoustic Technician; Testing and Development of the CAEv2 |
| Kladden, Cynthia ("Cyd") | 1/31/2020 (MDL) | Technical Secretary; Testing and Development of CAEv2, Instructions for the CAEv2, Labeling of CAEv2 |
| Klun, Robert ("Bob") | N/A | Testing and Development of CAEv2 |
| Knauer, Richard ("Dick") | 12/17/2019 (MDL) | EARcal Laboratory Supervisor; Testing and Development of the CAEv2 |
| Komada, John | N/A | Military Procurement of CAEv2 |
| Kronzer, Joseph | N/A | Testing and Development of CAEv2 |
| LaValle, Tom | N/A | Military Procurement of CAEv2 |
| Levinson, Eric | 9/30/2015 (Moldex II) | Testing and Development of the CAEv2 |
| Little, Frank | N/A | Sales and Marketing of CAEv2 |
| Madison, Ted | 12/10/2019 (MDL) | 3M Hearing Technical Specialist; Instructions and Packaging for CAEv2, Testing and Development of CAEv2, Regulations for Hearing Protection Devices |
| Martinez, Rafael | N/A | Manufacturing and Quality Assurance for CAEv2 |
| McGinley, Brian S. | 4/2/2013 (Moldex I) 12/20/2019 (MDL) | Business Director for Hearing Protection; Marketing and Sales of the CAEv2 |

8

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| McNamara, Timothy K. | 3/11/2020 (MDL) | Sales Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Merkley, John | 2/26/2020 (MDL) | Lieutenant Colonel, U.S. Army; Audiologist; Military hearing protection needs, Military interactions with Defendants regarding the CAEv2. |
| Michael, Kevin L. | 10/29/2015 (Moldex II) | Design and Testing of CAEv2 |
| Morris, Rick | N/A | Marketing and Sales of CAEv2 |
| Moses, Doug | 4/4/2013 (Moldex I) 20/21/2015 (Moldex II) 10/17/2019 (MDL) 12/5/2019 (MDL) 12/6/2019 (MDL) | CAEv2 Brand Manager; Marketing and Sales of the CAEv2 and Distribution of the CAEv2 |
| Murphy, Peter ("Pete") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Construction Marketing; Marketing and Sales of the CAEv2 |
| Myers, Brian | 9/29/2015 (Moldex II) 10/18/2019 (MDL) 12/12/2019 (MDL) 12/13/2019 (MDL) | CAEv2 Brand Manager; lack of specifications for CAEv2; Instructions and Packaging for the CAEv2; Marketing and Sales of the CAEv2, Testing and Development of the CAEv2 |
| Noblitt, April | N/A | Marketing and Sales of CAEv2, Instructions and Packaging for CAEv2 |
| Nostin, Ann | N/A | Marketing and Sales of the CAEv2 |
| Notter, Ronda E. | N/A | Marketing and Sales of the CAEv2 |
| Ohlin, Doug | 5/24/2013 (Moldex I) | Civilian Military Audiologist, 3M Consultant; Design and Testing of CAEv2, Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
| --- | --- | --- |
| Pawlowski, Walter C. | 10/23/2015 (Moldex II) | Marketing, Sales and Distribution of CAEv2, Military Procurement of CAEv2 |
| Ramirez, Selina | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Robinette, Marty | N/A | Colonel, Hearing Center of Excellence; Design and procurement of CAEv2 |
| Rosen, Gilad | N/A | Procurement of CAEv2; testing of CAEv2; Defendants' fraud on the U.S. Government |
| Saleem, Mohammed | N/A | Design and Testing of CAEv2 |
| Salon, Martin ("Marty") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Military Sales; Marketing and Sales of the CAEv2 |
| Santoro, Mark | 12/3/2019 (MDL) | Brand Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Savage, David ("Dave") | N/A | Sales and Marketing of CAEv2 |
| Schott, Brian | N/A | Chief of DLA Medical Surgical Manufacture Division |
| Shaver, Annette | N/A | Instructions and Packaging for CAEv2, Testing and Development of CAEv2 |
| Sidor, Thomas | N/A | Contracting Officer, DLA; Government Procurement of the CAEv2 |
| Smith, Pegeen | N/A | Sales and Marketing of CAEv2, Instructions and Packaging for CAEv2 |
| Spahn, Kevin | N/A | Instructions and Packaging for CAEv2 |
| Stergar, Michael ("Mike") | N/A | Design and Testing of CAEv2 |
| Stobbie, Chuck W. | N/A | Sales and Marketing of CAEv2 |
| Throndsen, Ron | N/A | Sales and Marketing of CAEv2 |
| Todor, Steve | N/A | Testing and Development of CAEv2, Manufacturing and Quality Assurance for CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Tomson, Tom | N/A | Sales and Marketing of CAEv2 |
| Tremblay, Julie | 12/9/2019 (MDL) | Head of Regulatory Affairs; Regulations for Hearing Protection Devices, Instructions and Packaging for the CAEv2 |
| van de Werken, Philip | N/A | Sales and Marketing of CAEv2 |
| Viele, David A. | N/A | Instructions and Packaging for CAEv2 |
| Warren, D. Garrad ("Gary") | 1/23/2020 (MDL) | President of Aearo North American Safety Products Group; Marketing and Sales of the CAEv2 |
| Wells, Lauraine ("Laurie") | N/A | Regulations for Hearing Protection Devices, Instructions and Packaging for CAEv2 |
| Zielinski, Robert ("Bob") | N/A | Manufacturing and Quality Assurance of CAEv2, Military Procurement of CAEv2 |

**INTERROGATORY NO. 2:**

Identify All Persons who have knowledge of or information concerning the Allegations in Your Master Short Form Complaint, including Any amendments thereto, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents. Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Short Form Complaint adopts by reference all allegations set forth in the Master

11

Long Form Complaint. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, Plaintiff refers Defendants to Plaintiff's Response to Interrogatory No. 1.

The Master Short Form Complaint contains Plaintiff's allegation that used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff, to the best of his knowledge, was provided instruction regarding the CAEv2 by drill sergeants in basic training as well as leadership when he was deployed. He does not recall specific names. Plaintiff also refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Form Complaint contains Plaintiff's allegation that he suffers tinnitus. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60. Specifically, Interrogatory No. 8 provides the names of those with whom Plaintiff has discussed his tinnitus. Interrogatories Nos. 8-11 provides the names of healthcare providers with whom Plaintiff has discussed his tinnitus. Plaintiff does not recall any other persons, excluding legal counsel, who possess knowledge that he suffers from tinnitus.

The remaining portions of the Master Short Form Complaint consist of basic information regarding Dustin L. McCombs. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's allegations regarding Plaintiff's name, spouse, and residence, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Persons with knowledge concerning the vast majority of the Allegations in the Master Short Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response.

**INTERROGATORY NO. 3:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Initial Census Questions, including Any amendments thereto, and State All facts

about which they have knowledge or information.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.   Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Initial Census Questions seek basic information regarding Plaintiff's military service, military occupation specialty, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.   To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, Plaintiff's occupation specialty, or Plaintiff's assignment to various duty stations, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff. The best source for this information is the records which have been produced labeled "DOD Touhy Response."

The Initial Census Questions seek some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff, to the best of his knowledge, was provided instruction regarding the CAEv2 by drill sergeants in basic training as well as leadership when he was deployed. He does not recall specific names. Plaintiff also refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Initial Census Questions seek information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses, and Plaintiff's awareness of Plaintiff's

injury.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, 60. Specifically, Interrogatory No. 8 provides the names of those with whom Plaintiff has discussed his tinnitus. Interrogatories Nos. 8-11 provides the names of healthcare providers with whom Plaintiff has discussed his tinnitus. Plaintiff does not recall any other persons, excluding legal counsel, who possess knowledge that he suffers from tinnitus.

