# Exhibit 10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF**
**FLORIDA PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS | ) |
| EARPLUG PRODUCTS | ) CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) |
| | ) |

**<u>PLAINTIFF LUKE ESTES SUPPLEMENTAL OBJECTIONS & ANSWERS</u>**
**<u>TO DEFENDANT 3M'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

TO: Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini:
Kirkland & Ellis LLP, 300 North LaSalle  Chicago, IL 60654; and Mike Brock, Kirkland
& Ellis LLP, 300 North LaSalle  Chicago, IL 60654.


 COMES NOW, Plaintiff, Luke Estes, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated:  July 2, 2020

         **Respectfully submitted,**

         **PULASKI KHERKHER, LLP**

         */s/ Katherine Cornell*
         _____
         Katherine Cornell
         (TX Bar No. 24082858)
         E: kcornell@pulaskilawfirm.com
         2925 Richmond Ave., Ste 1725
         Houston, TX 77098
         T: 713 644-4555
         Facsimile: 713 664-7543

         **ATTORNEY FOR PLAINTIFF**

1

## GENERAL OBJECTIONS

Plaintiff objects generally to Defendant's First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserve:

      a.     All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

      b.     Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

      c.     Plaintiff's right at any time to revise, correct, add to, or clarify any of their responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally

2

be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any records requested and/or released from the Department of Veterans' Affairs and/or the Department of Defense and/or otherwise received by counsel and reviewed by Plaintiff.

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify All Persons who have knowledge of or information concerning the Allegations in the Master Long Form Complaint, and State All facts about which they have knowledge or information.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties, including information reflecting Plaintiff's personal knowledge as reflected elsewhere in these Interrogatories. Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Long Form Complaint contains Plaintiff's allegation that used the CAEv2. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Long Complaint contains Plaintiff's allegation that he suffers from hearing loss and tinnitus. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Master Long Form Complaint contains nearly five hundred paragraphs alleging in detail Defendants' decades of misconduct in the design, testing, marketing, and sale of the CAEv2. The Master Long Form Complaint includes allegations regarding matters of public record, which may be known to any person. The Master Long Form Complaint also includes allegations regarding the conduct and mental state of Defendants and their agents, with regard to which Defendants have full

knowledge, and Plaintiff only the information divulged by Defendants in the course of discovery. The Persons with knowledge concerning the vast majority of the Allegations in the Master Long Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response identify those Persons.

Plaintiff objects that the majority of the allegations in the Complaint were developed in Counsel's investigation or in discovery, and that Plaintiff therefore does not have personal knowledge with regard to those facts. Plaintiff states that Plaintiff's personal knowledge is limited to Plaintiff's receipt and use of the CAEv2, Plaintiff's exposure to Defendants' misrepresentations regarding the CAEv2, and Plaintiff's subsequent auditory injury.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff's Counsel nevertheless identifies the following individuals as Persons who have knowledge or information concerning the Allegations in the Master Long Form Complaint. To the extent Plaintiff's Counsel is aware of relevant deposition testimony given by an individual reflecting such information or knowledge, Plaintiff has identified the date(s) of those depositions. Plaintiff's Counsel also provides summaries of the information and knowledge that document discovery has revealed to date with regard to each individual. Such summaries are not intended to narrow or otherwise limit the facts about which each listed individual has knowledge or information, which facts have been revealed to all Parties in the course of discovery, and may be further expanded as discovery continues:

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Adams, Lindsay | N/A | Sales and Marketing of CAEv2 |
| Anthony, Marc | N/A | Contracting Officer, Defense Logistics Agency; Military Procurement of CAEv2 |
| Augustine, Rick | N/A | Military Procurement of CAEv2 |
| Babeu, Lorraine | 3/10/2020 (MDL) | Lieutenant Colonel, U.S. Army (retired); Audiologist; lack of specifications for the CAEv2 |
| Bair, Jeffrey | N/A | Sales and Marketing of CAEv2, Instructions and Packaging of CAEv2 |
| Bealer, Joel | N/A | Commander, U.S. Navy (ret.); Former Deputy Director of Safety and Occupational Health, Bureau of Medicine and Surgery; Military |

| Person | Deposition Date(s) | Role, Knowledge, Information |
| --- | --- | --- |
| | | Testing of CAEv2, Military Procurement of CAEv2 |
| Berger, Elliott | 4/2/2013 (Moldex I); 10/8/2015 (Moldex II); 11/12/2019 (MDL) 11/13/2019 (MDL) 12/10/2019 (MDL) 12/11/2019 (MDL) | Audiologist and co-inventor of CAEv2; Testing and Development of the CAEv2, lack of specifications for the CAEv2, Instructions for the CAEv2, interactions between Defendants and military regarding CAEv2 |
| Buccellato, Gina | N/A | Design and Testing of CAEv2 |
| Bushman, Julie | 10/20/2015 (Moldex II) | Head of Regulatory Affairs; Sales and Marketing of CAEv2 |
| Charton, Daryl | N/A | Sales and Marketing of CAEv2 |
| Cheek, Scott | N/A | Sales and Marketing of CAEv2 |
| Cimino, Mike | 12/11/2019 (MDL) | 3M Marketing Manager; Marketing and Sales of the CAEv2 |
| Clingman, John | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Coleman, Jennifer | 3/3/2020 (MDL) | Defendants' fraud on the U.S. Government relating to the CAEv2 |
| Colston, Mary | N/A | Design and Testing of CAEv2 |
| Doty, Marc | N/A | Testing and Development of CAEv2 |
| Dugan, Latricia ("Trisha") | N/A | Administrative assistant to Gary Warren |
| Dunn, Christine | N/A | Instructions and Packaging for the CAEv2 |
| Edwards, Mike | N/A | Sales and Marketing of CAEv2 |
| Falco, Robert ("Bob") | 2/11/2020 (MDL) 2/12/2020 (MDL) | Design Engineer and Co-Inventor of CAEv2, Testing and Development of the CAEv2, Instructions for the CAEv2 |
| Fallon, Eric | N/A | Sales and Marketing of the CAEv2 |
| Foley, George | N/A | Sales and Marketing of CAEv2, Military Procurement of CAEv2 |

