# Exhibit 14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS        )
EARPLUG PRODUCTS             ) CASE NO. 3:19-MD-2885
LIABILITY LITIGATION         )
                             )

**PLAINTIFF LLOYD EUGENE BAKER'S FIRST SUPPLEMENTAL**
**OBJECTIONS & ANSWERS TO DEFENDANT 3M'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF**

TO:   Defendant 3M Company ("3M"), and through its Attorneys of Record: Kimberly O. Branscome, Dechert LLP, US Bank Tower 633 W. 5th Street, Suite 4900 Los Angeles, CA 90071-2013 ; Mark Nomellini and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, **LLOYD EUGENE BAKER** through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff Lloyd Baker's First Supplemental Objections & Answers to Defendant 3M's Second Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change her responses.

Dated: June 26, 2020            **Respectfully Submitted,**

                                By: /s/ Sean Patrick Tracey
                                Sean Patrick Tracey (admitted Pro Hac Vice)
                                Texas State Bar No. 20176500
                                Shawn P. Fox (Admitted Pro Hac Vice)
                                Texas State Bar No. 24040926
                                TRACEY & FOX LAW FIRM
                                440 Louisiana St., Ste. 1901
                                Houston, Texas 77002
                                713-495-2333 Tel.
                                866-709-2333 Facsimile
                                stracey@traceylawfirm.com
                                sfox@traceylawfirm.com

                                Attorneys for Plaintiff

## GENERAL OBJECTIONS

Plaintiff objects to Defendants' Second Set of Interrogatories insofar as they exceed the permissible number of Interrogatories in this case per Federal Rule of Civil Procedure 33, and any agreements between the parties.

Plaintiff objects generally to Defendant's Second Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed to be a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe to have been inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within 14 days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects generally to Defendant's Second Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects generally to Defendant's Second Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiffs reserve:

a. All questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

b. Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

c. Plaintiff's right at any time to revise, correct, add to, or clarify any of his/her responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to

2

Defendants via other means, including information contained in and submitted via the Plaintiff's Census Questionnaire or Bellwether Selection Sheet; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's Second Set of Interrogatories to the extent that any interrogatory presupposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff generally objects to all definitions and instructions within Defendant's Second Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiffs reserve the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's Second Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any records requested and/or released from the Department of Veterans' Affairs and/or the Department of Defense and/or otherwise are received by counsel and reviewed by Plaintiff.

## PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 71:**

Describe any mental health condition(s) with which You have been diagnosed, and, for each, Identify the Person who diagnosed you with the condition(s) and the date of the diagnosis.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects on the ground that the information sought, on its face, will contain sensitive, confidential, and privileged medical, mental health, and/or other personal information that Defendants seek solely for the purpose of harassment, and which is not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitation as to time or scope, and that it fails to define "mental health" or "condition" or "diagnos[ed]." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information sought in the Census Form, Bellwether Information Sheet, within Defendants' Interrogatories, and otherwise of the mental health authorizations that Defendants sought but the Court has denied access to. Fed. R. Civ. P. 26(b)(2)(C).

**INTERROGATORY NO. 72:**

State whether You intend to offer expert testimony relevant to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the expert testimony You intend to offer.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial. Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope, and fails to define "expert" or "mental anguish" or "distress" or "loss of enjoyment of life" or "mental health condition" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought in the Census Form, Bellwether Information Sheet, within

Defendants' Interrogatories, and otherwise of the mental health authorizations that Defendants sought but the Court has denied access to. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this request to the extent it improperly and prematurely seeks information regarding expert witnesses, because the discovery of such expert materials is limited to responses to request for disclosure, expert reports and expert depositions, which at this juncture are premature. Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to quantify or qualify damages for intangible damages such as pain and suffering, impairment, mental anguish, and/or loss of enjoyment of life. Plaintiff is not required to have personal knowledge of or a personal opinion on or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065, as well as the April 28, 2020 Order.

Subject to and without waiving the foregoing objections, based in the information and records currently in Plaintiff's possession, to the extent that Plaintiff intends to offer expert testimony to support a claim of mental anguish, distress, or loss of enjoyment of life, Plaintiff will designate experts pursuant to the deadlines set forth in this Court's Case Management Order, and will disclose the identity of any expert as well as any opinions to which the expert(s) intend to offer. However, Plaintiff is unable to currently ascertain a position on this issue as he has not yet received complete records or document production from the VA and/or DoD. As discovery is ongoing, and Plaintiff has not yet received his records from the government, Plaintiff therefore reserves all rights to supplement this response as discovery develops and upon receipt and analysis of records, including those from the VA and/or DoD.

**INTERROGATORY NO. 73:**

State whether You intend to offer any evidence at trial related to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the evidence you intend to offer.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in part as it fails to contain any reasonable limitations as to time or scope, and fails to define "mental anguish" or "distress" or "loss of enjoyment of life" or "mental health condition" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this interrogatory to the extent it is unreasonably cumulative or duplicative of the information sought in the Census Form, Bellwether Information Sheet, within Defendants' Interrogatories, and otherwise of the mental health authorizations that Defendants sought

6

but the Court has denied access to. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this request to the extent it improperly and prematurely seeks information regarding expert witnesses, because the discovery of such expert materials is limited to responses to request for disclosure, expert reports and expert depositions, which at this juncture are premature. Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, and/or other information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects to this Interrogatory to the extent it would set May 15, 2020 as a deadline for a response despite the incomplete nature of the Government's record collection and production, pursuant to Pre-Trial Order 28. Plaintiff objects to this Interrogatory to the extent Defendants' definition of "Describe" would require Plaintiff to identify anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks an expert opinion.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: Plaintiff does intend to offer evidence at trial related to the mental anguish, distress, and loss of enjoyment of life caused by the CAEv2. Such evidence will include documents produced by Defendants, testimony from Plaintiff, and testimony from other individuals with percipient knowledge, including those individuals identified in Responses to Interrogatories Nos. 1-9. Plaintiff does not intend to offer any evidence relating to any mental health condition at trial. Plaintiff reserves all right to supplement this response as discovery develops.

**INTERROGATORY NO. 74:**

Please Identify all education institutions at which you are or have been enrolled.

**ANSWER:**

Plaintiff objects on the ground that pursuant to Federal Rule of Civil Procedure 33(a) and any agreements between the parties, Defendant has exceeded the allowable number of interrogatories. Plaintiff objects on the ground that pursuant to Judge Jones' March 26, 2020 Order at Dkt. No. 1065, this interrogatory is overbroad, burdensome, vague, not narrowly tailored, and seeks irrelevant information sought solely for the purposes of harassment and otherwise constitutes an impermissible fishing expedition, in part as it fails to contain reasonable limitations as to time or scope and fails to define "education institutions" or "enrolled." The identity of any educational institutions Plaintiff attended is irrelevant to the facts at issue in this matter. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiffs to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. *See also* Judge Jones' March 26, 2020 Order at Dkt. No. 1065.

Subject to and without waiving any objections, I attended the following schools during or after my military career:

- Francis Marian University, ███████
- University of Wyoming, ███████████████
- Trident Technical College, ███████████████
- American Military University (AMU), ████████████████ ███

8