# Exhibit 17



June 29, 2020

**VIA EMAIL & MDL Centrality**
Ashley Neglia
Nick Wasdin
Kirkland & Ellis LLP
300 North LaSalle St.
Chicago, IL 60654

        Re:    ***In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, 3:19-md-2885**
               ***Response to June 11, 2020 Correspondence Regarding Plaintiff Rowe***

Dear Mr. Wasdin:

      Please allow this correspondence to serve as a follow-up to our June 23, 2020 Meet & Confer regarding the various matters raised in your June 11, 2020 correspondence regarding Bellwether Plaintiff Vernon Rowe's ("Plaintiff" or "Mr. Rowe") discovery responses.

      Please see below for Plaintiff's positions on the various general and specific matters raised in Defendants' recent correspondence, and during the parties' Meet & Confer.

**I.**      **General Matters in Defendants' Letter**

      Mr. Rowe first provided his objections to Defendants' discovery requests on or about April 15, 2020. Thereafter, on May 15, 2020, Mr. Rowe served his objections and responses to Defendants' discovery requests. On June 11, 2020, Defense Counsel first claimed that Mr. Rowe's discovery responses contained "deficiencies." *See* June 11, 2020 Wasdin Ltr. That letter generally declined to address the substance of Mr. Rowe's responses, or the objections concerning proportionality and duplication, and instead provided blanket demands to supplement or repeat his responses.

      The Parties first met and conferred regarding Mr. Rowe's responses on June 22, 2020. As expressed, Mr. Rowe generally disputes Defendants' contentions that his responses to Defendants' discovery requests are deficient. To the contrary, Mr. Rowe answered Defendants' discovery to the best of his ability based upon his personal knowledge and recollection. With an ongoing desire to fully cooperate and comply with ongoing discovery obligations, Mr. Rowe plans to supplement his responses to the best of his ability, subject to and without waiving any objections, to reflect new and/or additional responsive information obtained through the course of discovery.

1

## II.   Specific Matters in Defendants' Letter – Plaintiff's Objections & Responses to Defendants' Discovery Requests.

### a. *Interrogatories*

In Defendants' June 11, 2020 correspondence you raised three (3) general issues: (1) Mr. Rowe's assertion of objections per Department of Defense ("DoD") Directive 5405.2; (2) duplicative/burdensome objections regarding the Bellwether Information Sheet; and relatedly (3) production of documents and general sufficiency of answers.

*Issue 1 – Objections re: DoD Directive:* As discussed on our recent Meet & Confer, pursuant to the Court's ruling, all objections previously asserted on the basis of DoD Directive 5405.2 will be removed, and any answers and/or responses that were withheld solely on the basis of that objection will be supplemented accordingly.

*Issue 2 – Duplicative/Burdensome Objections re: Bellwether Information Sheet*: Mr. Rowe plans to withdraw the objections relating to the Bellwether Information Sheet. Generally, to the extent this objection was originally asserted, Mr. Rowe nonetheless answered the interrogatories presented per his personal knowledge and recollection. To the extent that any responsive information was withheld and/or that the interrogatory was not answered solely on the basis of this objection, Mr. Rowe will supplement the same.

*Issue 3 –General Sufficiency of Interrogatory Answers*: Plaintiff rejects Defendants' analysis of the sufficiency of Interrogatory Responses that include references to non-party records. Defendants cite Rule 33(d) in support of their argument that many Responses are deficient simply because they refer to nonparty records. But the adequacy of Plaintiffs' Responses is determined by the scope of the Interrogatory, the scope of Plaintiffs' objections, and the scope of Plaintiffs response; and Defendants address none of those determinative factors. Mr. Rowe responded to Defendants' discovery requests based upon his personal knowledge and recollection. As such, Mr. Rowe has complied with Rule 33. Moreover, as you know, production of documents and information from third-parties, including the DoD, the VA, and others is ongoing. Plaintiff will continue to abide by the Court's requirements, including expedient review and production of documents produced by third-parties.

**Interrogatory Nos. 2-4.**

3M asserts that Plaintiff "fail[s] to identify each individual likely to have discoverable information used to support Plaintiff's claims" and that the responses are inconsistent with Plaintiff's obligations pursuant to Rule 26. Wasdin Ltr. at 1-2.

Starting with your position on the applicability of Rule 26, that Rule does not govern these responses.[1] The Parties already negotiated and agreed on the issue of Plaintiff discovery, and

---

[1] As Defendants themselves stated, Interrogatories in civil discovery are served "[p]ursuant to Rule 33 of the Federal Rules of Civil Procedure," which is the governing Rule here. *See* Interrogs. (March 12, 2020), at 1.

