# Exhibit 18

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Nick Wasdin
To Call Writer Directly:
+1 312 862 3254
nick.wasdin@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

June 11, 2020

**By E-mail & MDL Centrality**

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
Colson Hicks Eidson, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
bob@colson.com
frank@colson.com
markus@colson.com

Re:     In re: 3M Combat Arms Earplug Products Liability Litigation

Dear Roberto, Francisco, and Markus:

I write regarding various deficiencies in plaintiff Vernon Curtis Rowe's responses to 3M Company's ("3M") first and second sets of interrogatories and first set of requests for production of documents and to request a meet and confer no later than June 19, 2020. The deficiencies outlined herein are not an exhaustive list. 3M reserves the right to identify additional issues as discovery continues.

I.   **DEFICIENCIES WITH PLAINTIFF'S SUPPLEMENTAL RESPONSES TO 3M'S FIRST SET OF INTERROGATORIES AND RESPONSES TO 3M'S SECOND SET OF INTERROGATORIES**

*Interrogatory Nos. 2-4*

Interrogatories 2-4 request Plaintiff to identify witnesses with knowledge regarding: (1) information alleged in his Short Form Complaint; (2) information concerning statements provided in response to Initial Census Questions; and (3) information provided in his Bellwether Selection Sheet. Among other deficiencies, Plaintiff's responses fail to identify each individual likely to have discoverable information used to support Plaintiff's claims. In this respect, among

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 2

others, Plaintiff's responses are inconsistent with Plaintiff's obligation to provide initial disclosures. *See* Fed. R. Civ. Proc. 26(a)(1)(A)(i) (plaintiff is obligated to provide, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"). Lead counsel for plaintiffs has previously represented that bellwether plaintiff initial disclosure information would be included in plaintiffs' interrogatory answers. *See* April 14, 2020 letter from K. Branscome to B. Aylstock. 3M requests that Plaintiff immediately supplement his responses to these interrogatories, including by identifying "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the [Plaintiff] may use to support its claims or defenses."

### *Interrogatory Nos. 5, 6, 26, 28, 30, 34-39, 44, 45, 48, and 54*

Plaintiff objected to these requests on the ground that disclosure of the requested information may be subject to limitations governed by Department of Defense Directive 5405.2. Pursuant to the Court's May 29, 2020 Order on Defendants' Motion to Compel, Plaintiff's objection to interrogatories on this basis is overruled and "Plaintiffs are directed to immediately respond to the interrogatories." MDL Dkt. No. 1151 at 3.

Plaintiff has not withdrawn these objections, and Plaintiff has failed to provide adequate responses to these requests. For example, in response to Interrogatory No. 5, Plaintiff identifies certain individuals present when he fired a weapon, but does not identify *all* individuals he recalls being present when he fired a weapon. In response to Request No. 6 seeking the identity of "All Persons who have knowledge of whether or not You wore a Hearing Protection Device when exposed to loud noises in the military," instead of providing any names, Plaintiff merely referred to his response to Interrogatory No. 5. Plaintiff must supplement each of these responses, and the others listed above, with *all* requested information within his knowledge.

### *Interrogatory No. 8*

Please confirm that the individuals named in Plaintiff's response are all individuals Plaintiff discussed his hearing loss or tinnitus with.

### *Interrogatory Nos. 9-13, 26, 28, 30-33, 35-38, 41-43, 45-47, 49, 52, 53, 57-65, 71, 73*

Plaintiff objected to these requests on the ground that the requests are "unreasonably cumulative or duplicative to information sought within the Census Form *and/or Bellwether*

**KIRKLAND & ELLIS LLP**

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 3

*Information Sheet*." However, Plaintiff has also taken the contradictory position that "the Bellwether Selection Sheet is not a discovery device." *See* Resp. to Interrog. No. 4.

If Plaintiff intends to invoke information contained within the Bellwether Information Sheet in response to interrogatories, such information must be provided under oath. Thus, 3M requests that Plaintiff either (1) specifically incorporate responses provided in his Bellwether Information Sheet into responses to these interrogatories, or (2) restate the relevant information contained in his Bellwether Information Sheet into the response to each of the above-referenced interrogatories.

