# **EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) | Case No. 3:19-md-02885 |
| | ) | |
| This Document Relates to: | ) ) | Judge M. Casey Rodgers |
| | ) | Magistrate Judge Gary R. Jones |
| LEWIS KEEFER | ) | |
| Civil Case No. 7:20-cv-00104 | ) | |

**3M'S ANSWERS AND OBJECTIONS TO PLAINTIFF LEWIS KEEFER'S FIRST INTERROGATORIES TO DEFENDANTS**

**GENERAL OBJECTIONS**

1.      Defendants assert the following objections to each and every one of Plaintiff Lewis Keefer's First Interrogatories, including any definitions or instructions associated therewith.  These general objections are incorporated by reference into each specific response set forth by 3M and are neither waived nor limited by any specific responses.

2.      Defendants object to these Interrogatories to the extent they call for information, seek discovery, or attempt to impose any obligations beyond those permitted or authorized by the Federal Rules of Civil Procedure or the Rules and Orders of this Court, including the TAR Protocol negotiated by the parties and entered by the Court on July 1, 2019.

3.      Defendants object to Plaintiff's Interrogatories to the extent they call for information that Defendants have already provided, including Defendants' responses to Plaintiffs' First and Second Interrogatories dated October 11, 2019 and March 26, 2020 ("Prior Interrogatories").

4.     Defendants object to the Interrogatories to the extent they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity.

5.     Defendants object to Plaintiff's definition of "you," "your," and "yourself" because it improperly attempts to make Plaintiff's requests applicable not only to the named defendants, but to entities which are not parties to this litigation, including but not limited to "related or affiliated entities or individuals named as defendants in this proceeding (the 'Defendants' and each a 'Defendant'), their present and former officers, directors, executives, agents, representatives, employees, and/or attorneys."  Defendants will respond on their own behalf.

6.     Defendants object to Plaintiff's definition of "Hearing Protection Device" as overly broad, vague, and ambiguous to the extent that it incorporates "any passive or active hearing protection device, including earmuffs and earplugs."

7.     Defendants object to Plaintiff's definition of "U.S. Government" as overly broad, vague, and ambiguous to the extent that it incorporates "any employees or agents acting on or purporting to act on its behalf."

8.     Defendants object to Plaintiff's definition of "Duty Station" as vague and ambiguous to the extent that it fails to provide the specific location of Plaintiff's service or a specified date range.

## ANSWERS TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all persons who have knowledge of or information concerning the allegations and contentions in Defendants' Master Answer and in Defendants' Answer to Plaintiff Lewis Keefer's Short Form Complaint, and describe the knowledge and information each such person has.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this Interrogatory as redundant, duplicative, and cumulative of discovery previously taken of or provided by Defendants. Defendants further object to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding "all persons" who have knowledge or information concerning the allegations and contentions in Defendants' Master Answer and in Defendants' Answer to Plaintiff Lewis Keefer's Short Form Complaint. Defendants further object to this Interrogatory to the extent that it seeks information outside of their possession, custody or control. Defendants further object to the extent that this Interrogatory assumes that Defendants filed an Answer to Plaintiff's Short Form Complaint. Defendants object to this Interrogatory to the extent that it seeks information protected by the applicable attorney-client and work-product privileges.

Subject to, and without waiving their specific and General Objections, Defendants refer Plaintiff to Defendants' Responses to Plaintiffs' Prior Interrogatories, including, but not limited to, Interrogatory No. 1.

**INTERROGATORY NO. 2:**

For each of Plaintiff's Duty Stations, for each year in the period from 1999 through and including Plaintiff's Departure Year from that Duty Station, please identify each order of CAEv2s placed by or for the benefit of, or delivered to, such Duty Station.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory as redundant, duplicative, and cumulative of the discovery previously taken of or provided by Defendants, including Defendants' Response to Interrogatories 3 and 8, which the Court held "satisfied their discovery obligations under Federal Rule of Civil Procedure 33 as to the requested sales and distribution data." *See* Dkt. No. 1085 at 13. Defendants further object to this Interrogatory as unduly burdensome to the extent it seeks voluminous sales information that is equally available to both parties from the documents produced

in this litigation. Defendants further object to this Interrogatory to the extent it seeks information in the possession of the United States or other third parties. Defendants object to Plaintiff's definition of "Iraq" as a "Duty Station" in the context of this Interrogatory.

