# **EXHIBIT 11**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | Case No. |
| EARPLUG PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | Judge M. Casey Rodgers |
| This Document Relates to All Cases | ) | Magistrate Judge Gary R. Jones |

Defendant 3M Company ("3M") serves its Responses and Objections to Plaintiffs' July 17, 2019 Notice to Take Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).

## **GENERAL OBJECTIONS TO 30(b)(6) NOTICE AND SUBPOENA DUCES TECUM**

3M hereby makes the following General Objections to Plaintiffs' July 17, 2019 Notice to Take Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Exhibit A - Subpoena Duces Tecum served concurrently therewith and incorporates each of these General Objections by reference into its responses to each individual Subject of Examination (a "Subject") and/or Document Request ("Request") as though fully set forth therein.

1.      3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it calls for information, seeks discovery, or attempts to impose any obligations beyond those permitted or authorized by the Federal Rules of Civil Procedure or the Rules and Orders of this Court.

2.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it seeks information that is not relevant to the subject matter of this proceeding.  3M's objections and responses are not intended and should not be construed as an acknowledgment of relevance.

3.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, exemption, or immunity.

4.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it calls for any legal conclusions.

5.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it is redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

6.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it seeks information that is not known or reasonably available to 3M, or that is not within 3M's possession, custody, or control.

7.     3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent it seeks information already in the possession of Plaintiffs or equally available to Plaintiffs from sources other than 3M, including publicly available sources.

8.     3M objects to any and all definitions or instructions that would require ascribing any meaning(s) other than the plain meaning(s) to the language of Plaintiffs' Rule 30(b)(6) Notice of Deposition.

9.     3M reserves the right to modify, amend, or supplement its responses, which are based upon 3M's current knowledge, understanding, belief, and searches for information and documents.

10.     No objection, limitation, or response, or lack thereof, made herein shall be deemed an admission by 3M as to the existence or non-existence of any information, and shall not be construed in any way as an admission that any definition provided by Plaintiffs is either factually correct or legally binding upon 3M, or as a waiver of any of 3M's objections.   3M's enumeration of specific objections in response to the Subjects and/or Reuqests is not, and should not be construed to be, a waiver of any objection not so specified or a waiver or forfeiture of any claim of applicable privilege or work product protection.

11.     3M objects to Plaintiffs' Plaintiffs' Rule 30(b)(6) Notice of Deposition to the extent that they call for information or seek discovery that Defendants have

already produced, agreed to produce, or been ordered to produce in this federal MDL Proceeding, including but not limited to the following:  (i) 3M's prior or ongoing productions resulting from the *Qui Tam* Action; and (ii) 3M's prior or ongoing productions from Moldex I and Moldex II consistent with the Parties' agreed-upon early production of documents as described in the Court's Pretrial Order No. 10 regarding Production of Documents and Electronically Stored Information (Dkt. 443).

12.     3M objects to Plaintiffs' definition of "document" and/or "documents" in Paragraph No. 4 of Plaintiffs' Definitions/Instructions, to the extent that it improperly seeks documents that may not have been kept in the ordinary course of business, may not be in a reasonably accessible and recoverable format, and/or may not be obtained after a good-faith and reasonable search.

13.     3M objects to Plaintiffs' Requests to the extent that they are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including without limitation, as to subject matter and/or time period, and where compliance with specific requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming.

14.     3M objects to each of Plaintiffs' Requests asking for "each," "every," "any," or "all" document(s), communication(s), person(s), or event(s) on the ground that such Requests are vague, ambiguous, overly broad, unduly burdensome,

oppressive, and/or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, 3M will diligently search for and produce, if located, responsive, non-privileged documents. To the extent 3M specifically identifies documents in response to individual Requests, 3M cannot and does not, however, represent that these documents represent "each," "every," "any," or "all" documents that may be responsive to Plaintiffs' Requests.

15.    3M's production of any information or documents in response to Plaintiffs' Requests should not be construed as:  (a) a stipulation that the material is relevant or admissible; (b) a waiver of 3M's General Objections or any objections asserted in response to specific requests; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) a waiver or forfeiture of any claim of applicable privilege or work product protection.  3M expressly reserves the right to object to further discovery, to the subject matter of these Requests, and to the introduction into evidence of any documents that 3M may produce in response to these Requests.

