IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

**ORDER**

Pending before the Court are: (1) Plaintiffs' Motion to Compel Discovery and Memorandum of Law (ECF No. 1226); (2) Defendants' Motion to Compel Production of Unredacted Records or, in the Alternative, for *In Camera Review* as to Bellwether Plaintiffs Stephen Hacker and Vernon Rowe (ECF No. 1231); and (3) Defendants' Motion to Compel Disclosure of Disclosed Protected Information as to Bellwether Plaintiff Denise Kelley (Case No. 7:20-cv-153-MCR-GRJ, ECF No. 9).[1] Defendants filed a response in opposition to Plaintiffs' motion (ECF No. 1252), and Plaintiffs filed responses in opposition to Defendants' motions (ECF No. 1248; Case No. 7:20-cv-153-MCR-GRJ, ECF No. 10).

---

[1] Also pending before the Court is Defendants' Motion to Compel Initial Disclosures and Discovery Responses. ECF No. 1241. The Court scheduled that motion for hearing with the discovery motions addressed in this order, ECF No. 1243, but, in view of time constraints and after some opportunity for argument, the parties rested on their briefing. The Court, therefore, resolves that motion in a separate order.

On July 16, 2020, the Court conducted a telephonic hearing for the parties to present argument on these motions. For the reasons explained at the hearing (which are fully incorporated herein) and as discussed below, the Court rules on the instant motions as follows.[2]

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure permit discovery limited to nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Determining whether discovery is proportional requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

---

[2] This order is written for the benefit of the parties in view of their representations that the discovery sought in these motions is pertinent to the forthcoming depositions of the Bellwether Plaintiffs.

Where, as here, a party objects to the production of documents or an interrogatory, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). This Court has "broad discretion … to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(b)). The Court will consider only those objections to discovery that were timely raised and are relied upon in response to the motion to compel. *Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 n.1 (M.D. Fla. 1990). The objecting party typically bears the burden to substantiate its objections. *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005).

If a party objects to the relevance of propounded discovery requests, the objecting party must establish that the requested discovery (1) is not relevant under Rule 26(b)(1), or (2) is marginally relevant, such that production would cause potential harm outweighing the presumption in favor of broad disclosure. *Am. Fed'n of State, Cty. and Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000). If the requested discovery's relevance is not apparent, however, the party

seeking the production must demonstrate relevancy.  *S.E.C. v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012).

## II.  Plaintiffs' Motion to Compel Discovery

### A.  Bellwether Plaintiffs' Interrogatories Nos. 2–5 and General Interrogatories No. 16 & 27–29.

The bulk of Plaintiffs' motion to compel addresses Defendants' responses to these interrogatories.  ECF No. 1226 at 8–20.  Federal Rule of Civil Procedure 33 governs the service of interrogatories and responses thereto.  Fed. R. Civ. P. 33.  It is axiomatic that answers to interrogatories must be "true, explicit, responsive, complete, and candid."  *Weaver v. Mateer and Harbert, P.A.*, 277 F.R.D. 655, 657 (M.D. Fla. 2011); *see also Equal Rights Ctr. V. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).  "The party seeking discovery bears the burden of establishing that a discovery response is inadequate."  *Weaver*, 277 F.R.D. at 657.

Plaintiffs contend Defendants improperly rely on Federal Rule of Civil Procedure 33(d)[3] in referring to documents in response to these

---

[3] Rule 33(d) states:  "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."

4

interrogatories rather than answering directly the questions posed. Specifically, Plaintiffs argue they are unsure, based on Defendants' responses, whether "the answer[s] to [these] interrogator[ies] may be determined by examining, auditing, compiling, abstracting, or summarizing [Defendants'] business records (including electronically stored information)," Fed. R. Civ. P. 33(d), because Defendants have not sworn that these records are "the extent of their knowledge" as to the interrogatories.  In other words, Defendants have not certified "this is what we know."  In response, Defendants assert they have complied with Rule 33(d) after a more-than-reasonable investigation of available business records and that Rule 33(d) does not demand they "swear to perfection."

