**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

Pending before the Court is Defendants' Motion to Compel Initial Disclosures and Discovery Responses as to Bellwether Plaintiffs. ECF No. 1241. Plaintiffs have filed a response in opposition. ECF No. 1254. This motion is ripe for the Court's consideration. Upon careful consideration, and for the reasons discussed below, Defendants' motion is **GRANTED IN PART and DENIED IN PART**.[1]

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 33 governs the service of interrogatories and responses thereto. Fed. R. Civ. P. 33. It is axiomatic that answers to interrogatories must be "true, explicit, responsive,

---

[1] This order is written for the benefit of the parties in view of their representations that the discovery sought in these motions is pertinent to the forthcoming depositions of the Bellwether Plaintiffs. The Court, therefore, does not quote verbatim from the parties' discovery requests or responses unless it is essential to resolving a dispute.

complete, and candid." *Weaver v. Mateer and Harbert, P.A.*, 277 F.R.D. 655, 657 (M.D. Fla. 2011); *see also Equal Rights Ctr. V. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007). "The party seeking discovery bears the burden of establishing that a discovery response is inadequate." *Weaver*, 277 F.R.D. at 657.

Where a party objects to an interrogatory or gives an answer that is improper or incomplete, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). This Court has "broad discretion … to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(b)). The Court will consider only those objections to discovery that were timely raised and are relied upon in response to the motion to compel. *Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 n.1 (M.D. Fla. 1990). The objecting party typically bears the burden to substantiate its objections. *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005).

## II.  DISCUSSION

### A.  Initial Disclosures

Federal Rule of Civil Procedure 26(a)(1) requires a party provide the other party or parties in a civil action "initial disclosures" without awaiting

the a discovery request.  Initial disclosures include: the name, address, and telephone number "of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses"; and "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying … the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(i), (iv).

After the Bellwether selection process, Defendants requested that the Bellwether Plaintiffs provide their initial disclosures.  ECF No. 1241 at 2.  Defendants now claim Plaintiffs have failed to abide by this request and the self-executing nature of Rule 26(a)(1), even in response to interrogatories requesting the same categories of information.  *Id.* at 3.  Plaintiffs argue that Defendants are attempting to avoid or modify stipulations between the parties in the Rule 26(f) Report as to case-specific discovery, including the waiver of Plaintiffs' initial disclosures.  ECF No. 1254 at 6–8.

The undersigned concludes that the Bellwether Plaintiffs must provide Defendants their initial disclosures, as contemplated under Rule 26(a)(1).  Rule 26(a)(1) is mandatory, and there is no stipulation by the

parties waiving this requirement before the Court.  Defendants are only seeking information as to two categories of initial disclosures—potential witnesses and damages calculations. The fact that this discovery may have been previously disclosed to Defendants in responses to interrogatories is immaterial; it should be provided in one place.  The Bellwether Plaintiffs must provide Defendants with their initial disclosures **no later than one (1) day before the Bellwether Plaintiff's deposition**.[2]

### B.   Boilerplate Objections

Defendants next challenge the Bellwether Plaintiffs' "boilerplate" objections to interrogatories and their responses "subject to and without waiving" those objections.  ECF No. 1241 at 15.  Defendants say that Plaintiffs must "indicate[] whether they are withholding information from their responses based on their objections."  *Id.* at 16.

The Court agrees that the Bellwether Plaintiffs' objections addressed in Defendants' motion to compel, *id.* at 15–19, do not meet the level of specificity required under Rule 33.  Fed. R. Civ. P. 33(b)(4).  These

---

[2] The Bellwether Plaintiffs must provide Defendants a reasonable calculation of their damages based on information presently available to them.  *See LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *2 (M.D. Fla. Aug. 23, 2007) ("Plaintiff should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation while reserving the right to amend his calculation.").

objections are also disfavored and a legal nullity to the extent Bellwether Plaintiffs responded to the interrogatories, even though the responses were purportedly "subject to and without waiving" the objections because that exclusion means nothing.  *See Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at **1–2 (M.D. Fla. Apr. 29, 2011).  Rule 33, however, does not require a party to state with an objection whether any responsive materials are being withheld on the basis of that objection.  Fed. R. Civ. P. 33(b).  This requirement exists only under Federal Rule of Civil Procedure 34(b)(2)(C), which governs requests for production.

### C.   Interrogatory No. 50

Defendants' motion to compel better responses to Interrogatory No. 50 is **GRANTED**.  ECF No. 1241 at 19–20.  This interrogatory concerns the key issue of reliance and is sufficiently specific.  *See* ECF No. 1241-16 at 3–4 (defining the term "identify").  Defendants are entitled to know the specific statements each Bellwether Plaintiff recalls and relied on pertaining to the use of the CAEv2.

### D.   Plaintiff Baker's Interrogatories

*Interrogatory No. 27.*  Defendants' motion to compel a better response to Interrogatory No. 27 is **GRANTED**.  ECF No. 1241 at 20.

Plaintiff Baker should state who issued him the CAEv2, as requested, if he can recall this information.

*Interrogatory No. 31.* Defendants' motion to compel a better response to Interrogatory No. 31 is **GRANTED**. ECF No. 1241 at 20–21. Plaintiff Baker should state under what specific circumstances he wore the "green end" of the CAEv2.

*Interrogatory No. 72.* Defendants' motion to compel a better response to Interrogatory No. 72 is **GRANTED**. ECF No. 1241 at 21–22. Plaintiff Baker should disclose *whether* he intends to offer expert testimony on these damages claims. If an expert has been retained for trial, he should disclose the name of the expert and describe generally the expert's anticipated testimony.[3]

*Interrogatory No. 73.* Defendants' motion to compel a better response to Interrogatory No. 73 is **DENIED**. ECF No. 1241 at 22. Plaintiff Baker's response generally answers the interrogatory as worded, and he is not required to disclose his trial strategy.

