UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG ) | |
| PRODUCTS LIABILITY LITIGATION, ) | Case No. 3:19-md-2885 |
| ) | |
| ) | Hon. Judge M. Casey Rodgers |
| *This Document Relates to All Actions*, ) | Magistrate Judge Gary R. Jones |
| ) | |

**DEFENDANTS' MOTION TO ISSUE LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS AND MEMORANDUM IN SUPPORT**

Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC ("Defendants"), by and through their undersigned counsel, file this motion requesting that the Court issue the Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, attached hereto as **Exhibit A** (the "Letter of Request")[1] seeking the production of documents by the French-German Institute of Saint-Louis ("ISL") and oral testimony from Pascal Hamery and Armand Dancer. This motion is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), which is in force between the United States and France. In support of this motion, Defendants state as follows:

**BACKGROUND**

Plaintiffs sought discovery from ISL pursuant to a subpoena issued to ISL on September 9, 2019, under Rule 45 of the Federal Rules of Civil Procedure. In response, ISL asserted, among

---

[1] Pursuant to Article 4 of the Hague Evidence Convention (defined below), Exhibit A includes the Letter of Request in English, as well as a French certified translation of the Letter of Request.

other things, that the Hague Evidence Convention is the exclusive means by which Plaintiffs may properly seek discovery from ISL, and did not produce documents to Plaintiffs. *See* Dkt. 969, at 22–23. Plaintiffs moved to compel compliance with the subpoena. On February 18, 2020, this Court entered an order denying Plaintiffs' motion to compel (Dkt.1000) (the "Motion to Compel Order"), ruling that Plaintiffs were required to follow the procedures for discovery set forth in the Hague Evidence Convention. Dkt. 1000, at 24.

As this Court recognized in the Motion to Compel Order, "ISL played a central role in the creation, development, and testing of a key component of the CAEv2 and the generic design for a dual-ended earplug." Mot. to Compel Order, at 22. Specifically, ISL invented and patented the filter that Aearo licensed for use in the CAEv2. ISL, Mr. Hamery, and Mr. Dancer were also integrally involved in the development of the CAE and related discussions with the United States military. As such, Defendants believe that ISL, Mr. Hamery, and Mr. Dancer possess highly relevant evidence important to the claims and defenses in this case.

In accordance with this Court's order and the procedures set forth in the Hague Evidence Convention, Defendants hereby request that this Court approve and sign the Letter of Request, and that the United States District Court for the Northern District of Florida issue the Letter of Request to the French Central Authority.

## AUTHORITY

The Hague Evidence Convention sets forth the procedures for obtaining evidence and testimony from Contracting States. France is a Contracting State to the Hague Evidence Convention.[2] Pursuant to Article 1 of the Hague Evidence Convention, "[i]n civil or commercial

---

[2] *See* Hague Convention Members, https://www.hcch.net/en/states/hcch-members/details1/?sid=39 (last visited July 17, 2020).

matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." 23 U.S.T. 2555, Art. 1. Upon issuance of the Letter of Request by this Court, the Central Authority of France will then transmit the Letter of Request to the appropriate authority competent to execute it. *Id.* Art. 2.

Article 3 sets out the required contents of a letter of request, each of which is included in Defendants' Letter of Request to ISL. A Letter of Request must specify: (a) "the authority requesting its execution and the authority requested to execute it;" (b) "the names and addresses of the parties to the proceedings and their representatives" (c) "the nature of the proceedings for which the evidence is required;" and (d) "the evidence to be obtained or other judicial act to be performed." 23 U.S.T. 2555, Art. 3. The Letter of Request includes each of the required contents. *See* Ex. A, ¶¶ 5-8.

In addition, where appropriate, the Letter of Request must specify: (1) the names and addresses of the persons to be examined;" (2) "the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;" (3) "the documents or other property, real or personal, to be inspected;" and (4) "any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;" and (5) "any special method or procedure to be followed under Article 9." 23 U.S.T. 2555, Art. 3. As applicable here, the Letter of Request specifies the names and addresses of the the persons to be examined—Pascal Hamery and Armand Dancer—and that their testimony should be given under oath. *See* Ex. A, ¶¶ 8-9, 12. Appendix 1 to the Letter of Request identifies the subject matter about which they will be examined. *See id.* ¶ 10, App'x 1. Appendix 2 to the Letter of Request identifies the documents to be inspected. *See id.* ¶ 11, App'x 2. Finally, the Letter of Request specifies the requested procedure

to be followed, including that: (1) the parties' legal counsel be permitted to attend and conduct the examination of the witness on a date mutually convenient to the parties and the witness, which date shall be at least 14 days after the production of the documents identified in Appendix 2; (2) the testimony be transcribed by a qualified stenographer for one day of seven (7) hours, or as otherwise agreed by the parties; and (3) the testimony be videotaped. *See id.* ¶ 13. Accordingly, the Letter of Request complies with each of the requirements of the Hague Evidence Convention.

This Court has authority to issue the Letter of Request pursuant to the Hague Evidence Convention and applicable law. *See* 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner."); Fed. R. Civ. P. 28(b)(1) ("A deposition may be taken in a foreign country . . . under an applicable treaty or convention [or] under a letter of request"). Indeed, this Court's order recognized that "the Hague Evidence Convention is 'one method of seeking [] evidence that a court may elect to employ.'" *See* Dkt. 1000, at 11 (quoting *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522 (1987)). Because of the relevance and importance of the evidence requested in the Letter of Request, Defendants request that the Court grant this motion and issue the Letter of Request.

## **CONCLUSION**

Defendants respectfully request that the Court approve and sign the Letter of Request, attached hereto as **Exhibit A**, and issue the Letter of Request to the French Central Authority.

Dated: July 17, 2020                                    Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (2020) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B) and (C), counsel for Defendants certifies that she met and conferred with counsel for ISL on May 5, 2020 and June 15, 2020 via a web-based teleconference. Counsel for ISL notified Defendants that it would not provide the requested discovery unless Defendants proceed under the Hague Evidence Convention, as requested in this motion.

DATED: July 17, 2020                             Respectfully submitted,

                                                 */s/ Sierra Elizabeth*
                                                 Sierra Elizabeth

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certifies that this memorandum contains 1,166 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: July 17, 2020                              Respectfully submitted,

                                                  */s/ Robert C. Brock*
                                                  Robert C. "Mike" Brock

## CERTIFICATE OF SERVICE

      I, Robert C. Brock, hereby certify that on July 17, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

DATED: July 17, 2020                                Respectfully submitted,

                                                      */s/ Robert C. Brock*
                                                      Robert C. "Mike" Brock