# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3 M COMBAT ARMS EARPLUG | ) | |
| PRODUCTS LIABILITY LITIGATION, | ) | Case No. 3:19-md-2885 |
| | ) | |
| | ) | Hon. Judge M. Casey Rodgers |
| *This Document Relates to All Actions*, | ) | Magistrate Judge Gary R. Jones |
| | ) | |

**DEFENDANTS' LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

| | | |
|---|---|---|
| **1.** | **Sender:** | Honorable M. Casey Rodgers<br>United States District Court for the Northern District of Florida<br>Winston E. Arnow Federal Building<br>100 N. Palafox Street<br>Pensacola, FL 32502-4839 |
| **2.** | **Centrality Authority of the Requested State:** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)<br>13, Place Vendôme<br>75042 PARIS Cedex 01<br>France |
| **3.** | **Person to whom the executed request is to be returned:** | Sierra Elizabeth<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067 |

**4.      In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar 18, 1970, 23 U.S.T. 2555, T.I.A.S. 7444, the undersigned applicant presents its compliments to the competetent judicial authority in France and has the honor of submitting the following request:**

| | | |
|---|---|---|
| **5.** | **(a) Requesting judicial authority:** | United States District Court for the Northern District of Florida |
| | **(b) To the competent authority of:** | France |

6.  **Names and addresses of the parties and their representatives:**

    **(a) Plaintiffs:**

*Plaintiffs are represented by the following leadership counsel:*

Bryan F. Aylstock
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E Main Street, Suite 200
Pensacola, FL 32502

Shelley V. Hutson
Clark, Love & Hutson
440 Louisiana Street, Suite 1600
Houston, TX 77002

Christopher A. Seeger
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005

    **(b) Defendants:**

3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC and Aearo, LLC

*Defendants are represented by:*

Robert C. Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington DC 20004

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Sierra Elizabeth
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

7.  **Nature and purpose of the proceeding and summary of the facts:**

Plaintiffs include thousands of current and former military service members that assert various products liability claims against Defendants based on alleged

use of the Combat Arms Earplug version 2 ("CAEv2") sold by Defendants.

The United States military required hearing protection to protect service members when exposed to loud noises, but that would allow lower-level sounds to pass through. In the mid-1990s, the U.S. Army began researching a potential solution: a "non-linear" earplug incorporating a filter (the "ISL Filter") designed by the French-German Research Institute of Saint-Louis ("ISL").[1] The ISL Filter allows lower-level sounds, such as voice commands, to pass through with minimal sound attenuation, but provides increasing attenuation for higher-level sounds, such as gunfire.

In December 1997, the U.S. Army asked Defendants to produce an earplug containing the ISL Filter, and provided certain specifications for the product. As a result of this collaboration with ISL and the military, Defendants produced the CAEv2.

Plaintiffs claim that the CAEv2 is defectively designed, and as a result, Plaintiffs suffer hearing loss, tinnitus, and/or additional hearing-related injuries. Plaintiffs also allege that Defendants failed to warn or instruct Plaintiffs or the U.S. military about the purported design defects, causing Plaintiffs' injuries. Defendants dispute these allegations.

Plaintiffs' cases are currently consolidated at Case No. 3:19-md-2885 before the United States District Court for the Northern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. On February 25, 2020, the court entered an order setting a discovery and trial schedule for an initial pool of cases. Trial of these cases is expected to begin in April 2021. Defendants seek the production of documents from ISL and oral testimony from Pascal Hamery and Armand Dancer to use at trial in these cases.

| **8.** | **Evidence to be obtained or other judicial act to be performed:** | Defendants seek the oral testimony of Pascal Hamery and Armand Dancer as set forth in **Appendix 1** hereto, and the production of documents by ISL as set forth in **Appendix 2** attached hereto. |
|---|---|---|

---

[1]   ISL headquarters is located at 5 Rue du Général Cassagnou, 68300 Saint-Louis, France.

| 9. | **Identity and address of person to be examined:** | Pascal Hamery (through ISL)<br>5 Rue du Général Cassagnou<br>68300 Saint-Louis, France<br><br>Armand Dancer<br>52, Chemin Blanc<br>39100 Authume, France |
|---|---|---|
| 10. | **Subject matter about which the witness will be examined:** | Mr. Hamery and Mr. Dancer will be examined on the topics listed in **Appendix 1**. |
| 11. | **Document or other property to be inspected:** | Defendents ask ISL to provide the documents described in **Appendix 2**. |
| 12. | **Any requirement that the evidence be given under oath or affirmation and any special form to be used:** | It is requested that the witnesses be placed under oath or affirmation.  The oath or affirmation should state:  "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth." In the alternative, Mr. Hamery and Mr. Dancer should be instructed of the consequences of giving untruthful and false answers under the laws of France. |
| 13. | **Special methods or procedure to be followed:** | It is requested that: (1) the parties' legal counsel be permitted to attend and conduct the examination of the witness on a date mutually convenient to the parties and the witness, which date shall be at least 14 days after the production of the documents identified in Appendix 2; (2) the testimony be transcribed by a qualified stenographer for one day of seven (7) hours, or as otherwise agreed by the parties; and (3) the testimony be videotaped.<br><br>It is further requested that ISL, Mr. Hamery, and Mr. Dancer comply with the procedures set forth in Paragraph 15 below with regard to privileged testimony or documents. |
| 14. | **Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified:** | It is requested that when the time and place for execution of this request has been designated, you please inform Defendants' legal representatives, identified in paragraph 6(b) above, of the date, time, and place of the execution of this request. |
| 15. | **Request for attendance or participation of judicial personnel of the requesting** | None. |

**authority at the execution of the Letter of Request:**

| | | |
|---|---|---|
| **16.** | **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:** | Mr. Hamery and Mr. Dancer may refuse to answer any question propounded, and ISL may refuse to produce any document requested, if such answer or document: (1) would subject them to a real and appreciable danger of criminal liability in the United States or France; or (2) would disclose a communication that is subject to the attorney-client privilege, or information that is subject to the attorney work product privilege. To the extent ISL refuses to produce any document on any basis identified in items (1) or (2) listed herein, ISL, Mr. Hamery, and Mr. Dancer shall provide a log setting forth:  (a) the date the document was created; (b) the name of the author(s); (c) the name of the recipient(s); (d) the basis for the claim that the document is privileged (without revealing privileged information); and (e) the nature of the privilege being claimed. |
| **17.** | **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the convention will be borne by:** | Defendants. |
| **18.** | **Date of request:** | _____, 2020 |
| **19.** | **Signature and seal of requesting authority** | |

_____
The Honorable M. Casey Rodgers
United States District Judge
Northern District of Florida

_____

SEAL (District Court's ink stamp seal affixed here)

Dated: _____        Respectfully submitted,


                                          /s/ Sierra Elizabeth
                                          _____
                                          Sierra Elizabeth
                                          KIRKLAND & ELLIS LLP
                                          2049 Century Park East, Suite 3700
                                          Los Angeles, CA 90067
                                          Telephone: (310) 552-4200
                                          Facsimile:  (310) 552-5900
                                          sierra.elizabeth@kirkland.com

                                          *Attorney for Defendants 3M Company,
                                          3M Occupational Safety LLC, Aearo
                                          Technologies LLC, Aearo Holdings, LLC,
                                          Aearo Intermediate, LLC and Aearo, LLC*

**APPENDIX 1**
**Topics of Examination**

Defendants seek testimony from Mr. Hamery and Mr. Dancer regarding:

1.      The creation, design, and development of the ISL Filter.

2.      Communications between ISL and the United States military or Defendants between 1995 and 2000 related to the creation of a non-linear earplug that could be used by the French or United States militaries.

3.      Communications between ISL and the United States military or Defendants related to the creation, design, and development of the CAEv2; including but not limited to communications with Elliott Berger, Dick Price, George Garinther, Theresa Schulz, Felix Sachs and Doug Ohlin.

4.      The decision to use the ISL Filter in Defendants' CAEv2 or any of Defendants' other hearing protection devices, including the Ultrafit earplug.

5.      Any testing performed on the ISL Filter or any of Defendants' hearing protection devices that incorporate the ISL Filter.

6.      The history and process related to the application for, and receipt of, patent number 6,068,079, dated May 30, 2000, for "Acoustic Valve Capable of Selective and Non-Linear Filtering of Sound."

7.      The history and process related to the application for, and receipt of, patent number 6,070,693, dated June 6, 2000, for "Hearing Protector Against Loud Noise."

8.      The licensing of the ISL Filter to Defendants.

**APPENDIX 2**
**Documents to be Obtained**

The documents requested to be obtained from ISL include all documents within the possession, custody, or control of ISL (including documents, communications, or data that are stored electronically) related to the following:

1.     Documents related to the creation, development, or design of the ISL Filter, including communications between ISL and the United States military or Defendants between 1995 and 2000.

2.     Documents related to the creation of a non-linear earplug that could be used by the French or United States militaries, including communications between ISL and the United States military or Defendants between 1995 and 2000.

3.     Documents related to the creation, development, or design of the CAEv2, including any communications between ISL and Dick Price, George Garinther, Theresa Schulz, Felix Sachs, Doug Ohlin or any other member of the United States military between 1995 and 2000.

4.     Documents related to the creation, development, or design of CAEv2, including any communications between ISL and Elliott Berger or Defendants between 1995 and 2000.

5.     Documents related to the decision to use the ISL Filter in Defendants' CAEv2 or any of Defendants' other hearing protection devices, including the Ultrafit earplug between 1995 and 2000.

6.     Documents related to testing the ISL Filter, CAEv2, or any of Defendants' other hearing protection devices incorporating the ISL Filter, including procedures, studies, analyses, results, or reports from 1995 to the present.

7.     Documents related to patent number 6,068,079, dated May 30, 2000, for "Acoustic Valve Capable of Selective and Non-Linear Filtering of Sound."

8.     Documents related to patent number 6,070,693, dated June 6, 2000, for "Hearing Protector Against Loud Noise."

9.     Documents related to the decision to license the ISL Filter to Defendants.

**TRIBUNAL DE DISTRICT DES ÉTATS-UNIS
DISTRICT NORD DE LA FLORIDE
DIVISION DE PENSACOLA**

| | | |
|---|---|---|
| OBJET :CONTENTIEUX RELATIF À LA RESPONSABILITÉ DU FAIT DES PRODUITS BOUCHONS D'OREILLE 3 M COMBAT ARMS, | ) ) ) ) | Affaire n° 3:19-md-2885 |
| *Le présent document concerne toutes les actions,* | ) ) | Juge M. Casey Rodgers Juge magistrat Gary R. Jones |

**LETTRE DE DEMANDE D'AIDE JURIDICTIONNELLE INTERNATIONALE DES DÉFENDEURS EN VERTU DE LA CONVENTION DE LA HAYE DU 18 MARS 1970 RELATIVE À L'OBTENTION DES PREUVES EN MATIÈRE CIVILE OU COMMERCIALE**

1. **Émetteur :**

   Honorable M. Casey Rodgers
   Tribunal de district des États-Unis pour le District Nord de la Floride
   Winston E. Arnow Federal Building
   100 N. Palafox Street
   Pensacola, FL 32502-4839

2. **Autorité centrale de l'État demandeur :**

   Ministère de la Justice
   Direction des Affaires Civiles et du Sceau
   Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)
   13, Place Vendôme
   75042 PARIS Cedex 01
   France

3. **Personne à laquelle la demande signée doit être retournée :**

   Sierra Elizabeth
   KIRKLAND & ELLIS LLP
   2049 Century Park East, Suite 3700
   Los Angeles, CA 90067

4. **Conformément à l'article 3 de la Convention de La Haye relative à l'obtention des preuves à l'étranger en matière civile ou commerciale du 18 mars 1970, 23 U.S.T. 2555, T.I.A.S. 7444, le demandeur soussigné fait part de ses compliments à l'autorité judiciaire compétente en France et a l'honneur de présenter la demande ci-après :**

5. **(a) Autorité judiciaire demanderesse :**

   Tribunal de district des États-Unis pour le District Nord de la Floride

   **(b) Adressée à l'autorité compétente de :**

   France

6. **Noms et adresses des parties et de leurs représentants :**

    **(a) Demandeurs :**      *Les Demandeurs sont représentés par le conseil responsable ci-après :*

    Bryan F. Aylstock
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E Main Street, Suite 200
Pensacola, FL 32502

    Shelley V. Hutson
Clark, Love & Hutson
440 Louisiana Street, Suite 1600
Houston, TX 77002

    Christopher A. Seeger
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005

    **(b) Défendeurs :**      3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC et Aearo, LLC

    *Les Défendeurs sont représentés par :*

    Robert C. Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington DC 20004

    Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

    Sierra Elizabeth
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

7. **Nature et objet de la procédure, et résumé des faits :** Les Demandeurs comprennent des milliers d'actuels et anciens militaires qui font valoir diverses réclamations en responsabilité du fait des produits contre les Défendeurs sur la base de l'utilisation invoquée du bouchon d'oreille Combat Arms version 2 (« BCAv2 ») vendu par les Défendeurs.

L'armée américaine avait besoin d'une protection auditive pour protéger les militaires lorsqu'ils étaient exposés à des bruits intenses, mais qui permettrait le passage des sons de niveau inférieur. Au milieu des années 1990, l'armée américaine a commencé à rechercher une solution potentielle : un bouchon d'oreille « non linéaire » intégrant un filtre (le « Filtre ISL ») conçu par l'Institut de recherche franco-allemand de Saint-Louis (« ISL »).[1] Le Filtre ISL permet le passage des sons de niveau inférieur, tels que les ordres vocaux, avec une atténuation sonore minimale, mais fournit une atténuation croissante pour les sons de niveau supérieur, tels que les coups de feu.

En décembre 1997, l'armée américaine a demandé aux Défendeurs de produire un bouchon d'oreille contenant le Filtre ISL, et a fourni certaines spécifications pour le produit. Suite à cette collaboration avec l'ISL et l'armée, les Défendeurs ont produit le BCAv2.

Les Demandeurs prétendent que le BCAv2 est mal conçu et, par conséquent, les Demandeurs souffrent d'une perte auditive, d'acouphènes et/ou de lésions auditives supplémentaires. Les Demandeurs invoquent également le manquement des Défendeurs à avertir ou instruire les Demandeurs ou l'armée américaine au sujet des prétendus défauts de conception, causant des lésions aux Demandeurs. Les Défendeurs contestent ces allégations.

Les affaires des Demandeurs sont actuellement regroupées dans l'Affaire n° 3:19-md-2885 devant le Tribunal de district des États-Unis pour le District nord de la Floride pour des procédures précédant l'instruction coordonnées ou consolidées conformément à l'article 28 U.S.C. § 1407.Le 25 février 2020, le tribunal a rendu une ordonnance fixant un calendrier de communication préalable et d'instruction pour un premier groupe d'affaires. L'instruction de ces affaires devrait commencer en avril 2021.Les Défendeurs demandent la production de documents de la part de l'ISL et le témoignage oral de Pascal Hamery et Armand Dancer à utiliser lors de l'instruction dans ces affaires.

| | |
|---|---|
| **8. Éléments de preuve requis ou autre acte judiciaire à accomplir :** | Les Défendeurs demandent le témoignage oral de Pascal Hamery et Armand Dancer comme énoncé dans l'**Annexe 1** jointe aux présentes, et la production de documents de la part de l'ISL comme énoncé dans l'**Annexe 2** jointe aux présentes. |

---

[1] Le siège de l'ISL est situé au 5 Rue du Général Cassagnou, 68300 Saint-Louis, France.

| | | |
|---|---|---|
| 9. | **Identité et adresse de la personne à interroger :** | Pascal Hamery (par l'intermédiaire de l'ISL)<br>5, rue du Général Cassagnou<br>68300 Saint-Louis, France<br><br>Armand Dancer<br>52, Chemin Blanc<br>39100 Authume, France |
| 10. | **Points sur lesquels le témoin doit être interrogé :** | M. Hamery et M. Dancer seront interrogés sur les sujets énumérés dans l'**Annexe 1.** |
| 11. | **Documents ou autres biens à inspecter :** | Les Défendeurs demandent à l'ISL de fournir les documents décrits en **Annexe 2.** |
| 12. | **Toute exigence que les preuves soient recueillies sous serment ou de manière solennelle, et toute forme particulière qu'elles doivent revêtir :** | Il est impératif que le témoin fasse une déclaration sous serment ou solennelle. Le serment ou la déclaration solennelle doit mentionner ce qui suit :« Je jure ou j'atteste que mon témoignage sera la vérité, toute la vérité et rien que la vérité ».À titre subsidiaire, M. Hamery et M. Dancer devront être informés des conséquences de donner des réponses incorrectes et fausses en vertu du droit français. |
| 13. | **Méthode ou procédure spéciale à suivre :** | Il est demandé que : (1) l'avocat des parties soit autorisé à assister et à procéder à l'interrogatoire du témoin à une date convenue d'un commun accord par les parties et le témoin, ladite date étant au moins 14 jours après la production des documents identifiés à l'Annexe 2 ; (2) le témoignage doit être transcrit par un sténographe qualifié pour une journée de sept (7) heures, ou tel qu'il a été autrement convenu par les parties ; et (3) le témoignage sera filmé.<br><br>Il est également demandé à l'ISL, à M. Hamery et à M. Dancer de se conformer aux procédures énoncées au paragraphe 15 ci-après en ce qui concerne les témoignages ou documents privilégiés. |
| 14. | **Demande de notification de la date, de l'heure et du lieu de l'exécution de la demande, ainsi que de l'identité et de l'adresse de toute personne devant recevoir une notification :** | Il est demandé que, lorsque la date, l'heure et le lieu d'exécution de cette demande auront été fixés, vous informiez les représentants légaux des Défendeurs, identifiés au paragraphe 6(b) ci-dessus, de la date, de l'heure et du lieu de l'exécution de cette demande. |
| 15. | **Demande de présence ou de participation de personnels judiciaires de l'autorité demanderesse en liaison avec l'exécution de la Lettre** | Aucune. |

4

**rogatoire :**

| | |
|---|---|
| **16. Spécification de privilège ou d'obligation de refus de communication de preuves en vertu du droit de l'État d'origine :** | M. Hamery et M. Dancer peuvent refuser de répondre à toute question posée, et l'ISL peut refuser de produire tout document demandé, si cette réponse ou ce document :<br>(1) les soumettrait à un danger réel et appréciable de responsabilité pénale aux États-Unis ou en France ; ou<br>(2) divulguerait une communication qui est soumise au secret professionnel de la relation client-avocat, ou des renseignements qui sont soumis au privilège relatif aux travaux juridiques préparatoires. Dans la mesure où l'ISL refuse de produire un document sur quelque base que ce soit identifiée aux points (1) ou (2) énumérés dans les présentes, l'ISL, M. Hamery et M. Dancer devront fournir un journal indiquant : (a) la date à laquelle le document a été créé ; (b) le nom de l'auteur ou des auteurs ; (c) le nom du ou des destinataires ; (d) le fondement de la réclamation selon laquelle le document est privilégié (sans révéler d'informations privilégiées) ; et (e) la nature du privilège revendiqué. |
| **17. Les frais et coûts engagés, remboursables en vertu du deuxième paragraphe de l'article 14 ou de l'article 26 de la Convention, seront supportés par :** | les Défendeurs. |
| **18. Date de la demande :** | _____ 2020 |
| **19. Signature et cachet de l'autorité demanderesse** | |

_____

L'honorable M. Casey Rodgers
Juge de District des États-Unis
District nord de la Floride

_____

CACHET (tampon encreur du Tribunal de district apposé ici)

Date :                                                           Soumis respectueusement,

_____

                                                                */s/ Sierra Elizabeth*
                                                                _____

                                                                Sierra Elizabeth
                                                                KIRKLAND & ELLIS LLP
                                                                2049 Century Park East, Suite 3700
                                                                Los Angeles, CA 90067
                                                                Téléphone :(310) 552-4200
                                                                Télécopie :(310) 552-5900
                                                                sierra.elizabeth@kirkland.com

                                                                *Avocat pour les Défendeurs 3M Company, 3M*
                                                                *Occupational Safety LLC, Aearo Technologies LLC,*
                                                                *Aearo Holdings, LLC, Aearo Intermediate, LLC et*
                                                                *Aearo, LLC*

**ANNEXE 1**
**Sujets de l'interrogatoire**

Les Défendeurs demandent le témoignage de M. Hamery et M. Dancer au sujet de :

1.        La création, la conception et le développement du Filtre ISL.

2.        Les communications entre l'ISL et l'armée des États-Unis ou les Défendeurs entre 1995 et 2000 portant sur la création d'un bouchon d'oreille non linéaire qui pourrait être utilisé par les militaires français ou américains.

3.        Les communications entre l'ISL et l'armée des États-Unis ou les Défendeurs portant sur la création, la conception et le développement du BCAv2 ; y compris notamment les communications avec Elliott Berger, Dick Price, George Garinther, Theresa Schulz, Felix Sachs et Doug Ohlin.

4.        La décision d'utiliser le Filtre ISL dans le BCAv2 ou l'un des autres dispositifs de protection auditive des Défendeurs, y compris le bouchon d'oreille Ultrafit.

5.Tout test effectué sur le Filtre ISL ou l'un quelconque des dispositifs de protection auditive des Défendeurs qui intègrent le Filtre ISL.

6.        L'historique et le processus relatifs à la demande et à la réception du numéro de brevet 6,068,079, en date du 30 mai 2000, pour « Valve acoustique apte à opérer un filtrage sélectif et non linéaire du son ».

7.        L'historique et le processus relatifs à la demande et à la réception du numéro de brevet 6,070,693, en date du 6 juin 2000, pour « Protecteur auditif contre le bruit intense ».

8.        L'octroi de licence du Filtre ISL aux Défendeurs.

**ANNEXE 2**
**Documents à obtenir**

Les documents dont l'obtention est requise auprès d'ISL comprennent tous les documents en la possession, sous la garde ou le contrôle de l'ISL (y compris les documents, les communications ou les données qui sont stockés électroniquement) relatifs aux éléments suivants :

1.      Documents relatifs à la création, au développement ou à la conception du Filtre ISL, y compris les communications entre l'ISL et l'armée des États-Unis ou les Défendeurs entre 1995 et 2000.

2.      Documents relatifs à la création d'un bouchon d'oreille non linéaire qui pourrait être utilisé par les militaires français ou américains, y compris les communications entre l'ISL et l'armée des États-Unis ou les Défendeurs entre 1995 et 2000.

3.      Documents relatifs à la création, au développement ou à la conception du BCAv2, y compris toutes communications entre l'ISL et Dick Price, George Garinther, Theresa Schulz, Felix Sachs, Doug Ohlin et tout autre membre de l'armée des États-Unis entre 1995 et 2000.

4.      Documents relatifs à la création, au développement ou à la conception de BCAv2, y compris toute communication entre l'ISL et Elliott Berger ou les Défendeurs entre 1995 et 2000.

5.      Documents relatifs à la décision d'utiliser le Filtre ISL dans le BCAv2 ou l'un des autres dispositifs de protection auditive des Défendeurs, y compris le bouchon d'oreille Ultrafit entre 1995 et 2000.

6.      Documents relatifs au test du Filtre ISL, du BCAv2, ou de l'un des autres dispositifs de protection auditive des Défendeurs intégrant le Filtre ISL, y compris les procédures, les études, les analyses, les résultats, ou les rapports de 1995 à nos jours.

7.      Documents relatifs au brevet numéro 6,068,079, en date du 30 mai 2000, pour « Valve acoustique apte à opérer un filtrage sélectif et non linéaire du son ».

8.      Documents relatifs au brevet numéro 6,070,693, en date du 6 juin 2000, pour « Protecteur auditif contre le bruit intense ».

9.      Documents relatifs à la décision d'accorder une licence du Filtre ISL aux Défendeurs.

# TRANSPERFECT

**DATE OF TRANSLATION:**          16-Jul-2020

**ELECTRONIC FILE NAME:**          2020.07.10 Defendants Letter of Request to ISL

**SOURCE LANGUAGE:**          English

**TARGET LANGUAGE:**          French

**TRANSPERFECT JOB ID:**          US0749610

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0