UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) | Case No. 3:19-md-2885 |
| ) | Judge M. Casey Rodgers |
| This Document Relates to All Cases ) | Magistrate Judge Gary R. Jones |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL AGAINST THE DEPARTMENT OF DEFENSE**

The Department's argument that it is not subject to this Court's jurisdiction in the absence of a subpoena or summons is contrary to the law, the Department's own conduct in this litigation, and its express representations to both parties. This Court has jurisdiction over the Department in connection with the parties' *Touhy* requests, and it should grant Defendants' motion to compel.

**I.  Judicial Estoppel Bars The Department From Asserting That This Court Lacks Personal Jurisdiction In The Absence Of A Subpoena.**

The *Touhy* process in this litigation began on May 20, 2019, when Major Collin Evans, counsel for the Department, joined two Assistant United States Attorneys to give a presentation on the *Touhy* regulations to Judge Rodgers and counsel for both parties. *See* Ex. V (Tr. of *Touhy* Presentation). During that presentation, Major Evans stated: "[Y]ou don't need to send a subpoena. That subpoena signed by an attorney is not from a court of competent jurisdiction from

DOJ's perspective. So you need to send me a written request for a witness, and then we make a determination if they can be approved." *Id*. at 33:23-34:3.

In reliance on that express directive, Defendants submitted *Touhy* requests in the form of letters, not subpoenas, starting on June 21, 2019. As required by the Department's *Touhy* regulations, those letters included far more information and explanation than a standard Rule 45 subpoena. *See* Ex. A, Department of Defense Directive 5405.2, § F.3.b. (requiring the requester to "set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought.")

Now, over a year later, the Department protests that Defendants should have served it with subpoenas if they wanted to subject the Department to this Court's jurisdiction. That position may be convenient in opposing Defendants' motion to compel, but it is directly contrary to the Department's prior representation that a "subpoena … is not from a court of competent jurisdiction" and that Defendants should instead submit letter requests.

The equitable doctrine of judicial estoppel forbids this kind of opportunism. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v.*

*Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  Judicial estoppel bars the Department from arguing that subpoenas are prerequisites for jurisdiction when the Department previously advanced the position, on which Defendants and Plaintiffs have relied for over a year, that subpoenas are jurisdictional nullities, and that the Department would respond only to the sort of written requests that it now contends have no legal force.

**II.     Neither A Subpoena Nor A Summons Is Necessary To Challenge A *Touhy* Denial Through A Motion To Compel.**

The Department's argument that a subpoena is necessary to move to compel a *Touhy* response is not only opportunistic—it is illogical.  Defendants are not trying to compel the Department's compliance with a subpoena, so the absence of a subpoena is immaterial.  Instead, as required by Eleventh Circuit precedent, Defendants are bringing an APA challenge to the Department's arbitrary and capricious application of its *Touhy* regulations to deny Defendants' discovery requests.  *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).  As courts in this circuit have held, a motion to compel is an appropriate vehicle for an APA *Touhy* challenge, even in the absence of a subpoena.  *See U.S. ex rel. Lewis v. Walker*, 2009 WL 2611522, at *1 (M.D. Ga. Aug. 21, 2009) ("[T]he lack of a

pending federal subpoena is not fatal to the present motion to compel.").[1]  The Department does not cite a single case holding, to the contrary, that a court lacks personal jurisdiction to review an APA *Touhy* challenge unless there is a pending subpoena.

It would make little sense to require litigants to serve an agency with a subpoena before challenging a *Touhy* decision when the *Touhy* regulations themselves do not require a request to take the form of a subpoena:

> In response to a *litigation request or demand* for official DoD information or the testimony of DoD personnel as witnesses, the General Counsels of DoD, Navy, and the Defense Agencies … are authorized—after consulting and coordinating with the appropriate Department of Justice litigation attorneys, as required—to determine whether official information …may be released in litigation.

DOD Directive 5405.2 § F.1 (emphasis added).  The regulations mention subpoenas only to make clear they qualify as a type of "demand."  *Id*. § C.1.  Accordingly, courts refer to *Touhy* requests and subpoenas interchangeably.  *See United States v. Rosen*, 518 F. Supp. 2d 798, 799 n.4 (E.D. Va. 2007) ("Requests for subpoenas served on government agencies are typically referred to as "*Touhy* notices"—so named because they comply with regulations adopted by each government agency

---

[1] The Department cites *Lewis* in support of its position that a subpoena is required, but the litigant in *Lewis* "withdrew the subpoena at the EPA's request and asked the EPA for permission to take the deposition."  2009 WL 2611522, at *1

dictating specific procedures that must be followed in order to subpoena any employee of that agency….").

Indeed, federal agencies have made clear their *preference* for non-subpoena *Touhy* requests by asking litigants to withdraw a subpoena before the agency will consider their request, *see Lewis*, 2009 WL 2611522, at *1; by arguing, contrary to the agencies' own regulations, that subpoenas cannot constitute valid *Touhy* requests, *see supra*; *SEC v. Selden*, 445 F. Supp.2d 11, 13-14 (D.D.C. 2006); and even by successfully quashing a subpoena on the ground that the litigants should instead seek APA review.  *See Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005) (citing *Moore*, 927 F.2d at 1197).

The Department further objects that it has not received a summons for Defendants' motion.  But the Federal Rules of Civil Procedure require the service of a summons only when a plaintiff initiates a new action; a summons is not required, and cannot be obtained, in connection with an individual motion.  *See* Rule 4(c)(1) ("A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).").

The Department's argument assumes that the service of either a subpoena or summons is an absolute prerequisite to a court's assertion of personal jurisdiction.  But service of a subpoena or summons is a "procedural requirement" created by the

5

Federal Rules of Civil Procedure—Rule 45 and Rule 4, respectively. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Constitutional due process" does not require the service of any particular documents; it "requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Neither Rule 45 nor Rule 4 is applicable here, so there was no need for Defendants to serve the Department with a subpoena or summons. Defendants satisfied the only applicable procedural rule when they submitted *Touhy* requests that complied with the Department's regulations (and obeyed the Department's instruction to submit letter requests rather than subpoenas). There can be no doubt that the submission of those detailed requests to the Department, the months of subsequent correspondence, and the service of Defendants' motion to compel "apprise[d]" the Department of Defendants' request for discovery in the Northern District of Florida and gave it an "opportunity to present [its] objections." *Mullane*, 339 U.S. at 314.

## III. The Department Has Waived Any Personal Jurisdiction Objection.

The Department has repeatedly waived any objection to this Court's jurisdiction in connection with the parties' *Touhy* requests. Courts look to two factors when determining when a party has waived a personal jurisdiction objection: (1) the extent of the delay in raising the objection; and (2) the extent of the party's involvement in the case. *See Matthews v. Brookstone Stores, Inc.*, 431 F. Supp.2d 1219, 1224-25 (S.D. Ala. May 24, 2006). Both factors strongly indicate that the Department has waived its objection.

The Department first consented to this Court's jurisdiction over non-subpoena *Touhy* requests in May 2019, when, as discussed above, it instructed the parties to submit letter requests because, in its view, subpoenas had no jurisdictional significance under the *Touhy* regulations. The Department has never contended that any of the *Touhy* requests Defendants have submitted over the subsequent 14 months were invalid.

On the contrary, the Department has granted several of the parties' *Touhy* requests for documents and depositions. By producing documents and agreeing to depositions without noting any jurisdictional objection, the Department waived the argument that it has not received adequate service of process. *See Moyle v. INS*, 1991 WL 184839, at *2 (9th Cir. 1991) (per curiam) ("[T]he records were voluntarily produced and … any right to object to the subpoena has been waived.")

The Department again submitted to this Court's jurisdiction by participating in the *Touhy* depositions. The Department's counsel appeared on the record at those depositions, made objections, asserted privilege, and even shut down lines of questioning from both parties. *See, e.g.*, Ex. W (Babeu 3/10/20 Tr.) at 17:9-10 (appearance of Major Evans); 137:10-138:16 (objecting to line of questioning based on deliberative process privilege); Ex. X (Merkley 2/26/20 Tr.) at 21:3-22:4 (instructing witness not to answer question calling for a "ballpark" estimate).

More recently, DOJ attorney Jacqui Snead emailed Special Master David Herndon to request that she and Major Nicole Kim, counsel for the Department, receive notice of every deposition of a bellwether plaintiff. *See* Ex. Y (7/14/20 Email from D. Herndon to M. Nomellini). Major Kim subsequently informed the parties that a Department attorney would be participating in every plaintiff deposition, and would contact the plaintiffs beforehand to ensure they do not divulge privileged or classified information. *See* Ex. Z (7/16/20 Email from Maj. Kim to B. Aylstock).[2] The Department has no obligation (or, in truth, any authority) to participate in these depositions of former servicemembers, because the statute that authorizes *Touhy* regulations applies only to current employees. *See Koopmann v. U.S. Dep't of*

---

[2] The Department's extensive and entirely voluntary participation in the plaintiff depositions gives the lie to its assertion that preparing a single critical witness for deposition, LTC Robinette, would be excessively burdensome.

*Transp.*, 335 F. Supp. 3d 556, 558 (S.D.N.Y. 2018) ("*Touhy* regulations are unlawful to the extent that they apply to former employees.").

In sum, the Department instructed the parties how to submit their *Touhy* requests, raised no jurisdictional objection when the parties complied with those instructions, granted several of the parties' requests, participated in and policed the scope of the *Touhy* depositions, and now is unnecessarily inserting itself into bellwether depositions. The Department's actions gave Defendants a "reasonable expectation" that they had issued enforceable *Touhy* requests to the Department, and that the Department would defend its extensive discovery conduct in this Court. *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011). The Department cannot, after involving itself so closely in these proceedings to protects its perceived interests, claim that this Court lacks jurisdiction over the Department until Defendants serve it with a subpoena—contrary to the Department's express instructions when this process began over a year ago.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their motion to compel.

Dated: July 22, 2020

Respectfully submitted,

*/s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

# **CERTIFICATE OF SERVICE**

I, Robert C. Brock, hereby certify that on July 22, 2020, I caused a copy of the foregoing memorandum to be filed with the Court's CM/ECF system, which will serve all counsel of record.

Also on July 22, 2020, I caused the foregoing memorandum to be sent via certified mail to the following addresses:

Major Nicole Kim
Litigation Attorney
U.S. Army Legal Services Agency
9275 Gunston Road
Fort Belvoir, VA 22060

Jacqui Coleman Snead
Assistant Branch Director, Federal Programs Branch
U.S. Dep't of Justice, Civil Division
1100 L Street, N.W., Room 12402
Washington, D.C. 20005

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Civil Process Clerk
U.S. Attorney for the Northern District of Florida
21 East Garden Street
Suite 400
Pensacola, FL 32502

Office of General Counsel
Department of Defense
1600 Defense Pentagon, Room 3C962
Washington, DC 20301

Dated: July 22, 2020

                                                */s/Robert C. Brock*
                                                Robert C. "Mike" Brock

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this brief complies with the word limit of Local Rule 7.1(F), and contained 1,959 words, excluding the parts exempted by the Rule.

Dated: July 22, 2020

                                      */s/Robert C. Brock*
                                      Robert C. "Mike" Brock