**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 45**

In accordance with the procedures set forth in Pretrial Order Nos. 23 and 24, Plaintiffs Sigifredo Garcia and Lonnie Burgus were selected for the initial bellwether trial pool. *See* Pretrial Order No. 29, ECF No. 1015. Plaintiffs' Leadership recently notified the Court that Plaintiffs Garcia and Burgus no longer wished to participate in the bellwether trial pool. *See* Case Management Order No. 13, ECF No. 1203.

Pursuant to Case Management Order No. 13, the Court notified the parties that Plaintiff Garcia's case would be replaced in Trial Group A by a case from Trial Group B, and that case in Trial Group B would be replaced by a case in Trial Group C. That case from Trial Group C would be replaced by a random pick from a set of three cases selected by Defendants from the first potential bellwether candidate pool, as defined by Pretrial Order No. 23, ECF No. 922, ¶ 1, who met the Court's prevalence criteria. This process allowed Trial Groups A, B, C, and D to remain comprised of the same number of party picks and random selections as set forth in

Pretrial Order No. 40, ECF No. 1158.  The Court also notified the parties that Plaintiff Lonnie Burgus's case, which was an alternate bellwether selection, would be replaced by two random selections from the Court among the remaining pool of potential bellwether cases that satisfied the Court's prevalence factors.  The open alternate spots for Trial Groups B, C, and D were then filled as follows: Group B's alternate would be the remaining party selection in the alternate pool, and the alternates for Groups C and D would be the two random selections by the Court.

Accordingly, the following cases have been selected for the initial bellwether pool, and have been placed in Trial Groups:

| 1 Bellwether Case | | |
|---|---|---|
| Stelling, Carter | 7:20cv143 | 81923 |
| **2 Alternates** | | |
| Montero, Carlos | 7:20cv67 | 45531 |
| Wilkerson, Steven | 7:20cv35 | 138590 |

The Clerk is directed to enter a copy of this Order on the individual docket for each of the three cases, transfer the administrative cases to the 3M MDL docket, 3:19md2885, and send electronic notices of same to the attorneys of record for both sides.

Within **10 days** after a case has been transferred to the 3M MDL docket, a filing fee must be paid, plaintiff's counsel must seek *pro hac vice* admission if he or she is not already admitted to the bar of this district, and the plaintiff must file a

Notice of Designated Forum on his or her individual docket, identifying the federal district in which he or she could have filed his or her case in the absence of direct filing on the administrative docket.

Within **14 days** from the date an initial bellwether case or alternate is transferred to the 3M MDL docket, each side must file a statement on the plaintiff's individual docket clearly and unambiguously advising whether they will waive any applicable venue and *forum non conveniens* challenges to the case being tried in this district.

**SO ORDERED**, this 28th day of July, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**