## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Case No. 3:19-md-2885 |
| This Document Relates To All Actions | ) ) ) ) | Hon. Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO OBTAIN DOCUMENTS FROM THE FRENCH-GERMAN RESEARCH INSTITUTE OF SAINT-LOUIS AND TESTIMONY FROM PASCAL HAMERY AND ARMAND DANCER

TO THE MINISTRY OF JUSTICE OF FRANCE:

The United States District Court for the Northern District of Florida, Pensacola Division, presents its compliments to the Ministry of Justice and requests international judicial assistance to obtain documents and testimony on the topics set forth in Sections 8, 10 and 11 below.

The signed Letter of Request will be forwarded in PDF format by email to the Plaintiffs' local counsel in France, Alexander Blumrosen, who will file the Letter and a translation thereof into French with the Ministry of Justice. The documents obtained by the French judicial authorities upon execution shall be provided to Alexander Blumrosen, who will thereupon make them immediately available to all of the parties in this matter.

This Letter of Request is made pursuant to The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, Chapter 1, as adopted and implemented at 28 U.S.C. § 1781 and by the French Decree n°75-250 dated April 9, 1975. The United States District Court Northern District of Florida, Pensacola Division is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the production of documents and the attendance of witnesses both within and outside its jurisdiction. Pascal Hamery and Armand Dancer have knowledge on the topics set forth in Section 8 and 10 below and reside in France. The French-German Research Institute of Saint-Louis ("ISL") is located in or around Saint-Louis, France.

Plaintiffs have represented to this Court that the documents and testimony of the witnesses obtained through this request are intended to be used for trial. This Court finds that the topics listed below in Sections 8, 10, and 11 are relevant to significant issues of fact and law in dispute in the case and has determined that the discovery sought is relevant to the Plaintiffs' claim and proportional to the needs of the case. This Court is satisfied that Plaintiff has met the standards under Florida Law and The Hague Convention for issuance of this Letter of Request.  This Court is not making a finding as to the extent of ISL's involvement with the Dual-Ended Combat Arms Earplugs at issue in this case. Nor has this Court made any findings as to French Law.

This Letter of Request should not be construed in a manner that would require any person to violate any laws of France, including the Law of July 16, 1980 (commonly referred to as the "Blocking Statute"). In the proper exercise of its authority, this Court has determined that the documents of ISL on the topics set forth in Section 8-11 below cannot be secured except by the intervention of the Ministry of Justice in France.

There follows the Letter of Request according to the form of request established by the signatories of the Hague Convention:

## LETTER OF REQUEST

### Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. | Sender | Judge Gary R. Jones |
| | | United States District Court for the Northern District of Florida, |
| | | Pensacola Division |
| | | Winston E Arnow Federal Building |
| | | 1 N. Palafox St. |
| | | Pensacola, FL 32502 |
| 2. | Central Authority of the Requested State | Ministry of Justice |
| | | Direction des Affaires Civiles et du Sceau |
| | | Bureau de l'entraide civile et commercial international (D3) |
| | | 13, Place Vendome |
| | | 75042 Paris Cedex 01 |
| | | France |

| 3. | Person to whom the executed request is to be returned | Alexander Blumrosen (Plaintiff's Local Counsel) Polaris Law 4, Avenue Hoche 75008 Paris, France ablumrosen@polarislaw.eu tel. +33 6 80 01 1413 |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| | Date | September 25, 2020 |
| | Reason for urgency | The evidence cut-off date in the underlying case is September 25, 2020. |

In conformity with The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), the undersigned has the honor to submit the following request:

| 5.a. | Requesting authority (Art. 3(a)) | Judge Gary R. Jones United States District Court for the Northern District of Florida, Pensacola Division Winston E Arnow Federal Building 1 N. Palafox St. Pensacola, FL 32502 |
|---|---|---|

| 5.b. | To the Competent Authority of (Art. 3(a)) (Insert name of the Requested State) | France |
|---|---|---|
| 5.c. | Names of the case and any identifying number | IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br>Case No. 3:19-md-2885<br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |
| 6.a. | Names and addresses of the parties and their representatives (Art. 3(b)) | The Applicants are Plaintiffs are individual United States Military servicemembers or civilians who used the Dual-Ended Combat Arms Earplug and who are claimants in the 3M Combat Arms Earplug Products Liability Litigation pending in this U.S. Court. |
|  | Plaintiffs' Counsel | **Alexander Blumrosen, French counsel**<br>Polaris Law<br>4, Avenue Hoche<br>75008 Paris, France<br>ablumrosen@polarislaw.eu<br>tel. +33 6 80 01 14 13 |

**Bryan F. Aylstock, Lead Counsel**

Florida State Bar No. 078263

Aylstock, Witkin, Kreis & Overholtz, PLLC

17 East Main Street Suite 200

Pensacola, FL 32502

Tel.: (850) 202-1010

baylstock@awkolaw.com

**Christopher A. Seeger,**

Co-Lead Counsel

(Admitted Pro Hac Vice)

New Jersey State Bar No. 042631990

Seeger Weiss LLP

77 Water Street 8th Floor

New York, NY 10005

Tel.: (212) 587-0700

cseeger@seegerweiss.com

**Shelley V. Hutson,**

Co-Lead Counsel

(Admitted Pro Hac Vice)

Texas State Bar No. 00788878

Clark, Love & Hutson, GP

440 Louisiana Street

Suite 1600

Houston, TX 77002

Tel.: (713) 757-1400

shutson@triallawfirm.com

|  |  | **Brian H. Barr,** |
|---|---|---|
|  |  | Co-Liaison Counsel |
|  |  | Levin, Papantonio, Thomas, Mitchell, |
|  |  | Rafferty, & Proctor, P.A. |
|  |  | 316 South Baylen Street |
|  |  | Pensacola, FL 32502 |
|  |  | Tel.: (850) 435-7044 |
|  |  | bbarr@levinlaw.com |
|  |  |  |
|  |  | **Michael A. Burns,** |
|  |  | Co-Liaison Counsel |
|  |  | Mostyn Law Firm |
|  |  | 3810 W. Alabama Street |
|  |  | Houston, TX 77027 |
|  |  | Tel.: (713) 714-0000 |
|  |  | epefile@mostynlaw.com |
| 6.b. | Defendants | 3M Company and 3M Occupational Safety LLC<br>3M Center<br>St. Paul, MN 55144-1000<br><br>Aearo Holding LLC<br>150 West Market Street, Suite 800<br>Indianapolis, Indiana 46204<br><br>Aearo Intermediate LLC<br>5457 West 79th St.<br>Indianapolis, Indiana 46268<br><br>Aearo LLC and Aearo Technologies LLC<br>7911 Zionsville Road<br>Indianapolis, Indiana 46268 |
|  |  |  |

| | Defendants' counsel | **Mike Brock** |
|---|---|---|
| | | KIRLAND & ELLIS LLP |
| | | 1301 Pennsylvania Avenue, N.W. |
| | | Washington, D.C. 20004 |
| | | Telephone: (202) 389-5991 |
| | | Email: mike.brock@kirkland.com |
| | | |
| | | **Kimberly Branscome** |
| | | DECHERT LLP |
| | | US Bank Tower |
| | | 633 West 5th Street, Suite 4900 |
| | | Los Angeles, California 90071 |
| | | |
| | | **Mark J. Nomellini** |
| | | **Nicholas F. Wasdin** |
| | | KIRKLAND & ELLIS LLP |
| | | 300 North LaSalle |
| | | Chicago, Illinois 60654 |
| | | Telephone: (312) 862-3254 |
| | | Email: mark.nomellini@kirkland.com |
| | | Email: nick.wasdin@kirkland.com |
| 7.a. | Nature of the proceedings (divorce, paternity, breach of contract, | This is a civil action being actively litigated in the United States District Court for the Northern District of Florida, Pensacola Division before the undersigned United States District Court Judge, the Honorable M. |

| | | |
|---|---|---|
| | product liability, etc.) (Art. 3(c)); | Casey Rodgers, who has been assigned to this case since April 3, 2019. Over one-hundred and fifty thousand (150,000) Plaintiffs have brought claims against Defendants for personal injuries including hearing loss, tinnitus, and/or other hearing-related injuries sustained as a result of Defendants' unreasonably dangerous product. This case is currently in the pretrial fact discovery phase. Plaintiffs are reviewing documents produced by Defendants and have begun depositions. The fact discovery deadline is September 25, 2020. This Court has set the first trial to begin in April 2021. |
| 7.b. | Summary of complaint | Plaintiffs are comprised of United States Military servicemembers or civilians who used the Dual-Ended Combat Arms Earplug, a one-sized, dual-ended, triple-flanged earplug with a non-linear filter in the middle which was sold and distributed to the United States Military from approximately 2003 – 2015.  Plaintiffs allege that Defendants were aware of the defects and |

| | | |
|---|---|---|
| | | risks of the Dual-Ended Combat Arms Earplug, including the design that prevented Plaintiffs from obtaining a proper fit, caused imperceptible loosening of the earplug during use, and prohibited a proper seal in the ear canal, thereby allowing dangerous sounds to enter the ear canal. Plaintiffs allege that Defendants failed to warn or instruct Plaintiffs of the defects and risks, thereby causing Plaintiffs' injuries. |
| 7.c. | Summary of defence and counterclaim | Defendants deny that the Dual-Ended Combat Arms Earplug caused Plaintiffs any injuries or sequelae thereto and deny any liability. Specifically, Defendants deny that the Dual-Ended Combat Arms Earplug is defective and state that Plaintiffs misused the product that was not reasonably foreseeable, assumed the risk when exposing themselves to damaging noise, and failed to mitigate their damages. Defense also claims that Plaintiffs' claims are barred by the government contract defense. |

| | | |
|---|---|---|
| 7.d. | Other necessary information or documents | N/A |
| 8.a. | Evidence to be obtained or other judicial act to be performed (Art. 3(d)) | In order to establish the complete facts necessary to fully prosecute this action, Plaintiffs are seeking to obtain documents from the French-German Research Institute of Saint-Louis ("ISL"), a research entity located in France that is not presently a party in this pending matter and depositions of Drs. Pascal Hamery and Armand Dancer, former employees of ISL. |
| 8.b. | Purpose of the evidence or judicial act sought | Plaintiffs believe that ISL has documentation about certain facts underlying this action. Documents produced by Defendants in this case identify ISL as having designed, developed, and patented the non-linear filter and the "double-ended" design of the Dual-Ended Combat Arms Earplug. In particular, ISL researchers Drs. Pascal Hamery and Armand Dancer patented the technology that was used to develop the earplug at issue in this case and ISL entered into a |

| | | licensing agreement, granting Defendants the exclusive license to manufacture and sell products pursuant to ISL's patents. Plaintiffs are seeking documents pertaining to the non-linear filter and the generic design development for the dual-ended earplug, including (but not limited to) those in the files of Drs. Pascal Hamery and Armand Dancer and in the files of their colleagues with whom they may have had email or other exchanges on these subjects.  The documents sought are in the possession or control of the following entity located in France:<br><br>**The French-German Research Institute Saint-Louis**<br>**5 Rue du General Cassagnou**<br>**68300 Saint-Louis, France** |
|---|---|---|
| 9. | Identity and address of any person to be examined (Art. 3(e)) | Pascal Hamery<br><br>Armand Dancer |
| 10. | Questions to be put to the persons to be | A detailed list of specific questions to be put to the Deponents need not be provided in advance, in |

| | |
|---|---|
| examined or statement of the subject matter about which they are to be examined (Art. 3(f)) | accordance with the rules of this Court. The following constitutes a non-exhaustive list of anticipated areas of examination:<br><br>1. Creation, development, testing, and approval process concerning the Dual-Ended Combat Arms Earplug, the non-linear filter, and/or hearing protection.<br><br>2. Contractual agreements between ISL the U.S. Government, Aearo, and/or 3M related to the Dual-Ended Combat Arms Earplugs, the non-linear filter or hearing protection.<br><br>3. Interactions with the U.S. Government, Aearo, and/or 3M.<br><br>4. Creation, review, development of brochures, agendas, or other documents relating to meetings between ISL, 3M, the U.S. Government, or any other person or entity relating to the Dual-Ended Combat Arms |

Earplugs, the non-linear filter, and/or hearing

protection.

5. Knowledge of financial arrangements or

agreements between ISL the U.S. Government,

3M and/or Aearo relating to the Dual-Ended

Combat Arms Earplugs and/or the non-linear

filter.

6. Communications, knowledge, and/or

procurement of the patents for the non-linear

filter or Dual Ended Combat Arms Earplugs.

7. Knowledge and communications of testing data

for all versions of the nonlinear filter and the

Dual-Ended Combat Arms Earplugs, including

testing for the single-ended and double-ended.

8. Awareness of problems with the Dual-Ended

Combat Arms Earplugs, including testing for

the single-ended and double-ended.

9. Documents related to alleged defects, risks,

elevated hazards, failures or deficiencies in fit

or danger to hearing from the use of the Dual-

| | | Ended Combat Arms Earplugs and/or the non-linear filter. |
| | | 10. Contemplated changes to the design of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter. |
| | | 11. Complaints or criticisms of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter. |
| | | 12. Identification of other individuals involved in the development, testing, discussions, sale of the nonlinear filter and/or the Dual-Ended Combat Arms Earplugs. |
| 11. | Documents or other property to be inspected (Art. 3(g)) | The evidence to be obtained consists of documents intended to be used in court proceedings, motion practice, and trial of this action and is necessary for the just and proper resolution of the proceedings before this Court. The alternative procedure set out in Chapter II of the Hague Evidence Convention is not available. This Court respectfully requests that the |

Ministry of Justice compel ISL to produce the following documents sought by Plaintiffs as permitted under Chapter I of the Hague Evidence Convention as requested by Plaintiffs under Chapter I of the Hague Evidence Convention.

Plaintiffs seek documents related to the following:

1.      Contracts entered between ISL and 3M related to the Dual-Ended Combat Arms Earplug, the non-linear filter, and/or hearing protection.

2.      Contracts entered between ISL and the U.S. Government related to the Dual-Ended Combat Arms Earplugs, the non-linear filter or hearing protection.

3.      Documents related to the creation, development, or design of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.

4.      Documents related to minutes, agendas, brochures, memoranda, correspondence, or other documents relating to meetings between ISL, 3M, the U.S. Government, or any other person or entity

| | | relating to the Dual-Ended Combat Arms Earplugs, the non-linear filter, and/or hearing protection.<br><br>5.     Documents related to all financial arrangements or agreements between ISL and 3M relating to the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.<br><br>6.     Documents related to all financial arrangements or agreements between ISL and the U.S. Government relating to the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.<br><br>7.     Communications between ISL and 3M relating to the patents for the non-linear filter or Dual Ended Combat Arms Earplugs.<br><br>8.     Communications between ISL and the U.S. Government relating to patents for the non-linear filter or Dual-Ended Combat Arms Earplugs. |
|---|---|---|

9.      Testing data for all versions of the Dual-Ended Combat Arms Earplugs, including testing for the single-ended and double-ended.

10.     Testing data for the non-linear filter.

11.     Diagrams and photographs relating to testing of all versions of the Dual-Ended Combat Arms Earplugs.

12.     Documents related to alleged defects, risks, elevated hazards, failures or deficiencies in fit or danger to hearing from the use of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.

13.     Documents related to any contemplated changes to the design of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.

14.     Documents and communications relating to or constituting complaints or criticisms of the Dual-Ended Combat Arms Earplugs and/or the non-linear filter.

| | | |
|---|---|---|
| | | 15.     Documents identifying the points of contact between ISL and 3M.<br><br>16.     Documents identifying the points of contact between ISL and the U.S. Government.<br><br>17.     Documents by, to, from, and/or which Pascal Hamery received, related to the dual-ended earplugs and/or the non-linear filters.<br><br>18.     Documents by, to, from, and/or which Dr. Armand Dancer received, related to dual-ended earplugs and/or non-linear filters.<br><br>19.     Documents by, to, from, and/or which Karl Buck received, related to the Dual-Ended Combat Arms Earplugs and/or the Dual-Ended Combat Arms Earplug filters.<br><br>20.     Document of Claudia Rech related to the Dual-Ended Combat Arms Earplugs and/or the Dual-Ended Combat Arms Earplug filters. |

| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h)) | This Court respectfully requests that you require that the testimony given during the depositions be given under the following oath: "I, [Deponent's name], swear or affirm that the testimony that I am about to give is the truth, the whole truth and nothing but the truth." This Court also respectfully requests that, in the event that the law of France does not permit the swearing of an oath by a witness, the duly appointed officer should make inquiry of such witness to ensure that he understands the gravity of the procedure and affirms that his statement will be true and correct in all respects. |
| --- | --- | --- |
| 13. | Special methods or procedures to be followed (e.g., oral or in writing, verbatim transcript or summary, cross- | This Court also requests that the documents be produced in a manner consistent with Pretrial Order No. 10 of this litigation, copies of which are attached hereto as Exhibit A, or as closely thereto as possible given the foreign venue.<br><br>This Court also respectfully requests that the deposition examination be conducted orally, recorded |

| | | |
|---|---|---|
| | examination, etc.)<br><br>(Arts 3(i) and 9 | verbatim in writing, and videotaped, and that the transcript of the testimony be authenticated in accordance with your procedures. With respect to the transcript of the testimony, this Court further requests that: a) a United States court reporter be present at the examination who shall record the oral testimony verbatim (in English) and prepare a transcript of the evidence. That the attorneys for Plaintiffs and Defendants be permitted to attend the depositions and conduct the examinations. That the parties' attorneys be permitted to take turns conducting examination and cross-examination until they have no further questions. That the parties' attorneys be permitted to refer to documentary evidence when conducting the examination and cross-examination. That an interpreter be present at the examination who shall translate the questions and oral testimony between French and English. That the examinations take place at dates and times as may be agreed upon between the witness and counsel for the parties. Plaintiffs' counsel |

| | | anticipates that only one day of testimony is necessary to complete the examinations. |
|---|---|---|
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7) | This Court respectfully requests that the documents be produced on a date as soon as practicable, and in all events, prior to September 25, 2020.<br><br>In scheduling the depositions, counsel for Plaintiff will work with the Deponent in an effort to accommodate her schedule and minimize any inconvenience.<br><br>Please notify the above-mentioned Plaintiffs and Defense Counsel, as identified in Section 6 above, of the date, time, and place of execution of the Request. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the | No judicial personnel of the requesting authority will be present at the execution of the Request. |

| | | |
|---|---|---|
| | Letter of Request (Art. 8) | |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b)) | The Defendants may refuse to give evidence in so far as they have a privilege or duty to refuse to give the evidence under the laws of Florida and/or the United States of America, including but not limited to attorney-client privilege and attorney-work product privilege.  Any discovery disputes relating to a legal privilege under Florida or U.S. laws will be resolved by this Court, upon request by the French judge in charge of executing this Request (or by the Ministry of Justice acting at such judge's request), when the reservation of a party's objection on the record for later resolution by this Court (as would be typical in U.S. discovery), is not considered sufficient by one or more of the Parties. |
| 17. | The fees and costs incurred which are reimbursable under | Plaintiffs. |

| | the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | |
|---|---|---|

In furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Northern District of Florida, Pensacola Division, assures the judicial authorities of the French Ministry of Justice that it is willing to provide similar cooperation and assistance in the event that the French Ministry of Justice requests similar assistance.

DATED: July 29, 2020.


_____

HON. GARY R. JONES
UNITED STATES MAGISTRATE JUDGE
**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**