# Appendix B

## Rulings of Judges Approving

## Vocational Rehabilitation Evaluations

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

**TROY WAYNE BAKER,**

    **Plaintiff,**

v.

                                 CASE NO.: 15-CA-010175, DIV. K

**BUCCANEER LANDSCAPE
MANAGEMENT CORPORATION;
KELLEY LOREE POWERS,**

    **Defendants.**

_____/

## ORDER ON PENDING DISCOVERY ISUSES

THIS COURT having heard Pending Discovery Issues on December 5, 2017 and being fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's objections to Defendants' subpoena to Largo Medical Center is granted in part and denied in part. Defendants shall schedule the deposition of the corporate representative of Largo Medical Center and may inquire as Plaintiff's treatment and different billing methodologies used by Largo Medical Center and % of payment accepted in full payment over the last 3 years. This ruling does not bar Plaintiff from seeking additional relief from the Court on this issue.

2. Dr. Shahnasarian's request to not be videotaped is denied.

3. Plaintiff's motion to bar Dr. Shahnasarian from administering the MMPI II test and Beck Depression test is denied. Dr. Shahnasarian may administer the tests set forth in the retention letter. This ruling does not bar Plaintiff from seeking additional relief from the Court on this issue.

DONE AND ORDERED in chambers, Tampa, Hillsborough County Florida this ___ day of December 2017.

Electronically Conformed 12/7/2017
Circuit Judge

Copies to:
    Keith Ligori, Esq.
    Dale Parker, Esq.

307406

SF-10875
DDA:lom

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT, IN AND FOR
HENDRY COUNTY, FLORIDA

PEDRO R. BUSTELO,

CASE NO.: 13-910-CA

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S OBJECTIONS TO
## REHABILITATION EXAMINATION

This matter having come on to be heard on Plaintiff's Objections to Request for

Rehabilitation Examination, and the court having heard argument of counsel, and being

otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED as follows:

a. Dr. Shahnasarian shall not inquire of Plaintiff the facts and circumstances of the

accident such as fault, what anyone did or did not do at the scene, what Plaintiff told

anyone at the scene, who referred Plaintiff to any doctor, or when Plaintiff first retained an

attorney. Dr. Shahnasarian may inquire into past medical history and past work history.

b. Dr. Shahnasarian shall not perform any x-rays, MRI or other radiographic studies

on Plaintiff.

c. Plaintiff may videotape the examination and Dr. Shahnasarian shall not interfere

with the videotaping of the examination. The videographer shall not interfere with the

examination.

CASE NO.: 13-910-CA

d.  Plaintiff is not required to fill out patient information forms or questionnaires that are typically filled out when a patient sees a new physician.  Plaintiff shall fill out forms and answer written questions associated with the testing to be performed by Dr. Shahnasarian.

e.  The examination shall not be referred to as an "independent medical examination" or any other designation or description that suggest impartiality on behalf of the examiner.

f.  Dr. Shahnasarian's report shall be furnished to plaintiff's counsel within 30 days of the examination.

g.  Plaintiff, Plaintiff's counsel and/or videographer shall not be forced to wait longer than 1 hour to be seen by Dr. Shahnasarian.

h.  Dr. Shahnasarian shall not comment on the reasonableness of Plaintiff's past medical bills.

i.  Plaintiff's protected health information shall be kept in accordance with HIPPA requirements and shall not be disseminated by the examiner or defense counsel to any person or entity not a party or retained expert to the instant litigation.

j.  Defense counsel shall notify Dr. Shahnasarian of the terms and conditions of this Order.

k.  Plaintiff's request for a time limit on the length of the examination is denied.

l.  Plaintiff's request to prohit conducting the Beck Depression Inventory II or the Minnesota Multi-Phasic Personality Inventory II (MMP-II) tests is denied.

CASE NO.: 13-910-CA

m.   The Court strikes the portion of the notice as to any cancellation fee requirements and will determine a reasonable cancellation fee should that become an issue.

Done and Ordered this _____9th_____ day of _____January_____, 2015, at LaBelle, Hendry County, Florida.

_____
HONORABLE JAMES D. SLOAN
Circuit Court Judge

Copies to:
Joel E. Bernstein, Esq.
(joel@bernstein-chackman.com, nancy@bernstein-chackman.com
Lance C. Ivey, Esq. (livey@palmbeachlaw.com and klewis@foryourrights.com)

G:\WP\SF-10875\ord on pltf objs to rehab exam.wpd

--3--

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MARILYN BRACE,

     Plaintiff,

vs.

AIG CENTENNIAL
INSURANCE COMPANY,

     Defendant.

_____/

CASE NO.: 8-28473
DIVISION H

## ORDER DENYING PLAINTIFF'S OBJECTION TO
## CME OF MICHAEL SHAHNASARIAN, PH.D.

THIS CAUSE having come before the Court upon the Plaintiff's Objection to Defendant's

Notice of CME of Michael Shahnasarian, Ph.D., and the Court having reviewed the Court file

and heard argument of counsel in Court on June 6, 2013, and being fully informed therein, it is

ORDERED AND ADJUDGED that Plaintiff's Objection to Defendant's Notice of CME of

Michael Shahnasarian, Ph.D. is hereby DENIED.

DONE AND ORDERED this _____ day of _____ORIGINAL SIGNED_____, 2013 in Tampa,

Hillsborough County, Florida.
        CONFORMED COPY

JUN 1 4 2013

BERNARD C. SILVER
CIRCUIT JUDGE
_____
Honorable Bernard C. Silver

Copies furnished to:
Jeffrey F. Worman, Esq.
Weldon Brennan, Esq.
Christine M. Franco, Esq.

Scanned

JUN 1 7 2013

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA
IN AND FOR POLK COUNTY

BENJAMIN F. SKEEN, JR.,

     Plaintiff,

v.

CUTRALE CITRUS JUICES USA, INC.,
a Profit Corporation, and JOHN RUPPERT,

     Defendants.

Case No.:  2011 CA-003474-000-00
Section: 07

_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER REGARDING VOCATIONAL EXAMINATION OF BENJAMIN F. SKEEN, JR.

THIS MATTER having come before the Court on June 29, 2012, on the Defendant, CUTRALE CITRUS JUICES USA, INC. & JOHN RUPPERT'S Motion for Protective Order, and Plaintiff, BENJAMIN F. SKEEN, JR.'S Motion for Protective Order, both in reference to the Vocational Examination of BENJAMIN F. SKEEN, JR., and counsel for the respective parties having been heard, and the Court being fully advised, it is hereby:

ORDERED AND ADJUDGED that:

1. The Vocational Examination of BENJAMIN F. SKEEN, JR., shall be conducted on Monday, July 9, 2012 by Michael Shahnasarian, PhD.

2. The Vocational Examination of BENJAMIN F. SKEEN, JR., shall proceed with no restrictions on the selection of testing that Michael Shahnasarian, PhD, chooses to utilize in order to form his opinions.

3. Michael Shahnasarian, PhD., may utilize personality testing, including but not limited to the MMPI-2, during the vocational examination of BENJAMIN F. SKEEN, JR.

4.  The use of the MMPI-2, and results thereof, by Defendants, shall be limited to the issue of the plaintiff's vocational rehabilitation, employability, and vocational aptitude.

5.  It is further Ordered that no one shall interfere with Dr. Shahnasarian's Vocational Examination as follows:

    a.  Any timed testing that is administered will not be interrupted due to changing tapes, the videographer shall coordinate with Dr. Shahnasarian prior to commencing any timed testing.

    b.  The camera used to video record the examination may be set up behind Dr. Shahnasarian, but will be focused on Benjamin F. Skeen, Jr. and will be unattended, except for the purpose of adjusting the camera if the need arises.

    c.  When Dr. Shahnasarian and his staff are not present with the examinee, all third parties be restricted from being in the room during testing, however the camera may continue to run during this time.

6.  It is further ordered that Plaintiff Counsel shall comply with Dr. Shahnasarian's prepayment fee of $990.00 at least 48 hours prior to his deposition. If the deposition is cancelled more than 48 hours prior to the deposition, a full refund will be provided by Dr. Shahnasarian. Dr. Shahnasarian's cancellation policy fees shall apply if cancelled within 48 hours of the deposition pursuant to Dr. Shahnasarian's cancellation policy.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida this $\underline{05}$ day of

July, 2012.

/s/ J. Michael McCarthy

_____
**The Honorable Michael McCarthy**
Circuit Court Judge

Copies furnished to:

Gerald Biondi, Esquire
Spencer Pastorin, Esquire

By:_____
        Judicial Assistant

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

STEPHEN L. SNELLINGS,

    Plaintiff,

vs.

THOMAS D. FITZGERALD,

    Defendant.

CASE NO.: 2010CA-004629
SECTION: 4

_____/

## ORDER ON CVE OF MICHAEL SHAHNASARIAN

    This matter having come before the undersigned upon the Plaintiff's Objection to and Motion for Protective Order Regarding CVE of Michael Shahnasarian, and the Court, having heard argument of counsel and being fully advised in the premises, it is

    ORDERED AND ADJUDGED as follows:

    1.    Plaintiff is permitted to have present his attorney or other Plaintiff's representative at any examination. See *Bartell v. McCarrick*, 498 So.2d 1378 (Fla. 4th DCA 1986). Defense attorney's attendance is prohibited at the examination.

    2.    Plaintiff shall not be required to submit to additional studies or testing other than a vocational interview, without a specific advance written request. If additional studies or testing is requested, in accordance with *Schagrin v. Nacht*, 683 So.2d 1173, Fla. 4th DCA (1996), Plaintiff is entitled to know the extent of the additional studies or invasive testing the CVE expert intends to perform at least seven (7) days in advance of the proposed testing, in order to seek protection of the Court, and the names, addresses and qualifications of the persons administering such testing.

1

7.   The expert shall not refer to the examination as an "independent vocational evaluation," but shall clearly identify to the Plaintiff, and in the report, that the expert has been hired by Defendant and/or his counsel to examine the Plaintiff in defense of the claims in the above-styled case.

8.   Plaintiff may serve interrogatories permitted by *Elkins v. Syken*, 672 So.2d 517 and *Allstate Ins. Co. v. Boecher*, 733 So. 2d 993 (Fla. 1999).

9.   Any protected health information generated or obtained by the CVE expert shall be kept in accordance with the HIPAA requirements and shall not be disseminated by either the CVE expert or Defendant's counsel to any other person or entity not a party to this case.

10.   Plaintiff may elect to have a videographer present during the exam to record video and audio of the exam. The video is work product and non-discoverable. If the Plaintiff plans to use the tape at trial, the Defendant is entitled to receive a copy of same at Defendant's expense. The Plaintiff may have no more than 3 persons in addition to the Plaintiff at the CVE. The Defendant is not entitled to videotape the CVE, and is not entitled to have anyone appear in his stead at the CVE.

11.   The Defense is responsible for notifying the examining expert of the terms of the Order.

DONE and ORDERED in Chambers, Bartow, Polk County, Florida, this 5TH day of June, 2012.

/s/ MICHAEL E. RAIDEN
Michael Raiden, Circuit Judge

Cc:   K.C. Bouchillon, Esq.
Jeffrey Jensen, Esq.

3

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL ACTION

KATRINA M. BIEHL,

       Plaintiff,

vs.                                Case No.: 10 CA 03915

JANINE M. ROAN,

       Defendant.

_____/

## ORDER

THIS CAUSE having come before the Court upon the Plaintiff's Amended Objections to Defendant's Request for Vocational Evaluation and the parties having agreed upon the form of the Order, it is hereby ORDERED AND ADJUDGED as follows:

1) Dr. Shahnasarian will be acting in his capacity as a vocational rehabilitation counselor and not as a psychologist for the purposes of his examination of Ms. Biehl.

2) Dr. Shahnasarian will be entitled to report any psychological diagnoses he feels are relevant but the Plaintiff reserves the right to exclude them from the trial.

3) Dr. Shahnasarian will not have Ms. Biehl fill out any intake forms.

4) Dr. Shahnasarian will allow a court reporter and videographer for the entirety of the examination; however, they are not to interfere in any way with the examination.

5) The videographer will remain in the room with Ms. Biehl at all times that Dr. Shahnasarian is in the room; the camera will be in the room at all times.

6) Dr. Shahnasarian will not interfere in the videoing of the examination in any way.

7) Dr. Shahnasarian will produce to Plaintiff's counsel all of the raw data from all of the testing at the time that the report is produced. Raw data will include all notes, recordings,

tests, instructions, question and answer sheets, handwritten material, responses to stimuli, interpretation manuals, scoring protocols, and all other items used in conducting and evaluating the examination.

8) Dr. Shahnasarian will provide all information regarding the computer program used to score any of the tests. Said information shall include any website links to the scoring program.

9) Dr. Shahnasarian will produce all reports in an expedited manner.

10) The terms of this Order shall apply to any assistant used by Dr. Shahnasarian.

DONE AND ORDERED this the ___ day of June, 2012.

ORIGINAL SIGNED

JUN 2 6 2012

DIANA L. MORELAND
CIRCUIT JUDGE

Conformed Copies To:

Eric D. Bruce, Esq.
James H. Burgess, Jr., Esq.

REC'D AUG 2 3 2011

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2003-CA-005157-AA

ANDREA McMILLAN, as Attorney-in-Fact
pursuant to Power of Attorney on behalf of
CHRISTOPHER J. MCMILLAN,

        Plaintiff(s),

vs.

MICHAEL T. DONOHUE, DAVID L.
CRUSIE, SUPERIOR INSTALLATION
NETWORK, INC. and RYDER TRUCK
RENTAL, LTD,

        Defendant(s).

_____/

## ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS NOTICE OF MEDICAL EXAMINATION BY DR. MICHAEL SHAHNASARIAN

THIS CAUSE having come to be considered upon the Plaintiff's Objections to Defendants Notice of Medical Examination by Dr. Michael Shahnasarian, and the Court having reviewed the file and being fully advised in the premises, it is hereby,

ORDERED and ADJUDGED that Plaintiff's Objections are hereby ~~SUSTAINED~~/OVERRULED _____

_____

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this _____

day of _____, 20___.

SIGNED & DATED

AUG 2 2 2011

_____
~~JUDGE GLENN KELLEY~~
CIRCUIT JUDGE

Copies have been furnished to all counsel on the attached counsel list.

McMillan vs. Ryder et al.
Case No.: 50-2003-CA-005157-AA

## COUNSEL LIST

Darryl L. Lewis, Esquire
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorneys for Plaintiff

Larry J. Britton, Esquire
Britton & Associates, S.C.
735 North Water Street
16th Floor West
Milwaukee, WI 53202
Phone: (414) 273-2900
Fax: (414)-273-2905
Attorneys for Ryder Truck Rental, LT

David Cooney, Esquire
Cooney Trybus Kwavnick Peets
1600 West Commercial Boulevard
Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 568-6669
Fax: (954) 568-0085
Attorneys for Ryder Truck Rental, LT

Charles B. Green, Esquire
rmoore@gmm-law.com
Green, Murphy & Murphy, P.A.
1600 W Commercial Boulevard, Suite 100
Ft. Lauderdale, FL 33309
Phone: (954)-492-3457
Fax: (954)-492-3466
Attorneys for Michael T. Donohue

2

02/08/2011 12:50 FAX                    SEDGWICK-LLP                    ☏002/002

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT, IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: 08-050279(02)

Solano, et al,

    Plaintiff,

vs.                ORDER

BP Products North America Inc.,
et al.,   Defendant.

THIS CAUSE was considered by the Court on the following Motion(s) BP's Motion to Compel Completion of Voc Assessment Examination of π Solano and for Protective Order From Deposition of Dr. Shahnasarian

HEARING was held on February 8, 2011

THE COURT having considered the grounds for the Motion, taken testimony, heard argument and considered the applicable law, it is FOUND,

ORDERED AND ADJUDGED as follows:

Granted. Dr. Shahnasarian shall complete his vocational assessment exam of π Solano within 30 days of this order.

⸺ with testing to be administered within the Doctor's Disciplion.

DONE AND ORDERED   Feb 8, 2011    JOHN B. BOWMAN

FEB 08 2011

A TRUE COPY

CIRCUIT COURT JUDGE

Copies furnished: ☐ In Open Court
      ☐ By Mail

BC 118 (Rev 2/07)

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JUDY GRAEDEL and
PAUL GRAEDEL, her husband,

           Plaintiffs,                        CASE NO.: 09-CA-06651

vs.

                                            DIVISION: D

MARGARET GENN,

           Defendants.            /

## ORDER ON DEFENDANT'S MOTION FOR COMPULSORY VOCATIONAL REHABILITATION EVALUATION

THIS MATTER having come before the Court on February 3, 2011 on Defendant, MARGARET GENN'S Motion for Compulsory Vocational Rehabilitation Evaluation, with the Court having heard argument of counsel, testimony from Dr. Shahnasarian, having reviewed the Court file, and therefore being duly advised in the premise, it is:

    1.    ORDERED AND ADJUDGED that Defendant's Motion for Compulsory Vocational Rehabilitation Evaluation is GRANTED.

    2.    ORDERED AND ADJUDGED that Plaintiff shall appear at the previously scheduled compulsory vocational rehabilitation evaluation on February 22, 2011 at 8:30 a.m. At that time, Plaintiff shall submit to the standard vocational rehabilitation evaluation conducted by Dr. Shahnasarian including, but not limited to, a clinical interview and personal/psychological testing.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this _____ day of February, 2011.

ORIGINAL SIGNED

FEB 1 4 2011

MICHELLE SISCO
CIRCUIT JUDGE

                        The Honorable Michelle S. Sisco
                        CIRCUIT JUDGE

*Copies furnished to:*
Raymond F. Ayres, II, Esquire
Nina M. Hanson, Esquire

/ce

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20854-CIV-JORDAN/MCALILEY

GINA SUAREZ and
WILLIAM FERNANDEZ,
her husband,

     Plaintiffs,

v.

PANERA, LLC,

     Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Pending before the Court is Plaintiffs' Motion for Reconsideration, asking this Court to reconsider its Order Denying Motion for Protective Order [DE 49], which permitted Defendant to engage Dr. Michael Shahnasarian, Ph.D. to perform a vocational rehabilitation evaluation of Plaintiff, at a mutually convenient place and time. [DE 52].

Motions for reconsideration are disfavored and should only be granted if the movant establishes by strong evidence: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F.Supp.2d 1344, 1353 (S.D. Fla. 2009). The Court has carefully considered the motion and finds that Plaintiff has not supported its request for reconsideration in any of these ways.

Plaintiff does not argue a intervening change in controlling law and makes no showing

of clear error or manifest injustice. As for the availability of new evidence, Plaintiff cites the recent deposition of its own expert, Dr. Gamboa, regarding the scope the vocational economic assessment he performed, and how it differs from the vocational rehabilitation evaluation to be performed by Dr. Shahnasarian, [DE 52, ¶¶ 4-7]. While Dr. Gamboa's deposition was not available when this issue was first presented to the Court, Plaintiff, at that time, could have easily provided the same evidence to the Court in the form of an affidavit by Dr. Gamboa, who is his expert and under his control. Thus, this was not new evidence to Plaintiff.

Based on the foregoing, the Court ORDERS that:

Plaintiffs' Motion for Reconsideration [DE 52] is **DENIED**. The vocational rehabilitation evaluation shall take place on January 8, 2011 at 8:00 a.m. at the JW Marriott Hotel, 1109 Brickell Avenue, Miami, FL 33131, as agreed to by the parties. Plaintiff's counsel may observe the evaluation, but may not interrupt or disrupt the evaluation in any way. Any objections Plaintiff may have to the evaluation are preserved and may be raised at a later date, if appropriate.

DONE and ORDERED in chambers in Miami, Florida this 6th day of January, 2011.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:

The Honorable Alan S. Gold
Counsel of record

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

CASE NO: 2009CA-010104-0000-WH

CAROL GRIDER,

      Plaintiff,

v.

ADAM HASTING, Individually, and
JMHC, INC., a Florida corporation.

      Defendants,
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION AND OBJECTION TO PHYSICAL EXAMINATION

THIS CAUSE came on to be heard upon Plaintiffs' Motion for Protection as to Defendant's Notice of Physical Examination of plaintiff by Dr. Michael Shanasarian , and this Honorable Court having considered the motion and being otherwise advised in the premises, it is, hereby,

ORDERED AND ADJUDGED as follows:

Plaintiffs' Motion For Protection is DENIED.

FURTHER ORDERED AND ADJUDGED:

The F.R.Civ.P 1.360 examination of the plaintiff by Dr. Michael Shanasarian, shall proceed as scheduled, including the administration of the Minnesota Multiphasic Personality Inventory (MMPI-2).

FURTHER ORDERED AND ADJUDGED:

Use of the MMPI-2 and results thereof by Defendants shall be limited to the issue of plaintiff's vocational rehabilitation, employability and vocational aptitude.

AUG 1 6 2010

**DONE AND ORDERED** in chambers at Bartow, Polk County, Florida this _____ day of August 2010.

/s/ DONALD G. JACOBSEN

_____
**DONALD G. JACOBSEN**
Circuit Court Judge

*Copies furnished to:*

*Sherri Scarborough, Esq.*
*Gregory P. Gerjel, Esq.*

01/30/2009  12:47   7273221239                BRADHAMBLEVINSBAYLIS                      PAGE  02

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO. 07-003797-CI-15
UCN NO. 52-2007-CA-003797-XX-CICI

BRIAN E. JONES,

    Plaintiff,

vs.

UDR, INC., a Foreign Corporation, f/k/a
UNITED DOMINION REALTY TRUST,
INC., a Foreign Corporation, d/b/a BAY
COVE APARTMENTS,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED NOTICE OF VOCATIONAL REHABILITATION ASSESSMENT

THIS MATTER having come before the Court on Tuesday, January 27, 2009 upon the Plaintiff's Objections to Defendant's Amended Notice of Vocational Rehabilitation Assessment regarding the psychological testing and vocational interest testing to be performed by Michael Shahnasarian, Ph.D. as part of his compulsory examination pursuant to Florida Rule of Civil Procedure 1.360, and the Court being fully advised in the premises and having received argument of counsel, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Objections to Defendant's Amended Notice of Vocational Rehabilitation Assessment are and the same shall hereby be overruled.

1

04/08/2008  13:13   8132654226        CAREER CONSULTANTS             PAGE  13/16
APR-03-2008  12:37      BUTLER PAPPAS LAW FIRM                                 P.02

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

CHARLES RANDOLPH, an individual,
and DEANNA RANDOLPH, his wife,

      Plaintiffs,

vs.                  CASE NO.: 06-CA-9882
                      DIV.: 40

ROLLING FRITO-LAY SALES, LP, a
foreign limited partnership, FRITO-
LAY, INC., a foreign corporation, and
STEPHEN BATES, an individual,

      Defendants,

## ORDER ON PLAINTIFF'S PARTIAL OBJECTION TO DEFENDANT'S REQUEST FOR INDEPENDENT MEDICAL EXAMINATION PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE 1.360/MOTION FOR PROTECTIVE ORDER

THIS CAUSE having come up for consideration by the Court, on the

Plaintiffs' Partial Objection to Defendant's Request for Independent Medical

Examination Pursuant to Florida Rule of Civil Procedure 1.360/Motion for

Protective Order, and the Court having heard argument from counsel, and/or the

Court having been advised of the an agreement between counsel, and otherwise

being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1.      The Plaintiff's Objection/Motion is GRANTED as it pertains to the

depiction of the examination as "Independent". Henceforth, the subject

examination will be referred to as a "compulsory" examination."

2.     The Plaintiff's Objection/Motion is GRANTED as it pertains to the depiction of the examination as a "medical" examination.  Since the examiner, Dr. Shahnasarian, is not a medical doctor, the subject examination shall be referred to as a "vocational rehabilitation evaluation".

3.     The Plaintiff's Objection/Motion is OVERRULED/DENIED as it pertains to the administration of the Beck Depression Inventory (Beck) and Minnesota Multiphasic Personality Inventory (MMPI) tests.  Dr. Shahnassarian shall be permitted to administer each of those tests to the Plaintiff as part of his vocational evaluation.

4.     The Plaintiff's Objection/Motion is GRANTED as it pertains to having a videographer present videotaping the entire examination.  Dr. Shahnassarian shall permit the entire examination to be videotaped from beginning to end.  The video camera shall be placed in a stationary position such that Dr. Shahnassarian and the Plaintiff can be seen in the same frame and heard by microphone.  The video camera shall remain stationary, and the videographer shall move to an out-of-the-way position, and out of the testing room altogether, if possible; unless Dr. Shahnassarian or the Plaintiff change position so that they are out of the video frame.  In such case, the videographer shall be allowed to approach the camera and adjust it so that Dr. Shahnassarian and the Plaintiff are in frame.

5.     The Plaintiff's Objection/Motion is GRANTED as it pertains to Dr. Shahnassarian questioning the Plaintiff regarding liability or fault in this case.  Dr.

Shahnassarian shall be prohibited from questioning the Plaintiff regarding any issues of liability or fault.

6.     The Plaintiff's Objection/Motion is GRANTED as it pertains to Shahnassarian producing a copy of his final report, as well as all raw testing data. Following the evaluation, Dr. Shahnassarian shall produce within thirty (30) days of his evaluation a copy of his final report, as well as copies of all raw testing data, including, but not limited to: testing score sheets, testing booklets, the tests administered, answer sheets, testing notations, notations made by Dr. Shahnassarian during the scoring of the tests, and the like.

DONE AND ENTERED in Chambers this _____ day of April 2008.


_____
Honorable John H. Adams
Circuit Court Judge


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail this _____ day of April 2008, to the following:

Ryan Hilton, Esquire, Butler, Pappas, et al., LLP, 777 South Harbour Island

Blvd., Suite 500, Tampa, Florida  33602, and Kim Michael Cullen, Esquire, 800

N. Magnolia Ave., Suite 1301, Orlando, FL  32803.

Judicial Assistant

04/08/2008  14:59   8132654226          CAREER CONSULTANTS                    PAGE  57/60

2430

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM BEACH
COUNTY, FLORIDA

MICHAEL WILLIAMS,
PLAINTIFF

)

Case No.: 2003 CA 005907 AH

v.

)

FLORIDA PNEUMATIC MANUF
CO, ET AL,

)

DEFENDANTS

)

)

ORDER

GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO
APPEAR FOR AN EXAMINATION BY A VOCATIONAL EXPERT

THIS CAUSE having come on to be heard on (Defendant's) Plaintiff's

5/24/07

Motion TO COMPEL PLAINTIFF TO APPEAR FOR AN EXAMINATION BY A
VOCATIONAL EXPERT

and the Court having heard argument of counsel, and being otherwise advised

in the Premises, It is hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

GRANTED. DR SHAHNASARIAN SHALL CONDUCT A FULL
EXAMINATION OF THE PLAINTIFF. DR SHAHNASARIAN IS NOT
LIMITED IN HIS EXAMINATION OF THE PLAINTIFF. THE PLAINTIFF
MAY BRING PAPERWORK TO THE EXAMINATION TO ASSIST THE
PLAINTIFF.

DONE AND ORDERED in Chambers, at

this ___31___ day of _MAY_____, 2007

_____
Circuit Judge

Copies furnished:

SARAH SHELTON, ESQ.
MICHAEL DAVIS, ESQ.
HARLAN GLADSTEIN, ESQ.

04/08/2008   14:55   8132659226          CAREER CONSULTANTS                    PAGE   45/58

3000.204          IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
                         IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
                                CASE NO:  04 CA 4403  DIVISION I

JEANIE MILLER f/k/a
JEANIE HANCOCK,

        Plaintiff,

vs.

WILLIAM COURTNEY a/k/a BOBBY GOURTNEY,
STAR DAIRY, WESTRA CONSTRUCTION CORPORATION,
ELITE FENCE, INC. and TAMPA BAY WATER,

        Defendants.
_____/


                      ORDER ON PLAINTIFF'S RESPONSES TO
            DEFENDANTS REQUEST FOR COMPULSORY EXAMINATIONS OF
                   DR. FRANK KRIZ AND DR. MICHAEL SHANASARIAN

        The court having heard arguments of counsel and hereby being further apprised in the

premises, hereby order the following:

        1.      The examinations of the Plaintiff by Dr. Kriz and Dr. Shanasarian shall go forward

                as noticed by Defendants, TAMPA BAY WATER, WESTRA CONSTRUCTION

                AND ELITE FENCE, INC.

        2.      With respect to the orthopedic examination by Dr. Kriz:

                A.      Dr. Kriz shall not inquire of the plaintiff into the facts relating to fault or

                        liability for the accident of 1/21/02 but shall be allowed to elicit an oral

                        and/or written history of the plaintiff related to the plaintiff's past and present

                        physical conditions and prior accidents and injuries as they relate to the

                        plaintiff's claims of orthopedic injury.  Should the plaintiff seek to claim any

                        orthopedic injury to any other area of her body, Dr. Kriz will be afforded and

opportunity to conduct a further orthopedic examination related to any other claimed area of injury.

B.   Dr. Kriz shall not examine the plaintiff with regard to any allegations of the temporal mandibular joint disorder.

C.   A court reporter and/or videographer shall be allowed to videotape and/or transcribe the compulsory examination by Dr. Kriz.

D.   Should the plaintiff further desire to consult with her attorney during the course of the examination by Dr. Kriz, she may very briefly telephone her attorney to seek legal advice but shall not unduly delay the examination by such call or calls.

3.   With respect to the compulsory medical examination by Dr. Shanasarian, the court orders as follows:

A.   The examination shall go forward on the date requested by Defendants, TAMPA BAY WATER, WESTRA CONSTRUCTION, AND ELITE FENCE.

B.   Dr. Shanasarian shall not inquire of the plaintiff any facts related to liability or fault for the accident of 1/21/02 but shall be allowed to obtain oral and/or written history from the plaintiff of past and present medical conditions, physical limitations, work histories and shall be allowed to administer all tests described in the Affidavit of Michael Shanasarian filed by defendants in support of the scope of the examination by Dr. Shanasarian.

C.   A court reporter and/or videographer or shall be allowed to attend the vocational rehabilitation examination conducted by Dr. Shanasarian but

during the portion of the examination which is comprised of self-administered tests during which the plaintiff sits alone in a room, no other person shall be present, although the plaintiff may allow a fixed videotape camera to run filming the plaintiff taking these self-administered examinations.

D.    Should the plaintiff feel the need to seek legal advice during the course of the vocational rehabilitation examination by Dr. Michael Shanasarian, the plaintiff may make a brief telephone call or calls to her counsel but shall not unduly delay the administration of the examination.

DONE AND ORDERED in Chambers, Hillsborough County, Tampa , Florida on this the _____ day of _____, 2006.

_____
CIRCUIT COURT JUDGE

Copies furnished to:
Larry K. Keys
Douglas D. Underwood
Rick Dalan