**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


IN RE: 3M COMBAT ARMS EARPLUG    )    Case No. 3:19md2885
PRODUCTS LIABILITY LITIGATION,  )
                                  )    Pensacola, Florida
                                    )    July 29, 2020
                                    )    10:05 a.m.
                                    )
                                    )
_____)


**FOURTEENTH CASE MANAGEMENT CONFERENCE**


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE
and
THE HONORABLE GARY R. JONES
UNITED STATES MAGISTRATE JUDGE
(Pages 1-16)

**A P P E A R A N C E S**

**JUDGE DAVID R. HERNDON** (ret.)

FOR THE PLAINTIFFS:     **BRYAN F. AYLSTOCK, ESQUIRE**
                        **JENNIFER HOEKSTRA, ESQUIRE**
                        Aylstock, Witkin, Kreis & Overholtz
                        17 E Main Street, Suite 200
                        Pensacola, Florida  32502

                        **BRIAN H. BARR, ESQUIRE**
                        Levin Papantonio
                        316 S Baylen Street, Suite 600
                        Pensacola, Florida  32502

                        **SHELLEY HUTSON, ESQUIRE**
                        Clark Love & Hutson, GP
                        440 Louisiana Street, Suite 1600
                        Houston, Texas  77002

                        **CHRISTOPHER A. SEEGER, ESQUIRE**
                        **DAVID R. BUCHANAN, ESQUIRE**
                        Seeger Weiss, LLP
                        55 Challenger Road, 6th Floor
                        Ridgefield Park, New Jersey  07660

FOR THE DEFENDANTS:     **ROBERT C. BROCK, ESQUIRE**
                        Kirkland & Ellis, LLP
                        1301 Pennsylvania Avenue NW
                        Washington, D.C.  20004

**MICHELLE SIX, ESQUIRE**              **KIMBERLY BRANSCOME, ESQUIRE**
Kirkland & Ellis, LLP                  Dechert, LLP
601 Lexington Avenue                   633 W 5th Street, Suite 4900
New York, New York 10022               Los Angeles, California  90071

**MARK J. NOMELLINI, ESQUIRE**         **LARRY HILL, ESQUIRE**
**KARL B. GUNDERSON, ESQUIRE**         Moore, Hill & Westmoreland, PA
Kirkland & Ellis, LLP                  350 W Cedar Street, Suite 100
300 N Lasalle                          Pensacola, Florida  32502
Chicago, Illinois  60654

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | **THE COURT:**  Good morning.  Welcome. |
| 3 | We are here for the Fourteenth Case Management |
| 4 | Conference in the 3M Combat Arms Earplug Multidistrict |
| 5 | Liability Litigation, that is MDL 2885. |
| 6 | I have a number of participants appearing by video.  I |
| 7 | also have attorneys here in the courtroom.  I'll start with |
| 8 | them.  For the Plaintiffs, I have Mr. Aylstock, Ms. Hutson, Mr. |
| 9 | Barr, Mr. Overholtz are all here. |
| 10 | Is that Ms. Hoekstra?  I'm sorry, Ms. Hoekstra.  I |
| 11 | couldn't see you.  Your head was down. |
| 12 | And for 3M, Mr. Hill is present. |
| 13 | By video, I have Judge Jones in Gainesville.  I have |
| 14 | Judge Herndon.  And then I'm seeing for 3M -- I'm sorry if I |
| 15 | can't see you fully, but I think I see Mr. Nomellini.  I see |
| 16 | Ms. Six.  I feel like Romper Room. |
| 17 | How about we do it this way.  From the video bridge, |
| 18 | let me just ask those appearing for 3M if you could state your |
| 19 | name, please.  I'll start with Mr. Nomellini. |
| 20 | **MR. NOMELLINI:**  Good morning, Your Honor.  Mark |
| 21 | Nomellini for 3M. |
| 22 | **MS. BRANSCOME:**  Good morning, Your Honor.  Kim |
| 23 | Branscome for the 3M. |
| 24 | **THE COURT:**  There's Kim. |
| 25 | Ms. Six, I see you. |

1    **MS. SIX:**  Good morning, Your Honor.

2    **THE COURT:**  And Mr. Gunderson, I see you.

3    **MR. GUNDERSON:**  Good morning, Your Honor.

4    **THE COURT:**  Good morning.

5    Now, I see Ms. Reisman, I believe, who is not with 3M.

6    She is our settlement special master.

7    Is that you, Ellen?

8    **MS. REISMAN:**  Yes.  Good morning, Your Honor.

9    **THE COURT:**  Good morning.

10   Let me ask, by telephone, do we have Mr. Brock?

11   **MR. BROCK:**  Good morning.  I had hoped to have it

12   worked out for video by the time we get to science day, but

13   thank you, yes, I'm here.

14   **THE COURT:**  All right.  I'm going -- well, I'll ask

15   one more question.  Mr. Wasdin, is he by telephone?

16   **MR. BROCK:**  I think Mr. Wasdin is not on at the

17   present time.

18   **THE COURT:**  All right.  Mr. Fields, is he by

19   telephone?

20   *[No response.]*

21   Okay.  No, I'm not going to ask everyone on the

22   telephone to identify themselves, because I believe we have

23   dozens of people appearing by telephone, so I'm not going to do

24   that.

25   I'm going to turn to the Plaintiffs now.  On the video

1    I see Mr. Seeger and I see Mr. Buchanan.

2              **MR. BUCHANAN:**  Good morning, Your Honor.

3              **MR. SEEGER:**  Good morning, Your Honor.

4              **THE COURT:**  Good morning.

5              All right.  The parties submitted their joint agenda

6    for our purposes this morning.  In the preconference leadership

7    meeting, we touched on several items.

8              I will tell you that this CMC should not take very

9    long for me to highlight --

10             And if you're on the phone or the video, would you

11   please mute your audio unless you're speaking.

12             I do want to mention one other thing just in

13   anticipation of science day later today.  I'll say it now and

14   then I'll repeat it at science day before I get into the

15   agenda, and that is that there will be no recording of any

16   aspect of science day by anyone, certainly not here in the

17   courtroom and also not by anyone remotely.  It is strictly

18   prohibited.  And so that's my expectation that there will be no

19   recording by anyone anywhere of any aspect, whether it be by

20   audio or video, still camera, nothing recording any aspect of

21   science day.

22             While the agenda has a number of items in it, as I

23   said, I think we'll be able to move through the CMC fairly

24   quickly.  The parties are deep in discovery in the

25   bellwether -- the first group A pool and lots going on on the

1    ground in terms of discovery in those cases.

2         The plaintiffs' depositions for those cases will be

3    completed this week.  Today, actually, I believe there's a

4    deposition of Ms. Estes in California.  She is a party with a

5    loss of consortium claim, and her depo is today.  And then

6    there are depos tomorrow and Friday as well, I believe.

7         So, the Plaintiffs -- as you know, the bellwether

8    depos are being completed this week consistent with the Court's

9    scheduling order and the deadline set for those depositions,

10   which is the 31st of July.

11        I have spoken with the parties about other fact

12   witnesses and the need to get those depositions scheduled as

13   soon as possible.  The deadline for fact discovery is October

14   9th.  And with the number of cases involved in group A and with

15   a number of those deponents being treating physicians and/or

16   audiologists with busy practices, it's certainly important to

17   get those scheduled sooner rather than later.

18        Towards that end, I have asked the Defendants to

19   submit a list of anticipated deponents to Judge Herndon by

20   August 7th, and they are going to do that in an ex parte

21   fashion.  And then Judge Herndon will work with the parties to

22   get deposition dates on the book for those individuals.

23        Also, I've asked that any *Touhy* depositions of current

24   government employees that the Defendants expect to take, that

25   those notices be provided to the government by also August 7th,

1    next Friday.  And I've asked the parties to go ahead and agree

2    to dates amongst themselves and then in the hopes that those

3    dates that the parties agree to will work for the government.

4         In terms of document production, the parties have

5    agreed for the depositions tomorrow and Friday to produce --

6    the Plaintiffs have agreed to produce some records that need to

7    be produced by one p.m. today and tomorrow for Mr. Keefer and

8    Mr. Hacker.

9         The parties understand what their obligations are in

10   that regard, but that did bring up an issue regarding

11   productions in the group B bellwether pool.  And what I've

12   asked the parties to do is to meet and confer and hopefully to

13   come up with a mutually agreeable time frame for the production

14   of the records in advance of those plaintiffs' depositions and

15   well before the day prior to the deposition, but not

16   necessarily in the next week or two.  So they're going to work

17   on that.

18        That deadline for completion of those plaintiff

19   depositions is September 17th, I believe.  And that is based on

20   a recently produced proposed schedule for discovery in group B,

21   C, and D, which I plan to adopt.  I've discussed that with

22   leadership this morning.  Their timeframes are acceptable to

23   me, so I'll be incorporating that into an order.  And I

24   appreciate the parties' efforts to lay out that roadmap for

25   those additional bellwether pools.

1      I would like to and will ask and will enter this into

2  an order, actually, that the individual counsel representing

3  the plaintiffs in the specific individual bellwether cases,

4  that those attorneys attend the next case management conference

5  in August.  It's August 28th.  So I'll be asking them to be

6  present.  Because, obviously, much of what's happening on the

7  ground in terms of the discovery in the bellwether cases

8  involves obligations of those respective attorneys.

9      I was going to turn to Mr. Aylstock and then Ms.

10  Branscome or Mr. Brock to see if you feel there's a highlight

11  that I've overlooked as far as bellwether plaintiff discovery.

12  But before I do that, can I ask -- I'm going to go off script

13  here a little bit -- is Rick Paul or Benjamin Hulse, are either

14  of them present on the telephone?

15      **MR. HULSE:**  Yes, Your Honor, this is Ben Hulse, I'm

16  here.

17      **THE COURT:**  Okay, good.  Good morning.

18      Is Mr. Paul present?

19      *[No response.]*

20      All right.  Well, Mr. Hulse, I appreciate you being

21  present.  And just be thinking about it.  I can get back with

22  you before we adjourn.  But if there's something you feel needs

23  to be identified or brought to my attention in terms of the

24  *Graves* litigation, I'll ask you to let me know that.

25      Judge Fraser was going to be present with us today,

1    but apparently he had a conflict and was not able to be

2    present.

3            All right, Mr. Aylstock, anything that you think I

4    need to mention?

5            **MR. AYLSTOCK:**  Not with regard to the bellwether

6    discovery update, Your Honor.

7            **THE COURT:**  All right.  Ms. Branscome or Mr. Brock,

8    anything that needs to be mentioned with regards to the

9    bellwether discovery?

10           **MS. BRANSCOME:**  Just one thing, Your Honor.  To the

11   extent that the Plaintiffs are -- *(inaudible)* -- bellwether

12   depositions, we just want to seek their -- *(inaudible)* -- they

13   also submit to the -- *(inaudible)* -- deadline.

14           **THE COURT:**  I apologize.  You sound like you're 20

15   feet under water for some reason and I'm not able to make out

16   what you're saying.  Can we try one more time?  And I may sound

17   that same way to you.  If so, I apologize.

18           **MS. BRANSCOME:**  I'm getting feedback.  To the extent

19   the Plaintiffs are also seeking depositions in the bellwether

20   cases --

21           **THE COURT:**  Okay, I know where you're headed, I think.

22           **MS. BRANSCOME:**  Thank you.

23           **THE COURT:**  And that's a good point.  We didn't

24   discuss this earlier.  But, to the extent the Plaintiffs are

25   seeking depositions as part of the group A bellwether

1    discovery, then I'd ask by next Friday you do the same with

2    regards to Judge Herndon, Mr. Aylstock.

3              **MR. AYLSTOCK:**  Yes, Your Honor.

4              **THE COURT:**  Okay.  Thank you.

5              The Plaintiffs have sought another 30(b)(6) corporate

6    deposition.  The deadline for those depositions of 3M witnesses

7    as well as military/government witnesses is September 1st.  So

8    the Plaintiffs have identified to Defendants a request and

9    they've actually submitted a notice now for another 30(b)(6)

10   deposition related to a number of different topics.

11             Apparently the -- I haven't seen the notice, but it's

12   been characterized as a lengthy notice.  And so I have asked

13   the Defendants to submit any objections that they have to the

14   notice by August 7th.

15             And then, to the extent it's not worked out after a

16   short meet-and-confer, then the Defendants should file a Motion

17   for Protective Order by the 12th, and Plaintiffs response would

18   be due on the 14th.  And Judge Jones or I, one, would seek to

19   -- most likely Judge Jones -- would seek to resolve the issue

20   the following week so that the deposition could take place.

21             Also, we talked about this at the last -- I believe it

22   was at the last CMC, it might have been a leadership call, but

23   I want to say it was the last CMC -- additional custodians

24   related to TJR Mexico and now -- Mr. Overholtz discussed this

25   this morning -- also a couple of custodians from the

1    Indianapolis facility.  There are seven custodians, and there's

2    a dispute as to some of those custodians.

3            And so, today the Plaintiffs are prepared to submit a

4    letter brief to Judge Jones on this issue followed by a letter

5    brief response from the Defendants by Friday, and then Judge

6    Jones will endeavor to resolve the issue within the next week

7    or so.

8            Is that fair, Judge Jones?  I don't want to --

9            **JUDGE JONES:**  Yes.  And just for the parties'

10   information, I plan on scheduling the telephone hearing for

11   Tuesday the 4th at one o'clock.

12           **THE COURT:**  Okay, good.  Thank you.

13           And then there was a topic in the agenda, specifically

14   2C, regarding a net worth stipulation for the Defendant.  And

15   I've told 3M I'm not going to require them to stipulate to

16   anything, and certainly not this.

17           However, both sides seem to be on the same page

18   regarding the fact that this information is publicly available.

19   There may be a dispute about the interpretation of the publicly

20   available information in terms of arriving at that figure.  But

21   because the parties are under a timeline for corporate

22   discovery -- that deadline, as I mentioned a minute ago, is

23   September 1st -- what I have asked the parties to do is, by the

24   next CMC, August 28th, I'm asking -- and I'm going to give you

25   more specific deadlines to frame this better right now.  But by

1   August 12th, I would like the Plaintiffs to identify the

2   methodology that you are using and would use to estimate the

3   net worth based on the publicly available records.

4          And then Defendants 3M, by the 26th of August, I would

5   like your objections to that methodology or basis that the

6   Plaintiffs have come up with.  And if need be, we'll discuss it

7   -- it will be on the agenda for the next CMC.

8          Any questions about that?

9          **MR. AYLSTOCK:**  No, Your Honor.

10         **THE COURT:**  And again -- I know I've said this before

11  here on the record and in the courtroom about how really proud

12  I am -- although I've had nothing to do with it -- with how

13  well the TAR protocol has gone in this case and the TAR

14  process.  And I give the credit to Ms. Six and Mr. Buchanan and

15  those working with them.  The TAR training and review is going

16  very well and, again, it's to the credit of those lawyers.

17         The census update, which I'll try to remember to give

18  you all, as of this morning the numbers at MDL Centrality are

19  202,426 cases or plaintiffs -- but I consider them cases

20  because I require single-plaintiff cases.

21         Of that number, 182,546 have been referred to the

22  Court for filing on the administrative docket.  And of that

23  number, 174,690 have actually been filed on the docket.  There

24  is a delay because of just the time it takes -- even with

25  technology as advanced as it is, there's still only so much we

 1   can do in terms of our resources and our equipment to get those

 2   cases filed and uploaded into our system.  So that's where we

 3   stand on the census.

 4         We will discuss in more detail the group B, C, and D

 5   discovery or, actually, scheduling at our next CMC.  I will go

 6   ahead, as I mentioned just a moment ago, though, and adopt the

 7   deadlines that the parties have proposed, but we may need to

 8   drill down a little more at the next CMC.

 9         Also, by the time of the next CMC -- I believe my

10   prior case management order, the last one, addressed the choice

11   of law committee and issues.  I did not hear from either side

12   as to the lawyers who will be handling the choice of law

13   issues.

14         Mr. Aylstock, did you all decide?  Is it Mr. Sacchet

15   or --

16         **MR. AYLSTOCK:**  Yeah, he's heading that up, Your Honor.

17   And he has a team working under him, and they're well advanced

18   in looking at those issues.

19         **THE COURT:**  All right.

20         And, Ms. Branscome and Mr. Brock, for you all, is that

21   for Mr. Wasdin or -- he may have his hands full here in the

22   next few hours or so.  Mr. Wasdin's wife is expected to deliver

23   a baby very soon.

24         Have you all identified who will be working on that

25   choice of law committee?

```
 1              MR. NOMELLINI:  Also Barry Fields.

 2              THE COURT:  Oh, okay.  So, is it Mr. Wasdin, to the

 3    extent he's able to, and then Mr. Fields, is that what I'm

 4    hearing?

 5              MR. NOMELLINI:  Correct.

 6              THE COURT:  All right.  Well, consistent with Case

 7    Management Order No. 13, there should be briefing submitted

 8    before the August 28th case management conference.  And when I

 9    say briefing, you were going to have a chart that would contain

10    each party's position on any known choice of law issues for

11    group A.

12              We are going to begin our second science day

13    presentations at noon.  You should have time for a quick brunch

14    before then.  Anyone have anything else that we need to discuss

15    as part of this CMC?

16              Mr. Aylstock?

17              MR. AYLSTOCK:  Nothing from the Plaintiffs, Your

18    Honor.

19              THE COURT:  Mr. Hill, I didn't mean to ignore you.

20    Anything?

21              MR. HILL:  No, Your Honor, we have nothing.  Thank

22    you.

23              THE COURT:  Anyone else on the video, phone?

24              [No response.]

25              All right.  I understand that there's been a request
```

```
1    for additional personnel to listen to the science day
2    proceedings or actually to observe them through the video
3    bridge.  I don't know if I can accommodate that or not.  I'm
4    checking with our IT folks about that, given the sort of
5    lateness of the hour here.  But we'll see what we can do.
6              MR. AYLSTOCK:  Thank you, Judge.
7              THE COURT:  I'm sorry, Mr. Burns?
8              MR. BURNS:  Mr. Paul is on the phone now.  He was
9    unable to get in a few minutes ago, but just wanted to let you
10   know.
11             THE COURT:  Thank you for reminding me.
12             Mr. Paul, you're on the call now?  You're on the
13   phone?
14             MR. PAUL:  I am, Your Honor, yes.
15             THE COURT:  Okay.  Well, I spoke with Mr. Hulse just a
16   moment ago and was going to inquire of you as well, as our
17   state court liaison, if there's anything you feel we need to
18   address in regards to the Minnesota litigation today?
19             MR. PAUL:  No, I don't think there's anything ripe for
20   today, Your Honor.
21             THE COURT:  All right.  Well, thank you.  I just
22   wanted to give you the opportunity if there was.
23             MR. PAUL:  Your Honor, I guess the only issue was --
24   and maybe this was the request you were mentioning or referring
25   to, but I would like to observe the science day.  I don't have
```

1    information to do that, so I don't know if it's possible to be

2    added to the list, but I would like to be.

3            **THE COURT:**  Well, I've just said to Mr. Aylstock that

4    I'm going to see what I can do about that, but I don't know.  I

5    can't tell you whether the IT folks can get that set up.  I

6    don't know how simple or complicated it is.  If it can be

7    worked out and handled, it will be.  If not, I'd just suggest

8    next time more notice.

9            We'll be in recess until the science day presentations

10    at noon.

11            *(Proceedings concluded at 10:30 a.m.)*

12            --------------------

13    *I certify that the foregoing is a correct transcript from the*
      *record of proceedings in the above-entitled matter.  Any*
14    *redaction of personal data identifiers pursuant to the Judicial*
      *Conference Policy on Privacy are noted within the transcript.*
15

16

      *s/Donna L. Boland*                          *8-3-2020*
17    *Donna L. Boland, RPR, FCRR*                  *Date*
      *Official Court Reporter*
18

19

20

21

22

23

24

25