UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court
By Donna Bazzili
Deputy Clerk

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                    MDL No. 2885

### TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Evans*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of Florida for inclusion in MDL No. 2885. Defendants 3M Company and Aearo Technologies, LLC, oppose the motion to vacate.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2885, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2885 arise out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Plaintiffs in the MDL No. 2885 actions also allege that defendant Aero falsified test results for the earplugs and used modified fitting instructions that provided more protection to users, but that those instructions were not disclosed to plaintiffs. Like plaintiffs in the MDL No. 2885 actions, the *Evans* plaintiff alleges that (1) the flanges on Combat Arms earplugs fold back when used as instructed, loosening the seal in the ear canal of the user; (2) the testing of the earplugs revealed a proper method of insertion that was not communicated to users; (3) defendants falsely reported the performance rating of the earplugs; and (4) consequently, plaintiff suffers from hearing loss and tinnitus. The action thus squarely falls within the ambit of MDL No. 2885.

Plaintiff argues that his action is unique because he brings solely Missouri state law claims and includes claims against John Doe independent contractor defendants. But the Panel repeatedly has held that "Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core." *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385-86 (J.P.M.L. 2014). Plaintiff's claims against 3M and Aero overlap considerably with the MDL No. 2885 claims, as will discovery in *Evans* and the MDL.

Plaintiff also argues that transfer will cause him inconvenience and delay. While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See In re IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

-2-

Finally, plaintiff argues that removal of his action was improper, and the transferor court should be permitted to rule on his motion to stay and conduct jurisdictional discovery to establish that the transferor court is without subject matter jurisdiction. But the Panel consistently has held that jurisdictional issues generally do not present an impediment to transfer. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION**                                  MDL No. 2885

## SCHEDULE A

<u>Western District of Missouri</u>

EVANS v. 3M COMPANY, ET AL., C.A. No. 6:20-03085