UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Document Relates to All Cases ) | Magistrate Judge Gary R. Jones |

**DEFENDANTS' MOTION TO COMPEL
AGAINST THE CENTERS FOR DISEASE CONTROL**

Defendants respectfully move that the Court compel the Centers for Disease Control to make current employee Dr. William Murphy available for deposition.

## BACKGROUND

Dr. Murphy is a research physicist at the National Institute for Occupational Safety and Health (NIOSH), a federal agency within the Centers for Disease Control (CDC), which in turn is housed within the Department of Health and Human Services (DHHS). DHHS, like most federal agencies, has enacted a set of "*Touhy*" regulations—named after the Supreme Court case that gave rise to them, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)—that govern the Department's responses to third-party discovery requests in civil litigation. *See* 45 C.F.R. §§ 2.1-2.4

Dr. Murphy has spent his career at NIOSH researching hearing loss prevention. Documents produced early in the litigation revealed that Dr. Murphy

had conducted testing on the CAEv2 as early as October 2001 and as late as December 2014, and had communicated some of his findings to Dr. Doug Ohlin and representatives from Aearo. (Ex. A at 4.) On January 9, 2020, Defendants made a *Touhy* request to depose Dr. Murphy about his testing and any communications with Dr. Ohlin or others in the military regarding that testing. (*Id*.)

More than six months later, on July 23, 2020, CDC Director Robert Redfield denied by letter Defendants' request to depose Dr. Murphy. (Ex. B.) Director Redfield stated he had "determined that Dr. William Murphy's providing a declaration in lieu of an interview and deposition, in addition to certain records, is appropriate and in the best interests of NIOSH." (*Id*. at 2.) The letter explained that "disclosing the requested information in this manner is less burdensome on the Institute, more time efficient, and will avoid significant interruption of Dr. Murphy's official duties as a federal government employee." (*Id*.)

Defendants received Dr. Murphy's declaration one week later, on July 30, 2020. (Ex. C.) The substance of the declaration is limited to a three-page discussion of two studies published by Dr. Murphy that involved testing of the CAEv2, both of which were attached to the declaration as exhibits. (*Id*. at 3-6.) Dr. Murphy's declaration states that "I have not been authorized to address any testing I conducted that was not published." (*Id*. at 3.)

# ARGUMENT

The CDC's denial of Defendants' request to depose Dr. Murphy is arbitrary and capricious. There is no question that Dr. Murphy has knowledge relevant to plaintiffs' allegation that the CAEv2 is defective. His declaration confirms that he has tested the CAEv2, recorded the attenuation it provided, and written up his findings in formal published studies.

The declaration is not an adequate substitute for a deposition. For one, the CDC arbitrarily forbid Dr. Murphy from discussing any unpublished testing of the CAEv2. Consequently, the declaration does not contain any substantive discussion of the October 2001 testing that Dr. Murphy performed on the CAEv2, the results of which he forwarded to Dr. Ohlin and Elliott Berger. (*See* Ex. D.) Director Redfield's letter does not explain why the restriction of Dr. Murphy's testimony to published studies is appropriate. Dr. Murphy's unpublished findings regarding the CAEv2 are no less relevant to Plaintiffs' allegation that the CAEv2 provided insufficient attenuation than are his published findings. The Court should therefore permit Defendants to depose Dr. Murphy regarding *all* testing he has conducted on the CAEv2.

Second, even putting aside Dr. Murphy's unpublished testing of the CAEv2, Defendants should have the opportunity to ask Dr. Murphy detailed follow-up questions about his published studies. Dr. Murphy attached both studies as exhibits

to his declaration, and much of the declaration simply recites the data presented in those exhibits. The declaration does not answer important questions, such as: Why were the studies conducted? What did the military want to know? Who had the idea for the studies? Why did Dr. Murphy conduct impulse testing rather than another type of test? What are the advantages of this type of study? What are its limitations?

It is impossible for Defendants to capture what Dr. Murphy learned through his testing of the CAEv2 without the ability to ask follow-up questions like these in a live deposition. *See Cavanaugh v. Wainstein*, Case No. 05-123, 2007 WL 1601723, at *10 (D.D.C. June 4, 2007) (holding that the government's decision to provide a declaration in lieu of a deposition was arbitrary and capricious because "[a] declaration is simply not an adequate substitute for live testimony") (internal quotation marks omitted). The CDC cannot avoid its obligation to make a witness with relevant knowledge available for deposition by providing Defendants a short declaration with an arbitrarily constricted scope. *See United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.").

The CDC has not made any showing that a deposition would be unduly burdensome. Director Redfield's letter makes the conclusory assertion that a deposition would cause "significant interruption of Dr. Murphy's official duties as a federal government employee," but provides no support for that claim. (Ex. B at 2.)

4

There is no reason to think that a remote deposition of Dr. Murphy would significantly interfere with his work, especially given that he and DHHS attorneys have already reviewed the relevant documents. The letter also refers to the "ever-present demands" placed on DHHS by the COVID-19 pandemic, but the letter does not state that Dr. Murphy or the attorneys that handled Defendants' *Touhy* request are engaged in work related to the pandemic. (*Id.*) It would not be an undue burden for Dr. Murphy, who appears to be the government researcher most familiar with the CAEv2, to lose a few hours of work to be deposed in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court compel the CDC to make Dr. William Murphy available for deposition.

Dated: August 12, 2020               Respectfully submitted,

*/s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this brief complies with the word limit of Local Rule 7.1(F), and contained 980 words, excluding the parts exempted by the Rule.

Dated: August 12, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

I HEREBY CERTIFY that on August 6, 2020, Cole Carter, counsel for Defendants, emailed L. Michael Rafky, counsel for the Department of Health and Human Services, to confirm that the CDC's decision on the *Touhy* request was final and that a motion to compel would be necessary to obtain Dr. Murphy's deposition.  Mr. Rafky responded on August 7, 2020 that the CDC has no reason to reconsider its decision at this time.

Dated: August 12, 2020

                                          */s/Robert C. Brock*
                                          Robert C. "Mike" Brock

# **CERTIFICATE OF SERVICE**

I, Robert C. Brock, hereby certify that on August 12, 2020, I caused a copy of Defendants' Motion to Compel Against the Centers for Disease Control to be submitted via email to Tevenia Jacobs, law clerk to Judge Rodgers. Jacqui Snead of the Department of Justice and L. Michael Rafky in the HHS Office of the General Counsel were copied on that email.

On August 12, 2020, I caused a paper copy of the foregoing to be sent via certified mail to the following addresses:

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530
>
> Civil Process Clerk
> U.S. Attorney for the Northern District of Florida
> 21 East Garden Street, Suite 400
> Pensacola, FL 32502
>
> Office of the General Counsel
> Department of Health & Human Services
> 200 Independence Ave., S.W., Room 713-F
> Washington, D.C. 20201

Dated: August 12, 2020

/s/Robert C. Brock
Robert C. "Mike" Brock