# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: | Judge M. Casey Rodgers |
| ALL Cases | Magistrate Judge Gary R. Jones |
| | **[FILED UNDER SEAL]** |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S JULY 17, 2020 ORDER (Dkt. No. 1258)

Plaintiffs respectfully submit this memorandum in opposition to Defendants' July 31, 2020 *Motion for Clarification or Reconsideration of the Court's July 17th Order*[1] ("Defendants' Motion for Reconsideration").

## INTRODUCTION

There exists no new evidence nor new law that necessitates the Court to reconsider, clarify or amend its July 17, 2020 Order (Dkt. No. 1258). Defendants' Motion for Reconsideration[2] should be denied.

Since at least May 15, 2020, Defendants have been aware that Plaintiff Vernon "Curtis" Rowe ("Plaintiff Rowe" or "Mr. Rowe") intended to potentially use expert

---

[1] Dkt. No. 1258.

[2] Defendants are asking the Court, through their Motion for Reconsideration, for the Court to entertain and relitigate this issue for the fifth time. It should not be entertained.

evidence to support his loss of earnings capacity claim(s). *See* Exhibit A, Plaintiff Rowe's May 15, 2020 Supplemental Responses to Defendants' Interrogatories at Interrog. No. 55-56 (Plaintiff Rowe responding in part to Interrog. No. 55 that "the amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs…"); *see also* Exhibit B, Plaintiff Rowe's June 1, 2020 Supplemental Responses to Defendants' Interrogatories at Interrog. No. 55-56;[3] *see also* Exhibit C, Plaintiff Rowe's July 3, 2020 Supplemental Responses to Defendants' Interrogatories at Interrog. No. 55-56;[4] *see also* Exhibit D, Plaintiff Rowe's July 22, 2020 Supplemental Responses to Defendants' Interrogatories at Interrog. No. 55-56.[5] This is not new information.[6]

Yet now, Defendants muddy the water by asking the Court to reconsider its July 17, 2020 Order (Dkt. No. 1258), on the false premise that Plaintiff Rowe has only recently stated an intent to offer expert evidence in support of his lost earning capacity claim(s), which Defendants claim is "new evidence" that the Court did not

---

[3] Plaintiff Rowe again responding in part that "the amount of Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs…"

[4] *Id.*

[5] *Id.*

[6] Defendants continue to attempt to force Plaintiff Rowe's hand into prematurely disclosing Plaintiff's experts. Plaintiff Rowe has consistently answered his Interrogatories that he intends to support any loss of earnings claim(s) with expert evidence. Plaintiff Rowe will designate his expert(s) to this extent and provide a report therewith by October 2, 2020 pursuant to Pretrial Order No. 43; *see* Exhibits A – D.

previously consider. This is untrue because Plaintiff Rowe's interrogatories have remained consistent.

The Court considered briefing submitted by both parties[7] as well as approximately twenty-three (23) examples of Plaintiff Rowe's records (in redacted and unredacted format) selected by Defendants for the Court's *in camera* review.[8] The Court then denied Defendants' Motion to Compel Unredacted Records, concluding that "records pertaining to substance abuse—which are covered under Pretrial Order No. 39 and are a species of mental health records—are not relevant at the discovery stage because, as a general matter, the plaintiffs' lost earning capacity claims are limited to damages of hearing loss caused by their use of the CAEv2." *See* Dkt. No. 1258. This ruling was made irrespective of whether either party intends to offer expert evidence related to any loss of earnings claim(s) or damages. *See* Dkt. No. 1258 at 11.

---

[7] Plaintiff Rowe arguing in part that neither a claim for diminished earning capacity nor lost income is a key to unlock mental health, including substance abuse, information. *See, e.g.*, , No. 2:11-CV-00320-LRH, 2012 WL 28837, at *3 (D. Nev. Jan. 4, 2012) ("caution should be exercised before the Court grants the Defendants discovery of such records on the ground that they are relevant to Plaintiff's economic loss claims"); *see also Thornton v. BNSF Co.*, 2008 WL 4360651, at *2 (D. Or. Sept. 24, 2008) ("The court does not find that plaintiff has put his mental health records at issue by alleging a . . . future lost income claim."); *Singleton*, 2020 WL 375600, at *4 ("[S]omething more than the words 'emotional distress damages' in the complaint is required before a defendant is granted wholesale access to plaintiff's medical records.").

[8] *See* Exhibit E, Defendants' July 14, 2020 email to Judge Jones regarding examples of Plaintiff Rowe's records that Defendants selected for *in camera* review; *see also* Dkt. No. 1258 at 8 ("[T]he undersigned examined in camera a number of the redactions at issue prior to the telephonic hearing.").

There is no new evidence or changed position(s) for the Court to now consider, which were not previously submitted to the Court for review. There is no clear error of fact or law so as to otherwise require the Court to modify or reconsider the Court's July 17, 2020 Order. The Court should deny Defendants' Motion for Reconsideration because: (1) there is no new evidence that makes substance abuse or mental health information now relevant—Plaintiff Rowe has consistently answered Defendants' Interrogatories that "Plaintiff's lost earnings attributable to Plaintiff's injury will be the subject of forthcoming expert proofs;"[9] (2) there has been no intervening change in the law that would alter the Court's ruling(s); and (3) Plaintiffs' sensitive, private, and highly confidential substance abuse and mental health information is not relevant to the matters at issue, and accordingly, Plaintiffs' redactions were made pursuant to the Court's prior Orders and directives in Pretrial Order No. 39.

## FACTUAL BACKGROUND

Plaintiff Rowe was a Staff Sergeant for the U.S. Army who earned various medals and honors—*e.g.*, a Purple Heart, Army Commendation Medal, Army Achievement Medal—through two deployments to Afghanistan and one deployment to Iraq. Plaintiff Rowe—along with more than 100,000 other service members of the United States Armed Forces—alleges that his hearing loss and tinnitus were caused

---

[9] *See e.g.* Exhibits A – D.

by his use of Defendants' Combat Arms Earplug Version 2 ("CAEv2"). Defendants have repeatedly sought unfettered access to the entirety of Plaintiff Rowe's private and highly confidential medical and other records, which contain expansive information into irrelevant matters. Defendants are not only asking this Court to disregard and overturn its most recent July 17, 2020 Order (Dkt. No. 1258) on this very issue, but Defendants are now asking the Court to disregard Pretrial Order No. 39 (Dkt. No. 1154), as well as the Courts' repeated and unequivocal rulings on these sensitive discovery matters. Defendants have not raised any argument to merit the Court to now reverse course and allow discovery into these matters.

Defendants again attempt to take another bite out of the (now severely diminished) proverbial apple and ask the Court—*for the fifth time*—to compel production of Plaintiffs' irrelevant and highly sensitive, private, and confidential substance abuse and mental health information.

Defendants *first* raised the issue through their March 20, 2020 Letter Brief arguing in part that "Defendants are entitled to probe the validity of those [mental anguish and loss of enjoyment of life] claims by examining relevant mental health records." The Court held that Defendants are not entitled to discovery on Plaintiffs' mental health, except to the extent that a Plaintiff contends that she or he suffers from a diagnosed mental health condition causally related to the CAEv2, or to the extent that a Plaintiff intends to offer expert testimony to support a claim of

5

emotional distress causally related to the CAEv2. *See* Dkt. No. 1065 at 5-7, Order on Defendants' Motion to Compel.

Defendants argued the issue for the ***second*** time in their April 22, 2020 Letter Brief, wherein they asserted that "Defendants need access to mental health records to rebut the Bellwether Plaintiffs' claim of mental and emotional damages, which could be attributable to a pre-existing mental health condition"; and moreover, that Defendants cannot determine whether Plaintiffs' claims for mental anguish, distress, and loss of enjoyment of life are "garden variety" without Plaintiffs' mental health records. Again, the Court rejected Defendants' arguments, reiterating that mental health information is protected. *See* Dkt. No. 1108.

Defendants argued this issue for the ***third*** time in their May 27, 2020 Letter Brief alleging that "Defendants are entitled to discover Plaintiffs' VA substance abuse records so Defendants' experts can thoroughly analyze the cause and nature of hearing losses alleged in this case." Thereafter, on June 11, 2020, the Court again denied Defendants' attempts to gain mental health information from Bellwether Plaintiffs as related to Plaintiffs redaction logs. *See* Dkt. No. 1172 at 9. The Court held that no privilege is required for Plaintiffs to redact substance abuse information or mental health conditions or withhold records of the same "[b]ecause the Bellwether Plaintiffs have not placed their mental health in controversy." *Id*. at 9 & n.3 (citing Fed. R. Civ. P. 26(b)(5)).

Defendants argued this issue for the *fourth* time through their July 8, 2020 Motion to Compel Production of Unredacted Records. *See* Dkt. No. 1231. Defendants' general argument was that "Plaintiffs have redacted a variety of records not subject to the psychotherapist-patient privilege..." *Id.* at 2. Specifically, as to Plaintiff Rowe, Defendants' argument focused on waiver and the psychotherapist-patient privilege. *Id.* at 7-13. Defendants argued that all medical records, mental health, and disability records are relevant because they bear on Plaintiff Rowe's damages claim and as Plaintiff Rowe intends to potentially offer expert evidence in support of his claims for lost earning capacity. *Id.* at 18-20. Defendants selected twenty-two examples of Rowe's record redactions for the Court to review *in camera* in both redacted and unredacted formats. *See* Exhibit E, Defendants July 14, 2020 email to Counsel re: "Documents Selected for In Camera Review."

Upon review of the exemplar records submitted for *in camera* review and the arguments of the parties, the Court reiterated its prior holding(s) that the substance abuse and mental health information redacted and withheld from Plaintiff Rowe's records are not relevant at this time. Dkt. No. 1258 at 11. Specifically, the Court concluded that Plaintiffs' "records pertaining to substance abuse—which are

covered under Pretrial Order No. 39[10] and are a species of mental health records[11]—are not relevant…[as] the plaintiffs' lost earning capacity claims are limited to damages of hearing loss caused by their use of the CAEv2." *Id.*

Now, Defendants are taking yet another bite at the proverbial apple, grasping at a new (though similarly unpersuasive) straw and arguing that the Court should reconsider and overturn its July 17, 2020 Order (Dkt. No. 1258), on the false premise that "new evidence" exists that Defendants purport to have uncovered. *See* Defendants' Motion for Reconsideration at 9-16. Specifically, Defendants' "new evidence" includes their misguided allegations that Plaintiff Rowe's position has changed on the nature of his lost earning capacity claim to the extent that such claim may be supported by an expert. Defendants allege this opens the door to discovery into Plaintiff Rowe's mental health and substance abuse records—an argument supported exclusively by the improper affidavit of Dr. Michael Shahnasarian, Ph.D,[12] which Defendants seemingly obtained for the sole purpose of their Motion

---

[10] Pretrial Order No. 39 expressly directs Plaintiffs to redact and withhold "[r]ecords relating to substance abuse and mental health records." Dkt. 1154 at 1-2.

[11] The American Psychiatric Association (APA) classifies substance abuse and substance-related disorders as a mental health conditions and disorders, 5th Ed. Diagnostic and Statistical Manual of Mental Disorders ("DSM-5") (2013).

[12] Plaintiffs respectfully request that the Court strike the Affidavit and Supporting Materials of Dr. Shahnasarian, Ph.D. and disregard any newly raised arguments by Defendants supported by the same. *See Morris v. Precoat Metals*, 2013 WL 830868 (N.D.Ala. Mar. 4, 2013) (holding that evidence may be stricken when offered on a motion to alter or amend "where a party does not truly offer newly discovered evidence, but rather, 'points to evidence and makes arguments that could have been offered at the time" the original motion was briefed. *Phillips v. Am. Honda Motor Co., Inc.*, CIV.A. 04–0634–CG–B, 2006 WL 1889564, *1 (S.D.Ala. July 10, 2006) aff'd, 238 F. App'x 537 (11th Cir.2007); *see also Rawls v. Ala. Dep't of Human*

for Reconsideration and which has never previously been submitted to this Court. This affidavit should not be considered. There is no new evidence nor law that necessitates the Court reconsider, clarify or amend its July 17, 2020 Order (Dkt. No. 1258). Defendants' Motion for Reconsideration should be denied.

## **LEGAL STANDARD**

Defendants seek to alter or amend (cached as "clarification" and "reconsideration") the Order entered by this Court on July 17, 2020 (Dkt. No. 1258) pursuant to Federal Rule of Civil Procedure 59, on the false basis that Plaintiff Vernon Rowe has changed his position about his lost earnings capacity claim.

Reconsideration of an Order under Federal Rule of Civil Procedure 59(e) is within the discretion of the Court, but is an "extraordinary remedy and, thus, is a power which should be used sparingly." *Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch Pierce Fenner & Smith, Inc*., 265 F.R.D. 589, 591 (N.D. Fla. 2010). In order to prevail on a Rule 59(e) motion, "[t]he moving party must do more than merely ask the Court for a reevaluation of an unfavorable ruling; he is required to present a showing of 'newly-discovered evidence or manifest error of law or fact.'" *Mitchell v. Bentley*, No. 11-00687-KD-M, 2012 WL 642359, at *1

---

*Res*., 2:11CV59–MHT, 2012 WL 1957618, *1 (M.D.Ala. May 31, 2012)); *see also Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (stating a court may strike inadmissible evidence); *see also Alston v. Infirmary Health Hosps., Inc*., 1:11-CV-550-CG-M, 2012 WL 5045369, *2 (S.D. Ala. Oct. 18, 2012) (granting motion to strike affidavit attached to motion); 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 1383 (3d ed. 2012) (inadmissible evidence may be stricken).

(S.D. Ala. Feb. 28, 2012) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc*., 626 F.3d 1327, 1344 (11th Cir. 2010)). A motion to amend or clarify an Order pursuant to Rule 59 must demonstrate with specificity *why* the court should reconsider its prior position and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D.Fla.1993).

Motions to amend or reconsider "should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Normally, a court will reconsider a prior decision per Rule 59 "only if there has been an intervening change in law, if new evidence has become available, or if there is a need to correct clear error or manifest injustice." *Auto-Owners Insurance Company v. Ralph Gage Contracting, Inc*., 2016 WL 7668482, at *1 (N.D. Fla. July 14, 2016) (Rodgers, J.); *see Fla. College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). New evidence does *not* include evidence that a party already had possession of but chose not to present, evidence that could have been reasonably discovered through the exercise of due diligence, or evidence previously presented to the court. *See Arthur*, 500 F.3d at 1343.

Moreover, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior" to the issuance of the Order subject to the party's motion for reconsideration. *See Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."); *see* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2808 (3d ed. 2012) ("The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them.").

"The decision to alter or amend a judgment is committed to the sound discretion of the district court. This court will not overturn a denial of a Rule 59 motion absent abuse of discretion." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (citing *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

## ARGUMENT

Defendants' Motion for Reconsideration fails as a matter of law under Federal Rule of Civil Procedure 59, as there is neither new evidence nor new law that would

cause the Court to reach a decision converse to its prior Order(s) so as to allow the Court to reconsider and amend its July 17, 2020 Order (Dkt. No. 1258).

## I. THERE IS NO VALID BASIS IN LAW OR FACT THAT NECESSITATES THE COURT TO RECONSIDER OR AMEND ITS JULY 17, 2020 ORDER.

It is now abundantly clear that Defendants' wild goose chase for Plaintiffs' mental health and/or substance abuse information is nothing more than a baseless fishing expedition, which now borders on harassment as to Plaintiff Rowe. In their instant motion, Defendants have not presented any newly discovered evidence, or manifest error of law or fact that could lead the Court to an outcome converse to its prior July 17, 2020 Order. Rather, Defendants misuse Rule 59 to relitigate old matters previously resolved. *See Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc.*, 408 F.3d 757, 763).

The Court has unequivocally rejected each of Defendants previous arguments on the relevance of substance abuse and mental health information, ultimately holding that records related to substance abuse or mental health information are not relevant (emphasis added). *See e.g.* Dkt. No. 1258 at 11 (concluding Plaintiffs' claims are limited to damages of hearing loss (and/or tinnitus) caused by their use of the CAEv2 and as such, substance abuse or mental health information is not relevant); *see also* Dkt. No. 1172 at 9-10 (holding that such records are not discoverable as Plaintiffs' have not placed their mental health 'in controversy'); *see*

Dkt. No. 1108 at 15 (rejecting Defendants' argument that a plaintiff puts their mental health at issue where plaintiff asserts an emotional distress claim); *see* Dkt. No. 1065 at 7.

Now, Defendants fabricate an entirely new argument as to why they are entitled to Plaintiffs' private, sensitive, and confidential mental health and substance abuse information. Defendants contend there is "new evidence" as Plaintiff Rowe has changed his position on his lost earnings claim, which Defendants argue is relevant on the basis of an affidavit and statements of Dr. Shanahsarian, PhD, which Defendants could have raised previously, but failed to do so. *See O'Neal*, 958 F.2d 1044, 1047 (a Rule 59(e) motion "should not be used to raise arguments which could, and should, have been made before the judgment was issued").

Defendants also attempt to interject the *Haney* case—a case decided in 1984—as law upon which the Court should rely. *See* Defendants' Motion for Reconsideration at 12; *see also Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467 (11th Cir. 1984). Defendants failed to cite to *Haney* in their July 8, 2020 Motion to Compel Unredacted Records, and Defendants failed to acknowledge that *Haney* is neither factually nor legally analogous to this matter. *See id. Haney* fails to support Defendants' proposition that Plaintiff Rowe's substance abuse and mental health information are relevant. Defendants' Motion for Reconsideration should be denied.

**A. Defendants' Arguments Regarding Ototoxic Medications are Not Ripe for Review and are Not Relevant to Plaintiff Rowe.**

Prior to their Motion for Reconsideration, Defendants have never before raised any argument as to the relevance of any alleged arbitrary ototoxic medications, as specifically related to Plaintiff Rowe. *See O'Neal*, 958 F.2d 1044, 1047. Defendants' Motion to Compel Unredacted Records that prompted the Court's July 17, 2020 Order is entirely devoid of any argument to that extent. For the first time in their Motion for Reconsideration, Defendants seek the Court's affirmative ruling that Defendants may "explore the ototoxic effects of [arbitrary] medications." *See* Defendants' Motion for Reconsideration at 6. Defendants' argument within the Motion for Reconsideration hinges on the Court's affirmative finding that any given medication is ototoxic **and** that Plaintiff Rowe used such medication.

However, Defendants failed to define and/or identify: (a) any particular medication that they allege to be ototoxic; (b) the quantity at which any arbitrary medication may become ototoxic; and (c) any medication that they allege Plaintiff Rowe ingested that they contend may have caused ototoxicity.[13] Without such identification, it is unclear what precisely Defendants allege is relevant and why. Defendants entire argument on ototoxicity is entirely unsubstantiated, and improper as raised within the instant motion. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047

---

[13] Defendants have otherwise failed to show how such discovery is relevant to Plaintiff Rowe. Defendants have failed to identify specific medications that they contend Plaintiff Rowe ingested in an amount(s) that could lead to ototoxicity.

(11th Cir. 1992) (stating that motions for reconsideration "should not be used to raise arguments which could, and should, have been made before the judgment was issued"). Defendants have not shown any new evidence or error of law or fact that would necessitate the Court to reconsider or amend any prior Order on this matter.

### B. The Court Properly Concluded Substance Abuse and Mental Health Information is Not Relevant as to Plaintiff Rowe.

Here as to Plaintiff Rowe, Defendants have previously and unsuccessfully attempted to show the relevance of Plaintiff Rowe's substance abuse and mental health information. The parties provided the Court with exemplar records in both reacted and unredacted formats for the Court to review *in camera*. *See* Exhibit E. The Court reviewed such documents *in camera* and made a determination that information related to Plaintiff Rowe's mental health or substance abuse is not relevant. *See* Dkt. No. 1258 at 11-12. Consistent with the Court's Order (Dkt. No. 1258), Plaintiff Rowe has disclosed disability rating percentages and the general diagnoses related thereto.

As previously argued by Plaintiffs, Mr. Rowe's claim for diminished earning capacity does not alter the relevancy analysis.[14] Moreover, Courts recognize that neither a claim for diminished earning capacity nor lost income is a key to unlock

---

[14] Pretrial Order No. 39 makes a topical distinction based on sensitive issues—not claims—specifically records related to substance abuse and/or mental health. Plaintiff Rowe's redactions fit squarely within PTO 39. S*ee Adele v. Dunn*, No. 2:12-CV-00597, 2013 WL 593291, at *4 (D. Nev. Feb. 14, 2013) (declaring that defendant's speculation that mental health records "may be relevant . . . is simply insufficient to overcome Plaintiff's countervailing privacy and privilege interests").

mental health records, and neither presumptively afford defendants back-door access to sensitive mental health or substance abuse information. *See, e.g.*, *Thornton v. BNSF Co.*, 2008 WL 4360651, at *2 (D. Or. Sept. 24, 2008) ("The court does not find that plaintiff has put his mental health records at issue by alleging a . . . future lost income claim"); *Singleton*, 2020 WL 375600, at *4 ("[S]omething more than the words 'emotional distress damages' in the complaint is required before a defendant is granted wholesale access to plaintiff's medical records"); *Martin v. Collier*, No. 2:11-CV-00320-LRH, 2012 WL 28837, at *3 (D. Nev. Jan. 4, 2012) ("caution should be exercised before the Court grants the Defendants discovery of such records on the ground that they are relevant to Plaintiff's economic loss claims").

Defendants' argument the Court omitted certain dicta from the Parties' Oral Argument within in the July 17, 2020 Order is not a valid basis for this Court to reconsider or amend its Order, as such dicta is not new evidence, or manifest error of fact or law. *See Jacobs v. Tempur-Pedic Int'l, Inc*., 626 F.3d 1327, 1344 (11th Cir. 2010).

## II.    THERE IS NO NEW EVIDENCE THAT MAKES SUBSTANCE ABUSE OR MENTAL HEALTH INFORMATION RELEVANT

The evidence that Defendants presented in their Motion for Reconsideration as the ground upon which the Court should reconsider its July 17, 2020 Order is not new evidence. Moreover, Defendants do not claim that there is now contravening

16

law on the matter, or even in this instance that the subject Order contains clear error as to the law or facts that the Court considered in Ruling upon such Order. The sole permissible basis under Federal Rule of Civil Procedure 59(e) that Defendants rely upon in urging the Court to reconsider its Order is "new evidence." As there is no actual new evidence, Defendants Motion for Reconsideration should be denied.

**A. Defendants Have Been on Notice Since May 2020 that Plaintiff Rowe May Support His Lost Earnings Claim(s) with Expert Evidence.**

The possibility that Plaintiff Rowe may support his lost earnings claim(s) with expert proof is not new evidence. Plaintiff Rowe has consistently disclosed this information throughout his responses to Defendants' Interrogatories, and as such, Defendants have no legitimate basis to now claim surprise or "new evidence" that would merit the Court to reconsider or clarify its July 17, 2020 Order.

In *Mays v. U.S. Postal Serv.*, the United States Court of Appeals for the 11th Circuit held that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); s*ee Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Here, Defendants have alleged that the "new evidence" that merits the Court's reconsideration of its prior Order is that Plaintiff Rowe now intends to call an expert

to support his lost earnings capacity claim(s). *See* Defendants' Motion for Reconsideration at 9. Defendants attempt to show the relevance of such information through introduction of statements and an affidavit by Dr. Shahnasarian, neither of which were previously submitted or raised by Defendants, but both of which could have been.

Defendants should not now be allowed to raise new arguments or present new evidence that could have been raised in their extensive prior attempts to brief these issues, for example, in Defendants July 8, 2020 Motion to Compel Unredacted Records. *See Arthur*, 500 F.3d at 1343; *see Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005)); *see Mays,* 122 F.3d 43 at 46.

Defendants have been fully aware that Plaintiff Rowe intended to support any lost earnings capacity claim(s) that he proceeds upon with expert evidence since at least **May 15, 2020**. For example, Defendants' Interrogatory No. 55 seeks information from Plaintiff related to any lost earnings capacity claim. Plaintiff Rowe responded to Interrogatory No. 55 in part by stating,

> **[T]he amount of Plaintiff's lost earnings attributable to Plaintiff's injuries will be the subject of forthcoming expert proofs,** and Plaintiff objects to this interrogatory as premature to the extent it would require expert discovery at this stage. **Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages**. *See* Exhibit A, Plaintiff Rowe's May 15, 2020 Supplemental Responses to Defendants' Interrogatories.

Plaintiff Rowe's position remained consistent to this extent in both his July 3, 2020 Supplemental Responses to Defendants' Interrogatories (Exhibit C), as well as his July 22, 2020 Supplemental Responses to Defendants' Interrogatories. As such, it is unclear what exactly Defendants now allege is "new evidence" related to Plaintiff Rowe's lost earning capacity claim(s).

Plaintiff Rowe's intent to (potentially) support his lost earnings claim(s) with expert evidence is not new evidence—Defendants have had this information since May 15, 2020 and could have argued these issues in either their May 27, 2020 or July 8, 2020 briefing to the Court, but on both occasions Defendants failed to do so. It is improper for Defendants to now attempt to do so. *See Arthur*, 500 F.3d at 1343; *see Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005)); *see Mays,* 122 F.3d 43 at 46.

Secondarily, Defendants purport that the amount of monetary damages that Plaintiff Rowe claimed within his Rule 26 Initial Disclosures as related to lost earnings bears relevance to his mental health and/or substance abuse and mandates the Court's reconsideration. Notably, through the course of Defendants' deposition of Plaintiff Rowe, Defendants did not once ask Plaintiff Rowe about the amount of the lost earnings capacity damages that he is claiming nor did they ask Plaintiff Rowe to otherwise quantify any damages claimed. *See* Exhibit F, Transcript of Rowe Deposition at 296:2-297.:13. Although Defendants cited to examples from Plaintiff

19

Rowe's testimony that may have implications on his lost earning capacity claim(s), none of that testimony has any relation, not even tangentially, to the mental health or substance abuse information that Defendants seek. Plaintiff Rowe has disclosed the nature of any mental health diagnoses for which he receives VA disability, along with the percentage of disability that he receives related thereto.

Defendants now use their Motion for Reconsideration to raise new arguments grasping at any straw they can to uncover Plaintiff Rowe's substance abuse information, which the Court reviewed and determined to be irrelevant. Defendants have not put forth a single piece of evidence, much less "new evidence," that indicates in any way that any substance abuse information is relevant to Plaintiff Rowe's claims, including his lost earning capacity claim(s) that is specifically and exclusively tied to his hearing loss and tinnitus. In fact, the record is wholly void of indicia that substance abuse has ever caused or created any impediment to Plaintiff Rowe professionally. There is no evidence that substance abuse has ever interfered or played any role with Plaintiff Rowe's professional circumstances. Defendants are grasping at straws for reasons unknown.

Defendants also attempt to interject the *Haney* case as law upon which the Court should rely. *See* Defendants' Motion for Reconsideration at 12; *see also Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467 (11th Cir. 1984). Defendants failed to cite to *Haney* in their July 8, 2020 Motion to Compel Unredacted Records. *See* Dkt.

20

No. 1231. First, *Haney* is not new law—it was decided in 1984. *See Parry v. Outback Steakhouse of Fla., Inc.*, No. 8:06-CV-00804-T-17, 2006 WL 3313352, at *3 (M.D. Fla. Nov. 14, 2006) ("Because the Defendants' motion to reconsider does not present new case law and simply attempts to relitigate the same argument this Court has rejected in the past, this Court will favor its original decision."); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03CV2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) ("This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking"). *Haney* was expressly raised by Defendants at Oral Argument. The Court considered the case and found it unpersuasive, and it is not a proper basis for reconsideration.

Moreover, *Haney* does not say that evidence related to substance abuse information is relevant and discoverable in all cases and for all circumstances. *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467 (11th Cir. 1984). The allegations in *Haney* stemmed from injuries that Haney sustained related to a car accident that Haney himself had caused during a multi-day drug and alcohol binge. *Id*. Haney's level of intoxication during the accident, and whether he was able to communicate and cooperate with the rescuing medical personnel as a result of his intoxication were key elements at issue in the case. *Id*. There, Haney's alcohol and drug use were

"inextricably bound" to the causes of action and damages at issue in that case. *Id*. That is not the case here.

Beyond the fact that Defendants are not allowed to use a Rule 59(e) motion to "relitigate old matters, raise argument or present evidence that could have been raised,"[15] *Haney* is neither factually nor legally analogous to this general case, or to Plaintiff Rowe's specific case. *Haney* fails to support Defendants' proposition that Plaintiff Rowe's substance abuse and mental health information are relevant.

To date, Defendants have failed to put forward any argument or evidence that supports their general allegation that Plaintiff Rowe's mental health and substance abuse issues are relevant, much less any new evidence supporting relevance. Defendants have failed to meet the requirements for a Rule 59(e) motion, and as such, the Court has neither need nor grounds to reconsider its July 17, 2020 Order.

## B. The Findings and Affidavit of Dr. Shahnasarian Are Improper & Should Not Be Considered

Defendants' Motion for Reconsideration and related Objection introduce new, never before argued positions and evidence put forward by Defendants. Most notably, Defendants could have included such arguments and evidence within their Motion to Compel at issue, but Defendants failed to do so. Therefore, this evidence, including any conclusions, arguments, and evidence related to Dr. Michael

---

[15] *See Arthur*, 500 F.3d at 1343; *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

Shahnasarian ("Shahnasarian") is not proper for inclusion and consideration on Defendants' Motion for Reconsideration—as the issue has never previously been considered. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 ("Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation'").

Nonetheless, Defendants' proffered opinions of Shahnasarian that have no bearing on the facts at issue, and do not independently support Defendants' proposition that Plaintiff Rowe's mental health or substance abuse information is relevant. For example, Defendants cite to a conclusion from Shahnasarian that "[a] person with a disability who acquires additional disabling problems can experience compounding effect from vocational handicaps…" *See* Defendants' Motion for Reconsideration at 13. However, there has not been anything at all, much less any new evidence, to suggest that substance abuse information related to Plaintiff Rowe causes a "disabling problem," is considered a "disability," or causes him any "vocational handicap." Further, Defendants cite to various phrases from Shahnasarian related to establishing a "benchmark of an individual's premorbid earning capacity…to analyz[e] potential comparative postincident earning capacity changes." *See* Dkt. No. 1296 at 13. Again, there is no evidence or information to suggest that substance abuse information related to Plaintiff Rowe has any bearing on his postincident earning capacity. Lastly, Defendants allege that "a history of

substance abuse unrelated to issues in dispute can have profound implications on a plaintiff's vocational capacities…work attendance, job performance, job stability…," yet, there has been no indication that Plaintiff Rowe has ever had any issue with work attendance or job stability, much less as related to substance abuse matters.

As the Court mentioned at the July 16, 2020 hearing on this matter, someone who is a current drug addict and has a tough time getting a job is "different from someone who in their lifetime may have undergone and is continuing to receive treatment for drug abuse and alcohol….simply because someone has voluntarily received some type of treatment for drugs, that's not going to be relevant to a claim of diminished earning capacity." *See* Transcript of Proceedings Before the Honorable Gary R. Jones, July 16, 2020 at 110:2-15. As the Court is aware, this statement rings to the heart of the substance abuse and mental health information at issue here.

Defendants have failed to show how substance abuse or mental health information is relevant to Plaintiff Rowe's claims or damages. Defendants also provide no justification for why Shahnasarian's affidavit was not raised earlier. Information related to substance abuse is not relevant to Plaintiff Rowe's case, and Defendants have not properly shown new evidence or clear error of fact or law so as to require the Court to reverse Order and retract or modify its July 17, 2020 Order.

## III. JUDICIAL ESTOPPEL IS INAPPROPRIATE BECAUSE DEFENDANTS WERE ON NOTICE THAT PLAINTIFF ROWE MAY RELY ON EXPERT EVIDENCE.

Defendants' July 8, 2020 Motion to Compel Unredacted Records acknowledged and even quoted Plaintiff Rowe's response to Defendants' Interrogatories related to lost earnings claims, which clearly state that those claims "will be the subject of forthcoming expert proofs." *See* Defendants Motion to Compel Unredacted Records at 18-19; *see also* Exhibits A - D. As detailed above, this position is consistent with Plaintiff Rowe's Responses to Interrogatories dated May 15, 2020, July 3, 2020, and July 22, 2020.

This is not new evidence and does not warrant judicial estoppel. In determining whether to apply judicial estoppel, courts apply three factors:

> (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage.

*James River Ins. Co. v. Fortress Sys., LLC*, 899 F. Supp. 2d 1331, 1333–34 (S.D. Fla. 2012) (citing *Jaffe v. Bank of Am., N.A.*, 395 Fed. Appx. 583, 587 (11th Cir. 2010).

Defendants cannot now claim surprise that Plaintiff Rowe's position on this issue is the same as it has always been—Defendants not only should have known

Plaintiff's position; Defendants did know—and expressly revealed their knowledge their Motion to Compel Unredacted Records.

Of tantamount importance, judicial estoppel is inappropriate in this circumstance as the Court's July 17, 2020 Order does not make its conclusions—that mental health and substance abuse information are not relevant—contingent upon use or intended use of expert evidence to support Plaintiffs' claims for loss of earnings. Rather, the Court generally and succinctly concluded that "**records pertaining to substance abuse—which are covered under Pretrial Order No. 39 and are a species of mental health records—are not relevant at the discovery stage because, as a general matter, the plaintiffs' lost earning capacity claims are limited to damages of hearing loss caused by their use of the CAEv2**." *See* Dkt. No. 1258 at 11. (Emphasis added.)

There is no valid basis in law or fact for the Court to Reconsider or Amend its July 17, 2020 Order. The Court should deny Defendants' Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration and Clarification.

Dated: August 14, 2020

26

Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I caused the foregoing Memorandum of Law to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/* Bryan Aylstock

## CERTIFICATE OF WORD COUNT

I certify that this Plaintiffs' Memorandum to Plaintiffs' Motion to Compel contains 6,626 words per my word-processing system, and including all words exhibited within Plaintiffs' Certificates of Service, Conference, and Word Amount.