# **EXHIBIT 11**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG ) <br> PRODUCTS LIABILITY LITIGATION, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:19md2885 <br><br> Pensacola, Florida <br> January 14, 2020 <br> 9:46 a.m. |

**EIGHTH CASE MANAGEMENT CONFERENCE**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE
and
THE HONORABLE GARY R. JONES
UNITED STATES MAGISTRATE JUDGE
(Pages 1-45)

*Donna L. Boland, RPR, FCRR
United States Court Reporter
100 N Palafox Street * Pensacola, Florida  32502*
***Donna_Boland@flnd.uscourts.gov***

# A P P E A R A N C E S

**FOR THE PLAINTIFFS:**       **BRYAN F. AYLSTOCK, ESQUIRE**
Aylstock, Witkin, Kreis & Overholtz
17 E Main Street, Suite 200
Pensacola, Florida   32502

**SHELLEY HUTSON, ESQUIRE**
Clark Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, Texas   77002

**CHRISTOPHER A. SEEGER, ESQUIRE**
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey   07660

**FOR THE DEFENDANT:**        **KIMBERLY BRANSCOME, ESQUIRE**
Kirkland & Ellis, LLP
333 South Hope Street, 29th Floor
Los Angeles, California   90071

**MARK J. NOMELLINI, ESQUIRE**
**NICHOLAS F. WASDIN, ESQUIRE**
Kirkland & Ellis, LLP
300 N Lasalle
Chicago, Illinois   60654

**LARRY HILL, ESQUIRE**
Moore, Hill & Westmoreland, P.A.
350 W Cedar Street, Suite 100
Pensacola, Florida   32502

1  needs to be amended.

2  **MR. SACCHET:** And if that's the Court's view, that's
3  fine. I was more or less thinking about it from the vantage
4  point of the Court that, if there was an allegation that there
5  was a lack of jurisdiction that remained in a pleading in the
6  MDL, that that posed an issue.

7  **JUDGE RODGERS:** Frankly, it can be raised at any time.
8  They can amend their answer, remove it as an affirmative
9  defense, and turn around and raise it a week later.

10  **MR. SACCKET:** That's very true. On the other hand,
11  their papers that they submitted to the Court do say that they
12  would not raise this jurisdictional defense with respect to any
13  of these cases.

14  **JUDGE RODGERS:** I would have a discussion with them if
15  they did that. I don't think they're going to do that.

16  **MR. SACCHET:** Well, that's fine with Plaintiffs if
17  that's the Court's position.

18  **JUDGE RODGERS:** As you know, I *sua sponte* would have
19  to address any issue that I believe impairs my jurisdiction.

20  **MR. SACCHET:** Great. And that clarifies it for
21  Plaintiffs. Thank you.

22  **JUDGE RODGERS:** Okay, very good.
23  Ms. Branscome?

24  **MS. BRANSCOME:** And we're also happy to meet and
25  confer with the Plaintiffs about amending the answer. There

1  may be some other things that we want to clean up in the
2  answer, so we can meet and confer.
3              **JUDGE RODGERS:**  Very good.
4              Thank you, Mr. Sacchet.
5              There are depositions scheduled this month and then
6  there are I believe seven -- there were seven outstanding
7  witnesses that I was aware of.  One has been deferred.  One is
8  scheduled in February, February 11th, that's Mr. Falco.  And
9  then there are five scheduled this month and then I believe --
10 Mr. Buchanan, correct me if I'm wrong -- you indicated there
11 were another five that were not critical to the affirmative
12 defenses.
13             **MR. BUCHANAN:**  We sent a letter yesterday, Your
14 Honor --
15             **JUDGE RODGERS:**  To me?
16             **MR. BUCHANAN:**  No, I'm sorry, to defense counsel
17 seeking depositions of an additional five witnesses who, based
18 on the record and based on our understanding of their relevance
19 to the issues, do not appear to bear on the affirmative
20 defenses.  So we're seeking dates, you know, late February,
21 March, just to develop that testimony.
22             I don't know if you have other questions on the
23 depositions, Your Honor.  We took 11 in December, 11 fact
24 witness depositions.  We took two 30(b)(6)s between October and
25 December, you know, over some 15 to 19 days of testimony in

1    that period of time, generally focused on -- obviously the
2    affirmative defenses are the issues there, but obviously also
3    crossing into core liability issues, to the extent those
4    witnesses went there.
5         **JUDGE RODGERS:** All right.  Well, just make sure,
6    please, I know as you have, if there are issues that arise that
7    are potentially disruptive to the schedule, that you alert
8    myself or Judge Jones as early as possible.  I would certainly
9    like it and prefer it if you could work it out amongst
10   yourselves but not to the extent it impairs the schedule.
11        **MR. BUCHANAN:** I appreciate that, Your Honor.  And
12   we're very focused on that and we've tried to be diligent in
13   that regard.
14        The one issue that I alluded to in chambers, as Your
15   Honor is aware, there's been significant document production
16   both before 9/30/2019 and after the substantial completion date
17   which is 9/30/19.  Two-thirds of the documents that we have in
18   our hands today were produced after that date.  Two-thirds of
19   those documents relate to the initial disclosure of witnesses,
20   people who were identified in June and July.
21        So we've had some concern.  I don't have to rehash it.
22   It's been the subject of a number of conference calls with Your
23   Honor and Judge Jones.  We had significant productions for the
24   witnesses when we took their testimony in November, December,
25   but there have been documents produced for those witnesses

1  after that point in time.  Candidly, we're assessing this, and
2  there are significant ones.
3           **JUDGE RODGERS:**  Well, what I'm going to be asking you
4  to do, and if I need to I'll impose a deadline, but I need you
5  all to assess whether you feel there's a need for this to be
6  brought to the Court's attention.  I don't want to wait until
7  March and you all decide, oh, wait a minute, we need to
8  redepose Elliot Berger, for instance.
9           So I need you all to do your best to conduct that
10 assessment and then let us know if there's a contest -- if
11 there's an issue about needing to redepose because you didn't
12 have the documents that you needed and you weren't able to ask
13 the questions that you feel you should have asked, then Judge
14 Jones or I need to know that and make that decision about
15 whether you're entitled to redepose somebody.
16          **MR. BUCHANAN:**  And that's the thought process we're
17 undertaking currently, Your Honor.  And frankly, we're trying
18 to focus on are these facts that need to be developed at this
19 point to address the affirmative defenses or are they facts
20 that are necessary for liability.
21          Because the Defendant's document production continues
22 to this day.  And if there's going to have to be an application
23 for supplemental testimony, I think the preference probably for
24 both sides would be to ensure that it encompasses the full
25 record as completely produced by the Defense.

1              But that was the process we were undertaking trying to
2     be mindful of the affirmative defense near term obligations and
3     prioritize testimony and discovery efforts in that regard.
4              **JUDGE RODGERS:**  One thought I'm having is, if these
5     are 30(b)(6) witnesses -- I know some of the 30(b)(6) were
6     hybrid, they were 30(b)(6) plus an individual fact witness with
7     personal knowledge of the facts.
8              But while I could see perhaps a continuation of a
9     deposition for that person if the documents were not produced,
10    if it's 30(b)(6), we need to deal with that now.
11             **MR. BUCHANAN:**  Fair enough, Your Honor, we'll focus on
12    that.  Those are broad buckets of testimony and we'll try and
13    prioritize that.
14             **JUDGE RODGERS:**  Okay.  I don't want the 30(b)(6) -- I
15    don't want that lingering.
16             **MR. BUCHANAN:**  Okay, thank you.
17             **JUDGE RODGERS:**  All right, thank you.
18             **MR. BUCHANAN:**  More generally, Your Honor, while I'm
19    here, did you want to address the third-party issue?  There was
20    a question from Judge Jones on ISL.
21             **JUDGE RODGERS:**  Yes, I had that on my list.  Go ahead.
22             **MR. BUCHANAN:**  As the Court is aware, there's a Motion
23    to Compel pending against ISL.  ISL, for the Court's benefit
24    and also as a reminder, was the inventor of the nonlinear
25    filter and the inventor of the dual-ended design that's

1  embodied in the Combat Arms Version 2.  The company, 3M or
2  Aearo, licensed that technology from ISL.
3       The Plaintiffs subpoenaed ISL in, I'd say, September
4  through a series of meet and confers.  It became apparent they
5  were raising challenges to our authority to compel that
6  discovery.  There's a Motion to Compel currently on file.
7       Judge Jones, I think you had a request -- or you
8  wanted to know whether we were anticipating a response this
9  week or what the timing would be for that or whether they would
10 be responding at all.
11      We've reached out during the break between chambers
12 and now to find out what their intent was.  And I understand
13 there are some challenges with ISL's counsel in coordinating
14 with the entities.  They have requested additional time for
15 their response.  I, of course, said it's -- while it's our
16 subpoena, it's not my briefing schedule.
17      I'm not sure whether we would benefit from a call with
18 Your Honor or -- the request I think was for an additional two
19 weeks for their response.  That timing is not problematic for
20 the Plaintiffs.  But it's not our schedule, so I just wanted to
21 alert Your Honor to that request.
22      **JUDGE JONES:**  Well, Mr. Buchanan, I did have a
23 question on the deadline.  I asked you to serve the motion on
24 ISL's counsel.  What was the date the motion was served on
25 them?

1    **MR. BUCHANAN:** So I believe -- and my colleague is in
2  the courtroom -- but I think service was facilitated via like
3  courier and confirmation was received last Monday. I don't
4  have that calendar date, but it's -- so I think it's been
5  served now for nine days. January 6th. Thank you.
6    **JUDGE JONES:** January 6th, okay. So that would make
7  their response due the early part of next week.
8    Do you expect they're going to file a motion or an
9  unopposed motion for a little more time to brief it?
10    **MR. BUCHANAN:** I don't anticipate that they were going
11  to do that. I think they asked us -- they asked Plaintiffs'
12  counsel for additional time. I said we're actually in court
13  today and I would alert the Court to that request.
14    I'm happy to get on a call with Your Honor and ISL
15  counsel tomorrow to confirm really the state of play. It's not
16  clear to me whether they're going to be opposing, whether --
17  what was clear to me was that they had not yet really gotten to
18  the point of deciding on their position on this. So there may
19  be an opposition, there may be a production. I'm unclear.
20    **JUDGE JONES:** Okay. Well, the deadline is early next
21  week, so I'm sure I'll hear from them one way or the other. If
22  for some reason they withdraw their objection to all or part of
23  the subpoena, let me know. If not, I'm sure they'll ask for a
24  little more time, which probably wouldn't be a real problem.
25  But if not, I guess they'll respond and tell me why they don't

1    have to produce the documents.
2            **MR. BUCHANAN:**  Thank you, Your Honor.  I'll
3    communicate that message, and I'm sure we'll hear from them by
4    next Tuesday now, I think, Martin Luther King day.  Thank you.
5            **JUDGE JONES:**  Thank you.
6            **JUDGE RODGERS:**  Thank you, Mr. Buchanan.
7            **MR. NOMELLINI:**  Your Honor, may I be heard briefly on
8    the issue of custodians?
9            **JUDGE RODGERS:**  Yes.
10           **MR. NOMELLINI:**  There have been 25 new custodian
11   requests since September 30th, and that continues to give rise
12   to additional document production.
13           And I raise that because there was new custodial
14   productions -- or custodial requests last week, and that's
15   something we'll be meeting and conferring with the Plaintiffs
16   on.  If there are any issues with respect to the new custodial
17   requests, we'll bring them to Judge Jones's attention.
18           I know Judge Jones has already ruled on a number of
19   the new custodial requests and granted some, not granted
20   others.  But just wanted to flag that, and we'll bring that to
21   Your Honor's attention as soon as possible.
22           **MR. BUCHANAN:**  Yes, there were four requests, Your
23   Honor, just to clarify, versus the 25, four new requests for
24   custodians that were made.
25           We've tried to incorporate Your Honor's thinking, and

```
 1    the 21st.  And then, just to recap, March is March 27th, April
 2    is April 24th, and then May is May 12th.  Those are, for the
 3    next several months, our CMCs.
 4              All right.  Well, thank you all very much.  I just
 5    want to conclude by saying that I'm very pleased with where we
 6    are.  Of course, you all know I would like to have the
 7    affirmative defense resolved sooner rather than later.  Some of
 8    that is out of our control.  We're trying to do our best to
 9    obtain that discovery, and we will.  And there will be a
10    briefing schedule put into place, and that defense will be
11    resolved for purposes of the summary judgments.
12              But other than that, I'm very pleased with where we
13    are.  I'm very pleased with the bellwether selection process,
14    and I want to thank BrownGreer and Jake and Roma for all of
15    their hard work in that regard.
16              If nothing else, then the Court is in recess.
17
18                    (Proceedings concluded at 10:55 a.m.)
19                          -------------------
20    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.  Any
21    redaction of personal data identifiers pursuant to the Judicial
      Conference Policy on Privacy are noted within the transcript.
22
            Donna L. Boland
23    _____              1-16-2020
      Donna L. Boland, RPR, FCRR                    Date
24    Official Court Reporter
25
```