# **EXHIBIT 14**



August 12, 2020

<u>*Via Email:*</u> Jay.Bhimani@dechert.com
Jay Bhimani
Dechert LLP
633 West 5th Street
Los Angeles, CA 90071

      *Re:*    IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, 3:19-md-2885; 30(b)(6) Deposition

Dear Jay,

Thank you for speaking with us earlier today. We write to clarify several points with regard to our 30(b)(6) notice and make some proposals for the parties to consider.

1. **Topic Nos. 1, 4, 6, and 8**
   While we believe the topics were appropriately noticed, in an effort to compromise Plaintiffs are willing to withdraw topic nos. 1, 4, 6, and 8.

2. **Topic Nos. 14, 15, 19, and 20**
   Our understanding is that 3M is agreeing to produce a witness with regard to topic nos. 14, 15, 16, and 19. Plaintiffs look forward to working with you to schedule this deposition(s) at your earliest convenience. Further, we are working with Karl to finalize an agreement on topic no. 20.

3. **Topic Nos. 2, 5, 7, 9, 10**
   Plaintiffs are willing to meet and confer as to possible solutions, including designating certain fact testimony as 30(B)(6) testimony for purposes of these topics. In short, Plaintiffs are willing to narrow these topics to the extent that 3M can provide a witness to give competent testimony to address the gaps illustrated in the non-exhaustive list of examples above, as more specifically described below.

   a. **Topic No. 2**
      With regard to topic no. 2, counsel for 3M objected to inquiries by Plaintiffs' counsel at Mr. Myers' deposition, arguing that questions about the settings in which the blister pack was sold were beyond the scope of Plaintiffs' original notice. 3M now claims that topic was covered by the original notice. In an effort to compromise, Plaintiffs are willing to limit the specific focus of topic no. 2 to:

      i. The specific locations and settings where the Blister Packs were distributed and sold;
      ii. The chronology and reasoning behind the edits to the Blister Pack labeling with respect to the "fitting tip;"
      iii. Patent coverage.

  b. **Topic Nos. 5, 7, and 10**
Plaintiffs requested these topics in an effort to address specific gaps in 30(B)(6) testimony provided by other 3M witnesses. For example, many of Mr. Myers' statements with regard to asking "technical" about what to include on a label may be adequate in terms of reflecting Mr. Myers' personal knowledge. However, they are not competent testimony as to 3M's corporate knowledge on labeling given that the employees in "technical" are also current or former 3M employees. To the extent it would be helpful in resolving our current dispute, Plaintiffs are willing to merge these topics into a single 30(B)(6) deposition topic.

  c. **Topic No. 9**
With regard to topic no. 9, counsel for 3M repeatedly objected each time Plaintiffs' counsel asked Mr. Berger about Method B testing during his 30(B)(6) deposition, claiming it was outside the scope of Plaintiffs' initial notice. 3M now takes the position that Method B testing was covered by the original notice. In an effort to compromise, we are willing to accept a witness that can testify as to the scope, circumstances, and results of testing attempted or done pursuant to ANSI S12.6-1997 "Method B" testing on the CAEv2 or any of the consumer versions of the CAEv2.

4. **Topic No. 11**
We understand that Defendants are considering producing a witness on this topic and look forward to meeting and conferring with you to discuss further.

5. **Topic Nos. 3, 13, 17 and 18.**
Plaintiffs maintain that a witness should be produced on these topics as described below.

  a. **Topic No. 3**
Plaintiffs have clear testimony that 3M employees visited military bases and even provided verbal instructions on use of the CAEv2. Understanding the scope, timing, and details of these visits is critically relevant to this case. Plaintiffs are unsure as to how this topic could have been covered at Mr. Moses' October 17, 2019 deposition, given that the bellwether cases were not selected until this year. Further, we do not agree that the ruling made by Judge Jones regarding 3M's interrogatory responses would apply to seeking testimony on this topic.

Jay Bhimani August 12, 2020

  b. **Topic No. 13**
   Plaintiffs do not agree that we had ample opportunity at Mr. Moses's 30(b)(6) deposition to obtain the information now sought. Key "Operation Cobra" documents were produced long after Mr. Moses' deposition in October 2019, despite the fact that at the time the 30(B)(6) on marketing was drafted, Plaintiffs believed they would have substantial completion of document production by September 30, 2019 in accordance with CMO 2.

  c. **Topic Nos. 17, 18**
   Plaintiffs request that a witness be identified for these topics, but are willing to discuss this afternoon or tomorrow in hopes we can find some agreement on their scope.

6. **Topic Nos. 21 and 22:**
With regard to topics 21 and 22, we believe these topics can be set aside, and Plaintiffs suggest that the parties continue to meet and confer pending further discussion as Plaintiffs will be providing additional information to Defendants on these issues by COB Friday.

We look forward to discussing these issues with you.

            Sincerely,


            s/Amanda Hunt