UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 50**
**Amendment to Pretrial Order No. 13**

This Order amends Pretrial Order No. 13 to provide the parties with further instruction on how to proceed with requesting depositions of witnesses who are currently employed by the United States Government, as well as documents in the possession of those witnesses and/or the Government.

After many months of discovery, during which the parties have sent numerous discovery requests to the Department of Defense (the "Department") pursuant to the Department's *Touhy* regulations and Directive 5405.2, the Department has taken the position that the Court does not have the authority to compel Department action in this litigation in the absence of subpoenas.[1]  *See* DoD Obj. to R. & R., ECF No. 1320 at 16-26; DoD Opp., ECF No. 1253 at 7-12.  Defendants disagree with the Department's position.  *See* Reply, ECF No. 1275 at 3-9.  In other words, the

---

[1] *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Department and Defendants disagree not over whether a subpoena is required to obtain Government discovery under *Touhy*, but rather whether a subpoena is required before this Court may compel the Department, who is not a party to this litigation, to submit the requested discovery. *See* Fed. R. Civ. 37(b).

This ongoing disagreement between the Department and Defendants has resulted in nearly two months of motions practice, during which none of the requested depositions have been taken or relevant documents produced. In light of the fast-approaching discovery deadlines for the Trial Group A cases, including the close of Government discovery in less than two weeks on September 1, 2020 and the close of fact discovery on October 9, 2020, *see* Pretrial Order No. 43 (ECF No. 1204), as well as the upcoming and not-so-distant fact discovery deadlines for Trial Groups B, C, and D, *see* Pretrial Order No. 46 (ECF No. 1295), the Court will require the parties to this litigation to issue appropriate subpoenas for any Government witness deposition and any Government documents, pursuant to Fed. R. Civ. P. 45. This Order applies to all Government witness depositions and document requests going forward as well as to those that are the subject of Defendants' pending Motion to Compel (ECF No. 1211).[2]

---

[2] The Court acknowledges that within the past two weeks, the Department provided Defendants with its position on three of the six deposition requests and one of two production requests that are the subject of Defendants' pending Motion to Compel (ECF No. 1211). Defendants are directed to issue subpoenas for any witness or document requests the Department has denied, given the Department's threshold objection that a subpoena is required before it can be compelled to act.

In multi-district litigation (MDL) such as this, the Court has "broad discretion to structure a procedural framework for moving the cases as a whole" and the authority to "uncomplicate matters" to promote fair and efficient resolution of the litigation.  *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231-32 (9th Cir. 2006); *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("[C]ourts must be given greater discretion to organize, coordinate and adjudicate its proceedings.").[3]  Here, the parties' practice of not issuing subpoenas for Government witnesses and documents is complicating matters and interfering with the fair and efficient progress of discovery, although the undersigned certainly understands why the parties have proceeded in this manner to date.  Accordingly, and in light of the minimal burden associated with issuing these subpoenas, the Court amends Pretrial Order No. 13.

**SO ORDERED**, on this 20th day of August, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See also McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) ("A district court has broad discretion in all discovery matters."); *Jenkins v. Sec. Engineers, Inc.*, 798 F. App'x 362, 369 (11th Cir. 2019) (similar).