# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS EARPLUG            )
PRODUCTS LIABILITY LITIGATION            ) CASE NO. 3:19-MD-2885
                                         )
This Document Relates to:                )
Marcus Hensley, 7:20cv93-MCR/GRJ

## PLAINTIFF MARCUS HENSLEY'S FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES TO DEFENDANT 3M'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

TO:   Defendant 3M Company ("3M"), through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Marcus Hensley, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following: Plaintiff's Amended Objections & Responses to Defendant 3M's First Set of Requests for Production to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his/her responses.

Dated:  May 15, 2020

                                                    **Respectfully Submitted,**

                                                    */s Taylor C. Bartlett*
                                                    Taylor C. Bartlett
                                                    **Heninger Garrison Davis, LLC**
                                                    2224 First Avenue North
                                                    Birmingham, AL 35213
                                                    Phone: 205.427.6630
                                                    Fax: 205-380-8085
                                                    taylor@hgdlawfirm.com
                                                    *Attorney for Plaintiff*

**REQUEST FOR PRODUCTION 41:**

All Documents related to TRICARE, Medicare, Medicaid, Any other government health benefits, or Any insurance benefits, which You have applied for or received for physical, mental, or emotional injuries as a result of Your use of the Relevant Earplugs, including Any final demand letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this request on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope and fails to specifically define "government benefits," "health benefits," or "insurance benefits." Plaintiff objects to this request to the extent it is cumulative, duplicative and/or otherwise requires production of documents that may be in the possession of a third-party(ies), not otherwise in Plaintiff's possession, custody, or control, and/or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to the extent that the documentation sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the documentation sought may contain sensitive, confidential, and/or privileged financial, medical, and/or other personal information sought solely for the purpose of harassment and/or not relevant to the matters at issue or of consequence in this litigation. See Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this request is premature as discovery is ongoing, and further, on the basis that requests for production may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial. Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents responsive to this Request and will produce such documents to the extent they exist, are in Plaintiff's possession, are non-privileged, and are relevant.  Plaintiff reserves all rights to supplement this request in accordance with the Rules.

**REQUEST FOR PRODUCTION 42:**

All Documents relating to Your Social Security and/or Social Security Disability applications and/or earnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this request on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope and fails to define "applications" or "earnings." Plaintiff objects to this request to the extent it is cumulative, duplicative and/or otherwise

requires production of documents that may be in the possession of a third-party(ies), not otherwise in Plaintiff's possession, custody, or control, and/or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to the extent that the documentation sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the documentation sought may contain sensitive, confidential, and/or privileged financial, medical, and/or other personal information sought solely for the purpose of harassment and/or not relevant to the matters at issue or of consequence in this litigation. See Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents responsive to this Request and will produce such documents to the extent they exist, are in Plaintiff's possession, are non-privileged, and are relevant. Plaintiff reserves all rights to supplement this request in accordance with the Rules.

**REQUEST FOR PRODUCTION 43:**

All Documents that support Any damages You claim to have incurred from Your use of the Relevant Earplugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request to the extent that Plaintiff is not an expert and does not possess the skill, knowledge, education, experience, or training to make the expert or legal determinations and/or conclusions that this request seeks. Plaintiff objects to this request on the ground that its overbroad, unduly burdensome, irrelevant, vague, ambiguous, unclear, and sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Specifically, Plaintiff objects as this request fails to contain any limitations as to time or scope and fails to identify what documents they seek in any level of specificity. Plaintiff objects to this request to the extent it is cumulative, duplicative and/or otherwise requires production of documents that may be in the possession of a third-party(ies), not otherwise in Plaintiff's possession, custody, or control, and/or the information can be obtained from another source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff also objects to the extent that the documentation sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorization(s) provided by Plaintiff. See also Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that the documentation sought may contain sensitive, confidential, and/or privileged financial, medical, and/or other personal information sought solely for the purpose of harassment and/or not relevant to the matters at issue or of consequence in this litigation. See Judge Jones' March 26, 2020 Order at Dkt. No. 1065. Plaintiff objects on the ground that this request is premature as discovery is ongoing, and further, on the basis that requests for production may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial. Plaintiff objects to this request to the extent that it is duplicative of and seeks to circumvent the census process as previously ordered by the Honorable Judge Casey M. Rodgers, see PTOs 18, 27.