# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## FLORIDA PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | |
| EARPLUG PRODUCTS | ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) | |
| | ) | |

## PLAINTIFF BRANDON ADKINS' AMENDED AND SUPPLEMENTAL OBJECTIONS & ANSWERS TO DEFENDANT 3M'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:     Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Kim Branscome, DECHERT LLP, 633 W. 5th St., Suite 4900, Los Angeles, CA 90071.


COMES NOW, Plaintiff, Brandon Adkins, through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Amended and Supplemental Objections & Answers to Defendant 3M's First Set of Interrogatories to Plaintiff.   As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated:  August 20, 2020

**Respectfully Submitted,**

                    **BAILEY COWAN HECKAMAN PLLC**

                    BY:     */s/ Robert W. Cowan*
                            Robert W. Cowan
                            Texas Bar No. 24031976
                            K. Camp Bailey
                            Texas Bar No. 24006782
                            Aaron M. Heckaman
                            Texas Bar No. 24059920
                            5555 San Felipe St., Suite 900
                            Houston, Texas 77056
                            713-425-7100 Telephone
                            713-425-7101 Facsimile
                            rcowan@bchlaw.com
                            cbailey@bchlaw.com
                            aheckaman@bchlaw.com

is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.  Subject to and without waiving the foregoing general and specific objections, Plaintiff answers as follows:  I recall receiving hearing tests throughout my military service, from approximately 2004-2009, including before and after my deployments to Afghanistan.

**INTERROGATORY NO. 13:**

Describe in detail the injuries or conditions that You Allege were caused by Your use of the CAEv2, including but not limited to how the injuries or conditions affect Your ability to communicate and understand conversations or to detect, identify, localize and/or otherwise hear and attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this interrogatory seeks.  Plaintiff objects to this interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury," or "condition," and further fails define or explain "detect, identify, localize" and "attend to auditory signals, acoustic alarms and/or other relevant sounds in your environment."   Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties  have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.  Subject to and without waiving the foregoing general and specific objections, Plaintiff answers as follows:  My use of Defendants' defective CAEv2 caused my bilateral hearing loss and tinnitus.  Due to my tinnitus, I have a constant humming noise, which often causes headaches and migraines.  Additionally, my sleep is affected because of the constant humming noise.  I have difficulty hearing people, and often ask others to speak louder or repeat themselves.

**INTERROGATORY NO. 14:**

Identify All hearing assistive devices, ear drops, or any other devices, medications or therapies that have been prescribed by or recommended to You by a medical provider, including the date that You were prescribed, the name of the medical provider who prescribed such devices, and Any diagnoses made regarding Your hearing or ears in prescribing such devices.

**ANSWER:**

20

as well as any warranties created under state and federal statutes.

Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff states that Plaintiff has no knowledge other than that conveyed to Plaintiff by Counsel regarding the legal determination of which of Defendants' misrepresentations constituted warranties.

## INTERROGATORY NO. 52:

Identify All damages, losses, or expenses of Any nature whatsoever by category and the amount that You are claiming as a result of Your use of the CAEv2, including All events Described in the Master Long Form Complaint and Your Master Short Form Complaint.

## ANSWER:

Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and fails to define "damages" or "losses" or "category" or "events." *See* Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the expert or legal conclusions and opinions sought through this interrogatory—particularly in that it requires Plaintiff to itemize damages for intangible damages such as pain and suffering, impairment, and mental anguish.  Plaintiff is not required to have personal knowledge of or a personal opinion on any specific amount or offer any testimony on a specific amount of damages for intangibles as the subject(s) of damages and amounts thereof are uniquely within the purview of the jury.   Plaintiff objects on the ground that this interrogatory is premature as discovery is ongoing, and further, on the basis that interrogatories may not be used to require Plaintiff to marshal all of its available proof or the proof Plaintiff intends to offer at trial.

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks full calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff provides this response with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and of information revealed to counsel and to the Parties in the course of this litigation.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff responds as follows: As a result of my use of the CAEv2, I now suffer hearing loss and tinnitus and the all the severe consequences attendant thereto, the categories of damages attendant to which include (i) present diminished earning capacity, (ii) future diminished earning capacity, (iii) diminished quality of life, (iv) past and future medical  costs, (v) and ███████████████████████████████ ████████

Additionally, please see Plaintiff's forthcoming initial disclosures to be served in accordance with Order No. 1260.  Plaintiff reserves the right to supplement this  Interrogatory Response in light of further discovery and expert analyses, if any, conducted on the  foregoing.

**INTERROGATORY NO. 53:**

Other than the injuries that You Allege were caused by Your use of the CAEv2, Describe Any other physical injuries, illnesses, or disabilities that have resulted in loss of income or medical expenses, including the symptoms of the injuries, the date(s) of onset, the date(s) of diagnoses, and by whom it was first diagnosed.

**ANSWER:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs.  Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.  Plaintiff objects to this Interrogatory to the extent it requires into Plaintiff's "medical expenses" attendant to injuries not at issue here, which are irrelevant.

Subject to and without waiving the above objections, Plaintiff suffered a gunshot wound in 2007, and he experienced a  for which medical expenses were incurred during his military career.  Plaintiff also experienced a _____ in 2012 and 2015, which prevented him from working.  Plaintiff also suffers from _____  Plaintiff was first diagnosed with _____ around October 2007.

**INTERROGATORY NO. 54:**

If You are claiming or expect to claim hearing injury of any type and/or level of impairment as a result of Your use of the CAEv2, State the type and classification of that injury and/or level of impairment as it specifically relates to the Standards of Medical Fitness (or similar standards) for your military branch of service, and State what medical or audiometric provider communicated that type and classification to you and on what date.

**ANSWER:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

To the extent this Interrogatory seeks identification of a previously determined "type and classification" of injury, Plaintiff refers Defendant to records produced by the Government which are the best source of such information and which are equally available to both Parties. To the extent this Interrogatory seeks to require Plaintiff to newly create a "type and classification" analysis of Plaintiff's injury, Plaintiff objects on the basis that this Interrogatory prematurely seeks expert discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiff answers as follows: I suffer from bilateral hearing loss and tinnitus, which were caused by Defendants' defective CAEv2.

**INTERROGATORY NO. 55:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State the total number of days You missed from work because of Your injuries, whether You received Any disability, medical leave, or other income for those days You missed Allegedly due to Your injuries and, if so, the type and amount of such income.

**ANSWER:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts. Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff further objects to the extent that this Interrogatory limits Plaintiff's damages for "impairment of earning capacity" to number of days missed from work.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff answers as follows: I do not believe I have missed days from work, but the constant ringing/buzzing/humming sounds affects my ability to concentrate at work and be productive, which could certainly impair my earning capacity. I am not aware of any "medical leave, or other income" received for my hearing loss or tinnitus. I cannot calculate his "amount of such income" and will leave that calculation to forthcoming expert proofs, and I object to this Interrogatory as premature to the extent it would require expert discovery at this stage. Additionally, please see Plaintiff's forthcoming initial disclosures to be served in accordance with Order No. 1260. Plaintiff reserves all rights to amend this response as discovery develops, including expert discovery regarding damages.

**INTERROGATORY NO. 56:**

If You are claiming or expect to claim that You lost earnings or suffered an impairment of Your earning capacity as a result of Your use of the CAEv2, State whether You expect to return to employment following recovery from Your injuries. If You do expect to return to work, State when

Your return is expected, whether You are expected to return to the same or similar job, and the number of hours per week You expect to be working. If You do not expect to return to work, State why You are no longer able to work, if the same was confirmed by Any medical professional, and the name of the medical professional who confirmed the same, if any.

**ANSWER:**

Plaintiff objects to this Interrogatory as unduly burdensome to the extent it would require identification of anything other than facts.  Plaintiff objects to this Interrogatory to the extent it prematurely seeks calculation of damages, which may be the subject of forthcoming expert proofs. Plaintiff objects to this Interrogatory to the extent it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to any medical and employment records that may be responsive to this Interrogatory.

Subject to and without waiving Plaintiff's foregoing objections, Plaintiff intends to claim present diminished earning capacity and future diminished earning capacity. Plaintiff further responds as follows:  My earning capacity is diminished not only by my present hearing loss and tinnitus but also in that I have been placed in a position of heightened vulnerability to accelerated hearing loss in the future, and consequent further diminishment of earning capacity.  I refer Defendants to my response to Interrogatory No. 55.  The amount of my lost earnings attributable to my injury will be the subject of forthcoming expert proofs, and I object to this Interrogatory as premature to the extent it would require expert discovery at this stage.  Additionally, please see Plaintiff's forthcoming initial disclosures to be served in accordance with Order No. 1260.  Plaintiff reserves all right to amend this response as discovery develops, including expert discovery regarding damages.

**INTERROGATORY NO. 57:**

If You are claiming an impairment of Your earning capacity, State the impairment and the health care provider who diagnosed Your impairment.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, burdensome, vague, ambiguous and unclear, in part as it fails to define "impairment" or "earning capacity" or "diagnosed." *See* Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this interrogatory on the ground that it presupposes that a "healthcare provider" has the ability to diagnose an "impairment to [Plaintiff's potential] earning capacity," which may not be accurate, and to the extent it improperly conflates questions of fact with questions of law.  Plaintiff objects to this interrogatory to the extent  it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested  and provided within these Interrogatories; and/or may be better ascertained through other less