**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

On August 21, 2020, the Court conducted a telephone hearing at the request of the parties to address Defendants' Motion for Protective Order Concerning Plaintiffs' Notice of Rule 30(b)(6) Deposition.  ECF No. 1332.  Prior to the hearing, Plaintiffs filed a response in opposition to Defendants' motion.  ECF No. 1338.

For the reasons discussed on the record (which are fully incorporated herein) and those explained below, Defendants' motion is due to be **GRANTED IN PART and DENIED IN PART**.  This order is a non-exhaustive recitation of the arguments made by the parties, as well as the Court's reasoning.

## I.  BACKGROUND

This multidistrict litigation is a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). More than 100,000 Plaintiffs, including servicemembers, veterans, and civilians, assert state law claims for negligence and strict products liability based on design defect and failure-to-warn theories, as well as warranty, misrepresentation, fraud, gross negligence, negligence *per se*, and consumer-protection claims.  They are seeking damages for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2.

Discovery began on June 19, 2019.  The following day, the Court entered Case Management Order No. 2, which imposed an October 15, 2019, deadline for Plaintiffs to complete deposition(s) of Defendants' corporate representative(s) pursuant to Federal Rule of Civil Procedure 30(b)(6).  ECF No. 452.  At this early juncture (and proceeding into the beginning of 2020), the parties focused their discovery efforts on matters relevant to Defendants' assertion of the government contractor defense, but this did not exclude entirely discovery on the merits of Plaintiffs' claims. *See, e.g.*, ECF No. 924 (Jan. 21, 2020, Case Management Order No. 7).

Plaintiffs claim now that they were attempting to get a "lay of the land" before more targeted discovery efforts persisted.

Plaintiffs served their first Rule 30(b)(6) notice, addressing 34 topics, on July 17, 2019.  ECF No. 504.  Plaintiffs followed up with a second Rule 30(b)(6) notice, identifying 16 additional topics, on August 2, 2019.  ECF No. 1332-2.  Defendants designated three witnesses to address the topics in these notices—Elliot Berger, Brian Myers, and Doug Moses.  Plaintiffs deposed Mr. Moses on October 17, Mr. Myers on October 18, and Mr. Berger on November 13 and December 12.  Defendants contend that "extraordinary" efforts were undertaken to prepare their corporate representatives to testify, and they describe those efforts here in detail. ECF No. 1332 at 5–9.  Plaintiffs, meanwhile, say those depositions were met with "mixed results," including "instructions [by Defendants' counsel] not to answer or … statements that testimony was being provided only in an individual capacity … on topics defense counsel deemed (at the time) beyond the scope of Plaintiffs' notices[.]"  ECF No. 1338 at 8–9.

Discovery continued, and, in April 2020, the parties filed dueling motions for summary judgment on the applicability of the government contractor defense.  ECF Nos. 1071, 1072; *see also* ECF Nos. 1088, 1089.  Plaintiffs claim that after oral argument on the motions for summary

3

judgment on June 15, 2020, they "shifted the primary focus to general corporate discovery issues unrelated to the affirmative defenses[.]" ECF No. 1338 at 9. On June 29, 2020, the Court entered Pretrial Order No. 43, which imposed a corporate discovery deadline of September 1, 2020, for trials on the Bellwether Plaintiffs' claims. ECF No. 1204.

So begins this discovery dispute. Plaintiffs' counsel advised Defendants' counsel on July 17, 2020, that Plaintiffs intended to serve an additional Rule 30(b)(6) notice that addressed Defendants' subsidiary in Mexico (TJR/Aearo Mexico) and corporate net worth. ECF No. 1332-13. Plaintiffs served Defendants with their third Rule 30(b)(6) notice on July 27, 2020.[1] ECF No. 1332-14. The notice includes 22 topics, most of which do not relate to TJR/Aearo Mexico or Defendants' corporate net worth. *Id.* Following extensive meet and confers, Plaintiffs agreed to withdraw or narrow several topics in their notice. Defendants, on the other hand, state they offered to present a Rule 30(b)(6) witness on the topics relating to TJR/Aearo Mexico and that they will address "corporate net worth issues" on a "separate track in accordance with direction from the Court." ECF No. 1332 at 2, 12. Defendants' motion for a protective order challenges the

---

[1] Plaintiffs state in their response to Defendants' motion that they served this notice on July 24, 2020, the same day the Court entered the order denying Defendants' motion for summary judgment as to the government contractor defense. ECF No. 1338 at 9.

4

relevance or breadth of nine topics from the Rule 30(b)(6) notice—Topic Nos. 2, 3, 5, 10, 11, 12, 13, 17, and 18.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(6) governs the deposition of corporations and other business entities.  The rule provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6).  Although this rule "imposes burdens on both the discovering party and the designating party," its purpose is to "streamline the discovery process."  *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008).  The testimony of the Rule 30(b)(6) designee, known widely as the corporate representative, "represents the knowledge of the corporation, not of the individual deponents."  *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

"A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter[,]" and, therefore, "[t]he duty to produce a

5

prepared witness on designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Great Am. Ins. Co.*, 251 F.R.D. at 538–39.  There is no basis in the rule for the requesting party to demand "the most knowledgeable witness" and no burden on the responding party to seek out or produce such a person.  *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012).  The responding party, however, "has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena." *Id.*

Rule 30(b)(6) "implicitly requires the corporation to review all matters known or [reasonably] available to it in preparation for a … deposition." *Id.* at 690.  Preparing a corporate representative for deposition can be onerous, but this burden is a fair tradeoff for the "privilege of being able to use the corporate form in order to conduct business." *Taylor*, 166 F.R.D. at 362.  The responding party may not shirk its obligations under Rule 30(b)(6) by referring to documents or interrogatory responses stating the company's position on the noticed topics.  *QBE Ins. Corp.*, 277 F.R.D. at 689.

At least one federal court has recognized "there is no aspect of the Rules which … restricts a party to a single [Rule] 30(b)(6) deposition[.]" *Quality Aero Tech., Inc. v. Telemetrie Elektronic GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002).  A leading treatise urges flexibility in this area:

> As noted elsewhere, the one–deposition provision could be an obstacle to sensible handling of Rule 30(b)(6) organizational depositions.  Although such a deposition is properly regarded as the deposition of an organizational party, rigid insistence on adhering to the one–deposition rule in such circumstances would not make sense.
>
> By definition, such depositions are limited to certain enumerated topics, rather than covering all matters within the scope of discovery under Rule 26(b)(1).  Moreover, it may happen—as with an early Rule 30(b)(6) deposition to address a party's electronic information systems—that there is a strong reason to take such depositions early in the case, and in such circumstances it could readily be counterproductive for that early and narrow deposition to foreclose a later deposition addressed to the merits of the case.  Finally, the prime objective of the one–deposition provision in Rule 30(a) is to guard against imposing burdens on an individual deponent.  An organizational party subject to a Rule 30(b)(6) notice may designate whomever it chooses—or several different people—to testify.  As a result, the likelihood of the sort of imposition the rule guards against is quite small.  Indeed, because the selection of the designees may often depend on the topics listed in the notice, with a larger organization that likelihood may be almost nil.  For example, consider a products liability action against a major pharmaceutical company.  An information technology employee designated to testify in an early Rule 30(b)(6) deposition about information systems would be a peculiar choice to testify in a later 30(b)(6) deposition about the design, testing, or safety record of the pharmaceutical product in issue.

8A Wright & Miller, Federal Practice and Procedure § 2104 (3d ed.) (footnotes omitted).[2]

When it comes to Rule 30(b)(6), this Court is of the view that "[t]he proper operation of the rule does not require a process of objection and Court intervention prior to the deposition regarding disputed topic designations." *F.D.I.C. v. Brudnicki*, No. 5:12-cv-398-RS-GRJ, 2013 WL 5814494, at *2 (N.D. Fla. Oct. 29, 2013). Nevertheless, Federal Rule of Civil Procedure 26(c) authorizes the Court, upon a showing of good cause by the party from whom discovery is sought, to issue an order protecting the party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court must also "limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that" the discovery sought is "unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

---

[2] It bears mentioning here that Defendants have not raised the argument that Plaintiffs were required to obtain leave of court under Rule 30(a) to serve its most recent Rule 30(b)(6) notice, *see, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, No. 03-C-2576, MDL No. 1536, 2005 WL 1994105, at * (N.D. Ill. Aug. 19, 2005), thereby waiving this contention.

8

"The party seeking a protective order has the burden of showing good cause which must be demonstrated with a particularity, and stereotyped, conclusory statements will not suffice." *Doe v. St. John's Episcopal Day School Inc.*, No. 8:13-cv-2467-T-27EAJ, 2015 WL 12839273, at *1 (M.D. Fla. Mar. 27, 2015) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)[3]).[4]  It is a heavy burden to show good cause for precluding a deposition altogether, and such requests are routinely denied absent a demonstration of extraordinary circumstances.  *See Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005) (collecting cases).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[4] *See also In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) ("'Good cause'" is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."); *Boca Raton Cmty. Hosp., Inc. v. Great-West Healthcare of Fla.*, No. 06-80750-CIV, 2008 WL 11406061, at *2 (S.D. Fla. May 28, 2008) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal citations omitted)).

9

## III.  DISCUSSION

The arguments in Defendants' motion are divided neatly into three sections: (1) the timeliness of Plaintiffs' Rule 30(b)(6) notice; (2) topic-by-topic challenges; and (3) designation of prior testimony as corporate testimony.  The Court will address each in turn.

### A.    Timeliness of Plaintiffs' July Rule 30(b)(6) Notice

Defendants contend that Plaintiffs' July Rule 30(b)(6) notice is improper altogether because it seeks discovery on "duplicative topics when [Plaintiffs] have been given ample opportunity to obtain the discovery now sought."  ECF No. 1332 at 14; *see also id.* at 14–17.  The record belies this argument.

First, the window for corporate discovery was wide open when Plaintiffs served their most recent Rule 30(b)(6) Notice.  This is not a case where a party moves to reopen the discovery period to take a Rule 30(b)(6) deposition it should have taken earlier.  Second, the initial Rule 30(b)(6) depositions were held at an earlier, materially different stage of this litigation—when the discovery period focused principally on the government contractor defense.  ECF No. 1338 at 10–11.  Defendants' discovery productions have continued since then, and Plaintiffs have learned new information that supports their instant request to address (at least some) of

10

these discrete topics in a corporate representative deposition. Third, and finally, the Court is not persuaded that the July Rule 30(b)(6) notice will allow Plaintiffs to examine Defendants on topics they previously noticed *and* had a meaningful opportunity to address at a prior Rule 30(b)(6) deposition.

The two cases from other district courts cited by Defendants are inapposite. *Blackwell* is a nonstarter because the dispute there was whether the Court "should now give leave to Plaintiff to take a second [Rule] 30(b)(6) deposition." *Blackwell v. City & Cty. of San Francisco*, No. C-07-4629-SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010). Defendants have not raised the argument that Plaintiffs were required to seek leave of court under Rule 30(a) for a second Rule 30(b)(6) deposition. In any event, the requesting party in *Blackwell* sought a second Rule 30(b)(6) deposition based solely on the discovery of a previously available court decision that supported a new legal theory for his cause of action. *Id.* at 2. Plaintiffs make a more forceful showing here based "on the substantial production of evidence since the first round of corporate discovery." ECF No. 1338 at 11. That distinction makes the difference.

The case of *Bondhus v. Provident Life and Accident Ins. Co.*, No. 08-20538-CIV, 2008 WL 11331762, at *1 (S.D. Fla. Sept. 17, 2008), is likewise

11

inapt. The requesting party in *Bondhus* sought to depose a defendant's corporate representative for a second time on "many of the issues already addressed" at an earlier deposition. *Id.* His only argument in support of this request was that "the earlier [Rule] 30(b)(6) witness's answers were insufficient and non-compliant with the scope of the deposition notice[.]" *Id.* As explained above, Plaintiffs are not seeking further testimony on topics in issue they previously noticed and had a meaningful opportunity to address at a prior Rule 30(b)(6) deposition. Plaintiffs, instead, contend that a new Rule 30(b)(6) deposition is necessary to examine Defendants on "new documents and new topics post-summary judgment." ECF No. 1338 at 12.

In sum, the task at hand is ensuring that a party is not responsible for designating a corporate representative to address topics that were covered in an earlier Rule 30(b)(6) deposition. This is a situation where Plaintiffs' most recent Rule 30(b)(6) notice falls well within the bounds of discovery because it seeks to examine Defendants on topics reflecting information that was not previously known to them. Plaintiffs' July Rule 30(b)(6) notice, therefore, is timely and procedurally proper.

### B. Topic-By-Topic Challenges

*i) Topic Nos. 2, 5, and 10*

Topic No. 2 addresses "[t]he 'blister pack' containers of the CAEv2, including their assembly, testing, distribution, and sale to the U.S. Government and to any other entity." ECF No. 1332-14 at 7. Plaintiffs assert that in 2014 Defendants removed "fitting tip" language from the blister pack. At Mr. Myers' Rule 30(b)(6) deposition, Plaintiffs asked him how Defendants determined what information to include on the labeling of an earplug, but he deferred to the decisions of 3M's "technical group" and one employee (Cyd Kladden). Similarly, Mr. Moses testified during his Rule 30(b)(6) deposition that a technical group told him what language to include on CAEv2 packaging. Topic No. 2 is closely related to Topic No. 5, concerning Defendants' "process for determining the language and other information contained within all published labels and packing for the 3M Earplugs," and Topic No. 10, concerning "[a]ll communications described in Defendants' October 18, 2019 Rule 30(b)(6) deposition as having taken place between Mr. Myers and the entity or persons referred to as 3M's 'technical group' or 'somebody from technical' or 'technical,' and all activities that any such entities or persons engaged in related to those communications." *Id.* at 8–9.

13

Dressed down, the dispute between the parties is whether Defendants previously provided substantive testimony on these topics. The Court, after hearing arguments from the parties and reviewing the relevant exhibits, concludes that Defendants have not shown good cause for a protective order as to Topic Nos. 2, 5, and 10. Plaintiffs are entitled to examine Defendants on these topics. Mr. Myers testified regarding the labeling of "blister packs," but that testimony was in his personal capacity. Moreover, subsequent discovery demonstrates that Defendants' prior references to the decisions of a technical group warrant further examination. The Court is not convinced that preparing a corporate representative for deposition on these topics—specifically pertaining to changes to the labeling, reasons for the change, when the changes were made, and who made them—is unduly burdensome.

    *ii)    Topic No. 3*

Topic No. 3 addresses "[a]ll visits, communications, or other contacts between any 3M agent and any individual Duty Station to which any Bellwether Plaintiff was assigned, as identified in Bellwether Plaintiffs' Interrogatories and Bellwether Plaintiffs' Interrogatory Responses[,]" including "any presentations[.]" ECF No. 1332-14 at 8. Defendants argue this topic is improper because they made Mr. Moses available to testify as

14

a corporate representative on at least six topics they claim overlap with Topic No. 3. They also point to their interrogatory responses as a reasonable source for this extensive information. Plaintiffs assert, in response, that this is case-specific discovery tethered to the Bellwether Plaintiffs' duty stations and cannot be untimely because the Bellwether Plaintiffs were selected after the initial Rule 30(b)(6) depositions.

The Court agrees that Topic No. 3 timely seeks case-specific discovery, and Defendants fail to satisfy the necessary showing for a protective order. Defendants' argument that this topic is cumulative or redundant in view of their interrogatory responses also misses the mark because they may not avoid their obligations under Rule 30(b)(6) by referring to other discovery responses. *QBE Ins. Corp.*, 277 F.R.D. at 689.[5] Defendants are required to designate at least one representative who may testify reasonably about all communications or contacts between Defendants and the Bellwether Plaintiffs' individual duty stations. The

---

[5] *See also Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered."); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("Nothing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory. An attempt to so limit a Rule 30(b)(6) deposition is not warranted.").

Court expects that the parties will resolve any lingering disputes regarding what duty stations are responsive to Topic No. 3.

### iii) Topic No. 11

Topic No. 11 addresses Defendants' "actual or contemplated use of patents or any other intellectual property protections in order to protect your monopoly on the 3M Earplugs[.]" ECF No. 1332-14 at 9. Defendants argue this topic takes aim at their legal contentions and theories, which is beyond the scope of any Rule 30(b)(6) deposition. A corporate representative, however, can be called to testify about "the corporation's position, beliefs[,] and opinions." *QBE Ins. Corp.*, 277 F.R.D. at 689. Plaintiffs also explain why Topic No. 11 seeks factual discovery regarding whether Defendants' "patent applicability, intellectual property rights, or other similar considerations affected the company's design decisions, licensing agreements with the French designers, the lack of consideration or rejection of reasonable alternative or feasible designs, and the effort to foreclose competition from other safer alternative plugs." ECF No. 1338 at 20–21.

The Court concludes that Defendants have shown good cause for a protective order as to Topic No. 11. Topic No. 11 seeks discovery that is neither relevant nor proportional to the claims at issue in this litigation,

16

which makes preparation for a Rule 30(b)(6) deposition on this broad topic an undue burden or expense.

        *iv)    Topic No. 12*

Topic No. 12 addresses the "identity of all third-party entities or persons involved in the marketing, advertising, or sales of the 3M Earplugs, and the substance, scope, and purpose of any marketing, advertising, or sales campaign relating to the 3M Earplugs, including consumer marketing, advertising, or sales campaigns." ECF No. 1332-14 at 10. Defendants say this discovery is cumulative because they designated Mr. Moses as a corporate representative to testify regarding this topic. Plaintiffs argue that Mr. Moses was unprepared to address this topic and could not provide information as to who was the responsible party or "point person" for third-party marketers. Although this type of argument would have better leant itself to a motion to compel following Mr. Moses' deposition, Plaintiffs are entitled to this information and discovery has not concluded. Defendants' motion for a protective order as to Topic No. 12 is denied.

        *v)    Topic No. 13*

Topic No. 13 addresses "Operation Cobra," a marketing initiative by Defendants involving the United States military and CAEv2. ECF No. 1332-14 at 10. Defendants argue, again, that this discovery is cumulative

because they designated Mr. Moses as a corporate representative to testify regarding all marketing strategies and campaigns for the CAEv2. Plaintiffs, however, point out that Defendants did not produce documents referencing Operation Cobra until March 2020, after Mr. Moses' deposition, and that Mr. Myers was the custodian for these documents.

Defendants' motion for a protective order as to Topic No. 13 is denied. This is a relevant topic where Plaintiffs do not have corporate testimony because it only came to light after the earlier Rule 30(b)(6) depositions. Although Plaintiffs learned about Operation Cobra earlier this year and could have noticed a Rule 30(b)(6) deposition on the matter sooner, COVID-19 and the emphasis on the government contractor defense offer justifications for any delay.

      *vi)*    *Topic Nos. 17 and 18*

Topic Nos. 17 and 18 address, with reasonable particularity, Defendants' knowledge, discussions, and considerations of alternative designs for the CAEv2, including changes to the product's specifications. ECF No. 1332-14 at 11–12. There is no question this is a highly relevant area of inquiry for Plaintiffs. Defendants argue, one last time, that this discovery is cumulative because they designated Mr. Berger as a corporate representative to testify regarding the design of the CAEv2 and design-

related decisions.  Plaintiffs say the previously noticed topics did not address alternative designs, were relevant to the government contractor defense, and did not "scratch the surface of" the issue of alternative designs.

Although there was earlier Rule 30(b)(6) testimony regarding alternative designs to the extent there were changes to the design of the CAEv2 or other relevant considerations, this issue has developed with discovery.  The Court is not persuaded that the requested discovery is unreasonably cumulative or that designating a corporate representative to testify regarding these topics would be an undue burden or expense.  Defendants, therefore, fail to show good cause for a protective order.

    **C.    Designation of Prior Testimony as Corporate Testimony**

In the alternative to a protective order, Defendants request leave of court "to designate testimony from prior fact witness depositions instead of taking on the burden of additional [Rule] 30(b)(6) depositions."  ECF No. 1332 at 30–31.  There is no legal basis for this request.  Although Rule 30(b)(6) does not prohibit a corporation "from adopting the testimony or position taken by other witnesses in a case," *Fraser Yachts Fla., Inc. v. Milne*, No. 05-21168-CIV, 2007 WL 1113251, at *2 (S.D. Fla. Apr. 13, 2007), designation of this sort is not in lieu of a corporate representative

deposition. It "still require[s] a corporate designee to formally provide testimony that the corporation's position is that of another witness." *QBE Ins. Corp.*, 277 F.R.D. at 691. Consequently, Defendants' request must be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED**:

Defendants' Motion for Protective Order Concerning Plaintiffs' Notice of Rule 30(b)(6) Deposition, ECF No. 1332, is **GRANTED IN PART and DENIED IN PART**. Defendants are entitled to a protective order only as to Topic No. 11 of Plaintiffs' July Rule 30(b)(6) Notice and not as to Topic Nos. 2, 3, 5, 10, 12, 13, 17, and 18. Additionally, Defendants may not designate testimony from prior fact witness depositions in lieu of producing a corporate representative for a Rule 30(b)(6) deposition.

**DONE AND ORDERED** this 24th day of August 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge