# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

|  |  |  |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PROUCTS LIABILITY LITIGATION | ) ) ) ) | No. 3:19-md-02885-MCR-GRJ |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) | |

## CENTERS FOR DISEASE CONTROL AND PREVENTION'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL, ECF NO. 1317

### INTRODUCTION

Defendants, 3M Company and certain of its subsidiaries, have moved for an order compelling non-party Centers for Disease Control and Prevention (CDC) to produce Dr. William J. Murphy for deposition.  Def. Mot. Compel against CDC (Aug. 12, 2020), ECF No. 1371 at 1.  Defendants' motion is moot in view of the orders pertaining to discovery against the government that the Court issued on August 20, 2020.  The motion should therefore be denied.

### FACTUAL BACKGROUND

"This is a multidistrict products liability action against Defendants for damages related to Plaintiffs' use of the Combat Arms Earplug ('CAEv2')."  Order (July 24, 2020), ECF No. 1280, at 1.  The CAEv2 was developed and produced by defendants and sold by defendants to the U.S. Army.  *See id.* at 8-9, 11, 14.

Certain of the plaintiffs allegedly "used the [CAEv2] during their military service" and "suffered hearing-related injuries and sequelae thereto as a result of [their doing so]." Master Long Form Compl. [etc.] (Sept. 20, 2019), ECF No. 704, ¶¶ 4, 13.

Dr. Murphy is "an employee of the National Institute for Occupational Safety and Health (NIOSH), within [CDC], a component of the Department of Health and Human Services [(HHS)]." Letter from Redfield to Wasdin (July 23, 2020), ECF No. 1317-2, at 1. Defendants submitted a *Touhy* request to HHS by letter dated January 9, 2020, Letter from Nomellini to Redfield, ECF No. 1371-1, at 1, and a revised *Touhy* request to HHS by letter dated February 6, 2020. Letter from Wasdin to Redfield, Ex. A hereto, at 1. Defendants asked in the revised *Touhy* request for permission to interview and depose Dr. Murphy to "help aid the Court's desire that the parties complete government discovery related to the federal government contractor defense in a timely manner." *Id.* at 5.

The parties filed cross motions for summary judgment on the government contractor defense on April 1, 2020. ECF No. 1072 (plaintiffs' motion); ECF No. 1071 (defendants' motion). "[F]ind[ing] the record evidence insufficient, as a matter of law, to establish the elements of the government contractor defense to any of Plaintiffs' claims," the Court granted plaintiffs' motion for summary

judgment and denied defendants' cross motion for summary judgment by order

dated July 24, 2020.  Order, ECF No. 1280, at 1.

CDC responded to defendants' revised *Touhy* request by letter dated July 23,

2020.  Letter Redfield to Wasdin, ECF No. 1317-2, at 1.  CDC stated in its

response that it had "determined that [Dr.] Murphy's providing a declaration [and

certain records] in lieu of an interview and deposition" would be "appropriate and

in the best interests of NIOSH" because his doing so would "avoid significant

interruption of [his] official duties as a federal government employee" and thus be

"less burdensome on [NIOSH]" and "more time efficient."  *Id.* at 2.  CDC also

stated in its response that "the provision of information in the form of a declaration

[would be] a more suitable approach given Dr. Murphy's minor role in this matter

and the ever-present demands that have been placed on NIOSH, CDC and [HHS]

in responding to the ongoing Coronavirus Disease 2019 pandemic." *Id.*

HHS sent defendants the declaration of Dr. Murphy described in its response

by email dated July 30, 2020.  Dr. Murphy said in his declaration that he had

"managed several research projects related to understanding the performance of

hearing protection devices" in his "official capacity as a research physicist with

NIOSH" and that "[s]ome of the devices [were] passive linear earplugs, earmuffs,

and semi-aural insert devices."  Decl. of William J. Murphy (July 29, 2020), ECF

No. 1317-3, ¶ 2.  He then discussed two studies that involved CAEv2 testing, one

entitled *Attenuation of Measurement of Passive Linear and Nonlinear Hearing Protectors for Impulse Noise*, *see id.* ¶¶ 6-9 & Ex. A, and one entitled *Impulse Peak Insertion Loss for Hearing Protection Devices Tested with an Acoustic Shock Tube. See id.* ¶¶ 10-12 & Ex. B. Dr. Murphy closed his declaration by saying: "I have had other deliberations about how electroacoustic models of hearing protectors might be created, implemented and tested. To date, none of the presentations about hearing protector models has included the CAEv2 product." *Id.* ¶ 16.

Defendants served a subpoena on Dr. Murphy on or about August 25, 2020. The subpoena calls for Dr. Murphy to appear for deposition in Cincinnati, Ohio, on September 9, 2020, and to produce certain documents at the deposition.

## ARGUMENT

## DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED AS MOOT.

Defendants moved earlier in this litigation to compel non-party Department of Defense (DoD) to comply with certain *Touhy* requests issued to DoD by defendants. Def. Mot. Compel against DoD (July 1, 2020), ECF No. 1211, at 2. DoD responded to defendants' motion by contending, among other things, that the Court did not have personal jurisdiction over DoD because defendants had not issued a summons or subpoena to DoD and that defendants' *Touhy* requests were unenforceable by motion to compel because defendants had not issued a subpoena

to DoD.  Opp'n DoD Def. Renewed Mot. Compel (July 15, 2020), ECF No. 1253, at 7-12; DoD Obj'ns to Rep. & Recommend. [etc.] (Aug. 13, 2020), ECF No. 1320, at 16-26.

Responding to defendants' contentions by order dated August 20, 2020, the Court directed "the parties to this litigation to issue appropriate subpoenas for any Government witness deposition and any Government documents, pursuant to Fed. R. Civ. P. 45" and said: "This Order applies to all Government witness depositions and document requests going forward as well as to those that are the subject of Defendants' pending Motion to Compel [against DoD]."  Pretrial Order No. 50, ECF No. 1340, at 2.  Stating that Pretrial Order No. 50 would "provide [DoD] with an opportunity to respond" to any subpoena issued to it, the Court denied defendants' motion to compel against DoD as moot by separate order dated August 20, 2020.  Order, ECF No. 1341, at 2.

Defendants' motion to compel against CDC is indistinguishable from defendants' motion to compel against DoD and is moot for the same reason that defendants' motion to compel against DoD was moot.  CDC has "an opportunity to respond" to the subpoena that defendants now have served on Dr. Murphy.  *See* Order, ECF No. 1341, at 2.  Defendants' motion to compel against CDC is now a relic that serves no purpose.  It should therefore be denied.

## CONCLUSION

Defendants' motion to compel should be denied for the reasons set forth above.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

LAWRENCE KEEFE
United States Attorney

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12020
Washington, D.C.  20530
Tel: (202) 514-4469/Fax: (202) 616-8460
E-mail: david.glass@usdoj.gov
Attorneys for the Centers for Disease
Dated: August 26, 2020                Control and Prevention

## CERTIFICATE OF SERVICE

I certify that I served the within memorandum on all counsel of record by filing it with the Court by means of its ECF system on August 26, 2020.

s/ *David M. Glass*

## CERTIFICATE UNDER N.D. FLA. LOC. R. 7.1(F)

I certify that the within memorandum contains 1,068 words based on the word-processing software used to prepare it.

s/ *David M. Glass*