**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,                                            Case No. 3:19-md-2885

                                                       Judge M. Casey Rodgers
                                                       Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

Pending before the Court is Defendants' Motion to Compel Against

the Centers for Disease Control ("CDC"), filed on August 12, 2020.  ECF

No. 1317.  Defendants challenge the CDC's response to a request to

depose a current employee of the CDC, Dr. William Murphy.  ECF No.

1317-1.  Yesterday, the CDC filed its response in opposition to Defendants'

motion to compel.  ECF No. 1352.  The CDC argues that the motion is

moot in view of Pretrial Order No. 50.  ECF No. 1352 at 1.  The motion is

ripe for consideration.

The CDC is housed within the Department of Health and Human

Services, which has adopted regulations pursuant to the Housekeeping

Statute, 5 U.S.C. § 301, and *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462

(1951)—so-called "*Touhy* regulations"[1]—concerning testimony by agency employees and the production of government documents.  *See* 45 C.F.R. §§ 2.1-2.4.  Because a federal agency does not have unfettered discretion to withhold discovery from federal litigants (either in the form of records or testimony),[2] an agency's application of *Touhy* regulations does not escape judicial review.  As Defendants and the Department acknowledge, the Eleventh Circuit cabins such review to the Administrative Procedure Act ("APA") rather than Federal Rule of Civil Procedure 45.  *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).  A reviewing court may set aside a final agency action under the APA if it concludes the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law[,]" in addition to other reasons.  § 706(2).  The party seeking review of an agency's application of its *Touhy* regulations

---

[1] *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991); *see also Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011).

[2] In *Touhy*, the Supreme Court did not create or endorse an executive privilege for federal agencies to resist entirely discovery efforts.  *N.L.R.B. v. Capitol Fish Co.*, 294 F.2d 868, 875 (5th Cir. 1961).  Only two years after *Touhy*, the Supreme Court emphasized that "[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."  *United States v. Reynolds*, 345 U.S. 1, 9–10 (1953).  And in 1958, Congress amended the Housekeeping Statute in 1958 to state: "This section does not authorize withholding information from the public or limiting the availability of records to the public."  5 U.S.C. § 301; *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 777–78 (9th Cir. 1994) (discussing the 1958 amendment to the Housekeeping Statute).

may file a motion to compel in the existing action in lieu of initiating an ancillary proceeding under the APA.[3]

This is Defendants' second motion to compel under the APA.  In response to the first motion against the Department of Defense ("DoD"), ECF No. 1211, the DoD argued that it was not subject to the Court's personal jurisdiction because Defendants failed to effect service of process by issuing a subpoena, ECF No. 1253.  In a report and recommendation, the undersigned concluded that DoD waived its objection to personal jurisdiction and that the exercise of personal jurisdiction was not unconstitutional.  ECF No. 1292 at 17–19.[4]

DoD objected to the report and recommendation, ECF No. 1320, and on August 20, 2020, the Court entered Pretrial Order No. 50.  ECF No. 1340.  The Court explained that "the parties' practice of not issuing subpoenas for [g]overnment witnesses and documents," although

---

[3] *See Forgione v. HCA Inc.*, 954 F. Supp. 2d 1349, 1353 (N.D. Fla. 2013) ("Significant delay and inconvenience will be avoided simply by construing the instant action as arising under the APA."); *Ceroni v. 4Front Engineered Sols., Inc.*, 793 F. Supp. 2d 1268, 1275 (D. Colo. 2011) ("[T]he proper procedure is for the federal court, on the filing of a motion to compel or for protective order, to review the discovery dispute in the pending action."); *Johnson v. Folino*, 528 F. Supp. 2d 548, 550 (E.D. Pa. 2007) ("The Court has jurisdiction to determine this discovery dispute; petitioner need not file an ancillary proceeding under the APA.").

[4] Specifically, Major Collin Evans (on behalf of the DoD) instructed the parties to *not* send subpoenas for their discovery requests because, in its opinion, the subpoenas would have no legal effect.  ECF No. 399 at 33–34.  Major Evans also assured the Court that if "information [was] not coming quickly enough" it would abide by this Court's order directing production.  *Id.* at 37–38.

understandable, "is complicating matters and interfering with the fair and efficient progress of discovery[.]"  *Id.* at 3.  The Court, consequently, directed the parties to issue appropriate subpoenas for any government witness depositions or document productions.  *Id.* at 2.

The CDC says that after Defendants filed their motion to compel on August 12, 2020, Defendants served a subpoena on Dr. Murphy on August 25, 2020, which requires him to appear for deposition on September 9, 2020, and to produce certain documents at the deposition.  ECF No. 1352 at 4.  The Court concludes this subsequent action moots the discovery dispute concerning the CDC's response to Defendants' earlier *Touhy* request.  *See* ECF No. 1341 (denying Defendants' motion to compel against the DoD following PTO 50).  Defendants' motion, therefore, is due to be denied as moot.  Should a motion to compel be necessary following the subpoena process, Defendants may renew their arguments at that time.

Accordingly, it is **ORDERED**:

Defendants' Motion to Compel Against the Centers for Disease Control, ECF No. 1317, is **DENIED as moot**.

**DONE AND ORDERED** this 27th day of August 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

4