UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## CASE MANAGEMENT ORDER NO. 15

The Fifteenth Case Management Conference (CMC) in this matter was held on August 28, 2020. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.

**I. Joint Agenda**

Pursuant to Case Management Order No. 2 (ECF No. 452), the parties are required to submit a joint proposed agenda for the Court's review seven days before the CMC. Going forward, the agenda will be posted on the 3M MDL website (http://www.flnd.uscourts.gov/mdl2885) shortly after the parties submit the joint agenda to the Court.

**II. Individual Counsel for Bellwether Plaintiffs**

At least one individual counsel of record for each of the bellwether plaintiffs (hereinafter "bellwether counsel") were asked to appear by phone or in person at the preconference and by video or in person at the CMC. As stated at both the preconference and CMC, the undersigned expects that bellwether counsel will be

responsible for addressing the Court regarding any discovery, pretrial, and trial disputes and matters going forward, regardless of Leadership counsel's involvement in the case. If Leadership counsel enter appearances in a bellwether case, they are considered counsel of record and will also be responsible to the Court for addressing case-specific matters.

Additionally, bellwether counsel will regularly meet and confer with defense counsel regarding any discovery and other disputes in an effort to resolve them before an upcoming CMC. If additional conferences involving the Court would be helpful, the parties should promptly advise the Court.

Relatedly, going forward, at least one bellwether counsel for those bellwether cases with matters included on the joint agenda for any upcoming CMCs must appear at the preconference and CMC in person or by video conference. Other bellwether counsel are welcome to appear by telephone, but attendance is not required if bellwether counsel's case is not part of any matter for discussion on the joint agenda.

Finally, as stated on the record at the CMC, timekeeping for time spent working on bellwether cases is currently being categorized separately and apart from common benefit time. The Court will make final determinations on whether and what time will be considered common benefit at a later date.

### III. Choice of Law Committee

The parties have received clarity from the Court by email and at the August 14, 2020 bi-weekly Leadership teleconference on the substance of the choice of law chart requested by the Court at the 14th CMC. The chart is due to the Court on September 11, 2020, one week before the September CMC.

### IV. Depositions of Government Witnesses

In an effort to avoid scheduling problems and ensure that both sides have sufficient time to prepare for depositions, the parties will create a live calendar and/or chart that will be updated in real time with information about the deposition/witness as soon as it becomes available. This calendar and/or chart should also be shared with the Government, Judge Dave Herndon, and the Court.

Dr. Christina Lee's deposition, which had been scheduled for Monday, August 31, is postponed due to the late notice confirming her deposition.

### V. Document Stipulations to Narrow Scope of Case-Specific Bellwether Depositions

The parties continue to meet and confer with the assistance of Judge Herndon on a joint stipulation regarding authenticity and the business records exception to the hearsay rule for Government records and 3M records. Although the Court prefers that a stipulation be reached, a stipulation is not required by the Court. In the event a stipulation is not reached, the Court will discuss with the parties a process by which the Court will review specific document objections and determine whether a

deposition for authenticating and addressing hearsay and/or foundational issues will be helpful to the Court in resolving the issue before trial.

## VI. Other Discovery Matters

### a. Initial Disclosures

The parties will meet and confer on their Rule 26 disclosures obligations. No witness will testify at trial who has not been previously timely disclosed and the other side given an opportunity to depose.

### b. Deposition of 3M Employee Annette Shavers Childress

The Plaintiffs may depose Annette Childress in her individual capacity on the same day as her Rule 30(b)(6) deposition. Ms. Childress must be deposed on or before September 25, 2020.

### Technology Assisted Review ("TAR") Process

The parties will file a joint notice on the record informing the Court when the TAR review is complete.

### c. Plaintiffs' Rule 26(a)(2) Expert Disclosures

Plaintiffs' Rule 26(a)(2) Expert Disclosures are due on October 2, 2020, per Pretrial Order No. 43 (ECF No. 1204). In light of the additional data recently discovered by Defendants that is currently being reviewed pursuant to the Supplemental TAR Protocol, Plaintiffs may request leave of this Court to supplement their expert reports, if necessary.

**VII.   Upcoming Case Management Conferences**

Case management conferences through the end of the year are scheduled on the following dates at 10 am Central:

September 18, 2020

October 16, 2020

November 20, 2020

December 14, 2020

**SO ORDERED**, on this 1st day of September 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/GRJ