UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

This Document Relates to All Cases

Case No. 3:19md2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

**ORDER**

This matter is before the Court on Defendants' Objection to a portion of the Magistrate Judge's Order dated July 17, 2020 ("the Order"), *see* ECF No. 1258, denying their motion to compel production of unredacted records from the Department of Defense and VA concerning substance abuse and mental health issues for Plaintiff Vernon Rowe.  *See* ECF No. 1297.  On consideration, the objection is overruled.

A district court may "modify or set aside" a magistrate judge's order on a nondispositive pretrial matter only where the order is "clearly erroneous or contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "Clear error is a highly deferential standard of review."  *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).  Factual findings are "clearly erroneous" where "although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id*.  An order is "contrary to law" where "it fails to apply or misapplies

relevant statutes, case law, or rules of procedure." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013).

Here, the Magistrate Judge conducted an *in camera* review of redacted and unredacted versions of a number of the challenged records for Rowe, which were specifically identified by Defendants, and found, based on Fed R. Civ. P. 26(b)(1), that the records were not relevant to Rowe's claims or proportional to the needs of his case. Defendants did not object to the Magistrate Judge's ruling on proportionality, which amounts to waiver of any such objection. *See Bobadilla v. Aurora Loan Serv.*, LLC, 478 F. App'x 625, 627 (11th Cir. 2012) (holding that a party waived any objections to a particular ruling in a magistrate judge's order where no specific challenge to the ruling was raised in the party's objections to the order). Because proportionality is a requirement for discoverability, *see* Fed. R. Civ. P. 26(b)(1), and the Magistrate Judge's proportionality ruling stands uncontested, Defendants' objection to the Order on relevance grounds is essentially moot. In any event, the Court has now reviewed the challenged records (both redacted and unredacted versions) and agrees with the Magistrate Judge that the withheld information is too "far afield" from the issues in Rowe's case to be relevant under Rule 26(b)(1). *See* Hearing Transcript, ECF No. 1263 at 51. The Magistrate Judge committed no mistake; therefore, his findings are not clearly erroneous.

Accordingly, Defendants' Objection to the July 17 Order, ECF No. 1297, is **OVERRULED**.

**SO ORDERED**, on this 8th day of September, 2020.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**