# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION )<br>)<br>) | Case No. 3:19-md-2885 |
| ) | |
| This Document Relates to All Cases ) | Judge M. Casey Rodgers |
| | Magistrate Judge Gary R. Jones |

## DEFENDANTS' MOTION TO COMPEL
## AGAINST THE CENTERS FOR DISEASE CONTROL

Defendants respectfully move that the Court compel the Centers for Disease Control to produce all documents and communications related to all testing of the CAEv2, both published and unpublished, conducted by its employee Dr. William Murphy.

## BACKGROUND

Dr. Murphy is a research physicist at the National Institute for Occupational Safety and Health (NIOSH), a federal agency within the Centers for Disease Control (CDC), which in turn is housed within the Department of Health and Human Services (DHHS). DHHS, like most federal agencies, has enacted a set of "*Touhy*" regulations—named after the Supreme Court case that gave rise to them, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)—that govern the Department's responses to third-party discovery requests in civil litigation. *See* 45 C.F.R. §§ 2.1-2.4

Dr. Murphy has spent his career at NIOSH researching hearing loss prevention. Documents produced early in the litigation revealed that Dr. Murphy had conducted testing on the CAEv2 as early as October 2001 and as late as December 2014, and had communicated some of his findings to Dr. Doug Ohlin and representatives from Aearo. (Ex. A at 4 n. 2.) On January 9, 2020, Defendants made a *Touhy* request to collect documents from and depose Dr. Murphy regarding his testing and any communications with Dr. Ohlin or others in the military regarding that testing. (Ex. A.) Defendants submitted an amended letter on February 6, 2020. (Ex. B.)

More than seven months later, on July 23, 2020, CDC Director Robert Redfield responded to Defendants' *Touhy* request. (Ex. C.) The CDC denied Defendants' request to depose Dr. Murphy and produced two studies involving the CAEv2, as well as an email related to one of the studies. (*Id.* at 2.) The CDC noted that "any documents on the testing and results concerning the CAEv2 *that were finalized and published* by NIOSH were provided to [Defendants] prior to this Touhy request." (*Id.* (emphasis added)) Dr. Murphy also provided a declaration that discussed the two studies, and stated that he "ha[d] not been authorized to address any testing I conducted *that was not published*." (Ex. D at ¶ 5. (emphasis added))

Defendants filed a motion to compel with respect to Dr. Murphy on August 12, 2020, specifically seeking information about unpublished testing Dr. Murphy

2

conducted.  (Dkt. 1317.)  After the Court ordered the parties to serve subpoenas on the United States in connection with their discovery requests, Judge Jones dismissed the motion to compel as moot.  (Dkt. 1358.)

On August 26, 2020, Defendants served subpoenas on Dr. Murphy and the CDC seeking the deposition of Dr. Murphy and all of the testing documents and communications requested in Defendants' *Touhy* letter.  (Ex. E; Ex. F)  The United States objected to the document subpoena on September 8, (Ex. G), and filed a motion to quash the subpoena for Dr. Murphy's deposition in the Southern District of Ohio.  (Ex. H.)  This motion concerns only the subpoena for documents.[1]  Defendants have moved to transfer the United States' motion to quash the subpoena for Dr. Murphy's deposition to this Court.

## ARGUMENT

The CDC's decision to limit its production to documents and communications related to *published* studies of the CAEv2 is completely unexplained and thus arbitrary and capricious.  Unpublished test results are no less relevant to this litigation than published studies.  Any data collected on the capabilities of the

---

[1] The weight of authority holds that an MDL judge's authority under 28 U.S.C. § 1407(b) to conduct "consolidated pretrial proceedings" includes the power to resolve motions to compel subpoenas seeking both depositions and documents. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006).

CAEv2 is relevant to Plaintiffs' allegation that the CAEv2 provided insufficient attenuation.  The CDC does not claim that searching for and producing unpublished data or studies would be any more burdensome than producing published studies.

There is good reason, moreover, to think that the CDC possesses documents and communications related to unpublished testing.  Documents produced to date show that Dr. Murphy has conducted at least one test of the CAEv2 never discussed in a published report: the October 2001 testing that Dr. Murphy performed on the CAEv2, the results of which he forwarded to Dr. Ohlin and Elliott Berger.  (*See* Ex. I.)  The CDC's express limitation of its production to published testing, and its decision not to authorize Dr. Murphy to discuss unpublished testing, also indicates that unpublished testing exists—otherwise there would be no need for the limitation.

Neither Director Redfield's letter denying Defendants' *Touhy* request nor the United States' objection to the subpoena gives any reason why the CDC's production should be limited to published testing.  The decision is therefore arbitrary and capricious, and the Court should compel the CDC to provide documents relating to *all* testing that Dr. Murphy has conducted on the CAEv2.  *See, e.g.*, *Brown v. Dep't of Veteran Affairs*, 2017 WL 3620253, at *8 (N.D. Ala. Aug. 23, 2017) (finding a federal agency's objection to a subpoena arbitrary and capricious and ordering

discovery); *U.S. ex rel. Lewis v. Walker*, 2009 WL 2611522, at *4 (M.D. Ga. Aug. 21, 2009) (same).[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court compel the CDC to produce all documents and communications related to all testing of the CAEv2.

Dated: September 23, 2020

Respectfully submitted,

*/s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

---

[2] During the Local Rule 7.1(B) conference, counsel for the CDC expressed the view—which is not set forth in either the *Touhy* denial letter or the objection to the subpoena—that unpublished testing may be privileged and undiscoverable. If the CDC intends to invoke the deliberative process privilege, its position is meritless. The deliberative process privilege applies only to documents that are "predecisional" and "deliberative." *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004). Unpublished test results are neither. They are not "prepared in order to assist an agency decision-maker in arriving at his decision," and disclosure would not "expose an agency's decision-making process in such a way as to discourage candid discussion." *Id*. at 1277-78.

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this brief complies with the word limit of Local Rule 7.1(F), and contained 1,015 words, excluding the parts exempted by the Rule.

Dated: September 23, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

On September 23, 2020, counsel for Defendants, Mark Nomellini and Cole Carter, held a telephone conference with counsel for the CDC, Jacqui Snead and Michael Rafky. Counsel for the CDC expressed the view that the unpublished testing results may be privileged.

Dated: September 23, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## **CERTIFICATE OF SERVICE**

I, Robert C. Brock, hereby certify that on September 23, 2020, I caused a copy of Defendants' Motion to Compel Against the Centers for Disease Control to be submitted via email to Tevenia Jacobs, law clerk to Judge Rodgers. Jacqui Snead of the Department of Justice and L. Michael Rafky in the HHS Office of the General Counsel were copied on that email.

Dated: September 23, 2020

                                         */s/Robert C. Brock*
                                         Robert C. "Mike" Brock