# EXHIBIT C



**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**

Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30329-4027

July 23, 2020

Nicholas Wasdin
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois  60654

      Re: Request for Documents, Interview, and Deposition Testimony –
      In re: 3M Combat Arms Earplug Products Liability Litigation, 3:19-md-02885-MCR-GRJ (N.D. Fla.).

Dear Mr. Wasdin:

This is in response to your February 6, 2020, letter requesting documents, an interview, and testimony from an employee of the National Institute for Occupational Safety and Health (NIOSH), within the Centers for Disease Control and Prevention (CDC), a component of the Department of Health and Human Services (HHS or the Department), and a former fellow of NIOSH, on behalf of Defendants 3M Company (3M) and Aearo Technologies LLCs (Aearo) in the above-captioned litigation. In your letter, you sought to interview and depose two individuals, Drs. William Murphy and Mark Little, on a number of aspects of NIOSH's tests of the CAEv2 earplugs that are at the heart of the underlying litigation.

Pursuant to HHS regulations codified in 45 C.F.R. Part 2, current and former HHS employees are not authorized to participate, give depositions or trial testimony, or provide consultation regarding information acquired in the performance of their official duties in private litigation or other proceedings in which the United States is not a party, absent authorization by the agency. The bases for this policy, as articulated in Section 2.1(b), are to minimize the disruption of official duties and the necessity of the Department to maintain impartiality in disputes between private litigants. In United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), the Court recognized the authority of federal agencies to direct their employees' involvement in such actions. The Eleventh Circuit U.S. Court of Appeals has also specifically recognized HHS's authority to limit the involvement of CDC employees in such litigation.

Section 2.4 of the Touhy testimony regulations requires the satisfaction of three criteria before testimony by a current or former HHS employee is allowed. First, the request must be made in writing and state the nature of requested testimony. Second, the request must explain why the testimony is unavailable by any other means. Finally, the request must provide reasons why the testimony would be in the interests of or promote the objectives of HHS.

Section 2.1(b) of the Touhy regulations provides that it is HHS's policy to provide information, data, and records to private litigants to the same extent and in the same manner that they are made available to the general public. Further, when subject to the jurisdiction of a court presiding over non-federal party litigation, it is HHS's policy to abide by all applicable procedural and substantive rules when releasing such documents.

Page 2 - Nicholas Wasdin

Dr. William Murphy:

After consulting with the Office of the General Counsel (OGC) regarding your request, I have determined that Dr. William Murphy's providing a declaration in lieu of an interview and deposition, in addition to certain records, is appropriate and in the best interests of NIOSH. This is because specific aspects of the testimony and documents you seek are in the interest of HHS/CDC to provide, to the extent not otherwise available through production of documents through the Freedom of Information Act (FOIA) or through relevant testimony and documents available in the private sector or from other federal agencies.

Please note, however, that your request for records is denied to the extent that it includes all test reports, protocols, results, and analyses pertaining to the testing conducted on CAEv2 by Mr. Murphy and any other current or former NIOSH employees that have been released previously to Mr. Wasdin via email on April 22, 2019, and/or are also materials that are made publicly available. Only relevant documents relating to communications between Dr. Murphy, 3M, Aearo, and any other federal entity on the testing of CAEv2 will be disclosed.

While the U.S. government is not currently a party intervenor to this litigation, providing a declaration and certain responsive documents is in NIOSH's interest because disclosing the requested information in this manner is less burdensome on the Institute, more time efficient, and will avoid significant interruption of Dr. Murphy's official duties as a federal government employee. Further, the provision of information in the format of a declaration is a more suitable approach given Dr. Murphy's minor role in this matter and the ever-present demands that have been placed on NIOSH, CDC and the Department in responding to the ongoing Coronavirus Disease 2019 pandemic.

Moreover, it serves NIOSH and HHS's best interest to respond affirmatively to this request given the involvement of other Federal entities, by virtue of the Defendant's Touhy requests served on those departments, and for purposes of assisting in the coordinated approach of providing relevant information on behalf of the Federal Government for this matter.

Thus, in the interest of NIOSH in this litigation, I am authorizing the requested documents and allowing for the submission of the enclosed declaration by CDC employee William Murphy subject to the parameters below:

1. The scope of the declaration will be limited to a general explanation of Dr. Murphy's testing procedures, the fitting of the CAEv2 during his testing, his test results, and the attenuation achieved with the CAEv2. Dr. Murphy has not been authorized to address any testing he conducted that was not published or that did not concern the CAEv2.
2. The production of documents is partially granted with the permitted release of relevant communications between Dr. Murphy, the Defendants, and other federal entities pertaining to the testing of the CAEv2. As previously stated, any documents on the testing and results concerning the CAEv2 that were finalized and published by NIOSH were provided to Mr. Wasdin prior to this Touhy request. As a result of Dr. Murphy's and the CDC IT department's thorough search of his electronic and hard copy records, the aforementioned relevant documents are enclosed herein.

Page 3 – Nicholas Wasdin

Dr. Mark Little:

Your request seeks the interview and deposition of, including records pertaining to, Dr. Mark Little who participated in a fellowship with NIOSH in 2001. During his fellowship with NIOSH, however, Dr. Little was and remains an employee of the Department of the Army. Accordingly, I have coordinated our response to your requests with both HHS OGC and the Department of the Army, as detailed below.

First, with regard to your request for an interview and deposition of Dr. Little, in consultation with OGC and the Department of the Army, I am denying that request and, alternatively, authorizing a declaration, which is enclosed. Dr. Little lacks almost any recollection of his duties during his fellowship with NIOSH or his participation in any study of the CAEv2. Moreover, the published results of all NIOSH testing on CAEv2 during Dr. Little's fellowship already have been provided to 3M. Thus, to minimize any burden on NIOSH and to obviate any inefficient use of time or resources by Dr. Little, NIOSH, or OGC, while still accommodating your request, Mr. Little has provided the enclosed declaration.

Regarding your request for documents, NIOSH and Dr. Little have conducted a search for documents, including email correspondence, and identified a small number of responsive documents. Accordingly, in coordination with the Department of the Army, as his employer, I am authorizing the release of the enclosed requested email communications involving Dr. Little.

This limited approval of your Touhy request is not an endorsement by HHS or CDC of the accuracy of any statements made by Dr. Murphy or Dr. Little in their declarations.

Please contact L. Michael Rafky in the HHS Office of the General Counsel with any questions regarding this Touhy approval. You can reach him at LRafky@cdc.gov or (404) 267-3455 (cell).

                                        Sincerely,

                                        Robert R. Redfield, MD
                                        Director, CDC

cc:     Jacqueline Coleman Snead
        Frank Hearl
        Brandy Vaughn
        Dr. William Murphy
        Dr. Mark Little