# EXHIBIT G



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Office of the General Counsel

---

Public Health Division
12501 Ardennes Ave., Ste 301
Rockville, MD 20857
(301) 443-2644
FAX: (301) 443-2639

September 8, 2020

BY EMAIL (ashley.neglia@kirkland.com)

Ashley Neglia, Esq.
Kirkland & Ellis LLP
555 S. Flower Street
Los Angeles, CA 90071

RE: Subpoena for Production of Documents Issued to the Centers for Disease Control and Prevention; In Re: 3M Combat Arms Earplug Products Liability Litigation, CA 3:19-md-02885 (N.D. Fl.)

Dear Ms. Neglia:

The U.S. Department of Health and Human Services, Office of the General Counsel, Public Health Division, CDC Branch is in receipt of your Subpoena to Produce Documents dated August 26, 2020, on behalf of your client 3M Company *et al.* ("3M") under Federal Rule of Civil Procedure 45 ("Rule 45"). The subpoena commands the CDC to produce documents described in Section III.A of Exhibit 1 of the subpoena.

This letter serves as HHS' Rule 45 objections to your subpoena dated and served on August 26, 2020. Please note we reserve the right to supplement these objections in the future and we do not waive other objections that may be applicable in discovery or at trial.

First, we object to your subpoena because it is unduly burdensome, unreasonably cumulative and duplicative in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 45(d)(1), (d)(3). Courts routinely protect non-parties from the undue burden of discovery. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). "Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.*; *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y. 2009) (stating that courts are more sensitive to discovery burdens on third parties).

HHS has a judicially cognizable interest in preserving scarce resources and we have determined that your request for CDC records is duplicative and unduly burdensome on the agency because the requested records are already in your possession.

Ashley Neglia, Esq.– Page 2

In response to your colleague Mark Wasdin's February 6, 2020 Touhy request to CDC Director Redfield, the Director, by letter dated July 23, authorized the release of a number of documents, which documents were included as exhibits to the authorized declarations of Drs. William Murphy and Mark Little. Those declarations and exhibits were provided to your colleague Mark Wasdin by me via email on July 30, 2020.

Specifically, Director Redfield permitted the disclosure of "relevant documents relating to communications between Dr. Murphy, 3M, Aearo, and any other federal entity on the testing of CAEv2." Letter from CDC Director Redfield to N. Wasdin at 2 (July 23, 2020). The Director noted that "any documents on the testing and results concerning the CAEv2 that were finalized and published by NIOSH were provided to Mr. Wasdin prior to this Touhy request." *Id*. With regard to Dr. Little, Director Redfield stated that "NIOSH and Dr. Little have conducted a search for documents, including email correspondence, and identified a small number of responsive documents. Accordingly, in coordination with the Department of the Army, as his employer, I am authorizing the release of the enclosed requested email communications involving Dr. Little." *Id*. at 3.

The Director denied your request for documents to the extent that it included "all test reports, protocols, results, and analyses pertaining to the testing conducted on CAEv2 by Dr. Murphy and any other current or former NIOSH employees that have been released previously to Mr. Wasdin via email on April 22, 2019, and/or were materials that are made publicly available."

Your August 26, 2020 subpoena for documents does nothing more but refer back to this Touhy request. It makes no effort to explain why the July 30 and earlier provisions of documents were in any way insufficient, and makes no argument regarding which if any documents sought remain unreleased and why the CDC should expend agency resources to search for such documents, particularly when the agency is focused on combatting the ongoing COVID-19 pandemic.

Thus, complying with your subpoena would require HHS to spend taxpayer dollars and utilize government resources to search for and reproduce documents that are currently in your possession and control. Rule 45 expressly provides that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Based on our review of the August 26 subpoena for documents, we have determined that you have failed to take reasonable steps to avoid imposing an undue burden that is unreasonably cumulative and duplicative on HHS.

Second, we object to the subpoena on the ground that it imposes an unreasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Your August 26, 2020, subpoena addressed to the CDC and served on that date had a return date of September 9, 2020 at 5:00 pm; giving only nine (9) business days to produce the requested documents. *See* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action To: Centers for Disease Control and Prevention (Aug. 26, 2020). Generally, courts make the determination of reasonableness on a case-by-case basis. "[J]ust as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. Aug. 26, 2005) (noting that "the plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been

Ashley Neglia, Esq.– Page 3

percolating for some period"); *see* also *Minor Doe I Through Parent I Doe v. School Board for Santa Rosa County*, 2009 WL 10674249, at *2 (N.D. Fla. Nov. 23, 2009) ("Although the rule does not specify what constitutes reasonable time to comply, common sense dictates that reasonableness is determined in relation to the extent of the materials requested and other underlying circumstances in the case.").

In the CDC subpoena, you specifically requested (by repeating your February 6, 2020 Touhy request in relevant part):

1. Test reports, protocols, results, and analyses pertaining to any testing conducted on CAEv2 by William J. Murphy.[1]

2. Communications between Mr. Murphy and others in the United States government, including Doug Ohlin and others in the military, pertaining to testing on, or the performance of, the CAEv2. An example of such a communication is attached as **Exhibit A**.

3. Communications between Mr. Murphy and Defendants pertaining to testing on, or the performance of, the CAEv2. An example of such a communication is attached as **Exhibit A**.

4. Test reports, protocols, procedures, results, and analyses pertaining to any testing conducted on CAEv2 by Mark Little.

5. Communications between Dr. Little (tzl3@cdc.gov) and Defendants (@compuserve and @aearo.com domain names) related to CAEv2, including instructions to be used during testing, test results, test procedures, test protocols, and analyses related to continuous and impulse noise testing on CAEv2. Examples of such communications attached at **Exhibits A and B**.

6. Communications between Dr. Little and others in the United States government, including Doug Ohlin and others in the military, related to CAEv2, including product instructions, test results, test procedures, test protocols, and analyses related to continuous and impulse noise testing on CAEv2. An example of such a communication is attached at **Exhibit A**.

7. Test reports, protocols, procedures, results, and analyses pertaining to any other testing conducted on CAEv2 by current or former employees of NIOSH.

---

[1] For reference, Defendants are aware that Mr. Murphy conducted, among other tests on the CAEv2: (1) an October 2001 where Mr. Murphy performed impulse peak testing on the CAEv2 using a 9mm handgun and M16 rifle; and (2) a December 23, 2014 test entitled "Measurement of Impulse Peak Insertion Loss from two Acoustic Test Fixtures and Four Hearing Protector Conditions."

Ashley Neglia, Esq.– Page 4

*See* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action To: Centers for Disease Control and Prevention (Aug. 26, 2020).

Providing only nine business days for CDC employees to search for, gather, and review the requested records is extremely unreasonable, particularly when those employees are most likely working from home and would likely have to spend extended time indoors at CDC facilities, thus putting their health at higher risk from possible exposure to the coronavirus.

Finally, the scope of the subpoena exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b), as it seeks documents that do not appear to be relevant to any party's claim or defense and/or are not proportional to the needs of the case.

Specifically, in your February 6, 2020 Touhy request letter, you stated that the documents you sought were in part "relevant to [your] federal government contractor defense." By simply tying your subpoena to this Touhy request, you continue to rely on this justification.

However, as you are no doubt aware, this defense has been summarily dismissed by the court in this litigation. *See* Summary Judgment Order, ECF No. 1280 (July 24, 2020); Order Denying Def. 1292(b) Mot. at 1-2 (Aug. 17, 2020). You have made no attempt to provide a new basis for this subpoena, and are merely renewing your Touhy request using a now-invalid basis. This is unacceptable and in no way can justify CDC's compliance with the subject subpoena.

For the foregoing reasons, we object to your Rule 45 subpoena for documents in the above-mentioned proceedings.

Sincerely,

L. Michael Rafky

cc:  Jacqueline Coleman Snead
     Joshua Kolsky
     Matt Horwitz