# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) Case No. 3:19-md-2885-MCR-GRJ )  ) Judge M. Casey Rodgers ) |
| This Document Relates to All Cases | ) Magistrate Judge Gary R. Jones ) |

## Motion for an Order Concerning Disclosure of Government Employee Work Addresses

To facilitate Defendants' compliance with Pretrial Order No. 50 and the timely service of subpoenas on Government witnesses, Defendants seek an order that the Government should disclose known work[1] addresses for certain Government witnesses who are current Government employees. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see also* Dkt. 1340 (PTO No. 50) ("In multi-district litigation (MDL) such as this, the Court has 'broad discretion to structure a

---

[1] Home addresses would also be acceptable to defendants for the purposes of serving subpoenas. The government initially expressed a preference for identifying work addresses, as opposed to home addresses. However, as described below, the government ultimately refused to provide either work or home addresses.

procedural framework for moving the cases as a whole' and the authority to 'uncomplicate matters' to promote fair and efficient resolution of the litigation." (quoting *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231–32 (9th Cir. 2006))). "These inherent powers include a district court's authority to enforce its own orders." *Lester v. Portfolio Recovery Assocs., LLC*, 324 F. Supp. 3d 1227, 1231 (N.D. Ala. 2018). The relief sought by Defendants is necessary for compliance with Pretrial Order No. 50.

In Pretrial Order No. 50, the Court ordered "the parties to this litigation to issue appropriate subpoenas for any Government witness deposition and any Government documents, pursuant to Fed. R. Civ. P. 45." Dkt. 1340 at 2. "Th[e] Order applies to all Government witness depositions and document requests going forward as well as those that [were] the subject of Defendants' [then-]pending Motion to Compel (ECF No. 1211)." *Id.* To serve a Rule 45 subpoena, a party must "deliver[] a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). Therefore, for Defendants to comply with Pretrial Order No. 50, Defendants must know where to deliver the subpoenas for Government witness depositions and document requests.

In an ongoing effort to comply with Pretrial Order No. 50, Defendants have attempted to identify addresses for the service of subpoenas on Government witnesses. But, notwithstanding diligent efforts, Defendants have not been able to

2

identify addresses for every Government witness. Specifically, Defendants currently do not know where to serve subpoenas for Dr. John King and Dr. Kyle Lindholm.

These two witnesses are highly relevant to the litigation. As noted in Defendants' attached *Touhy* request as well as Defendants' July 1, 2020 motion to compel (Dkt. 1211), Dr. King was the Scientific Advisor to the United States Army Southern Europe Command in 1999. *See* Ex. 1 at 8-9. In that role, he was apparently the first person to receive sample orders of the CAEv2 in 1999. Dr. King was also involved in government testing of the CAEv2 and appears to have used the CAEv2 himself while on active duty in 2003. *Id.* Therefore, Dr. King has knowledge about the military's solicitation of the CAEv2, the June 1999 testing of the CAEv2, and subsequent field evaluation of the CAEv2 in the early 2000s. Dr. King was the subject of Defendants' motion to compel against the Department of Defense filed on July 1, 2020. *See* Dkt. 1211 at 22–23. Ultimately, the Court ordered in Pretrial Order No. 50 that Defendants subpoena Dr. King and other witnesses.

As described in Defendants' attached *Touhy* request dated September 3, 2020, Dr. Lindholm was the Hearing Conservation Program Manager at Fort Bragg from 2002 to 2004, and at Fort Richardson from 2007 to 2010.[2] *See* Ex. 2 at 1. Plaintiff

---

[2] Dr. Lindholm was among the Hearing Conservation Program Managers associated with various bellwether plaintiffs identified by the government on August 21, 2020. Defendants began efforts to locate and serve Dr. Lindholm soon after receiving the government's identification of hearing conservation program managers.

Vernon Rowe was stationed at both Fort Bragg and Fort Richardson during the time periods when Dr. Lindholm was the Hearing Conservation Program Manager. *Id.* Dr. Lindholm therefore has knowledge about the Hearing Conservation Program and/or Army Hearing Program in place during the time that Plaintiff Rowe served in the Army, including what role military audiologists and other hearing professionals played in the distribution and use of hearing protection devices (including the CAEv2), as well as the training of service members with respect to hearing protection devices and noise exposures. Dr. Lindholm also has knowledge about the records—including the recordkeeping procedures and proper interpretation of terms—that were kept as they relate to Plaintiff Rowe and other service members with respect to noise exposures, hearing protection devices, and hearing evaluations. *Id.* at 3.

Because Defendants have not been able to identify the necessary addresses, Defendants asked the Government whether it would accept service on behalf of the witnesses. The Government declined to accept service.

In the alternative, Defendants asked the Government to provide work addresses for the Government witnesses so Defendants can serve the subpoenas on the Government witnesses directly. Defendants requested the work address for Dr. King in writing on August 24, 2020. *See* Ex. 3 (Aug. 24 Gottlieb Email to Kim). Defendants reiterated their requests during a call with Government counsel,

Ms. Jacqueline Snead, on September 4, 2020. The Government asked Defendants for further information about the witnesses, to help identify them. To assist the government in locating Dr. King, Defendants provided the government further information about Dr. King, including his email address, in an email on September 16, 2020. *See* Ex. 4 (Sept. 16 Neglia Email to Snead & Kim). Less than one week ago, on September 19, 2020, Major Nicole Kim of the Department of Defense wrote that the government *"w[ould] continue to work on locating/identifying Mr. John King." See* Ex. 4 (Sept. 19 Kim Email to Neglia) (emphasis added). Similarly, after numerous attempted to locate and/or serve Dr. Lindholm, Defendants also asked the Department of Defense for his work contact information. *See* Ex. 5 (Sept. 21 Gottlieb Email to Snead and Kim).

Notwithstanding Major Kim's email of September 19 suggesting that the government would be willing to cooperate in providing contact information, the Government has now changed position and refused to provide the requested work addresses. Specifically, during a call this week (on September 22, 2020), the Government stated that it would not seek to locate contact information (work or home) for Dr. King, Dr. Lindholm, or any other government witness.

The Government should not be permitted to deny Defendants critical information that Defendants need to comply with Pretrial Order No. 50. Providing the addresses for those current Government employees whom Defendants cannot

5

locate on their own would impose minimal burden on the Government. The information sought is discrete and readily available to the government. Moreover, it is necessary for Defendants to comply with Pretrial Order No. 50. Therefore, based on the Court's inherent authority to manage its docket and effectuate its own orders, the Court should order the Government to disclose known work addresses for Dr. John King and Dr. Kyle Lindholm. The need for this Order is especially acute given the Group A discovery deadlines.

Dated:  September 25, 2020

Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they have repeatedly attempted to resolve this issue through meaningful conference with the Government, including: by telephone on September 4, 2020, and email on September 5, 2020; by telephone on September 11, 2020; by email on September 16, 2020, and September 19, 2020; and by telephone on September 22, 2020. Defendants have been unable to resolve this issue with the Government.

Dated:  September 25, 2020 	Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,211 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  September 25, 2020

Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

I, Robert C. Brock, hereby certify that on September 25, 2020, I caused a copy of the following to be filed with the Court's CM/ECF system, which will serve all counsel of record:

**MOTION FOR AN ORDER CONCERNING DISCLOSURE OF GOVERNMENT EMPLOYEE WORK ADDRESSES**

Also on September 25, 2020, I caused the foregoing to be sent via e-mail to the Honorable Casey Rodgers (flnd_rodgers@flnd.uscourts.gov) and her law clerk Tevenia Jacobs (Tevenia_Jacobs@flnd.uscourts.gov). A copy of the foregoing was also sent via e-mail to counsel at the following addresses:

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel<br>Douglass A. Kreis<br>Neil D. Overholtz<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street, Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com<br>Email: NOverholtz@awkolaw.com | Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>Email: shutson@triallawfirm.com |
| Christopher A. Seeger, Co-Lead Counsel<br>David R. Buchanan<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com<br>Email: dbuchanan@seegerweiss.com<br>Email: MDL2885@seegerweiss.com | Michael A. Burns,<br>Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX 77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com |

| | |
|---|---|
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>Discovery & ESI Subcommittee<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Brian H. Barr, Co-Liaison Counsel<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502<br>Tel.: (850) 435-7045<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com |
| Virginia E. Anello,<br>Discovery & ESI Subcommittee<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com | Katherine E. Charonko,<br>Discovery & ESI Subcommittee<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV 25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com |
| J. Nixon Daniel, III<br>Discovery & ESI Subcommittee<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, Florida 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com | Major Nicole Kim<br>Major Robert Wald<br>U.S. Army Legal Services Agency<br>9275 Gunston Road<br>Fort Belvoir, VA 22060<br>Email: nicole.m.kim2.mil@mail.mil<br>Email: robert.e.wald.mil@mail.mil |
| Jacqui Coleman Snead<br>Joshua Kolsky<br>U.S. Dep't of Justice, Civil Division<br>1100 L Street, N.W., Room 12402<br>Washington, D.C. 20005<br>Email: Jacqueline.Snead@usdoj.gov<br>Email: joshua.kolsky@usdoj.gov | |

Dated: September 25, 2020

                                   */s/Robert C. Brock*
                                   Robert C. "Mike" Brock