# **EXHIBIT 2**

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Mark J. Nomellini
To Call Writer Directly:
+1 312 862 2410
mnomellini@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

September 3, 2020

**By E-Mail**

Major Nicole Kim
Nicole.m.kim2@mil.mail.mil
703-693-1092

      Re:    *Touhy* Request Relating to *In re: 3M Combat Arms Earplug Products Liability Litigation*, 3:19-md-2885-MCR-GRJ (N.D. Fla.).

Dear Major Kim:

    In connection with *In re: 3M Combat Arms Earplug Products Liability Litigation*—a multidistrict litigation pending before Judge Rodgers in the Northern District of Florida—this letter constitutes Defendants' 3M Company ("3M") and Aearo Technologies LLC's ("Aearo") *Touhy*[1] request to the United States Department of Defense ("DoD") to take the deposition of Kyle Lindholm, an audiologist who is a current employee of the DoD stationed at Fort Drum in New York. Mr. Lindholm was the Hearing Conservation Program Manager at Fort Bragg from 2002 to 2004, and at Fort Richardson from 2007 to 2010. Bellwether Plaintiff Vernon Rowe was stationed at both Fort Bragg and Fort Richardson during the time periods where Mr. Lindholm was the Hearing Conservation Program Manager.

    This letter also constitutes Defendants' *Touhy* request to the DoD and to Kyle Lindholm to produce certain documents related noise exposure and elements of the Army's Hearing Conservation Program. Pursuant to 32 C.F.R. § 516.40-57 and 32 C.F.R. § 97, 33 C.F.R. § 1.20-1 and 6 C.F.R. § 5.45, DoD Directive 5405.2 § 6.2, Navy Instruction 5820.8A, and Air Force Instruction 51-301, Defendants set forth the basis for their *Touhy* request as follows:

**I.    Summary of the Litigation**

    Plaintiffs in this litigation include servicemen and women who claim to have been issued Combat Arms Earplugs Version 2 ("CAEv2") in connection with their military service, including

---

[1] *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

# KIRKLAND & ELLIS LLP

Major Nicole Kim
September 3, 2020
Page 2

Plaintiff Rowe. The CAEv2 was initially designed and distributed by Aearo. In 2008, 3M, purchased Aearo and continued to market and sell the CAEv2. Servicemember plaintiffs in this litigation, including Plaintiff Rowe, allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage. The information sought by these *Touhy* requests will assist Defendants in establishing that the CAEv2 did not cause Plaintiff Rowe's alleged hearing loss, and/or will relate to the alleged seriousness of Plaintiff Rowe's injuries.

On February 27, 2020, the Court issued Pretrial Order No. 29, which selected twenty-five cases for the initial bellwether pool. The parties are now conducting discovery in each of the initial bellwether cases. Defendants took the deposition of Plaintiff Rowe on July 23, 2020.

## II.     Summary of the Deposition Requested

Defendants request to take the deposition of Mr. Kyle Lindholm. Plaintiff Rowe testified that he was stationed at Fort Bragg and Fort Richardson during the time periods where Mr. Lindholm was the Hearing Conservation Program Manager at both installations. Defendants seek to depose Mr. Lindholm regarding his personal knowledge with respect to the following topics: (i) Mr. Lindholm's role and responsibilities as Hearing Conservation Program and/or Army Hearing Program Manager at Fort Bragg and Fort Richardson; (ii) the Hearing Conservation Program and/or Army Hearing Program at Fort Bragg and Fort Richardson; (iii) selection, distribution, fitting, and training for hearing protection devices, including the CAEv2, at Fort Bragg and Fort Richardson; (iv) evaluation of potential noise exposures at Fort Bragg and Fort Richardson and steps, if any, taken to mitigate those exposures; (v) instructions, in any form, provided at Fort Bragg and Fort Richardson to service members, including Plaintiff Rowe, related to the CAEv2 or other hearing protection devices; (vi) practices, policies and procedures related to military audiological evaluations at Fort Bragg and Fort Richardson; (vii) completion of documents and records regarding audiological evaluations; (vi) completion of documents and records regarding the selection, distribution, fitting, and training of patients for hearing protection devices and (vii) Plaintiff Rowe's noise exposures, use of hearing protection devices, and hearing evaluations and records at Fort Bragg and Fort Richardson.

## III.    Summary of the Documents Requested

### (a)    **Specific Documents Requested**

- Written policies and procedures used or distributed from 2002 to 2005 at Fort Bragg and 2007 to 2010 at Fort Richardson related to hearing protection and hearing protection devices.

# KIRKLAND & ELLIS LLP

Major Nicole Kim
September 3, 2020
Page 3

- PowerPoint presentations or other documents related to presentations made to service members regarding hearing protection and hearing protection devices, including the CAEv2s.

- Written policies and procedures related to military audiological evaluations.

- Written policies and procedures related to the selection, distribution, fitting, and training for hearing protection devices.

- Documents that contain recommendations and/or guidelines for specific hearing protectors to be worn when using specific weapons or when encountering specific noise exposures.

- Documents and training materials regarding the proper use, fit, maintenance, and/or care of hearing protection materials include the CAEv2, including but not limited to presentations, slide decks, computerized tutorials, on-line instructions, printed instructions, pamphlets, or memoranda.

(b) **Relevance of the Requested Deposition and Documents**

Service member plaintiffs in this litigation, including Plaintiff Rowe, allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage. The information sought by these *Touhy* requests will assist Defendants in evaluating the cause of Plaintiff Rowe's alleged hearing loss and tinnitus. A critical component of that evaluation is understanding the Hearing Conservation Program and/or Army Hearing Program in place during the time that Plaintiff Rowe served in the Army, including what role military audiologists and other hearing professionals played in the distribution, use and training of service members with respect to noise exposures and hearing protection devices, including the CAEv2. During his deposition in this matter, for example, Plaintiff Rowe testified that he received a briefing from an NCO in his unit as to how to insert CAEv2 earplugs.[2] It is also critically important to understand accurately the records—including the recordkeeping procedures and proper interpretation of terms—that were kept as they relate to Plaintiff Rowe and other service members with respect to noise exposures, hearing protection devices, and hearing evaluations. Mr. Lindholm, as the Hearing Conservation Program and/or Army Hearing Program Manager at Fort Bragg during the time that Mr. Rowe was allegedly first issued CAEv2 and later at Fort Richardson during the time Mr. Rowe was stationed there, has critical knowledge relevant to this litigation

---

[2] 7/23/2020 Deposition of V. Rowe At 208.

**KIRKLAND & ELLIS LLP**

Major Nicole Kim
September 3, 2020
Page 4

that cannot be obtained from other sources.

**IV.   Additional Considerations**

These requests comply with the policies of the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard regarding the provision of information by its employees in connection with litigation in federal court:

1. Disclosure of the requested information is not unduly burdensome or otherwise inappropriate under the federal discovery rules.

2. Disclosure of the requested information would be appropriate under the Federal Rules of Evidence and appropriate under the rules of the Northern District of Florida.

3. Disclosure of the requested information would be appropriate under the Federal Rules of Civil Procedure and would not impact any concerns regarding privileged information pursuant to the rules of procedure governing this litigation.

4. Disclosure of the requested information would not violate any statute, executive order, regulation, or directive.

5. Disclosure of the requested information would not reveal any classified information, data restricted pursuant to AR 380-5, unclassified technical data withheld from public release pursuant to 32 C.F.R. § 250 or DoD Directive 5230.25, privileged safety information restricted from public release by DoD Directive 6055.7, AFI 31-401, or other matters exempt from unrestricted disclosure.

6. Disclosure of the requested information would not interfere with ongoing enforcement proceedings, compromise any constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.

7. Disclosure would not violate any person's expectation of confidentiality or privacy.

8. The United States is not, and is not reasonably anticipated to be, a party in this litigation.

*See* 32 C.F.R. §§ 97.6(b)(1)-(6); 32 C.F.R. §§ 516.41(d), 516.44; Navy Instruction 5280.8A(1)-

# KIRKLAND & ELLIS LLP

Major Nicole Kim
September 3, 2020
Page 5

(10); Department of Defense Directive 5405.2 § 6.2; 33 C.F.R. § 1.20-1; 6 C.F.R. § 5.45; Air Force Instruction 51-301, 9.5.1-9.5.6.

**V.   Administrative Matters**

Defendants will bear the costs of duplicating and producing the documents sought by this *Touhy* request. Costs will be paid by check or money order payable to the Treasury of the United States. For ease of production, all electronically stored information can be produced via a secure file transfer protocol site that will be provided free of charge or via electronic storage media that will be provided to you at no charge and upon your request. Any requests for assistance with the transmittal of electronically stored documents, or coordination of the inspection of documents should be made to Mark Nomellini, counsel for Defendants, at (312) 862-2410 or mnomellini@kirkland.com. Additionally, to the extent the VA believes any of the requested information does not implicate the statutory considerations set forth above, Defendants are willing to work with the VA to narrow the scope of the request.

If you anticipate that full production will require more than ten (10) days from the date of service, we request that you notify the parties and/or the Court. Should you have any questions or require additional information about this Touhy request, please do not hesitate to contact me. Thank you for your assistance.

Sincerely,

*Mark J. Nomellini*

Mark J. Nomellini


cc:   Jacqueline Snead, Associate General Counsel
      Department of Justice
      Jacqueline.snead@usdog.gov

      Plaintiff Co-Lead and Co-Liaison
      Counsel, Discovery and ESI Subcommittee, Jennifer Hoekstra

      Major Nicole Kim, Major, U.S. Army
      nicole.m.kim2@mil.mail.mil