## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: The Cases Identified on Exhibit A | Case No. 3:19md2885 <br><br><br> Judge M. Casey Rodgers <br> Magistrate Judge Gary R. Jones |

## ORDER

Earlier this year, the Court randomly selected a 1 percent sample of representative claimants in this MDL to participate in the records collection process from the government pursuant to *Touhy*.[1]  On September 11, 2020, nearly seven months into the records collection process from the Department of Veteran Affairs ("VA"), this Court entered an Order requiring 169 plaintiffs, including the 34 Plaintiffs identified on Exhibit A, to provide completed and signed VA health authorization forms (VA Form 10-5345) to Plaintiffs' Leadership within fourteen (14) days of the Order.  *See* Order, ECF No. 1387 at 2.  The Court warned Plaintiffs that "[f]ailure to comply with [the] Order will result in dismissal of Plaintiff's claims with prejudice for failure to comply with the Court's Order."  *Id.*  Those 14 days came and went without Plaintiffs' Leadership receiving VA health authorization forms from the 34 Plaintiffs identified on Exhibit A.

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig*., 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with those procedures thereafter. *In re PPA*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In*

*re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D.W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.  This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Court concludes that dismissal with prejudice is appropriate in this case. Plaintiffs identified on Exhibit A have disregarded the Court's Order to provide completed VA health authorization forms necessary to facilitate discovery, even after Plaintiffs were warned that failure to comply with the Order would result in dismissal of his or her claims with prejudice.  Plaintiffs never sought extensions of the deadline for compliance or otherwise offered explanations for their inaction. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases.  Indeed, the Court has already had to evaluate and dispose of a significant number of other similar instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL.  This disrupts the efficiency and fairness objectives of the MDL process.  In light of Plaintiffs' failure to communicate with the Court and comply with the Court's Order, the Court finds that dismissal with prejudice is appropriate.

1.    The cases identified on Exhibit A are hereby **DISMISSED WITH PREJUDICE** for failure to comply with the Court's Order.

2.    The Clerk is directed to close the cases identified on Exhibit A in their entirety for all purposes.

3.    BrownGreer, PLC is directed to immediately provide electronic copies of this Order to counsel of record, as listed in MDL Centrality®, for the 34 Plaintiffs identified on Exhibit A.

**DONE AND ORDERED**, on this 29th day of September, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

## Exhibit A

| Plaintiff ID | Plaintiff Name | Firm | Group | Docket Number |
|---|---|---|---|---|
| 4093 | Adorno, Raymond Lopez | Weller, Green, Toups & Terrell, LLP | Group 1 | 7:20-cv-43201-MCR-GRJ |
| 69689 | Bandy, Lawrence | Danziger & De Llano (referred to Watts Guerra) | Group 1 | 8:20-cv-22295-MCR-GRJ |
| 69925 | Blankenship, Travis | Danziger & De Llano (referred to Watts Guerra) | Group 1 | 8:20-cv-20733-MCR-GRJ |
| 83311 | Burton, Richard | Seeger Weiss LLP | Group 1 | 7:20-cv-18891-MCR-GRJ |
| 47768 | DeMaris, Rodney | The Gori Law Firm, P.C. | Group 1 | 7:20-cv-08147-MCR-GRJ |
| 68713 | Edwards, Nathan | Brent Coon & Associates | Group 1 | 7:20-cv-71919-MCR-GRJ |
| 12662 | Folsom, James Ryon | McSweeney/Langevin LLC | Group 1 | 7:20-cv-58755-MCR-GRJ |
| 81617 | Guyor, Adam | Seeger Weiss LLP | Group 1 | 7:20-cv-16110-MCR-GRJ |
| 71709 | Hack, Thomas | Danziger & De Llano (referred to Watts Guerra) | Group 1 | 8:20-cv-27266-MCR-GRJ |
| 138664 | Keen, Tony | Jensen & Associates | Group 1 | 8:20-cv-37541-MCR-GRJ |
| 90592 | Lee, Charles R | Clark, Love & Hutson PLLC | Group 1 | 7:20-cv-24155-MCR-GRJ |
| 7358 | Mack, Ty-Gene | Stueve Siegel Hanson | Group 1 | 7:20-cv-46847-MCR-GRJ |
| 80022 | Perdue, Joseph | Heninger Garrison Davis, LLC | Group 1 | 7:20-cv-54207-MCR-GRJ |
| 74134 | Pollitzer, Christopher | Danziger & De Llano (referred to Watts Guerra) | Group 1 | 8:20-cv-25231-MCR-GRJ |
| 7822 | Schottl, Jiri | Stueve Siegel Hanson | Group 1 | 7:20-cv-47667-MCR-GRJ |
| 30960 | Thompson, Kendric | OnderLaw, LLC | Group 1 | 7:20-cv-93141-MCR-GRJ |
| 75691 | Wachs, Shawn | Danziger & De Llano (referred to Watts Guerra) | Group 1 | 8:20-cv-29590-MCR-GRJ |
| 69595 | Ash, Sean | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-22569-MCR-GRJ |
| 76174 | Badillo, Joe | DeGaris Wright McCall | Group 2 | 8:20-cv-33954-MCR-GRJ |
| 136898 | Bellis, Brandon | Jensen & Associates | Group 2 | 8:20-cv-38029-MCR-GRJ |
| 70138 | Brown, Michael | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-21083-MCR-GRJ |
| 83346 | Carter, Robert | Seeger Weiss LLP | Group 2 | 7:20-cv-18915-MCR-GRJ |
| 79311 | Crawford, Kevin | Heninger Garrison Davis, LLC | Group 2 | 7:20-cv-52601-MCR-GRJ |
| 71412 | Garcia, David | Danziger & De Llano | Group 2 | 8:20-cv-25048-MCR-GRJ |
| 138677 | Greene, Travis | Jensen & Associates | Group 2 | 8:20-cv-37554-MCR-GRJ |

| Plaintiff ID | Plaintiff Name | Firm | Group | Docket Number |
|---|---|---|---|---|
| 72355 | Johnson, Carl | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-22795-MCR-GRJ |
| 137444 | Leal, Ignacio | Jensen & Associates | Group 2 | 8:20-cv-36902-MCR-GRJ |
| 177819 | Mayle, Chadd | The Gori Law Firm, P.C. | Group 2 | 7:20-cv-80816-MCR-GRJ |
| 73690 | Nagy, Louis | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-24995-MCR-GRJ |
| 83558 | Null, Steven | Seeger Weiss LLP | Group 2 | 7:20-cv-17063-MCR-GRJ |
| 74543 | Rosario, Juan | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-24366-MCR-GRJ |
| 66705 | Walsh, Daniel | Bailey Cowan Heckaman PLLC | Group 2 | 7:20-cv-49230-MCR-GRJ |
| 118361 | Whisenant, Joey | Baron & Budd | Group 2 | 8:20-cv-01243-MCR-GRJ |
| 75894 | White, Michael | Danziger & De Llano (referred to Watts Guerra) | Group 2 | 8:20-cv-32442-MCR-GRJ |