# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS | Case No. 3:19md2885 |
| LIABILITY LITIGATION | |
| | Judge M. Casey Rodgers |
| This Document Relates to All Cases | Magistrate Judge Gary R. Jones |

## ORDER

Before the Court is Defendants' Motion for an Order Concerning Disclosure of Government Employee Work Addresses, ECF No. 1421.   After numerous unsuccessful attempts to identify the appropriate work addresses for two Government employees, both independently and through requests made to the Government, Defendants seek an Order from this Court requiring the Government to disclose the known work addresses for two witnesses, Dr. John King and Dr. Kyle Lindholm, whom Defendants seek to depose.   Defendants are required to serve any current Government employee whom they wish to depose a subpoena. *See* Pretrial Order No. 50, ECF No. 1340.

District courts have "broad discretion . . . in managing their cases." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   A district court's authority to manage its own docket to promote the fair and efficient resolution of the litigation is particularly important in a multidistrict litigation like this one. *See In re*

*Penylpropanolamine (PPA) Prod. Liabl. Litig.*, 460 F.3d 1217, 1231-32 (9th Cir. 2006); *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASACO, Inc.*, 501 U.S. 32, 43 (1991))).  Inherent in the district court's authority is the power to enforce its own orders.  *See Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *see also S.E.C. v. Hermil, Inc.*, 838 F.2d 1151, 1153 (11th Cir. 1988) ("A district court has the power to issue an order requiring the parties to carry out the terms of an earlier order.").  Particularly when managing pretrial discovery, the court must aim "to avoid a massive waste of judicial and private resources."  *See Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Here, the Court finds it necessary to require the Government to provide Defendants with the work addresses for Dr. King and Dr. Lindholm so that these witnesses may be subpoenaed without any further delay or waste of Defendants' or

the Court's resources.[1]   Both witnesses are the subject of outstanding *Touhy*[2] deposition requests (issued on December 2, 2019 for Dr. King and September 3, 2020, for Dr. Lindholm).   The Government has not disputed the relevance of these witnesses' testimony or otherwise declined to authorize the witnesses' testimony. The Government has simply failed to respond.   This has led to a month-long delay in Defendants' ability to comply with the Court's Pretrial Order No. 50.

Thus, to promote the fair and efficient resolution of this MDL, particularly in light of the upcoming October 9, 2020 deadline for the completion of fact discovery, *see* Pretrial Order No. 43, and the minimal burden imposed on the Government to provide the addresses, it is hereby **ORDERED** that:

1. Defendant's Motion for an Order Concerning Disclosure of Government Employee Work Addresses (ECF No. 1421) is **GRANTED**; and

---

[1] *See also Lunts v. Rochester City Sch. Dist.*, No. 07-CV-6272, 2010 WL 3786519, at *4 (W.D.N.Y. Sept. 28, 2010) (requiring defendant to provide addresses for those witnesses employed with defendant that defendant refused to make available for deposition without a subpoena so that they may be served with deposition subpoenas); *Bry v. City of Frontenac, Missouri*, No. 4:14CV1501 RLW, 2015 WL 7428614, at *4 (E.D. Mo. Nov. 20, 2015) (ordering plaintiff to provide defendant with witness's address to allow service of a deposition subpoena after plaintiff failed to "heed[] the Court's Order that the parties work together to make sure the depositions proceeded in the most expeditious manner and in the interests of justice"); *Bereket v. Portfolio Recovery Assocs., LLC*, No. C17-0812RSM, 2018 WL 1509042, at *4 (W.D. Wash. Mar. 27, 2018) (ordering plaintiff to provide service addresses for two witnesses after overruling plaintiff's relevance objections to the subpoenas).

[2] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

2.  The Government must disclose to Defendants the workplace addresses for Dr. John King and Dr. Kyle Lindholm by Friday, October 2, 2020.

**SO ORDERED**, on this 29th day of September, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**