UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 16**

The Sixteenth Case Management Conference (CMC) in this matter was held on September 22, 2020. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.

I. **Government Discovery**

   a. **Government Subpoenas**

Pursuant to Pretrial Order No. 50, ECF No. 1340, the parties continue to issue deposition subpoenas for current government employees. Notwithstanding the pending subpoenas and corresponding motions to quash, the parties continue to attempt to work cooperatively with the government and informally resolve any disputes. The parties should not withdraw any subpoenas without a firm deposition date agreed to by the government.

   b. **Motions to Quash and Motions to Transfer**

As of the 16th Case Management Conference, the government had filed 10 motions to quash. One motion to quash filed in the Western District of Texas was

dismissed as moot. Another motion to quash filed in the Middle District of Florida was transferred to this Court on September 21, 2020. That motion has been referred to Judge Jones, as will any other motions to quash transferred to this Court.

### c. Government Subpoena Chart

Per the Court's request on the September 9, 2020 Leadership Call, the parties have provided the Court with a chart listing the government witnesses for whom *Touhy* requests have been made and subpoenas served or will be served. The parties will revise the chart before providing the next updated version to the Court, to include the jurisdiction in which any Motions to Quash a government subpoena have been filed.

### d. Records for Plaintiffs Outside of the 1%

Pursuant to a request from the Department of Justice earlier in this litigation, Plaintiffs outside of the 1% of cases for whom records are already currently being collected through the *Touhy*[1] process, as well as their lawyers, should not be attempting to obtain records on their own for use in this litigation through Freedom of Information Act requests, National Archives requests, or other ways outside of *Touhy*. There will be an opportunity in the near future for additional cases to be assigned to the *Touhy* process.

---

[1] *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Case No. 3:19md2885/MCR/GRJ

## II. TAR Process

On September 15, 2020, the parties submitted a joint letter to the Court indicating that they had completed the TAR training process. Pursuant to Case Management Order No. 15, ECF No. 1373, and discussions with the Court at the 16th Case Management Conference, the parties will file a joint statement on the 3M MDL docket acknowledging completion of the TAR training process as set forth in the TAR Protocol, Pretrial Order No. 12, ECF No. 472, and the Supplemental TAR Protocol, Pretrial Order No. 44, ECF No. 1242.

## III. Bellwether Discovery

### a. Document Stipulations to Narrow Scope of Case-Specific Bellwether Depositions

The parties, after meeting and conferring and with the assistance of Judge Herndon, have agreed on a joint stipulation regarding authenticity and Federal Rule of Evidence 803(6) for government records and 3M records in the Trial Group A cases. Once finalized, the parties must file those stipulations in the applicable Group A cases.

### b. Stipulations for Defense Medical Exams

The parties are continuing to meet and confer with Judge Herndon on a stipulation regarding the protocol for Defense Medical Exams in lieu of what would be Ordered by the Court pursuant to Fed. R. Civ. P. 35. If a stipulation is reached,

that stipulation must include the sequencing of Defense Medical Exams in relation to Plaintiffs' expert reports.

### c. Additional Written Discovery

Plaintiffs have taken issue with supplemental written discovery recently served by Defendants. Specifically, Plaintiffs object to recently-served written discovery as past due and thus precluded under Pretrial Order No. 28, ECF No. 1009, which provided a May 15, 2020 "[d]eadline for parties to respond to written discovery (subject to record collection completion from the government)." Defendants disagree and argue that the May 15, 2020 deadline did not include "follow-on" written discovery, such as discovery following depositions. Defendants cite Pretrial Order No. 42, ECF No. 1171 to show that the Court purportedly agrees with Defendants' reading of the May 15, 2020 deadline because Pretrial Order No. 42 applies to all document requests including "any future requests for production that Defendants serve." Thus, Defendants assert that their recently served written discovery, which was served with sufficient time for Plaintiffs to respond before the close of fact discovery on October 9, 2020, was timely.

After careful consideration, the Court concludes that the May 15, 2020 deadline for the parties to respond to written discovery contemplated all interrogatories and requests for production for the Trial Group A Plaintiffs. Pretrial

Order No. 42 did not change or supersede this deadline.[2]  As the parties quickly approach the close of fact discovery on October 9, 2020, the Court is particularly wary of the potential that allowing further interrogatories and requests for production would lead to more discovery following the fact discovery deadline.  Accordingly, Defendants' recently served interrogatories and any associated requests for production are not permitted.

However, the Court considers Requests for Admission a distinct species of written discovery that has much less potential to lead to further discovery, and will allow any Requests for Admission that were served after the May 15, 2020 deadline.  The parties must respond to any currently pending Requests for Admission from the other side on or before October 15, 2020.[3]  No other deadlines—none—are affected by the allowance of these Requests for Admission, including the upcoming expert disclosure deadlines.

---

[2] The language Defendants cite from Pretrial Order No. 42 was jointly proposed by the parties.  The Court presumes that the parties, in drafting this language, inadvertently overlooked Pretrial Order No. 28.

[3] By allowing responses to Requests for Admission beyond the October 9, 2020 close of discovery, the Court is *not* extending the overall fact discovery deadline and is not inviting and will not allow any additional discovery beyond that deadline.

### IV.  Choice of Law Disputes

Pursuant to Case Management Order No. 15, ECF No. 1373, the parties have submitted to the Court a chart outlining the parties' disagreements on choice of law for the Group A cases.  The Choice of Law Committee members will propose a briefing schedule on these choice of law issues such that full briefing will be complete before the deadlines for dispositive motions.  The choice of law issues for all six Group A cases will be briefed in a single comprehensive document.

### V.  Motions to Compel Discovery for Trial Groups C and D

The parties will propose deadlines for motions to compel discovery from Plaintiffs in Trial Groups C and D that will allow any motions to be fully briefed and decided at least several days prior to the respective Plaintiff's deposition.

### VI.  Minnesota Cases

Mr. Rick Paul, counsel for Plaintiffs in the 3M cases remanded to Minnesota state court will provide the Court with an update on the status of all 3M cases that have been remanded to Minnesota state court and/or are pending in federal court in either the District of Minnesota or the Eighth Circuit Court of Appeals.

### VII.  Upcoming Case Management Conferences

Case management conferences through the end of the year are scheduled on the following dates at 10 am Central:

October 16, 2020

November 20, 2020

December 14, 2020

**SO ORDERED**, on this 29th day of September 2020.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**