UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>The Cases Identified on Exhibit A | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

Before the Court is a second wave of motions to remand to Minnesota state court filed on behalf of 70 Plaintiffs in this multidistrict product liability litigation against 3M Company and its predecessor, Aearo Technologies, LLC.[1] Plaintiffs are former U.S. military personnel who seek damages related to their use of the Combat Arms Earplug ("CAEv2") while engaged in military service. *See, e.g.*, Compl., *Allen*, Case No. 3:19cv4846, ECF No. 1-1 ¶ 1.[2] Earlier this year, the Court denied 341 motions to remand on behalf of more than 5,700 Plaintiffs who had originally filed their lawsuits in Minnesota state court ("the initial Minnesota plaintiffs"), finding that Defendants had satisfied removal requirements under the federal officer

---

[1] Exhibit A identifies the cases subject to this Order. Plaintiffs' Complaints name the following defendants, who will be referred to collectively as "Defendants": 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC.

[2] The Complaints all contain identical allegations, save references to Plaintiff-specific facts. For judicial economy and efficiency purposes, all references to Plaintiffs' record in this Order refer to the filings in one case, *Allen*, 3:19cv4846.

removal statute, 28 U.S.C. § 1442(a)(1), including the requirement for a colorable federal defense—specifically, the government contractor defense.[3] *See generally* Order denying remand, ECF No. 904, 2020 WL 365617 (N.D. Fla. Jan. 22, 2020) (hereinafter "First Remand Order"). The Plaintiffs here, however, were not subject to the First Remand Order; indeed, most of these Plaintiffs had not yet filed their cases at the time that order was entered.[4] Defendants timely removed the instant cases under the federal officer removal statute, 28 U.S.C. § 1442(a)(1)[5], with notices of removal nearly identical to those filed previously.[6]

Plaintiffs, like the initial Minnesota plaintiffs, allege that Defendants, *inter alia*, defectively designed the CAEv2 and failed to adequately warn the military about those known defects.[7] *Compare* Compl., *Allen*, Case No. 3:19cv4846, ECF

---

[3] In its removal papers, Defendants also argued they had a colorable combatant activities defense and a colorable basis for arguing that Plaintiffs' lawsuits present nonjusticiable political questions. *See* First Remand Order, ECF No. 904 at 14 n. 14. But the Court found it unnecessary to address these two alternative defenses in light of its conclusion that Defendants had raised a colorable government contractor defense. *See id.* The same is true here. *See* Not. of Removal, *Allen*, Case No. 3:19cv4846, ECF No. 1 at 11-16. The Court also notes that since removal, Defendants have abandoned their position on the political question doctrine.

[4] Only six Plaintiffs filed their Complaints before the Court's January 13, 2020 Order. *See* Case Nos. 3:19cv4846; 3:19cv4935; 3:19cv5101; 3:19cv5102; 3:19cv5103; and 3:20cv21.

[5] Because the Court once again concludes that federal officer jurisdiction exists, this Order does not address the merits of Defendants' alternative basis for removal, federal enclave jurisdiction.

[6] *Compare Allen*, 3:19cv4846, Notice of Removal, ECF No. 1 *with Hunt*, 3:19cv3215, Notice of Removal, ECF No. 1.

[7] Plaintiffs here, like the first wave of plaintiffs who moved for remand, also allege negligence and consumer protection claims. *Compare* Compl., *Allen*, Case No. 3:19cv4846, ECF No. 1-1 *with* Compl., *Hunt,* Case No. 3:19cv3215, ECF No. 1-1.

No. 1-1 *with* Compl., *Hunt,* Case No. 3:19cv3215, ECF No. 1-1.  They also allege that they were issued and wore the CAEv2 during their military service, and suffered hearing-related injuries as a result.  *Compare*, Compl., *Allen*, Case No. 3:19cv4846, ECF No. 1-1 ¶ 1 *with* Compl., *Hunt,* Case No. 3:19cv3215, ECF No. 1-1 ¶ 1.  Broadly speaking, Plaintiffs' allegations mirror the allegations of the initial Minnesota plaintiffs in all material respects.  Inexplicably, however, Plaintiffs' briefing fails to address, or even acknowledge, the Court's rulings with respect to federal officer removal in the First Remand Order.  Those rulings, which the Court hereby adopts and incorporates by reference, resolve most of Plaintiffs' arguments against removal under the federal officer removal statute.

Only two of Plaintiffs' arguments, which were not centrally raised by the initial Minnesota plaintiffs, warrant additional comment.  First, Plaintiffs assert that the CAEv2 was not designed or developed for "exclusive military use" in part because it is "structurally and technologically identical" to the ARC earplug, which Plaintiffs allege were sold to civilians prior to military use of the CAEv2.  *See* Compl., *Allen*, Case No. 3:19cv4846, ECF No. 1-1 ¶¶ 26-29; Mot. Remand, Case No. 3:19cv4846, ECF No. 19 at 9, 11-12, 14-15.  Second, Plaintiffs maintain that, in a settlement agreement resolving a separate but related False Claims Act case, the government took the position that Defendants knew the CAEv2 was defective yet failed to disclose that information.  *See id.* at 9, 17-19.  In Plaintiffs' view, this means

Defendants cannot advance a colorable government contractor defense or otherwise fulfill the requirements for federal officer removal. *See generally* Mot. Remand, Case No. 3:19cv4846, ECF No. 19. The Court disagrees.

At the outset, it is worth noting that Plaintiffs' motions were already pending when the Court granted the MDL Plaintiffs' motion for summary judgment on the government contractor defense, and correspondingly denied Defendants' motion for summary judgment on the defense. More specifically, the Court found the record, which was voluminous, "insufficient, as a matter of law, to establish the elements of the government contractor defense as to any Plaintiffs' claims." *See* Order, ECF No. 1280 at 1 (hereinafter "Summary Judgment Order"). Significantly, however, the Summary Judgment Order did *not* singlehandedly dismantle the Court's jurisdiction over the instant cases. In fact, it has *no bearing* on the present motions to remand at all. *See Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1332 (N.D. Ala. 2010) ("[A] defense may be colorable even if the court ultimately rejects it.").

When considering a motion for summary judgment, the Court examines the record to determine whether there are any genuine disputes of material fact, reviewing the evidence and drawing factual inferences therefrom in the light most favorable to the non-moving party. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In contrast, "no determination of fact is required at the removal stage."

*Corley*, 688 F. Supp. 2d at 1332. The Court is *not* required to dissect the evidence—or even consider any evidence at all[8]—when considering the appropriateness of removal. *See id.* at 1334; *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 782-83 (E.D. Pa. 2010) ("While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at [the remand] stage to pierce the pleadings or dissect the facts stated. . . . [or] to determine credibility, weigh the quantum of evidence or discredit the source of the defense," but rather "[i]t is the sufficiency of the facts stated—not the weight of the proof presented—that matters."); *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1428-29 (11th Cir. 1996) (finding removal under the federal officer removal statute proper based on the averments made in the removal petition alone). Rather, the court examines whether the movant has made "*plausible* jurisdictional allegation[s]" sufficient to establish the court's jurisdiction over plaintiff's claims. *See Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81) (emphasis added); *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015

---

[8] *See Morgan v. Bill Vann Co.*, No. CIV.A. 11-0535-WS-B, 2011 WL 6056083, at *4 (S.D. Ala. Dec. 6, 2011) ("[F]ederal courts have routinely allowed defendants removing on the basis of federal officer jurisdiction either to make an evidentiary showing post-removal or to rely on factual allegations in the notice of removal untethered to specific evidentiary proof."); *see also Mesa v. California*, 489 U.S. 121, 133 (1989) (referring to the colorable federal defense requirement for removal as a "pleading requirement[]").

(7th Cir. 2018) (finding removal proper where defendant's allegations supporting its notice of removal under the federal officer removal statute were "plausible on their face"). "The law *does not* require that the removing defendant virtually win his case before it can be removed." *Caver v. Cent. Alabama Elec. Coop.,* 845 F.3d 1135, 1145 (11th Cir. 2017) (emphasis added). When removing pursuant to the federal officer removal statute, "[a]ll a removing defendant needs to do is to make a showing that his federal defense is not without foundation and made in good faith." *See Corley*, 688 F. Supp. 2d at 1332 (citation and internal quotation marks omitted); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1273 (S.D. Fla. 2008) (finding removal proper where defendants had a good faith foundation for their government contractor defense, despite several factual disputes). In short, because the summary judgment standard substantially differs from the plausibility standard for removal, the Court's Summary Judgment Order does not impact the Court's analysis in the First Remand Order or its finding that Defendants advanced a colorable federal defense.

Plaintiffs' "novel" arguments do not alter the Court's prior findings either. The Court has already determined, on review of materially identical allegations, and construing Defendants' facts liberally and in favor of a federal forum, as is required when considering the appropriateness of removal under the federal officer removal

statute,[9] that Defendants "put forth facts sufficient to *plausibly* satisfy" the requirements for removal, including that Defendants had presented a colorable government contractor offense. *See* First Remand Order, ECF No. 904 at 16-17 (emphasis added). Instead of addressing any one of those facts, Plaintiffs point to one document, the military's 2006 solicitation for a "Commercial Items" contract referring to the CAEv2, in alleging that the CAEv2 was designed and manufactured independently as a commercial item available for purchase by both civilians and the government. *See* Mot. Remand Ex. A, Case No. 3:19cv4846, ECF No. 20-1. From there, Plaintiffs infer that any "collaboration" between Defendants and the government was merely for marketing and sales purposes, and thus Defendants' relationship with the government falls short of supporting a colorable federal government contractor defense or satisfying the other requirements for federal officer removal. *See* Mot. Remand, Case No. 3:19cv4846, ECF No. 19 at 14-15.

Despite emphasizing that "this Court's analysis should begin with the Supreme Court and Eleventh Circuit authority deciding the relevant federal questions," *see id.* at 7 (citing *Murphy v. F.D.I.C.*, 208 F.3d 959, 964-65 (11th Cir.

---

[9] Because the federal officer removal statute is meant to "protect the Federal Government from [state] interference with its 'operations,'" it is "liberally construed" in favor of a federal forum. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007); *Caver*, 845 F.3d at 1142-43; *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 136 (2d Cir. 2008) ("[T]he statute as a whole must be liberally construed."); *see also Moreau v. Weston Sols., Inc.*, No. CV 17-994, 2017 WL 3167656, at *3 (E.D. La. July 26, 2017) ("When applying the federal officer removal statute, the Court does not resolve any doubts in favor of remand.").

2000)), Plaintiffs do not point to any such controlling authority supporting their contention that Defendants do not have even a colorable government contractor defense because the product at issue was a "commercial item[] sold on the open market," *see id.* at 14.  Indeed, the Court is aware of only one federal appeals court, the Ninth Circuit, that refused to apply the government contractor defense because the products at issue, which had been ordered by the military, were "readily available" and in "substantially similar form" to those on the commercial market. *See In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 811 (9th Cir. 1992); *see also Nielsen v. George Diamond Vogel Paint Co.*, 892 F.2d 1450, 1455 (9th Cir. 1990) (rejecting government contractor defense in case involving "a civilian worker injured in the course of a civilian job involving a product designed to further civilian, rather than military, objectives").  But Plaintiffs have not cited, and the Court has not found, any Supreme Court or Eleventh Circuit case adopting the Ninth Circuit's view in *In re Hawaii*.[10]  *See also Patterson & Wilder Const. Co. v. United States*,

---

[10] Although the Eleventh Circuit has not yet decided the issue, it has previously rejected the argument that an "off-the-shelf" defective component of the product at issue precludes application of the government contractor defense.  *See Brinson v. Raytheon Co.*, 571 F.3d 1348, 1357 (11th Cir. 2009).  Courts in other circuits, however, have explicitly held that commercial availability of a product procured by the government does not render the government contractor defense unavailable.  *See, e.g.*, *Carley v. Wheeled Coach*, 991 F.2d 1117, 1124 (3d Cir. 1993) (rejecting the Ninth Circuit's holding that the government contractor defense could only apply to military contractors, or contractors for military-specific equipment); *Andrew v. Unisys Corp.*, 936 F. Supp. 821, 829 (W.D. Okla. 1996) (refusing to adopt the Ninth Circuit's holding in *In re Hawaii*); *Stallings v. Georgia-Pac. Corp.*, No. 3:12-CV-00724-H, 2013 WL 1563231, at *3 (W.D. Ky. Apr. 12, 2013) (reasoning that even if plaintiffs "prove[d]" that defendants sold the same product at issue to non-governmental parties, it did not "undermine [d]efendants' demonstration, for the purpose of removal, that the Navy possessed extensive control over the design and

226 F.3d 1269, 1277 (11th Cir. 2000). Accordingly, the commercial availability of the CAEv2 does not undermine Defendants' showing of a colorable government contractor defense.[11]

Finally, Plaintiffs have not adequately explained why the government's prior position in a separate *qui tam* action, where it alleged that Defendants did not disclose the CAEv2's defects, forecloses Defendants' government contractor defense. The government's position in the *qui tam* action, official or not, has no bearing on the *plausibility* of Defendants' removal here. *See* First Remand Order, ECF No. 904 at 15-17. As the Court previously observed, "[d]isputes about whether certain acts were specifically directed by the government, or outside the scope of Defendants' official authority, are properly resolved by federal, not state, courts."

---

manufacture of these [products] such that [defendants'] production thereof was effectively acting under a federal agency").

[11] In any event, Defendants have proffered evidence showing that the military placed orders for the CAEv2 as early as August 1999, more than a year before any commercial sale of the earplugs. *See* Defs.' Opp. Ex. 30 at 3, 9. This evidence further supports the plausible conclusion that Defendants have presented a colorable government contractor defense. *See, e.g.*, *Ayo v. 3M Co.*, No. 18-CV-0373(JS)(AYS), 2018 WL 4781145, at *13 (E.D.N.Y. Sept. 30, 2018) (holding that there was "colorable evidence" that the product sold to the government was pursuant to "government approved reasonably precise specifications," even if defendants later sold it to non-governmental entities); *Morgan*, 2011 WL 6056083, at *6 (finding first *Boyle* factor satisfied where defendants provided evidence that the equipment at issue was "not off-the-shelf product, but was manufactured to meet exacting military specifications"); *Redman v. A.W. Chesterton Co.*, No. 08-03013JSW, 2008 WL 4447729, at *6 (N.D. Cal. Sept. 30, 2008) (rejecting plaintiff's argument that because the product at issue was available to the general commercial market, it was not military equipment designed with unique military applications in mind); *Prewett v. Goulds Pumps (IPG)*, No. C09-0838 RSM, 2009 WL 2959877, at *4 (W.D. Wash. Sept. 9, 2009) (finding that "evidence that [defendant] may have sold some [of the equipment at issue] commercially is not enough to show that the Navy was merely buying 'stock' [equipment] and exercising no discretion").

*See id.* at 13 (citing *Magnin*, 91 F.3d at 1428); *Marley*, 545 F. Supp. 2d at 1273 (concluding defendants satisfied the "low standard" for removal, even though plaintiffs arguments undermined the credibility of some of defendants' evidence in support of removal, because the court "do[es] not need to determine credibility or likelihood of success at the removal stage").

Accordingly, and consistent with the First Remand Order, the Court concludes that Defendants have satisfied the requirements for removal under § 1442(a)(1) and that it has subject matter jurisdiction over Plaintiffs' claims.  Therefore:

1. Plaintiffs' motions to remand are **DENIED**.
2. All other deadlines applicable to 3M MDL plaintiffs are now reinstated as to Plaintiffs identified on Exhibit A.

**SO ORDERED**, on this 1st day of October, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

## Exhibit A

| PLAINTIFF | CASE NO. |
|---|---|
| Allen, Michael | 3:19-cv-04846-MCR-GRJ |
| Diaz, Jose | 3:19-cv-04935-MCR-GRJ |
| Friel, Jonathon | 3:19-cv-05101-MCR-GRJ |
| Daniels, William | 3:19-cv-05102-MCR-GRJ |
| Erhart, John | 3:19-cv-05103-MCR-GRJ |
| Williams, Ellen | 3:20-cv-00021-MCR-GRJ |
| Smith, Damien | 3:20-cv-01007-MCR-GRJ |
| Taylor, Justin | 3:20-cv-01008-MCR-GRJ |
| Tenhopen, Bryan | 3:20-cv-01009-MCR-GRJ |
| White, Dennis | 3:20-cv-01010-MCR-GRJ |
| Easterling, Kevin | 3:20-cv-01012-MCR-GRJ |
| Wimmer, James | 3:20-cv-01014-MCR-GRJ |
| Tobie, Shawn | 3:20-cv-01015-MCR-GRJ |
| Wyatt, Emma | 3:20-cv-01016-MCR-GRJ |
| Trotter, Scott | 3:20-cv-01017-MCR-GRJ |
| Timmermann, Justin | 3:20-cv-01019-MCR-GRJ |
| Baber, Kevin | 3:20-cv-01021-MCR-GRJ |
| Benton, Jeremy | 3:20-cv-01023-MCR-GRJ |
| Anderson, Ken | 3:20-cv-01025-MCR-GRJ |
| Alston, Ray | 3:20-cv-01027-MCR-GRJ |
| Haar, Mikael | 3:20-cv-01028-MCR-GRJ |
| Eldridge, Chadwick | 3:20-cv-01030-MCR-GRJ |
| Magnus, Timothy | 3:20-cv-01053-MCR-GRJ |
| Mouzone, Kieosha | 3:20-cv-01054-MCR-GRJ |
| Yueng, Joshuo | 3:20-cv-01055-MCR-GRJ |
| Mann, Marcel | 3:20-cv-01056-MCR-GRJ |
| Manning, Kenneth | 3:20-cv-01057-MCR-GRJ |
| Peters, Nathan | 3:20-cv-01058-MCR-GRJ |
| Pickle, Richard | 3:20-cv-01059-MCR-GRJ |
| Rohde, Justin | 3:20-cv-01060-MCR-GRJ |
| Wooden Jr., Robert | 3:20-cv-01062-MCR-GRJ |
| Shaw, Benjamin | 3:20-cv-01063-MCR-GRJ |
| Small, John | 3:20-cv-01064-MCR-GRJ |
| Nye, Blaine | 3:20-cv-01065-MCR-GRJ |
| Morales, Saul | 3:20-cv-01070-MCR-GRJ |

| PLAINTIFF | CASE NO. |
|---|---|
| Moore, Charles | 3:20-cv-01072-MCR-GRJ |
| Jones, Keith | 3:20-cv-01073-MCR-GRJ |
| Johnson, Leonard | 3:20-cv-01074-MCR-GRJ |
| Grogan, Michael | 3:20-cv-01075-MCR-GRJ |
| Feran, Michael | 3:20-cv-01079-MCR-GRJ |
| Ketchum, Casey | 3:20-cv-01081-MCR-GRJ |
| Jones, Quintin | 3:20-cv-01082-MCR-GRJ |
| Cahill, Patrick | 3:20-cv-01083-MCR-GRJ |
| Brotherton, Tyler | 3:20-cv-01084-MCR-GRJ |
| Clair, Austen | 3:20-cv-01085-MCR-GRJ |
| Kyt, Andrew | 3:20-cv-01086-MCR-GRJ |
| Smith, Christopher | 3:20-cv-01089-MCR-GRJ |
| Ramos, Jose | 3:20-cv-01090-MCR-GRJ |
| McKenna, Scott | 3:20-cv-01095-MCR-GRJ |
| Lopez, Aaron | 3:20-cv-01096-MCR-GRJ |
| Ciesielski, Steven | 3:20-cv-01097-MCR-GRJ |
| Carnahan, Glenn | 3:20-cv-01098-MCR-GRJ |
| Roberts II, Roy | 3:20-cv-01414-MCR-GRJ |
| Wright, Stephen | 3:20-cv-01416-MCR-GRJ |
| Howe Jr., Roger | 3:20-cv-01802-MCR-GRJ |
| Brenner, Joshua | 3:20-cv-01805-MCR-GRJ |
| Sova, Ryan | 3:20-cv-01808-MCR-GRJ |
| Bowen, Brandon | 3:20-cv-01821-MCR-GRJ |
| Gaines, Jr., John | 3:20-cv-01825-MCR-GRJ |
| Coleman, Charles | 3:20-cv-02433-MCR-GRJ |
| Dixon, Randal | 3:20-cv-02434-MCR-GRJ |
| Gonzalez, Julie | 3:20-cv-02435-MCR-GRJ |
| Jordan, Bruce | 3:20-cv-02437-MCR-GRJ |
| Johnson, William L. | 3:20-cv-02439-MCR-GRJ |
| Lopez, Jesus | 3:20-cv-02441-MCR-GRJ |
| Robins, Ashley | 3:20-cv-02443-MCR-GRJ |
| Johnson, Micah | 3:20-cv-04362-MCR-GRJ |
| Kelley, John | 3:20-cv-04970-MCR-GRJ |
| Servedio, Matthew | 3:20-cv-04971-MCR-GRJ |
| Laughton, Jayco | 3:20-cv-04972-MCR-GRJ |