# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

|   |   |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PROUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | )<br>)<br>)<br>)  No. 3:19-md-02885-MCR-GRJ<br>)<br>)<br>)<br>) |

## NOTICE TO THE COURT

On September 25, 2020, Defendants filed their Motion for an Order Concerning Disclosure of Government Employee Work Addresses, ECF No. 1421, asking the Court to compel the Government to disclose the work addresses for certain individuals. Pursuant to Local Rule 7.1(E), any opposition would be due fourteen days after service of the motion. The Government has not identified any order in this case that would alter that rule. Yet, the Court granted Defendants' motion four days later, on September 29. ECF No. 1430, without waiting for the Government's response.

The Government's opposition would have advised the Court, among other things, of Defendants' wholesale failure to comply with the legally required means of obtaining official information from a non-party federal agency. Specifically, Defendants moved this Court for relief without complying with federal *Touhy*

regulations, without issuing a subpoena, and without seeking the information through the Freedom of Information Act. Further, Defendants' disregard for proper procedures in seeking information from the Government has been the norm, not an aberration. Although such non-compliance should stand as a bar to judicial relief, this Court's order sanctions such conduct and ensures that it will continue unabated. *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1198 (11th Cir. 1991); *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). As the Eleventh Circuit explained, district courts should consider "the cumulative impact of allowing their request" because "an onslaught of subpoenas . . . would seem to be inevitable" if litigants are not required to comply with *Touhy* regulations.[1] *Moore*, 927 F.2d at 1198 (quoting the district court with approval).

Nevertheless, without waiving any jurisdictional or procedural arguments, the Government hereby notifies the Court that it has provided counsel with any current federal work addresses for the subject individuals.

> Respectfully submitted,
>
> LAWRENCE KEEFE
> United States Attorney
>
> JOHN V. COUGHLAN
> Deputy Assistant Attorney General

---

[1] Indeed, just this morning 3M's counsel sent an email inquiry (neither compliant with *Touhy* nor FOIA) seeking government contact information in connection with Plaintiff Wayman's case. *See* Email from Mary Kim to Major Nicole Kim (Oct. 5, 2020).

2

                                                JACQUELINE COLEMAN SNEAD
                                                Assistant Branch Director

                                                s/      Gary Feldon
                                                Gary D. Feldon
                                                Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, N.W., Room 11101
                                                Washington, D.C.  20044
                                                Tel: (202) 598-0905/Fax: (202) 616-8460
                                                E-mail: gary.d.feldon@usdoj.gov
Dated: October 5, 2020                 Attorneys for the Department of Defense

## CERTIFICATE OF SERVICE

I certify that I served the within notice on all counsel of record by filing it with the Court by means of its ECF system on October 5, 2020.

                                                s/ Gary Feldon