**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 3:19-md-2885-MCR-GRJ |
| | | Judge M. Casey Rodgers |
| | | Magistrate Judge Gary R. Jones |
| This Document Relates to All Cases | ) ) ) | |
| | | PUBLIC VERSION - REDACTED |

### Defendants' Statement on the Deposition of Kevin Michael, PhD

Pursuant to the Court's request during the October 2, 2020, Leadership Conference, Defendants submit this statement regarding the proposed deposition of Kevin Michael, Ph.D., which is scheduled on October 9, 2020.  Dr. Michael is the owner and president of Michael & Associates, an independent psychoacoustic laboratory accredited by the National Voluntary Laboratory Accreditation Program.  Michael & Associates has a long history of testing various hearing protection devices.  Most relevant for present purposes, the firm tested the Combat Arms Earplug version 2 ("CAEv2") to evaluate its noise reduction rating and its ability to attenuate impulse noises.  Plaintiffs have long been aware of the Michael & Associates testing of the CAEv2. For instance, Plaintiffs had access to Dr. Michael's October 2015 deposition transcript from the *Moldex v. 3M* litigation, and his testimony specifically discusses three test reports relating to the CAEv2.  More important, in November 2019, Plaintiffs served a subpoena on Michael &

Associates.  *See* Ex. 1.  The firm produced responsive documents on December 16, 2019, and the responsive documents included the test reports relating to the CAEv2.

Plaintiffs cannot (and do not) feign surprise that Dr. Michael has information relevant to this litigation. Indeed, during the Leadership Call, Plaintiffs indicated that their experts may rely on this testing performed by Michael & Associates. Instead, Plaintiffs complain that Defendants have scheduled Dr. Michael's deposition on October 9, which is also the day their experts' Rule 26 reports are due.  They argue that (1) Dr. Michael's testimony *might* have a material effect on their experts' opinions and, if so, (2) they would be prejudiced if the deposition occurred on the same day as the expert report deadline. The fundamental question, however, is whether Defendants have done anything wrong by scheduling a fact witness deposition on October 9. They have not. Defendants acted reasonably in trying to contact Dr. Michael and, with his consent, scheduled a deposition before the close of fact discovery.  This timing is consistent with the Federal Rules of Civil Procedure and Case Management Order 13 ("CMO 13").  Contrary to Plaintiffs' claims, there is no attempt to sandbag anyone. Also, Plaintiffs' claim of prejudice disregards the Federal Rules of Civil Procedure, ignores their own conduct, and tries to re-write CMO 13.  Accordingly, the Court should allow the

deposition of Dr. Michael to proceed with the framework discussed later in this statement.

Defendants reached out to Dr. Michael on several occasions to schedule a deposition before the close of fact discovery.  Defendants unsuccessfully tried to reach Dr. Michaels twice on September 4, 2020, and simply had to leave a voicemail message.  After not receiving a response, Defendants again reached out to Dr. Michael by telephone on September 8, 2020, to no avail.  Defendants reached out to Dr. Michael a final time on September 29, 2020.  Defendants successfully reached Dr. Michael on that date, and he agreed to be deposed on October 9, 2020.  Defendants subsequently issued a subpoena pursuant to Federal Rule of Civil Procedure 45.

In hindsight, Defendants should have done a better job coordinating the date of Dr. Michael's deposition with Plaintiffs.  Having said this, however, Defendants' subpoena for deposition testimony of Dr. Michael is timely. Notwithstanding any suggestion to the contrary, Federal Rule of Civil Procedure 45 imposes no requirement that a deposition occur fourteen days after a subpoena is served. *See* Fed. R. Civ. P. 45.  Rule 45 requires a court to modify or quash a subpoena when it, for example, (a) fails to allow a reasonable time to comply or (b) subjects a person to undue burden.  *See* Fed. R. Civ. P. 45(d)(3)(A).  Notably, Dr. Michael has not objected to the subpoena—or the date on which the deposition is

scheduled. If Plaintiffs' complaint is deemed a motion to quash, then they must bear the burden of proving that grounds exist under Rule 45 to do so. They have not. Instead, Plaintiffs have attempted to shift the burden onto the Defendants by suggesting that it is improper to schedule a deposition fewer than fourteen days after a subpoena is served. Although some courts presumptively hold that fourteen days is a reasonable time for compliance, those cases have been in the context of complying with a subpoena seeking documents—*not* seeking deposition testimony. *See, e.g.*, *Noel-Wagstaffe v. Metro. Cas. Ins. Co.*, No. 17-CIV-61039, 2017 WL 6047679, at \*2 (S.D. Fla. Dec. 7, 2017); *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 9988745, at \*7 (S.D. Fla. June 9, 2017). Stated differently, there is not a fourteen-day presumption relating to deposition testimony.

Regardless, the purpose of requiring a reasonable time to comply with the subpoena is to protect the person subject to the subpoena—*not* the parties. *See, e.g.*, *Bland v. Fairfax Cty., Va.*, 275 F.R.D. 466, 472 (E.D. Va. 2011) ("That all of the witnesses have *agreed* to testify and were notified that they would be called to testify at trial well before they received their subpoenas is sufficient good cause to decline to quash the subpoenas."); *see also* Fed. R. Civ. P. 45(d) (subsection entitled "Protecting a Person Subject to a Subpoena; Enforcement"). Here, Dr. Michael has agreed to the proposed October 9, 2020, deposition date. Accordingly, Defendants have complied with the requirements of Rule 45.

Similarly, Defendants proposed deposition of Dr. Michael is permitted by CMO 13. *See* Dkt. No. 1203 at 2. CMO 13 states that "[f]act discovery for Group A closes on October 9, 2020." *Id.* As previously noted, Dr. Michael's proposed deposition falls within that deadline. Despite this, Plaintiffs assert prejudice because the deadline for the Group A Plaintiffs' expert reports is the same day as the proposed deposition of Dr. Michael. Plaintiffs contend that Dr. Michael may provide testimony that is relevant to their experts, and that they will be unable to use/refute that testimony. CMO 13 includes no exceptions to the October 9, 2020, fact discovery deadline; nor does it carve out an alternative deadline for fact discovery that Plaintiffs contend may be relevant to their experts' reports. *See* Dkt. No. 1203 at 2.

Indeed, CMO 13 originally would have allowed fact discovery to take place *after* the Group A Plaintiffs' expert report deadline had the Court not extended that deadline from October 2, 2020, to October 9, 2020. *See* Dkt. No. 1404 at 1. Furthermore, Plaintiffs' argument ignores the fact that they had issued a document subpoena to Michael & Associates months ago. *See* Ex. 1. If Dr. Michael's testimony might be relevant to their experts, Plaintiffs could have sought to depose him long before their expert report deadline. Plaintiffs have no valid basis to bar this deposition simply because it may occur on the same day as the expert report deadline. If the deposition results in information that affects the expert opinions of

Plaintiffs' experts, then they can (a) seek leave from the Court to supplement their expert reports and (b) demonstrate good cause, including explaining why they chose not to depose the witness earlier.

Finally, Defendants have offered to forego deposing Dr. Michael on October 9 if the parties stipulated that four documents produced by Michael & Associates are authentic and satisfy the requirements of Fed. R. Evid. 803(6). *See* Ex. 2, 3, 4, and 5. Three of these documents concern testing performed on the CAEv2 by Dr. Michael's lab. *See* Ex. 2, 4, and 5. Plaintiffs rejected this proposal.[1] Alternatively, Defendants offered to limit the scope of the deposition to questions about these four documents. Plaintiffs rejected this proposal, stating they wanted a broader scope if the deposition proceeded. Thus, if Plaintiffs are not willing to agree to a stipulation for Exhibits 2-5, the Court should permit Dr. Michael's deposition to proceed so the parties can establish a foundation for the admissibility of the four documents.

---

[1] For example, Plaintiffs suggested that the test reports might not be business records—and instead documented tests performed in anticipation of litigation. The record does not support such an assertion. As an initial matter, Michael & Associates performed the tests in August 2010 and March 2012; Moldex did not file litigation against 3M until 2014. ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ *See* Ex. 6, a K. Michael *Moldex* Deposition at 12-13.

## Conclusion

For the aforementioned reasons, Defendants respectfully request this Court to permit the deposition of Dr. Michael to proceed on October 9, 2020, if Plaintiffs refuse to stipulate to the admissibility of the identified documents produced by Michael & Associates.

Dated:  October 6, 2020                              Respectfully submitted,

                                                    */s/ Robert C. Brock*

                                                    Robert C. "Mike" Brock
                                                    KIRKLAND & ELLIS LLP
                                                    1301 Pennsylvania Avenue, N.W.
                                                    Washington, D.C. 20004
                                                    Telephone: (202) 389-5991
                                                    mike.brock@kirkland.com

                                                    Mark J. Nomellini
                                                    KIRKLAND & ELLIS LLP
                                                    300 North LaSalle
                                                    Chicago, Illinois 60654
                                                    Telephone: (312) 862-3254
                                                    mnomellini@kirkland.com

                                                    Kimberly Branscome
                                                    DECHERT LLP
                                                    633 W. 5th St., Suite 4900
                                                    Los Angeles, California 90071
                                                    Telephone: (213) 808-5762
                                                    kimberly.branscome@dechert.com

                                                    *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,442 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  October 6, 2020                          Respectfully submitted,

                                                 */s/ Robert C. Brock*

                                                 Robert C. "Mike" Brock
                                                 KIRKLAND & ELLIS LLP
                                                 1301 Pennsylvania Avenue, N.W.
                                                 Washington, D.C. 20004
                                                 Telephone: (2020) 389-5991
                                                 mike.brock@kirkland.com

                                                 *Counsel for Defendants 3M Company,*
                                                 *3M Occupational Safety LLC, Aearo*
                                                 *Technologies LLC, Aearo Holding,*
                                                 *LLC, Aearo Intermediate, LLC and*
                                                 *Aearo LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 6th day of October, 2020, a true and correct copy

of the foregoing was electronically filed via the Court's CM/ECF system, which

will automatically serve notice of this filing via e-mail to all registered counsel of

record.

DATED:  October 6, 2020

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company,
3M Occupational Safety LLC, Aearo
Technologies LLC, Aearo Holding,
LLC, Aearo Intermediate, LLC and
Aearo LLC*