EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Case No. 3:19-md-02885 |
| This Document Relates to All Cases | ) ) ) ) | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## **DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA**

Please take notice that Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo, LLC will serve the attached subpoena directed to Kevin Michael, Ph.D, Michael & Associates, Inc., 2766 W. College Avenue, Suite 1, State College, Pennsylvania 16801, as soon as practicable.  *See* Exhibit A.

The deposition subpoena will command Mr. Michael to appear for a deposition commencing at 9:00 a.m., local time, on October 9, 2020. Defendants, by and through its counsel of record, will take the oral and videotaped deposition of Mr. Michael pursuant to Federal Rule of Civil Procedure 30, Pretrial Order No. 13, and Pretrial Order No. 35, *see* Exhibit B. The deposition will be conducted remotely via a secure web-based video or internet video conference technology.

The deposition of Mr. Michael will be taken for discovery and all other purposes permitted by the Federal Rules of Civil Procedure before a person authorized to administer oaths who will attend remotely via video conference and will be recorded through stenographic means, the instant visual display of testimony, and audio and videotape technology. The deposition will not exceed seven hours and, subject to change, our current estimate is that it will last approximately half that time.

Vertitext will provide remote access for all parties via a ZOOM-based platform. *See* Exhibit C. Please contact the attorney point of contact and Veriteext prior to the deposition to advise of your participation so that the necessary credentials, call-in numbers, testing, and any other necessary information can be provided to you prior to the deposition.

Please take further notice that if the deponent requires the use of an interpreter, written notice of the language must be provided to this office no later than three (3) business days before the deposition date.

The attorney point of contact for the noticing party is Ashley Neglia of the law firm Kirkland & Ellis LLP, 555 South Flower Street, Los Angeles, CA 90071; Telephone: (213) 680-8114; Email: ashley.neglia@kirkland.com

Dated:  September 29, 2020                    Respectfully submitted,

                                             */s/ Mark J. Nomellini*
                                             Mark J. Nomellini
                                             KIRKLAND & ELLIS LLP
                                             300 North LaSalle
                                             Chicago, Illinois 60654
                                             Telephone: (312) 862-3254
                                             mnomellini@kirkland.com

                                             *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2020, a true and correct copy of

the foregoing:

### DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA
### (KEVIN MICHAEL, PH.D)

was served as follows:

☒ **[E-Mail]** By causing the above document to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

☒ **[MDL Centrality]** By electronically serving the above document via the MDL Centrality website pursuant to Pretrial Order No. 15 (ECF No. 630).

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel Douglass A. Kreis<br>Neil D. Overholtz<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com<br>Email: NOverholtz@awkolaw.com | Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br> Email: shutson@triallawfirm.com |
| Christopher A. Seeger, Co-Lead Counsel<br>David R. Buchanan<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com<br>Email: dbuchanan@seegerweiss.com | Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX  77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com |

| | |
|---|---|
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>Discovery & ESI Subcommittee<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Brian H. Barr, Co-Liaison Counsel<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell,<br>Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502<br>Tel.: (850) 435-7045<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com |
| Virginia E. Anello,<br>Discovery & ESI Subcommittee<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com | Katherine E. Charonko,<br>Discovery & ESI Subcommittee<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV  25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com |
| J. Nixon Daniel, III<br>Discovery & ESI Subcommittee<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, Florida 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com | |

Dated:  September 29, 2020                    Respectfully submitted,


                                             */s/ Mark J. Nomellini*
                                             Mark J. Nomellini

# **<u>EXHIBIT A</u>**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:19-md-2885 |
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Kevin Michael, Ph.D, Michael & Associates, Inc.,
2766 W. College Avenue, Suite 1, State College, Pennsylvania  16801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:    via Remote Deposition | Date and Time: |
|---|---|
| | 10/09/2020 9:00 am (ET) |

The deposition will be recorded by this method:    Stenographic and Videographic

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/29/2020

CLERK OF COURT

OR

_____                    /s/ Ashley Neglia
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants,
_____ , who issues or requests this subpoena, are:

Ashley Neglia, Kirkland & Ellis LLP, 555 S. Flower St., Los Angeles, CA 90071; Ashley.Neglia@kirkland.com; (213) 680-8114

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:19-md-2885

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT B**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 35
### Remote Depositions

The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. Plaintiffs and Defendants (the "Parties") have expressed a strong preference to conduct in-person depositions in this litigation, but social distancing restrictions in various jurisdictions may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court has authorized the use of remote depositions by videoconference ("Videoconference Deposition") and now issues the following protocol[1] to govern any depositions

---

[1] This Order does not address which depositions may proceed by videoconference, a subject that the Court has addressed in a prior case management conference and will address further in future Orders as appropriate.

1

conducted by remote videographic means in *In re: 3M Combat Arms Earplug Products Liability Litigation*.

1. Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Case Management Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

2. The deposition notice for any Videoconference Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

3. All deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general

2

description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three business days before the deposition—and will use best efforts to provide the detailed instructions at least five business days before the deposition.

4.    To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

5.    At least 24 hours before the Videoconference Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). If a witness noticed for a Videoconference Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, counsel who noticed the deposition must provide the deponent with an agreed-upon tablet containing the audio, webcam, and Wi-Fi connectivity needed to

participate in the deposition.

6.    At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. To avoid any potential disruptions of a Videoconference Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition. The participating attorneys may be visible to all other participants during the deposition.

7.    A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the

4

videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

8.   During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. Access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to

5

display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

9. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or email exchanges with the witness). However, the witness's counsel may communicate with the witness telephonically or by other electronic means during breaks, consistent with Federal Rule of Civil Procedure 30(c)(1).

10. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

11. Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents

6

and such attendance is consistent with social distancing restrictions. Under such circumstances, the party noticing the deposition may still opt to conduct its examination by videoconference.

12. For *Touhy*-witness depositions, additional protocols may be established by the Court.

**SO ORDERED**, on this 13th day of May, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

7

# **EXHIBIT C**



# A PRACTICAL GUIDE TO PARTICIPATING IN VIRTUAL DEPOSITIONS WITH VERITEXT

## KEY SERVICE POINTS

- Secure service and connection HIPAA compliant and 256 BIT encryption
- Unlimited participants
- Remote or in person officiant for the entirety of your proceeding – situation dependent
- The proceeding may be video recorded either in person or remotely
- See sample notice provided by your Veritext representative.
- Stipulation on the record sample: Attorneys or the Reporter typically read a simple statement as follows at the beginning of the deposition to clearly set forth the remote virtual setting of the participants:
  - o "The attorneys participating in this deposition acknowledge that the reporter/deposition officer is not physically present in the deposition room and that the reporter/deposition officer will be reporting this deposition remotely. The parties and their counsel consent to this arrangement and waive any objections to this manner of reporting. Please indicate your agreement by stating your name and your agreement on the record."

## VIRTUAL VIDEO DEPOSITION REQUIREMENTS FOR ALL REMOTE ATTENDEES

- Computer
- Wireless or wired internet (wired preferred)
- Webcam
- Speakerphone with the ability to receive a phone call or place a toll-free call*
- It is highly recommended that the participants connect through a dedicated cell or landline for your audio connection versus your computer audio to avoid possible internet connection quality interference.

## EXHIBIT SHARE DEPOSITION REQUIREMENTS FOR ALL REMOTE ATTENDEES

- Computer/ iPad / tablet device
- Wireless or wired internet (wired preferred)

Taking Attorney Tutorial  https://www.veritext.com/exhibit-share-tutorial-depo-ordering-attorney/
Attending Parties & Deponent Tutorial https://www.veritext.com/exhibit-share-tutorial-at-the-depo-for-participatingparties/
Remote Proceeding Functionality Tutorials (e.g. sharing screen, marking exhibits, etc.)
https://www.veritext.com/remote/ (scroll to the bottom of the web page)

## YOUR INVITATIONS TO VIRTUAL DEPOSITION & EXHIBIT SHARE

### Virtual Video ZOOM Invitation:

- Invitations from @Remote Counsel  - You will get one invitation for video and realtime should you  add the realtime service.
- Please save these invites in your calendar.  15 minutes before the deposition start time please join the session by: Clicking the link in the e-mail invitation/s which will launch Zoom.  Alternatively, you can copy the entire link and paste it into your browser window.



**Veritext Virtual Platform Invitation (separate platform from Video Zoom): (note: the two platforms is a bit confusing to the unknowing)**

- o Email goes out to attorneys when the session is created by our Veritext  Virtual Team.  The e-mails DOES NOT contain a link to join the session, it contains information about testing, technical support, and how to access MyVeritext the day of the deposition to log in to the Virtual Session.  Witness and Vendor invitations are sent as a link in an email.
- o Invites come from: [mobiledepo@veritext.com](mailto:mobiledepo@veritext.com)
- o Join the session by: Attorneys – Log into MyVeritext, click Live Sessions and join the session.  Witness/Vendors – Click the link in the e-mail that was sent

**Exhibit Share Invitation (Separate platform from the 2 virtual connection platforms above):**

- Once the Exhibit Share session is set up, attorneys that didn't previously have a user account for exhibit share are sent an invitation to create an Exhibit Share account from [notify@egnyte.com](mailto:notify@egnyte.com).  ( Please do this ahead of the deposition )
- If an attorney is TAKING or PARTICIPATING in an Exhibit Share deposition and ALREADY has an Exhibit Share account, they will not receive a new invitation, just an e-mail that a NEW FOLDER has been set up in XYZ Case for that deposition.
- Invites Come from: [Notify@egnyte.com](mailto:Notify@egnyte.com)
- Join the Session by: Logging in with your username/password by visiting [https://www.veritext.com/services/veritext-exhibit-share-intro/](https://www.veritext.com/services/veritext-exhibit-share-intro/)   Bookmark this page for future use and save your login somewhere secure.

## PRE-DEPOSITION TECHNOLOGY & LOGISTICS PREPARATION

- Consider including protocol for in deposition best practices for all parties in the CMO.
- Consider what admonitions you would like to bring forth to set the tone for all participants at the start of the deposition, including on the record communications between the deponent and their counsel (e.g. texting back and forth, etc.).
- Ensure that you have provided Veritext with contact information for all remote participants including your opposing counsel and the witness at least 48 hours ahead of the deposition so all can be added and provided adequate training.
- Know how you are going to share exhibits; ensure they are scanned ahead of time so you can share with the reporter and other attendees.  Ensure exhibits get to the court reporter once the depo is over.
- All invitations to join depositions should be saved. Any instructions around training and testing (especially for first time users ) should be followed to ensure success in the live deposition session.
- If you are planning on using multiple virtual options such as video, realtime, screenshare,  you may wish to have two monitors.
- If you are logging into Virtual and Realtime you will get two invitations with a link from "Remote Counsel".
- If you are also using Exhibit Share you will get an additional email with a separate log in.

## CREATE A PROFESSIONAL ENVIRONMENT*  - Video and Audio Best Practices
##  ( *Particularly important for the witness if being video recorded )

- Please listen to the court reporters' advisements on best practices.
- Be aware of "on" and "off" the record prompts to avoid having an off the record conversation recorded.
- Do not talk over one another.
- Be clear when introducing exhibits and include the document title and bates #
- If exhibits have not been circulated in advance, please advise your reporter as to the mechanism of exhibit delivery so



that he/she can prepare the final transcript.

- Curate your background. No plain white walls or messy rooms. Bookshelves and desks show you are all business.
- Do not sit with any windows behind you. This causes back lighting and makes your image difficult to see.
- Have lights above you but not directly pointed at your face. This prevents washout or harsh, unflattering light.
- Turn off other audio devices (TV in background, turn off personal cell phone, Siri, Alexa, try to distance yourself from family members and pets, etc.)
- Try to avoid black or white shirts so you don't blend in with your background
- Bright rooms, but no lights directly pointed at face (washout/ harsh light)
- Do not lean into the camera (dipping in and out of frame)
- Put your laptop/tablet on top of a book etc. so you are eye level with the camera.
- Do not lean into the camera or dip in and out of frame.
- You should be an arm's length away from the webcam.
- Try to protect your video feed by calling into the meeting instead of using the computer audio.
- Use headphones on your phone to prevent an echo when on speakerphone.

## DURING THE VIRTUAL DEPOSITION – BEST PRACTICES

- Log in at least 15 minutes early in case you have any issues connecting so you have time to engage with technical support.
- Mute your microphone if you're not talking. This cuts back on soft background noise.
- Please do not talk over each other.
- Appropriate and professional behavior of all participants should be discussed and understood by all participants.
- Ensure the deponent and taking attorney are on screen.  The reporter relies on visual cues and reads lips in addition to his / her listening skills.
- If ordering remote Realtime, understand that you receive this once the reporter "shares" it with you, it does not activate until the reporter is ready.
- If you are going off the record, clearly announce this to all participants.
- During breaks be sure to turn off your webcam, mute your computer microphone and hang up on the phone call. You can dial back in after the break.
- Introducing exhibits, please be sure to give a full description of the exhibit including Bates # range, if applicable.

## WITNESS PREPARATION – POINTS TO CONSIDER

**Timing, trial run(s) – getting used to the setting & technology being used:**
- Your client is not in your physical presence
- Handling questions and answers in general – then pause before answering
- How are you going to handle instructions not to answer and/or objections
- Handling off the record conversations (disconnecting from the conference line, turning off Siri, Alexa if in the area, etc.)
- Handling the review and testimony related to exhibits regardless of medium & size (think documents, video, spreadsheets, plans, social media) Get it on the record.

## VALUABLE TUTORIALS AND VIDEO TO GUIDE YOU

Lastly Veritext has created a comprehensive guide to our suite of remote deposition tools that can be accessed by following this link https://www.veritext.com/remote/  scroll down the page to find instructional tutorials and more.

Veritext Zoom: How to Join a Meeting

## Overview

Virtual Zoom is a web conference service that allows professionals to join a meeting from their laptop, tablet, or smartphone. Below are instructions for first time users that will illustrate how to connect to the conference and select your camera and microphone.

## Joining the Conference

When a web conference is scheduled participants will receive three pieces of information.

1. A link to join the meeting
2. A meeting ID
3. A number to dial in from via telephone

For first time Veritext Zoom users, clicking the link to join the meeting will open your browser and download an installation file onto your computer.



Run the installation file by double clicking it and the web conference software will be automatically installed on your device. If the Virtual Zoom session has begun the meeting will open and you will be able to begin selecting your settings.



Veritext Zoom: How to Join a Meeting

## Audio Settings

Upon opening a Virtual Zoom session, you will be automatically prompted to select your audio preferences. To utilize your device's built in speaker and microphone click the Join with Computer Audio button.



You may alternatively choose to utilize a phone for audio purposes. Selecting the Phone Call tab will display the dial in number and meeting ID numbers. To use your phone, dial the dial in number and enter the meeting ID number when prompted to do so.

Another method of using your phone is the Call Me feature. To use this option select the Call Me tab, enter your number, and click the Call Me button. Within seconds the selected phone number will receive a call. Answer the call and follow the prompts to join the meeting.



## Camera Settings

Selecting your camera is a simple as a click. On the Virtual Zoom's bottom toolbar locate the "Start Video" button and click it to enable your primary camera. You may select an alternate camera by clicking the arrow next to Start Video and clicking on a different camera.



## Overview

Veritext Virtual has a screenshare function that enables users to share their screens from either a desktop, tablet, or mobile device. When doing so, all other participants will be able to follow along live as you display documents, manipulate spreadsheets, play videos, and more.

## How to Share

During a Veritext Virtual conference, to share your screen, do so by clicking on the "Share" icon on the bottom toolbar, circled in red below.



After clicking this button, a new window will appear that lists all screens and applications currently open on your device. In this window, select what you want to share by clicking on the icon, which will highlight your selection blue. When the appropriate screen or application is highlighted, select share in the lower right corner and you will be displaying your content to the room. If what you want to share is a video with audio, check the "Share computer audio" box in the lower left before clicking Share.



## While Screen Sharing

After initiating a screen share a new menu will appear at the top of your screen. This menu enables you to perform some key functions while screen sharing.



Most importantly, you may terminate your share session by clicking the red Stop Share portion of the menu. Alternatively, if you simply need a moment to organize while presenting, you may click the Pause Share button to freeze what the viewers are seeing; this will change the Pause Share icon into a Resume Share icon. Once you have adjusted your screen appropriately simply click Resume Share to proceed.

Additionally, the Annotate feature activates a toolbar (below) that allows all deposition participants to use the screen as a whiteboard to write words and lines or stamp symbols on your screen. Before or during annotating, under the More icon you can disable participant annotations or show names of annotators. Finally, once you have an annotated document, you may select Save on the annotation toolbar to archive a screenshot of your display with the annotations made.



Finally, the Remote Control feature allows you to select a specific Veritext Virtual participant and provide him/her control your computer. With this control they can operate your mouse and keyboard which can be useful during document review. Once a remote control has initiated it can be terminated by selecting the Remote Control icon again and clicking Abort Control.

