EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to:<br>All Cases | Case No.  3:19md2885<br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

**DEFENDANTS' INITIAL DISCLOSURE**

Pursuant to Fed. R. Civ. P. 26(a)(l), Defendants 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC and Aearo, LLC (collectively "3M") hereby serve the following initial disclosure upon Plaintiffs in the *In re 3M Combat Arms Earplug Products Liability Litigation* (the "MDL").

**PRELIMINARY STATEMENT**

3M has made a reasonable and good faith effort to respond to the Rule 26(a)(l) initial disclosure requirements. The following responses are based generally on the common allegations in the various Plaintiffs' complaints in the MDL, and the information and documents presently known and available to 3M, and after the exercise of reasonable diligence. The information contained herein is provided in a good faith effort to supply such factual information as is presently known to 3M, but is without prejudice to 3M's right to supplement, amend or otherwise modify this disclosure as discovery, and 3M's review, research and analysis continues. 3M reserves the right to object to the use -- in discovery proceedings, at trial or for any other purposes -- of the information contained herein based upon relevance, materiality, confidentiality, privilege or immunity, or any other objection that may be available to 3M under applicable rules of law or evidence.

1

This preliminary statement applies to all of the information provided in this initial disclosure and is incorporated in each section as though fully set forth therein. Without limiting the foregoing, in providing this initial disclosure, 3M does not intend to waive, but to the contrary intends to preserve, all applicable privileges, including, but not limited to, the attorney-client and work product privileges. 3M expressly reserves the right under Rule 26(e) of the Federal Rules of Civil Procedure to amend or supplement this disclosure as discovery progresses.

## **DISCLOSURES**

**I.     PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

The following is a list of fact witnesses likely to have discoverable information which 3M may use to support its defenses, other than solely for impeachment.

| Name | Contact Information | Subject Matter |
|---|---|---|
| Elliott Berger | c/o Counsel of Record | Former 3M employee with knowledge of 3M business operations, Combat Arms testing, and Combat Arms design, development, and characteristics. |
| Robert Falco | c/o Counsel of Record | Former 3M employee with knowledge of Combat Arms design, development, and characteristics. |
| Eric Fallon | c/o Counsel of Record | 3M employee with knowledge of 3M business operations and Combat Arms marketing, including to U.S. government customers. |
| Jeff Hamer | c/o Counsel of Record | 3M employee with knowledge of 3M business operations and Combat Arms design, development, and characteristics. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Jason Jones | c/o Counsel of Record | 3M employee with knowledge of Combat Arms marketing and sales, including to U.S. government customers. |
| Ron Kieper | c/o Counsel of Record | Former 3M employee with knowledge of 3M Combat Arms testing and Combat Arms design, development and characteristics. |
| Cynthia Kladden | c/o Counsel of Record | Former 3M employee with knowledge of 3M business operations. |
| Ted Madison | c/o Counsel of Record | Former 3M employee with knowledge of 3M business operations, Combat Arms testing, marketing and sales, including to U.S. government customers. |
| Doug Moses | c/o Counsel of Record | 3M employee with knowledge of 3M business operations, Combat Arms testing, marketing and sales, including to U.S. government customers, and Combat Arms design, development, and characteristics. |
| Brian Myers | c/o Counsel of Record | 3M employee with knowledge of 3M business operations and Combat Arms marketing. |
| Doug Ohlin (deceased) | c/o Counsel of Record | Former 3M employee with knowledge of 3M business operations, Combat Arms testing, marketing and sales, including to U.S. government customers, and Combat Arms design, development, and characteristics. |
| Marc Santoro | c/o Counsel of Record | Former 3M employee with knowledge of 3M business operations and Combat Arms marketing. |

In addition, the following are other categories of persons who may have discoverable information that 3M may use to support its claims or defenses:

1. Any person necessary to lay the foundation for any document;
2. Any person listed in Plaintiffs' future disclosures; and
3. Any supervisor or employee of any person listed by any party.

## II.   DOCUMENTS 3M MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES

3M has documents and tangible things in its possession, custody or control that it may use to support its defenses in the MDL, other than solely for impeachment, in the following categories:

1. Documents and tangible things produced in the Moldex patent litigations;
2. Documents and tangible things produced in the 3M CAE *qui tam* litigation;
3. Documents relating to the design, development, testing, sale and marketing of the 3M products at issue in this MDL; and
4. Documents relating to the United States Government's involvement in the development, testing, purchase and distribution to Plaintiffs of the products at issue in this MDL.

Such documents are located in the files maintained by 3M and/or by the United States Government.

3M expressly reserves the right to amend or supplement this disclosure as permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

### III. COMPUTATION OF DAMAGES

3M is not claiming any damages from Plaintiffs.

### IV. INSURANCE OR INDEMNIFICATION AGREEMENTS

3M purchases commercially available insurance coverage, the terms of which are set forth in many insurance policies. To the extent an individual plaintiff's case is designated as a bellwether, 3M will disclose information on the insurance policy or policies applicable to that plaintiff's claims.

DATED: June 28, 2019

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: /s/ Kimberly Branscome
Kimberly Branscome (SBN 255480)
kimberly.branscome@kirkland.com
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendants 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2019, a true and correct copy of the foregoing:

### DEFENDANTS' INITIAL DISCLOSURES

was served as follows:

☒ **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

DATED: June 28, 2019

/s/ Kimberly Branscome
Kimberly Branscome