UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER**

At the October 2, 2020 Leadership Call, Plaintiffs raised an objection to the upcoming deposition of Kevin Michael, Ph.D by Defendants. Dr. Michael is the owner and president of Michael & Associates, Inc., psychoacoustics laboratory accredited by the National Voluntary Laboratory Accreditation Program that has in the past tested the Combat Arms Earplug version 2 ("CAEv2") for its impulse noise attenuation capabilities and noise reduction ratings. Three days before the Leadership Call, Plaintiffs received notice of Defendants' intent to subpoena Dr. Michael for deposition on October 9, 2020—the last day of fact discovery for Trial Group A, *see* Pretrial Order No. 43 (ECF No. 1204), and the day Plaintiffs' Fed. R. Civ. P. 26(a)(2) expert disclosures are due, *see* Pretrial Order No. 53 (ECF No. 1404). *See* Pls.' Resp., ECF No. 1452 at 2. Defendants did not attempt to coordinate Dr. Michael's deposition date with Plaintiffs, notwithstanding the undersigned's specific instruction to the parties that they coordinate on mutually convenient deposition dates—the undersigned had previously postponed the deposition of a

Page 1 of 4

former government witness because of Defendants' lack of coordination with Plaintiffs. *See* 15th Case Management Conference Tr., ECF No. 1371, at 12-13. After hearing each side's position on Dr. Michael's deposition, the undersigned requested a statement from Defendants setting forth a timeline showing when and how they made efforts to locate and contact Dr. Michael and explaining their purpose in wanting to depose him at this late date. Plaintiffs were permitted to respond.

In their Statement[1], Defendants argue that they served Dr. Michael's subpoena within the fact discovery period and therefore it was timely—although they admit they had not attempted to contact Dr. Michael until September 4, 2020, barely a month before the close of fact discovery. *See* ECF No. 1449 at 3-4. Defendants also argue that if Plaintiffs wanted discovery from Dr. Michael for use in their expert reports, they could have subpoenaed him sooner, just as they had done back in November 2019 with a document subpoena. *See id.* at 5. Alternatively, Defendants say they will forego Dr. Michael's deposition if Plaintiffs agree to the authenticity of and application of the business records exception for four documents related to the CAEv2 testing. *See id.* at 6. Plaintiffs argue Defendants never indicated they would seek discovery from Dr. Michael until they served their untimely subpoena notice, just 10 days before the deposition. *See* Pls.' Resp., ECF No. 1452 at 4-5.

---

[1] Defendants filed their Statement as a Motion. To the extent Defendants' Statement is construed as a Motion for Leave to Depose Dr. Michael, that Motion is denied.

According to Plaintiffs, allowing Dr. Michael's eleventh-hour deposition, which would likely involve testimony related to CAEv2 testing data, to proceed on the same day Plaintiffs' expert disclosures are due would be highly prejudicial to Plaintiffs and their experts. *See id.* at 6-7. Additionally, Plaintiffs state they will not agree to stipulate to the four documents because there are "numerous reasons to doubt that the documents were created in the ordinary course of the business or are trustworthy." *See id.* at 7.

The undersigned finds Plaintiffs' objection to Dr. Michael's deposition well taken. Defendants' subpoena notice is untimely under Pretrial Order No. 13, ECF No. 554, which provides that "[a]bsent agreement of the parties, good cause, or an order of the MDL Court, any deposition notice must be served at least thirty (30) days before the date the noticed deposition is to occur."[2] Defendants' notice violates this requirement, and they've offered no good cause for that. Indeed, Defendants knew Dr. Michael had information relevant to this litigation even before the litigation began. *See* Defs.' Statement, ECF No. 1449 at 1 (citing Dr. Michael's testimony in 2015 regarding three test reports relating to the CAEv2 in the *Moldex v. 3M* litigation). Moreover, Defendants have known how to locate Dr. Michael since at least November 26, 2019, when Plaintiffs served Defendants with notice of their intent to serve a document subpoena on him, listing the very same address

---

[2] In fact, this language was negotiated by and jointly proposed to the Court by the parties.

where Defendants served their deposition subpoena.  *Compare* Pls.' Response Ex. A, ECF No. 1452-1 *with* Defs.' Statement Ex. 1, ECF No. 1449-1.  Defendants have failed to adequately explain why they waited until 5 weeks before the close of fact discovery to contact Dr. Michael; why, when they couldn't initially reach Dr. Michael after a couple of attempts between September 4 and September 8, they further delayed and waited until September 29—three weeks—before attempting to contact him again; and why they failed to notify Plaintiffs of their intent to depose Dr. Michael sooner, and coordinate a mutually convenient date to do so.

For the foregoing reasons, and in light of the Court's responsibility to promote the just and efficient conduct of the cases in this MDL[3], Defendants will not be permitted to proceed with Dr. Michael's deposition on October 9, 2020, nor will the Court entertain any motion for leave to depose Dr. Michael after the close of discovery. [4]

**SO ORDERED**, on this 8th day of October, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* 28 U.S.C. § 1407(a); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).

[4] Additionally, as the parties have been repeatedly cautioned, the undersigned will not further extend the expert report deadlines.  *See Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).