UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

**[PUBLIC VERSION]**

## DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF LTC MARTIN ROBINETTE

Defendants move that the Court compel the Department of Defense to make LTC Martin Robinette available for deposition, pursuant to Defendants' *Touhy* request and subpoena.

### BACKGROUND

Nearly a year ago, on October 25, 2019, Defendants submitted a *Touhy* request to interview and depose 30 former and current employees of the Department, including LTC Robinette, whom Defendants believed to have relevant information related to the Combat Arms Earplug Version 2 ("CAEv2"). (Ex. A.) After months of asking for updates, Defendants filed a motion to compel the depositions of several Department employees, including LTC Robinette, on June 12, 2020. (Dkt. 1178.) On June 23, 2020 the Department sent Defendants a letter denying the request to

depose LTC Robinette. The letter gave the following reasoning for denying the request:

> After speaking with COL Robinette, it is apparent that he lacks relevant knowledge of the information you listed in your requests. COL Robinette had a minimal role, if any, in acquiring or approving the CAEv2 and his direct communications about CAEv2 were limited. Additionally, he served as a DOJ subject matter expert in a separate investigation related to the underlying facts of this case. Because of this, it is our position that allowing this employee to sit for a deposition would not be productive and would create an undue burden on the DoD due to the amount of time the DoD would expend preparing for and participating in the requested deposition. See DoDD 5405.2 and Fed. R. Civ. P. 26. Therefore, your request to depose this individual is denied.

(Ex. B.) The Department offered instead to let the parties submit a limited number of interrogatories to LTC Robinette.

Defendants subsequently withdrew their motion to compel on the advice of Special Master Herndon, but filed a renewed motion on July 1, 2020. (Dkt. 1211.) On July 30, 2020, Judge Jones determined that the Department's denial of the request to depose LTC Robinette was arbitrary and capricious, and recommended the Court grant Defendants' motion to compel. (Dkt. 1292.) Judge Jones determined that the Department's assertion LTC Robinette had only a "minimal role" with respect to the CAEv2 was "contradicted by the Department's statement that LTC Robinette served as a subject matter expert in an investigation related to the underlying facts of this case." (*Id*. at 28.) Judge Jones also found that the

Department had failed to demonstrate that any burden in preparing LTC Robinette for deposition was undue.

The Court subsequently rendered Defendants' motion moot by ordering the parties to serve subpoenas on the government in connection with all discovery requests. (Dkt. 1340.) On August 27, 2020, Defendants served a subpoena on LTC Robinette for a deposition on September 16, 2020. (Ex. C.) The Department objected to the subpoena September 11, 2020 and filed a motion to quash in the Western District of Texas the next day. (Ex. D; Ex. E.) Defendants then moved to transfer the motion to this Court. (Ex. F.) The court in the Western District of Texas granted the motion to transfer and denied the Department's motion to quash as moot, subject to refiling in this Court. (Ex. G.) Because the Department has not filed a renewed motion to quash, Defendants now submit this motion to compel the deposition of LTC Robinette.

## ARGUMENT

Judge Jones determined over two months ago that the Department's denial of the Defendants' *Touhy* request to depose LTC Robinette was arbitrary and capricious. The Department has not given any better reasons in response to Defendants' subpoena.

The Department again protests that LTC Robinette had only a "minimal role, if any, in acquiring or approving the CAEv2." (Ex. E at 4.) Even if that were true,

3

LTC Robinette's testimony would still be highly relevant to demonstrating the military's knowledge of the flange-fold instruction. ████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The government's production also shows that Robinette was included on emails from 1999 in which Ohlin noted that

Aearo's initial production samples were "at least a quarter of an inch too long," and that Ohlin had taken the liberty of cutting down the samples himself. (Dkt. 1071, Ex. 3 at DOD00000136.) As Judge Jones noted, LTC Robinette's service as a subject matter expert in a related investigation further demonstrates his relevance to this litigation, and the Department's bare assertion that preparing him to testify would be too burdensome is not a sufficient basis for denying Defendants' request.



## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court compel the Department of Defense to make LTC Robinette available for deposition.

Dated:  October 8, 2020                           Respectfully submitted,

*/s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this brief complies with the word limit of Local Rule 7.1(F), and contained 1,067 words, excluding the parts exempted by the Rule.

Dated: October 8, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## **CERTIFICATE OF SERVICE**

I, Robert C. Brock, hereby certify that on October 8, 2020, I caused a copy of Defendants' unredacted motion to compel to be submitted via email to Tevenia Jacobs, law clerk to Judge Rodgers. Jacqui Snead of the Department of Justice and Major Nicole Kim of the Department of Defense were copied on that email.

Dated: October 8, 2020

                                          */s/Robert C. Brock*
                                          Robert C. "Mike" Brock

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

On October 7, 2020 at 10:47 AM CDT, counsel for Defendants emailed Joshua Kolsky and Jacqui Snead of the Department of Justice to arrange an attorney conference regarding Defendants' subpoena to LTC Robinette. Counsel for the United States did not respond to the email within 24 hours.

Dated: October 8, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock