## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-2885 |
| | ) | Judge M. Casey Rodgers |
| This Document Relates to All Cases | ) | Magistrate Judge Gary R. Jones |

## DEFENDANTS' MOTION TO PERMIT CERTAIN DEPOSITIONS OF GOVERNMENT EMPLOYEES AFTER OCTOBER 9

Following Judge Herndon's suggestion, Defendants move that the Court permit Defendants to depose after October 9, 2020 those witnesses whose depositions the United States has moved to quash and who are the subject of this Court's Order (Dkt. 1430) requiring the government to provide certain addresses.[1]

Defendants also request permission to depose after October 9 LTC Kevin Hanna or, alternatively, if LTC Hanna does not or cannot be compelled to sit for a deposition, Defendants request permission to depose another current or former Government witness who is likely to have similar relevant information. Defendants

---

[1] The October 9, 2020 deadline applies to Trial Group A only. Some of the witnesses at issue have general knowledge that applies not only to Trial Group A but also to other trial groups. Nonetheless, out of an abundance of caution, defendants seek this relief for all the witnesses set forth in Exhibit A.

also request that the Court order the government to provide an address for LTC Hanna, consistent with the Court's prior order for other government witnesses.

## ARGUMENT

I. **Good Cause Exists To Extend The Deadline For Depositions Of Employees Subject To The Governments' Motions To Quash And This Court's Order To Provide Addresses.**

Defendants have sought the depositions of many current federal employees in connection with the bellwether cases, including Army audiologists, soldiers, and physicians with the Veterans Administration. Those witnesses are listed in the chart attached as Exhibit A.

Defendants sought these depositions well in advance of the October 9 deadline for fact discovery. But the United States objected to the subpoenas and refused to make the witnesses available.[2] The United States then filed motions to quash Defendants' subpoenas in the districts where each witness was located. Defendants asked the government to agree to consolidate the motions to quash before this Court, but the government declined the request. Defendants then filed motions to transfer, and the government submitted identical responses that disputed Defendants' arguments, but did not actually oppose transfer to this Court. (*See* Exs. B-H.) The

---

[2] Defendants have also experienced significant difficulty serving witnesses who work at or reside on military bases as process servers have been blocked from entering these bases.

majority of Defendants' motions to transfer have been granted.  (*See* Exs. I-N.) Defendants are now opposing the government's motions to quash in this Court, according to briefing schedules entered by Judge Jones.

In addition, on September 29, 2020, the Court entered an order requiring the United States to provide work addresses for Dr. John King and Dr. Kyle Lindholm, so that Defendants may subpoena them.  (Dkt. 1430)  The United States responded to the Court's Order on October 2, 2020, with an address for Dr. Lindholm.[3] Defendants will promptly serve subpoenas for Dr. King's and Dr. Lindholm's depositions.[4]

A court's scheduling orders may be modified upon "a showing of good cause."  Fed. R. Civ. P. 16(b).  Good cause exists where "the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted).

---

[3] On October 2, 2020, the United States also indicated, for the first time, that Dr. King was no longer a government employee.  Prior to October 2, the United States had indicated that Dr. King may be a government employee and that Defendants should not attempt to contact him.

[4] Prior to serving a subpoena for Dr. Lindholm's deposition, Defendants sought a mutually agreeable date from plaintiff's counsel.  Notwithstanding the Order regarding Dr. Lindholm recently entered by this Court, Plaintiffs' counsel responded:  "The fact deposition deadline is set by court order for this Friday, October 9th.  I don't think it is appropriate at this time for me to suggest a date beyond that date."

Defendants have been diligent in their efforts to obtain testimony from these witnesses, but the government's litigating position and delay in providing contact information has made it impossible to hold the depositions before the October 9 deadline.   Good cause therefore exists to extend the deadline, and to permit Defendants to depose these witnesses should the Court deny the government's motions to quash.

## II.   Good Cause Exists To Extend The Deadline For The Deposition of LTC Hanna Or An Equivalent Witness, And To Order The Government To Provide An Address For LTC Hanna.

In the *Baker* action, Defendants were scheduled to take the deposition of Dr. Norvis Haygood on September 29, 2020. Dr. Haygood was identified by the Department of Defense in its Ninth Disclosure Letter as the Hearing Conservation Program Manager for Fort Benning from 2003 to 2006, a period that includes years relevant to Mr. Baker's action. The government was aware that Defendants intended to take Dr. Haygood's deposition at least by early September. It was not until the evening before the deposition, however, that the government informed Defendants that Dr. Haygood was not, in fact, the Hearing Conservation Program Manager at Fort Benning during the relevant time period.

Defendants immediately asked the government to, among other things, correctly identify the Hearing Conservation Program Manager at Ft. Benning during the relevant time period. The government did not provide that information until

October 2, 2020. Moreover, the government indicated that the relevant witness—LTC Kevin Hanna, who is a current government employee—resides in Germany and could not be contacted by the government until mid-week during the week of October 12, 2020.  On October 8, 2020, the government denied Defendants' *Touhy* request relating to LTC Hanna.  As of the date and time of this motion's submission, despite follow-up, Defendants still have not heard back from the government regarding contact information for LTC Kevin Hanna. Nor has the government otherwise made LTC Kevin Hanna available to be deposed.

Defendants have been diligent in their efforts to obtain testimony from a witness familiar with the Hearing Conservation Program at Ft. Benning, but the government's mistaken identification made it impossible to obtain that testimony before the October 9 deadline.  Good cause therefore exists for an extension, and for an order that the government provide LTC Hanna's address.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court permit depositions after October 9, 2020 of witnesses whose depositions the United States moved to quash or who are the subject of the Court's order requiring the government to provide addresses, as well as the deposition of LTC Hanna or a similar witness. Defendants also request the Court order the government to provide an address for LTC Hanna.

Dated: October 9, 2020               Respectfully submitted,

*/s/Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding, LLC,*
*Aearo Intermediate, LLC and Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

I HEREBY CERTIFY that this brief complies with the word limit of Local

Rule 7.1(F), and contained 1,086 words, excluding the parts exempted by the Rule.


Dated: October 9, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)</u>

On October 8, 2020, counsel for Defendants asked Plaintiffs' leadership counsel via email whether they could agree to an extension for the witnesses discussed in this motion.  Plaintiffs' counsel did not provide an answer within 24 hours, or by the time of the submission of this motion.


Dated: October 9, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## <u>CERTIFICATE OF SERVICE</u>

I, Robert C. Brock, hereby certify that on October 9, 2020, I caused a copy of

to be filed on the Court's CM/ECF system, which served all counsel of record.


Dated: October 9, 2020

*/s/Robert C. Brock*
Robert C. "Mike" Brock