# **EXHIBIT C**

United States District Court
Western District of Texas
San Antonio Division

| | | |
|---|---|---|
| United States of America,<br>    Petitioner, | | |
| v. | | No. SA-20-MC-01085 |
| 3M Company,<br>    Respondent. | | |

**Non-Opposition to Motion to Transfer**

    The United States of America has sought to quash the subpoena Respondent 3M Company served on LTC Martin Robinette, an employee of the Department of Defense ("DOD") and former consultant to the Department of Justice ("DOJ"). Due to 3M's numerous similar subpoenas, the United States is now party to ancillary litigation with 3M to protect federal employees from 3M's unreasonable discovery demands. 3M moved to transfer the United States' Motion to Quash to the U.S. District Court for the Northern District of Florida, where the underlying matter is pending. Dkt. 2. The Federal Rules provide that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Under the particular circumstances of this dispute, the United States does not oppose the relief sought in 3M's motion but disputes the assertions 3M makes in its Motion to Transfer.

**I.  Argument**

    3M is incorrect in contending that the federal government has "zero" and "nonexistent" interest in local resolution of its motion to quash. Dkt. 2 at 3. On the contrary, this dispute is about 3M's improper attempt to depose a DOD employee in San Antonio, Texas on topics about which he has no personal knowledge or obtained knowledge through privileged work for the DOJ. The consequences of that deposition, if it were to move forward, would be felt by LTC Robinette and the DOD in San Antonio. Thus, there is interest in local resolution of the matter.

3M's suggestion that there is no burden associated with litigating the United States' Motion to Quash in the Northern District of Florida is incorrect. The subpoena at issue here is one of at least twenty deposition subpoenas that 3M has issued for current or former government employees over the past few weeks. And, 3M is continuing to serve additional subpoenas. This subpoena onslaught has necessitated involving the resources of numerous United States Attorney's Offices across the nation to defend the ever-increasing number of subpoenas. The burdens associated with having a single office respond to all of the many subpoenas would be in addition to the burdens presented by the subpoenas themselves. Given the numerosity of 3M's subpoenas on federal employees throughout the country,[1] the burden on 3M to litigate these subpoenas in the Districts in which 3M has sought discovery is proportional to the burden they have created on the United States as a result of the subpoenas.

3M overstates the extent to which resolution of the Motion to Quash will require the Court to "become familiar with the facts of this litigation." Dkt. 2 at 4. The Motion to Quash raises many issues that can be decided independently of the facts of the underlying 3M litigation, including whether there has been sufficient time to comply, whether 3M has complied with the DOD's *Touhy* regulations, and whether disclosure of the information sought would violate statutes or regulations. In every subpoena litigation, the court handling the underlying litigation is more familiar with the facts of the case than the compliance court. Yet, transfer is only for exceptional circumstances, rather than being the norm. *See* Fed. R. Civ. P. 45(f).

3M also overstates the potential for piecemeal or inconsistent litigation of the same subpoena issues. Dkt. 2 at 4–5. Each of 3M's subpoenas has been served on an individual with unique circumstances justifying the United States' seeking to quash the subpoena. Although there is an admitted overlap in some issues, the Court resolving the Motion to Quash for LTC Robinette's subpoena needs to examine the particular circumstances of the subpoena and LTC Robinette.

---

[1] The subpoenas served so far have been related to only a few of the roughly 25 bellwether plaintiffs or roughly 150,000 plaintiffs in the MDL.

**Response to Motion to Transfer**                                                                 2

II. Conclusion

       Despite the United States disagreeing with many of the assertions 3M raised in it Motion to Transfer (Dkt. 2), the United States does not oppose transfer of its Motion to Quash to the Northern District of Florida.

                                     Respectfully submitted,

                                     John F. Bash
                                   United States Attorney

By:  */s/ Matthew Mueller*
       Matthew Mueller
       Assistant United States Attorney
       Texas Bar No. 24095592
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas  78216
       (210) 384-7362 (phone)
       (210) 384-7358 (fax)
       matthew.mueller@usdoj.gov

## Certificate of Service

    I certify that on September 22, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

                                        */s/ Matthew Mueller*
                                        Matthew Mueller
                                        Assistant United States Attorney