# **EXHIBIT D**

BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Chief, Civil Division
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Steven.Skrocki@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                          Case No. 3:20-mc-00017-TMB

3M COMPANY,

    Respondent.
_____/

## UNITED STATES' RESPONSE TO MOTION TO TRANSFER

The United States seeks an order quashing the subpoena served by 3M on Rosemarie Rotunno, LTC, retired, in products liability litigation in which neither the United States nor Ms. Rotunno is a party.  Because of 3M's failure to heed the admonishment of the Federal Rules of Civil Procedure not to impose burdensome discovery on nonparties—especially the Federal

Government—the United States is now party to protracted ancillary litigation with 3M to protect federal employees, or in this case, retired federal employees, from 3M's unreasonable discovery demands.

3M now moves to transfer the United States' motion to quash to the U.S. District Court for the Northern District of Florida, where the underlying matter is pending.  Dkt. 1, 3.

The Federal Rules provide that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  Under the particular circumstances of this dispute, the United States does not oppose the relief sought in 3M's motion but submits this response to correct the erroneous assumptions underlying that request.

First, 3M is incorrect in contending that "the federal government has zero interest in local resolution of its motion to quash." Dkt. 5 at p. 3.  On the contrary, this dispute is about 3M's improper attempt to depose an Alaskan physician about an event she does not recall which occurred 12 years ago. Forcing LTC Rotunno to prepare for and attend a deposition would interfere with her important work providing healthcare to our country's citizens in this district and would result in the cancellation of appointments to their

detriment. Given the impact of 3M's subpoena on the local community, this Court has a unique interest in resolving these issues.

Second, 3M's suggestion that there is no burden associated with litigating the United States' motion to quash in the Northern District of Florida is incorrect. The subpoena at issue here is one of at least twenty deposition subpoenas that 3M has issued for current or former government employees over the past few weeks, and 3M is continuing to serve still additional subpoenas with no apparent regard for whether the testimony is actually necessary given alternative, less burdensome means of obtaining information. This unjustified, unnecessary subpoena onslaught has necessitated that the Federal Government avail itself of the resources of numerous United States Attorney's Offices across the nation. The burdens associated with having a single office respond to all of the many subpoenas would be over and above the burdens presented by the subpoenas themselves. Given 3M's unchecked deluge of subpoenas on federal employees throughout the country,[1] 3M should not be heard to complain about having to litigate the motions to quash in the compliance districts, which is the appropriate forum for such motions.

---

[1] The subpoenas served so far have been related to only a few of the roughly 25 bellwether plaintiffs or roughly 150,000 plaintiffs in the MDL.

U.S. v. 3M
Case No. 3:20-mc-00017-TMB                         3

Third, 3M exaggerates the extent to which resolution of the motions to quash will require courts to "become familiar with the facts of this litigation[.]" Dkt. 3 at p. 4.  Many of the issues raised by the motions to quash – such as whether there has been sufficient time to comply, whether 3M has complied with the agency's *Touhy* regulations, and whether disclosure of the information sought would violate statutes or regulations – are independent of the facts of the MDL litigation.  Regardless, the court handling the underlying litigation is *always* more familiar with the facts of the case than the compliance court.  If that knowledge differential necessitated transfer of a motion to quash, transfer would be the norm, not the exception.  *See* Fed. R. Civ. P. 45(f).

Fourth, the various disputes regarding 3M's subpoenas are not identical, as 3M suggests.  Dkt. 3 at pps. 4, 5.  Some of the subpoenas were issued to individuals who do not have personal knowledge of the topics on which their testimony is sought; other subpoenas were issued seeking testimony on topics that is protected by statute from disclosure; and still other subpoenas were issued for cumulative and duplicative testimony on information already in 3M's possession.  Here, the subpoena was issued ona matter which occurred 12 years ago and of which LTC. Rotunno has no memory. Whichever court resolves these disputes must consider the particular circumstances of each witness and make an individualized

U.S. v. 3M
Case No. 3:20-mc-00017-TMB                    4

determination as to each one.  Thus, 3M greatly overstates the extent to which transfer will promote the efficient resolution of these motions.

Lastly, there is no merit to 3M's assertion that "[o]nly Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule." Dkt. 3 at p. 6.  3M is free to make this Court aware of any scheduling constraints and this Court is more than capable of evaluating those constraints in deciding the motion to quash—to the extent they even bear on the issues before the Court.  3M has been aware of the discovery schedule for the bellwether cases since February 25, 2020, and yet has compacted issuing subpoenas to the Federal Government in the final weeks before the close of discovery.  *See In re: 3M Combat Arms Earplug Product Liability Litigation*, No. 19-md-2885, ECF No. 1009 (N.D. Fla. Feb. 25, 2020).  Thus, any scheduling constraints are the product of 3M's own dilatoriness.

## CONCLUSION

For the foregoing reasons, although the United States does not oppose transfer of its motion to quash to the N.D. Fla, the justifications proffered by 3M for that transfer are unfounded.

U.S. v. 3M
Case No. 3:20-mc-00017-TMB                5

RESPECTFULLY SUBMITTED, on September 23, 2020, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
Chief, Civil Division
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2020,
a copy of the foregoing was served electronically to:

Mark J. Nomellini
Kirkland & Ellis LLP

s/ Steven E. Skrocki
Office of the U.S. Attorney

U.S. v. 3M
Case No. 3:20-mc-00017-TMB    6