# **EXHIBIT E**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | MISC. NO. 20-00420 JAO-RT |
|---|---|
| Petitioner, | UNITED STATES' RESPONSE TO RESPONDENT 3M COMPANY'S MOTION TO TRANSFER UNDER RULE 45(f) [ECF NO. 3]; CERTIFICATE OF SERVICE |
| v. | |
| 3M COMPANY, | |
| Respondent. | STATUS CONFERENCE<br>DATE: September 24, 2020<br>TIME: 11:00 a.m.<br>JUDGE: Hon. Rom Trader |

UNITED STATES' RESPONSE TO RESPONDENT
3M COMPANY'S MOTION TO TRANSFER UNDER RULE 45(f)

The United States initiated this matter to seek an order quashing the subpoena served by 3M on Department of Defense ("DoD") employee Andy S. Toyama, in connection with a multi-district products liability litigation, *see In re 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md2885-MCR-GRJ (N.D. Fla.) (the "MDL"), in which neither the United States nor the DoD is a party. (ECF No. 1.)

3M now moves, pursuant to Federal Rule of Civil Procedure 45(f), to transfer the United States' motion to quash to the U.S. District Court for the Northern District of Florida, where the MDL is pending. (ECF No. 3.).

The United States does not oppose the relief sought in 3M's motion, but 3M's proffered justifications for transfer are erroneous.

*First*, 3M is incorrect in contending that "the federal government has zero interest in local resolution of its motion to quash." ECF No. 3 at p. 3-4. On the contrary, this dispute is about 3M's improper attempt to depose a Hawaii-based heading conservation technician – who has no independent recollection of the relevant MDL plaintiff's audiological exams.[1]  Forcing Mr. Toyama to prepare for and attend a deposition would interfere with his important responsibilities assisting

---

[1] As noted in the United States' Motion to Quash, the audiological exams occurred between 6 and 8 years ago, and all medical records have already been produced by the United States.

2

in the medical readiness of soldiers in Hawaii who are preparing for deployments and other military missions. Given the impact of 3M's subpoena on the local community, this Court has a unique interest in resolving these issues.

*Second*, 3M's suggestion that there is no burden associated with litigating the United States' motion to quash in the Northern District of Florida is incorrect. The subpoena at issue here is one of at least twenty deposition subpoenas that 3M has issued for current or former government employees over the past few weeks, and 3M is continuing to serve still additional subpoenas with no apparent regard for whether the testimony is actually necessary given alternative, less burdensome means of obtaining information. This unjustified, unnecessary subpoena onslaught has necessitated that the Federal Government avail itself of the resources of numerous United States Attorney's Offices across the nation. The burdens associated with having a single office respond to all of the many subpoenas would be over and above the burdens presented by the subpoenas themselves. Given 3M's unchecked deluge of subpoenas on federal employees throughout the country,[2] 3M should not be heard to complain about having to litigate the motions to quash in the compliance districts, which is the appropriate forum for such motions.

---

[2] The subpoenas served so far have been related to only a few of the roughly 25 bellwether plaintiffs or roughly 150,000 plaintiffs in the MDL.

3

*Third*, 3M exaggerates the extent to which resolution of the motions to quash will require courts to "become familiar with the facts of this litigation[.]" ECF No. 3 at p. 4. Many of the issues raised by the motions to quash – such as whether there has been sufficient time to comply, whether 3M has complied with the agency's *Touhy* regulations, and whether disclosure of the information sought would violate statutes or regulations – are independent of the facts of the MDL litigation. Regardless, the court handling the underlying litigation is *always* more familiar with the facts of the case than the compliance court. If that knowledge differential necessitated transfer of a motion to quash, transfer would be the norm, not the exception. *See* Fed. R. Civ. P. 45(f).

*Fourth*, the various disputes regarding 3M's subpoenas are not identical, as 3M suggests. ECF No. 3 at p. 5. Some of the subpoenas were issued to individuals who do not have personal knowledge of the topics on which their testimony is sought; other subpoenas were issued seeking testimony on topics that is protected by statute from disclosure; and still other subpoenas were issued for cumulative and duplicative testimony on information already in 3M's possession. Whichever court resolves these disputes must consider the particular circumstances of each witness and make an individualized determination as to each one. Thus, 3M greatly overstates the extent to which transfer will promote the efficient resolution of these motions.

*Lastly*, there is no merit to 3M's assertion that "[o]nly Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule." ECF No. 3 at p. 7. 3M is free to make this Court aware of any scheduling constraints and this Court is more than capable of evaluating those constraints in deciding the motion to quash—to the extent they even bear on the issues before the Court. 3M has been aware of the discovery schedule for the bellwether cases since February 25, 2020, and yet has compacted issuing subpoenas to the Federal Government in the final weeks before the close of discovery. *See In re: 3M Combat Arms Earplug Product Liability Litigation*, No. 19-md-2885, ECF No. 1009 (N.D. Fla. Feb. 25, 2020). Thus, any scheduling constraints are the product of 3M's own dilatoriness.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## CONCLUSION

For the foregoing reasons, although the United States does not oppose transfer of its motion to quash to the United States District Court, Northern District of Florida, the justifications proffered by 3M for that transfer are unfounded.

DATED: September 24, 2020, at Honolulu, Hawaii.

                              KENJI M. PRICE
                              United States Attorney
                              District of Hawaii

                              /s/ Sydney Spector
By_____
                              SYDNEY SPECTOR
                              Assistant U.S. Attorney

                              Attorneys for Petitioner
                              UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served Electronically via CM/ECF:

THOMAS BENEDICT, ESQ.          tbenedict@fbslawyers.com
Bishop Street Tower, Suite 1601
Topa Financial Tower
700 Bishop Street
Honolulu, Hawaii 96813

Attorney for Respondent
3M Company

DATED: September 24, 2020, at Honolulu, Hawaii.

/s/ Valerie Domingo
_____
U.S. Attorney's Office
District of Hawaii