# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>3M COMPANY,<br><br>Respondent. | Case No. 1:20-mc-00025<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge<br>Stephanie K. Bowman |

**UNITED STATES OF AMERICA'S RESPONSE TO MOTION TO TRANSFER**

Petitioner the United States of America seeks an order quashing the subpoena served by Respondent 3M Company ("3M") on the United States Centers for Disease Control ("CDC") employee Dr. William Murphy, in litigation in which neither the United States nor the CDC is a party. 3M moves to transfer the United States' petition to the United States District Court for the Northern District of Florida, where the underlying litigation is pending. (ECF No.5, Motion.). The United States does not oppose 3M's Motion seeking transfer of this action. Nevertheless, the United States disputes several of the assertions made by 3M in support of its Motion.

First, 3M is incorrect in contending that "the federal government has zero interest in local resolution of its motion to quash." (*Id*. at PageID 104.). Dr. Murphy is an experienced CDC scientist, and forcing Dr. Murphy to prepare for and attend a deposition to provide information already given to 3M by declaration would

interfere with his important work in this district. Dr. Murphy's status as a government employee does not, in itself, eliminate his (and the United States') potential interest in local resolution of this dispute. The United States does not oppose transfer of this action in spite of that local interest, not in the absence of such an interest.

Second, 3M's suggestion that there is no burden associated with litigating the United States' motion to quash in the Northern District of Florida is also incorrect. The subpoena at issue here is one of many deposition subpoenas that 3M has issued for current or former government employees in recent weeks, and 3M is continuing to serve additional subpoenas. This has necessitated that the Federal Government avail itself of the resources of numerous United States Attorney's Offices across the nation. This burden has been substantial, as would be the burden of having a single office respond to all of 3M's many subpoenas. Ultimately, whether this action continues in this District or is transferred, it is important for the United States to reinforce to the Court that 3M's subpoenas have placed substantial burdens on the United States and its agencies, and that those burdens would only be exacerbated if 3M's subpoenas are not quashed.

Third, 3M overstates the extent to which resolution of the motions to quash would require this Court to "become familiar with the facts of this litigation[.]" (*Id.* at PageID 105.) Most of the issues raised by the United States' Petition to Quash, for example, whether 3M has complied with the agency's *Touhy* regulations, whether the requested deposition would be unduly burdensome, or whether the

deposition would be duplicative and cumulative of information already provided by the CDC to 3M, are independent of the facts of the MDL litigation. Moreover, the District Court handling the underlying litigation is *always* more familiar with the facts of the case than the District Court where compliance is sought. And yet, transfer is the exception, not the norm. *See* Fed. R. Civ. P. 45(f).

Fourth, the various disputes regarding 3M's subpoenas are not identical, as 3M suggests. Some of the subpoenas were issued to individuals who do not have personal knowledge of the topics on which their testimony is sought; other subpoenas were issued seeking testimony on topics that is protected by statute from disclosure; and still other subpoenas were issued for cumulative and duplicative testimony on information already in 3M's possession. Whichever Court resolves these disputes should consider the particular circumstances of each witness and make an individualized determination as to each motion to quash and each witness.

Lastly, 3M is incorrect in stating that "[o]nly Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule." (*Id*. at PageID 107.). Should the Court determine not to transfer this action, 3M would be free to make this Court aware of any scheduling considerations that it believes should bear upon the Court's resolution of this action. The United States does not believe that such considerations are outside of the purview of this Court.

(Signature on Next Page)

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


 s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513)684-3711
Fax: (513)684-6972
Email: Matthew.Horwitz@usdoj.gov