# **EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Case No. 3:20-mc-00019 |
| ) | District Judge Trauger |
| 3M COMPANY,   ) | Magistrate Judge Holmes |
| ) | |
| Respondent.   ) | |

### UNITED STATES' RESPONSE TO MOTION TO TRANSFER

The United States seeks an order quashing the subpoena served by 3M on the Department of Veterans Affairs ("VA") employee Dr. Jodee Donaldson, in products liability litigation, in which neither the United States nor the VA is a party. Because of 3M's failure to heed the admonishment of the Federal Rules of Civil Procedure not to impose burdensome discovery on nonparties-especially the Federal Government-the United States is now party to protracted ancillary litigation with 3M to protect federal employees from 3M's unreasonable discovery demands.

3M now moves to transfer the United States' motion to quash to the United States District Court for the Northern District of Florida, where the underlying matter is pending. *See* D.E. 3. Dr. Donaldson is a physician who provides medical treatment to Veterans in this district, and whose duties are mission-critical, particularly after the backlog of patients created by the current public health emergency. Although Dr. Donaldson has no recollection of the Plaintiff and the VA already provided all of its medical records to 3M, 3M seeks to take Dr. Donaldson away from her patients to sit for a deposition-the most burdensome form of third-party discovery-about an examination that Dr. Donaldson does not remember.

Fed. R. Civ. P. provide that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Under the particular circumstances of this dispute, the United States does not oppose the relief sought in 3M's motion but submits this response to correct the erroneous assumptions underlying that request.

First, 3M is incorrect in contending that "the federal government has zero interest in local resolution of its motion to quash." *See* D.E. 3 at p. 3.  On the contrary, this dispute is about 3M's improper attempt to depose a Nashville doctor who works as an audiologist at a VA health clinic. Forcing Dr. Donaldson to prepare for and attend a deposition would interfere with her important work providing healthcare to our country's Veterans in this district and would result in the cancellation of appointments to their detriment.  Given the impact of 3M's subpoena on the local community, this Court has a unique interest in resolving these issues.

Second, 3M's suggestion that there is no burden associated with litigating the United States' motion to quash in the Northern District of Florida is incorrect.  The subpoena at issue here is one of at least twenty deposition subpoenas that 3M has issued for current or former government employees over a roughly three-week period, and 3M is continuing still to serve additional subpoenas with no apparent regard for whether the testimony is actually necessary given alternative, less burdensome means of obtaining information.  This unjustified, unnecessary subpoena onslaught has necessitated that the Federal Government avail itself of the resources of numerous United States Attorney's Offices across the nation.  The burdens associated with having a single office respond to all of the many subpoenas would be over and above the burdens presented by the subpoenas themselves.  Given 3M's unchecked deluge of subpoenas on federal

employees throughout the country,[1] 3M should not be heard to complain about having to litigate the motions to quash in the compliance districts, which is the appropriate forum for such motions.

Third, 3M exaggerates the extent to which resolution of the motions to quash will require courts to "become familiar with the facts of this litigation[.]" *Id.*, at p. 4. Many of the issues raised by the motions to quash – such as whether there has been sufficient time to comply, whether 3M has complied with the agency's *Touhy* regulations, and whether disclosure of the information sought would violate statutes or regulations – are independent of the facts of the MDL litigation. Regardless, the court handling the underlying litigation is *always* more familiar with the facts of the case than the compliance court. If that knowledge differential necessitated transfer of a motion to quash, transfer would be the norm, not the exception. *See* Fed. R. Civ. P. 45(f).

Fourth, the various disputes regarding 3M's subpoenas are not identical, as 3M suggests. *Id.*, at p. 5. Some of the subpoenas were issued to individuals who do not have personal knowledge of the topics on which their testimony is sought; other subpoenas were issued seeking testimony on topics that is protected by statute from disclosure; and still other subpoenas were issued for cumulative and duplicative testimony on information already in 3M's possession. Whichever court resolves these disputes must consider the particular circumstances of each witness and make an individualized determination as to each one. Thus, 3M greatly overstates the extent to which transfer will promote the efficient resolution of these motions.

Lastly, there is no merit to 3M's assertion that "[o]nly Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule." *Id.*, at p. 7. 3M

---

[1] The subpoenas served so far have been related to only a few of the roughly 25 bellwether plaintiffs or roughly 150,000 plaintiffs in the MDL.

3

is free to make this Court aware of any scheduling constraints and this Court is more than capable of evaluating those constraints in deciding the motion to quash-to the extent they even bear on the issues before the Court.  Proper resolution of the third-party discovery issues presented should not be sacrificed for adherence to a schedule established before those issues arose.  Moreover, 3M has been aware of the discovery schedule for the bellwether cases since February 25, 2020, and yet has compacted issuing subpoenas to the Federal Government in the final weeks before the close of discovery.  *See In re: 3M Combat Arms Earplug Product Liability Litigation*, No. 19-md-2885, ECF No. 1009 (N.D. Fla. Feb. 25, 2020).  Thus, any scheduling constraints are the product of 3M's own dilatoriness.

## CONCLUSION

For the foregoing reasons, although the United States does not oppose transfer of its motion to quash to the N.D. Fla, the justifications proffered by 3M for that transfer are unfounded.

Respectfully submitted,

DONALD Q. COCHRAN  
United States Attorney  
Middle District of Tennessee

s/ Michael L. Roden  
MICHAEL L. RODEN, B.P.R. # 010595  
Assistant United States Attorney  
110 Ninth Avenue South, Suite A-961  
Nashville, TN  37203-3870  
Telephone: (615) 736-5151  
Email:  Michael.roden@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by email, to the following:

| | |
|---|---|
| Mark J. Nomellini<br>Email: mnomellini@kirkland.com | Cole Carter<br>Email: cole.carter@kirkland.com |
| Mike Brock<br>Email: mike.brock@kirkland.com | Kimberly Branscome<br>Email: Kimberly.branscome@dechert.com |
| Barry E. Fields<br>Email: bfields@kirkland.com | Pam Cornelius<br>Email: pam.cornelius@kirkland.com |
| Jelani Solper<br>Email: jsolper@kirkland.com | Manu A. Salas<br>Email: manu.salas@kirkland.com |
| Dave Herndon<br>Email: dave@herndonresolution.com | Joshua Kolsky<br>Email: Joshua.Kolsky2@usdoj.gov |
| Jacqueline Coleman Snead<br>Email: Jacqueline.Snead@usdoj.gov | Christine Dollerhide<br>Email: Christine.Dollarhide@usdoj.gov |
| Steven Skrocki<br>Email: Steven.Skrocki@usdoj.gov | John P. Rodgers<br>Email: jrodgers@bradley.com |

      s/ Michael L. Roden
MICHAEL L. RODEN
Assistant United States Attorney