# **EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                           Case No. 2:20 mc -03925-MHT-SRW

3M COMPANY,

    Respondent.
_____/

## RESPONSE TO MOTION TO TRANSFER

The United States of America respectfully submits this response to 3M's Motion to Transfer (the "Motion") the motion to quash the subpoena 3M served on Angela Gray, an employee of the U.S. Department of Defense. The United States does not oppose the relief sought in the Motion but disagrees with 3M's reasoning for the reasons stated below.

First, 3M is incorrectly argues that "the federal government has zero interest in local resolution of its motion to quash." Motion at 3. This dispute is about 3M's improper attempt to depose an Alabama medical professional. Forcing Ms. Gray to prepare for and attend a deposition would interfere with her work in Alabama where she treats approximately 1,000 soldiers each month; many of her appointments would have to be cancelled or delayed. The impact of 3M's subpoena will be most strongly felt in this district. As a result, this Court has a unique interest in resolving these issues.

Second, 3M wrongly suggests that there is no burden associated with litigating the United States' motion to quash in the Northern District of Florida. 3M recently issued at least twenty deposition subpoenas to current or former government employees. It is serving additional subpoenas even though—as here—the testimony sought is unnecessary and there are less burdensome means of obtaining information. All relevant documents have been produced and Ms. Gray has no independent memory of the treatment about which her testimony is sought. This subpoena and the others like it have caused the Federal Government to use the resources of numerous United States Attorney's Offices across the nation. A single office would be overwhelmed by any attempt to respond to the subpoenas.

Third, 3M exaggerates the extent to which resolution of the motions to quash will require courts to "become familiar with the facts of this litigation[.]" Motion at 4. Many of the issues raised by the motion to quash are completely independent of any issue before the MDL. In any event, this objection is improper because the court handling the underlying litigation is always more familiar with the facts of the case than the compliance court. If that knowledge differential necessitated transfer of a motion to quash, transfer would be the norm, not the exception.

Fourth, the various disputes regarding 3M's subpoenas are not identical. Motion at p. 5. Some of the subpoenas were issued to individuals who have no personal knowledge of the topics on which their testimony is sought. Other subpoenas were issued seeking testimony on topics that is protected by statute from disclosure. Still other subpoenas were issued for cumulative and duplicative

2

testimony on information already in 3M's possession.  Whichever court resolves these disputes must consider the particular circumstances of each witness and make an individualized determination as to each one.  Transfer will not significantly promote the efficient resolution of these motions.

Lastly, there is no merit to 3M's assertion that "[o]nly Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule."  Motion at 6–7.  This Court is capable of evaluating those constraints in deciding the motion to quash.  Proper resolution of the third-party discovery issues presented should not be sacrificed for adherence to a schedule established before those issues arose.  Moreover, 3M has been aware of the discovery schedule for the bellwether cases since February 25, 2020, but failed to issue subpoenas to the Federal Government in the final weeks of discovery.  *See In re: 3M Combat Arms Earplug Product Liability Litigation*, No. 19-md-2885, ECF No. 1009 (N.D. Fla. Feb. 25, 2020).  Thus, any scheduling constraints are the product of 3M's delay.

## CONCLUSION

The United States does not oppose the relief sought in the Motion but does not agree with 3M's reasoning.

Respectfully submitted this 6th day of October, 2020.

          LOUIS V. FRANKLIN, SR.
          UNITED STATES ATTORNEY

          /s/ Stephen D. Wadsworth
          STEPHEN D. WADSWORTH
          Assistant United States Attorney
          Bar Number: ASB 9808 E47W
          United States Attorney's Office
          Middle District of Alabama
          P.O. Box 197
          Montgomery, AL 36101-0197
          Telephone:   334-223-7280
          Facsimile:    334-223-7201
          Stephen.Wadsworth@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of October, 2020, I served a copy of the foregoing document on 3M.

          /s/ Stephen D. Wadsworth
          STEPHEN D. WADSWORTH
          Assistant United States Attorney