# EXHIBIT I

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Petitioner, | § § | Case No. 5:20-mc-01085-DAE |
| v. | § § | |
| 3M COMPANY, | § § § | |
| Respondent. | § | |

ORDER GRANTING MOTION TO TRANSFER UNDER RULE 45(F)

Before the Court is Respondent 3M Company's ("3M" or "Respondent") Motion to Transfer Under Rule 45(f), which was filed on September 15, 2020. (Dkt. # 2.) On September 22, 2020, Petitioner United States of America ("Government" or "Petitioner") filed a response, noting its non-opposition to the motion while contesting some of Respondent's assertions. (Dkt. # 3.) The next day Respondent submitted a Notice of Supplemental Authority to alert the Court to another court's decision to grant a similar motion. (Dkt. # 4.)

Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. Upon careful consideration of the arguments asserted in the supporting and opposing memoranda, the Court is of the opinion that the motion should be GRANTED.

DISCUSSION

When the Court finds that "exceptional circumstances" warrant transferring a subpoena-related motion, the Court may transfer the motion to the issuing court.  Fed. R. Civ. P. 45(f).  While "the prime concern should be avoiding burdens on local nonparties subject to subpoenas," transfer is appropriate "to avoid disrupting the issuing court's management of the underlying litigation."  Id. (advisory committee's note (2013 amendments)).  District courts have held that "the MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f)."  In re Disposable Contact Lens Antitrust Litig., 306 F. Supp. 3d 372, 378 (D.D.C. 2017); see also Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc., 2017 WL 1611915, at *2 (W.D. Tex. April 27, 2017).

Both parties anticipate "over ten similar subpoenas to federal employees in multiple districts in connection with the multi-district litigation pending in the Northern District of Florida."  (Dkt. # 2 at 3-4; Dkt. # 4 at 2.)  U.S. District Judge Rodgers and U.S. Magistrate Judge Jones of the Northern District of Florida have already handled other discovery-related suits in the multi-district litigation and will be assisted by Special Master Judge David Herndon (ret.) with government discovery issues.  (Dkt. # 5-1 at 3.) The Court therefore finds that the balance of interests favors transfer under Rule 45(f).  In light of this finding and

Government's non-opposition, the Court grants the motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Transfer the Case pursuant to Rule 45(f).

It is hereby **ORDERED** that the United States' Motion to Quash the Subpoena Served on LTC Martin Robinette be transferred to the court of Judge Rodgers in the Northern District of Florida (3:19-md-02885-MCR-GRJ).

It is **FURTHER ORDERED** that the text order referring the Motion to Quash (Dkt. # 1) is hereby **WITHDRAWN**. In light of the above ruling, the Court determines that the Motion to Quash (Dkt. # 1) is **DENIED AS MOOT SUBJECT TO REFILING** in the Northern District of Florida.

DATED: September 23, 2020

David A. Ezra
United States District Judge