# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 2:20-mc-0412-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| 3M Company, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is 3M Company's ("3M") motion to transfer to the District Court for the Northern District of Florida the United States of America's motion to quash a subpoena. For the reasons set forth below, the motion to transfer is granted.

The United States seeks to quash a subpoena that 3M served, via the District Court for the Northern District of Florida, on Cheryl Parker, an audiologist at the U.S. Department of Veterans Affairs ("VA") in Charleston, South Carolina, to testify at trial as to her prior treatment of a bellwether plaintiff in a multi-district litigation ("MDL") currently pending in the Northern District of Florida, *In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19-md-2885-MCR-GRJ. The United States argues that the subpoena must be quashed because 3M failed to adhere to the VA's *Touhy* regulations and it is unduly burdensome for Ms. Parker, as a non-party to the litigation currently assigned to a COVID-19 response team in Charleston, to be called to testify in Florida as to what the VA's treatment records already reflect. (Dkt. No. 1.)

3M contends that the motion to quash should be adjudicated by the district judge presiding over the MDL. (Dkt. No. 4.) This Court agrees. Rule 45 of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the

1

subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The term "exceptional circumstances" is not defined in Rule 45(f); however, the Advisory Committee Notes to the 2013 amendments provide guidance by stating that while the "prime concern" when considering transfer "should be avoiding burdens on local nonparties subject to subpoenas," in "some circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion" and "the proponent of transfer bears the burden of showing that such circumstances are present[.]" *Id*.

Such exceptional circumstances are present here, where the motion to quash is indicative of similar and successive motions, given that 3M is issuing subpoenas on other VA employees relating to twenty-four bellwether trials, which the MDL judge may most efficiently and effectively resolve. *See, e.g.*, *In re Disposable Contact Lens Antitrust Litig.*, No. 17-mc-0247-KBJ, 306 F. Supp. 3d. 372, 378 (D.D.C. 2017) ("[T]he MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f), because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation."); *In re Niaspan Antitrust Litig.*, No. 15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) ("[W]here the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes."); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions . . . when transferring the matter

is in the interests of judicial economy and avoiding inconsistent results."); 28 U.S.C. § 1407 ("[C]oordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom [the MDL] is assigned"). Considering "(1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether [Ms. Parker] will suffer undue burden or cost if the dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule" on the dispute, the Court finds transferring to the Florida district court is warranted. *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d. at 376.

For the foregoing reasons, 3M's motion to transfer the motion to quash (Dkt. No. 4) is **GRANTED**. This matter is hereby **TRANSFERRED** to the District Court for the Northern District of Florida.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 5, 2020
Charleston, South Carolina