# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PROUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | No. 3:19-md-02885-MCR-GRJ |

**PUBLIC VERSION**

# DEPARTMENT OF DEFENSE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF MARTIN ROBINETTE, ECF NO. 1457

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

REGULATORY SCHEME ................................................................................................1

FACTUAL BACKGROUND.............................................................................................2

ARGUMENT .....................................................................................................................4

   A.  DoD's Determination That COL Robinette Lacks Personal Knowledge on the Topics Identified by 3M Was Not Arbitrary or Capricious .............................6

   B.  3M Has Failed to Meaningfully Address DoD's Determinations Regarding Privileged Information and Burden...............................................................10

CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bowman Transp. v. Ark.-Best Freight Sys.*,
   419 U.S. 281 (1974) ............................................................................................5

*Camp v. Pitts*,
   411 U.S. 138 (1973) ............................................................................................5

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) ............................................................................................8

*COMSAT Corp. v. NSF*,
   190 F.3d 269 (4th Cir. 1999) ............................................................................11

*Dep't of Commerce v. New York*,
   139 S. Ct. 2551 (2019) ........................................................................................8

*FCC v. Fox Tel. Stations*,
   556 U.S. 502 (2009) ......................................................................................5, 11

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
   No. 3:19-md-2885, 2020 WL 1821924 (N.D. Fla. April 10, 2020) ....................9

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   No. 3:19-md-2885, 2020 WL 4043311 (N.D. Fla. July 17, 2020) ..................6, 7

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   No. 3:19-md-2885, 2020 U.S. Dist. LEXIS 148321 (N.D. Fla. Aug. 17, 2020)...9

*Moore v. Armour Pharm. Co.*,
   927 F.2d 1194 (11th Cir. 1991) ..........................................................................5

*Motor Vehicle Mfrs. Ass'n v. State Farm Auto. Ins. Co.*,
   463 U.S. 29 (1983) ..............................................................................................5

*Solomon v. Nassau Cty.*,
   274 F.R.D. 455 (E.D.N.Y. 2011) ......................................................................11

*Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*,
   770 F. Supp. 2d 1286 (S.D. Fla. 2011) ................................................... 5, 9, 11

*Wilson v. Jackson Nat'l Life Ins. Co.*,
   No. 16-0072, 2017 U.S. Dist. LEXIS 230695 (M.D. Fla. Dec. 27, 2017)………5

**Statutes**

5 U.S.C. § 706(2)(A) .................................................................................................. 4-5

**Regulations**

32 C.F.R. § 97.1 ............................................................................................................1

32 C.F.R. § 97.6 .................................................................................................. 1, 6, 9

**PRELIMINARY STATEMENT**

Defendants, 3M Company and certain of its subsidiaries, have moved for an order compelling non-party United States Department of Defense ("DoD") to produce Lieutenant Colonel Martin Robinette, a DoD employee, for deposition. Defs' Mot. Compel the Depo. of LTC Martin Robinette, ECF No. 1457 ("Mot."). As discussed in detail below, the DoD made a reasonable decision not to authorize the requested deposition. 3M's motion to compel should be denied because the DoD did not act arbitrarily or capriciously by denying 3M's request to take LTC Robinette's deposition.

**REGULATORY SCHEME**

The DoD has established policies and procedures for release of DoD information and testimony of DoD personnel as witnesses in litigation. 32 C.F.R. § 97.1 *et seq*. The DoD limits the disclosure of DoD information and testimony of DoD personnel related to information obtained during the individuals' performance of official duties. 32 C.F.R. § 97.6. DoD personnel are not allowed to testify in litigation without prior written approval. *Id*. The DoD has set forth factors for the DoD to consider in determining whether to allow DoD personnel to testify. 32 C.F.R. § 97.6(b). Under these provisions, the DoD may produce agency records or provide testimony in such proceedings only if the DoD determines that the disclosure is appropriate based on the factors, requirements, and procedures set forth in the

regulations. These regulations help the United States (1) avoid spending the time and money to benefit private parties, (2) conserve the time of DoD personnel for conducting their official duties, and (3) minimize the DoD's possible involvement in issues unrelated to its mission.

## FACTUAL BACKGROUND

3M submitted a *Touhy* request to the DoD by letter dated October 25, 2019. *See* Mot., Ex. A. The request described the purported relevance of LTC Robinette's testimony exclusively in terms of 3M's government contractor defense:

> Robinette authored a 2015 narrative outlining some of the ways the Army Hearing Conservation Program's missions have prevented/mitigated negative health effects in Army populations, including through use of the CAEv2. Interviews with the aforementioned individuals are relevant to the government contractor defense, and specifically the precise specifications the Army required as it related to, among other things, the length of CAEv2 stem, which plaintiffs allege is defective. Moreover, these individuals may detail the military's oversight and control over Defendants in the design and development of CAEv2, which is relevant to establish the government contractor defense.

Ex. A at 7; *see also id.* ("Interviews with [various other witnesses] and Martin Robinette are relevant as these individuals likely have knowledge related to government participation in the design and decision to purchase the CAEv2.").

On December 2, 2019, 3M submitted a supplemental *Touhy* request in which it provided summaries of the interviews and depositions requested for various DoD witnesses. *See* Ex. C. As to LTC Robinette, 3M stated:

2

> Documents produced to date detail LTC Robinette's: (i) 1999 correspondence with Dr. Ohlin regarding the military's desire to shorten the stem of the dual-ended Combat Arms Earplug so that it fit into the military's preferred carrying case; and (ii) a 2015 analysis showing how the Combat Arms Earplug has prevented and mitigated negative health effects in Army populations. Defendants wish to interview and depose LTC. Robinette regarding: (i) the military's design and development of the dual-ended Combat Arms Earplugs, including the desired length of the CAEv2 stem; (ii) military testing, research or other analysis of the effectiveness of the Combat Arms Earplugs; (iii) instructions and/or training that military audiologists provided to service members for the use or fit of the Combat Arms Earplugs; and (iv) the location of documents or other data regarding those topics.

Mot., Ex. C at 15-16.

DoD denied the request to take LTC Robinette's deposition by letter dated June 23, 2020. *See* Mot., Ex. B. Explaining the denial, DoD wrote in part:

> After speaking with LTC Robinette, is it apparent that he lacks relevant knowledge of the information you listed in your requests. LTC Robinette had a minimal role, if any, in acquiring or approving the CAEv2 and his direct communications about CAEv2 were limited. Additionally, he served as a [Department of Justice (DOJ)] subject matter expert in a separate investigation related to the underlying facts of this case. Because of this, it our position that allowing this employee to sit for a deposition would not be productive and would create an undue burden on the DoD due to the amount of time the DoD would spend preparing for and participating in the requested deposition.

*Id*.

3M later served a subpoena for deposition testimony on LTC Robinette. Mot., Ex. C. The subpoena incorporated by reference the deposition summary from 3M's

3

December 2, 2019 letter, as quoted above, and thus continued to rely on that justification. *See id*. at 5.

DoD denied the subpoena by letter dated September 10, 2020. Mot., Ex. D. The letter explained that the requested deposition is unduly burdensome and not proportional to the needs of the case. *Id*. at 2-3. As DoD had explained in its earlier denial letter, DoD reiterated that LTC Robinette "had a minimal role, if any, in acquiring or approving the CAEv2, and his direct communications about the CAEv2 were limited." *Id*. at 3. He therefore lacks personal information regarding "the design and development of the CAEv2" and "the testing, research, and analysis of the effectiveness of the CAEv2." *Id*. Moreover, LTC Robinette "served as an expert to the Department of Justice in a separate investigation related to the underlying facts of this case." *Id*. at 4. LTC Robinette's work as an expert for the DOJ is not discoverable and is privileged. *Id*. In addition, DoD explained that the subpoena is cumulative and duplicative because it seeks testimony on the same subjects on which 3M has already deposed two other DOD employees, LTC John Merkley and COL Kathy Gates. *Id*. at 4-5.

## ARGUMENT

"The appropriate standard of review" under the Administrative Procedure Act for a final agency decision is whether the decision was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' as specified in 5 U.S.C.

4

§ 706(2)(A)." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). This standard applies to an agency's denial of a *Touhy* request and a decision not to authorize a witness to testify in response to a subpoena. *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (applying the standard to an appeal from an order granting a motion to quash a subpoena seeking a deposition covered by HHS' *Touhy* regulations); *Wilson v. Jackson Nat'l Life Ins. Co.*, No. 2017 U.S. Dist. LEXIS 230695, at *10 (M.D. Fla. Dec. 27, 2017).

"[T]his Court's review of the Department's denial is extremely deferential." *Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1295 (S.D. Fla. 2011). An agency decision withstands challenge under the above standard if "[the] agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.'" *FCC v. Fox Tel. Stations*, 556 U.S. 502, 513 (2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The court "'is not to substitute its judgment for that of the agency,'" *id.*, "and should 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Id.* at 513-14 (quoting *Bowman Transp. v. Ark.-Best Freight Sys.*, 419 U.S. 281, 286 (1974)). The "standard of review" thus is "'narrow.'" *Id.* at 513 (quoting *Motor Vehicle Mfrs.*, 463 U.S. at 43).

### A. DoD's Determination That LTC Robinette Lacks Personal Knowledge on the Topics Identified by 3M Was Not Arbitrary or Capricious

The DoD's denial of 3M's requests to depose LTC Robinette was not arbitrary or capricious. Based on the information that 3M provided in its requests, the DoD determined, first, that LTC Robinette "lacks relevant knowledge of the information [3M] listed in [its] requests." Mot., Ex. B; *see also* Mot., Ex. D at 3. That determination was correct, and certainly not arbitrary or capricious. Federal law requires that a person seeking official information from the DoD must provide specific information about the nature and relevance of the information sought:

> If official DoD information is sought, through testimony or otherwise, by a litigation request or demand, the individual seeking such release or testimony must set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought.

32 CFR 97.6(c)(2).[1]

Thus, it was 3M's obligation to provide DoD with a written description of the nature and relevance of LTC Robinette's testimony "with as much specificity as possible." *Id.* The rationale that 3M provided in its October 25, 2019 request was

---

[1] Similarly, "[t]he Federal Rules of Civil Procedure permit discovery limited to nonprivileged matter that is 'relevant to any party's claim or defense and proportional to the needs of the case.'" *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 4043311, at *1 (N.D. Fla. July 17, 2020) (quoting Fed. R. Civ. P. 26(b)(1)). Determining whether discovery is proportional requires consideration of factors such as "the importance of the discovery in resolving the issues." *Id.* "[T]he party seeking the production must demonstrate relevancy" if "the requested discovery's relevance is not apparent." *Id.* at *2.

6

based on 3M's government contractor defense, specifically, "the precise specifications the Army required as it related to, among other things, the length of CAEv2 stem," and "the military's oversight and control over Defendants in the design and development of CAEv2[.]" Mot., Ex. A, at 7. Similarly, 3M's December 2, 2019 request identified topics primarily related to the government contractor defense. *See* Mot., Ex. C at 15-16.

    3M has failed to refute the DoD's determination that LTC Robinette lacks personal knowledge of these subjects. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████ Also, the fact that LTC Robinette served as an expert to a Department of Justice investigation, *id*. at 5, does not indicate what

7

knowledge he possess and does not show that he is knowledgeable about the particular topics identified by 3M.[2]

Moreover, 3M's proffered justification for needing LTC Robinette's testimony—both originally and in the subpoena—was that it bore on 3M's government contractor defense, which this Court held was unavailable to 3M. The Court found when it ruled on the parties' cross-motions for summary judgment – *before the subject subpoena was even served* – that "the record evidence [was] insufficient, as a matter of law, to establish the elements of the government contractor defense as to any of Plaintiffs' claims." Summ. J. Order, ECF No. 1280, at 1. That finding meant that no additional discovery related to the government contractor defense was "'relevant to any parties' claim or defense.'" *See 3M Combat Arms*, 2020 WL 1821924, at *4 (quoting Rule 26(b)(1)).

---

[2] In any event, 3M cannot rely on materials that it did not present to the DoD or even mention in its *Touhy* requests as a basis to challenge the agency's determination. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (APA review is "based on the full administrative record that was before the [decisionmaker] at the time he made his decision"); *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). If 3M believed the materials cited in its Motion were relevant to its request, it could have and should have submitted them to the DoD when it sought LTC Robinette's testimony. 3M had several opportunities to do so – its original October 25, 2019 request, its supplemental December 2, 2019 request, and its subpoena.

3M also argues that, even if LTC Robinette lacks knowledge about acquiring or approving the CAEv2, "LTC Robinette's testimony would still be highly relevant to demonstrating the military's knowledge of the flange-fold instruction." Mot. at 4. But 3M never identified this purported relevance of LTC Robinette's testimony, and it is too late to assert new grounds of relevance now. To be sure, 3M's December 2, 2019 supplemental *Touhy* request mentioned generally "instructions and/or training that military audiologists provided to service members for the use or fit of the Combat Arms Earplugs," Mot. Ex. C at 16, but that vague, conclusory topic failed to satisfy 3M's obligation to "set forth, in writing and with *as much specificity as possible*, the nature and relevance of the official information sought." 32 C.F.R. § 97.6(c)(2) (emphasis added). 3M should not be permitted to effectively amend its *Touhy* request through its motion to compel, and it should not be heard to complain that DoD failed to consider facts that 3M never presented. *Cf. In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2020 U.S. Dist. LEXIS 148321, at *11 (N.D. Fla. Aug. 17, 2020) ("Defendants cannot now, after reviewing the Court's decision, refashion the record[.]"). The DoD's "only obligation is to consider the information presented to it in a request in light of the Department's regulations." *Westchester Gen. Hosp.*, 770 F. Supp. 2d at 1298 (court found no requirement that the agency "consider if not specifically brought to its attention by the requesting party - all possibly relevant material in making its determination").

9



### B. 3M Has Failed to Meaningfully Address DoD's Determinations Regarding Privileged Information and Burden

3M simply ignores the DoD's determination that 3M's subpoena implicates various privileges to the extent it may seek information pertaining to LTC Robinette's service as an expert to the Department of Justice in an investigation. Ex. D at 4. 3M plainly cannot discover privileged information pertaining to the government's decision to proceed with False Claims Act litigation against 3M, and 3M has failed to identify any basis to disagree with DoD's position on the privilege issue.

3M also barely acknowledges the DoD's concerns about burden. As the DoD explained, "allowing this employee to sit for a deposition . . . would create an undue burden on the DoD due to the amount of time the DoD would expend . . . participating in the requested deposition." Mot., Ex. B at 2; *see also* Mot., Ex. D at 2-3. The DoD's burden concerns are especially reasonable considering the

10

extraordinary number of subpoenas 3M has served in recent weeks and the significant aggregate impact those subpoenas could have on DoD's ability to achieve its mission. "[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony." *Westchester Gen. Hosp.*, 770 F. Supp. 2d at 1298; *see also Solomon v. Nassau Cty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011) (quashing deposition subpoena on the Department of Veterans Affairs and crediting "the VA's 'legitimate concern with the potential cumulative effect of granting such requests'"). As the Fourth Circuit held in a similar situation:

> Compliance with the third-party subpoenas issued in this single case, where the litigant sought a tremendous number of agency documents and demanded the presence of agency employees at depositions, would measurably strain agency resources and divert [agency] personnel from their official duties. Multiply the cost of compliance by the number of [agency] grantees – almost twenty thousand – who might become embroiled in similar disputes, or by the limitless number of private litigants who might seek to draw upon [the agency's] expertise, and the potential cumulative burden upon the agency becomes alarmingly large.

*COMSAT Corp. v. NSF*, 190 F.3d 269, 278 (4th Cir. 1999).

Accordingly, DoD did not fail to "'examine the relevant data [or] articulate a satisfactory explanation,'" *see Fox Tel. Stations*, 556 U.S. at 513, when it denied the requests to take the deposition of LTC Robinette. 3M's motion to compel should therefore be denied.

11

## CONCLUSION

Defendants' motion to compel should be denied for the reasons set forth above.

Respectfully submitted,

JOHN V. COGHLAN
Deputy Assistant Attorney General

LAWRENCE KEEFE
United States Attorney

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

s/ *Joshua M. Kolsky*
JOSHUA KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I served the within memorandum on all counsel of record by filing it with the Court by means of its ECF system on October 16, 2020.

s/ *Joshua M. Kolsky*

## CERTIFICATE UNDER N.D. FLA. LOC. R. 7.1(F)

I certify that the within memorandum contains 2,841 words, not counting the caption, table of contents, table of cases, or signature block, based on the word-processing software used to prepare it.

s/ <em>Joshua M. Kolsky</em>