UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION )<br>)<br>) | Case No. 3:19-md-2885-MCR-GRJ |
| ) | Judge M. Casey Rodgers |
| ) | Magistrate Judge Gary R. Jones |
| This Document Relates to All Cases ) | |
| )<br>) | **PUBLIC VERSION - REDACTED** |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE ALL FACTS OR DATA CONSIDERED BY PLAINTIFFS' EXPERTS IN FORMING THEIR OPINIONS BY OCTOBER 23, 2020**

Pursuant to Federal Rule of Civil Procedure 37, 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("Defendants" or "3M") request an order compelling Plaintiffs to disclose "facts or data considered" by plaintiffs' experts in forming their opinions, consistent with the Federal Rules of Civil Procedure. *See* Federal Rule of Civil Procedure 26(a)(2)(B)(ii) ("the report must contain . . . the facts or data considered by the witness in forming . . . all opinions the witness will express").

**BACKGROUND**

As this Court is aware, Plaintiffs' deadline to provide its expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) for Trial Group A was October

9, 2020. On October 10, 2020, Plaintiffs served Defendants with 21 general expert reports and 25 case-specific reports.

On October 13, 2020, three days after the expert reports were served, Defendants emailed Plaintiffs' counsel expressing concern about Plaintiffs lack of disclosure of expert consideration materials. *See* Ex. 1. On October 18, 2020, Defendants again emailed Plaintiffs' counsel explaining that the Federal Rules required that "the facts or data considered by [plaintiffs' experts] in forming their opinion" should have been disclosed on October 9, with their expert reports. Defendants again requested that such "facts or data considered" be disclosed. *See id.*

Defendants do not know exactly what "facts or data considered" have not been produced, and do not have the burden of listing those materials for Plaintiffs. Rather, Rule 26 is self-executing and imposes a duty to disclose consideration materials without awaiting requests from the opposing party. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1193–95 (11th Cir. 2013). Nonetheless, in preparation for one of the parties' meet and confer calls, Defendants reviewed as an exemplar one of Plaintiffs' 46 expert reports—that of Dr. David A. Eddins—and found numerous examples of "facts or data considered" that should have been disclosed on October 9, but have not been disclosed to date.

3

For example, Dr. Eddins ███████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████



These "recordings" are "facts or data considered" by Dr. Eddins in forming his opinions. Thus, pursuant to Rule 26, the "recordings" should have been produced at the time of Dr. Eddins' report. *See also* Eddins Rpt. at 45 ███████████████ ███████████████████████████████████ ). But, like other "facts or data considered" by Plaintiffs' experts, these "recordings" have not been produced to Defendants.

Similarly, Dr. Eddins' report discusses ███████████████ ███████████████████████████████████████████████████████

*See* Eddins Rpt. at 46



Likewise, under Rule 26 those videos should have been disclosed with Dr. Eddins' expert report as "facts or data considered"; but they have not been produced.

As another example, various Plaintiffs' experts conducted interviews of Trial Group A Plaintiffs. *See, e.g.*, Kucsma Rpt. (Baker), at 6, 11; Davis Rpt. (Baker), at 2; Spankovich Rpt. (Estes), at 11; Spankovich Rpt. (Hacker), at 10; Spankovich Rpt. (Keefer), at 8; Ostacher Rpt. (Keefer), at 16; Ostacher Rpt. (McCombs), at 12; Kucsma Rpt. (McCombs), at 6. Plaintiffs' counsel took the position during the parties' meet and confer that, if an expert conducted an interview of a Trial Group A plaintiff, that expert's interview notes did not need to be disclosed on the same date as the report, even if only some of the facts set forth in the notes were reflected

in the prose of the expert report. Instead, Plaintiffs' counsel took the position that *the notes themselves* did not need to be disclosed until the day of the expert's deposition, after a deposition notice or subpoena had been served.

But, as discussed below, Rule 26 imposes a duty to disclose consideration materials without the need for separate subpoenas or discovery requests. Moreover, Plaintiffs' untenable position would mean that an expert could selectively incorporate into his or her report only the portion of plaintiff interview notes that are favorable to a plaintiff, but withhold the plaintiff interview notes themselves, and any facts contained therein, if portions of the notes were unfavorable to that plaintiff, at least until the day of the deposition after a subpoena was served.[1]

To be clear, these are only examples. Defendants have not had the opportunity to review all of the forty six reports to find other examples of "facts or data" considered that have not been produced. Plaintiffs were required to produce these materials without a separate request.

---

[1] Plaintiffs argue that they may withhold until depositions the "facts or data considered" by their experts because defendants did not produce until the day of Mr. Berger's Rule 30(b)(6) deposition a binder he had prepared for that deposition. But Mr. Berger was testifying as a Rule 30(b)(6) witness and not as an expert, had not issued an expert report, and was not subject to the Rule 26 expert disclosure requirements. Unlike the rules governing experts, the rules governing Rule 30(b)(6) depositions do not require pre-deposition production of materials used as a testifying aid by the Rule 30(b)(6) deponent. Moreover, unlike Defendants' three Rule 30(b)(6) deponents, Plaintiffs have more than twenty expert witnesses.

While Defendants sought to avoid bringing this issue before the Court, particularly in light of the clear disclosure obligations set forth in the Federal Rules, Plaintiffs continue to refuse to timely provide "facts or data considered" by their experts in forming their opinions, as required by Federal Rule of Civil Procedure 26. Defendants have less than three weeks before their own reports are due, and Defendants require these "facts or data considered" to allow Defendants' experts to properly analyze Plaintiffs' expert reports and to conduct their cross examination of Plaintiffs' experts in November.

## **ARGUMENT**

Under Federal Rule 26(a)(2)(B), Plaintiffs' expert "reports *must contain*: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) *the facts or data considered by the witness in forming them*; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). The Eleventh Circuit has clarified that "[i]n 1993, Rule 26(a) was restructured to add new subsections (1)-(4), which impose 'on parties *a duty to disclose, without awaiting formal discovery requests*, certain basic information that

is needed in most cases to prepare for trial or make an informed decision about settlement.'" *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1193–95 (11th Cir. 2013) (quoting Fed. R. Civ. P. 26, advisory committee notes (1993) (Subdivision (a))) (emphasis added). In other words, no document request or subpoena is required for the opposing party to obtain these documents.[2]

### I.     Plaintiffs Were Required to Provide to Defendants the Facts and Data Considered by Their Experts At the Time of Their Expert Reports.

According to the Eleventh Circuit, "the term '*facts or data*' should '*be interpreted broadly* to require disclosure of *any material considered by the expert*, from whatever source, *that contains factual ingredients*.' And Rule 26(a)(2)(B)'s 'disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.' In other words, the term 'facts or data' includes all materials considered by a testifying expert, except the core opinion work-product of attorneys." *Hinchee*, 741 F.3d 1195 (citations omitted) (emphasis added); *see also Friebel v. Paradise Shores of Bay Cty., LLC*, 2011 WL 2420230, at *1 (N.D. Fla. June 13, 2011) ("The intention is that facts or data be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients."). Indeed, "the

---

[2]  Federal Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).  Defendants do not seek Rule 37 sanctions at this time, and will evaluate the consideration materials ultimately produced by Plaintiffs following this Court's ruling.

courts have embraced an objective test that defines 'considered' [in Rule 26(a)(2)(B)(ii)] as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed.'" *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016).

To be sure, Rule 26 does not require production of: (1) "draft reports or disclosures"; (2) "communications between a party's attorney and an expert witness"; or (3) notes (*e.g.*, notes from a review of literature) unless they reflect "facts or data considered" in forming an expert's opinion not otherwise sufficiently disclosed in the expert's report. Fed. R. Civ. P. 26(b)(4)(B)-(C); 26(a)(2)(B)(ii). Defendants do not seek any of these materials here. Rather, the only materials that Defendants seek are those which Plaintiffs are required under FRCP 26 to produce— *i.e.*, "facts or data considered by the witness in forming . . . all opinions the witness will express." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Thus, Defendants seek, by way of example only and without limitation: (1) raw data generated during testing and considered in forming the expert's opinions, such as the audio and video files discussed in Dr. Eddins' report; (2) models and formulas (that are not publicly available and have not been produced) considered in forming the expert's opinions; (3) measurements considered in forming the expert's opinions; (4) non-publicly-available, unproduced documents considered in forming

9

the expert's opinions; and (5) interview notes from factual interviews conducted by Plaintiffs' experts and any forms filled out by, or on behalf of, Plaintiffs with factual information.[3]

With respect the fifth and final category, Courts have recognized that "contemporaneous notes are no different from raw data generated during testing, and would thus be discoverable [under Rule 26(a)(2)(B)] as a means of providing the basis of [expert]'s opinion." *Salazar v. Ryan*, 2017 WL 2633522, at *3 (D. Ariz. June 19, 2017). Notably, in *Wile v. James River Ins. Co.*, 2020 WL 5995183, at *3 (W.D.N.Y. Oct. 9, 2020), the court held that, under Rule 26(a)(2)(B), a psychologist expert was required to disclose all "raw data" from plaintiff's evaluation, including "test paper materials that were used to record plaintiff's responses and *any notes she would have written while she was interviewing and administering tests to plaintiff*." *Id.* at *3 (emphasis added). Any notes and factual data obtained from Plaintiffs' expert's evaluation of Plaintiffs are subject to disclosure under Federal Rule 26(a)(2)(B)(ii).

Again, these are examples only. Beyond these examples, Defendants respectfully request that this Court order Plaintiffs to disclose all "facts or data considered" by their experts in forming their expert opinions. *See Sporting Prods.,*

---

[3] Defendants also requested objective testing data from the medical examinations conducted by Plaintiffs' experts on the Plaintiffs. Plaintiffs' counsel has represented that no such objective testing data exists.

10

*LLC v. Pac. Ins. Co., Ltd.*, 2011 WL 13227802, at *1 (S.D. Fla. Oct. 13, 2011) ("[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." (internal quotations and citations omitted))

## II. Plaintiffs' Position That Consideration Materials May Be Produced At The Time of the Expert's Deposition Is Unsupported and Practically Unworkable.

During the parties' meet and confer, Plaintiffs argued that consideration materials may be produced on the date of the expert's deposition. But Plaintiffs have cited no caselaw in support of that position. Moreover, any such rule would be unworkable. For example, it will take days for Defendants to analyze Dr. Eddins' audio and video data, once the data is produced, and much more time for Defendants' experts to digest and respond to that data.

## III. No Separate Subpoena Is Required to Obtain Documents Containing Facts or Data Considered by an Expert In Forming Their Opinions.

During the parties' meet and confer discussions, Plaintiffs suggested that a separate subpoena or document request may be required to obtain consideration materials. Not so. For example, in *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 319 F.R.D. 139 (D.N.J. 2017), the Court required production of third-party "medical records" within the expert's custody without a subpoena, because those "medical records" were "facts or data" considered by the expert in forming their opinions. *Id.* at 142. Tellingly, the *Benicar* court only discussed a "subpoena" as being necessary

11

for medical records outside the expert's "possession, custody or control" (*e.g.*, medical records in the possession of a third party), which is not an issue here. *Id.* at 143.

Indeed, in *Pope v. City of New York*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012), the Court *criticized* a party that served a subpoena seeking "notes that you created, reports and records generated by your office . . . which you relied upon, or considered to create your expert report." *Id.* The Court held: "It is not at all clear why defendants have proceeded in this fashion [through a subpoena] to seek what they may be entitled to under Fed.R.Civ.P. 26(a)(2)(B) . . . The obligation to provide the information required by Rule 26(a)(2)(B) is imposed on the party who has hired the expert, and a failure to provide that information may trigger appropriate remedial relief from the court upon application by the adversary party, including an order to produce additional information and even preclusion of the expert. That said, routine use of subpoenas directed to an expert disrupt this arrangement and may impose unnecessary and inappropriate burdens and costs on a non-party."[4] *Id.* Nonetheless, the Court held that: "If plaintiff has not yet provided any materials containing facts or data considered by [the expert] in forming his opinions, then plaintiff is to arrange for the provision of those materials." *Id.* at 2.

---

[4] As a belt-and-suspenders mechanism only and without waiver of their rights, Defendants will consult with Judge Herndon as to whether separate subpoenas should also be served, notwithstanding the above-discussed caselaw.

12

## **CONCLUSION**

For all the foregoing reasons, 3M respectfully requests that the Court grant its motion to compel, and order plaintiffs to produced, by October 23, 2020, all facts or data considered by plaintiffs' experts in forming their opinions.

Dated:  October 21, 2020 	Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B) and (C), counsel for Defendants certify that counsel for Defendants and Plaintiffs met and conferred on the issues set forth in this motion on October 16, 19, and 21, 2020, but were unable to resolve the issues.

Dated: October 21, 2020  Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 2,538 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  October 21, 2020                              Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 21st day of October, 2020, a true and correct copy of the foregoing was electronically served via e-mail notification to counsel of record for all interested parties.

Dated:  October 21, 2020     Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*