**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) Case No. 3:19-md-2885-MCR-GRJ<br>)<br>) Judge M. Casey Rodgers<br>) Magistrate Judge Gary R. Jones<br>)<br>)<br>) |

**MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL AGAINST THE DEPARTMENT OF DEFENSE**

Pursuant to Local Rule 7.1(I), Defendants request permission to file a five-page reply memorandum in support of their Motion to Compel Against the Department of Defense. "Extraordinary circumstances" necessitate a reply because the United States has come forward with additional information about the documents in its possession since the filing of 3M's motion, and 3M should have an opportunity to address this new information. Moreover, the United States made several assertions about Defendants' requests and the documents at issue that require correction, and which Defendants had no opportunity to address in their motion.

*First*, the United States argues that 3M "deprioritized" its requests for noise exposure information. But the United States omits critical context. The Court and Judge Herndon asked Defendants to prioritize those requests that related to *government contractor* discovery. 3M's government-contractor motion for

summary judgment has now been decided. The government now seeks to turn 3M's significant accommodation—relating to government contractor discovery—against it. 3M's reply will provide the context not included in the United States' brief in this regard.

*Second*, the United States argues for the first time that 3M's *Touhy* requests did not mention "average noise and ototoxin exposure per military occupational specialty." But the United States omits that 3M's *Touhy* request sought "documents related to the noise surveys, identification of noise hazardous areas, and identification of noise-exposed and ototoxin-exposed personnel, which are performed and maintained by the Industrial Hygiene Program Managers for each Army installation per Army Pamphlet 40-501." (Dkt. 1433, Ex. B at 3.) And the United States has now acknowledged that, pursuant to this obligation, it collects "data from the Health Hazard Information Module separated by Military Occupational Specialty (MOS) as it relates to different noise and ototoxin hazards," and has informed 3M that it "can produce this data for a reasonable number of MOSs, but not for all of the roughly 1,500 MOSs within the military." (Dkt. 1483 at 9 n.3.) 3M has also narrowed its request to the MOSs corresponding to the bellwether plaintiffs, and attached a list of the 24 MOSs corresponding to bellwether Groups A and B. (Ex. A.)

*Third*, the United States contends that 3M's *Touhy* request did not seek data regarding "noise and ototoxin exposures at the bellwether relevant Army installations." But again, 3M requested the exposure data that the Army is required by regulation to collect, and the regulations require the Hearing Conservation Program Manager *at each installation* to maintain an inventory of all noise- and ototoxin-hazardous areas and compile the names of exposed personnel. (*See* Dkt. 1071, Ex. 8 at 1–4(h).)

*Fourth*, the United States tries to suggest that 3M did not adequately identify health hazard assessments in its *Touhy* requests, but, as the United States acknowledges, 3M did request "documents regarding the amount of noise service members are exposed to … when operating particular weapons," and later provided the United States with a list of the bellwether relevant weapons. And the United States has already indicated that it will be possible to produce HHAs to Defendants in some form. (Dkt. 1483 at 12 n.4.)

*Fifth*, the United States contends that it already produced sales and distribution documents to 3M on March 6, 2020, and that it "has provided all of the responsive records it possesses." But the only document the United States produced that even purports to relate to sales and distribution was a single spreadsheet that contains no dates, and references other documents that have *not* been produced. 3M has asked the United States to produce the documents referenced in the spreadsheet.

3M also asked the United States to provide a representative to explain the spreadsheet. The United States is considering these requests but has not yet responded.

Moreover, 3M also asked the United States whether it made inquiry to (i) Defense Logistics Agency, *see https://www.dla.mil/*, and (ii) distribution centers at military bases, regarding documents relating to the distribution of Combat Arms earplugs. Again, the United States has not yet responded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully seek leave to file a reply in support of their Motion to Compel Production of Documents by the Department of Defense.

Dated:  October 26, 2020                                Respectfully submitted,


                                                        */s/ Robert C. Brock*
                                                        Robert C. "Mike" Brock
                                                        KIRKLAND & ELLIS LLP
                                                        1301 Pennsylvania Avenue, N.W.
                                                        Washington, D.C. 20004
                                                        Telephone: (202) 389-5991
                                                        mike.brock@kirkland.com

                                                        Mark J. Nomellini
                                                        KIRKLAND & ELLIS LLP
                                                        300 North LaSalle
                                                        Chicago, Illinois 60654
                                                        Telephone: (312) 862-3254

mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for 3M contacted counsel for the United States via email on October 26, 2020 to ask whether the United States would oppose the filing of a reply brief. Counsel for the government stated that the United States would take no position on 3M's motion.

Dated: October 26, 2020

Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (2020) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 688 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  October 26, 2020          Respectfully submitted,

         */s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (2020) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 26, 2020, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED:  October 26, 2020

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*