UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## CASE MANAGEMENT ORDER NO. 17

The Seventeenth Case Management Conference (CMC) in this matter was held on October 16, 2020. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.

### I. Government Discovery

#### a. Motions to Quash and Motions to Transfer

As of the Seventeenth CMC, seven of the Government's motions to quash filed in other jurisdictions have been transferred to this Court. Two of them have been denied by Magistrate Judge Gary Jones.[1] Pursuant to Fed. R. Civ. P. 72, the Government has 14 days after being served with a copy of Judge Jones' Orders to file an objection. The parties have been advised they should proceed to scheduling the depositions.

---

[1] Since the Seventeenth CMC, Judge Jones has denied two additional Motions to Quash.

### b. Updated Productions of Records from the Department of Veteran Affairs (VA) for the Bellwether Plaintiffs

The parties have been working with a new Department of Justice attorney assigned to the 3M MDL, Gary Feldon, on a process by which the parties will receive updated records production for those plaintiffs who are continuing to receive treatments from the VA.

## II. Bellwether Discovery

### a. Defense Medical Exams

The parties will provide a joint proposed Order regarding the parameters of the Defense medical exams.[2]

### b. Deposition Limit

In their opposition to the Government's Motion to Quash Andy Toyama's deposition in Plaintiff Lewis Keefer's case, Case No. 7:20cv104, Defendants take the position that Mr. Toyama's deposition is within the six depositions per side limit set forth in Pretrial Order No. 43 (ECF No. 1204). According to Defendants, that limit of six case-specific depositions per side does not include the deposition of the bellwether plaintiffs themselves, and therefore does not include Plaintiff Keefer. *See* Defs.' Opp. Mot. Quash, Case No. 3:20mc55, ECF No. 19 at 5-6 (N.D. Fla.). Plaintiffs planned on including in their response their position that the six case-

---

[2] The parties' joint proposed Order was filed by the Court on October 20, 2020 as Pretrial Order No. 56, ECF No. 1477.

Case No. 3:19md2885/MCR/GRJ

specific deposition limit includes the plaintiff, and thus Defendants have reached their six-deposition limit for Plaintiff Keefer. Because the dispute regarding the case-specific deposition limit is separate and apart from the Motion to Quash, Plaintiffs must move for a protective order by Tuesday, October 20, 2020 with respect to Mr. Toyama's deposition. Defendants' response is due on Thursday, October 22, 2020. Plaintiffs have until Friday, October 23, 2020 to file a brief reply that is limited to the issue of good cause.[3]

### c. Sales Representative Discovery

At the last Case Management Conference, the parties raised an issue regarding an Aearo sales database (Act!) that Defendants say no longer exists. Defendants have completed the process by which they have attempted to locate any remaining data connected to the Act! database, but none has been located. Defendants must provide a certification from 3M and its records vendor regarding the efforts made to locate and/or recreate the data, and how the company has verified that the data no longer exists.

---

[3] Plaintiff's Motion for Protective Order, Defendants' response, and Plaintiff's reply were timely filed. *See* Case No. 7:20cv104, ECF Nos. 18, 21, 22. On October 26, 2020, the Court denied Plaintiff's Motion, but in the Order confirmed the limit of six case-specific depositions per side includes the deposition of the plaintiff. *See* ECF No. 23 at 6-7.

### d. Timing of Expert Depositions

The parties have agreed on a three-week window during which Defendants will depose Plaintiffs' expert witnesses, and a subsequent two-week window during which Plaintiffs will depose Defendants' expert witnesses. If the parties are unable to complete the expert depositions during the agreed-upon time frame, the Court is amenable to a one-week extension for those expert depositions not completed. Additionally, the parties are instructed to research COVID-19 restrictions in the applicable states and make appropriate arrangements to abide by those restrictions.

No other deadlines will be extended.

## III. Choice of Law

The parties agree each side will have 30 minutes for oral argument on December 3, 2020. Argument must be made in person in the courtroom. The party arguing first will have the option of reserving up to 5 minutes for reply. The Court will determine which side will proceed first after receiving the parties' briefs on November 23, 2020.

Additionally, the parties must submit any updates to the parties' joint choice of law chart by October 31, 2020.

## IV. Trial in Group A Cases

The Court has asked the parties to propose a briefing schedule regarding the consolidation of the Group A cases for trial. The briefs may be provided to the Court

as a Motion for Consolidation by Plaintiffs followed by a response from Defendants, or as simultaneous briefs, although the undersigned would prefer the former. The briefs should also address the estimated length of trial for one consolidated trial, as well as for each of the five cases if they were to be tried separately. Lastly, the parties' proposed briefing schedule should allow for the Court's consideration before December 31, 2020.

### V. Upcoming Case Management Conferences

Case management conferences through the end of the year are scheduled on the following dates at 10 AM central:

November 20, 2020

December 14, 2020

**SO ORDERED**, on this 28th day of October 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**