# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | Case No. 3:19-md-2885-MCR-GRJ Judge M. Casey Rodgers Magistrate Judge Gary R. Jones **CONFIDENTIAL - FILED UNDER SEAL** |

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO
PRODUCE ALL FACTS OR DATA CONSIDERED BY
PLAINTIFFS' EXPERTS IN FORMING THEIR OPINIONS**

Pursuant to Local Rule 7.1(I), Defendants request permission to file a four-page reply memorandum in support of their Motion to Compel Plaintiffs to Produce All Facts or Data Considered by Plaintiffs' Experts in Forming Their Opinions [Dkt. No. 1479].[1] "Extraordinary circumstances" necessitate a reply memorandum for three reasons.

*First,* Plaintiffs do not dispute that: (1) Dr. Eddins' recordings were "saved to a file coded by subject and condition" (Eddins Report at 45); (2) those recordings have not been produced to Defendants; and (3) those recordings are the basis for graphs in Dr. Eddins' reports (*see, e.g.,* Eddins Report at Figures 19 and 20 (noting that the graphs reflect "recordings")). It is further undisputed that, if these un-

---

[1]    Plaintiffs have indicated they would oppose this motion.

produced "recordings" described in Dr. Eddins' report had not been made by Dr. Eddins and his team, graphs such as those in Figure 19 and Figure 20 in Dr. Eddins' report would not, and could not, exist.  Yet Plaintiffs take the remarkable position that, as a matter of law, such recordings are not facts or data considered by an expert. None of the cases cited in Plaintiffs' opposition even remotely supports their novel position that recordings—which are the basis of graphs in an expert's report and without which those graphs could not exist—need not be produced under Rule 26. Defendants' reply will briefly address Plaintiffs' cases, and explain how they do not support Plaintiffs' effort to continue to withhold these recordings.

*Second*, and relatedly, Plaintiffs now contend that "*spreadsheets of* the data depicted in all graphs will be produced by October 30."  (Plaintiffs' Opp. at 6) (emphasis added).  But, as Defendants' reply will explain, these "spreadsheets" offered by Plaintiffs will not contain the audio files, but only numbers purporting to describe the sounds in the unproduced audio files.  To arrive at those numbers in the "spreadsheets," Plaintiffs' experts had to process the raw recordings into numerical form.  Defendants' experts should be afforded the opportunity to test Plaintiffs' experts' processing of raw recordings into the numbers reflected in Plaintiffs' experts' "spreadsheets."  If the Court finds it necessary and helpful, Defendants' reply can attach an expert declaration explaining the fundamental difference between

the unproduced raw recordings and the post-processing numbers that would go into the now-offered "spreadsheets."

*Third*, during the parties' meet and confer, Defendants repeatedly explained that Rule 26 is self-executing, and puts the burden of providing facts or data considered squarely on the offering party. Plaintiffs failed to produce those facts or data considered with the expert reports, as required by Rule 26 and Eleventh Circuit law. It is not Defendants' burden to identify specific gaps in Plaintiffs' Rule 26 disclosures. During the meet and confer, Plaintiffs' counsel nonetheless asked for an *example* of facts or data considered that had not been provided. Defendants' counsel agreed to provide such an example from Dr. Eddins' report, without waiver of Defendants' right to seek other experts' consideration materials. *See* Def. Br. at 10 ("Again, these are examples only. Beyond these examples, Defendants respectfully request that this Court order Plaintiffs to disclose all 'facts or data considered' by their experts in forming their expert opinion.") Thus, there is no basis for Plaintiffs' argument that, because Defendants agreed to Plaintiffs' request to provide an example of a deficient report, the burden somehow shifted to defendants to "identify any other alleged deficiencies" as to "the remaining 22 experts" (Pltf. Resp. at 1-2), or somehow absolved Plaintiffs of their Rule 26 obligations as to other experts. Defendants' reply will provide further background on the parties' meet and confer in this regard and additional examples that will in no way be intended to be

exclusive, but will demonstrate that the issues raised in the motion are pervasive and not limited to the Eddins report cited as an example.[2]

## CONCLUSION

For the foregoing, Defendants respectfully seek leave to file a four-page reply in support of their Motion to Compel.

Dated:  October 29, 2020                    Respectfully submitted,

                                           */s/ Robert C. Brock*
                                           Robert C. "Mike" Brock
                                           KIRKLAND & ELLIS LLP
                                           1301 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20004
                                           Telephone: (202) 389-5991
                                           mike.brock@kirkland.com

---

[2]    During the parties' meet and confers, Defendants also requested questionnaires and notes from interviews conducted by Plaintiffs' experts of the individual Plaintiffs. Even though they should all have been produced with the expert reports on October 9, plaintiffs have since been producing questionnaires and notes from certain of their experts on a rolling basis. For example, on October 21, 2020, Plaintiffs produced a questionnaire that Plaintiffs' expert Dr. Ostacher conducted with Plaintiff Keefer. Then, minutes before filing their opposition to Defendants' Motion to Compel, Plaintiffs produced an amended report attaching notes from Dr. Ostacher's interview with Plaintiff Keefer. The facts and data included in these questionnaires and notes, which were not included with the original October 9 report as they should have been, and some of which were not produced until over two weeks after Plaintiffs' expert disclosure deadline, provide critical information considered by Plaintiffs' experts.  Like other facts or data considered, they should have been produced with the expert reports.  These consideration materials should not be continuing to trickle in on a rolling basis, especially given that Defendants' expert reports are due November 9.

4

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company,
3M Occupational Safety LLC, Aearo
Technologies LLC, Aearo Holding,
LLC, Aearo Intermediate, LLC and
Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)</u>

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that on October 28, 2020, counsel for Defendants emailed Plaintiffs' counsel about filing a motion for leave to file a reply memorandum. Plaintiffs stated that they oppose Defendants' motion for leave to file a reply.

Dated:   October 29, 2020                    Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (2020) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

6

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 842 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.


Dated:  October 29, 2020                    Respectfully submitted,


                                            */s/ Robert C. Brock*
                                            Robert C. "Mike" Brock
                                            KIRKLAND & ELLIS LLP
                                            1301 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004
                                            Telephone: (2020) 389-5991
                                            mike.brock@kirkland.com

                                            *Counsel for Defendants 3M Company,*
                                            *3M Occupational Safety LLC, Aearo*
                                            *Technologies LLC, Aearo Holding,*
                                            *LLC, Aearo Intermediate, LLC and*
                                            *Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2020, a true and correct copy of the foregoing:

**Motion for Leave to File a Reply Memorandum**

was served as follows:

☒      **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

| | |
|---|---|
| Bryan F. Aylstock, *Lead Counsel*<br>Douglass A. Kreis<br>Neil D. Overholtz<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com<br>Email: NOverholtz@awkolaw.com | Shelley V. Hutson,<br>*Co-Lead Counsel*<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>Email: shutson@triallawfirm.com |
| Christopher A. Seeger, *Co-Lead Counsel*<br>David R. Buchanan<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com<br>Email: dbuchanan@seegerweiss.com | Michael A. Burns,<br>*Co-Liaison Counsel*<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX  77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com |

| | |
|---|---|
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>*Discovery & ESI Subcommittee*<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Brian H. Barr, *Co-Liaison Counsel*<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell,<br>Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502<br>Tel.: (850) 435-7045<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com |
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>*Discovery & ESI Subcommittee*<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Katherine E. Charonko,<br>*Discovery & ESI Subcommittee*<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV  25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com |
| Virginia E. Anello,<br>*Discovery & ESI Subcommittee*<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com | J. Nixon Daniel, III<br>*Discovery & ESI Subcommittee*<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, Florida 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com |
| Kenneth C. Bailey<br>Robert C. Cowan<br>Bailey Cowan Heckaman PLLC<br>5555 San Felipe Street, Suite 900<br>Houston, TX 77056<br>Tel.: (713) 425-7100<br>cbailey@bchlaw.com<br>rcowan@bchlaw.com<br><br>*Counsel for Bellwether Brandon Adkins,*<br>N.D. Fla., 7:20-cv-00012-MCR-GRJ | |

DATED:  October 29, 2020

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*