UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones<br><br>**[FILED UNDER SEAL]** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL EXPERT FACTS AND DATA

Defendants' motion for leave to file a reply is a thinly veiled argument on the merits. It purports to identify "extraordinary circumstances" requiring a reply but impermissibly raises new arguments and further delays disposition of the underlying motion to compel. The Court should therefore deny Defendants leave to file a reply.

Local Rule 7.1(I) requires "extraordinary circumstances" for the Court to "grant leave to file a reply memorandum in support of another motion." N.D. Fla. L.R. 7.1(I). Defendants have failed to identify any such circumstances. Instead, Defendants' motion for leave addresses the merits of Plaintiffs' response in direct contravention of Local Rule 7.1(I). *See Square Ring Inc. v. Troyanovsky*, No. 3:16-CV-641-MCR-GRJ, 2018 WL 7350674, at *9 n.18 (N.D. Fla. Feb. 12, 2018) (Rodgers, J.) (further noting that unsolicited merits argument should be stricken).

Defendants also raise new arguments and distort others. For example, Defendants now surmise that their experts should be permitted to test Dr. Eddins' processing of raw recordings, Defs.' Br. at 2, but they never argued as much in their opening brief. Spilling additional ink on afterthoughts is not an extraordinary circumstance. Worse, Defendants now attempt to distance themselves from their own procedural mistakes in falsely claiming that "Plaintiffs' counsel . . . asked for an example of facts or data considered that had not been provided." *Id.* at 3. That revisionist history belies the parties' meet and confer—where Defendants' counsel unequivocally conceded *he* had reviewed only that report—as well as Defendants' opening brief. *Id.* at 6 ("Defendants have not had the opportunity to review all of the forty six reports."). In short, Defendants had every opportunity to establish that Dr. Eddins' report is truly an "exemplar," yet they rest their argument on only say-so.

Finally, Defendants' request for a reply defies their original position. Defendants' motion to compel was filed one minute before midnight and sought disclosure on essentially the next business day. Despite the apparent urgency of their motion, Defendants have already dragged out the dispute with this unnecessary briefing. This is perplexing. It is also one of the reasons why the Local Rules prohibit replies absent extraordinary circumstances. Parties are permitted one bite at the apple. Failure to follow this standard creates a slippery slope, where a reply leads to

a sur-reply, and so on and so forth. The issue is now fully briefed, and the Court should resolve it.

## CONCLUSION

Accordingly, Defendants' motion for leave to file a reply should be denied.

DATED: October 30, 2020

                                          Respectfully submitted,

                                          */s/ Bryan F. Aylstock*
                                          Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
***Counsel for Plaintiffs***

3

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this brief complies with the word limit of Local Rule 7.1(F) and contains 432 words.

*/s/ Bryan F. Aylstock*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Bryan F. Aylstock