UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | Case No. 3:19-md-2885-MCR-GRJ Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| This Document Related to All Cases ) | **FILED UNDER SEAL** |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF FACTS OR DATA CONSIDERED UNDER RULE 26

Plaintiffs' novel definition of "facts or data considered" excludes materials that should have been disclosed on October 9, 2020, pursuant to Rule 26. Plaintiffs' Rule 26 disclosures were due October 9. On October 13, defendants sought production of missing consideration materials. As shown in the timeline attached as Exhibit 4, over the last two weeks, Plaintiffs produced 16 amended expert reports. At least eight included new interview notes, and two included new numerical data. These consideration materials should have been produced on October 9.

**I.    Plaintiff Interview Notes And All Other "Facts or Data Considered" Must Be Disclosed.**

During the parties' meet and confer, Plaintiffs' counsel disagreed with Defendants' position that all notes of Plaintiff interviews are "facts or data considered." Plaintiffs claim they have now voluntarily produced certain notes of Plaintiff interviews, and argue they were not required to produce any on October 9 because they were not "facts or data considered." Not so. For example, Dr.

Ostacher's October 9 report addressed Plaintiff Keefer's allegedly tinnitus-related insomnia; but that version did not reflect Dr. Ostacher's notes (produced October 28) documenting Keefer "does not use sleep apnea machine." (Ex. 5, at Ex. E.)[1] Such notes are examples of "facts or data considered" that should have been disclosed on October 9. Any remaining Plaintiff interview notes should be produced forthwith.[2]

As noted previously, these examples are not exhaustive. In addition to these notes, based on review of Plaintiffs' experts reports alone, Plaintiffs have not produced: (1) Berkley "SPICE simulation files" used to obtain the models in Figures 8-11 of the Armstrong report; (2) models of acoustic resistance measurements referenced in Figures 15-22 of the Armstrong report (Ex. 7); or (3) a "Consultation with Dr. Bielefeld, Audiologist; September 4, 2020" listed in Elizabeth Davis' reliance materials list (Ex. 8, at Ex. C). Although these consideration materials happen to be referenced, other consideration materials may not be so easily detectable. Under Rule 26, Plaintiffs have an independent duty to produce these consideration materials without awaiting Defendants' requests.

## II. Dr. Eddins' Audio Files, Video Files, And Spreadsheets Are All "Facts or Data Considered."

---

[1] This fact is significant given that prior to the litigation, Keefer's difficulties sleeping were attributed to his sleep apnea but now Keefer and his experts claim they are a result of his alleged tinnitus.

[2] Plaintiffs state that "remaining case specific experts" *other than* the five they list (Pl. Br. 12-13) have no notes. But all plaintiff interview notes/questionnaires/data from Spankovich, Ostacher, Arriaga, Lustig and Packer should be produced.

Plaintiffs argue that Dr. Eddins has "agreed to produce photos and *spreadsheets of raw data*, which will be served by October 30—even though Dr. Eddins generally *considered only graphical data in forming his opinions* and was not required to produce anything more." (Dkt. 1491 at 3) (all emphases added). But none of Plaintiffs' cases support the proposition that, where data maintained or created by an expert is used to generate a graph, only the graph need be disclosed.[3]

In any event, Dr. Eddins' production of "spreadsheets" cannot negate his obligation to produce all "facts and data" considered, including audio "recordings" that underlie those spreadsheets. Plaintiffs do not dispute that: (1) Dr. Eddins' "recordings" were "saved to a file coded by subject and condition" (Ex. 2 (Eddins Rpt.) at 45); (2) those recordings have not been produced to Defendants; and (3) those "recordings" are the basis for the "spreadsheets" and Figures 19 and 20 in his report. It is further undisputed that, if these unproduced "recordings" had not been made by Dr. Eddins and his team, neither the "spreadsheets" nor the graphs such as those in Figure 19 and Figure 20 in Dr. Eddins' report would exist. Contrary to

---

[3] Plaintiffs cite to *Blankenship v. Louisville Ladder, Inc.*, but *Blankenship* concerned emails, not numerical data or audio files underlying a graph. 2011 WL 13298550, at *1 (M.D. Fla. Apr. 5, 2011).  In any event, "as a matter of law, an expert who relies on a summary of data or facts, by definition relies upon the underlying data and the facts which form the basis for the summary." *Bush Ranch v. E.I. du Pont*, 918 F. Supp. 1524, 1546-47 (M.D. Ga. 1995), *overruled on other grounds*, 99 F.3d 363 (11th Cir. 1996); *see also Avaya v. Telecom Labs,* 2016 WL 223696, at *2-4 (D.N.J. Jan. 19, 2016) (production of summaries insufficient).

Plaintiffs' claims, the "spreadsheets" are *not* "raw" data. Plaintiffs do not dispute that, after Dr. Eddins recorded the audio files, he *processed* those audio files to create the numbers in his spreadsheets. *See* Ex. 6, Kytomaa Decl. The belated production of spreadsheets purporting to characterize the audio files—in lieu of the audio files themselves—is categorically insufficient. Absent the audio files, Defendants' experts will be unable to confirm whether the "spreadsheets," graphs, and figures reflect the audio files. *Id.*

And Plaintiffs fare no better with their argument that "as to the *video* recordings, Dr. Eddins used them for one purpose: to 'grab' still shots of test subjects' ears." (Pl. Resp. at 7.) But as Dr. Eddins himself explains, these videos also afforded "the potential *opportunity* for visual confirmation of changes in earplug position." *See* Ex. 2 at 46. Defendants' experts should be afforded the same opportunity.[4]

## CONCLUSION

Defendants ask the Court to compel production of all facts or data considered by Plaintiffs' experts by November 4, given Defendants' November 9 deadline.

---

[4] Dr. Eddins and his team considered the videos and *selected* frames from each. Defendants' experts should be permitted to make their own selections, including additional points of view of the inserted earplug. Finally, Plaintiffs' argument that "images of the test subjects' faces are protected health information (PHI)" ignores the Court's Protective Order (Dkt. 442).

Dated:  November 2, 2020							Respectfully submitted,

									/s/ Robert C. Brock
									Robert C. "Mike" Brock
									KIRKLAND & ELLIS LLP
									1301 Pennsylvania Avenue, N.W.
									Washington, D.C. 20004
									Telephone: (202) 389-5991
									mike.brock@kirkland.com

									Mark J. Nomellini
									KIRKLAND & ELLIS LLP
									300 North LaSalle
									Chicago, Illinois 60654
									Telephone: (312) 862-3254
									mnomellini@kirkland.com

									Kimberly Branscome
									DECHERT LLP
									633 W. 5th St., Suite 4900
									Los Angeles, CA 90071
									Telephone: (213) 808-5762
									kimberly.branscome@dechert.com

									*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*
									*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 3, 2020, a true and correct copy of the foregoing:

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF FACTS OR DATA CONSIDERED UNDER RULE 26** was served as follows:

☒ **[E-Mail]** By causing the above documents to be sent via electronic mail to the parties at the email addresses listed below. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

| | |
|---|---|
| Bryan F. Aylstock, *Lead Counsel* <br> Douglass A. Kreis <br> Neil D. Overholtz <br> Aylstock, Witkin, Kreis & Overholtz, PLLC <br> 17 East Main Street Suite 200 <br> Pensacola, FL 32502 <br> Tel.: (850) 202-1010 <br> Email: baylstock@awkolaw.com <br> Email: dkreis@awkolaw.com <br> Email: NOverholtz@awkolaw.com | Shelley V. Hutson, <br> *Co-Lead Counsel* <br> Clark, Love & Hutson, GP <br> 440 Louisiana Street <br> Suite 1600 <br> Houston, TX 77002 <br> Tel.: (713) 757-1400 <br> Email: shutson@triallawfirm.com |
| Christopher A. Seeger, *Co-Lead Counsel* <br> David R. Buchanan <br> Seeger Weiss LLP <br> 77 Water Street <br> 8th Floor <br> New York, NY 10005 <br> Tel.: (212) 587-0700 <br> Email: cseeger@seegerweiss.com <br> Email: dbuchanan@seegerweiss.com <br> Email: MDL2885@seegerweiss.com | Michael A. Burns, <br> *Co-Liaison Counsel* <br> Mostyn Law Firm <br> 3810 W. Alabama Street <br> Houston, TX 77027 <br> Tel.: (713) 714-0000 <br> Email: epefile@mostynlaw.com <br> Email: maburns@mostynlaw.com |

| | |
|---|---|
| Evan D. Buxner,<br>Plaintiffs' Executive Committee<br>Gori Julian & Associates<br>156 North Main Street<br>Edwardsville, IL 62025<br>Tel.: (618) 659-9833<br>Email: evan@gorijulianlaw.com | Brian H. Barr, *Co-Liaison Counsel*<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502<br>Tel.: (850) 435-7045<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com |
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>*Discovery & ESI Subcommittee*<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Katherine E. Charonko,<br>*Discovery & ESI Subcommittee*<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV  25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com |
| Virginia E. Anello,<br>*Discovery & ESI Subcommittee*<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com | J. Nixon Daniel, III<br>*Discovery & ESI Subcommittee*<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, Florida 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com |

DATED:  November 3, 2020 　　　　　　　*/s/ Robert C. Brock*
　　　　　　　　　　　　　　　　　　　Robert C. "Mike" Brock
　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　Telephone: (202) 389-5991
　　　　　　　　　　　　　　　　　　　mike.brock@kirkland.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*