## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Case No. 3:19-md-2885-MCR-GRJ |
| | ) | Judge M. Casey Rodgers |
| | ) | Magistrate Judge Gary R. Jones |
| This Document Relates to: | ) | |
| Lloyd Baker | ) | **CONFIDENTIAL - FILED** |
| Civil Case No. 7:20-cv-00039 | ) | **UNDER SEAL** |
| | ) | |
| Luke Estes | ) | |
| Civil Case No. 7:20-00137 | ) | |
| | ) | |
| Lewis Keefer | ) | |
| Civil Case No. 7:20-00104 | ) | |
| | ) | |
| Dustin McCombs | ) | |
| Civil Case No. 7:20-cv-00094 | ) | |

## 3M'S MOTION TO COMPEL THE RULE 35 EXAMINATION OF BELLWETHER TRIAL GROUP A PLAINTIFFS LLOYD BAKER, LUKE ESTES, LEWIS KEEFER, AND DUSTIN MCCOMBS BY VOCATIONAL EXPERT DR. MICHAEL SHAHNASARIAN

Plaintiffs Lloyd Baker, Luke Estes, Lewis Keefer, and Dustin McCombs, (collectively, "Bellwether Trial Group A Plaintiffs" or "Plaintiffs") have each placed his employment capability at issue and allege a loss of earning capacity because of hearing-related injuries. Plaintiffs have disclosed Fed. R. Civ. P. 26 reports prepared by Elizabeth A. Davis, Ph.D., a vocational rehabilitation specialist. (Ex. 1, Pls. Disclosure of Expert Witness). In an effort to bolster her opinions, Dr. Davis conducted "in-depth" vocational interviews/examinations of each plaintiff. The

Court should now order Plaintiffs to undergo a reciprocal vocational examination by Dr. Michael Shahnasarian, a licensed psychologist and board-certified rehabilitation counselor, vocational evaluator, and career counselor. This will provide Dr. Shahnasarian with a similar opportunity to examine Plaintiffs[1] and collect data to respond to the vocational rehabilitation opinions being espoused by Dr. Davis. Federal Rule of Civil Procedure 35 and federal case law authorize such an examination for "good cause" where a plaintiff puts his or her employment capability at issue. *See, e.g.*, *Sharp v. Paul Revere Life Ins. Co.*, No. 12-cv-1221, 2013 WL 12170577 (M.D. Fla. Feb. 7, 2013) (granting defendant's request to have Dr. Shahnasarian conduct a vocational exam under Federal Rule 35(a)).

## ARGUMENT

Rule 35(a) governs the matter of physical and mental examinations in federal court litigation. It states in relevant part:

> The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by *a suitably licensed or certified examiner*. . . The order may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[1]   Dr. Shahnasarian would conduct the examinations remotely using videoconferencing technology.

Fed. R. Civ. P. 35(a) (emphasis added).

The italicized language of Rule 35 took effect on December 1, 1991.  Before then, a court could only permit examinations by physicians and psychologists.  *See Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir. 1990); *Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260, 261 (D. Minn. 1991).  The 1991 amendment liberalized the rule and extended it to include "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute."  Fed. R. Civ. P. 35 advisory committee's notes.

Federal courts applying the amended version of Rule 35 have recognized that, "where a plaintiff places his employment abilities in controversy, medical examinations or medical records may not be sufficient, and that a defendant might be prejudiced if not permitted to conduct its own vocational examination of the plaintiff."  *Kephart v. Abb, Inc.*, No. 12-cv-668, 2014 WL 1452020, at *9 (W.D. Pa. Apr. 14, 2014).  Indeed, federal courts have consistently authorized Rule 35 examinations by vocational experts where plaintiffs' earning capacity is at issue.  *See e.g.*, *Sice v. Oldcastle Glass, Inc.*, No. 03-cv-114, 2005 WL 82148, at *3 (D. Colo. Jan. 10, 2005) ("The plaintiff's argument that a functional capacity examination is not within contemplation of Rule 35 is <u>unfounded</u>") (emphasis

added); *Jefferys v. LRP Publ'ns, Inc.*, 184 F.R.D. 262 (E.D. Pa. 1999) (granting motion to compel plaintiff to submit to examination by vocational expert); *Fischer v. Coastal Towing Inc*., 168 F.R.D. 199, 201 (E.D. Tex. 1996) ("A 'suitably licensed or certified examiner' under Rule 35 <u>includes a vocational-rehabilitation expert</u>.") (emphasis added); *see also In re: General Motors LLC Ignition Switch Litigation*, 1:14-md-02543-JMF, Dkt. No. 5991 (granting GM's request for an order requiring [Plaintiff] McKnight to submit to medical and vocational examinations).

1.     **Plaintiffs Have Placed Their Employability at Issue.**

The "in controversy" requirement of Rule 35 is satisfied because Plaintiffs claim damages involving the scope and extent of future employability and earnings capacity.  *See Sharp*, 2013 WL 12170577, at *1; *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388 (S.D. Tex. 2013); *see also Monroe v. Cooper/T. Smith Stevedoring Co.*, No. 06-cv-933, 2008 WL 687196, at *2 (M.D. La. Mar. 10, 2008).

Plaintiffs' Long-Form Complaint generally alleges "loss of earnings and loss of earning capacity." (Dkt. No. 704 at 89, filed Sept. 20, 2019).  Moreover, Plaintiffs submitted expert reports by Elizabeth A. Davis, Ph.D., "whose area of expertise is economic loss, vocational rehabilitation, [and] future damages," for each of the four Group A Plaintiffs at issue in this motion.  (Exs. 2–5, Rule 26 Expert Reports, October 9, 2020 for Lloyd Baker, Luke Estes, Lewis Keefer and Dustin McCombs). In these reports, Dr. Davis opines that each Plaintiff "will experience a loss of

earning capacity of 6% per year," based in part on her vocational assessment and "in-depth interview" with each Plaintiff. (*Id.*, Sections "Conclusions" & "Review Procedures"). These facts squarely support a Rule 35 examination. *See Thomas v. Edison Chouest Offshore, LLC*, No. 15-cv-3487, 2017 WL 467680, at *4 (E.D. La. Feb. 3, 2017) ("The fact that [Plaintiff] has had a vocational rehabilitation expert report prepared to assist in proving his case further demonstrates that his ability to work is in controversy."); *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy . . . " (internal citations omitted)).

2.      **Good Cause Exists to Order a Rule 35 Vocational Examination.**

Courts have recognized that "Rule 35(a) should be construed liberally in favor of granting discovery" and that satisfying the "in controversy" requirement, which is undoubtedly met here, also establishes good cause for a Rule 35 exam. *Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 196, 198 (N.D. Tex. 1995) ("Even in light of the rule's restrictions, however, courts have held that Rule 35(a) should be construed liberally in favor of granting discovery."); *cf. Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994*)* ("[c]ourts have tended to merge the 'in controversy' and 'good cause' requirements, so there are not discrete, well-defined tests for both."). Further, courts have found that good cause exists, where, as here, plaintiffs have retained their own vocational expert. *See e.g.*, *Wysong v. Dow Chem. Co.*, No.

04-cv-07, 2005 WL 8161735, at *2 (S.D. Ohio, Apr. 14, 2005) (citing cases); *accord Ornelas*, 292 F.R.D. at 392 (explaining that "courts have continually looked to whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial, as relevant to a finding of 'good cause.'").

The case of *Monroe v. Cooper/T. Smith Stevedoring Co.* is particularly instructive.  There, the court determined that the plaintiff's residual employability was in controversy because he alleged damages for loss of earnings and submitted to a vocational exam by his rehabilitation expert.  2008 WL 687196, at *3.  The court further held that to avoid prejudice, because defendant's expert was not present and could not adequately scrutinize the conclusions of plaintiff's expert, defendant's expert should be allowed to conduct an examination of plaintiff to rebut the reports of plaintiff's expert.  *Id.*  Similarly, in this case, Plaintiffs seek damages for loss of earnings and Dr. Davis has already conducted a vocational interview/assessment without 3M's expert present.  Therefore, good cause exists for Dr. Shahnasarian to conduct Rule 35 examinations.

Ultimately, 3M will be prejudiced if the Court does not allow Dr. Shahnasarian to conduct a vocational expert exam.  As Dr. Shahnasarian explains, the face-to-face component of a vocational examination assists his formulation of an independent opinion.  (*See* Ex. 6 ("Shahnasarian Decl.")).  During the examination, Dr. Shahnasarian will conduct clinical interviews, observe and assess physical

6

functioning, and perform other noninvasive tests to enable him to elicit vocationally relevant information.[2]   (*Id.*)   Moreover, the examinations will assist Dr. Shahnasarian in evaluating the conclusions of Dr. Davis.   *See Fischer*, 168 F.R.D. at 201.   Put simply, a Rule 35 vocational examination is fair and equitable and necessary to "level the playing field."[3]   *See Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004) (stating that "[t]he purpose of the Rule 35 examination is to 'level the playing field' for the parties"); *accord Escobar v. Blessey Marine Servs.*, No. 03-cv-2679, 2004 WL 2115270 (E.D. La. Sept. 22, 2004).

### 3.    The Vocational Examinations that Defendant Seeks Are Appropriate Under Rule 35.

---

[2]   In fact, as Dr. Shanasarian explains in his leading treatise on the topic, "life circumstances that can affect [a person's] ability to pursue work-related activities" "affect individuals uniquely and should be evaluated in each earning capacity assessment."  Michael Shahnasarian, Ph.D., Assessment of Earning Capacity 120 (4th ed. 2015).  Additionally, "[a] thorough understanding of a subject's pre-incident medical and psychological history, level of functioning, and presence of vocational handicaps is essential to evaluate how new disabilities affect present and future earning capacity."  (*Id.*).

[3]   Importantly, the information to be elicited during Dr. Shahnasarian's examination was not ascertainable during fact discovery.  First, it is important for Dr. Shahnasarian, as the expert in vocational rehabilitation, to observe firsthand the Plaintiffs' functionality, limitations, personality, communication skills, and other capabilities.  Second, he may also conduct a series of standardized tests to assess intelligence, personality and interests that are consistent with professional standards, which clearly were not performed during a deposition.

As discussed, Rule 35 permits a court, upon motion for good cause shown, to order any party to submit to an examination by a suitably licensed or certified examiner.  Fed. R. Civ. P. 35(a).  The order must also specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.  *Id.*  These remaining requirements can be satisfied here.

Dr. Shahnasarian has the requisite educational background and training to conduct a vocational examination pursuant to Rule 35.  He is a licensed psychologist, board-certified vocational evaluator, and board-certified rehabilitation counselor. (*See* Shahnasarian Decl.).  Dr. Shahnasarian holds a doctorate in counseling psychology and has provided vocational rehabilitation services since 1981.  (*Id.*). He has been hired by plaintiffs and defendants alike to conduct vocational rehabilitation exams, and "[o]n average [he] perform[s] approximately over 100 vocational rehabilitation examinations per year."  (*Id.*).

In addition, Dr. Shahnasarian has conducted Rule 35 examinations in other litigation.  For example, in *Sharp v. Paul Revere Life*, the court granted defendant's request to have Dr. Shahnasarian conduct a vocational evaluation of the plaintiff and offer testimony at trial.  *Sharp*, 2013 WL 12170577, at *1 ("Defendant seeks an independent evaluation as Plaintiff has retained an expert to conduct a vocational evaluation and to offer testimony at trial. . . . Plaintiff shall submit to an evaluation by Defendant's vocational rehabilitation expert, Dr. [Michael] Shahnasarian.").

Further, as Dr. Shahnasarian explains, his exams "are according to usual, reasonable, and customary standards of practice" in the vocational rehabilitation field.  (*See* Shahnasarian Decl.).  The exam has two parts: (1) a clinical interview that that will focus on identifying physical problems, limitations and capabilities, activities of daily living, work history, mental health concerns, and education and training; and (2) the potential administration of various standardized tests relevant to his assessment of a plaintiff's employment limitations and prospects.  (*Id.*).  "These testing procedures are designed to provide real identifiable data concerning the ability and functionality of a person post-injury."  (*Id.*).  Moreover, Dr. Shahnasarian ensures that examinees are comfortable and respected throughout the exam.  (*Id.*).

## CONCLUSION

In sum, good cause exists to order the Group A Plaintiffs, Lloyd Baker, Luke Estes, Lewis Keefer, and Dustin McCombs, to submit to a vocational examination by Dr. Shahnasarian.  Therefore, 3M respectfully requests that the Court grant its motion to compel these Bellwether Trial Group A Plaintiffs to undergo a vocational examination performed by Dr. Shahnasarian via videoconferencing technology.

Dated:  November 6, 2020                    Respectfully submitted,

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)</u>

Pursuant to Local Rule 7.1(B) and (C), counsel for Defendants certify that counsel for Defendants and Plaintiffs met and conferred on the issues set forth in this motion, including in e-mail correspondence and telephone conversations exchanged between the parties on October 28th, October 29th, and October 30th. In addition, following a dispute after the Court Leadership call on October 30, 2020, the Court instructed counsel for Defendants to file the instant motion.  The parties are therefore unable to resolve the instant dispute.

Dated:  November 6, 2020                    Respectfully submitted,

<span style="padding-left:4em;">*/s/ Robert C. Brock*</span>
<span style="padding-left:4em;">Robert C. "Mike" Brock</span>
<span style="padding-left:4em;">KIRKLAND & ELLIS LLP</span>
<span style="padding-left:4em;">1301 Pennsylvania Avenue, N.W.</span>
<span style="padding-left:4em;">Washington, D.C. 20004</span>
<span style="padding-left:4em;">Telephone: (202) 389-5991</span>
<span style="padding-left:4em;">mike.brock@kirkland.com</span>

<span style="padding-left:4em;">*Counsel for Defendants 3M Company,*</span>
<span style="padding-left:4em;">*3M Occupational Safety LLC, Aearo*</span>
<span style="padding-left:4em;">*Technologies LLC, Aearo Holding,*</span>
<span style="padding-left:4em;">*LLC, Aearo Intermediate, LLC and*</span>
<span style="padding-left:4em;">*Aearo, LLC*</span>

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,960 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  November 6, 2020                       Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2020, a true and correct copy of the foregoing:

### 3M'S MOTION TO COMPEL THE RULE 35 EXAMINATION OF BELLWETHER TRIAL GROUP A PLAINTIFFS LLOYD BAKER, LUKE ESTES, LEWIS KEEFER, AND DUSTIN MCCOMBS BY VOCATIONAL EXPERT DR. MICHAEL SHAHANASARIAN

was served as follows:

☒ **[E-Mail]** By causing the above document to be sent via electronic mail to the parties at the email addresses listed below. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel<br>Douglass A. Kreis<br>Neil D. Overholtz<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street<br>Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com<br>Email: NOverholtz@awkolaw.com<br><br>*Counsel for Plaintiff Luke Estes*<br>Case No. 7:20-cv-00137<br><br>*Counsel for Plaintiff Dustin McCombs*<br>Case No. 7:20-cv-00094 | Shelley V. Hutson, Co-Lead Counsel Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>Email: shutson@triallawfirm.com |

| | |
|---|---|
| Christopher A. Seeger, Co-Lead Counsel<br>David R. Buchanan<br>Caleb A. Seeley<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com<br>Email: dbuchanan@seegerweiss.com<br>Email: cseeley@seegerweiss.com<br>Email: MDL2885@seegerweiss.com<br><br>*Counsel for Plaintiff Lewis Keefer*<br>Case No. 7:20-cv-00104 | Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX  77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com<br>Email: maburns@mostynlaw.com |
| Evan D. Buxner,<br>Plaintiffs' Executive Committee<br>Gori Julian & Associates<br>156 North Main Street<br>Edwardsville, IL 62025<br>Tel.: (618) 659-9833<br>Email: evan@gorijulianlaw.com | Brian H. Barr, Co-Liaison Counsel<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell,<br>Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502<br>Tel.: (850) 435-7045<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com<br><br>*Counsel for Plaintiff Lewis Keefer*<br>Case No. 7:20-cv-00104 |
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>Discovery & ESI Subcommittee<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Katherine E. Charonko,<br>Discovery & ESI Subcommittee<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV  25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com |

| | |
|---|---|
| *Counsel for Plaintiff Dustin McCombs*<br>Case No. 7:20-cv-00094 | |
| Virginia E. Anello,<br>Discovery & ESI Subcommittee<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com | J. Nixon Daniel, III<br>Discovery & ESI Subcommittee<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, FL 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com |
| Taylor C. Bartlett<br>William L. Garrison, Jr.<br>Discovery & ESI Subcommittee<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com | Shawn Fox<br>Sean P. Tracey<br>Tracy & Fox Law Firm<br>440 Louisiana Street, Suite 1901<br>Houston, TX 77002<br>Tel.: (713) 495-2333<br>Email: sfox@traceylawfirm.com<br>Email: stracey@traceylawfirm.com<br><br>*Counsel for Plaintiff Lloyd E. Baker*<br>Case No. 7:20-cv-00039 |
| Katherine L. Cornell<br>Pulaski Law Firm<br>2925 Richmond Avenue, Suite 1725<br>Houston, TX 77098<br>Tel.: (713) 664-4555<br>Email: kcornell@pulaskilawfirm.com<br><br>*Counsel for Plaintiff Luke Estes*<br>Case No. 7:20-cv-00137 | Thomas W. Pirtle<br>Laminack Pirtle & Martines<br>5020 Montrose Blvd., 9th Floor<br>Houston, TX 77006<br>Tel.: (713) 292-2750<br>Email: tomp@lpm-triallaw.com<br><br>*Counsel for Plaintiff Luke Estes*<br>Case No. 7:20-cv-00137 |
| Jeanie Sleadd<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: jsleadd@hgdlawfirm.com | |

| | |
|---|---|
| *Counsel for Plaintiff Dustin McCombs*<br>Case No. 7:20-cv-00094 | |

DATED:  November 6, 2020          */s/ Robert C. Brock*              
                                               Robert C. "Mike" Brock