**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 59**
**Protocol for Case-Specific Depositions**
**(Bellwether Trial Groups B, C, and D)**

This Order will govern case-specific depositions that the Parties are permitted to take in each case in Trial Groups B, C, and D.

**A.   General Provisions**

1.   <u>Scope of Order</u>.  Pursuant to Pretrial Order No. 43, the Parties are permitted up to six case-specific depositions per side.  This Order applies to depositions of (a) any Trial Group B, C, or D Plaintiff's representatives, family members, friends, colleagues, personal acquaintances, and healthcare or medical providers; (b) third-party witnesses who are relevant only to the claims of a particular plaintiff; and (c) any other case-specific fact witnesses.

2.   <u>Cooperation</u>.  The Parties are reminded that deposition discovery in the context of MDL Proceedings can be extraordinarily complex and demanding.  The process of scheduling and taking depositions, when such large numbers of cases and attorneys are involved, requires a large degree of cooperation,

coordination, and effort. Counsel are expected, throughout this process, to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

3. Coordination. Each party seeking to depose a case-specific witness will notify the other party and Judge David Herndon (ret.) by electronic mail or other agreed-upon means. The notice must provide the other party with information about the proposed deposition, including (a) the case name; (b) the witness name; (c) the proposed deposition location; (d) any current proposal to take the deposition remotely pursuant to Pretrial Order No. 35; and (e) the estimated length of the deposition.

4. Deposition Tracking Method. The MDL Plaintiffs will maintain and update a spreadsheet (or similar document) that accurately tracks the information in Paragraph 3 for all case-specific depositions. The document will also track dates proposed by the MDL Plaintiffs and the 3M Defendants, finalized deposition dates and locations, as well as list which party will examine the witness first. The MDL Plaintiffs will update the document at least every two (2) business days and make a copy available for download by all parties, interested counsel, the undersigned, and Judge Herndon.

5. Deposition Length of Healthcare Providers' Depositions. Absent clear e-mail correspondence from one of the Parties to the other prior to scheduling

that more or less time is needed, any party scheduling a medical provider deposition should seek to schedule a deposition lasting four hours.

6. <u>Ineligible Deposition Dates</u>.  Unless otherwise agreed by the Parties or ordered by this Court, depositions may not be taken on Saturdays, Sundays, or federal court holidays.

7. <u>Remote Depositions</u>.  The Parties will conduct any remote depositions in accordance with Pretrial Order No. 35.

8. <u>In-Person Depositions</u>.  If the deposition is scheduled to occur in-person, in light of the ongoing COVID-19 pandemic, the Parties should abide by social/physical distancing and other practices to protect the health and safety of all those in attendance.  These practices include conducting a deposition in a space large enough to allow for social distancing of at least six feet between each person and may include limiting the number of persons attending the proceeding.

9. <u>Start Time</u>.  Unless otherwise agreed by the Parties or ordered by this Court, (a) in-person depositions will commence at 9:00 a.m. in the time zone in which the deposition is occurring; and (b) remote depositions will commence at 9:00 a.m. in the time zone in which the witness is located.

10. <u>Notice Form/Content/Timing</u>.  Each deposition notice must comply with Fed. R. Civ. P. 30(b).  The deposition notice must include the name, address, and telephone number of an attorney point of contact designated by the party

noticing the deposition, as well as the date, time, location of the deposition. The notice must clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means. If the deposition is occurring remotely, the notice must comply with the notice provisions in Pretrial Order No. 35.

11.     <u>Authority to Serve & Receive</u>. Notices for depositions must be served by electronic mail, U.S. mail, courier service, or other electronic means on Plaintiffs' Lead Counsel and Defendants' Counsel.

**B.     Depositions of Non-Overlapping Witnesses**

12.     If one party ("Requesting Party") wants to use one of its six depositions to depose a case-specific witness but the other party ("Participating Party") does not, the following rules will apply.

13.     The deposition will count as one of the Requesting Party's six depositions permitted by the Court.

14.     The deposition will not count as one of the Participating Party's six depositions.

15.     The Requesting Party will be responsible for making and paying for all deposition arrangements (e.g., venue, reporter, videographer costs) and paying any witness fees (such as fees charged by medical providers or subpoena-related fees).

16. The Requesting Party will be allocated 70% of the deposition examination time. The Participating Party will be allocated 30% of the deposition examination time, provided the Participating Party receives at least 30 minutes to examine the witness. The allocated examination time is not transferrable. Even if one party does not use its full allotted time, the other party may not use it.

17. The Requesting Party will examine the witness first. After the Participating Party has finished questioning the witness, the Requesting Party may question the witness again if it has allocated time remaining. Similarly, after each segment that the Requesting Party questions the witness, the Participating Party may question again, if it has allocated time remaining. If after a party passes the witness, the other party declares that it does not have any further questions, then the deposition will end—even if the Parties have allocated examination time remaining.

C. **Depositions of Overlapping (Joint) Witnesses**

18. If both parties want to use an allocated deposition to examine the same witness ("Overlapping Witness"), the following rules will apply.

19. A party must designate a case-specific witness as an Overlapping Witness within four business days of receiving notice that the deposition of that witness has been scheduled—and in no event less than 48 hours before the start of the deposition.

20. A party may not exercise the option to designate a case-specific witness as an Overlapping Witness if that witness is being represented by the same law firm or attorneys as the party.

21. The deposition examination will count as 0.5 deposition of each party's six depositions, and the deposition examination time will be allocated evenly between the MDL Plaintiffs and the 3M Defendants.

22. The allocated time is not transferrable. Even if one party does not use all of its allotted time, the other party may not use it.

23. The sequence and questioning of the Overlapping Witnesses will occur as follows:

24. For the Wayman, Sloan, Taylor, Camarillorazo, Stelling, Finley, Vaughn, Kelley, and Vilsmeyer cases: In the first instance of an Overlapping Witness, the MDL Plaintiff will examine the witness first. If there is a second Overlapping Witness, the 3M Defendants will examine that witness first. If there are more than two Overlapping Witnesses, the parties will continue to alternate which side examines first.

25. For the Hensley, Blum, Adkins, Lopez, Palanki, Montero, King, Wilkerson, McNeal cases: In the first instance of an Overlapping Witness, the 3M Defendants will examine the witness first. If there is a second Overlapping Witness, the MDL Plaintiff will examine that witness first. If there are more than

two Overlapping Witnesses, the parties will continue to alternate which side examines first.

26. The party that is scheduled to examine the Overlapping Witness first will be responsible for making the deposition arrangements.

27. The parties will equally share the costs for all deposition arrangements and any witness fees. A party may object to sharing medical provider witness fees if the other party does not seek its consent to the amount of the fees before the deposition.

28. After the Primary Examining Party has finished first questioning the witness, the Secondary Examining Party will question the witness. Thereafter, the Primary Examining Party may question again if it has allocated time remaining. Similarly, after each segment that the Primary Examining Party questions the witness, the Secondary Examining Party may question again, if it has allocated time remaining. If after a party passes the witness, the other party declares that it does not have any further questions, then the deposition will end—even if the Parties have allocated examination time remaining.

29. Notwithstanding the sequencing rules in Paragraphs 24 and 25, the MDL Plaintiffs are allowed to exercise an option to examine any Overlapping Witness first. The MDL Plaintiffs are permitted to exercise this option only once per case. If the MDL Plaintiffs exercise this option in a case, (a) the deposition

will count as 1.0 of the MDL Plaintiffs' six depositions permitted by the Court; (b) the deposition will not count as one of 3M Defendants' six depositions permitted by the Court; (c) the examination time still will be shared evenly; and (d) the MDL Plaintiffs will be responsible for making and paying for all deposition arrangements and witness fees (such as fees charged by medical providers or subpoena-related fees).  After the MDL Plaintiffs exercise this right, the 3M Defendants will examine the next Overlapping Witness in the case first. If there are additional Overlapping Witnesses, the parties will continue to alternate which side will examine first.

**D.     Means of Recording and Other Logistics During Depositions**

30.    A certified court reporter must stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers.  The court reporter must administer the oath or affirmation to the deponent.  The written transcript prepared by the court reporter will constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.

31.    <u>Audioconferencing Capabilities</u>. If requested, the certified court reporter  must  arrange  for  an  audio  conference  line  for  counsel  participating remotely.  Any counsel or other authorized attendee who "attends" the deposition

remotely must be identified on the record. During breaks and off the record discussions, the audio conference must be muted.

32. <u>Right to Videotape Depositions</u>. Any party has the right to request that the deposition of any party or witness be recorded on videotape and such written request must be provided with the deposition notice. Where the party wishing to videotape did not notice the deposition, a request for video tape recording must be submitted in writing to Lead Counsel for the Plaintiffs' Lead Counsel and Defendants' Counsel no later than ten (10) days before the date on which the deposition is scheduled to occur. The party wishing to videotape the deposition, if not originally noticed as such, is responsible for arranging and paying for the videotape. All videotaped depositions must be accompanied by a simultaneous audio tape and stenographic transcript. The stenographically prepared transcript will constitute the official record of the deposition.

33. <u>Videography Technicians</u>. The party giving notice that the deposition will be videotaped must assure that all video technicians who record the deposition possess the skills, experience, and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used. Any video operator is subject to the Orders of this Court, including but not limited to the Confidentiality Order. Counsel for that party must provide a copy of this Order, the Confidentiality Order, and any

further applicable Order to the video technicians no later than five (5) days prior to the deposition.

34. <u>Video Operator</u>.  The operator(s) of the videotape recording equipment will be subject to the provisions of Fed. R. Civ. P. 28(c).  At the start of the deposition, the operator(s) must swear or affirm to record the deposition fairly and accurately.

35. <u>Attendance</u>.  Each witness, attorney, and other person attending the deposition must be identified on camera at the commencement of the deposition.

36. <u>Oath</u>.  The oath must be administered to the deponent on camera.

37. <u>Standards</u>.  The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically incapacitated, the deponent must be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is required.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as might be necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  The witness must appear in

ordinary business attire. Eating and smoking by deponents during the deposition will not be permitted.

38. <u>Interruptions</u>. Videotape recording will be suspended during all "off the record" discussions and must note such suspension. The deposition will remain "on the record" absent agreement of counsel.

39. <u>Consultation with Witness</u>. A witness may consult with his or her counsel during a deposition. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness and counsel may consult at any time for the purpose of (a) determining whether a privilege exists, (b) determining whether disclosure of information may violate an order of the Court or another court, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order.

40. <u>Conclusion of Deposition</u>. At the conclusion of a deposition, a statement must be made on camera or on the audio recording that the deposition is ended where and when agreed to by the Parties and must set forth any stipulations made by counsel concerning the custody of the audio or video recording, the transcript, and the exhibits, as well as any other pertinent matters, in particular addressing any material subject to a protective order or privilege.

41.     Preservation of Original Media.  The video operator must preserve custody of the original video medium in its original condition until further order of the Court.

42.     Index.  The videotape operation must use a counter on the recording equipment and after completion of the deposition must prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes, and at which exhibits are identified, as well as any interruption of continuous tape recording, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

43.     Use of Depositions at Trial.  The procedures for and manner of display of any videotaped testimony or exhibits to the jury at trial will be the subject of a further ruling or order by the Court.

44.     Time to Review Transcript.  Each deponent has the right to read and sign the deposition transcript within 45 days after receipt of the transcript from the court reporter.  This time period will not be extended, absent good cause shown.  Should the deponent fail to sign the errata sheet within 45 days, the transcript will be deemed to have been read and approved by the deponent.  If the original transcript is unsigned, lost, or inadvertently destroyed, a certified copy

reflecting any changes made to the original transcript may be used in place of the original.

### E.      Modifications to This Order

45.    This Order is subject to modification by agreement of Plaintiffs' Counsel and Defendants' Counsel, subject to Court approval, or by further Order of this Court.

**SO ORDERED**, on this 6th day of November, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**