**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Baker*, 7:20cv39 *Estes,* 7:20cv317 *Keefer*, 7:20cv104 *McCombs*, 7:20cv94 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**ORDER**

This matter is before the Court on Defendants' Motion to Compel the Rule 35 Examination of Bellwether Trial Group A Plaintiffs Lloyd Baker, Luke Estes, Lewis Keefer, and Dustin McCombs by Vocational Expert Dr. Michael Shahnasarian. Defendants argue they are entitled to a vocational examination of Plaintiffs because Plaintiffs have placed their earning capacity at issue, and consequently, there is good cause for the requested Rule 35 examinations, particularly since Plaintiffs were interviewed by their own vocational expert. *See generally* Defs.' Mot. to Compel, ECF No. 1517. Plaintiffs oppose Defendant's motion as untimely and contend that Defendants' arguments fall short of the good cause requirement needed for the Court to allow the examinations. *See generally* Pls.' Opp., ECF No. 1521. Alternatively, Plaintiffs argue that, should the Court allow Dr. Shahnasarian to conduct vocational

examinations, they be limited in scope to the examinations by their vocational expert, Dr. Elizabeth Davis.

## BACKGROUND

Plaintiffs allege lost wages and loss of earning capacity stemming from injuries caused by the Combat Arms Earplug Version 2 ("CAEv2"). Fact discovery closed over a month ago on October 9, 2020. *See* Pretrial Order No. 43, ECF No. 1204.

At this point in the litigation, both sides have exchanged their Rule 26(a)(2) expert disclosures. *See* Pretrial Order No. 43, ECF No. 1204. Plaintiffs' experts include Dr. Elizabeth Davis, RN, PhD, a Life Care Planner and certified Vocational Rehabilitation Counsel. *See* Davis Rep. in *Baker*, ECF No. 1517-2 at 1. On the eve of Defendants' expert disclosures deadline, Defendants filed the instant motion to compel. Specifically, Dr. Shahnasarian's examination would include (1) a clinical interview "that will focus on identifying physical problems, limitations, and capabilities, activities of daily living, work history, mental health concerns, and education and training;" and (2) "the potential administration of various standardized tests" to assess "plaintiff's employment limitations and prospects." *See* Defs.' Mot. at 9.

## LEGAL STANDARD

A party seeking a court order to allow a physical or mental examination of another party under Rule 35 must show that the mental or physical condition of the party to be examined is "in controversy," and there is "good cause" for the court to order the examination, which must be conducted by a "suitably licensed or certified examiner." *See* Fed. R. Civ. P. 35(a)(1); *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Relevant to the court's good cause determination is "[t]he ability of the movant to obtain the desired information by other means." *See Schlagenhauf*, 379 U.S. at 118; *see also Jackson v. U.S. Kids Golf, LLC*, No. 4:06CV237, 2008 WL 2078777, at *1 (E.D. Tex. May 15, 2008) ("Good cause requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere."). "[W]hat may be good cause for one type of examination may not be so for another." *See Schlagenhauf*, 379 U.S. at 118.

A court may order the requested examination only after a "discriminating application" of the "in controversy" and "good cause" requirements. *See id.* at 121-22. This more stringent standard is in place so that parties are not "routinely compel[ling] each other to submit to examinations." *See Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 315 F.R.D. 612, 614 (N.D. Fla. 2016). But even if the movant satisfies these requirements, it is ultimately within the court's discretion to determine whether to order an examination. *See id.*

## DISCUSSION

The parties do not dispute that Plaintiffs have placed their employability "in controversy" under Rule 35 by alleging "loss of earnings and loss of earning capacity" due to their alleged hearing injuries and supporting those claims with expert reports by their vocational expert.  *See* Defs.' Motion to Compel at 4-5.  What is at issue is whether Defendants have shown the requisite good cause for the Court to order Plaintiffs' examinations by Dr. Shahnasarian.[1]

The Court concludes that Defendants have not satisfied the good cause requirement.[2]  Defendants argue that Plaintiffs' loss of earnings and loss of earning capacity claims alone provide the requisite good cause for a vocational examination.  But the Court's analysis does not end there; the ability of the movant to obtain the

---

[1] Plaintiffs do not appear to dispute that under some circumstances, a vocational examination may be appropriate under Rule 35.  But those circumstances contemplate the examination being performed in connection with a physical or mental examination and involve testing.  *See, e.g.*, *Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296, 297 (W.D. Va. 2002) (citing cases).  Here, Plaintiffs' vocational expert's assessment was not connected to any physical or mental examination and did not involve testing.

[2] As an initial matter, Defendants' motion is untimely.  Defendants filed the motion one month after the close of fact discovery and after Plaintiffs had already submitted their expert disclosures.  Defendants knew of Plaintiffs' lost earnings and earnings capacity claims over a year before the close fact discovery and had ample time to seek vocational examinations during the discovery period.  It is well within the Court's discretion to deny Defendants' motion for this reason alone.  *See Miksis v. Howard*, 106 F.3d 754, 759 (7th Cir. 1997) (affirming denial of defendants' untimely motion for a medical examination, particularly when defendants were "far from diligent" in seeking the examination); *see also Robles v. Costco Wholesale Corp.*, No. 8:18-CV-1453-T-17JSS, 2019 WL 8014502, at *3 (M.D. Fla. Sept. 13, 2019) (denying defendants' Rule 35 motion filed after the close of discovery and six weeks before trial because such circumstances "do not justify reopening discovery" for the requested examination).

desired information by other means is also relevant to the Court's good cause analysis. *See Schlagenhauf*, 379 U.S. at 118.

Here, the information Defendants seek to obtain from a vocational examination is obtainable through other means, if not already obtained. Specifically, information regarding Plaintiffs' physical problems, limitations, and capabilities, activities of daily living, work history, and education and training is typically available in medical records and employment records, which Defendants already have, and further obtainable through other discovery, including the depositions of Plaintiffs and their experts, and Defendants' medical examinations of Plaintiffs. *See Hubbard v. Tyco Integrated Cable Sys., Inc.*, No. 10-CV-365-LM, 2013 WL 1558695, at *2 (D.N.H. Apr. 12, 2013) (concluding that defendant had not shown good cause for a Rule 35 exam where defendant's expert had "multiple other sources of discovery from which to draw conclusions about plaintiff's ability to work during the relevant time," "access to nearly all of plaintiff's medical records, plaintiff's answers to interrogatories, and plaintiff's complete Social Security Administration file," and access to the deposition testimony of plaintiff's treating physicians); *Twigg v. Pilgrim's Pride Corp.*, No. 3:05CV40, 2006 WL 2100322, at *2 (N.D.W. Va. July 26, 2006) (finding no good cause to justify a Rule 35 exam where defendant already had information regarding plaintiff's education, work experiences, and efforts to find work and could obtain further information in her deposition).

Indeed, Dr. Shahnasarian has provided vocational rehabilitation reports for each Plaintiff—some exceeding 50 pages—that analyzes the very information Defendants argue they need in a vocational examination. *See, e.g.*, Vocational Rehabilitation Analysis of [Plaintiff] Baker, ECF No. 1521-8; Vocational Rehabilitation Analysis of [Plaintiff] Estes, ECF No. 1521-9; Vocational Rehabilitation Analysis of [Plaintiff] Keefer, ECF No. 1521-10; Vocational Rehabilitation Analysis of [Plaintiff] McCombs, ECF No. 1521-11. Thus, it appears to the Court that Plaintiffs' employability can be determined from the existing factual record, without the type of vocational examination Defendants seek. *See Berry v. Mi-Das Line S.A.*, No. CV408-159, 2009 WL 3213506, at *3 (S.D. Ga. Oct. 5, 2009) (citing 23 Am. Jur. 2d Depositions and Discovery § 175) (explaining there is good cause for an examination when "a person's physical or mental state cannot be evidenced without the assistance of expert medical testimony based on an examination"); *Winstead*, 315 F.R.D. at 616 (refusing to allow Rule 35 psychological examination when defendant could obtain information for the expert to opine on plaintiff's emotional injury through other discovery tools); *Waite v. Sears, Roebuck & Co.*, No. CV 04-4369 (JMR/SRN), 2005 WL 8164762, at *2 (D. Minn. Aug. 9, 2005) ("Good cause does not exist when other and adequate evidence is available for a vocational expert's review." (citation omitted)).

Defendants have not otherwise explained how the information they have already obtained on the exact same topics for examination is insufficient. *See Jackson*, 2008 WL 2078777, at *1 (declining to find good cause for Rule 35 mental examination "without additional information showing how Plaintiff's medical records and deposition testimony are insufficient"). Nor have Defendants explained how the "*potential*" administration of "various" undisclosed standardized tests during the requested vocational examination would provide information Defendants have not already obtained elsewhere—particular when there is the "potential" that such tests would not be necessary at all.

Moreover, the vocational examinations Defendants seek would include an inquiry into Plaintiffs' "mental health concerns"—information that this Court has repeatedly decided is irrelevant and disproportionate to a plaintiff's loss of earning capacity claim. *See* Order, ECF No. 1258 at 10-11 (holding mental health records were not relevant and proportional to plaintiff's "garden variety" emotional damages or lost earning capacity claims); *see also* Order, ECF No. 1065 at 7 ("Plaintiffs' request for damages to compensate mental anguish, distress, and loss of enjoyment of life are "garden variety" claims that do not place in controversy Plaintiffs' mental health records."); Order, ECF No. 1108 at 15 (same). Nevertheless, the Court allowed limited discovery of mental health information from Veterans Benefits Association (VBA) disability records to "allow Defendants to make a reasoned

Case No. 3:19md2885/MCR/GRJ

inquiry into [the plaintiff's] disability ratings," including the VBA disability rating for an underlying mental health diagnosis, the diagnosis, and the general description of that diagnosis. *See* Order, ECF No. 1258 at 12. Again, Defendants have not explained how this information is insufficient for their expert's vocational analysis.[3]

Finally, the fact that Plaintiffs have their own vocational expert does not provide the requisite good cause for Dr. Shahnasarian's vocational examinations either, particularly where Plaintiffs' expert's "examination" was far more limited in scope than the vocational examination Defendants seek. Plaintiffs' expert, Dr. Davis, did not conduct any vocational or psychological tests on Plaintiffs, or otherwise inquire into Plaintiffs' mental health for her report. Rather, her vocational assessment is mostly based on objective information that Plaintiffs obtained in discovery and consultations with other physicians and clinicians. *See* Davis Rep. in *Baker*, ECF No. 1517-2 at 6. Her vocational "examination" did not vary; it consisted of an "in-depth interview . . . to obtain *relevant background information* with regard to age, present employment status, past employment, earnings, experience, and

---

[3] Additionally, alleging damages for "emotional distress" and other "garden variety" claims of mental anguish, as opposed to severe emotional distress, intentional or negligent infliction of emotional distress, or a specific or psychiatric injury or disorder, "does not in and of itself place an individual's mental condition in controversy for the purposes of Rule 35," and consequently, does not establish good cause for a Rule 35 examination. *See Rellas v. Lee Cty. Port Auth.*, No. 2:18-CV-220-FTM-38CM, 2018 WL 3361885, at *2 (M.D. Fla. July 10, 2018); *Mayhew v. State Farm Mut. Auto. Ins. Co.*, No. 3:10CV511/MCR/EMT, 2011 WL 1770195, at *2 (N.D. Fla. May 9, 2011).

current work life status." *See id.* (emphasis added). Again, all of this information is readily obtainable—and was already obtained—in discovery. *See supra* at 5. Thus, Dr. Davis' opinions are not based on "direct scrutiny and testing" of Plaintiffs that could unfairly disadvantage Defendants if this Court did not allow Defendants to do the same.[4] *Cf. Berry*, 2009 WL 3213506, at *3 (granting defendants' Rule 35 motion where plaintiff also had a vocational expert that would directly scrutinize and test the plaintiff's employability deficits); *Merce v. Greenwood*, No. 2:04-CV-00610 PGC, 2006 WL 8459326, at *3 (D. Utah Mar. 28, 2006) (finding good cause for a Rule 35 examination by defendant's expert where plaintiff's vocational expert personally interviewed *and tested* plaintiff's "functional ability and earning potential"). Allowing Defendants to conduct a vocational examination exceeding the scope of Dr. Davis's assessment would not "level the playing field" in the spirit of Rule 35, as Defendants so contend, *see* Defs.' Mot. to Compel, ECF No. 1517 at 7.

For the foregoing reasons, Defendants have not shown good cause for a court order compelling Plaintiffs to undergo the two-part vocational examination by Dr. Shahnasarian as described in Defendants' motion. Accordingly, Defendants'

---

[4] Dr. Shahnasarian himself opines that the methods employed by Dr. Davis in reaching her opinion "require neither a vocational examination nor the expertise [of] a competent vocational rehabilitation expert." *See* Vocational Rehabilitation Analysis of Lloyd Baker, ECF No. 1521-8 at 35-36.

Case No. 3:19md2885/MCR/GRJ

Motion to Compel the Rule 35 Examination of Bellwether Trial Group A Plaintiffs Lloyd Baker, Luke Estes, Lewis Keefer, and Dustin McCombs by Dr. Michael Shahnasarian is **DENIED**.

  **SO ORDERED**, on this 20th day of November, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**