# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

This Document Relates to All Cases

Case No. 3:19-md-02885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

## PRETRIAL ORDER NO. 60
### Expert Deposition Protocol

This Order governs the depositions of expert witnesses in the Trial Group A cases. The parties negotiated and agreed on most provisions herein except with respect to paragraphs 7 and 8, more specifically: (1) the timing of document productions prior to an expert deposition; (2) the number of questioners and sequence of questioning on general and case-specific opinions; (3) any limits to questioning a Group A expert in future cases; and (4) whether there should be time limits for two expert depositions of individuals who serve as both a fact and expert witness. The Court has considered letter briefs from the parties regarding the disputed issues and adopts the following protocol for the depositions of expert witnesses.

1. <u>Schedule</u>. The Parties have met and conferred and have agreed upon a schedule (the "Schedule"), attached hereto as Appendix A, setting forth the date(s) and city location for the deposition of each expert witness disclosed to date in the

Trial Group A cases.  If any Party requests a change to a date or city location in the Schedule, such Party must promptly inform the opposing Parties and Judge Herndon via e-mail and explain why the change is necessary.  The Parties are reminded that expert deposition discovery in MDL Proceedings can be extraordinarily complex and demanding. The process of scheduling and taking depositions, when such large numbers of experts and attorneys are involved, requires a large degree of cooperation, coordination, and effort.  Counsel are expected to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

2.  <u>Deposition Length</u>.

a.  If an expert has submitted more than two Rule 26 reports, whether one "general report" and two or more case-specific reports, or multiple case-specific reports, the examining Party may examine the expert for no more than two days, with each day consisting of no more than 7 hours on the record.

b.  If an expert has submitted one or two Rule 26 reports, including an expert who submits one "general report" and only one case-specific report, the examining Party may examine the expert for no more than one day, with such day consisting of no more than 7 hours on the record.

c.  Notwithstanding the foregoing sub-paragraphs (a) and (b), if the defending Party's counsel asks questions of the expert, such questioning must occur after the examining Party has completed questioning.  In the event such questioning

by the defending Party's counsel occurs, the examining Party's counsel may ask additional questions that are strictly limited to the scope of the information covered in the defending Party's questions.

d.  The time limitations set forth above in subparagraphs (a) through (b) may be modified by the Parties by mutual agreement without the need for a further Order by this Court.

e.  The videographer or, if there is no videographer, the court reporter, will be the official timekeeper for assessing lengths of time elapsed for purposes of this paragraph.

3.    <u>In-Person Deposition Location</u>.

a.  For in-person depositions, the defending Party will be responsible for arranging for a deposition venue in the agreed-upon city location. The defending Party will bear the costs associated with the use of deposition space at the selected venue.  The venue must be disclosed to the examining Party no later than ten calendar days before the deposition.  The venue must include a main deposition room and a breakout room for the examining Party's counsel.  In light of the ongoing COVID-19 pandemic, the Parties should abide by social/physical distancing and other practices to protect the health and safety of all those in attendance.  These practices include conducting a deposition in a space large enough

to allow for social distancing of at least six feet between each person and may include limiting the number of persons attending the proceeding.

b.  If the deposition venue selected by the defending Party is a law firm, the defending Party will allow for boxes of hard-copy materials to be shipped to the law firm by the examining Party.  The defending Party must not open such boxes but will make them available to the examining Party's counsel in the deposition room no later than one hour before the scheduled start of the deposition.

4.    <u>Changes Due to COVID-19 Pandemic</u>.

a.  The provisions of this section apply to depositions that are designated on the Schedule to occur in-person.

b.  If the witness to be deposed indicates that he or she is not comfortable with an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—the defending Party's counsel must notify Judge Herndon and the examining Party's counsel no later than 96 hours before the scheduled start of the deposition.  If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

c.  If a counsel who will be examining the expert witness indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or

other orders restricting in-person gatherings or travel—such counsel must notify Judge Herndon and the defending Party's counsel promptly upon deciding that he or she wants the deposition to be remote.  If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

d. If the counsel who will be defending the expert witnesses indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—such counsel must notify Judge Herndon and the examining Party's counsel promptly upon deciding that he or she wants the deposition to be remote.  If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

e.  Any cancellation or other fees for renting a deposition venue that are incurred as a result of notifications provided under this section must be borne by the defending Party.

f.  Nothing in this section prevents the Parties from reaching alternative agreements with respect to an expert deposition, including proceeding with a deposition where one party attends in-person and the other party attends remotely.  This, however, may only be done by mutual agreement, except that, if the examining Party's counsel decides that he or she would not be comfortable attending

a deposition in-person as set forth in paragraph 4(c) above, that does not preclude the defending Party's counsel from nevertheless attending the deposition in-person. Notwithstanding the foregoing, all depositions designated as remote in the Schedule must be conducted in accordance with paragraph 5 and, as such, for those depositions there will be no attendees from either Party present in-person with the witness, except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

5. <u>Remote Depositions</u>. The Parties will conduct any remote expert depositions in accordance with Pretrial Order No. 35 and with no attendees from either Party present in-person, except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

6. <u>Start Time</u>. Unless otherwise agreed by the Parties or ordered by this Court, (a) in-person depositions will commence at 9:00 a.m. in the time zone in which the deposition is occurring; and (b) remote depositions will commence at a time agreed-to by the Parties but no earlier than 7:30 a.m. Pacific Time if the witness, any counsel who will be asking questions at the deposition, or the counsel who will be defending the deposition are located in the Pacific time zone.

7. <u>Materials to Be Produced</u>. If there are materials to be produced in response to a Notice of Deposition or other request, they must be produced no later than the start of the deposition. Nothing herein abridges the obligations of any Party to make or have made required disclosures under Federal Rule of Civil Procedure 26. Nor does anything herein abridge the rights of any Party to make objections to document requests that may be made, including in Notices of Deposition.

8. <u>Questioning Counsel and Defending Counsel</u>.

a. In no event will the timing limitations set forth in this Order be expanded on account of the number of questioning counsel.

b. No more than one counsel for the defending Party may interpose objections or otherwise speak on the record while the witness is present, but multiple counsel may speak on the record outside the presence of the witness and may also speak on the record in communications with the Court or the Special Master whether the witness is present or not.

c. If re-cross examination occurs in response to questioning by the defending Party's counsel, only the lawyers who have previously questioned the witness during the deposition may ask re-cross questions in accordance with paragraph 2(c) of this Order.

d. If more than one counsel for the examining Party asks questions during the deposition, the questioning will proceed such that the first counsel will

ask all of his or her questions and then pass the witness, after which the second counsel will then ask all of his or her questions.

e. Unless an expert indicates his or her opinions have changed, Parties must use their best efforts in the Group B, C, and D cases to not repeat questions asked of experts during depositions taken in connection with Group A cases. Nothing herein will abridge any Party's rights to inquire into (a) whether an expert's opinions have changed; (b) new, additional, or changed opinions; (c) new, additional, or changed materials considered; (d) relevant discovery obtained after the disclosure of the initial expert reports; or (e) facts or circumstances relevant to a particular Plaintiff in a non-Group A case.

9.   Consultation with Witness.  The expert being examined may consult with the defending Party's counsel during a deposition and, pursuant to the Parties' agreement, the examining Party's counsel must not ask questions about the subject matter of any such consultation. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness may consult at any time for the purpose of determining whether the disclosure of information would violate an order of the Court or the protection afforded under Federal Rule of Civil Procedure 26(b)(4)(C). Nothing in this paragraph expands the timing limitations in paragraph 2 of this Order.

10.  <u>Costs</u>. The Parties have agreed that any fees or expenses resulting from an expert witness participating in a deposition pursuant to this Order will be borne by the defending Party and not by the examining Party.

11.  <u>Other Provisions</u>.  Paragraphs 28-36 and 38-43 of Pretrial Order No. 52 are incorporated herein.

**SO ORDERED**, this 1st day of December, 2020.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**