**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

This Document Relates to All Cases
_____/

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

## ORDER

This matter comes before the Court upon a discovery dispute between the parties. The Bellwether Plaintiffs in Trial Groups C and D request the Court's clarification on the appropriate timing of the defense medical examinations ("DMEs") concerning the Bellwether Plaintiffs' alleged hearing loss or tinnitus, specifically whether the examinations must occur prior to the fact discovery deadline. At the Court's request, the parties contemporaneously submitted letter briefs on this discrete issue. For the reasons discussed below, the Bellwether Plaintiffs' motion for clarification is due to be **GRANTED** to the extent the Court concludes the DMEs must take place before the close of the fact discovery period and no later than two weeks prior to the Bellwether Plaintiffs' expert disclosure deadlines.

## I.  BACKGROUND

The Bellwether Plaintiffs in the four trial groups have agreed to submit to DMEs concerning their alleged hearing loss or tinnitus in lieu of court-ordered physical examinations contemplated by Federal Rule of Civil Procedure 35.  *See, e.g.*, ECF No. 1477 (Pretrial Order No. 56).[1]  Pretrial Order No. 56 sets forth the protocol for the DMEs, including Defendants' selection from 15 appropriate tests for each examination and a deadline to produce the test results to the Bellwether Plaintiffs (within one week of the examination).  *Id.*  The order, however, is silent on the timing of the DMEs beyond Trial Group A.  The DMEs for the Trial Group A Bellwether Plaintiffs occurred after the fact discovery deadline and during the expert discovery period.  The Trial Group B Bellwether Plaintiffs will follow that same timeline.

At the Eighteenth Case Management Conference on November 20, 2020, however, the Bellwether Plaintiffs requested that the DMEs for the Bellwether Plaintiffs in Trial Groups C and D take place before the fact discovery deadline so that the Bellwether Plaintiffs' experts may utilize the corresponding results in preparing their respective opinions and reports for

---

[1] Pretrial Order No. 56 states that it applies only to Trial Group A, but the Court assumes the parties will utilize this agreed-upon protocol during the DMEs for the Bellwether Plaintiffs in Trial Groups B, C, and D.

disclosure to Defendants. ECF No. 1537 at 20–21. Defendants objected, arguing that the DMEs should follow the disclosure of the Bellwether Plaintiffs' expert reports because the reports advise Defendants of the "specific allegations" of the Bellwether Plaintiffs' injuries, which, in turn, can influence what tests Defendants' experts will conduct, what data is collected at the examination, and how the results of the DMEs are interpreted. *Id.* at 18.

The Court directed the parties to meet and confer on this issue and, should the parties fail to reach an agreement, to submit simultaneous briefing for the Court's consideration. ECF No. 1542 at 5. The parties submitted letter briefs on November 30, 2020, providing their respective positions on the appropriate timing of the DMEs for Trial Groups C and D.

## II. DISCUSSION

The parties agree that the DMEs of the Bellwether Plaintiffs are governed by Federal Rule of Civil Procedure 35. *See Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 689 (10th Cir. 2007) ("Notwithstanding Rule 35's requirements, however, physical and mental examinations are usually arranged by stipulation of the attorneys, with the rule standing as compulsory sanction that helps to produce stipulations."). A mental or physical examination under Rule 35 is like any other discovery device.

3

*See, e.g.*, *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964); *Goggins v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-826-J-20JBT, 2011 WL 1660609, at *3 (M.D. Fla. May 3, 2011); *Briesacher v. AMG Res., Inc.*, No. 2:03-cv-331, 2005 WL 2105908, at *1 (N.D. Ind. Aug. 31, 2005). Indeed, federal courts view Rule 35 examinations as "'inextricably intertwined with the adversarial process.'" *Davanzo v. Carnival Cruise Lines*, No. 14-20153-CIV, 2014 WL 1385729, at *2 (S.D. Fla. Apr. 9, 2014) (quoting *Goggins*, 2011 WL 1660609, at *3); *see also Zabkowicz v. West Bend Co.*, 585 F. Supp. 635, 636 (E.D. Wis. 1984) ("The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case.").

The Bellwether Plaintiffs assert in their letter brief that Defendants must conduct their DMEs before the fact discovery deadline for two reasons. First, consistent with the view discussed above, they say a Rule 35 examination is a discovery tool that must be conducted within the fact discovery period. Second, from a practical standpoint, the parties should be proactive in scheduling the DMEs to streamline the discovery process, preparation of expert reports, and preparation for trial.

Defendants argue there is not a bright-line rule for the timing of the Rule 35 examinations and, in doing so, cite several cases in support of the

4

notion that the Court may order a Rule 35 examination "after the close of fact discovery where sensible in light of the circumstances in a particular case." Defendants ask the Court to exercise such discretion here, because, as mentioned above, Defendants "should have the benefit of understanding which tests, if any, Plaintiffs' own experts conducted in their examinations" and the opportunity to review any "new or different theories of injury" in Plaintiffs' experts' reports.

The greater, more persuasive weight of authority establishes that Rule 35 examinations must take place before the fact discovery deadline. *Miksis v. Howard*, 106 F.3d 754, 758–59 (7th Cir. 1997); *Arechiga v. Lim*, No. 5:15-cv-817-OLG, 2017 WL 11060739, at *2 (W.D. Tex. May 17, 2017); *Redding v. Nova. Se. Univ., Inc. Coll. of Osteopathic Med.*, No. 14-60545-CIV, 2015 WL 13567556, at *2 (S.D. Fla. Apr. 14, 2015); *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012); *Briesacher*, 2005 WL 2105908, at *1; see also 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2234 (3d ed.) ("*Except for the discovery cutoff*, there is no time limit on when a motion for a physical or mental examination can be made." (emphasis added)).

This principle makes good sense. If "a Rule 35 examination is no different than any other discovery tool," then it is "evidence that a testifying

5

expert could use in forming an opinion and creating an expert report." *Garayoa v. Miami-Dade Cty.*, No. 16-CIV-20213, 2017 WL 2880094, at *4 (S.D. Fla. July 6, 2017); *see also Diaz*, 279 F.R.D. at 418 ("A Rule 35 examination should be no different than any other discovery tool that a party would use to obtain evidence to be considered by its testifying experts in forming their opinions and creating the related reports."). Authorizing DMEs to take place after the fact discovery deadline presents a risk of further delays due to "the likelihood of additional discovery disputes, expert designations, expert depositions, and disclosures in the parties' expert reports." *Garayoa*, 2017 WL 2880094, at *5.

Defendants fail to persuade the Court that the DMEs of the Bellwether Plaintiffs in Trial Groups C and D should deviate from this norm. Notably, this is not a case where unforeseen claims of injury or damages by the Bellwether Plaintiffs warrant a late physical or mental examination. Defendants have known from "day one that [the Bellwether Plaintiffs'] medical condition"—namely, hearing loss or tinnitus—"was an issue." *Miksis*, 106 F.3d at 758.[2]  Yet, Defendants fail to explain what "new or

---

[2] Defendants' attempt to distinguish the facts of *Miksis* in their letter brief is puzzling. In *Miksis*, the Seventh Circuit affirmed the denial of a motion for a Rule 35 medical examination that was inexplicably made four months after the discovery deadline. 106 F.3d at 758. Defendants say "the opposite is true here," where "both sides are aware of Defendants' requests for medical examinations" well in advance of the fact discovery

6

different theories of injury" would be identified in the reports by the Bellwether Plaintiffs' experts so as to necessitate delaying the DMEs to the expert discovery period. The DMEs are limited to "all or a subset of" 15 tests regardless of the alleged injury and when the examinations occur. ECF No. 1477 at 2.

In the same vein, Defendants' desire to know what tests the Bellwether Plaintiffs' experts conducted in advance of the DMEs is not a compelling reason to delay the DMEs until after the fact discovery deadline. In accordance with Pretrial Order No. 56, Defendants may choose to conduct all 15 tests to ensure their experts have the data necessary to refute the Bellwether Plaintiffs' experts' testing, data, and opinions.

Lastly, any comparison of this case to *Kaplan v. Palm Beach Pops, Inc.*—repeatedly cited by Defendants—fails upon close examination because the Court is not precluding or hindering Defendants' "opportunity to have their expert form his [or her] own opinions and conclusions with respect to" the Bellwether Plaintiffs' hearing conditions or allowing Plaintiffs'

---

deadlines for Trial Groups C and D. To be clear, the issue here is not *whether* the DMEs will occur—like in *Miksis*—but *when*. Defendants, however, fail to distinguish the legal principle underlying the Seventh Circuit's reasoning in *Miksis*, that a Rule 35 examination normally occurs within the fact discovery period.

7

experts to "provide unrebutted expert testimony and opinions[.]"  No. 10-80227-CIV, 2011 WL 13225152, at *3 (S.D. Fla. May 17, 2011).

In sum, the Court concludes the DMEs for the Bellwether Plaintiffs in Trial Groups C and D must occur prior to the fact discovery deadline. Because any test results from the DMEs must be produced to the Bellwether Plaintiffs "no later than seven days following the examination," ECF No. 1477 at 2, the DMEs must occur no later than two weeks prior to the Bellwether Plaintiffs' expert disclosure deadlines.  This will provide the Bellwether Plaintiffs' experts sufficient time and the opportunity to review the results in formulating their own opinions and reports.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Bellwether Plaintiffs' motion for clarification is **GRANTED**.  Defendants' medical examinations of the Bellwether Plaintiffs in Trial Groups C and D must take place before the close of the fact discovery period and no later than two weeks prior to the Bellwether Plaintiffs' expert disclosure deadlines.

**DONE AND ORDERED** this 4th day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge