UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

## EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITIONS OF ELLIOTT BERGER AND DR. ERIC FALLON

Defendants respectfully move that the Court enter a protective order against any further deposition of hybrid witnesses Elliot Berger and Dr. Eric Fallon. Plaintiffs have no need to depose Mr. Berger or Dr. Fallon in their expert capacities because Plaintiffs have already explored all of the opinions the witnesses will provide through a total of seven days of depositions. If the Court does permit an additional deposition of either witness, Defendants ask that the deposition not exceed 3.5 hours.

Defendants also respectfully request that the Court render a decision on this motion before December 18, when Elliott Berger is currently scheduled to be deposed.

### BACKGROUND

Pursuant to Rule 26(a)(2)(C), Defendants have disclosed two fact witnesses, Elliott Berger and Dr. Eric Fallon, as hybrid witnesses who may also provide expert

opinion testimony at trial. *See* Ex. 1; Ex. 2. Mr. Berger and Dr. Fallon's opinions are based, as the expert testimony of hybrid witnesses must be, on the "direct and personal knowledge" that they acquired about the CAEv2 and the military's use of hearing protection "in the ordinary course of [their] job function[s]." *See Hartford Steam Boiler Inspection & Ins. Co. v. Menada, Inc.*, 2018 WL 3911212, at *6 (S.D. Fla. April 4, 2018).

Defendants disclosed Mr. Berger and Dr. Fallon as hybrid witnesses out of an abundance of caution, in case Plaintiffs argue that any of the testimony Mr. Berger and Dr. Fallon have already provided as fact witnesses is subject to Rule 702. None of the opinions contained in either disclosure are new to Plaintiffs. Plaintiffs have investigated Mr. Berger and Dr. Fallon's personal knowledge at great length, for a total of seven days of depositions, and have already explored all of the opinions contained in their disclosures. Plaintiffs have no need to depose Mr. Berger and Dr. Fallon again, on the same topics they have already covered, just because Defendants have taken the precautionary step of filing a hybrid witness disclosure under Rule 26(a)(2)(C).

When Plaintiffs first asked to depose Mr. Berger and Dr. Fallon in their capacities, Defendants were willing to compromise by making the witnesses available for a 3.5-hour deposition. Plaintiffs did not accept that compromise, and the parties submitted the issue to the Court in their letter briefs regarding the expert

deposition protocol. On December 1, 2020, the Court determined that a motion for a protective order was the proper vehicle for seeking to limit or bar the depositions of Mr. Berger and Dr. Fallon.

In compliance with Local Rule 7.1(B), Defendants sought a conference with Plaintiffs' counsel on December 3. The parties held a conference the next day, and Plaintiffs' counsel made a final representation that they could not agree to any limitations on the depositions of Mr. Berger and Dr. Fallon on December 7, 2020. Now, two days later, Defendants are filing this motion. With only nine days left until the deposition of Mr. Berger, Defendants must designate this an emergency motion and request resolution before December 18, 2020.

## ARGUMENT

District courts have recognized that hybrid witnesses need not be deposed unless the witnesses' disclosures contain "new information" not available at the time of the witnesses' fact depositions. *Little Hocking Water Ass'n v. E.I. DuPont de Nemours & Co.*, 2015 WL 1105840, at *9 (S.D. Ohio March 11, 2015). In *Little Hocking*, the defendant disclosed three employees as hybrid witnesses, all of whom had already been deposed by the plaintiff. *See id.* at *2 n.1. The court ordered the defendant to provide supplemental Rule 26(a)(2)(C) disclosures, and then required the plaintiff to notify the Court "whether and why it believes that based on the supplemental disclosures, it was notified of new information that requires further

3

deposition testimony of the three employee experts, without which Plaintiff would be prejudiced." *Id*. Another court denied a party's request for a deposition of a hybrid witness because the witness had already provided "extensive testimony" on the disclosed topics during his fact deposition. *Luminara Worldwide LLC v. Liown Elecs. Co.*, 2016 WL 6920516, at *3 (D. Minn. Feb. 25, 2006).

As detailed below, both Dr. Fallon and Mr. Berger have already provided extensive testimony on the topics contained in their disclosures. The disclosures do not contain "new information" not available during the fact depositions (the last of which, for both witnesses, took place just three months ago). Plaintiffs thus will not be prejudiced if they cannot depose Mr. Berger and Dr. Fallon for a sixth and third day, respectively. At the very least, any deposition should be limited to 3.5 hours.

## A.  **Elliott Berger**

Mr. Berger is an acoustical engineer who ran Aearo's research laboratory for several decades, and was one of the principal figures in the development of the CAEv2. Mr. Berger has already been deposed for *five days* in this matter. This includes three days of Rule 30(b)(6) depositions, in which Mr. Berger was designated to testify on the very topics covered in his disclosure: the design of the CAEv2, the testing of the CAEv2, and the fitting instructions for the CAEv2. *See* Ex. 3 (11/13/19 Berger Dep. Tr.) at 55:2-69:25 (discussing topics of first 30(b)(6) deposition); Ex. 4 (12/12/19 Berger Dep. Tr.) at 428:8-12 (continuing first 30(b)(6)

4

deposition); Ex. 5 (9/25/2020 Berger Dep. Tr.) at 14:20-18:2 (discussing topics of second 30(b)(6) deposition).

Mr. Berger's hybrid witness disclosure contains facts and opinions that he has already discussed on many occasions in prior depositions. Mr. Berger discussed the first topic in his disclosure—the story of the development of the CAEv2, and Aearo's collaboration with the U.S. military and the Institute at St. Louis—at great length in his fact deposition on December 12, 2019. *See* Ex. 6 (12/12/19 Berger Direct Exam Tr.). The second topic of Mr. Berger's disclosure—Aearo's REAT testing of the CAEv2 and the writing of the "Flange Memo"—was the focus of his first 30(b)(6) deposition. *See, e.g.*, Ex. 3 (11/13/19 Berger Dep. Tr.) at 195:22-337:18. Mr. Berger also explained during his 30(b)(6) deposition why the "fitting tip" that Aearo included on consumer packaging and transmitted to the military, which advised users that fitting could be "improved" by folding back the opposing flanges prior to insertion, was appropriate and consistent with the findings from Aearo's REAT testing. *See, e.g.*, Ex. 4 (12/12/19 Berger Dep. Tr.) at 476:22-495:25.

The last topic of Mr. Berger's disclosure—potential alternative designs for the CAEv2—is the very 30(b)(6) topic on which he was deposed less than three months ago. *See* Ex. 5 (9/25/2020 Berger Dep. Tr.) at 17:1-7 (Plaintiffs' Counsel: "The other topics we are going to talk, the potential for safer alternative designs, including potential safety effects of different aspects of the plugs, including the length and

thickness, flanges and the materials used."). Plaintiffs certainly have not acquired any "new information" since that deposition took place. *Little Hocking*, 2015 WL 1105840, at *9. Moreover, Mr. Berger already provided his opinions about potential alternative designs in the deposition. He explained that the tight tolerance needed for the CAEv2's nonlinear filter made it impossible to construct a more flexible stem assembly, as Plaintiffs would have preferred. *See* Ex. 5 (9/25/2020 Berger Dep. Tr.) at 215:4-13. He explained that, when Aearo did narrow the nonlinear filter and stem for subsequent versions of the Combat Arms earplugs, the change had no effect on the fit of the earplug. *See id.* at 166:1-6. And Plaintiffs themselves repeatedly brought up the French military's decision to purchase separate nonlinear and conventional earplugs, instead of an earplug that could switch between the two modes of attenuation. *See, e.g.*, *id.* at 104:5-105:10.

Plaintiffs have had many opportunities to depose Mr. Berger about all aspects of the CAEv2's design, testing, and labeling. There is no new information for Plaintiffs to explore in an additional deposition, and Mr. Berger's disclosure contains no opinion that could take Plaintiffs by surprise. The Court should thus grant Defendants' motion for a protective order, or at the very least, limit any further deposition of Mr. Berger to 3.5 hours.

### B. Dr. Eric Fallon

Dr. Fallon is an audiologist who served in the United States Army for 24 years in a variety of hearing conservation roles, including as Program Manager for the Army Hearing Program and as the Director of Audiology and Speech at the Walter Reed National Military Medical Center.

The facts and opinions contained in Dr. Fallon's disclosure relate to his experience with the CAEv2 in the military, and to his more general experience with the Army's hearing conservation program. As evidenced by the citations in Dr. Fallon's disclosure, the facts and opinions in his disclosure were discussed at length in his deposition on September 3 and 4, 2020. *See* Ex. 2.

In his prior two-day deposition, Dr. Fallon discussed the regulations that governed the Army's hearing conservation program and its implementation thereof, including by providing testimony regarding the Army's requirements that medically trained personnel fit and examine service members at least annual to ensure proper fit and condition of preformed earplugs such as the CAEv2. *See, e.g.*, Ex. 7 (9/4/2020 Fallon Dep. Tr.) at 755-761; 768: 13-25; 769: 1-14; 770-777.

Dr. Fallon similarly has provided testimony that he and military audiologists were aware they could fold back the opposing flanges of the CAEv2 as needed to achieve a good fit, *id.* at 780-81. He further testified about the various training materials and tools used by the Army that included guidance to roll back the flanges

of the CAEv2 under certain circumstances, *see e.g.*, Ex. 8 (9/3/2020 Fallon Dep. Tr.) at 65-67, and that in his experience the military "tend[s] to test [their] own products and make their own determinations about how a product performs and how to use the product." Ex. 7 (9/4/2020 Fallon Dep. Tr.) at 872:13-18.

Additionally, Dr. Fallon has testified on the topic of non-use of hearing protection throughout the military. Indeed when asked whether noise-induced hearing loss is preventable, Dr. Fallon testified, in part, "[t]he *one area that I would say the military has struggled with* this is that if your hearing protecting solution reduces a soldier's hearing to the point where they feel like it's affecting their auditory situational awareness, *it has been my experience that soldiers will almost always choose the risk of long-term hearing loss over their immediate needs*." Ex. 8 (9/3/2020 Fallon Dep. Tr.) 326: 9-17 (emphasis added). Furthermore, Plaintiffs expended a significant amount of time deposing Dr. Fallon about an Army Hearing Center of Excellence video that Dr. Fallon characterized in his deposition as, a "motivational video to try to encourage people to protect their hearing." Ex. 7 (9/4/2020 Fallon Dep. Tr.) at 455:20-25. Accordingly, Plaintiffs have had ample opportunity to question Dr. Fallon about the non-use of hearing protection devices in the military.

Dr. Fallon provided two days of deposition testimony and a signed declaration (attached as Ex. 9) in this litigation as it relates to the topics above. Plaintiffs have

8

had significant opportunity to, and have in fact have, questioned Dr. Fallon as to these topics, and further deposition testimony is not required and/or should at the very least be limited to 3.5 hours.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant a protective order preventing additional depositions of Mr. Berger and Dr. Fallon, or in the alternative, limit any such deposition to 3.5 hours.

Dated:  December 9, 2020                                      Respectfully submitted,

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, California 90071
Telephone:  (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,881 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  December 9, 2020

Respectfully submitted,

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they held a conference to discuss the relief sought in this motion with Plaintiffs' counsel Jennifer Hoekstra and Max Kelly on Friday, December 4, 2020. Plaintiffs' counsel represented that they would not accept limitations on the depositions of Mr. Berger and Dr. Fallon on December 7, 2020.

Dated: December 9, 2020                                  Respectfully submitted,

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2020, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED:  December 9, 2020

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*