# Exhibit E



US Bank Tower
633 West 5th Street
Suite 4900
Los Angeles, CA  90071-2032
+1  213  808  5700  Main
+1  213  808  5760  Fax
www.dechert.com

**JAY BHIMANI**

jay.bhimani@dechert.com
+1 213 808 5712  Direct
+1 213 808 5760  Fax

November 30, 2020

**<u>VIA EMAIL</u>**

| | |
|---|---|
| Hon. M. Casey Rodgers | Hon. Gary R. Jones |
| United States District Judge | United States Magistrate Judge |
| United States Courthouse | United States Courthouse |
| One North Palafox Street | 401 SE First Avenue |
| Pensacola, Florida 32502 | Gainesville, Florida 32601 |

Re:     Defendants' Letter Brief as to Remaining Disputes on Expert Deposition Protocol in
*In re 3M Combat Arms Earplug Product Liability Litigation,* No. 3:19-md-02885

Dear Judge Rodgers and Judge Jones:

For many weeks, the parties have worked on a Deposition Protocol for Trial Group A expert depositions. While the parties have agreed in a number of areas, there are four disputes that remain unresolved. Attached as **Exhibit 1** is the latest draft Protocol. It sets forth agreed-upon language and, in table format, the parties' dueling proposals as to the remaining areas.

**<u>Disputed Issue No. 1</u>: Timing of Document Productions**

The parties' first dispute concerns the timing of any document productions that may be made in response to a Notice of Deposition or other request. (Ex. 1 at ¶ 7.) Defendants propose that any such productions occur 48 hours in advance. Plaintiffs propose no advance notice. (*Id.*) Defendants' proposal is reasonable and should be adopted for at least three reasons.

<u>First</u>, the Group A expert disclosure deadlines have passed and those disclosures were required to contain the "facts or data considered" by each expert. Fed. R. Civ. P. 26(a)(2)(B)(ii); (ECF No. 1404). To the extent any additional materials are requested and produced, the volume of such materials is likely to be limited such that production in advance will entail no undue burden.

<u>Second</u>, production in advance will be efficient. The parties are set to depose nearly 40 experts—many for two days—over an approximately 30-day period. The parties agree that this will be "extraordinarily complex and demanding" and "require[] a large degree of cooperation, coordination, and effort." (Ex. 1 at ¶ 1.) Review in advance of any further documents will expedite questioning. It will also ensure that disputes can be addressed in advance, including with the Special Master, to avoid delays during the depositions that could impact the schedule.



<u>Third</u>, Plaintiffs have argued against Defendants' proposal because—in prior 30(b)(6) depositions—the sets of materials brought by Defendants' designees to the depositions were not identified in advance. This misses the mark. Unlike the expert materials that may be at issue here, a majority of the documents for the 30(b)(6) depositions had been produced to Plaintiffs in discovery. To the extent the materials consisted of notes or other materials generated by or for the 30(b)(6) designees to help them address the 30(b)(6) topics, such materials were subject to modification and review until the deposition as the designees' investigations progressed. That is unlike the expert materials here, which are likely to have already been generated.

**<u>Disputed Issue No. 2</u>: Questioning Sequence**

The parties' second dispute concerns the sequence and nature of questioning. (*Id.* at ¶ 8(d).)

Plaintiffs propose the following structure for examinations:

- Multiple questioners depending on the number of general and case-specific reports.

- "[Q]uestioning regarding the General Report shall proceed first and when completed, counsel may pass the witness to different counsel to examine regarding case specific report(s)." (*Id.* at 7.)

- Questioning counsel must "declare that questioning regarding the General Report is complete and there shall be no additional questioning at any time . . . regarding the General Report" except in re-cross examination. (*Id.*)

- Questioning then turns to each "Case Specific Report," with the questioning counsel declaring when "questioning regarding each specific report concerning each plaintiff is complete" with no further questioning as to such plaintiff except in re-cross. (*Id.*)

Defendants propose the following structure for examinations:

- No more than one or two questioners for one or two-day depositions, respectively. (*Id.*)

- If a portion of the deposition relates to one and only one Plaintiff, "the examining Party's counsel shall delineate that portion of the deposition expressly on the record." (*Id.*)

- Subject to the agreed-upon time limitations for questioning, the questioning counsel can use their time as they see fit as between "general" and "case-specific" opinions.



Judge Rodgers and Judge Jones
November 30, 2020
Page 3

Plaintiffs' proposed approach does not find support in the Federal Rules of Civil Procedure and would be either unworkable or inefficient in practice.

The Federal Rules of Civil Procedure do not provide for a division between "general" and "case-specific" questioning at an expert deposition. The limitation is on the length of the deposition. Fed. R. Civ. P. 30(d)(1). Here, the parties have agreed to a limitation on length—one day of seven hours for experts with one or two reports, and two days for experts with more than two reports (even where an expert is disclosed across more than two cases and, thus, the questioning counsel would be entitled to more time under the rules). (Ex. 1 at ¶ 2.) Accordingly, both parties have limited time to conduct their examinations and will be motivated to use that time wisely. As the rules anticipate, they should be permitted to structure the examination as they see fit.

In addition, Plaintiffs' proposal assumes a report structure that does not always exist. Not all of Defendants' experts have issued a "General Report" separate from a "Case Specific Report" (terms that are themselves undefined in Plaintiffs' proposal). Defendants' industrial hygiene expert Richard Neitzel is a good example. Mr. Neitzel has issued four separate reports: (a) one each in the *Estes*, *Hacker*, and *McCombs* actions; and (b) one covering both the *Baker* and *Keefer* actions. Mr. Neitzel's reports in the *Estes*, *Hacker*, and *McCombs* actions contain opinions that are both "general" and "case-specific" without a demarcation between the two. In *Hacker*, for example, Mr. Neitzel gives detailed opinions regarding deficiencies in the Army's Hearing Conservation Program. Mr. Neitzel supports these opinions with facts and testimony from Mr. Hacker's case that are relevant for Mr. Hacker. It would be inefficient, if not impossible, to question Mr. Neitzel about his opinions in *Hacker* regarding the Army Hearing Conservation Program without touching on both "general" and "case-specific" issues. (Defendants' other industrial hygiene expert Jennifer Sahmel follows a similar construct.)

Even where an expert has produced a "General Report" separate from a "Case Specific Report," the stark division in questioning that Plaintiffs propose will not be workable in practice. An example again makes the point. A number of Plaintiffs' proffered experts address the topics of "cochlear synaptopathy" or "noise induced hidden hearing loss" (a type of hearing loss that Plaintiffs' experts claim might not be reflected in certain audiometric records). While these topics appear in a number of Plaintiffs' experts' "General Reports," the issues also affect a number of individual Plaintiffs in particular. In exploring these issues as relevant to a specific Plaintiff, it stands to reason that a Plaintiffs' expert may mention information that relates to his or her more "general" opinions as well. Would Defendants be precluded from following-up on such answers? If so, Plaintiffs' proposed construct would seriously impede Defendants' substantive rights to question Plaintiffs' experts. At a minimum, such a construct will invite disputes between counsel as to what constitutes questioning about a "General Report" as opposed to a "Case Specific Report." The parties' focus during expert depositions should be on discovering information



pertinent to the experts' opinions within the applicable time limitations, not on perceiving and enforcing arbitrary and illusory lines between "general" and "case-specific" opinions.

Finally, Defendants' proposal to limit the number of questioners to one (for experts with one or two reports) or two (for other experts) is reasonable. If no such limitation on the number of questioners is imposed, it will unnecessarily encourage cumulative questioning.

### Disputed Issue No. 3: Precluding Questioning in Future Trial Groups

The parties' third dispute relates to expert depositions in Trial Groups B, C, and D.

Plaintiffs propose that, once an expert is deposed on his or her "General Report" in Group A, "there shall be no additional questioning at any time, including with respect to future Bellwether Groups, regarding the General Report. . . ." (*Id.* at 8.) Plaintiffs further propose that, "[i]n Groups other than Group A, depositions of an expert deposed in Group A and only serving case specific expert report(s) in other Groups shall be limited to 2.5 hours per case specific report." (*Id.* at 8-9.)

Defendants propose that the parties "use their best efforts in Group B, C, and D cases to not repeat questions asked of experts during depositions taken in connection with Group A cases," while clarifying that the parties may still inquire into "(a) whether an expert's opinions have changed; (b) new, additional, or changed opinions; (c) new, additional, or changed materials considered; (d) relevant discovery obtained after the disclosure of the initial expert reports; or (e) facts or circumstances relevant to a particular Plaintiff in a non-Group A case." (*Id.*)

The Court should not preclude—*ex ante*—all questioning in depositions in future cases on an expert's "General Report." As a threshold matter, Plaintiffs' proposal again assumes a clear demarcation between "General Report" issues and "case specific report" issues. But there is not always such a demarcation. Thus, as described above in relation to the parties' third dispute, Plaintiffs' proposal will lead to needless disputes in future cases about whether a question relates to a "General Report" issue (in which case it would be precluded under Plaintiffs' proposal) or a "case specific" issue (in which case it would be permitted). Here again, the focus in future cases should be on full and fair discovery of an expert's opinions within the applicable time limitations —not on arbitrary lines about what is "general" or not.

Moreover, changing circumstances may warrant additional questioning of an expert on their "General Report" opinions. Ongoing discovery from the government, for example, may justify further questioning. Changes in scientific literature or further research in relevant areas may as well. It is impossible to predict those changes in advance but they are certain to occur over time as these cases continue. And it would unnecessarily expend the parties' and the Court's resources to litigate those issues on an expert-by-expert basis as they arise.



To be sure, no party wants its experts to be asked questions in future cases that have already been addressed. But remedies already exist to address that. Defendants' proposal requires the parties to use their best efforts in future cases to not ask repetitive questions. If one party believes the other is not taking that obligation seriously, the issue can be raised as appropriate with the Special Master or the Court. Moreover, if a party believes that a particular expert's deposition should be limited in a future case, that party may file a motion under Rule 26 with the Court assuming that negotiations, again with the assistance of the Special Master, are not fruitful. Indeed, the active oversight and management that the Court has undertaken in connection with this multi-district litigation weighs against imposing additional restrictions without a more-developed record for individual experts. *Cf. Steuben Foods, Inc. v. Oystar Grp.*, 2015 WL 9275748, at *1 (W.D.N.Y. Dec. 21, 2015) ("Any concerns which may arise can be addressed more meaningfully in a specific context during the regularly scheduled monthly conferences (or at other times as necessary), rather than by imposing across-the-board limitations at the present time.").

**<u>Disputed Issue No. 4</u>: Elliott Berger and Eric Fallon Depositions**

Out of an abundance of caution, Defendants have disclosed Elliott Berger and Eric Fallon as "hybrid" fact and expert witnesses under Federal Rule of Civil Procedure 26(a)(2)(C) because their extensive "direct and personal knowledge" of the facts of this case might be considered expert opinion based on their roles and responsibilities. *Hartford Steam Boiler Inspection & Ins. Co. v. Menada, Inc.*, 2018 WL 3911212, at *6 (S.D. Fla. April 4, 2018). Because Plaintiffs have already deposed Mr. Berger and Mr. Fallon on the topics on which they will testify and have explored their views at great length, Defendants propose that any further deposition of Mr. Berger or Mr. Fallon be limited to 3.5 hours. (Ex. 1 at 9.) Plaintiffs do not propose to limit either deposition beyond the presumptive 7-hour limit. (*Id.*)

Mr. Berger has already sat for *five days* of depositions in this case, including as the corporate representative on design, labeling, and testing issues—the very topics on which he was disclosed as a hybrid witness. Plaintiffs have already deposed Mr. Fallon for two days, and his hybrid-witness disclosure concerns the same topics covered in his fact deposition.

As such, there is no need for Plaintiffs to depose Mr. Berger and Mr. Fallon again. In the spirit of compromise, Defendants have offered a 3.5-hour deposition, which is more than sufficient given that Mr. Berger and Mr. Fallon have already testified at length in their prior depositions.

Respectfully submitted,

*/s/ Jay Bhimani*

Jay Bhimani

# <u>EXHIBIT 1</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02885 |
| | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| This Document Relates to All Cases | |

**[PROPOSED] PRETRIAL ORDER NO. [  ]**
**Expert Deposition Protocol**

This Order governs the deposition of expert witnesses in the Trial Group A cases.

1. <u>Schedule</u>.  The Parties have met and conferred and have agreed upon a schedule (the "Schedule"), attached hereto as Appendix A, setting forth the date(s) and city location for the deposition of each expert witness disclosed to date in the Trial Group A cases. If any Party requests a change to a date or city location in the Schedule, such Party shall promptly inform the opposing Parties and Judge Herndon via e-mail and explain why the change is necessary. The Parties are reminded that expert deposition discovery in MDL Proceedings can be extraordinarily complex and demanding. The process of scheduling and taking depositions, when such large numbers of experts and attorneys are involved, requires a large degree of cooperation, coordination, and effort. Counsel are expected to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

2.   <u>Deposition Length</u>.

a. If an expert has submitted more than two Rule 26 reports, whether one "general report" and two or more case-specific reports, or multiple case-specific reports, the examining Party may examine the expert for no more than two days, with each day consisting of no more than 7 hours on the record.

b.  If an expert has submitted one or two Rule 26 reports, including an expert who submits one "general report" and only one case-specific report, the examining Party may examine the expert for no more than one day, with such day consisting of no more than 7 hours on the record.

c.  Notwithstanding the foregoing sub-paragraphs (a) and (b), if the defending Party's counsel asks questions of the expert, such questioning shall occur after the examining Party has completed questioning. In the event such questioning by the defending Party's counsel occurs, the examining Party's counsel may ask additional questions that are strictly limited to the scope of the information covered in the defending Party's questions.

d.  The time limitations set forth above in subparagraphs (a) through (b) may be modified by the Parties by mutual agreement without the need for a further Order by this Court.

e. The videographer or, if there is no videographer, the court reporter, will be the official timekeeper for assessing lengths of time elapsed for purposes of this paragraph.

3.   <u>In-Person Deposition Location</u>.

a. For in-person depositions, the defending Party shall be responsible for arranging for a deposition venue in the agreed-upon city location. The defending Party shall bear the costs associated with the use of deposition space at the selected venue. The venue shall be disclosed to the examining Party no later than ten calendar days before the deposition. The venue shall include a main deposition room and a breakout room for the examining Party's counsel. In light of the ongoing COVID-19 pandemic, the Parties should abide by social/physical distancing and other practices to protect the health and safety of all those in attendance. These practices include conducting a deposition in a space large enough to allow for social distancing of at least six feet between each person and may include limiting the number of persons attending the proceeding.

b. If the deposition venue selected by the defending Party is a law firm, the defending Party shall allow for boxes of hard-copy materials to be shipped to the law firm by the examining Party. The defending Party shall not open such boxes but shall make them available to the examining Party's counsel in the deposition room no later than one hour before the scheduled start of the deposition.

4.   <u>Changes Due to COVID-19 Pandemic</u>.

a. The provisions of this section apply to depositions that are designated on the Schedule to occur in-person.

b. If the witness to be deposed indicates that he or she is not comfortable with an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—the defending Party's counsel shall notify Judge Herndon and the examining Party's counsel no later than 96 hours before the scheduled start of the deposition. If such a notification is provided, the deposition shall occur remotely in accordance with paragraph 5 of this Order.

c. If a counsel who will be examining the expert witness indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—such counsel shall notify Judge Herndon and the defending Party's counsel promptly upon deciding that he or she wants the deposition to be remote. If such a notification is provided, the deposition shall occur remotely in accordance with paragraph 5 of this Order.

d. If the counsel who will be defending the expert witnesses indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including

governmental or other orders restricting in-person gatherings or travel—such counsel shall notify Judge Herndon and the examining Party's counsel promptly upon deciding that he or she wants the deposition to be remote. If such a notification is provided, the deposition shall occur remotely in accordance with paragraph 5 of this Order.

        e.  Any cancellation or other fees for renting a deposition venue that are incurred as a result of notifications provided under this section shall be borne by the defending Party.

        f.  Nothing in this section shall prevent the Parties from reaching alternative agreements with respect to an expert deposition, including proceeding with a deposition where one party attends in-person and the other party attends remotely. This, however, may only be done by mutual agreement, except that, if the examining Party's counsel decides that he or she would not be comfortable attending a deposition in-person as set forth in paragraph 4(c) above, that does not preclude the defending Party's counsel from nevertheless attending the deposition in-person. Notwithstanding the foregoing, all depositions designated as remote in the Schedule shall be conducted in accordance with paragraph 5 and, as such, for those depositions there shall be no attendees from either Party present in-person with the witness, except that the defending Party may have one non-lawyer personnel in attendance

in-person to assist the witness with logistical, exhibit/document, and convenience matters.

5.    <u>Remote Depositions</u>.   The Parties shall conduct any remote expert depositions in accordance with Pretrial Order No. 35 and with no attendees from either Party present in-person, except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

6.    <u>Start Time</u>.  Unless otherwise agreed by the Parties or ordered by this Court, (a) in-person depositions will commence at 9:00 a.m. in the time zone in which the deposition is occurring; and (b) remote depositions will commence at a time agreed-to by the Parties but no earlier than 7:30 a.m. Pacific Time if the witness, any counsel who will be asking questions at the deposition, or the counsel who will be defending the deposition are located in the Pacific time zone.

7.    <u>Materials to Be Produced</u>.  [See competing proposals below, with bold and underlining to highlight the parties' competing language.]

| **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|
| If there are materials to be produced in response to a Notice of Deposition or other request, they shall be produced no later than **the start of the deposition**. Nothing herein abridges the obligations of any Party to make or have made required disclosures under Federal Rule of Civil Procedure 26. Nor does | If there are materials to be produced in response to a Notice of Deposition or other request, they shall be produced no later than **48 hours before the scheduled start of the deposition**. Nothing herein abridges the obligations of any Party to make or have made required disclosures under Federal Rule |

| | |
|---|---|
| anything herein abridge the rights of any Party to make objections to document requests that may be made, including in Notices of Deposition. | of Civil Procedure 26. Nor does anything herein abridge the rights of any Party to make objections to document requests that may be made, including in Notices of Deposition. |

8.   <u>Questioning Counsel and Defending Counsel</u>.

a.   In no event shall the timing limitations set forth in this Order be expanded on account of the number of questioning counsel.

b.   No more than one counsel for the defending Party may interpose objections or otherwise speak on the record while the witness is present, but multiple counsel may speak on the record outside the presence of the witness and may also speak on the record in communications with the Court or the Special Master whether the witness is present or not.

c.   If re-cross examination occurs in response to questioning by the defending Party's counsel, only the lawyers who have previously questioned the witness during the deposition may ask re-cross questions in accordance with paragraph 2(c) of this Order.

d.   [See competing proposals below]

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| d.   There may be a different examining and defending counsel for each case specific report. If a witness is being offered regarding a General Report and one or more Case Specific | d.   Absent agreement of the Parties, if a deposition is subject to the length limitation in paragraph 2(a) of this Order, no more than two counsel for the examining Party may ask questions |

Reports, then the questioning shall proceed such that the questioning regarding the General Report shall proceed first and when completed, counsel may pass the witness to different counsel to examine regarding case specific report(s). Whether a different counsel examines regarding the case specific report(s) or not, defending counsel may pass defense of the witness to different counsel for defense of case specific report(s) examination(s).

e. Examining counsel must declare that questioning regarding the General Report is complete and there shall be no additional questioning at any time, including with respect to future Bellwether Groups, regarding the General Report, except in response to questions that may be asked by examining counsel as described in paragraph 2.c. above and within-the-scope re-cross by Examining counsel. Examining counsel must declare that questioning regarding each specific report concerning each plaintiff is complete, and there shall be no additional questioning regarding the specific report for that plaintiff at any time, except in response to questions that may be asked by examining counsel as described in paragraph 2.c. above and within the scope re-cross by Examining counsel. In Groups other than Group A, depositions of an expert deposed in Group A and only serving case specific expert report(s) in other

during the deposition. If more than one counsel for the examining Party asks questions during the deposition, the questioning shall proceed such that the first counsel shall ask all of his or her questions and then pass the witness, after which the second counsel shall then ask all of his or her questions. If any portion of the deposition will relate to one and only one Plaintiff, the examining Party's counsel shall delineate that portion of the deposition expressly on the record.

e. Absent agreement of the parties, if a deposition is subject to the length limitation in paragraph 2(b) of this Order, no more than one counsel for the examining Party may ask questions during the deposition. If any portion of the deposition will relate to one and only one Plaintiff, the examining Party's counsel shall delineate that portion of the deposition expressly on the record.

f. Unless an expert indicates his or her opinions have changed, Parties shall use their best efforts in Group B, C, and D cases to not repeat questions asked of experts during depositions taken in connection with Group A cases. Nothing herein shall abridge any Party's rights to inquire into (a) whether an expert's opinions have changed; (b) new, additional, or changed opinions; (c) new, additional, or changed materials considered; (d) relevant discovery obtained after the disclosure

| Groups shall be limited to 2.5 hours per case specific report. | of the initial expert reports; or (e) facts or circumstances relevant to a particular Plaintiff in a non-Group A case.<br><br>g. Notwithstanding anything to the contrary herein, any further deposition of Elliott Berger or Eric Fallon shall be limited to 3.5 hours. |
| --- | --- |

9.    <u>Consultation with Witness</u>.  The expert being examined may consult with the defending Party's counsel during a deposition and, pursuant to the Parties' agreement, the examining Party's counsel shall not ask questions about the subject matter of any such consultation. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness may consult at any time for the purpose of determining whether the disclosure of information would violate an order of the Court or the protection afforded under Federal Rule of Civil Procedure 26(b)(4)(C). Nothing in this paragraph shall expand the timing limitations in paragraph 2 of this Order.

10.    <u>Costs</u>. The Parties have agreed that any fees or expenses resulting from an expert witness participating in a deposition pursuant to this Order will be borne by the defending Party and not by the examining Party.

11.    <u>Other Provisions</u>.  Paragraphs 28-36 and 38-43 of Pretrial Order No. 52 are incorporated herein.

**SO ORDERED**, this [   ]th day of November, 2020.

_____

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

**APPENDIX A**

**PLAINTIFFS' TRIAL GROUP A EXPERT DEPOSITION CALENDAR**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|--------|---------------|-------------------|-------------------------|------------|----------------|
| Armstrong, Steve | P 12/2/20 - 12/3/20 (10/10/20) | Toronto, Ontario proposed by Plaintiffs (10/16/20)<br><br>Remote proposed by Plaintiffs (due to border restrictions) (10/20/20) | Toronto, ON | 12/3/20 confirmed by Defendants (10/27/20) | Remote |
| Arriaga, Moises | P 11/24/20 - 11/25/20 (10/10/20)<br><br>D need alternate dates (10/23/20)<br><br>P 12/12/20 & 12/19/20 alt dates (10/26/20)<br><br>P 12/19/20 no longer works (10/27/20), 12/12/20 & 12/13/20 requested by Defendants on 10/27/20, note expert is not available 12/13/20. Defendants were informed 10/29/20 that Dr. Arriaga is not available on 10/13/20.<br><br>D 12/11/20 as second date (11/2/20) | Remote proposed by Plaintiffs (10/06/20) | New Orleans, LA | 12/12/20 confirmed by Defendants (10/27/20)<br><br>12/19/20 confirmed by Defendants (11/3/20) | Remote |

1

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| | P 12/19/20 works again (11/3/20)<br><br>D request two available consecutive days from previously discussed dates (11/3/20)<br><br>P No two consecutive dates available (11/3/20) | | | | |
| Bielefeld, Eric | P 12/17/20 - 12/18/20 (10/10/20)<br><br>P start time 10AM (EST) and D said likely not an issue (11/23/20) | Columbus, OH proposed by Plaintiffs(10/16/20) | Columbus, OH | 12/17/20 confirmed by Defendants (10/27/20) | In person - Columbus, OH |
| Coetzee, Allie | P 12/2/20 - 12/3/20 (10/10/20)<br><br>P 12/1/20 - 12/2/20 (10/22/20)<br><br>D start time 9AM (EST) (11/25/20) | Tyson's Corner, VA proposed by Plaintiffs (10/10/20)<br><br>D requested remote (11/20/20) | Washington, DC | 12/2/20 confirmed by Defendants (10/30/20)<br><br>7:30AM (EST) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Davis, Elizabeth | P 12/9/20 - 12/10/20 (10/10/20) | Cedar Bluff, VA proposed by Plaintiffs (10/16/20)<br><br>Remote proposed by Plaintiffs (10/20/20) | Johnson City, TN | 12/9/20 & 12/10/20 confirmed by Defendants (10/23/20) | Remote |
| Eddins, David | 12/14/20 - 12/15/20 (10/10/20) | Tampa, FL proposed by Plaintiffs (10/16/20)Remote proposed by Plaintiffs (10/20/20)In person proposed by Defendants (10/29/20)Remote proposed by Plaintiffs (11/25/20) | Tampa, FL | 12/15/20 confirmed by defendants (10/27/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Edens, Tim (GENERAL) | P 11/24/20 - 11/25/20 or 12/3/20 - 12/6/20 (10/10/20) | Pensacola proposed by Plaintiffs (10/14/20)<br><br>Houston, AL proposed by Plaintiffs (10/16/20)<br><br>Birmingham, AL proposed by Plaintiffs (10/20/20)<br><br>D requested remote (11/20/20) | Birmingham, AL | 12/3/2020 confirmed by Defendants (10/27/20) | D Remote |
| Fagelson, Marc | P 12/9/20 or 12/11/20 (10/13/20) | Johnson City, TN proposed by Plaintiffs (10/16/20) | Johnson City, TN | 12/9/20 & 12/10/20 confirmed by Defendants (10/27/20) | Johnson City, TN |

4

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Franks, John | P 11/10/20 or 11/17/20 (10/10/20)D need later dates (10/23/20)P week of December 1st (10/29/20)P Witness in poor health, request trial preservation depo (11/3/20)P checking with witness to see if week of December 7th works, with trial preservation depo at a later date (11/9/20)P 12/7/20 and 12/14/20 for discovery and trial preservation depos (11/10/20) | Cincinnati, OH proposed by Plaintiffs (10/16/20) | Cincinnati, OH | 12/7/20 & 12/14/20 confirmed by Defendants (11/24/20) | In person - Cincinnati, OH |
| Huston, Blaine | P 11/23/20 - 11/24/20, 12/7/20 - 12/8/20 or 12/14/20 (10/10/20) | San Francisco Bay Area proposed by Plaintiffs (10/14/20)<br><br>Agreed Remote (11/23/20) | San Francisco Bay Area, CA<br><br>P Remotely (11/17/20) | 12/8/20 confirmed by Defendants (10/23/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Johnson, Robert | P flexible availability between 11/20/20 and 12/11/20 (10/10/20)<br><br>D 11/20/20, 12/1/20 - 12/2/20 (10/30/20)<br><br>Defendants instruct Plaintiffs to pick one of these dates 11/20/20, 12/1/20 - 12/2/20 and they will be available (11/3/20)<br><br>P start time will be later and we will confirm with witness (11/23/20)<br><br>P request 10AM (PST) (11/25/20)<br><br>D 12/2/20 since Mills is pulled down (11/25/20)<br><br>P witness no longer available on 12/2/20 (11/27/20) | San Jose, CA proposed by Plaintiffs (10/16/20)<br><br>San Francisco Bay Area proposed by Plaintiffs (10/20/20)<br><br>Remote proposed by Defendants (10/30/20) | San Francisco Bay Area, CA<br><br>P Remotely (11/17/20) | 12/1/20 confirmed by Plaintiffs (11/17/20)<br><br>Noticed for 10AM (PST) (11/27/20) | Remote (11/25/20) |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Juneau, Roger | P flexible availability between 11/20/20 and 12/11/20 (10/10/20) | New Orleans, LA proposed by Plaintiffs (10/16/20) | New Orleans, LA | 12/11/2020 confirmed by Defendants (10/27/20) | New Orleans, LA |
| Kucsma, Kristin | P 12/21/20 - 12/22/20 (10/10/20)  D need an earlier date (10/23/20)  P 12/15/20 - 12/16/20 (10/26/20) | Newark, NJ proposed by Plaintiffs (10/16/20)  Remote proposed by Plaintiffs (10/20/20) | New York, NY | 12/15/20 & 12/16/20 confirmed by Defendants (10/27/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Lustig, Larry | P 11/23/20 - 11/24/20 (10/10/20)<br><br>P 12/19/20 - 12/20/20 (10/27/20)<br><br>D 11/23/20 & 11/24/20 (10/27/20)<br><br>D will accept 12/19/20 & 12/20/20 if no earlier dates are available (11/4/20)<br><br>P 12/19/20 - 12/20/20 (11/5/20)<br><br>P 12/20/20 rather than 12/19/20 (11/25/20) | NY, NY proposed by Plaintiffs (10/16/20)<br><br>Remote proposed by Plaintiffs (10/20/20) | New York, NY | 12/20/20 confirmed by Plaintiffs (11/25/20) | Remote |
| Madigan, David | P 12/8/20 or 12/11/20 (10/10/20) | Boston, MA proposed by Plaintiffs (10/16/20)<br><br>Remote proposed by Plaintiffs (10/20/20) | Boston, MA | 12/11/20 confirmed by Defendants (10/23/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|--------|---------------|-------------------|-------------------------|------------|----------------|
| Marshall, Chris | P 11/19/20 or 12/3/20 - 12/4/20 (10/10/20) | San Antonio, TX proposed by Plaintiffs (10/14/20)<br><br>Agreed Remote (11/23/20) | San Antonio, TX | 12/3/20 confirmed by Defendants (10/23/20) | Remote |
| McKinley, Richard | P 12/9/20 - 12/10/20 (10/10/20) | Dayton, OH proposed by Plaintiffs (10/16/20)<br><br>Remote proposed by Plaintiffs(10/20/20)<br><br>In person requested by Defendants (10/23/20), Defendants requesting to conduct deposition in person (10/27/20), Plaintiffs checking with expert (10/29/20)<br><br>Agreed Remote (11/23/20) | Cincinnati, OH | 12/9/20 confirmed by Defendants (10/27/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Ostacher, Michael | P 12/11/20 or 12/12/20 (10/10/20) | Stanford, CA proposed by Plaintiffs (10/16/20)San Francisco Bay Area proposed by Plaintiffs (10/20/20)P requested remote (11/24) | San Francisco Bay Area, CA | 12/11/20 & 12/12/20 confirmed by Defendants (10/27/20) | Remote |
| Packer, Mark | P 12/17/20 - 12/18/20 [seeking earlier dates also] (10/10/20)<br><br>D need an earlier date, possibly 12/7/20 & 12/8/20 (10/23/20)<br><br>P due to witness' schedule, unable to offer alt dates (10/26/20) | St. Louis, MO proposed by Plaintiffs (10/16/20)<br><br>P requested remote (11/19) | St. Louis, MO | 12/17/20 & 12/18/20 confirmed by Defendants (10/27/20) | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Rose, Eric | P 12/2/20 and 12/7/20 (10/10/20) | Los Angeles, CA proposed by Plaintiffs (10/16/20)<br><br>Thousand Oaks, CA proposed by Plaintiffs (10/20/20)<br><br>Remote proposed by Plaintiffs (10/29/20), Defendants requested in person (10/29/20). Plaintiffs checking with expert (10/29/20) | Los Angeles, CA | 12/7/20 confirmed by Defendants (10/23/20) | Remote |
| Spankovich, Christopher | P 12/10/20 - 12/11/20 (10/10/20) | Jackson, MS proposed by Plaintiffs (10/16/20) | Jackson, MS | 12/10/20 & 12/11/20 confirmed by Defendants (10/27/20) | In person - Jackson, MS |

11

**APPENDIX A**

**DEFENDANTS' TRIAL GROUP A EXPERT DEPOSITION CALENDAR**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Berger, Elliott | D 12/18/20 (11/23/20) | Pending | Pending | Pending | Pending |
| Casali, John | D 12/18/20 (11/11/20) | Remote | Pending | Pending | Pending |
| Crawford, James | D 12/28/20 - 12/30/20 (11/11/20) | Boise, Idaho | Boise, Idaho | 12/28/20 confirmed by Plaintiffs (11/23/20) | Boise, Idaho (11/25/20) |
| Driscoll, Dennis | D 12/15/20(11/11/20) | In-Person (TBD) | Pending | Pending | In-Person (TBD) |
| Fallon, Eric | D no date yet but following up with witness (11/23/20)  D 12/22/20 (11/24/20) | Remote | Remote | Pending | Remote |
| Flamme, Gregory | D 12/21/20 - 12/23/20 (11/11/20)  D 12/21/20 - 12/22/20 (11/12/20) | Forest Grove, Oregon  D Remote (11/17/20) | Remote | 12/21/20 and 12/22/20 | Remote |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| House, John | D 12/21/20 - 12/22/20 (11/11/20)<br><br>P 12/16/20 and/or 12/17/20 (11/12/20)<br><br>D offered late dates because witness needs to go after corresponding Ps experts. Both Packer and Arriaga give case-specific causation opinions in cases in which Dr. House is opining, and they don't finish their depositions until December 19. P suggested the first business day after that. (11/12/20)<br><br>P 12/28/20 - 12/30/20 and if that doesn't work P will accept 12/21/20 - 12/22/20 (11/23/20)<br><br>D Witness is unavailable 12/28/20 - 12/30/20 (11/24/20) | Los Angeles, California | Los Angeles | 12/21/20 & 12/22/20 confirmed by Plaintiffs (11/23/20) | Los Angeles, California (11/25/20) |

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Jacobs, Douglas | D 12/17/20 - 12/18/20 (11/11/20) | Remote | Remote | 12/18/20 confirmed by Plaintiffs (11/17/20) | Remote |
| Jones, Derek | (on call so may need to adjourn to following morning) D 12/23/20 (11/11/20) | D Pensacola, FL (11/17/20) | Pensacola | 12/23/20 confirmed by Plaintiffs (11/19/20) | Pensacola, FL |
| Kytomaa, Harri | D 12/17/20 - 12/18/20 (11/11/20)<br><br>P later dates if possible (11/12/20)<br><br>D doesn't have anything after dates offered except 1/4/21 (11/23/20) | D Remote (11/11/20)<br>P In person (11/12/20) | Pending | 1/4/21 confirmed by Plaintiffs (11/23/20) | Pending |
| LaBorde, Jennifer | D 12/21/20 - 12/22/20 (11/11/20) | D Pensacola, FL (11/17/20) | Pensacola | 12/21/20 & 12/22/20 confirmed by Plaintiffs (11/19/20) | Pensacola, FL |
| Lundstrom, Samuel | D not a testifier, will not testify at trial (11/23/20) | Pending | Pending | Pending | Pending |

14

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Neitzel, Richard | D 12/9/20 - 12/10/20 or 12/13/20 - 12/14/20 (11/11/20)<br><br>D 12/16/20 - 12/17/20 (11/12/20) | Remote | Remote | 12/16 and 12/17 | Remote |
| Rubin, Robert | D 12/14/20 - 12/15/20 (11/11/20) | Remote | Remote | 12/14/20 or 12/15/20 confirmed by Plaintiffs (11/19/20) | Remote |
| Sahmel, Jennifer | D 12/14/20 - 12/15/20 (11/11/20)<br><br>D start time 9AM (PST)/10AM (MST) (11/23/20) | Remote | Remote | 12/14/20 & 12/15/20 confirmed by Plaintiffs (11/19/20) | Remote |
| Scarbrough, John | D 12/22/20 (11/11/20)<br><br>D working on a second date (11/23/20)<br><br>D 12/18/20 as second date (11/24/20) | Remote | Remote | Pending | Remote |

15

**APPENDIX A**

| Expert | Proposed Date | Proposed Location | Location (if in Person) | Final Date | Final Location |
|---|---|---|---|---|---|
| Shanasarian, Michael | D 12/16/20 or 12/18/20 (11/11/20)<br><br>D 12/16/20, 12/29/20 - 12/30/20 (11/23/20) | P Remote (11/23/20) | Remote | 12/30/20 confirmed by Plaintiffs (11/24/20) | Remote |
| Stephenson, Mark | D 12/28/20 - 12/30/20 (11/11/20) | Loveland, Ohio<br><br>D Remote (11/17/20) | Remote | Legally blind and will need special accommodations (11/17/20) | Remote |
| Tuten, Vickie | D 12/23/20  (11/11/20) | Remote | Remote | 12/23/20 confirmed by Plaintiffs (11/24/20) | Remote |