**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to All Cases
_____/

## ORDER

Pending before the Court is Defendants' Emergency Motion for Protective Order Regarding Depositions of Elliot Berger and Dr. Eric Fallon. ECF No. 1558. Plaintiffs filed a response in opposition, ECF No. 1560, and, therefore, the motion is ripe for consideration.

In short, Defendants disclosed Berger and Fallon as "hybrid" fact and expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).[1] Plaintiffs previously deposed these witnesses during the fact discovery

---

[1] "[A] 2010 amendment to the Federal Rules established a separate reporting classification in Rule 26(a)(2)(C) for witnesses who will testify as fact witnesses as well as offer expert opinions….While such witnesses need not provide the report required by Rule 26(a)(2)(B), they are still required to disclose the subject(s) of their expert testimony, as well as a summary of the facts and opinions on which they are expected to testify." *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1364 (S.D. Ga. 2016); *see also Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CV, 2012 WL 760824, at *1 (S.D. Fla. Mar. 8, 2012) (explaining the disclosure requirements for "hybrid" witnesses "who provide both fact testimony and opinion testimony based upon their scientific, technical or other specialized knowledge within the scope of the Federal Rules of Evidence.").

period, but the Trial Group A Bellwether Plaintiffs have noticed them for deposition during this expert discovery period. Defendants ask the Court to enter a protective order precluding these expert depositions or limiting the depositions to 3.5 hours each because the Rule 26(a)(2)(C) disclosures do not provide new facts or opinions.

For the reasons discussed below, Defendants' Motion for Protective Order, ECF No. 1558, is due to be **DENIED**.

## I.  BACKGROUND

Discovery in this MDL has been ongoing since June 19, 2019, but it has proceeded through several stages. Notably, Plaintiffs previously pursued fact discovery concerning their claims and Defendants' defenses, which included depositions of Berger and Fallon.

Berger "is an acoustical engineer who ran [Defendant] Aearo's research laboratory for several decades[] and was one of the principal figures in the development of the CAEv2." ECF No. 1558 at 4. Berger has sat for a total of five days of depositions thus far, three as a corporate representative for Defendants under Federal Rule of Civil Procedure 30(b)(6) and two as a fact witness. ECF Nos. 1558-3, 1558-4, 1558-5, 1558-6. As a corporate representative, Defendants designated Berger to testify about the design, testing, and fitting instructions of the CAEv2, ECF

No. 1558-3 at 8–23, as well as labeling, packaging, and alternative designs for the product, ECF No. 1346; ECF No. 1558-5 at 7–11.

Fallon "is an audiologist who served in the United States Army for 24 years in a variety of hearing conservation roles, including as Program Manager for the Army Hearing Program and as the Director of Audiology and Speech at the Walter Reed National Military Medical Center."  ECF No. 1558 at 7.  Defendants, however, initially disclosed Fallon to Plaintiffs as a "3M employee with knowledge of 3M business operations and Combat Arms marketing, including to U.S. government customers."  ECF No. 1560-4 at 3.  Defendants contend in their motion that Fallon sat for a two-day deposition regarding the regulations governing the Army's hearing conservation program, its implementation of the program, the military's use of hearing protection devices, and training materials for servicemembers' use of the CAEv2, ECF No. 1558 at 7–9 (citing ECF Nos. 1558-7, 1558-8), but the Department of Defense precluded Fallon from testifying on behalf of the military, ECF No. 1560 at 12–13 (citing ECF No. 1560-3).

Defendants and the Trial Group A Bellwether Plaintiffs are engaged in expert discovery subject to an amended discovery and trial schedule (Pretrial Order No. 43, ECF No. 1204), and a deposition protocol (Pretrial Order No. 60, ECF No. 1546).  Defendants disclosed Berger and Fallon as

3

Rule 26(a)(2)(C) hybrid fact and expert witnesses who will offer opinions arising from their direct and personal knowledge in the ordinary course of their employment. ECF No. 1558-1 (Berger disclosure); ECF No. 1558-2 (Fallon disclosure).

Defendants say in their Rule 26(a)(2)(C) disclosure of Berger that they anticipate he will testify to the design process, design features, testing, performance, and fitting instructions of the CAEv2. ECF No. 1558-1 at 5–6. Defendants disclose several "facts and opinions" derived from Berger's testimony, including: (1) "the CAEv2 was a novel invention designed to address the military's hearing protection problem"; (2) "federal regulations required Aearo to conduct an Experimenter-Fit REAT test on the CAEV2"; (3) "Aearo's REAT testing of the CAEv2 was appropriate and the "Flange Memo" does not suggest otherwise"; (4) "Aearo fully disclosed to the military what its internal testing revealed about the best practices for fitting the CAEv2"; and (5) "there was no feasible alternative design for the CAEv2." *Id.* at 5–11.

Defendants say in their Rule 26(a)(2)(C) disclosure of Fallon that they anticipate he will testify to the requirements and guidance of the Department and Defense and Army Hearing Conservation Program as to hearing conservation and hearing protection devices, the implementation of

this guidance, the use of the CAEv2 by the military, and widespread non-use of hearing protection devices in the military. ECF No. 1558-2 at 5. Defendants disclose several "facts and opinions" derived from Fallon's testimony, including: (1) "Department of Defense and Army hearing protection requirements on hearing conservation and hearing protection devices"; (2) "Fallon was aware that folding back the opposing flange of the CAEv2 might assist in achieving adequate fit"; and (3) "widespread non-use of hearing protection devices in the military." *Id.* at 6–10.

When the parties conferred regarding the protocol for and scheduling of expert depositions, the Trial Group A Bellwether Plaintiffs advised Defendants they intended to take the allotted seven-hour depositions of Berger and Fallon. ECF No. 1560 at 2. Defendants did not challenge entirely Plaintiffs proposal to depose Berger and Fallon, but they argued that the depositions should be limited to 3.5 hours each. ECF No. 1558 at 2–3; ECF No. 1560 at 2. Two weeks ago, the parties submitted to the Court competing proposals for the expert deposition protocol, which included this dispute. The Court concluded the dispute should be resolved in a motion for protective order, and these filings followed.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure expressly authorize a party to "depose any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  This rule includes hybrid witnesses disclosed under Rule 26(a)(2)(C).  *See In re Syngenta AG MIR162 Corn Litig.*, No. 14-md-2591-JWL, 2020 WL 5340696, at *2 n.9 (D. Kan. Sept. 4, 2020) (collecting cases).

The Court, upon a showing of good cause by the party from whom discovery is sought, may issue an order protecting the party "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The Court must also "limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that" the discovery sought is "unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking a protective order has the burden of showing good cause which must be demonstrated with a particularity, and stereotyped, conclusory statements will not suffice."  *Doe v. St. John's Episcopal Day School Inc.*, No. 8:13-cv-2467-T-27EAJ, 2015 WL 12839273, at *1 (M.D. Fla. Mar. 27, 2015) (citing *United States v. Garrett*, 571 F.2d 1323, 1326

n.3 (5th Cir. 1978)[2]).[3]  The Court must also balance the competing interests of the parties.  *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).  It is a heavy burden to show good cause for precluding a deposition altogether, and such requests are routinely denied absent a demonstration of extraordinary circumstances.  *See Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005) (collecting cases).

### III.  DISCUSSION

Upon consideration of Defendants' expert disclosures (ECF Nos. 1558-1, 1558-2) and the parties' arguments, the Court concludes that Defendants have failed to show that a protective order precluding or limiting Berger and Fallon's expert depositions is warranted.  As Plaintiffs point out, Defendants' disclosures of Berger and Fallon as hybrid witnesses include

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[3] *See also In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) ("'Good cause'" is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."); *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 584 (N.D. Fla. 2019) ("'For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002))); *Boca Raton Cmty. Hosp., Inc. v. Great-West Healthcare of Fla.*, No. 06-80750-CIV, 2008 WL 11406061, at *2 (S.D. Fla. May 28, 2008) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal citations omitted)).

facts and opinions well beyond the scope of their prior testimony. District courts in the Eleventh Circuit recognize routinely that a party is entitled to a second deposition of a person who is initially deposed as a fact witness and later identified as a hybrid witness so that the party may inquire into the facts and opinions in the new disclosures. *See, e.g.*, *Pediatric Nephrology Assoc. of S. Fla. v. Variety Children's Hosp.*, No. 1:16-cv-24138-UU, 2017 WL 5665346, at *5 (S.D. Fla. Nov. 6, 2017); *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662-CIV, 2014 WL 970060, at *2 (S.D. Fla. Mar. 12, 2014); *see also G.W.M. ex rel. McBride v. Flink Co.*, No. 4:08-cv-158-TIA, 2009 WL 1138036, at *1 (E.D. Mo. Apr. 27, 2009). So too here.

For example, Defendants' motion conflates Berger's prior testimony as a fact witness and as Defendants' designated Rule 30(b)(6) corporate representative. A corporate representative testifies to "the knowledge of the corporation, not of the individual deponent[]." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). Accordingly, the corporate representative's testimony "goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). On the other hand, a hybrid witness under Rule 26(a)(2)(C) testifies to opinions arising from "the witness' direct and personal

knowledge in the ordinary course of his or her job function[.]" *Hartford Steam Boiler Inspection and Ins. Co. v. Menada, Inc.*, No. 1:17-cv-21465, at *6 (S.D. Fla. Apr. 3, 2018). The Trial Group A Bellwether Plaintiffs, therefore, have the right to examine Berger on his personal knowledge of the facts and opinions addressed in his recent disclosure, which is distinct from Defendants' knowledge that was otherwise made available to Berger in preparation for a corporate representative deposition. The Court will not preclude a deposition of Berger in his newly disclosed hybrid expert capacity based on testimony he has not even given in his personal capacity.

In the same vein, the facts and opinions in Defendants' Rule 26(a)(2)(C) disclosure are more expansive than the testimony Fallon offered in his initial deposition. Fallon was not authorized to testify as an expert or on behalf of the government as to military policies, practices, and procedures. ECF No. 1560-3 at 6. Now Defendants assert they will attempt to offer Fallon as an expert on military hearing protection regulations and procedures. ECF No. 1558-2 at 6–7, 10–11. Defendants do not offer any compelling basis—let alone extraordinary circumstances—to preclude the Trial Group A Bellwether Plaintiffs from deposing Fallon on these topics.

9

This leaves Defendants' alternative request to limit the depositions of Berger and Fallon to 3.5 hours each in light of their prior depositions. The Court appreciates the fact that Berger and Fallon have already sat for two days of depositions in their personal capacity, and, moreover, Berger sat for three days of depositions as a corporate representative. But there is not a sound legal or factual basis for the Court to arbitrarily limit the Trial Group A Bellwether Plaintiffs' opportunity to examine Berger and Fallon regarding the facts and opinions in Defendants' new disclosures. In any event, the undersigned is confident that Plaintiffs will be prudent with their time and not prolong unnecessarily these depositions.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Emergency Motion for Protective Order Regarding Depositions of Elliot Berger and Dr. Eric Fallon, ECF No. 1558, is **DENIED**.

**DONE AND ORDERED** this 14th day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge