UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19md2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**JOINT STIPULATION REGARDING: (1) VA AND DOD TREATING PHYSICIAN DEPOSITIONS; AND (2) HEARING CONSERVATION PROGRAM MANAGER/AUDIOLOGY TECHNICIAN DEPOSITIONS FOR TRIAL GROUP A, B, C AND D PLAINTIFFS**

Pursuant to Pretrial Order No. 43, the Parties to this matter are permitted up to six case-specific witnesses per side. Defendants have requested depositions from several of Plaintiffs' treating physicians, as well as Hearing Conservation Program Managers or Audiology Technicians who are current government employees. Disputes have arisen regarding the scope and duration of depositions of these employees. To resolve these disputes, Plaintiffs, Defendants, and Third-Parties Department of Defense ("DOD") and the Department of Veterans Affairs ("VA") (collectively, the "Government") hereby stipulate to the following deposition protocol:

1. **Scope.** This stipulation shall extend to future case-specific depositions of (a) current Government employees who provided documented hearing-related

clinical care to any plaintiff in Bellwether Trial Groups A, B, C, and D ("Medical Providers") and (b) current Government employees who served as Hearing Conservation Program Managers ("HCPMs") or Audiology Technicians at military installations where and when a plaintiff in those Bellwether Trial Groups was stationed.[1] The designated HCPMs or Audiology Technicians shall be those Government employees who served in those capacities at a time when the relevant bellwether plaintiff is believed to have received or have been using the CAEv2 at that installation. Nothing in this stipulation alters the Court's limit of six case-specific witnesses per side. The Government shall regard the parties' compliance with this stipulation as compliance with applicable *Touhy* regulations.

    **2.**    <u>**Reservation of Rights.**</u> Notwithstanding any other provision of this stipulation, the Government and/or the Plaintiffs shall retain the following rights. The Government and/or the Plaintiffs may object to the designation of a particular Government employee to the extent such individual is outside the scope of this stipulation as set forth in Paragraph 1, *supra*. The Government may also object to the designation of a particular Government employee as unduly burdensome in light of extraordinary circumstances specific to that witness (*e.g.*, severe illness or major

---

[1] Nothing in this agreement limits the Plaintiffs or Defendants from seeking to prevent a specific deposition from being taken on the basis of relevance, foundation, speculation, cumulativeness, improper expert testimony, impeachment or general discovery outside the scope of the case-specific nature of the testimony sought for plaintiffs in Bellwether Trial Groups A, B, C, and D.

disruption of DOD operations). The Government and/or the Plaintiffs may also seek relief from the Court in the event of changes in circumstances that are not reasonably foreseeable at the time of this stipulation or if testimony governed by this stipulation becomes so cumulative as to be inadmissible under Federal Rule of Evidence 403.[2] Nothing herein shall be construed to waive Plaintiffs' rights to object during depositions. The Government also retains the right to object during depositions, including, without limitation, objections based on the form of question, based on a substantive privilege or restriction (*e.g.*, deliberative process privilege, attorney-client privilege, national security classification information), and/or based on a question exceeding the scope of the applicable authorization.

**3.** **Depositions of Medical Providers.** Upon a written request adequately demonstrating that the potential Government deponent falls within the scope of this stipulation, the Government agrees to authorize four-hour depositions of case-specific[3] Medical Providers, except that the Government is not obligated to authorize more depositions than two times (2x) the number of plaintiffs in any Bellwether Trial

---

[2] In the event the Government does not authorize a particular individual as the result of extraordinary circumstances specific to the witness, the designation of that witness shall not count against the total permitted under this stipulation. That is, the parties may identify a substitute employee whose authorization to provide deposition testimony is governed by this stipulation.

[3] Nothing in this stipulation shall be read to suggest which case or cases to which any testimony does or does not apply.

Group.[4] For Bellwether Trial Group A, the total number of such depositions authorized shall not exceed five (5). For Bellwether Trial Group B, the total number of such depositions authorized shall not exceed seven (7). For Trial Groups C and D, collectively, the total number of such depositions authorized shall not exceed twenty-four (24).

For future depositions, the Government agrees to authorize depositions of Medical Providers only on the following topics[5]: (a) any independent recollections the Medical Provider has of treating the relevant bellwether plaintiff; (b) any medical records related to the relevant bellwether plaintiff created by the Medical Provider or of which the Medical Provider has specific personal knowledge; (c) the Medical Provider's procedures and practices, including the Medical Provider's record-keeping practices and implementation of applicable agency policies, for any treatment the Medical Provider provided to the relevant bellwether plaintiff; and (d) the Medical Provider's professional experience, training, and background related to the foregoing topics. At least five business days before the scheduled deposition, a party may request in writing that the Government authorize a particular Medical

---

[4] Past approval of *Touhy* requests for the depositions of Medical Providers (*e.g.*, Ms. Cheryl Parker) in accordance with the substantive terms of this agreement prior to its signature shall count against the parties' total under this stipulation.

[5] Nothing in this list of topics shall be read to suggest that any testimony provided pursuant to this stipulation or otherwise is or is not admissible in a court of law, nor that any testimony provided prior to this stipulation is or is not admissible.

Provider to testify on additional relevant topics about which the Medical Provider has specific personal knowledge pertaining to a bellwether plaintiff. Such requests shall be considered in accordance with the applicable *Touhy* regulations and Federal Rules of Civil Procedure. The parties shall work in good faith to reach a resolution through the meet-and-confer process before seeking relief from the Court.

    **4.** **Depositions of HCPMs and Audiology Technicians.** Upon a written request adequately describing how the potential Government deponent falls within the scope of this subpoena, the Government agrees to authorize four-hour thirty-minute (4.5 hour) case specific depositions of HCPMs and Audiology Technicians, except that the Government is not obligated to authorize more depositions than one HCPM or Audiology Technician for each plaintiff in Bellwether Trial Groups A, B, C, and D.[6]

For future depositions, the Government agrees to authorize depositions of HCPMs/Audiology Technicians only on the following topics:[7] (a) any independent recollections the HCPM/Audiology Technician has of any care, fittings, or trainings overseen, managed or provided (directly or indirectly) by the HCPM/Audiology

---

[6] Past approvals of *Touhy* request for the depositions of HCPMs and Audiology Technicians (*e.g.*, Lt. Col. Kevin Hannah, Lt. Col. Jillyen Curry-Mathis) in accordance with the substantive terms of this agreement prior to its signature shall count against the parties' total under this stipulation.

[7] Nothing in this list of topics shall be read to suggest that any testimony provided pursuant to this stipulation or otherwise is or is not admissible in a court of law, nor that any testimony provided prior to this stipulation is or is not admissible.

Technician for the relevant bellwether plaintiff; (b) any hearing-related records related to the relevant bellwether plaintiff that the HCPM/Audiology Technician created or of which the HCPM/Audiology Technician otherwise has specific personal knowledge; (c) any fittings or trainings overseen, managed or provided (directly or indirectly) by the HCPM/Audiology Technician relating to the CAEv2 and other hearing protection devices, provided at the time the relevant bellwether plaintiff was stationed at the HCPM/Audiology Technician's duty station; (d) the HCPM/Audiology Technician's practices and procedures pertaining to auditory testing or hearing conservation (including the fit and use of earplugs) at the time the relevant bellwether plaintiff was stationed at the HCPM/Audiology Technician's duty station; (e) the HCPM/Audiology Technician's knowledge and understanding regarding the requirements of and implementation of the military's hearing conservation program at the time the relevant bellwether plaintiff was stationed at the HCPM/Audiology Technician's duty station; (f) if the HCPM/Audiology Technician provided documented hearing-related clinical care to the relevant bellwether plaintiff, any of the authorized deposition topics specified in Paragraph 4, *supra*; and (g) the HCPM/Audiology Technician's professional experience, training, and background related to the foregoing topics. The parties may request in writing at least five business days before the scheduled deposition that a particular

the HCPM/Audiology Technician be authorized to testify as to additional relevant topics of which the HCPM/Audiology Technician has specific personal knowledge pertaining to a bellwether plaintiff. Such requests shall be considered in accordance with the applicable *Touhy* regulations and Federal Rules of Civil Procedure. The parties shall work in good faith to reach a resolution through the meet-and-confer process before seeking relief from the Court.

5. **Calculating Time.** As set forth above, the parties may request, and the Government only agrees to authorize, 4-hour depositions of Medical Providers and 4.5-hour depositions of HCPMs/Audiology Technicians. This time shall include no more than two breaks made at the parties' request, such breaks to last no longer than ten minutes. The authorized time period shall commence at the time set forth in the witness's authorization letter (or, if no authorization letter has been issued, the subpoena pursuant to which the witness is testifying). The time shall not be tolled for delays caused by the parties or for any off-the-record periods (including the two breaks provided for in this paragraph), except that the following shall not count against the authorized time frame: (1) delays or interruptions (including breaks) caused or requested by the Government; and (2) delays or interruptions due to a party's unforeseen technical issues.

DATED: December 16, 2020   By: *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Attorney for Defendants 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC*

DATED: December 16, 2020   By: *Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Douglass A. Kreis
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
Email: baylstock@awkolaw.com
Email: dkreis@awkolaw.com

*Lead Counsel for Plaintiffs*

DATED: December 16, 2020   By: *Gary D. Feldon*

JEFFREY BOSSERT CLARK
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

Gary D. Feldon
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

8

(202) 598-0905
Email: gary.d.feldon@usdoj.gov

*Counsel for Department of Defense and Department of Veterans Affairs*

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2020, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED:  December 16, 2020

/s/ *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*