# PX3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No. 5:19cr77-TKW-MJF

JEREMIAH JOE ROLLING,
DANYEL MICHELLE WITT,
and JUSTIN MIKEL CHOPELAS

     Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions -- what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

### The Duty to Follow Instructions and the Presumption Of Innocence

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it -- even if you do not agree with the law -- and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe

3

what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

### Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made plea agreements with Codefendants in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

5

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## Confession or Statement of Defendant

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

## Similar Acts Evidence

During the trial, you heard evidence of acts allegedly done by a Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.   You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.   This evidence is admitted and may be considered by you for the limited purpose of assisting you in

determining whether, the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, or the Defendant committed the acts charged in the indictment by accident or mistake.

### Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Introduction to Offense Instructions

At this time I will explain the Indictment and explain the offenses charged against each Defendant.

The indictment charges three (3) separate crimes.

First, each Defendant is charged with knowingly and willfully conspiring to fraudulently obtain federal livestock disaster proceeds through wire transactions.

Second, each Defendant is charged with theft of government money or property.

Third, Defendant Danyel Witt is charged with aggravated identity theft.

Each offense is charged in a separate "count" of the indictment. You will be given a copy of the indictment to refer to during your deliberations. Remember, however, the indictment is not evidence of guilt; it is merely an accusation, and you must not draw any inference of guilt from it.

Now, I will give you specific instructions on the elements of each of the offenses with which the Defendants have been charged.

## Conspiracy to Commit Wire Fraud

Count One charges each Defendant with conspiring to fraudulently obtain federal livestock disaster proceeds through wire transactions. Note that the Defendants are not charged in this count with actually committing wire fraud. Instead, they are charged with having conspired to do so.

I will now explain the law of conspiracy.

It is a separate Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

Each Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1)    two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

(2)    the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of a transaction or merely associating with certain people and discussing common goals and interest doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Those are the principles that govern conspiracy. As I have said, a conspiracy is an agreement to commit a crime. In order to determine whether a defendant has conspired to commit a crime, you of course must know the definition of that crime. The underlying crime to the conspiracy charged in Count One is fraudulently obtaining federal livestock disaster proceeds through wire transfers.

It is a Federal crime to use interstate wire, radio, or television, communications to carry out a scheme to defraud someone else.

Each Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2)    the false pretenses, representations, or promises were about a material fact;

(3)    the Defendant acted with the intent to defraud; and

(4)    the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

## Theft of Government Money or Property

Each Defendant is also charged with theft of government money or property. These charges are in Count Two (for Defendant Jeremiah Rolling), Counts Seven and Nine (for Defendant Danyel Witt), and Count Twenty (for Defendant Justin Chopelas)

It is a Federal crime to receive, conceal, or retain any money of the United States, worth more than $1,000, with the intent to convert it to one's own use or gain, knowing the money to have been embezzled, stolen, or converted.

Each Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the money described in the indictment belonged to the United States;

(2)    the Defendant willfully, received, concealed, or retained the money, knowing that it had been embezzled, stolen, or converted;

(3)     the Defendant did so with the intent to convert the money to his or her own use or gain; and

(4)     the money had a value greater than $1,000.

It doesn't matter whether the Defendant knew that the United States owned the money. But it must be proved beyond a reasonable doubt that the United States did in fact own the money; that the Defendant knowingly and willfully received, concealed, or retained the money knowing that it had been embezzled, stolen, or

converted; that the Defendant intended to convert the money to his or her own use and gain; and that the money was more than $1,000.

To "steal" or "convert" means to wrongfully or intentionally take the money or property belonging to someone else with the intent to deprive the owner of its use or benefit permanently or temporarily.

A "taking" doesn't have to be any particular type of movement or carrying away. But any appreciable and intentional change in the property's location is a taking, even if the property isn't removed from the owner's premises.

**Aggravated Identity Theft**

Count Ten of the indictment charges Defendant Danyel Witt with aggravated identity theft.

It is a Federal crime to commit aggravated identity theft.

The Defendant can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly transferred, possessed, or used another person's means of identification;

(2)    the Defendant did so without lawful authority;

(3)    the Defendant knew the means of identification belonged to an actual person; and

(4)    the Defendant transferred, possessed, or used the means of identification during and in relation to the theft of government money, as alleged in Count Nine of the Indictment.

A "means of identification" includes any name or number that may be used alone or in conjunction with other information, to identify a specific individual, including any name or unique electronic identification number.

The Government must prove that the Defendant knowingly transferred, possessed, or used another person's identity "without lawful authority." The Government does not have to prove that the Defendant stole the means of

identification, only that there was no legal authority for the Defendant to transfer, possess, or use them.

The Government must prove that the Defendant knew that the means of identification in fact, belonged to another actual person, living or dead, and not a fictitious person.

Further, the Government must prove that the means of identification was possessed "during and in relation to" the crime specified in the count of the indictment. The phrase "during and in relation to" means that there must be a firm connection between the Defendant, the means of identification, and the crime specified in the indictment. The means of identification must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally. The means of identification at least must facilitate, or have the potential of facilitating, the crime specified in the count of the indictment.

## Aiding and Abetting; Agency

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Good-Faith Defense**

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**On or About; Knowingly; Willfully**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

### Caution: Punishment

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

Three verdict forms – one for each Defendant –has been prepared for your convenience.

Take the verdict forms with you to the jury room. When you've all agreed on the verdicts, your foreperson must fill in the forms, sign them, date them, and carry them back into the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  I have to reconvene the lawyers and parties before answering your question and that can take time, so you are free to continue deliberating if you can while waiting for my response.

Whenever you communicate with me, please do <u>not</u> tell me how many jurors have voted one way or the other at that time.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

**v.**                                        **Case No. 5:19cr77-TKW-2**

**JEREMIAH JOE ROLLING**

_____/

## <u>VERDICT</u>

We, the Jury, in the above entitled and numbered case, unanimously find as

follows:

**COUNT ONE** (Conspiracy to Commit Wire Fraud), the Defendant,

Jeremiah Joe Rolling, is:

⎯⎯⎯⎯✕⎯⎯⎯⎯        Not Guilty.

⎯⎯⎯⎯⎯⎯⎯⎯        Guilty.


**COUNT TWO** (Theft of Government Funds), the Defendant, Jeremiah Joe

Rolling, is:

⎯⎯⎯⎯✕⎯⎯⎯⎯ Not Guilty.

⎯⎯⎯⎯⎯⎯⎯⎯ Guilty.

FILED IN OPEN COURT THIS

_____10/22/2020_____

CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA

**SO SAY WE ALL**, this __2 2__ day of October, 2020.

FOREPERSON _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 5:19cr77-TKW-8

DANYEL MICHELLE WITT

_____/

## **VERDICT**

We, the Jury, in the above entitled and numbered case, unanimously find as

follows:

**COUNT ONE** (Conspiracy to Commit Wire Fraud), the Defendant, Danyel

Michelle Witt, is:

_____        Not Guilty.

____✗_____        Guilty.


**COUNT SEVEN (**Theft of Government Funds), the Defendant, Danyel

Michelle Witt, is:

_____ Not Guilty.

____✗_____ Guilty.


**FILED IN OPEN COURT THIS**

10|22|2020

**CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA**

**COUNT NINE (**Theft of Government Funds), the Defendant, Danyel

Michelle Witt, is:

_____ Not Guilty.

\_\_\_\_✗\_\_\_\_ Guilty.

**COUNT TEN** (Aggravated Identity Theft), the Defendant, Danyel Michelle

Witt, is:

_____ Not Guilty.

\_\_\_\_✗\_\_\_\_ Guilty.

**SO SAY WE ALL**, this \_\_22\_\_ day of October, 2020.

FOREPERSON

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                           Case No. 5:19cr77-TKW-13

JUSTIN MIKEL CHOPELAS

_____/

## VERDICT

We, the Jury, in the above entitled and numbered case, unanimously find as follows:

**COUNT ONE** (Conspiracy to Commit Wire Fraud), the Defendant, Justin Mikel Chopelas, is:

X          Not Guilty.

_____ Guilty.

**COUNT TWENTY** (Theft of Government Funds), the Defendant, Justin Mikel Chopelas, is:

X         Not Guilty.

_____ Guilty.

**FILED IN OPEN COURT THIS**

10 | 22 | 2020

**CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA**

**SO SAY WE ALL**, this _22_ day of October, 2020.

_____

FOREPERSON