IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION | CASE NO.: 3:19-MD-2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION FOR CONSOLIDATION OF BELLWETHER GROUP A FOR TRIAL**

Defendants spent more than half of their opposition to Plaintiffs' motion to consolidate explaining why consolidating these cases for trial would undermine the very purpose of the bellwether process. In their reply, Plaintiffs skip over the first 10 pages of Defendants' opposition, thus ignoring Defendants' central argument: that the purpose of bellwether cases is to learn the strengths, weaknesses, and values of a representative sample of *individual* claims. Plaintiffs' silence is telling. Defendants' position remains the same: the Court should not engage in any form of consolidation at this stage and, instead, should allow the bellwether process to play itself out.

Apparently recognizing that their initial sweeping proposal of consolidating all five Group A cases into a single unwieldy trial was a non-starter, Plaintiffs now propose—for the first time—two alternative forms of consolidation in their reply. But these eleventh-hour proposals do not solve

the problems with consolidating bellwether trials and appear to be designed solely to place the case they chose for the bellwether process (Estes) into the first trial slot. That hardly warrants this Court joining the small minority of MDL courts that have elected to consolidate bellwether cases for trial.

### I. Plaintiffs offer no justification for their seemingly random groupings beyond choice of law concerns

Plaintiffs now offer two alternatives to the five-plaintiff trial they initially proposed. Under option 1, Estes, Keefer and Hacker would be joined together in the first trial with Baker and McCombs in the second. Under option 2, Estes and Keefer would proceed first with the remaining three cases (Hacker, Baker, and McCombs) grouped together for a second trial.

The sole justification they cite for these groupings is that they would lessen (but not eliminate) the problems with asking jurors to apply the laws of multiple states to the claims. Yet even under these proposals—which assume the Court adopts their choice-of-law analysis—jurors would still be applying multiple laws in a single trial. Under option 1, both juries would be asked to apply the laws of two different states (Georgia and Kentucky for the first trial; Washington and Alaska for the second). Although these states apply the same defect standards, the jury would still face the problem of applying divergent rules on fault allocation, statute of limitations, and statute of repose to a set of complex facts. *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.

2

1998). Under option 2, the first trial would involve just Georgia law, but the second trial would require the jury to follow instructions from *three* different states, including states that apply different tests to evaluate product defects.

Beyond choice of law concerns, Plaintiffs cannot point to any other reason to group the cases like they have proposed. To the contrary, the stark differences in facts among the Group A cases (discussed at more length in Defendants' response) renders these proposed groupings little more than random. Estes, for example, testified that he never received *any* instructions—oral or written—about the CAEv2, used them only stateside during training, and claims noise-induced hearing loss from a single incident on the firing range. Yet Plaintiffs propose trying his case alongside Hacker, who claims to have received oral *and* written instructions about the CAEv2, suffers from conductive hearing loss (not caused by noise exposure), and experienced loud IED explosions while deployed overseas. Other than claiming to use the CAEv2 (though not exclusively) during their Army service, there is nothing else to tie Estes and Hacker together. It is no wonder that the *Manual for Complex Litigation* suggests trying bellwether cases individually *before* deciding if and how to consolidate cases for later trials so that the Court can see how the common and individual parts of the cases play out at trial. *See Manual for Complex Litig.* §22:314, at 359 (4th ed. 2004).

## II. <u>The groupings and trial order proposed by Plaintiffs is unfair</u>

Though the groupings proposed by Plaintiffs do not appear to be based on any factual similarities, they do contain one thing in common: their own choice for Group A (Estes) would be in the first trial under both scenarios. Under option 1, they note that a 3M choice would be included (Hacker) but fail to point out that Hacker was originally in Group B until another Group A case was dismissed. And under both scenarios, 3M's choice for Group A (McCombs) is relegated to the second trial slot.

In the event the Court agrees with one of the groupings proposed by Plaintiffs, the only fair approach would be to allow 3M to select the order that the consolidated cases would be tried. If the Court accepts Plaintiffs' position, 3M's choice for Group A (McCombs) should be included in the first trial. And if Baker is to be grouped with McCombs—as Plaintiffs propose—then Baker should also be included in the first trial. That prevents Plaintiffs from choosing both the cases to be tried together and the order of those trials, thereby skewing the bellwether process in their favor.

Of course, as 3M pointed out before, the better approach would be to follow the majority of MDL courts and allow the bellwether process to work as it was intended: with a series of *individual* trials so that the parties can evaluate the strengths and weaknesses of the cases on their own merits.

Dated:  December 29, 2020

Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Charles F. Beall, Jr.
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola, FL 32502
Telephone: (850) 434-3541
cbeall@mhw-law.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 29th day of December, 2020, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
