### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION,   Case No. 3:19-md-2885-MCR-GRJ

Judge M. Casey Rodgers
Magistrate Judge Gary Jones

This Document Relates to All Cases
_____/

# **O R D E R**

On November 5, 2020 the Court entered an order in the *Baker* (7:20-cv-39-MCR-GRJ) and *Hacker* (7:20cv-131-MCR-GRJ) cases ordering the Plaintiffs to supplement their ESI production. The Court directed that supplementation will be made on a date-certain and not on a monthly or otherwise regular basis. The Court ordered the parties to meet and confer to agree on a date certain for supplementation and if the parties were unable to agree the parties were directed to reach out to the Court for resolution.

Consistent with the Court's directive the parties have met and conferred and reached agreement as to the date of supplementation for cases in Bellwether Group A cases. The parties have not, however,

Case 3:19-md-02885-MCR-GRJ   Document 1588   Filed 12/31/20   Page 2 of 4

*Page 2 of 4*

reached agreement on the date for supplementation for Bellwether Groups B, C, or D and have asked the Court to resolve the issue.

Plaintiffs propose the following dates for supplementation of ESI: Group B, February 23, 2021; Group C, May 18, 2021; and Group D, June 22, 2021. Defendants propose the Plaintiffs supplement ESI production 90 before the trial dates.

According to Plaintiffs, their proposal utilized the same number of days (102) between the close of discovery for Group A and the agreed upon date for supplementing ESI in Group A cases.  Plaintiffs say that this proposal provides certainty as to the date of supplementation and therefore each Plaintiff in Bellwether Groups, B, C and D will know that they must supplement their ESI production 102 days after the close of discovery in each group.

Defendants proposal takes a slightly different approach. According to Defendants, the agreed upon January 19, 2021 supplementation date for Group A will occur approximately 80 days before the scheduled trial. Thus, according to Defendants, requiring supplementation 90 days before trial will be consistent with the time frame in Group A and will avoid a potentially much wider gap between supplementation and trial depending upon when cases for Groups B, C and D are scheduled for trial.

*Case No: 3:19-md-2885-MCR-GRJ*

Both proposals make sense. Plaintiffs' proposal provides certainty so that each Plaintiff will know the deadline for supplementation notwithstanding when the case is set for trial. Defendants' proposal ensures production of supplemental ESI approximately three months before trial and avoids a potentially large gap of time between supplementation and trial in the event trials are scheduled more than three months after Plaintiffs' proposed date for supplementation.

Having considered the proposals the Court concludes that Defendants' proposal should be followed. The rational behind the Court's view of supplementation was to make sure that Defendants had the benefit of supplementation at some point in time close enough to trial to capture all supplemental ESI (if any) and at the same time provide a date certain for supplementation so that Plaintiffs do not have to provide supplementation on a rolling basis. In the Court's view providing a date certain was proportional because it would reduce the cost and time Plaintiffs would incur if supplementation occurred on a rolling basis. Although trial dates have been scheduled for Group A cases, conceivably there could be issues that arise between now and then which could cause the scheduling of trials for Groups B, C, and D to occur well more than three months after the dates Plaintiffs have proposed for supplementation. This could make

supplementation stale—and depending upon unforeseen events and the length of time between the close of discovery and trial—create a potential need for further supplementation. By tying supplementation to ninety days before trial, this problem will be avoided and Plaintiffs still will only be required to incur the cost and time in supplementing one time.

For these reasons, the Court concludes that Plaintiffs must supplement ESI production 90 days before trial for cases in Bellwether Groups B, C and D.

**DONE AND ORDERED** this 31st day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge