**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Document Relates to:<br>*Lloyd Baker*, No. 7:20-cv-00039;<br>*Luke Estes*, No. 7:20-cv-00137;<br>*Stephen Hacker*, No. 7:20-cv-00131;<br>*Lewis Keefer*, No. 7:20-cv-00104;<br>*Dustin McCombs*, No. 7:20-cv-00094 | Magistrate Judge Gary R. Jones<br><br>**[FILED UNDER SEAL]** |

**PLAINTIFFS' MOTION FOR SANCTIONS TO STRIKE DEFENDANTS' SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY A. FLAMME, Ph.D. & MARK STEPHENSON, Ph.D.**

FILED USDC FLND PN
JAN 8 '21 PM1:38

At 11:54 PM CT on January 7, 2021, with 24 hours remaining before the parties *Daubert* deadline, Defendants disclosed new expert opinions in the Defendants' Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. & Mark Stephenson, Ph.D. Ex. A (Email from Eric Tintle), Ex. B (Second Supplemental Report of Flamme & Stephenson). Pursuant to Federal Rule of Civil Procedure 37(c), Plaintiffs move to strike the Second Supplemental Report of Flamme & Stephenson as a sanction for untimely disclosure.

Pursuant to the Federal Rules, the Court has discretion to set a deadline for expert disclosures. Fed. R. Civ. P. 26(a)(2)(C). And an expert's testimony can be excluded if a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless. Fed. R. Civ. P. 37(C)(1). "[A] supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007); *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003).

There is no question that the Second Supplemental Report of Flamme & Stephenson is untimely. The Court set the deadline for Defendant's expert disclosures as November 9, 2020. Pretrial Order No. 53, ECF 1404. The Second Supplemental Report of Flamme & Stephenson was provided to Plaintiffs on January 7, 2021. Defendants' failure to comply with the disclosure deadline was

neither substantially justified nor harmless. There is no valid justification for the delay, as the opinions offered are based on information, including reports and disclosures of Plaintiffs' experts that were disclosed to Defendants on October 9, 2020, and the depositions which followed in November and December 2020. There is also significant prejudice to Plaintiffs because Plaintiffs received the new opinions with the *Daubert* motion deadline less than one day away. Also, the co-authors had both already been deposed: Flamme on December 22, 2020, and Stephenson on December 30, 2020.

Accordingly, the Second Supplemental Report of Flamme & Stephenson should be excluded.

## LEGAL STANDARD

The Court has broad discretion to exclude untimely expert disclosures. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019); *Corwin*, 475 F.3d at 1252.

## ARGUMENT

### THE FLAMME & STEPHENSON REPORT SHOULD BE EXCLUDED

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). These disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D)(i). The time limitations imposed on expert disclosures are designed "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotation marks omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, (2006). "To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports," *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682–83 (M.D. Fla. 2010), if a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

For purposes of Rule 37, "substantial justification" is justification "to a degree that could satisfy a reasonable person that parties could differ as to whether the party

was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. at 682 (internal quotation marks omitted). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure." *Id.* at 683. The party that failed to comply with Rule 26(a) bears the burden of establishing that its untimely disclosure was either substantially justified or harmless. *Lamonica v. Hartford Ins. Co. of the Midwest*, 2020 WL 6695198, at *2 (N.D. Fla. Nov. 5, 2020) (citing *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)).

Because the Second Supplemental Report of Flamme & Stephenson was filed after the expert disclosure deadline and the delay is neither substantially justified nor harmless, the report should be stricken in its in entirety.

**A. The Second Supplemental Report Of Flamme & Stephenson Is Untimely.**

The deadline for Defendants' expert disclosures was November 9, 2020. Pretrial Order No. 53, ECF 1404. The Second Supplemental Report of Flamme & Stephenson was disclosed at six minutes to midnight central time, January 7, 2021.

**B. Defendants' Late Disclosure Of The Second Supplemental Report Of Flamme & Stephenson Is Not Substantially Justified.**

The Second Supplemental Report of Flamme & Stephenson report covers three topics: (1) sound levels of vehicles and weapons; (2) Dr. David Madigan's

comparison of REAT tests; and (3) perceptibility of attenuation. For each of these three topics, Defendants cannot justify disclosure at midnight on the eve of the parties' *Daubert* deadline. Ex. B (Second Supplemental Report of Flamme & Stephenson).

Sound levels of vehicles and weapon: The Government provided sound level data to the parties as part of its December 2020 response to *Touhy* requests related to Group B cases. The Flamme & Stephenson report does not discuss or offer new opinions regarding the plaintiff-specific sounds levels provided in their report. The Government's disclosure did postdate the expert deadline. Nevertheless, given Flamme & Stephenson mere reprinting of that data, delaying disclosure of their consideration of this information, is unjustified.

Madigan's comparison of REAT tests: Plaintiffs disclosed Madigan's testimony and provided Defendants with the corresponding report on October 9, 2020. There was no mention of Madigan's opinions in the initial, November 9, 2020 expert report of Flamme & Stephenson. Ex. C (November 9, 2020 Report of Flamme & Stephenson). Nor was there any mention of Madigan's opinions in their December 4, 2020 supplemental report. Ex. D (December 4 Supplemental Report of Flamme & Stephenson). Plaintiffs have neither amended nor supplemented Madigan's report. Nor was any new information regarding Madigan's analysis revealed during his December 11, 2020 deposition. Regardless, the data analyzed by Flamme and

Stephenson in this regard, Aearo's REAT tests 213015 and 213017, have been in Defendant's possession and control since 2000. There is no justification for the last-minute addition of Flamme and Stephenson's new, surprise rebuttal opinion, which could have been offered in either the November 9, 2020 or December 4, 2020 reports, and could have been raised by Defendants during either experts December 2020 depositions.

Perceptibility of attenuation: Defendants offer a series of new analyses and opinions relating to Dr. Eddins's expert report and Richard McKinley's deposition testimony. The untimely disclosure of these previously undisclosed opinions cannot be justified. Defendants have had both Eddins's and McKinley's expert reports since October 9, 2020. The raw data for Eddins's MIRE measurements was provided prior to Defendants' November 9, 2020 deadline, and was the justification provided for Defendants December 4, 2020 supplement. Ex. C at 2 ("Because we received these materials right before the submission of our opinions, we did not have a full opportunity to evaluate the data provided. We now submit this supplemental report in support of our previous general report, which evaluates the additional data we received from Dr. Eddins.). No such explanation is offered for the late filing of the Second Supplemental Report of Flamme & Stephenson. Nor is there one. The window for expert reports closed more than two months ago, and "because the expert witness discovery rules are designed to allow both sides in a case to prepare their

cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper*, 390 F.3d at 728 (internal citation omitted).

**C. Defendants' Late Disclosure Of The Second Supplemental Report of Flamme & Stephenson Is Not Harmless.**

Plaintiffs will be prejudiced if the Defendants are permitted to disclose new expert testimony after depositions have been completed, after the allotted time for rebuttal reports, and with the *Daubert* deadline imminent.

*Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), is instructive. In *Reese*, a plaintiff filed his expert report almost seven weeks after the close of discovery. 527 F.3d at 1264–65. The Eleventh Circuit concluded that the late filing harmed the defendants because it foreclosed the opportunity to depose the expert. *Id.* at 1265. Even in that case, where the plaintiff could have filed a motion to extend discovery to permit a proper disclosure, but failed to do so, *Id.* at 1266, the district court did not abuse its discretion in striking the expert's report in its entirety. *Id.*; *see also Guevara*, 920 F.3d 710, 719 (11th Cir. 2019).

Here, the late disclosure of the Second Supplemental Report of Flamme & Stephenson is prejudicial. Defendants sent Plaintiffs the new opinions by email literally six minutes to midnight on the evening before Plaintiffs' motions to exclude experts were due. This deadline has been known to both parties for months, and the parties were previously asked to inform the court about the scope of their intended

*Daubert* motions, with the Court allotting different word limits based on the parties' representations. Moreover, the deadline for Plaintiffs' rebuttal reports was November 19, 2020. And both Flamme and Stephenson were deposed in December 2020. Thus, Defendants January 7, 2021 disclosure shielded these new opinions from rebuttal and cross examination and prejudiced Plaintiffs' ability to move against Flamme and Stephenson.

**CONCLUSION**

For the aforementioned reasons, the Court should strike the Flamme & Stephenson Report and bar any testimony relating to the untimely disclosed opinions therein.

DATED: January 8, 2021

*/s/ Bryan F. Aylstock*

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

***Counsel for Plaintiffs***

**CERTIFICATE OF COMPLIANCE**
**WITH LOCAL RULE 7.1(F)**

I hereby certify that this motion complies with the word limit of Local Rule 7.1(F) and contains 1730 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated: January 8, 2021

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that they met and conferred with Defendants on January 8, 2021, regarding Plaintiffs' Motion for Sanctions to Strike Defendants' Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. & Mark Stephenson, Ph.D. Defendants oppose the instant motion and we were not able to come to agreement. The parties will continue to meet and confer to hopefully reach agreement. Plaintiffs are filing this motion today in light of the Daubert motion deadline.

Dated: January 8, 2021

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 8th day of January, 2021, a true and correct copy of the foregoing was filed under seal and served on the counsel of record by email pursuant to the Protective Order in this case.

.

Dated: January 8, 2021

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock