## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Document Relates to: | Magistrate Judge Gary R. Jones |
| *Lloyd Baker*, No. 7:20-cv-00039; | |
| *Luke Estes*, No. 7:20-cv-00137; | |
| *Stephen Hacker*, No. 7:20-cv-00131; | |
| *Lewis Keefer*, No. 7:20-cv-00104; | |
| *Dustin McCombs*, No. 7:20-cv-00094 | **[FILED UNDER SEAL]** |

## PLAINTIFFS' MOTION FOR SANCTIONS TO STRIKE DEFENDANTS' SECOND SUPPLEMENTAL EXPERT REPORT OF HARRI KYTOMAA, Ph.D., P.E., CFEI

On the evening of Thursday, December 31, 2020 – as we were all preparing to say goodbye to a tumultuous 2020 and ring in the New Year – Defendants disclosed new expert opinions in a third report of Harri Kytomaa, Ph.D., P.E., CFEI. Ex. A (Email from Manu Salas), Ex. B (Second Supplemental Report of Harry Kytomaa, Ph.D., P.E., CFEI). Dr. Kytomaa's deposition was already scheduled to occur immediately following the holiday weekend, at 9:30 AM on Monday and the deadline for filing Daubert motions was just days away. Thus, pursuant to Federal Rule of Civil Procedure 37(c), Plaintiffs move to strike the Second Supplemental Report of Harry Kytomaa as a sanction for this untimely disclosure.

Pursuant to the Federal Rules, the Court has discretion to set a deadline for expert disclosures. Fed. R. Civ. P. 26(a)(2)(C). And an expert's testimony can be excluded if a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless. Fed. R. Civ. P. 37(C)(1). "[A] supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007); *Williamson Oil Co. v. Philip Morris USA,* 346 F.3d 1287, 1323 (11th Cir. 2003).

There is no question that the Second Supplemental Report of Dr. Kytomaa is untimely. The Court set the deadline for Defendant's expert disclosures as November 9, 2020. Pretrial Order No. 53, ECF 1404. Defendants had already

served an untimely Supplemental Report of Dr. Kytomaa 16 days after the deadline before filing their second untimely Second Supplemental Report of Dr. Kytomaa on December 31, 2020 – 52 days after Defendants' expert disclosure deadline. Defendants' failure to comply with the disclosure deadline was neither substantially justified nor harmless. There is no valid justification for the delay, as the opinions offered are based on information, including reports and disclosures of Plaintiffs' experts that were disclosed to Defendants in Mr. Armstrong's October 9, 2020 report and during the deposition which followed on December 3, 2020. There is also significant prejudice to Plaintiffs because Plaintiffs received the new opinions over the holiday weekend just 4 days prior to Dr. Kytomaa's scheduled deposition.

Accordingly, the Second Supplemental Report of Dr. Kytomaa should be excluded.

## LEGAL STANDARD

The Court has broad discretion to exclude untimely expert disclosures. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019); *Corwin*, 475 F.3d at 1252.

## ARGUMENT
## KYTOMAA'S SECOND SUPPLEMENTAL REPORT
## SHOULD BE EXCLUDED

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

Fed. R. Civ. P. 26(a)(2)(A).  These disclosures must include a "written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).

Expert disclosures must be made "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D)(i).  The time limitations imposed on expert disclosures are designed "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotation marks omitted).  "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, (2006).  "To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports," *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682–83 (M.D. Fla. 2010), if a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

For purposes of Rule 37, "substantial justification" is justification "to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. at 682 (internal quotation marks omitted). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure." *Id.* at 683. The party that failed to comply with Rule 26(a) bears the burden of establishing that its untimely disclosure was either substantially justified or harmless. *Lamonica v. Hartford Ins. Co. of the Midwest*, 2020 WL 6695198, at *2 (N.D. Fla. Nov. 5, 2020) (citing *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)).

Because the Second Supplemental Report of Dr. Kytomaa was filed after the expert disclosure deadline and the delay is neither substantially justified nor harmless, the report should be stricken in its in entirety.

> **A.      The Second Supplemental Report Of Dr. Kytomaa Is Untimely.**

The deadline for Defendants' expert disclosures was November 9, 2020. Pretrial Order No. 53, ECF 1404. The Second Supplemental Report of Dr. Kytomaa was disclosed at 6:45 PM on New Year's Eve – 52 days after Defendants' expert disclosure deadline.

5

**B.     Defendants' Late Disclosure Of The Second Supplemental Report Of Dr. Kytomaa Is Not Substantially Justified.**

Defendants disclosed Dr. Kytomaa's original report on November 9, 2020, and his Supplemental Report on November 25, 2020.[1] However, on the evening of December 31, 2020 — more than a month after his November 25, 2020 Supplemental Report and 52 days after the November 9th deadline, Defendants disclosed Dr. Kytomaa's Second Supplemental Report.[2] This Second Supplemental Report was disclosed well past the Court's disclosure deadline and, as a result, did not provide Plaintiffs' counsel sufficient time to prepare for Dr. Kytomaa's deposition which occurred Monday, January 4, 2020, immediately following the holiday weekend.

In Dr. Kytomaa's Second Supplemental Report, he attempts to justify the untimeliness of the new opinions by claiming:

> On the evening of Friday November 6, 2020, Mr. Armstrong produced additional documents related to his SPICE simulation, which I did not have time to take into account in my November 9 report. On November 9, 2020, the same day as my report was due, additional materials were produced by plaintiffs' experts, including Mr. Armstrong's SPICE simulation files. Again, I did not have time to take those materials into account in my November 9 report. On Thursday, November 19, 2020, Mr. Armstrong produced additional materials and also issued another report, which included reliance on his late-produced materials. This supplementary report responds to

---

[1] While Dr. Kytomaa's November 25, 2020 Supplemental Report was also untimely, Plaintiffs are not moving to strike that report.

[2] *See* Ex A, Second Supplemental Report of Dr. Kytomaa (Dec. 31, 2020).

> Mr. Armstrong's late-produced materials and his November 19 report
> relying on those late-produced materials.

*See* Kytomaa Second Supplemental Report at p. 3.

As an initial matter, Dr. Kytomaa's claim that Dr. Armstrong's SPICE files were produced late is erroneous. Indeed, Mr. Armstrong's report was served timely in this matter, including the associated outputs of the LTSpice modeling that he performed.  The native files for this modeling were subsequently produced November 6, 2020, to Defendants, following a request for the underlying input and output files for the modeling that Mr. Armstrong performed.  These same files were then produced to Defendants again on November 9, 2020, following a request for these same data files in another format, which Plaintiffs obliged.  Specifically, the second request for files involved the LTSpice format for the data (provided in a timely fashion), while data for the initial request had been produced in Excel format.  More importantly, there is no risk of prejudice to Defendants because the overall conclusions from this modeling were disclosed in Mr. Armstrong's October 9 expert report in a clear and robust fashion.

Dr. Kytomaa also mischaracterizes Dr. Armstrong's November 19 report, which was not a new report but, instead, merely a rebuttal to Dr. Kytomaa's November 9 report. More importantly, however, Dr. Kytomaa does not provide any justification for waiting so long, until the evening of December 31st, during the holiday and just days before Plaintiffs were scheduled to depose him, to disclose

the new opinions. Tellingly absent from the excuses delineated by Dr. Kytomaa in his Second Supplemental Report, is any suggestion that he did not have sufficient time to include these new opinions earlier, including within his November 25th Supplemental Report. Had Dr. Kytomaa included the opinions from his Second Supplemental Report earlier or even within his November 25 Supplemental Report, Plaintiffs' counsel would have been better prepared to cross examination Dr. Kytomaa on the new opinions.

The Court set clearly defined deadlines for expert disclosures to promote efficiency and preserve judicial resources.  By attempting to interject new and additional expert opinions over the holiday and just days before his scheduled deposition, Defendants seek to undermine that purpose.  *Cooper*, 390 F.3d at 728 ("because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational."  (internal citation omitted).

### C.  Defendants' Late Disclosure Of The Second Supplemental Report of Dr. Kytomaa Is Not Harmless.

Plaintiffs were prejudiced by the Defendants late, holiday disclosure as they were not able to adequately prepare to cross examine Dr. Kytomaa on his new opinions, and with the *Daubert* deadline imminent. *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), is instructive.  In *Reese*, a plaintiff filed his expert report almost seven weeks after the close of discovery. 527 F.3d at 1264–65.  The Eleventh Circuit

concluded that the late filing harmed the defendants because it foreclosed the opportunity to depose the expert. *Id.* at 1265. Even in that case, where the plaintiff could have filed a motion to extend discovery to permit a proper disclosure, but failed to do so, *Id.* at 1266, the district court did not abuse its discretion in striking the expert's report in its entirety. *Id.*; *see also Guevara*, 920 F.3d 710, 719 (11th Cir. 2019).

Here, the late disclosure of the Second Supplemental Report of Kytomaa is prejudicial. Defendants sent Plaintiffs the new opinions on the night of New Year's eve just 4 days prior to his deposition with the *Daubert* deadline just 5 days after that. This deadline has been known to both parties for months, and the parties were previously asked to inform the court about the scope of their intended *Daubert* motions, with the Court allotting different word limits based on the parties' representations. Moreover, the deadline for Plaintiffs' rebuttal reports was November 19, 2020. Thus, Defendants December 31, 2020 disclosure shielded these new opinions from rebuttal and cross examination and prejudiced Plaintiffs' ability to move against Dr. Kytomaa.

## CONCLUSION

For the aforementioned reasons, the Court should strike Dr. Kytomaa's Second Supplemental Report and bar any testimony relating to the untimely disclosed opinions therein.

DATED: January 12, 2021

*/s/ Bryan F. Aylstock*

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz,
PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead
Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

***Counsel for Plaintiffs***

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH LOCAL RULE 7.1(F)</u>

I hereby certify that this motion complies with the word limit of Local Rule 7.1(F) and contains 1896 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.


Dated: January 12, 2021          _/s/ Bryan F. Aylstock_
                                   Bryan F. Aylstock

11

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that they met and conferred with counsel for Defendants about the subject of this motion by phone on January 11, 2021 and again by email on January 12, 2021. Plaintiffs were unable to resolve their disagreements with Defendants.

Dated: January 12, 2021                          */s/ Bryan F. Aylstock*
                                                                  Bryan F. Aylstock

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 12th day of January, 2021, a true and correct copy of the foregoing was filed under seal and served on the counsel of record by email pursuant to the Protective Order in this case.

.

Dated: January 12, 2021                    */s/ Bryan F. Aylstock*
                                           Bryan F. Aylstock