## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-2885-MCR-GRJ |
| | ) | Judge M. Casey Rodgers |
| | ) | Magistrate Judge Gary R. Jones |
| This Document Relates to: | ) | |
| | ) | |
| *Lloyd Baker*, No. 7:20-cv-00039; | ) | |
| *Luke Estes*, No. 7:20-cv-00137; | ) | |
| *Stephen Hacker*, No. 7:20-cv-00131; | ) | |
| *Lewis Keefer*, No. 7:20-cv-00104; | ) | **CONFIDENTIAL – FILED** |
| *Dustin McCombs*, No. 7:20-cv-00094 | ) | **UNDER SEAL** |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS TO STRIKE DEFENDANTS' SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY A. FLAMME, Ph.D. & MARK STEPHENSON, Ph.D.

Plaintiffs' motion (the "Motion") to strike the Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. and Mark Stephenson, Ph.D. (the "Supplemental Report") should be denied for two reasons.

First, the Motion is based on a false premise: that "Defendants disclosed new expert opinions in the [Supplemental Report]." The Supplemental Report does not reflect new opinions; it expands on opinions that were disclosed in Dr. Flamme's and Dr. Stephenson's prior reports and that Plaintiffs could have examined at deposition at length. Specifically, the Supplemental Report addresses three topics, none of which are a new, stand-alone opinion:

FILED USDC FLND PN
JAN 14 21 AM8:26

- Health Hazard Assessment ("HHA") Data: The Supplemental Report includes HHA data provided by the Government. In their November 9, 2020 Report, Dr. Flamme and Dr. Stephenson presented similar data from public sources. Defendants first sought noise data from the Government on June 21, 2019, but it was not provided until December 28, 2020 after multiple *Touhy* requests, motion practice, and negotiation. (*See* Dkt. Nos. 1433 at 3, 1433-1, 1576; Exs. 1-3 (HHA Data).)[1] The Court has recognized Defendants' need to supplement expert disclosures based on Government discovery. (*See* Ex. 4 (9/9/2020 Hr'g Tr.) at 15:13-16:7.) And as Plaintiffs concede, the data is just that: data, not a new opinion. (Motion at 6 (the Supplemental Report "does not discuss or offer new opinions regarding the plaintiff-specific sounds [sic] levels provided in their report").)

- Madigan Analysis: Plaintiffs argue that "[t]here was no mention of Madigan's opinions" in Dr. Flamme's and Dr. Stephenson's prior report. That is incorrect. The first page of their November 9, 2020 Report states: "We disagree with Dr. Madigan's premise that his inferential results are attributable to the folding of the flanges on the CAEv2." (Ex. C (11/9/2020 Expert Report) at 1.) The bases for that opinion are elaborated upon later in the report. (*Id.* at 57-65.) Plaintiffs' choice not to examine either Dr. Flamme or Dr. Stephenson on their rebuttal to Dr. Madigan in their prior depositions does not make the opinion new.

- Imperceptible Loosening: The topic of imperceptible loosening was addressed in Dr. Flamme's and Dr. Stephenson's prior report. As they described in that report: "We disagree with Dr. Franks' assertion that the CAEv2 has a tendency to slip imperceptibly from the wearer's ear canal." (*Id.* at 1.) At deposition, both Dr. Flamme and Dr. Stephenson further explained their criticisms of imperceptible loosening, including that "any meaningful change in the attenuation characteristics of a hearing protector in any normal environment would provide a listener with multiple cues or opportunities to perceive it." (Ex. 5 (12/22/2020 Flamme Dep. Tr.) at 30:18-31:14.) The

---

[1] All citations to Exhibits A-D refer to the Exhibits filed in connection with Plaintiffs' Motion for Sanctions to Strike Defendants' Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. & Mark Stephenson, Ph.D. All citations to Exhibits 1-6 refer to Exhibits filed concurrently herewith.

Supplemental Report merely expands on these opinions, including based on Mr. McKinley's deposition.

Second, as to the additional data and analysis that is set forth in the Supplemental Report, and as Plaintiffs concede, the remedy that Plaintiffs seek is not warranted if Defendants' conduct "is substantially justified or is harmless." (Motion at 2 (citing Fed. R. Civ. P. 37(c)(1)).) To determine whether a late disclosure is "substantially justified" or "harmless," the Eleventh Circuit evaluates: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Water v. HDR Engineering, Inc.*, 2011 WL 13176484, at *6 (M.D. Fla. May 11, 2011). As described further below, each of these factors weighs squarely in favor of Defendants here:

- No Surprise to Plaintiffs: Plaintiffs have known that Defendants were pursuing HHA data from the Government and the Court has recognized that Defendants may supplement their expert disclosures on the basis of such data. As described above, Plaintiffs have also known that Dr. Flamme and Dr. Stephenson are offering opinions in rebuttal to Dr. Madigan and as to the issue of imperceptible loosening. Thus, Plaintiffs cannot credibly claim surprise as to the subject matter addressed in the Supplemental Report;

- Ability of Party to Cure the Surprise:  Defendants have already offered to make Dr. Flamme and Dr. Stephenson available to be deposed on their Supplemental Report in the Group A cases. In any event, Dr. Flamme and Dr. Stephenson will both be deposed in early February in the Group B cases. Thus, any claimed surprise is subject to being fully cured;

3

- <u>Disruption of Trial</u>: There will be no disruption of trial. As described above, the topics of noise data and imperceptible loosening were addressed in Dr. Flamme's and Dr. Stephenson's prior report and at their depositions. They also disclosed a rebuttal to Dr. Madigan in their prior report. Yet Plaintiffs made no *Daubert* challenge as to Dr. Flamme or Dr. Stephenson on such topics and the additional information in the Supplemental Report will not change that. To the extent Plaintiffs have further issues to raise at the motion *in limine* stage, the relevant pretrial deadlines are still weeks away;

- <u>Importance of the Evidence</u>: The evidence is important to Defendants' case as it provides further detail on Dr. Flamme's and Dr. Stephenson's rebuttal of two of Plaintiffs' key themes: (1) that the CAEv2 can imperceptibly loosen in the user's ear; and (2) that the differences in certain REAT test results are due to the need to fold back the flanges when using the CAEv2;

- <u>Explanation for Disclosure</u>: As to the HHA data cited in the Supplemental Report, such data was diligently sought by Defendants from the Government as early as June 2019 but was not provided until December 28 through 30, 2020. With respect to the other analysis, the Supplemental Report elaborates on opinions already known to Plaintiffs based on additional data, including, among other things, information learned at the deposition of Mr. McKinley that took place on December 9, 2020.

Thus, for the foregoing reasons, Defendants' respectfully request that this Court deny the Motion.

## **ARGUMENT**

### I.   THE SUPPLEMENTAL REPORT DOES NOT DISCLOSE NEW OPINIONS.

Plaintiffs' contention that Dr. Flamme and Dr. Stephenson have disclosed "new expert opinions" is an overstatement. The Supplemental Report does not disclose new, stand-alone opinions; it instead expands upon previously-offered opinions with additional data and analysis. It is not the type of disclosure that warrants the remedy that Plaintiffs seek. *See Miele v. Certain Underwriters at*

*Lloyd's of London*, 559 Fed. App. 858, 862 (11th Cir. 2014) (holding that the district court "did not abuse its discretion by denying plaintiffs' motion to strike" where the "conclusions, reflected in the [expert] report were materially similar to the statement" in a declaration disclosed after the discovery cutoff); *see also United States v. McCarthy Improvement Co.*, 2017 WL 443486, at *7 (M.D. Fla. Feb. 1, 2017) ("A failure to timely make required disclosures might be harmless if substantially similar evidence has already been produced.")

With respect to the HHA data, for example, Plaintiffs concede that the Supplemental Report merely contains new data, not opinions. (*See* Motion at 6 (the Supplemental Report "does not discuss or offer new opinions regarding the plaintiff-specific sounds [sic] levels provided in their report").) In their November 9, 2020 Report, Dr. Flamme and Dr. Stephenson listed data for noise levels of various weapons systems and vehicles based on publicly available information. (*See* Ex. C (11/9/2020 Expert Report) at 26-29.) Defendants first sought this data from the Government on June 21, 2019. Dkt. 1433-1. Thereafter, Defendants engaged in significant discussions with the Government, submitted supplemental *Touhy* requests targeted at the same issue, and ultimately filed a motion to compel the data from the government on October 2, 2020. Dkt. 1433 at 3.

As a result of that motion, Defendants and the Government continued to negotiate the parameters and scope of the requested HHA data, ultimately entering

5

into a stipulation on December 22, 2020. Dkt. 1576. Within the week, the
Government started to produce responsive HHA data. (Exs. 1-3 (HHA Data).) Thus,
the data offered in Dr. Flamme's and Dr. Stephenson's Supplemental Report
includes additional weapons system and vehicle noise levels that was not available
to them prior to late December 2020. The Court anticipated supplements of this
nature, noting that there would be no problem if Defendants "need[ed] to
supplement" their expert disclosures based on Government data produced after the
deadline. (Ex. 4 (9/9/2020 Hr'g Tr.) at 15:13-16:7.) That is precisely why Dr.
Flamme and Dr. Stephenson provided additional HHA data in their Supplemental
Report.

Although the Supplemental Report provides additional detail and analysis, Dr.
Flamme's and Dr. Stephenson's criticisms of Dr. Madigan's opinions have likewise
been previously disclosed. In their Motion, Plaintiffs assert that "there was no
mention of Madigan's opinions in the initial, November 9, 2020 expert report of Dr.
Flamme and Dr. Stephenson." (Motion at 6.) Not so. On the very first page of their
November 9, 2020 report, Dr. Flamme and Dr. Stephenson state as follows:

> We disagree with Dr. Madigan's premise that his inferential results are
> attributable to the folding of the flanges on the CAEv2.

(Ex. C (11/9/2020 Expert Report) at 1.) Dr. Flamme and Dr. Stephenson further
explained their views on this topic in their November 9, 2020 Report, including in
conducting bootstrap analyses of the various REAT testing conducted on the CAEv2

and determining that the variation in attenuation across REAT tests nevertheless satisfied the salient characteristics set forth in the Government's procurement specifications for similar products. (*See.* Ex. C (11/9/2020 Expert Report) at 57-65.) Despite these opinions, not once did Plaintiffs inquire about their criticisms of Dr. Madigan's opinions at deposition.

Critically, the opinion that Dr. Flamme and Dr. Stephenson espoused as to Dr. Madigan in their November 9, 2020 Report is precisely the opinion affirmed in the Supplemental Report:

> We disagree and refute any suggestion whether by Dr. Madigan or otherwise that the significant difference between test 213015 and test 213017 was due to the treatment of the flanges on the unused end of the CAEv2.

(Ex. B (1/7/2021 Expert Report) at 6.) Dr. Flamme's and Dr. Stephenson's opinions remain the same and should not be new to Plaintiffs.

The same is true of Dr. Flamme and Stephenson's opinions about imperceptible loosening. In their November 9, 2020 Report, Dr. Flamme and Dr. Stephenson "disagree[d] with Dr. Franks' assertion that the CAEv2 has a tendency to slip imperceptibly from the wearer's ear canal." (Ex. C (11/9/2020 Expert Report) at 1.) At deposition, Dr. Flamme reaffirmed this opinion:

> Q.     So you disagree that there's imperceptible loosening?
>
> A.     Yes, I do. . . .
>
> Q.     So is that why you don't like the word "imperceptible," because you believe that this happens and people are aware of it?

A.    I believe that any meaningful change in the attenuation characteristics of a hearing protector in any normal environment would provide a listener with multiple cues or opportunities to perceive it.

(Ex. 5 (12/22/2020 Flamme Dep. Tr.) at 30:18-31:14.) Dr. Stephenson further elaborated on his opinions related to imperceptible loosening during deposition. (Ex. 6 (12/30/2020 Stephenson Dep. Tr.) at 90:14-99:10.) Here again, although the Supplemental Report expands upon these opinions with additional analysis and data, Dr. Flamme and Dr. Stephenson have reached no new stand-alone opinion. In sum, having previously disclosed opinions in their prior reports on the same topics and testimony related thereto, there is no cause to strike the Supplemental Report.

## II.   THE DISCLOSURE IS SUBSTANTIALLY JUSTIFIED AND HARMLESS.

The Supplemental Report also should not be stricken because its disclosure was substantially justified and harmless. A party who fails to provide information as required under Federal Rule of Civil Procedure 26 may use such information at trial if the disclosure is substantially justified or harmless. *See* Fed. R. Civ. Proc. 37(c)(1). "A district court's discretion to determine whether a nondisclosure is substantially justified or harmless should be guided by factors including: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Water v. HDR Engineering, Inc.*,

8

2011 WL 13176484, at *6 (M.D. Fla. May 11, 2011); *see also Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 WL 1135139, at *7 (M.D. Fla. Mar. 4, 2011). "Failure to timely make the required expert disclosures is harmless when the party entitled to the disclosure suffers no prejudice." *Earle v. State Farm Flame. Ins. Co.*, 2088 WL 53916, at *1 (M.D. Fla. Jan. 2, 2008) (citing *Ellison v. Windt*, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001)).

Here, the factors weigh in favor of permitting Defendants to offer the Supplemental Report at trial. *First*, as set forth in detail above, there is no real surprise because the Supplemental Report expounds upon opinions that have been previously disclosed. *See, supra,* Section I.

*Second*, Defendants have offered to cure any alleged surprise. As a threshold matter, contrary to Plaintiffs' Motion, nothing in the Supplemental Report implicates Plaintiffs' *Daubert* briefing. Though Plaintiffs knew of each of these opinions well before the deadline, nowhere in their *Daubert* briefing do they challenge Dr. Flamme's and Dr. Stephenson's opinions based on the HHA data, the alleged need (or lack thereof) to fold back the flanges, and alleged imperceptible loosening. *See generally* Dkt. 1595.

In any event, Defendants have already offered Dr. Flamme and Dr. Stephenson for deposition regarding their Supplemental Report, further underscoring the lack of harm or surprise. First, in connection with this Motion,

Defendants offered both experts for deposition solely on the topics described in the Supplemental Report. Plaintiffs declined. Nevertheless, Dr. Flamme and Dr. Stephenson are currently scheduled to be deposed in connection with the Group B schedule in the second week of February. As part of those depositions, Plaintiffs are permitted to depose Dr. Flamme and Dr. Stephenson about the content of the Supplemental Report. Thus, unlike in *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), *see* Mot. at 8, Plaintiffs will have the full opportunity to depose and cross-examine Dr. Flamme and Dr. Stephenson about the information contained in the Supplemental Report with plenty of time to prepare for the first bellwether trial in April. As such, any purported harm or surprise no longer exists. *See Thornton v. U.S.*, 2013 WL 443666, at *9 (S.D. Ga. Feb. 5, 2013) (finding party's late disclosure "harmless" and determining that a deposition was the "more appropriate to cure any prejudice Defendant allegedly suffered")*; cf. Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question.") (citation omitted).

Notably, Plaintiffs' claims of harm and prejudice are incongruent with Plaintiffs' own late disclosures relating to Plaintiffs' testing expert Dr. Eddins.[2] Near

---

[2] Defendants respectfully refer this Court to Defendants' Motion to Compel a Second Deposition of Dr. David Eddins and Strike Undisclosed Testing for further detail.

the end of his December 2020 deposition, Dr. Eddins disclosed, for the first time, new testing of the CAEv2 not contained in his report. Unlike Defendants, Plaintiffs have refused to offer Dr. Eddins for deposition on this new testing—whether as a standalone deposition or in Group B—and the analysis is not contained in *any* report from Dr. Eddins. Nor (again unlike Defendants as it relates to Dr. Flamme and Dr. Stephenson) have Plaintiffs disclosed all of the underlying data related to that testing. Plaintiffs cannot credibly claim prejudice and harm regarding Dr. Flamme and Dr. Stephenson, on the one hand, while providing much less disclosure and opportunity for examination as to their own expert Dr. Eddins on the other hand.

*Third*, as set forth above, allowing Dr. Flamme and Dr. Stephenson to offer these opinions at trial will not impact the trial date.  Plaintiffs have already been offered an opportunity to depose Dr. Flamme and Dr. Stephenson on the Supplemental Report far in advance of trial, and will in fact soon be doing so in the Group B cases. Moreover, there is no need for additional *Daubert* briefing, as Plaintiffs did not seek to exclude any of these previously disclosed opinions in their omnibus brief. *See generally*, Dkt. 1595. And other pretrial motion deadlines are weeks away. So nothing in the Supplemental Report impacts the trial date.

*Fourth*, the evidence at issue is significant. The crux of Plaintiffs' case rests on two incorrect notions that are directly challenged in the Supplemental Report: (1) that the CAEv2 can imperceptibly loosen in the user's ear; and (2) that the

differences in certain REAT test results are due to the need to fold back the flanges when using the CAEv2. Dr. Flamme and Dr. Stephenson have already disclosed opinions disputing these concepts, and the jury should have the benefit of the supplemental analyses set forth in the Supplemental Report.

*Fifth*, there is good reason for disclosure of this information now. With respect to the HHA data, Plaintiffs do not dispute that Defendants received this data from the Government after Dr. Flamme's and Dr. Stephenson's November 9, 2020 and December 4, 2020 reports, but only that Dr. Flamme and Dr. Stephenson did not disclose this information to Plaintiffs quickly enough. (Mot. at 6.) Plaintiffs' complaints are a red herring. Plaintiff received the same HHA data from the Government on December 28 through 30, so they have known about the noise levels of these weapons systems and vehicles for longer than Dr. Flamme and Dr. Stephenson. That it took Dr. Flamme and Dr. Stephenson additional time to review the newly disclosed data and ascertain which of their prior data needed to be updated is not a reason to exclude this information at trial. With respect to Dr. Flamme's and Dr. Stephenson's other analyses, the Supplemental Report merely elaborates on previously disclosed opinions based on data learned since their initial report. For example, the Supplemental Report relies, in part, on additional detail offered by Mr. McKinley at deposition. (Ex. B (1/7/2021 Expert Report) at 12.) This information, coupled with information already in Dr. Flamme's and Dr. Stephenson's possession,

prompted additional analyses that is consistent with the opinions already offered in their November 9 and December 4, 2020 Reports. So while there may be additional data, Dr. Flamme's and Dr. Stephenson's underlying opinions remain unchanged.

Accordingly, in light of the foregoing factors, Defendants' disclosure of Dr. Flamme's and Dr. Stephenson's opinions was substantially justified and harmless. Plaintiffs will suffer no prejudice, so the evidence should be permitted at trial.

## CONCLUSION

Because there is no prejudice to Plaintiffs, the disclosure of Dr. Flamme and Stephenson's Supplemental Report is harmless. Plaintiffs will have close to two months after the deposition of Dr. Flamme and Dr. Stephenson to evaluate their testimony and prepare their cross-examination for the April 2021 trial. The Motion should be denied.

Dated: January 14, 2021

Respectfully submitted,

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding*
*LLC, Aearo Intermediate LLC, and*
*Aearo LLC*

14

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that the foregoing contains 3,214 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.


Dated:  January 14, 2021                     */s/ Kimberly Branscome*
                                             Kimberly Branscome

## CERTIFICATE OF SERVICE

I, Kimberly Branscome, hereby certify that on January 14, 2021, I caused a copy of the following to be sent by e-mail to the Honorable Casey Rodgers (flnd_rodgers@flnd.uscourts.goc) and her law clerk Tevenia Jacobs (Tevenia_Jacobs@flnd.uscourts.gov):

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS TO STRIKE DEFENDANTS' SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY A. FLAMME, Ph.D. & MARK STEPHENSON, Ph.D.**

A copy of the foregoing was also sent via e-mail to counsel at the following addresses:

| | |
|---|---|
| Bryan F. Aylstock, Lead Counsel<br>Douglass A. Kreis<br>Neil D. Overholtz<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street, Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>Email: baylstock@awkolaw.com<br>Email: dkreis@awkolaw.com<br>Email: NOverholtz@awkolaw.com<br><br>*Counsel for Plaintiff Luke Estes*<br>Case No. 7:20-cv-00137<br><br>*Counsel for Plaintiff Dustin McCombs*<br>Case No. 7:20-cv-00094<br><br>*Counsel for Plaintiff Stephen Hacker*<br>Case No. 7:20-cv-00131 | Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br> Email: shutson@triallawfirm.com |

16

| | |
|---|---|
| Christopher A. Seeger, Co-Lead Counsel<br>David R. Buchanan<br>Seeger Weiss LLP<br>77 Water Street, 8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>Email: cseeger@seegerweiss.com<br>Email: dbuchanan@seegerweiss.com<br><br>*Counsel for Plaintiff Lewis Keefer*<br>Case No. 7:20-cv-00104 | Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX 77027<br>Tel.: (713) 714-0000<br>Email: epefile@mostynlaw.com |
| Brian H. Barr, Co-Liaison Counsel<br>Winston Troy Bouk<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 South Baylen Street<br>Pensacola, FL 32502<br>Tel.: (850) 435-7044<br>Email: bbarr@levinlaw.com<br>Email: tbouk@levinlaw.com<br><br>*Counsel for Plaintiff Lewis Keefer*<br>Case No. 7:20-cv-00104 | Taylor C. Bartlett<br>William L. Garrison, Jr.<br>Discovery & ESI Subcommittee<br>Heninger Garrison Davis LLC<br>2224 1st Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 326-3336<br>Email: taylor@hgdlawfirm.com<br>Email: lewis@hgdlawfirm.com<br><br>*Counsel for Plaintiff Dustin McCombs*<br>Case No. 7:20-cv-00094 |
| Katherine E. Charonko<br>Discovery & ESI Subcommittee<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV 25301<br>Tel.: (304) 345-6555<br>Email: kcharonko@baileyglasser.com | Virginia E. Anello<br>Discovery & ESI Subcommittee<br>Douglas & London<br>59 Maiden Ln, 6th Floor<br>New York, NY 10038<br>Tel.: (212) 566-7500<br>Email: vanello@douglasandlondon.com |
| J. Nixon Daniel, III<br>Discovery & ESI Subcomittee<br>Beggs & Lane<br>501 Commendencia Street<br>Pensacola, Florida 32502<br>Tel.: (850) 469-3306<br>Email: jnd@beggslane.com | Shawn Fox<br>Sean P. Tracey<br>Tracey & Fox Law Firm<br>440 Louisiana Street, Suite 1901<br>Houston, TX 77002<br>Tel.: (713) 495-2333<br>Email: sfox@traceylawfirm.com<br>Email: stracey@traceylawfirm.com |

|  | *Counsel for Lloyd Baker*<br>Case No. 7:20-cv-00039 |
|---|---|
| Evan D. Buxner<br>The Gori Law Firm, P.C.<br>156 North Main Street<br>Edwardsville, IL 62025<br>Tel.: (618) 659-9833<br>Email: evan@gorilaw.com<br><br>*Counsel for Stephen Hacker*<br>Case No. 7:20-cv-00131 | Thomas P. Cartmell<br>Wagstaff & Cartmell, LLP<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112<br>Tel.: (816) 701-1100<br>Email: tcartmell@wcllp.com<br><br>*Counsel for Stephen Hacker*<br>Case No. 7:20-cv-00131 |
| Quinn R. Wilson<br>Onder Law, LLC<br>110 East Lockwood Avenue<br>St. Louis, MO 63119<br>Tel.: (314) 963-9000<br>Email: wilson@onderlaw.com<br><br>*Counsel for Stephen Hacker*<br>Case No. 7:20-cv-00131 | Katherine L. Cornell<br>Pulaski Law Firm<br>2925 Richmond Avenue, Suite 1725<br>Houston, TX 77098<br>Tel.: (713) 664-4555<br>Email: kcornell@pulaskilawfirm.com<br><br>*Counsel for Luke Estes*<br>Case No. 7:20-cv-00137 |
| Thomas W. Pirtle<br>Laminack Pirtle & Martines<br>5020 Montrose Blvd., 9th Floor<br>Houston, TX 77006<br>Tel.: (713) 292-2750<br>Email: tomp@lpm-triallaw.com<br><br>*Counsel for Luke Estes*<br>Case No. 7:20-cv-00137 |  |

Dated:  January 14, 2021                    */s/ Kimberly Branscome*
                                                 Kimberly Branscome