**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

This Document Relates to All Cases
_____/

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

**ORDER**

Pending before the Court is Plaintiffs' Motion for Sanctions to Strike Defendants' Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. & Mark Stephenson, Ph.D.  ECF No. 1596.  Defendants have filed a response in opposition.  ECF No. 1608.  The motion, therefore, is ripe for consideration.  For the reasons discussed below, Plaintiffs' motion is due to be **GRANTED IN PART and DENIED IN PART**.

Defendants' deadline to make expert disclosures[1] in the Trial Group A Bellwether cases was November 9, 2020.  ECF No. 1404 (Pretrial Order No. 53).  In accordance with this deadline, Defendants produced to Plaintiffs an expert report by Dr. Gregory Flamme and Dr. Mark Stephenson on behalf of Stephenson & Stephenson Research &

---

[1] Fed. R. Civ. P. 26(a)(2)(B).

Consulting.  ECF No. 1596-3.  The general theme of the 85-page report was "the acoustic and auditory characteristics of impulsive noises" and "the effects of noise and other toxicants on the auditory system."  *Id.* at 3.  Flamme and Stephenson explained early that having had the opportunity to review the reports authored by 11 of Plaintiffs' experts,[2] they disagreed with "a number of" Plaintiffs' experts' opinions and conclusions and proceeded to provide a non-exhaustive list of nine "examples."  *Id.*  On December 4, Defendants produced to Plaintiffs Flamme and Stephenson's Supplemental Report.  ECF No. 1596-4.  Plaintiffs deposed Flamme on December 22 and Stephenson on December 30.  ECF No. 1596 at 3.

The instant dispute concerns Flamme and Stephenson's Second Supplemental Report, which Defendants disclosed on January 7, 2021, at 11:54 p.m. (Central Time).  ECF No. 1596 at 2; ECF No. 1596-1.  In other words, Defendants produced to Plaintiffs a 20-page supplemental expert report nearly two months after their expert disclosure deadline *and* only 24 hours (and 6 minutes) before the parties' deadline to file their *Daubert* and dispositive motions in the Trial Group A Bellwether cases.  Flamme and

---

[2] Rear Admiral Allie Coetzee (Ret.), Dr. David Eddins, Dr. John Franks, General Timothy Edens, Sergeant Major Blaine Huston (Ret.), Mr. Robert Juneau, Dr. David Madigan, Sergeant Major Christopher Marshall (Ret.), Mr. Richard McKinley, Dr. Mark Packer, and Dr. Christopher Spankovich.

2

Stephenson address three topics in their Second Supplemental Report: (1) an update to "tables of sound levels for vehicles … and weapon systems" based on the Department of Defense's December 20, 2020, response to Defendants' discovery requests; (2) the effects of folding the flanges on the CAEv2, namely contesting Dr. David Madigan's analysis of particular test results; and (3) the perceptibility of changes in attenuation, including imperceptible loosening.  ECF No. 1596-2.

Plaintiffs ask the Court to strike the Second Supplemental Report as untimely.  ECF No. 1596 at 5.  Moreover, they argue that Defendants' delay is not "substantially justified" because the Second Supplemental Report does not include any newly available information and is not "harmless" because Plaintiffs do not have any means to examine or challenge this information after the deadlines, such as producing a rebuttal report, taking a deposition, or filing a *Daubert* motion have all passed.  *Id.* at 5–9.

A federal litigant is required to make expert disclosures consistent with the Court's scheduling orders, Fed. R. Civ. P. 26(a)(2)(D), and to supplement or correct disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in

3

writing[,]" Fed. R. Civ. P. 26(e)(1).  A party, however, cannot disclose an expert report with new theories or opinions in the name of "supplementation" under Rule 26(e).  *See Brucker v. Lowe's Home Ctrs., Inc.*, No. 2:10-cv-405-FtM-29SPC, 2012 WL 2225818, at *2 (M.D. Fla. June 15, 2012) (collecting cases).

When a party fails to comply with Rule 26(a) by making untimely expert disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts enjoy broad discretion under Rule 37(c)(1) to exclude evidence *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019), and "will routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense," *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1 (S.D. Fla. July 30, 2014) (citing *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 277–78 (1st Cir. 2006); *Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1348–49 (11th Cir. 2004)).

Courts have used slightly different recitations of the factors to consider when determining whether a failure to disclose was "substantially

4

justified" or "harmless," but they look generally to: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial; and (4) the ability to cure such prejudice. *See, e.g.*, *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010) ("A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure.").

Turning back to the dispute at hand, the Court will address in turn the three sections of the Second Supplemental Report (mentioned above).

*Health and Hazard Assessment Data*

The Court concludes that Defendants properly supplemented Flamme and Stephenson's expert report under Rule 26(e) by adding newly available Health and Hazard Assessment data from the Government. Defendants only received this data from the Department of Defense between December 28 and December 30, 2020, ECF No. 1608 at 5–6, and Plaintiffs concede this section does not "discuss or offer new opinions

5

regarding the plaintiff-specific sound levels provided in their report[,]" ECF No. 1596 at 6.  This section of the Second Supplemental Report is timely and, therefore, does not warrant being stricken or the imposition of sanctions under Rule 37(c)(1).  *See Lanzi v. Yamaha Motor Corp.*, No. 8:17-cv-2020-T-36AEP, 2019 WL 9553066, at *9 (M.D. Fla. Sept. 26, 2019) (declining to strike an expert's second report that "builds upon the original[] without significantly changing the core conclusions or opinions found therein").

<u>*Effects of Flange Folding*</u>

The Court concludes that Flamme and Stephenson's new section on the "Effects of Flange Folding" should be stricken from the Second Supplemental Report.  Flamme and Stephenson opined in the beginning of their initial report that they "disagree with Dr. Madigan's premise that his inferential results are attributable to the folding of the flanges on the CAEv2[,]" and explained their views on some Real-Ear Attenuation at Threshold ("REAT") testing.  ECF No. 1596-3 at 3, 59–67.  That alone does not make the Second Supplemental Report truly "supplemental" so that it may be considered timely.  Flamme and Stephenson's Second Supplemental Report includes new and more pointed analysis on Madigan's comparison of REAT tests 213015 and 213017, ECF No. 1596-2

6

at 8–13, which were not referred to or discussed in the initial report. Yet, Plaintiffs disclosed Madigan's expert report on October 9, 2020, and Plaintiffs have neither amended nor supplemented it. Indeed, it is telling that Defendants do not offer any citation to expert discovery that would explain what prompted this belated disclosure other than a mere oversight when publishing the initial report. Because the section of Flamme and Stephenson's Second Supplemental Report does not actually supplement Flamme and Stephenson's initial report—as contemplated by Rule 26(e)—it is untimely. *See Cochran v. Brinkmann Corp.*, No. 1:08-cv-1790-WSD, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy.").

Defendants also fail to show that this belated disclosure is substantially justified or harmless. The prejudice to the Trial Group A Bellwether Plaintiffs—and the resolution of this case—is overwhelming. The expert discovery period closed late last month, and the Second Supplemental Report was not disclosed until the day before the parties' *Daubert* motions were due. Defendants suggest that authorizing limited follow-up depositions of Flamme and Stephenson would cure any prejudice to Plaintiffs, ECF No. 1608 at 3, 11, but that could be unwieldy. This Court

7

could easily imagine that out-of-time follow-up depositions of Flamme and Stephenson would lead to a belated supplemental rebuttal report by Madigan, then a motion for leave by Defendants to take an out-of-time follow-up deposition of Madigan, and, consequently, motions by both parties to amend their *Daubert* challenges.  This case is too far along for such repercussions, which would all but implode the Court's scheduling order in this vast multidistrict litigation.  *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008); *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002); *Nelson v. Freightliner LLC*, No. 5:01-cv-266-Oc-10GRJ, 2003 WL 25781423, at *4 (M.D. Fla. Apr. 23, 2003).

In the same vein, Defendants' argument that this belated disclosure does not implicate the *Daubert* briefing deadlines is illogical.  This assertion rests on the fact that Plaintiffs did not challenge Flamme and Stephenson's opinions concerning "the alleged need (or lack thereof) to fold back the flanges[.]" *Id.* at 9.  Defendants essentially ask this Court to conclude that their belated expert disclosure has not prejudiced Plaintiffs' right to bring a *Daubert* challenge to the subject of Defendants' belated expert disclosure because Plaintiffs did not raise such a challenge when they received the Second Supplemental Report one day prior to the deadline to file *Daubert* motions (and without the opportunity to depose Defendants' experts on the

8

subject of the disclosure).  That is the tail wagging the dog.  As explained above, the Court cannot assume that limited follow-up depositions exploring Flamme and Stephenson's critiques of Madigan's analysis would not prompt a basis for a new *Daubert* challenge.

Defendants also argue that this evidence should not be stricken because it is significant to their defenses.  ECF No. 1608 at 12.  That alone will not support a finding that Defendants' delay in producing it was substantially justified or harmless.  If so, federal courts could excuse any untimely disclosure because the evidence offered therein is "really important."  The analysis is far more nuanced.  *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 311 (M.D.N.C. 2002).  In any event, assuming Defendants' characterization of Flamme and Stephenson's initial report is correct, an order striking this section of the Second Supplemental Report will not cripple Defendants' case because Flamme and Stephenson may testify at trial in accordance with their initial report and Supplemental Report.

In sum, Flamme and Stephenson's new section on the "Effects of Flange Folding" should be stricken from the Second Supplemental Report.  It is untimely because it was disclosed after Defendants' expert disclosure deadline and is not a proper supplementation of Flamme and Stephenson's

initial report under Rule 26(e). Defendants have also failed to demonstrate that their belated disclosure of this section is substantially justified or harmless.

*Perceptibility of Changes in Attenuation (and Imperceptible Loosening)*

Finally, the Court concludes that Flamme and Stephenson's new section on the "Perceptibility of Changes in Attenuation" should be stricken from the Second Supplemental Report. As Plaintiffs aptly explain, this section is "a series of new analyses and opinions" to refute Plaintiffs' experts Dr. David Eddins and Mr. Richard McKinley. ECF No. 1596-2 at 13–21. This disclosure is untimely because it is not a proper supplementation under Rule 26(e). Flamme and Stephenson did not include this information in their initial report, notwithstanding having both Eddins' and McKinley's expert reports and the raw data underlying Eddins' measurements. Even more problematic, Flamme and Stephenson already supplemented their initial report on December 4, 2020—without any objection by Plaintiffs—to discuss additional data from Eddins and the topic of imperceptible loosening. ECF No. 1596-4. Defendants' suggestion that McKinley's deposition testimony prompted this additional supplementation, ECF No. 1608 at 12, rings hollow because the bulk of Flamme and Stephenson's new analysis addresses Eddins, not McKinley.

Defendants also fail to show that this belated disclosure is substantially justified or harmless. As explained above, allowing this section of the Second Supplemental Report to stand would substantially prejudice the Trial Group A Bellwether Plaintiffs now that the expert discovery and *Daubert* motion deadlines have passed. The Court will not reopen expert discovery and modify its scheduling order. And, again, assuming Defendants' characterization of Flamme and Stephenson's prior reports is correct, striking this section of their Second Supplemental Report will not preclude Flamme and Stephenson from testifying to the issue of imperceptible loosening at trial.

In sum, Flamme and Stephenson's new section on the "Perceptibility of Changes in Attenuation" should be stricken from the Second Supplemental Report. The disclosure is untimely because it is not a supplement under Rule 26(e), and Defendants have failed to demonstrate that their belated disclosure of this section is substantially justified or harmless.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Sanctions to Strike Defendants' Second Supplemental Expert Report of Gregory A. Flamme, Ph.D. & Mark Stephenson, Ph.D, ECF No. 1596, is **GRANTED IN PART and DENIED IN PART**. The sections in Flamme and Stephenson's

11

12

Second Supplemental Report titled "Effects of Flange Folding" and "Perceptibility of Changes in Attenuation" are **STRICKEN** in the Trial Group A Bellwether cases.

    **DONE AND ORDERED** this 15th day of January 2021.

                                          *s/Gary R. Jones*
                                          GARY R. JONES
                                          United States Magistrate Judge