# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**OFFICE OF THE CLERK**

JESSICA J. LYUBLANOVITS
CLERK OF COURT
ONE NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502-5658
850.435.8440
850.433.5972 FAX

CHIEF DEPUTY CLERK
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

*Visit our web site at www.flnd.uscourts.gov*

Reply to: Pensacola Division

# MEMORANDUM

To:     Counsel of Record

Re:     Evidence/Exhibit Preparation

Pursuant to pretrial requirements of the United States District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of exhibits for evidentiary hearings, bench trials and jury trials in civil and criminal cases assigned to United States District Judge M. Casey Rodgers.

<u>Marking and Numbering Exhibits</u>

Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during evidentiary hearings or trials.  Exhibits will retain the same number throughout court proceedings whether identified, offered or admitted.  To avoid confusion, it is preferred that like parties share exhibit numbers.  If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name or initials prior to the exhibit number on all exhibit stickers and exhibit lists (for example:  Smith-1, XYZ-1, etc.).

The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment 1).  If possible, it is preferred that exhibits be sequentially numbered in the order they are proposed to be offered.  Composite exhibits should have identified sub-exhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1a-1, 1.1, etc.).

<u>Preparing Exhibit Lists</u>

Upon marking the exhibits, counsel should prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separate numbered exhibit and should furnish copies of their Exhibit List (see Attachment 2) to the court at the commencement of the trial or evidentiary hearing.  Counsel should inform the court of exhibits to which admission has been stipulated.

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

| Gainesville Division | Pensacola Division | Tallahassee Division | Panama City Division |
|---|---|---|---|
| 401 SE 1st Avenue | 1 N. Palafox Street | 111 N. Adams Street | 30 W. Government Street |
| Gainesville, Florida 32601 | Pensacola, Florida 32502-5658 | Tallahassee, Florida 32301-7717 | Panama City, Florida 32401 |
| 352.380.2400 | 850.435.8440 | 850.521.3501 | 850.769.4556 |
| 352.380.2424 FAX | 850.433.5972 FAX | 850.521.3656 FAX | 850.769.7528 FAX |

**Evidence/Exhibit Letter**                                                                                    **Page 2**

Preparing Witness Lists

Counsel must prepare a list of the names of all witnesses, including rebuttal and expert, intended to be called at the trial or evidentiary hearing by each party. If the list is lengthy, the witnesses should be listed in alphabetical order. This list should not include any personal identifiers, such as street addresses or phone numbers. Counsel must provide a witness list (see Attachment 3) to the court at the commencement of jury selection, a bench trial or evidentiary hearing unless otherwise ordered by the court.

Stipulated Exhibits

Parties may agree on the admission of some exhibits in advance.  In civil trials, counsel may provide a separate list of the Stipulated Exhibits before moving for their admission. In criminal trials, stipulated exhibits may be admitted individually as needed during the course of the trial.

Preparing Copies of Exhibits

The following procedure applies in both civil and criminal cases:

- **In all evidentiary hearings or bench trials, counsel are required to provide the court with two (2) copies of each exhibit prior to the commencement of that proceeding.** In cases, where voluminous paper exhibits are to be offered, counsel are required to place the exhibits in three-ring binders with a numbered tab index.
- **In all jury trials only one (1) copy of each exhibit, to be offered for admission, is required for the jury during deliberation.** Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses.

Medical or Technical Terms

Counsel must provide a list of medical or technical terms to the court reporter prior to the trial commencing.

Custody of Exhibits

The courtroom deputy clerk will retain custody of exhibits: (1) that have been admitted or (2) that have been identified but not admitted based upon a court ruling.  During jury trials, admitted exhibits will be placed on the evidence table in front of the courtroom deputy clerk.  All other exhibits tendered during a proceeding, for which admission was not sought or which were withdrawn by counsel will be returned.  When examination of a witness is complete, it is the responsibility of counsel to return all exhibits used during the examination and intended for the record either to the evidence table or to the courtroom deputy.

**Evidence/Exhibit Letter**                                                                                               Page 3

### Evidence Presentation Equipment

Judge Rodgers requires the use of evidence presentation equipment in the courtroom. Prior to the court proceeding counsel must schedule training on this equipment and test any presentation equipment (laptops, ipads/tablets, video tapes, cassette tapes, CD/DVDs, Power Point presentations) or any other media you plan to use during the trial or evidentiary hearing. If your laptop or device does not have HDMI or VGA output, you will need to provide an HDMI or VGA adapter in order to connect to our system. We also have a document camera (sometimes referred to as Elmo) which is used to display the image of hard copy paper exhibits on a large drop down screen in Courtroom 5. Please contact Susan Simms at (850/470-8125) or systems personnel at (850/435-8440) to schedule training/testing on our system.

### Bench Conferencing Equipment Needed During COVID-19

During the COVID-19 pandemic, Judge Rodgers will not be conducting bench conferences from the judge's bench. Instead, you will participate from counsel tables in order to comply with the CDC's social distancing guidelines. Our primary method will be connecting to Zoom.gov from your personal electronic device. You will need to bring a headset or headphones with both audio and a microphone so that you may both listen and speak to Judge Rodgers as needed. Your device (laptop, cell phone, or tablet) will need to have Zoom capabilities and we have found that Google Chrome works best with Zoom. You will receive an email with the Zoom link. If you wish to test this connection, please contact Susan Simms at (850/470-8125) or systems personnel at (850/435-8440) to schedule testing. The secondary method for bench conferencing will be a telephone conference. The connection information will be emailed to you prior to trial. You will need a cell phone or other device with the ability to make phone calls for this method.

### Appeal Exhibits

The Eleventh Circuit Court of Appeals has determined that documents of unusual bulk or weight and physical exhibits other than documents, or other parts of the record designated for omission will not be transmitted by the Clerk of this Court with the record on appeal unless directed to do so by a party or the circuit clerk (see FRAP 11 - 11th Circuit Rules). Accordingly, oversized exhibits, posters, and non-documentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests an exhibit retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta, Georgia. Counsel should consider submitting file-size copies (8.5" x 11") of posters and/or photographs of non-documentary exhibits if they prefer these exhibits be considered for appeal purposes.

**Evidence/Exhibit Letter**                                                                 **Page 4**

Retrieving Exhibits After the Litigation

Within 90 days after a case is closed and all appeals have been exhausted, the party who offered an exhibit must retrieve it from the Clerk. The Clerk may destroy an exhibit not timely retrieved.  (See Local Rule 5.9 below.)

>    **Rule 5.9  Trial And Hearing Exhibits**
>
> (A)   **Tendering and Maintaining Exhibits**. An exhibit tendered or received in evidence during a trial or hearing must be delivered to the Clerk, and the Clerk must maintain custody of the exhibit, with these exceptions:
>
>    (1)   the Court may order otherwise;
>
>    (2)   a sensitive exhibit—such as a weapon, drug, cash, pornography, or thing of high value—may be retained by the law enforcement agency or party who offered it, and in that event the agency or party must maintain the integrity of the exhibit;
>
>    (3)   the Clerk may release an exhibit temporarily to an assigned judge, the judge's staff, or the court reporter.
>
> (B)  **Retrieving Exhibits After the Litigation**. Within 90 days after a case is closed and all appeals have been exhausted, the party who offered an exhibit must retrieve it from the Clerk. The Clerk may destroy an exhibit not timely retrieved.

Please direct any questions regarding exhibits to Susan Simms, courtroom deputy clerk for Judge Rodgers either via email:  Susan_Simms@flnd.uscourts.gov or by phone:  at 850/470-8125.

**Evidence/Exhibit Letter**                                                                 Page 5

*Attachment 1*

<u>Examples of Exhibit Labels</u>

The Clerk's Office has exhibit stickers available at the intake counter. Upon request, the clerk will provide these to counsel at no charge. The exhibit numbers need to be hand written on these labels. Therefore, counsel often prefer to print their own labels. The address labels (1" x 2 5/8") that come 30 to a sheet are commonly used for marking exhibits and are perfectly acceptable. Please ensure each exhibit label is clearly marked for the appropriate party. In cases with multiple parties, the party's name may be added to the label. Place the exhibit label on the first page of a multi-page exhibit.

| GOVERNMENT EXHIBIT  1  3:18cr##-DJ | PLAINTIFF'S EXHIBIT  2.1  5:16cv##-DJ-MJ | DEFENDANT'S EXHIBIT  3 A  4:15cv##-DJ-MJ |
|---|---|---|
| Plaintiff Doe  Exhibit #1a-1  3:15cv##-DJ-MJ | | Defendant Smith  Exhibit #A-1  3:15cr###-DJ |

Evidence/Exhibit Letter                                                                                                  Page 6

*Attachment 2*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN Q. DOE

v.                                                                                          3:15cv999/Judges' initials

WILLIAM Z. SMITH and
THE CITY OF GOTHAM
_____/

**Plaintiff's Trial Exhibit List (Example)**

| Pltf # | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | "    " | Transcript of pla exh 2a - audiotape |
| 3 | | Stipulated | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-c | | | | Photos - 4" x 6" of:<br>a - automobile<br>b - tires<br>c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pla exh 5 |

**Evidence/Exhibit Letter**                                                                 Page 7

*Attachment 3*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN Q. DOE

v.                                                          3:15cv999/Judges' initials

WILLIAM Z. SMITH and
THE CITY OF GOTHAM
_____/

## Plaintiff's Trial Witness List (Example)

1. John Doe

2. William Smith

3. Jane Doe

4. Dr. David Brown, Expert Witness

5. Paul Jones

6. Sally Smith

7. Records Custodian, City of Gotham