UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 64**
**Trial Time Allocation For The First Bellwether Trial**

In this order, the Court sets time limits regarding the upcoming consolidated bellwether trial in the *Estes*, No. 7:20cv137; *Hacker*, No. 7:20cv131; and *Keefer*, No. 7:20cv104, cases, which is set for trial on March 29, 2021.

The Court has discussed the matter of time limits for trial with counsel for the parties and has decided that setting reasonable limits on the amount of time allowed for the parties to present their claims and defenses will prevent delay, ensure efficient presentation of the evidence and arguments, avoid unnecessary, cumulative, and repetitive evidence and arguments, and minimize undue burden on the jurors. It is well-established that a court has the authority to impose reasonable time limits on the parties at trial. *See* Fed. R. Civ. P. 16(c)(2)(D) & (O); Fed. R. Evid. 611(a).

The Court has discussed the overall length of the trial with the parties. Considering that this is the first trial of the bellwether pools and the fact that the

Court must begin criminal trials immediately following the conclusion of this trial, the Court has decided to set aside five weeks for the trial, which is a generous amount of time for this trial and is likely more than is necessary to complete the trial. Nonetheless, even if over generous, the Court believes allowing five weeks is prudent for the reasons mentioned.

The length of an average trial day in trials before the undersigned is 9.5 hours, with the day starting at 8AM and ending at 5:30PM. The first half hour is reserved for bench discussions on matters needing resolution by the Court. The remaining 9 hours is jury time. After accounting for a mid-morning, mid-afternoon, and lunchtime break, and allowing some additional cushion time, the actual time in trial with the jury each day is 7.5 hours. The Court reserves the right to extend any trial day if warranted in order to complete the trial within the trial period set.

In this case, 24 business calendar days have been set aside for the trial, which includes time for jury selection and opening statements on the first day and instructions and closing arguments on the last day. The Court does not intend to include those days in the time calculation, so the actual amount of charged time is 22 days. Thus, the Court allocates a total of one hundred sixty-five (165) hours to this trial.

The Court has considered the parties' positions on how this time should be allocated. Plaintiffs argue for a 60/40 split and Defendants argue for a 50/50 split.

The Court has decided that the time will be split 50/50, with each side having 82.5 hours to try their respective case, including a rebuttal case but excluding jury selection, openings, closings, and jury instruction.[1] As noted, in the Court's view, this amount of time is more than sufficient. This decision is based on the Court's decision to allow five weeks for the trial, instead of four, and to add an additional day to the trial. *See* Order Amending Order Setting Trial and Pretrial Schedule, ECF No. 1639. While the Court recognizes that there are multiple plaintiffs each having the burden to prove their individual claims, it is also the case that Defendants carry the burden of proof on their affirmative defenses, one of which will require considerable time. Also, while the Court recognizes that the science in this case is complex, both sides shoulder the responsibility of educating the jury on it.

Time will count against a side's allocation whenever it is questioning a witness, arguing an objection or other matters to the Court, or otherwise presenting its case, including motions for judgment as a matter of law. <u>Time spent arguing evidentiary or other *in limine* matters after the final pretrial conference, including the Court's review of written submissions on such matters, will count against a side's allocation</u>.[2] The Court also reserves the right to count the time spent following the

---

[1] The Court will be the official timekeeper and its clock will be the official clock. The Court will keep track of each side's time and notify counsel at regular intervals of the time used by each side.

[2] Time the Court spends reviewing written *in limine* submissions and hearing argument on such matters prior to or during the final pretrial conference will not count against a party's allocation.

start of the trial arguing jury instructions; i.e. the jury charge conference.

If a party intends to read or play deposition testimony before the jury, this may require the Court to rule on objections to designated testimony. The reading of deposition testimony will, of course, constitute trial time. Time will count against a side's allocation for all testimony that side has designated to be read or played by video. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree on how the time spent reading or playing the deposition should be allocated as between the parties. In this regard, the Court encourages the parties to do their best to pare down deposition testimony to significant and non-repetitive matters. In addition, all such time the Court spends before or during trial considering each party's objections to deposition testimony is time that would be spent in court were the witnesses being presented live. For this reason, that time will count against the side making the objection, unless and to the extent the Court determines that the party designating the objected-to testimony has designated testimony that has limited probative value, is otherwise unduly repetitive or cumulative, or is patently inadmissible on other grounds. In that event, the time spent by the Court considering the matter will count against the party that designated the testimony.

The allocation of 165 hours is subject to reduction based on rulings barring or limiting claims, precluding opinion witness testimony, and excluding or limiting

evidence via *in limine* rulings and rulings made during trial. Additionally, the parties are forewarned that the Court may reduce a party's allotted time for, among other things, presenting unduly cumulative testimony or evidence or evidence of minimal probative value, or repeatedly making unwarranted objections to testimony or exhibits.

With regard to exhibits, the Court directs the parties to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the extent reasonably possible. This is in both sides' interest, as it will reduce the time needed for resolving objections at trial. The Court reserves the right to impose an overall limit on the number of exhibits introduced by each side.

Further particulars of the rules for time allocation may be addressed at or before the trial, although the Court will not reconsider the decisions outlined in this Order.

In addition, with one exception explained below, the Court will exercise its authority pursuant to Federal Rule of Evidence 611(a) to require that each witness be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this directive, there will be no restriction on the scope of cross-examination of a witness called by an adverse party. In addition,

examination of a witness beyond redirect (beyond "recross," for a witness called by an adverse party) will not be permitted absent a showing at sidebar—for which the requesting party will be charged time—that the immediately preceding examination by the other side raised new points that the party has been unable to adequately address.

For any adverse witness testimony presented via deposition by one side, the Court will require the "cross" (which is really direct) of that witness to be presented to the jury in the other side's case. The other side, however, may present limited clarification testimony excerpts in the presenting side's case. The matter of what testimony is true "clarification" versus direct must be discussed among the parties with Judge Herndon's assistance before being brought to the Court for resolution. To the extent the party seeking to admit the clarification testimony fails to abide by this directive, the testimony will not be allowed. Under no circumstances will the Court entertain argument on this issue at trial.

To minimize interruptions in the jury's receipt of evidence, the Court will limit the number and extent of sidebar conferences while the jury is present in the courtroom. If a party anticipates that a matter may come up during a witness's testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break. Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the

testimony to proceed while holding until the next break the issue to be discussed.

Finally, counsel for both sides are directed to advise witnesses, in advance of their testimony, of *in limine* rulings that may impact the witness's testimony—in particular, rulings that preclude or limit admission of evidence about which the witness might otherwise testify.

**SO ORDERED**, on this 29th day of January, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**