# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge, ECF No. 1590, recommending the denial of Defendants' Motion to Compel Against the Department of Defense ("Department"). Applying the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, which authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed," *id.* at § 706(1), and to review agency action under an arbitrary and capricious standard, *id.* at § 706(2)(A), the Magistrate Judge recommended that the motion be denied, finding no unreasonable delay and no agency action that was arbitrary or capricious. Defendants have filed objections, ECF No. 1624, to which the Department has responded, ECF No. 1642. Having fully and carefully considered the recommendation and reviewed the objections *de novo*, 28 U.S.C. § 636(b)(1)(B), the Court concludes that the Report and Recommendation should be adopted in its entirety.

**Background**

The Court will not reiterate the procedural history of the case at length or the governing law, which is correctly set out by the Magistrate Judge and not challenged.[1] Briefly for context, this multi-district litigation is a collection of suits brought by service members, veterans, and civilians claiming to suffer hearing loss, tinnitus, and related injuries allegedly caused by their use of ear plugs, namely, the nonlinear dual-ended Combat Arms Earplug Version 2 ("CAEv2"). The Plaintiffs seek damages for their injuries on grounds, *inter alia,* that the Defendants negligently designed, tested, and labeled the CAEv2. Although the Department is not a party to any suit, a majority of Plaintiffs claim injury from use of the CAEv2 during their military service, and therefore, the Defendants are pursuing the production of relevant data and documents from the Department, which gives rise to the current dispute.

The Defendants issued a subpoena on September 4, 2020, for the production of data and documents including (1) several categories of noise and ototoxin

---

[1] The Defendants did note their objection to the Eleventh Circuit precedent that requires arbitrary and capricious review of an agency's denial of a request made pursuant to the procedure set out in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (a "*Touhy* request"). *See Moore v. Armour Pharm. Co.,* 927 F.2d 1194, 1197 (11th Cir. 1991) (noting that the trial court "has wide discretion in setting the limits of discovery" but under 5 U.S.C. § 706(2)(A), the court can only overturn agency action on a subpoena if the action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law). However, as the Defendants appear to acknowledge by not pressing the point, this Court is not free to disregard Eleventh Circuit precedent.

exposure data; (2) sales and distribution data for the CAEv2; (3) documents related to the annual Military Audiology Association "Short Course" meetings from 1999 to 2005; and (4) testing data on other hearing protection devices.[2] Defendants argue that the Department has unreasonably delayed in responding to their requests, referencing the dates of the Defendants' original *Touhy*[3] requests for the same information, one of which extends back to mid-2019. The Department responded to the motion to compel by explaining its actions in large part through the sworn declaration of Army Major Nicole M. Kim. *See* ECF No. 1483-3. As noted by the Magistrate Judge, after conferring, the parties stipulated to resolve the production dispute as to one category of the noise and ototoxin exposure data requested and as to any documents reflecting testing data on other hearing protection devices. The remaining issues were submitted to the Magistrate Judge who, as noted above, recommended denying the motion to compel. Specific rulings in the Report and Recommendation will be discussed in tandem with each objection.

---

[2] Previously, Defendants submitted *Touhy* requests to the Department for this information on June 21, 2019, on March 17, 2020, and on August 7, 2020, as instructed by the Department. When the requests went unanswered, the Defendants moved to compel responses, and the Department objected, arguing the Court lacked authority to compel production from a nonparty in the absence of a subpoena. As a result, the Court directed the parties to issue appropriate subpoenas for any Government documents going forward in this case. ECF No. 1340. The subpoena at issue described the documents requested by attaching the previously sent *Touhy* requests. *See* ECF No. 1433-4. The production deadline under the subpoena was September 23, 2020, and when no timely response was received, the Defendants filed the instant motion to compel. The Department asserts it was not served with the subpoena until October 14, 2020, after the response time had expired.

[3] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

**Discussion**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1)(B). Portions to which there is no objection are reviewed for clear error on the face of the record. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Initially, the Court notes that Defendants' expressed frustration with this lengthy process is not completely unwarranted. In their initial attempts to obtain information from the Department, they followed the Department's instructions to send *Touhy* requests. When the Defendants were not satisfied with how long it was taking to receive responses, they moved to compel and were rebuffed by the Department's argument that a subpoena was required before the Court could address a motion to compel responses from the Department, a nonparty. That said, this history alone does not establish that the Department has unreasonably delayed action. In response to the Motion to Compel, the Department has justified its actions and/or inaction through Major Kim's detailed declaration, and the Court finds no grounds stated in Defendants objections to discount her declaration.

Turning to specific objections, Defendants first object to the Magistrate Judge's recommendation that the Department did not unreasonably delay in failing

to produce the requested noise and exposure data. The Magistrate Judge concluded based on the sworn declaration of Major Kim that the noise and ototoxin data requested by Defendants—the "average noise and exposure per military occupational specialty"—is not readily available in the Defense Occupational Environmental Health Readiness System-Industrial Hygiene ("DOEHRS-IH") database but would require further analysis, which is not an analysis that the Department conducts. Based on this limitation in the database, the Magistrate Judge concluded that there was no unreasonable delay because where the data does not exist, the Court cannot compel the Department to create it, and the Department's refusal to respond was therefore not arbitrary and capricious.

In their objection, the Defendants argue that Major Kim essentially acknowledged the requested exposure data for each military occupational specialty does exist. They discount her assertion that this is not an analysis the Department currently performs but do not contest the accuracy of her explanation. Instead, they argue only that this information could have been provided sooner and therefore was unreasonably slow. This argument lacks merit. The Court cannot turn back the clock and compel the Department to tell this to the Defendants sooner. Major Kim's declaration, dated October 23, 2020, was provided in a reasonable amount of time after service of the subpoena, and, as the Magistrate Judge found, there is no

obligation for the Department to create documents that do not currently exist or to conduct an analysis it would not otherwise perform. The objection is overruled.

Defendants also requested exposure data for each bellwether-relevant Army installation,[4] and they object to the Magistrate Judge's finding of undue burden. The Magistrate Judge accepted Major Kim's explanation that "locat[ing] any sort of exposure data" would require searches for particular individuals and that the examination of exposure information generated through the search would involve information protected by the Privacy Act and the Health Insurance Portability and Accountability Act (HIPAA), as well as sensitive information regarding military installations. ECF No. 1483-3 at 6-7. The Magistrate Judge concluded that collecting this data would be unduly burdensome and the lack of action was not arbitrary and capricious because the data requested is not readily available in the DOEHRS-IH database, the request was unclear as to what documents exactly were being requested, and the information was sensitive. The Defendants argue that it is not clear why conducting such searches, at least for the 24 bellwether plaintiffs, would be unduly burdensome. This argument is not compelling.

---

[4] The Defendants requested documents identified in Army Pamphlet 40-501, which required the Industrial Hygiene Program Manager at every Army installation to compile names, social security numbers of personnel exposed to noise and ototoxins and the magnitude of the exposure. ECF No. 1590 at 15 (citing ECF No. 1433-2 at 4).

First, this narrower request was not presented in the subpoena, and second, the argument seems to accept, not challenge, the Magistrate Judge's conclusion that the request *as drafted* would be unduly burdensome. Also, the Department responded with a letter from Major Kim to defense counsel offering to produce certain exposure history reports for the 24 bellwether plaintiffs in an attempt to resolve the issue, which Defendants rejected. The Court finds that Major Kim's declaration, stating that the request would require data analysts to build a query with individualized information and analyze the resulting data, sufficiently demonstrates that compliance with the request would be unduly burdensome. Major Kim further described that each installation may have written reports not uploaded into the database, which would require searches of hard files at various installations, a burden compounded by the fact that the various installation industrial hygiene program managers are currently working remotely. Major Kim also stated that a noise control engineer may have to search several thousands of files to provide a complete or responsive answer and that sensitive personal and proprietary information is included in the data. The Court agrees with the Magistrate Judge's assessment that the process of responding to the request submitted would be unduly burdensome and would require the creation of new documents.

The Defendants also seek to preclude the Department from asserting that compliance would require consideration of sensitive or proprietary information,

arguing that the Department failed to assert this response initially, when Defendants filed a motion to compel in relation to the *Touhy* requests. The Court disagrees. The pending motion is the first motion to compel based on the September 4, 2020, subpoena and the first time that arguments in response to the subpoena have been addressed on the merits.[5] The Department was free to raise any valid defense in response to the pending motion. The Court agrees with the Department's assertion that the need to redact sensitive information would surely add to the burden of crafting a response.

Defendants' final objection addresses their request for sales and distribution data, which Defendants contend is critical to determining whether the Plaintiffs had access to the CAEv2, which the military may have purchased from various third-party vendors. The Defendants argued in their motion that "[t]he Department has yet to provide any response," but the Department demonstrated that it had provided a one-page document on March 6, 2020, in response to the *Touhy* request for this information, *see* ECF No. 1483-1. The Defendants then acknowledged in their reply that they had received a spreadsheet from the Department, *see* ECF No. 1504-3, but argued that it was incomplete (lacking dates and referencing documents not provided) and difficult to decipher. The Magistrate Judge found no unreasonable

---

[5]A prior Report and Recommendation was entered addressing the first motion to compel in relation to the prior *Touhy* requests, but it was rejected as moot when the parties were instructed to issue subpoenas for Government documents. ECF No. 1341.

Case No. 3:19md2885/MCR/GRJ

delay or any basis for considering this response arbitrary or capricious and rejected the Defendants' belated challenge to the completeness of the response, which had been raised for the first time in Defendants' reply.

In their objection, the Defendants repeat their attempt to challenge the completeness or sufficiency of the response provided, arguing that the spreadsheet is indecipherable. The Court agrees with the Magistrate Judge that the Defendants' failure to raise the issue initially, claiming instead that there had been no response, is fatal. The Court declines to consider the belated argument. *See In re Egidi,* 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court."). Moreover, there has been no unreasonable delay. The Department argues that it has made significant efforts to explain the spreadsheet, citing correspondence accompanying the sales/distribution data, ECF No. 1642-2, and a November 2020 teleconference with Major Kim. The objection is overruled.

Having also considered the remainder of the Report and Recommendation to which there was no objection, the Court finds nothing that is clearly erroneous on the face of the record.

Accordingly:

1. The Defendants' Objections, ECF No. 1624, are **OVERRULED** and the Report and Recommendation of Magistrate Judge Jones, ECF No. 1590, is **ADOPTED** and incorporated by reference in this Order.

2. Defendants' Motion to Compel Against the Department of Defense, ECF No. 1433, is **DENIED**.

3. The Clerk is directed to provide a copy of this Order to the United States Department of Justice *via* Joshua M. Kolsky, Trial Attorney, United States Department of Justice, Civil Division, Federal Programs Branch, 1100 L Street NW Washington, DC 20005, e-mail: joshua.kolsky@usdoj.gov.

**SO ORDERED**, on this 12th day of February, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**