**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**NOTICE**

On February 17, 2021, the Court entered Common Benefit Order No. 3, ECF No. 1659, but inadvertently failed to attach the referenced Participation Agreement as an exhibit to the Order. The Court apologizes for any inconvenience. Common Benefit Order No. 3 is hereby amended to include, as Exhibit A, the attached Participation Agreement.

**SO ORDERED**, on this 18th day of February, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# Exhibit A

# MDL 2885 – 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION
# ATTORNEY PARTICIPATION AGREEMENT

This Participation Agreement is made this ___ day of _____, 20___, by and between the Plaintiffs' Executive Committee ("PEC"), appointed by the United States District Court for the Northern District of Florida in MDL No. 2885, and: _____ (hereinafter "Participating Counsel").

WHEREAS, the PEC, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of 3M Combat Arms Earplug-related injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PEC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1

**Scope of Agreement**

1. This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to the Common Benefit Order(s) entered by the Court in MDL 2885 and this Participation Agreement.

2. This Agreement incorporates by reference any and all Orders of the Court entered, or which may subsequently be entered, regarding, *inter alia*, common benefit administration and/or assessments and incorporates fully herein all defined terms from such Order(s). Participating Counsel agree to be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of the Court's Orders or to otherwise challenge their adequacy.

3. This Agreement applies to each and every claim, case, or action arising from the use of 3M Combat Arms Earplugs in which the Participating Counsel has or will have a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the

attorney fee, regardless of what that interest is, and shall provide the initial list to the Common Benefit Special Master and CPA within 45 days of signing of this Agreement. Participating Counsel shall supplement the list every 90 days thereafter. The signed Agreement and list of claimants shall be emailed to randy@sansomcpa.com and the original copies mailed to:

Randall L. Sansom
Randall L. Sansom, CPA, PA
87 Baybridge Dr
Gulf Breeze, FL 32561

### Rights and Privileges of Participating Counsel

4. Any plaintiffs' attorney who executes this Agreement is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

5. Upon request of the Participating Counsel, the PEC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the PEC's virtual depository, and, if and when developed a complete trial package.

6. As the litigation progresses and Common Benefit Work Product continues to be generated, the PEC will provide Participating Counsel with such work-product and will otherwise cooperate with the Participating Counsel to

3

coordinate the MDL litigation and any related state litigation for the benefit of the plaintiffs.

7. Participating Counsel are also eligible to submit for consideration claims for reimbursement of common benefit costs and time submissions for authorized common benefit work in accordance with the terms of the Court's Common Benefit Orders.  Should the Court at some future point establish a percentage assessment to be held back from each claimant's Gross Monetary Recovery[1] ("Assessment") and funds be available for distribution to Participating Counsel pursuant to and subject to any Order of the Court, Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses, provided that the time worked and/or expenses incurred are in compliance with the Court's Common Benefit Orders.  Specifically, such work and/or expense must have been:

      a. For the common benefit;

      b. Appropriately authorized; and

      c. Timely and properly submitted.

---

[1] A "Gross Monetary Recovery" occurs when a claimant or his/her counsel either agrees or have agreed, for monetary consideration, to settle, compromise, dismiss, or reduce the amount of a claim or, without without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any 3M Combat Earplugs claim.

**Obligations of Participating Counsel**

8. Should the Court at some future point establish an Assessment, Participating Counsel and their law firms agree to deposit, or cause to be deposited, the Assessment into the common benefit fund designated as the repository for such Assessments. It is the intention of the parties that, absent extraordinary circumstances, such Assessment would be in full and final satisfaction of any present or future obligation on the part of each claimant and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PEC, Participating Counsel, and/or any other counsel eligible to receive disbursements a common benefit fund pursuant to an Order of the Court regarding assessments.

**Attorney-Client Contracts**

9. Both the PEC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PEC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PEC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders.

PLAINTIFFS' EXECUTIVE COMMITTEE

By: _____


PARTICIPATING COUNSEL

By: _____