**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Baker*, 7:20cv39 *McCombs*, 7:20cv94 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER SETTING TRIAL AND PRETRIAL SCHEDULE

Plaintiff McCombs' trial will begin **Monday, May 17, 2021 and conclude by Friday, May 28, 2021**.  Plaintiff Baker's trial will begin **Monday, June 7, 2021, and conclude by Friday, June 18, 2021**.  The trials and all pretrial proceedings will be conducted at the United States District Court, One North Palafox Street, Courtroom 5, Pensacola, Florida.  The following pretrial schedule and procedures for trial are hereby adopted:

I.   JUROR QUESTIONNAIRES

A.   The Court's jury administer will send out the confidential juror questionnaire (the same questionnaire used in the First Bellwether Trial) to available prospective jurors, with a return date no later than May 5, 2021 for McCombs' trial and May 26, 2021 for Baker's trial.

B.   The Court will enter a separate Order setting forth the process by which the parties will access the completed questionnaires.  On receiving the

completed questionnaires and before the start of trial, the parties will be permitted to propose to the undersigned additional voir dire questions based on these questionnaire responses.

II.     DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURES

     A.     A pretrial conference for both trials will be held **April 30, 2021, beginning at 8:30AM**.   The attorney's conference required by paragraph III must be held no later than **March 26, 2021**.

     B.     The pretrial stipulation and other papers required by paragraphs IV and V must be filed no later than **April 16, 2021**.

     C.     These dates and all other dates provided in this Order supersede all previously-set dates or deadlines.

III.     CONFERENCE OF COUNSEL

     Counsel for all parties must meet in person or virtually with Judge Herndon on or before the date specified in Paragraph II(A) for the following purposes:

     A.     To stipulate to as many facts and issues as possible;

     B.     To draft the pretrial stipulations in accordance with Paragraph IV of this Order;

     C.     To examine all exhibits proposed to be offered or used at trial;

     D.     To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

E.      To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the applicable law;

F.      To finalize the time limits and parameters that will govern the parties' trial presentations; and

G.      To complete all other matters which may expedite both the pretrial and trial of this matter.

IV.    <u>PRETRIAL STIPULATION</u>

Two pretrial stipulations, one for each case, must contain the following:

A.      The basis of federal jurisdiction;

B.      A *concise* statement of the nature of the action to be read to the jury panel (this may be consolidated for all three cases);

C.      A brief general statement of each party's case;

D.      A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection.  *Any objections not listed will be deemed waived.*

E.      A list of the names and addresses of *all* witnesses, including rebuttal and expert, intended to be called at the trial by each party, noting any objections thereto and the grounds for the objection.  *Any objections not listed will be deemed waived.*   Expert witnesses shall be labeled as such;

F.     A list of any depositions to be offered at the trial, with specific reference to the pertinent page and line to be read, noting any objections thereto and the grounds for the objection.  *Any objections not listed will be deemed waived*.  The deposition excerpts should be filed as an attachment to the pretrial stipulation;

G.     A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

H.     A concise statement of those issues of law on which there is agreement;

I.     A concise statement of those issues of fact which remain to be litigated;

J.     A concise statement of those issues of law which remain for determination by the Court;

K.     A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

L.     A list of all motions or other matters which require action by the Court; and

M.     The signature of counsel for all parties.

V.     <u>PAPERS TO BE SUBMITTED</u>

No later than the date specified in Paragraph II(B), the parties must file:

A.     The pretrial stipulations prepared in accordance with Paragraph IV of this Order.

B.     For each case, a trial brief or memorandum with citation of authorities and arguments in support of each side's position on all disputed issues of law, with copy to opposing counsel.

C.     Written requests for instructions to the jury, together with proposed verdict forms.   This may be organized by standard pattern instruction for all three cases with separate substantive instructions for each of the three cases. The proposed instructions and verdict forms should be filed with the Clerk of the Court, with an *editable copy* (in word processing format only, not .pdf) delivered by e-mail to chambers at flnd_rodgers@flnd.uscourts.gov.  *With leave of court for good cause shown*, supplemental requests for instructions may be submitted at any time prior to the final charge conference.   Counsel are advised, however, that failure to timely submit proposed instructions will be grounds for the court to deny giving the instruction(s).   All proposed instructions must be plainly marked with the name and number of the case, must contain citations of supporting authorities, must designate the party submitting the same, and in the case of multiple requests by a party, must be numbered in sequence.   Requests for instructions taken verbatim from Pattern Jury Instructions may be made by reference; the requested

instructions need not be set forth in full.[1]

VI.   <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>

    A.    Counsel who will conduct the trial are required to be present for the pretrial conference.  They will be prepared to act with final authority in the resolution of all matters.

    B.    To the extent possible, the Court will dispose of all outstanding motions and other matters at issue at the pretrial conference.  The Court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the matter.

    C.    Counsel for each party in any case must arrange with the clerk for marking for identification, as nearly as possible in the sequence proposed to be offered, all exhibits intended to be offered by such party.  Please see attached Exhibit A for instructions on marking exhibits for trial, guidelines for other trial procedures, and contact information for Susan Simms, the courtroom deputy clerk, should more specific guidance be needed.

VII.  <u>PRETRIAL ORDER</u>

    After the pretrial order is entered by the Court, the pleadings will be merged

---

[1] Per Case Management Order No. 19, the parties will provide the Court with an electronic copy of complete Pattern Jury Instructions for each Plaintiff's jurisdiction.

therein and the pretrial order will control the conduct of the trial and may not be amended except by order of the Court in the furtherance of justice.

VIII.  NEWLY DISCOVERED EVIDENCE OR WITNESSES

Except as provided in this paragraph, witnesses (including witnesses testifying by deposition) not timely listed in the pretrial stipulation will not be allowed to testify at trial, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence.  If any new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness must immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery.  (This includes a witness testifying by deposition.)  If any new exhibit is discovered after submission of the pretrial stipulation, the party desiring to use it must immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery.  Use of such newly-discovered witnesses or evidence is extraordinary and will be allowed only by order of the Court entered when justice so requires.

IX.  VOIR DIRE

A.    Voir dire will be conducted by the Court.  To the extent the Court questions a panel member individually, the Court *may* permit brief follow-up questioning by counsel, but this is not a guarantee.

B.     Consistent with the Court's discussions with counsel at the 19th Case Management Conference, counsel will select eight (8) jurors for this trial with no alternates.   Plaintiffs will be permitted four (4) preemptory challenges among them and Defendants will be permitted the same.   Back striking is not permitted.

X.   TRIAL

A.     Opening statements will begin following jury selection.

B.     Each trial day will begin at 8:00AM with a court/counsel conference. The jury will be seated and evidence presentations will begin at 8:30AM.   The jury will be excused each day at 5:30PM.   There will be two 20-minute jury recesses, the first in the morning around 10:15AM and the second in the afternoon around 3:15PM.   Lunch is usually one hour.

XI.   SPECIAL MATTERS

A.     **Motions in limine regarding evidentiary matters known to counsel or those that should be reasonably anticipated must be filed no later than April 16, 2021, with responsive memoranda due within five (5) calendar days.** No reply memoranda will be permitted.   To the extent unanticipated evidentiary matters requiring the Court's attention arise after that time, counsel should make every effort to resolve the matter with Judge Herndon's assistance.   Should those efforts fail, counsel must immediately notify the Court of the matter by filing the appropriate motion, which must include the reason for the late filing.   Failure to

timely file a motion in limine in accordance with this directive will be grounds for the Court to deny the motion.

B.    If the case is settled, it is the responsibility of the parties to immediately notify the Court.  If settlement is reached after 3:00PM central time on the Friday before jury selection Monday morning, counsel and/or the parties will jointly bear the administrative expense of jury selection.

C.    Should a party or a party's attorney fail to appear at the pretrial conference or otherwise fail to comply with this Order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

D.    Any counsel seeking to invoke The Rule of Witness Sequestration must so notify the Court at the time of trial or at any time during trial.

E.    The Court assumes counsel will be familiar with the courtroom's electronic systems by the time of these trials, however, if not, or a refresher is needed, no later than May 7, 2021, counsel for each party must arrange with the deputy clerk for a tutorial.  Also, any special request for court reporter services, such as daily copy, must be submitted to the court reporter, Donna Boland, by the same date.

F.      Counsel will be permitted to have electronic devices including cellular telephones in the courtroom during trial; however, all devices must be checked by the Court IT staff to ensure that recording features are disabled and that volume if off or muted.   Should a device ring or otherwise make noise during the trial, the device is subject to seizure by court security and may be held by court security until the trial concludes.   To the extent counsel cannot abide by this directive, they should leave their electronic devices in the attorney conference rooms.

G.      No eating will be permitted in the courtroom during trial absent prior approval by the Court for good cause shown.   Counsel and witnesses will be permitted to have bottled water in the courtroom; however, counsel must supply their own water and the water for their respective witnesses.

H.      In preparing to present this case, all counsel must familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court, which the Court expects to be observed during the course of this trial.

XII.   <u>COVID-19 PRECAUTIONS AND PROCEDURES</u>

A.      The deputy clerk will disinfect the witness stand after each witness's testimony.   Counsel is responsible for disinfecting the lectern after each use. Alcohol wipes will be provided.

B.     Additional specific COVID-19 precautions and procedures will be discussed with the parties at the pretrial conference.

**SO ORDERED**, on this 24th day of February, 2021.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**