# EXHIBIT A

Filed in District Court
State of Minnesota
10/12/2020 12:31 PM

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| _____<br><br>In re: 3M Earplug Product Liability Litigation<br><br>This Document Relates to: ALL ACTIONS | Case Type: Personal Injury<br>Hon. Thomas S. Fraser<br><br>FILE NO. 27-CV-19-19916<br><br>**COMMON BENEFIT ORDER** |

The purpose of this Order is to provide for the fair and equitable sharing of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs. To do so, the Order provides parameters for access to Common Benefit Work Product, implements protocols for case management, and establishes funds to reimburse and pay counsel for reasonable and necessary time and expenses spent on Common Benefit Work.

## I.   SCOPE OF THIS ORDER

Performance of Common Benefit Work, as defined below, as well as recovery of Common Benefit attorneys' fees and expenses will be limited to "Leadership Counsel." "Leadership Counsel" shall be defined as the Co-Lead Counsel, Liaison Counsel, members of the Plaintiffs' Steering Committee ("PSC")[1] (along with members and staff

---

[1] At this time, the Court has not established a PSC; however, the Court includes such now in the event the Court later determines a PSC will advance the efforts of this litigation in an efficient manner.

1

of their respective firms), any other counsel authorized by Co-Lead Counsel to perform Common Benefit Work, and/or counsel who have been specifically approved by this Court as Leadership Counsel prior to incurring any such cost or expense.

## II.   ADOPTION OF CASE MANAGEMENT PROTOCOLS

The Court adopts the following guidelines for managing case-staffing, timekeeping, expense reimbursement, and related Common Benefit issues, and instructs the Liaison Counsel to distribute additional guidelines as may be necessary to ensure the efficient prosecution of this litigation. The recovery of Common Benefit attorneys' fees and expenses will be limited to Leadership Counsel (together with necessary staff of their respective firms).

Leadership Counsel shall be eligible to receive Common Benefit attorneys' fees and reimbursement of expenses only if the time expended, expenses incurred, and activity in question were: (a) for the Common Benefit of all plaintiffs; (b) timely submitted; (c) reasonable; and (d) verified by a partner or shareholder in the submitting firm. As further detailed below, all counsel who seek to recover Court-awarded Common Benefit fees and expenses shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, proposed billing rate, and activities. For all Common Benefit Work and Expenses other than those spent and incurred by Paul LLP, Paul LLP will be responsible for collecting monthly Common Benefit time and Common Benefit Expense submissions, reviewing such submissions for compliance with the directives set

Filed in District Court
State of Minnesota
10/12/2020 12:31 PM

forth in this Order and elsewhere, and informing submitting firms when their submissions do not comply with the directives. Gustafson Gluek will be responsible for reviewing Paul LLP's Common Benefit time and Common Benefit Expense submissions for compliance with the directives set forth in this Order and elsewhere and informing Paul LLP when its submissions do not comply with the directives. Paul LLP is empowered to engage a Certified Public Accountant ("CPA") or other appropriately qualified professional to review these submissions, if deemed necessary. Within seven days of this Order, each Leadership Firm shall submit a list to Paul LLP identifying the attorneys and staff of its own firm that such Leadership Firm anticipates will be working submitting Common Benefit time and Common Benefit Expenses. Such list will include the name, year of graduation for attorneys, and a description of the work such individual is anticipated to contribute. It is the responsibility of each Leadership Firm to provide an updated list to Paul LLP as staffing and office personnel change.

Paul LLP's and Gustafson Gluek's responsibilities notwithstanding, the ultimate determination of what is compensable Common Benefit Work, and the extent or rate at which it is compensable, is within the purview of the Court. All counsel who seek to recover Court-awarded Common Benefit fees and expenses agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the assessment, award, and allocation of Common Benefit fees and expenses. The Court will determine at a later date, if needed, the

methodology for allocating any Common Benefit assessments among those who performed approved work and incurred approved expenses. There is no guaranty that any or all of the time submitted by any counsel or firm will be compensated and the submitted hourly rate for the work that is compensated is not guaranteed.

### A. Common Benefit Work

#### 1. Authorization for Compensable Common Benefit Work

"Common Benefit Work" means services performed for the benefit of all plaintiffs. Common Benefit Work includes, but is not limited to, investigation, discovery (whether documents, interrogatories, depositions or otherwise), coding or other analytical work relating to documents or evidence, research, motions and responses to motions, exhibits, bellwether trials and transcripts, and all other work performed under the direction of the Co-Lead Counsel for the benefit of all plaintiffs.

Unless specifically and explicitly authorized in writing by Co-Lead Counsel, no time spent on developing or processing individual issues in any case for an individual client, no time spent on the solicitation of potential clients, no time spent on claims processing (whether through plaintiff fact sheet, census, or settlement), and no time spent on any unauthorized work, will be considered or should be submitted. No client-related time shall be considered Common Benefit Work, with the exception of certain time relating to cases that may be selected in the future as bellwether cases. Examples of authorized Common Benefit Work and unauthorized work include, but are not limited to:

**a) Depositions:** Co-Lead Counsel shall exercise discretion, judgment, and prudence to designate only that number of attorneys to participate in any given deposition that is commensurate with the nature of that deposition so as to avoid over-staffing. Time and expenses for counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel shall not be considered Common Benefit Work but, rather, as attending on behalf of such counsel's individual clients.

**b) Conference Calls and Meetings:** Conference calls and meetings held at the direction of Co-Lead Counsel for discussion of case management, coordination, and litigation activity are generally considered Common Benefit Work. Calls and meetings solely to impart status information generally are not Common Benefit Work as to those listening. Attorneys designated by Co-Lead Counsel to run or participate in those calls, on the other hand, are working for the Common Benefit by keeping other attorneys educated about the litigation and their time is Common Benefit Work. During such telephone or conference calls and meetings, there is a presumption that only the authorized active participants' time will qualify as Common Benefit Work, although exception may be made for good cause as determined by Co-Lead Counsel. To the extent in-person meetings are held, the presumptive limit per PSC firm is one attorney's time be submitted as Common Benefit Work. Should certain meetings require the attendance of additional individuals from a PSC firm, Co-Lead Counsel may authorize additional

5

members of the PSC firm's time and expenses be submitted as Common Benefit time and Common Benefit Expenses. If a PSC firm believes additional attendees will advance the litigation on behalf of all plaintiffs, such firm must request authorization in advance from Paul LLP. Absent exceptional circumstances, attendance at in-person meetings by PSC firm staff members and non-PSC firm attorneys and staff members will not be authorized Common Benefit time and their respective expenses will not be authorized Common Benefit Expenses.

      **c) Status Conferences:** Status conferences will be held so that the litigation moves forward and legal issues are resolved with the Court. Counsel may attend any status conference held in open court, but mere attendance at or listening to a status conference will not be considered Common Benefit Work, and expenses incurred in relation thereto will not be considered Common Benefit Expenses. Attorneys designated by Co-Lead Counsel to prepare agendas, confer with opposition counsel, and otherwise address issues that will be raised at a given status conference or who are requested by Co-Lead Counsel to be present at a status conference are considered to be performing Common Benefit Work. Similarly, any attorney whose attendance at a status conference is specifically requested by the Court to address a common issue may submit his or her time for evaluation as Common Benefit Work.

      **d) Identification and Work-Up of Experts:** Identification, interview, discussions, preparation of reports, and all other matters involving experts on common

issues, experts relating to cases selected as bellwether cases or experts related to a Master or Consolidated Complaint are considered Common Benefit Work. All services and expenses related to experts retained without authorization by Co-Lead Counsel are not eligible for Common Benefit fees or Common Benefit Expenses.

**e) Attendance at Seminars:** Attendance at seminars or Continuing Legal Education programs shall not qualify as Common Benefit Work, nor shall the expenses pertaining thereto qualify as Common Benefit Expenses.

**f) Trial Consultants and Preparation:** Trial consultants and participation in trial preparation, mock trials, or focus group activity for bellwether trials may qualify as Common Benefit Work and Common Benefit Expense as authorized by Co-Lead Counsel.

**g) Document Discovery:** All work performed, and expenses incurred, in connection with document discovery (including meet-and-confers with opposing counsel and any motions to compel) relating to common issues and authorized by Co-Lead Counsel qualify as Common Benefit time and Common Benefit Expense. If an attorney elects to review documents without prior authorization by Co-Lead Counsel, that review is not considered Common Benefit Work. It is the Court's expectation that counsel will minimize the number of individual timekeepers from a single law firm to ensure the efficiency of time spent on this litigation. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed.

Filed in District Court
State of Minnesota
10/12/2020 12:31 PM

**h)  Motions:** All research, drafting, and presentation of motions and responses to motions on common issues and authorized by Co-Lead Counsel are considered Common Benefit Work.

**i)  Review of Filings and Orders:** Mere review of filings and orders generally does not qualify as Common Benefit Work. It is anticipated that there will be a large number of filings in this case and mere review of these filings will not be approved as Common Benefit Work. Those attorneys working on assignments requiring them to reasonably review, analyze, or summarize certain filings and substantive orders of this Court in connection with their assignments are doing so for the Common Benefit. In addition, it is expected that members of the PSC will review case management and substantive orders of the Court as part of their leadership responsibilities. Reasonable time spent reviewing these court rulings and orders by court appointed leadership will be considered Common Benefit time.

**j)  Emails and Correspondence:** Except for the members of the PSC, their assigned attorneys and staff working on this litigation, and those designated by Co-Lead Counsel to work on assignments requiring them to review emails and correspondence, time recorded for reviewing emails and other correspondence is not compensable as Common Benefit Work. For example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

**k) Written Discovery:** Only those attorneys designated by Co-Lead Counsel to review discovery are working for the common benefit and their time accordingly considered Common Benefit Work. All other counsel are presumptively reviewing those discovery responses for the benefit of their own clients, and such review will not be considered Common Benefit Work.

**l) Travel Time:** Reasonable Travel Time may be compensable as Common Benefit Work, to the extent necessary and approved by Co-Lead Counsel in connection with assigned Common Benefit Work or to the extent work otherwise compensable is performed while in transit. In the event that Leadership Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Paul LLP in advance as to whether such time may be compensable.

## 2. Verification

The forms detailing potential Common Benefit Work shall be certified by an attorney with authority in each firm attesting to the accuracy of the submissions.

## 3. Limitation on Use

Without the express written consent of Co-Lead Counsel, counsel who obtain access to Common Benefit Work Product are prohibited from sharing it with counsel who are otherwise not entitled to Common Benefit Work Product. Counsel who are not Leadership Counsel, as defined above, may have access to Common Benefit Work Product by signing the Participation Agreement. Counsel who sign the Participation

Agreement shall be entitled to receive and to use for their cases all Common Benefit Work performed by or for the PSC and other counsel at the direction of Co-Lead Counsel in this litigation. By signing the Participation Agreement, counsel agrees to pay the assessment amounts set forth in this Order below and otherwise agrees to be subject to this Order and the jurisdiction of this Court relating to this Order.[2]

### B.  Common Benefit Expenses

"Common Benefit Expenses" means expenses authorized by Co-Lead Counsel and incurred for the benefit of all plaintiffs. Expense submissions shall be made to Paul LLP on a monthly basis, by deadlines to be set by Paul LLP, in accordance with the guidelines set forth herein and as may be set forth by Paul LLP. Only reasonable expenses incurred while performing work specifically authorized in writing by Co-Lead Counsel will be eligible for consideration as Common Benefit expenses; any expense over $600 must be specifically approved in advance in writing by Co-Lead Counsel.

With the exception of certain expenses relating to cases that in the future may be selected as potential bellwether cases or those related to plaintiffs in a Master or Consolidated Complaint, no client-related expenses shall be considered Common Benefit Expenses unless exceptional circumstances exist and are approved by later order of this Court.

---

[2] The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only. It is not an agreement with defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, or Aearo LLC.

**1. Travel Limitations:** Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

**a) Airfare:** Ordinarily, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed. In the event that non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the lowest available coach fare, which must be contemporaneously documented. Private or charter travel will not be reimbursed except in unusual circumstances, as approved by Co-Lead Counsel.

**b) Hotel:** Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Hilton, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Unusually high hotel charges may be reviewed by Co-Lead Counsel and disallowed.

**c) Meals:** Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Co-Lead Counsel and disallowed.

**d) Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

**e) Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by Co-Lead Counsel and disallowed.

**f) Mileage:** Mileage claims must be documented by stating origination point, destination, total actual miles for each trip and rate per mile paid by the attorney's firm. The reimbursement rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

### 2. Non-Travel Limitations

**a) Long Distance, Conference Call, and Cellular Telephone Charges:** Common Benefit long distance, conference call, and cellular telephone charges must be documented in order to be compensable. Such charges are to be reported at actual cost.

**b) Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

**c) Postage Charges:** A contemporaneous postage log or other supporting documentation must be maintained and submitted for Common Benefit postage charges. Such charges are to be reported at actual cost.

**d) Facsimile Charges:** Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $0.50 per fax.

**e) In-House Photocopy:** A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy

charge is $0.08 per page for in-firm photocopies and any necessary vendor photocopies shall be at actual cost.

**f) Computerized Research: Lexis, Westlaw, PACER, or Bloomberg:** Claims for Lexis, Westlaw, PACER, Bloomberg, or other computerized legal research expenses should be in the exact amount charged to the firm and appropriately allocated for these research services.

### 3. Verification

The forms detailing expenses shall be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. Attorneys shall maintain all receipts for all expenses, which shall be available upon request.

### 4. Shared Costs and Capital Contributions

Each Co-Lead Counsel and member of the PSC shall pay a monetary amount, as directed below, which shall be used to pay reasonable and necessary Common Benefit Expenses on an ongoing basis (the "Shared Costs"). The timing and amount of each contribution will be determined by Co-Lead Counsel and must be paid within 30 days of the date of written request by Co-Lead Counsel. Failure to timely pay capital contributions as may be requested throughout this litigation will be grounds for barring counsel from submitting Common Benefit Work or Common Benefit Expenses for reimbursement.

All costs that fall under the following categories and/or other expenses incurred for

the benefit of all plaintiffs as determined by the Co-Leads shall be considered Shared

Costs and shall qualify for submission and payment:

a) court, filing, and service costs related to common issues;

b) service costs, including translation fees, for service of the consolidated complaints on all domestic and foreign defendants named in those complaints;

c) deposition and court reporter costs for depositions (excluding those that are client-specific);

d) document depository creation, operation, staffing, equipment, and administration;

e) translation costs related to the above;

f) Co-Lead Counsel and PSC out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);

g) legal, financial institutional, tax, and accountant fees relating to the Funds establish below;

h) expert witness and consultant fees and expenses for experts whose opinions, advice, and testimony would be generic and for the common benefit of all plaintiffs. There shall be no reimbursement for case specific experts, except for liability and causation experts in bellwether cases, at the discretion of Co-Lead Counsel;

i) printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

j) research by outside third-party vendors/consultants/attorneys, approved by Co-Lead Counsel;

k) investigative services, approved by Co-Lead Counsel; and

l) mediator costs.

With the exception of certain costs relating to cases selected in the future as potential

bellwether cases, no client-related costs shall be considered Shared Costs, unless exceptional circumstances exist. All Shared Costs must be approved by Co-Lead Counsel prior to payment.

The Liaison Counsel shall prepare and be responsible for distributing additional reimbursement procedures. Requests for payment shall include sufficient information to permit Co-Lead Counsel, and a CPA, if engaged, to account properly for expenses and to provide adequate detail to the Court.

### 5. Held Costs

"Held Costs" are Common Benefit Expenses carried by Leadership Counsel and reimbursed as and when Co-Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Cost categories but are incurred for the common benefit of all plaintiffs. No client-specific costs can be considered Held Costs, other than certain Common Benefit Expenses relating to potential bellwether plaintiffs at the discretion of Co-Lead Counsel.

Held Costs shall be recorded in accordance with the guidelines set forth herein and in additional procedures as prepared by Co-Lead Counsel.

### C.  Timekeeping and Submission of Time and Expense Records

All time and expenses must be accurately and contemporaneously maintained and tracked. In order to qualify as Common Benefit Work or Common Benefit Expenses, Leadership Counsel shall keep contemporaneous billing records of the time spent in

15

Filed in District Court
State of Minnesota
10/12/2020 12:31 PM

connection with Common Benefit Work, indicating with specificity the hours and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the particular activity. Time and expense submissions shall be made to Paul LLP on a monthly basis, by deadlines to be set by Paul LLP, in accordance with the guidelines set forth by Paul LLP.

Time and expense entries that are not sufficiently detailed will not be considered for payment of Common Benefit fees. All time for Common Benefit Work by each firm shall be recorded and maintained in tenth-of-an-hour increments. The failure to secure authorization from Co-Lead Counsel to incur Common Benefit time and Common Benefit Expenses, or to maintain and timely provide such records or to provide a sufficient description of the activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part. Paul LLP must maintain all time submissions in a format so that the Court may review any application for fees.

## III.   PLAINTIFFS' COMMON BENEFIT FEE AND EXPENSE FUNDS

### A.  Establishing the Fee and Expense Funds

Paul LLP is directed to establish two interest-bearing accounts to receive and disburse funds (the "Funds") as provided in this and subsequent Orders. The first fund shall be designated the "Common Benefit Fee Fund" and the second fund shall be designated the "Common Benefit Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a Special Master who is a qualified certified public accountant (the "Special Master") to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds, if needed. Such subsequent Order may specify the hourly rates to be charged by the Special Master and for the Special Master's assistants, who shall be utilized where appropriate to control costs. The Special Master shall submit quarterly detailed bills to Paul LLP and the Court, at the Court's request. Upon approval by the Court, the Special Master's bills shall be paid from the Common Benefit Expense Fund and shall be considered Shared Costs. Paul LLP shall provide a copy of this Order to the Special Master. The parties may jointly propose a Special Master for the Court's consideration. If the parties are unable to agree on a proposed Special Master, the Court will select a neutral Special Master to serve in this role.

**B. Payments into the Common Benefit Fee and Common Benefit Expense Funds**

**1. General Standards**

This Court's Common Benefit Assessment shall apply to counsel for all hearing-related claimants, along with their referring counsel: (1) who file a case that is included in this proceeding, regardless of the ultimate disposition of such case; (2) who make a recovery in connection with this proceeding, e.g., participate in a settlement administered by this Court; and/or, (3) whose counsel signed a Participation Agreement, regardless of

whether or where such claimant file his/her/its case or the ultimate disposition of such case.

The purpose of the Participation Agreement is to create a joint prosecution agreement to control the plaintiffs' work together in connection with their prosecution of claims possessed by claimants in this proceeding. Participating Counsel, on behalf of themselves, their clients, and their co-counsel, desire to use and/or benefit from Common Benefit Work and Common Benefit Expenses, as well as other benefits detailed in such agreement. Similarly, Co-Lead Counsel desire for Participating Counsel, on behalf of itself, its clients, and its co-counsel, to use and/or benefit from such work, expenses, and other benefits; and, in exchange for same, for Participating Counsel, its clients, and its co-counsel, consent to submit to the jurisdiction of this Court and abide by this Court's orders applicable to such use and/or benefits.

### 2. Gross Monetary Recovery

Gross Monetary Recovery includes any and all amounts paid by defendants through settlement or pursuant to a judgment. In measuring the "Gross Monetary Recovery," the parties are to (a) exclude any court costs that are to be paid by the defendant, but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include the fair market value of any payments-in-kind; (c) include any payments to be made by the defendant to a third party; (d) include the present value of any fixed and certain payments to be made in the future; and (e) if applicable, subtract any recovery paid by

the plaintiff to a defendant through settlement or pursuant to a judgment for counterclaim(s) asserted in a case by a defendant.

### 3. Assessment Amounts

For recoveries by all Leadership Counsel and all other counsel and plaintiffs who are subject to this Order, the total assessment amount of any Gross Monetary Recovery shall be 12% for attorneys' fees and 3% for expenses.[3]

The Assessments in this Order represent a hold back (*see, e.g.*, *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256 (E.D.N.Y. 2006)) and shall not be altered absent further order of the Court. The obligations in this Section shall follow the case to its final disposition, including a court having jurisdiction in bankruptcy.

## IV.   DISTRIBUTIONS

### A.  Court Approval

The amounts deposited into the Common Benefit Fee Fund and the Common Benefit Expense Fund shall be available for distribution to Leadership Counsel who have performed professional services or incurred expenses for the Common Benefit of all

---

[3] *See, e.g.*, *In re Avandia Mktg., Sales Practices & Prods. Liability Litigation*, 2012 WL 6923367, *6 (E.D. Pa. Oct. 19) (noting "assessments in recent years have ranged between 3% and 12%"); *In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liability Litig.*, 2002 WL 32154197, *18 (E.D. Pa. Oct. 3) ("Assessments in other multiparty litigation had ranged from 5% to 13%."); *In re: Orthopedic Bone Screw Prods. Liability Litig.*, 2000 WL 1622741 (E.D. Pa. Oct. 23) (approving 12% assessment of settlement fund for attorneys' fees).

plaintiffs as authorized by Co-Lead Counsel. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. This Court retains jurisdiction over any Common Benefit award or distribution. To the extent the funds collected from the holdbacks exceed the amounts ultimately approved by the Court for distribution to attorneys performing Common Benefit Work, that excess shall be refunded to those who have paid assessments on a *pro rata* basis.

## B. Application for Distribution

Each Leadership Counsel performing Common Benefit Work has the right to present a claim(s) for compensation and/or reimbursement through a procedure directed by Paul LLP prior to any distribution approved by this Court. Counsel who are not Leadership Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

Co-Lead Counsel shall make recommendations to this Court for distributions to Leadership Counsel performing Common Benefit Work and/or incurred Common Benefit Expenses. This Court will give due consideration to the recommendation of Co-Lead Counsel in making its ruling on the award of Common Benefit Fees and Common Benefit Expense reimbursement.

IT IS HEREBY ORDERED.

SIGNED this 12th day of October, 2020.

_____

HONORABLE THOMAS S. FRASER