# EXHIBIT B

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| CHRISTOPHER GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY and<br>AEARO TECHNOLOGIES LLC,<br><br>Defendants. | Personal Injury<br><br>**JOINT COORDINATION ORDER**<br>**WITH FEDERAL MDL**<br><br><br>**CASE NO. 27-CV-19-19916** |

WHEREAS, this case is similar to cases currently pending in the United States District Court for the Northern District of Florida, *In Re: 3M Combat Arms Earplug Products Liability Litigation*, MDL 2885 (the "MDL Proceeding");

WHEREAS, by entry of this Order, this case becomes a "Coordinated Action" as used herein;

NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate discovery to avoid duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Action and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted:

1.      The Court appoints Rick Paul of Paul LLP as Federal/State Liaison Counsel to work with plaintiffs' leadership in the MDL to facilitate coordination of

discovery in the Coordinated Action and discovery in the MDL Proceeding.   The Federal/State Liaison Counsel must keep co-counsel and the Court apprised of any motions, orders, or other significant developments in the MDL Proceeding. The Federal/State Liaison Counsel will be required to provide this Court with pertinent filings and all orders in the MDL Proceeding.

2.      To achieve the full benefits of coordinating with the MDL Proceeding, the Court has and will continue to encourage coordination with the MDL Proceeding to coordinate discovery activities and other pretrial activities wherever it is practicable and desired by a given court or courts. The coordination of pretrial proceedings in the MDL Proceeding and the Related Actions will minimize undue duplication of discovery and undue burden on courts, parties, and non-parties in responding to discovery requests, save substantial expense by the parties and non-parties, and produce substantial savings in judicial resources.

3.      All discovery and pretrial scheduling in the Coordinated Action will be coordinated with the discovery scheduling in the MDL Proceeding.

4.      Guided by Minn. R. Civ. P. 1 and the mandate for the "just, speedy, and inexpensive determination of every action", coordination shall not be at the expense of the just, speedy and inexpensive resolution of the Related Actions. Nor shall such coordination be at the expense of a just, speedy and inexpensive resolution of the MDL Proceeding.

5.     The MDL Proceeding shall be used as the lead case for discovery.

6.     The Court adopts the Deposition Protocol set forth in the MDL's Pretrial Order No. 13 (MDL Dkt. No. 554) and the Remote Deposition Protocol reflected in the MDL's Pretrial Order No. 35 (MDL Dkt. No. 1125).

7.     Federal/State Liaison Counsel will coordinate with the MDL Co-Leads regarding the identification of deponents.  To the extent Co-Lead Counsel in the MDL Proceeding decide not to seek a deposition requested by Federal/State Liaison Counsel in the MDL, Lead Counsel in a Coordinated Action may proceed with the deposition upon notice served in the Coordinated Action, provided that any such deposition in a Coordinated Action shall be limited to information that is non-duplicative of discovery taken in the MDL Proceeding.  In the event of a dispute regarding whether a deposition is permissible in a Coordinated Action, after the parties have fulfilled their obligation to meet and confer, Defendants must promptly seek a protective order from this Court; if the Court denies Defendants' motion for a protective order, the deposition will proceed no sooner than 28 days after the Court issues that ruling.

8.     For depositions noticed in the MDL Proceeding, at least one Lead Counsel for the MDL Plaintiffs, or their designee, shall confer with Federal/State Liaison Counsel, or his designee, in advance of each deposition taken in the MDL Proceeding, with the purpose of attempting to reduce the number of attorneys asking

3

questions, and to take reasonable steps to avoid additional depositions of the same individual in the Coordinated Action

9.      Counsel for any party in a Coordinated Action shall be permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding. In addition to MDL Plaintiffs' Lead Counsel and Defendants' Lead Counsel, or their designee, one Plaintiffs' Counsel from each Coordinated Action shall be permitted a reasonable amount of time to question the deponent and shall be permitted to make objections during examination by other counsel to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of the MDL Court, and the Orders of the MDL Court entered in the MDL Proceeding, and in accordance with the terms and procedures set forth in subparts (a) through (c) below providing that:

a.  the Court adopts the MDL Protective Order or enters a Protective Order that provides equivalent protection to the MDL Protective Order;

b.  Plaintiffs' Counsel from the Coordinated Action shall make reasonable efforts to ask questions that are non-duplicative of questions previously asked in the deposition, but in no event shall Plaintiff's Counsel receive extra time beyond what is provided in this Order or the Orders of the MDL Court entered in the MDL Proceeding; and

c. participation of plaintiffs' counsel from multiple actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or the Coordinated Action.

10.     The parties, the MDL Court, and this Court desire to minimize the expense and inconvenience of this litigation by, as a general rule, providing for a single deposition of any witness. Accordingly, no witness deposed in the MDL Proceeding shall be re-deposed in a Coordinated Action absent leave of this Court. Such leave shall be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in the MDL Proceeding and how the discovery sought is non-duplicative of discovery in the MDL Proceeding.

11.     Leadership in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions, and requests for admission to MDL Lead Counsel for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be propounded in the MDL Proceeding. To the extent Co-Lead Counsel in the MDL Proceeding decide not to include these in discovery requests they propound, Lead Counsel in a Coordinate Action may propound them provided that the requests are non-duplicative of the requests served in the MDL Proceeding. In the event of a dispute regarding whether discovery served in a Coordinated Action is permissible, after the parties have fulfilled their obligation to meet and confer, Defendants must

promptly seek a protective order from this Court. Absent extraordinary circumstances, Federal/State Liaison Counsel will be given at least 3 calendar days to review the proposed written discovery and provide any edits or comments.

12. In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding, including disputes as to the interpretation of the MDL Protective Order, such disputes will be presented to the MDL Court in the first instance. Resolution of such disputes shall be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question. Any discovery disputes arising out of discovery served out of a Coordinated Action will be resolved by this Court.

13. The Court shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

Dated:   June 10, 2020

_____
Hon. Thomas S. Fraser

# EXHIBIT 1

27-CV-19-19916
Case 3:19-md-02885-MCR-HTC Document 1654-2 Filed 03/01/21 Page 8 of 41
Case 3:19-md-02885-MCR-GRJ Document 684 Filed 07/30/19 Page 9 of 41

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 13
## DEPOSITION PROTOCOL

## I. Scope of Order

1. <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order applies to all cases currently pending in MDL No. 2885 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively, "the MDL Proceedings"). This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these Proceedings and will govern each case in these MDL Proceedings.

2. <u>Scope</u>. This Order applies to: (i) all fact depositions of witnesses who are currently or were formerly employees of MDL Defendants; and (ii) all third-party witnesses (including government and military witnesses), other than third-party witnesses who are relevant only to the claims of a particular plaintiff, *i.e.*, case-specific witnesses. For the avoidance of doubt, this Order does not apply to: (i) fact depositions of any MDL Plaintiff, his or her representatives, family members,

personal acquaintances, healthcare providers, and all other case-specific fact witnesses; and (ii) expert depositions.

3.     Terms.  For the purpose of this Order, the terms "MDL Plaintiffs" and "MDL Defendants" refer, respectively, to all Plaintiffs and all Defendants in these MDL Proceedings (each a "Party" and collectively, the "Parties").  The terms "Plaintiffs" or "Plaintiffs' Counsel" refers to Plaintiffs' leadership appointed by the Court (*i.e.*, Lead Counsel, Co-Lead Counsel, Plaintiffs' Executive Committee, Plaintiffs' Steering Committee, together with committees or sub-committees specifically authorized by the Court to conduct such discovery), or the designees of the foregoing.  The term "Plaintiffs' Lead Counsel" refers to Lead Counsel Bryan F. Aylstock, Co-Lead Counsel Shelley V. Hutson, and Co-Lead Counsel Christopher A. Seeger.  The terms "Defendants" or "Defendants' Counsel" refer to Defendants' Lead Counsel or their designee.  The term "Involved Counsel" refers to those attorneys participating in a particular deposition, which may include Plaintiffs' Lead Counsel or their designees or Defendants' Counsel or their designees.

## II.     General Provisions

4.     Cooperation.  The Parties are reminded that deposition discovery in the context of MDL Proceedings can be extraordinarily complex and demanding.  The process of scheduling and taking depositions, when such large numbers of cases and attorneys are involved, requires a large degree of coordination, cooperation, and

27-CV-19-19916
Case 3:19-md-02885-MCR-HTC J Document 1663-2 Filed 03/01/21 Page 11 of 41
Case 3:19-md-02885-MCR-GRJ Document 1542 Filed 07/30/19 Page 3 of 17
Page 3 of 17

effort. Counsel are expected, throughout this process, to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

     5.    Number of Depositions; Deposition Days for Depositions of Current and Former MDL Defendant Employees; Allocation of Time Between Plaintiffs. Absent agreement of the Parties or Order of the Court on a showing of particularized need, Plaintiffs will be limited to no more than forty (40) deposition days of (i) fact witnesses currently or formerly employed by MDL Defendants; and (ii) witnesses designated by MDL Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6).[1]

     With respect to depositions of Defendants' current or former employees, MDL Plaintiffs will be permitted 7 hours of examination time per deposition day, exclusive of re-direct/re-cross examination, which will be allotted an additional 30 minutes, for a total deposition time limit of 7.5 hours. Each deposition will count as at least one full deposition day, even if the time on the record during a particular deposition is less than 7.5 hours.

     6.    Notice of Anticipated Multiple-Day Examinations. Plaintiffs' Lead Counsel must provide notice to Defendants at least 14 days prior to a deposition if the deposition is expected to last more than one deposition day. Absent such notice,

---

[1] The presumptive limit on the number of depositions that either side may take does not apply in the MDL Proceeding, and thus the MDL Plaintiffs and MDL Defendants need not seek leave under Fed. R. Civ. P. 30(a)(2) to take in excess of 10 depositions, respectively.

27-CV-19-19916

Case 3:19-md-02885-MCR-HTCR-J Document 1683-2 Filed 07/30/21 Page 12 of 41
Case 3:19-md-02885-MCR-GRJ Document 1683-2 Filed 07/30/21 Page 4 of 17

Page 4 of 17

Plaintiffs' Lead Counsel or their designees will have no more than one (1) day of 7.5 hours of deposition examination time, including re-direct/re-cross. Absent agreement of the Parties or order of this Court on a showing of good cause: (i) no deposition may occur over more than two deposition days of seven 7.5 hours of testimony per day; and (ii) any deposition scheduled for more than one day must occur on consecutive calendar days.

7.  <u>Fact Witnesses Defendants Designate as Corporate Representatives</u>. The Parties may agree to consecutive depositions of an individual who is both a fact witness and a 30(b)(6) corporate representative witness (as properly noticed by Defendants pursuant to Fed. R. Civ. P. 30(b)(6)). One deposition will be taken in his or her individual capacity (as a fact witness) and a separate deposition will be taken in his or her capacity as a corporate representative. Absent agreement of the Parties or order of this Court for good cause shown, an individual designated to testify as both a corporate representative and in his or her individual capacity may not be deposed for more than a total of two (2) days of 7.5 hours of testimony per day. If such a witness is later designated as an expert witness, then the witness may be required to submit to additional deposition questioning.

8.  The time limits for a deposition set forth above will be based on the actual time spent examining the witness. Time spent on attorney colloquy and breaks (including for lunch) will not be counted toward the time limit.

Case No. 3:19md2885/MCR/GRJ

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC-J Document 1683-2 Filed 03/01/21 Page 13 of 41
Case 3:19-md-02885-MCR-GRJ Document 1542 Filed 07/30/19 Page 5 of 17

Page 5 of 17

9. <u>Cross-Noticing of Common Witnesses</u>. The Parties must use their best efforts to coordinate, to the extent practicable, the scheduling and taking of depositions with state-court plaintiffs, including working on agreements for the cross-noticing of depositions, in order to minimize the number of times that a common witness must appear for a deposition, eliminate duplicative discovery, conserve judicial resources, and promote the just and efficient conduct of this litigation.[2] In a coordinated deposition, the Court expects MDL counsel and state-court counsel to cooperate in selecting a primary examiner. When the primary examiner has concluded his or her examination, other appropriate counsel may ask non-duplicative additional questions prior to the completion of the deposition. To the extent there is a need for Court input on the allocation of time between MDL counsel and state-court counsel during a particular deposition, Plaintiffs' Lead Counsel must notify the Court in advance. The time that state-court counsel spends examining a common witness will not be counted against the examination time allotted to MDL counsel. With that said, the Court will not permit redundant or excessive questioning of a witness.

10. <u>Parties to Meet and Confer on Scheduling</u>. Plaintiffs' Counsel and Defendants' Counsel must work cooperatively to ensure a fair and orderly process

---

[2] A "common witness" is any witness common to this MDL proceeding and any state-court proceeding in which a plaintiff alleges that the 3M Combat Arms Earplugs Version 2 caused them injury.

for the scheduling of depositions. Absent extraordinary circumstances, Involved Counsel must consult in advance with proposed deponents or their counsel in an effort to schedule depositions at mutually convenient times, and counsel for the deponent must provide Involved Counsel multiple available deposition dates to aid the Parties' efforts at cooperative scheduling. Plaintiffs' Lead Counsel, Defendants' Counsel, and counsel for the deponent, if applicable, must cooperate on selecting a mutually convenient date for each deposition.

## III.    Scheduling, Logistics, and Service of Notices

11.    Ineligible Deposition Dates.  Unless otherwise agreed by the Parties or ordered by the MDL Court, depositions may not be taken on Saturdays, Sundays, or federal court holidays.

12.    Location of Depositions.  In the absence of agreement to the contrary, depositions taken pursuant to this Order of witnesses who are currently or were formerly employees of MDL Defendants will take place in Chicago, IL.

13.    Start Time.  In the absence of agreement to the contrary, depositions will commence at 9:00 a.m. in the time zone in which the deposition is taking place.

14.    Notice Form/Content/Timing.  Each deposition notice in the MDL Proceeding must comply with Fed. R. Civ. P. 30(b).  The deposition notice must include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location

of the deposition. The notice must clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means. Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) must describe with reasonable particularity the matters for examination. The questioning during the representative deposition must be limited to the matters referenced in the notice. Absent agreement of the parties, good cause, or an order of the MDL Court, any deposition notice must be served at least thirty (30) days before the date the noticed deposition is to occur.

15.     <u>Authority to Serve & Receive</u>. Notices for depositions in the MDL Proceeding must be served by email, mail, courier service, or other electronic means on Plaintiffs' Lead Counsel and Defendants' Counsel.

16.     This Order, in its entirety, must be attached to any subpoena or notice that relates to the deposition of a third-party witness.

17.     <u>Postponements</u>. Once a deposition has been mutually scheduled by the Parties, it may not be taken off the calendar, rescheduled, or relocated fewer than two weeks in advance of the date it is scheduled to occur, other than to withdraw the notice, except upon agreement in writing among the examiner designated by the noticing party and Lead Counsel for the opposing party, or by leave of Court for good cause shown.

## IV.    Conduct of the Deposition

18.    <u>Who May Attend</u>.    Unless otherwise agreed to by the Parties, depositions may be attended only by the Parties, the Parties' counsel, the deponent, the deponent's attorney, in-house counsel for the Parties, court reporters, videographers, and lawyers, assistants invited by examining counsel to assist, and any person who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record.  Unnecessary attendance in person or by telephone by non-examining counsel is discouraged and may not be compensated in any common benefit fee application to the Court without good cause shown or if the attendance was approved by Plaintiffs' Lead Counsel.  Any such request must be submitted to Plaintiffs' Lead Counsel, or their designee, by email at least 5 days prior to the deposition.

19.    <u>Notice of Attendees at a Deposition</u>.    For there to be adequate deposition space and to notify building security, counsel intending to attend a deposition noticed in the MDL should advise all Parties, including counsel for the noticing party, of their intention to attend in person at least two (2) business days prior to the deposition.

20.    <u>Number of Examiners</u>.    Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs' Lead Counsel may designate up to two (2) attorneys to serve as the examiner of each deponent on behalf of the

MDL Plaintiffs. The MDL Defendants must designate one attorney for the MDL Defendants to conduct the examination of each deponent. Notwithstanding the number of examiners, the time limits set forth above will still apply. Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

21. <u>Sequence of Examination for Depositions of Defendants' Representatives/Employees; Allocation of Time for Defendants</u>. In the absence of an alternative agreement by Plaintiffs' Lead Counsel and Defendants' Counsel, questioning at the deposition of Defendants' representatives and/or current or former employees will be conducted in the following sequence: (i) Plaintiffs' Counsel, followed by examination by any non-MDL plaintiffs participating in the deposition; (ii) Defendants' Counsel, followed by counsel for the witness (if not also Defendants' Counsel); (iii) re-cross/re-direct by Plaintiffs' Counsel and any non-MDL plaintiffs participating in the deposition. Any re-cross/re-direct by Plaintiffs' Counsel or any non-MDL plaintiffs participating in the deposition must be limited to 30 minutes and must be responsive to the examination conducted by Defendants' Counsel and counsel for the witness.

If Defendants intend to conduct a direct examination of a witness noticed by Plaintiffs, then that examination must be cross-noticed in advance of the deposition. Defendants' failure to properly cross-notice will constitute a waiver of their right to

27-CV-19-19916
Case 3:19-md-02885-MCR-HTC Document 1683-2 Filed 03/01/21 Page 18 of 41
Case 3:19-md-02885-MCR-GRJ Document 964 Filed 07/30/19 Page 10 of 17

Page 10 of 17

conduct a direct examination during the respective deposition. Any properly cross-noticed direct examination by Defendants must be limited to three (3) hours, with an additional 30 minutes for redirect/re-cross.[3]   Before questioning the witness, Defendants' Counsel must state on the record that he or she is conducting a direct examination. If the properly cross-noticed direct examination extends into a second deposition day, for the sole purpose of Defendants' direct examination, that second day will not be counted against the 40 deposition days allotted to Plaintiffs.

22.   <u>Sequence of Examination/Allocation of Exam Time for Third-Party Witnesses</u>.   With regard to depositions of third-party witnesses (including governmental and military representatives), upon the service of any subpoena, *Touhy* request for testimony, and/or notice of deposition, in conferring regarding the sequence of examination of such witnesses, the Parties must be reasonably guided by the principle that the party that first issued the deposition notice or subpoena will proceed first, followed by the non-noticing party. If the Parties cannot reach agreement regarding the sequence of examination, they must submit their dispute to the Court, which will determine the sequence of examination without regard to which party issued the deposition or subpoena notice first. In conferring regarding the allocation of time between the Parties with regard to such witnesses, the parties

---

[3] If Defendants anticipate needing more than three (3) hours for the direct examination of a particular witness, they may request leave of Court for additional time, at or before the time they cross-notice the deposition.

27-CV-19-19916

Case 3:19-md-02885-MCR-GRJ Document 1683-2 Filed 03/01/21 Page 19 of 41
Case 3:19-md-02885-MCR-GRJ Document 984 Filed 07/30/19 Page 11 of 17

Page 11 of 17

must be reasonably guided by the principle that the examination time per deposition day must be allocated evenly, with, in the case of a 7.5 hour deposition, 3.75 hours allocated to Defendants' Counsel for examination on behalf of MDL Defendants, and 3.75 hours allocated to Plaintiffs' Counsel for examination on behalf of MDL Plaintiffs. If the Parties cannot agree on the allocation of deposition time, they must submit the dispute to the Court, which will determine the allocation of deposition time without regard to the Parties' presumptive equal allocation of time. Nothing in this Order is intended to limit the ability of the Parties, for good cause shown, to seek more time for certain key witnesses.

## V.    Objections

23.    <u>How Objections Made</u>.  Objections must be made only by one of the examining counsel and the defending counsel and must be made by stating, "Objection" and the legal basis for the objection (limited to the legal bases described below).  Unless otherwise specified, an objection by a single defendant will be deemed an objection by all Defendants; similarly, an objection by a single plaintiff will be deemed an objection by all Plaintiffs.

24.    <u>Bases for Objections</u>.  No objections may be made during the taking of a deposition except to assert the following grounds, as reflected in the Federal Rules of Evidence: (i) the form of a question; (ii) foundation; (iii) privilege; (iv) a right to confidentiality; or (v) a limitation imposed pursuant to a previously entered court

27-CV-19-19916
Case 3:19-md-02885-MCR-GRJ Document 1683-2 Filed 03/01/21 Page 20 of 41
Case 3:19-md-02885-MCR-GRJ Document 984 Filed 01/30/19 Page 12 of 17
Page 12 of 17

order.  In response to an objection to the form of the question, the examiner may inquire as to the grounds for the objection in order to address the purported basis for the objection and clarify, correct, or amend the question.

25.    Objections Preserved.  All objections, except as to (i) the form of the question, (ii) foundation, (iii) the assertion of a privilege, (iv) a right to confidentiality, or (v) a limitation imposed pursuant to a previously entered court order, are preserved for later ruling by the applicable court(s) in which the deposition testimony is offered and may be asserted in connection with the proffer of the deposition testimony at trial.  Objections as to the admissibility at trial of documents introduced during a deposition are not waived by failure to raise the objection during the deposition, but rater are preserved for later ruling upon timely assertion of the objection by counsel to this Court, or by the applicable trial judge.

26.    Consultation with Witness.  A witness may consult with his or her counsel during a deposition.  When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness and counsel may consult at any time for the purpose of (a) determining whether a privilege exists, (b) determining whether disclosure of information may violate an order of the Court or another court, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order.

27-CV-19-19916

Case 3:19-md-02885-MCR-GRJ Document 1683-2 Filed 03/01/21 Page 21 of 41
Case 3:19-md-02885-MCR-GRJ Document 984 Filed 01/30/19 Page 13 of 17

Page 13 of 17

## VI.    Means of Recording Depositions

27.    A certified court reporter must stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers.  The court reporter must administer the oath or affirmation to the deponent.  The written transcript prepared by the court reporter will constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.

28.    Audioconferencing Capabilities.    The certified court report must arrange for an audio conference line for counsel participating remotely.  Any counsel or other authorized attendee who "attends" the deposition remotely must be identified on the record.  During breaks and off the record discussions, the audio conference must be muted.

29.    Right to Videotape Depositions.  Any party has the right to request that the deposition of any party or witness be recorded on videotape and such written request must be provided with the deposition notice.  Where the party wishing to videotape did not notice the deposition, a request for video tape recording must be submitted in writing to Lead Counsel for the Plaintiffs' Lead Counsel and Defendants' Counsel no later than ten (10) days before the date on which the deposition is scheduled to occur.  The party wishing to videotape the deposition, if not originally noticed as such, is responsible for arranging and paying for the

27-CV-19-19916

Case 3:19-md-02885-MCR-HES Document 1683-2 Filed 03/01/21 Page 22 of 41
Case 3:19-md-02885-MCR-GRJ Document 984 Filed 07/30/19 Page 14 of 17

Page 14 of 17

videotape. All videotaped depositions must be accompanied by a simultaneous audio tape and stenographic transcript. The stenographically prepared transcript will constitute the official record of the deposition.

30. <u>Videography Technicians</u>. The party giving notice that the deposition will be videotaped must assure that all video technicians who record the deposition possess the skills, experience, and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used. Any video operator is subject to the orders of this Court, including but not limited to the Confidentiality Order. Counsel for that party must provide a copy of this Order, the Confidentiality Order, and any further applicable Order to the video technicians no later than five (5) days prior to the deposition.

31. <u>Video Operator</u>. The operator(s) of the videotape recording equipment will be subject to the provisions of Fed. R. Civ. P. 28(c). At the start of the deposition, the operator(s) must swear or affirm to record the deposition fairly and accurately.

32. <u>Attendance</u>. Each witness, attorney, and other person attending the deposition must be identified on camera at the commencement of the deposition.

33. <u>Oath</u>. The oath must be administered to the deponent on camera.

34. <u>Standards</u>. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically

incapacitated, the deponent must be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is required. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be necessary in order to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness must appear in ordinary business attire. Eating and smoking by deponents during the deposition will not be permitted.

35. <u>Interruptions</u>. Videotape recording will be suspended during all "off the record" discussions and must note such suspension. The deposition will remain "on the record" absent agreement of counsel.

36. <u>Conclusion of Deposition</u>. At the conclusion of a deposition, a statement must be made on camera or on the audio recording that the deposition is ended where and when agreed to by the Parties and must set forth any stipulations made by counsel concerning the custody of the audio or video recording, the transcript, and the exhibits, as well as any other pertinent matters, in particular addressing any material subject to a protective order or privilege.

27-CV-19-19916

Case 3:19-md-02885-MCR-HTR  Document 1683-2  Filed 03/01/21  Page 24 of 41
Case 3:19-md-02885-MCR-GRJ  Document 934  Filed 07/30/19  Page 16 of 17

Page 16 of 17

37.  <u>Preservation of Original Media</u>.  The video operator must preserve custody of the original video medium in its original condition until further order of the Court.

38.  <u>Index</u>.  The videotape operation must use a counter on the recording equipment and after completion of the deposition must prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes, and at which exhibits are identified, as well as any interruption of continuous tape recording, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

39.  <u>Use of Depositions at Trial</u>.  The procedures for and manner of display of any videotaped testimony or exhibits to the jury at trial will be the subject of a further ruling or order by the Court.

## VII.  Exhibits and Transcript Review

40.  <u>Paper Copies of Exhibits at Deposition</u>.  An extra paper copy of exhibits marked at the deposition must be provided to counsel for the deponent and, to the extent different than counsel for the deponent, counsel for the non-noticing party.

41.  <u>Original Exhibits</u>.  All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript.  Copies of

27-CV-19-19916

Case 3:19-md-02885-MCR-HEC Document 1683-2 Filed 03/01/21 Page 25 of 41
Case 3:19-md-02885-MCR-GRJ Document 964 Filed 07/30/19 Page 17 of 17

Page 17 of 17

exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

42.     <u>Time to Review Transcript</u>.  Each deponent has the right to read and sign the deposition transcript within 45 days after receipt of the transcript from the court reporter.  This time period will not be extended, absent good cause shown. Should the deponent fail to sign the errata sheet within 45 days, the transcript will be deemed to have been read and approved by the deponent.  In the event the original transcript is unsigned, lost, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

## VIII.  Modifications to this Order

43.     This Order is subject to modification by agreement of Plaintiffs' Counsel and Defendants' Counsel, subject to Court approval, or by further of this Court.

**SO ORDERED**, on this 30th day of July, 2019.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT 2

27-CV-19916

Case 3:19-md-02885-MCR-HTC J Document 1632-3 Filed 03/31/21 Page 27 of 41
Case 3:19-md-02885-MCR-GRJ Document 1123 Filed 03/13/20 Page 1 of 41

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 35
### Remote Depositions

The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. Plaintiffs and Defendants (the "Parties") have expressed a strong preference to conduct in-person depositions in this litigation, but social distancing restrictions in various jurisdictions may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court has authorized the use of remote depositions by videoconference ("Videoconference Deposition") and now issues the following protocol[1] to govern any depositions

---

[1] This Order does not address which depositions may proceed by videoconference, a subject that the Court has addressed in a prior case management conference and will address further in future Orders as appropriate.

1

27-CV-19916
Case 3:19-md-02885-MCR-HTC-RJ Document 1683-2 Filed 03/03/21 Page 28 of 41
Case 3:19-md-02885-MCR-GRJ Document 1125 Filed 05/13/20 Page 2 of 7

conducted by remote videographic means in *In re: 3M Combat Arms Earplug Products Liability Litigation*.

1.   Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Case Management Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

2.   The deposition notice for any Videoconference Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

3.   All deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC J Document 1683-2  Filed 03/01/21  Page 29 of 41
Case 3:19-md-02885-MCR-HTC J  Document 1125  Filed 03/13/20  Page 3 of 7

description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three business days before the deposition—and will use best efforts to provide the detailed instructions at least five business days before the deposition.

4. To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

5. At least 24 hours before the Videoconference Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). If a witness noticed for a Videoconference Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, counsel who noticed the deposition must provide the deponent with an agreed-upon tablet containing the audio, webcam, and Wi-Fi connectivity needed to

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC Document 1083-3 Filed 03/01/21 Page 30 of 41
Case 19:19-md-02885-MCR-JRJ Document 1123 Filed 08/13/20 Page 4 of 7

participate in the deposition.

6. At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. To avoid any potential disruptions of a Videoconference Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition. The participating attorneys may be visible to all other participants during the deposition.

7. A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the

4

27-CV-19-19916

Case 3:19-md-02885-MCR-HTCRJ Document 1683-2 Filed 03/01/21 Page 31 of 41
Case 3:19-md-02885-MCR-HTCRJ Document 1123 Filed 03/13/20 Page 31 of 41

videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

8.  During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. Access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC-RJ Document 1683-2 Filed 03/31/21 Page 32 of 41
Case 3:19-md-02885-MCR-GRJ Document 1123 Filed 03/13/20 Page 32 of 41

display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

9. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or email exchanges with the witness). However, the witness's counsel may communicate with the witness telephonically or by other electronic means during breaks, consistent with Federal Rule of Civil Procedure 30(c)(1).

10. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

11. Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents

6

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC Document 1683-2 Filed 03/01/21 Page 33 of 41
Case 3:19-md-02885-MCR-GRJ Document 1128 Filed 05/13/20 Page 7 of 7

and such attendance is consistent with social distancing restrictions. Under such circumstances, the party noticing the deposition may still opt to conduct its examination by videoconference.

12. For *Touhy*-witness depositions, additional protocols may be established by the Court.

    **SO ORDERED**, on this 13th day of May, 2020.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**

7

# EXHIBIT 3

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC-GRJ Document 1683-2 Filed 03/03/21 Page 35 of 41
Case 3:19-md-02885-MCR-GRJ Document 1162 Filed 06/03/20 Page 35 of 41

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 41
### Joint Coordination Order Relating to Minnesota Actions

WHEREAS, certain actions involving the Combat Arms Version 2 Earplug have been filed in state court in Hennepin County, Minnesota (the "Related Actions");

WHEREAS, a Related Action in which this Order has been entered by the Court in which the action is pending is referred to herein as a "Coordinated Action" or, collectively as the "Coordinated Actions";

NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate discovery to avoid duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings are adopted:

1.     The Court appoints Rick Paul of Paul LLP as Federal/State Liaison Counsel and Mike Burns of Burns Law LLC as Co-Liaison Counsel on behalf of

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC Document 1683-2 Filed 03/01/21 Page 36 of 41
Case 3:19-md-02885-MCR-GRJ Document 1162 Filed 08/03/20 Page 2 of 7

Page 2 of 7

plaintiffs, and Mark Nomellini of Kirkland & Ellis LLP as Federal/State Liaison Counsel on behalf of defendants, to work with plaintiffs' leadership in the MDL to facilitate coordination of discovery in the Coordinated Actions and discovery in the MDL Proceeding. The Federal/State Liaison Counsel must keep co-counsel and the Court apprised of any motions, orders, or other significant developments in the Coordinated Actions. The Federal/State Liaison Counsel will be required to provide this Court with pertinent filings and all orders in the Coordinated Actions and to provide the presiding judge in the Coordinated Actions with pertinent filings and all orders in the MDL action.

2.      To achieve the full benefits of this MDL proceeding, the Court has and will continue to encourage coordination with courts presiding over Related Actions to coordinate discovery activities and other pretrial activities wherever it is practicable and desired by a given court or courts. The coordination of pretrial proceedings in the MDL Proceeding and the Related Actions will minimize undue duplication of discovery and undue burden on courts, parties, and non-parties in responding to discovery requests, save substantial expense by the parties and non-parties, and produce substantial savings in judicial resources.

3.      All discovery and pretrial scheduling in the Coordinated Actions will be coordinated with the discovery scheduling in the MDL Proceeding.

4.     Guided by Fed. R. Civ. P. 1 and the mandate for the "just, speedy, and inexpensive" determination of every action, coordination must not be at the expense of the just, speedy and inexpensive resolution of the MDL. Nor may such coordination be at the expense of a just, speedy and inexpensive resolution in any Coordinated Action.

5.     The MDL Proceeding will be used as the lead case for discovery in the Coordinated Actions.

6.     The Coordinated Actions will adopt the Deposition Protocol set forth in the MDL's Pretrial Order No. 13 (Dkt. No. 554) and the Remote Deposition Protocol reflected in the MDL's Pretrial Order No. 35 (Dkt. No. 1125).

7.     Federal/State Liaison Counsel will coordinate with the MDL Co-Leads regarding the identification of deponents.  To the extent Co-Lead Counsel in the MDL Proceeding decide not to seek a deposition requested by Federal/State Liaison Counsel in the MDL, Lead Counsel in a Coordinated Action may proceed with the deposition upon notice served in the Coordinated Action, provided that any such deposition in a Coordinated Action will be limited to information that is non-duplicative of discovery taken in the MDL Proceeding.  In the event of a dispute regarding whether a deposition is permissible in a Coordinated Action, after the parties have fulfilled their obligation to meet and confer, Defendants must promptly seek a protective order from the court in which the Coordinated Action is pending;

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC  Document 1683-2   Filed 03/01/21   Page 38 of 41
Case 3:19-md-02885-MCR-GRJ  Document 1162   Filed 08/03/20   Page 4 of 7

Page 4 of 7

if the court denies Defendants' motion for a protective order, the deposition will proceed no sooner than 28 days after the court issues that ruling.

8.      For depositions noticed in the MDL Proceeding, at least one Lead Counsel for the MDL Plaintiffs, or their designee, must confer with Federal/State Liaison Counsel, or his designee, in advance of each deposition taken in the MDL Proceeding, with the purpose of attempting to reduce the number of attorneys asking questions, and to take reasonable steps to avoid additional depositions of the same individual in the Coordinated Actions.

9.      Counsel for any party in a Coordinated Action will permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding. In addition to MDL Plaintiffs' Lead Counsel and Defendants' Lead Counsel, or their designee, one Plaintiffs' Counsel from each Coordinated Action will be permitted a reasonable amount of time to question the deponent and will be permitted to make objections during examination by other counsel to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of the MDL Court, and the Orders of the MDL Court entered in the MDL Proceeding, and in accordance with the terms and procedures set forth in subparts (a) through (c) below providing that: **the Court in which the Coordinated Action is pending has adopted the MDL Protective Order or has entered a Protective Order that provides equivalent protection to the MDL Protective Order;**

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC Document 1632 Filed 03/01/21 Page 39 of 41
Case 3:19-md-02885-MCR-GRJ Document 1162 Filed 03/03/20 Page 5 of 7

Page 5 of 7

a.      Plaintiffs' Counsel from the Coordinated Action must make reasonable efforts to ask questions that are non-duplicative of questions previously asked in the deposition, but in no event will Plaintiff's Counsel receive extra time beyond what is provided in this Order or the Orders of the MDL Court entered in the MDL Proceeding; and

b.      Participation of plaintiffs' counsel from multiple actions must be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or the Coordinated Actions.

10.      The parties, the MDL Court, and the courts in the Coordinated Actions desire to minimize the expense and inconvenience of this litigation by, as a general rule, providing for a single deposition of any witness.  Accordingly, no witness deposed in the MDL Proceeding may be re-deposed in a Coordinated Action absent leave of the Court in which the Coordinated Action is pending.  Such leave must be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in the MDL Proceeding and how the discovery sought is non-duplicative of discovery in the MDL Proceeding.

11.      Leadership in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions, and requests for admission to MDL Lead Counsel for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be

propounded in the MDL Proceeding. To the extent Co-Lead Counsel in the MDL Proceeding decide not to include these in discovery requests they propound, Lead Counsel in a Coordinate Action may propound them provided that the requests are non-duplicative of the requests served in the MDL Proceeding. In the event of a dispute regarding whether discovery served in a Coordinated Action is permissible, after the parties have fulfilled their obligation to meet and confer, Defendants must promptly seek a protective order from the court in which the Coordinated Action is pending. Absent extraordinary circumstances, Federal/State Liaison Counsel will be given at least 3 calendar days to review the proposed written discovery and provide any edits or comments.

12.     In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding, including disputes as to the interpretation of the MDL Protective Order, such disputes will be presented to the MDL Court in the first instance. Resolution of such disputes will be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question. Any discovery disputes arising out of discovery served out of a Coordinated Action will be resolved by the court overseeing that Coordinated Action.

27-CV-19-19916

Case 3:19-md-02885-MCR-HTC Document 1683-2 Filed 03/01/21 Page 41 of 41
Case 3:19-md-02885-MCR-GRJ Document 1162 Filed 06/03/20 Page 7 of 7

Page 7 of 7

13.    Any court before which a Coordinated Action is pending may join this Order.  Each Court that joins this Order will retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

**SO ORDERED**, on this 3rd day of June, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**