**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: | Judge M. Casey Rodgers |
| All Actions | Magistrate Judge Gary R. Jones |

## MDL PLAINTIFFS' CO-LEAD & CO-LIAISON COUNSEL'S OPPOSITION TO RICHARD M. PAUL'S LIMITED OBJECTION & MOTION TO MODIFY COMMON BENEFIT ORDER

## TABLE OF CONTENTS

Introduction ........................................................................................................1

Background .........................................................................................................3

Legal Standard ...................................................................................................5

Argument.............................................................................................................6

    I.   The MDL Court Has Jurisdiction to Order Common Benefit Assessments.6

    II.  This Court's Common Benefit Orders Do Not "Unfairly" Tax Minnesota State Court Cases. ......................................................................................9

    III. Any Objections to Common Benefit Assessments Have Been Waived.....12

Conclusion ........................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Camden I Condominium Ass'n, Inc. v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991) ..................................................................6

*Hartland v. Alaska Airlines*,
  544 F.2d 992 (9th Cir. 1976) ..................................................................10

*In re Air Crash Disaster*,
  549 F.2d 1006 (5th Cir. 1977) ............................................................ 6, 11

*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*,
  617 F. App'x 136 (3d Cir. 2015) ..................................................... 8, 10, 11

*In re Baldwin–United Corp.*,
  770 F.2d 328 (2d Cir. 1985) ..................................................................8

*In re Diet Drugs*,
  582 F.3d 524 (3d Cir. 2009) ..................................................................6

*In re Fosamax Prods. Liab. Litig.*,
  No. 06-MD-1789 (JFK), 2011 WL 13257632 (S.D.N.Y. Apr. 28, 2011) ............9

*In re Gen. Motors LLC Ignition Switch Litig.*,
  477 F. Supp. 3d 170 (S.D.N.Y. 2020) ..............................................2, 7

*In re Genetically Modified Rice Litig.*,
  764 F.3d 864 (8th Cir. 2014) ..................................................................10

*In re Latex Gloves Prods. Liab. Litig.*,
  2002 WL 32151775 (E.D. Pa. Aug. 28, 2002) ......................................11

*In re Phenylpropanolamine Prods. Liab. Litig.*,
  2009 WL 6042809, 2009 U.S. Dist. LEXIS 126729 (W.D. Wa. Sept. 18, 2009) .9

*In re Prempro Prods. Liab. Litig.*,
  No. 4:03-CV-1507 (BRW), 2014 WL 12758478 (E.D. Ark. Nov. 25, 2014) .......8

*In re Showa Denko K.K. L-Tryptophan Prod. Liab. Litig. II*,
   953 F.2d 162 (4th Cir. 1992) ................................................................................10

*In re Vioxx*,
   802 F. Supp. 2d 740 (E.D. La. 2011) .....................................................................6

*In re: Gen. Motors LLC Ignition Switch Litig.*,
   No. 14-MC-2543 (JMF), 2016 WL 1441804 (S.D.N.Y. Apr. 12, 2016) .............14

*Marcial Ucin, S.A. v. SS Galicia*,
   723 F.2d 994 (1st Cir. 1983) ................................................................................15

*Schnabel v. Lui*,
   302 F.3d 1023 (9th Cir. 2002) ..............................................................................15

*Turner v. Murphy Oil USA, Inc.*,
   422 F. Supp. 2d 676 (E.D. La. 2006) .....................................................................5

**Other Authorities**

Manual for Complex Litigation, § 14.121 (4th ed.) ....................................................6

Manual for Complex Litigation, § 14.215 (4th ed. 2004) .........................................6

**Rules**

Fed. R. Civ. P. 30(b)(6)...............................................................................................1

**Statutes**

28 U.S.C. §§ 1331 .......................................................................................................7

## INTRODUCTION

Plaintiffs' Counsel, Rick Paul, objects to and moves to modify Common Benefit Order No. 3 ("the Order"), ECF No. 1659, on the grounds that (1) the Order exceeds the Court's jurisdiction; and (2) the Order will double-tax certain cases proceeding in Minnesota state court ("Coordinated Actions"). ECF No. 1683. These arguments both fail.

Paul was appointed Federal/State Liaison Counsel in this MDL, ECF No. 1162, and was appointed as Co-Lead Counsel for the Coordinated Actions by Judge Fraser on October 1, 2020. *See* Order Appointing Leadership Counsel, *In re: 3M Combat Arms Earplug Litig.*, No. 27-CV-19-19916 (4th Jud. Dist. Minn. Oct. 1, 2020) ("Ex. A"). Pursuant to this Court's Joint Coordination Order, ECF No. 1162, the MDL Proceeding—with more than 200,000 claims pending—has served as the lead case for discovery in the coordinated actions, and the MDL Plaintiffs' Co-Lead and Co-Liaison counsel has cooperated with the Coordinated Actions, sharing common benefit work product that Paul concedes "created efficiencies that benefit everyone and will continue to do so." ECF No. 1683 at 13. The Coordinated Actions have benefited from, inter alia, the MDL Plaintiffs' Co-Lead and Co-Liaison counsel's efforts negotiating and implementing a deposition protocol, remote deposition protocol, and protective order; MDL motion practice; the identification of custodians and deponents; depositions of Defendants' fact and 30(b)(6) witnesses,

third-party witness, and bellwether-specific witnesses; access to MDL Centrality and ILS E-Discovery, including 3M FOIA requests, and document productions from Defendants, the Department of Defense, the Department of Veterans Affairs, and other third-party document productions. To help the Coordinated Actions realize the "full benefit" of the MDL common benefit work, Paul was expressly ordered to "keep co-counsel and the Court apprised of any motions, orders, or other significant developments in the Coordinated Actions." ECF 1162 at 2.

Because the Coordinated Actions have already benefited and will continue to benefit from the MDL common benefit work product, the Order is within the Court's jurisdiction. Courts are unanimous that use of common benefit work product, conceded here, subjects counsel to the Court's assessment power. *See In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 184-85 (S.D.N.Y. 2020). Any prejudice to the counsel in the Minnesota state cases is due to the actions and inactions of Paul. Despite Paul's alleged "surprise," Paul failed to communicate that the Minnesota court had entered a common benefit order in the Coordinated Actions. As this Court previously stated, "although the Minnesota Common Benefit Order does not affect cases in the MDL, the best time for the two courts to have coordinated on this matter would have been prior to any common benefit order being entered by either court." ECF No. 1684 at 2. At this late hour, after entry of multiple Common Benefit Orders by this Court and Judge Fraser's common benefit order, Paul's

request is without legal support and would disrupt the MDL common benefit work that has been ongoing for the last two years. Accordingly, Paul's motion should be denied.

## BACKGROUND

On April 3, 2019, the Judicial Panel on Multidistrict Litigation transferred certain product liability actions against 3M related to the Combat Arms Earplugs Version 2 to this Court for consolidated pretrial proceedings. ECF No. 1. Common Benefit Order No. 1 was entered on July 12, 2019, to "provide[] guidance" and "notice" of the standards that would be employed in assessing common benefit fee applications. ECF No. 488 at 1. Pursuant to Common Benefit Order No. 1:

> This Order applies to all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL 2885. This Order further applies to all Participating Counsel. Participating Counsel includes the following: (1) all attorneys who voluntarily sign the Participation Agreement; (2) all attorneys with a fee interest in any cases pending, later filed in, transferred to, or removed to this Court as part of MDL 2885, regardless of whether or not the attorney signs the Participation Agreement,1 and regardless of whether or not the attorney also has cases outside the MDL (filed or unfiled) ("MDL Plaintiffs' Counsel"); and (3) any attorneys who were not otherwise Participating Counsel but who obtain access to or receive the common benefit work product of MDL 2885.

*Id*. at 4. "Participating Counsel are entitled to receive the MDL common benefit work product as well any state court work product of those attorneys who are Participating Counsel as defined above" and "will be entitled to seek compensation for common benefit work and expenses." *Id*. at 4-5. In return, "Participating

3

Counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, that assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest." *Id*. at 5.

On June 3, 2020, the Court entered Pretrial Order No. 41 regarding the joint coordination between the MDL and Coordinated Actions.  ECF No. 1162.  In relevant part, this order appointed Paul as Federal/State Liaison and set forth detailed procedures to allow the Coordinated Actions to benefit from MDL common benefit work product, including document discovery, depositions, and other pretrial proceedings.  *Id.*  Pretrial Order No. 41 also required Paul to keep the MDL apprised of any important developments or orders in the Coordinated Actions.  *Id.* at 2.

On October 12, 2020, 15 months after the entry of CBO No. 1, Judge Fraser entered a Common Benefit Order ("Minnesota Common Benefit Order") in the Fourth Judicial District Court in Hennepin County, Minnesota.  *See* ECF No. 1683-1.  This order sets forth procedures for common benefit work and expenses for plaintiffs' counsel with Minnesota state court cases.  This order is inapplicable to MDL cases.  *See* ECF No. 1684 at 2.

On February 17, 2021, this Court entered Common Benefit Order No. 3 which applies to "all cases now pending (Administrative or MDL docket), as well as to any case later filed in, transferred to, or removed to this Court" as part of MDL 2885.

*See* ECF No. 1659 at 2.  As previewed in Common Benefit Order No. 1, the Order also applies to Participating Counsel, including:

> (1) all counsel who voluntarily sign the Participation Agreement; (2) all counsel with a fee interest in any case(s) pending, later filed in, transferred to, or removed to this Court as part of MDL 2885, regardless of whether or not counsel signs the Participation Agreement, and regardless of whether or not counsel also has cases outside the MDL (filed or unfiled) ("MDL Plaintiffs' Counsel"); and (3) any counsel who were not otherwise Participating Counsel but who obtain access to or receive the common benefit work product of MDL 2885.

*Id*. at 2-3.

Paul's limited objection and motion to modify the Order followed.

## **LEGAL STANDARD**

The common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discovery a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation, rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense. *See Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 680 (E.D. La. 2006); Manual for Complex Litigation, § 14.215 (4th ed. 2004) (noting that "Lead and liaison counsel may have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients.").

"The Court's authority to establish a fund and to order contributions also derives from its equitable authority and its inherent managerial power over this consolidated and multidistrict litigation."   ECF No. 488 (citing *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *In re Diet Drugs*, 582 F.3d 524, 546-47 (3d Cir. 2009); *In re Air Crash Disaster*, 549 F.2d 1006, 1008 (5th Cir. 1977); *In re Vioxx*, 802 F. Supp. 2d 740, 770 (E.D. La. 2011); Manual for Complex Litigation, § 14.121.).

## ARGUMENT

### I.   The MDL Court Has Jurisdiction to Order Common Benefit Assessments.

Paul argues that the Court lacks subject matter jurisdiction to order holdbacks in unfiled and Minnesota state court cases.  ECF No. 1683 at 5. However, "where counsel who accessed common benefit work product in a case pending before a federal court proceeds to use it in connection with a state-court case or an unfiled claim, the federal court has authority to impose an assessment."  *In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d at 188.

To start, Paul incorrectly frames the issue as one of jurisdiction.  *See id.* at 189.  It is not disputed that the federal courts are courts of limited jurisdiction that must have a statutory basis for jurisdiction.  However, Paul does not dispute that the Court has subject-matter jurisdiction over the MDL.  *See* 28 U.S.C. §§ 1331; *see* ECF No. 927 (denying remand).  Nor does Paul challenge the Court's power to

6

regulate the conduct of counsel appearing before it.  And with good reason: "A district court that supervises a multidistrict litigation 'has—and is expected to exercise—the ability to craft a plaintiffs' leadership organization to assist with case management,'" including "the power to fashion some way of compensating the attorneys who provide class-wide services." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 617 F. App'x 136, 141 (3d Cir. 2015) (citing *In re Diet Drugs*, 582 F.3d at 547); *see also In re Baldwin–United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) (noting a court has "authority" under the All-Writs Act "to enjoin and bind non-parties to an action when needed to preserve the Court's ability to reach or enforce its decision in a case over which it has proper jurisdiction").  Moreover, if counsel use MDL common benefit work product in state-court or unfiled cases, courts are "unanimous in upholding assessments in such circumstances." *In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d at 185 (collecting cases).

Regardless of the proper framing for Paul's objection, because the Coordinated Actions have made use of MDL common benefit work product, ECF No. 1683 at 11 & 13, the Order is within the Court's authority.  *See, e.g.*, *In re Prempro Prods. Liab. Litig.*, No. 4:03-CV-1507 (BRW), 2014 WL 12758478, at *2 (E.D. Ark. Nov. 25, 2014) ("[I]n cases where lawyers used . . . common benefit work and obtained a . . . recovery in any state or federal forum, the recovery was subject to an assessment." (internal quotation marks and brackets omitted)); *In re Fosamax*

*Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), ECF No. 1012, at 6-7, 2011 WL 13257632 (S.D.N.Y. Apr. 28, 2011) (providing that "any plaintiff's counsel with cases not in the MDL who utilizes any aspect of the MDL common benefit work product . . . shall be subject to" an assessment, part of which was to be "subtracted from the client portion" of recoveries); *In re Phenylpropanolamine Prods. Liab. Litig.*, MDL No. 1407 (BJR), 2009 WL 6042809, at *1, 2009 U.S. Dist. LEXIS 126729, at *3 (W.D. Wa. Sept. 18, 2009) (noting that, "for state cases in which counsel wished to avail themselves of common benefit product, there was a three percent holdback"); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 617 F. App'x at 141-144.

None of the cases cited by Paul support his argument that this Court lacks jurisdiction. Both *In re Showa Denko K.K. L-Tryptophan Prod. Liab. Litig. II*, 953 F.2d 162, 166 (4th Cir. 1992), and *Hartland v. Alaska Airlines*, 544 F.2d 992, 994 (9th Cir. 1976) are inapposite, as they involved a "direct tax on complete strangers to the litigation pending before the court." *See In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d at 187. *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 864 (8th Cir. 2014) is simply incorrect, the conclusion that the district court "lacked jurisdiction" to order holdback from the defendant is inconsistent with the letter of the law and the weight of precedent. *See In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d at 187, 190 (calling the conclusion in *In re Genetically*

*Modified Rice* "ipse dixit"); *In re Air Crash Disaster*, 549 F.2d 1006, 1016 (5th Cir. 1977) (holding that "the district court had the power to direct that the [plaintiffs'] Committee and its counsel be compensated and that requiring the payment come from other attorneys was permissible"); *In re Avandia*, 617 F. App'x at 141-44 (affirming an order "permitt[ing] the Steering Committee to, essentially, trade work product for a share in the recovery in cases *not* before the MDL"); *In re Latex Gloves Prods. Liab. Litig.*, 2002 WL 32151775, at *3 (E.D. Pa. Aug. 28, 2002) (denying motion for access to MDL work product because counsel had not agreed to pay assessments on all clients' recoveries).

## II.  This Court's Common Benefit Orders Do Not "Unfairly" Tax Minnesota State Court Cases.

Paul also argues that the existence of a common benefit order for the Minnesota Coordinated Actions in addition to the Order creates an "unfair" double-tax on Minnesota state court cases.  ECF No. 1683 at 10.  Not so. The Coordinated Actions have already received and used MDL common benefit work product, and will continue to benefit from evidence and arguments related to the multiple bellwether trials scheduled to conclude before the first state-court trial begins. Fairness dictates that counsel who benefit from common benefit work product should pay an assessment, and any prejudice to counsel in the Coordinated Actions are Paul's own doing.

Primarily, Paul argues that it would be unfair for the Coordinated Actions' plaintiffs' counsel to pay the same assessment as MDL plaintiffs' counsel.  However, Coordinated Actions' counsel has used and benefitted from MDL common benefit work product. The MDL has served as the lead case for discovery in the coordinated actions, and the Coordinated Actions have had access to an array of work product, including, but not limited to:

- extensive discovery protocols and orders;

- the identification of custodians and deponents;

- all produced discovery materials, including document productions from Defendants, the Department of Defense, the Department of Veterans Affairs, 3M FOIA requests, and other third-party document productions;

- depositions of Defendants' fact and 30(b)(6) witnesses, third-party witness, and bellwether-specific witnesses;

- MDL Centrality;

- MDL dispositive and discovery motion practice; and

- ILS XERA database.[1]

Fairness and the avoidance of a free-rider problem requires that the Coordinated Actions' counsel contribute equally for this common benefit work.

---

[1] Minnesota PLC members have logged over 324 hours in the ILS XERA database, which includes work product by MDL plaintiffs' counsel.

Paul's arguments to the contrary are unavailing.  The argument that there is a risk of double payment misses the mark. That the Coordinated Actions may have benefited from common benefit work performed by separate leadership groups in the MDL and the in state-court does not excuse counsel from an equal assessment for using the MDL common benefit work.  The Coordinated Actions have retained experts and have a separate bellwether process.  While the Joint Coordination Order did not cover experts, the undersigned are prepared to assist the Coordinated Actions with expert-related work product.  And the Coordinated Actions will continue to benefit from and have access to the work product and information from the MDL's bellwether process, including expert testimony, at the forthcoming MDL bellwether trials. As Paul concedes, "No one disputes that the MDL PLC should be compensated for its contribution to the overall litigation, including for work product that benefits all cases."  ECF No. 1683 at 11.

Moreover, it has long been Paul's responsibility to "keep co-counsel and the Court apprised of any motions, orders, or other significant developments in the Coordinated Actions."   ECF 1162 at 2.   Any prejudice to the counsel in the Minnesota state cases is due to Paul's failure to inform the Court that a common benefit order had been entered in the Coordinated Actions. This untimely objection to the Order is without legal support and would disrupt the MDL common benefit work that has been ongoing for the last two years.

11

### III.   Any Objections to Common Benefit Assessments Have Been Waived.

Upon entry of CBO No. 1 on July 12, 2019, counsel were on notice that common benefit assessments would be required for Participating Counsel,[2] who "are entitled to receive the MDL common benefit work product as well any state court work product of those attorneys who are Participating Counsel as defined above." CBO No. 1, ECF No. 488, at 4-5. This Order stated that "Participating Counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, that assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest." *Id*. at 5.

Notably, there were no objections to CBO No. 1 or CBO No. 2 by Paul or any other Minnesota counsel, nor were any motions to modify filed. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1441804, at *6 (S.D.N.Y. Apr. 12, 2016) ("[O]rderly litigation depends on lawyers raising issues and problems in a timely fashion; a failure to do so not only prevents a court from nipping problems in the bud, but also casts doubt on whether the alleged problems were in fact so problematic."); *see also Schnabel v. Lui*, 302 F.3d 1023, 1038 (9th

---

[2] Although Paul did not sign the Participation Agreement, he knowingly used common benefit work product of MDL 2885. For instance, Paul requested and received credentials to access the ILS XERA database.

Cir. 2002) (personal jurisdiction argument waived where party fails to make timely objection); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983).

By failing to object timely to CBO No. 1, which was incorporated by reference in CBO No. 3, Paul and other Minnesota counsel waived any objection that the "assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest." CBO No. 1, ECF No. 488, at 5. Paul's motion should be denied on this basis alone.

## <u>CONCLUSION</u>

For the aforementioned reasons, Paul's motion should be denied.

Date:  March 12, 2021             Respectfully submitted,

<div style="margin-left:3em">

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

</div>

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison Counsel
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY, & PROCTOR, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-Liaison Counsel
BURNS LAW LLC
362 Gulf Breeze Parkway #294
Gulf Breeze, FL 32561
850-572-9187
mike@maburns.com

***Counsel for Plaintiffs***

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH LOCAL RULE 7.1(F)</u>

I hereby certify that the foregoing contains 3,044 words and complies with

the Local Rule 7.1(F).

*/s/ Bryan F. Aylstock*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan F. Aylstock* _____