UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Hearing, ECF No. 1709.[1] On the tenth day before trial, less than 48 hours after a three-day pretrial conference, Plaintiffs filed a motion seeking a hearing to address "Defendants['] apparent efforts to perform impermissible jury research, influence the jury, and subvert the Court's judgments and evidentiary rulings" through Defendants' website, https://www.3mearplugsfacts.com. Defendants filed their opposition the next day, arguing that Plaintiffs' motion (1) violated Local Rule 7.1(B)'s attorney conference requirement; (2) "seeks prior restraints that are anathema to the First Amendment;" and (3) is hypocritical in seeking a hearing on a purportedly improper website, when Plaintiffs' counsel's firms' websites and other pages affiliated with

---

[1] The Court construes Plaintiffs' "Request for Hearing" as a motion. A hearing is typically set by court order, and any request for a court order must be made by motion. *See* Fed. R. Civ. P. 7(b)(1).

Plaintiffs similarly comment on this litigation. ECF No. 1711. This morning, Plaintiffs filed a reply in support of their request, arguing that their own websites are distinguishable and seeking declarations from 3M regarding 3M's attempts to target and influence potential jurors in the Northern District of Florida, through the website and more broadly. ECF No. 1713.

As an initial matter, counsel for both sides are reminded that they are bound by the Local Rules and the Rules of Professional Conduct, as set forth in the Rules Regulating the Florida Bar. *See* N.D. Fla. Local R. 1.1, 11(G)(1). Rule of Professional Conduct 4-3.1 provides that a lawyer "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous." Although a filing is not frivolous "merely because the facts have not first been fully substantiated," motions should not be used to send the Court on fishing expeditions, particularly at trial's doorstep. *See* Comment to Rule of Professional Conduct 4-3.1. Moreover, Plaintiffs' eleventh-hour motion, over a year—and not "a short while"—after they appeared to be aware of the 3M website at issue[2], should have been filed earlier to preclude any potential future interference or influence on the jury pool in the first instance.

---

[2] Plaintiffs questioned Jeffery Hamer, a witness for Defendants, about the website at Hamer's December 18, 2019 deposition. *See* Hamer Dep., ECF No. 1711-2.

Having fully considered the parties' briefing, the Court is foremost concerned with both sides' internet activity and the potential resulting taint on the prospective jury pool for next week's trial. In the interest of pinpointing and resolving any attempt by either side to improperly influence or attempt to influence the jury panel, the Court will require Defendants' lead trial lawyers and a corporate representative, Plaintiffs' lead counsel Bryan Aylstock and Chris Seeger, and all counsel of record for Estes', Hacker's, and Keefer's cases, to submit affidavits no later than 3PM CT on Tuesday, March 23, 2021 addressing the following.

1. Defendants' counsel and corporate representative must declare whether 3M tracks foot traffic to 3Mearplugsfacts.com and collects location information from website visitors.

2. Plaintiffs' counsel identified above must declare whether they track foot traffic to any website, including their own law firm websites or https://www.3mearplugmdl.com/, and collect location information from visitors to the website(s).

3. If so, the affiants must state:

    a. Whether demographic and any other personal information is collected from website visitors;

 b. What cookies (i.e. session, persistent, etc.) are used on the website(s) to collect this information, with a brief explanation of how they work, and when the information is collected;

 c. Whether any information collected is stored; and

 d. Whether any collected information has been used or is capable of being used to target any type of 3M or 3M litigation advertisements to visitors <u>located in Escambia, Okaloosa, Santa Rosa, and Walton counties in Florida</u> when they later visit other sites with advertisements, including but not limited to Facebook.

**SO ORDERED**, on this 21st day of March, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**