UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION *This document relates to: All actions* | ) ) Case No. 3:19-md-2885 ) ) Judge M. Casey Rodgers ) Magistrate Judge Gary R. Jones |

## MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF LIMITED OBJECTION AND MOTION TO MODIFY COMMON BENEFIT ORDER

Plaintiffs' Lead Counsel in the Minnesota Consolidated Litigation ("Minnesota PLC") move the Court pursuant to Local Rule 7.1(I) for leave to file a reply in support of their Limited Objection and Motion to Modify Common Benefit Order, Doc. 1683. The MDL Plaintiffs' Co-Lead & Co-Liaison Counsel's Opposition, Doc. 1700, makes a misstatement of fact and raises two new issues that the Minnesota PLC should have the opportunity to address. These are the sort of "extraordinary circumstances" that justify leave to reply.  N.D. Fla. L.R. 7.1(I).

*First*, a reply is necessary to correct a misstatement of fact in the Opposition. The Opposition asserts that Federal/State Liaison Counsel Rick Paul did not inform the Court or the MDL Plaintiffs' Lead Counsel ("MDL PLC") of the common benefit order entered in the Minnesota Consolidated Litigation. Doc. 1700 at 6, 15.  That is not correct. Mr. Paul informed the Court and the MDL PLC of the Minnesota common benefit order the day it was entered. *See* Ex. A, Decl. of Rick Paul, at ¶ 4.

He uploaded the order to the Dropbox created for transmitting Minnesota Court orders to this Court, and he also sent the Court and the MDL PLC an email notifying them that he uploaded the common benefit order. *See id.* Further, Mr. Paul had several conversations with the MDL PLC about a coordinated common benefit process both before and after the Minnesota CBO was entered. *See id.* at ¶5.

*Second*, a reply is necessary to address the Opposition's new offer to share expert work product. Doc. 1700 at 15. The MDL PLC previously refused to provide expert work product without a participation agreement. Ex. A at ¶6. Mr. Paul and Mr. Burns discussed at that time that Mr. Paul could not sign the Participation Agreement without subjecting plaintiffs in Minnesota to a double assessment. *Id.* Moreover, given the differences between the MDL litigation focused on military/soldier cases and claims that are not pled in Minnesota, much of the MDL expert witness work product is not helpful in the Minnesota Consolidated Litigation given its focus on civilian plaintiffs.

*Third*, a reply is necessary to address the Opposition's claim that the Minnesota PLC's objection to the common benefit order was waived. Doc. 1700 at 16–17. The Court's initial order did not apply to Minnesota cases. *See* Doc. 488 ("This [common benefit] Order applies to all cases . . . included as part of MDL 2885."). Moreover, the most recent common benefit order created a procedure for objections, Doc. 1659, which the Minnesota PLC duly followed, Doc. 1683. In the circumstances, the

Minnesota PLC thus had no reason to address waiver in their motion. A reply is necessary to give them the opportunity.

The Court has granted leave to file a reply in similar circumstances in this proceeding. For example, the MDL PLC sought and obtained leave to file a reply to address a novel offer to resolve a discovery dispute that 3M made in response to a motion to compel. *See* Doc. 808 (plaintiffs' motion to file reply); Doc. 810 (granting leave). Similarly, 3M received leave to file a reply to address assertions made for the first time in response to a motion to compel against a third party. *See* Doc. 1485 (seeking leave to reply to address "several assertions . . . that require correction"); Doc. 1486 (granting leave). From a review of the docket, it appears this Court has also granted every other request to file a reply made in the MDL. *See* Doc. 1259 (granting motion to file reply, Doc. 1257, to address issue of personal jurisdiction first raised in response); Doc. 1502 (granting motion to file reply). The Minnesota PLC respectfully requests the same opportunity.

## **CONCLUSION**

The Court should grant the Minnesota PLC leave to respond to the Opposition, Doc. 1700, to correct the facts and to address new issues raised in the Opposition.

Dated: March 22, 2021                               Respectfully Submitted,

                                                         **PAUL LLP**
                                                        /s/ *Richard M. Paul III*
                                                        Richard M. Paul III
                                                        Ashlea G. Schwarz
                                                        601 Walnut Street, Suite 300
                                                        Kansas City, Missouri 64106
                                                        Telephone: (816) 984-8100
                                                        Rick@PaulLLP.com
                                                        Ashlea@PaulLLP.com

                                                 **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

In compliance with L.R. 5.1(F), the undersigned certifies that a true and correct copy of the foregoing was filed via the Court's CM/ECF system on March 22, 2021, which sends notice to all counsel of record.

                                                   /s/ *Richard M. Paul III*