# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to: All actions* | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## Declaration of Rick Paul

1. I, Rick Paul, Federal/State Liaison Counsel in *In re 3M Combat Arms Earplug Product Liability Litigation*, make this declaration in support of the Motion for Leave to File Reply in Support of Limited Objection and Motion to Modify Common Benefit Order.

2. As Federal/State Liaison Counsel, I am responsible for keeping this Court apprised of developments in the *In re 3M Combat Arms Earplug Litigation* in Minnesota state court ("Minnesota Consolidated Litigation"). I created a Dropbox to upload pertinent filings and orders from the Minnesota Consolidated Litigation for the benefit of this Court, the MDL Plaintiffs' Lead Counsel ("MDL PLC"), and Defendants' counsel. Depending on the frequency with which relevant filings and orders appear on the docket, I have regularly kept this Dropbox updated and emailed this Court, MDL PLC, and counsel for 3M with the specific updates to the Dropbox account as they are added.

1

3. The Minnesota court entered a common benefit order in the Minnesota Consolidated Litigation on October 12, 2020. That order appears on this Court's docket at Doc. 1683-1.

4. I uploaded the Minnesota common benefit order to the Dropbox on October 12, 2020, the same day the order was entered. Also on October 12, 2020, I sent an email with notice of the Minnesota common benefit order to this Court, to MDL PLC members Bryan Aylstock and Mike Burns, and to Defendants' counsel Mike Brock, Mark Nomellini, and Kimberly Branscome. My email included a link to the Dropbox with the common benefit order uploaded. A true and correct copy of the email is attached as Exhibit 1.

5. I have tried to cooperate with the MDL PLC from the beginning to make this litigation as efficient as possible. I believe that coordination will benefit all parties involved in this litigation. I have had numerous communications with Mr. Aylstock and Mr. Burns about an agreement that would recognize the common benefit work being done in Minnesota and avoid a double assessment on plaintiffs in cases being litigated in Minnesota, including phone calls with each of them before I filed the limited objection.

6. While the MDL PLC refused to share expert witness and other work product with me because I had not signed the Participation Agreement, Mr. Burns and I discussed the fact that I could not sign it in its present form because it would have

subjected plaintiffs in Minnesota to a double assessment. Though discussed, it was not a dispute that urgently needed to be resolved because none of that work product was critical to the Minnesota litigation due to the heavy emphasis of the MDL litigation on soldier cases in contrast to the focus in Minnesota on civilian cases.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on March 22, 2021

_____
Signature