UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses Plaintiffs' motion in limine D(1), which seeks to exclude evidence or argument that the military or government had responsibility for the design or labeling of the CAEv2, prohibited instructions and/or warnings, and/or provided design "specifications" in advance of the development of the CAEv2, given the Court's findings in connection with its grant of summary judgment in their favor on the government contractor defense.[1]  Defendants represent that they do not seek to revisit the summary judgment ruling but argue that the CAEv2's design and labeling "resulted from Defendants' interactions with the government," such that the jury must be permitted to consider those interactions in assessing the

---

[1] The parties are meeting and conferring on the remaining motions in limine—Plaintiffs G(3) and G(4).  To the extent disagreements remain, they will be resolved by separate order.

"reasonableness" of Defendants' conduct for purposes of Plaintiffs' design defect claims, as well as the "reprehensibility" requirement for punitive damages.

It should not need to be said that this Court's legal rulings on summary judgment regarding the government contractor defense stand. All of them. Recent public statements by Defendants, however, suggest there may be a fundamental misunderstanding about the scope of permissible argument at trial.[2] To be clear, and consistent with the summary judgment order, Defendants may not argue that the government dictated, directed, approved, or otherwise exercised discretion with respect to military specifications for any aspect of the design of the CAEv2, or for the content of instructions or warnings. *See In re 3M Prods. Liab. Litig.*, 474 F. Supp. 3d 1231, 1251-52 (N.D. Fla. 2020) (design); *see id.* at 1257-59 (warnings). They may not argue that either the CAEv2's design or its label were the result of a "continuous back and forth" review process with the government. *See id.* at 1256 (design), 1259 (warnings). And they may not argue that the government "*made* Aearo do anything." *See id.* at 1254 (citing *Brinson v. Raytheon Co.*, 571 F.3d 1348, 1351 (11th Cir. 2009)). Defendants may disagree with the Court's legal findings in connection with the government contractor defense, but they may not "resubmit [their summary judgment] argument[s] to the jury in hopes of a different

---

[2] *See, e.g.*, 3M, www.3mearplugfacts.com (last visited Mar. 23, 2021); Emily Field, *Experts Barred from Testifying in 3M Earplug MDL*, Law360 (Mar. 15, 2021, 6:16 PM), https://www.law360.com/articles/1364990/experts-barred-from-testifying-in-3m-earplug-mdl.

determination at a trial." *See Peeler v. KVH Indus., Inc.*, No. 8:12-cv-1584, 2014 WL 117101, at *6 (M.D. Fla. Jan. 13, 2014).

With that said, the facts are the facts. To the extent the facts related to the CAEv2's design and development process bear on the remaining claims and defenses in this litigation, and the evidence of those facts is otherwise admissible under the Federal Rules, then it is fair game at trial. Thus, for example, Defendants may permissibly present evidence that the military sought an earplug with particular characteristics or features, and tell the story of how the CAEv2 came to be. They also may present otherwise admissible evidence that the military did not want instructions shipped in the box with the CAEv2.[3] At this juncture, the Court agrees with Defendants that evidence of this nature bears on the reprehensibility requirement for punitive damages. The Court reserves ruling, however, on the relevance of this evidence to the reasonableness of Defendants' design choice under

---

[3] As explained at the pretrial conference, and consistent with relevant authorities, the Court views the adequacy of instructions and the adequacy of warnings as distinct legal concepts. *See Texsun Feed Yards, Inc., Inc. v. Ralston Purina Co.*, 447 F.2d 660, 666 (5th Cir. 1971) (applying Texas law); *see also Post v. Am. Cleaning Equip. Corp*, 437 S.W.2d 516, 521 (Ky. 1968) ("There is substantial authority that the manufacturer must give both adequate directions for use and adequate warning of potential danger. Directions and warnings serve different purposes. Directions are required to assure effective use, warning to assure safe use. It is clear from the better-reasoned cases that directions for use, which merely tell how to use the product, and which do not say anything about the danger of foreseeable misuse, do not necessarily satisfy the duty to warn."); *Beauchamp v. Russell*, 547 F. Supp. 1191, 1195 n.2 (N.D. Ga. 1982) (observing that failure to instruct and failure to warn are "distinguishable" legal theories because "[i]nstructions are not warnings; instructions, if followed, lead to a more efficient and safe use of a product but may not necessarily transfer information concerning risks of harm"). This distinction will be explained in the jury instructions.

the risk-utility test for Plaintiffs' design defect claims, to the sophisticated intermediary defense advanced by Defendants under Georgia and Kentucky law,[4] and to rebut any presumption of negligence resulting from Defendants' alleged violation of EPA labeling regulations.[5] Any legal challenges to those issues based on the evidence presented at trial will be considered on a motion for judgment as a matter of law at the appropriate time and/or addressed in connection with jury instructions. To the extent that judgment as a matter of law is granted as to one of those issues—or any other issue—the Court will decide the relevance of any disputed evidence to the remaining claims and defenses in the litigation. If certain evidence becomes irrelevant as a result of the Court's ruling on a judgment as a matter of law, or is limited to only a particular legal issue, then the jury will be instructed regarding the purpose for which it can consider that evidence.

Based on the foregoing, Plaintiffs' motion to exclude evidence or argument that military or government had ultimate responsibility over design or labeling,

---

[4] The Court has serious questions about the viability of the sophisticated intermediary defense in this litigation. By reserving ruling on the issue, the Court is *not* recognizing the defense as a matter of law. As Plaintiffs did not move for summary judgment on the defense, the Court finds it more appropriate to address the issue at trial on a motion for judgment as a matter of law, if raised.

[5] The Court is mystified as to why Defendants failed to raise the rebuttable presumption related to Plaintiffs' negligence *per se* claims and the sophisticated intermediary defense in their response to Plaintiffs' motions in limine, *see* ECF No. 1673 at 10, and why Plaintiffs failed to raise their arguments on the invalidity of the sophisticated intermediary defense at summary judgment. At a minimum, these issues would have been perfect for a trial brief.

prohibited instructions, or provided design "specifications" in advance of the development of the CAEv2 is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**, on this 24th day of March, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**