UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses Plaintiffs' motions in limine (G3 and G4), which seek to exclude evidence or argument regarding Plaintiffs' receipt of collateral benefits, including disability benefits. Plaintiffs also move to exclude evidence of United States Department of Veteran's Affairs ("VA") disability determinations, applications, and files related to Plaintiffs' disability claims, including documentation related to Compensation & Pensions ("C&P") exams. Plaintiffs argue that evidence of collateral benefits are inadmissible to reduce a plaintiff's damages under both Georgia and Kentucky law. Additionally, to the extent there are exceptions to these general rules, such as for purposes of impeachment, Plaintiffs argue that these exceptions should be narrowly applied. Plaintiffs also argue that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice or confusion to the jury under Fed. R. of Evid. 403.

Defendants concede that evidence of the amount of Plaintiffs' collateral benefits is not admissible; however, they argue that evidence of collateral benefits is admissible provided the evidence has a valid evidentiary purpose other than revealing the fact of those benefits to the jury. Here, Defendants contend that this evidence is admissible to prove that Plaintiffs suffer from disabilities other than just hearing loss and tinnitus, which is relevant to their damages claims.

As both parties recognize, Kentucky and Georgia laws prohibit the use of evidence of collateral benefits to reduce a plaintiff's potential damages. *See ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1298 (11th Cir. 2018) (citing *Polito v. Holland*, 258 Ga. 54, 365 S.E.2d 273, 274 (1988)); *Peters v. Wooten*, 297 S.W.3d 55, 62 (Ky. App. 2009) (citing *O'Bryan v. Hedgespeth*, 892 S.W.2d 571 (Ky.1995)). While collateral benefits evidence is generally prohibited, both states do provide for limited exceptions to this general rule. In Georgia, evidence of collateral benefits can be used for "impeachment purposes when a witness gives false evidence related to a material issue in the case." *See ML Healthcare Servs*, 881 F.3d at 1298. And Kentucky law includes a "malingering exception," which allows evidence of a plaintiff's receipt of collateral benefits where it is necessary to prevent a plaintiff from misleading the jury. *See Peters*, 297 S.W.3d at 62.

Both parties point to cases in which other courts have addressed the admissibility of United States Social Security Administration ("SSA") applications and determinations. For example, in *Chavez,* the court found that a plaintiff's disability *application* was relevant to plaintiff's claims and admissible as a party admission under Fed. R. of Evid. 801(d)(2). *See Chavez v. Waterford Sch. Dist.*, 2011 WL 887784, at *3 (E.D. Mich. 2011) (citing *Hubbard v. Detroit Public Schools*, 372 F. App'x 631, 635 (6th Cir. 2010)). The court in *Chavez*, however, also found that the SSA's disability *determination* was inadmissible under Fed. R. of Evid. 403, given the different standards applicable to an SSA determination, as compared to plaintiff's legal claims. *See Chavez*, 2011 WL 887784, at *3 (finding that the SSA determination would only serve to confuse or mislead the jury).

After considering the parties' arguments and the relevant case law, the Court finds that any VA form that contains a disability determination, disability rating percentage, monthly compensation amount, or service-connected conclusion is inadmissible as collateral benefit evidence and as prejudicial and confusing under Fed. R. of Evid. 403. The Court disagrees with Defendants' argument that this evidence should be admissible for the evidentiary purpose of showing that Plaintiffs suffer from other issues that will affect their ability to work. While Defendants are free to offer evidence that Plaintiffs suffer from other disabilities that could contribute to their loss in earnings and ability to work, there are other avenues for

Defendants to introduce this evidence other than via VA disability determination documentation.[1] Even if Defendants excluded the specific dollar amounts assigned the Plaintiffs' VA disability awards, any remaining probative value of this evidence is substantially outweighed by the danger of prejudice and misleading the jury. There is a risk that the jury will substitute the VA's decision-making for their own.

However, the Court finds that Plaintiffs' VA disability claim applications are admissible as opposing party statements under Fed. R. of Evid. 801(d)(2). While the Court understands Plaintiffs' concerns over the risk that a disability application may indirectly introduce collateral benefit evidence to the jury, the probative value of the Plaintiffs' admissions concerning their injuries outweighs that risk. The Court will issue a limiting instruction to address the risk.

Regarding documents related to Plaintiffs' C&P exams, such as Disability Benefit Questionnaires completed by VA-affiliated physicians or medical practitioners, these documents are admissible solely for impeachment. The purpose of C&P exams is to determine disability status and benefit eligibility, not to render substantive medical care or treatment. *See Gruenwald v. United States*, 2017 WL 11503438, at *1 (E.D. Va. Feb. 23, 2017). For example, Defendants wish to

---

[1] Defendants cite to *In re: Gen. Motors*, to support their position that evidence of unrelated injuries is relevant to Plaintiffs' loss of earnings capacity claims. *See In re: Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 7455569, at *2 (S.D.N.Y. 2015). The Court does not disagree with the finding of the court in *In re: Gen. Motors*, however, that court did not specifically speak to the admissibility of collateral benefit evidence for this stated purpose. *See id.*

introduce a Hearing Loss and Tinnitus Disability Benefits Questionnaire, which was completed by the VA as part of Hacker's C&P exam. *See* Ex. D-Hacker-259. Under the "Diagnoses" section of this document, the evaluator notes, "The Veteran may have hearing loss at a level that is not considered to be a disability for VA purposes." *See id.* at 3. The document also includes the evaluator's opinion on service connection for tinnitus. *See id.* at 5. The Court considers any VA determination to be highly prejudicial and confusing to the jury, as discussed above. Additionally, some exhibits related to Plaintiffs C&P exams and evaluations included on Defendants exhibit list, are voluminous, which would further complicate the matter for the jury. *See, e.g.* Ex. D-Estes-530.

Accordingly, Plaintiffs' motion to exclude evidence or argument that Plaintiffs' recovery should be impacted by disability or other collateral benefits is **GRANTED**. Plaintiffs' motion to exclude all VA documents related to Plaintiffs is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**, on this 26th day of March, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**