## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to:<br>*Hensley*, 7:20cv093<br>*Sloan*, 7:20cv001<br>*Wayman*, 7:20cv149 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

This Order relates to the issue of consolidation of the above-captioned Group B cases that have not been set for trial. Plaintiffs support consolidation of all three cases for trial. *See* ECF No. 1829. Defendants oppose it. *See* ECF No. 1830. On full consideration, the Court finds that consolidation for trial of the Group B Bellwether cases of Hensley, Sloan, and Wayman (collectively, "HSW") is warranted.

## I. Legal Standard

Under Federal Rule of Civil Procedure 42(a), a district court may consolidate multiple cases involving "common question[s] of law or fact" for trial. A court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). In exercising that discretion, the court must consider the following factors:

(1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants."[1] *Id*. at 1314. While considerations of prejudice to a party or the likelihood of jury confusion may be sufficient to deny consolidation, the court should also determine whether those risks "can be alleviated by utilizing cautionary [jury] instructions" and "controlling the manner in which [the parties' claims and defenses] are submitted to the jury for deliberation." *Id*. at 1313-14. In the Eleventh Circuit, district courts are "urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id*. at 1314.

## II.    Discussion

The Court has carefully considered the above standard in light of the parties' arguments and finds that the efficiencies to be gained by consolidation of Hensley,

---

[1] As observed by the Fourth Circuit, "[c]onsolidation does not alter the basic standard of care required of manufacturers, and its benefits would seem to run to both plaintiffs and defendants. It is not the tool itself, but how it is utilized." *See Campbell v. Boston Sci. Corp.,* 882 F.3d 70, 76 (4th Cir. 2018).

Sloan, and Wayman's cases for trial outweigh any potential prejudice to Defendants or potential risk of jury confusion, given the substantial overlap in the issues, facts, witnesses, and other evidence.[2] Based on its experience with the consolidated trial for Luke Estes, Stephen Hacker, and Lewis Keefer (collectively, "EHK") and after presiding over two individual trials (Dustin McCombs and Lloyd Baker), the Court readily concludes that the vast majority of the parties' trial presentations overwhelmingly feature liability evidence common to all plaintiffs in the litigation.[3] "Although each plaintiff's proof of causation [will be] necessarily [individualized and] different, generally differences in causation are not enough, standing alone, to bar consolidation of products liability claims." *See Eghnayem*, 873 F.3d at 1314. To the extent any risk of prejudice or juror confusion remains, it will be ameliorated through prudent trial management and the use of carefully crafted jury instructions.

The Court is unpersuaded by Defendants' arguments that differences in the state law applicable to each Plaintiff's claims make consolidation inappropriate.[4]

---

[2] The Court rejects out of hand Defendants' argument that consolidation is inappropriate due to "the likelihood of cumulative testimony over a period of weeks before the Defendants can begin to put on a case." *See* ECF No. 1830 at 10-11.

[3] Based on this experience, the Court agrees that having numerous experts "testifying to substantially similar, partially overlapping opinions in each of these [three] trials" would result in "this Court ... be[ing] subjected to something akin to a judicial *Groundhog Day.*" *See Fisher v. Ciba Specialty Chems. Corp.,* 245 F.R.D. 539,543 (S.D. Ala. 2007).

[4] The parties have agreed that Arkansas law governs Hensley's claims, Kentucky law governs Sloan's claims, and Colorado law governs Wayman's claims. *See* ECF No. 1829 at 4 n.3; ECF No. 1830 at 2.

For one, nearly all of the differences identified by Defendants—namely, the issues of apportionment of fault to the Army, negligence per se based on the violation of federal regulations, privity for warranty claims,[5] and the admissibility of evidence of Defendants' net worth and financial condition—were present in EHK and were managed through appropriately tailored instructions and verdict forms. *See also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 1088433, at *3 (N.D. Fla. Mar. 22, 2021) (excluding evidence of 3M's financial condition in EHK because it "is explicitly prohibited under Kentucky law" and "inadmissible under Georgia law pursuant to Rule 403").[6] There is no reason why the same cannot be accomplished in HSW. Similarly, the jury may be clearly instructed on any differences in the applicable legal standard for punitive damages. *See In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591, 2017 WL 2876767, at *2 (D. Kan. July 6, 2017) ("Syngenta notes that those states' law differ with

---

[5] Defendants assert that Kentucky does not require privity of contract for warranty claims. *See* ECF No. 1830 at 4. The Court notes that this is directly contrary to Defendants' position in *Hacker*. *See* Defs.' Motion for Summary Judgment at 22, *Hacker v. 3M*, 7:20-cv-131 (N.D. Fla. Jan. 16, 2021), ECF No. 51 ("Under Kentucky law, claims for breach of express and implied warranty require direct privity of contract."). There, the Court agreed with Defendants and granted their motion for summary judgment on Hacker's breach of warranty claims due to lack of privity. *See* Order at 8-11, *Hacker v. 3M*, 7:20-cv-131 (N.D. Fla. Feb. 4, 2021), ECF No. 73.

[6] Like Georgia's Evidence Code, *see In re 3M,* 2021 WL 1088433, at *2 (citing *Chrysler Grp., LLC v. Walden,* 812 S.E.2d 244 (Ga. 2018)), Arkansas' Uniform Rules of Evidence "are based upon the federal rules of evidence and therefore cases interpreting the federal rules are helpful in analysis of the Arkansas rules." *See Smithey v. State,* 602 S.W.2d 676,680 (Ark. 1980). Arkansas Uniform Rule of Evidence 403 closely tracks Federal Rule of Evidence 403.

respect to . . . the standard for punitive damages . . . . The Court is confident, however, that the jury may be clearly instructed on any such differences that affect their deliberations.").

Accordingly, Case Nos. 7:20cv093 (Marcus Hensley), 7:20cv00l (Ronald Sloan), and 7:20cv149 (William Wayman) will be consolidated for trial in January 2022. An order setting trial will follow separately.

**SO ORDERED**, on this 2nd day of July, 2021.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**