# EXHIBIT 9



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
LITIGATION DIVISION
9275 GUNSTON ROAD
FORT BELVOIR, VA  22060-5546

July 1, 2021

SUBJECT:  Response to *Touhy* Request for Witness Production Dated June 17, 2021, in the case of *In Re.: 3M Combat Arms Earplug Products Liability Litigation* Fourth Judicial District of Minnesota

Andrew "Andy" Crowder
Blackwell Burke P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
(Via Email)

Dear Mr. Crowder,

    This letter responds to your June 17, 2021, request to depose Colonel (Ret.) Jay Vietas in the above captioned matter, made pursuant to Department of Defense Directive (DoDD) 5405.2.  Subject to the conditions set forth below, your request to depose Colonel Vietas is approved.

    In accordance with DoD 5402.2, Colonel Vietas may only provide factual information during his testimony related to his personal knowledge of the areas you listed in your June 17, 2021, letter.  Specifically, those areas are: (i) a July 30, 2019, letter concerning CAEv2 which he signed, (ii) his statement in that July 2019 letter asserting that CAEv2 "were found to be defective"; and (iii) the purported bases, if any, for that statement. Please note that Colonel Vietas advised he has very limited recollection of the July 2019 memorandum. During the deposition, he is prohibited from offering testimony on any other subjects, including the following general areas:

    a.  Any information that is classified, privileged, or otherwise protected from public disclosure. AR 27-40, Chapter 7; 32 C.F.R. § 516.41, 44.

    b.  Any information the disclosure of which would violate the Privacy Act, absent a written release authorization signed by the individual to whom the information pertains or a court ordered release signed by a judge of a court of competent jurisdiction. 5 U.S.C. § 552a.

    c.  Information which is protected by the deliberative process privilege; which relates to the process by which policies are formulated; and/or is or was at the time pre-

decisional in nature.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (stating that "[t]he cases uniformly rest the [deliberative process] privilege on the policy of protecting the 'decision making processes of government agencies'" (quoting *Tennessean Newspapers, Inc. v. FHA*, 464 F.2d 657, 660 (6th Cir. 1972)).

Additionally, Colonel Vietas cannot be qualified as an expert witness or be asked for personal opinions relating to official information.  *See* AR 27-40, para. 7-10; 32 C.F.R. § 516.49(a).  Accordingly, Colonel Vietas is not authorized to testify about documents about which he lacks personal knowledge (i.e., Colonel Vietas did not author, receive, or send the document). Counsel will be permitted to ask preliminary questions to determine whether Colonel Vietas has personal knowledge of or whether his recollection has been refreshed by a document.

Finally, the authorized deposition must be conducted remotely subject to the following additional conditions:

1.  The Government must be provided at least twenty-four hours before the deposition with a list of all participants who will have access to the platform during the deposition, whether or not they are using a video feed.

2.  The examining attorney, the witness, government counsel, and the court reporter should have video feed during the deposition. The audio of participants other than the examining attorney, witness, government counsel, and court reporter should be on mute during the deposition.

3.  If government counsel's technology fails, all questioning must be terminated until government counsel is reconnected. The witness should not be connected without government counsel being on the platform.

4.  Any deposition exhibits shall be emailed to the Department of Justice and Department of Defense counsel no later than five (5) business days before the deposition.

5.  The deposition must be conducted on July 15, 2021, within the time period 9:00 a.m. - 1:00 p.m. in the witness's time zone, Eastern Standard Time, and must include a reasonable number of breaks if requested by Colonel Vietas or government counsel. The parties shall determine how to allocate their time within the allotted four-hour time period.

6.  The Government will waive administration of the oath in person and consent to remote administration.

Your request also seeks "documents related to Colonel Vietas' assertion that CAEv2 'was found to be defective,' including: (i) any studies, testing, or other analyses supporting that assertion, (ii) internal correspondence, or (iii) correspondence from third parties." Colonel Vietas's search for documents yielded no responsive documents and

he has no recollection of any documents or correspondence relating to the assertion that the CAEv2 "was found to be defective."

      Should you have any questions, the point of contact for this matter is Major Rob Wald at robert.e.wald.mil@mail.mil or Major Roza Sheffield at roza.sheffield.2@us.af.mil.

                              Sincerely,

                              *Robert Wald*

                              Robert E. L. Wald
                              Major, U.S. Army
                              Litigation Attorney