# EXHIBIT 10

| | |
|---|---|
| **From:** | Amanda Williams <awilliams@gustafsongluek.com> |
| **Sent:** | Thursday, July 8, 2021 9:30 AM |
| **To:** | *BHulse@blackwellburke.com1; Jerry Blackwell; Andrew (Andy) Crowder |
| **Cc:** | Dan Gustafson; Ali Sieben; Sean Cooper; Rick Paul; Wasdin, Nick; Nomellini, Mark J. |
| **Subject:** | RE: 3M Minnesota |

 > This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.

Hi Ben,

After consideration of your offer below, we do not believe that will resolve our issues at this time. We will plan to file our motion later today.

Thank you,
Amanda


**Amanda M. Williams**  (profile)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition …*

---

**From:** Ben Hulse <BHulse@blackwellburke.com>
**Sent:** Wednesday, July 7, 2021 12:30 PM
**To:** Amanda Williams <awilliams@gustafsongluek.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Andrew (Andy) Crowder <acrowder@blackwellburke.com>
**Cc:** Dan Gustafson <DGustafson@gustafsongluek.com>; Ali Sieben <asieben@schwebel.com>; Sean Cooper <sean@paulllp.com>; Rick Paul <rick@paulllp.com>; Nick Wasdin <nick.wasdin@kirkland.com>; mnomellini@kirkland.com
**Subject:** RE: 3M Minnesota

Amanda,

Appreciate the fast response.  A few additional thoughts here, and a proposal for resolution.

While we've agreed to "freeze" the military plaintiffs for the purposes of PFSs, the recently issued scheduling order does not exempt them from the general discovery cutoff.

Also, while your claims are technically denominated as failure-to-warn only, your team continues to argue design defect and reference the DOJ's qui tam suit in support of punitive damages. For example, the punitive damages motion included the following language:

1

"The current litigation follows a qui tam suit by the Department of Justice into Defendants' misconduct surrounding the CAEv2 earplugs. 3M settled that case for $9.1 million in July 2018. In its settlement announcement, the Department of Justice noted that: 'the United States alleged that 3M, and its predecessor, Aearo Technologies, Inc., knew the CAEv2 was too short for proper insertion into users' ears and that the earplugs could loosen imperceptibly and therefore did not perform well for certain individuals. The United States further alleged that 3M did not disclose this design defect to the military.'"

And at the motion-to-amend hearing, Rick argued:  "Here there wasn't a risk of harm. There was a certainty of harm. There was a certainty that someone using this earplug would be harmed because of its defective nature and the failure to warn of the nature in which it needed to be used."

I just lay this out to explain what motivated us to seek this discovery.  I've discussed with my team and we would be willing to forego the Vietas deposition if the Minnesota plaintiffs make these commitments:

1. Not to use or reference the 2019 Vietas letter
2. Not to contend that the military concluded or found that the CAEv2 were unsafe or defective
3. Not to contend that 3M stopped selling the CAEv2 because the military allegedly found they were defective
4. Not to make any reference to the qui tam litigation

Please let me know your thoughts.  Thanks!

Ben

----------------------

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Mobile (612) 849-1225
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Amanda Williams <awilliams@gustafsongluek.com>
**Sent:** Wednesday, July 7, 2021 11:49 AM
**To:** Ben Hulse <BHulse@blackwellburke.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Andrew (Andy) Crowder <acrowder@blackwellburke.com>
**Cc:** Dan Gustafson <DGustafson@gustafsongluek.com>; Ali Sieben <asieben@schwebel.com>; Sean Cooper <sean@paulllp.com>; Rick Paul <rick@paulllp.com>; Nick Wasdin <nick.wasdin@kirkland.com>; mnomellini@kirkland.com
**Subject:** RE: 3M Minnesota

Hi Ben
Of course.

The basis of our motion is that this request is outside of the claims made in this litigation. As you know, the plaintiffs have only pleaded failure to warn claims – not any product defect/ defective design theories. Exhibit A to the Subpoena is a military document relaying a determination that the earplugs are "defective."  Thus, not applicable to our

cases.  Further, the parties have agreed to set aside all military plaintiffs while the jurisdictional questions are being considered by the Eighth Circuit – to rely on them for the basis of discovery now is outside of our previous agreement.

Finally, I understand that this document has been introduced at the MDL trials, it seems that the appropriate time to depose Col. Vietas was during the MDL discovery period.  It appears that you are attempting to use this litigation to obtain discovery more properly sought in the MDL court.

Thanks,
Amanda

**Amanda M. Williams**  (profile)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition …*

---

**From:** Ben Hulse <BHulse@blackwellburke.com>
**Sent:** Wednesday, July 7, 2021 10:53 AM
**To:** Amanda Williams <awilliams@gustafsongluek.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Andrew (Andy) Crowder <acrowder@blackwellburke.com>
**Cc:** Dan Gustafson <DGustafson@gustafsongluek.com>; Ali Sieben <asieben@schwebel.com>; Sean Cooper <sean@paulllp.com>; Rick Paul <rick@paulllp.com>; Nick Wasdin <nick.wasdin@kirkland.com>; mnomellini@kirkland.com
**Subject:** RE: 3M Minnesota

Would you let us know the basis for the motion?  The Minnesota proceeding includes servicemembers and we now have a September cutoff for all general (non-case-specific) discovery. Your punitive damages motion in the Graves case was based heavily on the military story, including the qui tam litigation.

Ben

---

**From:** Amanda Williams <awilliams@gustafsongluek.com>
**Sent:** Wednesday, July 7, 2021 10:33 AM
**To:** Ben Hulse <BHulse@blackwellburke.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Andrew (Andy) Crowder <acrowder@blackwellburke.com>
**Cc:** Dan Gustafson <DGustafson@gustafsongluek.com>; Ali Sieben <asieben@schwebel.com>; Sean Cooper <sean@paulllp.com>; Rick Paul <rick@paulllp.com>
**Subject:** 3M Minnesota

Jerry, Ben, Andy,
I hope you are well and had a nice 4th.  I wanted to touch base with you and let you know that we plan to bring a motion to quash the subpoena for Col. (ret.) Jay Vietas.

We plan to file today/tomorrow.  Please let me know if you will withdraw the subpoena.

Happy to chat if that would be helpful.

3

Thanks,
Amanda

**Amanda M. Williams**  (profile)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition ...*

4