# EXHIBIT 13



Rick Paul

T 816.984.8103
F 816.984.8101

Rick@PaulLLP.com

July 21, 2021

**VIA EMAIL**

Major Rob Wald, MAJ, JA
Litigation Attorney
United States Army Legal Services Agency
9275 Gunston Road
Fort Belvoir, Virginia 22060-5546
Cell: 813-401-0915
robert.e.wald.mil@mail.mil

Ms. Jacqueline Coleman Snead, DoJ
Jacqueline.Snead@usdoj.gove

    Re:    Touhy Request relating to *In re 3M Combat Arms Earplug Litigation,* Case no. 27-cv-19-19916 (Fourth Judicial District)

Dear Major Kim and Major Wald:

    In connection with *In re 3M Combat Arms Earplug Litigation*, 27-cv-19-19916, a consolidated mass tort litigation pending before Judge Laurie Miller in Hennepin County Circuit Court in Minnesota, this letter constitutes Plaintiffs' *Touhy*[1] request to the United States Department of Defense ("DoD"), for certain documents related to communications between Defendants 3M Company and Aearo Technologies, LLC (including any outside counsel acting on these Defendants behalf) after July 30, 2018.[2] Pursuant to 32 C.F.R. § 516.40-57 and 32 C.F.R. § 97, 33 C.F.R. § 1.20-1 and 6 C.F.R. § 5.45, DoD Directive 5405.2 § 6.2, Navy Instruction 5825.8A, and Air Force Instruction 51-301, Plaintiffs set forth the basis for their *Touhy* request as follows:

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).
[2] July 30, 2018, is the Department of Justice announced its settlement with 3M over the 3M CAEv2 earplugs.



### I.  Summary of the Litigation

From at least 1999 - 2015, Defendants 3M Company and Aearo Technologies, LLC, sold CAEv2 earplugs to the military and civilians. Additionally, Defendants manufactured and marketed identical dual-ended earplugs under separate brand names, including Indoor-Outdoor Range Earplug, Browning Duo, AO Safety Earplug, and EAR ARC Plug (collectively "CAEv2" or CAEv2s").

Like the claims pending in an MDL in the Northern District of Florida before Judge Rodgers, Plaintiffs in this litigation allege they were injured while wearing CAEv2s. Plaintiffs further allege that these injuries were caused by Defendants' failure to adequately warn Plaintiffs that the CAEv2s were too short for proper insertion and could become unsealed if the non-inserted end is not folded back.

### II.  Summary and Relevance of the Documents and Discovery Requested

We seek all communications between 3M (and/or its outside counsel in this litigation) and former or current members of the military relating to CAEv2, 3M hearing protection. These requests are relevant to assess, among other issues, the credibility of current and former military service members who 3M has called to the trials to date and who 3M is currently seeking to depose in this litigation. Plaintiffs' specific document requests are contained in Section III, below.

### III.  Document Requests

Pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the above-referenced statutes, directives, and instructions, Plaintiffs request the following documents from the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard (collectively "the military" or "the government"):

Case 3:19-md-02885-MCR-HTC   Document 1862-13   Filed 08/10/21   Page 4 of 6



July 21, 2021
Page 3

### A. Documents Regarding Defendants' Communications with Current and Former Servicemember Witnesses

1. All documents created after July 30, 2018, relating to or reflecting any communications, records exchanged, meetings, phone calls, video calls (e.g. Zoom calls), texts, social media messages, instant or direct messages, etc., between 3M (or Aearo) and its outside counsel[3] in this litigation from the following current or former servicemembers:

    a. Colonel (Ret.) Jay Vietas
    b. Lieutenant Colonel Leanne Battler
    c. Lieutenant Colonel (Ret.) Lorraine Babeu
    d. Dr. Brian Hobbs
    e. Lieutenant Colonel John A. Merkley
    f. Lieutenant Colonel Martin Robinette

### IV.  Additional Considerations

These requests comply with the polices of the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard regarding the provision of information by its employees in connection with litigation in state court.

1. Disclosure of the requested information is not unduly burdensome or otherwise inappropriate under the Minnesota discovery rules.
2. Disclosure of the requested information would be appropriate under the Minnesota Rules of Evidence.
3. Disclosure of the requested information would be appropriate under the Minnesota Rules of Civil Procedure and would not impact any concerns regarding privileged information pursuant to the rules of procedure governing this litigation.

---

[3] "Outside counsel" in this case includes, without limitation, the following law firms (including all employees, paralegals, attorneys, etc. for these firms): Kirkland & Ellis LLP; Dechert LLP; Blackwell Burke, P.A.; and Moore Hill & Westmoreland, P.A.



July 21, 2021
Page 4

4. Disclosure of the requested information would not violate any statute, executive order, regulation, or directive.
5. Disclosure of the requested information would not reveal any classified information, data restricted pursuant to AR 380-5, unclassified technical data withheld from public release pursuant to 32 C.F.R. § 250 or DoD Directive 5230.25, privileged safety information restricted from public release by DoD Directive 6055.7, AFI 31-401, or other matters exempt from unrestricted disclosure.
6. Disclosure of the requested information would not interfere with ongoing enforcement proceedings, compromise any constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.
7. Disclosure would not violate any person's expectation of confidentiality or privacy.
8. The United States is not, and is not reasonably anticipated to be, a party in this litigation.

*See* 32 C.F.R. §§ 97.6(b)(1)-(6); 32 C.F.R. §§ 516.41(d), 516.44; Navy Instruction 5280.8A(1)-(10); Department of Defense Directive 5405.2 § 6.2; 33 C.F.R. § 1.20-1; 6 C.F.R. § 5.45; Air Force Instruction 51-301, 9.5.1-9.5.6.

**V.    Administrative Matters**

Plaintiffs will bear the costs of duplicating and producing the documents sought by this *Touhy* request. Costs will be paid by check or money order payable to the Treasury of the United States. For ease of production, all electronically stored information can be produced via a secure file transfer protocol site that will be provided free of charge or via electronic storage media that will be provided to you at no charge and upon your request.

This request qualifies as general, non-case specific discovery, and is subject to a September 2, 2021, deadline under the parties' agreed scheduling order. If you expect that you will need more than 10 days from the date of service of this request to respond, please let us know. Additionally, Colonel (Ret.) Jay Vietas's deposition is pending after



July 21, 2021
Page 5

the Court denied Plaintiffs' motion to quash Defendants' deposition notice of Col. Vietas. We request that the documents requested above from Col. (Ret.) Jay Vietas be produced sufficiently in advance of his deposition to allow time for review. We will let you know when and if a date is set for this deposition.

Any requests for assistance with the transmittal of electronically stored documents, along with any questions regarding this *Touhy* request should be made to Sean Cooper, counsel for Plaintiffs, at (816) 984-8104 or Sean@PaulLLP.com.

Sincerely,

Rick Paul
Co-Lead Counsel for the Plaintiffs

cc:   Counsel of Record in *In re 3M Combat Arms Earplug Litigation,* Case no. 27-cv-19-19916 (Fourth Judicial District)