EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Robert C. Brock, P.C.
To Call Writer Directly:
+1 202 389 5991
mike.brock@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

June 22, 2020

**VIA EMAIL**

The Honorable M.C. Rodgers
United States District Court for the
Northern District of Florida
100 N. Palafox St.
Pensacola, FL 32502

> Re:   *In re: 3M Combat Arms Earplug Products Liability Litigation*, 3:19-md-2885

Dear Judge Rodgers:

The Parties have met and conferred regarding a proposed scheduling order for the initial bellwether cases and have submitted it as Proposed Pretrial Order No. 28A. The parties were unable to reach agreement on three issues: the fact discovery cut-off; the close of company discovery; and the number of depositions in each bellwether case. Defendants propose that company discovery close on August 30, 2020; that each side be permitted up to eight case-specific depositions per bellwether case; and that the fact discovery cut-off be October 30, 2020.

**A.   Defendants Propose Extending Fact Discovery By Approximately One Month, With No Change to the Trial Date.**

The fact discovery cut-off should be extended from September 25, 2020, to October 30, 2020. Unfortunately, two events/factors have significantly affected the schedule in this litigation: (1) the COVID-19 pandemic; and (2) the government's inability to produce documents in accordance with its promised timeline. ***First***, the COVID-19 pandemic has slowed progress in litigation in this country, and this case is no exception. Depositions in this case were appropriately postponed for several months, and document discovery was slowed. ***Second***, the federal government has failed to produce documents in accordance with its promised timeline. For example, the government originally promised to produce VA and DoD records within two weeks. Now many months have elapsed and productions are still incomplete.

Significantly, as noted in Defendants' Motion to Compel filed on June 12, 2020, important government discovery remains outstanding. That discovery, which includes key plaintiff exposure data, is critical to 3M's litigation defense.

KIRKLAND & ELLIS LLP

Judge Rodgers
June 22, 2020
Page 2

Notwithstanding these challenges, ***Defendants do not propose changing the trial date for Group A***. Instead, Defendants propose an approximately one-month adjustment in the fact-discovery cut-off for Group A, from September 25 to October 30. As shown in Defendants' proposed schedule, the trial date can remain intact by making modest adjustments in other pre-trial deadlines. The Group A Plaintiff depositions would still occur in July, subject to the Plaintiffs, the DoD, and the VA timely complying with outstanding discovery obligations.

Plaintiffs argue that no adjustment is needed because the Parties can focus on Group A. But the other trial groups will also move forward. For example, Group B Plaintiff depositions must occur by September 15, subject to Plaintiffs providing outstanding discovery. Thus, particularly with COVID-19 and government discovery issues, the September 25 cut-off should be adjusted.

### B.     The Court Should Set a Date for the Close of Company Discovery.

As the Court has stated, company discovery must close at some point. Defendants propose that company discovery close on August 31. Plaintiffs have not proposed any date. This is despite Defendants having produced over 330,000 documents (from a universe of over 11 million documents subject to the TAR protocol) and certified the completion of productions from over 50 custodians. Absent a date for the close of company discovery, it will continue indefinitely. Plaintiffs have continued to pursue new depositions, document requests, and custodians. As Judge Jones recently noted, given the TAR process, more custodians leads to more documents, for both new and old custodians. (6/10/20 Hrg. at 15–16 ("And as we've talked about time and time again, every time you add new documents to the TAR corpus, it goes back and re-rates all of the other documents, and you can end up having additional, quote, 'relevant' documents produced that relate to custodians who their documents have already been produced and, in some cases, individuals have already been deposed.")). Uncertainty about the end of company discovery will interfere with the Parties' trial preparation, including expert reports, depositions, and *Daubert* motions. The Court should order that company discovery close on August 31 so this litigation proceeds to trial in an orderly fashion.

### C.     The Parties Should Be Permitted Up to Eight Depositions Per Side.

Each side should be permitted to take eight case-specific depositions in each bellwether case. In connection with the Deposition Protocol, Plaintiffs sought ***fifty*** "deposition days of (i) fact witnesses currently or formerly employed by MDL Defendants; and (ii) witnesses designated by MDL Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6)." Pretrial Order No. 13 granted Plaintiffs forty deposition days. Plaintiffs now argue that Defendants should be limited to ***four*** depositions per bellwether case, even though depositions from one case (*e.g.*, the audiologist who examined a particular bellwether plaintiff) are unlikely to be useful in another case.

KIRKLAND & ELLIS LLP

Judge Rodgers
June 22, 2020
Page 3

Contrary to Plaintiffs' claims, the February 25, 2020 Bellwether Discovery Order (PTO 28) does not impose a four-deposition limit. To the contrary, PTO 28 imposes a four-deposition limit *only for the time period through July 31*. PTO 28 states: "7/31/2020[:] Core Discovery Completion Date (depending on the government's responses to document and deposition requests); Maximum of four case-specific depositions per side." And PTO 28 further provides a two-month period to take additional discovery, beyond the four depositions taken by July 31, 2020. PTO 28 states: "8/04/2020[:] Supplemental Fact Discovery for Trial Group A cases. The parties will discuss what, if any, supplemental fact discovery is required and must seek the Court's assistance if they are unable to reach agreement. 9/25/2020[:] Fact Discovery Completion Date for Trial Group A cases (depending on the government's responses to document and deposition requests)."

PTO 28 gave the parties time between August 4 and September 25 to take additional depositions, beyond the four that were to be completed by July 31. There is no basis for Plaintiffs' current position that the parties expected to take zero depositions during that two month period.[1] Thus, PTO 28 supports allowing the parties to take up to eight depositions per case, not four.

The need for eight depositions is also supported by the discovery to date. For example, there are Plaintiff(s) who: (i) have a spouse claiming loss of consortium; (ii) have been examined by multiple audiologists or health care providers; (iii) have been fitted with or instructed how to use the CAEv2 by multiple individuals; (iv) have been reviewed by multiple military officials, (v) have had multiple employers, and (vi) have identified in their interrogatory answers multiple witnesses, e.g., people present when Plaintiff(s) fired weapons, people who saw if Plaintiff(s) wore hearing protection devices, people with whom Plaintiff(s) discussed their alleged hearing injuries.

\*     \*     \*

For the foregoing reasons, Defendants respectfully request that the Court adopt Defendants' proposed dates in the Parties' Proposed Pretrial Order No. 28A.

---

[1] Nor is there a basis for Plaintiffs' argument that permitting each side to take up to eight case-specific depositions will lead to sixteen depositions in each case. There will only be sixteen depositions in a case if both sides use their full allotment. Plaintiffs are unlikely to use their full allotment because they will likely only depose those witnesses who cannot attend trial.

# KIRKLAND & ELLIS LLP

Judge Rodgers
June 22, 2020
Page 4

                                                Respectfully Submitted,

                                                /s/ Robert C. Brock, P.C.

                                                *Counsel for Defendants*

cc: Counsel for Plaintiffs