# EXHIBIT B

AYLSTOCK, WITKIN, KREIS OVERHOLTZ
www.AWKOLAW.com
17 East Main Street, Suite 200 • Pensacola, Florida 32502
Phone: (850) 202-1010 • Fax: (850) 916-7449

BRYAN F. AYLSTOCK (FL, AL, MS)*
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

June 22, 2020

<u>VIA EMAIL</u>
Judge M.C. Rodgers
United States District Court
Northern District of Florida
100 North Palafox Street
Pensacola, Florida 32502

> Re:  *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, 3:19-md-2885
> *Proposed Amended PTO 28 – Case Schedule*

Dear Judge Rodgers:

Plaintiff Leadership submits this letter regarding disputes relating to the Parties' proposed amendments to the trial schedule for the initial bellwether cases originally described in Pre-Trial Order No. 28, ECF No. 1009, entered Feb. 25, 2020 ("PTO 28"), attached hereto as Exhibit A.

The Parties remaining disputes relate to (1) Defendants' premature and unprompted proposal of a global discovery cut-off; (2) Defendants' attempt to renegotiate previously-decided deposition limits; and (3) the actual and potential effects (including prejudice to Plaintiffs and potential delay to the schedule) of Defendants' proposal to shift certain deadlines.  Plaintiffs submit herewith a Microsoft Word version of their proposed order as Exhibit B, and a version of the order reflecting these disputes is attached hereto as Exhibit C.

### I. Global Discovery Cut-off

Plaintiffs oppose Defendants' un-briefed, left-field proposal of a "global discovery cut-off." This proposal should be rejected because the proposal of a deadline is premature, and because the deadline Defendants propose is a mere two months away.  Further, the Parties cannot meaningfully assess the appropriateness of the proposed August 31, 2020, discovery cut-off in light of the current status of discovery.  Defendants' proposed discovery cut-off also goes beyond the proper scope of the Court's request for amendments to PTO 28.  The proposed cut-off would not be fair with regard to the Trial Group A cases, let alone with regard to other Plaintiffs' cases.

The Parties' previously stipulated schedule, as reflected in PTO 28, did not establish a cut-off for global discovery, by design.  This is a litigation with more than 150,000 cases.  Defendants' document production has been protracted well beyond the September 30, 2019, substantial completion date set by the Court.  Defendants should not be permitted to create a discovery squeeze play by delaying the production of documents, and then imposing a global discovery cut-off on two months notice.

As Defense Counsel well knows, it is common in multi-district litigation for discovery to remain open while a set of initial cases proceed to trial, as new issues are often revealed in initial trials that necessitate the Parties' focus as the litigation proceeds.  It is telling (one-sided, prejudicial) that Defendants seek only to close discovery *from Defendants*, while leaving Defense Counsel's options fully open as to seeking third-party disdovery, *i.e.*, from the U.S. government.

The ongoing nature of discovery makes imposition of an early cut-off clearly inappropriate. This week, Plaintiffs are taking the depositions of two critical 3M witnesses: Robert Zielinski, who oversaw manufacturing operations at Aearo Technologies in Mexico, and Robert Klun, Aearo's head of research and development during key time frames in the development and promotion of the Combat Arms Version 2. As such, global discovery against 3M is still actively progressing, and plaintiffs are not prepared to agree to a discovery cut-off date until the facts brought to light by those depositions, and possibly others, are fully determined. This Court has previously noted that "the review of documents by a requesting party is... a learning process," and explicitly acknowledging that continuing discovery is likely to take place as additional documents are analyzed (Tr. 6/10 hearing, P. 16-17). Defendants have continued to produce documents responsive to Plaintiffs' requests as recently as June 17, 2020, making any discussion of a global cut-off date for discovery premature.

Finally, Defendants' proposal is also beyond the proper scope of the instant briefing. At the Case Management Conference held just prior to the entry of PTO 28, the Court made clear that the proposed schedule under consideration was for "the first bellwether pool of cases." (9th CMC Tr. 3:22). Most recently at the May 29, 2020 CMC, the Court acknowledged that records for the bellwether plaintiffs were initially delayed, and that depositions would therefore likely have to be limited in order to meet the Court's trial schedule. As such, Judge Rodgers requested that the parties "come up with a revised schedule to get those first five [bellwether cases] going in terms of depositions" of "Plaintiffs and other case-specific depositions." (12th CMC Tr. 29:1-5). At no point did the Court propose or request that the parties negotiate a global discovery cut-off date.

To the extent Defendants seek to close discovery, the proper context for that request is a motion, not a late-proposed item in a supplement to a scheduling order. In light of the scale and scope of this MDL, the Parties should have the opportunity to brief the propriety and timing of any proposal to close discovery.

## II. Number of Case-Specific Depositions

Defendants improperly seek to revisit the Parties' and Court's prior determination with regard to the number of case-specific depositions permitted per side. Plaintiffs' proposal – which tracks the Parties' joint proposal as entered by the Court in PTO 28 – should be adopted instead.

During negotiations which took place between the parties leading up to the entry of PTO 28, the Parties specifically discussed the number of depositions to be permitted in each bellwether case. PTO 28 contained a limit of "four case-specific depositions per side," to be completed by July 31, 2020. Ex. A at 1. To the extent more depositions are necessary in a given case, PTO 28 also provides a process under which the Parties "will discuss what, if any, supplemental fact discovery is required and must seek the Court's assistance if they are unable to reach agreement." Ex. A at 2. Plaintiffs' proposal retains the agreement reached earlier in this litigation.

Defendants, on the other hand, now seek to double that number, permitting ***eight*** case-specific depositions per side. As noted above, if a specific case requires additional depositions, the Parties have a process to resolve that issue. In the absence of Defendants' showing of some specific need, allowing eight depositions per side in each Bellwether case imposes an unnecessary burden.

Judge M.C. Rodgers
June 22, 2020
Page 3

### III. <u>General Timing</u>

Defendants' proposal, in general terms, creates more time in between deadlines in the early portion of the schedule, but compresses deadlines in the later portion of the schedule. Plaintiffs believe that this has the general effect of increasing the likelihood of delays to the trial date, and fails to account for any possible exigencies. Additionally, Defendants' shifting of certain deadlines has the effect of significantly shortening the periods in which Plaintiffs can respond to or move on an issue, and the time the Court has to decide on motions and other issues.

Having significantly pared back core discovery in Trial Group A cases through July 31, and having further staggered out deadlines in the other Trial Group's cases, there should be little challenge hitting the mark by the dates originally calendared in PTO 28 – particularly in light of the fact that PTO 28 was originally drafted to apply to all 25 Bellwether cases, and the deadline at issue in this briefing applies only to Trial Group A cases. Plaintiffs' proposal, therefore, maintains those dates.[1]

Defendants' proposal, on the other hand, liberally moves the originally ordered dates without a clear basis, and in ways that reduce the time allotted to Plaintiffs and the Court. For example, Defendants seek to add an additional month before the close of case-specific discovery, despite the fact that the number of cases at issue (and, therefore, the number of depositions) has been dramatically decreased in making this deadline applicable only to Trial Group A. With regard to prejudice, Defendants' proposal would require Plaintiffs to submit *Daubert* motions on Monday, January 25, ***immediately*** after their proposed close of expert discovery, on Friday, January 22. *See* Exhibit C. Similarly, Defendants would require Plaintiffs to submit expert disclosures on Trial Group A cases on Monday November 2, ***immediately*** after their proposed close of fact discovery on Friday, October 30. *See* Exhibit C. Notably, Defendants' changes have generally not impacted the time Defendants have for motions and responses – in the context of expert disclosures, for example, Defendants propose granting themselves a full 30 days in which to respond. *See* Ex. C.

Finally, Defendants' schedule accounts for no need for any "wiggle room," and therefore risks delays to the trial date itself. Although all involved will seek to avoid any delay, exigencies often arise in matters of this complexity and involving this many participants. Under Defendants' proposal, any such exigencies would likely directly impact the scheduled trial date.

*     *     *

Plaintiffs request that the Court adopt Plaintiff Leadership's proposed schedule.

---

[1] *Compare* Exhibit A (PTO 28) with Exhibit B (Plaintiffs' Proposal) (both providing, *e.g.*, deadlines in Trial Group A cases of September 25 for fact discovery; of October 2 for Plaintiffs' Expert Disclosures; of November 2 for Defendants' Expert Disclosures; of December 23 for completion of expert depositions; and of January 8 for *Daubert* motions).

        Respectfully submitted,

*[signature]*

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

David R. Buchanan, Co-Chair PSC
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042741993
Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 587-0700
dbuchanan@seegerweiss.com
cseeger@seegerweiss.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street, Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*Counsel for Plaintiffs*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 28
### Discovery & Trial Schedule for Initial Bellwether Cases

The Court adopts the following discovery and trial schedule for the initial bellwether cases, which was jointly proposed by the parties.

| Date | Event |
|---|---|
| 2/25/2020 | Parties' initial bellwether selections complete |
| 2/26/2020 | Parties may begin serving interrogatories and requests for case-specific production of documents for bellwether discovery pool |
| 3/09/2020 | Authorizations must be provided to obtain records |
| 5/15/2020 | Deadline for parties to respond to written discovery (subject to record collection completion from the government) |
| 7/31/2020 | Core Discovery Completion Date (depending on the government's responses to document and deposition requests); Maximum of four case-specific depositions per side |
| 7/31/2020 | The Court will create four trial groups—Trial Group A, Trial Group B, Trial Group C, and Trial Group D—and assign five non-alternate cases to each group. To the extent any of the non-alternate cases have been dismissed, the cases will, at the Court's discretion, be replaced by the Court with one of the backup cases. |

| | |
|---|---|
| 8/04/2020 | Supplemental Fact Discovery for Trial Group A cases.[1] The parties will discuss what, if any, supplemental fact discovery is required and must seek the Court's assistance if they are unable to reach agreement. |
| 9/25/2020 | Fact Discovery Completion Date for Trial Group A cases (depending on the government's responses to document and deposition requests)[2] |
| 10/02/2020 | Plaintiffs' Expert Disclosures on Trial Group A cases due |
| 11/02/2020 | Defendants' Expert Disclosures on Trial Group A cases due |
| 11/11/2020 | Plaintiffs' expert witness rebuttal reports due |
| 12/23/2020 | Depositions of Plaintiffs' and Defendants' Experts Completion Date (Depositions will be phased so that the deposition of plaintiffs' expert on a particular topic occurs prior to the deposition of defendants' expert on that same topic) |
| 1/08/2021 | Case-specific *Daubert* and dispositive motions due for case(s) in first trial |
| April 2021 | First bellwether trial begins (assuming *Lexecon* waivers) |

**DONE AND ORDERED**, on this 25th day of February, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Deadlines for Group B will commence 45 days later; Group C will commence 90 days later; and, Group D will commence 135 days later.

[2] This deadline may not be extended without leave of court.

Plaintiffs' Proposal

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19-md-2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## [PROPOSED] PRETRIAL ORDER NO. 28A
### Discovery & Trial Schedule for Initial Bellwether Cases

The Court adopts the following discovery and trial schedule for the initial bellwether cases, which was jointly proposed by the parties.

6/19/2020   Deadline for Plaintiffs in initial bellwether cases to amend Short Form Complaints to add party-plaintiffs asserting consortium claims

7/13/2020   Deadline for Defendants to move to dismiss or file any Amended Answer in response to Plaintiffs' Short Form Complaints in the Trial Group A cases[1], absent leave of Court

7/31/2020   Completion of depositions of Plaintiffs in Trial Group A, subject to timely responses to pending requests served on VA, VBA, DOD and Plaintiffs[2]

---

[1] Group B motions to dismiss and/or answers will be filed 21 days later. Group C motions to dismiss and/or answers will be filed 42 days later. Group D motions to dismiss and/or answers will be filed 63 days later.

[2] Deposition, discovery, disclosure, and briefing deadlines for Group B will commence 45 days later; Group C will commence 90 days later; and, Group D will commence 135 days later.

1

Plaintiffs' Proposal

| | |
|---|---|
| 9/25/2020 | Fact discovery completion date for Trial Group A cases (depending on the government's responses to document and deposition requests) Absent leave of Court or agreement among the Parties, the Parties are presumptively permitted up to four case-specific depositions per side |
| 10/2/2020 | Plaintiffs' Expert Disclosures on Trial Group A cases due |
| 11/2/2020 | Defendants' Expert Disclosures on Trial Group A cases due |
| 11/12/2020 | Plaintiffs' Expert Rebuttal reports on Trial Group A cases due |
| 12/23/2020 | Depositions of Plaintiffs' and Defendants' Experts Completion Date (Depositions will be phased so that the deposition of Plaintiffs' expert on a particular topic occurs prior to the deposition of Defendants' expert on that same topic) |
| 1/8/2021 | Case-specific *Daubert* and dispositive motions due for case(s) in first trial |
| 1/29/2021 | Oppositions to case-specific *Daubert* and dispositive motions due |
| 2/5/2021 | Replies in support of case-specific *Daubert* and dispositive motions due |
| 2/15/2021 | Parties to Exchange:<br>• Witness Lists<br>• Exhibit Lists<br>• Depo designations (for witnesses reasonably likely to be called) |
| 2/19/2021 | Motions in *Limine* for case(s) in first trial due |

Plaintiffs' Proposal

| | |
|---|---|
| 3/1/2021 | Parties to Exchange: |

- Deposition Counter-Designations
- Objections to Deposition Designations
- Objections to Exhibits
- Proposed Jury Instructions
- Proposed Jury Questionnaires

| | |
|---|---|
| 3/1/2021 | Motions in *Limine* Oppositions for case(s) in first trial due |
| 3/8/2021 | Motions in *Limine* Replies for case(s) in first trial due |
| 3/11/2021 | Parties to Exchange: |

- Supplements to Exhibit List
- Objections to Deposition Counter-Designations
- Deposition Counter-Counter Designations

| | |
|---|---|
| 3/15/2021 | Parties to Exchange Objections to Counter-Counter Designations |
| 3/16/2021 - 3/18/2021 | Parties Shall Confer Concerning: |

- Objections to Exhibits
- Objections to Deposition Designations
- Proposed Juror Questionnaires
- Stipulations concerning other trial matters, including timing for witness call disclosure, trial schedule and/or duration, etc.

3/19/2021     Parties shall submit a Joint Pre-Trial Order, incorporating the below

3

Plaintiffs' Proposal

    and such other matters as the Court may direct:

- Plaintiff(s) and Defendants' Witness Lists[3] (both live and via deposition)
- Plaintiff(s) and Defendants' Exhibit Lists
- Party-Proposed Jury Instructions
- Party-Proposed Juror Questionnaire

TBD    Argument and pre-trial conference dates concerning motion, pre-trial, and evidentiary matters, as such may be requested or set by the Court

4/5/2021    First bellwether trial begins

The parties shall separately confer on the page limits applicable to case-specific dispositive, *Daubert*, and motions in *limine* to aid in the efficient consideration of the issues therein by the Court.

**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida, this _____ day of June, 2020.

 

                                                         JUDGE M. CASEY RODGERS
                                                         UNITED STATES DISTRICT JUDGE

---

[3] To the extent a Party identifies a prospective witness whose deposition was not taken in these proceedings, the Parties shall reasonably confer and cooperate to schedule the witness for deposition.

EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To All Actions | Case No. 3:19-md-2885<br><br>Hon. Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**[PROPOSED] PRETRIAL ORDER NO. 28A**
**Discovery & Trial Schedule for Initial Bellwether Cases**

The Court adopts the following discovery and trial schedule for the initial bellwether cases, which was jointly proposed by the parties:

6/19/2020   Deadline for Plaintiffs in initial bellwether cases to amend Short Form Complaints to add party-plaintiffs asserting consortium claims.

7/13/2020   Deadline for Defendants to move to dismiss or file any Amended Answer in response to Plaintiffs' Short Form Complaints in the Trial Group A cases[1], absent leave of Court.

7/31/2020   Completion of depositions of Plaintiffs in Trial Group A, subject to timely responses to pending requests served on VA, VBA, DOD and Plaintiffs.[2]

---

[1] Group B motions to dismiss and/or answers will be filed 21 days later. Group C motions to dismiss and/or answers will be filed 42 days later. Group D motions to dismiss and/or answers will be filed 63 days later.

[2] Deposition, discovery, disclosure, and briefing deadlines for Group B will commence 45 days later; Group C will commence 90 days later; and, Group D will commence 135 days later.

1

[8/31/2020   Close of company discovery of Defendants for all cases.][3]

[TBD][4]   Fact discovery completion date for Trial Group A cases (depending on the government's responses to document and deposition requests) Absent leave of Court or agreement among the Parties, the Parties are presumptively permitted up to [to be determined][5] case-specific depositions per side.

[TBD][6]   Plaintiffs' Expert Disclosures on Trial Group A cases due.

[TBD][7]   Defendants' Expert Disclosures on Trial Group A cases due.

[TBD][8]   Plaintiffs' Expert Rebuttal reports on Trial Group A cases due.

[TBD][9]   Depositions of Plaintiffs' and Defendants' Experts Completion Date (Depositions will be phased so that the deposition of Plaintiffs' expert on a particular topic occurs prior to the deposition of Defendants' expert on that same topic).

[TBD][10]   Case-specific *Daubert* and dispositive motions due for case(s) in first trial.

---

[3] Defendants support this provision for the reasons stated in their Letter Brief. Plaintiffs disagree for the reasons stated in their Letter Brief.
[4] Plaintiffs' position is September 25, 2020. Defendants' position is October 30, 2020.
[5] Plaintiffs' position is four depositions. Defendants' position is eight depositions.
[6] Plaintiffs' position is October 2, 2020. Defendants' position is November 2, 2020.
[7] Plaintiffs' position is November 2, 2020. Defendants' position is December 2, 2020.
[8] Plaintiffs' position is November 12, 2020. Defendants' position is December 11, 2020.
[9] Plaintiffs' position is December 23, 2020. Defendants' position is January 22, 2021.
[10] Plaintiffs' position is January 8, 2021. Defendants' position is January 25, 2021.

2

[TBD][11]    Oppositions to case-specific *Daubert* and dispositive motions due.

[TBD][12]    Replies in support of case-specific *Daubert* and dispositive motions due

2/15/2021   Parties to Exchange:

- Witness Lists;
- Exhibit Lists;
- Depo designations (for witnesses reasonably likely to be called).

2/19/2021   Motions in *Limine* for case(s) in first trial due.

3/1/2021    Parties to Exchange:

- Deposition Counter-Designations;
- Objections to Deposition Designations;
- Objections to Exhibits;
- Proposed Jury Instructions;
- Proposed Jury Questionnaires.

3/1/2021    Motions in *Limine* Oppositions for case(s) in first trial due.

3/8/2021    Motions in *Limine* Replies for case(s) in first trial due.

3/11/2021   Parties to Exchange:

- Supplements to Exhibit List;

---

[11]  Plaintiffs' position is January 29, 2021. Defendants' position is February 8, 2021.
[12]  Plaintiffs' position is February 5, 2021. Defendants' position is February 15, 2021.

- Objections to Deposition Counter-Designations;
- Deposition Counter-Counter Designations;

3/15/2021   Parties to Exchange Objections to Counter-Counter Designations.

3/16/2021 -   Parties Shall Confer Concerning:
3/18/2021

- Objections to Exhibits;
- Objections to Deposition Designations;
- Proposed Juror Questionnaires;
- Stipulations concerning other trial matters, including timing for witness call disclosure, trial schedule and/or duration, etc.

3/19/2021   Parties shall submit a Joint Pre-Trial Order, incorporating the below and such other matters as the Court may direct:

- Plaintiff(s) and Defendants' Witness Lists[13] (both live and via deposition);
- Plaintiff(s) and Defendants' Exhibit Lists;
- Party-Proposed Jury Instructions;
- Party-Proposed Juror Questionnaire.

TBD   Argument and pre-trial conference dates concerning motion, pre-trial, and evidentiary matters, as such may be requested or set by the Court.

---

[13] To the extent a Party identifies a prospective witness whose deposition was not taken in these proceedings, the Parties shall reasonably confer and cooperate to schedule the witness for deposition.

4/5/2021	First bellwether trial begins.

The parties shall separately confer on the page limits applicable to case-specific dispositive, *Daubert*, and motions in *limine* to aid in the efficient consideration of the issues therein by the Court.

**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida, this _____ day of June, 2020.

 

JUDGE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE