UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 87**

On December 6, 2019, the Court entered an Order establishing an administrative docket, 3:19mc87, to serve as a "master" docket for the oversight and management of otherwise unfiled claims involving the 3M CAEv2 that were registered with MDL Centrality/BrownGreer, PLC.  *See* Pretrial Order No. 20, ECF No. 864.  Thereafter, the Court clarified and amended that Order.  *See* Pretrial Order No. 21, ECF No. 865; *and* Pretrial Order No. 22, ECF No. 898.  The Court never intended for the administrative docket to exist indefinitely.  Almost two years later, the Court now finds that the administrative docket no longer serves the purposes for which it was initially established and that maintaining the administrative docket is now counterproductive to the efficient management of this MDL litigation.  As originally conceived, the administrative docket was intended in part to facilitate a centralized vetting process.  Given the size of the litigation, however, such a process has proven challenging and so, rather than place sole responsibility for vetting claims

on a centralized committee, individual law firms will now be responsible for vetting their cases before they are filed.

Accordingly, in furtherance of the effective and efficient case management of this litigation, it is **ORDERED** that:

<u>Removal from the Administrative Docket.</u>  To facilitate the orderly removal of cases from the administrative docket, and in consideration of the capacity of the Clerk's Office, the Court will identify, on a rolling basis, specific cases to be removed from the administrative docket.  The first group of cases will be the 1,358 cases listed in Exhibit A, which represent cases previously selected to participate in a records collection process involving the government and do not have a pending request to transition to the 3M MDL docket.[1]  Thereafter, the Court will identify cases in groups to be removed from the administrative docket.[2]  Cases identified by the Court for removal must be transitioned to the 3M MDL docket or a Notice of Dismissal must be filed within the time indicated.

---

[1] 142 of the 1,500 cases previously selected to participate in a records collection process are already on the active docket or are already in the process of being moved to the active docket.  Accordingly, these 142 cases have been excluded from Exhibit A.

[2] The Court enters this Order for the first 1,358 cases today, in an effort to expedite the process for these cases. Next week, the Court intends to enter an order including a much larger group of cases for transition consistent with the discussion at today's Case Management Conference.

Process for Transition of Cases.  Plaintiff's counsel will have **30 days** from the date of this Order to transition the cases listed in Exhibit A from the administrative docket to the 3M MDL docket.

(a)  To transition a case, Plaintiff's counsel must file a Notice to Transition in the Plaintiff's individual case on the administrative docket (*i.e.*, Notices to Transition will not be filed on the main administrative docket).  In CM/ECF, counsel will select **"Notice of Transition" as the event**.  Plaintiff's counsel who are already admitted to this Court must also add themselves as counsel of record at this time.[3]

(b)  For each case, counsel must also file a Notice of Designated Forum in the plaintiff's individual case, identifying the federal district in which the case could have been filed in the absence of direct filing on the administrative docket.  When submitting a Notice of Designated Forum, counsel must select **"Notice – Other" as the event** and identify the designated forum in the text description prior to submitting the filing. For example, "Notice of Designated Forum – Florida Northern" or "Notice of Designated Forum – FLND."

---

[3] A notice of appearance is not required; however, counsel will not be able to add themselves to the docket unless they are otherwise already admitted to this Court as a member of The Florida Bar, a member of this District's bar, or *pro hac vice*.

(c) Once filed, Counsel must download a copy of the Short Form Complaint from PACER, showing a PACER timestamp and electronically forward this to BrownGreer PLC for service on Defendants.

(d) Additionally, a filing fee must be paid. To pay the fee, counsel must select **"Filing Fee for Multidistrict Litigation (MDL) Case" as the event**.

(e) Plaintiff's counsel must also seek *pro hac vice* admission in accordance with Pretrial Order No. 3, ECF No. 4, and Case Management Order No. 1, ECF No. 86, if counsel is not already admitted to the bar of this district.

To be clear, the process described herein for transitioning cases from the administrative docket to the 3M MDL docket replaces and supersedes the transition process previously set forth in Administrative Docket Order No. 1. Requests to Transition **should not** be submitted through MDL Centrality and BrownGreer PLC **will not** communicate any such requests to the Clerk's Office.

Any case that is not transitioned within the time limits described above will be dismissed from the administrative docket and the tolling of any time limitations for filing or pursing claims – including statutes of limitations and/or repose, prescription, laches, and any other time bars, whether based in law or equity – that applied to a case by virtue of it being on the administrative docket, will terminate. Any case that is transitioned but then fails to meet the requirements set forth in this order will also be dismissed. Upon dismissal, such claimants will no longer be

allowed access to MDL Centrality in connection with the 3M MDL and must be immediately withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order from this Court applies.[4] Unless otherwise stated, all dismissals pursuant to this paragraph will be without prejudice.

If a claimant chooses to file a lawsuit in another appropriate jurisdiction and that lawsuit is removed and/or transferred to this MDL, that claimant's access to MDL Centrality will be reinstated.

**DONE** and **ORDERED** on this 20th day of August, 2021.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] As noted in Administrative Docket Order No. 1, the parties remain free to contract *separately* with any vendor to organize and manage information related to unfiled claims that are not transitioned to the 3M MDL docket and are not the subject of a 3M MDL *Touhy* request.