# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Palanki*, 3:19cv2324 | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER SETTING TRIAL AND PRETRIAL SCHEDULE

The trial of this case will begin **Monday, November 1, 2021, and conclude by Friday, November 12, 2021**, unless extended by the presiding judge. The trial and all pretrial proceedings will be conducted before Judge Liles Burke, at the United States District Court, 100 North Palafox Street, Courtroom 2, Pensacola, Florida. The following pretrial schedule and procedures for trial are hereby adopted:

I.  JUROR QUESTIONNAIRES

   A.   The Court's jury administrator will send out a confidential juror questionnaire (the same questionnaire used in prior bellwether trials) to available prospective jurors.

   B.   The Court will enter a separate Order setting forth the process by which the parties will access the completed questionnaires.

## II. DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURES

A. A pretrial conference will be held before Judge Rodgers in Pensacola, the date and time to be determined.[1]

B The attorney's conference required by paragraph III must be held no later than **September 20, 2021**.

C. The pretrial stipulation and other papers required by paragraphs III and IV must be filed no later than **October 18, 2021**.

D. These dates and all other dates provided in this Order supersede all previously-set dates or deadlines.

## III. CONFERENCE OF COUNSEL

Counsel for all parties must meet in person or virtually with Judge David Herndon (ret.) on or before the date specified in Paragraph II(B) for the following purposes:

A. To establish deadlines for the parties to exchange trial exhibits lists and objections, witness lists and objections, and deposition designations, counter-designations and objections, sufficient to meet the imposed filing deadlines.

---

[1] Judge Rodgers is presiding over the *Blum* trial, Case No. 7:20cv122, October 18, 2021, thru October 29, 2021. The judge will confer with counsel with regard to scheduling of the pretrial conference in this case during that trial period.

Case No. 3:19md2885-MCR-GRJ

  B. To stipulate to as many facts and issues as possible;

  C. To draft the pretrial stipulation in accordance with Paragraph IV of this Order;

  D. To examine all exhibits proposed to be offered or used in the trial;

  E. To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

  F. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the applicable law;

  G. To finalize the time limits and parameters that will govern the parties' trial presentations; and

  H. To complete all other matters which may expedite both the pretrial and trial of this matter.

IV. <u>PRETRIAL STIPULATION</u>

  The pretrial stipulation must contain the following:

  A. The basis of federal jurisdiction;

  B. A *concise* statement of the nature of the action to be read to the jury panel;

C.	A brief general statement of each party's case;

D.	A list of all exhibits to be offered at trial, noting any objections thereto and the grounds for each objection. *Any objections not listed will be deemed waived*. Judge Rodgers will enter a separate order setting a deadline for "Priority" exhibits and objections thereto;

E.	A list of the names and addresses of *all* witnesses, including rebuttal and expert, intended to be called at the trial by each party, noting any objections thereto and the grounds for the objection. *Any objections not listed will be deemed waived*. Expert witnesses must be labeled as such;

F.	A list of any depositions to be offered at trial, with specific reference to the pertinent page and line to be played or read, noting any objections thereto and the grounds for the objection. *Any objections not listed will be deemed waived*. The deposition excerpts should be filed as an attachment to the pretrial stipulation and should be formatted in the same manner as the deposition designations in the prior bellwether trials. Judge Rodgers will enter a separate order setting a deadline for "Priority" deposition designations, counter-designations and objections thereto;

G. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

H. A concise statement of those issues of law upon which there is agreement;

I. A concise statement of those issues of fact which remain to be litigated;

J. A concise statement of those issues of law which remain for determination by the Court;

K. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

L. A list any other matters requiring action by the Court; and

M. The signature of counsel for all parties.

V. PAPERS TO BE SUBMITTED

No later than the date specified in Paragraph II(C), the parties must file:

A. The pretrial stipulation prepared in accordance with Paragraph IV of this Order.

B. A trial brief or memorandum with citation of authorities and arguments in support of each side's position on all disputed issues of law, with copy to opposing counsel.

C.  Written requests for instructions to the jury, together with proposed verdict forms. This may be organized by standard pattern instruction for both cases, with separate substantive instructions for each case. The proposed instructions and verdict forms should be filed with the Clerk of the Court, with an *editable copy* (in word processing format only, not .pdf) delivered by e-mail to chambers at flnd_rodgers@flnd.uscourts.gov. *With leave of court for good cause shown*, supplemental requests for instructions may be submitted at any time prior to the final charge conference. Counsel are advised, however, that failure to timely submit proposed instructions will be grounds for the court to deny giving the instruction(s). All proposed instructions must be plainly marked with the name and number of the case, must contain citations of supporting authorities, must designate the party submitting the same and, in the case of multiple requests by a party, must be numbered in sequence. Requests for instructions taken verbatim from Pattern Jury Instructions may be made by reference; the requested instructions need not be set forth in full.[2]

---

[2] Per Case Management Order No. 19, the parties will provide the Court with an electronic copy of complete Pattern Jury Instructions for the Plaintiff's jurisdiction.

Case No. 3:19md2885-MCR-GRJ

VI.  CONDUCT OF THE PRETRIAL CONFERENCE

   A.  **Counsel who will conduct the trial are required to be present for the pretrial conference.**  They must be prepared and able to act with final authority in the resolution of all matters.  The parties must file a notice identifying the attorneys who will be trying this case no later than **September 15, 2021, by 12:00 noon (Central Time)**.

   B.  The Court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the matter.  **Judge Rodgers will rule on all *Daubert* and summary judgment motions, motions in limine, and objections to "Priority" deposition designations and counter-designations, and "Priority" exhibits by separate order.  All prior Orders entered by Judge Rodgers in the MDL or this specific case are final and will not be reconsidered by the presiding trial judge and no attorney should request such reconsideration.**

   C.  Counsel for each party in any case must arrange with the clerk for marking for identification, as nearly as possible in the sequence proposed to be offered, all exhibits intended to be offered by such party.  Please see attached Exhibit

A for instructions on marking exhibits for trial and for guidelines on other trial procedures.

VII.  PRETRIAL ORDER

After the pretrial order is entered by the Court, the pleadings will be merged therein and the pretrial order will control the conduct of the trial and may not be amended except by order of the Court in the furtherance of justice.

VIII.  NEWLY DISCOVERED EVIDENCE OR WITNESSES

Except as provided in this paragraph, witnesses (including witnesses testifying by deposition) not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence.  If any new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery.  Again, this includes a witness testifying by deposition.  If any new exhibit is discovered after submission of exhibit lists, the party desiring to use it must immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery.  Use of such newly-discovered witnesses or evidence is

extraordinary and will be allowed only by order of the Court entered when justice so requires.

IX. <u>VOIR DIRE</u>

    A.    Unless changed by the presiding trial judge, voir dire will be conducted by the Court. To the extent the Court questions a panel member individually, the Court *may* permit brief follow-up questioning by counsel, but this is not a guarantee.

    B.    Unless changed by the presiding trial judge, counsel will select eight (8) jurors for this trial with no alternates. Plaintiff will be permitted four (4) peremptory challenges and Defendants will be permitted the same. Back striking is not permitted.

X. <u>TRIAL</u>

The presiding trial judge will address the trial schedule either by order before the pretrial conference or after the pretrial conference.

XI. <u>SPECIAL MATTERS</u>

    A.    **Motions in limine regarding evidentiary matters known to counsel, must be filed no later than September 27, 2021, with responsive memoranda due within five (5) days thereafter.** No reply memoranda will be permitted. To the extent unanticipated evidentiary matters requiring the Court's attention arise after that time, counsel should make every effort to resolve the matter with Judge Herndon's

assistance. Should those efforts fail, counsel must immediately notify the Court of the matter by filing the appropriate motion, which must include the reason for the late filing. Failure to timely file a motion in limine in accordance with this directive will be grounds for the Court to deny the motion.

General motions in limine, such as motions in limine related to 3M corporate and military evidence, have been filed and ruled on in the prior bellwether trials. Those rulings will apply in this case. The parties are permitted to file a standalone motion identifying the general motions in limine on which the Court already ruled to preserve the record, but the Court will not reconsider its prior rulings.

Regarding new case-specific motions in limine, the parties' motions are limited to 3,000 words. Responses are limited to 1,500 words. The Court will promptly notify the parties should additional briefing be needed. Additionally, the format for the motions is 14-point, Time New Roman font and single spacing, except the parties must include at least double spacing between each issue. Lastly, the parties must provide the Court with all documents challenged in a motion. If the document is already part of the record, the parties must clearly and specifically reference the location of the document in the record.

B.   If the case is settled, it is the responsibility of the parties to immediately notify the Court. If settlement is reached after 3:00 PM (Central Time) on the Friday before jury selection Monday morning, counsel and/or the parties will jointly bear the administrative expense of jury selection.

C.   Should a party or a party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this Order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

D.   Any counsel seeking to invoke The Rule of Witness Sequestration must so notify the Court at the time of trial or at any time during trial.

E.   The Court assumes counsel will be familiar with the courtroom's electronic systems by the time of the trial; however, if not, or refresher training is needed, no later than October 25, 2021, counsel for each party in any case must arrange with the deputy clerk for a tutorial. Also, any special request for court reporter services, such as daily copy, must be submitted by the same date to the court reporter assigned to the presiding trial judge.

F.      Unless changed by order of the presiding trial judge, counsel will be permitted to have electronic devices, including cellular telephones, in the courtroom during trial; however, all devices must be checked by the Court IT staff to ensure that recording features are disabled and that volume is off or muted.  Should a device ring or otherwise make noise during the trial, the device is subject to seizure by court security and may be held by court security until the trial concludes.  To the extent counsel cannot abide by this directive, they should leave their electronic devices in the attorney conference rooms.

G.      Unless changed by order of the presiding trial judge, no eating will be permitted in the courtroom during trial absent prior approval by the Court for good cause shown.  Counsel and witnesses will be permitted to have bottled water in the courtroom; however, counsel must supply their own water and the water for their respective witnesses.

H.      In preparing to present this case, counsel must familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court, which the Court expects to be observed during the course of this trial.

## XII. COVID-19 PRECAUTIONS AND PROCEDURES

COVID-19 precautions and procedures will be discussed with the parties at the pretrial conference.

**SO ORDERED** this 27th day of August 2021.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**