# EXHIBIT A

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
## OFFICE OF THE CLERK

**JESSICA J. LYUBLANOVITS**
CLERK OF COURT
ONE NORTH PALAFOX STREET
PENSACOLA, FLORIDA  32502-5658
850.435.8440
850.433.5972 FAX

CHIEF DEPUTY CLERK
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

*Visit our web site at www.flnd.uscourts.gov*

Reply to: Pensacola Division

# MEMORANDUM

To:     Counsel of Record

Re:     Evidence/Exhibit Preparation

Pursuant to pretrial requirements of the United States District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of exhibits for evidentiary hearings and trials in matters related to the IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION.

## Marking and Numbering Exhibits

Consistent with pretrial orders, counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during evidentiary hearings or trials.  Exhibits will retain the same number throughout court proceedings whether identified, offered or admitted.  To avoid confusion, it is preferred that like parties share exhibit numbers.  If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name or initials prior to the exhibit number on all exhibit stickers and exhibit lists (for example:  Smith-1, XYZ-1, etc.).

The exhibits should be individually marked for identification denoting the appropriate party, the case number and the exhibit number (see examples in Attachment 1).  If possible, it is preferred that exhibits be sequentially numbered in the order they are proposed to be offered.  Composite exhibits should have identified sub-exhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1a-1, 1.1, etc.).

---

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

---

Gainesville Division
401 SE 1st Avenue
Gainesville, Florida 32601
352.380.2400
352.380.2424 FAX

Pensacola Division
1 N. Palafox Street
Pensacola, Florida 32502-5658
850.435.8440
850.433.5972 FAX

Tallahassee Division
111 N. Adams Street
Tallahassee, Florida 32301-7717
850.521.3501
850.521.3656 FAX

Panama City Division
30 W. Government Street
Panama City, Florida 32401
850.769.4556
850.769.7528 FAX

**Evidence/Exhibit Letter**                                                           **Page 2**

___

Preparing Exhibit Lists

Upon marking the exhibits, counsel should prepare an exhibit list, in sequence, with a descriptive notation sufficient to identify each separately numbered exhibit and should furnish copies of their Exhibit List (see Attachment 2) to the Court at the commencement of the trial or evidentiary hearing unless otherwise ordered by the Court.

Preparing Witness Lists

Counsel must prepare a complete list of all witnesses, including rebuttal and expert, intended to be called at the trial or evidentiary hearing by each party. If the list is lengthy, the witnesses should be listed in alphabetical order. This list should not include any personal identifiers, such as street addresses or phone numbers. Counsel must provide a witness list (see Attachment 3) to the Court at the commencement of jury selection, a bench trial or evidentiary hearing unless otherwise ordered by the Court.

Stipulated Exhibits

Counsel should provide a separate list of Stipulated Exhibits before moving for their admission.

Preparing Copies of Exhibits

All evidence will be maintained electronically. A single copy of each admitted exhibit will be included on a hard drive maintained by the Court that will be provided to the jury for deliberations. Counsel may wish to have hard copies of documentary exhibits on hand for use in examining certain witnesses.

Custody of Exhibits

The courtroom deputy clerk will retain custody of exhibits. Each party must designate one member of their trial team as the Court's point of contact regarding exhibits. Following each trial day, the Court will communicate with those individuals regarding the exhibits that were admitted on that day.

The morning after each trial day, the parties will provide the Court with a thumb drive containing copies of all exhibits admitted the previous day.  The thumb drive should not contain any subfolders.  The Court will transfer these files to a hard drive that will be available to the jury for deliberations.

Medical or Technical Terms

Counsel must provide a list of medical or technical terms to the court reporter prior to the start of trial.

Evidence Presentation Equipment

Judge Rodgers requires the use of evidence presentation equipment in the courtroom. Prior to the trial or hearing, counsel must schedule training on this equipment and test any presentation equipment (laptops, iPads/tablets, video tapes, cassette tapes, CD/DVDs, Power Point presentations) or any other media counsel plans to use during the trial or hearing.  If a laptop or device does not have HDMI or VGA output, counsel will need to provide an HDMI or VGA adapter in order to connect to the system. There is a document camera (sometimes referred to as Elmo), which is used to display the image of hard copy paper exhibits on the monitors located throughout Courtroom 5.  Please contact  Barbara Rogers at (850/470-8110) or systems personnel at (850/435-8440) to schedule training/testing on our system.

Appeal Exhibits

The Eleventh Circuit Court of Appeals has determined that documents of unusual bulk or weight and physical exhibits other than documents, or other parts of the record designated for omission will not be transmitted by the Clerk of this Court with the record on appeal unless directed to do so by a party or the circuit clerk (see FRAP 11 - 11th Circuit Rules).  Accordingly, oversized exhibits, posters, and non-documentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial.  If the court of appeals requests an exhibit retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta, Georgia.   Counsel should consider submitting file-size copies (8.5" x 11") of posters and/or photographs of non-documentary exhibits if they prefer these exhibits be considered for appeal purposes.

Retrieving Exhibits After the Litigation

During, and after, trial, exhibits will be maintained in accordance with local rules. (See Local Rule 5.9 below).

Rule 5.9  Trial And Hearing Exhibits

(A)     Tendering and Maintaining Exhibits. An exhibit tendered or received in evidence during a trial or hearing must be delivered to the Clerk, and the Clerk must maintain custody of the exhibit, with these exceptions:

(1)     the Court may order otherwise;

(2)     a sensitive exhibit—such as a weapon, drug, cash, pornography, or thing of high value—may be retained by the law enforcement agency or party who offered it, and in that event the agency or party must maintain the integrity of the exhibit;

(3)     the Clerk may release an exhibit temporarily to an assigned judge, the judge's staff, or the court reporter.

(B)   Retrieving Exhibits After the Litigation. Within 90 days after a case is closed and all appeals have been exhausted, the party who offered an exhibit must retrieve it from the Clerk. The Clerk may destroy an exhibit not timely retrieved.

Please direct any questions regarding exhibits to Barbara Rogers, courtroom deputy clerk for Judge Rodgers either via email: Barbara_Rogers@flnd.uscourts.gov or by phone:  at 850/470-8110.

---

**Evidence/Exhibit Letter**                                              **Page 5**

---

*Attachment 1*

Examples of Exhibit Labels

The Clerk's Office has exhibit stickers available at the intake counter. On request, the clerk will provide these to counsel at no charge. The exhibit numbers need to be hand written on these labels. Therefore, counsel often prefer to print their own labels. The address labels (1" x 2 5/8") that come 30 to a sheet are commonly used for marking exhibits and are perfectly acceptable. Please ensure each exhibit label  is clearly marked for the appropriate party.  In cases with multiple parties, the party's name may be added to the label. Place the exhibit label on the first page of a multi-page exhibit.

| GOVERNMENT<br>EXHIBIT<br>**1**<br>3:18cr##-DJ | PLAINTIFF'S<br>EXHIBIT<br>**2.1**<br>5:16cv##-DJ-MJ | DEFENDANT'S<br>EXHIBIT<br>**3 A**<br>4:15cv##-DJ-MJ |
|---|---|---|

| Plaintiff Doe<br>Exhibit #1a-1<br>3:15cv##-DJ-MJ | Defendant Smith<br>Exhibit #A-1<br>3:15cr###-DJ |
|---|---|

*Attachment 2*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN Q. DOE

v.                                                            3:15cv999/Judges' initials

WILLIAM Z. SMITH and
THE CITY OF GOTHAM
_____/

## Plaintiff's Trial Exhibit List (Example)

| Pltf # | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pla exh 2a - audiotape |
| 3 | | Stipulated | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-c | | | | Photos - 4" x 6" of: a - automobile b - tires c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pla exh 5 |

*Attachment 3*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN Q. DOE

v.                                                            3:15cv999/Judges' initials

WILLIAM Z. SMITH and
THE CITY OF GOTHAM
_____/


## Plaintiff's Trial Witness List (Example)


1.     John Doe

2.     William Smith

3.     Jane Doe

4.     Dr. David Brown, Expert Witness

5.     Paul Jones

6.     Sally Smith

7.     Records Custodian, City of Gotham