**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: *Camarillorazo, 7:20-cv-00098* *Finley, 7:20-cv-00170* *Montero, 7:20-cv-00067* *Palanki, 3:19-cv-02324* *Stelling, 7:20-cv-00143* | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones **[FILED UNDER SEAL]** |

## PLAINTIFFS' MOTION TO PRESERVE *DAUBERT* AND RULE 702 MOTIONS AND ARGUMENTS PREVIOUSLY RULED UPON

On August 9, 2021, Defendants disclosed eleven general expert witnesses in

the Group C bellwether cases. Those eleven general expert witnesses are John

Casali, James Crawford, Gregory Flamme & Mark Stephenson, Harri Kytomaa,

Jennifer LaBorde, Samuel Lundstrum & John Scarbrough, Richard Neitzel, Jennifer

Sahmel, and Vickie Tuten. Only one, Jennifer LaBorde, issued a new general report.[1]

The other ten issued general reports for the Group C bellwether cases that are

identical or nearly identical to their general reports in Groups A and B.[2]

---

[1] Jennifer LaBorde had not previously issued a general expert report, only case-specific reports. Plaintiffs have moved to exclude some of LaBorde's general expert opinions under *Daubert* and Rule 702 in their Omnibus Motion and Memorandum of Law to Exclude Defendants' Expert Opinions and Testimony filed simultaneously herewith.

[2] *Compare* PX2(Casali), PX3(Crawford), PX4(Flamme & Stephenson), PX5(Kytomaa), PX6(Neitzel), PX7(Sahmel), and PX8(Tuten) accompanying

FILED USDC FLND PN
SEP 17 '21 PM 3:06

Plaintiffs have previously moved under *Daubert* and Rule 702 to exclude the general expert opinions of eight of those ten experts: John Casali, James Crawford, Gregory Flamme & Mark Stephenson, Harri Kytomaa, Richard Neitzel, Jennifer Sahmel, and Vickie Tuten in prior Group A and Group B *Daubert* briefing. Doc. 1595 (Group A) and Doc. 1863 (Group B). The Court has already ruled on these motions and has excluded the opinions of these general expert witnesses in whole or in part. *See* Docs. 1651, 1680, 1690, 1708 and 1780 (Group A) and Doc. 1910 (Group B).

To the extent the Court previously granted Plaintiffs' Group A and Group B *Daubert* motions and excluded these general expert opinions in whole or in part, the opinions should also be excluded in the Group C cases for the same reasons.[3] Plaintiffs wish to preserve their prior arguments and respectfully request that the Court heed its prior decisions granting Plaintiffs' Group A and Group B *Daubert* motions and excluding, in whole or in part, the general expert opinions of John

---

Plaintiffs' Omnibus Motion and Memorandum of Law to Exclude Defendants' Expert Opinions and Testimony filed simultaneously herewith *with* Doc. 1595 exhibit PX1(Flamme & Stephenson) and Doc. 1863 exhibits PX3(Casali), PX5(Crawford), PX11(Kytomaa), PX15(Neitzel), PX20(Sahmel), and PX23(Tuten). Any substantive change between a Group A general report and a Group B general report raising a new *Daubert* issue was addressed in Plaintiffs' Group B *Daubert* motion and previously adjudicated by the Court. *See* Docs. 1863 and 1910.

[3] As indicated above, Casali, Crawford, Flamme & Stephenson, Kytomaa, Neitzel, Sahmel, and Tuten offer no new general expert opinions in the Group C cases.

Casali, James Crawford, Gregory Flamme & Mark Stephenson, Harri Kytomaa, Richard Neitzel, Jennifer Sahmel, and Vickie Tuten.

For instance, as expressed by the Court in Doc. 1910, the following expert testimony has been excluded:

- **Casali:** (1) Defendants' or the military's state of mind; (2) any alleged duties, responsibilities, or policies of the military; (3) the military's policies and instructions on hearing conservation, or the military's compliance or noncompliance therewith; (4) federal or military procurement generally or the specific procurement process for the CAEv2; (5) legal opinions or interpretations of the MPID, or whether Aearo or the CAEv2 "complied with" or "satisfied" the MPID; and (6) the reasonableness or infeasibility of any provision of the MPID, who was responsible for a particular provision, or whether Aearo was required to comply with a particular provision.

- **Crawford:** (1) the Army-wide success or failure of hearing conservation efforts; (2) the Army-wide implementation of the hearing program and/or applicable regulations; (3) the Army's alleged emphasis on its own testing over NRR values; (4) his opinion that the military took responsibility for instructing and training soldiers on hearing protection, and did not rely on manufacturers' instructions or training; (5) his "understanding" regarding whether servicemembers were provided instructions or individually fitted when given hearing protection; (6) what the military audiologist community, medical staff or the military, more broadly, knew or understood about various propositions; (7) the alleged need for "individual fit testing" and personal attenuation ratings for servicemembers; and (8) "HEAR" training materials.

- **Kytomaa:** (1) general causation or the specific cause of any individual plaintiff's hearing-related problems; (2) Dr. Eddins and Juneau's silicone ear replicas or their testing methods; (3) opinions regarding

REAT or MIRE testing;[4] and (4) the opinions in §§ 2.3 and 2.4 of his report.

- **Tuten:** (1) the Army-wide failure of the hearing conservation efforts or a purported "widespread" culture of non-compliance with Army safety and hearing conservation program requirements; (2) any lack of resources and/or operational support constituted a failure of the Army Hearing Program Army-wide and led to hearing injuries in servicemembers as a whole; (3) that she "understand[s] that information was provided by the Army Public Health Command regarding a recommendation to roll the last flange back to get a better insertion of the CAEv2"; (4) that "anecdotal information relayed to me was that no instruction was provided by the military staff handing out the CAEv2;" (5) that "the [Army Hearing Program] was not implemented consistently *across installations*"; and (6) about "'frustrations expressed' by unidentified 'military audiologists' and 'anecdotal information relayed to [her]' by 'soldiers.'"

- **Flamme & Stephenson:** (1) any Department of Defense program was implemented inadequately or failed; (2) that the military not conducting audiograms contributed to a Plaintiff's injuries; and (3) that anything the military did put Plaintiffs "at greater risk of sustaining a hearing impairment" or otherwise caused their injuries.

- **Neitzel and Sahmel**: All expert opinions of these witnesses have been excluded in their entirety.[5]

In addition to the exclusion of testimony specific to the above general experts, the Court has also made clear that none of Defendants' expert may opine or testify on certain matters, including:

- a purported "widespread" culture of compliance or non-compliance with Army safety and hearing conservation program requirements (Doc. 1651 at 3-8);

---

[4] *See also* Doc. 1690 at 17.
[5] *See also* Doc. 1701.

- Army-wide success or failure of hearing conservation efforts (*Id.*);

- that anything the military did placed Plaintiffs "at greater risk of sustaining a hearing impairment" or otherwise caused their injuries (Doc. 1690 at 13); and,

- the Defendants' or the military's state of mind (*Id.* at 15).

The Court should impose the same limitations on all of Defendants' Group C experts. Accordingly, Plaintiffs move the Court to heed its prior rulings in the Group A and Group B *Daubert* Orders, *see* Docs. 1651, 1680, 1690, 1701, 1780 (Group A) and Doc. 1910 (Group B), to the extent that (1) the Court granted the Group A plaintiffs' or Group B plaintiffs' motions to exclude the opinions of Defendants' experts, *see* Doc. 1595, and (2) any of Defendants' Group C experts now offer (or attempt to offer) those same expert opinions in the Group C cases.

Finally, to the extent Plaintiffs made additional *Daubert* arguments concerning the above-described general expert witnesses which were denied by the Court, including the following, Plaintiffs seek to preserve these arguments for appellate purposes:

- Motion to exclude the opinions of Drs. Gregory A. Flamme and Mark R. Stephenson that rely upon the Auditory Hazard Assessment Algorithm for Humans ("AHAAH") (Doc. 1595 at 5-10);

- Motion to exclude the causation opinions of Drs. Gregory A. Flamme and Mark R. Stephenson that do not apply a differential diagnosis or similar reliable methodology (*Id.* at 10-12);

- Motion to exclude the opinions of Dr. Harri Kytomaa that rebut Dr. Richard McKinley and Dr. Stephen Armstrong's opinions related to Aearo's testing with the Acoustical Resistance Checker and its quality assurance processes, as well as the material composition of the CAEv2 (*Id.* at 12-14);

- Motion to exclude the opinions of Dr. James Crawford that relate to the following: the Hearing Center of Excellence, the regulations governing the Army Hearing Program, and the importance of training and instruction relating to, and fitting of, hearing protection devices; medical readiness and hearing conservation in the Army; and his personal experiences and observations of the "significant gaps in the training and fitting of hearing protection devices" (*Id.* at 15-22);

- Motion to exclude the opinions of Dr. John Casali that relate to military procurement, the MPID, whether the CAEv2 conformed to the performance specifications of the MPID, and AHAAH (*Id.* at 22-26); and,

- Motion to exclude the opinions of Lieutenant Colonel (Retired) Vickie Tuten that relate to the DoD's and Army Hearing Program's regulations and requirements regarding hearing protection and the DoD's and Army Hearing Program's implementation of such regulations and requirements (*Id.* at 42-44).

For each of these reasons, in accordance with the Court's prior instructions to the parties and for purposes of preservation, the Group C Plaintiffs hereby assert all prior Group A and Group B *Daubert* motions and arguments of plaintiffs referenced herein, including those pertaining to the general expert opinions of John Casali, James Crawford, Gregory Flamme & Mark Stephenson, Harri Kytomaa, Richard Neitzel, Jennifer Sahmel, and Vickie Tuten. Plaintiffs incorporate by reference the arguments made in the Group A Plaintiffs' Omnibus Motion and Memorandum of Law to Exclude Defendants' Expert Opinions and Testimony filed on January 8,

2021. Doc. 1595. Plaintiffs also incorporate by reference the arguments made in the Group B Plaintiffs' Omnibus Motion and Memorandum of Law to Exclude Defendants' Expert Opinions and Testimony filed on August 6, 2021. Doc. 1863. Plaintiffs move the Court to heed its prior rulings in the Group A and Group B *Daubert* Orders, *see* Docs. 1651, 1680, 1690, 1701, 1780 (Group A) and Doc. 1910 (Group B), to the extent that (1) the Court granted the Group A plaintiffs' or Group B plaintiffs' motions to exclude the opinions of Defendants' experts, *see* Doc. 1595, and (2) any of Defendants' experts now offer (or attempt to offer) those same expert opinions in the Group C cases.

## **CONCLUSION**

Plaintiffs respectfully move this Court to grant each of the above-referenced *Daubert* motions in the Group C cases, but Plaintiffs understand this Court will enter orders in the Group C cases consistent with those entered in the Group A and Group B bellwether cases. Docs. 1651, 1680, 1690, 1708, 1780, and 1910.  Plaintiffs move on each of these *Daubert* motions for preservation purposes. Plaintiffs further ask the Court to heed its prior decisions granting plaintiffs' Group A and Group B *Daubert* motions as set forth herein.

Date: September 17, 2021                    Respectfully submitted,

                                            */s/ Bryan F. Aylstock*
                                            Bryan F. Aylstock, Lead Counsel
                                            Florida State Bar No. 078263
                                            AYLSTOCK, WITKIN, KREIS & OVERHOLTZ,
                                            PLLC
                                            17 East Main Street, Suite 200
                                            Pensacola, FL 32502
                                            Tel.: (850) 202-1010
                                            baylstock@awkolaw.com
                                            **Plaintiffs' Lead Counsel**

                                            Shelley V. Hutson, Co-Lead Counsel
                                            (Admitted Pro Hac Vice)
                                            Texas State Bar No. 00788878
                                            CLARK, LOVE & HUTSON, PLLC
                                            440 Louisiana Street, Suite 1700
                                            Houston, TX 77002
                                            Tel.: (713) 757-1400
                                            shutson@triallawfirm.com
                                            **Plaintiffs' Co-Lead Counsel**

                                            Christopher A. Seeger, Co-Lead Counsel
                                            (Admitted Pro Hac Vice)
                                            New Jersey State Bar No. 042631990
                                            SEEGER WEISS LLP
                                            77 Water Street, 8th Floor
                                            New York, NY 10005
                                            Tel.: (212) 587-0700
                                            cseeger@seegerweiss.com
                                            **Plaintiffs' Co-Lead Counsel &**
                                            **Counsel for Plaintiff Carter Stelling**

Keith M. Jensen
Texas Bar No. 10646600
JENSEN & ASSOCIATES
1024 N. Main Street
Fort Worth, TX 76164
817-334-0762
kj@jensen-law.com
***Counsel for Plaintiff Guillermo***
***Camarillorazo***

Russell W. Endsley
Texas State Bar No. 24026824
Roger L. Turk
Texas State Bar No. 00788561
THOMAS J. HENRY LAW, PLLC
521 Starr Street
Corpus Christi, TX 78401
361-985-0600
361-985-0601 (fax)
Rwe.3m@thomasjhenry.com
Rlt.3m@thomasjhenry.com
***Counsel for Plaintiff Theodore Finley***

Muhammad S. Aziz
(Admitted Pro Hac Vice)
Texas Bar No. 24043538
ABRAHAM WATKINS NICHOLS, AGOSTO,
AZIZ & STOGNER
800 Commerce Street
Houston, TX 77055
713-222-7211
713-225-0827 (fax)
maziz@awtxlaw.com
***Counsel for Plaintiff Joseph Palanki***

Nicole Berg
Illinois State Bar No. 6305464
(Admitted Pro Hac Vice)
KELLER LENKNER, LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
312-741-5220
ncb@kellerlenkner.com
***Counsel for Plaintiff Carlos Montero***

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that they conferred with Defendants' counsel on September 16, 2021 regarding the foregoing motion but were unable to resolve the issue with Defendants.

*/s/ Bryan F. Aylstock*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this motion complies with the word limit of Local Rule

7.1(F) and contains 1702 words.

*/s/ Bryan F. Aylstock*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan F. Aylstock*