# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION | CASE NO.: 3:19-MD-2885-MCR-GRJ |
| This Document Relates to All Cases | Chief Judge M. Casey Rodgers Magistrate Judge Gary Jones |

## DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE THE DEPOSITIONS OF MR. HAMERY AND MR. DANCER AND REQUEST FOR EXPEDITED CONSIDERATION

Defendants respectfully request that the Court extend the time to complete the depositions in France of Pascal Hamery and Armand Dancer, representatives of the French-German Research Institute of Saint-Louis ("ISL"), pursuant to Federal Rule of Civil Procedure 6(b).[1]  On July 29, 2020, this Court authorized the parties to issue letters of request to ISL through the French authorities for the taking of these depositions.  ECF No. 1288.  Despite Defendants' due diligence, they could not have taken these depositions during the discovery period, the testimony is directly relevant to the issues currently being litigated, and the depositions will not impact

---

[1] The parties received an email from Judge Herndon on the afternoon of September 9 relaying the Court's view that the depositions are untimely, but Defendants are filing this motion to explain in more detail why the Court should allow them to proceed after the discovery deadline under relevant case law.

the current trial schedule. Defendants therefore request that the Court extend the time period for discovery for the narrow purpose of completing these depositions. Further, because the French court has agreed to allow the deposition of Mr. Hamery to proceed on October 18 and 19, 2021 in France, Defendants request expedited consideration of this motion.

## BACKGROUND

The Court is well aware of the issues addressed by this motion, so Defendants present a short summary of the relevant facts and timeline. ISL is a non-profit scientific research establishment based in France that originally designed the filter used in the nonlinear end of the Combat Arms Earplug Version 2. As such, ISL's involvement with the development of the CAEv2 has played a critical role in the first three bellwether trials.

Recognizing the central role that ISL played with the CAEv2, counsel for both sides have been seeking documents and depositions from ISL for more than two years. Plaintiffs first sent a "comprehensive discovery subpoena" on ISL on September 9, 2019, which ISL received on September 11, 2019. ECF No. 1000 at 4-5. Following ISL's objections and a lengthy meet-and-confer process, Plaintiffs moved to compel ISL to respond, and Judge Jones entered an order denying the motion, finding that discovery should be sought through the Hague Evidence Convention, not the Federal Rules. ECF No. 1000 at 24. Following that ruling, both

parties filed motions—well before the end of the general discovery period—requesting that the Court issue "letters of request" to ISL pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555. *See* ECF Nos. 1235, 1262. In their motion, Plaintiffs noted that documents it sought from ISL through a letter of request were "critical to this litigation." ECF No. 1235 at 4. Both parties' letters of request included a request for depositions of Pascal Hamery and Armand Dancer. ECF No. 1235 at 1; ECF No. 1262 at 3. Judge Jones entered an order granting both motions on July 29, 2020. ECF No. 1288.

Upon receipt of the letter of request authorized by the Court's order, Defendants promptly served the letter on the French Central Authority, which confirmed receipt of the letter in August 2020. Ex. 1 (August 6, 2020 letter from Ministére de la Justice). Due to delays in France processing the request, Defendants retained counsel in France to coordinate with the French court and ISL. In January 2021, 3M retained French counsel ("Dentons") to assist with discovery related to 3M's letter of request Ex. 2 (Declaration of Sierra Elizabeth ¶ 3.) In late January, Judge Pallières, the judge from the Mullhouse court where the letters of request were pending, issued a decision requiring ISL to produce the requested documents by April 29, 2021. (*Id.* at ¶ 4.)

Given that the first bellwether trial was scheduled to begin in late March 2021, with assistance French counsel, the parties submitted a joint request to expedite discovery in early February. (*Id.* at ¶¶ 5–6.) ISL opposed this request, and Judge Pallières denied our motion, leaving in place the April 29, 2021 deadline for ISL to produce documents to the Mullhouse court.

Plaintiffs' counsel received two boxes of documents produced by ISL on July 9, 2021. (*Id.* at ¶ 12.) Because the documents had to be scanned, Defendants' counsel did not receive them until July 18, 2021. The parties immediately began reviewing the documents in English, and proceeded to jointly retain TransPerfect to translate the documents in French and German. (*Id.* at ¶¶ 9, 13–15.)

While translations were pending, at 3M's request, Dentons e-mailed Judge Pallières to schedule the depositions on our behalf. (*Id.* at ¶ 16.) However, Plaintiffs' French counsel informed Judge Pallières that scheduling the depositions before documents were translated would be premature. (*Id.* at ¶ 17.) TransPerfect completed all translations by August 31, 2021. (*Id.* at ¶ 18.)

Defense counsel and Plaintiffs' counsel continued to move toward scheduling the depositions of Mr. Hamery and Mr. Dancer. On September 3, 2021, Ms. Cornell e-mailed Defendants' counsel offering three sets of dates for the depositions, including September 28-October 1, 2021, and Defendants' counsel responded the same day confirming 3M's availability for the proposed deposition dates. Exs. 3 and

4 (September 3 emails from Cornell to Sierra Elizabeth and from Sierra Elizabeth to Cornell).  Yet, the same day, Plaintiffs' counsel Bryan Aylstock emailed Defendants' counsel suggesting—for the first time—that Plaintiffs may object to the depositions moving forward "in light of the current trials and broader context, as well as the Court's order on Vietas."  Ex. 4 (Sept. 3 email from Aylstock to Sierra Elizabeth.). Given Plaintiffs' counsel's sudden reluctance to proceeding forward with the ISL depositions both parties had been seeking for two years, Defendants have been forced to file this motion on their own.

Meanwhile, on September 17, 2021, Dentons received an e-mail from Judge Pallières following up from the parties' July e-mails confirming that Mr. Hamery could be deposed on October 18 and 19 in the Mulhouse court. Ex. 2 (Declaration of Sierra Elizabeth, at ¶ 22.) Accordingly, Defendants now seek expedited consideration of this motion to proceed with the deposition

## **ARGUMENT**

Courts have "broad discretion in managing their cases."  *See Abdullah v. City of Jacksonville*, 242 F. App'x 661, 664 (11th Cir. 2007) (per curiam); *see also Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.*, 297 F.R.D. 532, 537 (S.D. Fla. 2013) (granting leave to take additional depositions).  Pursuant to Federal Rule of Civil Procedure 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  And, under Federal

Rule of Civil Procedure 6(b), "the court may, for good cause, extend the time" needed to complete any act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

Courts analyzing whether a party's failure to complete a certain task within the original discovery deadline was excusable look at "all pertinent circumstances, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citation and internal quotation marks omitted). This Court has recently reaffirmed the relevant standard for a situation where a party does not complete discovery in time, albeit in different circumstances, when it denied Defendants' motion to cross notice the deposition of Jay Vietas. ECF No. 1874. As the Court noted, "[a] party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Id.*

Defendants can establish both good cause and excusable neglect under the undisputed facts presented here. Thus, the Court should permit the ISL depositions to proceed forward—precisely as *both sides* anticipated they would less than two weeks ago.

6

## I.   DEFENDANTS MEET THE BURDEN FOR ESTABLISHING GOOD CAUSE

To establish "good cause," the moving party must show that the court's already-expired scheduling order deadline could not be met despite the party's "diligence." *See Payne*, 606 F. App'x at 944.   Here, Defendants' good cause for an extension is self-evident.  The Court already held that discovery from ISL must be obtained under the Hague Evidence Convention.  ECF No. 1000.  Once the Court agreed to issue letters of request to ISL, and once those letters were served on the French Central Authority—which Defendants accomplished less than two weeks after the Court's order—the timing of the response from ISL was no longer within Defendants' control.  Still, Defendants retained French counsel to assist in efforts to expedite the receipt of the documents.  Ex. 2 (Declaration of Sierra Elizabeth, ¶¶ 3–5.)  And since the parties did not receive the documents until July 2021 (almost a year after receiving the letters of request, and thus, long after the discovery deadline), Defendants could not lawfully take the depositions during the discovery period.

An order from another district court overseeing an MDL is especially instructive here.  *See In re: Cathode Ray Tube (CRT) Antitrust Litig*., MDL No. 1917, 2015 WL 12947119 (N.D. Cal. March 24, 2015).  There the California Attorney General ("AG") sought to obtain the deposition of a witness in the Netherlands under the Hague Convention.  As here, the AG asked the district court

to issue a letter of request and, as here, the Court issued the letter.  *See id.* at *1.

The AG's office contacted the Dutch court in an attempt to obtain the deposition.

*See id.*  Despite service of the letter of request and the AG's efforts, the district

court noted that "the Dutch court's progress has been gradual at best."  *Id.*  As a

result, the district court granted an extension of time for the discovery to be

completed, finding good cause because "the delays at issue were outside the AG's

control and occurred despite the AG's diligence in pursuing Mink's deposition."

*Id.* at *2.  The district court concluded that "simply because Dutch authorities have

not pursued this deposition with the same diligence as the AG's office does not

mean the AG's office should be barred from obtaining Mink's testimony."  *Id.*

The same result should hold here. Defendants—indeed *both* sides—

requested that the Court issue letters of request long before the discovery deadline,

and only after efforts to obtain discovery outside the Hague Evidence Convention

had failed.  Further, as in *In re: Cathode Ray Tube*, Defendants retained French

counsel, who made repeated inquiries and requests to expedite the process.  Ex. 2

(Declaration of Sierra Elizabeth, ¶¶ 3–6, 12.)

That the French authorities did not require a response from ISL until the end

of April, and that documents were not received from the Mullhouse court until July

2021, is beyond the control of Defendants and should not prevent Defendants from

obtaining depositions from witnesses Plaintiffs themselves acknowledge possess

information "critical to this litigation."  ECF No. 1235 at 4.

## II.   DEFENDANTS MEET THE BURDEN FOR ESTABLISHING EXCUSABLE NEGLECT

In determining whether a party has shown excusable neglect, courts consider

"(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its

potential impact on judicial proceedings; (3) the reason for the delay, including

whether it was within the reasonable control of the movant; and (4) whether the

movant acted in good faith." *EarthCam, Inc. v. Oxblue Corp.*, 703 F. App'x 803,

813 (11th Cir. 2017) (per curiam) (citing *Pioneer Inv. Servs. Co. v. Brunswick

Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The two most important factors

are the absence of prejudice to the nonmoving party and to the interest of efficient

judicial administration. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683,

685-86 (11th Cir. 2013) (per curiam) (citing *Cheney v. Anchor Glass Container

Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). The "excusable neglect" standard is

"more rigorous" than the "good cause" standard. *See Hughley v. Lee County, Ala.*,

2015 WL 4094461, at *1 n.2 (M.D. Ala. June 9, 2015).  Still, Defendants easily

meet it under these facts.

### A.   There is no danger of prejudice to Plaintiffs

The absence of prejudice to the non-moving party weighs heavily in the

excusable neglect analysis. For example, *Bermudez v. Equifax Info. Servs., LLC*,

the plaintiff sought leave to take a series of depositions after the discovery deadline, and his excuse was that plaintiff's counsel simply forgot to calendar the deadline. 2008 WL 11336164, at *1 (M.D. Fla. Oct. 3, 2008). The court nevertheless held that there was good cause to allow the late depositions, including because (1) plaintiffs' counsel shown "some diligence" during the discovery period (he has separately served timely written discovery), and (2) there was no prejudice to the defendants in allowing the depositions to proceed. *Id.* at *2.

Put simply, here there is no danger of prejudice to Plaintiffs posed by permitting these depositions. To the contrary, Plaintiffs have been actively seeking the very same depositions for more than two years. In their own motion seeking issuance of the letters of request—which included a request for the Hamery and Dancer depositions—Plaintiffs noted that "ISL played a vital role in the design, testing, and conception of two essential features of the Dual-Ended Combat Arms Earplug" such that "ISL is an author and recipient of documents *critical to this litigation*." ECF No. 1235 at 4 (emphasis added).

Indeed, Plaintiffs' counsel took the lead in corresponding with ISL's counsel regarding the logistics of the depositions and was in the process of coordinating mutually agreeable dates for the depositions, demonstrating that Plaintiffs could take these depositions without interfering with other work in this litigation. It was

not until an eleventh-hour change of heart that Plaintiffs suddenly suggested any reluctance (much less opposition) to proceeding forward with these depositions.

### B.   Extending the time to complete discovery for this purpose will not delay proceedings

There is no chance that reopening discovery for the limited purpose of conducting these depositions in France will delay the proceedings. The Court has already set jury trials for Groups B and C through January, and Defendants will not seek to continue or postpone any of these trials for these depositions. Defendants will only use these depositions at bellwether trials scheduled for dates after the depositions are concluded, and even then will use them only if the deposition designations can be submitted by the deadlines set for designations in those cases. Still, because there are trials set to begin weeks after the proposed dates for these depositions—with trials in Group D cases to be set even later—there is no reason not to allow the depositions to proceed forward as negotiated.

### C.   The delay was outside of 3M's control

As set forth above, 3M had no control over the slower-than-expected response to the letters of request by the French government. To the contrary, Defendants took affirmative steps to expedite the process in France, including hiring French counsel, moving for expedited production of documents, and working to schedule these depositions as soon as possible. *See* Ex. 2 (Declaration of Sierra Elizabeth, ¶¶ 3, 6, 16.) Thus, this factor weighs strongly in favor of

permitting the depositions to proceed.  *See In re: Cathode Ray Tube*, 2015 WL 12947119, at *2.

### D.     3M acted in good faith

Finally, the record confirms that 3M acted both diligently and in good faith in seeking these depositions.  *See Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) (Berzon, J, concurring) ("The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence").  Here, there is no conceivable suggestion that 3M waited until now to take the Hamery and Dancer depositions for tactical or strategic reasons.  To the contrary, Defendants could not have taken these depositions during the discovery period under international law, and—until Plaintiffs' counsels' change of heart last week—3M had been working cooperatively *and in tangent* with Plaintiffs' counsel to obtain and schedule these depositions for more than two years.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the time period to complete general discovery for the limited purpose of permitting the parties to depose representatives of ISL in France.

Dated:  September 20, 2021

Respectfully submitted:

*/s/ Charles F. Beall, Jr.*

Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Haley J. VanFleteren
Florida Bar No. 1003674
hvanfleteren@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this motion, and counsel for Plaintiffs indicated that Plaintiffs oppose the relief requested.

Dated:  September 20, 2021                    Respectfully submitted,


*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants*
*3M Company,*
*3M Occupational Safety LLC,*
*Aearo Technologies LLC,*
*Aearo Holding, LLC,*
*Aearo Intermediate, LLC and*
*Aearo LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 2,710 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  September 20, 2021                        Respectfully submitted,


*/s/ Robert C. Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301  Pennsylvania  Avenue,  N.W.
Washington, D.C. 20004
Telephone:      (202)      389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 20th day of September 2021, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

September 20, 2021                              Respectfully submitted,

                                               */s/ Robert C. Brock*
                                               Robert C. "Mike" Brock
                                               KIRKLAND & ELLIS LLP
                                               1301 Pennsylvania Avenue, N.W.
                                               Washington, D.C. 20004
                                               Telephone: (202) 389-5991
                                               mike.brock@kirkland.com

                                               *Counsel for Defendants 3M*
                                               *Company, 3M Occupational Safety*
                                               *LLC, Aearo Technologies LLC, Aearo*
                                               *Holding, LLC, Aearo Intermediate,*
                                               *LLC and Aearo, LLC*

16