# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION  )<br>)<br>) | Case No. 3:19-md-2885-MCR-GRJ<br><br>Judge M. Casey Rodgers |
| )  | |
| This document relates to all cases   ) | Magistrate Judge Gary R. Jones |

**DECLARATION OF SIERRA ELIZABETH IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE THE DEPOSITIONS OF MR. HAMERY AND MR. DANCER AND REQUEST FOR EXPEDITED CONSIDERATION**

I, Sierra Elizabeth, hereby declare:

1. I am an attorney-at-law admitted to practice in California. I am a partner at Kirkland & Ellis LLP and counsel for Defendants 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M") in this matter.

2. I have personal knowledge of the facts set forth in this declaration based upon my recollection of the events referenced and my review of contemporaneous notes, emails, and other documents.

3. In January 2021, 3M retained French counsel ("Dentons"), located in Paris, France, to assist with discovery related to 3M's letter of request to ISL, which had been served in August 2020. Defendants also retained local counsel in Mulhouse, France, where the letter of request was pending.

4.     On January 26, 2021, Judge Pallières issued a decision requiring ISL to produce the requested documents by April 29, 2021.

5.     Given that the first bellwether trial was set to begin in March 2021, I asked Dentons to request an expedited production from the court. I also asked Dentons to coordinate with Plaintiffs' French counsel so that we could make a joint request.

6.     A joint request to expedite production was made to the court on or about February 5, 2021. ISL opposed.

7.     On March 12, 2021, Judge Pallières denied our request to expedite the production.

8.     We did not receive the document production on April 29, 2021, as expected. I understand that ISL did produce these documents but produced them directly to the Mulhouse Court, not to the parties, as apparently required.

9.     I continued to follow up with Dentons on a regular basis regarding the document production after April 29. Dentons and I also discussed securing translation services, in advance, in an attempt to reduce any further delay for review. Dentons secured its preferred translation vendor but noted that we needed the documents in order to provide a quote and estimated time for review.

10.    On May 14, 2021, Dentons told me that they had followed up with the French Ministry of Justice, who had still not received the documents from the

Mulhouse Court. Dentons followed up with the French Ministry of Justice again on June 4, 2021.

11. On June 10, 2021, Dentons told me that the French Ministry of Justice had received two boxes of documents from ISL and that they would make the documents available to Plaintiffs' French counsel. Plaintiff's French counsel told us that they anticipated getting us the document the next week.

12. Dentons continued to send follow-up e-mails to Plaintiffs' French counsel over the next month. On July 15, 2021, Dentons informed me that International Litigation Support (ILS) sent Plaintiffs' counsel the documents responsive to our letters of request the prior week. I immediately e-mailed Plaintiffs' counsel to request copies of these documents. Plaintiffs informed me that they had received physical documents from the French Ministry on July 9, 2021.

13. I received the ISL production from Plaintiffs' counsel on July 18, 2021. Some of the documents were in English and my team began to review those documents immediately. Many of the documents, however, were written in French and/or German, so the parties endeavored to jointly retain a translation vendor.

14. On July 23, 2021, my team sent Plaintiffs' counsel a proposal from our preferred vendor, TransPerfect, for translation services. Despite following up multiple times, Plaintiffs' counsel did not timely respond to our requests. In an effort to expedite the process, I requested—and TransPerfect agreed—to proceed with

3

translating the documents on a rolling basis without a signed contract so that we could ensure that the translation would be complete by the timeline originally proposed—by August 31, 2021.

15. Plaintiffs' counsel ultimately signed the agreement with TransPerfect on August 18, 2021.

16. While translations were pending, I endeavored to work with Dentons and Plaintiffs' counsel to set dates for Mr. Hamery and Mr. Dancer's depositions, which the Judge explained would only be authorized after the documents were produced. It was always our goal to take these depositions prior to the *Adkins* and *Blum* trials, which I reiterated to Plaintiff's counsel. On July 23, 2021, Dentons e-mailed Judge Pallières to schedule the depositions on our behalf.

17. Dentons informed me that, on July 29, 2021, Plaintiffs' French counsel informed Judge Pallières that the documents had not been translated yet, and thus the depositions were premature. On July 30, 2021, Judge Pallières stated that he would contact Mr. Hamery and Mr. Dancer to find a date towards the end of September 2021.

18. Both parties received the final set of translated documents on the evening of August 31, 2021 and began to review them.

19. After several e-mail communications and a meet and confer call with Plaintiffs' counsel, Plaintiffs' counsel and I agreed on September 3, 2021 that the

parties would make themselves available to take these depositions on September 28-October 1, November 8-12, or December 13-23. Ex. 3, 9/3/2021 E-mail from Sierra Elizabeth.

20. Later that same day, and after Plaintiffs' counsel and I agreed upon dates to propose for the depositions, Bryan Aylstock from Plaintiff's Leadership, indicated that the parties should meet and confer on the parties' positions regarding the depositions.

21. On September 7, 2021, the parties had a meet and confer call with Judge Herndon, which is the first time since the parties filed their motions requesting issuance of the letters of request in July 2020 that Plaintiff's counsel indicated that they may not want to take the depositions both sides had requested and been diligently working together to schedule.

22. On September 17, 2021, Dentons informed me that Judge Pallières responded to the July inquiries and informed Dentons and Plaintiffs' French counsel via e-mail that Mr. Hamery could be deposed on October 18 and 19 in the Mulhouse court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of September, 2021 in Los Angeles, California.

                                                      */s/ Sierra Elizabeth*
                                                      Sierra Elizabeth