UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO REOPEN DISCOVERY**

Global discovery in this MDL is closed. More than a year after the global discovery deadline's expiration, Defendants moved to take the untimely depositions of Pascal Hamery and Armand Dancer. *See* ECF 2050. Because Defendants have not established good cause or excusable neglect, their motion should be denied.

**BACKGROUND**

Armand Dancer and Pascal Hamery are employees of the Institute of Saint Louis, whose names appear on various documents relevant to this action. Defendants have been aware of ISL's and Dancer's and Hamery's involvement with the CAEv2 since the time of that involvement – *i.e.*, for decades before the inception of this litigation. These cases were transferred to this Court on April 3, 2019, and the Parties' initial discovery conference took place on June 3 and June 4, 2019. *See* ECF 1, ECF 434. As recounted in greater detail elsewhere, discovery closed on

1

September 1, 2020, at Defendants' request, and over Plaintiffs' opposition.[1] Due to this discovery cutoff, Plaintiffs have been foreclosed from any discovery from Defendants or their employees for more than a year. *Id*.

On September 3, 2021, in light of that discovery cutoff and the Court's recent orders,[2] Lead Counsel for Plaintiffs proposed that the Parties seek guidance from the Court before proceeding with depositions of Pascal Hamery and Armand Dancer that might be procedurally improper and were likely to impose unnecessary burdens in relation to upcoming trials. *See* Defs' Mot. Ex. 4 (ECF 2050-4). On September 9, 2021, the Court advised the Parties that the Hamery and Dancer depositions are "untimely," and that the Court intended to "adhere to the discovery deadlines." *See* Exhibit A (9/9/21 Herndon Email). On September 23, 2021, Defendants advised the French authorities that this Court has "not taken any decision to abandon" the depositions Defendants untimely seek. *See* Exhibit B (9/23/21 Chardeau Email). Defendants' motion followed.

---

[1] *See* ECF 1870 at 1-3.  Plaintiffs incorporate as applicable herein their past arguments relating to (1) Defendants' request for and Plaintiffs' abidance by the September 1, 2020 general discovery cutoff, and (2) the prejudice Plaintiffs would suffer in connection with the taking (or other "use") of an untimely deposition. *See* ECF 1870; ECF 1874 at 7 (discussing the "Catch-22" dilemma attendant to Defendants' taking of an untimely *ex parte* deposition).

[2] *See* ECF 1874 (denying Defendants' motion to reopen discovery to take additional deposition); ECF 1881 at 1-2 (accelerating trials and discovery, and describing Wave Orders).

## LEGAL STANDARD

A "party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4)).

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). "In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010).

Excusable neglect is a separate, more rigorous standard, which employs the following factors: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 667 (11th Cir. 2013). In evaluating excusable neglect,

Courts focus in particular on prejudice to the non-movant and on the interests of efficiency in judicial administration. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)).

## ARGUMENT

I. **There Is No Good Cause to Reopen Discovery**

Defendants do not meet the standards for good cause and excusable neglect, and their motion should be denied. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("We have often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order.").

a. **Defendants Did Not Exercise Diligence**

Defendants fail to establish the diligence necessary for a finding of good cause or excusable neglect, and their motion should be denied.

*First*, Defendants did not make diligent efforts during discovery to seek testimony from these (or any other) ISL employees. While Plaintiffs promptly subpoenaed ISL in September 2019, and engaged in months of negotiations and motion practice in efforts to compel discovery from ISL,[3] Defendants exercised no diligence. It was not until July 17, 2020 that Defendants began to seek Dancer's and

---

[3] *See* ECF 891.

4

Hamery's testimony.  *See* ECF 1262 (July 17, 2020 Motion for Letter Request for International Judicial Assistance); ECF 2050-1 at 1; ECF 2050 at 2-3.  Defendants' motion provides no basis for their decision not to pursue these depositions at their first opportunity (in June 2019) or at any time in the subsequent year.  Defendants cannot credibly argue that more than a year of inaction with regard to any Hague discovery demonstrates diligence.  Because Defendants did not exercise diligence, their motion should be denied.

*Second*, Defendants concede that they had full knowledge of the information relating to the Hamery and Dancer depositions before the discovery deadline in this case passed.  *See* Def. Mot. at 2-3.  Because Defendants had that knowledge at the time of the September 1, 2020 deadline, but waited over a year to seek to modify this deadline, they "cannot establish the diligence necessary to show good cause." *See* ECF 1874 at 2 (*citing Williams v. Blue Cross & Blue Shield of Fla., Inc*., 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010)).[4]  Defendants made no timely motion to extend within the discovery period, preventing a finding of diligence.

---

[4] *In re CRT* is distinguishable for reasons including that the Attorney General in *In re CRT* moved to extend discovery <u>before</u> the expiration of the deadline.  *See In re CRT*, 2015 WL 12947119, at *2 (timely motion, and no reference to the "excusable neglect" standard).

5

### b. Plaintiffs Would Suffer Prejudice

Reopening discovery for an untimely deposition would prejudice and unduly burden Plaintiffs.

This Court has already observed[5] that the prejudice to Plaintiffs extends beyond the burden of preparing for and taking a deposition out of time.[6] Permitting these untimely depositions to go forward would have dramatic impact on Plaintiffs' trial preparation, in multiple ways.

*First*, the time and place Defendants' proposed depositions of Dancer and Hamery – during an accelerated series of trials, and in France – are significantly prejudicial to Plaintiffs. As discussed above, Defendants have proposed dates that overlap in significant part with the deadlines and trials in the Group B and Group C cases.[7] In the sole case on which Defendants rely in disputing prejudice to Plaintiffs, *Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 11336164, (M.D. Fla. Oct. 3, 2008), the Court found that the non-movant's "trial preparation will not be

---

[5] *See* ECF 1874 at 4-5.
[6] As this Court had held, the burdens of preparing for and taking a deposition out of time are on their own a sufficient basis to deny Defendants' motion. *See* ECF 1874 at 5 n.6 (citing *Sweet v. Lockheed Martin Corp.*, 2009 WL 10664952, at *3 (N.D. Ga. Aug. 21, 2009).
[7] Defense counsel proposed the ranges of September 28 – October 1, November 8 – November 12, and December 13 – December 23 as potential dates for these depositions. *See* Exhibit B. Plaintiffs understand that the French authorities had set October 18 as a potential deposition date, but that such deposition has been "cancelled, pending the decision of" this Court. *See* Exhibit C (9/23/21 Pallieres Email).

6

prejudiced" because the additional depositions would be completed more than three months before trial. *See id.* at *2. Similarly, at the time of the *In re CRT* "good cause" order on which Defendants rely, the relevant trial dates had been vacated. *See In re CRT*, 2015 WL 12947119, at *1. Here, however, all of Defendants' proffered dates are mere days before trial, or overlap with trial completely.[8] The prejudice to Plaintiffs is therefore much more extreme.

*Second*, the untimeliness of Defendants' request precludes follow-up discovery. In pushing to take Hamery and Dancer's testimony regardless of this Court's orders, Defendants explained to the French authorities that they believe Hamery and Dancer's testimony "could lead to additional evidence" relevant to the case. *See* Exhibit B. But, as Defendants are well aware, discovery has been closed for a year, and their request to take this deposition, without a broader reopening of discovery, blocks Plaintiffs from any document discovery from Defendants relating to any testimony Dancer or Hamery might give. Preventing Plaintiffs from following such leads causes significant prejudice.

---

[8] Further, in *Bermudez*, the motion to reopen discovery was made within weeks of the lapsed deadline – it was more than a full year timelier than Defendants' motion. *Compare id.* at *1 (motion filed September 17, 2008 for deadline expired September 2, 2008) *with* ECF 2040 (motion filed September 20, 2021, for deadline expired September 1, 2020). Indeed, none of the cases Defendants rely on involve a motion to reopen discovery made over a year after the expiration of the deadline.

7

*Third*, reopening discovery for these two depositions alone could require Plaintiffs to wholly rebuild trial-related work product, likely requiring, *inter alia*, new evidentiary motions and expert proofs. The Parties have invested significant efforts in synthesizing the factual record developed within the discovery period into trial-preparation work product, and those efforts would be burdensomely disrupted by additional untimely discovery. This Court has already acknowledged the significance of this burden, as well as the related impact on efficient administration of the case, in denying Defendants' prior motion to reopen discovery. *See* ECF 1874 at 4-5. Plaintiffs relied on the Court's discovery deadlines in devoting "thousands of hours since the close of general discovery to synthesize the factual record, to designate and litigate deposition testimony, to develop expert proofs, to engage in extensive pretrial motion practice on evidentiary matters, and to generate trial-related work product."[9] Particularly in light of the number, frequency, and importance of upcoming trials, Plaintiffs would be extremely prejudiced by the disruption the proposed untimely discovery could cause.

## II. Conclusion

The burden of these out-of-time, international depositions is monumental, particularly in the context of an MDL of this scope and complexity. Plaintiffs should

---

[9] ECF 1874 (Vietas Order) at 5, *quoting* ECF 1870 (Plaintiffs' Vietas Motion) at 9-10.

not be denied the same peace and stability that the close of discovery granted Defendants. Plaintiffs request that the Court deny Defendants' motion to reopen discovery.

Date: September 27, 2021                Respectfully submitted,

/s/ Bryan Aylstock
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan Aylstock*
