# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A1 through A4 of Plaintiffs' Motion, ECF No. 2078 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PRIVACY ACT ORDER NO. 42

This matter is before the Court on the Plaintiffs' motion for an order authorizing complete disclosure of certain confidential information in the custody, control, or possession of the Department of Defense, Defense Logistics Agency, and the United States Army, Navy, Marine Corps, Air Force, and/or Coast Guard for use in the above-captioned litigation. Disclosure of this information is governed by the Privacy Act, 5 U.S.C. § 552a, which, *inter alia*, allows federal government agencies to release records maintained on individuals "pursuant to the order of a court of competent jurisdiction." *See* 5 U.S.C. § 552a(b)(11). Requests for court orders under § 552a(b)(11) are evaluated by balancing the need for disclosure against any potential harm from disclosure.

Applying this principle to this case, the Court finds that the records sought by Plaintiffs are relevant to the claims and defenses in this litigation, and that any Privacy Act concerns are outweighed by the need for disclosure. More specifically,

the information contained in the records is highly relevant to the issues of causation and damages as it will assist the parties in evaluating whether and when each servicemember began experiencing hearing problems, the extent of any hearing problems, and whether the hearing problems are connected to noise exposure during military service. The privacy concerns are especially minimal here as the individual servicemembers themselves are requesting that these records be disclosed. On balance, the Court finds that disclosure of the records requested is appropriate under 5 U.S.C. § 552a(b)(11).

Accordingly, it is **ORDERED** that:

1. Plaintiffs' Unopposed Motion to Authorize Disclosure of Military Records, ECF No. 2078, is **GRANTED**.

2. The Clerk is directed to maintain Exhibits A1 through A4 to Plaintiffs' motion, ECF No. 2078-2, **UNDER SEAL**.

3. The Department of Defense, Defense Logistics Agency, and the United States Army, Navy, Marine Corps, Air Force, and Coast Guard are authorized to produce all records maintained on the individuals identified on Exhibit A1 through A4 to Plaintiffs' motion, ECF No. 2078-2, that are responsive to Plaintiffs' accompanying *Touhy* request, in unredacted form, to be used solely for the purposes of this litigation and not otherwise.

4. All records obtained from the Department of Defense, Defense Logistics Agency, and the United States Army, Navy, Marine Corps, Air Force, and Coast Guard pursuant to this Order are hereby designated as "Confidential Information," as that term is defined in Pretrial Order No. 9, Stipulated Order Governing Confidentiality and Privilege, ECF No. 442. The parties may not further disclose the information contained in the records except as provided in Pretrial Order No. 9.

**SO ORDERED**, on this 4th day of October, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**