# EXHIBIT A

# Elliott Berger Testimony

## Elizabeth, Sierra <sierra.elizabeth@kirkland.com>

Fri 10/1/2021 12:38 PM

To: BAylstock@awkolaw.com <BAylstock@awkolaw.com>; Chris Seeger <CSeeger@seegerweiss.com>; SHutson@triallawfirm.com <SHutson@triallawfirm.com>

Cc: *Kimberly.branscome@dechert.com <Kimberly.branscome@dechert.com>; Brock, Mike <mike.brock@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Smith, Leslie M. <lsmith@kirkland.com>; Wasdin, Nick <nick.wasdin@kirkland.com>

Bryan,

I write to discuss the future live testimony of Mr. Elliott Berger.

From the outset of this litigation, the parties have known that Mr. Berger could not be subpoenaed to appear live at any of the bellwether trials because he lives outside of Rule 45(c)'s limits. In anticipation of his absence Plaintiffs conducted multiple video-taped depositions of Mr. Berger including in November 2019, December 2019, September 2020, and December 2020. Since then, the parties have also worked together cooperatively to secure Mr. Berger's testimony at trial through various agreements. To date, he has testified live in 4 MDL trials (*EHK, McCombs, Baker, and Adkins*) 3 of which were in person; and has agreed to come to Pensacola to testify for a 5th (*Blum*). As you know, Mr. Berger was also deposed in the *Moldex* litigation in 2013 and 2015, the transcripts of which were deemed admissible in this MDL.

Mr. Berger is almost 70 years old and retired. Now that 5 additional Group C trial dates have been set, the Group D trial dates will be set soon, and the waves of 500 cases will begin rolling in, we do not believe there is good cause or any compelling circumstance that would require any additional testimony from Mr. Berger. We are also confident that after 5 trials, no additional testimony from Mr. Berger will "inform the parties on the future course of this entire litigation" or move the parties closer to settlement. *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 25, 2017).

As such, we were hoping to come to the following agreement prior to any motion practice, which in our view would be a waste of the parties' time and resources:

1. Plaintiffs agree not to serve any Rule 43 or 45 subpoenas on Mr. Berger for any MDL bellwether trials that take place after the Blum case;

2. Defendants agree not to call Mr. Berger live in any MDL bellwether trials that take place after the Blum case; and

3. Both parties agree that they can designate—subject to objections to specific pages and lines, unless those objections have already been ruled on by the Court—any of Mr. Berger's *Moldex* deposition transcripts, MDL deposition transcripts, or his 5 MDL trial transcripts for any MDL bellwether trial that takes place after the Blum case.

Please let us know your thoughts.

**Sierra Elizabeth**

================================================

**KIRKLAND & ELLIS LLP**
2049 Century Park East, 37th Floor
Los Angeles, CA  90067
**General:** 310-552-4200
**Fax:** 310-552-5900
**Direct:** 213-680-8543

================================================

sierra.elizabeth@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.