UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

Corporate and government discovery for this MDL closed on September 1, 2020. ECF No. 1666 at 2 n.1. Defendants now move to reopen discovery in order to depose Pascal Hamery and Armand Dancer of the French-German Research Institute of Saint-Louis ("ISL"). ECF No. 2050. On consideration, Defendants' motion is **DENIED in part** and **GRANTED in part**.

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)). To establish "good cause" to amend a scheduling order, the moving party must show that the Court's existing deadline could not be met despite that party's "diligence." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *and Payne*, 606 F. App'x at 944. A movant cannot establish the requisite diligence if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See William*

*v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09cv225, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010).

The "excusable neglect" standard is "more rigorous" than the "good cause" standard. *See Hughley v. Lee County, Ala.*, No. 3:15cv126, 2015 WL 4094461, at *1 n.2 (M.D. Ala. June 9, 2015). In determining whether a party has shown excusable neglect, courts consider "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x at 813 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). The test is "not mechanical," *see Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 666 n.1 (11th Cir. 2013), and district courts have "considerable leeway" because "the impact on judicial proceedings of extending discovery varies from case to case," *see EarthCam*, 703 F. App'x at 814. The Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *See Ashmore*, 503 F. App'x at 685.

As brief background, the Court previously concluded that discovery from ISL must be sought through the Hague Convention, *see* ECF No. 1000, and to that end, issued corresponding letters of request pursuant to motions from the parties on July 29, 2020, *see* ECF No. 1288.  Both parties' letters of request included a request for depositions of Hamery and Dancer.  ECF No. 1235 at 1; ECF No. 1262 at 3.  Due to delays in France with the processing of the letters of request, Defendants retained French counsel to coordinate with the French Ministry of Justice and ISL.  Nearly a year later, in mid-July 2021, Plaintiffs and Defendants received two boxes of documents produced by ISL, and both parties began efforts to translate them (from French and German) and to schedule Hamery and Dancer's depositions.  ECF No. 2050-3.  All translations were completed by August 31, 2021.  Approximately three weeks later, the French Ministry of Justice confirmed that Hamery could be deposed on October 18 and 19, 2021.  Given the complexities involved with international discovery and timing constraints that were outside of the parties' control, the Court finds Defendants' pursuit of the Hamery and Dancer depositions was diligent.

Excusable neglect, however, is a more exacting standard.  *See Hughley*, 2015 WL 4094461, at *1 n.2.  While the Court agrees that Defendants have acted in good faith in scheduling these depositions and that the reason for the delay in deposing Hamery and Dancer was largely outside of Defendants' control, the two most important factors in the Court's analysis—the danger of prejudice to the Plaintiffs

and the interests of efficient judicial administration—compel denial of Defendants' motion as it relates to the bellwether trials.

To begin with, Defendants' argument that Plaintiffs will suffer no danger of prejudice should the depositions proceed do not reflect the realities of this litigation. Plaintiffs have relied on the Court's discovery orders and deadlines in devoting "thousands of hours since the close of general discovery to synthesize the factual record, to designate and litigate deposition testimony, to develop expert proofs, to engage in extensive pretrial motion practice on evidentiary matters, and to generate trial-related work product."[1] *See Oceans of Images Photography, Inc. v. Foster & Smith, Inc.*, No. 8:11-cv-1160, 2013 WL 12155934, at *3 (M.D. Fla. June 19, 2013) (denying plaintiff's motion to reopen discovery because "the Court does find significant the prejudice to Defendant in having to develop a newly structured damages defense in light of re-opening discovery on the eve of trial"). To reopen discovery now, in the middle of bellwether trials, would undeniably and unfairly prejudice Plaintiffs by potentially requiring extensive modifications to their trial work product.

---

[1] For this reason, the case cited by Defendants is easily distinguishable. *In Bermudez v. Equifax Info. Servs., LLC*, No. 6:07-cv-1492, 2008 WL 11336164 (M.D. Fla. Oct. 3, 2008), the court found that the nonmovant's trial preparation would not be prejudiced by the reopening of discovery because the additional depositions would be completed more than three months before trial.

Additionally, taking Hamery and Dancer's depositions now will result in significant delay and effort because it will likely necessitate additional discovery, as Defendants acknowledge in their letter to the French authorities. *See* ECF No. 2081-2 at 4 ("3M believes that Mr. Hamery and Mr. Dancer have information relevant to these cases that could lead to additional evidence . . ."). Such a delay would have serious consequences to the schedule of the on-going bellwether trials. In fact, the danger of prejudice to Plaintiffs, and the potential impact on efficient judicial administration, are only heightened by the fact that the parties are scheduled to try *fourteen cases* in the next seven months.

In short, Defendants have not shown excusable neglect as would justify reopening discovery for the purpose of deposing Hamery and Dancer while the current groups of bellwether trials are ongoing. However, the Court will permit the depositions to go forward after the bellwether trials are complete. The danger of unfair prejudice to Plaintiffs, and the potential impact on judicial efficiency, are greatly diminished for non-bellwether cases and any further bellwether trial groups (i.e., not Groups B, C, or D). Accordingly, parties are directed to work with the French authorities to schedule the depositions of Hamery and Dancer following the conclusion of the final bellwether trial on May 20, 2022.

**DONE AND ORDERED** on this 12th day of October, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**