UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 29**

Both sides have defaulted to a practice of filing nearly every piece of paper in this litigation under seal, which has created an unreasonable burden on the Court to unseal, and which, pursuant to this Order, must stop. The Court previously entered an order, ECF No. 788, creating a framework under which the parties *may* file a document under seal; however, that Order in no way required, nor encouraged, the filing of every document under seal, and in fact the practice was never contemplated by the Order. The public retains a right of access to documents filed in a court proceeding, and courts will order that a particular document be filed under seal only if authorized by statute or upon a showing of good cause, after balancing the public's right of access against the parties' confidentiality interests. *See generally Romero v. Drummond*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)).

Accordingly, the Court hereby amends the parties' sealing protocols in ECF No. 788 to require that they first seek leave of Court prior to filing a motion, an exhibit, or any other filing under seal that does not specifically contain Privacy Act information.  *See* 5 U.S.C. § 552a.  In the event any filing contains limited Privacy Act information, a redacted version of the document must be filed on the Court's public docket.  *See* Fed. R. Civ. P. 5.2.  This Order applies to documents filed on the main 3M MDL docket, 3:19md2885, as well as any document filed in any individual case.

**SO ORDERED** this 25th day of October, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**