UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER**

"Over the course of the [] bellwether trials in this litigation, few pieces of evidence have been more hotly contested than the results of testing performed on the CAEv2 by Kevin Michael's laboratory, Michael & Associates, Inc. ("Michael's report")—most significantly, its reported conclusion that the NRR for the closed end of the CAEv2 equaled 23." *See Baker v. 3M*, No. 7:20cv039, ECF No. 187. The Michael's report was excluded as substantive evidence in bellwether trials because it constitutes inadmissible hearsay whose probative value is substantially outweighed by the risk of unfair prejudice and juror confusion.[1] However, the Court very reluctantly permitted the defense to use the report in examining experts on the bases for their opinions about the CAEv2. Until today. The fiction that Defendants are offering the Michael's report for anything other than its truth is now plainly belied by the record. During the Blum trial, Defendants attempted to use the Michael's "REAT testing"

---

[1] Neither Kevin Michael nor Eileen Kline, the Michael laboratory employee who actually conducted the tests, were deposed in connection with this litigation

results to *directly rebut* "accusations" that Aearo's NRR of 22 for the green end of the CAEv2 has never been replicated.[2] The Michael's report was clearly going to be used for the truth of its contents—that is, to prove that an NRR of 23 was obtained by the Michael's lab—and no other purpose, in violation of the Court's evidentiary rulings. A limiting instruction to the jury would not have cured the highly and unfairly prejudicial effect of allowing use of the Michael's report in this manner.

This is not the first time, or even the second, that Defendants have disregarded the Court's rulings regarding the Michael's report. *See id*. But it will be the last. In light of Defendants' brazen and repeated attempts to misuse the Michael's report in bellwether trials for the truth of the NRR, the Court now *sua sponte* reconsiders its ruling on the issue. The report is inadmissible and may not be used for any purpose with any witness in any future bellwether trials in this MDL—including Group C, Group D, and Sloan/Wayman.

**SO ORDERED**, on this 27th day of October, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] This occurred during Defendants' direct examination of their expert, Dr. John Casali. Defense counsel said to Dr. Casali, "The plaintiff's lawyers' accusations in this case, which you're familiar with, is that . . . the NRR of 22 [that the Aearo lab obtained] couldn't be repeated. Have you heard that?" Dr. Casali responded, "I have heard that statement." Defense counsel then said, "As part of your work in this case, have you reviewed any S3.19 REAT testing ---." At this point, both sides' counsel were directed to approach the bench. During the bench conference, defense counsel confirmed that she had been setting up a discussion of the Michael Report.