UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Finley*, 7:20-cv-00170<br>*Montero*, 7:20-cv-00067<br>*Sloan*, 7:20-cv-00001<br>*Stelling*, 7:20-cv-00143<br>*Wayman*, 7:20-cv-00149 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF COURT'S ORDER REGARDING ELLIOTT BERGER'S OCTOBER 8, 2015 30(B)(6) DEPOSITION TESTIMONY

Plaintiffs respectfully seek clarification of the Court's November 21, 2021 Order regarding the admissibility of Elliott Berger's deposition testimony in the above-captioned bellwether trials. *See* Dkt. 2300 at 1 n.1.

In numerous bellwether trials to date, Plaintiffs have presented excerpts of Mr. Berger October 8, 2015 30(b)(6) deposition in their case-in-chief, regardless of his availability and without objection from Defendants. At the time of that *Moldex* deposition, Mr. Berger was Division Scientist at 3M's E-A-RCAL Lab and one of the key individuals most knowledgeable about the company's testing of the CAEv2.[1]

---

[1] Ex. 1 (Berger 10/8/15 30(b)(6) Dep.) at 10:4-10, 11:18-22.

1

In *Stelling*, Plaintiff moved to exclude Defendants' affirmative designations of Mr. Berger's trial testimony as untimely. The Court denied the motion on the grounds that Mr. Berger would be available to testify at trial via remote transition. *Id.* at 1. The Court entered its Order in all five above-captioned cases. *See Finley*, Dkt. 104; *Montero*, Dkt. 90; *Sloan*, Dkt. 64; *Stelling*, Dkt. 88; *Wayman*, Dkt. 76.

Although the Court ruled that neither party could use Mr. Berger's prior sworn testimony given in his individual capacity, the Court allowed "Plaintiffs [to] use Mr. Berger's 30(b)(6) testimony for any purpose at trial" pursuant to Federal Rule of Civil Procedure 32(a)(3). *Id.* The Order does not, however, address whether Mr. Berger's October 8, 2015 deposition qualifies as 30(b)(6) testimony or whether it is otherwise admissible under Federal Rule of Evidence 801(d)(2). Plaintiffs thus move for clarification as to the admissibility of Mr. Berger's October 8, 2015 testimony at the upcoming bellwether trials.

## ARGUMENT

**I.     Mr. Berger's October 8, 2015 Testimony Is Admissible Under Rule 32(a)(3) Because It Was Noticed Pursuant to Rule 30(b)(6).**

In response to Moldex-Metric's Notice of 30(b)(6) deposition in the *Moldex* litigation,[2] 3M designated Mr. Berger as its corporate representative and presented

---

[2] Ex. 2 (Plaintiff's First Notice of Deposition under Fed. R. Civ. P. 30(b)(6), *Moldex Metric, Inc. v. 3M Co.*, Case No. 14-cv-01821-JNE/FLN (D. Minn. Sept. 30, 2015)).

2

him for deposition on October 8, 2015, and he was sworn in as a 30(b)(6) witness.[3] During the 30(b)(6) deposition, however, 3M tried to rescind its designation of Berger as a corporate representative and claimed he was testifying only in his personal capacity.[4] Given the Court's Order authorizing Plaintiffs to use Mr. Berger's 30(b)(6) testimony "for any purpose," Dkt. 2300 at 1, Plaintiffs seek confirmation that Mr. Berger's October 8, 2015 testimony is admissible at trial.

To the extent 3M argues that it withdrew Mr. Berger as its 30(b)(6) witness, 3M's unilateral attempt to revoke its designation at the time of the deposition was improper. Courts in this circuit and elsewhere have admonished that "Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). Rule 30(b)(6) does not permit a corporate defendant to unilaterally continue a properly noticed deposition by failing to present the designated witness on the date noticed. *See, e.g.*, *Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1294-95 (S.D. Fla. 2019). If the designated witness cannot answer properly noticed questions, Rule 30(b)(6) requires the corporation to move for a protective order. *See, e.g.*, *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D.

---

[3] Ex. 1 (Berger 10/8/15 30(b)(6) Dep.) at 8:1-12.
[4] *Id.* at 8:13-20.

3

396, 406 (E.D.N.C. 2014). The corporation cannot simply object and then produce a witness who will testify only within the scope of the corporation's objections. *Id.*

Here, after identifying, preparing, and ultimately producing Mr. Berger at the 30(b)(6) deposition as its chosen corporate representative, 3M inexplicably renounced its designation at the eleventh hour in clear violation of the Federal Rules. 3M should not be entitled to game the system by suddenly deeming Mr. Berger a "fact" witness so as to prevent Plaintiffs from using his October 8, 2015 testimony.

**II.     Mr. Berger's October 8, 2015 Testimony Is Admissible Under Rule 801(d)(2) Because It Is a Non-hearsay Statement of a Party Opponent.**

Assuming Mr. Berger's October 8, 2015 deposition does not qualify as Rule 30(b)(6) testimony, it is admissible under Federal Rule of Evidence 801(d)(2)(D).

A statement made by an opposing party's "agent or employee on a matter within the scope of that relationship and while it existed" is a non-hearsay admission of a party opponent. Fed. R. Evid. 801(d)(2)(D). It is indisputable that Mr. Berger was a 3M employee at the time of his October 8, 2015 deposition and that his testimony about the CAEv2's design and testing pertains to the knowledge he developed within the scope of his employment.[5]  *See, e.g.*, *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 910-11 (11th Cir. 2012) (employee's deposition testimony that he was involved in product development and knew about problems with the product

---

[5] *Id.* at 11:18-12:25.

4

was within the scope of his employment and admissible under Rule 801(d)(2)(D));

*Brown v. Vivint Solar, Inc.*, 2020 WL 2513518, at *3 (M.D. Fla. May 15, 2020) (testimony of defendant's employees from related lawsuit was admissible under Rule 801(d)(2)(D) because it concerned issues within the scope of their employment).

This Court's prior rulings admitting the *Moldex* deposition testimony of Hamer and Ohlin—both former employees of 3M—compels the same ruling here:

> [B]ecause Hamer and Dr. Ohlin were both employed by Defendants at the time of their *Moldex* depositions, their *Moldex* deposition testimony is not hearsay under Rule 801(d)(2)(D) to the extent it pertains to "a matter within the scope" of their employment relationships with Defendants. … Thus, to the extent Hamer's or Dr. Ohlin's *Moldex* deposition testimony pertains to facts they learned "in the course and scope of their employment," *see Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567 n.2 (11th Cir. 1991), the testimony is non-hearsay and is admissible. *See* Fed. R. Evid. 801(d)(2)(D).

*E.g.*, *Estes*, Dkt. 128 at 6-7. Like Hamer and Ohlin, Mr. Berger was employed by 3M at the time of his October 8, 2015 deposition and his testimony pertains to information he learned in the scope of his employment. Thus, regardless of Mr. Berger's designation as a 30(b)(6) witness, Plaintiffs seek confirmation that Mr. Berger's October 8, 2015 testimony is admissible as a non-hearsay statement of a party opponent under Rule 801(d)(2)(D) and thus may be used for any purpose.

5

## CONCLUSION

For these reasons, Plaintiffs respectfully seek clarification as to whether they may use Mr. Berger's October 8, 2015 deposition for any purpose at trial, as the Court has repeatedly allowed in prior bellwether trials.

DATED: December 1, 2021                Respectfully Submitted,

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
***Plaintiffs' Lead Counsel***

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
***Plaintiffs' Co-Lead Counsel***

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
***Plaintiffs' Co-Lead Counsel &***
***Counsel for Plaintiff Carter Stelling***
***Counsel for Plaintiff William Wayman***

Russell W. Endsley
Texas State Bar No. 24026824
Roger L. Turk
Texas State Bar No. 00788561
THOMAS J. HENRY LAW, PLLC
521 Starr Street
Corpus Christi, TX 78401
361-985-0600
361-985-0601 (fax)
Rwe.3m@thomasjhenry.com
Rlt.3m@thomasjhenry.com
***Counsel for Plaintiff Theodore Finley***

Nicole Berg
Illinois State Bar No. 6305464
(Admitted Pro Hac Vice)
KELLER LENKNER, LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
312-741-5220
ncb@kellerlenkner.com
***Counsel for Plaintiff Carlos Montero***

>Muhammad S. Aziz
>(Admitted Pro Hac Vice)
>Texas Bar No. 24043538
>ABRAHAM WATKINS NICHOLS, AGOSTO, AZIZ & STOGNER
>800 Commerce Street
>Houston, TX 77055
>713-222-7211
>713-225-0827 (fax)
>jdean@abrahamwatkins.com
>***Counsel for Plaintiff Ronald Sloan***

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 7.1(F)

I hereby certify that this memorandum complies with the word limit of Local Rule 7.1(F) and contains 1,107 words.

*s/ Bryan F. Aylstock*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

<i>s/ Bryan F. Aylstock</i>