# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | |
| This Document Relates to: *Finley*, 7:20-cv-00170 *Montero*, 7:20-cv-00067 *Sloan*, 7:20-cv-00001 *Stelling*, 7:20-cv-00143 *Wayman*, 7:20-cv-00149 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| | Confidential – Filed Under Seal Public Version |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF COURT'S ORDER REGARDING ELLIOTT BERGER'S OCTOBER 8, 2015 DEPOSITION TESTIMONY

## INTRODUCTION

Defendants' response does not save them from the harrowing admissions in Berger's October 8, 2015 deposition. First, Defendants misstate both the law and facts surrounding Berger's deposition because ███████████████████████

████████████████████████████████████████████████████████████

███████. Second, the great weight of case law dooms Defendants' position that Rule 801 applies only to witnesses who are "unavailable" to testify at trial pursuant to Rule 32(a)(4). Third, even if Berger testified exclusively in his personal capacity, his testimony is admissible because he is a "managing agent" under Rule 32(a)(3).

## ARGUMENT

I.  **Defendants Distort the Facts Surrounding Berger's October 8, 2015 Deposition and Ignore Their Obligations Under Rule 30(b)(6).**

Offering no justification for flouting their 30(b)(6) obligations, ███████████

████████████████████████████████████████████████████████████

███████████████████████████████ Defendants have it backwards. It was incumbent on Defendants—not Moldex—to seek judicial relief. *See, e.g.*, *Beach Mart v. L&L Wings*, 302 F.R.D. 396, 406 (E.D.N.C. 2014); *QBE Ins. v. Jorda Ent.*, 277 F.R.D. 676, 697 (S.D. Fla. 2012). ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████ *See Beach Mart*, 302 F.R.D. at 407. ███████████████

██████████████████████████████████████████████████████████

██████████████████ Berger's designated testimony thus qualifies as Rule 30(b)(6)

testimony because it addressed properly noticed topics. *See Finley*, Dkt. 140 at 4-6.

## II.   Berger's Testimony Is Independently Admissible Under Rule 801(d)(2).

Citing one unpublished case, *see, e.g.*, *Sloan*, Dkt. 72 at 6; *Finley*, Dkt. 142 at

6, Defendants brazenly argue that Berger's deposition testimony is not admissible

under Rule 801(d)(2)(D) unless it satisfies Rule 32(a)'s "availability" requirements.

They are wrong. Although the "admission of deposition testimony as evidence under

Fed. R. Civ. P. 32(a) is dependent upon meeting the requirements of the rules of

evidence, [Defendants] incorrectly assume[] that the reverse is also true." *Long

Island v. United States*, 63 Fed. Cl. 157, 162-64 (2004). "The availability of the

declarant is not relevant under Rule 801(d)(2)(D) because under the rule, the

statement is not hearsay." *White v. Honeywell*, 141 F.3d 1270, 1276-77 (8th Cir.

1998) (citing *Pappas v. Middle Earth*, 963 F.2d 534, 538 (2d Cir. 1992)); *see Brown

v. Vivint*, 2020 WL 2513518, *2-3 (M.D. Fla. 2020); *Waymar v. Chitwood*, 2012

WL 442986, *1 (M.D. Fla. 2012); *Anchor Sav. Bank, FSB v. United States*, 2005

WL 6112617, *4 (Fed. Cl. May 17, 2005); *Morris v. State of N.Y.*, 1995 WL 155953,

*11 n.6 (N.D.N.Y. 1995). Accordingly, Berger's 2015 testimony is independently

---

[1] Ex. 3 (10/8/15 Berger Dep.) ████████████████████ ; ███████████████████████

████████████████████████████████████████████████████████

██████████████████████ ; Ex. 2 (*Moldex II* 30(b)(6) Dep. Notice).

admissible under Rule 801(d)(2)(D) regardless of his appearance at trial.

**III.    Berger's 2015 Deposition Is Also Admissible Under Rule 32(a)(3).**

Assuming Rule 32 must be satisfied, Rule 32(a)(3) permits Plaintiffs to use Berger's testimony against Defendants *for any purpose* because he was Defendants' "managing agent." *See* Wright, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.). At the time of his testimony, █████████████████████████████████████████

████████████████████ Ex. 3 (10/8/15 Berger Dep.) ████████████. He was also the one employee 3M authorized to testify on those issues. Ex. 4 (10/7/15 Hamer Dep.) ████████████████████████. And as a 30-year employee with a personal financial stake in 3M's success, his interests obviously mirror 3M's. Ex. 3 (10/8/15 Berger Dep.) ███████████ Ex. 5 (12/10/19 Berger Dep.)███████.

That Berger is expected to testify at trial does not preclude Plaintiffs from playing *Moldex* designations at trial. *Cf. In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 338 F.R.D. 167, 170 & n.3 (N.D. Fla. 2021). In a decision binding on this Court, the Fifth Circuit held "that a party may introduce the deposition of an adversary as part of his substantive proof *regardless of the adversary's availability to testify at trial*." *Mt. Hawley v. Tactic*, 2018 WL 10690250, *1 (M.D. Fla. 2018).

## CONCLUSION

Accordingly, the Court should grant Plaintiffs' motion for clarification and allow them to use Mr. Berger's October 8, 2015 deposition for any purpose at trial.

DATED: December 5, 2021

<div style="margin-left: 40%">

*s/ Bryan F. Aylstock*

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
***Plaintiffs' Lead Counsel***

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
***Plaintiffs' Co-Lead Counsel***

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
***Plaintiffs' Co-Lead Counsel &***
***Counsel for Plaintiff Carter Stelling***
***Counsel for Plaintiff William Wayman***

Russell W. Endsley
Texas State Bar No. 24026824
Roger L. Turk
Texas State Bar No. 00788561
THOMAS J. HENRY LAW, PLLC

</div>

521 Starr Street
Corpus Christi, TX 78401
361-985-0600
361-985-0601 (fax)
Rwe.3m@thomasjhenry.com
Rlt.3m@thomasjhenry.com
***Counsel for Plaintiff Theodore Finley***

Nicole Berg
Illinois State Bar No. 6305464
(Admitted Pro Hac Vice)
KELLER LENKNER, LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
312-741-5220
ncb@kellerlenkner.com
***Counsel for Plaintiff Carlos Montero***

Muhammad S. Aziz
(Admitted Pro Hac Vice)
Texas Bar No. 24043538
ABRAHAM WATKINS NICHOLS, AGOSTO,
AZIZ & STOGNER
800 Commerce Street
Houston, TX 77055
713-222-7211
713-225-0827 (fax)
jdean@abrahamwatkins.com
***Counsel for Plaintiff Ronald Sloan***

## <u>CERTIFICATE OF COMPLIANCE</u><br><u>WITH LOCAL RULES 7.1(F)</u>

I hereby certify that this memorandum complies with the word limit of Local

Rules 7.1(F) and contains 736 words.

<div align="right"><em>s/ Bryan F. Aylstock</em>_____</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*