# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Finley*, 7:20cv170<br>*Montero*, 7:20cv067<br>*Sloan*, 7:20cv001<br>*Stelling*, 7:20cv143<br>*Wayman*, 7:20cv149 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## DEFENDANTS' RULE 72 OBJECTION TO THE MAGISTRATE JUDGE'S NOVEMBER 22, 2021 ORDER AND MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 21, 2021 ORDER

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants respectfully object to the November 22, 2021 Order (*Berger v. 3M Company*, Dkt. 5) of Magistrate Judge Jones and seek reconsideration of this Court's November 21, 2021 Order (MDL Dkt. 2300) concerning Mr. Berger's prior testimony.[1] The combination of the two Orders has created an untenable situation: Defendants are now unable to introduce *any* of Mr. Berger's testimony unless he voluntarily appears live at trial—which he has refused to do for the above-captioned trials—or if Plaintiffs call him remotely.

---

[1] Defendants filed this motion on December 6, 2021 on all five of the above-captioned dockets. At the request of Judge Walker, the presiding judge in *Finley*, Defendants now file this motion on the MDL docket.

Under Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence, Defendants are entitled to introduce Mr. Berger's previous deposition and/or trial testimony in the event Plaintiffs do not subpoena him for remote testimony. Thus, Defendants request that this Court amend the Magistrate Judge's Order and/or its own Order as to not create a *per se* bar on Defendants' ability to present previous sworn testimony of Elliott Berger.

## I. BACKGROUND.

On October 8, 2021, Plaintiffs moved for authorization under Federal Rule of Civil Procedure 43 for the remote testimony of both Brian Myers and Elliott Berger in six upcoming trials for eight bellwether plaintiffs.[2] *See* MDL Dkt. 2190. Defendants opposed that motion. *See* MDL Dkt. 2222. Through his own counsel, Mr. Berger also opposed that motion and sought a protective order preventing him from any further live testimony in this litigation, whether in person or remote. *See Berger v. 3M Company*, Dkt. 1. This Court referred Plaintiffs' motion to Magistrate Judge Jones. *See* MDL Dkt. 2192. Following a hearing, Judge Jones entered an

---

[2] The eight plaintiffs were Messrs. Camarillo, Finley, Montero, Palanki, Stelling, Hensley, Sloan and Wayman, the latter three whose cases were to be tried jointly. Since the filing of Plaintiffs' motion, the *Camarillo* and *Palanki* cases have been tried. Mr. Hensley dismissed his case with prejudice. *See Hensley* Dkt. 58. Thus, the present motion concerns the five remaining above-captioned plaintiffs with Finley, Montero, and Stelling proceeding in individual trials and Sloan and Wayman to be tried jointly.

order on October 28, 2021 granting Plaintiffs' motion. *See* MDL Dkt. 2247. Specifically, he granted Plaintiffs the authority to subpoena both Mr. Berger and Mr. Myers for remote testimony in any of the six upcoming trials, denied Mr. Berger's motion for a protective order, and ordered that any remote testimony of either witness be recorded "at the next two cases where they appear from a remote location." *Id.* at 16-17.

Thereafter, Mr. Berger, again through his own counsel, filed an Objection, Motion for Rehearing and/or Motion for Clarification to the Magistrate Judge's October 28 Order on November 12, 2021. *See Berger v. 3M Company*, Dkt. 3. Before Judge Jones ruled on that motion, this Court issued an Order on November 21, 2021 regarding designations of Mr. Berger's previous trial testimony. *See* MDL Dkt. 2300. Therein, the Court held that, since no party had demonstrated Mr. Berger's unavailability in light of Judge Jones' Order authorizing remote testimony, no party could introduce any portion of Mr. Berger's prior trial testimony. *See id.* With the exception of Plaintiffs' use of Mr. Berger's 30(b)(6) deposition testimony, the Order also excluded any party from using any "prior sworn testimony from Berger in his individual capacity," including deposition testimony, except for purposes of impeachment. *See id.* This Order presumed that Mr. Berger is available to both Plaintiffs and Defendants.

3

Judge Jones issued a subsequent Order the following day that denied Mr. Berger's motion for reconsideration. *See Berger v. 3M Company*, Dkt. 5 at 8. But the Order went further and held that only Plaintiffs—and not Defendants—could subpoena Mr. Berger for remote trial testimony under Federal Rule of Civil Procedure 43(a). *See id.* at 6. The Order continued, "[I]f 3M wants to present Berger's testimony they must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely." *Id.* at 6-7.

Read together, the two Orders preclude Defendants from presenting affirmatively *any* testimony of Mr. Berger unless he agrees *voluntarily* to testify live in Florida or *Plaintiffs* subpoena him for remote testimony. Put differently, if Plaintiffs do not subpoena Mr. Berger at a given trial and Mr. Berger refuses—as he has done recently—to travel to Florida, Defendants are barred from presenting any prior deposition and/or trial testimony from arguably the most important witness in these proceedings.

## II.   LEGAL STANDARD.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to object to a magistrate judge's order on a nondispositive matter within 14 days of its issuance. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R.

Civ. P. 43(a). A "finding of fact is 'clearly erroneous if the record lacks substantial evidence to support it,'" and a "decision 'is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Pensacola Firefighters' Relief & Pension Fund Bd. of Directors v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2010 WL 4683935, at *2 (N.D. Fla. Nov. 10, 2010) (Rodgers, J.). A district court may grant a motion for reconsideration when "there is a change in controlling law, new evidence becomes available, or there is a 'need to correct clear error or manifest injustice.'" *See* MDL Dkt. 1725 at 2 (granting in part Defendant's motion for partial reconsideration).

Federal Rule of Civil Procedure 32(a)(4) allows a party to "use for any purpose the deposition of a witness, whether or not a party" if the deponent is not available for trial. Unavailability can be satisfied under five different circumstances. *See* Fed. R. Civ. P. 32(a)(4)(A)-(E). Relevant here, a witness is unavailable if "the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition," *or* if "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(B), 32(a)(4)(D) (unavailability criteria separated by "or" not "and").

Testimony that is admissible under Rule 32 need not separately satisfy a hearsay exception under the Federal Rules of Evidence, as Rule 32 operates as its own exception. Under Rule 802 of the Federal Rules of Evidence, hearsay is admissible where permitted by "a federal statute, these rules, or other rules prescribed by the Supreme Court." Rule 32 is one of the "other rules." Fed. R. Evid. 802 advisory committee's notes (listing Rule 32 among "other rules"). While the Eleventh Circuit has not ruled directly on the matter, at least seven other United States Courts of Appeals have held that testimony introduced under Rule 32(a) need not satisfy any other exemption or exception to the rule against hearsay. *See Fletcher v. Tomlinson*, 895 F.3d 1010, 1020 & n.9 (8th Cir. 2018) (holding that Rule 32(a)(4)(B) "operates as an independent exception to the hearsay rule" and collecting cases from the First, Third, Seventh, Ninth, Tenth, and D.C. Circuits holding similarly for Rule 32(a) generally or Rule 32(a)(4)(B) specifically). Magistrate Judge Jones has held the same in this litigation. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 4956573, at *2 n.3 (N.D. Fla. Apr. 8, 2021). Finally, Chief Judge Walker of this District has also repeatedly ruled on this issue and held similarly in other cases. *See Kreitman v. Fla. Dep't of Corr.*, 2020 WL 12188711, at *4 n.5 (N.D. Fla. Nov. 30, 2020); *Cloud v. Fla. Dep't of Corr.*, 2020 WL 12182757, at *3 n.5 (N.D. Fla. May 14, 2020); *Witcher v. Fla. Dep't of*

6

*Corr.*, 2020 WL 12309617, at *3 n.7 (N.D. Fla. May 14, 2020). Therefore, if deposition testimony satisfies the requirements of Rule 32(a), it is admissible without the need for any additional hearsay analysis.

Finally, Rule 804(b)(1) of the Federal Rules of Evidence specifically authorizes the use of prior sworn testimony of an unavailable witness when the testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and is now offered against a party who had…an opportunity and similar motive to develop it by direct cross-, or redirect examination." Unavailability can be satisfied under five different circumstances, though not the same five as under Rule 32. *See* Fed. R. Evid. 804(a)(1)-(5). Relevant here, a witness is unavailable if he or she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance." *See* Fed. R. Evid. 804(a)(5)(B).

**III. THE MAGISTRATE JUDGE'S ORDER UNFAIRLY DEPRIVES DEFENDANTS OF MR. BERGER'S TESTIMONY.**

As a threshold matter, Judge Jones' November 22, 2021 Order inaccurately describes the nature of the relationship between Mr. Berger and Defendants. *See, e.g., Berger v. 3M Company*, Dkt. 5 at 1 ("Elliott Berger—a consultant for Defendants…"). Critically, although Mr. Berger used to be an employee and, later,

7

a consultant for Defendants, he is neither any longer: Mr. Berger retired from 3M in 2018 and terminated his consultancy with Defendants effective October 11, 2021. *See* MDL Dkt. 2222 at 14.  Mr. Berger is represented by his own counsel and has represented that he will not travel to Florida for future in-person trials.  Thus, unlike an employee of a party or even an expert witness, Defendants cannot compel Mr. Berger's attendance at trials in Florida.  That Defendants once paid Mr. Berger as a consultant or that Mr. Berger offers critical testimony in this litigation is irrelevant to the availability framework under either Rule 32 or Rule 804.

If (a) Defendants cannot secure Mr. Berger's voluntary in-person testimony for any of the above-captioned trials and (b) Plaintiffs do not call Mr. Berger remotely, then Defendants would be able to demonstrate his unavailability under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 for the multiple, independent reasons set forth below.  In that event, Defendants would be entitled to use Mr. Berger's prior deposition testimony "for any purpose" under Rule 32, and his prior deposition *and* trial testimony under Rule 804.

*First*, Mr. Berger would be unavailable under Rule 32(a)(4)(B), which provides that a witness is unavailable if he is more than 100 miles from the trial location and his absence was not procured by the party offering his deposition.  Mr. Berger lives in Indiana, which is "more than 100 miles from the place of…trial," and

Defendants did not procure his absence. Given his age, time spent in the litigation thus far, and that he is retired, Mr. Berger decided to end his consultancy agreement with Defendants. Because Mr. Berger no longer has any employment or agency relationship with Defendants and has refused to travel to Florida for future in-person trials, Rule 32(a)(4)(B) is satisfied. *See Fletcher*, 895 F.3d at 1020 & n.9; *A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 Fed. App'x 649, 654-57 (10th Cir. 2014) (finding no error where trial court in Denver permitted defendant to play deposition testimony of its former employee who had moved to Georgia); *Reynold v. Am. Airlines, Inc.*, 2017 WL 5613115, at *4 (E.D.N.Y. Nov. 21, 2017) (denying plaintiff's request to preclude defendant from introducing deposition testimony of a former employee who resided more than 100 miles away from the trial site); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 562 (N.D. Ala. 2009) (granting plaintiff's motion to present deposition testimony of both its former and current employees who resided more than 100 miles from the courthouse).

*Second*, Mr. Berger would be unavailable under Rule 32(a)(4)(D) on the independent ground that—because of Judge Jones' Order—Defendants are unable to secure his remote testimony via subpoena.³ *See Berger v. 3M Company*, Dkt. 5

---

³ While Defendants have not moved to subpoena Mr. Berger for remote testimony under the combination of Rules 43 and 45, especially given their continued objection as the properness of such a procedure, *see Baker* Dkt. 122 at 7-

9

at 6-7. Not only does Mr. Berger live in Indiana, he also is not employed and does not regularly transact business within 100 miles of the courthouses in Pensacola, Tallahassee, or Gainesville. As a result, Defendants cannot subpoena him under Rule 45. Nor could Defendants subpoena him for remote testimony under Rule 43 since Judge Jones has already ruled that any Rule 43 request by Defendants would be "denied." *Berger v. 3M Company*, Dkt. 5 at 6. Because Rule 32(a)(4)(D) is disjunctive, Defendants' inability to subpoena Mr. Berger provides an independent ground for finding that he is unavailable, which would entitle Defendants to introduce his fact deposition testimony.

    *Third*, and for similar reasons, Mr. Berger would be unavailable under Federal Rule of Evidence 804(a)(5)(A), which provides that a witness is unavailable if the party offering his prior testimony could not secure his attendance at trial by process or other reasonable means. Again, Defendants did not "procure[] or wrongfully cause[]" Mr. Berger's unavailability as a witness at trial, nor could they reasonably secure it given Mr. Berger's refusal to travel to Florida. Having satisfied the unavailability requirement, Defendants would then easily be able to demonstrate the requirements under Rule 801(b)(1) for introducing former sworn testimony.

---

10 and MDL Dkt. 2222 at 7 n.3, such an effort would be futile. *See Berger v. 3M Company*, Dkt. at 6.

Specifically, there can no question that Berger's prior testimony was given at lawful depositions and trials, and that Plaintiffs had a similar opportunity and motive to develop his testimony on those occasions. Therefore, Defendants should be entitled to introduce both Mr. Berger's prior deposition and trial testimony.

Allowing both the November 21 and November 22 Orders to stand intact would not only be contrary to the applicable Rules of Civil Procedure and Evidence, it would also result in extreme prejudice as Defendants are currently precluded from introducing Mr. Berger's testimony if he does not travel to Florida and if Plaintiffs do not call him remotely. As Judge Jones noted, Mr. Berger "is and has been from the outset, a key witness for both parties" and he plays a "key role…in resolving these cases." *See* MDL Dkt. 2246 at 9, 12. The very purpose of Federal Rule of Civil Procedure 32 is to allow for the introduction of deposition testimony of an unavailable witness at trial as though the witness were on the stand. Federal Rule of Evidence 804(b)(1) more broadly allows for *any* prior sworn testimony to be introduced when the witness cannot attend trial. Depriving Defendants of the ability to introduce to the jury Mr. Berger's testimony will place them at an unfair advantage and subject to the gamesmanship of Plaintiffs.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully object to the Magistrate Judge's November 22, 2021 Order and seek reconsideration of this Court's November 21, 2021 Order.  Defendants request that this Court amend either Order, or both, as to not create a *per se* bar on their ability to introduce Mr. Berger's previous deposition and/or trial testimony.  Should Plaintiffs not subpoena Mr. Berger in one of the above-captioned trials, and should Mr. Berger refuse to appear voluntarily, Defendants would be able to make a showing of unavailability under Rule 32(a) and/or Rule 804(b) such that his previous testimony would be admissible.

Dated:  December 7, 2021

Respectfully submitted:

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome

                DECHERT LLP
                633 W. 5th St., Suite 4900
                Los Angeles, CA 90071
                Telephone: (213) 808-5762
                kimberly.branscome@dechert.com

                *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F) counsel for Defendants certify that this memorandum contains 2,608 words.

Dated:  December 7, 2021

Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 7th day of December 2021, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

December 7, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Robert C. Brock*
　　　　　　　　　　　　　　　　　　Robert C. "Mike" Brock
　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　Telephone: (202) 389-5991
　　　　　　　　　　　　　　　　　　mike.brock@kirkland.com

　　　　　　　　　　　　　　　　　　*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*