CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court

By _____Donna Bizzile_____
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2885

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the Northern District of Florida for inclusion in MDL No. 2885 or, alternatively, to stay our decision on the motions until the District of Minnesota rules on their motions to remand to state court. Defendants 3M Company and Aearo Technologies, LLC, oppose the motions to vacate.

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2885, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2885 arise out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Plaintiffs in the MDL No. 2885 actions also allege that defendant Aero falsified test results for the earplugs and used modified fitting instructions that provided more protection to users, but that those instructions were not disclosed to plaintiffs. Like plaintiffs in the MDL No. 2885 actions, plaintiffs in the actions now before the Panel allege that (1) the flanges on Combat Arms earplugs fold back when used as instructed, loosening the seal in the ear canal of the user; (2) the testing of the earplugs revealed a proper method of insertion that was not communicated to users; and (3) consequently, plaintiffs suffer from hearing loss and/or tinnitus. The actions thus squarely fall within the ambit of MDL No. 2885. As we held in transferring five similar actions over plaintiffs' objections, these failure-to-warn claims are similar to those alleged in the MDL No. 2885. *See* Transfer Order, MDL No. 2885, ECF No. 1121, at p. 1 (J.P.M.L. Feb. 4, 2021).

In opposing transfer, plaintiffs argued only that federal jurisdiction is lacking, citing rulings in the District of Minnesota and the MDL No. 2885 transferee court.[1] Since the conclusion of

---

[1] *See, e.g., Graves v. 3M Company*, C.A. No. 19-3094, 2020 WL 1333135 (D. Minn. Mar. 23, 2020); *Trail v. 3M Company*, C.A. No. 20-01153, 2020 WL 4193868 (D. Minn. Jul. 21, 2020); *Copeland, et al. v. 3M Co., et al.*, C.A. No. 0:20-01490, 2020 WL 5748114 (D. Minn. Sept. 25, 2020); *Sultan v. 3M Co., et al.*, C.A. No. 0:20-01747, 2020 WL 7055576 (D. Minn. Dec. 2, 2020); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 474 F. Supp. 3d 1231 (N.D. Fla. 2020).

FILED USDC FLND PN
DEC 8 '21 AM10:26

briefing, the Eighth Circuit issued its ruling affirming in part and reversing in part remand of similar actions to Minnesota state court, finding that actions alleging only failure to warn claims should remain in state court where plaintiffs acquired Combat Arms earplugs commercially and are properly in federal court where plaintiffs acquired them through the military. *See Graves v. 3M Co.*, ___ F.4th ___, 2021 WL 4888617 (8th Cir. Oct. 20, 2021). Subsequently, plaintiffs in each of these actions withdrew their motions for remand to state court, thereby eliminating their sole basis for opposing transfer. *See, e.g.*, Notice of Withdrawal of Motion, *Aitken, et al. v. 3M Co., et al.*, C.A. No. 0:21-cv-01758-JRT-KMM, ECF No. 14 (D. Minn. Nov. 15, 2021).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2885

## SCHEDULE A

<u>District of Minnesota</u>

AITKEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21–01758
ALLGOOD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21–01767
WALLACE v. 3M COMPANY, ET AL., C.A. No. 0:21–01909