# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to:<br>*Finley*, 7:20-cv-00170<br>*Montero*, 7:20-cv-00067<br>*Sloan*, 7:20-cv-00001<br>*Stelling*, 7:20-cv-00143<br>*Wayman*, 7:20-cv-00149 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 72 OBJECTION TO THE MAGISTRATE JUDGE'S NOVEMBER 22, 2021 ORDER AND MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 21, 2021 ORDER**

## BACKGROUND

Two months ago, Plaintiffs moved to authorize remote testimony from witnesses Elliott Berger and Brian Myers. *MDL*, Dkt. 2190. Magistrate Judge Jones conducted a telephonic hearing to address that motion, along with Berger's Motion to Quash/for a Protective Order, which was filed in a separate miscellaneous action. *Berger*, Dkt. 1. Plaintiffs' Motion was granted, and Berger's was denied: Plaintiffs were explicitly permitted to subpoena Berger and Myers for remote live testimony in the enumerated bellwether cases. The order denying Berger's motion to quash was entered on the Master Docket and *Berger* docket on October 28, 2021. *See MDL,* Dkt. 2247; *Berger,* Dkt. No. 2.

Shortly thereafter, Berger filed a motion on the *Berger* docket seeking reconsideration or clarification of Magistrate Judge Jones' order. *Berger*, Dkt. 3. No parallel motion or objection was lodged on the Master Docket or in any of the individual bellwether dockets. On November 22, 2021, Judge Jones entered an order clarifying his prior order and again denying Berger's motion. *Berger*, Dkt. 5.

Non-party Berger filed an objection to that order and requested referral to the District Judge. *Berger*, Dkt. 6. The Court ordered that all responses to the objection and requested referral be filed by noon on December 3, 2021, due to the impending bellwether trial dates. Notably, Defendants did not file an objection to the original order on the motion to quash, *Berger*, Dkt. 2, or the order denying

1

reconsideration, *Berger*, Dkt. 5; nor did they file a response to Berger's most recent objection, *Berger*, Dkt. 6, by December 3, as ordered by the Court. Plaintiffs, however, timely filed their response. *Berger*, Dkt. 10.

Additionally, on November 21, 2021, this Court entered the order resolving Plaintiff Carter Stelling's motion in limine to exclude untimely affirmative designations of trial testimony of Elliott Berger by Defendants. *MDL*, Dkt. 2300.

Defendants now object to the Magistrate Judge's November 22, 2021 Order, *Berger*, Dkt. 5, which has already been reviewed and approved by this Court, *Berger*, Dkt. 11, and they move for reconsideration of the November 21, 2021, order of this court, *MDL*, Dkt. 2300. The issues addressed in the underlying Orders has been briefed, heard, and ruled upon multiple times over. Additionally, Defendants failed to file their objection to in the miscellaneous matter in which the underlying order was entered, in violation of Rule 72. The Court should decline to consider Defendants' objection due to Defendants' failure to file their objection in accordance with the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

When reviewing a nondispositive order of a magistrate judge, courts will only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clear-error standard of review is "highly deferential." *Holton v. City of Thomasville*

*Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" only if, despite evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A magistrate judge's order "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). In short, when reviewing a nondispositive pretrial order, courts afford "broad discretion" to the magistrate judge. *Id*.

This Court has repeatedly recognized the high standard for a motion for reconsideration. *See, e.g.*, MDL Dkt. 1725 at 1-2; *see also*, *Berger*, Dkt. 5 at 3-5.

## ARGUMENT

### I. There is no basis to amend the underlying orders because Defendants cannot demonstrate Berger's unavailability.

First, Defendants have not demonstrated any failure of Mr. Berger to appear for live testimony, nor have they moved to authorize Mr. Berger's remote testimony under Rule 45, and so they have no basis to claim unavailability under any analysis. Absent any attempt to seek leave to serve Mr. Berger with a subpoena, there is not any issue warranting review.

Defendants claim that such an effort would be "futile," and that Mr. Berger "refuses" to appear voluntarily on behalf of the Defendants. Obj. at 9. To substantiate these representations, Defendants cite only a filing establishing Mr.

3

Berger's termination. Obj. at 7. Defendants have not provided any documentation of his termination of consultancy or any terms related thereto. In the past, Defendants have had no issue procuring Mr. Berger's live testimony. And even now, as recent as December of 2021, Defendants are paying him $500/hour to prepare for his testimony, increased from $400/hour. Ex. A (Hrg.Tr. (Dec. 9, 2021) at 22:19- 23:1). Similarly, in December of 2021, Defendants' retained expert Dr. James Crawford testified that he increased his fee from $350/hour to $650/hour. Ex. B (Hrg.Tr. (Dec. 14, 2021) at 94:19-24).

Amending the prior orders in anticipation of allowing Defendants to submit Mr. Berger's prior deposition and trial testimony as requested would be error. Defendants cannot now claim Mr. Berger is unavailable, especially based only upon the representation that he plans to refuse travel to Florida for future in-person trials.

Pursuant to Rule 32(a)(4), a witness is unavailable if the court finds: (A) the witness is dead; (B) the witness is more than 100 miles from the place of trial or is outside the United States, **unless it appears that the witness's absence was procured by the party offering the deposition**, (C) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment, (D) the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the

interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. Fed. R. Civ. P. 32(a)(4)(A)–(E) (emphasis added).

Defendants' Objection also cites Federal Rules of Evidence Rule 804. Obj. at 7. A witness is not "unavailable" within the meaning of Fed. R. Evid. 804(a)(1-5) where the declarant is unavailable, unless the moving party makes a good-faith effort to obtain the witness' presence. *See United States v. Winn*, 767 F.2d 527, 530 (9th Cir. 1985) (citing *Ohio v. Roberts*, 448 U.S. 56, 74(1980)); *see also United States v. Mann*, 590 F.2d 361, 364 (1st Cir. 1978) ("Under this rule permitting use of deposition at trial where witness was unavailable, even where absent witness is beyond court's jurisdiction government must show diligent effort on its part to secure witness' voluntary return to testify, and effort must be genuine and bona fide.").

This is especially true here, where the witness is a former employee and has only recently terminated his consultancy. *See Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) (holding that the requirement of attempt to secure voluntary attendance of witness who lives beyond subpoena power of court is particularly appropriate when dealing with testimony of expert witnesses whose earlier attendance was secured by voluntary arrangements); *see also Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *2 (D. Del. Jan. 13,

5

2000) (excluding expert testimony from prior action because "[t]here is nothing in the record to indicate that ARA has made any effort to secure Mr. Wise's attendance at trial or has even contacted Mr. Wise to offer him his usual expert witness fee, and request his attendance at trial").

## II. Defendants' objection should be overruled because live testimony is superior to deposition testimony.

It is well established that presenting live testimony in open court is far preferable to asking jurors to decide lawsuits based on deposition testimony. When deciding whether to use deposition testimony at trial, courts should give "due regard to the importance of live testimony in open court." Fed. R. Civ. P. 32(a)(4)(E); *see also* Fed. R. Evid. 804, advisory committee notes, subdivision (b) ("testimony given on the stand in person is preferred"). "There is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness. As Judge Learned Hand stated, '[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'" *United States v. Int'l Bus. Machs. Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (quoting *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939)).

As the Fifth Circuit stated, "[i]n both civil and criminal cases, our common law heritage has always favored the presentation of live testimony." *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977). The Second Circuit similarly

recognized the preference for "oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness." *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972); *see Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996) (Posner, J.) (affirming district court's decision to preclude use of deposition at trial in light of the "strong preference" for live testimony). Thus, "[d]epositions . . ., even when videotaped, are no substitute for live testimony." *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994).

Here, each Plaintiff's strategy at trial is necessarily independent from another, and Mr. Berger's testimony is central to the issues of each case. It would be inaccurate to claim that testimony from deposition or prior trials would be sufficient because, as the Court has determined, Mr. Berger has made new admissions as he continues to testify in the bellwether trials, which substantially alter his former testimony. *See Berger*, Dkt. 2 at 4.

This is not a new issue, nor is it an unintended consequence. It was explicitly addressed in the underlying order:

> 3M retained Berger as a consultant in this MDL and paid him hundreds of thousands of dollars for his time meeting with them and consulting on what has turned out to be pivotal issues in the case concerning the development and testing of the CAEv2. While the Court recognizes that the motion to quash was filed by Berger's counsel, and not by 3M, that does little, if anything, to change the optics that Berger has been one of, if not the key consultant and

7

primary witness, for their defenses to the claims in these MDL proceedings. Indeed, Berger was designated as 3M's 30(b)(6) witness during the discovery process on a whole host of issues. **Thus, if 3M wants to present Berger's testimony they must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely.**

*Berger*, Dkt. 5 at 6-7 (emphasis added).

Defendants' fail to support their claims. They have in no way demonstrated that Defendants could not secure his attendance at trial by process or other reasonable means. Most importantly, the Court has ordered that if Defendants seek to present Mr. Berger's testimony they must do so live or may do so on so on cross-examination in the Plaintiff's case. The law has not changed, there is nothing new from an evidentiary perspective offered by Defendants, and there is no argument that the Court committed clear error.

I.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Rule 72 Objection to the Magistrate Judge's November 22, 2021 Order and Motion For Reconsideration of this Court's November 21, 2021 Order.

Date:  December 20, 2021

Respectfully submitted,

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
***Plaintiffs' Lead Counsel***

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
***Plaintiffs' Co-Lead Counsel***

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
***Plaintiffs' Co-Lead Counsel &***
***Counsel for Plaintiff Carter Stelling***
***Counsel for Plaintiff William Wayman***

Russell W. Endsley
Texas State Bar No. 24026824
Roger L. Turk
Texas State Bar No. 00788561
THOMAS J. HENRY LAW, PLLC
521 Starr Street
Corpus Christi, TX 78401
361-985-0600
361-985-0601 (fax)
Rwe.3m@thomasjhenry.com
Rlt.3m@thomasjhenry.com
***Counsel for Plaintiff Theodore Finley***

Nicole Berg
Illinois State Bar No. 6305464
(Admitted Pro Hac Vice)
KELLER LENKNER, LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
312-741-5220
ncb@kellerlenkner.com
***Counsel for Plaintiff Carlos Montero***

Muhammad S. Aziz
(Admitted Pro Hac Vice)
Texas Bar No. 24043538
ABRAHAM WATKINS NICHOLS, AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, TX 77055
713-222-7211
713-225-0827 (fax)
jdean@abrahamwatkins.com
***Counsel for Plaintiff Ronald Sloan***

## **CERTIFICATE OF COMPLIANCE**
## **WITH LOCAL RULES 7.1(F)**

I hereby certify that this memorandum complies with the word limit of Local Rules 7.1(F) and contains 1,934 words.

<em>s/ Bryan F. Aylstock</em>

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*