## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS                          Case No. 3:19md2885
EARPLUG PRODUCTS
LIABILITY LITIGATION

                                                      Judge M. Casey Rodgers
This Documents Relates to:                      Magistrate Judge Gary R. Jones
*Sloan,* 7:20cv1
*Wayman*, 7:20cv149

_____

## OBJECTION AND MOTION TO QUASH

      COMES NOW, Elliott Berger ("Berger") by and through his below signed counsel, pursuant to Federal Rule of Civil Procedure 45 and objects and moves to quash the Subpoena *duces tecum* directed to him served December 22, 2021 at 1:57 pm CST for production of voluminous documents no later than December 27, 2021 at 10 am CST because compliance with the *duces tecum* request is directed more than 100 miles from Berger's residence, and the *decus tecum* request directed to a non-party is unreasonable, not authorized under this Court's Order (Case 2885 ECF No. 116) scheduling an evidentiary hearing on Wednesday, December 29, 2021 at 10 am EST, and is not proportionate to the matter at issue. In support thereof, Berger states as follows:

<u>PERTINENT FACTS</u>

1.      On Wednesday, December 22, 2021 an Order (Case 2885 ECF No. 116 "Order") was entered scheduling an evidentiary hearing to resolve "whether Mr. Berger is unavailable". The Order (Case 2885 ECF No. 116) provides:

        a.      To resolve this issue, the Court will require Berger to testify at the hearing;

        b.      Berger may testify remotely via zoom if he wishes to do so;

        c.      If Berger does not want to appear live and will not appear voluntarily by remote means, Plaintiffs may issue a subpoena for Berger to appear remotely at a location within 100 miles of his residence; and

        d.      Berger's counsel must attend the hearing.

2.      On December 22, 2021 at 4:50 pm CST counsel for Plaintiffs inquired of the undersigned counsel whether Berger would appear voluntarily. At that time, the undersigned was not yet aware of the Order.

3.      On December 22, 2021 at 6:03 pm CST counsel for Plaintiffs forwarded the docket text of the Order to counsel for Berger.

4.      On December 22, 2021 at 6:11 pm CST counsel for Berger confirmed to counsel for Plaintiffs that this was the first he had heard of the Order,

that he has two depositions in another case on December 29, 2021, that he would talk with Berger and hopefully be in touch in the following day.

5.     Within less than 14 hours, on December 23, 2021 at 1:57 pm CST, Plaintiffs served a Subpoena to appear and testify with a *duces tecum* request for documents on Berger ("Subpoena"), a true and correct copy of which, including the return of service, is attached hereto as Exhibit A.

6.     On December 23, 2021 at 3:24 pm CST, less than 24 hours after first hearing of the Order, the undersigned counsel confirmed to counsel for Plaintiffs that Berger would voluntarily appear and testify remotely via zoom and that accordingly, the Subpoena was not necessary.

7.     Immediately thereafter, on December 23, 2021 at 3:28 pm CST, Plaintiffs' counsel responded that he expected the *duces tecum* request to be fully complied with.

8.     A couple of minutes later, on December 23, 2021 at 3:30 pm CST, Plaintiffs' counsel further said that "we should discuss location" in addition to Berger providing the documents subject to the *duces tecum* request.

9.     On December 23, 2021 at 3:30 pm CST Berger's counsel responded that the Subpoena *duces tecum* was not necessary and was not contemplated by the Order. Counsel for Berger further said that it is unreasonable to insist on such production over Christmas and on short notice, and that he objects!

10.    On December 24, 2021 at 10 am CST counsel for Berger, counsel for Plaintiffs, Judge David R. Herndon, and others participated in a meet and confer conference call. There was no agreement.

MEMORANDUM OF LAW

Pursuant to Federal Rule of Procedure 45(d)(2)(B), Berger objects to the Subpoena served on him and the Subpoena should be quashed for the reasons set forth below.

First, the timing of the *duces tecum* request is unreasonable in that Berger and his counsel have been afforded approximately 6 business hours (that are not a holiday or a weekend) to comply with the *duces tecum* request. Fed. R. Civ. Pro. 45(d)(3)(A)(i); *Brooks v. Westrock Services LLC*, 2021 WL 4987163 *3 (N.D. Fla. 2021) (finding a subpoena for documents directed to a non-party failed to provide a reasonable time to comply and citing *Cone v. Vortens, Inc.*, No. 4:17-CV-1-ALM-KPJ, 2018 WL 295417, *1 (E.D. Tex. Jan. 4, 2018) for the proposition that a subpoena served on December 12, 2017, with a compliance deadline of January 8, 2018, failed to provide a reasonable time to comply in light of the holiday season).

Second, Plaintiffs have required compliance with their document demand in Pensacola, Florida which is more than 100 miles away from Berger's residence. Fed. R. Civ. Pro. 45(d)(3)(A)(ii); *Brooks v. Westrock Services LLC*, 2021

WL 4987163 *4 (N.D. Fla. 2021) (finding a subpoena that requires the production of documents more than 100 miles away is not valid under Rule 45(c)(2)(A)).

Third, the Order does not contemplate a subpoena unless Berger does not agree to appear. Case 2885 ECF No. 116. The Order certainly does not contemplate a subpoena *duces tecum* if Berger does agree to appear. <u>Berger agreed to appear</u>.

Fourth, as set forth in the Order, the sole issue to be resolved at the hearing is "whether Mr. Berger is unavailable". As shown in Exhibit A, the documents requested are replete with attorney-client privilege, co-defense privilege, and the work product doctrine/privilege issues, all of which must be worked through and addressed prior to any response or production of documents. Berger is not required to disclose privileged or otherwise protected information and review of these issues in approximately 6 business hours is an undue burden on Berger and his counsel. Fed. R. Civ. Pro. 45(d)(3)(A)(iii)-(iv).

The documents sought by Plaintiffs go far beyond and have nothing to do with Berger's "availability" and are not relevant or proportional to that issue. Fed. R. Civ. Pro. 26(b)(1).

Finally, it is undisputed that Berger is not a party to this case and is not a resident of Florida. Federal Rule 43 contemplates non-party testimony at trial (not at a non-trial evidentiary hearing). Despite this, Berger has agreed to appear remotely

via zoom. Berger's counsel has, albeit at a huge inconvenience, and possibly to the prejudice of another client, re-arranged his schedule to appear.

CONCLUSION

Berger's objection should be sustained and the Subpoena *duces tecum* should be quashed for at least the foregoing reasons.

Respectfully submitted,

/s/ Philip A. Bates
PHILIP A. BATES
Florida Bar No. 228354
CAROL A. RUEBSAMEN
Florida Bar No. 380946
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550 (32502)
Post Office Box 1390
Pensacola, FL 32591-1390
Telephone: (850) 470-0091
Telecopier: (850) 470-0441
pbates@philipbates.net
cruebsamen@philipbates.net
lgrove@philipbates.net
Attorneys for Elliott Berger, individually

## **NOTICE OF COMPLIANCE WITH RULE 7.1(B)**

Pursuant to Local Rule 7.1(B) & (C), the undersigned counsel certify that they attempted in good faith to resolve the issue raised in this Objection Motion to Quash through a meaningful conference with Bryan F. Aylstock, lead counsel for Plaintiff.  The communication was by a meet and confer with Mr. Aylstock and others on December 24, 2021 at 10:00 am CST.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), I certify that this Motion for Protective Order is in compliance with the Court's word limit. According to the word processing program used to prepare this document, the document contains less than 1305 words, exclusive of the case style, signature block, and this certification.

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Philip A. Bates
PHILIP A. BATES