**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: *Sloan*, Case No. 7:20-cv-00001 *Wayman*, Case No. 7:20-cv-00149 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**PLAINTIFFS' EMERGENCY MOTION TO COMPEL THIRD-PARTY**</u>
<u>**DISCOVERY**</u>

Plaintiffs respectfully submit this Memorandum of Law in support of their Emergency Motion to Compel Elliot Berger's Compliance with Plaintiffs' Subpoena. Plaintiffs have designated this as an Emergency Motion, pursuant to Local Rule 7.1(L) because documents sought by this Motion will be used during the evidentiary hearing scheduled for this Wednesday, December 29, 2021. The Clerk's Office will be notified orally of this Motion.

## SUMMARY OF THE ISSUES

On October 8, 2021, Plaintiffs requested authorization of the remote testimony of Elliott Berger for the upcoming bellwether trials. ECF No. 2190. Both Berger and 3M opposed that Motion, and Berger sought a protective order preventing him from testifying further – either live or by remote means – in this litigation. Plaintiffs' Motion was referred to Magistrate Judge Jones, who ultimately

granted Plaintiffs' Motion on October 28, 2021. ECF No. 2247. Berger then filed an Objection, Motion for Rehearing and/or Motion for Clarification to the October 28 Order, which Judge Jones denied on November 22, 2021. *See Berger v. 3M Company*, ECF No. 5. Additionally, on the day before Judge Jones ruled on that Motion, November 21, 2021, the Court held that neither party could introduce Berger's prior trial testimony because there had been no demonstration that Berger was unavailable. ECF No. 2300.  Following both of those Orders, 3M filed a Rule 72 Objection to the Magistrate Judge's November 22, 2021 Order and Motion for Reconsideration of this Court's November 21, 2021 Order, ECF No. 2330, which was also referred to Judge Jones.

Then, on December 22, 2021, Judge Jones scheduled an evidentiary hearing to take place this Wednesday, December 29, 2021 on the issue of whether Berger was unavailable for the upcoming *Sloan/Wayman* trial. ECF No. 2357. In response to the scheduling of that evidentiary hearing, Plaintiffs contacted Berger's counsel, and when they received no immediate response, subpoenaed Berger to appear and testify at the hearing, by remote means, and to produce the documents listed in Schedule A of the subpoena.

Counsel for Plaintiffs and Counsel for Berger conferred on the issues presented in the subpoena.  *See* B. Aylstock, P. Bates, et al. Email Exchange, attached as Exhibit A. Because Berger agreed to testify remotely at the evidentiary

hearing, the main outstanding issues relate to the documents requested in Schedule A of the subpoena. Plaintiffs believe those documents directly relate to whether Berger is under 3M's control and thus, whether he should be considered "unavailable" to testify at the January trial. Further, while Berger's counsel requested that he attend the hearing via Zoom at his home, this presented logistical issues that would be better served by him attending the remote location used by Berger at his appearances for trial or some other location which would avoid any technical issues.

Plaintiffs repeatedly made clear that they do not seek communications between Berger and Mr. Bates when he was represented by Mr. Bates, nor communications between Berger and the 3M legal team when Berger was represented by the 3M legal team. Instead, Plaintiffs seek communications during the time period when Berger was not represented by 3M's legal team or Mr. Bates, as those communications are responsive and not privileged. *See* Exhibit A.  Indeed, as the issue to be determined by the Court is whether or not Mr. Berger is "unavailable" to 3M and/or its legal team for purposes of trial, these communications and other requested documents would clearly assist the Plaintiffs' in their preparation for the hearing, and most likely be helpful to the Court in making its factual finding

For the reasons stated herein, Plaintiffs request that this Court enter an order compelling Elliott Berger to produce all non-privileged documents that are responsive to Plaintiffs' Request for Production of Documents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 "permits a party to procure discovery from a non-party through the issuance and service of a subpoena." *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008). That rule further provides that if objections are made, "the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(I). Additionally, "it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Thompson v. Cincinnati Ins. Co.*, No. 3:10CV318 RS EMT, 2010 WL 4667100, at *4 (N.D. Fla. Nov. 9, 2010). Therefore, "a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Id.* (citing *Commissariat A L'Energie Atomique v. Samsung Elec. Co.*, No. 8:06mc44/T–30TBM, 2006 WL 5003562, at *2 (M.D.Fla. June 14, 2006)).

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery

4

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Finally, "the overall purpose of discovery under the Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Thompson v. Cincinnati Ins. Co.*, No. 3:10CV318 RS EMT, 2010 WL 4667100, at *4 (N.D. Fla. Nov. 9, 2010) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)).

## ARGUMENT

### I.     The Timing of Plaintiffs' Subpoena *Duces Tecum* was Reasonable.

Fed.R.Civ.P. 45 requires subpoenas allow a "reasonable time" to comply. The rules, however, do not specify what is considered a reasonable time. Instead, "courts make the determination of reasonableness on a case-by-case basis, considering the factors at work in the given case." *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-DIMITROULEA, 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009). Considering the factors at work in this case is especially important given the speed at which this litigation is moving and the fact that trial is scheduled to start for *Sloan/Wayman* in only two weeks.

Here, Plaintiffs served the subpoena on the day following the entry of Judge Jones's Order scheduling the evidentiary hearing for Wednesday, December 29,

2021. Further, the subpoena requested compliance only 48 hours prior to the start of the hearing. As discussed throughout this Motion, Plaintiffs believe that receipt of those documents are necessary to conduct a productive evidentiary hearing on Berger's availability to testify at trial. Moreover, Plaintiffs spoke to counsel for Mr. Berger on December 24, 2021. Following that phone call, Plaintiffs' counsel suggested two options for accommodating the tight timeline of the request. First, Plaintiffs suggested that the Parties jointly request that the evidentiary hearing be moved by a day or two. Second, Plaintiffs suggested that if the Parties agreed on what was to be produced, we could extend the time to 4:00PM on Tuesday, December 28, 2021 – less than 24 hours before the scheduled hearing. Counsel for Berger refused to consider either of these options and instead simply objected to the timeliness of the subpoena, without offering any specific reason why a search for the requested documents could not be produced in the allotted time.

## II. Because Berger "need not appear in person at the place of production" the 100-mile limitation is inapplicable.

Berger also argues that because Pensacola, Florida is more than 100 miles away from Berger's residence, the subpoena is invalid. While, the Eleventh Circuit has not clearly addressed this issue, many courts within this Circuit have held that the 100-mile limitation of Fed.R.Civ.P. 45(c)(3)(A)(ii) "was intended to apply to nonparty persons subpoenaed to testify or appear, and to corporate officers required to deliver documents in person." *Trigeant Ltd. v. Petroleos De Venezuela, S.A.*, No.

08-80584-CIV, 2009 WL 10668731, at *3 (S.D. Fla. May 5, 2009); *Trahan v. Sandoz Inc.*, No. 3:13-CV-350-J-34MCR, 2014 WL 12628614, at *3 (M.D. Fla. July 23, 2014) (refusing to quash the subpoena because the person need not appear in person at the place of production and instead directing plaintiffs to make appropriate arrangements for shipment of the materials). Courts outside the Eleventh Circuit have also taken this approach.

Here, Berger need not appear in person for the production of documents. The subpoena expressly allows production via email. Moreover, Berger's counsel is located in Pensacola, Florida, eliminating any burden argument.  Plaintiffs also informed counsel for Berger that production of the documents at the location listed for Berger to appear for his deposition was also acceptable for the production of documents, should he decide against production via email. As such, the argument the place of production was more than 100 miles from Berger's residence is not persuasive.

### III.    The documents requested are relevant to the hearing on whether Berger is unavailable.

Finally, Berger argues that Plaintiffs' subpoena *duces tecum* does not comply with Judge Jones's Order. As to Berger's first point: while the Order did not contemplate a subpoena *duces tecum*, it also clearly did not prohibit a subpoena *duces tecum* in the event Berger agreed to appear, nor did it in any way suspend the Federal Rules of Civil Procedure.  Moreover, the documents Plaintiffs requested are

directly relevant to the issue Berger's availability for the Sloan and Wayman trials, the central issue at the upcoming hearing. For example, Plaintiffs request documents related to the payment and retention of Phillip Bates, which is relevant because 3M paying for Mr. Bates to represent Berger may indeed bear upon 3M's control over Berger. *See* Elliott Berger Subpoena to Appear and Testify at a hearing or Trial in a Civil Action, Exhibit B at pg. 3-4. Likewise, Plaintiffs seek any written joint defense agreement / common interest privilege agreement because communications between Mr. Berger and the 3M legal team after the termination of his consulting agreement would only be privileged to the extent Berger and/or 3M can demonstrate the privilege applies – such as by providing such an agreement. *Id.*; *Sec. & Exch. Comm'n v. Rashid*, 2018 WL 6573451, at *2 (S.D.N.Y. Dec. 13, 2018).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order compelling Elliott Berger to produce all non-privileged documents that are responsive to Plaintiffs' Request for Production of Documents, and to do so in advance of the evidentiary hearing scheduled for December 29, 2021.

Dated: December 27, 2021          Respectfully Submitted,

*s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
**Plaintiffs' Lead Counsel**

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
**Plaintiffs' Co-Lead Counsel**

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
**Plaintiffs' Co-Lead Counsel &
Counsel for Plaintiff William Wayman**

> Muhammad S. Aziz
> (Admitted Pro Hac Vice)
> Texas Bar No. 24043538
> ABRAHAM WATKINS NICHOLS, AGOSTO,
> AZIZ & STOGNER
> 800 Commerce Street
> Houston, TX 77055
> 713-222-7211
> 713-225-0827 (fax)
> jdean@abrahamwatkins.com

> ***Counsel for Plaintiff Ronald Sloan***

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I caused the foregoing Memorandum of Law to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Bryan F. Aylstock

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the conference requirement pursuant to the Court's Local Rule 7.1(B).

## CERTIFICATE OF WORD COUNT

I hereby certify that this memorandum complies with the word limit of Local Rules 7.1(F) and contains 1,673 words.