UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Documents Relates to: | Magistrate Judge Gary R. Jones |
| *Sloan,* 7:20cv1 | |
| *Wayman*, 7:20cv149 | |

_____

**ELLIOTT BERGER'S RESPONSE TO
SUBPOENA AND PRIVILEGE LOG**

COMES NOW, Elliott Berger ("Berger"), by and through his below signed counsel, in response to this Court's Order of December 28, 2021 [Case 2885, ECF No. 2364] ("Order") and files this Response to Subpoena dated December 23, 2021 ("Subpoena") and Privilege Log. In Response to the Items requested in the Subpoena, counsel for Berger states as follows.

1. As to Item 1, the consulting agreement dated August 5, 2019 has been produced and Berger is unaware of any written termination of the same.

2. As to Item 2, the engagement letter of Philip A. Bates, P.A. ("Bates") has been produced.  Bates engaged in communication with 3M regarding ceasing his retention due to the timeliness of payment, but has not interpreted this Item to include such communication.

3. As to item 3, Mr. Berger has not paid Bates and so there are no documents related to Mr. Berger's payment of Bates.

4. As to Items 4 and 6, which seek all documents between Berger and 3M or its counsel from his retirement to present or following his retirement, Mr. Berger retired from 3M in August 2018, and at some point subsequent thereto he was the 30(b)(6) representative of 3M. As a result, his communication with Kirkland & Ellis and 3M was in the capacity as the corporate representative of 3M and thus, privileged.

Upon information and belief, that communication was on a lap top computer which was disconnected in October, 2021. Berger no longer has access to 3M email or 3M servers and has, as of this Response, been unable to retrieve said communications. In order to do so, he will have to attempt to copy each communication to a USB drive to export them in a one-at-a-time process. Berger estimates there are approximately 400 emails related to this litigation and a larger file of 5000 documents that will have to be searched for relevant emails, and then reviewed for privilege. While, those emails and documents may exist on the 3M server, Berger no long has access to the 3M server. As the undersigned files this, Berger's effort is continuing.

Further, Kirkland & Ellis engaged Mr. Berger as a consultant for 3M in August 2019 under an agreement which required confidentiality and Kirkland &

Ellis commenced representation of him on October 31, 2019 under an agreement which contained a joint defense or common interest privilege. Pursuant to the Order:

> Berger is not required to produce documents containing communication between 3M's counsel and Berger during the time period when 3M says its counsel represented Berger. As to whether some communications may be protected by the joint representation privilege or are subject to common interest doctrine, to the extent Berger (and/or 3M) intends to assert these privileges he (they) should do so in a privilege log as required by the Rule . . .

Berger has supplied October 2021 and after emails from an email account he converted for use for this litigation to the undersigned counsel. Those emails contain in excess of 130 email conversations, many of which have attachments, and which may include Kirkland & Ellis or reference 3M, from October 11, 2021 to December 28, 2021. Those emails and attachments have been provided to Kirkland & Ellis for review as to privilege, and some of them may contain email communication that include Bates. Berger is not hereby or thereby waiving the attorney-client privilege as to Bates, nor the concession in Plaintiff's Motion that, "Plaintiffs repeatedly made clear that they do not seek communication between Berger and Mr. Bates when he was represented by Mr. Bates." [Case 2885, EFC No. 2361, p. 3].

        5.    As to Item 5, Berger has produced the Agreement dated October 31, 2019.

6. As to item 7, Berger has produced the October 31, 2019 agreement.

7. Since Mr. Berger does not have access to the 3M server, he is unable to provide the undersigned counsel with additional documents in order to create a more specific privilege log in the time afforded by this Court's Order.

8. Berger will continue to search for and make available documents not privileged should the need not be mooted by this Court's ruling at the hearing tomorrow.

Respectfully submitted,

/s/ Philip A. Bates
PHILIP A. BATES
Florida Bar No. 228354
CAROL A. RUEBSAMEN
Florida Bar No. 380946
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550 (32502)
Post Office Box 1390
Pensacola, FL 32591-1390
Telephone: (850) 470-0091
Telecopier: (850) 470-0441
pbates@philipbates.net
cruebsamen@philipbates.net
lgrove@philipbates.net
Attorneys for Elliott Berger, individually

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

                      /s/ Philip A. Bates
                      PHILIP A. BATES