UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Sloan*, Case No. 7:20-cv-00001<br>*Wayman*, Case No. 7:20-cv-00149 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**DEFENDANTS' POST-HEARING BRIEF ADDRESSING NON-PARTY ELLIOTT BERGER'S "UNAVAILABILITY" AS A WITNESS AT TRIAL**

The "very narrow issue" before the Court—whether Elliott Berger is "unavailable as a witness" to Defendants—is not a close question under the plain text of the relevant rules and the scores of cases interpreting them.[1]  Hrg. Tr. at 10. Mr. Berger is unavailable because he lives more than 100 miles from this Court and Defendants did not procure his geographical absence—to the contrary, he has lived and worked in Indianapolis for nearly half a century.  The law is clear beyond cavil that a party did not procure a witness's absence if the witness is merely remaining where he already lives.  That should be the beginning and end of the inquiry before the Court and should compel a finding of unavailability.

---

[1] While the hearing was limited to the Sloan/Wayman trial set to begin January 10, 2022, the issue will undoubtedly recur with the Group D cases set for trial in the spring, as well as countless other trials that may eventually be scheduled by this Court—or by other district courts following remand.

1

I.  **A WITNESS IS "UNAVAILABLE" WHEN HE IS MORE THAN 100 MILES FROM THE TRIAL SITE AND THE PARTY OFFERING HIS DEPOSITION DID NOT PROCURE HIS ABSENCE.**

The Federal Rules clearly define the circumstances that render a witness "unavailable" and thus permit a party to offer that witness's deposition testimony at trial. Under Federal Rule of Civil Procedure 32, which governs the use of depositions in court proceedings, a witness is considered "unavailable" if "the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B).

Similarly, under the Federal Rules of Evidence, a witness is considered "unavailable" for the "former testimony" exception to the hearsay rule if the witness "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure…the declarant's attendance" unless "the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." Fed. R. Evid. 804(a)(5)(B). It is well established that, "[i]n civil cases, inability to procure the declarant's attendance by reasonable means is equivalent to inability to serve a subpoena." 5 *Weinstein's Fed. Evid.* § 804.03 (2021); *accord*

*Utica Mut. Ins. Co. v. Bancinsure*, 2007 U.S. Dist. LEXIS 15827, at *2 (E.D. Mo. March 5, 2007).[2]

Thus, under both Rules 32 and 804, the sole issues for the Court to decide in determining Mr. Berger's unavailability as a witness are (1) whether he is more than 100 miles from the place of trial—in this case, Pensacola—and (2) if so, whether 3M procured his absence from the jurisdiction to prevent him from appearing and testifying. The record is beyond dispute that Mr. Berger has lived and worked for decades more than 100 miles from Pensacola, which as a matter of law renders him "unavailable" under the rules.[3]

---

[2] Because of confrontation clause concerns not present in civil cases, the prosecution in criminal cases generally must also show that it "'made a good-faith effort to obtain the declarant's voluntary appearance.'" *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 176 (S.D.N.Y. 2006) (quoting 5 *Weinstein's Fed. Evid*. § 804.03)). Even if that additional step applied to civil cases—and it does not—that would not change the outcome here since Mr. Berger testified that he would not appear voluntarily at any upcoming trials if 3M requested his attendance. Hrg. Tr. at 21. As the United States Supreme Court observed in addressing this requirement in the criminal context, the "good faith" requirement "does not require the doing of a futile act." *Ohio v. Roberts*, 448 U.S. 56, 74 (1980).

[3] Although Plaintiffs' counsel has represented to the Court that Plaintiffs will call Mr. Berger for remote testimony in their case, this representation does not moot the issue unless and until Mr. Berger actually takes the stand. As the Court is aware, trials are fluid and trial strategy can change, often at the last minute.

## II. MR. BERGER IS "UNAVAILABLE" AS A WITNESS TO 3M.

### A. Mr. Berger Lives More Than 100 Miles From The Trial Site.

The record is beyond clear that Mr. Berger lives more than 100 miles from Pensacola. Mr. Berger testified that he lives and, until his retirement, worked in Indianapolis, Indiana, which is more than 700 miles from the federal courthouse in Pensacola. Hrg. Tr. at 16, 63. He has lived and worked there since 1977, or some 45 years. Hrg. Tr. at 63. And Mr. Berger testified that he has never resided in Florida and has no plans to come to Florida. Hrg. Tr. at 63. Plaintiffs acknowledged at the hearing the incontrovertible fact that Mr. Berger "is more than a hundred miles from Pensacola." Hrg. Tr. 89.

### B. 3M Did Not "Procure" Mr. Berger's Absence.

Under Rule 32 and the cases interpreting it, a party is found to procure a witness's absence only through a showing of an *affirmative* act of wrongdoing by the party. It is not enough merely to elect not to bring a witness to trial. As numerous courts have held, "[t]he word 'procured' in this context would seem to imply that a party had collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined." *Weiss v. Weiner*, 10 F.R.D. 387, 389 (D. Md. 1950). In other words, "procuring absence and doing nothing to facilitate presence are quite different things." *Carey v. Bahama Cruise Lines*, 864 F.2d 201,

4

204 (1st Cir. 1988); *see also A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 Fed. App'x 649, 656 (10th Cir. 2014) ("[T]here is a difference between procuring a witness's absence and electing not to procure his attendance.").

There is no evidence here that Defendants colluded to send Mr. Berger away from the trial site when he was otherwise planning to be there. To the contrary, the evidence overwhelmingly established that Mr. Berger lives 700 miles away in Indianapolis, has lived there for decades, and has no plans to be in Florida unless subpoenaed to do so. That renders him "unavailable" under the rules. Mr. Berger's testimony that neither 3M nor anyone else threatened, coerced, or incentivized him *not* to appear at trial is uncontroverted and dispositive. Hrg. Tr. at 62-63. As Mr. Berger made clear: "there has been no discussion of any award or incentive to appear or not to appear in any of the cases." *Id.* at 63.

### III.  ALLEGATIONS OF CONTROL OR PREFERENCE ARE IRRELEVANT TO THE AVAILABILITY INQUIRY.

Finally, Plaintiffs devoted much of the hearing to arguing or attempting to introduce evidence that Mr. Berger was previously designated as a Rule 30(b)(6) representative for purposes of deposition testimony, that Mr. Berger serves as a consulting expert for 3M's counsel, or that Mr. Berger was previously designated (though never proffered) as a hybrid expert in prior cases. These inquiries are *irrelevant* to the narrow question before the Court. No matter how close the party

5

and witness—or how much "control" the former has over the latter—a witness that lives more than 100 miles outside the jurisdiction of the Court is unavailable.[4]

The law is crystal clear that neither degree of control over the witness nor an identity of interest bears on the "unavailability" analysis. "Under the case law interpreting Rule 32, the mere fact that the deponents are employed by the defendant and that there is an identity of interest between the deponents and their employer is not enough to trigger exclusion" of a deposition from a witness more than 100 miles from the place of trial. *Carey*, 864 F.2d at 204. Thus, it is well established that even a corporation's *current* employees who are more than 100 miles from the trial site are considered "unavailable" under Rule 32 absent evidence that the employer "procured" their absence from the place of trial. *See id.* (affirming district court's ruling allowing deposition of corporate defendant's employee to be admitted at trial); *see also Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 561 (N.D. Ala. 2009) (holding that current employees of Department of Labor were "unavailable" under

---

[4] The law does not impose any requirement that Defendants seek authorization to subpoena Mr. Berger's remote testimony under Rule 43 in order to establish that Mr. Berger is unavailable. But in any event, this Court has already ruled that it would deny any such motion. The Court explained in its prior order: "The 3M Defendants never filed a motion and never asked the Court for permission to utilize Rule 43(a) to subpoena Berger. … *Had the 3M Defendants made such a request it would have been denied* for the simple reason that 3M retained Berger as a consultant in this MDL and paid him hundreds of thousands of dollars for his time meeting with them and consulting on what has turned out to be pivotal issues in the case concerning the development and testing of the CAEv2." ECF No. 5 at 6 (Nov. 22, 2021) (emphasis added).

Rule 32 because "the Secretary cannot be said to have 'procured' the absence of an employee or former employee who both resides and works in areas that are hundreds of miles from the courthouse").

The same rule applies for current employees who are officers or managing agents of the corporation—in effect, parties themselves. The District Court for the District of Columbia, for example, held that a corporation could introduce at trial the deposition of its "managing agent"—who, like Mr. Berger, had been designated previously as a 30(b)(6) deponent by the company—because he no longer resided or worked within 100 miles of the courthouse. There, the court agreed with defendants that Rule 32 addresses "precisely this scenario" and "authorizes them to submit [the employee]'s deposition testimony—whether you characterize him as a party, officer, managing agent, or otherwise—for any purpose whatsoever." *Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 726 (D.D.C. 2008). As the court explained, "There is no ambiguity in Rule 32 on this point." *Id.* Other cases have reached the same conclusion. The Middle District of Georgia held that a corporation could take the deposition of its "managing agent" and use the deposition at trial—even though the managing agent could be considered a "party" under the rules—because the employee now lived and worked more than 100 miles from the trial site. *See Frank S. Sinkwich, Inc. v. Texaco Refining & Marketing, Inc.*, 120 F.R.D. 540, 541 (M.D. Ga. 1988). And the Western District of Arkansas held that a corporation could introduce the deposition of its president because he lived and worked across the

7

country and, thus, was "unavailable." As the court observed, "the mere fact that Atalla lives and works in California as an officer of Cuker does not serve as a basis for a finding of procurement of Atalla's absence by Cuker under Rule 32(a)(4)(B)." *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, No. 5:14-CV-5262, 2017 WL 1312968, at *1–2 (W.D. Ark. Apr. 5, 2017).[5]

Nor does the rule apply differently because Mr. Berger was previously designated—though not proffered—as a "hybrid expert" in prior trials or has a consulting expert agreement with Defendants. Mr. Berger is not a testifying expert and should not be treated as such. He plainly has knowledge of the facts of this case independent of the litigation—he is a key fact witness for both sides. He has not been tendered as an expert in any of the trials in which he has testified, and he has not been designated as even a hybrid expert in the trials at issue in the underlying motion and objection that led to the evidentiary hearing. *See, e.g.*, EHK Trial Tr. 4/20/21; McCombs Trial Tr. 5/25/21; Baker Trial Tr. 6/9/21; Finley Trial Tr. 12/6/21. His agreement to serve as a consulting expert to Kirkland & Ellis in no way

---

[5] The rule even extends to non-corporate parties. The Second Circuit reversed a district court order refusing to allow a California plaintiff to introduce her own deposition at trial in New York because the rule did not distinguish between parties and non-parties and the court could "find no occasion to add something to the rule which is not there and which effectually distorts its purpose and utility." *Richmond v. Brooks*, 227 F.2d 490, 492 (2nd Cir. 1955); *see also* Wright & Miller, 8A Fed. Prac. & Proc. Civ. §§2146, 2147 (3d ed.) (collecting authorities).

contemplates testimony, and it is terminable at will. Hrg. Tr. Ex. 1 at 10. In all events, Mr. Berger testified unequivocally that he will not voluntarily appear at any future trials for 3M, regardless of whether he is being paid to do so. Hrg. Tr. at 21,25-26, 60. Accordingly, Mr. Berger is unavailable under the Federal Rules and Defendants should be permitted to play his deposition testimony if Plaintiffs do not offer his testimony during their case in chief.

## CONCLUSION

Because the evidence established that Mr. Berger is "unavailable" under the Rules and the cases interpreting it, the Court should find that Mr. Berger is unavailable and that Defendants should be allowed to present his deposition testimony to the jury, subject to the Court's ruling on the specific designations.

Date: January 3, 2022

Respectfully submitted:

*/s/ Robert C. Brock*
Robert C. "Mike" Brock, P.C.
KIRKLAND & ELLIS LLP
mike.brock@kirkland.com
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991

Mark J. Nomellini
KIRKLAND & ELLIS LLP
mnomellini@kirkland.com
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 2,258 words.

Dated: January 3, 2022                              Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

***Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 3rd day of January, 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

Dated: January 3, 2022

Respectfully submitted,

/s/ Mike Brock

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

**Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC**