# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |
| This Document Relates to:<br>*Sloan*, 7:20-cv-00001<br>*Wayman*, 7:20-cv-00149 | |

# PLAINTIFFS' POST-DECEMBER 29, 2021 HEARING
# <u>SUPPLEMENTAL BRIEF</u>

## BACKGROUND

Three months ago, Plaintiffs moved to authorize remote testimony from witnesses Elliott Berger and Brian Myers. *MDL*, Dkt. 2190. Plaintiffs' Motion was granted, and Berger's motion to quash was denied: Plaintiffs were explicitly permitted to subpoena Berger and Myers for remote live testimony in the enumerated bellwether cases.

Berger then filed a motion on the *Berger* docket seeking reconsideration or clarification of Magistrate Judge Jones' order denying Berger's motion to quash. *Berger*, Dkt. 3. On November 22, 2021, Judge Jones entered an order clarifying his prior order and again denying Berger's motion. *Berger*, Dkt. 5. Defendants objected[1] to the Magistrate Judge's November 22, 2021 Order, and moved for reconsideration of the November 21, 2021, order of this court, *MDL*, Dkt. 2300. Following briefing by both parties submitted on December 20, 2021, Judge Jones sent an evidentiary hearing on December 29, 2021 to discuss aspects of Mr. Berger's availability under Fed. R Civ. Pro. 32, *MDL*, Dkt. 2357.   Plaintiffs' Counsel issued a subpoena with a duces tecum on December 23, 2021. On December 27, 2021, Mr. Berger filed a motion to quash and objection to Plaintiffs' subpoena, *MDL*, Dkt. 2358.  Plaintiffs

---

[1] Defendants did not file an objection to the original order on the motion to quash, *Berger*, Dkt. 2, or the order denying reconsideration, *Berger*, Dkt. 5; nor did they file a response to Berger's most recent objection, *Berger*, Dkt. 6, by December 3, as ordered by the Court. Plaintiffs, however, timely filed their response. *Berger*, Dkt. 10.

1

filed an Emergency Motion to Compel Mr. Berger's 3rd Party Discovery, *MDL*, Dkt. 2361. On December 28, Judge Jones granted Plaintiffs' motion, *MDL*, Dkt. 2364, and on the evening of December 28, 2021, Mr. Berger's counsel produced 29 pages of discovery and responses to the subpoena duces tecum, *MDL*, Dkt. 2365. This production was supplemented on December 29, 2021, (during the evidentiary hearing) and again on December 31, 2021. Neither Defendants nor Mr. Berger have indicated production is complete.

On December 29, 2021, Mr. Berger and his personal counsel appeared via Zoom and examination of Mr. Berger took place by 3M via counsel from Kirkland and Ellis, by Philip Bates -- Mr. Berger's Counsel, by Plaintiffs' counsel and by Judge Jones. As part of the hearing, the parties were directed to provide post-hearing briefs on factual and legal issues raised at the hearing.

## LEGAL STANDARD

As outlined in earlier briefing, when reviewing a nondispositive pretrial order, courts afford "broad discretion" to the magistrate judge. *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). This Court has repeatedly recognized the high standard for a motion for reconsideration. *See, e.g.*, MDL Dkt. 1725 at 1-2; *see also*, *Berger*, Dkt. 5 at 3-5.

## ARGUMENT

**I.   There is no basis to amend the underlying orders because Defendants cannot demonstrate Berger's unavailability.**

First, Defendants have not demonstrated any failure of Mr. Berger to appear for live testimony, nor have they moved to authorize Mr. Berger's remote testimony under Rule 45, and so they have no basis to claim unavailability under any analysis[2]. Absent any attempt to seek leave to serve Mr. Berger with a subpoena, there is not any issue warranting review. Defendants claim that such an effort would be "futile," and that Mr. Berger "refuses" to appear voluntarily on behalf of the Defendants. Obj. at 9. Mr. Berger has now testified to the same positions as outlined in the prior briefing. See Ex. A, December 29, 2021 Hearing Tr. at 60. Defendants have not provided any documentation of his termination of consultancy, or any terms related thereto. This is because, as shown during the evidentiary hearing and documents subpoenaed on the eve of the hearing; Mr. Berger has not disengaged as a consulting expert for Kirkland & Ellis; nor has he terminated his representation agreement with them for this litigation. See Doc. Rec. 2369-1 at pg. 10-16. The only material change is that Mr. Berger now has personal counsel, paid for by 3M, who has the sole purpose of removing him from obligations to testify in this MDL. See Doc. Rec.

---

[2] As discussed at the December 29, 2021 hearing, Mr. Berger testified voluntarily for Defendants during the EHK trial in April, the McCombs trial in May, the Adkins trial in September and the Blum trial in October. He testified via subpoena in Plaintiffs' case as an adverse witness in Baker in June and in Finley, Montero and Stelling in December. He agreed to testify under a subpoena once for Defendants in Camarillo in November, with the misunderstanding that if he did so, his testimony would be recorded, and he would be off the hook for further testimony. See 12/29/2021 Hearing Tr. at 34.

3

2369-1 at pg. 17-28. In the past, Defendants have had no issue procuring Mr. Berger's live testimony.

Defendants cannot now claim Mr. Berger is unavailable, especially based only upon the representation that he plans to refuse travel to Florida for future in-person trials. Pursuant to Rule 32(a)(4), a witness is unavailable if the court finds: (A) the witness is dead; (B) the witness is more than 100 miles from the place of trial or is outside the United States, **unless it appears that the witness's absence was procured by the party offering the deposition**, (C) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment, (D) the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. Fed. R. Civ. P. 32(a)(4)(A)–(E) (emphasis added).

But, as expressed during the evidentiary hearing, availability is more than geographic location. Mr. Berger's interests are overlapping with 3M's and with 3M's agent, Kirkland & Ellis. 3M has not shown that there has been a good-faith effort to obtain the witness' presence. Defendants' Objection also cites Federal Rules of Evidence Rule 804. Obj. at 7. A witness is not "unavailable" within the meaning of Fed. R. Evid. 804(a) (1-5) where the declarant is unavailable, ***unless the moving party makes a good-faith effort to obtain the witness' presence***. *See United States*

4

*v. Winn*, 767 F.2d 527, 530 (9th Cir. 1985) (citing *Ohio v. Roberts*, 448 U.S. 56, 74(1980)); *see also United States v. Mann*, 590 F.2d 361, 364 (1st Cir. 1978)(emphasis added) ("Under this rule permitting use of deposition at trial where witness was unavailable, even where absent witness is beyond court's jurisdiction government must show diligent effort on its part to secure witness' voluntary return to testify, and effort must be genuine and bona fide.").

This is especially true here, where the witness is a former employee and has <u>not</u> terminated his consultancy. *See Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) (holding that the requirement of attempt to secure voluntary attendance of witness who lives beyond subpoena power of court is particularly appropriate when dealing with testimony of expert witnesses whose earlier attendance was secured by voluntary arrangements); *see also Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *2 (D. Del. Jan. 13, 2000) (excluding expert testimony from prior action because "[t]here is nothing in the record to indicate that ARA has made any effort to secure Mr. Wise's attendance at trial or has even contacted Mr. Wise to offer him his usual expert witness fee, and request his attendance at trial"). Again, 3M has not shown that there has been a good-faith effort to obtain the witness' presence to the extent that Mr. Berger is not available, given his close ties to 3M and their mutual interests in this litigation.

### a. Documents Produced by Mr. Berger Show Ongoing Control[3]

Plaintiffs' Counsel issued a subpoena with a duces tecum on December 23, 2021. On December 27, 2021, Mr. Berger filed a motion to quash and objection to Plaintiffs' subpoena, *MDL*, Dkt. 2358. Plaintiffs filed an Emergency Motion to Compel Mr. Berger's 3rd Party Discovery, *MDL*, Dkt. 2361. On December 28, Judge Jones granted Plaintiffs' motion, *MDL*, Dkt. 2364, and on the evening of December 28, 2021, Mr. Berger's counsel produced 29 pages of discovery and responses to the subpoena duces tecum, *MDL*, Dkt. 2365. This initial production included Mr. Berger's contract agreement with 3M via VOLT, his August 2019 consulting agreement with Kirkland & Ellis (as agents of 3M), his representation agreement with Kirkland & Ellis (as agents of 3M) for his testimony relating to the CAEv2 litigation and his retainer agreement with Mr. Bates as well as his email terminating his employment with VOLT on October 11, 2021. See generally Doc. Rec. 2369-1, marked as Exhibit 1 to the December 29, 2021 hearing. This production shows that Mr. Berger, regardless of any termination of his contracting agreement with VOLT,

---

[3] Plaintiffs Sloan and Wayman preserve their rights relating to any privilege logs from Mr. Bates or from 3M or Kirkland & Ellis in relation to Mr. Berger's December 2021 production. None of the parties has indicated that the rolling production from Mr. Berger is complete (to date 29 pages were produced on December 28, 133 files were produced on December 29 and 182 files were produced on December 31). Plaintiffs' have also yet to receive a privilege log although there was a productive meet-and-confer on December 30 about outstanding questions relating to problems with file types, lack of Bates stamping and other production concerns.

is still being paid by Kirkland & Ellis as a consulting expert, is still being represented by Kirkland & Ellis when he testifies, and 3M is paying for his personal legal counsel.

During the course of the December 29, 2021 hearing, Mr. Berger via Mr. Bates and Kirkland & Ellis, supplemented Mr. Berger's production with another 133 documents. This production was supplemented further on December 31, 2021, with another 182 items. Neither Defendants or Mr. Berger have indicated production is complete and no parties have provided privilege logs for the materials provided.

Some of the documents provided by Mr. Berger, beyond the consulting agreements showing Mr. Berger's ongoing relationship with Kirkand & Ellis and 3M, include the following[4]:

1) Ex. B: "more on hearing aids in noises" – A 3/9/2021 email between E. Berger (eberger@compuserve.com) and V. Hennessy discussing research her was going on articles discussing speech-in-noise. Interesting because the topic is one which has been discussed at several of the trials; including the one beginning in March and May of 2021.

2) Ex. C: "Re: Audiogram cards" -- A 3/24/2021 email from Mr. Berger's CompuServe (eberger@compuserve.com) to C. Fackler, an Acoustical

---

[4] Please note, for the records, production from Mr. Berger has not been Bates stamped upon receipt from Mr. Bates. We are referencing the documents by the "document names" they were produced under.

7

Engineer at 3M, looking for physical audiogram cards. Physical audiogram cards for CAEv2 have been discussed in Mr. Berger's testimony in multiple trials.

3) Ex. D: "New email address as of Wednesday Oct 13" – A 10/11/2021 email from Mr. Berger's Gmail account (Elliottq44@gmail.com) to P. Bates, S. Elizabeth, C. Carter, and E. Rucker asking them to communicate with him on his personal email account rather than his 3M or CompuServe accounts as that was his last day consulting for 3M thru Volt.

4) Ex. E: "new email address" – A 10/30/2021 email from Mr. Berger's Gmail account (Elliottq44@gmail.com) to a variety of Kirkland & Ellis counsel asking them to communicate with him on his personal email account rather than his 3M or CompuServe accounts.[5]

5) Ex. F: "Re: thank you" – A 11/12/2021 email from Mr. Berger's Gmail account (Elliottq44@gmail.com) to E. Rucker (3M) and S. Elizabeth (K&E); Mr. Berger thanking Ms. Elizabeth and Mr. Rucker for their time and their "support for my wishes to conclude my participation."

---

[5] During the parties' meet-and-confer about production issues, Mr. Bates indicated that Mr. Berger does not have access to any other email address than this personal account (including the CompuServe address). Based on the production; this does not appear to be accurate. See Ex. M, email from M. Kelly to P. Bates.

6) Ex. G: "Accepted: Camarillo Follow-Up Call" – A 11/12/2021 Calendar Notification of a follow-up call between Mr. Berger and S. Elizabeth of Kirkland & Ellis following his testimony on behalf of 3M via subpoena in November 2021[6]. Given Mr. Berger indicated he would no longer testify at 3M's request, his willingness to have a follow-up call to discuss elements of his testimony makes that claim suspect.

7) Ex. H: "Sooner rather than later" – A 11/13/2021 Email between E. Berger and S. Elizabeth regarding scheduling and coordinating which "timeslot" Kirkland & Ellis would prefer to discuss Mr. Berger's testimony.

---

[6] Mr. Berger's testimony during the December 29, 2021, evidentiary hearing was inconsistent with his testimony during the Camarillo testimony during November. In the Camarillo trial, Judge Walker asked at a sidebar for someone to "explain to me how this witness, who shouldn't even be testifying by Zoom, who is a fact witness who is no longer employed by 3M, gets to go read all the depos and then all through the course of my trial talk about what other people said" following remarks by Mr. Berger as to the testimony given during trial by Dr. Casali and Dr. Flamme. The Court requested that Mr. Berger not tell the jury what he read in other testimony without the Court's specific request. Ex. N; Camarillo Tr. Vol. VIII at 2378-2381. This was enough of an issue that Judge Walker then invoked the rule of sequestration for the Finley trial in December 2021; indicating again "How in the world did 3M share the realtime or excerpts or parts of my trial with Elliott Berger as a fact witness." Ex. O; Finley Tr. Vol. II at 216-218. When asked about the transcripts and testimony shared with him during the Camarillo trial during the December 29, 2021 transcript; Mr. Berger indicated it was not and was not included in his communications with counsel. See 12/29/2021 Hearing Tr. at pg. 65-66. These answers given by Mr. Berger were contrary to the apparent nature of Mr. Berger's testimony during the Camarillo trial to all of those participating, as well as the judge presiding over the trial.

9

8) Ex. I: "Re: Montero Judge" -- A 12/7/2021 email from C. Carter to E. Berger and P. Bates regarding the Montero Judge's name and filing something in the Finley's case with Judge Winsor (possibly a reference to the Stelling case with Judge Winsor). This communication is further indication of the close relationship between Mr. Berger, his personal counsel and Kirkland & Ellis, agents for 3M.

9) Ex. J: "new subpoena UPDATED with added info" – A 12/10/2021 email between Mr. Berger and P. Bates, S. Elizabeth, C. Carter and E. Rucker discussing Mr. Berger's subpoena for the January Sloan-Wayman trial and scheduling testimony for same.

10) Ex. K: "address" – A 12/10/2021 email from Mr. Berger's Gmail account (Elliottq44@gmail.com) to a C. Carter at Kirkland & Ellis discussing mailing ear plugs to Mr. Carter and discussing driving home, likely following Mr. Berger's testimony during the Montero or Stelling trials.

11) Ex. L.: "Re: contact info" – A 12/14/2021 email from Mr. Berger's CompuServe (eberger@compuserve.com) to L. Wells thanking her for sending contact information for Daniel T. O'Connor, Sr. Legal Counsel, 3M Legal Affairs.

These communications continue to demonstrate a cooperative relationship

between Mr. Berger and 3M, via Kirkland & Ellis, in which he is only being coerced by the 100+ hours spent testifying, often in 3M's defense; he is not troubled by the 650+ hours spent preparing to testify or assist 3M with their defense in this litigation.

### b. 3M's Ability to Use Mr. Berger's Corporate Testimony

Further, both Mr. Berger and his counsel conflate Mr. Berger's personal and corporate testimony in the history of this litigation. See Berger Oct. 19, 2021, Decl. at para. 5 and 6. Plaintiffs' have not sought Mr. Berger's deposition repeatedly; 3M and its counsel have designated Mr. Berger as a person most-knowledgeable on multiple 30(b)(6) topics. Mr. Berger has contractual agreements with Kirkland & Ellis on behalf of 3M for both consulting and representation during his testimony. The question of "availability" for Mr. Berger goes beyond his testimony about his personal intention to testify and whether he is more than 100-miles from Pensacola. 3M indicated that Berger is "the definition of unavailable, and, therefore, we should be allowed to use his deposition as needed in trial." 12/29/2021 Tr. at 82-83. Beyond the question of availability, Plaintiffs' object to Defendants' use of Mr. Berger's 30(b)(6) testimony as he was a corporate witness. 3M is not unavailable for these trials; they have dozens of employees who could be made available to testify during trial on 3M's behalf. Mr. Berger is their choice as his is knowledgeable. He is still consulting as an expert for 3M in this litigation and still has an agreement with Kirkland & Ellis for this litigation. *See* Doc. Rec. 2369-1 at pg. 10-16. Berger is

available to testify live at trial should 3M request it. His 30(b)(6) testimony is hearsay that does not meet the requirements for admissibility. *See* Fed. R. Evid. 804. Federal Rile of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434, (5th Cir. 2006). Rule 32(a)(3) provides only for admission of Rule 30(b)(6) deposition testimony when introduced by the adverse party (and Rule 801 (d)(2) applies only to admissions of a party opponent), the argument that a designating corporate party should be able to introduce the deposition testimony of its own Rule 30(b)(6) witness is a weak one. Even if a witness is unavailable under Rule 32(a)(4) (a burden 3M has still not met in regard to any 30(b)(6) corporate witness, much less Mr. Berger), the proposed deposition testimony must still be admissible as if the witness were testifying live under Rule 32(a)(1)(B). Unless the proposed testimony were based on personal knowledge, it is not admissible. However, a corporate representative may not testify to matters outside his own personal knowledge "to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Id.* at 435; *see also Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n. 29 (5th Cir. 1993) (corporate representative is not permitted to repeat "rank hearsay").

12

Mr. Beall, arguing on behalf of 3M, represented to this Court that 3M actually preferred Mr. Berger to appear and that this dispute is NOT about the company trying to ensure he is not available. See December 29, 2021 Hearing Tr. at 82-83. Yet, in the very representation agreement by Mr. Bates, his <u>sole</u> purpose is to ensure that Mr. Berger no longer appears in these trials. December 29, 2021 Hearing Tr. at 87; also see Doc. Rec. 2369-1 at pg. 17-28. And 3M is paying Mr. Bates' bills, and the billing actually goes directly to Mr. Rucker, not Mr. Berger. *Id.*

With all due respect to Mr. Beall, the Court need not accept Mr. Beall's representation to the Court, nor act in suspension of its own disbelief or plain old common sense when it comes to this issue. 3M pays the bills and 3M chose to pay the bills for Mr. Bates. If 3M wanted him to come, he would come. He is the prototypical company man. This is not a new issue, nor is it an unintended consequence. It was explicitly addressed in the underlying order:

> 3M retained Berger as a consultant in this MDL and paid him hundreds of thousands of dollars for his time meeting with them and consulting on what has turned out to be pivotal issues in the case concerning the development and testing of the CAEv2. While the Court recognizes that the motion to quash was filed by Berger's counsel, and not by 3M, that does little, if anything, to change the optics that Berger has been one of, if not the key consultant and primary witness, for their defenses to the claims in these MDL proceedings. Indeed, Berger was designated as 3M's 30(b)(6) witness during the discovery process on a whole host of issues. **Thus, if 3M wants to present Berger's testimony, they must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely.**

13

*Berger*, Dkt. 5 at 6-7 (emphasis added).

Defendants' fail to support their claims. They have in no way demonstrated that Defendants could not secure Mr. Berger's attendance at trial by process or other reasonable means. The law has not changed, there is nothing new from an evidentiary perspective offered by Defendants, and there is more evidence of Mr. Berger's ongoing cooperation with 3M to the extent that his availability is a myth. Defendants have no argument that the Court committed clear error.

I.   **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Rule 72 Objection to the Magistrate Judge's November 22, 2021 Order and Motion For Reconsideration of this Court's November 21, 2021 Order.

Date: January 3, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*s/ Bryan F. Aylstock*
　　　　　　　　　　　　　　　　　　　Bryan F. Aylstock, Lead Counsel
　　　　　　　　　　　　　　　　　　　Florida State Bar No. 078263
　　　　　　　　　　　　　　　　　　　AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
　　　　　　　　　　　　　　　　　　　17 East Main Street, Suite 200
　　　　　　　　　　　　　　　　　　　Pensacola, FL 32502
　　　　　　　　　　　　　　　　　　　Tel.: (850) 202-1010
　　　　　　　　　　　　　　　　　　　baylstock@awkolaw.com
　　　　　　　　　　　　　　　　　　　***Plaintiffs' Lead Counsel***

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
*Plaintiffs' Co-Lead Counsel &
Counsel for Plaintiff William Wayman*

Muhammad S. Aziz
(Admitted Pro Hac Vice)
Texas Bar No. 24043538
ABRAHAM WATKINS NICHOLS, AGOSTO,
AZIZ & STOGNER
800 Commerce Street
Houston, TX 77055
713-222-7211
713-225-0827 (fax)
jdean@abrahamwatkins.com

*Counsel for Plaintiff Ronald Sloan*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Bryan F. Aylstock*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 7.1(F), I hereby certify that this brief contains 3,549 words.

*s/ Bryan F. Aylstock*