UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Sloan*, 7:20cv001 *Wayman*, 7:20cv149 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

**ORDER**

Defendants' motion for reconsideration of this Court's November 21, 2021 Order, ECF No. 2300, is now before the Court.  *See* ECF No. 2330.[1]  As relevant here, both the original Order and Defendants' motion for reconsideration pertain to the use of Elliott Berger's prior sworn testimony in the Sloan/Wayman trial.  The Order provided that for all bellwether trials in which the Magistrate Judge authorized Plaintiffs to subpoena remote trial testimony from Berger, such as this one,

> prior sworn testimony from Berger in his individual capacity—whether deposition or trial testimony—may not be used at trial by either side except for impeachment purposes.  The only limitation to this ruling is that Plaintiffs may use Berger's 30(b)(6) testimony for any purpose at trial.  *See* Fed. R. Civ. P. 32(a)(3).

---

[1] Defendants' motion for reconsideration is also pending on the individual dockets for *Sloan*, 7:20cv001 at ECF No. 82, and *Wayman*, 7:20cv149 at ECF No. 90.  This Order resolves all three motions for reconsideration and the Clerk is directed to enter the Order on all three dockets.  Defendants' filings also includes a Rule 72 objection to the Magistrate Judge's November 22, 2021 Order in a related miscellaneous case, *Berger v. 3M Company*, 3:21mc061 at ECF No. 5.  The Magistrate Judge will address the Rule 72 objection by separate order.

*See* ECF No. 2300 at 1.

Defendants seek reconsideration of that ruling on grounds that, when combined with a subsequent order from the Magistrate Judge,[2] they are precluded from presenting *any* testimony from Berger if Plaintiffs do not subpoena him for remote testimony and Berger refuses to appear voluntarily in their case at trial.[3] This is not a valid legal basis for reconsideration in connection with the Sloan/Wayman trial. Berger *will* be testifying remotely—not "may" be testifying—in Plaintiffs' case on Wednesday, January 12, 2022 at 8:30 a.m., pursuant to a subpoena authorized under Federal Rule of Civil Procedure 43(a). As in all prior bellwether trials, "there will be no restriction on the scope" or form of either side's examination of Berger in the Sloan/Wayman trial. *See Sloan*, 7:20cv001, PTO 5, ECF No. 97 at 5; *Wayman*, 7:20cv149, PTO 5, ECF No. 105 at 5. Defendants thus will have ample opportunity to present testimony from Berger, just as they have in prior trials where he appeared remotely in a plaintiff's case. In other words, Berger's live testimony is equally available to both sides at trial. Consequently, there is no "clear error" or

---

[2] *See Berger*, 3:21mc061, ECF No. 5 at 6-7 (clarifying that only Plaintiffs sought and were granted leave to subpoena remote trial testimony from Berger and that "if 3M wants to present Berger's testimony they must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely)

[3] Notably, notwithstanding Defendants' recent insistence that they "would much prefer for Elliott Berger to be sitting in court every single trial testifying in person," they have never sought leave to subpoena his remote trial testimony under Rule 43(a) from the undersigned, and they affirmatively opposed Plaintiffs' motion to authorize remote testimony in the Sloan/Wayman and Group C trials, *see* ECF No. 2222.

"manifest injustice" in limiting both sides' use of his prior sworn testimony as set forth in the original Order, especially since those limitations amount to nothing more than a straightforward application of Rule 32.  *See Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc*., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (reconsideration may be justified by "the need to correct clear error or manifest injustice").  Nor has there been an intervening change in controlling law or new evidence that would impact the original Order.  *See id*. (same as to intervening changes in controlling law and the availability of new evidence).  Because no valid grounds for reconsidering the Court's original Order have been shown, Defendants' motion for reconsideration is **DENIED**.

**SO ORDERED**, on this 6th day of January, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**