## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to:<br>*Sloan*, 7:20cv1<br>*Wayman*, 7:20cv149 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

Elliott Berger, a non-party witness, has filed an Expedited Motion requesting that his upcoming trial testimony be recorded for use at future bellwether trials. On consideration, Berger's motion is denied. There is no way for this issue to be properly briefed and considered in time for the upcoming bellwether trial of the Sloan and Wayman cases. Trial is set to begin on January 10, 2022, a mere two business days from now, and Berger has known since as early as October 28, 2021, that he *could* be subpoenaed to appear at the trial. *See Sloan*, ECF No. 62; *Wayman*, ECF No. 74. Since December 10, 2021, when Berger was personally served with a subpoena for remote testimony at the Sloan/Wayman trial, he has known that he *must* appear at the trial. Finally, Berger has known, since at least November 22, 2021, that each trial judge has the discretion to permit or not permit the recording of his remote testimony in the trials before them. *See Berger*, 3:21mc61, ECF No. 5 at 7-8. Nevertheless, rather than raise this issue weeks ago in order to ensure sufficient

time for the parties' briefing and the undersigned's consideration, Berger has filed this "expedited motion" just days before the start of a four-week trial that the parties and the undersigned are busy preparing for.  The motion is far too late.

Timeliness and merits issue aside, the potential recordation of federal court proceedings presents challenging technical issues and implicates broad policy matters beyond this trial, this MDL, and even this district.  *See, e.g*., N.D. Fla. Loc. R. 77.1 (prohibiting the recording of proceedings absent an exception not applicable here); Judicial Conference of the United States, *Cameras in Courts*, available at https://www.uscourts.gov/about-federal-courts/judicial-administration/cameras-courts/history-cameras-courts#a1 (current policy for the use of cameras in federal courtrooms).  This Court cannot simply authorize recording of Berger's trial testimony in a vacuum.

In short, the undersigned concurs with the two other presiding bellwether judges who have considered this issue.  *See, e.g., Stelling*, 7:20cv143, ECF No. 130. Berger's motion is **DENIED**.

**SO ORDERED** on this 6th day of January 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**