UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION </br></br> This Document Relates to All Wave Cases | Case No. 3:19md2885 </br></br> Judge M. Casey Rodgers </br> Magistrate Judge Gary R. Jones |

## JOINT STIPULATION REGARDING SERVICE AND AUTHORIZATIONS FOR WAVE CASES

The parties in the above-captioned matter have conferred regarding a revised process for service and authorizations in wave cases. The parties have advised the Court that they have agreed on the following stipulation:

1. Service

a. For the wave cases, the parties agree that discovery requests, discovery responses and expert reports shall be deemed served on Plaintiff and all Defendants via upload to that plaintiff's individual MDL Centrality portal. This shall constitute service on Plaintiffs and all Defendants and separate email service on individual plaintiff's counsel, Defendants, and/or Plaintiffs' Leadership is not required for these materials. To the extent any of Plaintiffs' responsive discovery cannot be loaded into MDL Centrality, Plaintiff shall serve copies of responsive ESI discovery materials to Defendants via 3MWave1PlaintiffProductionDelivery@kirkland.com.

1

b. This agreement does not apply to any third-party discovery. To the extent a subpoena is to be served on a potential witness who is also a Plaintiff in another case in this proceeding, service via email on Plaintiff's counsel of record shall be required.

2. Authorizations

a. As to the wave cases, the authorization process as outlined in CMO No. 10 shall be modified per below:

b. Wave plaintiffs were required to provide one (1) blank version each of signed authorizations (i.e., wet signatures) for the release of medical (excluding mental health records unless plaintiff puts their mental health at issue, *see* Dkt. 1065, at 7 fn. 2), employer, and educational records (unless there is no wage loss or loss of earning capacity claimed) no later than **January 7, 2022**. The authorizations were required to be sent to 3M via 3MWave1Plaintiff-Authorizations_Delivery@kirkland.com. Each authorization must bear the plaintiff's original signature. In the event a valid authorization was not provided, 3M shall meet and confer with regard to any deficiency, and Plaintiff has two business days to cure such a request. A plaintiff's failure to provide signed authorizations after the notice and cure period will result in an Order to Show Cause.

c. Defendants and records vendor MRC may complete and use the blank authorizations to issue record requests to healthcare providers, employers, and educational facilities (unless there is no wage loss or loss of earning capacity claimed) identified in Plaintiff's written discovery responses. For mental health providers and/or non-disclosed custodians, 3M may complete and use the blank authorizations to request records, but for these categories of custodians, prior to releasing records to 3M, MRC must give the applicable Plaintiff's counsel three (3) business days to review and redact for mental health privileged any documents obtained pursuant to such requests and to the extent information is withheld, two additional business days to provide a privilege log.

d. If a dispute over redacted or withheld records arises, the parties must confer in an effort to resolve it. If the parties are unable to resolve a dispute over a requested record within two (2) business days of the meet and confer, then they must bring the dispute to the Court for resolution. Plaintiffs shall be required to provide a response by the end of the second business day after Defendants' response.

e. Additionally, Defendants must maintain an accounting of all authorizations issued for the release of medical, educational, and employment records for each wave plaintiff, including the number of authorizations for each plaintiff, the healthcare provider, educational institute, or employer identified in each authorization, and the date each authorization was sent to a custodian.

| | |
|---|---|
| DATED:  January 14, 2022 | Respectfully submitted, |
| */s/ Brian F. Aylstock* | */s/ Kimberly Branscome* |
| Bryan F. Aylstock, Lead Counsel<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>baylstock@awkolaw.com | Kimberly Branscome<br>DECHERT LLP<br>633 W. 5th St., Suite 4900<br>Los Angeles, California 90071<br>Tel.: (213) 808-5762<br>kimberly.branscome@dechert.com |
| Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>shutson@triallawfirm.com | Robert C. "Mike" Brock<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel.: (202) 389-5991<br>mike.brock@kirkland.com |
| Christopher A. Seeger, Co-Lead Counsel<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>cseeger@seegerweiss.com | Mark J. Nomellini<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Tel.: (312) 862-3254<br>mnomellini@kirkland.com<br><br>*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC* |
| Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX  77027<br>Tel.: (713) 714-0000<br>maburns@mostynlaw.com | |
| Brian H. Barr, Co-Liaison Counsel<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 S Baylen St. Ste 600<br>Pensacola, FL 32502 | |

Tel.: (850) 435-7045
bbarr@levinlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 14, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: January 14, 2022

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*