UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) |
| | ) Judge M. Casey Rodgers ) |
| This Document Relates to All Wave Cases Identified in Exhibit A and Exhibit B | ) Magistrate Judge Gary R. Jones ) ) ) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON FAILURE TO COMPLY WITH DISCOVERY**

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 1 Plaintiffs identified in Exhibits A and B, attached hereto, to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with the discovery deadlines set forth in Case Management Order ("CMO") 31 and/or their failure to provide authorizations pursuant to Defendants' agreement with Plaintiffs' MDL Leadership and CMO 10.[1]

---

[1] Defendants continue to meet and confer with plaintiffs who provided deficient authorizations and/or deficient discovery responses. Only those plaintiffs who failed to provide authorizations and/or discovery responses are the subject of this Motion.

1

I.      **FACTUAL BACKGROUND**

In August 2021, citing concern for the "the unprecedented backlog of cases," the Court deemed it necessary to accelerate the discovery for the remaining more-than 280,000 cases in this MDL. CMO 21 at 2 (Dkt. No. 1881). The Court notified the parties of its intention "to enter a new Wave Order every 3 months with an 8-month discovery schedule for each wave." *Id.* Two months later, the Court entered Wave Order #1, applying to 500 cases. *See* CMO 31 (Dkt. No. 2304). Certain Plaintiffs' failure to comply with Wave Order #1 is now at issue.

   A.   **Plaintiffs Failed to Submit Signed Authorizations for the Release of Records.**

Under Wave Order #1, all Wave 1 fact discovery must be completed within 130 days of the November 22, 2021 Order, or by April 1, 2022. *See id.* § I.6. The Order also required that within 21 days of the Order, or by December 13, 2021, each Wave 1 Plaintiff produce responsive VA, DoD, and/or medical records in their possession, custody, or control. *Id.* § I.1.

On December 15, 2021, Defendants' and Plaintiffs' MDL Leadership also agreed on the following process and deadline for all Wave 1 Plaintiffs to provide authorizations for their non-government records: by no later than January 7, 2022, each Wave 1 Plaintiff was required to submit signed authorizations (i.e., wet

signatures) for the release of medical[2], employer, and educational records.[3] *See* Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2486) (reflecting the parties' December 15, 2021 agreement). On January 6, 2022, Plaintiffs' MDL Leadership confirmed that all Wave 1 Plaintiffs were given notice of the parties' authorizations agreement. In the event that valid authorizations were not provided, the parties agreed that Defendants would meet and confer regarding the deficiency and then allow Plaintiff two business days to cure the deficiency. *Id.* The parties further agreed, in accordance with CMO 10, that any Plaintiff's failure to provide signed authorizations after the notice and cure period would result in an Order to Show Cause. *See id.*; CMO No. 10 at 2 (Dkt. No. 1086).

The Plaintiffs identified in Exhibit A did not submit the required authorizations by the January 7, 2022 deadline. Accordingly, on January 11, 2022, Defendants' counsel sent Plaintiffs' counsel a letter via email alerting them of the deficiency and requesting that the authorizations be submitted by January 13, 2022. Despite this opportunity to cure deficiencies, the Plaintiffs identified in Exhibit A have still failed to provide the required authorizations—twelve days after their deadline.

---

[2] The medical authorization need not release mental health records if a plaintiff's mental health is not at issue, *see* Mar. 26, 2020 Order (Dkt. No. 1065) at 7 n.2.

[3] An educational authorization need not be provided if no wage loss or loss of earning capacity is claimed.

**B.     Plaintiffs Failed to Respond to Defendants' Written Discovery Requests.**

In Wave Order #1, the Court permitted Defendants to serve written discovery on all Wave 1 Plaintiffs within 45 days of the Order, including up to ten Requests for Production, ten Requests for Admission, and 15 Interrogatories (including up to ten Interrogatories common to all Plaintiffs), and required that Plaintiffs serve responses within 30 days.  CMO 31 §§ I.2, II.2 (Dkt. No. 2304).  On December 8, 2021, Defendants timely served initial written discovery requests, consisting of nine Requests for Production and ten common Interrogatories, on all Wave 1 Plaintiffs.  Plaintiffs' responses were due 30 days later, on January 7, 2022.

The Plaintiffs identified in Exhibit B did not respond to Defendants' Requests for Production of Documents and/or Interrogatories by January 7, 2022, in violation of Wave Order #1.  *See* CMO 31 § I.2 (Dkt. No. 2304).  Although not required to do so, on January 13, 2022, Defendants' counsel sent a letter by email to counsel for all Plaintiffs identified in Exhibit B that alerted them that they had not complied with the discovery deadline and asked that Plaintiffs' non-compliance be remedied immediately but no later than January 18, 2022.  To date, 12 days after their deadline under Wave Order #1, the Plaintiffs identified in Exhibit B still have not responded to Defendants' discovery requests.

4

62857753.v1

**II.    Analysis**

As of the date of this filing, the Plaintiffs identified in Exhibits A and B have failed to comply with Wave Order #1 and the parties' Stipulation on the process and deadline for Plaintiffs to provide authorizations. Defendants therefore respectfully ask that the Court order the identified Plaintiffs to show cause why their cases should not be dismissed with prejudice.

The Court has broad discretion to manage its docket and control discovery. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). To that end, it may impose sanctions, up to and including dismissal, on litigants who fail to comply with its pretrial orders. *Id.* (citing Fed. Rule Civ. P. 37). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (citations and internal quotation marks omitted).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  Dismissal under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'"  *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.").  The Eleventh Circuit has held dismissal with prejudice to be an appropriate sanction where a party violates a court order by not providing discovery.  *See, e.g.*, *Haji*, 834 F. App'x at 564; *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 358 (11th Cir. 2009); *accord, e.g.*, *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016) ("Strict adherence to case management orders is necessary to manage multidistrict litigation . . . and our sister circuits have affirmed dismissals with prejudice based on noncompliance with discovery deadlines."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3rd Cir. 2013) (MDL judges "must be given wide latitude with regard to case management" to achieve efficiency); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007)

(affirming dismissal with prejudice where plaintiffs failed to timely provide fact sheets and medical authorizations).

Dismissal with prejudice is an appropriate sanction here. There are more than 280,000 cases in this MDL. Plaintiffs were selected for Wave 1 on November 22, 2021, and immediately put on notice that they would be subject to discovery requests from Defendants and required to timely comply those requests. Each of the Plaintiffs at issue on this Motion failed to respond to Defendants' discovery requests by the deadline and/or failed to supply authorizations as required by the parties' agreement. And even after Defendants provided deficiency notices and opportunities to cure, Plaintiffs continue in their willful, intentional noncompliance with the Court's Orders and the Parties' authorizations agreement.

Plaintiffs' noncompliance greatly prejudices Defendants. For example, the deadline to depose the Wave 1 Plaintiffs is March 7, 2022, less than seven weeks from now. CMO 31 § I.5 (Dkt. No. 2304). The deadline to depose all remaining fact witnesses and the close of all fact discovery is just three weeks later. *Id.* Plaintiffs' failure to provide authorizations for the release of their medical, educational, and employment records and/or written discovery responses not only violates this Court's Wave Order, which was intended to "accelerate the discovery" in the Wave 1 cases, but has also effectively halted a major component of discovery in these cases and compromised Defendants' ability to effectively prepare for

Plaintiffs' depositions. *See* CMO 31 at 1 (Dkt. No. 2304); CMO 21 at 1 (Dkt. No. 1881).

Plaintiffs' noncompliance with the Court's Order and the parties' agreements also warrants immediate relief to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III. CONCLUSION

As set forth above, the Wave 1 Plaintiffs identified in Exhibits A and B have violated the Court's discovery orders and failed to cure such failures through meet and confer efforts. Defendants respectfully request that the Plaintiffs be ordered to show cause as to why their actions should not be dismissed with prejudice.

DATED: January 19, 2022   */s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

62857753.v1

        Mark J. Nomellini
        KIRKLAND & ELLIS LLP
        300 North LaSalle
        Chicago, Illinois 60654
        Tel.: (312) 862-3254
        mnomellini@kirkland.com

        *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

62857753.v1

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they sent Plaintiffs' counsel letters by email on January 11, 2022, and/or January 13, 2022, asking that the above deficiencies be cured.  Defendants advised that a failure to cure the deficiencies would result in a Motion for Order to Show Cause.  To date, 12 days after their deadline, the Plaintiffs identified in Exhibit A have failed to provide the required authorizations, and the Plaintiffs identified in Exhibit B have not responded to Defendants' discovery requests.

DATED: January 19, 2022          */s/ Kimberly Branscome*
                                 Kimberly Branscome

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1641 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: January 19, 2022          */s/ Kimberly Branscome*
                                 Kimberly Branscome

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: January 19, 2022

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*