**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: *Vilsmeyer, 7:20-cv-00113* *Wilkerson, 7:20-cv-00035* *Kelley, 7:20-cv-00153* *Vaughn, 7:20-cv-00134* *Beal, 7:20-cv-00006* | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones **Confidential – Filed Under Seal Public Version** |

**PLAINTIFFS' OMNIBUS MOTION AND MEMORANDUM OF LAW TO**
**EXCLUDE DEFENDANTS' EXPERT OPINIONS AND TESTIMONY**

# TABLE OF CONTENTS

I.  Introduction ........................................................................................................1

II.  Legal Standard ...................................................................................................2

III.  Argument...........................................................................................................5

    A.  General *Daubert* Arguments ....................................................................5

        1.  Crawford ...........................................................................................5

    B.  Case-Specific *Daubert* Arguments..........................................................8

        1.  Chatham (Kelley).............................................................................8

        2.  Crawford (Kelley, Wilkerson) .......................................................14

        3.  Jacobs (Vaughn, Wilkerson)..........................................................17

        4.  Pappas (Vaughn) ............................................................................23

        5.  Flamme & Stephenson (Vilsmeyer, Wilkerson)............................25

        6.  Phillips (Vilsmeyer) .......................................................................32

        7.  Jones & LaBorde (Wilkerson) .......................................................38

IV.  Conclusion.......................................................................................................41

i

# TABLE OF AUTHORITIES

## Cases

*Allison v. McGhan Med. Corp.*, 184 F.3d 1300 (11th Cir. 1999)................ 5, 12, 13

*Arch Specialty Ins. Co.*,
2020 WL 5848317 (M.D. Fla. Oct. 1, 2020) ......................................................38

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993)................................................................................... passim

*Drs. Licensure Grp., Inc. v. Cont'l Cas. Co.*,
2011 WL 13182969 (N.D. Fla. Sept. 26, 2011) .................................................13

*E.I. du Pont de Nemours and Co. v. Robinson*,
923 S.W.2d 549 (Tex. 1995) .............................................................................14

*Feliciano v. City of Miami Beach*,
844 F. Supp. 2d 1258 (S.D. Fla. 2012) ................................................................3

*Flury v. Daimler Chrysler Corp.*,
427 F.3d 939 (11th Cir. 2005) .............................................................................2

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)..............................................................................................4

*Hendrix ex rel. G.P. v. Evenflo Co.*,
609 F.3d 1183 (11th Cir. 2010) ................................................................ 2, 9, 10

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
2021 WL 765019 (N.D. Fla. Feb. 28, 2021) ......................................................10

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
2021 WL 830309 (N.D. Fla. Mar. 4, 2021)................................................. 25, 26

*In re Deepwater Horizon Belo Cases*,
2020 WL 6689212 (N.D. Fla. Nov. 4, 2020)......................................................12

*In re: 3M Combat Arms Earplug Prods. Litig.*,
  2021 WL 6327375 (N.D. Fla. Feb. 28, 2021) ........................................... passim

*In re: Abilify (Aripiprazole) Prod. Liab. Litig.*,
  299 F. Supp. 3d 1291 (N.D. Fla. 2018) ...................................................... passim

*Johnson v. Crown Equip. Corp.*,
  2021 WL 6072437 (N.D. Ga. Dec. 23, 2021) ...................................................27

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ...........................................2, 4

*McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004)…………………….........27

*Navelski v. Int'l Paper Co.*,
  244 F. Supp. 3d 1275 (N.D. Fla. 2017) ................................................... 3, 4, 34

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*,
  326 F.3d 1333 (11th Cir. 2003) ..........................................................................3,4

*Rink v. Cheminova, Inc.*, 400 F.3d 1286 (11th Cir. 2005).....................................2, 4

*United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) .............................24

*United States. v. Frazier*, 387 F.3d 1244 (11th Cir. 2004).............................. passim

## Rules

Fed. R. Civ. P. 402 ...............................................................................................25

Fed. R. Evid. 403 .......................................................................................... passim

Fed. R. Evid. 702 .......................................................................................... passim

Fed. R. Evid. 703 ...................................................................................................1

Fed. R. Civ. P. 26(a)(2)(B)(i)........................................................................... 25, 30

Fed. R. Civ. P. 26(a)(2)(C) ....................................................................................1

Plaintiffs[1] submit this motion and incorporated memorandum of law to exclude the opinions and testimony of Defendants' designated experts.

## I.   **INTRODUCTION**

On December 30, 2021, Defendants disclosed seventeen (17) expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) in the above-captioned Group D cases.[2] Defendants also disclosed two hybrid/percipient witnesses.[3] As detailed below, Defendants' experts fail to meet the requirements for admissible expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Federal Rules of Evidence 702, 703, and 403. Pursuant to these authorities, Plaintiffs move to exclude new general opinions and testimony of Dr. James Crawford.[4]

---

[1] The Group D Plaintiffs include Luke Vilsmeyer, Steven Wilkerson, Denise Kelley, Jonathan Wade Vaughn, and James Beal.

[2] *See* Group D Expert Witness Disclosure Letter from R. Brock to B. Aylstock, Dec. 30, 2021 ("PX1").

[3] As in the Group A cases, Defendants have once again disclosed Dr. Eric Fallon and Mr. Elliott Berger as percipient/hybrid witnesses under Fed. R. Civ. P. 26(a)(2)(C) in the Group D cases. *See* PX1; *see also* PX2(Fallon), PX3(Berger). However, because the Group D disclosures of Fallon and Berger are identical to their disclosures made in Group A, Plaintiffs do not address their opinions herein, but rather move to exclude same via preservation motion filed simultaneously herewith.

[4] Plaintiffs also move to exclude, via preservation motion filed simultaneously herewith, the general expert opinions of Dr. John Casali, Dr. James Crawford, Drs. Gregory Flamme & Mark Stephenson, Dr. Harri Kytomaa, Dr. Jennifer LaBorde, and Dr. Vickie Tuten. *See* PX4(Casali-(General)), PX5(Crawford-(General)), PX6(Flamme&Stephenson-(General)), PX7(Kytomaa-(General)), PX8(LaBorde-(General)), and PX9(Tuten-(General)). Excepting those new opinions of Crawford addressed herein, the Group D general expert opinions of these witnesses remain unchanged from Groups A, B, and C; therefore, Group D Plaintiffs have filed a

Plaintiffs also move to exclude case-specific opinions and testimony of Dr. Walter W. Chatham (*Kelley*), Dr. James Crawford (*Kelley, Wilkerson*), Dr. Douglas Jacobs (*Vaughn, Wilkerson*), Dr. Dennis Pappas, Jr. (*Vaughn*), Drs. Gregory Flamme & Mark Stephenson (*Vilsmeyer, Wilkerson*), Dr. Stan Phillips (*Vilsmeyer*), and Drs. Derek Jones & Jennifer LaBorde (*Wilkerson*).[5]

## II.  LEGAL STANDARD

*Daubert,* 509 U.S. 579, provides the analytical framework for determining whether expert testimony is admissible under Federal Rule of Evidence 702. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Rule 702 requires trial courts to perform a "gatekeeping" function to ensure that expert testimony is reliable and relevant. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

---

motion to preserve all Group A, Group B, and Group C *Daubert* motions to exclude the expert opinions of these experts (*see* Docs. 1595 (Group A), 1863 (Group B), and 2051 (Group C)), which motions this Court adjudicated in prior Orders. *See* Docs. 1651, 1680, 1690, 1701, and 1780 (Group A), 1910 (Group B), and 2218 and 2290 (Group C).

[5] Pursuant to the parties' agreement dated October 28, 2021, case-specific *Daubert* motions are due in Plaintiff Beal's case on March 28, 2022. Therefore, if necessary, Plaintiff Beal will file a separate case-specific *Daubert* motion on or before that date.

Expert testimony is reliable and relevant when it satisfies the criteria of "qualification, reliability, and helpfulness"—"(1) the expert is sufficiently qualified to testify about the matters he intends to address; (2) the methodology used is 'sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.'" *Navelski v. Int'l Paper Co*., 244 F. Supp. 3d 1275, 1286 (N.D. Fla. 2017). These are "distinct concepts that courts and litigants must take care not to conflate." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd*., 326 F.3d 1333, 1341 (11th Cir. 2003).

To be qualified, an expert must "ha[ve] sufficient 'knowledge, skill, experience, training, or education' to form a reliable opinion about an issue that is before the court." *Navelski*, 244 F. Supp. 3d at 1286. "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *Feliciano v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1262 (S.D. Fla. 2012) (internal quotation marks omitted).

To be reliable, "an expert's opinion must be based on scientifically valid principles, reasoning, and methodology that are properly applied to the facts at issue." *Navelski*, 244 F. Supp. 3d at 1286 (citing *U.S. v. Frazier*, 387 F.3d 1244,

1261-62 (11th Cir. 2004). Relevant factors include whether: (1) "the scientific technique can be or has been tested"; (2) "the theory or technique has been subjected to peer review or publication"; (3) "the technique has a known or knowable rate of error"; and (4) "the technique is generally accepted in the relevant community." *Id.* (citing *Daubert*, 509 U.S. at 593-94). Such factors are illustrative, not exhaustive. *See Quiet Tech*., 326 F.3d at 1341; *Rink*, 400 F.3d at 1292 (courts "have substantial discretion in deciding how to test an expert's reliability"). Although reliability is a flexible inquiry, *Kumho Tire*, 526 U.S. at 141-42, the analytical focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

To be helpful, "expert testimony must be relevant to an issue in the case and offer insights beyond the understanding and experience of the average citizen." *Navelski*, 244 F. Supp. 3d at 1287. Relevant expert testimony "advances a material aspect of the proposing party's case and 'fits' the disputed facts." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 299 F. Supp. 3d 1291, 1305 (N.D. Fla. 2018). When "too great an analytical gap" exists between the facts and the proffered opinion, the expert opinion does not "fit." *Id*. (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997)).

Ultimately, a court's gatekeeping "role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations,

its potential to create confusion, and its lack of probative value." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999). Even if expert testimony satisfies the admissibility requirements of *Daubert* and Rule 702, it may still be excluded under Rule 403 if its probative value "is substantially outweighed by its potential to confuse or mislead the jury, or if the expert testimony is cumulative or needlessly time consuming." *Frazier*, 387 F.3d at 1263. Because "expert testimony may be assigned talismanic significance in the eyes of lay jurors," a trial court must carefully "weigh[] possible prejudice against probative force under Rule 403." *Id.*

### III.   ARGUMENT

**A.**   **General *Daubert* Arguments**

**1.**   ***Crawford***

   **a.**   ***Crawford's Opinions Regarding*** ▆▆▆▆▆▆ ***Should be Excluded.***

Crawford opines that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. The Court has already addressed this issue, finding that the diagnostic tools used to diagnose ▆▆▆▆▆▆▆▆ are reliable.[6] As such, Crawford's opinions should be excluded to the extent they are inconsistent with this Court's prior Order, and would only serve to confuse the jury.

---

[6] Dkt. 1933 at 13.

**b.** ***Crawford's Opinions Regarding*** ████████████
████ ***Should be Excluded.***

Crawford opines ██████████████████████████████[7]
However, he fails to base this opinion on any more than anecdotal evidence. He fails
to cite to any peer-reviewed literature or scientific studies, and he does not describe
how he reached this conclusion. The same is true of his opinion related to ████████
████████████.[8] While those statements may be true ████████████, that
is irrelevant, misleading, and not helpful to a jury. Crawford's personal experience
is insufficient to qualify these opinions under *Daubert*, and as such, they should be
excluded.

**c.** ***Crawford's   Opinions   Regarding*** ████████████
████ ***Should be Excluded.***

Crawford offers the opinion that ████████████████████
████████████████████████████████████████████
████.[9] This is nothing more than a theory fit for cross examination masquerading
as opinion. ████████████████████████████████████
████████████████████████████████████████████

───────────────

[7] PX5(Crawford-13).
[8] *Id.*
[9] *Id.* at 14.

███████████████████████████████████████████████████████

████████████████████████████████.

Nor is this so-called opinion grounded by a reliable methodology. Crawford only cites to Corbridge pages 1-11,[10] but nothing in that ████████████████████ ██████████████████████████████.[11] Crawford's opinions regarding ██ ████████████████████████████ are confusing, misleading, and not helpful to the jury. As such, they should be excluded under *Daubert*.

       **d.**    ***Crawford Should Not be Permitted to Opine on*** ██████████ ████████████████████.

Finally, Crawford opines that ███████████████████████████████████ ███████.[12] However, the ████████████████████████████████████ says nothing about why those hearing issues exist. Crawford's intent is clear, and the risk of confusion is immense. Crawford implies that because ██████████████ ████████████████████████████████████████████████████████ ████████████████████████████. But this stacking of inferences is prejudicial and confusing.[13] If Crawford has ██████████ opinions, he

---

[10] PX10(Rogan Corbridge, Essential ENT, 1-11 (Hodder Arnold eds., 2nd ed. 2011).

[11] *Id*.

[12] PX5(Crawford-15).

[13] *See* Dkt. 1651, pages 10-15 (ruling that Fallon could not "extrapolate sweeping expert opinions…throughout the entire Army" without "quantifiable or verifiable support for that broad opinion").

should have disclosed them and they must be supported by a reliable methodology. Because he cannot support such opinions, he cannot be permitted to testify to them "indirectly," and the Court should exclude Crawford's opinion that █████████████ ████████████████████████ under Rule 403.

**B.**   **Case-Specific *Daubert* Arguments**

**1.**   ***Chatham (Kelley)***

*a.* ***Chatham's Opinions Are Not Reliable.***

Chatham, a clinical █████████████████████ and professor, candidly concedes that █████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████.[14]   Chatham opines that ███████████

██████████████████████████████████████████████████

███████████████████████████.[15] In support, he cites ████████████████

██████████████████████████████████

---

[14] PX11(Chatham-Dep-(1/28/2022)-48:13-49:15, 55:8-59:8).
[15] PX12(Chatham-(Kelley)-2).
[16] *Id.* (emphasis added).



He further points to ███████████████████████

███████████████████████████████████

███████████████████████████████

████████████████████████[19] At bottom, he opines that ████████████

████████████████████████████████████

███████████████████████████[20]

Chatham's opinions are ██████████████████████████

██████████████. *See Hendrix,* 609 F.3d at 1194-95. This Court recently

recognized the importance of the differential etiology to defense expert opinions in

finding certain challenged opinions of 3M expert Crawford admissible. Dkt. 2218,

at *49. By distinguishing excluded opinions of past 3M experts, the Court found

Crawford necessarily considered other potential causes of the plaintiffs' injuries,

---

[17]  PX12(Chatham-(Kelley)-2,  5);  PX11(Chatham-Dep-(1/28/2022)-68:21-69:3, 71:6-76:16) (████████████████████████████████████████████████████████████████████);
*see* PX13(D_A_Kelley-VA-001524).
[18] PX12(Chatham-(Kelley)-2); PX14(D_A_Kelley-001544-001547).
[19] PX12(Chatham-(Kelley)-2).
[20] *Id.* at 7 (emphasis added).

including noise exposure and other alternatives. *Id.*; *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 765019, at \*7-9 (N.D. Fla. Feb. 28, 2021).



In contrast, Chatham ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████[22]

*See* Dkt. 2218, at \*55-57; *In re 3M Combat Arms Earplug Prods. Litig.*, 2021 WL 765019, \*9. He admits as much.[23] He merely cites ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████ His

opinions are inherently speculative and he has no foundation to opine as to ████████

████████████████. *Hendrix*, 609 F.3d at 1197; Fed. R. Evid. 702.

---

[21] PX11(Chatham-Dep-(1/28/2022)-48:13-49:15).
[22] PX12(Chatham-(Kelley)-7-8).
[23] PX11(Chatham-Dep-(1/28/2022)-48:13-49:15, 55:8-59:8).
[24] PX12(Chatham-(Kelley)-4-6).
[25] PX11(Chatham-Dep-(1/28/2022)-83:8-97:8).
[26] *Id.*

### b. *Chatham's Opinions Are Equivocal and Not Helpful to the Jury.*

Chatham's opinions also require exclusion as he fails to sufficiently opine as

to █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

Assuming this demonstrates ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[27] *Id.* at 45:3-46:8.
[28] *Id.* at 47:4-48:4, 50:13-23.
[29] PX12(Chatham-(Kelley)-7).
[30] PX14(D_A_Kelley-001544-001547).
[31] PX12(Chatham-(Kelley)-8).
[32] PX11(Chatham-Dep-(1/28/2022)-52:4-23).

██████████████████████████████████████████

███████████████████████████████

Chatham relies upon ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

An expert who ██████████████████████████████

████████████████████████████████. *See In re Abilify (Aripiprazole) Prod.*

*Liab. Litig.*, 299 F. Supp. 3d at 1307 (N.D. Fla. 2018); *In re Deepwater Horizon Belo*

*Cases*, 2020 WL 6689212, at *10 (N.D. Fla. Nov. 4, 2020). Here, however, ███████

████████████████████████████████████████

███████████████████ That opinion is entirely unhelpful to the jury in

---

[33] PX12(Chatham-(Kelley)-5).
[34] ████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████
[35] PX11(Chatham-Dep-(1/28/2022)-77:1-81:5).
[36] *Id.* at 81:6-83:7.

determining whether 

An opinion that ███████████████████ has very little probative

value and is unhelpful to the jury. *See Drs. Licensure Grp., Inc. v. Cont'l Cas. Co.*,

2011 WL 13182969 (N.D. Fla. Sept. 26, 2011),(N.D. Fla. Sept. 26, 2011); *see* Fed.

R. Civ. 403. Chatham's opinions are inherently speculative and nothing more than █

As such, Chatham's opinions are irrelevant. *Allison,* 184 F.3d at 1320

(11th Cir. 1999).

Chatham's opinions have virtually no probative value and have a substantial

risk of confusing the jury as to ███████████████████. *Frazier*,

387 F.3d at 1263. Thus, Chatham's opinions require exclusion based on "reliability,

helpfulness, and 403 grounds." *See In re: 3M Combat Arms Earplug Prods. Litig.*,

2021 WL 6327375, *4 (N.D. Fla. Sept. 2, 2021).

2.  *Crawford (Kelley, Wilkerson)*

  a.  ***Whether the CAEv2's Defects*** ████████████████
  ███████.

The Court previously ruled in Group C that Crawford's design defect opinion was not admissible in this litigation.[37] Because ████████████████████

████████████████████████████████████████████

████████████████████████████████████.[38]

  b.  ***Whether*** ████████████████████████.

Crawford concedes that ████████████████████████████

████████.[39] However, Crawford cannot opine to a reasonable degree of medical certainty that ████████████████████████████████

████████████████████████████████████████

████████  *See E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995). Instead, Crawford's opinion only states ████████████████

████████████████████████ That is insufficient. An expert determining

████████████████████████████████████ or his opinion is little more than speculation. *See id.* at 559. Where ████████████████████

████████████████████████, the expert's opinion is irrelevant. Thus,

---

[37] Dkt. 2218 at 42.
[38] PX18(Crawford-(Kelley)-3, 24-25); PX19(Crawford-(Wilkerson)-2-3, 16-18).
[39] PX18(Crawford-(Kelley)-23-24).

Crawford's opinion that █████████████████████████████████████████

████████████ should be deemed inadmissible under applicable law.

      ***c.***    ***Whether*** ████████████████████████████.

    Crawford noted that ███████████████████████████████████████

███████████████████████████.[40] However, Crawford admitted

that ████████████████████████████████████.[41] Regardless of

whether ████████████████████████████████, Crawford

should not be permitted to opine on this issue because ███████████████

████████████████████████.[42] Further, Crawford is ███

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████.

      ***d.***    ***Whether*** ██████████████████████████

████████████████████.

    Crawford's opinion that ████████████████████████████████

███████████████████ violates the collateral source rule and the Court's

previous Orders excluding such evidence.[43]

---

[40] *Id.*
[41] PX20(Crawford-Depo-(Kelley-1/26/2022)-14:9-14).
[42] *See generally* Dkt. 2290 at 8-9.
[43] Dkt. 1729 at 3, Dkt. 2218 at 44.

e.   ***Whether*** ███████████████████████
███████████████████████.

Crawford should not be permitted to testify that ████████████
███████████████████████. First, ████████████
███████████.[44] Second, Crawford cannot and did not offer the opinion to a
reasonable degree of medical certainty that ████████████████
███████████████████. Crawford's ultimate opinion is simply that
█████████████████████████████████
███████████.[45] For these reasons, Crawford should not be permitted to
testify that ████████████████████████

f.   ***Testimony by Crawford Concerning*** ███████████
***Should be Excluded.***

While Crawford does not offer a final opinion regarding ███████
█████████████████████████████████
██████████████████.[46] As noted below with
regard to the Flamme/Stephenson opinions, the Court previously excluded
substantially similar opinions. Dkt. 2218 at 32-34. Thus, Crawford's reference to
███████████ should be excluded at trial.

--------------------

[44] PX19(Crawford-(Wilkerson)-18).
[45] *Id.* at 19.
[46] *Id.* at 16-17, 19.

3.    *Jacobs (Vaughn, Wilkerson)*

   a.    *Jacobs' Opinions About Wilkerson Should be Excluded.*

Jacobs fails to apply a reliable methodology in support of his opinion that

███████████████████████████████████████████████████

███████ .[47] He testified in this matter that ███████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ .[48] It is

Jacobs' testimony that █████████████████████████████████████████

███████████████████████ .[49] In fact, █████████████████████████

███████████████████████████████████████████████ .[50]

Jacobs has disregarded ██████████████████████████████████████

██████████████████ .[51]

   Jacobs' opinions regarding ████████████████████████████████

████████████████████████████ and must be prohibited in line with the

rulings in Groups B and C. Dkt. 1910 at 23; Dkt. 2290. Jacobs concludes that,

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[47] PX21(Jacobs-(Wilkerson)-3).
[48] PX22(Jacobs-Dep-(1/21/2022)-103:22-104:7).
[49] *Id*. at 103:22-104:7.
[50] PX23(Wilkerson-Dep-(10/01/2021)-417:16-18).
[51] PX22(Jacobs-Dep-(1/21/2022)-161:4-7).

██████████████████████████████[52] Here again he entirely disregards

████████████████████████████████████████████████████████████

████████████████████.

Similarly, Jacobs must be prohibited from testifying regarding ████████████

███████████████████████████████████████.[53] Merely

restating and comparing how ██████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████. Dkt. 1910 at 23; Dkt. 2290 at 9-13.

Jacobs' opinions regarding █████████████████████████████████

████████████████████████ must be prohibited.[54] Jacobs testified that

██████████████████████████████.[55] He further reiterated that, though

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Jacobs' ██████████████████ must be excluded, as he has conceded that he

████████████████████████████████████████████████████████████

---

[52] PX21(Jacobs-(Wilkerson)-3).
[53] *Id.*
[54] *Id.*
[55] PX22(Jacobs-Dep-(1/21/2022)-127:20-22).
[56] *Id.* at 128:1-7.
[57] *Id.* at 128:17-20.

████████████████████████████.[58] Contrary to Jacobs' opinions, █████████

████████████████████████████████████████████████████

███████████████████████████████████.[59]

    Finally, Jacobs opines: ████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████[61] Here again,

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████.[62] Further,

it is Jacobs' understanding that ████████████████████████████████████

████████████████████████[63] In fact, ███████████████████████████

█████████████████████████████████████████████████████

██████████████████████.[64]

---

[58] *Id.* at 216:11-20.
[59] PX23(Wilkerson-Dep-(10/01/2021)-227:19-228:8).
[60] PX21(Jacobs-(Wilkerson)-4).
[61] PX23(Wilkerson-Dep-(10/01/2021)-95:20-22; 384:1-5).
[62] PX22(Jacobs-Dep-(1/21/2022)-111:7-17; 112:17-22).
[63] *Id.* at 119:13-120:3; 120:5-17.
[64] *Id.* at 169:13-21.

To the extent ████████████████████████████████████████
even qualifies as an expert opinion, it should be excluded because it is not the
product of any supposed methodology much less one that is "sufficiently reliable"
to satisfy Rule 702.

    **b.**    *Jacobs' Opinions About Vaughn Should be Excluded.*

Jacobs' report fails to provide sufficient methodology to support his opinion
that ██████ ████████ ████████ ████████ ████████ ████ ████

████████████████████████████████████████████████

██████[65] His report makes it clear that this opinion is ████████████████

████████████████████████████[66] Asked at his deposition to identify
the basis of his opinions related to Vaughn, Jacobs provided: ████████████

████████████████████████████████████████████████

████████████████████████████████████████[67] Here
again, ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[65] PX24(Jacobs-(Vaughn)-3).
[66] *Id*. at 40.
[67] PX22(Jacobs-Dep-(1/21/2022)-58:20-24).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████

Jacobs' opinions regarding ████████████████████ must be excluded.

He opines that ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████[71]

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[68] *Id.* at 78:10-12.
[69] PX25(Vaughn-Dep-(10/8/2021)-344:23-25).
[70] *Id.* at 352:24-353:1.
[71] PX24(Jacobs-(Vaughn)-3; 41).
[72] PX25(Vaughn-Dep-(10/8/2021)-343:16-21).
[73] *Id.* at 335:8-12.



Jacobs provides no support or methodological basis for his opinion that

refutes

his position.

Jacobs' opinion that

is outside the purview of his expertise.[79] Of course,

---

[74] *Id*. at 335:8-336:19.

[75] PX24(Jacobs-(Vaughn)-3).

[76] *Id*. at 42.

[77] PX25(Vaughn-Dep-(10/8/2021)-333:17-23).

[78] *Id*. at 360:4-5.

[79] PX24(Jacobs-(Vaughn)-3; 47).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Therefore, he

relies here on ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

     Jacobs has not applied any methodology or expertise as required in reaching

his opinions regarding Vaughn. ████████████████████████████

Accordingly, these opinions should be excluded.

    **4.**     ***Pappas (Vaughn)***

     Defendants offer Pappas as a case-specific expert in the *Vaughn* case. Among

other things, Pappas intends to offer an opinion that ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████[82] At deposition, Pappas

---

[80] PX25(Vaughn-Dep-(10/8/2021)-367:4-6).

[81] *Id.* at 384:13-385:23.

[82] PX26(Pappas-(Vaughn)-43); PX27(Pappas-Dep-(1/25/22)-87:17-89:13, 162:20-165:12, 169:5-170:15).

confirmed he applied no particular expertise or methodology to these opinions; ███

███████████████████████████████████████████████████

████████████████████████████████████████████ [83]  Besides

confirming that he used no reliable methodology for these opinions, the broader

problem is that ██████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████ █ ██████ █████ ███████ ██████████ ████

███████████

For these reasons, the Court should exclude Pappas's opinions ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████.

Additionally, in his report, Pappas references ███████████████

██████████████████████████████████████████████████ [84]

Consequently, any testimony concerning ████████████████████  is

---

[83] PX27(Pappas-Dep-(1/25/22)-170:16-173:14).
[84] *See* PX26(Pappas-(Vaughn)-9).

immaterial and would only serve to confuse the jury.[85] Further, Pappas should be prohibited from giving any undisclosed opinion concerning same at trial.[86]

5. ***Flamme & Stephenson (Vilsmeyer, Wilkerson)***

a. ***Flamme & Stephenson's Opinions Relating to***  ***Should be Excluded (Vilsmeyer, Wilkerson).***

Consistent with prior rulings, the Court should exclude Flamme & Stephenson's testimony suggesting ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████

For instance, Flamme & Stephenson ████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[85] *See* Fed. R. Civ. P. 402, 403; *see also* Dkt. 2218 at 32-34.
[86] *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (expert's written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them.").
[87] PX28(Stephenson-Dep-(1/12/2022)-303:7-15).

25

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ *See In*

*re 3M*, 2021 WL 830309 at *5; *In re 3M*, 2021 WL 684183 at *2-3; *In re 3M*, 2021

WL 6327375, at *5 (N.D. Fla. Sept. 2, 2021); Dkt. 2218 at 31.  Thus, such testimony

should be excluded.

   b.    ***Flamme  &  Stephenson's  Opinion  That*** ████████████
███████████████████ ***Should be Excluded (Vilsmeyer,***
***Wilkerson).***

   Flamme & Stephenson opine that ████████████████████████████

████████████████████████████████████[90] The  Court  previously

excluded substantially similar opinions, and this testimony should be excluded here

on reliability, helpfulness, and 403 grounds. ████████████████

   There  is  no  evidence  of ████████████████████████████████

████████████████████████████████████████████████████

---

[88] PX29(Flamme&Stephenson-(Wilkerson)-48).
[89] PX30(Flamme&Stephenson-(Vilsmeyer)-44).
[90] *Id.* at 35, 56, 62; PX29(Flamme&Stephenson-(Wilkerson)-29, 58, 64).
[91]   PX30(Flamme&Stephenson-(Vilsmeyer)-35);      PX29(Flamme&Stephenson-
(Wilkerson)-29); ████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████ Such testimony is especially unhelpful here where

███████████████████████████████████████

████████████████████████████████████.[94] The

Court should therefore exclude this testimony.

       c.    ***Flamme & Stephenson's Opinion That*** ████████████
                ███████████████████ ***Should be Excluded (Wilkerson).***

    Flamme & Stephenson ████████████████████████████

███████████████████████████████████████

─────────────────

███████████████████████████████████████
███████████████████████████████████████
███████████

[92] *Johnson v. Crown Equip. Corp.*, 2021 WL 6072437, at *4 (N.D. Ga. Dec. 23, 2021) (expert testimony lacks "fit" where "a large analytical leap must be made between the facts and the opinion.") (citing *McDowell v. Brown*, 392 F.3d 1283, 1298-99 (11th Cir. 2004)).

[93] PX33(Flamme-Dep-(1/11/2022)-174:17-175:3; 278:11-20); PX28(Stephenson-Dep-(1/12/2022)-156:3-15; 157:17-23; 306:20-307:1).

[94] PX28(Stephenson-Dep-(1/12/2022)-160:16-161:1; 308:4-309:21).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

This testimony is also unhelpful and confusing to the jury here where Flamme

& Stephenson are only opining ██████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████[97] The opinion should therefore

be excluded on reliability, helpfulness, and 403 grounds.

   **d.**   ***Flamme & Stephenson's*** ████████████████ ***Opinions Should be Excluded (Vilsmeyer, Wilkerson).***

Flamme & Stephenson opine that █████████████████████████

███████████████████████████████████████████████

---

[95] PX29(Flamme&Stephenson-(Wilkerson)-24, 29, 58-59, 61, 63-64.

[96] PX28(Stephenson-Dep-(1/12/2022)-169:20-170:16).

[97] PX29(Flamme&Stephenson-(Wilkerson)-29) (█████████████████████████████████████████████████████); PX33(Flamme-Dep-(1/11/2022)-132:17-133:4; 134:16-135:16).



██████████████.[98] This testimony should again be excluded on reliability, helpfulness, and 403 grounds. ████████████████

They again cite no evidence ██████████████████████ ████████████████████████.[99] ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████[100]

Further, consistent with the Court's prior ruling, Flamme & Stephenson should not be permitted to ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[98] PX30(Flamme&Stephenson-(Vilsmeyer)-32-35, 57); PX29(Flamme&Stephenson-(Wilkerson)-26-29, 59).

[99]    PX30(Flamme&Stephenson-(Vilsmeyer)-57);    PX29(Flamme&Stephenson-(Wilkerson)-59).

████████████████████████████████████████

████████████████████████████████████████

[101]  PX30(Flamme&Stephenson-(Vilsmeyer)-32-35);  PX29(Flamme&Stephenson-(Wilkerson)-26-29).

[102]   Flamme's production of ██████████████████████ ██████████████ does not make their testimony reliable under Fed. R. Evid. 702.



███████████████████████████████████████████████[103] Accordingly,

their opinions should be excluded on reliability, helpfulness, and 403 grounds.

  e.  ***Flamme & Stephenson's Opinions Regarding*** ███████████
   ***Should be Excluded (Vilsmeyer, Wilkerson).***

Flamme & Stephenson opine that ████████████████████████████

███████████████████████████████████████████████

███████████████████████████[104] However, ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████  Further, none of the additional

---

PX30(Flamme&Stephenson-(Vilsmeyer)-35);  PX29(Flamme&Stephenson-(Wilkerson)-29).  *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (expert's written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them.").

[103] *Frazier*, 387 F.3d at 1261 (experts must show "how [their] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion and how that experience is reliably applied to the facts.").

[104] PX30(Flamme&Stephenson-(Vilsmeyer)-35-36);  PX29(Flamme&Stephenson-(Wilkerson)-30).

[105] PX33(Flamme-Dep-(1/11/2022)-90:14-91:9, 93:11-94:21).

██████████████████████████████████████████████████████

████████████████████████████████████. This testimony should be excluded on

reliability, helpfulness, and 403 grounds.

> **f.**  **Flamme & Stephenson's Opinions Regarding** ██████████████
> **Should be Excluded (Vilsmeyer).**

The Court should exclude as unreliable Flamme & Stephenson's opinion that

██████████████████████████████████████████████████████

██████████████[106]  ███████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████ renders these opinions unreliable, and mere *ipse dixit*.

This testimony should therefore be excluded on reliability, helpfulness, and 403

grounds.

---

[106] PX30(Flamme&Stephenson-(Vilsmeyer)-32-35).
[107] *Id.* at 54.
[108]    PX33(Flamme-Dep-(1/11/2022)-219:1-220:12);    PX28(Stephenson-Dep-(1/12/2022)-257:14-260:14).

The same is true for Flamme & Stephenson's opinion that ██████████████

████████████████████████████████████████ [109] ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ . [110]

6. **Phillips (Vilsmeyer)**

a. **Whether** ████████████████████████████

████████████████████████

Phillips concedes that ████████████████████████████████████

████████████████████████████████████████████████████

████████ . This opinion is based on ████████████████████████████

████████████████████████████████████████████████

████████ . [111] From there, Phillips speculates that ████████████████

████████████████████████████████████████████████████

████████ [112]

However, Phillips admits ████████████████████████████████

████████████████████████████████████████████████

_____

[109] PX29(Flamme&Stephenson-(Wilkerson)-63).

[110]  *Id.* at 22-24, 58-59, 63; PX33(Flamme-Dep-1/11/2022-138:9-15, 158:14-159:25); PX28(Stephenson-Dep-1/12/2022-164:7-166:11).

[111] PX35(Phillips-(Vilsmeyer)-28).

[112] *Id.*

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████. Instead, he offers an opinion that is mere *ipse dixit – i.e.*, a hunch that admittedly rests on no methodical investigation of the facts.

Phillips further admitted in his deposition that █████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

───────────────

[113] PX36(Phillips-Depo-(1/26/2022)-91:25-95:12).
[114] *Id.* at 86:25-87:9.
[115] *Id.* at 74:25-75:16.
[116] *Id.* at 77:14-15.
[117] *Id.* at 75:19-20.
[118] *Id.* at 83:22-23.

███████████████████████████████████████████████

███████████████████████████████████

████████████████████[120] These opinions suffer from the same logical flaws that undermine Phillips' opinions that ███████████████████████████████ █████████ they are not the product of a reliable methodology. Furthermore, he contradicts these opinions elsewhere in his report, where he admits that ███████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████[121]

In light of these admissions, Phillips should not be permitted to opine ████

███████████████████████████████████████████

████████ These opinions amount to mere speculation not predicated upon "scientifically valid principles, reasoning and methodology." *Navelski,* 244 F. Supp. 3d at 1286. Phillips' candid admissions ████████████████████████████

███████████████████████████████████████████

██████████████████ further underscores that his opinions are based on nothing more than a hunch. Rule 702 requires more than such unfounded guesswork.

---

[119] PX35(Phillips-(Vilsmeyer)-35).
[120] *Id.* at 42.
[121] *Id.* at 38.

███ ***Whether*** ███████████████████████████████████
██████

Phillips' opinion that ████████████████████████████████

████████████████████ is unreliable and unhelpful. ██████████████

████████████████████████████████████████████████████ ██

████████████████████████████████████████████████████ ██

████████████████████████████████████████████████████

████████████████████████████ █ ██████████████████████

████████████████████████

Indeed, ███████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ is not based on a reliable

methodology, is unhelpful, will only serve to confuse the jury, and should be

excluded. Fed. R. Evid. 702, 403; ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

---

[122] *See*   PX37(LaBorde-Dep-(9/9/2021)-176:13-177:8);   PX38(Jones-Dep-(9/10/2021)-101:8-19; 103:5-6).
[123] PX35(Phillips-(Vilsmeyer)-39).
[124] *Id.*

c.   *Whether* ████████████████████████████
████████

Phillips also opines that ████████████████████████████

███████████████████████████████.[125] However, no

evidence exists to suggest ████████████████████████████

██████████████████████. The only article Phillips cites in support of this opinion

████████████████████████████████████████

████████████████████████████████████████

███████████████████████[126] Neither that paper nor Phillips's

report set forth any well-established analysis for determining whether ████████████

████████████████████████████████; *In re Abilify*

*(Aripiprazole) Prod. Liab. Litig.*, 299 F. Supp. 3d 1291, 1307 (N.D. Fla. 2018).

Accordingly, Phillips's opinion that ████████████████████████████

████████████████████████████████████████

███████████████████████████████; *Frazier*, 387 F.3d

at 1263 ("[E]xpert testimony may be assigned talismanic significance in the eyes of

lay jurors, and, therefore, the districts must take care to weigh the value of such

---

[125] *Id.* at 43.

[126] ████████████████████████████████████████
████████████████████████████████████████
██████████████████████

evidence against its potential to mislead or confuse."). The opinions therefore should be excluded on reliability, helpfulness, and 403 grounds.

      **d.**    ***Whether*** ██████████████████████████████

Phillips's opinion that ███████████████████████████ is unhelpful and unreliable. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ will serve only to confuse the jury and should be excluded.

      **e.**    ***Whether*** ████████████ ████ ██████ █████
████████████████████

Phillips opines that ██████████████████████████

███████████████████████████████████[129] In his deposition,

Phillips admitted that ████████████████████████████

████████████████████[130] In the absence of any scientific evidence

establishing that █████████████████████████████████



[127] ████████████████████████████████████████
██████

[128] PX44(Vilsmeyer-Dep-(10/5/2021)-110:9-11; 231:6-232:4; 239:14-241:14).
[129] PX35(Phillips-(Vilsmeyer)-2).
[130] PX37(Phillips-Dep-(1/26/2022)-22:6-16; 24:20-26:7).

Phillips should be precluded from opining that ██████████████████████

████████████. Fed. R. Evid. 403.

     **f.**    ***Whether*** ██████ ██ ████ ██ ███ ██ ████ ███████
█████████

The Court should also exclude Phillips's testimony that ██████████████



opinion should be excluded. Fed. R. Evid. 403, 702.

     **7.**    ***Jones & LaBorde (Wilkerson)***

         **a.**    ***Jones & LaBorde's Opinion That*** ████████████
                          ***Should be Excluded at Trial.***

Jones and LaBorde co-authored a joint report in which they opine that ████

█████████████████████████████[134] This argument

is a red herring, is based on pure speculation, is unreliable and unhelpful to the

jury, and must be excluded. *Arch Specialty Ins. Co.*, 2020 WL 5848317, at \*5

---

[131] PX35(Phillips-(Vilsmeyer)-31, 41).

[132] *Id.* at 16.

[133] *Id.*

[134] PX42(Jones&LaBorde-(Wilkerson)-15).

(M.D. Fla. Oct. 1, 2020). ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ There is no scientific basis

for that opinion ███████████████████████████. Jones admitted that

███████████████████████.[136] Laborde stated that █████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████  Jones and Laborde's opinion regarding ██████████████ is

unreliable and unhelpful to the jury and therefore must be excluded. The probative

value of this opinion is substantially outweighed by its potential to confuse or

mislead the jury, which warrants exclusion. Fed. R. Evid. 403; *Frazier*, 387 F.3d

at 1263.

---

[135] *Id.*
[136] PX39(Jones-Dep-(1/28/2022)-102:3-11).
[137] PX40(LaBorde-Dep-(1/28/2022)-19:12-16).

b.     ***Jones & LaBorde's Opinion That***
█████████████████████████████████████
***Should Also be Excluded.***

Additionally, Jones and LaBorde state in their report that ████████████ ████████████████████████████████████.[138] This opinion is not based upon scientifically valid principles, reasoning, or methodology. It is Defendants' burden to show that LaBorde's and Jones' opinion is based on scientifically valid principles. Laborde admitted that ██████████████ ████████████████████████████████████.[139]

Therefore, Jones' and LaBorde's opinion that ████████████████ █████ is unreliable and should also be excluded.

At the recent Sloan/Wayman trial, LaBorde testified ██████████ ████████████████████████████████████ █████████ appear in LaBorde's general expert report or her case-specific report in *Wilkerson*.[141] Such undisclosed personal use testimony by LaBorde (████ ████████████████████████████████████ ██████████████████) is improper, lacks any reliable scientific basis or

---

[138] PX42(Jones&LaBorde-(Wilkerson)-20).
[139] ████████████████████████████████
[140] ████████████
[141] *See generally* PX8(LaBorde-(General)); PX42(Jones&LaBorde-(Wilkerson).

methodology, is highly prejudicial under Rule 403, and should be excluded at trial

in *Wilkerson* and all of the Group D cases.

## IV.   <u>CONCLUSION</u>

For these reasons, Plaintiffs respectfully request the Court grant Plaintiffs'

motion.

<u>Date</u>: February 4, 2022    Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ,
PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
**Plaintiffs' Lead Counsel & Counsel for
Plaintiff James Beal**

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
**Plaintiffs' Co-Lead Counsel**

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
**Plaintiffs' Co-Lead Counsel**

42

Keith M. Jensen
(Admitted Pro Hac Vice)
Texas Bar No. 10646600
JENSEN & ASSOCIATES
1024 N. Main Street
Fort Worth, TX 76164
817-334-0762
kj@jensen-law.com
**Counsel for Plaintiff Steven Wilkerson**

Joseph L. Messa
Ashley B. DiLiberto
(Admitted Pro Hac Vice)
JM2878/ AD9331
MESSA & ASSOCIATES, P.C.
123 S. 22nd St.
Philadelphia, PA 19103
215-568-3500
215-568-3501 (fax)
jmessa@messalaw.com
adiliberto@messalaw.com
**Counsel for Plaintiff Luke Vilsmeyer**

Trent Miracle
(Admitted Pro Hac Vice)
Illinois Bar No. 6281491
Dan Blouin
(Admitted Pro Hac Vice)
New York Bar No. 4289021
John J. Foley
(Admitted Pro Hac Vice)
Illinois Bar No. 6288152
SIMMONS, HANLY, CONROY
One Court Street
Alton, IL 62002
618-259-2222
618-259-2251 (fax)
tmiracle@simmonsfirm.com
dblouin@simmonsfirm.com
jfoley@simmonsfirm.com

43

**Counsel for Plaintiff Denise Kelley**

Gerard Guerra
(Admitted Pro Hac Vice)
Missouri State Bar No. 42703
ONDERLAW, LLC
110 East Lockwood Ave.
St. Louis, MO  63119
314-963-9000
314-228-0132 (fax)
guerra@onderlaw.com
**Counsel for Plaintiff Jonathon Vaughn**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that they conferred with Defendants' counsel on February 2, 2022 regarding the foregoing motion but were unable to resolve the issue with Defendants.

*/s/ Bryan F. Aylstock*

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH COURT'S WORD LIMIT</u>

I hereby certify that the foregoing contains 8,231 words and complies with the Court's directive on July 12, 2021 that *Daubert* motions have no more than 1,350 words per new issue and 1,350 words per new expert.

<u>/s/ Bryan F. Aylstock</u>

46

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan F. Aylstock*