IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to:<br>  *James Beal*<br>  Case No. 7:20-cv-00006<br><br>  *Denise Kelley*<br>  Case No. 7:20-cv-00153<br><br>  *Jonathon Vaughn*<br>  Case No. 7:20-cv-00134<br><br>  *Luke Vilsmeyer*<br>  Case No. 7:20-cv-00113<br><br>  *Steven Wilkerson*<br>  Case No. 7:20-cv-00035 | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**DEFENDANTS' MOTION TO PRESERVE *DAUBERT* AND RULE
702 MOTIONS AND ARGUMENTS PREVIOUSLY RULED UPON**

Defendants 3M Company and Aearo (collectively, "Defendants") pursuant to the Court's instruction provided on July 12, 2021, respectfully file this motion to (1) preserve all listed motions and arguments to the extent that the Court has previously denied them, and (2) re-assert the listed motions and arguments to the extent they have been a basis for the Court to grant Defendants' prior *Daubert* motions and/or exclude Plaintiffs' experts.  Defendants incorporate arguments on each Motion by

1

reference to sections of Defendants' Omnibus Motion to Exclude Plaintiffs' [Group A] Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum in Support Thereof (ECF 1606) ("Group A"), Defendants' Omnibus Motion To Exclude Plaintiffs' Group B Putative Expert Opinions Under *Daubert* and Rule 702 And Incorporated Memorandum (ECF 1864) ("Group B"), and Defendants' Omnibus Motion To Exclude Plaintiffs' Group C Putative Expert Opinions Under *Daubert* And Rule 702 And Incorporated Memorandum (ECF 2042). Defendants further identify where these previous motions and arguments are made against new experts, or existing experts making new arguments, that Plaintiffs have designated for the Group C cases.

## List of *Daubert* Motions And Arguments:

- Several Experts Impermissibly Act As Attorney Mouthpieces — Summarizing Evidence Is Not Helpful Or Reliable Opinion. (Group A § I.A.)

- Several Experts Impermissibly Act As Attorney Mouthpieces — Experts Cannot Offer Legal Conclusions. (Group A § I.B.; Group B § IV.B.)

  - This motion and argument also is asserted against Plaintiffs' expert Hamid Djalilian.

- Several Experts Impermissibly Act As Attorney Mouthpieces — State-of-Mind Opinions Are Impermissible. (Group A § I.C.; Group B § IV.B.)

  - This motion and argument also is asserted against Plaintiffs' expert Hamid Djalilian.

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their "Safety Culture" Opinions Lack Any Methodology Or A Sufficient Factual Basis. (Group A § II.A.)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Do Not Account For Objective, Empirical Evidence Establishing Many Soldiers Did Not Use Hearing Protection. (Group A § II.B.)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Impermissibly Speculate About Soldiers' State of Mind. (Group A § II.C.)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Do Not "Fit" With The Facts Of Any Plaintiff. (Group A § II.D.)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Plaintiffs' Experts' Evaluations of the CAEv2 Are Unreliable. (Group A § III.A.)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — The Opinions of David Eddins And Robert Juneau Should Be Excluded. (Group A § III.B.)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Certain of Juneau's Other Opinions Should Be Excluded. (Group A § III.C.)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Certain of Franks' Opinions Are Unreliable, Without Foundation, Or Have Been Disavowed. (Group A § III.D.)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Eric Rose Lacks Any Methodology Or Basis For Opining Regarding Alleged Product Defects. (Group A § III.E.)

- Plaintiffs' Experts' Differential Diagnoses Are Unreliable — Other Hearing Protection. (Group A § IV.A.).

    - Defendants assert the arguments in this section regarding experts not properly ruling out user error or use of other HPDs against Group D experts who opine regarding specific causation.

- Plaintiffs' Economic Loss Experts Lack Any Reliable Methodology Reasonably Applied To The Facts — Davis And Kucsma's Opinions On Earning Capacity And Worklife Capacity Should Be Excluded. (Group A § V.A.)

3

- Defendants also direct the Court to additional recent authority supporting Defendants' arguments. *See Sturgis v. R & L Carriers, Inc.*, 2021 WL 3578746, at *6 (N.D. Ind. Aug. 13, 2021) (excluding opinions from Gibson using ACS data because the method must be reliable even if the underlying "data resists error").

- Plaintiffs' Economic Loss Experts Lack Any Reliable Methodology Reasonably Applied To The Facts — Johnson Simply Copies Publicly Financial Figures Without Any Analysis Or Expert Opinion. (Group A § V.B.)

- Hidden Hearing Loss Opinions Do Not Fit Plaintiffs' Facts. (Group A § VI.A.-VI.C)

  - This motion and argument also is asserted against Plaintiffs' experts Hamid Djalilian and James Hall.

- Plaintiffs' Experts' Opinions Regarding PTSD Are Speculative And Inadmissible — Fagelson, An Audiologist, Lacks the Qualifications To Opine About Medical Conditions Such as PTSD, Mental Health, Or Sleep Disorders. (Group A § VII.A.)

  - This motion and argument also is asserted against Plaintiffs' experts Moises Arriaga and Christopher Spankovich.

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — Arriaga Is Not Qualified To Offer Opinions Regarding Product Testing, Labelling, Or Design Features. (Group A § VIII.A.)

  - This motion and argument also is asserted against Plaintiffs' expert James Hall.

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — Bielefeld's Opinions About Employment Rates, Earning Capacity, Mental Health Issues And Dementia Are Improper And Inadmissible. (Group A §VIII.B.)

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — McKinley Has No Expertise In ISO 9001. (Group A § VIII.C.)

- Other Opinions Should Be Excluded — Packer's Opinions Regarding Estes's Or Baker's Comorbidities Are Speculative And Unreliable. (Group A § IX.A.)

- Other Opinions Should Be Excluded — McKinley's Opinions About Defendants' Quality Testing Program Should Be Excluded. (Group A § IX.B.)

- Other Opinions Should Be Excluded — Madigan Should Not Be Allowed To Testify Regarding Causation. (Group A § IX.C.)

- Plaintiffs' Hidden Hearing Loss Opinions Are Unreliable, Speculative, And Not Based On Any Methodology. (Group B § I.A-B.)

  - This motion and argument also is asserted against Plaintiffs' experts Hamid Djalilian and James Hall.

- Plaintiffs' Experts Have No Basis For Opinions That Any CAEv2 Defect Caused Plaintiffs' Alleged Injuries. (Group B § II.C.)

  - Defendants assert this argument against each of Plaintiffs' Group D experts that opines regarding specific causation and did not fit the Plaintiff with the CAEv2 or measure the Plaintiff's ear canals.

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Offer Any Opinions About Hearing Loss and Tinnitus. (Group B § IV.C.)

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Opine About Method B Approximating The CAEv2's Performance For Soldiers. (Group B § I.D.)

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Opine About What Information 3M Should Have Provided To The Military. (Group B § I.E.)

- Opinions Related To Camarillorazo Should Be Excluded — Spankovich's Differential Diagnosis Is Unreliable. (Group C § I.A.1)

- Opinions Relating To Finley Should Be Excluded — Arriaga And Ezelle Cannot Opine That Hearing Loss Exacerbates Finley's Mental Issues. (Group C § I.B.5)

- Opinions Related To Montero Should Be Excluded — Packer Did Not Perform A Proper Differential Diagnosis For Montero — Other HPDs. (Group C § I.C.2.b)

- Opinions Related To Montero Should Be Excluded — Packer Cannot Testify About Future Prognosis. (Group C § I.C.3)

- Lustig Did Not Conduct A Proper Differential Diagnosis Of Palanki — Other HPDs. (Group C § I.D.2)

5

- Defendants assert this argument against each of Plaintiffs' Group D experts who offer specific causation opinions, as none of these experts adequately rule out whether individual plaintiffs could not have experienced hearing damage while wearing other hearing protection.

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — The Court Should Continue To Exclude Eddins' Opinions Regarding His hMIRE Testing. (Group C § II.A)

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — Hall's Opinions Should Be Excluded.  (Group C § II.C)

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — Djalilian's HHL Opinions Are Precluded Under This Court's Orders.  (Group C § II.D)

- Plaintiffs' Experts Should Not Be Allowed To Act As Attorney Mouthpieces — Djalilian Cannot Offer Legal Or State-Of-Mind Opinions.  (Group C § III.B)

Respectfully submitted:

/s/ Charles F. Beall, Jr.
Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Haley J. VanFleteren
Florida Bar No. 1003674
hvanfleteren@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

/s/ Robert C. "Mike" Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,284 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  February 4, 2022                                  Respectfully submitted,

>                                                             /s/ Robert C. Brock
>                                                             Robert C. "Mike" Brock
>                                                             KIRKLAND & ELLIS LLP
>                                                             1301 Pennsylvania Avenue, N.W.
>                                                             Washington, D.C. 20004
>                                                             Telephone:  (202) 389-5991
>                                                             mike.brock@kirkland.com
>
>                                                             *Counsel for Defendants*
>                                                             *3M Company,*
>                                                             *3M Occupational Safety LLC,*
>                                                             *Aearo Technologies LLC,*
>                                                             *Aearo Holding, LLC,*
>                                                             *Aearo Intermediate, LLC and*
>                                                             *Aearo LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they held a conference to discuss the relief sought in this motion with Plaintiffs' counsel on February 2, 2022. Plaintiffs' counsel represented that they would not agree on February 2, 2022.

Dated: February 4, 2022　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　/s/ Robert C. Brock
　　　　　　　　　　　　　　　　　　　　　Robert C. "Mike" Brock
　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 389-5991
　　　　　　　　　　　　　　　　　　　　　mike.brock@kirkland.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　　　*3M Company,*
　　　　　　　　　　　　　　　　　　　　　*3M Occupational Safety LLC,*
　　　　　　　　　　　　　　　　　　　　　*Aearo Technologies LLC,*
　　　　　　　　　　　　　　　　　　　　　*Aearo Holding, LLC,*
　　　　　　　　　　　　　　　　　　　　　*Aearo Intermediate, LLC and*
　　　　　　　　　　　　　　　　　　　　　*Aearo LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 4, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

Dated:  February 4, 2022                               Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*