IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to:<br>  *James Beal*<br>  Case No. 7:20-cv-00006<br><br>  *Denise Kelley*<br>  Case No. 7:20-cv-00153<br><br>  *Jonathon Vaughn*<br>  Case No. 7:20-cv-00134<br><br>  *Luke Vilsmeyer*<br>  Case No. 7:20-cv-00113<br><br>  *Steven Wilkerson*<br>  Case No. 7:20-cv-00035 | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT
ANTONY JOSEPH OPINIONS UNDER *DAUBERT* AND
RULE 702 AND INCORPORATED MEMORANDUM**

Defendants 3M Company and Aearo move pursuant to Rule 702 and *Daubert* to exclude the testimony and opinions, in whole or in part, of Plaintiffs' putative expert Antony Joseph.  Specifically, Defendants move to exclude:

1. Antony Joseph's legal opinions.

1

  2.  Antony Joseph's state of mind opinions.

  3.  Antony Joseph's testing and design opinions.

Defendants' Motion is based upon the attached Memorandum in Support; the complete files and records of this action; and such other matters and arguments as may come before the Court.

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs' expert Antony Joseph's opinions related to the propriety of the testing of the Combat Arms Earplug version 2 ("CAEv2") and legal conclusions couched as expert opinions should be excluded.

## ARGUMENT

**A. Dr. Joseph's Legal Opinions Are Inadmissible.**

Dr. Joseph's opinions should also be excluded where they offer impermissible legal opinion. An expert witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *see also Commodores Entm't v. McClary*, 879 F.3d 1114, 1128-29 (11th Cir. 2018). An expert "may not testify as to whether [a] legal standard has been satisfied" or not. *Burkhart v. Washington Metro.*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997); *Cordoves v. Miami-Dade Cnty.*, 104 F. Supp. 3d 1350, 1365 (S.D. Fla. 2015). If testimony "track[s] the language of the applicable statute" or uses a term that "has a specialized legal meaning that is more

2

precise than the lay understanding of the term," the testimony is impermissible. *Burkhart*, 112 F.3d at 1212; *Cordoves v. Miami-Dade County*, 104 F. Supp. 3d 1350, 1365 (S.D. Fla. 2015).

Specifically, Dr. Joseph uses legal terms of art, even though "courts have excluded expert testimony" where the "terms carry special meaning under the law." *Tillman v. C.R. Bard*, 96 F. Supp. 3d 1307, 1325 (M.D. Fla. 2015).

For example. Dr. Joseph opines that the CAEv2 is "defective in its design," and was a "defective device." Ex70 (Joseph Rpt.) at 8, 40. Dr. Joseph further opines that the CAEv2 placed users at an "unreasonable" risk and that Defendants actions were "unreasonable" in nature *Id.* at 9, 33.

Finally, Dr. Joseph opines that Defendants "violat[ed]" ANSI S3.19 and related EPA standards." *Id.* at 26. Indeed, his opinion contains an entire section regarding the Noise Control Act of 1972. *Id.* at 30-34.

Using such terms "goes a step beyond" adequacy and efficacy and ""invade[s] the province of the jury." *In re C.R. Bard Pelvic Repair Sys. Prod. Liab. Litig.*, 2018 WL 4212409, at *3 (S.D. W. Va. Sept. 4, 2018); *see Arevalo v. Coloplast*, 2020 WL 3958505, at *20 (N.D. Fla. July 7, 2020) (holding that testimony that a device was "defective" and "defectively designed," defendant "failed to warn," and defendant acted "unreasonably" were impermissible legal conclusions or legal terms of arts); *In re C.R. Bard Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 4220602, at *3

(S.D.W. Va. 2018) (holding expert testimony using "legal terms of art" such as "defective", "unreasonably dangerous," or "failure to warn," constitute legal conclusions, and are properly excluded).

### B. Dr. Joseph's State of Mind Opinions Are Inadmissible.

Dr. Joseph's opinions about what Defendants knew should likewise be excluded. An expert cannot opine about a person's or organization's state of mind, including intent, knowledge, or motive. *Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006) (affirming exclusion of expert testimony "which contain[s] legal conclusions as to another person's state of mind"); *In re Rezulin*, 309 F. Supp. 2d 531, 546-47 (2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.")

That is precisely what Dr. Joseph seeks to do here. For example, he knows that "3M/Aearo was aware of its own internal REAT test data," or that Mr. Berger "was never aware of designing a Combat Arms earplug" with flange folded back. Ex70 at 29, 33.

### C. Dr. Joseph's Opinions About The Adequacy of 3M's Testing And Design Is Outside His Scope of Expertise.

Dr. Joseph also may not offer opinions outside of the scope of his expertise as to the adequacy of Defendants' REAT testing and the design of the CAEv2. Dr. Joseph is an audiologist by trade. Ex70 at 1-2. He does not have any hearing

4

protection devices that he has designed that are on the market. Ex71 at 96:5-9. Nor has he ever been hired by the government to evaluate, design, or develop a hearing protection device. *Id.* at 100:17-20. He also has never conducted or supervised a REAT test conducted under ANSI S3.19 or ANSI S12.6 *Id.* at 106:3-19. Nevertheless, he offers opinions about the design of the CAEv2 and the propriety of the REAT testing that Defendants conducted. His experience as an audiologist is not sufficient under Rule 702 to proffer testimony to a jury on the specific issues of the testing of the CAEv2. *Trevino v. Bos. Sci. Corp.*, 2016 WL 2939521, at *13 (S.D. W. Va. May 19, 2016). According to his CV, he has never served on an ANSI committee. *Id.* at 44-45. To be sure, a close look at the qualifications section of his report reveals nothing about any expertise he has in conducting REAT testing, evaluating REAT testing, and understanding the methods used for such type of testing. *Id.* at 1-6. Unlike Dr. Eddins (who did conduct his own testing, including REAT testing), Joseph did not. *Compare* Ex71 at 195:21-197:20, 199:13-201:5 (no testing or study) *with* ECF No. 1680 (Group A Order) at 59 (discussing Eddins). Though Dr. Joseph may be qualified to offer opinions about other topics, design of hearing protection devices and REAT testing are far afield of his expertise. His opinions on this score should be excluded.

    Nor is there any reliable basis for Joseph's opinion that the CAEv2's design is "defective" or that there are safer alternative designs. Joseph concededly

5

conducted no study to analyze whether or not the CAEv2 was more likely to loosen in users' ears versus other premolded earplugs. Ex71 at 199:13-201:5.

## CONCLUSION

Defendants respectfully request that the Court exclude the opinions of Dr. Joseph as described herein.

Respectfully submitted:

/s/ Charles F. Beall, Jr.
Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Haley J. VanFleteren
Florida Bar No. 1003674
hvanfleteren@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

/s/ Robert C. "Mike" Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo*

*Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Judge Herndon on July 12, 2021 conveyed the Court's direction that the parties' *Daubert* motions are limited to 1350 words per new expert and 1350 words per new issue with an existing expert. This motion seeks to exclude, in whole or in part, one Plaintiffs experts, yielding a word limit of 1350. Pursuant to Local Rule 7.1(F) and this Court's direction, counsel for Defendants certify that this memorandum contains 944 words, excluding the case style, motion (which is less than 500 words), tables of contents and authorities, signature block, and certificates of compliance with the Local Rules.

Dated:  February 4, 2022                    Respectfully submitted,


*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants*
*3M Company,*
*3M Occupational Safety LLC,*
*Aearo Technologies LLC,*
*Aearo Holding, LLC,*
*Aearo Intermediate, LLC and*
*Aearo LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they held a conference to discuss the relief sought in this motion with Plaintiffs' counsel on February 2, 2022. Plaintiffs' counsel represented that they would not agree on February 2, 2022.

Dated:  February 4, 2022                              Respectfully submitted,

                                                      /s/ Robert C. Brock
                                                      Robert C. "Mike" Brock
                                                      KIRKLAND & ELLIS LLP
                                                      1301 Pennsylvania Avenue, N.W.
                                                      Washington, D.C. 20004
                                                      Telephone:  (202) 389-5991
                                                      mike.brock@kirkland.com

                                                      *Counsel for Defendants*
                                                      *3M Company,*
                                                      *3M Occupational Safety LLC,*
                                                      *Aearo Technologies LLC,*
                                                      *Aearo Holding, LLC,*
                                                      *Aearo Intermediate, LLC and*
                                                      *Aearo LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 4, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

Dated: February 4, 2022

Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*