# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| | Judge M. Casey Rodgers |
| This Documents Relates to: | Magistrate Judge Gary R. Jones |
| *Sloan,* 7:20cv1 | |
| *Wayman*, 7:20cv149 | |

## OBJECTION TO REPORT AND RECOMMENDATION
## DATED JANUARY 26, 2022

COMES NOW Elliott Berger ("Berger"), by and through his below signed counsel, pursuant to Federal Rule of Civil Procedure 72(a), and N.D. Fla. Local R. 72.3, and hereby objects to the Report and Recommendation of the Magistrate Judge dated January 26, 2022, and filed in this Case 3:19-md-2885 [ECF. 2610], as follows:

On December 22, 2021, Judge Jones entered an Order for an evidentiary hearing to be conducted on December 29, 2021 in Gainesville, Florida. *See Order,* 3:19-md-2885, ECF No. 2357. That Order stated that Elliott Berger and his counsel were to appear before the Court. To the extent Mr. Berger did not voluntarily appear, Mr. Berger was to be subpoenaed.

-1-

Following the entry of that Order, and within less than 24 hours, a subpoena issued from this Court directing Mr. Berger to appear, albeit remotely, and to produce a legion of documents on or before December 27, 2021. An objection was filed by Berger to the sufficiency and reasonableness of the subpoena duces tecum, *See Objection and Motion to Quash,* 3:19-md-2885, ECF No. 2358 filed on Monday, December 27, 2021 prior to the time within which the Plaintiff's subpoena directed compliance. The Magistrate Judge denied Berger's Objection on all of its several basis by Order dated December 28, 2021. *See Order,* 3:19-md-2885, ECF No. 2364. The evidentiary hearing went forward on December 29, 2021. The proceedings before Judge Jones on that date were recorded and transcribed. A copy is attached as <u>Exhibit A</u>. References hereafter to the transcript of that hearing will be made by using the capital letter T followed by the page number of the transcript in which the testimony appears.

At the hearing, the Magistrate Judge stated that his task was to determine in the *Sloan* and *Wayman* cases whether Mr. Berger is "unavailable" as a witness. *See T.* at pg. 10. However, the Report and Recommendation concludes saying, among other things, that it applies to "future bellwether trials". *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 20.

The Magistrate stated on the record that it was his intention to make a

determination based on the evidence presented at that hearing as to whether Mr. Berger was available. *See T.* at pg. 12, lines 4-7.

At the hearing, the only evidence before the Court was the testimony of Mr. Berger and certain exhibits furnished by Mr. Berger in response to the subpoena duces tecum. No representative of 3M testified. No other witnesses testified.

1. The salient features of Mr. Berger's unrebutted testimony at the hearing on December 29, 2021, are as follows:

   a. He has been paid for his preparation time by 3M but not for his time testifying. *See T.* at pg. 28.

   b. At one time, but no longer, he was a "hybrid expert", although he is uncertain what that means. *See T.* at pg. 32.

   c. He wishes to no longer be involved in the 3M litigation. *See T.* at pg. 41. His interests in that regard diverge from 3M's interests. *See T.* at pg. 41.

   d. 3M had months or years previously agreed to furnish counsel for Mr. Berger, if and when separate counsel for Mr. Berger was indicated. *See T.* at pgs. 45,68.

   e. Mr. Berger engaged his own counsel. 3M did not engage Mr. Berger's counsel. *See T.* at pg. 45.

    f. Mr. Berger has unequivocally told 3M that he has made the decision that he does not want to testify any further. The record is clear about his motivations for such position, i.e., that he is now retired and he does not want to spend his retirement years being a factual witness in the 3M trials over the next untold number of months and years. *See T.* at pgs. 22, 23, 56.

    g. Nothing in his agreements with Kirkland & Ellis or 3M obligates him to testify. *See T.* at pg. 21.

  2. After the evidentiary hearing, in which the only evidence adduced was the testimony of Elliott Berger, the Magistrate Judge made certain findings which Berger contends are not supported by evidence in the record. Those findings include:

    a. Berger's relationship with 3M, through its agent, Kirkland & Ellis, suggests significant control over Berger. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 7.

    b. 3M has affirmatively assisted Berger in attempting to avoid providing testimony in the bellwether trials. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 7.

    c. 3M has taken action that has facilitated Berger's unavailability. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 9.

      d.      Berger's counsel was selected by 3M. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 9.

      e.      3M has directly facilitated, and thus, indirectly procured Berger's unavailability. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 9.

      f.      There is strong evidence that Berger continues to cooperate with 3M. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 10.

      g.      3M provided Berger with a local attorney for the sole purpose and objective of protecting Berger from providing testimony. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 11.

      h.      The evidence demonstrates 3M took affirmative steps to assist and facilitate Berger's unavailability. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 12.

      i.      3M took action to facilitate the engagement and payment of an attorney for the sole purpose of taking all necessary actions so Berger would not have to testify at the bellwether trials. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 15.

      j.      3M, through it agents, has successfully facilitated Berger's voluntary appearance previously; however, 3M continued to maintain the consulting

agreement with Berger and affirmatively selected an attorney to represent Berger. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 17.

        k.    3M's conduct evinces sufficient affirmative action which facilitated Berger's unavailability. *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 17.

    3.    In fact, the Magistrate Judge's findings are a non sequitur. The findings do not follow from Berger's testimony, which was the only evidence before the Court. In fact, the Magistrate Judge's findings directly challenge the veracity of Mr. Berger's testimony in the proceedings.

    First, Mr. Berger testified unequivocally that <u>his decision</u> that he did not want to further participate in the 3M litigation was <u>his own decision</u>. He is not under the control, or direction, of 3M, and 3M did nothing to facilitate Mr. Berger's decision other than to comport with its previous agreement to provide counsel for Mr. Berger, if and when he should request same.

    Second, there is no evidence that Mr. Berger's counsel was engaged directly by 3M. The only evidence is that one of 3M's attorneys gave Mr. Berger the name of counsel that he might contact. *See T.* at pg. 45. The engagement agreement, which is in evidence, is between Mr. Berger and his counsel. That is the evidence before the Court. The Magistrate however finds that "3M has affirmatively assisted

Berger in attempting to avoid providing testimony in the bellwether trials." *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 7. There is no evidence of any such "affirmative assistance". Certainly, 3M has not opposed Mr. Berger's efforts, through his separate counsel, to extricate him from this continuing involvement; however, there was no evidence before the Magistrate as to anything 3M has done, or said, to Mr. Berger or his counsel from which the Magistrate Judge could reasonably conclude that 3M has "affirmatively assisted" Mr. Berger in attempting to avoid providing testimony. Mr. Berger has appeared when he has been subpoenaed. He has, when subpoenaed, prepared for his testimony with 3M. However, there is no evidence that 3M has suggested to Mr. Berger that he should not appear or that 3M does not want him to appear. In fact, it is clear from this record that 3M is at Plaintiffs' mercy in using Mr. Berger's prior testimony. 3M has cooperated with Mr. Berger, but has not exercised any degree of affirmative control. There is no evidence that 3M has suggested or instructed any action or inaction by Berger or his counsel. Thus, it is submitted there is no support in the record for the Magistrate Judge's evidentiary findings otherwise.

      A review of the Report and Recommendation shows how the Magistrate's ruling stacked inference on top of assumption in order to arrive at a conclusion to the effect that 3M controlled Berger and facilitated his unavailability.

First, the Magistrate found that Berger retained Philip A. Bates, P.A. on August 16, 2021 for the purpose of limiting and concluding Berger's participation in the MDL. The language here is consistent with Berger's testimony that <u>Berger</u>, not 3M or Kirkland & Ellis, retained Philip A. Bates, P.A.

Second, that statement or finding by the Magistrate then morphed into the statement that "3M has affirmatively assisted Berger in attempting to avoid providing testimony in the bellwether trials." *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 7.

The next step in the progression of findings by the Magistrate was that Mr. Bates' name was "selected by 3M". That is not supported by the testimony before the Court. Mr. Berger said that Philip A. Bates, P.A. was a name given to him for purposes of contact, but there is no testimony that 3M required the engagement of specific counsel, that Philip Bates was the only name was suggested to Berger, that 3M made any prior contact to Mr. Bates to find out if he was willing to undertake the engagement, that 3M took any part in the terms, conditions or objective of engagement, that Philip Bates had any obligation or prior agreement to accept the engagement, or that 3M had any right to approve or disapprove any counsel at all.

This leads to the next inductive leap by the Magistrate to the effect that "the unmistakable picture that 3M has directly facilitated, and thus, indirectly

procured Berger's unavailability is a conclusion to be supported by the prior testimony". There is no testimony that the decision by Berger was at 3M's direction. The testimony is to the exact contrary.

The Magistrate goes on to say that "3M provided Berger with a local attorney" implying that it was 3M who engaged counsel and directed Berger to that counsel. There is nothing about a 3M lawyer telling an individual that he needs separate counsel and giving a referral to an attorney which constitutes "affirmative action to assist Berger in protecting Berger from testifying". *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 12. These "findings" by the Magistrate, which are contrary to the testimony before the Court, lead the Magistrate to the conclusion that "Chief among the actions 3M took was to facilitate the engagement and payment of an attorney for the sole purpose of taking all necessary action so Berger would not have to testify in bellwether trials". *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 15. That is not a logical inference, and it is even more speculative than an inference on an inference.

The Report and Recommendation states "3M has .... affirmatively selected and paid for an attorney to represent Berger". *See Report and Recommendation,* 3:19-md-2885, ECF No. 2610 at pg. 17. As stated above, 3M did not affirmatively select counsel for Mr. Berger, and that conclusion is contrary to Mr. Berger's testimony, unsupported by any evidence in the record, and should not be

permitted to withstand review by the District Court.

The District Court has the prerogative to reject findings of fact by the Magistrate Judge and should do so in this case. Judge Jones' findings are not supported by the record. At the beginning of the hearing, the Magistrate Judge stated that the purpose of the hearing was to determine in the *Sloan* and *Wayman* cases whether Mr. Berger is "unavailable" as a witness. *See Hrg. Tr.* at pg. 10.

The Magistrate Judge indicated his predilection of the issue by stating on the record "I think there's a fair amount of gamesmanship on both sides as to whether or not Mr. Berger should be called...). *See Hrg. Tr.* at pg. 12. The Magistrate went on to say "I am going to have to make a determination based on the evidence presented this morning as to indeed whether Mr. Berger is or is not available". *See Hrg. Tr.* at pg. 12.

Mr. Berger is not playing games, and there is no proof or inference in the evidence before the Court that Mr. Berger is playing games in connection with his appearance or not. If the Magistrate made his findings of fact based solely on the evidence before him as he said he would do, there is no rational basis for his conclusion that 3M "affirmatively selected" counsel for Berger for the purpose of procuring Berger's unavailability.

Mr. Berger has appeared when subpoenaed. 3M has not taken action to suggest to Mr. Berger that he should not appear if subpoenaed. Procuring his "unavailability" is not a finding supported by the record, particularly, since it is clear

that Berger is not subject to being compelled to physically appear in the Northern District of Florida.

WHEREFORE, Elliott Berger prays that this Court reject the Magistrate Judge's findings as set forth above and grant such further relief as may then be appropriate.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), I certify that this Objection is in compliance with the Court's word limit. According to the word processing program used to prepare this document, the document contains less than 2,266 words, exclusive of the case style, signature block, and this certification.

Respectfully submitted,

/s/ Philip A. Bates
PHILIP A. BATES
Florida Bar No. 228354
CAROL A. RUEBSAMEN
Florida Bar No. 380946
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550 (32502)
Post Office Box 1390
Pensacola, FL 32591-1390
Telephone: (850) 470-0091
Telecopier: (850) 470-0441
pbates@philipbates.net
cruebsamen@philipbates.net
lgrove@philipbates.net
Attorneys for Elliott Berger, individually

## CERTIFICATE OF SERVICE

       I hereby certify that on February 9, 2022 a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via email to all registered counsel of record.

                    /s/ Philip A. Bates
                    PHILIP A. BATES