UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Ronald Sloan*<br>Case No. 7:20-cv-00001<br><br>*William Wayman*<br>Case No. 7:20-cv-00149 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S
## JANUARY 26, 2022 REPORT AND RECOMMENDATION

Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure and the cases interpreting it provide that Mr. Berger is unavailable to Defendants because he lives more than 100 miles from the trial site of these bellwether trials. The magistrate judge's contrary finding was not based on the text of the rule or any legal authority, but on findings of fact that are not relevant to the question at hand. Accordingly, pursuant to 28 U.S.C. § 636 and Rule 72(a) of the Federal Rules of Civil Procedure, Defendants respectfully object to the January 26, 2022 Report and Recommendation and request that this Court reject the finding that Mr. Berger is not "unavailable" to Defendants in future bellwether trials where he refuses to appear voluntarily and Plaintiffs decline to call him in their case.

I.  **BACKGROUND**

On October 8, 2021, Plaintiffs moved for authorization under Federal Rule of Civil Procedure 43 for the remote testimony of both Brian Myers and Elliott Berger in the remaining Group B and C bellwether trials. *See* MDL Dkt. 2190. Defendants opposed that motion. *See* MDL Dkt. 2222. Through his own counsel, Mr. Berger also opposed that motion and sought a protective order preventing him from giving any further live testimony in this litigation, whether in-person or remote. *See Berger v. 3M Company*, Dkt. 1. This Court referred Plaintiffs' motion to Magistrate Judge Jones. *See* MDL Dkt. 2192. Following a hearing, the magistrate judge entered an order on October 28, 2021 granting Plaintiffs' motion. *See* MDL Dkt. 2247. Specifically, the court granted Plaintiffs the authority to subpoena both Mr. Berger and Mr. Myers for remote testimony for all trials through the recently concluded *Sloan/Wayman* trial and denied Mr. Berger's motion for a protective order. *Id.* at 16-17.

Thereafter, Mr. Berger, again through his own counsel, filed an Objection, Motion for Rehearing and/or Motion for Clarification to the Magistrate Judge's October 28 Order. *See Berger v. 3M Company*, Dkt. 3. Before the magistrate judge ruled on that motion, this Court issued an order on November 21, 2021 regarding designations of Mr. Berger's previous trial testimony. *See* MDL Dkt. 2300. In that

2

order, the Court held that no party had demonstrated Mr. Berger's unavailability given the magistrate judge's order authorizing remote testimony, and thus no party could introduce any portion of Mr. Berger's prior trial testimony. *See id.* With the exception of Plaintiffs' use of Mr. Berger's 30(b)(6) deposition testimony, the order also excluded any party from using any "prior sworn testimony from Berger in his individual capacity," including deposition testimony, except for impeachment. *See id.* at 1.

The magistrate judge issued an order the following day that denied Mr. Berger's motion for reconsideration. *See Berger v. 3M Company*, Dkt. 5 at 8. In that order, he also ruled that only Plaintiffs—not Defendants—could subpoena Mr. Berger for remote trial testimony under Federal Rule of Civil Procedure 43(a). *See id.* at 6 ("Had the 3M Defendants made [] a request [for Berger's remote testimony] it would have been denied."). The order continued, "[I]f 3M wants to present Berger's testimony they must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely." *Id.* at 6-7.

Because of the magistrate judge's order, Defendants were unable to present any testimony of Mr. Berger unless he agreed to travel to Florida to testify in person or Plaintiffs subpoenaed him for remote testimony. Defendants therefore filed a Rule 72 Objection to the Magistrate Judge's November 22, 2021 Order and Motion

3

for Reconsideration of this Court's November 21, 2021 Order. *See Sloan* Dkt. 82. On December 21, 2021, this Court referred the matter to the magistrate judge for an evidentiary hearing. *See* MDL Dkt. 2355. The magistrate judge held an evidentiary hearing on December 29, 2021, MDL Dkt. 2369, and requested post-trial briefings, which the parties filed on January 3, 2021. *See* MDL Dkt. 2381, 2382. Three days later, this Court issued an order denying Defendant's Motion for Reconsideration of the Court's November 21, 2021 Order, given that Mr. Berger would be testifying remotely in the *Sloan/Wayman* trial. *See* MDL Dkt. 2396. Plaintiffs did, in fact, call Mr. Berger pursuant to their subpoena in that trial.

On January 26, 2021, the magistrate judge filed a Report and Recommendation on the matter of Mr. Berger's availability. *See* MDL Dkt. 2610. The court found that, for future bellwether trials, Mr. Berger is not "unavailable" to Defendants under Rule 32(a)(4)(b) of the Federal Rules of Civil Procedure and that the November 22, 2021 Order did not bar Defendants from seeking authorization for Mr. Berger's remote testimony under Rule 43(a). *See* MDL Dkt. 2610 at 20-21.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation within 14 days of its issuance, and the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

4

which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court's Order referring the present matter to the magistrate judge for a report and recommendation similarly indicated that any objection would be reviewed de novo. *See* MDL Dkt. 2355 at 2 n.1.

### III. THE MAGISTRATE JUDGE'S RECOMMENDATION ON MR. BERGER'S UNAVAILABILITY IS CONTRARY TO RULE 32(a)(4)(B)

#### A. Mr. Berger Is Unavailable Under Rule 32(a)(4).

Federal Rule of Civil Procedure 32(a)(4) expressly authorizes a party to "use for any purpose the deposition of a witness, whether or not a party" if the deponent is not available for trial. The rule provides five different circumstances that can render a witness unavailable. *See* Fed. R. Civ. P. 32(a)(4)(A)-(E). *See Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 561-562 (N.D. Ala. 2009). The list is disjunctive, meaning that any one of the enumerated circumstances is sufficient to render the witness unavailable and thus authorize the use of deposition testimony. *See id.* As relevant here, a witness is unavailable if "the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). The only questions under this straightforward provision are (1) whether the witness located more than 100 miles from the courthouse; and (2)

5

whether the party seeking to use the deposition "procured" the witness's absence from within 100 miles of the courthouse to some distant location.

It is undisputed that Mr. Berger lives in Indianapolis, Indiana, and has lived there for more than four decades. *See* 12/29/2021 Hrg. Tr. at 63:6-12. It is equally undisputed that Indianapolis, Indiana, is well over 100 miles away from the courthouses in Pensacola, Tallahassee, or Gainesville, Florida, or indeed any point in the entire state of Florida. This subsection of Rule 32 is thus plainly satisfied so long as Defendants did not procure Mr. Berger's absence *from* within 100 miles of these Florida federal courthouses *to* his home in Indiana.

It is also undisputed that Defendants did not procure Mr. Berger's absence as that phrase is used in the Federal Rules. Mr. Berger has lived and worked in Indianapolis for more than 40 years—Defendants did not send him on a vacation there or station him there to avoid the 100-mile reach of this Court. That should be the end of the Rule 32 inquiry as to whether 3M procured Mr. Berger's absence.

**B.      The Magistrate Judge's Contrary Ruling Is Legally Erroneous.**

The magistrate judge ruled that a party procures a witness's absence where they "take[] any action to facilitate" the witness's unavailability and have "sufficient control to procure [the witness's] appearance." *See* MDL Dkt. 2610 at 8-9. But that standard has no basis in Rule 32 or the cases interpreting it—as evidenced by the

fact that neither Plaintiffs nor the court were able to point to a single case adopting a similar standard.

Rule 32 requires *procurement* of *absence*. It is not concerned with mere *facilitation*, nor is it concerned with a party's ability to procure the witness's *appearance*. That standard is contrary to law, and neither of those conditions are satisfied here in any event.

*First,* the law is crystal clear that the relevant question is whether a party procured a witness's absence, not whether it could control the witness's presence. As numerous courts have explained, procuring a witness's absence under Rule 32(a)(4)(B) means "actively [taking] steps to keep the deponents from stepping foot in the courtroom." *A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 F. App'x 649, 656 (10th Cir. 2014). Without evidence that a party "actively took, or is actively taking, steps to keep [the witness] outside of the 100-mile radius of the Court, the mere fact that [the witness] lives and works" in another state does not mean that the party secured the witness's absence. *See Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, 2017 WL 1312968, at *2 (W.D. Ark. Apr. 5, 2017). Put differently, simply doing nothing does not mean a party procured a witness's absence. *See Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988) ("procuring absence and doing nothing to facilitate presence are quite different things").

Indeed, this Court has already held as much in this litigation. In finding Mr. Myers to be unavailable during the *Sloan/Wayman* trial, this Court explained:

> For two reasons, I'm going to allow the plaintiffs to play his deposition. One is he's unavailable. There's a difference -- and I'm actually quoting from 3M's brief, but there's a difference between procuring a witness's absence and electing not to procure his attendance under Rule 32.
>
> And in their brief related to Mr. Berger's unavailability at Docket No. 2381, 3M argued to the Court that: **"Under Rule 32 and the cases interpreting it, a party is found to procure a witness's absence only through a showing of an affirmative act of wrongdoing by the party. It is not enough merely to elect not to bring a witness to trial."**
>
> **I agree with that** and find Mr. Myers to be unavailable in spite of the plaintiff withdrawing his subpoena.

*Sloan/Wayman* 1/19/2022 Trial Tr. at 166:4-19 (emphasis added). Absent any active effort to remove the witness from the 100-mile radius around the court, there can be no procurement of absence. *See Phoenix Techs. Ltd. v. VMware, Inc.*, 2017 WL 8069609, at *2 (N.D. Cal. June 7, 2017) (witness deemed unavailable after returning home to another state despite having been two blocks from the courthouse the day before because "[Plaintiff]'s counsel did not tell [the witness] to leave Oakland, to avoid the courthouse, or suggest that she should not speak to or communicate with [Defendant] or its counsel") (internal quotations omitted).

8

In fact, nothing in Rule 32(a)(4)(B) even requires a party to *try* to procure a witness's attendance before deeming the witness unavailable. *See Daigle v. Maine Med. Ctr., Inc.*, 14 F.3d 684, 691 (1st Cir. 1994) (rejecting notion that a witness "is not unavailable if, with reasonable efforts, he might be persuaded to attend" given that "the language of the rule does not permit a court to read this sort of qualification into it"); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 2009 WL 3111766, at *20 (S.D.N.Y. Sept. 28, 2009) ("Aristocrat similarly points to no caselaw holding that, despite not appearing in the language of Rule 32(a)(4)(B), there is a requirement that a party must show that they have made a reasonable effort to procure the attendance of witnesses that reside overseas before they may introduce deposition testimony of these witnesses at trial."). This contrasts with other subsections of Rule 32, which do require the party to make some effort before a witness can be deemed unavailable. *See In re Decade, S.A.C., LLC*, 625 B.R. 616, 635 (Bankr. D. Del. 2021) ("Rule 32(a)(4)(B), unlike Rules 32(a)(4)(D) or (E), does not require a lack of effort—rather, it demands the Goodwins show that Trustee made active efforts to procure the absence of Witnesses.").

*Second*, and in any event, Defendants have neither "facilitated" Mr. Berger's absence nor can "control" his "appearance." It bears repeating that Mr. Berger *lives* in Indianapolis and has lived and worked there for more than *four decades*. There

9

simply cannot be any plausible argument that Defendants facilitated, much less procured, his presence at his own home. *See A.H. ex rel. Hadjih, Inc.*, 579 F. App'x at 656; *Hopman v. Union Pac. R.R.*, 2021 WL 2856607, at *1 (E.D. Ark. July 8, 2021). And lest there be any doubt, Mr. Berger testified unequivocally that "there has been no discussion of any award or incentive to appear or not to appear in any of the cases." 12/29/2021 Hrg. Tr. at 62:22-63:5. Nor is there any evidence to support that Defendants "control" his presence, even if that were the test (and it manifestly is not).

In reaching the opposite conclusion, the magistrate judge relied on inapposite facts that have nothing to do with the Rule 32 inquiry. It does not matter whether Mr. Berger voluntarily testified in the past. If he does not want to testify again and lives outside a 100-mile radius from the court, he is unavailable under Rule 32(a)(4)(B). It does not matter that he used to be an employee and then consultant for 3M (a consulting arrangement that had nothing to do with this litigation), nor does it matter that defense counsel retained him as a consulting, non-testifying expert while preparing for these cases. It also does not matter that he been designated as a

10

"hybrid witness." He plainly has knowledge of the facts of this case independent of the litigation, and he has never been proffered as an expert witness.

The law is settled that even *current* corporate employees—indeed, even *officers* of a party—who are more than 100 miles from the trial site are unavailable unless the party procured their absence. Parties routinely play the depositions of those witnesses, no matter how key their testimony or how close their relationship with the party. *See, e.g., Saget v. Trump*, 351 F.Supp.3d 251, 256 (E.D.N.Y. 2019) (Department of Homeland Security agents outside of the court's subpoena power were "unavailable" under Rule 32); *Wal-Mart Stores, Inc.*, 2017 WL 1312968, at *2 (company officer who lived in California was "unavailable" for a trial in Arkansas); *Chao*, 255 F.R.D. at 561-62 (party's employees who lived in Washington, D.C. and New York City were "unavailable" for trial in Alabama). It also does not matter that Defendants pay for their former employee's separate legal representation or have asked defense counsel to help him prepare for these trials and has compensated him for the time he has spent doing so. There is nothing remarkable about that as companies routinely retain counsel on behalf of former employees. Those facts in

11

no way change that, when a witness lives and works more than 100 miles from the trial site, that witness is unavailable and the parties may play his or her deposition.

*Finally*, the magistrate judge missed the mark in finding that Defendants must first seek authorization under Rule 43 to subpoena Mr. Berger for remote testimony before they can establish his unavailability.[1] *See* MDL Dkt. 2610 at 12 ("To demonstrate Berger's unavailability 3M would need to demonstrate that it has requested permission to subpoena Berger but was not authorized to do so by the Court."). Rule 32 is disjunctive—the conditions are separated by an "or"—so satisfying any one of them is sufficient to permit the party to use the witness's deposition testimony. *Chao*, 255 F.R.D. at 562 ("Rule 32(a)(4) is phrased in the disjunctive[.]"). To require Defendants to seek authorization to subpoena Mr. Berger before they may establish that he is unavailable would condition Defendants'

---

[1] The suggestion that Defendant's position with respect to Rule 43 amounts to nothing more than gamesmanship and a desire to present "sanitized" portions of Mr. Berger's testimony is unfounded. Defendants have long maintained that Rule 43 cannot be used to circumvent Rule 45—a position adopted by numerous district courts around the country. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021); *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069 (N.D. Ill. Aug. 30, 2016), ECF No. 471 at *1–2; *In re Urethane Antitrust Litig.*, 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016); *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, 2015 U.S. Dist. LEXIS 92776, at *20–21 (N.D. Cal. July 16, 2015); *Roundtree v. Chase Bank USA*, 2014 WL 2480259 at *2 (W.D. Wash. June 3, 2014); *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009).

ability to invoke subsection (B), the 100-mile rule, on satisfying subsection (D), that "the party offering the deposition could not procure the witness's attendance by subpoena." That is not what the Rule says. Nor is it a reasonable reading of the Rule, and there is no authority to support it.

*   *   *

The beginning and end of the unavailability inquiry is whether Mr. Berger lives more than 100 miles from the trial site. There is no dispute about where Mr. Berger lives, and there cannot be a serious suggestion that Defendants procured his presence there, as he has lived there for nearly half a century. Mr. Berger is unavailable under the Rules, and the Court should reject the Magistrate Judge's contrary ruling and permit Defendants to play his deposition to the extent Mr. Berger refuses to testify voluntarily or Plaintiffs do not (or are not authorized to) call him for remote testimony in their case.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully object to the Magistrate Judge's January 26, 2022 Report and Recommendation.

Dated: February 9, 2022

Respectfully submitted:

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F) counsel for Defendants certify that this memorandum contains 3,019 words.

Dated:  February 9, 2022

Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 9th day of February 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

February 9, 2022                             Respectfully submitted,

*/s/ Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*
