# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) Case No. 3:19md2885 <br> ) <br> ) <br> ) <br> ) Judge M. Casey Rodgers <br> ) |
| This Document Relates to All Cases Identified in Exhibit A | ) Magistrate Judge Gary R. Jones <br> ) <br> ) |

## DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON FAILURE TO COMPLY WITH DISCOVERY

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 1 Plaintiffs identified in Exhibit A, attached hereto, to show cause as to why their actions should not be dismissed with prejudice for their failure to respond to written discovery, in violation of Case Management Order ("CMO") 31 ("Wave Order #1").[1]

## I.    FACTUAL BACKGROUND

Under Wave Order #1, all Wave 1 fact discovery must be completed within 130 days of the November 22, 2021 Order, or by April 1, 2022. *See id.* § I.6. The Court permitted Defendants to serve written discovery on all Wave 1 Plaintiffs

---

[1] Defendants continue to meet and confer with Plaintiffs who provided deficient discovery responses. Only those Plaintiffs who failed to provide discovery responses are the subject of this Motion.

within 45 days of the Order, including up to ten Requests for Production, 15 Interrogatories (including up to ten Interrogatories common to all Plaintiffs and up to five "unique" Interrogatories), and ten Requests for Admission, and required that Plaintiffs serve responses within 30 days. CMO 31 §§ I.2, II.2 (Dkt. No. 2304).

On December 8, 2021, Defendants timely served their First Set of Interrogatories (consisting of ten common Interrogatories) and First Set of Requests for Production of Documents (consisting of nine Requests for Production) on all Wave 1 Plaintiffs. On January 6, 2022, Defendants timely served their Second Set of Interrogatories (consisting of five unique Interrogatories), Second Set of Requests for Production of Documents (consisting of one Request for Production), and First Requests for Admission on all Wave 1 Plaintiffs. Plaintiffs' responses were due by February 7, 2022. *See* CMO 31 § I.2. Although not required to do so, on February 10, 2022, Defendants' counsel sent an email to counsel for all Plaintiffs who had failed to respond by the February 7 deadline that alerted them that they had not complied with the discovery deadline and asked that Plaintiffs cure their non-compliance no later than February 11, 2022.

### A. Nine Wave 1 Plaintiffs Who Failed to Respond to Defendants' First Sets of Interrogatories and Requests for Production Also Failed to Respond to Defendants' Second Sets of Interrogatories and Requests for Production.

On January 19, 2022, Defendants filed a Motion for Order to Show Cause as to 23 Plaintiffs for their failure to provide executed records authorizations, respond

to Defendants' *First* Set of Interrogatories, and/or respond to Defendants' *First* Set of Requests for Production of Documents. Motion for Order to Show Cause (Dkt. No. 2502). On January 21, 2022, this Court ordered the 23 Plaintiffs to, by January 28, 2022, (1) cure discovery deficiencies and (2) show cause as to why their cases should not be dismissed with prejudice for their failure to prosecute and comply with an order of the Court. Order (Dkt. No. 2549). Nine Plaintiffs failed to cure the deficiencies or respond by January 28, 2022. *See* Order (Dkt. Nos. 2746, 2746-1).[2]

On February 11, 2022, the Court ordered the nine Plaintiffs who failed to respond to show cause by February 16, 2022, as to why their cases should not be dismissed. *Id.* All nine Plaintiffs also failed to respond to Defendants' *Second* Set of Interrogatories and *Second* Set of Requests for Production of Documents, as indicated in Exhibit A and discussed below.

### B. Nine Wave 1 Plaintiffs Failed to Respond to Defendants' Second Sets of Interrogatories and Requests for Production.

The nine Plaintiffs identified in Exhibit A did not respond to Defendants' Second Set of Interrogatories or Second Set of Requests for Production of Documents by February 7, 2022, in violation of Wave Order #1, including after Defendants provided them notice of their noncompliance and additional time, until

---

[2] Plaintiff William Douglas has since provided outstanding authorizations.

February 11, to comply. *See* CMO 31 § I.2 (Dkt. No. 2304).[3] To date, nine days after their deadline under Wave Order #1, the Plaintiffs identified in Exhibit A still have not responded to Defendants' discovery requests.

## II.   Analysis

As of the date of this filing, the nine Plaintiffs identified in Exhibit A have failed to comply with Wave Order #1. Defendants therefore respectfully ask that the Court order those Plaintiffs to show cause why their cases should not be dismissed with prejudice.

The Court has broad discretion to manage its docket and control discovery. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). To that end, it may impose sanctions, up to and including dismissal, on litigants who fail to comply with its pretrial orders. *Id.* (citing Fed. Rule Civ. P. 37). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No.

---

[3] All nine Plaintiffs identified in Exhibit A also failed to respond to Defendants' First Set of Requests for Admission, even after Defendants' counsel, as a courtesy, alerted Plaintiffs' counsel of their failure to respond and asked that Plaintiffs respond by February 11, 2022. Plaintiffs' failure to timely respond to Defendants' First Set of Requests for Admission renders those matters admitted. *See* Fed. R. Civ. P. 36(a)(3); *see also, e.g.*, *United States v. 2204 Barbara Lane*, 960 F.2d 126, 127 (11th Cir. 1992) (failure to respond to requests for admission conclusively established dispositive fact).

3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders regarding the submission of a case-specific expert report), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re Abilify*, 2021 WL 2323733, at *1 (citations and internal quotation marks omitted).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.").

The Eleventh Circuit has held dismissal ***with prejudice*** to be an appropriate sanction where a party violates a court order by not providing discovery. *See, e.g.*,

*Haji*, 834 F. App'x at 564; *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 358 (11th Cir. 2009). Circuit courts have repeatedly recognized that "[s]trict adherence to case management orders is necessary to manage multidistrict litigation" and have "affirmed dismissals with prejudice based on noncompliance with discovery deadlines" in MDLs like this. *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016); *accord In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (affirming dismissal with prejudice for failure to serve Plaintiff Fact Sheet, noting that "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation"); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3rd Cir. 2013) (affirming dismissals with prejudice and emphasizing that MDL judges "must be given wide latitude with regard to case management"); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (affirming dismissal with prejudice where plaintiffs failed to timely provide fact sheets and medical authorizations); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failing to timely file Plaintiff Fact Sheets despite repeated instructions to do so).

Dismissal with prejudice is an appropriate sanction here. There are more than 280,000 cases in this MDL. Plaintiffs were selected for Wave 1 on November 22,

2021, and immediately put on notice that they would be subject to discovery requests from Defendants and required to timely comply with those requests. Each of the Plaintiffs at issue on this Motion failed to respond to Defendants' discovery requests by the deadline. And even after Defendants provided deficiency notices and opportunities to cure, Plaintiffs continue in their willful, intentional noncompliance with the Court's Order.

Plaintiffs' noncompliance greatly prejudices Defendants. For example, the deadline to depose the Wave 1 Plaintiffs is March 7, 2022, less than three weeks from now. CMO 31 § I.5 (Dkt. No. 2304). The deadline to depose all remaining fact witnesses and the close of all fact discovery is just three weeks later. *Id.* Plaintiffs' failure to respond to written discovery not only violates this Court's Wave Order #1, which was intended to "accelerate the discovery" in the Wave 1 cases, but also has effectively halted a major component of discovery in these cases and compromised Defendants' ability to effectively prepare for and take fact witness depositions. *See* CMO 31 at 1 (Dkt. No. 2304); CMO 21 at 1 (Dkt. No. 1881).

Plaintiffs' noncompliance with the Court's Order also warrants immediate relief to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

## III.    CONCLUSION

As set forth above, the Wave 1 Plaintiffs identified in Exhibit A failed to comply with this Court's discovery orders and failed to cure their non-compliance after Defendants' meet and confer efforts. Defendants respectfully request that the Court order that Plaintiffs show cause as to why their actions should not be dismissed with prejudice.

DATED: February 16, 2022           */s/ Kimberly Branscome*

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo, LLC*

8

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)</u>

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they emailed Plaintiffs' counsel on February 10, 2022, asking that the above deficiencies be cured. Defendants advised that a failure to cure the deficiencies would result in a Motion for Order to Show Cause. To date, the Plaintiffs identified in Exhibit A have not responded to Defendants' discovery requests.

DATED: February 16, 2022          */s/ Kimberly Branscome*
                                   Kimberly Branscome

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1667 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.


DATED: February 16, 2022        */s/ Kimberly Branscome*
                                Kimberly Branscome

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 16, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: February 16, 2022

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*