UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases Identified in Exhibit A | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 34**
**(Wave Order #2)**

In furtherance of the effective and efficient case management of this litigation, the Court now enters Wave Order #2. This Order incorporates by reference the substance and procedures set forth in Wave Order #1, ECF No. 2304. The cases found in Exhibit A represent the second "wave" of cases. The process for service and plaintiff authorizations for these cases must conform to the parties' joint stipulation, *see* ECF No. 2468.

**I.   SCHEDULING DEADLINES**

1. **Records Production**. Within 21 days of this Order (by March 15, 2022), and to the extent not already produced, Plaintiffs must produce to Defendants, through MDL Centrality, any responsive VA, DoD, and/or medical records in Plaintiff's position, custody, or control.

2. **Discovery Requests**. Both sides must serve their Requests for Production of documents ("RFPs"), Requests for Interrogatories ("ROGs"), and Requests for

Admissions ("RFAs") within 45 days of this Order (by April 8, 2022) through MDL Centrality. Responses to RFPs, ROGs, and RFAs are due within 30 days of receipt (by May 9, 2022).

3. **Initial Disclosures**. "Initial disclosures," as defined by Fed. R. Civ. P. 26(a)(1), must be submitted by Plaintiffs through MDL Centrality at least 10 days prior to the respective Plaintiff's deposition. Additionally, within 21 days of this Order (by March 15, 2022), Defendants must disclose through MDL Centrality any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv). This includes any insurance agreement providing excess insurance coverage.

4. **Defense Medical Exam Reports.** Defense Medical Exam ("DME") reports are due 14 days prior to a Plaintiff's expert disclosure deadline (by June 29, 2022) or within 7 days of Defendants' receiving the results of DME testing, whichever date is earlier.

5. **Deposition Deadlines**.
    a. Plaintiff depositions must be taken within 105 days of this Order (by June 7, 2022);

    b. Fact depositions must be taken within 130 days of this Order (by July 5, 2022); and

    c. All expert depositions must be taken within 35 days of the deadline for a Plaintiff's rebuttal expert report (by September 26, 2022).

6. **Fact discovery**.  Fact discovery must be completed within 130 days of this Order (by July 5, 2022).

7. **Expert Disclosure Deadlines**.

    a. Plaintiff's expert disclosures must be served through MDL Centrality within 8 days following the close of fact discovery (by July 13, 2022); and

    b. Defendants' expert disclosures must be served through MDL Centrality 30 days after a Plaintiff's expert disclosures are due (by August 12, 2022).

    c. When serving an expert disclosure, to the extent practicable, the serving party must provide two potential dates for the expert's deposition. All dates for a Plaintiff's expert must fall after the deadline for the Plaintiff's rebuttal expert disclosure to the extent the expert serves a rebuttal report.

8. **Rebuttal Expert Disclosure**.  A rebuttal expert disclosure must be served through MDL Centrality within 10 days of the deadline for Defendants' expert disclosure (by August 22, 2022).

9. **Motions Deadlines**.

    a. *Daubert* motions and dispositive motions must be filed within 10 days of the close of expert discovery/depositions (by October 6, 2022).

    b. Responses to *Daubert* and dispositive motions must be filed within 19 days of the deadline for such motion being filed (by October 25, 2022). Replies are permitted only at the Court's request.

    c. Choice of Law motions, on a disputed issue, must be filed within 10 days of the close of expert discovery/depositions (by October 6, 2022).

10. **Hearing Dates**.  Hearing dates for *Daubert* motions, dispositive motions, and Choice of Law motions, if any, will be set at a future status conference.

11. **Deadlines**.  To the extent one of the aforementioned deadlines falls on a Saturday, Sunday, or federal holiday, that deadline will be extended to the next subsequent weekday.

II. **LIMITATIONS ON INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND DEPOSITIONS**

1. **Depositions**. The following limitations apply:

a. Plaintiffs are limited to 4 depositions per case, and Defendants are limited to 5 depositions per case.[1] Parties must seek leave of Court prior to taking any additional depositions, including non-case specific corporate and/or government witness depositions, which are not contemplated by this Order.

b. Depositions will be limited to 3 hours total, with each side allocated 1.5 hours per deposition, with the exceptions noted below:

  i. Defendants will have 3.5 hours for a Plaintiff's deposition. If Plaintiff's counsel asks questions during the deposition, it must be in addition to the 3.5 hours allocated to Defendants. Additionally, should Plaintiff's counsel ask questions during the deposition, Defendants will be permitted half of the time used by the Plaintiff's counsel to conduct any follow-up questions. Defendants are not required to reserve any time from the original 3.5 hours permitted for follow-up questioning.

  ii. For depositions of a Plaintiff's spouse/significant other, Defendants will have 2 hours per deposition and Plaintiff's counsel will have 1 hour per deposition.

---

[1] There will be no depositions taken after the close of discovery.

Case No. 3:19md2885/MCR/GRJ

    c. The noticing party is entitled to ask questions first. For dual-noticed depositions, the parties must alternate or otherwise agree on the order for questioning. A deposition only counts against a party's allotment if noticed by that party. The requirement of equal time, however, applies to all depositions regardless of which party notices the depositions (subjection to the exceptions above in 1(b)).

    d. For all depositions, except a Plaintiff's deposition, there is a presumption that depositions are "fully remote" absent an agreement between the parties or order of the Court. The parties reserve the right to take a Plaintiff's deposition in person. For all other depositions, if a witness wants their counsel present in person for the deposition, the defending party's counsel must notify the examining party's counsel within 7 days of the deposition.

2. **Written Discovery**. The following limitations apply:

    a. Both sides are limited to 10 RFAs and 10 RFPs per case.

    b. Both sides are limited to 15 ROGs per case; however, this number may consist of no more than 5 "unique" interrogatories and no more than 10 "standard" interrogatories that are common to all Plaintiffs.

    c. Insofar as multiple Plaintiffs utilize the same general causation experts, the parties are required to coordinate their depositions.

    d. The Court also encourages the coordination of depositions for specific causation experts to the extent there is overlap in the parties' use of specific causation experts for multiple Plaintiffs.

    e. The Court will consider modifications to the above limitations only on a showing of extraordinary cause.

3. **DMEs**. Defendants must provide Plaintiff's counsel with a list of the tests to be performed at a DME at the same time Defendants make the request for the DME. Pursuant to an agreement by the parties, the protocols outlined in Pretrial Order No. 56 are adopted for the wave cases.

4. **Electrically Stored Information ("ESI")**. The parties' ESI obligations will be governed by Fed. R. Civ. P. 34.

### III. MOTIONS PRACTICE

1. **Early Dispositive Motions**. If discovery reveals facts that could support a motion that would be dispositive of the *entirety* of a plaintiff's claims (e.g., statute of limitations) or a Defendants' affirmative defense, a party may seek the Court's leave in the individual case to file an early dispositive motion on that issue. If leave is granted, the Court will set a briefing schedule at that time.

2. **Page Limitations**. Generally, the page limitations provided in N.D. Fla. Loc. R. 7.1(F) apply to memoranda in support of all dispositive and *Daubert*

motions, oppositions. The Court may modify these limitations at a later date by separate order.

3. **Confidential Documents**. The Court recently modified sealing protocols, requiring the parties to seek leave of the Court prior to filing a motion, exhibit, or document under seal. ECF No. 2236. To the extent a motion, exhibit, or document contains limited Privacy Act information, the parties are ordered to redact that information and file the motion, exhibit, or document on the public docket. *See id.* In the event a party wishes to file motions, exhibits, or documents under seal, the party is directed to submit a consolidated motion to seal on or before 21 days prior to the *Daubert* motions and dispositive motions deadline (by September 15, 2022). Any response is due 10 days later (by September 25, 2022).

IV. **VENUE**

1. **Venue Recommendation**. Parties must meet and confer within 180 days of this Order (by August 21, 2022) concerning the appropriate venue for each of the cases. The parties must submit a joint venue recommendation to the Court within 200 days of this Order (by September 10, 2022). The parties' joint recommendation(s) must also identify the cases in which the recommended venue is in dispute. The Court may then request briefing concerning the venue

for those cases in which the parties disagree. Each party reserves the right to object to the venue selected by its adversary or the Court.

2. **Lexecon Waiver**. To the extent the parties intend to waive venue in any case, they must meet and confer on the issue and notify the Court. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

**DONE** and **ORDERED** on this 22nd day of February, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**