# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Beal*, 7:20-cv-00006<br>*Kelley*, 7:20-cv-00153<br>*Vaughn*, 7:20-cv-00134<br>*Vilsmeyer*, 7:20-cv-00113<br>*Wilkerson*, 7:20-cv-00035 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## DEFENDANTS' RULE 72(a) OBJECTION TO THE MAGISTRATE JUDGE'S FEBRUARY 18, 2022 ORDER REGARDING THE REMOTE TESTIMONY OF ELLIOTT BERGER

On February 18, 2022, Magistrate Judge Jones granted Plaintiffs' motion to authorize the remote testimony of Elliott Berger pursuant to Rule 43(a), enabling the parties to compel Berger to provide live, remote testimony in each of the five upcoming, above-captioned, Group D bellwether trials. *See* MDL Dkt. 2783. For the reasons described below and set forth in Defendants' opposition to Plaintiffs' underlying motion,[1] Defendants respectfully object to the magistrate judge's February 18, 2022 Order and request that this Court sustain their objection, set aside the magistrate judge's February 18, 2022 Order, and deny Plaintiffs' motion.

---

[1] *See Beal* Dkt. 56; *Kelley* Dkt. 40; *Vaughn* Dkt. 48; *Vilsmeyer* Dkt. 59; *Wilkerson* Dkt. 79.

I.  **BACKGROUND**

Elliott Berger is a 69-year-old retiree and former 3M employee who resides in Indianapolis, Indiana, more than 700 miles from Pensacola, Florida.  *See* Ex. 1 (Misc. Action & Mot. for Protective Order, *Berger v. Wilkerson et al.*, No. 3:22-mc-00008-MCR-GRJ (N.D. Fla. Feb. 9, 2022), ECF No. 1) at 8 (¶¶ 13-14); Ex. 2 (Decl. of Elliott Berger, *Berger v. Wilkerson et al.*, No. 3:22-mc-00008-MCR-GRJ (N.D. Fla. Feb. 9, 2022), ECF No. 1-1) at 1 (¶ 2).  Even though he is a non-party witness, Berger has already provided ***six days*** of videotaped depositions and testified—either voluntarily or by compulsion—at ***ten trials*** in this MDL to date:  *EHK*, *McCombs*, *Baker*, *Adkins*, *Blum*, *Camarillorazo*, *Finley*, *Montero*, *Stelling*, and *Sloan/Wayman*.  While Berger was willing to appear in some of the first bellwether trials voluntarily, he has "repeatedly sought to be relieved of the burden of having to continue to testify" since "the fall of 2020."  Ex. 2 at 6 (¶ 9).

Before Plaintiffs' most recent motion to authorize Berger's live, remote testimony, MDL Dkt. 2679, Magistrate Judge Jones previously authorized Berger's live, remote testimony in the *Baker* trial, and then again in eight subsequent trials, *see generally Baker* Dkt. 133; MDL Dkt. 2247.  In granting Plaintiffs' prior motions, however, the magistrate judge explained that remote testimony is not going to be the "default" for "how testimony is going to be presented" in the bellwether trials, and that compelling Berger's remote testimony in certain bellwether trials "does not

2

mean" that in "every bellwether trial [] Berger is going to have to appear by contemporaneous transmission." 5/27/2021 *Baker* Hr'g Tr. at 16, 54. To the contrary, Magistrate Judge Jones indicated that he would consider any future requests on a "case by case basis." *Id.* at 54. And in May 2021—nearly 10 months ago and before the *eight* most recent trials in which Berger has testified—the magistrate judge recognized the substantial burden that this case had already imposed on Berger: "the Court is sensitive to the fact that Berger has spent a significant amount of time testifying at his video depositions and in the prior bellwether trials—and perhaps one day the Court will need to say no more." *Baker* Dkt. 133 at 13.

In the time since then, that already-substantial burden has increased by several orders of magnitude. In response to Plaintiffs' February 2, 2022 motion, Berger, through his own counsel, opposed the motion and sought a protective order. *See generally* Exs. 2-3. As part of those filings, Berger submitted a sworn declaration explaining that the grueling schedule of trials in this MDL "has tied up [his] personal schedule, has interfered with [his] retirement, and is an undue burden on [him] and not appropriate." Ex. 2 at 1-2 (¶¶ 2, 5). He stated that, while he "understood that depositions would be taken and [he] would have the option to voluntarily appear in one or two live trials," he "did not understand the gargantuan nature of this MDL" at the outset and "had no understanding that as a result of later court rulings [he]

3

would be repeatedly subpoenaed for remote trial testimony and could be subject to thousands of subpoenas." *Id.* at 2 (¶ 2). He specifically stated that his "attendance at repeated trials has been a burden to [him]" and that he "cannot continue to do and attend all that the Plaintiffs seem to want [him] to do even remotely." *Id.* at 3 (¶ 6).

Nonetheless, over Defendants' and Berger's oppositions, Magistrate Judge Jones granted Plaintiffs' motion to authorize the live, remote testimony of Elliott Berger in *five more trials*—all five upcoming Group D bellwether trials. *See* MDL Dkt. 2783. Defendants respectfully object to the magistrate judge's February 18, 2022 Order by incorporating by reference their opposition to Plaintiffs' motion, as well as for the specific reasons set forth herein.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate judge's order on a nondispositive matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

---

[2] Defendants do not object to the portion of the magistrate judge's February 18, 2022 Order granting Defendants' request for alternative relief—*i.e.*, "that if the Court grants the motion the Court's ruling should apply equally to both parties so that Defendants will also have the right to compel Mr. Berger's live testimony under Rule 43(a)." MDL Dkt. 2793 at 3; *see also id.* at 13-14, 17. If this Court otherwise affirms the magistrate judge's February 18, 2022 Order, Defendants would respectfully request that the Court also affirm that specific aspect of the Order, which is necessary to ensure basic symmetry across parties and avoid the fundamental unfairness and opportunity for unilateral gamesmanship that would otherwise result from vesting Plaintiffs (and Plaintiffs alone) with the authority to decide whether to call Berger to provide live testimony.

erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g.*, 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A "finding of fact is 'clearly erroneous if the record lacks substantial evidence to support it,'" and a "decision is 'contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pensacola Firefighters' Relief & Pension Fund Bd. of Dirs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2010 WL 4683935, at *2 (N.D. Fla. Nov. 10, 2010) (Rodgers, J.) (citations omitted); *see also, e.g.*, *Sartori v. U.S. Army*, 2019 WL 1116781, at *1 (N.D. Fla. Mar. 9, 2019) (Rodgers, J.); *Kiniun v. Minn. Life Ins. Co.*, 2012 WL 12899102, at *2 (N.D. Fla. May 11, 2012) (Rodgers, J.).

Relevant here, Rule 43(a) establishes that witnesses generally must deliver their trial testimony live and in open court, but provides a limited exception to this general rule: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Rule 43(a)'s narrow allowance for live, remote testimony for "good cause in compelling circumstances" is an exception that should be invoked "cautiously." Fed. R. Civ. P. 43 advisory committee's note (1996 amendment); *see also United States v. Thompson*, 599 F.3d 595, 601 n.4 (7th Cir. 2010) ("videoconferencing is the exception rather than the

5

rule"). Accordingly, the exception is typically invoked by available witnesses who wish to testify remotely due to "unexpected reasons, such as accident or illness," that make traveling to attend trial impracticable. Fed. R. Civ. P. 43 advisory committee's note (1996 amendment). "Other possible justifications for remote transmission must be approached cautiously." *Id.*; *see also id.* ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena . . . .").

Federal Rule of Civil Procedure 45 limits the reach of a court's trial subpoena powers to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).

## III. ARGUMENT

In addition to the arguments raised in Defendants' opposition to Plaintiffs' February 2, 2022 motion and in previous briefing, Defendants respectfully object to a number of factual findings and conclusions of law in the magistrate judge's February 18, 2022 Order.

1. For starters, Defendants incorporate and reassert their prior argument that Plaintiffs cannot circumvent Federal Rule of Civil Procedure 45(c)'s 100-mile radius through a subpoena to compel testimony "via remote link" under Rule 43(a). *See Baker* Dkt. 122 at 7-10. The magistrate judge's February 18, 2022 Order declares that "[a]n overwhelming consensus of federal courts, including MDL courts, have

held that Rules 43(a) and 45 should be read in tandem," so as "to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)." MDL Dkt. 2783 at 4-5. In fact, Defendants have identified far more district court cases that have *rejected* the notion that Rule 43 can serve as an end run around the 100-mile radius of Rule 45's subpoena power.[3] And those cases are eminently correct: Rule 43(a) neither abrogates nor expands the geographical limits of Rule 45(c), which limits the reach of a court's trial subpoena powers to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Because Berger resides in Indianapolis, Indiana, which is indisputably beyond the 100-mile limitation set out in Rule 45, he is beyond the Court's subpoena power and cannot be compelled to testify at trial (even via contemporaneous transmission). *See,*

---

[3] *See, e.g.*, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021); *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020); Ex. 3 (Order on Pl.'s Mot. to Permit Live Test. by Video Conference, *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, ECF No. 471 (N.D. Ill. Aug. 30, 2016)) at *1-2; *In re Urethane Antitrust Litig.*, 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016); *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, 2015 U.S. Dist. LEXIS 92776, at *20-21 (N.D. Cal. July 16, 2015); *Roundtree v. Chase Bank USA*, 2014 WL 2480259 at *2 (W.D. Wash. June 3, 2014); *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009).

*e.g.*, Ex. 3 at *1-2 (Rule 45 does not permit the court to "engage in the fiction" that testimony via live video feed transports the site of trial such that the Rule's geographic requirements are met); *supra* p.7 & n.3.

    2.  Even if Plaintiffs' requested relief were permissible under the rules, neither Plaintiffs' motion nor the magistrate judge's Order demonstrates the "good cause in compelling circumstances" required to compel Berger—a non-party witness who lives in Indiana—to provide live, remote trial testimony under Rule 43(a).  The Order acknowledges in passing that Berger is "a non-party witness," MDL Dkt. 2783, but its analysis fails to account for the special consideration that Berger's non-party status should entail.  It is well established that non-parties "have a different set of expectations" and, accordingly, that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). The magistrate judge therefore should have acknowledged and accounted for the need to "balanc[e] . . . the litigants' need to obtain information from non-parties and the need to protect outsiders to the litigation from having to incur undue burden and expense," *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 527 (N.D. Fla. 2013), and should have afforded Berger "special protection against the time and expense" of Plaintiffs' requested relief, *Exxon Shipping Co. v. U. S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *see also* Defs.' Opp'n at 9 & n.4.

The magistrate judge's Order also fails to evaluate Plaintiffs' request in the context of Rule 43(a)'s overriding purpose, which is to provide a narrow allowance for live, remote testimony "when a witness is unable to attend trial for ***unexpected reasons, such as accident or illness***, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's note (1996 amendment) (emphasis added). The advisory committee notes to Rule 43 make clear that, outside the realm of traditional unexpected unavailability due to accident or illness, "[*o*]*ther possible justifications for remote transmission must be approached cautiously*," and a party "who could reasonably foresee the circumstances offered to justify transmission of testimony will have ***special difficulty*** in showing good cause and the compelling nature of the circumstances." *Id.* (emphases added); *see also* Defs.' Opp'n at 9-10. Neither Plaintiffs' motion nor the magistrate judge's Order addresses the foreseeability of Berger's unavailability or explains how Plaintiffs' request satisfies the especially difficult standards for demonstrating good cause in compelling circumstances in cases of foreseeable unavailability.

3.  The magistrate judge's Order is unprecedented, granting Plaintiffs' request to compel additional, live, remote trial testimony from a non-party witness who has already has already testified at ***ten trials*** in this MDL and sat through ***six days*** of videotaped depositions. Neither the magistrate judge nor Plaintiffs could point to a single legal authority that involves anything remotely similar to the circumstances

here, where a court indiscriminately authorizes remote testimony for a non-party witness for *five* trials notwithstanding the witness lives more than 100 miles from the trial site and has already testified at numerous trials and depositions. Instead, the Order largely rests on the same, general, unsupported determinations as the orders granting Plaintiffs' prior requests to compel Berger's testimony in other bellwether trials—wholly lacking in *any* case-specific analysis about why his testimony is needed in *each* of the upcoming five trials. And while the magistrate judge asserts that "during the previous ten bellwether trials Mr. Berger's testimony has evolved . . . thus, making some of the questioning of Mr. Berger during his videotaped depositions stale and in some instances out of cinq with his trial testimony," MDL Dkt. 2783 at 6, the Order does not identify any examples or evidence to support this (unsupported) theory of "evolving" testimony, nor did Plaintiffs' motion even attempt to identify any. And the Order never explains why Plaintiffs could not use the prior trial transcripts where Berger provided the purportedly evolved testimony to provide the jury with whatever testimony Plaintiffs feel they need to prove their case.

    4. The Order's reliance on the *Vioxx* factors to find "good cause in compelling circumstances" is misplaced. *See In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006). Defendants maintain their continued objection to the applicability of these factors. *See Baker* Dkt. 122 at 15-18. But even if they provided

10

the appropriate standard, they do not support compelling Berger's remote testimony here.

As to the first factor (the control exerted over the witness by the defendant), the magistrate judge seems to recognize that Defendants do not control Berger. *See* MDL Dkt. 2783 at 9. Despite Defendants' lack of present control over Berger, the magistrate judge nonetheless finds this factor weighs in Plaintiffs' favor given that Defendants purportedly "exerted a significant amount of control" over Berger "***in the past***." *Id.* (emphasis added). This is factually inaccurate because Defendants have never "controlled" Berger in this ligation. But even putting aside that major factual inaccuracy, the magistrate judge is wrong to include consideration of any alleged past control in its present analysis of this *Vioxx* factor, which is concerned only with present, actual control over the witness. *See Vioxx*, 439 F. Supp. 2d at 643 (finding that the defendant corporation "has significant control" over a witness who was currently employed as "an upper-level . . . officer" of the company). Because Defendants do not control Berger today, this factor does not weigh in Plaintiffs' favor.

The magistrate judge held that the third and fourth factors "point decidedly" in Plaintiffs' favor because "Defendants want to limit presentation of Berger's testimony to sanitized and brief snippets of videotape deposition testimony" and suggesting that "[p]roceeding in that fashion will deprive Plaintiffs from testing the

11

credibility of Mr. Berger's testimony on critical issues." *See* MDL Dkt. 2783 at 9-10. Putting aside the unsupported and wrong characterization of Defendants' supposed intentions, the magistrate judge completely disregarded that both parties examined Berger at length in his deposition testimony and both parties may play counterdesignations for fairness under the rules. And taken to its logical conclusion, this reasoning would mean that no videotaped deposition should ever be played in federal court. Yet the federal rules clearly provide otherwise. *See, e.g.,* Fed. R. Civ. P. 32 (use of deposition testimony at trial); Fed. R. Evid. 611 (granting trial court authority to control "mode" of introduction of evidence). Moreover, it ignores the fact that Plaintiffs have not just one but ***six days*** of videotaped deposition testimony from which the jury can make these same credibility assessments on the issues in these cases. Those credibility assessments do not go out the window just because testimony is prerecorded.

As to prejudice, the magistrate judge relies on Berger's extensive, previous participation in this litigation to minimize the prejudice of preparing him for ***five additional*** trials over the next three months. The magistrate judge "assumes" that Berger's trial preparation will require "significantly less time" this time around, due to the "hundreds of hours" that he has already spent preparing his testimony in the prior bellwether trials. *See* MDL Dkt. 2783 at 11. That is pure speculation, especially given that with each passing day the relevant events are farther and farther

12

in Berger's memory, presumably requiring more preparation, not less. And while the magistrate judge insists that Berger "was well aware when he agreed to participate in these cases that extensive time testifying would be involved" and that "some inconvenience . . . certainly should have been anticipated," *id.*, the February 18, 2022 Order does not address Berger's sworn declaration, which specifically stated that, although Berger may have "understood that depositions would be taken and [he] would have the option to voluntarily appear in one or two live trials," he "***did not understand the gargantuan nature of this MDL***" at the outset and "had no understanding that . . . [he] would be ***repeatedly subpoenaed for remote trial testimony***." Ex. 2 at 2 (¶ 2) (emphases added). Neither Defendants nor Berger anticipated (or reasonably could be expected to have anticipated) that Berger would be required to continue to provide live testimony at countless trials, let alone after he has already participated in more than ***ten different bellwether trials*** and provided ***six days*** of videotaped deposition testimony on the issues in these cases.

5. Finally, the magistrate judge's February 18, 2022 Order invokes "another compelling reason" that "tips the scales in favor of granting Plaintiff's motion": the alleged fact that, "[s]o far in every bellwether trial Defendants have not presented one live witness, who is an employee, officer or representative for 3M," and the supposition that Defendants may "continue to pursue this strategy in the remaining five bellwether trials." MDL Dkt. 2783 at 12. This is not only factually incorrect—

13

Defendants called current 3M employee Eric Fallon at the first bellwether trial, *see generally* 4/27/2021 & 4/28/2021 *EHK* Trial Tr.—but also legally irrelevant.

It is axiomatic that a defendant in a civil case is "***not required to introduce any evidence or to call any witnesses***." 3 Fed. Jury Prac. & Instr. § 101.02 (6th ed., Jan. 2022 update) (emphasis added).[4]  Moreover, "[t]here is no requirement that a party or a corporate representative be present at trial." *Ray v. Ford Motor Co.*, 2011 WL 6183099, at *6 (M.D. Ala. Dec. 13, 2011).  Whether Defendants may (or may not) decide to present any live company witnesses in any of the five upcoming Group D bellwether trials is legally irrelevant and does not provide the "good cause in compelling circumstances" required to compel Berger's live, remote testimony under Rule 43(a).  The magistrate judge's choice to rely on this as a "compelling reason" to "tip[] the scales in favor of granting Plaintiffs' motion"—without invoking any authority to support its consideration as any permissible factor (let

---

[4]   *See also, e.g.*, *Muñiz-Olivari v. Stiefel Lab'ys, Inc.*, 496 F.3d 29, 38 (1st Cir. 2007) ("It is black letter law that in a civil action, at the close of plaintiff's case, 'the defendant *may* introduce evidence. . . .  The defendant is not required to introduce any evidence or to call any witnesses.'") (emphasis in original) (citation omitted); *Williams v. Paint Valley Loc. Sch. Dist.*, 2003 WL 21799947, at *8 (S.D. Ohio Jul. 16, 2003) ("Defendant was under no obligation to call any particular witness and was not obliged to present its case in a manner that assists the Plaintiff."); *Sparrow v. Blount*, 90 N.C. 514, 516 (N.C. 1884) ("A party is not bound to summon his witnesses in any case.  It is optional with him whether he will or not. . . .  Wherefore shall he summon his witnesses, unless he sees fit to do so?  Whether he will or not is his own matter.  It is his own peril and may be his disadvantage if he will not— not that of his opponent.").

14

alone a "compelling" factor)—is wholly inconsistent with American civil (and criminal) litigation. Defendants are under no obligation to produce a *single* witness at trial. This basic tenet cannot be used as a sword against Defendants and a non-party witness like Berger. The magistrate judge's order is contrary to law and cannot stand.

## IV.   CONCLUSION

For the foregoing reasons, and those set forth in Defendants' opposition to Plaintiffs' motion, Defendants respectfully request that the Court sustain Defendants' objection, set aside the magistrate judge's February 18, 2022 Order, and deny Plaintiffs' motion to authorize the remote testimony of Elliott Berger in the five upcoming Group D bellwether trials.

Dated: February 24, 2022                    Respectfully submitted:

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Hariklia "Carrie" Karis
Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-3254
hkaris@kirkland.com
mnomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC, and Aearo LLC*

16

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 3,710 words.

Dated:  February 24, 2022

Respectfully submitted,

/s/ *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC, and Aearo LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 24th day of February 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

Dated: February 24, 2022

Respectfully submitted,

/s/ *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC, and Aearo LLC*