# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELLIOTT BERGER,

    Petitioner,

v.

*Wilkerson,* Case No. 7:20-cv-035
*Vilsmeyer,* Case No. 7:20-cv-113
*Kelley,* Case No. 7:20-cv-153
*Vaughn,* Case No. 7:20-cv-134
*Beal,* Case No. 7:20-cv-006

    Respondents.

Case No.
Miscellaneous Action

## MISCELLANEOUS ACTION AND MOTION FOR PROTECTIVE ORDER

COMES NOW Elliott Berger, by and through his below signed counsel, and enters a limited appearance for purposes of filing this Miscellaneous Action and Motion for Protective Order pursuant to Rule 45, against Plaintiffs, Steven Wilkerson, Luke Vilsmeyer, Denise Kelley, Jonathan Vaughn, and James Beal. It is directed toward the Plaintiffs' Motion to Authorize Remote Testimony Pursuant to Rule 43(a) from Elliott Berger, filed February 2, 2022 in *In Re: 3M Combat Arms Earplug Products Liability Litigation,* Case No.: 3:19-md-2885-MCR-GRJ[1] [ECF

---

[1] Hereinafter, the "MDL" and all ECF references will be to the MDL, unless otherwise indicated.

2679] and the issuance of subpoenas thereto.² Elliott Berger ("Berger") states that no further trial subpoenas should be issued to Berger in the MDL or the individual cases in order to avoid the continuing undue burden on Berger. In support thereof, Berger states as follows:

## ALLEGATIONS

1. The MDL commenced on or around April 3, 2019 when the United States Judicial Panel on Multi District Litigation created a referral to this Court. It stated, "On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the <u>convenience</u> of the parties and <u>witnesses</u> and promote the just and efficient conduct of this litigation." (Underlining added). [ECF 1 at 1-2]. Thus, the convenience of the parties and witnesses are major factors in the MDL process.

2. In the Pretrial Order No. 13 (Deposition Protocol) [ECF 554 at 2-3], the Court noted that the Order applied to all fact depositions of witnesses who are currently or were formerly employees of MDL Defendants and stated:

> The Parties are reminded that deposition discovery in the context of MDL Proceedings can be extraordinarily complex and demanding. The

---

² Plaintiff's Motion to Authorize Remote Testimony Pursuant to Rule 43(a) from Elliott Berger filed February 2, 2022 was also filed in *Wilkerson* [ECF 50]; *Vilsmeyer* [ECF 33]; *Kelley* [ECF 33]; *Vaughn* [ECF 36]; and *Beal* [ECF 44].

2

process of scheduling and taking depositions, when such large numbers of cases and attorneys are involved, requires a large degree of coordination, cooperation, and effort. Counsel are expected, throughout this process, to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

Thus, this Court recognized the need for coordination and cooperation.

3. In Pretrial Order No. 23 (Bellwether Selection Protocol) [ECF 922] the Court noted that on December 16, 2019 there were 139,693 claimants registered in MDL Centrality in connection with the 3M litigation. Upon information and belief it may now be in excess of 200,000 claims. The Court at that time determined that 175 cases listed on Exhibit A contained therein, would be selected as bellwether cases. From that 175 cases the Court selected six cases to proceed with case specific discovery, along with one alternate. Plaintiff Leadership and Defendants were directed to each select nine cases from the remaining potential bellwether candidates - seven cases to proceed with discovery, two cases as alternates - using a below described process, resulting in an initial discovery pool of 20 cases

and 5 alternates.[3]

4. In Pretrial Order No. 35 (Remote Depositions) [ECF 1125] dated May 13, 2020, the Court, acknowledging both the issues created by COVID-19 as well as the complexity of the litigation, permitted and authorized the use of remote depositions by video conference and noted that the videographer employed by the remote deposition vendor was to record the witnesses' deposition testimony by the best technological means available including remote video capture/recording. Thus, Plaintiffs and Defendants, since mid-2020, have had the specific authority for high quality video depositions.

5. As evidenced by Pretrial Order No. 52 (Protocol for Case-Specific Depositions, Bellwether Trial Group A) [ECF 1357], the Court used its inherent authority to govern and control the discovery process. For example, the parties were limited to 6 case specific depositions per side. The parties were reminded that cooperation in the discovery proceeding was essential. The Court's order

---

[3] In Pretrial Order No. 22 [ECF 898], the Court noted in Footnote 3 there was an exception for Minnesota unfiled claims, at least at that time, in light of motions to remand currently pending and under consideration in the numerous Minnesota cases filed in the 3M MDL. This indicates that there were, in fact, other cases at that time which might not be included in the current multi-district litigation. In Case Management Order No. 11 [ECF 1113], the Court found that one Minnesota case had in fact been remanded.

4

demonstrated particular attention to non-overlapping witnesses and overlapping joint witnesses establishing a separate protocol for each. Thus, the Court was particularly sensitive and attuned to the burden on witnesses in the individual trials.

      6.    In the Magistrate's Order of December 14, 2020 [ECF 1561], Berger was identified as a hybrid fact and expert witness. Thus the parties have had over a year to respond to that Order. In that Order, the Court concluded that Berger and Fallon had already sat for 2 days of depositions in their personal capacity and that Berger sat for 2 days of depositions as a corporate representative. The Court decided, however, that there was no sound legal or factual basis for the Court to arbitrarily limit the Trial Group A bellwether Plaintiffs' opportunity to examine Berger (and Fallon) regarding facts and opinions and thus the request for a limit on the amount of time of the deposition was denied. Thus, a full deposition ostensibly proceeded forward.

      7.    This Court has the inherent authority to assure witnesses are not unduly burdened. In this Court's Order dated October 8, 2020 [ECF 1454 at 4], this Court stated in a footnote, *"See Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) ('A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases . . .'"

5

8. This Court has also acknowledged the need for efficiency in the trials and the need to avoid repetition and undue burden. In this Court's Order of December 30, 2020 [ECF 1583 at 3], addressing a consolidation issue, the Court noted:

> While the Court appreciates the practicality of Defendants' argument, it cannot overcome the need for efficiency in the trial process. Indeed, separate trials in these three cases would be largely repetitive and thus would implicate the great many burdens, delays, and expenses that consolidation is designed to mitigate.

9. Since the commencement of the MDL, Berger has testified at thirteen Plaintiff's cases at ten trials[4] and at approximately seven deposition settings. Since the fall of 2020, Mr. Berger has repeatedly sought to be relieved of the burden of having to continue to testify.

10. Magistrate Jones noted that this is the largest MDL in American history finding there was no prejudice or inconvenience to Berger with a remote trial testimony for that specific trial. However, the Magistrate in *Baker* [Case No. 7:20-cv-39] commented:

---

[4] *Estes/Hacker/Keefer, McCombs, Baker, Adkins, Blum, Camarillorazo, Finley, Montero, Stelling,* and *Sloan/Wayman.*

6

In the same vein, the Court is sensitive to the fact that Berger has spent a significant amount of time testifying at his video depositions and in the prior bellwether trials - <u>and perhaps one day the Court will need to say no more - but precluding</u> his live testimony in this bellwether trial will not adequately "inform the parties on the future course of this entire litigation." (Underlining added.) [ECF 133 at 13.]

11. Pursuant to Fed.R.Civ.P. 45(d)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid undue burden on the person subject to the subpoena. Pursuant to Fed.R.Civ.P. 45 (d)(3)(A)(iv), a subpoena can be quashed when it subjects a person to undue burden.

12. Pursuant to Fed.R.Civ.P. 26(c), protective orders may be entered due to annoyance, embarrassment, oppression, or undue burden in relation to discovery, including specifying terms and conditions therein. That authority should extend to this unique instance in which Berger has already given trial testimony for thirteen Plaintiff's cases and sat for multiple depositions, and is arguably looking at being subpoenaed by one or more of the Plaintiffs in five pending cases named herein[5], and there remains hundreds of thousands of pending cases.

---

[5] The Rule 43 Motion states at Footnote 3, "Plaintiffs' motion seeks permission for remote testimony pursuant to Rule 43(a). Should the motion be granted, each plaintiff may subpoena Berger as their trial strategy requires." It is unjust that Berger's plans over the course of many months be on hold in this fashion.

7

13. Berger resides more than 100 miles away from Pensacola, Florida and is outside the subpoena power of the Court under Rule 45.

14. Berger resides in Indiana and is a 69 year old retired individual. His arrangement with Volt has been concluded and his consulting agreement is terminable at will. He has already devoted hundreds of hours to the MDL. The mere fact that he recently voluntarily coordinated with counsel for 3M when he is forced by subpoena or court ruling, to testify in spite of his objection thereto, in no way evidences he is not burdened by the compulsion of the subpoena. *See* the Declaration of Elliott Berger, a true and correct copy of which is attached hereto as **EXHIBIT A.**

15. The Plaintiffs and Defendants have had ample opportunity to depose, video, and examine at trial Elliott Berger. Although Judge Jones' Report and Recommendation of January 26, 2022 [ECF 2610, p. 17] talks of sanitized testimony being presented, the Plaintiffs have had a full opportunity to subject Berger "to the crucible of cross-examination." Berger has repeatedly suggested and requested that his testimony be recorded for use at future trials, and that offer has been rejected by Lead Counsel for Plaintiffs stating he could not bind the thousands of the Plaintiffs who have filed suit. Plaintiffs chose not to join in Berger's request to video the trials, a strategy decision. They should not now be heard to claim prejudice. Were this repetitive subpoena process to continue, arguably Mr. Berger could be subpoenaed

in all the cases and claims. That is not the intent of an MDL. It is designed to prevent this type of repetitive, duplicative abuse of witnesses.

16. In light of the number of cases filed and Plaintiff's lead counsel's representation that he cannot state what the other Plaintiff's counsel will do for future trials[6], the requirement of Berger's continued attendance at trial amounts to indeterminate incarceration. Whether the cage is a hotel room with a view or a barred jail cell, matters not; a gilded cage is still a cage. He is not free to leave and is compelled to be there against his will. He has to plead for even some flexibility for his personal schedule. The issuance of additional court authorized subpoenas in an indeterminate number of cases, without end, rises to the level of Berger being deprived of his freedom without substantive due process.

## CONCLUSION

WHEREFORE, Elliott Berger, respectfully requests this Court grant this limited appearance for the filing of this Miscellaneous Action and Motion for

---

[6] The Rule 43 Motion, page 7, attempts to lull this Court into assuming Plaintiffs are going to be cooperative by saying, "After the next five trials, the Courts bellwether schedule will be complete, and the need for live testimony from Berger may be subject to reevaluation, but that time has not come." That is contrary to the representation that lead counsel does not control the decisions by other Plaintiffs' counsel.

Protective Order, grant the Motion, and prohibit the issuance of further trial subpoenas to Berger.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), I certify that this Miscellaneous Action and Motion for Protective Order is in compliance with the Court's word limit. According to the word processing program used to prepare this document, the document contains less than 2,126 words, exclusive of the case style, signature block, and this certification.

PHILIP A. BATES
Florida Bar No. 228354
CAROL A. RUEBSAMEN
Florida Bar No. 380946
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550 (32502)
Post Office Box 1390
Pensacola, FL 32591-1390
Telephone: (850) 470-0091
Telecopier: (850) 470-0441
pbates@philipbates.net
cruebsamen@philipbates.net
lgrove@philipbates.net
Attorney for Elliott Berger, individually