UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Vilsmeyer*, 7:20-cv-00113<br>*Wilkerson*, 7:20-cv-00035<br>*Kelley*, 7:20-cv-00153<br>*Vaughn*, 7:20-cv-00134<br>*Beal*, 7:20-cv-00006 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO PRESERVE *DAUBERT* AND RULE 702 MOTIONS AND ARGUMENTS PREVIOUSLY RULED UPON**

On February 4, 2022, Defendants 3M Company and Aearo (collectively, "Defendants") filed a Motion to Preserve *Daubert* and Rule 702 Motions and Arguments Previously Ruled Upon ("Preservation Motion"). Dkt. 2720. In their Preservation Motion, Defendants list certain *Daubert* motions they made previously with respect to the Group A, Group B, and/or Group C bellwether cases (upon which this Court has previously ruled) they wish to preserve with respect to the Group C bellwether cases.[1] *Id.* at 1-6. Defendants incorporate arguments on each listed

---

[1] Defendants seek to preserve certain listed motions the Court previously denied, as well as certain motions the Court previously granted in whole or in part. Doc. 2720 at 1.

1

motion by reference to Defendants' Omnibus Motion to Exclude Plaintiffs' [Group A] Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum in Support Thereof filed under seal on January 8, 2021 (Dkt. 1605, 1606), Defendants' Omnibus Motion to Exclude Plaintiffs' [Group B] Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum filed under seal on August 6, 2021 (Dkt. 1864), and Defendants' Omnibus Motion to Exclude Plaintiffs' [Group C] Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum filed under seal on September 17, 2021 (Dkt. 2042). Defendants also identify which of these previous motions are made against new experts, or existing experts making new arguments, that Plaintiffs have designated for the Group D bellwether cases. Dkt. 2720, at 2-6.

Cognizant that the Court does not want additional argument concerning *Daubert* challenges that were already decided in the Group A, Group B, and/or Group C bellwether cases, Plaintiffs respond to Defendants' Preservation Motion by incorporating by reference all of plaintiffs' prior responses to Defendants' Group A, B, and C *Daubert* motions, including without limitation Plaintiffs' [Group A] Omnibus Response in Opposition to Defendants' Omnibus Motion to Exclude Plaintiffs' Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum in Support Thereof dated January 22, 2021 (Docs. 1630, 1631), Plaintiffs' [Group B] Omnibus Response in Opposition to Defendants' Omnibus

2

Motion to Exclude Plaintiffs' Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum dated August 27, 2021 (Dkt. 1902), and Plaintiffs' [Group C] Omnibus Response in Opposition to Defendants' Omnibus Motion to Exclude Plaintiffs' Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum dated October 8, 2021 (Dkt. 2199), which fully respond to each of the arguments Defendants seek to preserve here. This is done to make sure the record is clear for appellate purposes. Further, to the extent Defendants' Preservation Motion references, relates to, and/or incorporates arguments made in Defendants' Omnibus Motion to Exclude Plaintiffs' Group D Putative Expert Opinions under *Daubert* and Rule 702 and Incorporated Memorandum dated February 4, 2022 (Dkt. 2718, 2721), Plaintiffs incorporate by reference their omnibus response in opposition to same, which bears today's date and is filed simultaneously herewith.

Finally, to the extent Defendants argue for preservation purposes that the specific causation opinions of "each of Plaintiffs' Group D experts that opines regarding specific causation" is somehow flawed because these experts "did not fit the Plaintiff with the CAEv2 or measure the Plaintiff's ear canals," Dkt. 2720 at 5, Plaintiffs respond for preservation purposes that Defendants' argument is one the Court has rejected multiple times and should reject again. As the Court previously held, "[t]he absence of formal measurements of [a plaintiff's] ear canal or

3

evaluations of [the plaintiff's] ear anatomy with the CAEv2 inserted may bear on the weight of the doctors' opinions, but not admissibility." Dkt. 1910 at 43-44; *see, e.g.*, *McCombs v. 3M*, 7:20cv094, Dkt. 64 at 6 (stating that an "evaluat[ion] [of a plaintiff's] ear anatomy both with and without the CAEv2 inserted" is "not a necessary component of" a reliable differential etiology.); *Estes*, 7:20-cv-137, Dkt. 53 at 14-16.[2] Further, to the extent Defendants assert any new arguments via their Preservation Motion, any such arguments are improper and should be rejected by the Court.

<u>Date</u>:  February 25, 2022                     Respectfully submitted,

/s/ Bryan F. Aylstock
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
***Plaintiffs' Lead Counsel & Counsel for Plaintiff James Beal***

---

[2] Likewise, to the extent Defendants attempt to preserve prior case-specific *Daubert* arguments—including arguments concerning specific causation opinions of plaintiffs' experts related to Camarillorazo, Finley, Montero, Palanki, or others (*see* Dkt. 2720 at 3-6)—this is improper, as such expert opinions are specific to each individual plaintiff.  If Defendants have challenges to any Group D Plaintiff's expert's specific causation opinions, they should have formally moved on all such opinions in their omnibus Group D *Daubert* motion or have waived same. *See, e.g.*, *Estes*, 7:20-cv-137, Dkt. 53 at 13-16 & n.7.

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
*Plaintiffs' Co-Lead Counsel*

Keith M. Jensen
(Admitted Pro Hac Vice)
Texas Bar No. 10646600
JENSEN & ASSOCIATES
1024 N. Main Street
Fort Worth, TX 76164
817-334-0762
kj@jensen-law.com
*Counsel for Plaintiff Steven Wilkerson*

Joseph L. Messa
Ashley B. DiLiberto
(Admitted Pro Hac Vice)
JM2878/ AD9331
MESSA & ASSOCIATES, P.C.
123 S. 22nd St.
Philadelphia, PA 19103
215-568-3500
215-568-3501 (fax)
jmessa@messalaw.com

5

adiliberto@messalaw.com
***Counsel for Plaintiff Luke Vilsmeyer***

Trent Miracle
(Admitted Pro Hac Vice)
Illinois Bar No. 6281491
Dan Blouin
(Admitted Pro Hac Vice)
New York Bar No. 4289021
John J. Foley
(Admitted Pro Hac Vice)
Illinois Bar No. 6288152
SIMMONS, HANLY, CONROY
One Court Street
Alton, IL 62002
618-259-2222
618-259-2251 (fax)
tmiracle@simmonsfirm.com
dblouin@simmonsfirm.com
jfoley@simmonsfirm.com
***Counsel for Plaintiff Denise Kelley***

Gerard Guerra
(Admitted Pro Hac Vice)
Missouri State Bar No. 42703
ONDERLAW, LLC
110 East Lockwood Ave.
St. Louis, MO  63119
314-963-9000
314-228-0132 (fax)
guerra@onderlaw.com
***Counsel for Plaintiff Jonathon Vaughn***

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this motion complies with the word limit of Local Rule 7.1(F) and contains 763 words.

*/s/ Bryan F. Aylstock*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan F. Aylstock*
