# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Document Relates to: | |
| *Vilsmeyer, 7:20-cv-00113* | Magistrate Judge Gary R. Jones |
| *Wilkerson, 7:20-cv-00035* | |
| *Kelley, 7:20-cv-00153* | **Confidential – Filed Under Seal** |
| *Vaughn, 7:20-cv-00134* | **Public Version** |
| *Beal, 7:20-cv-00006* | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION TO EXCLUDE PLAINTIFFS' GROUP D PUTATIVE EXPERT OPINIONS UNDER DAUBERT AND RULE 702 AND DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT <u>ANTONY JOSEPH OPINIONS UNDER DAUBERT AND RULE 702</u>**

# TABLE OF CONTENTS

Introduction .................................................................................................1

Argument ....................................................................................................1

I.   The Opinions of Plaintiffs' General Expert Are Reliable and Admissible ...1

   A. Dr. Antony Joseph ...............................................................................1

   1.   Joseph's Legal Opinions Are Admissible ...............................................2

   2.   Joseph's State of Mind Opinions Are Admissible ...................................3

   3.   Joseph is Qualified to Opine on ████████████████████ ████████ and Defendants' Criticism Goes to Weight, Not Admissibility ..4

II.  Plaintiffs' Experts' Specific-Causation Opinions Are Reliable and Admissible ..........................................................................................6

   A. Vilsmeyer ...........................................................................................6

   1.   Arriaga's Causation Opinion Regarding Vilsmeyer is Reliable .............6

   2.   Spankovich's Causation Opinions Should Not be Excluded ...............15

   B. Wilkerson ..........................................................................................21

   1.   Djalilian's Opinions Regarding Wilkerson Should Not be Excluded ..21

   2.   Spankovich's Opinions About Wilkerson Should Not Be Excluded and ████████████████ is Reliable. ......................................28

   C. Kelley ................................................................................................34

   1.   Djalilian's ████████████████████ is Reliable. ........34

i

2.   Gershwin Applied Appropriate Methodology in Concluding That ██████ ████████████████████████ ........................................40

D. Vaughn ...................................................................................42

1.   Bielefeld's ████████████████████ is Reliable. ........42

2.   Lustig's Causation Opinion Regarding Vaughn is Reliable. ................45

Conclusion ....................................................................................48

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Techtronic Indus. N. Am., Inc.*,
  2015 WL 12843836 (M.D. Fla. Apr. 14, 2015) ....................................................2

*Arevalo v. Coloplast Corp.*,
  2020 WL 3958505 (N.D. Fla. July 7, 2020)........................................................2

*Chapman v. Procter & Gamble Distrib., LLC*,
  766 F.3d 1296 (11th Cir. 2014)........................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)........................... passim

*Eldridge v. Pet Supermarket, Inc.*,
  2020 WL 1076103 (S.D. Fla. March 6, 2020) ....................................................2

*Garcia v. Scottsdale Ins. Co.*,
  2019 WL 1318090 (S.D. Fla. Mar. 22, 2019) .............................................. 30, 47

*Guinn v. AstraZeneca Pharm. LP*, 602 F.3d 1245 (11th Cir.  2010).........................6

*Haines v. Webb*, 2014 WL 12828962 (N.D. Ga. Sept. 26, 2014).........................2, 3

*Hendrix ex rel. G.P. v. Evenflo Co., Inc.*,
  609 F.3d 1183 (11th Cir.  2010)................................................................ 6, 25, 45

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
  2021 WL 5506475 (N.D. Fla. Nov. 24, 2021) ............................................. 23, 24

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
  2021 WL 765019 (N.D. Fla. Feb. 28, 2021) ............................................. 7, 30, 33

*In re Delta/Airtran Baggage Fee Antitrust Litig.*,
  245 F. Supp. 3d 1343 (N.D. Ga. 2017) ...............................................................4

*In re Seroquel Prods. Liab. Litig.*,
  2009 WL 3806436 (M.D. Fla. July 20, 2009).....................................................3

*Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513 (5th Cir. 2013)...............................11

*Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190 (11th Cir. 2011).............. 30, 47

*Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015) ............. 30, 47

*Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307 (M.D. Fla. 2015) ..........................2

*Viterbo v. Dow Chem. Co.*, 826 F.2d 420 (5th Cir. 1987).......................................11

*Zurich Am. Ins. Co. v. Hardin*,
    2020 WL 1150981 (M.D. Fla. Mar. 10, 2020)....................................................23

**Statutes**
Fed. R. Evid. 702 ............................................................................. passim

iv

## INTRODUCTION

Defendants 3M Company and Aearo (hereinafter collectively "Defendants") have moved to exclude, in whole or in part, the testimony and opinions of Group D Plaintiffs'[1] experts Dr. Antony Joseph ("Joseph"), Dr. Moises Arriaga ("Arriaga"), Dr. Eric Bielefeld ("Bielefeld"), Dr. Hamid Djalilian ("Djalilian"), Dr. Eric Gershwin ("Gershwin"), Dr. Lawrence Lustig ("Lustig"), and Dr. Christopher Spankovich ("Spankovich") pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  Dkt. 2718; Dkt. 2721.[2]  For the reasons stated herein, Defendants' motions should be denied.

## ARGUMENT

### I.    The Opinions of Plaintiffs' General Expert Are Reliable and Admissible.

#### A.    *Dr. Antony Joseph*

Defendants move to exclude certain opinions of Dr. Antony Joseph that Defendants characterize as impermissible legal conclusions, state of mind opinions, and outside Joseph's scope of expertise.

---

[1] The Group D Plaintiffs include Luke Vilsmeyer ("Vilsmeyer"), Steven Wilkerson ("Wilkerson"), Denise Kelley ("Kelley"), Jonathan Wade Vaughn ("Vaughn"), and James Beal ("Beal").

[2] References to Defendants' Omnibus Motion to Excluded Plaintiffs' Group D Expert Opinions Under *Daubert* and Rule 702 (Dkt. 2718) are abbreviated herein as "Def-Mot-[Page#]". To avoid confusion, Defendants' Motion to Exclude Plaintiffs' Expert Antony Joseph Opinions Under *Daubert* and Rule 702 (Dkt. 2721) will be referenced by docket number.

1.    ***Joseph's Legal Opinions Are Admissible.***

Defendants object to Joseph's opinions on the grounds that he offers impermissible legal opinions. Plaintiffs agree that this Court's prior *Daubert* Order prohibits experts from couching their opinions in terms that carry special meaning under the law. Dkt. 1680 at 119. But there is a critical difference between impermissible legal conclusions, which "directly instruct [] the jury on a legal determination," and expert testimony that "embrace[s] an ultimate issue of fact" by tracking the elements of causes of action. *Eldridge v. Pet Supermarket, Inc.*, 2020 WL 1076103 at *7 (S.D. Fla. March 6, 2020). The former is inadmissible; the latter is not. This Court made clear that experts can opine "on the problems they identified with the design, fitting, testing, and labeling of the CAEv2 because it will assist the jury in determining the ultimate issue of fact of whether the CAEv2 was defectively designed and/or whether Defendants' warnings were sufficient." *See Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1325 (M.D. Fla. 2015); Dkt. 1680 at 119. This Court went on to say that experts, "within their spheres of expertise" may "opine as to whether Defendants adhered to industry standards of care to the extent they are qualified to offer such an opinion." Dkt. 1680 at 119; *see Arevalo v. Coloplast Corp.*, 2020 WL 3958505, at *21 (N.D. Fla. July 7, 2020); *Anderson v. Techtronic Indus. N. Am., Inc.*, 2015 WL 12843836, at *5 (M.D. Fla. Apr. 14, 2015); *Haines v. Webb*, 2014 WL 12828962, at *9 (N.D. Ga. Sept. 26, 2014)).

In this regard, Defendants' Motion to Exclude goes too far. For instance, Defendants seek to exclude Joseph's statements ███████████████████████ ███████████████████████████████. However, because such opinions relate to "industry standards of care," and how a reasonable operator in the industry would comply with relevant statutes and regulations, such opinions are permitted. *See* Dkt. 1680 at 117. So, while the Court may properly require the use of similar, non-legal language, Joseph's opinions are still admissible. *See* Dkt. 1910 at 54 ("With that said, he may use different words – that is, words that are not legal terms of art – to convey the same opinion"). Again, an expert may "offer opinions as to the applicable standard of care and what conduct he believes fell short of that standard." *Id.* (quoting *Haines,* 2014 WL 12828962, at *9 (N.D. Ga. Sept. 26, 2014)). Joseph should therefore be permitted "to opine – within [his] sphere of expertise – on the problems [he] identified with the design, fitting, testing, and labeling of the CAEv2" that do not cross these lines. *See* Dkt. 1680 at 118.

### 2.      *Joseph's State of Mind Opinions Are Admissible.*

Defendants also seek to exclude state of mind opinions about what Defendants knew. However, Joseph's opinions simply ████████████████████████ ███████████████████████████████████████████████ ███████████████████████. *In re Seroquel Prods. Liab. Litig.*, 2009 WL 3806436, at *3 (M.D. Fla. July 20, 2009). This notice-related testimony is within the

3

realm of his expertise and is based on his review of record evidence. It should be permitted. *Id.; see* Dkt. 1680 at 115 ("An expert may ... 'explain the basis of admissible opinions through commentary on documents and exhibits in evidence[.]'"); *Id.* at 133-34 ("Lustig may testify as to whether information contained in Defendants' internal documents indicated certain risks to users of the CAEv2[.]"); *see also* Dkt. 1910 at 54-55 ("Experts may testify about whether information contained in Defendants' internal documents indicated certain risks to users of the CAEv2, but they may not opine about Defendants' knowledge, intent, or motives").  Accordingly, Joseph's opinions should be permitted to the extent they rely on internal documents to indicate certain risks to users.

3. ***Joseph is Qualified to Opine on*** ██████████ ***and Defendants' Criticism Goes to Weight, Not Admissibility.***

Defendants' final criticism, that Joseph is unqualified to opine ██████████ ██████████, goes to weight, not admissibility.[3] *See* Dkt. 1680 at 32 n.22; *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1361 (N.D. Ga. 2017) (explaining that expert testimony is reliable "so long as the expert relies upon record evidence and identifies the facts on which he relies,"

---

[3] Dkt. 2721 at 4.

and that "mere weaknesses in the factual basis of an expert witness' opinion bear on the weight of the evidence rather than on its admissibility").

Moreover, Defendants' criticisms of Joseph are unfounded. Joseph .[4] .[5] .[6] Further, .[7] He also testified that .[8] Thus, Joseph is highly qualified to opine on , and those opinions fit within his scope of expertise. However, such criticism goes to weight, not admissibility.

---

[4] PX1(Joseph-1-6).
[5] *Id.*
[6] *Id.*
[7] PX2(Joseph-Dep-(1/28/2022)-96:10-97:14).
[8] *Id.* at 101:12-104:10.

## II.     Plaintiffs' Experts' Specific-Causation Opinions Are Reliable and Admissible.

Plaintiffs' experts' specific-causation and diagnosis opinions satisfy *Daubert* and should not be excluded. Plaintiffs' experts properly employ the differential etiology method. A reliable differential diagnosis "need not rule out all possible alternative causes, [but] it must at least consider other factors that could have been the sole cause of the plaintiff's injury." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1308 (11th Cir. 2014). Although an expert need only provide "a reasonable explanation" supporting their exclusion of an alternative sole cause, that explanation must be based on "more than subjective beliefs or unsupported speculation." *Guinn v. AstraZeneca Pharm. LP*, 602 F.3d 1245, 1253 (11th Cir. 2010); *Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1197 (11th Cir. 2010).

### A.     *Vilsmeyer*

#### 1.     *Arriaga's Causation Opinion Regarding Vilsmeyer is Reliable.*

Defendants argue that Arriaga's ███████████████████████████████████ ██████████████████████████████ is unreliable. Dkt. 2718 at 13-20. Specifically, Defendants argue that Arriaga (1) ██████████████████████████████████ ██████████████████████████████; and (2) ██████████████████ ███████████████████████████████████████████████████████ ██████████████████████. These arguments all fail. Arriaga's causation opinions are

6

████████████████████████████, a reliable methodology that has been repeatedly

endorsed by the Court. *See, e.g.* Dkt. 1910 at 42-47; *In re 3M Combat Arms Earplug*

*Prods. Liab. Litig.*, 2021 WL 765019, at *13 (N.D. Fla. Feb. 28, 2021). Contrary to

Defendants assertions, Arriaga ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████.[9]

Arriaga's ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████. After ██████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[9] *See* PX3(Arriaga-(Vilsmeyer)); PX4(Arriaga-(Vilsmeyer)-Rebuttal)).

7

█████████████████████████ ███████████ ████████

████.[12]  Accordingly,  Arriaga's  opinions  ████████████████

█████████████████ are reliable and admissible. *See, e.g., McCombs v. 3M*,

7:20cv094, Dkt. 64 at 4-6; Dkt. 2290 at 21-36.  Defendants' disagreements with the

sources, bases, of Arriaga's opinion impact its weight, not admissibility.  *See* Dkt.

2290 at 30.

a.  ***Arriaga Reliably*** ████████████████
████████████████████.

Vilsmeyer ████████████████.  Defendants  argue  that

because ████████████████████████████████

██████████████████████████████,

Arriaga's opinion that ████████████████████ is

unreliable. Dkt. 2718 at 15.  However,  Defendants  mischaracterize  Arriaga's

methodology, ignoring the full extent of ████████████ in an attempt to

cast his process as *sui generis*. *Id.* As he has previously ███████,[13] in

addition to ████████████████████████



---

[10] *See* PX3(Arriaga-(Vilsmeyer)-19, 29-30); PX4(Arriaga-(Vilsmeyer)-Rebuttal)-1-3).

[11] *See* PX3(Arriaga-(Vilsmeyer)-10-13, 19); PX4(Arriaga-(Vilsmeyer)-Rebuttal)-1-3).

[12] *See* PX3(Arriaga-(Vilsmeyer)-20, 29-30); PX4(Arriaga-(Vilsmeyer)-Rebuttal)-2).

[13] *See, e.g.*, Dkt. 2290 at 23-26.

██████████████ , Arriaga considered ████████████████████████████

███████.[14]  And he specifically explained how and why he ████████████████████

█████████████████████████████.[15]

    Specifically, Arriaga observed that ████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████[16] But ████████████████████████████████

████████████████████████████████████████████████████████████[17]

As Arriaga explained during his deposition, ████████████████████████████████

██████████████████████████████████████████[18]  Indeed,

Arriaga repeatedly testified regarding how he applied his expertise and experience

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████.[19]  Contrary to Defendants' assertions, Arriaga did not

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[14] PX3(Arriaga-(Vilsmeyer)-8, Ex.A).

[15] *E.g.* PX5(Arriaga-Dep-(1/23/22)-109:8-112:17, 115:2-14).

[16] PX3(Arriaga-(Vilsmeyer)-29-30).

[17] *Id.* at 30.

[18] PX5(Arriaga-Dep-(1/23/22)-11:8-12:2).

[19] *Id.* at 56:9-57:19.

██████████████████████████████████████████████████████

████████████████████████████.[21]  He further explains that ████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████.[22]

    Arriaga also provided a reasoned basis for ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████[23]  Having identified and explained ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████, Arriaga's opinions satisfy Rule 702 and *Daubert*. *See* Dkt. 2290 at 29;

Dkt. 1910 at 44.

---

[20] *See, e.g.*, *id.* at 79:9-81:6; 91:5-92:1.

[21] *Id.* at 58:8-59:17; 76:22-77:78:19); *see id.* at 71:6-12 ████████████████

████████████████████████████████████████████████

[22] *Id.* at 83:16-85:15.

[23] PX4(Arriaga-(Vilsmeyer)-Rebuttal)-1-2).

### b. *Arriaga Reliably* █████████████████████ ████████████████.

Defendants argue that Arriaga failed to ████████████████████████

████████████████████████████████████████████

████████████████████. However, Arriaga ████████████████████████

████████████████████████████████████████████

███████████████████████████████████████.[24] Defendants'

disagreement with his conclusion is not a basis for exclusion.  *See* Dkt. 2290 at 24,

25 (alleged inadequacies may be properly tested on cross examination and through

competing expert testimony).

████████████████: Defendants claim that Arriaga ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████.  Dkt. 2718 at 16.  To start, these bases would be sufficient

evidence of a reliable methodology.[25]  Moreover, Defendants' reliance on *Moore v.*

*Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013), *see* Dkt. 2718 at 17, is

misplaced, as ████████████████████████████████████████

████████████████████████████████████████████.

---

[24] *See* PX3(Arriaga-(Vilsmeyer)); PX4(Arriaga-(Vilsmeyer)-Rebuttal).
[25] *See* Dkt. 2290 at 30 (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

However, Defendants' characterization of Arriaga's methodology is simply incorrect—he considered more than ████████████████.[26] Examining the entirety of ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████[27]—cannot seriously be challenged as an unreliable methodology.  Nevertheless, ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████.  Arriaga properly did so here, ████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████.[28]

Furthermore, Defendants attempt to ████████████████████████████████ ████████████████████████████████████████████████████████████████████.  As explained above, Arriaga ██████████████████████████████████████████████ ████████████████████████████████████████████████ to conclude that ████████████████████████████████████████████████████████████████████ ████████████████████████████████.[29]  Arriaga linked ████████████████ ████████████████████████████████████████████████████████████████████



---

[26] *See* PX5(Arriaga-Dep-(1/23/22)-168:16-170:8).

[27] *Id.* at 65:9-68:4; 105:22-107:8.

[28] *Id.* at 69:13-70:9; PX3(Arriaga-(Vilsmeyer)-18-19); PX4(Arriaga-(Vilsmeyer)-Rebuttal)-3).

[29] PX5(Arriaga-Dep-(1/23/22)-83:16-84:19; 116:7-15).

███████████████████████████████████████████████████████

████████████████████████████████████████████████.[30]

██████████: Defendants also misrepresent Arriaga's ██████████████

████████████████████████████████████████████, baldly asserting

that Arriaga provides no scientific or clinical justification for this conclusion.  Dkt.

2718 at 18.  Contrary to Defendants' argument, Arriaga ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████.[32] Defendants' disagreements with Arriaga's conclusion may be appropriate

topics for cross examination, but his ████████████████████████████████

████████████████████████████████ is reliable and admissible.

---

[30] *Id.* at 100:12-101:3; 101:19-104:2; 116:7-122:8.
[31] PX3(Arriaga-(Vilsmeyer)-10-13); PX4(Arriaga-(Vilsmeyer)-Rebuttal-3).
[32] PX3(Arriaga-(Vilsmeyer)-10-13); PX4(Arriaga-(Vilsmeyer)-Rebuttal-3); *see* PX5(Arriaga-Dep-(1/23/22)-132:16-134:15) (██████████████████████
██████████████████████████



█████████: Defendants argue that ████████████████████ ████████████ Dkt. 2718 at 18.  However, Defendants' (expert's) view of the evidence has no bearing on the reliability of ██████████████████.  Arriaga █████████████████████████████████████ ████████████████████████.[33]  As Arriaga explains ████████ █████████████████████████████████████████ █████████████████████████████████████████ █████████.[34] ████████████████████ █████████████████████.[35]  Defendants' argument that █████████ ██████████████████ is nothing more than a diversion. ██████████ █████████████████████████████████████████ ████████████████████████████████████.[36]  As Arriaga testified, ██████████████████████████████████████ █████████████████████████████████.[37]

---

[33] PX4(Arriaga-(Vilsmeyer)-Rebuttal-2).

[34] *Id.*

[35] *Id.*

[36] PX5(Arriaga-Dep-(1/23/22)-145:22-147:21).

[37] *Id.* at 150:18-151:23.

2.      ***Spankovich's Causation Opinions Should Not be Excluded.***



is more than adequate to satisfy Rule 702 and *Daubert*.  Dkt. 2290 at 27.

---

[38] PX6(Vilsmeyer-Dep-(10/5/2021)-87:20-24, 89:3-7, 138:16-22).

[39] *Id.* at 169:16-23, 176:17-180:19.

[40] PX7(Spankovich(Vilsmeyer)-9); PX6(Vilsmeyer-Dep-(10/5/2021)-225:13-226:4, 226:14-19).

[41] PX7(Spankovich(Vilsmeyer)-6-7); PX6(Vilsmeyer-Dep-(10/5/2021)-110:9-11).

[42] PX8(Spankovich(Vilsmeyer)-Rebuttal)-4).

[43] PX7(Spankovich(Vilsmeyer)-6).

Defendants claim that Spankovich's ███████████████████████

███████████ is unreliable because he failed to ██████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████.[44] Each

of these arguments should be rejected.

> ***a.*** ██████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████, Spankovich acknowledged that █████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████[45]  Further, ███████████████████████████

████████████████████████.[46] Spankovich has therefore ████████

██████████████████████████████████████████████████

████████████████████████.

---

[44] Def-Mot-20-23.
[45] PX7(Spankovich(Vilsmeyer)-6); PX8(Spankovich(Vilsmeyer)-Rebuttal)-3).
[46] PX8(Spankovich(Vilsmeyer)-Rebuttal)-3); PX9(Spankovich-Dep-(1/15/2022)-41:11-42:1); PX6(Vilsmeyer-Dep-(10/5/2021)-95:4-13).

**b.** ████████████████████████████

Spankovich also reliably ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████.[47]  Spankovich therefore has a reliable basis for ████████

████████████████.  Dkt. 2290 at 27.

**c.** ██████████

Defendants argue that Spankovich "offers no reliable methodology" to ████

████████████████████████████████.[48]  Not

so.  Spankovich considered that ████████████████████████████

████████████████████████████████.[49]  Defendants

only speculate as to ████████████████.[50]  Tellingly, Defendants did not

ask ████████████████████████, nor did they ask

---

[47] PX9(Spankovich-Dep-(1/15/2022)-26:16-27:5; 30:8-31:23).
[48] Def-Mot-22-23.
[49] PX6(Vilsmeyer-Dep-(10/5/2021)-110:9-11); PX7(Spankovich(Vilsmeyer)-10).
[50] Even assuming, without evidence, that ████████████████████████

████████████████████████████████████ is the

epitome of speculation.  Def-Mot-23 & Ex.43.  Indeed, ████████████

████████████████████████████████████

██████████████████████████.

17

Case 3:19-md-02885-MCR-HTC   Document 2812   Filed 02/25/22   Page 23 of 58

Spankovich how he ▮▮▮▮▮▮▮▮.[51]  Moreover, Spankovich ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮.  Therefore,  Spankovich  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮.

### d.   ▮▮▮▮▮▮▮▮▮▮▮

Defendants  argue  that  Spankovich's  opinions  are  unreliable  because  he

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮.[52]  Not true.  Spankovich considered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Ultimately, Spankovich ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮.[53]  Plus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[54]

Spankovich  therefore  reliably  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[51] PX9(Spankovich-Dep-(1/15/2022)-26:11-15).
[52] Def-Mot-24.
[53] PX9(Spankovich-Dep-(1/15/2022)-65:24-66:25).
[54] *Id.* at 66:21-25; PX6(Vilsmeyer-Dep-(10/5/2021)-231:6-232:4).

18

e. ▮▮▮▮▮▮▮▮▮▮

The Court should likewise reject Defendants' argument that Spankovich ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮. Spankovich explained the scientific basis for his conclusion in his rebuttal

report and in his deposition.[55]

*First*, Spankovich's review of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮.[56] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮.

*Second*, even if ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[57] As

Spankovich explained, studies have shown that ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[58]

*Third*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[59] It is undisputed that

---

[55] PX8(Spankovich(Vilsmeyer)-Rebuttal)-2-3); PX9(Spankovich-Dep-(1/15/2022)-51:13-54:7).

[56] PX9(Spankovich-Dep-(1/15/2022)-52:13-53:16).

[57] PX8(Spankovich(Vilsmeyer)-Rebuttal)-2-3).

[58] PX9(Spankovich-Dep-(1/15/2022)-56:1-58:10).

[59] PX8(Spankovich(Vilsmeyer)-Rebuttal)-2-3).

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████ [60] ████████████████████████████████████

███████████████████████████████████████████████

████████████ [61]

███████████████████████████████ does not render Spankovich's ████████

methodology unreliable.[62]   Dkt. 2290 at 35-36.   However, Defendants themselves

reference ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ .[63] ████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████ .

---

[60] PX10(Phillips(Vilsmeyer)-23); PX7(Spankovich(Vilsmeyer)-8).
[61] PX7(Spankovich(Vilsmeyer)-8).
[62] Def-Mot-25-26.
[63] PX7(Spankovich(Vilsmeyer)-42)(█████████████████████████████
████████████████████████████████████████ ███ ).

B.   **Wilkerson**

1.   ***Djalilian's Opinions Regarding Wilkerson Should Not be Excluded.***

The Court should admit Djalilian's opinions because ███████████

███████████, giving scientifically reasoned explanations for ███████

███████████████████████████████████████

███████████████████████████████. Defendants assert

that Djalilian ████████████████████████████████

███████████, but neither argument has merit. The motion can be denied as

moot on two points: ██████████████████████████████

███████████████.

a.   ***Djalilian Reliably*** ██████████████
███████████████████████████
████████████████.

i.   ██████████████████████
████████.

Defendants claim that ███████████████, but in reality, they seek to

exclude Djalilian's opinion ██████████████████████████

████ based on their own failure to ask follow-up questions. Defendants asked

███████████████████████████████████████

██████████████████████████████████████████.[64] Defendants

did not ask any follow-up questions.[65]

     Conversely, when Djalilian ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████.[66] █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████.[67]

     After reading Djalilian's report, Defendants accused ██████████████

████████████████████████████████████████████████.[68]

████████████████████████████████████████████████

███████████.[69] Defendants previously ██████████████████████████

██████████████████████████████. *In re 3M Combat Arms Earplug Prod.*

---

[64] PX11(Wilkerson-Dep-(10/1/2021)-42:1-13).
[65] *Id.* at 42:14.
[66] PX12(Djalilian-Dep-(1/21/2022)-382:12-383:18).
[67] PX13(Djalilian(Wilkerson)-12, 25-26).
[68] PX12(Djalilian-Dep-(1/21/2022)-379:21-380:6 (████████████████████████
████████████████████████████████████████████████
███████).
[69] *Id.* at 378:15-379:12; 278:4-8.

*Liab. Litig.*, 2021 WL 5506475, at *1 (N.D. Fla. Nov. 24, 2021). Defendants also

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████.[70] Defendants also had the opportunity to depose ███████████

███████████████████████████████████████—but later withdrew

the deposition notice.[71]

Djalilian's opinion is based on ███████████████████████

████████. Defendants had the opportunity to ████████████████ but did

not. Djalilian's opinions should not be excluded because Defendants failed to ask

follow-up questions, or because they are demanding evidence that Plaintiff does not

have.

Because ██████████████████████████████████████████,

*Zurich Am. Ins. Co. v. Hardin*, 2020 WL 1150981 (M.D. Fla. Mar. 10, 2020), is

inapposite.[72] Nor did Djalilian ████████████████████████████

---

[70] PX14(Justin-Powell-Dep-(11/14/2021)-20:2-21:21; 37:14; 41:17-42:18; 43:15-44:20).

[71] PX15(Penny-Powell-Dep-Notice); PX16(Email-re-Penny-Powell-Dep).

[72] *See* Def-Mot-35-36 ███████████████████████████████████

███████████████████████████████████████████████████████

████████.



.[73] Instead,

.

## ii.   *Djalilian Reliably* ████████████.

Djalilian's ████████████████████████████████ is also reliable.[74]   Djalilian ████████████████████████████████████

████████.[75] ███████████████████████████████

████████████████████████████████████████████

████████████████████████.[76]   Therefore, ██████████████

████████████████████. *See 3M Combat Arms Earplug*, 2021 WL 5506475, at *1

████████████████████████████████████████████

████████████████████████████████████████████

████. Therefore, even if the Court determines that Djalilian ████████████

████████████████████████████████████████████

████████████████████████.

---

[73] *Compare id.* at 36 *with* PX12(Djalilian-Dep-(1/21/2022)-378:15-379:12).
[74] Def-Mot-36.
[75] PX12(Djalilian-Dep-(1/21/2022)-274:18-21; 382:12-383:18).
[76] PX13(Djalilian(Wilkerson)-25-26); PX12(Djalilian-Dep-(1/21/2022)-389:2-390:1).

24

######## b.   *Djalilian's* ███████████████ *is Reliable and Admissible.*

Djalilian ████████████████████████████████. A reliable etiology requires an expert to consider and rule out potential causes under scientific bases until only one cause remains. *See Hendrix*, 609 F.3d at 1195. The expert need only offer scientific explanations that are more than subjective belief and speculation to rule out potential causes. *Id.* at 1197. Disagreements with an expert's conclusions derived from reliable methods subject the opinion to cross-examination, not exclusion. *Daubert*, 509 U.S. at 595.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████.[77] He gave scientifically reasoned explanations for ████████████████████████████████ ████████████████████████████████.[78] Djalilian then ██████████████████

---

[77] PX13(Djalilian(Wilkerson)-2-26); PX17(Djalilian(Wilkerson)-Rebuttal)-1-5).
[78] PX13(Djalilian(Wilkerson)-2-26).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬.[79] His ▬▬▬▬▬▬▬▬ is reliable and, thus, admissible.

Defendants' arguments against Djalilian's opinions are fodder for cross-examination, not exclusion. Defendants argue that Djalilian's opinions are unreliable because he ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬.[80] As to the first issue,

Djalilian applied his experience and education to the facts, ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[81] ▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬.

Djalilian ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬.[82] Additionally, ▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[79] *Id.* at 1, 27.
[80] Def-Mot-37-39.
[81] PX13(Djalilian(Wilkerson)-8-10).
[82] *Id.* at 2-4 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); PX12(Djalilian-Dep-(1/21/2022)-361:22-363:6).

██████████████████████████████████.[83] Upon these bases, not upon speculation

or subjective belief, ████████████████████████████████████████████

██████████.

 Djalilian also gave scientifically reasoned, non-speculative bases for ██████

███████████████████████████████████████████████████████.

Djalilian ███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████.[84] Additionally, ████████████████████████████

██████████████████████████████.[85] Defendants also focus on Djalilian's

███████████████████████████████████████████████████

████.[86] Defendants' musings about ██████████████████████ generally say

nothing to contradict the reliability of Djalilian's opinion about ███████████

██████████. Plus, ██████████████████████████████████████████

███████████████████████████.[87]

 Djalilian ████████████████████████████████████████, the

admission of which is consistent with the prior orders of the Court. *See, e.g.*, Dkt.

---

[83] PX13(Djalilian(Wilkerson)-25).

[84] *Id.* at 6, 24; PX17(Djalilian(Wilkerson)-Rebuttal)-4-5); PX12(Djalilian-Dep-(1/21/2022)-360:21-361:4; 364:18-369:13).

[85] PX13(Djalilian(Wilkerson)-24.

[86] Def-Mot-37-38.

[87] PX13(Djalilian(Wilkerson)-24; PX17(Djalilian(Wilkerson)-Rebuttal)-4-5).

1910 at 32 (permitting expert testimony over objection that certain alternatives were inadequately ruled out because testimony was based on "more than subjective beliefs or unsupported speculation"). He should, therefore, be permitted to testify.

           **2.**      ***Spankovich's Opinions About Wilkerson Should Not Be Excluded*** ████████████████ ***is Reliable.***

           *a.*    ████████████████████.

Rule 702 and *Daubert* do not require Spankovich to █████████ ████████████████████████████████████ ████████████████████████████████████.[88]  Dkt. 1910 at 42-44; *see also Estes*, 7:20-cv-137, Dkt. 53 at 14-16.  Indeed, ████████ ████████ would add no probative value here where, ████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████.[89]

Even if it was necessary, Spankovich did use a reliable method to ████████ ████████████████.  Spankovich ████████████████████████ ████████████████████████████████████

[88] Def-Mot-39-40.
[89] PX9(Spankovich-Dep-(1/15/2022)-211:4-214:16); PX11(Wilkerson-Dep-(10/1/2021)-138:12-15, 139:6-140:3).

███████.[90] ████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████.[91]

**b.** ██████████████████████████

Spankovich ████████████████████████████████.[92] He

acknowledged that █████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████.[93]

Spankovich ████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████.[94] As Spankovich testified, ████████

█████████████████████████████████████████████████

████████████████████.[95] ███████████████████████████

████████████████████████████ is reliable and admissible.

_____

[90] PX9(Spankovich-Dep-(1/15/2022)-214:17-217:19).

[91] *See, e.g.*, PX18(Pappas-Dep-(1/25/2022)-29:6-30:12).

[92] Def-Mot-40; PX19(Spankovich(Wilkerson)-13-14).

[93] PX9(Spankovich-Dep-(1/15/2022)-253:4-255:18);
PX20(Spankovich(Wilkerson)-Rebuttal)-1-2).

[94] Rule 702 and *Daubert* do not require ████████████████
████████████████, Dkt. 2218 at 10-11. *But see* PX9(Spankovich-Dep-
(1/15/2022)-255:19-257:6).

[95] PX9(Spankovich-Dep-(1/15/2022)-267:6-268:15).



*c.* ███████ ████ ████ ███

Spankovich ██████████████.[96] ████████████████

████████████████████████████

█████████.[97] ██████████████████

██████████████.[98]  Spankovich considered

████████████████████████████

████████.[99]  Notably, ████████████████

████████████████████████████

██████████.[100]  Spankovich has demonstrated "reliable evidence of

causation."[101] *In re 3M*, 2021 WL 765019, at *13 (N.D. Fla. Feb. 28, 2021).

---

[96] Def-Mot-40-41.

[97] PX19(Spankovich(Wilkerson)-10-11,15); PX20(Spankovich(Wilkerson)-Rebuttal)-1).

[98] PX11(Wilkerson-Dep-(10/1/2021)-317:16-319:20).

[99] PX9(Spankovich-Dep-(1/15/2022)-352:2-353:17, 354:15-355:21, 356:14-357:11, 358:18-360:8, 361:9-362:1).

[100] PX11(Wilkerson-Dep-(10/1/2021)-138:12-15, 139:6-140:3, 142:1-4).

[101] Defendants' factual disagreements with Spankovich's conclusions goes to weight, not admissibility. Dkt. 1680 at 22-23 (citing *Garcia v. Scottsdale Ins. Co.*, 2019 WL 1318090, at *2 (S.D. Fla. Mar. 22, 2019)); Dkt. 2218 at 14 (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1285 (11th Cir. 2015); *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011)).

*d.*   ███████████████████

For the reasons described above, *supra* pp. 21-24, Spankovich ██████████

███████████████████████████████████████

███ . Regardless, ███████████████████████████

███████████████████████████████████.[102]  ████████

███████████████████████████████████████

████████████████[103]   Indeed, ████████████████████

███████████████████████████████████████

██████████████████[104]  ██████████████████████████ , and the

Court should deny Defendants' motion.[105]

*e.*   ███████████████

Spankovich expressly acknowledges a ████████████████████

███████████████████████████.[106]  ████████████

███████████████████████████████████████

███████████████████████████████████████

---

[102] PX9(Spankovich-Dep-(1/15/2022)-319:18-321:2).
[103] *Id.* at 314:10-315:10, 318:21-321:2); PX20(Spankovich(Wilkerson)-Rebuttal)-1).
[104] PX9(Spankovich-Dep-(1/15/2022)-321:3-322:7, 322:24-323:14, 326:1-328:4).
[105] *Id.* at 322:24-323:23.
[106] *Id.* at 300:3-303:17, 385:12-386:10.



[REDACTED].[107]

[REDACTED] also supports Spankovich's causation opinion.

[REDACTED].[108]

**f.** [REDACTED][109]

Spankovich [REDACTED]

[REDACTED][110] Spankovich

[REDACTED].[111]

[REDACTED].[112]

[REDACTED].[113]

---

[107] PX19(Spankovich(Wilkerson)-15); PX11(Wilkerson-Dep-(10/1/2021)-129:19-130:4, 348:14-349:7).

[108] Def-Mot-41-42; PX19(Spankovich(Wilkerson)-13-14).

[109] Pursuant to the Court's prior orders, [REDACTED]

[110] Def-Mot-42-43.

[111] PX19(Spankovich(Wilkerson)-3).

[112] PX11(Wilkerson-Dep-(10/1/2021)-351:5-352:3).

[113] Def-Mot-42 & Ex.68; *see also* PX11(Wilkerson-Dep-(10/1/2021)-149:16-161:3) ([REDACTED]).

Even so, ███████████████████████████████████

███████████████████████████████  ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████[114]  Here, ██████████████████████████████████

████████████████████.[115]  The Court should deny Defendants' motion ██

██████████████████████████.  *In re 3M*, 2021 WL 765019, at *14;

Dkt. 1910 at 45; Dkt. 2218 at 8-9.

> ***g.*** ██████████████

Defendants  argue  that  ████████████████████  is  unreliable  because

████████████████████████████████████████.[116]  Not so.

Spankovich ████████████████████████████████████

██████████████████████████████████████████.[117]

Rule 702 and *Daubert* do not require that Spankovich ███████████████

████████████████████.  Dkt. 2218 at 10-11; Dkt. 1910 at 46 (citing

*Daubert*, 509 U.S. at 590).

---

[114] PX9(Spankovich-Dep-(1/15/2022)-141:10-145:17).

[115] PX11(Wilkerson-Dep-(10/1/2021)-145:22-148:6).

[116] Def-Mot-43; PX9(Spankovich-Dep-(1/15/2022)-340:23-344:15).

[117] PX11(Wilkerson-Dep-(10/1/2021)-372:5-13); PX9(Spankovich-Dep-(1/15/2022)-340:23-344:15).

### h. ███████████

The Court should deny as moot Defendants' motion on ██████████ ████████.[118]  Spankovich ████████████████████████ ███████████████████████.   Rather, his opinion is that ████████████████████████████████████ █████.

### i. ███████████

Defendants' motion is moot.  Spankovich ████████████████ ████████████████████.  However, Spankovich ██████ ██████████████████████████████████████ █████████████████████.[119]

### C.   Kelley

1.   *Djalilian's* ███████████ *Regarding Kelley is Reliable.*

i.   *Djalilian Appropriately* ██████████████ ████████████████████████.

Djalilian ██████████████████████████ ████████████████. Djalilian ████████████████████ ████████████████████████████████████

---

[118] Def-Mot-43.
[119] PX9(Spankovich-Dep-(1/15/2022)-367:21-368:11).

34

██████████████████████████████████████████.[120] Defendants' motion

merely   disagrees   with   Djalilian's   conclusions,   while   ignoring   Djalilian's

methodology ███████████████████████, and should be denied.

    At the outset, it should be noted that █████████████████████████

███████████████████████████████.[121] Defendants contend that

Kelley, ███████████████████████████████████

████████████████████████████████████████████

██████████████████████████.[122] ████████████████████████

████████████████████████████████████████████

█████████████████████████████████████.[123]

    Djalilian's ███████████████████████████████

████████████████████████████████████████████

██████.[124] As Djalilian explained in his report, ████████████████████

████████████████████████████████████████████

████████████████████████████████████████. For

example, ███████████████████████████████████

---

[120] PX21(Djalilian-(Kelley)-25-30).
[121] PX12(Djalilian-Dep-(1/21/2022)-166:7-12).
[122] Def-Mot-8-9.
[123] PX12(Djalilian-Dep-(1/21/2022)-237:3-21).
[124] PX21(Djalilian-(Kelley)-27).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████.[125] Likewise, █████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████.[126]  Similarly, █████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████.[127]  In short, █████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████  ████████[128] Djalilian thus properly █████████████████

███████████████████████████████████████████████████████

██████████████████.

Defendants point to ██████████████████████████████████

███████████████████████████████████████████████████████

█████████.  But  Djalilian █████████████████████████████████

--------------------------------------------------

[125] *Id.*
[126] *Id.*
[127] *Id.*
[128] PX12(Djalilian-Dep-(1/21/2022)-165:3-166:12).

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]. As Djalilian stated in his deposition,

[REDACTED]

[REDACTED]

[REDACTED] [129] Ultimately, [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]. [130]

Defendants' motion accounts for none of this analysis, attempting to bootstrap mere disagreement about Djalilian's conclusions into a *Daubert* challenge. Defendants point to [REDACTED]

[REDACTED]

[REDACTED]. [131] But as Djalilian noted in his original report, [REDACTED]

[REDACTED]

[REDACTED]. [132] Moreover, [REDACTED]

---

[129] *Id.*
[130] *Id*.
[131] Def-Mot-8.
[132] PX21(Djalilian-(Kelley)-27).

37



Defendants also point to ▮▮▮▮▮▮▮▮[134]

▮▮▮▮▮▮▮▮[135] Djalilian ▮▮▮▮▮▮

▮▮▮▮▮▮[136]

▮▮▮▮▮▮▮▮▮▮[137]

Additionally, Djalilian ▮▮▮▮▮▮

▮▮▮▮▮▮[138]  Moreover, ▮▮▮▮▮▮

▮▮▮▮[139]

---

[133] PX22(Djalilian-(Kelley)-Rebuttal)-2-3.
[134] PX21(Djalilian-(Kelley)-27).
[135] Def-Mot-8.
[136] PX22(Djalilian-(Kelley)-Rebuttal)-2.
[137] *Id.* at 1.
[138] *Id.* at 2.
[139] *Id.* at 2 (*quoting* (PX23(Alexander 2009), (PX24(Harris 2003)).



[140] It is thus clear that Djalilian

Defendants also attack Djalilian's conclusion that

[141]

[142] Moreover, Djalilian's

.[144] Again, Defendants' problem is with Djalilian's conclusion rather than his methodology, which is sound.

---

[140] PX12(Djalilian-Dep-(1/21/2022)-230:13-231:15).
[141] Def-Mot-8-9.
[142] PX25(Joseph 2020).
[143] PX21(Djalilian-(Kelley)-25).
[144] *Id.* at 15-22.

39

Finally, Defendants' attempts to tar Djalilian using cherry-picked excerpts from an extraordinarily combative[145] deposition examination are irrelevant to Djalilian's methodology and the instant motion.

>    **2.**   ***Gershwin Applied Appropriate Methodology in Concluding That*** ███████████████████████ ███████████████.

Although Djalilian used appropriate methodology ███████████████ ██████████████████████████, Plaintiffs elected to submit a rebuttal report from Dr. Gershwin responsive to that of ███████████████ ██████████. Gershwin, like Djalilian, considered ███████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████.[146]

The fact that Defendants' experts reached a different conclusion after considering the same evidence is an issue for the jury, not a basis for a *Daubert* challenge.

Gershwin opines that ███████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

---

[145] PX12(Djalilian-Dep-(1/21/2022)-143:20-144:23) (██████████████████████ ███████████████████████████████████████████████████); *Id.* 154:14-17 ("██████████████████████████████████████.").

[146] PX26(Gershwin-(Kelley)-Rebuttal)-2-5).



████████████████████████████████████████████████████████.[147]

As with Djalilian, Gershwin notes that ███████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. For

example, █████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████.[148]  Likewise, ████████████████████████████████

██████████████████████████████████████████████████  ████████

█████████████████████████████████████████████████.

Put simply, Gershwin applies a reasonable methodology in concluding that ██

██████████████████████████████████████████████████████████

████████████████████████[150] Defendants' disagreement with that conclusion

is an issue for the jury, and not a challenge to his methodology.

---

[147] PX27(Gershwin-Dep-(1/28/2021)-50:9-51:17).
[148] *Id.* at 53:5-53:25.
[149] *Id.* at 56:15-57:4.
[150] *Id.* at 54:5-21.

### D.  *Vaughn*

####   1.   *Bielefeld's* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *is Reliable.*

Defendants incorrectly argue Bielefeld did not ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ .

#####   a.   ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ , Bielefeld's Report notes that ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ .[151] ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[153] And further, ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮[155]

---

[151] PX28(Bielefeld-(Vaughn)-27); PX29(▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).
[152] PX28(Bielefeld-(Vaughn)-27); Def-Mot-27-28.
[153] PX28(Bielefeld-(Vaughn)-27).
[154] *Id.* at Ex.C.
[155] *Id.* at 27-28.

Defendants' argument centers on ████████████████████████

█████████████████████████.[156] Defendants argue Bielefeld ███████

████████████████████████████████████████████████

████████████████████.[157]

While Defendants rely on █████████████████████████

█████████████████████ ███████████████████████████

████████████████████.[159] At deposition, Bielefeld explained that ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████.[160] And

further, Bielefeld explained that █████████████████████████

████████████████████████████████████████████████

███████████████████████████.[162] As this Court most recently held as to

─────────────────

[156] Def-Mot-27-29.

[157] *Id.*

[158] *Id.* at 27; DX47-49.

[159] PX30(████████████████████████████████); PX31(██████
████████████████████████).

[160] PX32(Bielefeld-Dep-(1/17/2022)-167:20-169:8); PX30(███████████
████████████████████); PX31(████████████████████████).

[161] PX32(Bielefeld-Dep-(1/17/2022)-78:17-79:6).

[162] *Id.* at 105:9-19.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.

*See* Dkt. 2218 at pp. 8-9. Thus, Bielefeld ████████████████████.

**b.** ████████████████

Defendants again point to ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████.[163] Importantly, ██████████████████████████████

████████████████████████████████████████████.[164] This alone

demonstrates the absurdity of their argument.

Defendants argue Bielefeld ████████████████████████████████████

████████████████████████████.[165] At deposition, Bielefeld explained that

████████████████████████████████████████████████████████[166] He

stated that ████████████████████████████████████████████████████

████████████████████████████████████████.[167] And further,

████████████████████████████████████████████████████████████████

---

[163] Def-Mot-29-31.
[164] PX33(Pappas(Vaughn)).
[165] Def-Mot-29-21.
[166] PX32(Bielefeld-Dep-(1/17/2022)-137:20-138:13).
[167] *Id.* at 137:20-138:13.

████████████████████████████████████████████████

██████ [168] ████████████████████████████████████

████████████████████████████████████████████████

██████ [169] Thus, Bielefeld has provided "more than subjective beliefs or unsupported

speculation" ████████████████████████████████ and his opinions

are reliable. *See Hendrix,* 609 F.3d at 1197.

**2.     *Lustig's Causation Opinion Regarding Vaughn is Reliable.***

Defendants' lone argument as to Lustig is that he ████████████████

████████████████████████████████████████.[170] Lustig's

Report ████████████████████████████████████████.[171]

Lustig expressly notes,



---

[168] *Id.* at 138:14-141:5.
[169] *Id.* at 140:2-6.
[170] Def-Mot-31-34.
[171] PX34(Lustig-(Vaughn)-5, 14, 22, 29).
[172] *Id.* at 5.

████████████████████████████████████████

████████ Lustig states,



[173]
.

At deposition, Lustig further explained his reasoning, stating,

██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████ [174]
.

And further, Lustig again explains that ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ [175]
.

---

[173] *Id.* at 29.
[174] PX35(Lustig-Dep-(1/23/2022)-68:2-11).
[175] *Id.* at 69:1-9.

Thus, Lustig clearly does not ████████████████████████

████████████████████████████████████████████████████

███████.[176] Lustig ████████████████████████████████

██████████.[177] He then █████████████████████████████

████████████████████████████████████████████████ in

rendering his opinions.[178]

Lustig is more than qualified to opine that ███████████████

████████████████████████████████████████.[179] He

provides a reasoned explanation as to why he ████████████

████████████████████████████████████████████████████

████████████████. Defendants' factual disagreement with Lustig's conclusions

goes to weight, not admissibility. *See* Dkt. 1680 at 22-23 (citing *Garcia v. Scottsdale*

*Ins. Co.*, 2019 WL 1318090, at *2 (S.D. Fla. Mar. 22, 2019)); Dkt. 2218 at 14 (citing

*Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1285 (11th Cir. 2015); *Rosenfeld*

*v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011)). Lustig's opinions

are admissible under Rule 702.



---

[176] Def-Mot-31-34.
[177] PX34(Lustig-(Vaughn)-Ex.C).
[178] *Id.* at Ex.A.
[179] PX35(Lustig-Dep-(1/23/2022)-68:2-11).

## **CONCLUSION**

For these reasons, the Court should deny Defendants' motions.

<u>Date</u>:  February 25, 2022

Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ,
PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
**Plaintiffs' Lead Counsel & Counsel for
Plaintiff James Beal**

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
**Plaintiffs' Co-Lead Counsel**

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com
**Plaintiffs' Co-Lead Counsel**

Joseph L. Messa
Ashley B. DiLiberto
(Admitted Pro Hac Vice)
JM2878/ AD9331
MESSA & ASSOCIATES, P.C.
123 S. 22nd St.
Philadelphia, PA 19103
215-568-3500
215-568-3501 (fax)
jmessa@messalaw.com
adiliberto@messalaw.com
***Counsel for Plaintiff Luke Vilsmeyer***

Trent Miracle
(Admitted Pro Hac Vice)
Illinois Bar No. 6281491
Dan Blouin
(Admitted Pro Hac Vice)
New York Bar No. 4289021
John J. Foley
(Admitted Pro Hac Vice)
Illinois Bar No. 6288152
SIMMONS, HANLY, CONROY
One Court Street
Alton, IL 62002
618-259-2222
618-259-2251 (fax)
tmiracle@simmonsfirm.com
dblouin@simmonsfirm.com
jfoley@simmonsfirm.com
***Counsel for Plaintiff Denise Kelley***

Keith M. Jensen
(Admitted Pro Hac Vice)
Texas Bar No. 10646600
JENSEN & ASSOCIATES
1024 N. Main Street
Fort Worth, TX 76164
817-334-0762
kj@jensen-law.com
***Counsel for Plaintiff Steven Wilkerson***

Gerard Guerra
(Admitted Pro Hac Vice)
Missouri State Bar No. 42703
ONDERLAW, LLC
110 East Lockwood Ave.
St. Louis, MO  63119
314-963-9000
314-228-0132 (fax)
guerra@onderlaw.com
***Counsel for Plaintiff Jonathon Vaughn***

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH COURT'S WORD LIMIT</u>

I hereby certify that the foregoing contains 9,059 words, which is compliant

with the word limitation for *Daubert* responses established by the Court.

<u>/s/ Bryan F. Aylstock</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, I caused a copy of the foregoing to be filed through the Court's CM/DOC system, which will serve all counsel of record.

<u>*/s/ Bryan F. Aylstock*</u>