### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Beal*, 7:20-cv-00006 *Kelley*, 7:20-cv-00153 *Vaughn*, 7:20-cv-00134 *Vilsmeyer*, 7:20-cv-00113 *Wilkerson*, 7:20-cv-00035 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

Pending before the Court are Elliott Berger's and Defendants'[1] Rule 72(a) objections, ECF Nos. 2793 & 2802, to the Magistrate Judge's Order, ECF No. 2783, authorizing the Bellwether Group D plaintiffs to subpoena Berger for remote live testimony at the respective trials.

When reviewing a nondispositive order of a magistrate judge, courts will only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clear error

---

[1] Defendants do not have standing to object to the Magistrate Judge's Order because the Order only concerns a non-party witness. *See, e.g., Bender for Alansari v. Tropic Star Seafood Inc.*, Case No. 4:07cv438, 2008 WL 11344668 at *2 (N.D. Fla. Jun. 13, 2008) (quoting *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)) ("In the absence of a claim of privilege a party does not have standing to object to a subpoena directed to a non-party witness."). Regardless, Defendants' arguments have been considered because they are materially similar to Berger's arguments.

standard of review is "highly deferential." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" only if, despite evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A magistrate judge's order "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D. N.Y. 2007)). In short, when reviewing a nondispositive pretrial order, courts afford "broad discretion" to the magistrate judge. *Id.*

First, reading Rule 43(a) and Rule 45(c) in tandem, the Magistrate Judge concluded that the Court has the power to issue the subpoenas because Berger's place of compliance is within 100 miles of his residence. ECF No. 2783 at 4. Berger argues that reading Rule 43(a) and Rule 45 in tandem is contrary to law because Rule 45 should be read independently as a limit on the Court's power to issue subpoenas to non-party witnesses that are located more than 100 miles away from the Court. ECF No. 2793 at 3–7; ECF No. 2802 at 6–7. Courts are divided as to whether Rule 43(a) and Rule 45 should be read together. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, Case No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 25, 2017); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods.*

*Liab. Litig.*, Case No. 3:11-md-2244-K, 2016 WL 9776572, at **1–2 (N.D. Tex. Sept. 20, 2016); *Berlinger v. Wells Fargo, N.A.*, 2016 WL 316585, at *1 (M.D. Fla. Jan. 27, 2016); *But see In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* 2021 WL 2822535, at *4 (D. Kan. July 7, 2021); *Broumand v. Joseph,* 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021); *Black Card LLC v. Visa USA Inc.,* 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020). Considering the number of cases from other federal district courts in which Rules 43(a) and 45 were read together and absent binding precedent to the contrary, the Magistrate Judge's construction cannot be considered "contrary to law." *See, e.g., Hite v. Hill Dermaceuticals, Inc.*, Case No. 8:12-cv-2277, 2013 WL 6799334, at *5 (M.D. Fla. Dec. 23, 2013) ("Given the current state of disagreement among federal trial courts on the issue . . . the Court finds that [the magistrate judge's] decision . . . was neither clearly erroneous nor contrary to law."); *Tillman v. C.R. Bard, Inc.*, Case No. 3:13-cv-222, 2015 WL 1062182 at *3 (M.D. Fla. 2015) ("[U]pon review of the case law cited in the Magistrate Judge's Order, and in light of the split of authority, the Court does not find that the Order is 'contrary to law.'") (citations omitted).

The Magistrate Judge also found good cause to authorize Berger's remote live testimony under Rule 43(a). ECF No. 2783 at 13. Berger objects and argues that there are no compelling circumstances to support a finding of good cause in these circumstances. ECF No. 2793 at 9–12; ECF No. 2802 at 8–10. The undersigned

disagrees. The Magistrate Judge's finding of good cause is well supported by the evidence.

Last, Berger argues that the Magistrate Judge's Order "raises grave due process concerns" because forcing Berger to testify at "five trials with no end in sight" unconstitutionally burdens his liberty. ECF No. 2793 at 16–17 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *SEC v. Marin*, 982 F.3d 1341, 1350 (11th Cir. 2020)). As a threshold matter, this argument was not fully presented to the Magistrate Judge and thus is not considered a valid objection here.[2] *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (explaining that arguments not "seasonably raised before the magistrate" do not have to be considered by the court reviewing the magistrate judge's order). In any event, Berger's due process argument fails on the merits. First, Berger cites no relevant authority in support of his argument but even if he had, the undersigned rejects the suggestion of "grave due process concerns" here because, as the Magistrate Judge correctly observed, Berger has plainly had sufficient notice of the need for his continued testimony, as evidenced by the lucrative consulting agreements he entered into with Defendants and Defendants' attorneys.

---

[2] *See* ECF No. 2757 at 10 (summarily stating in one stray sentence at the very end of his response in opposition that subjecting Berger to further subpoenas would infringe on his substantive due process rights.).

CASE NO. 3:19md2885-MCR-GRJ

Accordingly, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law, and the objections are **OVERRULED.** Berger also filed a miscellaneous action in which he moved for a protective order to prevent the issuance of further trial subpoenas and for leave to reply to Plaintiffs' response in opposition. *See Berger v. Wilkerson, et. al*, Case No. 3:22-mc-008, ECF Nos. 1 & 7. Consistent with the Court's ruling herein, these motions are hereby **DENIED** as moot.

**DONE AND ORDERED** this 11th day of March 2022.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:19md2885-MCR-GRJ