UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Sloan*, 7:20cv1 *Wayman*, 7:20cv149 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

Before the Court is non-party Elliott Berger's Objection to the Magistrate Judge's Report and Recommendation, ECF No. 2610, in which the Magistrate Judge recommended a finding that (1) Elliott Berger is available to Defendants under Federal Rule of Civil Procedure 32(a)(4)(B) for the remaining bellwether trials and (2) Defendants are not barred from requesting to present Berger's testimony at the upcoming bellwether trials by remote transmission under Federal Rule of Civil Procedure 43(a). Berger, as well as Defendants, have filed objections to the Report and Recommendation, ECF Nos. 2737, 2738, and Plaintiffs have responded, ECF No. 2790. Having fully and carefully considered the recommendations and reviewed the objections *de novo*, 28 U.S.C. § 636(b)(1)(C), the Court concludes that the Report and Recommendation should be adopted in its entirety.

**Background**

As brief background, on October 28, 2021, the Magistrate Judge granted the

Plaintiffs' Motion to Authorize Remote Testimony Pursuant to Rule 43(a) from Elliott Berger and another corporate witness, Brian Myers, in the Group B and Group C Bellwether trials. ECF No. 2247. Thereafter, Berger filed an Objection, Motion for Rehearing and/or Reconsideration, and Motion for Clarification, which the Magistrate Judge denied on November 22, 2021. *Berger v. 3M Company*, Case No. 3:21mc61, ECF Nos. 3, 5. On November 21, 2021, the undersigned entered an Order finding that no party could demonstrate Berger's unavailability for trial given the Magistrate Judge's Order, and thus, prior sworn testimony from Berger in his individual capacity—whether deposition or trial testimony—could not be used at trial by either side except for impeachment purposes. ECF No. 2300. The only limitation to this ruling was that Plaintiffs could use Berger's 30(b)(6) deposition testimony for any purpose at trial. *Id.*

Defendants filed an Objection to the Magistrate Judge's November 22, 2021 Order and a Motion for Reconsideration of the Court's November 21, 2021 Order, arguing that Berger is unavailable for in court testimony under Rule 32(a)(4)(B). ECF No. 2330.[1] The Court referred the issue of Berger's availability to the Magistrate Judge for an evidentiary hearing, which was held on December 29, 2021.[2]

---

[1] Berger resides in Indianapolis, Indiana, which indisputably is more than 100 miles from the place of trial. *See* Fed. R. Civ. P. 32(a)(4)(B).

[2] On January 6, 2022, the Court entered an Order denying Defendants' Motion for Reconsideration of the Court's November 21, 2021 Order since Berger would be testifying remotely in the Sloan/Wayman trial, and thus, would be available to both parties. ECF No. 2396.

Thereafter, and based on the evidence presented at the hearing, the Magistrate Judge determined that Berger is not unavailable to Defendants for testimony in the remaining bellwether trials, namely because Defendants have taken affirmative actions to protect Berger from testifying and have indirectly procured his unavailability. ECF No. 2610. The Magistrate Judge also concluded that nothing prevents Defendants from requesting authorization to present Berger's testimony by remote transmission under Rule 43(a). *Id.*

**Discussion**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1)(C). Portions to which there is no objection are reviewed for clear error on the face of the record. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Defendants' first objection is that absent any active effort to remove Berger from the 100-mile radius of the courthouse, it cannot be said that they have procured his absence from trial. ECF No. 2738 at 6-8. Defendants argue that the law does not consider whether a party "facilitated" the witness's unavailability or whether a party "controls" the witness. *Id.* at 7. The cases cited by Defendants, however, rely solely on a corporation's passive relationship with an employee, which the undersigned

agrees, by itself, is not enough to show that the witness is available.³ ECF No. 2738 at 7. The undersigned concurs with the Magistrate Judge's statement of the law that "[w]itness availability is . . . dependent upon whether the party seeking to use the witness's deposition testimony has taken actions designed to promote unavailability rather than simply non-passive conduct." ECF No. 2610.

Here, based on the undisputed facts presented at the evidentiary hearing, namely Berger's own testimony, the undersigned easily accepts the Magistrate Judge finding that Defendants took affirmative steps to assist and facilitate Berger's unavailability.⁴ More specifically, and as the Magistrate Judge found, Defendants referred Berger to a local attorney whose sole objective was—and is—to shield Berger from testifying in the bellwether trials. ECF No. 2610 at 4. In fact, this attorney's fees are paid for by the Defendants and Berger does not even receive copies of the invoices.⁵ *Id*. at 12. "Put differently, [Defendants are not] simply doing

---

³ *See Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-5262, 2017 WL 1312968, at *2 (finding "the mere fact" the witness lives and works outside of the 100-mile radius of the court is not a basis for finding procurement of the witness's absence); *see also Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988) ("[T]he mere fact that the deponents are employed by the defendant and that there is an identity of interest between the deponents and their employer is not enough to trigger exclusion[.]").

⁴ Berger insists the Magistrate Judge's factual findings are inconsistent with the testimony presented at the evidentiary hearing on December 29, 2021. ECF No. 2737 at 6. The undersigned attended the evidentiary hearing via Zoom, and the Magistrate Judge's factual findings are entirely consistent with the evidence and testimony presented.

⁵ Berger argues Defendants do not control him because it was his decision to no longer participate in this litigation and he directly retained his attorney. ECF No. 2737 at 6. However, Berger completely ignores the fact that Defendants selected and pay for Berger's legal counsel.

nothing," but instead have actively taken steps to prevent Berger from testifying in this litigation. ECF No. 2738 at 7.

Additionally, Defendants and Berger have maintained contractual and financial relationships throughout this litigation. Specifically, defense counsel and Berger entered into a consulting and a representation agreement in 2019, both of which are still in place. *Id.* at 4. And, before deciding he wanted to "extricate himself" from this litigation, Berger *voluntarily* appeared for Defendants in four bellwether trials, and defense counsel even prepped Berger for his testimony in each of those trials.[6] *Id.* at 7, 9. On top of retaining and paying his attorney, Defendants have compensated Berger for 600 hours of his time spent consulting on the case and preparing for testimony. *Id.* at 10. Given these facts, the undersigned agrees with the Magistrate Judge that, Defendants are not "passive participant[s] concerning whether Berger is available to provide testimony," rather, their conduct "evinces sufficient affirmative action, which facilitated Berger's unavailability." *Id.* at 16-17. Accordingly, Berger is not unavailable as contemplated under Rule 32(a)(4)(B).[7]

---

[6] In a prior bellwether trial, Defendants subpoenaed Berger to testify two days before he took the stand in Defendants' case. ECF No. 2790 at 11. Despite his present claim that he no longer wants to participate in this litigation, Berger made no objection to testifying for Defendants. Notably, however, when Plaintiffs seek his testimony, Berger moves for protective orders.

[7] Defendants point to the Court's finding in a prior bellwether trial that Brian Myers was unavailable, despite the plaintiffs withdrawing his subpoena. ECF No. 2738 at 8. Here, the evidence shows Defendants directly facilitated Berger's unavailability, and no such evidence was presented to the Court with respect to Myers's unavailability.

Last, the undersigned agrees that the Magistrate Judge's November 22, 2021 Order does not bar Defendants from requesting to present Berger's testimony by remote transmission under Rule 43(a). In fact, on February 18, 2022, the Magistrate Judge granted both Plaintiffs' and Defendants' request to subpoena Berger to testify by contemporaneous transmission in the remaining bellwether trials. ECF No. 2783 at 17. As such, Defendants are no longer in the "untenable situation" of being unable to introduce Berger's testimony unless he voluntarily appears at trial or the Plaintiffs call him remotely; instead, they can subpoena Berger for live testimony themselves.

Accordingly, the Defendants' and Elliott Berger's Objections, ECF Nos. 2737, 2738, are **OVERRULED** and the Report and Recommendation of Magistrate Judge Jones, ECF No. 2610, is **ADOPTED** and incorporated by reference in this Order.

**DONE** and **ORDERED** this 11th day of March, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**