UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Berger v. Wilkerson*, 3:22-mc-00008<br>*Beal*, 7:20-cv-00006<br>*Kelley*, 7:20-cv-00153<br>*Vaughn*, 7:20-cv-00134<br>*Vilsmeyer*, 7:20-cv-00113<br>*Wilkerson*, 7:20-cv-00035 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE COURT'S
MARCH 11, 2022 ORDER AND INCORPORATED MEMORANDUM OF LAW**

## MOTION AND MEMORANDUM OF LAW

Elliott Berger respectfully seeks reconsideration or clarification of the Court's March 11, 2022 Order (ECF No. 2861) overruling objections to the Magistrate Judge's February 18, 2022 order (ECF No. 2783).  In part, the Magistrate Judge held that Rules 43(a) and 45(c) permit the Court to compel Mr. Berger, a witness who resides more than 100 miles from the place of trial, to provide live remote trial testimony at the upcoming bellwether trials.  This Court's Order appeared to defer to the Magistrate Judge on that purely legal question solely because district courts have divided on the interpretation of Rules 43(a) and 45(c).  Mr. Berger asks this Court to reconsider or clarify its Order with respect to that issue under the correct, de novo standard of review.

The Court treated the Magistrate Judge's authorization of remote testimony as a non-dispositive pretrial matter, in which case the decision must be set aside if "clearly erroneous or . . . contrary to law." Order at 1 (quoting Fed. R. Civ. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A).  Relying on two Middle District of Florida cases raised by plaintiffs in their opposition, the Court indicated that the Magistrate Judge's ruling could not be "contrary to law" because federal district courts have come out both ways on the legal question.  Order at 3.

The "contrary to law" standard, however, requires this Court to independently determine the issue de novo.  District courts do not defer to magistrate judges on pure questions of law.  As every circuit to have addressed the issue has held:  "[T]he 'clearly erroneous or contrary to law' standard of 28 U.S.C. § 636(b)(1)(A) requires district courts to review a magistrate judge's legal conclusions de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 221 (6th Cir. 2019).[1]  A

---

[1] *Accord PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010) ("[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard."); *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) ("[The 'contrary to law'] standard requires the District Court to review . . . matters of law *de novo*."); *In re Charlotte Observer*, 882 F.2d 850, 852 n.2 (4th Cir. 1989) (equating "de

1

major treatise explains: "The standard is de novo when reviewing a question of law, and thus, the reviewing court owes no deference to the magistrate's legal conclusions." 32 Am. Jur. 2d Federal Courts § 140 (2d ed. Feb. 2022 update).

That approach follows from the plain text of Rule 72(a) and section 636(b)(1)(A), which require setting aside magistrate-judge rulings when they are "contrary to law," *i.e.*, when the rulings are legally incorrect, not merely when they are unsupported by any authority whatsoever. That approach also conforms with the hornbook principle that legal questions are reviewed de novo on appeal. *E.g.*, *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014).

De novo review also follows from the Court's Article III duty "to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). The functions of judicial adjuncts, like magistrate judges, "must be limited in such a way that 'the essential attributes' of judicial power are retained in the Art. III court." *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 81 (1982) (plurality opinion). In upholding the magistrate-judge statute against an Article III challenge, the Supreme Court has emphasized the importance of "the district court's total control" of "the entire process." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). And in the context of dispositive motions, the Eleventh Circuit has recognized that the "*de novo* review requirement is essential to the constitutionality of" the magistrate-judge scheme. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

Rule 72(a), section 636(b)(1)(A), and Article III thus require a life-tenured judge to decide the purely legal question presented here: whether Rules 43(a) and 45(c) authorize compelled

---

novo" with "contrary to law"); *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citation omitted) ("[L]egal conclusions are reviewed *de novo*."); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) ("[Q]uestions of law are reviewed de novo.").

2

remote trial testimony from a witness residing more than 100 miles from the place of trial. For the reasons stated in Mr. Berger's objections (ECF No. 2793), the answer to that question is no.

## CONCLUSION

The Court should reconsider its March 11 Order and, for the reasons stated in Mr. Berger's previous objections, hold that Mr. Berger cannot be compelled to provide remote testimony, or in the alternative, that he may only be required to testify at the remaining bellwether trials.

Dated: March 21, 2022

Respectfully submitted,

/s/ Philip A. Bates
PHILIP A. BATES
Florida Bar No. 228354
CAROL A. RUEBSAMEN
Florida Bar No. 380946
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550 (32502)
P.O. Box 1390
Pensacola, FL 32591
(850) 470-0091
pbates@philipbates.net
cruebsamen@philipbates.net

CHARLES L. McCLOUD
*Pro Hac Vice Pending*
D.C. Bar. No. 1012047
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000
lmccloud@wc.com

*Counsel for Elliott Berger*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B) and (C), I certify that counsel for Mr. Berger attempted to resolve the issue raised in this motion in good faith by participating in a meaningful conference with Max Kelly, counsel for plaintiffs. The conference was by email on March 16, 2022. Plaintiffs do not consent to the relief sought in this motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), I certify this motion and memorandum complies with the Court's word limit because the document contains 793 words, excluding the case caption, signature block, and certificates.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Philip A. Bates*
PHILIP A. BATES