UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) | Case No. 3:19-md-2885 |
| ) | Judge M. Casey Rodgers |
| This Document Relates to Wave 1 Cases ) ) ) | Magistrate Judge Gary R. Jones |

**DEFENDANTS' MOTION TO COMPEL AGAINST
THE DEPARTMENT OF DEFENSE AND
THE DEPARTMENT OF VETERANS AFFAIRS**

The Government has denied all of Defendants' *Touhy* requests for depositions and documents in the course of Wave 1 discovery, depriving Defendants of an opportunity to discover relevant information about Wave 1 plaintiffs and hindering their ability to defend against the Wave 1 plaintiffs' claims.

There is no dispute that the discovery Defendants seek is relevant and that Defendants complied with the *Touhy* process. Defendants' requests were timely served, reasonable, and tailored. The Government's categorical denial of the requests violates both the Administrative Procedure Act and the Federal Rules of Civil Procedure. Accordingly, Defendants move that the Court set aside the actions of the Department of Defense ("DOD") and the Department of Veterans Affairs ("VA") (collectively, the "Government") and compel the Government to (1) present

current employees for deposition pursuant to Defendants' *Touhy* requests; and (2) permit the deposition of former employees without a *Touhy* request but with notice.

## BACKGROUND

On November 22, 2021, the Court set discovery deadlines for the first wave of 500 cases[1] identified in Case Management Order No. 31 ("Wave Order #1"). (Dkt. 2304.) In pertinent part, the Court ordered that all Wave 1 fact discovery, including fact depositions, be completed by April 1, 2022. *Id.* at 3; *see also* Case Management Order No. 36 ("Amended Wave Order #1") (Dkt. 2820), at 1. Defendants timely submitted several *Touhy* requests seeking to depose Government employees who have knowledge relating to the Wave 1 plaintiffs' claims and to obtain relevant documents, but the Government has denied each of those requests.

As the parties, Court, and Government are all aware, *Touhy* requests are not new to this multidistrict litigation. Since June 2019, Defendants have served numerous *Touhy* requests on the Government seeking documents, depositions, and other information related to the Combat Arms Earplug version 2 ("CAEv2"), service-member noise exposures, and the DOD's hearing conservation program. Specific to Wave 1 discovery, and as detailed in the chart below, the Government has improperly denied Defendants' requests to depose employees who directly

---

[1] Since Wave Order #1, the number of cases has decreased due to dismissals and requests for some cases to be transferred to a later wave.

treated the plaintiffs, assessed their hearing, or supervised the hearing conservation programs in which they participated. This motion seeks relief from the Government's denial of Defendants' requests to obtain the discovery they need to prepare the Wave 1 cases for trial.

| Request Date | Recipient | Substance of Request | Response Date | Substance of Response |
|---|---|---|---|---|
| 2/9/2022 2/18/2022 (supplement), Exs. 1, 2 | DOD | Identity of individuals who served as Hearing Conservation Program Manager(s) ("HCPMs") | 3/18/2022 | Identified the HCPMs for 40 of the 74 locations/timeframes requested Ex. 3. |
| 2/17/2022 Ex. 4 | DOD | Depositions and documents of 58 DOEHRS providers who administered audiograms to Plaintiffs | 3/24/2022 | Denied Ex. 5 |
| 3/8/2022 Ex. 6. | DOD | Depositions and documents of 10 DOD personnel, and records related to 5 Plaintiffs | 3/25/2022 | Denied Ex. 7. |
| 3/8/2022 Ex. 8. | VA | Depositions and documents of 14 VA medical providers, and VA employment records associated with one plaintiff | 3/30/2022 | Denied Ex. 9. |

| Request Date | Recipient | Substance of Request | Response Date | Substance of Response |
|---|---|---|---|---|
| 3/14/2022 Ex. 10 | DOD | Depositions and documents of 70 DOD personnel, and records related to 5 plaintiffs | 3/28/2022 | Denied Ex. 11 |
| 3/14/2022 Ex. 12 | VA | Depositions and documents of 75 VA personnel, and records related to 2 plaintiffs | 3/30/2022 | Denied Ex. 9 |
| 3/18/2022 Ex. 13 | DOD | Depositions and documents of 11 HCPMs who were identified in the March 18, 2022 *Touhy* response to the February 9, 2022 request and February 18, 2022 supplement | 3/31/2022 | Denied Ex. 14 |

    **A.**    **The DOD Improperly Denied Defendants' *Touhy* Request To Depose Relevant Hearing Conservation Program Managers And Produce Documents.**

The DOD's refusal to produce key hearing conservation personnel and related documents has hindered Defendants' ability to develop a record in the wave cases. The military employs audiologists to administer hearing conservation programs at every Army installation. Indeed, pursuant to Army Pamphlet 40-501, the commander of every Army installation *must* appoint an audiologist, where available,

4

to act as the Hearing Conservation Program Manager ("HCPM"). Dkt. 1071, Ex. 8, at § 1-4. The duties of the Hearing Conservation Program Manager are detailed in Army Pamphlet 40-501 (and the related DoD Instruction 6055.12), and include, among other things, ensuring that medically trained personnel fit individuals with preformed earplugs, like the CAEv2, and examine those individuals at least annually to ensure proper earplug condition and fit. Thus, it is HCPMs who have knowledge of whether and how servicemembers at a particular installation were fit with and trained to use the CAEv2.

On February 9, 2022, Defendants submitted a *Touhy* request for the identities of individuals who served as HCPMs at specific Army installations during the time periods relevant to Wave 1 plaintiffs. Ex. 1. Per the DOJ's request, Defendants submitted a consolidated request for the identities of HCPMs relevant to Wave 1 plaintiffs in order to minimize the burden on the Government of responding to individual *Touhy* requests. Defendants supplemented their *Touhy* request on February 18, 2022 to further identify the Wave 1 plaintiffs related to the earlier request. Ex. 2.

A month later, on March 18, 2022, the DOD identified the HCPMs for 40 of the 74 locations/timeframes requested. Ex. 3. That same day, on March 18, 2022, Defendants submitted a *Touhy* request to take the depositions of 11 of the 40 individuals identified in the DOD's March 18, 2022 letter, along with an

5

accompanying request to produce documents. Ex. 13.[2] Defendants prioritized these 11 individuals because they were the Hearing Conservation Program Managers and/or Army Hearing Program Managers at the Army installations where at least 39 Wave 1 Plaintiffs allege they were stationed and received the CAEv2. The DOD denied Defendants' request on March 31, 2022, claiming that seven of the individuals were "not currently known" to be government employees, and that it would not "be in a position to produce" the other four for deposition before the April 1, 2022. Ex. 14.

    **B.**    **The DOD Improperly Denied Defendants'** ***Touhy*** **Request to Depose Relevant DOEHRS Providers And Produce Documents.**

The DOD's refusal to produce DOEHRS providers for deposition and to produce related documents has prohibited Defendants from fully developing their causation and product-usage defenses as they relate to a substantial portion of the Wave 1 plaintiffs. On February 17, 2022, Defendants submitted a *Touhy* request to the DOD for approval to take the depositions of 58 individuals ("DOEHRS Providers") who administered audiograms to approximately 394 of the then-remaining 445 Wave 1 plaintiffs. Ex. 4. Although the DOEHRS audiogram data

---

[2] As discussed with Judge Herndon, Defendants have not served subpoenas on the Government, pending further negotiations regarding the discovery at issue. Defendants will serve subpoenas should the Court and/or Judge Herndon determine it is necessary to do so.

6

identified over 1,400 providers who administered audiograms, Defendants identified these 58 DOEHRS providers to maximize the number of Plaintiffs who received audiograms from these individuals while minimizing the total number of witnesses the DOD may need to present for deposition.  Defendants further requested certain documents related to each DOEHRS provider, and notified the DOD that all fact depositions related to the Wave 1 Plaintiffs must be completed by April 1, 2022.  To eliminate the need for duplicate depositions as part of Wave 2 discovery, Defendants later supplemented their *Touhy* request and identified approximately 289 Wave 2 Plaintiffs who were administered audiograms by the same 58 DOEHRS providers identified in the February 17, 2022 request.  Ex. 15.

On March 24, 2022, the DOD denied the *Touhy* request with respect to the 24 individuals known to be DOD employees and responded that the remaining 34 DOEHRS providers "are not currently known" to be DOD employees.  Ex. 5. Despite the submission of the *Touhy* request over a month earlier, the DOD relied on the Wave 1 discovery deadline of April 1, 2022 to deny the request.  The DOD also denied all related document requests on the grounds that the documents could be obtained from plaintiffs, that general discovery concluded on September 1, 2020, and that the DOD was unable to search for and produce documents by the April 1, 2022 fact discovery deadline.

### C. The DOD Improperly Denied Defendants' *Touhy* Request to Depose Plaintiffs' Relevant Medical Providers And Produce Documents.

The DOD's refusal to make medical providers available for deposition, and to produce related documents, has hindered Defendants' ability to develop causation defenses in the Wave 1 cases. On March 8, 2022, Defendants submitted a *Touhy* request for approval to take the depositions of 10 DOD medical providers relating to Wave 1 plaintiffs, and to obtain certain records relating to their treatment of certain Wave 1 plaintiffs. Ex. 6. On March 14, 2022, Defendants submitted a similar *Touhy* request with respect to 70 DOD medical providers. Ex. 10. The relevance of these DOD medical providers to each Wave 1 plaintiff's claims is detailed in the *Touhy* requests.

On March 25, 2022, the DOD denied Defendants' March 8, 2022 *Touhy* request on the grounds that there was insufficient time to prepare and schedule the depositions for the remaining individuals given the April 1, 2022 discovery cutoff and that some of the individuals were "not currently known" to be DOD employees. Ex. 7. The DOD further denied Defendants' request for documents. On March 28, 2022, the DOD denied Defendants' March 14, 2022 *Touhy* request on similar grounds. Ex. 11.

### D. The VA Improperly Denied Defendants' Requests To Depose Plaintiffs' Relevant Medical Providers And Produce Documents.

The VA, like the DOD, has limited Defendants' ability to develop causation defenses by preventing them from deposing the Wave 1 plaintiffs' medical providers. On March 8, 2022, Defendants submitted a *Touhy* request to take the depositions of fourteen VA medical providers along with the production of documents relating to each plaintiff, in addition to the employment records associated with one plaintiff. Ex. 8. On March 14, 2022, Defendants submitted a similar *Touhy* request with respect to seventy-five VA personnel, and certain records relating to two plaintiffs. Ex. 12. Similar to the requests to the DOD regarding medical providers, Defendants clearly outlined in their requests the bases for seeking the deposition and documents with respect to each plaintiff.

On March 22, 2022, the VA responded to the March 8, 2022 *Touhy* request and claimed that five of the individuals whose depositions had been requested were not VA employees. Ex. 16 at 3. The VA made clear, however, that if the former employees appeared voluntarily, the agency's "*Touhy* regulations prohibit the disclosure of VA records and testimony of former VA personnel relating to any official information acquired as part of that individual's performance of official duties." *Id*.

On March 30, 2022, the VA denied all of Defendants' requests to depose current VA employees. Ex. 9. Like the DOD, the VA stated that it would "not be

9

in a position to produce these individuals for deposition by the April 1, 2022, discovery deadline in this litigation" and thus "it would not be a prudent use of government resources for the agency to continue processing these requests for depositions." *Id*. at 2.

## ARGUMENT

This Court can and should compel the Government to produce the key witnesses and documents that it has denied Defendants during the course of Wave 1 discovery. Although the Eleventh Circuit considers an agency's denial of a *Touhy* request "agency action" subject to review under the APA, 5 U.S.C. § 706(2)(A); *see Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991),[3] courts in the Eleventh Circuit have routinely rejected the Government's argument that APA review can occur only in a separate action, which would require duplicative and time-consuming litigation, *see, e.g.*, *U.S. ex rel. Lewis v. Walker*, 2009 WL 2611522, at *2 (M.D. Ga. Aug. 21, 2009) ("[T]he Court sees no reason why it cannot decide [the dispute] as part of the presently pending … action."). Instead, courts have "avoided" "[s]ignificant delay and inconvenience" by simply construing a motion to compel (or response to the agency's motion to quash) as an APA action. *Forgione*

---

[3] The Ninth and D.C. Circuits disagree and hold that federal courts should assess the discovery obligations of federal agencies under the applicable Federal Rules of Civil Procedure. *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) (Kavanaugh, J.); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 778-79 (9th Cir. 1994).

*v. HCA Inc.*, 954 F. Supp. 2d 1349, 1352-53 (N.D. Fla. 2013); *Barnett v. Illinois State Bd. of Elecs.*, 2002 WL 1560013, at *1 (N.D. Ill. July 2, 2002) ("[A] motion to compel directed against the Department does the job of bringing an APA action before the court equally as well as, if not better than, a separate APA claim against the Department.") (citation and internal quotation marks omitted).

This Court should take the same course here and compel the Government to produce employees for deposition, permit the deposition of former employees without a *Touhy* request but with notice, and produce documents pursuant to Defendants' reasonable and timely requests. Courts in the Eleventh Circuit review an agency's decision to deny a *Touhy* request under the APA's arbitrary-and-capricious standard. If a government agency does not give an adequately reasoned decision for its denial, supported by record evidence, then its decision must be set aside. *See, e.g.*, *Lewis*, 2009 WL 2611522, at *4 (overturning an agency's denial of a *Touhy* deposition request as arbitrary and capricious); *United States v. 3M Co.*, No. 3:20-mc-55, Dkt. 20 at 19 (same). The Government has not provided adequately reasoned decisions for its denial of Defendants' requests for discovery of information that is relevant to Plaintiffs' claims and critical to Defendants' defenses in the Wave 1 cases. Instead, its denials are arbitrary and capricious and should be set aside.

### A. The DOD's and VA's Refusal To Present Their Current Employees For Deposition Is Arbitrary And Capricious.

There can be no serious question that the DOD's and VA's blanket refusal to present current employees for deposition is arbitrary and capricious. The Government does not dispute that each of the current employees Defendants seek to depose possesses evidence relevant to this litigation. Each of these witnesses have treated plaintiffs for their alleged injuries, tested their hearing, and/or administered the hearing conservation programs in which they participated, among other things.

Rather than make a good-faith effort to accommodate Defendants' requests, the Government has denied them because it claims it "will not be in a position to" produce the employees for deposition before April 1 and thus that "it would not be a prudent use of government resources … to continue processing" the requests. *E.g.*, Ex. 11 at 2. But the Government does not explain *why* it could not have made its employees available for deposition before April 1, even though Defendants requested these depositions as early as February 17, and at the latest by March 18. As Judge Jones has held, without an affidavit or other supporting evidence, the Government's conclusion that scheduling a deposition would be unduly burdensome must be set aside. *See United States v. 3M Co.*, No. 3:20-mc-55, Dkt. 20 at 20. In any event, the Government would be hard pressed to show that its employees had insufficient time to prepare for and schedule the depositions sought by Defendants, given that Judge Jones has already ruled that a subpoena providing seven business

12

days to prepare for the deposition of a DOEHRS provider was reasonable. *See id*. at 22.

The Government's refusal to even try to comply with Defendant's requests is arbitrary and capricious. If the Government could avoid discovery simply by delaying timely responding to *Touhy* requests and then asserting it would "not be in a position" to provide relevant evidence before the applicable deadline, that would be "tantamount to an evidentiary privilege that the Government does not enjoy." *Id*. at 14-15. That is not the law, and this Court should compel the Government to produce its employees for deposition in response to Defendants' timely and reasonable requests.

### B. The Deposition of Former Employees Should be Permitted Without a *Touhy* Request.

As was done in the bellwether cases, the Court should compel the Government to permit the deposition of former employees without a *Touhy* request but with notice of the deposition. In Case Management Order No. 13, the Court ordered that

> in light of the upcoming Government discovery deadline, the parties are directed to proceed with the depositions and/or interviews of former government employees. The parties must timely serve a courtesy copy of the notice of deposition for each former employee on the Department of Defense.

CMO 13 at IV.B. A similar order should be entered applicable to all cases that are subject to discovery deadlines in Waves 1-3 and applicable to both the DOD and VA.

13

This order is needed because the Government's responses to date have been conflicting and confusing. For example, the DOD's position is that if an individual is "not currently known" to be a government employee that "no *Touhy* authorization or denial as to them will be processed." *E.g.*, Ex. 5. The VA, however, has informed Defendants that while it could not compel former employees to appear for deposition, it intended to apply its regulations barring former employees from testifying regarding "any official information acquired as part of that individual's performance of official duties," which necessarily includes the information sought by Defendants' depositions.. *See* Ex. 16 at 3. The Government cannot categorically refuse to process *Touhy* requests for former employees, and then refuse to allow depositions of former employees to proceed without *Touhy* authorization.

As with the current employees, there is no dispute that these former employees possess relevant information regarding the plaintiffs' claims. Nor has the Government articulated any special burden associated with granting approval to former employees who are no longer under their control. This Court should compel the Government to provide the *Touhy* authorizations that its own regulations require.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court order the Government to authorize the depositions of and document requests from the current and former employees identified in Defendants' *Touhy* requests.

Dated: April 1, 2022                    Respectfully submitted,

                                                                         */s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Counsel for Defendants held a telephone conference with counsel for the Government, plaintiffs' counsel, and Judge Herndon on April 1, 2022. Counsel for the Government could not agree to provide any of the requested relief at that time, and the parties agreed that Defendants would proceed to file this motion.

Dated: April 1, 2022

*/s/Robert C. Brock*
Robert C. "Mike" Brock

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this brief complies with the word limit of Local Rule 7.1(F), and contained 3,321 words, excluding the parts exempted by the Rule.

Dated: April 1, 2022

                                              */s/Robert C. Brock*
                                              Robert C. "Mike" Brock

## CERTIFICATE OF SERVICE

I, Robert C. Brock, hereby certify that on April 1, 2022, I caused a copy of Defendants' unredacted Motion to Compel Against the Department of Defense and the Department of Veterans Affairs to be submitted to the Court via email. Joshua Kolsky of the Department of Justice and Major Robert Wald of the Department of Defense were copied on that email.

On April 4, 2022, I will cause a paper copy of the foregoing to be sent via FedEx Priority Overnight to Mr. Kolsky and Major Wald at the following addresses:

> Major Robert Wald
> Judge Advocate, U.S. Army
> Litigation Attorney
> U.S. Army Legal Services Agency
> 9275 Gunston Road
> Fort Belvoir, VA 22060
>
> Joshua Kolsky
> Trial Attorney
> Federal Programs Branch
> U.S. Dep't of Justice, Civil Division
> 1100 L Street, N.W.
> Washington, D.C. 20005

Dated: April 1, 2022

*/s/Robert C. Brock*
Robert C. "Mike" Brock