UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

This matter is before the Court on Defendants' Motion to Require Payment of Filing Fees. *See* ECF No. 2941. On consideration, the motion is **DENIED AS MOOT**. Filing fees and the statutory requirements for filing a case have never been "waived" in this MDL. The creation of a separate *organizational* tool—the administrative docket—to facilitate centralized vetting and an efficient *Touhy* process (in no small part for the benefit of Defendants, it should be noted, who were clamoring for data about individual claimants at the time) does not change that incontrovertible fact. No plaintiff has been permitted to proceed with a claim before paying the requisite fee, and, based on court-imposed deadlines, all plaintiffs previously recorded on the administrative docket will have either transitioned to the MDL docket (and paid the requisite fee) or dismissed their claim in the coming months. The transition process is staggered to accommodate the indispensable work of the Clerk's Office, which must process each case, accompanying filing fee, and pro hac vice motions, a burden the Defendants have

no concept of. The timetable simply cannot be feasibly accelerated in the manner suggested by Defendants. Defendants have known this from the start, and, standing issues aside, they have offered no reasonable justification for an abrupt course change and no explanation for the sudden urgency of doing so. Instead, Defendants offer only a fallacy—namely, that absent the administrative docket, they would be facing a small fraction of the claims now pending in the MDL, and requiring immediate payment of all filing fees would winnow the inventory to a trivial size. The absurdity of that proposition is self-evident, and it is not borne out by the numbers. The body of individual claims associated with any MDL exists whether those claims are catalogued on an administrative/inactive docket for organizational purposes, "parked" only in an electronic data platform,[1] or biding their time on a tolling agreement. The litigation threat is real in all three scenarios; it is just harder to keep the former under wraps. But the transition process to date demonstrates that filing fees are not the fantastical MDL-killer pretended by Defendants. Indeed, under the first three transition orders, more than 86% of plaintiffs—totaling 42,158 cases—voluntarily transitioned to the

---

[1] *See, e.g.*, *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 9:20md2924, ECF No. 547 (Order on Procedures for Implementing Census) (providing for "creation of a voluntary Census Registry of potential unfiled claims" that are still being investigated and developed).

MDL docket and paid the requisite filing fee.[2] The fourth transition order's filing deadline is not until April 30, 2022; yet nearly 55% of plaintiffs (12,518 cases) have already transitioned and paid the requisite fee. Thus, to the extent Defendants measure the frivolity of this litigation by the number of filing fees paid, the transition numbers defy that narrative.

It is hard to divine what Defendants, in good faith, hoped to accomplish here. The Court has already implemented a fair, effective, and efficient process requiring plaintiffs on the administrative docket and/or registered with MDL Centrality to transition to the MDL docket and pay a filing fee. No court can require any individual to file a cause of action; however, no plaintiff will be permitted to languish anywhere connected with this litigation without actually participating. The Court also has gone to extraordinary lengths, particularly of late, to eliminate cases where plaintiffs did not fulfill various obligations (e.g., failure to timely submit census forms, failure to transition, failure to comply with Wave discovery deadlines, failure to submit DD214s), *none of which would have happened without an administrative docket.* Though it may be a tough pill to swallow, the numbers are what they are. Filing frivolous motions will not "winnow" frivolous cases. A more productive and beneficial approach would be

---

[2] Under Transition Order 1, 88.88% of claimants transitioned to the MDL docket. For Transition Order 2, 84.86% of claimants transitioned. For Transition Order 3, 85.29% of claimants transitioned. This data is current as of March 31, 2022.

to continue to work cooperatively with the Court and—dare it be said—Plaintiffs to find a mutually agreeable solution to the complications presented by the inventory.

**SO ORDERED**, on this 6th day of April, 2022.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**