UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Global discovery in this MDL has been closed for over a year and a half. Case-specific discovery in the Wave 1 Cases[1] closed on April 1, 2022. On the day of the Wave 1 discovery deadline, Defendants moved to compel discovery from the Government relating to several of the Wave 1 Cases. Dkt. 2935.

Because Defendants have not established good cause or excusable neglect to reopen Wave 1 discovery, their motion to compel untimely discovery should be denied.

## BACKGROUND

On November 22, 2021, Defendants had full knowledge of the identity of the former servicemembers in the Wave 1 Cases, and full knowledge of the April 1, 2022 deadline for discovery. Dkt. 2304. Defendants did nothing to seek the

---

[1] *See* Dkt. 2304 at Ex. A (identifying Wave 1 Cases).

1

discovery at issue in this motion for months. Defendants instead waited until well into the second half of the discovery period – less than two months before the deadline – and only began seeking discovery from the Government on February 9, 2022.

Some of Defendants' requests for discovery from the Government were denied, including on the basis that general discovery was closed, and that the requests were too burdensome for the Government to complete in the period of weeks remaining in the discovery period after Defendants' delayed requests. *See*, *e.g.*, Exhibit A (3/24/22 *Touhy* response).

Defendants filed no motion on the issue of their *Touhy* denials until the final day of the discovery period, April 1, 2022. Defendants did not file a timely motion to extend the discovery deadline, and Plaintiffs interpret their motion to compel Wave 1 discovery after the Wave 1 discovery deadline as a motion to reopen Wave 1 discovery. Defendants' untimely effort to extend the discovery period should be denied, and their motion to compel untimely discovery should therefore be denied as well.

## LEGAL STANDARD

A "party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard,*

*Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4)).

Good cause and excusable neglect are separate standards. "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). "In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010).

Excusable neglect is a separate, more rigorous standard, which employs the following factors: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 667 (11th Cir. 2013). In evaluating excusable neglect, Courts focus in particular on prejudice to the non-movant and on the interests of efficiency in judicial administration. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F.

3

App'x 683, 685 (11th Cir. 2013) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)).

## ARGUMENT

### I. There Is No Good Cause to Reopen Discovery

Defendants do not meet the standards for good cause and excusable neglect, and their motion should be denied. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("We have often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order.").

#### a. Defendants Did Not Exercise Diligence

Defendants fail to establish the diligence necessary for a finding of good cause or excusable neglect, and their motion should be denied.

*First*, Defendants did not make diligent efforts before the deadline to seek the documents and depositions their motion now seeks to compel. It was not until February 9, 2022 that Defendants began to seek these documents and testimony. Defendants' motion provides no basis for their decision not to pursue these documents and testimony during general discovery.[2] Defendants' motion provides no basis for their inaction throughout the majority of the Wave 1 discovery period.

---

[2] *See* Exhibit A (3/24/22 *Touhy* response) at 3 ("Your remaining document requests are denied as these requests constitute general government discovery, which concluded on September 1, 2020.").

4

Indeed, Defendants' motion does not discuss the standard for extending or reopening discovery at all, appearing instead to blithely assume that the relevance of Government discovery can inherently override this Court's scheduling orders. Defendants cannot credibly argue that their years of inaction on these items during general discovery, and their months of inaction on these items during Wave 1 discovery, constitute diligence. Because Defendants did not exercise diligence, their motion should be denied.

*Second*, Defendants concede that they had full knowledge of the *Touhy* denials at issue before the discovery deadline in this case passed, but made no effort to move to extend discovery before the deadline. *See* Def. Mot. at 3-4. Because Defendants had that knowledge at the time of the outstanding discovery and the April 1, 2022 deadline, but did not move to extend that deadline in advance, Defendants "**cannot** establish the diligence necessary to show good cause." *See* ECF 1874 at 2 (*citing Williams v. Blue Cross & Blue Shield of Fla., Inc.*, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010)) (emphasis added). Defendants made no timely motion to extend within the discovery period, preventing a finding of diligence.

### b. Plaintiffs and the Court Would Suffer Prejudice and Delay

Reopening discovery would create insurmountable prejudice for Plaintiffs, and completely derail the Court's Wave 1 schedule.

*First*, this Court has already observed that the burdens of preparing for and taking a deposition out of time are on their own a sufficient basis to deny Defendants' motion. *See* ECF 1874 at 5 n.6 (citing *Sweet v. Lockheed Martin Corp.*, 2009 WL 10664952, at *3 (N.D. Ga. Aug. 21, 2009). The prejudice to Plaintiffs from such preparation and attendance alone is sufficient to deny Defendants' motion – and the prejudice is compounded by the fact that Defendants seek not one deposition, but dozens, across hundreds of cases.

*Second*, Plaintiffs' expert reports are due April 11, 2022. Dkt. 2304. The Court's scheduling order was designed such that Plaintiffs' experts would have the full factual record available to them in reaching their expert opinions. *See id.* ("Plaintiffs' expert disclosures" due "8 days following the close of fact discovery"). Defendants' untimely request for additional untimely discovery would either (1) create a dramatic and unfair asymmetry in the facts available to Defendants' experts as opposed to those available to Plaintiffs' experts, or (2) require an extension of Plaintiffs' expert report deadlines, which would irreparably interfere with dozens of upcoming deadlines across hundreds of cases. Neither situation is tenable – both would cause extreme prejudice to Plaintiffs and interfere with the Court's calendar. This impact on the efficiency of court administration weighs heavily against any claim of excusable neglect. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

*Third*, the untimeliness of Defendants' request precludes follow-up discovery. The timely deposition of an HCPM or a timely production of documents, within the discovery period, would have enabled Plaintiffs to pursue additional discovery based on the information learned in those documents and depositions. Permitting Defendants to reopen discovery solely to receive the documents and depose the individuals at issue in their motion would give Defendants' chosen deponents and requested documents the "last word," and would empower Defendants to deny Plaintiffs any opportunity to seek additional related discovery.

## II. Conclusion

Defendants had full knowledge of the outstanding discovery before the deadline elapsed, and made no motion to extend the deadline: On that basis alone, their motion must be denied. *See* ECF 1874 at 2 (*citing Williams v. Blue Cross & Blue Shield of Fla., Inc.*, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010)). Defendants also failed to exercise diligence during the discovery period to obtain the discovery they now seek to compel, waiting months to issue voluminous requests for dozens of deposition and an untold number of documents. Plaintiffs will suffer irreparable prejudice if Defendants are allowed to seek further discovery after Plaintiffs' expert report deadline. And modifying that deadline would throw the calendars of hundreds of wave cases into chaos.

Plaintiffs request that the Court deny Defendants' motion to reopen discovery.

Date: April 11, 2022        Respectfully submitted,

/s/ Bryan Aylstock
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan Aylstock*
