# EXHIBIT A



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
LITIGATION DIVISION
9275 GUNSTON ROAD
FORT BELVOIR, VA  22060-5546

March 24, 2022

SUBJECT:  Response to *Touhy* Request Dated February 17, 2022 in the case of *In Re.: 3M Combat Arms Earplug Products Liability Litigation,* Civil Action File No.: 3:19-md-02885, United States District Court for the Northern District of Florida

David I. Horowitz
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071
(Via Email)

Dear Mr. Horowitz,

    This letter is in response to your February 17, 2022, *Touhy* request for depositions of 58 individuals ("DOEHRS Providers") who administered audiograms from 1997 to 2019 for "approximately 394 of the remaining 445 Wave 1 Plaintiffs."

    Your request seeks to depose 58 individual DOEHRS Providers regarding: "(i) the records (including medical records and DOEHRS records) related to the audiograms they administered on the Plaintiffs identified in Attachment A; (ii) any independent recollections the DOEHRS Providers have of any issuing, care, fittings, or trainings overseen, managed, or provided (directly or indirectly) by the DOEHRS Providers relating to hearing protection or hearing injuries at the installations identified in Attachment A; (iii) the DOEHRS Providers' practices and procedures pertaining to auditory testing or hearing conservation (including the fit and use of earplugs) at the installations and in the years identified in Attachment A; (iv) the DOEHRS Providers' knowledge and understanding regarding the requirement of and implementation of the military's hearing conservation program at the installations and in the years identified in Attachment A; (v) the DOEHRS Providers' experience, training, and background related to the foregoing topics."

    Of the 58 individual DOEHRS Providers requested, the following 34 are not currently known to be Department of Defense ("DoD") employees and therefore no Touhy authorization or denial as to them will be processed by the DoD:

- Amorine, Carey M.
- Barger, Robert

- Bellamy, Antwon N.
- Boydston, Ivy S.
- Bunting, Elisabeth M.
- Byerly, Jason
- Clark, Hayley E.
- Cook, Markesha N.
- Cuero, Sonia
- Dandy, Edith T.
- Davis, Leon
- Erickson, Tracy M.
- Evoy, Trina J.
- Fontenette, Latori Y.
- Fox, Sharon
- Hayes, Ronald B.
- Henry, Joann C.
- Jones, Utrawn D.
- Juarez, Marion R.
- Kucza, Joseph W.
- Langman, Kathleen
- Latta, Rolland R.
- Luckett, Kesha
- Montgomery, Oscar L.
- Moody, Jeffrey J.
- Paul, Cindy J.
- Prewett, Connie J.
- Puig, Carmen I.
- Redd, Jason T.
- Saldana, Julio E.
- Spencer, Richannetta J.
- Tubbs, Gary L.
- Wood, Shannon B.
- Yrigoyen, Connie P.

As to the remaining 24 individuals, the DOD does not expect to be in a position to produce them for deposition by the April 1, 2022 discovery deadline in this litigation. Furthermore, we are aware based on our discussions with the parties and the Special Master, Hon. David R. Herndon (ret.), that the parties do not expect the Court to extend the discovery deadline. *See* 32 C.F.R. 97.6(b)(1). Under these circumstances, it would not be a prudent use of government resources for the DoD to continue processing this request.

Further, you requested from each DOEHRS Provider: (i) all documents, communications, or correspondence with any of the Wave Plaintiffs' or their counsel; (ii) all documents, communications, or correspondence related to any litigation involving the

Combat Arms Earplugs Version 2, including but not limited to, MDL 2885: *In re: 3M Combat Arms Earplug Products Liability Litigation*; (iii) all written policies, procedures, and instructions in use at the installations and for the years described in Attachment A related to administering audiograms to the Wave Plaintiffs and documenting the audiograms in DOEHRS; (iv) all written policies, procedures, and instructions in use at the installations and for the years described in Attachment A related to the issuing or fitting of hearing protection for the Wave Plaintiffs; and (v) all documents related to the hearing protection that were available for the DOEHRS Providers to issue to the Wave Plaintiffs at the installations and for the years described in Attachment A.

Your requests for documents is denied. As an initial matter, your request for all documents, communications, or correspondence with any of the Wave Plaintiffs' or their counsel is denied because you can obtain those documents, communications, or correspondence from Plaintiffs. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (when seeking discovery from a non-party, "the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation").

Your remaining document requests are denied as these requests constitute general government discovery, which concluded on September 1, 2020. ECF No. 1295 at 2 & n.1. In addition, requests (iii), (iv), and (v) are duplicative of your July 26, 2019, request for documents (paragraphs C and H), to which DOD has already produced responsive documents. *See, e.g.*, disclosure letters from DoD dated October 10, 2019, January 10, 2019, February 3, 2020, and May 22, 2020. To the extent that these requests were intended to seek documents related to the specific plaintiffs identified in Attachment A, the request does not adequately identify the documents sought, and the DOD is not able to search for and produce any such documents by the April 1, 2022 discovery deadline in this litigation.

Should you have any questions, please contact me at robert.e.wald.mil@army.mil.

Sincerely,

*Robert Wald*

Robert E. L. Wald
Major, U.S. Army
Litigation Attorney