UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 41**
**(Transition Order #5)**

In furtherance of the effective and efficient case management of this litigation, the Court now enters Transition Order #5. This Order incorporates by reference the substance and procedures set forth in Transition Orders #2, #3, and #4, ECF Nos. 1915, 2652, 2825. Modifications or clarifications to Transition Order #2 are indicated below in bold, and are based on lessons learned during the prior transition.

Removal from the Administrative Docket. The Court has identified **22,019** cases listed on Exhibit A for transition from the administrative docket to the 3M MDL docket.[1] Absent transition, a Notice of Dismissal must be filed within the time indicated.

---

[1] This Order, and the forthcoming Transition Orders, require law firms to transition cases to the active docket in numbers determined by the Court based on that firm's total number of cases registered in MDL Centrality. The firms with a larger number of cases will be subject to more Transition Orders over a longer period and will be required to transition more cases per Transition Order. While the number of cases per firm to be included in each Transition Order has been set by the Court, BrownGreer will *randomly* select the cases to be transitioned. In this Transition Order, the number of cases per firm set by the Court range from 1 to 1,070.

<u>Process for Transition of Cases</u>.  Based on the limitations discussed below, Plaintiff's counsel will have between 30 and 60 days from the date of this Order to transition the cases listed on Exhibit A from the administrative docket to the 3M MDL docket.

    (a)    To transition a case, Plaintiff's counsel will select "Notice of Transition" as the event in CM/ECF.  No specific form is necessary in order to complete this filing.  Plaintiff's counsel can simply create a docket entry with a text description using this event.  Plaintiff's counsel who are already admitted to this Court must also add themselves as counsel of record at this time.[2]  **To the extent a Plaintiff identified on Exhibit A is separately registered by multiple law firms in MDL Centrality, Plaintiff's counsel must resolve these representation issues consistent with the process outlined in Case Management Order No. 25,** *see* **ECF No. 1916.**

    (b)    For each case, counsel must submit a Notice of Designated Forum, by selecting "Notice – Other" as the event in CM/ECF and identifying the designated forum in the text description.  For example, "Notice of

---

[2] A notice of appearance is not required; however, counsel will not be able to add themselves to the docket unless they are otherwise already admitted to this Court as a member of The Florida Bar, a member of this District's bar, or *pro hac vice*.

        Designated Forum – Florida Northern" or "Notice of Designated Forum – FLND."

(c)    Plaintiff's counsel must also refile the Short Form Complaint by selecting "Refiled Short Form Complaint" as the event in CM/ECF in order to generate a timestamp at the time of the transition to the 3M MDL docket. **The CM/ECF timestamp must be legible. Consequently, Counsel must refile a copy of the Short Form Complaint that has not already been timestamped by CM/ECF. Counsel must also sign the Short Form Complaint, which can be done electronically. A signature block added by BrownGreer through MDL Centrality satisfies this requirement. Plaintiff's name does not need to be added to the header of the Short Form Complaint provided that Plaintiff's name is located elsewhere in the Complaint, and Counsel are not required to include a Pretrial Order No. on the first page of the Short Form Complaint.** Counsel must download a copy of the refiled Short Form Complaint from PACER, showing a PACER timestamp **from the date the case was transitioned**, and electronically forward this to BrownGreer for service on Defendants.

(d) To the extent Plaintiffs wish to file an Amended Short Form Complaint at the time a case is transitioned to the 3M MDL docket, (*See* ECF No. 1912), Plaintiff's counsel must select the "Amended Complaint" event in CM/ECF. Counsel must then provide BrownGreer with an electronic copy of the Amended Short Form Complaint downloaded from PACER, showing a PACER timestamp, for service on Defendants. **Counsel do not need to file *both* a Refiled Short Form Complaint and an Amended Complaint.**

(e) Additionally, a filing fee must be paid. To pay the fee, counsel must select "Filing Fee for Multidistrict Litigation (MDL) Case" as the event.

(f) Plaintiff's counsel must also seek *pro hac vice* admission in accordance with Pretrial Order No. 3, ECF No. 4, and Case Management Order No. 1, ECF No. 86, if counsel is not already admitted to the bar of this district.

The process described herein for transitioning cases from the administrative docket to the 3M MDL docket replaces and supersedes the transition process previously set forth in Administrative Docket Order No. 1. Requests to Transition should not be submitted through MDL Centrality and BrownGreer will not communicate any such requests to the Clerk's Office.

Law firms representing between 1 and 250 claimants whose cases are identified for removal from the administrative docket in this Order, will have 30 days to comply with the requirements of this Order. Law firms representing between 251 and 800 claimants whose cases are identified for removal, will have 45 days to comply with the requirements of this Order. Law firms representing 801 or more claimants whose cases are identified for removal, will have 60 days to comply with the requirements of this Order.

Any case that is not transitioned within the time limits set above will be dismissed from the administrative docket and the tolling of any time limitations for filing or pursing claims – including statutes of limitations and/or repose, prescription, laches, and any other time bars, whether based in law or equity – that applied to a case by virtue of it being on the administrative docket, will terminate. Any case that is transitioned but then fails to meet the requirements set forth in this order will also be dismissed. On dismissal, such claimants will no longer be allowed access to MDL Centrality in connection with the 3M MDL and must be immediately withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order from this Court applies.[3]  Unless otherwise stated, all dismissals pursuant to this paragraph will be without prejudice.

---

[3] As noted in Administrative Docket Order No. 1, the parties remain free to contract *separately* with any vendor to organize and manage information related to unfiled claims that are not transitioned to the 3M MDL docket and are not the subject of a 3M MDL *Touhy* request.

<u>New MDL Centrality Claimant Registrations.</u>  Any claimants registering with MDL Centrality after September 13, 2021, will have 30 days to file a case directly on the 3M MDL docket pursuant to Pretrial Order No. 5, ECF No. 252.  Failure to comply will result in the claimant no longer being allowed access to MDL Centrality in connection with the 3M MDL, and the claimant must be immediately withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order from this Court applies.  If a claimant chooses to file a lawsuit in another appropriate jurisdiction and that lawsuit is removed and/or transferred to this MDL, that claimant's access to MDL Centrality will be reinstated.

**DONE AND ORDERED** on this 14th day of April, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**