## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to All Cases Identified in Exhibit A and Exhibit B | ) Magistrate Judge Gary R. Jones ) ) ) |

## DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON FAILURE TO COMPLY WITH DISCOVERY

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 2 Plaintiffs identified in Exhibits A and B, attached hereto, to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with the discovery deadlines set forth in Case Management Order ("CMO") 34 (Dkt. No. 2787) ("Wave Order #2") and/or their failure to provide authorizations pursuant to Defendants' agreement with Plaintiffs' MDL Leadership (Dkt. No. 2468) and CMO 10, as required under Wave Order #2.[1]

---

[1] Defendants continue to meet and confer with Wave 2 plaintiffs who provided deficient authorizations and/or deficient discovery responses. Only those plaintiffs who failed to provide authorizations and/or discovery responses are the subject of this Motion.

## I.    FACTUAL BACKGROUND

Under Wave Order #2, all Wave 2 fact discovery must be completed within 130 days of the February 22, 2022 Order, or by July 5, 2022. *See* CMO 34 § I.6 (Dkt. No. 2787). Accordingly, the Court ordered each Wave 2 Plaintiff to timely submit record authorizations and written discovery responses. Certain Plaintiffs' failure to comply with Wave Order #2 is now at issue.

### A.    Plaintiffs Failed to Submit Signed Authorizations for the Release of Records.

Under Wave Order #2, "The process for service and plaintiff authorizations for [Wave 2] cases must conform to the parties' joint stipulation, *see* ECF No. 2468." CMO 34 at 1 (Dkt. No. 2787). Defendants' and Plaintiffs' MDL Leadership agreed on the following process and deadline for Plaintiffs to provide authorizations for their non-government records: by no later than April 4, 2022, each Wave 2 Plaintiff was required to submit signed authorizations (*i.e.*, wet signatures) for the release of medical[2], employer, and educational records.[3] *See* Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468).

---

[2] The medical authorization need not release mental health records if a plaintiff's mental health is not at issue, *see* Mar. 26, 2020 Order (Dkt. No. 1065) at 7 n.2.

[3] An educational authorization need not be provided if no wage loss or loss of earning capacity is claimed.

On March 21, 2022, Plaintiffs' MDL Leadership confirmed that all Wave 2 Plaintiffs were given notice in February of the parties' authorizations agreement. In the event that valid authorizations were not provided, the parties agreed that Defendants would meet and confer regarding the deficiency and then allow Plaintiff two business days to cure the deficiency. Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468). The parties further agreed, in accordance with CMO 10, that any Plaintiff's failure to provide signed authorizations after the notice and cure period would result in an Order to Show Cause. *See id.*; CMO No. 10 at 2 (Dkt. No. 1086).

The Plaintiffs identified in Exhibit A did not submit the required authorizations by the April 4, 2022 deadline. Accordingly, on April 7, 2022, Defendants' counsel sent Plaintiffs' counsel an email alerting them of the deficiency and requesting that the authorizations be submitted by April 8, 2022. Despite this opportunity to cure deficiencies, the Plaintiffs identified in Exhibit A have still failed to provide the required authorizations—ten days after their deadline.

**B.    Plaintiffs Failed to Respond to Defendants' Written Discovery Requests.**

In Wave Order #2, the Court permitted Defendants to serve written discovery on all Wave 2 Plaintiffs within 45 days of Wave Order #2, including up to ten Requests for Production and fifteen Interrogatories (including up to ten Interrogatories standard to all Plaintiffs and up to five "unique" Interrogatories), and

3

required that Plaintiffs serve responses within 30 days. CMO 34 §§ I.2, II.2(a)–(b) (Dkt. No. 2787). On March 3, 2022, Defendants timely served their First Set of Interrogatories (consisting of ten standard Interrogatories) and First Set of Requests for Production of Documents (consisting of ten Requests for Production) on all Wave 2 Plaintiffs.[4] Plaintiffs' responses were due by April 4, 2022. *See id.* § I.2.

The Plaintiffs identified in Exhibit B did not respond to Defendants' First Set of Requests for Production of Documents and/or First Set of Interrogatories by April 4, 2022, in violation of Wave Order #2. *See id.* Although not required to do so, on April 5, 2022, Defendants' counsel sent an email to counsel for all Plaintiffs who had failed to respond by the April 4 deadline that alerted them that they had not complied with the discovery deadline and asked that Plaintiffs cure their non-compliance no later than April 8, 2022. Defendants again followed up with counsel for the non-compliant Plaintiffs on April 8, 2022, alerting them that failure to submit discovery responses on that date would warrant Court intervention. To date, ten days after their deadline under Wave Order #2, the Plaintiffs identified in Exhibit B still have not responded to Defendants' discovery requests.

---

[4] Defendants also timely propounded Requests for Admissions and second sets of Requests for Production of Documents and Interrogatories to Wave 2 Plaintiffs; those written discovery requests are not at issue on this Motion.

## II.   ANALYSIS

As of the date of this filing, the Plaintiffs identified in Exhibits A and B have failed to comply with Wave Order #2 and/or the parties' Joint Stipulation on the process and agreement on the deadline for Plaintiffs to provide authorizations. Defendants therefore respectfully ask that the Court order those Plaintiffs to show cause why their cases should not be dismissed with prejudice.

The Court has broad discretion to manage its docket and control discovery. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). To that end, it may impose sanctions, up to and including dismissal, on litigants who fail to comply with its pretrial orders. *Id.* (citing Fed. Rule Civ. P. 37). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders regarding the submission of a case-specific expert report), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of

> noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re Abilify*, 2021 WL 2323733, at \*1 (citations and internal quotation marks omitted).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.").

The Eleventh Circuit has held dismissal ***with prejudice*** to be an appropriate sanction where a party violates a court order by not providing discovery. *See, e.g.*, *Haji*, 834 F. App'x at 564; *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 358 (11th Cir. 2009) (affirming dismissal where plaintiff failed to comply with court orders to provide discovery). Circuit courts have repeatedly recognized that "[s]trict adherence to case management orders is necessary to manage multidistrict litigation" and have "affirmed dismissals with prejudice based on noncompliance with discovery deadlines" in MDLs like this. *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016); *accord In re Taxotere*

6

*(Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (affirming dismissal with prejudice for failure to serve Plaintiff Fact Sheet, noting that "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation"); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3rd Cir. 2013) (affirming dismissals with prejudice and emphasizing that MDL judges "must be given wide latitude with regard to case management"); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (affirming dismissal with prejudice where plaintiffs failed to timely provide fact sheets and medical authorizations); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failing to timely file Plaintiff Fact Sheets despite repeated instructions to do so).

Dismissal with prejudice is an appropriate sanction here. There are more than 280,000 cases in this MDL. CMO 31 at 1 (Dkt. No. 2304). Plaintiffs were selected for Wave 2 on February 22, 2022, and immediately put on notice that they would be subject to discovery requests from Defendants and required to timely comply with those requests. Each of the Plaintiffs at issue on this Motion failed to respond to Defendants' discovery requests and/or provide authorizations by the deadline. And even after Defendants provided deficiency notices and opportunities to cure,

Plaintiffs continue in their willful, intentional noncompliance with the Court's Order.

Plaintiffs' noncompliance greatly prejudices Defendants. For example, the deadline to depose the Wave 2 Plaintiffs is June 7, 2022, less than two months from now. CMO 34 § I.5 (Dkt. No. 2787). The deadline to depose all remaining fact witnesses and the close of all fact discovery is just four weeks later. *Id.* Plaintiffs' failure to respond to written discovery not only violates this Court's Wave Order #2, which was intended to "accelerate the discovery" (CMO 21 at 1 (Dkt. No. 1881)) "[i]n furtherance of the effective and efficient case management of this litigation" (CMO 34 at 1 (Dkt. No. 2787)), but also has effectively halted a major component of discovery in these cases and compromised Defendants' ability to effectively prepare for and take fact witness depositions.

Plaintiffs' noncompliance with the Court's Order also warrants immediate relief to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

## III.   Conclusion

As set forth above, the Wave 2 Plaintiffs identified in Exhibits A and B have violated the Court's discovery orders and failed to cure their non-compliance after Defendants' meet and confer efforts. Defendants respectfully request that the Court

order that Plaintiffs show cause as to why their actions should not be dismissed with prejudice.

DATED: April 14, 2022

*/s/ Kimberly Branscome*

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Technologies LLC, Aearo Holding,*
*LLC, Aearo Intermediate, LLC and*
*Aearo, LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)</u>

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they emailed Plaintiffs' counsel asking that the above deficiencies be cured. To date, the Plaintiffs identified in Exhibit A have failed to provide the required authorizations, and the Plaintiffs identified in Exhibit B have not responded to Defendants' written discovery requests.

DATED: April 14, 2022          _/s/ Kimberly Branscome_____
                                                        Kimberly Branscome

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1785 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: April 14, 2022         */s/ Kimberly Branscome*
                                                Kimberly Branscome

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: April 14, 2022

*/s/ Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*