UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## CASE MANAGEMENT ORDER NO. 42
### Census Deficiency Process

On July 28, 2021, the Court entered Pretrial Order No. 81, ECF No. 1848, which reinstated the Initial Census Questions requirement and census deficiency process originally established in Pretrial Order No. 18, ECF No. 775. In addition, the Order modified the census deficiency process by creating a two-level review process: a first-level completeness review to be performed by BrownGreer PLC, followed by the Pretrial Order No. 18 review to be performed by Defendants.

As of April 12, 2022, BrownGreer had reviewed nearly 240,000 census forms for deficient responses to questions regarding dates of military service and dates of use of the CAEv2. The vast majority of those forms (211,288) were found by BrownGreer to contain no deficiencies. Of the 28,689[1] forms found to be deficient, 20,500 were cured after notice and an opportunity to cure. The Court's April 14,

---

[1] This includes 503 census forms found to be deficient but still within their deadline to cure.

2022 Order, ECF No. 2990, addressed the 7,686 forms that were not cured within the applicable deadlines. These data demonstrate that the BrownGreer census deficiency process worked: of the nearly 240,000 forms reviewed, only 12% were found deficient, and of those found deficient, over 70% timely cured the deficiencies. Only a very small percentage (3.2%) of the 240,000 forms failed to cure the flagged deficiencies.

The Court is aware, however, that the census deficiency process broke down somewhere between the BrownGreer deficiency process and the Pretrial Order No. 18 deficiency process. Pretrial Order No. 81 was public notice to all parties that the census deficiency process, as modified, was to commence immediately. Yet, nearly nine months later, it appears that the process set forth in Pretrial Order No. 18 (review by Defendants) has barely gotten underway, if at all. Regardless of the possible reason(s) why this process stalled, i.e. whether Pretrial Order No. 81 could have been more clear,[2] whether the parties disagreed about the interpretation of Pretrial Order No. 81, whether BrownGreer failed to provide the results of their review to the appropriate parties on a timely basis, or whether Defendants failed to proactively seek the information they asserted was necessary to begin the Pretrial Order No. 18 review, the Court will not permit this process to begin anew at this late

---

[2] The Court notes, however, that if Pretrial Order No. 81 was vague or unclear, neither party requested clarification.

date. After nine months of rolling production and review of census forms, Defendants will not now be permitted to serve census deficiency notices for tens of thousands of Plaintiffs all at once. Therefore, the deficiency process set forth in Pretrial Order No. 18 is now terminated in its entirety.

Additionally, the deficiency process set forth in Pretrial Order No. 18 shall not proceed as to any further cases in the future. The current status of the litigation, now in its third year with 14 bellwether trials completed in just over a year and 1,000 cases currently in accelerated discovery with another 500 entering discovery in less than a month, see ECF Nos. 2304, 2787, obviates the need for and utility of such a process. The purpose of the census process was to provide early, preliminary information about each Plaintiff's case. It was not, nor was it ever intended to be, a substitute for the traditional methods of obtaining information in civil litigation. As part of the accelerated discovery process, Plaintiffs are required to produce Fed. R. Civ. P. 26(a)(1) initial disclosures, the parties have the opportunity to serve written discovery requests, and the parties may take depositions to examine witnesses. All of these methods for obtaining information provide ample opportunity for Defendants to explore the topics touched on in the census forms and any topics beyond the scope of the census forms. If Defendants are not satisfied with a

Plaintiff's census form responses[3], they may pursue any answers they find unsatisfactory through interrogatories or may question Plaintiff about his or her census form answers in a sworn deposition.  As such, ending the Pretrial Order No. 18 deficiency process advances the efficient gathering of relevant information and in no way prejudices Defendants.

Accordingly, it is hereby **ORDERED**:

1. The census deficiency process set forth in Pretrial Order No. 18 is hereby rescinded in its entirety.  Any census deficiency notices served by Defendants as of the date of this Order are null and void and Defendants may not serve any census deficiency notices going forward.

2. The BrownGreer deficiency process set forth in Pretrial Order No. 81 remains in full effect.  For census forms submitted prior to the date of this Order that are still working through the BrownGreer deficiency process set forth in Pretrial Order No. 81, that process will continue to completion.  For census forms submitted after the date of this Order, the BrownGreer deficiency process will continue consistent with the process and deadlines set forth in Pretrial Order No. 81.

---

[3] The Court also entered Case Management Order No. 40, ECF No. 2911, requiring Plaintiffs to produce an official government record (either a DD214 form or a DoD Military Service Information Report) establishing Plaintiffs' military service.  This Order will result in Defendants receiving information that is likely *more* reliable than the information derived from a Plaintiff's recollection on a census form.

**SO ORDERED**, on this 15th day of April, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**