UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | Case No. 3:19md2885 |
| | Judge M. Casey Rodgers |
| | Magistrate Judge Gary R. Jones |
| This Document Relates to: | |
| *Brett Johnson v. 3M Company, et al.* Individual Civil Action No. 3:22-cv-00821 | |

## PLAINTIFF BRETT JOHNSON'S RESPONSE TO DEFENDANT'S MOTION TO SHOW CAUSE

Plaintiff Brett Johnson, by and through undersigned counsel, hereby files his response to Defendant 3M's Motion for Order to Show Cause filed on April 14, 2022. (Doc. 2991).

As the Court is aware, on February 22, 2022, it set scheduling deadlines for Wave 2 Plaintiffs in its Case Management and Scheduling Order No. 34, (Doc. 2787), and instructed Plaintiffs to provide authorizations consistent with the Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468). The parties agreed that Wave 2 signed authorizations would be served upon 3M no later than April 4, 2022.

From March 7, 2022 until April 8, 2022, Mr. Murphy was in an in-patient treatment program. As such, Mr. Murphy was in this program from shortly after the Order was entered up until after the day the authorizations were due. After leaving the program, Mr.

Murphy signed the authorizations for release which were served upon 3M on April 14, 2022.

## ARGUMENT

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996). "[I]n order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court," the court may dismiss a case. *Durham v. Fla. East Coast Ry. Co.*, 285 F.2d 366, 367 (5th Cir. 1967). Still, dismissal of the case is an "extraordinary remedy". *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Dismissal with prejudice is a sanction of last resort, and proper only if the district court finds: (1) 'a clear record of delay or willful conduct' and (2) 'that lesser sanctions are inadequate to correct such conduct.'" *Jacobs v. Atlanta Police Dept.*, 685 Fed. Appx. 827, 831 (11th Cir. 2017).

Here, Mr. Johnson was not willfully withholding his authorization and has not delayed this litigation. Instead, Mr. Johnson was unavailable for a considerable amount of time leading up to and including the day on which the authorization was due. He then acted quickly to sign the authorization which was served upon 3M on the same day it filed its motion for an order to show cause. The Court should forgo the extraordinary remedy of dismissal and allow Mr. Johnson's to continue to pursue his claims against 3M.

## CONCLUSION

For the foregoing reasons, the Court should not dismiss Brett Johnson's case against 3M.

DATE: April 18, 2022 Respectfully submitted,

        BY:   */s/ Marc K. Erickson*
                Thomas P. Cartmell (Pro Hac Vice)
                Marc K. Erickson (Pro Hac Vice)
                Lindsey N. Scarcello (Pro Hac Vice)
                **WAGSTAFF & CARTMELL LLP**
                4740 Grand Avenue, Suite 300
                Kansas City, MO 64112
                Telephone: (816) 701-1100
                Facsimile: (816) 531-2372
                tcartmell@wcllp.com
                merickson@wcllp.com
                lscarcello@wcllp.com
                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                              */s/ Marc K. Erickson*
                              Counsel for Plaintiff