# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORDIA PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## DECLARATION OF SHAQUANA L. COOPER

I, Shaquana L. Cooper, do hereby state and declare under the penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

1. I am a Deputy Chief Counsel, in the U.S. Department of Veterans Affairs (VA), Office of General Counsel (OGC), Information and Administrative Law Group (IALG). IALG is in VA's Central Office (VACO), which is located at 810 Vermont Avenue, NW, Washington, D.C. 20420.

2. I became a Deputy Chief Counsel on February 28, 2022. Prior to this position, I served as an IALG Staff Attorney from March 2014 until February 2022. In this capacity, I served as a subject-matter expert (SME) on information disclosure law (including the Freedom of Information Act (FOIA), the Health Insurance Portability

and Accountability Act (HIPAA), and the Privacy Act) and VA's sole national Touhy SME.

3. As a Deputy Chief Counsel, my official duties include supervising a small team of four (4) attorneys in information disclosure law subjects and providing training and advising clients, colleagues, and stakeholders (such as OGC senior leadership, political appointees, Medical Center directors, and VACO component leaders) on high profile, sensitive matters related to Touhy regulations, the FOIA, the Federal Advisory Committee Act (FACA), the HIPAA, and the Privacy Act. At present, I continue to serve as the VA's sole national Touhy SME, and will do so until another attorney is appointed to this position.

4. As VA's national Touhy SME, I serve as lead agency counsel, in collaboration with the Department of Justice's (DOJ) Federal Programs Branch and U.S. Attorneys' Offices, in representing the agency in the United States federal district courts.

5. As VA's national Touhy SME, I am the only OGC attorney assigned to the above-captioned case since its inception. As the assigned attorney, I have managed a multidisciplinary team comprised of personnel from the Veterans Health Administration (VHA) and the Veterans Benefits Administration (VBA) to produce 1,500+ Veterans records to the plaintiffs. In addition to managing the team of VHA and VBA personnel, I am responsible for drafting and submitting agency responses to Touhy requests and subpoenas for records and testimony; conducting deposition preparation sessions; and supporting VA personnel in depositions.

6. I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

*The VA's Process for Responding to Touhy Requests Related to This Litigation*

7.     When I receive a Touhy request for testimony in connection with the above-captioned litigation, I engage in a multi-step process for determining whether to authorize the requested testimony.

8.     First, I review the Touhy request to determine whether it appears to comply with the VA's Touhy regulations, 38 C.F.R. § 14.800 *et seq*.

9.     Second, I determine whether the individuals named in the Touhy request are current VA employees. In order to make that determination, I search each medical facility listed in the Touhy request to determine whether it is a VA medical center (VAMC). I then search each individual's name within the VA's Outlook email system to see if the individual has a current VA email address. If I am unable to locate an individual in the Outlook email system, I identify the VHA Privacy Officers located at the VA medical facility where the individual supposedly worked, and I request that the Privacy Officer conduct a search with Human Resources for the specified individual and advise if the individual is a current of former VA employee.

10.     If I determine that an individual is not a current VA employee, I prepare a response letter notifying the requester of that information and advising that the VA cannot compel the individual to appear at the deposition.

11.     If I determine that an individual is a current VA employee, I send that individual an email introducing myself, providing background on the case, and explaining why I am reaching out to that individual. In that email, I request that the

individual review the attached Touhy request and provide his or her availability to discuss the request. I also ask for his or her availability over the coming weeks to prepare for and attend a deposition if authorized.

12. Once the individual has had an opportunity to review the Touhy request, I will discuss the request with the individual to determine whether he or she may possess any additional relevant information that might be responsive to the request.

13. Because of the volume of depositions sought in connection with the above-captioned litigation and limited resources at the VA, the VA often asks attorneys from the Department of Justice, including Assistant U.S. Attorneys (AUSAs) to prepare witnesses and to defend depositions in this litigation.

14. Therefore, for each potential witness, I also contact the U.S. Attorneys' Office located in the district where the witness is located. When I make contact with an AUSA, I provide information regarding the case and the requested deposition, and I ask whether someone in the office is available to assist with the deposition. If an AUSA is assigned to assist, I then ask for his or her availability to schedule deposition preparation sessions and the deposition.

15. Once I have determined that an individual's testimony should be authorized and I have identified dates when both the witness and an attorney are available for deposition, I draft an authorization letter setting out the dates that the individual is available for deposition, and the topics on which they are authorized to testify. Once that letter is finalized, I send it to the parties in this litigation by email.

16. This process ordinarily takes at least two (2) to three (3) weeks, depending on other obligations and how quickly I am able to reach everyone involved. If there are

a high volume of Touhy requests (or Touhy requests that seek testimony from a large number of individuals), this process may take longer.

### The VA's Process for Responding to 3M's March 2022 Requests

17. In an email dated Tuesday, March 8, 2022, Mr. Christopher D. Morris, of Butler Snow LLP, submitted 3M's Touhy requests seeking certain VA records and the testimony of fourteen (14) individuals believed to be VA personnel. Mr. Morris's March 8, 2022 email referred to the requests as "Wave 1 *Touhy* requests for depositions and documents." I understood the use of the phrase "Wave 1" in Mr. Morris's email to refer to the cases subject to the Court's Case Management Order No. 31 (Wave Order #1), ECF No. 2304, which provided that fact discovery must be completed and all fact depositions must be taken by April 1, 2022

18. On March 9, 2022, I began the process described in paragraphs 7-16, above, with respect to the fourteen (14) individuals whose testimony was sought by 3M's March 8, 2022 Touhy request.

19. I was able to locate the contact information for eight (8) VHA healthcare providers identified in the Touhy request, and I sent an email to each of those individuals on March 9, 2022. In the email, I introduced myself, provided the background of the case, why I was specifically reaching out to each respective person, requested that they review the attached Touhy document and requested that they provide their availability to discuss, and their dates of availability to prepare for and attend a deposition.

20. I was not able to locate the contact information for six (6) of the remaining individuals identified in the Touhy request. I noted that the medical facility

associated with two of those individuals was not a VA medical center, therefore I knew that the individuals were not VA employees. On March 10, 2022, I identified the Privacy Officer(s) located at each of the facilities associated with the remaining four individuals, and I requested that the Privacy Officer conduct a search with Human Resources for the specified individual and advise if the individual is a current or former VA employee.

21.    In response to those emails, I was notified that four (4) of the individuals discussed in the preceding paragraph were not current VA employees.

22.    On March 11, 2022, I also began contacting the U.S. Attorneys' Offices located in the districts where the eight (8) current employees were located to determine if the U.S. Attorney's Office could assist with the requested depositions if authorized. Over the following weeks, I spoke with the Civil Chiefs in several of these offices regarding my requests for an AUSA to be assigned for these depositions.

23.    During this time, I also evaluated 3M's March 8, 2022, Touhy request for VA records related to several Wave 1 plaintiffs.

24.    Despite the efforts described in paragraphs 17-21, I was not able to schedule depositions of the individuals identified in the March 8, 2022, Touhy request before the April 1, 2022 deadline for the completion of fact discovery and fact depositions for Wave 1 cases.

25.    By email dated Tuesday, March 14, 2022, Mr. Christopher D. Morris, of Butler Snow LLP, submitted an additional Touhy request seeking the testimony of approximately 75 additional individuals and seeking records related to several Wave

1 plaintiffs.  As with the earlier requests, Mr. Morris's email referred to the requests as "Wave 1 *Touhy* requests for depositions and documents."

26. Upon reviewing 3M's March 14, 2022, Touhy request for the testimony of seventy-five additional individuals, I determined that the timing of the request did not provide sufficient time to take each of the steps outlined in paragraphs 5-16 with respect to each of those individuals and to arrange depositions before the April 1, 2022 deadline for the completion of fact discovery and fact depositions for Wave 1 cases.

27. Accordingly, I determined that it would not be a reasonable or prudent use of government resources to process the requests for testimony.

28. During this time, I also evaluated 3M's March 14, 2022, Touhy request for VA records related to additional Wave 1 plaintiffs.

29. On March 22, 2022, I transmitted an interim response to 3M's March 8, 2022, Touhy request, denying some of the requests for VA records and notifying 3M that five (5) of the individuals identified in the request were not current VA employees. As to those individuals, I explained that the VA could not compel their appearance and therefore the agency would not process the requests for their testimony.

30. On March 30, 2022, I transmitted a response to 3M's March 8 and March 14, 2022 Touhy requests, denying 3M's requests for VA records and notifying 3M that "[d]ue to the time and resources required to prepare for and schedule depositions," the VA would not be in a position to produce the remaining eighty-four individuals for deposition by April 1, 2022, and therefore the VA had determined that "it would

not be a prudent use of government resources for the agency to continue processing these requests for depositions."

31. On March 29, 2022, I learned that 3M issued a subpoena to a former VA employee, Dr. Karen Medin, for a deposition set for the morning of March 31, 2022. I also learned that 3M's counsel represented to my VA OGC colleague that 3M could subpoena Dr. Medin for a deposition without a *Touhy* request pursuant to the Court's Case Management Order No. 13.

32. I did not receive notice from 3M regarding the subpoena or the proposed deposition of Dr. Medin.

Executed this 18th day of April, 2022

*Shaquana L. Cooper*

Deputy Chief Counsel
Office of General Counsel,
Information and Administrative Law Group
(IALG)