# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO REPLY

Local Rule 7.1(I) provides that a party seeking leave to file a reply memorandum must establish "extraordinary circumstances." Defendants' motion, Dkt. 3030, makes no reference to the applicable standard, and no attempt at a showing of any mitigating circumstances, let alone extraordinary ones. Their motion for leave to reply should be denied.

The only argument in Defendants' motion for leave to reply is the disingenuous suggestion that the timeliness issues discussed in Plaintiffs' and the Government's briefs were "newly raised." Dkt. 3030 at 1. But Plaintiffs and the Government both raised these exact timeliness arguments with regard to these exact requests in correspondence and telephone calls in advance of Defendants' motion to compel – including in a call on the day the motion to compel was filed. Defendants cannot argue these arguments were "newly raised" in light of those earlier

1

conversations, particularly where, as here, untimely efforts to seek discovery earlier in the case have been rejected on timeliness grounds. *See, e.g.*, Dkt. 1874.[1]

Defendants' motion provides no basis for entitlement to a reply brief. The motion for leave to reply describes no "extraordinary circumstances," and contains only a boilerplate claim that certain arguments were "newly raised" in opposition, despite those arguments being fully and clearly articulated in advance of Defendants' initial filing. The Court should deny Defendants' motion for leave to reply.

Date: April 21, 2022

Respectfully submitted,

/s/ Bryan Aylstock
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

---

[1] Additionally, to the extent Defendants seek to make new arguments regarding the re-opening of discovery, they should do so in an affirmative motion. Defendants should not be permitted to articulate new arguments in support of re-opening discovery (an issue on which Defendants would have the burden) in a reply brief which no interested parties would be entitled to oppose.

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Bryan Aylstock