IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:
Wave 1 Cases
_____/

## ORDER

Pending before the Court is Defendants' Motion to Compel Against the Department of Defense and the Department of Veterans Affairs. ECF No. 2935. The Government and the Plaintiffs have responded in opposition, ECF Nos. 3017 & 2961, and the motion is otherwise ripe for resolution. For the reasons discussed below, Defendants' motion is due to be denied.

## I. INTRODUCTION

This multidistrict litigation is best described as "a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the 'CAEv2')." *See, e.g.*, ECF No. 879 at 1; ECF No. 1000 at 1; ECF No. 1048 at 2; ECF No. 1085 at 1; ECF No. 1108 at 2. Plaintiffs are

servicemembers, veterans, and civilians seeking damages in this action for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2.  ECF No. 704.  Defendants dispute these allegations.  ECF No. 959.

Despite the connection between Plaintiffs' alleged injuries and their military service, the Government itself is not a party to this litigation, ECF No. 704 at ¶¶ 16-20.  Notwithstanding the Government's non-party status, its relationship to these cases cannot be understated.  This Court has previously recognized that "this litigation is nothing if not about the government's procurement of equipment," ECF No. 1280 at 26, namely the CAEv2.  Consequently, the parties have identified the United States as a critical source for third-party discovery.[1]

---

[1] On May 20, 2019, Assistant United States Attorney Leah Butler, Assistant United States Attorneys Kathryn Drey, and United States Army Major Collin Evans—on behalf of the Government—presented to the parties and the Court concerning how the parties should proceed with discovery requests for documents from the United States and for the testimony of its employees subject to federal regulations promulgated under the Housekeeping Statute, 5 U.S.C. § 301, and applied in accordance with the Supreme Court's decision in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  ECF No. 399.

The Government advised, in pertinent part: (1) on its interpretation of the application of *Touhy* (which the undersigned discusses in more detail below); (2) that a requesting party should avoid broad discovery requests directed to the United States, such as for "any and all documents" referring to a particular person or subject; (3) that a requesting party will have an opportunity to know why the Government objects to the production of discovery, should it raise an objection; (4) that any request for discovery must be in writing and may be supplemented; and (5) that a requesting party should not send a subpoena because, from the Department of Justice's "perspective," a "subpoena signed by an attorney is not from a court of competent jurisdiction."  *Id.*

The discovery dispute raised in the motion to compel concerns the Government's denial of Defendants' *Touhy* requests in the Wave 1 cases.[2] In the motion to compel, Defendants complain that the Government has "denied all of Defendants' *Touhy* requests for depositions and documents in the course of Wave 1 discovery, depriving Defendants of an opportunity to discover relevant information about Wave 1 plaintiffs and hindering their ability to defend against the Wave 1 plaintiffs' claims." ECF No. 2935 at 1. The Government responds that the agencies properly denied Defendants' *Touhy* requests. Chiefly, the Government says that Defendants afforded the agencies insufficient time to respond to Defendants' burdensome requests to depose numerous agency employees at the eleventh hour.

At issue are seven *Touhy* requests. All but two of the requests were made less than one month before the close of discovery for the Wave 1 cases. Three requests were made on or after March 14, 2022, in the face of an April 1, 2022, discovery deadline. After review of each request and each response, the Court concludes that most of the requests do not satisfy *Touhy*'s particularity requirement, and, for the requests that do, they

---

[2] Wave 1 cases are the first wave of approximately five hundred (500) 3M MDL cases transferred from the administrative docket to the active docket. *See* Wave Order #1, Case Management Order No. 31, ECF No. 2302 (Nov. 22, 2021) at 1.

3

came too late for the agencies reasonably to respond let alone produce the requested deponents and information. The Government's denial of Defendants' *Touhy* requests, therefore, was not "arbitrary and capricious," and Defendants' Motion to Compel is due to be denied.

## II.  STANDARD OF REVIEW

Under The Housekeeping Act, 5 U.S.C. § 301, government agencies may promulgate regulations that govern how the agency will respond to third party subpoenas and requests for documents. These regulations are often known as *Touhy* regulations, after the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-68, 71 S.Ct. 416, 95 L.Ed. 417 (1951), in which the Court held that agency employees could not be held in contempt of court for refusing to respond to a subpoena, if instructed not to respond by a superior. In other words, once agencies have enacted these so-called *Touhy* regulations (and assuming the regulations are valid), government employees cannot be forced to testify. *See, e.g., Bobreski v. EPA*, 284 F. Supp. 2d 67, 73 (D.D.C. 2003).

The purpose of *Touhy* regulations, which typically limit the occasions on which the government will produce documents or agency employees for testimony, is "to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in

controversial matters unrelated to official business." *Boron Oil Co. v. Downie,* 873 F.2d 67, 70 (4th Cir. 1989).

An agency's denial of a *Touhy* request is considered "final agency action" reviewable by the court under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, *et seq.* In the Eleventh Circuit, a party need not file a separate APA action to challenge the denial of a *Touhy* request. Rather the dispute over the agency's denial may be resolved in a motion to compel as part of the pending litigation, applying the appropriate standard of review. *See, e.g., U.S. ex rel. Lewis v. Walker*, Case No. 3:06-CV-16(CDL), 2009 WL 2611522, *2 (M.D. Ga. Aug. 21, 2009); *Forgione v. HCA, Inc.*, 954 F. Supp. 2d 1349, 1352-53 (N.D. Fla. 2013).

The appropriate standard of review for the denial of a *Touhy* request arises under the APA. A court will presume that the denial is valid unless the requester can demonstrate that "the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999); *see also Watts v. SEC*, 482 F.3d 501, 508 n.* (D.C. Cir. 2007). *See Citizens to Preserve Overton Park Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) ("[T]he… [arbitrary and capricious] standard of review is a narrow one."). "When an agency is not a party to an

action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278. A court "must consider whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment," *Overton Park*, 401 U.S. at 416, 91 S.Ct. 814, but the court may not "substitute its judgment for that of the agency," *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

### III.  DISCUSSION

**A.    *Touhy* Requests and Responses.**

Defendants' *Touhy* requests for documents and depositions were directed at the Department of Defense ("DoD") and the Department of Veterans Affairs ("VA").  Seven requests were made in all, five to DoD and two to VA.

*1.    HCPM Depositions and Documents (DoD): Touhy Requests Nos. 1 & 7.*[3]

Defendants' first *Touhy* request was served on February 9, 2022, to DoD, requesting that DoD identify Hearing Conservation Program

---

[3] For ease of reference, the Court discusses Defendants' *Touhy* requests as Requests #1-7 in the order set forth in the chart found on pages 3-4 of Defendants' Motion to Compel.  ECF No. 2935.

6

Managers ("HCPM's) at seventy-four (74) military installations during a specified period of time. ECF No. 2935-1 & 2935-2 (SEALED). Defendants' last request, Request No. 7, was made on March 18, 2022, requesting that DoD authorize the depositions of eleven (11) HCPMs DoD identified in DoD's response to Defendants' first *Touhy* request (as well as related documents). ECF No. 2935-13 (SEALED).

As an initial matter, the Court concludes that Defendants have not shown a particularized need to depose these HCPMs.  Apart from the timeliness issue, which is not insignificant as addressed below, Defendants do not explain why these HCPMs have particular knowledge beyond a general awareness of hearing conservation matters during the time that certain Plaintiffs were stationed at the same military base.  Additionally, Defendants do not suggest that these HCPMs will testify to anything more than what other HCPMs have already testified to as a part of general discovery in these cases.  Throughout the course of more than fifteen (15) bellwether trials the Defendants have presented testimony from HCPM's concerning generalized procedures at various military bases. Without exception, not one HCPM has testified that he or she has any information regarding a specific plaintiff servicemember. In most cases the HCPM did not personally participate in an audiogram and in no cases so far has any

7

HCPM provided any information concerning the issuance of an earplug to a particular plaintiff or any recollection of involvement or interaction with a particular plaintiff. This is not surprising because many of the plaintiffs in this MDL served at military bases more than ten to fifteen years ago. In short deposing an additional forty or more HCPM's has virtually no likelihood of uncovering additional information that would be useful in any of the Wave 1 cases.

Defendants' HCPM-related document requests also seek general discovery, *e.g.*, written policies and procedures, PowerPoint presentations. The deadline for general discovery has long passed. For these reasons alone, DoD's denial of Defendants' *Touhy* Requests Nos. 1 and 7 was not "arbitrary and capricious."

Add to the mix the fact that Defendants have had eight months to conduct fact specific discovery yet waited until a month-and-a-half (February 18, 2002) before the discovery deadline (April 1, 2022) to inquire into which HCPMs were located at which military installations at a certain point in time. DoD supplied the requested information within one month (March 18, 2022). At that point, Defendants knew that the completion of even eleven HCPM depositions would not be possible by April 1, 2022. Defendants have a long and robust *Touhy* history with DoD in these cases.

8

Defendants should have known that DoD could not, on March 18, 2022, investigate, locate, schedule, prepare and produce eleven HCPM witnesses for deposition by the deadline.

Finally, DoD's burden to comply with this request significantly outweighed the slight benefit of these depositions. That is because the testimony the HCPMs would likely have given would be cumulative to the information 3M already has obtained from other HCPM's and at best would add very little, if anything, that would concern any of the identified plaintiffs in Wave 1

2. *DOEHRs Depositions and Documents (DoD): Touhy Request No. 2.*

Defendants' second *Touhy* request, served on February 17, 2022, was also directed at DoD and sought authorization to depose fifty-eight (58) DOEHR providers who administered audiograms to 394 of the remaining 445 Wave 1 Plaintiffs (as well as related documents). ECF No. 2935-4 (SEALED). As was the problem with the HCPM requests, Defendants fail to state with particularity what information these 58 DOEHR providers possess with respect to any individual Plaintiff. Narrowing the request from the 1,400 DOEHRs identified to 58 DOEHRs, whose depositions were

9

requested, while admittedly reducing the scope of the request, does not make the request itself any more particularized.

Moreover, as has been the cases in every bellwether trial to date the audiograms "say what they say." There is little need to depose individual DOEHR providers to have them simply repeat the information in the audiogram. No DOEHR provider in any bellwether trial has provided testimony that they remembered administering an audiogram for any particular soldier. The audiogram records will be admitted into evidence; 58 DOEHR provider depositions will not add anything to the presentation of the cases and would place a tremendous burden on the government if the government was required to identify and interview 58 DOEHR providers and then schedule and participate in depositions that would add little to the information necessary for Defendants to defend the Wave 1 cases.

For these reasons, the Court concludes that DoD's denial of Defendants' *Touhy* Request No. 2 was not "arbitrary and capricious", especially because the DOEHR depositions are of limited value in advancing any of the issues in these cases.

### 3. Treating Physicians' Depositions and Documents (DoD): Touhy Request No. 3.

Defendants' third *Touhy* request, served on March 8, 2022, also was directed at DoD and sought authorization to depose ten (10) physicians, physicians assistants, and other medical professionals who evaluated and treated Plaintiffs Angela Greening, Rick Chavez, Rob Brachear, Ryan Theobald, Sherri Coons, Wesley Norton, and Gregory Washington (as well as related documents). ECF No. 2935-6 (SEALED). Although several of these requests may be particularized enough to satisfy *Touhy*—*e.g.*, request for deposition of Dr. Jeffrey Moody who evaluated Plaintiff Wesley Norton's hearing from 2005 through 2017, including hearing-related issues arising from a 2006 car accident— the requests were made on the eve of the discovery deadline. Serving requests on March 8, 2022, under any scenario did not provide the DoD enough time to marshal the necessary resources to accommodate the request by April 1, 2022.[4] Had Defendants made a particularized showing of the need for these depositions at an earlier time in the discovery process the DoD might have had sufficient time to respond and produce several of the treating physicians for deposition. But instead Defendants waited until three short

---

[4] Major Robert Wald's Declaration attests to the burdensome nature of Defendants' *Touhy* requests. ECF No. 3017-1.

weeks before the discovery deadline to make a request for a particular physician.

*Touhy* Request No. 3 also sought "all records pertaining to the care and treatment of Plaintiff[s]" Wesley Norton, Ryan Theobald, Ryan Struck, Rick Chavez and Angela Greening and "all communications with Plaintiff[s]." ECF No. 2935-6 (SEALED).  DoD denied those requests on the grounds that the documents had either (1) already been produced by DoD or (2) they could be obtained from the Plaintiffs themselves.  ECF No. 2935-7 at 3.  Under these circumstances the DoD's denial was reasonable.  Notably, Defendants have not demonstrated that they sought, but were unable to obtain, the requested documents from Plaintiffs.  *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (when seeking discovery from non-party, "the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation[.]").  When seeking discovery from a non-party, "the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." *Id.* at 189.  The ability each Plaintiff has to obtain these records from the DoD compared to the burden imposed on the DoD to produce

12

medical records, weighs heavily in the government's favor to deny the requests absent a showing by Defendants that they pursued a less burdensome avenue first.

Accordingly, the DoD's denial of *Touhy* Request No. 3 was not arbitrary and capricious.

    4.    *Medical Providers' Depositions and Documents (VA): Touhy Request No. 4.*

Defendants' fourth *Touhy* request, also served on March 8, 2022, was directed at the VA and sought authorization to depose fourteen (14) medical doctors and audiologists who evaluated Plaintiffs Brett Thomas, Duwayne Tucker, John Hall, Jonathan Moore, Laveta Carney, Marquette Bowie, Randal Forrester, Stephen Barnes, Victor Smyrnow, Cletis Wilbanks, Dusty Perry, and Harole Colon.  ECF No. 2935-8 (SEALED). Except for a few of the requests that seem altogether unrelated to the issues in dispute, *e.g.,* authorization to depose Dr. John Dieter to inquire into Plaintiff's migraines and "overall mental state"—many of these requests were particularized as contemplated by *Touhy*, but they, too, came too late.  Based upon the experience of this Court, and as Defendants should be more than well-aware, twenty-four (24) days is woefully insufficient for the VA to locate, schedule, prepare, and produce

13

fourteen (14) witnesses for deposition, not to mention locate related documents.[5]

Defendants' *Touhy* Request No. 4 also sought production of Plaintiff Kenneth Deldeo's employment records from the VA St. Petersburg Regional Office where he worked processing disability claims.  ECF No. 2935-8 at 8 (SEALED).  The VA denied this request for three reasons.  First, Plaintiff has access to the records, and he can more easily produce them to Defendants than the VA can.  ECF No. 2935-9 at 4-5 (SEALED).  Second, Defendants failed to provide sufficient information to establish the relevancy of the requested employment records to the pending litigation.  *Id*. at 5. Finally, the information contained within the records is protected by the Privacy Act, and Defendants did not supply the VA with Plaintiff Deldeo's written request and consent as required by the Act.  *Id*. at 5-6.

The Court agrees with the VA.  Plaintiff should be able to access and produce this information quite easily.  Moreover, Defendants have not established that these records are in anyway relevant to the issues in the case.  Arguably, the records might be relevant if Plaintiff lost his job because of hearing loss, but Defendants provided no such basis for linking

---

[5] Deputy Chief Counsel, Shaquana Cooper, attests to the burdensome nature of Defendants' *Touhy* requests in light of the process established by the VA for processing such requests.  ECF No. 3017-2.

the employment records to Plaintiff's alleged injuries. *See* ECF No. 2935-8 at 8 (SEALED).

In sum, the VA's denial of Defendants' *Touhy* Request No. 4 was not arbitrary and capricious.

5.   *Depositions and Documents (DoD): Touhy Request No. 5.*

Defendants' fifth *Touhy* request, served on March 14, 2022, was directed to DoD and sought authorization to depose two categories of current DoD personnel— (1) medical doctors, nurses and audiologists who evaluated Plaintiffs Dennis Haskamp, Jason Daniels, Neal Duschesneau, Sherri Coons, Robert Theriot, Gloria Panatiov, Lucius Sykes, Chris Oldani, Misael Mantilla, Raymond Cortez, Francis Ash, Chad Dudley, James Schockley, Jeffery Lewis, Ilon Crittenden, Charles Rodgers, Maurizo Surdo, Larry Hains, Philip Meltmar, Raymond Milam, Robert Marks, Marvin Chee, Bradford Peacock, Mr. Woodruff, Aaron Tonderum, Rama Toulon, David Reyes, David Waak, David Masters, Douglas Blackwell, Michael Maxwell, Ricard Hulett, Jerry Jessie, Edwardo Jacquez, Nicholas Maciel, Jarrod Harrison, and an unnamed Plaintiff; and (2) service members who witnessed hearing-related injuries sustained by Plaintiffs during combat. ECF No. 2935-10 (SEALED).

In total Defendants sought to depose forty-six (46) medical professionals and twenty-four (24) non-treating service members, for a grand total of seventy (70) depositions, in eighteen (18) days. Accomplishing that of course is impossible. For this reason alone, and under these circumstances, it was not arbitrary and capricious for the DoD to deny the request.[6]

In the fifth *Touhy* request, Defendants also sought five (5) categories of records related to four (4) Plaintiffs:

- Article 15 proceedings records for John Genter;
- Article 15 proceedings records for Keith Keough;
- Complete medical/employment records for Robert Hallisey; and
- All records pertaining to the care and treatment of Todd E. Lawyer by Dr. Christopher Hartness and audiologist Dr. Melissa Torgerson.

ECF No. 2935-10 at 25 (SEALED). DoD denied these requests on three grounds. ECF No. 2935-11 (SEALED). First, the DoD says Defendants could more easily obtain the records from Plaintiffs. *Id*. at 3. Second, Plaintiff Todd Lawyer's records request was duplicative of documents already produced. *Id*. at 4. Third, DoD says it searched for Title 15 proceedings records for Plaintiffs John Genter and Keith Keough and found none. *Id.* The Court finds DoD's response reasonable.

---

[6] Two of the requests are for authorization to depose Plaintiff's spouses, which Defendants were entitled to, had they made the requests sooner.

In sum, the Court concludes that DoD's denial of Defendants' *Touhy* Request No. 5 was not arbitrary and capricious.

6. *Medical Providers' Depositions and Documents (VA): Touhy Request No. 6.*

Defendants' sixth *Touhy* request, also served on March 14, 2022, was directed at the VA and sought authorization to depose seventy-five (75) witnesses, most of whom are medical professionals with some nexus to some of the individual Plaintiff's hearing problems. ECF No. 2935-12 (SEALED). At this point, it goes without saying that the VA's decision not to authorize the deposition of seventy-five (75) medical providers at this late date, to be scheduled and completed by April 1, 2022, was not arbitrary and capricious. Indeed, the fact that VA r*esponded* to the March 14, 2022, request by the deadline was no small feat.

And, as for the records portion of this request, which sought medical records for two Plaintiffs, Alberto Gallardo and Robert Coleman, the same reasoning applies as discussed above. It is much less burdensome for Defendants to obtain these records directly from Plaintiffs than it is to obtain them from the VA. Because Defendants made no showing that they attempted to obtain the records from Plaintiffs but were unable to do so, the

17

VA was not required to expend the significant resources that would be necessary to search for, review and produce the medical records.

Accordingly, the Court concludes that the VA's denial of Defendants' *Touhy* Request No. 6 was not arbitrary and capricious.

## IV.  CONCLUSION

In view of the foregoing and upon careful consideration, the Court concludes that the Government's denial of Defendants' *Touhy* requests was not arbitrary and capricious.  It is therefore **ORDERED** that:

1. Defendants' Motion to Compel Against the Department of Defense and the Department of Veterans Affairs, ECF No. 2935, is **DENIED**.

2. Defendants' Motion for Leave to File Reply, ECF No. 3030, is **DENIED**.[7]

**DONE AND ORDERED** this 26th day of April 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

.

---

[7] Defendants argued in their Motion for Leave to File a Reply, ECF No. 3030, that a reply memorandum was warranted so that Defendants could address "newly raised arguments" lodged by the Government in its opposition to Defendants' Motion to Compel. *Id*. at 1.  Plaintiffs opposed the motion on the grounds that the arguments raised by the Government were not new, and because Defendants failed to establish the "extraordinary circumstances" needed to support such relief.  ECF No. 3032.  Upon due consideration, the Court concludes that no "new" argument was raised and the Court did not need further briefing to decide the issues raised in the motion.