UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to<br>*All Wave Cases* | Case No. 3:19-md-2885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**3M COMBAT ARMS EARPLUG MDL**
**STIPULATION REGARDING EXPERT DISCOVERY FOR WAVE CASES**

Unless otherwise stipulated or ordered by the Court, this stipulation applies to all Rule 26 expert witnesses in the wave cases.

1. <u>Expert Reports</u>.

    A. <u>Production of Expert Materials</u>.

    i. Unless otherwise stipulated or ordered by the Court, each disclosed expert will produce reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), together with a list of all documents and materials that the expert has considered in preparing the report. To the extent this list identifies materials that are not publicly available at no cost or have not been previously produced in this litigation, the parties will work cooperatively to ensure such materials are produced no later than 7 days prior to the applicable expert's scheduled deposition.

ii. Consistent with Fed. R. Civ. P. 26(b)(4), no party will seek discovery of any experts' notes, drafts of expert reports, drafts of expert disclosures, or communications between the expert and counsel, provided however, that counsel may inquire at a deposition about any facts, data, or assumptions provided to the expert by counsel and upon which the expert considered preparing the report. Notwithstanding, notes taken by medical causation experts in connection with an examination of the Plaintiff shall be produced along with the report.[1] Nothing herein precludes a party from requesting that data underlying an expert's report, such as testing results and data underlying a test, be produced.

B. <u>Service of Deposition Notices and Responsive Materials.</u>

Absent agreement of the parties, deposition notices must be served via MDL Centrality no later than 10 days prior to the date of the deposition. Case-specific deposition notices need only to be served on counsel of record in that case via the applicable plaintiff's MDL Centrality portal. Deposition notices for experts who have submitted Rule 26 general reports shall be served on the master MDL Centrality portal. The date and time of the deposition should be discussed prior to the service of a deposition notice as described further below.

---

[1] For Wave 1 cases, notes taken by medical causation experts in connection with an examination of the Plaintiff shall be produced no later than 7 days prior to the applicable expert's scheduled deposition.

2. <u>Expert Depositions</u>.

A. The parties recognize that expert depositions in certain instances may need to be conducted on weekends to accommodate experts' schedules.

B. <u>General Experts Deposition Length</u>.

 i. To the extent a party discloses an entirely new Rule 26 general expert who did not submit any prior reports in any bellwether case or a prior wave case, that expert may be deposed once for up to 5.5 hours on that report.

 ii. If a previously disclosed expert submits only a Rule 26 general report that contains opinions that were submitted in one of the prior bellwether cases or prior discovery waves and no case-specific report, that expert will not have to sit for an additional deposition for the wave cases provided the opinions within the reports have not changed.

 iii. If a previously disclosed Rule 26 general expert submits a new opinion(s) in the wave cases not included in that expert's prior bellwether report or a prior wave discovery report, and no case-specific report, that expert may be deposed once for up to 3 hours <u>on the new or modified opinions only</u>. However, if a previously disclosed Rule 26 general expert submits new opinion(s) based on new testing they conducted on the Combat Arms Earplug Version 2 that was not previously disclosed in a prior bellwether or wave case, then that expert may be deposed once for up to 5.5 hours on that report.

C. <u>Case-Specific Experts Deposition Length</u>.

i. For <u>each</u> Rule 26 case-specific expert report that an expert submits, that expert may be deposed once for up to 2.5 hours regarding that case-specific report.

ii. If an expert submits case-specific Rule 26 reports in more than one case, that expert may be deposed for up to 2.5 hours on each case-specific report. No expert will be required to sit for a deposition in more than two cases per day unless mutually agreed upon by the parties and the expert.

D. <u>Deposition Length of Experts Who Submit Both a General Report and a Case-Specific Report</u>.

i. The rules regarding deposition time for Rule 26 general experts and Rule 26 case-specific experts are independent and to be handled separately. For example, if a new Rule 26 expert offers an entirely new general expert report and a case-specific report, that expert will be subject to an up to 5.5-hour deposition on the Rule 26 general expert report and an up to 2.5-hour deposition on the Rule 26 case-specific report. If the questioning party fails to use their full allotted time during one deposition, they are precluded from carrying over additional time to another deposition of that same expert.

ii. No expert will be required to sit for a deposition on more than two case-specific reports per day or sit for a deposition in relation to more than one

4

general report plus one case-specific report per day unless mutually agreed upon by the parties and the expert.

    iii.    If an expert sits for multiple case-specific and/or general depositions in a single day, the parties must go off the record in between depositions, and an individual, standalone transcript must be produced for each deposition.

    E.    <u>Deposition Questioning/Procedure</u>.

    i.    To the extent a Party discloses an expert in any wave case who is also testifying during the bellwether Group D trials, at the Group D trials the Parties shall not question the expert witness about his or her involvement or disclosure in any of the wave cases or use evidence of the expert's disclosure in the wave cases during any of the Group D trials.

    ii.    Only one attorney for the examining Party will be allowed to examine the witness for each deposition. Nonetheless, the attorney for the examining Party and the defending Party may change in between depositions if the expert will be questioned regarding a different Rule 26 case-specific report.

    iii.    If the defending Party's counsel asks questions during the deposition, it must be in addition to the time allocated to examining Party. Additionally, should the defending Party's counsel ask questions during the deposition, the examining Party will be permitted half of the time used by the defending Party's counsel to conduct any follow-up questions. The examining Party

is not required to reserve any time from the original time permitted for follow-up questioning. Any follow-up questioning must be strictly limited to the scope of the information covered in the defending Party's questions.

        iv.    No more than one counsel for the defending Party per deposition may interpose objections or otherwise speak on the record while the witness is present, but multiple counsel may speak on the record outside the presence of the witness and may also speak on the record in communications with the Court or the Special Master whether the witness is present or not.

        v.    The time limitations set forth above may be modified by the Parties by mutual agreement without the need for a further Order by this court.

        vi.    The videographer or, if there is no videographer, the court reporter, will be the official timekeeper for assessing lengths of time elapsed.

    F.    <u>Deposition Location</u>.

        i.    Expert depositions will be conducted remotely, unless mutually agreed upon by the parties and the expert.

        ii.    The Parties will conduct any remote expert depositions in accordance with Pretrial Order No. 35 except no attendees from either Party will be permitted to be present in-person except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

G.  Consultation with Witness.

i.  The expert being examined may consult with the defending Party's counsel during a break in the deposition and, pursuant to the Parties' agreement, the examining Party's counsel must not ask questions about the subject matter of any such consultation. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness may consult at any time for the purpose of determining whether the disclosure of information would violate an order of the Court or the protection afforded under Fed. R. of Civ. P. 26(b)(4)(C). Nothing in this paragraph expands the timing limitations in paragraphs 2(B)-(D) of this Order.

H.  Costs.

i.  Pursuant to prior order of the Court, the Parties have agreed that any fees or expenses resulting from an expert witness participating in a deposition pursuant to this Order will be borne by the defending Party and not by the examining Party.

3. *Daubert* Motions.

A. In accordance with the Court's guidance on this issue, the total word limitations for memoranda in support of *Daubert* motions and oppositions shall be 1,350 words for each expert report. The 1,350 word limit applies to both case specific reports and general reports that contain new opinions not previously disclosed in prior bellwether or wave cases. For *Daubert* challenges to general experts, the parties must submit omnibus motions and responses. For these motions, each side will be permitted up to 1,350 per expert report but in the omnibus motion, the parties are free to structure their briefs as they see fit and may allocate word limits across the omnibus brief (i.e., the total word count for the omnibus brief must equal 1,350 words multiplied by the number of challenged general expert reports).

B. For the filing of *Daubert* motions regarding experts who have served Rule 26 general reports, the parties shall file one omnibus *Daubert* motion for all general experts on the master MDL docket instead of the docket for any individual case. Each side may file one omnibus response on the master MDL docket.

C. *Daubert* motions and responses regarding experts who served case-specific Rule 26 reports must be filed on the individual case dockets and shall not be filed on the master MDL docket.

D. To the extent a challenged expert served both a Rule 26 general report and a Rule 26 case-specific report, the parties must file a motion regarding the

general report on the master MDL docket and a separate motion regarding the case-specific report on the individual case docket.

E. The parties understand that the Court will not reconsider its prior *Daubert* rulings and the parties may not brief *Daubert* issues previously considered and adjudicated by the Court. Based on this understanding, the parties will instead file on the master MDL docket a single omnibus *Daubert* preservation motion. The parties understand that the Court has ruled that prior general *Daubert* rulings will apply to all Wave cases.

DATED: May 5, 2022

Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson, Co-Lead Counsel
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*/s/ Mike Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, California 90071
Tel.: (213) 808-5762
kimberly.branscome@dechert.com

Christopher A. Seeger, Co-Lead Counsel
Seeger Weiss LLP
77 Water Street
8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX  77027
Tel.: (713) 714-0000
maburns@mostynlaw.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 S Baylen St. Ste 600
Pensacola, FL 32502
Tel.: (850) 435-7045
bbarr@levinlaw.com

*Counsel for Plaintiffs*

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

Dated: May 5, 2022

Respectfully submitted,

*/s/ Mike Brock*

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*