UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases on Exhibit A | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

On March 23, 2022, the Court directed any plaintiff in the litigation who is a veteran to submit a Form DD214 or DoD Military Service Information Report (colloquially referred to as the "Blue Button") by certain deadlines. *See* Case Management Order No. 40, ECF No. 2911. The Order warned that a plaintiff's failure to timely submit the requisite form or report would result in dismissal of the plaintiff's case without prejudice. *See id*. at 3. The plaintiffs identified on Exhibit A were required to submit the requisite form or report by April 22, 2022, and failed to do so.[1]

Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to

---

[1] The deadlines set forth in CMO 40 are staggered based on the number of plaintiffs represented by a particular law firm. Beginning March 23, 2022, each law firm was (and is) required to submit at least 3,000 DD214s every 30 days. *See* CMO 40, ECF No. 2911 at 3. Consequently, the deadline for law firms with 3,000 or fewer plaintiffs was April 22, 2022. Exhibit A identifies the plaintiffs from that group who failed to meet that deadline.

comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

Applying these rules, the Court concludes that dismissal without prejudice is appropriate in the cases identified on Exhibit A. This MDL has been pending for over three years. All veterans who allegedly wore the CAEv2 during their military service, and their counsel, have been on notice—for nearly as long—that a DD214 would be a fundamental requirement for pursuing a claim in this litigation. *See* Pretrial Order No. 18, ECF No. 775 & 775-2.[2] This is because the DD214 constitutes official proof of a veteran's military service and provides essential details about the veteran's service record, information which is critical to the claims and defenses involved in virtually every veteran's claim.[3] The Court reemphasized the importance of a DD214 at the February 16, 2022 Case Management Conference, and, at that time, advised the parties that an order requiring its production by all veterans would be forthcoming. *See also* Case Management Order No. 35, ECF No. 2789 at 4. That Order (again, CMO 40) was entered on March 23, 2022, and identified two different ways for a plaintiff veteran to establish his or her military service—either (1) by producing a DD214; or (2) by producing a DoD Military Service Information Report which is readily and easily accessible to every veteran (and/or a legal representative with the veteran's credentials) on the VA's health

---

[2] Indeed, the DD214 is the very first item on the list of required initial census documents. *See* PTO 18, Exhibit B, ECF No. 775-2.

[3] For example, the DD214 includes information regarding dates of service, military occupational specialties held, awards, education, and separation information (i.e., date and type of separation, character of service, and the authority and reason for separation).

management portal, MyHealtheVet.[4]  Given the advanced stage of this litigation and the importance of veterans' military service information to the various claims and defenses in this litigation, it was—and is—entirely reasonable to require veterans to show basic proof of military service.

Accordingly:

1. The plaintiffs' cases identified on Exhibit A are hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.[5]

2. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets, and close the cases in their entirety for all purposes.

**SO ORDERED**, on this 6th day of May, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] CMO 40 even included a link to the VA's public website for the "Blue Button," as well as a sample Blue Button form.

[5] To the extent a Request for Dismissal from Administrative Docket (RFD) was filed in a particular case *before* CMO 40 was entered, the case will be dismissed pursuant to the RFD, and not pursuant to CMO 40.