# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>CARL ANTOINE D. SYLVAIN,<br><br>PLAINTIFF,<br><br>v.<br><br>3M COMPANY, 3M OCCUPATIONAL SAFETY, LLC, AEARO HOLDING LLC, AEARO LLC, and AEARO TECHNOLOGIES LLC,<br><br>DEFENDANTS. | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones<br><br>Civil Action No.: 3:21-cv-1025 |

## MOTION FOR RECONSIDERATION AND FOR REINSTATEMENT OF PLAINTIFF'S CASE

The Plaintiff, Carl Antoine D. Sylvain, by through his undersigned counsel, Murray, Stone and Wilson, PLLC, files the following Motion for Reconsideration and for Reinstatement of Plaintiff's Case of pursuant to Fed. R. Civ. P. 60(b)(1).

## PRELIMINARY STATEMENT

Plaintiff seeks this Honorable Court's reconsideration of its May 2, 2022 Order dismissing Plaintiff's case with prejudice for failure to abide by the deadline to submit answers to the Initial Census Questions. Undersigned counsel was made aware of the dismissal by way of ECF email notification on May 5, 2022. The failure of Plaintiff to timely submit answers to the Initial Census questions was a mistake and the result of excusable neglect of counsel, for which Plaintiff seeks

equitable relief under Fed. R. Civ. P. 60(b)(1). Plaintiff has now remedied the omission of answers by way of submission to the MDL Centrality system on May 6, 2022. For the reasons that follow, Plaintiff respectfully requests that this Court reconsider the dismissal and reinstate his case.

## MOTION FOR RECONSIDERATION

1. Plaintiff, Carl Antoine D. Sylvain is a veteran of the United States Army who served as a deployed combat medic.

2. During his service, Mr. Sylvain was a user of the Combat Arms Earplugs version 2 ("CAEv2") and suffered hearing loss and tinnitus as a result.

3. On September 13, 2021, Mr. Sylvain filed his Short Form Complaint in *In Re: 3m Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885. Mr. Sylvain's individual case number is 3:21-cv-1025.

4. Thereafter, Plaintiff was registered in the MDL Centrality system and his Short Form Complaint was subsequently uploaded to the MDL Centrality system.

5. Once Plaintiff's Short Form Complaint was uploaded, undersigned counsel and his associate counsel were under the mistaken belief that the undersigned would automatically receive notifications related to Plaintiff's case via ECF notification and/or through the MDL Centrality system itself by virtue of being the attorney of record on Plaintiff's Short Form Complaint.

6. Then, on May 5, 2022, undersigned counsel first received notice of the Court's Order dismissing Plaintiff's case through an ECF notification under Plaintiff's individual case number.

7. Prior to this ECF notice of the dismissal Order, undersigned counsel did not receive direct notification of the Court's May 2, 2022 Order on the main MDL docket setting forth the

cases dismissed for non-compliance with the reinstated deadlines for answers to the Initial Census Questions.

8. Moreover, undersigned counsel did not receive direct notification of the Court's Order of March 9, 2022 (ECF No. 2851) providing a final extended deadline for submission of the Initial Case Census forms prior to dismissing non-compliant cases with prejudice.

9. The failure of Plaintiff to comply with the Court's March 9th Order was inadvertent and the product of the undersigned's and associate counsel's mistaken belief that he would receive direct notice of orders related to Plaintiff's individual case by virtue of the ECF system, even if entered on the main MDL docket.

10. Furthermore, immediate investigation of this oversight, uncovered a miscommunication between undersigned counsel, associate counsel and staff as to who was receiving notice of emails received through the MDL Centrality system and monitoring the same, which also resulted in the March 9th Order and final deadlines being missed by Plaintiff's counsel.

11. But for these admitted mistakes that resulted in a lack of Plaintiff's actual notice of the Court's March 9, 2022 Order, Plaintiff, through counsel, would have become aware of, and timely cured, the failure to submit answers to the Initial Census Questions.

12. As of the filing of this Motion, Plaintiff has completed, and counsel has submitted the outstanding answers to the Initial Census Questions through the MDL Centrality system.

13. Plaintiff is the only claimant in this MDL represented by undersigned counsel's firm.

14. Based on the above, Plaintiff respectfully requests the Court's reconsideration of the Order dismissing his case with prejudice.

15. Counsel admits non-compliance with the Court's Census submission deadlines, but appeals to the Court's equitable power to relieve Plaintiff from the final judgement and order dismissing his case based on "mistake, inadvertence, . . . [and] excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

16. In approaching the issue of relief from an order due to excusable neglect, the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)

17. Specifically, "[t]he factors [that] must [be] weigh[ed] include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849-50 (11th Cir. 1996) (quoting *Pioneer*, 507 U.S. 380).

18. Here, the danger of prejudice to the opposing party in having to defend the case on the merits does not weigh against reconsideration of the dismissal and reinstatement of Plaintiff's case. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.").

19. In contrast, Plaintiff would suffer the "ultimate prejudice" if reconsideration and reinstatement were not granted as he would have his claim for relief extinguished. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009)

20. With regard to the timeliness factor, Plaintiff and counsel have acted quickly upon actual awareness of non-compliance with the absolute deadlines set forth in the Court's March 9, 2022 Order, submitting the same on May 6, 2022

21. Furthermore, counsel filed this Motion within one (1) day of becoming aware of the Order dismissing Plaintiff's case with prejudice.

22. While cognizant of this Court's massive administrative undertaking managing this MDL and the importance of compliance with the Court's ordered deadlines, Plaintiff respectfully submits that the reinstatement of his claim—which is the only claim being pursued by the undersigned's firm—would not have a significant impact on these judicial proceedings based on the timely cure of the omission underlying the dismissal.

23. As set forth above, the reason for the delay in timely filing answers to the Initial Census Questions was caused by the neglect of counsel to stay apprised of the Court's Orders and deadlines when the same were not directly filed in Plaintiff's case, combined with a miscommunication between associate counsel and staff on the monitoring of notices served through the MDL Centrality email system.

24. Counsel acknowledges the above-noted circumstances leading to the delayed submission of answers to the Initial Census Questions were within his reasonable control to avoid, however, counsel respectfully requests that such mistakes and neglect be deemed excusable for purposes of allowing Plaintiff's claim to proceed.

25. "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney*, 71 F.3d at 849-50.

26. In *Cheney*, the Eleventh Circuit found that counsel's failure to abide by a filing deadline was excusable where "[t]he reason for the delayed filing was a failure in communication

5

between the associate attorney and the lead counsel" and that "their noncommunication and resulting inaction amounts only to an omission caused by carelessness." *Id.* at 850.

27. Here, like in *Cheney*, there is no indication that counsel deliberately disregarded this Court's ultimate deadline to submit answers to the Initial Census Questions

28. Unfortunately, counsel's mistake here resulted in non-compliance with a strict filing deadline, but such an oversight does not rise to the level of bad faith that would warrant the forfeiture of Plaintiff's claim in this matter.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court GRANT his Motion for Reconsideration and enter an Order and Reinstating Plaintiff's case.

Respectfully submitted,

 /s/ *William P. Murray, III*
William P. Murray, III, Esq.
Bar No. 1005205
MURRAY STONE & WILSON, PLLC
2002 West Cleveland Street, Suite 201
Tampa, Florida 33606
(813) 563-6500
(813) 251-2209
wmurray@mswlawgroup.com
*Counsel for Plaintiff, Carl Antoine D. Sylvain*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>CARL ANTOINE D. SYLVAIN,<br><br>PLAINTIFF,<br><br>v.<br><br>3M COMPANY, 3M OCCUPATIONAL SAFETY, LLC, AEARO HOLDING LLC, AEARO LLC, and AEARO TECHNOLOGIES LLC,<br><br>DEFENDANTS. | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones<br><br>Civil Action No.: 3:21-cv-1025 |

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 6th day of May, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

       /s/ *William P. Murray, III*
William P. Murray, III, Esq.
Bar No. 1005205
MURRAY STONE & WILSON, PLLC
2002 West Cleveland Street, Suite 201
Tampa, Florida 33606
(813) 563-6500
(813) 251-2209
wmurray@mswlawgroup.com
*Counsel for Plaintiff, Carl Antoine D. Sylvain*