UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 )  )  )  ) Judge M. Casey Rodgers )  |
| This Document Relates to All Cases Identified in Exhibits A, B, and C | ) Magistrate Judge Gary R. Jones )  )  )  |
| _____) | |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 2 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 2 Plaintiffs identified in Exhibits A, B, and C to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with the discovery deadlines set forth in Case Management Order ("CMO") 34 (Dkt. No. 2787) ("Wave Order #2").

**I.      FACTUAL BACKGROUND**

Under Wave Order #2, all Wave 2 fact discovery must be completed by July 5, 2022. *See* CMO 34 § I.6 (Dkt. No. 2787). Accordingly, the Court ordered each Wave 2 Plaintiff to, *inter alia*, timely submit signed authorizations for the release of certain records, serve written discovery responses, and appear for a deposition. *See*

1

*id.* Certain Plaintiffs' failure to comply with these Wave Order #2 requirements is now at issue.

### A. Nine Wave 2 Plaintiffs Failed to Submit Complete Authorizations for the Release of Records.

Under Wave Order #2, "[t]he process for service and plaintiff authorizations for [Wave 2] cases must conform to the parties' joint stipulation, *see* ECF No. 2468." CMO 34 at 1 (Dkt. No. 2787). Defendants' counsel and Plaintiffs' MDL Leadership agreed on the following process and deadline for Plaintiffs to provide authorizations for their non-government records: by no later than April 4, 2022, each Wave 2 Plaintiff was required to submit signed authorizations (i.e., wet signatures) for the release of medical[1], employer, and educational[2] records. *See* Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468); Order, Apr. 20, 2022 (Dkt. No. 3027) (granting Defendants' Motion for Order to Show Cause based, in part, on certain Wave 2 Plaintiffs' failure to provide authorizations by the April 4, 2022 deadline).

On March 21, 2022, Plaintiffs' MDL Leadership confirmed that all Wave 2 Plaintiffs were given notice in February of the parties' authorizations agreement. In

---

[1] The medical authorization need not release mental health records if a plaintiff's mental health is not at issue, *see* Mar. 26, 2020 Order (Dkt. No. 1065) at 7 n.2.

[2] An educational authorization need not be provided if no wage loss or loss of earning capacity is claimed.

2

the event that valid authorizations were not provided, the parties agreed that Defendants would meet and confer regarding the deficiency and then allow Plaintiff two business days to cure the deficiency. Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468). The parties further agreed, in accordance with CMO 10, that any Plaintiff's failure to provide signed authorizations after the notice and cure period would result in an Order to Show Cause. *See id.*; CMO No. 10 at 2 (Dkt. No. 1086); *see, e.g.*, Order to Show Cause, Apr. 20, 2022 (Dkt. No. 3027) (ordering certain Wave 2 plaintiffs to show cause for failure to timely submit signed authorizations for the release of records and/or respond to Defendants' written discovery requests).

Wave 2 Plaintiff Wendy Mason (Case No. 7:20-cv-17702), identified in Exhibit A, did not submit the required authorizations by the April 4, 2022 deadline. Accordingly, beginning in April, Defendants' counsel sent Plaintiff Mason's counsel multiple emails alerting them of the missing authorizations and requesting that the authorizations be submitted as soon as possible. To date, Plaintiff has failed to provide the required authorizations.

The remaining eight Wave 2 Plaintiffs identified in Exhibit A submitted authorizations, but their authorizations were incomplete in some respect. Again, beginning in April, Defendants' counsel sent Plaintiffs' counsel multiple emails alerting them of the authorization issues and asking either that the authorizations be

resubmitted or that Plaintiffs grant MRC permission to fill in the missing information as soon as possible.

Despite multiple opportunities to cure the above records authorizations deficiencies, all nine Plaintiffs identified in Exhibit A have failed to provide complete authorizations—more than *six weeks* after their deadline—in violation of Wave Order #2.

### B. Two Wave 2 Plaintiffs Failed to Respond to Defendants' Written Discovery Requests.

In Wave Order #2, the Court permitted Defendants to serve written discovery on all Wave 2 Plaintiffs by April 8, 2022. CMO 34 § I.2 (Dkt. No. 2787). Defendants timely served their Second Set of Interrogatories and First Set of Requests for Admission on Wave 2 Plaintiffs. Plaintiffs' responses were due "within 30 days of receipt." *Id.* As set forth below, the two Plaintiffs identified in Exhibit B did not timely respond to Defendants' Second Set of Interrogatories, in violation of Wave Order #2.[3] As a courtesy, Defendants notified Plaintiffs' counsel of their

---

[3] Plaintiffs identified in Exhibit B also failed to respond to Defendants' First Set of Requests for Admission, even after Defendants' counsel, as a courtesy, alerted Plaintiffs' counsel of their failure to respond. Plaintiffs' failure to timely respond to Defendants' First Set of Requests for Admission renders those matters admitted. *See* Fed. R. Civ. P. 36(a)(3); *United States v. 2204 Barbara Lane*, 960 F.2d 126, 127 (11th Cir. 1992) (failure to respond to requests for admission conclusively established dispositive fact).

4

noncompliance and provided additional time to comply. *See also* Fed. R. Civ. P. 33. Nevertheless, Plaintiffs continue in their noncompliance.

### 1. Jerry Felton (Case No. 7:20-cv-04664)

Defendants served their Second Set of Interrogatories on Plaintiff Jerry Felton on March 29, 2022, making Plaintiff's responses due by April 28, 2022. *See* CMO 34 § I.2 (Dkt. No. 2787). Having not received Plaintiff's responses, Defendants' counsel contacted Plaintiff's counsel on May 12, 2022 and asked that Plaintiff comply by May 13, 2022, thus allowing Plaintiff an additional two weeks after the deadline to comply. Ex. D, Felton Emails. Plaintiff's counsel in turn advised Defendants' counsel that they intend to dismiss Plaintiff's case but have been unable to contact Plaintiff. *Id.* As of the date of this filing, Plaintiff has not dismissed his case and has not served responses to Defendants' Second Set of Interrogatories, in violation of Wave Order #2.[4] Plaintiff's counsel has indicated they do not oppose the relief sought herein. *Id.*

### 2. Brent Rowland (Case No. 7:20-cv-00371)

Defendants served their Second Set of Interrogatories on Plaintiff Brent Rowland on April 4, 2022, making Plaintiff's responses due by May 4, 2022. *See* CMO 34 § I.2 (Dkt. No. 2787). Plaintiff did not comply by the May 4 deadline. On

---

[4] As set forth in detail below, Plaintiff Felton's counsel also advised that Plaintiff will not appear for his deposition. *See infra* § I.C.4.

May 12, 2022, Defendants' counsel contacted Plaintiff's counsel and asked that Plaintiff comply by May 13, 2022. Ex. E, Rowland Emails. Despite having the opportunity to cure, Plaintiff has not served responses and thus continues in his noncompliance with Wave Order #2.

> **C.   Six Wave 2 Plaintiffs Have Either Not Appeared for Their Depositions, Do Not Intend to Appear for Their Depositions, or Have Not Scheduled Their Depositions.**

The deadline for Plaintiffs' depositions is June 7, 2022—less than three weeks away. CMO 34 § I.5.a. With this deadline in mind, Defendants' counsel contacted Plaintiffs' counsel on March 25, 2022, for the purpose of scheduling Plaintiffs' depositions. As set forth below, the Wave 2 Plaintiffs identified in Exhibit C either have not appeared for scheduled depositions, their counsel has informed Defendants that they do not intend to appear for their scheduled depositions, or they have not scheduled their depositions.

> **1.   Travis Smith (Case No. 7:20-cv-96109) and Mark Holakowski (Case No. 8:20-cv-30024)**

Plaintiffs Travis Smith and Mark Holakowski failed to appear for their scheduled depositions, in violation of Wave Order #2. Plaintiff Travis Smith's deposition was scheduled for May 4, 2022, at 9:00 AM. Ex. F, Smith Dep. Not. On that date, counsel for both parties appeared by Zoom, but Plaintiff Smith failed to appear. Ex. G, Smith Dep. Tr. Similarly, Plaintiff Mark Holakowski's deposition was scheduled for April 26, 2022, at 9:00 AM. Ex. H, Holakowski Dep. Not. On that

6

date, counsel for both parties appeared by Zoom, but Plaintiff Holakowski failed to appear. Ex. I, Holakowski Dep. Tr. Neither Plaintiff has taken any meaningful steps to reschedule his deposition before the June 7, 2022 deadline, which is less than three weeks from the date of this filing. Their failure to appear for depositions violates Wave Order #2.

### 2. Tracy Peterson (Case No. 7:20-cv-08822)

Following entry of Wave Order #2, Defendants' counsel made repeated efforts to schedule Plaintiff Tracy Peterson's deposition, to no avail. *See* Ex. J, Peterson Emails. On May 6, 2022, two days after new counsel moved to appear on behalf of Plaintiff, Defendants' counsel contacted Plaintiff's new counsel and asked for Plaintiff's availability in order to "proceed with scheduling the deposition as soon as possible," in light of the June 7 deadline. *Id.* Having received no response, Defendants' counsel followed up on May 10, citing the "need to move forward asap." *Id.* Defendants' counsel still received no response, thus prompting another email on May 11, wherein Defendants' counsel advised that a failure to provide Plaintiff's availability would result in Defendants' counsel unilaterally noticing the deposition. *Id.* To date, Defendants' counsel has received no indication that Plaintiff intends to appear for his deposition, and his failure to appear violates Wave Order #2.

### 3. Jerry Felton (Case No. 7:20-cv-04664)

Plaintiff Jerry Felton was scheduled to be deposed on May 19, 2022, at 9:00 AM. Ex. K, Felton Not. of Dep. As set forth above (*supra* § I.B.1), Plaintiff failed to respond to Defendants' written discovery requests, and his counsel advised Defendants' counsel of their inability to contact Plaintiff and of their intent to dismiss Plaintiff's case. In light of their inability to alert Plaintiff of his scheduled deposition, Plaintiff's counsel confirmed that Plaintiff will not appear for his deposition, in violation of Wave Order #2. Plaintiff's counsel has therefore agreed not to oppose the relief sought herein. *See* Ex. D, Felton Emails.

### 4. Preston Hudson (Case No. 7:20-cv-16164) and Donaven Bowen (Case No. 8:20-cv-17984)

Plaintiff Preston Hudson was scheduled to be deposed on May 18, 2022, at 10:00 AM (Ex. L, Hudson Not. of Dep.), and Plaintiff Donaven Bowen was scheduled to be deposed on May 19, 2022, at 10:00 AM (Ex. M, Bowen Not. of Dep.). At 4:26 PM on May 17, 2022, Plaintiffs' counsel alerted Defendants' counsel that Plaintiffs were "unavailable for their depositions," without reason, in violation of Wave Order #2. *See* Ex. N, Hudson/Bowen Emails. Plaintiffs' counsel advised that they are unable to contact Plaintiffs and therefore do not oppose the relief sought herein. *Id.*

## II. ANALYSIS

As of the date of this filing, the Plaintiffs discussed above and identified in Exhibits A, B, and C have failed to comply with Wave Order #2. Defendants

respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[5] and order these Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #2.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549); Apr. 20, 2022 Order (Dkt. No. 3027). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

---

[5] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (citations and internal quotation marks omitted). This Court has similarly emphasized the importance of compliance in this MDL. *See, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice.").

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition and explaining that "dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault"); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery); *see, e.g.*, *Avila v. Carnival*

10

*Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed where plaintiff failed to appear for deposition).

Dismissal with prejudice is an appropriate sanction here. There are more than 240,000 cases in this MDL. *See* CMO 34 at 1 (Dkt. No. 2304) (stating, on November 22, 2021, that over 280,000 cases were "piling up on the administrative and active dockets"); Order (Dkt. No. 3076) (dismissing 19,934 cases without prejudice). Plaintiffs were selected for Wave 2 on February 22, 2022, and immediately put on notice that they had certain discovery obligations, including providing records authorizations, responding to written discovery requests, and appearing for depositions. CMO 34 (Dkt. No. 2787). Nevertheless, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #2.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* Wave 2 fact discovery closes in less than two months, and Plaintiffs' dilatory conduct compromises Defendants' ability to defend against Plaintiffs' claims. Specifically, Defendants are unable to collect and review relevant records, fully prepare for Plaintiffs' depositions, comply with their fact and expert discovery obligations, and/or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III. Conclusion

As set forth above, the Plaintiffs identified in Exhibits A, B, and C have failed to comply with Wave Order #2. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: May 20, 2022 　　　　　　　　　*/s/ Kari L. Sutherland*
　　　　　　　　　　　　　　　　　　　Kari L. Sutherland
　　　　　　　　　　　　　　　　　　　BUTLER SNOW LLP
　　　　　　　　　　　　　　　　　　　1200 Jefferson Ave., Suite 205
　　　　　　　　　　　　　　　　　　　Oxford, Mississippi 38655
　　　　　　　　　　　　　　　　　　　Telephone: (662) 513-8002
　　　　　　　　　　　　　　　　　　　kari.sutherland@butlersnow.com

　　　　　　　　　　　　　　　　　　　Kimberly Branscome
　　　　　　　　　　　　　　　　　　　DECHERT LLP
　　　　　　　　　　　　　　　　　　　633 W. 5th St., Suite 4900
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　Telephone: (213) 808-5762
　　　　　　　　　　　　　　　　　　　kimberly.branscome@dechert.com

　　　　　　　　　　　　　　　　　　　Robert C. "Mike" Brock
　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　Tel.: (202) 389-5991
　　　　　　　　　　　　　　　　　　　mike.brock@kirkland.com

　　　　　　　　　　　　　　　　　　　Mark J. Nomellini
　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　300 North LaSalle
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　Tel.: (312) 862-3254
　　　　　　　　　　　　　　　　　　　mnomellini@kirkland.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants 3M Company,*

>*3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified in Exhibits A, B, and C have failed to comply with this Court's Order.

DATED: May 20, 2022          */s/ Kari L. Sutherland*
                                            Kari L. Sutherland

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 2,544 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: May 20, 2022          */s/ Kari L. Sutherland*
                                            Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: May 20, 2022

*/s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*