UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases Identified in Exhibit A | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**CASE MANAGEMENT ORDER NO. 47**
**(Wave Order #3)**

In furtherance of the effective and efficient case management of this litigation, the Court now enters Wave Order #3. This Order incorporates by reference the substance and procedures set forth in Wave Order #1, ECF No. 2304, and Wave Order #2, ECF No. 2787. The cases found in Exhibit A represent the third "wave" of cases.

I. **SCHEDULING DEADLINES**

1. **Records Production.** Within 21 days of this Order (by June 13, 2022), and to the extent not already produced, Plaintiffs must produce to Defendants, through MDL Centrality, any responsive VA, DoD, and/or medical records in Plaintiff's position, custody, or control.

2. **Records Production for Non-Second 1% Plaintiffs.** For any wave Plaintiff who has not received a VA and DoD *Touhy* production from the government or was not part of the Court's "Second 1%" selection of cases (*see* Exhibit A)

(hereinafter, "Non-Second 1% Plaintiffs"), within 45 days of this Order (by July 7, 2022), Plaintiffs must produce to Defendants, through MDL Centrality, copies of Plaintiffs' relevant records accessible via the public online sources, MyHealtheVet portal, the TRICARE Online Patient Portal, and MilConnect.[1]

3. **Active-Duty Plaintiffs.** Within 21 days of this Order (by June 13, 2022), active-duty service member Plaintiffs must request copies of their current DoD medical records by submitting a Form DD 2870 Authorization for Disclosure to their servicing military treatment facility's records department. The completed Form DD 2870 should specify that records should be produced to BrownGreer. For these records, the review and redaction procedures outlined in the parties' Joint Stipulation Regarding Service and Authorizations for Wave Cases, ECF No. 2468, will govern. Plaintiffs must notify Defendants within 24 days of this Order (by June 16, 2022) that these requests have been submitted.

4. **Authorizations.** Plaintiffs must provide fully executed blank authorizations for the release of medical (excluding mental health records unless plaintiff puts their mental health at issue, *see* Dkt. 1065, at 7 fn.2), employer, and educational records (unless there is no wage loss or loss of earning capacity claims) along

---

[1] For the specific websites and instructions on how to access the relevant records, please see the Government's October 19, 2021 correspondence attached hereto as Exhibit B.

with their responses to Defendants' First Set of Requests for Production of documents ("RFPs") and Requests for Interrogatories ("ROGs"). The parties' Joint Stipulation Regarding Service and Authorizations for Wave Cases, ECF No. 2468, will otherwise govern, including the process for service of Plaintiff authorizations.

5. **Authorizations for Non-Second 1% Plaintiffs.** For Non-Second 1% Plaintiffs (*see* Exhibit A), to the extent the below authorizations have not previously been provided to Plaintiffs' Leadership, the VA or DoD[2], at the time Plaintiffs provide the above-referenced authorizations, Plaintiffs must also provide to Defendants signed versions of: (i) Standard Form 180 for the release of DoD medical and personnel files (*see* Exhibit C) and (ii) VA Form 3288 for the release of VA disability claims files (*see* Exhibit D). Defendants' records vendor may use these authorizations to seek relevant records from the VA and DoD and the parties' Stipulation Regarding Service and Authorizations for Wave Cases, ECF No. 2468, will govern, including the opportunity for Plaintiffs to review and redact records prior to release to Defendants.

---

[2] To the extent that these authorizations have not been provided to Defendants, Plaintiffs' counsel must provide copies of the authorizations to Defendants. To the extent that any provided authorizations are not sufficient to allow Defendants' vendors to obtain the DoD and VA records, Plaintiffs must provide Defendants with new authorizations curing any issues preventing the collection of records. If Plaintiffs believe they have already received and produced to Defendants full copies of a Plaintiff's complete DoD medical file, DoD personnel file, and VA benefits claims files, Plaintiffs may notify Defendants of the MDL Centrality ID numbers for these productions to minimize any duplicative record collection.

6. **Discovery Requests.** Both sides must serve their RFPs, ROGs, and Requests for Admissions ("RFAs") within 45 days of this Order (by July 7, 2022) through MDL Centrality. Responses to RFPs, ROGs, and RFAs are due within 30 days of receipt (by August 8, 2022).

7. **Initial Disclosures.** "Initial disclosures," as defined by Fed. R. Civ. P. 26(a)(1), must be submitted by Plaintiffs through MDL Centrality at least 10 days prior to the respective Plaintiff's deposition. Additionally, within 21 days of this Order (by June 13, 2022), Defendants must disclose through MDL Centrality any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv). This includes any insurance agreement providing excess insurance coverage.

8. **Defense Medical Exam Reports.** Defense Medical Exam ("DME") reports are due 14 days prior to a Plaintiff's expert disclosure deadline (by September 27, 2022) or within 7 days of Defendants' receiving the results of DME testing, whichever date is earlier. The parties must continue to use the BrownGreer scheduling platform for Wave 3 DMEs (hereinafter, "DME Scheduler"). At the time a DME appointment is confirmed via the DME Scheduler, a notice will be issued that identifies (i) the plaintiff, (ii) the DME provider, (iii) the

date, time, and location of the DME, and (iv) the tests to be performed. Unless otherwise stated, DMEs will be governed by Pretrial Order No. 56, ECF No. 1477, pursuant to agreement by the parties.

9. **Fact Deposition Deadlines.**

    a. Plaintiff depositions must be taken within 105 days of this Order (by September 6, 2022).

    b. Fact depositions must be taken within 130 days of this Order (by September 30, 2022).

10. **Fact discovery.** Fact discovery must be completed within 130 days of this Order (by September 30, 2022).

11. **Expert Disclosure and Deposition Deadlines.**

    a. Except as noted below or otherwise in this Order, the Stipulation Regarding Expert Discovery for Wave Cases, ECF No. 3072, governs for this wave.

    b. Plaintiff's expert disclosures must be served through MDL Centrality within 8 days following the close of fact discovery (by October 11, 2022); and

    c. Defendants' expert disclosures must be served through MDL Centrality 30 days after a Plaintiff's expert disclosures are due (by November 10, 2022).

  d. When serving an expert disclosure, the serving party must provide two potential dates for the expert's deposition. All dates for a Plaintiff's expert must fall after the deadline for the Plaintiff's rebuttal expert disclosure to the extent the expert serves a rebuttal report.

  e. A rebuttal expert disclosure must be served through MDL Centrality within 10 days of the deadline for Defendants' expert disclosure (by November 21, 2022).

  f. All expert depositions must be taken by January 10, 2023.

12. **Motions Deadlines.**

  a. *Daubert* motions and dispositive motions must be filed within 10 days of the close of expert discovery/depositions (by January 20, 2023).

  b. Responses to *Daubert* and dispositive motions must be filed within 19 days of the deadline for such motion being filed (by February 8, 2023). Replies are permitted only at the Court's request.

  c. Choice of Law motions, on a disputed issue, must be filed within 10 days of the close of expert discovery/depositions (by January 20, 2023).

13. **Hearing Dates.** Hearing dates for *Daubert* motions, dispositive motions, and Choice of Law motions, if any, will be set at a future status conference.

14. **Deadlines.** To the extent one of the aforementioned deadlines falls on a Saturday, Sunday, or federal holiday, that deadline will be extended to the next subsequent weekday.

## II. LIMITATIONS ON INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND DEPOSITIONS

1. **Depositions.** The following limitations apply:
    a. With respect to the number of permissible fact depositions, Case Management Order No. 39, ECF No. 2877, governs except as specifically set out below for this wave.[3] Parties must seek leave of Court prior to taking any additional depositions, including non-case specific corporate and/or government witness depositions, which are not contemplated by this Order.
    b. Depositions of fact witnesses will be limited to 3 hours total, with each side allocated 1.5 hours per deposition, with the exceptions noted below:
        i. Defendants will have 3.5 hours for a Plaintiff's deposition. If Plaintiff's counsel asks questions during the deposition, it must be in addition to the 3.5 hours allocated to Defendants. Additionally, should Plaintiff's counsel ask questions during the

---

[3] There will be no depositions taken after the close of discovery.

       deposition, Defendants will be permitted half of the time used by the Plaintiff's counsel to conduct any follow-up questions. Defendants are not required to reserve any time from the original 3.5 hours permitted for follow-up questioning.

    ii. For depositions of a Plaintiff's spouse/significant other, Defendants will have 2 hours per deposition and Plaintiff's counsel will have 1 hour per deposition.

    iii. Depositions of experts is governed by the parties' stipulation. ECF No. 3072.

c. The noticing party is entitled to ask questions first. For dual-noticed depositions, the parties must alternate or otherwise agree on the order for questioning. A deposition only counts against a party's allotment if noticed by that party. The requirement of equal time, however, applies to all depositions regardless of which party notices the depositions (subjection to the exceptions above in 1(b)).

d. For all depositions, except a Plaintiff's deposition, there is a presumption that depositions are "fully remote" absent an agreement between the parties or order of the Court. The parties reserve the right to take a Plaintiff's deposition in person. For all other depositions, if a witness wants their counsel present in person for the deposition, the

defending party's counsel must notify the examining party's counsel within 7 days of the deposition.

2. **Written Discovery.** The following limitations apply:

   a. Both sides are limited to 10 RFAs and 10 RFPs per case.

   b. Both sides are limited to 15 ROGs per case; however, this number may consist of no more than 5 "unique" interrogatories and no more than 10 "standard" interrogatories that are common to all Plaintiffs.

   c. Insofar as multiple Plaintiffs utilize the same general causation experts, the parties are required to coordinate their depositions.

   d. The Court also encourages the coordination of depositions for specific causation experts to the extent there is overlap in the parties' use of specific causation experts for multiple Plaintiffs.

   e. The Court will consider modifications to the above limitations only on a showing of extraordinary cause.

3. **DMEs.** Defendants must provide Plaintiff's counsel with a list of the tests to be performed at a DME at the same time Defendants make the request for the DME. Pursuant to an agreement by the parties, the protocols outlined in Pretrial Order No. 56, ECF No. 1477, are adopted for the wave cases.

4. **Electrically Stored Information ("ESI").** The parties' ESI obligations will be governed by Fed. R. Civ. P. 34.

## III. MOTIONS PRACTICE

1. **Early Dispositive Motions.** If discovery reveals facts that could support a motion that would be dispositive of the *entirety* of a Plaintiff's claims (e.g., statute of limitations) or a Defendants' affirmative defense, a party may seek the Court's leave in the individual case to file an early dispositive motion on that issue. If leave is granted, the Court will set a briefing schedule at that time.

2. **Page Limitations.** Word limits for *Daubert* briefs for this wave are contained in the parties' Stipulation Regarding Expert Discovery for Wave Cases. ECF No. 3072. The page limitations provided in N.D. Fla. Loc. R. 7.1(F) apply to memoranda in support of all dispositive motions and oppositions. The Court may modify these limitations at a later date by separate order.

3. **Confidential Documents.** The Court modified sealing protocols, requiring the parties to seek leave of the Court prior to filing a motion, exhibit, or document under seal. ECF No. 2236. To the extent a motion, exhibit, or document contains limited Privacy Act information, the parties are ordered to redact that information and file the motion, exhibit, or document on the public docket. *See id.* In the event a party wishes to file motions, exhibits, or documents under seal, the party is directed to submit a consolidated motion to seal by December 16, 2022. Any response is due by January 10, 2023.

IV. **VENUE**

1. **Venue Recommendation.** Parties must meet and confer within 180 days of this Order (by November 21, 2022) concerning the appropriate venue for each of the cases. The parties must submit a joint venue recommendation to the Court within 200 days of this Order (by December 9, 2022). The parties' joint recommendation(s) must also identify the cases in which the recommended venue is in dispute. The Court may then request briefing concerning the venue for those cases in which the parties disagree. Each party reserves the right to object to the venue selected by its adversary or the Court.

2. **Lexecon Waiver.** To the extent the parties intend to waive venue in any case, they must meet and confer on the issue and notify the Court. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

**DONE** and **ORDERED** on this 23rd day of May, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**