# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) |
| | ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Gary R. Jones ) |
| *Stephen Cordial*, Case No. 7:20-cv-13606 | ) ) |
| *Gerald Pera*, Case No. 7:20-cv-59739 | ) ) |
| *Tracy Peterson*, Case No. 7:20-cv-08822 | ) ) |

## DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 2 PLAINTIFFS' FAILURE TO APPEAR FOR DEPOSITIONS

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order Wave 2 Plaintiffs Stephen Cordial, Gerald Pera, and Tracy Peterson to show cause as to why their actions should not be dismissed with prejudice for their failure to appear for their depositions, in violation of Case Management Order ("CMO") 34 (Dkt. No. 2787) ("Wave Order #2").

## I. FACTUAL BACKGROUND

In Wave Order #2, the Court ordered each Wave 2 Plaintiff to appear for a deposition by June 7, 2022—less than two weeks from today. *See id.* § I.5; *see also* Pretrial Order No. 35 (governing remote depositions). This deadline is in preparation

1

for the close of fact discovery just four weeks later, on July 5, 2022. *Id.* § I.6. As set forth below, Wave 2 Plaintiffs Stephen Cordial, Gerald Pera, and Tracy Peterson failed to appear for their depositions, in violation in Wave Order #2.

### A. Stephen Cordial (Case No. 7:20-cv-13606)

Plaintiff Stephen Cordial's deposition was scheduled for Friday, April 22, 2022, at 9:00 AM EST. Ex. A, Cordial Not. of Dep. On Tuesday, April 19, 2022, Plaintiff's counsel requested that Plaintiff's deposition be rescheduled for either May 18, 2022 or May 20, 2022. Ex. B, Apr. 19, 2022 Cordial Email. Accordingly, Defendants rescheduled Plaintiff's deposition for Friday, May 20, 2022, at 9:00 AM EST. Ex. C, Cordial Am. Not. of Dep. On that date, counsel for both parties appeared by Zoom, but Plaintiff Cordial failed to appear. *See* Ex. D, May 20-25, 2022 Cordial Emails. Despite Defendants' repeated follow-up efforts (*see id.*) Plaintiff has not taken any meaningful steps to reschedule his deposition before the June 7, 2022 deadline, which is less than two weeks away. Plaintiff's failure to appear for his deposition violates Wave Order #2. Plaintiff's counsel further advised that they intend to withdraw as counsel and asked that the scheduled depositions of Plaintiff's two fact witnesses be cancelled. *Id.* Plaintiff's counsel therefore does not oppose the relief sought herein. *Id.*

### B. Gerald Pera (Case No. 7:20-cv-59739)

Plaintiff Gerald Pera was originally selected for Wave 1 and thus subject to the Wave Order #1 discovery deadlines. *See* CMO 31 (Dkt. No. 2304); Ex. A to CMO 31 (Dkt. No. 2304-1). Accordingly, his deposition was originally scheduled for March 3, 2022. Ex. E, Pera Wave 1 Not. of Dep. However, pursuant to his March 2, 2022 motion, Plaintiff was moved to Wave 2 on March 8, 2022, and then subject to the discovery deadlines set forth in Wave Order #2. Order Granting Mot. to Remove Case from Wave 1 to Wave 2 (Dkt. No. 16). Plaintiff's deposition was rescheduled for yesterday, May 24, 2022, at 9:00 AM EST. Ex. F, Pera Wave 2 NOD. Prior to Plaintiff's deposition, his counsel advised Defendants' counsel that Plaintiff no longer wishes to pursue his claims. Ex. G, Pera Emails. However, because Plaintiff's counsel does not have Plaintiff's permission to dismiss his case, Plaintiff's deposition proceeded as scheduled. *Id.* On May 24, 2022, counsel for both parties appeared for the deposition by Zoom, but Plaintiff Pera failed to appear. Plaintiff's failure to appear for his deposition violates Wave Order #2.

### C. Tracy Peterson (Case No. 7:20-cv-08822)

As set forth in Defendants' May 20, 2022 Motion for Order to Show Cause, despite repeated follow-up efforts, Plaintiff Tracy Peterson has not taken *any* steps to schedule his deposition before the June 7, 2022 deadline. Defs.' Mot. for Order to Show Cause (Dkt No. 3119) § I.C.2 (citing Ex. J to Defs.' Mot. (Dkt. No. 3119-10)).

Accordingly, Defendants' counsel unilaterally scheduled and noticed Plaintiff's deposition for May 23, 2022, at 1:00 PM CST, but received no indication that Plaintiff would appear. Ex. H, Peterson Not. of Dep.; *see also* Ex. J to Defs.' Mot. (Dkt. No. 3119-10) (stating that failure to respond with Plaintiff Peterson's availability would result in Defendants' unilaterally noticing the deposition). On that date, Defendants' counsel appeared for the deposition by Zoom, but neither Plaintiff nor his counsel appeared. *See* Ex. I, Peterson Emails. To the extent, if any, the Court finds that Defendants' May 20, 2022 Motion for Order to Show Cause (Dkt No. 3119) was premature as to Plaintiff Peterson, Defendants respectfully request that the Court order Plaintiff to show cause as to why his case should not be dismissed for his failure to appear for his deposition, in violation of Wave Order #2.

## II.   ANALYSIS

Defendants respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[1] and order these Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to appear for their depositions, in violation of Wave Order #2.

---

[1] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549); Apr. 20, 2022 Order (Dkt. No. 3027). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (citations and internal quotation marks omitted). This Court has similarly emphasized the importance of compliance in this MDL. *See, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022

Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice.").

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery). This holds true where a plaintiff violates a court's discovery order by failing to appear for his deposition. *See Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition and explaining that "dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault"); *see, e.g.*, *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed where plaintiff failed to appear for deposition).

Dismissal with prejudice is an appropriate sanction here. There are more than 240,000 cases in this MDL. *See* CMO 34 at 1 (Dkt. No. 2304) (stating, on November 22, 2021, that over 280,000 cases were "piling up on the administrative and active dockets"); Order (Dkt. No. 3076) (dismissing 19,934 cases without prejudice). When

6

selected for Wave 2, Plaintiffs were immediately put on notice that they had certain discovery obligations, including appearing for a deposition by June 7, 2022. *See* CMO 34 (Dkt. No. 2787). Nevertheless, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #2.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* The deadline for taking Plaintiffs' depositions is in less than two weeks, and Wave 2 fact discovery closes in less than six weeks. Plaintiffs' failure to appear for their depositions compromises Defendants' ability to defend against Plaintiffs' claims. For example, Defendants are unable to meaningfully depose Plaintiffs' experts, undertake their fact and expert discovery obligations, or file *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III. Conclusion

As set forth above, Wave 2 Plaintiffs Stephen Cordial, Gerald Pera, and Tracy Peterson have not complied with Wave Order #2. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: May 25, 2022                */s/ Kari L. Sutherland*
                                                    Kari L. Sutherland

BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, Plaintiffs Stephen Cordial, Gerald Pera, and Tracy Peterson have failed to comply with this Court's Order.

DATED: May 25, 2022         */s/ Kari L. Sutherland*
                            Kari L. Sutherland

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,561 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: May 25, 2022         */s/ Kari L. Sutherland*
                            Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: May 25, 2022

/s/ Kari L. Sutherland
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*