# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Wave 2 Cases Identified on Exhibits A, B, and C | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

On February 22, 2022, the Court entered the second in a series of "Wave Orders" setting an eight-month discovery schedule for 500 cases. *See* Wave Order #2, ECF No. 2787. To aid the process, the parties reached a stipulation modifying the process for records authorizations and service of certain discovery in the Wave cases. *See* Joint Stipulation, ECF No. 2468. Pursuant to the Court's Order and the parties' stipulation, the plaintiffs in the second Wave were required to, among other things, submit signed authorizations for the release of records, respond to Defendants' written discovery requests, and appear for a deposition by specified deadlines. The Court has been advised that the plaintiffs identified on Exhibits A, B, and C have failed to comply with these requirements by failing to submit the required

records authorizations, failing to respond to Defendants' written discovery requests, and/or failing to appear for a deposition.[1] ECF Nos. 3119 & 3134.

Accordingly, it is **ORDERED** that:

1. Defendants' Motions for Order to Show Cause Based on Wave 2 Plaintiffs' Failure to Comply with Discovery, ECF Nos. 3119 & 3134, are **GRANTED**.[2]

2. The plaintiffs identified on Exhibits A, B, and C are hereby **ORDERED TO SHOW GOOD CAUSE** why their cases should not be dismissed with prejudice for failure to comply with an order of the Court by **June 1, 2022**.[3] Each plaintiff's response to the show cause Order must be filed on the docket of his or her individual case only.

3. Failure to comply with this Order will result in dismissal of a case with prejudice. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig*., 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders).

4. The Clerk is directed to enter a copy of this Order on the MDL docket and on the individual docket for each of the cases identified on Exhibits A, B, and C.

---

[1] The plaintiffs identified on Exhibit A have either failed to submit or submitted incomplete records authorizations, those on Exhibit B have failed to respond to Defendants' written discovery requests, and those on Exhibit C have failed to appear for their scheduled deposition. Although the June 7, 2022 deadline for plaintiffs' depositions has not yet expired, it is inconceivable that plaintiffs will be able to schedule and appear for their deposition by the deadline given their lack of participation in the Wave process to date.

[2] Defendants filed notices of withdrawal as to Plaintiffs Brett Johnson, Christopher East, Jeremy Lyon, and Joseph Byers who cured the authorization deficiencies at issue. ECF Nos. 3128 & 3135. Therefore, these plaintiffs are not listed on Exhibit A.

[3] The Court notes that counsel for Plaintiff Brent Rowland filed a motion to withdraw as counsel. Before being permitted to withdraw, counsel must respond to the Court's show cause Order or file a motion to dismiss plaintiff's case. Counsel's inability to communicate with a plaintiff does not constitute good cause for failing to comply with a court-imposed deadline.
.

Case 3:19-md-02885-MCR-HTC   Document 3136   Filed 05/26/22   Page 3 of 3

Page 3 of 3

**SO ORDERED**, on this 26th day of May, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**