UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | : : : : | Civil Action No.: 3:19-md-2885 |
| This Document Relates to: (Civil Action No. 3:20-cv-5540) | : : : | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| DANIEL L. TORRES | : | |
| PLAINTIFF, | : : | **MOTION FOR RECONSIDERATION AND FOR REINSTATEMENT OF PLAINTIFF'S CASE** |
| v. | : : | |
| 3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC AEARO INTERMEDIATE LLC, AEARO LLC and AEARO TECHNOLOGIES LLC | : : : : : | |
| DEFENDANTS. | : | |

The Plaintiff, DANIEL L. TORRES, by and through his undersigned counsel, Marvin J. Hammerman of Hammerman Rosen LLP, files the following Motion for Reconsideration and for Reinstatement of Plaintiff's Case pursuant to Fed. R. Civ. P. 60(b)(1).

**PRELIMINARY STATEMENT**

Plaintiff seeks this Honorable Court's reconsideration of its May 2, 2022 Order dismissing Plaintiff's case with prejudice for failure to abide by the deadline to submit answers to the Initial Census Questions in this matter. Shortly after Plaintiff's Complaint was filed, on November 18, 2020 the undersigned counsel had mistakenly submitted responses to the Initial Census Questions, along with the signed Certification and form DD-214, directly to the 3M Combat Arms Earplug Case Manager at lead Plaintiff's counsel's law firm, Aylstock Witkin, Kreis and Overholtz PLLC

("AWKO"). As your Honor knows, AWKO had been handling the submission of the Touhy Grids to the MDL Centrality System on behalf of each plaintiff. After submitting Plaintiff's Touhy Grid to AWKO, via email as directed, the undersigned had mistakenly understood that this was also the proper procedure for submitting the Initial Census Questions and DD-214 Form to the MDL Centrality System as the undersigned's direct access to the MDL Centrality System had not yet been set up.

Since sending the Initial Census Questions and DD-214 Form directly to AWKO, the undersigned continued to check emails from the District Court pertaining to the MDL litigation - often more than a hundred per month – signed and sent to AWKO the Participation Agreement, obtained Plaintiff's medical records from the VA, continued monitoring the Court's various Wave Orders, monitored the progress of various other Court action and Bellwether Plaintiff case results, checked Court notifications and took other necessary action under the belief that the undersigned was in full compliance with all Court Orders. It was not until *after* the issuance of the May 2nd Order dismissing Mr. Torres' Complaint that the undersigned learned that certain case-related notifications had been sent to the undersigned's spam folder by the email server. It was not until May 15, 2022 when the undersigned was checking on the status of a recently issued Wave Order and Bellwether case verdicts that the undersigned learned Plaintiff's case had been dismissed, and immediately took steps to ensure the answers to the Initial Census Questions, Certification and DD-214 forms were directly uploaded to the MDL Centrality System.

Plaintiff respectfully submits that Plaintiff's failure to timely submit answers to the Initial Census questions was a mistake and the result of excusable neglect of counsel in this unique type of litigation in which the undersigned had not had prior experience. Respectfully, Plaintiff apologizes to this Court for his error, and now seeks equitable relief pursuant to Fed. R. Civ. P.

60(b)(1). Plaintiff has remedied his failure to submit the required papers to the correct recipient by uploading them to the MDL Centrality System on May 18, 2022. Therefore, for these reasons, and for those explained in greater detail below, Plaintiff respectfully requests that this Court reconsider the dismissal and reinstate Plaintiff's case.

## MOTION FOR RECONSIDERATION

1. Plaintiff, Daniel L. Torres is a veteran of the United States Army who served in the Marines, primarily as an air traffic controller, between 2004 and 2009.

2. The nature of Plaintiff's military duties required Plaintiff Torres to be around extremely loud jet planes on a regular basis.

3. During his service, Mr. Torres was issued, and wore, the Combat Arms Earplugs version 2 ("CAEv2") according to instructions in an effort to protect his hearing.

4. However, because the earplugs were defective, and Plaintiff was never informed by Defendant 3M or the Army of this fact, Plaintiff suffers from significant and permanent hearing loss, tinnitus and migraine-strength headaches as a result.

5. On June 15, 2020 Mr. Torres filed his Short Form Complaint in *In Re: 3m Combat Arms Earplug Products Liability Litigation,* Case No. 3:19-md-2885. Mr. Torres's individual case number is 3:20-cv-5540.

6. Thereafter, on or about November, 2020, the Undersigned counsel received electronic notifications from lead Plaintiff's counsel's firm Aylstock, Witkin, Kreis & Overholz, PLLC ("AWKO") regarding the submission of a Touhy Grid and requirement to answer Initial Census Questions.

7. As requested, the undersigned submitted the Touhy Grid information to AWKO's *Case Manager for the 3M Earplugs Litigation*, Lisa Morales, on November 13, 2020. (See Exhibit "A").

8. In fact, the Touhy Grid was thereafter uploaded by AWKO personnel to the MDL Centrality System.

9. Following the submission of the Touhy Grid to AWKO, on November 18, 2020, the undersigned counsel submitted the Plaintiff's completed answers to the Initial Census Questions, Plaintiff's signed Certification, and Plaintiff's DD-214 to the same AWKO Case Manager via email. (See Exhibit "B").

10. Because the original request for Plaintiff to submit Touhy Grid information came from AWKO, *and* requests came from AWKO for Plaintiff to submit completed answers to the Initial Census Questions, and because AWKO did in fact assume responsibility for uploading the Touhy Grid information Plaintiff had provided to the MDL Centrality System, and further because the undersigned did not yet have direct access to the MDL Centrality System, the undersigned counsel mistakenly believed that he followed the proper procedure, and that by sending the Plaintiff's answers to the Initial Census Questions, signed Certification and DD-214 to the AWKO Case Manager, the AWKO case manager would also be uploading these additional documents as well. Therefore, Plaintiff's counsel believed that he had fully complied with the Court's Order requiring the submission of this information, and all of Plaintiff's obligations in that regard.

11. On July 28, 2021, this Court entered Pretrial Order No. 81 (ECF No. 1848) which "reinstat[ed] the Initial Census Questions requirement set forth in Pretrial Order No. 18 *for all claimants who have not yet completed census forms*". (See Exhibit "C", emphasis added).

12. Since that time, the undersigned counsel has been receiving voluminous amounts of email notifications regarding the 3M Combat Arms Earplug Litigation - dozens, if not hundreds, of email notifications per month regarding numerous issues such as the payment of filing fees or admissions pro hac vice for other Plaintiffs' counsel, and many other Orders or notifications not affecting this Plaintiff.

13. Since that time, Plaintiff has also executed the Participation Agreement which provides, in pertinent part, that the Plaintiff's Executive Committee, "will cooperate with the Participating Counsel to coordinate the MDL litigation and any related state litigation for the benefit of the plaintiffs." (See Exhibit "D").

14. All the while, the undersigned believed that Plaintiff was in full compliance with each of the Court's Orders, including Pretrial Order No. 18 and Pretrial Order No. 81, since the filing of Plaintiff's Short Form Complaint dating back to June, 2020, by having filed Plaintiff's Short Form Complaint, being admitted pro hac vice, paying the filing fee, sending the Touhy Grid to AWKO, *submitting the answers to the Initial Census Questions, signed Certification and DD-214 Form to AWKO*, signing and sending to AWKO the Participation Agreement, obtaining Plaintiff's medical records from the VA, monitoring the Court's various Wave Orders, and monitoring the progress of various other Court action and Bellwether Plaintiff case results.

15. In short, Plaintiff's counsel has attempted, diligently and in good faith, to do every single thing required of him in this complex multi-district litigation.

16. Furthermore, by agreeing to abide by the Participation Agreement with AWKO the undersigned believed that AWKO had agreed, in part, to assume the responsibility of assisting with the uploading of information to the MDL Centrality System.

17. The undersigned counsel did not become aware of the fact that Plaintiff's Initial Census Questions and DD-214 Form were not properly filed, despite best efforts, until May 15, 2022 when the undersigned discovered an online article discussing the dismissal of over 20,000 Plaintiffs' cases for failure to upload certain military records or information.

18. Immediately thereafter, the undersigned discovered that this Plaintiff's case had been dismissed and that the ECF notifications pertaining to same had been sent to the email's spam folder.

19. Due to the sheer volume and repetitive nature of the email notifications regarding this multi-district litigation, the undersigned has now learned that the email server had determined that certain email notifications from the Florida District Court and BrownGreer were inadvertently labeled as spam which prevented them from reaching the undersigned's email inbox or generating a notification.

20. As Your Honor knows far better than Plaintiff's Counsel, this largest Multidistrict Litigation in history is, of necessity, producing an unprecedented number of orders and filings; and Counsel sincerely apologizes to the Court for adding still more papers to the pile.

21. As a result of the foregoing, despite the undersigned counsel's best efforts to act diligently, the undersigned did not learn of the Court's Order of March 9, 2022 (ECF No. 2851) providing a final extended deadline for submission of the Initial Case Census forms prior to the deadline for compliance having expired.

22. The failure of Plaintiff to comply with the Court's Orders to upload answers to the Initial Census Questions and DD-214 Form was inadvertent and caused by the undersigned's reasonable, but mistaken, belief that he had previously and properly submitted the requested documentation, and that it had been uploaded to the MDL Centrality System in the same manner

as the Touhy Grid, coupled with the undersigned's failure to see the actual notifications of the Court's Orders due to certain notifications being sent to spam.

23. Moreover, this Court entered an Order on April 14, 2022 (ECF No. 2990) which provided that "BrownGreer PLC [] notified the Court that the 7,686 plaintiffs identified on Exhibit A failed to sure census for deficiencies within the applicable deadlines set forth in Pretrial Order No. 81." This Plaintiff was not listed by BrownGreer on Exhibit A to the Order as one of the 7686 plaintiffs having failed to cure a census form deficiency. (See Exhibit "E", without attached list due to size).

24. But for these admitted mistakes that resulted in lack of Plaintiff's actual notice of the Court's March 9, 2022 Order and the Plaintiff's deficiency, Plaintiff, through counsel, would have become aware of, and timely cured, the failure to submit answers to the Initial Census Questions and DD-214 to the MDL Centrality System.

25. As of the filing of this Motion, counsel has uploaded the Initial Census Questions and DD-214 Form to the MDL Centrality System directly on May 18, 2022. (See Exhibit "F").

26. Plaintiff is the only claimant in this MDL represented by this firm.

27. Based upon the foregoing facts and explanations, Plaintiff respectfully requests the Court's reconsideration of the May 2, 2022 Order (See Exhibit "G") dismissing his case with prejudice, and reinstatement of Mr. Torres' case.

28. Counsel regretfully acknowledges that there was a lack of strict compliance with the Court's Census submission deadlines but appeals to the Court's equitable power to relieve Plaintiff from the final judgment and order dismissing his case based on "mistake, inadvertence, … [and] excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

29. Plaintiff further respectfully requests that the Court consider that Plaintiff had, a year and a half earlier, completed the requested documents and uploaded them to AWKO with the understanding based upon prior instances of submitting documents through AWKO, that AWKO would also be uploading these documents to the MDL Centrality System, which, although regretfully mistaken, constituted substantial compliance.

30. In approaching the issue of relief from an order due to excusable neglect, the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

31. Specifically, "[t]he factors [that] must [be] weigh[ed] include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849-850 (11th Cir. 1996) (quoting *Pioneer*, 507 U.S. 380).

32. Here, there is no prejudice to the opposing party in having to defend the case on the merits, which, itself, certainly cannot weigh against reconsideration of the dismissal and reinstatement of Plaintiff's case. *See TCI Grp. Life Ins. Plan v. Knoebber.*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.")

33. In other words, as there are hundreds of thousands of other active cases, Defendants would not be prejudiced by the reinstatement of Plaintiff's case because Defendants were not in any way "lulled into believing that [the] lawsuit was concluded". *Yang v. James R. Worrell, Gen. Agent, Inc.,* 512 F. App'x 997, 1000 (11th Cir. 2013). Given the very early status of the litigation

of Plaintiff's individual case, Defendants certainly could not have done anything in reliance on the Court's dismissal Order that has prejudiced them at all, let alone with permanence.

34. In stark contradistinction, Plaintiff would suffer the "ultimate prejudice" if reconsideration and reinstatement were not granted as he would have his claim for relief extinguished. *See Lemoge v. United States,* 587 F.3d 1188, 1196 (9th Cir. 2009).

35. With regard to the timeliness factor, Plaintiff and counsel have acted very quickly upon actual awareness of non-compliance with the absolute deadlines set forth in the Court's May 2, 2022 Order, submitting the same on May 18, 2022.

36. Furthermore, counsel files this Motion within days of becoming aware of the Order dismissing Plaintiff's case with prejudice. Thus, the delay was quite brief. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1356-1357 (11th Cir. 2009) (finding *Pioneer* factors weighed in favor of granting relief where plaintiff's counsel entered delayed motions ten days after district court's order, and seven days after counsel first became aware of dismissal order).

37. Plaintiff urges this Court to consider counsel's prompt remedial action to ensure substantial compliance with the Court's Orders once becoming aware of the delay as indicative of counsel's ability and eagerness of Plaintiff to comply with the conditions necessary to opening this default judgment. *C.f. Allen v. Dockery,* 295 Fed. Appx. 335, 336-339 (11th Cir. 2008) (affirming district court that relief from judgment was not warranted as plaintiff's counsel continuously failed to respond to discovery requests and never ensured compliance with district court orders prior to seeking relief).

38. While cognizant of this Court's massive administrative undertaking managing this MDL, and the importance of compliance with the Court's ordered deadlines, Plaintiff respectfully

submits that the reinstatement of his claim—which is the only claim being pursued by the undersigned's firm—would not have a significant impact on these judicial proceedings based on the timely cure of Plaintiff's mistaken efforts to file the papers through AWKO underlying the dismissal.

39. As set forth above, the reason for the delay in timely filing answers to the Initial Census Questions was caused initially by filing the papers timely but in a mistaken fashion, and by the neglect of counsel to stay fully apprised of the Court's Orders and deadlines when the same were not directly filed in Plaintiff's case, combined with the undersigned's email notifications being sent to spam.

40. Counsel acknowledges that the above-noted circumstances leading to the delayed submission of answers to the Initial Census Questions were within his reasonable control to avoid. However, counsel respectfully requests that such mistakes and neglect be deemed excusable for purposes of allowing Plaintiff's claim to proceed, because the papers at issue did not reach the Court within the deadline only because of counsel's good faith mistaken belief that he had filed those papers appropriately by sending them to AWKO for uploading to the MDL portal.

41. Courts within this Circuit have held that circumstances constituting "excusable neglect" included "situations in which the failure to comply with a filing deadline is attributable to negligence" *Cheney,* 71 F.3d at 849-50.

42. In *Cheney,* the Eleventh Circuit found that counsel's failure to abide by a filing deadline was due to excusable neglect, as it was "simply an innocent oversight by counsel" resulting from a "breakdown in communication between the associate attorney and the lead counsel" amounting only to an omission caused by carelessness" *Id.* At 850.

43. Further, the Eleventh Circuit in *Connecticut State Dental Ass'n* found that plaintiff counsel's filing errors could constitute excusable neglect where counsel failed to comply with orders to file appearances on tag along dockets based on counsel "mistakenly believ[ing]" that they were properly receiving ECF filing notifications. 591 F.3d at 1356 (reversing lower court's denial of plaintiff's motion for reconsideration).

44. Here, as in *Cheney and Connecticut State Dental Ass'n,* there is no indication that counsel deliberately disregarded this Court's ultimate deadline to submit answers to the Initial Census Questions. 71 F.3d at 850; *Id. at* 1357 ("While counsel certainly could have done more, there is no indication that they acted willfully"). Indeed, Plaintiff's efforts to timely file these papers through WLKO, as Plaintiff had previously done correctly with other documents, establishes that Plaintiff's counsel was doing what he believed necessary to file the documents correctly and timely. These actions evidence good faith misunderstanding rather than willful disregard.

45. Unfortunately, counsel's mistake here resulted in non-compliance with a strict filing deadline. Such an oversight, however, does not rise to the level of bad faith that would warrant the forfeiture of Plaintiff's claim in this matter. *See Connecticut State Dental Ass'n,* 591 F.3d at 1357 ("Plaintiff's active record in the litigation clearly shows that [] counsel intended to respond… and that its failure to do so was careless, excusable, conduct.").

**WHEREFORE**, for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court GRANT his Motion for Reconsideration and enter an Order Reinstating Plaintiff's case.

|  |  |
|---|---|
|  | Respectfully submitted: |
| Dated: May 30, 2022 | /s Marvin J. Hammerman<br>Marvin J. Hammerman<br>NJ ATTORNEY ID 064562014<br>Hammerman Rosen LLP<br>585 US 46<br>Fairfield, NJ 07004<br>Telephone:    973-227-1415<br>Facsimile:     201-781-5682 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | : : : : | Civil Action No.: 3:19-md-2885 |
| This Document Relates to: (Civil Action No. 3:20-cv-5540) | : : : | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| DANIEL L. TORRES | : | |
| PLAINTIFF, | : : | **CERTIFICATE OF SERVICE** |
| v. | : : | |
| 3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC AEARO INTERMEDIATE LLC, AEARO LLC and AEARO TECHNOLOGIES LLC | : : : : : | |
| DEFENDANTS. | : | |

I do hereby certify that on this date, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

Dated:  May 30, 2022

/s Marvin J. Hammerman
Marvin J. Hammerman
NJ ATTORNEY ID 064562014
Hammerman Rosen LLP
585 US 46
Fairfield, NJ 07004
Telephone:    973-227-1415
Facsimile:     201-781-5682