# EXHIBIT A

## Marvin Hammerman

| | |
|---|---|
| **From:** | 3MTouhyReq <3MTouhyReq@awkolaw.com> |
| **Sent:** | Monday, November 16, 2020 1:20 PM |
| **To:** | Marvin Hammerman; 3MTouhyReq |
| **Subject:** | RE: Touhy Grid - Daniel Torres - 3:20-cv-5540 |

Thanks,
bets

| | |
|---|---|
| **Betsy D. Williams** | 17 E. Main Street, Suite 200 |
| | Pensacola, FL 32502 |
| Executive Assistant to Bryan Aylstock | |
| Aylstock, Witkin, Kreis & Overholtz | Phone: (850) 202-1010 |
| | **Direct Dial: (850) 266-2971** |
| | **Toll Free: (888) 255-AWKO (2956)** |
| | Facsimile: (850) 916-7449 |
| | Email: bwilliams@awkolaw.com |

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (850) 916-7450. Thank you.

**From:** Marvin Hammerman <Marvin@hammermanrosen.com>
**Sent:** Friday, November 13, 2020 4:51 PM
**To:** 3MTouhyReq <3MTouhyReq@awkolaw.com>
**Subject:** Touhy Grid - Daniel Torres - 3:20-cv-5540

Good evening

Please see attached Touhy grid for Daniel Torres.

Thank you,

Marvin J. Hammerman | Partner
**HAMMERMAN ROSEN LLP**
585 US Highway 46
Fairfield, NJ 07004
Tel.  973.227.1415
Fax. 201.781.5682
www.hammermanrosen.com

| Plaintiff Last Name | Plaintiff First Name | Social Security Number | Date of Birth | Branch of Service | Year of Entry | Year of Discharge or Present if still active | Responsible Firm | Firm's Contact Email | Firm's Address | Firm's Phone Number |
|---|---|---|---|---|---|---|---|---|---|---|

# EXHIBIT B

## Marvin Hammerman

| | |
|---|---|
| **From:** | Marvin Hammerman |
| **Sent:** | Wednesday, November 18, 2020 4:47 PM |
| **To:** | Lisa Morales |
| **Cc:** | Jennifer Hoekstra; Aja Wright |
| **Subject:** | RE: 3M Touhy questions |
| **Attachments:** | Torres Initial Census.pdf |

Please also see attached completed Census form.

Thank you,

**From:** Marvin Hammerman
**Sent:** Wednesday, November 18, 2020 1:11 PM
**To:** Lisa Morales <LMorales@awkolaw.com>
**Cc:** Jennifer Hoekstra <JHoekstra@awkolaw.com>; Aja Wright <AWright@awkolaw.com>
**Subject:** RE: 3M Touhy questions

Good afternoon Lisa and Co.

I am attaching a copy of Daniel Torres's DD-214. Please let me know if you require anything further, or if this is supposed to be sent to someone else.

Thank you,

Marvin J. Hammerman | Partner
**HAMMERMAN ROSEN LLP**
585 US Highway 46
Fairfield, NJ 07004
Tel. 973.227.1415
Fax. 201.781.5682
www.hammermanrosen.com

**From:** Lisa Morales <LMorales@awkolaw.com>
**Sent:** Friday, November 13, 2020 5:13 PM
**To:** Marvin Hammerman <Marvin@hammermanrosen.com>
**Cc:** Jennifer Hoekstra <JHoekstra@awkolaw.com>; Aja Wright <AWright@awkolaw.com>
**Subject:** RE: 3M Touhy questions

My apologies. That was sent before I was done. I work with cats in this new 2020 remote life.

Attached is the census and the PPT for the Blue Button Report for MyHealtheVet. If you have any questions about either, please do not hesitate to reach out to me.

Respectfully,

1

| **Lisa Morales** | 17 E. Main Street, Suite 200 |
|---|---|
| Case Manager | Pensacola, FL 32502 |
| 3M Earplugs Litigation | Phone: (850) 202-1010 |
| Aylstock, Witkin, Kreis & Overholtz | Toll Free: (877) 810-4808 |
| | Facsimile: (850) 916-7449 |
| | Email: lmorales@awkolaw.com |

**From:** Marvin Hammerman [mailto:Marvin@hammermanrosen.com]
**Sent:** Friday, November 13, 2020 4:09 PM
**To:** Lisa Morales <LMorales@awkolaw.com>
**Cc:** Jennifer Hoekstra <JHoekstra@awkolaw.com>; Aja Wright <AWright@awkolaw.com>
**Subject:** Re: 3M Touhy questions

Great, thank you. Can you also please send the instructions you referred to regarding obtaining medical records, as well as the most recent census form.

Thank you for your help,

Marvin J. Hammerman
Hammerman Rosen LLP
585 US 46
Fairfield, NJ 07004
T. 973.227.1415
F. 201.781.5682
www.hammermanrosen.com

Sent from my iPhone

> On Nov 13, 2020, at 5:02 PM, Lisa Morales <LMorales@awkolaw.com> wrote:
>
> Good Afternoon, Marvin:
>
> It was a pleasure speaking with you today.  As discussed, I am including the 3MTouhy email for your reference if you have further questions as well as to have available when submitting your client's Touhy request. ```````````````````````````````````````````

| **Lisa Morales** | 17 E. Main Street, Suite 200 |
|---|---|
| Case Manager | Pensacola, FL 32502 |
| 3M Earplugs Litigation | Phone: (850) 202-1010 |
| Aylstock, Witkin, Kreis & Overholtz | Toll Free: (877) 810-4808 |
| | Facsimile: (850) 916-7449 |
| | Email: lmorales@awkolaw.com |

**EXHIBIT B**
**Filed Case Census Form**
*Initial Census Questions*

1.   Information

    a.    Claimant Name: Daniel L. Torres

    b.    Law Firm: HAMMERMAN ROSEN LLP

    c.    Original Case No (if applicable): 20 cv 5540    Not applicable: ☐

    d.    Original Case Filing Date: 6-15-2020

    e.    MDL Case No: 3:19-md-2885

    f.    MDL Case Filing Date:

    g.    Male ☑ Female ☐

    h.    Date of Birth: Sep ▾ 13 ▾ 1986 ▾

    i.    Current state of residence: NJ ▾

    j.    Number of years in current state of residence: 34

2.   Did the claimant serve in the military and/or armed forces?

    Yes ☑    No ☐

If yes:

    a.    Identify each branch the claimant served in, and the dates of service in each branch:

| Branch | Start Date | | | End Date | | | |
|---|---|---|---|---|---|---|---|
| Marine Corps ▾ | Sep ▾ | 8 ▾ | 2004 ▾ | Sep ▾ | 7 ▾ | 2009 ▾ | ☐ Present |
| | | | | | | | ☐ Present |
| | | | | | | | ☐ Present |
| | | | | | | | ☐ Present |
| | | | | | | | ☐ Present |

    b.    Identify each of the claimant's duty stations between 2000 and present:

| Duty Station | Start Date | End Date | |
|---|---|---|---|
| MACS-2 | 2004 ▾ | 2005 ▾ | ☐ Present |
| MACG-28 | 2006 ▾ | 2007 ▾ | ☐ Present |
| JAXNC 28545-1001 | 2007 ▾ | 2009 ▾ | ☐ Present |

| Military Occupation Specialty | Start Date | End Date |
|---|---|---|
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |
| | | ☐ Present |

3.    Is the claimant currently on active military duty?

        Yes ☐      No ☑

4.    Did the claimant use the Combat Arms Earplugs version 2 ("CAEv2") when he or she served in the military and/or armed forces?

        Yes ☑      No ☐

If yes,

   a.    State whether the claimant used CAEv2 in training, combat, or both:

        Training ☐   Combat ☐   Both ☑

3

b.  Identify the year(s), duty station(s), and military occupational specialties in which the claimant used the CAEv2 earplugs:

| Year(s) | Duty Station(s) | Military Occupational Specialty |
|---|---|---|
| 2004-2009 | ALL | Air Traffic Controller |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

5.  Did the claimant use CAEv2 earplugs as a civilian any time?

        Yes ☑    No ☐

6.  Identify the physical injuries claimant sustained as a result of using CAEv2 earplugs:

☐ Total Hearing Loss, Left Ear

☐ Total Hearing Loss, Right Ear

☑ Partial Hearing Loss, Left Ear

Percentage/grade of hearing loss, if known:

_____

☑ Partial Hearing Loss, Right Ear

Percentage/grade of hearing loss, if known:

_____

☑ Tinnitus, Left Ear

☑ Tinnitus, Right Ear

☐ Tinnitus - Extent Unknown

☑ Other—Specify: Headache, Migraine _____

4

7.   Identify the approximate year on which the claimant first noticed:

    a.   that the CAEv2 was not providing adequate protection from loud noises;

    b.   the injury described in response to Question No. 6 above.

| Injury described in response to Question No. 6 | Approx. year first noticed injury |
|---|---|
| Tinnitus, Extent Unknown ▾ | Oct ▾ 1 ▾ 2009 ▾ |
| Hearing Loss | Oct 1, 2009 |
| Headache / Migraine | Oct 1, 2009 |
| | |
| | |
| | |
| | |
| | |

8.   Has the hearing loss identified in response to Question No. 6 above been identified during an audiogram or other hearing test?

    Yes ☑    No ☐

If yes, what was the approximate date of the first audiograms or other hearing tests that identified the injuries described in response to Question No. 6 above?

| Injury identified | Approx. Date of the first hearing tests |
|---|---|
| Tinnitus, Extent Unknown ▾ | Oct ▾ 11 ▾ 2009 ▾ |
| | |
| | |
| | |
| | |
| | |
| | |

5

9.    Has the claimant received disability benefits as a result of hearing loss, tinnitus or other hearing injury?

Yes ☑        No ☐

If yes, identify the agency or entity that provided the claimant with disability benefits:

Veteran Affairs

### Declaration

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the information provided in response to these Initial Census Questions is true and correct to the best of my knowledge, information and belief formed after a reasonable inquiry. I understand that I am under an obligation to supplement these responses.

Date:            11/16/2020

Signature:

Name:         Daniel L. Torres

6

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

**THIS IS AN IMPORTANT RECORD.** SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| TORRES Daniel Louis | USMC-11 | |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| SSgt | E-6 | 19860913 | 20111016 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| Fort Dix, NJ 08640-5645 | 440 9th Street<br>Bergen, NJ 07022-1598 |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| MACS-2, MACG-28, 2D MAW, MCAS, NR, JAXNC 28545-1001 | IPAC, MCAS, NR, JAXNC 28545-1002 (RUC 45144) |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| CG, MOBCOM, 15303 ANDREWS ROAD, KANSAS CITY, MO 64147-1207 (RUC 36005) | AMOUNT: $ 400,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 2004 | 09 | 08 |
| | b. SEPARATION DATE THIS PERIOD | 2009 | 09 | 07 |
| 7257, Air Traffic Controller, 4 years 2 months | c. NET ACTIVE SERVICE THIS PERIOD | 05 | 00 | 00 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 01 | 00 | 23 |
| | g. SEA SERVICE | 00 | 07 | 18 |
| | h. EFFECTIVE DATE OF PAY GRADE | 2009 | 09 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| -Marine Corps Good Conduct Medal -Letter of Appreciation (3 Awds)<br>-Navy and Marine Corps Achievement Medal -Meritorious Mast<br>-Sea Service Deployment Ribbon (2 Awds) -Certificate of Appreciation<br>-Global War on Terrorism Expeditionary Medal -Iraq Campaign Medal<br>-Pistol Qualification Badge (Sharpshooter)<br>-Global War on Terrorism Service Medal<br>-National Defense Service Medal -Certificate of Commendation (2 Awds) | Marine Air Traffic Control Advanced Technician, 16 Wks, Jul 2005<br><br>Air Traffic Controller Class A-1, 16 Wks, Jul 2005 |

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | X | NO |
|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | | X | YES | NO |

| 16. DAYS ACCRUED LEAVE PAID RLB 1.5 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

| 18. REMARKS | SER: 45144-2009-0429 |
|---|---|

Item 13 CONT: Rifle Qualification Badge (Expert)

-Contributed $1,200.00 to the MGIB -Good Conduct Medal period commences 20070908
-Subject to active duty recall and or annual screening

-While a member of the Marine Corps Reserve, you will keep the CG, MOBCOM, (Toll Free 1-800-255-5082) informed of any changes of address, marital status, number of dependents, civilian employment, or physical standards

Participated in Operations:  Iraqi Freedom 792/091 from 20080825 to 20090324 (USS Iwo Jima)
                             Iraqi Freedom 681 from 20060803 to 20070825 (Al Asad Iraq)

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | b. NEAREST RELATIVE (Name and address - include ZIP Code) |
|---|---|
| 148 Queen Anne Road<br>Bogota, NJ 07603-1624 | Daniel Torres (Father) 148 Queen Anne Road<br>Bogota, NJ 07603-1624 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO | NJ | DIRECTOR OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Type name, grade, title and signature) |
|---|---|
| | S. M. BARRON, SSGT, USMC, SEPARATIONS CHIEF |

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| Released from active duty | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| MARCORSEPMAN, par. 1005 | MBK1 | RE-1A |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COMPLETION OF REQUIRED ACTIVE SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY |
|---|---|
| None | (Initials) OLT |

**DD FORM 214, FEB 2000**      PREVIOUS EDITION IS OBSOLETE.      **MEMBER**

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

PRETRIAL ORDER NO. 81

Pretrial Order No. 18, ECF No. 775, set forth initial census requirements for all filed cases. Following entry of that Order, it became apparent that an effective and efficient process for obtaining servicemember records from the Department of Veterans Affairs ("VA") and the Department of Defense (DoD) was necessary for claimants to complete the initial census forms more accurately. *See* Case Management Order No. 6, ECF No. 836; Pretrial Order No. 27, ECF No. 999. Now, over two years into the litigation, that process has been established and records are being produced on a rolling basis.

Accordingly, the Court hereby reinstates the Initial Census Questions requirement set forth in Pretrial Order No. 18 for all claimants who have not yet completed census forms.[1] Counsel for those claimants must complete and serve on Defendants through MDL Centrality answers to Initial Census Questions (ECF No.

---

[1] As of July 14, 2021, there were approximately 154,538 claimants in the MDL who have not completed census forms.

Case 3:19-md-02885-MCR-HTC   Document 3141-1   Filed 05/30/22   Page 15 of 36
Case 3:19-md-02885-MCR-GRJ   Document 1848   Filed 07/28/21   Page 2 of 3

Page 2 of 3

775-1).  For those law firms representing over 10,000 claimants who have not yet completed census forms, counsel will have 270 days from the date of this Order to complete and submit the forms on MDL Centrality, with one-third due every 90 days.  For those law firms representing between 1,000 and 9,999 claimants without census forms, counsel will have 180 days from the date of this Order to submit those census forms, with one-third due every 60 days.  For those law firms representing less than 1,000 claimants without census forms, census forms are due within 60 days of this Order.  However, because obtaining records from the VA and/or DoD continues to be a slow process, claimants do not need to verify their answers under penalty of perjury.  Instead, counsel of record must certify the responses given, as indicated on the second page of Addendum A to the census form, attached hereto as Exhibit A.

Within seven (7) days of a census form's submission on MDL Centrality, BrownGreer will identify whether there are deficient responses to questions regarding dates of military service and dates of use of the Combat Arms Earplugs version 2 (CAEv2) and notify counsel for those claimants.  Deficient responses regarding dates of military service and dates of use include unknown or blank fields for years of service, unknown or blank fields for start or end dates of service, unknown or blank fields for years of CAEv2 use, duration of use, and/or when used. Within 14 days of receiving a deficiency notification from BrownGreer, counsel for claimants must complete and submit to MDL Centrality Addendum A to the census

Case 3:19-md-02885-MCR-HTC   Document 3141-1   Filed 05/30/22   Page 16 of 36
Case 3:19-md-02885-MCR-GRJ   Document 1848   Filed 07/28/21   Page 3 of 3

Page 3 of 3

form containing questions only regarding dates of service and use of the CAEv2.

For those who have already completed census forms on MDL Centrality as of the date of this Order, BrownGreer will identify and notify counsel for all claimants with deficient responses to dates of military service and dates of use questions within 14 days of this Order. For those law firms representing over 1,000 claimants with deficient responses, counsel will have 90 days from the date of this Order to complete and submit to MDL Centrality Addendum A forms for all claimants. For those law firms representing less than 1,000 claimants with deficient responses, counsel will have 60 days from the date of this Order to submit Addendum A forms. If deficiencies are corrected, BrownGreer will serve Addendum A on Defendants. If the deficiencies are not corrected on Addendum A, BrownGreer will notify the Court. Failure to comply with these deadlines may result in dismissal.

After the BrownGreer deficiency process is complete, if Defendants believe a claimant's census form and/or Addendum A still contains deficiencies, Defendants must follow the census deficiency process and deadlines set forth in Pretrial Order No. 18 at pages 5-6. The deadlines run from the date of service of either the census forms or Addendum A, if applicable, through MDL Centrality.

**SO ORDERED**, on this 28th day of July, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

**Addendum A to**
**Census Form**

1.      Information

     a.      Name: _____

     b.      PID: _____

     c.      Law Firm: _____

2.      Did the claimant serve in the military and/or armed forces?
Choose Yes/No: _____

3.      If yes, identify each branch the claimant served in, the dates of service in each branch and the use of CAEv2 Combat Arms earplugs.  Answers that you previously provided on a Census Form have been pre-filled in.  If necessary, you can update this information below.  Also make sure to answer questions regarding the use of Combat Arms earplugs for each branch service:

| Branch | Start Date | End Date | Used Combat Arms Earplugs |
|---|---|---|---|
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |
| | | ☐ Present | |

**Certification**

The undersigned lawyer certifies to the Court that all of the information provided on this form is accurate based on either client input or military records, or both.

Date: _____

Signature: _____

Name: _____

# Exhibit D

## MDL 2885 – 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ATTORNEY PARTICIPATION AGREEMENT

This Participation Agreement is made this ___ day of _____, 20___, by and between the Plaintiffs' Executive Committee ("PEC"), appointed by the United States District Court for the Northern District of Florida in MDL No. 2885, and: _Marvin Hammerman of Hammerman Rosen LLP_ (hereinafter "Participating Counsel").

WHEREAS, the PEC, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of 3M Combat Arms Earplug-related injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PEC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1

### Scope of Agreement

1.   This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to the Common Benefit Order(s) entered by the Court in MDL 2885 and this Participation Agreement.

2.   This Agreement incorporates by reference any and all Orders of the Court entered, or which may subsequently be entered, regarding, *inter alia*, common benefit administration and/or assessments and incorporates fully herein all defined terms from such Order(s).  Participating Counsel agree to be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of the Court's Orders or to otherwise challenge their adequacy.

3.   This Agreement applies to each and every claim, case, or action arising from the use of 3M Combat Arms Earplugs in which the Participating Counsel has or will have a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement.  Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the

2

attorney fee, regardless of what that interest is, and shall provide the initial list
to the Common Benefit Special Master and CPA within 45 days of signing of
this Agreement.  Participating Counsel shall supplement the list every 90 days
thereafter.  The signed Agreement and list of claimants shall be emailed to
randy@sansomcpa.com and the original copies mailed to:

Randall L. Sansom
Randall L. Sansom, CPA, PA
87 Baybridge Dr
Gulf Breeze, FL 32561

### Rights and Privileges of Participating Counsel

4.   Any plaintiffs' attorney who executes this Agreement is entitled to receive the
Common Benefit Work Product created by those attorneys who have also
executed, or have been deemed to have executed, the Participation Agreement,
regardless of the venue in which the attorney's cases are pending.

5.   Upon request of the Participating Counsel, the PEC will provide within a
reasonable time to the Participating Counsel, to the extent developed, the
Common Benefit Work Product, including access to the PEC's virtual
depository, and, if and when developed a complete trial package.

6.   As the litigation progresses and Common Benefit Work Product continues to
be generated, the PEC will provide Participating Counsel with such work-
product and will otherwise cooperate with the Participating Counsel to

3

coordinate the MDL litigation and any related state litigation for the benefit of the plaintiffs.

7.  Participating Counsel are also eligible to submit for consideration claims for reimbursement of common benefit costs and time submissions for authorized common benefit work in accordance with the terms of the Court's Common Benefit Orders.   Should the Court at some future point establish a percentage assessment to be held back from each claimant's Gross Monetary Recovery[1] ("Assessment") and funds be available for distribution to Participating Counsel pursuant to and subject to any Order of the Court, Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses, provided that the time worked and/or expenses incurred are in compliance with the Court's Common Benefit Orders.   Specifically, such work and/or expense must have been:

    a.  For the common benefit;

    b.  Appropriately authorized; and

    c.  Timely and properly submitted.

---

[1]   A "Gross Monetary Recovery" occurs when a claimant or his/her counsel either agrees or have agreed, for monetary consideration, to settle, compromise, dismiss, or reduce the amount of a claim or, without without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any 3M Combat Earplugs claim.

## Obligations of Participating Counsel

8.  Should the Court at some future point establish an Assessment, Participating Counsel and their law firms agree to deposit, or cause to be deposited, the Assessment into the common benefit fund designated as the repository for such Assessments.   It is the intention of the parties that, absent extraordinary circumstances, such Assessment would be in full and final satisfaction of any present or future obligation on the part of each claimant and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PEC, Participating Counsel, and/or any other counsel eligible to receive disbursements a common benefit fund pursuant to an Order of the Court regarding assessments.

## Attorney-Client Contracts

9.  Both the PEC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PEC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PEC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders.

PLAINTIFFS' EXECUTIVE COMMITTEE

By: _____

PARTICIPATING COUNSEL

By: _____

    MARVIN J. HAMMERMAN
    HAMMERMAN ROSEN LLP

6

# Exhibit E

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

This Order addresses those plaintiffs who failed to cure census form deficiencies as required by Pretrial Order No. 81. ECF No. 1848. BrownGreer PLC has notified the Court that the 7,686 plaintiffs identified on Exhibit A failed to cure census form deficiencies within the applicable deadlines set forth in Pretrial Order No. 81.[1] These plaintiffs will be given a final opportunity to cure the deficiencies, or their cases will be dismissed.[2] For any plaintiff failing to cure the noted deficiencies within **10 days** of the date of this Order, his/her case will be **dismissed with prejudice**, in light of the repeated violations of this Court's orders (Pretrial Order No. 81 and this Order).

---

[1] To date, the deficiencies still have not been cured.

[2] Counsel's inability to communicate with a plaintiff is not grounds for avoiding dismissal of a case.

**SO ORDERED,** on this 14th day of April, 2022.

*M. Casey Rodgers*
_____

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Exhibit F

## Marvin Hammerman

| | |
|---|---|
| **From:** | MDL Centrality Administrator <noreply@mdlcentrality.com> |
| **Sent:** | Wednesday, May 18, 2022 4:11 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | New Plaintiff Submission - 3M Combat Arms Earplug Litigation |
| **Importance:** | High |

This is an automated message from the MDL Centrality Administrator. You are receiving this message because you registered to receive notification of of plaintiff submissions in the 3M Combat Arms Earplug MDL. A new form has been filed for the Plaintiff listed below.

Click here to access MDL Centrality and view the submission.

| | MDL 2885 (In Re: 3M Combat Arms Earplug Products Liability Litigation) New Plaintiff Filing | | | | |
|---|---|---|---|---|---|
| | **Plaintiff ID** | **Name** | **Law Firm** | **Form Type** | **Date Filed** |
| 1. | 361402 | TORRES, DANIEL | Hammerman Rosen LLP | Filed Case Census Form | 5/18/2022 |

Thank you,

MDL Centrality Administrator
**BROWNGREER PLC**
250 Rocketts Way
Richmond, Virginia 23231
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received it in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

**Marvin Hammerman**

| | |
|---|---|
| **From:** | MDL Centrality Administrator <noreply@mdlcentrality.com> |
| **Sent:** | Wednesday, May 18, 2022 4:10 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | MDL Centrality - 3M Combat Arms Earplug Litigation Filing Fee Received - 361402 |
| **Importance:** | High |

The MDL Centrality Administrator has received your payment of the $10 filing fee for the plaintiff referenced below. For your records, here is the information related to the transaction.

| MDL 3M Combat Arms Earplug Litigation (In Re: 3M Combat Arms Earplug Litigation) Payment Confirmation | | | | |
|---|---|---|---|---|
| **Plaintiff ID** | **Plaintiff Name** | **Transaction ID** | **Transaction By** | **Transaction Date** |
| 361402 | Daniel Torres | BK1P9D4B14F4 | Marvin Hammerman | 05/18/2022 |

Thank you,

MDL Centrality Administrator
**BROWNGREER PLC**
250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 237-6231
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

Exhibit G

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibits A & B | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## <u>ORDER</u>

This Order addresses plaintiffs who failed to submit answers to the Initial Census Questions as required by Pretrial Order No. 81 and the Court's March 9, 2022 Order. On July 28, 2021, Pretrial Order No. 81 reinstated the Initial Census Questions requirement set forth in Pretrial Order No. 18 for all plaintiffs who had not yet submitted census forms. ECF No. 1848. Depending on the number of cases per plaintiffs' law firm missing census forms, plaintiffs' counsel had between 60 and 270 days to submit the census forms. *Id.*

On March 9, 2022, the Court identified plaintiffs who failed to comply with Pretrial Order No. 81 and gave them one last opportunity to submit their census forms. ECF No. 2851 at 1. The Court warned that if "plaintiffs fail to submit census forms to MDL Centrality in accordance with this Order, they will have violated at least two of the Court's Orders . . . and their cases will be dismissed with prejudice." *Id.* at 2. BrownGreer PLC has notified the Court that the plaintiffs identified on

Case 3:19-md-02885-MCR-HTC   Document 3141-1   Filed 05/30/22   Page 34 of 36
Case 3:20-cv-05540-MCR-GRJ   Document 2   Filed 05/02/22   Page 2 of 27

Page 2 of 4

Exhibits A and B failed to submit a census form within the applicable deadlines set forth in the Court's March 9, 2022 Order.[1]

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in

---

[1] The deadline to submit a census form for plaintiffs listed on Exhibit A was March 23, 2022, and the deadline for those listed on Exhibit B was April 8, 2022. Certain plaintiffs with cases on the active docket filed a "Request for Dismissal from Administrative Docket" form in violation of Federal Rule of Civil Procedure 41. The Court entered a docket annotation on the applicable dockets directing plaintiffs to comply with Rule 41 by filing a motion to dismiss or a stipulation of dismissal signed by both parties. If plaintiffs fail to comply with Rule 41, and their cases are open on the date their census form is due, they are still subject to dismissal with prejudice under the Court's March 9, 2022 Order.

Case 3:19-md-02885-MCR-HTC   Document 3141-1   Filed 05/30/22   Page 35 of 36
Case 3:20-cv-05540-MCR-GRJ   Document 2   Filed 05/02/22   Page 3 of 27

Page 3 of 4

fashioning workable programmatic procedures" and cooperate with those procedures thereafter. *In re PPA*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id.* at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Court concludes that dismissal with prejudice is appropriate. Plaintiffs have twice disregarded the Court's orders to submit a census form within the court-imposed deadlines, even after they were warned that failure to comply would result in dismissal of their claims with prejudice. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs

Case 3:19-md-02885-MCR-HTC   Document 3141-1   Filed 05/30/22   Page 36 of 36
Case 3:20-cv-05540-MCR-GRJ   Document 2   Filed 05/02/22   Page 4 of 27

Page 4 of 4

who are fully participating in the MDL.  This disrupts the efficiency and fairness objectives of the MDL process.  In light of plaintiffs' failure to comply with court orders, the Court finds that dismissal with prejudice is appropriate.

1.    The plaintiffs' cases identified on Exhibit A and Exhibit B are hereby **DISMISSED WITH PREJUDICE** for failure to comply with Court orders.

2.    The Clerk is directed to enter a copy of this Order on the individual dockets only, and then to close the cases in their entirety for all purposes.

**DONE AND ORDERED**, on this 2nd day of May, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**