## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF FLORIDA

## PENSACOLA DIVISION

JOEL R. DAVILA

      Plaintiff,

v.

3M COMPANY et al.

      Defendant.

_____/

This Document Relates to:

Case No.: 3:20-cv-03581-MCR-GRJ

## MOTION FOR RELIEF FROM JUDGMENT

Comes now the Plaintiff, JOEL R. DAVILA, by and through undersigned counsel and files this Motion for Relief from Judgment as follows:

### RELEVANT FACTS

1. The deadline for the Plaintiff to submit his Form DD214 or DoD Military Service Information Report was April 22, 2022.

2. By mistake, the Plaintiff thought that this information was previously submitted with the initial census questions and documents via the MDL Centrality portal and inadvertently failed to calendar the deadline.

3. The Court entered an order dismissing the Plaintiff's case without prejudice for failure to comply.

4. Opposing counsel did not provide a position to this motion upon request.

5. The Plaintiff respectfully requests the case be reopened so that he may comply with this Court's Order.

**MEMORANDUM**

6.  The Plaintiff requests relief from the Court's Order dismissing this case without prejudice because the undersigned mistakenly failed to calendar the deadline to submit form DD214 via the MDL Centrality Portal. A copy of the Plaintiff's DD214 is attached hereto as "Exhibit A".

7.  The undersigned previously used the information contained in the Plaintiff's form DD214 to submit the initial census questions and did not know that the form was supposed to be filed via the MDL Centrality Portal.

8.  Pursuant to Federal Rule of Civil Procedure 60(b) "the court may relieve a party from a final judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect."

9.  In McKenzie v. Wakulla Cty., 89 F.R.D. 444, 446 (N.D. Fla. 1981) the District Court for the Norther District of Florida held that "Default judgments are not favored. There is a strong public policy in favor of resolving lawsuits by a trial on the merits." The Court discussed the district court's "duty to protect the integrity of the judicial process" and the importance of striking a balance between the movants and society's interests in the finality of judgments and the avoidance of prejudice to the nonmovant.

10. In *McKenzie* the Court opined that the "Defendant's conduct in this case amounts to gross neglect if not willful misconduct" and found that a "history of delay" had already been set out.

11. In the case at issue, the Plaintiff does not have a "history of delay", has abided by all of this Court's Orders, and will be more vigilant of deadlines in the future.

**WHEREFORE** the Plaintiff, JOEL DAVILA, by and through undersigned counsel requests that the Court grant this motion for relief from judgment by reopening the case and for any further relief deemed just and proper.

## <u>LOCAL RULE 3.01(g) Certification</u>

The movant certifies that the movant has conferred with the opposing party who did not provide a position at this time.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been delivered via the CM/ECF Portal this 24th day of May 2022 to Kimberly Branscome, Esquire at

kimberly.branscome@dechert.com and Mike Brock, Esquire at mike.brock@kirkland.com.

Respectfully Submitted,

**<u>/S/ ZEFFERY A. MIMS, ESQUIRE</u>**

Zeffery A. Mims, Esquire

Florida Bar No.: 1002319

618 E. South Street Suite 500

Orlando, FL 32801

(954) 495-0465

zefferymims@gmail.com