UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

After more than three years of intense litigation, this matter has come to a critical juncture. Extensive corporate, government and case-specific discovery has identified all of the relevant evidence—and the myriad of nuanced evidentiary issues—needed to evaluate and adjudicate a 3M CAEv2 claim. Voluminous substantive motions practice, and equally voluminous rulings, have defined the legal landscape. Beyond that, 16 bellwether trials and 19 verdicts have provided unparalleled insight into the strengths and weaknesses of the various claims and defenses and how juries respond to the evidence, all of which has clearly informed the parties of the risks and costs associated with the litigation. At this stage, there can be no reasonable dispute that the litigants in this MDL have more data points about individual claims, and the broader whole, than any other litigants in the country.

The coming months will involve a massive shift in focus. Waves of individual cases—500 at a time—are proceeding with plaintiff-specific discovery and complete work up for trial. This Court will adjudicate all case-specific *Daubert* and summary judgment motions in each Wave, and thereafter, the cases that remain will be remanded to their transferor courts for trial. An enormous amount of time and resources will be required to accomplish this endeavor, not just from this Court but from the entire federal judiciary. As of June 10, 2022, there were 233,883 plaintiffs in the MDL, down from 282,902 at its height in September 2021. That averages to approximately 2,500 cases being remanded for trial to each of the 94 districts nationwide, though in all likelihood, some districts will receive many fewer cases and other districts many more, depending on the appropriate venue for individual plaintiffs, although likely no district will be spared the burden. In any event, the amount of judicial resources required to handle this number of cases is staggering.

Against this backdrop, and before federal district court dockets around the country are flooded with CAEv2 cases, the Court concludes it is appropriate to require the parties to engage in serious and good-faith efforts to resolve as many cases as possible. Outside the MDL context, mediation is standard pretrial protocol at some point in virtually every federal and state lawsuit but here, given the experience and knowledge gained by the parties as a result of

the bellwether process and the burden on the federal judiciary as a result of this litigation, mediation must go forward now.

Accordingly, the Court hereby appoints Randi S. Ellis as a special master for the purpose of mediating settlement. Special Master Ellis is directed to schedule a multi-day mediation (minimum of three days) to begin by July 15, 2022. The parties are ordered to attend the mediation (and any other sessions set by Special Master Ellis), to meet and confer with each other and Special Master Ellis to discuss settlement, and to negotiate in good faith. Additional meetings may be directed at the discretion of Special Master Ellis, either in person or via video conference, telephone or other means. The parties must equally share in the expense of the special master and must pay promptly the invoices when received.

Special Master Ellis will be assisted by Special Masters Ellen Reisman and Judge Mark Falk (ret.) and any other counsel appointed by the Court. The following attorneys must personally attend on behalf of the plaintiffs: Bryan Aylstock, Chris Seeger, Justin Witkin, Mark Lanier and Michael London, and the following must personally appear on behalf of Defendants: John Beisner, Leslie Smith, and Sara Roitman, as well as 3M corporate counsel, Kevin Rhodes and/or Courtney Enloe. Any other person whose authority is necessary

to resolve all or part of this litigation must attend in person, including any insurance representatives.

**SO ORDERED**, on this 10th day of June, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**