UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) |
| | ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Gary R. Jones ) |
| *William Phillips*, Case No. 7:20-cv-90230 | ) ) ) ) |
| *Robert Bryant*, Case No. 7:20-cv-72773 _____ | ) ) ) ) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON PLAINTIFF WILLIAM PHILLIPS'S AND PLAINTIFF ROBERT BRYANT'S FAILURE TO COMPLY WITH DISCOVERY**

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order Wave 2 Plaintiffs William Phillips and Robert Bryant to show cause as to why their cases should not be dismissed with prejudice for their failure to comply with discovery deadlines, in violation of Case Management Order ("CMO") 34 (Dkt. No. 2787) ("Wave Order #2").

I.  **FACTUAL BACKGROUND**

Under Wave Order #2, all Wave 2 fact discovery must be completed by July 5, 2022. *See* CMO 34 § I.6 (Dkt. No. 2787). Accordingly, the Court ordered each Wave 2 Plaintiff to, *inter alia*, undergo a Defense Medical Exam ("DME") and

1

appear for a deposition. *See id.* §§ I.4, I.5, II.3. Plaintiffs' failure to comply with these requirements is now at issue.

### A.  Plaintiff William Phillips (No. 7:20-cv-90230) failed to undergo a DME.

The Court ordered all Wave 2 Plaintiffs to undergo a DME at Defendants' request. *See* CMO 34 §§ I.4, II.3 (Dkt. No. 2787); Pretrial Order No. 56 (Dkt. No. 1477). In turn, Defendants are to submit each Plaintiff's DME report to Plaintiff by June 29, 2022. CMO 34 §§ I.4 (Dkt. No. 2787).

In accordance with Wave Order #2, the parties agreed that Plaintiff William Phillips would undergo a DME on May 9, 2022, at 3:00 PM, at Syracuse Hearing Solutions, in Camillus, New York. Ex. 1: Phillips May 9, 2022 DME Not. On that date, however, Plaintiff failed to appear for his DME. Ex. 2: Phillips – Syracuse Hearing Solutions Emails. Plaintiff's DME was rescheduled for later that week, on May 12, 2022. *Id.* But again, Plaintiff failed to appear. *Id.*; Ex. 3: Phillips May 16– June 7 Emails.

Defendants' counsel advised Plaintiff's counsel that his repeated failure to appear for his DME appointments would result in a motion for order to show cause. Ex. 3: Phillips May 16–June 7 Emails. Plaintiff's counsel, in turn, explained that Plaintiff's failure to appear on May 12 was due to his incarceration and asked for a third DME appointment. *Id.* Counsel for the parties agreed that Plaintiff would appear for a DME on May 23, 2022, which was later rescheduled for June 2, 2022.

*Id.*; Ex. 4: Phillips May 23, 2022 DME Not.; Ex. 5: Phillips May 23, 2022 DME Cancellation Not.; Ex. 6: Phillips June 2, 2022 DME Not. Plaintiff "underst[ood] the urgency of the situation," and his counsel expected that he "[would] not miss or be late for [that] appointment." Ex. 3: Phillips May 16–June 7 Emails. Nevertheless, Plaintiff again failed to appear. *See id.* Defendants' counsel has received no indication that Plaintiff will appear for a DME before the close of fact discovery, in violation of Wave Order #2. *See id.*

### B. Plaintiff Robert Bryant (Case No. 7:20-cv-72773) failed to appear for his deposition.

The deadline for all Wave 2 Plaintiffs' depositions was June 7, 2022. CMO 34 § I.5.a. Accordingly, the parties agreed that Plaintiff Robert Bryant would appear for his deposition on May 17, 2022, at 1:00 PM, via Zoom. Ex. 7: Bryant May 17 Not. of Dep. The week before Plaintiff's May 17, 2022 deposition, at Plaintiff's counsel's request, Plaintiff's deposition was rescheduled for June 6, 2022—the day before the deadline to depose all Wave 2 Plaintiffs. *See* Ex. 8: Bryant Am. Not. of Dep. On that date, counsel for Plaintiff and Defendants appeared, but Plaintiff failed to appear. Ex. 9: Bryant Dep. Tr.

The deadline for Plaintiff to appear for a deposition has now passed. Plaintiff's failure to appear for a deposition violates Wave Order #2.

3

## II.     ANALYSIS

As of the date of this filing, Plaintiffs Phillips and Bryant have failed to comply with Wave Order #2. Defendants respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[1] and order these Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #2.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see also* Jan. 21, 2022 Order (Dkt. No. 2549) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to comply with discovery); Apr. 20, 2022 Order (Dkt. No. 3027) (same). "This authority has particular significance in the MDL context" (*id.*), where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to

---

[1] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

case management rules" (*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021)). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice.").

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when

a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition); *Nwabeke v. Torso Tiger, Inc.*, 194 F. App'x 669, 670 (11th Cir. 2006) (deeming dismissal with prejudice to be an appropriate sanction where a party fails to appear for a Rule 35 medical examination and there exists a "willful pattern of delay and obstruction of the orderly progress of the case"); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (affirming dismissal with prejudice where plaintiff failed to appear for deposition); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery); *see, e.g.*, *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed for plaintiff's failure to appear for deposition and scheduled Rule 35 examination); *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed where plaintiff failed to appear for deposition).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (Dkt. No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 2 on February 22, 2022, and immediately put on notice that they had certain discovery obligations, including providing records including appearing for

6

64689368.v1

depositions and undergoing DMEs. CMO 34 (Dkt. No. 2787). Nevertheless, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #2.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* Wave 2 fact discovery closes in just three weeks, and Plaintiffs' noncompliance compromises Defendants' ability to defend against Plaintiffs' claims. Specifically, Defendants are unable to comply with their fact and expert discovery obligations or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III. Conclusion

As set forth above, Plaintiffs William Phillips and Robert Bryant have failed to comply with Wave Order #2. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: June 14, 2022      */s/ Kari L. Sutherland*
　　　　　　　　　　　　　　Kari L. Sutherland
　　　　　　　　　　　　　　BUTLER SNOW LLP
　　　　　　　　　　　　　　1200 Jefferson Ave., Suite 205
　　　　　　　　　　　　　　Oxford, Mississippi 38655
　　　　　　　　　　　　　　Telephone: (662) 513-8002
　　　　　　　　　　　　　　kari.sutherland@butlersnow.com

　　　　　　　　　　　　　　Kimberly Branscome
　　　　　　　　　　　　　　DECHERT LLP

633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified herein have failed to comply with this Court's Order.

DATED: June 14, 2022         */s/ Kari L. Sutherland*
                             Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,542 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: June 14, 2022  /s/ Kari L. Sutherland
 Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: June 14, 2022  /s/ Kari L. Sutherland
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*