# EXHIBIT 9

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF FLORIDA
 3                   PENSACOLA DIVISION
 4
 5    IN RE:  3M COMBAT ARMS              CASE NO.
 6    EARPLUGS PRODUCTS                   3:19-md-2885-MCR
 7    LIABILITY LITIGATION                   -GRJ
 8                                        Judge M. Casey
 9    THIS DOCUMENT RELATES TO              Rodgers
10    ROBERT BRYANT                       Magistrate Judge
11                                        Gary R. Jones
12    Case No.
13    7:20-cv-72773-MCR-GRJ
14
15            DEPOSITION OF ROBERT BRYANT
16                TAKEN JUNE 6, 2022
17            * * * * * * * * * * *
18       Taken pursuant to stipulation and
19     agreement before Anna Ruffin, CCR,
20     Commissioner for the State of Alabama at
21     Large, via Zoom, commencing at approximately
22     12:00 p.m. (ET).
23            * * * * * * * * * * *
```

```
 1                      APPEARANCES
 2    FOR THE PLAINTIFF:
 3       Sara Castronuova
         DOUGLAS & LONDON, PC
 4       Attorneys at Law
         59 Maiden Lane, 6th Floor
 5       New York, New York  10038
 6    FOR THE DEFENDANTS:
 7       Anthony S. Miller
         MG+M THE LAW FIRM, LLP
 8       Attorneys at Law
         14 Wall Street, 28th Floor
 9       New York, New York  10005
10    ALSO PRESENT:
11       Caleb Guice, The Videographer
12            * * * * * * * * * * *
13
                     EXHIBIT INDEX
14
      DEFENDANTS' EXHIBIT NUMBER
15    Exhibit 1 Amended Notice of Deposition           3
16
17            * * * * * * * * * * *
18
19
20
21
22
23
```

```
 1                P R O C E E D I N G S
 2              MR. MILLER:  This is Tony Miller
 3     representing 3M.  We are here for the
 4     deposition of Robert Bryant.  The court
 5     reporter and the videographer are present.
 6     Plaintiff's counsel is present.  The
 7     deposition will -- the amended notice of
 8     deposition will be marked as Exhibit 1, proof
 9     of service on May 13th, 2022, setting the
10     deposition for Robert Bryant to begin on
11     June 6th at 12:00 p.m. Eastern.
12              (Defendants' Exhibit Number 1 was
13              marked for identification.)
14              MR MILLER:  It is now 12:16
15     Eastern.  The plaintiff has not appeared.
16     There was a conversation with Plaintiff's
17     counsel beforehand, who now will put a
18     statement on the record.  Again, it's 12:16.
19     Mr. Bryant has not appeared for his
20     deposition.  And given the time now and that
21     Mr. Bryant has not appeared, 3M, the
22     defendants, are terminating the deposition.
23              MS. CASTRONUOVA:  This is Sara
```

Page 4

1    Castronuova, attorney for the plaintiff.
2    Prior to this deposition being scheduled for
3    today, on May 13th, 2022, our office
4    communicated with Defendants' counsel,
5    including Carrie Sutherland and advised them
6    that Mr. Bryant has been unresponsive to our
7    attempt to contact him, regarding discovery
8    and sitting for his deposition.
9              Due to work conflicts, I requested
10   that his deposition be postponed from
11   May 17th, 2022, to June 6th, 2022.  Defense
12   counsel was amendable to the postponement, and
13   Mr. Bryant's deposition was rescheduled to
14   occur today, June 6th, 2022, at 11:00 a.m.
15   Central/12:00 p.m. Eastern.
16             Unfortunately, since May 13th,
17   2022, Mr. Bryant has continued to be
18   completely unresponsive to our attempts to
19   contact him, regarding discovery and sitting
20   for his rescheduled deposition.
21             As such, on May 25th, 2022, my
22   office filed a motion for leave to withdraw as
23   counsel as record, pursuant to the local rules

1      of the Northern District of Florida.
2                  On June 2nd, 2022, my office
3      informed Defense counsel that this motion was
4      pending in the Court, and we advised Defense
5      counsel we had still not heard back from
6      Mr. Bryant and advised that the deposition
7      will likely not be going forward, given our
8      inability to reach Mr. Bryant.
9                  Not withstanding, Defense counsel
10     is adamant about proceeding today, despite our
11     notice and statements that it was unlikely our
12     client would attend and given that we were
13     seeking to relieved as counsel.  As such,
14     counsel was well aware Mr. Bryant would most
15     likely not be present at this deposition.
16     Thus, they proceeded today with that
17     knowledge.
18                 Finally, our office has advised
19     Mr. Bryant by letter, email, and telephone of
20     the need for him to sit for his deposition in
21     this action, and he was specifically notified
22     of the deposition that was scheduled for
23     today.  As previously stated, my office has

Page 6

1    moved to be relieved of counsel, pursuant to
2    the local rules of the Northern District of
3    Florida, and the motion is currently pending
4    in the Court.
5            MR. MILLER:  Thank you.
6            MS. CASTRONUOVA:  Thank you for
7    everyone's time today.
8            (The deposition concluded
9             at 12:18 p.m. (ET))
10           * * * * * * * * * * *

1            REPORTER'S CERTIFICATE

2    STATE OF ALABAMA

3    ETOWAH COUNTY

4            I, Anna Ruffin, Certified Court

5    Reporter and Commissioner for the State of

6    Alabama at Large, hereby certify that on June

7    6, 2022, the above and foregoing proceeding

8    was taken down by me in stenotype and the

9    questions, answers, and statements thereto

10   were transcribed by means of computer-aided

11   transcription and that the foregoing, page 1

12   to 7, represents a true and correct transcript

13   of the said proceeding

14            I further certify that I am

15   neither of counsel, nor of kin to the parties

16   to the action, nor am I in anywise interested

17   in the result of said cause.

18   *[signature: Anna Ruffin]*

19

     Anna Ruffin, CCR

20   Commissioner for the

     State of Alabama at Large

21   CCR# 694, Expires 09/30/2022

22   MY COMMISSION EXPIRES: 10/21/24

23

Alabama Rules of Civil Procedure

Part V. Depositions and Discovery

Rule 30

(e) Submission to witness; changes; signing. When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by the witness, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within thirty (30) days of its submission to the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; the deposition may then be used as fully as though signed unless on a motion to suppress under Rule 32(d)(4) the

court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

(F) Certification and filing by officer; exhibits; copies; notice of filing.

(1) The officer shall certify on the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Unless otherwise ordered by the court, the officer shall then securely seal the deposition in an envelope indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing.

DISCLAIMER: THE FOREGOING CIVIL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE STATE RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.