UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: *All Wave Cases* | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**ORDER REGARDING SEALING CHOICE OF LAW, *DAUBERT*, AND DISPOSITIVE MOTIONS, BRIEFS, AND EXHIBITS**

This Order addresses the sealing protocol for filing Confidential Documents under seal in connection with motions, briefs, and exhibits filed in connection with Choice-of-Law, *Daubert*, or dispositive motions for Wave cases. *See* Case Management Orders #31, #34, and #47 (ECF Nos. 2304, 2787, and 3126). This Order applies to all Choice-of-Law, *Daubert*, and dispositive motions and briefs and related exhibits, and any responses thereto.

1. **Motions and Briefs.** The facts, data, and argument contained in the Parties' motions and briefs are all subject to the public right to access per the 11th Circuit. *Romero v. Drummond*, 480 F.3d 1234, 1245 (11th Cir. 2007). The Parties will file all Choice-of-Law, *Daubert*, and dispositive motions and briefs publicly, subject only to redactions required by Federal Rule of Civil Procedure 5.2(a). The Parties should not redact quotations from, limited

screenshots of, or discussions about the content of exhibits that may be filed under seal pursuant to Paragraph 3 below.

2. **Exhibits to Be Filed Publicly Subject Only to Redactions Required by Rule 5.2(a).** The Parties will file the following types of documents, if used as exhibits to any Choice-of-Law, *Daubert*, or dispositive motion or brief, publicly subject only to redactions as required by Rule 5.2(a).

   a. Plaintiff DD214, ERB or ORB;

   b. Other Plaintiff Military Personnel File Documents;

   c. Plaintiff Employment Records;

   d. Plaintiff Education Records;

   e. Plaintiff Social Media Posts;

   f. Plaintiff Census Forms;

   g. Initial Disclosures and Responses to Interrogatory Requests and Requests for Admission;

   h. Records, DME, or IME data from medical evaluations of Plaintiffs conducted for litigation;

   i. Corporate documents produced by Defendants no longer subject to the Protective Order, *see* Pretrial Order No. 9, ECF No. 422, which include documents (i) publicly available through Court Orders in the MDL; (ii) publicly available through prior Dispositive Motions in the MDL; (iii)

publicly available through prior unsealing in the MDL; (iv) previously admitted trial exhibits; and (v) public docket items from prior trials and/or discovery motions;

j. General Expert Reports;

k. Case-Specific ENT/Audiologist, Vocational, and Economist Expert Reports[1];

l. Deposition transcript excerpts from Plaintiff, Fact Witness, and Expert Depositions[2];

m. Publicly Available Government Publications or Regulations; and

n. Scientific Publications.

3. **Exhibits that Can Be Filed Entirely Under Seal.** The Court recognizes that, in limited circumstances, good cause may exist to permit the Parties to file certain exhibits to any Choice-of-Law, *Daubert*, or dispositive motion or brief entirely under seal, so long as quotations from, limited screenshots of, and discussion about the exhibits in the Parties' motions and briefs are publicly filed subject only to redactions required by Rule 5.2(a). *See* Paragraph 1.

---

[1] *See* Paragraph 4.c. below: to the extent there are redactions required for privacy issues (i.e., a discussion of Plaintiff's mental health conditions contained within an ENT/Audiologist's report), redactions may be applied to these non-psychiatrist Case-Specific Expert Reports.

[2] The Parties should not attach as exhibits to the motions and briefs subject to this Order any full, unexcerpted deposition transcripts.

Specifically, the Parties are permitted, though not required, to file the following exhibits entirely under seal:

    a. Plaintiff Medical Records; and

    b. Case-Specific Psychology Expert Reports.

To be clear, this Paragraph 3 is not and should not be construed as encouragement or an endorsement to file the referenced exhibits under seal.

4. **Procedures for Meet and Confer Regarding Confidential Documents.**

    a. To the extent a Plaintiff intends to attach as exhibits to their Choice-of-Law, *Daubert*, or dispositive motions or briefs any documents produced by Defendants that are still subject to the Protective Order, the Plaintiff must notify Defendants no later than seven (7) days prior to the filing deadline (e.g. July 14, 2022 for Wave 1 motions) of the Confidential documents Plaintiff intends to attach.  If Defendants believe such documents should be filed under seal, Defendants must notify Plaintiff no later than three (3) days prior to the filing deadline (e.g. July 18, 2022 for Wave 1 motions) and must file a motion to seal with respect to the exhibits no later than four (4) days after the filing deadline (e.g. July 25, 2022 for Wave 1 motions).  If Plaintiff notifies Defendants of an intent to attach as an exhibit documents produced by Defendants still subject to the Protective Order, no Plaintiff will

publicly file those Confidential documents until after Defendants' deadline to notify Plaintiff of continuing Confidentiality claims (i.e. two days prior to the filing deadline).

b. To the extent Defendants intend to attach as exhibits to their Choice-of-Law, *Daubert*, or dispositive motions or briefs any documents produced by a Plaintiff as Confidential and not addressed above in Paragraphs 2 or 3, Defendants must notify Plaintiff no later than seven (7) days prior to the filing deadline (e.g. July 14, 2022 for Wave 1 motions) of the Confidential documents Defendants intend to attach. If Plaintiff believes such documents should be filed under seal, Plaintiff must notify Defendants no later than three (3) days prior to the filing deadline (e.g. July 18, 2022 for Wave 1 motions) and must file a motion to seal with respect to the exhibits no later than four (4) days after the filing deadline (e.g. July 25, 2022 for Wave 1 Motions). If Defendants notify Plaintiff of an intent to attach as an exhibit documents produced by Plaintiff as Confidential and not addressed above in Paragraphs 2 or 3, Defendants will not publicly file those Confidential documents until after Plaintiff's deadline to notify Defendants of continuing Confidentiality claims (i.e. two days prior to the filing deadline).

    c. To the extent a Plaintiff believes any Case-Specific ENT/Audiologist, Vocational, or Economist Expert Report issued by either Defendants or Plaintiff contains sensitive mental health information that should be redacted from any public filing, Plaintiff must provide Defendants with a redacted copy of the report no later than seven (7) days prior to the deadline to file Choice-of-Law, *Daubert,* and dispositive motion and opposition briefs (e.g. July 14, 2022 for Wave 1 motions) and must file a motion to seal with respect to the exhibits no later than four (4) days after the filing deadline (e.g. July 25, 2022 for Wave 1 Motions). Although the Court will permit the redacted case-specific expert reports to be filed with these redactions, any quotations from, limited screenshots of, or discussion of the records in the Parties' motions and briefs should be filed unredacted consistent with Paragraph 1.

5. **Procedure for Submitting Sealed and Public Exhibits.**

    a. To ensure service of the sealed or redacted materials between the Parties, the full unsealed briefing will be loaded to MDL Centrality in the Plaintiff's Individual Portal by the filing deadline.

    b. To ease the burden of sealed service on the Court and the Parties; the Parties will <u>not</u> submit individual service emails per case to the Court and opposing counsel with redacted and/or sealed materials. Instead,

the Parties will serve the unsealed/complete filing via MDL Centrality into the individual Plaintiff Portals (using Choice-of-Law, *Daubert* or Summary Judgment file types, etc.) and within 24 hours of the filing deadline (i.e., by July 22 for Wave 1), those materials will be provided to the Court via a secure sharefile link with the unsealed briefing.

**DONE** and **ORDERED** on this 16th day of June, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**