IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

Wave 2 Cases
*Marks v. 3M Co., et al.*, 8:20-cv-05384
*Williams v. 3M Co., et al.*,7:20-cv-15866
*Allen v. 3M Co., et al.*, 7:20-cv-25452
*Wray v. 3M Co., et al.*,7:20-cv-15966
*Twitty v. 3M Co., et al.*,7:20-cv-42494
*Wright v. 3M Co., et al.*, 7:20-cv-20763
_____/

## **ORDER**

Pending before the Court is Defendants' Motion to Compel Compliance with Subpoenas for Wave 2 Fact Witness Depositions. Master Docket ECF No. 3240.[1] Plaintiffs Williams, Allen and Wray and Plaintiff Wright have responded. Master Docket ECF Nos. 3245, 3249.

In the Motion to Compel, Defendants request the Court to enter an order compelling the attendance at depositions of former spouses or

---

[1] The motions apply to but have not been filed in the individual cases. *See Marks v. 3M Co., et al.*, 8:20-cv-05384; *Williams v. 3M Co., et al.*,7:20-cv-15866; *Allen v. 3M Co., et al.*, 7:20-cv-25452; *Wray v. 3M Co., et al.*,7:20-cv-15966; *Twitty v. 3M Co., et al.*,7:20-cv-42494; and *Wright v. 3M Co., et al.*, 7:20-cv-20763.

partners and family members of Plaintiffs who were subpoenaed to provide fact witness testimony relevant to the facts and allegations in these lawsuits. Each of the witnesses were noticed for deposition, and according to Defendants, were subpoenaed to appear but failed to do so. Defendants have attached to the motion copies of the proof of service for the Rule 45 subpoenas issued to each witness, as well as certificates of non-appearance or deposition transcripts recording the witness's failure to appear.  Those witnesses are:

1. Amy L. Marks Dollins. Plaintiff's former spouse (*Marks v. 3M Co., et al.*, No. 8:20-cv-05384).  Dollins was personally served by a process server on May 9, 2022, ECF No. 3240-1, but she failed to appear at her June 1, 2022, deposition. ECF No. 3240-2.

2. Christopher Williams. Plaintiff's brother (*Williams v. 3M Co., et al.*, No. 7:20-cv-15866).  Williams was personally served by process server on May 4, 2022, ECF No. 3240-4, but he failed to appear at his June 1, 2022, deposition. ECF No. ECF No. 3240-5.

3. Erina Henry. Plaintiff's former partner (*Wray v. 3M Co., et al.*, No. 7:20-cv-15966).  Henry was personally served by process server on May 28, 2022, ECF No. 3240-8, but she failed to appear at her June 15, 2022, deposition. ECF No. ECF No. 3240-9.

2

4.     Angel Engle. Plaintiff's mother (*Wray v. 3M Co., et al.*, No. 7:20-cv-42494).  Engle was personally served by process server on June 9, 2022, ECF No. 3240-10, but she failed to appear at her June 15, 2022, deposition. ECF No. ECF No. 3240-11.

5.     Celena Fisher. Plaintiff's former spouse (*Wright v. 3M Co., et al.*, No. 7:20-cv-20763).  Fisher was personally served by process server on May 31, 2022, ECF No. 3240-12, but she failed to appear at her June 7, 2022. Deposition. ECF No. ECF No. 3240-13.

In the responses to Defendants' Motion to Compel, Plaintiff Wright and Plaintiffs Williams, Allen and Wray advise that they do not oppose 3M's attempt to take the subpoenaed depositions.

This Court has authority to compel compliance with a lawful deposition subpoena.  *See* 28 U.S.C. § 1407(b) (providing that an MDL Court "may exercise powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings"); Fed. R. Civ. P. 45(g) (stating that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"); *Hernandez v. Tregea*, Case No. 2:07-cv-149-FTM34SPC, 2008 WL 3157192, at *3 (M.D.

3

Fla. Aug. 4, 2008) ("Rule 45(a)(2)(B) authorizes a party to compel a non-party to appear and provide deposition testimony.").

In the present case, Plaintiffs do not challenge 3M's right to depose family members or former family member witnesses who may possess relevant information concerning their observations of the Plaintiffs' hearing loss and/or tinnitus, Plaintiffs' usage of hearing protection, Plaintiffs' alleged damage, and Plaintiffs' daily behaviors and potential alternative causes. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case....").

Upon due consideration, the Court concludes that Defendants' Motion to Compel is due to be granted. Although the Court has not been advised of the reasons for noncompliance the Court cautions each third-party witness that failure to appear at the rescheduled deposition without adequate cause may result in the issuance of an order of civil contempt by the appropriate court.

The Court's current scheduling requires that fact depositions must be completed by July 5, 2022. Because there are only three business days remaining to schedule and complete these depositions the Court will grant Defendants additional time to complete these depositions since the failure

to complete the depositions is not the result of lack of diligence on the part of the Defendants. The Defendants will be required, however, to schedule and complete these depositions by July 12, 2022.

Accordingly, upon due consideration, it is **ORDERED**:

1. Defendants' Motion to Compel Compliance with Subpoenas for Wave 2 Fact Witness Depositions, ECF No. 3240, is **GRANTED**.

2. The following witnesses must appear for deposition as directed by Defendants' counsel:

    Amy L. Marks Dollins, Plaintiff's former spouse (*Marks v. 3M Co., et al.*, No. 8:20-cv-05384); Christopher Williams, Plaintiff's brother (*Williams v. 3M Co., et al.*, No. 7:20-cv-15866); Erina Henry, Plaintiff's former partner (*Wray v. 3M Co., et al.*, No. 7:20-cv-15966); Angel Engle, Plaintiff's mother (*Wray v. 3M Co., et al.*, No. 7:20-cv-42494) and Celena Fisher, Plaintiff's former spouse (*Wright v. 3M Co., et al.*, No. 7:20-cv-20763).

3. Failure to attend a scheduled deposition may result in the issuance of an order of civil contempt upon application by Defendants in the appropriate form under Fed. R. Civ. P. 45(g).

4. Defendants must schedule and complete the depositions by **July 12, 2022**.

**DONE AND ORDERED** this 29th day of June 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge