EXHIBIT A



June 28, 2019

**Via Email**
Major Collin Evans
Collin.p.evans2.mil@mail.mil
703-693-0352

Dear Major Evans:

     In connection with *In Re: 3M Combat Arms Earplug Products Liability Litigation,* this letter constitutes Plaintiffs' request to the United States Department of Defense ("DOD"), Defense Logistics Agency ("DLA"), Army, Navy, Marine Corps, Air Force, and Coast Guard for certain documents relevant to this litigation.

     Plaintiffs in this litigation include servicemen and women who were issued Combat Arms Earplugs Version 2 ("CAEv2") in connection with their military service. The CAEv2 was initially designed and distributed by Aearo Technologies ("Aearo"). In 2008, Defendant, 3M Company ("3M"), purchased Aearo and continued to market and sell the CAEv2. Plaintiffs in this litigation allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage. In connection with this litigation, Plaintiffs seek the information described below to investigate the process by which the CAEv2 was designed, sold, and, distributed to the United State government, and in turn distributed to individual servicemembers. This information will assist Plaintiffs in establishing 3M's liability for the CAEv2's defective design and the resulting injuries sustained by the servicemembers in this matter. Plaintiffs further seek information specific to their individual claims including medical and service records that will help establish their individual use of the CAEv2 and the nature and extent of their resulting injuries.

     Prior to the inception of this litigation, the United States Army Criminal Command investigated the design, distribution, and sale of the CAEv2. The findings of this criminal investigation, some of which have been provided to Plaintiffs through a previous FOIA request as detailed below, is relevant in this matter to establish 3M's liability in this litigation. Accordingly, pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), as well as 32 C.F.R. § 516.40-57, 32 C.F.R. § 97. 33 C.F.R. § 1.20-1, 6 C.F.R. § 5.45, DOD Directive 5405.2 § 6.2, Navy Instruction 5820.8A, and Air Force Instruction 51-301, Plaintiffs set forth their *Touhy* requests as follows:

**Plaintiffs' _Touhy_ Request In Connection With _In re: 3M Combat Arms Earplug Products Liability Litigation_**

I. **Documents Referenced in Previous Responses to Plaintiff FOIA Requests**

Plaintiffs request the below specific documents referenced in the attached Exhibit A, which is a response to certain plaintiffs' FOIA request produced by the U.S. Army Criminal Investigation Command in reference to Law Enforcement Report 00019-2016-CID133-14635-8C (the "FOIA Response").

- An unredacted copy of all documents produced in the FOIA Response.

- An unredacted copy of the August 4, 2016 Agent's Investigation Report ("AIR") produced in redacted form on Bates-stamped page 14 of the FOIA Response.

- Unredacted copies of the documents referenced and reviewed in connection with the August 4, 2016 AIR on Bates-stamped page 14 of the FOIA Response, including written and recorded statements referenced in paragraph 3.

- An unredacted copy of the June 20, 2016 AIR produced in redacted form on Bates-stamped p. 15-17 of the FOIA Response.

- An unredacted copy of the documents referenced and reviewed in connection with the June 20, 2016 AIR produced on Bates-stamped p. 15-17 of the FOIA Response, including:

    o The July 6, 2006 Memorandum for Record referenced at Bates-stamped p. 17 of the FOIA Response;
    o The email referenced at Bates-stamped p. 17 of the FOIA response; and
    o The 11 contracts listed in the AIR on Bates-stamped p. 15-17 of the FOIA Response

- The Defense Logistics Agency contract documents referenced on Bates-stamped page 9 of the FOIA Response.

- Medical Procurement Item Description (MPID) 2 referenced on Bates-stamped page 8 of the FOIA Response at (7).

- Recorded interviews or statements described in the FOIA response at Bates-stamped page 9, paragraph 1.

- All documents that were generated pursuant to Defense Criminal Investigative

2

    Service, case control number 2016001951, referenced at Bates-stamped page 11 of the FOIA Response at, in the paragraph marked "Status."

- Raw Data File 0017-16-CID133 referenced in the FOIA Response at Bates-stamped page 14, at paragraph 1.

- Criteria for Combat Earplugs: IAW Medical Procurement Item Description 2 (MPID #2), referenced on Bates-stamped page 15 of FOIA Response.

- An unredacted copy of the September 14, 2016 AIR produced in redacted form at Bates-stamped p. 44-15 of the FOIA response.

- The 2006 email from Dr. [Redacted], referenced in the September 14, 2016 AIR at Bates-stamped page 46, paragraph 5 (which reads "At this time, Mr. [Redacted] was shown an email between him and Dr. [Redacted] in 2006.").

- An unredacted copy of Exhibit 2 to the Commander's Report of Disciplinary or Administrative Action included in the FOIA Response ("Commander's Report"), referencing (a) Procurement Contract to New Dynamics, (b) Memorandum for Record dated July 6, 2006, and (c) Email from Dr. [Redacted] advising Dual Ended CAE was evaluated by the Med R&D Command in 1995 and endorsed by the DOD hearing conservation Working Group in 1998.

- An unredacted copy of Exhibit 8 to the Commander's Report, consisting of Bates numbers 51-218 of the FOIA Response.

- An unredacted copy of Exhibits 9-11 to the Commander's Report, consisting of Bates numbers 219-240 of the FOIA Response.

- An unredacted copy of Exhibits 17-18 to the Commander's Report, consisting of Bates numbers 251-265 of the FOIA Response.

- Department of Army Pamphlet 40-501, referenced at Bates-stamped page 241 of the FOIA Response.

## II. Medical and Audiological Records

In addition to the plaintiff service members ("Plaintiff SMs") who have already brought suit, more Plaintiff SMs are retaining counsel to pursue claims on a near daily basis, a trend with no apparent end in sight. All Plaintiff SMs intend to seek their medical records and audiological testing and evaluation records maintained by various government agencies. Such records are highly relevant to Plaintiff SMs' claims in this action, as they will show changes in Plaintiff SMs' hearing over time, and can be used to support Plaintiffs' position that Defendants 3M Company and Aearo Technologies LLC's ("Defendants") dual-ended Combat Arms Earplug ("CAEv2") caused Plaintiffs' injuries. These records are also highly probative to damages in this action, as they will go towards showing the extent of Plaintiff SMs' hearing impairment.

Given the SM-specific information needed for such requests (social security number, branch of the military, rank(s) during service, etc.), Plaintiffs intend to be as efficient as possible and submit batch requests to the government on a rolling basis. The first such batch of SM information will be provided within the next two weeks. In the meantime, Plaintiffs provide the following description of the records they intend to seek, so that they may understand from the government whether any additional information, description, or authorizations are required.

### A. Health records including audiology specific records, and medical profiles from the military and the VA

Plaintiff SM's first request their audiological records from the Defense Occupational and Environmental Health Readiness System (DOEHRS), which is the information system/website where all initial and subsequent military audiograms are maintained. It is also the primary clinical trigger for obtaining an audiology consult for hearing loss while in the military. DOEHRS is a Defense Health Agency (DHA) system managed by the Defense Health Services Systems (DHSS) for entering, assessing, managing and reporting occupational and environmental exposures. DOEHRS consists of data from multiple areas, including industrial hygiene (IH), environmental health (EH), radiation (Rad) and incident reporting (IR). It is used for both garrison and deployment operations, is mandated by various DoD policies and public laws, and is the system used to maintain records for the Department of Defense longitudinal exposure records for service members.

Records sought by Plaintiff SMs include all hearing audiograms as well as all identified and documented IH noise hazards as required by OSHA in loud work sites.

The DOEHRS website is located here: https://doehrs-ih.csd.disa.mil. The DOEHRS site will provide:

   a. DD 2215s (Reference, or baseline, audiograms which SMs receive upon entering the military before being exposed to noise hazardous areas) (Note: there may be SMs with DD 2215s if such SMs re-entered military active duty)

   b. DD 2216s (periodic subsequent audiograms that SMs receive, which are compared to their baseline audiograms)

Plaintiffs request all DD 2215s and DD 2216s for the Plaintiff SMs.

Plaintiffs also seek other medical records and profiles from Plaintiff SM's time in the military which may pertain to their hearing loss. Such records include:

- Army: DA 689: Individual sick slips (paper copies or electronic)

- Army: DA 3349: Temporary and permanent medical/physical profiles, and later on, paper

4

and electronic profile forms using the PULHES format. Such forms began being stored electronically in or around 2010-2013.

- USAF: DD 2807-1: Report of medical history in order to assist DoD physicians in making determinations as to acceptability of applicants for military services and verifying disqualifying medical conditions.

- USAF: DD 2808: Report of medical examination for determination of medical fitness for enlistment, induction, appointment and retention for applicants and members of the Armed Forces.

The electronic DA 3349s are located on a software program called e-Profile located in the Medical Operational Data System ("MODS"). MODS is a part of the Military Health Services System (MHSS) and is used by commanders, as well as staff and functional managers in the Army Medical Department. It is interrelated with the Army's MEDPROS database. (Plaintiffs believe that the other forms they request are located in one or more of the MODS, MHSS, or MEDPROS databases and systems.

MEDPROS provides operational-line commanders with a real-time, world-wide operational system to manage the medical readiness of their unit. The MEDPROS database captures data for soldiers in all Army components, including active-duty, the National Guard and Army Reserve, civilian personnel, and all sister services. It is used in garrison and pre-deployment, as well as post-deployment, to provide commanders an overview of readiness and can be queried down to individual metrics. MEDPROS also shows trends in military units' hearing protection via hearing profiles for a military unit, which are classified as H1 (normal hearing), H2 (moderate hearing loss), and H3 (more severe hearing impairment), both during training and deployment cycles, as well as post-deployment. This readiness data is reported up the chain of command to the highest levels on both the operational war fighting side called FORSCOM as well as the readiness training side of the Army called TRADOC.

The comprehensive medical readiness data contained in MEDPROS relates to all medical readiness requirements pursuant to Army Regulation 600-8-101, including a SM's data relating to hearing tests conducted during Soldier Readiness Processing (SRP) used during the deployment process.

Plaintiffs request access to the MEDPROS database, and an Army liaison/office is requested to support this portal. This request would include access to pre-deployment, post-deployment and post re-deployment health assessments as conducted at SRP sites and re-deployment sites (PDHA and PDHRA) data for Plaintiff SMs.

Plaintiffs also request access to Plaintiff SMs audiology records maintained by the Defense Health Agency (DHA) in connection with Tricare, a health care program of the U.S. Department of Defense Military Health System. These audiology records would be included in

the military's electronic health record (ALTHA), a clinical information system that generates and maintains electronic access to comprehensive patient records. Similar to Plaintiffs' MEDPROS database request, Plaintiffs request the support of a single liaison office inside the DHA to assist Plaintiff in accessing these records. The DHA is run by Vice Adm. Raquel C. Bono and is located in West Falls Church, Virginia. The DHA operates under the authority and oversight of the Assistant Secretary of Defense for Health Affairs.

### B. Plaintiffs request access to VA health records, and specifically VA disability ratings and audiology records for Plaintiff SMs

Plaintiffs request access to all VA audiograms and audiology records for Plaintiff SMs, including access to all contracted disability benefits questionnaires (DBQs). This request includes records related to consultations and audiograms performed by contracted third-party providers on behalf of the VA, such as LHI and QTC.

### III. Individual Service Member (SM) Administrative/Personnel records

Similar to the medical records set forth in Section II above, Plaintiff SMs intend to request their administrative/personnel records, as such records are relevant to showing when and where the Plaintiff SMs used the CAEv2. These administrative/personnel records may also detail instances in which Plaintiff SMs' hearing was damaged as a result of wearing the CAEv2. In connection with this request, Plaintiffs ask that they be provided access to a liaison/office for each military branch in order to facilitate the collection of these records for active duty, discharged and retired SMs. For example, the liaison for the Army is the Human Resource command (HRC) located at 1600 Spearhead Division Rd, Fort Knox, KY 40121.

Also similar to the medical records set forth in Section II above, Plaintiffs will provide batch requests with Plaintiff SM-specific information on a rolling basis, the first batch of which will be provided within the next two weeks. The following categories are provided in the meantime for the government's review and, as warranted, feedback.

Below are the types of records to which Plaintiffs request access, understanding that the personnel records available are specific to the branch of military in which a Plaintiff SM served, and the rank(s) they obtained while in the service:

- OERs – Officer Evaluation Reports
- ORBs – Office Record Brief
- NCOER – Noncommissioned Officer Evaluation Report
- ERBs – Enlisted Record Brief
- Deployment Orders and records
- Fire Range Records and weapons qualifications (typically hand carried by the SM, at least in the Army)

- DD214 (Upon release from military service, a DD214 is issued by the respective branch of service)

Plaintiffs understand at this juncture that obtaining personnel records from the National Guard and Reserve Forces will require a separate process, as each state maintains National Guard records. The National Guard Bureau (NGB) and the U.S. Army Reserve Command (USARC) will need to be consulted in connection with accessing personnel records for the Plaintiff SMs. For the Army, the headquarters for the Army Reserves (USARC) is located at Fort Bragg in North Carolina.

**IV.    Administrative Matters**

Plaintiffs will bear the cost of duplicating and producing the documents sought by this *Touhy* request. Costs will be paid by check or money order payable to the Treasury of the United States. Any requests for assistance with any information to be electronically transmitted should be made to Shelley Hutson, co-lead counsel for Plaintiffs, at (713)757-1400 or shutson@triallawfirm.com. Plaintiffs are willing to work with all Federal agencies implicated in this request in order to properly narrow or tailor the scope of this and any future request. In addition, Plaintiffs have narrowly tailored the background section of these requests in an effort to avoid duplication of information contained in 3M's June 21, 2019 *Touhy* request. However, should you require additional information as to the relevancy of any document listed in this request, we would be happy to provide it at your convenience.

Should you have any questions or require any additional information concerning this request, please do not hesitate to contact me. Thank you for your assistance.

Sincerely,

Shelley Hutson

Co-Lead Counsel for Plaintiffs.

CC:
Michael J. Fucci
Associate General Counsel
Department of Defense
Michael.j.fucci.civ@mail.mil