UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Gary R. Jones ) |
| *Ricardo Duncan*<br>    Case No. 7:20-cv-03420 | ) ) ) |
| *William O'Farrell*<br>    Case No. 8:20-cv-25438 | ) ) ) |
| *Daniel Perrine*<br>    Case No. 8:20-cv-25876 | ) ) ) |
| *Michael Sheppard*<br>    Case No. 7:20-cv-50862 | ) ) ) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 2 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order Wave 2 Plaintiffs Ricardo Duncan, William O'Farrell, Daniel Perrine, and Michael Sheppard to show cause as to why their cases should not be dismissed with prejudice for their failure to comply with discovery deadlines, in violation of Case Management Order ("CMO") 34 (Dkt. No. 2787) ("Wave Order #2").

64884836.v1

## I.  FACTUAL BACKGROUND

Under Wave Order #2, all Wave 2 fact discovery must be completed by July 5, 2022—*five days from today*. *See* CMO 34 § I.6 (Dkt. No. 2787). Accordingly, the Court ordered each Wave 2 Plaintiff to undergo a Defense Medical Exam ("DME") at Defendants' request. *See* CMO 34 §§ I.4, II.3 (Dkt. No. 2787); Pretrial Order No. 56 (Dkt. No. 1477). In turn, Defendants were to submit each Plaintiff's DME report to Plaintiff by yesterday, June 29, 2022. CMO 34 §§ I.4 (Dkt. No. 2787). §§ I.4, I.5, II.3. Certain Plaintiffs' failure to undergo a DME by the June 29, 2022 deadline is now at issue.

**A. Plaintiff Ricardo Duncan (7:20-cv-03420) failed to undergo a DME.**

The parties agreed that Plaintiff Ricardo Duncan would undergo a DME on May 12, 2022. *See* Ex. 1, Duncan DME Not. (May 12, 2022). On May 3, 2022, Plaintiff cancelled his May 12, 2022 DME appointment due to a work conflict. Ex. 2, Duncan Cancellation (May 12, 2022). Plaintiff's DME was then rescheduled for June 10, 2022. Ex. 3, Duncan DME Not. (June 10, 2022). On that date, Plaintiff failed to appear. Ex. 4, Duncan Emails. After repeated attempts to reschedule Plaintiff's appointment (*see id.*), the parties agreed that Plaintiff would undergo a DME on June 22, 2022. *See* Ex. 5, Duncan DME Not. (June 22, 2022). But, again, Plaintiff failed to appear. Ex. 4, Duncan Emails. Following significant efforts to schedule a fourth DME appointment for Plaintiff, the parties agreed that he would

undergo a DME on June 28, 2022—the day before the deadline to complete all Wave 2 Plaintiffs' DMEs. Ex. 6, Duncan DME Not. (June 28, 2022). Plaintiff nevertheless failed to appear for his fourth DME appointment. Ex. 4, Duncan Emails. Plaintiff's failure to undergo a DME before the deadline is a violation of Wave Order #2.

### B. Plaintiff William O'Farrell (8:20-cv-25438) failed to undergo a DME.

The parties agreed that William O'Farrell would undergo a DME on May 2, 2022. Ex. 7, O'Farrell DME Not. (May 2, 2022). On that date, Plaintiff failed to appear. Ex. 8, O'Farrell Provider Emails. The parties agreed to reschedule Plaintiff's DME for June 29, 2022—the deadline to complete all Wave 2 Plaintiffs' DMEs. Ex. 9, O'Farrell DME Not. (June 29, 2022). Again, Plaintiff failed to appear. Ex. 10, June 29 O'Farrell Emails. Plaintiff's failure to undergo a DME before the deadline is a violation of Wave Order #2.

### C. Plaintiff Daniel Perrine (8:20-cv-25876) failed to undergo a DME.

Plaintiff Daniel Perrine's counsel requested that Plaintiff's DME take place in either Bend, Springfield, or Eugene, Oregon. Ex. 11, Perrine Emails. Defendants' counsel, in turn, undertook efforts to secure appointments for Plaintiff in Bend, Oregon, Plaintiff's preferred location. *Id.* The parties then agreed that Plaintiff Daniel Perrine would undergo a DME on June 23, 2022, in Bend, Oregon. Ex. 12, Perrine DME No. (June 23, 2022). On that date, Plaintiff failed to appear for his appointment. Ex. 11, Perrine Emails. Defendants' counsel alerted Plaintiff's counsel

of Plaintiff's failure to appear and offered "[t]he only remaining slot," which was June 27, 2022—two days before the deadline to complete all Wave 2 Plaintiffs' DMEs. *Id.* Plaintiff's counsel was unable to reach Plaintiff before the appointment lapsed. *See id.* Defendants' counsel worked with the DME provider in Plaintiff's preferred city to secure two new appointments from which Plaintiff could choose: June 28, 2022 at 4:00 PM or June 29, 2022 at 8:30 AM. *Id.* The DME provider held the June 29, 2022 at 8:30 AM appointment for Plaintiff while his counsel determined his availability. *Id.* The night before the last-possible appointment, at 9:24 PM, Plaintiff's counsel alerted Defendants' counsel that Plaintiff would be "unable to make the 8:30 a.m., appointment due to his work schedule." *Id.* Plaintiff's failure to undergo a DME before the deadline is a violation of Wave Order #2.

### D. Plaintiff Michael Sheppard (7:20-cv-50862) failed to undergo a DME.

The parties agreed that Plaintiff Michael Sheppard would undergo a DME on June 2, 2022, in Sherman Oaks, California. Ex. 13, Sheppard DME Not. (June 2, 2022). On that date, Plaintiff did not appear for his appointment. *See* Ex. 14, Sheppard Emails. Plaintiff's counsel requested that Plaintiff's DME be scheduled with a provider in Bakersfield, instead of Sherman Oaks. *Id.* Accordingly, Plaintiff's DME was rescheduled for June 21, 2022, in Bakersfield, California. Ex. 15, Sheppard DME Not. (June 21, 2022). Again, Plaintiff failed to appear for his appointment. *See* Ex. 14, Sheppard Emails. Defendants' counsel offered Plaintiff six

64884836.v1

new appointment times, and Plaintiff selected an appointment date of June 27, 2022—two days before the deadline to complete all Wave 2 Plaintiffs' DMEs. Ex. 16, Sheppard DME Not. (June 27, 2022). For a third time, Plaintiff failed to appear. Ex. 14, Sheppard Emails. Plaintiff's failure to undergo a DME before the deadline is a violation of Wave Order #2.

## II.  ANALYSIS

The above Plaintiffs failed to comply with Wave Order #2. Defendants respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[1] and order these Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #2.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, June 28, 2022 Order (Dkt No. 9) (dismissing case with prejudice for failure to undergo a

---

[1] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

DME). "This authority has particular significance in the MDL context" (*id.*), where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules" (*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021)). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, June 28, 2022 Order (Dkt No. 9) (dismissing case with prejudice for failure to undergo a DME).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji*

64884836.v1

*v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition); *Nwabeke v. Torso Tiger, Inc.*, 194 F. App'x 669, 670 (11th Cir. 2006) (deeming dismissal with prejudice to be an appropriate sanction where a party fails to appear for a Rule 35 medical examination and there exists a "willful pattern of delay and obstruction of the orderly progress of the case"); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (affirming dismissal with prejudice where plaintiff failed to appear for deposition); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery); *see, e.g.*, *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed for plaintiff's failure to appear for deposition and scheduled Rule 35 examination); *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed where plaintiff failed to appear for deposition).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (Dkt. No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 2 on February 22, 2022, and immediately put on notice that they had certain discovery obligations, including providing records including appearing for

64884836.v1

depositions and undergoing DMEs. CMO 34 (Dkt. No. 2787). Nevertheless, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #2.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* Wave 2 fact discovery closes in just ***five days***, and Plaintiffs' noncompliance compromises Defendants' ability to defend against Plaintiffs' claims. Specifically, Defendants are unable to comply with their fact and expert discovery obligations or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

## III. Conclusion

As set forth above, the above-identified Plaintiffs have failed to comply with Wave Order #2. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: June 30, 2022

*/s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071

64884836.v1

        Telephone: (213) 808-5762
        kimberly.branscome@dechert.com

        Robert C. "Mike" Brock
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        Tel.: (202) 389-5991
        mike.brock@kirkland.com

        Mark J. Nomellini
        KIRKLAND & ELLIS LLP
        300 North LaSalle
        Chicago, Illinois 60654
        Tel.: (312) 862-3254
        mnomellini@kirkland.com

        *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified herein have failed to comply with this Court's Order.

DATED: June 30, 2022        */s/ Kari L. Sutherland*
                                            Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,745 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: June 30, 2022                 */s/ Kari L. Sutherland*
                                     Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: June 30, 2022                 */s/ Kari L. Sutherland*
                                     Kari L. Sutherland
                                     BUTLER SNOW LLP
                                     1200 Jefferson Ave., Suite 205
                                     Oxford, Mississippi 38655
                                     Telephone: (662) 513-8002
                                     kari.sutherland@butlersnow.com

                                     *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*