UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | Case No. 3:19-md-2885 |
| | Judge M. Casey Rodgers |
| This Document Relates to: | Magistrate Judge Gary R. Jones |
| *Branch v. 3M Co. et al.*, No. 7:20-cv-08577 *Lewis v. 3M Co. et al.*, No. 7:20-cv-10872 *Ellis v. 3M Co. et al.*, No. 7:20-cv-07894 *Brady v. 3M Co. et al.*, No. 7:20-cv-68945 | |

**DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS FOR ADDITIONAL WAVE 2 FACT WITNESS DEPOSITIONS**

On June 24, 2022, Defendants moved to compel compliance with subpoenas for a number of Wave 2 fact witnesses who were subpoenaed for depositions but failed to appear. The Court granted the motion on June 29, 2022. Dkt. No. 3253.

Since Defendants' motion they have learned of four additional Wave 2 fact witnesses who have not complied with lawful subpoenas. Defendants request the same relief: That the Court enter an order compelling these witnesses' compliance. Defendants reserve the right to request that the Court enter orders of contempt should the noncompliance continue.

1

I.  FACTUAL BACKGROUND

In August 2021, citing concern for "the unprecedented backlog of cases," the Court deemed it necessary to accelerate discovery for the then-more-than 280,000 cases remaining in this MDL. CMO 21 at 2 (Dkt. No. 1881). The Court notified the parties of its intention "to enter a new Wave Order every 3 months with an 8-month discovery schedule for each wave." *Id.* On February 22, 2022, the Court entered Wave Order #2, setting an accelerated discovery schedule for 500 cases, including these. *See* CMO 34 (Dkt. No. 2787).

Pertinent here, CMO 34 requires that fact depositions be taken by July 5, 2022. The witnesses addressed in this motion are one friend and three former spouses of Plaintiffs. They were all subpoenaed to provide fact witness testimony relevant to the facts and allegations in these lawsuits, yet none of these witnesses appeared for their depositions. Specifically:

1.  **Bradford Towry (*Branch v.  v. 3M Co. et al.*, No. 7:20-cv-08577).** Witness Bradford Towry is a friend of Plaintiff Jason Branch (Case No. 7:20-cv-08577). Mr. Towry was identified by Mr. Branch as a person with whom Mr. Branch has discussed his hearing loss and tinnitus. *See* Ex. 1, Branch Dep. at

79:23-80:20. Mr. Towry was personally served by process server on June 22, 2022. Ex. 2. He failed to appear at her June 28, 2022, deposition.[1]

2.     **Kelly Lockhart (*Lewis v. 3M Co. et al.*, No. 7:20-cv-10872).** Witness Kelly Lockhart is the former spouse of Plaintiff Thomas Lewis (Case No. 7:20-cv-10872). She was personally served by process server on June 9, 2022. Ex. 3. She failed to appear at her June 23, 2022, deposition. *See* Tr., Ex. 4.

3.     **Katrina Shores (*Ellis v. 3M Co. et al.*, No. 7:20-cv-07894).** Witness Katrina Shores is the former spouse of Plaintiff Christopher Ellis (Case No. 7:20-cv-07894). She was personally served by process server on June 10, 2022. Ex. 5. She failed to appear at her June 24, 2022, deposition.[2]

4.     **Sondra Dalrymple Brady (*Brady v. 3M Co. et al.*, No. 7:20-cv-68945).** Witness Sondra Dalrymple Brady is the former spouse of Plaintiff Aaron Brady (Case No. 7:20-cv-68945). She was personally served by process server on June 15, 2022. Ex. 6. She failed to appear at her July 1, 2022, deposition.[3]

## II.     ANALYSIS

As the Court has observed, it "has authority to compel compliance with a lawful deposition subpoena." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*,

---

[1] Defendants do not yet have the transcript from Mr. Towry's non-appearance.
[2] Defendants do not yet have the transcript from Ms. Shores's non-appearance.
[3] Defendants do not yet have the transcript from Ms. Brady's non-appearance.

Dkt. No. 3253, p. 3; *see also* 28 U.S.C. § 1407(b) (providing that MDL Court "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."); Fed. R. Civ. P. 45(g) (stating that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *Hernandez v. Tregea*, 2:07-CV-149-FTM34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008) ("Rule 45(a)(2)(B) authorizes a party to compel a non-party to appear and provide deposition testimony").

Plaintiffs cannot dispute that these witnesses possess relevant information concerning their observations of the Plaintiffs' hearing loss and/or tinnitus, Plaintiffs' usage of hearing protection, Plaintiffs' alleged damage, and Plaintiffs' daily behaviors and potential alternative causes.  *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  Accordingly, discovery of their testimony is proper, and the witnesses have not raised any concern about undue burden or other circumstance requiring that the deposition not proceed.

### III.   CONCLUSION

For these reasons, Defendants respectfully request that the Court compel compliance with the above-listed fact witness deposition subpoenas. Specifically, Defendants request that the Court issue an order compelling compliance with the subpoenas and advising the witnesses that failure to appear at the rescheduled deposition without adequate cause may result in the issuance of an order of civil contempt.

DATED: July 1, 2022

/s/ *Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and*

*Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 796 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: July 1, 2022              */s/ Kimberly Branscome*
                                 Kimberly Branscome

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

/s/ *Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*