UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to Wave 3 Cases Identified in Exhibit A | ) Magistrate Judge Gary R. Jones ) ) ) ) |

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 3 Plaintiffs identified in Exhibit A to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with the written discovery deadlines set forth in Case Management Order ("CMO") 47 (Dkt. No. 3126) ("Wave Order #3").[1]

I.   **FACTUAL BACKGROUND**

Under Wave Order #3, all Wave 3 fact discovery must be completed by September 30, 2022. *See* CMO 47 § I.10 (Dkt. No. 3126). Accordingly, the Court

---

[1] Defendants continue to meet and confer with Plaintiffs who provided deficient discovery responses. Only those Plaintiffs who failed to provide discovery responses are the subject of this Motion.

permitted Defendants to serve written discovery on all Wave 3 Plaintiffs by July 7, 2022. *Id.* § I.6. Defendants served their First Set of Interrogatories and First Set of Requests for Production on all Wave 3 Plaintiffs on May 25, 2022, making their responses due by June 24, 2022. *See id.* (providing that responses are due "within 30 days of receipt").

However, **ninety-two** Plaintiffs failed to serve responses to Defendants' First Set of Interrogatories, and **ninety** Plaintiffs failed to serve responses to Defendants' First Set of Requests for Production by the June 24, 2022 deadline, in violation of Wave Order #3. As a courtesy, on June 25, 2022, Defendants' counsel notified Plaintiffs' counsel of their noncompliance and asked that they comply by June 28, 2022.

As of the date of this filing, thirty-nine Wave 3 Plaintiffs, identified in Exhibit A, have not served responses to Defendants' First Set of Interrogatories and/or First Set of Requests for Production and thus continue in their noncompliance with Wave Order #3.

II.   ANALYSIS

Defendants respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[2] and order the Plaintiffs identified in

---

[2] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006)

2

Exhibit A to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to comply with discovery); Apr. 20, 2022 Order (Dkt. No. 3027) (same). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has repeatedly explained:

---

(affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

3

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice."); May 6, 2022 Order (dismissing 19,934 claims for plaintiffs' failure to submit and DD214 or a DoD Military Service Information Report, in violation of the Court's discovery order).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*,

4

8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (Dkt. No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 3 on May 23, 2022, and immediately put on notice that they had certain discovery obligations, including responding to written discovery requests. CMO 47 (Dkt. No. 3126). Despite having received notice of their noncompliance and being permitted additional time to respond, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #3.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* The deadline for deposing all Wave 3 Plaintiffs is September 6, 2022, and Wave 3 fact discovery closes just three weeks later. Plaintiffs' dilatory conduct compromises Defendants' ability to defend against Plaintiffs' claims. Specifically, without written discovery, Defendants are unable to review all relevant records, fully prepare for Plaintiffs' depositions, comply with their fact and expert discovery obligations, and/or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further

diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III.     Conclusion

As set forth above, the Plaintiffs identified in Exhibit A have failed to comply with Wave Order #3. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: July 1, 2022

/s/ Kari L. Sutherland
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-3254
mnomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified in Exhibit A have failed to comply with this Court's Order.

DATED: July 1, 2022            */s/ Kari L. Sutherland*
                                Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,159 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: July 1, 2022            */s/ Kari L. Sutherland*
                                Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: July 1, 2022

*/s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*