# EXHIBIT 8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DEVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) | |
| EARPLUG PRODUCTS ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION ) | Civil Action No.: 8:20-cv-30619 |

## PLAINTIFF JUNIOR ZUNIGA'S SUPPLEMENTAL OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION PLAINTIFF

TO:   Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Junior Zuniga, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Supplemental Responses to Defendant 3M's ("Defendant" or "3M") First Set of Requests for Production to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated: May 13, 2022                **Respectfully submitted,**

                                   By:   /s/ Kenneth J. Wink, Jr.
                                         Kenneth J. Wink, Jr.
                                         MURRAY LAW FIRM
                                         701 Poydras Street, Suite 4250
                                         New Orleans, LA 70139
                                         Telephone: 504-525-8100
                                         Facsimile: 504-584-5249
                                         Email: kwink@murray-lawfirm.com

                                         *Attorney for Plaintiff*

1

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS'**

**FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 10:**

All data And electronically stored information regarding your hearing And hearing health from Any and All smartphones, tablets, Apple Watches, hearing aids, Or other electronic devices from one year preceding the date you first used the CAEv2 earplugs until present, including but not limited to hearing aid usage, headphone audio level data, audiograms, environmental sound levels, noise exposure levels, headphone notifications, And noise notifications. Defendants are prepared to meet and confer to discuss a process or protocol for production of this information.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information which is not relevant, is designed to harass and embarrass Plaintiff, and is disproportionate to the needs of the case. This request is vague, ambiguous, and overly broad because, if read literally, it would require Plaintiff to provide information outside of Plaintiff's possession, custody, or control. This request is overly broad and seeks information which is not relevant because it requires Plaintiff to provide audio information that has no probative value; this request is a fishing expedition. Defendant's request is designed to harass and/or embarrass Plaintiff by forcing Plaintiff to turn over non relevant sensitive and personal information on Plaintiff's devices. Plaintiff will have to submit his devices—devices used for work and social activity—to forensic examination in order to provide this non relevant information.

Notwithstanding the prior objections, Documents provided in JOZ1065.1296-1325.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 13, 2022, a true and correct copy of the foregoing

**PLAINTIFF JUNIOR ZUNIGA'S SUPPLMENTAL RESPONSES TO DEFENDANT 3M's FIRST SET OF REQUESTS FOR PRODUCTION PLAINTIFF**

was served as follows:

[MDL CENTRALITY] By electronically serving the above document via the MDL Centrality Plaintiff Portal ID Number 96876 pursuant to CMO 31 (ECF No.2304)

/s/ Kenneth J. Wink, Jr.
Kenneth J. Wink, Jr.
