# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DEVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) | |
| EARPLUG PRODUCTS ) | CASE NO. 7:20-cv-63698-MCR-GRJ |
| LIABILITY LITIGATION ) | |

**PLAINTIFF WILLIAM LESLIE'S OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION PLAINTIFF**

TO:   Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, William Leslie, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Responses to Defendant 3M's ("Defendant" or "3M") First Set of Requests for Production to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated: April 4, 2022   **Respectfully submitted,**

/s/ Nicole Berg
Nicole Berg (IL Bar # 6305464)*
ncb@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220
*Admitted Pro Hac Vice*

1

to this request on the ground that it is overbroad, unduly burdensome, vague, ambiguous, and unclear. Further, Plaintiff reserves the right to supplement.

Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents and communications responsive to this Request. Plaintiff will contemporaneously provide any responsive documents not yet previously produced or provided in this litigation. Plaintiff reserves the right to supplement.

**REQUEST FOR PRODUCTION NO. 10:**

All data And electronically stored information regarding your hearing And hearing health from Any and All smartphones, tablets, Apple Watches, hearing aids, Or other electronic devices from one year preceding the date you first used the CAEv2 earplugs until present, including but not limited to hearing aid usage, headphone audio level data, audiograms, environmental sound levels, noise exposure levels, headphone notifications, And noise notifications. Defendants are prepared to meet and confer to discuss a process or protocol for production of this information.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information which is not relevant, is designed to harass and embarrass Plaintiff, and is disproportionate to the needs of the case. This request is vague, ambiguous, and overly broad because, if read literally, it would require Plaintiff to provide information outside of Plaintiff's possession, custody, or control. This request is overly broad and seeks information which is not relevant because it requires Plaintiff to provide audio information that has no probative value; this request is a fishing expedition. Defendant's request is designed to harass and/or embarrass Plaintiff by forcing Plaintiff to turn over non relevant sensitive and personal information on Plaintiff's devices. Plaintiff will have to submit his devices—devices used for work and social activity—to forensic examination in order to provide this non relevant information. Forensic examination of the devices will be costly, and Plaintiff will have to purchase and use alternative devices while his devices are being analyzed.