# EXHIBIT 10

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | |
| EARPLUG PRODUCTS | ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| This Document Relates To: | ) | |
| *Charles Grant Byrd, III v 3M Company et* | ) | |
| *al.* | ) | |
| Case No. 7:20-cv-12573-MCR-GRJ | | |

## PLAINTIFF CHARLES GRANT BYRD, III'S OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION PLAINTIFF

TO:    Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Charles Grant Byrd, III, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Responses to Defendant 3M's ("Defendant" or "3M") First Set of Requests for Production to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated: April 4, 2022                Respectfully Submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, FL Bar No. 78263
Douglass A. Kreis, FL Bar No. 129704
Caitlyn Prichard Miller, FL Bar No. 126097
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
baylstock@awkolaw.com
dkreis@awkolaw.com
cprichard@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449
*Attorneys for Plaintiff*

1

to this request on the ground that it is overbroad, unduly burdensome, vague, ambiguous, and unclear.  Further, Plaintiff reserves the right to supplement.

Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents and communications responsive to this Request and responds as follows: Plaintiff does not have any responsive documents beyond the military and medical records previously produced.

## REQUEST FOR PRODUCTION NO. 10:

All data And electronically stored information regarding your hearing And hearing health from Any and All smartphones, tablets, Apple Watches, hearing aids, Or other electronic devices from one year preceding the date you first used the CAEv2 earplugs until present, including but not limited to hearing aid usage, headphone audio level data, audiograms, environmental sound levels, noise exposure levels, headphone notifications, And noise notifications. Defendants are prepared to meet and confer to discuss a process or protocol for production of this information.

## RESPONSE:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information which is not relevant, is designed to harass and embarrass Plaintiff, and is disproportionate to the needs of the case. This request is overly burdensome, as it requires Plaintiffs to gather data from devices that possess no means of exporting raw data into a consumable and transferable format, Plaintiffs would be forced to improvise an imperfect means of capturing data in its non-native format, thus subjecting the data to human error and rendering the data inaccurate and therefore irrelevant. Supplementally and in the alternative, this request is overly burdensome as Plaintiff will have to submit his/her devices—devices used for work and social activity—to forensic examination in order to provide this non relevant information. Forensic examination of the devices will be costly, may subject the devices to damage or destruction, and Plaintiff will have to purchase and/or use alternative devices while his devices are being analyzed.

This request is vague, ambiguous, and overly broad because, if read literally, it would require Plaintiff to provide information outside of Plaintiff's possession, custody, or control, as the request does not distinguish between devices used exclusively by Plaintiff and those used by multiple persons. Plaintiff, in such circumstance would require authorization from other device user(s) prior to disclosure. Further it requires Plaintiff to turn over information from devices that they may not own without consent of the actual owner(s), nor does it distinguish between data within the hard drive of the device, a parent device, or only accessible via a third-party's server. This request is overly broad and seeks information which is not relevant because it requires Plaintiff to provide audio information that has no probative value. The request fails to take into consideration or distinguish data which may be collected while Plaintiff is not in the presence of the device; further, wearable technology may or may not be classified as a medical device and those not classified would not subjected to the rigorous standards of devices manufactured for such use, nor does the Plaintiff possess the necessary expertise to distinguish "proper" or "intended" use of the device for the purposes of calibration and accurate measurement. Put simply, this request is a fishing

expedition. Defendant's request is designed to harass and/or embarrass Plaintiff by forcing Plaintiff to turn over non relevant sensitive and personal information on Plaintiff's devices.

Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents and communications responsive to this Request and responds as follows: Plaintiff does not have any responsive documents beyond the military and medical records previously produced.