# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | |
| EARPLUG PRODUCTS | ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION | ) | |
| | ) | Judge M. Casey Rodgers |
| This Document Relates to: | ) | |
| | ) | Magistrate Judge Gary R. Jones |
| ADAM FLETCHER | ) | |
| Civil Case No. 7:20-cv-41943 | ) | |

**PLAINTIFF ADAM FLETCHER'S SUPPLEMENTAL**
**OBJECTIONS & RESPONSES TO DEFENDANT 3M'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

TO:   Defendant 3M Company ("3M"), and through its Attorneys of Record:
Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL
60654; and
Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654.

COMES NOW, Plaintiff Adam Fletcher ("Plaintiff"), through the

undersigned attorneys, and in accordance with the Federal Rules of Civil Procedure,

submits the following Supplemental Responses to Defendant 3M's ("Defendant" or

"3M") First Set of Requests for Production to Plaintiff. Supplemental or amended

information is italicized. As discovery in this matter is ongoing, Plaintiff reserves

the right to amend, supplement, modify, or change his responses.

Dated: April 25, 2022.          **Respectfully submitted,**

                                        By:   */s/ Leanna B. Pittard*
                                              Henry G. Garrard III
                                              Sara Schramm

1

Leanna B. Pittard
BLASINGAME, BURCH,
GARRARD & ASHLEY, P.C.
P.O. Box 832
Athens, GA 30601
Telephone: (706) 354-4000
hgarrard@bbga.com
sschramm@bbga.com
lpittard@bbga.com

*Attorneys for Plaintiff*

2

**RESPONSE:**

Plaintiff objects to this request because it seeks information which is not relevant and/or is sought solely for the purposes of harassment, embarrassment, or as part of Defendant's fishing expedition. Plaintiff objects to the extent that this request improperly seeks to invade the protections afforded under the attorney-client privilege, consulting expert privilege and/or the attorney work product doctrine, pursuant to Fed. R. Civ. P. 26(b)(5). Plaintiff objects to the extent that this request presupposes that the information and/or documentation sought is or was contained or commemorated in a written document or record, which is not necessarily accurate. Plaintiff objects to this request on the ground that it is overbroad, unduly burdensome, vague, ambiguous, and unclear.  Further, Plaintiff reserves the right to supplement.

Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for documents and communications responsive to this Request and responds as follows:  Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

All data And electronically stored information regarding your hearing And hearing health from Any and All smartphones, tablets, Apple Watches, hearing aids, Or other electronic devices from one year preceding the date you first used the CAEv2 earplugs until present, including but not limited to hearing aid usage, headphone audio level data, audiograms, environmental sound levels, noise exposure levels, headphone notifications, And noise notifications. Defendants are prepared to meet and confer to discuss a process or protocol for production of this information.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information which is not relevant, is designed to harass and embarrass Plaintiff, and is disproportionate to the needs of the case. This request is vague, ambiguous, and overly broad because, if read literally, it would require Plaintiff to provide information outside of Plaintiff's possession, custody, or control. This request is overly broad and seeks information which is not relevant because it requires Plaintiff to provide audio information that has no probative value; this request is a fishing expedition. Defendant's request is designed to harass and/or

embarrass Plaintiff by forcing Plaintiff to turn over non relevant sensitive and personal information on Plaintiff's devices. Plaintiff will have to submit his/her devices—devices used for work and social activity—to forensic examination in order to provide this non relevant information. Forensic examination of the devices will be costly, and Plaintiff will have to purchase and use alternative devices while his/her devices are being analyzed.

Subject to and without waiving the foregoing general and specific objections, Plaintiff has conducted a proportional and reasonably diligent search for the data and electronically stored information requested and responds as follows: to the extent such data or information exists, Plaintiff is not aware of it and/or does not have the technical knowledge to extract or produce it.

DATED: April 25, 2022.                    Respectfully submitted,

By:    */s/ Leanna B. Pittard*
       Henry G. Garrard III
       Sara Schramm
       Leanna B. Pittard
       BLASINGAME, BURCH,
       GARRARD & ASHLEY, P.C.
       P.O. Box 832
       Athens, GA 30601
       Telephone: (706) 354-4000
       hgarrard@bbga.com
       sschramm@bbga.com
       lpittard@bbga.com

       *Attorneys for Plaintiff*

16