# EXHIBIT 24

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DEVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) | |
| EARPLUG PRODUCTS ) | CASE NO. 3:19-MD-2885 |
| LIABILITY LITIGATION ) | Civil Action No.: 8:20-cv-30619 |

**PLAINTIFF JUNIOR ZUNIGA RESPONSES TO DEFENDANT 3M'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO: Defendant 3M Company ("3M"), and through its Attorneys of Record: Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Junior Zuniga, through the undersigned attorney, and in accordance with the Federal Rules of Civil Procedure, submits the following Plaintiff's Responses to Defendant 3M's ("Defendant" or "3M") Amended First Set of Interrogatories to Plaintiff. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, modify, or change his responses.

Dated: 4/4/2022              **Respectfully submitted,**

By:    /s/ Kenneth J. Wink, Jr.
       Kenneth J. Wink, Jr.
       MURRAY LAW FIRM
       701 Poydras Street, Suite 4250
       New Orleans, LA 70139
       Telephone: 504-525-8100
       Facsimile: 504-584-5249
       Email: kwink@murray-lawfirm.com

                *Attorney for Plaintiff*

1

will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation.

Notwithstanding said objections, and without waiving same, as limited by Plaintiff's personal knowledge and recollection, Plaintiff sustained the following injuries: In late 2003, while in Iraq, Plaintiff was hit with shrapnel and tore his rotator cuff in his shoulder while riding in a Humvee convoy that was attacked.

**INTERROGATORY NO. 8:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, And the dates in which You engaged in such activity.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicles" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or "train noise" or "etc." Further, Plaintiff objects to the extent that this Interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noise," which is subjective, potentially prejudicial, patently overbroad, vague, and unclear.

11

Plaintiff also objects on the ground that Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this Interrogatory pre-supposes that activities such as "sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc." create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises that may include "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including instances "in which You were exposed to loud noise," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device during certain activities. Plaintiff objects to this Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or to the information Defendants sought in Plaintiff's Census Form . Fed. R. Civ. P. 26(b)(2)(C).

    Notwithstanding said objections, and without waiving same, Plaintiff was exposed to the following noise-producing devices and/or activities outside of his military service: Plaintiff has attended approximately four minor league baseball games between 2019-2022 and attended a Miami Heat game in April of 2021. Plaintiff recalls attending the following events with music: school dance event for his children in February 2019, a Christmas party at a friend's house in

December 2016, a Zumba event a friend was DJ'ing in August 2015 and March 2015, his son's birthday party in April 2013, and a Halloween party with outdoor music in October 2011. Plaintiff does not specifically recall every event with a form of live music in the past twenty years that he has attended. Plaintiff uses personal headphones when working out approximately once to twice a week at a normal volume. Plaintiff attended local July 4th events that had fireworks at a distance in 2019 and 2021. Plaintiff DJs small events as a side hobby approximately once to twice a year, including birthday parties and weddings. Plaintiff has had this hobby since approximately 2012. At these events, Plaintiff generally wears protective headphones, allowing him to control the volume of the music in those headphones. To the best of Plaintiff's recollection, Plaintiff provided DJ services at the following events: local Water Park event outdoors in Aug of 2014, Children's birthday party in September 2014, local outdoor festival in October of 2014, University of Arkansas Latin Club event in October 2014, DJ event in October 2014, his son's school dance in April 2015, and a friend's outdoor wedding in June of 2020. Plaintiff also attended a motorcycle rally with his family in September of 2012.

**INTERROGATORY NO. 9:**

Identify All healthcare providers (excluding Department of Defense or VA health care providers) You visited or from which You received healthcare services or medical treatment before, during, Or after Your Military service, including the healthcare provider's name And address, the dates You received services from the healthcare provider, the type of services received, And whether the provider provided exclusively mental health treatment.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 4, 2022, a true and correct copy of the foregoing

**PLAINTIFF JUNIOR ZUNIGA'S RESPONSES TO DEFENDANT 3M's FIRST SET OF INTERROGATORIES TO PLAINTIFF**

was served as follows:

[MDL CENTRALITY] By electronically serving the above document via the MDL Centrality Plaintiff Portal ID Number 96876 pursuant to CMO 31 (ECF No.2304)

/s/ Kenneth J. Wink, Jr.  
Kenneth J. Wink, Jr.