UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 )  )  )  ) Judge M. Casey Rodgers ) |
| This Document Relates to Wave 3 Cases Identified in Exhibits A and B | ) Magistrate Judge Gary R. Jones )  )  )  ) |

## DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY

Defendants move the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the ***eighty-two***[1] Wave 3 Plaintiffs identified in Exhibits A and B to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with the written discovery deadlines set forth in Case Management Order ("CMO") 47 (Dkt. No. 3126) ("Wave Order #3") and/or

---

[1] On July 1, 2022, Defendants filed a Motion to Show Cause regarding an additional thirty-nine Wave 3 Plaintiffs who failed to respond to Defendants' First Set of Interrogatories and Requests for Production. Dkt. No. 3262. Thus, ***at least 99*** Wave 3 Plaintiffs—representing ***more than 20%*** of all Wave 3 Plaintiffs—have not complied with the earliest discovery deadlines in Wave 3. Considering the expedited schedule of wave discovery, including the September 6, 2022 deadline to depose all Plaintiffs and the September 30, 2022 close of fact discovery, Defendants are particularly troubled by this significant rate of noncompliance. Plaintiffs' dilatory conduct threatens to disrupt the Court's tight schedule, which was intended to "accelerate the discovery" in each Wave (*see* CMO 21 at 2 (Dkt. No. 1881)).

1

their failure to provide authorizations pursuant to Defendants' agreement with Plaintiffs' MDL Leadership (Dkt. No. 2468) and CMO 10, as required under Wave Order #3.[2]

## I. FACTUAL BACKGROUND

Under Wave Order #3, all Wave 3 fact discovery must be completed by September 30, 2022. *See* CMO 47 § I.10 (Dkt. No. 3126). Accordingly, the Court ordered each Wave 3 Plaintiff to timely submit record authorizations and serve written discovery responses. Certain Plaintiffs' failure to comply with Wave Order #3 is now at issue.

### A. Plaintiffs Failed to Submit Signed Authorizations for the Release of Records.

Under Wave Order #3, the deadline for Plaintiffs to provide authorizations for their non-government records was June 24, 2022, the same date Plaintiffs' responses to Defendants' First Set of Interrogatories and First Set of Requests for Production were due. *See infra* § I.B; CMO 47 § I.4 (Dkt. No. 3126) (ordering Plaintiffs to submit authorizations "along with their responses to Defendants' First Set of Requests for Production of documents ('RFPs') and Requests for Interrogatories ('ROGs')"). By that date, each Wave 3 Plaintiff was required to submit signed

---

[2] Defendants continue to meet and confer with Plaintiffs who provided deficient authorizations and/or discovery responses. Only those Plaintiffs who failed to provide authorizations and/or discovery responses are the subject of this Motion.

authorizations (i.e., wet signatures) for the release of medical[3], employer, and educational records.[4] *Id.*; Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468).

In the event that valid authorizations were not provided, the parties agreed that Defendants would meet and confer regarding the deficiency and then allow Plaintiff two business days to cure the deficiency. Joint Stipulation Regarding Service and Authorizations for Wave Cases ¶ 2.b (Dkt. No. 2468). The parties further agreed, in accordance with CMO 10, that any Plaintiff's failure to provide signed authorizations after the notice and cure period would result in an Order to Show Cause. *See id.*; CMO No. 10 at 2 (Dkt. No. 1086).

The ***eighty-one*** Plaintiffs identified in Exhibit A did not submit the required authorizations by the June 24, 2022 deadline. Accordingly, on June 29, 2022, Defendants' counsel sent Plaintiffs' counsel an email alerting them of the deficiency and requesting that the authorizations be submitted by July 1, 2022. Despite this opportunity to cure deficiencies, the Plaintiffs identified in Exhibit A have still failed to provide the required authorizations—thirteen days after their deadline.

---

[3] The medical authorization need not release mental health records if a plaintiff's mental health is not at issue, *see* Mar. 26, 2020 Order (Dkt. No. 1065) at 7 n.2.

[4] An educational authorization need not be provided if no wage loss or loss of earning capacity is claimed.

### B. Plaintiffs Failed to Respond to Defendants' Written Discovery Requests.

In Wave Order #3, the Court permitted Defendants to serve written discovery on all Wave 3 Plaintiffs by July 7, 2022. CMO 47 § I.6 (Dkt. No. 3126). Defendants served their First Set of Interrogatories and First Set of Requests for Production on all Wave 3 Plaintiffs on May 25, 2022, making their responses due by June 24, 2022. *See id.* (providing that responses are due "within 30 days of receipt").

The four Plaintiffs identified in Exhibit B are among ***ninety-two*** Plaintiffs who failed to serve responses to Defendants' First Set of Interrogatories and/or Requests for Production by the June 24, 2022 deadline, in violation of Wave Order #3. As a courtesy, on June 25, 2022, Defendants' counsel notified Plaintiffs' counsel of their noncompliance and asked that they comply by June 28, 2022.

As of the date of this filing, the four[5] Plaintiffs identified in Exhibit B, have not served responses to Defendants' First Set of Interrogatories and/or First Set of Requests for Production and thus continue in their noncompliance with Wave Order #3.

---

[5] *See supra* note 1 (stating that these four Plaintiffs are in addition to the Wave 3 Plaintiffs at issue in Defendants' July 1, 2022 Motion (Dkt. No. 3262)).

4

**II.   ANALYSIS**

Defendants respectfully ask the Court to exercise its broad discretion to manage its docket and control discovery[6] and order the Plaintiffs identified in Exhibits A and B to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to comply with discovery); Apr. 20, 2022 Order (Dkt. No. 3027) (same). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No.

---

[6] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

5

3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice."); May 6, 2022 Order (dismissing 19,934 claims for plaintiffs' failure to submit and DD214 or a DoD Military Service Information Report, in violation of the Court's discovery order).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a

6

scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (Dkt. No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 3 on May 23, 2022, and immediately put on notice that they had certain discovery obligations, including responding to written discovery requests. CMO 47 (Dkt. No. 3126). Despite having received notice of their noncompliance and being permitted additional time to respond, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #3.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendants. *See id.* The deadline for deposing all Wave 3 Plaintiffs is September 6, 2022, and Wave 3 fact discovery closes just three weeks later. Plaintiffs' dilatory conduct compromises Defendants' ability to defend against

7

64954053.v1

Plaintiffs' claims. Specifically, without authorizations and written discovery, Defendants are unable to collect and review all relevant records, fully prepare for Plaintiffs' depositions, comply with their fact and expert discovery obligations, and/or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendants' resources as they work to efficiently and effectively manage this litigation.

### III. Conclusion

As set forth above, the Plaintiffs identified in Exhibits A and B have failed to comply with Wave Order #3. Defendants respectfully request that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: July 7, 2022         */s/ Kari L. Sutherland*
                            Kari L. Sutherland
                            BUTLER SNOW LLP
                            1200 Jefferson Ave., Suite 205
                            Oxford, Mississippi 38655
                            Telephone: (662) 513-8002
                            kari.sutherland@butlersnow.com

                            Kimberly Branscome
                            DECHERT LLP
                            633 W. 5th St., Suite 4900
                            Los Angeles, CA 90071
                            Telephone: (213) 808-5762
                            kimberly.branscome@dechert.com

                            Robert C. "Mike" Brock

        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        Tel.: (202) 389-5991
        mike.brock@kirkland.com

        Mark J. Nomellini
        KIRKLAND & ELLIS LLP
        300 North LaSalle
        Chicago, Illinois 60654
        Tel.: (312) 862-3254
        mnomellini@kirkland.com

        *Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified in Exhibits A and B have failed to comply with this Court's Order.

DATED: July 7, 2022        */s/ Kari L. Sutherland*
                                          Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,733 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: July 7, 2022                  */s/ Kari L. Sutherland*
                                                  Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: July 7, 2022                  */s/ Kari L. Sutherland*
                                                  Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

64954053.v1