# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to<br>Case No. 3:19-cv-00481 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## MOTION AND MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
## THE COURT'S MAY 4, 2022 ORDER OF DISMISSAL AND
## REINSTATE PLAINTIFFS' ACTION TO THE ACTIVE DOCKET

### I.     Introduction

On May 4, 2022, this Court entered an Order dismissing this instant case for failure to cure census form deficiency.

### II.    Procedural Background

This this instant action was instituted on behalf of the Plaintiff through Complaint filed in the Middle District of Louisiana and thereafter transferred to this Court.

Undersigned counsel is plaintiff's brother with a primary practice in domestic litigation in New Orleans, Louisiana.

On February 16, 2022, undersigned contacted Aylstock Witkin Kreis & Overholtz PLLC ("AWKO") to request that they substitute as counsel of record in this active case. Subsequently, counsel commenced the process of migrating this

matter to AWKO. Including the completion of all necessary forms, including the census form at issue.

On March 9, 2022, the Court entered an Order addressing plaintiffs who failed to submit census forms as required by Pretrial Order No. 81.

On March 10, 2022, AWKO forwarded an email stating:

> *Are you going to be communicating with your brother or would you like for us to go direct with him? I need a copy of the executed contract, questionnaire, tolling census for our records. Have you already contacted Brown Greer informing AWKO as primary?*

Being that undersigned is a domestic lawyer; the following response was provided:

> *I would prefer for you to directly communicate with him. His case was initially filed in the EDLA and then transferred to the MDL. My office then filed the short form complaint as directed, with same being placed on the active docket. I haven't received any further directives for his particular case, and he has not been included within any waves.*
>
> *I have not been in contact with Brown Greer and haven't opened any portal with them.*

Unfortunately, undersigned being mistaken in the procedure being utilized in this MDL did not understand that a portal had in fact been opened by Brown Greer.

Accordingly, AWKO was unable to ascertain that Plaintiff was listed as a deficient filer pursuant to Order dated March 9, 2022 and therefore subject to dismissal.

This Court issued Order [Doc. 2851] providing that failure to submit the required census form would result in dismissal with prejudice.

### III.  Legal Argument

*A. The Court's Order Should be Vacated Due to Mistake.*

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a Court may relieve a party from a final judgment, order or proceeding due to "mistake, inadvertence, surprise or excusable neglect." *See also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Rule 60(b) Motions "are directed to the sound discretion of the district court." *Ryan v. Allstate Ins. Co.*, No. 19-61120-CIV, 2020 WL 7353898, at *3 (S.D. Fla. Dec. 15, 2020).

Here, Plaintiff respectfully requests that the Court vacate its Order of Dismissal because undersigned mistakenly believed that a portal had not been opened with Brown Greer and that AWKO was able to fully migrate whatever file was held with by them.

Specifically, it was this mistake by undersigned that resulted in the dismissal

of this instant action. In other words, Plaintiffs should not be punished for an error by counsel. Accordingly, because Plaintiff desires to continue prosecuting this action and because AWKO will assume the position of lead counsel, Plaintiff respectfully requests that the Court's Order of Dismissal be vacated and the case be reinstated to the Active or Administrative Docket.

### B. The Court's Order Should be Vacated for Reasons that Justify Relief.

Alternatively, Plaintiff requests relief from the Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that a Court may relieve a party from a final judgment, order or proceeding due to "any other reason that justifies relief." Here, good cause exists, as demonstrated above, to support the relief requested herein, and Plaintiff would be severely prejudiced if the Court's Order were not vacated. To date, absent the omission of the census form Plaintiff has followed and adhered to the Orders of the Court.

Plaintiff's desire to prosecute this action is further demonstrated by the request for AWKO to assume the lead counsel position in this instant matter. Accordingly, because the reasons set forth herein support that Plaintiff should be allowed to continue with his claim, Plaintiff respectfully requests that the Court's Order of Dismissal be vacated and his case be reinstated to the Active Docket.

## IV. Conclusion

For the reasons discussed above, Plaintiff respectfully requests that this Court (1) grant Plaintiff's motion to vacate; (2) reinstate Plaintiff's action to the Active Docket and (3) allow Plaintiff to immediately file his completed census form with Brown Greer, and (3) grant such other and further relief the Court deems just and appropriate under the circumstances.

Dated: July 11, 2022                    Respectfully submitted,

                                                       By: /s/ *Richard G. Perque*
                                                       Richard G. Perque
                                                       LA State Bar No.: 30669
                                                       RICHARD G. PERQUE, LLC
                                                       700 Camp Street
                                                       New Orleans, Louisiana 70130
                                                       Telephone: (504) 681-2003
                                                       Facsimile: (504) 681-2004
                                                       richard@perquelaw.com
                                                       *Counsel for Kurt Joseph Perque, Jr.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Plaintiffs certifies that this memorandum contains 771 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated: July 11, 2022                    /s/ *Richard G. Perque*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 11th day of July 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

/s/ *Richard G. Perque*