# EXHIBIT 3



DEPOSITION EXHIBIT 5
Aubrey  2/4/22

UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) This Documents Relates to: ) Sawyer Aubrey v. 3M Company, et al. ) ) Ind. Case No: 7:20-cv-75257 ) | MDL CASE NO. 3:19-MD-2885 |

**PLAINTIFF SAWYER AUBREY'S OBJECTIONS AND RESPONSES TO DEFENDANT 3M'S AMENDED FIRST SET OF INTERROGATORIES TO PLAINTIFF SAWYER AUBREY**

TO:  Defendant 3M Company ("3M"), through its Attorneys of Record: Kimberly O. Branscome, Kirkland & Ellis LLP, 2049 Century Park East, Los Angeles, CA 90067; Mark Nomellini, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654; and Mike Brock, Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

COMES NOW, Plaintiff, Sawyer Aubrey, through the undersigned attorney, and, in accordance with the Federal Rules of Civil Procedure, submits the following Objections and Responses to Defendant 3M's ("Defendant" or "3M") Amended First Set of Interrogatories to Plaintiff Sawyer Aubrey. As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

Dated: January 7, 2022                     **Respectfully submitted,**

By:  */s/ Virginia E. Anello*
Virginia E. Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph: (212) 566-7500
Fax: (212) 566-7501
*Attorneys for Plaintiff*

1

## **GENERAL OBJECTIONS**

Plaintiff objects generally to Defendant's Amended First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed as a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe was inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within fourteen (14) days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's Amended First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's Amended First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserves:

    a.    Any questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given

        herein, in any subsequent proceeding or trial in this action or any other action;

    b.    Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

    c.    Plaintiff's right at any time to revise, correct, add to, or clarify any of his responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means, including information contained in and submitted via the Plaintiff's Census Form and/or Bellwether Selection Sheet; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each Interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's Amended First Set of Interrogatories to the extent that any Interrogatory pre-supposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any Interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's Amended First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any Interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's Amended First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any additional records requested and/or released from the Department of Veterans Affairs ("VA") and/or the Department of Defense and/or otherwise received by counsel and reviewed by Plaintiff. Plaintiff provides these answers with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and information revealed to counsel and to the Parties in the course of this litigation.

## PLAINTIFF'S OBJECTIONS & ANSWERS TO DEFENDANT'S AMENDED FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify All Persons who have knowledge of Or information Concerning Your alleged injuries, including but not limited to health care professionals, physicians, audiologists, nurses, physician assistants, treating facilities, clinics, therapists, other medical facilities Or providers that have examined Your ears And/Or hearing.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, vague, ambiguous, unclear, and disproportionate. As written, it asks Plaintiff to "Identify All Persons who have knowledge of… Your alleged injuries," which would require Plaintiff to identify dozens of persons who have no substantive knowledge of or involvement in the issues in this litigation, and would require Plaintiff to provide information beyond his personal knowledge. Plaintiff further objects on the ground that this Interrogatory lacks specificity, and fails to contain any limits as to time or scope.

Plaintiff also objects to this Interrogatory to the extent that it seeks to require Plaintiff to testify as to the "information" known to or "knowledge" possessed by any Person other than

5

himself, which Plaintiff cannot know.

Moreover, Plaintiff objects to this Interrogatory to the extent that it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to records that may be responsive to this Interrogatory.

Notwithstanding said objections, and without waiving same, Plaintiff responds as follows:

- The individuals listed below have substantive knowledge concerning Plaintiff's injuries of tinnitus and hearing loss:

    o Christine Aubrey
      38 Montford Ct
      Cameron, NC 28326

- Plaintiff recalls receiving treatment for his tinnitus from the following health care providers, health care facilities and/or clinics:

    o Navy Health Clinic Quantico
      3259 Catlin Avenue
      Quantico, VA 22134-6050

    o Ireland Army Health Clinic
      200 Brule St Building 871
      Fort Knox, KY 40122

    o William Beaumont Army Medical Center
      18511 Highlander Medics St.
      Fort Bliss, TX 79918

    o Fayetteville VA Medical Center
      726 Ramsey St Suite 2
      Fayetteville, NC 28301

- Plaintiff does not have any specific recollection of all of the names of any health care professionals, physicians, audiologists, nurses, physician assistants, therapists, health care providers, or any other person who treated or examined his ears or his hearing. The names of the providers are those referenced in Plaintiff's records, which have previously been produced, are being produced contemporaneously in response to requests for production and/or for which duly executed authorizations are being provided.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 2:**

Describe in detail the injuries Or conditions that You allege were caused by Your use of the CAEv2, including but not limited to the date on which those injuries began.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this Interrogatory seeks. Plaintiff objects to this Interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury" or "condition." Plaintiff also objects to this Interrogatory to the extent that the information sought is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Notwithstanding said objections, and without waiving same, Plaintiff's injuries include bilateral tinnitus and all related injuries and resulting sequelae, from which Plaintiff began to suffer in or about 2010 and thereafter. The tinnitus is intermittent with the occurrences varying in frequency. When the tinnitus does occur it lasts for approximately 2 to 10 minutes and is extremely painful such that the Plaintiff has had to drop to his knees to tolerate the pain. It further makes him dizzy and nauseated. The tinnitus has impacted his ordinary activities of daily life as Plaintiff is constantly concerned that it may occur while he is working, driving or taking care of his children.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 3:**

Describe in detail how You acquired Each pair of CAEv2 that You were issued, including who issued the CAEv2, And the date on which You were issued the CAEv2.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "*how* [Plaintiff] first acquired the CAEv2." Plaintiff also objects to this Interrogatory to the extent that it is irrelevant and immaterial, and to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff further objects on the ground that the information sought by this Interrogatory may be better obtained through other discovery means.

Notwithstanding said objections, and without waiving same, Plaintiff recalls being issued CAEv2 at Quantico Marine Corps Base or Camp Lejeune, North Carolina in approximately 2008 or 2009. They were the only earplugs authorized to be used. Plaintiff does not specifically recall which individual issued his earplugs; it was issued by the medical supply unit.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 4:**

Describe in detail Any And All instructions, including written And oral instructions, Or training that You received Related To Or Concerning the CAEv2, including the Person(s) providing the instructions And the date of And locations at which You were provided such instructions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time or scope, and fails to define "instruction(s)" or "training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the

8

ground that the information sought by this Interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally available to the requesting Party.

Notwithstanding said objections and without waiving same, Plaintiff received instructions on the use of the CAEv2 when he was first issued them.  Plaintiff was instructed verbally and read the manual, and was informed that the green end of the CAEv2 worked like a traditional ear plug and the yellow end provided protection but also allowed Plaintiff to hear some ambient noise, such as voices and commands.  Plaintiff does not recall the names of the individuals providing the instructions, written and/or oral.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 5:**

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, And the types of noises that You were exposed to while using the CAEv2.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative in that it seeks information otherwise sought within Plaintiff's Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this interrogatory may be better obtained through other means or

manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Notwithstanding said objections and without waiving same, Plaintiff does not recall every instance where he wore CAEv2. To the best of his recollection, Plaintiff regularly used CAEv2 during his military service whenever he felt that he was being exposed to noise that was dangerously loud and specifically in the following circumstances: at the rifle or machine gun shooting range, at the grenade launcher range, during every training event where loud noise was expected, when using and/or around loud vehicles, during combat, and while in helicopters.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 6:**

Describe All of the loud noises that You were exposed to while in the Military, including but not limited to Any loud noise created by weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, And/Or explosions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises" or "exposed to" or "weapons," which are vague and subjective. Plaintiff also objects on the ground that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this Interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, And/Or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create

"loud noises." Plaintiff objects on the ground that this Interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this Interrogatory to the extent it is irrelevant, immaterial, and disproportionate to the needs of the case.

Notwithstanding said objections, and without waiving same, Plaintiff refers Defendant to his response to Interrogatory No. 5.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 7:**

Describe All injuries, including head Or neck injuries, that You sustained during Your Military service, including the date that You sustained the injuries And the circumstances surrounding those injuries.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this interrogatory to the extent that the information sought is burdensome for Plaintiff to

11

provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation.

Notwithstanding said objections, and without waiving same, as limited by Plaintiff's personal knowledge and recollection, Plaintiff does not recall sustaining a head or neck injury during his military service.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 8:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, And the dates in which You engaged in such activity.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicles" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or "train noise" or "etc." Further, Plaintiff objects to the extent that this Interrogatory is requiring Plaintiff

12

to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noise," which is subjective, potentially prejudicial, patently overbroad, vague, and unclear. Plaintiff also objects on the ground that Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this Interrogatory pre-supposes that activities such as "sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc." create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises that may include "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including instances "in which You were exposed to loud noise," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device during certain activities. Plaintiff objects to this Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or to the information Defendants sought in Plaintiff's Census Form . Fed. R. Civ. P. 26(b)(2)(C).

Notwithstanding said objections, and without waiving same, Plaintiff cannot recall being exposed to non-occupational activities in which he was exposed to loud noise.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement,

13

or modify his responses.

**INTERROGATORY NO. 9:**

Describe in detail Any hearing loss Or tinnitus You perceived Or were diagnosed with prior to using the CAEv2.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further fails to define "hearing loss" or "tinnitus." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative of information requested within Plaintiff's Census Questionnaire and/or Census Documents. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this Interrogatory on the ground that Plaintiff does not possess the skills, knowledge, education, experience, or training to provide the medical, expert, or legal conclusions and opinions sought through this request. Plaintiff also objects to this Interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Notwithstanding said objections, and without waiving same, Plaintiff does not recall suffering from, nor being diagnosed with, hearing loss or tinnitus prior to his use of CAEv2.

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

**INTERROGATORY NO. 10:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name And address, the dates in which You were employed there, Your

14

job title, the nature of Your responsibilities, And Any Hearing Protection Devices that You wore on the job.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "wore" or "on the job." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation. Plaintiff also objects to this Interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff further objects to this Interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials are protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation.

Notwithstanding said objections, and without waiving same, Plaintiff was employed at the following locations:

- 2012 to 2013 – Pinkerton Government Services, Ruston, Virginia, Unarmed Security, Earplugs not required

- 2013 to 2014 – Academi, 850 Puddin Ridge Rd, Moyock, NC 27958, Contractor in Afghanistan, Earplugs were required and used.

- 2014 to 2017 – AC FIRST, Headquartered at 1200 Summit Avenue, Suite 320, Fort Worth, Texas 76102-4406, Small Arms Repairman, Earplugs not required

- 2017 – OmniSec International Securities Services, 14151 Park Meadow Dr, Chantilly, VA 20151, Armed Security, Earplugs used on pistol range

- 2017 to 2018 – Pinehurst Resort, 80 Carolina Vista Dr, Pinehurst, NC 28374, Security, Earplugs not required

- 2018 to 2019 – Lockheed Martin in Fort Bragg, North Carolina, Small Arms Repair, Earplugs used on pistol range

- 2019 to Present – U.S. Army Special Operations Commands, Fort Bragg, North Carolina, Small Arms Repair, Earplugs used on pistol range

As discovery in this matter is ongoing, Plaintiff reserves the right to amend, supplement, or modify his responses.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2022, a true and correct copy of the foregoing was served as follows:

**[MDL Centrality]** By electronically serving the above document via the MDL Centrality Plaintiff Portal ID Number 107398 pursuant to CMO 31 (ECF No. 2304).

                      **Respectfully submitted,**

By:    /s/ *Virginia E. Anello*
          Virginia E. Anello
          Douglas & London, P.C.
          59 Maiden Lane, 6th Floor
          New York, NY 10038
          Ph: (212) 566-7500
          Fax: (212) 566-7501
          *Attorneys for Plaintiff*

## INDIVIDUAL VERIFICATION

I, Sawyer Aubrey, am over eighteen (18) years of age and I reside in Cameron, NC. I verify that the foregoing Objections and Responses to Defendant 3M's Amended First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Dated: 17 December, 2021

_____
Sawyer Aubrey