UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE 3M COMBAT ARMS ) | Case No. 3:19-md-02885 |
| EARPLUG PRODUCTS ) | |
| LIABILITY LITIGATION ) | Judge M. Casey Rodgers |
| ) | Magistrate Judge Gary R. Jones |
| ) | |
| This Document Relates ) | |
| to: **Sawyer Aubrey** ) | |
| Case No. ) | |
| 7:20cv75257-MCR-GRJ ) | |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY FROM PLAINTIFF'S EXPERT DR. VEENA VATS**

Defendants move to exclude the testimony of Plaintiff's case-specific expert, Dr. Veena Vats.

**I.   Dr. Vats's causation opinion is not based on reliable differential etiology.**

Under Rule 702 and *Daubert* and its progeny, "district courts must act as 'gatekeepers'" to ensure that expert testimony "is both reliable and relevant" and thereby protect juries from "speculative, unreliable expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). To do this, "'the trial court [must] conduct an exacting analysis' of the *foundations* of expert opinions" to ensure they satisfy Rule 702. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

1

"Differential etiology is a medical process of elimination whereby the possible causes of a condition are considered and ruled out one-by-one, leaving only one cause remaining." *Hendrix ex rel. G.P. v. Evenflo*, 609 F.3d 1183, 1195 (11th Cir. 2010). "However, 'an expert does not establish the reliability of his techniques or the validity of his conclusions simply by claiming that he performed a differential diagnosis.'" *Id.*

Once a diagnosis is made, a "reliable differential etiology analysis is performed in two steps." *Id.* "First, the expert must compile a 'comprehensive list of hypotheses that might explain the set of salient clinical findings under consideration.'" *Id.* Second, "the expert must eliminate all causes but one." *Id.* at 1197. A purported differential etiology may be excluded based on failings "at both" the "rule in" and "rule out steps." *Id.* at 1197–98.

A differential etiology can be rendered inadmissible at the "rule in" when: (1) the expert "rules in" a cause that has not reliably been established to "actually be capable of causing the injury," *Id.* at 195–96, or (2) the expert "fail[s] to adequately consider possible alternative causes" for the injury, *Guinn*, 602 F.3d at 1254.

First, an expert opinion that "rules in" a cause based on incomplete medical histories or other material deviations from the expert's own diagnostic protocols should be excluded. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 765019, at *9 (N.D. Fla. Feb. 28, 2021). Moreover, an expert generally may not

rely solely on temporal proximity to establish causation. *Guinn*, 602 F.3d at 1254. This is especially true when the development of the condition at issue "occurs gradually," and the subject presents "numerous other risk factors." *Id.*

Second, an expert's "fail[ure] to consider obvious alternative causes," including potential "idiopathic causes," "render[s a] differential diagnosis unreliable." *Chapman*, 766 F.3d at 1311. An expert's "failure to perform"—or have performed—"test[ing]" capable of revealing alternative causes the expert "consider[s] reasonable before opining on the cause of [the plaintiff's] disease shows a lack of methodological rigor in reaching the diagnosis." *Chapman*, 766 F.3d at 1311. Further, an expert cannot satisfy the rule in/rule out requirement by "merely conclud[ing] that all [of the] risk factors" present "are substantial contributing factors" to the plaintiff's condition. *Id.* at 1255. Even when a condition "can have multiple concurrent causes," the expert must still "analyze the role played by each cause." *Id.*

Dr. Vats's opinion that TMJ[1] could not have caused Plaintiff's alleged injuries is unreliable. She testified that she could not "rule that in if it's not even been diagnosed in a patient." Exhibit 1 (June 8, 2022 Deposition of Veena Vats, M.D., "Vats Dep.") at 37:17-18. But the fact that a patient has not previously been diagnosed with a medical condition does not mean that the patient does not have the

---

[1] Temporomandibular joint dysfunction.

3

medical condition. Dr. Vats failed to do any examination of Plaintiff that would have ruled TMJ in or out as a cause of Plaintiff's alleged tinnitus. Vats Dep. 39:21-40:1.

Dr. Vats also opined that other earplugs were safer alternatives to the CAEv2. But this opinion was not based on reviewing relevant information about those earplugs; it was based on the fact that the military had discontinued the CAEv2. *See* Vats Dep. 84:12-88:4. That is not a reliable process.

## II. Dr. Vats's opinion is unreliable because she does not consistently apply her standard.

To provide a reliable opinion, the expert must consistently apply her expert knowledge to the facts. Dr. Vats has not, so her inconsistent testimony about what counts as a normal threshold shift should be excluded.

Dr. Vats's report states that, in her expert opinion, threshold shifts less than 20 decibels are within the normal range for hearing. Vats Dep. 41:19-42:4. Her report applied this standard to Plaintiff's audiograms, acknowledging that the "hearing thresholds on the audiograms before 2022 are within normal limits." Exhibit 2 (Case-Specific Expert Report of Veena Vanmala Vats, MD, FACS ("Vats Report")) at 16.

Yet, at her deposition, Dr. Vats repeatedly refused to concede that Plaintiff's audiograms before 2022 fell within what she believed to be normal limits. Vats Dep.

42:5-44:12, 53:2-57:19. She instead opined that a "good physician" like herself would not consider audiograms as snapshots. *E.g.*, Vats Dep. at 43:15-24.

Dr. Vats cannot have it both ways. In her opinion, threshold shifts less than 20 decibels are within the normal range for hearing. Vats Dep. 41:19-42:4. She should not be permitted to testify that Plaintiff's pre-2022 audiograms—all of which show threshold shifts less than 20 decibels—are not normal.

**III.   Dr. Vats may not testify as to legal conclusions.**

As this Court has ruled, "questions of law are not subject to expert testimony," nor may an expert offer "legal conclusions," including "testimony that employs terminology with legal import." *In re 3M*, 2021 WL 765019, at *40 (citations omitted). Thus, an expert cannot testify about (1) "the meaning of a statute or regulation," (2) "the meaning of legal terms or the legal effect of the statutes or laws," or (3) "whether someone violated a law." *Id.* "Nor may an expert use terms that have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Id.* Applying these principles, this Court has previously ruled that experts in this litigation may not:

- "couch their opinions in terms that carry special meaning under the law and are contingent upon application of the appropriate standard of care such as 'defective,' 'duty,' 'unreasonably dangerous,' or 'failed to warn,'" *id.* at *41; or

5

- "opin[e] that the CAEv2 'is Defective,' that 3M 'Had a Duty to Stop Selling the Product And To Tell The Military,' 'Had a Duty to Test,' and 'Failed to Warn,'" *id.* at *42.

Consistent with these prior rulings, the Court should bar Dr. Vats from opining that the CAEv2 is "defective." Vats Dep. 51:11-14; Vats Report at 18-19. Dr. Vats should also be barred from offering any other legal conclusions masquerading as expert opinions.

**IV.   Dr. Vats may not testify as to the underlying facts.**

Expert opinion is not helpful "when it offers nothing more than what lawyers for the parties can argue in closing arguments." *In re 3M*, 2021 WL 765019, at *40. Therefore, experts "may not . . . simply recount the facts and then offer an opinion as to the conclusion which the jury should reach." *Id.*

Dr. Vats's report opines that, based on her review of the evidence, 3M failed to provide information to the military. Vats Report at 19. But the jury can review that same evidence and make its own finding. Dr. Vats's medical training will not assist the jury in making that finding. The Court should therefore exclude any testimony from her about what information 3M disclosed, and any other area in which her testimony would not be helpful to the jury.

## CONCLUSION

For these reasons, Defendants ask the Court to exclude these expert opinions of Dr. Veena Vats.

Respectfully submitted,

 /s/ J. William Manuel
J. William Manuel (MS Bar #9891)
   *Admitted Pro Hac Vice*
Jeffrey R. Blackwood (MS Bar #10613)
   *Admitted Pro Hac Vice*
Michael C. Williams (MS Bar #104537)
   *Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
wmanuel@bradley.com
jblackwood@bradley.com
mcwilliams@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this response contains 1,275 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

    */s/  J. William Manuel*
J. William Manuel (MS Bar #9891)
    *Admitted Pro Hac Vice*
Jeffrey R. Blackwood (MS Bar #10613)
    *Admitted Pro Hac Vice*
Michael C. Williams (MS Bar #104537)
    *Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
wmanuel@bradley.com
jblackwood@bradley.com
mcwilliams@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida using the electronic case filing system of the Court, which will send electronic service to all registered counsel of record.

                                           */s/ J. William Manuel*
                                           J. William Manuel (MS Bar #9891)