UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS            )
EARPLUG PRODUCTS                 )        CASE NO. 3:19-MD-2885
LIABILITY LITIGATION             )

**PLAINTIFF TIM TOUCHETTE RESPONSES TO
DEFENDANT 3M'S ORDERS TO SHOW CAUSE**

I, Frank S. Gattuso, declare as follows:

1. I am a member of the law firm of Gattuso & Ciotoli, PLLC, and an attorney admitted to practice law in the State of New York and before the United States District Court for the Northern District of New York and the Northern District of Florida for purposes of this litigation.

2. I submit this Declaration in opposition to Defendant's Orders to Show Cause, documents 3262 and 3283, for deficiencies related to Plaintiff serving authorizations.

3. Plaintiff Timothy Touchette has in fact cured the deficiency with the service of all requested authorizations on July 13, 2022. I have had telephone and email discussions since then with three attorneys part of defense counsel, including on July 13, 15 and 20, confirming the service of the authorizations.

4. Plaintiff apologizes for the late service of this response. However, in light of Plaintiff's timely service of the authorizations and cure of the deficiency, Plaintiff respectfully requests the Defendant's pending Orders to Show Cause be denied as to Plaintiff Timothy Touchette.

1

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that Defendant's Orders to Show Cause at documents 3262 and 3283be denied.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2022 **Respectfully submitted,**

By: <u>s/Frank S. Gattuso</u>
Frank S. Gattuso
Gattuso & Ciotoli, PLLC
The White House
7030 E. Genesee Street
Fayetteville, NY 13066
315-314-8000
fgattuso@gclawoffice.com


*Attorney for Plaintiff*

## **GENERAL OBJECTIONS**

Plaintiff objects generally to Defendant's First Set of Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed as a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe was inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within fourteen (14) days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

Plaintiff objects to Defendant's First Set of Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserves:

   a.   Any questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

   b.   Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

   c.   Plaintiff's right at any time to revise, correct, add to, or clarify any of his responses, all of which are given subject to correction of any such omissions or errors.

Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means, including information contained in and submitted via the Plaintiff's Census Form and/or Bellwether Selection Sheet; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each Interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent that any Interrogatory pre-supposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any Interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

Plaintiff objects to all definitions and instructions within Defendant's First Set of Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any Interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

Plaintiff also objects to Defendant's First Set of Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Specifically, Plaintiff reserves the right to amend and/or supplement these answers upon receipt of any additional records requested and/or released from the Department of Veterans Affairs ("VA") and/or the Department of Defense and/or otherwise received by counsel and reviewed by Plaintiff.  Plaintiff provides these answers with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and information revealed to counsel and to the Parties in the course of this litigation.

## PLAINTIFF'S OBJECTIONS & ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the injuries Or conditions that You allege were caused by Your use of the CAEv2, including but not limited to the date on which those injuries began.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent that Plaintiff is not an expert and is not qualified with the requisite skill, knowledge, education, experience, or training to render the expert or legal conclusions that this Interrogatory seeks. Plaintiff objects to this Interrogatory in that it is overbroad, unduly burdensome and vague in that it fails to define "injury" or "condition." Plaintiff also objects to this Interrogatory to the extent that the information sought is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff.

Notwithstanding said objections, and without waiving same, Plaintiff's injuries include tinnitus and hearing loss, from which Plaintiff began to suffer in 2004 to current, respectively. The tinnitus and hearing loss impacted Plaintiff's ability to communicate with his wife.

**INTERROGATORY NO. 2:**

Has any healthcare provider or other individual told you that any of your alleged injuries/symptoms were related in any way to any type(s) of HPD(s)? If yes, identify the following: (1) the individual; (2) date of communication; (3) where the communication occurred; and (4) the substance of the communication.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent that all or part of the information may better be obtained through other less burdensome and more efficient discovery means or manner, including Plaintiff's medical records and/or by deposition. *See* Fed. R. Civ. P. 26(b)(2)(C).

Moreover, Plaintiff objects to this Interrogatory to the extent that it seeks information equally available to both Parties, in that Plaintiff has executed a release granting Defendants access to records that may be responsive to this Interrogatory.

Notwithstanding said objections, and without waiving same, Plaintiff responds as follows: No healthcare provider or particular individual informed Plaintiff that his hearing injuries are due to any type of HPD. Rather, Plaintiff has had his own belief for many years that his hearing injuries and symptoms were caused while in the Army as a result of poor quality HPDs.

**INTERROGATORY NO. 3:**

Describe in detail how You acquired Each pair of CAEv2 that You were issued, including who issued the CAEv2, And the date on which You were issued the CAEv2.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous and unclear regarding "*how* [Plaintiff] first acquired the CAEv2." Plaintiff also objects to this Interrogatory to the extent that it is irrelevant and immaterial, and to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff further objects on the ground that the information sought by this Interrogatory may be better obtained through other discovery means.

Notwithstanding said objections, and without waiving same, Plaintiff recalls being issued CAEv2 for the first time at Fort Sill, OK in approximately February 2000. Plaintiff does not specifically recall which individual issued his earplugs.

**INTERROGATORY NO. 4:**

Describe in detail Any And All instructions, including written And oral instructions, Or training that You received Related To Or Concerning the CAEv2, including the Person(s) providing the instructions And the date of And locations at which You were provided such instructions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain any reasonable limitations as to time or scope, and fails to define "instruction(s)" or "training." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought by this Interrogatory may be better obtained through other discovery means. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects on the ground that the information sought is equally available to the requesting Party.

Notwithstanding said objections and without waiving same, Plaintiff received instructions on use of the CAEv2 multiple times while in the military, including written instructions on at least one occasion. Plaintiff also received verbal instructions from drill sergeant(s), range NCO, Platoon Sergeant, and Commanding officer. Plaintiff was instructed verbally and read the manual and was informed that the green end of the CAEv2 worked like a traditional ear plug and the yellow end provided protection but also allowed Plaintiff to hear some ambient noise, such as voices of those nearby. Plaintiff was instructed to reach over his head with one hand to pull on the top of his opposite ear and then insert the earplug with his hand that was on the side of his body where he was inserting the plug. Plaintiff saw instructions that had pictures of this process also. Plaintiff does not recall the names of the individuals providing the instructions, written and/or oral, or when exactly he received such instructions. Each time Plaintiff purchased the CAEv2, it came with a small instruction sheet in the inside of the packaging with illustrations that he would review.

**INTERROGATORY NO. 5:**

6

Describe Each instance in which You wore the CAEv2, including the dates in which You wore the CAEv2, the circumstances in which You wore the CAEv2, And the types of noises that You were exposed to while using the CAEv2.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it is irrelevant, immaterial, and/or unreasonably cumulative or duplicative in that it seeks information otherwise sought within Plaintiff's Census Form. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to define "circumstances" or "types of noises" or "exposed to," and in that it fails to contain any reasonable limitations as to time and scope. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought within this Interrogatory may be better obtained through other means or manners of discovery such as a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

Notwithstanding said objections and without waiving same, Plaintiff does not recall every instance where he wore CAEv2. To the best of his recollection, Plaintiff regularly used CAEv2 whenever he felt that he was being exposed to noise that was dangerously loud and specifically in the following circumstances: basic training, gun ranges, training exercises, operating artillery, military vehicles, during deployment, when instructed by a commanding officer. This occurred throughout most if not all of Plaintiff's time in the Army, including deployments to Uzbekistan and Afghanistan.

**INTERROGATORY NO. 6:**

Describe in detail All instances where You were exposed to loud noises while in the Military, including All instances of exposure to loud noise created by weapons, generators, vehicles, plans, helicopters, heavy machinery, air compressors, And/Or explosions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain reasonable limitations as to scope, and fails to define "loud noises" or "exposed to" or "weapons," which are vague and subjective. Plaintiff also objects on the ground that Plaintiff is not a doctor or an audiologist, and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound or otherwise. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff objects to the extent this Interrogatory pre-supposes that any or all "weapons, generators, vehicles, planes, helicopters, heavy machinery, air compressors, And/Or explosions" create or cause "loud noises," which is not accurate – for example, a knife is a "weapon" and it does not cause or create "loud noises." Plaintiff objects on the ground that this Interrogatory improperly attempts to conflate exposure to "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including "loud noises that You were exposed to," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device. Plaintiff objects to this Interrogatory to the extent it is irrelevant, immaterial, and disproportionate to the needs of the case.

Notwithstanding said objections, and without waiving same, Plaintiff was exposed to the following noise-producing devices while in the military: weapons, artillery shells, and explosions. This occurred throughout most if not all of Plaintiff's time in the Army, including deployments to Uzbekistan and Afghanistan.

**INTERROGATORY NO. 7:**

Describe All injuries, including head Or neck injuries, that You sustained during Your Military service, including the date that You sustained the injuries And the circumstances surrounding those injuries.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about conditions unrelated to Plaintiff's injuries herein and events unrelated to Plaintiff's use of the CAEv2. Plaintiff objects that this Interrogatory is vague, ambiguous, unclear, and misleading, to the extent it fails to define "injuries" and "circumstances surrounding those injuries," and further, it contains no limitations as to time, scope, causes or types of injuries, or otherwise. Plaintiff also objects to this Interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation.

Notwithstanding said objections, and without waiving same, as limited by Plaintiff's personal knowledge and recollection, Plaintiff sustained the following injuries: No injuries.

**INTERROGATORY NO. 8:**

Describe in detail Any non-occupational activities, such as sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc., in which You were exposed to loud noise, including the nature of the activity, the frequency with which You engaged in such activity, And the dates in which You engaged in such activity.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "non-occupational activities" or "sporting events" or "all-terrain vehicles" or "band practices" or "power tool[s]" or "animal kennels" or "farm equipment" or "engine repair" or "train noise" or "etc." Further, Plaintiff objects to the extent that this Interrogatory is requiring Plaintiff to "describe in detail any non-occupational activities" in which Plaintiff was "exposed to loud noise," which is subjective, potentially prejudicial, patently overbroad, vague, and unclear.

Plaintiff also objects on the ground that Plaintiff is not a doctor or an audiologist and does not otherwise possess the skills, knowledge, education, experience, or training to make determinations regarding the volume or pressure of sound, and/or any other expert or legal opinions or conclusions sought otherwise. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects on the ground that the information sought through this Interrogatory may be better obtained through less burdensome and more efficient means, including through depositions. Additionally, Plaintiff objects to the extent this Interrogatory pre-supposes that activities such as "sporting events, music concerts, personal headphones, all-terrain vehicles, motorcycles, car racing, band practices, monster truck events, power tool usage, animal kennels, farm equipment, lawn mowers, chainsaws, leaf blowers, weed cutters, engine repair, train noise, etc." create or cause "loud noises." Plaintiff objects on the ground that this interrogatory improperly attempts to conflate any exposure to various noises that may include "loud noises" with potential hearing loss. Plaintiff objects to this Interrogatory to the extent it seeks information beyond his personal knowledge, including instances "in which You were exposed to loud noise," which would require the identification of sounds that Plaintiff could not fully or clearly hear because of his use of a Hearing Protection Device during certain activities. Plaintiff objects to this Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative or to the information Defendants sought in Plaintiff's Census Form. Fed. R. Civ. P. 26(b)(2)(C).

Notwithstanding said objections, and without waiving same, Plaintiff was not exposed to any significant noise-producing devices and/or activities outside of his military service other than a lawn mower at his home.

**INTERROGATORY NO. 9:**

Identify All healthcare providers (excluding Department of Defense or VA health care providers) You visited or from which You received healthcare services or medical treatment before, during, Or after Your Military service, including the healthcare provider's name And address, the dates You received services from the healthcare provider, the type of services received, And whether the provider provided exclusively mental health treatment.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, to the extent it seeks information about events unrelated to Plaintiff's use of the CAEv2. Plaintiff further objects to this Interrogatory on the ground that it is overbroad, vague, ambiguous, burdensome, and unclear in that it fails to contain limitations as to time and scope, and fails to define "healthcare services" or "medical treatment." Additionally, Plaintiff objects to this Interrogatory to the extent that it seeks information about All healthcare services or medical treatment Plaintiff sought and/or received over the entirety of his/her life. As written, Plaintiff would be required to provide information regarding the doctors and nurses who helped deliver him/her at birth, the pediatrician who gave him/her initial vaccinations, and the dentist who cleaned his/her teeth as a child—information which is clearly irrelevant to the present litigation. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation. Plaintiff objects to this

Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation, and/or unreasonably cumulative to the information Defendants sought in Plaintiff's Census Form. Fed. R. Civ. P. 26(b)(2)(C).

Notwithstanding said objections, and without waiving same, besides DOD medical providers Plaintiff treated only with primary care general practitioners since leaving the military for check-ups or an occasional minor illness.

**INTERROGATORY NO. 10:**

Describe Each occupation that You have had outside of Your service in the Military, including the employer's name And address, the dates in which You were employed there, Your job title, the nature of Your responsibilities, And Any Hearing Protection Devices that You wore on the job.

**ANSWER:**

Plaintiff objects to this Interrogatory on the ground that it is overbroad, vague, burdensome, ambiguous and unclear in that it fails to contain reasonable limitations as to time or scope, and further, fails to define "occupation" or "wore" or "on the job." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Interrogatory to the extent it is irrelevant and immaterial to the matters at issue in this litigation. Plaintiff also objects to this Interrogatory to the extent that the information sought is burdensome for Plaintiff to provide and is equally accessible to both Parties in records both Parties have received and/or will receive pursuant to the medical or other authorizations provided by Plaintiff. Plaintiff further objects to this Interrogatory to the extent the information sought constitutes an unnecessary invasion of Plaintiff's privacy and/or to the extent the information and materials are protected from discovery by any cognizable legal privilege. Plaintiff objects on the ground that the information sought may contain sensitive, confidential, and/or privileged medical, mental health, financial, and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue or of consequence in this litigation.

Notwithstanding said objections, and without waiving same, Plaintiff was employed at the following locations:

1. IBM; Raleigh, North Carolina, May 2008 through March 2011; title- Cost Accountant; no hearing protection required.

2. Associated Spring; Syracuse, NY; March 2011 – January 2016; title-Controller; no hearing protection required.

3. Countryside Federal Credit Union; January 2016 – present; title- Chief Financial Officer; no hearing protection required.

Dated: June 26, 2022        By:    *s/Frank S. Gattuso*
Frank S. Gattuso
Gattuso & Ciotoli, PLLC
The White House
7030 E. Genesee Street
Fayetteville, NY 13066
315-314-8000
fgattuso@gclawoffice.com

*Attorney for Plaintiff*

[Verification page will follow separately by consent of counsel for the Defendants]