# PX59

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |
| *All Wave 1 Cases* | |

## NOTICE TO TAKE THE REMOTE DEPOSITION BY VIDEOCONFERENCE OF WILLIAM MURPHY, Ph.D.

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that that commencing at 10:00 am Eastern on Wednesday, June 22, 2022, Plaintiffs shall take the Oral Videotaped Deposition of William Murphy, Ph.D. pursuant to the applicable Rules of Civil Procedure, Pretrial Order No. 13, Pretrial Order No. 35, Pretrial Order No. 60 and the Stipulation Regarding Expert Discovery for Wave Cases. The deposition shall be taken remotely via video or internet video conference technology continuing until completed according to the terms of Pretrial Order No. 35, attached here as Exhibit A, and Pretrial Order NO. 60, attached here as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall be videotaped and recorded stenographically and will continue from day to day until completed. The court reporter will swear in the witness by remote video or internet

1

video conference technology with the same effect as an oath sworn in person to the extent permitted by the law of the state in which the witness is located. The deposition shall be deemed to have been taken before an appropriate court officer despite the court reporter not being in the same physical location as the witness. The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the District Court of Florida, and Pretrial Orders entered by the Court. The witness, questioning attorney, and documents will be recorded by video. Any depositions noticed to take place remotely and which are recorded remotely may be admitted at trial with the same effect of one recorded in- person.

Pursuant to Section 2 of Pretrial Order No. 35, the deposition of William Murphy, Ph.D. will be taken for discovery and all other purposes permitted by the Federal Rules of Civil Procedure before a person authorized to administer oaths who will attend remotely via video conference and will be recorded using the stenographic method, through the instant visual display of testimony, and will also be recorded using audio and videotape technology.

During the deposition examination, no attorney shall be permitted to communicate with the witness in any manner not recorded in the same manner as the deposition itself (i.e., no text or email to witness). However, the witness's

counsel may communicate with the witness telephonically or otherwise during breaks, consistent with the Federal Rule of Civil Procedure No. 30(c)(1).

Golkow will provide remote access for all parties wishing to participate via video conference or telephone. Also note that the court reporter will be appearing via video teleconferencing/teleconferencing and will not be in the presence of the deponent. A stipulation will be made on the stenographic record by all parties that the witness is to be sworn in remotely by the reporter. Please contact (the noticing attorney/Golkow) prior to the deposition to advise that it is your desire to appear via this remote participating means so that necessary credentials, call-in numbers, testing, and information, if necessary, can be provided to you prior to the proceedings. Exhibits for this deposition will be distributed and marked digitally by video teleconferencing/teleconferencing. That a witness was provided with an electronic copy of an exhibit shall not be a basis to object to the admissibility of that exhibit at trial.

**PLEASE TAKE FURTHER NOTICE** that the Deponent William Murphy, Ph.D. should produce the documents requested in the attached Schedule A at the time and place of the deposition.

DATED: June 6, 2022

Respectfully submitted,

*Bryan F. Aylstock*

Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis &
Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Shelley V. Hutson,
Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, PLLC 440
Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Christopher A. Seeger,
Co-Lead Counsel
(Admitted Pro Hac Vice)
NJ State Bar No. 042631990
Seeger Weiss
77 Water Street
8th Floor
New York, NY
10005
Tel.: (212) 587-
0700
cseeger@seegerweiss.com

Brian H. Barr, Co-Liaison
Counsel
Levin, Papantonio, Thomas,
Mitchell, Rafferty & Proctor,
P.A. 316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

Michael A. Burns, Co-
Liaison Counsel
Mostyn Law Firm
3810 W. Alabama St.
Houston, TX 77027
Tel.: (713) 714-0000

epefile@mostynlaw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on June 6, 2022, I caused a copy of the foregoing to be

served through MDL Centrality per Pretrial Order No. 15 (ECF dkt 630).

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock

cc:    Golkow Technologies
        via email to scheduling@golkow.com

# SCHEDULE A

## **DEFINITIONS**

1.  The terms "you" and "your" shall refer to William Murphy, Ph.D.

## **DOCUMENT REQUESTS**

1.  A current version of Curriculum Vitae.

2.  Any 3M Consulting Agreements for work provided as a consultant or testifying expert.

3.  Identify and provide any and all documents relating to legal matters in which you have ever been a witness, consultant or expert for Elliott Berger, Cabot, EAR, Aearo or 3M, including but not limited to patent, civil, criminal or administrative legal proceedings.

4.  Documents including invoices, receipts, payment records regarding any and all compensation paid by Cabot, Aearo or 3M to you, or to any lab or entity for which you were working at the time, e.g. Stephenson & Stephenson, Research & Consulting, unrelated to this specific litigation.

5.  Any and all technical reports relating to the CAEv2, CAEv3 or CAEv3 products in your possession.

6.  Any Consulting Agreements for work provided as a consultant or testifying expert for 3M or Aearo.

7.  Any and all documents relating to hours worked and/or compensation agreed to, paid, and/or received, ever, in connection with Elliott Berger, Cabot, EAR, Aearo or 3M, including any consulting agreements, payments, or communications regarding the same.

8.  Any and all documents relating to your hours worked and/or compensation agreed to, paid, and/or received in connection with your expert testimony to 3M, its counsel, or any other entities relating to the Aearo/3M earplugs (CAEv2 or other versions), this litigation, and/or the claims or defenses herein, including any consulting agreements, payments, or communications

regarding the same.

9.  Any and all agreements and communications concerning any grants, funding, equipment, or hearing protection devices you have received from any 3M or Aearo entity.

10. All raw data from any testing performed on CAEv2, whether REAT, MIRE, sound localization, impulsive noise or other testing.

11. All agreements of any kind related to work done for Cabot Labs, Aearo or 3M, regarding hearing protection devices, HPD testing, ANSI standards, or EP labeling, unrelated to this specific litigation.

12. All communications, including emails, letters, memoranda, or other documents shared between yourself and Cabot, Aearo, or 3M, Elliott Berger, Brian Myers, or other Aearo or 3M employees, related to hearing protection device testing, NRR, EPA labelling regulations, ANSI standards related to testing and labeling of HPDs, unrelated to this specific litigation.

13. All communications, including emails, letters, memoranda, or other documents shared between yourself and any other HPD manufacturer, including but not limited to Howard Leight, Honeywell, Shure, and Moldex, related to hearing protection device testing, NRR, EPA labelling regulations, ANSI standards related to testing and labeling of HPDs, unrelated to this specific litigation.

14. Any and all documents related to the Combat Arms earplugs, available to you or in your possession, including documents available to you at Stephenson & Stephenson, Research & Consulting, unrelated to documents provided to you by Counsel as part of this specific litigation.

EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 35
### Remote Depositions

The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. Plaintiffs and Defendants (the "Parties") have expressed a strong preference to conduct in-person depositions in this litigation, but social distancing restrictions in various jurisdictions may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court has authorized the use of remote depositions by videoconference ("Videoconference Deposition") and now issues the following protocol[1] to govern any depositions

---

[1] This Order does not address which depositions may proceed by videoconference, a subject that the Court has addressed in a prior case management conference and will address further in future Orders as appropriate.

conducted by remote videographic means in *In re: 3M Combat Arms Earplug Products Liability Litigation*.

1.    Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Case Management Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

2.    The deposition notice for any Videoconference Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

3.    All deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general

2

description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three business days before the deposition—and will use best efforts to provide the detailed instructions at least five business days before the deposition.

4.  To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

5.  At least 24 hours before the Videoconference Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). If a witness noticed for a Videoconference Deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, counsel who noticed the deposition must provide the deponent with an agreed-upon tablet containing the audio, webcam, and Wi-Fi connectivity needed to

3

participate in the deposition.

6.    At the time of the deposition, the witness must advise the court reporter of his or her physical location.  The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. To avoid any potential disruptions of a Videoconference Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications.  The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record.  Other attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition.  The participating attorneys may be visible to all other participants during the deposition.

7.    A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video capture/recording.  The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition.  With the exception of the

4

videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

8. During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. Access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to

display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

9.    During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or email exchanges with the witness). However, the witness's counsel may communicate with the witness telephonically or by other electronic means during breaks, consistent with Federal Rule of Civil Procedure 30(c)(1).

10.    Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

11.    Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents

6

and such attendance is consistent with social distancing restrictions. Under such circumstances, the party noticing the deposition may still opt to conduct its examination by videoconference.

12. For *Touhy*-witness depositions, additional protocols may be established by the Court.

**SO ORDERED**, on this 13th day of May, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

7

EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

This Document Relates to All Cases

Case No. 3:19-md-02885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

---

## PRETRIAL ORDER NO. 60
### Expert Deposition Protocol

This Order governs the depositions of expert witnesses in the Trial Group A
cases.  The parties negotiated and agreed on most provisions herein except with
respect to paragraphs 7 and 8, more specifically: (1) the timing of document
productions prior to an expert deposition; (2) the number of questioners and
sequence of questioning on general and case-specific opinions; (3) any limits to
questioning a Group A expert in future cases; and (4) whether there should be time
limits for two expert depositions of individuals who serve as both a fact and expert
witness.  The Court has considered letter briefs from the parties regarding the
disputed issues and adopts the following protocol for the depositions of expert
witnesses.

1.   <u>Schedule</u>.  The Parties have met and conferred and have agreed upon a
schedule (the "Schedule"), attached hereto as Appendix A, setting forth the date(s)
and city location for the deposition of each expert witness disclosed to date in the

Trial Group A cases.  If any Party requests a change to a date or city location in the Schedule, such Party must promptly inform the opposing Parties and Judge Herndon via e-mail and explain why the change is necessary.  The Parties are reminded that expert deposition discovery in MDL Proceedings can be extraordinarily complex and demanding. The process of scheduling and taking depositions, when such large numbers of experts and attorneys are involved, requires a large degree of cooperation, coordination, and effort.  Counsel are expected to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

    2.    <u>Deposition Length</u>.

        a.  If an expert has submitted more than two Rule 26 reports, whether one "general report" and two or more case-specific reports, or multiple case-specific reports, the examining Party may examine the expert for no more than two days, with each day consisting of no more than 7 hours on the record.

        b.  If an expert has submitted one or two Rule 26 reports, including an expert who submits one "general report" and only one case-specific report, the examining Party may examine the expert for no more than one day, with such day consisting of no more than 7 hours on the record.

        c.  Notwithstanding the foregoing sub-paragraphs (a) and (b), if the defending Party's counsel asks questions of the expert, such questioning must occur after the examining Party has completed questioning.  In the event such questioning

by the defending Party's counsel occurs, the examining Party's counsel may ask additional questions that are strictly limited to the scope of the information covered in the defending Party's questions.

        d. The time limitations set forth above in subparagraphs (a) through (b) may be modified by the Parties by mutual agreement without the need for a further Order by this Court.

        e. The videographer or, if there is no videographer, the court reporter, will be the official timekeeper for assessing lengths of time elapsed for purposes of this paragraph.

        3.   <u>In-Person Deposition Location</u>.

        a. For in-person depositions, the defending Party will be responsible for arranging for a deposition venue in the agreed-upon city location. The defending Party will bear the costs associated with the use of deposition space at the selected venue. The venue must be disclosed to the examining Party no later than ten calendar days before the deposition. The venue must include a main deposition room and a breakout room for the examining Party's counsel. In light of the ongoing COVID-19 pandemic, the Parties should abide by social/physical distancing and other practices to protect the health and safety of all those in attendance. These practices include conducting a deposition in a space large enough

to allow for social distancing of at least six feet between each person and may include limiting the number of persons attending the proceeding.

      b.  If the deposition venue selected by the defending Party is a law firm, the defending Party will allow for boxes of hard-copy materials to be shipped to the law firm by the examining Party.  The defending Party must not open such boxes but will make them available to the examining Party's counsel in the deposition room no later than one hour before the scheduled start of the deposition.

    4.    <u>Changes Due to COVID-19 Pandemic</u>.

      a.  The provisions of this section apply to depositions that are designated on the Schedule to occur in-person.

      b.  If the witness to be deposed indicates that he or she is not comfortable with an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—the defending Party's counsel must notify Judge Herndon and the examining Party's counsel no later than 96 hours before the scheduled start of the deposition.  If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

      c.  If a counsel who will be examining the expert witness indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or

other orders restricting in-person gatherings or travel—such counsel must notify Judge Herndon and the defending Party's counsel promptly upon deciding that he or she wants the deposition to be remote. If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

d. If the counsel who will be defending the expert witnesses indicates that he or she would not be comfortable attending an in-person deposition on account of circumstances relating to the COVID-19 pandemic—including governmental or other orders restricting in-person gatherings or travel—such counsel must notify Judge Herndon and the examining Party's counsel promptly upon deciding that he or she wants the deposition to be remote. If such a notification is provided, the deposition will occur remotely in accordance with paragraph 5 of this Order.

e. Any cancellation or other fees for renting a deposition venue that are incurred as a result of notifications provided under this section must be borne by the defending Party.

f. Nothing in this section prevents the Parties from reaching alternative agreements with respect to an expert deposition, including proceeding with a deposition where one party attends in-person and the other party attends remotely. This, however, may only be done by mutual agreement, except that, if the examining Party's counsel decides that he or she would not be comfortable attending

a deposition in-person as set forth in paragraph 4(c) above, that does not preclude the defending Party's counsel from nevertheless attending the deposition in-person. Notwithstanding the foregoing, all depositions designated as remote in the Schedule must be conducted in accordance with paragraph 5 and, as such, for those depositions there will be no attendees from either Party present in-person with the witness, except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

5.    <u>Remote Depositions</u>.    The Parties will conduct any remote expert depositions in accordance with Pretrial Order No. 35 and with no attendees from either Party present in-person, except that the defending Party may have one non-lawyer personnel in attendance in-person to assist the witness with logistical, exhibit/document, and convenience matters.

6.    <u>Start Time</u>.    Unless otherwise agreed by the Parties or ordered by this Court, (a) in-person depositions will commence at 9:00 a.m. in the time zone in which the deposition is occurring; and (b) remote depositions will commence at a time agreed-to by the Parties but no earlier than 7:30 a.m. Pacific Time if the witness, any counsel who will be asking questions at the deposition, or the counsel who will be defending the deposition are located in the Pacific time zone.

7. <u>Materials to Be Produced</u>.  If there are materials to be produced in response to a Notice of Deposition or other request, they must be produced no later than the start of the deposition.  Nothing herein abridges the obligations of any Party to make or have made required disclosures under Federal Rule of Civil Procedure 26.  Nor does anything herein abridge the rights of any Party to make objections to document requests that may be made, including in Notices of Deposition.

8. <u>Questioning Counsel and Defending Counsel</u>.

a.  In no event will the timing limitations set forth in this Order be expanded on account of the number of questioning counsel.

b.  No more than one counsel for the defending Party may interpose objections or otherwise speak on the record while the witness is present, but multiple counsel may speak on the record outside the presence of the witness and may also speak on the record in communications with the Court or the Special Master whether the witness is present or not.

c.  If re-cross examination occurs in response to questioning by the defending Party's counsel, only the lawyers who have previously questioned the witness during the deposition may ask re-cross questions in accordance with paragraph 2(c) of this Order.

d.  If more than one counsel for the examining Party asks questions during the deposition, the questioning will proceed such that the first counsel will

ask all of his or her questions and then pass the witness, after which the second counsel will then ask all of his or her questions.

e. Unless an expert indicates his or her opinions have changed, Parties must use their best efforts in the Group B, C, and D cases to not repeat questions asked of experts during depositions taken in connection with Group A cases. Nothing herein will abridge any Party's rights to inquire into (a) whether an expert's opinions have changed; (b) new, additional, or changed opinions; (c) new, additional, or changed materials considered; (d) relevant discovery obtained after the disclosure of the initial expert reports; or (e) facts or circumstances relevant to a particular Plaintiff in a non-Group A case.

9. <u>Consultation with Witness</u>. The expert being examined may consult with the defending Party's counsel during a deposition and, pursuant to the Parties' agreement, the examining Party's counsel must not ask questions about the subject matter of any such consultation. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness may consult at any time for the purpose of determining whether the disclosure of information would violate an order of the Court or the protection afforded under Federal Rule of Civil Procedure 26(b)(4)(C). Nothing in this paragraph expands the timing limitations in paragraph 2 of this Order.

10. <u>Costs</u>. The Parties have agreed that any fees or expenses resulting from an expert witness participating in a deposition pursuant to this Order will be borne by the defending Party and not by the examining Party.

11. <u>Other Provisions</u>.  Paragraphs 28-36 and 38-43 of Pretrial Order No. 52 are incorporated herein.

**SO ORDERED**, this 1st day of December, 2020.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**