# PX60



WILLIAM MURPHY, PH.D.
EXHIBIT
1
Juliana Zajicek, CSR-06/28/2022

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |
| This Document Relates to All Cases | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE TO TAKE THE REMOTE DEPOSITION BY VIDEOCONFERENCE OF WILLIAM MURPHY, Ph.D.**

Defendant 3M Company (3M") serves its responses and Objections to Plaintiffs' June 6, 2022 Notice to Take the Remote Deposition by Videoconference of William Murphy (the "Notice").

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS**

3M hereby makes the following General Objections to the document requests contained in Schedule A of Plaintiffs' the Notice.

1) 3M objects to Plaintiffs' requests to the extent they call for information, seek discovery, or attempt to impose any obligations beyond those permitted or authorized by the Federal Rules of Civil Procedure or the Rules and Orders of this Court.

2) 3M objects to Plaintiffs' requests to the extent they call for information, seek discovery, or attempt to impose any obligations beyond those agreed to in the Parties' Stipulation Regarding Expert Discovery For Wave Cases (Dkt. 3072).

3) 3M objects to Plaintiffs' requests to the extent they seek information that is not relevant to the subject matter of this proceeding.

4) 3M objects to Plaintiffs' requests to the extent they seek information that is protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest

privilege, or any other applicable privilege, exemption, or immunity.

5) 3M objects to Plaintiffs' requests to the extent they are redundant, duplicative, and/or cumulative of discovery previously taken of or provided by 3M.

6) 3M objects to Plaintiffs' requests to the extent that they are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including without limitation as to subject matter and/or time period, and where compliance with specific requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming.

7) 3M's production of any information or documents in response to Plaintiffs' requests should not be construed as: (a) a stipulation that the material is relevant or admissible; (b) a waiver of 3M's General Objections or any objections asserted in response to specific requests; (c) an agreement that requests for similar information will be treated in a similar manner; or (d) a waiver or forfeiture of any claim of applicable privilege or work product protection. 3M expressly reserves the right to object to further discovery, to the subject matter of these requests, and to the introduction into evidence of any documents that 3M may produce in response to these requests.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

A current version of Curriculum Vitae.

**RESPONSE TO REQUEST NO. 1:**

3M incorporates its General Objections as if set forth fully herein. Subject to, and without waiving the foregoing objections, 3M responds as follows: 3M has already provided a current version of Dr. Murphy's Curriculum Vitae.

**REQUEST NO. 2:**

Any 3M Consulting Agreements for work provided as a consultant or testifying expert.

**RESPONSE TO REQUEST NO. 2:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 3:**

Identify and provide any and all documents relating to legal matters in which you have ever been a witness, consultant or expert for Elliott Berger, Cabot, EAR, Aearo or 3M, including but not limited to patent, civil, criminal or administrative legal proceedings.

**RESPONSE TO REQUEST NO. 3:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 4:**

Documents including invoices, receipts, payment records regarding any and all compensation paid by Cabot, Aearo or 3M to you, or to any lab or entity for which you were working at the time, e.g. Stephenson & Stephenson, Research & Consulting, unrelated to this specific litigation.

**RESPONSE TO REQUEST NO. 4:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 5:**

Any and all technical reports relating to the CAEv2, CAEv3 or CAEv3 products in your possession.

**RESPONSE TO REQUEST NO. 5:**

3M incorporates its General Objections as if set forth fully herein. Subject to, and without waiving the foregoing objections, 3M responds as follows: Dr. Murphy has already provided, and/or incorporated by reference in his expert report, documents responsive to this request in his possession, custody, or control.

**REQUEST NO. 6:**

Any Consulting Agreements for work provided as a consultant or testifying expert for 3M or Aearo.

**RESPONSE TO REQUEST NO. 6:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 7:**

Any and all documents relating to hours worked and/or compensation agreed to, paid, and/or received, ever, in connection with Elliott Berger, Cabot, EAR, Aearo or 3M, including any consulting agreements, payments, or communications regarding the same.

**RESPONSE TO REQUEST NO. 7:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work

product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 8:**

Any and all documents relating to your hours worked and/or compensation agreed to, paid, and/or received in connection with your expert testimony to 3M, its counsel, or any other entities relating to the Aearo/3M earplugs (CAEv2 or other versions), this litigation, and/or the claims or defenses herein, including any consulting agreements, payments, or communications regarding the same.

**RESPONSE TO REQUEST NO. 8:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 9:**

Any and all agreements and communications concerning any grants, funding, equipment, or hearing protection devices you have received from any 3M or Aearo entity.

**RESPONSE TO REQUEST NO. 9:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 10:**

All raw data from any testing performed on CAEv2, whether REAT, MIRE, sound localization, impulsive noise or other testing.

**RESPONSE TO REQUEST NO. 10:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. Subject to, and without waiving the foregoing objections, 3M responds as follows: Dr. Murphy has already produced data responsive to this request.

**REQUEST NO. 11:**

All agreements of any kind related to work done for Cabot Labs, Aearo or 3M, regarding hearing protection devices, HPD testing, ANSI standards, or EP labeling, unrelated to this specific litigation.

**RESPONSE TO REQUEST NO. 11:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 12:**

All communications, including emails, letters, memoranda, or other documents shared between yourself and Cabot, Aearo, or 3M, Elliott Berger, Brian Myers, or other Aearo or 3M employees, related to hearing protection device testing, NRR, EPA labelling regulations, ANSI standards related to testing and labeling of HPDs, unrelated to this specific litigation.

**RESPONSE TO REQUEST NO. 12:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 13:**

All communications, including emails, letters, memoranda, or other documents shared between yourself and any other HPD manufacturer, including but not limited to Howard Leight, Honeywell, Shure, and Moldex, related to hearing protection device testing, NRR, EPA labelling regulations, ANSI standards related to testing and labeling of HPDs, unrelated to this specific litigation.

**RESPONSE TO REQUEST NO. 13:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.

**REQUEST NO. 14:**

Any and all documents related to the Combat Arms earplugs, available to you or in your possession, including documents available to you at Stephenson & Stephenson, Research & Consulting, unrelated to documents provided to you by Counsel as part of this specific litigation.

**RESPONSE TO REQUEST NO. 14:**

3M incorporates its General Objections as if set forth fully herein. 3M further objects to this request to the extent it calls for information subject to attorney-client privilege and/or work product doctrine. 3M further objects to this request to the extent that it requests information not relevant to this litigation.   Subject to, and without waiving the foregoing objections, 3M responds as follows: As described in Defendants' email to Plaintiffs on June 17, 2022, Dr. Murphy currently has certain documents responsive to this request in his files from his time working at NIOSH but will defer to the Government's guidance on production of those documents.

Dated: June 17, 2022                  Respectfully submitted,

                                                 /s/ *Kimberly Branscome*
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP 1301
Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2022, a true and correct copy of the foregoing:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE TO TAKE THE REMOTE DEPOSITION BY VIDEOCONFERENCE OF WILLIAM MURPHY, Ph.D.**

was served as follows:

**[MDL Centrality]** By electronically serving the above document via the MDL Centrality website.

Dated: June 17, 2022

                                                      */s/ Kimberly Branscome*
                                                      Kimberly Branscome