IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Wave 1 Cases* | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**DEFENDANTS' MOTION TO PRESERVE *DAUBERT* AND RULE 702 MOTIONS AND ARGUMENTS PREVIOUSLY RULED UPON**

Defendants 3M Company and Aearo (collectively, "Defendants"), pursuant to the Court's instructions provided on November 22, 2021 and May 6, 2022, and a joint stipulation with Plaintiffs regarding expert discovery filed on May 5, 2022, respectfully file this motion to (1) preserve all motions and arguments regarding Defendants' prior *Daubert* motions to the extent that the Court has previously denied them, and (2) re-assert all prior motions and arguments to the extent they have been a basis for the Court to grant Defendants' prior *Daubert* motions and/or exclude Plaintiffs' experts. For each *Daubert* motion filed in a Wave 1 case, Defendants hereby incorporate by reference arguments from and related to Defendants' Omnibus Motion to Exclude Plaintiffs' [Group A] Putative Expert Opinions Under *Daubert* and Rule 702 and Incorporated Memorandum in Support Thereof (ECF 1606) ("Group A"), Defendants' Omnibus Motion To Exclude Plaintiffs' Group B

1

Putative Expert Opinions Under *Daubert* and Rule 702 And Incorporated Memorandum (ECF 1864) ("Group B"), Defendants' Omnibus Motion To Exclude Plaintiffs' Group C Putative Expert Opinions Under *Daubert* And Rule 702 And Incorporated Memorandum (ECF 2042) ("Group C"), and Defendants' Omnibus Motion to Exclude Plaintiffs' Group D Putative Expert Opinions Under *Daubert* And Rule 702 And Incorporated Memorandum (ECF 2718) ("Group D"), to include Defendants' Motion to Exclude Plaintiffs' Expert Anthony Joseph Opinions Under *Daubert* And Rule 702 And Incorporated Memorandum (ECF 2721). In Defendants' motions to exclude case-specific experts in the Wave 1 cases, Defendants have made certain of these arguments based on the facts and expert opinions in each case.

### List of *Daubert* Motions And Arguments:

- Several Experts Impermissibly Act As Attorney Mouthpieces — Summarizing Evidence Is Not Helpful Or Reliable Opinion. (Group A § I.A)

- Several Experts Impermissibly Act As Attorney Mouthpieces — Experts Cannot Offer Legal Conclusions. (Group A § I.B; Group B § IV.B)

- Several Experts Impermissibly Act As Attorney Mouthpieces — State-of-Mind Opinions Are Impermissible. (Group A § I.C; Group B § IV.B)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their "Safety Culture" Opinions Lack Any Methodology Or A Sufficient Factual Basis. (Group A § II.A)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Do Not Account For Objective, Empirical Evidence Establishing Many Soldiers Did Not Use Hearing Protection. (Group A § II.B)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Impermissibly Speculate About Soldiers' State of Mind. (Group A § II.C)

- Plaintiffs' Military "Safety Culture" Experts Have No Valid Basis For Their Opinions — Their Opinions Do Not "Fit" With The Facts Of Any Plaintiff. (Group A § II.D)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Plaintiffs' Experts' Evaluations of the CAEv2 Are Unreliable. (Group A § III.A)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — The Opinions of David Eddins And Robert Juneau Should Be Excluded. (Group A § III.B)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Certain of Juneau's Other Opinions Should Be Excluded. (Group A § III.C)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Certain of Franks' Opinions Are Unreliable, Without Foundation, Or Have Been Disavowed. (Group A § III.D)

- Plaintiffs' Hearing Testing Experts' Opinions Use Unreliable Methodologies That Do Not Fit The Facts Of This Case — Eric Rose Lacks Any Methodology Or Basis For Opining Regarding Alleged Product Defects. (Group A § III.E)

- Plaintiffs' Experts' Differential Diagnoses Are Unreliable — Other Hearing Protection. (Group A § IV.A)

  - Defendants assert the arguments in this section regarding experts not properly ruling out user error or use of other HPDs against Wave 1 experts who opine regarding specific causation.

- Plaintiffs' Economic Loss Experts Lack Any Reliable Methodology Reasonably Applied To The Facts — Davis And Kucsma's Opinions On Earning Capacity And Worklife Capacity Should Be Excluded. (Group A § V.A)

  - Defendants also direct the Court to additional recent authority supporting Defendants' arguments. *See Sturgis v. R & L Carriers, Inc.*, 2021 WL 3578746, at *6 (N.D. Ind. Aug. 13, 2021) (excluding opinions from Gibson using ACS

data because the method must be reliable even if the underlying "data resists error").

- Plaintiffs' Economic Loss Experts Lack Any Reliable Methodology Reasonably Applied To The Facts — Johnson Simply Copies Publicly Financial Figures Without Any Analysis Or Expert Opinion. (Group A § V.B)

- Hidden Hearing Loss Opinions Do Not Fit Plaintiffs' Facts. (Group A § VI.A-VI.C)

- Plaintiffs' Experts' Opinions Regarding PTSD Are Speculative And Inadmissible — Fagelson, An Audiologist, Lacks The Qualifications To Opine About Medical Conditions Such As PTSD Or Sleep Disorders. (Group A § VII.A)

  - This motion and argument is also asserted against each of Plaintiffs' Wave 1 that opines on mental health and other medical conditions without being qualified to do so.

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — Arriaga Is Not Qualified To Offer Opinions Regarding Product Testing, Labeling, Or Design Features. (Group A § VIII.A)

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — Bielefeld's Opinions About Employment Rates, Earning Capacity, Mental Health Issues And Dementia Are Improper And Inadmissible. (Group A §VIII.B)

- Other Experts Offer Opinions Beyond The Scope Of Any Expertise — McKinley Has No Expertise In ISO 9001. (Group A § VIII.C)

- Other Opinions Should Be Excluded — Packer's Opinions Regarding Estes' Or Baker's Comorbidities Are Speculative And Unreliable. (Group A § IX.A)

- Other Opinions Should Be Excluded — McKinley's Opinions About Defendants' Quality Testing Program Should Be Excluded. (Group A § IX.B)

- Other Opinions Should Be Excluded — Madigan Should Not Be Allowed To Testify Regarding Causation. (Group A § IX.C)

- Plaintiffs' Hidden Hearing Loss Opinions Are Unreliable, Speculative, And Not Based On Any Methodology. (Group B § I.A-B)

- Plaintiffs' Experts' Diagnoses Are Unreliable — Plaintiffs' Experts Have No Basis

4

For Opinions That Any CAEv2 Defect Caused Plaintiffs' Alleged Injuries.  (Group B § II.C)

- Defendants assert this argument against each of Plaintiffs' Wave 1 experts that opines regarding specific causation and did not fit the Plaintiff with the CAEv2 or measure the Plaintiff's ear canals.

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Offer Any Opinions About Hearing Loss and Tinnitus. (Group B § IV.C)

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Opine About Method B Approximating The CAEv2's Performance For Soldiers. (Group B § IV.D)

- Plaintiffs' Experts Cannot Offer Other Unreliable Or Impermissible Opinions — Gilder Cannot Opine About What Information 3M Should Have Provided To The Military. (Group B § IV.E)

- Opinions Relating To Camarillorazo Should Be Excluded — Spankovich's Differential Diagnosis Is Unreliable.  (Group C § I.A.1)

- Opinions Relating To Finley Should Be Excluded — Arriaga And Ezelle Cannot Opine That Hearing Loss Exacerbates Finley's Mental Issues.  (Group C § I.B.5)

- Opinions Relating To Montero Should Be Excluded — Packer Did Not Perform A Proper Differential Diagnosis For Montero — Other HPDs.  (Group C § I.C.2.b)

- Opinions Relating To Montero Should Be Excluded — Packer Cannot Testify About Future Prognosis.  (Group C § I.C.3)

- Lustig Did Not Conduct A Proper Differential Diagnosis Of Palanki — Other HPDs.  (Group C § I.D.2)

    - Defendants assert this argument against each of Plaintiffs' Wave 1 experts who offer specific causation opinions, as none of these experts adequately rule out whether individual plaintiffs could not have experienced hearing damage while wearing other hearing protection.

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — The Court Should Continue To Exclude Eddins' Opinions Regarding His hMIRE Testing. (Group C § II.A)

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — Hall's Opinions Should Be Excluded.  (Group C § II.C)

- Plaintiffs' Hearing Testing Experts' Opinions Should Be Excluded — Djalilian's HHL Opinions Are Precluded Under This Court's Orders.  (Group C § II.D)

- Plaintiffs' Experts Should Not Be Allowed To Act As Attorney Mouthpieces — Djalilian Cannot Offer Legal Or State-Of-Mind Opinions.  (Group C § III.B)

- Djalilian's Differential Diagnosis Regarding Kelley Is Unreliable. (Group D § I)

- Gershwin's Rebuttal Opinions Regarding Kelley Are Unreliable And Irrelevant. (Group D § II)

- Arriaga's Causation Opinion Regarding Vilsmeyer Is Unreliable. (Group D § III)

- Spankovich's Vilsmeyer Causation Opinions Should Be Excluded. (Group D § IV)

- Bielefeld's Differential Etiology of Vaughn Is Unreliable. (Group D § V)

- Lustig's Causation Opinion Regarding Vaughn Is Unreliable. (Group D § VI)

- Djalilian's Opinions About Wilkerson Should Be Excluded. (Group D § VII)

- Spankovich's Opinions About Wilkerson Should Be Excluded. (Group D § VIII)

- Dr. Josephs' Legal Opinions, State of Mind Opinions, and Testing and Design Opinions. (Group D, ECF 2721 §§ A-C)

Pursuant to a joint stipulation with Plaintiffs filed on May 5, 2022, the parties "understand that the Court will not reconsider its prior *Daubert* rulings and the parties may not brief *Daubert* issues previously considered and adjudicated by the Court.  Based on this understanding, the parties will instead file on the master MDL docket a single omnibus *Daubert* preservation motion.  The parties understand that the Court has ruled that prior general *Daubert* rulings will apply to all Wave cases."

ECF 3072 at 9.

Therefore, Defendants respectfully request that the Court enter an order (1) preserving all of Defendants' prior *Daubert* arguments, herein incorporated by reference to the *Daubert* motions of the individual Wave 1 cases, to the extent the Court previously denied such motions, and (2) applying the Court's prior *Daubert* rulings to the individual Wave 1 cases to the extent they have been a basis for the Court to grant Defendants' prior *Daubert* motions and/or exclude Plaintiffs' experts.

Respectfully submitted:

*/s/ Charles F. Beall, Jr.*  
Larry Hill  
Florida Bar No. 173908  
lhill@mhw-law.com  
Charles F. Beall, Jr.  
Florida Bar No. 66494  
cbeall@mhw-law.com  
Haley J. VanFleteren  
Florida Bar No. 1003674  
hvanfleteren@mhw-law.com  
MOORE, HILL & WESTMORELAND, P.A.  
350 West Cedar Street  
Maritime Place, Suite 100  
Pensacola FL 32502  
Telephone: (850) 434-3541  

*/s/ Robert C. "Mike" Brock*  
Robert C. "Mike" Brock  
KIRKLAND & ELLIS LLP  
1301 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
Telephone: (202) 389-5991  
mike.brock@kirkland.com  

Mark J. Nomellini  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone: (312) 862-3254  
mnomellini@kirkland.com  

Kimberly Branscome  
DECHERT LLP  
633 W. 5th St., Suite 4900  
Los Angeles, CA 90071  
Telephone: (213) 808-5762  
kimberly.branscome@dechert.com  

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

8

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this motion contains 1,579 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated:  July 21, 2022

/s/ *Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendants certify that the parties filed a joint stipulation on May 5, 2022 regarding the relief sought in this motion. The present motion is filed pursuant to that joint stipulation.

Dated: July 21, 2022

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

Dated:  July 21, 2022

/s/ Robert C. Brock
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*