## EXHIBIT A

Voluntary Petition of
Aearo Technologies LLC
Under Chapter 11 of the Bankruptcy Code

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**Southern District of Indiana**
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Aearo Technologies LLC** |
| --- | --- | --- |

| 2. | All other names debtor used in the last 8 years | **E-A-R Specialty Composites, Aearo Company, Aearo Technologies** |
| --- | --- | --- |
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | <u>**13-3840356**</u> |
| --- | --- | --- |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| 7911 Zionsville Road | |
| Number        Street | Number        Street |
| | P.O. Box |
| Indianapolis          IN        46268 | City                State      Zip Code |
| City                State      Zip Code | **Location of principal assets, if different from principal place of business** |
| Marion | Number        Street |
| County | |
| | City                State      Zip Code |

| 5. | Debtor's website (URL) | https://earglobal.com/en/ |
| --- | --- | --- |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Aearo Technologies LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
3399

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | _____ | When | MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | MM/DD/YYYY | Case number | _____ |

Debtor   Aearo Technologies LLC
        Name

Case number *(if known)*

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship **Affiliate** |
| List all cases.  If more than 1, attach a separate list. | | District | **Southern District of Indiana** | When **07/26/2022**<br>MM / DD / YYYY |
| | | Case number, if known | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                    Number      Street

_____
City         State   Zip Code

Is the property insured?

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

| | |
|---|---|
| ■ | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| Debtor | Aearo Technologies LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **14. Estimated number of creditors (on a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☒ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion[1]<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|

Executed on    __07/26/2022__
                MM/ DD / YYYY

**x**    __/s/ John R. Castellano__                          John R. Castellano
         Signature of authorized representative of debtor     Printed name

Title    __Authorized Signatory__

| **18. Signature of attorney** | **x** __/s/ Jeffrey A. Hokanson__ | Date | __07/26/2022__ |
|---|---|---|---|
| | Signature of attorney for debtor | | MM/DD/YYYY |

**Jeffrey A. Hokanson**
Printed name

**Ice Miller LLP**
Firm name

**One American Square, Suite 2900**
Number          Street

**Indianapolis**                                    **IN**        **46282-0200**
City                                                State       ZIP Code

**(317) 236-2100**                                  **Jeff.Hokanson@icemiller.com**
Contact phone                                       Email address

**14579-49**                                        **IN**
Bar number                                          State

---

[1] The Debtors have obtained a commitment for $1 billion to fund a trust to resolve all claims determined to be entitled to compensation, based on the analysis of an experienced estimator of claims in chapter 11.

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of Indiana |
| (State) |
| Case number *(if known)*: _____   Chapter ___11___ |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Indiana for relief under chapter 11 of title 11 of the United States Code. The Debtors anticipate subsequently moving for joint administration of the chapter 11 cases.

- Aearo Technologies LLC
- Aearo Holding LLC
- Aearo Intermediate LLC
- Aearo LLC
- Aearo Mexico Holding Corp.
- Cabot Safety Intermediate LLC
- 3M Occupational Safety LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AEARO TECHNOLOGIES LLC, | ) | Case No. 22-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Aearo Technologies LLC | Aearo LLC | 7911 Zionsville Road, Indianapolis, IN 46268 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, | ) | Case No. 22-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Aearo LLC | 100% |

<table>
<tr><td colspan="2">
<strong>Fill in this information to identify the case:</strong>

Debtor name     Aearo Technologies LLC, <em>et al.</em>

United States Bankruptcy Court for the:   Southern          District of   Indiana
                                                                          (State)

Case number (If known):   [●]
</td>
<td>☐ Check if this is an
amended filing</td></tr>
</table>

## Chapter 11 Cases: List of Law Firms Representing the Tort Claimants    12/15

**Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, Aearo Mexico Holding Corporation, Cabot Safety Intermediate LLC, and 3M Occupational Safety LLC (collectively, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. The following is a consolidated list of parties that represent or have represented the known parties that have alleged claims against the Debtors related to tort claims (the "Top Counsel List"). Substantially contemporaneously with this petition, the Debtors have filed a motion seeking authority to file this Top Counsel List in lieu of a list of the 20 largest unsecured creditors for each of the Debtors.[1] This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Counsel List was prepared with information existing as of the date hereof. The Debtors reserve the right to amend the Top Counsel List based on additional information they may identify. The information contained in the Top Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtors.**

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Aylstock, Witkin, Kreis & Overholtz, PLLC** 17 E. Main Street Suite 200 Pensacola, FL 32502 | Attn: Bryan Frederick Aylstock, Jennifer M. Hoekstra, & Douglass Alan Kreis P: 850-916-7450 F: 850-916-7449 baylstock@awkolaw.com jhoekstra@awkolaw.com dkreis@awkolaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 2 | **Watts Guerra LLP** 4 Dominion Drive Building 3 Suite 100 San Antonio, TX 78257 | Attn: Mikal Watts, David Vincent Mclendon, & Erin Rogiers P: 210-448-0500 mcwatts@wattsguerra.com dmclendon@wattsguerra.com erogiers@wattsguerra.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 3 | **Tracey Fox King & Walters** 440 Louisiana Street Suite 1901 Houston, TX 77002 | Attn: Sean Patrick Tracey, Lawrence Fleming Tracey, & Shawn Fox P: 713-495-2333 F: 713-495-2331 stracey@traceylawfirm.com sfox@traceylawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |

---

[1]    This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name:  Aearo Technologies LLC, *et al.*                                    Case Number (if known):_____

| 4 | **Keller Postman LLC**<br>150 N Riverside Plaza<br>Suite 4100<br>Chicago, IL 60606 | Attn: Ashley Conrad Keller, Nicole Corinne Berg, Ashley Barriere, Hannah Ruth Roberts, & Mitali R Vyas<br>P: 312-948-8477<br>ack@kellerpostman.com<br>ncb@kellerpostman.com<br>Ashley.barriere@kellerpostman.com<br>hrr@kellerpostman.com<br>mv@kellerlenkner.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 5 | **Clark, Love & Hutson, PLLC**<br>440 Louisiana Street<br>Suite 1700<br>Houston, TX 77002 | Attn: Clayton A. Clark, Shelley Van Natter Hutson, & William Michael Moreland<br>P: 713-757-1400<br>F: 713-759-1217<br>cclark@triallawfirm.com<br>bgreif@triallawfirm.com<br>mmoreland@triallawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 6 | **Thomas J. Henry Law**<br>521 Starr Street<br>Corpus Christi, TX 78401 | Attn: Thomas J Henry & Lesley Catherine Paniszczyn<br>P: 361-985-0600<br>F: 361-985-0601<br>Tjh.3m@thomasjhenrylaw.com<br>lpan.3m@thomasjhenrylaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 7 | **The Gori Law Firm, P.C.**<br>156 N Main Street<br>Edwardsville, IL 62025 | Attn: Megan Tomlinson Arvola, Tanja C Engelhardt, Robert Allen Green, David Todd Mathews, & Nicholas Ryan Mayfield<br>P: 618-659-9833<br>marvola@gorijulianlaw.com<br>tengelhardt@gorilaw.com<br>rgreen@gorilaw.com<br>todd@gorijulianlaw.com<br>rmayfield@gorilaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 8 | **Pulaski Law Firm, PLLC**<br>2925 Richmond Avenue<br>Suite 1725<br>Houston, TX 77098 | Attn: Katherine Lindsey Cornell, Bret D Stanley, & Steve Faries<br>P:  800-223-3784<br>F:  713-664-4555<br>kcornell@pulaskilawfirm.com<br>bstanley@pulaskilawfirm.com<br>sfaries@pulaskilawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 9 | **Heninger Garrison Davis, LLC**<br>2224 1st Avenue North<br>Birmingham, AL 35203 | Attn: William Lewis Garrison, Jr., Taylor Christopher Bartlett, & Christopher Boyce Hood<br>P: 205-326-3336<br>F: 205-326-3332<br>lewis@hgdlawfirm.com<br>taylor@hgdlawfirm.com<br>chood@hgdlawfirm.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 10 | **Weitz & Luxenberg P.C.**<br>700 Broadway<br>New York, NY 10003 | Attn: Terea Ann Curtin, Ericarae Garcia, & Michael Edward Pederson<br>P: 212-558-5907<br>F: 646-293-4360<br>tcurtin@weitzlux.com<br>egarcia@weitzlux.com<br>mpederson@weitzlux.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |

Debtor Name:  Aearo Technologies LLC, *et al.*                    Case Number (if known):_____

| 11 | **Douglas & London, P.C.**<br>59 Maiden Lane<br>6th Floor<br>New York, NY 10038 | Attn: Michael A London & Virginia E Anello<br>P: 212-566-7500<br>F: 212-566-7501<br>mlondon@douglasandlondon.com<br>vanello@douglasandlondon.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
|---|---|---|---|---|---|---|---|
| 12 | **Bailey Cowan Heckaman PLLC**<br>1360 Post Oak Boulevard<br>Suite 2300<br>Houston, TX 77056 | Attn: Kenneth Camp Bailey & Robert W Cowan<br>P: 713-425-7100<br>F: 713-415-7101<br>bailey-svc@bpblaw.com<br>rcowan@bchlaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 13 | **Junell & Associates, PLLC**<br>3737 Buffalo Speedway<br>Suite 1850<br>Houston, TX 77098 | Attn: Deborah K Levy<br>P: 713-221-3750<br>dlevy@junell-law.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 14 | **Nabers Law Firm, PLLC**<br>3737 Buffalo Speedway<br>Suite 1850<br>Houston, TX 77098 | Attn:  Joseph Scott Nabers & Katerina Dimitrakakos<br>P: 713-422-1200<br>F: 713-422-1210<br>snabers@naberslaw.com<br>kathy@naberslaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 15 | **Morgan & Morgan**<br>850 3rd Avenue<br>Suite 402<br>Brooklyn, NY 11232 | Attn:  Paul J Pennock & Jonathan M Sedgh<br>P: 212-738-6839<br>ppennock@forthepeople.com<br>jsedgh@forthepeople.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 16 | **Danziger & De Llano, LLP**<br>440 Louisiana Street<br>Suite 1212<br>Houston, TX 77002 | Attn: Rodrigo De Llano<br>P: 713-222-9998<br>filings@dandell.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 17 | **Seeger Weiss LLP**<br>55 Challenger Road<br>6th Floor<br>Ridgefield Park, NJ 07660 | Attn: Christopher A Seeger, David R. Buchanan, & Maxwell H Kelly<br>P: 212-584-0700<br>F: 973-639-8656<br>cseeger@seegerweiss.com<br>dbuchanan@seegerweiss.com<br>mkelly@seegerweiss.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 18 | **Abraham, Watkins, Nichols, Sorrels, Agosto & Aziz**<br>800 Commerce Street<br>Houston, TX 77055 | Attn: Muhammed S Aziz<br>P: 713-222-7211<br>F: 713-225-0827<br>jdean@abrahamwatkins.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 19 | **Morgan, Collins, Yeast and Salyer**<br>455 2nd St.<br>Paintsville, KY 41240 | Attn: McKinnley Morgan, Roy Collins, Dan Yeast, & Kyle Salyer<br>P: 606-789-1135 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 20 | **Martin Walton Law Firm**<br>699 S. Friendswood Drive, Suite 107<br>Houston, TX 77546 | Attn: Mike Martin & Gage Walton<br>P: 346-800-0285 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |

Fill in this information to identify the case and this filing:

Debtor Name       Aearo Technologies LLC

United States Bankruptcy Court for the:       Southern District of Indiana

                                                  (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **07/26/2022**          ***/s/ John R. Castellano***
                  MM/ DD/YYYY        Signature of individual signing on behalf of debtor

                                               **John R. Castellano**

                                               Printed name

                                               **Authorized Signatory**

                                               Position or relationship to debtor

Official Form 202                              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT BY THE BOARD OF DIRECTORS**
**OF EACH OF THE COMPANIES SET FORTH ON EXHIBIT A ATTACHED HERETO**

The undersigned, being the requisite members of the boards of directors (the "**Boards**") of Aearo Technologies LLC, a Delaware limited liability corporation, and certain of its affiliated entities set forth on **Exhibit A**, each organized and existing under the internal laws of Delaware (each, a "**Company**" and collectively, the **"Companies"**), having considered the filing of voluntary petitions for relief under the provisions of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**" and such petitions, "**Bankruptcy Petitions**") and exploring strategic and/or financial alternatives in light of the Companies' current circumstances, including possibilities of undertaking a restructuring, reorganization, or other transaction and related financing (each of the foregoing and any combination of the foregoing, a "**Restructuring Transaction**");

WHEREAS, the Boards have reviewed and considered the following:

1.    the presentations by the Companies' management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available to them, and the impact of the foregoing on the Companies' business;

2.    that certain funding and indemnification agreement, dated July 25, 2022, by and among the Companies and 3M Company, a Delaware corporation;

3.    the information and advice previously provided to and reviewed by the Boards; and

4.    the related matters reported on at meetings of the Boards on and before the date hereof;

WHEREAS, the Boards have had the opportunity to consult with the Companies' management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Boards have determined, in their business judgment, that it is desirable and in the best interests of the Companies and their respective stakeholders for the Companies to file, or cause the filing of, voluntary petitions under chapter 11 of the Bankruptcy Code and that such action will benefit the Companies and their respective stakeholders;

WHEREAS, the Boards have determined, in their business judgment, that it is desirable and in the best interests of the Companies and their respective stakeholders for the Companies to file, or cause the filing of, any complaint, appropriate pleading, or document related to a preliminary injunction or temporary restraining order seeking the extension of protections afforded under the Bankruptcy Code to certain of the Companies' affiliates, and that such action will benefit the

Companies and their respective stakeholders; and

WHEREAS, the Boards have determined, in their business judgment, that it is desirable and in the best interests of the Companies and their respective stakeholders for the Companies to appoint a chief restructuring officer ("**Chief Restructuring Officer**") pursuant to their respective articles of organization, limited liability agreements, or any other documents governing the management and affairs of each Company (the "**Organizational Documents**").

### Authorizing the Filing of Bankruptcy Petitions

**NOW, THEREFORE, IT IS RESOLVED,** that the Companies are authorized to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code and seek necessary relief, including, without limitation, any preliminary injunction or temporary retraining order;

**FURTHER RESOLVED,** that, in the judgment of the Boards, it is desirable and in the best interests of the Companies, their interest holders, their creditors, and other parties in interest, that the Companies file, or cause to be filed, Bankruptcy Petitions under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana or such other court of competent jurisdiction (the "**Court**"). In accordance with the requirements of the Companies' governing documents and applicable law, the Boards hereby consent to, authorize, and approve the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED,** that, in the judgment of the Boards, it is desirable and in the best interests of the Companies, their interest holders, their creditors, and other parties in interest, that the Companies file, or cause to be filed, any complaint, appropriate pleading, or document related to a preliminary injunction or temporary restraining order seeking the extension of protections afforded under the Bankruptcy Code to certain of the Companies' affiliates. In accordance with the requirements of the Companies' governing documents and applicable law, the Boards hereby consent to, authorize, and approve the filing of such complaints, pleadings, or documents; and

**FURTHER RESOLVED,** that any director, officer, or other duly appointed officer of the Companies (each an "**Authorized Person**" and collectively, the "**Authorized Persons**") is hereby authorized and appointed to act as signatory and attorney on behalf of the Companies in respect of any Restructuring Transaction, and/or any person to whom such Authorized Persons and/or officers delegate certain responsibilities is hereby authorized to execute (under the common seal of the Companies, if appropriate) and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief.

### Retention of Professionals

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to, on behalf of the Companies, employ: (i) the law firm of Kirkland &

Ellis LLP as general bankruptcy counsel; (ii) the law firm of Ice Miller LLP as co-bankruptcy counsel; (iii) AP Services LLC as financial advisor; (iv) Kroll, LLC, as claims and noticing agent; (v) Bates White LLC as estimation professional; and (vi) any other legal counsel, accountant, financial advisor, restructuring advisor, estimation professional, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Companies, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Companies, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Companies, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### Appointment of Chief Restructuring Officer

**FURTHER RESOLVED,** that John Castellano, be, and hereby is, appointed to serve as the Chief Restructuring Officer of each Company;

**FURTHER RESOLVED,** that the CRO shall have such authority with respect to the Companies as is described in that certain engagement letter dated as of July 25, 2022, by and among the Company and AP Services, LLC (the "**Engagement Letter**"); and

**FURTHER RESOLVED,** that the Engagement Letter is hereby approved, and any Authorized Person, acting alone or with one or more other Authorized Persons, be, and each of them hereby is, authorized, empowered, and directed to execute, deliver, and perform each Company's obligations under the Engagement Letter on behalf of the Companies and in its name with such changes therein or additions, deletions, or modifications thereto as the Authorized Person signing the same may approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery of the Engagement Letter.

### General

**FURTHER RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Companies' governing documents and applicable law, are hereby authorized to execute (under the common seal of the Companies, if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of the Companies relating to the Restructuring Transactions;

**FURTHER RESOLVED,** that each of the Authorized Persons (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Companies, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, as shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**FURTHER RESOLVED,** that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Companies, or hereby waive any right to have received such notice;

**FURTHER RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards; and

**FURTHER RESOLVED,** that any Authorized Person is hereby authorized to perform all other acts, deeds, and other actions as the Companies themselves may perform, in accordance with their governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in their absolute and unfettered discretion approve or deem or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

* * * *

*[Signature pages follow]*

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on <u>**Schedule 1**</u>, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Eric Forbes

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 1**, have executed this written consent as of the date first set forth above.


This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Eric Forbes

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 1**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022.

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Eric Forbes

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 1**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Eric Forbes

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 1**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Eric Forbes

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey S. Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Board set out on <u>**Schedule 2**</u>, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

Name:  Daniel Renninger

Name:  Matthew Blaisdell

Name:  Roger Meltzer

Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Board set out on **Schedule 2,** have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

Name:  Daniel Renninger

Name:  Matthew Blaisdell

Name:  Roger Meltzer

Name:  Jeffrey Stein

      **IN WITNESS WHEREOF,** the undersigned, being the directors of the Board set out on **<u>Schedule 2</u>**, have executed this written consent as of the date first set forth above.


This action is effective as of July 25, 2022

DIRECTORS:

                     _____

                     Name:  Daniel Renninger


                     _____

                     Name:  Matthew Blaisdell


                     Name:  Roger Meltzer


                     _____

                     Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Board set out on **Schedule 2**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Matthew Blaisdell

_____
Name:  Roger Meltzer

Name:  Jeffrey S. Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 3**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

Name:  Daniel Renninger

_____

Name:  Roger Meltzer

_____

Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **<u>Schedule 3</u>**, have executed this written consent as of the date first set forth above.


This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey Stein

**IN WITNESS WHEREOF,** the undersigned, being the directors of the Boards set out on **Schedule 3**, have executed this written consent as of the date first set forth above.

This action is effective as of July 25, 2022

DIRECTORS:

_____
Name:  Daniel Renninger

_____
Name:  Roger Meltzer

_____
Name:  Jeffrey S. Stein

**Exhibit A**
**Schedules of Boards of Directors of the Companies**

**Schedule 1**
**Board of Directors:**
**Daniel Renninger, Eric Forbes, Matthew Blaisdell, Jeffery Stein, and Roger Meltzer**

| Entity | Jurisdiction |
|---|---|
| Aearo Technologies LLC | Delaware |
| Aearo LLC | Delaware |
| Cabot Safety Intermediate LLC | Delaware |

**Schedule 2**
**Board of Directors:**
**Daniel Renninger, Matthew Blaisdell, Jeffery Stein, and Roger Meltzer**

| Entity | Jurisdiction |
|---|---|
| Aearo Mexico Holding Corporation | Delaware |

**Schedule 3**
**Board of Directors:**
**Daniel Renninger, Jeffery Stein, and Roger Meltzer**

| Entity | Jurisdiction |
|---|---|
| Aearo Holding LLC | Delaware |
| Aearo Intermediate LLC | Delaware |
| 3M Occupational Safety LLC | Delaware |