## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to:<br>*All Cases* | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

## DEFENDANT 3M COMPANY'S OPPOSITION TO PLAINTIFF VALLE'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's motion for a TRO is a misplaced and misguided effort to ask this Court to preemptively rule on the scope of the automatic stay and the implications of the recent chapter 11 filings on the pending proceedings in this MDL. The law is overwhelmingly clear that the bankruptcy court will have the ultimate say on the scope of the automatic stay, including whether it requires a stay of the proceedings in this MDL. As this Court acknowledged this morning, "ultimately Chief Judge Graham will decide" this question, "and then, beyond that, the Seventh Circuit Court of Appeals." 07/27/2022 Tr. at 14:25-15:16; *see also id.* at 15:22-25 (THE COURT: "Again, ultimately, the bankruptcy court and the Seventh Circuit will decide these issues."). And Plaintiff clearly "knows about the debtor's bankruptcy case" and "that the ***bankruptcy court*** is available to determine whether the stay applies," *In re Sehman*, No. 21-30141-KKS, 2022 WL 548000, at *3 (Bankr. N.D. Fla. Feb. 23,

2022) (emphasis added), as lead counsel for Plaintiff has appeared at the ongoing hearing in the bankruptcy court on this very issue and has participated on the record. This TRO motion is thus nothing more than an effort to get a pre-bite at the apple through a repackaged objection to the Debtors' pending motion—a motion that raises a fundamental question of ***bankruptcy law*** and that is currently and properly being decided by the ***bankruptcy court***. In any event, Plaintiff's request should be denied on the merits, as the law overwhelming provides that 3M's "identity of interests" with the Debtors requires a stay of all proceedings in this MDL, and none of the other TRO factors support extraordinary relief. This Court should deny the TRO.

### A. Emergency Relief From This Court Is Not Warranted Because The Bankruptcy Court Is Deciding The Question Of Bankruptcy Law Presented in This Motion.

Plaintiff plainly has not satisfied his burden of establishing an entitlement to an emergency relief in the form of a TRO when the very question presented in his motion is being considered—and will be shortly decided—by the bankruptcy court. The law is clear that "the bankruptcy court's conclusion governs" the question whether the automatic-stay applies to this MDL. *In re Stieg*, 509 B.R. 148, 151-52 (Bankr. S.D. Ohio 2014). In other words, "the bankruptcy court from which the automatic stay originated" has "the final say." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803-04 (Bankr. N.D. Ill. 2005); *Richardson v. Koch L. Firm, P.C.,* No.

1:12-CV-00631-JMS, 2012 WL 5904491, at *7 (S.D. Ind. Nov. 26, 2012) (same); *see also Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("If a state court and the bankruptcy court reach differing conclusions as to whether the automatic stay bars maintenance of a suit in the non-bankruptcy forum, the bankruptcy forum's resolution has been held determinative."); *BioConvergence LLC v. Attariwala*, 2020 WL 1915269, at *2-3 (S.D. Ind. 2020) ("the bankruptcy court does possess the final word: If the non-bankruptcy court issues a finding as to the application of the stay that the bankruptcy court deems erroneous, the bankruptcy court's resolution of this issue is determinative"). This Court appears to have acknowledged as much during the status conference hearing this morning. *See* 07/27/2022 Tr. at 14:25-15:16, 15:22-25.

The Second Circuit's decision in *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985), is instructive. In *Baldwin*, the Second Circuit held that a district court's exercise of its authority to determine the applicability of the automatic stay was an abuse of discretion and the district court misused its equitable power by issuing an injunction prohibiting the chapter 11 debtors from applying to the bankruptcy court for any relief against any defendant in the applicable pending multi-district litigation. *Id*. at 348. The Second Circuit found that "to whatever extent a conflict may arise between the authority of the Bankruptcy Court to administer this complex reorganization and the authority of the District Court to

3

administer consolidated pretrial proceedings, the equities favor maintenance of the unfettered authority of the Bankruptcy Court." *Id*. at 348 (emphasis added).  The Second Circuit reasoned that although the district court had not enjoined the bankruptcy court itself, the injunction "unduly interfere[d] with the proper administration of the reorganization." *Id*.  The Second Circuit noted certain factors weighed against the district court's use of its equitable power, such as the paramount interest of assuring uniformity of decision concerning the reach of the automatic stay in the chapter 11 bankruptcy that involved "an extraordinarily large number of claimants," which is analogous to Aearo's chapter 11 bankruptcy proceedings in Indiana.  *Id*.  Thus, the equities did not warrant preventing the bankruptcy court from construing its automatic stay and the Second Circuit vacated the injunction issued by the district court.  *Id*. at 349.

In fact, the equities tip decisively ***against*** a TRO from this Court.  Because the bankruptcy court has the "final say" on the scope of the automatic stay, *id.*, "if a non-bankruptcy court proceeds under an erroneous interpretation of the stay, then there is a risk that the entire action later will be declared void."  *In re Sieg*, 590 B.R. at 151 (internal quotation marks omitted).  "Under Section 362 of the Code, stay violations are considered void *ab initio*, meaning that the violations are deemed without effect and are rendered an absolute nullity." *In re Holder*, 260 B.R. 571, 577 (Bankr. M.D. Ga. 2001); *In re Credolawson*, 546 B.R. 888, 892 (Bankr. N.D. Ga.

2016) (same).  There is no reason for this Court to insert itself into that process by making its own pronouncement about the scope of the automatic stay—a pronouncement that as a matter of well-settled law will give way to the bankruptcy court's ruling on the same question.[1]

### B.    The Automatic Stay Applies To These Proceedings.

Moreover, Plaintiff is unlikely to succeed on the merits of his motion, precluding a TRO.  Plaintiff is simply wrong that "only a debtor in bankruptcy receives the protection of the Bankruptcy Code's automatic stay provision." *Ex Parte* TRO Mot. at 2.  It is well-settled that "the automatic stay under § 362(a)(1) can be extended to third parties where 'unusual circumstances' exist," and "[s]uch unusual circumstances may be found 'where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'"  *In re LTL Mgmt., LLC*, 638 B.R. 291, 304 (Bankr. D. N.J. 2002) (quoting McCartney v. Integra Nat'l Bank N., 106 F.3d 506 (3d Cir. 1997)); *see also In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009) (explaining that unusual circumstances exist warranting extension

---

[1]    Plaintiff's effort to invoke the All Writs Act is a non-starter.  Plaintiff cites ***no*** bankruptcy court cases, and parties involved in mass tort litigation routinely file for bankruptcy protection.

of the stay to nondebtors when: "(i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization"); *In re W.R. Grace & Co.*, No. 01-01139 (JKF), 2004 WL 954772, at *2 (Bankr. D. Del. Apr. 29, 2004). "Numerous courts have concurred" with this analysis. *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 735 (Bankr. S.D. Fla. 2010) (citing cases).

Plaintiff also incorrectly claims that, "[w]here both the debtor and non-debtor are separately liable for tortious conduct, there is no basis to extend a stay of litigation to the non-debtor." Ex Parte TRO Mot. at 2-3. In fact, "even assuming direct liability exists, the analysis for whether an extension of the automatic stay is warranted based on 'unusual circumstances' remains unaffected." *In re LTL Mgmt.*, 638 B.R. at 308. The point is that "the debtor's protection must be extended to enjoin litigation against others if the result would be binding upon the debtor's estate." *Robins*, 788 F.2d at 999 (quoting *In re Metal Ctr., Inc.*, 31 B.R. at 462). Accordingly, Plaintiff's "'joint tortfeasor' argument does not preclude extension of the automatic stay to" 3M. *In re LTL Mgmt.*, 638 B.R. at 308.

Indeed, because the automatic stay applies, Plaintiff's motion violates the stay, as it seeks a TRO against "any party acting on [3M's] behalf" from seeking to enjoin parties from pursuing Combat Arms litigation. *Ex Parte* TRO Mot. at 1-2.

By its plain terms, the motion seeks to enjoin the Debtors—the party that filed the TRO request on 3M's behalf—from pursuing relief in Bankruptcy Court.  This is a black-and-white stay violation that this Court should not countenance.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for a TRO.

Dated:  July 27, 2022

Respectfully submitted,

s/ Jesse Green
Jesse Green
White & Case LLP
200 South Biscayne Blvd. Suite 4900
Miama, FL 33131
Email: jgreen@whitecase.com

Jessica C. Lauria (*Pro Hac Vice application pending*)
White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

*Counsel for 3M Company*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1,469 words.


Dated:  July 27, 2022                    Respectfully submitted,

                                         s/ Jesse Green
                                         Jesse Green
                                         White & Case LLP
                                         200 South Biscayne Blvd. Suite 4900
                                         Miama, FL 33131
                                         Email: jgreen@whitecase.com

                                         Jessica C. Lauria (*Pro Hac Vice
                                         application pending)*
                                         White & Case LLP
                                         1221 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone:  (212) 819-8200
                                         Email:  jessica.lauria@whitecase.com

                                         *Counsel for 3M Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 27th day of July 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

Dated: July 27, 2022                    Respectfully submitted,

                                        s/ Jesse Green
                                        Jesse Green
                                        White & Case LLP
                                        200 South Biscayne Blvd. Suite 4900
                                        Miama, FL 33131
                                        Email: jgreen@whitecase.com

                                        Jessica C. Lauria (*Pro Hac Vice application pending)*
                                        White & Case LLP
                                        1221 Avenue of the Americas
                                        New York, New York 10020
                                        Telephone: (212) 819-8200
                                        Email: jessica.lauria@whitecase.com

                                        *Counsel for 3M Company*

2