UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to the Cases Identified on Exhibit A | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses plaintiffs who failed to submit answers to the Initial Census Questions as required by Pretrial Order No. 81 and the Court's May 6, 2022 Order. On July 28, 2021, Pretrial Order No. 81 reinstated the Initial Census Questions requirement set forth in Pretrial Order No. 18 for all plaintiffs who had not yet submitted census forms. ECF No. 1848. Depending on the number of cases per plaintiffs' law firm missing census forms, plaintiffs' counsel had between 60 and 270 days to submit the census forms. *Id.*

On May 6, 2022, the Court identified plaintiffs who failed to comply with Pretrial Order No. 81 and gave them one last opportunity to submit their census forms. ECF No. 3078 at 1. The Court warned that if plaintiffs failed to submit a census form by the court-imposed deadline, his/her case would be dismissed with prejudice. *Id.* The plaintiffs identified on Exhibit A failed to submit a census form within the applicable deadline set forth in the Court's May 6, 2022 Order.

Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with those procedures thereafter. *In re PPA*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc.*

*Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")). However, before levying the severe sanction of dismissal with prejudice under Rule 37, a court must find that a party has "engage[d] in a clear pattern of delay or willful contempt (contumacious conduct)," and that "lesser sanctions would not suffice." *Pippen v. Georgia-Pacific Gypsum, LLC*, 408 F. App'x 299, *2 (11th Cir. 2011) (quoting *Betty K. Agencies Ltd. V. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)).

Here, the Court finds that both prongs of the standard for dismissal with prejudice under Rule 37(b)(2) are satisfied. At this point in the litigation, plaintiffs have had ample time to complete the Initial Census Questions, which require basic case information certified by counsel in order to facilitate discovery. Additionally, plaintiffs have twice disregarded the Court's orders to submit a census form within the court-imposed deadlines, even after they were warned that failure to comply would result in dismissal of their claims with prejudice. Therefore, the Court finds that plaintiffs have exhibited a clear pattern of disregard and willful contempt for the Court's orders in failing to pursue their cases. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail

to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This disrupts the efficiency and fairness objectives of the MDL process. In light of these plaintiffs' failure to comply with the Court's orders, the undersigned can discern no effective means for motivating them to participate in this litigation. Given the length of time that these cases have been pending and the present posture of the MDL, the Court finds that dismissal with prejudice is the only acceptable alternative.

1. The plaintiffs' cases identified on Exhibit A are hereby **DISMISSED WITH PREJUDICE** for failure to comply with Court orders.

2. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets, and then to close the cases in their entirety for all purposes.

**DONE AND ORDERED**, on this 28th day of July, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**