UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

Plaintiff Richard Valle's *Ex Parte* Motion for a Temporary Restraining Order ("TRO"), ECF No. 3332 is pending.  3M Company filed a response in opposition, ECF No. 3337.  Plaintiff's motion requests a TRO "for seven days to enjoin 3M from taking any action outside of this MDL to enjoin other parties from pursuing their CAEv2 claims against 3M." ECF No. 3332 at 1.

A district court may grant a TRO or preliminary injunction only when there is (1) a substantial likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury absent an injunction; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1307 (11th Cir. 2010). A restraining order is "an extraordinary and drastic remedy" and may be granted only where the moving party has "clearly established" that each of these four requirements is satisfied. *Siegel v.*

*LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal marks omitted). Given that there is presently no automatic stay in place as to 3M Company and the bankruptcy court's decision on whether the automatic stay will apply to 3M Company will not be made until August 18 or later, as well as the fact that the parties have stipulated to continuing Wave 3 discovery deadlines within the MDL, the Court finds that Plaintiff has failed to show irreparable harm absent a seven-day TRO. Accordingly, Plaintiff's *Ex Parte* Motion for a TRO, ECF No. 3332, is **DENIED**.

    **DONE AND ORDERED** this 28th day of July 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**