UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

On April 14, 2022, the Court entered Transition Order #5, requiring 22,019 cases to transition from the administrative docket to the active docket. *See* ECF No. 2989. Depending on the number of cases identified for removal per plaintiffs' law firm, plaintiffs' counsel had between 30 and 60 days to transition the identified cases to the active docket. *Id.* at 5. The cases identified for removal had to transition to the 3M MDL docket or file a Notice of Dismissal within the time indicated. *Id.* at 1. The Court cautioned that any case not transitioned by the deadline would be dismissed without prejudice from the administrative docket and the tolling of any time limitations for filing or pursuing claims that applied to a case by virtue of it being on the administrative docket, would terminate. *Id.* at 5-6. The time for compliance for Transition Order #5 has now expired, and the plaintiffs identified on Exhibit A failed to dismiss or transition their case to the MDL docket within the court-imposed deadline.

Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce

deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

Applying these rules, the Court concludes that dismissal without prejudice is appropriate in the cases identified on Exhibit A. The plaintiffs have disregarded the Court's order requiring transition of their cases to the MDL docket, even after being warned that failure to comply with the deadline would result in dismissal of their claims. They never sought an extension of the deadlines for compliance or otherwise offered explanations for their inaction. This sort of noncompliance is unacceptable in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other similar instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This cumbersome pattern goes against the efficiency and fairness objectives of the MDL process. In light of these plaintiffs' failure to communicate with the Court and comply with court orders, the Court finds that dismissal without prejudice is appropriate.

Accordingly:

1. The cases identified on Exhibit A are hereby **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to transition or dismiss his or her case as ordered.

2. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets, and close the individual cases in their entirety for all purposes.

**DONE AND ORDERED** on this 28th day of July, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**