CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court

Donna Bajzik
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2885

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Janice*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of Florida for inclusion in MDL No. 2885 or, alternatively, to stay our decision on the motion until the District of Minnesota rules on his motion to remand to state court. Defendants 3M Company and Aearo Technologies, LLC, oppose the motion to vacate.[1]

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2885, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2885 arise out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Plaintiffs in the MDL No. 2885 actions also allege that defendant Aearo falsified test results for the earplugs and discovered a need for modified fitting instructions that provided more protection to earplug users, but that those instructions were not disclosed to plaintiffs. Like plaintiffs in the MDL No. 2885 actions, plaintiff in the *Janice* action alleges that (1) the flanges on Combat Arms earplugs were folded back when used as instructed, loosening the seal in the ear canal of the user; (2) the testing of the earplugs revealed a proper method of insertion that was not communicated to users; and (3) consequently, plaintiff suffers from hearing loss. The action thus squarely falls within the ambit of MDL No. 2885. As we have held in transferring similar actions over plaintiffs'

---

[*]  Judge Roger T. Benitez took no part in the decision of this matter.

[1]  Before the Panel's hearing, defendants notified the Panel in the MDL No. 2885 main docket that Aero and certain of its affiliates had filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, invoking an automatic stay under Section 362(a) of the Bankruptcy Code. The imposition of an automatic bankruptcy stay does not preclude the Panel from including actions in centralized proceedings. *See In re Franklin Nat'l Bank Secs. Litig.*, 393 F. Supp. 2d 1093, 1095-96 (J.P.M.L. 1975) ("Transfer of these actions under Section 1407 in no way affects the operation of the [bankruptcy] stay . . . We are simply indicating the place where the pretrial proceedings of these actions will occur."); *In re Food Fair Sec. Litig.*, 465 F. Supp. 1301, 1305 (J.P.M.L. 1979) (bankruptcy stay "in no way affects the authority of the Panel to transfer the actions in which [the bankrupt party] is a defendant.").

objections, these failure-to-warn claims are similar to those alleged in MDL No. 2885. *See* Transfer Order, MDL No. 2885, ECF No. 1534, at p. 1 (J.P.M.L. Dec. 8, 2021); Transfer Order, MDL No. 2885, ECF No. 1121, at p. 1 (J.P.M.L. Feb. 4, 2021).

In opposing transfer, plaintiff argues only that federal jurisdiction is lacking, citing rulings in the District of Minnesota and the MDL No. 2885 transferee court.[2] But after the Panel's hearing session, the District of Minnesota denied plaintiff's motion for remand. Furthermore, the Panel consistently has held that jurisdictional issues generally do not present an impediment to transfer. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Dale A. Kimball
Madeline Cox Arleo

---

[2] *See, e.g., Graves v. 3M Company*, C.A. No. 19-3094, 2020 WL 1333135 (D. Minn. Mar. 23, 2020); *Trail v. 3M Company*, C.A. No. 20-01153, 2020 WL 4193868 (D. Minn. Jul. 21, 2020); *Copeland, et al. v. 3M Co., et al.*, C.A. No. 0:20-01490, 2020 WL 5748114 (D. Minn. Sept. 25, 2020); *Sultan v. 3M Co., et al.*, C.A. No. 0:20-01747, 2020 WL 7055576 (D. Minn. Dec. 2, 2020); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 474 F. Supp. 3d 1231 (N.D. Fla. 2020).

**IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION**                           MDL No. 2885

## SCHEDULE A

District of Minnesota

JANICE v. 3M COMPANY, ET AL., C.A. No. 0:22−00783