UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Cupit*, 8:20-cv-97300 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**DECLARATION OF JENNIFER M. HOEKSTRA IN SUPPORT OF PLAINTIFF CUPIT'S MOTION FOR RULING ON 3M COMPANY'S WAIVER AND/OR JUDICIAL ESTOPPEL OF ANY DEFENSE REGARDING ITS FULL LIABILITY, AND REQUEST FOR EXPEDITED BRIEFING AND TO JOIN AUGUST 11, 2022 HEARING**

1. My name is Jennifer M. Hoekstra, and I am a partner at Aylstock, Witkin, Kreis & Overholtz, PLLC. I am a member of the Discovery & ESI Subcommittee.

2. I respectfully submit this declaration in support of Plaintiff Cupit's Motion for Ruling on 3M Company's Waiver and/or Judicial Estoppel of Any Defense Redacting Its Full Liability, and Request for Expedited Briefing and to Join August 11, 2022 Hearing.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge or my review of relevant documents. I am over the age of 18 and submit this Declaration on behalf of the above-captioned Plaintiff. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. Attached hereto as Exhibit A is a true and correct copy of Defendant 3M Company's Response to the Motion to Transfer Related Actions for Coordinated Pretrial Proceedings filed February 2, 2019. 3M Company supported centralization in 2019 during proceedings with the JPML and indicated that "3M acquired Aearo in 2008. . . The acquisition added, among other things, hearing protection, eyewear protection, and fall protection to 3M's product lines, including the Combat Arms Earplugs." Ex. A at 3. The company went on to confirm that "After acquiring Aearo in 2008, 3M continued to sell CAE2 through 2015." *Id.* at 4.

5. On June 3 and June 4, 2019, Plaintiffs' counsel and Counsel for Defendants met-and-conferred regarding Rule 26 exchanges in New York City at Kirkland & Ellis' offices. I attended that proceeding and assisted in generating the Joint Rule 26(f) Report from that conference. During the conference, the parties discussed the relationship between 3M Company and the Aearo Defendants. Counsel for 3M Company provided a chart demonstrating the corporate organization for diversity jurisdiction purposes. 3M in-house counsel Eric Ricker represented that all former Aearo employees in hearing protection were now 3M Company employees, and that Aearo does not really have *any* employees. Further, when asked whether there would be a dispute as to who had responsibility for CAEv2-related liabilities, counsel for Plaintiffs were informed that the Aearo acquisition by 3M Company was a stock purchase agreement, so no argument would be raised.

6. Attached hereto as Exhibit B is a June 14, 2019 Joint Rule 26 Report, MDL 2885 Dkt. 434.

7. Attached hereto as Exhibit C is a true and correct copy of an Explanation of Companies dated July 23, 2019. This document showing diversity jurisdiction information and corporate structure was made available physically during the Rule 26 Conference between the parties but was not provided to Plaintiffs until several weeks after the initial Rule 26 meeting.

8. Attached hereto as Exhibit D is Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories dated October 11, 2019. Defendants' Counsel responded to Plaintiffs' MDL Master Interrogatories on behalf of all "Defendants", signed by counsel for all Defendants (including all of the current Debtors). However, Defendants only verified on behalf of 3M Company, via the signature of 3M Vice President Sarah Grauze.

9. Attached hereto as Exhibit E is a true and correct copy of an excerpt of the Brian Myers 30(b)(6) deposition taken October 18, 2019. Mr. Myers engaged in the development and sale of the CAEv2 while at Aearo, worked post-acquisition by 3M Company from 2008-2010 to integrate the Aearo earplug business into 3M and from 2012 onward headed up the 3M Business Group which included hearing protection. During his testimony as a Rule 30(b)(6) Corporate Representative for 3M Company, Brian Myers, who had been employed by both Aearo and then 3M

Company after the 2008 acquisition, testified that he "didn't know there was an Aearo anymore." Ex. E at 14-15.

10. Attached hereto as Exhibit F is a true and correct copy of Defendants' Amended Answer to Master Long Form Complaint filed February 3, 2020. Plaintiffs alleged that "Defendant 3M is liable for Aearo Defendants' conduct;" in response 3M said no response was required and specifically responded that "To the extent a response is required, Defendants admit that Aearo Technologies LLC is a successor of Aearo Company I. Defendants further admit that the Aearo Defendants are indirect, wholly-owned subsidiaries of 3M."

11. Specifically, in their answer to the Master Complaint, Defendants admitted the allegations in paragraphs 18 and 19. See Case No. 3:19-md-02885-MCR-GRJ, ECF 800 at ¶¶ 18-19. In those paragraphs, Plaintiffs allege:

> 18. On or about November 15, 2007, 3M and/or 3M Occupational Safety LLC (collectively, "3M Defendants") acquired Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Aearo Defendants") for approximately $1.2 billion.
>
> 19. Defendant Aearo Technologies LLC's sole member is Defendant Aearo LLC, whose sole member is Defendant Aearo Intermediate LLC, whose sole member is Defendant Aearo Holding LLC, whose sole member is Defendant 3M Occupational Safety LLC, whose sole member is Defendant 3M.

Case No. 3:19-md-02885-MCR-GRJ, ECF 704 at ¶¶ 18-19. Thus, 3M Company owns and controls 100% of the other five named defendants.

4

12. Attached hereto as Exhibit G is a true and correct copy of Defendants' Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories dated May 11, 2020.

13. Attached hereto as Exhibit H is a true and correct copy of Defendant 3M's Verification of Responses and Objections to Plaintiffs' Second Set of Interrogatories dated May 4, 2020. Defendants' Counsel responded to Plaintiffs' MDL Second Set of Interrogatories on behalf of all "Defendants", signed by counsel for all Defendants (including all of the current Debtors). However, Defendants only verified on behalf of 3M Company, via the signature of 3M Vice President Sarah Grauze.

14. Attached hereto as Exhibit I is a true and correct copy of Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories dated May 11, 2020.

15. Attached hereto as Exhibit J is a true and correct copy of Defendant 3M's Verification of Responses and Objections to Plaintiffs' First Set of Interrogatories dated May 15, 2020. Defendants' Counsel responded to Plaintiffs' First Set of Interrogatories on behalf of all "Defendants", signed by counsel for all Defendants (including all of the current Debtors). However, Defendants only verified on behalf of 3M Company, via the signature of 3M Vice President Sarah Grauze.

16. Attached hereto as Exhibit K is a true and correct copy of Pretrial Order No. 43, Amended Discovery & Trial Schedule for Trial Group A Cases, setting a September 1, 2020 deadline for the close of Corporate and Government Discovery. "The parties must seek leave of Court for any additional corporate or Government discovery beyond this date." Ex. K at 2.

17. Attached hereto as Exhibit L is a true and correct copy of an excerpt of the *Estes/Hacker/Keefer* Evidentiary Hearing on Choice of Law, dated January 8, 2021. When Brian Myers, as 3M Company's Corporate Witness, was asked about the 2008 Aearo acquisition by 3M Company, and whether the Aearo headquarters moved from Indianapolis to Minneapolis, he indicated, among other things, that "the headquarters of Aearo, I guess, was liquidated; it ceased to exist." Ex. L at 265-266.

18. Attached hereto as Exhibit M is a true and correct copy of an excerpt of the *Estes/Hacker/Keefer* pre-trial transcript, dated March 16, 2021. Counsel for Defendants, Mike Brock indicated that "we're not going to have someone up at counsel table with us as a corporate representative, but we do expect that there will be a client here" without differentiating whether the "client" would be 3M Company or someone specific for the Aearo defendants. Ex. M at 91-92.

19. Attached hereto as Exhibit N is a true and correct copy of an excerpt of the *Estes/Hacker/Keefer* trial transcript, dated March 30, 2021. The Court introduced Eric Rucker to the jury as being "here on behalf of 3M as their corporate

6

representative." Ex. N at 13-14. I understand that Mr. Rucker is in-house counsel for 3M Company and not for any of the Aearo Defendants.

20.     Attached hereto as Exhibit O is a true and correct copy of an excerpt of the *McCombs* trial transcript, dated May 17, 2021. The Court introduced Eric Rucker to the jury as "3M's representative." Ex. O at 22-23.

21.     Attached hereto as Exhibit P is a true and correct copy of an excerpt of the *Baker* trial transcript, dated June 7, 2021. The Court introduced Eric Rucker to the jury as "3M's representative." Ex. P at 12.

22.     Attached hereto as Exhibit Q is a true and correct copy of an excerpt of the *Adkins* trial transcript, dated September 20, 2021. The Court introduced Eric Rucker to the jury as "defendant's representative." Ex. Q at 24.

23.     Attached hereto as Exhibit R is a true and correct copy of an excerpt of the *Adkins* trial transcript, dated September 30, 2021. Ms. Karis, counsel for the Defendants, thanked the jury "On behalf of myself, my team -- Mr. Wasdin, Mr. Nomellini, Ms. Neglia -- our client, Mr. Rucker, and 3M, we really appreciate the time and the attention that you've put in this case."

24.     Attached hereto as Exhibit S is a true and correct copy of an excerpt of the *Blum* trial transcript, dated October 18, 2021. The Court introduced Eric Rucker to the jury as "3M's corporate representative." Ex. S at 22.

25. Attached hereto as Exhibit T is a true and correct copy of an excerpt of the *Palanki* trial transcript, dated November 12, 2021.

26. Attached hereto as Exhibit U is a true and correct copy of an excerpt of the *Sloan/Wayman* trial transcript, dated January 26, 2022.

27. Attached hereto as Exhibit V is a true and correct copy of Defendants' Brief on Colorado's Statutory Cap, Vaughn (Case No. 7:20-cv-00134), Dkt. 179, dated May 16, 2022. During the Vaughn post-trial filings, while disputing the application of a statutory cap on non-economic damages on the final judgment to multiple defendants, counsel for Defendants argued that "3M Company owns and controls 100% of the other five named defendants, rendering any suggestion that they are six separate parties for purposes of *this litigation* illusory." Ex. V at 10.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

DATED: August 4, 2022

                                                 Jennifer M. Hoekstra,
                                               LA Bar No. 31476
                                               AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
                                               jhoekstra@awkolaw.com
                                               17 East Main Street, Suite 200
                                               Pensacola, FL 32502
                                               Phone: (850) 202-1010