EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, <br><br> This Document Relates to All Cases | ) Case No. 3:19md2885 <br> ) <br> ) <br> ) <br> ) Judge M. Casey Rodgers <br> ) <br> ) Magistrate Judge Gary R. Jones <br> ) <br> ) <br> ) |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Case Management Order No. 1, the parties respectfully submit this Rule 26(f) report and proposed discovery plan.

**I.   RULE 26 CONFERENCE**

Pursuant to Case Management Order No. 1, the parties held a multi-day Rule 26(f) conference on June 3-4, 2019. The conference took place at Kirkland & Ellis LLP, 601 Lexington Ave, New York, NY 10022. The conference was attended in person by the following individuals:

| For Plaintiffs | For Defendants |
|---|---|
| Bryan Aylstock <br> Shelley Hutson <br> Chris Seeger | Kimberly O. Branscome <br> Robert B. Ellis <br> Lauren O. Casazza |

1

| | |
|---|---|
| Jenn Hoekstra | Mark J. Nomellini |
| Paul Pennock | Sierra Elizabeth |
| Dave Buchanan | Michelle Six |
| Neil Overholtz | Nicholas F. Wasdin |
| Henry Garrard | Charles F. Beall |
| Clayton Clark | Eric J. Rucker (3M) |
| Rachel Lanier | Joanne Sum-Ping (3M) |
| Beth Burke | |
| Katherine Charonko | |
| Sean Tracey | |

At the Rule 26(f) conference, the parties discussed, among other things: (1) overall scheduling for the MDL, including the sequence of discovery; (2) a plan for obtaining discovery from the government; (3) mutual early exchange of documents, including documents previously produced in connection with the *Moldex* and *qui tam* litigations and documents collected under FOIA to date; (4) defendants' IT infrastructure, including the location of potentially discoverable material; (5) key custodians; (6) custodial and non-custodial sources of data from the *Moldex* and *qui tam* litigations; (7) an ESI protocol and preservation order; (8) technology assisted review; (9) a centralized document depository; (10) a confidentiality and privilege order; (11) a deposition protocol; (12) defendants' corporate structure, including the names and citizenship of each LLC's members; (13) Rule 26 initial disclosures; (14) a Science Day agenda; (15) simplified service and master pleadings; and (16) certain class issues. Additionally, per Case Management Order No. 1, the Parties were accompanied by technical consultants and, in the case of Defendants, in-house

2

counsel and IT personnel.  As guided by Case Management Order No. 1, certain external vendors attended and made presentations to the parties regarding IT, e-discovery, and other records and case management services.

In advance of the Rule 26(f) Conference, the parties exchanged several draft orders and preliminary information requests; Plaintiffs further provided Defendants with early Rule 34 Document Requests to facilitate meaningful discussions on generic discovery from Defendants.  These early exchanges, together with the comprehensive agenda guided by Case Management Order No. 1 and further developed by the parties, facilitated a very productive Rule 26(f) Conference.  As discussed in further detail below, the parties made substantial progress on these issues, including with respect to the draft orders attached hereto as Exhibits A-C.

## II. INITIAL DISCLOSURES

Defendants agree to produce initial disclosures pursuant to Rule 26(a)(1).  The parties propose that Defendants provide their Rule 26(a)(1) initial disclosures by no later than **June 28, 2019**.

## III. EARLY DOCUMENT EXCHANGE

Defendants agree to produce the documents previously produced by defendants in the *qui tam* litigation, *United States ex rel. Moldex-Metric, Inc. v. 3M Company,* 3:16-cv-01533-MBS, as well as substantially all of the documents produced by defendants in the *Moldex* litigations, *3M Co. v. Moldex-Metric, Inc.,*

Cause No. 12-611 (D. Minn.); and *Moldex-Metric, Inc. v. 3M Innovative Properties Company,* Cause No. 14-1821 (D. Minn.).[1] Additionally, both parties agree to produce materials received to date in response to FOIA requests issued to the government. The parties propose that these early document exchanges be substantially complete by no later than ten (10) days after entry of the proposed ESI Protocol, which is discussed in more detail in Section X, *infra*.

## IV. PROCESS FOR SERVICE AND MASTER PLEADINGS

The parties discussed a process for simple service and master pleadings at the Rule 26(f) conference. Plaintiffs sought to explore the concept of some form of electronic service between the parties. Defendants expressed concerns about emailed or electronic-only service and explained that they had been accepting waivers of service pursuant to the FRCP through their process server. At the Rule 26(f) conference the parties determined that Master Pleadings would not be used in the 3M Combat Arms Earplugs litigation.

## V. INITIAL CENSUS

The parties discussed an initial census at the Rule 26(f) conference, and agreed to explore the concept of an initial census process in this litigation. At the Rule 26(f)

---

[1] Defendants' position is that a small minority of the materials produced by 3M in the *Moldex* patent litigation are irrelevant to this case, and certain deposition transcripts are confidential and remain subject to a protective order in that case. Although the parties agree that defendants will not produce these documents as part of the early document exchange, plaintiffs reserve the right to request those materials during document discovery, and to contest the relevance of those materials at that time.

4

conference, the parties received presentations from outside vendors concerning the capability to, once specifically authorized by a particular Plaintiffs' counsel, capture and extract information contained within various Government maintained records. Plaintiffs proposed generating an initial census through automatic and systematic extraction of objective data from specified Government records (e.g., military audiology reports and personnel records). Subsequent to the Rule 26(f) conference, Plaintiffs provided defendants with examples of these documents so that defendants could evaluate the scope of information included in plaintiffs' proposal. Defendants requested, as part of the initial census, that the participants in the census certify when and where they used Combat Arms Earplugs Version 2. The parties will continue to meet and confer in connection with the initial census, and hope to reach agreement on a proposed initial census process prior to the next case management conference.

## VI. GOVERNMENT DISCOVERY

At the Rule 26(f) conference, the parties discussed a plan for coordinating their *Touhy* requests and prioritizing discovery from the government. The parties agreed that, for the military discovery process to function effectively, it will be important to have regular calls with representatives of the government approved by this Court, potentially including at least one government representative with appropriate decision-making authority and one government representative with an information technology background. Since the Rule 26(f) conference, defendants

5

have shared draft initial *Touhy* requests with plaintiffs. As discussed more fully in Section VII, *infra*, the parties propose that draft *Touhy* requests be provided to the government by **June 19, 2019**, that the parties conduct a call with government representatives to obtain feedback on the draft *Touhy* requests during the week of **June 24, 2019**, and that initial *Touhy* requests be served on the government by no later than **June 28, 2019**.

### VII. PROPOSED PHASE 1 DISCOVERY AND CASE MANAGEMENT PLAN

Defendants believe that certain affirmative defenses—including the federal government contractor defense and the combatant activities defense—will be dispositive of many or all of the claims in this MDL, and that discovery relevant to those defenses should be prioritized over any bellwether process or case-specific discovery until dispositive motions on these defenses are fully briefed. While Plaintiffs do not see any affirmative defense as dispositive of the issues in this case, and, based upon what is known now, Plaintiffs would anticipate filing a summary judgment motion on all or some of those defenses, Plaintiffs have no objection with sequencing discovery to prioritize generic discovery from Defendants and non-parties. Plaintiffs, however, believe that the Parties should confer on a case-specific discovery plan and bellwether process, and present the same to the Court in the fall of 2019. The Parties agree that generic discovery from Defendants and non-parties can fully proceed during this period, despite the deferral of case-specific discovery.

Accordingly, the parties propose the following Phase 1 discovery and case management deadlines, which are intended to prioritize government and company discovery. The parties will continue to meet and confer to discuss the appropriate timing of case-specific discovery relative to the proposed Phase 1 discovery deadlines, and will propose any reasonable and necessary modifications to the proposed schedule by **October 31, 2019**.

| Phase 1 Discovery & Dispositive Motion Plan | |
|---|---|
| **Event** | **Proposed Deadline** |
| Commencement of generic discovery directed to Defendants and non-parties; Plaintiffs to serve initial document requests on Defendants; Draft *Touhy* requests provided to the government | June 19, 2019 |
| Call with government representatives to obtain feedback on the draft *Touhy* requests | Week of June 24, 2019 |
| Parties to serve initial *Touhy* requests on government | June 28, 2019 |
| Deadline for Defendants to substantially complete document production | September 30, 2019 |
| Status report concerning Party and non-party discovery; Proposals from the Parties in connection with dispositive motion practice; Proposals from the Parties for case-specific discovery/bellwether process | October 31, 2019 |
| Summary judgment or other adjudication of Defendants' affirmative | Based on the progress of government *Touhy* productions, the Parties will |

7

| defenses (depending on status of party and non-party discovery) | propose a deadline to the Court by October 31, 2019 |

## VIII. PLAINTIFF'S FACT SHEETS AND PLAINTIFF'S PROFILE FORMS

At the Rule 26(f) conference, the parties discussed a plan for additional Plaintiff discovery beyond the initial census. The parties are further conferring on what materials, beyond the materials provided in connection with the initial census, plaintiffs may also be required to provide through either abbreviated Plaintiff Profile Forms and/or completion of a separate longer format Plaintiff's Fact Sheet for those plaintiffs in a bellwether pool. During the Rule 26(f) conference, the parties agreed that, if discovery is sequenced in the manner contemplated in Section VI, *supra* (*i.e.*, prioritizing government and company discovery prior to case-specific discovery), the parties will confer regarding the appropriate timing of plaintiffs' obligation to complete Plaintiff's Fact Sheets relative to the Phase 1 discovery process and will update the court by October 31, 2019.

## IX. CENTRALIZED DOCUMENT DEPOSITORY AND OTHER DISCOVERY SERVICES

The parties jointly submitted requests for proposals ("RFPs") to four medical and legal information management vendors—Cerner, Brown Greer, Ankura, and LMI—all of which made in-person presentations to the parties on June 4, 2019. The RFPs were carefully crafted and targeted in scope to address the specific proposed

8

services contemplated for each vendor. The "Military Records Collection" RFP focused exclusively on the collection of full military service/personnel records and medical records of current and former military service members that may allege injury due to use of 3M earplugs. The "Platform" RFP addressed services rendered in connection with the provision of a comprehensive, centralized, secured and shared litigation management platform, as well as maintenance of a public website regarding the MDL. The "ESI" RFP requested information concerning a joint document review platform, with separate, secured access and segregated silos for work product accessible only to identified Defense and Plaintiffs' counsel, respectively. The parties received written responses regarding pricing and capabilities on June 13, 2019, and the Parties understand that the vendors are prepared to make presentations to the Court on June 18, 2019.

## X. CONFIDENTIALITY AND PRIVILEGE ORDER

The parties have agreed upon a proposed confidentiality and privilege order, which is attached hereto as **Exhibit A.**

## XI. PRESERVATION ORDER

The parties have agreed upon a joint stipulated order for preservation of documents and electronically stored information, which is attached hereto as **Exhibit B.**

## XII. ESI PROTOCOL

The parties have agreed upon a proposed ESI protocol, which is attached hereto as **Exhibit C**. Among other things, the proposed ESI protocol outlines the production format for electronically stored information, and provides the deadlines for the parties to produce the early document exchange materials discussed in Section III, *supra*. Additionally, under the terms of the proposed ESI protocol, the parties agree to use Technology Assisted Review ("TAR") to identify and classify potentially responsive documents in connection with defendants' ESI production. Pursuant to the terms of the proposed ESI protocol, the parties will meet and confer regarding the terms of a separate TAR protocol within fourteen (14) days after entry of the ESI protocol.

## XIII. DEPOSITIONS & DEPOSITION PROTOCOL

In connection with the parties' Rule 26(f) conference, the parties exchanged proposals concerning a deposition protocol, and have further discussed relief from the limitations on the number of depositions for the parties' generic discovery. The parties have not yet reached agreement on, *inter alia,* the presumptive maximum number of Defendants' witnesses that Plaintiffs should be permitted to depose, the duration of those depositions, and certain process points. The parties believe that an agreement can be reached, or, alternatively, any remaining disputes crystallized for the Court's consideration, by July 15, 2019.

10

## XIV. GENERIC INTERROGATORIES DIRECTED TO DEFENDANTS

The parties further conferred on the appropriate presumptive cap on the number of interrogatories directed to Defendants. Plaintiffs' Leadership finds interrogatories in complex MDL proceedings, when reasonably framed and considered, to be a helpful tool in developing certain baseline information to help guide discovery, identify potential witnesses and non-parties, and memorialize facts that maybe of relevance at a later time in these proceedings. The parties are continuing to confer on an appropriate presumptive cap on interrogatories directed to Defendants, and believe that an agreement can be reached, or, alternatively, any remaining disputes crystallized for the Court's consideration, by July 15, 2019.

## XV. CLASS ISSUES

Pursuant to the Court's May 8, 2019 order (Docket No. 285), the parties conferred at the Rule 26(f) conference regarding Plaintiff Sean Lynch's Motion to Establish Separate Class Action Track and for Selecting Interim Class Counsel (Docket No. 213). Plaintiffs' leadership and Defendants jointly oppose the motion and respectfully submit that there should not be a separate class action track, and that appointment of interim class counsel is not necessary at this time.

| | |
|---|---|
| DATED: June 14, 2019 | Respectfully submitted, |
| s/ Bryan F. Aylstock | s/ Kimberly Branscome |
| Bryan F. Aylstock, Lead Counsel<br>Aylstock, Witkin, Kreis & Overholtz, PLLC<br>17 East Main Street<br>Suite 200<br>Pensacola, FL 32502<br>Tel.: (850) 202-1010<br>baylstock@awkolaw.com | Kimberly Branscome<br>Kirkland & Ellis LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Tel.: (213) 680-8370<br>kimberly.branscome@kirkland.com<br><br>*Attorney for Defendants* |
| Shelley V. Hutson, Co-Lead Counsel<br>Clark, Love & Hutson, GP<br>440 Louisiana Street<br>Suite 1600<br>Houston, TX 77002<br>Tel.: (713) 757-1400<br>shutson@triallawfirm.com | |
| Christopher A. Seeger, Co-Lead Counsel<br>Seeger Weiss LLP<br>77 Water Street<br>8th Floor<br>New York, NY 10005<br>Tel.: (212) 587-0700<br>cseeger@seegerweiss.com | |
| Brian H. Barr, Co-Liaison Counsel<br>Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.<br>316 South Baylen Street<br>Pensacola, FL 32502<br>Tel.: (850) 435-7044<br>bbarr@levinlaw.com | |
| Michael A. Burns, Co-Liaison Counsel<br>Mostyn Law Firm<br>3810 W. Alabama Street<br>Houston, TX 77027<br>Tel.: (713) 714-0000<br>epefile@mostynlaw.com | |
| *Counsel for Plaintiffs* | |