EXHIBIT E

Confidential - Pursuant to Protective Order

1          UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF FLORIDA

2            PENSACOLA DIVISION

3

   IN RE: 3M COMBAT ARMS  )  Case No.

4   EARPLUG PRODUCTS      )  3:19md2885

   LIABILITY LITIGATION   )

5   _____  )  Judge M. Casey

                      )  Rodgers

6   THIS DOCUMENT RELATES  )  Magistrate Judge

   TO ALL CASES         )  Gary R. Jones

7

8         FRIDAY, OCTOBER 18, 2019

9  CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

10             - - -

11      Videotaped deposition of Brian

12  Myers, held at the offices of KIRKLAND &

13  ELLIS LLP, 300 North LaSalle, Chicago,

14  Illinois, commencing at 9:00 a.m., on the

15  above date, before Carrie A. Campbell,

16  Registered Diplomate Reporter, Certified

17  Realtime Reporter, Illinois, California &

18  Texas Certified Shorthand Reporter, Missouri

19  & Kansas Certified Court Reporter.

20             - - -

21

        GOLKOW LITIGATION SERVICES

22    877.370.3377 ph | 917.591.5672 fax

           deps@golkow.com

23

24

25

Confidential - Pursuant to Protective Order

```
 1              A P P E A R A N C E S :
 2
        SEEGER WEISS, LLP
 3      BY:   DAVID R. BUCHANAN
               dbuchanan@seegerweiss.com
 4             MAX KELLY
               mkelly@seegerweiss.com
 5      77 Water Street
        New York, New York  10005
 6      (212) 584-0700
 7
        WAGSTAFF & CARTMELL, LLP
 8      BY:   THOMAS P. CARTMELL
               tcartmell@wcllp.com
 9             KATHLEEN E. HUDNALL
               khudnall@wcllp.com
10      4740 Grand Avenue, Suite 300
        Kansas City, Missouri  64112
11      (816) 701-1100
12
        ABRAHAM, WATKINS, NICHOLS, SORRELS,
13      AGOSTO & AZIZ
        BY:   MUHAMMAD S. AZIZ
14             maziz@awtxlaw.com
        800 Commerce Street
15      Houston, Texas  77002-1776
        (713) 222-7211
16
17      CLARK, LOVE & HUTSON, PLLC
        BY:   EMILY MARLOWE
18             emarlowe@triallawfirm.com
        440 Louisiana Street, Suite 1600
19      Houston, Texas  77002
        (713) 757-1400
20
21      AYLSTOCK, WITKIN, KREIS &
        OVERHOLTZ, PLLC
22      BY:   BRYAN F. AYLSTOCK
               baylstock@awkolaw.com
23             (VIA TELECONFERENCE)
        17 East Main Street
24      Pensacola, Florida  32502
        (850) 202-1010
25      Counsel for Plaintiffs
```

Confidential - Pursuant to Protective Order

```
 1       KIRKLAND & ELLIS LLP
         BY:  MARK J. NOMELLINI
 2            mark.nomellini@kirkland.com
         300 North LaSalle
 3       Chicago, Illinois  60654
         (312) 862-2000
 4
 5       KIRKLAND & ELLIS LLP
         BY:  WHITNEY N. KNOWLTON
 6            whitney.knowlton@kirkland.com
         333 South Hope Street
 7       Los Angeles, California  90071
         (213) 680-8122
 8
 9       KIRKLAND & ELLIS LLP
         BY:  NOLAN STANTON
10            nolan.stanton@kirkland.com
         601 Lexington Avenue
11       New York, New York  10022
         (212) 446-4800
12       Counsel for Defendants
13
14    ALSO PRESENT:
         CHARLES BACHMANN AND COREY TAM,
15       Seeger Weiss
16       ZACH HONE, trial technician, Golkow
         Litigation Services
17
18    V I D E O G R A P H E R :
         DAVID LANE,
19       Golkow Litigation Services
20                    - - -
21
22
23
24
25
```

Confidential - Pursuant to Protective Order

```
1                      INDEX
2                                       PAGE
3  APPEARANCES.................................    2
4  EXAMINATIONS
5    BY MR. CARTMELL...........................    8
6    BY MR. NOMELLINI......................... 371
7    BY MR. CARTMELL.......................... 394
8
9                    EXHIBITS
10   No.   Description                        Page
11   1     Notice to Take Deposition Pursuant    8
           to Federal Rule of Civil Procedure
12         30(b)(6)
13   2     Amended Notice to Take Deposition     8
           Pursuant to Federal Rule of Civil
14         Procedure 30(b)(6)
15   3     Photograph of earplugs,               8
           3M_MDL000317402
16
     4     "Other Versions - Combat Arm          8
17         Franchise"
18   5     Brian Myers Binder 1 - Notes of       8
           Discussions and Other Documents
19
     6     Brian Myers Binder 2                  8
20
     7     Brian Myers Binder 3 - 3M Data        8
21
     8     Brian Myers Binder 4 - Bills of       8
22         Material
23   9     Brian Myers Binder 6 - Certain        8
           Packaging and Labeling Documents by
24         Product
25
```

Confidential - Pursuant to Protective Order

| | | | |
|---|---|---|---|
| 1 | 10 | Brian Myers Binder 5 - Materials Retrieved from Iron Mountain | 8 |
| 2 | | | |
| | 11 | "Other Versions of Dual-Ended Earplugs" | 61 |
| 3 | | | |
| 4 | 12 | Photograph of Combat Arms packaging, | 65 |
| 5 | | 3M-MDL000272984 & 3M_MDL000347817 | |
| 6 | 13 | AO Safety indoor/outdoor earplugs, 3M_MDL000425526 | 68 |
| 7 | | | |
| | 14 | Sales prior to May 9, 2000 taken from 3M_MDL000393647 | 74 |
| 8 | | | |
| 9 | 15 | EPA Section 211.102 | 104 |
| 10 | 16 | "How Folding the Flanges Back Affects REAT Results of the | 140 |
| 11 | | UltraFit Earplug End of the Combat Arms Plug," | |
| 12 | | 3M_MDL000005285 - 3M_MDL000005290 | |
| 13 | 17 | E-mail(s), 3M_MDL000258590 | 155 |
| 14 | | | |
| | 18 | Photograph of blister pack of AO | 172 |
| 15 | | Safety indoor/outdoor earplugs, 3M_MDL000425526 - 3M_MDL000425527 | |
| 16 | | | |
| | 19 | Photograph of Combat Arms | 181 |
| 17 | | packaging, 3M_MDL000425566 - 3M_MDL000425567 | |
| 18 | | | |
| | 20 | E-mail(s), | 199 |
| 19 | | 3M_MDL000056553 - 3M_MDL000056558 | |
| 20 | 21 | Combat Arms "Reading this could save your life," | 207 |
| 21 | | 3M_MDL000362795 | |
| 22 | 22 | Combat Arms "Reading this could save your life," | 213 |
| 23 | | 3M_MDL000425597 - 3M_MDL000425600 | |
| 24 | 23 | Combat Arms wallet card, 3M_MDL000084664 - 3M_MDL000084665 | 221 |
| 25 | | | |

Confidential - Pursuant to Protective Order

```
 1    24     E-mail(s),                            221
             3M_MDL000332283 - 3M_MDL000332284
 2
      25     Combat Arms version 2 brochure,       301
 3           3M_MDL000000144 - 3M_MDL000000145
 4    26     Combat Arms Earplugs brochure,        303
             3M_MDL000340263
 5
      27     Routing - currently in approval       313
 6           stage 2,
             3M_MDL000193296 - 3M_MDL0001933051
 7    28     E-mail(s),                            317
             3M_MDL000332061 - 3M_MDL000332066
 8
      29     Solicitation/Contract/Order for       327
 9           Commercial Items,
             3M_MDL000000078 - 3M_MDL000000141
10
      30     Specification Sheet No. 1,            341
11           3M_MDL000254134 - 3M_MDL000254137
12    31     E-mail(s),                            370
             3M_MDL000000013 - 3M_MDL000000077
13
      32     E-mail(s),                            372
14           3M_MDL000014300 - 3M_MDL000014304
15    33     E-mail(s),                            379
             3M_MDL000089631
16
      34     E-mail(s),                            380
17           3M_MDL000042065 - 3M_MDL000042068
18    35     E-mail(s) from Brian Myers to         383
             Douglas Ohlin, cc'ing others,
19           NO BATES NUMBERING
20      (Exhibits attached to the deposition.)
21      CERTIFICATE...................................421
22      ACKNOWLEDGMENT OF DEPONENT....................423
23      ERRATA........................................424
24      LAWYER'S NOTES................................425
25
```

Confidential - Pursuant to Protective Order

```
 1                    VIDEOGRAPHER:  We are now on
 2           the record.
 3                    My name is David Lane,
 4           videographer for Golkow Litigation
 5           Services.
 6                    Today's date is October 18,
 7           2019.  Our time is 9 a.m.
 8                    This deposition is taking place
 9           in Chicago, Illinois, in the matter of
10           3M Combat Arms Earplug Products
11           Liability Litigation.
12                    Our deponent today is Brian
13           Myers.
14                    Counsel will be noted on the
15           stenographic record.
16                    Our court reporter today is
17           Carrie Campbell and will now swear in
18           our witness.
19
20                    BRIAN MYERS,
21       of lawful age, having been first duly sworn
22       to tell the truth, the whole truth and
23       nothing but the truth, deposes and says on
24       behalf of the Plaintiffs, as follows:
25
```

Confidential - Pursuant to Protective Order

```
 1                (Myers 30(b)(6) Exhibits 1, 2,
 2          3, 4, 5, 6, 7, 8, 9 and 10 marked for
 3          identification.)
 4                VIDEOGRAPHER:  Please begin.
 5                DIRECT EXAMINATION
 6    QUESTIONS BY MR. CARTMELL:
 7          Q.    Good morning, Mr. Myers.
 8          A.    Good morning.
 9          Q.    My name is Tom Cartmell.  It's
10    very nice to meet you this morning.  I'm
11    going to be asking you questions today.
12                I think you've had your
13    deposition taken before; is that correct?
14          A.    That's correct.
15          Q.    I know of at least two
16    litigations in the past in which you've given
17    your depositions as a witness on behalf of
18    Aearo and 3M; is that correct?
19          A.    I have -- I have given at least
20    two depositions.
21          Q.    Are there more than those two,
22    do you think?
23          A.    I don't -- I don't recall.
24          Q.    Okay.  You understand the
25    process, however.  You understand I'll ask
```

Confidential - Pursuant to Protective Order

1    you questions, you're under oath, and I'm

2    going to ask you to try to be responsive to

3    my questions.

4              You understand that?

5       A.    Yes.

6       Q.    If you need to take a break,

7    just tell me.  I'm fine with doing that at

8    any time.  Or tell your counsel, and we can

9    do that.

10             And then just so this runs as

11   efficiently as possible, if you could wait

12   until I ask my question to respond, and then

13   I'll try not to interrupt you as well.

14             Fair enough?

15      A.    Sure.

16      Q.    Okay.

17      A.    Yes.

18      Q.    Tell me where you reside.

19      A.    In Vadnais Heights, Minnesota,

20   which is a little north of St. Paul.

21      Q.    Okay.  And who's your employer?

22      A.    3M.

23      Q.    How long have you been employed

24   by 3M?

25      A.    Since April 1, 2008, so that's

Confidential - Pursuant to Protective Order

1    11 and a half years, roughly.

2         Q.    And prior to the time that you

3    were working for 3M, were you working for the

4    predecessor company, Aearo?

5         A.    I was.

6         Q.    And I think, if I'm right, from

7    looking at your prior testimony in cases, you

8    have worked for Aearo since 1989; is that

9    right?

10        A.    That's correct.  I think it's

11   November of 1989.

12        Q.    So as far as working in the

13   industry related to hearing protection that

14   we're going to be talking about today, you've

15   worked in that industry for approximately

16   30 years; is that right?

17        A.    There were some times when I

18   was out of it for brief periods, but I've

19   worked in the safety industry generally for

20   about 30 years.

21        Q.    Okay.  And as far as your time

22   working with hearing protection, of those

23   30 years, how much time is that?

24        A.    So I think in total, roughly,

25   about five years of that 30 years I wasn't

Confidential - Pursuant to Protective Order

```
 1   directly responsible for a hearing protection

 2   business entity or role.

 3             I actually started as -- not in

 4   a business kind of role but more as a

 5   production role in that business.

 6        Q.    What is your current position

 7   at 3M?

 8        A.    So I'm a business director, and

 9   I manage about a half dozen different

10   businesses within our personal safety

11   products division.  One of those businesses

12   is the hearing protection business today.

13        Q.    Okay.  Now, we're going to be

14   talking about the Combat Arms Earplugs

15   version 2 a lot today.

16             You're familiar with that

17   product; is that right?

18        A.    Yes.

19        Q.    And in fact, I think you were

20   either a business manager or a product

21   manager when Aearo actually was manufacturing

22   and selling that case and launched it onto

23   the market; is that right?

24        A.    In the early days, yes, that

25   was -- that was my role.
```

Confidential - Pursuant to Protective Order

```
 1          Q.     Okay.  And your role at that

 2    time, I believe, included involvement in the

 3    marketing department or the marketing related

 4    to that product, including marketing pieces

 5    and literature and the production of the

 6    product; is that fair?

 7               MR. NOMELLINI:  Form.

 8               THE WITNESS:  So as a business

 9          manager, I was involved with the

10          marketing aspects of it.

11               What -- the second part you

12          said?

13               MR. NOMELLINI:  Could you break

14          that up, Tom?

15               MR. CARTMELL:  Yeah, let me --

16          that was a bad question.  Let me start

17          over.

18    QUESTIONS BY MR. CARTMELL:

19          Q.     When the Combat Arms Earplugs

20    version 2 that we're talking about in this

21    case was launched onto the market in the

22    United States, I think you've testified that

23    you were a business manager or a product

24    manager for that product; is that right?

25          A.     That's correct.
```

1      Q.     Okay.  And was that a position

2   in the marketing department at Aearo as of

3   that time?

4      A.     It would have been considered a

5   marketing position.

6      Q.     Okay.  And I don't want to get

7   too far afield.  We'll get back into that.  I

8   wanted to introduce you a little bit to the

9   jury.

10             But let me ask you this:  Do

11   you understand that you have been identified

12   by 3M as a corporate witness to discuss

13   certain topics that we've asked for testimony

14   related to?

15      A.     I do understand that.

16      Q.     Okay.  And the company 3M has

17   specifically designated you, or you are their

18   corporate designee, to talk about certain

19   topics, correct?

20      A.     Yes, that's my understanding.

21      Q.     Do you understand that in that

22   capacity your testimony is giving testimony

23   as the company?

24             MR. NOMELLINI:  Calls for a

25        legal conclusion.

Confidential - Pursuant to Protective Order

```
 1                   You can answer.

 2                   THE WITNESS:  I suppose that

 3        was my assumption.

 4   QUESTIONS BY MR. CARTMELL:

 5        Q.    Okay.  And you understand your

 6   testimony can bind the company?

 7                   MR. NOMELLINI:  Same objection.

 8                   You can answer.

 9                   THE WITNESS:  I'm going to be

10        as truthful as I can.

11   QUESTIONS BY MR. CARTMELL:

12        Q.    Okay.  Now, I represent

13   plaintiffs in the multidistrict litigation,

14   in re: 3M Combat Arms Product Liability

15   Litigation.

16                   Do you understand that?

17        A.    That you are representing --

18        Q.    Plaintiffs, including soldiers,

19   around America who have brought claims

20   against 3M.

21        A.    Yes.

22        Q.    Okay.  And Aearo, the company

23   Aearo.

24                   Do you understand that?

25        A.    I didn't know there was an
```

Confidential - Pursuant to Protective Order

```
 1   Aearo anymore, but...
 2        Q.     And there may not be, but...
 3               Do you understand, sir, as you
 4   sit here today that there are thousands of
 5   soldiers around America making claims against
 6   3M related to the Combat Arms version 2
 7   earplugs?
 8               MR. NOMELLINI:  Objection.
 9          Outside the scope of the 30(b)(6)
10          notice.
11               I'm going to instruct you not
12          to answer that question.
13               MR. CARTMELL:  Well, I think
14          I'm entitled to understand what the
15          basis of his knowledge is as he sits
16          here as a corporate designee.  So I
17          don't think it's proper to tell him
18          not to answer it.
19               MR. NOMELLINI:  Well, I
20          disagree.
21               I'm instructing you not to
22          answer that question.
23   QUESTIONS BY MR. CARTMELL:
24        Q.     Are you going to listen to the
25   advice of your counsel?
```

Confidential - Pursuant to Protective Order

1   larger-sized ears, and that there was

2   imperceptible loosening for some if they

3   didn't fold the flange back, correct?

4              MR. NOMELLINI:  Foundation.

5              THE WITNESS:  That's your

6        characterization of a report that you

7        handed me today.

8   QUESTIONS BY MR. CARTMELL:

9        Q.    It says that in the report,

10  correct, sir?

11             MR. NOMELLINI:  Foundation.

12             THE WITNESS:  The words you

13       used, I'm not sure all those words

14       were in the report.  We can read the

15       report if you want.

16             MR. CARTMELL:  That's all I

17       have.

18             MR. NOMELLINI:  Okay.  I have

19       nothing.

20             VIDEOGRAPHER:  Going off the

21       record at 6:40 p.m.

22       (Deposition concluded at 6:40 p.m.)

23              - - - - - - -

24

25

Confidential - Pursuant to Protective Order

```
 1                    CERTIFICATE
 2
 3           I, CARRIE A. CAMPBELL, Registered
     Diplomate Reporter, Certified Realtime
 4   Reporter and Certified Shorthand Reporter, do
     hereby certify that prior to the commencement
 5   of the examination, Brian Myers, was duly
     sworn by me to testify to the truth, the
 6   whole truth and nothing but the truth.
 7           I DO FURTHER CERTIFY that the
     foregoing is a verbatim transcript of the
 8   testimony as taken stenographically by and
     before me at the time, place and on the date
 9   hereinbefore set forth, to the best of my
     ability.
10
             I DO FURTHER CERTIFY that I am
11   neither a relative nor employee nor attorney
     nor counsel of any of the parties to this
12   action, and that I am neither a relative nor
     employee of such attorney or counsel, and
13   that I am not financially interested in the
     action.
14
15
16
     _____
17   CARRIE A. CAMPBELL,
     NCRA Registered Diplomate Reporter
18   Certified Realtime Reporter
     California Certified Shorthand
19   Reporter #13921
     Missouri Certified Court Reporter #859
20   Illinois Certified Shorthand Reporter
     #084-004229
21   Texas Certified Shorthand Reporter #9328
     Kansas Certified Court Reporter #1715
22   Notary Public
23   Dated:  November 1, 2019
24
25
```

Confidential - Pursuant to Protective Order

1                    INSTRUCTIONS TO WITNESS

2

3            Please read your deposition over

4     carefully and make any necessary corrections.

5     You should state the reason in the

6     appropriate space on the errata sheet for any

7     corrections that are made.

8            After doing so, please sign the

9     errata sheet and date it.  You are signing

10    same subject to the changes you have noted on

11    the errata sheet, which will be attached to

12    your deposition.

13           It is imperative that you return

14    the original errata sheet to the deposing

15    attorney within thirty (30) days of receipt

16    of the deposition transcript by you.  If you

17    fail to do so, the deposition transcript may

18    be deemed to be accurate and may be used in

19    court.

20

21

22

23

24

25

Confidential - Pursuant to Protective Order

1        ACKNOWLEDGMENT OF DEPONENT

2

3

4            I,_____, do
    hereby certify that I have read the foregoing
5   pages and that the same is a correct
    transcription of the answers given by me to
6   the questions therein propounded, except for
    the corrections or changes in form or
7   substance, if any, noted in the attached
    Errata Sheet.

8

9

10

11

12   _____
    Brian Myers                      Date

13

14

15   Subscribed and sworn to before me this

16   _____ day of _____, 20 _____.

17   My commission expires: _____

18

19   Notary Public

20

21

22

23

24

25