# EXHIBIT M

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS EARPLUG          )   Case No. 3:19md2885
PRODUCTS LIABILITY LITIGATION,         )
                                       )   Pensacola, Florida
                                       )   March 16, 2021
                                       )   8:34 a.m.
                                       )
                                       )
_____)

**PRETRIAL CONFERENCE**
**DAY TWO**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE
and
THE HONORABLE GARY R. JONES
UNITED STATES MAGISTRATE JUDGE
(Pages 1-110)

1  but obviously the lawyers who will be speaking throughout the
2  trial will all be here in person.
3              **JUDGE RODGERS:** Right.  Yes.  And just make sure it's
4  a separate list that says lawyer list or something.
5              **MR. BROCK:** I was going to mention, too, Your Honor,
6  that we will likely have someone here representing the client.
7  It will not be a witness.  It will be a lawyer who is working
8  with us in the litigation, but he is a 3M employee.  And, you
9  know, we sometimes will slip back and talk to our client about
10 strategic decisions from time to time.  It would be fine for us
11 if you wanted to introduce the person or not, but I did want to
12 mention -- we're not going to have someone up at counsel table
13 with us as a corporate representative, but we do expect that
14 there will be a client here.
15             **JUDGE RODGERS:** But they're not going it sit at your
16 table?
17             **MR. BROCK:** No, no.  The only reason I'm mentioning it
18 is that just that, you know, jurors will see people all over
19 the place, and if they want to think about where to be careful,
20 if they were to see this person, it might be helpful to know
21 who it is.  That's the only thing.
22             **JUDGE RODGERS:** I think that's fine.  They may wonder
23 why they're not sitting at your table.
24             **MR. BROCK:** We're okay with that.
25             **JUDGE RODGERS:** Well, then that person also, if

1   they're not going to be here the morning of jury selection, I
2   need the name and photo.  Because I agree, if there is someone
3   like that that you may be conferring with on a regular basis --
4   and that brings up another point that I think I've already
5   touched on, but I'll go back to it -- we do need to know who
6   that person is.
7            **MR. BROCK:**  Yes.
8            **JUDGE RODGERS:**  I think I made a strong statement at
9   one of our recent court proceedings about how I treat the well
10  and activity inside the well, and I treat it very strictly.
11  And so, in other words, Mr. Brock, this example you've given
12  about your client being outside of the well, you wanting to
13  strategize, that's not going to be permissible, unless you --
14  if you request permission to leave or to exit, and I say, yes,
15  you can, you leave, you don't come back until we take a recess,
16  and you can come back.  But there is not in and out during the
17  trial while the jury is seated.  It's just too distracting, and
18  I've heard it from jurors.
19           **MR. BROCK:**  Okay.
20           **JUDGE RODGERS:**  And that includes bathroom breaks.
21           **MR. PIRTLE:**  Understood.  What about our clients?  Are
22  you going to want to introduce all four of them?
23           **JUDGE RODGERS:**  Oh, absolutely. Or send photos, if
24  they're not going to be here the first day.
25           **MR. PIRTLE:**  I want them here for opening.  I don't