# EXHIBIT U

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG ) PRODUCTS LIABILITY LITIGATION,) ) *Re: Ronald Sloan* ) *Case No. 7:20cv1* ) ) and ) ) *William Wayman* ) *Case No. 7:20cv149* ) _____) | Case No. 3:19md2885 Pensacola, Florida January 26, 2022 7:49  a.m. |

<u>DAY TWELVE</u>
(Pages 1 to 460)

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE, and a jury.

**A P P E A R A N C E S**

**FOR PLAINTIFFS:**
Aylstock, Witkin, Kreis & Overholtz, PLLC
By:  **BRYAN F. AYLSTOCK**
  *baylstock@awkolaw.com*

  **JENNIFER HOEKSTRA**
   *jhoekstra@awkolaw.com*
  17 E Main Street, Suite 200
  Pensacola, Florida  32502

*Donna L. Boland, RPR, FCRR
United States Court Reporter
1 N Palafox Street * Pensacola, Florida  32502*
**Donna_Boland@flnd.uscourts.gov**

| | | |
|---|---|---|
| 08:26 | 1 | So we will stop here on -- is that everything for |
| 08:26 | 2 | that instruction? |
| 08:26 | 3 | **MR. BEALL:**  It is. |
| 08:26 | 4 | **THE COURT:**  So then we will pick back up sometime |
| 08:26 | 5 | later today on page 6, the strict liability design defect |
| 08:26 | 6 | under Colorado law. |
| 08:26 | 7 | Mr. Nomellini, are you -- I believe I'm right by |
| 08:26 | 8 | identifying you as the sort of lead counsel for 3M here. |
| 08:26 | 9 | **MR. NOMELLINI:**  Yes. |
| 08:26 | 10 | **THE COURT:**  All right.  So I don't want to pick |
| 08:26 | 11 | on you, but because you are in that role, can I ask you |
| 08:26 | 12 | where Mr. Rucker has been for the past three weeks? |
| 08:26 | 13 | **MR. NOMELLINI:**  I do not know exactly, Your |
| 08:26 | 14 | Honor.  I do know he -- I believe he's coming into town |
| 08:26 | 15 | today. |
| 08:26 | 16 | **THE COURT:**  Well, I have a message I'd like you |
| 08:26 | 17 | to convey to him and the 3M people.  We've been here for |
| 08:26 | 18 | three weeks.  He was here for jury selection.  I |
| 08:27 | 19 | introduced him to the jury.  I don't think I've seen him |
| 08:27 | 20 | since day 2.  Maybe I'm wrong, maybe he was here day 3, |
| 08:27 | 21 | but I don't believe so.  I think Tuesday was the last time |
| 08:27 | 22 | I saw him. |
| 08:27 | 23 | His absence, in my view, shows a lack of respect |
| 08:27 | 24 | to the Court, to the jury, to the trial process.  I mean, |
| 08:27 | 25 | he is the party, and no one mentioned to me that he was |

08:27  1   going to be absent.
08:27  2       I don't think I've ever had a trial where a party
08:27  3   has departed, you know, the courtroom for an extended
08:27  4   period of time without letting me know that, and usually
08:27  5   they ask me to give the jury some explanation of why
08:27  6   they're not present.  It's disappointing.  I understand
08:27  7   it's a long trial, but I presume it's important to your
08:27  8   client, this trial.
08:27  9       **MR. NOMELLINI:**  Yes, it is.
08:27  10      **THE COURT:**  But their absence from this courtroom
08:27  11  -- you are not the party.  As good a lawyer as you are,
08:28  12  you are not 3M.  3M has not had a corporate representative
08:28  13  in this courtroom since, I believe, day 2.  I don't
08:28  14  understand that.
08:28  15      There's no sanctions or anything like that,
08:28  16  obviously, but it's just -- it's shocking to me that they
08:28  17  would just depart and no explanation given, nothing.
08:28  18      **MR. NOMELLINI:**  Understood, Your Honor.  I don't
08:28  19  know all the circumstances behind it, but I --
08:28  20      **THE COURT:**  And I know you don't control Mr.
08:28  21  Rucker.
08:28  22      **MR. NOMELLINI:**  Yes.
08:28  23      **THE COURT:**  I'll just ask you to be the
08:28  24  messenger.
08:28  25      **MR. NOMELLINI:**  Yes.  May I give you a preview of