IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION  This Document Relates to: *All Wave 1 Cases* | CASE NO.: 3:19-MD-2885-MCR-GRJ  Chief Judge M. Casey Rodgers Magistrate Judge Gary Jones |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO PRESEVE *DAUBERT* AND RULE 702 MOTIONS
AND ARGUMENTS PREVIOUSLY RULED UPON**

Defendant 3M Company[1] submits this response to Plaintiffs' preservation motion (ECF 3320) out of an abundance of caution.

---

[1] On July 26, 2022, Defendants 3M Occupational Safety, LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under Chapter 11, Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Response due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. Defendant 3M reserves all rights with respect to the Motion, pending in the U.S. Bankruptcy Court for the Southern District of Indiana, Case No. 22-02890, Adv. Proc. No. 22-50059, for Declaratory and Injunctive Relief (I) Declaring that the Automatic Stay Applies to Certain Actions Against a Non-Debtor or (II) Preliminarily Enjoining Certain Actions Against a Non-Debtor and (III) Granting a Temporary Restraining Order Pending an Order on the Preliminary Injunction.

1

On May 5, 2022, the Parties entered into a joint stipulation which states, "The parties understand that the Court will not reconsider its prior *Daubert* rulings and the parties may not brief *Daubert* issues previously considered and adjudicated by the Court. Based on this understanding, the parties will instead file on the master MDL docket a single omnibus *Daubert* preservation motion. The parties understand that the Court has ruled that prior general *Daubert* rulings will apply to all Wave cases." ECF 3072 at 9.

In response to Plaintiffs' preservation motion, Defendant incorporates its arguments in Defendant's Response To Plaintiffs Omnibus Motion To Exclude Defendant's Group A Expert Opinions And Testimony, ECF 1627, Defendant's Response To Plaintiffs' Omnibus Motion And Memorandum Of Law To Exclude Defendant's Group B Expert Opinions And Testimony, ECF 1902, Defendant's Response To Plaintiffs' Omnibus Motion And Memorandum Of Law To Exclude Defendant's Group C Expert Opinions And Testimony, ECF 2196, and Defendant's Response To Plaintiffs' Omnibus Motion And Memorandum Of Law To Exclude Defendant's Group D Expert Opinions And Testimony, ECF 2847, and all other briefing filed by Defendant in response to each motion and argument listed in Plaintiffs' preservation motion. Defendant likewise requests that the Court adopt its Group A, Group B, Group C, and Group D *Daubert* orders to the extent those orders

denied exclusion of Defendant's experts. *E.g.,* ECF 1651, 1680, 1690, 1701, 1780, 1910, 1933, 2218, 2290, 2845.

Plaintiff's preservation motion purports to summarize the Court's prior rulings (*see* ECF 3320 at 4-12), but the Court's prior rulings stand on their own. To the extent Plaintiffs' summary bullet points misstate or go beyond the scope of the Court's prior rulings, Plaintiffs' request should be denied.

Finally, Plaintiffs ask to apply the Court's prior bellwether rulings to all Wave 1 experts (general and case-specific) with so-called "substantially similar" opinions to experts in the bellwether litigation. The phrase "substantially similar" is overbroad and confusing. The Parties agreed that "the Court will not reconsider its prior *Daubert* rulings and the parties may not brief *Daubert* issues previously considered and adjudicated by the Court," ECF 3072, but many of the Court's prior *Daubert* rulings turn on the specifics of a given expert. The Parties agreed upon a *Daubert* briefing plan for Wave 1 experts, *see id.*, and Plaintiffs are entitled to argue within that briefing whether a specific expert's opinions are similar to an opinion that was previously ruled upon. The admissibility of each Wave 1 expert's opinions must be assessed in light of that expert's knowledge, skills, experience, training, and education, as well as his or her methodology.

| | |
|---|---|
| Dated: August 9, 2022 | Respectfully submitted: |
| <u>/s/ Charles F. Beall, Jr.</u> | <u>/s/ Kimberly Branscome</u> |
| Larry Hill | Kimberly Branscome |
| Florida Bar No. 173908 | DECHERT LLP |
| lhill@mhw-law.com | 633 W. 5th St., Suite 4900 |
| Charles F. Beall, Jr. | Los Angeles, CA 90071 |
| Florida Bar No. 66494 | Telephone: (213) 808-5762 |
| cbeall@mhw-law.com | kimberly.branscome@dechert.com |
| Haley J. VanFleteren | |
| Florida Bar No. 1003674 | |
| hvanfleteren@mhw-law.com | |
| MOORE, HILL & WESTMORELAND, P.A. | |
| 350 West Cedar Street | |
| Maritime Place, Suite 100 | |
| Pensacola FL 32502 | |
| Telephone: (850) 434-3541 | |
| | *Counsel for Defendant 3M Company* |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2022, I caused a copy of the foregoing to be file through the Court's CM/ECF system, which will serve all counsel of records.

*/s/ Kimberly Branscome*
Kimberly Branscome
