# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABLITY LITIGATION

MDL: 15-2666 (JNE/DTS)

This Document Relates to:

*Petitta v. 3M Co.*, 16-cv-3878

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR A PERMANENT INJUNCTION BARRING PLAINTIFF JOHN
PETITTA FROM RELITIGATING HIS CLAIMS IN STATE COURT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1
FACTUAL BACKGROUND ................................................................................. 2
ARGUMENT ........................................................................................................... 3
    I.    THE COURT SHOULD ENJOIN PETITTA'S STATE COURT CLAIMS. ............................................................................................. 3
        A.    The Relitigation Exception Permits Federal Courts to Protect Final Judgments by Enjoining State Court Proceedings. ................... 4
        B.    The Stipulation of Dismissal with Prejudice Is A Final Judgment Under Eighth Circuit Law. .............................................. 5
        C.    Plaintiffs' Claims in Texas State Court Were Actually Decided in This Court. ..................................................................... 6
    II.    ENJOINING PETITTA'S STATE COURT ACTION SERVES JUDICIAL ECONOMY AND FAIRNESS. ................................................. 7
CONCLUSION ....................................................................................................... 9

# INTRODUCTION

Pursuant to the All Writs Act and the Relitigation Exception to the Anti-Injunction Act, Defendants request that the Court permanently enjoin plaintiff John Petitta from relitigating claims in Texas that have been dismissed with prejudice in these proceedings.

John Petitta filed products liability and warranty claims against 3M Company ("3M") in this MDL and later stipulated to dismiss them with prejudice. He is now pursuing the same claims against 3M and Arizant Healthcare Inc. ("Arizant") in a state court action in Hidalgo County, Texas, where he has also sued two of his medical providers. In the state court action (where he is represented by several members of the MDL Plaintiffs' leadership) he is seeking both to reopen discovery disputes with 3M that were resolved by the parties or the Court years ago in the MDL and to undermine this Court's orders maintaining certain materials under seal.

The All Writs Act and the Relitigation Exception to the Anti-Injunction Act empower federal courts to protect final judgments and *res judicata* principles by enjoining state court proceedings. Supreme Court and Eighth Circuit case authority also strongly support Defendant's request. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988); *White v. Nat'l Football League*, 756 F.3d 585, 595-96 (8th Cir. 2014). Absent injunctive relief, Petitta's state court action, which should be barred by *res judicata*, will continue to burden Defendants with discovery costs and create the risk of inconsistent determinations of issues that have been resolved in this MDL.

1

# FACTUAL BACKGROUND

On November 11, 2016, Petitta, a Texas resident, filed suit in this MDL. His short-form complaint asserts claims against 3M for negligence, strict liability, and breach of warranty, among other things, relating to use of the Bair Hugger system in his right knee replacement surgery. Dkt. No. 1. Four days later, Petitta sued 3M and Arizant (3M's dissolved former subsidiary) in Hidalgo County, Texas, also asserting causes of action for negligence, strict liability, and breach of warranty based on his right knee replacement surgery. DX1, Tex. Pet. ¶ 23.

On November 22, 2016, 3M's counsel alerted Petitta's counsel in both cases of the duplicate filings. Ben Gordon, Jr. of Levin Papantonio, who had filed the federal case, responded that Petitta would be dismissing the federal case in favor of the state court case. DX2. Several months then passed with no further action by Petitta's counsel. In April 2017, Levin Papantonio proposed a stipulation for dismissal with prejudice of his claims against 3M in the federal Bair Hugger MDL. DX3. Defendants' counsel confirmed with Plaintiffs' counsel that a dismissal with prejudice was intended and consented to the stipulation. DX4. On April 5, 2017, Petitta's counsel filed a stipulation for dismissal, signed by both parties, thereby agreeing that Petitta's claims against 3M in the federal Bair Hugger MDL would be dismissed with prejudice. DX5.

Soon thereafter, the Texas state court case was stayed pending an interlocutory appeal by a co-defendant. The litigation resumed in late 2018 and, by that time, the federal dismissal with prejudice had dropped from Defendants' counsel's radar. In March 2019, several of the MDL Plaintiffs' counsel filed appearances in the state court case and began

2

using the case as a vehicle to revisit discovery disputes and confidentiality rulings from the MDL. Thus far, this has entailed Petitta's counsel fighting a protective order that would protect documents designated confidential in the MDL and publicizing orders and documents that have been sealed in this proceeding. Defendants are concurrently filing a motion for sanctions based upon the violations of this Court's orders.

The Texas state court has not yet ruled on the *res judicata* issue. Under the Texas Rules of Civil Procedure, Defendants' only avenue for asserting *res judicata* is a motion for summary judgment (the Texas rules do not permit a motion for judgment on the pleadings based on *res judicata*), and discovery is still ongoing through at least late summer of this year – and likely longer, if Petitta's recently filed motion to extend the schedule is granted.

## ARGUMENT

### I. THE COURT SHOULD ENJOIN PETITTA'S STATE COURT CLAIMS.

The Court should enjoin Petitta's state court claims pursuant to the All Writs Act and the Relitigation Exception to the Anti-Injunction Act. The Relitigation Exception gives a federal court authority to grant an injunction in order to "to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. As discussed below, the stipulation of dismissal with prejudice qualifies as a final judgment under Eighth Circuit law, meaning that it bars Relitigation of the same claims under *res judicata* principles. Petitta is plainly relitigating the same claims in his Texas state court action. Case law does not require Defendants to wait for the Texas state court to act on a motion for summary judgment, but instead authorizes this Court to enjoin further proceedings.

3

### A. The Relitigation Exception Permits Federal Courts to Protect Final Judgments by Enjoining State Court Proceedings.

The All Writs Act, 28 U.S.C. § 1651(a), provides that federal courts "may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While the Anti-Injunction Act, 28 U.S.C. § 2283, generally bars federal courts from enjoining state court proceedings, there are exceptions. These exceptions "are designed to ensure the effectiveness and supremacy of federal law." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

The Relitigation Exception allows federal courts "to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo*, 486 U.S. at 147. It is "founded in the well-recognized concepts of *res judicata* and collateral estoppel" and "rests on the idea that federal courts should not be forced to rely on state court application of res *judicata* or estoppel principles to protect federal court judgments and decrees." *Id*. at 147. Under the Relitigation Exception, a federal court has "broad discretion" in deciding whether to issue an injunction. *Id*. Ultimately, a federal court "must weigh the threat to federal interest posed by the state proceeding against any possible unfairness to the state plaintiffs that arguably could result from the injunction" *Id. at* 146 (internal quotations omitted). A federal court "may enjoin state court proceedings at any point in time 'from the institution to the close of the final process,*"* so long as the state court has not ruled on the merits of the *res judicata* issue. *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders*, 988 F. Supp. 486, 495 (D.N.J. 1997) (*quoting Hill v. Martin*, 296 U.S. 393, 403 (1935)) (*emphasis added*); *see Daewoo Elecs.*, 975 F.2d

4

at 479 (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524 (1986). Here, the Texas state court has not yet ruled on *res judicata*.

Other federal courts have frequently enjoined state court proceedings where plaintiffs seek to relitigate claims subject to final judgments in federal court. *See, e.g.*, *Liberty Mut. Ins. Co. v. Gunderson*, 305 Fed. Appx. 170, 172-77 (5th Cir. 2008) (affirming the district court's permanent injunction); *Arnone v. Oak Grove R-VI School Dist.*, 2005 WL 1005129, No. 04-0914-CV-W-FJG, at *3-*6 (W.D. Mo. Apr. 25, 2005) (granting permanent injunction); *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 385-88 (5th Cir. 2000) (reversing district court's denial of a preliminary injunction and remanding for "issuance of an injunction enjoining plaintiff from further prosecuting her state court action); *Blue Cross of Cal. v. SmithKline Beecham Clinical Labs., Inc.*, 108 F. Supp. 2d 130, 132-37 (D. Conn. 2000) (in MDL, district court permanently enjoined plaintiffs-insurers pursuing state court actions); *Regions Bank of La. v. Rivet*, 224 F.3d 483, 490-95 (5th Cir. 2000) (affirming permanent injunction); *Triple-S, Inc. v. Pellot*, 41 F.Supp.2d 122, 124-28 (D.P.R. 1999) (granting permanent injunction n); *BGW Assocs., Inc. v. Valley Broad. Co.*, 532 F.Supp. 1115, 1116-1118 (S.D.N.Y. 1982) (granting permanent injunction); *Brown v. McCormick*, 608 F.2d 410, 412-416 (10th Cir.1979) (affirming district court's order enjoining plaintiffs from relitigating a breach of contract issue in Arizona state court).

**B.  The Stipulation of Dismissal with Prejudice Is A Final Judgment Under Eighth Circuit Law.**

Pursuant to Rule 41(a)(1)(A)(ii), a plaintiff may stipulate to a dismissal, and the

stipulation is effective once signed and filed by the parties in the matter. Fed. R. Civ. P. 41(a)(1)(A)(ii). The Eighth Circuit has held that a Rule 41 stipulation of dismissal with prejudice is an adjudication upon the merits, and is therefore a final judgment under Rule 60(b). *See White v. Nat'l Football League*, 756 F.3d 585, 595-96 (8th Cir. 2014) (citing *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) ("Because the voluntary dismissal in this case operated as an adjudication on the merits, it was a 'final judgment' under Rule 60(b)"). Petitta may argue that he was mistaken in agreeing to dismissal with prejudice, and did not intend to preclude suit in state court. However, Rule 60(c) permits relief from a final judgment based on mistake or inadvertence for only one year, and that year has long passed.

    **C.    Plaintiffs' Claims in Texas State Court Were Actually Decided in This Court.**

Under Eighth Circuit authority, the Relitigation Exception is limited to "claims and issues *actually decided* in federal court." *Jones v. St. Paul Cos., Inc.*, 495 F.3d 888, 891 (8th Cir. 2007) (emphasis added). Here, it is beyond dispute here that Petitta's claims were actually litigated in federal court. In both cases, Petitta alleged negligence, breach of warranty and strict liability against 3M. *Compare* Fed. Cplt., Dkt. No. 1, and State Ct. Cplt., DX1. While Petitta only sued 3M and not Arizant in his federal court, Arizant is a dissolved corporation – a nullity – and in the context of this litigation is just another name for 3M. Thus, Petitta's Texas state court claims fall squarely within the Relitigation Exception. *See Jones*, 295 F.3d at 892.

The circumstances here are readily distinguishable from those in *Jones*. There, the

6

district court refused to enjoin a Georgia state court proceeding under the Relitigation Exception. 495 F.3d at 891. The Eighth Circuit affirmed because, even though a prior federal lawsuit had been based on the same facts, determined that although Plaintiff's state court suit arose from the same set of facts as his federal court suit, it asserted different legal claims. *Id*. at 890, 893-94. The court concluded that the Relitigation exception does not apply to parallel state and federal actions which arise from the same set of facts or address the same issues; a state court action may be enjoined under the Relitigation Exception only where (as in this case) the legal claims are the same. *Id*. at 893.

## II. ENJOINING PETITTA'S STATE COURT ACTION SERVES JUDICIAL ECONOMY AND FAIRNESS.

When deciding whether to enjoin a state court proceeding under the Relitigation Exception, a federal court must "must weigh the threat to federal interest posed by the state proceeding against any possible unfairness to the state plaintiffs that arguably could result from the injunction." *Chick Kam Choo*, 486 U.S. at 146 (internal quotations omitted).

Enjoining relitigation of the same claims in state court "promote[s] judicial economy and protection of parties from harassing, duplicative litigation, interests which the federal and state courts share." *Daewoo Elecs.*, 975 F.2d at 479. Enjoining Petitta's state court claims will serve those interests here. As noted above, the Texas rules do not permit *res judicata* to be raised in a motion for judgment on the pleadings. To seek application of *res judicata* in Texas state court, 3M must wait to file a motion for summary judgment, which is unlikely to be heard before the close of discovery. Conceivably, the Texas state court may not enforce *res judicata*, and Defendants may then have to litigate

7

the case to conclusion and potential appeal. In the meantime, Defendants will be unnecessarily burdened with the costs of conducting duplicative discovery and litigating claims that should not proceed. More significantly for the overall Bair Hugger litigation, continuation of the state court proceeding presents the risk of both duplication and inconsistent results. Petitta's state court case is the only state court case. Petitta's counsel have made clear, through their briefing, that they intend to revisit many of the discovery and document confidentiality orders of the MDL. If successful, the parties in this MDL will no longer be able to rely on this Court's rulings as rulings generally applicable to the litigation as a whole – the rulings of the Texas state court will control.

Even more worrisome is the prospect that some of the 600 plaintiffs whose claims have been dismissed with prejudice from the MDL proceedings will now file identical actions in state court. A permanent injunction to bar Petitta's state court claims against 3M is needed to protect the integrity of the MDL and the objective of coordinated litigation.

By contrast, there is no unfairness to Petitta. The possibility that an injunction would "foreclose the opportunity for [a party] to relitigate issues in the state court . . . is not a legitimate harm which must be balanced." *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir. 1996) (reversing the district court's order and remanding for an order enjoining Defendants from relitigating their claims in the South Dakota state courts); *see also id.* ("[T]he rules of equity do not require that [a party which had an opportunity to litigate its claims in the federal forum] be given a second bite at the apple in the state forum in order to obtain a more favorable result."). While Petitta may argue that he mistakenly dismissed his federal court case with prejudice, it was he – not Defendants – who proposed a dismissal with

8

prejudice (even after Defendants' counsel wrote to confirm his intention).  Moreover, Rule 60(b) allotted him a full year to seek to set aside the stipulation, and he did not avail himself of that opportunity. The time to set aside the federal judgment has passed.

## CONCLUSION

For the foregoing reasons, 3M respectfully requests that this Court grant its motion for a permanent injunction barring Petitta from relitigating the claims asserted in his federal Short Form Complaint against 3M and Arizant in Texas state court. This encompasses all claims presently asserted by Petitta in his Texas state court petition.

Dated: June 5, 2019                    Respectfully submitted,

                              By: s/Benjamin W. Hulse
                                Jerry W. Blackwell (MN #186867)
                                Benjamin W. Hulse (MN #0390952)
                                Mary S. Young (MN #0392781)
                                BLACKWELL BURKE P.A.
                                431 South Seventh Street, Suite 2500
                                Minneapolis, MN 55415
                                Phone: (612) 343-3200
                                Fax: (612) 343-3205
                                Email: blackwell@blackwellburke.com
                                         bulse@blackwellburke.com
                                         myoung@blackwellburke.com

                                ***Attorneys for Defendants 3M Company and Arizant Healthcare Inc.***

9