```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF INDIANA

IN RE:                        .   Case No. 22-02890-JJG
                              .   (Jointly Administered)
AEARO TECHNOLOGIES LLC,       .
ET AL.,                       .   116 U.S. Courthouse
                              .   46 E. Ohio Street, Room 116
         Debtors.             .   Indianapolis, IN  46204
. . . . . . . . . . . . . .
AEARO TECHNOLOGIES LLC,       .
ET AL.,                       .
                              .
         Plaintiffs,          .
    V.                        .   Adversary No. 22-50059
                              .
THOSE PARTIES LISTED ON       .
APPENDIX A,                   .
                              .
         Defendants.          .
                              .   Wednesday, July 27, 2022
. . . . . . . . . . . . . .       9:30 a.m.

       TRANSCRIPT OF MISCELLANEOUS MOTIONS BY PLAINTIFFS/DEBTORS
              BEFORE THE HONORABLE JEFFREY J. GRAHAM
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:          Kirkland & Ellis LLP
                          BY:  CHAD HUSNICK, ESQ.
                               DAVID M. BERNICK, ESQ.
                               SPENCER WINTERS, ESQ.
                          300 North LaSalle Street
                          Chicago, IL  60654




Audio Operator:           Heather Heiser-Davis

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjCourt@jjCourt.com

(609) 586-2311    Fax No. (609) 587-3599

```
APPEARANCES CONTINUED:

For the Debtors:        Kirkland & Ellis LLP
                        BY:  EMILY GEIER, ESQ.
                        601 Lexington Avenue
                        New York, NY  10022

                        Kirkland & Ellis
                        BY:  JARED MAHER, ESQ.
                             MARK McKANE, ESQ.
                        555 California Street, 27th Floor
                        San Francisco, CA  94104

                        Kirkland & Ellis
                        BY:  DAVID HOROWITZ, ESQ.
                        333 South Flower Street, Suite 3700
                        Los Angeles, CA  90071

For Creditors:          Valenti Hanley & Robinson PLLC
                        BY:  MARK A. ROBINSON, ESQ.
                        One Riverfront Plaza
                        401 W. Main Street, Suite 1950
                        Louisville, KY  40202

For 3M Company:         Faegre Drinker Biddle & Reath LLP
                        BY:  JAY JAFFE, ESQ.
                        600 East 96th Street, Suite 600
                        Indianapolis, IN  46240

                        White & Case LLP
                        BY:  MATTHEW E. LINDER, ESQ.
                             MICHAEL ANDOLINA, ESQ.
                        111 S. Wacker Drive, Suite 5100
                        Chicago, IL  60606

For Aylstock, Witkin,   Klee, Tuchin, Bogdanoff & Stern, LLP
Kreis & Overholtz, PLLC: BY:  SASHA M. GURVITZ, ESQ.
                        1801 Century Park East, 26th Floor
                        Los Angeles, CA  90067

For Seeger Weiss LLP:   Rubin & Levin, P.C.
                        BY:  DEBORAH CARUSO, ESQ.
                             MEREDITH R. THEISEN, ESQ.
                        135 N. Pennsylvania St., Suite 1400
                        Indianapolis, IN  46204
```

```
APPEARANCES CONTINUED:

For Seeger Weiss LLP:     Seeger Weiss LLP
                          BY:  CHRISTOPHER SEEGER, ESQ.
                               DAVID BUCHANAN, ESQ.
                          55 Challenger Road
                          Ridgefield Park, NJ  07660

                          Otterbourg P.C.
                          BY:  MELANIE CYGANOWSKI, ESQ.
                               ADAM SILVERSTEIN, ESQ.
                          230 Park Avenue
                          New York, NY  10169-0075

For the U.S. Trustee:     U.S. Department of Justice
                          BY:  HARRISON E. STRAUSS, ESQ.
                               NANCY GARGULA, ESQ.
                               RONALD J. MOORE, ESQ.
                               DAMARIS ROISCH-SCHWARTZ, ESQ.
                               LAURA A. DUVALL, ESQ.
                          46 E. Ohio St., Road 520
                          Indianapolis, IN  46204

For various claimants:    Jacobson Hile Kight
                          By:  ANDREW KIGHT, ESQ.
                          108 E. 9th Street
                          Indianapolis, IN 46202

                          Weitz & Luxenberg
                          By:  LISA BUSCH, ESQ.
                          700 Broadway
                          New York, NY 10003


For various Claimants:    BY:  MARK WENZEL, ESQ.


For Richard Valle:        Keller Postman
                          BY:  ASHLEY KELLER, ESQ.
                          150 N. Riverside Plaza
                          Chicago, IL  60606
```

1 district court made.

2          It didn't have to happen.  If we had filing fees and
3 we had basic record requirements, if we waited until the
4 discovery was done, if we had controls on the kinds of things
5 that get set, all we know, and that's really -- I'll take the
6 next slide to answer Your Honors question.

7          Let's go to Slide 10, this one right here.  No, go
8 back to 10.

9          Even today, there are over a hundred thousand that
10 have never had a filing fee.  And with respect to the ones that
11 have now been put on the administrative docket or have now been
12 required to pay a fee or been ordered to pay a fee or have been
13 now required to provide or been asked to provide information,
14 it's already had an impact.  So we know that these things
15 count.

16          We know, if we go back to that slide, Slide 9,
17 Slide 8, Slide 7.

18          We know that these things were not being done.  We
19 know that the docket grew to an unprecedented level and that's
20 what we know.  The counterfactual that says, well, what if
21 things had been done differently?

22          THE COURT:  Well, and I understand that --

23          MR. BERNICK:  Yeah.

24          THE COURT:  -- but I guess the point I'm trying to
25 make is, and the opposition makes it, but so this has been

1  brewing for a while.  And I understand that there's issues that
2  the debtors have had with how the MDL has been run.  But as I
3  look at it, you're before me on a stay and a TRO.
4          MR. BERNICK:  Right.
5          THE COURT:  Why now?
6          MR. BERNICK:  Because it is irreparable and it's
7  continuing.  I mean, we're now at a situation where what Your
8  Honor is saying is, well, should we have acted earlier?  Yeah,
9  with hindsight, we should have filed earlier.  I don't think
10 that there's too much question about if we knew what was
11 happening, we should have filed.  I mean, Chapter 11 in my
12 experience, and we'll go through some of the cases.  I've been
13 involved in many, many mass tort Chapter 11s and I've tried the
14 cases in the underlying MDLs.
15         Everybody waits before filing Chapter 11.  Nobody
16 sits there and says, gee, we're going to file for Chapter 11
17 now because we see the handwriting on the wall.  So maybe we
18 should have filed in October, in August of 2020.  We would take
19 that point with the benefit of hindsight, we should have.  But
20 we didn't.  What we decided to do is to go through the MDL
21 process.  And what we found in the process of doing that is how
22 unbelievably broken it is.
23         I don't think that there's a single MDL in history
24 that is as broken as this one is.  Witness the numbers, witness
25 the steps that have been taken, witness the verdicts.  Not one.

1  And I also don't think, I would submit to Your Honor, the fact
2  that it's been broken for a while doesn't obviate the need for
3  protection now.  I mean, we need protection now because it's an
4  unsustainable broken process that's producing terrible verdicts
5  and costing tens and hundreds of millions of dollars.  That's
6  why you file a Chapter 11 case.
7          There's nothing that says you file a Chapter 11 case
8  because you can see the handwriting on the wall and it's going
9  to happen.  I'm not really familiar with that phenomenon.
10 Maybe it's happened.  But I'm not -- it didn't happen in
11 <u>Manville</u>.  It didn't happen in <u>Grace</u>.  It didn't happen in the
12 <u>Breast Implants</u>.  I mean, I could go on, <u>Combustion</u>
13 <u>Engineering</u>.  They were all filed after there was clear
14 insolvency by the debtor in light of the press of business.
15 I'd be interested at how many anticipatory mass tort Chapter 11
16 cases have been filed.
17         You go through the process, you see if it can work,
18 you see if you win your trials, you see if you change the tide.
19 None of those things worked here because, again, the way it was
20 set up.  You say, well, I'm blaming the district judge.  Well,
21 I am blaming the district judge in the sense that there was a
22 departure from the case management standards that are used in
23 other cases.  I'm not blaming her for the fact that, gee, she
24 tried a lot of things because of the volume.  I mean, it
25 doesn't really make a difference whether you blame her or not.

1 The fact of the matter is that it turns out that with this
2 volume, it was not sustainable following the usual rules of
3 litigation.  That's irreparable harm.  And it doesn't stop.
4           If you have an irreparable harm, an injunction case,
5 it is ongoing.  I mean, there's always the need to step in.
6 And so the fact that you could have done it earlier, I don't
7 understand.  That doesn't really weigh.  How is that -- the
8 delay means that you're not entitled to the equity?  I don't
9 think that there's -- I understand the question, but I don't
10 think that there's an argument there.  And there's a concession
11 of irreparable harm.
12           If you take a look at, go through the additional
13 slides, 7, 8, 9, excuse me, 10, 11, 12.  Right.
14           So 2017, it's been recognized by Congress that -- and
15 I'll tell you, Your Honor, there have been countless meetings
16 sponsored by different organizations to bring judges and
17 practitioners together to talk about MDLs.  What Congress --
18 the House of Representative report says here is well
19 recognized.  Everybody knows that there are too many claims
20 that are being filed in the MDLs and it happened here.  And
21 that's the next slide.  It's a class of statement.
22           This last statement by the MDL judge in the article
23 that she wrote in 2021, "the sheer volume of unsupportable
24 claims in some MDLs can grossly distort the true merit and the
25 size of the litigation."  That is the essence, that is the

1 think that we will be able to save some time.

2 I want to close by just touching on some of the 3 objections so that I cover them now. Maybe I won't have to 4 respond. So I have talked about Aearo is back as an allegedly 5 separate entity. They have never been -- from a liability 6 point of view they have never been treated. Rather than 7 pursuing appellate relief for the perceived injuries we did 8 pursue appellate relief. The problem was that the entry of the 9 final orders on post-trial motions were very prolonged 10 schedule. And that's actually a not unknown device that some 11 of the MDL judges use to maintain the pressure to reach 12 resolution outside of Chapter 11 is to delay the appeals. And 13 that is what happened here.

14 They say, well, there's an absence of the irreparable 15 harm if it's not granted. Well, the judge has actually given 16 the definition of irreparable harm, which is a distorted -- a 17 distorted litigation process that's not working. There's 18 nothing imminent or potentially cataclysmic in the immediate 19 horizon, and I have to say, and maybe this is not appropriate, 20 just kind of get this picture that, well, we're kind of like, 21 you know, Mark Twain picture, rivers rolling by and everything 22 is calm. It's the opposite. We're sitting here up against a 23 wall every day.

24 Okay. The plaintiffs just filed an ex parte motion 25 for a TRO with the MDL court to enjoin 3M or any party acting

124

1 **C E R T I F I C A T I O N**

2   We, KAREN WATSON, TAMMY DeRISI and KELLI R. PHILBURN, 3 court approved transcribers, certify that the foregoing is a 4 correct transcript from the official electronic sound recording 5 of the proceedings in the above-entitled matter, and to the 6 best of our ability.

7

8 /s/ Karen Watson

9 KAREN WATSON

10

11 /s/ Tammy DeRisi

12 TAMMY DeRISI

13

14 /s/ Kelli R. Philburn

15 KELLI R. PHILBURN

16 J&J COURT TRANSCRIBERS, INC.   DATE:  July 29, 2022