IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br> *All Cases* | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**DEFENDANT 3M'S EMERGENCY MOTION
FOR A STAY PENDING APPEAL**

Defendant 3M Company ("**3M**"), pursuant to Fed. R. Civ. P. 62 and Fed. R. App. P. 8(a), respectfully moves this Court, on an emergency basis, for a stay pending appeal of this Court's order [ECF No. 3389] (the "**Order**") granting in part and denying in part *Plaintiff's Emergency Motion for a Preliminary Injunction Against 3M Company* [ECF No. 3358] (the "**Motion**"). In support hereof, 3M respectfully states as follows.[1]

---

[1] 3M was prepared to file this emergency motion shortly after the Court's issuance of the Order. 3M refrained from doing so, however, in light of discussions among the parties regarding a stay of proceedings before this Court. As part of those discussions, 3M was prepared to defer any further filings in this Court over the next seven days—including a notice of appeal or stay motion regarding the Order— provided the Keller Postman firm agreed not to seek enforcement of the Order based on any bankruptcy court filings made during the standstill agreement. Keller Postman nevertheless insisted that it retain the ability to seek enforcement *after* expiration of the stay in connection with Aearo's proposed findings of fact and conclusions of law, which must be filed by Aearo on Monday. Given Keller

## INTRODUCTION

On August 16, 2022, this Court entered an order under the All Writs Act that enjoins 3M from "attempting to relitigate the same issues or related issues precluded by the principles of res judicata and collateral estoppel in bankruptcy court," and from "supporting, directly or indirectly, financially or otherwise, any collateral attack on this Court's orders by any other parties in any other forum, including Aearo." 3M has filed a notice of appeal from that order and respectfully asks this Court for a stay pending the resolution of 3M's appeal of the order.

## FACTUAL BACKGROUND

On July 26, 2022, Aearo Technologies LLC and six of its affiliates not including 3M (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Indiana (the "**Bankruptcy Court**"). The Debtors' chapter 11 cases are pending before the Honorable Chief Judge Jeffrey J. Graham, and are jointly administered under Case No. 22-02890.

On the same date, the Debtors filed a complaint (the "**Complaint**") and supporting motion and memorandum of law, requesting an extension of the automatic stay and a preliminary injunction barring the prosecution of Combat Arms

---

Postman's position, 3M has concluded it must file its notice of appeal and this stay request.

2

Claims against 3M and its non-debtor affiliates, thereby commencing an adversary proceeding (the "**Adversary Proceeding**").  As stated in the Complaint, the Debtors commenced the Adversary Proceeding to preserve assets of their bankruptcy estates in furtherance of the efficient and equitable resolution of Combat Arms Claims against the Debtors through a plan of reorganization.

The next day, Plaintiff filed the *Ex Parte Motion and Incorporated Memorandum to Issue a Temporary Restraining Order to Enjoin 3M from Taking Any Action Outside the MDL to Enjoin Parties from Pursuing CAEv2 Litigation Against 3M* [ECF No. 3332] ("**Plaintiff's TRO Motion**").  Plaintiff's TRO Motion requested, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), that this Court enjoin "3M and any party acting on 3M's behalf, from filing any motion, action, proceeding, brief, or other judicial filing that seeks to enjoin parties from pursuing CAEv2 related claims against 3M in this MDL or in the district courts where MDL cases have been remanded."  Plaintiff's TRO Motion at 8.

On July 28, 2022, this Court denied Plaintiff's TRO Motion [ECF No. 3343] (the "**July 28 Order**"), determining that there was "presently no automatic stay in place as to 3M Company and the . . . decision on whether the automatic stay will apply . . . will not be made until August 18 or later."  July 28 Order at 2.  As a result, the Court concluded that "Plaintiff has failed to show irreparable harm absent a seven-day TRO."  July 28 Order at 2.

3

On August 3, 2022—before the Bankruptcy Court had heard argument or decided whether the automatic stay should be extended to 3M or injunctive relief granted—Plaintiff Valle filed another motion renewing his request for the same relief requested in Plaintiff's TRO Motion—verbatim—on an emergency basis, again under the All Writs Act [ECF No. 3358] ("**Plaintiff's PI Motion**"). The only difference between the relief requested in Plaintiff's TRO Motion, which the Court denied, and the relief requested in Plaintiff's PI Motion is that the latter also requested that 3M be enjoined "from supporting and/or advocating in favor of any other party seeking to enjoin any parties from pursuing CAEv2 related claims against 3M." Plaintiff's PI Motion at 1.

The Court ordered 3M to respond to Valle's motion by August 9, 2022. No schedule was entered with regard to discovery, nor did Plaintiff seek any discovery or proffer any evidence in support of Plaintiff's PI Motion. On August 11, 2022, the Court held a hearing on Plaintiff's PI Motion. No evidence was presented at the hearing.

On August 15, 2022, the Bankruptcy Court held a hearing on the Complaint in the Adversary Proceeding. On August 16, 2022, while the Bankruptcy Court hearing on the Complaint remained ongoing, this Court entered an order granting in part and denying in part Plaintiff's PI Motion [ECF No. 3389] (the "**August 16 Order**"). Among other things, the August 16 Order enjoins 3M from "attempting

to relitigate the same issues or related issues precluded by the principles of res judicata and collateral estoppel in bankruptcy court," and "supporting, directly or indirectly, financially or otherwise, any collateral attack on this Court's orders by any other parties in any other forum, including Aearo." August 16 Order at 7-8. Further, the August 16 Order provides that "[i]f 3M defies this injunction by attempting to relitigate (or supporting relitigation of) these matters in the bankruptcy court, this Court retains jurisdiction to convene contempt proceedings to enforce compliance." *Id.* at 8.

## ARGUMENT

A party seeking a stay pending appeal must meet the "traditional" standard, which balances four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *LabMD, Inc. v. FTC*, 678 F. App'x 816, 819 (11th Cir. 2016); *see also Camarena v. Director*, Case No. 19-13446-DD, 2019 U.S. App. LEXIS 28724, at *5 (11th Cir. Sep. 23, 2019) (granting stay where party was likely to succeed on appeal).

"When the balance of equities weighs heavily in favor of granting the stay," a stay can be "granted upon a lesser showing of a substantial case on the merits."

5

*LabMD, Inc.*, 678 F. App'x at 819.  Accordingly, the Eleventh Circuit Court of Appeals has "'emphasized' that granting a stay that simply maintains the status quo pending appeal 'is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the [stay] would inflict irreparable injury on the movant.'"  *LabMD, Inc.*, 678 F. App'x at 819 (quoting *Ruiz*, 650 F.2d 555 at 565).  While the stay factors largely mirror the factors this Court considered in granting a preliminary injunction, FRAP 8 directs parties to seek a stay pending appeal from the district court in the first instance.

**I.    3M IS LIKELY TO SUCCEED ON THE MERITS OF ITS APPEAL.**

3M is likely to succeed on the merits of its appeal.

The All Writs Act is a narrow, residual source of authority, and "[w]here a statute specifically addresses the particular issues at hand, it is that authority, not the All Writs Act, that is controlling."  *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).  Here, the Bankruptcy Code "specifically addresses" the particular issues at hand—it gives the Bankruptcy Court exclusive jurisdiction, conferred upon it by the District Court under 28 U.S.C. § 1334(e), "of all of the property, wherever located, of the debtor as of the commencement of [the chapter 11] case, and of property of the estate."  *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004).  Congress provided a clear statutory scheme that is intended to preserve the property of a debtor's estate, which supersedes any residual

6

authority afforded to federal courts by the All Writs Act. That explains why relief under the All Writs Act directed to bankruptcy proceedings is all but unheard of.

By broadly preventing 3M from, in the bankruptcy court, attempting to "relitigate" any issue decided by the MDL court or "supporting" Aearo from doing so, the Court's order infringes on that exclusive jurisdiction. For example, it limits the bankruptcy court's authority to decide whether and how prior litigation has preclusive effect. *See Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) ("Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court[.]"). And it threatens Aearo's reorganization—the core purpose of the bankruptcy court's reason for being—because anything Aearo might do that could be construed as "collaterally attacking" prior decisions would be imputed to 3M as "supporting … financially" that decision given the Funding Agreement, under which 3M has contractually agreed to fund the costs of the Aearo's Chapter 11 proceedings.

In addition, by broadly enjoining 3M from "attempting to relitigate the same issues or related issues" and from "supporting, directly or indirectly, financially or otherwise, any collateral attack on this Court's orders," this Court has essentially barred 3M from participating in the Debtors' restructuring. But the Bankruptcy Code gives 3M a right to participate in the Debtors' bankruptcy as a "party in interest" under section 1109 of the Bankruptcy Code. *See In re James Wilson*

7

*Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992) *(*"[A]nyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains.").

The Court's order also implicates grave First Amendment and due process concerns. It operates as a prior restraint that constrains 3M's ability to petition the Bankruptcy Court for relief. The bankruptcy court has its own power to police pleadings before it and punish contempt. It should be able to judge for itself the validity of any arguments raised by 3M or by Aearo with 3M's support without the chilling effect of this Court's order and the threat of contempt from this Court. Furthermore, the All Writs Act is a "drastic remedy" that must be used only "consistent with constitutional guarantees of due process of law and access to the courts." *Comer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Here, the due process problems are twofold: the Court's order prevents 3M from making certain arguments in the bankruptcy court—or "supporting" any other party that does so—and the Court's broad injunction against 3M "supporting" any other party's arguments was not even requested by any party, and thus 3M had no opportunity to respond to that possibility before the Court ordered it.

What is more, the Order violates the automatic stay currently in place as to the Debtors, including Aearo, and puts 3M in an untenable position. Both the Funding Agreement and the Shared Services Agreement are assets of the Debtors'

8

estates under section 541(a) of the Bankruptcy Code. Section 362(a)(3) of the Bankruptcy Code—one of the automatic stay provisions—prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The Order encourages 3M not to perform under the Funding Agreement or Shared Services Agreement, because if Aearo or other debtors sought to "collaterally attack" in the bankruptcy court one of this Court's "orders," 3M could be construed as "supporting" that effort given the Funding Agreement or Shared Services Agreement. 3M's failure to perform under either agreement, however, would unquestionably run afoul of the "plain terms" of section 362(a)(3) given the effect on these two key contracts that are valuable assets of the Debtors' estates. Moreover, 3M's failure to perform under either agreement would unquestionably have an adverse effect on the debtors' ongoing efforts to reorganize, further underscoring the far-reaching consequences of the Court's order on not just 3M but the debtors, in violation of the automatic stay.

## II.   3M WILL BE IRREPARABLY HARMED ABSENT A STAY PENDING APPEAL.

The second factor a court considers in deciding whether to stay an order pending appeal is whether the applicant will be irreparably injured absent a stay. *LabMD, Inc.*, 678 F. App'x at 819. 3M faces imminent and irreparable harm unless a stay is entered. First, as noted above, the August 16 Order deprives 3M of its

9

statutory and constitutional rights to full and unfettered participation in the Debtors' bankruptcy proceedings. The ongoing deprivation of a party of such ability to participate in a bankruptcy case that could affect its rights and obligations unquestionably constitutes irreparable harm. *See In re Rodriguez*, 633 F. App'x 524, 526 (11th Cir. 2015). Moreover, it is well established that "deprivations of constitutional rights," especially First Amendment rights, "are usually held to constitute irreparable injury as a matter of law." *City of S. Miami v. DeSantis*, 561 F. Supp. 3d 1211, 1285 (S.D. Fla. 2021) (quoting *Int'l Ass'n of Firefighters, Loc. 2069 v. City of Sylacauga*, 436 F. Supp. 482, 492 (N.D. Ala. 1977)); *see also Baskin v. Bogan*, 983 F. Supp. 2d 1021, 1028 (S.D. Ind. 2014) (where due process rights are violated, "'no further showing of irreparable injury is necessary'" (quoting *Hodgkins v. Peterson*, No. 1:04-cv-569-JDT-TAB, 2004 WL 1854194, at *5 (S.D. Ind. July 23, 2004))).

Second, the extraordinary breadth of the Court's order, and—with respect—vagueness, which enjoins 3M from "supporting, directly or indirectly, financially or otherwise, any collateral attack on this Court's orders by any other parties in any other forum, including Aearo," creates an extraordinary risk that 3M may be found to violate the order despite its best efforts to comply.

### III. NEITHER PLAINTIFF NOR ANY OTHER INTERESTED PARTY WILL SUFFER SUBSTANTIAL INJURY FROM A STAY PENDING APPEAL.

The third factor a court considers in deciding whether to stay an order pending appeal is whether issuance of the stay will substantially injure the other parties interested in the proceeding. *LabMD, Inc.*, 678 F. App'x at 819. Here, neither Plaintiff nor any other interested party will be substantially injured by this Court's issuance of a stay pending appeal. The only harm alluded to by Plaintiff is a risk that certain pre-trial issues may be re-litigated. As 3M emphasized in its opposition to Plaintiff's PI Motion, the Debtors' bankruptcy case does not afford 3M, the Debtors or any other party an opportunity for a "do-over" in the form of an exception to principles of *res judicata* or collateral estoppel. Even so, the Eleventh Circuit has determined that re-litigation of a claim does not constitute irreparable injury. *NBV Loan Acquisition, LLC v. Lexi Dev. Co.*, No. 19-20188, 2019 U.S. Dist. LEXIS 9139, at *5 (S.D. Fla. Jan. 18, 2019) ("[T]he Eleventh Circuit has found that having to relitigate a case is not irreparable harm.") (citing *In re BellSouth Corp*. 334 F.3d 941, 954 (11th Cir. 2003)). Because Plaintiff will not be substantially injured if this Court grants a stay pending appeal, this factor weighs in favor of granting the relief requested herein.

## IV. A STAY WILL SERVE THE PUBLIC INTEREST.

The fourth and final factor a court considers in deciding whether to stay an order pending appeal is where the public interest lies. *LabMD, Inc.*, 678 F. App'x at 819. Bankruptcy courts serve the public interest by allowing reorganization rather than possible liquidation. *Nelson v. Gen. Elec. Cap. Corp.*, 140 B.R. 814, 817 (Bankr. M.D. Fla. 1992) (". . . this Court is satisfied that the public interest is better served by the Debtor's reorganization rather than by its possible liquidation should this Court refuse to issue an injunction."). Courts reiterate and recognize the "very strong public interest" in reorganization. *Hillsborough Holdings Corp. v. Celotex Corp.*, 123 B.R. 1004, 1016 (Bankr. M.D. Fla. 1990); *see also Bestwall LLC*, 606 B.R. at 257-58 ("Courts have consistently recognized the public interest in a successful reorganization . . . '[P]romoting a successful reorganization is one of the most important public interests.'") (internal citations omitted).

A stay is also in the public interest where a party's constitutional rights are infringed. Courts have held that protecting constitutional rights is among the most important public interests. *See Gayle v. Meade*, No. 20-21553, 2020 U.S. Dist. LEXIS 100960, at *58 (S.D. Fla. June 5, 2020) ("Petitioners face irreparable harm to their constitutional rights . . . 'The balance of equities sharply incline in Plaintiffs' favor. 'It is always in the public interest to prevent the violation of a party's constitutional rights.'") (citation omitted). "Indeed, it is beyond question that the

12

public's interest is served by upholding constitutional rights." *City of South Miami v. DeSantis*, 561 F. Supp. 3d at 1285 (citation omitted).

## CONCLUSION

For the foregoing reasons, 3M respectfully submits that this Court's Order be stayed pending appeal.

Dated:  August 19, 2022    Respectfully submitted,

*/s/ Jessica C. Lauria*
Jessica C. Lauria (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

Raoul G. Cantero
White & Case LLP
200 South Biscayne Blvd. #4900
Miami, Florida 33131
Telephone:  (305) 995-5290
Email:  raoul.cantero@whitecase.com

*Counsel for Defendant 3M Company in Connection with the Restructuring of the Debtors*

Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Moore, Hill & Westmoreland, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola, Florida 32502
Telephone: (850) 434-3541

*Counsel for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 19th day of August 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

/s/ *Jessica C. Lauria*
Jessica C. Lauria (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

*Counsel for Defendant 3M Company in Connection with the Restructuring of the Debtors*