## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: *All Cases* | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO 3M'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

## **INTRODUCTION**

On August 16, 2022, this Court exercised its authority under the All Writs Act to enjoin 3M from attempting to relitigate the decisions of this Court in collateral proceedings (the "Injunction").   In opposing the Injunction, counsel for 3M represented to this Court that 3M did not intend to relitigate this Court's decisions as part of the bankruptcy proceedings commenced by Aearo (the "Bankruptcy"). Now, less than two weeks later, 3M seeks an emergency stay on the ground that it is *impossible* for 3M to participate in the Aearo Bankruptcy without relitigating this Court's decisions.  3M is wrong as a conceptual matter.  It is entirely possible for a non-debtor in 3M's position to participate in bankruptcy proceedings while respecting the decisions of an MDL court such as this one.  But 3M's duplicity confirms why the Court was correct to issue the Injunction.

3M's motion fails to justify emergency relief for multiple independent reasons.  First, 3M flouted this Court's local rules by failing to meet and confer before filing its Motion as required by Rule 7.1.  This failure is especially acute since 3M's purported irreparable harm is the threat of a motion to enforce that it fears undersigned counsel *might* file at some point.

Second, as just noted, 3M's request for equitable relief should be denied because the Motion contradicts what it told this Court in opposing the Injunction, leaving 3M with unclean hands.

1

Third, 3M's motion does not establish irreparable harm.  3M's motion fails to specify any action that it wishes to pursue but cannot undertake due to the Court's Injunction.  This failure is a sufficient basis to deny the motion. However, particularly given the lack of candor by 3M's counsel to date, the Court may wish to hold an evidentiary hearing at which a corporate representative of 3M can testify under oath as to the actions 3M intends to take but for the Injunction.

Fourth, 3M certainly will not persuade the Eleventh Circuit that this Court's Injunction should be reversed.  Appellate review will be under a deferential abuse of discretion standard, and 3M conceded that this Court had the authority to issue the Injunction.  3M can therefore prevail only by showing that this Court abused its discretion in balancing the equities.  3M cannot satisfy that standard, not only because this Court's Injunction is proper, but also because 3M took the position previously that the Injunction would not impact 3M at all.

Fifth, the public interest would not be served by attempts to relitigate long-settled orders and allowing a party to dissemble before a federal court.

## **BACKGROUND**

This Court's Injunction was issued in response to an emergency motion for a preliminary injunction filed by Richard Valle on August 3, 2022.  Dkt. 3358.  Mr. Valle's motion argued this Court should exercise its authority under the All Writs Act to enjoin 3M from relitigating in the Aearo bankruptcy the many issues

that "the Court and the parties have tirelessly litigated" and resolved. *Id.* at 12.

In arguing that the Court should not issue Mr. Valle's requested Injunction, 3M repeatedly represented to this Court that it did not intend to relitigate in the Aearo Bankruptcy issues already decided by this Court. 3M's brief in opposition stated: "The premise that 3M will 'relitigate' legal and factual issues that have already been decided by this Court is incorrect." Dkt. 3370 at 25. 3M further assured the Court that "the commencement of a bankruptcy case does not afford 3M, the Debtors or any other party an opportunity for a 'do-over,' in the form of an exception to principles of *res judicata **or otherwise*.**" *Id.* (emphasis added).

Mr. Valle's reply brief expressed incredulity at 3M's claim that it would not relitigate in the Aearo Bankruptcy issues decided by this Court. Dkt. 3378 at 8 ("There is no ambiguity. 3M will seek to compress the value of the Plaintiffs' claims by attempting to convince the Bankruptcy Court that this Court flouted basic science, gutted meritorious defenses, and admitted inadmissible evidence."). But during argument on Mr. Valle's motion, 3M doubled down on its claim that its participation in the Aearo Bankruptcy would not involve an attempt to relitigate this Court's decisions. 3M assured this Court: "There's nothing in the record or before Your Honor that would suggest that those courts are going to disregard what happened in front of this Court in reaching an aggregate estimation of liability …." Ex. A (Aug. 11, 2022 H'g Tr.) at 33:6-10. Not only would no court disregard this Court's rulings,

3M would not either, or so 3M told this Court:

> THE COURT: The concern, though, is that your client is going to go into that process and ask the courts to do that, to disregard this Court's lawfully entered orders, whether you agree with them or not.

> MS. LAURIA: As we said in our papers, Your Honor, *that is certainly not our intent*.

*Id.* at 33:11-16 (emphasis added).   Upon continued pressing, 3M's counsel reiterated: "I'll represent again 3M is not—we understand principles of res judicata and collateral estoppel." *Id.* at 34:12-13.

Having committed that it did not intend to relitigate issues in the bankruptcy court, 3M declined to identify any concrete harm that would arise from the issuance of an Injunction, resting instead on the claim that Mr. Valle simply had not met his burden:

> THE COURT: What's the problem with an injunction? If it's not your intent, then what's the harm of an injunction?

> MS. LAURIA: Well, the injunction, as Mr. Keller said, is an extraordinary remedy in this case.  So if there's no basis of harm, there's no basis --

> THE COURT: A lot is extraordinary in this case.

> MS. LAURIA: That's a fair point, Your Honor.

Ex. A, (Aug. 11, 2022 H'g Tr.) at 33:17-23.

On August 16, this Court issued an Injunction under the All Writs Act, with which the Court is of course familiar.

4

## **ARGUMENT**

The Court should deny 3M's Motion because it violated the Local Rules. Beyond that flaw, 3M fails to demonstrate irreparable harm, approaches this Court with unclean hands, fails to show any likelihood of success on the merits, and cannot show that a stay would further the public interest.

**I.     3M's motion should be denied because it failed to comply with the Local Rules.**

The Motion should be denied at the outset because 3M failed to comply with Local Rules 7.1(B) and (C).  Those Rules "are not suggestions, nor do they exist without reason," and this district does "not tolerate a lackadaisical attitude towards these rules."  *Lawson v. Fla. Dep't of Corr.*, No. 4:18CV437, 2019 WL 13199691, at *2 (N.D. Fla. Sept. 3, 2019).

Local Rules 7(B)-(C) set forth requirements on meeting and conferring.

> (B) Attorney Conference Required. Before filing a motion raising an issue, an attorney for the moving party **must** attempt in good faith to resolve the issue through a meaningful conference with an attorney for the adverse party. The adverse party's attorney must participate in the conference in good faith….
>
> (C) Certificate Required. A motion or supporting memorandum must include a certificate—under a separate heading—confirming that the moving party complied with the attorney-conference requirement of Local Rule 7.1(B) and setting out the results.

N.D. Fla. Loc. R. 7.1(B)-(C) (emphasis added).  3M's Motion does not include a

5

certificate confirming compliance with Local Rule 7.1(B).  The certificate is missing because 3M did not meet or confer with Mr. Valle's counsel about the relief requested in the Motion.  This failure violated Local Rule 7(B).  The Court need not excuse this failure.  *See Raje v. Nanotherapeutics, Inc.*, No. 1:17CV212, 2018 WL 3090392, at *1 (N.D. Fla. Feb. 21, 2018) ("News flash.  The rules apply to [3M's] counsel and this Court expects strict compliance.").

The failure to meet and confer, and the failure to include the mandated certification, are reason enough to deny the Motion, as this Court has done time and again.[1]   3M's failure is particularly problematic, since 3M apparently filed the motion based on presumptions about what "the Keller Postman firm" might do,

---

[1] *E.g.*, *Rowland v. Bozarth*, No. 3:21-cv-690, 2021 WL 7083310, at *2 (N.D. Fla. Oct. 7, 2021) (addressing Rule 7.1, the "motion does not meet the requirements of this Court's local rules. Thus, it shall be denied"); *Blue v. Equifax Info. Servs., LLC*, No. 3:14-cv-49, 2014 WL 12324281, at *1 (N.D. Fla. Oct. 30, 2014) ("[T]he motion to compel will be denied … due to Blue's failure to comply with  … N.D. Fla. Loc. R. 7.1(B). … This is not acceptable."); *Hinson v. Titan Ins. Co.*, No. 3:13-cv-394, 2014 WL 11511677, at *1–2 (N.D. Fla. Apr. 2, 2014) (the motion was "denied," for failure to comply with "Local Rule 7.1(B)"); *Roof Drs., LLC v. Metro. Cas. Ins. Co.*, No. 5:19-cv-264, 2019 WL 10888191, at *2 (N.D. Fla. Dec. 9, 2019) ("Because [] counsel has failed to confer meaningfully, the motion to compel must be denied without prejudice."); *Ink-Trax Inc. v. Indian Harbor Ins. Co.*, No. 5:19-cv-177, 2020 WL 5997642, at *1 (N.D. Fla. Jan. 14, 2020) (denying motion due to failure to confer under "N.D. Fla. Loc. R. 7.1(B)"); *H2Ocean, Inc. v. Schmitt*, No. 305-cv-387, 2006 WL 3837411, at *5 (N.D. Fla. Dec. 22, 2006) ("Because Plaintiff's motion to compel does not meet the requirements of ... Local Rule 7.1(B), it shall be denied."); *In re Moulton*, No. 19-30103-KKS, 2020 WL 8921387, at *2 (Bankr. N.D. Fla. Nov. 9, 2020) ("Defendant does not allege any attempt to confer before filing the Motion. For this reason, the Motion must be denied.").

Motion at 1, n.1, but did not *actually meet and confer* with counsel regarding the Motion.  As this response explains below, 3M is simply mistaken in identifying any irreparable harm.  And that conclusion would have been clear had it complied with the Local Rules, obviating this Court's need to resolve anything.

3M may answer that meeting and conferring would have been futile, but, as the Southern District has explained for their analogous rules, "Local Rule 7.1 does not contain a futility exception." *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 4818924, at *4 (S.D. Fla. Aug. 19, 2020) (citing *Temurian v. Piccolo*, 2019 WL 2491781, at *1 (S.D. Fla. June 14, 2019) ("Plaintiffs concede that they failed to confer prior to filing the Motion, but contend that their failure was based upon a good faith belief that it was not required because it would have been futile ... [but] the Local Rules do not contain a 'good faith' exception.")).  Undersigned counsel participated in a 7-email exchange with counsel for 3M regarding other matters mere hours before 3M's filing. Ex. B, Aug. 19, 2022 Email Correspondence Between Counsel.  Counsel for 3M easily could have conferred on this Motion as well; they simply made a tactical decision not to.

3M may also claim that their "emergency" Motion is exempt from the requirement to meet and confer, but that is not so.  The Local Rules specifically delineate exceptions:

> (D) Exceptions: Attorney Conference and Certificate Not Required. An attorney conference and certificate are not

required for a motion that would determine the outcome of a case or a claim, for a motion for leave to proceed in forma pauperis, or for a motion that properly may be submitted ex parte.

N.D. Fla. Loc. R. 7.1(D). The Motion is none of these. Local Rule 7.1 applied. 3M failed to comply, and in so doing complicated the proceeding for this Court. The Motion may be denied on that basis.

## II.   3M's Motion should be denied because its Motion confirms its unclean hands.

To avail itself of the extraordinary equitable remedy of a stay, 3M must behave equitably. "He who comes into equity must come with clean hands." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 241 (1933)).

3M's motion confirms that it has not been candid with this Court. 3M repeatedly represented to this Court that it did not have any intent to relitigate *any* issue in the bankruptcy court. Dkt. 3370 at 25 ("The premise that 3M will 'relitigate' legal and factual issues that have already been decided by this Court is incorrect."); Ex. A (Aug. 11, 2022 H'g Tr.) at 33:11-16 ("As we said in our papers, Your Honor, [asking other courts to disregard this Court's orders] *is certainly not our intent*.") (emphasis added).

Remarkably, the Motion now claims that by "enjoining 3M from 'attempting to relitigate the same issues or related issues' … this Court has *essentially barred*

*3M from participating in the Debtors' restructuring*." Motion at 7 (emphasis added).
On one level, this position is hardly surprising. Plaintiff's position has always been
that 3M orchestrated the Aearo Bankruptcy *precisely* to relitigate issues 3M has lost
in this Court. Plaintiff therefore does not doubt that the Court's Injunction properly
bars 3M from carrying out its duplicitous plan. But 3M has repeatedly told this
Court that there was some other purpose for the bankruptcy, which would allow 3M
to fully participate in the Bankruptcy without relitigating this Court's orders. The
Injunction matters if, but only if, 3M was dissembling to this Court, and *always*
planned to relitigate this Court's orders to the point that, but for that ability, it would
have nothing left to say in the bankruptcy. 3M's Motion suggests that is the case.

3M approaches this Court demanding extraordinary equitable relief with
unclean hands. The basis of its claim for irreparable harm is its intention to relitigate
this Court's orders—the very intent it disclaimed repeatedly before this Court. That
inequitable action provides ample reason, independently, to deny the Motion.

## III.   3M has not identified any concrete irreparable harm justifying an emergency stay.

3M presents no reason for needing an emergency stay. It waited several days
(until the end of the week) to file anything, seemingly suffering no ill effects in the
interim. During that time, the only argument it devised was the vague claim that
"deprivation of a party of such ability to participate in a bankruptcy case that could
affect its rights and obligations unquestionably constitutes irreparable harm[.]"

Motion at 10.  This argument rests on supposed "First Amendment rights." *Id.*  But *every* All Writs Act injunction restricts conduct that, but for improperly threatening a court's jurisdiction, would be protected by the First Amendment.  If 3M's position were correct, then virtually every All Writs Act injunction would be a First Amendment violation and justify an emergency stay.  That is of course not so.  3M cites no legal authority for the proposition that the First Amendment guarantees a right to relitigate one court's orders in a second court free from an All Writs Act injunction—and that misconduct obviously is not protected by the Constitution.  Just as the exclusion of expert reports under *Daubert*, orders *in limine*, and numerous other rules protecting the integrity of the judicial process are permissible under the First Amendment, so too is a properly issued injunction under the All Writs Act.  *See Dinardo v. Palm Beach Cnty. Circuit Court Judge*, 199 Fed.Appx. 731, 736-37, 2006 WL 1995721, at *5 (11th Cir. 2006) ("district courts generally have considerable discretion" in issuing All Writs Act injunctions provided a litigant is "not completely foreclosed from any access to the courts") (citations and quotations omitted).

Stripped of its meritless invocations of the First Amendment, 3M's Motion identifies no concrete action it has been unable to take in the last few days and no arguments it seeks to make in the near future (but cannot pursue due to the Injunction).  It does not actually explain what action—of any sort—it wishes to take

that the Injunction bars, much less that such an action is needed in the near future, and that failing to take that action would produce irreparable harm. One could of course speculate. Perhaps 3M wants to argue in the bankruptcy court, at some unspecified time, that this Court's bellwether process was fatally flawed, and so the bellwethers are not a proper basis to estimate the value of the claims against 3M. Or perhaps 3M would like to argue that this Court has failed to engage in appropriate case management procedures, which tainted the proceedings and should cause the bankruptcy court to put no weight on the Court's legal rulings. But 3M has not disclosed such plans, at least not in this Court, and naked speculation is no basis for an emergency stay.

This Court would be well justified in denying 3M's Motion on the ground that 3M has not identified any concrete action it plans to take that is barred by the Injunction. However, Mr. Valle understands that 3M's motion was hurriedly filed. Accordingly, if the Court is amenable, Mr. Valle would not oppose an evidentiary hearing at which the Court may investigate what actions 3M intends to take in the coming weeks that would be barred by the Injunction, and why 3M's inability to do so would injure 3M. 3M has put these questions at issue through its Motion. Moreover, while representations to the Court by counsel on behalf of a party may establish a sufficient record for a stay in some circumstances, 3M's recent

dissembling before this Court leaves ample basis to insist on testimony under oath.[2] Mr. Valle submits that it would be appropriate to hold off on a decision on the pending motion until an evidentiary hearing can be conducted on these issues.

## IV.    3M has no chance of success on the merits of its appeal

The Eleventh Circuit will review this Court's Injunction for abuse of discretion. *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1270 (11th Cir. 2020) ("We review the grant of a preliminary injunction for abuse of discretion, reviewing any underlying legal conclusions *de novo* and any findings of fact for clear error.") (citations omitted).

That standard will be highly deferential in light of the extensive factual familiarity this Court has and 3M's concession that this Court had the authority to enter the Injunction.   When counsel for 3M began her presentation at the hearing on Mr. Valle's motion, the Court asked counsel to clarify whether 3M's position was "that you don't believe I have the authority under the All Writs Act or you don't think I should exercise it?  What is your position?"  Ex. A (Aug. 11, 2022 H'g Tr.)

---

[2] Undersigned Counsel do not have a sufficient basis to identify *which* counsel for 3M is responsible for the duplicity reflected in 3M's representations to this Court. Counsel is cognizant that, in conjunction with the Aearo Bankruptcy, 3M brought in new attorneys to represent it in this Court, and those attorneys may have been instructed to make certain representations without being privy to 3M's overall plan. But this uncertainty is more reason for the Court to insist on evidence being presented under oath, as doing so may help explain how a corporate party repeatedly made representations to the Court that now appear not to have been truthful.

16:15-19.  Counsel for 3M responded that "Your Honor, I don't think you should exercise it" and did not maintain that this Court lacked authority.  *Id.*  Given this concession, 3M cannot argue before the Eleventh Circuit that this Court committed legal error in granting the Injunction, which would be subject to *de novo* review.  Instead, 3M can win on appeal only by convincing the Eleventh Circuit to second-guess this Court's determination, based on an extensive factual record, that the equities tip in favor of an Injunction.

3M cannot possibly show that this Court abused its discretion in balancing the equities when 3M's position before this Court was that it would suffer no harm as a result of an injunction.[3]

---

[3] Perhaps trying to avoid its prior concessions, 3M accuses the Court of granting broader relief than Mr. Valle requested or 3M could anticipate.  Motion at 8 (asserting that "the Court's broad injunction against 3M 'supporting' any other party's arguments was not even requested by any party, and thus 3M had no opportunity to respond to that possibility before the Court ordered it.").  This Court is fully entitled to structure the scope of injunctive relief as needed to protect its own jurisdiction, even where not requested by a party.  Moreover, 3M's claim falls flat given that 3M's counsel raised and addressed even broader potential relief and the scope of the Court's potential injunction during argument on Mr. Valle's motion.  *See* Ex. A, (Aug. 11, 2022 H'g Tr.) at 18:11-18 ("If you dissect what he's saying on the record, I describe what Mr. Keller is doing as basically a disguised *Clay* motion. . . . he's seeking a stay of any party's ability to re-litigate the issue.").  3M's counsel was clearly aware of the possibility that the Court could issue the relief it did, and had ample opportunity to address the scope of the Court's Injunction.

V.    **Plaintiffs and the public will suffer substantially if the stay were granted.**

All 3M says on the harm to Plaintiffs or the public is that bankruptcy reorganization and constitutional rights, in the abstract, are in the public interest. But that is not the question.  The question is whether allowing a party to *relitigate long-settled rulings* is in the public interest, and the question answers itself.  There is no constitutional right to *that*, and no benefit to the public in allowing reorganizations to be predicated on questioning court orders.  In fact, the public interest is firmly on the side of treating court orders as legitimate and final (unless overturned on appeal).  To the extent 3M is able to freely undermine this Court's rulings during the pendency of its appeal, *that* would gravely harm Plaintiffs, who participated in good faith in litigation for more than three years and have racked up both victories and defeats that they are treating as settled.

## <u>CONCLUSION</u>

The Motion should be denied.

Dated: August 22, 2022

Respectfully submitted,

/s/ Ashley C. Keller

Ashley C. Keller (Bar #1029118)
ack@kellerpostman.com
Nicole C. Berg (Pro Hac Vice)
ncb@kellerpostman.com
Ashley Barriere (Pro Hac Vice)
ashley.barriere@kellerpostman.com
Frank G. Dylewski
frank.dylewski@kellerpostman.com
Amanda Hunt (Pro Hac Vice)
amanda.hunt@kellerpostman.com
KELLER POSTMAN LLC
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502

Warren Postman (Pro Hac Vice
forthcoming)
wdp@kellerpostman.com
KELLER POSTMAN LLC
1100 Vermont Avenue, NW 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1870
Facsimile: (312) 971-3502

*Counsel for Plaintiff Richard Valle*

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULES 7.1(F) AND 56.1(E)

I hereby certify that this motion complies with the word limit of Local Rules

7.1(F) and 56.1(E) and contains 3,648 words.

*/s/ Ashley C. Keller*
Ashley C. Keller

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, I caused a copy of the foregoing to

be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Ashley C. Keller*
Ashley C. Keller