UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

This matter is before the Court on 3M Company's Emergency Motion for a Stay Pending Appeal, ECF No. 3395, which Plaintiff Richard Valle opposes. ECF No. 3401. The motion seeks to stay the enforcement of the Court's recently entered All Writs Act injunction. ECF No. 3395. On careful consideration, the Court will grant the motion to stay as to a portion of the injunction but deny the motion to the extent it requests a stay of the injunction in its entirety.

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights." The rule simply "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo" pending appeal. 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2904 (3d ed. 2022) (citing *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998 (5th

Cir. 1969)). However, courts cannot use this inherent power to substantially alter the original injunction while an appeal is pending because doing so would divest the appeals court's jurisdiction over the issue. *See Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819–20 (5th Cir. 1989) (collecting cases) ("[W]e are persuaded that the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo" and should not "divest the court of appeals from jurisdiction . . . .").

On August 16th, 2022, the Court issued an All Writs Act injunction preventing 3M from "attempting to relitigate the same or related issues precluded by the principles of res judicata and collateral estoppel" and from "supporting, directly or indirectly, financially or otherwise, any collateral attack on this Court's orders by any other parties in any other forum, including Aearo." *In re 3M Combat Arms Prods. Liab. Litig.*, Case No. 3:19md2885, ECF No. 3389 at 8 (N.D. Fla. Aug. 16, 2022). Understanding that the automatic bankruptcy stay was, and still is, in place as to Aearo, the Court's intent was not to impact Aearo or interfere with its ability to act in bankruptcy court; the sole purpose of the injunction was to prohibit *3M Company* from collaterally attacking the Court's orders in another jurisdiction. Notwithstanding, it appears that one part of the Court's injunction; i.e. prohibiting 3M Company from "supporting, directly, or indirectly, financially or otherwise, a collateral attack on this Court's orders by any other parties in any other forum,

including Aearo" may in fact interfere with Aearo's ability to act in the bankruptcy court in light of the funding agreement between 3M and Aearo. *See* ECF No. 3395 at 9–10. Accordingly, the Court will grant 3M's request for a limited stay as to this specific provision.

This does not resolve 3M's motion, however, because 3M seeks a stay of the injunction in its entirety pending appeal. *See* ECF No. 3395.

An injunction is not stayed pending appeal "[u]nless the court orders otherwise." Fed. R. Civ. P. 62(c). Thus, granting a stay is within the discretion of the district court. 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2904 (3d ed. 2022) (explaining that "[a]n application under Rule 62(c) . . . necessarily goes to the discretion of the court"). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). In particular, the moving party must show that (1) there is a substantial likelihood of success on the merits, (2) the party "will be irreparably injured absent the stay," (3) the stay will not "substantially injure the other parties interested in the proceeding," and (4) the stay promotes the "public interest." *See id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

3M argues that it "faces imminent and irreparable harm" absent a stay because the Court's entire injunction "essentially bar[s] 3M from participating" as an

interested party in Aearo's bankruptcy proceedings. *See* ECF No. 3395 at 7, 9–10. 3M's broad assertion fails to reference a single action 3M or Aearo is prohibited from taking based on the Court's injunction. 3M offers no explanation of how 3M (a nondebtor) is prohibited by the injunction from "participating" in the bankruptcy proceedings, and there is certainly no showing of imminent harm, especially given the Court's decision to stay the only provision of the injunction that arguably impacts the bankruptcy proceeding. *See* ECF No. 3395 at 7.

Furthermore, it is nonsensical to argue—as 3M has—that a stay of the Court's injunction promotes the public interest when the Court issued the injunction for the very purpose of promoting the public interest. *See* ECF No. 3395 at 12. Clearly, the Court's injunction promotes the public interest by preserving the finality of the Court's orders and judgments in the MDL, conserving scarce judicial resources that have been exhaustively extended during the prior three and half years of litigation in the MDL. *See, e.g., B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 148 (2015) ("The idea [of issue preclusion] is straightforward: Once a court has decided an issue, it is forever settled . . . between the parties, thereby protecting against the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts.") (internal alterations and citations omitted). Granting 3M the stay it requests would completely undermine the basis of the injunction in the first

instance and give 3M carte blanche to do the very thing the injunction is designed to prevent while the case is on appeal.[1]

Accordingly, 3M's motion, ECF No. 3395, is **GRANTED IN PART** and **DENIED IN PART**.[2]

**DONE AND ORDERED** this 25th day of August 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] This is quite different from granting a stay of the imposition of sanctions in connection with the violation of an injunction or court order, which is routinely done pending appeal.

[2] 3M's motion could have been denied without prejudice on an independent procedural basis, namely 3M's failure to comply with the mandatory counsel certification requirement in the Local Rules for Northern District of Florida, *see* N.D. Fla. Loc. R. 7.1(B)-(C).  3M offered no explanation for its failure to comply with this requirement when filing its motion. Failure to comply with these rules may result in a dismissal of the motion without prejudice to refile the motion once the party complies with the local rule. *See* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule . . ., the Court may strike a pleading, dismiss a claim, enter a default on a claim," or "take other appropriate action."). While 3M's failure to abide by the Local Rules would constitute a basis for denying relief, the Court finds it more appropriate under the circumstances to address the motion on the merits.