UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

During the many significant developments in this litigation over the past month, a clear and consistent theme has emerged—both sides are now highly motivated and committed to developing an "efficient, equitable, and expeditious resolution" to the MDL and related state court cases. *See, e.g.*, *In re Aearo Tech. LLC*, No. 22-02890-JJG-11, Aearo Informational Brief, ECF No. 12 at 56; *id.*, Plaintiffs' Response to Aearo's Informational Brief, ECF No. 336 at 6.[1] This Court stands ready and committed to assist the parties in that endeavor. Indeed, the time could not be riper. The bankruptcy court has denied Aearo's motion for a preliminary injunction staying continued litigation in the MDL against 3M

---

[1] Press Release, 3M Company, 3M Subsidiary Aearo Technologies to Efficiently and Equitably Resolve Litigation Related to Combat Arms Earplugs (July 26, 2022) (announcing 3M Company's desire to "efficiently and equitably resolve all [CAEv2] claims determined to be entitled to compensation"), available at https://investors.3m.com/news/news-details/2022/3M-Subsidiary-Aearo-Technologies-Takes-Action-to-Efficiently-and-Equitably-Resolve-Litigation-Related-to-Combat-Arms-Earplugs/default.aspx; *In re 3M*, 3:19md2885, Defendants' Motion for Case Management Order, ECF No. 3205 at 3, 11-12 (indicating interest in "just and efficient resolution" of this MDL).

Company.² *See In re Aearo Tech., LLC*, No. 22-50059-JJG-11, ECF No. 143. Multiple appeals are pending in the Eleventh Circuit, although they are currently stayed due to Aearo's bankruptcy filing. Wave litigation activities have resumed, with one case set for trial in this district in October 2022 and other cases to be remanded to their transferor courts for trial in the coming weeks and months. And there remains an inventory of more than 220,000 plaintiffs whose claims will need to be resolved, whether by adjudication on the merits, settlement, or otherwise. Forging a mutually agreeable solution to the complexities presented by the inventory may not be easy and will not happen overnight. However, the Court is encouraged by the parties' renewed commitment to that endeavor and has no doubt that the extraordinarily talented and experienced counsel on both sides can and will be successful.

Following in the footsteps of prior successful resolutions of mass tort proceedings in the MDL context, this Court looks forward to working with both sides to "develop[] a framework to assess, resolve, and provide fair compensation for" CAEv2 claims. *See In re Aearo Tech, LLC*, No. 22-02890-JJG-11, Aearo Informational Brief, ECF No. 12 at 5. This is in everyone's best interests. To that

---

² A request for certification for direct appeal to the Seventh Circuit has been filed in the bankruptcy court. *See In re Aearo Tech., LLC*, No. 22-50059-JJG-11, ECF No. 146. This Court uses "Aearo" to refer to the following MDL defendants who are debtors in a bankruptcy proceeding in the Southern District of Indiana: Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, Aearo Technologies LLC, and 3M Occupational Safety LLC.

end, Special Master Randi S. Ellis will conduct a multi-day mediation between 3M Company and Plaintiffs within the next 30 days.  3M Company and Plaintiffs must attend the mediation (and any other sessions set by Special Master Ellis), meet and confer with each other and Special Master Ellis to discuss settlement, and negotiate in good faith.  Additional meetings may be directed at the discretion of Special Master Ellis, either in person or via video conference, telephone, or other means.  The parties must equally share in the expense of the special master and must pay invoices promptly when received.  Each side must be represented at the mediation by counsel who are authorized to negotiate settlement on their behalf and to commit to next steps in the development of a resolution framework.  Because the lines regarding representation on the defense side have become blurred in connection with the Aearo bankruptcy, the Court needs to be informed of precisely which counsel will be representing 3M Company (as distinct from the Aearo defendants) at the mediation.  Additionally, a corporate representative for 3M with full settlement authority (i.e., without having to obtain further approval during the mediation), subject to Board approval, must attend in person.  Within five calendar days, the parties must advise the Court of who will be present at the mediation on their behalf.  In the meantime, Special Master Ellis will contact the parties regarding scheduling.  Thereafter, a formal mediation order will be entered setting forth the date, time, and confidentiality parameters for the mediation.

The Aearo defendants are invited both to participate in the mediation and to include a mediator of their choosing to collaborate with Special Master Ellis, so long as the bankruptcy court approves of the Aearo defendants' participation in the mediation. If the Aearo defendants choose to participate in the mediation, a corporate representative with full settlement authority should be present and the Court will need to be advised of which counsel will be representing them (as distinct from 3M Company).

**SO ORDERED**, on this 30th day of August, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**