UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to All Wave 2 Plaintiffs | ) Magistrate Judge Gary R. Jones ) ) ) |

**DEFENDANT 3M CO.'S REPLY IN SUPPORT OF MOTION TO COMPEL WAVE PLAINTIFFS' DATA AND ELECTRONICALLY STORED INFORMATION RESPONSIVE TO REQUEST FOR PRODUCTION NUMBER 10**

While Defendant 3M Co.[1] disagrees with the substantive arguments in Plaintiffs' Response (ECF No. 3304), Defendant files this reply to address only

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Reply due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. The Bankruptcy Court denied 3M's Motion for Declaratory and Injunctive Relief on August 26, 2022. ECF No. 143, Case No. 22-02890, Adv. Proc. No. 22-50059 (Bankr. S.D. Ind. Aug. 26, 2022). On August 29, 2022, 3M moved to certify the Bankruptcy Court's August 26 Order for direct appeal in the Seventh Circuit Court of Appeals. ECF No. 146, Case No. 22-02890, Adv. Proc. No. 22-50059 (Bankr. S.D. Ind. Aug. 26, 2022). 3M thus reserves all rights with respect to the Motion for Declaratory and Injunctive Relief (Adv. Proc. No. 22-50059, ECF No. 2) and any appeal of the Bankruptcy Court's August 26 Order.

1

Plaintiffs' incorrect assertions regarding Defendant's meet-and-confer efforts and obligations. *See* ECF No. 3314 (granting leave to file reply on this issue).

Contrary to Plaintiffs' contention, Defendant's counsel appropriately disputed Plaintiffs' objections to Request for Production ("RFP") No. 10 and conferred with multiple Plaintiffs' firms—including Plaintiffs' leadership—regarding Plaintiffs' objections. Defendant served Requests for Production on Wave 2 Plaintiffs on March 3, 2022. As Plaintiffs' responses and objections were received, meet and confer efforts commenced by phone and email. During these conferences, counsel specifically discussed RFP No. 10. Defendant's counsel instructed Plaintiffs' counsel regarding how Plaintiffs could access and capture the requested Hearing Health Data and sent Plaintiffs' counsel the Consilio Hearing Health Data Navigation & Capture Guide (ECF No. 3265-2). By May 27, 2022, Defendant's counsel had met and conferred with more than 100 Wave 2 Plaintiffs' counsel— including Plaintiffs' leadership— and had sent dozens of other emails to counsel for the majority of other Wave 2 Plaintiffs regarding Plaintiffs' RFP No. 10 objections.

Plaintiffs remarkably contend that Defendant refused to conduct pre-motion conferences" (Pl.'s Resp. at 20). This is not true. When it became clear—through meet-and-confer conferences held—that nearly every Plaintiff intended to stand on essentially the same objections to RFP No. 10 and refused to conduct a reasonable investigation for responsive information, Defendant's counsel and Plaintiffs'

2

leadership, in consultation with Special Master Theis, agreed that individualized conferences were unnecessary and inefficient in light of the Plaintiffs' uniform objections to RFP No. 10.

Pursuant to this agreement, on May 27, 2022, Defendant's counsel sent the Special Master and Plaintiffs' leadership a list of the firms with which Defendant's counsel had telephonic meet and confers:

> Adriane,
>
> Per your request, here is a list of the Wave 2 Plaintiffs' firms with whom we had telephonic meet and confers regarding RFP 10:
>
> | Plaintiff's Firm |
> |---|
> | Aylstock, Witkin, Kreis & Overholtz, PLLC |
> | Douglas & London |
> | Keller Lenkner |
> | Morgan & Morgan |
> | The Carlson Law Firm |
> | Mostyn |
> | Shunnarah Vail Trial Attorneys, P.C. |
> | Smith Gildea & Schmidt |
>
> Jennifer, I believe that you were going to send us an order or a transcript that you thought was relevant to RFP 10. I know you are busy with expert work, but we would appreciate it if you could forward that to us before our call this morning so that we may consider it.
>
> Best,
>
> Christopher D. Morris
> Butler Snow LLP

Ex. 1, May 27 Email. The eight listed firms include Plaintiffs' leadership and represented more than 100 Wave 2 Plaintiffs.[2] Thus, Plaintiffs' assertions that

---

[2] As of May 27, 2022, Aylstock, Witkin, Kreis & Overholtz, PLLC represented 36 Wave 2 Plaintiffs; Douglas & London represented 13 Wave 2 Plaintiffs; Keller Lenkner represented 26 Wave 2 Plaintiffs; Morgan & Morgan represented 3 Wave 2 Plaintiffs; The Carlson Law Firm represented 2 Wave 2 Plaintiffs; Mostyn represented 19 Wave 2 Plaintiffs; Shunnarah Vail Trial Attorneys, P.C. represented 1 Wave 2 Plaintiff; and Smith Gildea & Schmidt represented 1 Wave 2 Plaintiff.

65599746.v1

Defendant "confer[red] on RFP 10 with individual counsel in only one of the hundreds of Wave 2 cases" (Pl.'s Resp. at 6); "elected to negotiate [regarding RFP No. 10] with counsel other than the Plaintiffs' Leadership firms who had been involved in RFP 10 discussions" (*id.*); "declined to identify to Plaintiffs' leadership the cases in which Defendants purport to have conducted a meet-and-confer in advance of this motion" (*id.* at 6 n.6); and that "none of the Plaintiffs' Leadership firms involved in prior discussions of Request for Production #10 received" meet-and-confer correspondence (*id.* at 6 n.4 (emphasis omitted)) are false.

To be clear, had Plaintiffs' leadership not agreed to forego individualized meet and confers, Defendant's counsel would have continued conferring with each objecting Wave 2 Plaintiff's law firm on this issue. But that is not what happened—Plaintiffs' leadership agreed that such efforts were unnecessary, and their representation to the contrary should be rejected outright.

DATED: September 1, 2022        */s/ Kari L. Sutherland*
                                         Kari L. Sutherland
                                         BUTLER SNOW LLP
                                         1200 Jefferson Ave., Suite 205
                                         Oxford, Mississippi 38655
                                         Telephone: (662) 513-8002
                                         kari.sutherland@butlersnow.com

                                         Kimberly Branscome
                                         DECHERT LLP
                                         633 W. 5th St., Suite 4900
                                         Los Angeles, CA 90071

Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendant 3M Company*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant certifies that this memorandum contains 767 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: September 1, 2022          */s/ Kari L. Sutherland*
                                  Kari L. Sutherland

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 1, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: September 1, 2022          */s/ Kari L. Sutherland*
                                  Kari L. Sutherland

65599746.v1