UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19-md-2885 ) ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Gary R. Jones ) |
| *Justin Bartholomew*, 8:20-cv-16376 | ) ) ) |
| *Robert Swindle*, 3:19-cv-04572 | ) ) ) |
| *Jeffrey Miller*, 7:20-cv-96263 | ) ) ) |
| *Anthony Rodriguez*, 7:20-cv-96277 | ) ) ) |
| *Alejandor Mejia*, 7:20-cv-96310 | ) ) ) |
| *Amanda Fiala*, 7:20-cv-93061 | ) ) ) |
| _____ | ) |

**3M CO.'S MOTION FOR STAY OF DISCOVERY AND FOR AN ORDER TO SHOW CAUSE BASED ON PLAINTIFFS' FAILURE TO SERVE EXPERT REPORTS**

Case Management Order ("CMO") No. 45, ECF No. 3079, requires that all

Wave 2 Plaintiffs serve expert disclosures through MDL Centrality by July 15, 2022.

It is more than eight weeks past that deadline, and Plaintiffs Bartholomew, Swindle,

65751088.v1

Miller, Rodriguez, Mejia, and Fiala still have not served case-specific expert reports. Defendant 3M[1] submits that discovery in these cases should be immediately stayed, and Plaintiffs should be required to show cause why these cases should not be dismissed with prejudice.

These cases are virtually indistinguishable from others this Court has recently dismissed for failure to provide the necessary expert disclosures. *See Martinez v. 3M Co. et al.*, 8:20-cv-37878, ECF No. 22 (N.D. Fla. May 24, 2022); *Thompson v. 3M Co. et al.*, 8:20-cv-47632, ECF No. 19 (N.D. Fla. May 24, 2022); *see also Jordal v. 3M Co., et al.*, 8:20-cv-4755, ECF No. 12 (N.D. Fla. June 8, 2022) ("*Jordal* Order to Show Cause") (ordering the plaintiff to show cause for failure to serve a case-specific expert report). The same result is proper here. Discovery in this case should be stayed immediately, and Plaintiffs should be required to show cause why their

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Reply due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. The Bankruptcy Court denied 3M's Motion for Declaratory and Injunctive Relief on August 26, 2022. ECF No. 143, Case No. 22-02890, Adv. Proc. No. 22-50059 (Bankr. S.D. Ind. Aug. 26, 2022). On August 29, 2022, 3M moved to certify the Bankruptcy Court's August 26 Order for direct appeal in the Seventh Circuit Court of Appeals. ECF No. 146, Case No. 22-02890, Adv. Proc. No. 22-50059 (Bankr. S.D. Ind. Aug. 26, 2022). 3M thus reserves all rights with respect to the Motion for Declaratory and Injunctive Relief (Adv. Proc. No. 22-50059, ECF No. 2) and any appeal of the Bankruptcy Court's August 26 Order.

cases should not be dismissed with prejudice for their failure to comply with their expert discovery obligations under Wave Order #2.

## I. FACTUAL BACKGROUND

Under Wave Order #2, as amended by CMO 45, each Wave 2 "Plaintiff's expert disclosures ***must*** be served through MDL Centrality within 8 days following the close of fact discovery," i.e., **by July 15, 2022**. ECF No. 3079 at 2 (emphasis added). A tight series of deadlines for, *inter alia*, defense expert disclosures, expert depositions, and motions practice are sequenced to occur after the close of fact discovery. *See id.*; *see also* CMO 51 (ECF No. 3402) (amending Wave 2 deadlines). Failure to meet one deadline thus has a cascading and prejudicial effect on a party's ability to obtain discovery. As set forth below, Plaintiffs Bartholomew, Swindle, Miller, Rodriguez, Mejia, and Fiala did not serve the required expert disclosures by the July 15, 2022 deadline.

### A. Justin Bartholomew (8:20-cv-16376)

On July 19, 2022, after Plaintiff Justin Bartholomew failed to disclose any experts by the July 15, 2022 deadline, 3M's counsel emailed Plaintiff's counsel about the missing expert disclosure. Plaintiff's counsel did not respond. 3M's counsel followed up by email on July 23, 2022. As of the date of this filing, 3M's counsel has not received a response, and Plaintiff Justin Bartholomew has not disclosed any experts.

### B. Robert Swindle (3:19-cv-04572)

On July 20, 2022, after Plaintiff Robert Swindle failed to disclose a case-specific expert by the July 15, 2022 deadline, 3M's counsel emailed Plaintiff's counsel about the missing case-specific expert report. In response, Plaintiff's counsel referenced a disclosed *general* report and explained that Plaintiff "[had] not designated an ENT or audiologist." Ex. 1, July 20, 2022 Swindle Email. Thus, as of the date of this filing, Plaintiff Robert Swindle has not disclosed a case-specific expert.

### C. Jeffrey Miller (7:20-cv-96263), Anthony Rodriguez (7:20-cv-96277), Alejandor Mejia (7:20-cv-96310)

On July 25, 2022, after Plaintiffs Jeffrey Miller, Anthony Rodriguez, and Alejandor Mejia failed to disclose case-specific experts by the July 15, 2022 deadline, 3M's counsel and Plaintiffs' counsel conferred via phone about the missing disclosures. As of the date of this filing, Plaintiffs Miller, Rodriguez, and Mejia have not served case-specific expert reports.

### D. Amanda Fiala (7:20-cv-93061)

On July 19, 2022, after Plaintiff Amanda Fiala failed to disclose any experts by the July 15, 2022 deadline, 3M's counsel called Plaintiff's counsel about the missing expert disclosure. The next day, counsel conferred via email, at which time, Plaintiff's counsel advised that they "plan to dismiss the case." Ex. 2: Fiala July 20,

2022 Fiala Email. However, as of the date of this filing, Plaintiff has neither dismissed her case nor served the required expert disclosures.

II.   **ANALYSIS**

The Court has broad discretion to manage its docket and control discovery. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). To that end, it may impose sanctions, up to and including dismissal, on litigants who fail to comply with its pretrial orders. *Id.* (citing Fed. Rule Civ. P. 37); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

65751088.v1

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, *Jordal* Order to Show Cause (ordering the plaintiff to show cause for failure to serve a case-specific expert report by the Court-imposed deadline); Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [To Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice."); May 6, 2022 Order (dismissing 19,934 claims for plaintiffs' failure to submit and DD214 or a DoD Military Service Information Report, in violation of the Court's discovery order).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with

discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failed to comply with court orders to provide discovery).

Implicit in Wave Order #2 that Plaintiffs "***must***" serve expert disclosures is an acknowledgement that expert testimony is necessary to establish a claim in this litigation. *See* ECF No. 3079 at 2 (emphasis added). Plaintiffs' failure to disclose case-specific experts is fatal to each Plaintiff's claims as a matter of law. Eleventh Circuit law is clear that in cases like this, "where a jury is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required to establish causation. . . . Without expert testimony in such complex cases, the plaintiff's claim fails as a matter of law." *Pierre v. Intuitive Surgical, Inc.*, 854 F. App'x 316, 320 (11th Cir. 2021). This holds true in each Plaintiff's case, irrespective of applicable state law,[2] as "all jurisdictions require

---

[2] The parties have not yet conferred as to which state's law applies (*see* CMO 51 (meet-and-confer efforts on choice of law to be completed by September 25, 2022)). However, as set forth above, which state's law applies is immaterial for the purpose of this Motion, as expert testimony is necessary to prove Plaintiffs' claims, irrespective of applicable state law. *See In re Lipitor*, 226 F. Supp. 3d 557, 569–77 (D.S.C. 2017). By way of example, the law of each Plaintiff's designated forum requires such proof. *See, e.g.*, *Estate of Betty Lou McDermed v. Ford Motor Co.*, 2016 WL 4142107, at *3 (D. Kan. Aug. 3, 2016) (applying Kansas law (designated forum state of Plaintiff Bartholomew (ECF No. 5)), and granting defendant's motion for summary judgment because plaintiffs were unable to produce admissible expert testimony regarding alleged defects and dangerous conditions and whether those defects/conditions caused the decedent's injuries); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 968 (D. Minn. 2009) (applying Minnesota law (designated

expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor*, 226 F. Supp. 3d at 569–77 (collecting cases).

Notably, this Court has also already addressed the need for expert testimony, determining that: a plaintiff "must produce expert evidence that, considered together with non-expert evidence, would allow a reasonable jury to find, to a reasonable degree of medical probability or certainty, both that (1) the CAEv2 had defects that could have caused [plaintiff's] injuries, and (2) that one or more of those defects did in fact cause his injuries." *Estes v. 3M Co. et al.*, 7:20-cv-00137, ECF No. 53, 2021 WL 753563, at *4 (N.D. Fla. Feb. 2, 2021); *see also, e.g.*, *Jordal* Order to Show Cause (explaining that dismissal with prejudice may result if the plaintiff fails to

---

forum state of Plaintiff Swindle (ECF No. 1)) and stating that "expert testimony is required to prove causation in cases involving complex medical issues with which a jury is unlikely to have experience" (cleaned up)); *Parmentier v. Novartis Pharms. Corp.*, 1:12-CV-45 SNJL, 2012 WL 2324502, at *1 (E.D. Mo. June 19, 2012) (applying Missouri law (designated forum state of Plaintiff Miller (ECF No. 4)) and explaining that when a case "involves a 'sophisticated' injury involving scientific techniques for diagnosis, expert testimony is required to prove causation"); *Mathison v. United States*, 619 F. Appx. 691, 694 (10th Cir. 2015) (applying Colorado law (designated forum state of Plaintiff Rodriguez (ECF No. 4)) and holding that "expert testimony is required to prove causation in hearing loss cases, because that injury is a "complex medical question outside lay competence"); *Bourgeois v. Garrard Chevrolet, Inc.*, 811 So.2d 962, 967 (La. App. 2002) (providing that, under Louisiana law (designated forum state of Plaintiff Mejia (ECF No. 4)), "[w]ithout expert testimony, the plaintiff cannot carry his burden of proof that the [product] was defective in design or that an alternative design would have prevented the plaintiff's injuries").

65751088.v1

show good cause for failure to serve a case-specific expert report by the Court-imposed deadline).

Further, this case is indistinguishable from others this Court has recently dismissed with prejudice because plaintiffs "failed to serve their expert disclosures on Defendants by the court-imposed deadline and more importantly, they both failed to show good cause for why they should be excused from the deadline." *Martinez v. 3M Co. et al.*, 8:20-cv-37878, ECF No. 22 (N.D. Fla. May 24, 2022); *Thompson v. 3M Co. et al.*, 8:20-cv-47632, ECF No. 19 (N.D. Fla. May 24, 2022).

Plaintiffs Bartholomew, Swindle, Miller, Rodriguez, Mejia, and Fiala failed to comply with their expert disclosure obligations under Wave Order #2. Accordingly, given the tight impending deadlines, each case should be stayed immediately, and each Plaintiff should be ordered to show cause why his or her case should not be dismissed with prejudice.

## CONCLUSION

For these reasons, Defendant 3M respectfully request that the Court stay these cases and order that Plaintiffs show cause why their actions should not be dismissed with prejudice.

DATED: September 16, 2022     */s/ Kari L. Sutherland*
                              Kari L. Sutherland
                              BUTLER SNOW LLP
                              1200 Jefferson Ave., Suite 205
                              Oxford, Mississippi 38655

65751088.v1

Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendant 3M certifies that they conferred with Plaintiffs' counsel regarding the above-requested relief via email on September 8, 2022 and/or September 13, 2022. As of the date of this filing, the Plaintiffs identified herein have not complied, as outlined above.

DATED: September 16, 2022     */s/ Kari L. Sutherland*
                              Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant 3M certifies that this memorandum contains 2162 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: September 16, 2022     */s/ Kari L. Sutherland*
                              Kari L. Sutherland

65751088.v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: September 16, 2022        */s/ Kari L. Sutherland*
                                  Kari L. Sutherland

65751088.v1