UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 )  )  )  ) Judge M. Casey Rodgers ) |
| This Document Relates to | ) Magistrate Judge Gary R. Jones ) |
| *Betsy Conner*, <br>        8:20-cv-16467 | )  )  ) |
| *Shane Gillespie*, <br>        3:22-cv-02739 | )  )  ) |
| *Troy Rhodes*, <br>        8:20-cv-15381 | )  )  ) |
| *Bryan Harshman*, <br>        7:20-cv-74447 | )  )  ) |
| *Benjamin Joy*, <br>        7:20-cv-76373 | )  )  ) |
| *Mitchell Gregory*, <br>        9:20-cv-08597 | )  )  ) |
| _____ | ) |

**DEFENDANT 3M CO.'S MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

1

65788143.v1

Defendant 3M Co.[1] moves the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order Wave 3 Plaintiffs Conner, Gillespie, Rhodes, Harshman, Joy, and Gregory to show cause as to why their actions should not be dismissed with prejudice for their failure to timely produce relevant records accessible online via MyHealtheVet, TRICARE, and/or MilConnect, in violation of Case Management Order ("CMO") 47 (Dkt. No. 3126) ("Wave Order #3").[2]

## I.   FACTUAL BACKGROUND

Since the outset of this litigation, the Parties and the Government have conferred regarding efficient, fulsome collection and production of Plaintiffs' Government records, which are critical categories of discovery both for the pursuit and defense of Plaintiffs' claims. *See, e.g.*, May 20, 2019 *Touhy* Presentation Tr. (Dkt. 399); *see also* Order, Dkt. No. 3049 at 2 (recognizing that "the United States

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Motion due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. 3M reserves all rights with respect to its Motion for Declaratory and Injunctive Relief (Adv. Proc. No. 22-50059, ECF No. 2) and any appeal of the Bankruptcy Court's August 26 Order.

[2] Defendant continues to meet and confer regarding Wave 3 Plaintiffs who failed to produce records from TRICARE, MyHealtheVet, and/or MilConnect but whose counsel requested an extension or otherwise indicated that they are making efforts toward production.

[is] a critical source for third-party discovery" in this litigation). One process by which to obtain Plaintiffs' Government records is through the submission of *Touhy* requests. Alternatively, as explained by letter dated October 19, 2021, many servicemembers and veterans can access their DoD medical records through the TRICARE Online Patient Portal ("TRICARE") and their personnel records through MilConnect, and veterans can access their medical records through MyHealtheVet. Oct. 19, 2021 DOJ Letter (Dkt. No. 3126-2).

In preparation for Wave 3, counsel for the Parties conferred regarding all Wave 3 deadlines—including a deadline for certain Plaintiffs to access and produce records from TRICARE, MyHealtheVet, and MilConnect. The Court accepted the Parties' proposal and ordered as follows:

> For any wave Plaintiff who has not received a VA **and** DoD *Touhy* production from the government **or** was not part of the Court's "Second 1%" selection of cases (*see* Exhibit A) (hereinafter, "Non-Second 1% Plaintiffs"), within 45 days of this Order (by July 7, 2022), Plaintiffs must produce to Defendants, through MDL Centrality, copies of Plaintiffs' relevant records accessible via the public online sources, MyHealtheVet portal, the TRICARE Online Patient Portal, **and** MilConnect.

CMO 47 § I.2 (Dkt No. 3126) (emphasis added). Attached as Exhibit A to Wave Order #3, the Court noted whether each Wave 3 Plaintiff (1) received VA documents, (2) received DOD documents, and (3) was included in the Second 1%. In accordance with Section I.2, if **any** of these three columns has a "No" designation, the Plaintiff was required to access and produce records from the "MyHealtheVet

3

portal, the TRICARE Online Patient Portal, ***and*** MilConnect" by July 7, 2022. CMO 47 § I.2 (Dkt No. 3126) (emphasis added); *see* CMO 47 Ex. A (Dkt No. 3126-1). The Court pointed the 393[3] Wave 3 Plaintiffs subject to this provision to the above-referenced October 19, 2021 letter, which provided detailed instructions for accessing the information they must produce. *See* CMO 47 at 2 n.1 (Dkt No. 3126).

On June 24, 2022, Defendant's counsel reminded Plaintiffs' counsel of the July 7 production deadline by way of email. Nevertheless, more than 300 Wave 3 Plaintiffs failed to submit all required records from MyHealtheVet, TRICARE, and/or MilConnect by the deadline. Accordingly, on July 9, 2022, Defendant's counsel sent the noncompliant Plaintiffs' counsel an email alerting them of the deficiency and asking that Plaintiffs' missing records be produced by the close of business on July 12, 2022 or, alternatively, that Plaintiffs' counsel email Defendant's counsel to meet and confer regarding the deficiencies.

Defendant is continuing to meet and confer with counsel for some Wave 3 plaintiffs regarding their missing productions. However, as set forth below, the meet and confer process has been completed with respect to the following Plaintiffs, who still have not produced records from MyHealtheVet, TRICARE, and/or MilConnect, in violation of Wave Order #3.

---

[3] *See* CMO 47 Ex. A (Dkt. No. 3126-1) (identifying Plaintiffs).

65788143.v1

### A.     Betsy Conner (8:20-cv-16467)

Plaintiff Betsy Conner did not receive VA documents and is thus required to produce records from MyHealtheVet, TRICARE, and MilConnect. *See* CMO 47 Ex. A (Dkt No. 3126-1). However, Plaintiff Conner failed to produce any records from TRICARE or MilConnect by the July 7, 2022 deadline. The Parties' counsel met and conferred regarding the missing records and agreed that Plaintiff could have until July 18, 2022 to comply. Plaintiff's counsel has since advised that they have lost contact with Plaintiff. Thus, Plaintiff Conner has not produced—and will not produce—TRICARE or MilConnect records, in violation of Wave Order #3.

### B.     Shane Gillespie (3:22-cv-02739)

Plaintiff Shane Gillespie did not receive DOD or VA documents and is not included in the Second 1%. *See* CMO 47 Ex. A (Dkt No. 3126-1). He is therefore required to produce records from MyHealtheVet, TRICARE, and MilConnect. *See* CMO 47 § I.2 (Dkt No. 3126). However, Plaintiff Gillespie failed to produce any records from TRICARE or MilConnect by the July 7, 2022 deadline. The Parties' counsel met and conferred regarding the missing records, and Defendant's counsel asked that Plaintiff produce the missing records by September 15, 2022. Plaintiff's counsel, in turn, advised that they have lost contact with Plaintiff. Thus, Plaintiff Gillespie has not produced—and will not produce—TRICARE or MilConnect records, in violation of Wave Order #3.

### C.     Troy Rhodes (8:20-cv-15381)

Plaintiff Troy Rhodes did not receive DOD documents and is thus required to produce records from MyHealtheVet, TRICARE, and MilConnect. *See* CMO 47 Ex. A (Dkt No. 3126-1). However, Plaintiff Rhodes failed to produce any records from MyHealtheVet, TRICARE, or MilConnect by July 12, nor did his counsel respond to Defendant's meet-and-confer request. Thus, on July 13, 2022, Defendant's counsel sent Plaintiff's counsel another email regarding the missing production(s). Having not heard from Plaintiff's counsel, Defendant's counsel followed up on September 1, 2022. As of the date of this filing, Plaintiff Rhodes's counsel has not responded to Defendant's counsel's repeated efforts to confer on this issue, and Plaintiff Rhodes has not produced MyHealtheVet, TRICARE, or MilConnect records, in violation of Wave Order #3.

### D.     Bryan Harshman (7:20-cv-74447) and Benjamin Joy (7:20-cv-76373)

Plaintiff Bryan Harshman did not receive DOD documents, and Plaintiff Benjamin Joy did not receive VA documents. *See* CMO 47 Ex. A (Dkt No. 3126-1). Plaintiffs Harshman and Joy are therefore required to produce records from MyHealtheVet, TRICARE, and MilConnect. *See* CMO 47 Ex. A (Dkt No. 3126-1). However, Plaintiffs Harshman and Joy failed to produce any records from MyHealtheVet, TRICARE, or MilConnect by the July 7, 2022 deadline. The Parties' counsel met and conferred regarding the missing records and agreed that Plaintiffs

6

could have until July 15, 2022 to comply. On September 1, 2022, Defendant's counsel followed up regarding the missing records and asked that they be produced by September 15, 2022. Plaintiffs' counsel, in turn, advised of their intent to withdraw as Plaintiffs' counsel. As of the date of this filing, neither Plaintiff Harshman nor Plaintiff Joy have produced records and thus continue in their noncompliance with Wave Order #3.[4]

### E.   Mitchell Gregory (9:20-cv-08597)

Plaintiff Mitchell Gregory did not receive DOD or VA documents and is not included in the Second 1%. *See* CMO 47 Ex. A (Dkt No. 3126-1). He is therefore required to produce records from MyHealtheVet, TRICARE, and MilConnect. *See* CMO 47 § I.2 (Dkt No. 3126). However, Plaintiff Gregory failed to produce any records from TRICARE or MilConnect by the July 7, 2022 deadline. The Parties' counsel met and conferred regarding the missing records, but, as of the date of this filing, Plaintiff Gregory has not produced TRICARE or MilConnect records, in violation of Wave Order #3.

---

[4] Notably, Plaintiffs Harshman and Joy were also subject to an agreed-upon extension to submit records authorizations. To date, neither Plaintiff Harshman nor Plaintiff Joy have submitted any authorizations, in further violation of Wave Order #3.

## II. ANALYSIS

The Wave 3 Plaintiffs at issue continue in their noncompliance, in violation of Wave Order #3. Defendant therefore respectfully asks the Court to exercise its broad discretion to manage its docket and control discovery[5] and order Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3.

"Discovery orders must be obeyed." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (citation omitted). Where litigants fail to comply, courts may impose sanctions—up to and including dismissal. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to comply with discovery); Apr. 20, 2022 Order (Dkt. No. 3027) (same). "This authority has particular significance in the MDL context," where the need to move thousands of

---

[5] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

8

cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (Dkt. No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (Dkt. No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice."); May 6, 2022 Order (dismissing 19,934 claims for plaintiffs' failure to submit and DD214 or a DoD Military Service Information Report, in violation of the Court's discovery order).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery).

Dismissal with prejudice is an appropriate sanction for the Plaintiffs identified herein. As set forth above, Plaintiffs' leadership agreed to the discovery obligations at issue and the timeframe for compliance, and Plaintiffs were aware of the 45-day deadline to comply when they were selected for Wave 3 on May 23, 2022 (CMO 47 (Dkt. No. 3126)). Notably, Plaintiffs never sought relief from the agreed-upon, Court-ordered July 7 deadline. *But see* Fed. R. Civ. P. 6(b)(1)(A) (allowing Courts to extend time upon a showing of good cause where a motion is filed before the deadline or time to comply expires); *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("[W]hen an act must be done within a specified time, the court may extend that time period for good cause. . . . To establish good

10

cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." (citations omitted)).

Despite having 45 days to access and produce their records, receiving a reminder from Defendant's counsel two weeks before the deadline, receiving notice of their noncompliance, and having several additional weeks to respond, Plaintiffs never sought an extension from the Court, failed to comply with their production obligations, and have indicated that they will not comply with Wave Order #3.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendant. *See id.* The deadline for deposing all Wave 3 Plaintiffs is in just three weeks and Wave 3 fact discovery closes just three weeks later. *See* CMO 51 (Dkt. No. 3402). Plaintiffs' recalcitrance compromises Defendant's ability to defend against Plaintiffs' claims. Specifically, without Plaintiffs' records, Defendant is unable to effectively prepare for Plaintiffs' depositions, comply with its fact and expert discovery obligations, and/or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendant's resources as they work to efficiently and effectively manage this litigation.

## III. CONCLUSION

As set forth above, the Plaintiffs identified herein have failed to comply with Wave Order #3. Defendant respectfully requests that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: September 21, 2022	/s/ *Kari L. Sutherland*
	Kari L. Sutherland
	BUTLER SNOW LLP
	1200 Jefferson Ave., Suite 205
	Oxford, Mississippi 38655
	Telephone: (662) 513-8002
	kari.sutherland@butlersnow.com

	Kimberly Branscome
	DECHERT LLP
	633 W. 5th St., Suite 4900
	Los Angeles, CA 90071
	Telephone: (213) 808-5762
	kimberly.branscome@dechert.com

	*Counsel for Defendant 3M Company*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendant 3M certifies that they conferred with Plaintiffs' counsel regarding the above-requested relief. As of the date of this filing, the Plaintiffs identified herein have not complied, as outlined above.

DATED: September 21, 2022	/s/ *Kari L. Sutherland*
	Kari L. Sutherland

65788143.v1

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant 3M certifies that this memorandum contains 2445 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: September 21, 2022　　　　*/s/ Kari L. Sutherland*
　　　　　　　　　　　　　　　　　Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: September 21, 2022　　　　*/s/ Kari L. Sutherland*
　　　　　　　　　　　　　　　　　Kari L. Sutherland