# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Gary R. Jones ) |
| *Clarence Sampson*, 8:20-cv-01136 | ) ) |
| *Shane Guzman*, 9:20-cv-14500 | ) ) |
| *Damon Biddle*, 9:20-cv-11451 | ) ) |
| *Brian Powell*, 8:20-cv-00561 | ) ) |
| *Mark Mozzoni*, 7:20-cv-90982 | ) ) |
| *Luke Fout*, 7:20-cv-79670 | ) ) |
| *Craig Hall*, 7:20-cv-74126 | ) ) |
| *Rocky Vick*, 7:20-cv-81234 | ) ) |
| *Raquel Hendricks*, 8:20-cv-98926 | ) ) |
| *Billy Lee*, 8:20-cv-11318, | ) ) |
| _____ | ) |

## DEFENDANT 3M CO.'S MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY

1

Defendant 3M Co.[1] moves the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 3 Plaintiffs identified herein to show cause as to why their cases should not be dismissed with prejudice for their failure to comply with discovery deadlines, in violation of Wave Order #3 (Case Management Order ("CMO") 47 (ECF No. 3126)), as modified by CMO 51 (ECF No. 3402).

I.  **FACTUAL BACKGROUND**

Under Wave Order #3, all Wave 3 fact discovery must be completed by November 4, 2022. *See* CMO 51 at 3 (ECF No. 3402). Accordingly, the Court ordered each Wave 3 Plaintiff to, *inter alia*, timely respond to written discovery and appear for a deposition. *See id.* (setting deadlines); CMO 47 (ECF No. 3126) (providing guidance and setting parameters). The below Plaintiffs' failure to comply with these requirements is now at issue.

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Motion due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. 3M reserves all rights with respect to its Motion for Declaratory and Injunctive Relief (Adv. Proc. No. 22-50059, ECF No. 2) and any appeal of the Bankruptcy Court's August 26 Order.

    **A.**    **Eight Wave 3 Plaintiffs failed to appear for or schedule their depositions, in violation of Wave Order #3.**

Under Wave Order #3, as modified by CMO 51, all Wave 3 Plaintiffs were required to appear for a deposition by October 11, 2022. *See* CMO 47 §§ I.9, II.1 (ECF No. 3126) (outlining parameters of Plaintiffs' depositions); CMO 51 at 2 (ECF No. 3402) (setting deadline for Plaintiffs' depositions). The Plaintiffs discussed below either failed to appear for their properly set and noticed depositions or failed to schedule their depositions, thereby indicating that they will not comply by the October 11 deadline—which is in just **eight days**.[2]

    **1.**    **Plaintiff Clarence Sampson (8:20-cv-01136) failed to appear for his deposition.**

The parties agreed that Plaintiff Clarence Sampson would appear for his deposition on September 12, 2022, at 10:00 AM, via Zoom. Ex. 1, Sampson Sept. 12 Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 2, Sampson Cert. of Nonappearance. Despite "numerous attempts," Plaintiff's counsel was unable to contact Plaintiff to ascertain why he

---

[2] In addition to the Plaintiffs discussed in Section I.A., Wave 3 Plaintiffs Shane Gillespie (3:22-cv-02739), Benjamin Joy (7:20-cv-81234), Bryan Harshman (7:20-cv-74447), and Mitchell Gregory (9:20-cv-08597) failed to appear for and/or schedule their depositions. Those Plaintiffs are not at issue on this Motion because they are currently subject to this Court's Order to Show Cause for their failure to produce online records, in violation of Wave Order #3. Order (ECF No. 3480). 3M reserves the right to move for an order to show cause why those cases should not be dismissed for the additional reason of their failure to appear for or schedule their depositions.

failed to appear. *See* Ex. 3, Sampson Emails. Nevertheless, the parties agreed to tentatively reschedule Plaintiff's deposition for October 5, 2022, at 10:00 AM, via Zoom. *See id.*; Ex. 4, Sampson Oct. 5 Am. Not. of Dep. The week before Plaintiff's rescheduled deposition, his counsel advised Defendant's counsel that she was unable to contact Plaintiff and therefore could not confirm that he would appear for a deposition. Ex. 3, Sampson Emails. Accordingly, Plaintiff's deposition was cancelled. *Id.* As of the date of this filing, Plaintiff Sampson has not appeared for a deposition, in violation of Wave Order #3.

### 2. Plaintiff Shane Guzman (9:20-cv-14500) failed to appear for his deposition.

The parties agreed that Plaintiff Shane Guzman would appear for his deposition on September 21, 2022, at 9:00 AM, via Zoom. Ex. 5, Guzman Sept. 21 Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 6, Guzman Statement on the Record. Plaintiff's counsel stated that Plaintiff "indicated [that] morning that he was not going to make it." *Id.* at 5:4-13; *see also id.* at 6:20-25 (Defendant's counsel offering to hold the deposition open for an hour if Plaintiff would appear). As of the date of this filing, Plaintiff Guzman has not appeared for a deposition, in violation of Wave Order #3.

### 3. Plaintiff Damon Biddle (9:20-cv-11451) cancelled his deposition and failed to reschedule.

The parties agreed that Plaintiff Damon Biddle would appear for his deposition on September 27, 2022, at 3:00 PM, via Zoom. Ex. 7, Biddle Confirmation Email; Ex. 8, Biddle Sept. 27 Not. of Dep. Four days before Plaintiff's deposition, his counsel notified Defendant's counsel of the need to cancel and reschedule due to a "conflict." Ex. 9, Biddle Cancellation Email. That same day, Plaintiff's counsel moved to withdraw, citing an "irrevocable disagreement" between counsel and Plaintiff and advising the Court that Plaintiff had been provided with the requisite fourteen-day notice of counsel's intent to withdraw. Mot. to Withdraw, ECF No. 21, 9:20-cv-11451, (N.D. Fla. Sept. 23, 2022); *see* Am. Mot. to Withdraw, ECF No. 22, 9:20-cv-11451, (N.D. Fla. Sept. 23, 2022); Ex. 10, Biddle Rescheduling Emails. Plaintiff remains represented by counsel, but his deposition has not been rescheduled. As of the date of this filing, Plaintiff Biddle has not appeared for a deposition, in violation of Wave Order #3.

### 4. Plaintiff Brian Powell (8:20-cv-00561) cancelled his deposition and failed to reschedule.

The parties agreed that Plaintiff Brian Powell would appear for his deposition on September 27, 2022, at 9:00 AM, via Zoom. *See* Ex. 11, Powell Sept. 27 Not. of Dep. Yet, on September 26, Plaintiff's counsel advised of their need to cancel Plaintiff's deposition because they were unable to contact Plaintiff. Ex. 12, Powell Emails. Plaintiff's counsel later advised Defendant's counsel that they continued in their efforts to reach Plaintiff, to no avail. *Id.* Plaintiff's deposition therefore has not

5

been rescheduled, and he will not appear for a deposition by the October 11 deadline, in violation of Wave Order #3.

### 5. Plaintiff Mark Mozzoni (7:20-cv-90982) has not scheduled and will not appear for a deposition.

Defendant's counsel made repeated efforts to schedule Plaintiff Mark Mozzoni's deposition, pursuant to CMO 51 (ECF No. 3402). Ex. 13, Mozzoni Emails. After Defendant's counsel's emails on September 2, September 6, September 7, September 8, September 9, and September 14, Plaintiff's counsel advised that they have lost contact with Plaintiff and are therefore unable to schedule his deposition. *Id.* As of the date of this filing, Plaintiff Mozzoni has not scheduled his deposition and therefore will not appear for a deposition by the October 11 deadline, in violation of Wave Order #3.

### 6. Plaintiffs Luke Fout (7:20-cv-79670) and Craig Hall (7:20-cv-74126) have not scheduled and will not appear for depositions.

Defendant's counsel made repeated efforts to schedule Plaintiff Luke Fout's and Plaintiff Craig Hall's deposition, pursuant to CMO 51 (ECF No. 3402). *See, e.g.*, Ex. 14, Fout/Hall Aug. 31 Emails; Ex. 15, Fout/Hall Sept. 12, 20 Emails; Ex. 16, Fout/Hall Sept. 14-15 Emails; Ex. 17, Fout/Hall Sept. 14-20 Emails. Plaintiffs' counsel has since advised that they have lost contact with both Plaintiffs and are therefore unable to schedule Plaintiffs' depositions. *See* Ex. 18, Fout/Hall/Vick Sept. 22 Email (Defendant's counsel confirming understanding of lost contact). As of the

6

date of this filing, Plaintiffs Fout and Hall have not scheduled their depositions and therefore will not appear for depositions by the October 11 deadline, in violation of Wave Order #3.

### 7. Plaintiff Rocky Vick (7:20-cv-81234) has not scheduled and will not appear for a deposition.

Defendant's counsel made repeated efforts to schedule Plaintiff Rocky Vick's deposition, pursuant to CMO 51 (ECF No. 3402). *See, e.g.*, Ex. 19, Vick Sept. 1 Email; Ex. 20, Vick Sept. 12 Email. Plaintiff's counsel has since advised that they have lost contact with Plaintiff and are therefore unable to schedule his deposition. *See* Ex. 18, Fout/Hall/Vick Sept. 22 Email (Defendant's counsel confirming understanding of lost contact). As of the date of this filing, Plaintiff Vick has not scheduled his deposition and therefore will not appear for a deposition by the October 11 deadline, in violation of Wave Order #3.

### B. Two Wave 3 Plaintiffs failed to respond to Defendant's written discovery requests, in violation of Wave Order #3.

In Wave Order #3, the Court permitted Defendant to serve written discovery on all Wave 3 Plaintiffs by July 7, 2022. CMO 47 § I.6 (ECF No. 3126). Accordingly, Defendant served its Second Set of Interrogatories, Second Set of Requests for Production, and Second Set of Requests for Admission on all Wave 3 Plaintiffs on July 7, 2022. In light of the agreed-upon extensions for responding to written discovery, Plaintiff's Responses were due on September 12, 2022. *See* CMO

49 (ECF No. 3352) (extending response deadline by three weeks); CMO 50 (ECF No. 3391) (extending deadline by one additional week); CMO 51 (ECF No. 3402) (extending deadline by one additional week). Despite having 88 days to comply, the Plaintiffs discussed below have not responded to Defendant's written discovery requests.

### 1. Plaintiff Raquel Hendricks (8:20-cv-98926) failed to serve responses to Defendant's Second Set of Interrogatories and Second Set of Requests for Admissions.

Plaintiff Raquel Hendricks failed to serve responses to Defendant's Second Set of Interrogatories and Second Set of Requests for Admissions by the September 12, 2022 deadline. As a courtesy, on September 20, 2022, Defendant's counsel notified Plaintiff's counsel of her noncompliance and asked that she serve responses. As of the date of this filing, Plaintiff Hendricks has not served responses to written discovery and thus continues in her noncompliance with Wave Order #3.

### 2. Plaintiff Billy Lee (8:20-cv-11318) failed to serve responses to Defendant's Second Set of Interrogatories.

Plaintiff Billy Lee failed to serve responses to Defendant's Second Set of Interrogatories by the September 12, 2022 deadline. As a courtesy, on September 20, 2022, Defendant's counsel notified Plaintiff's counsel of his noncompliance and asked that he serve responses by September 22, 2022. Defendant's counsel followed up on September 26 and September 28, at which time Plaintiff's counsel advised that he would serve discovery responses by September 30, 2022. Ex. 21, Lee Email.

However, as of the date of this filing, Plaintiff Lee has not served responses to written discovery and thus continues in his noncompliance with Wave Order #3.

**II.    ANALYSIS**

Defendant respectfully asks the Court to exercise its broad discretion to manage its docket and control discovery[3] and order the Plaintiffs discussed above to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see also* Jan. 21, 2022 Order (ECF No. 2549) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to comply with discovery); Apr. 20, 2022 Order (ECF No. 3027) (same). "This authority has particular significance in the MDL context" (*id.*), where the need to move thousands of cases

---

[3] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules" (*In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021)). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (ECF No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (ECF No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice.").

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with

prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (affirming dismissal with prejudice where plaintiff failed to appear for deposition); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery); *see, e.g.*, *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed for plaintiff's failure to appear for deposition and scheduled Rule 35 examination); *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed where plaintiff failed to appear for deposition).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (ECF No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 3 on May 23, 2022, and immediately put on notice that they had certain discovery obligations, including responding to written discovery requests and appearing for depositions. CMO 47 (ECF No. 3126). Nevertheless, Plaintiffs continue in their willful, intentional noncompliance with Wave Order #3.

11

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendant. Wave 3 fact discovery closes in just one month, and Plaintiffs' noncompliance compromises Defendant's ability to defend against Plaintiffs' claims. Specifically, Defendant is unable to comply with its own fact and expert discovery obligations or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendant's resources as they work to efficiently and effectively manage this litigation.

### III. CONCLUSION

As set forth above, Plaintiffs have failed to comply with Wave Order #3. Defendant respectfully requests that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: October 3, 2022

*/s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendant certifies that they conferred with Plaintiffs' counsel regarding the above noncompliance. To date, the Plaintiffs identified herein have failed to comply with this Court's Order.

DATED: October 3, 2022            */s/ Kari L. Sutherland*
                                                            Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant certifies that this memorandum contains 2,643 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: October 3, 2022            */s/ Kari L. Sutherland*
                                                            Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: October 3, 2022            */s/ Kari L. Sutherland*
                                                            Kari L. Sutherland