# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) Case No. 3:19-MD-2885 ) ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Hope T. Cannon ) |
| *Christopher Patrick Cabiness* Civil Case No. 7:20-cv-30523 | ) ) |

**ANSWER TO SECOND AMENDED SHORT-FORM COMPLAINT**

Defendant 3M Company ("Defendant"),[1] by and through its counsel, files the following Answer to Plaintiff Christopher Patrick Cabiness's Second Amended Short-Form Complaint (the "Cabiness Complaint"). *See* Dkt. 47.

**PRELIMINARY STATEMENT**

Defendant denies the allegation that it is independently and solely liable for the Combat Arms Earplugs version 2 ("CAEv2") liabilities as a successor in interest to any Other Defendants. Defendant is not liable for damages caused in

---

[1] On July 26, 2022, 3M Occupational Safety LLC, Aearo LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC (collectively, "Other Defendants") filed voluntary petitions for relief under Chapter 11, Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). This Answer is filed only on behalf of non-Debtor 3M Company, due to Other Defendants having filed for bankruptcy protection and the operation of the automatic stay. *See* 11 U.S.C. § 362.

whole, or in part, by the conduct of Other Defendants. Furthermore, Defendant denies Plaintiff's claim that it has waived the ability to assert a defense that Other Defendants are liable for injuries related to the CAEv2.[2]

## DEFENDANTS

1. Defendant objects to the allegations in Paragraph 1 of the Cabiness Complaint as they call for a legal conclusion, and therefore no response is required.

---

[2] Plaintiff's waiver claims are contrary to the Court's Pretrial Order No. 17, which expressly provides that Defendant's "Master Answer" does not waive any defenses in individual cases. *See* MDL Dkt. 763; *see also* MDL Dkt. 3372. Furthermore, Defendant maintains that a lack of successor liability is not an affirmative defense. *See* MDL Dkt. 3372 (citing, *inter alia*, *Utica Mutual Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021), which held that demonstrating a lack of successor liability is "a refutation of [the plaintiff's] case, not an affirmative defense," and *Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 266 (7th Cir. 1996), which held that the plaintiff bears "[t]he burden of proof on the issue of successor liability"); *see also* Fed. R. Civ. P. 8(c) (providing a non-exhaustive list of affirmative defenses that does not include a lack of successor liability); *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690, 692 (1st Cir. 1984) (holding that the proponent of successor liability bears the burden of proof); *N.J. Bldg. Laborers' Statewide Pension Fund & Thereof v. Richard A. Pulaski Constr.*, 322 F. Supp. 3d 546, 550 (D.N.J. 2018) (holding that the "party attempting to negate the existence of a separate entity" bears the burden of proof for establishing "successor in interest liability"); *Stermer v. Old Republic Nat'l Title Ins. Co. (In re ATIF, Inc.)*, 2021 WL 6060011, at *9 (Bankr. M.D. Fla. Dec. 2, 2021) (holding similarly). Defendant also maintains that it is not prevented from asserting it is not liable for the conduct of any of the Other Defendants by virtue of judicial estoppel or waiver. *See* MDL Dkt. 3372; *see also Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 383-89 (8th Cir. 2018); *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 n.7 (11th Cir. 2018). Defendant includes this footnote without altering or establishing the relevant burden of proof for Plaintiff's successor-liability claims.

## PLAINTIFF(S)

2. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the Cabiness Complaint.

3. There are no allegations set forth in Paragraph 3 of the Cabiness Complaint, so no response is required.

4. There are no allegations set forth in Paragraph 4 of the Cabiness Complaint, so no response is required.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Cabiness Complaint.

## JURISDICTION

6. Defendant admits that Plaintiff is alleging diversity of citizenship as the basis for jurisdiction, but otherwise is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Cabiness Complaint.

7. Defendant admits that Plaintiff is alleging the U.S. District Court for the Western District of Texas, El Paso Division, as the designated forum, but otherwise is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Cabiness Complaint.

## USE OF DUAL-ENDED COMBAT ARMS EARPLUG

8. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Cabiness Complaint.

## INJURIES

9. Defendant admits that Plaintiff alleges the injuries set forth in Paragraph 9 of the Cabiness Complaint but denies that the injuries are in any way related to Defendant or that Plaintiff is entitled to any relief.

## CAUSES OF ACTION

10. Defendant specifically denies all causes of action set forth in the Cabiness Complaint and hereby adopts and incorporates by reference the admissions and averments set forth in the Master Answer, *see* MDL Dkt. No. 959, to the extent not inconsistent with this Answer.

11. There are no allegations set forth in Paragraph 11 of the Cabiness Complaint, so no response is required.

12. There are no allegations set forth in Paragraph 12 of the Cabiness Complaint, so no response is required.

13. There are no allegations set forth in Paragraph 13 of the Cabiness Complaint, so no response is required.

## PRAYER FOR RELIEF

Defendant denies the allegations that Plaintiff is entitled to the relief requested, or any other relief, and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES[3]

Defendant, by and through its counsel, sets forth and asserts the following defenses and affirmative defenses to the Cabiness Complaint:

1. Defendant denies each and every allegation contained in Plaintiff's Master Complaint except those specifically admitted in the Master Answer, to the extent not inconsistent with this Answer.

2. Plaintiff fails to plead fraud with particularity.

3. To the extent Defendant is liable for any injuries suffered by Plaintiff, Defendant's liability must be reduced or eliminated under principles of contributory or comparative negligence.

4. Plaintiff's claims may be subject to dismissal due to lack of personal jurisdiction under the due process clause of the United States Constitution and any potentially applicable state law.

5. Venue may be improper and/or inconvenient in this Court.

6. Plaintiff's claims are barred, in whole or in part, because any alleged risk of injury was open and obvious.

---

[3] The inclusion of any item herein does not constitute a concession by Defendant that it is a defense or affirmative defense.

7. Plaintiff fails to state a cause of action against Defendant upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead a legally cognizable claim.

8. Plaintiff's complaint and each cause of action therein are barred, in whole or in part, by doctrines of waiver, unclean hands, estoppel, and/or ratification.

9. To the extent that the CAEv2 was modified, altered, or in any way materially varied, which may be causally related to the claims of Plaintiff, Plaintiff's claims against Defendant are barred.

10. Plaintiff's claims are barred in whole or in part to the extent that damages have not accrued and are merely speculative, uncertain, and contingent.

11. Plaintiff's claims are barred in whole or in part because Defendant did not breach any duty owed to Plaintiff.

12. Defendant is not liable for any injuries suffered by Plaintiff from his use of the CAEv2 because Plaintiff misused the product in an abnormal manner that was not reasonably foreseeable to Defendant.

13. Defendant is not liable for any injuries suffered by Plaintiff from his use of the CAEv2 because Plaintiff assumed the risk when he knowingly and voluntarily exposed himself to potentially damaging noises.

14. Plaintiff failed to mitigate his damages by failing to take all reasonable and necessary care to minimize his injuries and the consequences therefrom.

15. Plaintiff's claims are barred by the applicable statutes of limitations and/or repose. Assuming that the CAEv2 provided insufficient noise attenuation, Plaintiff learned or should have learned of this issue while using the earplugs.

16. Plaintiff's claims are barred by the doctrine of laches.

17. Plaintiff's breach of warranty claims and causes of action are barred and/or recovery is limited in whole or in part by applicable written, contractual warranty exclusions, modifications, limitation of liability, and/or limitation of damages or remedies available.

18. Plaintiff's claims are barred by the government contractor defense.

    (a) The United States military commissioned the development of the CAEv2.

    (b) The United States military specified that the earplug be double-sided.

    (c) The United States military specified that the earplug provide linear and non-linear protection.

    (d) The United States military approved the final length of the earplug after rejecting a longer sample for tactical reasons.

  (e) The CAEv2 conformed with the military's approved specifications.

  (f) The United States military was informed that some users would obtain a better fit if they folded back the opposing flanges of the CAEv2 before insertion.

  (g) The United States military reordered the CAEv2 after being informed about the flange fold described in Paragraph 18(f).

  (h) The United States military continued using the CAEv2 after creating a wallet card that could be distributed to servicemembers, which included a picture of the CAEv2 with the flanges folded back.

  (i) Under the government contractor defense, Defendant is not liable for any injuries that Plaintiff suffered from use of the CAEv2.

19. Plaintiff's claims are preempted by federal law.

20. Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and any potentially applicable state law.

21. The injuries and damages allegedly sustained by Plaintiff may have been caused, in whole or in part, by the negligent acts or omissions of individuals or entities other than Defendant—including but not limited to Plaintiff, Other Defendants, Plaintiff's civilian employers, and the nonparty the United States— and, *inter alia*, fault may be apportioned to them as a result.

22. Plaintiff's claims are barred by the sophisticated intermediary doctrine, learned intermediary doctrine, and bulk supplier or purchaser doctrine.

    (a) The United States military was instructed in the proper fitting of the CAEv2.

    (b) Defendant and Other Defendants reasonably relied on the United States military to convey those instructions to the users of the CAEv2.

    (c) The United States military trained users to fit the CAEv2 and created written instructions that advised some users to roll back the opposing flanges to attain the best fit.

23. Plaintiff's alleged injuries may have been caused by pre-existing, intervening, or superseding acts of negligence by persons or entities over whom Defendant exercises, or exercised, no control and for whose conduct Defendant

bears no responsibility—including but not limited to Plaintiff, Other Defendants, and the United States.

24. For a defense herein, Defendant contends that its actions and omissions, if any, were superseded by unforeseeable, independent, intervening, and/or superseding events.

25. Some or all of the damages requested by Plaintiff are not recoverable in this action.

26. Any recovery by Plaintiff is barred or to be reduced in accordance with the collateral source rule and the legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and rules barring windfalls and double recovery.

27. Defendant hereby pleads any and all releases entered, or to be entered into by Plaintiff, as a reduction, in whole or in part, of any damages that Plaintiff may be entitled to recover from Defendant, it being specifically denied that Defendant is liable to Plaintiff in any respect.

28. For a defense herein, Defendant contends that it is entitled to a setoff for all settlements and compensation that Plaintiff has received, or may receive, as a result of the conduct that is alleged to have occurred—including from Other Defendants.

29. For a defense herein, Defendant contends that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

30. For a defense herein, Defendant pleads that joint and several liability does not exist in states whose law may apply to this action.

31. Plaintiff's claims are barred because Defendant's products comported with applicable state of the art principles.

32. Plaintiff's claims are barred by applicable state-law presumptions governing product liability claims.

33. Plaintiff's claims are subsumed by applicable state-law product liability statutes and/or abrogated by applicable state-law product liability statutes (including by statutory defenses and affirmative defenses to product liability claims under the governing state law).

34. Plaintiff's claims are barred because he failed to provide reasonable notice of the alleged breach to Defendant within a reasonable time.

35. Plaintiff's claims are barred because he lacks privity with Defendant.

36. Plaintiff's claims are barred on the grounds that Plaintiff may have failed to join necessary and indispensable parties and/or Plaintiff's claims will be tried in the absence of necessary and indispensable parties.

37. Plaintiff is barred from recovering any and all damages caused in whole, or in part, by the conduct of Other Defendants, as Defendant is not liable for the conduct of any of the Other Defendants because, *inter alia*, Defendant is not a successor in interest to any of the Other Defendants and/or did not directly assume any of the Other Defendants' liability for their products.[4]

  (a) Defendant was not involved in the sale, marketing, or manufacturing of the CAEv2 before Aearo became Defendant's subsidiary in 2008.

  (b) Defendant did not make any representations to the United States military about the CAEv2 before Aearo became Defendant's subsidiary in 2008.

  (c) Defendant was not involved in the design of the CAEv2.

38. The injuries and damages allegedly sustained by Plaintiff may be due to pre-existing and/or subsequent conditions or causes; and, as a result, damages should be apportioned to those pre-existing and/or subsequent conditions or causes.[5]

---

[4] As noted above, Defendant maintains that a lack of successor liability is not an affirmative defense. As such, Defendant includes Paragraph 37 out of an abundance of caution—without altering or establishing the relevant burden of proof.

[5] Defendant maintains that this is not a defense or affirmative defense, and includes it out of an abundance of caution—without altering or establishing the relevant

12

| | |
|---|---|
| DATED: September 27, 2022 | Respectfully submitted,<br><br>*/s/ Kimberly Branscome*<br>Kimberly Branscome<br>Jay Bhimani<br>DECHERT LLP<br>633 W. 5th St., Suite 4900<br>Los Angeles, CA 90071<br>Telephone: (213) 808-5762<br>kimberly.branscome@dechert.com<br>jay.bhimani@dechert.com<br><br><br>Jonathan Tam<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104<br>Telephone: (415) 262-4500<br>jonathan.tam@dechert.com<br><br>*Counsel for Defendant 3M Company* |

---

burden of proof. Indeed, it is a fundamental principle of tort law that "[n]o party should be liable for harm it did not cause, [so] an injury caused by two or more persons should be apportioned according to their respective shares of comparative responsibility." *See, e.g.*, Restatement (Third) of Torts § 26.

13

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court via the CM/ECF system on September 27, 2022 and served electronically on all counsel of record.

*/s/ Kimberly Branscome*
Kimberly Branscome
