# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-~~02885~~2885 |
| | ) | Judge M. Casey Rodgers |
| | ) | |
| | ) | Magistrate Judge ~~Gary R. Jones~~Hope T. Cannon |
| This Document Relates to: | ) | |
| ~~James Beal~~*Jonathan Casiano* | ) | |
| Civil Case No. 7:20-cv-~~00006~~54227 | ) | |

**~~AMENDED~~ ANSWER TO ~~SECOND AMENDED~~AMENDED SHORT-FORM COMPLAINT (DKT 24)**

~~Defendants~~Defendant 3M Company, ~~3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively "Defendants~~("Defendant"),[1] by and through ~~their~~its counsel,

---

[1] On July 26, 2022, 3M Occupational Safety LLC, Aearo LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC (collectively, "Other Defendants") filed voluntary petitions for relief under Chapter 11, Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). This Answer is filed only on behalf of non-Debtor 3M Company, due to Other Defendants having filed for bankruptcy protection and the operation of the automatic stay. *See* 11 U.S.C. § 362.

~~file~~files the following Answer to ~~Bellwether~~ Plaintiff ~~James Beal's~~

~~Second~~Jonathan Casiano's Amended Short-Form Complaint (the "~~Beal~~Casiano

Complaint").  *See* Dkt. 24.

## **PRELIMINARY STATEMENT**

Defendant denies the allegation that it is independently and solely liable for

the Combat Arms Earplugs version 2 ("CAEv2") liabilities as a successor in

interest to any Other Defendants.  Defendant is not liable for damages caused in

whole, or in part, by the conduct of Other Defendants. Furthermore, Defendant

denies Plaintiff's claim that it has waived the ability to assert a defense that Other

Defendants are liable for the CAEv2.[2]

---

[2] Plaintiff's waiver claims are contrary to the Court's Pretrial Order No. 17,
which expressly provides that Defendant's "Master Answer" does not waive any
defenses in individual cases. *See* MDL Dkt. 763; *see also* MDL Dkt. 3372.
Furthermore, Defendant maintains that a lack of successor liability is not an
affirmative defense.  *See* MDL Dkt. 3372 (citing, *inter alia*, *Utica Mutual Ins.
Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021), which held
that demonstrating a lack of successor liability is "a refutation of [the plaintiff's]
case, not an affirmative defense," and *Escutcheons, Inc. v. Superior Sys., Inc.*,
98 F.3d 262, 266 (7th Cir. 1996), which held that the plaintiff bears "[t]he
burden of proof on the issue of successor liability"); *see also* Fed. R. Civ. P. 8(c)
(providing a non-exhaustive list of affirmative defenses that does not include a
lack of successor liability); *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739
F.2d 690, 692 (1st Cir. 1984) (holding that the proponent of successor liability
bears the burden of proof); *N.J. Bldg. Laborers' Statewide Pension Fund &
Thereof v. Richard A. Pulaski Constr.*, 322 F. Supp. 3d 546, 550 (D.N.J. 2018)
(holding that the "party attempting to negate the existence of a separate entity"
bears the burden of proof for establishing "successor in interest liability");
*Stermer v. Old Republic Nat'l Title Ins. Co. (In re ATIF, Inc.)*, 2021 WL
6060011, at *9 (Bankr. M.D. Fla. Dec. 2, 2021) (holding similarly). Defendant

## DEFENDANTS

1.     ~~Defendants object~~Defendant objects to the allegations in Paragraph 1 of the ~~Beal~~Casiano Complaint as they call for a legal conclusion,. and therefore~~,~~ no response is required.

## PLAINTIFF(S)

2.     ~~Defendants are~~Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the ~~Beal~~Casiano Complaint.

3.     There are no allegations set forth in Paragraph 3 of the ~~Beal~~Casiano Complaint, so no response is required.

4.     There are no allegations set forth in Paragraph 4 of the ~~Beal~~Casiano Complaint, so no response is required.

---

also maintains that it is not prevented from asserting it is not liable for the conduct of any of the Other Defendants by virtue of judicial estoppel or waiver. *See* MDL Dkt. 3372; *see also Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 383-89 (8th Cir. 2018); *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 n.7 (11th Cir. 2018). Defendant includes this footnote without altering or establishing the relevant burden of proof for Plaintiff's successor liability claims.

5.     ~~Defendants are~~Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the ~~Beal~~Casiano Complaint.

## JURISDICTION

6.     ~~Defendants admit~~Defendant admits that Plaintiff is alleging diversity of citizenship as the basis for jurisdiction, but otherwise ~~are~~is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the ~~Beal~~Casiano Complaint.

7.     ~~Defendants admit~~Defendant admits that Plaintiff is alleging the ~~United States~~U.S. District Court~~, Hawaii~~ for the Middle District ~~Court~~of Georgia as the designated forum, but otherwise ~~are~~is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the ~~Beal~~Casiano Complaint.

## USE OF DUAL-ENDED COMBAT ARMS EARPLUG

8.     ~~Defendants are~~Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the ~~Beal~~Casiano Complaint.

## INJURIES

9.     ~~Defendants admit~~Defendant admits that Plaintiff alleges the injuries set forth in Paragraph 9 of the ~~Beal~~Casiano Complaint but ~~deny~~denies that the

4

injuries are in any way related to ~~Defendants~~Defendant or that Plaintiff is entitled to any relief.

## CAUSES OF ACTION

10.    ~~Defendants~~Defendant specifically ~~deny~~denies all causes of action set forth in the ~~Beal~~Casiano Complaint and hereby ~~adopt~~adopts and ~~incorporate~~incorporates by reference the admissions and averments set forth in the Master Answer. ~~See~~, see MDL Dkt. No. 959, to the extent not inconsistent with this Answer.

11.    There are no allegations set forth in Paragraph 11 of the ~~Beal~~Casiano Complaint, so no response is required.

12.    There are no allegations set forth in Paragraph 12 of the ~~Beal~~Casiano Complaint, so no response is required.

13.    There are no allegations set forth in Paragraph 13 of the ~~Beal~~Casiano Complaint, so no response is required.

## PRAYER FOR RELIEF

~~Defendants deny~~Defendant denies the allegations that Plaintiff is entitled to the relief requested, or any other relief, and ~~demand~~demands strict proof thereof.

## **<u>DEFENSES AND AFFIRMATIVE DEFENSES</u>**[3]

~~Defendants~~<u>Defendant</u>, by and through ~~their~~<u>its</u> counsel, ~~set~~<u>sets</u> forth and ~~assert~~<u>asserts</u> the following defenses and affirmative defenses to the ~~Beal~~<u>Casiano</u> Complaint:

1.      ~~Defendants deny~~<u>Defendant denies</u> each and every allegation contained in ~~Plaintiffs'~~<u>Plaintiff's</u> Master Complaint except those specifically admitted in the Master Answer<u>, to the extent not inconsistent with this Answer</u>.

~~2. Defendants consent to personal jurisdiction for the purpose of a bellwether trial in the Northern District of Florida, and have waived any objection on the grounds of improper venue. Defendants do not hereby consent to personal jurisdiction in Plaintiff's designated forum and do not concede the forum would be an appropriate venue.~~

<u>2.</u>      ~~3.~~ Plaintiff fails to plead fraud with particularity.

---

[3] <u>The inclusion of any item herein does not constitute a concession by Defendant that it is a defense or affirmative defense.</u>

3. 4. To the extent Defendants areDefendant is liable for any injuries suffered by Plaintiff, Defendants'Defendant's liability must be reduced or eliminated under principles of contributory or comparative negligence.

4. Plaintiff's claims may be subject to dismissal due to lack of personal jurisdiction under the Due Process clause and any potentially applicable state law.

5. Venue may be improper and/or inconvenient in this Court.

6. Plaintiff's claims are barred, in whole or in part, because any alleged risk of injury was open and obvious.

7. Plaintiff fails to state a cause of action against Defendant upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead a legally cognizable claim.

8. Plaintiff's complaint and each cause of action therein are barred, in whole or in part, by doctrines of waiver, unclean hands, estoppel, and/or ratification.

9. To the extent that the CAEv2 was modified, altered, or in any way materially varied, which may be causally related to the claims of Plaintiff, Plaintiff's claims against Defendant are barred.

10. Plaintiff's claims are barred in whole or in part to the extent that damages have not accrued and are merely speculative, uncertain, and contingent.

11.   Plaintiff's claims are barred in whole or in part because Defendant did not breach any duty owed to Plaintiff.

12.   ~~5. Defendants are~~Defendant is not liable for any injuries suffered by Plaintiff from his use of the ~~Combat Arms Earplugs version 2 ("~~CAEv2~~")~~ because Plaintiff misused the product in an abnormal manner that was not reasonably foreseeable to ~~Defendants~~Defendant.

13.   ~~6. Defendants are~~Defendant is not liable for any injuries suffered by Plaintiff from his use of the CAEv2 because Plaintiff assumed the risk when he knowingly and voluntarily exposed himself to potentially damaging noises.

14.   ~~7.~~ Plaintiff failed to mitigate his damages by failing to take all reasonable and necessary care to minimize his injuries and the consequences therefrom.

15.   ~~8.~~ Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.  Assuming that the CAEv2 provided insufficient noise attenuation, Plaintiff learned or should have learned of this issue while using the earplugs.

16.   ~~9.~~ Plaintiff's claims are barred by the doctrine of laches.

17.   ~~10.~~ Plaintiff's breach of warranty claims and causes of action are barred and/or recovery is limited in whole or in part by applicable written,

contractual warranty exclusions, modifications, limitation of liability, and/or

limitation of damages or remedies available.

18.   11. Plaintiff's claims are barred by the government contractor

defense.

(a)   The United States military commissioned Defendants to

develop the development of the CAEv2.

(b)   The United States military specified that the earplug be

double-sided.

(c)   The United States military specified that the earplug provide

linear and non-linear protection.

(d)   The United States military approved the final length of the

earplug after rejecting a longer sample for tactical reasons.

(e)   The CAEv2 conformed with the military's approved

specifications.

(f)   Defendants informed the The United States military was

informed that some users would obtain a better fit if they

folded back the opposing flanges of the CAEv2 before

insertion.

(g)   The United States military reordered the CAEv2 after being

informed about the flange fold described in Paragraph 18(f).

      (h)    The United States military continued using the CAEv2 after creating a wallet card that could be distributed to servicemembers, which included a picture of the CAEv2 with the flanges folded back.

      (i)    (g) Under the government contractor defense, ~~Defendants are~~Defendant is not liable for any injuries that Plaintiff suffered from use of the CAEv2.

19. ~~12.~~ Plaintiff's claims are preempted by federal law.

~~13. Plaintiff's punitive damages claims do not comply with the requirements of applicable state law and/or are not permitted under applicable state law.~~

20. Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and any potentially applicable state law.

21. ~~14.~~ The injuries and damages allegedly sustained by Plaintiff may have been caused, in whole or in part, by the negligent acts or omissions of individuals or entities other than ~~Defendants,~~Defendant—including but not

10

limited to Plaintiff, Other Defendants, Plaintiff's civilian employers, and the nonparty the United States—and, *inter alia*, fault may be apportioned to them as a result.

  22. ~~15.~~ Plaintiff's claims are barred by the sophisticated intermediary doctrine, learned intermediary doctrine, and bulk supplier or purchaser doctrine.

    (a) ~~Defendants instructed the~~ The United States military was instructed in the proper fitting of the CAEv2.

    (b) Defendant and Other Defendants reasonably relied on the United States military to convey those instructions to the users of the CAEv2.

    (c) The United States military trained users to fit the CAEv2 and created written instructions that advised some users to roll back the opposing flanges to attain the best fit.

  23. ~~16.~~ Plaintiff's alleged injuries may have been caused by pre-existing, intervening, or superseding acts of negligence by persons or entities over whom ~~Defendants exercise~~ Defendant exercises, or exercised, no control and for whose conduct ~~Defendants bear~~ Defendant bears no responsibility, including but not limited to Plaintiff, Other Defendants, and the United States.

24.   17. For a defense herein, ~~Defendants contend that their~~Defendant contends that its actions and omissions, if any, were superseded by unforeseeable, independent, intervening, and/or superseding events.

25.   18. Some or all of the damages requested ~~in the Master Complaint~~by Plaintiff are not recoverable in this action.

26.   19. Any recovery by Plaintiff is barred or to be reduced in accordance with the collateral source rule and the legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and rules barring windfalls and double recovery.

27.   20. ~~Defendants~~Defendant hereby ~~plead~~pleads any and all releases entered, or to be entered into by Plaintiff, as a reduction, in whole or in part, of any damages that Plaintiff may be entitled to recover from ~~Defendants~~Defendant, it being specifically denied that ~~Defendants are~~Defendant is liable to Plaintiff in any respect.

28.   21. For a defense herein, ~~Defendants contend that they are~~Defendant contends that it is entitled to a setoff for all settlements and compensation that Plaintiff has received, or may receive, as a result of the ~~accident~~conduct that is alleged to have occurred—including from Other Defendants.

29. ~~22.~~ For a defense herein, ~~Defendants contend~~Defendant contends that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

30. ~~23.~~ For a defense herein, ~~Defendants plead~~Defendant pleads that joint and several liability does not exist in states whose law may apply to this action.

31. ~~24.~~ Plaintiff's claims are barred because ~~Defendants'~~Defendant's products comported with applicable state of the art principles.

32. ~~25.~~ Plaintiff's claims are barred by applicable state-law presumptions governing product liability claims.

33. ~~26.~~ Plaintiff's claims are subsumed by applicable state-law product liability statutes and/or abrogated by applicable state-law product liability statutes (including by statutory defenses and affirmative defenses to product liability claims under the governing state law).

34. ~~27.~~ Plaintiff's claims are barred because he failed to provide reasonable notice of the alleged breach to ~~Defendants~~Defendant within a reasonable time.

35. ~~28.~~ Plaintiff's claims are barred because he lacks privity with ~~Defendants~~Defendant.

13

36. 29. Plaintiff's claims are barred on the grounds that Plaintiff may have failed to join necessary and indispensable parties and/or Plaintiff's claims will be tried in the absence of necessary and indispensable parties.

30. Plaintiff's claims are barred because any alleged risk of injury created was open and obvious.

14

37.     Plaintiff is barred from recovering any and all damages caused in whole, or in part, by the conduct of Other Defendants, as Defendant is not liable for the conduct of any of the Other Defendants because, *inter alia,* Defendant is not a successor in interest to any of the Other Defendants and/or did not directly assume any of the Other Defendants' liability for their products.[4]

       (a)     Defendant was not involved in the sale, marketing, or manufacturing of the CAEv2 before Aearo became Defendant's subsidiary in 2008.

       (b)     Defendant did not make any representations to the United States military about the CAEv2 before Aearo became Defendant's subsidiary in 2008.

       (c)     Defendant was not involved in the design of the CAEv2.

---

[4] As noted above, Defendant maintains that a lack of successor liability is not an affirmative defense. As such, Defendant includes Paragraph 37 out of an abundance of caution—without altering or establishing the relevant burden of proof.

38.   The injuries and damages allegedly sustained by Plaintiff may be due to pre-existing and/or subsequent conditions or causes; and, as a result, damages should be apportioned to those pre-existing and/or subsequent conditions or causes.[5]

Dated:  ~~February 22,~~ September 27, 2022          Respectfully submitted,

/s/ Kimberly Branscome
Kimberly Branscome
Jay Bhimani
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com
jay.bhimani@dechert.com

---

[5] Defendant maintains that this is not a defense or affirmative defense, and includes it out of an abundance of caution—without altering or establishing the relevant burden of proof. Indeed, it is a fundamental principle of tort law that "[n]o party should be liable for harm it did not cause, [so] an injury caused by two or more persons should be apportioned according to their respective shares of comparative responsibility." *See, e.g.*, Restatement (Third) of Torts § 26.

Jonathan Tam
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 262-4500
jonathan.tam@dechert.com

*Counsel for ~~Defendants~~Defendant 3M Company, ~~3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC~~*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing was filed electronically with the

Clerk of Court via the CM/ECF system on ~~February 22~~<u>September 27</u>, 2022 and

served electronically on all counsel of record.

<u>/s/ Kimberly Branscome</u>
Kimberly Branscome

18