# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | Case No. 3:19-md-02885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Gary R. Jones |
| This Document Relates to All Cases | ) | |

## AMENDED ANSWER TO MASTER LONG FORM COMPLAINT

Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC ("Defendants"), by and through their counsel, file the following Master Answer to Plaintiffs' Master Long Form Complaint and Jury Trial Demand (the "Master Complaint").[1]

Defendants have "agreed to the use of master pleadings" "[i]n light of the number of product liability complaints filed to date and likely to be filed in the future in these MDL proceedings, and the inefficiencies of drafting . . . individual answers to those complaints, and also in order to streamline the process for the Court's consideration of dispositive motions." Rec. Doc. 763 at 1 (Pretrial Order No. 17).

"As of the date [this] . . . Master Answer is filed, it will be deemed to have been filed in every current or future case against [] Defendant[s] in the MDL

---

[1] In response to the second sentence of the Master Complaint, Defendants incorporate and reference their admissions and averments in Paragraph 30 below.

proceedings, without any further action required by [] Defendant[s]." *Id.* at 3. "The adoption of the Master Answer in every case is without prejudice to Defendants later moving to dismiss certain counts alleged in the Master [] Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an Amended Answer to address specifically any individual Complaints . . . , or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool." *Id.* at 3–4.

## **INTRODUCTION**

1.      Defendants admit that Plaintiffs purport to assert claims for damages against Defendants, but deny that the Dual-Ended Combat Arms Earplug caused Plaintiffs any injuries or sequelae thereto and deny that they are liable to Plaintiffs under any theory of recovery.

2.      Defendants deny that the Dual-Ended Combat Arms Earplug is dangerously defective.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 of the Master Complaint.

3.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Master Complaint.

4.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Master Complaint.

5.      Defendants deny that the Dual-Ended Combat Arms Earplug is a dangerously defective product and deny knowing of any defects of the Dual-Ended Combat Arms Earplug.  Defendants admit selling the Dual-Ended Combat Arms Earplug to the United States to the military and/or to distributors for more than a decade.  Defendants admit selling ARC Earplugs and/or Indoor/Outdoor Range Earplugs to non-military purchasers and/or to distributors for more than a decade.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 of the Master Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Master Complaint.

7.      Defendants deny the allegations in Paragraph 7 of the Master Complaint.

8.      Defendants deny that the Dual-Ended Combat Arms Earplug has a dangerously defective design and deny that the design of the Dual-Ended Combat Arms Earplug allowed damaging sounds to enter Plaintiffs' ear canals.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the Master Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Master Complaint.

10.     Defendants deny the allegations in Paragraph 10 of the Master Complaint.

11.     Defendants admit providing the Dual-Ended Combat Arms Earplug to the United States military and/or to distributors between approximately 1999 and approximately 2015.

12.     Defendants deny the allegations in Paragraph 12 of the Master Complaint.

## **PARTIES**

13.     Defendants admit that "[t]he Plaintiffs' Steering Committee ("PSC") has filed a Master Complaint on behalf of all Plaintiffs asserting personal injury and product liability claims in these MDL proceedings."  Rec. Doc. 763 at 2 (Pretrial Order No. 17).

14.     Defendants deny that the Dual-Ended Combat Arms Earplug was dangerously defective and deny that Plaintiffs have suffered hearing-related injuries and sequelae as a result of using the Dual-Ended Combat Arms Earplug. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 of the Master Complaint.

15.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Master Complaint.

16.     Defendants admit that 3M Company is a Delaware corporation with its principal place of business in Minnesota.  Defendants admit that 3M Company is a citizen of Delaware and Minnesota for diversity of citizenship purposes.  Defendants object to the phrases "dominant market share," "virtually every safety product market," and "one of the largest companies in the United States" as vague, ambiguous, and undefined.  Defendants deny the remaining allegations in Paragraph 16 of the Master Complaint.

17.     Defendants admit that 3M Occupational Safety LLC is a Delaware limited liability company with its principal place of business in Minnesota.  Defendants admit that 3M Occupational Safety LLC is a citizen of Delaware and Minnesota for diversity of citizenship purposes.  Defendants admit that 3M Occupational Safety LLC is a wholly-owned subsidiary of Defendant 3M.

18.     Defendants admit the allegations in Paragraph 18 of the Master Complaint.

19.     Defendants admit the allegations in Paragraph 19 of the Master Complaint.

20.     Defendants admit that Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Aearo Defendants") are limited liability companies organized under the laws of Delaware.  Defendants admit that Aearo Intermediate LLC and Aearo LLC have their principal places of business in Indiana.  Defendants admit that Aearo Holding LLC and Aearo Technologies LLC have their principal places of business in Minnesota.  Defendants admit that the Aearo Defendants are citizens of Delaware and Minnesota for diversity of citizenship purposes.

(a)     Defendants incorporate and reference their admissions and averments in Paragraph 20 above.  Defendants admit that Aearo Holding LLC is a subsidiary of 3M.  Defendants admit that Aearo Holding LLC was formerly known as Aearo Holding Corporation.

(b)     Defendants incorporate and reference their admissions and averments in Paragraph 20 above.  Defendants admit that Aearo Intermediate LLC is a subsidiary of 3M Company.  Defendants admit that Aearo Intermediate LLC was formerly known as Aearo Technologies Inc.

(c)     Defendants incorporate and reference their admissions and averments in Paragraph 20 above.  Defendants admit that Aearo LLC is a subsidiary of 3M Company.  Defendants admit that Aearo LLC was formerly known as Aearo Corporation.

(d)     Defendants incorporate and reference their admissions and averments in Paragraph 20 above.  Defendants admit that Aearo Technologies LLC is a subsidiary of 3M Company.  Defendants deny that Aearo Technologies LLC has a principal place of business in Indiana.  Defendants deny the remaining allegations in Paragraph 20(d) of the Master Complaint.

21.     Defendants object to the allegations in Paragraph 21 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants admit that Aearo Technologies LLC is a successor of Aearo Company I.  Defendants further admit that the Aearo Defendants are indirect, wholly-owned subsidiaries of 3M.

## JURISDICTION AND VENUE

22.     Defendants admit that, in the case of at least some plaintiffs, the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a).  Defendants further state that the Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

23.     Defendants admit that Plaintiffs allege the existence of subject matter jurisdiction.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the Master Complaint.

24.     Defendants admit that they have removed some of the cases pending in this MDL to federal court pursuant to 28 U.S.C. § 1442.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of the Master Complaint.

25.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Master Complaint.

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Master Complaint.

27.     Defendants admit that, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation may transfer "civil actions involving one or more common questions of fact . . . to any district for coordinated or consolidated pretrial proceedings."  Defendants deny the remaining allegations in Paragraph 27 of the Master Complaint.

28.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Master Complaint.

29.     Defendants are without sufficient knowledge or information to admit
or deny the allegations in Paragraph 29(a)–(n) of the Master Complaint.

      (a)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (b)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (c)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (d)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (e)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (f)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (g)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

      (h)    Defendants incorporate and reference their admissions and
averments in Paragraph 29 above.

(i)     Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

(j)     Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

(k)     Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

(l)     Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

(m)    Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

(n)     Defendants incorporate and reference their admissions and averments in Paragraph 29 above.

## **FACTUAL ALLEGATIONS**

### *Defendants' Creation of the Dual-Ended Combat Arms Earplug*

30.     Defendants admit that the Dual-Ended Combat Arms Earplug is a one-sized, dual-ended, triple-flanged earplug.  Defendants admit that they, in collaboration with the United States military, created, manufactured, constructed, assembled, designed, tested, promoted, advertised, marketed, and distributed the Dual-Ended Combat Arms Earplug.  Defendants admit that they sold the Dual-

10

Ended Combat Arms Earplug to the United States Military and/or to distributors between approximately 1999 and approximately 2015, and sold the ARC Earplug and/or the Indoor Outdoor Range Earplug to non-military purchasers and/or distributors between approximately 2000 and approximately 2015.

31.    Defendants admit that each end of the Dual-Ended Combat Arms Earplug incorporates an Ultrafit-type earplug and admit that U.S. Patent No. 4,867,149 was assigned to Cabot Corporation.

32.    Defendants admit that U.S. Patent No. 4,867,149 discloses "a multiple flange earplug" and that it was issued to Robert N. Falco on September 19, 1989. Defendants admit that U.S. Patent No. 4,867,149 was assigned to Cabot Corporation.

33.    Defendants admit that both ends of the Dual-Ended Combat Arms Earplug incorporate a triple flange Ultrafit-type earplug.  Defendants admit that they, in collaboration with the United States military, designed the Dual-Ended Combat Arms Earplug to principally be used as a hearing protection device, and included a dual-mode feature enabling users to choose the required level of protection based on the type of activity that required hearing protection.

34.    Defendants admit that they, in collaboration with others, designed the green end to act like a traditional earplug, providing steady and continuous

11

protection from ambient noise.  Defendants deny the remaining allegations in Paragraph 34 of the Master Complaint.

35.     Defendants admit that at times the olive-colored end of the Dual-Ended Combat Arms Earplug was referred to as the "closed," "blocked," or "linear" end.

36.     Defendants admit that the yellow end of the Dual-Ended Combat Arms Earplug is attached to a non-linear filter, which allows lower-level sounds, such as speech, to pass through the earplug while reducing higher-level impulse noises, such as gunfire.  Defendants deny the remaining allegations in Paragraph 36 of the Master Complaint.

37.     Defendants admit that at times the yellow-colored end of the Dual-Ended Combat Arms Earplug was referred to as the "open," "unblocked," or "non-linear" end.

38.     Defendants admit that Pascal Hamery and Armand Dancer are listed as inventors on a United States Patent that discloses an "[a]coustic valve capable of selective and non-linear filtering of sound."  Defendants admit that the patent was issued in 2000 and was assigned to the French-German Institute of Saint-Louis. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 38 of the Master Complaint.

39.     Defendants admit that United States Patent Number 6,068,079 "propos[es] an acoustic valve with a more simple design permitting improved filtering performance compared with known devices."

40.     Defendants admit that United States Patent Number 6,068,079 describes an invention that is "placeable in the external auditory canal of a user by means of an earplug, and [is] especially for use in a military or industrial environment."  Defendants admit that United States Patent Number 6,068,079 describes an invention that "reduc[es] sudden noises, for example, the noise from firearms of all calibers or from industrial machines, such as metallurgical presses."

41.     Defendants admit that Pascal Hamery is listed as an inventor on a United States Patent that was issued in 2000 and describes a "hearing protector [with] two ends, both of which can be inserted into the auditory canal and is referred to as a 'double-ended' device."  Defendants deny the remaining allegations in Paragraph 41 of the Master Complaint.

42.     Defendants admit that United States Patent Number 6,070,693 states that the "double-ended" "hearing protector can function either in a selective attenuation mode or a maximum attenuation mode."  Defendants admit that the patent states that the invention "mak[es] it possible to choose between two

13

operating modes of attenuation that may or may not be identical." Defendants deny the remaining allegations in Paragraph 42 of the Master Complaint.

43.     Defendants admit that United States Patent Number 6,070,693 states that "[t]he hearing protector is intended to be sealingly inserted into the auditory canal of the user." Defendants deny the remaining allegations in Paragraph 43 of the Master Complaint.

44.     Defendants incorporate and reference their admissions and averments in Paragraphs 41, 42, and 43 above. Defendants deny the remaining allegations in Paragraph 44 of the Master Complaint.

45.     Defendants admit that they licensed various patents from ISL. Defendants deny the remaining allegations in Paragraph 45 of the Master Complaint.

46.     Defendants incorporate and reference their admissions and averments in Paragraphs 31, 32, 33, 34, 35, 36, and 37 above. Defendants admit that they, in collaboration with the United States military, created the Dual-Ended Combat Arms Earplug by attaching an Ultrafit-type earplug to either end of a plastic stem with a small opening in the center.

47.     Defendants admit that, in his October 7, 2015 deposition, Jeff Hamer was asked: "Now, Version 2, 3, and 4 [of the Combat Arms Earplug] all use the

same basic notion of taking a plug, like the Ultrafit plug, forming it with a channel in it, and then putting a -- this filter in it; correct?" Defendants further admit that Mr. Hamer responded: "The -- yeah, this filter assembly, correct." Defendants deny the remaining allegations in Paragraph 47 of the Master Complaint.

48.     Defendants admit that, in his April 24, 2013 deposition, Dr. Doug Ohlin was asked: "But didn't Aearo modify its product by adding the French filter?" Defendants further admit that Dr. Ohlin responded: "All they had to do was insert the filter. The hole was -- already there. I was looking for the most painless way to get this done." Defendants deny the remaining allegations in Paragraph 48 of the Master Complaint.

49.     Defendants admit the allegations in Paragraph 49 of the Master Complaint.

50.     Defendants deny that the allegations in Paragraph 50 of the Master Complaint contain a fair and complete description of Dr. Ohlin's deposition testimony. Defendants deny the allegations in Paragraph 50 of the Master Complaint.

51.     Defendants admit that the Combat Arms Earplug was jointly created by Defendants and the United States military.

*Civilian and Military Use*

52.     Defendants admit that the United States military assigned the Dual-Ended Combat Arms Earplug a national stock number and began purchasing the Dual-Ended Combat Arms Earplug in 1999.  Defendants deny the remaining allegations in Paragraph 52 of the Master Complaint.

53.     Defendants admit that they sold the Dual-Ended Combat Arms Earplug to the United States Military and/or distributors between approximately 1999 and approximately 2015, and sold the ARC Earplug and the Indoor/Outdoor Range Plug to non-military purchasers and/or distributors between approximately 2000 and approximately 2015.  Defendants deny the remaining allegations in Paragraph 53 of the Master Complaint.

54.     Defendants admit that, during his April 3, 2013 deposition, Brian McGinley was asked: "Oh, one is directed towards private sector companies and one is directed towards governmental entities[?]"  Defendants further admit that Mr. McGinley responded: "Well, the reality of it is we don't differentiate between them with any of our products.  I mean we sell into all markets.  So my answers would be the same regardless"  Defendants deny the remaining allegations in Paragraph 54 of the Master Complaint.

16

55.     Defendants admit that, during his October 8, 2015 deposition, Elliott Berger was asked: "So regular shooters also used the [ear]plug?" Defendants further admit that Mr. Berger responded: "It is sold in markets other than just the military."

56.     Defendants admit that some, but not all, Dual-Ended Combat Arms Earplugs were sold in blister packs. Defendants deny the remaining allegations in paragraph 56 of the Master Complaint.

57.     Defendants admit that 370-1011 was a product number for the Dual-Ended Combat Arms Earplug. The Dual-Ended Combat Arms Earplug also had other product numbers, including 370-1000. Defendants deny the remaining allegations in Paragraph 57 of the Master Complaint.

58.     Defendants admit that Mr. Berger wrote, in response to an inquiry about the potential use of the Dual-Sided Combat Arms Earplugs for tactical shooting training, that the earplugs "indeed provide level dependent protection - reduced attenuation when shots are not being fired and yet suitable protection in the presence of gunfire." Mr. Berger further explained that, "[t]hus [the earplugs are] ideal for outdoor shooting and hunting." But Mr. Berger also noted: "For hundreds or thousands of rounds fired at indoor reverberant ranges [the earplugs] will provide good protection, but you may wish greater protection that you could

17

obtain from our conventional products like our roll-down foam earplugs, or even better a muff over top of a plug." Defendants deny the remaining allegations in Paragraph 58 of the Master Complaint.

59.    Defendants object to the phrase "representations" as vague, ambiguous, and undefined. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Master Complaint.

60.    Defendants object to the allegation that Defendants sold "Dual-Ended Combat Arms Earplugs to civilians and the United States military, Defendants marketed, distributed, and sold the Dual-Ended Combat Arms Earplug commercially under different product names" as vague, ambiguous and undefined. Defendants admit that, in addition to selling the Dual-Ended Combat Arms Earplug, Defendants also sold the ARC Earplug and the Indoor/Outdoor Range Plug.

61.    Defendants object to the phrases "among other products" as vague, ambiguous, and undefined. Defendants admit that the Combat Arms Earplug version 2 and ARC Earplugs are both dual-ended earplugs. Defendants further admit that the Combat Arms Earplug version 2 and the ARC Earplugs differ in the color of the flanges.

62.     Defendants deny the allegations in Paragraph 62 of the Master Complaint.

63.     Defendants admit that a 3M employee stated in an internal e-mail about a pair of E-A-RCAL Attenuation Test reports that he "added the Arc plug name to" the test reports because "[t]he arc plug and dual end combat arms ear plug are the same except for the colors used." Defendants deny the remaining allegations of paragraph 63 of the Master Complaint.

64.     Defendants admit that the ARC Plug was marketed for industrial purposes. Defendants deny the remaining allegations in Paragraph 64 of the Master Complaint.

65.     Defendants admit that the ARC Plug was marketed for industrial purposes. Defendants deny the remaining allegations in Paragraph 65 of the Master Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Master Complaint.

67.     Defendants object to the phrase "a wide variety of users" as vague, ambiguous, and undefined. Defendants deny the remaining allegations in Paragraph 67 of the Master Complaint.

### *Defendants' Testing of the Dual-Ended Combat Arms Earplug*

68.　Defendants object to the allegations in Paragraph 68 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 68 of the Master Complaint.

69.　Defendants object to the allegations in Paragraph 69 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants admit that EPA regulations address the labeling and testing of hearing protection devices in certain contexts, but deny that the EPA regulations apply to sales to the United States military of equipment designed for combat use.

70.　Defendants admit that the American National Standards Institute (ANSI) has published a methodology for calculating the ability of certain hearing protective devices to reduce the level of sound entering the ear and Defendants admit that this ability is measured in decibels.

71.　Defendants object to the allegations in Paragraph 71 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants admit that "[t]he provisions of

20

[ANSI S3.19-1974], with [] modifications," are the standard for calculating the NRR of certain hearing protection devices.

72.     Defendants object to the allegations in Paragraph 72 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Master Complaint.

73.     Defendants admit that an NRR is "[a] single number noise reduction factor in decibels, determined by an empirically derived technique which takes into account performance variation of protectors in noise reducing effectiveness due to differing noise spectra, fit variability and the mean attenuation of test stimuli at the one-third octave band test frequencies."  Defendants deny the remaining allegations in Paragraph 73 of the Master Complaint.

74.     Defendants incorporate and reference their admissions and averments in Paragraph 71 above.

75.     Defendants admit that a higher NRR "denote[s] greater effectiveness." Defendants deny the remaining allegations in Paragraph 75 of the Master Complaint.

76.     Defendants object to the allegations in Paragraph 76 of the Master Complaint as they call for a legal conclusion and therefore, no response is required.

To the extent a response is required, Defendants admit that, in certain contexts, the EPA requires manufacturers to provide NRRs on the labels. Defendants deny that any such requirements override military specifications, and further deny that the EPA regulations apply to sales to the United States military of equipment designed for combat use.

### *Systematic Testing Bias*

77. Defendants admit that they have tested their hearing protection devices at the the E-A-RCAL laboratory since at least December 1999. Defendants deny the remaining allegations in Paragraph 77 of the Master Complaint.

78. Defendants admit the allegations in Paragraph 78 of the Master Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Master Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Master Complaint.

81. Defendants deny that the allegations in Paragraph 81 of the Master Complaint contain a fair and complete description of Mr. Berger's deposition

testimony.  Defendants deny the remaining allegations in Paragraph 81 of the Master Complaint.

82.     Defendants deny that the allegations in Paragraph 82 of the Master Complaint contain a fair and complete description of Mr. Kieper's deposition testimony.  Defendants deny the remaining allegations in Paragraph 82 of the Master Complaint.

83.     Defendants admit that they have applied the "Dixon outlier test" during tests related to hearing protective devices to determine—based on objective criteria—whether to retest a subject or test another subject, as necessary. Defendants thereafter reported any rejected data, the reasons for rejecting the data, and any effect on the final results, including NRR computations.  Defendants deny the remaining allegations in Paragraph 83 of the Master Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Master Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Master Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Master Complaint.

87.    Defendants admit that the EPA alleged that Cabot Safety Corporation violated the Noise Control Act.  The allegations were resolved on April 6, 1993 "without trial or adjudication of any issues of fact or law and without . . . an admission by [Cabot Safety Corp.] with respect to any such issues."  As part of the resolution, Cabot Safety Corp. agreed to pay $900,000.

*January 2000 Testing*

88.    Defendants deny the allegations in Paragraph 88 of the Master Complaint.

89.    Defendants admit that they were conducting tests of the Dual-Sided Combat Arms Earplug at the E-A-RCAL Laboratory in December 1999. Defendants deny the remaining allegations in Paragraph 89 of the Master Complaint.

90.    Defendants admit conducting a test, identified as Test 213015, which involved the closed, blocked, or linear end of the of the Dual-Ended Combat Arms Earplug.  Defendants deny the remaining allegations in Paragraph 90 of the Master Complaint.

91.    Defendants admit conducting a test, identified as Test 213016, which involved the open, unblocked, or non-linear end of the of the Dual-Ended Combat

24

Arms Earplug.  Defendants deny the remaining allegations in Paragraph 91 of the Master Complaint.

92.    Defendants admit the allegations in Paragraph 92 of the Master Complaint.

93.    Defendants incorporate and reference their admissions and averments in Paragraph 92 above.

94.    Defendants deny that the allegations in Paragraph 94 of the Master Complaint contain a fair and complete description of Mr. Kieper's deposition testimony.  Defendants deny the remaining allegations in Paragraph 94 of the Master Complaint.

95.    Defendants object to the allegations in Paragraph 95 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, defendants deny the allegations in Paragraph 95 of the Master Complaint.

96.    Defendants object to the allegations in Paragraph 96 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Master Complaint with respect to Dual-Sided Combat Arms Earplugs designed for combat use.

97.     Defendants deny that the allegations in Paragraph 97 of the Master Complaint contain a fair and complete description of Mr. Hamer's deposition testimony.  Defendants deny the remaining allegations in Paragraph 97 of the Master Complaint.

98.     Defendants admit that, when conducting a labeling test, they would normally select ten test subjects from a panel of individuals.  Defendants deny the remaining allegations in Paragraph 98 of the Master Complaint.

99.     Defendants admit that they determine the NRR by measuring a subject's hearing without an earplug, with the closed end inserted to achieve a best fit, and with the open end inserted to achieve a best fit.  Defendants deny the remaining allegations in Paragraph 99 of the Master Complaint.

100.   Defendants admit the allegations in Paragraph 100 of the Master Complaint.

101.   Defendants admit that, after evaluating test data from eight subjects who participated in Test 213015, Defendants decided not to test the final two subjects.

102.   Defendants deny the allegations in Paragraph 102 of the Master Complaint.

26

103.   Defendants deny that the allegations in Paragraph 103 of the Master Complaint contain a fair and complete description of Mr. Hamer's deposition testimony.  Defendants deny the remaining allegations in Paragraph 103 of the Master Complaint.

104.   Defendants deny that the allegations in Paragraph 104 of the Master Complaint contain a fair and complete description of Mr. Hamer's deposition testimony.  Defendants deny the remaining allegations in Paragraph 104 of the Master Complaint.

105.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 105 of the Master Complaint.

106.   Defendants admit that, after concluding Test 213015, they examined potential ways to address the variability in test results.  Defendants deny all remaining allegations in Paragraph 106 of the Master Complaint.

107.   Defendants admit that the geometry of a subject's earcanal opening sometimes prevented the deep plug insertion required for maximum attenuation values.  Defendants deny the remaining allegations in Paragraph 107 of the Master Complaint.

108.   Defendants deny that the allegations in Paragraph 108 of the Master Complaint contain a fair and complete description of Mr. Kieper's deposition

testimony.  Defendants deny the remaining allegations in Paragraph 108 of the Master Complaint.

109.   Defendants deny that the allegations in Paragraph 109 of the Master Complaint contain a fair and complete description of Mr. Kieper's deposition testimony.  Defendants deny the remaining allegations in Paragraph 109 of the Master Complaint.

110.   Defendants deny that the allegations in Paragraph 110 of the Master Complaint contain a fair and complete description of Mr. Kieper's deposition testimony.  Defendants deny the remaining allegations in Paragraph 110 of the Master Complaint.

111.   Defendants deny the allegations in Paragraph 111 of the Master Complaint.

112.   Defendants deny the allegations in Paragraph 112 of the Master Complaint.

113.   Defendants admit that, using data generated during Test 213016 of the open end of the Dual-Ended Combat Arms Earplug, an NRR of -2 was obtained.

114.   Defendants deny the allegations in Paragraph 114 of the Master Complaint.

115.   Defendants deny the allegations in Paragraph 115 of the Master Complaint.

116.   Defendants deny the allegation in Paragraph 116 of the Master Complaint.

117.   Defendants deny that the allegations in Paragraph 117 of the Master Complaint contain fair and complete descriptions of Mr. Hamer's and Mr. Kieper's deposition testimony.  Defendants deny the remaining allegations in Paragraph 117 of the Master Complaint.

118.   Defendants admit that they reported the NRR as 0.  Defendants deny the remaining allegations in Paragraph 118 of the Master Complaint.

119.   Defendants deny the allegations in Paragraph 119 of the Master Complaint.

120.   Defendants deny the allegations in Paragraph 120 of the Master Complaint.

121.   Defendants deny the allegations in Paragraph 121 of the Master Complaint.

122.   Defendants deny the allegations in Paragraph 122 of the Master Complaint.

123.   Defendants deny the allegations in Paragraph 123 of the Master Complaint.

*February 2000 Testing*

124.   Defendants deny the allegations in Paragraph 124 of the Master Complaint.

125.   Defendants admit the allegations in Paragraph 125 of the Master Complaint.

126.   Defendants admit that, for certain subjects, the fitting technique used in Test 213017 was different from that used in Test 213015.  Defendants deny the remaining allegations in Paragraph 126 of the Master Complaint.

127.   Defendants deny the allegations in Paragraph 127 of the Master Complaint.

128.   Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the Master Complaint.

129.   Defendants deny the allegations in Paragraph 129 of the Master Complaint.

130.   Defendants deny the allegations in Paragraph 130 of the Master Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Master Complaint.

132. Defendants admit that one subject was retested. Defendants deny the remaining allegations in Paragraph 132 of the Master Complaint.

133. Defendants deny the allegations in Paragraph 133 of the Master Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Master Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Master Complaint.

136. Defendants deny the allegations in Paragraph 136 of the Master Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Master Complaint.

138. Defendants deny the allegations in Paragraph 138 of the Master Complaint.

139. Defendants deny that the allegations in Paragraph 139 of the Master Complaint contain a fair and complete description of Mr. Hamer's deposition

testimony.  Defendants deny the remaining allegations in Paragraph 139 of the

Master Complaint.

140.   Defendants deny the allegations in Paragraph 140 of the Master

Complaint.

141.   Defendants deny the allegations in Paragraph 141 of the Master

Complaint.

142.   Defendants incorporate and reference their averments in Paragraph

141 above.

143.   Defendants admit that, in June 2004, they administered Test 215009

of the open end of the Dual-Ended Combat Arms Earplug.  The test involved ten

subjects and Defendants calculated an NRR of -1.  Defendants deny the remaining

allegations in Paragraph 143 of the Master Complaint.

144.   Defendants deny the allegations in Paragraph 144 of the Master

Complaint.

145.   Defendants deny the allegations in Paragraph 145 of the Master

Complaint.

146.   Defendants deny the allegations in Paragraph 146 of the Master

Complaint.

147.   Defendants deny the allegations in Paragraph 147 of the Master Complaint.

148.   Defendants deny the allegations in Paragraph 148 of the Master Complaint.

149.   Defendants admit that, in April 2006, they administered Test 215012 of the open end of the Dual-Ended Combat Arms Earplug.  The test involved ten subjects and Defendants calculated an NRR of 5.

150.   Defendants deny that the allegations in Paragraph 150 of the Master Complaint contain a fair and complete description of the report prepared by Mr. Berger and Mr. Kieper in 2010.  Defendants otherwise deny the allegations in Paragraph 150 of the Master Complaint.

151.   Defendants deny the allegations in Paragraph 151 of the Master Complaint.

152.   Defendants admit explaining that the open end of the Dual-Ended Combat Arms Earplug enhances situational awareness by allowing users to hear low-level sounds, like speech, while receiving protection from unexpected impulse noise.  Defendants deny the remaining allegations in Paragraph 152 of the Master Complaint.

33

153.   Defendants deny manipulating or misrepresenting the NRR for either end of the Dual-Ended Combat Arms Earplug.  Defendants deny the remaining allegations in Paragraph 153 of the Master Complaint.

*Defendants' False Claims About the Dual-Ended Combat Arms Earplug*

154.   Defendants admit that they sold the Dual-Ended Combat Arms Earplug to the United States Military and/or to distributors between approximately 1999 and approximately 2015, and sold the ARC Earplug and/or the Indoor Outdoor Range Earplug to non-military purchasers and/or distributors between approximately 2000 and approximately 2015.  Defendants deny the remaining allegations in Paragraph 154 of the Master Complaint.

155.   Defendants admit that the Dual-Ended Combat Arms Earplug was discontinued on or about November 2015.  Defendants deny the remaining allegations in Paragraph 155 of the Master Complaint.

156.   Defendants deny the allegations in Paragraph 156 of the Master Complaint.

*Inaccurate Noise Reduction Ratings*

157.   Defendants deny the allegations in Paragraph 157 of the Master Complaint.

34

158.   Defendants deny the allegations in Paragraph 158 of the Master Complaint.

159.   Defendants deny the allegations in Paragraph 159 of the Master Complaint.

160.   Defendants deny the allegations in Paragraph 160 of the Master Complaint.

161.   Defendants deny the allegations in Paragraph 161 of the Master Complaint.

162.   Defendants deny the allegations in Paragraph 162 of the Master Complaint.

163.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 163 of the Master Complaint.

*Inadequate Instructions and Warnings*

164.   Defendants deny the allegations in Paragraph 164 of the Master Complaint.

165.   Defendants deny the allegations in Paragraph 165 of the Master Complaint.

166.   Defendants deny the allegations in Paragraph 166 of the Master Complaint.

167.   Defendants deny the allegations in Paragraph 167 of the Master
Complaint.

168.   Defendants deny the allegations in Paragraph 168 of the Master
Complaint.

169.   Defendants deny the allegations in Paragraph 169 of the Master
Complaint.

170.   Defendants deny the allegations in Paragraph 170 of the Master
Complaint.

171.   Defendants deny the allegations in Paragraph 171 of the Master
Complaint.

172.   Defendants deny the allegations in Paragraph 172 of the Master
Complaint.

173.   Defendants admit that certain instructions on certain products
included the statement quoted in Paragraph 173 of the Master Complaint.
Defendants further state that certain packaging and labeling also included other
statements and instructions.  Defendants further state that representatives of the
military informed defendants that the military would provide instructions
concerning the use of earplugs.  Defendants further state that the packaging and

labeling used varied, depending upon the product and the time period. Defendants

deny the remaining allegations in Paragraph 173 of the Master Complaint.

174. Defendants are without sufficient knowledge or information to admit

or deny the allegations in Paragraph 174 of the Master Complaint.

175. Defendants deny that the allegations in Paragraph 175 of the Master

Complaint contain a fair and complete description of Mr. Berger's testimony.

Defendants otherwise deny the allegations in Paragraph 175 of the Master

Complaint.

176. Defendants deny that the allegations in Paragraph 176 of the Master

Complaint contain a fair and complete description of Ms. Bushman's testimony.

Defendants otherwise deny the allegations in Paragraph 176 of the Master

Complaint.

177. Defendants deny the allegations in Paragraph 177 of the Master

Complaint.

178. Defendants deny the allegations in Paragraph 178 of the Master

Complaint.

179. Defendants deny the allegations in Paragraph 179 of the Master

Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Master Complaint.

181. Defendants deny that the allegations in Paragraph 181 of the Master Complaint contain a fair and complete description of Mr. Berger's testimony. Defendants otherwise deny the allegations in Paragraph 181 of the Master Complaint.

182. Defendants deny the allegations in Paragraph 182 of the Master Complaint.

183. Defendants deny that the allegations in Paragraph 183 of the Master Complaint contain a fair and complete description of Mr. Berger's testimony. Defendants otherwise deny the allegations in Paragraph 183 of the Master Complaint.

184. Defendants deny the allegations in Paragraph 184 of the Master Complaint.

185. Defendants admit that Paragraph 185 of the Master Complaint contains a partial quote from a document. Defendants deny that the allegations in Paragraph 185 of the Master Complaint contain a fair and complete description of the document. Defendants deny the remaining allegations in Paragraph 185 of the Master Complaint.

186.   Defendants deny the allegations in Paragraph 186 of the Master Complaint.

187.   Defendants object to the allegations in Paragraph 187 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 187 of the Master Complaint.

188.   Defendants deny that the allegation in Paragraph 188 of the Master Complaint contains a fair and complete description of Mr. Berger's testimony. Defendants deny the remaining allegations in Paragraph 188 of the Master Complaint.

189.   Defendants admit that they discontinued the Dual-Ended Combat Arms Earplug on or about November 2015.  Defendants deny the remaining allegations in Paragraph 189 of the Master Complaint.

*Scientific Misrepresentations*

190.   Defendants deny the allegations in Paragraph 190 of the Master Complaint.

191.   Defendants deny that the allegations in Paragraph 191 of the Master Complaint contain a fair and complete description of the quoted document.

Defendants deny the remaining allegations in Paragraph 191 of the Master Complaint.

192.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 192 of the Master Complaint.

193.   Defendants deny the allegations in Paragraph 193 of the Master Complaint.

194.   Defendants deny that the allegations in Paragraph 194 of the Master Complaint contain a fair and complete description of the quoted email.  Defendants deny the remaining allegations in Paragraph 194 of the Master Complaint.

195.   Defendants admit that Paragraph 195 of the Master Complaint contains a quote from an email sent by Ted Madison of 3M.  Defendants deny that the allegations in Paragraph 195 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 195 of the Master Complaint.

196.   Defendants admit that Paragraph 196 of the Master Complaint contain two quotes from an email sent by Mr. Berger.  Defendants deny that the allegations in Paragraph 196 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 196 of the Master Complaint.

197.   Defendants admit that Paragraph 197 of the Master Complaint contains two quotes from an email written by Mr. Berger.  Defendants deny that the allegations in Paragraph 197 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 197 of the Master Complaint.

198.   Defendants admit that Paragraph 198 of the Master Complaint contains three quotes from an email written by Mr. Berger.  Defendants deny that the allegations in Paragraph 198 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 198 of the Master Complaint.

199.   Defendants admit that Paragraph 199 of the Master Complaint contains a quote from an email written by Mr. Berger.  Defendants deny that the allegations in Paragraph 199 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 199 of the Master Complaint.

200.   Defendants admit that Paragraph 200 of the Master Complaint contains a quote from an email written by Mr. Berger.  Defendants deny that the allegations in Paragraph 200 of the Master Complaint contain a fair and complete

description of the email. Defendants deny the remaining allegations in Paragraph 200 of the Master Complaint.

201. Defendants deny the allegations in Paragraph 201 of the Master Complaint.

202. Defendants deny that the allegations in Paragraph 202 of the Master Complaint contain a fair and complete description of the quoted document. Defendants deny the remaining allegations in Paragraph 202 of the Master Complaint.

*Fraudulent Concealment*

203. Defendants deny the allegations in Paragraph 203 of the Master Complaint.

204. Defendants deny the allegations in Paragraph 204 of the Master Complaint.

205. Defendants deny the allegations in Paragraph 205 of the Master Complaint.

206. Defendants object to the allegations in Paragraph 206 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 206 of the Master Complaint.

*Defendants' Discontinuation of Dual-Ended Combat Arms Earplug*

207. Defendants admit that the Dual-Ended Combat Arms Earplug was discontinued on or about November 2015.

208. Defendants object to the phrase "a long time in the making" as vague, ambiguous, and undefined. Defendants deny the remaining allegations in Paragraph 208 of the Master Complaint.

209. Defendants deny the allegations in Paragraph 209 of the Master Complaint.

210. Defendants deny that the allegations in Paragraph 210 of the Master Complaint contain a fair and complete description of the quoted documents. Defendants deny the remaining allegations in Paragraph 210 of the Master Complaint.

211. Defendants object to the phrase "plethora of problems" as vague, ambiguous, and undefined. Defendants admit developing a single-sided earplug with multiple tip sizes. Defendants deny the remaining allegations in Paragraph 211 of the Master Complaint.

212. Defendants deny that the allegations in Paragraph 212 of the Master Complaint contain a fair and complete description of the quoted document.

Defendants deny the remaining allegations in Paragraph 212 of the Master Complaint.

213.   Defendants admit that the quoted language in Paragraph 213 of the Master Complaint appeared in a discontinuation notice sent in November 2015. Defendants deny the remaining allegations in Paragraph 213 of the Master Complaint.

214.   Defendants admit that the Generation 4 Combat Arms Earplug is a single-sided earplug that provides both linear and non-linear protection. Defendants deny the remaining allegations in Paragraph 214 of the Master Complaint.

215.   Defendants deny the allegations in Paragraph 215 of the Master Complaint.

216.   Defendants object to the phrase "easier for users" as vague, ambiguous, and undefined.  Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 216 of the Master Complaint.

217.   Defendants deny that the allegations in Paragraph 217 of the Master Complaint contain a fair and complete description of Mr. Berger's deposition

testimony. Defendants deny the remaining allegations in Paragraph 217 of the Master Complaint.

218. Defendants deny that the allegations in Paragraph 218 of the Master Complaint contain a fair and complete description of Mr. Berger's deposition testimony. Defendants deny the remaining allegations in Paragraph 218 of the Master Complaint.

219. Defendants deny that the allegations in Paragraph 219 of the Master Complaint contain a fair and complete description of Mr. Berger's deposition testimony. Defendants deny the remaining allegations in Paragraph 219 of the Master Complaint.

220. Defendants state that the ARC Earplug and the Indoor Outdoor Range Earplug also have rearward-facing flanges. Defendants otherwise deny the allegations in Paragraph 220 of the Master Complaint.

221. Defendants deny that the Dual-Ended Combat Arms Earplug has any design defects. Defendants admit that Paragraph 221 of the Master Complaint contains a quote from an email written by Mr. Berger. Defendants deny that the allegations in Paragraph 221 of the Master Complaint contain a fair and complete description of Mr. Berger's email. Defendants deny the remaining allegations in Paragraph 221 of the Master Complaint.

45

222.   Defendants admit that the Generation 4 Combat Arms Earplug comes in three sizes.  Defendants deny the remaining allegations in Paragraph 222 of the Master Complaint.

223.   Defendants admit that users can obtain an effective seal when using Generation 4 Combat Arms Earplug.  Defendants deny the remaining allegation in Paragraph 223 of the Master Complaint.

224.   Defendants admit that Paragraph 224 of the Master Complaint contains a partial quote from an email.  Defendants deny that the allegations in Paragraph 224 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 224 of the Master Complaint.

225.   Defendants admit that Paragraph 225 of the Master Complaint contains a quote from a presentation.  Defendants deny that the allegations in Paragraph 225 of the Master Complaint contain a fair and complete description of the presentation.  Defendants deny the remaining allegations in Paragraph 225 of the Master Complaint.

226.   Defendants deny the allegations in Paragraph 226 of the Master Complaint.

227.   Defendants admit that a 23 NRR was measured in a test for this earplug.  Defendants deny the remaining allegations in Paragraph 227 of the Master Complaint.

228.   Defendants deny the allegations in Paragraph 228 of the Master Complaint.

229.   Defendants admit that a 22 NRR was calculated for the closed end of the Dual-Ended Combat Arms Earplug in Test 213017.  Defendants deny the remaining allegations in Paragraph 229 of the Master Complaint.

230.   Defendants deny the allegations in Paragraph 230 of the Master Complaint.

231.   Defendants object to the phrase "outperforms" as vague, ambiguous, and undefined.  Defendants deny the remaining allegations in Paragraph 231 of the Master Complaint.

232.   Defendants admit that Paragraph 232 of the Master Complaint contains a quote from a document dated in December 2010.  Defendants deny that the allegations in Paragraph 232 of the Master Complaint contain a fair and complete description of the document.  Defendants deny the remaining allegations in Paragraph 232 of the Master Complaint.

233.   Defendants admit that Paragraph 233 of the Master Complaint contains a quote from an email.  Defendants deny that the allegations in Paragraph 233 of the Master Complaint contain a fair and complete description of the email.  Defendants deny the remaining allegations in Paragraph 233 of the Master Complaint.

234.   Defendants admit that the Dual-Ended Combat Arms Earplug has not been recalled.  Defendants deny the remaining allegations in Paragraph 234 of the Master Complaint.

### *Defendants' Attempt to Block a Competitor from Entering the Market*

235.   Defendants deny the allegations in Paragraph 235 of the Master Complaint.

236.   Defendants admit that Moldex-Metric, Inc. ("Moldex") is a company based in Culver City, California that sells hearing protection devices.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 236 of the Master Complaint.

237.   Defendants are without sufficient knowledge or information to admit or deny when the BattlePlug was introduced to the market.  Defendants admit the remaining allegations in Paragraph 237 of the Master Complaint.

238.    Defendants deny the allegations in Paragraph 238 of the Master Complaint.

239.    Defendants admit that they filed suit to stop Moldex's alleged infringement of 3M's patents and recover damages.  Defendants deny the remaining allegations in Paragraph 239 of the Master Complaint.

240.    Defendants admit the allegations in Paragraph 240 of the Master Complaint.

241.    Defendants admit that, in their answer, Moldex denied that it was infringing the '693 patent.  Defendants deny the remaining allegations in Paragraph 241 of the Master Complaint.

242.    Defendants admit that the complaint sought injunctive relief to stop infringement of the '693 patent.  Defendants deny the remaining allegations in Paragraph 242 of the Master Complaint.

243.    Defendants admit that they sent a covenant not to sue to Moldex. Defendants deny the remaining allegations in Paragraph 243 of the Master Complaint.

244.    Defendants admit the allegations in Paragraph 244 of the Master Complaint.

245.    Defendants admit the allegations in Paragraph 245 of the Master Complaint.

246.    Defendants admit the allegations in Paragraph 246 of the Master Complaint.

247.    Defendants admit the allegations in Paragraph 247 of the Master Complaint.

248.    Defendants admit filing a covenant not to sue, which ended the lawsuit against Moldex.  Defendants deny the allegation in Paragraph 248 of the Master Complaint that the patent infringement claim was baseless or malicious. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 248 of the Master Complaint.

249.    Defendants admit that Moldex filed the lawsuit described in Paragraph 249 of the Master Complaint.

250.    Defendants admit that Moldex made the allegation described in Paragraph 250 of the Master Complaint.

251.    Defendants admit that the district court found that Moldex had shown "3M [wa]s not immune" to Moldex's malicious prosecution claim.

252.    Defendants admit the allegations in Paragraph 252 of the Master Complaint.

253.   Defendants deny the allegations in Paragraph 253 of the Master Complaint.

254.   Defendants deny the allegations in Paragraph 254 of the Master Complaint.

255.   Defendants deny the allegations in Paragraph 255 of the Master Complaint.

### *Defendants' Settlement with the United States Government*

256.   Defendants admit the allegation in Paragraph 256 of the Master Complaint.

257.   Defendants admit that the allegation in Paragraph 257 of the Master Complaint describes a claim made in Moldex's *qui tam* complaint against 3M.

258.   Defendants admit that the United States elected to intervene in the *qui tam* action.  Defendants deny the remaining allegations in Paragraph 258 of the Master Complaint.

259.   Defendants admit that they paid $9.1 million to settle the *qui tam* action filed by Moldex.  The settlement was not an admission of liability.  Defendants deny the remaining allegations in Paragraph 259 of the Master Complaint.

260.   Defendants admit that Paragraph 260 of the Master Complaint contains a quote from a government report.  Defendants deny that the allegations in Paragraph 260 of the Master Complaint contain a fair and complete description of the United States military's knowledge of how to obtain the best fit when using a Dual-Ended Combat Arms Earplug.  Defendants deny the remaining allegations in Paragraph 260 of the Master Complaint.

## CAUSES OF ACTION

### COUNT I
### DESIGN DEFECT - NEGLIGENCE

261.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

262.   Defendants object to the allegations in Paragraph 262 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, defendants deny the allegations in Paragraph 262 of the Master Complaint.

263.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 263 of the Master Complaint.

264.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 264 of the Master Complaint.

265.   Defendants deny the allegations in Paragraph 265 of the Master Complaint.

266.   Defendants deny the allegations in Paragraph 266 of the Master Complaint.

267.   Defendants deny the allegations in Paragraph 267 of the Master Complaint.

268.   Defendants deny the allegations in Paragraph 268 of the Master Complaint.

        (a)     Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

        (b)     Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

        (c)     Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

        (d)     Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

        (e)     Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(f)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(g)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(h)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(i)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(j)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(k)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(l)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(m)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

(n)    Defendants incorporate and reference their admissions and averments in Paragraph 268 above.

269.　Defendants deny the allegations in Paragraph 269 of the Master Complaint.

270.　Defendants deny the allegations in Paragraph 270 of the Master Complaint.

271.　Defendants deny the allegations in Paragraph 271 of the Master Complaint.

272.　Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 272 of the Master Complaint.

273.　Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 273 of the Master Complaint.

274.　Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 274 of the Master Complaint.

275.　Defendants object to the allegations in Paragraph 275 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 275 of the Master Complaint.

276.　Defendants deny the allegations in Paragraph 276 of the Master Complaint.

55

277.   Defendants deny the allegations in Paragraph 277 of the Master Complaint.

278.   Defendants deny the allegations in Paragraph 278 of the Master Complaint.

279.   Defendants deny the allegations in Paragraph 279 of the Master Complaint.

280.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 280 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT II
## DESIGN DEFECT - STRICT LIABILITY

281.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

282.   Defendants admit that, in collaboration with the United States military, they designed, manufactured, and sold the Dual-Ended Combat Arms Earplug.

283.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 283 of the Master Complaint.

284.   Defendants deny the allegations in Paragraph 284 of the Master Complaint.

285.   Defendants deny the allegations in Paragraph 285 of the Master Complaint.

286.   Defendants deny the allegations in Paragraph 286 of the Master Complaint.

287.   Defendants deny the allegations in Paragraph 287 of the Master Complaint.

288.   Defendants deny the allegations in Paragraph 288 of the Master Complaint.

289.   Defendants deny the allegations in Paragraph 289 of the Master Complaint.

290.   Defendants deny the allegations in Paragraph 290 of the Master Complaint.

291.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 291 of the Master Complaint.

292.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 292 of the Master Complaint.

293.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 293 of the Master Complaint.

294.   Defendants deny the allegations in Paragraph 294 of the Master Complaint.

295.   Defendants deny the allegations in Paragraph 295 of the Master Complaint.

296.   Defendants deny the allegations in Paragraph 296 of the Master Complaint.

297.   Defendants deny the allegations in Paragraph 297 of the Master Complaint.

298.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 298 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT III
## DESIGN DEFECT - NEGLIGENCE

299.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

300.   Defendants object to the allegations in Paragraph 300 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 300 of the Master Complaint.

58

301. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 301 of the Master Complaint.

302. Defendants deny the allegations in Paragraph 302 of the Master Complaint.

303. Defendants deny the allegations in Paragraph 303 of the Master Complaint.

304. Defendants deny the allegations in Paragraph 304 of the Master Complaint.

305. Defendants deny the allegations in Paragraph 305 of the Master Complaint.

306. Defendants deny the allegations in Paragraph 306 of the Master Complaint.

307. Defendants deny the allegations in Paragraph 307 of the Master Complaint.

308. Defendants deny the allegations in Paragraph 308 of the Master Complaint.

309. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 309 of the Master Complaint.

310.   Defendants deny the allegations in Paragraph 310 of the Master Complaint.

311.   Defendants deny the allegations in Paragraph 311 of the Master Complaint.

312.   Defendants deny the allegations in Paragraph 312 of the Master Complaint.

313.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 313 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT IV
## FAILURE TO WARN - STRICT LIABILITY

314.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

315.   Defendants incorporate and reference their admissions and averments in Paragraph 282 above.

316.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 316 of the Master Complaint.

317.   Defendants deny the allegations in Paragraph 317 of the Master Complaint.

318.   Defendants deny the allegations in Paragraph 318 of the Master Complaint.

319.   Defendants deny the allegations in Paragraph 319 of the Master Complaint.

320.   Defendants deny the allegations in Paragraph 320 of the Master Complaint.

321.   Defendants deny the allegations in Paragraph 321 of the Master Complaint.

322.   Defendants deny the allegations in Paragraph 322 of the Master Complaint.

323.   Defendants deny the allegations in Paragraph 323 of the Master Complaint.

324.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 324 of the Master Complaint.

325.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 325 of the Master Complaint.

326.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 326 of the Master Complaint.

327.   Defendants deny the allegations in Paragraph 327 of the Master Complaint.

328.   Defendants deny the allegations in Paragraph 328 of the Master Complaint.

329.   Defendants deny the allegations in Paragraph 329 of the Master Complaint.

330.   Defendants deny the allegations in Paragraph 330 of the Master Complaint.

331.   Defendants deny the allegations in Paragraph 331 of the Master Complaint.

332.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 332 of the Master Complaint.

333.   Defendants deny the allegations in Paragraph 333 of the Master Complaint.

334.   Defendants deny the allegations in Paragraph 334 of the Master Complaint.

335.   Defendants deny the allegations in Paragraph 335 of the Master Complaint.

336.   Defendants deny the allegations in Paragraph 336 of the Master Complaint.

337.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 337 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT V
## BREACH OF EXPRESS WARRANTY

338.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

339.   Defendants deny the allegations in Paragraph 339 of the Master Complaint.

340.   Defendants deny the allegations in Paragraph 340 of the Master Complaint.

(a)   Defendants incorporate and reference their admissions and averments in Paragraph 340 above.

(b)   Defendants incorporate and reference their admissions and averments in Paragraph 340 above.

(c)   Defendants incorporate and reference their admissions and averments in Paragraph 340 above.

(d)     Defendants incorporate and reference their admissions and averments in Paragraph 340 above.

341.   Defendants deny the allegations in Paragraph 341 of the Master Complaint.

342.   Defendants deny the allegations in Paragraph 342 of the Master Complaint.

343.   Defendants deny the allegations in Paragraph 343 of the Master Complaint.

344.   Defendants deny the allegations in Paragraph 344 of the Master Complaint.

345.   Defendants deny the allegations in Paragraph 345 of the Master Complaint.

346.   Defendants deny the allegations in Paragraph 346 of the Master Complaint.

347.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 347 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT VI
## BREACH OF IMPLIED WARRANTIES

348. Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

349. Defendants object to the allegations in Paragraph 349 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 349 of the Master Complaint.

350. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 350 of the Master Complaint.

351. Defendants deny the allegations in Paragraph 351 of the Master Complaint.

352. Defendants deny the allegations in Paragraph 352 of the Master Complaint.

353. Defendants deny the allegations in Paragraph 353 of the Master Complaint.

354. Defendants deny the allegations in Paragraph 354 of the Master Complaint.

355. Defendants deny the allegations in Paragraph 355 of the Master Complaint.

356. Defendants deny the allegations in Paragraph 356 of the Master Complaint.

357. Defendants object to the allegations in Paragraph 357 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 357 of the Master Complaint.

(a) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(b) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(c) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(d) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(e) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(f) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(g)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(h)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(i)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(j)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(k)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(l)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(m)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(n)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(o)     Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(p)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(q)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(r)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(s)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(t)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(u)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(v)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(w)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(x)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(y)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(z)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(aa)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(bb)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(cc)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(dd)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ee)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ff)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(gg)    Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(hh) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ii) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(jj) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(kk) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ll) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(mm) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(nn) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(oo) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(pp) Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(qq)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(rr)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ss)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(tt)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(uu)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(vv)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(ww)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(xx)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

(yy)   Defendants incorporate and reference their admissions and averments in Paragraph 357 above.

358.   Defendants deny the allegations in Paragraph 358 of the Master Complaint.

359.   Defendants deny the allegations in Paragraph 359 of the Master Complaint.

360.   Defendants deny the allegations in Paragraph 360 of the Master Complaint.

361.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 361 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT VII
## NEGLIGENT MISREPRESENTATION

362.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

363.   Defendants object to the allegations in Paragraph 363 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 363 of the Master Complaint.

364.   Defendants deny the allegations in Paragraph 364 of the Master Complaint.

365.   Defendants deny the allegations in Paragraph 365 of the Master Complaint.

366.   Defendants deny the allegations in Paragraph 366 of the Master Complaint.

367.   Defendants deny the allegations in Paragraph 367 of the Master Complaint.

368.   Defendants deny the allegations in Paragraph 368 of the Master Complaint.

369.   Defendants deny the allegations in Paragraph 369 of the Master Complaint.

370.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 370 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT VIII
## FRAUDULENT MISREPRESENTATION

371.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

372.   Defendants deny the allegations in Paragraph 372 of the Master Complaint.

373.   Defendants deny the allegations in Paragraph 373 of the Master Complaint.

374.   Defendants deny the allegations in Paragraph 374 of the Master Complaint.

375.   Defendants deny the allegations in Paragraph 375 of the Master Complaint.

376.   Defendants deny the allegations in Paragraph 376 of the Master Complaint.

377.   Defendants deny the allegations in Paragraph 377 of the Master Complaint.

378.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 378 of the Master Complaint.

379.   Defendants deny the allegations in Paragraph 379 of the Master Complaint.

380.   Defendants deny the allegations in Paragraph 380 of the Master Complaint.

381.   Defendants deny the allegations in Paragraph 381 of the Master Complaint.

382. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 382 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT IX
## FRAUDULENT CONCEALMENT

383. Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

384. Defendants deny the allegations in Paragraph 384 of the Master Complaint.

385. Defendants deny the allegations in Paragraph 385 of the Master Complaint.

386. Defendants deny the allegations in Paragraph 386 of the Master Complaint.

> (a) Defendants incorporate and reference their admissions and averments in Paragraph 386 above.
>
> (b) Defendants incorporate and reference their admissions and averments in Paragraph 386 above.
>
> (c) Defendants incorporate and reference their admissions and averments in Paragraph 386 above.

75

(d)     Defendants incorporate and reference their admissions and averments in Paragraph 386 above.

(e)     Defendants incorporate and reference their admissions and averments in Paragraph 386 above.

387.    Defendants object to the allegations in Paragraph 387 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 387 of the Master Complaint.

388.    Defendants deny the allegations in Paragraph 388 of the Master Complaint.

389.    Defendants deny the allegations in Paragraph 389 of the Master Complaint.

390.    Defendants deny the allegations in Paragraph 390 of the Master Complaint.

391.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 391 of the Master Complaint.

392.    Defendants deny the allegations in Paragraph 392 of the Master Complaint.

393.  Defendants deny the allegations in Paragraph 393 of the Master Complaint.

394.  Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 394 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT X
## FRAUD AND DECEIT

395.  Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

396.  Defendants deny the allegations in Paragraph 396 of the Master Complaint.

397.  Defendants deny the allegations in Paragraph 397 of the Master Complaint.

398.  Defendants object to the allegations in Paragraph 398 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 398 of the Master Complaint.

399.  Defendants deny the allegations in Paragraph 399 of the Master Complaint.

400.   Defendants deny the allegations in Paragraph 400 of the Master Complaint.

401.   Defendants deny the allegations in Paragraph 401 of the Master Complaint.

402.   Defendants deny the allegations in Paragraph 402 of the Master Complaint.

403.   Defendants deny the allegations in Paragraph 403 of the Master Complaint.

404.   Defendants deny the allegations in Paragraph 404 of the Master Complaint.

405.   Defendants deny the allegations in Paragraph 405 of the Master Complaint.

406.   Defendants deny the allegations in Paragraph 406 of the Master Complaint.

407.   Defendants deny the allegations in Paragraph 407 of the Master Complaint.

408.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 408 of the Master Complaint.

409.   Defendants deny the allegations in Paragraph 409 of the Master Complaint.

410.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 410 of the Master Complaint.

411.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 411 of the Master Complaint.

412.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 412 of the Master Complaint.

413.   Defendants deny the allegations in Paragraph 413 of the Master Complaint.

414.   Defendants deny the allegations in Paragraph 414 of the Master Complaint.

415.   Defendants deny the allegations in Paragraph 415 of the Master Complaint.

416.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 416 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT XI
## GROSS NEGLIGENCE

417. Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

418. Defendants deny the allegations in Paragraph 418 of the Master Complaint.

419. Defendants object to the allegations in Paragraph 419 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 419 of the Master Complaint.

420. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 420 of the Master Complaint.

421. Defendants admit that Plaintiffs seek punitive damages in the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT XII
## NEGLIGENCE PER SE

422. Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

80

423.    Defendants object to the allegations in Paragraph 423 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 423 of the Master Complaint.

424.    Defendants object to the allegations in Paragraph 424 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 424 of the Master Complaint.

425.    Defendants object to the allegations in Paragraph 425 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 425 of the Master Complaint.

426.    Defendants deny the allegations in Paragraph 426 of the Master Complaint.  To the extent a response is required, Defendants deny the allegations in Paragraph 426 of the Master Complaint.

427.    Defendants object to the allegations in Paragraph 427 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 427 of the Master Complaint.

428.   Defendants object to the allegations in Paragraph 428 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 428 of the Master Complaint.

429.   Defendants object to the allegations in Paragraph 429 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 429 of the Master Complaint.

430.   Defendants object to the allegations in Paragraph 430 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 430 of the Master Complaint.

431.   Defendants deny the allegations in Paragraph 431 of the Master Complaint.

432.   Defendants deny the allegations in Paragraph 432 of the Master Complaint.

433.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 433 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT XIII
## CONSUMER FRAUD AND/OR UNFAIR AND
## DECEPTIVE TRADE PRACTICES UNDER STATE LAW

434.    Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

435.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 435 of the Master Complaint.

436.    Defendants object to the allegations in Paragraph 436 of the Master Complaint as they call for a legal conclusion and therefore, no response is required.

437.    Defendants are without sufficient knowledge or information to admit or deny whether Plaintiffs purchased and/or used the Dual-Ended Combat Arms Earplug.  Defendants deny the remaining allegations in Paragraph 437 of the Master Complaint.

438.    Defendants deny engaging in deceptive conduct.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 438 of the Master Complaint.

439.   Defendants deny causing Plaintiffs to suffer injuries or incur medical expenses.

440.   Defendants object to the allegations in Paragraph 440 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 440 of the Master Complaint.

> (a)    Defendants incorporate and reference their admissions and averments in Paragraph 440 above.

> (b)    Defendants incorporate and reference their admissions and averments in Paragraph 440 above.

> (c)    Defendants incorporate and reference their admissions and averments in Paragraph 440 above.

441.   Defendants deny the allegations in Paragraph 441 of the Master Complaint.

442.   Defendants object to the allegations in Paragraph 442 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge

or information to admit or deny the allegations in Paragraph 442 of the Master Complaint.

443.   Defendants object to the allegations in Paragraph 443 of the Master Complaint as they call for a legal conclusion and therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 443 of the Master Complaint.

> (a)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.
>
> (b)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.
>
> (c)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.
>
> (d)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.
>
> (e)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.
>
> (f)   Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(g)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(h)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(i)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(j)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(k)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(l)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(m)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(n)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(o)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(p)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(q)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(r)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(s)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(t)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(u)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(v)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(w)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(x)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(y)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(z)     Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(aa)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(bb)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(cc)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(dd)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ee)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ff)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(gg)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(hh)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ii)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(jj)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(kk)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ll)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(mm)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(nn)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(oo)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(pp)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(qq)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(rr)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ss)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(tt)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(uu)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(vv)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(ww)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(xx)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(yy)    Defendants incorporate and reference their admissions and averments in Paragraph 443 above.

(zz)   Defendants incorporate and reference their admissions and

averments in Paragraph 443 above.

444.   Defendants object to the allegations in Paragraph 444 of the Master

Complaint as they call for a legal conclusion and therefore, no response is required.

To the extent a response is required, Defendants deny the allegations in Paragraph

444 of the Master Complaint.

445.   Defendants deny the allegations in Paragraph 445 of the Master

Complaint.

446.   Defendants deny the allegations in Paragraph 446 of the Master

Complaint.

447.   Defendants deny the allegations in Paragraph 447 of the Master

Complaint.

448.   Defendants deny making any misrepresentations or omissions.

Defendants are without sufficient knowledge or information to admit or deny the

remaining allegations in Paragraph 448 of the Master Complaint.

449.   Defendants deny the allegations in Paragraph 449 of the Master

Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

91

## COUNT XIV
## LOSS OF CONSORTIUM

450.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

451.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 451 of the Master Complaint.

452.   Defendants deny the allegations in Paragraph 452 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT XV
## UNJUST ENRICHMENT

453.   Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

454.   Defendants admit that they earned revenue from selling the Dual-Ended Combat Arms Earplug.

455.   Defendants deny the allegations in Paragraph 455 of the Master Complaint.

Defendants deny that Plaintiffs are entitled to any form of relief.

## COUNT XVI
## PUNITIVE DAMAGES

456. Defendants adopt and incorporate by reference each and every denial and/or averment in the preceding paragraphs.

457. Defendants deny the allegations in Paragraph 457 of the Master Complaint.

     (a)    Defendants incorporate and reference their admissions and averments in Paragraph 457 above.

     (b)    Defendants incorporate and reference their admissions and averments in Paragraph 457 above.

     (c)    Defendants incorporate and reference their admissions and averments in Paragraph 457 above.

     (d)    Defendants incorporate and reference their admissions and averments in Paragraph 457 above.

     (e)    Defendants incorporate and reference their admissions and averments in Paragraph 457 above.

Defendants deny that Plaintiffs are entitled to any form of relief.

## TIMELINESS AND TOLLING OF STATUTES OF LIMITATIONS

458. Defendants deny the allegations in Paragraph 458 of the Master Complaint.

93

459. Defendants deny the allegations in Paragraph 459 of the Master Complaint.

460. Defendants deny the allegations in Paragraph 460 of the Master Complaint.

461. Defendants deny the allegations in Paragraph 461 of the Master Complaint.

462. Defendants deny the allegations in Paragraph 462 of the Master Complaint.

463. Defendants deny the allegations in Paragraph 463 of the Master Complaint.

## **JURY DEMAND**

Defendants demand a trial by jury of all issues triable as a matter of right.

## **PRAYER FOR RELIEF**

Defendants deny the allegations in Plaintiffs' Prayer for Relief, including in subparagraphs (i) through (xv), deny Plaintiffs are entitled to the relief requested, or any other relief, and demand strict proof thereof.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendants, by and through their counsel, set forth and assert the following defenses and affirmative defenses to the Master Complaint:

94

1. Defendants deny each and every allegation contained in Plaintiffs' Master Complaint except those specifically admitted above.

2. Plaintiffs' Master Complaint fails to state a claim upon which relief may be granted.

3. Plaintiffs' Master Complaint fails to plead fraud with particularity.

4. To the extent Defendants are liable for any injuries suffered by Plaintiffs, Defendants' liability must be reduced under principles of contributory or comparative negligence.

5. Defendants are not liable for any injuries suffered by Plaintiffs from their use of the Double-Sided Combat Arms Earplugs because Plaintiffs misused the product in an abnormal manner that was not reasonably foreseeable to Defendants.

6. Defendants are not liable for any injuries suffered by Plaintiffs from their use of the Double-Sided Combat Arms Earplugs because Plaintiffs assumed the risk when they knowingly and voluntarily exposed themselves to potentially damaging noises.

7. Plaintiffs failed to mitigate their damages by failing to take all reasonable and necessary care to minimize their injuries and the consequences therefrom.

8. Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose. Assuming that the Dual-Sided Combat Earplugs provided insufficient noise attenuation, Plaintiffs learned or should have learned of this issue while using the earplugs.

9. Plaintiffs' claims are barred by the doctrine of laches.

10. Plaintiffs' breach of warranty claims and causes of action are barred and/or recovery is limited in whole or in part by applicable written, contractual warranty exclusions, modifications, limitation of liability, and/or limitation of damages or remedies available.

11. Plaintiffs' claims are barred by the government contractor defense.

    (a) The United States military commissioned Defendants to develop the Dual-Sided Combat Arms Earplug.

    (b) The United States military specified that the earplug be double-sided.

    (c) The United States military specified that the earplug provide linear and non-linear protection.

    (d) The United States military specified that the earplug's color scheme be suitable for military service.

    (e)    The United States military specified that the earplug fit in a standard military carrying case.

    (f)    The Dual-Sided Combat Arms Earplug satisfied these specifications because it was a double-sided earplug with green and yellow tips that fit in the military's carrying case while providing linear and non-linear protection.

    (g)    Defendants warned the United States military that there were tradeoffs associated with shortening the Dual-Sided Combat Arms Earplug to fit in the standard military carrying case.

    (h)    Under the government contractor defense, Defendants are not liable for any injuries that Plaintiffs suffered from use of the Dual-Sided Combat Arms Earplug.

12.    Plaintiffs' claims are barred by the combatant activities defense. 28 U.S.C. § 2680(j).

    (a)    Plaintiffs allege that they suffered injuries while using the Dual-Sided Combat Arms Earplug "in myriad contexts" "during their military service, which included among other things, firearms training, vehicle use and maintenance, . . . and/or active military duty domestically and/or abroad." Master Complaint ¶¶ 2, 4.

97

(b)     During the time period relevant to this case, the United States

was openly engaged in military hostilities in multiple countries.

*See, e.g.*, Authorization for Use of Military Force, S.J. Res. 23,

107th Cong. (2001).

(c)     To support Plaintiffs' combat activities, the United States

military exerted control over the development of the Dual-Sided

Combat Arms Earplug.  Specifically, the United States military

collaborated with Defendants to design the Dual-Sided Combat

Arms Earplug; imposed design restrictions, i.e., limited the

length of a Dual-Sided Combat Arms Earplug; drafted

instructional materials for the use of Dual-Sided Combat Arms

Earplugs; and developed training materials for use by military

personnel.

(d)     Under the combatant activities defense, Defendants are not

liable for any injuries that Plaintiffs suffered from use of the

Dual-Sided Combat Arms Earplug.

13.     Plaintiffs' claims are preempted by federal law.

14.     For actions transferred to this MDL where plaintiffs have not established personal jurisdiction in the original venue, plaintiffs' claims are barred by lack of personal jurisdiction.

15.     For actions transferred to this MDL where plaintiffs have not established that the original venue is a proper venue, plaintiffs' claims are barred by improper venue.

16.     Plaintiffs' punitive damages claims do not comply with the requirements of applicable state law.

17.     The damages allegedly sustained by Plaintiffs may have been caused by the negligent acts or omissions, in whole or in part, of individuals or entities other than Defendants, including but not limited to the United States and Plaintiffs.

18.     Plaintiffs' claims are barred by the sophisticated intermediary doctrine.  *See, e.g.*, *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 837–39 (2d Cir. 1992).

> (a)     Defendants instructed the United States military in the proper fitting of the Dual-Sided Combat Arms Earplugs.
>
> (b)     Defendants reasonably relied on the United States military to convey those instructions to the users of the Dual-Sided Combat Arms Earplugs.

(c)     The United States military trained users to fit the Dual-Sided

Combat Arms Earplugs and created written instructions that

advised some users to roll back the opposing flanges to attain

the best fit.

19.     Plaintiffs' alleged injuries may have been caused by the intervening or

superseding acts of negligence by persons over whom Defendants exercise no

control and for whose conduct Defendants bear no responsibility, including but not

limited to the United States.

20.     For a defense herein, Defendants contend that their actions and

omissions, if any, were superseded by unforeseeable, independent, intervening, and

superseding events.

21.     Some or all of the damages requested in the Master Complaint are not

recoverable in this action.

22.     Any recovery by Plaintiffs is barred or to be reduced in accordance

with the collateral source rule and the legal and equitable principles of payment,

satisfaction, accord and satisfaction, setoff, and rules barring windfalls and double

recovery.

23.     Defendants hereby pleads any and all releases entered, or to be

entered into by Plaintiffs, as a reduction, in whole or in part, of any damages that

Plaintiffs may be entitled to recover from Defendants, it being specifically denied that Defendants is liable to Plaintiffs in any respect.

24.     For a defense herein, Defendants contend that they are entitled to a setoff for all settlements and compensation that Plaintiffs have received, or may receive, as a result of the accident that is alleged to have occurred.

25.     For a defense herein, Defendants contends that Plaintiffs are barred from recovering all damages or medical expenses paid or payable from collateral sources.

26.     For a defense herein, Defendants plead that joint and several liability does not exist in various states in which Plaintiffs seek to impose joint and several liability.

DATED: February 3, 2020          By: *Kimberly Branscome*

Kimberly Branscome
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel.:  (310) 552-4200
Email: kimberly.branscome@kirkland.com

*Attorney for Defendants 3M Company, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC, and Aearo, LLC*

101

## CERTIFICATE OF SERVICE

I, Kimberly Branscome, hereby certify that on February 3, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

DATED: February 3, 2020       By: *Kimberly Branscome*

Kimberly Branscome
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel.: (310) 552-4200
Email: kimberly.branscome@kirkland.com

*Attorney for Defendants 3M Company,*
*Aearo Technologies LLC, Aearo Holdings,*
*LLC, Aearo Intermediate, LLC, and Aearo,*
*LLC*