UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 ) ) ) |
| | ) Judge M. Casey Rodgers ) |
| This Document Relates to | ) Magistrate Judge Gary R. Jones ) |
| *Victoria Raimondi*, 7:20-cv-27297 | ) ) ) |
| *Charles Bishop*, 7:20-cv-18127 | ) ) ) |
| *Eric Kafka*, 7:21-cv-00832 | ) ) ) |
| *Shadrika Angel*, 7:20-cv-26795 | ) ) ) |
| *Alfred Martin*, 7:21-cv-43855 | ) ) ) |
| *Gerald Tuttle*, 7:20-cv-20031 | ) ) ) |

**DEFENDANT 3M CO.'S MOTION FOR STAY OF DISCOVERY AND FOR AN ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

1

Case Management Order ("CMO") 47 (ECF No. 3126) required certain Wave 3 Plaintiffs to access and produce records from TRICARE, MyHealtheVet, and MilConnect by July 7, 2022. It is almost three months past that deadline, and Plaintiffs Raimondi, Bishop, Kafka, Angel, Martin, and Tuttle, have not produced one or more of these categories of records. Defendant 3M Co.[1] submits that discovery in these cases should be immediately stayed, and moves the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice for their failure to comply with CMO 47 (ECF No. 3126) ("Wave Order #3").

## I.   FACTUAL BACKGROUND

Since the outset of this litigation, the Parties and the Government have conferred regarding efficient, fulsome collection and production of Plaintiffs' Government records, which are critical categories of discovery both for the pursuit and defense of Plaintiffs' claims. *See, e.g.*, May 20, 2019 *Touhy* Presentation Tr.

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Motion due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. 3M reserves all rights with respect to its Motion for Declaratory and Injunctive Relief (Adv. Proc. No. 22-50059, ECF No. 2) and any appeal of the Bankruptcy Court's August 26 Order.

(ECF No. 399); *see also* Order, ECF No. 3049 at 2 (recognizing that "the United States [is] a critical source for third-party discovery" in this litigation). One process by which to obtain Plaintiffs' Government records is through the submission of *Touhy* requests. Alternatively, as explained by letter dated October 19, 2021, many servicemembers and veterans can access their DoD medical records through the TRICARE Online Patient Portal ("TRICARE") and their personnel records through MilConnect, and veterans can access their medical records through MyHealtheVet. Oct. 19, 2021 DOJ Letter (ECF No. 3126-2).

In preparation for Wave 3, counsel for the Parties conferred regarding all Wave 3 deadlines—including a deadline for certain Plaintiffs to access and produce records from TRICARE, MyHealtheVet, and MilConnect. The Court accepted the Parties' proposal and ordered as follows:

> For any wave Plaintiff who has not received a VA **and** DoD *Touhy* production from the government **or** was not part of the Court's "Second 1%" selection of cases (*see* Exhibit A) (hereinafter, "Non-Second 1% Plaintiffs"), within 45 days of this Order (by July 7, 2022), Plaintiffs must produce to Defendants, through MDL Centrality, copies of Plaintiffs' relevant records accessible via the public online sources, MyHealtheVet portal, the TRICARE Online Patient Portal, **and** MilConnect.

CMO 47 § I.2 (ECF No. 3126) (emphasis added). The Court pointed the Wave 3 Plaintiffs [2] subject to this provision to the above-referenced October 19, 2021 letter,

---

[2] *See* CMO 47 Ex. A (ECF No. 3126-1) (identifying 393 Plaintiffs as subject to this provision).

3

which provided detailed instructions for accessing the information they must produce. *See* CMO 47 at 2 n.1 (ECF No. 3126).

Attached as Exhibit A to Wave Order #3, the Court noted whether each Wave 3 Plaintiff (1) received VA documents, (2) received DOD documents, and (3) was included in the Second 1%. In accordance with Section I.2, if ***any*** of these three columns has a "No" designation, the Plaintiff was required to access and produce records from the "MyHealtheVet portal, the TRICARE Online Patient Portal, ***and*** MilConnect" by July 7, 2022. CMO 47 § I.2 (ECF No. 3126) (emphasis added); *see* CMO 47 Ex. A (ECF No. 3126-1).

Plaintiffs Raimondi, Bishop, Kafka, Angel, Martin, and Tuttle were not included in the Second 1% and were therefore required to produce records from MyHealtheVet, TRICARE, and MilConnect by July 7, 2022. *See* CMO 47 Ex. A (ECF No. 3126-1). Two weeks before the deadline, on June 24, Defendant's counsel sent Wave 3 Plaintiffs' counsel an email to remind them of the July 7 production deadline. Nevertheless, more than 300 Wave 3 Plaintiffs failed to timely submit required records from MyHealtheVet, TRICARE, and/or MilConnect.

Plaintiffs Raimondi, Bishop, Kafka, Angel, Martin, and Tuttle were among the 300 Plaintiffs who failed to submit one or more categories of records by the July 7, 2022 deadline. Accordingly, on July 9, 2022, Defendant's counsel sent Plaintiffs' counsel an email alerting them of the deficiency and asking that Plaintiffs' missing

records be produced by the close of business on July 12, 2022 or, alternatively, that Plaintiffs' counsel email Defendant's counsel to meet and confer regarding the deficiencies. Defendant's counsel sent Plaintiffs' counsel a follow-up email on September 1, 2022 and asked that Plaintiffs' missing records be produced by September 15, 2022.

As set forth below, meet-and-confer efforts continued; but, as of the date of this filing, Plaintiffs Raimondi, Bishop, Kafka, Angel, Martin, and Tuttle have still have not produced records from MyHealtheVet, TRICARE, and/or MilConnect and thus continue in their noncompliance with Wave Order #3.

    A.    **Victoria Raimondi (7:20-cv-27297)**

When Plaintiff Raimondi had not produced any records from MyHealtheVet, TRICARE, or MilConnect by September 21, 2022, Defendant's counsel followed up via email concerning the missing records. Plaintiff's counsel advised that they were making efforts toward production. The next week, on September 27, Defendant's counsel followed up again to inquire as to the status of the production. As of the date of this filing, Plaintiff Raimondi has not produced any MyHealtheVet, TRICARE, or MilConnect records, in violation of Wave Order #3.

    B.    **Charles Bishop (7:20-cv-18127)**

When Plaintiff Bishop had not produced any records from TRICARE or MilConnect by September 21, 2022, Defendant's counsel followed up via email

concerning the missing records. Plaintiff's counsel advised that they were still making efforts toward production. The next week, Defendant's counsel sent another email, at which time Plaintiff's counsel stated that they anticipated producing the records by September 30, 2022. That did not come to fruition, and, as of the date of this filing, Plaintiff Bishop has not produced TRICARE or MilConnect records, in violation of Wave Order #3.

      C.    **Eric Kafka (7:21-cv-00832)**

Plaintiff Kafka's counsel responded to Defendant's counsel's September 1, 2022 email concerning Plaintiff Kafka's missing TRICARE and MilConnect records and advised that they were making efforts toward production. Having not received the records, Defendant's counsel followed up via email on September 21, 2022, at which time Plaintiff's counsel reiterated that collection and production efforts were ongoing. The next week, Plaintiff's counsel again stated that they were making efforts toward production. Defendant's counsel followed up with Plaintiff's counsel again on September 30, 2022, to no avail. As of the date of this filing, Plaintiff Kafka has not produced TRICARE or MilConnect records, in violation of Wave Order #3.

      D.    **Shadrika Angel (7:20-cv-26795)**

When Plaintiff Angel had not produced any records from TRICARE by September 21, 2022, Defendant's counsel followed up concerning the missing records. Plaintiff's counsel advised that they were making efforts toward production.

The next week, Defendant's counsel followed up again to inquire as to the status of the production. As of the date of this filing, Plaintiff Angel has not produced TRICARE records, in violation of Wave Order #3.

### E. Alfred Martin (7:21-cv-43855)

When Plaintiff Martin failed to produce any records from TRICARE by September 21, 2022, Defendant's counsel followed up via email concerning the missing records. Defendant's counsel sent another email to inquire as to the status of production on September 27, 2022. The next day, Plaintiff's counsel advised that they anticipated producing the records by September 30, 2022. Those records were not produced, and, as of the date of this filing, Plaintiff Martin still has not produced TRICARE records, in violation of Wave Order #3.

### F. Gerald Tuttle (7:20-cv-20031)

When Plaintiff Tuttle had not produced any records from MilConnect by September 21, 2022, Defendant's counsel followed up via email concerning the missing records. Plaintiff's counsel advised that they were making efforts toward production. Defendant's counsel sent another email to inquire as to the status of production on September 27, 2022. The next day, Plaintiff's counsel advised that they anticipated producing the records by September 30, 2022. Having not received the records, Defendant's counsel followed up with Plaintiff's counsel on September

30, 2022. As of the date of this filing, Plaintiff Tuttle has not produced MilConnect records, in violation of Wave Order #3.

## II.  ANALYSIS

The Wave 3 Plaintiffs at issue continue in their noncompliance with Wave Order #3. Defendant therefore respectfully asks the Court to exercise its broad discretion to manage its docket and control discovery[3] by staying discovery in these cases and ordering Plaintiffs to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3. *See, e.g.*, Sept. 23, 2022 Order (ECF No. 3480) (ordering 6 Wave 3 plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to produce TRICARE, MyHealtheVet, and/or MilConnect records).

"Discovery orders must be obeyed." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (citation omitted). Where litigants fail to comply, courts may impose sanctions—up to and including dismissal. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for

---

[3] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see, e.g.*, Sept. 23, 2022 Order (ECF No. 3480) (ordering plaintiffs to show cause as to why their cases should not be dismissed with prejudice for failure to produce TRICARE, MyHealtheVet, and MilConnect records, as required by Wave Order #3). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (ECF No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order . . . . Failure to comply with the show cause

9

order will result in dismissal of a case with prejudice."); Apr. 20, 2022 Order (ECF No. 3027) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice."); May 6, 2022 Order (dismissing 19,934 claims for plaintiffs' failure to submit and DD214 or a DoD Military Service Information Report, in violation of the Court's discovery order).

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismisal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery).

Dismissal with prejudice is an appropriate sanction for the Plaintiffs identified herein. As set forth above, Plaintiffs' leadership agreed to the discovery obligations at issue and the timeframe for compliance, and Plaintiffs were aware of the 45-day deadline to comply when they were selected for Wave 3 on May 23, 2022 (CMO 47

10

(ECF No. 3126)). Notably, Plaintiffs never sought relief from the agreed-upon, Court-ordered July 7 deadline. *But see* Fed. R. Civ. P. 6(b)(1)(A) (allowing Courts to extend time upon a showing of good cause where a motion is filed before the deadline or time to comply expires); *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("[W]hen an act must be done within a specified time, the court may extend that time period for good cause. . . . To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." (citations omitted)).

Despite having an initial 45 days to access and produce their records, receiving a reminder from Defendant's counsel two weeks before the deadline, receiving notice of their noncompliance, and having more than two additional months to respond, Plaintiffs never sought an extension from the Court and, instead, simply failed to comply with their production obligations.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendant. *See id.* The deadline for deposing all Wave 3 Plaintiffs is in less than one week, and Wave 3 fact discovery closes just three weeks later. *See* CMO 51 (ECF No. 3402). Plaintiffs' recalcitrance compromises Defendant's ability to defend against Plaintiffs' claims. Specifically, without Plaintiffs' records, Defendant is unable to effectively prepare for Plaintiffs' depositions, comply with its fact and expert discovery obligations, and/or meaningfully proceed with filing

*Daubert* and dispositive motions. Given the tight impending deadlines, each case should be stayed immediately, and each Plaintiff should be ordered to show cause why his or her case should not be dismissed with prejudice. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendant's resources as they work to efficiently and effectively manage this litigation.

### III.   CONCLUSION

As set forth above, the Plaintiffs identified herein have failed to comply with Wave Order #3. Defendant respectfully requests that the Court stay these cases and order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: October 7, 2022   */s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendant 3M certifies that they conferred with Plaintiffs' counsel regarding the above-requested relief. As of the date of this filing, the Plaintiffs identified herein have not complied, as outlined above.

DATED: October 7, 2022		*/s/ Kari L. Sutherland*
					Kari L. Sutherland

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant 3M certifies that this memorandum contains 2527 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: October 7, 2022		*/s/ Kari L. Sutherland*
					Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: October 7, 2022		*/s/ Kari L. Sutherland*
					Kari L. Sutherland