IN THE UNITED STATES
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

Civil No. 3:19-MD-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

THIS DOCUMENT RELATES TO:

All Plaintiffs Represented by Bernstein Liebhard LLP
_____/

MOTION REQUESTING CLARIFICATION
OF THIS COURT'S OCTOBER 2, 2022 ORDER

Plaintiffs in MDL 2885 represented by Bernstein Liebhard LLP ("BL"), by and through the undersigned counsel, in support of the within Motion to Clarify the Court's October 2, 2022 Order [Dkt. 3501], state as follows:

1. Bernstein Liebhard LLP has not executed the Participation Agreement set forth as Exhibit A to Common Benefit Order No. 3 [Dkt. 1659], which in §II.A of the Order, the Court defines as "a **voluntary** Participation Agreement between: (1) Plaintiffs' Executive Committee ("PEC")…and other Claimants' counsel who elect to sign the Participation Agreement." (Emphasis Added).

2. The within motion seeks clarification of the Court's October 2, 2022 Order [Dkt. 3501], in which the Court noted "The Department of Defense recently produced DOEHRS records to BrownGreer for nearly the entire MDL population. The records are currently housed in MDL Centrality, its litigation management system. BrownGreer is directed to limit access to MDL Centrality to plaintiffs [sic] firms who have signed an MDL participation agreement…"

1

3. The October 2, 2022 Order directed that "[a]n authorized representative of a law firm with persons currently having access credentials to MDL Centrality but not permitted access under this Order must so notify BrownGreer within five days of th[e] Order."

4. Thereafter, on or about October 7, 2022, BL advised BrownGreer *via* email that it currently has access credentials to MDL Centrality and thus is affected by the Order.

5. On or about October 11, 2022, BrownGreer advised Counsel *via* email that, pursuant to the Court's October 2, 2022 Order, it "will begin to remove MDL Centrality access 10/15/22" for firms that have not submitted the signed Participation Agreement. *See*, October 11, 2022 Email from BrownGreer, attached as Exhibit 1.

6. At this time, and in light of potentially significant, imminent and foreseeable consequences, BL seeks clarification as to whether the October 2, 2022 Order will prevent it from accessing and utilizing MDL Centrality for any purpose in MDL 2885, or whether BL may continue to comply with the spirit and letter of the various Orders entered by the Court in the interest of efficiency and judicial economy over the past three (3) years.

7. By way of example, on or about August 19, 2019, this Court entered Pretrial Order No. 15 [Dkt. 630] which directed at §1, *inter alia*, that "Plaintiffs and Defendants must use the online MDL Centrality System to be designed and provided by BrownGreer PLC to complete and serve Discovery Requests, Responses and Related Documents…"

8. Thereafter, Pretrial Order No. 18, Governing Initial Census Requirements for Filed Cases was entered on or about October 22, 2019 [Dkt. 775]. Therein, the Court ordered that, in relevant part, "[e]ach Plaintiff must complete and serve on Defendants through MDL Centrality answers to the Initial Census Questions…" Similarly, "[e]ach Plaintiff must provide Defendants

through MDL Centrality with the Initial Census Documents for each Plaintiff that are in his or her possession, custody or control**…"**

9. Thereafter, on or about December 6, 2019, the Court entered Pretrial Order No. 20 [Dkt. 864], ultimately amended by Order dated January 7, 2020 [Dkt. 898], establishing an administrative docket for the management of unfiled claims "that have been or will be in the future registered with MDL Centrality/BrownGreer, PLC." Claimants who sought the continued benefit of tolling were placed on the administrative docket, and the Court directed that "[a]ll unfiled claims currently registered with MDL Centrality must use that system to submit a Short Form Complaint to BrownGreer, PLC."

10. On or about August 20, 2021, this Court entered Case Management Order No. 22 (previously titled Pretrial Order No. 87) [Dkt. 1876]. Therein, this Court concluded that the administrative docket no longer served its initially established purpose and set forth a new process to facilitate the orderly removal of cases from the administrative docket, including the filing of cases and paying a required fee. Specifically, "Counsel must download a copy of the Short Form Complaint from PACER, showing a PACER timestamp and electronically forward this to BrownGreer PLC for service on Defendants." *Id.* at p. 4. Virtually the same process was required through six (6) subsequent transition orders of the Court, the most recent of which was entered on or about June 15, 2022 [Dkt. 3204].

11. On or about November 22, 2021, this Court entered Case Management Order No. 31, otherwise known as Wave Order No. 1 [Dkt. 2304] which required, *inter alia*, that:

> "Plaintiffs produce to Defendants, through MDL Centrality, any responsive VA, DoD and or other medical records in Plaintiff's possession, custody or control"
>
> "Both sides must serve their Requests for Production of documents ("RFPs"), Requests for Interrogatories ("ROGs"), and Requests for Admissions ("RFAs")…through MDL Centrality.

"'Initial disclosures'…must be submitted by Plaintiffs through MDL Centrality at least 10 days prior to the respective Plaintiff's deposition. Additionally, within 21 days of this Order, Defendants must disclose through MDL Centrality any insurance agreement…"

"Plaintiff's expert disclosures must be served through MDL Centrality…"

"Defendant's expert disclosures must be served through MDL Centrality…"

"A rebuttal expert disclosure must be served through MDL Centrality…"

12. Three (3) subsequent "Wave" Orders were entered by the Court, most recently on or about September 22, 2022 [Dkt. 3478] with virtually identical requirements insofar as service through MDL Centrality is concerned. Moreover, Counsel is directed to accomplish all scheduling of DMEs, expert depositions, and meet and confers regarding Venue and Choice of Law in the Wave cases through the various scheduling tools within MDL Centrality, by which the parties propose, and ultimately agree upon dates. By stipulation of the parties, service of notices of expert depositions is likewise effectuated through MDL Centrality.

13. BL represents over 700 plaintiffs with cases presently pending in MDL 2885. Among those cases, BL represents nine (9) "Wave Order No. 2" Plaintiffs whose cases are in the midst of expert depositions; one (1) "Wave Order No. 3" Plaintiff who has submitted to a deposition and served discovery demands and responses; and three (3) "Wave Order No. 4" Plaintiffs for whom case-specific discovery is underway and written discovery is due for submission through MDL Centrality in less than two weeks.

14. As more fully set forth above, virtually all of the case-specific day-to-day activity in this MDL is required to take place within, and is dependent upon, the MDL Centrality platform. BL's ability to continue to comply with the various Orders of this Court is dependent upon whether it continues to have access to MDL Centrality.

15.     It is respectfully requested that the Court clarify the scope of the limitation of access to MDL Centrality pursuant to its October 2, 2022 Order, and it is further requested that should the Court elect to deny Bernstein Liebhard LLP access to MDL Centrality wholesale, that it provides guidance as to how BL may otherwise comply with the Court's Orders going forward.

**WHEREFORE,** it is respectfully requested that the Court clarify the scope of the limitation of access to MDL Centrality pursuant to its October 2, 2022 Order, and it is further requested that should the Court elect to deny Bernstein Liebhard LLP access to MDL Centrality wholesale, that it provides guidance as to how BL may otherwise comply with the Court's Orders going forward.

Dated: October 14, 2022                                        **Respectfully submitted,**

/s/ *Daniel C. Burke*
Daniel C. Burke, Esq.
*Pro Hac Vice*
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, New York 10016
Tel: (212) 779-1414
Email: dburke@bernlieb.com

**CERTIFCATE OF SERVICE**

The undersigned hereby certifies that on October 14, 2022, a true and correct copy of the foregoing was served *via* the electronic court notification system.

        **Respectfully submitted,**

        /s/ *Daniel C. Burke*
        Daniel C. Burke, Esq.
        *Pro Hac Vice*
        BERNSTEIN LIEBHARD LLP
        10 East 40th Street
        New York, New York 10016
        Tel: (212) 779-1414
        Email: dburke@bernlieb.com