UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, | ) Case No. 3:19md2885 )  )  ) |
| | ) Judge M. Casey Rodgers ) |
| This Document Relates to: | ) Magistrate Judge Hope T. Cannon ) |
| *Lutfee Washington*, 7:20-cv-07384 | )  )  ) |
| *Jeffrey Dillingham*, 9:20-cv-11173 | )  )  ) |
| *James Satyanathan*, 8:20-cv-79747 | )  )  ) |
| *Andrew Gibson*, 7:20-cv-79882 | )  )  ) |
| *Stephen Keown*, 9:20-cv-01135 | )  )  ) |
| *Tyler Harter*, 7:20-cv-74468 | )  )  ) |
| _____ | ) |

**DEFENDANT 3M CO.'S MOTION FOR ORDER TO SHOW CAUSE BASED ON WAVE 3 PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY**

1

66104264.v1

Defendant 3M Co.[1] moves the Court under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A) to order the Wave 3 Plaintiffs identified herein to show cause as to why their cases should not be dismissed with prejudice for their failure to comply with discovery deadlines, in violation of Wave Order #3 (Case Management Order ("CMO") 47 (ECF No. 3126)), as modified by CMO 51 (ECF No. 3402).

## I. FACTUAL BACKGROUND

Under Wave Order #3, all Wave 3 fact discovery must be completed by November 4, 2022. *See* CMO 51 at 3 (ECF No. 3402). Accordingly, all Wave 3 Plaintiffs were required to appear for a deposition by October 11, 2022. *See* CMO 47 §§ I.9, II.1 (ECF No. 3126) (outlining parameters of Plaintiffs' depositions); CMO 51 at 2 (ECF No. 3402) (setting deadline for Plaintiffs' depositions). The deadline has passed, and the Plaintiffs discussed below failed to appear for their properly set and noticed depositions, in violation of Wave Order #3.[2]

---

[1] On July 26, 2022, Defendants 3M Occupational Safety LLC, Aero LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered); *see also In re Aearo Technologies LLC, et al.*, No. 22-2606 (7th Cir.). Those debtors do not join in this Motion due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362.

[2] In addition to the Plaintiffs discussed herein, Plaintiff Victoria Raimondi (No. 7:20-cv-27297) failed to appear for a deposition, in violation of Wave Order

### A. Plaintiff Lutfee Washington (7:20-cv-07384) failed to appear for his deposition.

The parties agreed that Plaintiff Lutfee Washington would appear for his deposition on October 4, 2022, at 10:00 AM, via Zoom. Ex. 1, Washington Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 2, Washington Cert. of Nonappearance (noting Plaintiff's counsel's "doubts as to whether Mr. Washington would appear"). Plaintiff did not reschedule and thus did not appear for a deposition by October 11, in violation of Wave Order #3.

### B. Plaintiff Jeffrey Dillingham (9:20-cv-11173) failed to appear for his deposition.

The parties agreed that Plaintiff Jeffrey Dillingham would appear for his deposition on October 10, 2022, at 8:00 AM, via Zoom. Ex. 3, Dillingham Oct. 10 Not. of Dep. That morning, his counsel alerted Defendant's counsel that Plaintiff was feeling ill and requested that his deposition be rescheduled. Ex. 4, Dillingham Emails. Given the extenuating circumstances, the parties agreed to reschedule Plaintiff's deposition for October 14, 2022, at 8:00 AM, via Zoom. Ex. 5, Dillingham Oct. 14 Not. of Dep. Plaintiff confirmed that he was available to be deposed on that

---

#3. Plaintiff Raimondi is not at issue on this Motion because she is currently subject to this Court's Order to Show Cause for her failure to submit records from MyHealtheVet, TRICARE, and MilConnect, in violation of Wave Order #3. Order (ECF No. 3520). 3M reserves the right to move for an order to show cause why her case should not be dismissed for the additional reason of her failure to appear for a deposition.

date. *See* Ex. 4, Dillingham Emails. Nevertheless, on that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 6, Dillingham Dep. Tr. Plaintiff thus did not appear for a deposition by October 11, in violation of Wave Order #3.

### C. Plaintiff James Satyanathan (8:20-cv-79747) failed to appear for his deposition.

The parties agreed that Plaintiff James Satyanathan would appear for his deposition on September 27, 2022, at 3:00 PM, via Zoom. Ex. 7, Satyanathan Sept. 27 Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 8, Satyanathan Sept. 27 Statement of Nonappearance (noting Plaintiff's counsel's unsuccessful attempts to contact Plaintiff). Counsel for the parties agreed to reschedule Plaintiff's deposition for October 11, 2022, at 3:00 PM, via Zoom. Ex. 9, Satyanathan Rescheduling Emails; *see* Ex. 10, Satyanathan Am. Not. of Dep. Again, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 11, Satyanathan Oct. 11 Statement of Non-Appearance. Plaintiff thus did not appear for a deposition by October 11, in violation of Wave Order #3.

### D. Plaintiff Andrew Gibson (7:20-cv-79882) failed to appear for his deposition.

The parties agreed that Plaintiff Andrew Gibson would appear for his deposition on September 27, 2022, at 8:00 AM, via Zoom. Ex. 12, Gibson Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did

4

not. Ex. 13, Gibson Statement for the R.; *see* Ex. 14, Gibson Emails. Despite attempts to reschedule Plaintiff's deposition (*see* Ex. 14, Gibson Emails), Plaintiff did not reschedule or appear for a deposition by October 11, in violation of Wave Order #3.

### E. Plaintiff Stephen Keown (9:20-cv-01135) failed to appear for his deposition.

The parties agreed that Plaintiff Stephen Keown would appear for a deposition on September 12, 2022, at 9:00 AM, via Zoom. Ex. 15, Keown Sept. 12 Not. of Dep. Three days before his scheduled deposition, Plaintiff's counsel alerted Defendant's counsel that Plaintiff had a "scheduling conflict" and requested that his deposition be rescheduled. Ex. 16, Keown Emails. Defendant's counsel agreed to reschedule Plaintiff's deposition for October 5, 2022, at 7:00 PM, via Zoom. Ex. 17, Keown Oct. 5 Not. of Dep. On that date, counsel for Defendant appeared, but neither Plaintiff nor his counsel appeared. Ex. 18, Keown Oct. 5 Certificate of Nonappearance. Defendant's counsel emailed Plaintiff's counsel at 7:11 PM that evening to ask whether Plaintiff would appear. Ex. 16, Keown Emails. Thirty minutes later, Plaintiff's counsel responded, advising Defendant's counsel that "Plaintiff will not be appearing tonight," without further explanation. *Id.*; *see* Ex. 18, Keown Oct. 5 Certificate of Nonappearance (stating the same for the record). Plaintiff did not reschedule and therefore did not appear for a deposition by October 11, in violation of Wave Order #3.

### F. Plaintiff Tyler Harter (7:20-cv-74468) failed to complete his deposition.

The parties agreed that Plaintiff Tyler Harter would appear for a deposition on September 16, 2022, at 11:00 AM, via Zoom. Ex. 19, Harter Sept. 16 Not. of Dep. He appeared on that date. However, less than one hour into Plaintiff's deposition, he felt ill, so the parties agreed to suspend his deposition. Ex. 20, Harter Sept. 16 Dep. Tr. at 43:20 (Plaintiff: "No. Have to stop. I'm feeling ill."); *id.* at 4:3, 44:9 (noting that the deposition began at 11:01 AM and adjourned at 11:57 AM). Plaintiff's deposition was scheduled to resume on September 18, 2022, at 9:00 AM. Ex. 21, Harter Sept. 18 Not. of Dep. On that date, counsel for Defendant and Plaintiff appeared, but Plaintiff did not. Ex. 22, Harter Sept. 18 Statement on the R. The parties then agreed to reschedule Plaintiff's deposition for September 30, 2022, at 9:00 AM. *Id.* at 3:16-19; Ex. 23, Harter Sept. 30 Not. of Dep. Yet, two days before Plaintiff's deposition, his counsel alerted Defendant's counsel that they "need[ed] to postpone Harter's continued plaintiff deposition scheduled for [that] Friday as he [was] unable to attend that day." Ex. 24, Harter Emails. Despite attempts to reschedule Plaintiff's deposition (*see id.*), Plaintiff did not complete his deposition prior to the October 11 deadline, in violation of Wave Order #3.

66104264.v1

## II.     ANALYSIS

Defendant respectfully asks the Court to exercise its broad discretion to manage its docket and control discovery[3] and order the Plaintiffs discussed above to show cause why their cases should not be dismissed with prejudice for their failure to comply with Wave Order #3.

Courts may impose sanctions, up to and including dismissal, on litigants who fail to comply with pretrial orders. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (dismissing plaintiffs' claims with prejudice for their failure to comply with this Court's discovery orders and for failing to show good cause for their noncompliance); *Phipps*, 8 F.3d at 790 (citing Fed. Rule Civ. P. 37); *see also* Oct. 5, 2022 Order to Show Cause (ECF No. 3513) (ordering certain Wave 3 plaintiffs to show cause as to why their cases should not be dismissed for failing to appear for or schedule depositions, in violation of Wave Order #3). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022

---

[3] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming dismissals of individual cases with prejudice for failure to comply with case management orders, despite repeated instructions to do so).

7

WL 2045350, at *1; *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (same) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021)). As this Court has repeatedly explained:

> Pretrial orders—and the parties' compliance with those orders and their deadlines—are the engine that drives disposition on the merits. A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation.

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2045350, at *1 (citations and internal quotation marks omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same); *see also, e.g.*, Jan. 21, 2022 Order (ECF No. 2549) ("As the time for [discovery] compliance has lapsed, the Court finds it necessary to enter a show cause order in these 23 cases. Failure to comply with the show cause order will result in dismissal of a case with prejudice."); Oct. 5, 2022 Order to Show Cause (ECF No. 3513) ("Failure to comply with this Order [to Show Cause regarding discovery noncompliance] will result in dismissal of a case with prejudice.").

  Rule 16(f) of the Federal Rules of Civil Procedure authorizes a district court to employ Rule 37 sanctions where, as here, a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal with

prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to appear for his deposition); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (affirming dismissal with prejudice where plaintiff failed to appear for deposition); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery); *see, e.g.*, *Avila v. Carnival Corp.*, 2012 WL 5996937, at *1 (S.D. Fla. Nov. 30, 2012) (dismissed for plaintiff's failure to appear for deposition and scheduled Rule 35 examination); Order, ECF No. 19, No. 7:20-cv-74126 (N.D. Fla. Oct. 17, 2022) (dismissing certain Wave 3 plaintiffs for their failure to schedule and/or appear for depositions by the October 11, 2022 deadline).

Dismissal with prejudice is an appropriate sanction here. There are more than 230,000 cases in this MDL. *See* Order at 2 (ECF No. 3188) ("As of June 10, 2022, there were 233,883 plaintiffs in the MDL . . . ."). Plaintiffs were selected for Wave 3 on May 23, 2022,[4] and immediately put on notice that they had certain discovery obligations, including responding to written discovery requests and appearing for

---

[4] Plaintiff Lutfee Washington was originally selected for Wave 2 on February 22, 2022. CMO 34 (ECF No. 2787). Pursuant to Plaintiff's request, he was moved from Wave 2 to Wave 3 on May 23, 2022. ECF No. 11, No. 7:20-CV-07384.

9

depositions. CMO 47 (ECF No. 3126). Defendant further notified each Plaintiff that failure to appear for his deposition could result in dismissal with prejudice. *See, e.g.*, Ex. 1, Exhibit A to Washington Not. of Dep. ("If you fail to attend or to produce the documents or things required by this Notice, you may be subject to the sanctions authorized by Rule 37(d) of the Federal Rules of Civil Procedure."); Ex. 3, Exhibit B to Dillingham Oct. 10 Not. of Dep. (same); Ex. 7, Exhibit A to Satyanathan Sept. 27 Not. of Dep. (same); Ex. 12, Exhibit A to Gibson Not. of Dep. (same); Ex. 15, Exhibit A to Keown Sept. 12 Not. of Dep. (same); Ex. 21, Exhibit A to Harter Sept. 18 Not. of Dep. (same). Nevertheless, Plaintiffs failed to appear and thus continue in their willful, intentional noncompliance with Wave Order #3.

Plaintiffs' noncompliance not only violates this Court's Order but also greatly prejudices Defendant. Wave 3 fact discovery closes in just two weeks, and Plaintiffs' noncompliance compromises Defendant's ability to defend against Plaintiffs' claims. Specifically, Defendant is unable to comply with its own fact and expert discovery obligations or meaningfully proceed with filing *Daubert* and dispositive motions. Immediate relief is also warranted to avoid further diversion and waste of the Court's and Defendant's resources as they work to efficiently and effectively manage this litigation.

## III. CONCLUSION

As set forth above, Plaintiffs failed to appear for their depositions and have thus failed to comply with Wave Order #3. Defendant respectfully requests that the Court order Plaintiffs to show cause as to why their actions should not be dismissed with prejudice.

DATED: October 19, 2022        */s/ Kari L. Sutherland*
　　　　　　　　　　　　　　　　Kari L. Sutherland
　　　　　　　　　　　　　　　　BUTLER SNOW LLP
　　　　　　　　　　　　　　　　1200 Jefferson Ave., Suite 205
　　　　　　　　　　　　　　　　Oxford, Mississippi 38655
　　　　　　　　　　　　　　　　Telephone: (662) 513-8002
　　　　　　　　　　　　　　　　kari.sutherland@butlersnow.com

　　　　　　　　　　　　　　　　Kimberly Branscome
　　　　　　　　　　　　　　　　DECHERT LLP
　　　　　　　　　　　　　　　　633 W. 5th St., Suite 4900
　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　Telephone: (213) 808-5762
　　　　　　　　　　　　　　　　kimberly.branscome@dechert.com

　　　　　　　　　　　　　　　　*Counsel for Defendant 3M Company*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)

Pursuant to Local Rule 7.1(B), counsel for Defendant certifies that they conferred with Plaintiffs' counsel regarding the above noncompliance. The Plaintiffs identified herein failed to comply with this Court's Order.

DATED: October 19, 2022        */s/ Kari L. Sutherland*
　　　　　　　　　　　　　　　　Kari L. Sutherland

11

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant certifies that this memorandum contains 2,321 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: October 19, 2022          */s/ Kari L. Sutherland*
                                 Kari L. Sutherland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: October 19, 2022          */s/ Kari L. Sutherland*
                                 Kari L. Sutherland

66104264.v1