# EXHIBIT 6

Page 1

1      UNITED STATES DISTRICT COURT
2      NORTHERN DISTRICT OF FLORIDA
3          PENSACOLA DIVISION
4            CASE NUMBER
5         3:19-md-2885-MCR-HTC
6
7  Judge M. Casey Rodgers
8  Magistrate Judge Hope T. Cannon
9
10 IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY
11 LITIGATION
12
13 This Document Relates to:  JEFFREY DILLINGHAM
14 Case No: 9:20CV11173-MCR-GRJ
15
16
17          STATEMENT OF COUNSEL
18
19
20         OCTOBER 14, 2022
21           6:30 A.M. CST
22
23    COURT REPORTER:  Tanya D. Cornelius, RPR

```
                                                       Page 2
 1              A P P E A R A N C E S
 2
 3
 4    APPEARING ON BEHALF OF THE PLAINTIFF:
 5         CLARK LOVE HUTSON
 6         BY:  Christopher Moore, Esq.
 7         440 Louisiana Street, Suite 1700
 8         Houston, Texas 77002
 9
10
11    APPEARING ON BEHALF OF THE DEFENDANTS:
12         KIRKLAND & ELLIS, LLP
13         BY:  J.B. Lind, Esq.
14         52 East Gay Street
15         Columbus, Ohio  43215
16
17
18
19
20
21
22
23
```

Page 3

1                       I N D E X

2

3

4

5          * * * * * * * * * * * * *

6

7                    EXHIBIT INDEX

8    Defendant's Exhibit              Page Number

9    Exhibit 1    Notice                   6

Page 4

1          I, Tanya D. Cornelius, RPR, a
2     Certified Court Reporter, and a Notary Public
3     for the State of Alabama at Large, acting as
4     Commissioner, certify that on this date,
5     pursuant to the Federal Rules of Civil
6     Procedure, via remote videoconference in
7     Birmingham, Alabama, commencing at approximately
8     6:30 a.m. CST on October 14, 2022, whereupon the
9     following proceedings were had:
10
11
12              MR. LIND:  Good morning, Everyone.
13     This is J.B. Lind of Vorys, Sater, Seymour &
14     Pease on behalf of 3M.  With me today is
15     Christopher Moore.  Chris, if you want to
16     identify yourself for the record.
17              MR. MOORE:  Yes, my name is
18     Christopher Moore.  I work with Clark, Love &
19     Hutson.  I'm representing the plaintiff today.
20              MR. LIND:  And that plaintiff
21     scheduled for deposition today is Jeffrey
22     Dillingham.  The court reporter is Tanya
23     Cornelius.  Today is Friday, October 14th, 2022.

1  The time is currently 7:40.
2           As mentioned, the plaintiff in this
3  case is Jeffrey Dillingham.  Mr. Moore diligently
4  tried to get a hold of the plaintiff.  He tried
5  at 7:00, 7:30, 7:35, and we had gotten some
6  indication that the plaintiff may be a no-show on
7  this.  This was a plaintiff's deposition set for
8  wave three.  It had been rescheduled several
9  times, and the court order date, in fact, to get
10 these completed was October 11th, but we were
11 trying to make a final accommodation here.
12          Mr. Dillingham was served notice of
13 deposition, amended notice of deposition,
14 probably a second amended notice of deposition on
15 plaintiff's counsel over the course of several
16 dates.  We have e-mail correspondence on that.
17 I'm going to now ask -- I'm going to ask that we
18 mark one exhibit, and that's the last notice of
19 deposition.  Let me see if I can get that up.
20          (Whereupon, a discussion off the
21 record was held.)
22          MR. LIND:  I'm sharing my screen.
23 This is the amended notice of deposition that we

Page 6

1  sent the other day.  It's dated October 13th,
2  2022.  We will put this in the Exhibit Share file
3  at the conclusion and mark it as Exhibit 1 at the
4  conclusion of the deposition.
5              Just in conclusion, again, I
6  appreciate Mr. Moore's professionalism and the
7  professionalism of plaintiff's law firm.  They
8  were in contact with us about the possible
9  no-show, and given that this has been rescheduled
10 three times, it was necessary to go through this
11 protocol.
12              Again, at this point, the time is
13 7:44 a.m.  Mr. Dillingham has not appeared for
14 his deposition.  Given that it's now 7:44 and Mr.
15 Dillingham has not appeared, 3M is now
16 terminating the deposition.
17              MR. MOORE:  Nothing further.
18              (Whereupon, Exhibit No. 1 was marked
19 for identification and a copy of same is attached
20 hereto.)
21              (Whereupon, the statement was
22 concluded at 7:44 a.m.)
23                 END OF PROCEEDINGS

1          C E R T I F I C A T E

2

3   STATE OF ALABAMA    )

4   JEFFERSON COUNTY    )

5

6              I HEREBY CERTIFY that the above

7   and foregoing transcript was taken down by me in

8   stenotype, and the questions and answers thereto

9   were transcribed by means of computer-aided

10  transcription, and that the foregoing represents

11  a true and correct transcript of the testimony

12  given by said witness.

13             I FURTHER CERTIFY that I am

14  neither of counsel, nor of any relation to the

15  parties to the action, nor am I anywise

16  interested in the result of said cause.

17

18         *[signature: Tanya D. Cornelius]*

19

20         TANYA D. CORNELIUS, RPR

21         ACCR #378 Expires 10/1/2023

22         Notary Expires 9/13/26

23

| & | 7:44 6:13,14,22 | cause 7:16 | dated 6:1 |
|---|---|---|---|
| & 2:12 4:13,18 | **9** | certified 4:2 | dates 5:16 |
| **1** | 9/13/26 7:22 | certify 4:4 7:6,13 | day 6:1 |
| 1 3:9 6:3,18 | 9:20cv11173 1:14 | chris 4:15 | defendant's 3:8 |
| 10/1/2023 7:21 | **a** | christopher 2:6 4:15,18 | defendants 2:11 |
| 11th 5:10 | a.m. 1:21 4:8 6:13,22 | civil 4:5 | deposition 4:21 5:7,13,13,14,19 |
| 13th 6:1 | accommodation 5:11 | clark 2:5 4:18 | 5:23 6:4,14,16 |
| 14 1:20 4:8 | accr 7:21 | columbus 2:15 | diligently 5:3 |
| 14th 4:23 | acting 4:3 | combat 1:10 | dillingham 1:13 4:22 5:3,12 6:13 |
| 1700 2:7 | action 7:15 | commencing 4:7 | 6:15 |
| 18339 7:19 | aided 7:9 | commissioner 4:4 | discussion 5:20 |
| **2** | alabama 4:3,7 7:3 | completed 5:10 | district 1:1,2 |
| 2022 1:20 4:8,23 6:2 | amended 5:13,14 5:23 | computer 7:9 | division 1:3 |
| 2885 1:5 | answers 7:8 | concluded 6:22 | document 1:13 |
| **3** | anywise 7:15 | conclusion 6:3,4 6:5 | **e** |
| 378 7:21 | appeared 6:13,15 | contact 6:8 | e 2:1,1 3:1 5:16 7:1,1 |
| 3:19 1:5 | appearing 2:4,11 | copy 6:19 | earplug 1:10 |
| 3m 1:10 4:14 6:15 | appreciate 6:6 | cornelius 1:23 4:1,23 7:20 | east 2:14 |
| **4** | approximately 4:7 | correct 7:11 | ellis 2:12 |
| 43215 2:15 | arms 1:10 | correspondence 5:16 | esq 2:6,13 |
| 440 2:7 | attached 6:19 | counsel 1:17 5:15 7:14 | exhibit 3:7,8,9 5:18 6:2,3,18 |
| **5** | **b** | county 7:4 | expires 7:21,22 |
| 52 2:14 | behalf 2:4,11 4:14 | course 5:15 | **f** |
| **6** | birmingham 4:7 | court 1:1,23 4:2 4:22 5:9 | f 7:1 |
| 6 3:9 | **c** | cst 1:21 4:8 | fact 5:9 |
| 6:30 1:21 4:8 | c 2:1 7:1,1 | currently 5:1 | federal 4:5 |
| **7** | cannon 1:8 | **d** | file 6:2 |
| 77002 2:8 | case 1:4,14 5:3 | d 1:23 3:1 4:1 7:20 | final 5:11 |
| 7:00 5:5 | casey 1:7 | date 4:4 5:9 | firm 6:7 |
| 7:30 5:5 | | | florida 1:2 |
| 7:35 5:5 | | | following 4:9 |
| 7:40 5:1 | | | foregoing 7:7,10 |

| f / g / h / i / j / k | l / m / n | o / p / q / r | remote – suite |
|---|---|---|---|
| **friday** 4:23 | **l** | **o** | **remote** 4:6 |
| **further** 6:17 7:13 | **large** 4:3 | **october** 1:20 4:8 4:23 5:10 6:1 | **reporter** 1:23 4:2 4:22 |
| **g** | **law** 6:7 | **ohio** 2:15 | **representing** 4:19 |
| **gay** 2:14 | **liability** 1:10 | **order** 5:9 | **represents** 7:10 |
| **given** 6:9,14 7:12 | **lind** 2:13 4:12,13 4:20 5:22 | **p** | **rescheduled** 5:8 6:9 |
| **go** 6:10 | **litigation** 1:11 | **p** 2:1,1 | **result** 7:16 |
| **going** 5:17,17 | **llp** 2:12 | **page** 3:8 | **rodgers** 1:7 |
| **good** 4:12 | **louisiana** 2:7 | **parties** 7:15 | **rpr** 1:23 4:1 7:20 |
| **gotten** 5:5 | **love** 2:5 4:18 | **pease** 4:14 | **rules** 4:5 |
| **grj** 1:14 | **m** | **pensacola** 1:3 | **s** |
| **h** | **m** 1:7 | **plaintiff** 2:4 4:19 4:20 5:2,4,6 | **s** 2:1 |
| **held** 5:21 | **magistrate** 1:8 | **plaintiff's** 5:7,15 6:7 | **sater** 4:13 |
| **hereto** 6:20 | **mail** 5:16 | **point** 6:12 | **scheduled** 4:21 |
| **hold** 5:4 | **mark** 5:18 6:3 | **possible** 6:8 | **screen** 5:22 |
| **hope** 1:8 | **marked** 6:18 | **probably** 5:14 | **second** 5:14 |
| **houston** 2:8 | **mcr** 1:5,14 | **procedure** 4:6 | **see** 5:19 |
| **htc** 1:5 | **md** 1:5 | **proceedings** 4:9 6:23 | **sent** 6:1 |
| **hutson** 2:5 4:19 | **means** 7:9 | **products** 1:10 | **served** 5:12 |
| **i** | **mentioned** 5:2 | **professionalism** 6:6,7 | **set** 5:7 |
| **identification** 6:19 | **moore** 2:6 4:15 4:17,18 5:3 6:17 | **protocol** 6:11 | **seymour** 4:13 |
| **identify** 4:16 | **moore's** 6:6 | **public** 4:2 | **share** 6:2 |
| **index** 3:7 | **morning** 4:12 | **pursuant** 4:5 | **sharing** 5:22 |
| **indication** 5:6 | **n** | **put** 6:2 | **show** 5:6 6:9 |
| **interested** 7:16 | **n** 2:1 3:1 | **q** | **signature** 7:19 |
| **j** | **name** 4:17 | **questions** 7:8 | **state** 4:3 7:3 |
| **j.b.** 2:13 4:13 | **necessary** 6:10 | **r** | **statement** 1:17 6:21 |
| **jefferson** 7:4 | **neither** 7:14 | **r** 2:1 7:1 | **states** 1:1 |
| **jeffrey** 1:13 4:21 5:3 | **northern** 1:2 | **record** 4:16 5:21 | **stenotype** 7:8 |
| **judge** 1:7,8 | **notary** 4:2 7:22 | **relates** 1:13 | **street** 2:7,14 |
| **k** | **notice** 3:9 5:12,13 5:14,18,23 | **relation** 7:14 | **suite** 2:7 |
| **kirkland** 2:12 | **number** 1:4 3:8 | | |

| t |
|---|
| **t**   1:8 7:1,1 |
| **taken**   7:7 |
| **tanya**   1:23 4:1,22 7:20 |
| **terminating**   6:16 |
| **testimony**   7:11 |
| **texas**   2:8 |
| **thereto**   7:8 |
| **three**   5:8 6:10 |
| **time**   5:1 6:12 |
| **times**   5:9 6:10 |
| **today**   4:14,19,21 4:23 |
| **transcribed**   7:9 |
| **transcript**   7:7,11 |
| **transcription**   7:10 |
| **tried**   5:4,4 |
| **true**   7:11 |
| **trying**   5:11 |

| u |
|---|
| **united**   1:1 |

| v |
|---|
| **videoconference**   4:6 |
| **vorys**   4:13 |

| w |
|---|
| **want**   4:15 |
| **wave**   5:8 |
| **witness**   7:12 |
| **work**   4:18 |

| x |
|---|
| **x**   3:1 |

FLORIDA RULES OF CIVIL PROCEDURE

Rule 1.310

(e) Witness Review. If the testimony is transcribed, the transcript shall be furnished to the witness for examination and shall be read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer shall sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of

the deposition wholly or partly, on motion under rule 1.330(d)(4).

DISCLAIMER:  THE FOREGOING CIVIL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE STATE RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.