UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) This Document Relates to: ) *All Wave 1 Cases Listed In* ) *MDL Dkt. 3506-2* ) | Case No. 3:19-md-2885 Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**DEFENDANT 3M COMPANY'S MOTION FOR LEAVE TO FILE
A SUR-REPLY TO REMAND WAVE 1 PLAINTIFFS' REPLY
IN SUPPORT OF THEIR SUCCESSOR LIABILITY MOTION**

In its Opposition,[1] 3M made two arguments that are relevant here. First, 3M argued that judicial estoppel cannot be decided on an omnibus basis—that is, without a "jurisdiction-by-jurisdiction" analysis that accounts for applicable state law. (Opp'n at 17-18.) Second, 3M argued that Plaintiffs' collateral estoppel claim is without merit under Florida law, which governs collateral estoppel here. (*Id.* at 13-14.) Plaintiffs' Reply argument on these two points is primarily that a "state-by-state" judicial estoppel analysis (and reference to Florida collateral estoppel law) is unnecessary because 3M previously argued "that this Court has federal-question subject matter jurisdiction" and "a federal court with such jurisdiction must utilize

---

[1] References to the "Motion," "Opposition," and "Reply" are to MDL Dkts. 3506-1, 3541, and 3560, respectively.

federal estoppel principles." (Reply at 1-2.) To the extent the Court considers Plaintiffs' argument,[2] it should permit 3M to file a short,[3] responsive sur-reply.

The extraordinary circumstances present here warrant a sur-reply.[4] If a sur-reply is permitted, 3M would explain that numerous orders issued by this Court in this multidistrict litigation directly contradict Plaintiffs' argument. In ruling on choice-of-law issues, this Court has expressly used the conflict of law rules that apply to federal courts sitting in diversity. (MDL Dkt. 1599 at 2.) Indeed, in ruling on a variety of legal issues over the course of this multidistrict litigation, the Court has selected the applicable law based on diversity jurisdiction. (*See, e.g.*, *Wayman* Dkt. 198 ("In a diversity case such as this…."); *Sloan* Dkt. 198 (similar); *Hacker* Dkt. 192.) With respect to judicial estoppel issues specifically, the Court has expressly applied "govern[ing]" state law. *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 748462, at *2 (N.D. Fla. Mar. 12, 2022) ("Because this is a

---

[2] The Court should not consider Plaintiffs' argument at all. "Arguments raised for the first time in a reply brief are not properly before a reviewing court," particularly where they could have been raised earlier. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Alford v. Walton Cnty.*, 2017 WL 8785115, at *6 n.20 (N.D. Fla. Nov. 22, 2017); *Windham v. City of Fairhope*, 2013 WL 1679355, at *8 n.13 (S.D. Ala. Apr. 16, 2013).

[3] 3M requests a sur-reply not to exceed 1,800 words, which is 1,400 words less than the length permitted under the Local Rules for a reply memorandum.

[4] *See Hogan v. City of Fort Walton Beach*, 2019 WL 11638966, at *2 (N.D. Fla. June 3, 2019), *aff'd*, 817 F. App'x 717 (11th Cir. 2020) (discussing sur-replies as among the "options available" to respond to certain arguments raised in briefing).

diversity case, the application of the doctrine of judicial estoppel is governed by state law." (quoting *Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 930 (11th Cir. 1995))). In that same opinion, in denying Defendants' motion for summary judgment on a fraudulent concealment claim, the Court held that it, "*sitting in diversity*, [would] not recognize" a limitation that the Court could not find in Wisconsin case law. *Id.* at *5 (emphasis added).[5]

If a sur-reply is permitted, 3M would explain that Plaintiffs contradict themselves as well. Plaintiffs made no argument in their Motion—nor do they argue now—that federal common law governs the substantive successor liability issues in this case. *See, e.g.*, *United States v. Gen. Battery Corp.*, 423 F.3d 294, 297-304 (3d Cir. 2005). To the contrary, Plaintiffs concede that state law governs that question. (*See* Motion at 15.) More generally, Plaintiffs have repeatedly denied that federal question subject matter jurisdiction exists, including after the Court's summary judgment ruling on the Defendants' government contractor defense. (*See, e.g.*, *Beal* Dkt. 112 at 1-2 (expressly "disput[ing]" federal question jurisdiction); *Wilkerson* Dkt. 91 (same); *Wayman* Dkt. 119 at 1-2 (same).) Although 3M has not done a

---

[5] In a sur-reply, 3M would further explain why its position maintaining that federal question jurisdiction exists, including under the government contractor doctrine, does not change the analysis as described in the Opposition.

complete inventory, at least the vast majority (if not all) of the Wave 1 complaints do not even allege federal question jurisdiction. (*See, e.g.*, *George* Dkts. 1, 4.)

Finally, 3M seeks leave to sur-reply on two arguments Plaintiffs make under state law. Although Plaintiffs are not parties to prior bellwether judgments, they argue they are privies for collateral estoppel purposes because "Plaintiffs' Leadership was appointed to represent all plaintiffs in this MDL and has done so (Wave 1 or not) at every step, including the bellwether trials." (Reply at 5-6.) Plaintiffs suggest that this suffices under Florida law. (*Id.* at 5 n.5.) Plaintiffs did not argue this in their Motion. Moreover, Plaintiffs' cited Florida case states that, "[i]n its broadest sense, privity is defined as mutual successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Pearce v. Sandler*, 219 So. 3d 961, 966 (Fla. Dist. Ct. App. 2017) (internal quotation marks omitted). As 3M would explain in a sur-reply, the hundreds of Wave 1 plaintiffs—with varying interests and case-specific facts—have not made the requisite showing. *See, e.g.*, *Youngblood v. Taylor*, 89 So. 2d 503, 505-06 (Fla. 1956) (finding that a father who sued in his own name was not a "privy" to a prior action he brought on behalf of his minor child because—although they arose out of the same occurrence—the father's "right of action was independent of the minor's and if the minor were to waive his right to

sue, such waiver would not bar the father's right" (internal quotation marks and citation omitted, alteration adopted)).

Likewise, 3M argued in its Opposition that "no successor liability exists where the original entity still exists," a principle that Plaintiffs now suggest does not apply "under the implied assumption of liabilities exception" under state law. (Reply at 10-11, 13-14.)  As 3M would explain in a sur-reply, Plaintiffs' argument misses the mark.  *See, e.g.*, *Guerrero v. Allison Engine Co.*, 725 N.E.2d 479, 487 (Ind. Ct. App. 2000) ("In applying the four generally recognized exceptions to the successor non-liability rule, we have held that a successor corporation is liable only when the predecessor corporation no longer exists.").

For the foregoing reasons, if the Court will at all consider Plaintiffs' Reply arguments described above, 3M requests leave to file a sur-reply memorandum not to exceed 1,800 words to address such arguments.

| | |
|---|---|
| Dated: October 25, 2022 | Respectfully submitted, |

                                            */s/ Kimberly Branscome*

Kimberly Branscome
Jay Bhimani
Allison K. Ozurovich
Dechert LLP
US Bank Tower
633 West 5th Street
Suite 4900
Los Angeles, CA, 90071
Telephone: (213) 808-5700
kimberly.branscome@dechert.com
jay.bhimani@dechert.com
allie.ozurovich@dechert.com

Jonathan Tam
Dechert LLP
One Bush Street
San Francisco, CA 94104
Telephone: (415) 262-4518
jonathan.tam@dechert.com

Matthew P. Steinberg
Dechert LLP
1095 Ave. of the Americas
New York, NY 10036
Telephone: (212) 698-3500
matthew.steinberg@dechert.com

Craig J. Castiglia
Dechert LLP
2929 Arch St.
Philadelphia, PA 19104
Telephone: (215) 994-2000
craig.castiglia@dechert.com

*Admitted Pro Hac Vice*

**Counsel for Defendant 3M Company**

6

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant 3M Company certifies that this motion contains 1,073 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

Dated: October 25, 2022                     Respectfully submitted,

                                            */s/Kimberly Branscome*
                                            Kimberly Branscome

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendant 3M Company certifies that the parties conferred via e-mail regarding the relief sought in this motion on October 25, 2022. Plaintiffs' counsel advised that they oppose any sur-reply.

Dated: October 25, 2022                              Respectfully submitted,

                                                     */s/Kimberly Branscome*
                                                     Kimberly Branscome

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 25th day of October 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

DATED: October 25, 2022  /s/ *Kimberly Branscome*
Kimberly Branscome