# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-2885-MCR-GRJ |
| | ) | Judge M. Casey Rodgers |
| This Document Relates to: | ) ) | Magistrate Judge Hope T. Cannon |
| *Charles Allen,* 7:20-cv-40926 | ) ) ) | |
| *Rodmisha Collins,* 7:20-cv-41051 | ) ) ) | |
| *Marissa Cornwell,* 7:20-cv-41070 | ) ) ) | |
| *Patrick Nelson,* 7:20-cv-41532 | ) ) ) | |
| *Rachel Ostroske,* 8:20-cv-60513 | ) ) ) | |
| *Francisco Salinas,* 7:20-cv-41472 | ) ) ) | |
| *Justin Stradford,* 7:20-cv-41553 | ) ) ) | |
| *Athena Su,* 8:20-cv-36877 | ) ) ) | |
| *Kameen G Thornton,* 8:20-cv-60040 | ) ) | |

1

### DEFENDANT 3M CO.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND REINSTATEMENT OF PLAINTIFFS' CASES

Plaintiffs' Motion is procedurally improper and substantively without merit. The Court ordered Plaintiffs to submit their case census forms by December 23, 2019. They did not. Thus, on July 28, 2021, the Court ordered all plaintiffs who had not yet submitted their case census forms to do so. Still, Plaintiffs did not. And when the Court gave Plaintiffs "one last opportunity to submit their census forms" by March 23, 2022, or face "dismiss[al] with prejudice," they still did not. Accordingly, their cases were dismissed with prejudice. Plaintiffs now contend that because they produced their census forms before *dismissal*—irrespective of their admitted untimeliness and noncompliance—reinstatement is warranted. In doing so, they assert that the Court's dismissal must have been due to the Court's "clerical or other mistake," (Pls.' Mot. at 9), rather than a warned-of consequence of their willful, intentional noncompliance. As set forth below, Plaintiffs' cases were properly dismissed, so their Motion should be denied.

## I.     Factual Background

In October 2019, the Court ordered each plaintiff to provide nondeficient answers to the Initial Census Questions (hereinafter "census form"), warning that a failure to do so "within the applicable deadlines will be grounds for dismissal with prejudice." Pretrial Order ("PTO") 18 (ECF No. 775). After a brief suspension, the

Court reinstated the census form requirements on July 28, 2021, and ordered all plaintiffs to submit case census forms. PTO 81 (ECF No. 1848).

On March 9, 2022, the Court identified 13,503 plaintiffs who had yet to submit their census forms and allowed them "one *last* opportunity to submit their census forms," by March 23, 2022. Mar. 9, 2022 Order at 1 (ECF No. 2851) (emphasis added); Pls.' Mot. at 3-6 (agreeing that all nine Plaintiffs at issue were ordered to comply by March 23, 2022). The Court again warned Plaintiffs that failure to comply with the extended deadline would result in dismissal with prejudice. Mar. 9, 2022 Order at 2 (ECF No. 2851) ("If plaintiffs fail to submit census forms to MDL Centrality in accordance with this Order, they will have violated at least two of the Court's Orders (Pretrial Order No. 81 and this Order) and their cases will be **dismissed with prejudice**." (emphasis in original)).

Despite the Court's extensions and repeated warnings that failure to *timely* comply would result in dismissal, Plaintiffs failed to submit their census forms by the March 23, 2022 deadline, in violation of this Court's Orders (ECF Nos. 1848, 2851).

Accordingly, on May 2, 2022, the Court dismissed Plaintiffs' cases with prejudice under Federal Rule of Civil Procedure 37(b)(2)(A)(v) based on Plaintiffs' pattern of willful disregard for the Court's Orders. *See Allen v. 3M Co. et al.*, ECF No. 2, No. 7:20-cv-40926 (N.D. Fla. May 2, 2022) ("Dismissal Order").

Plaintiffs now seek relief from judgment based on what they contend was the Court's "clerical or other mistake under Rule 60(b)." ***But the Court made no mistake***.[1] Plaintiffs admit that they failed to submit their census forms by the deadline, despite being given multiple opportunities to do so. They thus failed to comply with this Court's Orders, rendering the Court's dismissal of their cases appropriate and not subject to reconsideration.

## II.   Legal Standard and Argument

Federal Rule of Civil Procedure 60(b)[2] allows federal courts to "relieve a party . . . from a final judgment" ***only*** if one of six grounds exists: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3)

---

[1] As set forth in Plaintiffs' Motion, Plaintiff Allen submitted a census form 35 days after the March 23, 2022 deadline. Plaintiff Collins submitted a census form 35 days after the deadline. Plaintiff Cornwell submitted a census form 35 days after the deadline. Plaintiff Nelson submitted a census form 30 days after the deadline. Plaintiff Ostroske submitted a census form 35 days after the deadline. Plaintiff Salinas submitted a census form 35 days after the deadline. Plaintiff Stradford submitted a census form 35 days after the deadline. Plaintiff Su submitted a census form 29 days after the deadline. Finally, Plaintiff Thornton submitted a census form 30 days after the deadline.

[2] Despite styling their Motion as a "Motion for Reconsideration and Reinstatement of Plaintiffs' Cases," it is clear that the true nature of this filing is a Motion for Relief pursuant to Fed. R. Civ. P. 60(b). It is not a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). First, Rule 60(b) is the only rule cited in Plaintiffs' Motion. Further, a Motion for Reconsideration pursuant to Rule 59(e) must be filed "no later than 28 days after the entry of judgment," and therefore is time-barred. Accordingly, 3M Co. addresses Plaintiffs' filing as a Rule 60(b) Motion for Relief.

fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, or it is no longer equitable; that the judgment should have prospective application; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(b)(1)-(6). Such relief "is an ***extraordinary remedy*** which may be invoked only upon a showing of ***exceptional circumstances*." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677 (11th Cir. 1984).

Applying this standard here, Plaintiffs' Motion should be denied.

## A.    Plaintiffs' Motion is Procedurally Improper.

Plaintiffs have no procedural basis to move for relief under Rule 60(b). In fact, they do not cite which prong of Rule 60(b) they contend should apply. Plaintiffs simply claim that a "clerical or other mistake" (Pls.' Mot. at 8-9) occurred and cite the Court's authority to remedy "mistakes of judges" (*id.* at 8). Thus, 3M assumes Plaintiffs rely on the "mistake, inadvertence, surprise, or excusable neglect" prong set forth in Rule 60(b)(1). However, Plaintiffs' reliance is misplaced.

Rule 60(b)(1) motions premised upon mistake are appropriate "'in ***only*** two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Vickery v. Medtronic, Inc.*, No. CV 12-00731-CB-C, 2014 WL 12606505, at *2 (S.D. Ala. Apr. 8, 2014) (emphasis added) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483,

490 (6th Cir. 2000)); *accord Utah ex rel. Div. of Forestry, Fire & State Lands v. U.S.*, 528 F.3d 712, 722-23 (10th Cir. 2008). Neither exists here.

Plaintiffs do not argue that they or their attorney made a mistake. On the contrary, Plaintiffs repeatedly assert that they acted in good faith—despite offering no reason for their failure to timely comply.

Plaintiffs baselessly contend that the Court must have mistakenly dismissed their cases because Plaintiffs *eventually* submitted their census forms. But Plaintiffs do not actually claim that the Court made a substantive mistake of law or fact, as is required under Rule 60(b).[3] And to the extent (if any) the Court construes Plaintiffs' motion as claiming that the Court made a factual error, that assertion is false. As set forth above (*supra* Section I), the Court repeatedly ordered Plaintiffs to submit nondeficient census forms and do so on time. Plaintiffs admit that they failed to comply, instead waiting 28-35 days after their "last opportunity" to do so. Pls.' Mot. at 6. Plaintiffs contend that their eventual submission before dismissal was sufficient and that "[t]ypically in such circumstances, [they] would have been removed from the dismissal order prior to its entry." *Id.* at 9. Plaintiffs cite no authority, from this

---

[3] Where it is a court's misunderstanding or misapplication of the law that a party asserts in a Rule 60(b)(1) motion, the movant must demonstrate that the court's mistake involved a misconception of the law or conflict with a clear statutory mandate and the erroneous application of that law to the facts. *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir.1992). As Plaintiffs have failed to establish any error in understanding or applying the law (much less "fundamental" or "obvious" error), their Motion should be denied.

Court or otherwise, to support this statement. To accept Plaintiffs' argument is to agree that timeliness is not an essential component of compliance and to ignore the Court's repeated, clear language that failure to *timely* comply would result in dismissal with prejudice.

The Court correctly dismissed Plaintiffs' cases. The only "mistake" is that of Plaintiffs—they intentionally, willfully disregard this Court's Orders and now fail to accept the warned-of consequences for failing to comply. Because Plaintiffs' Motion is procedurally improper, having no basis under Rule 60(b), it should be denied.

## B. The Court Acted Within its Wide Discretion When Dismissing Plaintiffs with Prejudice for Failing to Comply with Court Orders.

District courts have an inherent power to control their dockets, and dismissal is appropriate to prevent continued noncompliance with case management orders. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006). "This authority has particular significance in the MDL context," where the need to move thousands of cases forward in an "organized and efficient manner" demands "strict[] adhere[nce] to case management rules." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16MD2734, 2021 WL 2323733, at *1 (N.D. Fla. May 3, 2021) (Rodgers, J.) (dismissing plaintiff with prejudice for failure to comply with orders), *appeal dismissed sub nom. Ferguson v. Bristol-Myers Squibb Co.*, No. 21-11914-AA, 2021 WL 4049327 (11th Cir. Aug. 4, 2021). Thus,

7

MDL courts "must establish schedules with *firm cutoff dates* if the coordinated cases are to move in a diligent fashion toward resolution." *Id.* at 1232 (emphasis added); *see In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 8:20-cv-47632, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (emphasizing the necessity of the parties' compliance orders *and their deadlines*); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2021 WL 2323733, at *1 (same).

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) authorize a district court to sanction a party, up to and including dismissal, for failing to comply with pretrial orders. Dismissal with prejudice under Rules 16(f)(1)(C) and 37(b)(2)(A) is an appropriate sanction "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citation omitted); *see Phipps*, 8 F.3d at 790 (affirming dismissal where the plaintiff failed to comply with discovery); *Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 360 (11th Cir. 2009) (affirming dismissal where plaintiff failure to comply with court orders to provide discovery).

Dismissal was an appropriate sanction for Plaintiffs' repeated noncompliance. As set forth above, Plaintiffs were ordered *three times* to submit nondeficient case census forms. In its last Order, the Court explicitly advised Plaintiffs that they had "one last opportunity" to comply. Mar. 9, 2022 Order at 1 (ECF No. 2851). Notably, Plaintiffs never sought relief from the agreed-upon, Court-ordered March 23, 2022

deadline. *But see* Fed. R. Civ. P. 6(b)(1)(A) (allowing Courts to extend time upon a showing of good cause where a motion is filed before the deadline or time to comply expires); *Ashmore v. Sec'y, Dept of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("[W]hen an act must be done within a specified time, the court may extend that time period for good cause. . . . To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." (citations omitted)). Instead, they waited approximately one month ***after*** their final deadline for compliance to submit their census forms—which was approximately ***two-and-a-half years*** after the Court initially advised all plaintiffs of their obligation to submit a census form. As this Court explained, "This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." Dismissal Order at 3. Plaintiffs' repeated willful, intentional failure to timely comply certainly allowed the Court to dismiss their cases, and Plaintiffs have no basis to contend otherwise.

Further, in dismissing Plaintiffs' claims, the Court explained that it "has already had to evaluate and dispose of a significant number of other instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This disrupts the efficiency and fairness objectives of the MDL process." Dismissal Order at 3-4.

Plaintiffs' failure to comply with this Court's Orders and the efforts demanded for adjudicating this Motion continue to negatively impact the judicial proceeding by "unfairly diverting the time and attention of the Court away from plaintiffs who have diligently participated in the litigation" and would signal to other plaintiffs that the Court's deadlines and warnings are optional. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *In re 3M Combat Arms Earplug Litigation*, 7:20-cv-4107-MCR-GRJ, 2022 WL2952431, at *2 (N.D. Fla. June 28, 2022).

Plaintiffs did not comply, and the Court's dismissal of their cases was appropriate, not subject to reconsideration or relief under Rule 60(b).

## III.   Conclusion

Plaintiffs have not shown—and cannot show—any exceptional circumstances warranting the extraordinary relief requested. Plaintiffs knew of their obligation to submit their census forms. They cannot claim the Court committed any "clerical error or other mistake" because Plaintiffs failed to meet their deadlines and apparently believed "one last opportunity" did not mean "one last opportunity." Plaintiffs fail to meet the requirements of Rule 60(b)(1), and their Motion should be denied accordingly.

DATED: November 1, 2022

*/s/ Kari L. Sutherland*
Kari L. Sutherland
BUTLER SNOW LLP
1200 Jefferson Ave., Suite 205
Oxford, Mississippi 38655
Telephone: (662) 513-8002
kari.sutherland@butlersnow.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendant 3M certifies that this memorandum contains 2,256 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

DATED: November 1, 2022            /s/ Kari L. Sutherland
                                   Kari L. Sutherland

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this date, a copy of the foregoing was

filed on the Court's CM/ECF system, which will serve all counsel of record.

DATED: November 1, 2022          */s/ Kari L. Sutherland*
                                 Kari L. Sutherland

13