# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG ) <br> PRODUCTS LIABILITY LITIGATION, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> _____) | Case No. 3:19md2885 <br><br> Pensacola, Florida <br> August 11, 2022 <br> 10:05 a.m. |

**ORAL ARGUMENT**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

(Pages 1-76)

**A P P E A R A N C E S**

FOR THE PLAINTIFFS:   Keller Lenkner, LLC
By:  **ASHLEY KELLER**
         _ack@kellerlenkner.com_
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois  60606


Quinn Emanuel Urquhart
By: **ADAM B. WOLFSON**
         _adamwolfson@quinnemanuel.com_
865 South Figuero St., 10th Floor
Los Angeles, California  90017

*Donna L. Boland, RPR, FCRR*
*United States Court Reporter*
*1 N Palafox Street * Pensacola, Florida  32502*
*Donna_Boland@flnd.uscourts.gov*

# A P P E A R A N C E S

**FOR THE PLAINTIFFS:**
Aylstock, Witkin, Kreis & Overholtz
by:  **BRYAN F. AYLSTOCK**
   _baylstock@awkolaw.com_

   **JENNIFER HOEKSTRA**
   _jhoekstra@awkolaw.com_
17 E Main Street, Suite 200
Pensacola, Florida  32502

Clark Love & Hutson, GP
by:  **SHELLEY HUTSON**
   _bgreif@triallawfirm.com_
440 Louisiana Street, Suite 1600
Houston, Texas  77002

**FOR THE DEFENDANTS:**  Moore, Hill & Westmoreland, PA
By:  **CHARLES F. BEALL, JR.**
   _cbeall@mhw-law.com_
350 W Cedar Street, Suite 100
Pensacola, Florida  32502

White & Case
By:  **JESSICA C. LAURIA**
   _Jessica.lauria@whitecase.com_
1221 Avenue of the Americas
New York, New York  10020-1095

```
11:44:25   1    getting emails that actually this was testified to in
11:44:28   2    depositions.  I think Stein's deposition was yesterday; that's
11:44:31   3    the disinterested director.  And the 30(b)(6) for 3M was on
11:44:34   4    Tuesday.  So we're happy to produce those transcripts to Your
11:44:37   5    Honor.
11:44:37   6         THE COURT:  Thank you.  What I'm hearing, though, is
11:44:39   7    that they said that indemnification agreement they didn't know
11:44:42   8    anything about it, the 2013 agreement.  So let's don't play
11:44:46   9    fast and loose with the facts.
11:44:47  10         If there is an agreement that exists prior to the July
11:44:55  11    indemnification agreement and you believe that it creates
11:45:03  12    liability in Aearo -- and that's what you represented to me --
11:45:06  13    I hope it does because that's what I was told.
11:45:09  14         MS. LAURIA:  Your Honor, we'll file the documents,
11:45:11  15    also file the deposition transcripts.  My understanding is
11:45:14  16    different than Mr. Aylstock's, but let's just look at the
11:45:17  17    documents ourselves and make that determination.
11:45:19  18         THE COURT:  Fair enough.
11:45:21  19         MR. BEALL:  May I respond to something separate?  They
11:45:24  20    had raised the issue of the Rule 26 conference and
11:45:27  21    representations and Ms. Hoekstra put the declaration in the
11:45:30  22    record about what occurred.  Nobody on our side remembers that,
11:45:34  23    but I certainly am not trying to argue that her declaration is
11:45:38  24    wrong or right.  I have no idea about that situation, I have no
11:45:39  25    recollection of it.
```

```
11:45:40   1            But, again, if there was an admission made at the
11:45:43   2    Rule 26 conference that we're going to do something, then the
11:45:46   3    way to handle that is to put it in the Rule 26 report or into a
11:45:50   4    stipulation or request for admission or whatever.  But again,
11:45:53   5    we answered the complaint shortly thereafter, within I think
11:45:57   6    weeks of that, and denied that very issue.
11:45:59   7            So the idea that three-and-a-half years later we're
11:46:02   8    getting a declaration saying that an oral representation was
11:46:07   9    made by somebody at a conference three-and-a-half years ago
11:46:12   10   somehow binds the company to an oral representation made, that
11:46:15   11   just doesn't make any sense to me if that was the case.  But
11:46:19   12   again, that's not part of their waiver argument.  Their waiver
11:46:24   13   argument really goes to the answer, that's just window
11:46:26   14   dressing, and so we think it's irrelevant for this Court's
11:46:28   15   consideration.
11:46:28   16           THE COURT:  All right.  Thank you.
11:46:28   17           Thanks to everyone.  I appreciate your arguments.
11:46:31   18   We'll be in recess.
           19           (Proceedings concluded at 11:46 a.m.)
           20                      --------------------
           21   I certify that the foregoing is a correct transcript from the
                record of proceedings in the above-entitled matter.  Any
           22   redaction of personal data identifiers pursuant to the Judicial
                Conference Policy on Privacy are noted within the transcript.
           23
           24
                     s/Donna L. Boland                              8-11-2022
           25        Donna L. Boland, RPR, FCRR                     Date
                     Official Court Reporter
```