**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION

Case No. 3:19-md-2885

This Document Relates to:

*Alcorn,* Case No. 7:20-cv-57916;
*Aparicio,* Case No. 7:20-cv-19528;
*Cline,* Case No. 7:20-cv-48703;
*Frei*, Case No. 7:20-cv-11506;
*Hellin,* Case No. 3:19-cv-02395;
*Medley*, Case No. 7:20-cv-20730;
*Moss*, Case No. 7:20-cv-34822;
*Musselman*, Case No. 7:20-cv-22842;
*Northern*, Case No. 7:20-cv-64557;
*Panaitov*, Case No. 7:20-cv-12722;
*Shenian*, Case No. 7:20-cv-20925;
*Tamam*, Case No. 7:20-cv-48133;
*Torres Mantilla*, Case No. 8:20-cv-31071

Judge M. Casey Rodgers
Magistrate Judge Hope T. Cannon

**MOTION TO LIFT STAY**
**AS TO CERTAIN WAVE 1 PLAINTIFFS**

On October 27, 2022, the Court issued an order staying, effective immediately, all Wave 1 cases. Dkt. 3568 at 3. In its Order, the Court stated that it intended to rule on Wave 1 Plaintiffs' *Motion for Summary Judgment on 3M Company's Full and Independent Liability for CAEv2-Related Injuries* which was fully briefed, that it intended to *sua sponte* certify its decision for interlocutory appeal "given the broad import and impact of that decision," and consequently, that a stay would be implemented to conserve the parties' and judicial resources. *Id.* at 2-3. Nevertheless,

the Court stated that "[a]ny Wave plaintiff who believes successor liability is not at issue in his or her case, such that the stay should be lifted and the case permitted to proceed at this time, may file an appropriate motion." *Id.* at 3.

Accordingly, Plaintiffs respectfully move to lift the stay in the following thirteen (13) cases[1] where successor liability is not at issue and litigation against 3M Company can proceed without any need to wait for resolution of that legal issue:

**(1) Alcorn, Dustin A. (Case No. 7:20-cv-57916-MCR-GRJ)**

Plaintiff Alcorn used the CAEv2 from 2014 to 2015 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. A (Alcorn Dep. at 35:9-36:4). Plaintiff Alcorn was also injured by the CAEv2 after Defendant 3M Company upstreamed the Aearo business. Plaintiff Alcorn intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(2) Aparicio, John (Case No. 7:20-cv-19528-MCR-GRJ)**

Plaintiff Aparicio used the CAEv2 from 2011 to 2014 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. B (Aparicio Dep. at 84:6-14). Plaintiff Aparicio was also injured by the CAEv2 after Defendant 3M Company upstreamed the Aearo business. Plaintiff Aparicio has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Aparicio*, Dkt. 27. Consequently, successor liability is not at issue in this case.

[1] These cases are not intended to serve as a comprehensive list of all Wave 1 cases where successor liability is not at issue. Plaintiffs reserve the right to file additional motions for relief from stay, as necessary, on behalf of any other Wave 1 plaintiff or any other plaintiff.

**(3) Cline, Michael (Case No. 7:20-cv-48703-MCR-GRJ)**

Plaintiff Cline used the CAEv2 from 2009 to 2014 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. C (Cline Dep. at 104:8-16). Plaintiff Cline was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Cline intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(4) Frei, Nathan (Case No. 7:20-cv-11506-MCR-GRJ)**

Plaintiff Frei used the CAEv2 from 2009 to 2014 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. D (Frei Dep. at 86:1-11). Plaintiff Frei was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Frei has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Frei*, Dkt. 32. Consequently, successor liability is not at issue in this case.

**(5) Hellin, Robert (Case No. 3:19-cv-02395-MCR-GRJ)**

Plaintiff Hellin used the CAEv2 from 2009 to 2012 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. E (Hellin Dep. at 60:13-61:3, 63:16-65:7). Plaintiff Hellin was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Hellin has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Hellin*, Dkt. 25. Consequently, successor liability is not at issue in this case.

**(6) Medley, Brian L. (Case No. 7:20-cv-20730-MCR-GRJ)**

Plaintiff Medley used the CAEv2 from 2010 to 2015 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. F (Medley Dep. at 40:13-24, 60:11-61:2, 74:16-75:20). Plaintiff Medley was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. Plaintiff Medley has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Medley*, Dkt. 28. Consequently, successor liability is not at issue in this case.

**(7) Moss, Joshua (Case No. 7:20-cv-34822-MCR-GRJ)**

Plaintiff Moss used the CAEv2 from 2011 to 2015 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. G (Moss Dep. at 9:7-10, 12:16-13:8, 20:19-21:21). Plaintiff Moss was also injured by the CAEv2 after Defendant 3M upstreamed the Aearo business. Plaintiff Moss intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(8) Musselman, Barry James (Case No. 7:20-cv-22842-MCR-GRJ)**

Plaintiff Musselman used the CAEv2 from September 2008 to September 2012 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. H (Musselman Dep. at 54:11-21). Plaintiff Musselman was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Musselman intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(9) Northern, Justin (Case No. 7:20-cv-64557-MCR-GRJ)**

Plaintiff Northern used the CAEv2 from 2011 to 2015 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. I (Northern Dep. at 143:19-144:5). Plaintiff Northern was also injured by the CAEv2 after Defendant 3M Company upstreamed the Aearo business. Plaintiff Northern intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(10) Panaitov, Gloria E. (Case No. 7:20-cv-12722-MCR-GRJ)**

Plaintiff Panaitov used the CAEv2 from 2009 to 2010 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. J (Panaitov Dep. at 28:6-15). Plaintiff Panaitov was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Panaitov has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Panaitov*, Dkt. 38. Consequently, successor liability is not at issue in this case.

**(11) Shenian, Jonathan S. (Case No. 7:20-cv-20925-MCR-GRJ)**

Plaintiff Shenian used the CAEv2 from 2008 to 2014 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. K (Shenian Dep. at 11:8-13). Plaintiff Shenian was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Shenian has dismissed his claims against the Aearo Defendants and intends to pursue claims solely against Defendant 3M Company at trial. *Shenian*, Dkt. 28. Consequently, successor liability is not at issue in this case.

**(12) Tamam, Ahmed (Case No. 7:20-cv-48133-MCR-GRJ)**

Plaintiff Tamam used the CAEv2 from 2010 to 2015 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. *See* Ex. L (Tamam Dep. at 25:22-26:1, 28:9-15, 46:7-16). Plaintiff Tamam was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008 and upstreamed the Aearo business to 3M Company in 2010. Plaintiff Tamam intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

**(13)Torres Mantilla, Misael (Case No. 8:20-cv-31071-MCR-GRJ)**

Plaintiff Torres Mantilla used the CAEv2 from 2008 to 2014 after Defendant 3M Company acquired the Aearo Defendants in 2008. *See* Ex. M (Torres Mantilla Dep. at 16:5-8, 36:2-37:4). Plaintiff Torres Mantilla was also injured by the CAEv2 after Defendant 3M Company acquired the Aearo Defendants in 2008. Plaintiff Torres Mantilla intends to pursue claims solely against Defendant 3M Company at trial. Consequently, successor liability is not at issue in this case.

Each of the foregoing Plaintiffs seeks to pursue claims exclusively against Defendant 3M Company based upon Defendant 3M Company's own independent actions and omissions with respect to the CAEv2, which actions and omissions caused Plaintiffs' auditory injuries. The foregoing Plaintiffs are not pursuing claims against Defendant 3M Company based upon successor liability. Because successor liability is

not at issue in any of the above-referenced cases, Plaintiffs respectfully move the Court to lift the stay in these respective cases so these cases can proceed through the MDL process and, at an appropriate juncture, be remanded for trial.

Date: November 23, 2022

Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com
***Plaintiffs' Lead Counsel and Counsel for Plaintiffs Frei and Panaitov***

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
CLARK, LOVE & HUTSON, PLLC
440 Louisiana Street, Suite 1700
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com
***Plaintiffs' Co-Lead Counsel and Counsel for Plaintiffs Aparicio, Hellin, Medley, and Shenian***

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
SEEGER WEISS LLP
77 Water Street, 8th Floor
New York, NY 10005
Tel.: (212) 587-0700
cseeger@seegerweiss.com

***Plaintiffs' Co-Lead Counsel***

Nicole C. Berg
(Admitted Pro Hac Vice)
Illinois State Bar No. 6305464
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel.: (312) 741-5220
ncb@kellerpostman.com
***Counsel for Plaintiffs Alcorn and Northern***

Jay D. Miller
Bar No. 0975801
Law Offices of Peter G. Angelos, P.C.
100 N. Charles St. 20th Floor
Baltimore, MD 21201
Tel.:410-649-2000
jmiller@lawpga.com
***Counsel for Plaintiff Cline***

Thomas P. Cartmell (pro hac vice)
Daryl J. Douglas (*pro hac vice*)
Lindsey N. Scarcello (*pro hac vice*)
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel.: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
ddouglas@wcllp.com
lscarcellp@wcllp.com
***Counsel for Plaintiff Musselman***

Abby E. McClellan
George A. Hanson
Crystal Cook Leftridge
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel.: 816.714.7100

Fax: 816.714.7101
mcclellan@stuevesiegel.com
hanson@stuevesiegel.com
cook@stuevesiegel.com
***Counsel for Plaintiff Tamam***

Amy M. Zeman
Andre M. Mura
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: (510) 350-9721
amz@classlawgroup.com
amm@classlawgroup.com
***Counsel for Plaintiff Tamam***

Justin Parafinczuk
Florida State Bar No. 39898
Parafinczuk Wolf, PA
9050 Pines Blvd, Suite 450-02
Pembroke Pines, FL 33024
Tel: (954) 678-0263
jparafinczuk@parawolf.com
***Counsel for Plaintiff Moss***

Emily B. Marlowe
Texas State Bar No. 24076206
The Carlson Law Firm, P.C.
1500 Rosencrans Ave., Suite 500
Manhattan Beach, CA 90266
Tel.: (512)671-7277
EMarlowe@carlsonattorneys.com
Ruth Rizkalla
rrizkalla@carlsonattorneys.com
Craig Carlson
ccarlson@carlsonattorneys.com
Steve Walden
swalden@carlsonattorneys.com
***Counsel for Plaintiff Torres Mantilla***

Muhammad S. Aziz
State Bar No. 24043538
ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas 77002
Tel.: (713) 222-7211
Fax: (713) 225-0827
maziz@awtxlaw.com
***Counsel for Plaintiff Torres Mantilla***

**CERTIFICATE OF COMPLIANCE**
**WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that prior to filing the present motion, they attempted to conference with counsel for Defendant concerning the relief sought herein but were unable to reach agreement. Plaintiffs' Leadership initially indicated on November 1, 2022, that individual cases may seek relief from the Remand Wave stay order; this was repeated on a subsequent conference call on November 8, 2022. Plaintiffs' counsel reached out by phone and email on November 22, 2022, indicating they would be filing this motion before close of business on November 23, 2022. Counsel for 3M responded and requested additional Plaintiff specific-details and inquired about the scope of relief requested. Plaintiffs' Counsel immediately provided this information. When Plaintiffs' Leadership reached out to again confirm Defendant's agreement or opposition on November 23, 2022, while reiterating their intent to file before close of business, Defendant indicated they were unable to respond as to whether or not they opposed the relief requested herein.

*/s/ Bryan F. Aylstock*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that this motion complies with Local Rule 7.1(F) and contains 1,433 words.

*/s/ Bryan F. Aylstock*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Bryan F. Aylstock*