UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# ORDER

On October 2, 2022, the Court directed BrownGreer to limit access to MDL Centrality to plaintiffs' firms that have signed a participation agreement. *See* ECF No. 3501. Pending before the Court are two Motions Requesting Clarification of the Court's Order filed by plaintiffs represented by Bernstein Liebhard LLP and Aylstock, Witkin, Kreis & Overholtz, PLLC. *See* ECF No. 3525 & 3596. On consideration, the plaintiffs' motions are **GRANTED**.

To clarify, Plaintiffs' firms that have not signed a participation agreement may access and use MDL Centrality for the purpose of complying with this Court's orders regarding census forms, Form DD214s, transitions to the active docket, and Wave discovery, for example.[1] However, these firms will not have access to the other benefits and tools that MDL Centrality has consolidated and made easily accessible

---

[1] The Court stayed the Wave and transition process on October 27, 2022. *See* ECF No. 3568.

for all participating parties, such as assistance importing and exporting documents, Docket Central, and access to DOEHRS data.[2]

Additionally, Plaintiffs' Leadership may share the DOEHRS data with any MDL Party's bankruptcy professionals including the Tort Claimant's bankruptcy professionals, however, Plaintiffs' Leadership must do so by using an independent secure method of their choosing, not by granting access directly through their MDL Centrality account.

**SO ORDERED**, on this 5th day of December, 2022.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] A staggering amount of time and resources were devoted to obtaining the DOEHRS data over the course of more than three years, by leadership for both sides, a special master, BrownGreer, the Department of Defense, the Department of Justice, and the Court. Non-leadership plaintiffs' counsel may not fully appreciate the extent of the work and resources required to accomplish this monumental task; however, they may not receive the benefit of that work (i.e., access to the DOEHRS data) without signing a participation agreement. Of course, they are free to pursue the same data for their respective plaintiff clients through other means.