UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## **ORDER**

    For nearly three years in this MDL, as legal disputes and bellwether trials unfolded in courtrooms around the district, the parties and the Court quietly pursued settlement negotiations in the background. In May 2020, Ellen Reisman was appointed as a special master to coordinate those settlement discussions. Regular meetings began in earnest and continued for more than a year-and-a-half before it became clear that no serious progress had been made. Nevertheless, both sides assured the Court they were committed to reaching a resolution in the MDL, so the Court brought in another special master, Judge Mark Falk (ret.), to assist in the effort. A myriad of settlement models and provisions were explored over many more months, but again, despite the parties' repeated assurances that their informal discussions had been fruitful and that mass numbers of cases would soon be resolved, nothing changed. In the meantime, the bellwether process concluded and the litigation focus shifted to preparing Waves of individual cases—500 at a time—

for remand to their transferor courts for trial. Given the broad impact of remands for both the parties and the federal judiciary, the Court instituted a formal mediation protocol for the MDL on June 10, 2022, and commissioned the assistance of another skilled and experienced mass torts mediator, Randi S. Ellis, in the endeavor. Several significant developments followed, most notably, a bankruptcy filing by all but one of the MDL defendants and the bankruptcy court's denial of a preliminary injunction staying continued litigation against Defendant 3M Company. Thereafter, formal mediation proceedings in the MDL continued and even the bankruptcy debtors were invited to participate. *See* ECF Nos. 3416, 3424, 3427, 3431, 3465 & 3568. Again, the parties touted their commitment to developing an "efficient, equitable, and expeditious resolution to the MDL and related state court cases." *See* ECF No. 3416 at 1 (internal marks omitted). Yet again, nearly seven months later, not one case has settled.

3M has now advised the Court that it has no desire to reach a global resolution in the MDL and is absolutely determined to resolve *all* CAEv2 claims solely through the bankruptcy system. The MDL Plaintiffs Leadership, and also the CAEv2 Creditors Committee in the bankruptcy court, have advised the Court that they remain committed to an MDL settlement and categorically reject any bankruptcy-only resolution. In light of the parties' seemingly intractable positions, the Court concludes that further formal mediation proceedings in the MDL would be

unproductive at this time.  Accordingly, the Court declares an impasse of the MDL mediation and terminates the proceeding.  Special Master Ellis will continue in her role and may continue facilitating informal settlement efforts as she deems appropriate.  She will advise the undersigned if at any point the MDL Court can be of assistance to the resolution of the MDL cases.

With that said, any successful resolution will require consideration of the Defense Occupational and Environmental Health Readiness System records that were recently produced in the MDL by the Department of Defense for a substantial majority of the MDL plaintiff population.  BrownGreer PLC, a neutral third-party, was tasked with analyzing those records and has since shared its findings with the Court and the parties' respective MDL mediation teams.  Because the formal MDL mediation has concluded, the Court finds it critically important for *all* stakeholders to hear BrownGreer's unbiased insights regarding the nature and scope of the audiometric data for the hearing-related claims in this litigation, so those insights may inform their decision-making going forward.  By separate order, the Court will schedule a "Data Day" at which BrownGreer will present its analyses on the record for the benefit of all stakeholders in the litigation.

Hopefully as the MDL, the bankruptcy, and the various appeals proceed, all of which undoubtedly will take years to run their course, the intransigence on both sides will give way to a genuine commitment to negotiate reasonably and to

meaningful compromises on both sides so that a just and mutually acceptable resolution of these matters may be achieved. Whether that resolution occurs in the MDL or in the bankruptcy system, this Court will support it and will remain available to assist where it makes sense. For now, however, formal mediation efforts in the MDL will cease and the Court's focus and resources will return to resolving *Daubert* and summary judgment motions in the Wave 1 cases so that remands may begin promptly after the Eleventh Circuit rules on the interlocutory appeal of the Court's order on successor liability.

**SO ORDERED**, on this 18th day of January, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**