# EXHIBIT A

Bryan F. Aylstock (FL, AL, MS)*
Justin G. Witkin (FL, MS)
Douglass A. Kreis (FL)
Neil D. Overholtz (FL) (1972-2022)
R. Jason Richards (FL, CO)
Bobby J. "Brad" Bradford (FL, AL)
Stephen H. Echsner (FL)
D. Renée Baggett (FL) †
Daniel J. Thornburgh (FL, MN)
Nathan C. Bess (FL)†
Alexandra B. Echsner-Rasmussen (FL)
* States in which attorney is licensed to practice law
† Of counsel

E. Samuel "Sam" Geisler (FL, IL)
Jennifer M. Hoekstra (LA)
Chelsie R. Warner (MT, NV, WA)
S. Mary Liu (CA, FL)
Samantha M. Katen (FL, NC, CO)
Caitlyn P. Miller (FL, AL)
D. Nicole Guntner (FL, NY)
Marybeth Putnick (DE, NJ)†
Hannah R. Pfeifler (FL)
Catherine A. Mitchell (AL)
Timothy J. Inacio (FL)
Maury S. Goldstein (FL)



Aylstock Witkin Kreis Overholtz
www.AWKOLAW.com

17 East Main Street, Suite 200 • Pensacola, Florida 32502
Phone: (850) 202–1010 • Fax: (850) 916–7449

January 27, 2023

**Via Email**
Major Robert Wald
robert.e.wald.mil@mail.mil

Joshua Kolsky
Joshua.kolsky@usdoj.gov

Re: In Re: 3M Combat Arms Earplug Products Liability Litigation Dear

Major Wald and Mr. Kolsky:

In connection with *In re: 3M Combat Arms Earplugs Products Liability Litigation* this letter constitutes Plaintiffs' *Touhy*[1] request to the United States Department of Defense ("DoD"), for their DOEHRS-HC audiological records[2]. Pursuant to 32 C.F.R. § 516.40-57 and 32 C.F.R. § 97, 33 C.F.R. § 1.20-1 and 6 C.F.R. § 5.45, DoD Directive 5405.2 § 6.2, Navy Instruction 5825.8A, and Air Force Instruction 51-301, I set forth the basis for my *Touhy* request as follows:

Plaintiffs in this MDL litigation include servicemen and women who were issued Combat Arms Earplugs Version 2 ("CAEv2") in connection with their military service. The CAEv2 was initially designed and distributed by Aearo Technologies ("Aearo"). In 2008, Defendant, 3M Company ("3M"), purchased Aearo and continued to market and sell the CAEv2. Plaintiffs in this litigation allege that the CAEv2 was defective and caused them to sustain serious injuries during their military service, including hearing damage. In connection with this litigation, Plaintiffs seek the information described below specific to their individual claims including audiometric medical records that will help establish their individual use of the CAEv2 and the nature and extent of their resulting injuries.

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).
[2] On June 28, 2019, our office sent initial Touhy requests on behalf of Plaintiffs in the above-captioned litigation. Following meetings and correspondence between leadership for both parties and the Federal Government, our office is narrowing our previous June 28, 2019 Touhy requests in accordance with guidance from the Federal Government. Accordingly, this letter constitutes Plaintiffs' revised request to the United States Department of Defense ("DOD"), Defense Logistics Agency ("DLA"), Army, Navy, Marine Corps, Air Force, and Coast Guard for certain documents relevant to this litigation.

1

**Plaintiffs' *Touhy* Request for DOEHRS-HC Database In Connection With Individual Plaintiffs *In re: 3M Combat Arms Earplug* Products Liability Litigation**

### A. Summary and Relevance of the Documents and Discovery Requested

Plaintiff servicemembers seek individual audiological records which are stored in the DOEHRS-HC database. The requesting Plaintiff Servicemembers (see enclosed spreadsheet via Privacy Act Order) have not previously requested their DOEHRS data from the government previously. Plaintiff Servicemembers are requesting the production in that same format as previously produced to leadership in *In re: 3M Combat Arms Earplug Products Liability Litigation (MDL 2885)* via database export. This request is highly relevant to the claims in this action, as the records will show changes in Plaintiff Servicemembers' hearing over time and can be used to support Plaintiff Servicemembers' injuries as caused by Defendant 3M Company's dual ended Combat Arms Earplug. These records are also highly relevant to showing the extent of Plaintiff Servicemembers' hearing impairments.

Plaintiff Servicemembers are aware that the Department of Defense produced DOEHRS-HC records to MDL leadership in September of 2022 in response to a prior Touhy request seeking the following:

> *Plaintiff SMs request the following:*
>
> a. *DD 2215s (Reference, or baseline, audiograms which SMs receive upon entering the military before being exposed to noise hazardous areas) (Note: there may be SMs with DD 2215s if such SMs re-entered military active duty)*
>
> b. *DD 2216s (periodic subsequent audiograms that SMs receive, which are compared to their baseline audiograms)*
>
> *Plaintiffs request all DD 2215s and DD 2216s for the Plaintiff SMs.*

This request was converted via agreement of the Parties and Department of Defense to a request for DOEHRS-HC database information in lieu of individual DD2215 and DD2216 documents. However, the Plaintiff-servicemembers included in this *Touhy* request have not received DOEHRS records in the September 2022 production (or any earlier productions) and have not previously requested their records via Touhy request under prior Privacy Act Order spreadsheets provided to the Department of Defense. Plaintiff Servicemembers have attempted to access their DOEHRS-HC records through sources already available to them and have been unable to obtain them.

To assist with your search for these records, Plaintiff Servicemembers will provide a list of service members containing the following identifying information: full name, social security number, date of birth, branch of service, year of entry, and year of discharge. This information will be provided in identical form as that which has been submitted previously in relation to other Touhy requests by MDL Leadership.

### B. Document Request

Pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the above-referenced statutes, directives, and instructions, on behalf of Plaintiff Servicemembers in this MDL litigation

request individual DOEHRS-HC audiological records from the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard servicemembers on the attached spreadsheets (See Attachments XX-XX).

### C. Additional Considerations

These requests comply with the polices of the DoD, DLA, Army, Navy, Marine Corps, Air Force, and Coast Guard regarding the provision of information by its employees in connection with litigation in state court.

1. Disclosure of the requested information is not unduly burdensome or otherwise inappropriate under the court rules of the Northern District of Florida, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.
2. Disclosure of the requested information would not violate any statute, executive order, regulation, or directive.
3. Disclosure would be appropriate and necessary under relevant substantive law concerning privilege.
4. Disclosure of the requested information would not reveal any classified information, data restricted pursuant to AR 380-5, unclassified technical data withheld from public release pursuant to 32 C.F.R. § 250 or DoD Directive 5230.25, privileged safety information restricted from public release by DoD Directive 6055.7, AFI 31-401, or other matters exempt from unrestricted disclosure.

### D. Administrative Matters

Plaintiff Servicemembers will bear the cost of duplicating and producing the documents sought by this *Touhy* request. Costs will be paid by check or money order payable to the Treasury of the United States. Any requests for assistance with any information to be electronically transmitted should be made to Bryan Aylstock, lead counsel for Plaintiffs, at (850) 202-1010 or baylstock@awkolaw.com. Plaintiff Servicemembers are willing to work with all Federal agencies implicated in this request in order to properly narrow or tailor the scope of this and any future request. In addition, Plaintiff Servicemembers have narrowly tailored the background section of these requests in an effort to avoid duplication of information contained in 3M's June 21, 2019 *Touhy* request and Plaintiffs initial June 28, 2019 *Touhy* request. However, should you require additional information as to the relevancy of any document listed in this request, we would be happy to provide it at your convenience.

Should you have any questions or require any additional information concerning this request, please do not hesitate to contact me. Thank you for your assistance.

Sincerely,

Bryan F. Aylstock

Lead Counsel for Plaintiffs

4

CC:
Michael J. Fucci
Associate General Counsel Department of
Defense Michael.j.fucci.civ@mail.mil