## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Case No. 3:19-md-2885-MCR-HTC |
| | ) ) | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |
| This Document Relates to: | ) ) | |
| *All cases* | ) ) ) ) | |

## 3M's MOTION FOR CLARIFICATION
## REGARDING DATA DAY PROCEDURES

3M respectfully submits this request for the clarification of certain procedures for the forthcoming "Data Day" in order to facilitate a full and fair presentation of the data through a transparent exchange of information.

### I.     BACKGROUND

In September 2022, the United States Department of Defense produced Defense Occupational and Environmental Health Readiness System ("DOEHRS") records, including audiometric data, for hundreds of thousands of claimants. Plaintiffs and 3M have recognized the importance of the DOEHRS data and have engaged their own experts to assess and analyze it.

On September 19, 2022, the Court entered an order *sua sponte* "expanding the role" of BrownGreer PLC to "conduct any analyses of the new DOEHRS

records that it deems necessary to develop a complete and accurate picture of the

MDL inventory."  ECF No. 3468 at 3.[1]  The Court did not specify under what

authority it made this appointment, but its Order observed that "BrownGreer has

conducted extensive analyses of this data" and stated that "BrownGreer's cutting

edge technology, and its in-depth knowledge and expertise with the complexities

of this litigation, are unparalleled."  *Id.* at 2.   In light of the Court's subsequent

direction that BrownGreer present the information publicly, 3M assumes the

appointment was intended to fall under Federal Rule of Evidence 706, regarding

court-appointed expert witnesses.[2]

Following this appointment, on October 27, 2022, the Court reported that

BrownGreer had "analyzed the [DOEHRS] data and shared its findings with the

Court."[3]  ECF No. 3568 at 5.  "In the Court's view," it was "critically important for

both sides to hear" BrownGreer's insights and analysis which had already been

---

[1]   According to its website, BrownGreer provides "claims administration and litigation management" services.  *See* https://www.browngreer.com/.   Early in the MDL, the Parties agreed that BrownGreer would manage certain data in MDL Centrality.

[2]   The Court did not issue a "show cause" order as required by Rule 706(a) either at the point at which BrownGreer's role was expanded or when it indicated that BrownGreer would report its results publicly.

[3]   Other than the Order authorizing BrownGreer to analyze the DOEHRS data (ECF No. 3468), 3M has not received the Court's instructions to BrownGreer regarding how the DOEHRS data should be analyzed or any information regarding BrownGreer's methodology in assessing the audiometric data.

shared *ex parte* with the Court.  *See id.*  On January 18, 2023, despite the stay

issued in conjunction with its successor-liability ruling, the Court issued an order

"declaring an impasse of the MDL mediation," while reiterating its views that "any

successful resolution will require consideration of the [DOEHRS] records," and

that it is "critically important for *all* stakeholders to hear BrownGreer's unbiased

insights regarding the nature and scope of the audiometric data for the hearing-

related claims in this litigation, so those insights may inform their decision-making

going forward."[4]  ECF No. 3624 at 3.

On January 20, 2023, the Court set February 23, 2023 as the "Data Day" at

which BrownGreer would publicly present its findings, including through a Zoom

conference that would permit up to 350 attendees.  ECF No. 3632.

## II.    REQUEST FOR CLARIFICATION

Given the public nature of the presentation and the Court's stated belief that

it will be "critically important" to "*all* stakeholders," (ECF No. 3624 at 3 (original

emphasis)), 3M requests clarification on two discrete points to ensure a complete

and robust presentation and exchange of information and to ensure that the

proceedings fully comply with the applicable rules.

---

[4]    3M assumes that the public hearing is not intended for mediation purposes,
       given that the parties' mediations have been confidential.

*First*, in order to facilitate a streamlined and efficient presentation, 3M seeks clarification regarding how and when BrownGreer's presentation materials and findings and back-up material (including any instructions from the Court regarding the inquiries addressed and the scope and methodology of the analysis) will be provided to the parties.  3M requests that the materials be provided to the parties at least three days before Data Day. *See* Rule 706(b)(2).  The public setting of Data Day makes the advance production of such materials particularly important. *Compare* Fed. R. Civ. P. 26 (requiring disclosure of reliance and other materials for testifying experts).

It would also be beneficial to 3M and all the stakeholders to clarify the scope of BrownGreer's presentation, including (1) identifying what topics will be covered and who the person or persons are from BrownGreer who will be presenting on each topic; (2) disclosing any additional findings and information that were not previously shared with the parties; and (3) confirming that any presentations will be made by under oath.  3M respectfully requests that the information and materials discussed above be produced sufficiently in advance of the Data Day session, so that the parties can be prepared to meaningfully explore and address the findings presented.

*Second*, the Court's Order contemplates that some persons will "actively participate" in the proceedings (ECF No. 3632), but it does not specify the

parameters of such participation.  Consistent with Rule 706 (and general principles

of due process, transparency and the adversary process), 3M expects that, at a

minimum, parties will be able to examine BrownGreer during Data Day.  *See* Rule

706(b)(3)-(4) (the expert "may be called to testify" and "may be cross-examined

by any party").  3M requests clarification regarding the length of time each party

will have to conduct their examination.

*     *     *

3M looks forward to the Court's guidance on these issues.  If helpful to the

Court and the parties, 3M proposes that the Court hold an on-the-record conference

before Data Day to address any remaining procedural issues.

**CERTIFICATION UNDER RULE 7.1B**

Counsel for 3M conferred with counsel for Plaintiffs' leadership regarding

the relief requested in this motion, and Plaintiffs indicated they reserved the right

to respond after discussing with the broader leadership team.

DATED:  February 15, 2023

By: */s/ Charles F. Beall, Jr.*
Larry Hill
Charles F. Beall, Jr.
MOORE, HILL &
WESTMORELAND, P.A.
350 W Cedar St. Suite 100
Pensacola, FL 32502
Tel. (850) 434-3541
lhill@mhw-law.com
cbeall@mhw-law.com
*Attorneys for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 15th day of February, 2023, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/s/ Charles F. Beall, Jr.*
Charles F. Beall, Jr.