**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885-MCR-GRJ |
| | Judge M. Casey Rodgers |
| | Magistrate Judge Hope T. Cannon |
| This Document Relates to All Cases | |

**PLAINTIFFS' OPPOSITION TO 3M'S MOTION FOR CLARIFICATION**

3M's motion for "clarification of certain procedures" relating to the February 23, 2023 Data Day is nothing more than a preemptive public relations gambit. It is designed to undercut the credibility of third-party BrownGreer – whose role as a neutral in this litigation has expanded many times at 3M's insistence – and to let 3M add another item to their oft-repeated list of grievances against this Court in bankruptcy and appellate filings.

3M, along with Plaintiffs, chose BrownGreer for this very role, after nearly six hours of presentations from eight different litigation technology platform vendors. Dkt. 456. The Court tasked BrownGreer, at 3M's and Plaintiffs' request, with providing "centralized litigation management and support, including assistance with gathering, organizing, and analyzing various categories of information in

connection with this matter." Dkt. 508. 3M's attempt to cast BrownGreer as an unvetted stranger is yet another effort to rewrite the history of this case. [1]

3M did not merely consent to BrownGreer's role in this litigation as a neutral for tracking and analyzing data regarding Plaintiffs – 3M repeatedly and affirmatively pulled BrownGreer further into the process. 3M worked with BrownGreer and relied on its analysis in an untimely effort to commence an additional deficiency process in April 2022. Time and time again in the wave cases, 3M advocated for using BrownGreer's MDL Centrality platform for myriad purposes, from service of motions, to exchange of positions on applicable law, to scheduling of medical examinations and depositions. 3M's efforts to now suggest that BrownGreer is anything but a trusted neutral are baseless.

3M feigns ignorance about BrownGreer's analyses of the DOEHRS data, but has had ample opportunity to test them. ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[1] Even if BrownGreer could be considered a Court-appointed expert under Rule 706 (as 3M contends), this history makes clear 3M fully participated in selecting and approving BrownGreer for the tasks it has performed.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████ 3M's efforts to suggest in its filing that it lacks an opportunity to prepare for Data Day, or requires cross-examination of BrownGreer, are simply bad faith.

3M's true aim is to undermine the Plaintiff hearing data that 3M knows BrownGreer has. When 3M thought that the DOEHRS data might help its cause, 3M sought that data from the military arm-in-arm with BrownGreer and Plaintiffs. 3M and BrownGreer participated together in many of the calls and meetings that yielded the DOEHRS data, up to and including traveling to the Pentagon to meet with representatives of the U.S. Military. It was only after 3M saw the Plaintiff hearing data that it began to backpedal. But 3M's problem is not a lack of disclosure from BrownGreer, or a lack of opportunity to vet BrownGreer or its analyses: 3M's problem is simply that it doesn't like the data.

The Court's January 18, 2023 and January 20, 2023 orders require no additional clarification, and Defendants' motion should be denied.

Dated: February 16, 2023

Respectfully submitted,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, Lead Counsel
Florida State Bar No. 078263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

Brian H. Barr, Co-Liaison Counsel
Levin, Papantonio, Thomas, Mitchell,
Rafferty, & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Tel.: (850) 435-7044
bbarr@levinlaw.com

4

5

Michael A. Burns, Co-Liaison Counsel
Mostyn Law Firm
3810 W. Alabama Street
Houston, TX 77027
Tel.: (713) 714-0000
epefile@mostynlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I caused the foregoing

Memorandum of Law to be filed with the Clerk of the Court using the CM/ECF

system, which will send notification to all counsel of record.

*/s/ Bryan F. Aylstock*