UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## ORDER

Data Day is scheduled for **February 23, 2023 at 9:00 a.m. (CST)**.  *See* ECF Nos. 3624, 3632.  To be clear, this is a purely informational proceeding to educate those outside of leadership roles in the MDL about the nature and scope of the hearing-related claims in this litigation as reflected in the audiometric data from DOEHRS.[1]  Leadership for both sides has had access to the DOEHRS data for many months and each has retained experts to analyze that data for their own uses.  BrownGreer PLC was asked to perform an objective, statistical analysis of the data for the Court.  At the Court's request, BrownGreer then provided a preliminary presentation of its analyses—including a complete and robust explanation of its methodologies and source material (*i.e.*, the DOEHRS data)—to certain leadership counsel for Plaintiffs and Defendant 3M, as well as counsel for the Aearo debtors,

---

[1] There have been several purely informational proceedings during the course of this litigation, including a *Touhy* presentation from federal government attorneys and two Science Days.

at Kirkland & Ellis LLP in December 2022. The undersigned also attended this meeting and at that time explained to the parties what she had asked BrownGreer to do and why. Both sides had an opportunity to—and *did*—question BrownGreer about the scope of its analyses, its methodologies, and the results.[2] At this time, in the interests of fairness and transparency, the Court has concluded that non-leadership stakeholders—which include more than 300 plaintiffs' firms, at least 20 defense firms, and individual plaintiffs numbering in the hundreds of thousands—should hear BrownGreer's unbiased insights too.

BrownGreer, a third-party neutral, is not new to the parties or the litigation. In fact, they were initially appointed "[b]y agreement of the parties…to provide centralized litigation management and support, including assistance with…*analyzing various categories of information* in connection with the" MDL. *See* Order of Appointment (July 19, 2019), ECF No. 508 at 1 (emphasis added). The Court expanded on this aspect of BrownGreer's role in September 2022, directing the company to statistically analyze the newly produced DOEHRS data, with no objection from either side.[3] *See* ECF No. 3468. Through this appointed work, BrownGreer has faithfully served as an impartial technical advisor, both to the

---

[2] The Court recognizes that the on brief attorneys for 3M's Motion for Clarification Regarding Data Day Procedures, ECF No. 3667, did not attend BrownGreer's presentation. However, 3M was certainly there, as was counsel for the Aearo debtors.

[3] To the extent 3M's instant motion for clarification is meant as an objection to BrownGreer's expanded role, that objection is deemed long since waived.

parties and the Court. BrownGreer has never been a court-appointed expert witness, required to furnish an expert report or subject to cross-examination. *See* Fed. R. Evid. 706. Its educational reports on the existing data—whether regarding census forms, DD-214s, or DOEHRS data—are not factual findings or evidence, and its informational presentation of that data to the parties and the Court is not testimony and will never be the basis of any decision by the Court. BrownGreer's highly specialized role has been properly limited to helping the Court and leadership counsel, and now the non-leadership stakeholders in the MDL, understand the characteristics of the body of data produced in connection with this litigation.[4]

The Data Day proceeding will be fairly straightforward.[5] At the outset, the Court will offer some opening remarks. BrownGreer's informational presentation will follow. That presentation will be largely consistent with the preliminary presentation previously given to MDL leadership and counsel for the Aearo debtors. BrownGreer's Powerpoint presentation will not be produced in advance to either side; however, it will be made available on the Court's public website for the MDL

---

[4] *See, e.g.*, *Reilly v. U.S.*, 863 F.2d 149, 155-61 (1st Cir. 1988) (district courts have inherent authority to appoint technical advisor outside the realm of Fed. R. Evid. 706 in appropriate cases); *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 590 (9th Cir. 2000) (same); *see also General Elec. Co. v. Joiner*, 522 U.S. 136, 149 (1997) (Breyer, J., concurring) (endorsing appointment of special masters and specially trained law clerks to assist district courts with scientific or technical evidence).

[5] 3M's Motion for Clarification Regarding Data Day Procedures, ECF No. 3667, is denied except with respect to the points of clarification in the body of this Order.

after Data Day.  Also, a transcript of the proceeding will be made available through the court reporter.

All parties are invited to attend Data Day, but no one is required to attend.  As this is a wholly informational and non-adversarial proceeding, participation by either side will be limited to observing the presentation.  Neither side will be permitted to make opening or closing remarks, and there will be no cross-examination.  In fact, both counsel tables will be reserved for BrownGreer and the Court's IT staff.  Counsel are free to observe the proceedings from the jury box, the gallery, the jury assembly room on the second floor of the courthouse, telephone, *see* ECF No. 5, or via the Zoom link previously provided, *see* ECF No. 3632.

**SO ORDERED**, on this 17th day of February, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**