UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases on Exhibits A, B and C | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

## ORDER

On March 23, 2022, the Court directed all MDL plaintiffs who are veterans to submit a Form DD214 or DoD Military Service Information Report by certain deadlines.[1] *See* Case Management Order No. 40, ECF No. 2911. The Order warned that a plaintiff's failure to timely submit the requisite form or report would result in the dismissal of the plaintiff's case without prejudice. *See id.* at 3. This order addresses the plaintiffs represented by Aylstock of Aylstock, Witkin, Kreis & Overholtz, PLLC and identified on Exhibits A, B, and C who were required to submit the requisite military service documentation by March 14, 2023 but failed to do so.[2]

---

[1] The Court previously stayed certain proceedings in the MDL pending resolution of any interlocutory appeal of its Order dated December 22, 2022. *See* ECF Nos. 3568 & 3610. On December 30, 2022, the Court further clarified that the DD214 and census form requirements are not subject to the stay and that plaintiffs must fulfill their DD214 and census form obligations in accordance with the previously established deadlines. *See* ECF No. 3615 at 2.

[2] The deadlines set forth in CMO 40 are staggered based on the number of plaintiffs represented by a particular law firm. Beginning March 23, 2022, each law firm was (and is) required to submit at least 3,000 DD214s every 30 days. *See* CMO 40, ECF No. 2911 at 3. The Court suspended the DD214 deadlines in July 2022 but then later reinstated them in September

The plaintiffs on Exhibits A and B have submitted census materials indicating they are veterans.[3] The plaintiffs on Exhibit C have submitted census materials that contain conflicting answers about their veteran status and none have advised the Court or BrownGreer that they are not veterans, such that the document requirements in CMO 40 would not apply.

Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy,

---

2022. *See* ECF Nos. 3342 & 3479. Consequently, the DD214 deadline for the plaintiffs listed on Exhibits A and B was March 14, 2023.

[3] The Court was advised that the plaintiffs listed on Exhibit A failed to timely submit DD214 Forms only after granting their Motions to Withdraw and staying the cases. As such, these cases are now due to be dismissed without prejudice and the order staying the cases is due to be vacated.

and inexpensive determination of every action and proceeding"). Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

Applying these rules, the Court concludes that dismissal without prejudice is appropriate in the cases identified on Exhibits A, B and C. This MDL has been pending for well over three years. All veterans who allegedly wore the CAEv2 during their military service, and their counsel, have been on notice—for nearly as long—that a DD214 would be a fundamental requirement for pursuing a claim in this litigation. *See* Pretrial Order No. 18, ECF No. 775 & 775-2.[4] This is because the DD214 constitutes official proof of a veteran's military service and provides

---

[4] Indeed, the DD214 is the very first item on the list of required initial census documents. *See* PTO 18, Exhibit B, ECF No. 775-2. The initial census deadlines were suspended for a time (both for initial census questions and for initial census documents), *see* Case Management Order No. 6, ECF No. 836, and ultimately reinstated for initial census questions only, *see* PTO 81, ECF No. 1848. The initial census documents requirement was never reinstated, which led to CMO 40, separately requiring the production of DD214s.

essential details about the veteran's service record, information that is critical to the claims and defenses involved in virtually every veteran's claim.[5] The Court reemphasized the importance of a DD214 at the February 16, 2022 Case Management Conference, and, at that time, advised the parties that an order requiring its production by all veterans would be forthcoming. *See also* Case Management Order No. 35, ECF No. 2789 at 4. That Order (again, CMO 40) was entered on March 23, 2022, and, in light of potential time constraints for veterans who had not yet obtained a copy of their DD214 from the DoD, the Order identified two different ways for a plaintiff veteran to establish his or her military service— either (1) by producing a DD214; or (2) by producing a DoD Military Service Information Report (colloquially referred to as the "Blue Button") which is readily and easily accessible to every veteran (and/or a legal representative with the veteran's credentials) on the VA's health management portal, MyHealtheVet.[6] Given the advanced stage of this litigation and the importance of veterans' military service information to the various claims and defenses in this litigation, it was and is entirely reasonable to require veterans to timely show basic proof of military service before both sides start incurring the costs involved with preparing a CAEv2

---

[5] For example, the DD214 includes information regarding dates of service, military occupational specialties held, awards, education, and separation information (i.e., date and type of separation, character of service, and the authority and reason for separation).

[6] CMO 40 even included a link to the VA's public website for the "Blue Button," as well as a sample Blue Button form.

case for trial. The plaintiffs identified on Exhibits A, B and C failed to fulfill this basic requirement, despite ample notice of it and ample time to comply. Consistent with CMO 40, those plaintiffs' cases are due to be dismissed without prejudice.

Accordingly:

1. The Court hereby sua sponte **LIFTS the STAY** and **VACATES** the Orders for the cases listed on Exhibit A. The Clerk is directed to enter this Order in its place.

2. The plaintiffs' cases identified on Exhibits A, B and C are hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.[7]

3. Active-duty plaintiffs and non-veterans are hereby granted leave to file a motion to reopen their case, which must be accompanied by a statement clarifying their status with respect to military service. Any motion to reopen on this basis must be filed on the individual docket for a plaintiff's case only by **April 26, 2023**.

4. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets and close the cases in their entirety for all purposes.

**SO ORDERED**, on this 27th day of March, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[7] To the extent a Request for Dismissal from Administrative Docket (RFD) was filed in a particular case *before* CMO 40 was entered, the case will be dismissed pursuant to the RFD, and not pursuant to CMO 40.