UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) Case No. 3:19-MD-2885 ) ) ) |
| This Document Relates to: *All Cases* | ) Judge M. Casey Rodgers ) Magistrate Judge Hope T. Cannon |

### 3M COMPANY'S RESPONSE TO MOTION TO REINSTATE FORMAL MDL MEDIATION

3M Company respectfully opposes Plaintiffs' Motion to Reinstate Formal MDL Mediation. 3M has repeatedly expressed its desire to reach a global resolution of this litigation through good-faith negotiations with Plaintiffs. To that end, 3M, in support of Aearo Technologies, is fully engaged in an ongoing mediation in the Aearo chapter 11 bankruptcy. *In re Aearo Technologies LLC,* et al. (Case No. 22-02890-JJG-11) (Bankr. S.D. Ind.). That mediation encompasses all the issues in this dispute, not just the subset of issues before the MDL Court. It includes Aearo, against which litigation in this Court is stayed. It includes the state court Combat Arms claims and the Aearo respirator claims, neither of which are before this Court. And it is being overseen by Co-Mediator Randi Ellis—the mediator already appointed by this Court. The Court should decline Plaintiffs' invitation to launch a parallel mediation at this time, which appears designed to further their ongoing litigation tactics in support of their pending motions to dismiss Aearo's chapter 11

proceedings, which the Bankruptcy Court took under advisement on April 25, 2023. To add an additional, partial mediation process now would be a distraction and not further the parties' shared goal of resolution.

In contrast with the ongoing chapter 11 mediation, less than four months ago, this Court declared an impasse in the MDL mediation, finding that further formal mediation proceedings in the MDL would be unproductive, and terminating the MDL mediation proceeding. Jan. 18, 2023 *Order* (Dkt. No. 3624) at 2-3. From 3M's perspective, nothing has materially changed since that ruling and reinstating the terminated MDL mediation proceeding solely at the behest of one party, and over the opposition of the other, would be counterproductive to reaching a resolution of all issues in dispute. Plaintiffs note in their motion that they "recently made a demand of 3M for global resolution in the MDL of the combat arms litigation." Mot. at 1. 3M will refrain from addressing any settlement-related developments in compliance with privilege and confidentiality obligations. Neither the parties nor the Court are allowed to reveal settlement-related communications. *See In re RDM Sports Grp., Inc.*, 277 B.R. 415, 431 (Bankr. N.D. Ga. 2002) (prohibiting disclosure of "communications made to the mediator," communications "between the parties during the mediation," and communications "in preparation for the mediation"); *see also 456 Corp. v. United Nat. Foods, Inc.*, No. 3:09-CV-1983 JBA, 2011 WL 5930467, at *3 n.7 (D. Conn. Nov. 29, 2011) (parties should "refrain[] from offering

2

specifics about the settlement discussions in their filings"); L.R. 16.3 ("Everything said during a mediation or settlement conference—other than the terms of any settlement agreement itself—is confidential and inadmissible as a settlement negotiation."). The broad scope of the rules regarding privilege and confidentiality is by design: any inquiry into settlement-related events encroaches on the basic rule of settlement confidentiality that is "essential" to the "vitality and effectiveness of mediation." *In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011); *see also Mocombe v. Russell Life Skills*, No. 12-60659-CIV, 2014 WL 11531569, at *23 (S.D. Fla. Oct. 7, 2014); *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1363 (Fed. Cir. 2014); *J.D. ex rel. Davis v. Kanawha Cnty. Bd. of Educ.*, 571 F.3d 381, 386 (4th Cir. 2009); *Sheldone v. Pennsylvania Tpk. Comm'n*, 104 F. Supp. 2d 511, 513 (W.D. Pa. 2000); *In re Grand Jury Subpoena Dated Dec. 17, 1996*, 148 F.3d 487, 492 (5th Cir. 1998).

To be clear, 3M remains committed to continuing discussions—as it has been doing—regarding resolution. 3M will continue to support Aearo Technologies by engaging in the ongoing chapter 11 mediation discussions—which continue to include the Co-Mediator already appointed by this Court—toward a global resolution of the disputes before this Court and disputes outside this Court's jurisdiction.

Dated:  April 28, 2023	Respectfully submitted,

*/s/ Charles F. Beall, Jr.*
Charles F. Beall, Jr.
Florida Bar No. 66494
*cbeall@mhw-law.com*
Larry Hill
Florida Bar No. 173908
*lhill@mhw-law.com*
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Defendant, 3M Company*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendant certify that this memorandum contains 629 words.

Dated:  April 28, 2023

>  */s/ Charles F. Beall, Jr.*
> Charles F. Beall, Jr.
> Florida Bar No. 66494
> *cbeall@mhw-law.com*
> Larry Hill
> Florida Bar No. 173908
> *lhill@mhw-law.com*
> MOORE, HILL & WESTMORELAND, P.A.
> 350 West Cedar Street
> Maritime Place, Suite 100
> Pensacola FL 32502
> Telephone: (850) 434-3541
> *Counsel for Defendant, 3M Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 28th day of April, 2023, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

Dated:  April 28, 2023

>	*/s/ Charles F. Beall, Jr.*
> Charles F. Beall, Jr.
> *Counsel for Defendant, 3M Company*