UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Hope T. Cannon |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION TO REINSTITUTE FORMAL MDL MEDIATION

Plaintiffs respectfully seek leave to file a reply to 3M's opposition to Plaintiffs' Motion to Reinstitute Formal MDL mediation for the following reasons. While 3M states that is already "fully engaged" in mediation that encompasses these issues, Dkt. 3718 at 1, it fails to mention that on April 7, 2023 the CAE Committee moved to be removed from the Aearo chapter 11 mediation, and as reported by the chapter 11 co-mediators, ceased participation in the mediation on that date. 3M's opposition to MDL mediation also failed to mention that 3M has its own independent liability given that it manufactured the earplugs and made multiple affirmative representations about this earplug that multiple unanimous juries found to be fraudulent. As a third party to Aearo's bankruptcy, which Plaintiffs maintain is improper and should be dismissed, it is far from assured that 3M could ever get the

benefit of a channeling injunction. At a minimum, 3M's opposition to MDL mediation ignores that it will need overwhelming support in the bankruptcy, and that MDL mediation would add an additional tool to achieve 3M's professed goal of "a global resolution." *Id.* at 3.

Finally, 3M misleadingly boasts that it is engaged in a chapter 11 mediation process. But like the CAE Committee, MDL Plaintiffs Leadership has concluded that any resolution to this litigation must necessarily include 3M outside of the bankruptcy process entirely. If 3M is not talking to either the CAE committee or MDL Plaintiffs Leadership, then the need to restart formal MDL mediation processes should be self-evident.

For all the foregoing reasons, Plaintiffs respectfully request that the Court allow a short reply, to be filed on an expedited basis.

DATED: April 28, 2023

> */s/ Bryan F. Aylstock*
> Bryan F. Aylstock, Lead Counsel
> Florida State Bar No. 078263
> Aylstock, Witkin, Kreis & Overholtz, PLLC
> 17 East Main Street, Suite 200
> Pensacola, FL 32502
> Tel.: (850) 202-1010
> baylstock@awkolaw.com

2

Christopher A. Seeger, Co-Lead Counsel
(Admitted Pro Hac Vice)
New Jersey State Bar No. 042631990
Seeger Weiss LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel.: (212) 584-0700
cseeger@seegerweiss.com

Shelley V. Hutson, Co-Lead Counsel
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, GP
440 Louisiana Street
Suite 1600
Houston, TX 77002
Tel.: (713) 757-1400
shutson@triallawfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

The undersigned hereby certifies that on April 28, 2023, Plaintiffs' Leadership conferred with counsel for 3M on the issue raised in this motion. Counsel for 3M opposes this motion.

/s/ Bryan F. Aylstock

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify that the foregoing contains 358 words and complies with the Court's local rule.

/s/ Bryan F. Aylstock

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Bryan F. Aylstock