UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## MEDIATION ORDER

It has been more than three months since an impasse of the MDL mediation was declared and the proceeding was terminated. Since that time, there have been a number of new and material developments that impact the more than 230,000 CAEv2 cases still pending in the MDL and the thousands of CAEv2 cases in Minnesota state court. Accordingly, the MDL court and the Minnesota court find it necessary and appropriate to reinstitute formal mediation for the massive number of CAEv2 cases pending on both courts' dockets.[1]

In the MDL alone, nearly 23,000 cases name 3M as the sole defendant. In Minnesota, more plaintiffs have done the same. The 3M-only claims have no bearing on the Aearo debtors' estate, and need resolution—whether by motion, trial, or settlement—regardless of the outcome of Aearo's bankruptcy. The same is true

---

[1] Plaintiffs' Motion to Reinstitute Formal MDL Mediation, ECF No. 3715, which 3M opposes, ECF No. 3718, thus is **GRANTED**.

for the hundreds of thousands of additional cases naming multiple defendants but asserting claims against 3M for its own independent (as opposed to derivative) liability.  To that end, the MDL court has begun ruling on *Daubert* and dispositive motions in the Wave 1 cases in preparation for immediate remand following the Eleventh Circuit Court of Appeals' decision on the interlocutory appeal regarding successor liability.  And in Minnesota, bellwether trials against 3M are set for July 10, 2023, September 11, 2023, October 23, 2023, and February 5, 2024.  Although those trials previously have been continued to accommodate mediation discussions, they have been delayed long enough and the Minnesota court plans no further continuances.

The past few months also have brought far more uncertainty than ever existed before.  The bankruptcy court will soon be ruling on motions to dismiss Aearo's bankruptcy cases and/or to appoint a Chapter 11 trustee for the debtors' estates, following a trial that concluded on April 25, 2023.  The Seventh Circuit currently is considering Aearo's direct appeal of the bankruptcy court's order declining to stay or enjoin litigation against non-debtor 3M Company as part of Aearo's bankruptcy proceeding; oral arguments were heard on April 4, 2023.  And just yesterday, the Eleventh Circuit heard oral arguments in the first consolidated appeal of the bellwether verdicts.  All of those matters present difficult issues and considerable

risk for both sides, which warrant renewed exploration of a mutually agreeable resolution.

Perhaps most significantly, the bankruptcy mediation process has not borne fruit. Indeed, the bankruptcy record reflects that the largest block of creditors in that proceeding—the Official Committee of Unsecured Creditors for Tort Claimants – Related to Use of Combat Arms Version 2 Earplugs—has sought to be relieved of any further mediation obligations in the Chapter 11 Mediation due to "an unbreakable impasse on numerous key issues – both structural and financial[.]" *See In re Aearo Techs. LLC*, No. 1:22bk2890, ECF No. 1445. Meanwhile, outside the bankruptcy process, the "MDL Plaintiffs Leadership in conjunction with Lead Counsel in the Minnesota coordinated state court action recently made a demand of 3M for global resolution in the MDL of the [CAEv2] litigation against…3M in its entirety." *See* Pls. Mot., ECF No. 3715 at 1. In the view of the MDL court and the Minnesota court, these federal and state plaintiffs are entitled to an impartial forum within which to mediate their claims against 3M.

Of course, the parties are masters of their own resolution and the MDL court and the Minnesota court have no opinion on what form it should take. With that said, both courts agree that reinstituting the MDL mediation will only increase the opportunities for progress to be made towards "the parties' shared goal of resolution." *See* Def. Opp'n, ECF No. 3718 at 2.

Towards this end, the MDL court appoints the Honorable David R. Herndon (ret.) and the Honorable Jeffrey J. Keyes (ret.) to serve as mediators, together with Special Master Randi Ellis, who supports this MDL mediation endeavor and who will continue in her role as MDL mediator.

As the parties know, Judge Herndon is a retired federal district court judge with unparalleled knowledge and experience with MDLs generally and the CAEv2 litigation specifically, and Judge Keyes, who currently serves as the Special Master for the Minnesota CAEv2 litigation, is a retired magistrate judge with an extensive background in complex civil litigation and mediation. The parties are well familiar with Special Master Ellis. Judge Herndon, Judge Keyes and Special Master Ellis may conduct mediation sessions at their discretion with participants of their choosing, either in person or via video conference, telephone, or other means, <u>including ex parte communications as they deem necessary</u>. The selected participants must attend any sessions set by the mediators, meet and confer with each other and the mediators to discuss settlement, and negotiate in good faith. The parties must equally share in the expenses of the mediators and must promptly pay the invoices when received.

**SO ORDERED**, on this 2nd day of May, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**