UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases Identified on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

# ORDER

This Order addresses plaintiffs who failed to submit census forms by the court-imposed deadlines set forth in Pretrial Order No. 18 and Pretrial Order No. 81.[1] *See* ECF Nos. 775 & 1848. The plaintiffs identified on Exhibit A failed to submit their census forms by these deadlines.[2]

On June 12, 2023, the Court identified plaintiffs who failed to comply with Pretrial Order No. 81 and gave them one last opportunity to submit their census forms. *See* ECF No. 3754 at 1. The Court warned that "for any plaintiff failing to submit a census form by June 26, 2023, his/her case will be dismissed with prejudice,

---

[1] The Court previously stayed certain proceedings in the MDL pending resolution of any interlocutory appeal of its Order dated December 22, 2022. *See* ECF Nos. 3568 & 3610. On December 30, 2022, the Court further clarified that the DD214 and census form requirements are not subject to the stay and that plaintiffs must fulfill their DD214 and census form obligations in accordance with the previously established deadlines. *See* ECF No. 3615 at 2.

[2] Under Pretrial Order No. 81, depending on the number of cases per plaintiffs' law firm missing census forms, plaintiffs' counsel had between 60 and 270 days to submit the census forms. Under Pretrial Order No. 18, any newly filed or transferred case had 90 days from the date the case was filed in or transferred into the MDL to submit a census form.

in light of repeated failures to comply." *Id.* at 2. BrownGreer PLC has notified the Court that the plaintiffs identified on Exhibit A failed to submit a census form within the applicable deadlines set forth in the Court's June 12, 2023 Order.

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with those procedures thereafter. *In re PPA*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that

drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Court concludes that dismissal with prejudice is appropriate. Plaintiffs have repeatedly disregarded the Court's orders to submit a census form within the court-imposed deadlines, even after they were warned that failure to comply would result in the dismissal of their claims with prejudice. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This disrupts the efficiency and fairness objectives of the MDL process. In light of plaintiffs' failure to comply with court orders, the Court finds that dismissal with prejudice is appropriate.

1. The plaintiffs' cases identified on Exhibit A are hereby **DISMISSED WITH PREJUDICE** for failure to comply with Court orders.

2. The Clerk is directed to enter a copy of this Order on the individual dockets, and then to close the cases in their entirety for all purposes.

**DONE AND ORDERED**, on this 29th day of June, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**