UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibits A and B | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# ORDER

This Order addresses duplicate cases filed on the active docket which raised representation issues previously addressed by the Court. On June 12, 2023, the Court identified those plaintiffs with more than one case filed on the active docket and gave them an opportunity to dismiss the duplicate case. *See* ECF No. 3755 (warning that plaintiffs failing to resolve their overlapping representation issues would result in the dismissal of the later-filed cases). Counsel representing the plaintiffs listed on Exhibits A and B were required to "confer with one another and move to dismiss the case that is deemed to be the duplicate case" by July 3, 2023. *Id* at 2. The deadline to comply came and went, and despite the Court's warning, the overlapping representation issue remained. The Court *sua sponte* extended the deadline and provided Plaintiffs an additional 7 days to identify and move to dismiss the case that is deemed to be the duplicate case. *See* ECF No. 3768. Plaintiffs were once again warned that failure to timely comply within the applicable deadlines

would result in dismissal with prejudice. *Id*.  To date, Counsel for plaintiffs listed on Exhibit A complied, however, the firms representing the plaintiffs listed on Exhibit B failed to heed the Court's warning.

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders.  This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).  To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with those procedures thereafter. *In re PPA*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the

merits." *Id.* at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Court concludes that dismissal with prejudice is appropriate. Plaintiffs have twice disregarded the Court's orders to retain substitute counsel or otherwise notify the Court that they were proceeding *pro se*, even after they were warned, both times, that failure to comply with the orders would result in dismissal of their claims with prejudice. Plaintiffs never sought extensions of the deadlines for compliance or otherwise offered explanations for their inaction. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context— when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other similar instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This disrupts the efficiency and

fairness objectives of the MDL process.  In light of Plaintiff's failure to communicate with the Court and comply with court orders, the Court finds that dismissal with prejudice is appropriate.

Accordingly:

1. The motions identified on Exhibit A are **GRANTED**.

2. The plaintiffs' cases identified on Exhibit B are hereby **DISMISSED WITH PREJUDICE** for failure to comply with the Court Orders.

3. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets and close the cases in their entirety for all purposes.

**DONE AND ORDERED** on this 18th day of July, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**