UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

# **ORDER**

This Order addresses plaintiffs who failed to submit DD214 Forms or DoD Military Service Information Reports by the court-imposed deadlines set forth in Case Management Order No. 40. *See* ECF No. 2911.[1] The plaintiffs listed on Exhibit A failed to submit the requisite military service documentation by these deadlines.[2]

On July 19, 2023, the Court identified plaintiffs who failed to comply with Case Management Order No. 40 and gave them one last opportunity to submit their DD214 Forms by August 3, 2023. *See* ECF No. 3771. The Court explicitly warned that failure to comply by this deadline would "result in dismissal with prejudice as it will be considered a willful and repeated violation of the Court's orders." *Id.* at 2.

---

[1] The Court previously stayed certain proceedings in the MDL pending resolution of any interlocutory appeal of its Order dated December 22, 2022. *See* ECF Nos. 3568 & 3610. On December 30, 2022, the Court further clarified that the DD214 and census form requirements are not subject to the stay and that plaintiffs must fulfill their DD214 and census form obligations in accordance with the previously established deadlines. *See* ECF No. 3615 at 2.

[2] For any case that is newly filed or transferred into this MDL after March 23, 2022, a DD214 form or DoD Military Service Information Report must be submitted through MDL Centrality within 14 days of the date the case was filed in or transferred into the MDL. *See* CMO 40, ECF No. 2911 at 3.

BrownGreer PLC has notified the Court that the plaintiffs identified on Exhibit A have failed to submit required military service documentation, or otherwise informed the Court or BrownGreer PLC that they are not veterans, within the applicable deadlines set forth in the Court's July 19, 2023 Order.

Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders. This authority has particular significance in the MDL context. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Pretrial orders— and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in

tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.*, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

Applying these rules, the Court concludes that dismissal with prejudice is appropriate in the cases identified on Exhibit A. This MDL has been pending for over four years. All veterans who allegedly wore the CAEv2 during their military service, and their counsel, have been on notice—for nearly as long—that a DD214 would be a fundamental requirement for pursuing a claim in this litigation. *See* Pretrial Order No. 18, ECF No. 775 & 775-2.[3] This is because the DD214 constitutes official proof of a veteran's military service and provides essential details about the veteran's service record, information that is critical to the claims and defenses involved in virtually every veteran's claim.[4] The Court reemphasized the importance of a DD214 at the February 16, 2022 Case Management Conference,

---

[3] Indeed, the DD214 is the very first item on the list of required initial census documents. *See* PTO 18, Exhibit B, ECF No. 775-2. The initial census deadlines were suspended for a time (both for initial census questions and for initial census documents), *see* Case Management Order No. 6, ECF No. 836, and ultimately reinstated for initial census questions only, *see* PTO 81, ECF No. 1848. The initial census documents requirement was never reinstated, which led to CMO 40, separately requiring the production of DD214s.

[4] For example, the DD214 includes information regarding dates of service, military occupational specialties held, awards, education, and separation information (i.e., date and type of separation, character of service, and the authority and reason for separation).

and, at that time, advised the parties that an order requiring its production by all veterans would be forthcoming. *See also* Case Management Order No. 35, ECF No. 2789 at 4.  That Order (again, CMO 40) was entered on March 23, 2022, and, in light of potential time constraints for veterans who had not yet obtained a copy of their DD214 from the DoD, the Order identified two different ways for a plaintiff veteran to establish his or her military service—either (1) by producing a DD214; or (2) by producing a DoD Military Service Information Report (colloquially referred to as the "Blue Button") which is readily and easily accessible to every veteran (and/or a legal representative with the veteran's credentials) on the VA's health management portal, MyHealtheVet.[5]  Given the advanced stage of this litigation and the importance of veterans' military service information to the various claims and defenses in this litigation, it was and is entirely reasonable to require veterans to timely show basic proof of military service before both sides start incurring the costs involved with preparing a CAEv2 case for trial.  The plaintiffs identified on Exhibit A failed to fulfill this basic requirement, despite ample notice of it and ample time to comply.

      The Court concludes that dismissal with prejudice is appropriate.  Plaintiffs have repeatedly disregarded the Court's orders to submit a DD214 form within the court-imposed deadlines, even after they were warned that failure to comply would

---

[5] CMO 40 even included a link to the VA's public website for the "Blue Button," as well as a sample Blue Button form.

result in the dismissal of their claims with prejudice. *See* ECF No. 3771. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases.  Indeed, the Court has already had to evaluate and dispose of a significant number of other instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL.  This disrupts the efficiency and fairness objectives of the MDL process.  In light of plaintiffs' failure to comply with court orders, the Court finds that dismissal with prejudice is appropriate.

Accordingly:

1. The plaintiffs' cases identified on Exhibit A are hereby **DISMISSED WITH PREJUDICE** for failure to comply with a court order.[6]

2. The Clerk is directed to enter a copy of this Order on the main MDL docket and on the individual dockets and close the cases in their entirety for all purposes.

**SO ORDERED**, on this 7th day of August, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] To the extent a Request for Dismissal from Administrative Docket (RFD) was filed in a particular case *before* CMO 40 was entered, the case will be dismissed pursuant to the RFD, and not pursuant to CMO 40.