UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:19-md-02885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Hope T. Cannon |

**PARTIES' JOINT MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS TO THE MASTER SETTLEMENT AGREEMENT III AND TO THE MASTER SETTLEMENT AGREEMENT**

Plaintiffs have reached a Settlement Agreement with Defendants, consisting of the Master Settlement Agreement I, Master Settlement Agreement II, and Master Settlement Agreement III (together, the "Settlement Agreements"). Copies of the Settlement Agreements, executed by the Negotiating Plaintiffs' Committee ("NPC") (without the exhibits discussed below), are attached as Exhibits 1–8 to this Motion for public review (Dkt. Nos. 3809-1 through 3809-8).

Pursuant to Local Civil Rule 5.5, Case Management Order No. 29, and the Order dated October 24, 2019 (Dkt. No. 788), the NPC and Defendants (collectively, "the Parties") jointly submit this Motion requesting that the Court seal Exhibit 6 to the Master Settlement Agreement III, Dkt. No. 3809-8, and Exhibit 10 to the Master Settlement Agreement I, Dkt. No. 3809-3 (together, the "Confidential Exhibits").

In support of their Motion, the Parties state as follows:

1. Notwithstanding that the Settlement Agreements are private agreements, which plaintiffs and defendants often seek to keep confidential, the Parties agree that these Settlement Agreements will be made public. They intend to discuss with the Court the terms of the Settlement Agreements at an upcoming hearing, and the Master Settlement Agreement I contemplates a request for a Fairness Hearing in the coming months to approve the issuance of 3M Common Stock, which is part of the global agreement in this matter.

2. The Parties respectfully request, however, that the Court seal the two Confidential Exhibits. The Confidential Exhibits contain information that concerns specific thresholds that affect Defendants' right to terminate the Settlement Agreements if a certain condition is not met and the conditions for the Finality Payments and Reserve Fund set forth in the Master Settlement Agreement I (Section 11.9).

3. The Parties acknowledge and agree that the Confidential Exhibits are confidential and should not be publicly filed on the Court's docket or otherwise. Disclosure of the Confidential Exhibits would seriously undermine the integrity of the Settlement Agreements should the Court require that the Confidential Exhibits be filed on the public docket. This potential harm substantially outweighs any interest there may be in public access to these Confidential Exhibits.

4. This Court has the power to place these Confidential Exhibits under seal. *See* Local Civil Rule 5.5; *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003) ("The district courts have substantial supervisory powers over their records and files. Control over these documents is a discretionary matter with the district court.") (citations omitted).

5. "Good cause" exists to seal these exhibits, which is the standard used by courts in this circuit to evaluate whether to place documents under seal. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001 (reversing district court's unsealing of settlement agreement for failure to analyze whether there was good cause to keep the agreements confidential); *see also In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 253-54 (11th Cir. 2009). Courts in this district have found good cause to place settlement agreements under seal. *See, e.g.*, *Battle v. Dolgencorp, Inc.*, No. 5:09-CV-95/RS-AK, 2010 WL 11706506, at *1 (N.D. Fla. Jan. 8, 2010) ("The parties may file the individual settlement agreements under seal."); *Lowery v. Cash's Cabanas, Inc.*, No. 3:08CV186/MCR/EMT, 2010 WL 11520610, at *1 n.3 (N.D. Fla. Apr. 26, 2010) (Rodgers, J.) (stating that the settlement agreement was placed under seal). Here, the Parties do not seek to seal the three Settlement Agreements, only the Confidential Exhibits for which there is good cause to keep the information under seal.

6. The Parties' narrowly tailored request—not asking this Court to seal any aspects of the Settlement Agreements other than the Confidential Exhibits that contain the provisions related to Defendants' option to terminate the Settlement Agreements and the conditions governing certain payments—has been approved in many similar instances. *See, e.g., In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x at 250 n.4 & 254; *In re Lyft Secs. Litig.*, No. 19-2690, 2023 U.S. Dist. LEXIS 44585, *6, 2023 WL 2960006 at *2 (N.D. Cal. Mar. 16, 2023); *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG, July 6, 2023 (D.S.C.), ECF No. 3374, at 1.

7. Courts deny access to court files "where [they] might . . . become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The need to seal the provisions governing Defendants option to terminate the Settlement Agreements and the need to seal the Finality Payments and Reserve Fund both derive from the need to protect the Settlement Agreements from abuse and being undermined by third parties. If third parties were to know the specific conditions governing those provisions, they might encourage others to take actions in an effort to threaten the Settlement Agreements in order to obtain unfair advantage and thereby imperil the Settlement Agreements' payments to Eligible Claimants. Federal courts across the United States routinely grant such narrowly tailored requests, even where their Circuits impose a standard higher than the

Eleventh Circuit's "good cause" standard, finding that the "potential for abuse [by third parties/professional objectors] outweighs the interest in public access to this information." *Friedman v. Guthy-Renker, LLC,* No. 14-6009, 2016 U.S. Dist. LEXIS 131629 *8-9, 2016 WL 5402170 at *2 (C.D. Cal. Sept. 26, 2016).

8.  Moreover, access to the conditions for the Finality Payments and Reserve Fund would provide no real benefit to the public, nor would it provide any relevant information to any third parties. *See Friedman v. Guthy-Renker, LLC,* No. 14-6009, 2016 U.S. Dist. LEXIS 131629 *8-9, 2016 WL 5402170 at *2. On the other hand, there is "significant potential for abuse of this information," and "[i]t makes little sense to open up the entire settlement to attack on the off chance that a small subset" of the public might have some limited interest in the specific parameters of these thresholds and conditions. *Id.*

9.  The Parties agree that there are no less drastic alternatives to sealing the Confidential Exhibits that will afford the parties the same protections as ensuring that the Confidential Exhibits are not published in the public record.

10. The Parties are submitting for *in camara* review an unredacted copy of the Confidential Exhibits that are the subject of the present Motion.

11. As required by Local Civil Rule 5.5, Case Management Order No. 29, and the Order dated October 24, 2019 (Dkt. No. 788), the Parties jointly request that the Court order the Confidential Exhibits sealed.

5

12. Thus, the Parties respectfully move this Court to allow them to file the Confidential Exhibits under seal.

Respectfully submitted:

*/s/ Charles F. Beall, Jr.*_____
Charles F. Beall, Jr.
Florida Bar No. 66494
*cbeall@mhw-law.com*
Larry Hill
Florida Bar No. 173908
*lhill@mhw-law.com*
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Defendant, 3M Company*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that this motion complies with the word limit of Local Rule 7.1(F) and contains 1,105 words, excluding the parts exempted by the Rule.

DATED: August 29, 2023          /s/ *Charles F. Beall, Jr.*
                                                    Charles F. Beall, Jr.

## **CERTIFICATE OF SERVICE**

I, Charles F. Beall, Jr., hereby certify that on August 29, 2023, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

DATED: August 29, 2023        /s/ *Charles F. Beall, Jr.*
                              Charles F. Beall, Jr.