# COMBAT ARMS SETTLEMENT AGREEMENT FOR VERDICT CASES
# MASTER SETTLEMENT AGREEMENT II

This Combat Arms Settlement Agreement for Verdict Cases ("the Verdicts Settlement" or "MSA II"), dated August 29, 2023 between (1) 3M Company ("3M") and Aearo Technologies LLC, an acquired subsidiary of 3M, along with 3M Occupational Safety, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC, collectively ("Aearo"), and along with 3M, collectively ("Defendants"); (2) Undersigned leadership in *In re Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, U.S.D.C. for the Northern District of Florida ("MDL Court"); and (3) Undersigned leadership in the Minnesota coordinated state court action pending in the 4th Judicial District, County of Hennepin, Minnesota, File No. 27-CV-19-19916 ("MN Court"), collectively the "Negotiating Plaintiffs' Counsel" ("NPC"). Defendants and all members of the NPC are each a "Party," and, together with the NPC, are the "Parties."

The Verdicts Settlement is reached in accordance with Article 2 of the Parties' Combat Arms Master Settlement Agreement ("MSA") which states that that "[t]he Parties agree that the Verdicts and Wave Cases shall be resolved in accordance with MSA II and MSA III." The Verdicts Settlement confirms that Defendants intend to settle and fully resolve, to the greatest extent possible, all verdicts against Defendants connected to the use of CAE. In the event of a conflict between the MSA and the Verdicts Settlement, the Verdicts Settlement shall control.

All capitalized terms used herein shall have the meanings ascribed to them, respectively, either where they are first used (set off in parentheses and quotations and underscored) or where they appear in Article 1 below.

## RECITALS

A.  The Parties have concluded that, given the facts and circumstances of the CAE Claims, including the claims asserted and the legal and factual defenses thereto, it would be in the Parties' best interests to enter into the Verdicts Settlement to avoid the uncertainties, burdens, and risks of new and continued litigation. The Parties further concluded that, based on, among other things, the number of CAE Claimants that exist and that the Parties believe will participate in the settlement, the Verdicts Settlement is fair, reasonable, and adequate.

B.  Nothing in the Settlement will be construed as evidence of, or as an admission by, Defendants of any fault, liability, wrongdoing, or damages whatsoever.

The Parties hereby agree as follows:

## ARTICLE 1
## DEFINITIONS

All capitalized terms have the same meaning as set forth in Article 1 of the MSA. Terms separately defined in the Verdicts Settlement shall have the same meaning set forth herein.

Verdict Cases: The CAE cases that went to trial and obtained a verdict against Defendants prior to the Settlement Date listed on Exhibit 1.

<u>Verdict Claimants</u>:   The Eligible Claimants who are the plaintiffs in Verdict Cases.

## ARTICLE 2
## VERDICTS

Section 2.1   <u>Settlement of the Verdict Cases</u>

As set forth in the MSA, the Parties agree that the Verdict Cases shall be resolved in accordance with this separate agreement, the Verdicts Settlement, setting forth the terms and conditions of resolution for those cases. <u>For the avoidance of doubt, resolutions were negotiated individually, and it is anticipated that all Verdict Claimants will participate.</u>

Section 2.2   <u>List of Verdict Cases</u>

The Verdict Cases are identified on Exhibit 1.

Section 2.3   <u>Payment by Defendants</u>

Consistent with the terms set forth in this Section, Defendants agree to pay a lump sum, cumulative payment of $146,900,000.00 as collective consideration for all Releases and Stipulated Dismissals with Prejudice from all of the Verdict Cases. The Settlement Amount for each individual Verdict Claimant shall be based upon the schedule negotiated with each individual Verdict Claimant.

Section 2.3.1   Each Verdict Claimant shall place a Release (a form of which is attached as Exhibit 2 to the Verdicts Settlement) and, for cases on appeal, a stipulated dismissal agreement consistent with F.R.A.P. 42 or, for cases not yet on appeal, a Stipulated Dismissal with Prejudice (a form of which is attached to the MSA) in escrow with a copy provided to Defendants as soon as practicable after the Settlement Date.

Section 2.3.2   Defendants shall have ten (10) days from receipt of a Release from a Verdict Claimant to object to its validity by providing a written objection setting forth the reasons Defendants believe the Release is not valid.  The written objection must be served on Verdict Claimant's CAE Counsel, the NPC, the Settlement Administrator and the Settlement Special Master.  If Defendants do not object to a Release from a Verdict Claimant within ten (10) days, the Release shall be deemed valid.

Section 2.3.3   Within twenty (20) days of receipt of the Releases and stipulated dismissals for all Verdict Cases, Defendants shall deposit $146,900,000.00 into the QSF.

Section 2.3.4   Upon Defendants' payment, the Releases and stipulated dismissals for Verdict Cases will be released from escrow.

Section 2.4   <u>Stay and Dismissal of Pending Litigation</u>

In light of this agreement to settle the Verdict Cases, the Parties shall, beginning on the Settlement Date, cooperate to stay any ongoing litigation of the Verdict Cases.

Section 2.4.1   Within five (5) days of the Settlement Date, the Parties shall jointly move for a stay of any currently pending appeal from each and any of the Verdict Cases.

Section 2.4.2   Within five (5) days after the Releases have been released to Defendants and the payment to the QSF has been made by Defendants, CAE Counsel for each Verdict Claimant and Defendants will jointly file the stipulated dismissals.

Section 2.4.3   Verdict Claimants, CAE Counsel for each Verdict Claimant and Defendants agree not to seek any costs or fees associated with the dismissed appeals.

Section 2.4.4   Notwithstanding anything to the contrary, including that either Party exercises one of their Walkaway Rights set forth in the MSA, the Parties shall be bound by the Verdicts Settlement, including the obligation for Defendants to make payments to the QSF pursuant to this Article in exchange for the release from escrow of the Releases and stipulated dismissals.  For the avoidance of any doubt, the fact of any Party exercising a Walkaway Right under the MSA shall not affect the Verdicts Settlement.

## ARTICLE 3
## ADMINISTRATIVE EXPENSES

Section 3.1   <u>Administrative Expenses</u>

The Settlement Administrator and the Special Master of the Verdicts Settlement shall be the Settlement Administrator and Special Master specified in the MSA.  Defendants shall not be responsible for any administrative expenses other than those set forth in Article 3 of the MSA.

## ARTICLE 4
## RELEASES AND DISMISSAL

Section 4.1   <u>Releases</u>

To access the benefits of the Verdicts Settlement, each Verdict Claimant must complete and provide into escrow a full and complete Release in the form set forth in Exhibit 2, and a stipulated dismissal agreement to (without limitation) release, indemnify, and hold harmless each Released Party. If the Release and stipulated dismissal are signed and lawfully appointed representative of a Verdict Claimant, said representative must indicate on each document his/her/their relationship to the Verdict Claimant and the authority upon which he/she/they is permitted to sign the document on the Verdict Claimant's behalf (e.g., guardian, executor or administrator of the Estate of Verdict Claimant, etc.) and attach proper documentation (e.g., power of attorney, letters of administration, small estate affidavit or other state law equivalent) authorizing him/her/them to act in this representative capacity.

Section 4.2   <u>Bankruptcy or Other Documents</u>

To the extent any Verdict Claimant has received any funding or other consideration from any third party, including any private litigation funding, such Verdict Claimant shall represent and warrant, and by executing the Release does represent and warrant, that such third party has no lien or other claim that can be asserted against any of the Verdict Claimant or the QSF or any portion

thereof. Each Verdict Claimant shall agree, and by executing the Release does agree, that he or she will indicate whether a bankruptcy action is currently pending in which he or she is seeking bankruptcy protection. Verdict Claimants subject to any bankruptcy court proceeding or jurisdiction will be responsible for resolving any issues arising from the bankruptcy before any payment may be made to such Verdict Claimant.

### Section 4.3    Additional Information

The Settlement Administrator may request additional information or communicate with CAE Counsel for a Verdict Claimant or any Verdict Claimant in conjunction with CAE Counsel concerning any questions that may arise in this process and/or to request additional information or documentation from any Verdict Claimant.

### Section 4.4    No Punitive Damages

By submitting a Release, each Verdict Claimant waives the right to receive any punitive damages and each Verdict Claimant understands and agrees that the amount paid under the Verdicts Settlement is for compensatory damages only and that no payment paid hereunder is, or shall deemed to be, attributable to punitive damages, or pre- or post-judgment interest.

### Section 4.5    No Withdrawal of Release

Submission of a Release is irrevocable. However, if less than all Verdict Claimants provide a Release, no payment will be made by Defendants, and all Releases held in escrow shall be destroyed by the Settlement Administrator and are null and void. By submitting a signed Release, a Verdict Claimant agrees to end all litigation activity against Defendants, consistent with the terms set forth in the Release.

### Section 4.6    Waiver of Defects.

Defendants, in their sole discretion, may waive or direct the Settlement Administrator to waive any defect in a submission of a Release and stipulated dismissal at any point. Any such waiver by Defendants must be in writing and served on the NPC and Verdict Claimant's CAE Counsel.

### Section 4.7    Escrow and Release Following Payment

Releases and stipulated dismissals provided as part of this Agreement shall be held in escrow by the Settlement Administrator, until after all Verdict Claimants have provided such a Release and dismissal. Defendants shall have access to such Releases and dismissals and may review them at any time prior to making the payment pursuant to Section 2.3.

### Section 4.8    Obligations of Verdict Claimants and Their CAE Counsel

By the submission of a Release by a Verdict Claimant or by CAE Counsel on behalf of said Verdict Claimant, all CAE Counsel that have an interest in such Verdict Case shall be deemed to have agreed to be bound by all of the terms and conditions of the Verdicts Settlement and the

MSA, including the provisions in Section 5.6 and Article 8 of the MSA (defining the obligations of CAE Counsel).

## ARTICLE 5
## SETTLEMENT ADMINISTRATION

Section 5.1    Settlement Administration

Settlement and claims administration related to the Verdict Cases shall be conducted in accordance with Article 9 and Article 13 of the MSA, including the healthcare lien resolution provisions of the MSA.

## ARTICLE 6
## ATTORNEYS' FEES

Section 6.1    Individual Counsel Attorneys' Fees

Individual Counsel's attorney-client fee agreements shall not be infringed or encroached upon by the Verdicts Settlement and attorneys' fees shall be handled in accordance with all applicable ethical requirements.

Section 6.2    Common Benefit Fund

Work performed and expenses incurred for the benefit of all Verdict Claimants as defined more fully in the MDL Court's Common Benefit Orders and the MN Court's Common Benefit Orders shall be paid from the Common Benefit Fund. Payments are subject to procedures set in place by the MDL Court and/or the MN Court now or in the future. The Common Benefit Assessment as set forth in the MDL Court's Orders and/or the MN Court's Orders in place now or in the future shall be held back by the QSF Administrator on a per Verdict Claimant's basis with payments due to the Common Benefit Fund by the QSF Administrator on a quarterly basis. The QSF Administrator must provide proof to the Settlement Special Master, the MDL PEC, and the MDL Court of compliance with the Common Benefit Orders.

Section 6.3    No Additional Payments by Defendants

For the avoidance of doubt, Defendants shall have no obligation to pay additional sums for attorneys' fees or costs, including pursuant to any fee petition, beyond the amount set forth in Section 2.3 of the Verdicts Settlement, all such claims for attorneys' fees and costs being released by Verdict Claimants.

## ARTICLE 7
## MISCELLANEOUS

Section 7.1    Tax Consequences

Neither Verdict Claimants nor Defendants (nor Verdict Claimant's Counsel or Defendants' Counsel) makes any representation regarding the tax consequences of this Verdicts Settlement. All payments provided for herein constitute damages on account of personal physical injuries and/or

physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Section 7.2     No Presumption as to Drafting

The Verdicts Settlement is the product of arm's-length negotiations between counsel and/or Parties represented by counsel. No Party shall be deemed to be the drafter of the Verdicts Settlement or any provision thereof. No presumption shall be deemed to exist in favor of or against any Party as a result of the preparation or negotiation of the Verdicts Settlement.

Section 7.3     Not Affected by Change In Law

The Verdicts Settlement shall be binding on the Parties regardless of any change in the law that might occur after the date the NPC and Defendants execute the Verdicts Settlement.

Section 7.4     Entire Agreement

The Verdicts Settlement and all exhibits hereto constitute the entire agreement between NPC and Defendants with respect to the subject matter of this Verdicts Settlement, and there are no other written or oral agreements, understandings, or arrangements except as set forth herein (including references to the MSA). This Agreement supersedes and replaces any prior agreement or writing between the Parties. The Parties understand, agree, and acknowledge that no promises, representations, understandings, or warranties have been made by any Party or relied upon as an inducement for entering into the Verdicts Settlement, except as contained herein, and that the Verdicts Settlement constitutes the full statement of any agreement between the Parties. The terms of the Verdicts Settlement may not be modified or waived except in writing, signed by the Parties hereto. The Parties hereby acknowledge that they have read the Verdicts Settlement and had an opportunity to obtain the advice of competent counsel of their choosing regarding it. As such, the Parties hereby also acknowledge that they understand the terms of the Verdicts Settlement, and that they freely and voluntarily sign and enter into it. The Parties further acknowledge that, in entering into the Verdicts Settlement, they have not relied upon any statement or representation by or on behalf of the other Party, except as stated herein.

Section 7.5     Governing Law

The Verdicts Settlement is a private agreement. The substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of the Verdicts Settlement as applied by the MDL Court.

Section 7.6     Headings

The headings used herein are for reference only and shall not affect the construction of the Verdicts Settlement.

Section 7.7     Agreement May Be Executed in Counterparts

The Verdicts Settlement may be executed in counterparts and taken together shall constitute one and the same Verdicts Agreement. The Verdicts Settlement shall be binding when signed by the Parties, but Verdict Claimants' Counsel shall also sign to signify their intent to be fully bound to the Verdicts Settlement and the MSA.

Section 7.8    Successors, Assigns & Binding Effect

The Verdicts Settlement shall be binding on, and inure to the benefit of, the successors and assigns of the Parties hereto. Nothing in the Verdicts Settlement, express or implied, is intended to confer upon any person or entity other than the Parties hereto or their respective successors, heirs, issue, and assigns, any rights or benefits under or by reason of the Verdicts Settlement. The Verdicts Settlement shall not be assignable by any Party hereto without prior written consent of the other Party or as otherwise expressly set forth in the Verdicts Settlement.

Section 7.9    Amendment or Waiver

The Verdicts Settlement shall not be modified in any respect, except by a writing executed by all Parties to the Verdicts Settlement. The waiver of any rights conferred by the Verdicts Settlement shall be effective only if made in writing by the waiving Party. The waiver by any Party of any breach of the Verdicts Settlement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with the Verdicts Settlement.

Section 7.10    Electronic Signatures

Electronic signatures shall be accepted for execution of any settlement document required of Verdict Claimants or Verdict Claimants' Counsel. The Parties will work with the Settlement Administrator and Settlement Special Master to ensure compliance with applicable standards and protections.

Section 7.11    Notice to CAE Claimants' Counsel

For any notice required to be provided under the Verdicts Settlement to Verdicts Claimants or Verdicts Claimants' Counsel, Defendants shall provide notice by overnight mail and email to:

Bryan F. Aylstock
Aylstock, Witkin, Kreis
& Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
baylstock@awkolaw.com

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road,
Ridgefield Park, NJ 07660
cseeger@seegerweiss.com

Clayton A. Clark
Clark, Love & Hutson, PLLC
440 Louisiana Street, Suite 1700
Houston, Texas 77002
CClark@triallawfirm.com

Section 7.12    Notice to Defendants or Defendants' Counsel

For any notice required to be provided under the Verdicts Settlement to Defendants, Claimants' Counsel shall provide notice by overnight mail and email to:

Kevin H. Rhodes
Executive Vice President and Chief Legal Affairs Officer
Legal Affairs Department
3M Company
3M Center, 220-9E-01
St. Paul, MN 55144-1000
3MCAEnotices@mmm.com

Thomas J. Perrelli
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412
3MCAE@jenner.com

Section 7.13    No Admission of Liability

Neither the Verdicts Settlement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Verdicts Settlement, is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Defendants of any fault, liability, wrongdoing, or damages, or of the truth of any allegations asserted by any plaintiff or claimant against it, including by any Eligible Claimant or Derivative Claimant, or as an admission by any Eligible Claimant or Derivative Claimant of any lack of merit in their CAE Claim.

No Party or Verdict Claimant shall seek to introduce and/or offer the terms of the Verdicts Settlement, any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Verdicts Settlement, or any statements in the documents delivered in connection with the Verdicts Settlement, or otherwise rely on the terms of the Verdicts Settlement, in any judicial proceeding, except as necessary to enforce the terms of the Verdicts Settlement or any instrument executed and delivered pursuant to the Verdicts Settlement, or in connection with the determination of any income tax liability of a party. If a person seeks to introduce and/or offer any of the matters described herein in any proceeding against Defendants or any of the Released Parties, the restrictions of this Section shall not be applicable to Defendants with respect to that person.

Section 7.14   <u>Public Statements</u>

The Parties may, at their discretion, issue publicity, press releases, or other public statements regarding the Verdicts Settlement, whether unilaterally or as jointly agreed to in writing by all Parties. The Parties, Verdict Claimants and Verdicts Claimants' Counsel agree to maintain in confidence, and shall not disclose to any person, the amount to be paid under the Verdicts Settlement for each individual Verdict Claimant, except as may be required by applicable law and to effectuate the settlement; provided, that such information may be disclosed to Verdict Claimant's immediate family members and to Verdict Claimant's counsel, accountants and/or financial advisors, if any (each of whom shall, upon such disclosure, be instructed to maintain and honor the confidentiality of such information). Any jointly agreed or other statement shall not limit Defendants' ability to provide information about the Verdicts Settlement to their employees, accountants, attorneys, insurers, shareholders, investors, analysts, or other stakeholders or in accordance with legal requirements, or limit any Party's ability to provide notice or information about the Verdicts Settlement to Verdict Claimants or in accordance with legal requirements.

Section 7.15   <u>Confidentiality</u>

The Parties shall keep confidential the content of the negotiations, points of discussion, documents, communications, and supporting data utilized or prepared in connection with the negotiations and settlement discussions taking place related to the MSA, the Verdicts Settlement and the Waves Settlement. Nothing in those settlement agreements shall prevent Defendants from disclosing such information to their insurers in the context of their coverage investigations.

Section 7.16   <u>No Illegal Activity or Fraud and Unethical Conduct</u>

Nothing in the Verdicts Settlement shall be interpreted to require any Party, any Eligible Claimant, any CAE Counsel, or Defendants' counsel to engage in any conduct that is a violation of law and/or unethical under applicable ethical rules.

IN WITNESS WHEREOF, the Parties have executed the Verdicts Settlement as of the date first set forth above.

3M

By: _____

Kevin H. Rhodes
Chief Legal Affairs Officer, 3M

Aearo

By: _____

Kevin H. Rhodes, Authorized Representative
Aearo Technologies LLC

By: _____

Thomas J. Perrelli
Counsel for 3M


Negotiating Plaintiffs' Counsel

By: _____

Bryan F. Aylstock
Counsel for Plaintiffs

By: _____

Chris Seeger
Counsel for Plaintiffs

By: _____

Clayton A. Clark
Counsel for Plaintiffs

By: _____

Daniel E. Gustafson
Counsel for the MN Plaintiffs

By signing this Verdicts Settlement, the undersigned agree to hold the individual verdict amount strictly confidential and to otherwise be bound by the Verdict Settlement and the MSA.

_____
Adam Pulaski
Katherine Cornell
PULASKI LAW FIRM, PLLC
2925 Richmond Ave., Ste 1725
Houston, TX 77098
Tel: (713) 664-4555
kcornell@pulaskilawfirm.com
adam@pulaskilawfirm.com
**Counsel for Plaintiff Luke E. and Jennifer Estes**


_____
Evan D. Buxner
GORI JULIAN & ASSOCIATES
156 North Main Street
Edwardsville, IL 62025
Tel: (618) 659-9833
evan@gorijulianlaw.com

Quinn Robert Wilson
ONDER LAW LLC
110 E Lockwood Avenue
Second Floor
St. Louis, MO 63119
Tel: (314) 963-9000
wilson@onderlaw.com
**Counsel for Plaintiff Stephen Hacker**

Brian Hugh Barr
LEVIN PAPANTONIO
316 S Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7045
bbarr@levinlaw.com
Winston Troy Bouk
LEVIN PAPANTONIO
316 S Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7045
tbouk@levinlaw.com
***Counsel for Plaintiff Lewis Keefer***


Sean P. Tracey
(Admitted Pro Hac Vice)
Texas Bar No. 20176500
Shawn P. Fox
(Admitted Pro Hac Vice)
Texas Bar No. 24040926
TRACEY FOX KING & WALTERS
440 Louisiana St., Suite 1901
Houston, TX 77002
Tel.: (713) 495-2333
stracey@traceylawfirm.com
sfox@traceylawfirm.com
***Counsel for Plaintiff Lloyd Baker***

Robert W. Cowan
K. Camp Bailey
Aaron H. Heckaman
Andrea M. McGinnis
Katie R. Caminati
BAILEY COWAN HECKAMAN PLLC
bailey-svc@bchlaw.com
rcowan@bchlaw.com
sbuchanan@bchlaw.com
amcginnis@bchlaw.com
kmcgregor@bchlaw.com
1360 Post Oak Blvd., Suite 2300
Houston, TX 77056
Phone: (713) 425-7100
Facsimile: (713) 425-7101
***Counsel for Plaintiff Brandon Adkins***

Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines LLP
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
Telephone: 713-292-2750
Facsimile: 713-292-2755
tomp@lpm-triallaw.com
buffym@lpm-triallaw.com
***Attorneys for Plaintiff Guillermo Camarillorazo***

Thomas J. Henry
Roger Turk
Russell W. Endsley
THOMAS J. HENRY LAW, PLLC
tjhenry@thomasjhenrylaw.com
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Facsimile: (361) 985-0601
tjh.3m@thomasjhenrylaw.com
rlt.3m@thomasjhenrylaw.com
rwe.3m@thomasjhenrylaw.com
***Counsel for Plaintiff Theodore Finley***

Muhammad S. Aziz
(Admitted Pro Hac Vice)
Texas State Bar No. 24043538
ABRAHAM WATKINS NICHOLS
800 Commerce St.
Houston, TX 77055
(713) 222-7211
maziz@abrahamwatkins.com

Shelley V. Hutson
(Admitted Pro Hac Vice)
Texas State Bar No. 00788878
Clark, Love & Hutson, PLLC
440 Louisiana Street
Suite 1700
Houston, Texas 77002
(713) 757-1400
shutson@triallawfirm.com
***Counsel for Plaintiffs Ronald Sloan***

David R. Buchanan*
New Jersey State Bar No. 042741993

Maxwell H. Kelly*
New Jersey State Bar No. 177562019
Caleb A. Seeley*
New Jersey State Bar No. 303522019
SEEGER WEISS
dbuchanan@seegerweiss.com
mkelly@seegerweiss.com
55 Challenger Road
Sixth Floor
Ridgefield Park, NJ 07660
(973) 693-9100
*Admitted Pro Hac Vice
**Counsel for Plaintiffs William Wayman**

Joseph L. Messa, Jr.
Ashley B. DiLiberto
MESSA & ASSOCIATES, P.C.
123 S. 22nd St.
Philadelphia, PA 19103
215-568-3500
jmessa@messalaw.com
adiliberto@messalaw.com
Bobby J. Bradford
AYLSTOCK, WITKIN, KREIS
& OVERHOLTZ, PLLC
bbradford@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
**Attorneys for Plaintiff Luke Vilsmeyer**

_____
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines LLP
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
Telephone: 713-292-2750
Facsimile: 713-292-2755
tomp@lpm-triallaw.com
buffym@lpm-triallaw.com
***Attorneys for Plaintiff Steven Wilkerson***

_____
Thomas P. Cartmell
WAGSTAFF & CARTMELL - KANSAS CITY MO
4740 Grand Ave., Ste. 300
Kansas City, MO 64112
Telephone: (816) 701-1100
tcartmell@wcllp.com
***Counsel for Plaintiff Jonathon Vaughn***

Bryan F. Aylstock
Bobby J. Bradford
Jennifer M. Hoekstra
Daniel J. Thornburgh
AYLSTOCK, WITKIN, KREIS
& OVERHOLTZ, PLLC
baylstock@awkolaw.com
bbradford@awkolaw.com
jhoekstra@awkolaw.com
dthornburgh@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
***Counsel for Plaintiff Jame***