**Exhibit 1 – Verdict List**

| Plaintiff | Court of Appeals Docket No. | NDFL Docket Case No. |
|---|---|---|
| Estes, Luke | 21-13135 | 7:20-cv-137 |
| Keefer, Lewis | 21-13131 | 7:20-cv-104 |
| Hacker, Stephen | 21-13133 | 7:20-cv-131 |
| Baker, Lloyd | 21-12393; 21-12517 | 7:20-cv-039 |
| Adkins, Brandon | 22-12812 | 7:20-cv-012 |
| Camarillo, Guillermo | 23-10262 | 7:20-cv-098 |
| Finley, Theodore | | 7:20-cv-0170 |
| Wayman, William | | 7:20-cv-0149 |
| Sloan, Ronald | | 7:20-cv-001 |
| Vilsmeyer, Luke | 22-13895 | 7:20-cv-0113 |
| Wilkerson, Steven | 22-12719 | 7:20-cv-035 |
| Vaughn, Jonathon Wade | | 7:20-cv-134 |
| Beal, James | | 7:20-cv-006 |

# EXHIBIT 2

## RELEASE OF ALL CLAIMS

I the undersigned Releasor, [VERDICT CLAIMANT NAME] in consideration for $ [INSERT VERDICT SETTLMENT AMOUNT] ("the Settlement Amount") hereby give and make the following Release.

This Release is also entered into by any Derivative Claimant who executes a signature page hereto, in which case the agreement of such Derivative Claimant set forth on its signature page is incorporated in, and is part of, this Release.

**Definitions**: As used in this Release, and in addition to the definitions set forth in the Preamble above, capitalized terms shall have the following definitions and meanings or such definitions and meanings as are accorded to them elsewhere in this Release. Terms used in the singular shall be deemed to include the plural and vice versa.

1. "**Claims**" means any and all past, present, and future rights, remedies, actions, claims, liabilities, losses, demands, causes of action, suits at law or in equity, verdicts, suits of judgments and/or Liens, past, present, and future, and any fraudulent transfer, conveyance, and related types of claims, of any kind whatsoever regardless of the legal or equitable theory, whether known or unknown, whether sounding in contract or tort, whether asserted or unasserted in any litigation, or the jurisdiction where asserted. Claims also include, but are not limited to, all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, including but not limited to (i) personal injury and/or bodily injury, latent injury, future injury, progression of existing injury, damage, disease, death, fear of death, disease or injury, mental or physical pain or suffering, emotional or mental harm, anguish, or loss of enjoyment of life or loss of life's pleasures; (ii) compensatory damages, general damages, special damages, punitive, exemplary, and statutory and other multiple damages or penalties of any kind; (iii) loss of wages, income, earnings or earning capacity; (iv) medical expenses, doctor, hospital, nursing, physical therapy or rehabilitation or other therapy and drug bills; (v) loss of support, services, consortium, companionship, society or affection, or damage to familial relations, by spouses, former spouses, parents, children, other relatives or "significant others" of any Derivative Claimant; (vi) consumer fraud, refunds, unfair business practices, deceptive trade practices, Unfair and Deceptive Acts and Practices, disgorgement of profit, and other similar claims whether arising under statute, regulation, or judicial decision; (vii) wrongful death and survivorship; (viii) medical screening and monitoring; (viii) injunctive and declaratory relief; (ix) economic, property, or business losses; (x) prejudgment or post-judgment interest; (xi) attorneys' fees and costs; and (xii) any class action or putative class action.

2. **Combat Arms Earplugs ("CAE"):** means any dual-ended non-linear earplugs sold or manufactured by or for or with either Aearo or 3M under any trade name,

1

      including but not limited to Combat Arms Earplugs (Version 2), ARC Plug earplugs, and AO Safety Indoor Outdoor Range Earplugs.

3. "**Derivative Claimant**" means any and all persons who have or assert the right to sue 3M or any other Released Party related to the Released Claims by reason of their personal relationship with me, and/or otherwise by, through or under, or otherwise in relation to, me, whether their right to sue is independent, derivative, or otherwise. Derivative Claimants include, but are not limited to, my parents, guardians, heirs, beneficiaries, surviving spouse (including, but not limited to, a putative or common law spouse), surviving domestic partner and/or next of kin, if any, solely in respect to Derivative Claims.

4. "**Derivative Claims**" means Claims against 3M or any other Released Party arising from or in connection with a Derivative Claimant's personal relationship with me as it relates to the Released Claims, and/or otherwise by, through or under, or otherwise in relation to, me.

5. "**Third Party Provider/Payor**" means any provider or payor (public or private) of (i) health, hospital, medical, physician, healthcare and/or pharmaceutical services, products or expenses and/or (ii) any other form of compensation, including, but not limited to, federal and state governmental authorities (or other persons) providing Medicaid and/or Medicaid services or benefits.

6. "**Law**" means a law, statute, ordinance, rule, regulation, case or other legal provision or authority.

7. "**Liabilities**" means any and all damages, expenses, debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever, past, present, and future.

8. "**Lien**" means any lien, pledge, charge, security interest, assignment, encumbrance, subrogation right, third-party interest, or other adverse claim of any nature whatsoever against my Settlement Amount or my Released Claims and Liabilities.

9. "**Released Claims and Liabilities**" means, collectively, (i) CAE Claims that any Releasing Party may have ever had, may now have or at any time hereafter may have against any Released Party and (ii) Liabilities that any Released Party may have ever had, may now have or at any time hereafter may have to any Releasing Party, in the case of clause (i) and clause (ii), to any extent, or in any way, arising out of, relating to, resulting from and/or connected with CAE or any non-linear earplugs sold or manufactured by or for or with either Aearo or 3M under any trade name, including but not limited to Combat Arms Earplugs (Version 2), ARC Plug earplugs, and AO Safety Indoor Outdoor Range Earplugs, including but not limited to Combat Arms version 1, version 2, version 3, version 4, and version 4.1.

10. "**Released Parties**" means: (i) 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, Aearo Technologies LLC (collectively "3M"); (ii) 3M's past, present, and/or future affiliates, assigns,

        predecessors, successors, related companies, subsidiary companies, directors, officers, employees, shareholders, advisors, advertisers, attorneys, insurers, and agents; (iii) past, present, and/or future manufacturers, suppliers of materials, suppliers of components, and all other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any CAE or component thereof; (iv) past, present, and/or future distributors, licensees, retailers, sellers, and resellers of CAE; (v) all past, present and/or future persons and entities that are indemnified by 3M in connection with any CAE by contract or common law rights of indemnification or contribution; and (vi) the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, transferees, insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators, and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.

11. **"Releasing Parties"** means (i) myself and (ii) any Derivative Claimant.

12. **"Settlement Agreement"** means the Combat Arms Settlement Agreement dated as of August 29, 2023

**Releases:** On my own behalf and on behalf of each other Releasing Party, I hereby knowingly and voluntarily release, relinquish, and forever discharge the Released Parties from the Released Claims and Liabilities.

By submitting a Release, I understand and agree that the Settlement Amount is for compensatory damages only and that no portion of the Settlement Amount paid hereunder is, or shall be deemed to be, attributable to punitive damages, or pre- or post-judgment interest.

I acknowledge that I and/or any other Releasing Party may in the future learn of additional and/or different facts as they relate to the Released Claims, or the Released Parties' activities as they relate to the Released Claims. I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities and hereby (on my own behalf and on behalf of each other Releasing Party in respect of Derivative Claims) assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims and Liabilities that I (and/or any other Releasing Party in respect of Derivative Claims) may hereinafter incur or discover.  To the extent that any law may at any time purport to preserve my and/or any other Releasing Party's right to hereafter assert any such unknown and/or unanticipated Released Claim and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party in respect of Derivative Claims) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law.  I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having had the opportunity to discuss it with such counsel to my satisfaction.

On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of and may be enforced by each Released Party, and are intended to be as broad as can possibly be created.

**WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED, OR PROVED THAT SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, FAILURE TO WARN, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY 3M, ANY OF THE OTHER RELEASED PARTIES, ANY RELEASING PARTY, AND/OR ANY OTHER PERSON. THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, ANY LATENT, FUTURE, OR WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME OR ON BEHALF OF ANY OF THE RELEASING PARTIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS, AND/OR INCIDENTS THAT GAVE RISE TO ANY OF THE RELEASED CLAIMS AND LIABILITIES.**

**<u>Waiver of Statutory Rights</u>.**

**I, on my own behalf and on behalf of each other Releasing Party, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code Section 1542, or any other similar provision under federal or state law, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**To the extent the provisions apply, the Releasing Parties likewise expressly, knowingly, and voluntarily waive the provisions of Section 28-1-1602 of the Montana Code Annotated, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN THE CREDITOR'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY THE CREDITOR, MUST HAVE MATERIALLY AFFECTED THE CREDITOR'S SETTLEMENT WITH THE DEBTOR.**

**To the extent the provisions apply, I, on my own behalf and on behalf of each other Releasing Party, likewise expressly, knowingly, and voluntarily waive the provisions of Section 9-13-02 of the North Dakota Century Code, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN THE CREDITOR'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY THE CREDITOR, MUST HAVE MATERIALLY AFFECTED THE CREDITOR'S SETTLEMENT WITH THE DEBTOR.**

**To the extent the provisions apply, I, on my own behalf and on behalf of each other Releasing Party, likewise expressly, knowingly, and voluntarily waive the provisions of Section 20-7-11 of the South Dakota Codified Laws, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

**To the extent the laws apply, I, on my own behalf and on behalf of each other Releasing Party, expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, Section 1542 of the California Civil Code, Section 28-1-1602 of the Montana Code Annotated, Section 9-13-02 of the North Dakota Century Code, Section 20-7-11 of the South Dakota Codified Laws, and all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims and Liabilities.**

**In connection with such waiver and relinquishment, I, on my own behalf and on behalf of each other Releasing Party, acknowledge that I am aware that I or my attorneys may hereafter discover Claims or facts in addition to or different from those that they now know or believe to exist with respect to the Released Claims and Liabilities, but that it is my intention to accept and assume that risk and fully, finally, and forever release, waive, compromise, settle, and discharge all the Released Claims and Liabilities against Released Parties.  The Release thus shall remain in effect notwithstanding the discovery or existence of any additional or different Claims or facts.**

**Attorneys' Fees; Division of The Settlement Amount:** I understand that the Released Parties are not responsible for any attorneys' fees or costs I have incurred or may at any time incur, including, but not limited to, in connection with entering into this Release and any other documents.  I understand that, with respect to any Settlement Amount, any dispute regarding the division of such Settlement Amount between me, any Derivative Claimant executing this Release, and our respective counsel (if any) shall in no way affect the validity of this Release.

**Pursuit of Certain Claims:** I agree that other than to enforce this Release, I will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party; (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with the Released Claims; (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or my pending legal action against

5

3M; or (iv) take any legal or other action against any Released Party concerning the Settlement Amount.

**Liens and Other Third-Party Payor Claims:** I agree that prior to the Settlement Amount being paid to me, I shall identify to the Settlement Administrator all governmental authorities that are Third Party Providers/Payors known to me to hold or assert any Lien pursuant to any applicable statute with respect to the Settlement Amount (and/or the right to receive such Settlement Amount) payable to me, through procedures and protocols to be established by the Combat Arms Settlement Administrator.  I further understand that the Combat Arms Settlement Administrator will also check with the potentially applicable government entities including Medicare, Medicaid from the state(s) where I have resided, or if I am a Veteran, the United States Department of Veterans Affairs, or if medical bills were paid by any federal policy such as Tricare, such agency, to ensure there are no pertinent governmental liens and will not distribute funds to me until they receive assurance that there are no such governmental liens, or if they do exist, that they are appropriately compromised and paid.

I understand and acknowledge that satisfaction and discharge of any and all Liens with respect to the Settlement Amount (and/or the right to receive the Settlement Amount) is the sole responsibility of me and any Derivative Claimant executing this Release and must, in relation to all governmental authorities that are Third Party Providers/Payors who hold or assert any Liens pursuant to any applicable statute, be established to the satisfaction of the Combat Arms Settlement Administrator before the Settlement Amount can be disbursed to me.

Before the Settlement Amount is paid made to me, I (and any Derivative Claimant) shall represent and warrant that any and all Liens have been, or will be, satisfied and discharged.  Furthermore, upon request to the Combat Arms Settlement Administrator, 3M shall be entitled to proof of satisfaction and discharge of any or all such Liens pursuant to any applicable statute in relation to all governmental authorities that are Third Party Providers/Payors.  Documentation of a holdback amount determined by the Combat Arms Settlement Administrator shall count as sufficient proof for the release of funds to the relevant Claimant.

In addition to and without limitation of the foregoing, I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Released Parties (as defined above) from and against (i) any and all Claims made or asserted at any time against any Released Party by (a) any Third Party Provider/Payor in relation to me or any Derivative Claim, (b) any person at any time holding or asserting any Lien in relation to me or any Derivative Claim, and/or (c) any other person at any time claiming by, through or under, me or any Derivative Claimant executing this Release, with respect to any funding payment by or for the account of 3M under the Settlement Agreement or Settlement Program (and/or the right to receive the Settlement Amount), and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

**Indemnification for Released Claims and Liabilities:** I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities, and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses), and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

I (and any Derivative Claimant executing this Release) accept that I will be responsible for any tax consequences arising from, related to, or in any way connected with the relief afforded to me (and the Derivative Claimant) under the Settlement Agreement.

**Pursuit of Certain Claims:** Other than to participate in the Settlement , I agree that from and after the date on which this Release is executed until the earlier of either (i) the date on which my Dismissal With Prejudice Stipulation is delivered to Defendants or (ii) I exit the settlement program and this Release is returned to me, I shall be prohibited from, and refrain from, taking any action (including any legal action) to initiate, pursue, maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any actual or alleged Released Claims and Liabilities of or against Defendants or any other Released Party.  I will also cooperate in all reasonable respects with Defendants to seek to stay, and to continue in effect any then outstanding stay with respect to, any pending legal proceedings instituted by me and/or Derivative Claimants against any Released Party in connection with Released Claims, and I will refrain from instituting any new legal action against any Released Party in connection with any Released Claim.  I will also be prohibited from and refrain from, attempting to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in connection with any Released Claim.

I also agree that if I exit the Settlement under circumstances such that my Release remains in effect, in furtherance and not in limitation of such Release, any judgment in connection with any Released Claim automatically shall be deemed to have been Released by me and all such Derivative Claimants.  I agree that I and any Derivative Claimants shall execute such instruments, and take such other actions, as Defendants reasonably may request in order to further evidence or implement the same.

**Confidentiality:** I agree to maintain in confidence, and shall not disclose to any person, the amount of the Settlement Amount Payment, except as may be required by applicable Law and to effectuate the settlement; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, 3M shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7

**ACKNOWLEDGEMENT OF COMPREHENSION**: I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED, OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, 3M OR ANY OTHER PERSON.  I UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE, AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THIS RELEASE.  I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AND THE DISCLOSURE DOCUMENTS PROVIDED TO ME REGARDING THE SETTLEMENT AGREEMENT AND THE ALLOCATION OF THE COMBAT ARMS SETTLEMENT FUND, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO PARTICIPATE IN THE SETTLEMENT.  I FURTHER ACKNOWLEDGE THAT PAYMENT OF THE SETTLEMENT AMOUNT SHALL BE THE ONLY PAYMENT(S) TO ME WITH RESPECT TO ANY RELEASED PARTY.  I FURTHER ACKNOWLEDGE THAT THIS RELEASE IS THE PRODUCT OF A MEDIATED SETTLEMENT, THAT THE MEDIATORS HAD NO DUTY TO PROTECT MY INTERESTS OR PROVIDE ME WITH INFORMATION ABOUT MY LEGAL RIGHTS, AND THAT I SHOULD CONSULT WITH COUNSEL IF I AM UNCERTAIN OF MY RIGHTS.

**Waiver of Certain Provisions Regarding Timing of Any Payments.** If I have any civil action pending in any jurisdiction that has enacted, promulgated, or otherwise adopted any Law containing provisions that establish specific time periods within which settlement funds, if any, must be paid to me in connection with the settlement of such civil action and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such civil action, I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable Law) my rights under any such provisions and (ii) agree that payment of the Settlement Amount shall be made solely in accordance with the terms and conditions of the Combat Arms Settlement.

**No Admission of Fault:** I understand and agree that 3M has entered into this Release and the Settlement Agreement solely by way of compromise and settlement.  These documents are not, and shall not be construed at any time to be, an admission of liability, responsibility or fault of or by 3M or any other Released Party.

**Representations and Warranties:** I hereby represent and warrant that I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms.  Except as set forth in the section "Attorneys' Fees; Division of Settlement Amount" above, I have the sole right to receive any and the Settlement Amount with respect to my claim under the Combat Arms Settlement, other than holders of rights in respect of any medical liens or any advanced funding loans on my settlement proceeds.  Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part, other than any medical liens or any advanced funding loans on my settlement proceeds.

**GOVERNING LAW:** THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

**Severability:** I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

**Legal Representatives:** If I am signing this Release as a legal representative of a CAE user, then (i) all references in this Release to my use of, or injury from, CAE shall also mean the use of, or injury from, CAE, all references in this Release to any person claiming by, through or under, or in relation to, me shall also mean any person claiming by, through or under, or in relation to, such CAE user, and all references to me in the definition of Derivative Claimant shall also mean such CAE user, (ii) if such CAE user is not deceased, he or she shall also be a Releasing Party, (iii) if such CAE user is deceased, I am executing this Release both individually and on behalf of the estate of such CAE user, and (iv) prior to the time the Settlement Amount payment is made to me in my capacity as legal representative, I will obtain judicial approval of this Release, with the assistance of my legal counsel, to the extent required under applicable Law.

**Electronic Signatures:** This Release, and any exhibits thereto, to the extent signed and delivered electronically or by facsimile, shall be treated in all manner and respects as an original agreement, and shall be considered to have the same binding legal effect as if it were the original signed version thereof, delivered in person.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, I have executed this Release on the date below, to be effective as of the date set out in the first paragraph of this Release above:

**RELEASOR:**

By        _____
Name: _____
Dated: _____

## SIGNATURE PAGE AND AGREEMENT BY DERIVATIVE CLAIMANT

I am a person having or asserting the right to sue 3M by reason of my relationship with Releasor (or, if Releasor is a legal representative of a CAE user, such CAE user). I hereby enter into the Release to which this signature page is attached and agree to be bound by all of its terms (and, without limitation, hereby give and make all releases, waivers, acknowledgements, agreements, representations and warranties therein) on the same basis as Releasor set forth therein (including, but not limited to, all joint and several indemnification obligations set forth therein). This agreement was executed on the date below, and is effective as of the date set out in the first paragraph of this Release above.

**DERIVATIVE CLAIMANT:**

By _____
Name: _____
Dated: _____