# COMBAT ARMS SETTLEMENT AGREEMENT FOR WAVE CASES MASTER SETTLEMENT AGREEMENT III

This Settlement Agreement for Wave Cases (the "Wave Settlement" or "MSA III") dated August 29, 2023, between (1) 3M Company ("3M") and Aearo Technologies LLC, an acquired subsidiary of 3M, along with 3M Occupational Safety, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC, collectively ("Aearo"), and along with 3M, collectively ("Defendants"); and (2) the undersigned Leadership in *In re Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, U.S.D.C. for the Northern District of Florida ("MDL Court"); and (3) the undersigned Leadership in the Minnesota coordinated state court action pending in the 4th Judicial District, County of Hennepin, Minnesota, File No. 27-CV-19-19916 ("MN Court"), collectively the "Negotiating Plaintiffs' Counsel" ("NPC").  Defendants and the NPC are each a "Party," and, together with the NPC, are the "Parties."

The Wave Settlement is reached in accordance with Article 2 of the Parties' Master Settlement Agreement ("MSA") which states that that "[t]he Parties agree that the Verdicts and Wave Cases shall be resolved in accordance with MSA II and MSA III."  The Wave Settlement confirms that Defendants will settle and fully resolve, to the greatest extent possible, the existing Wave Cases against Defendants which are related to, arise from, or are in any way connected to CAE. In the event of a conflict between the MSA and the Wave Settlement, the Wave Settlement shall control.

## RECITALS

A.   The Parties have concluded that, given the facts and circumstances of the CAE Claims, including the claims asserted and the legal and factual defenses thereto, it is in the Parties' best interests to enter into the Wave Settlement to avoid the uncertainties, burdens, and risks of new and continued litigation of the Wave Cases.  The Parties further concluded that, based on, among other things, the number of CAE Claimants that exist and that the Parties believe will participate in the Wave Settlement, the Wave Settlement is fair, reasonable, and adequate.

B.   Nothing in the Wave Settlement will be construed as evidence of, or as an admission by, Defendants of any fault, liability, wrongdoing, or damages whatsoever.

The Parties hereby agree as follows:

## ARTICLE 1
## DEFINITIONS

Section 1.1   Definitions

All capitalized terms have the same meaning as set forth in Article 1 of the MSA.  Terms separately defined in the Wave Settlement shall have the same meaning as set forth herein.

Wave Cases: The CAE Claims the MDL Court and the MN Court identified for pre-trial discovery work-up prior to the Settlement Date listed on Exhibit 1.  For avoidance of doubt, any such case previously dismissed with prejudice is not a Wave Case. The Parties agree that the entire list of Wave Cases is listed on Exhibit 1.

Wave Case Claimants: Eligible Claimants that filed the Wave Cases in the MDL Court or the MN Court.

Wave Case Counsel:  CAE Counsel with an Interest in any Wave Case or Wave Case Claimant.

## ARTICLE 2
## SETTLEMENT OF THE WAVE CASES

Section 2.1     Wave Cases

The Parties agree that the Wave Cases shall be resolved in accordance with the Wave Settlement which expressly sets forth the terms and conditions of resolution for those cases.

Section 2.2     Impact of Walkaway Rights in the MSA

In the event that Defendants exercise the 98% Walkaway Right in Section 7.1.1 of the MSA or Plaintiffs exercise their Walkaway Right in Section 7.2 of the MSA, the Parties shall nonetheless be bound by the Wave Settlement, including the obligation for Defendants to make payments to the QSF as set forth in Section 12 of the Wave Settlement in exchange for Releases for Wave Cases, provided the conditions set forth in the Wave Settlement are fulfilled.  For the avoidance of doubt, if Defendants exercise the Wave Walkaway Right set forth in Article 11 of the Wave Settlement and in Section 7.1.2 of the MSA, the Wave Settlement shall be null and void consistent with Section 11.3 below.

## ARTICLE 3
## ADMINISTRATIVE EXPENSES

Section 3.1     Administrative Expenses

The Settlement Administrator and the Settlement Special Master of the Wave Settlement shall be the Settlement Administrator and Settlement Special Master specified in the MSA. Defendants shall not be responsible for any administrative expenses other than those set forth in Article 3 of the MSA.

## ARTICLE 4
## IDENTIFICATION OF THE WAVE CASES

Section 4.1     Compliance with the MSA Identification Order

As described in the Identification Order requirements set forth in Section 4.1 of the MSA, Wave Case Counsel that are Primary Counsel for a Wave Case shall, as part of the MSA process, identify on their Identification Order Declarations all Wave Cases for which they are Primary Counsel. *Pro se* litigants with Wave Cases shall identify their Wave Cases.

Section 4.1.1   All Wave Cases must continue to comply with all MDL Court or MN Court orders concerning the timely production of complete census and DD214 forms or plaintiff fact sheets, as provided by those court orders. Wave Cases are not relieved of the obligations set forth

in the MDL Case Management Order #57 and/or the MN Court's Case Management Order Governing Ongoing ad Future Litigation Against Defendants by nature of their inclusion on any Identification Order Declaration or by appearing on Exhibit 1 to the Wave Settlement.

Section 4.1.2   Failure by Wave Case Counsel or a pro se litigant to comply with the Identification Order shall subject Wave Case Counsel or the pro se litigant to potential sanctions by either the MDL Court or the MN Court or both.  Pursuant to MSA Section 4.1.7, any Wave Case not identified in an Identification Order Declaration in response to the Identification Order shall be subject to being dismissed with prejudice by the MDL Court or the MN Court.

Section 4.1.3   Wave Case Counsel and *pro se* litigants with Wave Cases shall have an ongoing duty to update the Identification Order Declaration if and when, for example, an individual's personal information is incorrect or outdated.

## ARTICLE 5
## WAVE CASES POOL

Section 5.1   Eligible Claimants for Wave Cases Pool Report

The "Wave Cases Pool" is the universe of Wave Cases. Any Wave Case listed in Exhibit 1 is included in the Wave Cases Pool for purposes of calculation of the Wave Case Participation Level defined in Article 8.

Section 5.2   Treatment of Wave Cases Currently Dismissed Without Prejudice

Eligible Claimants who had their Wave Case selected to be part of the MDL or MN wave or bellwether process, and whose claims were dismissed without prejudice and not refiled, prior to the execution of the Wave Settlement, are not Wave Cases and or eligible for participation in the Wave Settlement Agreement.  Whether those claimants are eligible for participation in the Settlement Program set forth in the MSA is determined by the MSA.

Section 5.3   Wave Cases Pool Report

The Settlement Administrator shall review the Wave Cases listed on Exhibit 1 and the information provided in response to the Identification Order of the MSA to create a complete and de-duplicated list of Wave Cases.  The Settlement Administrator shall provide a report ("the Wave Cases Pool Report"), within 15 days of the Reference Date of the MSA to the MDL PEC, MN Leadership, and Defendants.  The Wave Cases Pool Report will further include the information submitted on the Identification Order Declaration for each Wave Case.  For the avoidance of doubt, if the Wave Cases Pool Report is under-inclusive to the extent that Wave Cases that should have been included on the Report were omitted, the Wave Cases Pool Report may be revised by agreement of the Parties. The Settlement Administrator shall provide the MDL Court, the MN Court and the Parties with a copy of the Wave Cases Pool Report, and any amendments or updates thereto.

Section 5.4   Challenges to the Wave Cases Pool Report

The NPC or Defendants may challenge the contents of the Wave Cases Pool Report, including that such report either includes cases that are not Wave Cases or fails to include Wave Cases or both. Such challenge shall be made in writing to the Settlement Special Master and served on the NPC and Defendants within five (5) days of the issuance of the Wave Cases Pool Report. Any Party that opposes the challenge may file a response within five (5) days of such challenge. The Settlement Special Master shall review any such challenge and issue a determination, which may include amending the Wave Cases Pool Report, within 5 days of such response. The determination by the Settlement Special Master shall be final, binding, and not subject to any right to further review by any party. In the event that such a challenge is lodged, the date for Wave Case Registration in Article 6 shall be extended by the number of days required to lodge and resolve the challenge.

## ARTICLE 6
## REGISTRATION

Section 6.1     Wave Case Registration

To receive the benefits of the Wave Settlement, Wave Case Claimants and their CAE Counsel must comply with the provisions set forth in this Article. Registered Wave Cases do not have to submit the Registration Form required by Section 5.2 of the MSA.

Section 6.2     Wave Cases Registration

To access the benefits of the Wave Settlement, Wave Case Claimants and their Wave Case Counsel must complete and submit to the Settlement Administrator a "Wave Case Registration Form", attached as Exhibit 2 to the Wave Settlement, including a full and final Release (a template for which is attached at Exhibit 3), a stipulated Dismissal with Prejudice (a template for which is attached at Exhibit 4), and all required signatures and attachments.

Wave Case Claimants who comply with and complete the Wave Case Registration Form become "Registered Wave Cases". For the avoidance of doubt, only Wave Cases may be Registered Wave Cases, inclusion on Exhibit 1 or an Identification Order Declaration does not guarantee that a Wave Case is a Registered Wave Case, and Wave Cases included by mutual agreement of the Parties may be Registered Wave Cases.

Section 6.3     Wave Case Registration Form

The Wave Case Registration Form, which is attached as Exhibit 2, shall provide information to Wave Case Claimants about the benefits of the Wave Settlement and the consequences of failing to register, and shall require each Wave Case Claimant and Wave Case Counsel to provide:

Section 6.3.1  Identifying information about the Wave Case Claimant and his/her/their Wave Case Counsel, similar to that which is required in an Identification Order Declaration;

Section 6.3.2  An election as to whether the Wave Case Claimant wishes to participate in the Wave Case settlement program set forth in the Wave Settlement; and if so elected, such information as is necessary to participate in the Wave Case settlement program;

Section 6.3.3   Materials in the form of a claims package with relevant information about the Wave Case Claimant's CAE Claims;

Section 6.3.4   A full and complete Release, in the form set forth in Exhibit 3, to (without limitation) release, indemnify, and hold harmless each Released Party.  If the Release is signed by a duly and lawfully appointed representative of the Wave Case Claimant, said representative must indicate on each document his/her/their relationship to the Wave Case Claimant and the authority upon which he/she/they is permitted to sign the document on the Wave Case Claimant's behalf (e.g., guardian, executor or administrator of the Estate of Wave Case Claimant, etc.) and attach proper documentation (e.g., power of attorney, letters of administration, small estate affidavit or other state law equivalent) authorizing him/her/them to act in this representative capacity.

Section 6.3.5   For all Wave Cases, a stipulated Dismissal with Prejudice, in the form set forth in Exhibit 4, which shall be filed in the appropriate court after Defendants have made the payment set forth in Section 12.2.

Section 6.4   <u>Survival and Wrongful Death Claims</u>

Section 6.4.1   For purposes of completing a Wave Registration Form, a beneficiary, recognized under state law, of the deceased Wave Case Claimant may initially execute the Wave Case Registration Form.  In the event that the allocation to the deceased Wave Case Claimant is $75,000 or more, the Release shall not be effective until executed by a representative for the deceased Wave Case Claimant appointed in accordance with applicable state law.  For any deceased Wave Case Claimant who will receive less than $75,000, the Release shall be effective if signed by all beneficiaries identified in a family settlement affidavit or the representative satisfies the small estate administration rules consistent with applicable state law.  Moreover, in the event of a substitution of parties under Rule 25, Federal Rules of Civil Procedure and Minnesota Rules of Civil Procedure, such new party shall be entitled to Register and participate in the settlement as if the deceased Wave Case Claimant were still alive.

Section 6.4.2   If required by applicable state law, a Wave Case Counsel or other authorized agent will seek court approval of the settlement of the case brought on behalf of a decedent or others authorized under applicable state law to advance survival or wrongful death claims, and will obtain any additional Releases or documentation required. Wave Case Counsel will assume responsibility for all necessary filings relating to notice and approval of the settlement and the Wave Case Claimant or his/her/their representative will be responsible for all associated costs and expenses.

Section 6.5   <u>Bankruptcy or Other Documents</u>

To the extent any Wave Case Claimant has received any funding or other consideration from any third party, including any private litigation funding, such Wave Case Claimant shall represent and warrant, and by executing the Release does represent and warrant, that such third party has no lien or other claim that can be asserted against any of the Released Parties or the QSF or any portion thereof.  Each Wave Case Claimant shall agree, and by executing the Release does agree, that he or she will indicate on his or her Wave Case Registration Form whether a bankruptcy action is currently pending in which he or she is seeking bankruptcy protection.  Wave Cases

Claimants subject to any bankruptcy court proceeding or jurisdiction will be responsible for resolving any issues arising from the bankruptcy before any Payment under the Wave Settlement may be made to such Wave Case Claimants.

Section 6.6    Additional Information

The Settlement Administrator may request additional information or communicate with Wave Case Counsel, Wave Case Claimants in conjunction with Wave Case Counsel, or *pro se* litigants with Wave Cases concerning any questions that may arise in this process and/or to request additional information or documentation from any Registered Wave Case Claimants.

Section 6.7    No Punitive Damages

By submitting a Wave Case Registration Form and submitting a Release, each Wave Case Claimant waives the right to receive any punitive damages pursuant to the Wave Settlement, and each Wave Case Claimant understands and agrees that no settlement payment paid hereunder is, or shall deemed to be, attributable to punitive damages.

Section 6.8    No Waiver

For the avoidance of doubt, the failure of Defendants to object to a Wave Registration Form under this section does not alter the requirement that the Wave Case Claimant and Wave Case Counsel comply with all aspects of the Wave Settlement.

Section 6.9    No Withdrawal of Registration Forms

Submission of a Wave Case Registration Form electing to participate in the Wave Settlement is irrevocable; provided, however, if Defendants exercise the Wave Walkaway Right set forth in Article 11, all such Releases shall be destroyed by the Settlement Administrator and are null and void. No Wave Case Claimant may under any circumstances or for any reason withdraw a Wave Case Registration Form, request the return of his/her Release or dismissal with prejudice, or otherwise withdraw from the Wave Settlement.  By submitting a Wave Case Registration Form, a Wave Case Claimant agrees to end all litigation activity against Defendants, consistent with the terms set forth in the Release.

Section 6.10    Obligation of Wave Case Counsel

By the submission of a Wave Case Registration Form by a Wave Case Claimant or by Wave Case Counsel on behalf of a Wave Case Claimant, all Wave Case Counsel that have an Interest in such Wave Case agree to be bound by all of the terms and conditions of the Wave Settlement and the MSA, including the provision in Section 5.6 and Article 8 (defining the obligations of CAE Counsel).  The Wave Case Registration Form shall specify the obligations set forth in the MSA and notify all Wave Case Claimants and their Wave Case Counsel of those obligations.

## ARTICLE 7
## REGISTRATION DATE

Section 7.1    Initial Wave Case Registration Date

The initial deadline for submission of Wave Case Registration Forms shall be three (3) months from the Reference Date established by the MSA.  Such deadline shall be called the Initial Wave Case Registration Date.  The Wave Case Registration Date may be extended by agreement of the Parties.

Section 7.2    Notification of Unregistered Wave Cases

Within 15 days following the Initial Wave Case Registration Date, the Settlement Administrator:

Section 7.2.1   Shall notify the Parties, the MDL Court, and the MN Court of the total number of Wave Case Claimants known as of the date of the notification that have failed to submit a Wave Registration Form (including all required attachments), the identities of such Wave Case Claimants, and their Wave Case Counsel.

Section 7.2.2   Shall notify Wave Case Claimants that have not registered that, if they do not register, they will not be able to benefit from the Wave Settlement and shall be required to fulfill obligations under MDL CMO # 57 and the MN Case Management Order Governing Ongoing and Future Litigation Against Defendants, including, as required by those orders, meeting with the MDL Court or MN Court.

Neither the Settlement Administrator, Defendants, nor the NPC shall have any liability for any failure of the Settlement Administrator to give any notice to Wave Cases Claimants described in Section 7.2.2.

Section 7.3    The Final Registration Date

Wave Case Claimants who do not register by the Initial Wave Case Registration Date, but who change their mind following notice from the Settlement Administrator and/or a meeting with the MDL Court or the MN Court and submit a Wave Case Registration Form shall be treated as Registered Wave Cases.  The date 60 days after the Wave Case Registration Date shall be the Final Wave Case Registration Date, unless extended by agreement of the Parties.

Section 7.4    Waiver of Defects

Defendants, in their sole discretion, may waive or direct the Settlement Administrator to waive any defect in a submission of a Wave Case Registration Form at any point.  Any such waiver by Defendants must be in writing and served on the NPC.

Section 7.5    Consequence of Failure to Register

Wave Cases who have not registered by the Final Registration Date shall not be eligible to participate in the Wave Settlement unless Defendants, in their sole discretion, agree to waive this requirement on a case-by-case basis.

Wave Cases who do not Register and who fail to comply with the orders of the MDL Court or the MN Court (including failing to meet with the MDL Court or the MN Court pursuant to orders issued by those courts) shall be subject to dismissal with prejudice.

Section 7.6    Escrow Pending Payment by Defendants

Releases and stipulated Dismissals with Prejudice provided as part of the Wave Case Registration process shall be held in escrow by the Settlement Administrator, until Defendants have made the payment set forth in Section 12.2. Defendants shall have access to such Releases and may review them at any time. Within ten (10) days of Defendants making the payment set forth in Section 12.2, such Releases shall be provided to Defendants, and the stipulated Dismissals with Prejudice shall be filed jointly by Wave Case Counsel (or a *pro se* Wave Case Claimant) for each Wave Case and Defendants.

## ARTICLE 8
## WAVE CASE PARTICIPATION LEVEL

Section 8.1    Calculation of the Wave Case Participation Level

The Wave Case Participation Level shall be calculated by the Settlement Administrator following the Final Wave Case Registration Date and used to determine Defendants' payment obligations and whether Defendants possess the Wave Walkaway Right set forth in Article 11 of this Wave Settlement and Section 7.1.2 of the MSA.

Section 8.2    Calculation of Wave Cases Participation Level

The Wave Case Participation Level is intended to account for the percentage of Wave Cases resolved as a percentage of the total number of Wave Cases. The Wave Case Participation Level shall be calculated in accordance with Exhibit 5, attached hereto.

Section 8.3    Report of Wave Cases Participation Level

Within fifteen (15) days of the Final Wave Registration Date (including any extensions thereof), the Settlement Administrator shall notify the NPC, Defendants, the MDL Court, and the MN Court of the total number of Wave Case Claimants who have failed to Register, the identities of such Wave Case Claimants, and their Wave Case Counsel, as well as providing a calculation of the Wave Case Participation Level.

Until directed by the Parties, the Settlement Administrator shall recalculate the Wave Case Participation Level weekly and, each week, shall notify the MDL PEC, MN Leadership, Defendants, the MDL Court, and the MN Court of the total number of Wave Cases who have failed to Register, the identities of such Wave Case Claimants, and their Wave Case Counsel, as well as providing a calculation of the Wave Case Participation Level.

Section 8.4    Challenge to Calculation of the Wave Case Participation Level

The NPC or Defendants may challenge the Settlement Administrator's calculation of the Wave Case Participation Level within ten (10) days of being provided notice of the Wave Case Participation Level. Within ten (10) days of such challenge, any Party opposing such challenge may file a response. The Settlement Special Master shall review any such challenge and issue a determination within 10 days of such response. The determination by the Settlement Special Master shall be final, binding, and not subject to any right to further review by any Party.

## ARTICLE 9
## SETTLEMENT ADMINISTRATION

Section 9.1    Settlement Administration

Settlement and claims administration related to the Wave Cases shall be conducted in accordance with Article 9 and Article 13 of the MSA, including provisions of the MSA concerning the resolution of healthcare and other liens.

## ARTICLE 10
## PAYMENT TO REGISTERED CLAIMANTS

Section 10.1    Payments to Registered Claimants

Upon submitting a Wave Registration Form (including all required attachments), each Wave Case Claimant has made the decision to forego continued litigation, and to be part of the settlement program set forth in the Wave Settlement (the "Wave Settlement Program").

Section 10.1.1 Submission of the Wave Registration Form (i) is irrevocable; (ii) binds the Registered Wave Claimant submitting the forms to the terms and conditions of the Wave Settlement; and (iii) constitutes affirmative acceptance of the jurisdiction of the Special Settlement Master and the MDL Court (or the MN Court, for cases pending in the MN Court) for all matters and decisions related to this Agreement.

Section 10.1.2 The Settlement Administrator shall make all required certifications set forth in Article 9 and 13 of the MSA prior to payment.

Section 10.1.3 To the extent that a Wave Case Claimant is deceased or in an active bankruptcy and authorization to sign the Release is delayed pending resolution of the issues set forth in Section 6.4 (for deceased claimants) or in Section 6.5 (for Wave Case Claimants in active bankruptcy), such Wave Case Claimants shall be allocated funds as part of the Wave Case Settlement Program, but such funds shall not be paid to such Wave Case Claimants until a fully executed Release is received and stipulated Dismissal with Prejudice is filed.

## ARTICLE 11
## DEFENDANTS' WAVE WALKAWAY RIGHT

Section 11.1    Wave Walkaway Right

Defendants shall have a Wave Walkaway Right if the Wave Participation Level is less than the Wave Walkaway Participation Threshold set forth in Confidential Exhibit 6.

Section 11.2    Timing of Wave Walkaway Right

Defendants may exercise their Wave Walkaway Right within thirty (30) days of the Final Wave Registration Date, unless extended by the agreement of the NPC and the Defendants.

Section 11.3    Effect of Exercise of Wave Walkaway Right

If Defendants exercise their Wave Walkaway Right,

Section 11.3.1 Defendants shall have no obligation to make payments under the Wave Settlement or under the MSA, as set forth in Section 7.1.2 of the MSA, except for the administrative expenses in Article 3 of the MSA and the payment in exchange for Releases related to the Expedited Payment Program set forth in Section 11.1 of the MSA. For the avoidance of doubt, exercise of the Wave Walkaway Right shall not affect the payments in exchange for Releases of Verdict Cases provided as part of the Verdicts Settlement.

Section 11.3.2 All Releases of Wave Case Claimants and stipulated Dismissals with Prejudice of such Wave Case Claimants shall be destroyed by the Settlement Administrator and are null and void.

Section 11.4    No Effect from Exercise of Other Walkaway Rights

Neither exercise by the Defendants of their 98% Walkaway Right in Section 7.1.1 of the MSA or exercise by the NPC of the Plaintiffs' Walkaway Right in Section 7.2 of the MSA shall affect the Parties' obligations under the Wave Settlement, including the obligation for Defendants to make payments to the QSF set forth in Article 12 in exchange for the release from escrow of the Releases and stipulated Dismissals with Prejudice of the Wave Cases.

## ARTICLE 12
## PAYMENTS TO BE MADE BY DEFENDANTS

Section 12.1    Conditions on Payment

Defendants shall have no obligation to make payments under the Wave Settlement unless and until the Wave Case Participation Level meets the Wave Participation Requirement set forth in Confidential Exhibit 6.  In the event that the Defendants' Wave Walkaway Right has expired, but the Wave Participation Level has not reached the Wave Participation Requirement agreed to in Confidential Exhibit 6, the Parties may meet and confer to consider the option, solely if there is agreement by the Parties, to amend this Wave Settlement.

Section 12.2    Payment Upon Satisfaction of Conditions

Within twenty-one (21) days of the date the Wave Case Participation Level is calculated to meet the Wave Participation Requirement, Defendants shall pay $253,100,000.00 to the QSF.

Section 12.3     Releases and Dismissals with Prejudice

Upon Defendants' payment pursuant to Section 12.2, the Wave Case Releases and Dismissals with Prejudice will be released from escrow. Wave Case Counsel (or *pro se* Wave Case Claimants) and Defendants shall jointly file the Dismissals with Prejudices in such Wave Cases.

## ARTICLE 13
## LIMITATIONS ON DEFENDANTS' FUNDING OBLIGATIONS

Section 13.1     No Additional Funding

Any term of the Wave Settlement to the contrary notwithstanding, Defendants shall have no financial obligation under the Wave Settlement other than its express obligations to make the Payment as described in Section 12.2. Defendants shall have no obligation to pay (or to make any Payment on account of) or reimburse any Registered Wave Claimant or Wave Case Counsel for any costs or expenses incurred by such Registered Wave Claimant or Wave Case Counsel in connection with the Wave Settlement. The Defendants shall have no responsibility for the management of any of the escrow funds or any liability to any Registered Claimant arising from the handling of claims by the Special Master and/or the Settlement Administrator or for the costs of the Special Master or Settlement Administrator (beyond the amount set forth for administrative expenses in Article 3 of the MSA).

## ARTICLE 14
## ATTORNEYS' FEES

Section 14.1     Individual Counsel Attorneys' Fees

Wave Case Counsel's attorney-client fee agreements shall not be infringed or encroached upon by the Wave Settlement and attorneys' fees shall be handled in accordance with all applicable ethical requirements.

Section 14.2     Common Benefit Fund

Work performed and expenses incurred for the benefit of all CAE Claimants as defined more fully in the MDL Court's Common Benefit Orders and the MN Court's Common Benefit Orders shall be paid from the Common Benefit Fund. Payments are subject to procedures set in place by the MDL Court and/or the MN Court now or in the future. The Common Benefit Assessment as set forth in the MDL Court's Orders and the MN Court's Orders in place now or in the future shall be held back by the QSF Administrator on a per Registered Wave Case Claimant's basis with payments due to the Common Benefit Fund by QSF Administrator on a quarterly basis. QSF Administrator must provide proof of compliance to the Settlement Special Master, the MDL PEC, MN Leadership, the MDL Court, and the MN Court with the Common Benefit Orders.

Section 14.3     No Additional Payments by Defendants

For the avoidance of doubt, Defendants shall have no obligation to pay additional sums for attorneys' fees or costs, beyond the amount set forth in Section 12.2 of the Wave Settlement, and all such claims for attorneys' fees or costs are released by released by Registered Wave Claimants.

## ARTICLE 15
## MISCELLANEOUS

Section 15.1    Tax Consequences

Neither Wave Case Claimants nor Defendants (nor Wave Case Counsel or Defendants' Counsel) makes any representation regarding the tax consequences of this settlement. All payments provided for herein constitute damages on account of personal physical injuries and/or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Section 15.2    No Presumption as to Drafting

The Wave Settlement is the product of arm's-length negotiations between counsel and/or parties represented by counsel. No Party shall be deemed to be the drafter of the Wave Settlement or any provision thereof. No presumption shall be deemed to exist in favor of or against any Party as a result of the preparation or negotiation of the Wave Settlement.

Section 15.3    Not Affected by Change In Law

The Wave Settlement shall be binding on the Parties regardless of any change in the law that might occur after the date NPC and Defendants execute the Wave Settlement.

Section 15.4    Entire Agreement

The Wave Settlement and all exhibits hereto constitute the entire agreement between NPC and Defendants with respect to the subject matter of the Wave Settlement, and there are no other written or oral agreements, understandings, or arrangements except as set forth herein (including references to the MSA). The Wave Settlement supersedes and replaces any prior agreement or writing between the Parties. The Parties understand, agree, and acknowledge that no promises, representations, understandings, or warranties have been made by any party or relied upon as an inducement for entering into the Wave Settlement, except as contained herein, and that the Wave Settlement constitutes the full statement of any agreement between the Parties. The terms of the Wave Settlement may not be modified or waived except in writing, signed by the Parties hereto. The Parties hereby acknowledge that they have read the Wave Settlement and had an opportunity to obtain the advice of competent counsel of their choosing regarding it. As such, the Parties hereby also acknowledge that they understand the terms of the Wave Settlement, and that they freely and voluntarily sign and enter into it. The Parties further acknowledge that, in entering into the Wave Settlement, they have not relied upon any statement or representation by or on behalf of the other Party, except as stated herein.

Section 15.5    Governing Law

This Agreement is a private agreement. The substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of this Agreement as applied by the MDL Court and the MN Court.

Section 15.6   Headings

The headings used herein are for reference only and shall not affect the construction of the Wave Settlement.

Section 15.7   Agreement May Be Executed In Counterparts

The Wave Settlement may be executed in counterparts and taken together shall constitute one and the same Wave Settlement.

Section 15.8   Successors, Assigns & Binding Effect

The Wave Settlement shall be binding on, and inure to the benefit of, the successors and assigns of the Parties hereto. Nothing in the Wave Settlement, express or implied, is intended to confer upon any person or entity other than the Parties hereto or their respective successors, heirs, issue, and assigns, any rights or benefits under or by reason of the Wave Settlement. The Wave Settlement shall not be assignable by any Party hereto without prior written consent of the other Party or as otherwise expressly set forth in the Wave Settlement.

Section 15.9   Amendment or Waiver

The Wave Settlement shall not be modified in any respect, except by a writing executed by all Parties to the Wave Settlement. The waiver of any rights conferred by the Wave Settlement shall be effective only if made in writing by the waiving Party. The waiver by any Party of any breach of the Wave Settlement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with the Wave Settlement.

Section 15.10  Electronic Signatures

Electronic signatures shall be accepted for execution of any settlement document required of Wave Case Claimants or Wave Case Counsel. The Parties will work with the Settlement Administrator and Settlement Special Master to ensure compliance with applicable standards and protections.

Section 15.11  Notice to CAE Claimants' Counsel

For any notice required to be provided under the Wave Settlement Agreement to Wave Case Claimants' or Wave Case Claimants' Counsel, Defendants shall provide notice by overnight mail and email to:

Bryan F. Aylstock
Aylstock, Witkin, Kreis
& Overholtz, PLLC
17 East Main Street, Suite 200

Pensacola, FL 32502
baylstock@awkolaw.com

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road,
Ridgefield Park, NJ 07660
cseeger@seegerweiss.com

Clayton A. Clark
Clark, Love & Hutson, PLLC
440 Louisiana Street, Suite 1700
Houston, Texas 77002
CClark@triallawfirm.com

Section 15.12  Notice to Defendants or Defendants' Counsel

For any notice required to be provided under the Wave Settlement to Defendants, Claimants' Counsel shall provide notice by overnight mail and email to:

Kevin H. Rhodes
Executive Vice President and Chief Legal Affairs Officer
Legal Affairs Department
3M Company
3M Center, 220-9E-01
St. Paul, MN 55144-1000
3MCAEnotices@mmm.com

Thomas J. Perrelli
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412
3MCAE@jenner.com

Section 15.13  No Admission of Liability

Neither the Wave Settlement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Wave Settlement, is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Defendants of any fault, liability, wrongdoing, or damages, or of the truth of any allegations asserted by any plaintiff or claimant against it, including by any Eligible Claimant or Derivative Claimant, or as an admission by any Eligible Claimant or Derivative Claimant of any lack of merit in their CAE Claim.

No Party or Wave Claimant shall seek to introduce and/or offer the terms of the Wave Settlement, any statement, transaction, or proceeding in connection with the negotiation, execution, execution, or implementation of the Wave Settlement, or any statements in the

documents delivered in connection with the Wave Settlement, or otherwise rely on the terms of the Wave Settlement, in any judicial proceeding, except insofar as necessary to enforce the terms of the Wave Settlement or any instrument executed and delivered pursuant to the Wave Settlement, or in connection with the determination of any income tax liability of a Party.  If a person seeks to introduce and/or offer any of the matters described herein in any proceeding against Defendants or any of the Released Parties, the restrictions of this Section shall not be applicable to Defendants with respect to that person.

Section 15.14  Public Statements

The Parties may, at their discretion, issue publicity, press releases, or other public statements regarding the Wave Settlement, whether unilaterally or as jointly agreed to in writing by all Parties.  Any jointly agreed or other statement shall not limit Defendants' ability to provide information about the Wave Settlement to their employees, accountants, attorneys, insurers, shareholders, investors, analysts, or other stakeholders or in accordance with legal requirements, or limit any Party's ability to provide notice or information about the Wave Settlement to Wave Case Claimants or in accordance with legal requirements.

Section 15.15  Confidentiality

The parties shall keep confidential the content of the negotiations, points of discussion, documents, communications, and supporting data utilized or prepared in connection with the negotiations and settlement discussions taking place related to the MSA, the Verdicts Settlement and the Wave Settlement. Nothing in those settlement agreements shall prevent Defendants from disclosing such information to their insurers in the context of their coverage investigations.

Section 15.16  No Illegal Activity or Fraud and Unethical Conduct

Nothing in the Wave Settlement shall be interpreted to require any Party, any Eligible Claimant, any CAE Counsel, or Defendants' counsel to engage in any conduct that is a violation of law and/or unethical under applicable ethical rules.

IN WITNESS WHEREOF, the Parties have executed the Wave Settlement as of the date first set forth above.

3M

By: _____

Kevin H. Rhodes
Chief Legal Affairs Officer, 3M

Aearo

By: _____

Kevin H. Rhodes, Authorized Representative
Aearo Technologies LLC

By: _____

Thomas J. Perrelli
Counsel for 3M


Negotiating Plaintiffs' Counsel

By: _____

Bryan F. Aylstock
Counsel for Plaintiffs

By: _____

Chris Seeger
Counsel for Plaintiffs

By: _____

Clayton A. Clark
Counsel for Plaintiffs

By: _____

Daniel E. Gustafson
Counsel for the MN Plaintiffs