UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION </br></br> This Document Relates to: </br> All Cases | ) Case No. 3:19-md-02885 </br> ) </br> ) Judge M. Casey Rodgers </br> ) </br> ) Magistrate Judge Hope T. Cannon </br> ) </br> ) </br> ) |

**CASE MANAGEMENT ORDER NO. 58**
**(Settlement Implementation Order – Applies to All Eligible Claimants)**

Defendants, Plaintiffs' Leadership in this MDL, and Plaintiffs' Leadership in the Minnesota coordinated state court action have entered into a Combat Arms Master Settlement Agreement ("MSA") to resolve all claims against Defendants related to the use of Combat Arms Earplugs (CAE).[1] The MSA establishes a voluntary program to settle the claims of Eligible Claimants and this Order sets forth the general requirements for Eligible Claimants who wish to participate in the Settlement and be bound by the MSA. All terms used in this Order that are defined in the MSA are, unless otherwise defined herein, used as defined in the MSA.

1. **CMO 60 (Identification Order).** All Primary Counsel for all Eligible Claimants and all *Pro Se* Eligible Claimants with individual cases filed in the MDL

---

[1] The Combat Arms Master Settlement Agreement is available on the Court's public website for the 3M MDL, https://www.flnd.uscourts.gov/3m-products-liability-litigation-mdl-no-2885.

Court (including both the Administrative Docket and the Active Docket) must fulfill the obligations set forth in the Identification Order by the Reference Date.

**2.     Registration.**  The Settlement sets forth a registration process, including notice to Eligible Claimants, by which Eligible Claimants listed on an Identification Order may elect to be part of the Settlement or to choose not to participate.  All Eligible Claimants listed on an Identification Order Declaration and all *Pro Se* Eligible Claimants must complete and submit a Registration Form (which may include opting not to participate in of the Settlement), including all required signatures and attachments, to the Court-appointed Settlement Administrator by deadlines set forth in the Settlement.  The Court-appointed Settlement Administrator may request additional information or communicate with CAE Counsel, Eligible Claimants, and/or *Pro Se* Eligible Claimants, concerning any questions that may arise in this process and/or to request additional information or documentation. **Eligible Claimants listed on an Identification Order Declaration with filed cases in the MDL Court (including the Administrative Docket and the Active Docket) who fail to timely fill out a Registration Form shall be dismissed with prejudice WITHOUT FURTHER NOTICE.  NOTE: The Registration Form is separate and apart from the Identification Order and must be completed and submitted to the Court-appointed Settlement Administrator by all Eligible Claimants**

**listed on an Identification Order regardless of whether such Eligible Claimant seeks to participate in the Settlement.**

3.     **Census and DD214 Forms.**  All Eligible Claimants who have not already completed and submitted census and DD214 forms through MDL Centrality must do so in accordance with the following deadlines.

a.     Eligible Claimants with CAE Claims filed on the MDL Active Docket or Administrative Docket as of the date of this Order, and who are currently subject to a deadline for submission of a census and/or DD214 form, must timely submit the requisite form(s) through MDL Centrality by the previously imposed deadline.

b.     Eligible Claimants with CAE Claims filed on the MDL Active Docket or Administrative Docket as of the date of this Order, and who are *not* currently subject to a deadline for submission of a census and/or DD214 form, must produce the requisite forms through MDL Centrality within 14 days of the date of this Order.

c.     All other Eligible Claimants—including Eligible Claimants whose CAE Claims either have been tolled, have been served but not filed, have otherwise never been filed in any court for any reason, and/or were previously dismissed without prejudice and have yet to refile as of the date of this Order—must

produce the requisite forms through MDL Centrality within 14 days of submitting their Declaration under CMO 60.

        d.     The Court expects timely and strict compliance with the census and DD214 form requirements, and the Settlement Data Administrator has been delegated authority from the Court to process census and DD214 submissions. **Failure to timely and strictly comply with the applicable census and/or DD214 requirements and deadlines will result in dismissal with prejudice WITHOUT FURTHER NOTICE.**

    4.    **CMO 59 (Docketing Procedures for MSA Eligible Claimants).** All Eligible Claimants who do not have a CAE Claim filed on the MDL Active Docket or Administrative Docket as of the date of this Order must comply with the applicable docketing procedures and deadlines set forth in CMO 59.

    5.    **Cases Previously Dismissed Without Prejudice.** Eligible Claimants who were previously dismissed without prejudice and who have not yet refiled must fulfill the following additional requirements, even if participating in the Settlement. When such Eligible Claimants file their CAE Claims on the MDL Active Docket within ten (10) days after being identified on an Identification Order Declaration as required by CMO 59, their Short Form Complaints must be accompanied by the DD214 forms (if not active duty) and a completed Plaintiff Fact Sheet. The Plaintiff

Fact Sheet also must be submitted via MDL-Centrality. Failure to comply with these requirements will result in a dismissal with prejudice.

**SO ORDERED**, on this 29th day of August, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**