UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-md-02885<br><br>Judge M. Casey Rodgers<br><br>Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 59**
**(Docketing Procedures for MSA Eligible Claimants**
**and Administrative Docket Tolling Clarification)**

On January 7, 2020, the Court entered a superseding Order establishing an Administrative Docket to serve as a "master" docket for the oversight and management of otherwise unfiled claims involving the 3M CAE that had been or would be registered with MDL Centrality/BrownGreer, PLC. *See* Administrative Docket Order No. 1, No. 3:19mc087, ECF No. 3. The Administrative Docket was formally closed to new cases on September 13, 2021, after which, any plaintiff seeking to file a case in the 3M MDL was required to file on the Active Docket. *See* CMO 24, No. 3:19md2885, ECF No. 1915. The parties now have entered into a Combat Arms Master Settlement Agreement ("MSA") to resolve all CAE claims.[1] This Order sets forth the applicable docketing procedures and clarifies the tolling provision in Administrative Docket Order No. 1.

---

[1] The Combat Arms Master Settlement Agreement is available on the Court's public website for the 3M MDL, https://www.flnd.uscourts.gov/3m-products-liability-litigation-mdl-no-2885.

All terms used in this Order that are defined in the MSA are used as defined in the MSA.

1. <u>Administrative Docket</u>.  The Administrative Docket will be reopened for fourteen (14) days from the date of this Order to allow the addition of Eligible Claimants, as defined in the MSA, who retained CAE Counsel *before September 13, 2022* (which is one year from the date the Administrative Docket was closed) and whose CAE Claims have been tolled, have been served but not filed, or have otherwise never been filed in any court for any reason.  After the fourteen (14) days has expired, the Administrative Docket will be permanently closed to new CAE Claims, and no CAE Claims other than those set forth above may be filed on the Administrative Docket.  To add a CAE Claim to the Administrative Docket, a qualifying Eligible Claimant must submit a Short Form Complaint via MDL Centrality in accordance with the submission procedures previously established by BrownGreer PLC.  *See* No. 3:19mc2885, ECF No. 898 at 4.  BrownGreer PLC will transfer the submitted Short Form Complaints to the Clerk's Office.  The Clerk's Office will create an individual case and docket for each Short Form Complaint, assign it an individual case number, and associate the case with the Administrative Docket.  Any Eligible Claimant who is added to the Administrative Docket in accordance with this paragraph must fully comply with the requirements of the MSA and the orders of this Court, including fulfilling the obligations set forth in the Identification Order by the Reference Date and

the Settlement Implementation Order. Any such Eligible Claimant who elects not to settle his/her claims must transition from the Administrative Docket to the Active Docket according to the deadlines and procedures set forth in Case Management Order No. 57 ("CMO 57"). The cases of Eligible Claimants who elect not to settle but fail to timely transition to the Active Docket in accordance with this paragraph will be dismissed with prejudice. For the avoidance of doubt, Eligible Claimants whose CAE Claims were previously dismissed without prejudice for failure to comply with a court order, or who retained CAE Counsel on or after September 13, 2022, are strictly prohibited from adding a CAE Claim on the Administrative Docket.

2. <u>Active Docket</u>. Any Eligible Claimant who retained CAE Counsel on or after September 13, 2022, or who was previously dismissed without prejudice for failure to comply with a court order and has not yet refiled, or who retained CAE Counsel before September 13, 2022 but fails to timely file a CAE Claim on the Administrative Docket in accordance with the immediately preceding paragraph of this Order, must file a Short Form Complaint on the Active Docket within the deadlines set forth in the MSA and must comply with all other applicable orders of this Court, including fulfilling the obligations set forth in the Identification Order by the Reference Date and the Settlement Implementation Order.[2] When filing a Short Form Complaint

---

[2] To the extent a case is filed, removed to, or transferred into the Active Docket of this Court between the date of this Order and the Reference Date as defined in the CMO 60 (Identification Order), then that case is subject to the obligations and deadlines set forth in CMO 57 (Case Management Order for Any Ongoing Litigation Against Defendants) until such time as the case is

on the Active Docket, the filer will be prompted to select an "Office" or "Division." **SELECT ONE OF THE FOLLOWING OFFICES ONLY: Pensacola Overflow One, Pensacola Overflow Two, or Pensacola Overflow Three. DO NOT SELECT Gainesville, Pensacola, Tallahassee, or Panama City**.

3. <u>Administrative Docket Tolling Clarification</u>. Paragraph 3 of the Administrative Docket Order No. 1 provided for the tolling of time limitations for filing or pursuing claims while a case remained on the Administrative Docket. *See* No. 3:19mc087, ECF No. 3 at 3-4. For the sake of clarity, that tolling provision does not apply to cases that were subsequently dismissed without prejudice from the Administrative Docket. This is consistent with the general rule that "when a timely complaint is dismissed without prejudice, a later action that is filed outside the period of limitations is untimely, as it would be if the previous action had never existed." *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1337 (11th Cir. 2023).

**SO ORDERED**, on this 29th day of August, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

identified under CMO 60. Once so identified, the case is no longer subject to CMO 57 until the individual plaintiff elects not to participate in the Settlement Program, at which point, the case again becomes subject to the requirements and deadlines in CMO 57.