**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) | Case No. 3:19-md-02885 Judge M. Casey Rodgers |
| ) ) | Magistrate Judge Hope T. Cannon |
| This Document Relates to: All Cases ) ) ) | |

**CASE MANAGEMENT ORDER NO. 60**
**(Identification Order)**

In accordance with the terms of the Combat Arms Master Settlement Agreement ("MSA"),[1] the Court hereby enters this Identification Order.[2] This Order requires all CAE Counsel for all Eligible Claimants for which they are Primary Counsel and all *Pro Se* Eligible Claimants to provide information to the Court in the format set forth below *by no later than September 12th* (the "Reference Date").

The MSA defines Eligible Claimant. This Order addresses a fundamental requirement of Primary Counsel for Eligible Claimants and *Pro Se* Eligible Claimants in connection with this litigation.

---

[1] All capitalized terms have the same meaning as in the MSA. The MSA is available on the Court's public website for the 3M MDL, https://www.flnd.uscourts.gov/3m-products-liability-litigation-mdl-no-2885.

[2] The Court understands that Judge Laurie Miller, the presiding judge over CAE Claims pending in the 4th Judicial District, County of Hennepin, Minnesota, will be issuing a similar order, consistent with the MSA.

CAE Counsel shall be deemed to be Primary Counsel in the following circumstances:

(1) for an Eligible Claimant with a filed case on the MDL docket (administrative or active) and Minnesota docket, including Eligible Claimants previously dismissed without prejudice who are represented:

    a. if CAE Counsel is listed as the registering Law Firm in MDL-Centrality, or

    b. if CAE Counsel is the counsel of record for any Eligible Claimant filed and/or served in Minnesota; or

(2) for any Eligible Claimant with an unfiled CAE Claim:

    a. if CAE Counsel has an engagement or retainer agreement with such Eligible Claimant, as of the Reference Date;

    b. if Counsel has entered into a tolling agreement for such Eligible Claimant.

CAE Counsel shall not be Primary Counsel for Eligible Claimants dismissed without prejudice if CAE Counsel's representation of that Eligible Claimant ended prior to the Reference Date.

## I. IDENTIFICATION OF ELIGIBLE CLAIMANTS.

Each CAE Counsel shall take any and all reasonable steps necessary to identify all of the Eligible Claimants for which they are Primary Counsel, whether

or not those claimants have a filed case. For the avoidance of doubt, an Eligible Claimant includes an individual represented by counsel who seeks to pursue CAE Claims regardless of whether the Eligible Claims have been filed and/or served in the MDL Court or the Minnesota Court, or any other court, or on the Administrative Docket, or have been tolled or have been dismissed without prejudice from any court.³ **However, plaintiffs asserting CAE Claims that have been dismissed with prejudice prior to the Settlement Date are not Eligible Claimants.**

*Pro Se* Eligible Claimants who have filed CAE Claims, whether in the MDL Court, the Minnesota Court, or on the Administrative Docket, shall also submit the information set forth below concerning their own case by the Reference Date.

**II.   SERVICE OF SWORN DECLARATION IDENTIFYING ALL ELIGIBLE CLAIMANTS.**

All CAE Counsel must submit a Declaration (the "Identification Order Declaration" or "Declaration") *via* MDL Centrality, executed under penalty of perjury, that identifies all of CAE Counsel's Eligible Claimants.

For all CAE Counsel, such Declaration shall be in substantially the form set forth in Exhibit "A" attached hereto and shall include in both hard copy and EXCEL format, for each Eligible Claim, the following information:

- the name of the Eligible Claimant

---

³ *See* CMO 57 at ¶ 5 and Section 4.1.4 of the MSA regarding additional requirements for cases previously dismissed without prejudice.

- the address of the Eligible Claimant

- the Eligible Claimant's Date of Birth

- the Eligible Claimant's SSN

- the Eligible Claimant's cellular phone number

- The Eligible Claimant's email address, if any, and

- the Court in which the Eligible Claimant's case has been filed (if the case has been filed)

- the active or administrative docket number (if the case has been filed, including if the case was subsequently dismissed without prejudice)

- the MDL Centrality Plaintiff ID number (if the Eligible Claimant has ever been registered as an MDL Plaintiff via MDL Centrality)

***The obligation to identify all Eligible Claimants for which CAE Counsel is Primary Counsel applies regardless of whether the Eligible Claimants intend to participate in the MSA.***

*Pro Se* Eligible Claimants with CAE Claims filed in the MDL Court, the Minnesota Court, or on the Administrative Docket must submit, via MDL Centrality, a declaration, executed under penalty of perjury, with the information set forth above

concerning their own case. For all *Pro Se* Eligible Claimants, such Declaration shall be in substantially the same form set for in Exhibit B.

After CAE Counsel and any *Pro Se* Eligible Claimants comply with the obligations of this Identification Order, each Eligible Claimant shall have the opportunity to Register for the MSA, by which they will indicate their intention to opt in to the settlement procedures set forth in the Registration Forms and agreeing to receive certain money in exchange for a release and dismissal with prejudice, provide a Release to Defendants, and be bound, with their CAE Counsel, to all terms of the MSA. As set forth in the MSA, through the submission of the Registration Form by or on behalf of an Eligible Claimant, all CAE Counsel with an Interest in that Eligible Claimant agree to the obligations on CAE Counsel set forth in the MSA.

As indicated above, in identifying Eligible Claimants in the referenced Declaration, all CAE Counsel and any *Pro Se* Eligible Claimants with CAE Claims, shall certify, under penalty of perjury under the laws of the United States and of any relevant state, that he/she has identified all Eligible Claimants in which CAE Counsel serves as Primary Counsel (or, in the case of a *Pro Se* Eligible Claimant, the Eligible Claimant's own case) and that each identified Eligible Claimant is in compliance with the obligations imposed by this Identification Order. CAE Counsel and *Pro Se* Eligible Claimants have an ongoing duty to update all of the information required under this Order including, for example, when the personal information for

an Eligible Claimant is incorrect or outdated (*see* Section III). Any updated information must be served within seven (7) days of learning of such updated information, and shall be served on the Court-appointed Settlement Data Administrator through MDL Centrality who shall promptly provide such information to the Court-Appointed Settlement Administrator. All information required by this Order is necessary so that the Court-appointed Settlement Administrator can properly and timely communicate with each Eligible Claimant and their Primary Counsel regarding their opportunity to participate in the MSA via the Registration Form. In the Court's view, it is imperative to the success of this settlement program that the Settlement Administrator have an open and direct line of communication with every Eligible Claimant.

### III. DEADLINE TO FILE DECLARATION IDENTIFYING ALL ELIGIBLE CLAIMANTS WITH THE COURT.

Each Declaration required under this Order shall be submitted to the Court-appointed Settlement Data Administrator *via* MDL Centrality no later than the Reference Date, which deadline is fourteen (14) days after this Order is issued (September 12, 2023), and shall be served on the MDL PEC, MN Counsel, and the Defendants *via* MDL Centrality. The *Pro Se* Eligible Claimants shall be required to file a Declaration (*see* Exhibit B) regarding their Eligible Claim within the same time period and shall serve such Declaration on the MDL PEC, MN Counsel, and the Defendants in the same manner. CAE Counsel and *Pro Se* Eligible Claimants must

update the Settlement Administrator within 14 days of receipt of any changed personal or contact information.

### IV. SANCTIONS FOR CAE COUNSEL'S FAILURE TO INCLUDE ALL ELIGIBLE CLAIMANTS ON DECLARATION.

Failure by CAE Counsel to include on the referenced Declaration all Eligible Claimants in which CAE Counsel is Primary Counsel will be a violation of this Order and shall subject (i) such unidentified CAE Claimants to dismissal with prejudice and (ii) CAE Counsel to potential sanctions by either the MDL Court or the Minnesota Court or both.  **NOTE:  These Declarations are critical to the Court's ability to effectively administer the settlement program through the Court-appointed Settlement Administrator and the Court-appointed Settlement Data Administrator, and manage the MDL docket.  There will be NO notices of deficiency and no opportunities to cure for the failure to timely submit a Declaration.  In the event that either the MDL PEC, MN Counsel, or the Defendants believe that a Declaration submitted pursuant to this Order is in violation of this Order, they shall notify the Court and provide such information, including information from the Settlement Administrator, as may establish the violation.**

**SO ORDERED**, on this 29th day of August, 2023.

<u>*M. Casey Rodgers*</u>
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**