# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02885 |
| | Judge M. Casey Rodgers |
| | Magistrate Judge Hope T. Cannon |
| This Document Relates to: All Cases | |

## CASE MANAGEMENT ORDER NO. 61
### (Third-Party Litigation Funding)

On August 28, 2023, the parties entered into the Combat Arms Master Settlement Agreement ("MSA").[1] Subject to the terms and conditions of the MSA, Registered Claimants who successfully participate in the settlement stand to recover compensation for their alleged injuries. For at least the past decade, settlements of this size and nature have often attracted the attention of third-party litigation funding entities intending to prey on litigants, including settlement participants seeking litigation funding pending the receipt of potential settlement funds. Typically, such third-party litigation or settled case funding is made in exchange for an interest in the settlement recovery or on credit, often with exorbitant fees and rates of interest.

---

[1] The Combat Arms Master Settlement Agreement is available on the Court's public website for the 3M MDL, https://www.flnd.uscourts.gov/3m-products-liability-litigation-mdl-no-2885.

According to a December 2022 report of the United States Government Accountability Office, such funding is not only expensive for settlement participants, it "could create conflicts of interest between plaintiffs and their attorneys" and may improperly "deter plaintiffs from accepting a settlement offer because they may want to make up the amount they will be forced to repay the funder."[2]

In the context of this settlement, it is important that CAE Claimants are not exploited by predatory lending practices, such as interest rates well above market rates, which can interfere with their ability to objectively evaluate the fairness of their settlement options. Despite the absence of a disclosure requirement in the Federal Rules of Civil Procedure, federal judges can and do still obtain information about third-party litigation funding arrangements in cases filed in their courts. For example, the Advisory Committee on Civil Rules has observed that judges can obtain information about third-party funding when it is relevant in a particular case.[3] Additionally, some federal courts have formalized a requirement that litigants disclose information about their third-party litigation funding arrangements. *See*

---

[2] U.S. Gov't Accountability Off., GAO-23-105210, *Third-Party Litigation Financing: Market Characteristics, Data, and Trends* (Dec. 2022), available at https://www.gao.gov/assets/gao-23-105210.pdf.

[3] Letter from Hon. David G. Campbell, Chair, Advisory Committee on Civil Rules, to Hon. Jeffrey S. Sutton, Chair, Committee on Rules of Practice & Procedure 4 (Dec. 2, 2014), available at https://www.uscourts.gov/sites/default/files/fr_import/CV12-2014.pdf.

U.S.D.C. D.N.J. Local Civ. Rule 7.1.1, Disclosure of Third-Party Litigation Funding; U.S.D.C. N.D. Cal., Standing Order for all Judges of the Northern District of California on the Contents of Joint Case Management System, § 19 (eff. Nov. 1, 2018).

Given the number of cases in this MDL and the time, effort, and resources spent by the parties and the Court towards a successful global resolution of the litigation, the Court finds it necessary and appropriate to require CAE Counsel to disclose all third-party litigation funding agreements entered into by any CAE Claimant they represent, whether the agreement was executed before or after a settlement of the CAE Claimant's claim. The Court will review those contracts with a high degree of scrutiny.

Further, CAE Counsel under the jurisdiction of this Court are hereby notified that as of the date of entry of this Order, they must not participate in, consent to, or approve any third-party litigation funding agreement to a CAE Claimant. This includes the signing on to guarantees and/or rights of assignment that are typically required in such transactions by any such CAE Counsel. Also, as of the date of entry of this Order, no CAE Claimant may obtain third-party litigation funding, absent the filing of a motion with, and obtaining the prior approval of, this Court.

To the extent that counsel for any CAE Claimant (1) is aware of an Eligible Claimant that has received funding (or any other form of consideration) at any time

3

from any third-party in exchange for an interest in the recovery or potential recovery of the Eligible Claimant in any way related to any CAE Claim(s), CAE case(s), or any CAE counsel's fees, expenses, or costs, or (2) has, at any time, approved or signed-off on a third-party loan to a client who is an Eligible Claimant, that counsel must—within **thirty (30) days** of the entry of this order—prepare and serve a declaration upon the Court-appointed Settlement Administrator and file such declaration under seal with the Court. In the event counsel for any Eligible Claimant participated, directly or indirectly, in such funding (or any other form of consideration), such must also be disclosed.[4] The required declaration must provide all of the following information known to counsel for the Eligible Claimant:

    (1) the name of the Eligible Claimant;

    (2) the name, address, and telephone number of the lender;

    (3) the date(s) on which all loans were made;

    (4) the total amount of funding received by the Eligible Claimant;

    (5) the fees and rate(s) of interest on any funds lent; and

    (6) all other material terms of the funding arrangement.

CAE Counsel must also attach to the declaration true and correct copies of all related loan documents, including without limitation all lending or financing agreements,

---

[4] This would not include counsel's advancement of costs on behalf of the client, as is common in contingency fee contracts, but rather a loan directly to the client.

security agreements, and financial disclosures. Additionally, all CAE Counsel submitting a declaration must be prepared to discuss these third-party loans, *in camera*, at a date and time to be set by the Court.

The Court-appointed Settlement Administrator shall be required to maintain all settlement funds within the QSF related to any individual Eligible Claimants who received a loan until further order of this Court. The Court-appointed Settlement Administrator shall have no obligation to negotiate repayment of any third-party litigation or settlement loan. Any negotiation and repayment of these obligations shall remain the sole responsibility of the borrowers—Eligible Claimants and/or CAE Counsel. The Court reserves the right to consider Counsel fee agreements for any Counsel who has participated in, consented to, or approved any third party litigation funding agreement entered into by a CAE Claimant represented by Counsel.

**SO ORDERED**, on this 29th day of August, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**