## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

### CASE MANAGEMENT ORDER NO. 62

The Court anticipates that a number of cases may be removed, tagged, and transferred by the Judicial Panel on Multidistrict Litigation ("JPML") from the District of Minnesota to this MDL in connection with the Settlement Program.  This Order applies to all such cases that were or are transferred to the MDL from August 28, 2023 going forward.[1]  To the extent any such cases name multiple plaintiffs on a single complaint ("Minnesota Multi-Plaintiff Actions"), this Order amends and supersedes Pretrial Order No. 16, ECF No. 761 (severance procedures for multi-plaintiff actions) as provided below, in an effort to facilitate the Settlement.

1.    **MDL Centrality**.  Consistent with Pretrial Order No. 15, ECF No. 630, and within seven (7) days of transfer to the MDL, every individual named as a plaintiff in a transferred case to which this Order applies—including both single-

---

[1] The Court received a Conditional Transfer Order (CTO – 204) from the JPML involving 98 plaintiffs on August 28, 2023, the day before the Settlement.  *See* ECF No. 3808.  This Order will apply to those plaintiffs.

plaintiff actions and Minnesota Multi-Plaintiff Actions, *whether on the Active Docket or the Administrative Docket*—must, by counsel or *pro se*, establish a secure online portal in the MDL Centrality online system and obtain usernames, secure login passwords, and authorized email service address(es) to permit use of MDL Centrality by counsel or the plaintiff.  *See id*. at 1.  Failure to comply with this directive will result in dismissal with prejudice.

2.    **Administrative Docket Cases**.  All cases that were filed and/or served before the Settlement Date, and transferred to the MDL from the District of Minnesota between August 28, 2023 and October 2, 2023 will be added to the Administrative Docket.  Minnesota Multi-Plaintiff Actions in this category will be added to the Administrative Docket as multi-plaintiff actions and will *not* be subject to automatic severance, dismissal without prejudice, or a filing fee immediately on transfer to the MDL.  *Cf*. PTO 16, ECF No. 761 at ¶ 3.  The Administrative Docket will remain open *for this category of cases only* until **October 2, 2023**, to accommodate the JPML transfer process.[2]

---

[2] This provision does not alter the September 12, 2023 deadline for adding CAE Claims to the Administrative Docket by Eligible Claimants who retained CAE Counsel before September 13, 2022 and whose CAE Claims have been tolled, have been served but not filed, or have otherwise never been filed in any court for any reason.  *See* CMO 59 (Docketing Procedures for MSA Eligible Claimants and Administrative Docket Tolling Clarification) (Aug. 29, 2023), ECF No. 3813 at ¶ 1 (reopening Administrative Docket for 14 days from the date of CMO 59 for such Eligible Claimants).  After September 12, 2023, the Administrative Docket will be permanently closed to such CAE Claims.  *See id*.

**3.**     The following rules apply to individual plaintiffs who are added to the Administrative Docket pursuant to the immediately preceding paragraph:

**A.**     To the extent such a plaintiff is an Eligible Claimants electing to participate in the Settlement Program, he/she must fully comply with the requirements and deadlines in the Combat Arms Master Settlement Agreement and related orders of this Court, including but not limited to the obligations set forth in the Identification Order, CMO 60, ECF No. 3814, and the Settlement Implementation Order, CMO 58, ECF No. 3812.[3]  As with other newly filed and/or transferred cases, a plaintiff to whom this paragraph applies also is subject to the obligations and deadlines set forth in CMO 57 (Case Management Order for Any Ongoing Litigation Against Defendants), ECF No. 3811, from the date of transfer until the plaintiff is identified under CMO 60.  Once so identified, a plaintiff is no longer subject to CMO 57 until he/she elects not to participate in the Settlement Program, at which point, the plaintiff again becomes subject to the requirements and deadlines in CMO 57.

**B.**     Individual plaintiffs to whom this section applies who elect not to settle their claims become, as discussed above, subject to all of the requirements and deadlines in CMO 57, which includes a requirement to transition from the

---

[3] *See, e.g.*, *id.*, ECF No. 3812 at ¶¶ 1-4 (setting forth the general requirements for Eligible Claimants who wish to participate in the Settlement and be bound by the MSA); CMO 60 (Identification Order), ECF No. 3814; CMO 61 (Third-Party Litigation Funding), ECF No. 3815.

Administrative Docket to the Active Docket within fourteen (14) days of electing not to settle.  *See* CMO 57, ECF No. 3811 at 11-13.  The transition procedures for such plaintiffs are as follows.  **NOTE:  Individual plaintiffs on Minnesota Multi-Plaintiff Actions initiate a transition via a different procedure than the procedure for all single-plaintiff actions on the Administrative Docket.**

> **i.** **Single-Plaintiff Actions**.  Individual plaintiffs on a single-plaintiff complaint must transition to the Active Docket by fulfilling the requirements set forth in CMO 57.  *See id*. at 11-13.

> **ii.** **Multi-Plaintiff Actions**.  For individual plaintiffs on Minnesota Multi-Plaintiff Actions, counsel must do all of the following:

> > a.    Submit a "Request for Transition to 3M Active Docket" through MDL Centrality.  All Requests for Transition submitted pursuant to section must identify the Minnesota Multi-Plaintiff Action on which the plaintiff was originally named, its civil action number, and its original filing date. BrownGreer PLC will transmit all such notices to the Court.  For each such Request for Transition received, the Court will terminate the individual plaintiff from the original Minnesota Multi-Plaintiff Action on the Administrative Docket, assign him/her a new case number on the Active Docket, add counsel of record for the multi-plaintiff action as counsel of record for the individual case, add the original

multi-plaintiff complaint and the Request for Transition to the individual docket, and transmit a Notice of Electronic Filing ("NEF") to counsel's email address of record.

b.     After the Court's NEF advising that the individual plaintiff's case has been transitioned to the Active Docket is transmitted, counsel must file a Short Form Complaint in the approved form on the individual plaintiff's docket.  The approved Short Form Complaint is available on the Court's public website for the 3M MDL[4] and on the MDL Active Docket at ECF No. 705.  All Short Form Complaints filed pursuant to this Order must: (a) identify the Minnesota Multi-Plaintiff Action on which the plaintiff was originally named, its civil action number, and its original filing date—this information must be provided directly under the civil action number in the caption of the newly filed Short Form Complaint; and (2) be accompanied by appropriate filing fees.  Counsel also must fulfill the remaining requirements for ongoing litigation in CMO 57, including the transition requirements set forth at ¶¶ 11(b)-(e).  *See id*., ECF No. 3811 at 11-13.

c.     For Short Form Complaints timely filed *pursuant to this Order*, the filing date for the complaint will relate back to the filing date of the multi-plaintiff action on which the individual plaintiff was originally named.

**C.     Failure to Comply**.  Any individual plaintiff to whom this section applies (*i.e*., individual plaintiffs who are added to the Administrative Docket

---

[4] *See* https://www.flnd.uscourts.gov/file/master-short-form-complaint-12622-htcpdf.

pursuant to this Order) who elects not to settle and fails to timely transition his/her case and fully comply with the requirements of this Order, CMO 57, and/or any other applicable order of the Court will be dismissed with prejudice.

4.     **Active Docket Cases**.   Cases that are not on an Identification Order Declaration and/or cases filed or served after the Settlement Date will be added to the Active Docket on transfer to the MDL.  The Administrative Docket is closed and unavailable for such cases.  To the extent any such cases name multiple plaintiffs on a single complaint, they will be subject to the original PTO 16, ECF No. 761, which requires, among other things, automatic severance, dismissal without prejudice, refiling of an individual Short Form Complaint, and the payment of a filing fee by all but the first-named plaintiff (and any derivative plaintiff of the first-named plaintiff).  For Short Form Complaints timely filed *pursuant to this paragraph*, the filing date for the complaint will relate back to the filing date of the multi-plaintiff action on which the individual plaintiff was originally named.  As with other newly filed and/or transferred cases, a plaintiff to whom this paragraph applies also is subject to the obligations and deadlines set forth in CMO 57 (Case Management Order for Any Ongoing Litigation Against Defendants), ECF No. 3811, from the date of transfer unless or until the plaintiff is identified under CMO 60.  Once so identified, a plaintiff is no longer subject to CMO 57 until he/she elects not to

participate in the Settlement Program, at which point, the plaintiff again becomes

subject to the requirements and deadlines in CMO 57.

**SO ORDERED**, on this 31st day of August, 2023.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**