**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 63**
**(Amendment to CMO 62)**

To effectuate the parties' intent with respect to the Settlement, this Order amends Case Management Order No. 62, ECF No. 3827, to expand the category of Minnesota cases that may be added to the Administrative Docket between now and October 2, 2023.

1. All cases that were filed and/or served in accordance with Minnesota law on or before August 29, 2023 ("Minnesota case(s)") may be added to the Administrative Docket in the MDL between now and October 2, 2023, even if not removed and transferred by the JPML.[1] This includes cases dismissed without

---

[1] Under Minnesota law, a party may commence a civil action simply by serving a summons and complaint on the defendant, without first filing the complaint with a court. *See* Minn. R. Civ. P. 3.01 (2020); *see also Gams v. Houghton*, 884 N.W.2d 611, 614 (Minn. 2016). Unless the parties stipulate otherwise, a non-family action commenced in this manner must be filed with a court within one year of its commencement or it is deemed dismissed with prejudice. *See* Minn. R. Civ. P. 5.04; *see also MCHS Red Wing v. Converse*, 961 N.W.2d 780, 783 (Minn. Ct. App. 2021). This so-called pocket service "is a long-standing Minnesota practice," *Gams,* 884 N.W.2d at 614, that "facilitate[s] informal dispute resolution before a case is filed," "allow[ing] litigation to be resolved without taking up court resources," *MCHS Red Wing*, 961 N.W.2d at 784-85.

prejudice in Minnesota court between those dates. This Order does *not* apply to cases filed and/or served in Minnesota after August 29, 2023.

    2.    MDL Centrality. Consistent with Pretrial Order No. 15, ECF No. 630, every individual who will be added to the Administrative Docket pursuant to this Order must, by counsel or *pro se*, establish a secure online portal in the MDL Centrality online system and obtain usernames, secure login passwords, and authorized email service address(es) to permit use of MDL Centrality by counsel or the plaintiff. *See id*. at 1. Failure to comply with this directive will result in dismissal with prejudice.

    3.    To add a qualifying Minnesota case to the Administrative Docket, a plaintiff must submit an individual Short Form Complaint via MDL Centrality in accordance with the submission procedures previously established by BrownGreer PLC. *See* ECF No. 898 at 4. All Short Form Complaints submitted pursuant to this paragraph must identify the Minnesota action on which the plaintiff was originally named, its civil action number, and its original filing date. BrownGreer PLC will transmit all such Short Form Complaints to the Clerk's Office. For each Short Form Complaint received, the Clerk's Office will create an individual case, assign it a case number, and associate the case with the Administrative Docket.

    4.    No multi-plaintiff actions may be added to the Administrative Docket in connection with this Order. Only cases transferred in by the JPML may be filed

on the Administrative Docket as multi-plaintiff actions. For cases filed (and later dismissed without prejudice) and/or served as multi-plaintiff actions in Minnesota, each individual plaintiff named on the original complaint in Minnesota must submit a separate Short Form Complaint via MDL Centrality.

5. For Short Form Complaints timely filed pursuant to this Order, the filing date for the complaint will relate back to the filing or service date of the original Minnesota case in which the individual plaintiff was originally named.

6. Any Eligible Claimant who is added to the Administrative Docket in accordance with this Order must fully comply with the requirements of the MSA and the orders of this Court, including fulfilling the obligations set forth in the Identification Order and the Settlement Implementation Order. Any such Eligible Claimant who elects not to settle his/her claims must transition from the Administrative Docket to the Active Docket according to the deadlines and procedures set forth in Case Management Order No. 57 ("CMO 57"). The cases of Eligible Claimants who elect not to settle but fail to timely transition to the Active Docket and/or fail to fully comply with CMO 57 will be dismissed with prejudice.

**SO ORDERED**, on this 1st day of September, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**