UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 67**
**(Common Benefit Time & Expenses for**
**Settlement Implementation & Administration)**

Achieving the goals of the Settlement Program will require considerable time and effort from all plaintiffs' attorneys in this litigation, as well as the Special Masters. This Order expressly limits the extent to which work performed and/or expenses incurred in furtherance of the Settlement Program are eligible for common benefit consideration.

Common benefit time and expenses in connection with the Settlement Program fall into one of two categories, either Settlement Implementation or Settlement Administration. Settlement Implementation refers to authorized time and expenses involved in establishing the Settlement Program, which includes negotiating and finalizing the Master Settlement Agreements, communicating with counsel about the Settlement Program, working with ARCHER Systems, LLC and BrownGreer PLC to launch the Settlement Program, and similar work performed on

or before Case Management Conference No. 23 on September 8, 2023. Firms that were authorized to perform Settlement Implementation work during the relevant period may submit the associated time and expenses for common benefit consideration.

Settlement Administration, in contrast, encompasses authorized work performed and expenses incurred in connection with administering the Settlement Program after September 8, 2023. Consistent with Case Management Order No. 66, which terminated the plaintiff leadership structure, only the following firms are authorized to perform common benefit work and incur common benefit expenses in connection with the administration of the Settlement Program for this litigation, including work required for the stock transfer and the anticipated fairness hearing: Aylstock, Witkin, Kreis & Overholtz, PLLC; Seeger Weiss LLP; Pittman Dutton Hellums Bradley & Mann, P.C.; and Cory Watson.

To the extent issues and/or disputes arise related to the Combat Arms Master Settlement Agreement ("MSA"), work performed and expenses incurred by individual members of the "Negotiating Plaintiffs' Counsel" (as defined in the MSA) in connection with resolving such issues and/or disputes is authorized common benefit work. Additionally, Special Master David R. Herndon is authorized to perform settlement administration work, to the extent necessary, and his work in that regard will be paid from the Common Benefit Qualified Settlement Fund.

**No other firms or individual attorneys may perform work or incur expenses for common benefit consideration after the date of this Order, unless expressly preauthorized by the Court**.

As set forth in prior Orders, Special Master Herndon will prepare a Report and Recommendation for the Court regarding common benefit fee allocations, with the assistance of Special Master Randall Sansom, CPA, according to protocols and procedures that will be established by separate order. *See* Common Benefit Order Nos. 2 & 3, ECF No. 900 & 1659. Special Masters Herndon and Sansom's time and expenses in fulfilling these roles will be paid from the Common Benefit Qualified Settlement Fund. Individual lawyers' time and/or expenses incurred in connection with preparing and/or presenting a claim for compensation and/or reimbursement from the Common Benefit Qualified Settlement Fund is not compensable as common benefit work.

**SO ORDERED**, on this 11th day of September, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**