# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## CASE MANAGEMENT ORDER NO. 77
### (Loss of Consortium Claim Identification)

In order to successfully administer the settlement program, an accurate and complete inventory of existing spousal loss of consortium claims ("LOC") is required. At this time, the Court has identified 8,549 claimants who named a spouse as a LOC claimant in their Short Form Complaints ("SFC"); those claimants are identified on Exhibit A. There may be others, however, given the immense number of SFCs and amended SFCs filed during the course of the litigation. The absence of a complete inventory of LOC claims is creating obstacles to effective and efficient settlement administration, and in particular, the registration process. Registration for an Eligible Claimant with a spousal LOC claim is not complete—meaning the Eligible Claimant ***cannot*** become a Registered Claimant and participate in the settlement program—unless and until the spousal LOC claim is resolved. Without a LOC claims inventory, the parties, the Settlement Data Administrator, and the Court must comb the active and administrative dockets for each Eligible Claimant's

operative SFC, determine whether a spousal LOC claim was properly pled, and if so, ascertain whether the LOC claim was subsequently dismissed or the spouse complied with registration requirements by personally executing a release. In an MDL of this magnitude, truffle hunting expeditions of that nature are inefficient and unacceptable, particularly at this stage of the litigation. Instead, this Order requires **_ALL_** Primary Counsel to identify **_ALL_** of their Eligible Claimants with a pending spousal LOC claim by emailing the following information to the Settlement Data Administrator, BrownGreer PLC, at 3MCAEDataAdmin@browngreer.com by **December 7, 2023**:

- the Eligible Claimant's name
- the Eligible Claimant's MDL-Centrality Plaintiff Identification Number (PID)
- the Eligible Claimant's individual case number on either the active or administrative docket
- the document/ECF number on the Eligible Claimant's individual docket that corresponds with the *operative* SFC that includes the LOC claim
- the first and last name of the Eligible Claimant's spouse

For the avoidance of doubt, this Order requires that the above information be emailed by Primary Counsel to the Settlement Data Administrator for **_every_** pending spousal LOC claim, whether or not the spousal LOC claim is listed on Exhibit A. To the extent Primary Counsel has determined that an existing spousal LOC claim will not be further pursued, counsel must both: (a) identify the LOC claim by timely

emailing the above information to the Settlement Data Administrator; and (b) file a stipulated dismissal with prejudice of the LOC claim consistent with Case Management Order No. 76, ECF No. 3939.  **Failure to timely email the required information for a spousal LOC claim that is pending as of the date of this Order—regardless of whether or not the LOC claim is currently known to the Court and listed on Exhibit A—will result in dismissal with prejudice of that spousal LOC claim**.

      **SO ORDERED**, on this 30th day of November, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**