UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 80**
**(Amendment to CMO 57 for Opt-Out Litigating Plaintiffs)**

As the registration process for MSA I Eligible Claimants has progressed, a number of Claimants have inadvertently submitted Registration Forms electing to opt out of the settlement and continue litigating against the defendants when they actually intended to elect to participate in the settlement program. Those errors have been subsequently corrected with the assistance of Primary Counsel and the Settlement Administrator; however, in the interim, complications arise because the Claimants become subject to the deadlines set forth in Case Management Order No. 57 (Ongoing Litigation Against Defendants), ECF No. 3811, from the date of the election not to settle.[1] The consequence for failure to "strictly comply" with CMO 57 deadlines is dismissal with prejudice of a Claimant's case. *See id*. at 32.

---

[1] CMO 57 requires, among other things: (1) transition to the active docket (for cases originally filed on the administrative docket) within 14 days of the election not to settle; (2) preservation notices and production of documents/information within 30 days of the election; (3) service of a Rule 26(a)(2) expert report addressing specified issues and accompanied by medical records within 60 days of the election; (4) an in-person status conference before the Court in

This Order sets a deadline for correcting erroneous opt-out elections for purposes of CMO 57, and amends the corresponding CMO 57 deadlines for MSA I Eligible Claimants who ultimately maintain their election not to participate in the settlement program, as follows:

1. Claimants who initially submitted a Registration Form electing not to participate in the settlement program but who wish to change that election and instead participate in the settlement must notify the Settlement Administrator and make the change to their Registration Form by **January 15, 2024**. The deadlines set forth in CMO 57 are suspended through January 15, 2024 to facilitate the process of correcting erroneous opt-out elections.

2. Claimants who initially elected not to participate in the settlement and who do not change that election through the Settlement Administrator by January 15, 2024 become subject to the requirements of CMO 57 as of that date. The deadlines for those Claimants' compliance with CMO 57 are modified as follows:

   a. Cases originally filed on the administrative docket must be transitioned to the active docket pursuant to the procedures set forth in CMO 57, ECF No. 3811 at 11-13, by **January 22, 2024**.

---

Pensacola, Florida within 60 days of the election; and (5) mediation within 90 days of fulfilling the production and expert requirements. *See* ECF No. 3811.

      b.    All other deadlines in CMO 57 (*e.g.*, production, preservation, status conference, mediation) are amended to run from **January 22, 2024**.

    3.    In all other respects, CMO 57 remains the same.

    4.    Failure to strictly comply with the amended deadlines in this Order, or with the requirements of CMO 57, will result in dismissal with prejudice of a Claimant's case without further notice.

**SO ORDERED**, on this 28th day of December, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**