UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# ORDER

Before the Court is a Report and Recommendation regarding Held Costs submitted by The Honorable David R. Herndon (ret.), Special Master. *See* ECF No. 3982. Plaintiffs were furnished a copy of the Report and Recommendation and were afforded an opportunity to file objections pursuant to Federal Rule of Civil Procedure 53(f)(1). No objections were filed.

On *de novo* review, the Court finds Judge Herndon's findings and recommendation amply supported by the record. Briefly, Held Costs are expenses that plaintiff leadership law firms reasonably incurred in furtherance of their work for the benefit of all plaintiffs but which were "held" by the firms for potential reimbursement if and when the litigation resulted in an outcome favorable to plaintiffs. *See* Common Benefit Order No. 1, ECF No. 488 at 14-15. Held Costs include expenses for travel, hotel accommodations, mileage, shipping and couriers, copying, and computerized legal research, among other things—the myriad of

expenses necessary for the plaintiff leadership team to effectively and efficiently coordinate and pursue this massive litigation. *See id*. at 14-18. Much like capital contributions, the firms' fronted Held Costs were at great risk of never being reimbursed. Now that a global settlement has been achieved, the firms are entitled to full reimbursement.

For the entire nearly five-year course of the litigation, all Held Costs were subject to centralized reporting and documentation requirements, involving contemporaneous review of expense submissions for compliance with court orders, and monthly audit reports to the Court, by Common Benefit Fund Special Master/CPA Randall Sansom. Because of that rigorous process, the Court is confident in the legitimacy and accuracy of the final certified amounts of Held Costs for each plaintiff leadership firm as set forth on the attached Exhibit A.[1] The fact that there were no objections Judge Herndon's recommendations is a testament both to the reasonableness of the Certified Amount of Held Costs reimbursements, and to the exceptional review process conducted by Special Master Sansom.

Based on the foregoing, it is **ORDERED** that:

1. Judge Herndon's Report and Recommendation, ECF No. 3982, is hereby **ADOPTED** and incorporated by reference in this Order, and the recommended reimbursement of the "Certified Amount" of Held Costs

---

[1] Exhibit A to this Order differs from, replaces, and supersedes the Exhibit A attached to Judge Herndon's Report and Recommendation. The attached Exhibit A deducts Held Costs that have already been reimbursed to the law firms in connection with the Aearo defendants' now-dismissed bankruptcy proceeding in the Southern District of Indiana, ensuring that no Held Costs are duplicated for reimbursement.

    for each plaintiff leadership law firm set forth on the attached Exhibit A is **APPROVED**.

2.    QSF Co-Administrator Randall Sansom is directed to promptly reimburse each leadership firm's "Certified Amount" of Held Costs in accordance with the certification chart set forth on the attached Exhibit A, and immediately advise the Court when the reimbursements are complete.

**SO ORDERED**, on this 23rd day of January, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**