# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## CASE MANAGEMENT ORDER NO. 87
### (Amendment to CMO 57 Regarding Expert Reports)

Litigating Plaintiffs—i.e., Claimants who have chosen to opt out from or are ineligible for the Settlement Program in this MDL—are required to submit Fed. R. Civ. P. 26 expert reports within 60 days of electing not to settle or filing/transferring a case into this MDL.  *See* Case Management Order ("CMO") 57, ECF No. 3811 at 30–31.  There is also a 30-day Cure Period applicable for those expert reports.  *See id.* at 31 ("Any Plaintiff[] who fails to fully comply with the requirements of Sections IV, V, and VIII shall be given notice by MDL Centrality, email, or fax from Defendants' Counsel and shall be provided thirty (30) additional days to cure such deficiency ('Cure Period').").

As Litigating Plaintiffs may view this Cure Period as a constructive 30-day extension to their 60-day deadline, the Court now enters this Order to clarify the expert report deadline in CMO 57:

1.	The existence of a Cure Period for Fed. R. Civ. P. 26 expert reports required under Section V (¶¶ 25–27) of CMO 57 does not imply that Litigating Plaintiffs can completely fail to submit any expert report(s) within the applicable 60-day deadlines under Section VII (¶¶ 29–30) of CMO 57 and avoid dismissal for noncompliance with CMO 57.  In other words, the Cure Period for expert reports does not function as an automatic 30-day extension if Litigating Plaintiffs fail to submit expert reports for all or some of their experts.  Litigating Plaintiffs must submit Fed. R. Civ. P. 26 expert reports for all experts required by Section V (¶¶ 25–27) of CMO 57 within the 60-day period under Section VII (¶¶ 29–30) of CMO 57.  The Cure Period is meant to address curable deficiencies *within those reports* (e.g., report omits a statement of compensation for testimony in the case)—not the wholesale absence of reports.

2.	In all other respects, CMO 57, as modified by any subsequent CMO, remains the same.

3.	Failure to strictly comply with this Order, or with the requirements of CMO 57, will result in dismissal with prejudice of a Claimant's case without further notice.

**SO ORDERED**, on this 2nd day of April, 2024.

<u>*M. Casey Rodgers*</u>
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**