UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**ORDER AUTHORIZING THE PRODUCTION OF**
**MDL DOCUMENTS IN INSURANCE COVERAGE PROCEEDINGS**

Negotiating Plaintiffs' Counsel ("NPC") and Defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC (collectively "Defendants") have informed the Court that Defendants' insurers and reinsurers are seeking documents and information produced by or otherwise relied on by Plaintiffs in this matter. This includes documents and information designated "Confidential," "Highly Confidential," and the like (hereinafter termed "Protected Material") for which this Court has found special protection from public disclosure to be warranted.

This Court has issued a number of Orders governing the treatment of Protected Material in these MDL proceedings, including Pretrial Order No. 9 - Stipulated Order Governing Confidentiality and Privilege (hereinafter "Pretrial Order No. 9," ECF No. 442), and this Court's Privacy Act Orders, all of which remain in full force

and effect. The Court recognizes that, pursuant to the Parties' written agreement of January 19, 2021, Defendants' insurers and insurance counsel are considered "qualified persons" under Section V.B.i of Pretrial Order No. 9 and are thus permitted access to Plaintiffs' Confidential information under Pretrial Order No. 9. The Court also recognizes that, consistent with Section XII of Pretrial Order No. 9, Plaintiffs may consent to the sharing of their own Protected Material with third parties outside of these MDL proceedings.

Given the number of Plaintiffs in these MDL proceedings, the volume of documents and information sought to be shared (approximately six terabytes of data), and the presence of highly sensitive Protected Material, including records subject to the Privacy Act and other federal statutes, the disclosure of such Protected Material shall be subject to appropriate limitations and protections.

I. **CONSIDERATIONS GOVERNING THE DISCLOSURE OF PLAINTIFFS' PROTECTED MATERIAL**

The Court finds that the Plaintiffs' Protected Material may be appropriately disclosed to Defendants' insurers and reinsurers in circumstances where: (1) the production is subject to Protective Orders and/or Confidentiality Agreements in place between Defendants and their insurers and reinsurers that offer protections commensurate with the protections afforded such Protected Material under the Orders governing confidentiality in this matter; (2) the Protected Material is used by Defendants and their insurers and reinsurers solely in connection with resolving

Defendants' rights to insurance recovery for the Combat Arms Earplug Litigation; (3) access to the Protected Material is appropriately limited to Defendants, their insurers and reinsurers, their counsel, and other individuals assisting those parties in the resolution of Defendants' coverage claims to whom disclosure is reasonably necessary; and (4) this Court retains jurisdiction to enforce its Orders governing confidentiality in this matter, including with respect to any party or non-party's unauthorized disclosure of records originally produced by federal government agencies under order of this Court, and more specifically, Defendants and their insurers and reinsurers recognize and accept the Court's jurisdiction in this regard.

II. **DISCLOSURE OF PLAINTIFFS' PROTECTED MATERIAL IN THE DELAWARE COVERAGE LITIGATION**

The Court finds that the above conditions governing the disclosure of Plaintiffs' Protected Material have been met with respect to the anticipated production of Plaintiffs' Protected Material in the matter *Aearo Technologies LLC, et al. v. ACE American Insurance Company, et al.*, Case No. N23C-06-255 SKR (CCLD), for the following reasons:

  a) The Delaware Superior Court's Order Governing the Production and Exchange of Confidential Information, appended to this Order as Exhibit A (hereinafter the "Delaware Protective Order") broadly protects as "Confidential Information" non-public information "that reflects, constitutes, discloses, or contains personal, business, financial, or

economic information, including competitively sensitive information, personnel information, personal financial information, and/or personal health information, that would ordinarily be maintained in confidence," including where the Producing Party is "required to keep such information confidential by agreement or law." *See* Delaware Protective Order ¶ 2. Plaintiffs' Protected Material qualifies as "Confidential Information" under the terms of the Delaware Protective Order.

b) The Delaware Protective Order provides that non-public Protected Material originally produced in these MDL proceedings may be re-produced "as is" with respect to redactions and designations, and will maintain its protected status and be treated as "Confidential Information" in the Delaware litigation absent a successfully adjudicated challenge to the document's protected status. *See* ¶¶ 3, 5, 23. Defendants have confirmed that Plaintiffs' Protected Material will be produced "as is" and that redactions and designations will be maintained and shall not be removed absent further Court Order or by the agreement (if appropriate) of the party that designated or redacted the information.

c) The Delaware Protective Order limits access to Confidential Information in a manner that is similar in scope to the access limitations set forth in this Court's Pretrial Order No. 9, with only minor differences (*e.g.*, both Orders

permit disclosure to outside counsel, professional vendors, mediators, court personnel, party employees, experts, consultants, and witnesses, and the Delaware Protective Order also permits limited disclosures to regulators, auditors, or reinsurers only as necessary, and with the requirement that those third parties maintain the confidentiality of such information consistent with the terms of the Delaware Protective Order). *See* Delaware Protective Order ¶ 7; Pretrial Order No. 9 at V.B.

d) The Delaware Protective Order places scope limitations on the use of Confidential Information, providing that Confidential Information "shall be used solely for purposes of litigation in this Litigation and evaluation and consideration of coverage" absent Court Order or written permission (which written permission would need to be obtained from the Plaintiffs who originally produced the Protected Material or, in the case of documents produced by federal governmental agencies, the agencies). *See* Delaware Protective Order ¶ 7.

e) The Delaware Protective Order requires, with limited exceptions, that Confidential Information be destroyed within sixty calendar days of the final termination of the Delaware litigation. *See* Delaware Protective Order ¶¶ 33–34.

### III. REVIEW OF NON-DESIGNATED AND NON-REDACTED DOCUMENTS PRIOR TO PUBLIC DISCLOSURE

The Court recognizes the possibility that Plaintiffs inadvertently failed to appropriately designate and/or redact one or more documents in the course of their original production. In recognition of this possibility, any litigant that seeks to publicly file Plaintiffs' reproduced documents and information must exercise caution and redact all personal health information, personally identifying information, and any other information that requires redaction pursuant to applicable law and the Delaware Protective Order or other Protective Order in place in the legal proceedings between Defendants and their insurers and reinsurers.

### IV. OTHER PERMISSIBLE DISCLOSURES OF PLAINTIFFS' PROTECTED MATERIAL

#### A. Legal Proceedings

The Court recognizes that there may be other future legal proceedings between Defendants and their insurers and reinsurers, including confidential arbitration proceedings occurring outside of the United States, in which the disclosure or use of Plaintiffs' Protected Material may be sought for the purpose of resolving Defendants' claims for insurance recovery for the Combat Arms Earplug Litigation.

To use Plaintiffs' Protected Material in such legal proceedings, Defendants and NPC must file a Proposed Order Authorizing The Release of Plaintiffs' Protected Material in this matter, which shall identify the legal proceedings, set forth

in general terms the documents to be disclosed, and identify the protections in place governing the production of Plaintiffs' Protected Material, consistent with Sections I and II above. The Court will authorize the release of Plaintiffs' Protected Material only if it finds that the Protected Material will receive protections commensurate with the protections afforded such Protected Material under the Orders governing confidentiality in this matter.

### B. Disclosures Outside of Legal Proceedings

Outside of the legal proceedings addressed above, Plaintiffs retain the right to share their own Protected Material with third parties, including with Defendants' insurers and reinsurers who are still evaluating coverage for the Combat Arms Earplug Litigation and are not seeking to use such material in litigation or arbitration. Plaintiffs can share their Protected Material (and have done so) while maintaining the protections afforded those documents in this matter, by requiring that the recipient sign Exhibit A to Pretrial Order No. 9 (as counsel for many of Defendants' insurers have done).

The Court recognizes that certain non-U.S. insurers and/or reinsurers contend that they are not subject to the jurisdiction of any U.S. state or federal court and have refused to sign Exhibit A to Pretrial Order No. 9, yet seek access to certain Plaintiffs' Protected Material solely for the purpose of evaluating the Combat Arms Earplug claims and insurance and reinsurance coverage for the same and not for use in

litigation or arbitration. Defendants may facilitate the sharing of Plaintiffs' Protected Material with insurers and reinsurers outside of litigation proceedings, for the sole purpose of insurers' evaluation of the Combat Arms Earplug claims and insurance coverage, provided that the sharing is undertaken pursuant to a Confidentiality Agreement that permits re-production of the Protected Material "as is," and that provides for protections against disclosure, a dispute resolution mechanism providing for litigation or arbitration in the event of a breach, and access and use limitations, commensurate with the limitations set forth in this Court's Pretrial Order No. 9 and/or the Delaware Protective Order. In the event of any breach of any Confidentiality Agreement affecting Plaintiffs' Protected Material by any insurer or reinsurer, Defendants shall promptly notify this Court of the breach, the breaching party or parties, and the steps being taken to rectify the breach.

**SO ORDERED**, on this 16th day of May, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**