# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION** | Case No. 3:19-md-2885 |
| This Document Relates to: *Jonathan Swaim*, 8:20-cv-34303 *Timothy Bush*, 8:20-cv-34531 *Ross Forrest*, 8:20-cv-34768 *Ivy Campbell*, 8:20-cv-34949 *Michael Hejmanowski*, 8:20-cv-35070 *Justin Mcshan*, 7:20-cv-30099 *Tyler Frey*, 8:20-cv-35326 *Gary Bergeron*, 8:20-cv-35336 *Mark Norman*, 8:20-cv-35704 *Willie Humes*, 8:20-cv-35794 *Terry Armstrong*, 8:20-cv-35815 *Dwan Jacobs*, 8:20-cv-35463 *Blaine Mott*, 7:21-cv-05210 *Steadman Friday*, 7:21-cv-05264 *Derrell Derouen*, 7:23-cv-03557 *Robert Williams*, 3:22-cv-24152 | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

## DEFENDANT 3M COMPANY'S REPLY TO RESPONSE TO ORDER TO SHOW CAUSE

3M respectfully submits the following reply in response to this Court's Order of May 17, 2024. The Court asked for 3M's reply to Plaintiff counsel's response to the Court's Order to Show Cause, "primarily on the issue of whether 3M considers the subject Releases enforceable and thus acceptable in the context of the Settlement Program."

I.  **Morris Bart Cases[1]**

A. **Plaintiffs' Counsel Provided New Releases**

BrownGreer PLC ("BrownGreer") and 3M have been provided releases signed by 14 of the 15 Plaintiffs represented by Morris Bart and at issue in this Order to Show Cause. These releases are wet signed by each Plaintiff and accompanied by a copy of government-issued photo identification. Accordingly, those releases are acceptable to 3M. 3M also understands that Plaintiffs' counsel is continuing its efforts to obtain the last release executed by Dwan Jacobs.

The provision of claimant-signed releases somewhat moots the issue of whether the prior set of attorney-signed releases are acceptable to 3M but, consistent with the Order to Show Cause, 3M also provides its response to that issue to the extent the Court still deems it live.

Plaintiffs' counsel also reached out to 3M's counsel and offered to provide the affidavits filed under seal in their response to the Court's Order to Show Cause subject to 3M's agreement that it would not waive any attorney-client privilege, which 3M provided. The affidavits from 14 of the Plaintiffs indicate that they were

---

[1] Morris Bart is Plaintiffs' counsel of record in the following 15 cases subject to the Court's Order to Show Cause: *Jonathan Swaim*, 8:20-cv-34303; *Timothy Bush*, 8:20-cv-34531; *Ross Forrest*, 8:20-cv-34768; *Ivy Campbell*, 8:20-cv-34949; *Michael Hejmanowski*, 8:20-cv-35070; *Justin Mcshan*, 7:20-cv-30099; *Tyler Frey*, 8:20-cv-35326; *Gary Bergeron*, 8:20-cv-35336; *Mark Norman*, 8:20-cv-35704; *Willie Humes*, 8:20-cv-35794; *Terry Armstrong*, 8:20-cv-35815; *Dwan Jacobs*, 8:20-cv-35463; *Blaine Mott*, 7:21-cv-05210; *Steadman Friday*, 7:21-cv-05264; and *Derrell Derouen*, 7:23-cv-03557.

2

not able to complete the online registration and release by the January 25, 2024 deadline and that they instructed their attorneys at Morris Bart to do so for them. Counsel's affidavit regarding the one Plaintiff who did not submit an affidavit (Dwan Jacobs) explains the circumstances regarding that Plaintiff's difficulties in providing a release and her intention to have her counsel accept the settlement for her.

While there may be a question whether the releases as originally signed by counsel are enforceable under New York law (discussed below), the newly provided, "cured" releases signed by 14 of the Plaintiffs and the expectation of receiving a signed release from Ms. Jacobs would resolve any questions about enforceability. As a result and subject to the Court's direction, 3M is prepared to accept the newly executed releases (including the expected release from Ms. Jacobs) as cures so that these Plaintiffs may participate in the settlement.

**B. Enforceability of the Initial Releases**

In response to the Court's question as to whether 3M views the subject releases as enforceable and acceptable, had 3M received the initial releases and the information contained in Plaintiff counsels' response brief (*i.e.*, an explanation that Plaintiffs' counsel was signing on behalf of the Plaintiffs at their direct instruction and due to each Plaintiff's inability to execute the release personally by the deadline), it would have treated the releases as deficient but curable. 3M would have

treated the releases as deficient because it is not clear under New York law that the releases as initially executed would have been enforceable.

The Master Settlement Agreement states that "[t]he substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of this Settlement." MSA § 17.5. And the Releases state that New York law will apply:

> GOVERNING LAW: THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

Release of All Claims at 23.

Although 3M did not locate a New York equivalent to the doctrine of amanuensis as recognized under Louisiana law, there is authority suggesting that courts applying New York law would provide Plaintiffs an opportunity to cure the releases under these circumstances.[2] For example, when a party's lawyer signed a release and "did not provide the Court (or opposing counsel) with documentation indicating that he or the firm had the authority to sign the release," the court directed

---

[2] Plaintiffs cite *Wyman v. The Sprott*, 70 F.3d 327 (S.D.N.Y. 1895) for support that a New York court would recognize amanuensis. That case involved bills of lading executed by charterers of a ship and the loss of hay bales. The court held that, based on the testimony of the captain regarding the knowledge that the charterers of the ship were executing bills of lading on his behalf and in his presence, the charterers had the authority to sign bills of lading on his behalf. The court noted that the charters acted as the captain's "amanuenses." Aside from being over 100 years old, the case does not provide meaningful support for the proposition that New York courts would permit attorneys to execute releases on behalf of their clients.

counsel to furnish a release executed by a proper representative or one signed by counsel and "accompanied by an affidavit from the [releasor] granting the [releasor's] attorney authority to sign the release." *State Farm*, 2006 WL 1993766, at *2 ("This is in part why, as a practical and prudent practice, most attorneys have their clients execute general releases."); *see also Ortiz v. Brooks*, 23 N.Y.S.3d 387, 388–89 (N.Y. App. Div. 2016) (upholding release signed by attorney where plaintiff signed a power of attorney that "granted [the attorney] the authority to 'execute general and trust release . . . throughout the life of [the plaintiff's] case'").

Now that 3M has received releases signed by 14 of the 15 Morris Bart Plaintiffs and understands that counsel is working to obtain the release from Ms. Jacobs, the question of enforceability should be moot. For the releases personally signed by 14 of the Plaintiffs, 3M fully expects that a court applying New York law would enforce them. And, based on the information provided by Plaintiffs' counsel, 3M has no objection to counsel having additional time to obtain the signed release from Ms. Jacobs.

II. *Robert Williams*, Case No. 3:22-cv-24152

As to the *Robert Williams* case, Plaintiff's counsel included in their response to the Court's Order to Show Cause an excerpt from a power of attorney that they state was signed by the Plaintiff. The first sentence quoted from the power of attorney provides that "No settlement shall be made without Client's approval and

5

permission." ECF No. 4044, ¶ 11. Plaintiff's counsel states that they were unable to reach Mr. Williams regarding the settlement and release. *Id.* ¶ 6. Under New York law, "[a] power of attorney should be construed according to the natural meaning of its words, bearing in mind the purpose of the agency." *Alizio v. Perpignano*, 666 N.Y.S.2d 39 (Mem.) (N.Y. App. Div. 1997). Thus, in light of the plain meaning of the power of attorney quoted by Plaintiff's counsel, 3M does not believe that the Release signed by Plaintiffs' counsel would be enforceable under New York law. 3M recognizes that the Court dismissed this case with prejudice in February—and Mr. Williams did not appeal the dismissal order—so it does not expect that the case could be included in the settlement or that there would be any challenge as to the enforceability of the release.

Dated: May 23, 2024                              Respectfully submitted,

/s/ *Charles F. Beall, Jr.*
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Larry Hill
Florida Bar No. 173908
lhill@mhw.law.com
MOORE, HILL &
WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

*Counsel for Defendants, 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 1049 words.

| | |
|---|---|
| Dated: May 23, 2024 | /s/ *Charles F. Beall, Jr.* |
| | Charles F. Beall, Jr. |
| | Florida Bar No. 66494 |
| | cbeall@mhw-law.com |
| | Larry Hill |
| | Florida Bar No. 173908 |
| | lhill@mhw.law.com |
| | MOORE, HILL & WESTMORELAND, P.A. |
| | 350 West Cedar Street |
| | Maritime Place, Suite 100 |
| | Pensacola FL 32502 |
| | Telephone: (850) 434-3541 |

*Counsel for Defendants, 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY this 23 day of May, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

| | |
|---|---|
| Dated: May 23, 2024 | /s/ *Charles F. Beall, Jr.* <br> Charles F. Beall, Jr. <br><br> *Counsel for Defendants, 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC* |