UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Jonathan Swaim,* 8:20-cv-34303<br>*Timothy Bush,* 8:20-cv-34531<br>*Ross Forrest,* 8:20-cv-34768<br>*Ivy Campbell,* 8:20-cv-34949<br>*Michael Hejmanowski,* 8:20-cv-35070<br>*Justin Mcshan,* 7:20-cv-30099<br>*Tyler Frey,* 8:20-cv-35326<br>*Gary Bergeron,* 8:20-cv-35336<br>*Mark Norman,* 8:20-cv-35704<br>*Willie Humes,* 8:20-cv-35794<br>*Terry Armstrong,* 8:20-cv-35815<br>*Dwan Jacobs,* 8:20-cv-35463<br>*Blaine Mott,* 7:21-cv-05210<br>*Steadman Friday,* 7:21-cv-05264<br>*Derrell Derouen,* 7:23-cv-03557<br>*Robert Williams,* 3:22-cv-24152 | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# **ORDER**

On May 1, 2024, the Court directed the two Primary Counsel for the above claimants; i.e. Morris Bart, LLC, and Brett Coon and Associates, to show cause as to whether their claimants' Settlement Program Releases comply with the terms of MSA I and CMO 58, and, if not, why sanctions should not be imposed for their submission of a fraudulent Release. *See* ECF No. 4040. In responding, the two Primary Counsel admitted they signed the Releases on behalf of their respective

claimants but proffered several different explanations for why the Releases are not fraudulent. See ECF Nos. 4044, 4048. The Court asked 3M for its position on the matter, and 3M responded that 14 of the 16 Releases have been cured by Morris Bart's submission of a new "wet signed" signature for each of these claimants, accompanied by a government-issued photo ID.[1] ECF Nos. 4053, 4059; see also MSA I, ECF No. 3809 § 5.3. In 3M's view, the question of whether the counsel-signed Releases for these claimants are enforceable is now moot. The Court agrees and elects not to impose sanctions.

Notwithstanding, it is worth noting that, had Primary Counsel not cured the deficiency by providing the "wet signatures," the Releases as signed by Counsel would not have been accepted by 3M and these claimants would not be eligible for the Settlement Program and their cases would be subject to dismissal. Out of the 252,943 claimants participating in the Settlement Program—represented by 339 different Primary Counsel firms—only these *two* firms signed Releases for their clients. This was obviously improper as part of the Settlement Program (as shown

---

[1] As of the date of this order, Primary Counsel, Morris Bart is still attempting to obtain a signed Release from its client, Dwan Jacobs, 8:20-cv-35463. 3M has stated that it will accept Jacobs' expected Release once a valid signature is obtained. See ECF No. 4059. This Court will set a deadline for the submission of this Release by separate order.

The remaining claimant at issue, Robert Williams, 3:22-cv-24152, is represented by the other Primary Counsel, Brett Coon and Associates. Williams' case was dismissed with prejudice in February and the dismissal order has not been appealed. Williams is not eligible for the Settlement Program and the Court considers the matter of his Release moot and resolved. See id; see also ECF No. 4020. No sanctions will be imposed.

by the 337 firms that did it correctly), given that the Releases contain waivers, agreements, representations, and acknowledgements that must be personally made by the claimant. Had the other 337 law firms done the same thing, this Settlement Program would have been over before it started.

**SO ORDERED**, on this 31st day of May, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**