UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

### DEFENDANTS' THIRD STATUS REPORT ON INSURANCE COVERAGE PROCEEDINGS

Pursuant to the Court's May 8, 2024 Order, Defendants submit this status report summarizing insurance-related developments since Defendants' second status report on July 1, 2024.

### I.  Settlement Progress Since Last Report

Since the July 1 report, Defendants have made additional progress on their insurance recovery efforts by reaching settlements with additional insurers regarding coverage for the $6.01 billion global settlement.  Additionally, since the July 1 report, two insurers have paid their full limits of liability under five insurance policies toward the settlement.  These insurance recoveries have been or will be paid to the Qualified Settlement Fund within 20 days of receipt, pursuant to the Master Settlement Agreement.

3M and Aearo continue to engage in insurance recovery litigation in Delaware, as described below, and continue to engage in corollary arbitration

proceedings. 3M and Aearo also continue to engage in discussions with other insurers in an effort to determine whether their contractual obligations to 3M and Aearo can be resolved without further litigation or arbitration.

For those insurers that continue to refuse to provide coverage for the Combat Arms settlement in breach their contractual obligations, 3M and Aearo intend to press forward with litigation or arbitration to secure the insurance coverage they bought and paid for.

## II. Delaware Coverage Litigation

### A. Summary Judgment Ruling

In the insurance coverage case pending in the Superior Court for the State of Delaware, *Aearo Technologies LLC, et al. v. ACE American Ins. Co., et al.*, Case No. N23C-06-255 SKR, on July 16, 2024, the court issued a ruling on the motion for partial summary judgment filed by the Aearo entities[1] and 3M Company, as well as the insurers' related cross-motions for summary judgment. Aearo and 3M sought an order confirming the duty of the five insurers that sold primary liability insurance policies to Aearo during the relevant time period to pay Aearo's defense costs incurred in the Combat Arms litigation.

---

[1] The Aearo entities that filed the motion are Aearo Technologies LLC, Aearo Holdings LLC, Aearo Intermediate LLC, and Aearo LLC (collectively, "Aearo").

The Delaware Superior Court denied Aearo and 3M's motion for summary judgment; granted the motion for summary judgment of one insurer (Twin City Insurance Company); and granted in part and denied in part the motion of another insurer, General Star Insurance Company. In that ruling, the court held that it could not determine that the $250,000 self-insured retention of the primary insurance policies had been satisfied because most of the defense costs had been paid by Aearo's parent company, 3M, which was not an "insured" under the policies. Ex. 1, Memorandum Opinion and Order (July 16, 2024) at 16–19.

For nine of the ten primary policies at issue, the Delaware Superior Court held that they required the insured (Aearo) to pay the retention amounts directly and that more than $370 million in payments from Aearo's parent company, 3M, "do not count towards the Self-Insured Retention." *Id.* at 13.[2] The court rejected Aearo and 3M's argument that the "policies do not prohibit payments from 3M from counting towards exhaustion of the Self-Insured Retention." *Id.* at 14.

As to most of those policies, the Delaware Superior Court held that there were factual disputes as to whether $411,696.70 in defense costs payments from Aearo Technologies LLC satisfied the retention, and if so, to which policy periods the payments applied. *Id.* at 17. The court also granted summary judgment in favor of

---

[2] The exception was the General Star policy, which contains "no express language that the Retained Limit must be 'paid' by the insured." Ex. 1 at 14.

Twin City, holding that its policy required Aearo LLC, to pay the $250,000 self-insured retention and that there was no evidence that Aearo LLC (which lacked a bank account) had paid any defense costs. *Id.* at 16–17, 23.

The Delaware court granted in part and denied in part General Star's partial motion for summary judgment, holding that General Star was not required to pay for the defense of "all lawsuits in the MDL court and Minnesota court" simply because "any one lawsuit among the Earplug Lawsuit alleges bodily injury occurring within the General Star policy period." *Id.* at 20. However, the court denied General Star's "request for a declaration that it has no coverage obligations for the defense costs incurred by 3M." *Id.* at 21. The court held that a "genuine issue of material fact exists as to whether the defense costs were jointly incurred by 3M and Aearo" and, if so, court could not determine how those costs "should be equitably allocated." *Id.*

### B. Motion for Reargument

Aearo and 3M filed a motion for reargument, requesting that the Delaware Superior Court reconsider its ruling on the self-insured retention for two of the primary insurers, on the basis that those policies contained so-called "savings clauses" confirming that any failure to pay the self-insured retention was not intended to deprive Aearo of coverage.

The motion noted that the court's ruling had addressed only the language of the savings clause in the Twin City policy, while not addressing the arguably broader

"savings clause" language used in two other policies, which expressly provided coverage in the event of the insured's "failure" or "refusal" to pay the retention "for any reason."

On August 26, 2024, the Delaware Superior Court denied Aearo and 3M's motion for reargument, holding that "[w]hile the Court focused its analysis on the Twin City Policy, its reasoning extended" to the other insurance policies. Ex. 2, Order Denying Mot. for Reargument (Aug. 26, 2024) at 2.

### C. Pending Appeals

On September 3, 2024, 3M and Aearo and Twin City stipulated to a final judgment and dismissal of Twin City in the litigation, following the summary judgment ruling and Twin City's payment of its indemnity limits toward the settlement. On September 11, 2024, 3M and Aearo filed a notice of appeal as to the final judgment of Twin City.

On September 5, 2024, Aearo and 3M also moved for certification of interlocutory appeal of the Delaware Superior Court's summary judgment ruling as to the self-insured retention issues. Ex. 3, Application for Certification of Interlocutory Appeal (Sept. 5, 2024). Aearo and 3M argued that the Delaware Superior Court erred in strictly construing "commonplace self-insured retention language so as to work a forfeiture of coverage if a parent company pays the

retention instead of the subsidiary," an issue that is "materially important" to Aearo and 3M, and to other insureds that are likely to face the same issue. *Id.* at 1–2.

The Delaware Superior Court denied the request to certify its order for interlocutory appeal on September 26, 2024. Ex. 4, Order Denying Application for Interlocutory Appeal (Sept. 26, 2024).

3M and Aearo have filed a notice of appeal with the Delaware Supreme Court seeking interlocutory review of the following issues raised in the Delaware Superior Court's July 16, 2024 ruling:

1. Whether 3M Company's payment of costs in defense of the Combat Arms Litigation, as the parent company of its wholly owned subsidiaries, including Aearo Technologies LLC and its affiliates, satisfy the self-insured retention of the insurance policies discussed in the Order.

2. Whether satisfaction of the self-insured retention of the insurance policies discussed in the Order is a material "condition precedent" that is required for coverage, or whether any failure to satisfy the retention from the subsidiary's own account should be excused to prevent a forfeiture of coverage.

### D. Mediation and Remaining Litigation

Pursuant to the Delaware Superior Court's case management order, the current parties in the Delaware litigation are participating in mediation before Lawrence W. Pollack. Mediation sessions are scheduled for October 30 and December 3-4.

Case No. 3:19md2885/MCR/GRJ

Respectfully submitted,

/s/
*Charles F. Beall, Jr.*
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Larry Hill
Florida Bar No. 173908
lhill@mhw.law.com
MOORE, HILL &
WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

*Counsel for Defendants, 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY this 30th day of September, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

/s/ *Charles F. Beall, Jr.*
Charles F. Beall, Jr.

Case No. 3:19md2885/MCR/GRJ