**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**REPORT AND RECOMMENDATION TO THE COURT RE:**
**3M COMBAT ARMS EARPLUG PLAINTIFFS' LEADERSHIP MOTION**
**FOR CONFIRMATION OF THE NINE PERCENT HOLDBACK**
**ASSESSMENT AND FOR AN ORDER SETTING FORTH THE**
**PROTOCOLS AND PROCEDURES FOR THE ALLOCATION OF**
**COMMON BENEFIT ATTORNEYS' FEES BY**
**<u>SPECIAL MASTER HON. DAVID R. HERNDON (RET)</u>**

On August 28, 2024, the Plaintiffs' Leadership filed the above-referenced motion (ECF No. 4091) requesting relief in the form of an order establishing protocols and procedures to facilitate common benefit fee allocation and ultimately distributions. Coinciding with that request, Plaintiffs' Leadership asked the Court to confirm that the common benefit fund be constituted, as previously determined by the Court, by holding back nine percent from each settlement award prior to distribution to the individual plaintiffs. It is noted that the holdback, as originally requested and ordered, was intended for both the attorney's fees and the held costs without a division of the whole earmarking a particular percentage for either of those

categories of common benefit. Following the Court's order to proceed with payment of the costs and after a Report and Recommendation from the undersigned, payment of the held costs was completed. The Court referred plaintiffs' motion to the undersigned to consider and make a report and recommendation to the Court. ECF No. 4098.

Plaintiffs' Leadership asserts in the motion that the time for entering an order regarding protocols and procedures is now. This portion is without dispute and, in fact, coincides with processes already initiated by the Court, including preliminary work by Special Masters Sansom and Herndon, rendering this request moot. As such, this Report and Recommendation need not address the issue further except to assure Leadership that an order detailing the protocol, processes, and procedures for the gathering of information necessary for an allocation of common benefit fees will be entered in due course.

It is well-settled that the District Court has the authority to award common benefit fees, as reflected by the traditional practice in courts of equity and as an exception to the American Rule. In the oft-cited case of *Boeing Co. v. Ban Gemert*, 444 U.S. 472 (1980), the Supreme Court recognized that a lawyer who recovers for the common fund for the benefit of others is entitled to a reasonable attorney's fee from the fund. 444 U.S. at 478 (citing *Trustees v. Greenough*, 105 U.S. 527 (1882)

and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885)).  The *Boeing* Court went on to point out in the same paragraph:

> The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.  *See, e.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. [375] at 396 . . . .  Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

*Boeing*, at 478.

This Court established a holdback of nine percent of the gross monetary recovery in Common Benefit Order ("CBO") No. 3, ECF No. 1659 at 6, entered on February 17, 2021.  In CBO No. 4, ECF No. 3875, entered September 19, 2023, the Court amended its previous order, keeping the nine percent, but applying it to all counsel irrespective of whether they entered into a timely participation agreement.  Consistent with the equitable powers of the Court to establish a fund for the payment of reasonable attorney's fees, the Court may set the percentage needed to establish the common fund and determine the amount needed to reasonably pay those fees.  Accordingly, the Court may amend that percentage as determined by it to be necessary, whether increasing it or reducing it, to meet the requirement that the fees to be paid from it are reasonable.  Addressing the common fund and the need for it, this Court clearly established its inherent authority for ordering such a fund and the

Court's management of that fund in CBO No. 1, ECF No. 488 at 2–3, July 12, 2019. Although not addressing the common benefit fund directly, this Court again reviewed its inherent authority in Case Management Order No. 57, ECF No. 3811 at 2–7, 9–11, August 29, 2023.

The Court is in the best position to determine the size of the fund needed to assure that those who apply for common benefit fees and who are entitled to a fee are allocated fees that are sufficient to meet the standard of reasonableness. This Court's close management of this unprecedented litigation in terms of size and character and the information from the Special Master Randy Sansom, who vetted the monthly time submissions of all leadership counsel, will arm the Court with the facts needed to make that reasonableness assessment for each eligible firm. The Court has further directed that the undersigned prepare a Report and Recommendation for an allocation for each eligible firm, thus providing the Court with even more information and analysis for the final allocation determination.

Plaintiffs' motion succinctly and accurately recounts the tremendous work required for the prosecution of this litigation. The description provided was clearly accurate, but as this Court knows the actual work performed to accomplish the highly successful result in this litigation was extreme so that living it and describing are two distinctly different propositions. The motion fairly applies the *Johnson* factors

to this litigation with an eye to the consideration of the common fund needed to reasonably compensate those rendering common benefit.

Many other very large MDLs that have been formed by the Judicial Panel on Multidistrict Litigation share many of the same considerations as this one. Common benefit holdbacks have been required in those MDLs as well. In footnote 6 on page 59 and in the body of the motion on page 60 of Exhibit 1 to the motion, ECF No. 4091-1, plaintiffs cite a significant number of those MDLs, which they refer to as "super-mega fund cases," and the percentage utilized for the proposition that the holdback percentage they seek in this litigation is consistent with the percentage established in those prior MDLs. Utilizing a percentage holdback for a common benefit fund that is similar to other similarly sized MDLs is an appropriate guidepost. Clearly, the nine percent plaintiffs seek here is within the range represented by those cases. Obviously, a percent or two lower is not out of that range, so should the Court consider a range of seven to nine percent, this MDL would clearly be consistent with previously utilized holdback percentages in other MDLs with similar characteristics.

This litigation spanning five years has experienced countless court hearings, in person and remote, sixteen plaintiffs' committees, sixty-eight firms that submitted time records reporting over three hundred and sixty-three thousand hours of work, sixteen bellwether trials for nineteen plaintiffs, an ill-conceived diversion of just over a year in bankruptcy court, with every calendar day a work day year after year,

and a settlement of six billion and ten million dollars to be paid over several years. Clearly, the work by counsel in this litigation has been difficult, and all of it accompanied by tremendous pressure and a need to act with relentless dedication by many. A tremendous amount of review and analysis will be required to determine the amount of money needed to reasonably compensate common benefit counsel.

Considering the matters discussed herein, the undersigned recommends that the Court maintain, for now, the holdback of nine percent for present and future settlement distributions. Upon the comprehensive analysis of the compensation needed for the Court to reasonably allocate common benefit fees and after a Report and Recommendation from the undersigned, the Court will be in a position to exercise its discretion to utilize the entire nine percent or choose to reduce the percentage to be utilized for that compensation.

The Court's order referring this matter to the undersigned provided that counsel will have fourteen (14) days to file any objection to the report and recommendation once it is entered on the MDL's main docket. The Court will conduct a *de novo* review of this report and recommendation and any objections filed thereto. ECF No. 4098, at page 1.

Respectfully submitted on this 9th day of October, 2024.

*s/ David R. Herndon*
Hon. David R. Herndon (ret)
Special Master