UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**ORDER AUTHORIZING PRODUCTION OF CERTAIN SETTLEMENT DATA IN DEFENDANTS' INSURANCE ARBITRATION SUBJECT TO <u>EXISTING PROTECTIVE ORDERS</u>**

Defendants 3M Company, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC (collectively "3M/Aearo") have submitted a motion requesting the Court authorize the Settlement Administrator to disclose settlement administration information, including Claimant payment amounts and settlement allocation methodologies, to 3M/Aearo for use in their ongoing arbitration proceeding against one of their insurers, AIG Europe Limited ("AIG"). Following oral argument before the Court on January 9, 2025, for the reasons that follow, 3M/Aearo's motion is **GRANTED IN PART and DENIED IN PART**.

3M/Aearo are claimants in an arbitration proceeding against AIG concerning insurance coverage for the settlement reached in the Combat Arms Earplug Litigation. In that arbitration, AIG has requested documents and information regarding the amounts paid to Claimants under the global Combat Arms settlement,

as well as information about the methodology by which Claimants are paid ("Settlement Data").

The Settlement Data requested by AIG in the arbitration is under the sole purview of the Settlement Administrator appointed by the Court, BrownGreer PLC. 3M/Aearo do not currently possess that data.

The Court's August 15, 2024 Order Authorizing the Release of Plaintiffs' Protected Material in Arbitration Against AIG Europe Limited (ECF No. 4088) previously authorized 3M/Aearo to produce Plaintiffs' Protected Material to AIG for use in the arbitration, including documents produced by Plaintiffs in this action that were designated "Confidential" or "Highly Confidential" and so are protected from public disclosure. In its August 15 Order, the Court determined that the following four safeguards it previously identified were satisfied with respect to the protective order in place in the arbitration (the "Arbitration Protective Order"):

> (1) the production is subject to Protective Orders and/or Confidentiality Agreements in place that offer protections commensurate with the protections afforded such Protected Material under the Orders governing confidentiality in this matter; (2) the Protected Material is used solely in connection with resolving Defendants' rights to insurance recovery for the Combat Arms Earplug Litigation; (3) access to the Protected Material is appropriately limited to those parties in the resolution of Defendants' coverage claims to whom disclosure is reasonably necessary; and (4) the Court retains jurisdiction to enforce its Orders governing confidentiality in this matter, including with respect to any party or non-party's

unauthorized disclosure of records originally produced by federal government agencies under order of the Court.

The Arbitration Protective Order, which was attached in full to the Court's August 15 Order, "limits access to Confidential Information in a manner that is similar in scope to the access limitations set forth in this Court's Pretrial Order No. 9" (ECF No. 4088 at 4). The Settlement Data requested by AIG, like the Plaintiffs' Protected Material at issue in the Court's August 15 Order, falls within the Arbitration Protective Order's definition of Confidential Information and would be designated as such. As the Court previously determined, consistent with the Court's Pretrial Order No. 9, the Arbitration Protective Order allows 3M/Aearo and AIG to disclose Confidential Information only to "outside counsel, professional vendors, mediators, court personnel, party employees, experts, consultants, and witnesses only as necessary, and with the requirement that those third parties maintain the confidentiality of such information consistent with the terms of the Arbitration Protective Order" (ECF No. 4088 at 4). In addition, the Arbitration Protective Order appropriately limits 3M/Aearo to using Confidential Information only for the purposes of resolving 3M/Aearo's coverage claims at issue in the arbitration, and requires the parties to "use reasonable efforts to destroy all copies of any Confidential Information within sixty calendar days" of the final disposition of the arbitration. Arbitration Protective Order §§ I.1, XI.31. Accordingly, the Court authorizes the Settlement Administrator and the Settlement Allocation Master to

produce the following documents and information to 3M/Aearo, and authorizes 3M/Aearo to produce this information to AIG in the arbitration, subject to the protections described above and below and in the Court's Pretrial Order No. 9, the Arbitration Protective Order, and the Court's August 15, 2024 Order:

1. A summary chart in searchable, filterable Excel format reflecting the amount of gross compensation assigned to each Participating Claimant, including Verdict and Wave Case Claimants, to date, omitting names of Claimants and any other personal identifying information whatsoever, using only the CID Number to identify each individual Claimant.

2. The number of Expedited Payment Program ("EPP") Claimants falling within each EPP Level.

3. The number of Claimants participating in the Deferred Payment Program ("DPP").

4. Information sufficient to demonstrate the Wave Case Point Dollar Value and the number of points assigned to each Wave Case Claimant, omitting names of Claimants and any other personal identifying information whatsoever, using only the CID Number to identify each individual Claimant.

5. The following categories from Section 1 (Participating Claimants) in the Participating and Non-Participating Claimants Report as of October 25, 2024: "Claimant ID"; "Settlement Group"; "Election"; and "Court."

With respect to the Settlement Information identified above, any such documents that identify settlement awards and points values assigned to individual Claimants (who shall not be identified by name) shall be disclosed only to those individual counsel (as defined in Paragraph IV.9.b of the Arbitration Protective Order) and individual expert witnesses (as defined in Paragraph IV.9.c of the Arbitration Protective Order) who have a need to review such information and who have signed Exhibit A (Acknowledgment and Agreement to Be Bound) to the Arbitration Protective Order.  Any expert reports, summaries, or analyses prepared based on that data and disclosed to other parties as permitted by the Arbitration Protective Order shall not disclose the amount paid to any individual Claimant and shall remain Confidential Information.

Any costs incurred by the Settlement Administrator or any other party to provide such information shall be divided equally between 3M/Aearo and AIG.

With respect to the requests for the "number of DPP claimants who have received points assignments" and the "points value assigned to each DPP claimant or the number of DPP claimants falling into each points value category (if such

categories exist)," the motion is denied because no DPP Claimants have been assigned points values.

With respect to the request for "[i]nformation sufficient to demonstrate the methodology by which a participating plaintiff's eligibility and ultimate compensation is determined at each level of the Combat Arms Settlement, including the EPP, the DPP, the Wave Case Plaintiff program, and the EIF," the Court denies the motion because there has not been a sufficient showing that such information is relevant and necessary to any issue in the Arbitration. If AIG contends that information is relevant or necessary, AIG must appear in this Court and submit briefing and argument to this Court.

**SO ORDERED**, on this 10th day of January, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**