**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 98**
**(Facilitating Delivery of Payments to Participating Claimants)**

BrownGreer, in its role as both Settlement and Lien Resolution Administrator, has brought to the Court's attention certain matters that delay the distribution of Settlement Award payments to Participating Claimants. This Order reviews those matters and issues directions to facilitate the timely receipt of payments by Claimants.

## I. MEDICAID COVERAGE

As Lien Resolution Administrator, BrownGreer attempts to identify and then resolve potential Healthcare Lien reimbursement claims against a Claimant by a state Medicaid agency that paid for medical care related to the Claimant's hearing loss or tinnitus. On January 16, 2024, BrownGreer created and launched a Supplemental Lien Form available on Primary Counsel Portals with BrownGreer

asking for a "yes" or "no" on Medicaid coverage answer for each client of the firm.[1] Since then, BrownGreer has issued seven Alerts to Primary Counsel and Participating Claimants on the need for this information and how it may be provided, including a function BrownGreer created for Primary Counsel to answer the question for multiple Claimants at once. BrownGreer has sent weekly emails to Primary Counsel who have not yet submitted the requested information. In addition, BrownGreer added a step in the individual Claimants' online Portals so they can respond to the Medicaid question when they accept their Settlement Award Notices. Without a Medicaid answer, BrownGreer cannot proceed with payment of the Claimant's Award or Medicaid lien resolution.[2]

BrownGreer has reported that as of March 4, 2025, there are 5,877 MSA I Participating Claimants (5,143 EPP Claimants and 734 DPP Claimants) for whom no Medicaid answer has been submitted, despite multiple requests. Those 5,877 Claimants are represented by a total of 65 Primary Counsel firms. Exhibit A to this

---

[1] This was necessary because the Government Payor Form used in the Registration Packet —created by a different Administrator—did not ask Claimants to report whether they had used Medicaid coverage for any care relating to hearing injuries. This should have been done, given that there is no reliable, cost-effective, or timely mechanism available to query every state Medicaid agency on all Participating Claimants.

[2] Less than one percent of the Participating Claimants have responded "yes" to indicate they used Medicaid for hearing-related care. For those Claimants, BrownGreer presses the applicable agency to obtain a waiver of reimbursement claims, confirmation of no interest as to a specific Claimant's Award, or an accounting of the costs claimed, leading to reconciliation with the agency on what portion of the Award is required to satisfy a Medicaid lien. A "no" answer permits BrownGreer to process the Claimant's payments without any holdback or delay relating to a possible Medicaid reimbursement claim against a Program Award.

Order lists all of these Claimants. These Claimants' lack of a Medicaid response stalls the implementation of the Settlement Program. The extraordinary efforts by BrownGreer to obtain this information increases the administrative costs of the Program, even at the expense of Claimants who have dutifully answered the question and who have no Medicaid exposure of any kind. This is unacceptable.

Accordingly, it is **ORDERED** that Participating Claimants and their Primary Counsel identified in Exhibit A must provide to BrownGreer the answer it has requested of them as to Medicaid coverage no later than 30 days from the date of this Order. Failure to do so will result in sanctions and may impact the amount of money allocated to such Claimants as Awards in the Program.

## II. ACCEPTANCE OF AWARD NOTICE BY IN-LEDGERING CLAIMANTS

For Participating Claimants represented by In-Ledgering Firms, the Award Notice from BrownGreer serves as a disbursement statement advising the Claimant of deductions for their lawyers' fees and expenses. As a result, the Claimant must sign the Notice as accepted before BrownGreer may pay that Award. In addition, the Claimant must inform BrownGreer how the Claimant wishes to receive their share (ACH transfer, check, or a digital payment), which BrownGreer pays the Claimant directly.

BrownGreer posts each Notice for an In-Ledgering Claimant to the Claimant's Primary Counsel Portal and emails the respective law firm to alert the

firm to its presence and the need to act upon it. Counsel is instructed to view the Notice and click on a function to have the Notice relayed to the client, who receives an email from BrownGreer with instructions on how to go to their own online Program Portal to read the Notice, sign it as accepted, and enter their payment method election. Until these steps have been completed, BrownGreer cannot pay the Claimant their share of the Award.

Unfortunately, payment progress for many Claimants has stalled because Notices await action by Primary Counsel, or Claimants have not accepted and designated a preferred payment method. BrownGreer consistently contacts Primary Counsel to ask them to move the Notices along and urge their clients to act on them. Nonetheless, BrownGreer has reported that as of March 4, 2025, there were 3,944 Award Notices stranded in the process for lack of Claimant action and acceptance. This too is unacceptable.

Accordingly, it is **ORDERED** that Primary Counsel must access Notices for clients and forward them to the applicable Claimant within the later of 10 days after (a) the date of this Order (for Notices currently outstanding and not yet sent to the Claimant) or (b) the date of the Notice. Primary Counsel must take such actions as are necessary to have their clients access their Notices and, for a Notice that requires claimant action, act by the deadline stated in the Notice to request Reconsideration or, where the Notice does not contain the option of requesting Reconsideration,

within the later of 20 days after (a) the date of this Order (for Notices currently outstanding and not yet sent to the Claimant) or (b) the date of the Notice. Failure to do so will result in sanctions and may impact a Claimant's Award.

### III.   PAYMENTS TO NON-LEDGERING CLAIMANTS

Where a Participating Claimant is represented by a Non-Ledgering Firm, BrownGreer issues payment of a Settlement Award to Primary Counsel, who then is responsible for delivering to the Claimant their share of the Award after deduction of CAE Counsel fees and expenses in compliance with the 50% Rule. The Court is concerned about ensuring that Claimants receive their share of all Awards as rapidly as possible after BrownGreer has distributed the Award to their Primary Counsel. Clients of In-Ledgering Firms on average have been paid their shares by BrownGreer more quickly than clients of Non-Ledgering Firms. The Court also has received calls and emails from Claimants lodging complaints about how long it has taken their respective law firm (or a payment processing vendor engaged by that firm) to get their payment to them after the law firm has been paid the funds from BrownGreer. Some Claimants have stated that their firms have reported that the firm has 60 days to issue payment to any client pursuant to Paragraph 5 of Case Management Order ("CMO") No. 93 (ECF No. 4079). This is not what the Court intended in CMO No. 93.

Accordingly, it is **ORDERED** that Paragraph 5 of CMO No. 93 is amended

as follows:

1. Non-Ledgering Primary Counsel firms must distribute to clients their share of an Award no later than 20 days after the firm's receipt of the funds from BrownGreer. This will require such Primary Counsel to complete the process to secure all information necessary to pay their clients in advance of the anticipated date of payment from BrownGreer and take all steps to fulfill their ethical responsibilities relating to disbursement statements and the explanation to clients of fees and expenses deducted from an Award payment. As the Court has stressed numerous times throughout the 3M litigation, it is not the Court's fault nor the fault of any Claimant that a law firm assumed responsibility for too many clients. All Claimants deserve timely payment of their share of an Award.

2. Primary Counsel must continue to report to BrownGreer the Ledgering Data required by CMO No. 93, including the date all clients were paid their share of each annual payment. Any delays beyond the 20-day period directed in this Order must be explained to BrownGreer, who will report the delay to the Court.

3. All provisions of CMO No. 93 not amended by this Order remain in full force and effect.

**SO ORDERED**, on this 4th day of March, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**