UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## ORDER

On April 3, 2019, the Judicial Panel on Multidistrict Litigation assigned MDL 2885, *In re 3M Combat Arms Earplug Products Liability Litigation*, to this Court and the undersigned. Over the next four years, more than 390,000 cases were direct-filed in or transferred to the MDL. A considerable number of cases involving 3M combat arms earplug claims proceeded on a parallel track in Minnesota state court.

An extraordinary amount of energy, time, and cost was expended by the Parties and the Court during the course of the litigation, including early and ongoing efforts to determine the litigation's scope through a census process, DD214 Form production requirements, and procedures for transitioning individual cases from the Administrative Docket to the Active Docket. The Parties and the Court also collaboratively developed a robust framework for the effective and efficient management of the litigation, which involved two Science Days, vendor/technology

proceedings, a presentation on *Touhy*[1] regulations by the Department of Defense and United States Attorney's Office, meetings at the Pentagon and the Department of Justice with the Parties and federal officials in an effort to obtain Plaintiffs' audiograms and Department of Veterans Affairs records, and numerous case management conferences and conference calls with Plaintiffs' and Defendants' counsel. Extensive corporate, military, and expert discovery was conducted, followed by omnibus briefing, oral argument, and rulings on significant substantive motions, including 341 motions to remand to Minnesota state court filed on behalf of more than 5,700 Plaintiffs, and cross-motions for summary judgment on the federal government contractor defense. Case-specific discovery for 19 bellwether Plaintiffs followed, as well as discovery and dispositive motions practice for 374 Wave 1 cases, culminating in rulings on more than 260 motions *in limine*, 109 *Daubert*[2] challenges, 47 choice of law disputes, 42 case-specific summary judgment motions, and 21 post-trial motions, not to mention countless discovery, procedural, and/or logistical disputes. Sixteen bellwether trials were conducted over 14 months, involving 19 Plaintiffs, resulting in 19 jury verdicts. The undersigned conducted six bellwether trials (one of which consolidated three Plaintiffs and another consolidated two Plaintiffs), and guest district judges from around the Eleventh Circuit conducted

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Case No. 3:19md2885/MCR/HTC

10 others.  The undersigned also handled the pretrial and post-trial motions. Multiple now-dismissed appeals from the bellwether cases were filed in the Eleventh Circuit.  In July 2022, five of the six Defendants in the MDL filed petitions for Chapter 11 bankruptcy in the Southern District of Indiana, triggering an automatic stay of litigation against them.  The bankruptcy court declined to extend the stay to Defendant 3M Company, so the personal injury claims against 3M in the MDL continued unabated by the bankruptcy proceeding but obviously in a complicated fashion.

To date all cases have been resolved through motions practice or settlement. More specifically, the vast majority of claims were resolved through a global settlement reached in August 2023, and Plaintiffs who initially opted out of that process later settled or had their cases dismissed.  No 3M combat arms earplug cases remain in the MDL.  No case has been direct-filed or transferred to the MDL since March 2025.  As of last week, the MDL docket is clean.

Accordingly:

1. The Court respectfully **RECOMMENDS** to the JPML that *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL 2885, be terminated, subject to this Court's continuing jurisdiction to enforce its Orders, handle any matters related to the settlement, or address any other miscellaneous issues necessary to complete the administration

of these cases.

2. Should the MDL be terminated, and any party subsequently files in or removes to a United States District Court any new claims related to this proceeding, this Court would welcome the reopening of the MDL docket and transfer of any such action to this Court for further proceedings, given the Court's familiarity and experience with this litigation.

**SO ORDERED**, on this 19th day of September, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/HTC