UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

# ORDER

Throughout this litigation, the law firm of Heninger Garrison Davis, LLC ("HGD") has represented thousands of plaintiffs, including a bellwether plaintiff whose case went to trial. At settlement, the law firm represented over 10,000 plaintiffs, including 1,000 Ugandans. The docket reflects the following attorneys as having appeared for HGD: W. Lewis Garrison, Jr., Christopher Boyce Hood, Taylor Bartlett, and Jeanie Sleadd.

On September 16, 2025, Taylor Bartlett filed a "Notice of Change of Address" (titled "Notice of Change of Firm" in the filing itself) on the MDL's main docket stating he was "hereby notic[ing] a change of firm name, address, email address, and phone number." ECF No. 4170 (Case No. 3:19-md-2885). The Notice said nothing about any change in representation for any of HGD's clients. Shortly after, though, HGD filed a Motion to Remain Primary Counsel for its Participating Claimants in the 3M Settlement Program, indicating that Bartlett had been "terminate[d]" from

the firm. ECF No. 4173 (Case No. 3:19-md-2885). HGD represented that the Motion was necessitated after Bartlett purportedly "sent thousands of notices to HGD clients informing them of his departure from the firm and falsely advising them that *he* was the primary attorney handling their case and that the client could choose to 'continue to retain [him]' or elect to have 'another attorney' from HGD to represent them, or choose another firm entirely." *Id.* at 1, 6. HGD further stated that it moved for a temporary restraining order and preliminary injunction against Bartlett in the Circuit Court of Jefferson County, Alabama, on September 18, 2025 based on this "solicitation." *Id.* at 7. Before any opposition briefing from Bartlett, though, the Motion to Remain Primary Counsel in this Court was withdrawn by HGD on October 8, 2025, without explanation. ECF No. 4175 (Case No. 3:19-md-2885).

    The Court assumed that some arrangement was reached between HGD and Bartlett that properly addressed the client representation issue. Apparently, that's not the case, and the status of representation remains unclear to the most important stakeholders: the clients. Indeed, the Court has been contacted by troubled Participants in the Settlement Program who have been represented by HGD and who received the change-of-counsel communication from Bartlett. These plaintiffs, some of whom signed the change-of-counsel agreement sent to them by Bartlett, are understandably confused about who represents them in the Settlement Program, and

it seems apparent that neither Bartlett nor HGD has clarified this very important matter for them. Plaintiffs have told the Court that their requests for an explanation have gone unanswered. Needless to say, this is unacceptable by any measure. The plaintiffs are understandably distressed over this, and the Settlement Program is frustrated by it.[1]

For starters, unless and until either HGD or the plaintiffs advise the Court otherwise, HGD is counsel of record for—and remains responsible to represent—the plaintiffs it appeared on behalf of in this litigation, including the Settlement Program. *See* R. Regulating Fla. Bar 4-5.8. Beyond that, in an effort to ensure that the attorneys who appear and practice before this Court have complied with their ethical and professional obligations as Officers of the Court, and because the Court has serious questions about whether HGD and Bartlett have done so in this instance, HGD and Bartlett must each file sworn declarations advising how they have individually complied with Florida Bar Rules 4-1.4 and 4-5.8. These declarations must be filed (under seal) by **12:00 p.m. CT on November 6, 2025**. *See also* N.D.

---

[1] As examples, one plaintiff described receiving only automatic replies in response to outreach about whether HGD continues to represent him. Another expressed confusion about who represents him after signing up with Bowline Law—Bartlett's new firm—and then seeing the motion to continue representation from HGD. Also, this plaintiff reported that he has not received his Deferred Payment Program registration payment or points award. On contacting the Settlement Administrator about this, the undersigned learned that the Settlement Administrator has been contacting HGD for over a year about resolving a bankruptcy problem for this plaintiff, to no avail—and *somehow* Bartlett was appointed attorney for the bankruptcy trustee, further adding to the confusion and delaying settlement payment. The Court and the Settlement Administrator have also been inundated with emails from HGD's Ugandan clients, complaining about the Settlement Program. These plaintiffs have been referred to HGD, as their counsel, yet the emails continue.

Case No. 3:19md2885/MCR/HTC

Fla. Loc. R. 11.1(G)(1) ("An attorney [appearing before this Court] must comply with the Rules of Professional Conduct that are part of the Rules Regulating The Florida Bar."). Bartlett must also submit the communication he sent to HGD's clients regarding representation in this litigation, and all agreements he received in return from those clients. HGD must submit any agreement it has reached with Bartlett or any law firm he is affiliated with regarding his departure from HGD, specifically including any agreement resolving a dispute over the continued representation of HGD clients as well as any communication it has sent to HGD clients who are/were plaintiffs in this litigation regarding Bartlett's departure from the firm. All of these documents should be filed under seal for *ex parte*/*in camera* review by the undersigned.

**SO ORDERED**, on this 29th day of October, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**