**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) | |
| EARPLUG PRODUCTS ) | Case No. 3:19-md-2885 |
| LIABILITY LITIGATION ) | |
| ) | |
| This Document Relates to: ) | |
| All Cases ) | Judge M. Casey Rodgers |
| ) | Magistrate Judge Hope T. Cannon |

### HENINGER GARRISON DAVIS, LLC'S RESPONSE TO SPECIAL MASTER REPORT AND RECOMMENDATION

Come now the law firm of Heninger Garrison Davis, LLC, Lew Garrison, and Bill Bross (collectively "HGD") and hereby acknowledge receipt of and respond to the Special Master Report and Recommendation ("R&R") relative to the HGD Ugandan claims in this 3M earplug litigation settlement program. To say that we are disappointed with and deeply concerned by this R&R would be an enormous understatement. That said, we recognize that it is our failure to properly vet the Ugandan claims at issue that is at the heart of the R&R, and our disappointment and concern is overwhelmed by a high level of deference to and respect for the Court, for the Special Master, and for all who have been involved in investigating this matter.

Our law firm has a long history of dedicated and professional handling of MDL matters. That history now has been tarnished by an error in judgment in electing to engage in the representation of Ugandan clients in this 3M litigation and our failure to properly vet those clients/claims. At the time that we accepted and filed the Ugandan claimants, we did not fully and adequately comprehend the risks associated with such an undertaking nor did we appreciate the need to implement a plan to fully vet each client/claim given the unique nature presented by this

segment of foreign claimants as opposed to the traditional claims of American claimants in MDL programs. We now recognize and accept the consequences of entering this unfamiliar territory of representing foreign claimants and the further mistake of not developing a detailed plan for how these unique and different claims should be handled, vetted, and submitted, and we acknowledge that those mistakes are not a defense to our failures.

We are humbled and chastened by the tone and the content of the Special Master's R&R, and we have learned from our missteps here. Of some solace to us is that following this deep and detailed investigation into this group of unique claimants, the Special Master found that while there were several levels of mishandling of the claims at issue by our firm, "The undersigned does not find that any member of the Heninger Garrison Davis firm intentionally committed fraud on the Court through this settlement program." (Special Master Report and Recommendation, p. 2) Moreover, Brown Greer, in the "Brown Greer Audit Report: Heninger Garrison Davis 5/4/25", the section concerning "Broader Analysis of HGD Submissions" p. 11 paragraph C concluded: "We have not found indication that fabricated materials were submitted for HGD clients other than the Ugandan DPPs." While neither quote is of itself very encouraging, we are thankful that the Special Master found that HGD did not intentionally commit fraud on the Court and that Brown Greer recognized that the noted deficiencies were directed only to the claims that were submitted on behalf of certain Ugandan claimants.

While we acknowledge and respect the Special Master's finding that our firm's training, guiding, vetting, and submission of claims relative to this singular, unique group of Ugandan clients was deficient, we must emphasize, without reservation, that this firm did not knowingly or intentionally engage in any fraudulent conduct with regard to these claimants or otherwise. Also, notably, the R&R does not find that HGD engaged in any conscious or calculated breach of any

ethical duties to the clients, to the Settlement Administrator, or to the Court in this settlement program. The entire context of this group of foreign claimants is relevant to this Court's conclusion in this matter, and we rest our response on the detailed focus and reporting that has preceded this response. To that end, HGD does not seek any further argument or an evidentiary hearing on the issues or findings set forth in the R&R.

Dated:  December 19, 2025            Respectfully submitted,

/s/  W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Tel:     205-326-3336
Email: lewis@hgdlawfirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 19, 2025, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system which will provide electronic notice to all counsel of record.

/s/  W. Lewis Garrison, Jr.