UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *All Cases* | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# ORDER

I have conducted a *de novo* review of the Special Master's Report and Recommendation ("R&R"), ECF No. 4190, as well as the responses of Heninger Garrison Davis LLC ("HGD"), W. Lewis Garrison and William Bross, ECF No. 4193, and Taylor Bartlett, ECF No. 4194. No objections have been raised.

I need not recount the circumstances of this unfortunate situation. Special Master David Herndon has done an exceptional job outlining his investigative findings and the reasons for his recommendations, and I appreciate his thoughtful work on this matter.

After careful review and deliberation, and without objection, I adopt Special Master Herndon's Findings in their entirety, based on the facts outlined in the R&R, and incorporate them by reference in this Order.

The Recommendations are **ADOPTED IN PART** as follows:

Recommendation 1 is adopted in full.

Recommendation 3 is adopted in part. The following sanctions are imposed based on individual relative culpability in the unprofessional conduct outlined in the R&R:

| | |
|---|---|
| Taylor Bartlett | $20,000 |
| William Bross | $10,000 |

Attorney Bartlett's sanction is twice Attorney Bross's sanction considering that it was Attorney Bartlett who concocted and pushed the idea that he had somehow found a "loophole" in the Settlement Program that would allow HGD's Ugandan clients to be paid a Deferred Payment Program ("DPP") Registration Payment of $1,000 *with no evidence of hearing loss*—when the Allocation Protocol clearly required "mild or greater hearing loss" to be eligible to participate in the DPP. This "loophole" and the obstinance and insistence with which it was pushed by Attorney Bartlett was what first caused me to question the Ugandan claims. I believe these sanctions will send an appropriate message to those involved and will serve as an adequate deterrent to them, and others, in the future.

I decline to impose sanctions on HGD in light of the significant financial repercussions to the law firm related to the disgorgement of fees and the reimbursement of settlement awards and investigative costs ordered, as outlined below. I also decline to impose an individual sanction against Attorney W. Lewis Garrison given the significant financial repercussions to his law firm, as outlined below. Plus, Attorney Garrison was not involved in submitting the Ugandan claims

to the Settlement Administrator for payment, nor did he personally supervise the submission of the claims, nor did he push for the "loophole.".

Recommendation 4 is adopted in full. The Court directs the Settlement Administrator to process the four HGD Ugandan clients identified in Recommendation 4 as potentially valid to determine if they otherwise qualify for a Registration Payment or a DPP Point-Based Award.

Recommendation 5 is adopted in full.

Recommendation 6 is adopted in part. With the exception of Co-Lead Counsel, Bryan Aylstock and Chris Seeger, those who devoted time and resources to the investigation and/or administration of this matter have been compensated by the QSF as set forth below. I have reviewed their time submissions and am satisfied the amounts billed are reasonable. I have spoken with Mr. Aylstock and Mr. Seeger, and both have declined to seek compensation for their work on this matter. To their credit, both consider the time spent an inherent part of their leadership role.

Recommendations 2 and 7 are not adopted. I do not believe a Bar referral is warranted given the responses to the R&R submitted and the stiff financial penalties imposed in this Order, and I know of nothing requiring me to make a Bar referral. To the extent the attorneys must, or deem it appropriate to, self-report this matter to their respective current Bar Association(s), or any Bar Association(s) in the future, the Court assumes the attorneys will do so appropriately and in line with any

applicable ethical obligations.

In closing, let me say that this Order brings me no pleasure, quite the contrary—but fraud in any settlement program is a serious matter for obvious reasons, and any lawyer conduct connected to the fraud, whether through intention, willful blindness, reckless disregard, or poor client management that allows the fraud to go undetected, must be met with severe consequences. Absent the measures taken here, the Combat Arms Settlement Program would suffer, and claimants and counsel alike would be impacted. Also, absent the measures taken here, other counsel in this Program and elsewhere, may go undeterred in the future. It is my hope that these measures will help to avoid a similar unfortunate situation from occurring in another settlement program.

Accordingly, the Court **ORDERS** as follows:

1. Within 30 days of the date of this Order, HGD must return the funds referenced in Recommendation 4,[1] which total $476,143.26, together with the Common Benefit Fee accounting adjustment of $74,880.00 to the settlement program. HGD is directed to contact the Settlement Administrator for instructions on how to transmit the required funds to the

---

[1] This represents Registration Payments to Voided DPP Claimants ($427,434.00); International Wire Transfer Fees for Such Payments ($17,300.26); Lien Payments to TRICARE ($2,107); and Attorneys' Fees Paid to HGD on Voided DPP Claimants ($30,030)—less the Attorneys' Fees Due to HGD on Two Exempt Claimants (-$728). Pursuant to Recommendation 4, BrownGreer has provided these amounts.

Combat Arms Earplugs Qualified Settlement Fund and the Combat Arms Earplugs Common Benefit Qualified Settlement Fund, respectively.

2. Within 30 days of the date of this Order, HGD must also reimburse the Combat Arms Earplugs Qualified Settlement Fund for the investigative costs expended by the settlement program in connection with this matter, which total $244,927.19:

| Name | Amount |
| --- | --- |
| Brown Greer | $106,538.00 |
| Coastal Pacific Investigations | $1,250.00 |
| Garretson, LLC | $9,266.49 |
| Hartford Reporting & Technology, LLC | $1,332.70 |
| Herndon Resolutions | $126,540.00 |
| **Total** | $244,927.19 |

3. Within 30 days of the date of this Order, Attorney Taylor Bartlett must pay the sum of $20,000 into the Registry of the Court.

4. Within 30 days of the date of this Order, Attorney William Bross must pay the sum of $10,000 into the Registry of the Court.

**SO ORDERED**, on this 20th day of February, 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**