**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | **)** | CASE NO. 3:19-MD-2885 |
| EARPLUG PRODUCTS | **)** | |
| LIABILITY LITIGATION | **)** | Judge M. Casey Rodgers |
| | **)** | Magistrate Judge Hope T.Cannon |
| | **)** | |
| This Document Relates to: | **)** | |
| All Cases | **)** | |
| | **)** | |

**MESSA LAW'S OBJECTION TO SPECIAL MASTER HERNDON'S**
**REPORT AND RECOMMENDATION**
**REGARDING COMMON BENEFIT FEES, AND**
**MOTION FOR LEAVE TO SUBMIT COMMON BENEFIT APPLICATION**

Comes now, Messa Law (formerly Messa & Associates, P.C.) ("Messa Law" or "the Firm"), and respectfully submits this Objection to the Special Master's Report and Recommendation Regarding Common Benefit Fees, to the limited extent that Messa Law was excluded from consideration for a common benefit fee award, and and respectfully moves for leave to submit its Narrative and Affidavit, to allow for consideration of the Firm's significant common benefit contributions, on their merits, before entering a final allocation order.

**PRELIMINARY STATEMENT**

At the outset, Messa Law wishes to express its sincere appreciation to Judge Rodgers, Judge Herndon (Ret.), Special Master Randall Sansom, Sarah Hogan,

1

CPA, the Plaintiffs' Leadership Team, and all counsel who devoted extraordinary time, talent, and resources to the successful resolution of this historic litigation.

The Court, the Special Masters, and leadership counsel undertook a task unprecedented in scale and complexity. Through years of coordinated discovery, expert development, bellwether trials, motion practice, settlement negotiations, and settlement implementation, the litigation achieved a result that provided meaningful compensation to hundreds of thousands of servicemembers. Messa Law is grateful for the opportunity to have participated in that effort.

Messa Law files this objection with tremendous respect for the Court, the Special Masters, Plaintiffs' Leadership, and the process that has guided this litigation from its inception. This filing is not motivated by disagreement with the Court's common benefit framework, nor is it intended to diminish the extraordinary contributions of all the other firms whose work significantly contributed to bringing this litigation to a successful resolution.

Rather, the Firm seeks only one thing: the opportunity to have its own substantial, documented, and meaningful contributions to this litigation considered before the common benefit fund is finally distributed: work that was contemporaneously recorded, timely submitted month after month, reviewed and approved by Special Master Sansom and Ms. Hogan, and accepted as qualifying common benefit activity.

To permit distribution of the common benefit fund without consideration of Messa Law's documented contributions would cause substantial and irreparable prejudice to the Firm by permanently foreclosing compensation for years of accepted common benefit work. Among those contributions was the Firm's representation of Green Beret and United States Army Master Sergeant First Class Luke Vilsmeyer from case inception through a $50,000,000 bellwether verdict—one of the most consequential trial results in this MDL—which directly and materially advanced the common benefit of this litigation. *See* Verdict Form, *Vilsmeyer v. 3M Co.*, No. 7:20-cv-00113-MCR-GRJ (N.D. Fla. Mar. 25, 2022), ECF No. 139.

Concurrently with the filing of this Objection, Messa Law is submitting its completed Common Benefit Fee Application, including the Narrative and Affidavit, directly to Special Master Randall Sansom in the manner directed by Common Benefit Fund Order ("CBO") 6. Messa Law respectfully requests that the Court permit the Special Masters to consider those materials as part of the Court's *de novo* review of common benefit fee allocations.

## BACKGROUND

For years, Messa Law actively participated in the common benefit process established by the Court. Messa Law executed the Participation Agreement required by CBO 3. Messa Law timely submitted common benefit time on a monthly basis throughout the litigation through the procedures established by the Court, including

3

submissions reviewed and approved by Special Master Randall Sansom, Sarah Hogan, and the Litigation Locker platform.

Messa Law is not seeking consideration based upon reconstructed records, after-the-fact estimates, or newly created descriptions of work. The firm's contributions were documented contemporaneously, submitted throughout the litigation, reviewed by the Court's common benefit administrators, and accepted as common benefit work while the litigation was ongoing.

The Firm acknowledges that it missed the January 27, 2025 deadline imposed by Common Benefit Fund Order 6 for submission of its Narrative and Affidavit. The Firm does not offer any excuses. It offers the truth: through an inadvertent failure of internal administrative oversight, the deadline was missed. Importantly, the omission did not deprive the Court, the Special Masters, or any party of contemporaneous records of the Firm's work, because the underlying common benefit submissions had already been timely submitted, audited, and accepted throughout the litigation. The Firm had complied with its obligations under CBO 1 throughout the litigation — submitting its time entries monthly, and in compliance with the Court's requirements, for years, through the process administered by Special Master Sansom and his office. The failure to submit the Narrative and Affidavit by the CBO 6 deadline was not willful, was not the product of bad faith, and was not motivated by any intent to circumvent the Court's process. As soon as the Firm recognized its mistake, it

4

prepared the instant objections.  The Firm has submitted the Narrative and Affidavit required by CBO 6 contemporaneously with this Objection directly to Special Master Randall Sansom.

## ARGUMENT

### A. This Objection Is Timely

CBO 6 provides that any objection to the Report and Recommendation must be filed within fourteen (14) days of entry of the R&R on the MDL's main docket. CBO 6 ¶ 13. The R&R was entered on June 11, 2026. This Objection is filed on June 25, 2026, within the fourteen-day window, and is therefore timely.

### B. The Court Should Grant Leave Under the Excusable Neglect Standard

Federal Rule of Civil Procedure 6(b)(1)(B) permits this Court to extend a deadline after it has expired upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court established a four-factor equitable balancing test for excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Eleventh Circuit applies these factors flexibly, recognizing that excusable neglect "is at bottom an equitable inquiry, taking account of all relevant

circumstances surrounding the party's omission." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 395). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that "excusable neglect" under [Bankruptcy Rule 9006(b)(1)] is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant". Pioneer, 507 U.S. at 392. "The Supreme Court has explained that excusable neglect can include an 'inadvertent or negligent omission.'" *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (per curiam) (quoting *Pioneer*, 507 U.S. at 394).

All four factors support relief here.

### i.   **Factor 1: Danger of Prejudice to the Non-Moving Party**

The common benefit fund has not yet been distributed. CBO 6 expressly provides that the Court will conduct a *de novo* review of the R&R and all timely-filed objections before any award of common benefit fees is entered. CBO 6 at pg 2, 12. No other applicant or participant in this proceeding suffers any cognizable prejudice from the consideration of one additional application at this stage. The Firm's time entries (1,148.20 audited hours submitted by Joseph L. Messa, Jr., Esquire, Ashley B. DiLiberto, Esquire, and Adriana Mendoza, Paralegal - were already submitted, reviewed, and accepted through the monthly process

6

administered by Special Master Sansom and Sarah Hogan, CPA, throughout the litigation. The sole gap is the Narrative and Affidavit. Granting leave to submit them does not require re-opening any substantive proceeding, re-auditing any of their already submitted and approved time, or revisiting any prior order.

### ii.      Factor 2 — Length of Delay and Impact on Proceedings

The delay is measured from January 27, 2025, the CBO 6 Narrative deadline, to the date of this filing. While the length of the delay is not trivial, it did not impede any other proceeding in this MDL. The Firm's underlying time entries (years of monthly submissions) are already documented and approved. The sole relief requested is the opportunity to submit the qualitative Narrative that contextualizes work already documented and accepted. The impact on judicial proceedings of granting this relief is minimal; the impact of denying it is permanent and total foreclosure of the Firm's application and fees.

### iii.      Factor 3 — Reason for the Delay.

The Firm's failure to meet the CBO 6 deadline resulted from an inadvertent internal administrative oversight — a failure to properly calendar the Narrative and Affidavit deadline when CBO 6 was entered on December 12, 2024. The omission was not willful and was not the product of any strategic decision. The Firm was actively and continuously engaged in its legal practice, including continuing

7

obligations related to this litigation and its clients. The failure to capture this specific internal deadline was human error — regrettable, unambiguous, but not willful.

### iv.   Factor 4 — Good Faith

The Firm's good faith is demonstrated by its conduct across the entire arc of this MDL. It advanced costs in excess of $377,000 on a contingency basis with no guarantee of recovery, complied with CBO 1's monthly submission requirements for years, submitted 1,148.20 audited hours through the Litigation Locker process supervised by Special Master Sansom and Sarah Hogan, CPA, and committed substantial attorney and staff resources to one of the most demanding bellwether trials in the litigation.

Upon first becoming aware of its omission — when the R&R appeared on the docket on June 11, 2026 — the Firm moved immediately, within the fourteen-day objection window. That is the very definition of good faith conduct.

### C. The Equities Overwhelmingly Favor Relief

Special Master Herndon's R&R correctly identifies that the bellwether trials were an "outsized factor" in this litigation's ultimate resolution. Messa Law's contributions fall squarely within that category. The Firm represented Master Sergeant First Class Luke Vilsmeyer from the inception of his case, on April 18, 2019, through discovery, expert development, deposition practice, bellwether trial, post-trial proceedings, appellate review, and settlement.

The Firm built and presented the factual and evidentiary record underlying the Vilsmeyer bellwether from inception through settlement. The Firm prepared written discovery; prepared and defended the depositions of bellwether Plaintiff Luke Vilsmeyer, and his wife, Christina Vilsmeyer; prepared Luke Vilsmeyer and Christina Vilsmeyer for trial testimony; prepared for and participated in fact, treating-provider, and expert depositions; and developed the factual record and witness testimony presented to the jury.

At trial, Mr. Messa conducted the direct examinations of Luke Vilsmeyer and Christina Vilsmeyer, the redirect examination of Luke Vilsmeyer, and the cross-examination of Defendants' principal otolaryngology expert, Dr. Stan Phillips. The Firm independently identified and developed the impeachment used against Dr. Phillips, whose cross examination produced admissions confirming Mr. Vilsmeyer's bilateral high-frequency sensorineural hearing loss, severe tinnitus, and the debilitating impact of those injuries. The Firm remained actively involved through post-trial proceedings, appellate review, briefing, and settlement.

These efforts culminated in a $50,000,000 jury verdict on March 25, 2022, finding 3M liable for Strict Liability—Design Defect, Strict Liability—Failure to Warn and/or Instruct, and Negligent Failure to Warn and/or Instruct After Manufacture. *See* Verdict Form, *Vilsmeyer v. 3M Co.*, No. 7:20-cv-00113-MCR-GRJ (N.D. Fla. Mar. 25, 2022). The verdict was among the largest individual-plaintiff

verdicts returned during the bellwether process and provided critical information regarding liability, causation, damages, jury valuation, witness credibility, and Defendants' litigation risk. By presenting the testimony of Luke Vilsmeyer and Christina Vilsmeyer, and by effectively dismantling the opinions of Defendants' principal otolaryngology expert, Dr. Stan Phillips, the Firm helped produce one of the most consequential bellwether results in the MDL—one that extended far beyond a single plaintiff and generated information that benefited hundreds of thousands of claims. The evidence presented, the verdict returned, and the litigation intelligence generated through the Vilsmeyer bellwether trial materially advanced the Common Benefit of this MDL. By demonstrating to 3M —in open court— the substantial liability and damages exposure it faced across the litigation, the trial provided critical information regarding claim valuation, witness credibility, expert testimony, and litigation risk that materially informed settlement negotiations and contributed to the historic global resolution of this litigation.

Unlike a firm seeking leave to submit reconstructed time records or newly-created common benefit submissions, Messa Law seeks consideration of work that was already disclosed to, reviewed by, and accepted through the Court's common benefit process while the litigation was ongoing. The Court and Special Masters already possess the underlying record of the Firm's contributions. The Narrative and

10

Affidavit merely provide the context required by CBO 6 to evaluate work that has been documented for years.

To permit the common benefit fund to be distributed without any consideration of the Firm's years of submitted, audited, and accepted time — and without any consideration of its central role in one of the landmark bellwether trials in this litigation — would produce a result that is fundamentally inequitable. The Firm is not asking the Court to ignore its rules. It is asking the Court to exercise the equitable authority it unquestionably possesses to prevent a manifest injustice — the complete exclusion of a trial firm's documented contributions from the common benefit calculus — on the basis of a single missed administrative deadline, where no party is prejudiced and the underlying work is already in the record.

## RELIEF REQUESTED

Messa Law respectfully requests that this Court:

1. Sustain this Objection to the R&R;

2. Grant leave for Messa Law's Common Benefit Fee Application, including the Narrative and Affidavit, to be deemed submitted for purposes of common benefit consideration;

3. Allow the Special Masters to consider the Narrative and Affidavit, submitted contemporaneously with this filing to Special Master Randall Sansom, to evaluate Messa Law's common benefit contributions;

4. Grant such further relief as is necessary to permit the Court to determine an appropriate common benefit allocation after consideration of Messa Law's Narrative, consistent with the quality, scope, and impact of the Firm's contributions.

We thank the Court for its consideration of our request.

Respectfully submitted,

Dated: June 25, 2026

*/s/ Joseph L. Messa, Jr.*
Joseph L. Messa, Jr.
PA Bar No.: 53645
(Admitted Pro Hac Vice)
**Messa Law**
123 S. 22nd Street
Philadelphia, PA 19103
Phone: 215-568-3500
Fax: 215-568-3501
jmessa@messalaw.com

## CERTIFICATE OF SERVICE

In compliance with Rule 5.1(F) of the Local Rules of the United States District Court Northern District of Florida, I hereby certify that on the 25th day of June, 2026, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via email to all registered counsel of record.

/s/ Joseph L. Messa, Jr.
Joseph L. Messa, Jr., Esq.