**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS )  Case No. 3:19-md-02885
EARPLUG PRODUCTS LIABILITY )
LITIGATION )  Judge M. Casey Rodgers
)
)  Magistrate Judge Hope T. Cannon
This Document Relates to: )
All Cases )
)
———————————————— )

**AWKO'S REPONSE TO SPECIAL MASTER REPORT**
**AND RECOMMENDATION REGARDING COMMON BENEFIT FEES**

Comes now, AWKO, and files this Response to Special Master Report and Recommendation Common Benefit Fees and in support thereof states the following:

Throughout this entire litigation, Special Masters Herndon and Sansom were assigned difficult tasks, and performed each task with the utmost skill. It also goes without saying that the task of allocating common benefit fees is not only difficult, but thankless. Human nature is to overvalue your contribution and undervalue that of others. Sometimes those value judgments have merit, and sometimes they do not, but it would be a rare MDL where a common benefit allocation does not engender some objections or feelings of dismay when one views the contributions of one firm as against another. Unfortunately, this MDL, while unique and unprecedented for many other reasons, is no different from most other MDLs on the common benefit allocation front. Given the length and scope of the litigation, perhaps such was

1

inevitable, and the undersigned is aware that multiple objections have been made to allocations. The Court will consider those objections using the enumerated factors as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as instructed in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) and potential common detriment as adopted by and outlined in its Common Benefit Order ("CBO") No. 6. (Dkt. 4129 at 7-14 and Exhibit A). Those twelve factors are:

1. The Time and Labor Required
2. The Novelty and Difficulty of the Questions
3. The Skill Requisite to Perform the Legal Service Properly
4. The Preclusion of Other Employment Due to the Acceptance of the Case
5. The Customary Fee
6. Whether the Fee is Fixed or Contingent
7. Time Limitations Imposed by the Client or the Circumstances
8. The Amount Involved and the Results Obtained
9. The Experience, Reputation and the Ability of the Attorneys
10. The 'Undesirability' of the Case
11. The Nature and Length of the Professional Relationship With the Client
12. Awards in Similar Cases

The Court previously indicated that it will conduct a *de novo* review of the Report and Recommendation. (CBO 6 at 2-3). In light of this *de novo* review, AWKO respectfully submits this response, both to provide context and to respectfully provide the Court with information in the form of a summary table of the ratio of approved common benefit hours to the common benefit allocation – titled

2

Common Benefit Summary Table – and suggest that the Court consider it a helpful tool in conducting its *de novo* review.[1]

## I.    BACKGROUND

Since the outset of this litigation, Special Master Sansom, Sarah Hogan, and a skilled team were tasked with reviewing and determining the common benefit provided by over 40 law firms (on a comparison basis totaling 100 percent) over 364,000 of approved common benefit hours through the pendency of the largest MDL in our nation's judicial history – analyzing four years of "scorched-earth" litigation, intensive fact and expert discovery, 16 bellwether trials, a wave process involving 1500 cases, the Aearo bankruptcy and a complex, lengthy settlement process. The unprecedented litigation resulted in a settlement of over $6 billion for over 250,000 claimants, almost all of whom were members of the United States military.  Those tasks not only included the contemporaneous review and approval of all hours, but also the charge to ensure that firms <u>only</u> submit hours that were for the common benefit, and specifically to exclude any and all hours that were directed toward the representation of individual clients.   Mr. Sansom faithfully and consistently ensured full compliance with all of the Court's CBOs.

---

[1] See, Exhibits A and B filed under seal.
Additionally, AWKO respectfully requests the Court review and consider the Affidavit and Narrative of AWKO in Support of Common Benefit Application with Exhibits provided to Special Master Sansom per CBO 6 as part of its *de novo* review. (CBO 6 at 3).

## II.   LEGAL FRAMEWORK

This Court provided instruction to its method of common benefit analysis in CBO 1.  "The Court notes at the outset that evaluating contribution to the common benefit is a qualitative analysis because 'not all types of work are created equal.'" (CBO 1, Dkt. 488 at 3).  The Court further advised, "The Court will be assessing the value of the work performed and how it contributed to the common benefit, rather than performing a strict calculation of hours multiplied by some hourly rate."  (CBO 1, Dkt. 488 at 3).  Judge Herndon and Mr. Sansom followed the Court's direction. Judge Herndon noted, "a lodestar calculation and lodestar check were rejected as a path to make a recommendation to Judge Rodgers.  Clearly, the hours submitted were relied upon by the special masters to provide good insight into the amount of work performed and the reasons for the time spent provided good insight into value to the litigation in a merits-based analysis." (Special Master Report and Recommendation ("R&R"), Dkt. 4216 at 10).  Indeed, the "time and labor required" is the first factor enumerated in *Johnson.*  Special Masters Herndon and Sansom had to evaluate the effect of those hours "as it contributed to the common benefit of the entire litigation." (R&R, Dkt. 4216 at 10).

To that end, the evaluation of each of those factors blends to produce a relative valuation of each firm's contribution.  The relative valuation of each firm contributing to the common benefit can be seen by comparing each firm's common

4

benefit award percentage by its percentage of approved common benefit hours - the Relative Award Calculation.  Firms that, after evaluation of all the relevant factors, had the greatest contribution to the litigation – both in work and in monetary contribution - should obviously receive the highest Relative Award Calculation, and vice-versa.

### III.   CONCLUSION

The efforts to litigate and ultimately resolve this litigation were the product of the collective efforts of many firms who did great work.  There were also many difficult issues that were presented throughout this arduous litigation that could have greatly diminished or even foreclosed any possibility of recovery from the hundreds of thousands of deserving service members.  The undersigned is forever grateful to the Court for allowing him and AWKO the opportunity to serve as lead counsel to guide this unprecedented litigation over the many years it took to bring it to a successful conclusion for our brave men and women who served this great country in uniform.

As lead counsel, the undersigned also knows that no one is in a better position than your Honor to have seen the quality and quantity of the contributions by all firms toward the unprecedented success of resolving the largest MDL in history.  (CBO 6, Dkt. 4129 at 12).  AWKO respectfully requests that this Court in its *de novo* review consider the sum of these parts in determining common benefit

5

allocations, and to the extent that considerations beyond those outlined by the *Johnson* factors or in CBO 6 are considered, that AWKO have the opportunity to address those directly with the Court. And to reiterate, AWKO is not suggesting an allocation percentage to the Court for itself nor any other firm, and will accept whatever this Court's determination is as to the ultimate award of fees, and will not be filing any appeal from this Court's ruling.

Dated: June 25, 2026          Respectfully Submitted,


*s/ Bryan F. Aylstock*
Bryan F. Aylstock
Aylstock Witkin Kreis & Overholtz
baylstock@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that the foregoing response complies with Local Rule 7.1(F) because, excluding those portions of the response exempted by Local Rule 7.1(F), it contains 1205 words.

Dated: June 25, 2026

/s/ *Bryan F. Aylstock*
Bryan F. Aylstock
Aylstock Witkin Kreis & Overholtz
baylstock@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 25, 2026, a true and correct copy of the foregoing was filed and served via CM/ECF on all counsel of record.

/s/ *Bryan F. Aylstock*
Bryan F. Aylstock
Aylstock Witkin Kreis & Overholtz
baylstock@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449