The remaining portions of the Initial Census Questions consist of basic information regarding Dustin L. McCombs.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's state of residence and duration of residence there, the identity of the law firm representing Plaintiff, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

**INTERROGATORY NO. 4:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet, including Any amendments thereto, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would purport to require Plaintiff to identify anything other than facts.   Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff objects to this Interrogatory to the extent it is an improper use of the Bellwether Selection Sheet, including in that the Bellwether Selection Sheet is not a discovery device, and its use was restricted to the Bellwether Selection process. Plaintiff also objects to this Interrogatory to the extent it mischaracterizes information in the Bellwether Selection Sheet as "statements that [Plaintiff] made," despite that the contents of the Bellwether Selection Sheet were not affirmed by Plaintiff.  Plaintiff provides this response with the

14

assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Bellwether Selection Sheet seeks basic information regarding Plaintiff's military service, deployment, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, or Plaintiff's assignment to various duty stations, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff. The best source of this information is records which have been produced labeled "DOD Touhy Response."

The Bellwether Selection Sheet seeks some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2, the model of CAEv2 that Plaintiff used, and any related instructions or fitting processes.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Bellwether Selection Sheet seeks information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses and treatments, and Plaintiff's awareness of Plaintiff's injury.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60. Specifically, Interrogatory No. 8 provides the names of those with whom Plaintiff has discussed his tinnitus. Interrogatories Nos. 8-11 provides the names of healthcare providers with whom Plaintiff has discussed his tinnitus. Plaintiff does not recall any other persons, excluding legal counsel, who possess knowledge that he suffers from tinnitus.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's exposure to noise, machinery, and weapons in the course of Plaintiff's military service.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those

15

allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 5, 6, 30, 33, 35, 36, 37, 38, 39, and 48. Specifically, Interrogatory No. 5 identifies individuals who Plaintiff currently recalls who served with him in the military and were present when he fired weapons in training or combat. Additionally, CPL Brett Workman and SFC David Cox were in the vehicle with Plaintiff when said vehicle was struck by an IED in 2009.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's average annual income.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 53, 55, 56, and 57.  Plaintiff, to the exclusion of current and former employers and accountants, is the only individual with information regarding his annual income.

The Bellwether Selection Sheet seeks basic demographic information regarding Dustin L. McCombs.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's spouse, Plaintiff's spouse's date of birth, Plaintiff's state of residence, Plaintiff's gender, or the identity of the law firm representing Plaintiff, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

**INTERROGATORY NO. 5:**

Identify All Persons who served with You in the military that were present when You fired weapons in training Or combat.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.

16

Subject to and without waiving the above objections, as reflected in Plaintiff's service records, and according to Plaintiff's memory, Plaintiff served in the 501st Parachute Infantry, 4th Brigade, 25th Infantry Division, Apache Company (ACo), and 1st Platoon.  Members of Plaintiff's units from March 2008 through July 2011 may have been present on at least one occasion when Plaintiff fired a weapon.  According to Plaintiff's memory, Plaintiff served at the following Duty Stations:

| Plaintiff's Duty Station | Plaintiff's Departure Year from Duty Station |
|---|---|
| Ft Benning, GA | 2008 |
| Ft Erwin, CA | 2008 |
| Anchorage, AK – 501st A Co. | 2009 |
| Afghanistan, FOB Kwah | 2010 |
| Anchorage, AK | 2011 |

Each and/or any person who served at of each listed Duty Station may have been present on at least one occasion when Plaintiff fired a weapon.

Plaintiff further identifies, without limitation, the following specific individuals as among those present on at least one occasion when Plaintiff fired a weapon:

- ██████████████████, Specialist
- ██████████████████, Sergeant
- ██████████████████, Specialist
- ██████████████████, Specialist

**INTERROGATORY NO. 6:**

Identify All Persons who have knowledge of whether Or not You wore a Hearing Protection Device when exposed to loud noises in the military, including loud noises from weapons fire And transport vehicles.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed

solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.

Subject to and without waiving the above objections, Plaintiff refers to his answer to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify All Persons who were present when You fired any weapon recreationally, including hunting or target shooting.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate. As written, it asks Plaintiff to "Identify All Persons who were present when You fired any weapon recreationally," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation, and would require Plaintiff to provide information beyond his personal knowledge. Plaintiff further objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope. Plaintiff further objects to this request on the ground that it improperly presumes that Plaintiff fired any weapon recreationally. Plaintiff objects to this interrogatory because it seeks information that is not relevant, including seeking information unrelated to the product at issue and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to and without waiving the above objections, Plaintiff states that the following may have been present when he fired a weapon recreationally:

- ███████████████████████████ who may be contacted through the undersigned

18

counsel]

- ██████████████████████████████

**INTERROGATORY NO. 8:**

Identify All Persons with whom You have discussed your hearing loss or tinnitus, and, for Each, State whether the discussion was verbal or written and the date(s) the discussion took place.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory would require Plaintiff to "Identify All Persons with whom You have discussed your hearing loss or tinnitus" which would require Plaintiff to potentially identify dozens of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope. Plaintiff objects to this interrogatory to the extent it seeks information irrelevant to the claims and defenses in this matter, including the medium in which Plaintiff communicated about Plaintiff's injury. Plaintiff objects to this interrogatory to the extent that it seeks information by the applicable attorney-client and attorney work product privileges. Fed. R. Civ. P. 26(b)(5).

Subject to and without waiving the above objections, Plaintiff, his counsel, and his counsel's legal staff have discussed Plaintiff's tinnitus on numerous occasions since they were retained. Plaintiff is unable to specifically identify each and every time.  Additionally, Plaintiff has orally discussed his tinnitus with the following persons but is unable to specifically identify each and every time:

- ████████████████████████████████ who may be contacted through the undersigned counsel]

- ██████████████████████████████

- █████████████████████████████

- █████████████████████████████

19



**INTERROGATORY NO. 9:**

Identify All health care professionals, physicians, audiologists, military or occupational nurse or other hygienist, treating facilities, clinics, therapists, and/or other medical facilities or providers that have examined Your ears and/or hearing, including the date of the examination, Any diagnoses made regarding Your hearing or ears, and Any recommendations made regarding Your hearing or ears.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff states that information responsive to this Interrogatory is most easily gleaned from document productions made pursuant to those releases and authorizations, including:

- Alvin C. York VAMC in Murfreesboro, TN.

Subject to and without waiving the above objections, Plaintiff states that he recalls the following providers and facilities but does not specifically recall the dates or diagnoses made by each:

- ██████████ at the Alvin C. York VAMC in Murfreesboro, TN.
- ██████████ at the Alvin C. York VAMC in Murfreesboro, TN.
- Gallipolis VA Clinic in Gallipolis, OH.
- Murfreesboro Testing Center at the Alvin C. York VAMC in Murfreesboro, TN.

**INTERROGATORY NO. 10:**

Identify All health care professionals, physicians, audiologists, military or occupational nurses or other hygienists, treating facilities, clinics, therapists, and/or other medical facilities or providers that have diagnosed You with the injury or condition that You Allege was caused by Your

use of the CAEv2, the injury or condition that Each Person diagnosed You with and the date of the diagnosis.

**RESPONSE TO INTERROGATORY NO. 10:**

      Subject to and without waiving Plaintiff's General Objections, Plaintiff states that he recalls the following providers and facilities but he does not specifically recall the dates of diagnoses made by each:

- Alvin C. York VAMC
- ▮▮▮▮▮▮▮▮▮▮ at the Alvin C. York VAMC in Murfreesboro, TN.
- ▮▮▮▮▮▮▮▮▮▮ at the Alvin C. York VAMC in Murfreesboro, TN.
- Gallipolis VA Clinic in Gallipolis, OH.
- Murfreesboro Testing Center at the Alvin C. York VAMC in Murfreesboro, TN.
- ▮▮▮▮▮▮▮▮▮▮ – Medic that attended to Plaintiff in Afghanistan.

**INTERROGATORY NO. 11:**

      Identify All audiograms, tympanograms, speech reception tests or Any other hearing- related test results, medical records, hearing aid referrals or prescriptions, or other Documents that identify the injuries that You Allege were caused by the CAEv2, including the date(s) of those audiograms, tympanograms, speech reception tests or Any other hearing-related test results, medical records, hearing aid referrals or prescriptions, and/or other Documents, the entity that generated those records, and the injury Identified in those records.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it seeks information regarding "any other hearing-related test results, medical records…prescriptions [and] other documents." Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical

authorization provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff refers Defendants to his medical and military records that have been produced through MDL Centrality labeled as "VA Touhy Response", "Plaintiff Document Production with Bates", "Bates stamped VA Touhy Response", "Bates Stamped DOD Response", and "Other - Bates Stamped Document Production". Plaintiff also recalls having audiograms taken of him during his military career by the military but does not recall who took them or the dates of when they were taken. Subject to and without waiving the above objections, Plaintiff recalls the following non-military providers and facilities conducted various hearing tests but does not specifically recall the dates or names of the tests made by each:

- █████████████ at the Alvin C. York VAMC in Murfreesboro, TN.
- █████████████ at the Alvin C. York VAMC in Murfreesboro, TN.
- Gallipolis VA Clinic in Gallipolis, OH.
- Murfreesboro Testing Center at the Alvin C. York VAMC in Murfreesboro, TN.

**INTERROGATORY NO. 12:**

If You received hearing tests, including but not limited to audiograms, tympanograms, speech reception tests or Any other hearing test, while You served in the military, State the date(s) of the hearing test(s) and whether or not Any hearing loss or other hearing disorder was identified.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this discovery request as unreasonably cumulative or duplicative of Interrogatory No. 11. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to and without waiving the above objections, Plaintiff refers Defendants to his medical and military records that have been produced through MDL Centrality labeled as "VA Touhy Response", "Plaintiff Document Production with Bates", "Bates stamped VA Touhy Response", "Bates Stamped DOD Response", and "Other - Bates Stamped Document Production". Plaintiff also recalls having audiograms taken of him during his military career by the military but does not recall who took them or the dates of when they were taken.

**INTERROGATORY NO. 13:**

Describe in detail the injuries or conditions that You Allege were caused by Your use of the CAEv2, including but not limited to how the injuries or conditions affect Your ability to communicate and understand conversations or to detect, identify, localize and/or otherwise hear and attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury," or "condition," and further fails define or explain "detect, identify, localize" and "attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment." Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving the above objections plaintiff has sustained tinnitus that was caused by his use of the CAEv2. Plaintiff's tinnitus causes serious issues with distinction of background noise and phone calls are especially difficult. If there is background noise during a phone call, Plaintiff is often unable to hear the person on the other end. When Plaintiff is exposed to any noise over a low whisper, it causes prolonged periods of ringing in his ears. The ringing persists throughout the night at times. He strains to hear persons or televisions at normal volumes and is required to ask people to either repeat themselves or increase their volume above normal conversation level. This is especially true when there is any background noise.

**INTERROGATORY NO. 14:**

Identify All hearing assistive devices, ear drops, or any other devices, medications or therapies that have been prescribed by or recommended to You by a medical provider, including the date that You were prescribed, the name of the medical provider who prescribed such devices, and

Any diagnoses made regarding Your hearing or ears in prescribing such devices.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome, and vague, in part as it fails to define or explain "ear drops, or any other devices, medications or therapies," and further in that it fails to contain reasonable limitations as to time or scope. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical authorization provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff does not recall any such devices or ear drops.

**INTERROGATORY NO. 15:**

If You have Any pain in Your ears, Describe in detail the pain that You experience, the frequency with which You experience the pain, the date on which the pain began, and the date on which You last experienced the pain.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "pain," and seeks information regarding "Any pain in Your ears," with no limitations as to time, scope, cause, types, or otherwise. As written, this Interrogatory would require Plaintiff to describe anything he subjectively views as pain in his ears for the entirety of his life exceeding a 30 year time span. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to and without waiving the above objections, Plaintiff experiences ringing and itching in his ears.  He experiences the ringing constantly and it increases with exposure to noise.  The itching

24

occurs approximately once a day.  Both began in approximately 2009 and are still ongoing today.

**INTERROGATORY NO. 16:**

If You have a sensation of fullness or pressure in one or both of Your ears, Identify the ear(s) in which You have a sensation of fullness or pressure, the date on which the sensation began, the frequency with which You experience such sensation, and the date on which You last experienced such sensation.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "a sensation of fullness or pressure in…Your ears," and otherwise seeks information with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to and without waiving the above objections, Plaintiff experiences pressure in both ears at times which is increased by swimming or pressurized situations. Plaintiff cannot pinpoint the specific time at which the pressure began but believes it to be within the last five or so years. The frequency of pressure is also not definable, but it occurs more often in pressurized situations. Plaintiff last experienced the fullness within the last week.

**INTERROGATORY NO. 17:**

If You have Any noises, sounds, buzzing, whooshing, or ringing in Your ear(s), Describe the noises, sounds, buzzing, whooshing, or ringing, including the date on which the sound began, the frequency with which You hear the sound, whether the sound fluctuates or stays constant, whether the sound bothers You, whether the sound keeps You awake when trying to sleep, the date on which you last experienced such sound, and whether the sound is getting worse or remaining approximately the same.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case. Plaintiff object to this Interrogatory to the extent it contains no limitations as to time, scope, or otherwise. As written, this Interrogatory asks Plaintiff to describe "any noises, sounds, buzzing, whooshing, or ringing in your ears…," which would include every sound or noise that Plaintiff hears, and therefore is overbroad, vague, and unclear. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff has tinnitus in both his ears, which creates constant sounds of crickets in his ear. Also, Plaintiff's tinnitus alternates with the sounds of an ocean like a whooshing sound.  If exposed to an unexpected noise louder than normal conversation, ringing lasts sometimes days at a time. These sounds make it hard to fall asleep. Plaintiff last experienced these sounds this week and the sounds are getting slightly worse over time.

**INTERROGATORY NO. 18:**

If fluid drains from Your ears, Identify the ear(s) from which the fluid drains, the date on which You first noticed fluid draining, the frequency of such drainage, the date on which you last experienced such drainage, the color of the fluid, and whether the fluid has an odor.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "fluid" that "drains from Your ears," with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this Interrogatory as vague, ambiguous, unclear, and misleading to the extent it fails to define "fluid" and "drains." Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this

26

interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical authorization provided by Plaintiff.  Subject to and without waiving the above objections, Plaintiff is unaware of any fluid drain from his ears.

**INTERROGATORY NO. 19:**

If You have had ear surgery, Describe the surgery, including the date of the surgery and the doctor who performed the surgery.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, vague, ambiguous, and unclear to the extent that it fails to define "surgery" or contain any limitations as to time or scope. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.  Subject to and without waiving the foregoing objections, Plaintiff has not had ear surgery.

**INTERROGATORY NO. 20:**

Describe Any prescription medications You take or have taken to date, including the name of the medication, frequency and duration of taking each medication.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving Plaintiff's General Objections, Plaintiff provides the following response:

Subject to and without waiving the above objections, Plaintiff refers Defendants to his medical and military records  that have been produced through MDL Centrality labeled as "VA Touhy Response", "Plaintiff Document Production with Bates", "Bates stamped VA Touhy

Response", "Bates Stamped DOD Response", and "Other - Bates Stamped Document Production"..
He is currently taking Lisinopril (once per day) and Omeprazole (once per day) but does not recall
when he started taking them.  Plaintiff recalls taking the following prescription medications at some
point in the past but does not recall the specifics: Cholecalciferol, Prozac, Diclofenac, Trazadone,
Sertraline, and Hydrochlorothiazide.

**INTERROGATORY NO. 21:**

Identify Any pharmacies at which you have filled prescription medications.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad, unduly
burdensome, and sought solely for the purpose of harassment and not relevant to the matters at issue
or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any
limitations as to time or scope.

Subject to and without waiving the above objections, Plaintiff has used the VA pharmacy at
the Alvin C. York VAMC and the attendant online VA pharmacy.  At times, Plaintiff has also used
CVS Pharmacy in various parts of the southeast, mostly when he was travelling for work.  Plaintiff
does not recall the specific pharmacy addresses.   Plaintiff may have also used the Chattanooga VA
pharmacy but does not recall specifically.

**INTERROGATORY NO. 22:**

If You have ever been diagnosed with Any medical condition or disease, Identify the
condition or disease, the date of diagnosis, the diagnosing doctor, Any treatment prescribed, whether
You were hospitalized, the date of hospitalization, if any, and whether You received IV antibiotics.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, irrelevant, unduly
burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case
to the extent it fails to define "medical condition or disease," and further to the extent it seeks
information regarding "Any medical condition or disease" that Plaintiff was ever diagnosed with,
and contains no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this

interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert conclusions that this interrogatory seeks. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff refers Defendants to his medical and military records that have been produced through MDL Centrality labeled as "VA Touhy Response", "Plaintiff Document Production with Bates", "Bates stamped VA Touhy Response", "Bates Stamped DOD Response", and "Other - Bates Stamped Document Production". To the best of his recollection, Plaintiff has been diagnosed with ████ tinnitus, high blood pressure, pituitary gland tumor and a ventral hernia. Plaintiff was diagnosed with ████ in 2015. He was also diagnosed with tinnitus in 2015. He was diagnosed with a pituitary gland tumor in 2020 and high blood pressure in approximately 2015 or 2016. These diagnoses were at the Alvin C York VAMC but Plaintiff does not recall the diagnosing doctor or other specifics.

**INTERROGATORY NO. 23:**

Describe All injuries, including head injuries, that You sustained during Your Military service, including the date that You sustained the injuries and the circumstances surrounding those injuries.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

29

Subject to and without waiving the above objections, Plaintiff refers Defendants to his medical and military records that have been produced through MDL Centrality labeled as "VA Touhy Response", "Plaintiff Document Production with Bates", "Bates stamped VA Touhy Response", "Bates Stamped DOD Response", and "Other - Bates Stamped Document Production". Plaintiff also specifically identifies that hernia surgery while enlisted through the U.S. Military. Plaintiff sustained a concussion, but not a TBI, in April 2009 after his military vehicle was attacked.

**INTERROGATORY NO. 24:**

State the size of Your ear canal and All factual bases for such Statement, including but not limited to any ear canal sizing or earplug sizing performed and communicated to you by a provider such as an audiologist.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, and misleading, in that it does not define "size" or "ear canal," or provide a scale for the requested ear canal size (*e.g.*, small-large; a numerical scale; or some alternative). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory needed to provide an opinion or conclusion on the "size of [Plaintiff's] ear canal." Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff is unaware of "the size of his ear canal."

**INTERROGATORY NO. 25:**

Identify Any awards, medals, honors, or commendations that You have received in connection with Your military service, including the dates You received those awards.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this interrogatory to the extent that the information sought is most easily acquired by a review of the service records which are equally accessible to the Defendant.

Subject to and without waiving the above objections, Plaintiff states that he has produced medical records containing this information.  Plaintiff specifically recalls receiving the following: Army Achievement Medals, Arcom with Valor, and the Overseas Service Medal for his service before being Honorably Discharged.  He does not specifically recall the dates he received these awards and may have received additional awards not presently in his recollection.

**INTERROGATORY NO. 26:**

If You were ever deployed in combat, please Identify the location, dates of deployment, Your primary duties while deployed, and whether you experienced live fire at or from the enemy in combat.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it fails to define the facially overbroad and ambiguous terms "primary duties" and "combat" and "live fire." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this Interrogatory seeks information beyond his personal knowledge to the extent it requires Plaintiff to determine whether any given encounter constituted "live fire at or from the enemy in combat" and the identity of any other combatants or sources of fire. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects that the information sought may otherwise be contained within the service records produced. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff was deployed to Afghanistan, Paktika Provence at the FOB Waza Kwah from approximately March 2009 through March 2010. Plaintiff was an Infantryman and a gunner on military vehicles. Plaintiff experienced live fire at and from the enemy.

**INTERROGATORY NO. 27:**

Describe how You first acquired the CAEv2, including who first issued You the CAEv2 and the date on which they issued You the CAEv2.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "*how* [Plaintiff] first acquired the CAEv2."  *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorizations provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff believes that he first acquired the CAEv2 in training at Ft. Benning in approximately mid-2008 by the U.S. Military.

**INTERROGATORY NO. 28:**

If you were fitted with the CAEv2 by another person, describe the process by which you were fitted, including the person(s) who fitted you with the CAEv2, the date(s) and location(s) you were fitted, how you were fitted, and whether or not the person fitting you with the CAEv2 rolled back any of the flanges on the opposite end of the CAEv2 during the fitting process.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it does not define the terms "fitted" or "fitting process" or "rolled back" or "location(s) you were fitted" or "flange" or "opposite end."  *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that this interrogatory, as phrased, "If you were fitted….by another person, describe the process by which you were fitted" inherently seeks information outside of Plaintiff's personal knowledge. Plaintiff objects to this interrogatory to the extent it is irrelevant and/or

immaterial.

Subject to and without waiving the above objections, Plaintiff does not recall being fitted with the CAEv2 by another person.

**INTERROGATORY NO. 29:**

If You acquired more than one pair of the CAEv2, Describe how You acquired subsequent CAEv2s, including who issued You the subsequent CAEv2s and the date on which they issued You the CAEv2.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff recalls that he was issued by the U.S. Military at least one pair of CAEv2 in Alaska at Ft Richardson (JABR).  He believes this date was approximately August 2008.  Also, he recalls that he was issued by the U.S. Military at least one pair of CAEv2 in Afghanistan, Paktika Provence at the FOB Waza Kwah in 2009 or 2010.

**INTERROGATORY NO. 30:**

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, and the types of noises that You were exposed to while using the CAEv2.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to this interrogatory to the extent it is irrelevant and/or immaterial. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained

through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving the above objections, Plaintiff recalls wearing the CAEv2 numerous times during training exercises at Ft. Benning, Ft. Richardson, Ft. Erwin, and during deployment and combat in Afghanistan.  While wearing the CAEv2, Plaintiff was exposed to gunfire, explosions (an IED), machine gun fire, mortar rounds, RPGs, and artillery cannons.  Plaintiff cannot recall each specific circumstance or the specific dates.

**INTERROGATORY NO. 31:**

Describe the specific circumstances or situations in which You wore the green end of the CAEv2, and your understanding of the specific circumstances in which You were supposed to wear the green end of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user always wears both ends if they are wearing these plugs. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1).). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving the above objections, Plaintiff believes that in basic training at Ft. Benning he was informed to wear the green end inside his ear and the yellow end to the outside of his ear to block the most noise possible.  Plaintiff recalls wearing the yellow end to the outside of his ear when he encountered constant noise such as during repeated weapons training and firing.  He cannot recall specific situations.

**INTERROGATORY NO. 32:**

Describe the specific circumstances or situations in which You wore the yellow end of the

CAEv2 and your understanding of the specific circumstances in which You were supposed to wear the yellow end of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user wears both ends.  Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information similarly sought through Interrogatory No. 32. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving the above objections, Plaintiff believes that in basic training at Ft. Benning he was informed to wear the yellow end inside his ear and the green end to the outside of his ear to block the harmful noise but still allow him to hear and communicate.  Plaintiff recalls wearing the green end to the outside during missions when it was necessary to communicate to fellow soldiers.

**INTERROGATORY NO. 33:**

Describe Each instance in which You have worn a Hearing Protection Device other than the CAEv2, including the name of the Hearing Protection Device, the years in which You wore the Hearing Protection, the circumstances in which You wore the Hearing Protection Device, and the types of noises that You were exposed to while using the Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, including in that it seeks information on "types of noises" without defining or describing

any such types. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "the types of noises that You were exposed to while using the Hearing Protection Device," which would require the identification of sounds that Plaintiff could not hear because of his use of a Hearing Protection Device. Plaintiff objects on the ground that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding "types of noises," sound or otherwise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought within Interrogatories including Nos. 3, 6, and 14. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, to the best of his recollection Plaintiff recalls that he used foam earplugs while in the U.S. Military in 2008. He cannot recall the specific dates nor the circumstances. These were used only on rare instances as the CAEv2 were primarily used.  Plaintiff has also used over the ear noise cancelling hearing protection devices on the rare occasions on which he has recreationally shot weapons.

**INTERROGATORY NO. 34:**

Describe in detail any complaints you made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, and the substance of the complaint.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part due to its failure to define the term "complaint." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff recalls making comments to

fellow soldiers about the CAEv2 appearing to loosen but does not recall specifically when or to who he made the comments. He does not recall making any formal complaints to his chain of command or even recognizing at the time he made the above comments that the loosening was potentially bad.

**INTERROGATORY NO. 35**:

Describe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions.

**RESPONSE TO INTERROGATORY NO. 35**:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," or "exposed to" or "weapons" or "heavy machinery," which are vague and subjective. Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information sought within these Interrogatories including Nos. 6, 36, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff recalls being exposed gunfire, generators, munitions, helicopters, vehicles running, and artillery shooting.

**INTERROGATORY NO. 36**:

Describe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad, vague, ambiguous and unclear, in part as it fails to contain any reasonable limitations as to time or scope, and further fails to define "weapons" or "operated." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought within these Interrogatories including Nos. 6, 35, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff recalls operating the following: MK19 Grenade Launcher, M2 .50 Caliber Machine Gun, M240B Machine Gun, M4, and M9. Plaintiff wore the CAEv2 while using all of these weapons. Plaintiff also wore traditional foam plugs while using weapons on a few rare occasions. He does not recall using any other hearing protection devices.

**INTERROGATORY NO. 37:**

Describe Any basic or advanced weapons training You received in connection with Your military service, including the date of training, the weapons fired during training, and the Hearing Protection Devices worn while firing weapons during training.

**RESPONSE TO INTERROGATORY NO. 37:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous

and unclear, in part that it fails to define "weapons training" or "basic or advanced weapons training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information otherwise sought within these Interrogatories. Further, the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff has basic training in the following: MK19 Grenade Launcher, M2 .50 Caliber Machine Gun, M240B Machine Gun, M4, and M9. Plaintiff was weapons squad leader at times, and thus had advanced training in M240B and M2 .50 Caliber Machine gun. Plaintiff wore CAEv2 in these situations but does not recall the specific dates on these trainings. Plaintiff also wore traditional foam plugs on a few rare occasions.

**INTERROGATORY NO. 38:**

If You were exposed to Any weapon, machinery, and/or Any other loud noises while in the Military, please Describe in detail All circumstances in which You did so, including the weapon(s), machinery, and/or loud noises you were exposed to without a Hearing Protection Device, and the frequency and duration of use without using a Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 38:**

Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to subjectively determine what constitutes a "loud noise." Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Subject to and without waiving the above objections, in Plaintiff's role as Airborne Infantry 11B, Plaintiff was exposed to the noises attendant to the responsibilities of that role, including MK19 Grenade Launcher, M2 .50 Caliber Machine Gun, M240B Machine Gun, M4, generators,

munitions, helicopters, vehicles running, and artillery shooting .  When exposed to such noises, Plaintiff always wore a Hearing Protection Device.

**INTERROGATORY NO. 39:**

If You were exposed to Any explosions while in the Military, including Improvised Explosive Device (IED) explosions, State the date of such exposure, the circumstances of the exposure, and which Hearing Protection Device You were wearing, if any.

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part as it fails to define "exposure" or "circumstances," and otherwise as it fails to contain reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory is cumulative, duplicative, and may be better ascertained through other less burdensome and more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff was the top gunner in Afghanistan and his vehicle struck an IED in 2009 while he was in the turret. He was wearing CAEv2 hearing protection at the time. During combat he was also exposed to mortar rounds as well as RPGs. He was wearing CAEv2 hearing protection at the times of these exposures as well.

**INTERROGATORY NO. 40:**

Describe in detail All circumstances in which the CAEv2 fell completely out of Your ears after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, confusing, misleading, ambiguous and unclear in that it fails to define "fell" and fails to contain

reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory pre-supposes the "CAEv2 fell completely out of" Plaintiff's ears, and further, improperly attempts to conflate Plaintiff's potential awareness that the "CAEv2 fell completely out of" Plaintiff's ears (if applicable) with Plaintiff's knowledge of a potential defect and/or lack of fit and/or lack of protection.

Subject to and without waiving the above objections, Plaintiff states that the CAEv2 would occasionally fall out on ruck marches wearing ruck sacks when encountering large bumps in vehicles or during unusually fast movements where the Plaintiff's head would rotate quickly. This usually happened on the CAEv2 that had cords.  When they came out, Plaintiff would immediately put them back in his ears.  Plaintiff was never in a situation where they had fallen out and he experienced a loud noise.

**INTERROGATORY NO. 41:**

Describe in detail All circumstances in which you perceived that the CAEv2 loosened in Your ear(s) after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Plaintiff objects to this Interrogatory as vague and ambiguous in that it fails to define "loosened" or "inserted."  Plaintiff further objects to this Interrogatory as irrelevant and misleading to the extent it suggests either that (1) the defective loosening of the CAEv2 was perceptible to users; or that (2) a user's subjective perception of such loosening, on its own, could make that user question the efficacy of the CAEv2 or the accuracy of Defendants' misrepresentations regarding the CAEv2.  To the extent this Interrogatory seeks information regarding the defective and imperceptible loosening of the CAEv2, Plaintiff refers Defendants to the portion of Plaintiff's Response to Interrogatory No. 49 on that topic.

Subject to and without waiving the above objections, Plaintiff perceived the CAEv2 to

sometimes loosen in his ears.  When they did so, Plaintiff would immediately re-insert and re-seal the CAEv2 as trained. Plaintiff has no current memory of the specific circumstances of the loosening**.**

**INTERROGATORY NO. 42:**

State whether, upon insertion of one end of the CAEv2, the flanges from the opposite end contacted Your ear.

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part in that it fails to contain reasonable limitations as to scope, and fails to define "upon insertion" or "flanges" or "opposite end" or "ear" or "contacted." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought in these Interrogatories including Nos. 28, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions or conclusions sought by this interrogatory.

Subject to and without waiving the above objections, the flanges from the opposite side of the CAEv2 that were inserted into the ear sometimes touched some of Plaintiff's ear.

**INTERROGATORY NO. 43:**

If You folded back Any of the flanges of the opposite end of the CAEv2 while using the CAEv2, Describe in detail the circumstances in which You folded back the flanges.

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part as it fails to define "flanges" or "opposite end" or "folded" or "while using" or "circumstances." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought

in these Interrogatories including Nos. 28, 42, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions and conclusions sought by this interrogatory. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff states that he does not recall folding back the flanges from the opposite side of the CAEv2 that were inserted into the ear.

**INTERROGATORY NO. 44:**

Describe in detail Any instruction(s) or training that You were provided on how to use the CAEv2, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training.

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time or scope, and fails to define "instruction(s)" or "training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally available to the requesting party.

Subject to and without waiving the above objections, Plaintiff recalls that he received some training on how to wear the CAEv2 during basic training at Ft. Benning.  However, as this was more than 10 years ago, Plaintiff cannot recall the specifics.  He does recall, however, that he received step by step instructions on all aspects of his uniform.  He recalls that instructions were broken down to the most simple steps and was taught how to wear them.  He recalls being instructed about inserting the CAEv2 into the ear and which side to wear for which use, as described in responses 31 and 32.

**INTERROGATORY NO. 45:**

If You were instructed to roll or fold back Any of the flanges on the CAEv2, Describe in detail the circumstances in which You were instructed to do so, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means.

## RESPONSE TO INTERROGATORY NO. 45:

Plaintiff objects to this interrogatory on the ground that it is overbroad, confusing, vague, burdensome, ambiguous and unclear, in part as it fails to define "roll" or "fold" or "flanges" or "circumstances" or "instructed" or "instructions" or "training," and fails to otherwise contain reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought in these Interrogatories including Nos. 28, 42, and 43. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to the extent that all or part of the information sought is equally available to the requesting party, or may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff states that he does not recall being instructed to fold back any of the flanges of the CAEv2.

## INTERROGATORY NO. 46:

Describe in detail Any hearing loss or tinnitus You had prior to joining the military.

## RESPONSE TO INTERROGATORY NO. 46:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this request. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records

44

both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff had none.

**INTERROGATORY NO. 47:**

Describe in detail whether and how Your hearing loss and tinnitus has changed since You were discharged from the military.

**RESPONSE TO INTERROGATORY NO. 47:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus" or "has changed." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff states that his tinnitus has worsened. He does not suffer hearing loss.

**INTERROGATORY NO. 48:**

Describe in detail All circumstances or events in which You allege You were exposed to noise while wearing the CAEv2 that You allege caused or contributed to Your injury.

**RESPONSE TO INTERROGATORY NO. 48:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "circumstances or events" or "exposed to noise" or "while wearing." *See* Fed. R. Civ. P.

26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects on the ground that the information sought in this interrogatory may be more readily ascertained through other means of discovery, including deposition. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the above objections, Plaintiff was exposed to noise while wearing the CAEv2 during combat in Afghanistan in 2009 and 2010.  Plaintiff also was exposed to noise while wearing the CAEv2 during training from 2008-2011.  Plaintiff cannot recall the exact dates, times, circumstances, or locations of each noise exposure.  However, he wore the CAEv2 while exposed to live fire.

**INTERROGATORY NO. 49:**

Describe in detail All alleged defects with the CAEv2 that You believe caused or contributed to Your injuries and that form the basis of the allegations in the Master Long Form Complaint and Your Master Short Form Complaint.

**RESPONSE TO INTERROGATORY NO. 49:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify documents. Plaintiff objects to this Interrogatory to the extent it is a premature contention Interrogatory, and to the extent it prematurely seeks an expert opinion.  Plaintiff objects to this Interrogatory to the extent that it seeks information regarding the defects in the CAEv2 that is more easily available from another source, such as Defendants' own records, the military's investigation into Defendants' misconduct, and/or expert analysis and testimony to be generated at a later time in this litigation.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.  Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response regarding the unreasonably dangerous defects with the CAEv2:

As Defendants know and have disclosed in their own produced documents, the CAEv2 is

defective because it loosens imperceptibly in the user's ear.  *See* "Flange Report," 3M_MDL000728811.  This imperceptible loosening lets damaging sounds enter the user's ear canal by traveling around the outside of the earplug, while the user incorrectly believes that the earplug is working as intended.  The harm attendant to the imperceptible nature of this loosening is compounded by Defendants' deceptive marketing claims regarding "hear-through" technology, which creates uncertainty in CAEv2 users – including even the Brand Manager of the CAEv2 – regarding whether the plug is properly sealed and providing the touted protection effectively.  *See* Moses Dep. Tr. 221:21-226:21; 3M_MDL000398074.

Further, as Defendants are also aware, the CAEv2 is defective because it is too short for proper insertion.  *See* "Flange Report," 3M_MDL000728811.  Defendants determined that this defective shortness prevents the deep insertion necessary to protect the hearing of users.  *Id*.  The CAEv2 is also defective in that its design makes it unable to fit the geometry of many ear canals.  *See* Warren Dep. 1/23/20 at 196:25–197:5.

The CAEv2 is also defective because Defendants failed to warn purchasers and users of the many ways in which the device had not been adequately or properly tested.  *First*, Defendants failed to test the CAEv2 at all before it began selling the product.  *See* 3M_MDL000257805.  *Second*, when the CAEv2 was tested, that testing was inadequate and fraudulent, in that Defendants improperly cancelled tests in progress, and improperly buried and withheld unfavorable test results from the military. *See* Kieper Dep. Tr. at 101:20-102:15; Berger 30(b)(6) Dep. Tr. at 276:3-277:4; Myers Dep. Tr. at 490:3-493:23.  *Third*, the CAEv2 defectively fails to warn its users that Defendants' testing subjects did not follow standard instructions, but rather used a reconfigured and improper method of folding back the opposing flanges before inserting the device into their ears. *See* "Flange Report," 3M_MDL000728811; Hamer Dep. Tr. at 165:20-166:1.

The CAEv2 is also defective because it fails to provide adequate warnings of the significant risks posed by the fact that the device allows dangerous sounds to bypass the earplug altogether. Defendants never shared their findings, as reflected in the Flange Report, that users of the CAEv2 who followed Defendants' instructions could not achieve the levels of hearing protection Defendants touted for the product.  *See*, *e.g.*, Merkley Dep. Tr. 331:21-332:16; *id.* at 327:8-329:1; *see also* Babeu Dep. Tr. 171:18-175:14; Coleman Dep. Tr. 202:15-203:12.  The CAEv2 is defective in that it contains no warning of this risk to users, and Defendants failed to provide any such warning by any other means.

The defects in the CAEv2 that contributed to or caused Dustin L. McCombs's injury include

the design, warning, and instructional deficiencies enumerated above, as well as additional defects revealed to all Parties in document discovery and depositions, all of which will be further clarified over the course of expert discovery.

**INTERROGATORY NO. 50:**

Identify Each Statement regarding the CAEv2 that You relied upon in using the CAEv2 and that You claim is false.

**RESPONSE TO INTERROGATORY NO. 50:**

Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' misrepresentations regarding the CAEv2 that is more easily available from another source, such as Defendants' own records, or the military's investigation into Defendants' misconduct. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's fraud claims. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Defendants are fully aware of the false statements upon which they intended purchasers and users to rely, including the following:

- the closed end of the CAEv2 provides an NRR of 22;

- the open end of the CAEv2 provides an NRR of zero;

- the green end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the yellow end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the CAEv2 is protective at noise levels up to 193dB;

- the CAEv2 is protective at noise levels up to 190dB after 100 blasts;

- the CAEv2 provides adequate protection from Improvised Explosive Devices and other impulse noise

- the CAEv2 was adequately and properly tested, the falsity of which is described more fully in Plaintiff's Response to Interrogatory No. 49;

- the nonlinear technology in the CAEv2 as a "hear-through" device, which would protect users while allowing them to hear lower-level noises clearly, without impairment, and without interruption;

- the CAEv2 fits most ear canals; and that

- the CAEv2 could greatly reduce or eliminate the risk of permanent hearing damage.

Plaintiff specifically relied on the following false statements:

- the CAEv2 provides adequate protection from Improvised Explosive Devices and other impulse noise

- the nonlinear technology in the CAEv2 as a "hear-through" device, which would protect users while allowing them to hear lower-level noises clearly, without impairment, and without interruption;

- the CAEv2 fits most ear canals; and that

- the CAEv2 could greatly reduce or eliminate the risk of permanent hearing damage.

Defendants' dissemination of these misrepresentations (directly to the servicemembers injured by the CAEv2, and indirectly to those servicemembers through the Government), and Defendants' intent to induce reliance upon these misrepresentations, are beyond dispute.  In using the CAEv2, Dustin L. McCombs relied upon statements that the CAEv2 had been tested, that it provided complete protection, that its instructions could enable users to achieve a proper fit, and that it allowed users to maintain situational awareness.  Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 51:**

Identify all warranties, either express or implied, that You allege applied to Your use of the CAEv2.

**RESPONSE INTERROGATORY NO. 51:**

Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.  Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's breach of warranty claims.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to determine which of Defendants' misrepresentations constituted warranties.  Plaintiff objects to this

49

Interrogatory to the extent that it seeks information regarding Defendants' warranties regarding the CAEv2 that is more easily available from another source, such as Defendants' own records.

Counsel refers Defendants to Plaintiff's Response to Interrogatory No. 50, which contains many of the misrepresentations Defendants made regarding the CAEv2. The extent to which those misrepresentations constitute warranties applicable to Plaintiff's use of the CAEv2 will be developed over the course of later briefing.

Counsel also notes that the Medical Procurement Item Description ("MPID") contained in the U.S. Government's solicitation for the CAEv2 contains an express warranty, which states that "the ear plugs shall be free from all defects that detract from their appearance or impair their serviceability." *See* 3M_MDL000000056. Defendants also provided the express warranty contained in the Federal Acquisition Regulations, which were incorporated by reference in the MPID. *See* 3M_MDL000000023, 3M_MDl00000014; *see* 48 CFR § 52.212-4(o) ("The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.").

Finally, all other warranties available under law applied to Plaintiff's use of the CAEv2, including implied common law warranties of fitness for a particular purpose and of merchantability, as well as any warranties created under state and federal statutes.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that Plaintiff has no knowledge other than that conveyed to Plaintiff by Counsel regarding the legal determination of which of Defendants' misrepresentations constituted warranties.


**INTERROGATORY NO. 52:**

Identify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint.


**RESPONSE INTERROGATORY NO. 52:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff provides this response with the assistance of counsel, based on a combination of

Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows:

As a result of the CAEv2, Plaintiff now suffers from tinnitus and the severe consequences thereof, the categories of damages attendant to which include (i) present diminished earning capacity, (ii) future diminished earning capacity, (iii) diminished quality of life, (iv) past and future medical costs, (v) depression, mood disorder and lethargy induced by sleep deprivation (vi) ███████████ ███████████████████, and (vii) emotional damages. Plaintiff reserves the right to supplement this Interrogatory Response in light of further discovery and expert analyses, if any, conducted on the foregoing.

**INTERROGATORY NO. 53:**

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, or disabilities that have resulted in loss of income or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of diagnoses, and by whom it was first diagnosed.

**RESPONSE INTERROGATORY NO. 53:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff objects to this Interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

Subject to and without waiving the above objections, Plaintiff has experienced a ventral hernia for which medical expenses were incurred during his military career.  Plaintiff also experienced a torn ACL in 2012 and 2015, which prevented him from working.

**INTERROGATORY NO. 54:**

If You are claiming or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type and classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar standards) for your military branch of service, and State what medical or audiometric provider communicated that type and classification to you and on what date.

**RESPONSE INTERROGATORY NO. 54:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

To the extent this Interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records that will be produced by the Government which are the best source of such information and which are equally available to both Parties.  To the extent this Interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this Interrogatory prematurely seeks expert discovery.

**INTERROGATORY NO. 55:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, or other income for those days You missed Allegedly due to Your injuries and, if so, the type and amount of such income.

**RESPONSE INTERROGATORY NO. 55:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both

Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds that he is not claiming and does not expect to claim lost earnings or impairment of earning capacity.

**INTERROGATORY NO. 56**:

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same or similar job, and the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, and the name of the medical professional who confirmed the same, if any.

**RESPONSE INTERROGATORY NO. 56**:

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds that he is not claiming and does not expect to claim lost earnings or impairment of earning capacity.

**INTERROGATORY NO. 57**:

If You are claiming an impairment of Your earning capacity, State the impairment and the health care provider who diagnosed Your impairment.

**RESPONSE TO INTERROGATORY NO. 57**:

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or

"diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested and provided within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds that he is not claiming and does not expect to claim lost earnings or impairment of earning capacity.


**INTERROGATORY NO. 58:**

If You have submitted a workers' compensation claim, Veterans Affairs disability application, veterans benefits administration disability application, social security claim, or Any other form of disability application or claim for hearing-related injuries, Identify the application or claims submitted, the entity with which the claim was filed, the date the claim was filed, the claim number, the nature of the disability, the period of disability, and the status of the claim.


**RESPONSE TO INTERROGATORY NO. 58:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "claim" or "hearing-related injuries." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is irrelevant, immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information otherwise subject of

the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, Plaintiff has submitted a Veteran's Affairs disability application for service connected tinnitus.  Plaintiff was awarded a 10% disability rating in 2015 or 2016 for service connected tinnitus.  The disability continues to this day.  Plaintiff does not have any additional specific information.

**INTERROGATORY NO. 59:**

If You have applied for disability benefits to the Veterans Affairs and were denied Your request for benefits for hearing-related injuries, Describe the bases that the Veteran Affairs gave You in denying Your application for benefits.

**RESPONSE TO INTERROGATORY NO. 59:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "benefits" or "hearing-related injuries" or "bases." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is not within his personal knowledge, is irrelevant or immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or duplicative with information otherwise subject to the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, Plaintiff was not denied Veterans

Affairs disability benefits for his tinnitus.

**INTERROGATORY NO. 60:**

If You have, or someone on Your behalf has, made a claim or filed a lawsuit concerning the injuries that You claim to have sustained as a result of Your use of the CAEv2, Identify the other Persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed, and the status of the claim or lawsuit.

**RESPONSE TO INTERROGATORY NO. 60:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and otherwise fails to define "claim" or "concerning the injuries that You claim to have sustained…." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, Plaintiff has not made a claim or filed such a lawsuit and is not aware of anyone doing so on his behalf.

**INTERROGATORY NO. 61:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name and address, the dates in which You were employed there, Your job title, the nature of Your responsibilities, and Any Hearing Protection Devices that You wore on the job.

**RESPONSE TO INTERROGATORY NO. 61:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome,

ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "responsibilities" or "wore" or "on the job." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, Plaintiff states the following:

- GNC - 2012-2013 – sales associate – no hearing protection required nor worn.
- General Dynamics – 2014 – 2016 - Cell Tower Technician - Maintenance and upgrades of cell phone tower equipment – ████████████████████ ████████████ – no hearing protection required nor worn.
- Intec - 2016-2017 - Low Voltage Cable Installer – ████████████████ ████████████ - no hearing protection required nor worn.
- Ericcson – 2017-2019 - Cell Tower Technician - Maintenance and upgrades of cell phone tower equipment - ████████████████████ – no hearing protection required nor worn.
- Cardinal Recovery, LLC – 2019 – present - counselor - ████████████ ████████████ no hearing protection required nor worn.

## INTERROGATORY NO. 62:

For Each occupation that You had outside of Your service in the Military, Describe Any hearing conservation programs that You were assigned to and/or Hearing Protection Devices You were required to wear in Your occupation, including Any audiograms or other hearing tests that You received for Your occupation, the employer(s) for which You were tested, the date(s) of the hearing test(s), the Hearing Protection Devices You wore, if any, and whether or not Any hearing impairment or other hearing disorder was identified in Any hearing-related test.

## RESPONSE TO INTERROGATORY NO. 62:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome,

ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "hearing conservation program" or "assigned to" or "hearing impairment" or "hearing disorder" or "hearing-related test." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to and without waiving the above objections, Plaintiff is not aware of any hearing conservation programs that he was assigned to.

**INTERROGATORY NO. 63:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, and the dates in which You engaged in such activity.

**RESPONSE TO INTERROGATORY NO. 63:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicle" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or train noise" or "etc." or "exposed to" or "loud noise." Further, Plaintiff objects to the extent that this interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noises," which are subjective, potentially prejudicial, patently overbroad, vague, and unclear, and Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that

activities such as "sporting events, music concerts, personal headphones," "band practices," "animal kennels," "engine repair," "etc." create or cause "loud noises," and further, that it presupposes that such activities always (if ever) create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises which may include "loud noises" with potential hearing loss.

Subject to and without waiving the above objections, Plaintiff has been exposed to some level of noise at football games (he attends on average 2 per year), using lawn mowers (on average 3 times a month) and at two concerts (between 2011 and present). He has occasionally engaged in these activities since his military discharge but cannot pinpoint specifically the locations nor the times. Since the onset of Plaintiff's tinnitus, Plaintiff has always worn and continues to wear hearing protection to these events and activities.

**INTERROGATORY NO. 64:**

For Each instance in which You have shot a firearm recreationally, Describe in detail circumstances surrounding your use, including the activity in which You shot the firearm, the type of firearm You used during the activity, the dates in which You performed that activity, the frequency with which You performed that activity, the Hearing Protection Device worn during the activity, if any, and the date You last performed the activity.

**RESPONSE TO INTERROGATORY NO. 64:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "recreationally" or "circumstances" or "activity" or "type of firearm". *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the above objections, Plaintiff has recreationally shot firearms a limited number of times. Anytime he has shot outside his military duties, he used pistols (9mm, .45, and .22). When Plaintiff has shot recreationally, he has always worn noise-cancelling headset hearing protection.

**INTERROGATORY NO. 65:**

If Any of Your family member(s) have had hearing loss, Identify the family member(s) and

Your relationship to them.

**RESPONSE TO INTERROGATORY NO. 65:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, misleading, vague, ambiguous and unclear, in part as it fails to reasonable contain limitations as to time and scope, and fails to define "hearing loss" and "relationship". *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that this interrogatory improperly presumes or attempts to imply that if "any of [Plaintiff's] family member(s) have had hearing loss" for any reason that therefore, Plaintiff's hearing loss was caused by or related to a supposed medical or genetic issue, which is not accurate and/or not within Plaintiff's personal knowledge. Further, Plaintiff objects on the ground that "hearing loss" is a medical term and Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to render the expert or legal conclusions or opinions sought through this interrogatory as to Plaintiff's family member's medically diagnosed hearing loss.

Subject to and without waiving the above objections, none.

**INTERROGATORY NO. 66:**

If You have ever received a hunting and/or gun license, State the year of the license, the status of the license, and the weapon which You were licensed to operate.

**RESPONSE INTERROGATORY NO. 66:**

Plaintiff objects to this Interrogatory to the extent it is redundant to Defendants' other Interrogatories relating to non-occupational weapons use, including Interrogatories Nos. 7, 63, and Plaintiff objects to this Interrogatory to the extent it attempts a fishing expedition into Plaintiff's constitutionally protected firearm ownership, and seeks to harass Plaintiff through exposure of information unrelated to the claims herein.  Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of licenses regardless of whether Plaintiff used or was exposed to weapons fire attendant to such licenses.  Plaintiff objects to this Interrogatory as nonsensical to the extent it improperly suggests any hunting or gun license is a "license[] to operate" any specific weapon.

Subject to and without waiving the above objections, Plaintiff has a Conceal Carry Permit

(CCP) in Ohio in approximately 2019, which does not appear to be restricted to any particular type of weapon. Plaintiff had a hunting license in Alaska for bear hunting that was never used and does not recall the dates of the Alaska hunting license. Plaintiff also had a hunting license in Ohio but it has not been renewed in 3-4 years. Plaintiff cannot recall when he first obtained an Ohio hunting license.

**INTERROGATORY NO. 67:**

If You have filed a lawsuit or made a claim involving Personal injuries other than this case, Identify the Court, the case name, the names of adverse parties, the civil action number if filed, and for how much the matter was resolved.

**RESPONSE TO INTERROGATORY NO. 67:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Specifically, Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope, and fails to define "claim" or "personal injuries" or "adverse parties." Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, none.

**INTERROGATORY NO. 68:**

If within the past ten (10) years You have ever been convicted of, or pled guilty to, a felony or completed serving a sentence for a felony conviction, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

61

**RESPONSE TO INTERROGATORY NO. 68:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, none.

**INTERROGATORY NO. 69:**

If within the past ten (10) years You have been convicted of, or pled guilty to, a misdemeanor involving lying, false Statements, cheating, fraud, or dishonesty, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

**RESPONSE TO INTERROGATORY NO. 69:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to and without waiving the above objections, none.

**INTERROGATORY NO. 70:**

Identify Any individuals who are depicted in Any photographs, films, movies, and video recordings that You produce in response to Requests for Production 17, 21, 27, and 29.

**RESPONSE TO INTERROGATORY NO. 70:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other less burdensome and more efficient means or manners of discovery such as a deposition.

Subject to and without waiving the above objections, Plaintiff will identify and produce photographs, films, movies, or video in response to those Requests for Production.