6

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Franks, John R. | 2/17/2016 (Moldex II) | Defective design of CAEv2 |
| Gatica, Albert | N/A | Supervisor, Defense Logistics Agency; Military Procurement of CAEv2, Military Specifications for CAEv2 |
| Gavin, Frank | 1/29/2020 (MDL) | Director of Government Sales; Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Geier, Tom | N/A | Military Procurement of CAEv2 |
| Grannis, Vaughn B. | N/A | Sales and Marketing of CAEv2 |
| Hager, Lee | N/A | Instructions and Packaging for CAEv2 |
| Hamer, Jeffrey ("Jeff") | 10/17/2015 (Moldex II); 12/18/2019 (MDL) | EARcal Lab Supervisor; Testing and Development of the CAEv2 |
| Harrison, Michael ("Mike") | N/A | Sales and Marketing of CAEv2 |
| Hobbs, Brian | N/A | Supervisory Audiologist, Navy and Marine Corps Public Health Center; Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jokel, Chuck | N/A/ | Noise Control Engineer, U.S. Army Hearing Program; Military Procurement of CAEv2, Military Specifications for CAEv2, Military Testing of CAEv2 |
| Jones, Jason | N/A | Sales and Marketing of CAEv2 |
| Jurney, John | N/A | Design and Testing of CAEv2, Manufacturing and Quality Assurance of CAEv2 |
| Kieper, Ronald W. | 10/9/2015 (Moldex II) 12/19/2019 (MDL) 12/20/2019 (MDL) | EARcal Laboratory Acoustic Technician; Testing and Development of the CAEv2 |
| Kladden, Cynthia ("Cyd") | 1/31/2020 (MDL) | Technical Secretary; Testing and Development of CAEv2, Instructions for the CAEv2, Labeling of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Klun, Robert ("Bob") | N/A | Testing and Development of CAEv2 |
| Knauer, Richard ("Dick") | 12/17/2019 (MDL) | EARcal Laboratory Supervisor; Testing and Development of the CAEv2 |
| Komada, John | N/A | Military Procurement of CAEv2 |
| Kronzer, Joseph | N/A | Testing and Development of CAEv2 |
| LaValle, Tom | N/A | Military Procurement of CAEv2 |
| Levinson, Eric | 9/30/2015 (Moldex II) | Testing and Development of the CAEv2 |
| Little, Frank | N/A | Sales and Marketing of CAEv2 |
| Madison, Ted | 12/10/2019 (MDL) | 3M Hearing Technical Specialist; Instructions and Packaging for CAEv2, Testing and Development of CAEv2, Regulations for Hearing Protection Devices |
| Martinez, Rafael | N/A | Manufacturing and Quality Assurance for CAEv2 |
| McGinley, Brian S. | 4/2/2013 (Moldex I) 12/20/2019 (MDL) | Business Director for Hearing Protection; Marketing and Sales of the CAEv2 |
| McNamara, Timothy K. | 3/11/2020 (MDL) | Sales Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Merkley, John | 2/26/2020 (MDL) | Lieutenant Colonel, U.S. Army; Audiologist; Military hearing protection needs, Military interactions with Defendants regarding the CAEv2. |
| Michael, Kevin L. | 10/29/2015 (Moldex II) | Design and Testing of CAEv2 |
| Morris, Rick | N/A | Marketing and Sales of CAEv2 |
| Moses, Doug | 4/4/2013 (Moldex I) 20/21/2015 (Moldex II) 10/17/2019 (MDL) 12/5/2019 (MDL) 12/6/2019 (MDL) | CAEv2 Brand Manager; Marketing and Sales of the CAEv2 and Distribution of the CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Murphy, Peter ("Pete") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Construction Marketing; Marketing and Sales of the CAEv2 |
| Myers, Brian | 9/29/2015 (Moldex II) 10/18/2019 (MDL) 12/12/2019 (MDL) 12/13/2019 (MDL) | CAEv2 Brand Manager; lack of specifications for CAEv2; Instructions and Packaging for the CAEv2; Marketing and Sales of the CAEv2, Testing and Development of the CAEv2 |
| Noblitt, April | N/A | Marketing and Sales of CAEv2, Instructions and Packaging for CAEv2 |
| Nostin, Ann | N/A | Marketing and Sales of the CAEv2 |
| Notter, Ronda E. | N/A | Marketing and Sales of the CAEv2 |
| Ohlin, Doug | 5/24/2013 (Moldex I) | Civilian Military Audiologist, 3M Consultant; Design and Testing of CAEv2, Marketing and Sales of the CAEv2, Military Procurement of CAEv2 |
| Pawlowski, Walter C. | 10/23/2015 (Moldex II) | Marketing, Sales and Distribution of CAEv2, Military Procurement of CAEv2 |
| Ramirez, Selina | N/A | Manufacturing and Quality Assurance for CAEv2 |
| Robinette, Marty | N/A | Colonel, Hearing Center of Excellence; Design and procurement of CAEv2 |
| Rosen, Gilad | N/A | Procurement of CAEv2; testing of CAEv2; Defendants' fraud on the U.S. Government |
| Saleem, Mohammed | N/A | Design and Testing of CAEv2 |
| Salon, Martin ("Marty") | 1/29/2020 (MDL) | Vice President of Aearo Consumer and Military Sales; Marketing and Sales of the CAEv2 |
| Santoro, Mark | 12/3/2019 (MDL) | Brand Manager for CAEv2; Marketing and Sales of the CAEv2 |
| Savage, David ("Dave") | N/A | Sales and Marketing of CAEv2 |

| Person | Deposition Date(s) | Role, Knowledge, Information |
|---|---|---|
| Schott, Brian | N/A | Chief of DLA Medical Surgical Manufacture Division |
| Shaver, Annette | N/A | Instructions and Packaging for CAEv2, Testing and Development of CAEv2 |
| Sidor, Thomas | N/A | Contracting Officer, DLA; Government Procurement of the CAEv2 |
| Smith, Pegeen | N/A | Sales and Marketing of CAEv2, Instructions and Packaging for CAEv2 |
| Spahn, Kevin | N/A | Instructions and Packaging for CAEv2 |
| Stergar, Michael ("Mike") | N/A | Design and Testing of CAEv2 |
| Stobbie, Chuck W. | N/A | Sales and Marketing of CAEv2 |
| Throndsen, Ron | N/A | Sales and Marketing of CAEv2 |
| Todor, Steve | N/A | Testing and Development of CAEv2, Manufacturing and Quality Assurance for CAEv2 |
| Tomson, Tom | N/A | Sales and Marketing of CAEv2 |
| Tremblay, Julie | 12/9/2019 (MDL) | Head of Regulatory Affairs; Regulations for Hearing Protection Devices, Instructions and Packaging for the CAEv2 |
| van de Werken, Philip | N/A | Sales and Marketing of CAEv2 |
| Viele, David A. | N/A | Instructions and Packaging for CAEv2 |
| Warren, D. Garrad ("Gary") | 1/23/2020 (MDL) | President of Aearo North American Safety Products Group; Marketing and Sales of the CAEv2 |
| Wells, Lauraine ("Laurie") | N/A | Regulations for Hearing Protection Devices, Instructions and Packaging for CAEv2 |
| Zielinski, Robert ("Bob") | N/A | Manufacturing and Quality Assurance of CAEv2, Military Procurement of CAEv2 |

Plaintiff reserves all rights to amend this response as discovery develops.

10

**INTERROGATORY NO. 2:**

Identify All Persons who have knowledge of or information concerning the Allegations in Your Master Short Form Complaint, including Any amendments thereto, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.  Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Master Short Form Complaint adopts by reference all allegations set forth in the Master Long Form Complaint. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, Plaintiff refers Defendants to Plaintiff's Response to Interrogatory No. 1.

The Master Short Form Complaint contains Plaintiff's allegation that used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Master Short Form Complaint contains Plaintiff's allegation that he suffers from hearing loss and tinnitus. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The remaining portions of the Master Short Form Complaint consist of basic information regarding Luke Estes.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's allegations regarding Plaintiff's name, spouse, and

residence, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Persons with knowledge concerning the vast majority of the Allegations in the Master Short Form Complaint have already been identified in the course of discovery, and Plaintiff therefore has no obligation to supplement this Interrogatory response to identify those Persons. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 3:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Initial Census Questions, including Any amendments thereto, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would require Plaintiff to identify documents.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.  Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Initial Census Questions seek basic information regarding Plaintiff's military service, military occupation specialty, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, Plaintiff's occupation specialty, or Plaintiff's assignment to various duty stations, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Initial Census Questions seek some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2.  To the extent this Interrogatory seeks identification of all persons with knowledge or information

concerning that allegation, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Initial Census Questions seek information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses, and Plaintiff's awareness of Plaintiff's injury.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, 60.

The remaining portions of the Initial Census Questions consist of basic information regarding Luke Estes. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's state of residence and duration of residence there, the identity of the law firm representing Plaintiff, Plaintiff objects to the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

Plaintiff reserves all rights to amend this response as discovery develops, including subsequent to the completion of the Government's collection and production of records from sources including the VA and DOD.

**INTERROGATORY NO. 4:**

Identify All Persons who have knowledge of or information concerning the statements that You made in the Bellwether Selection Sheet, including Any amendments thereto, and State All facts about which they have knowledge or information.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "State" would purport to require Plaintiff to identify anything other than facts.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than himself, which Plaintiff cannot know.  Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the extent it seeks information already known to all Parties.  Plaintiff objects to this Interrogatory to the extent it is an improper use of the Bellwether Selection Sheet, including in that the Bellwether Selection Sheet is not a discovery device, and its use was restricted to the Bellwether Selection process. Plaintiff also

objects to this Interrogatory to the extent it mischaracterizes information in the Bellwether Selection Sheet as "statements that [Plaintiff] made," despite that the contents of the Bellwether Selection Sheet were not affirmed by Plaintiff.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

The Bellwether Selection Sheet seeks basic information regarding Plaintiff's military service, deployment, and duty station assignments.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  To the extent this Interrogatory seeks identification of all persons with knowledge or information, and the nature of their knowledge, concerning the dates of Plaintiff's service, or Plaintiff's assignment to various duty stations, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff.

The Bellwether Selection Sheet seeks some information regarding Plaintiff's use of the CAEv2, including the circumstances in which and the locations where Plaintiff used the CAEv2, the model of CAEv2 that Plaintiff used, and any related instructions or fitting processes.  To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, and 48.

The Bellwether Selection Sheet seeks information regarding the degree of Plaintiff's hearing loss and tinnitus in each of Plaintiff's ears, related diagnoses and treatments, and Plaintiff's awareness of Plaintiff's injury. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 8, 9, 10, 11, 12, 13, 14, 19, 48, 49, 50, 51, 52, 54, 55, 56, 57, and 60.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's exposure to noise, machinery, and weapons in the course of Plaintiff's military service.  To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories

14

Nos. 5, 6, 30, 33, 35, 36, 37, 38, 39, and 48.

The Bellwether Selection Sheet also contains Plaintiff's allegations regarding Plaintiff's average annual income. To the extent this Interrogatory seeks identification of persons with knowledge concerning those allegations, and the nature of their knowledge, Plaintiff refers Defendants to Plaintiff's Responses to the many Interrogatories with which this portion of the Interrogatory is redundant, including Interrogatories Nos. 53, 55, 56, and 57.

The Bellwether Selection Sheet seeks basic demographic information regarding Luke Estes. To the extent this Interrogatory seeks identification of all persons with knowledge or information concerning Plaintiff's name, Plaintiff's date of birth, Plaintiff's spouse, Plaintiff's spouse's date of birth, Plaintiff's state of residence, Plaintiff's gender, or the identity of the law firm representing Plaintiff, Plaintiff objects to this portion of the Interrogatory as unduly burdensome and designed solely to harass Plaintiff. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 5:**

Identify All Persons who served with You in the military that were present when You fired weapons in training or combat.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving the foregoing, I cannot recall all persons who served with me in the military that were present when I fired a weapon. However, I recall the following: ███████

███████████████████████████████████████████████████████████████████

███████████ Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 6:**

Identify All Persons who have knowledge of whether Or not You wore a Hearing Protection Device when exposed to loud noises in the military, including loud noises from weapons fire And transport vehicles.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as disproportional, unduly burdensome, and designed solely for harassment to the extent this Interrogatory would require Plaintiff to identify each person Plaintiff served with.  Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to synthesize or summarize for Defendants documents that have been produced by the U.S. Government pursuant to the *Touhy* process in this litigation, or to seek responsive information in the possession of the U.S. Government by another mechanism.  Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "knowledge" possessed by any Person other than himself, which Plaintiff cannot know. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to provide a sworn answer prior to the completion of the U.S. Government's production of records in this litigation, pursuant to PTO No. 28, and reserves all rights to supplement his response based on later-produced records.

Subject to and without waiving the foregoing, I cannot recall all persons who have knowledge of whether or not I wore hearing protection when exposed to loud noises and I cannot speak to the knowledge of another individual. However, the following were present when I was wearing hearing protection while exposed to loud noises: ███████████████████████████ ████████████████████████████ Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 7:**

Identify All Persons who were present when You fired any weapon recreationally, including hunting or target shooting.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate. As written, it asks Plaintiff to "Identify All Persons who were present when You fired any weapon recreationally," which would require Plaintiff to identify dozens (if not hundreds) of persons who have no substantive knowledge of or involvement in the issues in this litigation, and would require Plaintiff to provide information beyond his personal

knowledge. Plaintiff further objects on the ground that this interrogatory lacks specificity and fails to contain any limits as to time or scope. Plaintiff further objects to this request on the ground that it improperly presumes that Plaintiff fired any weapon recreationally. Plaintiff objects to this interrogatory because it seeks information that is not relevant, including seeking information unrelated to the product at issue and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants' fishing expedition.

Subject to and without waiving the foregoing objections, the following persons may have knowledge responsive to this Interrogatory: ███████████████████. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 8:**

Identify All Persons with whom You have discussed your hearing loss or tinnitus, and, for Each, State whether the discussion was verbal or written and the date(s) the discussion took place.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate to the needs of the case. As written, this Interrogatory would require Plaintiff to "Identify All Persons with whom You have discussed your hearing loss or tinnitus" which would require Plaintiff to potentially identify dozens of persons who have no substantive knowledge of or involvement in the issues in this litigation. Plaintiff objects on the ground that this interrogatory lacks specificity, and fails to contain any limits as to time or scope. Plaintiff objects to this interrogatory to the extent it seeks information irrelevant to the claims and defenses in this matter, including the medium in which Plaintiff communicated about Plaintiff's injury. Plaintiff objects to this interrogatory to the extent that it seeks information by the applicable attorney-client and attorney work product privileges. Fed. R. Civ. P. 26(b)(5).

Subject to and without waiving any objection, Plaintiff Luke Estes answers as follows: I have discussed my hearing loss and tinnitus with various medical providers throughout the years, including, but not limited to the audiologists that conducted audiograms. ████████████████

████████████████████████████████████████████████

████████████████████. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 9:**

Identify All health care professionals, physicians, audiologists, military or occupational nurse or other hygienist, treating facilities, clinics, therapists, and/or other medical facilities or providers

that have examined Your ears and/or hearing, including the date of the examination, Any diagnoses made regarding Your hearing or ears, and Any recommendations made regarding Your hearing or ears.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff states that information responsive to this Interrogatory is most easily gleaned from document productions made pursuant to those releases and authorizations, including records from ██████████████████████ ████████████████████████████████████████████, Plaintiff reserves the right to update this response as additional records become available.

**INTERROGATORY NO. 10:**

Identify All health care professionals, physicians, audiologists, military or occupational nurses or other hygienists, treating facilities, clinics, therapists, and/or other medical facilities or providers that have diagnosed You with the injury or condition that You Allege was caused by Your use of the CAEv2, the injury or condition that Each Person diagnosed You with and the date of the diagnosis.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff states that information responsive to this Interrogatory is most easily gleaned from document productions made pursuant to those releases and authorizations.

Subject to and without waiving Plaintiff's General and Specific Objections, see provided medical records and authorizations and Plaintiff's response to Interrogatory 9, specifically, records from ████████████████████████████████████████. Plaintiff reserves the right to update this response as additional records become available.

**INTERROGATORY NO. 11:**

Identify All audiograms, tympanograms, speech reception tests or Any other hearing- related test results, medical records, hearing aid referrals or prescriptions, or other Documents that identify the injuries that You Allege were caused by the CAEv2, including the date(s) of those audiograms,

tympanograms, speech reception tests or Any other hearing-related test results, medical records, hearing aid referrals or prescriptions, and/or other Documents, the entity that generated those records, and the injury Identified in those records.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it seeks information regarding "any other hearing-related test results, medical records . . . prescriptions [and] other documents." Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to the information within Interrogatory No. 9. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties. Both Parties have received and/or will receive records pursuant to the medical authorization provided by Plaintiff.

Subject to the foregoing objections and without waiving same, please see answers to interrogatories 9 – 10 and the medical records produced, including, but not limited to the December 14, 2016 audiogram by ▮▮▮▮▮▮▮▮. Plaintiff reserves the right to supplement this response as additional records become available.


**INTERROGATORY NO. 12:**

If You received hearing tests, including but not limited to audiograms, tympanograms, speech reception tests or Any other hearing test, while You served in the military, State the date(s) of the hearing test(s) and whether or not Any hearing loss or other hearing disorder was identified.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this discovery request as unreasonably cumulative or duplicative of the information sought within Interrogatory No. 11., in that the information can be obtained from another source that is more convenient and less burdensome, namely from medical and/or service records which are or will be equally accessible to the Defendants through the authorization(s) provided by Plaintiff. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff

also objects to this interrogatory to the extent that the information sought is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical authorizations and/or service records responsive to the parties' Touhy  requests.

Subject to and without waiving any objection, please see the answers to interrogatories 9-10 and the medical and/or service records produced. I have received various hearing tests throughout my career in the military and upon my retirement, including but not limited to February 1, 2010, September 5, 2012, January 25, 2012, October 18, 2013, March 9, 2015, July 1, 2015, March 24, 2016, December 14, 2016. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 13:**

Describe in detail the injuries or conditions that You Allege were caused by Your use of the CAEv2, including but not limited to how the injuries or conditions affect Your ability to communicate and understand conversations or to detect, identify, localize and/or otherwise hear and attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury," or "condition," and further fails define or explain "detect, identify, localize" and "attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment." Plaintiff objects to this discovery request as unreasonably cumulative or duplicative to the information sought within Interrogatory No. 9. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to medical records previously provided as well as those provided in response to Defendant 3M's Requests for Production. Additionally, the injuries caused by the CAEv2 include hearing loss and tinnitus which impact my ability to hear conversations, particularly when background noise is present. I regularly have difficulty hearing phone conversations, understanding people who speak

softly or have higher pitch voices, and understanding people in Spanish. At home, my injuries are evident in my inability to hear my wife and repeatedly requesting her to repeat herself. I retain the right to supplement or amend this answer upon review and in consideration of my medical and other records.

**INTERROGATORY NO. 14:**

Identify All hearing assistive devices, ear drops, or any other devices, medications or therapies that have been prescribed by or recommended to You by a medical provider, including the date that You were prescribed, the name of the medical provider who prescribed such devices, and Any diagnoses made regarding Your hearing or ears in prescribing such devices.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome, and vague, in part as it fails to define or explain "ear drops, or any other devices, medications or therapies," and further in that it fails to contain reasonable limitations as to time or scope. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, please see the answers to interrogatories 9-10 as well as my medical records previously produced as well as those produced in response to 3M's Request for Production. In addition, I was previously prescribed a Williams Sound Ultra Pocket Talker in 2017. Plaintiff reserves the right to supplement this response as additional records become available.

**INTERROGATORY NO. 15:**

If You have Any pain in Your ears, Describe in detail the pain that You experience, the frequency with which You experience the pain, the date on which the pain began, and the date on which You last experienced the pain.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "pain," and seeks information regarding "Any pain in Your ears," with no limitations as to time, scope, cause, types, or otherwise. As written, this Interrogatory would require Plaintiff to describe anything he subjectively views as pain in his ears for the entirety of his life. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production. Additionally, Plaintiff does not recall experiencing pain in his ears. Plaintiff reserves the right to supplement this response if additional records become available.

**INTERROGATORY NO. 16:**

If You have a sensation of fullness or pressure in one or both of Your ears, Identify the ear(s) in which You have a sensation of fullness or pressure, the date on which the sensation began, the frequency with which You experience such sensation, and the date on which You last experienced such sensation.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "a sensation of fullness or pressure in…Your ears," and otherwise seeks information with no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, please see the answer to Interrogatory Nos. 9 – 10 as well as my medical records that have been produced.

**INTERROGATORY NO. 17:**

If You have Any noises, sounds, buzzing, whooshing, or ringing in Your ear(s), Describe the noises, sounds, buzzing, whooshing, or ringing, including the date on which the sound began, the frequency with which You hear the sound, whether the sound fluctuates or stays constant, whether the sound bothers You, whether the sound keeps You awake when trying to sleep, the date on which you last experienced such sound, and whether the sound is getting worse or remaining approximately the same.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case. Plaintiff object to this Interrogatory to the extent it contains no limitations as to time, scope, or otherwise. As written, this Interrogatory asks Plaintiff to describe "any noises, sounds, buzzing, whooshing, or ringing in your ears…," which would include every sound or noise that Plaintiff hears, and therefore is overbroad, vague, and unclear. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff.

Subject to the foregoing objections and without waiving same, please see the answer to Interrogatory Nos. 13 and 15. In addition, I experience ringing in my ears for several hours at a time. When experiencing this, it can be difficult to hear background noise, make it difficult to sleep, and become distracting. Plaintiff reserves the right to supplement this request as additional records become available.

**INTERROGATORY NO. 18:**

If fluid drains from Your ears, Identify the ear(s) from which the fluid drains, the date on which You first noticed fluid draining, the frequency of such drainage, the date on which you last experienced such drainage, the color of the fluid, and whether the fluid has an odor.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "fluid" that "drains from Your ears," with no limitations as to time, scope, cause, types, or otherwise. Plaintiff

23

objects to this Interrogatory as vague, ambiguous, unclear, and misleading to the extent it fails to define "fluid" and "drains." Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks. Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production. Additionally, Plaintiff does not recall an occasion in which he experienced fluids draining from his ear(s).

**INTERROGATORY NO. 19:**

If You have had ear surgery, Describe the surgery, including the date of the surgery and the doctor who performed the surgery.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, and unclear to the extent that it fails to define "surgery" or contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production. Additionally, Plaintiff does not recall any surgical procedures related to his ears.

**INTERROGATORY NO. 20:**

Describe Any prescription medications You take or have taken to date, including the name of

the medication, frequency and duration of taking each medication.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. As written, this request seeks "Any prescription medications You take or have taken to date," which would encompass all medications, not dependent on the type or reasoning prescribed, spanning the duration of Plaintiff's life. Plaintiff objects as this interrogatory fails to contain any limitations as to time or scope. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical authorization provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, please see the medical records that have been produced. I have been prescribed ███████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████

**INTERROGATORY NO. 21:**

Identify Any pharmacies at which you have filled prescription medications.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this interrogatory on the ground that its irrelevant, overbroad, unduly burdensome, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at

issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving Plaintiff's General and Specific Objections, please see the medical records and authorizations for the VA and DOD.

**INTERROGATORY NO. 22:**

If You have ever been diagnosed with Any medical condition or disease, Identify the condition or disease, the date of diagnosis, the diagnosing doctor, Any treatment prescribed, whether You were hospitalized, the date of hospitalization, if any, and whether You received IV antibiotics.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this interrogatory on the ground that its overbroad, irrelevant, unduly burdensome, vague, ambiguous, unclear, misleading, and disproportionate to the needs of the case to the extent it fails to define "medical condition or disease," and further to the extent it seeks information regarding "Any medical condition or disease" that Plaintiff was ever diagnosed with, and contains no limitations as to time, scope, cause, types, or otherwise. Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert conclusions that this interrogatory seeks. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would require identification of medications or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108).

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production and Interrogatory 23. Additionally, Plaintiff has not received IV antibiotics to the best of his recollection. Plaintiff reserves the right to supplement this response as additional records become available.

**INTERROGATORY NO. 23:**

Describe All injuries, including head injuries, that You sustained during Your Military service, including the date that You sustained the injuries and the circumstances surrounding those injuries.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production. Plaintiff has sustained hearing loss, tinnitus, degenerative joint disease of the left and right knee, sleep apnea, and a lumbosacral strain. Plaintiff reserves the right to supplement this response as additional records become available.

**INTERROGATORY NO. 24:**

State the size of Your ear canal and All factual bases for such Statement, including but not limited to any ear canal sizing or earplug sizing performed and communicated to you by a provider such as an audiologist.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, vague, ambiguous, unclear, and misleading, in that it does not define "size" or "ear canal," or provide a scale for the requested ear canal size (*e.g.*, small-large; a numerical scale; or some alternative).

27

Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal conclusions sought by this interrogatory needed to provide an opinion or conclusion on the "size of [Plaintiff's] ear canal." Plaintiff objects to this interrogatory because it seeks information that is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objections and without waiving same, Luke Estes directs Defendants to previously provided records as well as records produced in response to 3M's Request for Production. Plaintiff believes that he has a medium-large ear canal. Plaintiff reserves the right to supplement this response as additional records become available.

**INTERROGATORY NO. 25:**

Identify Any awards, medals, honors, or commendations that You have received in connection with Your military service, including the dates You received those awards.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this interrogatory to the extent that the information sought is most easily acquired by a review of the service records which are equally accessible to the Defendant. Subject to the foregoing objections and without waiving same, Luke Estes received the following: Army Service Ribbon and National Defense Service Medal 2009, Air Assault Badge July 2009; Global War on Terrorism Service – 2012. Army Commendation Medal on 3/9/2016.

**INTERROGATORY NO. 26:**

If You were ever deployed in combat, please Identify the location, dates of deployment, Your primary duties while deployed, and whether you experienced live fire at or from the enemy in combat.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it fails to define the facially overbroad and ambiguous terms "primary duties" and "combat" and "live fire." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this Interrogatory seeks information beyond his personal knowledge to the extent it requires Plaintiff to determine whether any given encounter constituted "live fire at or from the enemy in combat" and the identity of any other combatants or sources of fire. Plaintiff objects to this interrogatory to the

extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects that the information sought is cumulative or duplicative of information that may otherwise be contained within the service records produced. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

I was not deployed in combat.

**INTERROGATORY NO. 27:**

Describe how You first acquired the CAEv2, including who first issued You the CAEv2 and the date on which they issued You the CAEv2.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "*how* [Plaintiff] first acquired the CAEv2."   *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Subject to the foregoing objections and without waiving same, I was first issued the CAEv2 earplug during my time at West Point. I do not recall the specific day, month or the name of the individual who first provided me with the earplug.

**INTERROGATORY NO. 28:**

If you were fitted with the CAEv2 by another person, describe the process by which you were fitted, including the person(s) who fitted you with the CAEv2, the date(s) and location(s) you were fitted, how you were fitted, and whether or not the person fitting you with the CAEv2 rolled back any of the flanges on the opposite end of the CAEv2 during the fitting process.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that it does not define the terms "fitted" or "fitting process" or "rolled back" or "location(s) you were fitted" or "flange" or "opposite end."  *See* Fed. R. Civ. P. 26(b)(1). Plaintiff

29

objects on the ground that this interrogatory, as phrased, "If you were fitted….by another person, describe the process by which you were fitted" inherently seeks information outside of Plaintiff's personal knowledge. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought within these Interrogatories. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the foregoing, I do not specifically recall being fitted for the CAEv2. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 29:**

If You acquired more than one pair of the CAEv2, Describe how You acquired subsequent CAEv2s, including who issued You the subsequent CAEv2s and the date on which they issued You the CAEv2.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant or immaterial. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and without waiving same, I do not recall the dates in which or how I was issued additional pairs of the CAEv2.

**INTERROGATORY NO. 30:**

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, and the types of noises that You were exposed to while using the CAEv2.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving the foregoing, I cannot recall the specific dates that I wore CAEv2, but I generally recall using them from 2009 – 2015. While wearing the CAEv2, I was

exposed to gun fire, artillery fire, and helicopters during training.

**INTERROGATORY NO. 31:**

Describe the specific circumstances or situations in which You wore the green end of the CAEv2, and your understanding of the specific circumstances in which You were supposed to wear the green end of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user always wears both ends if they are wearing these plugs. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to the foregoing objections and without waiving same, I used the green end inserted when around aircraft and tanks or any other circumstances where I was exposed to steady noise levels.

**INTERROGATORY NO. 32:**

Describe the specific circumstances or situations in which You wore the yellow end of the CAEv2 and your understanding of the specific circumstances in which You were supposed to wear the yellow end of the CAEv2.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in that, because the CAEv2 is both yellow and green, a user wears both ends. Assuming that Defendants seek to distinguish between the scenarios in which Plaintiff inserted the green end into his ear with the yellow end out, and scenarios in which Plaintiff inserted the yellow end into his ear with the green end out, Defendants' question remains incomprehensibly vague. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information similarly sought through these Interrogatories, including Interrogatory No. 32. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within

this interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to the foregoing objections and without waiving same, I used the yellow end inserted for tactical training requiring the need to communicate with peers.

**INTERROGATORY NO. 33:**

Describe Each instance in which You have worn a Hearing Protection Device other than the CAEv2, including the name of the Hearing Protection Device, the years in which You wore the Hearing Protection, the circumstances in which You wore the Hearing Protection Device, and the types of noises that You were exposed to while using the Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, including in that it seeks information on "types of noises" without defining or describing any such types. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "the types of noises that You were exposed to while using the Hearing Protection Device,"  which would require the identification of sounds that Plaintiff could not hear because of his use of a Hearing Protection Device. Plaintiff objects on the ground that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding "types of noises," sound or otherwise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought within these Interrogatories including Nos. 3, 6, and 14. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or manners of discovery. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and without waiving same, please see response to Interrogatory No. 30, 35, and 37. I recall using CAEv2 (approximately 2009 – 2015), foam earplugs (approximately 2008 – 2017), triple flange one-sided earplug (approximately 2008 – 2015), and the Moldex Battleplugs (approximately 2015 – 2017) and the Crew Vehicle Helmet.

**INTERROGATORY NO. 34:**

Describe in detail any complaints you made regarding the CAEv2 while in the Military, including the date of the complaint(s), the person(s) to whom you made the complaint, and the

substance of the complaint.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part due to its failure to define the term "complaint." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiver of the foregoing objections, I do not recall making a specific complaint to anyone regarding the CAEv2. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 35:**

Describe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions.

**RESPONSE TO INTERROGATORY NO. 35:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," or "exposed to" or "weapons" or "heavy machinery," which are vague and subjective. Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative to the information sought within these Interrogatories including Nos. 6, 36, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the foregoing general and specific objections, I was exposed to a wide range of noises including, but not limited to, M9 pistols, M4/M16 rifles, hand grenades,

artillery fire, artillery simulation explosions, M203 grenade launchers, AT4 antitank weapons, Blackhawk & Chinook Helicopters, M249, M2, Bradley 25mm guns, Strykers, M1A2 Abrams Battle Tanks, and M1s. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 36:**

Describe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff objects to this interrogatory on the ground that it is irrelevant, overbroad, vague, ambiguous and unclear, in part as it fails to contain any reasonable limitations as to time or scope, and further fails to define "weapons" or "operated." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought within these Interrogatories including Nos. 6, 35, 37, 38, and 63. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving the foregoing general and specific objections, I cannot specifically recall each time I used a specific weapon and earplug together. To the best of my recollection, I recall wearing a Crew Vehicle Helmet with a noise cancelling headset while on or around the Strykers or Abrams Battle tanks, including while firing weapons around or near the tanks, while firing the M9s, M4s, artillery simulators, M203, AT4s I wore the CAEv2, foam, triple flange, and/or the Battleplugs.

**INTERROGATORY NO. 37:**

Describe Any basic or advanced weapons training You received in connection with Your military service, including the date of training, the weapons fired during training, and the Hearing Protection Devices worn while firing weapons during training.

**RESPONSE TO INTERROGATORY NO. 37:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part that it fails to define "weapons training" or "basic or advanced weapons training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the extent this interrogatory pre-supposes that any or all "weapons" create or cause loud noises or otherwise necessitate use of a "Hearing Protective Device," which is not accurate – for example, a knife is a "weapon" and it does not necessitate use of a "Hearing Protective Device" or necessarily subject the user to damaging noise. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information otherwise sought in these of the information sought within these Interrogatories. Further, the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving the foregoing general and specific objections, I received weapons training in the following: Cadet Basic Training 2008, Air Assault School 2009, Camp Bunker Tactical Training 2009, Beast 2 Leadership Detail 2010, Cadet Leadership Development Training 2011, Armor Basic Officer Leadership Course 2012 - 2013, Bradley Leadership Course 2013, Tank Tactical Training 2013 – 2015, and Various Weapon Ranges 2015 - 2017. Additionally, see responses to Interrogatories 33, 35, and 36.

**INTERROGATORY NO. 38:**

If You were exposed to Any weapon, machinery, and/or Any other loud noises while in the Military, please Describe in detail All circumstances in which You did so, including the weapon(s), machinery, and/or loud noises you were exposed to without a Hearing Protection Device, and the frequency and duration of use without using a Hearing Protection Device.

**RESPONSE TO INTERROGATORY NO. 38:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails contain reasonable limitations as to time or scope, and fails to define "weapon," or "machinery," or "loud noises," or "exposed to." Plaintiff objects that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or "loud

noises" otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, confusing, misleading and/or unreasonably cumulative or duplicative of information sought within these Interrogatories including Nos. 6, 35, 37, 38, and 63   Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the foregoing general and specific objections, see Interrogatories No. 35 and 37. I cannot recall a specific occurrence of being exposed to a loud noise while not having my hearing protection in. I was required to have them in and required troops under my command to wear them as well. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 39:**

If You were exposed to Any explosions while in the Military, including Improvised Explosive Device (IED) explosions, State the date of such exposure, the circumstances of the exposure, and which Hearing Protection Device You were wearing, if any.

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear, in part as it fails to define "exposure" or "circumstances," and otherwise as it fails to contain reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory is cumulative, duplicative, and may be better ascertained through other less burdensome and more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, I was not exposed to IED explosions.

**INTERROGATORY NO. 40:**

Describe in detail All circumstances in which the CAEv2 fell completely out of Your ears after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, confusing, misleading, ambiguous and unclear in that it fails to define "fell" and fails to contain reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial and/or unreasonably cumulative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that this interrogatory pre-supposes the "CAEv2 fell completely out of" Plaintiff's ears, and further, improperly attempts to conflate Plaintiff's potential awareness that the "CAEv2 fell completely out of" Plaintiff's ears (if applicable) with Plaintiff's knowledge of a potential defect and/or lack of fit and/or lack of protection.

Subject to the foregoing objections and without waiving same, I recollect the earplugs falling out after getting caught on something in approximately 2011 while I was in Cadet Troop Leadership Training. I reinserted them immediately after they fell out.

**INTERROGATORY NO. 41:**

Describe in detail All circumstances in which you perceived that the CAEv2 loosened in Your ear(s) after You had inserted it.

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Plaintiff objects to this Interrogatory as vague and ambiguous in that it fails to define "loosened" or "inserted." Plaintiff further objects to this Interrogatory as irrelevant and misleading to the extent it suggests either that (1) the defective loosening of the CAEv2 was perceptible to users; or that (2) a user's subjective perception of such loosening, on its own, could make that user question the efficacy of the CAEv2 or the accuracy of Defendants' misrepresentations regarding the CAEv2. To the extent this Interrogatory seeks information regarding the defective and imperceptible loosening of the CAEv2, Plaintiff refers Defendants to the portion of Plaintiff's Response to Interrogatory No. 49 on that topic.

Subject to and without waiving Plaintiff's General and Specific Objections, I perceived the CAEv2 loosen in my ears. When they did so, I would immediately re-insert and re-seal the CAEv2 as trained. Plaintiff has no current memory of the circumstances of the loosening with the exception

of the response in Interrogatory No. 30. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 42:**

State whether, upon insertion of one end of the CAEv2, the flanges from the opposite end contacted Your ear.

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part in that it fails to contain reasonable limitations as to scope, and fails to define "upon insertion" or "flanges" or "opposite end" or "ear" or "contacted." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information previously sought within these Interrogatories otherwise including Nos. 28, 43, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions or conclusions sought by this interrogatory.

Subject to the foregoing objections and without waiving same, I have no knowledge of whether upon insertion of one end of the CAEv2, the flanges from the opposite end contacted my ear.

**INTERROGATORY NO. 43:**

If You folded back Any of the flanges of the opposite end of the CAEv2 while using the CAEv2, Describe in detail the circumstances in which You folded back the flanges.

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, misleading, confusing, vague, ambiguous and unclear, in part as it fails to define "flanges" or "opposite end" or "folded" or "while using" or "circumstances." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought within these Interrogatories including Nos. 28, 42, and 45. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to render the expert and/or legal opinions and conclusions sought by this interrogatory. Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and without waiving same, I did not fold back any of the flanges of the opposite end of the CAEv2 while using the earplug.

**INTERROGATORY NO. 44:**

Describe in detail Any instruction(s) or training that You were provided on how to use the CAEv2, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training.

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time or scope, and fails to define "instruction(s)" or "training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally available to the requesting party.

Subject to and without waiving the foregoing general and specific objections, I recall being trained to reach over my head and pull up on my ear with one hand while using the opposite hand to properly place the earplug. I do not recall who provided me with this instruction or the dates in which this instruction was provided. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 45:**

If You were instructed to roll or fold back Any of the flanges on the CAEv2, Describe in detail the circumstances in which You were instructed to do so, including but not limited to Any written or oral instructions and in-Person training, the positions and names of the Person(s) who provided the training, and the dates of the training.

**RESPONSE TO INTERROGATORY NO. 45:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, confusing, vague, burdensome, ambiguous and unclear, in part as it fails to define "roll" or "fold" or "flanges" or "circumstances" or "instructed" or "instructions" or "training," and fails to otherwise contain reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of information sought within these Interrogatories including Nos. 28, 42, and 43. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to the extent that all or part of the information sought is equally available to the requesting party or may

39

be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the foregoing general and specific objections, I do not recall being instructed to roll or fold back the flanges on the CAEv2. Plaintiff reserves the right to amend this response.

**INTERROGATORY NO. 46:**

Describe in detail Any hearing loss or tinnitus You had prior to joining the military.

**RESPONSE TO INTERROGATORY NO. 46:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this request. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, I had no hearing loss or tinnitus prior to joining the military.

**INTERROGATORY NO. 47:**

Describe in detail whether and how Your hearing loss and tinnitus has changed since You were discharged from the military.

**RESPONSE TO INTERROGATORY NO. 47:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "hearing" loss" or "tinnitus" or "has changed." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information

40

sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, please see answers to Interrogatories No. 13 and 15, additionally, I am unaware if my hearing loss have gotten worse since leaving the military. My tinnitus is still present however, it does not occur as frequently as it has in the past.

**INTERROGATORY NO. 48:**

Describe in detail All circumstances or events in which You allege You were exposed to noise while wearing the CAEv2 that You allege caused or contributed to Your injury.

**RESPONSE TO INTERROGATORY NO. 48:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in the if fails to contain reasonable limitations as to time or scope, and further fails to define "circumstances or events" or "exposed to noise" or "while wearing." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects on the ground that the information sought in this interrogatory may be more readily ascertained through other means of discovery, including deposition. Fed. R. Civ. P. 26(b)(2)(C).

Subject to and without waiving the foregoing general and specific objections, I was exposed to noise while wearing the CAEv2 in the military at Fort Benning and West Point, NY. I used the CAEv2 during training only and did not use them in combat. See responses to Interrogatories 26 and 37.

**INTERROGATORY NO. 49:**

Describe in detail All alleged defects with the CAEv2 that You believe caused or contributed

to Your injuries and that form the basis of the allegations in the Master Long Form Complaint and Your Master Short Form Complaint.

## RESPONSE TO INTERROGATORY NO. 49:

Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify documents. Plaintiff objects to this Interrogatory to the extent it is a premature contention Interrogatory, and to the extent it prematurely seeks an expert opinion. Plaintiff objects to this Interrogatory to the extent that it seeks information regarding the defects in the CAEv2 that is more easily available from another source, such as Defendants' own records, the military's investigation into Defendants' misconduct, and/or expert analysis and testimony to be generated at a later time in this litigation. Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response regarding the unreasonably dangerous defects with the CAEv2:

As Defendants know and have disclosed in their own produced documents, the CAEv2 is defective because it loosens imperceptibly in the user's ear. *See* "Flange Report," 3M_MDL000728811. This imperceptible loosening lets damaging sounds enter the user's ear canal by traveling around the outside of the earplug, while the user incorrectly believes that the earplug is working as intended. The harm attendant to the imperceptible nature of this loosening is compounded by Defendants' deceptive marketing claims regarding "hear-through" technology, which creates uncertainty in CAEv2 users – including even the Brand Manager of the CAEv2 – regarding whether the plug is properly sealed and providing the touted protection effectively. *See* Moses Dep. Tr. 221:21-226:21; 3M_MDL000398074.

Further, as Defendants are also aware, the CAEv2 is defective because it is too short for proper insertion. *See* "Flange Report," 3M_MDL000728811. Defendants determined that this defective shortness prevents the deep insertion necessary to protect the hearing of users. *Id*. The CAEv2 is also defective in that its design makes it unable to fit the geometry of many ear canals. *See* Warren Dep. 1/23/20 at 196:25–197:5.

The CAEv2 is also defective because Defendants failed to warn purchasers and users of the many ways in which the device had not been adequately or properly tested. *First*, Defendants failed to test the CAEv2 at all before it began selling the product. *See* 3M_MDL000257805. *Second*, when

42

the CAEv2 was tested, that testing was inadequate and fraudulent, in that Defendants improperly cancelled tests in progress, and improperly buried and withheld unfavorable test results from the military. *See* Kieper Dep. Tr. at 101:20-102:15; Berger 30(b)(6) Dep. Tr. at 276:3-277:4; Myers Dep. Tr. at 490:3-493:23.  *Third*, the CAEv2 defectively fails to warn its users that Defendants' testing subjects did not follow standard instructions, but rather used a reconfigured and improper method of folding back the opposing flanges before inserting the device into their ears. *See* "Flange Report," 3M_MDL000728811; Hamer Dep. Tr. at 165:20-166:1.

The CAEv2 is also defective because it fails to provide adequate warnings of the significant risks posed by the fact that the device allows dangerous sounds to bypass the earplug altogether. Defendants never shared their findings, as reflected in the Flange Report, that users of the CAEv2 who followed Defendants' instructions could not achieve the levels of hearing protection Defendants touted for the product.  *See*, *e.g.*, Merkley Dep. Tr. 331:21-332:16; *id.* at 327:8-329:1; *see also* Babeu Dep. Tr. 171:18-175:14; Coleman Dep. Tr. 202:15-203:12.   The CAEv2 is defective in that it contains no warning of this risk to users, and Defendants failed to provide any such warning by any other means.

The defects in the CAEv2 that contributed to or caused Luke Estes's injury include the design, warning, and instructional deficiencies enumerated above, as well as additional defects revealed to all Parties in document discovery and depositions, all of which will be further clarified over the course of expert discovery. Plaintiff reserves all rights to amend this response as discovery develops.

**INTERROGATORY NO. 50:**

Identify Each Statement regarding the CAEv2 that You relied upon in using the CAEv2 and that You claim is false.

**RESPONSE TO INTERROGATORY NO. 50:**

Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' misrepresentations regarding the CAEv2 that is more easily available from another source, such as Defendants' own records, or the military's investigation into Defendants' misconduct.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.  Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's fraud

claims.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff provides the following response:

Defendants are fully aware of the false statements upon which they intended purchasers and users to rely, including the following:

- the closed end of the CAEv2 provides an NRR of 22;

- the open end of the CAEv2 provides an NRR of zero;

- the green end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the yellow end of the CAEv2 is safe for use in indoor and outdoor shooting ranges;

- the CAEv2 is protective at noise levels up to 193dB;

- the CAEv2 is protective at noise levels up to 190dB after 100 blasts;

- the CAEv2 provides adequate protection from Improvised Explosive Devices and other impulse noise

- the CAEv2 was adequately and properly tested, the falsity of which is described more fully in Plaintiff's Response to Interrogatory No. 49;

- the nonlinear technology in the CAEv2 as a "hear-through" device, which would protect users while allowing them to hear lower-level noises clearly, without impairment, and without interruption;

- the CAEv2 fits most ear canals; and that

- the CAEv2 could greatly reduce or eliminate the risk of permanent hearing damage.

Defendants' dissemination of these misrepresentations (directly to the servicemembers injured by the CAEv2, and indirectly to those servicemembers through the Government), and Defendants' intent to induce reliance upon these misrepresentations, are beyond dispute.  In using the CAEv2, Luke Estes relied upon statements that the CAEv2 had been tested, that it provided complete protection, that its instructions could enable users to achieve a proper fit, and that it allowed users to maintain situational awareness. Plaintiff reserves all rights to amend this response as discovery develops.

**<u>INTERROGATORY NO. 51</u>:**

Identify all warranties, either express or implied, that You allege applied to Your use of the

CAEv2.

## RESPONSE INTERROGATORY NO. 51:

Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory as premature to the extent it would require Plaintiff to describe all evidence underlying Plaintiff's breach of warranty claims. Plaintiff objects to this Interrogatory to the extent it would require Plaintiff to determine which of Defendants' misrepresentations constituted warranties. Plaintiff objects to this Interrogatory to the extent that it seeks information regarding Defendants' warranties regarding the CAEv2 that is more easily available from another source, such as Defendants' own records.

Counsel refers Defendants to Plaintiff's Response to Interrogatory No. 50, which contains many of the misrepresentations Defendants made regarding the CAEv2. The extent to which those misrepresentations constitute warranties applicable to Plaintiff's use of the CAEv2 will be developed over the course of later briefing.

Counsel also notes that the Medical Procurement Item Description ("MPID") contained in the U.S. Government's solicitation for the CAEv2 contains an express warranty, which states that "the ear plugs shall be free from all defects that detract from their appearance or impair their serviceability." *See* 3M_MDL000000056. Defendants also provided the express warranty contained in the Federal Acquisition Regulations, which were incorporated by reference in the MPID. *See* 3M_MDL000000023, 3M_MDl00000014; *see* 48 CFR § 52.212-4(o) ("The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.").

Finally, all other warranties available under law applied to Plaintiff's use of the CAEv2, including implied common law warranties of fitness for a particular purpose and of merchantability, as well as any warranties created under state and federal statutes.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that Plaintiff has no knowledge other than that conveyed to Plaintiff by Counsel regarding the legal determination of which of Defendants' misrepresentations constituted warranties.

## INTERROGATORY NO. 52:

Identify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint.

**RESPONSE INTERROGATORY NO. 52**:

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows:

As a result of the CAEv2, I now suffer from hearing loss and tinnitus and the severe consequences thereof, the categories of damages attendant to which include (i) present diminished earning capacity, (ii) future diminished earning capacity, (iii) diminished quality of life, (iv) past and future medical costs, (v) garden variety emotional damages. Plaintiff reserves the right to supplement this Interrogatory Response in light of further discovery and expert analyses, if any, conducted on the foregoing.

**INTERROGATORY NO. 53:**

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, or disabilities that have resulted in loss of income or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of diagnoses, and by whom it was first diagnosed.

**RESPONSE INTERROGATORY NO. 53:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.   Plaintiff objects to this Interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

**INTERROGATORY NO. 54:**

If You are claiming or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type and classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar standards) for your military branch of service, and State what medical or audiometric provider communicated that type and classification to you and on what date.

**RESPONSE INTERROGATORY NO. 54:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

To the extent this Interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records that will be produced by the Government which are the best source of such information and which are equally available to both Parties.  To the extent this Interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this Interrogatory prematurely seeks expert discovery.

**INTERROGATORY NO. 55:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, or other income for those days You missed Allegedly due to Your injuries and, if so, the type and amount of such income.

**RESPONSE INTERROGATORY NO. 55:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both

Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, to the extent that Plaintiff has missed work and income attendant thereto as a result of injuries Plaintiff suffers from his use of the CAEv2, the amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this Interrogatory as premature to the extent it would require expert discovery at this stage.  Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages.

**INTERROGATORY NO. 56:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when Your return is expected, whether You are expected to return to the same or similar job, and the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, and the name of the medical professional who confirmed the same, if any.

**RESPONSE INTERROGATORY NO. 56:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff's earning capacity is diminished not only by Plaintiff's present hearing loss and tinnitus, but also in that Plaintiff has been placed in a position of heightened vulnerability to accelerated hearing loss in the future, and consequent further diminishment of earning capacity.   Plaintiff refers Defendants to his response to Interrogatory No. 55. The amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs, and Plaintiff objects to this Interrogatory as premature to the extent it would require expert discovery at this stage. Plaintiff reserves all right to amend this response as discovery develops, including expert discovery

regarding damages.

**INTERROGATORY NO. 57:**

If You are claiming an impairment of Your earning capacity, State the impairment and the health care provider who diagnosed Your impairment.

**RESPONSE INTERROGATORY NO. 57:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff objects to this interrogatory on the ground that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law. Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested within these Interrogatories; and/or may be better ascertained through other less burdensome or more efficient discovery means. Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Subject to the foregoing objections and without waiving same, see answer to Interrogatory Nos. 55-56. Plaintiff reserves the right to supplement or amend through the course of discovery.

**INTERROGATORY NO. 58:**

If You have submitted a workers' compensation claim, Veterans Affairs disability application, veterans benefits administration disability application, social security claim, or Any

49

other form of disability application or claim for hearing-related injuries, Identify the application or claims submitted, the entity with which the claim was filed, the date the claim was filed, the claim number, the nature of the disability, the period of disability, and the status of the claim.

**RESPONSE INTERROGATORY NO. 58:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "claim" or "hearing-related injuries." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it seeks information that is irrelevant and immaterial to the matters at issue in this litigation, and/or subject to the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, I have applied to and currently receive disability from Veterans Affairs. I have not applied to, nor do I receive benefits from any other claims. Plaintiff reserves the right to supplement or amend through the course of discovery.

**INTERROGATORY NO. 59:**

If You have applied for disability benefits to the Veterans Affairs and were denied Your request for benefits for hearing-related injuries, Describe the bases that the Veteran Affairs gave You in denying Your application for benefits.

**RESPONSE INTERROGATORY NO. 59:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "benefits" or "hearing-related injuries" or "bases." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

this interrogatory to the extent it seeks information that is not within his personal knowledge, is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or subject to the authorizations that Defendants seek. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, since discharge from the Military, I have received disability benefits for tinnitus. Please see provided medical records as well as previously provided authorizations.

**INTERROGATORY NO. 60:**

If You have, or someone on Your behalf has, made a claim or filed a lawsuit concerning the injuries that You claim to have sustained as a result of Your use of the CAEv2, Identify the other Persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed, and the status of the claim or lawsuit.

**RESPONSE INTERROGATORY NO. 60:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and otherwise fails to define "claim" or "concerning the injuries that You claim to have sustained…." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by

any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, I have not made a claim or filed a lawsuit concerning the injuries that I have sustained as a result of my use of the CAEv2.

**INTERROGATORY NO. 61:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name and address, the dates in which You were employed there, Your job title, the nature of Your responsibilities, and Any Hearing Protection Devices that You wore on the job.

**RESPONSE INTERROGATORY NO. 61:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "responsibilities" or "wore" or "on the job." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, from April 2017 – March 2020, I was employed at Pacific Monarch Ltd., Marina, CA 93933. I was employed as an administrative assistant at a privately owned charter bus company. My duties included dispatch, date, entry, payroll, operations, clerical admin, and human resource management.  From February 2019 –

Current, I am self-employed from home working in online retail.

**INTERROGATORY NO. 62:**

For Each occupation that You had outside of Your service in the Military, Describe Any hearing conservation programs that You were assigned to and/or Hearing Protection Devices You were required to wear in Your occupation, including Any audiograms or other hearing tests that You received for Your occupation, the employer(s) for which You were tested, the date(s) of the hearing test(s), the Hearing Protection Devices You wore, if any, and whether or not Any hearing impairment or other hearing disorder was identified in Any hearing-related test.

**RESPONSE INTERROGATORY NO. 62:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "hearing conservation program" or "assigned to" or "hearing impairment" or "hearing disorder" or "hearing-related test." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to the foregoing objections and without waiving same, none of my places of employment outside of the military required hearing protection.

**INTERROGATORY NO. 63:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, and the dates in which You engaged in such activity.

**RESPONSE INTERROGATORY NO. 63:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicle" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or train noise" or "etc." or "exposed to" or "loud noise." Further, Plaintiff objects to the extent that this interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noises," which are subjective, potentially prejudicial, patently overbroad, vague, and unclear, and Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this interrogatory pre-supposes that activities such as "sporting events, music concerts, personal headphones," "band practices," "animal kennels," "engine repair," "etc." create or cause "loud noises," and further, that it presupposes that such activities always (if ever) create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises which may include "loud noises" with potential hearing loss. Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation.

Subject to the foregoing objections and without waiving same, I mow my lawn approximately twice a month.

**INTERROGATORY NO. 64:**

For Each instance in which You have shot a firearm recreationally, Describe in detail circumstances surrounding your use, including the activity in which You shot the firearm, the type of firearm You used during the activity, the dates in which You performed that activity, the frequency with which You performed that activity, the Hearing Protection Device worn during the activity, if any, and the date You last performed the activity.

**RESPONSE INTERROGATORY NO. 64:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define

"recreationally" or "circumstances" or "activity" or "type of firearm". *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial.

Subject to the foregoing objections and without waiving same, I sighted in a .243 rifle and my 30.30 lever action rifle in October of 2016 at the Fort Benning private gun range while wearing foam earplugs. I also hunted and/or shot firearms recreationally about once or twice a year between 2008 – 2015. I recall using foam and triple flange earplugs. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 65:**

If Any of Your family member(s) have had hearing loss, Identify the family member(s) and Your relationship to them.

**RESPONSE INTERROGATORY NO. 65:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, misleading, vague, ambiguous and unclear, in part as it fails to reasonable contain limitations as to time and scope, and fails to define "hearing loss" and "relationship". *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant and immaterial. Plaintiff objects on the ground that this interrogatory improperly presumes or attempts to imply that if "any of [Plaintiff's] family member(s) have had hearing loss" for any reason that therefore, Plaintiff's hearing loss was caused by or related to a supposed medical or genetic issue, which is not accurate and/or not within Plaintiff's personal knowledge. Further, Plaintiff objects on the ground that "hearing loss" is a medical term and Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to render the expert or legal conclusions or opinions sought through this interrogatory as to Plaintiff's family member's medically diagnosed hearing loss.

Subject to the foregoing objections and without waiving same, to my knowledge, none of my family members have hearing loss.

**INTERROGATORY NO. 66:**

If You have ever received a hunting and/or gun license, State the year of the license, the status of the license, and the weapon which You were licensed to operate.

**RESPONSE INTERROGATORY NO. 66:**

Plaintiff objects to this Interrogatory to the extent it is redundant to Defendants' other

Interrogatories relating to non-occupational weapons use, including Interrogatories Nos. 7, 63, and 64. Plaintiff objects to this Interrogatory to the extent it attempts a fishing expedition into Plaintiff's constitutionally protected firearm ownership, and seeks to harass Plaintiff through exposure of information unrelated to the claims herein. Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of licenses regardless of whether Plaintiff used or was exposed to weapons fire attendant to such licenses. Plaintiff objects to this Interrogatory as nonsensical to the extent it improperly suggests any hunting or gun license is a "license[] to operate" any specific weapon.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Georgia hunting permit, 2016 and Kentucky hunting permit, 2017.

**INTERROGATORY NO. 67:**

If You have filed a lawsuit or made a claim involving Personal injuries other than this case, Identify the Court, the case name, the names of adverse parties, the civil action number if filed, and for how much the matter was resolved.

**RESPONSE INTERROGATORY NO. 67:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Specifically, Plaintiff objects that this Interrogatory fails to contain reasonable limitations as to time or scope and fails to define "claim" or "personal injuries" or "adverse parties." Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to the foregoing objections and without waiving same, I have not filed any other lawsuits.

**INTERROGATORY NO. 68:**

If within the past ten (10) years You have ever been convicted of, or pled guilty to, a felony or completed serving a sentence for a felony conviction, Identify the charge for which You were

convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

**RESPONSE INTERROGATORY NO. 68:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Subject to the foregoing objections and without waiving same, none.

**INTERROGATORY NO. 69:**

If within the past ten (10) years You have been convicted of, or pled guilty to, a misdemeanor involving lying, false Statements, cheating, fraud, or dishonesty, Identify the charge for which You were convicted (or pled guilty to), the court in which You were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

**RESPONSE INTERROGATORY NO. 69:**

Plaintiff objects to this interrogatory on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and not relevant to the matters at issue or of consequence in this litigation, and further, that the information sought through this interrogatory is sought solely for the purposes of harassment, embarrassment, or as part of Defendants fishing expedition. Plaintiff objects to this interrogatory as unreasonably cumulative or duplicative, or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege.

Subject to the foregoing objections and without waiving same, none.

**INTERROGATORY NO. 70:**

Identify Any individuals who are depicted in Any photographs, films, movies, and video recordings that You produce in response to Requests for Production 17, 21, 27, and 29.

**RESPONSE INTERROGATORY NO. 70:**

      Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff further objects to this interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials is protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other less burdensome and more efficient means or manners of discovery such as a deposition.

      Subject to the foregoing objections and without waiving same, identification of people in pictures will accompany those pictures when produced.