2

elected not to require Rule 26 initial disclosures from any Bellwether Plaintiff. This agreement is evidenced throughout the Parties' Rule 26(f) Report, which repeatedly states that the Parties discussed Initial Disclosures, but only provides a deadline for Defendants' Initial Disclosures. *See id.* § II. The Parties' proposed schedule omits any deadline for Initial Disclosures from Plaintiffs, because no such Initial Disclosures were contemplated. *See id.* § VII. The 26(f) Report expressly addresses the issue of "additional Plaintiff discovery beyond the initial census," and in that context makes no mention of Initial Disclosures, because the Parties agreed to forego them.

As to 3M's assertion of insufficiency, neither the letter nor the meet and confer addressed any of Plaintiff's objections to these interrogatories, including that they are overbroad, ambiguous and unduly burdensome, and would require significant information beyond Plaintiff's personal knowledge. 3M stated at the meet and confer that Mr. Rowe was the only individual listed, but 3M never indicated why the lists of individuals in other interrogatories expressly incorporated by reference is deficient.

Finally, your letter requests that Plaintiff immediately supplement his responses to these interrogatories, including by identifying "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the [Plaintiff] may use to support its claims or defenses." But none of the three interrogatories cited by Defendants actually pose this question

Without waiving any of his objections, Plaintiff agrees to supplement his responses to the extent that there is supplemental information to provide per his personal knowledge and recollection.

**Interrogatory Nos. 5, 6, 26, 28, 30, 34-39, 44, 45, 48, and 54.**

Plaintiff agrees to withdraw the objections based on Department of Defense Directive 5405.2. Notwithstanding the presence of the objection in Plaintiff's written responses, Plaintiff otherwise fully complied with the Court's May 29, 2020 Order and did not withhold any information on the basis of the Department of Defense's regulation.

3M asserts without basis that Plaintiff's response to Interrogatory Number 5 is inadequate. Subject to a host of objections, including the scope of the questions and that it would be unduly burdensome and disproportionate to the needs of the case to identify dozens, if not hundreds, of persons who have no substantive knowledge of the issues in this litigation, Plaintiff identified, to the best of his personal knowledge, multiple individuals present when he fired weapons in training or combat, in addition to his units and duty stations. Plaintiff believes that his response, as limited by his objections, meets the requirements of Rule 33.

**Interrogatory No. 8.**

3M does not identify an alleged deficiency, but instead requests that Mr. Rowe "confirm" the substance of his response. To the extent Defendants seek to cross-examine Plaintiff on his responses, Plaintiff's deposition is the appropriate vehicle for such cross-examination, not a letter to counsel for Rowe. To the extent Defendants' request is based on their belief that a specific responsive information was omitted, or that the response is deficient in some way, please identify the specific deficiency with sufficient particularity to give Plaintiff notice of the issue. In general,

3

seeking a reaffirmation from counsel of a response, does nothing to advance this litigation, and imposes an additional unnecessary burden on Plaintiff. Plaintiff believes that his response, as limited by his objections, meets the requirements of Rule 33.

**Interrogatory Nos. 9-13, 26, 28, 30-33, 35-38, 41-43, 45-47, 49, 52, 53, 57-65, 71, 73.**

3M requests that Plaintiff either (1) specifically incorporate responses provided in his Bellwether Information Sheet or (2) restate the relevant information in response to each of the above-referenced interrogatories. Defendants' proposals exceed the scope and requirements of the Federal Rules of Civil Procedure and the Court's Orders.

Plaintiff answered these interrogatories per his personal knowledge, and no information was withheld on the basis of the objection. Plaintiff agrees to withdraw the portion of the objection(s) that specifically refers to the Bellwether Information Sheet, and to the extent that Plaintiff gains additional information that would be responsive to these interrogatories, Plaintiff will supplement.

**Interrogatory No. 10**.

3M asks Plaintiff to confirm whether any information is being withheld on the basis of his objection that Interrogatory No. 10 may exceed the scope of the Court's April 28, 2020 Order. In your letter and during the meet and confer, 3M represented that Interrogatory No. 10 was limited to those injuries and diagnoses related to the use of the CAEv2. Plaintiff is not withholding any information on the basis of his mental health objection and Plaintiff believes that his response, as limited by his other objections, meets the requirements of Rule 33.

**Interrogatory No. 14.**

3M asserts that Plaintiff's response is insufficient under Federal Rule of Civil Procedure 33(d).

As you are aware, the records containing the information sought by many of 3M's interrogatories, including this one, are not records that originated in Plaintiff's possession, but are records that were obtained from various non-parties, including the U.S. Government, educational institutions, employers, and medical providers. These records are not Plaintiff's business records, and Plaintiff is not the author or custodian of them. All records referenced have been produced to Defendants. In many instances, Defendants have received these non-party records directly from those non-parties, before they were reviewed (for responsiveness, for privilege, or for substance) by Plaintiff or Plaintiff's Counsel.

Under these circumstances, Rule 33(d) does not require the specification that 3M requests merely because Plaintiff identifies records and custodians that are likely to contain information beyond Plaintiff's personal knowledge that is responsive to the interrogatory. Plaintiff believes that his response, as limited by his objections, meets the requirements of Rule 33.

**Interrogatories Nos. 15 & 16.**

Defendants' letter does not allege any specific deficiencies in Plaintiff's response. Plaintiff believes that his response to Interrogatory No. 15, as limited by his objections, meets the requirements of Rule 33. Plaintiff plans to supplement his response to Interrogatory No. 16.

**Interrogatory No. 20.**

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to hearing tests, and acknowledges that the best source of such information is documents produced by non-parties in this litigation. Defendants' letter does not allege any specific deficiencies in Plaintiff's response.

**Interrogatory No. 22.**

Although Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it provides significant information on Plaintiff's personal knowledge as it relates to his experience of relevant medical conditions and diseases, and acknowledges that the best source of such information is documents produced by non-parties in this litigation, Plaintiff will be supplementing his Response to offer additional information as clarified in the parties' meet and confer.

**Interrogatory No. 23.**

Although Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, and that the best source of such information is documents produced by non-parties in this litigation, Plaintiff will be supplementing his Response to offer additional information per his personal knowledge and recollection as clarified in the parties' Meet & Confer.

**Interrogatory No. 30.**

Without addressing Plaintiff's objections 3M requests that Plaintiff supplement his response with more specific information. Plaintiff stated that the CAEv2 were his primary hearing protection starting in late 2004, and that he wore them while exposed to heavy machinery, aircrafts (mostly helicopters), and weapons fire. 3M's request that Plaintiff further identify whether those circumstances occurred "during combat on deployment" is without a basis in Interrogatory No. 30. Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory

**Interrogatory No. 33.**

Without addressing Plaintiff's objections or providing an explanation as to why Plaintiff's response is assumed to be deficient, 3M requests that Plaintiff supplement his response with more specific information. Plaintiff stands on his response, as limited by his objections and proportionality considerations, and believes he has fully complied with Rule 33 in responding to this Interrogatory

**Interrogatory No. 34.**

Plaintiff is not withholding any information subject to his objections to Interrogatory No. 34.

**Interrogatory No. 35.**

3M requests that Plaintiff supplement his response to Interrogatory No. 35 with more specific information. As Plaintiff indicated in his response, Plaintiff asserted objections to this Interrogatory for many reasons including, for example, that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," or "exposed to" or "weapons" or "heavy machinery," which are vague and subjective. As discussed during the Parties' June 23, 202 meet and confer, Plaintiff may be able to provide more detailed information if Defendants could provide a clear definition of the type of noise they are seeking.

Subject to the above and without waiving any objections, as the interrogatory is currently phrased, Plaintiff believes that his Response meets the requirements of Rule 33.

**Interrogatory No. 36.**

Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, in that it describes the weapons he used, and states that he wore the CAEv2 with regard to all of them. Plaintiff does not presently remember wearing hearing protection devices other than those listed while operating any weapon in the military. However, to the extent that Plaintiff obtains or recalls additional information, Plaintiff will supplement the same without waiving his objections.

**Interrogatories Nos. 38 & 39.**

Without addressing Plaintiff's objections 3M requests that Plaintiff supplement his response. Without waiving those objections, Plaintiff will supplement his response to provide the requested information to the best of his personal knowledge.

**Interrogatory No. 50.**

3M requests that Plaintiff supplement his response "to indicate which of the allegedly false statements Plaintiff relied upon." 3M has made no effort to cure any of the numerous objections stated by Plaintiff in his response. Plaintiff believes that his Response meets the requirements of Rule 33.

**Interrogatory No. 52.**

3M requests that Plaintiff provide additional information relating to Plaintiff's claimed damages "including but not limited to: (1) lost wages and/or loss of earning capacity; (2) medical expenses; and (3) pain and suffering." Again, 3M fails to address Plaintiff's objections while attempting to impose their interpretation of Rule 26's requirements on this Interrogatory Response.

6

Plaintiff objects to Defendants' references to Rule 26 Initial Disclosures as irrelevant, in light of the Parties' stipulations regarding discovery in this matter. Plaintiff further objects to Defendants' mischaracterizations in and of Ms. Branscome's April 14, 2020 letter to Mr. Aylstock. *See* Ltr. at 7. As the Response indicates, Plaintiff's damages will be the subject of forthcoming expert proofs and calculations, which Defense Counsel knows are not available to Plaintiff at this stage in the litigation. Accordingly, Plaintiff intends to supplement this response through the course of discovery and to the extent that he is able to do so based upon his personal knowledge.

**Interrogatory Nos. 55-57.**

3M asserts that Plaintiff failed to provide the requested information related to claims Plaintiff may make related to lost earnings. Again, 3M made no effort to address any of Plaintiff's objections to these interrogatories. In particular, Plaintiff objected on the ground that these interrogatories are premature, and that the amount of Plaintiff's lost earnings and impairment in earning capacity attributable to Plaintiff's injury will be the subject of forthcoming expert proofs and are subject to the expert deadlines set by the Court.

Although Plaintiff believes his response, as limited by his objections and proportionality considerations, meets the requirements of Rule 33, Plaintiff will supplement to the extent that he is able and based upon his personal knowledge of the same.

**Interrogatory No. 63.**

Interrogatory No. 63 requests that Plaintiff describe non-occupational activities in which he was "exposed to loud noise." 3M requests that Plaintiff supplement his response to Interrogatory No. 63 with more specific information. As Plaintiff indicated in his response, Plaintiff asserted objections to this Interrogatory for many reasons including, for example, that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises," which vague and subjective, and Plaintiff is not an expert regarding, and moreover as the Interrogatory as phrased improperly presumes that the activities listed cause or create "loud noise."

Subject to the above and without waiving any objections, as the interrogatory is currently phrased, Plaintiff believes that his Response meets the requirements of Rule 33.

**Interrogatory No. 65.**

Without addressing Plaintiff's objections, 3M requests that Plaintiff supplement his response. Without waiving those objections, Plaintiff will supplement to the extent that he is able.

**Interrogatory No. 66.**

Without addressing Plaintiff's objections, 3M requests that Plaintiff supplement his response. Without waiving those objections, Plaintiff will supplement to the extent that he is able.

**Interrogatory No. 70.**

Plaintiff will supplement to the extent that he is able and subject to his objections.

**Interrogatory No. 73.**

3M requests that Plaintiff supplement his answer to describe whether he intends to offer any evidence at trial related to "any mental health condition with which [he] has been diagnosed." Plaintiff's response is clear that Plaintiff intends to offer evidence of "garden variety" mental anguish, distress, or loss of enjoyment of life caused by the CAEv2. Plaintiff has not put his mental health at issue, and pursuant to the Court's orders does not need to provide that information as it is irrelevant. *See, e.g.*, Dkt. 1065 at 6. As such, Plaintiff believes that his Response meets the requirements of Rule 33.

### III. RFPs & Privilege Log

Defendants request a certification that "Plaintiff conducted a reasonably diligent search through all sources within his possession, custody, or control for non-privileged documents responsive to 3M's Requests." *See* Wasdin Ltr. at 10. But as Defense Counsel knows, Plaintiff's search obligations are governed by PTO No. 42, which identifies the sources Plaintiff is required to investigate. Defense Counsel's attempt to require a broader certification, and to suggest that such a broader certification is required, is improper. Defense Counsel also inquired whether Plaintiff intends to comply with PTO No. 10 and PTO No. 42. Plaintiff does intend to comply with those orders.

With regard to several of Plaintiff's Responses to RFPs, Defense Counsel requests confirmation "that Plaintiff is not withholding any non-privileged material responsive to this Request on the grounds of any of the objections asserted." *See* Wasdin Ltr. at 10-11.

Plaintiff's Responses are clear in identifying those portions of Defendants' RFPs that are beyond the proper scope of discovery, and in describing the scope of the search Plaintiff will conduct and the documents Plaintiff will produce. Despite repeating this question, Defendants (i) do not identify any language in Plaintiff's response that Defendants take issue with; and (ii) do not identify any materials that Defendants believe exist and are responsive and unproduced.

3M also requests that Plaintiff provide a privilege log complying with Judge Jones' June 11, 2020 Order. *See* Dkt. 1172 at 10. Plaintiff has and will continue to provide a compliant privilege log.

As always, we continue to remain willing to discuss any concerns that Defendants have regarding Plaintiff's discovery responses. Please do not hesitate to reach out with any questions. We look forward to hearing from you.

        Sincerely,

        /s/Roberto Martinez

        Roberto Martinez

cc: MDL Plaintiffs' Leadership