### *Interrogatory No. 10*

Plaintiff objects to this interrogatory "to the extent it would require identification of persons or conditions relating to Plaintiff's mental health, and thus exceeds the scope of discovery described in the Court's April 28, 2020 Order (Dkt. No. 1108)." The Court's April 28, 2020 Order states that "discovery of a plaintiff's mental health condition was permissible only if a plaintiff ***alleged or asserted that he or she suffered from an identified and diagnosed mental health condition caused by the torts alleged in this case*** or the plaintiff intended to support his or his claim for mental anguish, distress or loss of enjoyment of life with expert testimony." MDL Dkt. No. 1108 at 12 (emphasis added). Interrogatory No. 10 only requests information regarding medical professionals who, "have diagnosed You with ***the injury or condition that You Allege was caused by Your use of the CAEv2***, the injury or condition that Each Person diagnosed You with and the date of the diagnosis." Thus, information responsive to this interrogatory is well within the scope of discoverable information pursuant to the Court's April 28, 2020 Order. Please confirm whether Plaintiff is withholding information on the basis of this objection. If Plaintiff is withholding information on the basis of this objection, please specifically identify what privilege is being invoked to withhold responsive information.

### *Interrogatory No. 14*

Plaintiff fails to identify any ear drops, or other medications or therapies recommended or prescribed in response to this interrogatory but rather refers Defendants back to a list of treating physicians and medical records. Plaintiff's response is insufficient under Federal Rule of Civil Procedure 33(d). Because the burden on Defendants and Plaintiff is the same, please: (a) confirm that the answer to the interrogatory may be determined by examining the records purportedly identified; and (b) specify the records that must be reviewed in sufficient detail to enable Defendants to locate and identify the records as readily as Plaintiff.

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 4

      Further, although Plaintiff stated that he has "been prescribed hearing aids by the military and by the VA," he did not identify the prescription date, the name of the medical provider(s), and the diagnosis made in prescribing such devices. Please supplement Plaintiff's response with the requested information.

### Interrogatory No. 15

      Please confirm that Plaintiff is not withholding any responsive information on the basis of his objections to these interrogatories.

### Interrogatory No. 16

      Interrogatory No. 16 asks whether Plaintiff has a sensation of fullness or pressure in one or both ears. Plaintiff refers to Interrogatory Nos. 9 and 10 and "medical records produced responsive to authorizations." Plaintiff's response is insufficient under Federal Rule of Civil Procedure 33(d). Because the burden on Defendants and Plaintiff is the same, please: (a) confirm that the answer to the interrogatory may be determined by examining the records purportedly identified; and (b) specify the records that must be reviewed in sufficient detail to enable Defendants to locate and identify the records as readily as Plaintiff.

### Interrogatory No. 20

      This interrogatory seeks information related to prescription medications which Plaintiff takes or has taken. In response, Plaintiff vaguely referred Defendants to Plaintiff's "medical records." Plaintiff's response is insufficient under Federal Rule of Civil Procedure 33(d). Because the burden on Defendants and Plaintiff is the same, please: (a) confirm that the answer to the interrogatory may be determined by examining the records purportedly identified; and (b) specify the records that must be reviewed in sufficient detail to enable Defendants to locate and identify the records as readily as Plaintiff.

      In addition, Plaintiff objected to this interrogatory to the extent the interrogatory seeks information regarding Plaintiff's mental health. However, Plaintiff must identify any mental health medications he has taken in order to determine whether those medications: (i) are ototoxic and thus a cause of any hearing loss or tinnitus; or (ii) are relevant to Plaintiff's claims for lost wages and loss of enjoyment of life. In addition, the mere fact of Plaintiff taking a particular medication is not protected by the psychotherapist-patient privilege.

### Interrogatory No. 22

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 5

Please confirm that the list of conditions and diseases provided in response to this interrogatory is a complete list of all conditions and diseases that Plaintiff has experienced to the best of his recollection.

### Interrogatory No. 23

Plaintiff failed to provide the date and circumstance related to each injury listed in response to this interrogatory as requested. Please supplement the response with the requested information.

### Interrogatory No. 30

Interrogatory No. 30 requested that Plaintiff, "[d]escribe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, and the types of noises that You were exposed to while using the CAEv2." In response, Plaintiff stated that "starting in late 2004 the CAEv2 were [his] primary hearing protection for many years" and that he "was exposed to heavy machinery, aircrafts (mostly helicopters), and weapons fire while wearing the CAEv2 earplugs." This response fails to identify the specific circumstances under which Plaintiff wore the CAEv2. For example, it does not identify the circumstances in which Plaintiff wore the CAEv2 during combat on deployment. Please supplement the response with the requested information.

### Interrogatory No. 33

Interrogatory No. 33 requested a complete list of "[e]ach instance which You have worn a Hearing Protection Device other than the CAEv2, including the name of the Hearing Protection Device, the years in which You wore the Hearing Protection, the circumstances in which You wore the Hearing Protection Device, and the types of noises that You were exposed to while using the Hearing Protection Device." Plaintiff has provided two examples of instances in which he wore other hearing protection devices but does not appear to have provided an exhaustive list of other devices worn or the noises Plaintiff was exposed to while wearing these other devices, as was requested. Please supplement the response with the requested information.

### Interrogatory No. 34

Please confirm that Plaintiff is not withholding any responsive information on the basis of his objections to this interrogatory.

### Interrogatory No. 35

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 6


Interrogatory No. 35 requested that Plaintiff, "[d]escribe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, and/or explosions." Plaintiff vaguely responded that "while [he] was in the military [he] was exposed at some level to various sounds listed in the interrogatory, although they were not necessarily loud." However, Plaintiff failed to describe the specific types of machinery, aircraft, weapons, and explosives he was exposed to. Please supplement the response with the specific information requested.

### *Interrogatory No. 36*

Interrogatory No. 36 requested that Plaintiff, "[d]escribe All of the weapons You operated while in the military, and for each, describe the Hearing Protection Device You wore while operating the weapon, if any." Plaintiff listed multiple weapons but stated that the hearing protection worn while using each weapon "was more so dependent on the year." Please supplement the response with all of the information requested, including the years each weapon was used by Plaintiff.

### *Interrogatory No. 38*

Interrogatory No. 38 requested that Plaintiff, "[d]escribe in detail All circumstances in which You" were exposed to noise in the military, "including the weapon(s), machinery, and/or loud noises you were exposed to without a Hearing Protection Device, and the frequency and duration of use without using a Hearing Protection Device." Plaintiff failed to respond fully to this interrogatory, stating vaguely that he "recall[s] only one time when [his] base was attacked by the Taliban in the Summer of 2009." Please supplement this response with the specific information requested, including the specific machinery, weapons, and loud noises Plaintiff was exposed to with or without a hearing protection device.

### *Interrogatory No. 39*

Interrogatory No. 39 seeks information regarding Plaintiff's exposures to any explosions while in the military, including which Hearing Protection Device was worn during those exposures, if any. Plaintiff described explosions he was exposed to but did not indicate what, if any, Hearing Protection Devices he was wearing during those events. Please supplement this response with the requested information.

### *Interrogatory No. 50*

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 7

Interrogatory No. 50 requested that Plaintiff, "[i]dentify Each Statement regarding the CAEv2 *that You relied upon* in using the CAEv2 and that You claim is false." Although Plaintiff provides a list of allegedly false statements, he failed to state which of these statements, if any, he relied upon. Please supplement Plaintiff's response to indicate which of the allegedly false statements Plaintiff relied upon.

### *Interrogatory No. 52*

Interrogatory No. 52 requested that Plaintiff, "[i]dentify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint."  In response, Plaintiff has alleged that "[a]s a result of my use of the CAEv2, I now suffer hearing loss and tinnitus and the severe consequences attendant thereto." However, Plaintiff has also objected to this interrogatory on the ground that "it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs."  This objection is meritless.

Plaintiff was required to provide this information in his initial disclosures:

> A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34.

Fed. R. Civ. P. 26; *see also McKenney's, Inc. v. Shumate Mech., LLC*, No. 1:07-CV-1727-BBM, 2008 WL 11336219, at *2 (N.D. Ga. June 6, 2008) ("The computation requirement of Rule 26 contemplates not just a list of various theories of recovery, but an actual dollar amount associated with each specific claim.").  Nor is it an "answer for [Plaintiff] to assert that [she] will need discovery or to consult with an expert to determine their losses." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *King v. E.F. Hutton & Co. Inc.*, 117 F.R.D. 2, 5, (D.D.C. 1987)); *see also Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12618688, at *1 (M.D. Fla. Aug. 22, 2014) (same). "The fact that [Plaintiff] may later supplement [his] interrogatory answers with an expert report does not permit [him] to refuse to respond with whatever discoverable information [he] now holds." *Essex Builders*, 230 F.R.D. at 685; *see also Bortolotti v. Gracepoint*, No. 8:19-CV-1072-T-24AAS, 2019 WL 6173173, at *9 (M.D. Fla. Nov. 20, 2019) ("Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation, while reserving the right to amend their calculations.").

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 8

As discussed above, plaintiffs have previously represented that bellwether plaintiff initial disclosure information would be included in plaintiffs' interrogatory answers. *See* April 14, 2020 letter from K. Branscome to B. Aylstock.

Plaintiff is required to provide information relating to Plaintiff's claimed damages, including but not limited to: (1) lost wages and/or loss of earning capacity; (2) medical expenses; and (3) pain and suffering. 3M requests that Plaintiff immediately provide the requested information.

### *Interrogatory Nos. 55-57*

Interrogatories 55 through 57 request information related to any claims Plaintiff intends to make related to lost earnings. Plaintiff failed to provide the requested information. As noted above, Plaintiff is required to provide this information pursuant to his Rule 26 obligation. 3M requests that Plaintiff immediately provide the requested information.

### *Interrogatory No. 63*

Interrogatory No. 63 requested that Plaintiff describe non-occupational activities in which he was "exposed to loud noise." Plaintiff responded that he has "not been directly exposed to loud noises as described, because I always use hearing protection." This interrogatory *is not* limited to instances where Plaintiff was exposed to loud noise while using *no* hearing protection. Regardless of whether Plaintiff used hearing protection or not, please supplement Plaintiff's response with the requested information.

### *Interrogatory No. 65*

Interrogatory No. 65 requests, "[i]f Any of Your family member(s) have had hearing loss, Identify the family member(s) and Your relationship to them." Plaintiff has objected to this Interrogatory on several bases. Please confirm whether Plaintiff refuses to respond to this interrogatory and, if so, on what basis.

### *Interrogatory No. 66*

Interrogatory No. 66 requests, "[i]f You have ever received a hunting and/or gun license, State the year of the license, the status of the license, and the weapon which You were licensed to operate." Plaintiff has objected to this Interrogatory on several bases, including that the interrogatory is "unduly burdensome" and that it seeks a "fishing expedition into Plaintiff's

**KIRKLAND & ELLIS LLP**

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 9

constitutionally protected firearm ownership." Please confirm whether Plaintiff refuses to respond to this interrogatory and, if so, on what basis.

*Interrogatory No. 70*

Interrogatory No. 70 requests that Plaintiff, "[i]dentify Any individuals who are depicted in Any photographs, films, movies, and video recordings that You produce in response to Requests for Production 17, 21, 27, and 29." Plaintiff has objected to this interrogatory on several bases. Please confirm whether Plaintiff refuses to respond to this interrogatory and, if so, on what basis.

*Interrogatory No. 73*

Interrogatory No. 73 requested that Plaintiff "[s]tate whether You intend to offer any evidence at trial related to (i) mental anguish, distress, or loss of enjoyment of life, or *(ii) Any mental health condition with which You have been diagnosed.* If so, please Describe the evidence you intend to offer." Plaintiff has failed to answer whether he intends to offer any evidence about diagnosed mental health conditions in his response to Interrogatory No. 73. In its April 28, 2020 Order, the Court specifically ruled that this request is, "narrowly tailored to the issues in controversy. Accordingly, any outstanding objections by Plaintiffs that Interrogatory Nos. 72 and 73 do not comport with the March 26, 2020, discovery order are overruled." Please supplement the response to Interrogatory No. 73 to respond to part (ii). If Plaintiff contends that he need not answer part (ii) of this interrogatory based on an assertion of privilege, please specifically state which privilege Plaintiff claims applies.

**Plaintiff's References to Medical Records In Interrogatory Answers**

Plaintiff's references to medical records in his interrogatory answers are insufficient under Federal Rule of Civil Procedure 33(d). Because the burden on Defendants and Plaintiff is the same, please: (a) confirm that the answer to the interrogatory may be determined by examining the records purportedly identified; and (b) specify the records that must be reviewed in sufficient detail to enable Defendants to locate and identify the records as readily as Plaintiff.

II. **DEFICIENCIES WITH PLAINTIFF'S RESPONSES TO 3M'S FIRST SET OF DOCUMENT REQUESTS**

*General Objections*

# KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 10


      Plaintiff has generally objected to all Requests to the extent that "it would be unduly burdensome and oppressive to require Plaintiff to search through computer records or other means of electronic or magnetic data storage or compilations." This objection is inconsistent with Pretrial Order Number 42 (Dkt. 1171; "PTO #42") which specifies Plaintiff's obligations with respect to the identification, search, review, and production of electronically-stored information ("ESI"). In particular, PTO #42 requires Plaintiff to conduct a reasonable investigation of sources of ESI including email accounts, computers, mobile and handheld electronic devices, messaging applications, social media accounts/platforms, websites where Plaintiff made online postings, and any cloud storage used by Plaintiff. Where a source of ESI is identified as containing potentially responsive information, Plaintiff is required to run the following search terms over the source: (a) Combat Arms; (b) CAE; (c) earplug, (d) earplugs; (e) earmuff; (f) earmuffs; (g) "ticket order"; (h) "hear"; (i) "hearing"; (j) "ear"; (k) "ears"; (l) tinnitus; (m) "ringing in ears"; (n) disability; (o) gun; (p) rifle; (q) pistol; (r) firearm; (s) shoot; (t) shooting; (u) ATV; (v) motorcycle; (w) "IED"; (x) explosion; (y) 3M; (zz) Aearo. Plaintiff also is required to conduct a linear review of discrete document collections containing materials substantially relevant to the claims and defenses in this proceeding and all collections of photos and videos reasonably believed to contain responsive photos or videos. PTO #42 further requires Plaintiff to certify the completeness of Plaintiff's production and compliance with the terms of PTO #42 and Pretrial Order Number 10 (Dkt. 443; "PTO #10"). Please confirm that Plaintiff intends to comply with PTO #10.

      Moreover, for each request in which Plaintiff has objected on the basis that the requested documents may contain privileged information, please confirm that you have not withheld any documents on the basis of privilege. If you have withheld documents on the basis of privilege or other grounds, please provide a privilege log in accordance with Pretrial Order Number 9 (Dkt. No. 442) and Pretrial Order Number 39 (Dkt. No. 1154), and the Court's June 11, 2020 Order (Dkt. No. 1172) and with sufficient information for Defendants to evaluate the propriety of that claim.

      ***Request No. 1***

      Request No. 1 requests "All Documents and Communications Concerning the allegations in the Master Long Form Complaint and Your Master Short Form Complaint." Such information falls squarely within the scope of documents Plaintiff is required to produce pursuant to the initial disclosure requirements articulated in Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Plaintiff is required to provide, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use

## KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 11

would be solely for impeachment." Please confirm that Plaintiff is not withholding any non-privileged material responsive to this request on the grounds of any of the objections asserted.

### *Request Nos. 1-28, 30-36, 40*

In response to each of these requests, Plaintiff has referred Defendants to "documents previously produced or provided in this litigation." Please confirm whether Plaintiff intends to conduct a reasonably diligent search through all sources within his possession, custody, and control for additional non-privileged documents responsive to Defendants' requests. Please confirm Plaintiff is not withholding any non-privileged material responsive to this request on the grounds of any of the objections asserted. Further, please provide a date certain when Plaintiff will produce documents responsive to these requests.

### *Request Nos. 6, 43, 47, 48*

Request Nos. 6, 43, 47, and 48 request documents related to injuries, damages, or claims arising from Plaintiff's use of the CAEv2, as well as economic loss reports and income documentation supporting such claims. Plaintiff is required to produce this information pursuant to his initial disclosure obligations. *See* Fed. R. Civ. Proc. at 26(a)(1)(a)(iii) ("A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34.") Please confirm that Plaintiff is not withholding any non-privileged material responsive to these requests on the grounds of any of the objections asserted.

### *Request Nos. 35-38*

These requests seek documents and communications related to Plaintiff's medical, mental health, alcohol, or chemical dependency conditions, as well as Plaintiff's use of medications. Plaintiff has objected to these requests on the ground that such information may contain "privileged medical" information. If Plaintiff contends that he need not provide documents responsive to these requests based on an assertion of privilege, please specifically state which privilege Plaintiff claims applies.

### *Request No. 39*

Please confirm Plaintiff is not withholding any non-privileged material responsive to this request on the grounds of any of the objections asserted.

KIRKLAND & ELLIS LLP

Roberto Martínez
Francisco R. Maderal
Markus Kamberger
June 11, 2020
Page 12

### III.  DEFICIENCIES WITH PLAINTIFF'S PRIVILEGE LOG RELATING TO VA MEDICAL RECORDS

In his June 11, 2020 Order, Judge Jones "direct[ed] the Bellwether Plaintiffs to include the following information in their privilege logs as to each withheld document or redaction: (1) the date; (2) the identifying Bates number(s); (3) the author or creator; (4) whether the document or information was copied or distributed to a third party (if that information is readily available on the face of the document); (5) a brief description of the document or redaction (such as, 'progress notes'); and (6) the reason for withholding or redaction." Dkt. No. 1172 at 10. Please provide a privilege log complying with Judge Jones' Order.

Sincerely,

*/s/ Nick Wasdin*

Nick Wasdin

cc: MDL Plaintiffs' Leadership