Subject to, and without waiving their specific and General Objections, Defendants refer Plaintiff to Defendants' Responses to Plaintiffs' Prior Interrogatories, including, but not limited to, Interrogatory Nos. 3 and 8, including 3M_MDL000393649, 3M_MDL000393648, 3M_MDL000393647, 3M_MDL000393646, and 3M_MDL000393651 produced therewith.

**INTERROGATORY NO. 3:**

For each order identified in your Response to Interrogatory No. 2, please identify: any persons acting on your behalf who solicited and/or received the order; any persons who placed the order on behalf of the U.S. Government; the date of the order; any identifying number(s) for the order; the quantity of CAEv2 ordered; the SKU(s) and part number(s) for the relevant unit of CAEv2 ordered; any documents, instructions, training, warnings, and/or packaging that accompanied the order as shipped or delivered; the quantity of CAEv2 delivered to the Plaintiff Duty Station, expressed as the number of pairs of earplugs; the dollar value of the order; and the distributor who supplied the CAEv2 to the Duty Station to fulfill the order.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory as redundant, duplicative, and cumulative of the discovery previously taken of or provided by Defendants, including Defendants' Response to Interrogatories 3 and 8, which the Court held "satisfied their discovery obligations under Federal Rule of Civil Procedure 33 as to the requested sales and distribution data." *See* Dkt. No. 1085 at 13. Defendants further object to this Interrogatory as unduly burdensome to the extent it seeks voluminous sales information that is equally available to both parties from the documents produced in this litigation. Defendants further object to this Interrogatory to the extent it seeks information in the possession of the United States or other third parties. Defendants object to Plaintiff's definition of "Iraq" as a "Duty Station" in the context of this Interrogatory.

Subject to, and without waiving their specific and General Objections, Defendants refer Plaintiff to Defendants' Responses to Plaintiffs' Prior Interrogatories, including, but not limited to, Interrogatory Nos. 3, 8, 28, and 29.

## INTERROGATORY NO. 4:

For each of Plaintiff's Duty Stations, for each year in the period from 1999 through and including Plaintiff's Departure Year from that Duty Station, please identify each communication, interaction, or on-site visit relating to the CAEv2 (whether for purposes of marketing, sales, instructions, training, or for any other purpose) between any person acting on your behalf and any representative, employee, or agent of the U.S. Government from, or on behalf of, such Duty Station.

## RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this Interrogatory as redundant, duplicative, and cumulative of the discovery previously taken of or provided by Defendants. Defendants further object to this Interrogatory as overbroad, unduly burdensome and disproportional to the needs of the case to the extent it seeks information regarding "each communication, interaction, or on-site visit" relating to the CAEv2 between any person acting on Defendants' behalf and any representative, employee, or agent of the U.S. Government from, or on behalf of, such Duty Station. Defendants further object to this Interrogatory to the extent that it seeks information outside of their possession, custody or control. Defendants further object to this Interrogatory as unduly burdensome to the extent it seeks information equally available to both parties from the documents produced in this litigation. Defendants further object to this Interrogatory to the extent it seeks information in the possession of the United States or other third parties. Defendants object to Plaintiff's definition of "Iraq" as a "Duty Station" in the context of this Interrogatory.

Subject to, and without waiving their specific and General Objections, Defendants refer Plaintiff to Defendants' Responses to Plaintiffs' Prior Interrogatories, including, but not limited to, Interrogatory Nos. 5 and 27.

**INTERROGATORY NO. 5:**

For each communication identified in your Response to Interrogatory No. 4, please identify: the communication; any instructions, training materials, sales or marketing collateral, or other documents reflecting or relating to the communication; all persons involved in the communication on your behalf; all persons or representatives of the U.S. Government involved in the communication; and the name(s) of any training program(s), marketing event(s) or other programming associated with the communication.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory as redundant, duplicative, and cumulative of the discovery previously taken of or provided by Defendants. Defendants further object to this Interrogatory as overbroad, unduly burdensome and disproportional to the needs of the case to the extent it seeks Defendants to identify communications that are equally available to both parties from the documents produced in this litigation. Defendants further object to the phrase "associated with" as vague and ambiguous. Defendants further object to this Interrogatory to the extent it seeks information in the possession of the United States or other third parties. Defendants object to Plaintiff's definition of "Iraq" as a "Duty Station" in the context of this Interrogatory.

Subject to, and without waiving their specific and General Objections, Defendants refer Plaintiff to Defendants' Responses to Plaintiffs' Prior Interrogatories, including, but not limited to, Interrogatory Nos. 5 and 27.

**INTERROGATORY NO. 6:**

Please state whether you have gathered any information on Plaintiffs or any of Plaintiffs' family members from any Social Media, internet website, webpage, forum, chat rooms or board, such as self-help, support, message or sounding boards, or from any other internet or electronic source, and if so, identify the information you obtained, the internet site's URL address from which you obtained such information, and the date upon which such information was obtained.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory to the extent that it seeks information protected by the work-product privilege. Defendants further object to this Interrogatory to the extent that it

seeks information that is publicly available, and/or not in the possession, custody, or control of Defendants. Defendants further object to this Interrogatory to the extent that the requested documents are in Plaintiff's possession, custody, or control, or are more easily obtained by Plaintiff.

Subject to, and without waiving their specific and General Objections, Defendants reserve the right to offer evidence that is publicly available. In addition, Defendants refer Plaintiff to information that Plaintiff has, or will, provide in response to Defendants' Interrogatories 1, 2, 3, 4, and 65.

## INTERROGATORY NO. 7:

Have you conducted any surveillance, including but not limited to any internet or computer surveillance, on any Plaintiffs or any of Plaintiffs' family members? If so, please state the following:

   a.  Who or what is the subject of such surveillance;

   b.  The date and time such surveillance began;

   c.  Whether such surveillance is still ongoing and if not, the time and date on which such surveillance ended; and

   d.  The identity of every individual who conducted or participated in any way in such surveillance, whether as an active participant, as a planner, or in post-surveillance analysis or production, and the identity of each such individual's employer.

## RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this Interrogatory to the extent that it seeks information protected by the work-product privilege. Defendants further object to the phrase "internet or computer surveillance" as vague and ambiguous. Defendants further object to this Interrogatory to the extent that Plaintiff seeks information that is publicly available, and/or not in the possession, custody, or control of Defendants.

DATED:  May 15, 2020

By:  *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.:  (202) 389-5991
Email: mike.brock@kirkland.com

*Attorney for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 15, 2020, a true and correct copy of the

foregoing:

### 3M'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

was served as follows:

☒ **[E-Mail]** By causing the above document to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

☒ **[MDL Centrality]** By electronically serving the above document via the MDL Centrality website pursuant to Pretrial Order No. 15 (ECF No. 630).

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel<br>Douglass A. Kreis<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street<br>Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com | Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>Email: shutson@triAllawfirm.com |
| Christopher A. Seeger, Co-Lead Counsel<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com | Brian H. Barr, Co-Liaison Counsel<br>Winston T. Bouk<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 South Baylen Street<br>Pensacola, FL 32502<br>Tel.: (850) 435-7044<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com<br><br>*Counsel for Bellwether Plaintiff Lewis Keefer (11295)*<br>N.D. Fla., 7:20-cv-00104-MCR-GRJ |
| Michael A. Burns, Co-Liaison Counsel | |

| | |
|---|---|
| Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX 77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com | |

DATED: May 15, 2020

*/s/ Robert C. Brock*
Robert C. "Mike" Brock