16.    3M objects to these requests on the ground that it is inefficient and unduly burdensome to require 3M to address them through witness testimony rather than the production documents.  3M offers to meet and confer with plaintiffs

regarding the production of documents in lieu of deposition testimony. *See also* Pretrial Order Nos. 10 and 12.

17.   3M objects to Plaintiffs' Rule 30(b)(6) Notice of Deposition as overly broad and unduly burdensome in that it requests testimony on 34 overly-broad topics, in addition to the 15 topics included in the deposition notice served on August 2, 2019.

## SPECIFIC OBJECTIONS TO 30(b)(6) NOTICE

## SUBJECT NO. 1:

The national distribution of Defendants'[1] dual-end Combat Arms Earplugs, including any civilian version or non-military version (the "CAE"), through military, civilian, and any other distribution channels, including but not limited to the identity and role of any and all organizations that distribute the CAE nationwide and the manner and method of distribution, from the time they were first distributed to present.

---

[1] "Defendants" is defined herein and is intended to include 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC.

**RESPONSE TO SUBJECT NO. 1:**

3M objects to this request to the extent it seeks information about the distribution of CAEV2 earplugs by entities other than Defendants. 3M further objects to this request to the extent it seeks information about military distribution channels outside of defendants' control. 3M further objects to this request as vague, overbroad and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to (i) identify organizations that, to the best of 3M's knowledge based upon a reasonable investigation, assisted in the distribution of CAEV2 earplugs and (ii) generally describe the method in which CAEV2 earplugs were distributed, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 2:**

The worldwide distribution of the CAE, through military, civilian, and any other distribution channels, including but not limited to the identity and role of any and all organizations that distribute the CAE worldwide, the manner and method of distribution and the channels of distribution through the North Atlantic Treaty Organization, from the time they were first distributed to present.

**RESPONSE TO SUBJECT NO. 2:**

3M objects to this request to the extent it seeks information about the distribution of CAEV2 earplugs by entities other than Defendants.  3M further objects to this request to the extent it seeks information about military distribution channels outside of Defendants' control, including channels of distribution through the North Atlantic Treaty Organization.  3M further objects to this request as vague, overbroad and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to (i) identify organizations that, to the best of 3M's knowledge based upon a reasonable investigation, assisted in the distribution of CAEV2 earplugs and (ii) generally describe the method in which CAEV2 earplugs were distributed, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 3:**

Any and all contracts between Defendants and third parties relating to the distribution of the CAE, from the time they were first distributed to present.

## RESPONSE TO SUBJECT NO. 3:

3M objects to this request to the extent it calls for any witness to provide legal interpretation with respect to any contracts.  3M further objects to this request as vague, overbroad and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to identify distribution contracts relating to the CAEV2 within 3M's care, custody, or control, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 4:

Any and all shipping contracts relating to the shipment of the CAE, and receipts for shipping, from the time they were first shipped to present.

## RESPONSE TO SUBJECT NO. 4:

3M objects to this request to the extent it calls for any witness to provide legal interpretation with respect to any contracts.   3M further objects to this request to the extent it seeks identification of shipping contracts not within 3M's possession, custody, or control.  3M further objects to the term "relating to the distribution of the CAE" on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to identify shipping contracts relating to the CAEV2 within 3M's care, custody, or control, to the best of 3M's knowledge based upon a reasonable investigation of shipping contracts within 3M's possession, custody or control.

## SUBJECT NO. 5:

The manner in which the CAE were/are shipped nationwide, from the time they were first shipped to present.

## RESPONSE TO SUBJECT NO. 5:

3M objects to this request to the extent it seeks information about shipping of CAEV2 by entities other than Defendants.  3M further objects to the phrase "the manner in which the CAE were/are shipped nationwide" on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to generally describe the manner in which CAEV2 earplugs were shipped, to the best of 3M's knowledge based upon a reasonable investigation of information within 3M's possession, custody, or control.

## SUBJECT NO. 6:

The manner in which the CAE were/are shipped worldwide, from the time they were first shipped to present.

## RESPONSE TO SUBJECT NO. 6:

3M objects to this request to the extent it seeks information about shipping of CAEV2 by entities other than Defendants.  3M further objects to the phrase "the manner in which the CAE were/are shipped worldwide" on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to generally describe the manner in which CAEV2 earplugs were shipped, to the best of 3M's knowledge based upon a reasonable investigation of information within 3M's possession, custody, or control.

## SUBJECT NO. 7:

The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the distribution process and/or shipment of the CAE, both national and/or worldwide, from the time they were first distributed to present.

## RESPONSE TO SUBJECT NO. 7:

3M objects to this Subject on the ground that it is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  3M further objects to this request to the extent it seeks the identification of individuals and/or entities not employed or controlled by Defendants.  3M further objects to this request to the extent it seeks the identification of every individual and entity involved in the distribution or shipment of CAEV2 earplugs over a period of longer than a decade.

Notwithstanding the above objections, 3M offers to produce a witness to identify the individuals employed by Defendants who played a primary role in the distribution or shipment of CAEV2, and to generally describe their role in the distribution or shipment of CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 8:

The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants responsible for communicating with the U.S. Government relating to the distribution and/or shipment of Combat Arms Earplug, from the time they were first conceived to present.

**RESPONSE TO SUBJECT NO. 8:**

3M objects to this request to the extent it seeks the identity and role of individuals not employed by Defendants.  3M further objects to this topic on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had primary responsibility for communicating with the United States regarding distribution and/or shipment of the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the government-communication-related role of those individuals, to the best of 3M's knowledge based upon their reasonable investigation.

**SUBJECT NO. 9:**

The structure of Defendants' internal departments and divisions as it applies to distribution and shipment of the CAE, from the time they were first distributed or shipped to present.

**RESPONSE TO SUBJECT NO. 9:**

3M objects to this topic as vague, overbroad and unduly burdensome.   3M further objects to this topic on the ground that it does not specify a date.

Notwithstanding the above objections, 3M offers to produce a witness to describe generally Defendants' departments and divisions involved in the distribution and shipment of CAEV2, based upon a reasonable investigation.

## SUBJECT NO. 10:

The sources and location of all documents and data created and/or maintained by the individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants identified in Paragraphs 7-8, including but not limited to: custodial files; departmental files; committee files; project team files; databases; and shared work environments, such as SharePoint.

## RESPONSE TO SUBJECT NO. 10:

3M objects that the sources and locations of documents produced by Defendants are identified in metadata produced by Defendants in accordance with Pretrial Order Nos. 10 and 12.   3M further objects to this request to the extent it seeks the identification of sources and locations of documents in the possession, custody, or control of third parties.  3M further objects to this topic as vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to meet and confer with Plaintiffs to clarify the scope of this topic.

**SUBJECT NO. 11:**

Any and all packaging for the CAE, from the time they were first distributed to present.

**RESPONSE TO SUBJECT NO. 11:**

3M objects to this request to this topic to the extent it seeks the identification of packaging provided by third parties. 3M further objects to the time frame of this request as overbroad.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally the packaging provided by 3M, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 12:**

Any and all labeling for the CAE, from the time they were first distributed to present.

**RESPONSE TO SUBJECT NO. 12:**

3M objects to this request to this topic to the extent it seeks the identification of labelling provided by third parties.  3M further objects to the time frame of this

request as overbroad.  3M further objects to this request as vague, overbroad, and ambiguous.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally the labelling provided by 3M, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 13:

Any and all marketing strategy and campaigns for the CAE, including but not limited to strategies and/or campaigns aimed at the military, civilians or any other potential purchasers and users, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 13:

3M objects to this request to the extent it seeks information about marketing conducted by entities other than Defendants.   3M further objects to this topic as vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally Defendants' marketing efforts for the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 14:**

The production and distribution of training documents, training videos, and for instructions for use of the CAE.

**RESPONSE TO SUBJECT NO. 14:**

3M objects to this request to the extent it seeks information about training documents, training videos and instructions created by entities other than Defendants.  3M further objects to this request as vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to identify training documents, training videos, and instructions, if any, created by Defendants that primarily relate to the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 15:**

Any marketing videos concerning the CAE.  3M further objects to this request as vague, overbroad, and unduly burdensome.

**RESPONSE TO SUBJECT NO. 16:**

3M objects to this request to the extent it seeks information about marketing videos created by entities other than Defendants.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to identify marketing videos created by Defendants that primarily relate to the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 16:**

Any correspondence, documents, or data relating to the design or marketing of the carrying case for the CAE.

**RESPONSE TO SUBJECT NO. 16:**

3M objects to this request to the extent it seeks information in the care, custody or control of third parties.  3M objects to the phrase "correspondence, documents or data relating to the design or marketing of the carrying case for the CAE" as vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to meet and confer with Plaintiffs to clarify the scope of this topic.

**SUBJECT NO. 17:**

The marketing budget for the CAE, from the time they were first conceived to present.

**RESPONSE TO SUBJECT NO. 17:**

3M objects to this topic on the ground that it is not likely to lead to the discovery of admissible evidence.  3M further objects to this topic to the extent it seeks information in the care, custody or control of any third party.  3M further objects to the phrase "first conceived" as vague and ambiguous.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally Defendants' marketing efforts for the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation, including the identification of marketing budgets for the CAEV2 that 3M identifies based upon that reasonable investigation.

**SUBJECT NO. 18:**

The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the packaging and labeling of the CAE, both national and worldwide, from the time they were first distributed to present.

**RESPONSE TO SUBJECT NO. 18:**

3M objects to the phrase "any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the packaging and labeling of the CAE" on the ground that it is vague, overbroad, and unduly burdensome.    3M further objects to this topic on the ground that that it requests information outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to (i) identify 3M employees who, to the best of 3M's knowledge based upon a reasonable investigation, were involved in the packaging and labelling of CAEV2 earplugs and (ii) describe generally the role of those individuals with respect to packaging and labeling, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 19:**

The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in developing and/or approving marketing strategies and campaigns for the Combat Arms Earplug, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 19:

3M objects to the phrase "any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in developing and/or approving marketing strategies and campaigns" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this topic on the ground that it requests information outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to (i) identify organizations and entities that, to the best of 3M's knowledge based upon a reasonable investigation, were involved in the marketing of CAEV2 earplugs and (ii) describe generally the role of those organizations and entities with respect to marketing of the CAEv2 earplugs, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 20:

The identity and role of any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional and marketing materials for the Combat Arms Earplug, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 20:

3M objects to the phrase "any and all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional and marketing materials for the Combat Arms Earplug" on the ground that it is vague, overbroad, and unduly burdensome. 3M further objects to this topic on the ground that it requests information outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had primary responsibility for promotional and marketing materials with respect to the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the marketing and promotional role of those individuals with respect to the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation.

## SUBJECT NO. 21:

The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional events relating to the CAE, including but not limited to: speaking events

and lectures, conferences, meetings, and focus groups, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 21:

3M objects to the phrase "all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for promotional events relating to the CAE" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this on the ground that it seeks information outside of 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had primary responsibility for promotional events for the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the role of those individuals with respect to promotional events for the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 22:

The structure of Defendants' internal departments and divisions as it applies to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 22:

3M objects to the overbroad time frame of this request.  3M further objects to this request to the extent it seeks information maintained by third parties.  3M further objects to the phrase "structure of Defendants' internal departments and divisions as it applies to the marketing, packaging and labeling of the CAE" on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally 3M's departments and divisions with responsibility for the marketing, packaging and labeling of the CAEV2,

## SUBJECT NO. 23:

Any and all contracts between Defendants and third parties relating to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 23:

3M objects to this request as overly broad and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to identify contracts between Defendants and third parties relating to the

marketing, packaging and labeling of CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 24:

The responsibilities of third parties with respect to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 24:

3M objects to the phrase "responsibilities of third parties" on the ground that it is vague, overly broad, and unduly burdensome.   3M further objects to this topic on the ground that it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally the responsibilities of third parties with respect to the marketing, packaging, and labeling of the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 25:

The sources and location of all documents and data created and/or maintained by the individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants identified in Paragraphs 18-21, including but not limited

to: custodial files; departmental files; committee files; project team files; databases; and shared work environments, such as SharePoint.

## RESPONSE TO SUBJECT NO. 25:

3M objects to the phrase "sources and location of all documents and data created and/or maintained by the individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this topic on the ground it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to to meet and confer with Plaintiffs to clarify the scope of this topic.

## SUBJECT NO. 26:

Any and all analyses run by Defendants' sales employees, sales departments and/or anyone working on their behalf to determine revenue and profit generated by the Combat Arms Earplug, from the time they were first sold to present.

## RESPONSE TO SUBJECT NO. 26:

Defendants to the phrase "any and all analyses run by Defendants' sales employees, sales departments and/or anyone working on their behalf" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to

this topic on the ground that it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to meet and confer with Plaintiffs to clarify the scope of this topic.

**SUBJECT NO. 27:**

Any and all sales projections run by Defendants' sales employees, sales departments and/or anyone working on their behalf relating to the Combat Arms Earplug, from the time they were first conceived to present.

**RESPONSE TO SUBJECT NO. 27:**

3M objects to the phrase "any and all sales projections run by Defendants' sales employees, sales departments and/or anyone working on their behalf" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this topic on the ground that it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to meet and confer with Plaintiffs to clarify the scope of this topic.

**SUBJECT NO. 28:**

Any and all contracts between Defendants and third parties relating to the sales of the CAE, from the time they were first conceived to present.

**RESPONSE TO SUBJECT NO. 28:**

3M objects to the phrase "from the time they were first conceived" as vague and ambiguous.  3M further objects to this request as vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to conduct a reasonable search for, and produce, contracts between Defendants and third parties relating to the sales of the CAEV2.

**SUBJECT NO. 29:**

The responsibilities of third parties with respect to the sales of the CAE, from the time they were first conceived to present.

**RESPONSE TO SUBJECT NO. 29:**

3M further objects to this topic to the extent it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses to describe generally the responsibilities of third parties with respect to the sales of the CAE, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 30:

The identity and role of any all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the sales of the Combat Arms Earplug, including but not limited to sales representatives, detailers, regional and district sales managers, and their agents, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 30:

3M objects to the phrase "identity and role of any all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the sales of the Combat Arms Earplug" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this topic on the ground that it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had primary

responsibility for the sales of the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the role of those individuals with respect to the sales of the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

## SUBJECT NO. 31:

The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for sales projections for the Combat Arms Earplug, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 31:

3M objects to the phrase "identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for sales projections for the Combat Arms Earplug" on the ground that it is vague, overbroad, and unduly burdensome.   3M further objects to this topic on the ground that it requests information outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M offers to meet and confer with plaintiffs to clarify the scope of this Subject.

**SUBJECT NO. 32:**

The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants with responsibilities for training Combat Arms Earplug sales representatives or retailer.

**RESPONSE TO SUBJECT NO. 32:**

3M objects to this Subject to the extent it requests information outside 3M's possession, custody, or control.  3M further objects to this request as vague, overbroad, and ambiguous.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had responsibility for training sales representatives for the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the role of those individuals with respect to the training of sales representatives for the CAEV2, to the best of 3M's knowledge and based upon a reasonable investigation.

**SUBJECT NO. 33:**

The identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the

pricing of the Combat Arms Earplug, from the time they were first conceived to present.

## RESPONSE TO SUBJECT NO. 33:

3M further objects to this topic to the extent it requests information outside 3M's possession, custody, or control.  3M further objects to the phrase "identity and role of all individuals, entities, agents, consultants, third parties and/or current or former employees of Defendants involved in the pricing of the Combat Arms Earplug" on the ground that it is vague, overbroad, and unduly burdensome.

Notwithstanding the above objections, 3M offers to produce a witness or witnesses (i) to identify the individuals employed by Defendants who had primary responsibility for pricing the CAEV2, to the best of 3M's knowledge based upon their reasonable investigation; and (ii) to describe generally the role of those individuals with respect to the pricing of the CAEV2.

## SUBJECT NO. 34:

The sources and location of all documents and data created and/or maintained by the individuals or entities identified in Paragraphs 30-33, including but not limited to: custodial files; laptops, departmental files; committee files;

project team files; databases; slide decks, electronic media, websites, payment information, and shared work environments, such as SharePoint.

## RESPONSE TO SUBJECT NO. 34:

3M objects to this topic as vague, overbroad, and unduly burdensome.  3M further objects that the sources and locations of documents produced by Defendants are identified in metadata produced by Defendants in accordance with Pretrial Order Nos.  10 and 12.   3M further objects to this request to the extent it seeks the identification of sources and locations of documents in the possession, custody, or control of third parties.

Notwithstanding the above objections, 3M offers to meet and confer with Plaintiffs to clarify the scope of this topic.

## SPECIFIC OBJECTIONS TO EXHIBIT A SUBPOENA DUCES TECUM

## REQUEST NO. 1:

Curriculum vitae of proposed deponent(s).

## RESPONSE TO REQUEST NO. 1:

3M objects to this Request to the extent that it seeks documents, communications, and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the above objections, 3M will produce any non-privileged documents constituting the curriculum vitae of proposed deponents, once any 30b6 witnesses have been identified.

**REQUEST NO. 2:**

All DOCUMENTS reviewed, considered, or relied upon in preparation for this deposition.

**RESPONSE TO REQUEST NO. 2:**

3M objects to this Request to the extent that it seeks documents that are protected by applicable attorney-client and work-product privileges.

Notwithstanding the above objections, 3M will produce any non-privileged documents responsive to this Request to the extent required by law.

**REQUEST NO. 3:**

All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the national and/or worldwide distribution of the CAE, including but not limited to the agreements themselves, from the time they were first distributed to present.

**RESPONSE TO REQUEST NO. 3:**

3M objects to this Request for all documents "referring to or relating to agreements" as vague, overly broad and unduly burdensome.  3M further objects to

this Request as duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production Nos. 29 and 30.

Notwithstanding the above objections, 3M will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12, to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 4:

All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the national and/or worldwide shipment of the CAE, including but not limited to the agreements themselves, from the time they were first shipped to present.

## RESPONSE TO REQUEST NO. 4:

3M objects to this Request for all documents "referring to or relating to agreements" as vague, overly broad and unduly burdensome.  3M further objects to this Request as duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production Nos. 29 and 30.

Notwithstanding the above objections, 3M will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 5:**

All DOCUMENTS referring to or relating to the national and/or worldwide distribution and shipment of the CAE through both military and civilian distribution channels, including but not limited to, illustrative charts, PowerPoint presentations, diagrams, posters, brochures, leave-behind pamphlets, and any other DOCUMENTS that accompanied the CAE.

**RESPONSE TO REQUEST NO. 5:**

3M objects to this Request for all documents "referring to or relating to the national and/or worldwide distribution" as vague, overly broad, and unduly burdensome.  3M further objects to this Request as duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production No. 31.

Notwithstanding the above objections, 3M will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 6:**

All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the marketing, packaging and labeling of the CAE, including but not limited to the agreements themselves, from the time they were first conceived to present.

**RESPONSE TO REQUEST NO. 6:**

3M objects to this Request as unduly burdensome and duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production No. 27. 3M further objects to this request as vague, overly broad, and unduly burdensome.

Notwithstanding the above objections, 3M will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 7:**

All DOCUMENTS referring to or relating to agreements between 3M Company and any third party concerning the sales of the CAE, including but not limited to the agreements themselves, from the time they were first conceived to present.

**RESPONSE TO REQUEST NO. 7:**

3M objects to this Request for all documents "referring to or relating to agreements" as overly broad and unduly burdensome. 3M further objects to this Request as duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production Nos. 29 and 30.

Notwithstanding the above objections, 3M will produce non-privileged agreements responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

## REQUEST NO. 8:

Any and all labeling for the CAE, from the time they were first distributed to present.

## RESPONSE TO REQUEST NO. 8:

3M objects to this Request all documents "referring to or relating to agreements" as overly broad and unduly burdensome.  3M further objects to this Request as duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production Nos. 3, 10 and 11.  3M further objects to this Request to the extent it seeks documents outside 3M's possession, custody, or control.

Notwithstanding the above objections, 3M will produce non-privileged documents responsive to this Request deemed relevant and responsive pursuant to Pretrial Order No. 12 to the extent that Defendants have not previously produced such documents pursuant to Pretrial Order No. 10.

**REQUEST NO. 9:**

Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the distribution and shipment of the CAE, from the time they were first distributed or shipped to present.

**RESPONSE TO REQUEST NO. 9:**

3M objects to this Request as unduly burdensome and duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production No. 36.

Notwithstanding the above objections, 3M will produce organizational charts which it informally produced to Plaintiffs in connection with the parties' Rule 26 conference. To the extent additional, relevant, non-privileged organizational charts responsive to this Request can be located based upon a reasonable search, Defendants agree to produce those organizational charts.

**REQUEST NO. 10:**

Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the marketing, packaging and labeling of the CAE, from the time they were first conceived to present.

**RESPONSE TO REQUEST NO. 10:**

3M objects to this Request as unduly burdensome and duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production No. 36.

Notwithstanding the above objections, 3M will produce organizational charts which it informally produced to Plaintiffs in connection with the parties' Rule 26 conference.  To the extent additional, relevant, non-privileged organizational charts responsive to this Request can be located based upon a reasonable search, Defendants agree to produce those organizational charts.

**REQUEST NO. 11:**

Any organizational charts or similar DOCUMENTS identifying the structure of Defendants' internal departments and divisions as it applies to the sales of the CAE, from the time they were first conceived to present.

**RESPONSE TO REQUEST NO. 11:**

3M objects to this Request as unduly burdensome and duplicative of other discovery requests, including but not limited to Plaintiffs' Request for Production No. 36.  3M objects to the phrase "charts or similar documents identifying the structure of defendants' internal departments and divisions" as vague and ambiguous.

Notwithstanding the above objections, 3M will produce organizational charts which it informally produced to Plaintiffs in connection with the parties' Rule 26 conference.  To the extent additional, relevant, non-privileged organizational charts responsive to this Request can be located based upon a reasonable search, Defendants agree to produce those organizational charts.


DATED: August 8, 2019                    Respectfully submitted,

                                         */s/ Kimberly Branscome*

                                         KIRKLAND & ELLIS, LLP
                                         Kimberly Branscome
                                         kimberly.branscome@kirkland.com
                                         333 South Hope Street
                                         Los Angeles, California 90031
                                         Telephone: (213) 680-8400
                                         Facsimile: (213) 680-8500

                                         *Counsel for Defendant 3M Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Aug. 8, 2019, a true and correct copy of the foregoing:

**3M'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' 30(b)(6) NOTICE**

was served as follows:

⊠ **[E-Mail]** By causing the above document to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz,
PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell,
Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

Virginia E. Anello, Discovery & ESI
Subcommittee
Douglas & London, PC
59 Maiden Ln, 6th Floor
New York, NY 10038
Tel.: (212) 566-7500
vanello@douglasandlondon.com

Kathering E. Charonko, Discovery & ESI
Subcommittee
Bailey Glasser, LLP
209 Capitol Street

Taylor C. Bartlett, Discovery & ESI
Subcommittee
Henninger Garrison Davis LLC
2224 1st Avenue North

36

Charleston, WV 25301
Tel.:  (304) 345-6555
kcharonko@baileyglasser.com

J.   Nixon   Daniel,   Discovery   &   ESI
Subcommittee
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, FL 35202
Tel.: (850) 469-3306
taylor@hgdlawfirm.com

Birmingham, AL 35203
Tel.: (205) 301-6115
taylor@hgdlawfirm.com

David R. Buchanan, Discovery & ESI
Subcommittee
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (973) 639-9100
dbuchanan@seegerweiss.com

DATED: Aug. 8, 2019

*/s/ Kimberly Branscome*
Kimberly Branscome