Upon consideration, Plaintiffs' motion to compel better interrogatory responses for Bellwether Plaintiffs' Interrogatories Nos. 2–5 and General Interrogatories No. 16 & 27–29 is **DENIED**.  Defendants' responses are sufficient notwithstanding that they do not track Rule 33(d) verbatim or include the certifications suggested by Plaintiffs.   Defendants' responses to these interrogatories, as written, do not leave the door open for Defendants to "sandbag" Plaintiffs at trial with evidence or testimony inconsistent with these responses or not otherwise disclosed during discovery.  The responses are sworn, and other provisions of the Federal Rules of Civil

Procedure govern supplemental disclosures and provide remedies for noncompliance. *See, e.g.*, Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses"); Fed. R. Civ. P. 37(c) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit").

## B.  Bellwether Plaintiffs' Interrogatory No. 7

Plaintiffs' remaining challenge pertains to Bellwether Plaintiffs' Interrogatory No. 7, which asks Defendants whether they have "conducted any surveillance, including but not limited to any internet or computer surveillance, on any Plaintiffs or any of Plaintiffs' family members?" ECF No. 1226 at 25. If Defendants conducted surveillance, the interrogatory requests further that Defendants disclose:

> (a) [w]ho or what is the subject of such surveillance; (b) [t]he date and time such surveillance began; (c) [w]hether such surveillance is still ongoing and if not, the time and date on which such surveillance ended; and (d) [t]he identity of every individual who conducted or participated in any way in such surveillance, whether as an active participant, as a planner, or in post-surveillance analysis or production, and the identity of each such individual's employer.

*Id.* Plaintiffs argue they are entitled to discovery on the existence of surveillance conducted on the Bellwether Plaintiffs based on a well-established body of Florida and federal case law. *Id.* at 26–27. At the telephonic hearing, Plaintiffs clarified that they are no longer requesting the

disclosure of internet and computer surveillance readily available through public sources and the content of any surveillance unless Defendants intend to use this surveillance at trial.

Defendants objected to the interrogatory to the extent it sought information protected by the work-product privilege, to the phrase "internet or computer surveillance" as vague and ambiguous, and to the extent it sought information publicly available or not in Defendants' possession, custody, or control.  *Id.* at 26.  Defendants contend this interrogatory infringes on the work-product privilege—which is a matter of federal, not state, law—and Plaintiffs are not entitled to all of the information sought in Interrogatory No. 7.  ECF No. 1252 at 31–37.

Plaintiffs' motion to compel a response to Bellwether Plaintiffs' Interrogatory No. 7 is **GRANTED**.  The law on this issue is straightforward.  *See, e.g.*, *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582 (S.D. Tex. 1996).  Plaintiffs' request for Defendants to disclose the existence of surveillance of Bellwether Plaintiffs and their families (and the form of any such surveillance) does not violate the work-product privilege.  Defendants, however, are not required to produce the content of surveillance (*e.g.*, photographs, recordings, etc.) unless they intend to use them as evidence at trial.

### III. Defendants' Motions to Compel Production of Unredacted Records as to Bellwether Plaintiffs Rowe, Hacker, and Kelley

The next motions before the Court address redactions by Bellwether Plaintiffs Rowe, Hacker, and Kelley to medical records from the Department of Veteran Affairs and Department of Defense and to disability records from the Veterans Benefits Administration.  ECF No. 1231[4]; Case No. 7:20-cv-153-MCR-GRJ, ECF No. 9.  Plaintiffs redacted these records pursuant to Pretrial Order No. 39 because they "concern[ed] the identity, diagnosis, prognosis, testing, or treatment of a plaintiff in connection with substance abuse or mental health issues[.]".  ECF No. 1154.  At the parties' request, the undersigned examined *in camera* a number of the redactions at issue prior to the telephonic hearing.

As a general matter, mental health records are subject to the psychotherapist-patient privilege.  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  This Court previously held that Plaintiffs have not placed their mental health conditions in controversy merely by requesting damages for "garden variety" mental anguish or emotional distress.  ECF No. 1065 at 6;

---

[4] Although this motion also addresses redacted and withheld records pertaining to Bellwether Plaintiffs Baker and Estes, Defendants notified the Court prior to the telephonic hearing that it was withdrawing its motion to compel as to those records because they were produced by Plaintiffs.  ECF No. 1248 at 1 n.1.

8

*see also Awalt v. Marketti*, 287 F.R.D. 409, 417 (N.D. Ill. 2012) ("There is a final approach, the so-called "middle ground" approach—which has become the majority view—which holds that "[w]here a plaintiff merely alleges 'garden variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege." (citing *Koch v. Cox*, 48 F.3d 384, 390 (D.C. Cir. 2007)).  This "is a matter of procedural waiver (and pleading), not a matter of waiver under state substantive law."  ECF No. 1108 at 14; *see also Dominguez-Silva v. Harvey*, No. 3:04-cv-135-JTC, 2006 WL 826091, at *1 (N.D. Ga. Mar. 23, 2006) (the "garden variety" approach "gives the plaintiff, as master of his Complaint, clear guidance on what claims or allegations will operate to waive the privilege").

Here, Defendants argue that the redacted and withheld records for Plaintiffs Rowe, Hacker, and Kelley should be produced without limitation because they are not subject to a psychotherapist-patient privilege in the first instance or, alternatively, any privilege was waived by voluntary disclosure to a third party.  ECF No. 1231 at 7–14, 32–34; Case No. 7:20-cv-153-MCR-GRJ, ECF No. 9 at 10–20.  And Defendants assert numerous

9

theories of relevance under Rule 26(b)(1) as to Plaintiffs Rowe, Hacker, and Kelley's causes of action and claims for damages. ECF No. 1231 at 14-23, 32–34; Case No. 7:20-cv-153-MCR-GRJ, ECF No. 9 at 20–20. In short, Plaintiffs say these records are not discoverable because they are not relevant. ECF No. 1248; Case No. 7:20-cv-153-MCR-GRJ, ECF No. 10. It is clear from the parties' protracted arguments that disputes as to the relevance of the demanded records must be resolved on a case-by-case basis.

First, Defendants' motion to compel the unredacted or withheld records of Bellwether Plaintiff Hacker is **DENIED**. The Court is not persuaded these records are relevant to Plaintiff Hacker's garden-variety claims for mental anguish, distress, or loss of enjoyment of life. Plaintiff Hacker does not assert a cause of action directly implicating his mental health (such as negligent infliction of emotional distress) nor does he intend to offer expert testimony on his garden-variety damages claims. ECF No. 1248 at 16. Moreover, as mentioned at the hearing, the Court has reviewed *in camera* the redactions and withheld documents for Plaintiff Hacker—which pertain only to 16 documents—and the matters redacted in the documents are far afield from this litigation and involve highly personal issues, which will not have a bearing on Defendants' assertion that the

information is needed to address alternative explanations for Plaintiff's claimed damages. Defendants have sufficient discovery to explore alternative reasons for his claims of mental anguish and loss of enjoyment of life in Plaintiff Hacker's case.

Second, Defendants' motion to compel the unredacted or withheld records of Bellwether Plaintiff Rowe is **DENIED** to the extent they request production of his records from the Department of Defense and VA concerning the identity, diagnosis, prognosis, testing, or treatment in connection with mental health or substance abuse issues. As explained above, these records are not relevant to Plaintiff Rowe's garden-variety emotional damages claims. ECF No. 1248 at 18–19. Additionally, records pertaining to substance abuse—which are covered under Pretrial Order No. 39 and are a species of mental health records—are not relevant at the discovery stage because, as a general matter, the plaintiffs' lost earning capacity claims are limited to damages of hearing loss caused by their use of the CAEv2.

Plaintiff Rowe's VBA disability records are different. The VA disability system compensates veterans for "reductions in earning capacity from specific injuries or combinations of injuries," 38 U.S.C. § 1155, and for "disability resulting from personal injury suffered or disease contracted in

11

line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty," 38 U.S.C. § 1110.  Any privilege as to these records has been waived.  *See Bosworth v. Dayton Heidelberg Distributing Co.*, 394 F. Supp. 3d 794, 795–96 (S.D. Ohio. 2019); *In re Grand Jury Investigation*, 114 F. Supp. 2d 1054, 1055–56 (D. Or. 2000).  Nevertheless, these records are relevant, and therefore discoverable, only to the extent Plaintiff Rowe makes a claim for diminished earnings or earning capacity.  Plaintiff Rowe must disclose the VBA disability rating for an underlying mental health diagnosis, the diagnosis (if rated), and the general description of the diagnosis by the VBA (not including the specific circumstances giving rise to the diagnosis or treatment).  This will allow Defendants to make a reasoned inquiry into Plaintiff Rowe's disability ratings.

Lastly, Defendants' motion to compel the unredacted or withheld records of Bellwether Plaintiff Kelley is **DENIED** to the extent they request production of her records from the Department of Defense and VA concerning the identity, diagnosis, prognosis, testing, or treatment in connection with mental health or substance abuse issues.  The Court has reviewed *in camera* records provided by the parties and the matters addressed therein are not relevant to her garden-variety claims for mental

12

anguish, distress, and loss of enjoyment of life.  ECF No. 10 at 7. Additionally, the matters redacted by Plaintiff Kelly in a small number of documents concern an incident that is highly personal and sensitive and under no set of circumstances would have any bearing on the damages claimed by Plaintiff Kelly (which do not include any wage loss claim) or on any alternative reasons for damages that Defendants may attempt to establish. Plaintiff Kelley, however, must disclose any VBA disability rating for an underlying mental health diagnosis, the diagnosis (if rated), and the general description of the diagnosis by the VBA (not including the specific circumstances giving rise to the diagnosis or treatment) because this information could be relevant to her claim for future loss of earning capacity.  This will allow Defendants to make a reasoned inquiry into Plaintiff Kelley's disability ratings.[5]

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Discovery and Memorandum of Law, ECF No. 1226, is **GRANTED** regarding interrogatory No. 7 and otherwise is **DENIED** regarding the other challenged responses to interrogatories.  Defendants must respond to Bellwether Plaintiffs' Interrogatory No. 7, pertaining to the existence and form of surveillance of the Bellwether Plaintiffs and their families.

---

[5] Because this resolves Defendants' motion to compel as to Plaintiff Kelley, Defendant's motion for leave to file a reply memorandum, ECF No. 11, is **DENIED as moot**.

13

    Defendants are not required to disclose the content of any such surveillance unless they intend to use it at trial.

2. Defendants' Motion to Compel Production of Unredacted Records as to Bellwether Plaintiffs Hacker and Rowe, ECF No. 1231, is **DENIED** except to the extent that Plaintiff Rowe must disclose the VBA disability rating for an underlying mental health diagnosis, the diagnosis (if rated), and the general description of the diagnosis by the VBA (not including the specific circumstances giving rise to the diagnosis or treatment).

3. Defendants' Motion to Compel Disclosure of Disclosed Protected Information as to Bellwether Plaintiff Kelley, Case No. 7:20-cv-153-MCR-GRJ, ECF No. 9, is **DENIED** except to the extent that Plaintiff Kelley must disclose the VBA disability rating for an underlying mental health diagnosis, the diagnosis (if rated), and the general description of the diagnosis by the VBA (not including the specific circumstances giving rise to the diagnosis or treatment).

4. Defendants' Motion for Leave to File a Reply Memorandum, Case No. 7:20-cv-153-MCR-GRJ, ECF No. 11, is **DENIED as moot**.

**DONE AND ORDERED** this 17th day of July 2020.

                *s/Gary R. Jones*
                GARY R. JONES
                United States Magistrate Judge