*Interrogatories Nos. 22, 24–25, etc.* Defendants' motion to compel better responses to Interrogatories Nos. 22, 24–25, 30–31, 36, 43, 55, &

---

[3] The Court contemplated service of this interrogatory and a response thereto at the March 24, 2020, telephonic hearing. ECF No. 1065 at 7 n.2.

58–59 is **GRANTED** to the limited extent any general references by Plaintiff Baker to "medical records," "VA records," etc., are insufficient and should be corrected. ECF No. 1241 at 23. Regardless of whether Rule 33(d) applies here, its principles are instructive. Plaintiff Baker cannot respond to an interrogatory by referring to a mass of documents.[4]

### E. Plaintiff Rowe's Interrogatories

*Interrogatory No. 20.* Defendants' motion to compel a better response to Interrogatory No. 20 is **DENIED**. ECF No. 1241 at 23–26. Defendants' request for Plaintiff Rowe to disclose his prescription medications before the upcoming "Science Day II" addressing the relevance of such information is overly broad, is unduly burdensome, and has nothing to do with the hearing loss alleged in this case. If Defendants establish a causal connection between certain prescription medications and the alleged hearing loss at "Science Day II," such that the requested information becomes relevant, Defendants may renew their motion to compel following a meet-and-confer with Plaintiff Rowe.

---

[4] *See United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) ("Making only a general reference to a mass of documents or records is an abuse of Rule 33(d)."); *Minter v. Wells Fargo Bank, N.A.*, 286 F.R.D. 273, 278–79 (D. Md. 2012) ("In order to satisfy [Rule] 33(d), a party must therefore identify the particular document or documents within a production that will answer the interrogatory. A document dump of thousands of documents will not suffice." (internal citations omitted)).

*Interrogatory No. 35.*  Defendants' motion to compel a better response to Interrogatory No. 35 is **DENIED**.  ECF No. 1241 at 26.  Plaintiff Rowe's response to this interrogatory is sufficient.

*Interrogatory No. 36.*  Defendants' motion to compel a better response to Interrogatory No. 36 is **DENIED**.  ECF No. 1241 at 27.  Plaintiff Rowe's response to this interrogatory is sufficient.

*Interrogatory No. 39.*  Defendants' motion to compel a better response to Interrogatory No. 39 is **GRANTED**.  ECF No. 1241 at 27–28.  Plaintiff Rowe should state what hearing protection devices he wore, if any, when he was exposed to explosions during his service in the military.

*Interrogatory No. 63.*  Defendants' motion to compel a better response to Interrogatory No. 63 is **DENIED**.  ECF No. 1241 at 28.  The question posed does not ask Plaintiff Rowe about "non-occupational activities" during which he *might* have been "exposed to loud noise," only those that *did*.  Plaintiff Rowe's retort that he "always use[s] hearing protection" (and thus is not exposed to loud noise) is complete and acceptable.

*Interrogatories Nos. 65 & 70.*  Defendants' motion to compel better responses to Interrogatories Nos. 65 & 70 is **GRANTED**.  ECF No. 1241 at

28–29. Plaintiff must answer these interrogatories to the extent he is able to do so.

### F.     Plaintiff Hacker's Interrogatories

*Interrogatory No. 34.*  Defendants' motion to compel better responses to Interrogatory No. 34 is **DENIED**.  ECF No. 1241 at 30.  Plaintiff Hacker has answered the interrogatory as worded by describing his complaints regarding the CAEv2.  Defendants may not refine the scope of this interrogatory because it called for a response that is narrower than anticipated.

*Interrogatory No. 35.*  Defendants' motion to compel better responses to Interrogatory No. 34 is **DENIED**.  ECF No. 1241 at 30–31.  Plaintiff Hacker's response to this interrogatory is sufficient because it does not request the information Defendants now seek to compel.

*Interrogatory No. 73.*  Defendants' motion to compel a better response to Interrogatory No. 73 is **DENIED**.  ECF No. 1241 at 31–32.  Plaintiff Hacker's response generally answers the interrogatory as worded, and he is not required to disclose his trial strategy.

## III.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Compel Initial Disclosures and Discovery Responses as to Bellwether Plaintiffs, ECF No. 1241, is **GRANTED IN PART and DENIED IN PART**.

2. The Bellwether Plaintiffs must provide initial disclosures in accordance with Rule 26(a)(1) **no later than one (1) day before the Bellwether Plaintiff's deposition**.

3. Defendants' motion to compel better responses by the Bellwether Plaintiffs to Interrogatory No. 50 is **GRANTED**.

4. Defendants' motion is **GRANTED** as to Plaintiff Baker Interrogatories Nos. 27, 31, and 72, and **DENIED** as to Interrogatories No. 73.  Defendants' motion as to Interrogatories Nos. 22, 24–25, 30–31, 36, 43, 55, & 58–59 is **GRANTED** to the limited extent any general references to "medical records," "VA records," etc., are insufficient and should be corrected.

5. Defendants' motion is **GRANTED** as to Plaintiff Rowe Interrogatories Nos. 39, 65, and 70, and **DENIED** as to Interrogatories Nos. 20, 35, 36, and 63.

6. Defendants' motion to compel is **DENIED** as to Plaintiff Hacker Interrogatories Nos. 34, 35 and 73.

**DONE AND ORDERED** this 17th day of July 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge